1   Paul J. Riehle (SBN 115199)
    paul.riehle@faegredrinker.com
2   **FAEGRE DRINKER BIDDLE & REATH LLP**
    Four Embarcadero Center
3   San Francisco, California 94111
    Telephone:  (415) 591-7500
4   Facsimile:  (415) 591-7510

5   Christine A. Varney (*pro hac vice*)
    cvarney@cravath.com
6   Katherine B. Forrest (*pro hac vice*)
    kforrest@cravath.com
7   Gary A. Bornstein (*pro hac vice pending*)
    gbornstein@cravath.com
8   Yonatan Even (*pro hac vice*)
    yeven@cravath.com
9   M. Brent Byars (*pro hac vice*)
    mbyars@cravath.com
10  **CRAVATH, SWAINE & MOORE LLP**
    825 Eighth Avenue
11  New York, New York 10019
    Telephone:  (212) 474-1000
12  Facsimile:  (212) 474-3700

13  *Attorneys for Plaintiff Epic Games, Inc.*

14
                **UNITED STATES DISTRICT COURT**
15
              **NORTHERN DISTRICT OF CALIFORNIA**
16
                      **OAKLAND DIVISION**
17

18
    EPIC GAMES, INC.,                          No. 3:20-CV-05640-YGR
19
                              Plaintiff,        **DECLARATION OF NICHOLAS
20                                              PENWARDEN IN FURTHER
                      vs.                       SUPPORT OF PLAINTIFF
21                                              EPIC GAMES INC.'S MOTION FOR A
    APPLE INC.,                                 TEMPORARY RESTRAINING ORDER
22                                              AND ORDER TO SHOW CAUSE WHY
                                                A PRELIMINARY INJUNCTION
23                            Defendant.        SHOULD NOT ISSUE**

24                                              Date:  August 24, 2020, 3:00 p.m.

25                                              Courtroom:  1, 4th Floor

26                                              Judge:  Hon. Yvonne Gonzalez-Rogers

27

28

I, Nicholas Penwarden, declare as follows:

1.     I am Vice President of Engineering at Epic Games, Inc. ("Epic").  I submit this declaration pursuant to the Court's Order Permitting Limited Reply Brief dated August 21, 2020 (ECF No. 38), and in further support of Plaintiff Epic Games Inc.'s Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 17) ("Epic's TRO Motion").  I submitted a declaration in support of Epic's TRO Motion on August 17, 2020, in which I described my background, current position, and job responsibilities in paragraph 2.

2.     Apple's statement that it intends to terminate all of Epic's accounts with the Apple Developer Program and terminate Epic's access to, among other things, "[a]ll Apple software, SDKs, APIs, and developer tools", including for purposes of developing and supporting the *Unreal Engine*, has prompted numerous inquiries and expressions of concern to Epic from *Unreal Engine* licensees.  Specifically, Epic's licensees have expressed concern that Apple's actions would disrupt and impede Epic's ability to continue to support *Unreal Engine* for Apple devices and for Epic's engineers to continue to provide support for iOS and macOS projects.

3.     Certain licensees have stated to Epic that, in light of the uncertainty resulting from Apple's actions, they would need to take affirmative steps to explore alternative engines for upcoming high-profile projects.  Other licensees that are already using the *Unreal Engine* for projects in development have stated that they planned to make their projects available on iOS and macOS and are concerned that their projects will now be disrupted, and that they will not be able to launch on iOS or macOS as they had planned.  The *Unreal Engine* licensees that have contacted Epic on this issue are not limited to game developers but include licensees that use *Unreal Engine* for other lines of business, including automotive design.

4.     Epic could not, in the time available, obtain the consent of these licensees to be publicly named, and so maintains the confidentiality of the licensees who have already reached out in order to respect the confidential nature of the communications, the fact that some of the licensees may consider their future applications and projects to be confidential, and the fact that some of the licensees may be concerned about taking any public action that may be viewed by

1   Apple as adverse.

2       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

3   and correct and that I executed this declaration on August 22, 2020 in Semora, North Carolina.

4

                _____
                Nicholas Penwarden (Aug 22, 2020 20:07 EDT)

5                   Nicholas Penwarden

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28