**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant. | No. 4:20-CV-05640-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Date:  September 28, 2020 at 9:30 a.m. (via Zoom Platform)<br><br>Courtroom:  1, 4th Floor<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

1   On September 28, 2020, this Court heard Plaintiff Epic Games, Inc.'s ("Epic")
2   Motion for a Preliminary Injunction against Apple Inc. ("Apple").  Having considered the parties'
3   briefs, the record in this matter, and the arguments of counsel, the Court hereby GRANTS
4   Plaintiff's Motion for a Preliminary Injunction.

5   "A plaintiff seeking a preliminary injunction must establish that he is likely to
6   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
7   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."
8   *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019) (quoting *Winter v. Nat. Res.*
9   *Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  Under the Ninth Circuit's "'sliding scale' approach to
10  these factors", "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff
11  need only demonstrate 'serious questions going to the merits.'" *Id.*

12  Epic meets all four requirements for the entry of its requested preliminary
13  injunction.  *First*, Epic is likely to succeed on the merits of the antitrust claims relevant to this
14  Motion:  Epic will likely be able to show that Apple's requirement that apps distributed by the
15  Apple App Store use exclusively Apple's own in-app payment processing for digital content
16  constitutes (1) a tying arrangement that unreasonably restrains trade, in violation of Section 1 of
17  the Sherman Act, 15 U.S.C. § 1, and (2) an act of monopoly maintenance, in violation of
18  Section 2 of the Sherman Act, 15 U.S.C. § 2.  Epic will also likely be able to show that Apple's
19  actions disallowing any consumer apps to be distributed on iOS devices through any means other
20  than the Apple App Store constitute unlawful monopoly maintenance in violation of 15 U.S.C.
21  § 2.  *Second*, Epic is likely to suffer irreparable harm in the absence of preliminary relief, in the
22  form of harm to reputation, loss of consumer goodwill, injury to its competitive standing, and
23  unquantifiable loss of future business.  *Third*, the balance of the equities tips in favor of Epic.
24  Apple would suffer little to no harm from entry of the injunction, but Epic would be irreparably
25  damaged.  *Fourth*, the public interest favors entry of an injunction that would prevent substantial
26  harm to millions of third parties, including *Fortnite* users as well as game developers and others
27  who rely on Epic's *Unreal Engine*, and would further the robust enforcement of the antitrust laws.
28

1 | Accordingly, Apple, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with Apple, are:

1. Restrained from removing, de-listing, refusing to list or otherwise making unavailable the app *Fortnite* or any other app on Epic's Team ID '84 account in Apple's Developer Program, including any update of such an app, from the App Store on the basis that *Fortnite* offers in-app payment processing through means other than Apple's In-App Purchase ("IAP") or on any pretextual basis;

2. Restrained from taking any adverse action against Epic, including but not limited to restricting, suspending, or terminating any other Apple Developer Program account of Epic or its affiliates, on the basis that Epic enabled in-app payment processing in *Fortnite* through means other than IAP or on the basis of the steps Epic took to do so;

3. Restrained from removing, disabling, or modifying *Fortnite* or any code, script, feature, setting, certification, version or update thereof on any iOS user's device; and

4. Required to restore Epic's Team ID '84 account in Apple's Developer Program.

This Preliminary Injunction shall take effect immediately and shall remain in effect until entry of judgment in this action or further order of this Court.

**IT IS SO ORDERED**.

Dated: _____, 2020 at ____a.m./p.m.

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge