THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
  Los Angeles, CA 90071-3197
  Telephone: 213.229.7000
  Facsimile: 213.229.7520

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar
  No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
  Telephone: 202.955.8500
  Facsimile: 202.467.0539

VERONICA LEWIS (Texas Bar
  No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
  Telephone: 214.698.3100
  Facsimile: 214.571.2900

E. JOSHUA ROSENKRANZ
(N.Y. Bar No. 2224889; *pro hac vice pending*)
  jrosenkranz@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
  Telephone: 212.506.5000
  Facsimile: 212.506.5151

WILLIAM F. STUTE
(D.C. Bar No. 1032093; *pro hac vice pending*)
  wstute@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
  Telephone: 202 339 8400
  Facsimile: 202 339 8500

**Attorneys for Defendant APPLE INC.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | CASE NO. 4:20-CV-05640-YGR<br><br>**DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO EPIC GAMES, INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |

I, Jay P. Srinivasan, declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Apple Inc., and am familiar with the facts and circumstances in this action. I am admitted to appear before this Court.

2. I submit this declaration in support of Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction. The contents of this declaration are based on my personal knowledge and on information and documents provided to me by Apple Inc. If called as a witness, I could and would competently testify thereto.

3. A true and correct copy of the September 10, 2020 correspondence from Richard Doren of Gibson, Dunn & Crutcher LLP to Yonatan Even of Cravath, Swaine & Moore LLP, is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on September 15, 2020, in Los Angeles, California.

_____
Jay P. Srinivasan

# Exhibit A

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Richard J. Doren
Direct: +1 213.229.7038
RDoren@gibsondunn.com

September 10, 2020

<u>VIA ELECTRONIC MAIL</u>

Yonatan Even
Cravath, Swaine & Moore LLP
825 Eighth Ave.
New York, NY 10019

Re:   *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR

Yonatan,

We are in receipt of your email of September 8.  I will reiterate that the difficulties you complain of are entirely of Epic's own making.  Epic chose to violate its agreements with Apple, knowing that this would lead to the termination of its developer account, and chose to do nothing to accommodate its users with respect to Sign in With Apple ("SIWA").  The Court denied your request for a temporary restraining order against the termination of Epic Games, Inc., which occurred on August 28.  Nonetheless, as indicated in my letter to Katherine Forrest on that date, Apple voluntarily allowed an extra two weeks before it terminates Epic Games, Inc.'s access to SIWA.  Nothing in the Court's decision required Apple to do this.

I understand that, as I suggested in my August 28 letter, Epic personnel contacted Apple's engineers with regard to this issue.  One week ago today, Apple's engineers responded by proposing a solution—that Epic build a custom flow to migrate users off SIWA by collecting email addresses or asking users to select a different login method.  I further understand that (despite having had all the guidance necessary to do so for the prior six days) it was not until yesterday that Epic implemented the solution that Apple recommended.  Epic's unexplained delays notwithstanding, Apple will leave SIWA in place for the time being.  Again, Apple does this voluntarily and while reserving all rights.

It should also be noted that we are surprised and puzzled by your assertion that terminating SIWA for the Epic Games, Inc. account will affect users of the *Unreal Engine*.  Your client has repeatedly and consistently represented to the Court that the *Unreal Engine* is run by "a different company.  It's in Switzerland.  It's a totally different set of circumstances."  (Aug. 19, 2020 Hearing Tr. 10:25-11:2.)  Your client's briefs have assured the Court that the game production business of Epic Games, Inc. is distinct from "the separate *Unreal Engine* business" (Epic TRO Br. at 1), and that "the developer tools" that are "necessary to

Yonatan Even
September 10, 2020
Page 2

support . . . *Unreal Engine* . . . are covered by *separate* integrated agreements." (Epic PI Br. at 30 (emphasis in original).) It is indeed true that the Developer Program account of Epic Games International, S.à.r.l. gives it the ability to use SIWA. If Epic has set up its *Unreal Engine* business to use this functionality through the Epic Games, Inc. account, that is Epic's own doing. Further, it would again reflect the spuriousness of your client's claim that *Unreal Engine* is a separate business from Epic Games, Inc. and an innocent, collateral victim of the crisis that Epic Games, Inc. has created.

Epic is fully aware of what it needs to do to remedy the problems that Epic has created for itself.

Sincerely,


/s/ Richard J. Doren

Richard J. Doren

RJD/eml