1   THEODORE J. BOUTROUS JR. (SBN 132099)
2   tboutrous@gibsondunn.com
    RICHARD J. DOREN (SBN 124666)
3   rdoren@gibsondunn.com
    DANIEL G. SWANSON (SBN 116556)
4   dswanson@gibsondunn.com
    JAY P. SRINIVASAN (SBN 181471)
5   jsrinivasan@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
6   333 South Grand Avenue
    Los Angeles, CA 90071-3197
7   Telephone: 213.229.7000
    Facsimile: 213.229.7520
8
    VERONICA S. LEWIS (*pro hac vice*)
9   vlewis@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
10  2100 McKinney Avenue, Suite 1100
    Dallas, TX 75201
11  Telephone: 214.698.3100
    Facsimile: 214.571.2900
12
    CYNTHIA E. RICHMAN (*pro hac vice*)
13  crichman@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
14  1050 Connecticut Avenue, N.W.
    Washington, DC 20036-5306
15  Telephone: 202.955.8500
    Facsimile: 202.467.0539
16
    E. JOSHUA ROSENKRANZ (*pro hac vice*)
17  jrosenkranz@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
18
    51 West 52nd Street
19  New York, NY 10019-6142
    Telephone: 212.506.5000
20  Facsimile: 212.506.5151
21
    WILLIAM F. STUTE (*pro hac vice*)
22  wstute@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
23
    1152 15th Street, N.W.
24  Washington, DC 20005-1706
    Telephone: 202.339.8400
25  Facsimile: 202.339.8500

26  **Attorneys for Defendant Apple Inc.**

    PAUL R. RIEHLE (SBN 115199)
    paul.riehle@faegredrinker.com
    FAEGRE DRINKER BIDDLE & REATH LLP
    Four Embarcadero Center
    San Francisco, CA 94111
    Telephone: (415) 591-7500
    Facsimile: (415) 591-7510

    CHRISTINE A. VARNEY (*pro hac vice*)
    cvarney@cravath.com
    KATHERINE B. FORREST (*pro hac vice*)
    kforrest@cravarth.com
    GARY A. BORNSTEIN (*pro hac vice*)
    gbornstein@cravarth.com
    YONATAN EVEN (*pro hac vice*)
    yeven@cravath.com
    LAUREN A. MOSKOWITZ (*pro hac vice*)
    lmoskowitz@cravath.com
    M. BRENT BYARS (*pro hac vice*)
    mbyars@cravath.com
    CRAVATH, SWAINE & MOORE LLP
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000
    Facsimile: (212) 474-3700

    **Attorneys for Epic Games, Inc.**

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>            *Plaintiff and Counter-Defendant*,<br><br>                          vs.<br><br>APPLE INC.,<br><br>            *Defendant and Counterclaim Plaintiff.* | No. 4:20-CV-05640-YGR<br><br>**JOINT STATEMENT** |

Pursuant to this Court's Order Setting Compliance Deadline re: Schedule of September 18, 2020 (ECF No. 85, the "Order"), Plaintiff and Counter-Defendant Epic Games, Inc. ("Epic") and Defendant and Counterclaim Plaintiff Apple Inc. ("Apple", and together with Epic, the "Parties"), by and through their respective counsel, hereby submit this Joint Statement.

Pursuant to the Order, the Parties met and conferred on September 22, 2020, and on September 23, 2020, concerning the extent of discovery required prior to a trial on the merits and a schedule.  The Parties' respective positions on a schedule through an initial bench trial are laid out below.

| EVENT | EPIC'S 6-MONTH TO TRIAL SCHEDULE | APPLE'S 10-MONTH TO TRIAL SCHEDULE[1] | EPIC'S COMPROMISE 8-MONTH TO TRIAL SCHEDULE |
|---|---|---|---|
| Last day to meet and confer re: initial disclosures | October 5, 2020 | | October 5, 2020 |
| Complete initial disclosures or state objection | October 12, 2020 | | October 12, 2020 |
| (Substantial or Full) Completion of Document/Data Production | n/a | January 8, 2021 | January 4, 2021 |
| Deadline to File Discovery Motions | n/a | February 1, 2021 | n/a |
| Parties' Expert Disclosures | December 7, 2020 | n/a | January 22, 2021 |
| Close of Fact Discovery | December 21, 2020 | March 1, 2021 | February 5, 2021 |
| Opening Expert Reports | January 11, 2021 | March 1, 2021 | February 19, 2021 |
| Rebuttal Expert Reports | February 1, 2021 | April 15, 2021 | March 19, 2021 |
| Expert Discovery Cutoff | February 16, 2021 | May 14, 2021 | April 2, 2021 |
| Dispositive Motions | n/a | May 28, 2021 | March 8, 2021 |

---

[1]   Where Apple has not included an explicit date for an event in Epic's schedule, Apple proposes use of the default deadlines set forth in the Federal Rules of Civil Procedure, the local rules, and Judge Gonzalez Rogers' Standing Orders.

| EVENT | EPIC'S 6-MONTH TO TRIAL SCHEDULE | APPLE'S 10-MONTH TO TRIAL SCHEDULE[1] | EPIC'S COMPROMISE 8-MONTH TO TRIAL SCHEDULE |
|---|---|---|---|
| Dispositive Motion Opposition Brief | n/a | June 14, 2021 | March 22, 2021 |
| Dispositive Motion Reply Brief | n/a | June 21, 2021 | March 29, 2021 |
| Motions *in limine* and Trial Exhibits Exchanged | February 19, 2021 | n/a | April 9, 2021 |
| Pretrial Meet and Confer | February 26, 2021 | n/a | April 16, 2021 |
| Court-mandated Compliance Hearing | n/a | June 25, 2021 | April 23, 2021 |
| Joint Pretrial Conference Statement, Motions *in limine*, and Proposed Findings of Fact and Conclusions of Law | March 5, 2021 | July 2, 2021 | April 23, 2021 |
| Oppositions to Motions *in limine* | March 10, 2021 | n/a | April 28, 2021 |
| Motions *in limine* Binder and Joint Trial Readiness Binder | March 12, 2021 | n/a | April 30, 2021 |
| Pretrial Conference and Hearing on Dispositive Motions | March 19, 2021 | July 16, 2021 | May 7, 2021 |
| Final Set of Exhibits | March 26, 2021 | n/a | May 21, 2021 |
| Trial Start | March 29 to April 1, 2021; April 5 to April 8, 2021 | August 2, 2021 | May 24, 2021 |

*Epic's Position:*

Apple has informed Epic that, in the related *Cameron* and *Pepper* actions, Apple has produced approximately three million documents from the files of 15 custodians. Despite Epic's repeated requests to Apple on August 29, 2020 and September 17, 2020 (among other dates), however, neither Apple nor Lead Plaintiffs in the related cases have disclosed to Epic the list of custodians from whose files documents were produced, the document requests pursuant to which

1    Apple's documents were produced, or other information about the scope of Apple's document

2    production.  In this case, Apple has stated that it intends to produce only from six custodians, only

3    two of whom overlap with the custodians from whom Apple collected documents in the related

4    cases, and that the remainder of the 13 custodians from the related class actions are "irrelevant" to

5    this case.  Epic remains hopeful that the discovery already conducted in the related cases could be

6    leveraged to conserve the Parties' resources and aid both Parties in achieving an expedited case

7    schedule, and will further assess that possibility if and when Apple provides it with information

8    about that prior discovery.

9         For its part, Epic is prepared to meet the discovery schedule that Epic proposes.  Epic has

10   provided a list of 15 proposed Epic custodians to Apple.  Epic already has collected documents for

11   certain of these custodians and is in the process of collecting documents for the others.

12        With respect to the case schedule, Epic proposed to Apple a schedule with a trial start date

13   (subject to the Court's availability) of March 29, 2021—6 months from the upcoming

14   September 28, 2020, hearing.  Apple counter-proposed a schedule with a trial start date of

15   August 2, 2021—10 months from the September 28, 2020 hearing.  During the meet and confer

16   between the parties, both Parties agreed these timelines would lead to a bench trial on Epic's

17   claims, with any trial on Apple's counterclaims, if necessary, to take place separately and later in

18   time.  Below, it appears Apple may have now changed its position on this.

19        In an attempt to address Apple's concerns, Epic proposed to Apple that the Parties discuss

20   a modified compromise schedule with a trial start date of May 24, 2021—8 months from the

21   September 28, 2020 hearing, which is approximately the mid-point between Epic's preferred trial

22   date and Apple's proposed trial date.  Apple stated that it is unlikely that the Parties could agree on

23   a schedule.  Nonetheless, for the Court's benefit, both Epic's proposed 6-month schedule and an

24   8-month compromise schedule are reflected in the chart above.

25

26

27        *Apple's Position:*

28

-3-
JOINT STATEMENT
CASE NO. 4:20-CV-05640-YGR

By any reasonable measure, Apple has proposed an ambitious schedule to litigate the parties' respective claims in this case, particularly in the midst of the current pandemic. Under Apple's proposed schedule, the case will be tried ten months after resolution of Epic's motion for preliminary injunction—less than a year after the filing of Epic's complaint, and a full 18 months faster than the 29.3 month median time to trial for civil cases in this district.[2] Epic's proposal to compress the schedule even more—with fact discovery closing in four months and trial in eight— ignores practical realities of the discovery process.[3] Notably, Apple served a document subpoena on Epic in the *Cameron* matter more than five months ago—longer than the entire time period for fact discovery in Epic's proposed schedule—and Epic has yet to produce a single document. Epic's proposal is unachievable even where the parties are using their best efforts and so will inevitably lead to motions for extension and discovery inefficiencies.

Although Apple has produced a significant number of documents in the *Pepper* and *Cameron* cases—and agreed to work with Epic to identify the overlap and efficiencies between that production and the one in this case—the economies end there. Depositions of Apple witnesses have yet to occur in the other cases, expert witnesses have yet to be designated, and third party discovery is only beginning to trickle in. And, of course, Epic has produced no documents at all. Apple has taken all of these factors into account and nevertheless proposes a very aggressive schedule that contemplates the completion of fact discovery in just five months, completion of expert discovery in the subsequent 2.5 months, and dispositive motions briefed simultaneously with the exchange of motions *in limine* and trial exhibits only weeks later.

---

[2]   U.S. District Court – Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf.

[3]   As Epic notes, it proposed two separate schedules to Apple—an initial one showing a trial in six months and a revised proposal with a trial in eight months. Apple has understood Epic's second, revised proposal to be its operative proposal.

1   Meeting this compressed schedule will no doubt present challenges for both parties.  But Apple

2   believes that the schedule is achievable if Epic stays true to its representation to the Court that it

3   will use discovery from the class action cases "efficiently" and confine any new requests to "in-

4   app payment processing" and "limited targeted additional discovery and some depositions."[4]  Aug.

5   24, 2020 Hr'g Tr. at 5.

6          Apple's proposed schedule also leaves adequate time for the resolution of Apple's seven

7   counterclaims in parallel with Epic's antitrust causes of action, so long as the parties can agree on

8   the scope of discovery and the issues to be tried to the Court.[5]  Given the factual overlap between

9   these two sets of claims, proceeding in parallel could be more efficient than a bifurcated

10  proceeding in which only Epic's antitrust claims are litigated first.  But such efficiencies will not

11  be an option with any schedule that proceeds to trial in less than 10 months, given practical limits

12  on what can be achieved in the time allotted.

13         Meanwhile, Epic's schedule—which proposes that the parties complete fact and expert

14  discovery and proceed to trial in only eight months—would certainly require bifurcation, and is

15  unworkable for a number of other reasons.  For starters, Epic has indicated that it expects to

16  produce documents from at least 15 custodians and presumably expects Apple to produce from an

17  equivalent number, having already taken the position that the list of six key custodians Apple has

18

19

20

21

22

---

23  [4]   Apple remains concerned that even its proposed document discovery deadline of
        January 8, 2021 may not be achievable despite best efforts if the scope of the requested
24      documents is not contained.  To the extent the parties are unable to meet whatever
        document discovery deadline is ultimately agreed upon, all subsequent dates must be
25      revisited because all of the downstream deadlines and cut-offs depend on a timely
        document production.

26  [5]   Contrary to Epic's assertion, there was no agreement during the meet and confer on the
        scope of the initial bench trial.  In fact, the parties have not yet taken a position on whether
27      Apple's counterclaims should be tried before the Court or a jury, which is an issue that
        must be resolved before determining the scope of the initial trial.
28

identified to Epic so far is insufficient.[6]  In *Cameron* and *Pepper*, it took Apple roughly ten

months to substantially complete productions from 15 custodians, for a total of more than 3.5

million documents.  There is no realistic way in which a similar scale of production could be

completed in the span of four months, let alone four months that include the holiday season.

Further, Epic has said that it will require a non-trivial (though unspecified) number of

depositions—Epic's belief that all of these depositions can be taken in January 2021 defies all

experience—and that discovery from third parties will be necessary as well.  Third-party discovery

is rarely quick even under the best of circumstances.  For example, in *Cameron*, Google has been

working with Apple in responding to its document subpoena, but even there, it took Google

roughly five months to produce its internal documents, and its production remains far from

complete.  And where the third party is being uncooperative, there is no shortage of delay.  As

noted above, it has now been ***more than five months*** and counting since Epic received Apple's

document subpoena without producing a single document in response.  Similarly, Samsung has

been stonewalling since receiving Apple's subpoena, and the parties are currently awaiting a

ruling on Apple's motion to compel, ***more than six months*** after that subpoena was served.

Yet Epic proposes that all fact discovery, including third-party discovery, can be

completed in little over four months from today, with no articulation of how this can be achieved.

Epic's proposed schedule also includes overlapping deadlines for expert reports and dispositive

motions, such that the briefing on the latter will be due and completed before the close of expert

discovery.  The inevitable result of Epic's proposal will be serial motions for extension and

---

[6]   Contrary to Epic's representations that "Apple has stated that it intends to produce only
from six custodians" and that "13 custodians from the related class actions are 'irrelevant'
to this case," Apple told Epic during the parties' conferences that it has identified six
witnesses *to date* who are most likely to have information relevant to Epic's claims.
Apple has never stated that it intends to produce documents only from six custodians or
that the other custodians in the class actions are irrelevant.

motions to amend or supplement when Epic's deadlines are not met, create discovery inefficiencies, or are otherwise unworkable.  Epic's schedule will therefore waste judicial and party resources without achieving its intended purpose.

As the Court recognized in the Order Granting in Part and Denying in Part Epic's Motion for Temporary Restraining Order, "[t]he battle between Epic Games and Apple has apparently been brewing for some time"—"[i]t is not clear why now became so urgent."  Dkt. 48 at 6. Nevertheless, Apple has proposed a schedule that is quite aggressive and will provide Epic with an amply expedited trial, and Apple respectfully requests that the Court enter its schedule.

Dated: September 24, 2020

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP

By:   /s/  Katherine B. Forrest
          Katherine B. Forrest

*Attorneys for Plaintiff and Counter-Defendant*
*Epic Games, Inc.*

Dated: September 24, 2020

GIBSON, DUNN & CRUTCHER LLP

By:   /s/  Jay P. Srinivasan
          Jay P. Srinivasan

*Attorneys for Defendant and Counterclaim*
*Plaintiff Apple Inc.*

1

## DECLARATION REGARDING CONCURRENCE

2          I, Katherine B. Forrest, am the ECF user whose identification and password are being used

3  to file this JOINT STATEMENT.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest

4  that all of the signatories listed above have concurred in this filing.

5

6   Dated: September 24, 2020                    **CRAVATH, SWAINE & MOORE LLP**

7

8                                                By:   _/s/  *Katherine B. Forrest*_____
                                                      Katherine B. Forrest

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28