THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA   90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; appearance *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:   214.698.3100
Facsimile:   214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:   202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>  Plaintiffs, Counter-defendant<br>v.<br>APPLE INC.,<br>  Defendant, Counterclaimant | CASE NO. 4:20-cv05640-YGR-TSH |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, *et al*.,<br>  Plaintiffs,<br>v.<br>APPLE INC.,<br>  Defendant | CASE NO. 4:19-cv-03074-YGR<br>**DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF AND SUPPORTING EXHIBITS REGARDING CUSTODIANS**<br>Hon. Yvonne Gonzalez Rogers<br>Hon. Thomas S. Hixson |

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Plaintiffs' Joint Discovery Letter Brief and Supporting Exhibits Regarding Additional Apple Custodians ("Joint Discovery Letter Brief").

2. The request for relief is narrowly tailored and necessary to the confidentiality of information in certain documents described below.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. At the same time, Apple must guard against nefarious actors on the lookout for information that might help them hack into Apple systems, whether to steal proprietary information and then sell it or in order to disrupt Apple's

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

provision of products and services.   As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

5. Here, Apple seeks to seal the following portions of the exhibits supporting the Joint Administrative Motion which contain, reflect, or discuss highly-sensitive, non-public information, the exposure of which would critically harm Apple:

1) The Joint Discovery Letter Brief, pp.3-5, which references correspondence regarding sensitive business decisions regarding app review, device security, and the protection of consumer privacy.

2) Exhibit 1, pp.6-8, which provides nonpublic information regarding the organizational structure of certain key Apple teams and the direct reports of certain designated custodians;

3) Exhibit 4, p.2, which contains information about accessing a nonpublic database that Apple uses to transfer its produced documents to Plaintiffs;

4) Exhibit 6, pp.4, 6-10, which quotes or provides detailed information regarding Apple's sensitive business information.

6. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."   *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original)

7. Specifically, Apple seeks to seal portions of the above exhibits that reflect highly confidential information regarding Apple's business organization, information about accessing a nonpublic database for the transfer of highly confidential documents relevant to the litigations, and documents discussing sensitive business information.   The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage.   *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL; CASE NOS. 4:20-CV05640-YGR-TSH, 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

8. In addition to the competitive harms posed by public availability of these documents, public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping those efforts confidential is important to their effectiveness.

9. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court records without jeopardizing Apple's business interests. Below is a chart detailing the specific items that are sealable for the reasons explained herein. Apple is also lodging with the Court versions of Exhibits 1, 4, 6 that indicate (but do not apply) the proposed redactions.

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| Joint Discovery Letter Brief | pp.3-5 | Contains information that reveals correspondence regarding sensitive business decisions regarding app review, device security, and the protection of consumer privacy. | In these proposed redactions, Apple seeks to seal only particular portions of the Joint Discovery Letter Brief that reveal sensitive information business and security information.<br><br>Disclosure of this information proposed for sealing would provide the public and competitors access to the highly confidential information regarding Apple's business decisions regarding app review, device security, and the protection of consumer privacy. Disclosure of this information would be harmful to Apple. It would, for example, provide Apple's competitors and potential bad actors with private information about Apple's processes and policies. This |

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL; CASE NOS. 4:20-CV05640-YGR-TSH, 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| | | | information could be used to try to gain competitive advantage. |
| Exhibit 1 | pp.6-8 | Contains information that reveals the structure of certain Apple organizations and provides the names of some non-custodial individuals that report to certain custodians. | In these proposed redactions, Apple seeks to seal only particular portions of Exhibit 1 that reveal sensitive information of the direct reports to certain designated custodians.

Disclosure of this information proposed for redaction, and thus the decisions that Apple makes regarding its organizational structure of certain groups operating at Apple, would provide insight into Apple's internal business strategy.   Disclosure of this information would be harmful to Apple.   It would, for example, provide Apple's competitors and potential bad actors with private information about Apple's processes and procedures with respect to the organization of certain key teams.   This information could be used in attempts to gain competitive advantage or to map the internal structure of Apple's business organization for unlawful purposes. |
| Exhibit 4 | p.2 | Contains information about accessing a nonpublic database that Apple uses to transfer its produced documents to Plaintiffs. | In these proposed redactions, Apple seeks to seal only particular portions of Exhibit 4 that reveal information about data security measures and nonpublic database about accessing a nonpublic database that Apple uses to transfer its produced documents to Plaintiffs in these litigations.

Disclosure of this information proposed for sealing would provide the public and competitors access to the highly |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL; CASE NOS. 4:20-CV05640-YGR-TSH, 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
|  |  |  | confidential information Apple has produced to Plaintiffs in the litigation.   Disclosure of this information would be harmful to Apple.   It would, for example, provide Apple's competitors and potential bad actors with private information about Apple's processes and procedures with respect to data used in the course of its business.   This information could be used to try to gain competitive advantage or to access Apple's computer systems for unlawful purposes. |
| Exhibit 6 | pp.4, 6-10 | Contains information that reveals the details of confidential documents Apple produced regarding Apple's revenue model, decisions related to the development of certain Apple systems, correspondence among Apple executives regarding the creation of the Mac App Store, information on Apple's competitors, information regarding Apple's app review process, and information regarding Apple's pricing strategies. | In these proposed redactions, Apple seeks to seal only particular portions of Exhibit 6 that reveal the details of confidential documents Apple produced regarding Apple's revenue model, decisions related to the development of certain Apple systems, correspondence among Apple executives regarding the creation of the Mac App Store, information on Apple's competitors, information regarding Apple's app review process, and information regarding Apple's pricing strategies.   General descriptions of the documents within the body of the correspondence are not redacted.<br><br>Disclosure of this information proposed for redaction, and thus the decisions that Apple makes regarding its business operations and revenue models, among other information, would provide insight into Apple's internal business strategy.   Disclosure of this information would be harmful |

Gibson, Dunn & Crutcher LLP

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| | | | to Apple.  It would, for example, provide Apple's competitors with private information about Apple's processes and procedures for implementing particular strategies.  This information could be used in attempts to gain competitive advantage. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 11, 2020, at Los Angeles, California.

DATED:   December 11, 2020                    GIBSON, DUNN & CRUTCHER LLP

                                              By:        /s/ Jay P. Srinivasan
                                                              Jay P. Srinivasan

                                              *Attorney for Defendant Apple Inc.*

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL; CASE NOS. 4:20-CV05640-YGR-TSH, 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

## **CERTIFICATE OF SERVICE**

I, Jay P. Srinivasan, hereby certify that on December 11, 2020, I caused the foregoing **DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF AND SUPPORTING EXHIBITS REGARDING CUSTODIANS** to be filed electronically through the CM/ECF system

Gibson, Dunn & Crutcher LLP

8

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL; CASE NOS. 4:20-CV05640-YGR-TSH, 4:11-CV-06714-YGR, 4:19-CV-03074-YGR