# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| v. | |
| APPLE INC., | |
| *Defendant, Counterclaimant.* | |
| | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH |
| DONALD R. CAMERON, *et al.,* | Case No. 4:19-cv-03074-YGR-TSH |
| *Plaintiffs,* | |
| v. | **JOINT DISCOVERY LETTER BRIEF REGARDING APPLE DEPOSITIONS** |
| APPLE INC., | |
| *Defendant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to the Court's order (Minute Entry (Dkt. 190); Transcript (Dkt. 198) at 30:10-20), the parties in the above-captioned actions respectfully submit this joint letter brief regarding depositions of current or former Apple employees.

Counsel for Epic Games, Inc. ("Epic"), plaintiffs ("Class Plaintiffs", together with Epic, "Plaintiffs") in *Cameron v. Apple* and *In re Apple iPhone Antitrust Litigation* (the "Class Actions") and Apple Inc. ("Apple", together with Plaintiffs, the "Parties") have met and conferred telephonically and exchanged correspondence in a good faith effort to resolve outstanding disputes. The Parties have been unable to reach agreement and therefore submit this joint letter. The Parties can make additional exhibits—including the documents identified in this submission—available to the Court upon request.

Respectfully submitted,

| CRAVATH, SWAINE & MOORE LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| By: */s/ Lauren A. Moskowitz* <br> Lauren A. Moskowitz <br> *Counsel for Epic Games, Inc.* | By: */s/ Robert F. Lopez* <br> Robert F. Lopez <br> *Counsel for Developer Plaintiffs* |
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP | GIBSON DUNN & CRUTCHER LLP |
| By: */s/ Rachele R. Byrd* <br> Rachele R. Byrd <br> *Counsel for Consumer Plaintiffs* | By: */s/ Jay P. Srinivasan* <br> Jay P. Srinivasan <br> *Counsel for Apple Inc.* |

**Plaintiffs' Position:**   This straightforward dispute about Plaintiffs' attempt to get certainty regarding the depositions they will be able to take of Apple current and former employees has morphed several times because of Apple's changing positions.  The most recent iteration is now that Apple will not agree to any limits on the depositions of Apple witnesses without getting reciprocal (worse, even more) depositions from Plaintiffs.  They have done so with only providing 8 names of Epic witnesses, no reasoning for those 8, no identification of who the other 6-8 names would be that they want, or the reasoning for why they need all of those additional witnesses. Nonetheless, Plaintiffs have made a serious counterproposal, but Apple has rejected it.  Plaintiffs respectfully request that the Court order the compromise set forth below.

**Relevant Background:**

On December 15, 2020, the Court ordered the Parties to meet and confer and submit a joint letter brief absent resolution of the number of Apple depositions to be taken in the above-captioned actions.  (12/15/2020 Hr'g Tr. 7:9-18; Dkt. 190.)  The Court also gave explicit guidance that Plaintiffs are "entitled to an answer to [how many depositions they are going to be able to take] because they have to be able to plan", (*id.* at 5:10-14) and that "the answer is . . . in the *14 to 16 range*".  (*Id.* at 6:10-11 (emphasis added).)

On December 16, 2020, the Parties met and conferred.  Notwithstanding the Court's guidance, Apple proposed permitting Plaintiffs to take only 13 depositions.  Apple memorialized its proposal later that day:

> "Apple's offer is that Plaintiffs may take up to 13 depositions of Apple witnesses.  This number is exclusive of Eddy Cue and Craig Federighi.  If the Court orders either or both of these depositions at the hearing scheduled for January 21, Apple agrees that those would be in addition to the 13.  This offer is contingent on Plaintiffs' agreement that Apple can take the deposition of 13 Epic witnesses, and possibly 1-2 more depending on if Epic is successful with respect to Messrs. Cue and/or Federighi."  (Ex. 1.)

Plaintiffs responded with their counter-proposal:

> "1) Plaintiffs may jointly depose the following 14 current or former Apple employees: Tim Cook, Matthew Fischer, Scott Forstall, Eric Friedman, Eric Gray, Mark Grimm, C.K. Haun, Trystan Kosmynka, Ron Okamoto, Carson Oliver, Shaan Pruden, Philip Schiller, Mike Schmid, and Phillip Shoemaker.
>
> 2) Apple reserves the right to object for good cause to the identity of any of the witnesses in #1, but it acknowledges that it already has agreed to the depositions of Messrs. Cook (subject to a dispute as to the length of his deposition), Fischer, Okamoto, and Shoemaker. To the extent Apple prevails, Plaintiffs are entitled to depose a current or former Apple employee in lieu of each such proposed witness.
>
> 3) As the Court ordered, the parties will submit a joint letter brief with respect to depositions of Eddy Cue and Craig Federighi.  To

the extent Plaintiffs prevail, the depositions of Eddy Cue and Craig Federighi (or either) will be in addition to the witnesses in #1.

4) To the extent the Court denies the depositions of Eddy Cue or Craig Federighi, Plaintiffs may seek depositions of two additional current or former Apple employees.

5) Apple may depose 14 Plaintiffs or their current or former employees across all three Plaintiff groups (but no more than 7 of these 14 may be individual developer or consumer plaintiffs, or in the case of developer plaintiff PSB, any current or former employees or 30(b)(6) designee).  If Apple deposes Scott Forstall or Phillip Shoemaker, they also count towards this limit.

6) If Plaintiffs depose 15 or 16 current or former Apple employees, Apple may seek 15 or 16 depositions, respectively, of Plaintiffs or their current or former employees across all three Plaintiff groups (but no more than 7 of these 15 or 16 may be individual developer or consumer plaintiffs, or in the case of developer plaintiff PSB, any current or former employees or 30(b)(6) designee).  If Apple deposes Scott Forstall or Phillip Shoemaker, they also count towards this limit.

7) The parties reserve their rights to serve Rule 30(b)(6) topics, which do not count toward the limit on the number of depositions.

8) The parties agree that they may depose third parties above and beyond what is agreed to here.

9) Any witness identified by any party as a trial witness who has not already been deposed shall be made available for deposition by the other parties in advance of trial."  (Ex. 1.)

Apple rejected the counterproposal the next day.  Apple indicated that it intends to depose each of the individual class representatives for the Class Actions, which are 6 depositions.  As such, Apple indicated that it would be unfair to be left with only 8-10 Epic depositions.  Epic offered that notwithstanding the number of class depositions, Apple could take the 10 depositions of Epic that are allotted under the rule, even if the total number of depositions Apple takes of Plaintiffs exceeds the number of depositions Plaintiffs take of Apple.  Apple rejected that proposal and is insisting on taking 14-16 depositions of Epic in addition to the 6 class depositions.  In other words, Plaintiffs are offering Apple up to 16 Party depositions, but they insist on up to 22 Party depositions.  Apple is also unwilling to count any depositions it takes of its own former employees against any limit.

The Parties are filing their respective joint statements without having seen the other side's portion.

**Argument:**

Plaintiffs believe their proposal, as modified to ensure that Apple gets 10 depositions of Epic, is reasonable and should be ordered.  Plaintiffs carefully chose their 16 Apple witnesses, and justified

each one. (Dkt. 187-3 at 4-6.) The Court explained that Plaintiffs' approach "was thoughtful" and that "the answer is somewhere in the 14 to 16 range". (12/15/20 Hr'g Tr. 6:9-19.) Consistent with that guidance, Plaintiffs' proposal would allow for 14 to 16 depositions, with the last two being contingent on Plaintiffs' ability to take the depositions of Messrs. Cue and Federighi or, in the alternative, their need to take the depositions of other Apple employees in their stead.

Plaintiffs also sought to compromise with Apple regarding the identity of the Apple witnesses. During the meet and confer on December 16, 2020, Apple refused to agree to the individual witnesses, and instead insisted on a number in the abstract. Apple's position was inconsistent with the Court's acknowledgement that Plaintiffs "have to be able to plan" their depositions, due to the limited time left for discovery. (12/15/2020 Hr'g Tr. 7:12; *id.* at 5:10-6:1.) That planning cannot be meaningful without an understanding of who Plaintiffs will get to depose; as the Court explained, any discussion of "a particular number of depositions" would naturally be "blended" with discussion "about particular people and subjects," as "the two subjects a[re] related." (*Id.* at 12:19-13:3.) Nevertheless, Plaintiffs proposed a compromise: Apple would not object to the deponents to which it had already agreed (Messrs. Cook, Fischer, Okamoto and Shoemaker) but could object for good cause to the remaining deponents. This compromise should resolve Apple's stated concern that it may want to come up with objections to particular witnesses at a later date.

As noted above, in discussions between the Parties, Apple took the position that it would not agree to any compromise that does not give Apple the right to depose the same number of Epic witnesses as the number of Apple witnesses that all Plaintiffs, in the aggregate, would get to depose. Plaintiffs believe Apple's position seeks parity where none exists—Apple has declined to identify and justify the 14 to 16 Epic witnesses it purportedly wishes to depose. Nonetheless, in the spirit of compromise, Plaintiffs' proposal would entitle Apple to depose the same number of witnesses from the Plaintiff side (both Epic and Class Plaintiffs) as Plaintiffs would from Apple's side.[1]

This aspect of Plaintiffs' proposal is a substantial concession. Depositions above the limit set by Rule 30(a)(2) should be granted in accordance to the needs of the claims and defenses of the requesting party, and not on some vague notion of parity. (Fed. R. Civ. P. 26(b)(2)(A), 30(b)(2).) A Court may grant additional depositions where a party has presented a "particularized showing of the need for additional depositions," just as it may deny such additional depositions if they are "without proper purpose." *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016). Apple has provided none here and the demands of Apple's case against Epic do not rise or fall with the number of Apple witnesses that Epic deposes. Courts regularly deem additional deponents necessary for one party but not for the other depending on the facts of the particular claims at hand. *Compare* Order, Dkt. 434, *Fed. Housing Finance Agency v. UBS Americas Inc.*, No. 11 Civ. 6188 (DLC) (S.D.N.Y. Jul. 31, 2013) (denying defendant First Horizons additional depositions beyond the 10 presumptive limit), *with* Order, Dkt. 470, *Fed. Housing Finance Agency v. JPMorgan Chase & Co.*, No. 11 Civ 6188 (DLC) (S.D.N.Y. Sep. 23, 2013) (granting Plaintiff additional depositions beyond the 10 presumptive limit); *see also A. Farber & Partners, Inc. v. Garber*, 2006 WL 8439939, at *4 (C.D. Cal. Mar. 22, 2006) (both sides put forth particularized showings for depositions sought and court granted a differential number of additional depositions

---

[1] Plaintiffs also proposed that to the extent Apple deposes Messrs. Forstall or Shoemaker (two former Apple employees), these witnesses count against Apple's limit. Apple has already stated that it intends to depose Mr. Shoemaker. If these witnesses count against Plaintiffs' limit, they should count against Apple's as well.

based on those individual showings); *Couch v. Wan*, No. 2011 WL 4499976, at *3 (E.D. Cal. Sept. 27, 2011) (granting additional depositions for movant without granting parity).[2]

The remaining features of Plaintiffs' proposal were all contemplated during the Parties' previous discussions.  Plaintiffs explained that they would serve Rule 30(b)(6) topics on Apple as far back as November 25, 2020.  Similarly, Apple has stated that it intends to serve Rule 30(b)(6) topics on Epic.  Plaintiffs also explained on November 25, 2020 that they intended to depose third parties in addition to the Apple witnesses on Plaintiffs' list.  Apple has likewise expressed its intent to depose third parties.  True third-party depositions should be treated separately from the discussion on the limits of party depositions because the burden of deposing third parties on the Parties is far less than deposing one of the Party's witnesses.  Apple has stated that it agrees that 30(b)(6) depositions and third party depositions may be noticed and do not count against the numerical deposition limits for individual witnesses discussed herein.  Finally, Apple itself raised during a meet and confer on December 12, 2020 the idea of deposing previously undeposed trial witnesses prior to trial.

This dispute should have been resolved by Plaintiffs' proposal.

---

[2] Plaintiffs' proposal gives Apple far more than "parity".  Apple demanded that Epic and Apple receive the same *number* of party depositions.  But depositions taken by Epic must be split among three Plaintiff groups.  Under the Coordination Order that, according to Apple, governs all three cases, Plaintiffs are entitled to 10 hours of deposition time for jointly noticed depositions. Therefore, Epic is entitled to approximately 3.33 hours per deposition.  By contrast, Apple is entitled to 7 hours per deposition.  Thus, Plaintiffs' proposal grants Apple 28 to 42 hours of party deposition time above the limit, and only 13.2 to 19.8 additional hours for Epic.

**Apple's position**:  At the outset of the December 15 hearing, the Court observed that, "in terms of the number of depositions, *based on the submission plaintiffs have provided*, I feel like the answer is somewhere in the 14 to 16 range." (Tr. 6:9–11 (emphasis added).)  The Court again expressed its view that "the right number is 14 or 15 or 16" based on the parties' briefing earlier in the week.  (*Id.* at 6:20.)  The Court then asked the parties to meet and confer again and "then by noon on Thursday either tell me you've got an agreement on the number – *not the identities, just the number* – and, if not submit a letter."  (*Id.* at 21:12–16 (emphasis added).)

The following day, Apple proposed to resolve the dispute regarding the number of deponents by agreeing that Plaintiffs would be permitted to take 15 depositions, with two of those depositions contingent on how the Court rules on the apex depositions of Apple senior executives Eddy Cue and Craig Federighi (set for hearing on January 21).[3]  This straightforward proposal falls squarely within the range contemplated by the Court, which itself was informed by Plaintiffs' submission from earlier in the week.  In addition, Apple made one simple request: that the agreement be reciprocal and that Apple be permitted to depose up to 13 Epic witnesses and possibly a 14th and 15th witness depending on how the Court rules on the Apple apex depositions. Apple put this proposal in writing soon after the meet and confer concluded.  *See* Ex. A.

Apple was surprised to learn that Epic does not agree that if Epic will be allowed to depose more than 10 Apple witnesses, Apple should be entitled to depose the same number of Epic witnesses.  There should be nothing controversial about requiring parity between the parties on the number of deponents.  After all, the evidence in Epic's possession bears on virtually every relevant issue, ranging from the market definition, alternative distribution options, legitimate business justifications, and alleged anticompetitive effects.  In addition, Apple has also brought counterclaims against Epic, which require factual development.  *See* Counterclaims ¶¶ 47–91. Unlike Plaintiffs, however, who have had the benefit of millions of documents that were produced by Apple to the Class Plaintiffs many months ago and to Epic more than two months ago, Apple has received relatively few Epic documents and only a fraction of what Epic intends to produce. Indeed, Epic will not disclose to Apple whether it has substantially completed document production with respect to *any* of its custodians.  Due to Epic's refusal to give Apple the documents and information it needs, Apple lacks the ability to specifically identify 13 (or 15) Epic witnesses for depositions at this time.  Nonetheless, as Epic (and the other Plaintiffs) have sought certainty on the number of depositions so they can make a deposition plan, it is wholly appropriate for Apple to seek the same.  Thus, whatever number of depositions the Court orders to accommodate Plaintiffs' request should likewise be ordered for Apple.

Plaintiffs responded to Apple's simple proposal with a counter-proposal that bears more resemblance to Hammurabi's Code than it does to a "number."  *See* Ex. B.  Notably, Plaintiffs' proposal identifies specific Apple witnesses—which the Court expressly instructed the parties not to include—and, rather than provide the Court a number, it sets out a menu of options exercisable

---

[3]      Apple maintains that it is too early to tell how many depositions Plaintiffs genuinely need and it is still not clear that they need more than 10.  But because the Court ordered Apple to provide a number so Plaintiffs could plan, Apple looked at Plaintiffs' initial proposal of 18 Apple depositions.  Two of the 18 are Messrs. Federighi and Cue, whose depositions are going to be addressed by the Court in January.  Of the remaining 16, three of the Apple employees—Mary Ann Brunson, Tanya Washburn, and Eric Friedman—are not on any of the parties' initial disclosure lists.  Plaintiffs voluntarily withdrew Ms. Brunson and Ms. Washburn, reducing the list to 14.  Apple believes that Mr. Friedman is equally unnecessary, leaving the number at 13.  Thus, Apple's offer of 15 would appropriately cover the possibility the Court orders Messrs. Cue and Federighi.

at Plaintiffs' sole discretion. Plaintiffs allot themselves an initial quota of 14 depositions, but they give themselves the option of two additional depositions whether or not they succeed in compelling the apex depositions of Messrs. Cue and Federighi. In other words, even if they lose their motion on the apex depositions, Plaintiffs give themselves the option of substituting in 2 additional Apple depositions for a total of 16; and if they win the motion, it seems that Plaintiffs may be seeking 18 depositions. Further, Plaintiffs reserve the option to take still more depositions of people on Apple's witness list who Plaintiffs somehow did not cover in their original 16 depositions. The simplest way to describe Plaintiffs' number is that it starts at 16 and escalates to an undisclosed figure above that. Plaintiffs' proposal does not respond to the Court's direction, is not acceptable to Apple, and represents a marked escalation from Plaintiffs' previous position rather than approaching a middle ground in the 14–16 range, as contemplated by the Court.

Plaintiffs' counter-proposal for how many depositions Apple should be able to take is even more inequitable. *See* Ex. B. at Item Nos. 5–6. First, Plaintiffs reject Apple's simple adherence to the goose-and-gander rule. Further, and incredibly, Plaintiffs propose that Apple be left with *fewer* depositions than what the Rules provide. Under Rule 30(b), Apple is allowed 10 depositions of consumer class plaintiffs, 10 depositions of developer class plaintiffs, and 10 depositions of Epic. Of course, Apple will not take 10 depositions of either the class or developer plaintiffs, and so it needs no relief from Rule 30(b) in those two matters. Notably, Apple is not seeking parity in those two cases—Apple is willing to put up well more than 10 of its own people to be deposed by each of these plaintiff groups despite not requesting anything in return.

Where Apple insists on parity is with respect to Epic, and if Epic receives more than 10 depositions of Apple witnesses, Apple should be given the reciprocal right. But under Plaintiffs' offer, Apple would get only 14 or 16 depositions *total*—a number that Plaintiffs control—across all three cases, meaning Apple would be limited to just 5 depositions per case. If Apple chose to depose the five named consumer class members and the two named developer class members, under Plaintiffs' proposal, Apple would be left with just 7 or possibly 9 Epic witnesses in a deal where Epic would give itself 16+ Apple depositions. Not only is this proposal much worse for Apple than what the Rules already afford it, it is patently ridiculous in a proposal where Plaintiffs are granting themselves 16+ depositions *each*.

Plaintiffs' counter-proposal does not make even a pretense of being fair or an attempt at compromise—it seeks to advantage Plaintiffs beyond what the Court previously contemplated and seeks to disadvantage Apple below what it is entitled to under the Rules. Meanwhile, Apple's proposal is both consistent with the Court's express thinking and seeks to treat all parties equitably. Apple reiterated its proposal again this morning and urged Plaintiffs to work out an even-handed proposal but Plaintiffs were not interested. *See* Ex. C.

Apple therefore respectfully requests that the Court order that Plaintiffs may depose 15 Apple witnesses, with two of those contingent on the Court's resolution of the dispute regarding apex witnesses; and that Apple may depose an equal number of Epic witnesses.

Dated: December 17, 2020

CRAVATH, SWAINE & MOORE LLP
    Christine Varney
    Katherine B. Forrest
    Gary A. Bornstein
    Yonatan Even
    Lauren A. Moskowitz
    M. Brent Byars

Respectfully submitted,

By:      */s/ Lauren A. Moskowitz*

      Lauren A. Moskowitz
      *Attorneys for Plaintiff Epic Games, Inc.*


Dated: December 17, 2020

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP
    Mark C. Rifkin
    Rachele R. Byrd
    Matthew M. Guiney
    Brittany N. DeJong

Respectfully submitted,

By:      */s/ Rachele R. Byrd*
      Rachele R. Byrd
      *Interim Class Counsel for Consumer*
      *Plaintiffs*


Dated: December 17, 2020

HAGENS BERMAN SOBOL SHAPIRO LLP
    Steve W. Berman
    Robert F. Lopez
    Shana E. Scarlett
    Benjamin J. Siegel

Respectfully submitted,

By:      */s/ Robert F. Lopez*

      Robert F. Lopez
      *Interim Class Counsel for Developer*
      *Plaintiffs*

Dated: December 17, 2020        GIBSON, DUNN & CRUTCHER LLP
                                     Theodore J. Boutrous Jr.
                                     Richard J. Doren
                                     Daniel G. Swanson
                                     Mark A. Perry
                                     Veronica S. Lewis
                                     Cynthia E. Richman
                                     Jay P. Srinivasan
                                     Ethan D. Dettmer
                                     Eli M. Lazarus
                                     Harry Phillips

                              Respectfully submitted,


                              By:        */s/ Jay P. Srinivasan*
                                          Jay P. Srinivasan
                                          *Attorneys for Defendant Apple Inc.*

**<u>E-FILING ATTESTATION</u>**

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz
