# Exhibit 1

From: "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To: "John Karin" <jkarin@cravath.com>
Cc: "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>, "bens@hbsslaw.com"
<bens@hbsslaw.com>, "Byrd, Rachele" <Byrd@whafh.com>, "DeJong, Brittany" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>,
"robl@hbsslaw.com" <robl@hbsslaw.com>, "Ted Wojcik" <tedw@hbsslaw.com>
Date: 12/17/2020 01:17 PM
Subject: RE: Apple App Cases -- Apple Depositions

External (jsrinivasan@gibsondunn.com)

Report This Email  FAQ

John,

Apple does not agree with Plaintiffs' counter and it seems like the parties are getting further apart—not
closer.  Maybe we're misreading Plaintiffs' proposal but it appears to afford Apple fewer depositions than
what Rule 30(b) provides while Plaintiffs would receive many more depositions than the rule's 10-deposition
default.  Happy to get on the phone again to clarify or otherwise discuss.  Sounds like we might need to discuss
the logistics of the submission as well.

Apple's offer from yesterday is still open by the way.  Seems like the right thing for the parties to do is to agree
on a number and make it reciprocal as between Apple and Epic.  Apple requires no such reciprocity with
respect to the class plaintiffs.  No reason to burden the Court or ourselves when an equitable result is within
sight.


Thanks,
Jay
**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** John Karin <jkarin@cravath.com>
**Sent:** Thursday, December 17, 2020 9:07 AM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; benh@hbsslaw.com; bens@hbsslaw.com; Byrd, Rachele
<Byrd@whafh.com>; DeJong, Brittany <dejong@whafh.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>;
robl@hbsslaw.com; Ted Wojcik <tedw@hbsslaw.com>
**Subject:** RE: Apple App Cases -- Apple Depositions

[External Email]
Jay,

Please let us know of Apple's response to Plaintiffs' proposal below.  We are available to meet and confer.

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)


From:    John Karin/NYC/Cravath
To:      "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
Cc:      "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Byrd, Rachele" <Byrd@whafh.com>, "DeJong, Brittany" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "Ted Wojcik" <tedw@hbsslaw.com>
Date:    12/17/2020 01:32 AM
Subject: RE: Apple App Cases -- Apple Depositions


Jay,

Plaintiffs make the following counter-proposal:

1) Plaintiffs may jointly depose the following 14 current or former Apple employees: Tim Cook, Matthew Fischer, Scott Forstall, Eric Friedman, Eric Gray, Mark Grimm, C.K. Haun, Trystan Kosmynka, Ron Okamoto, Carson Oliver, Shaan Pruden, Philip Schiller, Mike Schmid, and Phillip Shoemaker.

2) Apple reserves the right to object for good cause to the identity of any of the witnesses in #1, but it acknowledges that it already has agreed to the depositions of Messrs. Cook (subject to a dispute as to the length of his deposition), Fischer, Okamoto, and Shoemaker. To the extent Apple prevails, Plaintiffs are entitled to depose a current or former Apple employee in lieu of each such proposed witness.

3) As the Court ordered, the parties will submit a joint letter brief with respect to depositions of Eddy Cue and Craig Federighi.  To the extent Plaintiffs prevail, the depositions of Eddy Cue and Craig Federighi (or either) will be in addition to the witnesses in #1.

4) To the extent the Court denies the depositions of Eddy Cue or Craig Federighi, Plaintiffs may seek depositions of two additional current or former Apple employees.

5) Apple may depose 14 Plaintiffs or their current or former employees across all three Plaintiff groups (but no more than 7 of these 14 may be individual developer or consumer plaintiffs, or in the case of developer plaintiff PSB, any current or former employees or 30(b)(6) designee).  If Apple deposes Scott Forstall or Phillip Shoemaker, they also count towards this limit.

6) If Plaintiffs depose 15 or 16 current or former Apple employees, Apple may seek 15 or 16 depositions, respectively, of Plaintiffs or their current or former employees across all three Plaintiff groups (but no more than 7 of these 15 or 16 may be individual developer or consumer plaintiffs, or in the case of developer plaintiff PSB, any current or former employees or 30(b)(6) designee).  If Apple deposes Scott Forstall or Phillip Shoemaker, they also count towards this limit.

7) The parties reserve their rights to serve Rule 30(b)(6) topics, which do not count toward the limit on the number of depositions.

8) The parties agree that they may depose third parties above and beyond what is agreed to here.

9) Any witness identified by any party as a trial witness who has not already been deposed shall be made available for deposition by the other parties in advance of trial.
John I. Karin

Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

From:      "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>

To:        "John Karin" <jkarin@cravath.com>

Cc:        "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "Byrd, Rachele" <Byrd@whafh.com>, "DeJong, Brittany" <dejong@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Ted Wojcik" <tedw@hbsslaw.com>

Date:      12/16/2020 05:08 PM

Subject:   RE: Apple App Cases -- Apple Depositions, Epic's Data Requests, Texts and Instant Messges

All,

So there is no confusion about what Apple offered on today's meet and confer to resolve the dispute on number of depositions, Apple's offer is that Plaintiffs may take up to 13 depositions of Apple witnesses.  This number is exclusive of Eddy Cue and Craig Federighi.  If the Court orders either or both of these depositions at the hearing scheduled for January 21, Apple agrees that those would be in addition to the 13.  This offer is contingent on Plaintiffs' agreement that Apple can take the deposition of 13 Epic witnesses, and possibly 1-2 more depending on if Epic is successful with respect to Messrs. Cue and/or Federighi.  Apple, of course, does not need a similar concession from either set of class plaintiffs.

We suggest a follow-up call this afternoon/evening so we can avoid wasting time and energy on motion practice on this.

Best,
Jay
**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Tuesday, December 15, 2020 8:21 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>; Byrd, Rachele <Byrd@whafh.com>; DeJong, Brittany <dejong@whafh.com>; robl@hbsslaw.com; benh@hbsslaw.com; bens@hbsslaw.com; Ted Wojcik <tedw@hbsslaw.com>
**Subject:** Re: Apple App Cases -- Apple Depositions, Epic's Data Requests, Texts and Instant Messges

[External Email]
Thank you, Jay.  I will circulate a dial-in for noon tomorrow on Apple depositions and texts/IMs.  Please do let us know about the data requests as soon as you are able.

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)


On Dec 15, 2020, at 11:03 PM, Srinivasan, Jay P. <JSrinivasan@gibsondunn.com> wrote:

John,

How about noon PT?  We will be ready to talk deposition limits and IMs/texts.  We will get back to you on the data requests.  We want to make sure whatever time we propose will be productive.


Thanks,
Jay

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** John Karin <jkarin@cravath.com>
**Sent:** Tuesday, December 15, 2020 6:28 PM
**To:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>; Byrd, Rachele <Byrd@whafh.com>; DeJong, Brittany <dejong@whafh.com>; robl@hbsslaw.com; benh@hbsslaw.com; bens@hbsslaw.com; Ted Wojcik <tedw@hbsslaw.com>
**Subject:** Apple App Cases -- Apple Depositions, Epic's Data Requests, Texts and Instant Messges

[External Email]
Counsel,

Please advise if you are available to meet and confer tomorrow during the period from 10:30 a.m. to 1:00 p.m. PT. Epic will be prepared to discuss depositions of Apple witnesses, Epic's data requests, and production of texts and instant messages. Epic believes that the parties must discuss at least depositions of Apple witnesses tomorrow per the Court's order. If Apple is not prepared to discuss Epic's data requests or production of texts and instant messages, please provide times for later this week.

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---