1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

United States District Court
Northern District of California

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION. | Case No.  11-cv-06714-YGR (TSH) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. Nos. 323 |
| DONALD R. CAMERON, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.  19-cv-03074-YGR (TSH) <br><br> Re: Dkt. No. 199 |
| EPIC GAMES, INC., <br><br> Plaintiff and Counter- <br><br> defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant and <br><br> Counterclaimant. | Case No.  20-cv-05640-YGR   (TSH) <br><br> Re: Dkt. No. 201 |

25        In ECF No. 308-2,[1] Plaintiffs put forward a thoughtful explanation for why they need to

26   take 16 party depositions of Apple witnesses pursuant to Federal Rule of Civil Procedure 30(b)(1).

27

28
_____

[1] ECF citations are to 11-cv-6714 unless otherwise noted.

United States District Court
Northern District of California

1   They broke down the witnesses into five relevant categories of testimony:  (1) high-level

2   executives deciding policies critical to the health of the iOS ecosystem; (2) engineering knowledge

3   of Apple's defenses based on security, the tools, software, and Apple Support services available to

4   app developers, and the integrated nature of iOS, the App Store, and IAP; (3) Apple's App

5   Review; (4) interactions with developers who have allegedly been harmed by Apple's policies;

6   and (5) individuals with particular roles in the App Store.  The Court understands, of course, that

7   these are not five rigidly distinct areas of inquiry, but they do constitute five different areas of

8   focus logically related to the claims at issue in these three related actions.  Plaintiffs also proposed

9   specific people for each of these topics and provided useful information explaining why they

10  would be good witnesses on those topics.

11          Plaintiffs have persuaded the Court that there is good cause under Federal Rule of Civil

12  Procedure 26(b)(2)(a) to allow 16 party depositions of Apple witnesses under Rule 30(b)(1).  The

13  topics of these proposed depositions are important for these related cases, each topic warrants

14  multiple depositions, and the number of proposed depositions on each topic is not excessive.

15  Given what is at stake in these cases, the Plaintiffs' need for these depositions, the parties'

16  resources, and the importance of this discovery in resolving the issues in dispute, these depositions

17  are proportional and not overly burdensome.

18          Apple has not really argued otherwise.  It initially took the view that Plaintiffs should take

19  10 depositions first and then seek leave to take more based on what information comes out of

20  those 10.  The problem with that view is that fact discovery in the *Epic Games* case closes on

21  February 15, 2021 (20-cv-5640, ECF No. 116) and each witness in these related cases is supposed

22  to be deposed only once.  ECF No. 194, ¶ 3.  This means that the depositions of Apple's witnesses

23  have to get going, and Plaintiffs need to be able to plan, in particular with the holidays coming up.

24  Plaintiffs would plan the next two months differently if they had 10 Rule 30(b)(1) Apple

25  depositions to take than if they have 16, and they would certainly plan differently if they didn't

26  know how many Apple witnesses they would be allowed to depose, so they need to know what the

27  answer is now.

28

United States District Court
Northern District of California

1    Apple's other argument is that it should be able to take the same number of party

2    depositions of Epic Games as Plaintiffs can take of Apple.  That might be the right answer; the

3    Court doesn't know.  Apple has not made a showing like Plaintiffs did, identifying the topics each

4    deposition would relate to, and providing an explanation of how many witnesses there would be

5    and who they might be for each topic.  Also, it is not self-evident that Apple is comparing (no pun

6    intended) apples to apples.  If this were just a two-party lawsuit between Apple and Epic Games,

7    of course the Court would give each side the same number of depositions, simply out of parity.

8    But the 16 depositions Plaintiffs want to take are for all three of the related cases, two of which are

9    class actions, and for all three sets of Plaintiffs because Apple is a defendant in all three cases.  By

10   contrast, Epic Games is a party only to the *Epic Games* case.  The Court is happy to listen to any

11   explanation Apple wants to provide for why it needs to take more than 10 depositions of Epic

12   Games, but there should be some sort of explanation because the parity argument doesn't work.

13   The Court's order is not contingent on the specific identities of the 16 Apple witnesses

14   Plaintiffs want to depose and does not constitute a finding that Plaintiffs have a right to depose

15   those particular people.  The value of Plaintiffs' effort to break down the proposed depositions

16   into different topics with informed explanations for who could be deposed on each topic was to

17   put some meat on the bones of their request for depositions.  It's so much more useful for a litigant

18   to flesh out a good, reasoned explanation for wanting a certain number of depositions than to just

19   proclaim that a case is complicated or important and therefore a particular number of depositions

20   is needed.  Plaintiffs' showing put detail into that request that enables the Court to make an

21   informed decision.  But the Court understands that Apple may object to some of the proposed

22   witnesses and may suggest others in their stead.  The parties should meet and confer about that

23   and raise any disputes about particular witnesses in a joint discovery letter brief.

24   The Court has received no briefing concerning the number of Rule 30(b)(6) depositions

25   that should be permitted or how many true third party depositions should be allowed, so it

26   expresses no view on those subjects.  Rather, the only issue the Court addresses in this order is

27   that Plaintiffs may take 16 depositions pursuant to Rule 30(b)(1) of Apple witnesses.  For the

28   avoidance of doubt, a former Apple employee who is deposed about his work at Apple counts

3

1   toward the 16 and is not a true third party.

2          **IT IS SO ORDERED.**

3

4   Dated: December 18, 2020

5                                                    _____

6                                                    THOMAS S. HIXSON
                                                     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28