THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>          Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>          Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br>Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PORTION OF TRANSCRIPT** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al.*,<br><br>          Plaintiffs<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | Hon. Yvonne Gonzalez Rogers<br>Hon. Thomas S. Hixson |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") moves the Court to seal lines 19 through 21 on page 79 of the transcript of the hearing held before the Court on December 15, 2020, as well as portions of the declaration and exhibits in support of this motion. Apple respectfully submits that redaction is appropriate to protect Apple's confidential trade secrets and to partially remedy a violation of the Protective Order entered by the Court in these related cases. Redacted versions of the transcript and the supporting declaration are submitted herewith, and unredacted versions of the transcript and the supporting declaration with the proposed redactions highlighted, as well as unredacted versions of the supporting exhibits, are being filed under seal concurrently with this motion.

In sum:

(1) In September 2020, Apple produced certain transactional data to Plaintiffs, including the Developer Plaintiffs, related to, among other things, the commissions charged by Apple for subscriptions and purchases made through the App Store.

(2) That transactional data was designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, pursuant to the Protective Order entered by the Court. *See* Dkt. 19-cv-03074-YGR, Dkt. No. 85.

(3) At a public hearing before the Court on December 15, 2020, Benjamin Siegel, counsel for the Developer Plaintiffs, citing the confidential transactional data, disclosed certain confidential business information relating to Apple's business relationships with other companies. *See* 12/15/2020 Hr'g Tr. at 79:19–21.

(4) On December 20, 2020, counsel for Apple sent a letter to Mr. Siegel inquiring as to the basis for his statement in Court and requesting a response by noon on December 21. *See* Dettmer Decl. Ex. A.

(5) On December 23, 2020, Mr. Siegel responded, but did not provide the basis for his statement in Court, instead inaccurately claiming that the information was separately available through public media outlets. *See* Dettmer Decl. Ex. B. Apple responded to Mr. Siegel's letter today. *See* Dettmer Decl. Ex. C.

1    A party seeking to seal materials filed in connection with a non-dispositive motion must make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Sealing is appropriate when the information at issue constitutes "trade secret information." *Monster, Inc. v. Dolby Labs. Licensing Corp.*, No. 12-CV-2488, 2013 WL 163774, at *1 (N.D. Cal. Jan. 15, 2013); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information"); *France Telecom S.A.*, No. 12-CV-4967, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014) ("The non-public sales information at issue is among the types of competitively sensitive information that qualifies as a trade secret and is properly sealed at trial.").

The information disclosed by Mr. Siegel at the December 15 hearing constitutes confidential trade secrets. *See* Dettmer Decl. ¶¶ 7–9. It relates to specific details regarding Apple's business relationships. Redaction of that information from the transcript will not in any way inhibit the public's ability to understand the proceedings, as the information was offered by Mr. Siegel only as an example of the type of information contained in the transactional data.

To the extent the Developer Plaintiffs argue that sealing is inappropriate because the same information is available through public media sources, that is inaccurate. The sources cited by Mr. Siegel do not support his statement made in Court. *See* Dettmer Decl. Ex. C.

Apple therefore requests that the Court seal the following documents as described below:

| Document | Redacted Material |
| --- | --- |
| Transcript of Hearing on December 15, 2020 | Page 79, lines 19 through 21 |
| Declaration of Ethan Dettmer In Support of Apple's Administrative Motion to Seal | Page 3, lines 2 through 3<br>Page 3, lines 9 through 11 |
| Exhibits A–C to the Declaration of Ethan Dettmer In Support of Apple's Administrative Motion to Seal | Sealed in their entirety |

Dated:  December 24, 2020 

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Veronica S. Lewis*
       Veronica S. Lewis

Attorneys for Defendant Apple Inc.