PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br>     *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br>     *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF AND SUPPORTING EXHIBITS** <br><br> Judge: Hon. Magistrate Thomas S. Hixson |

Epic Games, Inc. ("Epic") brings this administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Epic leave to file under seal the Joint Discovery Letter Brief Regarding Epic's Requests For Production Of Documents (the "Joint Discovery Letter Brief") and Supporting Exhibits 1-8.

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'" *Id.* at 1179 (citations omitted). Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. Jun. 17, 2013). A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party. This Administrative Motion is based on Defendant Apple Inc.'s ("Apple") designation of information in the Joint Discovery Letter Brief and its exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order in the above-captioned action. (*Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF No. 112.) Epic does not believe that the Joint Discovery Letter Brief and or any of the Supporting Exhibits meet the standard for sealing. But at Apple's request, Epic is filing the documents in their entirety under seal. Pursuant

to subsection (e)(1) of Local Rule 79-5, Apple has four days to file a declaration establishing that all of the designated material is "sealable" (as defined in Local Rule 79-5(b)).

Dated:  December 28, 2020          CRAVATH, SWAINE & MOORE LLP
                                            Christine Varney
                                            Katherine B. Forrest
                                            Gary A. Bornstein
                                            Yonatan Even
                                            Lauren A. Moskowitz
                                            M. Brent Byars

Respectfully submitted,

By:   /s/ *Lauren A. Moskowitz*
          Lauren A. Moskowitz

*Attorneys for Plaintiff Epic Games, Inc.*