Pages 1 - 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE THOMAS S. HIXSON

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | ) <br> ) No. 11-6714 YGR (TSH) <br> ) <br> ) San Francisco, California <br> ) Friday <br> ) December 18, 2020 <br> ) 9:00 a.m. |
| DONALD R. CAMERON, et al, <br><br>          Plaintiffs, <br><br>    vs. <br><br> APPLE, INC., <br><br>          Defendant. | ) <br> ) No. C 19-3074 YGR (TSH) |
| EPIC GAMES, INC., <br><br>          Plaintiff, <br><br>    vs. <br><br> APPLE, INC., <br><br>          Defendant. | ) <br> ) No. C 20-5640 YGR (TSH) |

**TRANSCRIPT OF ZOOM VIDEO CONFERENCE PROCEEDINGS**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**Reported By:**   Debra L. Pas, CSR 11916, CRR, RMR, RPR
            *Official Reporter - US District Court*
            *Computerized Transcription By Eclipse*

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

**APPEARANCES**:

**For the Consumer Plaintiffs:**
    WOLF HALDENSTEIN ADLER FREEMAN & HERZ
    Symphony Towers
    750 B Street
    Suite 1820
    San Diego, California 92101
 **BY:** **RACHELE R. BYRD, ESQ.**

**For the Developer Class Plaintiffs:**
    HAGENS BERMAN SOBOL SHAPIRO LLP
    715 Hearst Avenue
    Suite 202
    Berkeley, California 94710
 **BY:** **BENJAMIN JACOB SIEGEL, ESQ.**

**For Plaintiff Epic Games, Inc.:**
    CRAVATH SWAINE MOORE LLP
    825 Eighth Avenue
    New York, New York 10019
 **BY:** **LAUREN ANN MOSKOWITZ, ESQ.**

**For Defendant Apple, Inc.:**
    GIBSON DUNN & CRUTCHER LLP
    333 South Grand Avenue
    Los Angeles, California 90071
 **BY:** **JAGANNATHAN P. SRINIVASAN, ESQ.**

     — — —

| | |
|---|---|
| 1 | **Friday - December 18, 2020**                             **9:08 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |

4   **THE CLERK:** All right, everyone. Good morning. Thank you for joining us this morning. I'm going to call the cases, and then I'm going to go back and ask for appearances.

So we're here in Civil Action 11-6714, In Re Apple iPhone Antitrust Litigation.

And 19-3074, Cameron, et al versus Apple, Inc.

And 20-5640, Epic Games, Inc. versus Apple, Inc.

So, counsel, the Honorable Thomas S. Hixson is presiding. So let's start with the Apple antitrust litigation. Let's start with the plaintiffs.

**MS. BYRD:** Good morning, Your Honor. Rachele Byrd with Wolf Haldenstein on behalf of the consumer plaintiffs.

**THE COURT:** Good morning.

**MR. SIEGEL:** And good morning, Your Honor. Ben Siegel of Hagens Berman Sobol Shapiro on behalf of the developer class plaintiffs.

**THE COURT:** Good morning.

**MS. MOSKOWITZ:** Good morning, Your Honor, Lauren Moskowitz from Cravath, Swaine and Moore on behalf of Epic in the Epic matter.

**THE COURT:** Good morning.

**MR. SRINIVASAN:** Good morning, Your Honor. Jay

1   Srinivasan of Gibson Dunn for Apple, Inc.

2   **THE COURT:** Good morning.

3   So we're here today on the question of how many
4   depositions plaintiff should be able to take of Apple.  The
5   letter brief that was filed yesterday was a bit of a
6   disappointment.

7   What I was hoping for was either the parties would agree
8   on how many Apple depositions there should be or they would
9   brief the question.

10   Instead what happened is that Apple conditioned its
11   agreement on the number of Apple depositions on an agreement
12   for how many Epic Games' depositions there should be.  So
13   instead what I got was a letter brief about Apple's conditions
14   and nothing further that was useful in terms of the question
15   that I had wanted briefing on.

16   So I went back and I looked at ECF No. 308-2 again and
17   thought about it some more, and I've reached the tentative
18   conclusion that there should be 16 Apple depositions.

19   The identification of the specific witnesses was helpful
20   in fleshing out why 16 is an appropriate number.  Fleshing out
21   the five different categories and proposing specific people was
22   helpful, but I'm not saying that those are the particular
23   people who should constitute the 16.

24   I understand Apple has some objections, including Epic's
25   objections to a couple of them, and the parties may need to

1  meet-and-confer about that and that's fine.  But I'm just
2  saying 16 is the number, even if it's not the specific 16
3  individuals discussed in the letter brief.  And that's what I'm
4  prepared to say today.
5      These are just the 30(b)(1) depositions.  The parties have
6  not briefed to me how many 30(b)(6) depositions would be
7  appropriate, and they haven't briefed how many third-party
8  depositions would be appropriate.  So I'm not going to reach
9  out and decide other issues that haven't been teed up in front
10 of me.
11     And just to avoid doubt, when I say "Apple depositions," a
12 former Apple employee who is deposed about his or her work at
13 Apple, I view that as an Apple deposition.  It's not a true
14 third-party deposition.
15     So I'm inclined to say 16 is the number.  And as for how
16 many depositions there should be of Epic games, I don't know.
17     The parity argument that Apple advanced, I don't think I
18 buy it because Apple is in three related cases and Apple is a
19 defendant in all three.  So I don't see that as being analogous
20 to Epic Games, which is a plaintiff in one of the three.
21     Certainly if I were just looking at Epic Games v Apple,
22 that one case, I would order the same number of depositions per
23 side because that would be fair, but that's not the situation
24 in front of me.
25     Anyway, that's my tentative thought and so I would like

1   the parties to respond to it.
2       And I guess first I will have Epic Games, your response.
3           **MS. MOSKOWITZ:**  Your Honor, I don't think I have
4   anything to say on that.  That's what we wanted.  So maybe I'll
5   reserve for whatever Apple says, if I need to respond to that,
6   if that's okay.
7           **THE COURT:**  All right.
8       Then Mr. Srinivasan, we'll have your thoughts.
9           **MR. SRINIVASAN:**  Sure, Your Honor.  And we're happy
10  with the Court's order, and we will take 16.
11      I just want to offer by way of explanation that we did
12  think that if we were coming to an agreement with another big
13  company, which we typically would in depositions, that if it
14  was by agreement, we just assumed that they would give us the
15  same, and that was the only issue.
16      But we understand Your Honor's order, and we'll make a
17  showing at the right time.
18      But we're happy to take 16 as the limit for plaintiff's
19  party depositions of Apple, current and former employees.
20          **THE COURT:**  Okay.  Well, then maybe the hearing will
21  be shorter than I thought.
22      Ms. Byrd, any further comments from the consumer
23  plaintiffs?
24          **MS. BYRD:**  No, Your Honor.  I just wanted to note
25  there was an error in the briefing.  There are only four named

1  consumer plaintiffs, not five.  I just wanted -- for the
2  record.
3          **THE COURT:**  Okay.  Well, thank you.  That won't
4  figure into my ruling, but I appreciate the clarification.
5          **MS. BYRD:**  Okay.
6          **THE COURT:**  And, Mr. Siegel, for the developer
7  plaintiffs.
8          **MR. SIEGEL:**  Nothing further.
9     I just had a question in terms of the identity of the
10 deponents.  What's the appropriate time?  If Apple wants to
11 raise an issue as to a particular deponent, this is after we
12 notice the deposition?  Should we try to tee that up now?
13    I'm just trying to figure it out so we get some clarity
14 now and direction from you about how should we raise that
15 issue.  How should we meet-and-confer about it?
16         **THE COURT:**  I think -- my thought is that since
17 you've identified who the 16 are, Apple should raise objections
18 now.  There is no reason to wait.
19    I mean, Mr. Srinivasan, you know who they want, and they
20 spelled it out for you.  You can consult with your client and
21 then let them know if there are any objections, any reason why
22 you -- I mean, by "now" I don't mean you have to tell them,
23 like, today, but just pretty soon.  Because you know you're on
24 notice.
25         **MR. SRINIVASAN:**  Your Honor, I don't think we have an

1  issue with that.  In fact, as you know, when we saw their list,
2  we immediately saw two who were inappropriate, Mr. Federighi
3  and Cue, which is now teed up for January.
4       I think the only issue that we have is if after they take
5  within their own list three or four people, and we say, look,
6  this fifth person, who also is on your list, is now completely
7  duplicative of what you've already received by way of
8  testimony, we might have an objection that develops in that
9  way.
10      But we don't have any objection, you know, currently to
11 any of these people in the abstract.  It's just more about
12 whether it's cumulative, and it will be difficult to meet our
13 schedule.
14      I mean, you know, we do have roughly six weeks to take,
15 you know, 16 of Apple depositions and however many other
16 depositions of Epic folks.  That's our only concern.
17           **THE COURT:**  That's fine.  If a cumulativeness
18 objection develops as the depositions proceed, I'm available.
19 The parties can meet-and-confer and then bring that to me in a
20 joint discovery letter brief.
21           **MR. SRINIVASAN:**  Right.  Thank you.
22      To clarify, Your Honor, as we mentioned on the Epic side,
23 we just haven't gotten the documents yet.  We're starting to
24 get them, but we haven't had very many.
25      And I assume that we can make the same type of showing

1  that Epic did for relief if we need more than ten Epic
2  depositions; is that your understanding?
3          **THE COURT:**  I think Apple should absolutely proceed
4  in the same way that plaintiffs did and make a similar type of
5  showing, and I'm happy to listen to anything Apple has to say.
6          **MS. MOSKOWITZ:**  Your Honor, as are we.  That's all we
7  asked, was for them to give us names.  They've only given us
8  eight.  We're willing to meet-and-confer with them.
9      They have more than a million documents of ours, and we
10 will be producing even more before Christmas.  So they will
11 have our documents.  And they will -- we're open to talking to
12 them.  And we hope we don't have to come back to Your Honor,
13 and we take Your Honor's guidance.
14     One clarification, if I may.  I just heard Apple's counsel
15 say that they don't actually currently have any objections to
16 the names other than the two that we already know we're
17 briefing, Cue and Federighi.  That's not exactly what they said
18 in their brief.
19     They did object to Mr. Friedman, but, of course, at the
20 last hearing before your Honor, on Page 24, they already agreed
21 to give Mr. Friedman.
22     And so I just want to make sure that we are clear that
23 other than a late -- later-breaking objection on
24 cumulativeness, that we do have agreement on the 14 of those 16
25 names right now.

```
 1          THE COURT:  Well, I don't want to put Mr. Srinivasan
 2  on the spot if you're not able to answer that question at the
 3  moment, but I think you should answer it soon.  How about that?
 4          MR. SRINIVASAN:  That's fair, Your Honor.  I should
 5  confer with the team to make sure that that's accurate, but we
 6  will do that.  We will let them know shortly.
 7      And also, to be clear, we are standing on our -- what
 8  position we've taken on Mr. Cook's deposition being limited to
 9  four hours.  I just don't want this to be viewed as some waiver
10  of that position that we're taking.
11          THE COURT:  All right.  We will be reserving the --
12  deciding the length of Mr. Cook's deposition later.
13      I think in connection with the Epic's briefing in January;
14  is that right?
15          MR. SRINIVASAN:  That's right, Your Honor.
16          MS. MOSKOWITZ:  Yes, Your Honor.
17          THE COURT:  Anything further from Epic Games for
18  purposes of this hearing?
19          MS. MOSKOWITZ:  No.  Thank you very much, Your Honor.
20          THE COURT:  What about the consumer or developer
21  plaintiffs?
22          MR. SIEGEL:  No.  Have a good weekend everybody.
23  That's all I have to say.
24          MS. BYRD:  Nothing further, Your Honor.
25          THE COURT:  And anything further from Apple for this
```

```
 1   morning?
 2           MR. SRINIVASAN:  No, Your Honor.  Thank you.
 3           THE COURT:  All right.  Well, have a good day
 4   everyone.
 5       (Proceedings adjourned.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Monday, December 28, 2020