THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand AvenueW
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*)
  hphillips2@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br>Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | **DECLARATION OF ETHAN D. DETTMER IN SUPPORT OF DEFENDANT APPLE INC.'S STATEMENT IN RESPONSE TO ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE [DKT. 330]**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, *et al.*,<br><br>        Plaintiffs<br>v.<br><br>APPLE INC.,<br><br>        Defendant. | |

I, Ethan D. Dettmer, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. Except where otherwise stated, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Statement in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule.

2. Apple has consistently informed class plaintiffs that preparing the requested transactional data is an extremely complex undertaking that cannot be expedited due to engineering requirements and technological processing constraints. Indeed, Apple long ago informed class plaintiffs that it would take multiple weeks to produce the transactional data and that each new request class plaintiffs made would increase the time it would take to complete production.

3. On August 4, 2020, Eli Lazarus, my co-counsel in this case, sent an email to Rachele Byrd and Ted Wojcik, counsel for the consumer plaintiffs and developer plaintiffs respectively, and to their colleagues, explaining that producing the transactional data as requested will take significant efforts, that Apple continues to investigate how to produce the data in accordance with plaintiffs' requests in light of the constraints, and that difficulties created by the pandemic exacerbate the situation. A true and correct copy of this letter is attached hereto as **Exhibit 1**.

4. On August 5, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, explaining that while Apple is able to produce the materials in relational tables "the processing and analysis time will likely be greater." A true and correct copy of this letter is attached hereto as **Exhibit 2**.

5. On August 7, 2020, my colleagues and I attended a telephonic meet and confer with counsel for consumer plaintiffs and developer plaintiffs. On that call Apple explained it would take at least two weeks to produce the data as a relational table.

6. On August 14, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, again explaining that it would take at least two weeks to produce the data as a relational table. A true and correct copy of this letter is attached hereto as **Exhibit 3**.

7. On August 24, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, again explaining the burden of extracting and organizing the large volume of data. A true and correct copy of this letter is attached hereto as **Exhibit 4**.

8. On September 10, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, explaining that additional requests increase the time to complete the full production. A true and correct copy of this letter is attached hereto as **Exhibit 5**.

9. On October 12, 2020, Mr. Lazarus sent a letter to Ms. Byrd and Mr. Wojcik, addressing their concerns regarding data discovery and again explaining that additional requests increase the time to complete the production. A true and correct copy of this letter is attached hereto as **Exhibit 6**.

10. On October 23, 2020, Mr. Lazarus sent a letter to Ms. Byrd and Mr. Wojcik, addressing their concerns regarding data discovery and again explaining that additional requests increase the time to complete the production. A true and correct copy of this letter is attached hereto as **Exhibit 7**.

11. On October 27, 2020, I sent a letter to Robert Lopez, counsel for the developer plaintiffs, and to Ms. Byrd, explaining that Apple is prepared to produce the transactional data but that the production is a significant undertaking. A true and correct copy of this letter is attached hereto as **Exhibit 8**.

12. On November 2, 2020, I sent a letter to Ben Siegel, counsel for the developer plaintiffs, and to Ms. Byrd, addressing their concerns regarding the production of transactional data and explaining that each of plaintiffs' additional demands increase the time to complete the full production. A true and correct copy of this letter is attached hereto as **Exhibit 9**.

13. On November 6, 2020, Mr. Lazarus sent a letter to Ms. Byrd and Mr. Wojcik, explaining that plaintiffs' expectation ignores the necessary effort required by Apple to make the production. A true and correct copy of this letter is attached hereto as **Exhibit 10**.

14. On December 10, 2020, Mr. Lazarus sent an email to Mr. Siegel, Mr. Wojcik, and Ms. Moskowitz, counsel for Epic Games, Inc., and their respective colleagues, stating that "[b]ecause Apple [] agreed to certain of plaintiffs' demands to include additional fields, assembling the final data set will require some additional time." A true and correct copy of this letter is attached hereto as **Exhibit 11**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 30, 2020, at Coronado, California.

*/s/ Ethan D. Dettmer*
Ethan D. Dettmer

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF ETHAN D. DETTMER ISO APPLE'S RESPONSE TO DECEMBER 18 ORDER