# EXHIBIT 10

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Eli M. Lazarus
Direct: +1 415.393.8340
Fax: +1 415.374.8496
ELazarus@gibsondunn.com

November 6, 2020

VIA ELECTRONIC MAIL

Rachele R. Byrd
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 1820
San Diego, CA 92101

Ted Wojcik
Hagens Berman Sobol Shapiro LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101

Re:   *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR

Dear Rachele and Ted:

We have been engaged in the discovery process for more than a year now. In that time, Apple has produced 3,693,256 documents without a single dispute needing to be brought before Magistrate Judge Hixson. During the case management conference on October 19, 2020, the Court reiterated the importance of a "focused and efficient" discovery process. Oct. 19, 2020 Hr'g Tr. at 20:17-18. But in the eleven business days following this direction from Judge Gonzalez Rogers, Plaintiffs bombarded Apple with eleven lengthy communications making duplicative, disproportionate, and disingenuous demands.

Beginning immediately after the October 19 conference, Plaintiffs sent Apple seven letters in eight days, raising multiple subjects divided into at least 50 particular issues in over 65 pages, and demanding immediate responses. *See* Oct. 19, 2020 Letter from T. Wojcik and R. Byrd; Oct. 20, 2020 Letter from T. Wojcik and R. Byrd; Oct. 21, 2020 Letter from R. Byrd; Oct. 22, 2020 Letter from R. Lopez and R. Byrd; Oct. 23, 2020 Letter from T. Wojcik and R. Byrd; Oct. 24, 2020 Letter from R. Byrd and T. Wojcik; Oct. 27, 2020 Letter from B. Siegel and R. Byrd. In these letters, Plaintiffs ignored their own agreement—and the Court's directive—to coordinate their discovery requests. *See* Order Granting Stipulation Regarding Coordination of Discovery, Consumer ECF No. 194, Developer ECF No. 80.

Apple responded promptly, reasonably, and cooperatively to this barrage. Apple sent eight formal letters (in addition to numerous emails) responding to Plaintiffs' questions, requests, and demands. *See* Oct. 25, 2020 Letter from E. Lazarus; Oct. 27, 2020 Letter from E. Dettmer; Oct. 27, 2020 Letter from E. Lazarus; Oct. 28, 2020 Letter from J. Srinivasan; Oct. 30, 2020 Letter from E. Lazarus; Nov. 2, 2020 Letter from E. Dettmer; Nov. 2, 2020 Letter from E. Lazarus; Nov. 3, 2020 Letter from E. Dettmer. We have also held lengthy phone conversations with you on these various subjects on October 21 and October 29. In response

**GIBSON DUNN**

November 6, 2020
Page 2

to Apple's detailed communications, Plaintiffs sent two more messages to Apple. *See* Oct. 28, 2020 Email from R. Lopez; Nov. 3, 2020 Letter from R. Byrd. Apple responded promptly to those as well. *See* Oct. 30, 2020 Letter from J. Srinivasan; Nov. 4, 2020 Letter from E. Lazarus.

There is really only one conclusion to be drawn from the events of the past two weeks: While Plaintiffs have tried to manufacture as many discovery disputes as possible, Apple has continuously worked to resolve them by promptly meeting with you about Plaintiffs' concerns, clarifying misunderstandings, conducting additional searches and investigations, and committing to additional productions. Apple has already invested extraordinary resources in ensuring a complete and timely production of the documents and data Plaintiffs requested, including nearly 3.7 million documents by July 30, 2020 and over 100 million rows of transactional data in the format Plaintiffs requested by September 6, 2020. Apple has accommodated Plaintiffs' requests where it is reasonable to do so, and has explained in detail where Plaintiffs are being unreasonable. Plaintiffs, in contrast, have offered no accommodations.

At the same time, Plaintiffs continue to demand additional custodians beyond the 15 from whom Apple has already produced millions of documents. On February 25, 2020, Plaintiffs requested the addition of nine other custodians, including Tim Cook and Steve Jobs. Apple promptly responded and explained why the addition of these individuals as custodians would be inappropriate. Plaintiffs said nothing in response. Over six months later, and only after Apple substantially completed its document productions, Plaintiffs raised the issue again and demanded production from even more custodians. As you know, Apple remains willing to meet and confer with Plaintiffs about these issues but expects that Plaintiffs do so in a manner that complies with the Court's clear directives and the Coordination Order. *See* Oct. 28, 2020 Letter from J. Srinivasan; Oct. 30 Letter from J. Srinivasan. This must include coordination with Epic.

Apple is aware that Plaintiffs are seeking an extension of the deadline to file their class certification motions. Apple has opposed that request because, among other things, it would play havoc with the coordinated schedule imposed by the Court for all three matters—*Cameron*, *Pepper*, and *Epic*. Indeed, Judge Gonzalez Rogers has indicated that she would prefer the class certification motion to be briefed before the *Epic* trial begins in May 2021. Oct. 19, 2020 Hr'g Tr. 31:14-32:1 ("THE COURT: . . . when I put the schedule in place, I had your schedule in mind, and I thought it would behoove the Court to have all of that briefing in so that when I started this discussion, you know, I want to understand the landscape. . . . I anticipated it being done so that when I went into trial on this particular piece, I would have the full scope of your class certifications in mind . . . .").

**GIBSON DUNN**

November 6, 2020
Page 3


At the CMC on October 19, the Court indicated that the class certification deadline will not move unless Plaintiffs can convince Magistrate Judge Hixson that they have been prejudiced by some discovery dispute. *Id.* at 38:7-12 ("THE COURT: I don't want a motion [for an extension] until I have dueling lists of depositions, so are they going to be together or not, and if you even mention the failure to produce millions of documents, then that has to go in front of Judge Hixson first. So you cannot bring that motion without having certainty on those two topics."). The flurry of activity since then—after months of inactivity by Plaintiffs—shows what Plaintiffs' real motive is here: Plaintiffs have no interest in reaching reasonable, negotiated positions on any remaining discovery disputes. Rather, Plaintiffs are trying to magnify and amplify such disputes in the hopes that Magistrate Judge Hixson will make a finding that will provide a basis for an extension motion.

Plaintiffs have not been prejudiced by anything that has transpired. The exchange of letters and other correspondence, and the lengthy conferences, over the last few weeks confirm how little Plaintiffs actually have to complain about—

- Cost data: Plaintiffs seek certain documents referenced in embedded links contained in certain other produced documents. Apple has produced some of these, and offered to conduct a search for a manageable number of others. Plaintiffs have not accepted that compromise. Plaintiffs have also raised questions about databases containing cost data relating to the App Store. Where such data is available, Apple has agreed to produce it. Plaintiffs demand *all* cost data relating to the App Store, even though Apple has explained that its corporate costs are not allocated in the way that Plaintiffs imagine, such that gathering costs attributable to the App Store is, for the most part, not possible.

- Transaction data: After more than eight months of questions and answers on Apple's transactional data set, Plaintiffs suddenly demand that Apple produce all of its transactional data according to Plaintiffs' most recently stated preferences while also adding new questions and reserving their right to add further requests related to this data at their discretion, apparently without concern for the tremendous effort and cost that such productions impose on Apple.

- Consumers' Second set of RFPs: Plaintiffs complain that Apple's statements that it has or will produce documents responsive to many of Consumer Plaintiffs' September 1, 2020 document requests are insufficient to guarantee that Plaintiffs will get everything they want. They insist that Apple should go back to square one with its collection and review of documents, adding custodians, too. Here, again, Plaintiffs exhibit no concern for the enormous

November 6, 2020
Page 4

discovery burdens Apple has already undertaken in this matter, and the further burdens their requests will place on Apple. Nor do Plaintiffs exhibit any concern for the proportionality of these demands to the needs of the case.

All of these remaining issues should be resolvable by the parties, just as all previous issues in these cases have been.

Unfortunately, Plaintiffs have now sent Apple three draft letters to raise at least 16 discrete issues with Magistrate Judge Hixson. *See* Oct. 30, 2020 Email from R. Byrd; Nov. 1, 2020 Email from B. Siegel; Nov. 4 Email from B. Siegel. Apple will respond to those drafts in due course, but we wish to emphasize that Plaintiffs' rush to the courthouse is inappropriate and contrary to the efficient conduct of discovery that is necessary to these cases.

Sincerely,

Eli M. Lazarus