| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | MARK A. PERRY, SBN 212532<br>mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*)<br>hphillips2@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |
| VERONICA S. LEWIS (Texas Bar No. 24000092; *pro hac vice*)<br>vlewis@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900 | ETHAN D. DETTMER, SBN 196046<br>edettmer@gibsondunn.com<br>ELI M. LAZARUS, SBN 284082<br>elazarus@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 |

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>  Plaintiff, Counter-defendant<br>v.<br>APPLE INC.,<br>  Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br>Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR<br>**DECLARATION OF ETHAN D. DETTMER IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS CONCERNING ITS STATEMENT IN RESPONSE TO ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE**<br>Hon. Yvonne Gonzalez Rogers |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al.*,<br>  Plaintiffs<br>v.<br>APPLE INC.,<br>  Defendant. | |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN D. DETTMER ISO APPLE'S MOTION TO FILE UNDER SEAL EXHIBITS CONCERNING ITS NOTICE IN RESPONSE TO DECEMBER 18 ORDER

I, Ethan D. Dettmer, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. Except where otherwise stated, I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Defendant Apple Inc.'s Administrative Motion to File under Seal Exhibits Concerning Its Statement in Response to the Order Tentatively Denying the Administrative Motion to Modify the Case Schedule ("Statement").

2. In proceedings before Magistrate Judge Thomas S. Hixson, Apple Inc. has already been granted leave to file under seal the same information that it seeks to seal here. *See In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, Dkt. No. 317 (Dec. 22, 2020); *Cameron v. Apple*, No. 19-cv-03074 Dkt. No. 192 (Dec. 22, 2020).

3. The request for relief is narrowly tailored and necessary to the confidentiality of information in certain documents described below.

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. At the same time, Apple must guard against nefarious actors on the lookout for information that might help them hack into Apple systems, whether to steal proprietary information and then sell it or in order to disrupt Apple's provision of products and services. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

5. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court records without jeopardizing Apple's business interests.

6. The following paragraphs describe exhibits to my separate declaration in support of Apple's Statement and the portions of those exhibits that Apple seeks to file under seal.

Gibson, Dunn & Crutcher LLP

1
DECLARATION OF ETHAN D. DETTMER ISO APPLE'S MOTION TO FILE UNDER SEAL EXHIBITS CONCERNING ITS NOTICE IN RESPONSE TO DECEMBER 18 ORDER

7. On August 4, 2020, Eli Lazarus, my co-counsel in this case, sent an email to Rachele Byrd and Ted Wojcik, counsel for the consumer plaintiffs and developer plaintiffs respectively, and to their colleagues, explaining that producing transactional data as plaintiffs had requested will take significant efforts, that Apple continued to investigate how to produce the data in accordance with plaintiffs' requests in light of the constraints, and that difficulties created by the pandemic exacerbate the situation. A true and correct copy of this letter is attached hereto as **Exhibit 1**. Apple does not request redactions with regard to **Exhibit 1**.

8. On August 5, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, explaining that while Apple is able to produce the materials in relational tables "the processing and analysis time will likely be greater." A true and correct copy of this letter is attached hereto as **Exhibit 2**. Apple requests sealing of **Exhibit 2**, pp. 2–4, where highlighted for redaction, which contain information that reveals the names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

9. On August 7, 2020, my colleagues and I participated in a telephonic meet and confer with counsel for consumer plaintiffs and developer plaintiffs. On that call Apple explained it would take at least two weeks to produce the data as a relational table.

10. On August 14, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, again explaining that it would take at least two weeks to produce the data as a relational table. A true and correct copy of this letter is attached hereto as **Exhibit 3**. Apple requests sealing of **Exhibit 3**, pp. 2–3, 7–8, 13–14, 16, where highlighted for redaction, which contain information that reveals the names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

11. On August 24, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, again explaining the burden of extracting and organizing the large volume of data. A true and correct copy of this letter is attached hereto as **Exhibit 4**. Apple requests sealing of **Exhibit 4**, pp. 2–4, 6–7, 11–12, 17–18, 20–21, where highlighted for redaction, which contain information that reveals the names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF ETHAN D. DETTMER ISO APPLE'S MOTION TO FILE UNDER SEAL EXHIBITS CONCERNING ITS NOTICE IN RESPONSE TO DECEMBER 18 ORDER

12. On September 10, 2020, Mr. Lazarus sent an email to Ms. Byrd, Mr. Wojcik, and their colleagues, explaining that additional requests increase the time to complete the full production. A true and correct copy of this letter is attached hereto as **Exhibit 5**. Apple requests sealing of **Exhibit 5**, pp. 2, 6–7, 9, 11–12, 14, 19–20, 25–28, where highlighted for redaction, which contain information that reveals the names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

13. On October 12, 2020, Mr. Lazarus sent a letter to Ms. Byrd and Mr. Wojcik, addressing their concerns regarding data discovery and again explaining that additional requests increase the time to complete the production. A true and correct copy of this letter is attached hereto as **Exhibit 6**. Apple requests sealing of **Exhibit 6**, pp. 2–7, where highlighted for redaction, which contain information that reveals the names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

14. On October 23, 2020, Mr. Lazarus sent a letter to Ms. Byrd and Mr. Wojcik, addressing their concerns regarding data discovery and again explaining that additional requests increase the time to complete the production. A true and correct copy of this letter is attached hereto as **Exhibit 7**. Apple requests sealing of **Exhibit 7**, pp. 2, 4–5, where highlighted for redaction, which contain information that reveals the names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

15. On October 27, 2020, I sent a letter to Robert Lopez, counsel for the developer plaintiffs, and to Ms. Byrd, explaining that Apple is prepared to produce the transactional data but that the production is a significant undertaking. A true and correct copy of this letter is attached hereto as **Exhibit 8**. Apple does not request redactions with regard to **Exhibit 8**.

16. On November 2, 2020, I sent a letter to Ben Siegel, counsel for the developer plaintiffs, and to Ms. Byrd, addressing their concerns regarding the production of transactional data and explaining that each of plaintiffs' additional demands increase the time to complete the full production. A true and correct copy of this letter is attached hereto as **Exhibit 9**. Apple requests sealing of **Exhibit 9**, pp. 4, 8–9, where highlighted for redaction, which contain information that reveals the

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF ETHAN D. DETTMER ISO APPLE'S MOTION TO FILE UNDER SEAL EXHIBITS CONCERNING ITS NOTICE IN RESPONSE TO DECEMBER 18 ORDER

names of nonpublic database field codes, field values or otherwise describes the data, formulas used to create data, or whether particular data exists.

17. On November 6, 2020, Mr. Lazarus sent a letter to Ms. Byrd and Mr. Wojcik, explaining that plaintiffs' expectation ignores the necessary effort required by Apple to make the production. A true and correct copy of this letter is attached hereto as **Exhibit 10**. Apple does not request redactions with regard to **Exhibit 10**.

18. On December 10, 2020, Mr. Lazarus sent an email to Mr. Siegel, Mr. Wojcik, and Ms. Moskowitz, counsel for Epic Games, Inc., and their respective colleagues, stating that "[b]ecause Apple [] agreed to certain of plaintiffs' demands to include additional fields, assembling the final data set will require some additional time." A true and correct copy of this letter is attached hereto as **Exhibit 11**. Apple does not request redactions with regard to **Exhibit 11**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 30, 2020, at Coronado, California.

                                        */s/ Ethan D. Dettmer*
                                          Ethan D. Dettmer

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF ETHAN D. DETTMER ISO APPLE'S MOTION TO FILE UNDER SEAL EXHIBITS CONCERNING ITS NOTICE IN RESPONSE TO DECEMBER 18 ORDER