# EXHIBIT 1

| | |
|---|---|
| **From:** | Lazarus, Eli M. |
| **Sent:** | Tuesday, August 4, 2020 9:43 AM |
| **To:** | 'Ted Wojcik' |
| **Cc:** | bens@hbsslaw.com; byrd@whafh.com; Dettmer, Ethan; Richman, Cynthia; Swanson, Daniel G.; Srinivasan, Jay P.; Phillips, Harry; Craig, Dana Lynn; Dansey, Lauren; robl@hbsslaw.com; shanas@hbsslaw.com; rifkin@whafh.com; guiney@whafh.com; dejong@whafh.com; warren@whafh.com; steve@hbsslaw.com |
| **Subject:** | RE: Apple App Store Antitrust |

Dear Ted: thanks for your email. We are surprised at your insistence that we are "at an impasse." We are still awaiting your full feedback on the sample data set in order to be able to finalize the production of this data. We are also talking with the technical people on our team about your assertion that a single file production will be significantly more difficult to work with than a relational file production (and the further information you provided last night should be helpful in those inquiries). Apple may be willing to produce the data in a different format, <u>if in fact</u> the data is significantly easier to work with in that other format. We are confirming with our technical team whether that is true with respect to this data, and expect to have an answer within the next couple of days.

To be clear, you have not asserted that the format of production we have proposed will result in any responsive data becoming inaccessible or otherwise missing. At bottom, your claim that this data format renders the data not "reasonably usable" appears to be limited to your assertion that "each read of [the produced structured] data could require a significant amount of time – potentially in excess of sixteen hours." You do not say how this "potential" amount of time would compare to similar reads of data from relational tables, and thus it is hard to compare how much more or less reasonably usable this format is, but (as noted) we are asking our technical people about this and expect to have an answer within the next couple of days.

I am not going to go point by point and respond to your other assertions, as it does not seem fruitful to multiply our disagreements. But let me respond to your core complaint. Your central concern appears to be that, in your view, Apple has taken too long to produce the documents and data that it has produced and is producing. Our teams have discussed this at length, but let me repeat the essence of our position: Apple has produced a huge amount of custodial data, and has done an enormous amount of work to locate and prepare to produce structured data. It has done both of these things under the very challenging conditions created by the pandemic for the past five months – challenging conditions that you have acknowledged and said that your teams shared. Indeed, Apple has also agreed to the plaintiffs' request for a *four month* extension of the schedule in part due to those conditions.

We now appear to be very close to be ready for production of the structured data, as there seem to be only a few more issues for our teams to discuss to make that production possible. It seems to us that going to the Court now will only slow this process down, and we do not think this is productive. We are happy to talk with you today, if you insist, but we do not think that such a call will be productive until after we have heard back from our technical people about the issue you highlighted yesterday and last night.

Best,
Eli


**Eli Lazarus**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8340 • Fax +1 415.374.8496
ELazarus@gibsondunn.com • www.gibsondunn.com

---

**From:** Ted Wojcik <tedw@hbsslaw.com>
**Sent:** Monday, August 3, 2020 11:40 PM
**To:** Lazarus, Eli M. <ELazarus@gibsondunn.com>
**Cc:** bens@hbsslaw.com; byrd@whafh.com; Dettmer, Ethan <EDettmer@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Craig, Dana Lynn <DCraig@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; robl@hbsslaw.com; shanas@hbsslaw.com; rifkin@whafh.com; guiney@whafh.com; dejong@whafh.com; warren@whafh.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Antitrust

[External Email]
Dear Eli,

Thanks for your response. Below is some additional detail about our position that should adequately explain why the developer plaintiffs have concluded that the parties are at an impasse. We also reiterate below our request for a phone call tomorrow at your earliest convenience, consistent with Magistrate Judge Hixson's standing order.

You ask whether it is plaintiffs' position that the single-file production Apple proposes will not be "reasonably usable." As we have explained on several occasions, yes. Most recently, in our July 9 letter – as well as in Ben Siegel's subsequent July 17, July 28, and July 31 emails – we explained, in detail, (1) why production in separate tables would "significantly alleviate the burden for both sides" and "ensure both that Apple's data are saved in a space-efficient manner and not incorrectly disturbed," and (2) that production in a single table would, by contrast, "very likely inflate the size of the data by many times." *See, e.g.*, July 9 letter at 2-4. Our July 31 email identifies relevant legal authorities, including the Advisory Committee Notes to Rule 34, which explain that "the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Fed. R. Civ. P. 34(b) Advisory Comm. Notes to 2006 Amendment. It also explains why, pursuant to those rules, Apple's data should be produced in relational tables, which "would be far less burdensome and less difficult to use efficiently in this case than a single, flat file."

Apple did not respond to our July 9 letter and subsequent emails until your July 31 letter. In that letter, Apple rejects plaintiffs' arguments and request for production in relational tables, and has taken the position that it will produce the data in a single table. This means the parties are at an impasse on this time-sensitive issue, which now requires resolution.

To elaborate on the developer plaintiffs' position, we have concluded after careful consideration, including on the basis of the sample finally provided to us on July 23, that the single-file format proposed by Apple is not "reasonably usable" within the meaning of the relevant authorities. For example, Apple's conversion of data from relational tables to a single file inflates the size of the data so significantly that efficient access to and analysis of the data will be far more difficult and burdensome. Assuming local storage and access, a hard disk with a generous bandwidth might average 600 MB per second. If Apple produces 35 terabytes of data, each read of that data could require a significant amount of time – potentially in excess of sixteen hours. Furthermore, developer plaintiffs contend that they are due production of data relating to distribution transactions corresponding to retail sales from foreign App Store storefronts, which, according to you, will amplify the size of the total production, and thus further degrade the usability of the data, significantly.

This is at odds with the requirements of Rule 34. Further, in an attempt to avoid this situation, the developer plaintiffs have consistently asked for information regarding Apple's data and proposed plans for collection and production of data

2

and documents.  Yet repeatedly, Apple's answer has been that the developer plaintiffs aren't entitled to this helpful information, and that their requests for information are attempts at impermissible discovery on discovery.  *Cf.* N.D. Cal. Checklist For Rule 26(F) Meet And Confer Regarding Electronically Stored Information (under the "Production" heading as a topic to be discussed: "The formats in which structured ESI (database, collaboration sites, etc.) will be produced."); N.D. Cal. Guidelines for the Discovery of Electronically Stored Information, Guideline 1.02 ("*The Court expects cooperation on issues relating to the preservation, collection, search, review, and production of ESI. . . .  The Court emphasizes the particular importance of cooperative exchanges of information at the earliest possible stage of discovery*, including during the parties' Fed. R. Civ. P. 26(f) conference.") (emphasis added); Guideline 2.02 ("In order to be meaningful, the meet and confer should be as sufficiently detailed on these topics as is appropriate in light of the specific claims and defenses at issue in the case. Some or all of the following details may be useful to discuss, especially in cases where the discovery of ESI is likely to be a significant cost or burden: . . .  Search and production of ESI, such as any planned methods to identify discoverable ESI and filter out ESI that is not subject to discovery, or whether ESI stored in a database can be produced by querying the database and producing discoverable information in a report or an exportable electronic file . . . .") (emphasis added).

Notwithstanding the foregoing, you state that "[p]laintiffs did not make any request that the data be produced in relational tables until July 9, after Apple had completed significant and burdensome work toward production of this data."  Again, this is not consistent with the record of communication between the parties.  Since February, plaintiffs have repeatedly – and without substantive response – requested that Apple more clearly specify the manner in which its data is stored, as well as the manner in which it intends to produce that data.  For example, by letter dated February 24, 2020, plaintiffs requested that Apple (i) identify its databases, "particularly those databases with structured data"; (ii) generate a sample of that data for review by plaintiffs; and (iii) more clearly describe the features of its relational databases.  *See* February 24 letter at 4.  The purpose of this was to enable plaintiffs to make "reasonable requests for additional information from Apple to explain the database[,]" and thus to further the parties' ability to meet and confer on this issue "*prior* to final production of data from a database[.]"  *Id.* at 4-5 (emphasis added).  Plaintiffs also requested that "[t]he parties . . . meet and confer prior to final production of data from a database, regarding the substance of the production, as well as the format of production to ensure that data is produced in a usable format."  *Id.* at 5.

Apple cannot for months refuse plaintiffs' requests to describe its databases, the proposed form of production, and related request for a sample, and then assert credibly that plaintiffs' objection to the proposed form of production is untimely.  Had Apple, prior to July 31, answered questions regarding the form in which it stores its data and how it proposed to produce its data, the parties would not find themselves on August 3 in the instant situation (assuming that Apple has actually already readied the production in flat form, without conferring with us first).  Indeed, it was only on July 23, 2020, that Apple produced the long-sought sample of transactional data for plaintiffs' review, thus preventing them from adequately assessing (and objecting to) what you now have confirmed, as of this past Friday, is the intended format of Apple's forthcoming production.

Finally, and in any event, Apple is obligated to produce its data in a manner that complies with Rule 34 and the relevant case law.  Plaintiffs believe these authorities require production here in relational tables.

We requested in my prior email that Apple make itself available for a telephone call today to discuss this issue.  Apple has yet to respond to this request.  We again ask for a phone call for tomorrow (Tuesday) at your earliest convenience, which we believe is consistent with Magistrate Judge Hixson's standing order. Please identify a time tomorrow that works.  We further ask that Apple respond to plaintiffs' proposed briefing schedule, as previously requested.

Best,
Ted

Ted Wojcik | **Hagens Berman Sobol Shapiro LLP** | Direct: (206) 268-9329

**From:** Lazarus, Eli M. <elazarus@gibsondunn.com>
**Sent:** Monday, August 3, 2020 5:32 PM

**To:** Ted Wojcik <TedW@hbsslaw.com>
**Cc:** Ben Siegel <bens@hbsslaw.com>; byrd@whafh.com; edettmer@gibsondunn.com; crichman@gibsondunn.com; dswanson@gibsondunn.com; jsrinivasan@gibsondunn.com; hphillips2@gibsondunn.com; dcraig@gibsondunn.com; ldansey@gibsondunn.com; Rob Lopez <robl@hbsslaw.com>; Shana Scarlett <shanas@hbsslaw.com>; rifkin@whafh.com; guiney@whafh.com; dejong@whafh.com; warren@whafh.com; Steve Berman <Steve@hbsslaw.com>
**Subject:** RE: Apple App Store Antitrust

Ted, we do not agree that we are at impasse on the issue of whether the transactional data will be produced as a single table or as multiple relational tables. We are certainly willing to discuss this with you further, and we want to understand your position with respect to this issue.

We note that plaintiffs' RFPs requested that "[t]o the extent responsive DOCUMENTS reside on databases and other such systems and files, [Apple] produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information." And as you note, "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or *in a reasonably usable form* or forms." Fed. R. Civ. P. 34(E)(ii). Apple has worked diligently to prepare transactional data for production in a usable form that will allow plaintiffs to access and search the data. Plaintiffs did not make any request that the data be produced in relational tables until July 9, after Apple had completed significant and burdensome work toward production of this data.

You now argue that data produced in relational tables "would [be] much more efficient and 'user-friendly.'" But "more efficient and user-friendly" is not the standard. Apple is obligated to produce the data in a reasonably usable form and is prepared to do so. Your correspondence does not clearly take the position that a single-file production will not be reasonably usable. Do you mean to take that position, and if so, can you please explain how a single, searchable table containing all of the produced data would not be reasonably usable? Do you believe that there is any responsive and relevant information that will be missing or inaccessible because of this production format? If so, please provide the specifics of your position.

As noted, we are certainly willing to explore this issue further with you. We are available to speak with you, but we believe our discussion would benefit from further clarification of plaintiffs' position as requested above. We also look forward to hearing other feedback that you may have on our sample data production.


**Eli Lazarus**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8340 • Fax +1 415.374.8496
ELazarus@gibsondunn.com • www.gibsondunn.com

---

**From:** Ted Wojcik <tedw@hbsslaw.com>
**Sent:** Monday, August 3, 2020 10:32 AM
**To:** Lazarus, Eli M. <ELazarus@gibsondunn.com>
**Cc:** bens@hbsslaw.com; byrd@whafh.com; Dettmer, Ethan <EDettmer@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Craig, Dana Lynn <DCraig@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; robl@hbsslaw.com; shanas@hbsslaw.com; rifkin@whafh.com; guiney@whafh.com; dejong@whafh.com; warren@whafh.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Antitrust

[External Email]
Dear Eli and Apple Counsel:

Thank you for your letter on July 31 responding to some of this issue raised in plaintiffs' July 9 data letter and follow up emails.  Though we believe Apple's responses are incomplete and require further follow up, it appears that we have reached an impasse on the critical issue of how Apple proposes to produce the data.  This issue is time-sensitive.  Thus, we need to proceed to the five page joint letter briefing under Magistrate Judge Hixson's standing order now.

Below, we describe the issue for dispute and plaintiffs' proposed briefing schedule.  We ask for Apple's agreement or any proposed modification by close of business today.  To confirm the parties' positions, and consistent with Judge Hixson's requirements, we also ask that you make yourself available today for a phone call on this issue.

**Issue for resolution**: Plaintiffs move for Apple's ultimate production of responsive and relevant data in multiple relational tables - i.e., the relational tables in which Apple itself stores the data.  Apple declines to do so, and plans to take the relevant and responsive data from those multiple tables and convert it into a single table for production.

**Proposed briefing schedule** (in accordance with https://www.cand.uscourts.gov/wp-content/uploads/judges/hixson-tsh/TSH-Discovery-Standing-Order.pdf, under point (2)):  (1) The parties exchange each side's 2.5 page portion of the joint statement and any exhibits on Monday, August 10, 2020 at 5 pm PST (plaintiffs will also send the proposed cover page at that time); (2) the parties exchange final versions of their 2.5 page portion and exhibits, incorporating responses to the other side's initial draft, on Wednesday, August 12, 2020 at 12 pm PST; and (3) after each side's portion with exhibits and with the cover page are combined into a final version by plaintiffs' counsel's staff, and circulated, each side gives final approval and plaintiffs will file.

Again, plaintiffs request Apple's agreement or any proposed modification to this schedule by close of business today.  While we will consider any such proposed modification, we believe that our proposed briefing schedule for a single-issue, 2.5 page joint discovery letter is sufficient.  Moreover, plaintiffs have sought resolution of this issue for some time; given the need for timely production of data, it is time-sensitive.  Thus, plaintiffs will be hesitant to agree to any extension to the briefing schedule, which we believe would be prejudicial.

Best,
Ted

Ted Wojcik | **Hagens Berman Sobol Shapiro LLP |** Direct: (206) 268-9329

---

**From:** Lazarus, Eli M. <elazarus@gibsondunn.com>
**Sent:** Friday, July 31, 2020 9:28 PM
**To:** byrd@whafh.com; dejong@whafh.com; Rob Lopez <robl@hbsslaw.com>; Ben Siegel <bens@hbsslaw.com>; Ted Wojcik <TedW@hbsslaw.com>
**Cc:** crichman@gibsondunn.com; dswanson@gibsondunn.com; vlewis@gibsondunn.com; edettmer@gibsondunn.com; dcraig@gibsondunn.com; ldansey@gibsondunn.com
**Subject:** Apple App Store Antitrust

Counsel,

Please see the attached correspondence.

Very best,
Eli

**Eli Lazarus**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8340 • Fax +1 415.374.8496
ELazarus@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.