PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
27th Floor San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br> Case No. 4:11-cv-06714-YGR-TSH <br> Case No. 4:19-cv-03074-YGR-TSH |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | **EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTION OF TRANSCRIPT** <br><br> Judge: Hon. Magistrate Thomas S. Hixson |
| DONALD R. CAMERON, *et al.*, <br><br> *Plaintiffs,* <br> v. <br> APPLE INC., <br><br> *Defendant*. | |

EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTION OF TRANSCRIPT
4:20-cv-05640-YGR-TSH; 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH

1    Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Epic Games, Inc. ("Epic")
2 moves the Court to seal lines 11 through 15 on page 28 of the transcript of a hearing held
3 before the Court on December 30, 2020.  A redacted version of the transcript is submitted
4 herewith, and an unredacted version of the transcript with the proposed redactions highlighted,
5 is being filed under seal concurrently with this motion.

6    Epic is filing this motion because Apple Inc. ("Apple") designated a document (APL-
7 APPSTORE_00227526, filed under seal at Dkt. 217-1) as "CONFIDENTIAL" under the
8 protective orders entered in the above-captioned cases.  (*Epic Games, Inc. v. Apple Inc.*,
9 No. 20-cv-05640-YGR-TSH, Dkt. 112; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-
10 06714-YGR-TSH, Dkt. 199; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-
11 YGR-TSH, Dkt. 85.)  Counsel for Epic referenced two numbers contained within the document
12 at a hearing before the Court on December 30, 2020, and then immediately stopped and called
13 the Court's attention to the issue.  (*See* 12/30/20 Hr'g Tr. at 28:11-15.)  Later that day, Apple
14 insisted that Epic file a motion to seal today, December 31, 2020, or else it would seek
15 sanctions, claiming that Epic's actions were a disclosure of "HC-AEO" information.  (Ex. A.)
16 In fact, the information was designated as "CONFIDENTIAL".  (Dkt. 217-1.)  Epic does not
17 concede the appropriateness of that designation or that any usable or meaningful information
18 could be derived from this portion of the transcript, but is nonetheless making the motion in
19 light of Apple's request.

20    Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a
21 party "establishes that the documents, or portions thereof, are privileged, protectable as a trade
22 secret or otherwise entitled to protection under the law".  Civ. L.R. 79-5(b).  Under this
23 standard, a party seeking to seal a document generally must overcome the "strong presumption
24 in favor of access" that applies to court documents other than those that are traditionally kept
25 secret.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations
26 omitted).  However, the "public has less of a need for access to court records attached only to
27 non-dispositive motions because those documents are often 'unrelated, or only tangentially
28

related to the underlying cause of action.'" *Id.* at 1179 (citations omitted).  Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. Jun. 17, 2013).  A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).

Epic now requests that the Court seal the following document as described below:

| **Document** | **Redacted Material** |
|---|---|
| Transcript of hearing on December 30, 2020 | Page 28, lines 11 through 15 |

Dated: December 31, 2020

CRAVATH, SWAINE & MOORE LLP
    Christine Varney
    Katherine B. Forrest
    Gary A. Bornstein
    Yonatan Even
    Lauren A. Moskowitz
    M. Brent Byars

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*
    Lauren A. Moskowitz

*Attorneys for Plaintiff Epic Games, Inc.*