# Exhibit 1

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER
—————————

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700
—————————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

November 25, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal);
*Cameron v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH (N.D. Cal);
*In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH (N.D. Cal)

Dear Jay:

I write on behalf of all Plaintiffs in the above-referenced matters ("Plaintiffs") regarding depositions of current and former Apple Inc. ("Apple") employees. Based on our current review of Apple's production and knowledge of the above-referenced matters, Plaintiffs intend to depose the following current and former Apple employees (listed alphabetically):

1. Mary Brunson
2. Tim Cook
3. Eddy Cue
4. Craig Federighi
5. Matthew Fischer
6. Scott Forstall
7. Eric Friedman
8. Eric Gray
9. Mark Grimm
10. C.K. Haun
11. Trystan Kosmynka
12. Ron Okamoto
13. Carson Oliver
14. Shaan Pruden
15. Philip Schiller
16. Mike Schmid
17. Phillip Shoemaker
18. Tanya Washburn

Plaintiffs reserve their respective rights to supplement or modify this list as discovery progresses.  This list represents solely current or former Apple employees that Plaintiffs intend to depose in their personal capacity; Plaintiffs also intend to serve Rule 30(b)(6) topics on Apple as well as to depose third parties.

Please state whether Apple has any objection regarding the specific persons or the number of persons to be deposed.  Apple has previously stated it "believes that it is too early to tell if any relief from Rule 30(a)(2) is necessary".  (October 12, 2020 Joint Case Management Statement, *Epic v. Apple* (Dkt. 120) at 15.)  We believe the parties are now far enough along in the discovery process to stipulate to the number of depositions to be taken in the above-referenced matters or, if necessary, to raise this issue with the Court.

This letter is not intended to waive any rights, with respect to these depositions or others, and all such rights are expressly reserved.

We are available to meet and confer.

Sincerely,


s/ Lauren A. Moskowitz


Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
           dejong@whafh.com

BY EMAIL

# Exhibit 2

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
JSrinivasan@gibsondunn.com

December 7, 2020

<u>VIA ELECTRONIC MAIL</u>

Lauren Moskowitz
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019

Re:     *Cameron et al. v. Apple Inc.* (No. 19-cv-03074-YGR), *In re Apple iPhone Antitrust Litigation* (No. 11-cv-06714-YGR)

Dear Lauren:

I write in response to your November 25, 2020 letter regarding depositions of Apple employees.  We do not believe 18 party depositions—in addition to any depositions of third parties—is warranted or necessary.  At this time, Apple is not willing to waive the 10-deposition limit provided for in the Federal Rules; and Plaintiffs have neither provided any rationale for doing so, nor provided any offsetting accommodation to Apple.  Accordingly, please let us know the Apple employees (in addition to Messrs. Okamoto and Fischer) who Plaintiffs wish to depose within that limit, and we will secure dates for them.

If the parties reach a point where we all believe that more than ten depositions per side is warranted, we can address the issue at that time.  But Apple does not believe we have reached that point.  Plaintiffs have no way of knowing that each of these 18 individuals is necessary when they have yet to take a single deposition in this case despite the passage of many months from when class plaintiffs received the substantial bulk of Apple's documents.

In addition, Apple disagrees that Eddy Cue and Craig Federighi are appropriate deponents given their attenuated relevance to the issues in the lawsuit.  Further, as you know, Apple's position is that any deposition of Tim Cook should not exceed four hours.

Your letter also notes that Plaintiffs intend to take a 30(b)(6) deposition.  Please serve your 30(b)(6) notice, with all desired topics, right away.  To the extent a PMK on a particular subject is also being deposed in his or her individual capacity, Apple will make that person available only once.  Without advance notice and coordination, Plaintiffs will lose their ability to obtain PMK testimony on subjects for which the PMK already has been deposed.

**GIBSON DUNN**

December 7, 2020
Page 2

This is easily avoided if Plaintiffs serve us with their 30(b)(6) notice early.  We will do the same for our 30(b)(6) notice of Epic.

As for Epic custodians, we have identified the following individuals as likely candidates for a deposition:  (1) Andrew Grant; (2) Marc Hutcheson; (3) Haseeb Malik; (4) Nick Penwarden; (5) Mark Rein; (6) Adam Sussman; (7) Tim Sweeney; and (8) Matt Weissinger.  With respect to Marc Hutcheson and Haseeb Malik, please confirm whether Epic will be representing these individuals and will make them available for deposition.  Apple also intends to take a 30(b)(6) deposition of Epic as well as depositions of third parties.  The same caveats as in your letter apply.

We note that Apple is disadvantaged in identifying Epic deponents at this juncture because it has received only a fraction of Epic's documents and no documents at all with respect to certain Epic custodians.  On the other hand, Epic has long had millions of Apple documents.  Once Apple receives and reviews additional documents from Epic, we may identify additional deponents.

Sincerely,

/s/ *Jay P. Srinivasan*
Jay P. Srinivasan

JPS/bxy

# Exhibit 3

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

Client: 03290-00146

December 11, 2020

<u>VIA ELECTRONIC MAIL</u>

Lauren A. Moskowitz
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:     *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Lauren:

I write to follow up on the requests Apple made during our December 8, 2020 meet and confer regarding Plaintiffs' requests for depositions of Apple witnesses.

First, as Magistrate Judge Hixson stated at the December 9, 2020 hearing, Plaintiffs must provide Apple an explanation for why you need the depositions of the 18 Apple current/former employees identified in your November 25, 2020 letter to me. Your letter does little more than list the 18 individuals but fails to explain why the depositions of each of these 18 people is necessary and non-cumulative, particularly in light of the Coordination Order and the Court's directive that the parties be "focused and efficient" in seeking discovery. Oct. 19, 2020 Hr'g Tr. at 20:17-18. As we previously explained, without such information, Apple is unable to assess the appropriate number of depositions and which individuals are appropriate for deposition.

In addition, with respect to Epic specifically, we have explained that Apple is furthered handicapped in deposition discussions because Epic has produced only a fraction of its documents and has provided no further details about the timing of its document production. Unlike Epic, which has long had access to millions of Apple documents, Apple has received relatively few documents from Epic and has no visibility into when Epic intends to produce documents from each of its custodians. Under these circumstances, Apple is not in a position to assess its own needs and, therefore, opine how many depositions are appropriate based on the parties' limited resources and the shortened discovery period set by the Court.

**GIBSON DUNN**

Lauren A. Moskowitz
December 11, 2020
Page 2

On the December 8, 2020 call, we requested that (1) Plaintiffs provide explanation as to why all of the witnesses in your November 25, 2020 letter are necessary and non-cumulative; and, that (2) Epic provide additional information about its document production efforts, including when it intends to complete production from each custodian.  As we stated on the call, such information from Plaintiffs would help the parties to reach agreements or at least narrow the scope of a potential dispute.  As an example, we pointed out that Plaintiffs have offered no explanation as to why Mary Brunson, who is not named in *any* party's initial disclosures, is needed as an 18th Apple deponent.

Without additional information exchange between the parties, this manufactured dispute is premature and a waste of judicial resources.  As we explained on the call multiple times, Apple is willing to confer with Plaintiffs as to the number and identity of deponents. But in order to do so, Apple needs more information, as Magistrate Judge Hixson has recognized.

In any event, given that scheduling even ten depositions per side will be a challenge on the aggressive schedule set by the Court in *Epic*, please identify at your earliest convenience the next 4 depositions you intend to take so that we can begin to coordinate witness schedules.  In addition, as previously requested in our December 7, 2020 letter, please serve your 30(b)(6) notice, with all desired topics, as soon as possible so we can ensure coordination with individual 30(b)(1) depositions.  On December 23, 2020, Apple shuts down for the Christmas holiday until January 5, 2021, and we will be unable to reach or work with witnesses during that window.

Sincerely,

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan

JPS/bxy

cc: epic-mobileapps@cravath.com
    steve@hbsslaw.com
    robl@hbsslaw.com
    shanas@hbsslaw.com
    bens@hbsslaw.com
    rifkin@whafh.com
    byrd@whafh.com

**GIBSON DUNN**

Lauren A. Moskowitz
December 11, 2020
Page 3


guiney@whafh.com
dejong@whafh.com
appleappstorediscovery@gibsondunn.com

# Exhibit 5

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296 Fax:
+1 213.229.6296
JSrinivasan@gibsondunn.com

CONFIDENTIAL

December 13, 2020

<u>VIA ELECTRONIC MAIL</u>

Lauren Moskowitz
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Ben Siegel
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Ste. 202
Berkeley, CA 94710

Rachele Byrd
Wolf Haldenstein Adler Freeman & Herz LLP
750 B St., Ste. 1820
San Diego, CA 92101

Re:    <u>Briefing with respect to deposition limits</u>

Dear Counsel:

    This afternoon, we received Plaintiffs' portion of the joint letter brief regarding the Plaintiffs-initiated dispute on the maximum number of party depositions each side should be able to take in this litigation.  We were surprised to see that Plaintiffs' portion does not address this issue at all but rather is focused on something else entirely.  The apex issues in your letter are not the subject of the parties' meet and confers (which the written correspondence bears out), Apple is not prepared to brief those issues, and most of all, briefing on these issues is not what Judge Hixson ordered.

    At the hearing on December 9, 2020, Judge Hixson plainly directed the parties to submit a joint letter brief concerning *deposition limits*.  12/9/2020 Hr'g Tr. 39:7-9 ("THE COURT: . . . I think that a joint discovery letter brief by end of the day December 14th, concerning deposition limits, that's a good idea."); *id.* at 40:18-23 ("THE COURT: . . . I'm going to order the parties to meet and confer about deposition limits.  And if you can't reach an agreement, then by end of the day Monday, December 14th, I order you to file a joint discovery letter brief, not to exceed ten pages, with five pages per side concerning deposition

**GIBSON DUNN**

Lauren Moskowitz
December 13, 2020
Page 2


limits."); *see also id.* at 32:24 ("MS. MOSKOWITZ: . . . The main issue is deposition limits.").

In our meet and confer session yesterday, the discussion was about deposition limits with Plaintiffs coming into that meeting having revised their demand down from 18 to 16. Apple explained why it believed the issue was premature and that Plaintiffs' brief descriptions of why they each needed 16 depositions was not convincing given that a number of the proposed individuals were duplicative of others on the list, with Apple citing a number of examples. In the interest of compromise and to avoid litigation on this issue, Apple proposed that each party (Apple, Epic, *Cameron* plaintiffs, *Pepper* plaintiffs) may take up to 14 party depositions (not including the 30(b)(6) deposition). Do Plaintiffs have any response to that proposal? There is no reason to burden the Court with this issue but if Apple is forced to litigate it, Apple will revert to its opening position that it is premature to determine at this time whether more than 10 depositions per party is warranted at this juncture.

Further, because the apex issues raised in Plaintiffs' portion of the joint letter brief are neither ripe nor requested by the Court, Apple will not brief them. Further, to the extent the parties cannot agree on what should be briefed, the right thing to do here is to obtain clarity at Tuesday's hearing; there is no urgency such that this needs to be briefed tomorrow before asking Magistrate Judge Hixson to weigh in on what he meant.

 Sincerely,

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan

# Exhibit 6



**RE: App Store Litigation**

Srinivasan, Jay P.   to: YEven@cravath.com                                   12/14/2020 09:51 AM

Cc: "**** GDC EpicLitTeam", "Yang, Betty X.", "steve@hbsslaw.com",
"Epic Mobile Apps", "shanas@hbsslaw.com"               ,
"robl@hbsslaw.com", "bens@hbsslaw.com", "rifkin@whafh.com",
"byrd@whafh.com", "guiney@whafh.com", "dejong@whafh.com"

External (jsrinivasan@gibsondunn.com)

*Report This Email   FAQ*

Yonatan,

First, the Court asked the parties to meet and confer on the "number of depositions." I'm
quoting the Court directly from p. 33 of the Dec. 9 hearing transcript. The subsequent
discussion makes clear that the sole issue is the number of party depositions each party can
take. That is all Apple is briefing, all that Apple had signed on to brief, and all that the parties
were directed to brief. We don't see any ambiguity in the transcript. But, as noted, if the
parties have a fundamental disagreement on what is even to be briefed, then we should
address it with Magistrate Hixson on Tuesday so he can clarify. Presenting him with two halves
that bear no relationship to the other does not make sense.

Second, there is no agreement on anything so there is nothing to renege on. Apple made a
proposal at the end of our meeting that it would agree to up to 14 party depositions for each
party. Plaintiffs did *not*   accept that proposal; rather, you and Ben and Rob indicated that
Plaintiffs would confer amongst yourselves and get back to Apple. You never did. Instead, you
sent us Plaintiffs' half of the brief. Apple's offer was on the table in the interest of compromise
and to avoid litigating this issue. Now that Plaintiffs are forcing Apple to litigate this issue with
the magistrate, the offer is no longer on the table and Apple will revert to the position that it is
too early for the parties to agree to anything more than 10 depositions per party (as provided
for in the Rules and seemingly consistent with what Magistrate Hixson believes).

That said, if Plaintiffs are serious about resolving this dispute on the number of party
depositions without troubling the Court, we think the parties can reach agreement. Apple
certainly stands ready to do so and put an offer on the table that was more than fair. But it
takes two sides to agree.

Best,
Jay

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Yonatan Even <YEven@cravath.com>
**Sent:** Sunday, December 13, 2020 10:28 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X.
<BYang@gibsondunn.com>; steve@hbsslaw.com; Epic Mobile Apps <epic-mobileapps@cravath.com>;
shanas@hbsslaw.com; robl@hbsslaw.com; bens@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com;
guiney@whafh.com; dejong@whafh.com
**Subject:** RE: App Store Litigation

[External Email]
Jay:


We disagree with just about everything in your letter. Without attempting to address every incorrect
statement in it, our response to the main points is as follows:

- We believe the Court was abundantly clear that briefing an abstract dispute over the number of
depositions is not useful or appropriate. We spent over an hour yesterday afternoon discussing
with you this very issue. Throughout the call, we made clear our intent to brief Plaintiffs' need
for the specific deponents we identified in Lauren's letter to you of Friday night, as we believe
the Court had clearly directed us to do. At no point did we suggest we would brief anything short
of that, notwithstanding your suggestion on the call that you may decide to take the position
you now take in your letter, namely that you would decline to join issue on a briefing addressing
Plaintiffs' need for the specifically identified deponents. It is thus simply not true that our
discussion yesterday was limited to "deposition limits", to the extent you mean by this that the
discussion did not revolve around the identity of the specific deponents, your objection to the
depositions of Messrs. Cue and Federighi on account of their being "apex" witnesses, and
Plaintiffs' intention to brief this issue to the Court. It is likewise disingenuous for you to suggest
you were surprised at Plaintiffs' portion of the briefing; we could not have been clearer about
our intentions or about our reading of the Court's Order (which in any event could not have
been clearer as to the issues to be briefed).


- Apple has no basis for reneging on its agreement to 14 of the 16 deponents requested by
Plaintiffs. If Apple does indeed intends to renege on its agreement, please let us know
immediately, so that Plaintiffs may revise their portion of the filing to reflect that change in
Apple's position, including by briefing the justification for all 16 witnesses that Plaintiffs wish to
depose; Apple, for its part, will have to then decide whether or not it joins issue or chooses to
brief something else. Plaintiffs, however, cannot and will not agree to ignore the Court's clear
direction nor delay the filing of their portion in order for Apple to seek "clarity" on an issue that,
in Plaintiffs' view, is already abundantly clear--particularly when depositions are starting this
week.


Best,

Yonatan Even
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Telephone: (212) 474-1958
Fax: (212) 474-3700


**From:** Yang, Betty X. <BYang@gibsondunn.com>
**Sent:** Sunday, December 13, 2020 11:31 PM
**To:** Epic Mobile Apps <epic-mobileapps@cravath.com>; steve@hbsslaw.com; robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>
**Subject:** App Store Litigation


Counsel,

Please see the attached.

Thanks,
**Betty X. Yang**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3226 • Fax +1 214.571.2968
BYang@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# Exhibit 7

**Subject:**           RE: Apple App Store Cases -- Additional Apple Custodians

From: "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To: "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>
Cc: "**** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Brian Maida" <bmaida@cravath.com>,
"Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Lazarus, Eli M."
<ELazarus@gibsondunn.com>, "epic-mobileapps@cravath.com" <epic-mobileapps@cravath.com>, "quiney@whafh.com" <quiney@whafh.com>, "John Karin"
<jkarin@cravath.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>,
"steve@hbsslaw.com" <steve@hbsslaw.com>
Date: 11/30/2020 05:09 PM
Subject: RE: Apple App Store Cases -- Additional Apple Custodians

External (jsrinivasan@gibsondunn.com)

Report This Email  FAQ

Lauren,

As the Apple side noted during our meet and confer last week, we left last week's phone call with no idea of which, or how many, of the ten proposed Apple custodians Plaintiffs would make the subject of their letter brief other than Tim Cook. But you are right about one thing: Apple gave Plaintiffs definitive positions on half of the custodians at issue, saying that we objected to the apex four and that we would produce for Jobs. But Apple received no such reciprocity from Plaintiffs on that call or thereafter. It was not until we received Plaintiffs' letter brief after midnight last night that Apple learned which custodians were at issue. Further, on our call last week, Plaintiffs declined to provide the reasons for why any specific custodians, let alone the four at issue, were necessary in light of what Apple is already producing. So other than Cook, Apple went into this dispute blind.

On your second point, I appreciate your acknowledging that Apple did raise concerns earlier about the asymmetrical nature of the parties' respective document review and production processes. We'll just have to disagree that numbers have nothing to do with assessing burden and feasibility.

The third point is getting tiresome. What we said is that Apple's initial view, based on an assessment of the case when it was first filed, was that the six custodians most relevant to the Epic lawsuit included only two of the custodians from the class actions. We did not say that the other 13 custodians were irrelevant at that time or at any time since. You asked about document counts and we said that information about document counts was not relevant to the discussion we were having at that time, which it was not. And you keep omitting that, soon after that discussion, Epic received not only the document count information but millions of actual documents from Apple.

As far as timing, we'll have our side of the brief to you by Wednesday morning at 9 am PT, which is two business days from when we received your letter. This is more than fair given that we had no idea what Plaintiffs were going to argue, which we told you in our call last week. Brian represented that Epic is gathering the information we requested about Epic's document production. When can we expect that? That you

personally don't think this material is relevant to Plaintiffs' motion does not control the issue.

Happy to discuss any of the above by phone, which might be more productive and efficient.


Best,
Jay
**Jay P. Srinivasan**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** Lauren Moskowitz <LMoskowitz@cravath.com>
**Sent:** Monday, November 30, 2020 1:19 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; John Karin <jkarin@cravath.com>; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Jay,

As you know, I was on the meet and confers and Brian's email reflects those discussions.  On the call, I specifically asked if your position on the four senior executive custodians would be different if we could narrow our ask down from four to say, two.  I made clear Cook was going to be on the list no matter what.  Your answer was absolutely not and that even if we only asked for Cook it would be a no.  So we did have this discussion and you said your position would not change on that group.  And I specifically told you that we were considering two or three from the second group and I gave you their names.  You said you were going to get back to us on that and your answer came back no to adding any of those three names and instead offering only one from that second group, Ann Thai, even though I already had said we would forgo her in favor of the names we gave you.  So none of our motion is news to you.

But your questions about Epic's process are new.  All you said previously was that you thought it would be unfair if you were producing a huge volume and we were not producing as many documents.  I made absolutely clear on that call that we would not be at the same volume.  And we all know that at least 2.2 million of Apple's 3.8 million documents should not be counted, and we will never agree to include those documents in any numbers discussion.  But more to the point, this is not a numbers game--this is about having the right documents produced.

You repeatedly state that you never said that 13 of the 15 custodians from Apple's production in the class actions were irrelevant to Epic's case, but you did say it.  That was your basis for offering to provide only two of the 15 and to offer four different custodians in the Epic case.  That was also your basis for initially refusing to produce the 3.6 million documents from the Class Actions.  That discussion happened, and we have been telling you since that discussion that we needed additional custodians, including Cook.

We have now narrowed this down to our best and final ask to four custodians in addition to Steve Jobs.  That is our ask to you and is our motion to the Court.  You cannot drag this out while also arguing that you cannot add more custodians because it would be impossible to do so given the timing for production in the Epic case.  And you cannot make this motion about Epic's production.  We reject that effort completely.  If you have an issue with Epic's document production, raise that with us and with the Court if impasse is reached.  But you cannot hold this issue hostage.  It is ripe.  You do not need two full business days to respond (and in any event, we sent you Plaintiffs' half of the joint statement yesterday at 10:39 p.m. PT).  We absolutely need this into the Court on Wednesday as I have said repeatedly.


Regards,
Lauren

Lauren A. Moskowitz

Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
W: (212) 474-1648
C: (917) 837-2688

From:       "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:         "Brian Maida" <bmaida@cravath.com>
Cc:         "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Yang, Betty X."
            <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Lazarus, Eli M."
            <ELazarus@gibsondunn.com>, "epic-mobileapps@cravath.com" <epic-mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "John Karin"
            <jkarin@cravath.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>,
            "steve@hbsslaw.com" <steve@hbsslaw.com>
Date:       11/30/2020 10:52 AM
Subject:    RE: Apple App Store Cases -- Additional Apple Custodians

Brian,

Apple continues to disagree that the issue is ripe.  I don't recall if you were on the meet and confer but my recollection of what was said is different than yours.  Plaintiffs did not tell us which custodians they were moving on; your email of late last night is the first time Plaintiffs told us that they are down to four custodians.  Also, Apple's interest in information about Epic's custodial document collection and review is not newfound—we raised it during an earlier meet and confer call that you must not have joined.

In any event, now that you sent us Plaintiffs' draft past midnight last night, it looks like Plaintiffs aren't willing to meet and confer on the issue before bringing it to the Court.  Given schedules on our end (and because we do not yet have the details of Epic's document collection and review), Apple needs until Noon PT on Wednesday for its side of the response and at least a full business day to react to Plaintiffs' subsequent revisions, which we hopefully won't need but may be necessary to obtaining client approval for the filing.

Best,
Jay

**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Brian Maida <bmaida@cravath.com>
**Sent:** Sunday, November 29, 2020 9:00 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; John Karin <jkarin@cravath.com>; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Jay,

We are at an impasse and have been since Wednesday. You said no to adding anyone in the first group of custodians, which consisted of Messrs. Cook, Federighi, Joswiak and Maestri. That was an impasse. The only open question was whether you were going to agree to add Ms. Pruden and Mr. Forstall from the second group of custodians, which consisted of them plus Ms. Thai and Messrs. Guigan, Rofman and Jobs. We asked that you commit to answer that question on Friday so we could brief the impasse on the first group of custodians and the second group, if needed, by Wednesday, December 2. You answered the open question on Friday, saying no to adding Ms. Pruden and Mr. Forstall. So we are exactly where we all said we would be and we intend to proceed to brief this to the Court on Wednesday. As we stated at the meet and confer, we cannot wait any longer nor is there any reason to. We will be moving on Ms. Pruden and Messrs. Cook, Federighi and Forstall. We accept your offer to provide Mr. Jobs. We will forgo Ms. Thai in favor of the custodians we are moving to compel.

We also note that it is unreasonable for Apple to complain that it lacks enough time to search the files of Plaintiffs' requested custodians while also dragging its feet on this dispute.

Finally, in response to your question about Epic's custodial review and production, Epic is gathering the relevant information. But Plaintiffs' dispute with Apple regarding its custodians is ripe regardless, and Apple's newfound interest in this information is an attempt to create parity where none exists.  Indeed, it is telling that Apple has requested that all Plaintiffs (Developer Plaintiffs, Consumer Plaintiffs, and Epic) make joint demands for additional Apple custodians, but Apple is now relying on questions about *Epic's* particular custodial review and production to claim that a dispute with all the Plaintiffs about proposed Apple custodians is not ripe for resolution by the Court.  It is.

Please confirm the briefing schedule we have proposed.

Brian M. Maida
Cravath, Swaine & Moore LLP
WorldWide Plaza
825 Eighth Avenue | New York, NY 10019
T+ (212) 474-1374
bmaida@cravath.com

From:      "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:        "Brian Maida" <bmaida@cravath.com>, "Lazarus, Eli M." <ELazarus@gibsondunn.com>
Cc:        "**** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "epic-mobileapps@cravath.com" <epic-mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "John Karin" <jkarin@cravath.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>
Date:      11/29/2020 08:53 PM
Subject:   RE: Apple App Store Cases -- Additional Apple Custodians

Brian,

We think the dispute regarding Apple custodians is premature for a few reasons.  First, Plaintiffs have not provided us with any rationale for your motion now that Apple has agreed to provide two additional custodians:  Steve Jobs and Ann Thai.  Plaintiffs have not told us where the gaps are in Apple's production now that you have 21 custodians from Apple, including multiple senior executives.  Plaintiffs would be required to articulate this need (measured against burden) in any case and certainly in one with the expedited schedule we have.  Further, Plaintiffs have not told us which of the remaining eight custodians they are going to move on.  And Plaintiffs have not explained how any of those eight, let alone each of them, is necessary in light of the existing 21 custodians Apple has now agreed to.  **<u>We can make ourselves available to have this discussion as soon as your side is able</u>**.

Plaintiffs' motion is premature for the additional reason that Epic has not provided Apple with details about Epic's custodial review and production. As we've stated to your team, Apple has assumed an enormous burden in what it already has produced and what it has committed to producing in addition. This commitment is readily apparent when compared to what Epic is doing, the details of which we have requested from your team. **Will Epic be providing us those details tomorrow, which we need to oppose Plaintiffs' motion?**

Without those details, the Court cannot fairly assess whether Apple has done its part in complying with the "targeted" and "limited" discovery upon which Epic based its May 2021 trial date.

We look forward to hearing from you on the items above.

Best,
Jay

**Jay P. Srinivasan**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Brian Maida <bmaida@cravath.com>
**Sent:** Sunday, November 29, 2020 3:45 PM
**To:** Lazarus, Eli M. <ELazarus@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; epic-mobileapps@cravath.com; guiney@whafh.com; John Karin <jkarin@cravath.com>; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Apple Counsel,

I write on behalf of Consumers, Developers, and Epic ("Plaintiffs"). Unfortunately, Plaintiffs believe that the parties are at an impasse regarding additional Apple custodians, and that we must raise this issue with the Court. Please confirm that Apple agrees to the below briefing schedule, which is along the lines that Plaintiffs proposed during the meet and confer on November 25, 2020:

Sunday, November 29, 9 p.m. PT: Plaintiffs to send their half of draft joint statement to Apple.

Tuesday, December 1, 3 p.m. PT: Apple to send its half of draft joint statement to Plaintiffs.

Wednesday, December 2, noon PT: Plaintiffs to send revised draft joint statement to Apple.

Wednesday, December 2, 9 p.m. PT: Parties to file final joint statement with Court.

Thank you.

Brian M. Maida
Cravath, Swaine & Moore LLP
WorldWide Plaza
825 Eighth Avenue | New York, NY 10019
T+ (212) 474-1374
bmaida@cravath.com

From:    "Lazarus, Eli M." <ELazarus@gibsondunn.com>
To:      "John Karin" <jkarin@cravath.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>
Cc:      "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com"
         <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "epic-mobileapps@cravath.com" <epic-mobileapps@cravath.com>, "guiney@whafh.com"
         <guiney@whafh.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>,
         "steve@hbsslaw.com" <steve@hbsslaw.com>
Date:    11/28/2020 03:05 AM
Subject: RE: Apple App Store Cases -- Additional Apple Custodians

Counsel, please see the attached correspondence.
Best regards,
Eli

**Eli Lazarus**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8340 • Fax +1 415.374.8496
ELazarus@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Tuesday, November 24, 2020 11:06 AM
**To:** bens@hbsslaw.com
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X.
<BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; epic-mobileapps@cravath.com;
guiney@whafh.com; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
3:30 ET works for Epic.  We will circulate a dial-in.

Best,

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

From:    "Ben Siegel" <bens@hbsslaw.com>
To:      <byrd@whafh.com>, <byang@gibsondunn.com>, <jkarin@cravath.com>
Cc:      <appleappstorediscovery@gibsondunn.com>, <dejong@whafh.com>, <epic-mobileapps@cravath.com>, <guiney@whafh.com>, <rifkin@whafh.com>,
         <robl@hbsslaw.com>, <shanas@hbsslaw.com>, <steve@hbsslaw.com>
Date:    11/24/2020 01:39 PM
Subject: RE: Apple App Store Cases -- Additional Apple Custodians

Developers are free for a call tomorrow at 3:30 ET/12:30 PT (but not the earlier time).

Thanks, Ben

Ben Siegel | **Hagens Berman Sobol Shapiro LLP** | Direct: (510) 725-3036

**From:** Byrd, Rachele <byrd@whafh.com>
**Sent:** Tuesday, November 24, 2020 10:23 AM
**To:** byang@gibsondunn.com; jkarin@cravath.com
**Cc:** appleappstorediscovery@gibsondunn.com; Ben Siegel <bens@hbsslaw.com>; dejong@whafh.com; epic-mobileapps@cravath.com; guiney@whafh.com; rifkin@whafh.com; Rob Lopez <robl@hbsslaw.com>; Shana Scarlett <shanas@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

Either of those times work for Consumers.

**Rachele R. Byrd**
**byrd@whafh.com**
Tel: 619-239-4599
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 1820, San Diego, CA 92101
**www.whafh.com**

**From:** Yang, Betty X. [mailto:BYang@gibsondunn.com]
**Sent:** Tuesday, November 24, 2020 9:09 AM
**To:** John Karin
**Cc:** *** GDC EpicLitTeam; bens@hbsslaw.com; Byrd, Rachele; DeJong, Brittany; Epic Mobile Apps; Guiney, Matthew; Rifkin, Mark; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

John,

We are available 1:30 ET/10:30 PT or 3:30 ET/12:30 PT.

Thanks,

**Betty X. Yang**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3226 • Fax +1 214.571.2968
BYang@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Tuesday, November 24, 2020 8:49 AM

**To:** Yang, Betty X. <[BYang@gibsondunn.com](mailto:BYang@gibsondunn.com)>
**Cc:** *** GDC EpicLitTeam <[AppleAppStoreDiscovery@gibsondunn.com](mailto:AppleAppStoreDiscovery@gibsondunn.com)>; [bens@hbsslaw.com](mailto:bens@hbsslaw.com); [byrd@whafh.com](mailto:byrd@whafh.com); [dejong@whafh.com](mailto:dejong@whafh.com); Epic Mobile Apps <[epic-mobileapps@cravath.com](mailto:epic-mobileapps@cravath.com)>; [guiney@whafh.com](mailto:guiney@whafh.com); [rifkin@whafh.com](mailto:rifkin@whafh.com); [robl@hbsslaw.com](mailto:robl@hbsslaw.com); [shanas@hbsslaw.com](mailto:shanas@hbsslaw.com); [steve@hbsslaw.com](mailto:steve@hbsslaw.com)
**Subject:** Re: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Apple Counsel,

Please provide your availability for tomorrow afternoon to meet and confer regarding additional Apple custodians.

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)


From:     "Yang, Betty X." <[BYang@gibsondunn.com](mailto:BYang@gibsondunn.com)>
To:       "Epic Mobile Apps" <[epic-mobileapps@cravath.com](mailto:epic-mobileapps@cravath.com)>, "[steve@hbsslaw.com](mailto:steve@hbsslaw.com)" <[steve@hbsslaw.com](mailto:steve@hbsslaw.com)>, "[robl@hbsslaw.com](mailto:robl@hbsslaw.com)" <[robl@hbsslaw.com](mailto:robl@hbsslaw.com)>, "[shanas@hbsslaw.com](mailto:shanas@hbsslaw.com)" <[shanas@hbsslaw.com](mailto:shanas@hbsslaw.com)>, "[bens@hbsslaw.com](mailto:bens@hbsslaw.com)" <[bens@hbsslaw.com](mailto:bens@hbsslaw.com)>, "[rifkin@whafh.com](mailto:rifkin@whafh.com)" <[rifkin@whafh.com](mailto:rifkin@whafh.com)>, "[byrd@whafh.com](mailto:byrd@whafh.com)" <[byrd@whafh.com](mailto:byrd@whafh.com)>, "[guiney@whafh.com](mailto:guiney@whafh.com)" <[guiney@whafh.com](mailto:guiney@whafh.com)>, "[dejong@whafh.com](mailto:dejong@whafh.com)" <[dejong@whafh.com](mailto:dejong@whafh.com)>
Cc:       "*** GDC EpicLitTeam" <[AppleAppStoreDiscovery@gibsondunn.com](mailto:AppleAppStoreDiscovery@gibsondunn.com)>
Date:     11/23/2020 07:41 PM
Subject:  Apple App Store Cases

Counsel,

Please see the attached.

Regards,
**Betty X. Yang**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3226 • Fax +1 214.571.2968
[BYang@gibsondunn.com](mailto:BYang@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy. [attachment "2020-11-23 Ltr. from J. Srinivasan to L. Moskowitz (custodians).pdf" deleted by John Karin/NYC/Cravath]

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy. [attachment "2020.11.28 E Dettmer Letter re Custodians.pdf" deleted by Brian Maida/NYC/Cravath]

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy. [attachment "image001.jpg" deleted by Lauren Moskowitz/NYC/Cravath]

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# Exhibit 8

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
MELISSA PHAN, SBN 266880
  mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

CYNTHIA RICHMAN (D.C. Bar No. 492089;
  *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION, | CASE NO. 4:11-cv-06714-YGR<br>RELATED CASE NOS.<br>4:19-cv-02852-YGR (Lawrence v. Apple),<br>4:19-cv-03074-YGR (Cameron v. Apple),<br>4:19-cv-03796-YGR (Sermons v. Apple), and<br>4:12-cv-05404-YGR (Ward v. Apple) |
| | **DEFENDANT APPLE INC.'S INITIAL DISCLOSURES [SERVED OCTOBER 14, 2019]**<br><br>The Honorable Yvonne Gonzalez Rogers |

[Caption continues on the next page]

EDWARD LAWRENCE,

       Plaintiff,

  APPLE INC.,

       Defendant.

CASE NO. 4:19-cv-02852-YGR

DONALD R. CAMERON, ET AL.,

       Plaintiffs,

  APPLE INC.,

       Defendant.

CASE NO. 4:19-cv-03074-YGR

BARRY SERMONS,

       Plaintiff,

  APPLE INC.,

       Defendant.

CASE NO. 4:19-cv-03796-YGR

2

DEFENDANT APPLE INC.'S INITIAL DISCLOSURES [SERVED OCTOBER 14, 2019]
CASE NOS. 4:11-CV-06714-YGR; 4:19-CV-02852; 4:19-CV-03074; 4:19-CV-03796

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, makes the following disclosures.  These disclosures are based upon the information currently and reasonably available to Apple.  Its investigation of the facts pertaining to this matter is ongoing, and Apple reserves the right to supplement and/or amend these disclosures as appropriate under Federal Rule of Civil Procedure 26(e).  In particular, and without limitation, Apple reserves the right to identify additional individuals and to identify and produce additional documents and other such information as they become known or available and to include individuals not identified in these initial disclosures in Apple's list of trial witnesses.

By making these disclosures, Apple does not concede the relevance or admissibility of any of the information provided, nor does it represent that it is identifying every individual or document possibly relevant to this lawsuit, or that Consumer Plaintiffs[1] or Developer Plaintiffs[2] (collectively, "Plaintiffs") state any actionable claim.

In addition, Apple makes these disclosures without in any way waiving:  (1) the right to object on the basis of any privilege, the work product doctrine, competency, undue burden, relevance, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; or (3) the right to seek relief under a suitable protective order agreed to by the parties and/or issued by the Court covering any information to be provided in discovery in this case.  Apple will not produce non-public documents identified below until after execution and entry of an appropriate stipulation and protective order.

All of the disclosures set forth below are made subject to the above objections and qualifications.

---

[1] *In Re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR;  *Lawrence v. Apple Inc.*, 4:19-cv-02852-YGR.

[2] *Cameron v. Apple Inc.*, 4:19-cv-03074-YGR; *Sermons v. Apple Inc.*, 4:19-cv-03796-YGR.

Gibson, Dunn & Crutcher LLP

## I.   Individuals Likely To Have Discoverable Information

Pursuant to Rule 26(a)(1)(A)(i), the following list sets forth the names and contact information of those individuals that Apple presently has reason to believe are likely to have discoverable information that Apple may use to support its claims and/or defenses.  Apple anticipates that further individuals may be identified as discovery proceeds and Plaintiffs' claims are clarified.

| Name and Title | Contact Information | Subject(s) |
|---|---|---|
| Dale Bagwell, Data Manager 2 | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Bagwell has information related to developer compliance or noncompliance with App Store policies and guidelines; Apple's investment and efforts to combat fraudulent and deceptive conduct by app developers and otherwise protect iOS device users. |
| Eddy Cue, Senior Vice President, Internet Software & Services | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Cue has information related to the development and launch of the App Store.  He also has information related to App Store policies and guidelines; the App Store business model; App Store commission; and app distribution.  Mr. Cue also has information related to the iOS operating system for Apple mobile devices and competition among device manufacturers and mobile operating system software. |
| Matt Fischer, Vice President, App Store | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Fischer has information related to the marketing of apps available in the App Store.  He also has information related to competitors and competition in the sale of apps and the different app marketplaces.  Mr. Fischer also has information about Apple's business relationships with app developers. |
| Eric Gray, Director, Commerce & Payments | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Gray has knowledge about Apple's policies related to iOS app sales, including developer price selection, App Store commission levels, subscriptions, and in-app purchasing.  He also has information related to App Store costs. |

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| Adam Hammer, Threat Intelligence Manager 2 | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Hammer has information related to developer compliance or noncompliance with App Store policies and guidelines; Apple's investment and efforts to combat malware, spyware, and other issues related to app security and iOS device user protection. |
| C.K. Haun, Senior Director, Developer Technical Services | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Haun has information related to App Store policies and guidelines, the App Store business model, Apple's policies related to app sales commission, and developer price selection. Mr. Haun also has information about Apple's app review and curation process and procedures, and technical services Apple provides to app developers. |
| Trystan Kosmynka, Marketing Senior Director | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Kosmynka has information related to App Store policies and guidelines and Apple's app review and curation process and procedures. He also has information related to Apple's investment in efforts to protect iOS device users' safety and privacy. |
| Ron Okamoto, Vice President, Worldwide Developer Relations | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Okamoto has information related to the App Store policies and guidelines, the App Store business model, and app developer resources, tools, software, content and services, including those made available pursuant to the Apple Developer Agreement and Program License Agreement ("PLA"). He also has information regarding app development for macOS, the transformation of the application software business after 2008, app sales and distribution practices more generally, and Apple's promotion of new developers. |

DEFENDANT APPLE INC.'S INITIAL DISCLOSURES [SERVED OCTOBER 14, 2019]
CASE NOS. 4:11-CV-06714-YGR; 4:19-CV-02852; 4:19-CV-03074; 4:19-CV-03796

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| Phil Schiller, Senior Vice President, Worldwide Marketing | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Schiller has information related to the development and launch of the App Store.  He also has information related to App Store policies and guidelines; the App Store business model; the App Store commission; and app distribution.  Mr. Schiller also has information related to the iOS operating system for Apple mobile devices and competition among device manufacturers and mobile operating system software. He also has information regarding the design, development, launch, and marketing of the iPhone, and competition between device manufacturers and between mobile device operating systems. |
| Plaintiff Donald R. Cameron | N/A | Allegations and claims in Developer Plaintiffs' complaint. |
| Plaintiff Pure Sweat Basketball, Inc. | N/A | Allegations and claims in Developer Plaintiffs' complaint. |
| Plaintiff Barry Sermons | N/A | Allegations and claims in Developer Plaintiffs' complaint. |
| Plaintiff Robert Pepper | N/A | Allegations and claims in Consumer Plaintiffs' complaint. |
| Plaintiff Stephen H. Schwartz | N/A | Allegations and claims in Consumer Plaintiffs' complaint. |
| Plaintiff Edward W. Hayter | N/A | Allegations and claims in Consumer Plaintiffs' complaint. |
| Plaintiff Edward Lawrence | N/A | Allegations and claims in Consumer Plaintiffs' complaint. |
| Plaintiff Eric Terrell | N/A | Allegations and claims in Consumer Plaintiffs' complaint. |

| | | |
|---|---|---|
| **Third Party App Marketplaces**: companies that run app marketplaces, which may include, but are not limited to Google Play, Amazon AppStore, Chrome Web Store, Microsoft Store, and those run by Samsung, Blackberry, Epic Games, Valve,  and Cydia. | N/A | Sales and distribution of apps; app developer business models; pricing of apps; competition for sales of apps; competition between device manufacturers and between mobile device operating systems; entry and expansion in the U.S. |
| **Other App Developers**: app developers that are not named plaintiffs. | N/A | Competition among apps and app developers; app developer business models; app developer revenues, costs and profits; distribution practices and channels. |

## II.    Documents

Pursuant to Rule 26(a)(1)(A)(ii), Apple provides the following description by category of all documents, electronically stored information, and tangible things that Apple currently believes to have in its possession, custody, or control, and that Apple may use to support its defenses.

1.    Documents relating to the design, development, launch, maintenance, and updating of the App Store.

2.    Documents relating to the relationship between the App Store, Apple's mobile devices, and the iOS operating system for Apple mobile devices.

3.    Documents relating to the design, development, launch, updating, and provision of the software tools and other software, resources, content and services made available to iOS app developers pursuant to the Apple Developer Agreement and PLA.

4.    Documents relating to Apple's intellectual property rights, including with respect to Apple's mobile devices, the iOS operating system, application programming interfaces, software tools and other software, content and services made available to iOS app developers pursuant to the Apple Developer Agreement and PLA.

5.    Apple agreements with iOS app developers, including the Apple Developer Agreement, Apple Developer Program License Agreement, and schedules, amendments, and modifications thereto.

6.    Apple agreements with consumers, including the Software License Agreements for any iPhone, iPad, iPod, or version of iOS or iPadOS, the Licensed Application End User Agreement, the Apple Media Services Terms and Conditions, and amendments and modifications thereto.

7.      Documents relating to Apple's review and curation of apps for sale in the App Store.

8.      Documents relating to Apple's marketing of apps and activity supporting app discovery in the App Store.

9.      Documents relating to Apple's efforts to ensure compliance with App Store policies and guidelines, including preventing malware and security or privacy threats in the App Store.

10.     Documents relating to communications between the Plaintiffs and Apple.

11.     Documents relating to app sales and app pricing.

12.     Documents relating to the lack of any injury, damages, and/or monetary loss allegedly sustained and/or claimed by Plaintiffs in this action.

This disclosure does not waive any privileges or protection that may apply to documents within the following categories, and Apple expressly reserves any objection to the production of documents that are protected from discovery pursuant to the law of the United States or any applicable jurisdiction. Apple may assert any and all appropriate privileges, including, but not limited to, the attorney-client privilege and work product doctrine, and the parties are currently negotiating a protective order to govern the production of any confidential or sensitive information. Apple anticipates that additional documents will be obtained from Plaintiffs. Apple reserves the right to supplement this list to reflect additional documents upon Plaintiffs' clarification of their claims and as discovery commences and continues. Apple expressly preserves all objections under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and/or the Civil Local Rules of this Court to the admissibility of any information disclosed. By identifying the foregoing categories of documents, Apple does not concede that any category listed is relevant and reserves all objections, privileges and protections (including, but not limited to, the attorney-client privilege and/or the work product doctrine).

## III.   Damages

Pursuant to Rule 26(a)(1)(A)(iii), Apple denies that Plaintiffs or any putative class members have sustained any damages. As of the date of this disclosure, Apple has not asserted any claim for damages. Apple reserves the right to seek to recover attorneys' fees and other costs incurred in defending this action.

Gibson, Dunn &
Crutcher LLP

1

## IV.     Insurance Agreements

2           Pursuant to Rule 26(a)(1)(A)(iv), Apple is unaware at this time of the existence of

3   any relevant agreement under which an insurance company may be liable to satisfy part or all

4   of a judgment which may be entered in this action or to indemnify or reimburse for payments

5   made to satisfy the judgment.

6                                           * * * * *

7           Apple reserves the right to supplement and correct these initial disclosures to include

8   information hereafter acquired based upon further clarification of Plaintiffs' claims and

9   discovery.

10

11  Dated: October 14, 2019                         GIBSON, DUNN & CRUTCHER LLP

12

13

14                                      By:  _Cynthia E. Richman /ANH_
                                             Cynthia E. Richman

15

16                                      Attorneys for Defendant Apple Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

## CERTIFICATE OF SERVICE

I, Andrea Hadjiyianni, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to the within action.  I hereby certify that on October 14, 2019, I delivered the foregoing **DEFENDANT APPLE INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)**, via electronic mail, pursuant to an agreement among the parties for electronic service, to the following counsel of record for the Plaintiffs:

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
    Rachele R. Byrd
    Brittany N. Dejong
    750 B Street, Suite 1820
    San Diego, CA 92101
    Telephone: 619.239.4599
    Byrd@whafh.com
    dejong@whafh.com

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
    Mark C. Rifkin
    Matthew M. Guiney
    270 Madison Avenue
    New York, NY 10016
    Telephone: 212.545.4600
    rifkin@whafh.com
    guiney@whafh.com

ALIOTO LAW FIRM
    Joseph M. Alioto
    Theresa D. Moore
    Jamie L. Miller
    One Sansome Street, 35th Floor
    San Francisco CA 94104
    Telephone: 415.434.8900
    josephalioto@mac.com
    tmoore@aliotolaw.com
    jmiller@aliotolaw.com

LAW OFFICES OF JEFFERY K. PERKINS
    Jeffery K. Perkins
    1550-G Tiburon Boulevard, #344
    Tiburon, California 94920
    Telephone: 415.302.1115
    jeffreykperkins@aol.com

HAGENS BERMAN SOBOL SHAPIRO LLP
    Steve W. Berman
    Robert F. Lopez
    1301 Second Avenue
    Suite 2000
    Seattle, WA 98101
    Telephone: 206.623.7292
    Steve@hbsslaw.com
    robl@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
    Shana E. Scarlett
    715 Hearst Avenue
    Suite 202
    Berkeley, CA 94710
    Telephone: 510.725.3000
    shanas@hbsslaw.com

FREED KANNER LONDON & MILLEN, LLC
    Kimberly A. Justice
    Jonathan M. Jagher
    923 Fayette Street
    Conshohocken, PA 19428
    Telephone: 610.234.6487
    kjustice@fklmlaw.com
    jjagher@fklmlaw.com

FREED KANNER LONDON & MILLEN, LLC
    Douglas A. Millen
    Brian M. Hogan
    2201 Waukegan Road, #130
    Bannockburn, IL 60015
    Telephone: 224.632.4500
    dmillen@fklmlaw.com
    bhogan@fklmlaw.com

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S INITIAL DISCLOSURES [SERVED OCTOBER 14, 2019]
CASE NOS. 4:11-CV-06714-YGR; 4:19-CV-02852; 4:19-CV-03074; 4:19-CV-03796

LAW OFFICES OF LAWRENCE G. PAPALE
    Lawrence G. Papal
    1308 Main Street #117
    St. Helena, California 94574
    Telephone: 707.963.1704
    lgpapale@papalelaw.com

KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C
    David C. Frederick
    1615 M Street, NW Suite 400
    Washington, D.C. 20036
    Telephone: 202.326.7900
    dfrederick@kellogghansen.com

SAVERI & SAVERI, INC.
    Guido Saveri
    R. Alexander Saveri
    Cadio Zirpoli
    706 Sansome Street, #200
    San Francisco, California 94111
    Telephone:  415.217.6810
    guido@saveri.com
    rick@saveri.com
    cadio@saveri.com

SPERLING & SLATER, P.C.
    Joseph M. Vanek
    Eamon Kelly
    55 W. Monroe Street, 32nd Floor
    Chicago, IL 60603
    Telephone: 312.676.5845
    jvanek@sperling-law.com
    ekelly@sperling-law.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 14th day of October 2019 at San Francisco, California.


ANDREA HADJIYIANNI

DEFENDANT APPLE INC.'S INITIAL DISCLOSURES [SERVED OCTOBER 14, 2019]
CASE NOS. 4:11-CV-06714-YGR; 4:19-CV-02852; 4:19-CV-03074; 4:19-CV-03796

Gibson, Dunn &
Crutcher LLP

# Exhibit 9

THEODORE J. BOUTROUS JR.,
  SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
  333 South Grand Avenue
  Los Angeles, CA 90071-3197
  Telephone:   213.229.7000
  Facsimile:   213.229.7520

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar
  No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
  1050 Connecticut Avenue, N.W.
  Washington, DC 20036-5306
  Telephone:   202.955.8500
  Facsimile:   202.467.0539

VERONICA S. LEWIS (Texas Bar
  No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
  2100 McKinney Avenue, Suite 1100
  Dallas, TX 75201
  Telephone:   214.698.3100
  Facsimile:   214.571.2900

E. JOSHUA ROSENKRANZ (N.Y. Bar No.
  2224889; *pro hac vice*)
  jrosenkranz@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
  51 West 52nd Street
  New York, NY 10019-6142
  Telephone:   212.506.5000
  Facsimile:   212.506.5151

WILLIAM F. STUTE (D.C. Bar No. 1032093;
  *pro hac vice*)
  wstute@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
  1152 15th Street, N.W.
  Washington, DC 20005-1706
  Telephone:   202.339.8400
  Facsimile:   202.339.8500

**Attorneys for Defendant APPLE INC.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | CASE NO. 4:20-cv-05640-YGR |
| Plaintiff, | **DEFENDANT AND COUNTER-CLAIMANT APPLE INC.'S INITIAL DISCLOSURES [SERVED OCTOBER 12, 2020]** |
| v. | |
| APPLE INC. | The Honorable Yvonne Gonzalez Rogers |
| Defendant. | |

APPLE INC.,

                        Counterclaimant,

v.

EPIC GAMES, INC.

                    Counter-defendant.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant Apple Inc. ("Apple"), by and through its undersigned counsel, makes the following disclosures. These disclosures are based upon the information currently and reasonably available to Apple. Its investigation of the facts pertaining to this matter is ongoing, and Apple reserves the right to supplement and/or amend these disclosures as appropriate under Federal Rule of Civil Procedure 26(e). In particular, and without limitation, Apple reserves the right to identify additional individuals and to identify and produce additional documents and other such information as they become known or available and to include individuals not identified in these initial disclosures in Apple's list of trial witnesses.

By making these disclosures, Apple does not concede the relevance or admissibility of any of the information provided, nor does it represent that it is identifying every individual or document possibly relevant to this lawsuit, or that Plaintiff Epic Games, Inc. ("Epic") states any actionable claim.

In addition, Apple makes these disclosures without in any way waiving: (1) the right to object on the basis of any privilege, the work product doctrine, competency, undue burden, relevance, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; or (3) the right to seek relief under the Protective Order issued by the Court covering information provided in discovery in this case.

All of the disclosures set forth below are made subject to the above objections and qualifications.

I.    **Individuals Likely To Have Discoverable Information**

Pursuant to Rule 26(a)(1)(A)(i), the following list sets forth the names and contact information of those individuals that Apple presently has reason to believe are likely to have discoverable information that Apple may use to support its claims and/or defenses. Apple anticipates that further individuals may be identified as discovery proceeds and Epic's claims are clarified. Apple also reserves the right to call any witnesses or rely on any documents or categories of documents identified by Epic in its Rule 26(a)(1) disclosures.

| Name and Title | Contact Information | Subject(s) |
|---|---|---|
| Dale Bagwell, Data Manager 2 | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Bagwell has information relating to developer compliance or noncompliance with App Store policies and guidelines; Apple's investment and efforts to combat fraudulent and deceptive conduct by app developers and otherwise protect iOS device users. |
| Eddy Cue, Senior Vice President, Internet Software & Services | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Cue has information relating to the development and launch of the App Store.  He also has information relating to App Store policies and guidelines; the App Store business model; App Store commission; and app distribution.  Mr. Cue also has information relating to the iOS operating system for Apple mobile devices and competition among device manufacturers and mobile operating system software. |
| Josh Doss, Development Manager, Metal Ecosystem | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Doss has information relating to Apple's Developer Relations team and App Store team and the tools, services, and benefits that Apple provides to developers, including services and support Apple provided to Epic.  Mr. Doss also has information relating to Apple's relationship with Epic, Epic's breaches of its agreements with Apple, and Epic's tortious conduct toward Apple. |
| Matt Fischer, Vice President, App Store | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Fischer has information relating to the marketing of apps available in the App Store.  He also has information relating to competitors and competition in the sale of apps and the different app marketplaces.  Mr. Fischer also has information about Apple's business relationships with app developers. |

Gibson, Dunn &
Crutcher LLP

| Eric Gray, Director, Commerce & Payments | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Gray has knowledge about Apple's policies relating to iOS app sales, including developer price selection, App Store commission levels, subscriptions, and in-app purchasing.  He also has information relating to App Store costs. |
| --- | --- | --- |
| Mark Grimm, Game Development Manager | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Grimm has information relating to Apple's Developer Relations team and App Store team and the tools, services, and benefits that Apple provides to developers, including services and support Apple provided to Epic.  Mr. Grimm also has information relating to Apple's relationship with Epic, Epic's breaches of its agreements with Apple, and Epic's tortious conduct toward Apple. |
| Adam Hammer, Threat Intelligence Manager 2 | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Hammer has information relating to developer compliance or noncompliance with App Store policies and guidelines; Apple's investment and efforts to combat malware, spyware, and other issues relating to app security and iOS device user protection. |
| C.K. Haun, Senior Director, Developer Technical Services | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Haun has information relating to App Store policies and guidelines, the App Store business model, Apple's policies relating to app sales commission, and developer price selection.  Mr. Haun also has information about Apple's app review and curation process and procedures, and technical services Apple provides to app developers. |
| Trystan Kosmynka, Marketing Senior Director | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | Mr. Kosmynka has information relating to App Store policies and guidelines and Apple's app review and curation process and procedures. He also has information relating to Apple's investment in efforts to protect iOS device users' safety and privacy. |

3

Gibson, Dunn &
Crutcher LLP

| Ron Okamoto, Vice President, Worldwide Developer Relations | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Okamoto has information relating to the App Store policies and guidelines, the App Store business model, and app developer resources, tools, software, content and services, including those made available pursuant to the Apple Developer Agreement and Program License Agreement ("PLA").  He also has information regarding app development for macOS, the transformation of the application software business after 2008, app sales and distribution practices more generally, and Apple's promotion of new developers. |
| --- | --- | --- |
| Robert Partington, Senior Partnership Manager, Worldwide Developer Relations | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Partington has information relating to Apple's Developer Relations team and App Store team and the tools, services, and benefits that Apple provides to developers, including services and support Apple provided to Epic.  Mr. Partington also has information relating to Apple's relationship with Epic, Epic's breaches of its agreements with Apple, and Epic's tortious conduct toward Apple. |
| Phil Schiller, Apple Fellow | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Schiller has information relating to the development and launch of the App Store.  He also has information relating to App Store policies and guidelines; the App Store business model; the App Store commission; and app distribution.  Mr. Schiller also has information relating to the iOS operating system for Apple mobile devices and competition among device manufacturers and mobile operating system software. He also has information regarding the design, development, launch, and marketing of the iPhone, and competition between device manufacturers and between mobile device operating systems. |

| Michael Schmid,<br>Head of Games Business<br>Development, App Store | Apple<br><br>c/o Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>(213) 229-7000 | Mr. Schmid has information relating to Apple's Developer Relations team and App Store team and the tools, services, and benefits that Apple provides to developers, including services and support Apple provided to Epic.  Mr. Schmid also has information relating to Apple's relationship with Epic, Epic's breaches of its agreements with Apple, and Epic's tortious conduct toward Apple. |
|---|---|---|
| **Epic Games, Inc.** | Epic Games, Inc.<br><br>c/o Cravath, Swaine & Moore LLP<br>825 8th Avenue<br>New York, NY 10019<br><br>(212) 474-1000 | Epic and its employees have information relating to the development of apps offered by Epic; the tools, services, and benefits that Apple has provided to Epic; Apple's contracts and agreements with Epic; breach of those contracts by Epic; the "hotfix" that Epic introduced to *Fortnite* without Apple's knowledge or consent; and Epic's interference with Apple's relationships with its customers. Epic and its employees also have information relating to competition among apps and app developers; Epic's business models, revenues, costs and profits, and distribution practices and channels for its apps; Epic's business models, revenues, costs and profits, and distribution practices for its Epic Games Store; the relationship between Epic and its affiliates; and Epic's allegations in this case. |

5

Gibson, Dunn &
Crutcher LLP

| Epic's Proposed Document Custodians | Epic Games, Inc.<br><br>c/o Cravath, Swaine & Moore LLP<br>825 8th Avenue<br>New York, NY 10019<br><br>(212) 474-1000 | Upon information and belief, the 15 individuals included on Epic's September 24, 2020, proposed custodian list have information relating to the claims and defenses in this case, including the development of apps offered by Epic; the tools, services, and benefits that Apple has provided to Epic; Apple's contracts and agreements with Epic; breach of those contracts by Epic; the "hotfix" that Epic introduced to *Fortnite* without Apple's knowledge or consent; and Epic's interference with Apple's relationships with its customers.  The 15 individuals included on Epic's September 24, 2020, proposed custodian list also have information relating to competition among apps and app developers; Epic's business models, revenues, costs and profits, and distribution practices and channels for its apps; Epic's business models, revenues, costs and profits, and distribution practices for its Epic Games Store; the relationship between Epic and its affiliates; and Epic's allegations in this case. |
| **Mark Rein, Vice President and Co-Founder, Epic Games Inc.** | Epic Games, Inc.<br><br>c/o Cravath, Swaine & Moore LLP<br>825 8th Avenue<br>New York, NY 10019<br><br>(212) 474-1000 | Mr. Rein has information relating to the development of apps offered by Epic; the tools, services, and benefits that Apple has provided to Epic; Apple's contracts and agreements with Epic; breach of those contracts by Epic; the "hotfix" that Epic introduced to *Fortnite* without Apple's knowledge or consent; and Epic's interference with Apple's relationships with its customers.  Mr. Rein also has information relating to competition among apps and app developers; Epic's business models, revenues, costs and profits, and distribution practices and channels for its apps; Epic's business models, revenues, costs and profits, and distribution practices for its Epic Games Store; the relationship between Epic and its affiliates; and Epic's allegations in this case. |

DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S
INITIAL DISCLOSURES [Served October 12, 2020]
CASE NO. 4:20-cv-05640-YGR

Gibson, Dunn &
Crutcher LLP

| | | |
|---|---|---|
| **Epic Games International S.à r. l. ("SARL")** | Epic Games, Inc.<br><br>c/o Cravath, Swaine & Moore LLP<br>825 8th Avenue<br>New York, NY 10019<br><br>(212) 474-1000 | SARL and its employees have information relating to the relationship between Epic and its affiliates, including SARL; and, SARL's knowledge of, participation in, and receipt of proceeds from Epic's hotfix. SARL and its employees also have information relating to competition among apps and app developers. |
| **Life on Air, Inc. ("Life on Air")** | Epic Games, Inc.<br><br>c/o Cravath, Swaine & Moore LLP<br>825 8th Avenue<br>New York, NY 10019<br><br>(212) 474-1000 | Life on Air and its employees have information relating to the relationship between Epic and its affiliates, including Life on Air; and, Life on Air's knowledge of, participation in, and receipt of proceeds from Epic's hotfix. Life on Air and its employees also have information relating to competition among apps and app developers. |
| **Tencent Holdings, Ltd. ("Tencent")** | Tencent America Headquarters<br><br>2747 Park Boulevard<br>Palo Alto, CA 94306 | Tencent and its employees have information relating to Epic's business models, revenues, costs and profits, and distribution practices and channels for its apps; Epic's business models, revenues, costs and profits, and distribution practices for its Epic Games Store; the relationship between Epic and its affiliates; and Epic's allegations in this case |
| **Third-Party App Marketplaces**: companies that run app marketplaces, which may include, but are not limited to Google Play, Amazon AppStore, Chrome Web Store, Microsoft Store, and those run by Samsung, Blackberry, Valve, and Cydia. | N/A | Third party app marketplaces have information relating to sales and distribution of apps; app developer business models; pricing of apps; competition for sales of apps; competition between device manufacturers and between mobile device operating systems; and entry and expansion in the U.S. |

DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S
INITIAL DISCLOSURES [Served October 12, 2020]
CASE NO. 4:20-cv-05640-YGR

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| **Third-Party Game Platforms**: companies that operate game platforms and distribute games made by Epic and others, which may include, but are not limited to, Nintendo, Sony PlayStation, and Microsoft Xbox. | N/A | Third-party game platforms have information relating to sales and distribution of games; game developer business models; pricing of games; competition for sales of games; competition between console manufacturers, mobile devices, and operating systems; consumer preference for play on various consoles and mobile devices; and entry and expansion in the U.S. |
| **Other iOS App Developers**: iOS app developers that are not Epic and/or its affiliates. | N/A | Other iOS app developers have information relating to competition among apps and app developers; app developer business models; app developer revenues, costs and profits; and distribution practices and channels. |
| **Other App Developers for the Epic Games Store**: app developers that offer software or apps through the Epic Games Store. | N/A | Other app developers for the Epic Games Store have information relating to their revenues, costs and profits on the Epic Games Store; Epic's distribution practices; the commissions charged by Epic and the services and support provided by Epic on the Epic Games Store; and, the quality, security, and consumer privacy standards and experiences on the Epic Games Store. |

## II.   Documents

Pursuant to Rule 26(a)(1)(A)(ii), Apple provides the following description by category of all documents, electronically stored information, and tangible things that Apple currently believes to have in its possession, custody, or control, and that Apple may use to support its counterclaims and defenses.

1.   Documents relating to the design, development, launch, maintenance, and updating of the App Store.

2.   Documents relating to the relationship between the App Store, Apple's mobile devices, and the iOS operating system for Apple mobile devices.

3.   Documents relating to the design, development, launch, updating, and provision of the software tools and other software, resources, content and services made available to iOS app developers pursuant to the Apple Developer Agreement and PLA.

4.      Documents relating to the software tools and other software, resources, content and services that Apple provided to Epic pursuant to the Apple Developer Agreement and PLA or otherwise.

5.      Documents relating to Apple's intellectual property rights, including with respect to Apple's mobile devices, the iOS operating system, application programming interfaces, software tools and other software, content and services made available to iOS app developers pursuant to the Apple Developer Agreement and PLA.

6.      Apple agreements with Epic, its affiliates, and other iOS app developers, including the Apple Developer Agreement, Apple Developer Program License Agreement, and schedules, amendments, and modifications thereto.

7.      Apple agreements with consumers, including the Software License Agreements for any iPhone, iPad, iPod, or version of iOS or iPadOS, the Licensed Application End User Agreement, the Apple Media Services Terms and Conditions, and amendments and modifications thereto.

8.      Documents relating to Apple's review and curation of apps for sale in the App Store, including the importance of Apple's App Review Guidelines to the operation and viability of the App Store.

9.      Documents relating to Apple's review and approval of updates for apps available in the App Store, including information developers are required to submit for any app update, the mechanisms of updating apps, and Apple's policies and procedures for reviewing app updates.

10.     Documents relating to Apple's marketing of apps and activity supporting app discovery in the App Store.

11.     Documents relating to Apple's efforts to ensure compliance with App Store policies and guidelines by iOS app developers and their affiliates, including preventing malware and security or privacy threats in the App Store.

12.     Documents relating to app sales and app pricing.

13.     Documents relating to the lack of any injury allegedly sustained and/or claimed by Epic in this action.

14.     Documents relating to Apple's knowledge, review, and approval of Epic's apps and app updates for sale in the App Store, including *Fortnite*.

15.     Documents relating to Apple's relationship with Epic Games and its affiliates, including the support provided by Apple to support Epic Games' apps.

16.     Documents relating to Epic Games' breaches of its agreements with Apple.

17.     Documents relating to communications between Epic and Apple.

DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S
INITIAL DISCLOSURES [Served October 12, 2020]
CASE NO. 4:20-cv-05640-YGR

Gibson, Dunn &
Crutcher LLP

18.     Documents relating to the injury, damages, and/or monetary loss sustained and/or claimed by Apple in this action.

In addition, Apple provides the following description by category of all documents, electronically stored information, and tangible things that Apple believes to be in Epic's possession, custody, or control, and that Apple may use to support its counterclaims and defenses.

19.     Documents relating to competition among apps and app developers, including for development of games.

20.     Documents relating to Epic's business model, revenues, costs, and profits on each distribution channel for its apps and products.

21.     Documents relating to commissions paid by Epic and services and support received by Epic on each distribution channel for its apps and products.

22.     Documents relating to the quality, security, and consumer privacy standards and experiences on each distribution channel for Epic's apps and products.

23.     Documents relating to Epic's business model, revenues, costs, and profits on the Epic Games Store.

24.     Documents relating to commissions charged by Epic and services and support provided by Epic to its developers on the Epic Games Store, including Epic's agreements with app developers.

25.     Documents relating to the quality, security, and consumer privacy standards and experiences on the Epic Games Store.

26.     Documents relating to Epic's initial decision not to offer Fortnite on Google Play and the subsequent malware attacks on Android Fortnite players.

27.     Documents relating to Epic's decision to ultimately offer Fortnite on Google Play and the reasons for that decision.

28.     Documents relating to Version 13.40 of Fortnite, including the information that Epic submitted to Apple for review and approval of Version 13.40.

29.     Documents related to Epic's "hotfix" that incorporated Epic Direct Payment into Fortnite, including Epic's development and execution of the hotfix, and Epic's communications with its affiliates and with Apple regarding that "hotfix."

30.     Documents relating to the distribution of revenues from in-app purchases by iOS users through Epic's hotfix and Epic Direct Payment, including any distributions to SARL and/or other Epic affiliates.

10

This disclosure does not waive any privileges or protection that may apply to documents within the foregoing categories, and Apple expressly reserves any objection to the production of documents that are protected from discovery pursuant to the law of the United States or any applicable jurisdiction. Apple may assert any and all appropriate privileges, including, but not limited to, the attorney-client privilege and work product doctrine, and the Court has entered a stipulated protective order to govern the production of any confidential or sensitive information.  Apple anticipates that additional documents will be obtained from Epic.  Apple reserves the right to supplement this list to reflect additional documents upon Epic's clarification of their claims and as discovery commences and continues.  Apple expressly preserves all objections under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and/or the Civil Local Rules of this Court to the admissibility of any information disclosed.  By identifying the foregoing categories of documents, Apple does not concede that any category listed is relevant and reserves all objections, privileges and protections (including, but not limited to, the attorney-client privilege and/or the work product doctrine).

**III.    Damages**

Pursuant to Rule 26(a)(1)(A)(iii), Apple intends to seeks indemnification, compensatory damages, punitive damages, pre- and post-judgment interest, and attorney's fees, in addition to a permanent injunction.  It also intends to seek restitution and disgorgement of all earnings, profits, compensation, benefits, and all other ill-gotten gains obtained by Epic based on its illegal conduct.

Some or all of Apple's injuries are ongoing, and Apple will supplement these disclosures to identify the amount of damages arising from Epic's conduct as fact and expert discovery progress.

**IV.    Insurance Agreements**

Pursuant to Rule 26(a)(1)(A)(iv), Apple is unaware at this time of the existence of any relevant agreement under which an insurance company may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

* * * * *

Gibson, Dunn &
Crutcher LLP

1    Apple reserves the right to supplement and correct these initial disclosures to include

2  information hereafter acquired based upon further clarification of Epic's claims and

3  discovery.

4

5  Dated: October 12, 2020                        GIBSON, DUNN & CRUTCHER LLP

6

7

8                                    By:   /s/ Cynthia E. Richman
                                          Cynthia E. Richman

9

10                                   Attorney for Defendant and Counterclaimant Apple Inc.

DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S
INITIAL DISCLOSURES [Served October 12, 2020]
CASE NO. 4:20-cv-05640-YGR

Gibson, Dunn &
Crutcher LLP

1

## CERTIFICATE OF SERVICE

2

I, Betty X. Yang, hereby certify that I am a citizen of the United States, over the age of

3 eighteen, and not a party to this action.  I hereby certify that on October 12, 2020, I delivered the

4 foregoing **DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S INITIAL**

5 **DISCLOSURES**, via electronic mail, pursuant to an agreement among the parties for electronic

6 service, to the following counsel for Epic Games, Inc.

7

PAUL R. RIEHLE
8 paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
9 **REATH LLP**
Four Embarcadero Center
10 San Francisco, CA 94111
Telephone: (415) 591-7500
11 Facsimile: (415) 591-7510

CHRISTINE A. VARNEY
cvarney@cravath.com
KATHERINE B. FORREST
kforrest@cravath.com
GARY A. BORNSTEIN
gbornstein@cravarth.com
YONATAN EVEN
yeven@cravath.com
12 LAUREN A. MOSKOWITZ
lmoskowitz@cravath.com
13 M. BRENT BYARS
mbyars@cravath.com
14 **CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
15 New York, New York 10019
Telephone: (212) 474-1000
16 Facsimile: (212) 474-3700

17

18

I declare under penalty of perjury under the laws of the United States of America that the

19 foregoing is true and correct.  Executed this 12th day of October 2020, at Dallas, Texas.

20

21

22

By:  /s/ *Betty X. Yang*
Betty X. Yang

23

24

25

26

27

28

# Exhibit 10

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
_____
SPECIAL COUNSEL
SAMUEL C. BUTLER
_____
OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

December 9, 2020

_Epic Games, Inc. v. Apple Inc._, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Ethan:

      I write in response to your November 28, 2020 letter in which you posed a series of questions about Epic's document collection process.  Your letter suggests—without any basis whatsoever—that "Epic's diligence in maintaining, gathering and producing documents" is somehow deficient.  Epic has been completely transparent on its process for collection and production of documents.  In my October 16, 2020 letter, Epic set forth in detail all the sources of documents that would be collected, the date range that would be applied and which sources search terms would be used to cull those documents.  Over the course of multiple meet and confers since then, Epic has continued to provide more and more detail in response to questions from Apple and has not once refused to provide any information.  Epic's document collection efforts have been conscientious and extensive, and Epic has been and will continue to be making substantial productions in response to Apple's document requests in this case.

      Your November 28, 2020 letter demands a level of detail about Epic's process that Apple has been unwilling to provide about its own collection.  Apple at every turn has refused—until Court involvement is impending—to provide reciprocity on such basic facts about its document collection, arguing that any such requests constitute improper "discovery on discovery".

      Nevertheless, in order to allay Apple's purported concerns, Epic is willing to provide more information in response to Apple's questions.  Epic is providing this information, however, with the expectation that Apple will reciprocate by providing the same detail regarding its own collection process, including the questions Epic has raised and will be raising again under separate cover about instant messages and text messages.

*****

For each of the 17 Epic custodians in this case, Epic has collected (or is in the process of collecting) all available emails, instant messages from Google Hangouts and Slack, and documents from various repositories, including Google Drive, Box, Dropbox and Evernote, as applicable, that are associated with each custodian.  (*See* October 16, 2020 letter at 2.)  None of these document sources was self-collected by individual custodians.  Epic did not apply any search terms before collecting any of these documents.  Epic did not implement any culling of these documents as part of its collection process for these documents other than application of the applicable date range.

As to the date range, as discussed and agreed between Epic and Apple, other than for two of the custodians, Epic has collected documents for the period running from January 1, 2017 through August 13, 2020.  (*Id.* at 1.)  At Apple's request, and to the extent such documents exist, Epic has collected documents from the files of Tim Sweeney and Mark Rein for the period of January 1, 2010 to August 13, 2020.

The document counts for the collections described above include email and Google Hangouts data for all 17 custodians; documents from personal Google Drive folders for 16 custodians (all but Nick Penwarden, whose Google Drive data is still being collected); and documents from Box for all five custodians who had Box accounts during the relevant time period (Matt Weissinger, Andrew Grant, Alec Shobin, Steven Allison and Hans Stolfus).[1]

Epic is still processing Slack messages for its custodians, as well as collecting and processing documents from a small number of additional repositories used by individual custodians.  Epic is also still processing the data for Tim Sweeney and Mark Rein for the expanded date range requested by Apple.  These in-progress document sources are not reflected in the below counts, meaning the final collection numbers will be larger.  Also not included in these counts are documents that Epic has collected from its central repositories that are not associated with individual custodians.

All document counts include full families, and the deduped counts are based on global deduplication.

- **Collected Documents**

| Custodian | Time at Company | Total Documents | Deduped Documents |
|---|---|---|---|
| Allison, Steven | June 2018 – August 2020 | 190,076 | 129,567 |
| Chang, Wen-Jen | March 2017 – August 2020 | 285,449 | 236,804 |
| Grant, Andrew | January 2017 – August 2020 | 1,460,515 | 862,990 |
| Hutcheson, Marc | October 2017 – May 2020 | 212,589 | 126,073 |

[1] Although Epic collected all of the documents from the applicable custodians' Box accounts, it did not load to its processing database or run search terms against certain media file types (*i.e.*, mp4, mov, psd, psb, obj, png and jpg) due to their large file sizes and the fact that they are unlikely to contain relevant or responsive information.  The applicable custodians primarily use their Box accounts to share marketing "assets", such as promotional trailers and graphics, with Epic's third-party partners.  Accordingly, these media files are not included in either the collected or search hit counts.

| Malik, Haseeb | April 2019 – May 2020 | 199,216 | 100,696 |
| Nikdel, David | January 2017 – August 2020 | 245,649 | 225,673 |
| Penwarden, Nick | January 2017 – August 2020 | 518,607 | 428,380 |
| Rein, Mark | January 2017 – August 2020 | 315,650 | 258,974 |
| Ritter, Brittany | October 2019 – August 2020 | 167,032 | 128,386 |
| Sargent, Justin | January 2017 – August 2020 | 607,977 | 500,180 |
| Shobin, Alec | January 2019 – August 2020 | 194,769 | 73,941 |
| Stolfus, Hans | March 2019 – August 2020 | 106,859 | 40,812 |
| Sussman, Adam | January 2020 – August 2020 | 30,383 | 17,170 |
| Sweeney, Tim | January 2017 – August 2020 | 360,366 | 95,574 |
| Vogel, Daniel | January 2017 – August 2020 | 930,696 | 313,827 |
| Weissinger, Matt | January 2017 – August 2020 | 4,523,105 | 2,267,651 |
| Zobrist, Ed | January 2017 – August 2020 | 928,623 | 833,958 |
| **TOTAL** | | **11,277,561** | **6,640,656** |

- **Search Term Hits**

For all of the collected documents described in the above chart, the search terms that were agreed upon between Epic and Apple were applied.  The hit counts for those search terms are reported below.

As with the collection numbers reported above, these hit counts include full families, and the deduped counts are based on global deduplication.

| **Custodian** | **Time at Company** | **Search Term Hits** | **Deduped Search Term Hits** |
| --- | --- | --- | --- |
| Allison, Steven | June 2018 – August 2020 | 152,758 | 104,628 |
| Chang, Wen-Jen | March 2017 – August 2020 | 208,183 | 172,013 |
| Grant, Andrew | January 2017 – August 2020 | 786,708 | 611,404 |
| Hutcheson, Marc | October 2017 – May 2020 | 151,384 | 88,918 |
| Malik, Haseeb | April 2019 – May 2020 | 139,163 | 70,213 |
| Nikdel, David | January 2017 – August 2020 | 134,756 | 122,192 |
| Penwarden, Nick | January 2017 – August 2020 | 301,767 | 247,646 |
| Rein, Mark | January 2017 – August 2020 | 144,442 | 110,366 |
| Ritter, Brittany | October 2019 – August 2020 | 77,855 | 50,215 |
| Sargent, Justin | January 2017 – August 2020 | 543,861 | 473,459 |
| Shobin, Alec | January 2019 – August 2020 | 118,455 | 52,953 |
| Stolfus, Hans | March 2019 – August 2020 | 73,434 | 34,903 |
| Sussman, Adam | January 2020 – August 2020 | 23,065 | 13,129 |
| Sweeney, Tim | January 2017 – August 2020 | 238,024 | 56,302 |
| Vogel, Daniel | January 2017 – August 2020 | 526,723 | 162,996 |
| Weissinger, Matt | January 2017 – August 2020 | 2,022,523 | 957,175 |
| Zobrist, Ed | January 2017 – August 2020 | 337,484 | 278,728 |
| **TOTAL** | | **5,980,585** | **3,607,240** |

*****

Should Apple have further questions, we are available to meet and confer.

Sincerely,


s/ Lauren A. Moskowitz


Ethan Dettmer
GIBSON, DUNN & CRUTCHER LLP
edettmer@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

David Eberhart
Anna Pletcher
Katrina Robson
Evan Schlom
Scott Schaeffer
Elena Zarabozo
O'MELVENY & MYERS LLP
deberhart@omm.com
    apletcher@omm.com
        krobson@omm.com
            eschlom@omm.com
                sschaeffer@omm.com
                    ezarabozo@omm.com

Michelle Lowery
Elizabeth Andrea Rodd
John J. Calandra
Nicole Lauren Castle
Peter John Sacripanti
MCDERMOTT WILL & EMERY LLP
mslowery@mwe.com
    erodd@mwe.com
        jcalandra@mwe.com
            ncastle@mwe.com
                psacripanti@mwe.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL

# Exhibit 11



**RE: Apple App Store Cases -- Additional Apple Custodians**

Srinivasan, Jay P.   to: LMoskowitz@cravath.com                12/03/2020 09:33 PM

Cc: "*** GDC EpicLitTeam", "bens@hbsslaw.com", "Brian Maida", "Yang, Betty X.", "byrd@whafh.com", "dejong@whafh.com", "Lazarus, Eli M." , "epic-mobileapps@cravath.com"   , "guiney@whafh.com", "John Karin", "rifkin@whafh.com", "robl@hbsslaw.com", "shanas@hbsslaw.com"          , "steve@hbsslaw.com"

History:              This message has been replied to and forwarded.

External (jsrinivasan@gibsondunn.com)

Report This Email   FAQ

Lauren,

Sorry for the delay in getting back to you but it took some time for Apple to settle on the issues below, especially in light of the concessions Apple is willing to make to resolve most of this dispute.  The primary issue appears to be your Item No. 4 below, the resolution of which is a necessary condition to an agreement on any of the outstanding custodians.  As we've stated throughout, Apple is working at maximum capacity to review and produce documents but cannot complete its production for the additional custodians requested by Plaintiffs before Jan 6, 2021.  Plaintiffs have requested that Apple change the custodial order in which it reviews and produces documents, and Apple is happy to accommodate that to the extent possible.  With that in mind, Apple can re-prioritize Shaan Pruden documents and the "Epic only" custodian documents to the end of the queue.  Apple will prioritize documents from Steve Jobs, Scott Forstall, Tim Cook and Eric Neuenschwander/Craig Federighi.  That said, we cannot confirm that these documents will be processed by Jan 6.  We have good confidence that Steve Jobs' documents will be done by Jan 6 and very likely another person and perhaps a third; it depends substantially on their respective document counts, which we can share when they are finalized.   Please let us know if this is acceptable to Plaintiffs.  We cannot have any objections from Plaintiffs to documents rolling in after January 6 if we are going forward with this compromise.

Assuming Plaintiffs will confirm that they will not object to the timing of when the documents will roll in, then we have agreement that:  (1) Steve Jobs, Scott Forstall and Shaan Pruden will be document custodians; (2) Apple will offer Tim Cook as a document custodian contingent on Plaintiffs' agreement that they will depose him for no more than 4 hours; and (3) Apple will agree to make either Eric Neuenschwander or Craig Federighi a document custodian, depending on how the Court rules on this dispute.  The latter two issues to be the subjects of the letter brief to the Court.

Please let us know if Plaintiffs agree with the understanding above.   We will start working on Apple's half of the letter brief on the assumption that the above comports with Plaintiffs' understanding.  We will not be able to send you Apple's half of the brief tonight but will endeavor to do so by tomorrow morning.  That said, we take heart in the progress made so far

this week.

Thanks,
Jay

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** Lauren Moskowitz <LMoskowitz@cravath.com>
**Sent:** Wednesday, December 2, 2020 8:28 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian
Maida <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com;
dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com;
guiney@whafh.com; John Karin <jkarin@cravath.com>; rifkin@whafh.com; robl@hbsslaw.com;
shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Jay,

To circle back on our most recent conversation this evening, unless something changes to resolve
additional disputed items, here is where we are:

1.  Apple is agreeing to add Jobs, Forstall and Pruden as custodians.

2. Apple agrees to add Cook as a custodian but only contingent on limiting his deposition to four hours.
The parties will brief the issue of whether Apple can force a limitation on Cook's deposition at this time as
a condition to producing his documents.

3. Apple does not agree to add Federighi as a custodian. Instead, Apple is willing to add Erik
Neuenschwander. The parties will brief this issue (i.e., plaintiffs will brief why Federighi is necessary and
Apple will brief why Erik N. is sufficient).

4. Apple is in the process of responding in writing to Ben Siegel's email seeking information about whether
the additional custodians agreed to above or ordered pursuant to the above can be completed by January
6 if we agree that the four Epic specific custodians get pushed to the back of the line.  To put a finer point
on that, all plaintiffs do agree that those four Epic custodians can be put to the back of the line now and
that Cook, Jobs, Forstall, Federighi (or Erik N. if that is the outcome from the Court), and Pruden (in that
order) can be promoted immediately. With that express request, please confirm that at least Cook, Jobs,
Forstall, and Federighi (or Erik N. if that is the outcome from the Court) will be completed by January 6
(assuming for this purpose that Cook is added as a custodian).

Please confirm that the above is correct.

Regards,

Lauren

Lauren A. Moskowitz
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
W: (212) 474-1648
C: (917) 837-2688

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# Exhibit 12



**RE: App Store Litigation -- HCI**

John Karin  to: Srinivasan, Jay P.                                    12/15/2020 03:42 AM

Cc:
"**** GDC EpicLitTeam", "bens@hbsslaw.com", "Yang, Betty X.",
"byrd@whafh.com", "dejong@whafh.com", "Epic Mobile Apps",
"guiney@whafh.com", "rifkin@whafh.com", "robl@hbsslaw.com",
"shanas@hbsslaw.com", "steve@hbsslaw.com",
"YEven@cravath.com"

Jay, we will start filing at 12:45 with a footnote nothing that Apple provided its portion and exhibits at midnight and then stopped communications.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)




From:     John Karin/NYC/Cravath
To:       "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
Cc:       "**** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com"
<bens@hbsslaw.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>,
"dejong@whafh.com" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>,
"guiney@whafh.com" <guiney@whafh.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com"
<robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com"
<steve@hbsslaw.com>, "YEven@cravath.com" <YEven@cravath.com>
Date:     12/15/2020 03:27 AM
Subject:  RE: App Store Litigation -- HCI


Jay,

Plaintiffs intend to add the following sentence and make a small number of non-substantive changes to
finalize:  "Contrary to Apple's assertion, Plaintiffs have not added any new argument not previously
disclosed to Apple in their latest iteration of this filing and the changes to Plaintiffs' position were made
only to address Apple's prior withdrawal of its agreement to 14 of the 16 proposed deponents."

With that, do we have Apple's approval to file?

Thanks.


John I. Karin

Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

| | |
|---|---|
| From: | "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com> |
| To: | "John Karin" <jkarin@cravath.com> |
| Cc: | "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>, "YEven@cravath.com" <YEven@cravath.com> |
| Date: | 12/15/2020 03:00 AM |
| Subject: | RE: App Store Litigation -- HCI |

■ External (jsrinivasan@gibsondunn.com)

Report This Email   FAQ

John,

Apple's revisions are attached.  We will send you our four exhibits.  Also, because we do not have time to determine what needs to be redacted, please file the entire submission under seal.

Jay

**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Monday, December 14, 2020 11:16 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Epic Mobile Apps <epic-mobileapps@cravath.com>; guiney@whafh.com; rifkin@whafh.com; robl@hbsslaw.com;

shanas@hbsslaw.com; steve@HBSSlaw.com; YEven@cravath.com
**Subject:** RE: App Store Litigation -- HCI

[External Email]
Jay,

Could you please advise as to when we will receive Apple's revisions?  The filing deadline is approaching.
Could you please also let us know how Apple would like to treat the information designated by it as
confidential or highly confidential in the joint statement or exhibits?


Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)


| | |
|---|---|
| From: | John Karin/NYC/Cravath |
| To: | "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com> |
| Cc: | "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" < bens@hbsslaw.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, " dejong@whafh.com" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, " guiney@whafh.com" <guiney@whafh.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" < robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" < steve@hbsslaw.com>, "YEven@cravath.com" <YEven@cravath.com> |
| Date: | 12/15/2020 12:18 AM |
| Subject: | RE: App Store Litigation -- HCI |


Sure, Jay.  I have attached a redline against the draft that we sent yesterday.

[attachment "Redline [HCI].pdf" deleted by John Karin/NYC/Cravath]

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

From:      "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:        "John Karin" <jkarin@cravath.com>, "YEven@cravath.com" <YEven@cravath.com>
Cc:        "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <
           bens@hbsslaw.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "
           dejong@whafh.com" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "
           guiney@whafh.com" <guiney@whafh.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <
           robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" <
           steve@hbsslaw.com>
Date:      12/15/2020 12:10 AM
Subject:   RE: App Store Litigation -- HCI

---

Do you have a redline?

**Jay P. Srinivasan**

GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Monday, December 14, 2020 9:03 PM
**To:** YEven@cravath.com
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com
; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Epic
Mobile Apps <epic-mobileapps@cravath.com>; guiney@whafh.com; Srinivasan, Jay P. <
JSrinivasan@gibsondunn.com>; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com;
steve@hbsslaw.com
**Subject:** Re: App Store Litigation -- HCI

[External Email]
Jay,

Please find attached Plaintiffs' revised portion, along with Plaintiffs' revised exhibit list.  We included
Apple's portion in this draft.

Could you please let us know how Apple would like to treat the information designated by it as confidential
or highly confidential in the joint statement or exhibits?

Than you.

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

| | |
|---|---|
| From: | "Yonatan Even" <YEven@cravath.com> |
| To: | "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com> |
| Cc: | "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "Yang, Betty X." < BYang@gibsondunn.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>, "Epic Mobile Apps" < epic-mobileapps@cravath.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "robl@hbsslaw.com" < robl@hbsslaw.com", "bens@hbsslaw.com" <bens@hbsslaw.com>, "rifkin@whafh.com" <rifkin@whafh.com>, " byrd@whafh.com" <byrd@whafh.com> "guiney@whafh.com" <guiney@whafh.com>, "dejong@whafh.com" < dejong@whafh.com> |
| Date: | 12/14/2020 11:49 PM |
| Subject: | Re: App Store Litigation |

Jay - as I said, we are doing our best. But I believe Judge Hixson made abundantly clear this can be filed until midnight, and Apple may not unilaterally impose an alternative deadline to its liking.

YE

Yonatan Even
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1958
Fax: (212) 474-3700

On Dec 14, 2020, at 11:32 PM, Srinivasan, Jay P. <JSrinivasan@gibsondunn.com> wrote:

Yonatan,

It is now 8:30 PT and we are in jeopardy of losing client approval for the filing, without which Apple cannot authorize the filing.  Please send or we risk slipping the filing to tomorrow AM.

Thanks,
Jay

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Yonatan Even <YEven@cravath.com>
**Sent:** Monday, December 14, 2020 7:00 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X. <
BYang@gibsondunn.com>; steve@hbsslaw.com; Epic Mobile Apps <
epic-mobileapps@cravath.com>; shanas@hbsslaw.com; robl@hbsslaw.com; bens@hbsslaw.com
; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: App Store Litigation

[External Email]
Jay – as I noted earlier today, Apple's decision to renege on its agreement required us to revise
our portion of the filing to address additional custodians.  We are doing the best we can to get
you our revised portion as soon as possible, and while I cannot provide any guarantees, I hope to
be in a position to share within the hour.

YE

**From:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Sent:** Monday, December 14, 2020 9:28 PM
**To:** Yonatan Even <YEven@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X. <
BYang@gibsondunn.com>; steve@hbsslaw.com; Epic Mobile Apps <
epic-mobileapps@cravath.com>; shanas@hbsslaw.com; robl@hbsslaw.com; bens@hbsslaw.com
; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: App Store Litigation


Yonatan,

When do you expect to send Plaintiffs' revisions?

Jay

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7296 ▪ Fax +1 213.229.6296
JSrinivasan@gibsondunn.com ▪ www.gibsondunn.com

**From:** Yonatan Even <YEven@cravath.com>
**Sent:** Monday, December 14, 2020 8:31 AM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; steve@hbsslaw.com; Epic Mobile Apps <epic-mobileapps@cravath.com>; shanas@hbsslaw.com; robl@hbsslaw.com; bens@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: App Store Litigation

[External Email]
Jay,


As noted below, our position on 14 vs 16, as well as on what we are going to brief, was made crystal clear on the call on Saturday.  It has since been reduced to writing twice, in our portion of the filing and in my email of last night. As I explained last night, we will not ignore the Court's order, and we do not see the need to seek clarification of the Order.  We understand your position and will address it in our portion of the filing; you understand ours and can address it in yours.


Please send us your portion of the filing this morning; you have known our position for quite some time, and had indicated before that if you decide to brief only the number of depositions (as you seem intent on doing), you would be in a position to provide us with your portion very promptly.  Given the shift in Apple's position, we will need to modify our portion; we will endeavor to get you a modified version promptly after we receive Apple's portion.


Best,


Yonatan Even
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1958
Fax: (212) 474-3700

**From:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Sent:** Monday, December 14, 2020 9:51 AM
**To:** Yonatan Even <YEven@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X. < BYang@gibsondunn.com>; steve@hbsslaw.com; Epic Mobile Apps < epic-mobileapps@cravath.com>; shanas@hbsslaw.com; robl@hbsslaw.com; bens@hbsslaw.com ; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: App Store Litigation


Yonatan,

First, the Court asked the parties to meet and confer on the "number of depositions."  I'm quoting the Court directly from p. 33 of the Dec. 9 hearing transcript.  The subsequent discussion makes clear that the sole issue is the number of party depositions each party can take.  That is all Apple is briefing, all that Apple had signed on to brief, and all that the parties were directed to brief. We don't see any ambiguity in the transcript.  But, as noted, if the parties have a fundamental disagreement on what is even to be briefed, then we should address it with Magistrate Hixson on Tuesday so he can clarify.  Presenting him with two halves that bear no relationship to the other does not make sense.

Second, there is no agreement on anything so there is nothing to renege on.  Apple made a proposal at the end of our meeting that it would agree to up to 14 party depositions for each party.  Plaintiffs did ***not***  accept that proposal; rather, you and Ben and Rob indicated that Plaintiffs would confer amongst yourselves and get back to Apple.  You never did.  Instead, you sent us Plaintiffs' half of the brief.  Apple's offer was on the table in the interest of compromise and to avoid litigating this issue.  Now that Plaintiffs are forcing Apple to litigate this issue with the magistrate, the offer is no longer on the table and Apple will revert to the position that it is too early for the parties to agree to anything more than 10 depositions per party (as provided for in the Rules and seemingly consistent with what Magistrate Hixson believes).

That said, if Plaintiffs are serious about resolving this dispute on the number of party depositions without troubling the Court, we think the parties can reach agreement.  Apple certainly stands ready to do so and put an offer on the table that was more than fair.  But it takes two sides to agree.


Best,
Jay

**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Yonatan Even <YEven@cravath.com>
**Sent:** Sunday, December 13, 2020 10:28 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Yang, Betty X. <BYang@gibsondunn.com>; steve@hbsslaw.com; Epic Mobile Apps <epic-mobileapps@cravath.com>; shanas@hbsslaw.com; robl@hbsslaw.com; bens@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: App Store Litigation

[External Email]
Jay:


We disagree with just about everything in your letter. Without attempting to address every incorrect statement in it, our response to the main points is as follows:

- We believe the Court was abundantly clear that briefing an abstract dispute over the number of depositions is not useful or appropriate. We spent over an hour yesterday afternoon discussing with you this very issue. Throughout the call, we made clear our intent to brief Plaintiffs' need for the specific deponents we identified in Lauren's letter to you of Friday night, as we believe the Court had clearly directed us to do. At no point did we suggest we would brief anything short of that, notwithstanding your suggestion on the call that you may decide to take the position you now take in your letter, namely that you would decline to join issue on a briefing addressing Plaintiffs' need for the specifically identified deponents. It is thus simply not true that our discussion yesterday was limited to "deposition limits", to the extent you mean by this that the discussion did not revolve around the identity of the specific deponents, your objection to the depositions of Messrs. Cue and Federighi on account of their being "apex" witnesses, and Plaintiffs' intention to brief this issue to the Court. It is likewise disingenuous for you to suggest you were surprised at Plaintiffs' portion of the briefing; we could not have been clearer about our intentions or about our reading of the Court's Order (which in any event could not have been clearer as to the issues to be briefed).

- Apple has no basis for reneging on its agreement to 14 of the 16 deponents requested by Plaintiffs. If Apple does indeed intends to renege on its agreement, please let us know immediately, so that Plaintiffs may revise their portion of the filing to reflect that change in Apple's position, including by briefing the justification for all 16 witnesses that Plaintiffs wish to depose; Apple, for its part, will have to then decide whether or not it joins issue or chooses to brief something else. Plaintiffs, however, cannot and will not agree to ignore the Court's clear direction nor delay the filing of their portion in order for Apple to seek "clarity" on an issue that, in Plaintiffs' view, is already abundantly clear--particularly when depositions are starting this week.


Best,

Yonatan Even
Cravath, Swaine & Moore LLP

825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1958
Fax: (212) 474-3700

**From:** Yang, Betty X. <BYang@gibsondunn.com>
**Sent:** Sunday, December 13, 2020 11:31 PM
**To:** Epic Mobile Apps <epic-mobileapps@cravath.com>; steve@hbsslaw.com;
robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; rifkin@whafh.com;
byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>
**Subject:** App Store Litigation

Counsel,

Please see the attached.

Thanks,
**Betty X. Yang**
Of Counsel

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3226 • Fax +1 214.571.2968
BYang@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the
intended recipient. Any review, disclosure, distribution by others or forwarding without express
permission is strictly prohibited. If it has been sent to you in error, please reply to advise the
sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or
our privacy policy.

This message may contain confidential and privileged information for the sole use of the
intended recipient. Any review, disclosure, distribution by others or forwarding without express
permission is strictly prohibited. If it has been sent to you in error, please reply to advise the
sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or

our privacy policy. [attachment "Apple Revisions 2020.12.14 Draft Letter Brief re Apple Depositions HCI (002).docx" deleted by John Karin/NYC/Cravath]

# Cravath, Swaine & Moore llp

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700
————
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER
————

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

November 25, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal);
*Cameron v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH (N.D. Cal);
*In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH (N.D. Cal)

Dear Jay:

      I write on behalf of all Plaintiffs in the above-referenced matters ("Plaintiffs") regarding depositions of current and former Apple Inc. ("Apple") employees.  Based on our current review of Apple's production and knowledge of the above-referenced matters, Plaintiffs intend to depose the following current and former Apple employees (listed alphabetically):

1. Mary Brunson
2. Tim Cook
3. Eddy Cue
4. Craig Federighi
5. Matthew Fischer
6. Scott Forstall
7. Eric Friedman
8. Eric Gray
9. Mark Grimm
10. C.K. Haun
11. Trystan Kosmynka
12. Ron Okamoto
13. Carson Oliver
14. Shaan Pruden
15. Philip Schiller
16. Mike Schmid
17. Phillip Shoemaker
18. Tanya Washburn

Plaintiffs reserve their respective rights to supplement or modify this list as discovery progresses.  This list represents solely current or former Apple employees that Plaintiffs intend to depose in their personal capacity; Plaintiffs also intend to serve Rule 30(b)(6) topics on Apple as well as to depose third parties.

Please state whether Apple has any objection regarding the specific persons or the number of persons to be deposed.  Apple has previously stated it "believes that it is too early to tell if any relief from Rule 30(a)(2) is necessary".  (October 12, 2020 Joint Case Management Statement, *Epic v. Apple* (Dkt. 120) at 15.)  We believe the parties are now far enough along in the discovery process to stipulate to the number of depositions to be taken in the above-referenced matters or, if necessary, to raise this issue with the Court.

This letter is not intended to waive any rights, with respect to these depositions or others, and all such rights are expressly reserved.

We are available to meet and confer.


Sincerely,


s/ Lauren A. Moskowitz


Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
     byrd@whafh.com
          guiney@whafh.com
               dejong@whafh.com

BY EMAIL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296 Fax:
+1 213.229.6296
JSrinivasan@gibsondunn.com

CONFIDENTIAL

December 13, 2020

VIA ELECTRONIC MAIL

Lauren Moskowitz
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Ben Siegel
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Ste. 202
Berkeley, CA 94710

Rachele Byrd
Wolf Haldenstein Adler Freeman & Herz LLP
750 B St., Ste. 1820
San Diego, CA 92101

Re:     Briefing with respect to deposition limits

Dear Counsel:

This afternoon, we received Plaintiffs' portion of the joint letter brief regarding the
Plaintiffs-initiated dispute on the maximum number of party depositions each side should be
able to take in this litigation. We were surprised to see that Plaintiffs' portion does not
address this issue at all but rather is focused on something else entirely. The apex issues in
your letter are not the subject of the parties' meet and confers (which the written
correspondence bears out), Apple is not prepared to brief those issues, and most of all,
briefing on these issues is not what Judge Hixson ordered.

At the hearing on December 9, 2020, Judge Hixson plainly directed the parties to
submit a joint letter brief concerning *deposition limits*. 12/9/2020 Hr'g Tr. 39:7-9 ("THE
COURT: . . . I think that a joint discovery letter brief by end of the day December 14th,
concerning deposition limits, that's a good idea."); *id.* at 40:18-23 ("THE COURT: . . . I'm
going to order the parties to meet and confer about deposition limits. And if you can't reach
an agreement, then by end of the day Monday, December 14th, I order you to file a joint
discovery letter brief, not to exceed ten pages, with five pages per side concerning deposition

**GIBSON DUNN**

Lauren Moskowitz
December 13, 2020
Page 2

limits."); *see also id.* at 32:24 ("MS. MOSKOWITZ: . . . The main issue is deposition limits.").

In our meet and confer session yesterday, the discussion was about deposition limits with Plaintiffs coming into that meeting having revised their demand down from 18 to 16. Apple explained why it believed the issue was premature and that Plaintiffs' brief descriptions of why they each needed 16 depositions was not convincing given that a number of the proposed individuals were duplicative of others on the list, with Apple citing a number of examples.  In the interest of compromise and to avoid litigation on this issue, Apple proposed that each party (Apple, Epic, *Cameron* plaintiffs, *Pepper* plaintiffs) may take up to 14 party depositions (not including the 30(b)(6) deposition).  Do Plaintiffs have any response to that proposal?  There is no reason to burden the Court with this issue but if Apple is forced to litigate it, Apple will revert to its opening position that it is premature to determine at this time whether more than 10 depositions per party is warranted at this juncture.

Further, because the apex issues raised in Plaintiffs' portion of the joint letter brief are neither ripe nor requested by the Court, Apple will not brief them.  Further, to the extent the parties cannot agree on what should be briefed, the right thing to do here is to obtain clarity at Tuesday's hearing; there is no urgency such that this needs to be briefed tomorrow before asking Magistrate Judge Hixson to weigh in on what he meant.

 Sincerely,

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan