# EPIC SAMPLE TYING MODULE

1. **SECTION 1 OF THE SHERMAN ACT—TYING**

    **1.1    Section 1 of the Sherman Act—Tying—*Per Se* or Rule of Reason Analysis**

    Tying arrangements may be evaluated under Section 1 of the Sherman Act under either *per se* or rule of reason analysis. *See Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 29 (1984), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006). "[I]t is only after considerable experience with certain business relationships that courts classify them as *per se* violations." *Broadcast Music, Inc. v. Columbia Broadcasting Sys., Inc.*, 441 U.S. 1, 9 (1979). Courts have experience with, and have applied *per se* analysis to, certain "contractual ties". *United States v. Microsoft Corp.*, 253 F.3d 34, 90 (D.C. Cir. 2001). By contrast, *per se* analysis may be inappropriate for practices the courts have not encountered before, *Broadcast Music*, 441 U.S. at 10, or for "novel categories of dealings", *Microsoft*, 253 F.3d at 84.

    "[C]ertain tying arrangements pose an unacceptable risk of stifling competition and therefore are unreasonable '*per se.*'" *Id.* at 9. "[T]he essential characteristic of an invalid tying arrangement lies in the seller's exploitation of its control over the tying product to force the buyer into the purchase of a tied product that the buyer either did not want at all, or might have preferred to purchase elsewhere on different terms. When such 'forcing' is present, competition on the merits in the market for the tied item is restrained and the Sherman Act is violated." *Id.* at 12. "[A]s a threshold matter there must be a substantial potential for impact on competition in order to justify *per se* condemnation. . . . Once this threshold is surmounted, *per se* prohibition is appropriate if anticompetitive forcing is likely[, *i.e.*,] situations in which the existence of market power is probable." *Id.* at 16-17. "When, however, the seller does not have either the degree or the kind of market power that enables him to force customers to purchase a second, unwanted product in order to obtain the tying product, an antitrust violation can be established only by evidence of an unreasonable restraint on competition in the relevant market." *Id.* at 17-18.

**Epic's Position (if needed):** [●]

**Apple's Position (if needed):** [●]

### 1.1.1 Section 1 of the Sherman Act—Tying—*Per Se* Analysis—Elements

"For a tying claim to suffer per se condemnation, a plaintiff must prove: (1) that the defendant tied together the sale of two distinct products or services; (2) that the defendant possesses enough economic power in the tying product market to coerce its customers into purchasing the tied product; and (3) that the tying arrangement affects a not insubstantial volume of commerce in the tied product market." *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 913 (9th Cir. 2008); *see also Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 12-18 (1984), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 461-62 (1992). "[A]t least when [these] prerequisites are met, arrangements of this kind are illegal in and of themselves, and no specific showing of unreasonable anticompetitive effect is required." *Fortner Enters., Inc. v. U.S. Steel Corp.*, 394 U.S. 495, 498 (1969) (referencing *N. Pac. R. Co. v. United States*, 356 U.S. 1, 5-6 (1958)).

### 1.1.1.1 Section 1 of the Sherman Act—Tying—*Per Se* Analysis—Presence of Two Products

"[T]he answer to the question whether one or two products are involved turns not on the functional relation between them, but rather on the character of the demand for the two items." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 19 (1984), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006); *see also Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 975 (9th Cir. 2008). There must be "sufficient demand for the purchase of [the tied product] separate from [the tying product] to identify a distinct product market in which it is efficient to offer [the tied product] separately from [the tying product]." *Jefferson Parish*, 466 U.S. at 21-22; *see also Rick-Mik*, 532 F.3d at 975. "To determine this, the 'purchaser demand' test of *Jefferson Parish* examines direct and indirect evidence of consumer demand for the tied product separate from the tying product. Direct evidence addresses the question whether, when given a choice, consumers purchase the tied good from the tying good maker, or from other firms. Indirect evidence includes the behavior of firms without market power in the tying good market, presumably on the notion that (competitive) supply follows demand. If competitive firms always bundle the tying and tied goods, then they are a single product." *Rick-Mik*, 532 F.3d at 975 (internal quotation marks and alterations omitted).

### 1.1.1.2 Section 1 of the Sherman Act—Tying—*Per Se* Analysis— Proof of a Tie

A tie exists where "sale of the desired ('tying') product is conditioned on purchase of another ('tied') product." *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1178 (9th Cir. 2016). "[T]he essential characteristic of an invalid tying arrangement lies in the seller's exploitation of its control over the tying product to force the buyer into the purchase of a tied product that the buyer either did not want at all, or might have preferred to purchase elsewhere on different terms." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 12 (1984), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006). "A plaintiff must present evidence that the defendant went beyond persuasion and coerced or forced its customer to buy the tied product in order to obtain the tying product." *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1159 (9th Cir. 2003).

### 1.1.1.3  Section 1 of the Sherman Act—Tying—*Per Se* Analysis—Existence of Market Power With Respect to the Tying Product

"[T]he Supreme Court has condemned tying arrangements when the seller has the market power to force a purchaser to do something that he would not do in a competitive market." *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 913 (9th Cir. 2008). "[W]hat is required in a *per se* case is not power over the whole market for the tying product, but only . . . a 'type of market power [that] has sometimes been referred to as leverage defined here as a supplier's ability to induce his customers for one product to buy a second product from him that would not be purchased solely on the merit of that second product.'" *Digidyne Corp. v. Data Gen. Corp.*, 734 F.2d 1336, 1339-40 (9th Cir. 1984) (quoting *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 19 (1984), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006)) (internal alterations omitted); *see also Cty. of Toulumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1157 (9th Cir. 2001) (requiring "such power in the tying product or service market that the existence of forcing is probable" for a *per se* violation).

For further detail on the assessment of market power, *see also* Section [XXX] above.[1]

---

[1] Epic contemplates that there would be a module regarding market power earlier in the document, which could be cross-referenced here.

### 1.1.1.4 Section 1 of the Sherman Act—Tying—*Per Se* Analysis—Foreclosure of a Substantial Volume of Commerce with Respect to the Tied Product

There is foreclosure of a substantial volume of commerce with respect to the tied product where "a total amount of business, substantial enough in terms of dollar-volume so as not to be merely de minimis, is foreclosed to competitors by the tie." *Fortner Enters., Inc. v. U.S. Steel Corp.*, 394 U.S. 495, 501 (1969); *see also Datagate, Inc. v. Hewlett-Packard Co.*, 60 F.3d 1421, 1425 (9th Cir. 1995) (foreclosure of a single purchaser sufficient so long as the dollar volume of sales is "not insubstantial").

### 1.1.2 Section 1 of the Sherman Act—Tying—Unlawful Tying under Rule of Reason

If a plaintiff fails to establish *per se* liability, a plaintiff must demonstrate that a defendant "violated the Sherman Act because it unreasonably restrained competition" under the rule of reason. *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 29 (1984), *abrogated on other grounds by Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28 (2006); *United States v. Microsoft Corp.*, 253 F.3d 34, 95-97 (D.C. Cir. 2001). The *per se* elements "are necessary only to bring into play the doctrine of *per se* illegality." *Fortner Enters., Inc. v. U.S. Steel Corp.*, 394 U.S. 495, 499-500 (1969). "A plaintiff can still prevail on the merits whenever he can prove, on the basis of a more thorough examination of the purposes and effects of the practices involved, that the general standards of the Sherman Act have been violated." *Id.* at 500.

For further detail on the rule of reason, *see* Section [XXX] above.[2]

---

[2] Epic contemplates that there would be a module regarding the rule of reason earlier in the document, which could be cross-referenced here.