THEODORE J. BOUTROUS JR., SBN 132099
 tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
 rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
 dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
 jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA   90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; appearance *pro hac vice*)
 vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:   214.698.3100
Facsimile:   214.571.2900

MARK A. PERRY, SBN 212532
 mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
 crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:   202.467.0539

ETHAN D. DETTMER, SBN 196046
 edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
 elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiffs, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | CASE NO. 4:20-cv05640-YGR-TSH<br><br>**DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF AND SUPPORTING EXHIBITS REGARDING EPIC GAMES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Hon. Yvonne Gonzalez Rogers<br>Hon. Thomas S. Hixson |

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Epic's Administrative Motion to File Under Seal the Joint Discovery Letter Brief and Supporting Exhibits Regarding Epic's Request for Production of Documents (Dkts. 213 & 217) (collectively, "Joint Discovery Letter Brief").

2. The request for relief is narrowly tailored and necessary to the confidentiality of information in certain documents described below.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. At the same time, Apple must guard against nefarious actors on the lookout for information that might help them hack into

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See*, *e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

2

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL; CASE NO. 4:20-CV05640-YGR-TSH

Gibson, Dunn & Crutcher LLP

Apple systems, whether to steal proprietary information and then sell it or in order to disrupt Apple's provision of products and services. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

5. Here, Apple seeks to seal the following portions of the exhibits, in part or in whole, supporting the Joint Administrative Motion which contain, reflect, or discuss highly-sensitive, non-public information, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order in this action, the exposure of which would critically harm Apple:

1) The Joint Discovery Letter Brief, pp.3-4, which references information regarding sensitive business and financial data relating to Apple's revenue and costs attributable to in-app purchasing;

2) Exhibit 6, p.3, which references information regarding sensitive business decisions and contractual terms between Apple and a third-party;

3) Exhibit 7, p. 3, which references information regarding sensitive business and financial data relating to Apple's revenue and costs;

4) Exhibit A, in its entirety, which references information regarding sensitive business and financial data relating to Apple's revenue and costs attributable to in-app purchasing;

5) Exhibit B, in its entirety, which are excerpts from the deposition transcript of Matthew Fischer that contain information regarding sensitive business information relating to fees and payments to third-party providers.

6. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."   *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

7. Specifically, Apple seeks to seal portions of the above exhibits that reflect highly confidential information regarding Apple's business organization and documents discussing sensitive business information. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

8. In addition to the competitive harms posed by public availability of these documents, public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping those efforts confidential is important to their effectiveness.

9. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court records without jeopardizing Apple's business interests. Below is a chart detailing the specific items that are sealable for the reasons explained herein. Apple is also lodging with the Court versions of the Joint Letter Brief and Exhibits 6, 7, A and B that indicate (but do not apply) the proposed redactions.

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| Joint Discovery Letter Brief | p.3-4 | Contains information regarding sensitive business and financial data relating to Apple's revenue and costs attributable to in-app purchasing. | In these proposed redactions, Apple seeks to seal only limited portions of the Joint Discovery Letter Brief that reveal sensitive informating regarding business and financial data related to in-app purchasing. |

4

Gibson, Dunn & Crutcher LLP

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| | | | Disclosure of this information proposed for sealing would provide the public and competitors access to highly confidential information regarding Apple's business decisions related to in-app purchasing and Apple's products and services. This information could be used to try to gain a competitive advantage. |
| Exhibit 6 | p.3 | Contains information regarding sensitive business decisions and contractual terms between Apple and a third-party. | In these proposed redactions, Apple seeks to seal only particular portions of Exhibit 6 to the Joint Discovery Letter Brief that reveal sensitive informating regarding sensitive business decisions and contractual terms between Apple and a third-party. <br><br> Disclosure of this information proposed for sealing would provide the public and competitors access to highly confidential information regarding Apple's business decisions relations with third-parties with whom Apple conducts business. This information could be used to try to gain a competitive advantage. |
| Exhibit 7 | p.3 | Contains information regarding sensitive business and financial data relating to Apple's revenue and costs. | In these proposed redactions, Apple seeks to seal only particular portions of Exhibit 7 to the Joint Discovery Letter Brief that reveal sensitive informating regarding business and financial data relating to Apple's revenue and costs. <br><br> Disclosure of this information proposed for sealing would provide the public and competitors access to highly |

Gibson, Dunn & Crutcher LLP

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| | | | confidential information regarding Apple's business and financial data relating to Apple's revenue and costs. This information could be used to try to gain a competitive advantage. |
| Exhibit A | Withheld | Contains information regarding sensitive business and financial data relating to Apple's revenue and costs attributable to in-app purchasing. | Apple seeks to seal Exhibit A to the Joint Discovery Letter Brief in its entirety, because it is a produced document from Apple designated "Confidential" pursuant to the Stipulated Protective Order in this action that reveals sensitive informating regarding business and financial data relating to Apple's revenue and costs. <br><br> Disclosure of this information proposed for sealing would provide the public and competitors access to highly confidential information regarding Apple's business and financial data relating to Apple's revenue and costs. This information could be used to try to gain a competitive advantage. |
| Exhibit B | Withheld | Contains information regarding sensitive business information relating to fees and payments to third-party providers. | Apple seeks to seal Exhibit B to the Joint Discovery Letter Brief in its entirety, because it is a produced document from Apple designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action that reveals sensitive business information relating to fees and payments to third-party providers. <br><br> Disclosure of this information proposed for sealing would provide the public and |

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL; CASE NO. 4:20-CV05640-YGR-TSH

Gibson, Dunn & Crutcher LLP

| Document to be Sealed | Page Number of PDF | Sensitive Information to be Redacted | Notes |
|---|---|---|---|
| | | | competitors access to highly confidential information regarding sensitive business information relating to Apple's fees and payments to third-party providers. This information could be used to try to gain a competitive advantage. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 4, 2021, at Los Angeles, California.

DATED: January 4, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jay P. Srinivasan
Jay P. Srinivasan

*Attorney for Defendant Apple Inc.*

DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL; CASE NO. 4:20-CV05640-YGR-TSH

## CERTIFICATE OF SERVICE

I, Jay P. Srinivasan, hereby certify that on January 4, 2021, I caused the foregoing **DECLARATION OF JAY P. SRINIVASAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF AND SUPPORTING EXHIBITS REGARDING EPIC GAMES, INC'S REQUESTS FOR PRODUCTION OF DOCUMENTS** to be filed electronically through the CM/ECF system