**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# Exhibit 7

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1958

WRITER'S EMAIL ADDRESS
yeven@cravath.com

December 23, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

I write to memorialize the parties' meet and confer on December 22, 2020 with respect to Epic's requests for production.

## I.  Epic's Non-Data Requests for Production

With respect to Epic's non-data requests for production:

*First*, Epic understands that for all document review that has been or will be taking place on any custodian since the date of Epic's first set of document requests, Apple will not stand on General Objection No. 2 (limiting production to "designated custodians" in *Epic v. Apple*). (*See* Epic's 12/15/20 Letter at 1.) Please confirm Epic's understanding before December 27, 2020.

*Second*, Epic understands that Apple will confirm whether it has withheld or intends to withhold documents that appear in searches of custodial files on the ground that such documents concern consumers, transactions, or activities taking place outside of the United States. (*See* Epic's 12/15/20 Letter at 2-3.) Please provide this confirmation before December 27, 2020.

*Third*, Epic understands that Apple will provide its position on whether it is willing to perform searches of non-custodial sources in response to Epic's Request Nos. 15-17 (concerning developer agreements), 18 (concerning third-party payment providers), and 54 (concerning business and strategic plans or presentations related to competition). (*See* Epic's 12/15/20 Letter at 3-4.) Please provide Apple's position before December 27, 2020.

*Fourth*, Epic understands that Apple will provide its position on whether it is willing to perform searches beyond the time period January 1, 2017 through August 13, 2020 in response to Epic's Request Nos. 15-17 (concerning developer agreements), 18 (concerning third-

CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Case 4:20-cv-05640-YGR   Document 231-4   Filed 01/04/21   Page 3 of 6

2

party payment provisions), 54 (concerning business and strategic plans or presentations related to competition), 65-70 (concerning Apple's retaliation against Epic), 32-38, 43-44, 65-66 (concerning App Store Review Guidelines created or modified after August 13, 2020), 71-78, 80 (concerning the App Store Small Business Program), and 81 (concerning Amazon's hotfix). (*See* Epic's 12/15/20 Letter at 4-5.) Please provide Apple's position before December 27, 2020.

*Fifth*, Epic understands that Apple is and will be searching for agreements and similar documents at Apple Inc. affiliates if such affiliate is the proper contracting party for agreements or similar documents called for by an Epic RFP, and that Apple has not withheld and will not withhold any documents based on General Objection No. 14 (concerning Apple affiliates). (*See* Epic's 12/15/20 Letter at 5.) Please confirm Epic's understanding before December 27, 2020.

*Sixth*, Epic understands that Apple is searching for documents concerning the Amazon hotfix and will report back on its findings. Please confirm Epic's understanding before December 27, 2020. With respect to Epic's Request No. 67 (concerning hotfixes more broadly), Apple stated that it stands on its objection because Apple believes that hotfixes that are intended to fix bugs in an application but that do not introduce new functionality are not objectionable. Based on Apple's position, Epic is willing to limit Request No. 67 to documents concerning hotfixes that introduce new functionality into an application, and asks that Apple reconsider its objection in light of this significant narrowing of Epic's request. (*See* Epic's 12/15/20 Letter at 5-6.) Please provide Apple's response before December 27, 2020.

*Seventh*, Epic understands that Apple will inquire whether Apple ID may be used outside of iOS, and will inform Epic of the results of its inquiry (*see* Apple, "Sign in with Apple", https://developer.apple.com/sign-in-with-apple/ (Sign in with Apple "Works everywhere.")), as well as whether Apple will produce documents responsive to Epic's Request No. 51 (concerning Apple ID). (*See* Epic's 12/15/20 Letter at 6.) Please confirm Apple's position before December 27, 2020.

## II.  Epic's Data Requests for Production

With respect to Epic's data requests for production:

Sales of Apple devices and accessories (Request Nos. 3-4): Apple stated that it likely has produced these data for iPhones, iPads and iPod touches, but was unable to provide Epic with the relevant Bates number(s) of these data, which Epic had asked for in a prior meet and confer on December 14, 2020. Epic reiterated its request and Apple stated it will consider providing the corresponding Bates number(s). Please provide the Bates number(s) before December 27, 2020. Epic understands that Apple will inform Epic as to whether it will produce these data for any of the other devices or accessories listed in Request Nos. 3 or 4. Please so inform Epic before December 27, 2020.

IAP and third-party settlement providers (Request Nos. 5-6, 19): With respect to data reflecting revenue from IAP, Apple stated that it will produce such data as part of the transactional data production in the *Cameron* and *Pepper* actions. Apple confirmed that these transactional data concern only U.S. transactions, and Epic responded that it requires worldwide

CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

revenue data, which can be provided at the level of a P&L statement, as opposed to by each transaction. Apple stated it will consider the request. Please provide Apple's position before December 27, 2020.

With respect to data reflecting costs attributable to IAP, Apple stated that it will produce an employment database of app reviewers and marketing cost data associated with the App Store. Apple acknowledged that it may have data on payments to third-party settlement providers for clearing transactions.

Epic understands that Apple will inquire as to what other responsive data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

Developer tools (Request Nos. 9, 53): Epic understands that Apple does not believe that it tracks these data, but will produce responsive documents to the extent they are in custodial files. Epic also understands that Apple will continue its investigation into what data does exist in non-custodial sources, will inform Epic of the results of its investigation, and produce responsive data to the extent they exist. Please confirm Epic's understanding on both accounts before December 27, 2020.

macOS App Store and iOS App Store (Request Nos. 7-8): Apple stated that these data may exist for the U.S., but that it was still confirming. Epic emphasized that these data must also be provided worldwide, and explained that certain documents in Apple's production show that it maintains these data on a worldwide basis in the ordinary course (*see, e.g.*, APL-APPSTORE_08883133 at '3282 [redacted], '3286 [redacted]; APL-APPSTORE_00227526 [redacted]). Epic understands that Apple will inquire as to what responsive data, including U.S. and worldwide, exist in non-custodial sources, will inform Epic of the results of its inquiry, and produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

App reviewers (Request No. 10): Apple stated that it will produce an anonymized employment database for its app reviewers, but that Apple does not maintain data on app reviewers' training or qualifications. Epic understands that Apple will also produce documents responsive to this request to the extent such documents appear in searches of custodial files. Please confirm Epic's understanding before December 27, 2020.

Usage metrics for apps (Request No. 11): Apple stated that it believes this request overlaps with the *Pepper* Plaintiffs' Request No. 48. Epic understands that Apple will inquire as to what data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

Customer lifetime value and lifespan (Request Nos. 12-14): Epic understands that Apple will inquire as to what documents and data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive documents and data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

<u>Apple's "installed base" (Request Nos. 25, 31)</u>: Apple stated that it is unsure whether it documents how it calculates its "installed base". Epic understands that Apple will inquire as to what responsive documents and data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive documents and data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

<u>Apple customers who own or use multiple Apple products (Request Nos. 26-28)</u>: Apple stated that it is not sure that it tracks these data, and that providing them may be burdensome if they exist. Epic understands that Apple will inquire as to what responsive data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

<u>Payments made using an Apple ID by means other than IAP (Request No. 29)</u>: Epic understands that Apple will inquire as to what data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

<u>Spending through IAP and Apple's commissions from IAP (Request No. 30)</u>: Epic understands that Apple will inquire as to what responsive data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

<u>Commissions charged for the distribution of apps or in-app purchases on the Google Play Store and the Epic Games Store (Request No. 52)</u>: Epic understands that Apple will produce responsive documents to the extent such documents appear in its custodial searches. Please confirm Epic's understanding before December 27, 2020.

<u>Impact of App Store Small Business Program on Apple financials (Request No. 79)</u>: Epic understands that Apple will inquire as to what responsive data exist in non-custodial sources, will inform Epic of the results of its inquiry, and will produce responsive data to the extent they exist. Please confirm Epic's understanding before December 27, 2020.

*  *  *

As we explained at the meet and confer, Apple must provide its final positions promptly. Epic served its first set of document requests on October 23, 2020. Two months later, Apple has few answers about whether it will produce critical data. The deadline for "Completion of . . . data production" is January 6, 2021. (Dkt. 103.) This is not a deadline for substantial completion—Apple must entirely complete its data production by January 6, or Epic will be

CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

prejudiced in its efforts to submit opening expert reports by the deadline of February 15, 2021. (Dkt. 116.)  Epic reserves all rights and waives none.

                                                Sincerely,

                                         s/ Yonatan Even

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL

CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY