# **EXHIBIT 2**

# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | DAVID R. MARRIOTT | | KEVIN J. ORSINI | NICHOLAS A. DORSEY |
| EVAN R. CHESLER | MICHAEL A. PASKIN | WORLDWIDE PLAZA | MATTHEW MORREALE | ANDREW C. ELKEN |
| RICHARD W. CLARY | ANDREW J. PITTS | 825 EIGHTH AVENUE | JOHN D. BURETTA | JENNY HOCHENBERG |
| STEPHEN L. GORDON | MICHAEL T. REYNOLDS | NEW YORK, NY 10019-7475 | J. WESLEY EARNHARDT | VANESSA A. LAVELY |
| ROBERT H. BARON | ANTONY L. RYAN | | YONATAN EVEN | G.J. LIGELIS JR. |
| DAVID MERCADO | GEORGE E. ZOBITZ | TELEPHONE: +1-212-474-1000 | BENJAMIN GRUENSTEIN | MICHAEL E. MARIANI |
| CHRISTINE A. VARNEY | GEORGE A. STEPHANAKIS | FACSIMILE: +1-212-474-3700 | JOSEPH D. ZAVAGLIA | LAUREN R. KENNEDY |
| PETER T. BARBUR | DARIN P. MCATEE | | STEPHEN M. KESSING | SASHA ROSENTHAL-LARREA |
| THOMAS G. RAFFERTY | GARY A. BORNSTEIN | | LAUREN A. MOSKOWITZ | ALLISON M. WEIN |
| MICHAEL S. GOLDMAN | TIMOTHY G. CAMERON | | DAVID J. PERKINS | MICHAEL P. ADDIS |
| RICHARD HALL | KARIN A. DEMASI | CITYPOINT | JOHNNY G. SKUMPIJA | JUSTIN C. CLARKE |
| JULIE A. NORTH | DAVID S. FINKELSTEIN | ONE ROPEMAKER STREET | J. LEONARD TETI, II | SHARONMOYEE GOSWAMI |
| ANDREW W. NEEDHAM | DAVID GREENWALD | LONDON EC2Y 9HR | D. SCOTT BENNETT | C. DANIEL HAAREN |
| STEPHEN L. BURNS | RACHEL G. SKAISTIS | TELEPHONE: +44-20-7453-1000 | TING S. CHEN | EVAN MEHRAN NORRIS |
| KATHERINE B. FORREST | PAUL H. ZUMBRO | FACSIMILE: +44-20-7860-1150 | CHRISTOPHER K. FARGO | LAUREN M. ROSENBERG |
| KEITH R. HUMMEL | ERIC W. HILFERS | | KENNETH C. HALCOM | |
| DAVID J. KAPPOS | GEORGE F. SCHOEN | | DAVID M. STUART | |
| DANIEL SLIFKIN | ERIK R. TAVZEL | | AARON M. GRUBER | SPECIAL COUNSEL |
| ROBERT I. TOWNSEND, III | CRAIG F. ARCELLA | WRITER'S DIRECT DIAL NUMBER | O. KEITH HALLAM, III | SAMUEL C. BUTLER |
| PHILIP J. BOECKMAN | DAMIEN R. ZOUBEK | +1-212-474-1648 | OMID H. NASAB | |
| WILLIAM V. FOGG | LAUREN ANGELILLI | | DAMARIS HERNÁNDEZ | |
| FAIZA J. SAEED | TATIANA LAPUSHCHIK | | JONATHAN J. KATZ | |
| RICHARD J. STARK | ALYSSA K. CAPLES | WRITER'S EMAIL ADDRESS | RORY A. LERARIS | OF COUNSEL |
| THOMAS E. DUNN | JENNIFER S. CONWAY | lmoskowitz@cravath.com | KARA L. MUNGOVAN | MICHAEL L. SCHLER |
| MARK I. GREENE | MINH VAN NGO | | MARGARET T. SEGALL | CHRISTOPHER J. KELLY |

November 10, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal);
*Cameron v. Apple Inc.*, No. 4:19-cv-03074-YGR (N.D. Cal);
*In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal)

Dear Jay:

I write on behalf of the plaintiffs in the above-referenced matters ("Plaintiffs") in response to Apple Inc.'s ("Apple") October 30, 2020 and November 6, 2020 letters with respect to additional Apple document custodians.[1]

On September 22, 2020, Epic Games, Inc. ("Epic") and Apple met and conferred regarding custodians and agreed to exchange proposed custodian lists. On September 24, 2020, Apple proposed six custodians: Josh Doss, Mark Grimm, Trystan Kosmynka, Robert Partington, Phil Schiller and Mike Schmid. Only two of these custodians, Trystan Kosmynka and Phil Schiller, overlap with Apple's custodians in *Pepper* and *Cameron*. At that time, Apple took the position that the remainder of the custodians in *Pepper* and *Cameron* were irrelevant to *Epic v. Apple*. Epic immediately informed Apple that their proposal was deficient, including but not limited to, because it did not include key individuals such as Steve Jobs, Apple's former CEO, or Tim Cook, Apple's current CEO. In its statement to the Court on this subject, Apple stated that "it has identified six witnesses *to date* who are most likely to have information relevant to Epic's claims. Apple has never stated that it intends to produce documents only from six custodians". (*Epic v. Apple*, September 24, 2020 Joint Statement, Dkt. 91, 6 n.6.) Since then, Apple has not offered any further custodians, notwithstanding Epic's proposal to produce for 15 custodians and its immediate agreement to add two additional custodians at Apple's request.

The plaintiffs in *Pepper* and *Cameron* ("Class Plaintiffs") have repeatedly raised the custodian issue with Apple, including as far back as February 25, 2020. Apple's position, in a March 5, 2020 letter, was that Class Plaintiffs do "a thorough analysis of documents that Apple

---

[1] Plaintiffs have not undertaken to respond to each and every assertion in Apple's two letters, and the absence of a response does not indicate agreement.

produces", among other things, before seeking additional custodians. In that letter, Apple also wrote: "Apple remains open to discussing potential additional custodians with Plaintiffs". Following that letter, Apple made 10 separate productions – April 3, May 7, June 2, June 17, July 6, July 17, July 27, July 31[2], September 20 and October 9, 2020 – which amounted to over 3.6 million documents. Immediately following Apple's October 9th production, Class Plaintiffs timely renewed their request for additional custodians upon determining that Apple's production was deficient. On October 19, 2020, Class Plaintiffs proposed six additional Apple custodians: Tim Cook, Steve Jobs, Scott Forstall, Greg Joswiak, Luca Maestri and Ann Thai and explained why they believed the additional six individuals were likely to possess additional responsive documents important to this litigation.

Rather than respond on the merits to Class Plaintiffs' request, Apple has refused to engage unless and until there is one single list across all Plaintiffs, including Epic. But Epic only recently received the 3.6 million documents, and even though more than 2.3 million of those are autogenerated app review emails that are effectively worthless for purposes of the issues in these cases, it still was unreasonable to insist that Epic be ready immediately to propose additional custodians. It was also unreasonable for Apple to hold up Class Plaintiffs in the meantime.

In the interests of moving forward expeditiously, Class Plaintiffs and Epic have conferred and are prepared to make a joint request for additional Apple custodians beyond those used for *Pepper* and *Cameron* and the four additional custodians Apple already has committed to use in the *Epic* action. Plaintiffs' proposal is without prejudice to their rights to seek additional custodians for good cause. Plaintiffs also reserve their rights to seek additional searches of the files of persons already designated as custodians by Apple to the extent Apple's search and collection from those files to date (the details of which Apple has never provided to Plaintiffs) were insufficient. Plaintiffs thus propose that Apple produce documents across all of the actions from the files of the below additional custodians.

1. Tim Cook

2. Craig Federighi

---

[2] While Apple represented to Class Plaintiffs on July 31, 2020, that it had "substantially completed" production of its custodial documents, since that time Apple has continued to make large document productions. Most recently, on September 20, 2020 and October 9, 2020, Apple produced approximately 1.75 million and 167,000 pages of documents, respectively, in response to Class Plaintiffs' ongoing demand, among other things, that it supplement its production of documents related to the costs and expenses of running the App Store. Moreover, Apple continues to state that it has further documents (including from custodians) to produce. For example, in a November 10, 2020 email from Eli Lazarus, in response to a question from Plaintiffs about when Apple will fully complete production of documents from the initial 15 custodians that are responsive to Class Plaintiffs' initial set of document requests, Apple conspicuously failed to answer when productions would be complete, but stated that further productions were forthcoming, including one planned for November 11, 2020.

    3. Scott Forstall

    4. Steve Jobs

    5. Greg Joswiak

    6. Luca Maestri

    7. Steve McGuigan

    8. Shaan Pruden

    9. Alex Rofman

    10. Ann Thai

Please confirm that Apple will collect and review the files of these custodians. If Apple wishes to meet and confer about these custodians, please identify a time this week for the parties to meet and confer on these additional custodians.

Relatedly, Apple confirmed in its October 30, 2020 letter that "Apple agreed to add four new custodians and to refresh the collections of two of the existing custodians likely to have discoverable information specific to Epic". Please confirm that Apple is collecting or has collected from the files of these four new custodians. Additionally, please clarify Apple's actions to "refresh the collections" of the two existing custodians, including whether this entails additional collection, and if so, what additional documents will be collected. With respect to all six of these custodians, please describe the protocol that Apple will use to identify responsive documents within those collected, including any search terms or date restrictions applied. Also, please tell us whether technology assisted review ("TAR") is being used, and if so, what steps are being taken to re-train the TAR model to address Epic's RFPs, identify responsive material subject to TAR, and validate the sufficiency of the results. Please refer to the November 5, 2020 email from H. Valdes, RE: Related App Store Actions – Validation, for specific questions about Apple's TAR process that are relevant to this inquiry. Finally, please let us know when Apple expects to produce documents for these six custodians.

                                                                       Sincerely,

                                                                       s/ Lauren A. Moskowitz


Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz

2

William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL