# EXHIBIT 5

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

December 23, 2020

VIA ELECTRONIC MAIL

Lauren Moskowitz
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:   *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Lauren:

    I write to follow up on our December 7, 2020 and December 11, 2020 letters regarding Epic's document production.

Epic's Document Production

    As we pointed out in our December 11, 2020 letter, the manner and speed with which Epic has conducted its document production has prejudiced Apple's ability to begin depositions of Epic witnesses—or even know which witnesses to depose. With only weeks remaining for document discovery, Epic has produced to date only a fraction of the currently-agreed review universe of 3,607,240. Apple has repeatedly asked for information relating to the state of Epic's production, and the reasons why the production is moving at such a slow pace. Epic has provided no meaningful response other than to say that it will produce all of its documents by January 6, 2020. But it is not acceptable for Epic to slowly dribble out documents to Apple with a significant dump of most of its documents on or around January 6, 2020.

    Epic's document productions to date have been haphazardly spread across all of its 17 custodians, and Epic does not appear to be close to completing document production for *any* of these custodians. For example, although your December 9, 2020 letter notes that Andrew Grant is the custodian of 611,404 deduped documents that hit on the agreed search terms, Epic has produced only 14,190[1] documents from Mr. Grant. Likewise, although Mr.

---

[1] We are in receipt of your December 18, 2020 production to Apple. Documents from that production are not accounted for in this letter, as ingesting the data will take several days given the size of the production. To the extent that your latest production completes document production for any of Epic's custodians, please let us know.

**GIBSON DUNN**

Lauren Moskowitz
December 23, 2020
Page 2


Weissinger is the custodian of 957,175 deduped documents that hit on search terms, Epic has only produced 30,646 of his documents to date.  Further, Epic has yet to produce a single document from two of its custodians—Marc Hutcheson and Brittany Ritter—and has produced only two documents from a third custodian, Steven Allison.  Productions for the remaining custodians also are seemingly incomplete.

Epic's manner of producing documents prejudices Apple's ability to begin depositions.  Plaintiffs have requested—and Apple has agreed—to produce documents on a by-custodian basis, prioritizing custodians whom Plaintiffs seek to depose.  Apple previously provided a list of at least eight witnesses whom Apple will depose in this case, *see* Dec. 7, 2020 Ltr. From J. Srinivasan to L. Moskowitz, and we ask for the same reciprocal prioritization—in other words, that Epic complete the production of documents from those eight custodians as soon as possible, and on a custodian-by-custodian basis.  In particular, please expedite the production of documents from Mr. Shobin, Mr. Hutcheson, and Mr. Malik.

Additional Epic Custodians

Finally, based on our review of Epic's ongoing document productions, the majority of which has only recently been served, it has come to our attention that there are other individuals within Epic's organization—not listed on Epic's Rule 26 Initial Disclosures—who we believe are in possession of relevant documents important to this litigation:

1. Joseph Babcock (former Chief Financial Officer)

2. Arjan Brussee (Project Lead on Fortnite Mobile and Switch)

3. Thomas Ko (Head of Business & Strategy, Online Services)

4. Joe Kreiner (VP of Business Development)

5. Ray Park (Country Manager / Representative Director)

6. David Shaw (Head of First Party Relations)

Based on their positions at Epic and non-custodial documents involving these individuals, we believe they may have other custodial documents that contain information pertaining to (among other things) Epic's distribution of its software on various console and mobile platforms, which is directly relevant to issues of market definition and reasons for Apple's alleged conduct.  Our proposed search for additional Epic custodians' files would be neither "unduly expensive, time consuming, [nor] otherwise disproportionate to the needs of

**GIBSON DUNN**

Lauren Moskowitz
December 23, 2020
Page 3

the case" under Rule 26(b)(1).  *See* Fed. R. Civ. P. 26(b)(1).  Please confirm by December 26, 2020 whether Epic will collect and review the files of these custodians, and produce all responsive, non-privileged documents.  If Epic wishes to meet and confer about these custodians, please provide a time on December 26 (or on an earlier date) to do so.  If the parties cannot reach resolution on this issue, Apple will brief the issue for the Court by noon on Monday, December 28, for consideration at the December 29 hearing.

Apple reserves its right without prejudice to seek additional custodians for good cause at a later date, if necessary.  Apple also reserves its right to seek additional searches of the files of persons already designated as custodians by Epic to the extent Epic's search and collection from those files are insufficient.

\*     \*     \*     \*

Please let us know if it would be helpful to discuss.

Sincerely,

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan

JPS/bxy


cc: epic-mobileapps@cravath.com
    steve@hbsslaw.com
    robl@hbsslaw.com
    shanas@hbsslaw.com
    bens@hbsslaw.com
    rifkin@whafh.com
    byrd@whafh.com
    guiney@whafh.com
    dejong@whafh.com
    appleappstorediscovery@gibsondunn.com