# EXHIBIT 6

## CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

———

SPECIAL COUNSEL
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

December 26, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

I write in response to your December 23, 2020 letter regarding Epic's document production and custodians.

**Epic's Document Production**

As an initial matter, Apple's assertion that Epic's document production has proceeded at "a slow pace" is simply not true and does not justify Apple's failure to identify until the very end of document discovery the six additional custodians it now claims it needs. In less than three months of discovery, Epic has produced more than 1.5 million documents, which dwarfs the fewer than 200,000 new documents that Apple has produced to Epic over the same time period. In other words, Epic has produced more than seven times as many documents as Apple has produced during the discovery period in this matter (excluding Apple's re-production of its document production from the related class actions that were produced over a much longer discovery period).

Epic began producing documents to Apple on October 7, 2020, even before Apple had served any requests for production or the parties had begun to discuss the parameters of a search protocol. On October 16, 2020, Epic sent Apple a letter describing in detail the search protocol it intended to utilize, including the custodians whose data Epic would collect and the search terms it would employ. The parties continued to negotiate search terms, custodians and date ranges thereafter, but Epic did not allow the open negotiations to impede the progress of its review and productions, making additional rolling productions on October 16, and November 6, 2020 as the parties continued to negotiate. Since then, Epic has made three additional substantial productions on November 24, December 16 and December 24, 2020.

Apple also complains that "Apple has repeatedly asked for information relating to the state of Epic's production" and that "Epic has provided no meaningful response other than to

say that it will produce all of its documents by January 6, 2020". To the contrary, Epic has been exceedingly transparent about the status of its collection and review efforts, providing at Apple's request detailed statistics about the number and type of documents that have been collected and reviewed in its December 9, 2020 letter. In fact, Apple relies on mischaracterizations of those same statistics to attempt to portray the pace of Epic's review and production as deficient.

As Apple's letter acknowledges in a footnote, Apple has not accounted for Epic's December 16, 2020 production of more than 800,000 documents. For example, many of the documents in that production come from the files of Matt Weissinger, which makes up the supposed discrepancy between the total number of search term hits and the total number of documents produced from his files.[1]

Apple states that it has received only a handful of documents from the files of Marc Hutcheson, Steven Allison and Brittany Ritter. However, Apple is apparently basing this conclusion on the "Custodian" metadata field for the produced documents, which does not account for documents de-duplicated out of a particular custodian's files. A simple search of the to/from/cc email fields, however, would have revealed that Apple in fact possesses thousands more documents from those custodians' files than it claims.[2]

Next, Apple complains that "Epic's document productions to date have been haphazardly spread across all of its 17 custodians", rather than completing production of all files from a given custodian before proceeding to the next. There is nothing "haphazard" about Epic's production. As Epic has previously explained to Apple, and as is typical in litigations of this size and scope, Epic has collected various data sources (*e.g.*, emails, electronic documents, instant messages) for the 17 agreed custodians, and certain data sources were available before others. Epic has proceeded to review and produce the data sources as they became available.

Even if all the data for a given custodian had been available immediately—and it was not—it is unclear why Apple would have expected Epic to prioritize its review by custodian given that, until now, Apple had made no such request. Apple's December 7, 2020 letter, which Apple itself describes as "a list of at least eight witnesses whom Apple will depose in this case" did not contain any such request for prioritization. Nor did the letter even indicate the timeframe or order in which Apple intends to take the eight individuals' depositions. Only in Apple's most recent letter does it ask for first time "that Epic complete the production of documents from those eight custodians as soon as possible, and on a custodian-by-custodian basis".[3] Apple also asks

---

[1] Apple also points to the difference between the total number of search term hits and the total number of documents produced from Andrew Grant's custodial files as purported evidence of a deficiency. It is not. This difference is explained by the fact that Mr. Grant's email files contained a large number of non-responsive auto-generated listserv emails that inflated the total hit count.

[2] With the production of volumes EPIC011 and EPIC012 on December 24, 2020, Epic provided a metadata overlay of the "AllCustodians" field which confirms that Apple has thousands of custodial documents for Messrs. Hutcheson and Allison and Ms. Ritter as of Epic's document production on November 24, 2020: Hutcheson, 11,282 documents; Allison, 4,332 documents; and Ritter, 1,419 documents.

[3] Apple points to Epic's request that Apple prioritize certain custodians as support for its new demand for Epic to do so, but Epic's request was made only after Apple stated that it could not complete its document production for all custodians by January 6, 2020.

for the first time that Epic expedite the production of documents for three custodians in particular—Alec Shobin, Mark Hutcheson and Haseeb Malik. But Mr. Shobin was not even on Apple's original list of eight potential deponents. While Epic would have been open to accommodating a reasonable and *timely* request for prioritization of its review for certain custodians, asking Epic to do so now with less than two weeks left in the document discovery period would not appreciably accelerate the production of any given custodian's files.

In any event, as of December 24, 2020, Epic can confirm that it has produced approximately 90% (if not more) of the responsive, non-privileged document for all 17 of its custodians. Epic intends to complete its production on or before January 6, 2020.

**Additional Epic Custodians**

In its December 23, 2020 letter, Apple requests for the first time that Epic add six entirely new custodians to its document collection: Joseph Babcock, Arjan Brussee, Thomas Ko, Joe Kreiner, Ray Park and David Shaw.

This is not Apple's first request significantly to expand the scope of Epic's document collection at the eleventh hour. On December 14, 2020, despite having previously represented that it agreed to Epic's proposed date range for collection "with a few limited exceptions"—to which Epic largely agreed—Apple disavowed its prior commitment and asked that Epic triple the duration of its collection from approximately three years to ten for *all* of its agreed document custodians. Epic promptly responded to that proposal on December 18, 2020, explaining why it is unreasonable and unjustified, and offering to meet and confer. Now, there is Apple's December 23, 2020 request substantially to expand the number of custodians in Epic's document collection. Neither of these late-breaking requests came with any explanation of Apple's purported need for these additional documents or any legitimate explanation for Apple's delay.

In its October 16, 2020 letter to Apple setting out the parameters for its proposed search protocol, Epic identified 15 custodians whom it believed possess documents relevant to the issues in this case and whose documents it intended to collect. Apple subsequently requested that Epic add two individuals—Marc Hutcheson and Mark Rein—to its list of 15 custodians. On November 3, 2020, Epic confirmed to Apple during a meet and confer that it would add those requested custodians. Since then, Epic has been collecting, reviewing and producing documents from the files of the 17 agreed upon custodians. At no point until now did Apple indicate that it believed it needed additional Epic document custodians, even as the parties negotiated and then briefed a separate dispute regarding additional Apple document custodians. Now, nearly two months after the parties reached agreement on the appropriate Epic custodians, on the eve of the holidays and just two weeks before the deadline for completion of document discovery, Apple has raised for the first time this request for six new custodians.

In an attempt to explain its delay, Apple suggests that it was unable timely to identify these individuals due to Epic's purported delay in producing documents. As explained above, there has been no such delay on Epic's part and, in any event, Apple's explanation does not add up.

*First*, Apple admits in its December 23, 2020 letter that it identified these individuals partly "[b]ased on their position at Epic".  But Apple did not need Epic documents to identify the requested custodians by their titles, any of whom could have been found through a Google or LinkedIn search.  That is especially the case for the more senior individuals such as Mr. Babcock, former Chief Financial Officer, and Mr. Kreiner, Vice President of Business Development.

*Second*, although Apple claims it identified these individuals partly based on its review of documents, Apple tellingly does not point to a single one.  That is perhaps because it would confirm that Apple has had Epic documents sent by, received by, authored by or mentioning all of these individuals since October 16, 2020.  And as of Epic's November 24, 2020 production, Apple had thousands of such documents for each individual:  Babcock, 3,902 documents; Brussee, 13,211 documents; Ko, 5,369 documents; Kreiner, 5,276 documents; Park, 4,093 documents; and Shaw, 2,275 documents.

Apple does not even attempt to justify its request for these custodians beyond the conclusory statement in its December 23, 2020 letter that "they may have other custodial documents that contain information pertaining to (among other things) Epic's distribution of its software on various console and mobile platforms".  This vague explanation provides no basis for Epic to evaluate why Apple believes these particular individuals are relevant to its case.  For example, it is not remotely clear how this rationale applies to a financial executive like Mr. Babcock.  Nor does Apple even try to explain why these individuals' documents are necessary in addition to the 17 custodians' files Epic is already producing in this case.  In fact, "Epic's distribution of its software on various console and mobile platforms" is a subject matter that is covered, in one way or another, by virtually all of the current Epic custodians.  Apple's proposed new custodians are duplicative of the existing custodians as well as of one another.

Epic continues to believe that the 17 current custodians—coupled with the extensive search terms Apple proposed and to which Epic agreed—are appropriate and proportionate to the needs of this case.

*****

Epic is available to meet and confer.

Sincerely,

s/ Lauren A. Moskowitz

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Ronnie Siedel Spiegel
Shana E. Scarlett
Ben Siegel
Ted Wojcik
Ben Harrington
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
robl@hbsslaw.com
ronnie@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com
tedw@hbsslaw.com
benh@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
byrd@whafh.com
guiney@whafh.com
dejong@whafh.com

BY EMAIL