# EXHIBIT 7



**RE: Apple App Cases -- December 29, 2020 Hearing**

**Srinivasan, Jay P.**   to: Hector Valdes   12/27/2020 12:34 PM

Cc: "*** GDC EpicLitTeam", "benh@hbsslaw.com", "bens@hbsslaw.com", "DeJong, Brittany", "Dettmer, Ethan", "Epic Mobile Apps", "John Karin", "robl@hbsslaw.com", "ronnie@hbsslaw.com", "Ted Wojcik (tedw@hbsslaw.com)"

External (jsrinivasan@gibsondunn.com)

Report This Email   FAQ

Hector:

You say that Apple "has not yet even attempted to justify why it needs the six additional Epic custodians," but my letter does exactly that.  For each additional proposed custodian, we provided either a title, and/or a description of his relevant job responsibilities.  We then noted that these custodians are relevant at least because they likely possess information on Epic's efforts to distribute its content on platforms and through distribution channels in addition to the Apple App Store, "which [subjects are] directly relevant to issues of market definition and reasons for Apple's alleged conduct."  In many cases, my description of each custodian's role makes the relevance self-evident.

By way of a few examples, we have seen Mr. Brussee on high-level emails (including communications about mobile distribution).  Mr. Ko's own LinkedIn description states that he joined the company specifically to "lead business and strategy for global online services of offering cross-platform, cross-play" services, and Mr. Ko is listed in Epic's Response to Interrogatory No. 9.  Mr. Kreiner's LinkedIn description states that he has responsibility for "Epic Games store, 3rd Party Publishing, and 1st Party Relations."  Moreover, we understand Mr. Kreiner to have a key role in the Epic's console platform business, and he has been featured in public events where Epic has addressed the controversy regarding its decision to sometimes offer platform exclusivity.  Bear in mind that none of these individuals were listed on Epic's initial disclosure list so Apple was at a significant disadvantage in identifying them.

When Epic requested additional Apple custodians, it did so merely with reference to some documents in which those proposed custodians were featured.  Apple will do the same in writing forthwith.  But Epic already knows why each individual likely possesses relevant materials, and we do not agree that the issue justifies further delay.  If Epic believes otherwise,

<u>Apple is available to meet and confer about Epic's concerns today</u>.  If Epic believes that any of the individuals Apple identified does not bear any relevance to the issues in this litigation, you should tell us right away.  Otherwise, this does not seem like an issue that needs to go to the Court given that Judge Hixson made clear that Apple will be entitled to the same result as Epic received.  But if you are forcing us to litigate this, we cannot afford to delay in bringing this to the Court's attention, and Apple will brief and raise the issue with Judge Hixson for Tuesday's hearing.

Best,
Jay


**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** Hector Valdes <hvaldes@cravath.com>
**Sent:** Saturday, December 26, 2020 7:25 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; benh@hbsslaw.com; bens@hbsslaw.com; DeJong, Brittany <dejong@whafh.com>; Dettmer, Ethan <EDettmer@gibsondunn.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>; John Karin <jkarin@cravath.com>; robl@hbsslaw.com; ronnie@hbsslaw.com; Ted Wojcik (tedw@hbsslaw.com) <tedw@hbsslaw.com>
**Subject:** RE: Apple App Cases -- December 29, 2020 Hearing

[External Email]
Jay,

With respect to Apple's December 23 letter, as explained in the letter we sent you moments prior to your email below, Apple has not yet even attempted to justify why it needs the six additional Epic custodians it is requesting at this late date. Just as Epic did when the parties briefed the appropriate number of Apple deponents, we believe the Court would expect Apple to set forth any such rationale and for the parties to meet and confer before determining the nature and extent of any dispute that requires resolution by the Court.  Apple's unilateral and premature attempt to schedule briefing on an issue that it raised for the first time on the immediate eve of the holidays is inappropriate and unproductive.

Please let us know when we can expect Apple to set forth in detail the reasons it believes it needs those additional custodians and when you are available to meet and confer thereafter. The parties can then mutually determine a sensible briefing schedule for any remaining dispute.

We will respond separately with respect to the portion of your email relating to Epic's RFPs.

Regards,

Hector

Hector J. Valdes
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1808

From: "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To: "John Karin" <jkarin@cravath.com>, "Dettmer, Ethan" <EDettmer@gibsondunn.com>, "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>
Cc: "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "DeJong, Brittany" <dejong@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "ronnie@hbsslaw.com" <ronnie@hbsslaw.com>, "Ted Wojcik (tedw@hbsslaw.com)" <tedw@hbsslaw.com>
Date: 12/26/2020 09:07 PM
Subject: RE: Apple App Cases -- December 29, 2020 Hearing

John,

Attached is our letter responding to Yonatan's letter from late Wednesday night (Dec. 23) regarding Epic's data requests and "non-data" requests. Yonatan's letter repeatedly asks Apple to respond by Dec. 27 (tomorrow). Despite being slowed by the intervening Christmas holiday, we were able to nail everything down today and so Apple is responding a day earlier than Epic's Dec. 27 deadline, a date that does not square with the dates/schedule in your email below. In any event, as you will see, the parties have resolved the vast majority of their disputes and the remaining differences are not material. We hope this means that Epic does not need to brief anything for Tuesday but if that is not the case, please let us know immediately what issues Epic intends to move on.

As for Apple, we sent you a letter on December 23, asking that Epic add six additional document custodians. Please let us know if Epic agrees to add these custodians. If not, we intend to brief this issue and have it heard by the Court on Tuesday.

Thanks,
Jay

**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** John Karin <jkarin@cravath.com>

**Sent:** Friday, December 25, 2020 2:19 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Dettmer, Ethan <EDettmer@gibsondunn.com>; *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>; benh@hbsslaw.com; bens@hbsslaw.com; DeJong, Brittany <dejong@whafh.com>; robl@hbsslaw.com; ronnie@hbsslaw.com; Ted Wojcik (tedw@hbsslaw.com) <tedw@hbsslaw.com>
**Subject:** Apple App Cases -- December 29, 2020 Hearing

[External Email]
Apple Counsel,

As we have repeatedly explained, it is critical that Apple promptly produce the data sought by Epic's RFPs.  Epic cannot wait until the deadline for completion of data production on January 6, 2021, only to be told that Apple does not intend to produce these crucial data.  Therefore, it will be necessary to submit the parties' dispute over Epic's data RFPs to the Court for the December 29 hearing unless Apple confirms that it will produce by the January 6 deadline the data sought by those requests.
Similarly, it will be necessary to submit the parties' disputes over Epic's non-data RFPs unless the parties can resolve those disputes promptly.  Finally, please let us know what disputes, if any, Apple intends to bring before the Court at the December 29 hearing.

We propose that the parties abide by the same briefing schedule below for all disputes.  Please confirm that Apple agrees to it.

Saturday, December 26 at 9 p.m. PT: The moving party on a given dispute submits its portion to the other side.

Sunday, December 27 at 9 p.m. PT: The responding party submits its portion to the moving party.

Monday, December 28: The parties finalize and file by noon PT.

Best,


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy. [attachment "2020-12-26 Letter from E. Dettmer to Y. Even (re

2020-12-22 Meet and Confer and RFPs).pdf" deleted by Hector Valdes/NYC/Cravath]

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.