THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
JASON C. LO, SBN 219030
  jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH <br> Case No. 4:11-cv-06714-YGR-TSH <br> Case No. 4:19-cv-03074-YGR-TSH <br><br> **DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO FILE THE JOINT DISCOVERY LETTER BRIEF UNDER SEAL** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Hon. Yvonne Gonzalez Rogers <br> Hon. Thomas S. Hixson |

Apple Inc. ("Apple") brings this administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Apple leave to file under seal the Joint Discovery Letter Brief Regarding Discovery from Non-Party Samsung Electronics America, Inc. (the "Joint Discovery Letter Brief").

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'" *Id.* at 1179 (citations omitted). Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. Jun. 17, 2013). A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party. This Administrative Motion is based on Plaintiff and Counter-Defendant Epic Games, Inc.'s ("Epic's") designation of information in the Joint Discovery Letter Brief as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective orders entered in the related above-captioned cases. Apple does not believe that the Joint Discovery Letter Brief meets the standard for sealing, but is filing it under seal as a courtesy to Epic and Samsung. Pursuant to subsection (e)(1) of Local Rule 79-5, Epic has four days to file a declaration establishing that the material is "sealable" (as defined in Local Rule 79-5(b)).

1
2  Dated: January 19, 2021            Respectfully submitted,
3                                    GIBSON, DUNN & CRUTCHER LLP
4
5                                    By:    */s/ Jason Lo*
                                                    Jason C. Lo
6
7                                    Attorneys for Defendant Apple Inc.