# Exhibit 2

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Victoria F. Maroulis (Bar No. 202603)
2   victoriamaroulis@quinnemanuel.com
    Kyle K. Batter (Bar No. 301803)
3   kylebatter@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
4   Redwood Shores, California 94065
    Telephone: (650) 801-5000
5   Facsimile: (650) 801-5100
6

7   *Attorneys for Non-Party*
    *Samsung Electronics America, Inc.*

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  EPIC GAMES, INC.                    CASE NO. 4:20-cv-05640-YGR

13              Plaintiff,              **NON-PARTY SAMSUNG ELECTRONICS
                                        AMERICA, INC.'S RESPONSES AND**
14       vs.                           **OBJECTIONS TO DEFENDANT'S
                                        SUBPOENA TO PRODUCE**
15  APPLE INC.,                        **DOCUMENTS**

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), Non-Party Samsung Electronics America, Inc. ("SEA") responds as follows to Defendant Apple Inc.'s Subpoena dated October 30, 2020 ("Subpoena," each request therein a "Request").

**GENERAL OBJECTIONS**

1.      SEA objects to the Subpoena to the extent it purports to impose discovery obligations that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable laws.

2.      SEA objects to the Subpoena to the extent it seeks information or documents outside of SEA's possession, custody, or control, or that are not known or reasonably available to SEA.  For the avoidance of doubt, SEA is responding to this subpoena on behalf of Samsung Electronics America, Inc. only and no other entity.

3.      SEA objects to the Subpoena for failing to provide a reasonable time to comply, as required by Rule 45.  The Subpoena was served on or about November 2, 2020 and demands production of documents by November 13, 2020.  The Subpoena's stated deadline is facially unreasonable and unduly burdensome.

4.      SEA objects to the Subpoena to the extent it seeks documents that are neither relevant nor proportional to the needs of the case, and to the extent it seeks documents of only marginal relevance, which relevance is substantially outweighed by the burden imposed on non-party SEA in having to search for and produce any such documents.  The Subpoena seeks a wealth of material from SEA but fails to explain how Apple has "take[n] reasonable steps to avoid imposing undue burden or expense" on SEA.  *See* Fed. R. Civ. P. 45(d).  The Subpoena asks all Samsung entities worldwide—not just SEA, the only proper entity to which the Subpoena is directed—to hand over mountains of information and is not tailored to avoid undue burden and expense on SEA.

5.      SEA objects to the Subpoena to the extent that it seeks information that is publicly available, already in Apple's possession, equally accessible to Apple, or reasonably obtainable through other means that are less burdensome to non-party SEA.  As outlined in response to the Requests, it appears that Apple has not attempted to obtain the requested information from other sources, which alone renders the Subpoena unreasonable.  *See, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 WL

950847, at *4 (N.D. Cal. Mar. 10, 2017) (granting Apple's motion to quash) ("Because Dell has, for the most part, failed to show relevance, and because what relevant material there is could be more easily obtained from other sources without causing a burden to non-party Apple, the court grants the motion to quash the subpoena[.]").  Additionally, it appears that Apple has not attempted to obtain the requested information from Plaintiff Epic Games prior to serving this Subpoena on SEA.  *See Nidec Corp. v.Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena to non-party where discovery sought was "obtainable from a source more direct, convenient, and less burdensome [than the non-party]—namely, from Defendants"); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests.  When the requesting party has not shown that it attempted to obtain documents from the opposing party in an action prior to seeking the documents from a non-party, a subpoena duces tecum places an undue burden on a non-party.  Further, when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case.")  (citations, alterations, and quotations omitted).

6.      SEA objects to the Subpoena to the extent it requires the disclosure of information or documents prepared in anticipation of litigation or subject to a claim of privilege or protection, including, without limitation, those based on the attorney-client relationship, attorney work-product doctrine, common interest privilege, joint defense privilege, or recognized privacy interests.  SEA hereby claims such privileges and protections to the extent available, and excludes privileged or protected information or documents from these responses.  Any inadvertent disclosure of such privileged or protected information or documents shall not be construed to waive any applicable privileges or protections in any respect.  Nor shall such inadvertent production or disclosure waive SEA's right to object to the use of any such document or information during this action or in any subsequent proceedings.

7.      SEA objects to the Subpoena to the extent it is vague, ambiguous, or unintelligible, including in its use of terms or phrases that are undefined or susceptible to multiple meanings.

8.      SEA objects to the Subpoena because it fails to limit its Requests to a reasonable time period. Specifically, the Subpoena's request for documents covering the last four years (i.e., "2017 to the present") is facially unreasonable, overly broad, unduly burdensome, and not proportional to the needs of the case.

9.      SEA objects to the Subpoena to the extent it seeks confidential or proprietary information pertaining to SEA's business, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i).  Apple did not provide SEA with a copy of the protective order (if any). Regardless, SEA reserves its right to withhold information, even if a protective order is entered, because certain information is so sensitive that it should not be produced in litigation to which it is not a party and where it cannot effectively police the use of that information—particularly where, as here, the subpoenaing party competes with Samsung.  *See* 10/8/20 Hixson Discovery Order ("the Court has quashed the Requests that seek Samsung's most sensitive information"); *see also Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party 'may limit disclosure only to outside counsel of record . . . and thus the documents and information produced cannot be used for business purposes' . . . is unavailing.  As support for that argument, Defendants cite *Louisiana Pacific Corp. v. Money Market 1 Institutional Investment Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012).  But that case did not involve a Rule 45 subpoena between direct competitors operating in the same industry."); *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to an attorneys-eyes-only protective order, such orders do not guarantee that the information will not be disclosed.  Thus, there is no rule that a competitor has to reveal its trade secrets merely because they are produced subject to a protective order."); *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor.").  Further, Apple has not explained whether or how it has the required "substantial need" for its competitor's confidential information. *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is

particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.") (citing *In re Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 814 (9th Cir. 2003)).

10.     SEA objects to each Request to the extent it includes multiple sub-parts, rendering the Request vague, confusing, overly broad, unduly burdensome, and not proportional to the needs of the case.  For example, Request No. 5 alone includes seven discrete requests, and numerous other requests impermissibly include multiple sub-parts.

11.     SEA objects to each Request to the extent that it seeks a third-party's confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent a protective order and confirmation of compliance with all applicable third-party confidentiality provisions.

12.     SEA objects to each Request to the extent it is compound or is phrased disjunctively or conjunctively.

13.     SEA objects to the Subpoena's definitions of "APP," "APP DEVELOPER," "APP MARKETPLACE," "EPIC APP," and "IN-APP PRODUCT" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

14.     SEA objects to the Subpoena's definitions of "COMMUNICATION," "CONCERNING," "DOCUMENT(S)" and "PERSON" to the extent they purport to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.

15.     SEA objects to the Subpoena's definition of "EPIC" because SEA has no way of knowing the identity of all of Epic Games, Inc.'s "officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time . . . its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates . . . and any PERSON that Epic Games, Inc., manages or controls."  SEA will interpret this definition as referring only to the entities specifically identified: Epic Games, Inc., Epic Games International S.à r.l, and Life on Air, Inc.

16.     SEA objects to the definition of "HANDHELD DEVICE" and "NON-HANDHELD DEVICE" to the extent it assumes that SEA manufactures, or has manufactured, smartphones,

1  tablets, portable MP3 music players, laptop computers, desktop computers, or video game consoles.

2  SEA has not and does not.  Because this definition cross-references the Subpoena's definitions of

3  "YOU" and "YOUR," SEA incorporates by reference its objections below to those terms.  SEA will

4  interpret this definition as referring only to smartphones, tablets, laptop computers, desktop

5  computers, and video game consoles, if any, sold by Samsung Electronics America, Inc. ("SEA"),

6  and no other entity.  SEA further objects to this definition as overly broad, unduly burdensome and

7  not proportional to the needs of the case to the extent it relates to "any smartphone, tablet, or portable

8  MP3 music player" as well as any "laptop computers, desktop computers, or video game consoles"

9  ever sold by SEA, regardless of time period.

10  17.    SEA objects to the Subpoena's definitions of "REVIEW" and "REVIEWING" as vague,

11  overly broad, unduly burdensome, and not proportional to the needs of the case.  SEA also objects

12  to these definitions to the extent they purport to encompass activities of entities other than SEA.

13  SEA will respond on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA

14  also incorporates by reference its objections to "APPS," "APP MARKETPLACE," "HANDHELD

15  DEVICE," and "NON-HANDHELD DEVICE."

16  18.    SEA objects to the Subpoena's definition of "UPDATE" as vague, overly broad, unduly

17  burdensome, and not proportional to the needs of the case.

18  19.    SEA objects to the Subpoena's definitions of "YOU" and "YOUR" to the extent they refer

19  to any entity other than Samsung Electronics America, Inc., the only entity properly served with the

20  Subpoena, or seek information that is not in SEA's possession, custody, or control.  SEA will

21  respond only on behalf of Samsung Electronics America, Inc., and no other entity.  *See, e.g., In re*

22  *Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).  SEA will not respond on behalf of any

23  entity other than Samsung Electronics America, Inc., including but not limited to "Samsung

24  Electronics Co., Ltd. and any of its subsidiaries . . . predecessor or successor companies, officers,

25  directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any

26  other person or entity acting on its behalf, or any PERSON or entity that served in any such role at

27  any time."

28

20.     SEA objects to Instruction Nos. 1, 4-6, 8-9, 13 to the extent they purport to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure. SEA also incorporates by reference its objection above to the Subpoena's definitions of "YOU," "YOUR," "DOCUMENTS," and "PERSON."

21.     SEA objects to Instruction No. 2 to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.  SEA also incorporates by references its objections above to the definitions of "YOU," "YOUR" and "DOCUMENTS."  In responding to the Subpoena, SEA will only produce, if at all, documents in Samsung Electronics America, Inc.'s possession, custody, and control as defined by applicable precedent.  *See, e.g., In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("The legal control test is the proper standard under Rule 45."); *Seifi v. Mercedes-Benz U.S.A.*, LLC, 2014 WL 7187111, at *2 (N.D. Cal. Dec. 16, 2014) ("In the Ninth Circuit, a 'practical ability to obtain the requested documents' from a related organization is not enough to constitute control because the related organization 'could legally—and without breaching any contract—[ ] refuse to turn over such documents.'  Instead, 'control' is defined as 'the legal right to obtain documents upon demand.'"); *Tessera, Inc. v. Micron Tech., Inc.*, 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006) (domestic entity did not have control of documents in possession of Korean parent entity under "legal right" test).

22.     SEA objects to Instruction No. 11, which generally seeks information spanning a four-year period, as overbroad, unduly burdensome and not proportional to the needs of the case.  While the Subpoena shows little, if any, effort to "take reasonable steps to avoid imposing undue burden or expense on" SEA, as required by Rule 45(d), this Instruction in particular exemplifies that no such steps were taken, and on that basis alone the Subpoena is facially unreasonable.

23.     SEA objects to Instruction No. 14 to the extent it uses the Subpoena's definitions of "YOU" and "YOUR," and SEA incorporates by reference its objection above to those terms.

24.     SEA incorporates by reference the General Objections set forth above into each of its responses, whether or not repeated therein, as well as any specifically stated objections.  SEA may

1   repeat a general objection for emphasis or other reasons, but the failure to repeat any general

2   objection does not waive any general objection to Apple's Requests.

3   25.   No objection or limitation, or lack of thereof, constitutes an admission by SEA as to the

4   existence or non-existence of documents or information.

5   26.   The responses provided herein are based on a reasonable investigation by SEA and are made

6   without prejudice to SEA's right to amend or supplement these responses and objections, as

7   necessary.

8   **SPECIFIC OBJECTIONS AND RESPONSES**

9   Subject to any specific objections set forth below, and specifically incorporating each of the

10   foregoing General Objections into each Response below, and without waiving said objections, SEA

11   responds as follows:

12   **REQUEST FOR PRODUCTION NO. 1:**

13   DOCUMENTS sufficient to show the name of all EPIC APPS published in YOUR APP

14   MARKETPLACE at any time in the last 10 years, and the dates during which such APPS were

15   available for download from YOUR APP MARKETPLACE.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

17   SEA incorporates by reference its General Objections as though fully set forth herein,

18   including but not limited to its general objections to the definitions of "EPIC," "YOU," "YOUR,"

19   "APP," and "APP MARKETPLACE."  As a threshold matter, SEA objects that the information in

20   this Request is equally available from and should be produced by Plaintiff Epic Games, a party to

21   the case, not SEA, a non-party, and SEA further objects to the extent that it requests information

22   already in Apple's possession.  *See, e.g.*, *Nidec Corp. v.Victor Co. of Japan*, 249 F.R.D. 575, 577

23   (N.D. Cal. 2007); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal.

24   Dec. 30, 2019).  On that basis alone, the Request is improper in its entirety.  SEA further objects to

25   this Request because it seeks an identification of "published" apps in a publicly available app

26   marketplace, which is information that is, on its face, equally accessible to Apple without burdening

27   non-party SEA.  SEA also objects to this Request to the extent it seeks information and documents

28   that are not relevant to this litigation, not proportional to the needs of the case, from outside a

1  reasonable time period or from a point other than a reasonable time, or whose relevance is

2  outweighed by the burden imposed on SEA to search for and produce such documents or

3  information.  Moreover, SEA objects to the extent this Request seeks information that is not in

4  SEA's possession, custody, or control.  SEA is responding on behalf of Samsung Electronics

5  America, Inc. only, and no other entity.  In sum, no justification has been provided for the Request,

6  and it is readily apparent that Apple has not taken "reasonable steps to avoid imposing undue burden

7  or expense on" SEA with respect this Request (e.g., by narrowly tailoring the Request or obtaining

8  the requested information from a party to the suit or other equally accessible sources).  *See* Rule

9  45(d).  *See, e.g., Genus Lifesciences*, 2019 WL 7313047 ("When the requesting party has 'not shown

10  [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the

11  documents from a non-party, a subpoena duces tecum places an undue burden on a non-party.'"

12  (quoting *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012)).  SEA

13  reserves its right pursuant to Rule 45(d) to seek redress for Apple's failure to do so.

14      Subject to and without waiving the foregoing general and specific objections, and consistent

15  with the cited case law, Apple has an obligation to seek these documents from Epic Games, Inc., a

16  party to the suit; therefore, SEA will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 2:**

18      One copy of all current and former contracts and agreements between YOU and EPIC.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      SEA incorporates by reference its General Objections as though fully set forth herein,

21  including but not limited to its general objections to the definitions of "EPIC" and "YOU."  As a

22  threshold matter, SEA objects that the information in this Request is equally available from and

23  should be produced by Plaintiff Epic Games, a party to the case, not SEA, a non-party.  *See, e.g.*,

24  *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *Genus Lifesciences Inc.*

25  *v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019).  On that basis alone, the

26  Request is improper in its entirety.  SEA further objects to this Request as vague, irrelevant, overly

27  broad, unduly burdensome, and not proportional to the needs of the case.  Moreover, the Request is

28  unduly burdensome and not proportional to the needs of the case to the extent it seeks "all current

1   and former contracts and agreements between YOU and EPIC" over a four-year period; to the extent

2   it seeks information about "contracts or agreements" outside the United States or that do not involve

3   SEA; to the extent it seeks "contracts or agreements" that were entered into with a different entity—

4   Samsung Electronics Co., Ltd.; and, to the extent it seeks information that is not in SEA's

5   possession, custody, or control.  SEA is not a party to any agreements with Epic.  SEA is responding

6   on behalf of Samsung Electronics America, Inc. only, and no other entity.  In sum, no justification

7   has been provided for the Request, and it is apparent that Apple has not taken "reasonable steps to

8   avoid imposing undue burden or expense on" SEA with respect this Request (e.g., by narrowly

9   tailoring the Request or obtaining the requested information from parties to the suit or other equally

10  accessible sources).  *See* Rule 45(d).  SEA reserves its right pursuant to Rule 45(d) to seek redress

11  for Apple's failure to do so.

12        Subject to and without waiving the foregoing general and specific objections, and consistent

13  with the cited case law, Apple has an obligation to seek these documents from Epic Games, Inc., a

14  party to the suit; therefore, SEA will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 3:**

16        DOCUMENTS sufficient to show YOUR policies, practices, and/or procedures for handling

17  and processing payments for the sale of IN-APP PRODUCTS in APPS distributed through YOUR

18  APP MARKETPLACE, INCLUDING DOCUMENTS sufficient to show whether YOU require

19  APPS distributed through YOUR APP MARKETPLACE to use a payment and purchase

20  functionality provided by YOU to facilitate purchases of IN-APP PRODUCTS, and if so, whether

21  YOU have ever departed from such requirement with respect to EPIC APPS or any other APP

22  DEVELOPER's APPS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24        SEA incorporates by reference its General Objections as though fully set forth herein,

25  including but not limited to its general objections to the definitions of "YOU," "YOUR," "EPIC,"

26  "APPS," "IN-APP PRODUCTS," and "APP MARKETPLACE."  SEA further objects to this

27  Request as vague, irrelevant, overly broad, unduly burdensome, and not proportional to the needs

28  of the case.  For example, the phrase "YOUR policies, practices, and/or procedures for processing

payments for the sale of IN-APP PRODUCTS IN APPS" is vague, and to the extent it seeks to encompass all such "policies, practices, and/or procedures" dating back to 2017, the Request is facially unreasonable, overly broad, unduly burdensome, and not proportional to the needs of the case.  Further, the Request is unduly burdensome and not proportional to the needs of the case to the extent it seeks information that is publicly available and could be obtained without burdening non-party SEA.  SEA also objects to the Request to the extent it seeks information relating to activities outside the United States; to the extent it seeks information relative to activities that do not involve SEA; or to the extent it seeks information not in SEA's possession, custody, or control. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, immunity, or restriction upon discovery.  SEA further objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4-5 (N.D. Cal. Mar. 10, 2017).  Apple did not provide, and SEA has not seen, a copy of the protective order (if any).  Regardless, SEA will not produce the requested confidential information, even if a protective order is entered, because the information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and in which SEA cannot effectively police its use—particularly where, as here, the subpoenaing party competes with Samsung.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017).  There is no justification for the Request, and it is apparent that Apple has not taken "reasonable steps to avoid imposing undue burden or expense on" SEA with respect this Request (e.g., by narrowly tailoring it or obtaining the requested information from parties to the suit or other equally accessible sources).  *See* Rule 45(d).  SEA reserves its right pursuant to Rule 45(d) to seek redress for Apple's failure to do so.

Subject to and without waiving the foregoing general and specific objections, SEA will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

COMMUNICATIONS between YOU and EPIC CONCERNING:

    a.  the commission rate charged by any APP MARKETPLACE (INCLUDING YOUR APP MARKETPLACE) on the sale of APPS and IN-APP PRODUCTS;

    b.  policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS;

    c.  any requirement or option to use a payment and purchase functionality provided by YOU;

    d.  any technical or other efforts encouraging users seeking to download EPIC APPS to do so via YOUR APP MARKETPLACE; and

    e.  YOUR REVIEW of any EPIC APP or UPDATE, INCLUDING COMMUNICATIONS CONCERNING the duration and outcome of such REVIEW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

SEA incorporates by reference its General Objections as though fully set forth herein, including but not limited to its general objections to the definitions of "COMMUNICATIONS," "CONCERNING," "YOU," "YOUR," "EPIC," "APP(S)," "APP MARKETPLACE," "IN-APP PRODUCTS," "UPDATE," and "REVIEW."   As a threshold matter, SEA objects that the information in this Request is equally available from and should be produced by Plaintiff Epic Games, a party to the case, not SEA, a non-party, and SEA further objects to the extent that it requests information already in Apple's possession.  *See, e.g.*, *Nidec Corp. v.Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019).  On that basis alone, the Request is improper in its entirety. SEA further objects to this Request as vague, irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. In particular, the Request for "COMMUNICATIONS [from 2017 to present] . . . CONCERNING" commission rates, "policies, practices, and/or procedures for handling and processing payments," requirements or options to use payment and purchase functionality, and technical or other efforts encouraging users seeking to download "EPIC APPS" is facially unreasonable, vague, overly broad, unduly burdensome, and not proportional to the needs

of the case.  SEA also objects to the Request to the extent it seeks information relating to activities outside the United States; to the extent it seeks information about activities that do not involve SEA; and to the extent it seeks information not in SEA's possession, custody, or control.  SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA additionally objects to this Request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, immunity, or restriction upon discovery.  SEA further objects to this Request to the extent it seeks third-party or SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4-5 (N.D. Cal. Mar. 10, 2017).   Apple did not provide, and SEA has not seen, a copy of the protective order (if any).  Regardless, SEA will not produce the requested information, even if a protective order is entered, because the information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and in which SEA cannot effectively police its use—particularly where, as here, the subpoenaing party competes with Samsung.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017).   There is no justification for the Request, and it is apparent that Apple has not taken "reasonable steps to avoid imposing undue burden or expense on" SEA with respect this Request (e.g., by narrowly tailoring it or obtaining the requested information from parties to the suit or other equally accessible sources).  *See* Rule 45(d).  SEA reserves its right pursuant to Rule 45(d) to seek redress for Apple's failure to do so.

Subject to and without waiving the foregoing general and specific objections, and consistent with the cited case law, Apple has an obligation to seek these documents from Epic Games, Inc., a party to the suit; therefore, SEA will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS CONCERNING EPIC's distribution of APPS through YOUR APP MARKETPLACE or otherwise on YOUR HANDHELD DEVICES or NON-HANDHELD DEVICES, INCLUDING any DOCUMENTS CONCERNING:

1      a. EPIC's decision to distribute *Fortnite* through YOUR APP MARKETPLACE;

2      b. the pre-installation of any EPIC APP on YOUR HANDHELD DEVICES or

3         NONHANDHELD DEVICES;

4      c. co-marketing efforts, campaigns, or initiatives between YOU and EPIC;

5      d. all support YOU have given EPIC in order to promote, market, and/or advertise any

6         EPIC APP;

7      e. all technical support YOU have given EPIC in order to optimize its APPS to run on

8         YOUR HANDHELD DEVICES or NON-HANDHELD DEVICES;

9      f. the ability and/or tendency of YOUR HANDHELD DEVICE users to choose

10        between a payment and purchase functionality provided by YOU and EPIC; and

11     g. the availability of EPIC APPS on, and tendency of users to download EPIC APPS

12        from, any other APP MARKETPLACE, INCLUDING Epic's *Fortnite* Installer and

13        APP MARKETPLACES on both HANDHELD DEVICES and NON-HANDHELD

14        DEVICES.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16       SEA incorporates by reference its General Objections as though fully set forth herein,

17  including but not limited to its objections to the definitions of "DOCUMENTS," "CONCERNING,"

18  "YOU," "YOUR," "EPIC," "HANDHELD DEVICE(S)," "NON-HANDHELD DEVICES,"

19  "APP(S)," and "APP MARKETPLACE(S)."  SEA also objects to this Request as vague, irrelevant,

20  overly broad, unduly burdensome, and not proportional to the needs of the case.  In particular, the

21  request for documents, from 2017 to the present, "CONCERNING EPIC's distribution of APPS

22  through YOUR APP MARKETPLACE or otherwise on YOUR HANDHELD DEVICES or NON-

23  HANDHELD DEVICES" is facially unreasonable, vague, irrelevant, overly broad, unduly

24  burdensome, and not proportional to the needs of the case.  In addition to the objections to the

25  defined terms listed above, the phrases "co-marketing efforts, campaigns, or initiatives," "to

26  promote, market, and/or advertise," and "all technical support" are vague.  SEA also objects that the

27  information in this request should be produced, if at all, by Plaintiff Epic Games, a party to the case,

28  not SEA, a non-party, and further objects to the extent that it requests information already in Apple's

possession.  *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019).  SEA also objects to this Request to the extent it seeks information that is publicly available or otherwise equally accessible to Apple without burdening non-party SEA.  SEA additionally objects to the Request to the extent it seeks information relating to activities outside the United States; to the extent it seeks information about activities that do not involve SEA; and/or to the extent it seeks information not in SEA's possession, custody, or control.  SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, immunity, or restriction upon discovery.  SEA further objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4-5 (N.D. Cal. Mar. 10, 2017).  Apple did not provide, and SEA has not seen, a copy of the protective order (if any).  Regardless, to the extent the Request seeks confidential information, SEA will not produce the information, even if a protective order is entered, because the information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and in which SEA cannot effectively police its use—particularly where, as here, the subpoenaing party competes with Samsung.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017).  There is no justification for the Request, and it is apparent that Apple has not taken "reasonable steps to avoid imposing undue burden or expense on" SEA with respect this Request (e.g., by narrowly tailoring it or obtaining the requested information from parties to the suit or other equally accessible sources).  *See* Rule 45(d).  SEA reserves its right pursuant to Rule 45(d) to seek redress for Apple's failure to do so.

Subject to and without waiving the foregoing general and specific objections, and consistent with the cited case law, Apple has an obligation to seek these documents from Epic Games, Inc., a party to the suit; therefore, SEA will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS (INCLUDING data) sufficient to show, for each month since August 2018:

    a.  the number of times that any EPIC APP was downloaded from YOUR APP MARKETPLACE, by APP;

    b.  the number of IN-APP PRODUCTS sold through EPIC APPS downloaded from YOUR APP MARKETPLACE, and the price of each such IN-APP PRODUCT;

    c.  the total value in U.S. dollars of IN-APP PRODUCTS sold through EPIC APPS downloaded from YOUR APP MARKETPLACE; and

    d.  the amount that YOU earned in commissions from each download of an EPIC APP or sale of an IN-APP PRODUCT through EPIC APPS, and the effective commission rate on each such transaction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

SEA incorporates by reference its General Objections as though fully set forth herein, including but not limited to its objections to the definitions of "DOCUMENTS," "CONCERNING," "YOU," "YOUR," "EPIC," "IN-APP PRODUCT," "APP(S)," and "APP MARKETPLACE(S)." As a threshold matter, SEA objects that the information in this Request is equally available from and should be produced by Plaintiff Epic Games, a party to the case, not SEA, a non-party, and SEA further objects to the extent that it requests information already in Apple's possession. *See, e.g.*, *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019). SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. SEA further objects to the Request to the extent it seeks information relating to activities outside the United States; to the extent it seeks information about activities that do not involve SEA; and/or to the extent it seeks information not in SEA's possession, custody, or control. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA additionally objects to this Request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, immunity, or restriction upon discovery. SEA also objects to this Request to the extent it seeks SEA's confidential

and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4-5 (N.D. Cal. Mar. 10, 2017). Apple did not provide, and SEA has not seen, a copy of the protective order (if any). Regardless, to the extent the Request seeks confidential information, SEA will not produce the information, even if a protective order is entered, because the information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and in which SEA cannot effectively police its use—particularly where, as here, the subpoenaing party competes with Samsung. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017). There is no justification for the Request, and it is apparent that Apple has not taken "reasonable steps to avoid imposing undue burden or expense on" SEA with respect this Request (e.g., by narrowly tailoring it or obtaining the requested information from parties to the suit or other equally accessible sources). *See* Rule 45(d). SEA reserves its right pursuant to Rule 45(d) to seek redress for Apple's failure to do so.

Subject to and without waiving the foregoing general and specific objections, and consistent with the cited case law, Apple has an obligation to seek these documents from Epic Games, Inc., a party to the suit; therefore, SEA will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS requested from and/or produced by YOU in *In re Apple iPhone Antitrust Litigation*, No. 11-cv-06714 (N.D. Cal.), and *Cameron et al. v. Apple Inc.*, No. 19-cv-03074 (N.D. Cal.), INCLUDING all DOCUMENTS requested from YOU and/or produced by YOU pursuant to DEFENDANT's subpoena dated March 15, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

SEA incorporates by reference its General Objections as though fully set forth herein, including but not limited to its objections to the definitions of "DOCUMENTS" and "YOU." SEA also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. In particular, SEA objects to the inclusion of "[a]ll documents requested from and/or produced by YOU" to the extent that this requests documents SEA has already refused to produce

as protected by any applicable claims of privilege, and to the extent this seeks documents not already compelled to be produced by SEA, a non-party, in the prior litigations.  SEA also objects to this Request to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, or other applicable privilege, protection, immunity, or restriction upon discovery. SEA further objects to this Request to the extent it seeks SEA's confidential and/or proprietary information that SEA has not previously produced, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, 2017 WL 950847, at *4-5 (N.D. Cal. Mar. 10, 2017).  Apple did not provide, and SEA has not seen, a copy of the protective order (if any).  Regardless, to the extent the Request seeks confidential information, SEA will not produce the information, even if a protective order is entered, because the information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and in where SEA cannot effectively police its use—particularly where, as here, the subpoenaing party competes with Samsung.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017).  SEA additionally objects to this request to the extent that it requests information already in Apple's possession, as it seeks those documents already "requested from YOU and/or produced by YOU pursuant" to Apple's subpoena in the prior litigation.  SEA also objects to the Request to the extent it seeks information relating to activities outside the United States; to the extent it seeks information about activities that do not involve SEA; and/or to the extent it seeks information not in SEA's possession, custody, or control.  SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  There is no justification for the Request, and it is apparent that Apple has not taken "reasonable steps to avoid imposing undue burden or expense on" SEA with respect this Request (e.g., by narrowly tailoring it or obtaining the requested information from parties to the suit or other equally accessible sources). *See* Rule 45(d).  SEA reserves its right pursuant to Rule 45(d) to seek redress for Apple's failure to do so.

1       Subject to and without waiving the foregoing general and specific objections, SEA will

2 produce in this action the documents it was ordered to produce and is in the process of producing in

3 the *In re Apple iPhone Antitrust Litigation*, and *Cameron et al. v. Apple Inc.* actions.

4

5 DATED:  December 4, 2020       QUINN EMANUEL URQUHART & SULLIVAN, LLP

6

7                    By       */s/ Victoria F. Maroulis*

8                      Victorial Maroulis

                      Attorneys for Samsung Electronics America, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY SAMSUNG ELECTRONICS AMERICA, INC.'S RESPONSES TO SUBPOENA