| | |
|---|---|
| RACHELE R. BYRD (190634) | PAUL J. RIEHLE (SBN 115199) |
| **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** | paul.riehle@faegredrinker.com |
| 750 B Street, Suite 1820 | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| San Diego, CA 92101 | Four Embarcadero Center, 27th Floor |
| Telephone: 619/239-4599 | San Francisco, CA 94111 |
| Facsimile: 619/234-4599 | Telephone: (415) 591-7500 |
| byrd@whafh.com | Facsimile: (415) 591-7510 |

*Interim Class Counsel for the Consumer Plaintiffs*

BENJAMIN J. SIEGEL (SBN 256260)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202C
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Interim Class Counsel for the Developer Plaintiffs*

LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br>  *Plaintiff, Counter-defendant,*<br>  v.<br>APPLE INC.,<br>  *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br>Case No. 4:11-cv-06714-YGR-TSH<br>Case No. 4:19-cv-03074-YGR-TSH |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL SUPPORTING EXHIBITS A TO L TO THE JOINT DISCOVERY LETTER BRIEF REGARDING CUE AND FEDERIGHI DEPOSITIONS** |
| DONALD R. CAMERON, *et al.*,<br>  *Plaintiffs,*<br>  v.<br>APPLE INC.,<br>  *Defendant.* | Judge: Hon. Magistrate Thomas S. Hixson |

Pursuant to the Court's order to file certain documents (*Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF No. 267; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH, ECF No. 375; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH, ECF No. 246), Plaintiffs in the above-captioned actions bring this joint administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Plaintiffs leave to file under seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions (the "Supporting Exhibits").

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'" *Id.* at 1179 (citations omitted). Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. Jun. 17, 2013). A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party. This Administrative Motion is based on Defendant Apple Inc.'s ("Apple") designation of information in the Supporting Exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective orders in the above-captioned actions. (*Epic Games, Inc. v.*

-3-

1  *Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF No. 112; *In re Apple iPhone Antitrust Litigation*,
2  No. 4:11-cv-06714-YGR-TSH, ECF No. 199; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-
3  cv-03074-YGR-TSH, ECF No. 85.)  Plaintiffs do not believe that the Supporting Exhibits meet the
4  standard for sealing.  Pursuant to subsection (e)(1) of Local Rule 79-5, Apple has four days to file
5  a declaration establishing that all of the designated material is "sealable" (as defined in Local
6  Rule 79-5(b)).

| | |
|---|---|
| Dated:  January 21, 2021 | CRAVATH, SWAINE & MOORE LLP<br>    Christine Varney<br>    Katherine B. Forrest<br>    Gary A. Bornstein<br>    Yonatan Even<br>    Lauren A. Moskowitz<br>    M. Brent Byars |
| | Respectfully submitted, |
| | By:   /s/ *Lauren A. Moskowitz*<br>      Lauren A. Moskowitz |
| | *Attorneys for Plaintiff Epic Games, Inc.* |
| Dated:  January 21, 2021 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>    Mark C. Rifkin<br>    Rachele R. Byrd<br>    Matthew M. Guiney<br>    Brittany N. DeJong |
| | Respectfully submitted, |
| | By:   /s/ *Rachele R. Byrd*<br>      Rachele R. Byrd |
| | *Interim Class Counsel for Consumer Plaintiffs* |
| Dated:  January 21, 2021 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>    Steve W. Berman<br>    Robert F. Lopez<br>    Shana E. Scarlett<br>    Benjamin J. Siegel |
| | Respectfully submitted, |
| | By:   /s/ *Benjamin J. Siegel*<br>      Benjamin J. Siegel |
| | *Interim Class Counsel for Developer Plaintiffs* |

**E-FILING ATTESTATION**

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ *Lauren A. Moskowitz*
Lauren A. Moskowitz