# APPENDIX A

## REMEDIES SOUGHT—SPECIFIC RELIEF

The Court directed the parties to address in this joint brief "the requested remedy for each claim and counterclaim." Dkt. 132 at 2. To comply with the Court's direction that the parties not "pre-argue the case," Dkt. 241 at 2, the parties have *not* met and conferred about these potential remedies, and this Appendix is *not* a joint submission. Instead, each party has set forth below only the remedies it intends to seek, without making specific arguments about the appropriateness of any particular remedy proposal. The parties have instead set forth their respective positions on applicable principles of law regarding remedies in Section 18 Remedies Sought by Epic—Legal Principles and Section 19 Remedies Sought by Apple—Legal Principles.

Because the parties have not completed fact or expert discovery, the potential remedies laid out are necessarily a preliminary proposal. The parties submit this Appendix without prejudice to revising and/or supplementing their respective remedial requests at a later date, including on the basis of further factual development and expert analysis. The parties further agree that the inclusion of this response to the Court's inquiry in this filing shall not preclude either party from opposing the entry of any of these remedies or any other remedies on any ground whatsoever.

## 1. REMEDIES SOUGHT BY EPIC—SPECIFIC RELIEF

**Remedies Sought by Epic:  Claims Concerning iOS App Distribution**

The Court should order the relief detailed in this section if Epic prevails on any of the following claims:

- Epic Count 1:  Sherman Act § 2:  Unlawful Monopoly Maintenance in the iOS App Distribution Market
- Epic Count 2:  Sherman Act § 2:  Denial of Essential Facility in the iOS App Distribution Market
- Epic Count 3:  Sherman Act § 1:  Unreasonable Restraints on Trade in the iOS App Distribution Market
- Epic Count 7:  California Cartwright Act:  Unreasonable Restraints of Trade in the iOS App Distribution Market
- Epic Count 10:  California Unfair Competition Law (with respect to iOS app distribution)

\*     \*     \*     \*     \*

Epic respectfully requests that the Court grant the following relief:

1. Enjoin Apple from further violations of Section 1 and/or Section 2 of the Sherman Act, the Cartwright Act and/or the California Unfair Competition Law with respect to the iOS App Distribution Market and/or the App Store on the iOS platform;

2. Enjoin Apple from restricting, prohibiting, impeding or deterring the distribution[1] of iOS apps through a distribution channel other than the App Store, including by:

    A. Restricting, prohibiting, impeding or deterring users of iOS devices, through technical, contractual, financial, or other means, from downloading, executing, installing and/or updating iOS apps and app stores from a distribution channel other than the App Store;

---

[1] Distribution includes both supply of apps by developers and acquisition of apps by consumers unless otherwise specified.

      B.      Enforcing contractual provisions, guidelines or policies, or imposing technical restrictions or financial penalties, that (i) restrict, prohibit, impede or deter the distribution of iOS apps through a distribution channel other than the App Store or (ii) have the effect of impeding or deterring competition among app distributors (including competition between third party app distributors and the App Store);

      C.      Conditioning access of developers to iOS on the pricing of their apps or in-app content on other platforms;

      D.      Conditioning access of developers to the App Store on the pricing of their apps or in-app content on other platforms and/or on the pricing of their iOS apps or in-app content available through other distribution channels;

      E.      Conditioning distribution through the App Store on exclusivity or on an agreement by a developer not to distribute an iOS app through other means; and

      F.      Retaliating or threatening to retaliate against any developer on the basis of the developer's choice of iOS app distribution channel;

3.    Enjoin Apple from discriminating against or disadvantaging iOS app distribution through channels other than the App Store, including by:

      A.      Denying iOS app stores access to iOS functionality that the App Store has access to, including iOS functionality that assists in or is required for the downloading, execution, installation, updating and removal of apps;

      B.      Denying iOS apps that were downloaded through a distribution channel other than the App Store equivalent access to iOS functionality and/or features that iOS apps downloaded through the App Store have access to;

      C.      Deterring users from downloading, executing, installing and/or updating iOS apps from or through an app distribution channel other than the App Store, including by imposing "warning" screens or other user obstructions

or deterrents on iOS apps distributed through channels other than the App Store that are not present for apps distributed through the App Store;

4. To remedy Apple's past misconduct and its anticompetitive effects in the iOS App Distribution Market and other relevant markets, and in order to restore competition in the iOS App Distribution Market, Epic respectfully requests that the Court further grant the following time-limited relief, which shall be effective from the date of this Order for a period of three (3) years or other amount of time found by the Court to be appropriate:

   A. Enjoin Apple from enforcing contractual provisions, guidelines or policies, or imposing technical restrictions, that restrict, prohibit, impede or deter distribution of iOS app stores through the App Store.

Nothing in this Order shall prohibit Apple from taking steps to prevent the distribution of malware.

**Remedies Sought by Epic:  Claims Concerning In-App Payment Processing**

The Court should order the relief detailed in this section if Epic prevails on any of the following claims:

- Epic Count 4:  Sherman Act § 2:  Unlawful Monopoly Maintenance in the iOS In-App Payment Processing Market
- Epic Count 5:  Sherman Act § 1:  Unreasonable Restraints of Trade in the iOS In-App Payment Processing Market
- Epic Count 6:  Sherman Act § 1: Tying the App Store in the iOS App Distribution Market to In-App Purchase in the iOS In-App Payment Processing Market
- Epic Count 8:  California Cartwright Act:  Unreasonable Restraints of Trade in the iOS In-App Payment Processing Market
- Epic Count 9:  California Cartwright Act:  Tying the App Store in the iOS App Distribution Market to In-App Purchase in the iOS In-App Payment Processing Market

- Epic Count 10: California Unfair Competition Law (with respect to iOS in-app payment processing)

\*   \*   \*   \*   \*

Epic respectfully requests that the Court grant the following relief:

1. Enjoin Apple from further violations of Section 1 and/or Section 2 of the Sherman Act, the Cartwright Act and/or the California Unfair Competition Law with respect to the In-App Payment Processing Market;

2. Enjoin Apple from restricting, prohibiting, impeding or deterring the use of in-app payment processors other than Apple's In-App Purchase ("IAP"), including by:

   A. Rejecting iOS apps for distribution through the App Store or retaliating or threatening to retaliate against any developer of an iOS app on the basis of the developer's or the app's actual or intended integration of one or more non-IAP payment processors;

   B. Enforcing contractual provisions, guidelines or policies, or imposing technical restrictions or financial penalties, that (i) restrict, prohibit, impede or deter developers from integrating payment processors other than Apple's IAP into their apps for processing in-app purchases of in-app content or (ii) have the effect of impeding or deterring competition among in-app payment processors;

3. Enjoin Apple from discriminating against payment processors other than Apple's IAP, iOS developers that use payment processors other than Apple's IAP, or iOS apps or app stores that use payment processors other than Apple's IAP, including by:

   A. Denying access to iOS apps or app stores that use payment processors other than Apple's IAP, to the same iOS functionality and/or features that apps using exclusively Apple's IAP for processing in-app purchases of in-app content have;

> B. Giving preferential treatment in search to iOS apps that exclusively use Apple's IAP; and
>
> 4. Enjoin Apple from imposing a financial penalty or technical limitation on access to the iOS platform by iOS apps (including iOS app stores) that use payment processing solutions other than or in addition to Apple's IAP.

\* \* \* \* \*

In the event that Epic prevails on its claims concerning iOS App Distribution and obtains relief based on those claims, nothing in this Order shall prohibit Apple from seeking a modification of the Court's Order regarding the In-App Payment Processing Market on the basis of changed circumstances (*i.e.*, Apple's loss of monopoly power in the iOS App Distribution Market).

**Remedies Sought by Epic:  Anti-Circumvention**

Epic respectfully requests that the Court enjoin Apple from circumventing this Order by taking steps that violate the purpose, if not the terms, of this Order, including by imposing disincentives or providing incentives that are designed to, and have the effect of, making real competition in the iOS App Distribution Market and/or the In-App Payment Processing Market impracticable.

**Remedies Sought by Epic:  Anti-Retaliation**

Epic respectfully requests that the Court permanently enjoin Apple from taking any retaliatory actions against Epic or any of its affiliates in connection with or based on Epic's filing of this Action, the August 2020 enablement of a direct payment option in *Fortnite*, or the steps Epic took to enable that option ("Prior Epic Actions").  For the avoidance of doubt, prohibited retaliatory actions include conduct by Apple that denies *Fortnite* access to Apple's App Store on the basis of such Prior Epic Actions.

**Remedies Sought by Epic:  Other Relief**

Epic respectfully requests that the Court grant such other relief as it deems just and proper to remedy the violations of law found by the Court.

## 2. REMEDIES SOUGHT BY APPLE—SPECIFIC RELIEF

**Remedies Sought by Apple:  Claims Concerning Epic's Breach of Contract**

The Court should order the relief detailed in this section if Apple prevails on any of the following claims:

- Apple Count 1:  Breach of Contract
- Apple Count 2:  Breach of Implied Covenant of Good Faith and Fair Dealing
- Apple Count 3:  Quasi-Contract / Unjust Enrichment

Apple respectfully requests that the Court grant the following relief:

1. An award of compensatory damages in the amounts Epic contractually agreed to pay to Apple under the Apple Developer Program License Agreement, including 30% of in-app purchases made by iOS end users via Epic Direct Payment; and/or

2. An award of restitution in the amounts Epic contractually agreed to pay to Apple under the Apple Developer Program License Agreement, including 30% of in-app purchases made by iOS end users via Epic Direct Payment.

3. A permanent injunction enjoining Epic, and all persons and entities in active concert or participation with Epic, from facilitating, assisting, or participating in:

    A. The continued operation of Epic's unauthorized external payment mechanism in its apps, including *Fortnite*;

    B. The introduction of any further unauthorized external payment mechanisms into any iOS apps, including *Fortnite*; and

    C. The removal of In-App Purchase as an available payment mechanism for in-app purchases through any iOS apps, including *Fortnite*.

**Remedies Sought by Apple:  Declaratory Judgment**

The Court should order the relief detailed in this section if Apple prevails on its Count 6: Declaratory Judgment.

Apple respectfully requests that the Court grant the following relief:

1. A declaration that:

  A. The Developer Agreement and the Apple Developer Program License Agreement are valid, lawful, and enforceable contracts;

  B. Apple's termination of the Developer Agreement with Epic was valid, lawful, and enforceable;

  C. Apple's termination of the Apple Developer Program License Agreement with Epic for cause was valid, lawful, and enforceable;

  D. Apple has the contractual right to terminate its Developer Agreement with any or all of Epic's wholly owned subsidiaries, affiliates, and/or other entities under Epic's control, including Epic International (collectively, "Epic Affiliates"), at any time and at Apple's sole discretion; and

  E. Apple has the contractual right to terminate the Developer Program License Agreement with any or all of the Epic Affiliates for any reason or no reason upon 30 days written notice, or effective immediately for any "misleading, fraudulent, improper, unlawful or dishonest act relating to" the Developer Program License Agreement

**Remedies Sought by Apple:  Indemnification Claim**

The Court should order the relief detailed in this section if Apple prevails on its Count 7: Indemnification.

Apple respectfully requests that the Court grant the following relief:

1. An award of attorneys' fees and costs incurred by Apple in defending this litigation and pursuing its counterclaims.

**Remedies Sought by Apple:  Other Relief**

Apple respectfully requests that the Court grant such other relief as it deems just and proper.