QUINN EMANUEL URQUHART & SULLIVAN, LLP
Victoria F. Maroulis (Bar No. 202603)
 victoriamaroulis@quinnemanuel.com
Kyle Batter (Bar No. 301803)
 kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Non-Party*
*Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-Defendant,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | CASE NO. 4:20-cv-05640-YGR<br>CASE NO. 4:11-cv-06714-YGR<br>CASE NO. 4:19-cv-03074-YGR<br><br>**DECLARATION OF KYLE BATTER PURSUANT TO LOCAL RULE 79-5(e)(1) AND IN RESPONSE TO APPLE, INC.'S ADMINISTRATIVE MOTIONS TO FILE THE JOINT LETTER BRIEF UNDER SEAL** |
| IN RE APPLE iPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant. | |

**DECLARATION OF KYLE BATTER**

I, Kyle Batter, declare as follows:

1. I am an attorney at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd. ("SEC") in the three above-captioned actions. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of a declaration by Sanghoon Park, a Vice President of SEC, submitted for the limited purpose of complying with Northern District of California Civil Local Rule 79-5(e)(1) and in response to Defendant Apple Inc.'s two Administrative Motions to File the Joint Discovery Letter Brief Under Seal (*Epic v. Apple*, ECF Nos. 260 and 269).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. This declaration was executed this 25th day of January 2021, in Moraga, California.

_____
Kyle Batter

# Exhibit A

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | Victoria F. Maroulis (Bar No. 202603) |
| 2 | victoriamaroulis@quinnemanuel.com |
| | Kyle Batter (Bar No. 301803) |
| 3 | kylebatter@quinnemanuel.com |
| | 555 Twin Dolphin Drive, 5th Floor |
| 4 | Redwood Shores, California 94065 |
| | Telephone: (650) 801-5000 |
| 5 | Facsimile: (650) 801-5100 |

*Attorneys for Non-Party
Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., | CASE NO. 4:20-cv-05640-YGR |
| Plaintiff, Counter-Defendant, | CASE NO. 4:11-cv-06714-YGR |
| v. | CASE NO. 4:19-cv-03074-YGR |
| APPLE INC., | **DECLARATION OF SANGHOON PARK PURSUANT TO LOCAL RULE 79-5(e)(1) AND IN RESPONSE TO APPLE, INC.'S ADMINISTRATIVE MOTIONS TO FILE THE JOINT LETTER BRIEF UNDER SEAL** |
| Defendant, Counterclaimant. | |
| IN RE APPLE iPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, et al., | |
| Plaintiffs, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

## DECLARATION OF SANGHOON PARK

I, Sanghoon Park, declare as follows:

1.     I am a Vice President at Samsung Electronics Co., Ltd. ("SEC") with responsibility for Global Legal Affairs. SEC, which is a Korean entity, is the parent company of Samsung Electronics America, Inc. ("SEA"), which I understand is a non-party in the three above-captioned actions. I have been employed at SEC since 2004, and in the course of my employment have become familiar with SEC's treatment of its trade secrets and other proprietary business information, such as those discussed in this declaration. I make this declaration pursuant to Northern District of California Civil Local Rule 79-5(e)(1) and in response to Defendant Apple Inc.'s two Administrative Motions to File the Joint Discovery Letter Brief Under Seal (*Epic v. Apple*, ECF Nos. 260 and 269) ("Motions to Seal"). I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.     I have reviewed Apple's Motions to Seal and understand that Apple filed those motions on January 19 and 21, 2021, and attached (1) a Collaboration Agreement between SEC and Epic Games, Inc. ("Epic); (2) a May 2019 email communication between employees of SEC and Epic; (3) a May 2020 email communication between employees of SEC and Epic; and (4) a Joint Discovery Letter Brief (collectively, the "Sealed Documents"). The first three Sealed Documents and the specified portions of the Joint Discovery Letter should remain under seal for the reasons stated in this declaration.

3.     **The Collaboration Agreement:** The Collaboration Agreement between SEC and Epic is a highly sensitive contract between the parties that contains the key terms of SEC's relationships with its partners, like Epic, including terms detailing licensing, pricing, and revenue sharing. The Collaboration Agreement also reveals the internal strategy by which SEC runs its business. It is SEC's practice to maintain as highly confidential all of its contracts and agreements with its partners, and the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic maintain the agreement as confidential. I understand that Epic produced copies of the Collaboration Agreement as both Confidential and Attorneys' Eyes Only pursuant to the protective orders entered in the above-captioned actions, and that Epic will be re-designating all

such copies of the agreement as Attorneys' Eyes Only.  The Collaboration Agreement is highly confidential in its entirety, and therefore a request to seal the entire agreement is narrowly tailored.

4. **The May 2019 Email Communication:** This email communication includes a detailed, confidential meeting agenda for a meeting between employees of SEC and Epic.  The agenda includes a discussion of certain contracts, future plans and promotions, launch timelines, and the strategy for increasing the success of products offered by SEC and Epic.  It is SEC's practice to maintain as highly confidential all of its non-public communications with its partners, like Epic.  I understand that Epic produced this email as Confidential pursuant to the protective orders entered in the above-captioned actions, and that Epic will be re-designating many of its highly confidential and sensitive emails as Attorneys' Eyes Only.  This email is highly confidential in its entirety, and therefore a request to seal it in its entirety is narrowly tailored.

5. **The May 2020 Email Communication:** This email communication includes a detailed, confidential discussion between employees of SEC and Epic concerning products offered by both parties and how they can coordinate and strategize to best position themselves for future success.  It is SEC's practice to maintain as highly confidential all of its non-public communications with its partners, like Epic.  I understand that Epic produced this email as Confidential pursuant to the protective orders entered in the above-captioned actions, and that Epic will be re-designating many of its highly confidential and sensitive emails as Attorneys' Eyes Only.  This email is highly confidential in its entirety, and therefore a request to seal it in its entirety is narrowly tailored.

6. **The Joint Discovery Letter Brief:** The Joint Letter Brief both attaches and quotes the Collaboration Agreement, the May 2019 email, and the May 2020 email.  References to these documents should be redacted for the reasons stated above.  Those references are in the Letter Brief at the following pages and lines.  Redacting these few references is narrowly tailored:

- Page 3, Paragraph 2, Lines 9 through 16
- Page 3, Paragraph 3, Line 6 through Page 4, Paragraph 1, Line 1
- Page 4, Paragraph 2, Lines 11-12
- Page 6, Footnote 8, Lines 3-4
- Page 6, Footnote 10, Lines 1-2

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. This declaration was executed this 25 day of January 2021, in Korea.

Sanghoon Park