1  PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
2  **FAEGRE DRINKER BIDDLE &**
   **REATH LLP**
3  Four Embarcadero Center, 27th Floor
   San Francisco, CA 94111
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
   GARY A. BORNSTEIN (*pro hac vice*)
6  gbornstein@cravath.com
   **CRAVATH, SWAINE & MOORE LLP**
7  825 Eighth Avenue
   New York, New York 10019
8  Telephone: (212) 474-1000
   Facsimile: (212) 474-3700
9
10 *Attorneys for Plaintiff Epic Games, Inc.*

11            **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                   **OAKLAND DIVISION**

| | |
|---|---|
| 14 EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| 15           *Plaintiff, Counter-defendant,* | Case No. 4:11-cv-06714-YGR-TSH |
| 16                  v. | Case No. 4:19-cv-03074-YGR-TSH |
| 17 APPLE INC., | |
|           *Defendant, Counterclaimant.* | |
| 18 IN RE APPLE IPHONE ANTITRUST | **DECLARATION OF GARY A.** |
| 19 LITIGATION | **BORNSTEIN IN SUPPORT OF** |
| | **ADMINISTRATIVE MOTION TO FILE** |
| 20 | **THE JOINT DISCOVERY LETTER** |
| | **BRIEF UNDER SEAL** |
| 21 DONALD R. CAMERON, *et al.*, | |
|                  *Plaintiffs,* | |
| 22 | |
|                  v. | Judge:  Hon. Magistrate Thomas S. Hixson |
| 23 APPLE INC., | |
| 24           *Defendant.* | |
| 25 | |

26
27
28

I, Gary A. Bornstein, declare as follows:

1.       I am a partner at the law firm of Cravath, Swaine & Moore LLP, and am one of the attorneys representing Epic Games, Inc. ("Epic") in the above-captioned actions.  I am admitted to appear before this Court *pro hac vice* in *Epic v. Apple*.  I am familiar with Epic Games, Inc.'s treatment of confidential information, based on my personal experience representing Epic.  The contents of this declaration are based on my personal knowledge.[1]  If called to be a witness, I could and would testify competently thereto.

2.       I submit this declaration pursuant to Civil Local Rules 79-5(d)(1)(A) and 79-5(e)(1) in support of Defendant Apple Inc.'s Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Discovery from Non-Party Samsung Electronics America, Inc. and supporting Exhibits 3-5 (the "Administrative Motion").  (*Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF No. 269; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH, ECF No. 376; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH, ECF No. 247).

3.       On January 21, 2021, Defendant Apple, Inc. filed under seal a Joint Letter Brief Regarding Apple's Subpoena to Non-Party Samsung Electronics America, Inc., as well as supporting Exhibits 3-5.  (*Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF Nos. 269-3, 269-6, 269-7, 269-8; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH, ECF Nos. 376-3, 376-6, 376-7, 376-8; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH, ECF Nos. 247-3, 247-6, 247-7, 247-8.)

4.       Epic seeks to maintain under seal in its entirety Exhibit 5 to the Joint Discovery Letter Brief Regarding Discovery from Non-Party Samsung Electronics America, Inc. filed on January 21, 2021 ("Exhibit 5").  (*Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-00282-EJD, ECF Nos. 76, 82 (N.D. Cal. Oct. 8, 2013); *Avago Techs., Inc. v. IPtronics Inc.*, No. 10-02863-EJD, ECF Nos. 544, 545 (N.D. Cal. Apr. 7, 2015).  I am personally familiar with Epic's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Epic respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1   TSH, ECF No. 269-8; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH,

2   ECF No. 376-8; *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH, ECF No.

3   247-8).

4          5.   Exhibit 5 is a document Epic has designated as "HIGHLY

5   CONFIDENTIAL – ATTORNEYS' EYES ONLY", consistent with Samsung Electronics

6   America, Inc. and Epic's view that disclosure of information contained therein to another Party or

7   Non-Party would create a substantial risk of serious harm that could not be avoided by less

8   restrictive means.  (*See Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF No.

9   112; *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR-TSH, ECF No. 199;

10   *Donald R. Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR-TSH, ECF No. 85.)

11          6.   Specifically, Exhibit 5 consists of the Collaboration Agreement between

12   Samsung Electronics Co., Ltd. ("Samsung") and Epic Games, International S.à.r.l. (the

13   "Collaboration Agreement").  This document contains commercially sensitive information,

14   including negotiated financial terms concerning revenue share and other trade secrets.  Disclosure

15   of such information would harm both Epic and non-party Samsung by placing them at a

16   competitive disadvantage because competitors would gain insight into key financial and strategic

17   terms outlined in the Collaboration Agreement.

18          7.   The Collaboration Agreement also contains commercially sensitive

19   information regarding Epic's business relationship with Samsung concerning the promotion of

20   *Fortnite*.  Disclosure of such information would harm Epic by impeding Epic's ability to maintain

21   and develop further business relationships with Samsung and arrangements with similarly situated

22   third parties.

23          8.   Epic keeps the details of its agreements with business partners, such as its

24   Collaboration Agreement with Samsung, strictly confidential to avoid undue prejudice to Epic and

25   its partners through the disclosure of commercially sensitive information.

26          9.   This request for relief is particularized and narrowly tailored to seal only

27   information that if disclosed would cause Epic undue prejudice if publicly revealed.

28

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

2  is true and correct and that I executed this declaration on January 25, 2021 in Riverside, CT.

3

4                              */s/* Gary A. Bornstein

5                              Gary A. Bornstein

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28