PAUL R. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff, Counter-defendant*
*Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff, Counter-defendant, | |
| v. | **UNSEALED EXHIBITS TO JOINT DISCOVERY LETTER BRIEF REGARDING EPIC'S REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| APPLE INC., | |
| Defendant, Counterclaimant. | |

1    Pursuant to ECF No. 246, Epic Games, Inc. ("Epic") hereby files the attached Supporting

2  Exhibits 1 to 5 to the Joint Discovery Letter Brief Regarding Epic's Requests for Production of

3  Documents (ECF No. 213) in the public record.

4

5  DATE:  January 25, 2021                    **CRAVATH, SWAINE & MOORE LLP**

6                                             */s/ Lauren A. Moskowitz*
                                                   Lauren A. Moskowitz
7

8                                             **FAEGRE DRINKER BIDDLE & REATH LLP**
                                             PAUL R. RIEHLE (SBN 115199)
9                                             Four Embarcadero Center, 27th Floor
                                             San Francisco, CA 94111
10                                            Telephone: (415) 591-7500
                                             Facsimile: (415) 591-7510
11                                            paul.riehle@faegredrinker.com

12                                            **CRAVATH, SWAINE & MOORE LLP**
                                             CHRISTINE A. VARNEY (*pro hac vice*)
13                                            KATHERINE B. FORREST (*pro hac vice*)
                                             GARY A. BORNSTEIN (*pro hac vice*)
14                                            YONATAN EVEN (*pro hac vice*)
                                             LAUREN A. MOSKOWITZ (*pro hac vice*)
15                                            M. BRENT BYARS (*pro hac vice*)
                                             825 Eighth Avenue
16                                            New York, New York 10019
                                             Telephone: (212) 474-1000
17                                            Facsimile: (212) 474-3700
                                             cvarney@cravath.com
18                                            kforrest@cravath.com
                                             gbornstein@cravath.com
19                                            yeven@cravath.com
                                             lmoskowitz@cravath.com
20                                            mbyars@cravath.com

21                                            *Attorneys for Plaintiff, Counter-defendant*
                                             *Epic Games, Inc.*
22

23

24

25

26

27

28

# Exhibit 1

| | |
|---|---|
| **From:** | Amal El-Bakhar |
| **Sent:** | Friday, October 23, 2020 7:31 PM |
| **To:** | tboutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; mperry@gibsondunn.com; vlewis@gibsondunn.com; crichman@gibsondunn.com; jsrinivasan@gibsondunn.com; edettmer@gibsondunn.com; elazarus@gibsondunn.com; HPhillips2@gibsondunn.com; E. Joshua Rosenkranz; Will Stute; steve@hbsslaw.com; robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; tedw@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com |
| **Cc:** | Christine Varney; Katherine Forrest; Gary Bornstein; Yonatan Even; Lauren Moskowitz; Brent Byars; John Karin |
| **Subject:** | Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.) |
| **Attachments:** | 2020.10.23 - Epic Games, Inc.'s First Set of Requests for Production.pdf |

Counsel:

Please find attached Epic's first set of requests for production of documents directed to Apple.  Mindful of the Court's observations about efficiency, we have worked to ensure that these requests are not duplicative of requests served by either set of class plaintiffs and that they are instead targeted to gather incremental information that we believe Epic needs.  We recognize that Apple may take a different view on the degree to which we have succeeded on that score, and we therefore suggest that we meet and confer about our requests and a reasonable search protocol for Apple as soon as practicable, and in any event well before the due date for Apple's responses and objections.  Please advise as to your availability.

Best,
Amal

Amal El Bakhar
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
T: 212-474-1785 (direct)

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
  **REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff and Counter-*
  *defendant Epic Games, Inc.*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                                   *Plaintiff,*<br><br>                vs.<br><br>APPLE INC.,<br><br>                                   *Defendant.* | No. 4:20-CV-05640-YGR<br><br>**PLAINTIFF/COUNTER-DEFENDANT EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| And related counterclaims. | |

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

2  Plaintiff and Counter-defendant Epic Games, Inc. hereby requests that Defendant

3  and Counterclaimant Apple Inc. produce the following documents in its

4  possession, custody, or control.  The requested documents are to be made

5  available to the law offices of Cravath, Swaine & Moore LLP, Worldwide Plaza,

6  825 Eighth Avenue, New York, NY 10019, within thirty (30) days from the date

7  of service, or at such other time and location as may be mutually agreed upon by

8  the parties.

9    This request for production is deemed to be continuing in nature to

10  the full extent allowed under the Federal Rules of Civil Procedure so as to require

11  a prompt supplemental production should Apple Inc. obtain further information

12  responsive to the Requests for Production (the "Requests") contained herein.

### Definitions

14  The following definitions shall apply to the Requests contained herein:

15  1.    The terms "and", "or", and "and/or" shall be construed in the

16  conjunctive or the disjunctive, whichever makes the Request more inclusive.

17  2.    The term "any" shall include the word "all", and vice versa.

18  3.    The term "APIs" means application program interfaces.

19  4.    The term "App" means a software program or programs designed to

20  run on a computing device, regardless of the means of distribution.

21  5.    The terms "Apple", "You", and/or "Your" means Apple Inc. and all

22  predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof,

23  past or present, and all past or present officers, directors, affiliates, agents,

24  employees, consultants and representatives thereof, and any other person acting

25  on behalf of any of the foregoing entities.

26  6.    The term "Apple Accessory Products" means Apple accessories and

27  peripherals for the iPhone, iPad, iPod touch, Apple Watch, and AirPod, Including

28  Apple cases, chargers, speakers and watch bands.

7.      The term "*Cameron* Action" means *Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR (N.D. Cal.).

8.      The term "CDN" means content delivery network.

9.      The term "Communication" means every manner or means of disclosure, transfer or exchange of information, whether orally, in writing, face-to-face, via any video conferencing platform (*e.g.*, Zoom, FaceTime), by telephone, mail, e-mail, text message, iMessage, short message service, messaging app (*e.g.*, WhatsApp) or otherwise.

10.     The term "Concerning" and any derivative thereof means constituting, evidencing, reflecting, incorporating, effecting, including or otherwise pertaining or relating to, either directly or indirectly, or being in any way logically or factually connected with.

11.     The term "Customer", when used in relation to an App, product, or service, means a person who downloads, launches, accesses or otherwise uses that App, product, or service.

12.     The term "DAUs" means Daily Active Users.

13.     The term "Developer" means any person or entity who develops or publishes an App or other software.

14.     The term "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and means any writing of any kind, Including electronically stored information ("ESI"), originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise).  This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery, namely, notes, letters, correspondence, Communications, emails, electronic messages (*e.g.*, text messages, instant

messages, iMessage Communications, Communications via messaging app such as WhatsApp), telegrams, memoranda, summaries or records of telephone conversations, voicemails, summaries or records of personal conversations or meetings, diaries, calendars, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, or other code, illustrations, product descriptions, product analyses, requests for proposals, documents related to proposed or actual product improvements or changes, user manuals or guides, installation manuals or guides, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, social media posts, press releases, drafts of documents, sound recordings, and all other material fixed in a tangible medium of whatever kind known to you or in Your possession, custody or control.

15.     The term "Epic" means Epic Games, Inc. and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives, and any other person acting on behalf of any of the foregoing entities.

16.     The term "Hotfix" means the process by which an installed App checks the Developer's server for new content or new instructions on what existing content to make accessible in the App, without changing the code of the App.

17.     The term "IAP" refers to the Apple In-App Purchase API referenced in Section 3.3.25 and Attachment 2 of the current version of the Apple Developer

Program License Agreement.

18.    The term "Including" means including, but not limited to.

19.    The term "iOS" means all versions of iOS, the operating system used by the iPhone and iPod touch, and of iPadOS, the operating system used by the iPad.

20.    The term "iOS App Store" means the Software Store operated by Apple for use on iOS.

21.    The term "macOS" means all versions of the operating system used by the Mac personal computer.

22.    The term "macOS App Store" means the Software Store operated by Apple for use on macOS.

23.    The term "MAUs" means Monthly Active Users.

24.    The term "*Pepper* Action" means *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.).

25.    The term "SDKs" means software development kits.

26.    The term "Software Store" means any digital store that offers Apps for digital distribution.

**Instructions**

A.    The timeframe for the Requests is unlimited unless specifically stated otherwise in a Request.

B.    The geographic scope of the Requests is worldwide.

C.    In responding to the Requests, You shall produce all Documents in Your possession, custody, or control, Including Documents in the possession, custody, or control of Your agents, representatives, employees, accountants, attorneys or other persons acting or purporting to act on Your behalf.

D.    All ESI is to be produced in accordance with any ESI protocol ordered by the Court.

E.    Pursuant to Federal Rule of Civil Procedure 34(b)(2), to the extent

1  any Request is objected to in whole or in part, state whether You intend to

2  withhold any Documents on account of any objection and, if so, what Documents

3  You intend to withhold, and produce all Documents responsive to those parts of

4  the Request as to which no objection is made.

5          F.      If a portion of a Document is responsive, produce the entire

6  Document family in unredacted form (subject to Instruction G, below).  For

7  purposes of this Instruction, "Document family" means a group of files consisting

8  of a parent Document and all Documents attached to that parent Document,

9  Including an email and its attachments or a meeting agenda and its attachments.

10         G.      If any Document is withheld from production on the basis of

11  privilege, immunity, or any similar claim, provide a log in accordance with any

12  ESI protocol ordered by the Court.

13         H.      Whenever necessary to bring within the scope of any Request that

14  might otherwise be construed to be outside its scope:  (a) the use of any verb in

15  any tense shall be construed as the use of that verb in all other tenses; and (b) the

16  use of a word in its singular form shall be deemed to include within its use the

17  plural form and vice versa.

18         I.      Any reference to an Apple product or service in these Requests

19  refers to all models and versions of that product or service, as well as to each

20  separate model and version of such product or service, Including prototype or

21  other early-stage models and versions that were not commercialized.

22         J.      The use of the singular shall be deemed to include the plural and vice

23  versa.

24         K.      No Request shall be read as limiting any other Request.

25         L.      The Requests are continuing in nature and impose on Apple the

26  obligations set forth in Federal Rule of Civil Procedure 26(e).

27         M.      Epic's Requests are intended not to be duplicative of the requests for

28  production directed to Apple in the *Cameron* Action and/or the *Pepper* Action.

Epic intends to work cooperatively with Apple to agree on an efficient process for identifying and producing responsive Documents, taking into account the Document review and production that has already occurred in the *Cameron* Action and the *Pepper* Action.

**Requests for Documents to Be Produced**

**Requests Concerning the *Cameron* Action and/or the *Pepper* Action**

**REQUEST FOR PRODUCTION NO. 1:**

All discovery produced by Apple or any third party in the *Cameron* Action and/or the *Pepper* Action.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that are responsive to requests for production to Apple by the plaintiffs in the *Cameron* Action and/or the *Pepper* Action, as if such requests had been served on the date of these Requests.  For the avoidance of doubt, while Epic reserves all rights with respect to this Request No. 2, Epic will consider in good faith any narrowing agreed to between Apple and the plaintiffs in the *Cameron* Action and/or the *Pepper* Action.

**Documents Sufficient To Show and/or Data Requests**

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show actual and projected revenue, costs, expenses, and profits, by country, by year, incurred by, earned by and/or attributed to, sales of each of the following, respectively:

(a) iPhone;

(b) iPad;

(c) iPod touch;

(d) Apple Watch; and

(e) Apple AirPods.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show actual and projected revenue, costs,

expenses, and profits, by country, by year, incurred by, earned by and/or
attributed to, sales of the Apple Accessory Products or licenses granted by Apple
to third-party suppliers of Accessory Products.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show actual and projected revenue, costs,
expenses, investments (Including research and development) and profits, by year,
incurred by, earned by and/or attributed to, Apple's IAP.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show actual and projected revenue, by year,
by commission rate, earned by and/or attributed to, Apple's IAP.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show actual and projected revenue, costs,
expenses (Including any costs or expenses Concerning Apple's App Review
process, CDNs, customer support, Apple's marketing, Apple's technology
licensing, Apple's servers, Apple's corporate overhead, Apple's personnel, third-
party payment providers, and refunds and fraud claims), investments (Including
research and development) and profits, by year, incurred by, earned by and/or
attributed to, the macOS App Store.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show actual and projected revenue, costs,
expenses (Including any costs or expenses Concerning Apple's App Review
process, CDNs, customer support, Apple's marketing, Apple's technology
licensing, Apple's servers, Apple's corporate overhead, Apple's personnel, third-
party payment providers, and refunds and fraud claims), investments (Including
research and development) and profits, by year, incurred by, earned by, and/or
attributed to, the iOS App Store.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show actual and projected revenue, costs,

expenses, investments (Including research and development) and profits, by year, incurred by, earned by and/or attributed to Xcode, Metal, SDKs, APIs and all other developer tools that Apple makes available for use by third-party Developers for iOS.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show employment type (contractor or employee), training and qualifications, compensation type (*e.g.*, wage, salary, commission) and compensation amount for the "reviewers representing 81 languages vetting on average 100,000 submissions per week" involved in Apple's "rigorous, human-led review process for every app". (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 19.)

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show usage metrics, Including specifically number of downloads, number currently installed, time spent using, MAUs, DAUs, and any other usage metric, for the following categories of Apps:

(a) free with no in-app purchases available;

(b) free with in-app purchases available;

(c) paid without in-app purchases available; and

(d) paid with in-app purchases available.

**REQUEST FOR PRODUCTION NO. 12:**

All analyses, studies, calculations, or estimates of Customer lifetime value (or range of values) to Apple from Customers of the iPhone, iPad and iPod touch, respectively, by country, Including the following:

(a) Apple's expected lifetime revenue (or range of revenues) attributable to an iPhone Customer;

(b) Apple's expected lifetime profits (or range of profits) attributable to an iPhone Customer;

1          (c) Apple's iPhone Customer acquisition cost;

2          (d) Apple's expected lifetime revenue (or range of revenues)

3 attributable to an iPad Customer;

4          (e) Apple's expected lifetime profits (or range of profits) attributable

5 to an iPad Customer;

6          (f) Apple's iPad Customer acquisition cost;

7          (g) Apple's expected lifetime revenue (or range of revenues)

8 attributable to an iPod touch Customer;

9          (h) Apple's expected lifetime profits (or range of profits) attributable

10 to an iPod touch Customer and

11          (i) Apple's iPod touch Customer acquisition cost.

12 **REQUEST FOR PRODUCTION NO. 13:**

13          All analyses, studies, calculations, or estimates Concerning iPhone,

14 iPad and iPod touch Customer lifespan, Including each of the following:

15          (a) the average or expected duration from when a Customer first

16 purchases any model of the iPhone, to when that Customer is no

17 longer using any model of iPhone;

18          (b) the average or expected duration from when a Customer first

19 purchases a particular model of iPhone, to when that Customer is no

20 longer using that particular model of iPhone, for each model of

21 iPhone;

22          (c) the average or expected duration from when a Customer first

23 purchases any model of the iPad, to when that Customer is no longer

24 using any model of iPad;

25          (d) the average or expected duration from when a Customer first

26 purchases a particular model of iPad, to when that Customer is no

27 longer using that particular model of iPad, for each model of iPad;

28          (e) the average or expected duration from when a Customer first

purchases any model of the iPod touch, to when that Customer is no longer using any model of iPod touch; and

(f) the average or expected duration from when a Customer first purchases a particular model of iPod touch, to when that Customer is no longer using that particular model of iPod touch, for each model of iPod touch.

## REQUEST FOR PRODUCTION NO. 14:

For each year, data sufficient to show iPhone, iPad, and iPod touch Customer lifespan, Including the following:

(a) the average or expected duration from when a Customer first purchases any model of the iPhone, to when that Customer is no longer using any model of iPhone;

(b) the average or expected duration from when a Customer first purchases a particular model of iPhone, to when that Customer is no longer using that particular model of iPhone, for each model of iPhone;

(c) the average or expected duration from when a Customer first purchases any model of the iPad, to when that Customer is no longer using any model of iPad;

(d) the average or expected duration from when a Customer first purchases a particular model of iPad, to when that Customer is no longer using that particular model of iPad, for each model of iPad;

(e) the average or expected duration from when a Customer first purchases any model of the iPod touch, to when that Customer is no longer using any model of iPod touch; and

(f) the average or expected duration from when a Customer first purchases a particular model of iPod touch, to when that Customer is no longer using that particular model of iPod touch, for each model

of iPod touch.

**REQUEST FOR PRODUCTION NO. 15:**

All agreements between Apple and a third party governing that third party's participation in the Apple Video Partner Program.

**REQUEST FOR PRODUCTION NO. 16:**

One copy of each iteration over time of Your standardized agreements with App Developers effective during the period since You launched the iOS App Store Concerning the distribution of Apps on iOS devices or the collection or processing of in-App payments on iOS devices.

**REQUEST FOR PRODUCTION NO. 17:**

All agreements that Apple entered into with an App Developer Concerning the distribution of Apps on iOS devices or the collection or processing of in-App payments on iOS devices that were not identical to one of Apple's standardized agreements with Developers in effect at the time.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show all "third-party payment settlement providers" and other entities that Apple contracts with "to facilitate Apple's own ability to accept customer payments" through Apple's IAP, Including all firms used for the processing of payments facilitated by Apple's IAP, and the country or countries for which such entity processes payments or transactions. (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 44.)

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show, by year, the per-transaction fees (expressed in absolute and percentage terms), and aggregate fees (expressed in absolute and percentage terms), paid by Apple to each "third-party payment settlement provider[]" and other entities that Apple contracts with "to facilitate Apple's own ability to accept customer payments through IAP for each year".

(Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 44.)

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show all the ways in which the iOS App Store and/or Apple's IAP are "integrated" into the "iOS infrastructure". (Joint Case Management Statement (ECF No. 120) at 5.)

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to support the assertion that Apple's IAP and the iOS App Store "have always been integrated". (Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 19-20.)

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show all the ways in which Apple's StoreKit APIs are "integrated" into the App Store Software platform. (Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 21.)

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to support the assertion that "Before use of the App Store or other app marketplaces became common, software was sold on physical discs through brick-and-mortar electronic distributors, and those distributors charged commissions as high as 50% to 70%". (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 3.)

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all "other app marketplaces" that existed prior to the launch of the iOS App Store. (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 3.)

1  **REQUEST FOR PRODUCTION NO. 25:**

2        Documents sufficient to show any calculation supporting Apple's

3  public statements Concerning the number of Apple devices in "active use" and

4  Apple's "installed base" (Apple's 3Q 2020 Results), Including Documents

5  sufficient to show how such numbers were calculated.

6  **REQUEST FOR PRODUCTION NO. 26:**

7        Documents sufficient to show the number and percentage of

8  Customers who own at least one iPhone, iPad or iPod touch, respectively, and

9  who also own, respectively:

10        (a) an iPhone;

11        (b) an iPad;

12        (c) an iPod touch;

13        (d) a Mac;

14        (e) a HomePod;

15        (f) an Apple Watch;

16        (g) AirPods;

17        (h) an Apple TV; and

18        (i) none of the above.

19  **REQUEST FOR PRODUCTION NO. 27:**

20        Documents sufficient to show the number and percentage of iPhone,

21  iPad or iPod touch Customers, respectively, who own at least one iPhone, iPad or

22  iPod touch, respectively, and another Apple device that Apple considers to be in

23  active use or part of its installed base, Including the basis for such determination:

24        (a) an iPhone in active use;

25        (b) an iPad in active use;

26        (c) an iPod touch in active use;

27        (d) a Mac in active use;

28        (e) a HomePod in active use;

(f) an Apple Watch in active use;

(g) AirPods in active use;

(h) an Apple TV in active use; and

(i) none of the above.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show the number and percentage of iPhone, iPad or iPod touch Customers, respectively, who own at least one iPhone, iPad or iPod touch and used any of the following in the last 30, 90, 180 or 365 days, respectively:

(a) Apple Music;

(b) Apple TV+;

(c) Apple News;

(d) Apple Arcade;

(e) Apple Pay;

(f) Apple Card;

(g) iMessage;

(h) FaceTime;

(i) Find My;

(j) AirDrop;

(k) iCloud Photos;

(l) iCloud Drive;

(m) iTunes;

(n) Apple Books;

(o) Family Sharing;

(p) Apple One; and

(p) none of the above.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show, by year, by country, by platform, and

by type, the number and value of payments or purchases that were facilitated or authorized by the use of an Apple ID, other than via Apple's IAP, Including the use of an Apple ID to authorize payments or purchases (1) on Apple devices, excluding transactions through Apple's IAP, (2) within Android mobile Apps, specifying the App and the Software Store through with the App was distributed, and (3) through means other than Apple devices and Android mobile Apps.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show Customer spending through Apple's IAP, and Apple's commissions earned thereon, by App, in-App purchase, App category, country, year and commission percentage.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the size of Apple's "installed base" (Apple's 3Q 2020 Results), by country, year, and model, for each of the following, respectively:

(a) iPhone;

(b) iPad;

(c) iPod touch; and

(d) Mac computers.

**Requests Concerning Apple's IAP**

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from the provisions now appearing in Section 3.2(g) or Section 3.3.2(b) of the Apple Developer Program License Agreement, or Section 3.2.2(i) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from any provision in prior

versions of Apple's App Store Review Guidelines prohibiting buttons, external links, or other calls to action that direct Customers to purchasing mechanisms other than Apple's IAP to enable Customers to tip a Developer in an App.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from the provisions now appearing in Section 3.3.3 of the Apple Developer Program License Agreement, or Section 3.1.1 (first bulleted paragraph) or Section 3.1.3 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from the provisions now appearing in Section 4.9 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Concerning any consideration, or decision made, by Apple to create, adopt or modify, and/or to allow an exception to or an exemption from, the provisions now appearing in Section 3.2(g) or Section 3.3.2(b) of the Apple Developer Program License Agreement, or Section 3.2.2(i) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such consideration was given or such decision was made).

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Concerning any consideration, or decision made, by Apple to create, adopt or modify, and/or to allow an exception to or an exemption from, the provisions now appearing in Section 3.3.3 of the Apple Developer Program License Agreement, or Section 3.1.1 (first and second bulleted

paragraphs) or Section 3.1.3 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such consideration was given or such decision was made).

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning any consideration, or decision made, by Apple to create, adopt or modify, and/or to allow an exception to or an exemption from the provisions now appearing in Section 4.9 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**REQUEST FOR PRODUCTION NO. 39:**

All Documents Concerning any request from any Developer not to use Apple's IAP for purchases of in-App digital content.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Concerning any consideration, or decision made, by Apple not to require use of Apple's IAP for purchases of in-App digital content.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning any request from any Developer to pay less than the commissions specified in the applicable provision of the Apple Developer Program License Agreement at the time such request was made.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Concerning any consideration, or decision made, by Apple to accept less than the commissions specified in the applicable provision of the Apple Developer Program License Agreement at the time such consideration or decision was made.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Concerning an alleged or actual breach or violation by any Developer of Apple's provision prohibiting Developers from "encourag[ing] users to use a purchasing method other than in-App purchase", as

stated in Section 3.1.3 of the current version of Apple's App Store Review Guidelines (or any similar provision in effect at the time such breach or violation occurred).

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Concerning modifications of, or exceptions to or exemptions from, any of Apple's contractual (or policy or guideline) requirements Concerning Apple's IAP that were granted or denied to a Developer, Including permitting or prohibiting a Developer to integrate a method other than Apple's IAP for accepting payments from Customers for in-App digital content, or modifying or permitting an exception to, the commissions now specified in Section 3.4 of Schedule 2 to the Apple Developer Program License Agreement (or in any similar provision in effect at the applicable time).

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Concerning Apple's decision to create the Apple Video Partner Program.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents Concerning Apple's IAP, any method other than Apple's IAP for accepting payments from Customers, the commissions now specified in Section 3.4 of Schedule 2 to the Apple Developer Program License Agreement (or in any similar provision in effect at the applicable time), or any modifications to, exceptions to or exemptions from, those commissions, Concerning Communications between Apple, on the one hand, and any of the Developers of the following Apps, on the other hand:

(a) Airbnb

(b) Facebook

(c) ClassPass;

(d) Amazon Prime Video;

(e) Netflix;

1    (f) Hey;

2    (g) Altice One; and

3    (h) Canal+.

4    **REQUEST FOR PRODUCTION NO. 47:**

5          All Documents Concerning security or privacy lapses, violations

6    and/or breaches, Including the presence of malware or adware or the misuse of

7    personal information, on any of the following Apps:

8          (a) Airbnb

9          (b) Facebook

10         (c) ClassPass;

11         (d) Amazon Prime Video;

12         (e) Netflix;

13         (f) Hey;

14         (g) Altice One; and

15         (h) Canal+.

16   **REQUEST FOR PRODUCTION NO. 48:**

17         All Documents Concerning Communications between Apple, on the

18   one hand, and any of the "over 130 premium subscription video entertainment

19   providers" identified on Apple's website as being part of the Apple Video Partner

20   Program (*see* Apple, "Apple Video Partner Program" https://developer.apple.

21   com/programs/video-partner/ (last accessed October 18, 2020)), Concerning

22   Apple's IAP, any payment method for in-app purchases other than Apple's IAP,

23   the commissions now specified in Section 3.4 of Schedule 2 to the Apple

24   Developer Program License Agreement (or in any similar provision in effect at

25   the applicable time), or any modifications to, exceptions to or exemptions from,

26   those commissions.

27

28

**REQUEST FOR PRODUCTION NO. 49:**

All Documents Concerning any instance in which Apple terminated a Developer's Apple Developer Program account as a result of the Developer's introduction or proposed or threatened introduction of a non-IAP payment method into the Developer's App, Including the "over 2,000 accounts [terminated] for introducing a non-IAP payment method". (Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 8.)

**REQUEST FOR PRODUCTION NO. 50:**

All Documents Concerning a Developer's consideration of not providing or limiting the scope of an App, product, feature or service, as a result (at least in part) of the costs associated with any commissions that would be payable to Apple if such App, product, feature or service were provided.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents Concerning Your consideration of enabling, or decision to enable, Apple users to authorize payments or purchases using an Apple ID, other than through Apple's IAP, Including (1) on Apple devices, excluding transactions through Apple's IAP, (2) within Android mobile Apps, and (3) through means other than Apple devices and Android mobile Apps.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents, Including Communications and presentations, Concerning commissions and/or fees, Including rates, charged for the distribution of Apps or in-App purchases on the Google Play Store and the Epic Games Store.

## Requests Concerning Arguments Advanced by Apple
## in this Action

**REQUEST FOR PRODUCTION NO. 53:**

All monthly, quarterly and yearly audited or unaudited financial Documents, Including profit and loss statements, income statements, balance

sheets and cash flow statements, that concern Xcode, Metal, SDKs, APIs and all other developer tools for iOS that Apple makes available for use by third-party Developers, and that were prepared for or received by any of Apple's officers, directors or senior managers (Including the Chief Financial Officer, treasurer or controller for relevant business units).

**REQUEST FOR PRODUCTION NO. 54:**

All business and/or strategic plans, presentations to Apple's officers or Board of Directors or any committee thereof, as well as long-term planning Documents, and competitor analyses, Concerning competition faced by any of the following:

(a) iPhone;

(b) iPad;

(c) iPod touch;

(d) iOS;

(e) macOS App Store; and

(f) Apple's IAP.

**REQUEST FOR PRODUCTION NO. 55:**

All studies, analyses, surveys, reports, assessments or papers Concerning any effect of the pricing of non-iOS devices on the pricing of the iPhone, iPad or iPod touch.

**REQUEST FOR PRODUCTION NO. 56:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning competition between iOS products and Android products.

**REQUEST FOR PRODUCTION NO. 57:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning competition between iOS products and any personal computer or dedicated gaming device,

Including Windows PC, Xbox One, Xbox Series X, Xbox Series S, Nintendo Switch, PlayStation4, PlayStation 5, Microsoft tablets, Including any prior or future model, and game streaming platforms.

**REQUEST FOR PRODUCTION NO. 58:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed regarding the costs and/or impediments associated with switching between iOS products and Android products, Including the volume and rate of switching, and the reason(s) for switching or not switching.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents Concerning Customers' awareness of, familiarity with, lack of awareness of, and/or lack of familiarity with (a) the fact that Apple does not permit any Software Store on iOS devices other than the iOS App Store; (b) the fact that Apple does not allow Developers to use any method other than Apple's IAP for accepting payments from Customers for certain types of transactions; or (c) Apple's fee or commission on the purchase of Apps and Apple's IAP transactions.

**REQUEST FOR PRODUCTION NO. 60:**

All studies, analysis, surveys, assessments or reports Concerning the effects of the iOS App Store, the availability of third-party Apps on iOS, and/or Apple's IAP on Customer demand for, price of and sales of each of the following:

(a) iPhone;

(b) iPad; and

(c) iPod touch.

**REQUEST FOR PRODUCTION NO. 61:**

All studies, analyses, surveys, reports, assessments or papers Concerning any security or privacy features and/or attributes of Mac computers, iOS, macOS or the macOS App Store, Including Apple's statement that "We

1  design Mac hardware and software with advanced technologies that work

2  together to run Apps more securely, protect your data, and help keep you safe on

3  the web."  (Apple, "Security.  Built right in."

4  https://www.apple.com/macos/security/ (last accessed October 15, 2020).)

5  **REQUEST FOR PRODUCTION NO. 62:**

6  All studies, analyses, surveys, reports, assessments or papers

7  Concerning security or privacy lapses, violations and/or breaches on Mac

8  computers, iOS, macOS or the macOS App Store, Including the presence of

9  malware or adware or the misuse of personal information.

10  **REQUEST FOR PRODUCTION NO. 63:**

11  All studies, analyses, surveys, reports, assessments or papers

12  Concerning claims of fraudulent or incorrect purchases, requests for refunds or

13  any other Customer disputes, and the resolutions thereof, Concerning Apple's

14  IAP.

15  **REQUEST FOR PRODUCTION NO. 64:**

16  All Documents Apple intends to rely on or otherwise use to support

17  its defenses or counterclaims in this Action, Including the categories of

18  Documents listed in Apple's October 13, 2020 Initial Disclosures.

19  **Requests Concerning Apple's Retaliation Against Epic**

20  **REQUEST FOR PRODUCTION NO. 65:**

21  All Documents Concerning any request from any Developer for

22  modification of, an exception to, and/or an exemption from the provisions now

23  appearing in Section 4.8 of Apple's App Store Review Guidelines (or in any

24  similar provision in effect at the time such request was made).

25  **REQUEST FOR PRODUCTION NO. 66:**

26  All Documents Concerning any consideration, or decision made, by

27  Apple to create, adopt or modify, and/or to allow an exception to or an exemption

28  from the provisions now appearing in Section 4.8 of Apple's App Store Review

Guidelines (or in any similar provision in effect at the time such request was made).

**REQUEST FOR PRODUCTION NO. 67:**

All Documents Concerning Hotfixes in Apps distributed through the iOS App Store or the macOS App Store.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents Concerning Epic and/or its products, Including Epic's use of a Hotfix to enable Epic direct pay in *Fortnite* on iOS.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents Concerning Apple's decision to terminate Epic's Team ID '84 account in Apple's Developer Program and/or the decision to terminate *Fortnite* from the iOS App Store.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents Concerning:

(a) Apple's App Store Review Notice to Epic Games, dated August 13, 2020;

(b) Apple's App Store Review Notice to Epic Games, dated August 14, 2020;

(c) Apple's App Store Review Notice to Epic Games, dated August 15, 2020;

(d) Apple's App Store Review Notice to Epic Games, dated August 26, 2020; and

(e) Apple's Termination Notice to Epic Games, dated August 28, 2020.

1    Dated:  October 23, 2020

2                                                              Respectfully submitted,

3                                                              By */s/  Lauren A. Moskowitz_____*

4
5                                                              **FAEGRE DRINKER BIDDLE &**
                                                               **REATH LLP**

6                                                              Paul J. Riehle
                                                               paul.riehle@faegredrinker.com
7
                                                               Four Embarcadero Center
8                                                              San Francisco, California 94111
                                                               Telephone:  (415) 591-7500
9                                                              Facsimile:  (415) 591-7510

10                                                             **CRAVATH, SWAINE & MOORE**
                                                               **LLP**
11
                                                               Christine A. Varney (*pro hac vice*)
12                                                             cvarney@cravath.com
                                                               Katherine B. Forrest (*pro hac vice*)
13                                                             kforrest@cravath.com
                                                               Gary A. Bornstein (*pro hac vice*)
14                                                             gbornstein@cravath.com
                                                               Yonatan Even (*pro hac vice*)
15                                                             yeven@cravath.com
                                                               Lauren A. Moskowitz (*pro hac vice*)
16                                                             lmoskowitz@cravath.com
                                                               M. Brent Byars (*pro hac vice*)
17                                                             mbyars@cravath.com

18                                                             825 Eighth Avenue
                                                               New York, New York 10019
19                                                             Telephone:  (212) 474-1000
                                                               Facsimile:  (212) 474-3700
20
                                                               **Attorneys for Plaintiff and Counter-**
21                                                             **defendant**
                                                               **EPIC GAMES, INC.**
22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on October 23, 2020, I served true and correct copies of

3 Plaintiff/Counter-Defendant Epic Games, Inc. First Set of Requests for Production of

4 Documents via electronic mail, pursuant to an agreement among the parties for electronic

5 service, to the following counsel of record in this action and the related actions:

6 Theodore J. Boutrous Jr.                        Steve W. Berman
  Richard J. Doren                                Robert F. Lopez
7 Daniel G. Swanson                               Shana E. Scarlett
  Mark A. Perry                                   Benjamin J. Siegel
8 Veronica S. Lewis                               HAGENS BERMAN SOBOL SHAPIRO LLP
  Cynthia E. Richman                              steve@hbsslaw.com
9 Jay P. Srinivasan                               robl@hbsslaw.com
  Ethan D. Dettmer                                shanas@hbsslaw.com
10 Eli M. Lazarus                                  bens@hbsslaw.com
11 Harry Phillips
   GIBSON, DUNN & CRUTCHER LLP                    *Interim Class Counsel for the Developer Plaintiffs*
12 tboutrous@gibsondunn.com
13 rdoren@gibsondunn.com                          Mark C. Rifkin
   dswanson@gibsondunn.com                        Rachele R. Byrd
14 mperry@gibsondunn.com                          Matthew M. Guiney
   vlewis@gibsondunn.com                          Brittany N. DeJong
15 crichman@gibsondunn.com                        WOLF HALDENSTEIN ADLER FREEMAN &
16 jsrinivasan@gibsondunn.com                     HERZ LLP
   edettmer@gibsondunn.com                        rifkin@whafh.com
17 elazarus@gibsondunn.com                        byrd@whafh.com
   hphillips2@gibsondunn.com                      guiney@whafh.com
18                                                 dejong@whafh.com

19 William F. Stute                               *Interim Class Counsel for the Consumer Plaintiffs*
20 E. Joshua Rosenkranz
   ORRICK, HERRINGTON & SUTCLIFFE LLP
21 wstute@orrick.com
   jrosenkranz@orrick.com
22

23 *Attorneys for Apple Inc.*

24
25        I certify under penalty of perjury that the foregoing is true and correct. Executed on

26 October 23, 2020, at New York City, New York.

27
                                                 /s/ Amal El Bakhar
28                                               Amal El Bakhar

# Exhibit 2

CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700
————
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER
————
OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

November 9, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Ethan:

I write on behalf of Epic Games, Inc. ("Epic") with regards to certain objections asserted by Apple Inc. ("Apple") to the requests for production in *Cameron et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR (N.D. Cal.) ("*Cameron*") and *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.) ("*Pepper*"). Without taking a position on the propriety of any objections made in *Cameron* or *Pepper*, the objections identified in this letter cannot be properly applied in *Epic v. Apple*. Epic requests that Apple promptly confirm that Apple will not exclude documents from production going forward based on these objections in response to the *Cameron* and *Pepper* Plaintiffs' requests for production and Epic's First Set of Requests for Production of Documents ("Epic's RFPs").

As you know, Epic's RFPs seek "[a]ll Documents that are responsive to requests for production to Apple by the plaintiffs in the *Cameron* Action and/or the *Pepper* Action, as if such requests had been served on the date of these Requests." (Epic's RFPs, Request No. 2.) Apple has served responses and objections in response to the requests for production in *Cameron* and *Pepper*. In this letter, Epic is not taking a position as to whether Apple's objections were a valid basis on which to withhold documents from the productions that Apple has already made. However, certain of these objections are clearly not a valid basis on which to exclude documents from production going forward in response to Epic's RFPs.

*First*, Apple generally objected to the *Pepper* and *Cameron* Plaintiffs' requests "to the extent that they seek documents and information related to consumers located outside of the United States or their transactions, or conduct or activity taking place outside of the United States, because such Requests are overly broad, unduly burdensome, and not relevant to the claims or defenses in this action". (Apple's Responses and Objections to Developer Plaintiffs' First Set of Requests for Production ("Apple's *Cameron* R&Os"), General Objection No. 5; *see also* Apple's Responses and Objections to Consumer Plaintiffs' First Set of Requests for

Production ("Apple's First *Pepper* R&Os"), General Objection No. 4; Apple's Amended Responses and Objections to Consumer Plaintiffs' Second Set of Requests for Production ("Apple's Second *Pepper* R&Os"), General Objection No. 5.)  Apple similarly objected to specific requests to the extent they concerned governmental entities, regulatory entities, consumers, developers, transactions, conduct, or activity outside of the United States.  (*See* Apple's *Cameron* R&Os, Specific Objection Nos. 4, 6, 11, 13, 15, 26, 32, 37-38, 42-44, 66-68, 71, 74-75, 77, 82; Apple's First *Pepper* R&Os, Specific Objection Nos. 29-30; Apple's Second *Pepper* R&Os, Specific Objection No. 47.)

These objections do not apply in *Epic v. Apple*.  Epic alleges that Apple's anti-competitive conduct took place in markets that are worldwide in geographic scope.  (*See* Compl. ¶ 57 ("The geographic scope of the iOS App Distribution Market is worldwide, as consumers and developers can access iOS worldwide."); *id.* ¶ 118 ("The geographic scope of the iOS In-App Payment Processing Market is worldwide, as consumers and developers can access iOS worldwide."); *see also* Evans Decl. (Dkt. 62) at p. 10 n.37.)  Therefore, requests concerning governmental entities, regulatory entities, consumers, developers, transactions, conduct, or activity outside of the United States are relevant to Epic's claims.

*Second*, Apple generally objected to the *Pepper* Plaintiffs' Requests for Production of Documents to Defendant Apple Inc. – Set No. 2 "because Plaintiffs have unduly delayed in propounding them" by serving them after "Apple substantially completed its document productions on July 31, 2020".  (Apple's Second *Pepper* R&Os, General Objection No. 2.)  Apple asserts that "it would be unreasonable and unduly burdensome for Apple to have to collect new discovery in response to these belated requests."  (*Id.*)  Apple similarly objected on the basis of undue delay to nearly every specific request in the *Pepper* Plaintiffs' second set of requests.  (*See Id.*, Specific Objection Nos. 31, 33-42, 44-50, 54.)

These objections do not apply in *Epic v. Apple* because Epic's RFPs were not delayed.  To the contrary, Epic served its requests on Apple on October 23, 2020, just two weeks after Apple provided the requests for production and responses and objections from *Pepper* and *Cameron*, which Epic had been requesting for weeks.  As such, objections on the basis of delay do not hold water with respect to Epic.

*Third*, Apple objected to the *Pepper* Plaintiffs' Request No. 53, which sought documents concerning changes made to Apple's app review procedures on August 31, 2020, because "the Request seeks information that is not relevant to any party's claim or defense (especially given Plaintiffs' allegations that Apple engaged in anti-competitive conduct in establishing the App Store in 2008), nor proportional to the needs of the case".  (Apple's Second *Pepper* R&Os, Specific Objection No. 53.)

This objection also does not apply in *Epic v. Apple*.  Epic filed its complaint less than three weeks before the change in app review procedure that is the subject of *Pepper* Plaintiffs' Request No. 53.  A central issue in *Epic v. Apple* is whether Apple's contracts of adhesion and app review procedures that were in place at the time Epic filed its complaint were anti-competitive.  Therefore, changes made by Apple to those contracts or procedures in the immediate aftermath of Epic's complaint are relevant to Epic's claims.

Please confirm that Apple will not stand on the above objections in the context of future review and production of documents in response to the *Cameron* and *Pepper* Plaintiffs' requests for production and Epic's RFPs.

Sincerely,


s/ Lauren A. Moskowitz


Ethan D. Dettmer
GIBSON, DUNN & CRUTCHER LLP
edettmer@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
   wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
   robl@hbsslaw.com
      shanas@hbsslaw.com
         bens@hbsslaw.com
            tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
   byrd@whafh.com
      guiney@whafh.com
         dejong@whafh.com

BY EMAIL

# Exhibit 3

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

VERONICA S. LEWIS (Texas Bar No.
24000092; pro hac vice)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile:  214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
  492089; pro hac vice)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant, APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>               Plaintiff, <br><br>     v. <br><br> APPLE INC., <br><br>               Defendant. | CASE NO. 4:20-CV-05640-YGR <br><br> **DEFENDANT APPLE INC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> The Hon. Yvonne Gonzalez Rogers |

And related counterclaims.

| | |
|---|---|
| **PROPOUNDING PARTY:** | Plaintiff Epic Games, Inc. |
| **RESPONDING PARTY:** | Defendant Apple Inc. |
| **SET NO.:** | ONE |

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Apple Inc., by and through the undersigned counsel, hereby objects and responds to the Plaintiff Epic Games, Inc.'s First Set of Requests for Production, including without limitation the document requests (the "Requests"), Definitions, and Instructions contained therein.

## PRELIMINARY STATEMENT

1.      Apple's responses to the Requests are made to the best of its current knowledge, information, and belief.  Apple reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

2.      Apple's responses to the Requests are confidential and made solely for the purposes of and in relation to this action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility).  All objections are reserved and may be interposed at any time.

3.      Apple's responses are based on its understanding that Plaintiff seeks only information that is within Apple's possession, custody, and control.

4.      Apple incorporates by reference each and every General Objection set forth into each and every Specific Response and Objection.  From time to time, a Specific Response and Objection may repeat a General Objection.  The failure to include any General Objection in any Specific Response and Objection shall not be interpreted as a waiver of any General Objection to that response.

5.      Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

## GENERAL OBJECTIONS

1.      Apple generally objects to the Requests (including the Definitions and Instructions), on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, any other applicable federal or state law, and any agreements

Gibson, Dunn &
Crutcher LLP

2
DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

between the parties.  Apple will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

2.      Apple generally objects to the Requests to the extent that they are duplicative of the requests served by the Consumer Plaintiffs and/or Developer Plaintiffs in their respective requests for production. The Court's Order Regarding Coordination of Discovery in the Related App Store Actions requires that "Plaintiffs shall coordinate discovery efforts to minimize expenses and facilitate the orderly and efficient progress of the Related App Store Actions. Consumer Plaintiffs and Developer Plaintiffs shall consult in good faith and engage in reasonable effort to coordinate discovery . . . . To the extent discovery is served by any Plaintiff, such Plaintiff shall avoid duplicating discovery requests previously served by any other Plaintiffs." *See, e.g. Cameron*, ECF 80 at ¶ 1.  "Any cases that are subsequently related to the Related App Store Actions are to be bound by these protocols governing the coordination of discovery."  *Id.* at ¶ 7.  Additionally, during the October 19, 2020 Case Management Conference in this case, the Court instructed Epic that it "cannot re-litigate" the discovery responses in the *Cameron* and *Pepper* Actions.  Oct. 19, 2020 Hr'g Tr. at 20:17-24.  Accordingly, except where stated otherwise, Apple will produce non-privileged documents responsive to these requests, to the extent in existence and locatable after a reasonable search of the documents of the individuals who have been designated as custodians in the above-captioned action ("Designated Custodians").

3.      Apple generally objects to the Requests to the extent that they seek documents and information that are unrelated and irrelevant to the claims in, or defenses to, this litigation and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Apple in having to search for and provide such documents or information.

4.      Apple generally objects to the Requests to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome, including to the extent that they call for the production of "each," "every," "any," or "all" documents concerning the subject matters referenced therein.

Gibson, Dunn &
Crutcher LLP

3
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

5.      Apple generally objects to the Requests to the extent they do not identify the documents sought with reasonable particularity as required by Rule 34(b) of the Federal Rules of Civil Procedure.

6.      Apple generally objects to the Requests on the grounds and to the extent that they call for the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Evidence 502, any other legally cognizable privilege or immunity, or the laws, regulations, or policies of other countries, and Apple and its counsel hereby assert such privileges and immunities.  Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Apple to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings.  The production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding to the fullest extent of Federal Rule of Evidence sections 502(d) and (e).  For example, the production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

7.      Apple generally objects to the Requests to the extent that they seek proprietary or other confidential information.  To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Apple will produce such information in accordance with the Stipulated Protective Order entered in this litigation, as well as the ESI Protocol entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

8.      Apple generally objects to production of documents in response to the Requests on the grounds and to the extent that production of such documents demanded therein would violate the rights of privacy of third parties under California law or other applicable laws of any relevant

Gibson, Dunn & Crutcher LLP

4

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

9.      Apple generally objects to the Requests to the extent they seek information outside of Apple's possession, custody, and control, or to the extent they are inconsistent with federal law, international treaties or conventions, and/or conflict of law and comity principles by seeking documents or information located outside the United States.

10.     Apple generally objects to the Requests to the extent that they seek documents and information related to consumers located outside of the United States or their transactions, or transactions, conduct, or activity taking place outside of the United States or involving trade or commerce with foreign nations, because such Requests are overly broad, unduly burdensome, not relevant to the claims or defenses in this action, or otherwise outside the proper scope of discovery in accordance with the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a.

11.     Apple generally objects to the Requests to the extent that they seek information that is already in Plaintiff's possession, that is publicly available, or that is readily available from another source.

12.     Apple generally objects to the Requests to the extent they seek to impose an obligation on Apple to conduct anything beyond a diligent search and reasonable inquiry of readily accessible files, including electronic files, where responsive documents would reasonably be expected to be found.

13.     Apple objects to each Request to the extent that it uses words and phrases that are not defined in an understandable manner.  Apple will interpret the terms and phrases used in those requests as those terms and phrases are understood to Apple.

14.     Apple objects to the definition of "Apple," "You," and/or "Your" as overly broad and unduly burdensome to the extent that it includes "predecessors, successors, subsidiaries . . . affiliates, . . . consultants and representatives."  In responding to these Requests, Apple will construe the terms "Apple," "You," and/or "Your" to refer to Apple Inc. and its employees.

Gibson, Dunn & Crutcher LLP

5
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

15.     Apple objects to Instruction A to the extent that it states "[t]he timeframe for the Requests is unlimited," thus making each Request overly broad, unduly burdensome, and not relevant to the claims or defenses in this action, especially Requests that seek documents pertaining to actions outside the applicable statutes of limitations.  Unless otherwise stated, Apple will collect and produce documents for the time period January 1, 2017 through August 13, 2020.

16.     By stating in these responses that Apple will produce documents, Apple does not intend to represent that any responsive documents actually exist, but rather that Apple is making and will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All discovery produced by Apple or any third party in the *Cameron* Action and/or the *Pepper* Action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Apple incorporates by reference the foregoing General Objections. Apple further objects to this Request to the extent that it seeks information or documents that may be subject to confidentiality agreements with third parties.

Subject to and without waiving the foregoing objections, Apple responds as follows: Apple has produced or will produce non-privileged documents responsive to this request, subject to the responses and objections lodged in the *Cameron* and *Pepper* Actions.

### REQUEST FOR PRODUCTION NO. 2:

All Documents that are responsive to requests for production to Apple by the plaintiffs in the *Cameron* Action and/or the *Pepper* Action, as if such requests had been served on the date of these Requests.  For the avoidance of doubt, while Epic reserves all rights with respect to this Request No. 2, Epic will consider in good faith any narrowing agreed to between Apple and the plaintiffs in the *Cameron* Action and/or the *Pepper* Action.

Gibson, Dunn &
Crutcher LLP

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

2          Apple incorporates by reference the foregoing General Objections.  Apple further objects to

3   this Request on the grounds that it is vague, ambiguous, overbroad as written and unduly burdensome

4   to the extent that it requests documents responsive to all 143 of the Requests for Production to Apple

5   by the plaintiffs in the *Cameron* Action and/or the *Pepper* Action.  Apple further objects on the

6   grounds that the Request seeks information that is not relevant to any party's claim or defense or

7   proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks

8   documents protected from disclosure by the attorney-client privilege, the attorney work product

9   doctrine, and/or any other applicable privilege, doctrine, or protection.  Apple further objects to this

10  Request on the basis that it fails to comply with the Order Regarding Coordination of Discovery,

11  which requires Epic to "coordinate discovery to minimize expenses and facilitate the orderly and

12  efficient progress of the Related App  Store Actions."  Apple further objects to this Request on the

13  basis that the Court has ordered that Epic "cannot re-litigate" the discovery responses in the *Cameron*

14  and *Pepper* Actions.  Oct. 19, 2020 Hr'g Tr. at 20:17-24.

15         Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

16  discovery in this action, Apple responds as follows: Apple has produced or will produce non-

17  privileged documents responsive to this request, subject to the responses and objections lodged in the

18  *Cameron* and *Pepper* actions, for the Designated Custodians.

19  **REQUEST FOR PRODUCTION NO. 3**:

20         Documents sufficient to show actual and projected revenue, costs, expenses, and profits, by

21  country, by year, incurred by, earned by and/or attributed to, sales of each of the following,

22  respectively:

23         (a)     iPhone;

24         (b)     iPad;

25         (c)     iPod touch;

26         (d)     Apple Watch; and

27         (e)     Apple AirPods.

28

Gibson, Dunn &
Crutcher LLP

7
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, including information about the "Apple Watch" and "Apple AirPods," which are not referenced in the Complaint, and information about sales outside of the US.  Apple further objects to this Request on the basis that the Court has ordered that Epic "cannot re-litigate" the discovery responses in the *Cameron* and *Pepper* Actions.  Oct. 19, 2020 Hr'g Tr. at 20:17-24.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show actual and projected revenue, costs, expenses, and profits, by country, by year, incurred by, earned by and/or attributed to, sales of the Apple Accessory Products or licenses granted by Apple to third-party suppliers of Accessory Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, including information about "Apple Accessory Products" that are not referenced in the Complaint, and information about sales outside of the US.

Gibson, Dunn &
Crutcher LLP

8
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1   **REQUEST FOR PRODUCTION NO. 5**:

2        Documents sufficient to show actual and projected revenue, costs, expenses, investments

3   (Including research and development) and profits, by year, incurred by, earned by and/or attributed to,

4   Apple's IAP.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

6        Apple incorporates by reference the foregoing General Objections.  Apple further objects to

7   the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

8   objects on the grounds that the Request seeks information that is not proportional to the needs of the

9   case. Apple further objects to this Request to the extent that it seeks information not maintained in the

10  ordinary course of business by Apple.  Apple further objects to the Request on the grounds that the

11  Request's use of the phrase "earned by . . . Apple's IAP" renders the Request vague and ambiguous.

12  **REQUEST FOR PRODUCTION NO. 6**:

13       Documents sufficient to show actual and projected revenue, by year, by commission rate,

14  earned by and/or attributed to, Apple's IAP.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

16       Apple incorporates by reference the foregoing General Objections.  Apple further objects to

17  the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

18  objects on the grounds that the Request seeks information that is not proportional to the needs of the

19  case.  Apple further objects to this Request to the extent that it seeks information not maintained in

20  the ordinary course of business by Apple.  Apple further objects to the Request on the grounds that

21  the Request's use of the phrases "by commission rate" and "earned by . . . Apple's IAP" renders the

22  Request vague and ambiguous.

23  **REQUEST FOR PRODUCTION NO. 7**:

24       Documents sufficient to show actual and projected revenue, costs, expenses (Including any

25  costs or expenses Concerning Apple's App Review process, CDNs, customer support, Apple's

26  marketing, Apple's technology licensing, Apple's servers, Apple's corporate overhead, Apple's

27  personnel, third- party payment providers, and refunds and fraud claims), investments (Including

28

Gibson, Dunn &
Crutcher LLP

9

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1  research and development) and profits, by year, incurred by, earned by and/or attributed to, the

2  macOS App Store.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

4      Apple incorporates by reference the foregoing General Objections.  Apple further objects to

5  the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

6  objects on the grounds that the Request seeks information that is not relevant to any party's claim or

7  defense or proportional to the needs of the case.  Apple further objects to this Request to the extent

8  that it seeks information not maintained in the ordinary course of business by Apple.  Apple further

9  objects to the Request to the extent that it is duplicative of Developer Plaintiffs' Request No. 88.

10     Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

11  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

12  in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

13  non-privileged documents that are responsive to this Request.

14  **REQUEST FOR PRODUCTION NO. 8:**

15     Documents sufficient to show actual and projected revenue, costs, expenses (Including any

16  costs or expenses Concerning Apple's App Review process, CDNs, customer support, Apple's

17  marketing, Apple's technology licensing, Apple's servers, Apple's corporate overhead, Apple's

18  personnel, third-party payment providers, and refunds and fraud claims), investments (Including

19  research and development) and profits, by year, incurred by, earned by, and/or attributed to, the iOS

20  App Store.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22     Apple incorporates by reference the foregoing General Objections.  Apple further objects to

23  the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

24  objects on the grounds that the Request seeks information that is not proportional to the needs of the

25  case. Apple further objects to this Request to the extent that it seeks information not maintained in the

26  ordinary course of business by Apple. Apple further objects to the Request to the extent that it is

27  duplicative of Developer Plaintiffs' Requests No. 71 and 72.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show actual and projected revenue, costs, expenses, investments (Including research and development) and profits, by year, incurred by, earned by and/or attributed to Xcode, Metal, SDKs, APIs and all other developer tools that Apple makes available for use by third-party Developers for iOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show employment type (contractor or employee), training and qualifications, compensation type (*e.g.*, wage, salary, commission) and compensation amount for the "reviewers representing 81 languages vetting on average 100,000 submissions per week" involved in Apple's "rigorous, human-led review process for every app".  (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 19.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Apple further objects to the Request on the grounds

Gibson, Dunn &
Crutcher LLP

11
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

and to the extent that production of such documents demanded therein would violate the rights of privacy of employees.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show usage metrics, Including specifically number of downloads, number currently installed, time spent using, MAUs, DAUs, and any other usage metric, for the following categories of Apps:

(a)     free with no in-app purchases available;

(b)     free with in-app purchases available;

(c)     paid without in-app purchases available; and

(d)     paid with in-app purchases available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple.  Apple further objects on the ground that the Request is inappropriate as drafted as a request for production, rather than as an interrogatory.

**REQUEST FOR PRODUCTION NO. 12:**

All analyses, studies, calculations, or estimates of Customer lifetime value (or range of values) to Apple from Customers of the iPhone, iPad and iPod touch, respectively, by country, Including the following:

(a)     Apple's expected lifetime revenue (or range of revenues) attributable to an iPhone Customer;

(b)     Apple's expected lifetime profits (or range of profits) attributable to an iPhone Customer;

(c)     Apple's iPhone Customer acquisition cost;

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

(d)     Apple's expected lifetime revenue (or range of revenues) attributable to an iPad Customer;

(e)     Apple's expected lifetime profits (or range of profits) attributable to an iPad Customer;

(f)     Apple's iPad Customer acquisition cost;

(g)     Apple's expected lifetime revenue (or range of revenues) attributable to an iPod touch Customer;

(h)     Apple's expected lifetime profits (or range of profits) attributable to an iPod touch Customer and

(i)     Apple's iPod touch Customer acquisition cost.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case, including information about sales outside of the US.  Apple further objects to the Request on the grounds that the Request's use of the phrases "lifetime value," "lifetime revenue," "lifetime profits," and "Customer acquisition cost" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

**REQUEST FOR PRODUCTION NO. 13:**

All analyses, studies, calculations, or estimates Concerning iPhone, iPad and iPod touch Customer lifespan, Including each of the following:

(a)     the average or expected duration from when a Customer first purchases any model of the iPhone, to when that Customer is no longer using any model of iPhone;

(b)     the average or expected duration from when a Customer first purchases a particular model of iPhone, to when that Customer is no longer using that particular model of iPhone, for each model of iPhone;

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

(c)     the average or expected duration from when a Customer first purchases any model of the iPad, to when that Customer is no longer using any model of iPad;

(d)     the average or expected duration from when a Customer first purchases a particular model of iPad, to when that Customer is no longer using that particular model of iPad, for each model of iPad;

(e)     the average or expected duration from when a Customer first purchases any model of the iPod touch, to when that Customer is no longer using any model of iPod touch; and

(f)     the average or expected duration from when a Customer first purchases a particular model of iPod touch, to when that Customer is no longer using that particular model of iPod touch, for each model of iPod touch.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple.  Apple further objects to the Request on the grounds that the Request's use of the phrase "lifespan" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

## REQUEST FOR PRODUCTION NO. 14:

For each year, data sufficient to show iPhone, iPad, and iPod touch Customer lifespan, Including the following:

(a)     the average or expected duration from when a Customer first purchases any model of the iPhone, to when that Customer is no longer using any model of iPhone;

(b)      the average or expected duration from when a Customer first purchases a particular model of iPhone, to when that Customer is no longer using that particular model of iPhone, for each model of iPhone;

(c)      the average or expected duration from when a Customer first purchases any model of the iPad, to when that Customer is no longer using any model of iPad;

(d)      the average or expected duration from when a Customer first purchases a particular model of iPad, to when that Customer is no longer using that particular model of iPad, for each model of iPad;

(e)      the average or expected duration from when a Customer first purchases any model of the iPod touch, to when that Customer is no longer using any model of iPod touch; and

(f)      the average or expected duration from when a Customer first purchases a particular model of iPod touch, to when that Customer is no longer using that particular model of iPod touch, for each model of iPod touch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple.  Apple further objects to the Request on the grounds that the Request's use of the phrase "lifespan" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

**REQUEST FOR PRODUCTION NO. 15:**

All agreements between Apple and a third party governing that third party's participation in the Apple Video Partner Program.

Gibson, Dunn & Crutcher LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it is duplicative of Developer Plaintiffs' Request No. 22.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

One copy of each iteration over time of Your standardized agreements with App Developers effective during the period since You launched the iOS App Store Concerning the distribution of Apps on iOS devices or the collection or processing of in-App payments on iOS devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request to the extent that it is duplicative of Developer Plaintiffs' Request No. 22.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All agreements that Apple entered into with an App Developer Concerning the distribution of Apps on iOS devices or the collection or processing of in-App payments on iOS devices that were not identical to one of Apple's standardized agreements with Developers in effect at the time.

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show all "third-party payment settlement providers" and other entities that Apple contracts with "to facilitate Apple's own ability to accept customer payments" through Apple's IAP, Including all firms used for the processing of payments facilitated by Apple's IAP, and the country or countries for which such entity processes payments or transactions.  (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 44.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, including information about sales outside of the US.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents reflecting transactions in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show, by year, the per-transaction fees (expressed in absolute and percentage terms), and aggregate fees (expressed in absolute and percentage terms), paid by Apple to

1   each "third-party payment settlement provider[]" and other entities that Apple contracts with "to

2   facilitate Apple's own ability to accept customer payments through IAP for each year". (Declaration

3   of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion for a

4   Preliminary Injunction (ECF No. 74) ¶ 44.)

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6       Apple incorporates by reference the foregoing General Objections. Apple further objects to

7   the Request on the grounds that it is overbroad as written and unduly burdensome. Apple objects on

8   the grounds that the Request seeks information that is not relevant to any party's claim or defense or

9   proportional to the needs of the case. Apple further objects to the Request on the grounds that the

10   Request's use of the phrase "aggregate fees" renders the Request vague and ambiguous.

11       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

12   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

13   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

14   non-privileged documents that are responsive to this Request.

15   **REQUEST FOR PRODUCTION NO. 20:**

16       Documents sufficient to show all the ways in which the iOS App Store and/or Apple's IAP

17   are "integrated" into the "iOS infrastructure". (Joint Case Management Statement (ECF No. 120)

18   at 5.)

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

20       Apple incorporates by reference the foregoing General Objections. Apple further objects on

21   the ground that the Request is inappropriate as drafted as a request for production, rather than as an

22   interrogatory.

23       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

24   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

25   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

26   non-privileged documents that are responsive to this Request.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to support the assertion that Apple's IAP and the iOS App Store "have always been integrated". (Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 19-20.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that the Request's use of the phrase "Documents sufficient to support the assertion" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show all the ways in which Apple's StoreKit APIs are "integrated" into the App Store Software platform. (Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 21.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Apple incorporates by reference the foregoing General Objections.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to support the assertion that "Before use of the App Store or other app marketplaces became common, software was sold on physical discs through brick-and-mortar electronic distributors, and those distributors charged commissions as high as 50% to 70%".

Gibson, Dunn &
Crutcher LLP

19
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1  (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s Opposition to Plaintiff's

2  Motion for a Preliminary Injunction (ECF No. 74) ¶ 3.)

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

4       Apple incorporates by reference the foregoing General Objections.  Apple further objects to

5  the Request on the grounds that the Request's use of the phrase "Documents sufficient to support the

6  assertion" renders the Request vague and ambiguous. Apple further objects to the Request to the

7  extent that it seeks documents that are equally available to Epic—*e.g.*, studies, news articles or

8  documents created by any entity other than Apple.  Apple further objects to the Request to the extent

9  that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work

10  product doctrine, and/or any other applicable privilege, doctrine, or protection.

11       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

12  discovery in this action, Apple responds as follows: Apple has produced or will produce non-

13  privileged documents responsive to this Request.

14  **REQUEST FOR PRODUCTION NO. 24:**

15       Documents sufficient to identify all "other app marketplaces" that existed prior to the launch

16  of the iOS App Store.  (Declaration of Philip W. Schiller in Support of Defendant Apple Inc.'s

17  Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 74) ¶ 3.)

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

19       Apple incorporates by reference the foregoing General Objections.  Apple further objects to

20  this Request to the extent that it mischaracterizes the cited document.  Apple further objects to the

21  Request to the extent that it seeks documents that are equally available to Epic—*e.g.*, studies, news

22  articles or documents created by any entity other than Apple.  Apple further objects to the Request to

23  the extent that it seeks documents protected from disclosure by the attorney-client privilege, the

24  attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

25       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

26  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

2   non-privileged documents that are responsive to this Request.

3   **REQUEST FOR PRODUCTION NO. 25:**

4   Documents sufficient to show any calculation supporting Apple's public statements

5   Concerning the number of Apple devices in "active use" and Apple's "installed base" (Apple's 3Q

6   2020 Results), Including Documents sufficient to show how such numbers were calculated.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

8   Apple incorporates by reference the foregoing General Objections.  Apple further objects to

9   the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

10  objects on the grounds that the Request seeks information that is not relevant to any party's claim or

11  defense or proportional to the needs of the case.  Apple further objects to the Request on the grounds

12  that the Request's use of the phrase "calculation supporting Apple's public statements" renders the

13  Request vague and ambiguous.

14  Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

15  discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to

16  understand what Plaintiff seeks with the Request.

17  **REQUEST FOR PRODUCTION NO. 26:**

18  Documents sufficient to show the number and percentage of Customers who own at least one

19  iPhone, iPad or iPod touch, respectively, and who also own, respectively:

20  (a)     an iPhone;

21  (b)     an iPad;

22  (c)     an iPod touch;

23  (d)     a Mac;

24  (e)     a HomePod;

25  (f)     an Apple Watch;

26  (g)     AirPods;

27  (h)     an Apple TV; and

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

(i)     none of the above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, including information about "HomePod," "Apple Watch," "AirPods," and "Apple TV," which are not referenced in the Complaint.  Apple further objects on the ground that the Request is inappropriate as drafted as a request for production, rather than as an interrogatory.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show the number and percentage of iPhone, iPad or iPod touch Customers, respectively, who own at least one iPhone, iPad or iPod touch, respectively, and another Apple device that Apple considers to be in active use or part of its installed base, Including the basis for such determination:

(a)     an iPhone in active use;

(b)     an iPad in active use;

(c)     an iPod touch in active use;

(d)     a Mac in active use;

(e)     a HomePod in active use;

(f)     an Apple Watch in active use;

(g)     AirPods in active use;

(h)     an Apple TV in active use; and

(i)     none of the above.

Gibson, Dunn & Crutcher LLP

22
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, including information about "HomePod," "Apple Watch," "AirPods," and "Apple TV," which are not referenced in the Complaint.  Apple further objects to the Request on the grounds that the Request's use of the phrase "active use" renders the Request vague and ambiguous. Apple further objects on the ground that the Request is inappropriate as drafted as a request for production, rather than as an interrogatory.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

**REQUEST FOR PRODUCTION NO. 28**:

Documents sufficient to show the number and percentage of iPhone, iPad or iPod touch Customers, respectively, who own at least one iPhone, iPad or iPod touch and used any of the following in the last 30, 90, 180 or 365 days, respectively:

(a)     Apple Music;

(b)     Apple TV+;

(c)     Apple News;

(d)     Apple Arcade;

(e)     Apple Pay;

(f)      Apple Card;

(g)     iMessage;

(h)     FaceTime;

(i)      Find My;

(j)      AirDrop;

(k)     iCloud Photos;

1     (l)     iCloud Drive;

2     (m)    iTunes;

3     (n)     Apple Books;

4     (o)     Family Sharing;

5     (p)     Apple One; and

6     (p)     none of the above.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8     Apple incorporates by reference the foregoing General Objections.  Apple further objects to

9  the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

10  objects on the grounds that the Request seeks information that is not relevant to any party's claim or

11  defense or proportional to the needs of the case, including information about programs that are not

12  referenced in the Complaint.  Apple further objects on the ground that the Request is inappropriate as

13  drafted as a request for production, rather than as an interrogatory.

14     Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

15  discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to

16  understand what Plaintiff seeks with the Request.

17  **REQUEST FOR PRODUCTION NO. 29:**

18     Documents sufficient to show, by year, by country, by platform, and by type, the number and

19  value of payments or purchases that were facilitated or authorized by the use of an Apple ID, other

20  than via Apple's IAP, Including the use of an Apple ID to authorize payments or purchases (1) on

21  Apple devices, excluding transactions through Apple's IAP, (2) within Android mobile Apps,

22  specifying the App and the Software Store through with the App was distributed, and (3) through

23  means other than Apple devices and Android mobile Apps.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25     Apple incorporates by reference the foregoing General Objections.  Apple further objects to

26  the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

27  objects on the grounds that the Request seeks information that is not relevant to any party's claim or

28

Gibson, Dunn &
Crutcher LLP

24
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

defense, nor proportional to the needs of the case, including information about sales outside of the US and information relating to non-IAP purchases. Apple further objects to the Request on the grounds that the Request's use of the phrase "that were facilitated or authorized by the use of an Apple ID, other than via Apple's IAP" renders the Request vague and ambiguous. Apple further objects to the Request on the ground that it seeks documents that do not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the Request.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show Customer spending through Apple's IAP, and Apple's commissions earned thereon, by App, in-App purchase, App category, country, year and commission percentage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, including information about transactions outside of the US.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents reflecting transactions in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the size of Apple's "installed base" (Apple's 3Q 2020 Results), by country, year, and model, for each of the following, respectively:

(a)      iPhone;

Gibson, Dunn &
Crutcher LLP

25
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1   (b)   iPad;

2   (c)   iPod touch; and

3   (d)   Mac computers.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

5   Apple incorporates by reference the foregoing General Objections.  Apple further objects to

6   the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

7   objects on the grounds that the Request seeks information that is not relevant to any party's claim or

8   defense or proportional to the needs of the case, including information about transactions outside of

9   the US.  Apple further objects on the ground that the Request is inappropriate as drafted as a request

10   for production, rather than as an interrogatory.

11   Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

12   discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to

13   understand what Plaintiff seeks with the Request.

14   **REQUEST FOR PRODUCTION NO. 32:**

15   All Documents Concerning any request from any Developer for modification of, an exception

16   to, and/or an exemption from the provisions now appearing in Section 3.2(g) or Section 3.3.2(b) of

17   the Apple Developer Program License Agreement, or Section 3.2.2(i) of Apple's App Store Review

18   Guidelines (or in any similar provision in effect at the time such request was made).

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

20   Apple incorporates by reference the foregoing General Objections.  Apple further objects to

21   this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

22   objects on the grounds that the Request seeks information that is not proportional to the needs of the

23   case.  Apple further objects to the Request to the extent that it seeks documents protected from

24   disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

25   applicable privilege, doctrine, or protection.

26   Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

27   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

28

Gibson, Dunn &
Crutcher LLP

26

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from any provision in prior versions of Apple's App Store Review Guidelines prohibiting buttons, external links, or other calls to action that direct Customers to purchasing mechanisms other than Apple's IAP to enable Customers to tip a Developer in an App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from the provisions now appearing in Section 3.3.3 of the Apple Developer Program License Agreement, or Section 3.1.1 (first bulleted paragraph) or Section 3.1.3 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome. Apple further

Gibson, Dunn & Crutcher LLP

objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Concerning any request from any Developer for modification of, an exception to, and/or an exemption from the provisions now appearing in Section 4.9 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Concerning any consideration, or decision made, by Apple to create, adopt or modify, and/or to allow an exception to or an exemption from, the provisions now appearing in

Gibson, Dunn &
Crutcher LLP

28

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

Section 3.2(g) or Section 3.3.2(b) of the Apple Developer Program License Agreement, or Section 3.2.2(i) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such consideration was given or such decision was made).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Concerning any consideration, or decision made, by Apple to create, adopt or modify, and/or to allow an exception to or an exemption from, the provisions now appearing in Section 3.3.3 of the Apple Developer Program License Agreement, or Section 3.1.1 (first and second bulleted paragraphs) or Section 3.1.3 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such consideration was given or such decision was made).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from

Gibson, Dunn &
Crutcher LLP

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning any consideration, or decision made, by Apple to create, adopt or modify, and/or to allow an exception to or an exemption from the provisions now appearing in Section 4.9 (including subparts) of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents Concerning any request from any Developer not to use Apple's IAP for purchases of in-App digital content.

Gibson, Dunn & Crutcher LLP

30
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

2      Apple incorporates by reference the foregoing General Objections.  Apple further objects to

3  this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

4  objects on the grounds that the Request seeks information that is not proportional to the needs of the

5  case.   Apple further objects to the Request to the extent that it seeks documents protected from

6  disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

7  applicable privilege, doctrine, or protection.

8      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

9  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

10  in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

11  non-privileged documents that are responsive to this Request.

12  **REQUEST FOR PRODUCTION NO. 40:**

13      All Documents Concerning any consideration, or decision made, by Apple not to require use

14  of Apple's IAP for purchases of in-App digital content.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

16      Apple incorporates by reference the foregoing General Objections.  Apple further objects to

17  this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

18  objects on the grounds that the Request seeks information that is not proportional to the needs of the

19  case.   Apple further objects to the Request to the extent that it seeks documents protected from

20  disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

21  applicable privilege, doctrine, or protection.

22      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

23  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

24  in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

25  non-privileged documents that are responsive to this Request.

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning any request from any Developer to pay less than the commissions specified in the applicable provision of the Apple Developer Program License Agreement at the time such request was made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Concerning any consideration, or decision made, by Apple to accept less than the commissions specified in the applicable provision of the Apple Developer Program License Agreement at the time such consideration or decision was made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1   Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

2   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

3   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

4   non-privileged documents that are responsive to this Request.

5   **REQUEST FOR PRODUCTION NO. 43:**

6   All Documents Concerning an alleged or actual breach or violation by any Developer of

7   Apple's provision prohibiting Developers from "encourag[ing] users to use a purchasing method

8   other than in-App purchase", as stated in Section 3.1.3 of the current version of Apple's App Store

9   Review Guidelines (or any similar provision in effect at the time such breach or violation occurred).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

11  Apple incorporates by reference the foregoing General Objections.  Apple further objects to

12  this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

13  objects on the grounds that the Request seeks information that is not proportional to the needs of the

14  case.  Apple further objects to the Request to the extent that it seeks documents protected from

15  disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

16  applicable privilege, doctrine, or protection.  Apple further objects to the Request on the grounds that

17  the Request's use of the phrases "current version" and "similar provision" render the Request vague

18  and ambiguous.

19  Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

20  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

21  in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

22  non-privileged documents that are responsive to this Request.

23  **REQUEST FOR PRODUCTION NO. 44:**

24  All Documents Concerning modifications of, or exceptions to or exemptions from, any of

25  Apple's contractual (or policy or guideline) requirements Concerning Apple's IAP that were granted

26  or denied to a Developer, Including permitting or prohibiting a Developer to integrate a method other

27  than Apple's IAP for accepting payments from Customers for in-App digital content, or modifying or

28

permitting an exception to, the commissions now specified in Section 3.4 of Schedule 2 to the Apple

Developer Program License Agreement (or in any similar provision in effect at the applicable time).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to

this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

objects on the grounds that the Request seeks information that is not relevant to any party's claim or

defense or proportional to the needs of the case.  Apple further objects to the Request to the extent

that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work

product doctrine, and/or any other applicable privilege, doctrine, or protection.  Apple further objects

to the Request on the grounds that the Request's use of the phrases "now specified in" and "similar

provision" render the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Concerning Apple's decision to create the Apple Video Partner Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to

the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

objects on the grounds that the Request seeks information that is not proportional to the needs of the

case.  Apple further objects to the Request to the extent that it seeks documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

Gibson, Dunn &
Crutcher LLP

34
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

2   non-privileged documents that are responsive to this Request.

3   **REQUEST FOR PRODUCTION NO. 46:**

4   　　　　All Documents Concerning Apple's IAP, any method other than Apple's IAP for accepting

5   payments from Customers, the commissions now specified in Section 3.4 of Schedule 2 to the Apple

6   Developer Program License Agreement (or in any similar provision in effect at the applicable time),

7   or any modifications to, exceptions to or exemptions from, those commissions, Concerning

8   Communications between Apple, on the one hand, and any of the Developers of the following Apps,

9   on the other hand:

10   　　　(a)　　Airbnb

11   　　　(b)　　Facebook

12   　　　(c)　　ClassPass;

13   　　　(d)　　Amazon Prime Video;

14   　　　(e)　　Netflix;

15   　　　(f)　　Hey;

16   　　　(g)　　Altice One; and

17   　　　(h)　　Canal+.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19   　　　　Apple incorporates by reference the foregoing General Objections.  Apple further objects to

20   this Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

21   objects on the grounds that the Request seeks information that is not proportional to the needs of the

22   case. Apple further objects to the Request to the extent that it seeks documents protected from

23   disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

24   applicable privilege, doctrine, or protection.  Apple further objects to the Request on the grounds that

25   the Request's use of the phrases "now specified in" and "similar provision" render the Request vague

26   and ambiguous.

27

28

Gibson, Dunn &
Crutcher LLP

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents Concerning security or privacy lapses, violations and/or breaches, Including the presence of malware or adware or the misuse of personal information, on any of the following Apps:

| | |
|---|---|
| (a) | Airbnb |
| (b) | Facebook |
| (c) | ClassPass; |
| (d) | Amazon Prime Video; |
| (e) | Netflix; |
| (f) | Hey; |
| (g) | Altice One; and |
| (h) | Canal+. |

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

36
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**REQUEST FOR PRODUCTION NO. 48:**

All Documents Concerning Communications between Apple, on the one hand, and any of the "over 130 premium subscription video entertainment providers" identified on Apple's website as being part of the Apple Video Partner Program (*see* Apple, "Apple Video Partner Program" https://developer.apple.com/programs/video-partner/ (last accessed October 18, 2020)), Concerning Apple's IAP, any payment method for in-app purchases other than Apple's IAP, the commissions now specified in Section 3.4 of Schedule 2 to the Apple Developer Program License Agreement (or in any similar provision in effect at the applicable time), or any modifications to, exceptions to or exemptions from, those commissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents Concerning any instance in which Apple terminated a Developer's Apple Developer Program account as a result of the Developer's introduction or proposed or threatened introduction of a non-IAP payment method into the Developer's App, Including the "over 2,000 accounts [terminated] for introducing a non-IAP payment method". (Defendant Apple Inc.'s Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 8.)

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

2        Apple incorporates by reference the foregoing General Objections.  Apple further objects to

3    the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

4    objects on the grounds that the Request seeks information that is not proportional to the needs of the

5    case.  Apple further objects to the Request to the extent that it seeks documents protected from

6    disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

7    applicable privilege, doctrine, or protection.

8        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

9    discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

10   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

11   non-privileged documents that are responsive to this Request.

12   **REQUEST FOR PRODUCTION NO. 50**:

13       All Documents Concerning a Developer's consideration of not providing or limiting the scope

14   of an App, product, feature or service, as a result (at least in part) of the costs associated with any

15   commissions that would be payable to Apple if such App, product, feature or service were provided.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

17       Apple incorporates by reference the foregoing General Objections.  Apple further objects to

18   this Request to the extent it seeks documents that are not in the possession, custody, and/or control of

19   Apple.  Apple further objects to the Request to the extent that it seeks documents protected from

20   disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

21   applicable privilege, doctrine, or protection.

22       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

23   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

24   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

25   non-privileged documents that are responsive to this Request.

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**REQUEST FOR PRODUCTION NO. 51:**

All Documents Concerning Your consideration of enabling, or decision to enable, Apple users to authorize payments or purchases using an Apple ID, other than through Apple's IAP, Including (1) on Apple devices, excluding transactions through Apple's IAP, (2) within Android mobile Apps, and (3) through means other than Apple devices and Android mobile Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Apple further objects to the Request on the grounds that the Request's use of the phrase "enabling, or decision to enable, Apple users to authorize payments or purchases using an Apple ID, other than through Apple's IAP" renders the Request vague and ambiguous.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.  Apple further objects to the Request on the ground that it seeks documents that do not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request unduly burdensome and oppressive in that it improperly shifts the burden to Apple to decipher the Request.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with this request.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents, Including Communications and presentations, Concerning commissions and/or fees, Including rates, charged for the distribution of Apps or in-App purchases on the Google Play Store and the Epic Games Store.

Gibson, Dunn &
Crutcher LLP

39
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All monthly, quarterly and yearly audited or unaudited financial Documents, Including profit and loss statements, income statements, balance sheets and cash flow statements, that concern Xcode, Metal, SDKs, APIs and all other developer tools for iOS that Apple makes available for use by third-party Developers, and that were prepared for or received by any of Apple's officers, directors or senior managers (Including the Chief Financial Officer, treasurer or controller for relevant business units).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**REQUEST FOR PRODUCTION NO. 54:**

All business and/or strategic plans, presentations to Apple's officers or Board of Directors or any committee thereof, as well as long-term planning Documents, and competitor analyses, Concerning competition faced by any of the following:

      (a)     iPhone;

      (b)     iPad;

      (c)     iPod touch;

      (d)     iOS;

      (e)     macOS App Store; and

      (f)     Apple's IAP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All studies, analyses, surveys, reports, assessments or papers Concerning any effect of the pricing of non-iOS devices on the pricing of the iPhone, iPad or iPod touch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Apple further objects to this Request to the extent it seeks documents that are not in the possession, custody, and/or control of Apple including, but not limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning competition between iOS products and Android products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in the US that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

**REQUEST FOR PRODUCTION NO. 57:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning competition between iOS products and any personal computer or dedicated gaming device, Including Windows PC, Xbox One, Xbox Series X, Xbox Series S, Nintendo Switch, PlayStation4, PlayStation 5, Microsoft tablets, Including any prior or future model, and game streaming platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed regarding the costs and/or impediments associated with switching between iOS products and Android products, Including the volume and rate of switching, and the reason(s) for switching or not switching.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents Concerning Customers' awareness of, familiarity with, lack of awareness of, and/or lack of familiarity with (a) the fact that Apple does not permit any Software Store on iOS devices other than the iOS App Store; (b) the fact that Apple does not allow Developers to use any method other than Apple's IAP for accepting payments from Customers for certain types of transactions; or (c) Apple's fee or commission on the purchase of Apps and Apple's IAP transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search, non-privileged documents that are responsive to this Request.

Gibson, Dunn &
Crutcher LLP

44
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**REQUEST FOR PRODUCTION NO. 60:**

All studies, analysis, surveys, assessments or reports Concerning the effects of the iOS App Store, the availability of third-party Apps on iOS, and/or Apple's IAP on Customer demand for, price of and sales of each of the following:

(a)     iPhone;

(b)     iPad; and

(c)     iPod touch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects to this Request to the extent it seeks documents that are not in the possession, custody, and/or control of Apple including, but not limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

All studies, analyses, surveys, reports, assessments or papers Concerning any security or privacy features and/or attributes of Mac computers, iOS, macOS or the macOS App Store, Including Apple's statement that "We design Mac hardware and software with advanced technologies that work together to run Apps more securely, protect your data, and help keep you safe on the web." (Apple, "Security.  Built right in." https://www.apple.com/macos/security/ (last accessed October 15, 2020).)

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Apple further objects to this Request to the extent it seeks documents that are not in the possession, custody, and/or control of Apple including, but not limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in the US that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

All studies, analyses, surveys, reports, assessments or papers Concerning security or privacy lapses, violations and/or breaches on Mac computers, iOS, macOS or the macOS App Store, Including the presence of malware or adware or the misuse of personal information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Apple further objects to this Request to the extent it seeks documents that are not in the possession, custody, and/or control of Apple including, but not limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff. Apple further objects to the Request to the extent that it seeks documents protected from disclosure

Gibson, Dunn & Crutcher LLP

1  by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable

2  privilege, doctrine, or protection.

3      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

4  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

5  in existence and locatable after a reasonable search of Apple's Designated Custodians' documents

6  and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in

7  the US that are responsive to this Request.

8  **REQUEST FOR PRODUCTION NO. 63:**

9      All studies, analyses, surveys, reports, assessments or papers Concerning claims of fraudulent

10  or incorrect purchases, requests for refunds or any other Customer disputes, and the resolutions

11  thereof, Concerning Apple's IAP.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

13      Apple incorporates by reference the foregoing General Objections.  Apple further objects to

14  the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

15  objects on the grounds that the Request seeks information that is not relevant to any party's claim or

16  defense or proportional to the needs of the case. Apple further objects to this Request to the extent it

17  seeks documents that are not in the possession, custody, and/or control of Apple including, but not

18  limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff.

19  Apple further objects to the Request to the extent that it seeks documents protected from disclosure

20  by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable

21  privilege, doctrine, or protection.

22      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

23  discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

24  in existence and locatable after a reasonable search of Apple's Designated Custodians' documents

25  and other reasonably accessible non-custodial sources, non-privileged documents reflecting sales in

26  the US that are responsive to this Request.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1    **REQUEST FOR PRODUCTION NO. 64:**

2         All Documents Apple intends to rely on or otherwise use to support its defenses or

3    counterclaims in this Action, Including the categories of Documents listed in Apple's October 13,

4    2020 Initial Disclosures.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6         Apple incorporates by reference the foregoing General Objections.

7         Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

8    discovery in this action, Apple responds as follows: Apple has produced or will produce documents

9    that are responsive to this Request.

10   **REQUEST FOR PRODUCTION NO. 65:**

11        All Documents Concerning any request from any Developer for modification of, an exception

12   to, and/or an exemption from the provisions now appearing in Section 4.8 of Apple's App Store

13   Review Guidelines (or in any similar provision in effect at the time such request was made).

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

15        Apple incorporates by reference the foregoing General Objections.  Apple further objects to

16   the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further

17   objects on the grounds that the Request seeks information that is not relevant to any party's claim or

18   defense or proportional to the needs of the case.  Apple further objects to the Request to the extent

19   that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work

20   product doctrine, and/or any other applicable privilege, doctrine, or protection.

21        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

22   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

23   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

24   non-privileged documents that are responsive to this Request.

25   **REQUEST FOR PRODUCTION NO. 66:**

26        All Documents Concerning any consideration, or decision made, by Apple to create, adopt or

27   modify, and/or to allow an exception to or an exemption from the provisions now appearing in

28

Gibson, Dunn &
Crutcher LLP

48
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

Section 4.8 of Apple's App Store Review Guidelines (or in any similar provision in effect at the time such request was made).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents Concerning Hotfixes in Apps distributed through the iOS App Store or the macOS App Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Apple incorporates by reference the foregoing General Objections.  Apple also objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.   Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents relating to Epic's use of Hotfixes that are responsive to this Request.

Gibson, Dunn & Crutcher LLP

49

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1    **REQUEST FOR PRODUCTION NO. 68**:

2         All Documents Concerning Epic and/or its products, Including Epic's use of a Hotfix to

3    enable Epic direct pay in *Fortnite* on iOS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:

5         Apple incorporates by reference the foregoing General Objections.  Apple also objects to the

6    Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects

7    on the grounds that the Request seeks information that is not relevant to any party's claim or defense

8    or proportional to the needs of the case.  Apple further objects to the Request to the extent that it

9    seeks documents protected from disclosure by the attorney-client privilege, the attorney work product

10   doctrine, and/or any other applicable privilege, doctrine, or protection.

11        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

12   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

13   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

14   non-privileged documents that are responsive to this Request and are relevant to a party's claim or

15   defense in this case.

16   **REQUEST FOR PRODUCTION NO. 69**:

17        All Documents Concerning Apple's decision to terminate Epic's Team ID '84 account in

18   Apple's Developer Program and/or the decision to terminate *Fortnite* from the iOS App Store.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

20        Apple incorporates by reference the foregoing General Objections.   Apple further objects to

21   the Request to the extent that it seeks documents protected from disclosure by the attorney-client

22   privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or

23   protection.

24        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

25   discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

26   in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

27   non-privileged documents that are responsive to this Request.

28

Gibson, Dunn &
Crutcher LLP

50
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1

**REQUEST FOR PRODUCTION NO. 70:**

2

All Documents Concerning:

3

(a)      Apple's App Store Review Notice to Epic Games, dated August 13, 2020;

4

(b)      Apple's App Store Review Notice to Epic Games, dated August 14, 2020;

5

(c)      Apple's App Store Review Notice to Epic Games, dated August 15, 2020;

6

(d)      Apple's App Store Review Notice to Epic Games, dated August 26, 2020; and

7

(e)      Apple's Termination Notice to Epic Games, dated August 28, 2020.

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

9

Apple incorporates by reference the foregoing General Objections.  Apple further objects to

10

the Request to the extent that it seeks documents protected from disclosure by the attorney-client

11

privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or

12

protection.

13

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

14

discovery in this action, Apple responds as follows: Apple has produced or will produce, to the extent

15

in existence and locatable after a reasonable search of Apple's Designated Custodians' documents,

16

non-privileged documents that are responsive to this Request.

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

1   DATED:  November 23, 2020                GIBSON, DUNN & CRUTCHER LLP:

2

3                                            By:   /s/ Jay Srinivasan

4                                                  Jay Srinivasan

5                                            Attorney for Defendant Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

# CERTIFICATE OF SERVICE

I, Betty X. Yang, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to this action.  I hereby certify that on November 23, 2020, I delivered the foregoing DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF AND EPIC GAMES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, via electronic mail, pursuant to an agreement among the parties for electronic service, to the following counsel in this action and the related actions:

PAUL R. RIEHLE
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &
REATH LLP**

CHRISTINE A. VARNEY
cvarney@cravath.com
KATHERINE B. FORREST
kforrest@cravarth.com
GARY A. BORNSTEIN
gbornstein@cravarth.com
YONATAN EVEN
yeven@cravath.com
LAUREN A. MOSKOWITZ
lmoskowitz@cravath.com
M. BRENT BYARS
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**

*Counsel to Epic Games, Inc.*

STEVE W. BERMAN
steve@hbsslaw.com
ROBERT F. LOPEZ
robl@hbsslaw.com
SHANA E. SCARLETT
shanas@hbsslaw.com
BENJAMIN J. SIEGEL
bens@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO
LLP**

*Interim Class Counsel for the Developer
Plaintiffs*

MARK C. RIFKIN
rifkin@whafh.com
RACHELE R. BYRD
byrd@whafh.com
MATTHEW M. GUINEY
guiney@whafh.com
BRITTANY N. DEJONG
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

*Interim Class Counsel for the Consumer
Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 23rd day of November, 2020, at Dallas, Texas.

/s/ *Betty X. Yang*

Betty X. Yang

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR

Gibson, Dunn &
Crutcher LLP

# Exhibit 4

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.8444
EDettmer@gibsondunn.com

Client: 03290-00146

December 1, 2020

VIA ELECTRONIC MAIL

Lauren A. Moskowitz
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:     *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Lauren:

     I write in response to your November 9, 2020 letter regarding Apple's objections to the discovery requests served by class plaintiffs in *Cameron* and *Pepper* ("Letter").

     As an initial matter, your Letter and requests for production served to date raise serious concerns regarding the scope of discovery Epic intends to pursue in this case. Epic sought and obtained an aggressive schedule based on its representations to the Court that Epic would "use . . . efficiently" the discovery in the *Cameron* and *Pepper* actions and submit only "some limited targeted additional discovery" in this case. Aug. 24, 2020 Hr'g at 5:12-23. Yet your Letter and RFPs indicate that Epic intends to seek a complete refresh of Apple's document productions in *Cameron* and *Pepper*, as well as new documents regarding "markets that are worldwide in geographic scope" and documents post-dating the filing of Epic's complaint that bear little relation to the issues before the Court. Any such discovery requests from Epic would be independently objectionable as overbroad, unduly burdensome, and not proportional needs of the case. But they are especially troubling given the accelerated schedule in this case and the Court's clear admonition that Epic "cannot re-litigate" discovery in the related *Cameron* and *Pepper* actions. Oct. 19, 2020 Hr'g Tr. at 20:17-24. Below, we address each of the specific issues raised in your Letter.

**Epic's Request for Production No. 2**

     Epic's RFP No. 2—seeking "[a]ll Documents that are responsive to requests for production to Apple by the plaintiffs in the *Cameron* Action and/or the *Pepper* Action, as if such requests had been served on the date of these Requests"—is facially overbroad and disproportionate to the needs of the case. With this single RFP, Epic purports to require Apple to re-do its document collection in response to the more than a hundred separate

Lauren A. Moskowitz
December 1, 2020
Page 2

requests served by class plaintiffs in *Cameron* and *Pepper*, without any regard to proportionality, the burden to Apple, or the feasibility of such a task on the accelerated discovery schedule in this case. Epic has provided no justification for why documents resulting from such a burdensome exercise would even be relevant.

Apple has already agreed to refresh its document collection and production for Philip Schiller and Trystan Kosmynka, the two *Cameron* and *Pepper* custodians most likely to have documents relating to Epic, through the filing of Epic's complaint on August 13, 2020 (the same cut-off that Epic has applied to its own document collection). Epic's blanket request in RFP No. 2 that Apple do so for *all* custodians in the case, however, is improper under both the Federal Rules of Civil Procedure and the Court's admonition that Epic "may not" re-litigate the *Cameron* and *Pepper* productions and must instead "be focused and efficient" in seeking discovery in this case. Oct. 19, 2020 Hr'g Tr. at 20:17-18.

**Documents Relating to Consumers and Activities Outside the US**

Your Letter alleges that Apple's objections to producing documents relating to consumers, transactions, and activities taking place outside of the United States do not apply to Epic because of Epic's conclusory allegation "that Apple's anti-competitive conduct took place in markets that are worldwide in geographic scope." We disagree.

Apple objects to producing, in response to RFPs served by Epic, documents and information related to consumers located outside of the United States or their transactions, or conduct or activity taking place outside of the United States, because such requests are overly broad, unduly burdensome, and not relevant to the claims or defenses in this action or otherwise outside the proper scope of discovery in accordance with the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a. Regardless of the fact that Epic's Complaint includes conclusory allegations of a worldwide market, Epic has asserted causes of action based on the Sherman Act and the California Cartwright Act. But "American antitrust laws do not regulate the competitive conditions of other nations' economies." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 582 (1986). Moreover, the Foreign Trade Antitrust Improvements Act removes from the reach of the antitrust laws commercial activities abroad, subject to a few exceptions inapplicable here. *United States v. Hui Hsiung*, 778 F.3d 738, 751 (9th Cir. 2015). App Store transactions made through foreign storefronts, with foreign consumers, in foreign currency simply have no bearing on Epic's claims in this case.[1] And any requests seeking such documents are therefore overly broad, unduly burdensome, and not proportional to the needs of the case. *See, e.g., Rodhe & Schwarz*

---

[1]  Indeed, Epic has expressed its intention to pursue separate cases against Apple in at least Australia and the United Kingdom. Epic is not entitled to seek discovery for those cases in this case.

Lauren A. Moskowitz
December 1, 2020
Page 3


*GmbH & Co., KG v. Tektronix, Inc*, No. CV1802402, 2019 WL 4391114, at *2 (C.D. Cal. May 31, 2019) ("Plaintiff contends that it might find out sometime in the future that some or all of Defendant's non-U.S. sales had a connection with U.S. based activity" but this is "too speculative to justify burdening Defendant with worldwide discovery at this time.").

However, to the extent that documents relating to Epic's consumers, transactions, and activities outside of the US are identified through Apple's custodial collections in this case, Apple will not withhold such documents from production.

**Apple's Second Pepper R&Os, General Objection No. 2**

As noted in your Letter, Apple objected to the *Pepper* Plaintiffs' Requests for Production of Documents to Defendant Apple Inc. – Set No. 2 on the basis that class plaintiffs "unduly delayed in propounding them" by serving them after "Apple substantially completed its document productions on July 31, 2020." Apple has not objected to any requests in Epic's First Set of Requests for Production on the basis of untimeliness. However, as previously noted, Epic obtained an aggressive schedule in this case based on its promise to the Court that it would use efficiently the productions from the *Cameron* and *Pepper* actions and pursue only limited and targeted additional discovery in this case. To the extent that Epic attempts to renege on that representation and serve broad and expansive requests in the less than two months remaining for document discovery, Apple objects on the basis of undue burden and proportionality.

**Apple's Second Pepper R&Os, Specific Objection No. 53.**

Your Letter takes issue with Apple's objections to the *Pepper* Plaintiffs' Request No. 53, seeking documents concerning changes made to Apple's app review procedures on August 31, 2020. As you note in your Letter, Apple objected to Request No. 53 on the grounds that it "seeks information that is not relevant to any party's claim or defense (especially given Plaintiffs' allegations that Apple engaged in anti-competitive conduct in establishing the App Store in 2008), nor proportional to the needs of the case." These objections apply with equal force to Epic.

As your Letter acknowledges, the "central issue in *Epic v. Apple* is whether Apple's contracts . . . and app review procedures that were in place *at the time Epic filed its complaint* were anti-competitive." *See also* Sept. 28, 2020 Hr'g Tr. at 79:3-5 ("So that I think is our view as to . . . when did [Apple's alleged monopoly] start? It started at the beginning [in 2008].") Your Letter offers no explanation for why changes to Apple's app review procedures made weeks after the filing of Epic's complaint—indeed, after the termination of Epic's developer account—are relevant at all to Epic, much less proportional to the needs of the case. This is particularly true because none of the Apple policies and

Lauren A. Moskowitz
December 1, 2020
Page 4


practices challenged by Epic in this litigation—including the requirements that apps use IAP, that developers submit all material app changes to Apple for review, and that Apple is contractually to a 30% commission for in-app sales—were changed on August 31, 2020.  As such, Request No. 53 is irrelevant and not proportional to the needs of the cases—whether applied to class plaintiffs or Epic.

*       *       *       *

  Apple will separately respond to Epic's requests for production in accordance with the Federal Rules of Civil Procedure and reserves all objections.



Sincerely,



*/s/ Ethan Dettmer*



Ethan Dettmer

EDD/ab

# Exhibit 5

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

_____

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER
_____

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

December 9, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

I write to request that the parties meet and confer regarding Epic's requests for production of certain data from Apple.

Among other things, Epic has sought data concerning the following:

- Sales of Apple devices and accessories (Request Nos. 3-4);
- IAP (Request Nos. 5-6);
- macOS App Store and iOS App Store (Request Nos. 7-8);
- Developer tools (Request Nos. 9, 53);
- App reviewers (Request No. 10);
- Usage metrics for apps (Request No. 11);
- Customer lifetime value and lifespan (Request Nos. 12-14);
- Fees paid to third-party settlement providers (Request No. 19);
- Active Apple devices and Apple's "installed base" (Request Nos. 25, 31);
- Apple customers who own or use multiple Apple products (Request Nos. 26-28);
- Payments made using an Apple ID by means other than IAP (Request No. 29);
- Spending through IAP and Apple's commissions from IAP (Request No. 30);
- Commissions charged for the distribution of apps or in-app purchases on the Google Play Store and the Epic Games Store (Request No. 52);
- Impact of App Store Small Business Program on Apple financials (Request No. 79).

In its November 23, 2020 objections and responses to these requests, Apple limited its willingness to produce to "sales [or transactions] in the US" for certain requests (*see* Response to Request Nos. 3, 30); limited its search to "Apple's Designated Custodians' documents" for certain requests (*see* Response to Request Nos. 7-8, 19, 30, 52-53); refused

CONTAINS INFORMATION DESIGNATED CONFIDENTIAL

entirely to produce in response to certain requests (*see* Response to Request Nos. 4-6, 9-11); and proposed to meet and confer on certain requests (*see* Response to Request Nos. 12-14, 25-29, 31).

Epic needs these data sooner rather than later to prepare for expert reports, among other things.  To the extent Apple stands on these objections, Epic asks to meet and confer this week to try and resolve Apple's objections.  Please advise as to Apple's availability on Thursday, December 10 or Friday, December 11, 2020 to meet and confer.

Epic reserves all rights, including with respect to Epic's other requests.

Sincerely,

s/ Lauren A. Moskowitz

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

CONTAINS INFORMATION DESIGNATED CONFIDENTIAL

rifkin@whafh.com
   byrd@whafh.com
      guiney@whafh.com
         dejong@whafh.com

BY EMAIL

CONTAINS INFORMATION DESIGNATED CONFIDENTIAL