THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; appearance *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiffs, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br>Case No. 4:11-cv-06714-YGR-TSH<br>Case No. 4:19-cv-03074-YGR-TSH |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al*.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant | **DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL JOINT LETTER BRIEFS AND EXHIBITS**<br><br>Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Plaintiffs' administrative motions to file under seal: the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits, *Epic*, Dkt. 261, the Joint Discovery Letter Brief Regarding Cook Deposition, *Epic*, Dkt. 262, and Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions, *Epic*, Dkt. 248.

2. Although Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions references only the documents filed in support of the joint discovery letter brief regarding Messrs. Cue and Federighi, *see Epic*, Dkt. 248, Plaintiffs also attached to that filing the exhibits filed in support of the joint discovery letter brief regarding the deposition of Mr. Cook. This declaration therefore addresses the sealing of those exhibits as well.

3. The request for relief is narrowly tailored and necessary to the confidentiality of information in certain documents described below.

4. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

2
DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL
JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).   Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

5.   Apple operates in an intensely competitive marketplace.   It occupies a unique position as a leader with respect to a number of highly dynamic technologies.   Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage.   As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

6.   The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."   *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

7.   Apple has carefully reviewed the joint discovery letter briefs themselves, as well as the numerous exhibits and depositions testimony submitted in connection thereto.   Apple offers narrow and carefully tailored highlighting to protect its confidential business interests.

8.   Apple seeks to seal information regarding its internal chain of command and decisionmaking process.   Protection of that information is warranted to prevent competitors or counterparties from taking advantage of that process to obtain a strategic advantage against Apple in future negotiations or discussions.

9.   Apple seeks also to seal internal strategic decisionmaking discussions that, if disclosed, could reveal to competitors Apple's reasoning for adopting, or not adopting, certain business initiatives. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage.   *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contained business information that could be used to harm a litigant's competitive standing).

3

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL
JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP

10. Apple seeks also to redact certain deposition testimony related to the same subject described above. In doing so, Apple has endeavored to tailor the redactions to cover only information that properly qualifies as confidential business information.

11. Furthermore, in accordance with the Court's direction that the parties file only "relevant excerpts of discovery requests and responses," Apple proposes to redact those interrogatory responses (Exhibit 1) not cited to by the parties in their joint submissions.

12. In addition to the competitive harms posed by public availability of these documents, public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping those efforts confidential is important to their effectiveness.

13. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court records without jeopardizing Apple's business interests.

| Document | Redacted Material |
|---|---|
| Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Confidential business information discussed in internal documents and deposition testimony, including information regarding Apple's internal structure, strategic decisionmaking, and allocation of responsibilities |
| Exhibit 1 to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Material not cited to or relied on by either party |
| Exhibit A to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Sealed in its entirety |
| Exhibit B to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Email addresses of individual recipients and senders |
| Exhibit C to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Addressees and body of email discussing business strategy and decisionmaking |

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

| | |
|---|---|
| Exhibit D to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Sealed in its entirety |
| Exhibit E to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Addressees and body of email discussing business strategy and decisionmaking |
| Exhibit F to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Addressees and body of email discussing business strategy and decisionmaking |
| Exhibit G to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Sealed in its entirety |
| Exhibit H to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Sealed in its entirety |
| Exhibit I to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Page 45<br>Page 182, lines 1–3<br>Page 183, lines 20–24<br>Page 184–88<br>Page 201<br>Page 289, lines 7–11<br>Page 334<br>Page 335, lines 1–12 |
| Exhibit J to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Page 13<br>Page 14, lines 1–23<br>Page 65, lines 1–6, 14–25<br>Page 112, lines 7–25<br>Page 113<br>Page 114, lines 1–17, 24–25<br>Page 138, lines 1–8, 22–23<br>Page 139, lines 1–25<br>Page 140–41<br>Page 177, lines 1–10, 21–25<br>Page 178<br>Page 196–97<br>Page 292, lines 3–25<br>Page 293, lines 1–16, 20–25<br>Page 302–03 |
| Exhibit K to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Page 107<br>Page 369<br>Pages 404–05 |
| Exhibit L to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Page 24, lines 1–11<br>Page 26, line 5<br>Pages 113–15<br>Page 379 |

5

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL
JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| | Page 380, lines 1–5<br>Page 397, lines 1–3, 16–25<br>Pages 398–400<br>Page 401, lines 1–24<br>Page 403, lines 6–10<br>Page 404, lines 14–25<br>Pages 405–09<br>Page 410, lines 1–2, 15–25<br>Page 412, lines 10–25 |
| Joint Discovery Letter Brief Regarding Cook Deposition | Confidential business information discussed in internal documents and deposition testimony, including information regarding Apple's internal structure, strategic decisionmaking, and allocation of responsibilities. |
| Exhibit C to Joint Discovery Letter Brief Regarding Cook Deposition | Addressees and body of email discussing business strategy and decisionmaking, personal information about third party |
| Exhibit D to Joint Discovery Letter Brief Regarding Cook Deposition | Addressees and body of email discussing business strategy and decisionmaking, personal information about third party |
| Exhibit E to Joint Discovery Letter Brief Regarding Cook Deposition | Addressees and body of email discussing business strategy and decisionmaking, personal information about third party |
| Exhibit F to Joint Discovery Letter Brief Regarding Cook Deposition | Page 286, lines 1–4, 6–10, 20–21, 23–24<br>Page 289, lines 7–11 |
| Exhibit G to Joint Discovery Letter Brief Regarding Cook Deposition | Page 26, line 5<br>Page 118, lines 3–4, 10, 13–25<br>Pages 119–20 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 25, 2021, at San Anselmo, California.

                                        /s/ *Ethan Dettmer*
                                          Ethan Dettmer

Gibson, Dunn & Crutcher LLP

6

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH