# Exhibit 1

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS (*pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (*pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:    202.955.8500
Facsimile: 202.467.0539

**Attorneys for Defendant and Counterclaimant
APPLE INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>              Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>              Defendant. | CASE NO. 4:20-CV-05640-YGR<br><br>**DEFENDANT AND COUNTERCLAIMANT APPLE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF AND COUNTER-DEFENDANT EPIC GAMES, INC.'S FIRST SET OF INTERROGATORIES** |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Rule 33 of the Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules"), and all applicable rules and orders of this Court, Defendant and Counterclaimant Apple Inc. ("Apple" or "Defendant"), by and through undersigned counsel, hereby serves its Objections and Responses to Plaintiff and Counter-Defendant Epic Games, Inc.'s ("Epic" or "Plaintiff") First Set of Interrogatories ("Interrogatories"), dated November 11, 2020.

## PRELIMINARY STATEMENT

Apple responds generally that its investigation of facts relevant to this litigation is ongoing. The following responses are made to the best of Apple's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the responses herein. Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify its responses as further information becomes available. Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to the documents and information produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction. Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa. A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason. However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, all applicable rules and orders of this Court, and any

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

agreements between the parties.  Apple will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules and other applicable rules or laws.

2.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they:  (i) seek information that is not relevant to any party's claims or defenses in the action; (ii) impose a burden disproportionate to the needs of the case; (iii) are unreasonably cumulative or duplicative; (iv) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (v) seek information beyond the scope of permissible discovery.

3.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and/or fail to state with reasonable particularity the type of information sought therein.  Apple further objects to the Interrogatories, including the Instructions and Definitions, to the extent that they seek "all" information concerning the subject matters referenced therein.

4.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information contained in documents Apple has produced or expects to produce in response to Plaintiff's Requests for Production.  Pursuant to Rule 33(d) of the Federal Rules, Apple refers Plaintiff to the information contained in those documents.  Any statement herein that the information sought by a specific Interrogatory is contained in documents that are expected to be produced to Plaintiff shall not be construed as a representation regarding the existence or non-existence of specific documents in Apple's possession, custody, or control and reflects the intention of Apple, subject to its objections, to provide responses to Plaintiff's Requests for Production.

5.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to seek discovery more appropriately obtained by means other than these Interrogatories.

6.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection.  Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Apple does not object

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

to an Interrogatory on the basis of an applicable privilege. The inadvertent disclosure of any information subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

7.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek confidential commercial, business, financial, or competitively sensitive information, trade secrets, or any other proprietary information to Apple, its respective employees, and its clients. Without waiving any objection herein, Apple will only provide confidential or sensitive information in accordance with the Stipulated Protective Order entered in this litigation, as well as the ESI Protocol entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

8.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they contain characterizations, definitions, arguments, or assumptions. Nothing contained in or absent from Apple's responses or objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, arguments, or assumptions are correct or accurate. The failure to object to any of the defined terms that are listed in the "Definitions" section of the Interrogatory, but that are not used by Plaintiff in the Interrogatory therein, shall not be construed as a waiver of any objections to the definition of the defined term.

9.      Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they lack foundation, or incorporate allegations and assertions that are disputed or erroneous. By responding and objecting to any Interrogatory, Apple does not admit the correctness of such assertions.

10.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information (i) not within the possession, custody, or control of Apple; (ii) as readily available to Plaintiff as to Apple; (iii) already in Plaintiff's possession; (iv) already produced by or requested from other parties or nonparties in this action; or (v) that is public, on the grounds that such Interrogatories are unduly burdensome.

11.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek discovery from any parent, subsidiary, or affiliate of Apple. Such parents,

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

subsidiaries, or affiliates are not within Apple's control, and to the extent that an Interrogatory seeks such disclosure, it is improper, burdensome, and oppressive.  Apple is responding only on behalf of itself and not on behalf of any parent, affiliate, or subsidiary.

12.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek identification of persons employed by or working at the direction of third parties.

13.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they call for information that is subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action.  Apple's disclosure of such information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

14.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive information reasonably would be expected to be found.  Any interrogatories that seek to require Apple to go beyond such a search are overbroad and unduly burdensome.

15.     Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

16.     To the extent that Plaintiff has requested or will seek the same information from third parties, Apple objects to the Interrogatories as duplicative, cumulative, and as seeking information that is obtainable from other sources that are more convenient, less burdensome, or less expensive.

17.     Apple objects to the Interrogatories on the grounds that they are impermissibly compound.  *See* Fed. R. Civ. P. 33(a)(1) (stating a party may serve "no more than 25 written interrogatories, *including all discrete subparts*"); *see also* Advisory Committee Note to 1993 Amendment to Rule 33(a)(1) (noting "purpose of this revis[ed] [twenty-five-interrogatory limit] is to reduce the frequency and increase the efficiency of interrogatory practice," further noting "the device can [otherwise] be costly and may be used as a means of harassment").  Numerous of the Interrogatories contain many discrete subparts.  Apple further objects to the Interrogatories on the related grounds that they each impermissibly introduce separate and distinct lines of inquiry that are not logically and

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

factually subsumed within and necessarily related to the Interrogatory's primary question.  *See Hasan v. Johnson*, 2012 WL 569370, at *5 (E.D. Cal. Feb. 21, 2012); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217–18 (C.D. Cal. 2009).

18.     Apple objects to the Interrogatories on the grounds that they violate Federal Rule of Civil Procedure 33(b)(1)(B) because answering them would require Apple to furnish information that is not available to it and/or cannot be given without undue labor and expense.  Under Rule 33, a responding party "must furnish information that is *available to it* and that can be given *without undue labor and expense*."  Wright & Miller, Fed. Prac. & Proc. § 2174 (3d ed.) (emphasis added); *see also* Fed. R. Civ. P. 33(b)(1)(B).  Parties are "not required to conduct extensive research in order to answer an interrogatory," *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013), and "interrogatories that require a party to undertake extensive investigations, research, or compilations or evaluations of data for the opposing party"—as some of the Interrogatories undoubtedly do—"are in many circumstances," as here, "improper."  Wright & Miller, *supra*, § 2174.

19.     Apple's willingness to provide any document or information in response to an Interrogatory shall not be interpreted as an admission that such document or information exists, that it is relevant to a claim or defense in this action, or that it is admissible for any purpose.  Apple does not waive its right to object to the admissibility of any document or information produced by any party on any ground.

20.     Apple responds to the Interrogatories, including the Definitions and Instructions, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

## OBJECTIONS TO DEFINITIONS

1.      Apple objects to the definitions of "and," "or," and "and/or" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe these terms in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

2.      Apple objects to the definition of "any" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this

term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

3.      Apple objects to the definition of "App" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

4.      Apple objects to the definitions of "Apple," "You," and "Your" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are meant to include "all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants and representatives thereof, and any other person acting on behalf of any of the foregoing entities" over which Apple exercises no control, and to the extent that Plaintiff purports to use these terms to impose obligations that go beyond the requirements of the Federal Rules and Local Rules.  Apple further objects to the definitions of "Apple," "You," and "Your" to the extent that the reference to "all past or present officers, directors, affiliates, agents, employees, consultants and representatives thereof, and any other person acting on behalf of any of the foregoing entities" purports to demand information or documents subject to the attorney-client privilege, the work product doctrine, or any other privilege or protection.  In responding to the Interrogatories, Apple will construe these terms to mean Apple Inc., and limit its responses accordingly.

5.      Apple objects to the definition of "Concerning" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

6.      Apple objects to the definition of "Developer" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

7.      Apple objects to the definition of "Epic" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

8.      Apple objects to the definition of "IAP" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

9.      Apple objects to the definition of "Identify" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

10.      Apple objects to the definition of "Software Store" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

11.      Apple objects to the definition of "State the Factual Basis" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome in purporting to require Apple to "state with particularity each and every fact that You contend supports that response, contention, allegation, claim, defense, or statement, Including the basis and source of Your knowledge of each fact."  "'Each and every fact' interrogatories pose problems for a responding party and a reviewing court.  Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." *Tubbs v. Sacramento Cty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007)).

## OBJECTIONS TO INSTRUCTIONS

1.      Apple objects to Instruction No. 1 stating that "[t]he timeframe for the Interrogatories is unlimited unless specifically stated otherwise" on the ground that such a "[t]imeframe" is overbroad,

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

unduly burdensome, calls for information that is not related to the claims or defenses in this action, and imposes a burden on Apple disproportionate to the needs of this case.

2.      Apple objects to Instruction No. 2 regarding the "worldwide" "geographic scope" of the Interrogatories to the extent that the Interrogatories seek documents and information related to consumers located outside of the United States or their transactions, or transactions, conduct, or activity taking place outside of the United States or involving trade or commerce with foreign nations, because such it is overly broad, unduly burdensome, not relevant to the claims or defenses in this action, or otherwise outside the proper scope of discovery in accordance with the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a.

**SPECIFIC OBJECTIONS AND RESPONSES**

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

██████████████████████████

██████████████████████████████

████████████████████

## INTERROGATORY NO. 3:

State the Factual Basis for Apple's statements that the iOS App Store, Apple's IAP, or

Apple's StoreKit APIs are "integrated" into each other, the "iOS infrastructure" or the "App Store

software platform". (Joint Case Management Statement (ECF No. 120) at 5; Defendant Apple Inc.'s

Opposition to Epic Games, Inc.'s Motion for a Preliminary Injunction (ECF No. 73) at 19-21.)

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

Apple restates and incorporates its Preliminary Statement, General Objections, Objections to

Definitions, and Objections to Instructions as though fully set forth in this Response.  Apple further

objects to this Interrogatory on the following grounds:

Apple objects to this Interrogatory because the definition of "State the Factual Basis" is

impermissibly vague, ambiguous, overly broad, and unduly burdensome in purporting to require

Apple to "state with particularity each and every fact that You contend supports that response,

contention, allegation, claim, defense, or statement, Including the basis and source of Your

knowledge of each fact."  "'Each and every fact' interrogatories pose problems for a responding party

and a reviewing court.  Parties are not tasked with laying out every jot and tittle of their evidentiary

case in response to interrogatories."  *Tubbs v. Sacramento Cty. Jail*, 2008 WL 863974, at *1 (E.D.

Cal. Mar. 28, 2008) (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007)).  Apple further

objects to this Interrogatory because it is impermissibly vague and ambiguous, including as to the

undefined term "integrated," which prevents Apple from responding in any meaningful way and

without accepting Plaintiff's improper characterizations.  Apple further objects to this Interrogatory

because it calls for a legal conclusion.  Apple further objects to this Interrogatory because it is

premature, given that discovery in this case is ongoing.  Apple further objects to this Interrogatory

because it is compound as it contains numerous discrete subparts that introduce separate and distinct

lines of inquiry that are not logically and factually subsumed within and necessarily related to the

primary question.  *See Hasan v. Johnson*, 2012 WL 569370, at *5 (E.D. Cal. Feb. 21, 2012); *Superior*

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

*Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217–18 (C.D. Cal. 2009).  Due to the compound nature of the interrogatories as drafted, Apple objects to this Interrogatory because it is excessive as Plaintiff has exceeded the 25-written-interrogatory limit per party pursuant to Fed. R. Civ. P. 33(a)(1).  Apple further objects to this Interrogatory to the extent that it is overbroad and seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of the case.  Apple further objects to this Interrogatory because it seeks Apple's protected trade secrets and other sensitive, proprietary information that would pose security and business risks to Apple and risks to Apple users' security and privacy if disclosed.  Thus, the burden of fully responding would outweigh the utility of this information.

Subject to, limited by, and without waiving its objections, Apple responds as follows:

The factual basis for the cited statements regarding "integration," including in Apple's PI Opposition Brief at 19–21, are cited in Apple's PI Opposition Brief and include the declarations cited therein, including the sworn testimony of Philip W. Schiller, as well as the sworn expert testimony of Richard Schmalensee, Ph.D. and Lorin M. Hitt, Ph.D.  *See, e.g.*, PI Opposition Brief at 21 (noting "Apple's integration of its StoreKit APIs into the App Store software platform (and indeed, the integration of the App Store with the iPhone) . . . offers numerous benefits to consumers and developers") (citing Schiller Decl. at ¶¶ 34–36; Schmalensee Decl. at ¶¶ 31, 34–37); *see also* PI Opposition Brief at 19 (noting "IAP is part of an integrated service delivered in the form of a single transaction, not a separate product" and Apple's "commission is the return on Apple's investment in the App Store and the full suite of IP, tools, and services Apple offers to developers") (citing Schmalensee Decl. at ¶¶ 29, 44–45, 57; Schiller Decl. at ¶ 7; Declaration of Lorin M. Hitt, Ph.D. ("Hitt Decl.") (ECF No. 77) at ¶ 75).  Each of these declarants could and would testify as to their own sworn testimony.

Moreover, with respect to "integrat[ion]," the Court noted in its order granting in part and denying in part Plaintiff's Motion for Preliminary Injunction that "the IAP system appears to be integrated with the App Store and, historically, to have never been a separate product."  ECF No. 118 at 23; *see also id.* ("Based upon the current record, the Court concludes that Epic Games has not yet

shown that the IAP system is a separate and distinct service from iOS app distribution sufficient to constitute a 'tie' under antitrust law.").

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



### INTERROGATORY NO. 7:

Identify all synergies and other benefits that Apple contends result from having the iOS App Store be the only Software Store on iOS and all synergies and other benefits that Apple contends would be unachievable if there were other Software Stores on iOS, and State the Factual Basis for Apple's contentions.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:

Apple restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Apple further objects to this Interrogatory on the following grounds:

Apple objects to this Interrogatory because it is impermissibly vague, and ambiguous, including as to the undefined terms "synergies and other benefits" and "unachievable," which prevent Apple from responding in any meaningful way and without accepting Plaintiff's improper characterizations. Apple further objects to this Interrogatory because it improperly seeks a response that is the province of expert testimony well in advance of the parties' deadline for disclosing expert reports. Apple further objects to this Interrogatory because it is compound as it contains at least two discrete subparts that introduce separate and distinct lines of inquiry that are not logically and factually subsumed within and

play#:~:text=As%20Graham%20Cluley%20reports%2C%20security,criminals%20to%20take%2



REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

necessarily related to the primary question.  *See Hasan v. Johnson*, 2012 WL 569370, at *5 (E.D. Cal. Feb. 21, 2012); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217–18 (C.D. Cal. 2009).  Due to the compound nature of the interrogatories as drafted, Apple objects to this Interrogatory because it is excessive as Plaintiff has exceeded the 25-written-interrogatory limit per party pursuant to Fed. R. Civ. P. 33(a)(1).  Apple further objects to this Interrogatory to the extent that it is overbroad and seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of the case.  Apple further objects to this Interrogatory because it calls for a legal conclusion.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



Dated:  December 11, 2020                    GIBSON, DUNN & CRUTCHER LLP


                                      By:    /s/  Jay P. Srinivasan
                                             Theodore J. Boutrous Jr.
                                             Richard J. Doren
                                             Daniel G. Swanson
                                             Mark A. Perry
                                             Veronica S. Lewis
                                             Cynthia E. Richman
                                             Jay P. Srinivasan

                                             Attorneys for Defendant APPLE INC.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## CERTIFICATE OF SERVICE

I, Betty X. Yang, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to this action. I hereby certify that on December 11, 2020, I delivered the foregoing DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EPIC GAMES, INC.'S FIRST SET OF INTERROGATORIES, via electronic mail, pursuant to an agreement among the parties for electronic service, to the following counsel in this action and the related actions:

PAUL R. RIEHLE
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &
REATH LLP**

CHRISTINE A. VARNEY
cvarney@cravath.com
KATHERINE B. FORREST
kforrest@cravarth.com
GARY A. BORNSTEIN
gbornstein@cravarth.com
YONATAN EVEN
yeven@cravath.com
LAUREN A. MOSKOWITZ
lmoskowitz@cravath.com
M. BRENT BYARS
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**

*Counsel to Epic Games, Inc.*

STEVE W. BERMAN
steve@hbsslaw.com
ROBERT F. LOPEZ
robl@hbsslaw.com
SHANA E. SCARLETT
shanas@hbsslaw.com
BENJAMIN J. SIEGEL
bens@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**

*Interim Class Counsel for the Developer Plaintiffs*

MARK C. RIFKIN
rifkin@whafh.com
RACHELE R. BYRD
byrd@whafh.com
MATTHEW M. GUINEY
guiney@whafh.com
BRITTANY N. DEJONG
dejong@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP**

*Interim Class Counsel for the Consumer Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of December, 2020, at Dallas, Texas.

 */s/ Betty X. Yang*
Betty X. Yang