THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; appearance *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br>     Plaintiff, Counter-defendant <br> v. <br> APPLE INC., <br>     Defendant, Counter-claimant | Case No. 4:20-cv-05640-YGR-TSH <br> Case No. 4:11-cv-06714-YGR-TSH <br> Case No. 4:19-cv-03074-YGR-TSH <br><br> **DECLARATION OF ETHAN DETTMER IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL DISCOVERY ORDER** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al.*, <br>     Plaintiffs <br> v. <br> APPLE INC., <br>     Defendant. | Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL DISCOVERY ORDER, CASE NOS. 4:11-CV-06714-YGR-TSH; 4:19-CV-03074-YGR-TSH; 4:20-CV-05640-YGR-TSH

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal the Court's January 26, 2021 Discovery Order.

2. The request for relief is narrowly tailored and necessary to the confidentiality of information in the Order.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's internal dicussions regarding proposed improvements in its product or service offerings. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL DISCOVERY ORDER, CASE NOS. 4:11-CV-06714-YGR-TSH; 4:19-CV-03074-YGR-TSH; 4:20-CV-05640-YGR-TSH

5. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to* . . . confidential . . . commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

6. Here, Apple seeks to partially seal three lines of the Order which contain confidential information that this Court has already sealed in another document. *See* Epic Games Dkt. 287-13.

7. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

8. Apple has narrowly tailored its sealing request so as to maximize the public's access to court records without jeopardizing Apple's business interests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 28, 2021, at Marin County, California.

/s/ *Ethan Dettmer*
Ethan Dettmer

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL DISCOVERY ORDER, CASE NOS. 4:11-CV-06714-YGR-TSH; 4:19-CV-03074-YGR-TSH; 4:20-CV-05640-YGR-TSH