PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
**REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff, Counter-defendant*
*Epic Games, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT DISCOVERY LETTER BRIEF REGARDING EPIC'S OUTSTANDING DOCUMENT REQUESTS AND SUPPORTING EXHIBITS** <br><br> Judge: Hon. Magistrate Thomas S. Hixson |

Epic Games, Inc. ("Epic") brings this joint administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Epic leave to file under seal the Joint Discovery Letter Brief Regarding Epic's Outstanding Document Requests (the "Joint Discovery Letter Brief") and Supporting Exhibits 1 to 12 and A to F.

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade

1  secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Under this standard, a
2  party seeking to seal a document generally must overcome the "strong presumption in favor of
3  access" that applies to court documents other than those that are traditionally kept secret.
4  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted).
5  However, the "public has less of a need for access to court records attached only to non-
6  dispositive motions because those documents are often 'unrelated, or only tangentially related to
7  the underlying cause of action.'" *Id.* at 1179 (citations omitted). Instead, a "'good cause' showing
8  under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records
9  attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness*
10 *Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. Jun. 17, 2013). A party seeking to seal such
11 material must make a "particularized showing of good cause with respect to any individual
12 document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096,
13 1103 (9th Cir. 1999). Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).
14         Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party
15 seeks to file information designated as confidential by an opposing party. This Administrative
16 Motion is based on Defendant Apple Inc.'s ("Apple") designation of information in the Joint
17 Discovery Letter Brief and its exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
18 ATTORNEYS' EYES ONLY" under the protective order in the above-captioned actions. (*Epic*
19 *Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR-TSH, ECF No. 274.) Epic does not believe that
20 the Joint Discovery Letter Brief and or any of the Supporting Exhibits meet the standard for
21 sealing. But at Apple's request, Epic is filing the documents in their entirety under seal. Pursuant
22 to subsection (e)(1) of Local Rule 79-5, Apple has four days to file a declaration establishing that
23 all of the designated material is "sealable" (as defined in Local Rule 79-5(b)).

-3-

Dated: January 29, 2021

CRAVATH, SWAINE & MOORE LLP
 Christine Varney
 Katherine B. Forrest
 Gary A. Bornstein
 Yonatan Even
 Lauren A. Moskowitz
 M. Brent Byars

Respectfully submitted,

By:  /s/ *Lauren A. Moskowitz*
  Lauren A. Moskowitz

  *Attorneys for Plaintiff, Counter-defendant Epic Games, Inc.*