UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br>        Plaintiff and Counter-defendant,<br>        v.<br>APPLE INC.,<br>        Defendant and Counterclaimant. | Case No. 20-cv-05640-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 297 |

We are here on Epic Games' motion to compel Apple to produce non-custodial documents responsive to RFPs 12-14, 18, 19, 25 and 31 by February 5, 2021. ECF No. 297. Epic served these RFPs on October 23, 2020. ECF No. 275, Ex. 1. On December 26, 2020 Apple agreed to produce non-custodial documents in response to these RFPs. ECF No. 297-7. On January 27, 2021, Apple stated that it planned to complete those productions by February 15, 2021. ECF No. 297-13.

The case scheduling order provides that the fact discovery cutoff is February 15, 2021, which is also the date that opening expert reports are due. ECF No. 116. In setting this schedule, Judge Gonzalez Rogers set a separate deadline of January 6, 2021 for the completion of document productions. ECF No. 111 at 100. Epic observes that there is no disagreement about whether Apple must produce non-custodial documents in response to these RFPs because it agreed to do so. Epic also observes that Apple did not produce them by the January 6 deadline to do so. Epic now argues that the Court should order Apple to produce them by February 5 so that Epic's experts will have at least some opportunity to consider them in preparing their expert reports.

Apple responds that the close of fact discovery is February 15 and asserts it will produce the documents by then. Apple acknowledges that with respect to document productions, January 6 was the deadline to produce. But Apple says that it has told everyone that due to Epic's excessive document demands, it would not be able to complete document productions by January 6, and Apple observes that Epic itself has made some document productions after that date, which Epic agrees is true. More generally, Apple blames Epic for requesting (and obtaining) a fast case schedule and then asking for lots of discovery, which Apple says renders that schedule infeasible.

Let's begin with the ground rules. January 6 was the Court-ordered deadline to complete document productions. If Judge Gonzalez Rogers had set a February 15 deadline for the close of fact discovery and said nothing else, then February 15 would have been the deadline for all forms of discovery, including document productions. But she did say something else, which is that document productions had to be completed by January 6. Accordingly, Apple's argument that it is acceptable for it to complete these document productions by February 15 is wrong.

Both sides have violated the January 6 deadline, but that deadline was never altered by Judge Gonzalez Rogers. You're not allowed to violate a court order just because your opponent did, or because you announced to the world that compliance was infeasible and you planned to violate it. So, Epic's own failures to produce by that date don't excuse Apple's non-compliance, and Apple's existing non-compliance with that deadline does not justify more noncompliance.

Besides, Epic is making a more specific argument now and is not just complaining about missed deadlines. Epic is saying that for Apple to produce these particular documents by February 15 prejudices Epic's ability to have its experts use them. Given the topics at issue, it is logical that Epic's experts would want to be able to consider these documents in preparing their reports.

Apple does not have a good response to this problem and at the hearing acknowledged this. Apple said it is working as hard as possible but cannot promise to complete these document productions by February 5. At this point the Court views the problem as a practical one. Epic is entitled to these documents in time for its experts to be able to review them, but this is a late-breaking discovery dispute and February 5 is only four days away. The Court will not order Apple to do something that might be impossible, but it will order Apple to try as hard as it can.

Accordingly, the Court orders Apple to use its best efforts to produce non-custodial documents responsive to RFPs 12-14, 18, 19, 25 and 31 by February 5, 2021

**IT IS SO ORDERED.**

Dated: February 1, 2021

THOMAS S. HIXSON
United States Magistrate Judge