THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; appearance *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>    Plaintiffs, Counter-defendant<br>v.<br>APPLE INC.,<br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br>Case No. 4:11-cv-06714-YGR-TSH<br>Case No. 4:19-cv-03074-YGR-TSH |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al.*,<br>    Plaintiffs,<br>v.<br>APPLE INC.,<br>    Defendant | **DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEFS AND EXHIBITS**<br><br>Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in further support of Plaintiffs' administrative motion to file under seal Exhibit J to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions, *Epic*, Dkt. 248.

2. Apple has previously proposed redactions to Exhibit J. *See Epic*, Dkt. 287. On January 26, 2020, the Court denied Apple's motion to seal as to exhibit J "without prejudice to Apple filing a narrowly tailored motion." *Epic*, Dkt. 290 at 2. This declaration responds to the Court's order and proposes more narrowly targeted redactions.

3. The request for relief is narrowly tailored and necessary to protect the confidentiality of information in the deposition testimony described below.

4. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies, because the underlying dispute is non-dispositive.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

5.     Apple operates in an intensely competitive marketplace.  It occupies a unique position as a leader with respect to a number of highly dynamic technologies.  Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

6.     The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

7.     Apple has carefully reviewed Exhibit J and offers narrow and carefully tailored redacting to protect its confidential business interests.

8.     Apple seeks to seal certain limited deposition testimony regarding its internal chain of command, decisionmaking process, and proprietary technology.  Protection of that information is warranted to prevent competitors or counterparties from taking advantage of that process to obtain a strategic advantage against Apple in future negotiations or discussions.  Apple has endeavored to tailor the redactions to cover only information that properly qualifies as confidential business information.

9.     Apple seeks also to seal discussions about internal strategic decisionmaking that, if disclosed, could reveal to competitors Apple's reasoning for adopting, or not adopting, certain business initiatives.  The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contained business information that could be used to harm a litigant's competitive standing).

10.    In addition to the competitive harms posed by public availability of these documents, public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data.  Apple takes many steps, and undertakes substantial efforts,

3

Gibson, Dunn & Crutcher LLP

DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL
JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

1  to safeguard information—including its trade secrets and data of its customers and developers who use
2  Apple's technology—and keeping those efforts confidential is important to their effectiveness.

3       11.    The information Apple seeks to protect is foundational to its business, and Apple has
4  exerted great effort and undertaken substantial expense to protect such information.  Apple has
5  narrowly tailored its sealing request so as to maximize the public's access to court records without
6  jeopardizing Apple's business interests.

| Document | Redacted Material |
|---|---|
| Exhibit J to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions | Page 14, lines 21–23<br>Page 64, lines 16–25<br>Page 65, lines 1–6, 20–25<br>Page 112, lines 22–25<br>Page 113<br>Page 114, lines 1–17<br>Page 138, lines 22–23<br>Page 139, lines 1–23<br>Page 140, lines 2–25<br>Page 141<br>Page 178, lines 2–15, 25<br>Page 196–97<br>Page 292<br>Page 293, lines 1-16, 20–25<br>Page 302, lines 1–10<br>Page 303, lines 4–25 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on February 2, 2021, at San Anselmo, California.

/s/ *Ethan Dettmer*
Ethan Dettmer

4
DECLARATION OF ETHAN DETTMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL
JOINT LETTER BRIEFS AND EXHIBITS
4:19-CV-03074-YGR-TSH, 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH

Gibson, Dunn & Crutcher LLP