Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant
  Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> APPLE INC., <br><br> *Defendant*. <br><br> And related counterclaims. | No. 4:20-CV-05640-YGR-TSH <br><br> **PLAINTIFF/COUNTER-DEFENDANT EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counter-defendant Epic Games, Inc. hereby requests that Defendant and Counterclaimant Apple Inc. produce the following documents in its possession, custody, or control.  The requested documents are to be made available to the law offices of Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, within thirty (30) days from the date of service, or at such other time and location as may be mutually agreed upon by the parties.

This request for production is deemed to be continuing in nature to the full extent allowed under the Federal Rules of Civil Procedure so as to require a prompt supplemental production should Apple Inc. obtain further information responsive to the Requests for Production (the "Requests") contained herein.

**Definitions**

The following definitions shall apply to the Requests contained herein:

1.  The terms "and", "or", and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the Request more inclusive.

2.  The term "any" shall include the word "all", and vice versa.

3.  The term "App" means a software program or programs designed to run on a computing device, regardless of the means of distribution.

4.  The term "App Store Small Business Program" means the program announced by Apple on November 18, 2020 through which certain Developers can qualify for reduced commissions and any similar program considered by Apple.  (Apple, "Apple announces App Store Small Business Program", https://www.apple.com/newsroom/2020/11/apple-announces-app-store-small-business-program/ (last accessed November 25, 2020).)

5.  The terms "Apple", "You", and/or "Your" means Apple Inc. and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants and representatives thereof, and any other person acting on behalf of any of the foregoing entities.

6. The term "Communication" means every manner or means of disclosure, transfer or exchange of information, whether orally, in writing, face-to-face, via any video conferencing platform (*e.g.*, Zoom, FaceTime), by telephone, mail, e-mail, text message, iMessage, short message service, messaging app (*e.g.*, WhatsApp) or otherwise.

7. The term "Concerning" and any derivative thereof means constituting, evidencing, reflecting, incorporating, effecting, including or otherwise pertaining or relating to, either directly or indirectly, or being in any way logically or factually connected with.

8. The term "Customer", when used in relation to an App, product, or service, means a person who downloads, launches, accesses or otherwise uses that App, product, or service.

9. The term "Developer" means any person or entity who develops or publishes an App or other software.

10. The term "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and means any writing of any kind, Including electronically stored information ("ESI"), originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery, namely, notes, letters, correspondence, Communications, emails, electronic messages (*e.g.*, text messages, instant messages, iMessage Communications, Communications via messaging App such as WhatsApp), telegrams, memoranda, summaries or records of telephone conversations, voicemails, summaries or records of personal conversations or meetings, diaries, calendars, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, or other code, illustrations, product descriptions, product analyses, requests for proposals, documents related to proposed or actual product improvements or changes, user manuals or guides, installation manuals or guides, technical descriptions or specifications, product repair manuals

or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, social media posts, press releases, drafts of documents, sound recordings, and all other material fixed in a tangible medium of whatever kind known to You or in Your possession, custody, or control.

11. The term "Epic" means Epic Games, Inc. and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives, and any other person acting on behalf of any of the foregoing entities.

12. The term "Including" means including, but not limited to.

13. The term "iOS" means all versions of iOS, the operating system used by the iPhone and iPod touch, and of iPadOS, the operating system used by the iPad.

14. The term "iOS App Store" means the Software Store operated by Apple for use on iOS.

15. The term "Software Store" means any digital store that offers Apps for digital distribution.

**Instructions**

A. The timeframe for the Requests is unlimited unless specifically stated otherwise in a Request.

B. The geographic scope of the Requests is worldwide.

C. In responding to the Requests, You shall produce all Documents in Your possession, custody, or control, Including Documents in the possession, custody, or control of Your agents, representatives, employees, accountants, attorneys or other persons acting or purporting to act on Your behalf.

D. All ESI is to be produced in accordance with the Order Granting Joint Stipulation re: Discovery of Electronically Stored Information (Dkt. 143) (the "ESI Protocol").

E.  Pursuant to Federal Rule of Civil Procedure 34(b)(2), to the extent any Request is objected to in whole or in part, state whether You intend to withhold any Documents on account of any objection and, if so, what Documents You intend to withhold, and produce all Documents responsive to those parts of the Request as to which no objection is made.

F.  If a portion of a Document is responsive, produce the entire Document family in unredacted form (subject to Instruction G, below).  For purposes of this Instruction, "Document family" means a group of files consisting of a parent Document and all Documents attached to that parent Document, Including an email and its attachments or a meeting agenda and its attachments.

G.  If any Document is withheld from production on the basis of privilege, immunity, or any similar claim, provide a log in accordance with the ESI Protocol.

H.  Whenever necessary to bring within the scope of any Request that might otherwise be construed to be outside its scope:  (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

I.  Any reference to an Apple product or service in these Requests refers to all models and versions of that product or service, as well as to each separate model and version of such product or service, Including prototype or other early-stage models and versions that were not commercialized.

J.  The use of the singular shall be deemed to include the plural and vice versa.

K.  No Request shall be read as limiting any other Request.

L.  The Requests are continuing in nature and impose on Apple the obligations set forth in Federal Rule of Civil Procedure 26(e).

**Requests for Documents to Be Produced**

**REQUEST FOR PRODUCTION NO. 71:**

All Documents Concerning Apple's decision or rationale to create the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents Concerning the actual or potential financial and other business consequences of the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents Concerning the actual or potential public reception of the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents Concerning Apple's consideration of the terms of the App Store Small Business Program, including the pricing, qualification thresholds, and end date or lack of end date.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents Concerning Apple's statement that "The new App Store Small Business Program will build on that progress to generate even more digital commerce and app innovations, support new jobs, and help small and independent developers continue to bring great software to Apple users."  (Apple, "Apple announces App Store Small Business Program", https://www.apple.com/newsroom/2020/11/apple-announces-app-store-small-business-program/ (last accessed November 25, 2020).)

**REQUEST FOR PRODUCTION NO. 76:**

All Documents Concerning Apple's statement that "The savings mean small businesses and developers will have even more funds to invest in their businesses, expand their workforce, and develop new, innovative features for app users around the world."  (Apple, "Developers see a world of possibilities with new App Store Small Business Program", https://www.apple.com/newsroom/2020/11/developers-see-a-world-of-possibilities-with-new-app-store-small-business-program/ (last accessed November 25, 2020).)

**REQUEST FOR PRODUCTION NO. 77:**

All Documents Concerning Apple's statement that Apple announced the App Store Small Business Program "to accelerate innovation". (Apple, "Apple announces App Store Small Business Program", https://www.apple.com/newsroom/2020/11/apple-announces-app-store-small-business-program/ (last accessed November 25, 2020).)

**REQUEST FOR PRODUCTION NO. 78:**

All Documents Concerning alternatives considered by Apple to the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 79:**

Documents sufficient to show the actual and projected impact of the App Store Small Business Program on Apple's or any Apple business unit's revenue, costs, expenses, and profits.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents Concerning Communications between Apple and any Developers Concerning the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents Concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**REQUEST FOR PRODUCTION NO. 82:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning the ability or inability of Developers to use "the open Internet and web browser apps to reach all users outside of the App Store" on iOS. (App Store Review Guidelines § 4.9.)

**REQUEST FOR PRODUCTION NO. 83:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning the extent to which Developers or

Customers view "the open Internet and web browser apps" on iOS as substitutes for the iOS App Store. (App Store Review Guidelines § 4.9.)

Dated: November 25, 2020

Respectfully submitted,

By /s/ Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**Attorneys for Plaintiff and Counter-defendant EPIC GAMES, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, I served true and correct copies of Plaintiff/Counter-defendant Epic Games, Inc.'s Second Set of Requests for Production of Documents via electronic mail, pursuant to an agreement among the parties for electronic service, to the following counsel of record in this action and the related actions:

| | |
|---|---|
| Theodore J. Boutrous Jr. | Steve W. Berman |
| Richard J. Doren | Robert F. Lopez |
| Daniel G. Swanson | Shana E. Scarlett |
| Mark A. Perry | Benjamin J. Siegel |
| Veronica S. Lewis | HAGENS BERMAN SOBOL SHAPIRO LLP |
| Cynthia E. Richman | steve@hbsslaw.com |
| Jay P. Srinivasan | robl@hbsslaw.com |
| Ethan D. Dettmer | shanas@hbsslaw.com |
| Eli M. Lazarus | bens@hbsslaw.com |
| Harry Phillips | *Interim Class Counsel for the Developer Plaintiffs* |
| GIBSON, DUNN & CRUTCHER LLP | |
| tboutrous@gibsondunn.com | |
| rdoren@gibsondunn.com | Mark C. Rifkin |
| dswanson@gibsondunn.com | Rachele R. Byrd |
| mperry@gibsondunn.com | Matthew M. Guiney |
| vlewis@gibsondunn.com | Brittany N. DeJong |
| crichman@gibsondunn.com | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| jsrinivasan@gibsondunn.com | |
| edettmer@gibsondunn.com | rifkin@whafh.com |
| elazarus@gibsondunn.com | byrd@whafh.com |
| hphillips2@gibsondunn.com | guiney@whafh.com |
| | dejong@whafh.com |
| William F. Stute | *Interim Class Counsel for the Consumer Plaintiffs* |
| E. Joshua Rosenkranz | |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | |
| wstute@orrick.com | |
| jrosenkranz@orrick.com | |
| *Attorneys for Apple Inc.* | |

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 25, 2020, at Rochester, New York.

                                    /s/ *John I. Karin*
                                    John I. Karin