THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; pro hac vice)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; pro hac vice)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant, APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant.<br><br><br>And related counterclaims. | CASE NO. 4:20-CV-05640-YGR<br><br>**DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>The Hon. Yvonne Gonzalez Rogers |

**PROPOUNDING PARTY:**　　　Plaintiff Epic Games, Inc.

**RESPONDING PARTY:**　　　Defendant Apple Inc.

**SET NO.:**　　　TWO

---

DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-056404-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Apple Inc., by and through the undersigned counsel, hereby objects and responds to the Plaintiff Epic Games, Inc.'s Second Set of Requests for Production, including without limitation the document requests (the "Requests"), Definitions, and Instructions contained therein.

## PRELIMINARY STATEMENT

1. Apple's responses to the Requests are made to the best of its current knowledge, information, and belief. Apple reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

2. Apple's responses to the Requests are confidential and made solely for the purposes of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3. Apple's responses are based on its understanding that Plaintiff seeks only information that is within Apple's possession, custody, and control.

4. Apple incorporates by reference each and every General Objection set forth into each and every Specific Response and Objection. From time to time, a Specific Response and Objection may repeat a General Objection. The failure to include any General Objection in any Specific Response and Objection shall not be interpreted as a waiver of any General Objection to that response.

5. Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

## GENERAL OBJECTIONS

1. Apple generally objects to the Requests (including the Definitions and Instructions), on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, any other applicable federal or state law, and any agreements

Gibson, Dunn & Crutcher LLP

2

DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

between the parties. Apple will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

2. Apple generally objects to the Requests to the extent that they are duplicative of the requests served by the Consumer Plaintiffs and/or Developer Plaintiffs in their respective requests for production. The Court's Order Regarding Coordination of Discovery in the Related App Store Actions requires that "Plaintiffs shall coordinate discovery efforts to minimize expenses and facilitate the orderly and efficient progress of the Related App Store Actions. Consumer Plaintiffs and Developer Plaintiffs shall consult in good faith and engage in reasonable effort to coordinate discovery . . . . To the extent discovery is served by any Plaintiff, such Plaintiff shall avoid duplicating discovery requests previously served by any other Plaintiffs." *See*, *e.g.*, *Cameron*, ECF 80 at ¶ 1. "Any cases that are subsequently related to the Related App Store Actions are to be bound by these protocols governing the coordination of discovery." *Id.* at ¶ 7. Additionally, during the October 19, 2020 Case Management Conference in this case, the Court instructed Epic that it "cannot re-litigate" the discovery responses in the *Cameron* and *Pepper* Actions. Oct. 19, 2020 Hr'g Tr. at 20:17-24. Accordingly, except where stated otherwise, Apple will produce non-privileged documents responsive to these requests, to the extent in existence and locatable after a reasonable search of the documents of the individuals who have been designated as custodians in the above-captioned action ("Designated Custodians").

3. Apple generally objects to the Requests to the extent that they seek documents and information that are unrelated and irrelevant to the claims in, or defenses to, this litigation and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Apple in having to search for and provide such documents or information.

4. Apple generally objects to the Requests to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome, including to the extent that they call for the production of "each," "every," "any," or "all" documents concerning the subject matters referenced therein.

Gibson, Dunn & Crutcher LLP

3
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

5. Apple generally objects to the Requests to the extent they do not identify the documents sought with reasonable particularity as required by Rule 34(b) of the Federal Rules of Civil Procedure.

6. Apple generally objects to the Requests on the grounds and to the extent that they call for the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Evidence 502, any other legally cognizable privilege or immunity, or the laws, regulations, or policies of other countries, and Apple and its counsel hereby assert such privileges and immunities. Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Apple to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings. The production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding to the fullest extent of Federal Rule of Evidence sections 502(d) and (e). For example, the production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

7. Apple generally objects to the Requests to the extent that they seek proprietary or other confidential information. To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Apple will produce such information in accordance with the Stipulated Protective Order entered in this litigation, as well as the ESI Protocol entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

8. Apple generally objects to production of documents in response to the Requests on the grounds and to the extent that production of such documents demanded therein would violate the rights of privacy of third parties under California law or other applicable laws of any relevant

Gibson, Dunn & Crutcher LLP

4

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

9. Apple generally objects to the Requests to the extent they seek information outside of Apple's possession, custody, and control, or to the extent they are inconsistent with federal law, international treaties or conventions, and/or conflict of law and comity principles by seeking documents or information located outside the United States.

10. Apple generally objects to the Requests to the extent that they seek documents and information related to consumers located outside of the United States or their transactions, or transactions, conduct, or activity taking place outside of the United States or involving trade or commerce with foreign nations, because such Requests are overly broad, unduly burdensome, not relevant to the claims or defenses in this action, or otherwise outside the proper scope of discovery in accordance with the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a.

11. Apple generally objects to the Requests to the extent that they seek information that is already in Plaintiff's possession, that is publicly available, or that is readily available from another source.

12. Apple generally objects to the Requests to the extent they seek to impose an obligation on Apple to conduct anything beyond a diligent search and reasonable inquiry of readily accessible files, including electronic files, where responsive documents would reasonably be expected to be found.

13. Apple objects to each Request to the extent that it uses words and phrases that are not defined in an understandable manner. Apple will interpret the terms and phrases used in those requests as those terms and phrases are understood to Apple.

14. Apple objects to the definition of "Apple," "You," and/or "Your" as overly broad and unduly burdensome to the extent that it includes "predecessors, successors, subsidiaries . . . affiliates, . . . consultants and representatives." In responding to these Requests, Apple will construe the terms "Apple," "You," and/or "Your" to refer to Apple Inc. and its employees.

Gibson, Dunn & Crutcher LLP

5
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

15. Apple objects to Instruction A to the extent that it states "[t]he timeframe for the Requests is unlimited," thus making each Request overly broad, unduly burdensome, and not relevant to the claims or defenses in this action, especially Requests that seek documents pertaining to actions outside the applicable statutes of limitations. Unless otherwise stated, Apple will collect and produce documents for the time period January 1, 2017 through August 13, 2020.

16. By stating in these responses that Apple will produce documents, Apple does not intend to represent that any responsive documents actually exist, but rather that Apple is making and will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 71:**

All Documents Concerning Apple's decision or rationale to create the App Store Small Business Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are sufficient to show Apple's decision or rationale to create the App Store Small Business Program.

Gibson, Dunn & Crutcher LLP

6

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**REQUEST FOR PRODUCTION NO. 72:**

All Documents Concerning the actual or potential financial and other business consequences of the App Store Small Business Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple. Apple further objects to the Request on the grounds that the Request's use of the phrase "actual or potential financial and other business consequences" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents sufficient to show the financial impact of the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents Concerning the actual or potential public reception of the App Store Small Business Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. Apple further objects to the Request on the grounds that

Gibson, Dunn & Crutcher LLP

7

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

the Request's use of the phrase "actual or potential public reception" renders the Request vague and ambiguous.  Apple further objects to this Request on the grounds that the Request is cumulative and duplicative of Request for Production No. 72.  Apple further objects to this Request to the extent the Request seeks public information that is equally available to Plaintiff.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to a reasonable interpretation of this Request.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents Concerning Apple's consideration of the terms of the App Store Small Business Program, including the pricing, qualification thresholds, and end date or lack of end date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.  Apple further objects to the Request on the grounds that the Request's use of the phrases "pricing" and "qualification thresholds" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents sufficient to show Apple's establishment of the terms of the App Store Small Business Program.

Gibson, Dunn & Crutcher LLP

8

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**REQUEST FOR PRODUCTION NO. 75:**

All Documents Concerning Apple's statement that "The new App Store Small Business Program will build on that progress to generate even more digital commerce and app innovations, support new jobs, and help small and independent developers continue to bring great software to Apple users." (Apple, "Apple announces App Store Small Business Program", https://www.apple.com/newsroom/2020/11/apple-announces-app-store-small-business-program/ (last accessed November 25, 2020).)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Apple incorporates by reference the foregoing General Objections.  Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome.  Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case.  Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.  Apple further objects to the Request on the grounds that the Request's use of the phrase "All Documents Concerning Apple's statement" renders the Request vague and ambiguous.  Apple further objects to this Request on the grounds that the Request is cumulative and duplicative of Request for Production No. 72.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to a reasonable interpretation of this Request.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents Concerning Apple's statement that "The savings mean small businesses and developers will have even more funds to invest in their businesses, expand their workforce, and develop new, innovative features for app users around the world." (Apple, "Developers see a world of possibilities with new App Store Small Business Program",

Gibson, Dunn &
Crutcher LLP

9
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

https://www.apple.com/newsroom/2020/11/developers-see-a-world-of-possibilities-with-new-app-store-small-business-program/ (last accessed November 25, 2020).)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. Apple further objects to the Request on the grounds that the Request's use of the phrase "All Documents Concerning Apple's statement" renders the Request vague and ambiguous. Apple further objects to this Request on the grounds that the Request is cumulative and duplicative of Request for Production No. 72.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to a reasonable interpretation of this Request.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents Concerning Apple's statement that Apple announced the App Store Small Business Program "to accelerate innovation". (Apple, "Apple announces App Store Small Business Program", https://www.apple.com/newsroom/2020/11/apple-announces-app-store-small-business-program/ (last accessed November 25, 2020).)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

Gibson, Dunn & Crutcher LLP

10

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

applicable privilege, doctrine, or protection. Apple further objects to the Request on the grounds that the Request's use of the phrase "All Documents Concerning Apple's statement" renders the Request vague and ambiguous. Apple further objects to this Request on the grounds that the Request is cumulative and duplicative of Request for Production No. 71.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that are responsive to a reasonable interpretation this Request.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents Concerning alternatives considered by Apple to the App Store Small Business Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. Apple further objects to the Request on the grounds that the Request's use of the phrase "alternatives considered by Apple to the App Store Small Business Program" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will meet and confer with Plaintiff to understand what Plaintiff seeks with the Request.

**REQUEST FOR PRODUCTION NO. 79:**

Documents sufficient to show the actual and projected impact of the App Store Small Business Program on Apple's or any Apple business unit's revenue, costs, expenses, and profits.

Gibson, Dunn & Crutcher LLP

11

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. Apple further objects to this Request to the extent that it seeks information not maintained in the ordinary course of business by Apple. Apple further objects to the Request on the grounds that the Request's use of the phrase "actual and projected impact" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents sufficient to show actual and projected revenue, costs, expenses, and profits of the App Store Small Business Program.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents Concerning Communications between Apple and any Developers Concerning the App Store Small Business Program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to this Request to the extent that it seeks information or documents that may be subject to confidentiality agreements with third parties. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Gibson, Dunn & Crutcher LLP

12
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1  Subject to and without waiving the foregoing objections, and subject to the ongoing nature of
2  discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and
3  locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged
4  documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents Concerning ███████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection. Apple further objects to the Request on the grounds that the Request's use of the phrase "any response considered or undertaken by Apple" renders the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents, non-privileged documents that relate to ███████████████████████████████████████
████████████████████████

**REQUEST FOR PRODUCTION NO. 82:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning the ability or inability of Developers to use "the open Internet and web browser apps to reach all users outside of the App Store" on iOS. (App Store Review Guidelines § 4.9.)

Gibson, Dunn & Crutcher LLP

13
DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects to this Request to the extent it seeks documents that are not in the possession, custody, and/or control of Apple including, but not limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and reasonably accessible non-custodial sources, non-privileged documents that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

All studies, analyses, surveys, reports, assessments or papers that Apple created, conducted, commissioned or reviewed Concerning the extent to which Developers or Customers view "the open Internet and web browser apps" on iOS as substitutes for the iOS App Store. (App Store Review Guidelines § 4.9.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Apple incorporates by reference the foregoing General Objections. Apple further objects to the Request on the grounds that it is overbroad as written and unduly burdensome. Apple further objects to this Request to the extent it seeks documents that are not in the possession, custody, and/or control of Apple including, but not limited to, any surveys developed and/or conducted by a third party or equally available to Plaintiff. Apple further objects on the grounds that the Request seeks information that is not proportional to the needs of the case. Apple further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Gibson, Dunn & Crutcher LLP

14

DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS – CASE NO. 4:20-CV-05640-YGR
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Apple responds as follows: Apple will produce, to the extent in existence and locatable after a reasonable search of Apple's Designated Custodians' documents and reasonably accessible non-custodial sources, non-privileged documents that are responsive to this Request.

DATED:  December 28, 2020          GIBSON, DUNN & CRUTCHER LLP:


By:  /s/ *Jay Srinivasan*
     Jay Srinivasan

*Attorney for Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Betty X. Yang, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to this action. I hereby certify that on December 28, 2020, I delivered the foregoing DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF EPIC GAMES, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, via electronic mail, pursuant to an agreement among the parties for electronic service, to the following counsel in this action and the related actions:

| | |
|---|---|
| PAUL R. RIEHLE<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>CHRISTINE A. VARNEY<br>cvarney@cravath.com<br>KATHERINE B. FORREST<br>kforrest@cravarth.com<br>GARY A. BORNSTEIN<br>gbornstein@cravath.com<br>YONATAN EVEN<br>yeven@cravath.com<br>LAUREN A. MOSKOWITZ<br>lmoskowitz@cravath.com<br>M. BRENT BYARS<br>mbyars@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br><br>*Counsel to Epic Games, Inc.* | STEVE W. BERMAN<br>steve@hbsslaw.com<br>ROBERT F. LOPEZ<br>robl@hbsslaw.com<br>SHANA E. SCARLETT<br>shanas@hbsslaw.com<br>BENJAMIN J. SIEGEL<br>bens@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>*Interim Class Counsel for the Developer Plaintiffs*<br><br>MARK C. RIFKIN<br>rifkin@whafh.com<br>RACHELE R. BYRD<br>byrd@whafh.com<br>MATTHEW M. GUINEY<br>guiney@whafh.com<br>BRITTANY N. DEJONG<br>dejong@whafh.com<br>**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br><br>*Interim Class Counsel for the Consumer Plaintiffs* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of December, 2020, at Dallas, Texas.

    /s/ Betty X. Yang
    Betty X. Yang

104317295.8

Gibson, Dunn & Crutcher LLP