UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　*Plaintiff*, *Counter-defendant*,<br><br>　　　　v.<br><br>APPLE INC.,<br><br>　　　　*Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING APPLE'S ATTORNEY LISTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

　　The parties in the above-captioned action respectfully submit this joint letter brief regarding Apple's attorney lists.

　　Counsel for Epic Games, Inc. ("Epic"), and Apple Inc. ("Apple", together with Epic, the "Parties") have exchanged correspondence in a good faith effort to resolve the outstanding disputes. The Parties have been unable to reach agreement and therefore submit this joint letter. The Parties can make additional exhibits—including the documents and testimony identified in this submission—available to the Court upon request.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP | GIBSON DUNN & CRUTCHER LLP |
| By: */s/* Lauren A. Moskowitz<br>　　Lauren A. Moskowitz<br>　　*Counsel for Epic Games, Inc.* | By: */s/* Mark A. Perry<br>　　Mark A. Perry<br>　　*Counsel for Apple Inc.* |

**Epic's Position:** Apple has withheld thousands of documents, claiming they reflect privileged communications with Apple's outside and in-house attorneys. Based on Epic's research, however, 31 individuals that Apple has identified as attorneys in connection with Apple's privilege logs are not, in fact, attorneys. Epic does not contest that documents may be privileged even if they were not received or sent by an attorney; instead, Epic's concern stems from the fact that Apple claimed privilege on multiple documents specifically *because* they were sent or received by individuals Apple had identified as attorneys, but are *not* attorneys. As a result, Epic believes that documents have been improperly withheld based on mis-identification of these individuals as attorneys.

Epic reached out to Apple at 9:39 a.m. PT on February 3, 2021—hours after Epic had identified this issue—asking Apple to provide Epic by 5 p.m. PT with evidence of the Bar membership of the 31 individuals or, alternatively, to explain why such individuals had been mis-identified by Apple as attorneys and to identify the steps Apple would take to re-review and promptly produce any communications withheld based on the involvement of these non-lawyers. At 9:16 p.m. on February 3, 2021, Apple responded, claiming—without supporting evidence—that 5 of the 31 individuals were attorneys, and that it need not re-review any documents because the other 26 individuals, whom Apple had originally identified as lawyers, are **not** lawyers but "work at the direction of Apple's inhouse counsel on global security issues", or their "job responsibilities include assisting the Apple legal department with investigations concerning App Store operations and the app review process". (Ex. 4 at 1.) Apple provided no explanation as to why it had previously claimed these individuals as lawyers.

The ESI Protocol (Dkt. 245) requires that "Parties must identify lawyers on their privilege logs in one of two ways: (1) they may provide the other Parties with a list with the privilege log that names the lawyers on the list, identifying whether they are in-house or external counsel, or (2) they may designate in-house attorney names with an asterisk, and designate outside counsel attorney names with a double asterisk. To the extent attorneys are not identified in the above fields, they shall be identified in the Description or in a separate field." (*Id.* ¶ 12.)

The purpose of the Attorney List is to help Epic understand the basis for Apple's withholding a document. While it is true that a document may be privileged even if a lawyer does not appear as a sender or recipient, the Attorney List is intended to help an adverse party understand which documents fall into that category. If there is no lawyer on the document, the content should be reviewed with even more scrutiny. Apple's mis-identification of individuals on its Attorney List prevented Epic from timely and appropriately scrutinizing these log entries, and also calls into question the correctness of the privilege determinations that Apple made. If Apple reviewers believed these individuals were in fact attorneys, they may have marked documents as privileged that are not privileged.

On November 5, 2020 and November 24, 2020, Apple provided two Attorney Lists. Those lists contained 76 and 161 names, respectively, and comprise a total of 191 unique individuals. (Ex. 1; Ex. 2.) Each of Apple's Attorney Lists consists of a list of names of individuals identified as Apple in-house counsel. In addition to the Attorney Lists, several of Apple's logs also have a column "Attorney(s) on Email", which is populated with some of the same individuals listed in the Attorneys Lists. Since the ESI Protocol in this case was entered on November 2, 2020, Apple has served nine privilege logs, totaling over 46,000 entries.

Based on analysis of the privilege logs that Apple served on February 1, 2021, and research Epic had done using publicly available sources such as LinkedIn, Epic believed that up to 31 of the individuals listed as attorneys in the Attorney Lists were not, in fact, attorneys.

Hours after the issue came to Epic's attention, on February 3, 2021, Epic sent the letter to Apple described above. Given the urgency of the matter, the pressing discovery deadline, and the seeming ease for Apple to determine whether its own employees are lawyers or not, Epic asked for Apple's response by close of business on February 3, noting its intention to bring the issue to the Court's attention (if needed) for the February 5 hearing. (Ex. 3.)

Apple's February 3, 2021 response *confirmed* Epic's concerns. Apple refused to re-review any redacted or withheld documents. And yet Apple claimed, without any support, that only five of the 31 individuals identified by Epic are actually attorneys. Epic had concerns that even this information is not accurate, and indeed Apple now confirms below that only one of the "Attorneys" identified by Epic is actually an attorney. But more importantly, Apple concedes that it incorrectly identified as in-house counsel on its attorney lists at least 29 individuals. (Ex. 4 at 1.) These individuals' titles, according to public sources, belie any notion that they are attorneys.[1] Nor are they, as Apple suggests, all junior employees who work for attorneys. Claire Thwaites was Senior Director of Government Affairs, EMEIA. Jason Lundgaard is Senior Manager, Corporate Government Affairs. This raises the question of whether Apple withheld or redacted documents because they mis-identified it as being sent or received by a lawyer.

Attorney-client privilege exists to protect communications reflecting legal advice between a client and the client's *attorney*, not simply everyone who is legal-adjacent. Merely working in a legal department "at the direction of counsel", or even assisting a lawyer, does not suffice; it does not turn that individual into a lawyer who can provide legal advice shrouded in privilege. Apple's attorney lists are incorrect and misleading, and if Apple based its withholding of these documents solely on the "status" of these mis-identified attorneys—rather than the actual content of the documents—Apple appears also to have flouted the core requirements of privilege designation.

Apple appears to have withheld and redacted many documents based on the false representation that these individuals are attorneys. As just one example, one of the "Attorneys" who appeared frequently in the entries, Anthony Brunetto, appears as the only individual in the "Attorney(s) on Email" column for 69 entries on *one* log—covering productions made between January 22, 2021 and January 28, 2021. For example, Mr. Brunetto is the only "attorney" on entries described as "Email chain requesting legal advice from counsel re app review", "Email providing legal advice from counsel re app review guidelines", and "Email chain providing legal advice from counsel re app review guidelines". (*See* 1/22/21-1/28/21 Production Privilege Log, Entry Nos. 47, 54, 63.) But according to his LinkedIn profile, Mr. Brunetto is not and never was an attorney. He has an engineering degree from Devry University. With neither legal education nor a law license, Mr. Brunetto—who Apple explains is a "Technical Investigations and MFI, Production Services Engineer" (Ex. 4 at 1)—is not equipped to provide legal advice.

---

[1] These individuals are as follows:  Sue Cronin; Josh Tenuta; Benson Shing; Donald Shruhan; David Rice; Jeff Peng; Rena Lau; Stephen Sun; Anthony Brunetto; Katie Stivers; Patrick Burke; Sue Carroll; Stephanie Gwerder; Lorrie Bosse; Karina Garcia Rose; Lauren Hebb; Lauren Kelley; Lindsey Harrison; Amy Cornelison); Autumn Worley; Diana Loop; Catherine Stevenson; Joseph Wilkiemeyer; Robin Otis; Sara Otto; Tim O'Neil.

Apple says that Epic has not actually challenged any of the privilege designations set forth in the privilege logs. Epic is challenging every entry that relies on a person who Apple said was an attorney, and they are not. Moreover, Epic has asked Apple to re-review redacted documents whose privilege designations rely on these persons. The information as to whether those redactions are proper is in Apple's possession, not Epic's.

This is not harmless error. The purpose of the attorney identification requirement in the ESI Protocol is to identify whose advice is being sought or obtained. Apple's listing of non-lawyers as lawyers throws Apple's privilege process into question. Epic requests that the Court order Apple either (1) promptly to confirm, with supporting evidence, whether any of the individuals listed above are or were at relevant times lawyers, or (2) to provide an explanation for the mis-identification as lawyers of any of the individuals who is not a lawyer, and, by February 12, 2021, to re-review any documents withheld or redacted because of the participation of any of these individuals, to the extent they are not lawyers, and to produce any documents where the privilege assertion is unsupported.

In response, Apple constructs a strawman. Epic does not contest that administrative assistants or paralegals may relay legal advice, or that a privileged email must have a lawyer in the "to" or "from" fields. But that is not the justification that Apple provided on its privilege logs. Apple identified non-attorneys as attorneys, and asserted this identification as their basis for their privilege claims.

**Apple's Position**:  Epic's letter brief proceeds from the false premise that the attorney-client privilege and work-product doctrine extend only to documents prepared by licensed attorneys. That is wrong as a matter of law:  The privilege extends to communications made by representatives and agents working on behalf of an attorney, provided the communication is in connection with the transmission or solicitation of legal advice.

Against that legal background, Apple logged all documents withheld from production on the basis of privilege.  In order to assist Epic's counsel, Apple separately identified not only the licensed attorneys involved in preparing the privileged documents, but also the other individuals involved in providing or conveying legal advice with respect to the withheld documents—secretaries, paralegals, investigators, and other professionals.  Apple has included the names of these individuals on a so-called "Attorney List," although not all of them are licensed as attorneys in the jurisdictions where they work.

Contrary to Epic's unfounded assertion, Apple has not withheld documents as privileged simply because one of these individuals (or others listed on the "Attorney List") appear on those documents.  Rather, Apple has reviewed potentially privileged documents to determine whether the document reflects communications seeking or providing legal advice, and withheld or produced accordingly.  The names on the "Attorney List" are for the purpose of aiding counsel in their review, to indicate who are Apple's lawyers or people working directly with those lawyers.

Despite having had Apple's privilege logs and "Attorney List" for months, Epic first raised the issue that is the subject of this letter brief *yesterday*, February 3, at 9:39 AM PT, by inquiring about whether 30 (out of 191) individuals identified on Apple's "Attorney Lists" were "lawyers during the relevant time." Ex. 3.[2]  Apple promptly investigated, and responded to Epic's inquiry the same day, explaining:  "The individuals you identify in your letter are inhouse attorneys, litigation specialists, members of Apple's legal department, or employees who regularly work at the direction of counsel." Ex. 4.  Apple also provided each individual's job title or responsibility.  *Id.*

Then, at midnight, Epic provided Apple with its half of a letter brief and demanded that Apple respond by 9:00 AM PT today.  In neither its initial letter to Apple nor in its letter brief has Epic challenged the withholding of any specific documents as privileged.  While there is no impasse on any issue, Apple nevertheless sets forth its position below.

**Background:**  For more than a year, Apple has been engaged in a massive document production to the class plaintiffs and, more recently, Epic.  Apple has to date reviewed close to 20 million documents, and has produced millions of documents to plaintiffs in response to their custodial and non-custodial requests.  This production has been made on a rolling basis, with documents produced in volumes.  Shortly after producing most volumes, Apple has also produced privilege logs identifying the documents withheld from that particular volume on the basis of privilege.  To date, Apple has produced 19 separate privilege logs encompassing over 119,000 entries.

As the Court is aware, the parties have negotiated an ESI Protocol providing that "[d]ocuments withheld from discovery on the basis of privilege will be described on a log containing information sufficient to enable the receiving Party to evaluate the claims made . . . ." *Epic*, Dkt. 143 § 12. Epic does not dispute that Apple's logs comply with this requirement.  Rather, Epic takes issue

---

[2] Lauren Hebb and Lauren Kelley are the same person—there are thus 30 individuals, not 31, identified in Epic's letter.

with Apple's implementation of a subsidiary provision which states, in full: "Parties must identify lawyers on their privilege logs in one of two ways: (1) they may provide the other Parties with a list with the privilege log that names the lawyers on the list, identifying whether they are in-house or external counsel, or (2) they may designate in-house attorneys with an asterisk, and designate outside counsel attorney names with a double asterisk." *Id.* Apple followed the first option, listing Apple lawyers as well as their agents, including paralegals, investigators, and others who work at their direction.

Epic complains that it could not confirm from public sources that 30 of the individuals identified by Apple are licensed attorneys in the various jurisdictions where they work. Apple has further investigated Epic's list and confirmed that one of them (Annie Chan) *is* an in-house attorney. Epic demands that Apple be ordered to explain its "mis-identification" of the other 29 individuals, and to re-review the documents with which they are connected. That demand is off-base.

**Discussion**. "A document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds." *MGA Entm't, Inc. v. Nat'l Prods. Ltd.*, No. 10-CV-7083, 2012 WL 3150532, at *3 (C.D. Cal. Aug. 2, 2012). It is well-established that "the privilege will protect communications made by the client to the attorney's ministerial employees (e.g., secretary, paralegal)." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1070 n.2 (N.D. Cal. 2002). Additionally, "documents subject to the privilege may be transmitted between non-attorneys to relay information requested by attorneys," or, "documents subject to the privilege may be transmitted between non-attorneys (especially individuals involved in corporate decision-making) so that the corporation may be properly informed of legal advice and act appropriately." *MGA Entm't*, 2012 WL 3150532, at *3; *see also Kennis v. Metro. W. Asset Mgmt., LLC*, No. 15-CV-8162, 2018 WL 5274166, at *7 (C.D. Cal. June 11, 2018) (holding privilege log "not deficient merely because they do not always list an attorney as the sender or recipient on a particular entry because reflection of the content of a specific attorney communication may be protected by the attorney-client privilege").

All of the people about whom Epic now complains worked in the relevant time period either in or directly in coordination with Apple's legal department. Epic has no legitimate basis to question Apple's assertion of privilege over documents sent and received by the functional equivalent of paralegals, legal secretaries, and investigators. Its assertion that the attorney-client privilege extends only to those communications that include an attorney as a sender or recipient is flatly contradicted by the law. And its assertion that Apple invoked the privilege based on a mistaken belief that these individuals were attorneys has no basis in fact.

More specifically, 13 of the 29 individuals in question worked at the relevant time in Apple's legal department.[3] Another 7 people worked within discrete business subgroups at Apple, but were responsible for legal issues arising within those subgroups and reported to the legal department.[4] 8 of the remaining individuals work directly for lawyers within Apple's legal department in

---

[3] These individuals are Sue Carroll, Sue Cronin, Lindsey Harrison, Stephanie Gwerder, Lauren Kelly (Hebb), Rena Lau, Diana Loop, Fiona Nolan, Tim O'Neil, Robin Otis, Sara Otto, Karina Garcia Rose, and Josh Tenuta.

[4] These individuals are Lorrie Bosse, Patrick Burke, Amy Cornelison, Cathy Foster, Jason Lundgaard, David Rice, and Claire Thwaites.

connection with global security issues.[5]  The last individual—Katie Stivers—frequently supports the legal team in various capacities, but in any event, the documents involving Ms. Stivers withheld in the *Epic* matter are independently privileged because of the presence of many other attorneys.

Epic asserts that "Apple concedes that it incorrectly identified as in-house counsel on its attorney lists at least 29 individuals." *Supra* at 3.  Not so.  Apple agrees that it included on its "Attorney List" all individuals involved in providing legal advice or creating work product, and that not all of those individuals are attorneys.  Apple did not intend to imply that every one of them was a lawyer, and when questioned by Epic, Apple explained the role of each.  The purpose of the list was, as the ESI Protocol contemplates to provide "information sufficient to enable the receiving Party to evaluate the claims made." *Epic*, Dkt. 143 § 12.  Epic does not contend that it lacks such information.

To reiterate, Epic has not actually challenged *any* of the privilege designations set forth in detail in Apple's privilege logs.  Rather, Epic purports to "challeng[e] every entry that relies on a person who Apple said was an attorney, and they are not." *Supra* at 4.  Yet in practically the same breath, Epic concedes that "documents may be privileged even if they were not received or sent by an attorney." *Id.* at 2.  There is accordingly no basis for Epic to ask Apple to re-review all documents associated with the names on Epic's list, or to ask this Court to order Apple to do so.  If Epic questions the privilege determinations asserted as to specific documents, the ESI Protocol sets forth a challenge procedure. *Epic*, Dkt. 143 § 12.  It is Epic, not Apple, that has failed to abide by that Protocol.

---

[5] These individuals are Anthony Brunetto, Jeff Peng, David Rice, Benson Shing, Donald Shruhan, Catherine Stevenson, Stephen Sun, and Autumn Worley

Dated: February 4, 2021

FAEGRE DRINKER BIDDLE & REATH LLP
   Paul J. Riehle

CRAVATH, SWAINE & MOORE LLP
   Christine Varney
   Katherine B. Forrest
   Gary A. Bornstein
   Yonatan Even
   Lauren A. Moskowitz
   M. Brent Byars

Respectfully submitted,

By:     */s/* Lauren A. Moskowitz

   Lauren A. Moskowitz
   *Attorneys for Plaintiff Epic Games, Inc.*

Dated: February 4, 2021

GIBSON, DUNN & CRUTCHER LLP
   Theodore J. Boutrous Jr.
   Richard J. Doren
   Daniel G. Swanson
   Mark A. Perry
   Veronica S. Lewis
   Cynthia E. Richman
   Jay P. Srinivasan
   Ethan D. Dettmer
   Eli M. Lazarus
   Harry Phillips

Respectfully submitted,

By:     */s/* Mark A. Perry
   Mark A. Perry
   *Attorneys for Defendant Apple Inc.*

**E-FILING ATTESTATION**

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/* Lauren A. Moskowitz
Lauren A. Moskowitz