PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
**REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

VANESSA A. LAVELY (*pro hac vice*)
vlavely@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | Case No. 4:11-cv-06714-YGR-TSH |
| v. | Case No. 4:19-cv-03074-YGR-TSH |
| APPLE INC., | |
| *Defendant, Counterclaimant.* | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | **STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY** |
| DONALD R. CAMERON, *et al.*, | |
| *Plaintiffs,* | Hon. Yvonne Gonzalez Rogers Hon. Thomas S. Hixson |
| v. | |
| APPLE INC., | |
| *Defendant.* | |

WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* and *Cameron v. Apple Inc.* agreed to a Stipulated Protective Order on January 6, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 195; Case No. 4:19-cv-03074-YGR, Dkt. No. 81);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 199; Case No. 4:19-cv-03074-YGR, Dkt. No. 85) (the "Protective Order");

WHEREAS, parties to *Epic Games, Inc. v. Apple Inc.* agreed that the terms of the Stipulated Protective Order in *Cameron v. Apple Inc.* and *In re Apple iPhone Antitrust Litigation* should also apply in *Epic Games, Inc. v. Apple Inc.* (Case No. 4:20-cv-05640, Dkt. No. 110) (collectively, the "Litigations"), and the Court entered a stipulated protective order in *Epic Games, Inc. v. Apple Inc.* on October 2, 2020 with identical terms (Case No. 4:20-cv-05640, Dkt. No. 112);

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the Litigations have served subpoenas on Spotify USA Inc. ("Spotify")[1];

WHEREAS Spotify is willing to produce competitively sensitive information in response to subpoenas served on it in these Litigations, subject to certain additional protections beyond those set forth in the Protective Order and that the Parties to the Litigations agree to;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Spotify in connection with the Litigations shall be further subject to the following provisions (the "Supplemental Protective Order"):

---

[1] The term "Spotify" shall include any entity that responds to subpoenas served on Spotify USA Inc. in the Litigations.  References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Spotify USA Inc. and its parents and subsidiaries.

**A.**   **GENERAL PROVISIONS**

1.      The  definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.      The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Spotify, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Protective Order.

**B.**   **ADDITIONAL DEFINITIONS**

1.      Business Consultant:  a consultant advising on or involved in competitive decision-making.

2.      Party Expert:  with respect to "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the Litigations who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Spotify, or of any Spotify competitor, or otherwise currently involved in competitive decision-making for a Party, Spotify, or for any Spotify competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Spotify, or Spotify's  competitor, or otherwise been involved in competitive decision-making for a Party, Spotify, or Spotify's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Spotify, or of any Spotify competitor, or to be otherwise involved in competitive decision-making for a Party or for any Spotify competitor.  If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Spotify or

2

any Spotify competitor, or otherwise involved in competitive decision-making for Spotify or any Spotify competitor, the Party learning such information shall promptly disclose the information to Spotify.

3. "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" produced by Spotify and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Spotify's data protection practices and security protocols; evaluation of the strengths and vulnerabilities of Spotify's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Spotify or competitors to Spotify; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Spotify's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**C. ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF SPOTIFY PROTECTED MATERIALS**

1. Manner of Designating "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental Protective Order requires:

a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Spotify affix the

3

legend "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Spotify seeks protection under this Supplemental Protective Order.  If only a portion or portions of the material on a page qualifies for protection, Spotify also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Spotify makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, Spotify must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order.  Then, before producing the specified documents, Spotify must affix the appropriate legend ("SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material.  If only a portion or portions of the material on a page qualifies for protection, Spotify also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that Spotify identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Spotify may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order.  Alternatively, Spotify may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "<u>SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>."

4

Spotify and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY".  Spotify shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that Spotify affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If only a portion or portions of the information or item warrant protection, Spotify, to the extent practicable, shall identify the protected portion(s).

2.    Disclosure of "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by Spotify, a Party may disclose any information or item designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

5

(a)       the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

(b)       Designated House Counsel of the Party, but only in the event that (i) information designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in these Litigations; (ii) the Party discloses to Spotify the relevant excerpts from the work product that include the information designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) Spotify provides consent to the disclosure, which shall not unreasonably be withheld;

(c)       Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)       the Court and its personnel;

(e)       court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(f)       the author or recipient of a document containing the information.

3.       All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material

6

at trial shall be governed by a separate agreement or order shall not apply to information designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY".  Unless otherwise ordered by the Court or expressly permitted by Spotify, no Party seeking to introduce documents or information designated "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

/ / /

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2   Dated:  February 4, 2021          By:    */s/ Vanessa A. Lavely*
                                              **CRAVATH, SWAINE & MOORE LLP**
3                                             Christine Varney (*pro hac vice*)
                                              Katherine B. Forrest  (*pro hac vice*)
4                                             Gary A. Bornstein  (*pro hac vice*)
                                              J. Wesley Earnhardt (*pro hac vice*)
5                                             Yonatan Even  (*pro hac vice*)
                                              Lauren A. Moskowitz  (*pro hac vice*)
6                                             Vanessa A. Lavely (*pro hac vice*)
                                              M. Brent Byars  (*pro hac vice*)
7                                             825 Eighth Avenue
                                              New York, New York 10019
8                                             Telephone: (212) 474-1000
                                              Facsimile: (212) 474-3700
9                                             cvarney@cravath.com
                                              kforrest@cravath.com
10                                            gbornstein@cravath.com
                                              yeven@cravath.com
11                                            lmoskowitz@cravath.com
                                              mbyars@cravath.com
12
                                              **FAEGRE DRINKER BIDDLE & REATH LLP**
13                                            Paul J. Riehle (SBN 115199)

14                                            *Attorneys for Plaintiff Epic Games, Inc.*

15   Dated:  February 4, 2021          By:    */s/ Nicole Castle*
                                              **MCDERMOTT WILL & EMERY LLP**
16                                            Michelle Lowery (SBN 302882)
                                              2049 Century Park East, Suite 3200
17                                            Los Angeles, CA 90067
                                              Telephone (310) 277-4110
18                                            mslowery@mwe.com

19                                            **MCDERMOTT WILL & EMERY LLP**
                                              Peter John Sacripanti (*pro hac vice*)
20                                            John J. Calandra (*pro hac vice*)
                                              Nicole Castle (*pro hac vice*)
21                                            340 Madison Avenue
                                              New York, NY 10173
22                                            Telephone:  (212) 547-5400
                                              psacripanti@mwe.com
23                                            jcalandra@mwe.com
                                              ncastle@mwe.com
24

25

26

27                                            8

28

1

2

3

4

5

                                                  **MCDERMOTT WILL & EMERY LLP**
Elizabeth Rodd (*pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone:  (617) 535-4000
erodd@mwe.com

*Attorneys for Defendant Apple Inc.*

6

Dated:  February 4, 2021        By:      */s/ Rachele R. Byrd*

7

                                                  **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677

*Consumer Plaintiffs' Interim Class Counsel*

8

9

10

11

12

13

14

15

16

Dated:  February 4, 2021        By:      */s/ Robert F. Lopez*

17

                                                  **HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (SBN 217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Developer Plaintiffs' Interim Class Counsel*

18

19

20

21

22

23

24

25

26

27

28

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

4  DATED: _____          _____

                                    HON. YVONNE GONZALEZ ROGERS
5                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION REGARDING CONCURRENCE**

2         I, Vanessa A. Lavely, am the ECF User whose ID and password are being used to file this

3   document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories

4   identified above has concurred in this filing.

5

6   Dated:  February 4, 2021          CRAVATH, SWAINE & MOORE LLP

7                                      By:/s/ *Vanessa A. Lavely*
                                         Vanessa A. Lavely
8                                        Attorney for Plaintiff Epic Games, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28