BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677

Interim Class Counsel for the Plaintiffs in *In re Apple iPhone Antitrust Litigation*, No. 4-11-cv-06714-YGR

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                                    Plaintiff,<br><br>          vs.<br><br>APPLE INC.,<br><br>                                    Defendant. | Case No. 4:20-cv-05640-YGR<br><br>**CONSUMER PLAINTIFFS' *AMICUS* BRIEF REGARDING TRIAL ELEMENTS, LEGAL FRAMEWORK AND REMEDIES**<br><br>JUDGE:      Hon. Yvonne Gonzalez Rogers<br>CTRM:       1 – 4th Floor |
| APPLE INC.,<br><br>                                    Counterclaimant,<br><br>          vs.<br><br>EPIC GAMES, INC.,<br><br>                                    Counter-Defendant. | |

1  Pursuant to the Court's October 21, 2020 Order (ECF No. 132), Plaintiffs in *In re Apple*

2  *iPhone Antitrust Litigation*, No. 4-11-cv-06714-YGR (the "Consumer Plaintiffs") hereby submit

3  this *amicus* brief to respond to certain limited portions of the parties' Joint Submission

4  Regarding Trial Elements, Legal Framework and Remedies (ECF No. 276) (the "Joint

5  Submission").  Consumer Plaintiffs reserve all their rights to address at a later date in *In re Apple*

6  *iPhone Antitrust Litigation*, No. 4-11-cv-06714-YGR, any issue addressed in the Joint

7  Submission, whether or not Consumer Plaintiffs address it in this *amicus* brief.

8  **I.    Relevant Market—Product Market Definition (Joint Submission, § 4.1)**

9       **a.   Analytical Framework (Joint Submission, § 4.1.1)**

10  Consumer Plaintiffs agree with the Undisputed Principles and Epic's Position on the

11  Disputed Principles.  With regard to Apple's reference to two-sided transaction platforms,

12  Consumer Plaintiffs incorporate by reference their discussion of the distinction between two-

13  sided platforms in general and two-sided *transaction* platforms, *infra.*, a distinction which Apple

14  blurs.

15  **II.   Single-Brand Markets (Joint Submission, § 4.1.2)**

16  Consumer Plaintiffs agree with the parties' Undisputed Principles.  Consumer Plaintiffs

17  also agree with Epic's Position on the Disputed Principles, including its distinction of Apple's

18  citations.  *See* Joint Submission at 13-14.

19  In addition, to the extent Apple includes its discussion of a single-brand market involving

20  two-sided transaction platforms to imply that Apple's App Store is a two-sided transaction

21  platform like the one described in *Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018) ("*Am. Ex.*"),

22  Consumer Plaintiffs dispute that implication.  As the Supreme Court explained in *Am. Ex.*, a two-

23  sided transaction platform is "best understood as supplying only one product – *transactions* –

24  which is jointly consumed" by the parties on both sides of the platform.  *Id.* at 2286 n.8.  In

25  contrast, shortly after deciding *Am. Ex.*, the Supreme Court explained in *Apple v. Pepper*, 139 S.

26  Ct. 1514, 1518 (2019), that Apple's App Store is an "electronic store where iPhone owners can

27  purchase iPhone applications from Apple."  *Id.*  The Supreme Court did not identify the App

28  Store as a two-sided transaction platform because it does not sell a single product that is jointly

1    consumed by parties on both sides of the transaction the way that the ancillary credit card

2    transactions were in *Am. Ex.*  The fact that Apple collects payments from its customers (iOS

3    device owners who download apps onto their devices) and remits payments to its suppliers (the

4    app developers) does not make the App Store a two-sided transaction platform any more than a

5    corner grocery, which does the same thing.  *See also Pepper*, 139 S. Ct. at 1519 (Apple App

6    Store is a monopolistic retailer overcharging consumers); *id.* at 1523 ("If the retailer's unlawful

7    monopolistic conduct caused a consumer to pay the retailer a higher-than-competitive price, the

8    consumer is entitled to sue the retailer under the antitrust laws.")

9         The nature of the App Store does not change – and it does not become a two-sided

10   transaction platform – merely because consumers and suppliers have asserted independent claims

11   against Apple. "Multiple suits are not atypical when the intermediary in a distribution chain is a

12   bottleneck monopolist or monopsonist (or both) between the manufacturer on the one end and

13   the consumer on the other end.  A retailer who is both a monopolist and a monopsonist may be

14   liable to different classes of plaintiffs – both to downstream consumers and to upstream suppliers

15   – when the retailer's unlawful conduct affects both the downstream and upstream markets."

16   *Pepper*, 139 S. Ct. at 1525.

17        Not all two-sided platforms fit the above description of a two-sided *transaction* platform.

18   For example, grocery stores, shopping malls, and the Apple App Store provide distinct services

19   to consumers and app developers, and consumers can visit those platforms without a clear

20   counterparty in mind (*e.g.*, an app) for purchase.  Therefore, they do not fit the definition of the

21   two-sided *transaction* platform discussed in *Am. Ex.*

22   **III.    Two-Sided Platforms (Joint Submission, § 4.1.4)**

23        Consumer Plaintiffs agree with the Undisputed Principles and with Epic's Position on the

24   Disputed Principles.

25        Further, to the extent Apple's disputed position on two-sided platforms and its citation to

26   *Am. Ex.*, 138 S. Ct. at 2280, which involved a two-sided *transaction* platform, is meant to imply

27   that Apple's App Store is a two-sided *transaction* platform, Consumer Plaintiffs dispute that

28   implication and incorporate by reference its discussion in Section II, *supra*.

1    Moreover, the "pronounced" indirect networks effects and "interconnected pricing and
2    demand" exhibited by the two-sided *transaction* platform at issue in *Am. Ex.* existed because of
3    the single, simultaneous transaction.  *Id.*, 138 S. Ct. at 2286.  Not all two-sided platforms
4    experience these effects and pricing and demand interconnection.  Further, the platform in *US*
5    *Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019), cited by Apple, was also a
6    two-sided *transaction* platform.  *Id.* at 58.

7    **IV.    Section 2 of the Sherman Act—Monopolization—Monopoly Power (Joint**
8    **Submission, § 7.1)**

9    Consumer Plaintiffs agree with the Undisputed Principles and with Epic's Position on the
10   Disputed Principles.  With regard to Apple's citation to *Am. Ex.*, 138 S. Ct. at 2281 n.1 for the
11   proposition that in two-sided platform markets "[i]ndirect network effects [] limit [a] platform's
12   ability to raise overall prices and impose a check on its market power," Consumer Plaintiffs
13   incorporate herein by reference their discussion in Sections II and III, *supra*, of the distinction
14   between two-sided platforms in general and the two-sided *transaction* platform at issue in *Am.*
15   *Ex.*  Not all two-sided platforms experience indirect network effects.

16   **V.    Section 2 of the Sherman Act—Monopolization—Willful Maintenance of Monopoly**
17   **Power—Anticompetitive Effects (Joint Submission, § 7.2.2)**

18   Consumer Plaintiffs agree with the Undisputed Principles, except for the statement that in
19   a two-sided market, courts must take into consideration the effects of the defendant's conduct on
20   both sides of the market, citing *Am. Ex.*, 138 S. Ct. at 2287.  As discussed *supra* in Sections II
21   through IV, the two-sided platform in *Am. Ex.* was a two-sided *transaction* platform.  While that
22   statement may be accurate as to two-sided *transaction* platforms, it does not apply to all two-
23   sided platforms.

24   Consumer Plaintiffs agree with Epic's Position.  With regard to Apple's discussion of
25   two-sided transaction platforms, Consumer Plaintiffs incorporate by reference their discussion of
26   this issue in Sections II through IV, *supra*.

27   / / /

28   / / /

1    DATED:  February 5, 2021              **WOLF HALDENSTEIN ADLER**
                                             **FREEMAN & HERZ LLP**
2

3                                          BETSY C. MANIFOLD
                                           RACHELE R. BYRD
4                                          BRITTANY N. DEJONG

5
                                            */s/ Rachele R. Byrd*
6                                              RACHELE R. BYRD

7                                          750 B Street, Suite 1820
                                           San Diego, CA 92101
8                                          Telephone:  619/239-4599
                                           Facsimile:  619/234-4599
9
                                           **WOLF HALDENSTEIN ADLER**
10                                            **FREEMAN & HERZ LLP**
                                           MARK C. RIFKIN
11                                         MATTHEW M. GUINEY
                                           270 Madison Avenue
12                                         New York, NY 10016
                                           Telephone:  212/545-4600
13                                         Facsimile:  212/545-4677

14                                         Interim Class Counsel for Consumer Plaintiffs in
                                           *In re Apple iPhone Antitrust Litigation*,
15                                         No. 4-11-cv-06714-YGR

16

17

18

19

20

21

22

23

24

25   Apple2:27029

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Alexandra Loutsenhizer, the undersigned, declare:

3

     1.     That declarant is and was, at all times herein mentioned a resident of the County

4

of San Diego, over the age of 18 years, and not a party to or interested in the within action; that

5

declarant's business address is 750 B Street, Suite 1820, San Diego, CA 92101.

6

     2.     That on February 5, 2021, declarant served the foregoing:

7

**CONSUMER PLAINTIFFS' *AMICUS* BRIEF REGARDING TRIAL ELEMENTS, LEGAL FRAMEWORK AND REMEDIES**

8

by electronic mail to the counsel listed on the attached service list.

9

     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th

10

day of February 2021, at San Diego, California.

11

12

13

                                    ALEXANDRA LOUTSENHIZER

14

15

16

17

18

19

20

21

22

23

24

25

27031

26

27

28

-1-

CERTIFICATE OF SERVICE

Case Nos.: 4:20-cv-05640-YGR-TSH; 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH

IN RE APPLE iPHONE ANTITRUST LITIGATION
Case Nos.: 4:20-cv-05640-YGR-TSH; 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH
Service List – February 1, 2021
Page 1

## PLAINTIFFS' INTERIM CLASS COUNSEL

Betsy C. Manifold
Rachele R. Byrd
Brittany N. DeJong
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
        619/239-4599
        619/234-4599 (fax)
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

Mark C. Rifkin
Matthew M. Guiney
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY  10016
        212/545-4600
        212/545-4677 (fax)
rifkin@whafh.com
guiney@whafh.com

David C. Frederick
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW Suite 400
Washington, D.C. 20036
        202/326-7900
        202/326-7999 (fax)
dfrederick@kellogghansen.com

## COUNSEL FOR DEFENDANT APPLE INC.

Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Jay P. Srinivasan
Dana Lynn Craig
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
        213/229-7000
        213/229-7520 (fax)
tboutrous@gibsondunn.com
rdoren@gibsondunn.com
dswanson@gibsondunn.com
jsrinivasan@gibsondunn.com
dcraig@gibsondunn.com

Cynthia E. Richman
Harry R. S. Phillips
Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
        202/955-8234
        202/530-9691 (fax)
crichman@gibsondunn.com
hphillips2@gibsondunn.com
mperry@gibsondunn.com

Veronica S. Lewis
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
        214/698-3100
        214/571-2900 (fax)
vlewis@gibsondunn.com

Ethan Dettmer
Eli M. Lazarus
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
        415/393-8200
        415/393-8306 (fax)
edettmer@gibsondunn.com
elazarus@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

David R. Eberhart
Anna T. Pletcher
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
        415/984-8700
        415/984-8701 (fax)
deberhart@omm.com
apletcher@omm.com

Katrina Robson
Evan Schlom
Elena Zarabozo
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
        202/383-5300
        202/383-5414 (fax)
krobson@omm.com
eschlom@omm.com

IN RE APPLE iPHONE ANTITRUST LITIGATION
Service List – January 1, 2021
Page 2

ezarabozo@omm.com

Scott Schaeffer
O'MELVENY & MYERS LLP
Plaza 66, Tower 1, 37th Floor
1266 Nanjing Road West
Shanghai 200040, China
    86-21-2307-7000
    86-21-2307-7300 (fax)
sschaeffer@omm.com

Michelle Lowery
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
    310/277-4110
    310/277-4730 (fax)
mslowery@mwe.com

Hannah L. Cannom
Bethany M. Stevens
WALKER STEVENS CANNOM LLP
500 Molina Street #118
Los Angeles, CA 90013
    213/337-9972
    213/403-4906
hcannom@wscllp.com
bstevens@wscllp.com

DEVELOPER PLAINTIFFS' INTERIM CLASS COUNSEL

Steve W. Berman
Robert F. Lopez
Ronnie Seidel Spiegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
    206/623-7292
    206/623-0594 (fax)
steve@hbsslaw.com
robl@hbsslaw.com
ronnie@hbsslaw.com
tedw@hbsslaw.com

Shana E. Scarlett
Benjamin J. Siegel
Ben Harrington
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

    510/725-3000
    510/725-3001 (fax)
shanas@hbsslaw.com
bens@hbsslaw.com
benh@hbsslaw.com

COUNSEL FOR INTERESTED PARTY EPIC GAMES, INC.

Christine A. Varney
Katherine B. Forrest
Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
M. Brent Byars
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
    212/474-1000
    212/474-3700
cvarney@cravath.com
kforrest@cravath.com
gbornstein@cravath.com
yeven@cravath.com
lmoskowitz@cravath.com
mbyars@cravath.com
epic-mobileapps@cravath.com

Paul J. Riehle
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center
San Francisco, CA 94111
    415/591-7500
    415/591-7510 (fax)
paul.riehle@faegredrinker.com

18652