UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff and Counter-Defendant,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant and Counterclaimant. | Case No. 20-cv-05640-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 319 |

In this case, Apple has served several privilege logs with many thousands of entries. Separate from the logs, Apple has served "Attorney Lists" that, at least as titled, would suggest to any reasonable reader that these are lists of Apple's in-house counsel. *See, e.g.*, ECF Nos. 319-1 & 319-2. On February 3, 2021, Epic Games sent Apple a letter stating that it could not find evidence that 31 of the people in the Attorney Lists are lawyers. ECF No. 319-3. Apple responded the same day stating that the individuals identified in the letter are in-house attorneys, litigation specialists, members of Apple's legal department, or employees who regularly work at the direction of Apple. The letter then listed each individual and their relevant title or responsibility.

In the joint discovery letter brief at ECF No. 319, Epic asks the Court to order Apple to provide evidence that any of these 31 individuals are lawyers or, for those who are not, to provide an explanation for the misidentification of non-lawyers as lawyers and by February 12, 2021 to re-review any documents withheld or redacted because of the participation of any of these non-lawyers.

1    Let's think about this for a bit.  First of all, it was misleading for Apple to list non-lawyers
2    on the Attorney Lists.  Anyone reading those Attorney Lists would have understood them to be a
3    list of attorneys.  The Court is not suggesting that Apple intended to mislead – there is no evidence
4    of that – but Epic's surprise at discovering that some of these individuals were not lawyers is
5    understandable.
6    But in context, this was misleading only to the reader.  The fact that Apple responded to
7    Epic's letter in a little bit less than 12 hours with (for the most part) everyone's job title or role and
8    the explanation that some of the people listed in the Attorney Lists were not lawyers but were
9    members of Apple's legal department or employees who regularly worked at the direction of
10   counsel shows that Apple knew this already.  It is true that in this quickly written letter, Apple
11   misidentified four people as attorneys who were not, but given the number of non-attorneys who
12   were correctly identified as such, it is clear that Apple did not think its Attorney Lists were lists of
13   only attorneys.  And Epic acknowledges that documents may be privileged even if they were not
14   received or sent by an attorney.  If Apple itself had some broad misunderstanding that everyone on
15   the lists were attorneys when several were not, then of course it would make sense to order Apple
16   to re-review withheld or redacted documents involving those people.  But there is no reason to
17   think that is true.  The Court does not believe that a handful of errors in a meet-and-confer letter
18   sent after 9pm in response to a demand for a same-day response and a threat to file a discovery
19   letter brief the following day is evidence that Apple's document reviewers misunderstood who
20   those individuals were at the time they did privilege review.  Apple explains that "Apple has not
21   withheld documents as privileged simply because one of these individuals (or others listed on the
22   'Attorney List') appear on those documents.  Rather, Apple has reviewed potentially privileged
23   documents to determine whether the document reflects communications seeking or providing legal
24   advice, and withheld or produced accordingly.  The names on the 'Attorney List' are for the
25   purpose of aiding counsel in their review, to indicate who are Apple's lawyers or people working
26   directly with those lawyers."
27   Again, it was sloppy to include non-lawyers on something called an Attorney List, and the
28   Court understands why Epic was confused.  But there is no reason to think Apple was confused

and therefore no reason to order Apple to do any re-review.  As for Epic's request for proof of which individuals among the 31 are attorneys, there is no basis for that relief either.  Epic's motion is denied.

**IT IS SO ORDERED.**

Dated: February 8, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge