# Exhibit D

| | |
|---|---|
| **From:** | Gary Bornstein |
| **Sent:** | Saturday, February 13, 2021 2:50 PM |
| **To:** | Perry, Mark A. |
| **Cc:** | Brendan Blake; Richman, Cynthia; Phillips, Harry; Wesneski, Joshua; Lauren Moskowitz |
| **Subject:** | Re: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH |

Mark,

Your email does not fully capture the concerns I expressed on our call last night, nor does it fully capture the concerns that Epic has after further considering your proposal.  We cannot agree to an indefinite extension to two of Apple's reports.  We have a schedule that, as both parties have observed in various contexts, requires the initial exchange of expert reports on the same day that fact discovery ends.  That has made it challenging for both sides' experts to incorporate the complete fact discovery record into their reports and analyses.  Allowing Apple a unilateral extension to the deadline for two of its reports would enable Apple to continue refining all aspects of those reports with the luxury of more time with the discovery record than Epic has had -- a problem exacerbated by the fact that Apple has produced nearly 140,000 documents in just the past week, and approximately half a million documents in the week before that.

As communicated in a separate email, we have made the July 2018 data available to you again, but we do not expect -- and you have not claimed -- that this one month of data is critical to the analyses your experts are performing.  Moreover, you have had complete July 2018 data for most fields in the data set since at least January 22.  One data field for one month out of the very large data set at issue does not warrant the lopsided benefit that Apple seeks.  We have also separately communicated that the PS4_Bad variable, which is likewise confined to a single month, can and should be ignored.  The two other issues you have identified are of substantially smaller magnitude and address only a subset of Android users for a limited period of time.  In other words, we believe Apple is substantially overstating any issues with the data Epic has provided.

Regardless, as I communicated last night, Epic does not seek to jam Apple or its experts in preparing the reports and is willing to allow Apple a short extension if Apple believes it necessary, but any such extension would need to apply to both sides' reports.  Epic will be prepared to file its reports on February 15 pursuant to the schedule, and Epic would be amenable to a short mutual extension, but Epic cannot agree to give Apple additional time that Epic does not receive.  Let me know if it would be helpful to talk.
-Gary


| | |
|---|---|
| From: | "Perry, Mark A." <MPerry@gibsondunn.com> |
| To: | "GBornstein@cravath.com" <GBornstein@cravath.com> |
| Cc: | "Brendan Blake" <bblake@cravath.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>, "Phillips, Harry" <HPhillips2@gibsondunn.com>, "Wesneski, Joshua" <JWesneski@gibsondunn.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com> |
| Date: | 02/13/2021 12:16 PM |
| Subject: | Re: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH |

External (mperry@gibsondunn.com)

Report This Email  FAQ

Gary,

In addition to responding to our proposal, would you or your team please let us know when to expect a replacement dataset that includes the data from July 2018.  We are trying to get these reports done but we need the data – which are in Epic's possession but have not been delivered in complete or usable form to date.

Thank you.

MAP

**Mark A. Perry**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com

**From:** Gary Bornstein <GBornstein@cravath.com>
**Date:** Friday, February 12, 2021 at 11:29 PM
**To:** Mark Perry <MPerry@gibsondunn.com>
**Cc:** Brendan Blake <bblake@cravath.com>, Cynthia Richman* <CRichman@gibsondunn.com>, "Harry R. Phillips*" <HPhillips2@gibsondunn.com>, Joshua Wesneski* <JWesneski@gibsondunn.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>
**Subject:** Re: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

[External Email]
Mark -- I saw your note to Ms. Maher. I am hopeful it does not come to that.

In the meantime, I am letting you know that because of the hour and the need to discuss with Epic, I may not be able to have an answer for you on the proposal below until tomorrow.

-Gary

From:     "Perry, Mark A." <MPerry@gibsondunn.com>
To:       "Brendan Blake" <bblake@cravath.com>, "GBornstein@cravath.com" <GBornstein@cravath.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>
Cc:       "Richman, Cynthia" <CRichman@gibsondunn.com>, "Phillips, Harry" <HPhillips2@gibsondunn.com>, "Wesneski, Joshua" <JWesneski@gibsondunn.com>
Date:     02/12/2021 09:12 PM
Subject:  Re: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

Gary,

On our call today you expressed the concern that Apple's experts would have Epic's reports before the Apple reports are finalized. To address that concern, we propose that the expert reports unaffected by Epic's data deficiency be served in password-protected form on February 15. When we serve the two reports that are affected by Epic's data deficiency, then the parties can also exchange passwords. That way everyone gets access to all the reports at the same time.

Please let me know Epic's position.

MAP


**Mark A. Perry**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com


**From:** Mark Perry <MPerry@gibsondunn.com>
**Date:** Friday, February 12, 2021 at 8:32 PM
**To:** Brendan Blake <bblake@cravath.com>, "GBornstein@cravath.com" <GBornstein@cravath.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>
**Cc:** Cynthia Richman* <CRichman@gibsondunn.com>, "Harry R. Phillips*" <HPhillips2@gibsondunn.com>, Joshua Wesneski* <JWesneski@gibsondunn.com>
**Subject:** Re: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

Brendan,

Please do let me know what in Harry's note of 4:04 PM is inaccurate and/or incomplete.

Thanks.

MAP


**Mark A. Perry**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com


**From:** Brendan Blake <bblake@cravath.com>
**Date:** Friday, February 12, 2021 at 6:59 PM
**To:** "Harry R. Phillips*" <HPhillips2@gibsondunn.com>, "cvarney@cravath.com" <cvarney@cravath.com>, "kforrest@cravath.com" <kforrest@cravath.com>, "GBornstein@cravath.com" <GBornstein@cravath.com>, "MByars@cravath.com" <MByars@cravath.com>, "YEven@cravath.com" <YEven@cravath.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>, Epic Mobile Apps <epic-mobileapps@cravath.com>

3

**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>, "tedw@hbsslaw.com" <tedw@hbsslaw.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Rifkin, Mark" <rifkin@whafh.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

[External Email]
Harry,

Epic does not agree to a unilateral extension for Apple to the February 15, 2021 deadline for service of expert reports. The recitation of facts in your email is inaccurate and incomplete. We are available to meet and confer if necessary.

Best,
Brendan

Brendan R. Blake
Cravath, Swaine & Moore LLP
Worldwide Plaza |825 Eighth Avenue
New York, NY 10019
T + 212-474-1003
bblake@cravath.com

**From:** Phillips, Harry <HPhillips2@gibsondunn.com>
**Sent:** Friday, February 12, 2021 4:04 PM
**To:** Christine Varney <cvarney@cravath.com>; Katherine Forrest <kforrest@cravath.com>; Gary Bornstein <GBornstein@cravath.com>; Brent Byars <MByars@cravath.com>; Yonatan Even <YEven@cravath.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; robl@hbsslaw.com; bens@hbsslaw.com; benh@hbsslaw.com; tedw@hbsslaw.com; byrd@whafh.com; dejong@whafh.com; Rifkin, Mark <rifkin@whafh.com>
**Subject:** Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH


Counsel:

In response to Apple's RFP 64, Epic first produced a set of Fortnite user data on January 22, and Apple subsequently identified a series of problems with the Epic data. Epic produced a replacement dataset on February 3, representing that the data were complete and accurate. In reliance on that representation, Apple's experts invested considerable time and effort analyzing the data in connection with upcoming reports. It was only earlier this week that anomalies in the data made it clear that the data produced by Epic were incomplete and deficient. After raising this deficiency with Epic, a replacement dataset was produced again on February 11. These were again unusable. On the morning of February 12, Epic provided the fourth iteration of this dataset.

Our consultants are currently confirming that the dataset produced this morning is complete and usable. Assuming that it is, our experts will still need to devote many hours to processing the new data, rerunning their existing analyses, and confirming their results and conclusions. Apple and its experts have been prejudiced by Epic's continued failure to produce complete and usable data in response to RFP 64. Initial expert reports are due to be served on February 15, yet Epic failed to deliver complete and usable data before February 12.

Our experts will make every effort to complete the reports that rely on these data by February 15.  In the event they are unable to do so, however, we expect that Epic will have no objection to a short extension of time for service of those reports.  If you do have any such objection, please let us know immediately so that we may schedule a conference with the Magistrate Judge this afternoon.  We are available to meet and confer and reserve all rights to seek necessary relief.

**Harry R. S. Phillips**


# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3706 • Fax +1 202.831.6049
HPhillips2@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

5

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.