# Exhibit F

| | |
|---|---|
| **From:** | Brendan Blake |
| **Sent:** | Saturday, February 13, 2021 9:00 PM |
| **To:** | Phillips, Harry; Perry, Mark A.; Christine Varney; Katherine Forrest; Gary Bornstein; Brent Byars; Yonatan Even; Lauren Moskowitz; Epic Mobile Apps |
| **Cc:** | *** GDC EpicLitTeam; robl@hbsslaw.com; bens@hbsslaw.com; benh@hbsslaw.com; tedw@hbsslaw.com; byrd@whafh.com; dejong@whafh.com; Rifkin, Mark |
| **Subject:** | RE: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH |

Mark and Harry,

After further investigation, Epic has determined that points (2) and (3) in Harry's email relate to a single issue related to how Epic tracks and categorizes "Android" and "Google" users in its system.

Since April 2020, when *Fortnite* launched on the Google Play Store, once an Android user downloaded *Fortnite* from Google Play and began playing, they would be categorized in Epic's systems as a Google user for all go-forward periods.  Between the export of the January 22 and February 10 data sets, in the ordinary course of business, Epic made an internal re-categorization of those users; specifically, those users were re-categorized as Google users retroactive back to February 2020.  Thus, for an Android user who became a Google user in a given month, that user will be characterized in the data currently as a "Google" user instead of an "Android" user for that month and all months prior back to February 2020.

The re-categorization is why, in the February 10 data, you are seeing Google instead of Android for certain users in February and March 2020 even though *Fortnite* was not available on Google Play in those months.  For those months, if you wish to distinguish between them, any users that appear in the February 10 data set with the platform variable "Google" before April 2020 can be considered "Android" users.  Those same users in fact appear as "Android" in the January 22 data.

Likewise, for April 2020 and forward, as a result of this same re-categorization, you will also see in the February 10 data certain users appear solely as Google in the month that they became a Google user instead of having that month broken down into part Android and part Google separately reported.  For example, take an Android user who downloaded Google Play on June 15, 2020.  In the January 22 data, that user would show up as Android for all months up to and including June 2020 (for part of that month), and that user would also show up as a Google user in June (for the second part of that month) and going forward.  In the February 10 data, however, that same user will show up as Google consistently throughout, from February 2020 going forward.  The information for that user, however, is the same; there is just no breakdown in June for the month in which the user was both Android and Google in the February 10 data.

This re-categorization explains why you see a number of observations in April 2020 in the January 22 data that had a platform name of Android that do not appear to be there in the new data.  Those users are still in the data, but they are now categorized as Google.  The "account_id" field will allow you to confirm this.

To the extent you wish to differentiate between the subset of Android and Google users affected by this re-categorization, the January 22 data set includes the information sufficient to identify those users and to allocate their usage metrics between the two platforms in the month where they switched over from being an Android to a Google user.  The only field for which you will not be able to make this allocation is the new field—"vb_amount_other"—that was added as part of the February 10 data set.

Thus, the bottom line is that the January 22 production of data was and is correct and may be used for all fields produced in that data for all users who were playing on an Android device.  The only field that was added in the

February 10 data set was "vb_amount_other".  That field was produced in the way Epic now tracks users in the ordinary course.

If helpful, we are available to have a call to discuss.

Best,
Brendan

**From:** Brendan Blake
**Sent:** Saturday, February 13, 2021 2:10 PM
**To:** Phillips, Harry <HPhillips2@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Christine Varney <cvarney@cravath.com>; Katherine Forrest <kforrest@cravath.com>; Gary Bornstein <gbornstein@cravath.com>; Brent Byars <MByars@cravath.com>; Yonatan Even <yeven@cravath.com>; Lauren Moskowitz <lmoskowitz@cravath.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; robl@hbsslaw.com; bens@hbsslaw.com; benh@hbsslaw.com; tedw@hbsslaw.com; byrd@whafh.com; dejong@whafh.com; Rifkin, Mark <rifkin@whafh.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

Mark and Harry,

We have posted the July 2018 data to the FTP as EPIC_04315058_4_HighlyConfidential.

On point (1) in Harry's email from immediately below:  The "PS4_Bad" platform variable is an internal backup field in Epic's system that inadvertently was included in the production set for a single day in February 2020.  The actual observations for that day already are included in the data reported for the "PS4" platform variable for February 2020.  Accordingly, the PS4_Bad entries should be disregarded.

On points (2) and (3) in Harry's email, Epic is still investigating, and we will follow-up shortly with more information.

Best,
Brendan

**From:** Phillips, Harry <HPhillips2@gibsondunn.com>
**Sent:** Friday, February 12, 2021 9:45 PM
**To:** Perry, Mark A. <MPerry@gibsondunn.com>; Brendan Blake <bblake@cravath.com>; Christine Varney <cvarney@cravath.com>; Katherine Forrest <kforrest@cravath.com>; Gary Bornstein <GBornstein@cravath.com>; Brent Byars <MByars@cravath.com>; Yonatan Even <YEven@cravath.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; robl@hbsslaw.com; bens@hbsslaw.com; benh@hbsslaw.com; tedw@hbsslaw.com; byrd@whafh.com; dejong@whafh.com; Rifkin, Mark <rifkin@whafh.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

> External (hphillips2@gibsondunn.com)
>
> Report This Email  FAQ

Brendan:  Further to the below, our consultants also notice the following anomalies in the dataset Epic provided this morning:

1.  There are approximately 8 million observations that have a platform name of "PS4_Bad". This platform name did not appear in the prior data. These are all from February 2020.

2. The platform name of "Google" started appearing in April 2020 in the prior data. In the new data, there are approximately 900,000 observations for the platform Google in February 2020 and March 2020.

3. There are approximately 500,000 observations in April 2020 in the old data that had a platform name of "Android" and had zero spend in April 2020. These observations do not appear in the new data. We see a similar issue in other months as well, but it impacts fewer observations (tens of thousands).

Harry

**Harry R. S. Phillips**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3706 • Fax +1 202.831.6049
HPhillips2@gibsondunn.com • www.gibsondunn.com

---

**From:** Perry, Mark A. <MPerry@gibsondunn.com>
**Sent:** Friday, February 12, 2021 8:05 PM
**To:** Brendan Blake <bblake@cravath.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; cvarney@cravath.com; kforrest@cravath.com; GBornstein@cravath.com; MByars@cravath.com; YEven@cravath.com; LMoskowitz@cravath.com; Epic Mobile Apps <epic-mobileapps@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; robl@hbsslaw.com; bens@hbsslaw.com; benh@hbsslaw.com; tedw@hbsslaw.com; byrd@whafh.com; dejong@whafh.com; Rifkin, Mark <rifkin@whafh.com>
**Subject:** Re: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

Brendan,

To confirm our discussion of a moment ago, the dataset delivered by Epic today appears to be missing all transactions for July 2018.  We ask that you investigate this issue and provide the missing data as soon as reasonably possible.  Our consultants are continuing to assess the remainder of the dataset.

MAP

**Mark A. Perry**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com

---

**From:** Brendan Blake <bblake@cravath.com>
**Date:** Friday, February 12, 2021 at 6:59 PM
**To:** "Harry R. Phillips*" <HPhillips2@gibsondunn.com>, "cvarney@cravath.com" <cvarney@cravath.com>, "kforrest@cravath.com" <kforrest@cravath.com>, "GBornstein@cravath.com" <GBornstein@cravath.com>, "MByars@cravath.com" <MByars@cravath.com>, "YEven@cravath.com" <YEven@cravath.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>, Epic Mobile Apps <epic-mobileapps@cravath.com>

**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>, "tedw@hbsslaw.com" <tedw@hbsslaw.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Rifkin, Mark" <rifkin@whafh.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH

[External Email]
Harry,

Epic does not agree to a unilateral extension for Apple to the February 15, 2021 deadline for service of expert reports.  The recitation of facts in your email is inaccurate and incomplete.  We are available to meet and confer if necessary.

Best,
Brendan

Brendan R. Blake
Cravath, Swaine & Moore LLP
Worldwide Plaza |825 Eighth Avenue
New York, NY 10019
T + 212-474-1003
bblake@cravath.com

---

**From:** Phillips, Harry <HPhillips2@gibsondunn.com>
**Sent:** Friday, February 12, 2021 4:04 PM
**To:** Christine Varney <cvarney@cravath.com>; Katherine Forrest <kforrest@cravath.com>; Gary Bornstein <GBornstein@cravath.com>; Brent Byars <MByars@cravath.com>; Yonatan Even <YEven@cravath.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; robl@hbsslaw.com; bens@hbsslaw.com; benh@hbsslaw.com; tedw@hbsslaw.com; byrd@whafh.com; dejong@whafh.com; Rifkin, Mark <rifkin@whafh.com>
**Subject:** Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH


Counsel:

In response to Apple's RFP 64, Epic first produced a set of Fortnite user data on January 22, and Apple subsequently identified a series of problems with the Epic data.  Epic produced a replacement dataset on February 3, representing that the data were complete and accurate.  In reliance on that representation, Apple's experts invested considerable time and effort analyzing the data in connection with upcoming reports.  It was only earlier this week that anomalies in the data made it clear that the data produced by Epic were incomplete and deficient.  After raising this deficiency with Epic, a replacement dataset was produced again on February 11.  These were again unusable.  On the morning of February 12, Epic provided the fourth iteration of this dataset.

Our consultants are currently confirming that the dataset produced this morning is complete and usable.  Assuming that it is, our experts will still need to devote many hours to processing the new data, rerunning their existing analyses, and confirming their results and conclusions.  Apple and its experts have been prejudiced by Epic's continued failure to produce complete and usable data in response to RFP 64.  Initial expert reports are due to be served on February 15, yet Epic failed to deliver complete and usable data before February 12.

Our experts will make every effort to complete the reports that rely on these data by February 15.  In the event they are unable to do so, however, we expect that Epic will have no objection to a short extension of time for service of those reports.  If you do have any such objection, please let us know immediately so that we may schedule a conference with the Magistrate Judge this afternoon.  We are available to meet and confer and reserve all rights to seek necessary relief.

**Harry R. S. Phillips**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3706 • Fax +1 202.831.6049
HPhillips2@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.