# EXHIBIT 2

1   Jaemin Chang (SBN 232612)
    jchang@foxrothschild.com
2   FOX ROTHSCHILD LLP
    345 California Street, Suite 2200
3   San Francisco, CA 94104-2670
    Telephone:    415.364.5540
4   Facsimile:    415.391.4436

5   Attorneys for non-party Valve Corporation

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11  EPIC GAMES, INC. v. APPLE INC.        Case Nos.    4:20-CV-05640-YGR
                                                       4:19-CV-03074-YGR
12  CAMERON ET AL. v. APPLE INC.                       4:11-CV-06714-YGR

13  IN RE APPLE IPHONE ANTITRUST         **NON-PARTY VALVE CORPORATION'S**
    LITIGATION                           **RESPONSE AND OBJECTION TO**
14                                       **SUBPOENA TO PRODUCE**
                                         **DOCUMENTS, INFORMATION, OR**
15                                       **OBJECTS OR TO PERMIT INSPECTION**
                                         **OF PREMISES IN A CIVIL ACTION**
16                                       **ISSUED BY APPLE INC.**

17

18
          Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Valve Corporation ("Valve")
19
    objects to the production, inspection, or copying of the documents and materials designated in
20
    the subpoena served by Defendant Apple Inc. (the "Subpoena").  Valve's objections to the
21
    Subpoena include, but are not necessarily limited to, the following:
22
                                  **GENERAL OBJECTIONS**
23
          1.      Valve objects to the Subpoena's instructions and definitions to the extent they
24
    exceed the scope of appropriate third-party discovery under the Federal Rules of Civil Procedure,
25
    and render the requests vague and ambiguous, overbroad, harassing and unduly burdensome.
26
          2.      Valve objects to the Subpoena to the extent it seeks the production of materials
27
    that are in the possession, custody, or control of parties or persons other than Valve, and to the
28
    extent the requested materials are equally or more readily available through party discovery

1    without imposing burden on a third party.  Many of the documents sought by the Subpoena are

2    available from Apple Inc., Epic Games, Inc., Lawrence Plaintiffs and/or Cameron Plaintiffs

3    (collectively, "Parties") and are more properly obtained from the Parties to the captioned actions.

4    There is no apparent need to discover these materials from non-party Valve, or a justification for

5    imposing burden on a third party when the materials are available through party discovery.  *E.g.*,

6    *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("Bystanders should not be

7    drawn into the parties' dispute without some good reason. . . . For example, a party's email

8    provider might well possess emails that would be discoverable from the party herself.  But unless

9    the email provider can offer important information that cannot be obtained from the party

10   directly, there would be no cause for a subpoena against the provider."), *cert. denied*, 140 S. Ct.

11   672 (2019); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming

12   district court's order requiring defendant "to seek discovery from its party opponent before

13   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal.

14   2007) ("There is simply no reason to burden nonparties when the documents sought are in

15   possession of the party defendant.").

16          3.      Valve objects to the Subpoena to the extent it seeks the production of materials

17   that are publicly available, e.g., on Steam or www.partner.steamgames.com.  The Subpoena

18   imposes an undue burden on a third party when the materials are otherwise available directly to

19   Apple Inc.

20          4.      Valve objects to the Subpoena on the grounds that its requests are overbroad as to

21   time and subject matter and would require Valve to conduct a time consuming and unduly

22   burdensome search, which will cause Valve to incur significant expense and disruption.  The

23   Subpoena fails to compensate Valve for the time and expense required to respond to the overly

24   broad and burdensome document requests.

25          5.      Valve objects to the Subpoena to the extent it seeks production of documents

26   protected by the attorney-client privilege, the work product doctrine, or any other applicable

27   doctrines or privileges.

28          6.      Valve objects to the Subpoena to the extent it seeks to impose a duty on Valve to

1   create reports, analyses or compile information that Valve does not create, compile or keep in
2   immediately accessible format in the ordinary course of its business.  Valve further objects to the
3   Subpoena to the extent it seeks to require Valve to provide any information beyond what is
4   available to Valve at the present time from a reasonable search of its own records and a
5   reasonable inquiry of its present employees, including information that is not within Valve's
6   possession, custody, or control.

7          7.      Valve objects to the Subpoena to the extent it calls for the production of
8   documents that contain trade secrets or other highly confidential and proprietary research,
9   development, or commercial or financial information, or to the extent that the documents sought
10  by the Subpoena are subject to confidentiality agreements or obligations with others.  Documents
11  sought by the Subpoena are confidential, including many that are highly confidential and should
12  be limited to outside attorneys' eyes only.

13         8.      Valve objects to the Subpoena's definitions of PERSON, YOU, and YOUR
14  insofar as they include "attorneys" and would require responses from or production of
15  documents by Valve's attorneys.  Valve objects to producing any communications, information,
16  documents, or other materials within its attorneys' possession.  The definition of YOU and
17  YOUR also includes "predecessor," "successor," "agents," "representatives," "consultants,"
18  "accountants," and "corporate affiliates," which likely includes persons beyond the control of
19  Valve.  The definition of PERSON includes "partner," "corporate parent," "subsidiary," and
20  "affiliate" which likely includes persons beyond the control of Valve.  Accordingly, and subject
21  to these objections, Valve interprets the terms PERSON, YOU and YOUR in the Subpoena to
22  mean only Valve and its employees.

23         9.      Valve objects to the Subpoena's definition of COMMUNICATION is vague,
24  ambiguous, overbroad and renders compliance with the Subpoena unduly burdensome,
25  particularly insofar as it purports to require any custodial email searches.

26         10.     Valve objects to the Subpoena's definition of DOCUMENT and DOCUMENTS
27  is overbroad and renders compliance with the Subpoena unduly burdensome, particularly insofar
28  as it purports to require any custodial email searches.

Valve's Response and Objection to Subpoena by Apple

11.     Valve objects to the Subpoena's definition of REPORTS, "any final reports, research, papers, memoranda, presentations, reviews, statistical compilations, or other analyses," as overbroad and unduly burdensome. Accordingly, and subject to these objections, Valve interprets the term REPORTS in the Subpoena to mean final reports, papers, memoranda or statistical compilations generated as a result of formal analyses undertaken by Valve.

12.     Valve objects to the Subpoena's definition of STEAM LINK "YOUR APP for any DEVICE" as unintelligible, vague and ambiguous, overbroad, and unduly burdensome, particularly because Apple Inc. defines "APP" to include any Valve software.

13.     Valve objects to the Subpoena to the extent that it calls for the search and production of electronically stored information (ESI) that is not reasonably tailored to the needs of the above-captioned actions.  In circumstances where ESI is responsive to a particular request, Valve will conduct a reasonable search pursuant to agreed upon or Court ordered parameters.

14.     Valve objects to the Subpoena's instruction no. 2 as it includes DOCUMENTS and information from "YOUR present and former attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf."  This instruction and the defined terms used therein render the Subpoena impermissibly broad and unduly burdensome, including seeking disclosure of documents and information protected by attorney-client privilege, work product immunity, trade secrets and other doctrines.  Based on its objections, Valve will produce responsive materials only from Valve and its employees.

15.     Valve objects to the Subpoena's instruction no. 8 to the extent that it requires information beyond Fed. R. Civ. P. Rule 45(e)(2).

16.     Valve objects to the Subpoena's instruction no. 11 as the relevant time period (2008 to the present) is vastly overbroad, unduly burdensome, harassing and does not take reasonable steps to avoid imposing undue burden and expense on Valve, as required by Fed. R. Civ. P. Rule 45(d)(1).

17.     Valve objects to the Subpoena's instruction no. 12 as it reiterates the definition of PERSON to include "attorneys."  Valve also incorporates its objections to instruction no. 8.

18.     Valve objects to the Subpoena's instruction no. 14 as Rule 26(e) of the Federal

117110150.v5

Rules of Civil Procedure does not apply to Valve as it is a non-party.

19.    Valve objects to the Subpoena as overly broad as to scope and unduly burdensome insofar as it seeks information or materials regarding any operations or activities outside the United States.

20.    Valve objects to producing documents at the time and place requested by the propounding party.  Valve will make its responsive documents available for inspection or will produce responsive documents at a time and date to be mutually agreed upon by counsel.

21.    Valve reserves all other objections.  Neither Valve's agreement to produce documents nor its agreement to search for documents responsive to the Subpoena shall imply that responsive documents exist within its possession, custody or control.

## SPECIFIC OBJECTIONS

## REQUEST FOR PRODUCTION NO. 1:

REPORTS comparing the distribution of APPS through any APP MARKETPLACE, INCLUDING Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, Windows Store, and Windows Phone Store, the Epic Games Store, Origin, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo, and YOUR APP MARKETPLACE(S), INCLUDING:

a.    the past or present benefits or costs of distribution in each APP MARKETPLACE;

b.    past or present fees and commission rates charged by each APP MARKETPLACE, INCLUDING how such fees and commission rates affect the attractiveness of any APP MARKETPLACE to APP DEVELOPERS;

c.    past or present security or privacy protections offered in each APP MARKETPLACE;

d.    past or present APP REVIEW and approval procedures and practices in each APP MARKETPLACE;

e.    past or present tools for APP DEVELOPERS in each APP MARKETPLACE;

1       f.     past or present relative ease or difficulty of updating APPS in each APP

2  MARKETPLACE;

3       g.     past or present market share calculations or estimates for APP

4  MARKETPLACES, INCLUDING the definitions used to perform those calculations;

5       h.     past or present decision to distribute YOUR APPS on a particular APP

6  MARKETPLACE;

7       i.     contemplated, planned, or actual distribution of YOUR APPS directly (i.e., not

8  through an APP MARKETPLACE); and

9       j.     past or present APP maintenance activities in each APP MARKETPLACE.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11       Subject to and in addition to General Objections, Valve objects to Request Nos. 1-3,

12  including their subparts, as overly broad in time and in scope, unduly burdensome and not

13  proportional to the needs of the cases.  Valve further objects to these requests as overly broad and

14  unduly burdensome insofar as they would require Valve to create new documents, information,

15  or analyses that are not kept in the ordinary course of business or to provide information in a

16  form other than that kept in the ordinary course of business.  Valve further objects to these

17  requests (particularly Request No. 1), as overly broad in scope and unduly burdensome insofar as

18  they seek information regarding Valve "APPS" shipped on Apple devices, which information is

19  already in Apple's possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.

20  Valve also objects to these requests to the extent they seek production of documents that are

21  protected by attorney-client and work product privileges or otherwise not relevant to the claims

22  and defenses at issue in the captioned actions.  Valve further objects to these requests insofar as

23  they would call for Valve to produce any source code, which is highly confidential and which

24  Valve declines to do.  Moreover, Valve objects to these requests to the extent that many or all of

25  the documents sought contain trade secrets or highly confidential, business, financial,

26  proprietary, or commercially sensitive information, particularly insofar as such information is

27  sought by a potential business competitor.  Valve invites the propounding party to meet and

28  confer to identify with specificity the categories of documents it seeks and to narrow the scope of

Valve's Response and Objection to Subpoena by Apple

1  these requests.

2  **REQUEST FOR PRODUCTION NO. 2:**

3      DOCUMENTS sufficient to show with respect to YOUR APP MARKETPLACE(S):

4      a.      the total yearly amount remitted to YOU from sales of APPS and IN-APP

5  PRODUCTS (by APP and method of monetization, if available);

6      b.      any estimates of or accounting for annual ADVERTISING revenue attributable to

7  YOUR MARKETPLACE (by APP, if available);

8      c.      any estimates of or accounting for YOUR annual revenues from sales of

9  EXTERNAL PRODUCTS attributable to YOUR APP MARKETPLACE (by APP and method

10  of monetization, if available);

11      d.      any estimates of or accounting for annual revenues (other than the foregoing)

12  attributable to YOUR APP MARKETPLACE (by APP and method of monetization, if

13  available); and

14      e.      any estimates of or accounting for annual earnings, income, or profit (whether

15  gross or net) attributable to YOUR APP MARKETPLACE (by APP and method of

16  monetization, if available).

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18      Subject to and in addition to General Objections, Valve objects to Request Nos. 1-3,

19  including their subparts, as overly broad in time and in scope, unduly burdensome and not

20  proportional to the needs of the cases.  Valve further objects to these requests as overly broad and

21  unduly burdensome insofar as they would require Valve to create new documents, information,

22  or analyses that are not kept in the ordinary course of business or to provide information in a

23  form other than that kept in the ordinary course of business.  Valve further objects to these

24  requests (particularly Request No. 1), as overly broad in scope and unduly burdensome insofar as

25  they seek information regarding Valve "APPS" shipped on Apple devices, which information is

26  already in Apple's possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.

27  Valve also objects to these requests to the extent they seek production of documents that are

28  protected by attorney-client and work product privileges or otherwise not relevant to the claims

and defenses at issue in the captioned actions.  Valve further objects to these requests insofar as they would call for Valve to produce any source code, which is highly confidential and which Valve declines to do.  Moreover, Valve objects to these requests to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of these requests.

**REQUEST FOR PRODUCTION NO. 3:**

REPORTS CONCERNING YOUR contemplated, planned, or actual development and/or operation of YOUR APP MARKETPLACE(S), INCLUDING:

a.      , YOUR decision-to build each such APP MARKETPLACE;

b.      YOUR decision to use a particular revenue model in each such APP MARKETPLACE; and

c.      YOUR decision to develop each such APP MARKETPLACE for specific operating systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and in addition to General Objections, Valve objects to Request Nos. 1-3, including their subparts, as overly broad in time and in scope, unduly burdensome and not proportional to the needs of the cases.  Valve further objects to these requests as overly broad and unduly burdensome insofar as they would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve further objects to these requests (particularly Request No. 1), as overly broad in scope and unduly burdensome insofar as they seek information regarding Valve "APPS" shipped on Apple devices, which information is already in Apple's possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751. Valve also objects to these requests to the extent they seek production of documents that are protected by attorney-client and work product privileges or otherwise not relevant to the claims

1    and defenses at issue in the captioned actions.  Valve further objects to these requests insofar as

2    they would call for Valve to produce any source code, which is highly confidential and which

3    Valve declines to do.  Moreover, Valve objects to these requests to the extent that many or all of

4    the documents sought contain trade secrets or highly confidential, business, financial,

5    proprietary, or commercially sensitive information, particularly insofar as such information is

6    sought by a potential business competitor.  Valve invites the propounding party to meet and

7    confer to identify with specificity the categories of documents it seeks and to narrow the scope of

8    these requests.

9    **REQUEST FOR PRODUCTION NO. 4:**

10            REPORTS CONCERNING comparisons of the number, identity, genre, quality, and/or

11   popularity of APPS available for download from YOUR APP MARKETPLACE(S) and APPS

12   available for download from other APP MARKETPLACE(S) or available on different

13   DEVICES.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

15            Subject to and in addition to General Objections, Valve objects to this request to the

16   extent it seeks user-specific information or infringe on users' privacy or personal information

17   and/or invades any right to privacy under any applicable state or federal law or constitutional

18   provision.  Valve further objects to this request as massively overbroad and unduly burdensome

19   insofar as it requires Valve to review millions of transactions and data from millions of user

20   accounts.  Valve further objects to this request as overly broad and unduly burdensome as

21   phrased, and insofar as it would require Valve to create new documents, information, or analyses

22   that are not kept in the ordinary course of business or to provide information in a form other than

23   that kept in the ordinary course of business.  Valve also objects to this request as unduly

24   burdensome insofar as they seek information that is publicly available.  Valve further objects to

25   this request as overly broad in scope and unduly burdensome insofar as they seek information

26   regarding Valve "APPS" shipped on Apple devices, which information is already in Apple's

27   possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.  Valve also objects

28   to this request to the extent it seeks production of documents that are not relevant to the claims

1   and defenses at issue in the captioned actions and are not proportional to the needs of the cases.

2   Moreover, Valve objects to this request to the extent that many or all of the documents sought

3   contain trade secrets or highly confidential, business, financial, proprietary, or commercially

4   sensitive information, particularly insofar as such information is sought by a potential business

5   competitor.  Valve invites the propounding party to meet and confer to identify with specificity

6   the categories of documents it seeks and to narrow the scope of this request.

7   **REQUEST FOR PRODUCTION NO. 5:**

8           REPORTS sufficient to show the percentage of APPS purchased directly from YOUR

9   APP MARKETPLACE(S) versus the percentage of APPS purchased from third parties,

10  INCLUDING from GAME KEYS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12          Subject to and in addition to General Objections, Valve objects to this request to the

13  extent it seeks user-specific information or infringe on users' privacy or personal information

14  and/or invades any right to privacy under any applicable state or federal law or constitutional

15  provision.  Valve further objects to this request as massively overbroad and unduly burdensome

16  insofar as it requires Valve to review millions of transactions and data from millions of user

17  accounts.  Valve further objects to this request as overly broad and unduly burdensome as

18  phrased, and insofar as it would require Valve to create new documents, information, or analyses

19  that are not kept in the ordinary course of business or to provide information in a form other than

20  that kept in the ordinary course of business.  Valve also objects to this request as unduly

21  burdensome insofar as they seek information that is publicly available.  Valve further objects to

22  this request as overly broad in scope and unduly burdensome insofar as they seek information

23  regarding Valve "APPS" shipped on Apple devices, which information is already in Apple's

24  possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.  Valve also objects

25  to this request to the extent it seeks production of documents that are not relevant to the claims

26  and defenses at issue in the captioned actions and are not proportional to the needs of the cases.

27  Moreover, Valve objects to this request to the extent that many or all of the documents sought

28  contain trade secrets or highly confidential, business, financial, proprietary, or commercially

Valve's Response and Objection to Subpoena by Apple

1  sensitive information, particularly insofar as such information is sought by a potential business

2  competitor.  Valve invites the propounding party to meet and confer to identify with specificity

3  the categories of documents it seeks and to narrow the scope of this request.

4  **REQUEST FOR PRODUCTION NO. 6**

5       DOCUMENTS CONCERNING STEAMOS INCLUDING the development of

6  STEAMOS, COMMUNICATIONS about and with DEVICE manufacturers CONCERNING

7  STEAMOS, and REPORTS sufficient to show STEAMOS utilization.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

9       Subject to and in addition to General Objections, Valve objects to this request the extent

10  it seeks user-specific information or infringes on users' privacy or personal information and/or

11  invades any right to privacy under any applicable state or federal law or constitutional provision.

12  Valve further objects to this request as massively overbroad and unduly burdensome insofar as it

13  requires Valve to review millions of transactions and data from millions of user accounts.  Valve

14  objects to this request as overly broad and unduly burdensome as phrased, and insofar as it

15  would require Valve to create new documents, information, or analyses that are not kept in the

16  ordinary course of business or to provide information in a form other than that kept in the

17  ordinary course of business.  Valve also objects to this request to the extent it seeks production of

18  documents that are not relevant to the claims and defenses at issue in the captioned actions and

19  are not proportional to the needs of the cases.  Valve further objects to this request insofar as it

20  calls for production of any source code, which Valve declines to do as described above in its

21  General Objections.  Moreover, Valve objects to this request to the extent that many or all of the

22  documents sought contain trade secrets or highly confidential, business, financial, proprietary, or

23  commercially sensitive information, particularly insofar as such information is sought by a

24  potential business competitor.  Valve invites the propounding party to meet and confer to

25  identify with specificity the categories of documents it seeks and to narrow the scope of this

26  request.

27  //

28  //

Valve's Response and Objection to Subpoena by Apple
117110150.v5

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS CONCERNING the availability and usage of YOUR APP MARKETPLACE(S), INCLUDING STEAM, and YOUR APP(S), INCLUDING STEAM LINK, on DEFENDANT'S iOS operating system, DEFENDANT'S DEVICES, and DEFENDANT'S APP MARKETPLACE, INCLUDING DOCUMENTS and COMMUNICATIONS CONCERNING the publication of STEAM LINK on DEFENDANT'S APP MARKETPLACE as summarized in a June 4, 2018 article, available at https://www.reuters.com/article/us-apple-steam/apple-issues-new-app-store-rules-aimed-at-streaming-pc-based-games-idUSKCN1J034K.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and in addition to General Objections, Valve objects to this request to the extent it seeks user-specific information or infringe on users' privacy or personal information and/or invades any right to privacy under any applicable state or federal law or constitutional provision.  Valve further objects to this request as massively overbroad and unduly burdensome insofar as it requires Valve to review millions of transactions and data from millions of user accounts.  Valve further objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as they seek information that is publicly available at https://store.steampowered.com/steamlink/about/, https://store.steampowered.com/remoteplay and https://partner.steamgames.com/doc/ features/remoteplay.  Valve further objects to this request as overly broad in scope and unduly burdensome insofar as they seek information regarding Valve "APPS" shipped on Apple devices, which information is already in Apple's possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.  Valve also objects to this request to the extent it seeks production of documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of the documents sought

1   contain trade secrets or highly confidential, business, financial, proprietary, or commercially

2   sensitive information, particularly insofar as such information is sought by a potential business

3   competitor.  Valve invites the propounding party to meet and confer to identify with specificity

4   the categories of documents it seeks and to narrow the scope of this request.

5   **REQUEST FOR PRODUCTION NO. 8:**

6         DOCUMENTS and COMMUNICATIONS CONCERNING the development,

7   distribution, and utilization of YOUR APP(S), INCLUDING STEAM LINK, and REPORTS

8   sufficient to show any tendency for consumers to download YOUR APP(S) on any DEVICES.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10         Subject to and in addition to General Objections, Valve objects to this request as overly

11   broad and unduly burdensome as phrased, and insofar as it would require Valve to create new

12   documents, information, or analyses that are not kept in the ordinary course of business or to

13   provide information in a form other than that kept in the ordinary course of business.  Valve

14   further objects to the phrase "tendency for consumers" as used in this request as vague,

15   ambiguous, overbroad, harassing and unduly burdensome.  Valve also objects to this request to

16   the extent it seeks user-specific information or infringes on users' privacy or personal

17   information and/or invades any right to privacy under any applicable state or federal law or

18   constitutional provision.  Valve further objects to this request as massively overbroad and unduly

19   burdensome insofar as it requires Valve to review millions of transactions and data from millions

20   of user accounts.  Valve also objects to these requests as unduly burdensome insofar as they seek

21   information that is publicly available, e.g., at https://store.steampowered.com/steamlink/about/,

22   https://store.steampowered.com/remoteplay or https://partner.steamgames.com/doc/

23   features/remoteplay.  Valve also objects to this request to the extent it seeks production of

24   documents that are not relevant to the claims and defenses at issue in the captioned actions and

25   are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the

26   extent that many or all of the documents sought contain trade secrets or highly confidential,

27   business, financial, proprietary, or commercially sensitive information, particularly insofar as

28   such information is sought by a potential business competitor.  Valve invites the propounding

party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 9:**

COMMUNICATIONS CONCERNING whether consumers are willing to purchase a DEVICE with a different operating system or from a different DEVICE manufacturer than they already own and any switching costs they many consider, INCLUDING the value of any APPS previously purchased that the consumer cannot operate on the new DEVICE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and in addition to General Objections, Valve objects to this request to the extent it seeks user-specific information or infringe on users' privacy or personal information and/or invades any right to privacy under any applicable state or federal law or constitutional provision.  Valve further objects to this request as massively overbroad and unduly burdensome insofar as it requires Valve to review millions of transactions and data from millions of user accounts.  Valve further objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as they seek information that is publicly available at

https://steamcommunity.com/games/221410/ announcements/detail/1699055855739350561.

Valve also objects to this request to the extent it seeks production of documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

//

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any efforts undertaken by YOU to attract or incentivize APP DEVELOPERS to develop APPS for distribution to YOUR APP MARKETPLACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad in time and in scope.   Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO.  11:**

DOCUMENTS created by YOU CONCERNING competition between or among APP MARKETPLACES, INCLUDING any DOCUMENTS describing competition regarding STEAM, YOUR strategy related to actual or potential competitors to STEAM, and YOUR assessment of the market share for STEAM, INCLUDING any analysis performed of any actual or potential competitor to STEAM, such as analysis of any actual or potential competitor's market share, APP pricing, commissions, product design, product functionality, APP promotion, privacy or security policies, and/or APP REVIEW policies or procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request to the extent it seek production of documents that are protected by attorney-client or work product privileges, or documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.

1    Moreover, Valve objects to this request to the extent that many or all of the documents sought

2    contain trade secrets or highly confidential, business, financial, proprietary, or commercially

3    sensitive information, particularly insofar as such information is sought by a potential business

4    competitor.  Valve invites the propounding party to meet and confer to identify with specificity

5    the categories of documents it seeks and to narrow the scope of this request.

6    **REQUEST FOR PRODUCTION NO. 12:**

7         DOCUMENTS and COMMUNICATIONS CONCERNING any security breaches or

8    privacy concerns relating to YOUR APP MARKETPLACE(S), INCLUDING those reported in

9    an November 11, 2011 BBC News article, available at https://vvww.bbc.com/news/technology-

10   15690187, an May 31, 2018 Vice article available at,

11   https://www.vice.com/en/article/9k8qv5/steam-exploit-left-users- vulnerable-for- 10-years, and

12   an August 9, 2019 Forbes article, available at

13   https://www.forhes.com/site,s/daveywinder/2019/08/09/critical-steam-security-warning-issued-

14   for-72-million-windows-10-gamersi?sh=56130b6e35el.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

16        Subject to and in addition to General Objections, Valve objects to this request to the

17   extent that many or all of the documents sought contain trade secrets or confidential, business,

18   financial, proprietary, law enforcement, or commercially sensitive information, particularly

19   insofar as such information is sought by a potential business competitor.  Valve further objects to

20   this request on the grounds that it seeks documents protected by attorney-client, work product,

21   common interest and/or litigation privileges.  Valve also objects to this request to the extent it

22   seeks production of documents that are not relevant to the claims and defenses at issue in the

23   captioned actions and are not proportional to the needs of the cases.  Valve objects to this request

24   to the extent it infringes on users' privacy or personal information and/or invades any right to

25   privacy under any applicable state or federal law or constitutional provision.  Valve objects to

26   this request as overly broad in time and in scope and unduly burdensome as phrased, and insofar

27   as it would require Valve to create new documents, information, or analyses that are not kept in

28   the ordinary course of business or to provide information in a form other than that kept in the

117110150.v5

1   ordinary course of business.  Based on its objections, Valve will not produce documents in

2   response to this request.

3   **REQUEST FOR PRODUCTION NO. 13:**

4           DOCUMENTS sufficient to show YOUR agreements or contracts with APP

5   DEVELOPERS, INCLUDING any agreements or contracts with EPIC, effective during the

6   period that YOU have operated any APP MARKETPLACE, INCLUDING any contracts,

7   guidelines, or rules setting forth the terms and conditions under which APP DEVELOPERS may

8   distribute APPS through YOUR APP MARKETPLACE(S).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10          Subject to and in addition to General Objections, Valve objects to this request as overly

11  broad and unduly burdensome as phrased, and insofar as they would require Valve to create new

12  documents, information, or analyses that are not kept in the ordinary course of business or to

13  provide information in a form other than that kept in the ordinary course of business.  Valve also

14  objects to this request as unduly burdensome insofar as they seek information that is publicly

15  available, e.g., on Steam or www.partner.steamgames.com.  Valve further objects to this request

16  to the extent it seeks production of documents that are protected by attorney-client or work

17  product privileges, or documents that are not relevant to the claims and defenses at issue in the

18  captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to

19  this request to the extent that many or all of the documents sought contain trade secrets or highly

20  confidential, business, financial, proprietary, or commercially sensitive information, particularly

21  insofar as such information is sought by a potential business competitor.  Valve invites the

22  propounding party to meet and confer to identify with specificity the categories of documents it

23  seeks and to narrow the scope of this request.

24  **REQUEST FOR PRODUCTION NO. 14:**

25          DOCUMENTS sufficient to show any annual fee(s) or registration fee(s) paid by APP

26  DEVELOPERS in order to develop and publish APPS in YOUR APP MARKETPLACE(S).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

28          Subject to and in addition to General Objections, Valve objects to this request as overly

broad and unduly burdensome as phrased, and insofar as they would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as they seek information that is publicly available, e.g., on Steam or www.partner.steamgames.com.  Valve further objects to this request to the extent it seeks production of documents that are protected by attorney-client or work product privileges, or documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show any commissions and/or transaction fees charged by YOU when a user makes a purchase from YOUR APP MARKETPLACE(S) or from an APP downloaded from the same, INCLUDING:

a.      any commissions and/or transaction fees charged on the sale of APPS or IN-APP PRODUCTS and any exemptions from or limitations on such commissions or fees; and

b.      the impact on any commission rates and/or transaction fees charged by YOU when a user makes a purchase through the use of any discount, virtual currency, or particular payment method, INCLUDING any particular credit card.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as they would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as they seek information that is publicly

-18-

117110150.v5

available, e.g., on Steam or www.partner.steamgames.com.  Valve further objects to this request to the extent it seeks production of documents that are protected by attorney-client or work product privileges, or documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.

Valve also objects to this request to the extent it seeks user-specific information or infringe on users' privacy or personal information and/or invades any right to privacy under any applicable state or federal law or constitutional provision.  Valve further objects to this request as massively overbroad and unduly burdensome insofar as they require Valve to review millions of transactions and data from millions of user accounts. Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 16:**

REPORTS CONCERNING YOUR decision to change any commission rates on APPS or IN-APP PRODUCTS distributed through YOUR APP MARKETPLACE(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request to the extent it seek production of documents that are protected by attorney-client or work product privileges, or documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases. Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business

Valve's Response and Objection to Subpoena by Apple
117110150.v5

competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show any rules or policies CONCERNING the price at which APPS or IN-APP PRODUCTS may, be offered for, sale in YOUR APP. MARKETPLACE(S), INCLUDING:

a.      any requirements that prices end in a specific number (*e.g.*, ".99");

b.      any variations in pricing based on the use of payment methods by consumers (e.g., discounts); and

c.      any requirements that prices for APPS in YOUR APP MARKETPLACE(S) be linked to prices charged for the same APPS in other APP MARKETPLACES other than YOURS (e.g., "most favored nation" requirements).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as they would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as they seek information that is publicly available, e.g., on Steam or www.partner.steamgames.com.  Valve further objects to this request to the extent it seeks production of documents that are protected by attorney-client or work product privileges, or documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

//

1

**REQUEST FOR PRODUCTION NO. 18:**

2

All DOCUMENTS and REPORTS CONCERNING YOUR decision that "Starting from

3

October 1, 2018 (i.e. revenues prior to that date are not included), when a game makes over $10

4

million on Steam, the revenue share for that application will adjust to 75 percent/25 percent on

5

earnings beyond $10M. At $50 million, the revenue share will adjust to 80 percent/20 percent on

6

earnings beyond $50M," as described in a December 18, 2018 blog post, available at,

7

https://www.vice.com/en/article/vbaxkb/fortnite-is-so-popular-it-could-end-steams-decade-long-

8

dominance.

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10

Subject to and in addition to General Objections, Valve objects to this request as overly

11

broad and unduly burdensome as phrased, and insofar as it would require Valve to create new

12

documents, information, or analyses that are not kept in the ordinary course of business or to

13

provide information in a form other than that kept in the ordinary course of business.  Valve also

14

objects to this request to the extent it seek production of documents that are protected by

15

attorney-client or work product privileges, or documents that are not relevant to the claims and

16

defenses at issue in the captioned actions and are not proportional to the needs of the cases.

17

Moreover, Valve objects to this request to the extent that many or all of the documents sought

18

contain trade secrets or highly confidential, business, financial, proprietary, or commercially

19

sensitive information, particularly insofar as such information is sought by a potential business

20

competitor.  Valve invites the propounding party to meet and confer to identify with specificity

21

the categories of documents it seeks and to narrow the scope of this request.

22

**REQUEST FOR PRODUCTION NO. 19:**

23

DOCUMENTS CONCERNING the amount and value of services provided by STEAM

24

to APP consumers, INCLUDING APP REVIEW, store curation and social networking.

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

26

Subject to and in addition to General Objections, Valve objects to this request as overly

27

broad and unduly burdensome as phrased, and insofar as it would require Valve to create new

28

documents, information, or analyses that are not kept in the ordinary course of business or to

117110150.v5

provide information in a form other than that kept in the ordinary course of business.  Valve also objects to the phrases "the amount and value", unspecified "services provided by STEAM to APP consumers," "store curation" and "social networking" as used in this request as vague, ambiguous, overbroad, unduly burdensome.  Valve further objects to this request as overly broad in time and in scope and unduly burdensome insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to these requests as unduly burdensome insofar as they seek information that is publicly available, e.g., at https://store.steampowered.com/ or https://help.steampowered.com/en/.  Valve also objects to this request to the extent it seeks production of documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Valve further objects to this request insofar as it calls for production of any source code, which Valve declines to do as described above in its General Objections.  Moreover, Valve objects to these requests to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show any marketing, services, assistance, or support YOU provide for APP DEVELOPERS, INCLUDING APP development tools, application programming interfaces ("APIs"), programming tools, technical support, opportunities for testing APPS before they are released to the consumers, marketing, payment processing, refund processing, and security measures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as they would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to

117110150.v5

1  provide information in a form other than that kept in the ordinary course of business.  Valve also

2  objects to this request as unduly burdensome insofar as they seek information that is publicly

3  available, e.g., on Steam or www.partner.steamgames.com.  Valve further objects to this request

4  to the extent it seeks production of documents that are protected by attorney-client or work

5  product privileges, or documents that are not relevant to the claims and defenses at issue in the

6  captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to

7  this request to the extent that many or all of the documents sought contain trade secrets or highly

8  confidential, business, financial, proprietary, or commercially sensitive information, particularly

9  insofar as such information is sought by a potential business competitor.  Valve invites the

10  propounding party to meet and confer to identify with specificity the categories of documents it

11  seeks and to narrow the scope of this request.

12  **REQUEST FOR PRODUCTION NO. 21:**

13  DOCUMENTS sufficient to show, for each year since 2010, any costs, you incurred to

14  process payments for purchases of APPS and IN-APP PRODUCTS in YOUR APP

15  MARKETPLACE(S).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

17  Subject to and in addition to General Objections, Valve objects to this request as overly

18  broad and unduly burdensome as phrased, particularly insofar as it includes a ten year time

19  frame, and insofar as it would require Valve to create new documents, information, or analyses

20  that are not kept in the ordinary course of business or to provide information in a form other than

21  that kept in the ordinary course of business.  Valve also objects to this request to the extent it

22  seeks production of documents that are not relevant to the claims and defenses at issue in the

23  captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to

24  this request to the extent that many or all of the documents sought contain trade secrets or highly

25  confidential, business, financial, proprietary, or commercially sensitive information, particularly

26  insofar as such information is sought by a potential business competitor.  Valve invites the

27  propounding party to meet and confer to identify with specificity the categories of documents it

28  seeks and to narrow the scope of this request.

Valve's Response and Objection to Subpoena by Apple
117110150.v5

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show YOUR policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS in APPS distributed through YOUR APP MARKETPLACE, INCLUDING DOCUMENTS sufficient to show whether YOU require APPS distributed through YOUR APP MARKETPLACE to use a payment and purchase functionality provided by YOU to facilitate purchases of IN-APP PRODUCTS, and if so, whether YOU have ever departed from such requirement with respect to EPIC APPS or any other APP DEVELOPER'S APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and in addition to General Objections, Valve objects to this request as disjunctive, compound, unintelligible, overly broad in time and in scope and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as it seeks information that is publicly available, e.g., on Steam or www.partner.steamgames.com.  Valve also objects to this request to the extent it seeks production of documents are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS, INCLUDING COMMUNICATIONS with EPIC, CONCERNING EPIC's submission of *Fortnite* for distribution through YOUR APP MARKETPLACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and in addition to General Objections, Valve objects to this request as seeking

Valve's Response and Objection to Subpoena by Apple

1  discovery from a non-party that is equally or more readily available through party discovery

2  without imposing burden on a third party, as further described in Valve's General Objection No.

3  2, which is incorporated here by reference.  Valve objects to this request as overly broad insofar

4  as it seeks communications regarding matters not at issue in these cases, e.g., technical

5  communications.  Valve invites the propounding party to meet and confer to identify with

6  specificity the categories of documents it seeks and to narrow the scope of this request.

7  **REQUEST FOR PRODUCTION NO. 24:**

8        DOCUMENTS sufficient to show, for STEAM and any other services that offer access to

9  APPS that YOU offer to U.S. users on any DEVICE:

10        a.      the dates during which the service was available to U.S. consumers;

11        b.      for each year that the service was available, the number U.S. consumers who

12  subscribed to or otherwise used it;

13        c.      the method(s) used to monetize the service, INCLUDING, but not limited to,

14  ADVERTISING and subscriptions;

15        d.      YOUR decision to monetize the service, INCLUDING why YOU chose the

16  monetization strategy YOU did, and whether that strategy changed over time; and

17        e.      YOUR annual revenues from the service (by type of monetization, if available).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

19        Subject to and in addition to General Objections, Valve objects to this request as overly

20  broad and unduly burdensome as phrased, and insofar as it would require Valve to create new

21  documents, information, or analyses that are not kept in the ordinary course of business or to

22  provide information in a form other than that kept in the ordinary course of business.  Valve

23  further objects to these requests as overly broad in scope and unduly burdensome insofar as they

24  seek information regarding Valve "APPS" shipped on Apple devices, which information is

25  already in Apple's possession, see, e.g., https://apps.apple.com/us/ developer/valve/id495369751.

26  Valve also objects to this request to the extent it seeks production of documents that are not

27  relevant to the claims and defenses at issue in the captioned actions and are not proportional to

28  the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of

1  the documents sought contain trade secrets or highly confidential, business, financial,

2  proprietary, or commercially sensitive information, particularly insofar as such information is

3  sought by a potential business competitor.  Subject to and without waiving the foregoing

4  objections, Valve cannot comply with portions of this request seeking information or documents

5  related to advertising as it does not advertise on Steam or in any Valve games.  Valve invites the

6  propounding party to meet and confer to identify with specificity the categories of documents it

7  seeks and to narrow the scope of this request.

8  **REQUEST FOR PRODUCTION NO. 25:**

9        DOCUMENTS sufficient to describe YOUR efforts to REVIEW APPS made through

10  YOUR APP MARKETPLACE(S) or any other source, INCLUDING:

11        a.        guidelines, policies, and/or procedures for REVIEWING APPS;

12        b.        separately by year and operating system, any costs YOU incurred or resources

13  YOU expended in REVIEWING APPS;

14        c.        the efficacy of any such REVIEW of APPS, INCLUDING the number of

15  instances of MALWARE YOU detected, the number of instances of MALWARE YOUR

16  REVIEW failed to detect, and consumer and APP DEVELOPER COMMUNICATIONS

17  regarding any such REVIEW; and

18        d.        actual or intended efforts to communicate to users that YOU have REVIEWED

19  such APPS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

21        Subject to and in addition to General Objections, Valve objects to this request as overly

22  broad and unduly burdensome as phrased, and insofar as it would require Valve to create new

23  documents, information, or analyses that are not kept in the ordinary course of business or to

24  provide information in a form other than that kept in the ordinary course of business.  Valve also

25  objects to this request to the extent it seeks production of documents that are protected by

26  attorney-client or work product privileges, or documents that are not relevant to the claims and

27  defenses at issue in the captioned actions and are not proportional to the needs of the cases.

28  Valve also objects to this request as unduly burdensome insofar as they seek information that is

publicly available, e.g., on Steam.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS describing the organizational structure of, and/or listing personnel working within any division or unit of YOUR business that is responsible for APP distribution and/or YOUR APP MARKETPLACE(S) (INCLUDING APP REVIEW), INCLUDING any organizational charts or employee directories pertaining to such business unit(s) or division(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request as unduly burdensome insofar as they seek information that is publicly available, e.g., at www.valvesoftware.com/en/people.  Subject to and without waiving the foregoing, Valve cannot comply with this request as it does not maintain organizational charts or employee directories.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to show the following per-user averages for consumers associated with YOUR APP MARKETPLACE separately for each year since 2010:

a.      annual spending on APPS and IN-APP PRODUCTS;

b.      annual amounts received by YOU due to ADVERTISING shown to the user;

c.      the portion of annual spending that is attributable to credits, discounts, or virtual currencies, INCLUDING gift cards, promotional codes, or the use of any particular credit card.

//

117110150.v5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business. Valve further objects to this request as massively overbroad and unduly burdensome insofar as it requires Valve to review millions of transactions and data from millions of user accounts. Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor. Subject to and without waiving the foregoing objections, Valve cannot comply with portions of this request seeking information or documents related to advertising as it does not advertise on Steam or in any Valve games. Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 28:**

REPORTS CONCERNING the existence of MALWARE, INCLUDING any efforts to measure or quantify the number of APPS that contained MALWARE, the number of downloads of APPS that, contained MALWARE and the impact of such MALWARE in:

a.      APPS offered by YOUR APP MARKETPLACE(S); and

b.      APPS offered by APP MARKETPLACES other than YOUR APP MARKETPLACE(S).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and in addition to General Objections, Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business. Valve also objects to this request to the extent it seek production of documents that are protected by

1  attorney-client or work product privileges, or documents that are not relevant to the claims and

2  defenses at issue in the captioned actions and are not proportional to the needs of the cases.

3  Moreover, Valve objects to this request to the extent that many or all of the documents sought

4  contain trade secrets or highly confidential, business, financial, proprietary, or commercially

5  sensitive information, particularly insofar as such information is sought by a potential business

6  competitor.  Valve invites the propounding party to meet and confer to identify with specificity

7  the categories of documents it seeks and to narrow the scope of this request.

8  **REQUEST FOR PRODUCTION NO. 29:**

9       DOCUMENTS sufficient to show, for each NAMED CONSUMER PLAINTIFF:

10       a.     the number of APPS downloaded by the NAMED CONSUMER PLAINTIFF

11  from YOUR APP MARKETPLACE(S);

12       b.     for each APP downloaded by the NAMED CONSUMER PLAINTIFF from

13  YOUR APP MARKETPLACE(S):

14            i.     the identity of the APP;

15            ii.     the date of download;

16            iii.     the price paid for the download;

17            iv.     the date that any IN-APP PRODUCT associated with the APP was

18                 purchased and the price paid for the IN-APP PRODUCT;

19            v.     whether the APP uses a third party services for ADVERTISING; and

20            vi.     to the extent the APP is available for use on a time-of-use basis, the

21                 number of minutes of usage of such APP.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23       Subject to and in addition to General Objections, Valve objects to Request Nos. 29 and

24  30 as overbroad and unduly burdensome as phrased and insofar as they would require Valve to

25  create new documents, information, or analyses that are not kept in the ordinary course of

26  business or to provide information in a form other than that kept in the ordinary course of

27  business.  Valve also objects insofar as these requests seek user-specific information or infringes

28  on users' privacy or personal information and/or invades any right to privacy under any

117110150.v5

1   applicable state or federal law or constitutional provision.  Subject to and without waiving its

2   objections, Valve cannot comply with these requests without further identifying information for

3   the persons named in each request, including email address used on their Steam accounts and

4   Steam ID or account name and (for developers) the name(s) under which each named developer

5   plaintiff submitted software for distribution via Steam.

6   **REQUEST FOR PRODUCTION NO. 30:**

7   DOCUMENTS sufficient to show, for each NAMED DEVELOPER PLAINTIFF:

8   a.   whether the NAMED DEVELOPER PLAINTIFF has published APPS on YOUR

9   APP MARKETPLACE(S);

10   b.   any identification or account number associated with the NAMED DEVELOPER

11   PLAINTIFF; and

12   c.   for each APP published by the NAMED DEVELOPER PLAINTIFF on YOUR

13   APP MARKETPLACE(S):

14   i.   the name of the APP;

15   ii.   the date range during which the APP was available for download on

16   YOUR APP MARKETPLACE(S);

17   iii.   the number of times the APP has been downloaded from YOUR APP

18   MARKETPLACE(S) each year;

19   iv.   the price of the APP and any IN-APP PRODUCT associated with the APP

20   on YOUR APP MARKETPLACE(S), INCLUDING any changes to such

21   pricing over time;

22   v.   the total amount of money remitted by YOU to the NAMED

23   DEVELOPER PLAINTIFF for purchases of such APP or associated IN-

24   APP PRODUCT(S);

25   vi.   whether the APP uses any third party service for ADVERTISING; and

26   vii.   to the extent the APP is available for use on a time-of-use basis, the

27   number of minutes of usage of such APP.

28   //

117110150.v5

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

2         Subject to and in addition to General Objections, Valve objects to Request Nos. 29 and

3   30 as overbroad and unduly burdensome as phrased and insofar as they would require Valve to

4   create new documents, information, or analyses that are not kept in the ordinary course of

5   business or to provide information in a form other than that kept in the ordinary course of

6   business.  Valve also objects insofar as these requests seek user-specific information or infringes

7   on users' privacy or personal information and/or invades any right to privacy under any

8   applicable state or federal law or constitutional provision.  Subject to and without waiving its

9   objections, Valve cannot comply with these requests without further identifying information for

10  the persons named in each request, including email address used on their Steam accounts and

11  Steam ID or account name and (for developers) the name(s) under which each named developer

12  plaintiff submitted software for distribution via Steam.

13  **REQUEST FOR PRODUCTION NO. 31:**

14        DOCUMENTS (INCLUDING data) sufficient to show, for each month since 2010:

15      a.     whether EPIC has published APPS on YOUR APP MARKETPLACE(S);

16      b.     any identification or account number associated with EPIC;

17      c.     for each APP published by EPIC on YOUR APP MARKETPLACE(S):

18           i.     the name of the APP;

19          ii.    the date range during which the APP was available for download on

20                 YOUR APP MARKETPLACE(S);

21          iii.   the number of times the APP has been downloaded from YOUR APP

22                 MARKETPLACE(S) each year;

23          iv.   the price of the APP and any IN-APP PRODUCT associated with the APP

24                 on YOUR APP MARKETPLACE(S), INCLUDING any changes to such

25                 pricing over time;

26          v.    the total value in U.S. dollars of IN-APP PRODUCTS sold through EPIC

27                 APPS downloaded from YOUR APP MARKETPLACE;

28

117110150.v5

vi.   the total value in U.S. dollars of EPIC APPS downloaded from YOUR APP MARKETPLACE;

vii.   the amount that YOU earned in commissions from each download of any EPIC APP, and the effective commission rate on each such transaction;

viii.   the amount that YOU earned in commissions from each sale of any IN-APP PRODUCT through EPIC APPS, and the effective commission rate on each such transaction;

ix.   whether the APP uses any third party service for ADVERTISING; and

x.   to the extent the APP is available for use on a time-of-use basis, the number of minutes of usage of such APP.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Subject to and in addition to General Objections, Valve objects to this request insofar as it seeks discovery from a non-party that is equally or more readily available through party discovery without imposing burden on a third party, as further described in Valve's General Objection No. 2, which is incorporated here by reference.  Valve objects to this request as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve further objects to this request insofar as it calls for information that is publicly available, e.g., through Steam or through Apple's own examination of Epic's software.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor.  Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS (INCLUDING data) sufficient to show, for each month since 2010 for each APP published on YOUR APP MARKETPLACE(S):

117110150.v5

1       a.      the name of the APP;

2       b.      the date range during which the APP was available for download on YOUR APP

3 MARKETPLACE(S); and

4       c.      the price of the APP and any IN-APP PRODUCT associated with the APP on

5 YOUR APP MARKETPLACE(S), INCLUDING any changes to such pricing over time.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

7       Subject to and in addition to General Objections, Valve objects to this request as

8 massively overbroad in scope and time and unduly burdensome as there have been tens of

9 thousands of games available on Steam during the requested time period.  Valve also objects to

10 this request as overly broad and unduly burdensome insofar as the request requires Valve to

11 create new documents, information, or analyses that are not kept in the ordinary course of

12 business or to provide information in a form other than that kept in the ordinary course of

13 business.  Valve further objects to this request insofar as it calls for information that is publicly

14 available, e.g., through Apple's own review of the Steam store.  Valve also objects to this request

15 to the extent it seeks production of documents that are not relevant to the claims and defenses at

16 issue in the captioned actions and are not proportional to the needs of the cases.

17 **REQUEST FOR PRODUCTION NO. 33:**

18       DOCUMENTS sufficient to show the name of each APP, INCLUDING *Counter-Strike,*

19 *Day of Defeat, Dota, Half-Life, Left 4 Dead, Portal, and Team Fortress*, that YOU have

20 published in any APP MARKETPLACE, INCLUDING Google Play, the Samsung Galaxy Store,

21 Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon

22 Underground, the Microsoft Store for Xbox, Windows Store, and Windows Phone Store, the

23 Epic Games Store, Origin, and other online storefronts distributing games and digital content,

24 and YOUR APP MARKETPLACE(S), and for each such APP:

25       a.,      the dates daring which, the APR VASS available fora. download by U.S.

26 consumers from each APP MARKETPLACE;

27       b.      for each year that the APP was available, the number of times that the APP was

28 downloaded by U.S. consumers from each PP MARKETPLACE;

117110150.v5

1    c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited

2  to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of

3  EXTERNAL PRODUCTS, features ADVERTISING, or uses any other method(s) or some

4  combination of the above;

5    d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the

6  monetization strategy YOU did, and whether that strategy changed over time;

7    e.      YOUR annual revenues from APP downloads and IN-APP PRODUCTS

8  attributable to such distribution (by APP and by type of monetization, if available); and

9    f.      the number of minutes of usage of such APP that took place via a time-based APP

10  MARKETPLACE.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

12    Subject to and in addition to General Objections, Valve objects to this request as overly

13  broad and unduly burdensome as phrased, and insofar as it would require Valve to create new

14  documents, information, or analyses that are not kept in the ordinary course of business or to

15  provide information in a form other than that kept in the ordinary course of business.  Valve

16  further objects to this request as vague and ambiguous as to whether "APP MARKETPLACE" as

17  used in this request is limited to digital distribution, and interprets this request to exclude brick

18  and mortar distributors. Valve further objects to this request as overly broad in scope and unduly

19  burdensome insofar as it seeks information regarding Valve "APPS" shipped on Apple devices,

20  which information is already in Apple's possession, see, e.g.,

21  https://apps.apple.com/us/developer/valve/id495369751.  Valve also objects to this request to the

22  extent it seeks production of documents that are not relevant to the claims and defenses at issue

23  in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve

24  objects to this request to the extent that many or all of the documents sought contain trade secrets

25  or highly confidential, business, financial, proprietary, or commercially sensitive information,

26  particularly insofar as such information is sought by a potential business competitor.  Valve

27  invites the propounding party to meet and confer to identify with specificity the categories of

28  documents it seeks and to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to HANDHELD DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such consumers;

b.      for each year that the APP was available, the number of times that the APP was downloaded by consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did and whether that strategy changed over time; and

e.      YOUR annual revenues from APP downloads and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and in addition to General Objections, Valve objects to Request Nos. 34 and 35 as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business. Valve further objects to these requests as vague and ambiguous as to whether "direct distribution" as used in these requests is limited to digital distribution, and interprets these requests to exclude brick and mortar distributors. Valve further objects to these requests as overly broad in scope and unduly burdensome insofar as they seek information regarding Valve "APPS" shipped on Apple devices, which information is already in Apple's possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.  Valve also objects to these requests to the extent they seeks production of documents that are not relevant to the claims and defenses at

issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to these requests to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor. Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of these requests.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to show the name of each APP (if any) that YOU have made available for direct distribution (i.e., not through an APP MARKETPLACE) to NON-HANDHELD DEVICE users, and for each such APP:

a.      the dates during which the APP was available for direct download to such consumers;

b.      for each year that the APP was available, the number of times that the APP was downloaded by consumers;

c.      the method(s) used (if any) to monetize the APP, INCLUDING, but not limited to, whether the APP charges for APP downloads, sells IN-APP PRODUCTS, permits use of EXTERNAL PRODUCTS, features ADVERTISING, or uses any other method(s) or some combination of the above;

d.      YOUR decision to monetize the APP, INCLUDING why YOU chose the revenue model YOU did, and whether that strategy changed over time; and

e.      YOUR annual revenues from APP downloads and IN-APP PRODUCTS attributable to such distribution (by APP and by type of monetization, if available).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and in addition to General Objections, Valve objects to Request Nos. 34 and 35 as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve further objects to these requests as vague and ambiguous as to whether "direct

distribution" as used in these requests is limited to digital distribution, and interprets these requests to exclude brick and mortar distributors. Valve further objects to these requests as overly broad in scope and unduly burdensome insofar as they seek information regarding Valve "APPS" shipped on Apple devices, which information is already in Apple's possession, see, e.g., https://apps.apple.com/us/developer/valve/id495369751.  Valve also objects to these requests to the extent they seeks production of documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to these requests to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a potential business competitor. Valve invites the propounding party to meet and confer to identify with specificity the categories of documents it seeks and to narrow the scope of these requests.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to describe YOUR decision to prohibit or allow:

a.       "cross-play" (*i.e.*, the extent to which users of an APP can interact with or play against other users of the APP while on different DEVICES), for any particular APP; and/or

b.       IN-APP PRODUCTS or EXTERNAL PRODUCTS purchased on one DEVICE to be applied to the same APP on another DEVICE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to and in addition to General Objections, Valve objects to Request No. 36 as overly broad and unduly burdensome as phrased, and insofar as it would require Valve to create new documents, information, or analyses that are not kept in the ordinary course of business or to provide information in a form other than that kept in the ordinary course of business.  Valve also objects to this request to the extent it seeks production of documents that are not relevant to the claims and defenses at issue in the captioned actions and are not proportional to the needs of the cases.  Moreover, Valve objects to this request to the extent that many or all of the documents sought contain trade secrets or highly confidential, business, financial, proprietary, or commercially sensitive information, particularly insofar as such information is sought by a

1    potential business competitor.  Valve invites the propounding party to meet and confer to

2    identify with specificity the categories of documents it seeks and to narrow the scope of this

3    request.

4    **REQUEST FOR PRODUCTION NO.  37**

5          For each of YOUR APPS, DOCUMENTS sufficient to show the extent to which game

6    progress achieved on one DEVICE can be applied to the same game on another DEVICE.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

8          Subject to and in addition to General Objections, Valve objects to Request No. 37 insofar

9    as it calls for production of any source code, which Valve declines to do as described above in its

10    General Objections.  Valve also objects to this request as overly broad and unduly burdensome as

11    phrased, and insofar as it would require Valve to create new documents, information, or analyses

12    that are not kept in the ordinary course of business or to provide information in a form other than

13    that kept in the ordinary course of business.  Valve also objects to this request as unduly

14    burdensome insofar as it seeks information that is publicly available, e.g., through use of Valve's

15    games, which are all readily accessible via Steam, or at

16    https://support.steampowered.com/kb_article.php?ref=6736-QEIG-8941.  Valve also objects to

17    this request to the extent it seeks production of documents that are not relevant to the claims and

18    defenses at issue in the captioned actions and are not proportional to the needs of the cases.

19    Moreover, Valve objects to this request to the extent that many or all of the documents sought

20    contain trade secrets or highly confidential, business, financial, proprietary, or commercially

21    sensitive information, particularly insofar as such information is sought by a potential business

22    competitor.  Valve invites the propounding party to meet and confer to identify with specificity

23    the categories of documents it seeks and to narrow the scope of this request.

24    **REQUEST FOR PRODUCTION NO. 38:**

25          ALL COMMUNICATIONS between YOU and any NAMED CONSUMER

26    PLAINTIFF.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28          Subject to and in addition to General Objections, Valve objects to Request Nos. 38 and

1   39 as seeking discovery from a non-party that is equally or more readily available through party

2   discovery without imposing burden on a third party, as further described in Valve's General

3   Objection No. 2, which is incorporated here by reference.  Valve further objects to these requests

4   as overly broad in time and in scope. Valve also objects to these requests to the extent they seek

5   production of documents that are not relevant to the claims and defenses at issue in the captioned

6   actions and are not proportional to the needs of the cases.  Valve invites the propounding party to

7   meet and confer to identify with specificity the categories of documents it seeks and to narrow

8   the scope of these requests.

9   **REQUEST FOR PRODUCTION NO. 39:**

10          ALL COMMUNICATIONS between YOU and any NAMED DEVELOPER

11  PLAINTIFF.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

13          Subject to and in addition to General Objections, Valve objects to Request Nos. 38 and

14  39 as seeking discovery from a non-party that is equally or more readily available through party

15  discovery without imposing burden on a third party, as further described in Valve's General

16  Objection No. 2, which is incorporated here by reference.  Valve further objects to these requests

17  as overly broad in time and in scope. Valve also objects to these requests to the extent they seek

18  production of documents that are not relevant to the claims and defenses at issue in the captioned

19  actions and are not proportional to the needs of the cases.  Valve invites the propounding party to

20  meet and confer to identify with specificity the categories of documents it seeks and to narrow

21  the scope of these requests.

22  **REQUEST FOR PRODUCTION NO. 40:**

23          ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING

24  EPIC CONCERNING:

25          a.      the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and

26  procedures for the DEFENDANT'S iOS App Store;

27          b.      policies, practices, and/or procedures for handling and processing payments for

28  the sale of.IN APP PRODUCTS; and

Valve's Response and Objection to Subpoena by Apple
117110150.v5

1       c.     the following ongoing litigation, INCLUDING declarations, anticipated oral

2 testimony, or documentary evidence relating to the same:

3           i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

4           ii.     *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

5           iii.     *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

6           iv.     *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

7           v.     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

9      Subject to and in addition to General Objections, Valve objects to this request as seeking

10 discovery from a non-party that is equally or more readily available through party discovery

11 without imposing burden on a third party, as further described in Valve's General Objection No.

12 2, which is incorporated here by reference.  Valve also objects to this request as overly broad in

13 time and in scope and unduly burdensome insofar as the request purports to require Valve to

14 search for "ALL COMMUNICATIONS" with any developer of the tens of thousands of games

15 available on Steam for multiple topics.  Valve also objects to this request to the extent it seeks

16 production of documents that are not relevant to the claims and defenses at issue in the captioned

17 actions and are not proportional to the needs of the cases.  Valve invites the propounding party to

18 meet and confer to identify with specificity the categories of documents it seeks and to narrow

19 the scope of this request.

20 **REQUEST FOR PRODUCTION NO. 41:**

21      ALL COMMUNICATIONS between YOU and any DEVICE manufacturer or

22 telecommunications provider (INCLUDING Verizon Wireless, AT&T Mobility, T-Mobile U.S.,

23 or Sprint Corporation) CONCERNING:

24       a.     the presence or risk of any APPS with MALWARE in any APP

25 MARKETPLACE;

26       b.     any APPS rejected, removed, or hidden from any APP MARKETPLACE:

27       b.     any APP DEVELOPER for whom YOU have in any way restricted their/its

28 ability to publish APPS in YOUR APP MARKETPLACE;

1    d.    any discussion or agreement regarding pre-installation of APPS or APP

2  MARKETPLACES on DEVICES; and

3    e.    any relationship between the ability to install or use a given APP

4  MARKETPLACE on a DEVICE and the attractiveness to consumers of such DEVICE.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

6    Subject to and in addition to General Objections, Valve objects to this request as overly

7  broad in time and in scope and unduly burdensome insofar as the request purports to require

8  Valve to search for "ALL COMMUNICATIONS" with numerous manufacturers and

9  telecommunications providers over several years regarding multiple topics.  Valve also objects to

10  this request to the extent it seeks production of documents that are not relevant to the claims and

11  defenses at issue in the captioned actions and are not proportional to the needs of the cases.

12  Moreover, Valve objects to this request to the extent that many or all of the documents sought

13  contain trade secrets or highly confidential, business, financial, proprietary, or commercially

14  sensitive information, particularly insofar as such information is sought by a potential business

15  competitor.  Valve invites the propounding party to meet and confer to identify with specificity

16  the categories of documents it seeks and to narrow the scope of this request.

17  **REQUEST FOR PRODUCTION NO. 42:**

18    ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU and any

19  federal, state, or local governmental entity, either foreign or domestic, INCLUDING any U.S. or

20  state agency, attorney general's office, or congressional committee, CONCERNING any APP

21  MARKETPLACE(S) or the DEFENDANT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

23    Subject to and in addition to General Objections, Valve objects to Request No. 42 and 43

24  as overly broad in time and in scope and unduly burdensome, particularly insofar as they seek

25  production of "ALL COMMUNICATIONS or DOCUMENTS."  Valve also objects to these

26  requests insofar as they seek information beyond the United States as further described in

27  Valve's General Objection No. 19, which is incorporated here by reference.  Valve further

28  objects to these requests to the extent that many or all of the documents sought contain trade

117110150.v5

1  secrets or confidential, business, financial, proprietary, law enforcement, or commercially

2  sensitive information, particularly insofar as such information is sought by a potential business

3  competitor.  Valve also objects to these requests to the extent it seeks production of documents

4  that are not relevant to the claims and defenses at issue in the captioned actions and are not

5  proportional to the needs of the cases.  Valve objects to this request to the extent it calls for user-

6  specific information, infringes on users' privacy or personal information and/or invades any right

7  to privacy under any applicable state or federal law or constitutional provision.  Valve objects to

8  this request as overly broad in time and in scope and unduly burdensome as phrased, and insofar

9  as it would require Valve to create new documents, information, or analyses that are not kept in

10 the ordinary course of business or to provide information in a form other than that kept in the

11 ordinary course of business.  Based on its objections, Valve will not produce documents in

12 response to this request.

13 **REQUEST FOR PRODUCTION NO. 43:**

14     Any rulings, judgments, or findings of fact or law made by any federal, state, or local

15 governmental entity, either foreign or domestic, INCLUDING any U.S. or state agency, attorney

16 general's office, or congressional committee, CONCERNING YOUR APP MARKETPLACE(S)

17 and any allegations or suspicion of any anti-competitive conduct or behavior.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19     Subject to and in addition to General Objections, Valve objects to Request No. 42 and 43

20 as overly broad in time and in scope and unduly burdensome, particularly insofar as they seek

21 production of "ALL COMMUNICATIONS or DOCUMENTS."  Valve also objects to these

22 requests insofar as they seek information beyond the United States as further described in

23 Valve's General Objection No. 19, which is incorporated here by reference.  Valve further

24 objects to these requests to the extent that many or all of the documents sought contain trade

25 secrets or confidential, business, financial, proprietary, law enforcement, or commercially

26 sensitive information, particularly insofar as such information is sought by a potential business

27 competitor.  Valve also objects to these requests to the extent it seeks production of documents

28 that are not relevant to the claims and defenses at issue in the captioned actions and are not

1  proportional to the needs of the cases.  Valve objects to this request to the extent it calls for user-

2  specific information, infringes on users' privacy or personal information and/or invades any right

3  to privacy under any applicable state or federal law or constitutional provision.  Valve objects to

4  this request as overly broad in time and in scope and unduly burdensome as phrased, and insofar

5  as it would require Valve to create new documents, information, or analyses that are not kept in

6  the ordinary course of business or to provide information in a form other than that kept in the

7  ordinary course of business.  Based on its objections, Valve will not produce documents in

8  response to this request.

9

10

11   Dated:  December 23, 2020                              FOX ROTHSCHILD LLP

12                                                         By: _____

13                                                             Jae min Chang
                                                             Attorneys for non-party Valve Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Valve's Response and Objection to Subpoena by Apple

117110150.v5

1

**PROOF OF SERVICE**

2

      I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is:  Fox Rothschild LLP, 345

3

California Street, Suite 2200, San Francisco, CA 94104-2670.

4

      On the date shown below, I served the following document(s):

5

**NON-PARTY VALVE CORPORATION'S RESPONSE AND OBJECTION TO**

6

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION ISSUED BY**

7

**APPLE INC.**

8

on the interested party(ies) in this action as follows:

9

**SEE ATTACHED SERVICE LIST**

10

☑  **BY EMAIL:**  I electronically served the above document(s) to the email address of the addressee(s) listed above.

11

12

      I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was

13

made.  Executed on December 23, 2020 at San Francisco, California.

14

15

_____

Elisabeth Paulsen

16

17

18

19

20

21

22

23

24

25

26

27

28

# SERVICE LIST

THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
JAY P. SRINIVASAN (SBN 181471)
jsrinivasan@gibsondunn.com
JASON C. LO
jlo@gibsnodunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. LEWIS *(pro hac vice)*
vlewis@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2936

CYNTHIA E. RICHMAN *(pro hac vice)*
crichman@gibsondunn.com
ANNA L. CASEY *(pro hac vice)*
acasey@gibsondunn.com
MARK A. PERRY
mperry@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER
edettmer@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: 415-393-8200
Facsimile: 415-986-5309

**Attorneys for Apple, Inc.**

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**Attorneys for Epic Games, Inc.**

CHRISTINE A. VARNEY *(pro hac vice)*
cvarney@cravath.com
KATHERINE B. FORREST *(pro hac vice)*
kforrest@cravath.com
GARY A. BORNSTEIN *(pro hac vice)*
gbornstein@cravath.com
YONATAN EVEN *(pro hac vice)*
yeven@cravath.com
LAUREN A. MOSKOWITZ *(pro hac vice)*
lmoskowitz@cravath.com
M. BRENT BYARS *(pro hac vice)*
mbyars@cravath.com
JOE WESLEY EARNHARDT *(pro hac vice)*
wearnhardt@cravath.com
JOHN I. KARIN *(pro hac vice)*
jkarin@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

**Attorneys for Epic Games, Inc.**

HANNAH CANNOM
hcannom@wscllp.com
BETHANY M. STEVENS
bstevens@wscllp.com
**WALKER STEVENS CANNON LLP**
500 Molino Street, Suite 118
Los Angeles, CA 90012
Telephone: 213-337-9972

**Attorneys for Apple Inc.**

1    E. JOSHUA ROSENKRANZ *(pro hac vice)*          KAREN HOFFMAN LENT
     jrosenkranz@orrick.com                          Karen.lent@skadden.com
2    **ORRICK, HERRINGTON &**                        **SKADDEN ARPS SLATE MEACHER**
     **SUTCLIFFE LLP**                               **FLOM LLP**
3    51 West 52nd Street                             One Manhattan West
     New York, NY 10019-6142                         New York, NY 10001
4    Telephone: 212.506.5000                         Telephone: 212-735-3000
     Facsimile: 212.506.5151
5                                                    **Attorneys for Apple, Inc.**

6    WILLIAM F. STUTE *(pro hac vice)*               JOHN J. CALANDRA
     wstute@orrick.com                               jcalandra@mwe.com
7    **ORRICK, HERRINGTON &**                        NICOLE LAUREN CASTLE
     **SUTCLIFFE LLP**                               ncastle@mwe.com
8    1152 15th Street, N.W.                          PETER JOHN SACRIPANTI
     Washington, DC 20005-1706                       psacripanti@mwe.com
9    Telephone: 202.339.8400                         **MCDERMOTT WILL & EMERY LLP**
     Facsimile: 202.339.8500                         340 Madison Avenue
10                                                   New York, NY 10173
                                                     Telephone: 212-547-5489
11   **Attorneys for Apple Inc.**                    Facsimile: 212-547-5444

12                                                   MICHELLE S. LOWERY
13   DAVID R. EBERHART                               mslowery@mwe.com
     deberhart@omm.com                               **MCDERMOTT WILL & EMERY LLP**
14   ANNA TRYON PLETCHER                             2049 Century Park East, Suite 3200
     apletcher@omm.com                               Los Angeles, CA 90067-3206
15   **O'MELVENY & MYERS LLP**                       Telephone: 310-551-9309
     Two Embarcadero Center, 28th Floor
16   San Francisco, CA 94111                         ELIZABETH A. RODD
     Telephone: 415-984-8700                         erodd@mwe.com
17   Facsimile: 415-984-8701                         **MCDERMOTT WILL & EMERY LLP**
                                                     200 Clarendon Street, Floor 58
18   KATRINA M. ROBSON                               Boston, MA 02116
     krobson@omm.com                                 Telephone: 617-535-4040
19   EVAN N. SCHLOM                                  Facsimile: 617-535-3800
     eschlom@omm.com
20   ELENA ZARABOZO                                  **Attorneys for Apple, Inc.**
     ezarabozo@omm.com
21   **O'MELVENY & MYERS LLP**
     1625 Eye Street, N.W.
22   Washington, DC 20006
     Telephone: 202-220-5052
23   Facsimile: 202-383-5414

24   SCOTT A. SCHAEFFER
     sschaeffer@omm.com
25   **O'MELVENY & MYERS LLP**
     Plaza 66, 37th Floor
26   1266 Nanjing Road West
     Shanghai 200040, China
27   Telephone:  213-430-6000

28   **Attorneys for Apple, Inc.**

-4-

BENJAMIN HANS DIESSEL *(pro hac vice)*
bdiessel@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
P. O. Box 1832
New Haven, CT 06508
Telephone: 203-498-4400
Facsimile: 203-782-2889

ROBERT SETH HOFF *(pro hac vice)*
rhoff@wiggin.com
**WIGGIN AND DANA LLP**
281 Tresser Boulevard
Stamford, CT 06901
Telephone: 203-363-7626

**Attorneys for Epic Games, Inc.**

ROBERT F. LOPEZ
robl@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206-623-7292
Facsimile: 206-623-0594

**Attorney for Donald Cammeron (interested party)**

-5-

117427531.v1