CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

PAUL R. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Attorneys for Plaintiff, Counter-defendant
Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff, Counter-defendant, | |
| v. | **UNSEALED JOINT DISCOVERY LETTER BRIEF REGARDING EPIC'S OUTSTANDING DOCUMENT REQUESTS AND SUPPORTING EXHIBITS** |
| APPLE INC., | |
| Defendant, Counterclaimant. | |

1     Pursuant to the Court's Order re: Motion to Seal (ECF No. 335), Epic Games, Inc. hereby

2 files the attached Joint Discovery Letter Brief Regarding Epic's Outstanding Document Requests

3 and Supporting Exhibits 2-3, 6-12, and A-E (ECF No. 297) in the public record.

4

5 DATE: February 19, 2021         **CRAVATH, SWAINE & MOORE LLP**

6                             */s/ Lauren A. Moskowitz*

7                                Lauren A. Moskowitz

8                         **FAEGRE DRINKER BIDDLE & REATH LLP**
                                 PAUL R. RIEHLE (SBN 115199)

9                         Four Embarcadero Center, 27th Floor
                         San Francisco, CA 94111

10                       Telephone: (415) 591-7500
                       Facsimile: (415) 591-7510

11                       paul.riehle@faegredrinker.com

12                       **CRAVATH, SWAINE & MOORE LLP**
                         CHRISTINE A. VARNEY (*pro hac vice*)

13                       KATHERINE B. FORREST (*pro hac vice*)
                       GARY A. BORNSTEIN (*pro hac vice*)

14                       YONATAN EVEN (*pro hac vice*)
                       LAUREN A. MOSKOWITZ (*pro hac vice*)

15                       M. BRENT BYARS (*pro hac vice*)
                       825 Eighth Avenue

16                       New York, New York 10019
                       Telephone: (212) 474-1000

17                       Facsimile: (212) 474-3700
                       cvarney@cravath.com

18                       kforrest@cravath.com
                       gbornstein@cravath.com

19                       yeven@cravath.com
                       lmoskowitz@cravath.com

20                       mbyars@cravath.com

21                       *Attorneys for Plaintiff, Counter-defendant*

22                       *Epic Games, Inc.*

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

EPIC GAMES, INC.,

*Plaintiff, Counter-defendant,*

v.

APPLE INC.,

*Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH

**JOINT DISCOVERY LETTER BRIEF REGARDING EPIC'S OUTSTANDING DOCUMENT REQUESTS**

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

The parties in the above-captioned action respectfully submit this joint letter brief regarding certain of Epic's outstanding document requests.

Counsel for Epic Games, Inc. ("Epic"), and Apple Inc. ("Apple", together with Epic, the "Parties") have met and conferred telephonically and exchanged correspondence in a good faith effort to resolve the outstanding disputes.  The Parties have been unable to reach agreement and therefore submit this joint letter.  The Parties can make additional exhibits—including the documents and testimony identified in this submission—available to the Court upon request.

Respectfully submitted,

CRAVATH, SWAINE
& MOORE LLP

By: */s/ Lauren A. Moskowitz*
Lauren A. Moskowitz
*Counsel for Epic Games, Inc.*

GIBSON DUNN & CRUTCHER LLP

By: */s/ Mark A. Perry*
Mark A. Perry
*Counsel for Apple Inc.*

**Epic's Position**:  This joint letter brief concerns one issue:  certain of Epic's data-related requests for production ("RFPs").[1]  Epic requests that the Court order Apple to produce documents, as discussed below.

Epic's request is simple.  Epic's experts require certain documents and data for their reports.  The deadline to complete document and data production was January 6, 2021.  Apple did not complete its production of documents and data in response to the below RFPs by that deadline.  Instead, after weeks of requests from Epic, Apple declared on January 27, 2021 that it would complete its production in response to these RFPs by February 15, 2021—the deadline for exchange of opening expert reports.  Apple is in violation of the Court's scheduling order.  Epic respectfully requests that the Court order Apple to complete production of documents and data in response to the below RFPs by February 5, 2021—a date that would barely give Epic's experts enough time to use the documents and data for their opening reports.

Over three months ago, on October 23, 2020, Epic served its first set of RFPs, and asked Apple to meet and confer before the deadline for Apple's responses and objections.  (Dkt. 275-1.)  Apple ignored this request.  On November 23, 2020, Apple served its responses and objections.  (Dkt. 275-3.)  On December 9, 2020, Epic emphasized that it "needs these data sooner rather than later to prepare for expert reports".  (Ex. 3 at 2.)  After two meet and confers, Apple agreed on December 26, 2020 to search for non-custodial documents and data responsive to the RFPs described below.  (Ex. 4.)  Epic decided not to raise these RFPs at the December 30, 2020 hearing because Apple had so agreed.

As noted, the deadline for "[c]ompletion of document/data production" was January 6, 2021.  (Dkt. 103.)  On January 4, January 7, January 10, January 14, and January 15, 2021, Epic asked Apple to identify any documents and data in response to the below RFPs.  (Ex. 8.)  On January 21, 2021, Epic requested that Apple explain the results of its searches in response to the below RFPs.  (Ex. 9 at 3.)  On January 23, 2021, Epic provided its portion of this joint letter brief, raising Apple's failure to explain the results of its searches.  On January 25, 2021, Epic raised its request at a hearing before the Court.  (1/25/21 Hr'g Tr. 56:6-15.)

On January 27, 2021, Apple finally revealed that its plan was to produce the responsive documents and data by February 15, 2021.  (Ex. 10 at 3.)  Other than complaining generally about how the scope of Epic's discovery requests is allegedly broader than what Epic represented to the Court, Apple did not explain why it would be able to produce these documents only by February 15, 2021 (Ex. 10 at 1)—the very day that would guarantee Epic's experts could not use the documents and data for their reports.

Apple has no valid excuse for failing to provide these documents and data by the January 6, 2021 Court-ordered deadline.  Apple has pointed to Epic's agreement to allow Apple to produce documents from the files of certain additional custodians to excuse its failure.  (Ex. 10 at 1.)  But this agreement was expressly limited to documents from the files of those additional custodians.  As Apple's counsel put it, Apple "cannot complete its production *for the additional custodians* requested by Plaintiffs before Jan 6, 2021".  (Ex. 2 at 9 (emphasis added).)  This agreement had

---

[1] The Parties either have resolved or reserved rights with respect to the other issues raised at the end of the January 25, 2021 hearing.  (1/25/21 Hr'g Tr. 48:4-49:13, 54:7-60:8.)

nothing to do with documents and data collected from non-custodial sources like those responsive to the below RFPs.  Epic did not give Apple carte blanche to ignore the January 6, 2021 deadline.

Apple also points to the fact that Epic has produced some documents after the January 6, 2021 deadline.  But Apple does not even attempt to argue that it was prejudiced by this fact.

The RFPs at issue are clearly relevant, although relevance is not at issue because Apple already has agreed to search for documents responsive to them.  RFP Nos. 12-14 seek documents and data concerning customer lifetime value or lifespan.  High customer lifetime value and long customer lifespan indicate that customers rarely switch from iOS to Android.  The extent of switching costs is a hotly contested issue in this case.  (*See* Dkt. 262-3 at 4-5.)  Lifetime customer value is also a measure of profitability when multiplied by Apple's installed base.  RFP Nos. 18 and 19 seek the identities of, and fees paid by Apple to, third-party payment providers in connection with Apple's In-App Purchase application program interface ("IAP")—one of the central products in this case.  RFP Nos. 25 and 31 concern the size and calculation of Apple's "installed base", which Apple regularly announces publicly (*see, e.g.*, Apple's 3Q20 Results, https://www.apple.com/newsroom/2020/07/apple-reports-third-quarter-results/ ("The record business results drove our active installed base of devices to an all-time high.")), and is relevant to show Apple's market power (Compl., Dkt. 1 ¶¶ 46, 124).  Apple has also argued that the size of its userbase proves that its business practices are procompetitive.  (*See, e.g.*, Dkt. 73 at 4.)  Epic requests that the Court order Apple to produce all documents and data responsive to these RFPs by February 5, 2021.

**Apple's position**: Following the Court's guidance at the conclusion of the January 25 hearing, Apple addressed all of Epic's remaining requests regarding fact discovery. *See* Exs. A-F [Jan. 24, 2021 Ltr. re Interrog.; Jan. 24, 2021 Ltr. re Worldwide Documents; Jan. 26, 2021 Ltr. re Redactions; Jan. 27, 2021 Ltr. re Deposition Issues; Jan. 27, 2021 11:49 a.m. Email from M. Perry] & Exs. 11, 13. Epic now asks the Court to "order Apple to produce documents" on a discrete set of requests for production by an arbitrary deadline unilaterally imposed by Epic. The Court has already established deadlines, however; accordingly, there is nothing for the Court to decide at this time.

Epic's sole request is that Apple be ordered to respond to certain RFPs (12-14, 18-19, 25, and 31) by February 5 rather than the Court-ordered fact discovery deadline of February 15.

As Epic acknowledges, Apple has agreed to produce all reasonably available, non-privileged documents responsive to the specified RFPs by the fact discovery deadline; moreover, Apple expects to produce documents responsive to a number of Epic's requests (including RFPs 18 and 19) well in advance of that deadline. *See* Ex. 11 at 3. The question raised by Epic's letter brief is thus not *whether* Apple will make its productions, but *when*.

The fact discovery deadline in this case is February 15. Dkt. 116 at 1. Epic asks the Court to change the fact discovery deadline from February 15 to February 5 for the RFPs identified in this letter brief. But the Court has already observed that "Judge Gonzale[z] Rogers sets the case schedule, and then I manage discovery within the boundaries that she sets.... *All I'm going to do is manage whatever is the appropriate amount of discovery to take place by the deadline.*" 1/25/2021 Tr. 53 (emphasis added). That deadline is February 15.

To be sure, the schedule also included a January 6, 2021 cutoff for document productions. But Apple told Epic (and the Court) months ago that, due to the excessive scope of Epic's demands— including 83 RFPs and an ever-growing list of custodians—documents would continue to be produced after the original January 6 cutoff for document productions. *See* 12/15/2020 Tr. at 104- 06. Indeed, Apple agreed to meet Epic's demands on the express condition that it would not "argue later" that Apple failed to produce "all of these documents by January 6th." *Id.* at 105. Epic chose not to narrow its requests or withdraw them; and Apple has continued to produce documents after that date (as has Epic). *See, e.g.*, Ex. G (Epic's January 25, 2021 production of over 100,000 pages) [Epic Jan. 25, 2021 Prod. Ltr.].

Epic admits that the parties agreed to continue productions after January; its argument—made for the first time in this letter brief—that this agreement was limited to custodial productions is baseless. In fact, Epic itself has made no fewer than *five* productions of non-custodial documents *after* the original January 6 cutoff, comprising nearly 80% of its total non-custodial documents produced (so far). Our point is that neither party has been prejudiced by the continued productions. Moreover, while the parties did make specific agreements (or commitments) for certain custodians and/or categories of documents, they reached no agreement regarding the documents at issue in this letter brief. Epic is effectively asking this Court to impose a deal that the parties never made. *Cf.* 01/25/2021 Tr. at 35 ("So if the parties make deals, then you get the benefit of those deals. If the deal doesn't come together, then it's all sort of left on the floor; and the Court is going to resolve the dispute.").

Epic notes that the February 15 fact discovery deadline is the same as the deadline for serving initial expert reports. Of course, that reality has been clear since Judge Gonzalez Rogers entered the scheduling order on October 6, 2020. Indeed, Epic made precisely this point during the January

25 hearing: "We are headed towards a May 3rd trial. A lot of things are tethered off of that including the fact discovery deadline, which is not just February 15th for our fact discovery in *Epic*. It is our deadline for opening expert reports. Nothing can slip." 1/25/2021 Tr. 47-48.

Epic has never asked the Court to modify the case management schedule or the fact discovery deadline. On the contrary, it first *requested* an extraordinarily expedited schedule, and then *resisted* any attempts to extend the schedule. *See* Dkt. 234 at 2 ("Epic strongly opposes any delay in the *Epic v. Apple* case" and "is fully prepared to proceed on the current Court-ordered schedule and requests that no change be made to that schedule"). As Epic told the Court on January 25: "We need to keep it [the schedule]." 1/25/2021 Tr. 48. Epic cannot advocate for holding the schedule on a Monday and then demand that it be shortened on Friday. Having made its own bed, Epic has to lie in it.

As Apple has explained at some length, this is all a problem of Epic's own making. *See* Ex. F at 1-3 [Jan. 27, 2021 Ltr. re Deposition Issues] & Ex. 11 at 1. Epic convinced the Court to fast-track the case on the premise that it needed only "some limited targeted additional discovery and some depositions" focused "on the in-app payment processing" and "some discovery in order to prove up market definition." 8/24/2020 Tr. 4-5.[2] After the Court adopted an accelerated schedule, Epic abandoned any pretense of "limited" or "targeted" discovery and instead served 83 requests for production, demanded multiple custodians, and pushed every request to the limit. Ex. F at 3 [Jan. 27, 2021 Ltr. re Dep. Issues].

Apple has produced *millions* of documents in this litigation, and continues to produce documents almost daily—often tens or even hundreds of thousands at a time. *See* Ex. F at 2 [Jan. 27, 2021 Ltr. re Dep. Issues]. Having sought an expedited schedule based on the representation that only limited discovery would be needed, and then instead requested millions of documents across custodial and non-custodial repositories, Epic cannot now insist that these particular documents be produced before the Court-ordered deadline for all fact discovery. Apple will endeavor to

---

[2] Regarding market definition, the Court's January 26 order states that, in the *Epic* case, "Apple takes the position that the relevant market is Epic alone." Epic, Dkt. 291 at 4. That is not correct. Apple has consistently taken the position that "[d]efining relevant antitrust markets in the [Epic] case . . . requires that one evaluates the options that Epic and other developers . . . have in distributing and monetizing Fortnite and other videogames." Dkt. 77 (Hitt Decl.) ¶ 18 (emphasis added). That is because "[t]he App Store is not the only distribution channel for games in general or Fortnite in particular." *Id.* ¶ 19 (emphasis added). At the January 25 hearing, in the specific context of seeking to compel document discovery from third-party Samsung, Apple focused on Samsung's relationship with Epic (rather than all game developers) in order to minimize the burden on Samsung. *See* Jan. 25, 2021 Hr'g Tr. 11:20–25 ("[O]ur thought was we should be narrow in asking about Epic. We did not want to go back to these platforms and say: Give us everything you['ve] got about everybody you deal with, aggregate data. That would actually be more burdensome to most of these platforms."). To the extent the Court understood Apple to be making a broader argument about defining the relevant product market, we apologize for the confusion and reiterate our position that "the relevant market here includes at minimum the competing platforms available to Epic *and other game developers*." Dkt. 73 (Apple PI Opp.) at 16; *see also* Dkt. 78 (Schmalansee Decl.) ¶ 6(ii) ("[T]he market that is relevant to Epic's allegations in this case . . . is the market by which Epic and its competitors can enter into digital transactions with consumers." (emphasis added)).

prioritize the production of any documents responsive to the RFPs identified in Epic's letter brief to the extent possible.   More generally, Apple is working diligently to ensure that its entire document production is complete by the February 15 fact discovery deadline.   That is what the scheduling order requires, and Epic has offered no basis for this Court to modify that order.

Dated: January 29, 2021

FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle

CRAVATH, SWAINE & MOORE LLP
    Christine Varney
    Katherine B. Forrest
    Gary A. Bornstein
    Yonatan Even
    Lauren A. Moskowitz
    M. Brent Byars

Respectfully submitted,

By:        */s/ Lauren A. Moskowitz*

        Lauren A. Moskowitz
        *Attorneys for Plaintiff Epic Games, Inc.*

Dated: January 29, 2021

GIBSON, DUNN & CRUTCHER LLP
    Theodore J. Boutrous Jr.
    Richard J. Doren
    Daniel G. Swanson
    Mark A. Perry
    Veronica S. Lewis
    Cynthia E. Richman
    Jay P. Srinivasan
    Ethan D. Dettmer
    Eli M. Lazarus
    Harry Phillips

Respectfully submitted,

By:        */s/ Mark A. Perry*
        Mark A. Perry
        *Attorneys for Defendant Apple Inc.*

**<u>E-FILING ATTESTATION</u>**

I, Lauren A. Moskowitz, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


*/s/ Lauren A. Moskowitz*
_____
Lauren A. Moskowitz

| | |
|---|---|
| **From:** | Srinivasan, Jay P. <JSrinivasan@gibsondunn.com> |
| **Sent:** | Monday, December 7, 2020 2:56 PM |
| **To:** | John Karin |
| **Cc:** | \*\*\* GDC EpicLitTeam; bens@hbsslaw.com; Brian Maida; Yang, Betty X.; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M.; Epic Mobile Apps; guiney@whafh.com; Lauren Moskowitz; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com; Ted Wojcik |
| **Subject:** | RE: Apple App Store Cases -- Additional Apple Custodians -- HCI |
| **Attachments:** | 2020.12.07 Apple redline  Joint Statement re Additional Apple Custodians -- CI-HCI.docx |

> External (jsrinivasan@gibsondunn.com)

Report This Email  FAQ

John,

Apple's revisions are redlined in the attached (we also removed the indents from our paragraphs, which is the only thing not redlined).  You have Apple's permission to accept our redlines and file.

On your first question, we would prefer to seal the entire filing, which will make things logistically easier.  On your second question, I don't know that we can say more than that we will endeavor to ensure that documents are to you sufficiently in advance of an Apple deposition but without knowing when Plaintiffs are going to insist on a particular deposition, it is hard to agree to some bright line in advance.  The Court expects the parties to be reasonable and cooperate on these kinds of issues and I have no doubt we will.

Jay

**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

---

**From:** John Karin <jkarin@cravath.com>
**Sent:** Monday, December 7, 2020 10:59 AM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** \*\*\* GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; LMoskowitz@cravath.com; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com; Ted Wojcik <tedw@hbsslaw.com>
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

[External Email]
Jay,

Could you please provide Apple's revisions to the joint statement and responses to the two questions in my email

1

below?  As you know, we would like to get this filed with the Court as soon as possible.

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)



From:       "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:         "John Karin" <jkarin@cravath.com>
Cc:         "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Brian
            Maida" <bmaida@cravath.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>,
            "dejong@whafh.com" <dejong@whafh.com>, "Lazarus, Eli M." <ELazarus@gibsondunn.com>, "epic-mobileapps@cravath.com" <epic-
            mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>,
            "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>
            <shanas@hbsslaw.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>, "Ted Wojcik" <tedw@hbsslaw.com>
Date:       12/07/2020 01:03 AM
Subject:    RE: Apple App Store Cases -- Additional Apple Custodians -- HCI



Thanks John.  We will need time to react to Plaintiffs' changes.  I suspect much of our team is asleep so a filing
tonight is not feasible.  We'll review Plaintiffs' changes—I notice that they are not minimal—and let you know
in the morning on timing.  We will also get back to you on whether the entire brief should be filed under seal
or if the identified redactions will be sufficient.

We will get back to you on your final question.  We are with you in principle regarding getting documents to
you in advance of depositions but the condition you seek is dependent on cooperation from Plaintiffs on when
the depositions are scheduled.

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** John Karin <jkarin@cravath.com>
**Sent:** Sunday, December 6, 2020 9:51 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida
<bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli
M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; LMoskowitz@cravath.com;
rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com; Ted Wojcik <tedw@hbsslaw.com>
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

[External Email]

Thank you, Jay.  I have attached a revised draft of the joint letter and a redline against the last draft you sent, along with consolidated exhibits.  As you can see from the redline, we edited the exhibit numbering in both sections of the joint letter for consistency.  We would still like to get this filed tonight, if possible.

To that end, could you please let us know if Apple would like the joint letter brief or the exhibits filed under seal, or has any redactions to propose?

Additionally, in our 12/4/20 email at 2:25 p.m. PT, Plaintiffs agreed that Apple may make rolling document productions as outlined in your December 3, 2020 email of 6:33 p.m. PT on the condition that for all depositions scheduled to occur after January 16, 2021, Apple complete production of the particular deponent's documents at least 10 days before his or her deposition.  Could you please confirm Apple's agreement on this condition?


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)



From:       "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:         "John Karin" <jkarin@cravath.com>
Cc:         "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Brian Maida" <bmaida@cravath.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Lazarus, Eli M." <ELazarus@gibsondunn.com>, "epic-mobileapps@cravath.com" <epic-mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>
Date:       12/06/2020 11:04 PM
Subject:    RE: Apple App Store Cases -- Additional Apple Custodians -- HCI



John,

Please see a revised version of Apple's side of the letter brief attached, which supersedes the draft we sent you earlier.  Again, this one does not address Plaintiffs' Friday-night redlines, which we will need to address if Plaintiffs are retaining them.  Also attached are the exhibits cited in Apple's portion.

Jay

**Jay P. Srinivasan**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** Srinivasan, Jay P.
**Sent:** Sunday, December 6, 2020 2:21 PM
**To:** 'John Karin' <jkarin@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; 'Brian Maida' <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; 'byrd@whafh.com' <byrd@whafh.com>;

'dejong@whafh.com' <dejong@whafh.com>; Lazarus, Eli M. <ELazarus@gibsondunn.com>; 'epic-mobileapps@cravath.com' <epic-mobileapps@cravath.com>; 'guiney@whafh.com' <guiney@whafh.com>; LMoskowitz@cravath.com; 'rifkin@whafh.com' <rifkin@whafh.com>; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

John,

Apple's side of the brief is attached.  This version does not address Plaintiffs' redlines from late Friday night.  If Plaintiffs are going to stick with that language, Apple will need to address those points.  Let us know if Plaintiffs are dropping that language.  We also are double-checking the HC-AEO materials that need to be redacted.

Jay

**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Srinivasan, Jay P.
**Sent:** Sunday, December 6, 2020 11:34 AM
**To:** 'John Karin' <jkarin@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; LMoskowitz@cravath.com; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

John,

Thanks for your email.  We did say that we'd try to provide our half of the brief by Friday to accommodate the accelerated schedule that Plaintiffs demanded after Apple's concessions substantially narrowed the dispute.  And we are still trying to get your Apple's side of the brief but are having trouble with client access over the weekend.

That said, we can accommodate Plaintiffs' request in your No. 1 below.  Apple had already begun collecting custodial documents from Jobs, Cook, and Forstall, and we will prioritize the review in that order.  We also agree to your No. 5 regarding the hearing date.  Given this agreement, we hope you will be more flexible about today's schedule.  We will send you our side of the brief as soon as we can – I hope that will be soon but cannot commit to noon given client access issues.  I also cannot commit that we will have client availability between 5-9 on a Sunday night to address further changes and sign-off on the filing.   But we will do our best; the worst case is that this gets filed tomorrow.

Jay

**Jay P. Srinivasan**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 ▪ Fax +1 213.229.6296
JSrinivasan@gibsondunn.com ▪ www.gibsondunn.com


**From:** John Karin <jkarin@cravath.com>
**Sent:** Saturday, December 5, 2020 2:45 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; LMoskowitz@cravath.com; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

[External Email]
Jay,

The issue is not only that Apple did not send its portion of the letter brief yesterday.  It is that Apple stated that it would endeavor to provide its portion by yesterday morning, failed to do so, and did not even reach out to tell us that it would be missing its own deadline.  This was unacceptable.  It was also unacceptable for Apple to commit on Monday to providing its portion by Wednesday morning, and not follow through.

Additionally, Plaintiffs disagree with your assertion that we did not meet Apple halfway--in fact, we went further than Apple.  We agreed to forego five of the ten additional custodians on our list;  Apple has agreed to only three of the ten and proposed an unreasonable condition on a fourth.

In the interests of moving forward promptly, we propose the following compromise on the briefing schedule:

1.  Apple agrees to collect and review documents from Jobs, Cook, and Forstall now and in that order.  Apple cannot wait on Cook's documents as our motion pends, as the only remaining issue with respect to Cook concerns the limit on his deposition.

2.  Apple sends its portion of the joint statement on Cook and Federighi by noon PT Sunday, December 6, 2020.

3.  Plaintiffs send revisions by 5 p.m. PT Sunday, December 6, 2020.

4.  Parties file by 9 p.m. PT Sunday, December 6, 2020.

5.  Parties agree in the letter brief that this matter is ripe for the December 9, 2020 or December 15, 2020 hearings if the Court is willing to add it to either hearing.

Plaintiffs are ready to file now.  Any further deviation will cause us to file.  We cannot have any more slippage.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

From:       "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:         "John Karin" <jkarin@cravath.com>
Cc:         "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Brian Maida" <bmaida@cravath.com>, "Yang, Betty X." <BYang@gibsondunn.com>, "byrd@whafh.com" <byrd@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "Lazarus, Eli M." <ELazarus@gibsondunn.com>, "epic-mobileapps@cravath.com" <epic-mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "LMoskowitz@cravath.com" <LMoskowitz@cravath.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>
Date:       12/05/2020 02:11 AM
Subject:    RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

---

John,

Due to client unavailability, we were not able to send you our portion of the letter brief today.  I don't know if we'll have it to you by tomorrow, a Saturday. If you are going to include your new language in the letter regarding timing, we will take the opportunity to respond.  It is silly to bother the magistrate with complaints over things like this but if Plaintiffs insist, you leave us with no choice.

Remember though that Plaintiffs sent Apple their submission late Sunday night with a dispute that implicated five custodians.  In the spirit of compromise Apple—not Plaintiffs—substantially revised its position to avoid this dispute altogether (and resolving the issue for three of the custodians).  This happened on Wednesday.  Despite Apple's move, Plaintiffs did not meet Apple halfway at all on the two remaining custodians. Instead, Plaintiffs thanked Apple by imposing a unilateral briefing schedule on the remaining issues to which Apple did not agree and that did not provide us enough time to consult with our client.  All of this after Apple made significant concessions.

I would urge Plaintiffs to be a little patient.   There is no good faith reason why this needs to be filed on Saturday.  I am confident that we can have this filed on Monday as a joint submission as the Court would want it.

Best,
Jay



**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com


**From:** John Karin <jkarin@cravath.com>
**Sent:** Friday, December 4, 2020 10:26 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida <bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; LMoskowitz@cravath.com; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com;

steve@hbsslaw.com
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians -- HCI

[External Email]
Jay,

Please find attached a revised draft of the joint statement and a redline, along with the exhibits.  We intend to file the attached by noon PT tomorrow.

Best,


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)




From:      John Karin/NYC/Cravath
To:        "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
Cc:        "**** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, <bens@hbsslaw.com> <bens@hbsslaw.com>, "Brian Maida" <bmaida@cravath.com>, "Yang, Betty X." <BYang@gibsondunn.com>, <byrd@whafh.com> <byrd@whafh.com>, <dejong@whafh.com> <dejong@whafh.com>, "Lazarus, Eli M." <ELazarus@gibsondunn.com>, <epic-mobileapps@cravath.com> <epic-mobileapps@cravath.com>, <quiney@whafh.com> <quiney@whafh.com>, <LMoskowitz@cravath.com> <LMoskowitz@cravath.com>, <rifkin@whafh.com> <rifkin@whafh.com>, <robl@hbsslaw.com> <robl@hbsslaw.com>, <shanas@hbsslaw.com> <shanas@hbsslaw.com>, <steve@hbsslaw.com> <steve@hbsslaw.com>
Date:      12/04/2020 05:25 PM
Subject:     RE: Apple App Store Cases -- Additional Apple Custodians


Jay,

There is no valid basis for Apple to hold its half of the joint statement hostage until Consumers, Developers, and Epic ("Plaintiffs") agree to your condition. In any event, Plaintiffs agree that Apple may make rolling document productions as outlined in your December 3, 2020 email of 6:33 p.m. PT on the condition that for all depositions scheduled to occur after January 16, 2021, Apple complete production of the particular deponent's documents at least 10 days before his or her deposition. We do not imagine that this condition will be controversial. Plaintiffs reserve the right to argue that Apple's failure to meet the document completion deadline of January 6, 2021 in *Epic v. Apple* is yet another reason to modify the schedule in *Pepper* and *Cameron*.

Please provide Apple's half of the joint statement.

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)




From:      "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>
To:        "John Karin" <jkarin@cravath.com>
Cc:        "**** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, <bens@hbsslaw.com> <bens@hbsslaw.com>, "Brian Maida" <bmaida@cravath.com>, "Yang, Betty X." <BYang@gibsondunn.com>, <byrd@whafh.com> <byrd@whafh.com>,

[dejong@whafh.com](mailto:dejong@whafh.com)>, "Lazarus, Eli M." <[ELazarus@gibsondunn.com](mailto:ELazarus@gibsondunn.com)>, "[epic-mobileapps@cravath.com](mailto:epic-mobileapps@cravath.com)" <[epic-mobileapps@cravath.com](mailto:epic-mobileapps@cravath.com)>, "[guiney@whafh.com](mailto:guiney@whafh.com)" <[guiney@whafh.com](mailto:guiney@whafh.com)>, "[LMoskowitz@cravath.com](mailto:LMoskowitz@cravath.com)" <[LMoskowitz@cravath.com](mailto:LMoskowitz@cravath.com)>, "[rifkin@whafh.com](mailto:rifkin@whafh.com)" <[rifkin@whafh.com](mailto:rifkin@whafh.com)>, "[robl@hbsslaw.com](mailto:robl@hbsslaw.com)" <[robl@hbsslaw.com](mailto:robl@hbsslaw.com)>, "[shanas@hbsslaw.com](mailto:shanas@hbsslaw.com)" <[shanas@hbsslaw.com](mailto:shanas@hbsslaw.com)>, "[steve@hbsslaw.com](mailto:steve@hbsslaw.com)" <[steve@hbsslaw.com](mailto:steve@hbsslaw.com)>

Date:      12/04/2020 03:27 PM
Subject:      RE: Apple App Store Cases -- Additional Apple Custodians

---

John,

We need a response to my email to Lauren from last night.  Apple needs confirmation from Plaintiffs that they will not object to any post-Jan 6 productions, which is a necessary component to the broader compromise.  We believe we have agreement on this but if we do not, then the dispute is much broader than the Federighi and Cook issues.  Can you let us know?

Thanks,
Jay

**Jay P. Srinivasan**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
[JSrinivasan@gibsondunn.com](mailto:JSrinivasan@gibsondunn.com) • [www.gibsondunn.com](http://www.gibsondunn.com)

**From:** John Karin <[jkarin@cravath.com](mailto:jkarin@cravath.com)>
**Sent:** Friday, December 4, 2020 12:20 PM
**To:** Srinivasan, Jay P. <[JSrinivasan@gibsondunn.com](mailto:JSrinivasan@gibsondunn.com)>
**Cc:** *** GDC EpicLitTeam <[AppleAppStoreDiscovery@gibsondunn.com](mailto:AppleAppStoreDiscovery@gibsondunn.com)>; [bens@hbsslaw.com](mailto:bens@hbsslaw.com); Brian Maida <[bmaida@cravath.com](mailto:bmaida@cravath.com)>; Yang, Betty X. <[BYang@gibsondunn.com](mailto:BYang@gibsondunn.com)>; [byrd@whafh.com](mailto:byrd@whafh.com); [dejong@whafh.com](mailto:dejong@whafh.com); Lazarus, Eli M. <[ELazarus@gibsondunn.com](mailto:ELazarus@gibsondunn.com)>; [epic-mobileapps@cravath.com](mailto:epic-mobileapps@cravath.com); [guiney@whafh.com](mailto:guiney@whafh.com); [LMoskowitz@cravath.com](mailto:LMoskowitz@cravath.com); [rifkin@whafh.com](mailto:rifkin@whafh.com); [robl@hbsslaw.com](mailto:robl@hbsslaw.com); [shanas@hbsslaw.com](mailto:shanas@hbsslaw.com); [steve@hbsslaw.com](mailto:steve@hbsslaw.com)
**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Jay,
Could you please promptly provide Apple's half of the joint statement?  As you know, we would like to file the joint statement today.
Thank you.

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

From:      "Srinivasan, Jay P." <[JSrinivasan@gibsondunn.com](mailto:JSrinivasan@gibsondunn.com)>
To:      "[LMoskowitz@cravath.com](mailto:LMoskowitz@cravath.com)" <[LMoskowitz@cravath.com](mailto:LMoskowitz@cravath.com)>
Cc:      "*** GDC EpicLitTeam" <[AppleAppStoreDiscovery@gibsondunn.com](mailto:AppleAppStoreDiscovery@gibsondunn.com)>, "[bens@hbsslaw.com](mailto:bens@hbsslaw.com)" <[bens@hbsslaw.com](mailto:bens@hbsslaw.com)>, "Brian Maida" <[bmaida@cravath.com](mailto:bmaida@cravath.com)>, "Yang, Betty X." <[BYang@gibsondunn.com](mailto:BYang@gibsondunn.com)>, "[byrd@whafh.com](mailto:byrd@whafh.com)" <[byrd@whafh.com](mailto:byrd@whafh.com)>, "[dejong@whafh.com](mailto:dejong@whafh.com)" <[dejong@whafh.com](mailto:dejong@whafh.com)>, "Lazarus, Eli M." <[ELazarus@gibsondunn.com](mailto:ELazarus@gibsondunn.com)>, "[epic-mobileapps@cravath.com](mailto:epic-mobileapps@cravath.com)" <[epic-](mailto:epic-)

mobileapps@cravath.com>, "guiney@whafh.com" <guiney@whafh.com>, "John Karin" <jkarin@cravath.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>
Date:        12/03/2020 09:33 PM
Subject:     RE: Apple App Store Cases -- Additional Apple Custodians

---

Lauren,

Sorry for the delay in getting back to you but it took some time for Apple to settle on the issues below, especially in light of the concessions Apple is willing to make to resolve most of this dispute.  The primary issue appears to be your Item No. 4 below, the resolution of which is a necessary condition to an agreement on any of the outstanding custodians.  As we've stated throughout, Apple is working at maximum capacity to review and produce documents but cannot complete its production for the additional custodians requested by Plaintiffs before Jan 6, 2021.  Plaintiffs have requested that Apple change the custodial order in which it reviews and produces documents, and Apple is happy to accommodate that to the extent possible.  With that in mind, Apple can re-prioritize Shaan Pruden documents and the "Epic only" custodian documents to the end of the queue.  Apple will prioritize documents from Steve Jobs, Scott Forstall, Tim Cook and Eric Neuenschwander/Craig Federighi.  That said, we cannot confirm that these documents will be processed by Jan 6.  We have good confidence that Steve Jobs' documents will be done by Jan 6 and very likely another person and perhaps a third; it depends substantially on their respective document counts, which we can share when they are finalized.   Please let us know if this is acceptable to Plaintiffs.  We cannot have any objections from Plaintiffs to documents rolling in after January 6 if we are going forward with this compromise.

Assuming Plaintiffs will confirm that they will not object to the timing of when the documents will roll in, then we have agreement that:  (1) Steve Jobs, Scott Forstall and Shaan Pruden will be document custodians; (2) Apple will offer Tim Cook as a document custodian contingent on Plaintiffs' agreement that they will depose him for no more than 4 hours; and (3) Apple will agree to make either Eric Neuenschwander or Craig Federighi a document custodian, depending on how the Court rules on this dispute.  The latter two issues to be the subjects of the letter brief to the Court.

Please let us know if Plaintiffs agree with the understanding above.   We will start working on Apple's half of the letter brief on the assumption that the above comports with Plaintiffs' understanding.  We will not be able to send you Apple's half of the brief tonight but will endeavor to do so by tomorrow morning.  That said, we take heart in the progress made so far this week.

Thanks,
Jay
**Jay P. Srinivasan**
GIBSON DUNN
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Lauren Moskowitz <LMoskowitz@cravath.com>
**Sent:** Wednesday, December 2, 2020 8:28 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; bens@hbsslaw.com; Brian Maida

<bmaida@cravath.com>; Yang, Betty X. <BYang@gibsondunn.com>; byrd@whafh.com; dejong@whafh.com; Lazarus, Eli M. <ELazarus@gibsondunn.com>; epic-mobileapps@cravath.com; guiney@whafh.com; John Karin <jkarin@cravath.com>; rifkin@whafh.com; robl@hbsslaw.com; shanas@hbsslaw.com; steve@hbsslaw.com

**Subject:** RE: Apple App Store Cases -- Additional Apple Custodians

[External Email]
Jay,

To circle back on our most recent conversation this evening, unless something changes to resolve additional disputed items, here is where we are:

1.  Apple is agreeing to add Jobs, Forstall and Pruden as custodians.

2. Apple agrees to add Cook as a custodian but only contingent on limiting his deposition to four hours. The parties will brief the issue of whether Apple can force a limitation on Cook's deposition at this time as a condition to producing his documents.

3. Apple does not agree to add Federighi as a custodian. Instead, Apple is willing to add Erik Neuenschwander. The parties will brief this issue (i.e., plaintiffs will brief why Federighi is necessary and Apple will brief why Erik N. is sufficient).

4. Apple is in the process of responding in writing to Ben Siegel's email seeking information about whether the additional custodians agreed to above or ordered pursuant to the above can be completed by January 6 if we agree that the four Epic specific custodians get pushed to the back of the line.  To put a finer point on that, all plaintiffs do agree that those four Epic custodians can be put to the back of the line now and that Cook, Jobs, Forstall, Federighi (or Erik N. if that is the outcome from the Court), and Pruden (in that order) can be promoted immediately. With that express request, please confirm that at least Cook, Jobs, Forstall, and Federighi (or Erik N. if that is the outcome from the Court) will be completed by January 6 (assuming for this purpose that Cook is added as a custodian).

Please confirm that the above is correct.

Regards,
Lauren

Lauren A. Moskowitz
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
W: (212) 474-1648
C: (917) 837-2688

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If

it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy. [attachment "12 06 20 v2 - Joint Statement Additional Apple Document Custodians Contains Information Designated CI-HCI.docx" deleted by John Karin/NYC/Cravath] [attachment "Apple Joint Statement - Exhibits [HCI].zip" deleted by John Karin/NYC/Cravath]

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If

it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA | | |
|---|---|---|---|---|
| JOHN W. WHITE | DAVID R. MARRIOTT | 825 EIGHTH AVENUE | KEVIN J. ORSINI | NICHOLAS A. DORSEY |
| EVAN R. CHESLER | MICHAEL A. PASKIN | NEW YORK, NY 10019-7475 | MATTHEW MORREALE | ANDREW C. ELKEN |
| RICHARD W. CLARY | ANDREW J. PITTS | | J. WESLEY EARNHARDT | JENNY HOCHENBERG |
| STEPHEN L. GORDON | MICHAEL T. REYNOLDS | TELEPHONE: +1-212-474-1000 | YONATAN EVEN | VANESSA A. LAVELY |
| ROBERT H. BARON | ANTONY L. RYAN | FACSIMILE: +1-212-474-3700 | BENJAMIN GRUENSTEIN | G.J. LIGELIS JR. |
| DAVID MERCADO | GEORGE E. ZOBITZ | | JOSEPH D. ZAVAGLIA | MICHAEL E. MARIANI |
| CHRISTINE A. VARNEY | GEORGE A. STEPHANAKIS | | STEPHEN M. KESSING | LAUREN R. KENNEDY |
| PETER T. BARBUR | DARIN P. McATEE | CITYPOINT | LAUREN A. MOSKOWITZ | SASHA ROSENTHAL-LARREA |
| THOMAS G. RAFFERTY | GARY A. BORNSTEIN | ONE ROPEMAKER STREET | DAVID J. PERKINS | ALLISON M. WEIN |
| MICHAEL S. GOLDMAN | TIMOTHY G. CAMERON | LONDON EC2Y 9HR | JOHNNY G. SKUMPIJA | MICHAEL P. ADDIS |
| RICHARD HALL | KARIN A. DEMASI | TELEPHONE: +44-20-7453-1000 | J. LEONARD TETI, II | JUSTIN C. CLARKE |
| JULIE A. NORTH | DAVID S. FINKELSTEIN | FACSIMILE: +44-20-7860-1150 | D. SCOTT BENNETT | SHARONMOYEE GOSWAMI |
| ANDREW W. NEEDHAM | DAVID GREENWALD | | TING S. CHEN | C. DANIEL HAAREN |
| KATHERINE B. FORREST | RACHEL G. SKAISTIS | | CHRISTOPHER K. FARGO | EVAN MEHRAN NORRIS |
| KEITH R. HUMMEL | PAUL H. ZUMBRO | | KENNETH C. HALCOM | LAUREN M. ROSENBERG |
| DAVID J. KAPPOS | ERIC W. HILFERS | | DAVID M. STUART | |
| ROBERT I. TOWNSEND, III | GEORGE F. SCHOEN | WRITER'S DIRECT DIAL NUMBER | AARON M. GRUBER | SPECIAL COUNSEL |
| PHILIP J. BOECKMAN | ERIK R. TAVZEL | +1-212-474-1648 | O. KEITH HALLAM, III | SAMUEL C. BUTLER |
| WILLIAM V. FOGG | CRAIG F. ARCELLA | | OMID H. NASAB | |
| FAIZA J. SAEED | DAMIEN R. ZOUBEK | | DAMARIS HERNÁNDEZ | |
| RICHARD J. STARK | LAUREN ANGELILLI | WRITER'S EMAIL ADDRESS | JONATHAN J. KATZ | OF COUNSEL |
| THOMAS E. DUNN | TATIANA LAPUSHCHIK | lmoskowitz@cravath.com | RORY A. LERARIS | MICHAEL L. SCHLER |
| MARK I. GREENE | ALYSSA K. CAPLES | | KARA L. MUNGOVAN | CHRISTOPHER J. KELLY |
| | JENNIFER S. CONWAY | | MARGARET T. SEGALL | |
| | MINH VAN NGO | | | |

December 9, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

I write to request that the parties meet and confer regarding Epic's requests for production of certain data from Apple.

Among other things, Epic has sought data concerning the following:

- Sales of Apple devices and accessories (Request Nos. 3-4);
- IAP (Request Nos. 5-6);
- macOS App Store and iOS App Store (Request Nos. 7-8);
- Developer tools (Request Nos. 9, 53);
- App reviewers (Request No. 10);
- Usage metrics for apps (Request No. 11);
- Customer lifetime value and lifespan (Request Nos. 12-14);
- Fees paid to third-party settlement providers (Request No. 19);
- Active Apple devices and Apple's "installed base" (Request Nos. 25, 31);
- Apple customers who own or use multiple Apple products (Request Nos. 26-28);
- Payments made using an Apple ID by means other than IAP (Request No. 29);
- Spending through IAP and Apple's commissions from IAP (Request No. 30);
- Commissions charged for the distribution of apps or in-app purchases on the Google Play Store and the Epic Games Store (Request No. 52);
- Impact of App Store Small Business Program on Apple financials (Request No. 79).

In its November 23, 2020 objections and responses to these requests, Apple limited its willingness to produce to "sales [or transactions] in the US" for certain requests (*see* Response to Request Nos. 3, 30); limited its search to "Apple's Designated Custodians' documents" for certain requests (*see* Response to Request Nos. 7-8, 19, 30, 52-53); refused

CONTAINS INFORMATION DESIGNATED CONFIDENTIAL

entirely to produce in response to certain requests (*see* Response to Request Nos. 4-6, 9-11); and proposed to meet and confer on certain requests (*see* Response to Request Nos. 12-14, 25-29, 31).

Epic needs these data sooner rather than later to prepare for expert reports, among other things.  To the extent Apple stands on these objections, Epic asks to meet and confer this week to try and resolve Apple's objections.  Please advise as to Apple's availability on Thursday, December 10 or Friday, December 11, 2020 to meet and confer.

Epic reserves all rights, including with respect to Epic's other requests.

Sincerely,


s/ Lauren A. Moskowitz

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

CONTAINS INFORMATION DESIGNATED CONFIDENTIAL

rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL

CONTAINS INFORMATION DESIGNATED CONFIDENTIAL

# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

_____

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL

NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG

_____

SPECIAL COUNSEL
SAMUEL C. BUTLER

_____

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

December 31, 2020

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

I write to memorialize the matters discussed and agreements reached during the December 29, 2020 meet and confer between Apple Inc. ("Apple") and Epic Games, Inc. ("Epic").

## I.    Apple's Request for Additional Epic Custodians

Apple requested that Epic add six custodians (Babcock, Brussee, Ko, Kreiner, Park and Shaw).  Apple acknowledged that any additional document production from these custodians would take place after the January 6, 2021 document production deadline.  During the meet and confer, Apple withdrew its request that Mr. Shaw be added as a custodian.  Epic confirmed its compromise offer to add Mr. Park and Mr. Ko as custodians, but not the other three requested custodians (Babcock, Brussee and Kreiner).  Apple indicated that it intends to move to compel Epic to add the three remaining custodians and argue the issue at the January 8, 2021 hearing before Magistrate Judge Hixson.  Apple also indicated that it would promptly propose a briefing schedule for Epic's consideration.  Please be advised that to meet the deadline of 12:00pm PT on January 6, 2021, Epic would need to get Apple's portion no later than 12:00pm PT on January 4, 2021.

## II.    Apple's Request to Expand the Date Range for Epic's Custodial Collections

In a December 14, 2020 letter, Apple requested that Epic expand the date range it has applied to its custodial document review for *all* custodians to include the period January 1, 2010 through August 13, 2020.  During the December 29, 2020 meet and confer, Apple proposed and Epic agreed that the above expanded date range would be applied only to four Epic custodians (in addition to Sweeney and Rein).  Apple will identify the four custodians it requests and, unless the application of the extended date range would result in a disproportionate volume of documents to review (*i.e.*, a volume much larger than the several tens of thousands of documents Epic agreed to review from the 2010-2016 time period for Sweeney and Rein), Epic

would expand the date range for the four custodians identified by Apple.  Apple acknowledged that any production resulting from the application of the expanded date range would take place after January 6, 2021.  On December 30, 2020, Apple identified the first two of the four custodians as Matt Weissinger and Andrew Grant, and indicated that Apple would identify the remaining two as soon as possible.

## III.    Date Ranges for Epic's RFPs

Newly Added Apple Custodians:  With respect to start dates, Apple represented that for Apple custodians Steve Jobs, Scott Forstall, Tim Cook, Craig Federighi and Shaan Pruden, Apple will produce relevant documents from "the beginning of time", *i.e.*, Apple would not limit the beginning date for document collection, review and production.  With respect to end dates, Apple represented that the end date for Jobs's and Forstall's document production will likewise not be restricted (and thus be the respective dates their affiliation with Apple ended).  The end dates for Cook's, Federighi's and Pruden's document production will be August 13, 2020, subject to the exceptions below; Apple stated that it has the "flexibility" to produce documents past this date, but could not state exactly how long past that date would be possible.

RFP Nos. 15-17 (agreements between Apple and developers), 18 (agreements regarding Apple's IAP and payment processing), 54 (Apple's strategic plans concerning competition for iOS, iOS devices, macOS, and IAP):  Apple will conduct non-custodial searches for documents responsive to these Requests past August 13, 2020 and will produce any non-privileged documents it locates.  Apple represented it will promptly confirm whether it will likewise search for and produce responsive documents from before January 1, 2017.

RFPs Nos. 65-70 (Apple's retaliation against Epic):  Apple will search the files of Trystan Kosmynka, Philip Schiller, Josh Doss, Mark Grimm, Robert Partington and Mike Schmid through August 20, 2020 in response to these RFPs.

RFP No. 79 (impact of App Store Small Business Program on Apple financials):  Apple will search for and produce custodial documents responsive to this Request that were created after August 13, 2020 and up to the time the Program was announced.  Apple stated it will consider whether to identify a new custodian whose documents may be more responsive to RFP No. 79, rather than extending the date range for existing custodians.  Apple will endeavor to provide its position by January 4, 2020.  Please confirm that Apple intends to take the same approach in responding to Epic's other RFPs concerning the App Store Small Business Program (RFP Nos. 71-78, 80).

RFP Nos. 34-35, 37-38, 43 (App Store Review Guidelines created or modified after August 13, 2020, including the game streaming guidelines):  Apple will search for and produce custodial documents responsive to these RFPs that were created after August 13, 2020 and up to the time the Guidelines were changed.  Apple stated it will consider whether to identify a new custodian whose documents may be more responsive to these RFPs, rather than extending the date range for existing custodians.  Apple will endeavor to provide its position by January 4, 2020.

Epic is available to meet and confer regarding any outstanding issues.


Sincerely,


s/ Lauren A. Moskowitz


Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA
ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK


PARTNER EMERITUS
SAMUEL C. BUTLER


OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

January 17, 2021

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal)

Dear Jay:

      I write to memorialize the agreements reached during the parties' meet and confer on January 15, 2021 regarding Epic's Interrogatories and Requests for Production ("RFPs").

1. *Epic's Interrogatories*

      On January 7, 2021, the parties met and conferred about Apple's insufficient responses to Epic's Interrogatories. During that meet and confer, Apple committed to provide Epic, by January 11, 2021, with a letter memorializing Apple's plan to supplement certain of its responses to Epic's Interrogatories, as well as Apple's explanation of its positions with respect to certain responses and objections it has made. Apple did not provide such a letter on January 11, 2021 or since, despite several inquiries from Epic. During the January 15, 2021 meet and confer, Apple committed that by January 18, 2021, Apple will finally provide this long overdue letter. Apple provided no explanation for the delay.

      Also during the January 7, 2021 meet and confer, Apple committed to amend its responses to Epic's Interrogatory Nos. 3, 8, 10 and 12, and stated that it would consider whether to amend its response to No. 6. Apple has since backtracked. During the January 15, 2021 meet and confer, Apple stated that it may not amend its responses to Nos. 3 or 8. Instead, Apple committed to amend its responses to only Epic's Interrogatory Nos. 10 and 12. Apple also committed to amend its responses to Interrogatory Nos. 3, 6 and 8 or to confirm that Apple has no additional information to provide. Apple committed to amend all of those responses or provide such confirmations, with the exception perhaps of Interrogatory No. 10, pending the results of Apple's investigation, by January 23, 2021.

2. *Epic's Requests for Production*

      By today, Apple has committed to identify by Bates number the non-custodial documents and data called for by the RFPs listed in Epic's email of January 4, 2021 at 2:22 p.m.

PT or confirm that it has not produced such documents or data.  Apple has committed to do so on a going forward basis as well.

By January 18, 2021, Apple has committed to provide its position on Epic's RFPs concerning the App Store Small Business Program.  (*See* Epic's RFP Nos. 71-80.)  Apple's position on these RFPs is long overdue.  During the parties' December 29, 2020 meet and confer, Apple stated it would search for and produce custodial documents responsive to RFP No. 79 (impact of App Store Small Business Program on Apple financials) that were created after August 13, 2020 and up to the time the Program was announced.  Apple further stated that it would consider whether to identify a new custodian whose documents may be more responsive to RFP No. 79, rather than extending the date range for existing custodians, and endeavor to provide its position by January 4, 2021.  (*See* Epic's 12/31/20 Letter at 2.)  Additionally, during the parties' January 7, 2021 meet and confer, Apple stated that it would confirm in writing by January 8, 2021 that it would produce responsive documents and provide the names of the relevant custodians in response to Epic's RFPs concerning the App Store Small Business Program.

By January 18, 2021, Apple has committed to provide its position on Epic's RFPs concerning the game streaming App Store Review Guidelines.  (*See* Epic's RFP Nos. 35, 38.)  This position is also long overdue.  During the parties' December 29, 2020 meet and confer, Apple stated that it would search for and produce custodial documents that were created after August 13, 2020 in response to Epic's RFPs concerning App Store Review Guidelines created or modified after August 13, 2020, including the game streaming guidelines.  (*See* RFP Nos. 34-35, 37-38, 43.)  Apple further stated it would consider whether to identify a new custodian whose documents may be more responsive to these RFPs, rather than extending the date range for existing custodians, and endeavor to provide its position by January 4, 2021.  (*See* Epic's 12/31/20 Letter at 2.)  Additionally, during the parties' January 7, 2021 meet and confer, Apple stated that it would confirm in writing by January 8, 2021 that it would produce responsive documents and provide the names of the relevant custodians in response to Epic's RFPs concerning the game streaming guidelines.  Please promptly provide Apple's position on RFP Nos. 34-35, 37-38, and 43.

Finally, although this issue did not come up during the parties' meet and confer on January 15, 2021, Epic also requests that Apple promptly confirm whether it will search for and produce responsive documents from before January 1, 2017 in response to Epic's RFP Nos. 15-17 (agreements between Apple and developers), 18 (agreements regarding Apple's IAP and payment processing), and 54 (Apple's strategic plans concerning competition for iOS, iOS devices, macOS, and IAP).  Apple stated during the parties' December 29, 2020 meet and confer that it would confirm promptly (*see* Epic's 12/31/20 Letter at 2), but has not yet done so.

Sincerely,

s/ Lauren A. Moskowitz

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        shanas@hbsslaw.com
            bens@hbsslaw.com
                tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL

| | |
|---|---|
| **From:** | Lazarus, Eli M. <ELazarus@gibsondunn.com> |
| **Sent:** | Thursday, January 21, 2021 3:36 AM |
| **To:** | John Karin; Yang, Betty X. |
| **Cc:** | *** GDC EpicLitTeam; Ben Harrington; bens@hbsslaw.com; Byrd, Rachele; DeJong, Brittany; Epic Mobile Apps; robl@hbsslaw.com; ronnie@hbsslaw.com; Ted Wojcik (tedw@hbsslaw.com) |
| **Subject:** | RE: Apple App Cases -- Identification of Data |

External (elazarus@gibsondunn.com)

Report This Email   FAQ

John:  yes, we'll identify the non-custodial material we agreed to produce in response to the RFPs in your list below.  That list largely reflects RFPs as to which Apple agreed to search for and produce materials from non-custodial sources, but Apple has nothing responsive to RFP 5.

But Apple will do this only if Epic agrees to do the same with respect to the following RFPs, in response to which Epic agreed to search and produce from non-custodial sources:

- App names, prices, availability, and downloads (RFP 3)
- In-app product names, prices, availability, and downloads (RFP 4)
- Agreements with other platforms (RFP 14, RFP 22, RFP 118)
- Commissions paid to digital content stores (RFP 17)
- Revenues from digital content stores (RFP 46)
- Fortnite downloads on Android (RFP 44)
- Transactions through Samsung IAP vs Epic Direct (RFP 45)
- *Fortnite* user-level data (RFP 64)
- Cumulative user data by platform (RFP 65)
- *Fortnite* transactional data (RFP 74)
- Review guidelines for Epic Games Store (RFP 53)
- Harmful apps downloaded from the Epic Games Store (RFP 52)
- Games on EGS and their pricing (RFP 56)
- EGS commissions and revenues (RFP 60)
- Relationship between Epic and affiliates (RFP 76)

Please confirm Epic's agreement with the above.

Thanks,
Eli


**Eli Lazarus**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8340 • Fax +1 415.374.8496
ELazarus@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Friday, January 15, 2021 8:53 AM
**To:** Yang, Betty X. <BYang@gibsondunn.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; Ben Harrington <benh@hbsslaw.com>; bens@hbsslaw.com; Byrd, Rachele <Byrd@whafh.com>; DeJong, Brittany <dejong@whafh.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>; robl@hbsslaw.com; ronnie@hbsslaw.com; Ted Wojcik (tedw@hbsslaw.com) <tedw@hbsslaw.com>
**Subject:** RE: Apple App Cases -- Identification of Data

[External Email]
Apple Counsel,

Could you please let us know about these issues today?  We can add these issues to the agenda for today's meet and confer, but we need resolution promptly to determine whether it is necessary to brief these issues for the hearing next week.

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)



From:      John Karin/NYC/Cravath
To:        "Yang, Betty X." <BYang@gibsondunn.com>
Cc:        "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>, "Ben Harrington" <benh@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Byrd, Rachele" <Byrd@whafh.com>, "DeJong, Brittany" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "ronnie@hbsslaw.com" <ronnie@hbsslaw.com>, "Ted Wojcik (tedw@hbsslaw.com)" <tedw@hbsslaw.com>
Date:      01/14/2021 12:23 AM
Subject:   RE: Apple App Cases -- Identification of Data


Betty,

Epic has a different recollection of what transpired at the meet and confer on January 7, 2021.

With respect to Epic's interrogatories, Apple promised to send a letter by January 11, 2021.  We have not received this letter.  Does Apple still intend to send it?  Apple also committed to amend its responses to Epic's Interrogatory Nos. 3, 8, 10 and 12 (and potentially 6).  Does Apple have any clarity on its timeline?

The parties also discussed other topics at the end of the meet and confer.  With respect to the identification of non-custodial data, Apple did acknowledge that it would be more expedient for the parties to identify data by Bates number.  Is it now Apple's position that it will refuse to identify by Bates number the data requested in my email below?  With respect to Epic's RFPs concerning the App Store Small Business Program and the game streaming guidelines, Apple stated that it would confirm in writing by January 8, 2021 that it would produce responsive documents and provide the names of the relevant custodians.  Does Apple still intend to follow through?

Thank you.

John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

From:       "Yang, Betty X." <BYang@gibsondunn.com>
To:         "John Karin" <jkarin@cravath.com>, "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com>
Cc:         "Ben Harrington" <benh@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "Byrd, Rachele" <Byrd@whafh.com>,
            "DeJong, Brittany" <dejong@whafh.com>, "Epic Mobile Apps" <epic-mobileapps@cravath.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>
            <robl@hbsslaw.com>, "ronnie@hbsslaw.com" <ronnie@hbsslaw.com>, "Ted Wojcik (tedw@hbsslaw.com)" <tedw@hbsslaw.com>
Date:       01/12/2021 10:40 AM
Subject:    RE: Apple App Cases -- Identification of Data

John,

We did not reach any agreements about—or even discuss—Apple's responses to Epic's RFPs on the January 7, 2021
meet and confer.  As you are aware, that meet and confer was scheduled to discuss Apple's responses to Epic's
interrogatories.  On that call, Yonatan asked whether Apple would agree to provide Bates numbers for any interrogatory
responses in which Apple relied on Rule 33(d).  Although Apple's responses to Epic's interrogatories do not in fact rely
on Rule 33(d), we agreed to supplement Apple's interrogatory responses with Bates numbers in the instances in which
the responses referred to Apple's document production.  We will provide those supplemental interrogatory responses in
the near future.

Regards,
**Betty X. Yang**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3226 • Fax +1 214.571.2968
BYang@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Sent:** Sunday, January 10, 2021 4:20 PM
**To:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>
**Cc:** Ben Harrington <benh@hbsslaw.com>; bens@hbsslaw.com; Byrd, Rachele <Byrd@whafh.com>; DeJong, Brittany
<dejong@whafh.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>; robl@hbsslaw.com; ronnie@hbsslaw.com;
Ted Wojcik (tedw@hbsslaw.com) <tedw@hbsslaw.com>
**Subject:** Re: Apple App Cases -- Identification of Data

[External Email]
Apple Counsel,

Consistent with the parties' agreement during the meet and confer on January 7, 2021, could you please identify by Bates

number the data that Apple has produced from non-custodial sources in response to the RFPs in my below email?

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

| | |
|---|---|
| From: | John Karin/NYC/Cravath |
| To: | "*** GDC EpicLitTeam" <AppleAppStoreDiscovery@gibsondunn.com> |
| Cc: | Epic Mobile Apps@Cravath, "Byrd, Rachele" <Byrd@whafh.com>, "DeJong, Brittany" <dejong@whafh.com>, "Rob Lopez" <robl@hbsslaw.com>, "Ben Siegel (bens@hbsslaw.com)" <bens@hbsslaw.com>, "Ben Harrington" <benh@hbsslaw.com>, ronnie@hbsslaw.com, "Ted Wojcik (tedw@hbsslaw.com)" <tedw@hbsslaw.com> |
| Date: | 01/04/2021 05:22 PM |
| Subject: | Apple App Cases -- Identification of Data |

Apple Counsel,

Epic proposes that the parties identify by Bates number the data produced from non-custodial sources in response to other parties' RFPs.  Epic would like Apple to identify by Bates number the data that Apple has produced from non-custodial sources in response to the following RFPs:

- IAP (Request No. 5)
- macOS App Store and iOS App Store (Request Nos. 7-8)
- Developer tools (Request Nos. 9, 53)
- Usage metrics for apps (Request No. 11)
- Customer lifetime value and lifespan (Request Nos. 12-14)
- Third-party settlement providers (Request Nos. 18-19)
- Active Apple devices and Apple's "installed base" (Request Nos. 25, 31)
- Apple customers who own or use multiple Apple products (Request Nos. 26-28)
- Impact of App Store Small Business Program on Apple financials (Request No. 79)


To the extent that Apple has not yet produced data responsive to these RFPs, Epic asks that Apple identify such data as they are produced.

Epic is willing to reciprocate upon request by Apple.  Epic believes all parties and their respective experts would benefit from prompt identification of data.

Best,


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA
ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK

PARTNER EMERITUS
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

January 21, 2021

_Epic Games, Inc. v. Apple Inc._, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

  I write on behalf of Epic regarding Apple's unreasonable delay on several discovery issues. It is no secret that Apple opposes the Court-ordered schedule in this action. But that schedule governs notwithstanding Apple's objections (Dkt. 116, 241), and Apple may not run out the clock by dragging its feet on multiple pending discovery requests. Epic is summarizing below various open items. If Apple does not provide the below information by the deadlines set forth below, Epic intends to raise each of these items in a letter brief to Magistrate Judge Hixson to be heard at the hearing scheduled for Monday, January 25, 2021.

## I. Depositions of Apple Witnesses

  Eric Gray and Scott Forstall: On December 20, 2020, Epic and the Class Plaintiffs ("Plaintiffs") requested dates for the depositions of Eric Gray and Scott Forstall, among others. Plaintiffs have repeatedly requested that Apple provide these dates. (_See, e.g._, Plaintiffs' 12/23/20 Email at 5:57 p.m. PT; Plaintiffs' 1/3/21 Email at 3:42 p.m. PT; Plaintiffs' 1/9/21 Email at 1:38 p.m. PT.) On January 13, 2021, Apple promised to provide a date for Mr. Gray's deposition "imminently", but has not done so, despite yet another reminder from Plaintiffs. (Plaintiffs' 1/19/21 Email at 9:20 p.m. PT.) As for Mr. Forstall, Apple stated that it failed to connect with him. (_See id._) By noon PT tomorrow, please provide dates for the depositions of Messrs. Gray and Forstall between January 31, 2021 and February 15, 2021.

  Phil Schiller: On December 20, 2020, Plaintiffs requested dates for the deposition of Phil Schiller between January 17, 2021 and January 23, 2021. Plaintiffs have repeatedly requested that Apple provide these dates. (_See, e.g._, Plaintiffs' 1/3/21 Email at 3:42 p.m. PT; Plaintiffs' 1/9/21 Email at 1:38 p.m. PT.) Apple did not provide his date until January 15, 2021—nearly a month after Plaintiffs' initial request. Apple proposed that Mr. Schiller's deposition will commence on February 15, the cutoff date for fact discovery in the _Epic_ case. The next day, Epic explained why that date is not only inconsistent with the schedule, but also unacceptable given Mr. Schiller's centrality to this case, his designation by Apple as a

Rule 30(b)(6) deponent on up to a dozen topics, and the deadline for exchanging expert reports in the *Epic* case.  (*See* Epic's 1/16/21 Letter.)  By noon PT tomorrow, please provide dates for two days of deposition for Mr. Schiller between January 31, 2021 and February 10, 2021.

   <u>Mark Grimm, Shaan Pruden, and Mike Schmid</u>:  Dates for the depositions of Mark Grimm, Shaan Pruden, and Mike Schmid were requested on January 14, 2021, and again on January 20, 2021.  Apple still has not responded with a single date.  By noon PT tomorrow, please provide dates between January 31, 2021 and February 15, 2021, for all three depositions.

   <u>Date for Document Completion per Deponent</u>:  On December 20, 2020, Plaintiffs requested that Apple indicate when Apple will complete production of documents from its witnesses' files.  Plaintiffs since have repeated this request multiple times, for individual witnesses and for all remaining Apple witnesses, and Apple has not answered.  (*See, e.g.*, Plaintiffs' 12/23/20 Email at 5:57 p.m. PT; Epic's 1/16/21 Letter at 2; Plaintiffs' 1/19/21 Email at 9:20 p.m. PT.)  By noon PT tomorrow, please indicate when Apple will complete production of documents from each witness's files.[1]

   <u>Epic's Rule 30(b)(6) Topics</u>:  On January 11, 2021, Epic served its Rule 30(b)(6) topics on Apple.  Apple has not yet designated any witnesses for any of Epic's topics.  By noon PT tomorrow, please confirm that Apple will designate its witnesses for each of Epic's topics and provide dates for each witness by January 26, 2021.

## II. Epic's Interrogatories

   <u>Apple's Clarification of its Objections</u>:  During the parties' January 7, 2021 meet and confer, Apple committed to provide Epic, by January 11, 2021, with a letter memorializing Apple's plan to supplement certain of its responses to Epic's Interrogatories, as well as Apple's explanation of its positions with respect to certain responses and objections it has made.  (*See* Epic's 1/17/21 Letter at 1.)  Apple did not provide such a letter on January 11, 2021 or thereafter, despite several inquiries from Epic.  During the parties' January 15, 2021 meet and confer, Apple again committed that by January 18, 2021, Apple will finally provide this long overdue letter. Apple provided no explanation for the delay.  (*See id.*)  And Apple still has not provided the letter.  By noon PT tomorrow, please provide this letter.

   <u>Apple's Amended Responses</u>:  During the parties' January 7, 2021 meet and confer, Apple committed to amend its responses to Epic's Interrogatory Nos. 3, 8, 10 and 12, and stated that it would consider whether to amend its response to No. 6.  Apple has not done so. During the parties' January 15, 2021 meet and confer, Apple again committed to amend its responses to Epic's Interrogatory Nos. 10 and 12, and either to amend its responses to Interrogatory Nos. 3, 6 and 8 or to confirm that Apple has no additional information to provide. Apple committed to amend all of those responses or provide such confirmations, with the exception perhaps of Interrogatory No. 10, pending the results of Apple's investigation, by January 23, 2021.  (*See* Epic's 1/17/21 Letter at 1.)  By noon PT tomorrow, please (i) confirm

---

[1] Epic is gathering the information requested for the new custodians and expanded date range custodians in response to Apple's request of yesterday and will provide it to Apple by early next week.

that by January 23, 2021, Apple will provide an amended response to Interrogatory No. 12; (ii) commit to a deadline next week for providing an amended response to Interrogatory No. 10; and (iii) confirm that by January 23, 2021, Apple will either provide amended responses to Interrogatory Nos. 3, 6 and 8 or confirm that Apple has no additional information to provide.

## III.    Epic's RFPs

**Epic's Data-Related RFPs**:  On December 26, 2020, Apple agreed to search for non-custodial data responsive to Epic's RFP Nos. 7-8 (iOS App Store and macOS App Store), 9 and 53 (developer tools), 11 (app usage), 12-14 (customer lifetime value or lifespan), 18-19 (third-party payment providers), 25 and 31 (Apple's "installed base"), and 26-28 (customers that own or use multiple Apple products or services).  The deadline for completion of production was January 6, 2021.  By noon PT tomorrow, please confirm that Apple has either produced all responsive documents or that it will produce all responsive documents by January 26, 2021.

**App Store Small Business Program (Epic's RFP Nos. 71-80)**:  During the parties' December 29, 2020 meet and confer, Apple stated it would search for and produce custodial documents responsive to RFP No. 79 (impact of App Store Small Business Program on Apple financials) that were created after August 13, 2020 and up to the time the Program was announced.  Apple further stated that it would consider whether to identify a new custodian whose documents may be more responsive to RFP No. 79, rather than extending the date range for existing custodians, and endeavor to provide its position by January 4, 2021.  (*See* Epic's 12/31/20 Letter at 2.)  Apple has not followed through on this commitment.  During the parties' January 7, 2021 meet and confer, Apple stated that it would confirm in writing by January 8, 2021 that it would produce responsive documents and provide the names of the relevant custodians in response to Epic's RFPs concerning the App Store Small Business Program.  (*See* Epic's 1/17/21 Letter at 2.)  Apple has not followed through on that commitment either.  During the parties' January 15, 2021 meet and confer, Apple committed to provide its position on Epic's RFPs concerning the App Store Small Business Program by January 18, 2021.  (*See id.*)  Apple missed this deadline too.  By noon PT tomorrow, please provide Apple's position on RFP Nos. 71-80.

**App Store Review Guidelines created or modified after August 13, 2020 (RFP Nos. 34-35, 37-38, 43)**:  During the parties' December 29, 2020 meet and confer, Apple stated that it would search for and produce custodial documents that were created after August 13, 2020 in response to Epic's RFPs concerning App Store Review Guidelines created or modified after that date, including the game streaming guidelines.  Apple further stated it would consider whether to identify a new custodian whose documents may be more responsive to these RFPs, rather than extending the date range for existing custodians, and endeavor to provide its position by January 4, 2021.  (*See* Epic's 12/31/20 Letter at 2.)  Apple did not do so.  During the parties' January 7, 2021 meet and confer, Apple stated that it would confirm in writing by January 8, 2021 that it would produce responsive documents and provide the names of the relevant custodians in response to Epic's RFPs concerning the game streaming guidelines.  Apple did not do so.  (*See* Epic's 1/17/21 Letter at 2.)  During the parties' January 15, 2020 meet and confer, Apple committed to provide its position on Epic's RFPs concerning the game streaming guidelines by January 18, 2021.  (*See id.*)  Apple did not do so.  By noon PT tomorrow, please provide Apple's position on RFP Nos. 34-35, 37-38, and 43.

<u>Non-Custodial Searches Before January 1, 2017</u>:  During the parties' December 29, 2020 meet and confer, Apple stated that it would confirm promptly whether Apple will search for and produce responsive documents from before January 1, 2017 in response to Epic's RFP Nos. 15-17 (agreements between Apple and developers), 18 (third-party payment settlement providers), and 54 (Apple's strategic plans concerning competition for iOS, iOS devices, macOS App Store, and IAP).  (*See* Epic's 12/31/20 Letter at 2; Epic's 1/17/21 Letter at 2.)  Apple has not done so.  By noon PT tomorrow, please confirm whether Apple will search for and produce responsive documents from before January 1, 2017 in response to these RFPs.

<u>Suspicious Redactions in Apple's Document Production</u>:  On January 11, 2021, Plaintiffs challenged certain redactions in Apple's production.  On January 18, 2021, Epic requested Apple's response to this correspondence.  By noon PT tomorrow, please provide a complete substantive response to this correspondence.

## IV.    Third-Party Depositions

The parties have agreed there will be third-party depositions.  The only remaining open issue is what limits should be placed on such depositions.  On January 11, 2021, Epic proposed to Apple that each side be allotted 70 hours of on-the-record questioning with which to pursue third-party depositions.  Apple refused to engage with Epic's proposal until an unrelated issue about Apple's proposed depositions of Epic witnesses was resolved.  Ten days later, Apple has still made no counterproposal.

Instead, Plaintiffs made a second proposal that is even more favorable to Apple; namely, that the 70 hours previously suggested for Epic be divided among all three sets of plaintiffs, including questioning in response to any third-party depositions that Apple might notice.  Epic's proposal is reasonable and proportionate to the needs of the case, particularly in light of the fact that the parties have collectively issued document subpoenas to more than two dozen third parties. Apple's conduct in refusing to agree, or even engage, is prejudicial to Plaintiffs and third parties alike.  If the parties cannot resolve their dispute tomorrow, Epic intends to raise this issue in a letter brief to Magistrate Judge Hixson to be heard at the hearing scheduled for Monday, January 25, 2021.

Sincerely,

s/ Lauren A. Moskowitz

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP

jrosenkranz@orrick.com
   wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
   robl@hbsslaw.com
      shanas@hbsslaw.com
         bens@hbsslaw.com
            tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
   byrd@whafh.com
      guiney@whafh.com
         dejong@whafh.com

BY EMAIL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

January 27, 2021

VIA ELECTRONIC MAIL

Lauren Moskowitz
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:   *Epic Games, Inc. v. Apple Inc*., No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Lauren:

I write on behalf of Apple in response to your letter of January 21, 2021 with regard to Apple's productions in response to Epic RFPs.

It is important to note at the outset that the "delay" you complain of is the result of Epic's own conduct.  Epic's counsel represented to the Court at the start of this litigation that, all it would need was "certain of the discovery that's already been produced" in the class actions and "some limited targeted additional discovery and some depositions"—in particular, "some additional discovery on the in-app payment processing" and "some discovery in order to prove up market definition."  Aug. 24, 2020 Hr'g Tr. at 4:7-24, 5:13-23. Apple responded that even a longer schedule than Epic proposed would only be "achievable if Epic stays true to its representation to the Court . . . and confine[s] any new requests to 'in-app payment processing' and 'limited and targeted additional discovery and some depositions.'"  Dkt. 91 at 5.  Epic has not stayed true to its representation to the Court.  Epic has instead demanded extensive discovery that is impossible to complete within the compressed schedule that Epic demanded and that the Court set based on Epic's representations.  You knew that at the time.

Epic's expansive discovery requests have not only caused Apple's custodial collections and productions to balloon to enormous scope, they have also required Apple to conduct burdensome searches for data and documents in non-custodial files located across Apple, which is a very large organization.  As you are also aware, although the Court set a document production cutoff of January 6, 2021, and after Epic propounded more than 80 additional requests for production and demanded a number of additional custodians, both parties have continued document productions after January 6.  Apple has worked diligently under this intense schedule to produce documents and data responsive to Epic's requests, and intends to produce the reasonably available non-privileged documents requested by Epic by the February 15 fact discovery cutoff.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Lauren Moskowitz
January 27, 2021
Page 2

Below, we respond to the questions and demands concerning Epic RFPs that are included in your January 21 letter, and, while Apple does not possess information responsive to all parts of these requests, we specify requests as to which we anticipate producing responsive documents.[1]

## 1. Epic RFP Nos. 7-8 (iOS App Store and macOS App Store)

In its RFP Nos. 7-8, Epic requested documents relating to the revenue, costs, expenses, investments, and profits incurred by, earned by, and/or attributed to, Apple's macOS App Store and iOS App Store. Apple has produced documents responsive to this request. Apple has agreed to identify by Bates number documents responsive to these RFPs and others if Epic would reciprocate with respect to an equal number of RFPs identified by Apple (*see* E. Lazarus Email of Jan. 21, 2021); Epic has not responded. Apple has identified additional data that is responsive to these requests, and to the extent it is not privileged, Apple anticipates producing by February 5, 2021. And of course the revenue generated by the (iOS) App Store's U.S. storefront is reflected in the approximately 65 billion records of transactional data that Apple produced to you on January 15, 2021.

## 2. Epic RFP Nos. 9 and 53 (developer tools)

In its RFP Nos. 9 and 53, Epic requested documents relating to revenue, costs, expenses, investments, and profits incurred by, earned by, and/or attributed to, and monthly, quarterly and yearly financial documents prepared for or received by any of Apple's officers, directors or senior managers that concern Xcode, Metal, SDKs, APIs and all other developer tools for iOS that Apple makes available for use by third-party Developers. Apple does not track costs or revenues of the items that Epic lists in these RFPs and so has no responsive material to produce. However, Apple has identified financial data that reflects costs that Apple incurs in creating and maintaining those items. Apple has already produced some of this data and expects to produce more, to the extent it is not privileged, by February 5, 2021. And again, the revenue generated by the (iOS) App Store's U.S. storefront is reflected in the approximately 65 billion records of transactional data that Apple produced to you on January 15, 2021.

## 3. Epic RFP No. 11 (app usage)

Epic's RFP 11 seeks documents relating to usage metrics, including specifically number of downloads, number currently installed, time spent using, monthly average users,

---

[1]   Epic's January 21, 2021 letter includes numerous statements of positions that Epic purports Apple took. Apple does not agree with Epic's characterizations in that letter, and Apple's expressed positions are as set forth in this letter.

**GIBSON DUNN**

Lauren Moskowitz
January 27, 2021
Page 3

daily average users, and any other usage metric, for four categories of apps: (a) free with no
in-app purchases available; (b) free with in-app purchases available; (c) paid without in-app
purchases available; and (d) paid with in-app purchases available.  As Apple counsel has
written separately to Epic (*see* J. Srinivasan Letter of Jan. 27, 2021), Apple has determined it
only has a limited amount of the data requested by this RFP, but more importantly,
producing it would be unduly burdensome, requiring upwards of 500 hours of work and
impairing Apple's business and that of third-party developers.  Doing so would also be
grossly disproportionate to the needs of the case because all parties have already received
data that serves as a proxy.  Accordingly, Apple will not produce this data.

### 4.  Epic RFP Nos. 12-14 (customer lifetime value or lifespan)

In its RFP Nos. 12-14 (and their 21 sub-parts), Epic seeks information relating to
customer lifespan of customers of the iPhone, iPad, and iPod touch and customer lifetime
value to Apple from the same.  Apple has identified some documents responsive to these
requests, for example, relating to length of device ownership.  Apple anticipates producing
these by February 15, to the extent they are not privileged.

### 5.  Epic RFP Nos. 18-19 (third-party payment processors)

Epic's RFP Nos. 18 and 19 seek documents sufficient to show the identities of and
fees paid to entities that Apple contracts with to facilitate Apple's own ability to accept
customer payments through Apple's IAP API.  Apple has identified some documents
responsive to this request and, to the extent they are not privileged, expects to produce them
by February 15, and some of them significantly sooner.

### 6.  Epic RFP Nos. 25 and 31 (Apple's "installed base")

Epic's RFP Nos. 25 and 31 seek documents concerning the number of Apple devices
in "active use" and Apple's "installed base" with respect to (a) iPhone; (b) iPad; (c) iPod
touch; and (d) Mac computers.  Apple has identified some documents responsive to these
requests.  To the extent they are not privileged, Apple anticipates producing these by
February 15.

### 7.  Epic RFP Nos. 26-28 (customers who own or use multiple Apple products or services).

Epic's RFP Nos. 26, 27, and 28 (and their 35 sub-parts) seek documents relating to
customers who own at least one iPhone, iPad or iPod touch, respectively, and who also own,
any of several other Apple devices or use any of several Apple services.  Apple has identified

**GIBSON DUNN**

Lauren Moskowitz
January 27, 2021
Page 4

some documents responsive to these requests and anticipates producing nonprivileged documents by February 5.

### 8. Epic's RFP Nos. 71-80 (App Store Small Business Program)

Epic's RFP Nos. 71, 72, 73, 74, 75, 76, 77, 78, 79, and 80 seek documents relating to the App Store Small Business Program.  Apple's investigation relating to these requests has included examination of custodial and non-custodial sources.  Apple has identified some documents responsive to these requests and anticipates producing any non-privileged documents among them by February 15.

### 9. RFP Nos. 34-35, 37-38, 43 (App Store Review Guidelines created or modified after August 13, 2020)

Epic has requested that Apple search for documents within its custodial collection that were created after August 13, 2020 that are responsive to Epic's RFPs concerning certain App Store Review Guidelines created or modified after that date.  Apple confirms that it has done so.

### 10. Epic's RFP Nos. 15-18, 54 (Epic's demand that Apple search for responsive non-custodial documents predating January 1, 2017)

Epic has demanded that Apple search for and produce responsive documents from before January 1, 2017 in response to Epic's RFP Nos. 15-17 (concerning agreements between Apple and developers), 18 (concerning third-party payment processors), and 54 (strategic plans).  Apple confirms that its investigation with respect to all of these RFPs has included searching for responsive documents from before January 1, 2017.

\*   \*   \*

While Epic's representations to the Court of "limited targeted" discovery have clearly turned out to be far from true, leading to a hyper-expedited schedule not compatible with the expansive discovery that Epic has sought, Apple has nonetheless responded with diligence, cooperation, and extensive work to produce an enormous amount of documents and other information.  But there is no room in the schedule for further expansion of discovery, and Apple will not agree to any more.

**GIBSON DUNN**

Lauren Moskowitz
January 27, 2021
Page 5


Sincerely,

*/s/ Jay P. Srinivasan*

cc: Rachele Byrd, Robert F. Lopez

## CRAVATH, SWAINE & MOORE LLP

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
FACE F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA
ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK

———

PARTNER EMERITUS
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

January 28, 2021

_Epic Games, Inc. v. Apple Inc._, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Jay:

I write on behalf of Epic in response to (1) Apple's January 26, 2021 letter concerning suspicious redactions in Apple's production; (2) Apple's January 27, 2021 letter concerning depositions; (3) Apple's January 27, 2021 letter concerning Epic's RFPs; and (4) Apple's January 27, 2021 email concerning the three joint letter briefs addressing Apple's delay in discovery.[1]

### I.    Depositions

Epic disagrees with Apple's refusal to commit to producing the documents from a witness's files before the witness's deposition, and with Apple's refusal even to estimate its production deadline.  (Apple's 1/27/21 Letter re Depositions at 5-6.)  Please provide Apple's portion of the joint letter brief regarding this issue by 5 p.m. PT today, so that the parties may brief this issue for the hearing on February 1, 2021.  Epic reserves the right to revise its portion of the joint letter brief in light of Apple's position.

Plaintiffs do not agree to limit the depositions of Eddy Cue and Craig Federighi to seven hours in response to Apple's request.  (Apple's 1/27/21 Letter re Depositions at 4.)  Plaintiffs are entitled to ten hours under the Court's order.  If Apple intends to brief this issue, please provide Apple's portion of the joint letter brief regarding this issue by 5 p.m. PT today.

Plaintiffs have written separately regarding the dates for depositions of Apple witnesses.  (Plaintiffs' 1/28/21 Email.)

---

[1] Although Epic disagrees with assertions in Apple's various letters and emails, in an effort to move forward, Epic has not engaged in a line-by-line rebuttal.

With respect to third-party depositions (Apple's 1/27/21 Letter re Depositions at 6), Epic agrees that Epic and Apple each shall be permitted to depose up to three third-party witnesses by the February 15, 2021 close of fact discovery, and that third-party depositions sought solely by the class plaintiffs will be deferred.  This agreement is subject to the conditions—already agreed to by Epic and Apple, including during the January 22, 2021 meet and confer and in the subsequent emails exchanged later that day—that (1) any previously un-deposed third-party witness who appears on a party's witness list will be subject to deposition by the other party before trial; (2) Epic and Apple are each permitted to cross-examine at the deposition any third-party witness that the other side subpoenas, with the time allotment to be agreed upon on a witness-by-witness basis; and (3) the parties may agree to additional third-party witness depositions for the sole purpose of laying foundation for documents and to account for any document sponsorship requirement by Judge Gonzalez Rogers.

## II.    Interrogatories

Thank you for confirming that Apple will provide supplemental responses to Epic's Interrogatory Nos. 6, 8, 10, and 12 by today, January 28, 2021.

Please explain why Apple has decided not to supplement its response to No. 3 (integration of App Store, IAP, iOS, and StoreKit API).  Apple's answer may affect whether or not the parties need to brief the issue for the hearing on February 1, 2021.

## III.    RFPs

Epic disagrees with Apple's proposed deadline of February 15, 2021 for producing documents and data in response to Epic's RFP Nos. 12-14 (customer lifetime value or lifespan), 18-19 (third-party payment processors), and 25 and 31 (Apple's "installed based").  (Apple's 1/27/21 Letter re Epic's RFPs at 3.)  Epic is entitled to these materials before the same day on which its expert reports are due.  To minimize the prejudice to Epic, we offer two proposals:

- Proposal 1:  The parties agree to push back the deadline for exchange of opening expert reports by one week, to February 22, 2021.  Epic does not intend to agree to change any other dates in the case schedule.  Additionally, Apple must commit to producing all documents and data responsive to these RFPs by February 12, 2021

- Proposal 2:  Apple commits to producing all documents and data responsive to these RFPs by February 5, 2021.

If Apple refuses both proposals, then please provide Apple's portion of the joint letter brief regarding this issue by 5 p.m. PT today, so that the parties may brief this issue for the hearing on February 1, 2021.  Epic reserves the right to revise its portion of the joint letter brief in light of Apple's position.

Please confirm that Apple will produce documents created after August 13, 2020 in response to Epic's RFP Nos. 71-80 (App Store Small Business Program).  Apple provided this confirmation with respect to RFP Nos. 34-35, 37-38, and 43 (App Store Review Guidelines

created or modified after August 13, 2020).  (Apple's 1/27/21 Letter re Epic's RFPs at 4.)
Apple's answer may affect whether or not the parties need to brief the issue for the hearing on
February 1, 2021.

       Epic disagrees with Apple's refusal to remove redactions covering information
relating to products that have already been announced from the 189 documents raised by
Plaintiffs' January 11, 2021 letter.  (Apple's 1/26/21 Letter re Redactions at 3-4.)  Please provide
Apple's portion of the joint letter brief regarding this issue by 5 p.m. PT today, so that the parties
may brief this issue for the hearing on February 1, 2021.  Epic reserves the right to revise its
portion of the joint letter brief in light of Apple's position.

       Sincerely,


       s/ Lauren A. Moskowitz

Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
jsrinivasan@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
   robl@hbsslaw.com
     shanas@hbsslaw.com
      bens@hbsslaw.com
       tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
   byrd@whafh.com

guiney@whafh.com
dejong@whafh.com

BY EMAIL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

January 28, 2021

<u>VIA ELECTRONIC MAIL</u>

Lauren A. Moskowitz
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Rachele Byrd
Wolf Haldenstein Adler Freeman & Herz LLP
750 B St., Ste. 1820
San Diego, CA 92101

Robert F. Lopez
Hagens Berman Sobol Shapiro LLP
1301 2nd Ave. #2000
Seattle, WA 98101

Re:     *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v.
        Apple Inc.*, Case No. 4:19-cv-03074-YGR; *Epic Games, Inc. v. Apple Inc.*, Case No.
        4:20-cv-05640-YGR (N.D. Cal.)

Dear Lauren:

On behalf of Apple, I am responding to your letter of January 28, which we received at 3:58
PT.  Apple is not seeking any relief from the Court at this time, and therefore has not and does
not intend to provide any draft letter briefs to Epic.  Therefore we need not address whether
your self-imposed deadline of 5:00 PT is reasonable.  It is unclear from your letter what relief,
if any Epic, intends to seek from the Court, and you have not provided any draft letter briefs
to us.  The three draft letter briefs you sent last weekend have been overtaken by intervening
events—rather than burden the Court with motion practice, Apple answered all of your
questions and attempted to resolve all of the issues raised.  *See* Email from M. Perry to J. Karin
(Jan. 27, 2021, 11:49 AM PT).  If Epic believes there are any remaining issues that require
judicial resolution, it must provide a draft letter brief setting forth its positions with adequate
time to allow Apple to respond.

Responses to the issues raised in your letter are below.

# GIBSON DUNN

Lauren A. Moskowitz
Rachele Byrd
Robert F. Lopez
January 28, 2021
Page 2

### *Depositions*

Apple maintains that the depositions of Messrs. Cue and Federighi should be limited to 7 hours, but sees no reason to burden the Court with the issue at this time.

Apple has provided Epic with deposition dates for all of its witnesses, as requested.  Epic, however, has not provided dates for Marc Hutcheson or Haseeb Malik.  Nor has Epic provided its Rule 30(b)(6) designations.  We see no need for a brief on these issues at this time, but reserve the right to raise them with the Court at the hearing on Monday if Epic continues to delay.

Epic previously provided Apple with a draft letter brief asking the Court to "order Apple immediately to indicate when Apple will complete production of documents from each witness's files."  We answered that question, in detail, in our January 27 letter regarding deposition scheduling.  If Epic wishes to seek additional relief from the Court, it is your obligation to send us a draft letter brief to which we may respond.

As to third-party depositions, you have previously taken the position that no agreements were made on the January 22 call.  We accept, however, the positions set forth on this subject in your January 28 letter, with the exception that class-related depositions may be deferred for both the class plaintiffs and Apple.

### *Interrogatories*

As we have previously informed you, Apple will supplement its interrogatory responses or stand on the initial responses today.

### *Requests for Production*

The Court set a deadline for fact discovery cutoff of February 15, 2021, as Epic has recognized: "[T]he fact discovery deadline . . . is not just February 15 for our fact discovery in Epic.  It is also our deadline for opening expert reports.  Nothing can slip."  01/25/21 Tr. 47–48 (L. Moskowitz).  Apple intends to complete fact discovery by that deadline.  Although your January 28 letter indicates that you would like certain information earlier, you do not identify any Court order, agreement, or rule supporting your request.  Indeed, you entirely ignore the fact that the document discovery cutoff was January 6 and we are still producing documents only because Epic broke its promise to the Court to engage in "limited, targeted" discovery. We have explained all this at length in our January 27 letters.

# GIBSON DUNN

Lauren A. Moskowitz
Rachele Byrd
Robert F. Lopez
January 28, 2021
Page 3


Epic previously provided Apple with a draft letter brief regarding various requests for production of non-custodial documents and information.  Apple responded to each point, in detail, in our letter of January 27.  If Epic intends to seek any relief from the Court, it is your obligation to send us a draft letter brief to which we may respond.

Apple explained its position with respect to redactions in its January 26 letter on the issue.  If Epic intends to seek any relief from the Court, it is your obligation to send us a draft letter brief.

Sincerely,

*/s/ Jay P. Srinivasan*
Jay P. Srinivasan

JPS


cc: epic-mobileapps@cravath.com
steve@hbsslaw.com
robl@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com
rifkin@whafh.com
byrd@whafh.com
guiney@whafh.com
dejong@whafh.com

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1003

WRITER'S EMAIL ADDRESS
bblake@cravath.com

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA
ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK

———

PARTNER EMERITUS
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

January 25, 2021

Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Counsel:

I write on behalf of Epic Games, Inc. ("Epic") in the above-captioned matter.

Please use the below FTP credentials to access a secure FTP site containing a production of documents from Epic in the above-captioned matter. The password for the FTP site and zip files enclosed therein will be provided under separate cover.

FTP site:          https://sftp-na1.transperfect.com

Username:          Cravath_Epic_Productions

The production consists of two volume: EPIC025. Production volume EPIC022 contains documents bearing Bates numbers EPIC_04315248 to EPIC_04459700. Epic is simultaneously producing these documents in *Cameron et al. v. Apple Inc.*, No. 19-cv-03074-YGR (N.D. Cal.) ("*Cameron*") and *In re Apple iPhone Antitrust Litigation*, No. 11-cv-06714-YGR (N.D. Cal.) ("*Pepper*").

This letter and the accompanying production are not intended to, and do not, waive any applicable privilege or other legal basis under which information may not be subject to production. If it were found that this letter or the accompanying production constitute disclosure of otherwise privileged matters, such disclosure would be inadvertent. By the production of such documents, Epic does not intend to waive, and has not waived, the attorney-client privilege or any other protections.

These documents are produced as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulation between Epic Games, Inc. and Apple Inc. and Amended Protective Order, entered by the Court on January 21, 2021 (ECF No. 274); the Stipulated Amended Protective Order, entered by the Court on January 21, 2021 (Cameron, ECF

No. 252); and the Stipulated Amended Protective Order, entered by the Court on January 21, 2021 (Pepper, ECF No. 381) (collectively, the "Orders").

Sincerely,

s/ Brendan R. Blake

GIBSON, DUNN & CRUTCHER LLP
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

David Eberhart
Anna Pletcher
Katrina Robson
Evan Schlom
Scott Schaeffer
Elena Zarabozo
O'MELVENY & MYERS LLP
deberhart@omm.com
    apletcher@omm.com
        krobson@omm.com
            eschlom@omm.com
                sschaeffer@omm.com
                    ezarabozo@omm.com

Michelle Lowery
Elizabeth Andrea Rodd
John J. Calandra
Nicole Lauren Castle
Peter John Sacripanti
MCDERMOTT WILL & EMERY LLP
mslowery@mwe.com
    erodd@mwe.com
        jcalandra@mwe.com
            ncastle@mwe.com
                psacripanti@mwe.com

Steve W. Berman
Robert F. Lopez
Ronnie Siedel Spiegel
Shana E. Scarlett
Ben Siegel
Ted Wojcik
Ben Harrington
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    robl@hbsslaw.com
        ronnie@hbsslaw.com
            shanas@hbsslaw.com
                bens@hbsslaw.com
                    tedw@hbsslaw.com
                        benh@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
    byrd@whafh.com
        guiney@whafh.com
            dejong@whafh.com

BY EMAIL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

January 24, 2021

<u>VIA ELECTRONIC MAIL</u>

Lauren Moskowitz
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475

Re:     <u>Apple's Responses and Objections to Epic's First Set of Interrogatories</u>

Dear Lauren:

I write as a follow-up to our January 7, 2021 meet and confer regarding your January 1, 2021 letter re: Apple Inc.'s ("Apple") December 11, 2020 Objections and Responses (the "Objections and Responses") to Epic Games, Inc.'s ("Epic") First Set of Interrogatories (the "Interrogatories").[1]

## I.     Apple's General Objections

*First*, in response to Apple's general objection that it will "respond[] only on behalf of itself and not on behalf of any parent, affiliate, or subsidiary," *see* Objections and Responses, General Objections ¶ 11; Objections to Definitions ¶ 4, your letter requests that Apple either "confirm that [it] has not withheld any information based on this objection, or withdraw this objection and amend Apple's responses."  L. Moskovitz Jan. 1, 2021 Letter at 1.  As stated during our January 7, 2021 meet and confer, while Apple does not withdraw this objection, Apple can confirm that it has not withheld any information based on this objection.

*Second*, in response to Apple's objection to the Interrogatories "to the extent that they seek identification of persons employed by or working at the direction of third parties," *see* Objections and Responses, General Objections ¶ 12, your letter requests that Apple either "confirm that [it] is not withholding the identification of persons based on this [purportedly] improper objection in response to Epic's Interrogatories, including those that ask for identities (*see, e.g.*, Interrogatory No. 12), or withdraw this objection and amend Apple's responses."  L. Moskovitz Jan. 1, 2021 Letter at 1.  As stated during our January 7, 2021 meet and confer, while

---

[1]  Apple received an additional letter from Epic on the evening of Sunday, January 17, 2021.  In this letter, Epic writes that Apple has "backtracked" from prior positions it took during the January 7, 2021 meet and confer.  Apple categorically disagrees with this mischaracterization.  Apple's expressed positions are as set forth in this letter.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Muni
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

January 24, 2021
Page 2

Apple does not withdraw this objection, Apple can confirm that it has not withheld any information based on this objection.

*Third*, in response to Apple's objection to numerous of the Interrogatories on the ground that they contain discrete subparts that "introduce separate and distinct lines of inquiry that are not logically and factually subsumed within and necessarily related to the Interrogatory's primary question," *see* Objections and Responses, General Objections ¶ 17, your letter requests that Apple "confirm that [it] has not withheld any information based on this objection, or withdraw this objection and amend Apple's responses." L. Moskovitz Jan. 1, 2021 Letter at 2. As stated during our January 7, 2021 meet and confer, while Apple does not withdraw this objection, Apple can confirm that it has not withheld any information based on this objection.

## II.    Apple's Objections to Definitions

In response to Apple's objection to Epic's definition of "State the Factual Basis" to the extent that it sought "each and every fact" because "'[e]ach and every fact' interrogatories pose problems for a responding party and a reviewing court" and "[p]arties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories," *see* Objections and Responses, Objections to Definitions ¶ 11 (citation omitted), your letter requests that Apple "confirm that [it] has not withheld any facts based on its objection to the definition of 'State the Factual Basis', or withdraw this objection and amend Apple's responses." L. Moskovitz Jan. 1, 2021 Letter at 3. As stated during our January 7, 2021 meet and confer, while Apple does not withdraw this objection, Apple can confirm that it has not withheld any information based on this objection.

## III.   Apple's Objections to Instructions

*First*, in response to Apple's objection to Epic's Instruction No. 1 on the grounds that an unlimited timeframe "is overbroad, unduly burdensome, calls for information that is not related to the claims or defenses in this action, and imposes a burden on Apple disproportionate to the needs of this case," *see* Objections and Responses, Objections to Instructions ¶ 1, your letter argues that the "timeframe is naturally limited by the scope of each Interrogatory." L. Moskovitz Jan. 1, 2021 Letter at 3. As stated during our January 7, 2021 meet and confer, while Apple does not withdraw this objection, Apple can confirm that it has not withheld any information based on this objection. Moreover, Apple can confirm, as stated during our January 7, 2021 meet and confer, that the "timeframe" for its responses are—as your letter puts it—"limited by the scope of each Interrogatory" as Apple reads each Interrogatory. L. Moskovitz Jan. 1, 2021 Letter at 3 (citing Interrogatory Nos. 1, 3, 6–8, 10, and 12 as being limited by the inception of the iOS App Store or the in-app payment system).

**GIBSON DUNN**

January 24, 2021
Page 3

*Second*, in response to Apple's objection to Epic's Instruction No. 2 "regarding the 'worldwide' 'geographic scope' of the Interrogatories" because "it is overly broad, unduly burdensome, not relevant to the claims or defenses in this action, or otherwise outside the proper scope of discovery in accordance with the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a," *see* Objections and Responses, Objections to Instructions ¶ 2, your letter argues that transactions, conduct, or activity taking place purely outside the U.S. "may be highly relevant to the claims and defenses in this case." L. Moskovitz Jan. 1, 2021 Letter at 3–4. Apple disagrees. As the Court explained recently in its December 31, 2020 order, "wholly extraterritorial conduct not directed at the U.S. *cannot be a basis for liability in this case*." Dkt. 226 at 2 (emphasis added) (noting "Rule 26 limits discovery to what is relevant and proportional, after all, and the Foreign Trade Antitrust Improvements Act generally removes from antitrust liability commercial activities abroad, subject to a few exceptions").

IV.     **Apple's Specific Objections and Responses**

a.      **Interrogatory No. 1 (legitimate business justifications)**

As your letter notes, this interrogatory relates only to "one of Apple's *affirmative defenses*"—legitimate business justifications. L. Moskovitz Jan. 1, 2021 Letter at 4 (emphasis added). Apple's response is thus appropriately limited to the only counts in Epic's Complaint for which an *affirmative defense* of legitimate business justifications is applicable—namely, "Counts 6 and 9 in Epic's Complaint (Sherman Act § 1 [Tying the App Store in the iOS App Distribution Market to In-App Purchase in the iOS In-App Payment Processing Market] and California Cartwright Act [Tying the App Store in the iOS App Distribution Market to In-App Purchase in the iOS In-App Payment Processing Market])." *See* Objections and Responses, Response to Rog No. 1. Apple's response is thus appropriately cabined. To the extent Epic disputes this, please identify (and support with authority) what claims, beyond Counts 6 and 9 in Epic's Complaint, to which Epic believes an affirmative defense of "legitimate business justifications" would apply.

b.      **Interrogatory No. 3 ("integration" of the iOS App Store, Apple's IAP or Apple's StoreKit APIs)**

While Apple maintains that its original response sufficiently responds to this Interrogatory under the Federal Rules, Apple is considering a supplemental response.

c.      **Interrogatory No. 6 (methods, processes, and/or protocols through which iOS App Store is safer than non-iOS App Stores)**

As your letter notes, Apple objected to this Interrogatory on the ground that it seeks "Apple's protected trade secrets and other sensitive, proprietary information that would pose security and business risks to Apple and risks to Apple users' security and privacy if disclosed."

**GIBSON DUNN**

January 24, 2021
Page 4

Objections and Responses at 23.  While Apple does not withdraw this objection, it can confirm—as your letter requests—that Apple has not withheld any information based on this objection.

Moreover, while Apple maintains that its original response sufficiently responds to this Interrogatory under the Federal Rules, Apple is considering a supplemental response.

> **d.      Interrogatory No. 8 (steps in App Review process)**

As your letter notes, Apple objected to this Interrogatory on the ground that it seeks "Apple's protected trade secrets and other sensitive, proprietary information that would pose security and business risks to Apple and risks to Apple users' security and privacy if disclosed." *See* Objections and Responses at 27.  While Apple does not withdraw this objection, it can confirm—as your letter requests—that Apple has not withheld any information based on this objection.

Moreover, while Apple maintains that its response sufficiently responds to this Interrogatory under the Federal Rules, Apple is considering a supplemental response.

Finally, although Apple's narrative response to Interrogatory No. 8 contains a single sentence referring to "an extensive number of documents from the agreed custodians reflecting Apple's app review process," Objections and Responses at 28, Apple did not invoke Rule 33(d) and instead provided a thorough narrative response to this interrogatory.  Therefore, Apple is not required under the Federal Rules to point Epic to any specific documents related to this narrative response.  Nonetheless, as stated during our January 7, 2021 meet and confer, and strictly as a courtesy, Apple will supplement its response with reference to certain documents by Bates number to provide examples of documents reflecting Apple's app review process.

> **e.      Interrogatory No. 10 (App Store costs and methodologies)**

As stated during the January 7, 2021 meet and confer, Apple will supplement its response to this interrogatory based on its continuing investigation into it.  Apple continues to maintain, however, as stated in its response to Interrogatory No. 10, that "Apple does not, in the ordinary course of its business, maintain profit and loss ledgers for the App Store, and the devices and platforms in Apple's ecosystem are characterized by substantial joint costs, not all of which are allocated for accounting purposes or otherwise."  *See* Objections and Responses at 30.  However, "from time to time, Apple's Finance Department creates profit and loss reports for services of which the App Store is a part."  *See id.*  Apple intends to supplement its response to provide further detail regarding P&L estimates created with respect to the App Store.

GIBSON DUNN

January 24, 2021
Page 5

     **f.**     **Interrogatory No. 12 (terminated developer accounts)**

As stated during the January 7, 2021 meet and confer, Apple will supplement its response to this interrogatory.

Sincerely,

*/s/ Jay P. Srinivasan*

cc: Developer Plaintiffs
    Consumer Plaintiffs

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

January 24, 2021

VIA ELECTRONIC MAIL

Lauren Moskowitz
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:    *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Lauren:

I write on behalf of Apple Inc. ("Apple") in response to your letter of January 12, 2021 concerning Epic's renewed pursuit of discovery into Apple's business outside the United States.

First, you demand that Apple produce, in response to Epic's RFP No. 3, "Documents sufficient to show actual and projected revenue, costs, expenses, and profits . . . by year, incurred by, earned by and/or attributed to, sales of each of the following, respectively: (a) iPhone; (b) iPad; [and] (c) iPod touch," "for the U.S. and globally." (In accordance with the Court's direction, we understand that you have abandoned your pursuit of discovery concerning Apple Watch and AirPods.)

Both Epic and the Consumer Plaintiffs have previously asked Magistrate Judge Hixson to order Apple to produce data or documents concerning activity outside the United States, and both requests have been denied for failure to show relevance to the claims at issue. *See* Dec. 31, 2020 Discovery Order (Dkt. 226) at 3 (admonishing that a "key legal principle that Epic misunderstands is that relevance is measured against 'any party's claim or defense,' Fed. R. Civ. Proc. 26(b)(1).").

The theory of relevance stated in your January 12 letter fares no better. You assert that "Epic believes that the data will show that Apple earns far more profits on sales of iPhones, iPads and iPod touch than necessary to justify its investments" in IP, tools, and services for developers. Your logic appears to be that, if a company has a profitable business in the sale of certain products, including outside the United States, it should have a reduced incentive to recoup its investment or to earn a profit in another area of its business within the United States—and this should justify extraterritorial discovery.

But that is not the law. Apple's profit margin on iPads in France does not make Epic's claims of monopolization in U.S. app distribution more or less likely to succeed. This is as true as the Court's observation with respect to Epic's gambit for discovery on Apple

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

Lauren Moskowitz
January 24, 2021
Page 2


Watch and AirPods:  "Epic's theory of relevance seems to be that Apple makes a lot of money off of [these products].  That is surely true, but the distance between that fact and evidence of market power in the app distribution and in-app purchase markets is too great for this discovery to be either relevant or proportional."  Dec. 31, 2020 Discovery Order at 7; *see also id.* at 4 ("The Court has a hard time understanding why we need to know how many people in Mongolia tried to find their iPhone in the last month . . . .").

The argument in your January 12 letter is that Magistrate Judge Hixson is wrong, that Epic should receive discovery on all sources of Apple income because, in Epic's eyes, they all show that Apple doesn't need the money it charges in the App Store's U.S. storefront. But "the antitrust laws are not a price-control statute or a public-utility or common-carrier rate-regulation statute."  *Blue Cross & Blue Shield v. Marshfield Clinic*, 65 F.3d 1406, 1413 (7th Cir. 1995).  Earning a return on its investment allows Apple to innovate, offer free services, and reinvest, but Apple is under no obligation to show that it would be impoverished but for the commissions it earns from the App Store.  If the law were otherwise, "how is [a defendant] to avoid getting into trouble?  Would it have to adopt cost-plus pricing and prove that its price just covered its costs (where cost includes a 'reasonable return' to invested capital)?  Such a requirement would convert antitrust law into a scheme resembling public utility price regulation, now largely abolished."  *In re Text Messaging Antitrust Litigation*, 782 F.3d 867, 874 (7th Cir. 2015).  Your theory of relevance has no basis in law at all, much less as a springboard for extraterritorial discovery.  Apple will not produce documents or data to satisfy Epic's continued over-reaching with respect to this RFP No. 3.

You also ask Apple to confirm that it will produce documents responsive to Epic RFP Nos. 12-13 to the extent they pertain to *both* the U.S. *and* ex-U.S.  Apple confirms that to the extent its investigation identifies non-privileged documents responsive to Epic's RFP Nos. 12-13 pertaining to both the U.S. and ex-U.S., Apple will produce them.

Because the remainder of the questions in your letter are not interrogatories to which Apple is required to respond, Apple declines to do so.  Further, if Epic's expert reports or future briefs present arguments concerning activities outside the United States, Apple may have no choice but to respond to them no matter what its current intentions may be.


Sincerely,

*/s/ Jay P. Srinivasan*

cc: Rachele Byrd, Robert F. Lopez

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.4444
EDettmer@gibsondunn.com

Client: 03290-00123

CONFIDENTIAL

January 26, 2021

VIA E-MAIL (LMOSKOWITZ@CRAVATH.COM)

Lauren Moskowitz
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:     Redactions in Apple's Productions

Dear Lauren:

I write in response to your letter dated January 11, as well as your email and letter dated December 13, each of which identifies various documents in Apple's productions with redactions.

1.   Relevant Background

On November 2, 2020, the Court entered the Joint Stipulation and Order re ESI (the "ESI Protocol").[1]  *See* ECF 143.[2]  The ESI Protocol allows redaction of "information that is (1) privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity, (2) protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation, or (3) information about unannounced hardware products that are still in active development."  *Id.* at § 5.I.

As Plaintiffs acknowledge, the ESI Protocol expressly contemplated that it is a "forward-looking document" and directed that "*nothing in this Order* shall require a re-production of any production previously made in any of the Actions, and *this Order has no bearing* on any dispute regarding a production made before it was entered."  *Id.* at § 10 (emphasis added).  Thus, the ESI Protocol has no application to any Apple productions made prior to November 2, 2020, and Apple is under no obligation to reproduce any documents produced prior to that date on the grounds that such productions did not comply with the ESI Protocol.

---

[1]  An Amended ESI Protocol was entered on January 8, 2021.  *See* ECF No. 242 (*Epic*); ECF No. 365 (*Pepper*); ECF No. 233 (*Cameron*).  Section 5.I. regarding redactions was not amended.

[2]  While all ECF citations throughout this letter are to the ESI Protocol in the *Epic* case, the ESI Protocol was likewise entered in the *Pepper* and *Cameron* actions on November 2, 2020.  *See* ECF No. 259 (*Pepper*) and ECF No. 136 (*Cameron*).

**GIBSON DUNN**

Lauren Moskowitz
January 26, 2021
Page 2

2.   Summary of Documents at Issue

Plaintiffs have identified various documents in Apple's productions that supposedly contain
questionable redactions.  Apple has confirmed that these documents were reviewed and
produced on the following dates:

- Plaintiffs' December 13 email
  - Total number of challenged documents: **19**
  - Documents reviewed prior to November 2, 2020: **19**
  - Documents produced prior to November 2, 2020: **3**

- Attachment A to Plaintiffs' December 13 letter
  - Total number of challenged documents: **132**
  - Documents reviewed prior to November 2, 2020: **124**
  - Documents produced prior to November 2, 2020: **0**

- Attachment A to Plaintiffs' January 11 letter
  - Total number of challenged documents: **38**
  - Documents reviewed prior to November 2, 2020: **38**
  - Documents produced prior to November 2, 2020: **14**

In sum, Plaintiffs challenge the redactions in 189 documents.  Of those 189 documents, 181
were reviewed prior to November 2, 2020, and 17 were produced prior to November 2, 2020.
As discussed above, because the ESI Protocol does not apply to the 17 documents produced
prior to November 2, 2020, Apple will not reproduce those documents on the grounds that
they violate any terms in the ESI Protocol.

With respect to the 8 documents that were reviewed after November 2, 2020, as explained in
my December 30 letter, Apple revised the redactions in those documents and reproduced
them on January 5, 2021.

3.   Redactions for Non-Hardware Unannounced Products

Plaintiffs argue that because the ESI Protocol states that it is "a forward-looking document,"
it must apply to all documents *produced* after November 2, 2020 (*see* Ltr. from L.
Moskowitz dated Jan 11, 2021 at 2); however, that interpretation is not consistent with the
ESI Protocol's "forward-looking" terms.  In light of the fact that the ESI Protocol is strictly a
forward-looking document, its terms should not be applied to documents *reviewed* prior to
November 2, 2020.  Indeed, retroactive application of the ESI Protocol would impose an

**GIBSON DUNN**

Lauren Moskowitz
January 26, 2021
Page 3

exorbitant and unreasonable burden on Apple.  Apple should not be required to re-review
and re-redact documents that it reviewed and redacted before the ESI Protocol was entered
simply because the mechanical process of production meant that certain documents were not
produced until after that date.  Accordingly, the provision in the ESI Protocol limiting
redactions to "unannounced hardware products that are still in active development" does not
apply to documents reviewed prior to November 2, 2020.

Nevertheless, in the spirit of cooperation, Apple agrees to re-review the 164 documents that
were produced after November 2, 2020[3] and will reproduce any documents that contain
redactions for non-hardware unannounced product in unredacted form.  To be clear, Apple's
agreement is limited to these 164 documents and should not be construed as an admission
that any of its redactions for non-hardware unannounced products were improper.  They were
not.

4.   Redactions for Forward-Looking Information

Plaintiffs allege that Apple has no basis to react "highly confidential forward-looking
information," either under the ESI Protocol or the draft ESI protocol that Apple was
negotiating with class plaintiffs.  Ltr. from L. Moskowitz dated Jan. 11, 2021 at 2.  While
Apple maintains its position that any redactions for highly confidential forward-looking
information in documents produced prior to November 2, 2020 were appropriate at the time
they were made, in the spirit of cooperation, Apple agrees to re-review all 181 documents at
issue[4]—including the 17 documents that were produced prior to November 2, 2020—and
will reproduce any documents that contain redactions for highly confidential forward-looking
information in unredacted form.  Again, Apple's agreement is limited to these 181
documents and should not be construed as an admission that any of its redactions for highly
confidential forward-looking information were improper.  They were not.

5.   Redactions for Any Unannounced Products Not in "Active Development" at the Time of
     Production

Plaintiffs assert that Apple is only permitted to redact information "relating to products that
are unannounced only at the time that Apple *produces* the document."  Ltr. from L.
Moskowitz dated Jan 11, 2021 at 3-4 (emphasis added).  Unlike the ESI Protocol entered on
November 2, 2020, the draft ESI protocol that Apple was negotiating with class plaintiffs did

---

[3]  As Apple has already reproduced the 8 documents identified in Plaintiffs' December 13 letter that were
     reviewed after November 2, 2020, these documents will be excluded from this review.

[4]  As Apple has already reproduced the 8 documents identified in Plaintiffs' December 13 letter that were
     reviewed after November 2, 2020, these documents will be excluded from this review.

**GIBSON DUNN**

Lauren Moskowitz
January 26, 2021
Page 4

not limit unannounced product redactions to products that are "still in active development." Apple maintains its position that all redactions related to an unannounced product in documents reviewed prior to November 2, 2020 were appropriate at the time they were made. Thus, Apple will not reproduce any documents on this basis.

Moreover, as noted above, it would be extraordinarily burdensome for Apple to re-review all of its redactions for unannounced products in the hundreds of thousands of documents reviewed prior to November 2, 2020 to confirm that none of them relate to a product that may have been released in the interim. Any demand by Plaintiffs that Apple do so would be patently unreasonable and disproportionate to the needs of this case. This is particularly so in light of the other demands that Plaintiffs are making—Plaintiffs are contesting the timing of Apple's ongoing production and many other issues related to pending discovery, yet they repeatedly insist that Apple devote time and resources toward issues that were either previously settled or never raised prior to Epic's involvement in the dispute. Such after-the-fact challenges serve only to needlessly divert the parties' attention from live issues.

6.  Redaction Labeling

Plaintiffs demand that Apple label its redactions such that they will provide a "high level indication of the basis for each redaction." Ltr. from L. Moskowitz dated Jan 11, 2021 at 4. Apple can confirm that for documents reviewed after the ESI Protocol was entered on November 2, 2020, its redaction labeling corresponds to the basis for the redaction as follows:

- "Attorney Client Privilege", "Work Product", or "Attorney Client Privilege and Work Product" = information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity
- "Confidential" = information that is protected personal information subject to non-disclosure obligations imposed by governmental authorities, law, or regulation
- "Redacted" = information about unannounced hardware products that are still in active development

For documents reviewed prior to November 2, 2020, the label "Redacted" would also apply to any unannounced products or highly confidential forward-looking information. Aside from the limited re-reviews agreed to above, Apple maintains that such redactions were appropriate at the time they were made and will not re-review its productions to implement additional redaction labeling. The description above is more than sufficient for Plaintiffs to determine the basis for a given redaction.

**GIBSON DUNN**

Lauren Moskowitz
January 26, 2021
Page 5


7.   <u>Redactions for Names and Emails of Apple Employees</u>

Plaintiffs request that "going forward," Apple refrain from redacting current or former employee names and email addresses.  Ltr. from L. Moskowitz dated Jan 11, 2021 at 4.  Apple agrees to leave the names and emails of current or former Apple employees unredacted on a going-forward basis.  To be clear, this change will be implemented with respect to Apple's document *review*, and not Apple's *productions*.  In other words, a document containing this information that was reviewed prior to the implementation of this change would be produced with this information redacted.  Apple does not agree to implement this change as to any documents that were reviewed prior to its implementation.


8.   <u>Metadata Overlay for Documents Produced Prior to November 2, 2020</u>

Plaintiffs request that Apple provide a metadata overlay for Apple's productions made prior to November 2, 2020 that indicates whether a document contains redactions or not.  Ltr. from L. Moskowitz dated Jan. 11, 2021 at 4.  While the ESI Protocol requires Apple to include this information for all productions *after* November 2, 2020, Apple is under no obligation to do so for its productions prior to that date.  *See* ECH 143 at § 10.  Accordingly, Apple declines to do so.


9.   <u>Further Information Regarding Redactions</u>

Finally, Plaintiffs maintain that the obligation "to respond to reasonable requests for additional information regarding the basis for redactions on specific documents where the basis is unclear from the document itself" in Section 12 of the ESI Protocol is not limited to redactions on the basis of privilege on the grounds that "the plain text of the obligation broadly applies to 'all redacted documents . . . where the basis is unclear from the document itself.'"  Ltr. from L. Moskowitz dated Jan. 11, 2021 at 3.  But Plaintiffs' careful excerpting of this provision cannot change its plain text meaning when read in context:

> *A Party is not required to log redacted documents provided that a metadata field is provided indicating which documents are redacted, and provided that the Party agrees* to respond to reasonable requests for additional information regarding the basis for redactions on specific documents where the basis is unclear from the document itself.

ECF 143 at § 12 (emphasis added).  The ESI Protocol plainly limits this obligation to documents redacted on the basis of privilege that are not logged.  This interpretation makes sense—if the redacted document is not logged, the receiving party lacks the information supporting the basis for privilege that would typically be provided in a log.  As no such

# GIBSON DUNN

Lauren Moskowitz
January 26, 2021
Page 6

logging requirement exists for redactions on any basis other than privilege, there is no basis to extend this explanation obligation to redactions made on other grounds. Moreover, as explained above, Apple's redaction labeling indicates the basis for the redaction.

Apple is not taking the position that its redactions are "immune from further review or discussion"—to the contrary, Apple has devoted significant time to analyzing the redactions challenged by Plaintiffs and "discussing" them through this very correspondence. Apple simply disagrees with Plaintiffs' assertion that the obligation in Section 12 of the ESI Protocol has any applicability to this discussion. It does not.

Sincerely,

Ethan Dettmer

cc: Rachele Byrd
    Benjamin J. Siegel

| | |
|---|---|
| **From:** | Perry, Mark A. |
| **Sent:** | Wednesday, January 27, 2021 11:49 AM |
| **To:** | John Karin; Lazarus, Eli M.; Srinivasan, Jay P.; *** GDC EpicLitTeam; jrosenkranz@orrick.com; wstute@orrick.com |
| **Cc:** | Epic Mobile Apps; steve@hbsslaw.com; robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; tedw@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com; benh@hbsslaw.com |
| **Subject:** | Re: Apple App Cases -- Joint Letter Briefs Regarding Apple's Delay [HCI] |

Epic counsel,

Consistent with the Court's directives to work cooperatively and efficiently, Apple is endeavoring to resolve the remaining discovery disputes without need of intervention by Magistrate Judge Hixson.  While we are prepared to brief any remaining issues by the Friday deadline established by the Court, it is not clear to us that there are any such issues.

With respect to <u>interrogatories</u>, Epic's request is that the Court order Apple to supplement its responses to Interrogatories 10 and 12, and to either supplement its responses to Interrogatories 3, 6, and 8 or stand on its initial responses.  In its January 24 letter, Apple explained that it intended to supplement its responses to Interrogatories 10 and 12 and was considering the others.  We can now confirm that Apple will supplement its responses to Interrogatories 6, 8, 10, and 12; and that Apple will stand on its initial response to Interrogatory 3.  Apple further states that it will provide its supplemental interrogatory responses to Epic by EOD on Thursday, January 28.  This should suffice to resolve Epic's complaints regarding the interrogatory responses.

With respect to <u>depositions</u>, Epic's request is that the Court order Apple to provide available dates for its witnesses, and to produce custodial documents in advance of the custodians' depositions.  In its January 27 letter, Apple provided dates for all but two of its witnesses.  Apple will provide dates for Mr. Schiller by EOD on January 28 and for Mr. Forstall as soon as practicable.  Apple further explained that it will continue to endeavor to produce custodial documents before the deposition dates but that the demands created by Epic's overreaching discovery requests may make this impossible.  This should suffice to resolve Epic's complaints regarding deposition scheduling.

With respect to <u>documents</u>, Epic's request is that the Court order Apple to produce documents or explain its position on a specified set of RFPs, most of which concern non-custodial documents or data.  Apple will respond by letter later today with its position on each request, including whether and when it will produce any additional documents in response.  This should suffice to resolve Epic's complaints regarding document productions.

Thank you.

MAP

**Mark A. Perry**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com

**From:** John Karin <jkarin@cravath.com>
**Date:** Wednesday, January 27, 2021 at 2:14 AM
**To:** Eli Lazarus* <ELazarus@gibsondunn.com>, Jay Srinivasan <JSrinivasan@gibsondunn.com>, *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>, "E. Rosenkranz" <jrosenkranz@orrick.com>, "wstute@orrick.com" <wstute@orrick.com>
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>, "steve@hbsslaw.com" <steve@hbsslaw.com>, "robl@hbsslaw.com" <robl@hbsslaw.com>, "shanas@hbsslaw.com" <shanas@hbsslaw.com>, "bens@hbsslaw.com" <bens@hbsslaw.com>, "tedw@hbsslaw.com" <tedw@hbsslaw.com>, "rifkin@whafh.com" <rifkin@whafh.com>, "byrd@whafh.com" <byrd@whafh.com>, "guiney@whafh.com" <guiney@whafh.com>, "dejong@whafh.com" <dejong@whafh.com>, "benh@hbsslaw.com" <benh@hbsslaw.com>
**Subject:** RE: Apple App Cases -- Joint Letter Briefs Regarding Apple's Delay [HCI]

[External Email]
Apple Counsel,

Please find attached a revised draft of Epic's portion of the joint letter brief regarding Epic's interrogatories and a redline, along with the exhibits.  Epic requests that Apple provide its portion of all three joint letter briefs by Wednesday at noon PT, given that Apple has had Epic's portions of all three briefs for days.

Thank you.


John I. Karin
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1122 (direct)
(212) 474-3700 (fax)


**From:** John Karin
**Sent:** Sunday, January 24, 2021 2:13 PM
**To:** 'Lazarus, Eli M.' <ELazarus@gibsondunn.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; jrosenkranz@orrick.com; wstute@orrick.com
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>; steve@hbsslaw.com; robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; tedw@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com; 'benh@hbsslaw.com' <benh@hbsslaw.com>
**Subject:** RE: Apple App Cases -- Joint Letter Briefs Regarding Apple's Delay [HCI]

Eli, Epic disagrees with your email, which is yet another step in Apple's delay strategy and which offers yet another promise with nothing concrete on any of the issues we have raised.  Epic intends to raise these issues with the Court at the hearing tomorrow morning.  Please provide Apple's portions of the three joint letter briefs by noon PT tomorrow.


**From:** Lazarus, Eli M. <ELazarus@gibsondunn.com>
**Sent:** Sunday, January 24, 2021 1:36 AM
**To:** John Karin <jkarin@cravath.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; jrosenkranz@orrick.com; wstute@orrick.com
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>; steve@hbsslaw.com; robl@hbsslaw.com;

shanas@hbsslaw.com; bens@hbsslaw.com; tedw@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: Apple App Cases -- Joint Letter Briefs Regarding Apple's Delay [HCI]

Epic Counsel:

As you know, the Court set a deadline of Tuesday, January 19, 2021 for all briefing to be addressed at the hearing previously set for January 21, 2021.  When the Court continued the hearing for already-briefed matters, it did not revise that deadline or permit additional submissions—much less the multiple submissions Epic sent to Apple at 1:00 am on a Saturday and demanding a response "within 24 hours," or at 10 pm on Saturday and demanding a respond by noon on Sunday, all for a Monday hearing.  That is patently improper.

Furthermore, the Joint Letter Brief process is meant to present the Court with concrete disputes when the parties have reached an impasse.  Nothing identified in Epic's draft letter briefs is remotely ripe for the Court to weigh in.  Indeed, with respect to each and every item raised, Apple is not only responding but is going to great lengths to do so.  We have a trial date and a discovery schedule; the parties should focus on meeting their obligations with respect to the upcoming trial rather than continually litigating over the litigation process itself.  Toward that end, Apple is working very hard to comply with Plaintiffs' substantial discovery requests, and will not participate in Epic's procedurally improper attempt to prematurely brief issues that are being worked out.

Regards,
Eli

**Eli Lazarus**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8340 • Fax +1 415.374.8496
ELazarus@gibsondunn.com • www.gibsondunn.com

---

**From:** John Karin <jkarin@cravath.com>
**Sent:** Saturday, January 23, 2021 9:51 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; jrosenkranz@orrick.com; wstute@orrick.com
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>; steve@hbsslaw.com; robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; tedw@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** RE: Apple App Cases -- Joint Letter Briefs Regarding Apple's Delay [HCI]

[External Email]
Apple Counsel,

Per my email below, please find attached Epic's portion of the joint letter brief regarding Apple's delay on Epic's outstanding requests relating to document production, along with the associated exhibits.  We request that Apple provide its portion by noon PT tomorrow.

Thank you.

**From:** John Karin
**Sent:** Saturday, January 23, 2021 4:05 AM
**To:** jsrinivasan@gibsondunn.com; AppleAppStoreDiscovery@gibsondunn.com; jrosenkranz@orrick.com; wstute@orrick.com
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>; steve@hbsslaw.com; robl@hbsslaw.com; shanas@hbsslaw.com; bens@hbsslaw.com; tedw@hbsslaw.com; rifkin@whafh.com; byrd@whafh.com; guiney@whafh.com; dejong@whafh.com
**Subject:** Apple App Cases -- Joint Letter Briefs Regarding Apple's Delay [HCI]

Apple Counsel,

Please find attached two joint letter briefs and the associated exhibits regarding Apple's delay on Epic's outstanding discovery requests relating to depositions of Apple witnesses and Epic's interrogatories.  Given that Epic has raised these issues numerous times with Apple before, Epic would appreciate Apple's portions within 24 hours, so that these briefs may be filed early on Sunday and presented to the Court for the hearing on Monday, January 25, 2021.  Epic also intends to brief for this hearing Apple's delay on Epic's outstanding discovery requests relating to document production, and expects to provide its portion tomorrow.

Thank you.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.