PAUL R. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravarth.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravarth.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

[Additional counsel appear on signature page]

THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
JAY P. SRINIVASAN (SBN 181471)
jsrinivasan@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYE (*pro hac vice*)
vlewis@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

CYNTHIA E. RICHMAN (*pro hac vice*)
crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant and Counterclaimant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　*Plaintiff, Counter-defendant*,<br><br>vs.<br><br>APPLE INC.,<br><br>　　　　*Defendant, Counterclaimant.* | No. 4:20-CV-05640-YGR-TSH<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  March 1, 2021<br>Time:  9:30 a.m.<br>Courtroom:  1, 4th Floor (via Zoom)<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, the Court's Standing Order in Civil Cases, and the Court's October 21, 2020 Order re Case Management Conference (ECF No. 132), Plaintiff and Counter-defendant Epic Games, Inc. ("Epic"), and Defendant and Counterclaimant Apple Inc. ("Apple"), together, the "Parties", individually, a "Party", by and through their undersigned counsel, hereby submit this Further Joint Case Management Statement in advance of the March 1, 2021 Case Management Conference.

Pursuant to Civil Local Rule 16-10(d), the Parties have focused here on the issues that have changed or proceeded since the last joint case management statement of October 12, 2020 (ECF No. 120).

## 1. MOTIONS

The only pending motion at this time is a discovery-related dispute before Magistrate Judge Hixson, scheduled to be heard on February 24, 2021, in which Apple seeks certain documents from non-party Valve Corporation. The Parties have briefed several other discovery disputes before Magistrate Judge Hixson that have been resolved. The Parties reserve the right to file further discovery-related motions, should additional discovery disputes arise.

## 2. DISCLOSURES

On October 12, 2020, the Parties timely served their respective initial disclosures. On January 13, 2021, Epic served amended initial disclosures. On February 10, 2021, Apple served amended initial disclosures.

## 3. DISCOVERY

### A. Fact Discovery

The February 15, 2021 deadline for fact discovery has passed. With one exception, discussed in more detail below, all party depositions are now complete. Epic has made 14 witnesses available in their individual capacities and/or as Rule 30(b)(6) designees; Apple has made 16 witnesses available in their individual capacities and/or as Rule 30(b)(6) designees.

With respect to third-party discovery, 19 third parties have produced documents, and the Parties have deposed a corporate representative of one third party. The Court has ordered the Parties' stipulation to permit the deposition of an employee of one third party to occur on February 24, 2021. (ECF No. 351.)

Further, the Parties have agreed that any witnesses identified by any Party as a trial witness who has not already been deposed shall be made available for deposition by the other Party in advance of trial.

Finally, Epic has served one set of interrogatories on Apple, in response to which Apple has served responses and objections. Apple has served three sets of interrogatories and one set of requests for admission on Epic, in response to which Epic has served responses and objections.

**EPIC'S STATEMENT**:

Epic has completed its document production. Apple has not. Apple represented that it "has now completed its production of documents for the *Epic Games* litigation, although it continues to resolve certain third-party confidentiality responsibilities concerning a small volume of documents" (Apple's 2/15/21 Letter to Epic at 2), and that "approximately 1,600 family-complete documents fall into that category" (Apple's 2/18/21 Letter to Epic at 1).

In addition, Apple produced many documents near the end of the fact discovery period, including from the files of critical witnesses after their depositions. For example, in the last two days of the fact discovery period, Apple produced more than 459,000 documents. Apple did not inform Epic that Apple would, and Epic did not agree that Apple may, produce documents from a witness's files without a reasonable opportunity for Epic to review them prior to the witness's deposition, or sufficient time to incorporate certain documents into Epic's opening expert reports.[1] Epic is now reviewing Apple's late-produced documents and has reserved its

---

[1] With respect to the stipulated extension to exchange opening expert reports, Epic disagrees with Apple's statement as to the reason for it, and refers the Court to the briefing on this issue presented to Magistrate Hixson. *See* ECF No. 338.

1  right to reopen depositions as appropriate, but does not believe that this issue should prevent the
2  Parties from proceeding to trial on schedule in May.
3  Apple's effort to blame the case schedule for its late productions is without merit.
4  Since the Parties' initial January 6 cutoff for document production, Epic has produced
5  approximately 151,900 documents, almost all of which were documents from late-identified
6  custodians whose documents Apple first sought on December 23, 2020.  Apple, by contrast, has
7  produced over 2.0 million documents over the same period, including over 134,000 documents
8  from the files of custodians identified by Apple and class plaintiffs a year ago.  Apple attempts to
9  justify its late productions by arguing that Epic "demanded broad sweeping discovery".  This is
10 false.  Epic's discovery requests were tailored and reasonable, particularly when compared to
11 Apple's discovery requests.  Apple served 136 RFPs; Epic served 83.  Apple served 25
12 Interrogatories (with many subparts); Epic served 13.  Apple served 41 Requests for Admission;
13 Epic served zero.  Apple served 43 Rule 30(b)(6) topics; Epic served 23.
14 Additionally, the Parties have agreed that Epic (with class plaintiffs in the related
15 actions) may depose former Apple employee Scott Forstall after the February 15, 2021 deadline,
16 subject to Court approval.  Mr. Forstall was the head of Apple's iPhone operating system when the
17 iPhone first launched and for five years thereafter, and was the Apple executive who, at the event
18 in which Mr. Jobs announced the launch of the App Store, took to the stage to explain the
19 mechanics of app development for the iPhone.  On December 15, 2020, Apple represented at a
20 hearing that they had "offered" Mr. Forstall for a deposition, and even used that as a basis to try to
21 avoid the deposition of his successor.  (ECF No. 198 at 24.)  On December 29, 2020, Apple
22 confirmed with Epic that Apple represented Mr. Forstall, and that Apple would provide dates for
23 his deposition.  Apple now states that it never suggested it could compel Mr. Forstall to appear for
24 a deposition, but that is a red herring; Apple never indicated that compulsion would be necessary
25 and so, based on Apple's representation, Epic did not seek to locate, contact or compel
26 Mr. Forstall to appear for a deposition.  For well over a month, Apple kept promising it would
27 provide a date for Mr. Forstall's deposition but did not.  Then, on February 5, 2021—just ten days
28 before the end of fact discovery—Apple revealed that Mr. Forstall had not responded to Apple's

1  inquiries or confirmed that he will appear for a deposition, which was then tentatively scheduled
2  for February 11.  When Epic requested that Apple provide Mr. Forstall's last known address and
3  contact information, Apple initially provided a PO box and a Twitter handle.  Apple also
4  represented that it was not authorized to share Mr. Forstall's phone number, but later stated that it
5  did not believe that it was in possession of Mr. Forstall's current phone number.  Epic therefore
6  requested that Apple agree that (i) Mr. Forstall's deposition may occur after February 15, 2021,
7  and (ii) Epic may supplement its expert reports with information arising from his deposition.
8  Apple agreed that Mr. Forstall's deposition may occur after February 15, 2021, but imposed an
9  arbitrary deadline of March 10, 2021, and refused to agree that Epic may supplement its expert
10 reports.  The Parties have not resolved these issues.  Epic is currently attempting to locate
11 Mr. Forstall, and hopes that the Parties may avoid the need for Court intervention on these issues.

**APPLE'S STATEMENT:**

Apple has met its discovery obligations.  Epic requested and received an expedited discovery and trial schedule, sought and demanded broad sweeping discovery.  Apple informed Epic of the timing and volume challenges their requests presented several times, yet Epic resisted all offers to extend the schedule and never raised this issue with Judge Hixson. There is no dispute for this Court to address.

As the Court will recall, Epic represented it would need only "some limited targeted additional discovery" beyond that already obtained by the class plaintiffs—in particular, "some additional discovery on the in-app payment processing" and "some discovery in order to prove up market definition."  Aug. 24, 2020 Hr'g Tr. 5:21–22.  After the Court adopted an expedited schedule, Epic served 83 broad discovery requests on wide-ranging topics, demanding that Apple increase the number of document custodians from 15 to 24.  It also served 13 interrogatories, separate from the 12 interrogatories and 24 requests for admission served by Class Plaintiffs.  During the short discovery period, Epic sent over 70 meet-and-confer letters making all manner of demands.

In response to Epic's sweeping demands, Apple has produced over 2 million documents in only about five months in the *Epic* case *in addition to* the more than 4 million

1  documents it has produced to Epic from the discovery taken in the class action cases (out of a total
2  of 15 million custodial documents reviewed and processed).[2]  As a consequence of Epic's broad
3  discovery requests, the parties agreed to produce documents beyond the original January 6 cutoff
4  for document production, and indeed, Epic made its last production on February 12.  As Epic
5  admits, the bulk of Apple's post-January 6 productions were for discovery requests served just
6  months ago in the *Epic* case.  Moreover, Epic has resisted all requests for an extension of the
7  discovery or trial schedule—save for a one-day extension of the service of expert reports that was
8  necessitated by *Epic's* failure to timely produce usable transactional data.  (ECF Nos. 338, 344–
9  345.)

10          In light of all of this, it is patently improper for Epic to complain about the timing
11  of document production.  Apple has worked diligently over the past several months to meet Epic's
12  burdensome discovery demands.  In the ordinary case, there would be ample time to complete
13  document production and permit each side's counsel to review those documents before proceeding
14  to depositions.  But here, Epic elected to instead put haste above all else, crunching fact discovery
15  into one phase.[3]  Having obtained a schedule on the express representation that it would need only
16  "limited targeted additional discovery," Epic instead served massive discovery that necessitated
17  the rolling production of millions of documents in a short timeframe at the same time that
18  depositions are proceeding.  Epic cannot be heard to argue that the natural consequences of the
19  schedule *it* insisted on gives it the unilateral ability to arbitrarily reopen depositions if it chooses to
20  do so, particularly when it has not sought relief from the Court requiring the early production of
21  documents.

22          With respect to the documents remaining for production, those documents have
23  been flagged as potentially containing third-party confidential information, requiring clearance

---

[2]  Epic focuses on the number of document requests served, as though that were an accurate proxy for the breadth of discovery.  In fact, Epic cannot deny that Apple both reviewed and produced more documents than Epic, on top of Apple's massive productions in the class actions that Epic has also benefitted from.

[3]  Even had the parties jointly adhered to the original January 6 cutoff, Epic began deposing witnesses before that date.

from or notice to third parties before production in a lawsuit.  Apple is working diligently to obtain the necessary approval or issue the appropriate notice, but depends on the responsiveness of third parties outside of its control.

With respect to the deposition of Scott Forstall, Apple does not object to a deposition of Mr. Forstall in advance of March 10, 2021.  Although Apple indicated that it expected its counsel to represent Mr. Forstall at his deposition, Apple never suggested that it could compel Mr. Forstall (a former employee who left the company almost a decade ago) to attend a deposition.  The Parties are working collaboratively to resolve this issue and hope to avoid judicial intervention, but Apple states that Epic cannot hold discovery open indefinitely while it seeks to locate, serve, and depose another witness.

**B.     Expert Discovery**

The Parties served their opening expert reports on February 16, 2021.  Epic served six expert reports; Apple served seven.  The Parties intend to serve expert rebuttal reports on March 15, 2021, and to complete expert discovery by March 31, 2021, as set forth in this Court's October 6, 2020 Case Scheduling and Pretrial Order.  (ECF No. 116.)

**4.     RELATED CASES**

Since the last Case Management Conference in this litigation, two additional lawsuits have been related to *In re Apple iPhone Antitrust Litigation*, Case No. 11-cv-06714-YGR-TSH (filed December 29, 2011):  (1) *Pistacchio v. Apple, Inc.*, No. 3:20-cv-07034-YGR, filed in this Court on October 8, 2020, and (2) *SaurikIT, LLC v. Apple Inc.*, No. 20-cv-08733-YGR, filed in this Court on December 10, 2020.  (*See* Related Case Orders, *In re Apple iPhone Antitrust Litigation*, ECF Nos. 260, 359.)

**5.     RELIEF**

On January 22, 2021, the Parties filed a Joint Submission Regarding Trial Elements, Legal Framework and Remedies pursuant to the Court's October 21, 2020 Order.  (ECF No. 276.)  The Parties also submitted an Appendix setting forth each Party's preliminary proposal regarding the remedies each Party intends to seek.  (App'x A, ECF No. 276-1.)

**APPLE'S STATEMENT:**

In addition to the Elements brief submitted on January 22, 2021, the Proposed Findings of Fact and Conclusions of Law, due on April 7, 2021, and any post-trial briefing that the Court may order, Apple submits that further pre-trial and post-trial briefing may be appropriate in light of the claims Epic is asserting and the relief Epic is seeking.

**EPIC'S STATEMENT:**

Epic would like to provide whatever pre- or post-trial submissions the Court may find helpful. For its part, Epic believes that pre-trial briefing would likely be redundant of the Joint Submission Regarding Trial Elements, Legal Framework and Remedies, which the Parties submitted on January 22, 2021, and the Proposed Findings of Fact and Conclusions of Law, which the Parties will submit on April 7, 2021. Epic agrees that post-trial briefing, after a full record has been developed, may be beneficial.

**6.   SETTLEMENT & ADR**

The Parties previously filed ADR Certifications stating that they intended to stipulate to an ADR process. (ECF Nos. 119, 121.) However, at this time, the Parties do not believe that settlement is likely. The Parties have met and conferred regarding ADR, and determined that ADR would not assist in resolving the case at this time.

**7.   NARROWING OF ISSUES**

In its October 6, 2020 Order, the Court said the Parties "should meet and confer and formulate recommendations to streamline trial issues and briefing, including whether briefing on certain legal issues should be staged in advance of the trial." (ECF No. 116 at 2.) As noted above, Apple is considering whether pretrial briefing on certain legal issues may be appropriate.

**8.   TRIAL**

The Parties agreed and the Court ordered that this case (including any claims and counterclaims) should proceed to a bench trial. (ECF Nos. 105, 116.) The Parties are continuing to consider the expected length of the trial.

Respectfully submitted,

Dated: February 22, 2021

CRAVATH, SWAINE & MOORE LLP
    Christine A. Varney (*pro hac vice*)
    Katherine B. Forrest (*pro hac vice*)
    Gary A. Bornstein (*pro hac vice*)
    Yonatan Even (*pro hac vice*)
    Lauren A. Moskowitz (*pro hac vice*)
    M. Brent Byars (*pro hac vice*)

FAEGRE DRINKER RIDDLE & REATH LLP
    Paul J. Riehle

By: /s/ *Gary A. Bornstein*
    Gary A. Bornstein
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

Dated: February 22, 2021

GIBSON, DUNN & CRUTCHER LLP
    Theodore J. Boutrous Jr.
    Richard J. Doren
    Daniel G. Swanson
    Mark A. Perry
    Veronica S. Moye
    Cynthia E. Richman
    Jay P. Srinivasan
    Ethan D. Dettmer
    Eli M. Lazarus

By: /s/ *Mark A. Perry*
    Mark A. Perry
    1050 Connecticut Avenue, N.W.
    Washington, DC 20036-5306
    (202) 887-3667

*Attorneys for Defendant and Counterclaimant Apple Inc.*

**ECF SIGNATURE ATTESTATION**

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

Dated:  February 22, 2021          CRAVATH, SWAINE & MOORE LLP

By:   /s/  *Gary A. Bornstein*
          Gary A. Bornstein

*Attorneys for Plaintiff and
Counter-defendant Epic Games, Inc.*