**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EPIC GAMES, INC., <br>     Plaintiff, <br> vs. <br> APPLE INC., <br>     Defendant. | Case No. 4:20-cv-05640-YGR <br><br> **PRETRIAL ORDER NO. 1** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

On Monday, March 1, 2021, the Court held a regularly-scheduled pretrial conference. Considering the parties' case management statement, arguments of counsel, the prior communications to the Court, and good cause appearing, the Court issues the orders set forth below. Certain logistical changes have been made given the Court's further reflection:

1. The bench trial in this matter scheduled for **Monday, May 3, 2021** is confirmed. Given the ongoing COVID-19 pandemic, the precise format of the bench trial remains uncertain. At a minimum, the bench trial shall proceed by way of Zoom platform. Public access shall be by way of telephone access; video access is not an option for evidentiary proceedings including trials.

    That said, the Court is hopeful that it will be able to accommodate a safe, in-person bench trial with significant precautions including physical barriers and limiting the number of individuals who will be present in the courtroom. Parties shall meet and confer regarding any additional protocols that they would like the Court to consider. To shorten the number of trial days necessary to complete the bench trial, the Court adjusts the trial schedule as follows:

8:00 am – 8:15 am – non-evidentiary trial matters, if necessary

8:15 am – 10:15 am (then a 20-minute break)

10:35 am - 12:35 pm (then a 40-minute break)

1:15 pm – 3:15 pm

In addition, unless otherwise ordered, trial shall proceed Monday through Friday. This too will decrease the number of days for those traveling from out-of-town. The Court may have some unavoidable conflicts but will give the parties advanced notice.

2. With respect to the Proposed Findings of Fact and Conclusions of Law due on **April 7, 2021**, the following requirements shall be followed:

   a. The parties shall have a caption page with signature and include the document as an attachment. The attachment shall be formatted in Word without pleading lines and a courtesy copy shall be sent to the Court. Each paragraph and page shall be numbered. A table of contents for some organizing chart would be appreciated.

   b. With respect to the proposed Findings of Fact, each fact shall include the witness or document(s) which will be proffered to establish the finding.

   c. With respect to the proposed Conclusions of Law, each shall be segregated by claim. For brevity, the parties should indicate whether a claim rises and falls with other claim, and cross reference where appropriate.

   d. Within **seven days** of the conclusion of the bench trial, the parties shall file a redlined version of the proposed Findings of Fact indicating what was actually proved and the record references and the corollary Conclusions of Law.

3. **Third-Party Vendor:** Under all circumstances, the bench trial will include a Zoom component. To facilitate the Zoom-aspect of the bench trial, the parties shall investigate the joint use of a third- party trial vendor to manage pretrial preparations of witnesses, witness participation, document management, and unlimited telephone access. If applicable, the parties may propose a pretrial order to govern the management of the third-party trial vendor.

4. **Standing Order:** With respect to the Court's Standing Order Re: Pretrial Instructions in Civil Cases, and in light of the other filings ordered in this case, the parties are relieved of the filing requirements in paragraphs 2.a; 2.b.ii; 2.c; 2.d; 2.f-2.h; 3.f-3.i; and 6.i. The Court will not rule on disputes regarding deposition designations prior to trial.

5. **Exhibits:** With respect to the Copies of Exhibits to the Court (¶ 6.h), the parties need only send one physical set as directed in advance and shall include an electronic version.

   During trial, each party shall deliver to the courtroom deputy, a physical copy of exhibits *admitted* the prior day. Each exhibit shall be in a manila folder which shall be labeled. Responsibility for delivering the exhibit shall be with the party who offered the exhibit for admission.

6. **Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** three weeks prior to the commencement of the trial.

7. **Witness Lists and Witnesses at Trial:** The Court advances the deadline for the filing of tentative lists of witnesses.

   Plaintiff shall serve its tentative list of witnesses in the form ordered in the Court's Standing Order ¶ 3.b. by **March 12, 2021** and provide defendant with an editable version. The document shall identify whether the person will be testifying live or will be requesting leave to testify remotely.

   Defendant shall serve (i) its tentative list in the form ordered in the Court's Standing Order ¶ 3.b. by **March 16, 2021** and (ii) an annotated version of plaintiff's list showing its estimation of cross-examination. The document shall identify whether the person will be testifying live or will be requesting leave to testify remotely.

   Plaintiff shall serve (i) any supplemental list in the form ordered in the Court's Standing Order ¶ 3.b. by **March 18, 2021** and provide defendant with an editable version and (ii) an annotated version of defendant's list showing its estimation of cross-examination. The document shall identify whether the person will be testifying live or

will be requesting leave to testify remotely.

By **March 19, 2021**, each party shall file a single list of witnesses which includes all the information Court's Standing Order ¶ 3.b. gathered from the earlier exchanges. To the extent that the parties agree a witness should testify remotely, the list should so state.

8. The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

9. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission

10. The next pretrial conference shall be Friday, **March 26, 2021 at 9:30 a.m.** via the Zoom platform.

IT IS SO ORDERED.

Dated: March 2, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE