**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING APPLE'S REQUEST FOR AN EXTENDED DEPOSITION OF DR. EVANS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  The parties in the above-captioned actions respectfully submit this joint letter brief regarding Defendant Apple Inc.'s request for a 14-hour deposition of Epic's economic expert, Dr. David S. Evans.

  Counsel for Epic Games, Inc. ("Epic") and Apple Inc. ("Apple", together with Epic, the "Parties") have met and conferred telephonically and exchanged correspondence in a good faith effort to resolve the outstanding disputes.  The Parties have been unable to reach agreement and therefore submit this joint letter.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP | GIBSON DUNN & CRUTCHER LLP |
| By: */s/* Gary A. Bornstein<br>  Gary A. Bornstein<br>  *Counsel for Epic Games,*<br>  *Inc.* | By: */s/* Mark A. Perry<br>  Mark A. Perry<br>  *Counsel for Apple Inc* |

**Apple's Position:** Apple should be permitted to depose Epic's principal expert witness, Dr. David S. Evans, for up to 14 hours. Dr. Evans served a 476-page initial report and another 177 pages on rebuttal, both with voluminous appendices. He expresses opinions on most of the economic issues in this case, including (by his own description) on 43 discrete topics. A thorough understanding of his opinions will benefit the parties and the Court. Dr. Evans' deposition is currently scheduled for March 31.

This is an expert-intensive lawsuit, and the antitrust economists are at the center of it. Epic has disclosed the opinions of three economists—Dr. Evans, Dr. Susan Athey, and Dr. Michael I. Cragg—while Apple has four—Dr. Richard Schmalensee, Dr. Lorin Hitt, Dr. Francine Lafontaine, and Dr. Daniel L. Rubinfeld. Collectively, they cover the panoply of economic issues presented by Epic's complaint.

Under the default rule, Epic will have a total of 28 hours to depose Apple's economic experts, while Apple will be limited to 21 hours to depose Epic's. Apple seeks additional time to depose Epic's principal expert, Dr. Evans, since he is covering multiple distinct areas of antitrust economics. Apple proposes 28 hours total with Epic's economic experts—14 hours with Dr. Evans and 7 each with Drs. Athey and Cragg—which is exactly the same amount that Epic will have with Apple's experts, even though Epic, as the plaintiff, bears the burden of proof.

**Background:** Judge Gonzalez Rogers has noted that expert opinion testimony—particularly from antitrust economists—is critical to the resolution of Epic's antitrust claims against Apple. *See, e.g.*, 09/28/20 Hr'g Tr. 47:17–20 ("And I think this is going to be a fascinating trial, frankly, because each of these experts makes a compelling argument. And like I said, there's great debate in the industry.").

Initial expert reports were exchanged on February 16, 2021 and rebuttal reports on March 15, 2021. Epic chose to have a single expert (Dr. Evans) opine on most of the disputed issues of antitrust economics, while Apple retained four experts to cover those issues, with different emphases. Epic also initially disclosed a second economist, Dr. Athey, whose opinions are limited to a single topic, and a rebuttal expert, Dr. Cragg, who responds to several of Apple's experts.

All in, Epic has served 834 total pages of initial and rebuttal economic expert reports, with 653 pages or 78% of Epic's total coming from Dr. Evans. Apple, by comparison, has served 679 total pages of consolidated initial and rebuttal reports from its four economists—about the same amount as Dr. Evans by himself. Epic's experts collectively have generated significantly more pages of opinions that must be explored at deposition, which is not surprising given that Epic is asserting novel interpretations of antitrust economics.[1]

**Discussion:** Apple seeks the opportunity to depose Dr. Evans for two days rather than one given the breadth of the opinions he has offered. Epic will have 28 hours in the aggregate to depose Apple's economic experts; Apple seeks 28 hours in the aggregate to depose Epic's economic experts on the same subjects—7 hours with Drs. Athey and Cragg, and 14 hours with Dr. Evans.

To obtain relief from the default 7-hour time limit for depositions, the party seeking the extension must establish "good cause" for the exception. *Boston Sci. Corp. v. Cordis Corp.*, No.

---

[1] The expert reports are voluminous and contain confidential information from the parties and third parties. Accordingly, we are not including them with this letter brief, although we would be pleased to submit them under seal.

02-CV-1474, 2004 WL 1945643, at *2 (N.D. Cal. Sept. 1, 2004); *see also Art Attacks Ink, LLC v. MGA Entm't, Inc.*, No. 04-CV-1035, 2006 WL 8439888, at *6 (S.D. Cal. June 29, 2006). Good cause may be shown where there is a "need for additional time for full exploration of the theories upon which the witness relies." *Boston Sci. Corp.*, 2004 WL 1945643, at *2. It is well-established that "with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." Fed. R. Civ. P. 30(d) advisory committee's note (2000); *see also Glaukos Corp. v. Ivantis, Inc.*, No. 18-CV-620, 2020 WL 1625836, at *5 (C.D. Cal. Mar. 2, 2020) (granting additional time for deposition of expert whose reports totaled 333 combined pages whose "opinions play[ed] a uniquely large role in th[e] case"). Epic's attempt to distinguish this precedent on the ground that Apple has not yet deposed Dr. Evans ignores the realities of this litigation— when seeking additional time to depose Apple's witnesses, Epic insisted that the pace of the case prevented the Court from observing the normal rule that an extension of deposition time should not be granted until the witness has already been deposed once.

The parties have previously recognized that a witness responsible for a number of issues warrants a longer deposition. For example, Apple designated Phil Schiller as its 30(b)(6) representative on 12 topics. Epic and the class plaintiffs sought a 15-hour deposition in light of those designations, and the parties ultimately agreed on 12 hours.

Apple has good cause to depose Dr. Evans for 14 hours. Epic is the plaintiff in this litigation, with the burden of proving each element of its antitrust claims—many of which depend on economic testimony. Epic has chosen to have Dr. Evans opine on virtually every disputed economic issue in the litigation. Dr. Evans served an initial report of 476 pages, with 177 more pages on rebuttal, and by his own reckoning, he expresses 22 distinct opinions on material issues in this litigation in his initial report, and another 21 distinct opinions in his rebuttal report. If his deposition were limited to 7 hours, Apple would have less than 10 minutes to depose Dr. Evans on each of those 43 opinions (even with the requested 14 hours, Apple will have less than 20 minutes per opinion). It is not practicable for Apple to depose Dr. Evans on the full scope of his theories in just 7 hours.

Dr. Evans will be Epic's principal expert witness at trial. In order to prepare for his testimony, including cross-examination, Apple is entitled to explore the opinions disclosed in his initial and rebuttal reports. The reality is that this will take more than 7 hours to accomplish effectively. Apple would be prejudiced if forced to cover all of Dr. Evans' opinions in a 7-hour deposition.

Epic's effort to compare the volume of opinions produced by Dr. Evans with Apple's economic experts is misleading. Epic purports to add up the total number of words in each parties' economic expert reports, and then avers that "Epic's economists' reports contain a total of approximately 284,969 words, while Apple's contain approximately 462,200 words." But Apple's expert economists put in *integrated* rebuttal reports that incorporate the material from their opening reports. All of Epic's "word count" arguments are therefore based on double-counting. Correctly counted, the parties' respective economic expert opinions are comparable in word length (284,969 words for Epic, mostly from Dr. Evans, vs. 303,144 words for Apple), indicating a comparable amount of material that should be deposed in a comparable amount of time. These metrics confirm only that the parties have disclosed a similar amount of expert economic opinions, with the great weight of Epic's coming from Dr. Evans. Similarly, Epic's three economists collectively express about the same number of opinions as Apple's four economists collectively, yet as things stand Epic has 28 hours to explore those opinions while Apple has only 21. A 14-hour deposition would rectify the imbalance.

There is no prejudice to Epic or Dr. Evans from a 14-hour deposition. Epic chose to focus on a single expert rather than several, as was its right, but the number of economic issues in the case is a function of Epic's own claims and theories. Dr. Evans is being compensated for his time and surely expects to be examined on all opinions disclosed in his reports. With the requested extension, Epic will spend the same amount of time defending depositions of its economic experts as Apple—28 hours for each party, in the aggregate. Tellingly, Epic does not even attempt to argue that it would be prejudiced by a 14-hour deposition of Dr. Evans.

Epic's proposed "compromise" is no compromise at all. What Epic offered was 3 additional hours with Dr. Evans in "exchange" for 4 additional hours with Apple's experts, meaning that Epic would *still* have more time to depose Apple's economic experts than Apple would have to depose Epic's. The whole purpose of Apple's request is to account for an imbalance—the parties have put in a similar amount of economic expert material, but Epic will have more time to depose Apple's experts and Apple will have just 7 hours to depose the expert who accounts for the vast majority of Epic's economic analysis. Epic's proposal does nothing to correct that imbalance. Apple's does.

Epic's focus on non-economic experts is a distraction. None of them offer opinions that will take more than 7 hours to explore on deposition. At the same time, Epic does not actually dispute Apple's observation that the sheer number of opinions offered by Dr. Evans will take more than 7 hours to explore adequately. Epic's attempt to deflect attention to Apple's experts ignores that Dr. Evans is still 70% longer than Dr. Hitt and 120% longer than Dr. Schmalensee (by the relevant comparison, which is the Apple rebuttal reports vs. the sum of Dr. Evans' two reports).

Most importantly, the Court will benefit from a thorough exploration of all the experts' opinions at trial. Again, Judge Gonzalez Rogers has expressed that there is a "fundamental disagreement by expert witnesses" in this case that must be resolved at trial. Dkt. 118 at 11. Epic will have ample time to depose Apple's experts; Apple should have sufficient time to depose Epic's as well.

**Epic's Position:**  Apple's request to depose Dr. Evans for up to 14 hours is based on a number of false premises.  *First*, Apple stresses that Epic carries the burden of proof on the antitrust claims in this case, but there is no rule or principle of law—and Apple cites none—that makes the amount of deposition time depend on which party bears the burden of proof.  *Second*, Apple asserts that doubling the length of Dr. Evans's deposition would result in an equivalent aggregate number of hours for the depositions of each side's economic experts, but that is solely a function of the number of economists that each side chose to retain.  Apple's decision to hire four economists does not entitle Apple to take more time deposing Epic's three economists.  *Third*, the centerpiece of Apple's argument—the number of pages in each expert's report—is misleading for the simple reason that Dr. Evans's reports are double-spaced, whereas most of Apple's economists' reports are single-spaced.  A more meaningful comparison is word count, by which measure Apple's economists' reports are ***more than 60% longer*** than Epic's.

That said, Epic recognizes that Dr. Evans is an important witness and for that reason proposed a compromise under which Apple could depose Dr. Evans for up to 10 hours, and Epic sought limited additional time with Apple's two principal witnesses on economic issues, Drs. Schmalensee and Hitt.[2]  Apple never responded to that proposal but instead sent Epic its portion of this letter brief.  Epic respectfully requests that if the Court is inclined to order more time for Dr. Evans's deposition, that it award no more than the three additional hours that Epic offered in its compromise proposal and that Epic likewise receive a total of three additional deposition hours to use in deposing Apple's economists.

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."  Fed. R. Civ. P. 30, Advisory Committee Note (2000).  "A court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule."  *Mendez v. R+L Carriers, Inc.*, No. CV 11-02478-CW JSC, 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012).  None of Apple's arguments establish good cause to double the length of Dr. Evans's deposition to 14 hours.

*First*, as noted above, Apple has not cited any authority for the novel proposition that an expert should be subject to more deposition time because he or she was retained by the party with the burden of proof.

*Second*, Apple likewise provides no authority for the proposition that it should get more time with Dr. Evans because Apple chose to retain more economists than Epic did.  It is true that under the ordinary rules, "Epic will have a total of 28 hours to depose Apple's economic experts, while Apple will be limited to 21 hours to depose Epic's."  But these numbers are driven by each parties' decision about how many experts to retain.  That Epic has more combined hours with Apple witnesses is solely a function of Apple's choice to retain more experts.[3]

---

[2] Dr. Hitt does not have a degree in economics.  Epic accepts Apple's description of him as an economist for purposes of this motion.

[3] Epic notes that it has retained two technical experts, while Apple retained one.  Likewise, Epic retained two survey experts, while Apple retained one.  The result is that Apple will have twice as much deposition time with Epic's technical and survey experts than Epic will have with Apple's.  Epic is not seeking additional time to rectify that "imbalance".

*Third*, Apple's comparison of page counts is misleading, because the experts' reports have different formatting, including with respect to single- versus double-spacing and the number of tables, charts and graphics they contain. Page numbers are therefore a poor measure of the volume of material in the reports. A better measure is the word count of each report, which Epic approximates in the table below:[4]

| Expert | Party | Opening Report | Rebuttal Report | Total Count |
|---|---|---|---|---|
| Dr. Athey | Epic | 30,976 words | N/A | 30,976 words |
| Dr. Cragg | Epic | N/A | 38,233 words | 38,233 words |
| Dr. Evans | Epic | 156,257 words | 59,503 words | 215,760 words |
| **Total** | **Epic** | **187,233 words** | **97,736 words** | **284,969 words** |
| Dr. Hitt | Apple | 59,341 words | 125,608 words[5] | 184,949 words |
| Dr. Lafontaine | Apple | 27,492 words | 54,082 words | 81,574 words |
| Dr. Rubinfeld | Apple | 19,873 words | 29,848 words | 49,721 words |
| Dr. Schmalensee | Apple | 52,350 words | 93,606 words | 145,956 words |
| **Total** | **Apple** | **159,056 words** | **303,144 words** | **462,200 words** |

Epic's economists' reports contain a total of approximately 284,969 words, while Apple's contain approximately 462,200 words. Given that Apple's economics-related reports contain more than 1.5 times the amount of material that Epic's do, there is no reason to extend Dr. Evans's deposition so that the parties receive equivalent aggregate deposition time (even if aggregate deposition time were a relevant consideration in the first place). If report length were the critical metric that Apple contends, then it would be entirely appropriate for Epic to have more deposition hours with Apple's economists to explore their considerably lengthier reports. Apple argues that Epic's word counts are "based on double-counting" because "Apple's expert economists put in *integrated* rebuttal reports." Apple thereby implies that Epic should simply ignore the entirety of Apple's opening reports, which of course it cannot do.

Nevertheless, Epic recognizes that Dr. Evans addresses many important issues and has submitted lengthy reports. It therefore offered Apple up to 10 deposition hours with Dr. Evans, which Epic believes is an appropriate and proportional amount of time to explore the opinions in his report. Rather than respond to that offer, Apple sent Epic its portion of this letter brief.

As part of Epic's compromise proposal, Epic sought additional time with Drs. Schmalensee and Hitt. Apple claims that "Dr. Evans will be Epic's principal expert witness at trial;" so too will Drs. Schmalensee and Hitt be Apple's main antitrust economic experts. Apple recognizes that these experts are on similar footing. On a March 8, 2021 meet and confer concerning expert deposition scheduling, Apple sought an agreement from Epic that the parties' "main antitrust experts" be deposed towards the end of the expert discovery period; Apple named Drs. Evans, Schmalensee, and Hitt as the "main antitrust experts".

Dr. Schmalensee covers the same disputed economic issues in his reports as Dr. Evans. Like Dr. Evans, Dr. Schmalensee opines on "virtually every disputed economic issue in the litigation".

[4] Because Epic does not possess Word copies of Apple's expert reports, it generated the word counts of both parties' reports, excluding appendices, by converting the PDF files into Word documents. As such, these word counts are approximations. However, Epic believes these word counts provide a useful point of comparison.

[5] This word count includes Dr. Hitt's supplemental rebuttal report dated March 17, 2021.

Dr. Schmalensee reaches at least 32 total opinions.  For his part, Dr. Hitt has submitted reports totaling nearly 185,000 words, compared to the approximately 216,000 words submitted by Dr. Evans.  The volume of Dr. Evans's materials is thus not the outlier Apple makes it out to be. Further, Dr. Hitt reaches at least 22 total opinions.  Accordingly, if the Court is inclined to grant additional time for the deposition of Dr. Evans, Epic respectfully requests that an equivalent extension, in the aggregate, be given for Epic to use in the depositions of Drs. Schmalensee and Hitt—and Epic respectfully suggests that no more than three additional hours in the aggregate for each side should be the maximum that is necessary.

Finally, the cases cited by Apple do not demonstrate that a unilateral extension in deposition time to up to 14 hours is appropriate or proportional.  *Art Attacks Ink, LLC v. MGA Ent., Inc.* involved an expert who had already sat for a deposition to which he "admittedly failed to bring [the documents identified by the plaintiff's subpoena]".  No. 04CV1035-J (BLM), 2006 WL 8439888, at *6 (S.D. Cal. June 29, 2006).  Even under those circumstances, the court only allowed the moving party one additional hour of deposition questioning.  *Id.*  The dispute in *Glaukos Corp. v. Ivantis, Inc.* also occurred after the moving party had already conducted seven hours of deposition questioning.  *See* No. 18-CV-620, 2020 WL 1625836, at *5 (C.D. Cal. Mar. 2, 2020).  The expert being deposed had submitted two reports totaling 333 single-spaced pages, and the court found that his counsel "substantially slowed the deposition" with "the repeated interposition of questionable objections and other comments", "[b]y the Court's rough count" averaging "one [objection] every 54 seconds".  *Id.* at *5, *8.  In light of this disruptive conduct, the court granted an extension of seven hours and rejected the movant's request for 14 additional hours.  *Id.* at *5. In these cases, there were deficiencies in the depositions already conducted that counseled in favor of extensions of time.  Here, no deposition of Dr. Evans has yet occurred, so there can be no deficiencies that would lead to a finding of good cause for the extension Apple seeks.

Dated: March 22, 2021                    FAEGRE DRINKER BIDDLE & REATH LLP
      Paul J. Riehle

                                      CRAVATH, SWAINE & MOORE LLP
      Christine Varney
      Katherine B. Forrest
      Gary A. Bornstein
      Yonatan Even
      Lauren A. Moskowitz
      M. Brent Byars

Respectfully submitted,

By:       */s/* Gary A. Bornstein

       Gary A. Bornstein
       *Attorneys for Plaintiff Epic Games, Inc.*

Dated: March 22, 2021                    GIBSON, DUNN & CRUTCHER LLP
      Theodore J. Boutrous Jr.
      Richard J. Doren
      Daniel G. Swanson
      Mark A. Perry
      Veronica S. Lewis
      Cynthia E. Richman
      Jay P. Srinivasan
      Ethan D. Dettmer
      Eli M. Lazarus

Respectfully submitted,

By:       */s/* Mark A. Perry
       Mark A. Perry
       *Attorneys for Defendant Apple Inc.*

## **<u>E-FILING ATTESTATION</u>**

I, Mark A. Perry, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.


<u>/s/ Mark A. Perry</u>
Mark A. Perry