# Exhibit B

ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JUSTIN P. RAPHAEL (State Bar No. 292380)
justin.raphael@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Third-Party Respondent
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, et al.,<br><br>               Plaintiffs,<br><br>       vs.<br><br>APPLE INC., et al.,<br><br>               Defendants. | Case No. 4:19-cv-03074-YGR (TSH) |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714- YGR (TSH) |
| EPIC GAMES, INC.,<br><br>               Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>               Defendant. | Case No. 4:20-cv-05640-YGR (TSH)<br><br>**THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure Third-Party Respondent Facebook, Inc. ("Facebook"), by and through undersigned counsel, submits the following responses and objections to Defendant Apple Inc. ("Apple")'s Subpoena to Produce Documents ("Subpoena").

## RESERVATION OF RIGHTS

Facebook responds to the Subpoena to the best of its knowledge at the present time and reserves the right at any time to supplement, amend, correct, or clarify its responses and objections, but undertakes no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and other applicable orders or rules.  Any supplemental or amended response shall not function as a waiver of any privilege or objection Facebook has or may assert.  Any response to the Subpoena or a production of documents or things made by Facebook will be solely for the purpose of this action, without waiving or intending to waive, but, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds, at any time, to other discovery requests relating to the subject of the Subpoena to which Facebook has responded; (b) the right to object, on the grounds of competency, privilege, relevancy, materiality, confidentiality, authenticity, admissibility, or any other proper grounds, to the use of the responses, documents, or information provided by Facebook as evidence for any purpose, in whole or in part, in any subsequent proceeding, or in any trial in this action or any other action; and (c) the right at any time to revise, correct, supplement, or clarify Facebook's responses or objections.  That Facebook has objected or responded to a Request for Production ("Request") in the Subpoena is not and should not be taken as an admission that Facebook accepts or admits the existence of any fact set forth in or assumed by such Request, or as an indication that Facebook agrees with or adopts any characterization or statement within such Request.

## OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS

Facebook's Responses are subject to the foregoing objections to Apple's Definitions and Instructions.

1.    Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the terms of the Stipulated Protective Order between Plaintiff Epic Games, Inc. ("Epic") and Apple, or between any parties to the above-captioned actions.

2.    Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, as vague, ambiguous, overbroad, and unduly burdensome to the extent that they call for the production of documents dating back to 2008, including documents that are not relevant to any party's claims or defenses or the production of which is not proportional to the needs of the case. Facebook will conduct a reasonable search for and review documents kept in the ordinary course of business as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

3.    Facebook objects to the definition of DOCUMENT and DOCUMENTS set forth in the Subpoena, and to each and every Request, Definition and Instruction using those terms, as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.

4.    Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the extent that they seek information relating to activities outside of the United States.

5.    Facebook objects to the definition of SOFTWARE STORE and SOFTWARE STORES set forth in the Subpoena, and to each and every Request, Definition and Instruction using those terms, as vague, ambiguous, and overbroad.

6.    Facebook objects to Instruction Number 3 to the extent it purports to require Facebook, as a third-party respondent, to produce documents in the possession of Facebook's "present and former attorneys, investigators, accountants, agents, representatives, or other persons acting on YOUR behalf" as overbroad, disproportionate to the needs of the case, and unduly

burdensome, and calling for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.

7.      Facebook objects to Instruction Number 10 as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.  The Requests call for "DOCUMENTS sufficient to show," or "DOCUMENTS," not "all DOCUMENTS," and thus producing a privilege log would be disproportionate to the needs of this case and unduly burdensome.

8.      Facebook objects to Instruction Number 11 to the extent it purports to require Facebook to search for and produce hard copies of documents as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.  Facebook will conduct a reasonable search of e-mails and other reasonably accessible sources of information readily available in the usual course of business that is proportionate to the needs of the case and that does not subject third-party respondent Facebook to an undue burden.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

The foregoing Objections to Apple's Definitions and Instructions, and Reservation of Rights are incorporated into each and every specific response as if set forth fully therein.

## REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger" APPS:

a. the monthly active users for each APP on each platform for which the APP is available (including iOS, ANDROID OS, and non-mobile platforms);

b. the extent to which users of YOUR APP use YOUR APP on multiple platforms or switch from one platform to another (INCLUDING iOS, ANDROID OS, and nonmobile platforms); and

1   c. YOUR understanding as to why users of YOUR APPS do or do not use them on

2   multiple platforms or switch among them (INCLUDING iOS, ANDROID OS, and nonmobile

3   platforms).

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5   Facebook objects to this Request to the extent it calls for the production of information

6   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

7   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

8   calls for the disclosure of sensitive, confidential, or proprietary information, or information

9   protected by the right to privacy for which no such substantial need has been demonstrated.  To

10  the extent that any sensitive, confidential, or proprietary information, or information protected by

11  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

12  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

13  proprietary, or protected private information only subject to and in reliance upon an appropriate

14  protective order governing confidential business information.  Facebook additionally objects to

15  this Request to the extent that it seeks information already in Defendant's possession, or available

16  to Defendant from some other source, including information available to Defendant from public

17  sources.  Facebook additionally objects to this request to the extent that it calls for the production

18  of data or information in a form that is not maintained and readily accessible in the usual course of

19  business.  Facebook additionally objects to subparts 1.b and 1.c of this Request as vague and

20  ambiguous insofar as they do not define what it means for users to "switch" from one platform to

21  another or set forth a time period during which any such switching may occur.  Facebook

22  additionally objects to subpart 1.c. of this Request as vague, ambiguous, overbroad, and unduly

23  burdensome insofar as Facebook as a company does not have a singular "understanding" as to

24  why users do or do not use Facebook's apps on multiple platforms or switch among them.

25  Subject to and without waiving the foregoing objections, Facebook responds that it will

26  conduct a reasonable search for and will produce non-privileged documents responsive to Request

27  for Production 1 to the extent they exist, as proportionate to the needs of this case and in a manner

28  that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger" APPS:

a. the PAYMENT PROCESSOR(S) YOU use, if any, for IN-APP PURCHASES for each means of distribution;

b. the factors that impacted YOUR decision to use or not use such PAYMENT PROCESSOR(S) for each means of distribution, INCLUDING why YOU chose to use or not use such PAYMENT PROCESSOR(S) and any alternatives YOU considered;

c. the past or present fees and commission rates charged by (or, if available, that would be charged by) each such PAYMENT PROCESSOR for IN-APP PURCHASES for each means of distribution, including any exceptions, discounts, promotions, rebates, or marketing programs that lower, or effectively lower, the commission rates and/or fees;

d. the impact of such past or present fees and commission rates charged by each such PAYMENT PROCESSOR on the prices YOU charge or charged for IN-APP PURCHASES to consumers;

e. the impact of such past or present fees and commission rates charged by each such PAYMENT PROCESSOR on the IN-APP PURCHASE options (or other features or DIGITAL PRODUCTS) YOU provide or considered providing to consumers;

f. the availability of alternative PAYMENT PROCESSORS for IN-APP PURCHASES, INCLUDING whether YOU have YOUR own PAYMENT PROCESSOR that could be used but for APPLE'S restrictions, and, for each such potential alternative, the fees and commission rates charged for IN-APP PURCHASES;

g. whether users of YOUR APP are given a choice between PAYMENT PROCESSORS for IN-APP PURCHASES on any platform;

h. the advantages of giving users a choice of PAYMENT PROCESSORS for IN-APP PURCHASES;

1       i. YOUR understanding as to why users of YOUR APP choose to pay through any

2  particular PAYMENT PROCESSOR(S);

3       j. any differences among PAYMENT PROCESSORS regarding security issues;

4       k. any difference among PAYMENT PROCESSOR(S) regarding parental controls; and

5       l. any difference among PAYMENT PROCESSOR(S) regarding YOUR ability to provide

6  customer support.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8       Facebook objects to this Request to the extent it calls for the production of information

9  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

10  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

11  calls for the disclosure of sensitive, confidential, or proprietary information, or information

12  protected by the right to privacy for which no such substantial need has been demonstrated.  To

13  the extent that any sensitive, confidential, or proprietary information, or information protected by

14  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

15  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

16  proprietary, or protected private information only subject to and in reliance upon an appropriate

17  protective order governing confidential business information.  Facebook additionally objects to

18  this Request to the extent that it seeks information already in Defendant's possession or available

19  to Defendant from some other source, including information available to Defendant from public

20  sources and/or from any payment processor.  Facebook additionally objects to this Request as

21  vague, ambiguous, overbroad, and unduly burdensome to the extent this Request asks Facebook to

22  demonstrate why it did or did not make certain business decisions or to prove a negative.

23  Facebook additionally objects to subpart 2.c of this Request as vague, ambiguous, overbroad, and

24  unduly burdensome to the extent this Request asks Facebook to provide documents to show "*any*

25  exceptions, discounts, promotions, rebates, or marketing programs that lower, or effectively lower,

26  the commission rates and/or fees."  Facebook additionally objects to subpart 2.i of this Request as

27  vague, ambiguous, overbroad, and unduly burdensome insofar as Facebook as a company does not

28  have a singular "understanding" as to why users choose to pay through any particular payment

1  processor.  Facebook further objects to subpart 2.j of this Request as vague and ambiguous insofar

2  as Defendant does not define "security issues."

3      Subject to and without waiving the foregoing objections, Facebook responds that it will

4  conduct a reasonable search for and will produce non-privileged documents responsive to Request

5  for Production 2, subparts a-b and g-l, to the extent they exist, as proportionate to the needs of this

6  case and in a manner that does not subject third-party respondent Facebook to an undue burden.

7  For subpart 2c, Facebook responds that it will conduct a reasonable search for and will produce

8  non-privileged documents responsive to Request 2.c only to the extent that documents reflecting

9  policies governing any such "exceptions, discounts, promotions, rebates, or marketing programs

10  that lower, or effectively lower, the commission rates and/or fees" are readily accessible and

11  maintained in the ordinary course of business.

12  **REQUEST FOR PRODUCTION NO. 3:**

13      DOCUMENTS and REPORTS RELATING TO the distribution or planned distribution of

14  any of YOUR APPS in the iOS APP STORE, INCLUDING:

15      a. DOCUMENTS and REPORTS CONCERNING negotiations between YOU and APPLE

16  RELATING TO APPLE'S Developer Program License Agreement or App Store Review

17  Guidelines;

18      b. DOCUMENTS and REPORTS CONCERNING negotiations between YOU and APPLE

19  RELATING TO any actual or threatened removal of any of YOUR APPS from the iOS APP

20  STORE;

21      c. DOCUMENTS and REPORTS CONCERNING any rejected submission of any of

22  YOUR APPS to the iOS APP STORE and efforts by YOU to bring YOUR APPS into compliance

23  and/or resubmit YOUR APP to APPLE; and

24      d. DOCUMENTS and REPORTS CONCERNING negotiations between YOU and APPLE

25  RELATING TO the PAYMENT PROCESSOR offered in each APP YOU distribute on iOS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

27      Facebook objects to this Request to the extent it calls for the production of information

28  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

1  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

2  calls for the disclosure of sensitive, confidential, or proprietary information, or information

3  protected by the right to privacy for which no such substantial need has been demonstrated.  To

4  the extent that any sensitive, confidential, or proprietary information, or information protected by

5  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

6  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

7  proprietary, or protected private information only subject to and in reliance upon an appropriate

8  protective order governing confidential business information.  Facebook additionally objects to

9  this Request to the extent that it seeks information already in Defendant's possession or available

10 to Defendant from some other source, including information available to Defendant from public

11 sources.  Facebook additionally objects to this request as overbroad and unduly burdensome to the

12 extent it seeks documents related to policies or restrictions that are not being challenged in this

13 case, which are not relevant to any party's claims or defenses and whose production thus is not

14 proportional to the needs of the case.

15      Subject to and without waiving the foregoing objections, Facebook responds that it will

16 conduct a reasonable search for and will produce non-privileged documents responsive to Request

17 for Production 3 to the extent they exist, as proportionate to the needs of this case and in a manner

18 that does not subject third-party respondent Facebook to an undue burden.

19 **REQUEST FOR PRODUCTION NO. 4:**

20      DOCUMENTS sufficient to show:

21          a. why YOU chose not to offer playable gaming content for YOUR FACEBOOK

22 GAMING APP on iOS; and

23          b. the impact on YOUR business of YOUR decision to not offer playable gaming

24 content for YOUR FACEBOOK GAMING APP on iOS.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

26      Facebook objects to this Request to the extent it calls for the production of information

27 protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28 privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

1   calls for the disclosure of sensitive, confidential, or proprietary information, or information

2   protected by the right to privacy for which no such substantial need has been demonstrated.  To

3   the extent that any sensitive, confidential, or proprietary information, or information protected by

4   the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

5   substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6   proprietary, or protected private information only subject to and in reliance upon an appropriate

7   protective order governing confidential business information.  Facebook additionally objects to

8   this Request to the extent that it seeks information already in Defendant's possession or available

9   to Defendant from some other source, including information available to Defendant from public

10  sources.

11        Subject to and without waiving the foregoing objections, Facebook responds that it will

12  conduct a reasonable search for and will produce non-privileged documents responsive to Request

13  for Production 4 to the extent they exist, as proportionate to the needs of this case and in a manner

14  that does not subject third-party respondent Facebook to an undue burden.

15  **REQUEST FOR PRODUCTION NO. 5:**

16        DOCUMENTS CONCERNING the impact of APPLE'S contractual or other restrictions

17  on YOUR iOS APPS, DEVELOPERS, content creators, and businesses, INCLUDING

18  DOCUMENTS CONCERNING any public comment YOU made about APPLE'S contractual or

19  other restrictions.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21        Facebook objects to this Request to the extent it calls for the production of information

22  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

23  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

24  calls for the disclosure of sensitive, confidential, or proprietary information, or information

25  protected by the right to privacy for which no such substantial need has been demonstrated.  To

26  the extent that any sensitive, confidential, or proprietary information, or information protected by

27  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

28  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook further objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook.  Facebook additionally objects to this request as vague and ambiguous to the extent it purports to cover undefined "other restrictions."  Facebook additionally objects to this request as overbroad and unduly burdensome to the extent it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 5 to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS CONCERNING APPLE'S enforcement and/or interpretation of its Developer Program License Agreement or App Store Review Guidelines, INCLUDING any inconsistencies in or changes regarding such enforcement and/or interpretation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1    proprietary, or protected private information only subject to and in reliance upon an appropriate

2    protective order governing confidential business information.  Facebook further objects to this

3    Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to

4    third-party respondent Facebook, particularly to the extent it purports to call for documents

5    regarding Apple's actions toward other third-party developers.  Facebook additionally objects to

6    this Request as vague and ambiguous in its use of the terms "enforcement" and "interpretation."

7    Facebook additionally objects to this Request to the extent that it seeks information already in

8    Defendant's possession or available to Defendant from some other source, including information

9    available to Defendant from public sources.  Facebook additionally objects to this request as

10   overbroad and unduly burdensome to the extent it seeks documents related to policies or

11   restrictions that are not being challenged in this case, which are not relevant to any party's claims

12   or defenses and whose production thus is not proportional to the needs of the case.

13        Subject to and without waiving the foregoing objections, Facebook responds that it will

14   conduct a reasonable search for and will produce non-privileged documents responsive to Request

15   for Production 6 to the extent they exist, as proportionate to the needs of this case and in a manner

16   that does not subject third-party respondent Facebook to an undue burden.

17   **REQUEST FOR PRODUCTION NO. 7:**

18        DOCUMENTS sufficient to show the impact of the iOS APP STORE policies on YOUR

19   relationship with YOUR customers, INCLUDING CONCERNING policies that:

20            a. prevent YOU from informing YOUR iOS customers about alternative platforms

21   on which they can buy YOUR DIGITAL PRODUCTS;

22            b. require YOU to offer Sign-in with APPLE to YOUR users if YOU offer any

23   other third-party login service to YOUR users; and

24            c. otherwise restrict YOUR ability to access customer data.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

26        Facebook objects to this Request to the extent it calls for the production of information

27   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook further objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook.  Facebook additionally objects to this request as overbroad and unduly burdensome to the extent it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  Facebook additionally objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks documents not relevant to any party's claims or defenses or the production of which is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 7 to the extent they exist for the specific policies identified in the Request, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show a representative sample of any innovations, services, features, APPS or IN-APP PRODUCTS that YOU would have developed or offered for use on iOS DEVICES but did not because iOS APP STORE policies would not have permitted it, would have made it unprofitable, or otherwise caused you to not pursue it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this request as overbroad and unduly burdensome to the extent it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case. Facebook additionally objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for Facebook to demonstrate what would or would not have happened in a counterfactual world or to prove a negative.  Facebook additionally objects to this Request as duplicative of other Requests for Production.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 8 to the extent they exist and are responsive to other, specific Requests for which Facebook had agreed to search for and produce non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show whether YOU have offered, could offer, or have evaluated offering a SOFTWARE STORE on iOS DEVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

privilege, immunity, or protection. Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated. To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information. Facebook additionally objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for Facebook to demonstrate what it hypothetically could do or to prove a negative. Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 9 limited to responsive documents sufficient to show whether Facebook has offered "a SOFTWARE STORE on iOS DEVICES" to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show whether APPLE'S contractual or other restrictions have prevented, impeded, or disincentivized YOU from developing or offering a SOFTWARE STORE on iOS DEVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection. Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information

protected by the right to privacy.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for Facebook to demonstrate why it did or did not make certain business decisions or to prove a negative.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show the key features of YOUR SOFTWARE STORE(S), such as FACEBOOK APP CENTER or the OCULUS RIFT STORE (INCLUDING any features that YOU know differ from APPLE'S iOS APP STORE), INCLUDING:

a. whether YOU block APPS from YOUR SOFTWARE STORE(S) based on the manner in which a DEVELOPER delivers content and services, for example, whether content is installed on a DEVICE or streamed from the cloud;

b. whether YOU block APPS from YOUR SOFTWARE STORE(S) based on a DEVELOPER'S choice of PAYMENT PROCESSOR(S) offered for IN-APP PURCHASES;

c. whether YOU block DEVELOPERS from communicating with their users through their APPS;

d. whether YOU permit IN-APP DIGITAL PRODUCTS purchased outside of YOUR SOFTWARE STORE(S) to be used on APPS purchased from YOUR SOFTWARE STORE(S);

e. whether YOUR SOFTWARE STORE(S) offer features, innovations, and services that are not available with APPLE iOS APP STORE, such as parental controls, customer

1 service, security features, social features, ADVERTISING features, recommendation features, and

2 others; and

3       f. whether YOUR SOFTWARE STORE(S) offer tools and services to

4 DEVELOPERS that iOS APP STORE does not offer to DEVELOPERS.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

6    Facebook objects to this Request to the extent it calls for the production of information

7 protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

8 privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

9 calls for the disclosure of sensitive, confidential, or proprietary information, or information

10 protected by the right to privacy for which no such substantial need has been demonstrated.  To

11 the extent that any sensitive, confidential, or proprietary information, or information protected by

12 the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

13 substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

14 proprietary, or protected private information only subject to and in reliance upon an appropriate

15 protective order governing confidential business information.  Facebook additionally objects to

16 this Request to the extent that it seeks information already in Defendant's possession, or available

17 to Defendant from some other source, including information available to Defendant from public

18 sources.  Facebook additionally objects to this Request as vague and ambiguous to the extent

19 Defendant does not define what constitutes "key" features of a software store beyond those

20 specifically identified in subparts 11.a – 11.f of this Request.

21    Subject to and without waiving the foregoing objections, Facebook responds that it will

22 conduct a reasonable search for and will produce non-privileged documents responsive to Request

23 for Production 11 to the extent they exist, as proportionate to the needs of this case and in a

24 manner that does not subject third-party respondent Facebook to an undue burden.

25 **REQUEST FOR PRODUCTION NO. 12:**

26    DOCUMENTS sufficient to show a representative sample of any exceptions, discounts, or

27 promotions that YOU have offered to DEVELOPERS that lower the commission rates and/or fees

28 YOU charge DEVELOPERS for a user IN-APP PURCHASE from an APP accessed from

1  FACEBOOK APP CENTER, FACEBOOK GAMING, the OCULUS RIFT STORE, or any other

2  of YOUR SOFTWARE STORE(S).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4      Facebook objects to this Request to the extent it calls for the production of information

5  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

6  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

7  calls for the disclosure of sensitive, confidential, or proprietary information, or information

8  protected by the right to privacy for which no such substantial need has been demonstrated.  To

9  the extent that any sensitive, confidential, or proprietary information, or information protected by

10 the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

11 substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

12 proprietary, or protected private information only subject to and in reliance upon an appropriate

13 protective order governing confidential business information.  Facebook additionally objects to

14 this Request to the extent that it seeks information already in Defendant's possession or available

15 to Defendant from some other source, including information available to Defendant from public

16 sources.

17      Subject to and without waiving the foregoing objections, Facebook responds that it will

18 conduct a reasonable search for and will produce non-privileged documents responsive to Request

19 for Production 12 to the extent they exist, as proportionate to the needs of this case and in a

20 manner that does not subject third-party respondent Facebook to an undue burden.

21 **REQUEST FOR PRODUCTION NO. 13:**

22      REPORTS and/or analyses RELATING TO DEVELOPER reinvestment of savings from

23 lower SOFTWARE STORE commissions and/or fees, INCLUDING any impact of such

24 reinvestment on the quantity, quality, or price of APPS.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

26      Facebook objects to this Request to the extent it calls for the production of information

27 protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28 privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1  calls for the disclosure of sensitive, confidential, or proprietary information, or information

2  protected by the right to privacy for which no such substantial need has been demonstrated.  To

3  the extent that any sensitive, confidential, or proprietary information, or information protected by

4  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

5  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6  proprietary, or protected private information only subject to and in reliance upon an appropriate

7  protective order governing confidential business information.

8  **REQUEST FOR PRODUCTION NO. 14:**

9       DOCUMENTS sufficient to show whether YOU have offered, could offer, or have

10  evaluated offering a PAYMENT PROCESSOR for IN-APP PURCHASES compatible with iOS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

12      Facebook objects to this Request to the extent it calls for the production of information

13  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

14  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

15  calls for the disclosure of sensitive, confidential, or proprietary information, or information

16  protected by the right to privacy for which no such substantial need has been demonstrated.  To

17  the extent that any sensitive, confidential, or proprietary information, or information protected by

18  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

19  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

20  proprietary, or protected private information only subject to and in reliance upon an appropriate

21  protective order governing confidential business information.  Facebook additionally objects to

22  this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for

23  Facebook to demonstrate what it hypothetically could do or to prove a negative.  Facebook

24  additionally objects to this Request to the extent that it seeks information already in Defendant's

25  possession or available to Defendant from some other source, including information available to

26  Defendant from public sources.

27      Subject to and without waiving the foregoing objections, Facebook responds that it will

28  conduct a reasonable search for and will produce non-privileged documents responsive to Request

1  for Production 14 limited to responsive documents sufficient to show whether Facebook has

2  offered "a PAYMENT PROCESSOR for IN-APP PURCHASES compatible with iOS" to the

3  extent they exist, as proportionate to the needs of this case and in a manner that does not subject

4  third-party respondent Facebook to an undue burden.

5  **REQUEST FOR PRODUCTION NO. 15:**

6          DOCUMENTS sufficient to show whether APPLE'S contractual or other restrictions have

7  prevented, impeded, or disincentivized YOU from developing or offering a PAYMENT

8  PROCESSOR for IN-APP PURCHASES compatible with iOS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

10         Facebook objects to this Request to the extent it calls for the production of information

11 protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

12 privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

13 calls for the disclosure of sensitive, confidential, or proprietary information, or information

14 protected by the right to privacy for which no such substantial need has been demonstrated.  To

15 the extent that any sensitive, confidential, or proprietary information, or information protected by

16 the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

17 substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

18 proprietary, or protected private information only subject to and in reliance upon an appropriate

19 protective order governing confidential business information.  Facebook additionally objects to

20 this request as overbroad and unduly burdensome to the extent it seeks documents related to

21 policies or restrictions that are not being challenged in this case, which are not relevant to any

22 party's claims or defenses and whose production thus is not proportional to the needs of the case.

23 Facebook additionally objects to this request as vague, ambiguous, overbroad, and unduly

24 burdensome to the extent it calls for Facebook to demonstrate why it did or did not make certain

25 business decisions or to prove a negative.

26 **REQUEST FOR PRODUCTION NO. 16:**

27         DOCUMENTS sufficient to show the characteristics of YOUR PAYMENT

28 PROCESSOR(S) for each operating system on which they are offered INCLUDING their:

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1    a. ability to process payments within DEVELOPERS' APPS, INCLUDING IN-APP

2  PURCHASES for DIGITAL PRODUCTS;

3    b. services offered to DEVELOPERS;

4    c. commission rates, transaction fees, or other pricing models and payment methods;

5    d. availability of coupons, discounts or promotions for transaction fees;

6    e. capability to permit DEVELOPERS to record sales directly;

7    f. security features;

8    g. data and analytics features;

9    h. parental control features; and

10    i. customer service.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

12    Facebook objects to this Request to the extent it calls for the production of information

13  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

14  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

15  calls for the disclosure of sensitive, confidential, or proprietary information, or information

16  protected by the right to privacy for which no such substantial need has been demonstrated.  To

17  the extent that any sensitive, confidential, or proprietary information, or information protected by

18  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

19  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

20  proprietary, or protected private information only subject to and in reliance upon an appropriate

21  protective order governing confidential business information.  Facebook additionally objects to

22  this Request as vague and ambiguous to the extent it purports to seek information about the

23  characteristics of any PAYMENT PROCESSOR(S) beyond those characteristics specifically

24  identified in the Request.  Facebook additionally objects to this Request to the extent that it seeks

25  information already in Defendant's possession or available to Defendant from some other source,

26  including information available to Defendant from public sources.

27    Subject to and without waiving the foregoing objections, Facebook responds that it will

28  conduct a reasonable search for and will produce non-privileged documents responsive to Request

1  for Production 16 to the extent they exist, as proportionate to the needs of this case and in a

2  manner that does not subject third-party respondent Facebook to an undue burden.

3  **REQUEST FOR PRODUCTION NO. 17:**

4        DOCUMENTS sufficient to show that there is demand for iOS-compatible PAYMENT

5  PROCESSORS other than APPLE'S IAP.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7        Facebook objects to this Request to the extent it calls for the production of information

8  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

9  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

10  calls for the disclosure of sensitive, confidential, or proprietary information, or information

11  protected by the right to privacy for which no such substantial need has been demonstrated.  To

12  the extent that any sensitive, confidential, or proprietary information, or information protected by

13  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

14  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

15  proprietary, or protected private information only subject to and in reliance upon an appropriate

16  protective order governing confidential business information.  Facebook additionally objects to

17  this Request to the extent that it seeks information already in Defendant's possession or available

18  to Defendant from some other source, including information available to Defendant from public

19  sources.  Facebook additionally objects to this request as vague, ambiguous, overbroad, and

20  unduly burdensome to the extent it does not define "demand."

21        Subject to and without waiving the foregoing objections, Facebook responds that it will

22  conduct a reasonable search for and will produce non-privileged documents responsive to Request

23  for Production 17 to the extent they exist, as proportionate to the needs of this case and in a

24  manner that does not subject third-party respondent Facebook to an undue burden.

25  **REQUEST FOR PRODUCTION NO. 18:**

26        Any REPORTS prepared by YOU CONCERNING APPLE'S IAP, INCLUDING:

27        a. any comparisons of YOUR PAYMENT PROCESSOR(S) with APPLE'S IAP; and

28

b. any evaluations of APPLE'S IAP, INCLUDING evaluations CONCERNING APPLE'S IAP's commission and rates, data and analytics, customer service, security, and parental controls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS produced by YOU in THIS ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Facebook objects to this Request as unduly burdensome because it seeks information available to Defendant from any other party to which Facebook has produced documents in this action, including pursuant to the Court's Order Granting Stipulation Regarding Document Subpoenas to Non-Parties, Authenticity and Service, No. 4:20-cv-05640-YGR, ECF 139.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger" APPS,

a.        the monthly downloads for each APP on each platform for which the APP is available (including iOS, ANDROID OS, and non-mobile platforms);

b.        the revenues from paid downloads (if any) for each APP on each platform for which the APP is available (including iOS, ANDROID OS, and non-mobile platforms);

1         c.     the revenues from in-app purchases for each APP on each platform for

2  which the APP is available (including iOS, ANDROID OS, and non-mobile platforms); and

3         d.     the revenues remitted to Facebook (i.e., revenues minus commissions) for

4  each APP on each platform for which the APP is available (including iOS, ANDROID OS, and

5  non-mobile platforms).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7       Facebook objects to this Request to the extent it calls for the production of information

8  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

9  privilege, immunity, or protection.  Facebook additionally objects to this request to the extent that

10  it calls for the production of data or information in a form that is not maintained and readily

11  accessible in the usual course of business.  Facebook additionally objects to this Request to the

12  extent it calls for the disclosure of sensitive, confidential, or proprietary information, or

13  information protected by the right to privacy for which no such substantial need has been

14  demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or

15  information protected by the right to privacy is responsive, its disclosure is proportionate to the

16  needs of the case, and a substantial need has been demonstrated, Facebook will produce any such

17  sensitive, confidential, proprietary, or protected private information only subject to and in reliance

18  upon an appropriate protective order governing confidential business information.

19       Subject to and without waiving the foregoing objections, Facebook responds that it will

20  conduct a reasonable search for and will produce non-privileged documents responsive to Request

21  for Production 20 to the extent they exist, as proportionate to the needs of this case and in a

22  manner that does not subject third-party respondent Facebook to an undue burden.

23  **REQUEST FOR PRODUCTION NO. 21:**

24       DOCUMENTS sufficient to show a user's ability to use IN-APP PURCHASES made in

25  YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram,"

26  "WhatsApp," and "Messenger" APPS, on each platform for which the APP is available (including

27  iOS, Android OS, and non-mobile platforms) for redemption on another platform (including iOS,

28  Android OS, and non-mobile platforms).

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this Request to the extent that it seeks information already in Apple's possession or available to Apple from some other source, including information available to Apple from public sources.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 21 to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger" APPS, the monthly advertising revenue received by YOU on each platform for which the APP is available (including iOS, ANDROID OS, and non-mobile platforms).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this request to the extent that it calls for the production of data or information in a form that is not maintained and readily accessible in the usual course of business.  Facebook additionally objects to this Request to the

1   extent it calls for the disclosure of sensitive, confidential, or proprietary information, or

2   information protected by the right to privacy for which no such substantial need has been

3   demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or

4   information protected by the right to privacy is responsive, its disclosure is proportionate to the

5   needs of the case, and a substantial need has been demonstrated, Facebook will produce any such

6   sensitive, confidential, proprietary, or protected private information only subject to and in reliance

7   upon an appropriate protective order governing confidential business information.  Facebook

8   additionally objects to this Request to the extent that information regarding Facebook's total

9   advertising revenue is available to Apple from other sources, including information available to

10  Apple from public sources.

11  **REQUEST FOR PRODUCTION NO. 23:**

12      DOCUMENTS sufficient to show the comparative benefits to YOU of distributing YOUR

13  APPS through different marketplaces.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

15      Facebook objects to this Request to the extent it calls for the production of information

16  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

17  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

18  calls for the disclosure of sensitive, confidential, or proprietary information, or information

19  protected by the right to privacy for which no such substantial need has been demonstrated.  To

20  the extent that any sensitive, confidential, or proprietary information, or information protected by

21  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

22  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

23  proprietary, or protected private information only subject to and in reliance upon an appropriate

24  protective order governing confidential business information.  Facebook additionally objects to

25  this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it does not

26  define "comparative benefits."

27

28

1    **REQUEST FOR PRODUCTION NO. 24:**

2         DOCUMENTS sufficient to show the services provided to YOU by APPLE related to

3    YOUR APPS, including but not limited to technical support services related to YOUR APPS,

4    comarketing services related to YOUR APPS, and anything that APPLE is providing to YOU to

5    improve the performance and accessibility of YOUR APPS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

7         Facebook objects to this Request to the extent it calls for the production of information

8    protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

9    privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

10   calls for the disclosure of sensitive, confidential, or proprietary information, or information

11   protected by the right to privacy for which no such substantial need has been demonstrated.  To

12   the extent that any sensitive, confidential, or proprietary information, or information protected by

13   the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

14   substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

15   proprietary, or protected private information only subject to and in reliance upon an appropriate

16   protective order governing confidential business information.  Facebook additionally objects to

17   this Request as vague and ambiguous with respect to the term "accessibility."  Facebook

18   additionally objects to this Request to the extent that it seeks information already in Apple's

19   possession, or available to Apple from some other source, including information available to

20   Apple from public sources.

21   **REQUEST FOR PRODUCTION NO. 25:**

22        Documents sufficient to show the standard commission rate for DEVELOPERS that

23   distribute APPS through FACEBOOK APP CENTER, FACEBOOK GAMING, the OCULUS

24   RIFT STORE, or any other of YOUR SOFTWARE STORE(S).

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26        Facebook objects to this Request to the extent it calls for the production of information

27   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)
THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1    calls for the disclosure of sensitive, confidential, or proprietary information, or information

2    protected by the right to privacy for which no such substantial need has been demonstrated.  To

3    the extent that any sensitive, confidential, or proprietary information, or information protected by

4    the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

5    substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6    proprietary, or protected private information only subject to and in reliance upon an appropriate

7    protective order governing confidential business information.

8          Subject to and without waiving the foregoing objections, Facebook responds that it will

9    conduct a reasonable search for and will produce non-privileged documents responsive to Request

10   for Production 25 to the extent they exist, as proportionate to the needs of this case and in a

11   manner that does not subject third-party respondent Facebook to an undue burden.  Facebook

12   further responds that it will not produce any data that is not maintained and readily accessible in

13   the usual course of business.

14   **REQUEST FOR PRODUCTION NO. 26:**

15         Documents sufficient to show the standard contractual agreements between YOU and

16   DEVELOPERS who distribute APPS through FACEBOOK APP CENTER, FACEBOOK

17   GAMING, the OCULUS RIFT STORE, or any other of YOUR SOFTWARE STORE(S).

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

19         Facebook objects to this Request to the extent it calls for the production of information

20   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

21   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

22   calls for the disclosure of sensitive, confidential, or proprietary information, or information

23   protected by the right to privacy for which no such substantial need has been demonstrated.  To

24   the extent that any sensitive, confidential, or proprietary information, or information protected by

25   the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

26   substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

27   proprietary, or protected private information only subject to and in reliance upon an appropriate

28   protective order governing confidential business information.

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 26 to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

DATED:  January 6, 2021                    MUNGER, TOLLES & OLSON LLP


                                           By:  */s/ Rosemarie T. Ring*
                                                ROSEMARIE T. RING
                                           Attorneys for Facebook, Inc.

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907.

     On **January 6, 2021**, I served true copies of the following document(s) described as:

**THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA**

on the interested parties in this action as follows:

Karen M. Lent
*karen.lent@skadden.com*
Evan R. Kreiner
*evan.kreiner@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the above-referenced document(s) to be sent from the e-mail address emily.curran-huberty@mto.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on January 6, 2021, at San Francisco, California.

_____
Emily Curran-Huberty