# Exhibit C

ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JUSTIN P. RAPHAEL (State Bar No. 292380)
justin.raphael@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
emily.curran-huberty@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Third-Party Respondent
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DONALD R. CAMERON, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>APPLE INC., et al.,<br><br>　　　　Defendants. | Case No. 4:19-cv-03074-YGR (TSH) |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714- YGR (TSH) |
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 4:20-cv-05640-YGR (TSH)<br><br>**THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S SECOND SUBPOENA** |

1  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third-Party Respondent
2  Facebook, Inc. ("Facebook"), by and through undersigned counsel, submits the following
3  responses and objections to Defendant Apple Inc.'s ("Apple") second Subpoena to Produce
4  Documents ("Subpoena").

## RESERVATION OF RIGHTS

6  Facebook responds to the Subpoena to the best of its knowledge at the present time and
7  reserves the right at any time to supplement, amend, correct, or clarify its responses and
8  objections, but undertakes no obligation to do so beyond the obligations imposed by the Federal
9  Rules of Civil Procedure, the Local Rules of this Court, and other applicable orders or rules.  Any
10 supplemental or amended response shall not function as a waiver of any privilege or objection
11 Facebook has or may assert.  Any response to the Subpoena or production of documents or things
12 made by Facebook will be solely for the purpose of this action, without waiving or intending to
13 waive, but, on the contrary, preserving and intending to preserve: (a) the right to object on any
14 grounds, at any time, to other discovery requests relating to the subject of the Subpoena to which
15 Facebook has responded; (b) the right to object, on the grounds of competency, privilege,
16 relevancy, materiality, confidentiality, authenticity, admissibility, or any other proper grounds, to
17 the use of the responses, documents, or information provided by Facebook as evidence for any
18 purpose, in whole or in part, in any subsequent proceeding, or in any trial in this action or any
19 other action; and (c) the right at any time to revise, correct, supplement, or clarify Facebook's
20 responses or objections.  That Facebook has objected or responded to a Request for Production
21 ("Request") in the Subpoena is not and should not be taken as an admission that Facebook accepts
22 or admits the existence of any fact set forth in or assumed by such Request, or as an indication that
23 Facebook agrees with or adopts any characterization or statement within such Request.

## OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS

25 Facebook's Responses are subject to the foregoing objections to Defendant's Definitions
26 and Instructions.
27  1. Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena,
28 and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the

extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the terms of the Stipulated Protective Order between Plaintiff Epic Games, Inc. ("Epic") and Defendant Apple, or between any parties to the above-captioned actions.

2. Facebook objects to the Subpoena, and to each and every Request, as disproportionate to the needs of the case, unduly burdensome, and harassing to third-party respondent Facebook in that the Subpoena, and the Requests, reflect an improper attempt by Apple to serve multiple subpoenas on a non-party to these actions.

3. Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, as vague, ambiguous, overbroad, and unduly burdensome to the extent that they call for the production of documents dating back to 2008, including documents that are not relevant to any party's claims or defenses or the production of which is not proportional to the needs of the case. Facebook will conduct a reasonable search for and review documents kept in the ordinary course of business as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

4. Facebook objects to the definition of DOCUMENT and DOCUMENTS set forth in the Subpoena, and to each and every Request, Definition, and Instruction using those terms, as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.

5. Facebook objects to the definition of COMMUNICATION and COMMUNICATIONS set forth in the Subpoena, and to each and every Request, Definition, and Instruction using those terms, as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.

6. Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the extent that they seek information relating to activities outside of the United States.

7.  Facebook objects to the definition of SOFTWARE STORE and SOFTWARE STORES set forth in the Subpoena, and to each and every Request, Definition, and Instruction using those terms, as vague, ambiguous, and overbroad.

8.  Facebook objects to Instruction Number 3 to the extent it purports to require Facebook, as a third-party respondent, to produce documents in the possession of Facebook's "present and former attorneys, investigators, accountants, agents, representatives, or other persons acting on YOUR behalf" as overbroad, disproportionate to the needs of the case, and unduly burdensome, and calling for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.

9.  Facebook objects to Instruction Number 11 to the extent it purports to require Facebook to search for and produce hard copies of documents as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.  Facebook will conduct a reasonable search of e-mails and other reasonably accessible sources of information readily available in the usual course of business that is proportionate to the needs of the case and that does not subject third-party respondent Facebook to an undue burden.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

The foregoing Objections to Apple's Definitions and Instructions, and Reservation of Rights are incorporated into each and every specific response as if set forth fully therein.

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and/or YOUR counsel, on the one hand, and any DEVELOPER (including EPIC) and/or any DEVELOPER'S counsel, on the other hand, CONCERNING any pending or future litigation related to APPLE'S policies concerning iOS, iOS APPS, and/or the iOS APP STORE.  For the avoidance of doubt, such policies INCLUDE, but are not limited to, the policy YOU referred to as "iOS 14's AppTrackingTransparency" in YOUR December 16, 2020 blogpost "Speaking Up for Small Businesses" (*available at* https://about.fb.com/news/2020/12/speaking-up-for-small-businesses/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  Facebook additionally objects to this request as calling for information not relevant to any party's claims or defenses.

Facebook additionally objects to this request as overbroad and unduly burdensome to the extent it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Facebook additionally objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the issues identified in the Request.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is determined to be responsive and relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook would produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING studies or analyses YOU conducted or requested that another entity conduct CONCERNING: (i) the privacy policies of iOS, ANDROID OS, and/or any SOFTWARE STORE, INCLUDING the iOS APP STORE, and/or (ii) changes to iOS or the iOS APP STORE'S privacy policies, INCLUDING but not limited to the policy YOU referred to as

"iOS 14's AppTrackingTransparency" in Your December 16, 2020 blogpost "Speaking Up for Small Businesses" (*available at* https://about.fb.com/news/2020/12/speaking-up-for-small-businesses/). For the avoidance of doubt, such studies or analyses INCLUDE, but are not limited to: (i) studies or analyses CONCERNING APP users' privacy preferences, (ii) studies or analyses CONCERNING DEVELOPERS' use or support of personalized ADVERTISING that businesses conduct in accordance with any SOFTWARE STORE'S privacy policies, (iii) how the upcoming changes to the iOS APP STORE'S privacy policies would impact YOUR business, INCLUDING YOUR revenue, (iv) studies or analyses concerning how the upcoming changes to the iOS APP STORE'S privacy policies would impact any other DEVELOPER'S business, INCLUDING their revenue, and (v) the "Deloitte study" referenced in the advertisements YOU placed in the New York Times, the Financial Times, the Wall Street Journal, and the Washington Post in December 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.

Facebook objects to the extent all documents concerning studies or analyses or changes in this context is vague and ambiguous to the extent the request purports to reference policies other than iOS14's AppTrackingTransparency policy, or the publicly available "Deloitte Study."

Facebook additionally objects to this request as calling for information not relevant to any party's claims or defenses, including because it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Facebook additionally objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the issues identified in the Request.  Facebook additionally

objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is determined to be responsive and relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook would produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting criticism of the claims YOU have made publicly CONCERNING upcoming changes to the privacy policies of iOS and/or the iOS APP STORE. For the avoidance of doubt, such criticism INCLUDES, but is not limited to, criticism by YOUR employees (see Buzzfeed News, Facebook Says It's Standing Up Against Apple For Small Businesses. Some Of Its Employees Don't Believe It, *available at* https://www.buzzfeednews.com/article/craigsilverman/facebook-apple-fight-self-serving).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.

Facebook additionally objects to this request as calling for information not relevant to any party's claims or defenses, including because it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Facebook additionally objects to this Request on the ground that the terms "claims" and "criticism" are not defined, vague, and ambiguous.  Facebook additionally objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party

respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the issues identified in the Request. Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources. To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is determined to be responsive and relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook would produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting complaints CONCERNING the security of the FACEBOOK APP CENTER, FACEBOOK GAMING, the OCULUS RIFT STORE, and/or YOUR APPS other than YOUR iOS APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection. Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.

Facebook additionally objects to this request as calling for information not relevant to any party's claims or defenses, including because it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Facebook additionally objects to this Request on the ground that the terms "complaints" and "security" are not defined, vague, and ambiguous. Facebook additionally objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the

1  "security" of the specified Facebook products and all of Facebook's non-iOS APPS.  Facebook
2  additionally objects to this Request to the extent that it seeks information already in Defendant's
3  possession or available to Defendant from some other source, including information available to
4  Defendant from public sources.  To the extent that any sensitive, confidential, or proprietary
5  information, or information protected by the right to privacy is determined to be responsive and
6  relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a
7  substantial need has been demonstrated, Facebook would produce any such sensitive, confidential,
8  proprietary, or protected private information only subject to and in reliance upon an appropriate
9  protective order governing confidential business information.

11 DATED:  January 15, 2021            MUNGER, TOLLES & OLSON LLP

13                                      By:  /s/ Rosemarie T. Ring
14                                           ROSEMARIE T. RING

15                                      Attorneys for Facebook, Inc.

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907.

On **January 15, 2021**, I served true copies of the following document(s) described as:

**THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S APPLE INC.'S SECOND SUBPOENA**

on the interested parties in this action as follows:

Karen M. Lent
*karen.lent@skadden.com*
Evan R. Kreiner
*evan.kreiner@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the above-referenced document(s) to be sent from the e-mail address emily.curran-huberty@mto.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2021, at San Francisco, California.

Emily Curran-Huberty