UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 11-cv-06714-YGR  (TSH) |
| | **DISCOVERY ORDER** |
| | Re: Dkt. No. 428 |
| DONALD R. CAMERON, et al.,<br><br>             Plaintiffs,<br><br>       v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No. 19-cv-03074-YGR  (TSH)<br><br>Re: Dkt. No. 314 |
| EPIC GAMES, INC.,<br><br>             Plaintiff and Counter-defendant,<br><br>       v.<br><br>APPLE INC.,<br><br>             Defendant and Counterclaimant. | Case No. 20-cv-05640-YGR  (TSH)<br><br>Re: Dkt. No. 395 |

Apple and non-party Facebook have filed a joint discovery letter brief. 20-5640 ECF No.

395.[1]  In the letter brief, Apple moves to compel Facebook to produce some documents responsive to its subpoenas, so that it may adequately cross-examine Facebook's VP of Gaming, Vivek Sharma, whom Epic Games has listed on its witness list for trial.  ECF No. 376.  The Court must first decide whether it may consider this motion at all.

This motion to compel has been filed in all three related actions, but it is obviously directed solely to the *Epic Games* case.  The only rationale offered by Apple for obtaining these documents is Epic's recent designation of Sharma as a trial witness, and Apple is clear that it seeks these documents to cross-examine him during the *Epic* trial.  This matters because fact discovery closed in the *Epic* case on February 15, 2021 (*see* ECF No. 116), which means the last day to move to compel on fact discovery was February 22, 2021.  *See* Civil Local Rule 37-3.  Accordingly, this motion is time-barred.

It doesn't matter that Apple purported to reserve the right to move to compel after February if Facebook testifies at trial, ECF No. 395, Ex. A (emails from E. Kreiner on Feb. 4 and 10), because Apple didn't have that right in the first place.  Regardless, Apple's purported reservation of rights was met with Facebook's own reservation of rights "including to requests for information after the close of fact discovery . . ."  *Id*. (email from E. Curran-Huberty on Feb. 8).  Thus, we are not faced with a situation where an otherwise diligent litigant was lulled into complacency by a sweet-talking opponent.  Facebook actively made clear its intent to stand on the close of fact discovery.

Apple cites *U.S. ex rel. Higgins v. Boston Scientific Corp*., 2020 WL 968218, *14 (D. Minn. Feb. 28, 2020), in which the court ordered the defendant to produce documents as a sanction under Rule 37 for its violation of its discovery obligations under Rule 26(a).  Rule 37 does indeed give courts broad discretion to fashion appropriate sanctions.  *See* Fed. R. Civ. Proc. 37(c)(1)(C) ("In addition to or instead of" exclusion, "the court . . . may impose other appropriate sanctions . . .").  The Court will assume that a Rule 37 sanction could include a document production order even if a motion to compel would be untimely.  However, Apple has not shown,

---

[1] All of the ECF references in this order are to 20-5640.

and has not attempted to show, that Facebook has done anything sanctionable.  Certainly, Epic's decision to list Sharma as a trial witness does not show that Facebook behaved improperly.

Apple hints at an argument that Epic may have behaved improperly by not listing Sharma in its Rule 26(a) disclosures – an argument that Epic hotly disputes (*see* ECF No. 398).  The Court expresses no view on that matter.  A motion *in limine* to exclude Sharma as a witness due to any alleged failure to timely disclose him should be directed to Judge Gonzalez Rogers.  This Court holds only that Apple's motion to compel against Facebook is untimely and therefore denied.

**IT IS SO ORDERED.**

Dated: April 6, 2021

THOMAS S. HIXSON
United States Magistrate Judge

3