# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| EPIC GAMES, INC., <br> *Plaintiff, Counter-defendant* <br> v. <br> APPLE INC. <br> *Defendant, Counterclaimant* | ) <br> ) <br> ) Civil Action No.   4:20-CV-05640-YGR <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   David S. Evans
Global Economics Group
111 Devonshire St.
Boston, MA 02109

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A

| Place: Veritext, ATTN: Kristy Villa (kvilla@veritext.com) <br> 101 Arch Street, Suite 650 <br> Boston MA 02110 <br><br> Or as otherwise agreed. | Date and Time: <br> March 26, 2021 at 12:00 noon ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 19, 2021

CLERK OF COURT                    OR

_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. , who issues or requests this subpoena, are:

Ethan D. Dettmer, 555 Mission St., Ste. 3000, San Francisco, CA 94105, edettmer@gibsondunn.com, 415-393-8292



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:11-CV-06714-YGR, 4:19-CV-03074-YGR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ on *(date)* _____

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   My fees are $ _____   My fees are $ _____   _____

I declare under penalty of perjury that this information is true.

Date: _____          Date: _____
                                *Server's signature*

                                _____
                                *Printed name and title*

                                _____
                                *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---



# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## DEFINITIONS

1. The following rules of construction shall apply to all discovery requests:

   a. The connectives "**AND**" and "**OR**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

   b. "**ANY**" and "**EACH**" shall be construed to include and encompass "all"; and

   c. The use of the singular form of any word includes the plural and vice versa.

2. "**APP**" shall mean a software application for a HANDHELD DEVICE.

3. "**APP DEVELOPER**" shall mean any PERSON who developed one or more APPS.

4. "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, the APP STORE, GOOGLE PLAY, and the GALAXY STORE, Amazon Appstore, Amazon Underground, Blackberry World, and the Microsoft Store and any of its predecessor stores, including the Windows Store and the Windows Phone Store.

5. "**APP STORE**" shall mean the APP MARKETPLACE operated by DEFENDANT and available on DEFENDANT'S HANDHELD DEVICES.

6. "**ANDROID**" shall mean Google's HANDHELD DEVICE operating system.

7. "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

8. "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying,

1

informing, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

      9.      **"DATA"** shall have the same meaning as in Federal Rule of Civil Procedure 26.

      10.      **"DEFENDANT"** shall mean Apple Inc.

      11.      **"DOCUMENT"** shall be given the broadest meaning possible under the Federal Rules of Evidence.  By way of example, "DOCUMENT" means any written, recorded, or graphic material, whether prepared by YOU or by any other person, that is in YOUR possession, custody, or control, including memoranda, reports, letters, telegrams, facsimiles, electronic mail, other electronic correspondence, and any other COMMUNICATIONS or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings and telephone or other COMMUNICATIONS; transparencies, view-graphs, foils, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models, statistical models and other DATA compilations; and computer printouts.  The term includes all drafts of a document, the original document (or a copy thereof if the original is not available), and all copies that differ in any way from the original (including as to any notations, underlining, or other markings).  The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such DATA compilations.

      12.      **GALAXY STORE** shall refer to the APP MARKETPLACE operated by Samsung Electronics and available on Samsung HANDHELD DEVICES, and shall include the Samsung Galaxy Store, Samsung Galaxy Apps, and Samsung Apps.

13. "**GOOGLE PLAY**" shall refer to the APP MARKETPLACE operated by Google and available on ANDROID HANDHELD DEVICES, and shall include both Google Play and Android Market.

14. "**HANDHELD DEVICE**" shall mean any smartphone or tablet. For the avoidance of doubt, the term YOUR HANDHELD DEVICES shall mean any HANDHELD DEVICE manufactured and/or sold by YOU or for which YOUR software serves as the operating system, and shall include the Windows Phone series of smartphones and the Microsoft Surface and Microsoft Surface Pro series of tablets.

15. "**IN-APP PRODUCTS**" shall mean products and services made available for purchase within an APP, including additional features, ad-free options, and subscriptions.

16. "**including**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

17. "**LAWSUIT**" shall mean action entitled *Epic Games, Inc. v. Apple Inc.*, currently pending in the United States District Court for the Northern District of California, Case No. 4:20-cv-0640-YGR-TSH.

18. "**MIDDLEWARE**" shall mean any technology that has one or more of the following effects: (1) reduce user APP-related switching costs, (2) reduce user APP-related mixing-and-matching costs, (3) reduce APP DEVELOPERS' costs of providing services that enable user APP migration and synchronization to multiple platforms, further reducing user APP-related switching and mixing-and-matching costs; and (4) reduce APP DEVELOPERS' multi-homing costs.

19. "**PERSON**" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

20. "**REPORTS**" shall mean any final reports, research, papers, white papers, memoranda, slide presentations, reviews, statistical compilations, or other analyses created by YOU or at YOUR request, or relied upon by YOU.

21. "**REVIEW**" shall mean, with respect to APPS, any process of screening, evaluating, analyzing, approving, or monitoring APPS, regardless of whether such process takes place before or after the publication of APPS in an APP MARKETPLACE or before or after the installation of APPS onto a HANDHELD DEVICE.

22. "**THE**" shall not be construed as limiting the scope of any topic.

23. "**YOU**" or "**YOUR**" shall refer to David S. Evans and any of his employees, representatives, consultants, agents, servants, attorneys, accountants, and any other person or entity acting on his behalf, or any PERSON or entity that served in any such role at any time.

## INSTRUCTIONS

1. All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

2. In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, including those in the possession, custody, or control of YOUR present and former attorneys, investigators, accountants, agents, representatives, or other persons acting on YOUR behalf.

3. These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4. In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5. If there are no DOCUMENTS responsive to a category in these Requests, YOU shall

so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall so state in writing.

6. If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7. In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8. If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, including but not limited to, describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (including but not limited to (all) the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9. If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10. If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11. Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is 2016 to the present.

12. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

13. Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

14. These Requests are to be regarded as continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any person acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

15. DOCUMENTS and DATA should be produced in form and format consistent with the Amended Joint Stipulation and Order Re: Discovery of Electronically Stored Information in the LAWSUIT, ECF No. 245.

16. In producing materials in response to these Requests, YOU need not produce materials already produced in the LAWSUIT by Plaintiff Epic Games, Inc. as materials YOU relied upon in forming YOUR opinions, or identified by YOU—by Bates number for produced documents, or by other sufficiently specific identifier for publicly available documents—as materials YOU relied upon in forming YOUR opinions in your expert reports in the LAWSUIT, or exempted from discovery by the expert stipulation in the related case *Cameron v. Apple Inc.*, Case No. 4:19-cv-06714-YGR-TSH (N.D. Cal.), ECF No. 87, which the parties have agreed also applies in the LAWSUIT.

17. DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, DATA, and COMMUNICATIONS YOU relied upon in forming the opinions in YOUR expert report served in the LAWSUIT and dated February 15, 2021.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, DATA, and COMMUNICATIONS YOU relied upon in forming the opinions in YOUR rebuttal expert report served in the LAWSUIT and dated March 15, 2021.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS constituting or reflecting any presentations, REPORTS, lectures, speeches, talks, or COMMUNICATIONS YOU have given, performed, delivered, transmitted, or prepared for delivery to any governmental agency, regulatory body, legislative body (such as either house of the U.S. Congress, any U.S. state legislature, or the legislature of any other country or political subdivision thereof) or any committee or subcommittee or member thereof, industry group (such as the "Coalition for App Fairness") or any member thereof, or directors or executives or other employees of any corporation or business (such as Rakuten, Inc. or Kobo, Inc.) CONCERNING any of the following subject matters:

a.  Apple Inc. or Epic Games, Inc. or any affiliates thereof;

b.  the LAWSUIT;

c.  the APP STORE and/or any other APP MARKETPLACE;

d.  the distribution of APPS and/or IN-APP PRODUCTS;

e.  the REVIEW of APPS and/or IN-APP PRODUCTS;

f.  mobile payment or payment processing systems; and/or

g.  MIDDLEWARE.