# EXHIBIT J

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                 UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                       OAKLAND DIVISION
 4
 5    EPIC GAMES, INC.,
 6         Plaintiff,
           Counter-defendant,
 7
               vs.                    Case No. 4:20-cv-05640
 8                                              YGR
      APPLE INC.,
 9
           Defendant,
10         Counterclaimant.
      _____
11
12    IN RE APPLE IPHONE            Case No. 4:11-cv-06714
      ANTITRUST LITIGATION                    YGR
13    _____
14
15
16
17
18
19
20
21
22
23
24
25    (caption cont'd)

                                                        Page 1
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1  DONALD R. CAMERON, et al.,
 2       Plaintiffs,
 3           vs.                    Case No. 4:19-cv-03074
                                                YGR
 4  APPLE INC.,
 5       Defendant.
    _____
 6
 7
 8
 9
10      **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
11         ZOOM DEPOSITION OF MICHAEL I. CRAGG, Ph.D.
12     (Reported Remotely via Video & Web Videoconference)
13         Belmont, Massachusetts (Deponent's location)
14                  Monday, March 29, 2021
15                        Volume I
16
17
18
19
20
    STENOGRAPHICALLY REPORTED BY:
21  REBECCA L. ROMANO, RPR, CSR, CCR
    California CSR No. 12546
22  Nevada CCR No. 827
    Oregon CSR No. 20-0466
23  Washington CCR No. 3491
24  JOB NO. 4511403
25  PAGES 1 - 253
```

Page 2

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                    OAKLAND DIVISION
 4
 5   EPIC GAMES, INC.,
 6       Plaintiff,
         Counter-defendant,
 7
              vs.                  Case No. 4:20-cv-05640
 8                                           YGR
     APPLE INC.,
 9
         Defendant,
10       Counterclaimant.
     _____
11
12   IN RE APPLE IPHONE            Case No. 4:11-cv-06714
     ANTITRUST LITIGATION                    YGR
13   _____
14
15
16
17
18
19
20
21
22
23
24
25   (caption cont'd)
```

Page 3

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   DONALD R. CAMERON, et al.,
 2       Plaintiffs,
 3           vs.                    Case No. 4:19-cv-03074
                                                YGR
 4   APPLE INC.,
 5       Defendant.
     _____
 6
 7
 8
 9
10           ZOOM DEPOSITION OF MICHAEL I. CRAGG,
11   Ph.D., taken on behalf of the
12   Defendant/Counterclaimant, with the deponent
13   located in Belmont, Massachusetts, commencing at
14   9:14 a.m., Monday, March 29, 2021,
15   remotely reported via video & web videoconference
16   before REBECCA L. ROMANO, a Registered Professional
17   Reporter, Certified Shorthand Reporter, Certified
18   Court Reporter.
19
20
21
22
23
24
25
```

Page 4

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              APPEARANCES OF COUNSEL
 2   (All parties appearing via web videoconference)
 3
 4   For the Plaintiff/Counter-Defendant - Epic Games,
 5   Inc.:
 6        CRAVATH, SWAINE & MOORE LLP
 7        BY:  PETER T. BARBUR
 8        BY:  G. ALEJANDRO CARVAJAL
 9        BY:  HECTOR J. VALDES
10        Attorneys at Law
11        825 Eighth Avenue
12        New York, New York 10019
13        (212) 474-1000
14        pbarbur@cravath.com
15        acarvajal@cravath.com
16        hvaldes@cravath.com
17
18
19
20
21
22
23
24
25   /////
```

Page 5

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1           APPEARANCES OF COUNSEL(cont'd)
 2    (All parties appearing via web videoconference)
 3
 4    For the Defendant/Counterclaimant - Apple Inc.:
 5         GIBSON, DUNN & CRUTCHER LLP
 6         BY:  DANIEL G. SWANSON
 7         Attorney at Law
 8         333 South Grand Avenue
 9         Los Angeles, California 90071-3197
10         (213) 229-7430
11         dswanson@gibsondunn.com
12    and
13         BY:  JULIAN WOLFE KLEINBRODT
14         BY:  WARREN LEOGERING
15         Attorneys at Law
16         555 Mission Street
17         Suite 3000
18         San Francisco, California 94105-0921
19         jkleinbrodt@gibsondunn.com
20         wloegering@gibsondunn.com
21
22
23
24
25    /////
```

raw

```
 1              APPEARANCES OF COUNSEL(cont'd)
 2
 3    ALSO PRESENT:
 4          Deborah Alvino, Videographer
 5          Andrew Farthing, Director, Commercial
 6    Litigation at Apple
 7          Daniel Grbich, Concierge Technician
 8          Patrick Holder, Ph.D., The Brattle Group
 9          David J. Hutchings, The Brattle Group
10          Todd Kumler, Cornerstone Research
11          Solvejg A. Wewel, Analysis Group
12
13
14
15
16
17
18
19
20
21
22
23
24
25    /////
```

Page 7

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1                        I N D E X
2    DEPONENT                                      EXAMINATION
3    MICHAEL I. CRAGG, Ph.D.                             PAGE
     VOLUME I
4
5                  BY MR. SWANSON                         12
6
7
8                      E X H I B I T S
9    NUMBER                                               PAGE
10                      DESCRIPTION
11   Exhibit 600   Expert Rebuttal Report of              13
12                 Michael I. Cragg, Ph.D.;
13
14   Exhibit 601   Curriculum Vitae;                      14
15
16   Exhibit 602   Amicus Brief;                          90
17
18   Exhibit 603   Rebuttal Expert Report                180
19                 of Lorin Hitt, Ph.D.,
20                 dated March 15, 2021.
21
22
23
24
25   /////
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                MICHAEL I. CRAGG, Ph.D.,
 2   having been first duly sworn, was examined and
 3   testified as follows:
 4             MR. SWANSON:  Thank you.
 5                      EXAMINATION
 6   BY MR. SWANSON:
 7        Q.   Dr. Cragg -- let me make sure I'm
 8   pronouncing your name right.  Is it Cragg?
 9        A.   Yes, it is.
10        Q.   All right.  Great.
11             I take it you've been deposed before?
12        A.   I have.
13        Q.   All right.  And have you been deposed in
14   the context of a video deposition before?
15        A.   Yes.
16        Q.   All right.  So you're familiar with
17   the -- the new procedures; is that correct?
18        A.   I think so.
19        Q.   Okay.  Well, if you have any -- any
20   questions or issues that pop up, let us know along
21   the way and we'll try to deal with them.
22        A.   Certainly.
23        Q.   Thank you.
24             Is there any reason that we can't go
25   forward with the deposition today; are you in good
```

Page 12

```
 1   any conclusions from.
 2        Q.   Can you take a look at --
 3        A.   It's basically -- I mean, what I'm
 4   identifying is that the work he did was not useful.
 5        Q.   I understand that that's your opinion.
 6             Let me ask you to turn to paragraph 37 on
 7   page 19.  Let me know when you are there.
 8        A.   Yes.
 9        Q.   You say, at the end here, that short
10   paragraph, that your "analysis examines consumers'
11   playtime and expenditures when they acquire another
12   device, properly controlling for other potentially
13   confounding variables."
14             Do you see that?
15        A.   Yes.
16        Q.   Did you run any regression that you
17   reported on consumers' expenditures?
18        A.   I have not presented those, no.
19        Q.   So you ran the regressions.  You refer to
20   them here, but you didn't produce them; is that
21   correct?
22        A.   I haven't produced them in this report.
23             MR. SWANSON:  All right.
24             Peter, we request those regressions under
25   the governing discovery stipulation in our
```

Page 249

```
 1   subpoena.
 2             Can we take a -- like, a three-minute
 3   break, because I know time is about to run out --
 4   run out.
 5             MR. BARBUR:  Okay.  That's fine.
 6             MR. SWANSON:  And we get -- can we get a
 7   time, see if -- how much --
 8             THE VIDEOGRAPHER:  We are going off the
 9   record at 5:36 p.m.
10             (Recess taken.)
11             THE VIDEOGRAPHER:  We are going back on
12   record at 5:38 p.m.
13             MR. SWANSON:  All right.  I have been
14   informed that we've hit the seven-hour mark.
15             So over to you, Peter.
16             MR. BARBUR:  Okay.  I have no further
17   questions.
18             And, Hector, do we also need to designate
19   this "Confidential"?
20             MR. VALDES:  Yes.  That's been the
21   practice.
22             So I think if you're going to do it as
23   well, Daniel, we'll do it on behalf of Epic.
24             MR. SWANSON:  Yeah.
25             MR. VALDES:  "Highly Confidential."
```

Page 250

```
 1        I, Rebecca L. Romano, a Registered
 2   Professional Reporter, Certified Shorthand
 3   Reporter, Certified Court Reporter, do hereby
 4   certify:
 5        That the foregoing proceedings were taken
 6   before me remotely at the time and place herein set
 7   forth; that any deponents in the foregoing
 8   proceedings, prior to testifying, were administered
 9   an oath; that a record of the proceedings was made
10   by me using machine shorthand which was thereafter
11   transcribed under my direction; that the foregoing
12   transcript is true record of the testimony given.
13        Further, that if the foregoing pertains to the
14   original transcript of a deposition in a Federal
15   Case, before completion of the proceedings, review
16   of the transcript [ ] was [X] was not requested.
17        I further certify I am neither financially
18   interested in the action nor a relative or employee
19   of any attorney or any party to this action.
20        IN WITNESS WHEREOF, I have this date
21   subscribed my name.
22   Dated:  March 30, 2021
23
24   _____
     Rebecca L. Romano, RPR, CCR
25   CSR. No 12546
```

Page 253