# EXHIBIT M

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jay P. Srinivasan
Direct: +1 213.229.7296
Fax: +1 213.229.6296
JSrinivasan@gibsondunn.com

April 3, 2021

VIA ELECTRONIC MAIL

Lauren A. Moskowitz
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:     *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.)

Counsel:

I write to follow up on our meet and confer discussion on Monday, March 29, 2021 regarding Apple Inc.'s ("Apple") subpoenas to the experts disclosed by Epic Games, Inc. ("Epic") in the above-captioned litigation.

Request Nos. 1 and 2 of Apple's subpoenas seek from Epic's experts the materials they relied upon in forming the opinions in their opening and rebuttal expert reports, information Epic agreed provide pursuant to the expert discovery stipulation entered in *Cameron v. Apple Inc*., Case No. 4:19-cv-03074-YGR (ECF No. 87). You represented during our meet-and-confer that Epic had complied with Requests 1 and 2 of Apple's subpoena, but that cannot be squared with unambiguous testimony from Epic's experts. *First*, Dr. Michael Cragg testified unambiguously at his deposition that he performed regressions described in his expert report that were not produced. Following the deposition, Epic hastily served an errata attempting to excise the relevant language from Dr. Cragg's report. Epic cannot use an errata to Dr. Cragg's report to retract his testimony under oath about the materials he relied on in forming the opinions in his report. Please confirm whether Dr. Cragg ran regressions or other analyses related to consumers' expenditures and the effective commission rates for game transactions as stated in paragraphs 37 and 157, respectively, of his March 15, 2021, rebuttal report. If so, those materials should long ago have been produced, and must now be produced, pursuant to the Federal Rules, the expert stipulation in this case, and Apple's subpoena directed to Dr. Cragg. If you assert that no such regressions were run—contrary to Dr. Cragg's testimony—such assertions must be tested by further deposition questioning. *Second*, as Apple addresses in more detail under separate cover, Prof. Nancy Mathiowetz testified unambiguously that she did not produce

statistical analyses she performed of the data in Prof. Dominique Hanssens's report. Apple is entitled to those analyses, and Epic is obliged to produce them.

Request No. 3 of Apple's subpoenas seeks presentations, communications, and other materials Epic's experts have given or transmitted to or prepared for government regulators or industry groups on certain specific subject matters related to the issues in this case. Apple is entitled to this information, as explained in my March 27, 2021 letter. On the meet-and-confer call, Epic was unable to give Apple a timeline for production of responsive materials or to even commit to actually produce anything. It is unproductive for Epic to schedule a meet-and-confer and then refuse to take any positions. In any case, five days have now passed and Epic still has not delivered on its promise to provide Apple a timeline for production.

Please immediately commit to produce by the morning of April 7 the materials responsive to Apple's subpoenas. If not, Apple intends to raise these issues with the Court, and will send its portion of a joint letter brief on Monday, April 5. Please confirm Epic will return its portion on Tuesday, April 6, to ensure filing on Wednesday, April 7.

Sincerely,

*/s/ Jay Srinivasan*

Jay P. Srinivasan
Counsel for Apple Inc.

cc:     Developer Plaintiffs
        Consumer Plaintiffs