THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-cv-05640-YGR

Gibson, Dunn & Crutcher LLP

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Partially Seal Its Proposed Findings of Fact and Conclusions of Law.

2. Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents attached to a dispositive motion or presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

4. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed its Proposed Findings of Fact and Conclusions of Law and now proposes only those redactions that are essential.

6. Specifically Apple seeks only to seal information about (1) non-public financial information; and (2) information that could aid a bad actor.

7. Apple first seeks to seal non-public financial information. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). It would give Apple's competition confidential information about Apple's business model and strategy. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

8. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests

9. Second, Apple respectfully requests that the Court seal the identified information that could aid a bad actor. Specifically, Apple seeks to seal specific information about Apple's security policies and internal processes like Apple's App Review process. Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

10. Public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and private confidential data

2

of its customers and developers—and keeping those efforts confidential is important to their effectiveness.

11. Not only does Apple protect critical information through its internal security systems and processes, Apple also protect users and developers alike from fraud, malware, and unwarranted intrusion into their privacy through its extensive App Review Process. Disclosure of the identified information would allow bad actors to circumvent Apple's important review process and would endanger users and developers.

12. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in narrowing the amount of designated confidential material and consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential. The redacted versions of the Proposed Findings of Fact and Conclusions of Law reflect the results of that negotiation.

13. However, the parties have not had an opportunity to inspect the opposing party's Proposed Findings of Fact and Conclusions of Law. In addition, the parties have requested the provisional sealing of certain information in which third parties may have confidentiality interests (whether the party's information was produced by such third party or by one of the parties). It is thus not feasible at this time for the parties to execute a stipulation of sealing.

14. The parties therefore have agreed, after filing, to promptly review any redacted portions of the opposing party's Proposed Findings of Fact and Conclusions of Law. The parties will promptly withdraw any request for provisional sealing to the extent possible based on their review of the other party's filing and will meet and confer in good faith to resolve any objections to any remaining requests to seal. If a party opposes the redactions proposed by another party, it will file such opposition by April 12, 2021, on the same day each must file a declaration in support of any request to seal. The parties will also cooperate to provide prompt notice to any third parties who may have confidentiality interests in information provisionally sealed in the Proposed Findings of Fact and Conclusions of Law so that those third parties may determine whether to request sealing of such information by the Court.

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

15. Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein, highlighted in yellow in the attached unredacted version.

| Paragraph of Proposed Findings of Fact | Reason for Redaction |
|---|---|
| 74.6 | Contains confidential information that could be used to evade the App Review process |
| 79 | Contains confidential information that could be used to evade Apple's security protocols |
| 81 | Contains confidential information that could be used to evade Apple's security protocols |
| 83 | Contains information that could be used to evade Apple's security protocols |
| 120 | Contains confidential information that could be used to evade the App Review process |
| 122 | Contains confidential information that could be used to evade the App Review process |
| 123 | Contains confidential information that could be used to evade the App Review process |
| 125 | Contains confidential information that could be used to evade the App Review process |
| 128 | Contains confidential information that could be used to evade the App Review process |
| 139 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 215 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 224.6 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 225 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 343 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 498 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 499 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 577 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 669 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |
| 706 | Contains confidential information that could be used to evade Apple's security protocols |
| **Paragraph of Conclusions of Law** | **Reason for Redaction** |
| 295 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

16. Pursuant to Local Rule 79-5(e), below is a list reflecting the information designated by other parties as confidential, on which Apple takes no position, highlighted in blue in the attached unredacted version:

| Paragraph of Proposed Findings of Fact | Reason for Redaction |
|---|---|
| 165.3 | Epic or Third Party Designation |
| 165.4 | Epic or Third Party Designation |
| 245 | Epic or Third Party Designation |
| 246 | Epic or Third Party Designation |
| 249.17 | Epic or Third Party Designation |
| 118 | Epic or Third Party Designation |
| 218 | Epic or Third Party Designation |
| 318 | Epic or Third Party Designation |
| 250.4 | Epic or Third Party Designation |
| 251.5 | Epic or Third Party Designation |
| 255.2 | Epic or Third Party Designation |
| 257.2 | Epic or Third Party Designation |
| 257.3 | Epic or Third Party Designation |
| 260 | Epic or Third Party Designation |
| 266.4 | Epic or Third Party Designation |
| 267.1 | Epic or Third Party Designation |
| 267.2 | Epic or Third Party Designation |
| 268.1 | Epic or Third Party Designation |
| 268.2 | Epic or Third Party Designation |
| 272 | Epic or Third Party Designation |
| 273.1 | Epic or Third Party Designation |
| 274.1 | Epic or Third Party Designation |
| 282 | Epic or Third Party Designation |
| 293 | Epic or Third Party Designation |
| 296 | Epic or Third Party Designation |
| 317 | Epic or Third Party Designation |
| 352 | Epic or Third Party Designation |
| 353 | Epic or Third Party Designation |
| 355.2 | Epic or Third Party Designation |
| 356 | Epic or Third Party Designation |
| 357 | Epic or Third Party Designation |
| 372 | Epic or Third Party Designation |
| 381 | Epic or Third Party Designation |
| 399 | Epic or Third Party Designation |
| 399.2 | Epic or Third Party Designation |
| 399.4 | Epic or Third Party Designation |
| 399.5 | Epic or Third Party Designation |
| 399.6 | Epic or Third Party Designation |
| 410 | Epic or Third Party Designation |
| 462 | Epic or Third Party Designation |
| 467.4 | Epic or Third Party Designation |
| 468 | Epic or Third Party Designation |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

| Paragraph of Proposed Findings of Fact | Reason for Redaction |
|---|---|
| 472 | Epic or Third Party Designation |
| 474 | Epic or Third Party Designation |
| 477 | Epic or Third Party Designation |
| 494.2 | Epic or Third Party Designation |
| 502 | Epic or Third Party Designation |
| 503.1 | Epic or Third Party Designation |
| 503.2 | Epic or Third Party Designation |
| 503.3 | Epic or Third Party Designation |
| 503.4 | Epic or Third Party Designation |
| 503.5 | Epic or Third Party Designation |
| 505 | Epic or Third Party Designation |
| 506 | Epic or Third Party Designation |
| 515 | Epic or Third Party Designation |
| 516 | Epic or Third Party Designation |
| 518.2 | Epic or Third Party Designation |
| 518.3 | Epic or Third Party Designation |
| 529.3 | Epic or Third Party Designation |
| 534.3 | Epic or Third Party Designation |
| 534.4 | Epic or Third Party Designation |
| 535 | Epic or Third Party Designation |
| 536 | Epic or Third Party Designation |
| 568.1 | Epic or Third Party Designation |
| 571 | Epic or Third Party Designation |
| 577 | Epic or Third Party Designation |
| 618 | Epic or Third Party Designation |
| 621 | Epic or Third Party Designation |
| 697.1 | Epic or Third Party Designation |
| 697.3 | Epic or Third Party Designation |
| 697.4 | Epic or Third Party Designation |
| **Paragraph of Proposed Conclusions of Law** | **Reason for Redaction** |
| 86 | Epic or Third Party Designation |
| 476 | Epic or Third Party Designation |
| 696 | Epic or Third Party Designation |
| 697 | Epic or Third Party Designation |
| 763 | Epic or Third Party Designation |
| 774 | Epic or Third Party Designation |
| 799 | Epic or Third Party Designation |
| 822 | Epic or Third Party Designation |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 7, 2021 at San Francisco, California.

6
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| 1 | |
| 2 | /s/ *Rachel S. Brass* |
| 3 | Rachel S. Brass |

7
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP