THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>   v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:19-cv-03074-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:19-cv-03074-YGR

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Defendant Apple Inc. ("Apple") moves the Court to partially seal its Proposed Findings of Fact and Conclusions of Law. Apple respectfully requests that the Court seal (1) non-public financial information and (2) confidential information that could aid a bad actor. Apple's proposed redactions of that information are highlighted in [YELLOW] in the attached unredacted version. In addition, Apple has provisionally redacted information designated as confidential by Epic and third parties, after meeting and conferring with these parties. *See* Local Rule 79-5(e). Provisional proposed redactions of that information are highlighted in [BLUE] in the attached unredacted version.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents attached to a dispositive motion or presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## DISCUSSION

Here, Apple has narrowly tailored its sealing request. It seeks only to seal (1) non-public financial information and (2) confidential information that could aid a bad actor.

**A.   The Court Should Grant Apple's Request As To Non-Public Financial Information.**

First, Apple asks the Court to seal specific non-public financial information. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where

Gibson, Dunn & Crutcher LLP

1

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:19-CV-03074-YGR

disclosure could harm a litigant's competitive standing.  *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).  Apple has narrowly tailored its specific sealing requests, focusing only on non-public financial information that could be of interest to its competitors.  Disclosure of the identified non-public confidential financial information would give Apple's competitors an unfair insight into Apple's business model and strategy, putting Apple in a competitive disadvantage.

**B.    The Court Should Grant Apple's Request As To Information That Could Aid A Bad Actor.**

Second, Apple requests that the Court seal specific information that could aid third parties in harming Apple or its customers, such as details about Apple's security policies and internal processes like Apple's App Review process.  Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  For example, courts have sealed information that could be used by a bad actor to breach a company's internal security system.  *See, e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing "information regarding Quora's investigation into the data breach incident that could be used by a bad actor to exploit and breach Quora's systems");

Gibson, Dunn & Crutcher LLP

2
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:19-CV-03074-YGR

*Music Group Macao Commercial Offshore Limited v. Foote*, No. 14-CV-03078, 2015 WL 3993147, at *5 (N.D. Cal. June 30 2015) ("[C]ourts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials."); *In re Google Inc. Gmail Litigation*, No. 13–MD–02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons existed to seal "information that if made public . . . could lead to a breach in the security of the Gmail system"). Similarly, courts seal information that could be abused by bad actors to harm the parties' themselves. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-0782, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information where "disclosing to bad actors who would seek to manipulate Google's systems information about how Google detects and reacts to invalid traffic").

Sealing here is necessary because third parties could use the identified information to evade Apple's important security policies and to manipulate Apple's App Review process. Public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping those efforts confidential is important to their effectiveness. In addition, Apple has designed a rigorous App Review process, using proprietary review tools and information, to protect users and developers alike from fraud, malware, and unwarranted intrusion into their privacy, as well as to evaluate the operation and reliability of proposed apps and app updates. The Court should seal the identified information in order to ensure that bad actors cannot use it to circumvent Apple's important review processes.

C. **Apple Takes No Position On The Information Designated As Confidential By Epic Or Third Parties**

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party. The parties have met and conferred in good faith to de-designate as much information as possible. Apple's Proposed Findings of Fact and Conclusions of Law includes remaining information designated by Plaintiff and Counter-Defendant Epic Games, Inc.'s as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order entered in this case. Apple takes no position

Gibson, Dunn & Crutcher LLP

3

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:19-CV-03074-YGR

on whether the information meets the standard for sealing at this time, but is filing the designated information under seal pursuant to the protective order and the Local Rules.  Pursuant to Local Rule 79-5(e)(1), Epic and any third parties have four days to file a declaration establishing that the material is "sealable" (as defined in Local Rule 79-5(b)).

In addition, the parties have agreed to meet and confer this week about the parties' requests for sealing.  If necessary, the parties will file any opposition to motions to seal within four business days.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated:  April 7, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:    */s/ Rachel S. Brass*
       Rachel S. Brass

Attorney for Defendant Apple Inc.