PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
27th Floor San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| | Case No. 4:20-cv-05640-YGR-TSH |
| EPIC GAMES, INC., | |
| Plaintiff, Counter-defendant, v. | **DECLARATION OF M. BRENT BYARS IN SUPPORT OF EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| APPLE INC., | |
| Defendant, Counterclaimant. | Judge: Hon. Yvonne Gonzalez Rogers |

I, M. Brent Byars, declare as follows:

1.      I am a Senior Attorney at Cravath, Swaine & Moore LLP, counsel to Epic Games, Inc. ("Epic") in the above-captioned actions.  I am admitted to appear before this Court *pro hac vice*.

2.      I submit this declaration pursuant to Civil Local Rule 79-5.  The contents of this declaration are based on my personal knowledge.

3.      Epic's Proposed Findings of Fact and Conclusions of Law quote or reproduce discovery materials that Apple or third parties have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order entered in this Court.  Epic is serving its Motion and Declaration on the affected third parties pursuant to Civil Local Rule 79-5(e).  The following Table shows each affected third party and the corresponding numbered Finding of Fact or Conclusion of Law that may contain information provided by each party.

| Finding of Fact Paragraph Number | Affected Party |
| --- | --- |
| 7 | Apple |
| 10 | Apple |
| 15 | Apple |
| 30 | Apple, Spotify |
| 35 | Apple |
| 39 | Apple |
| 40 | Apple |
| 42 | Apple |
| 46 | Apple |
| 47 | Apple |
| 57 | Apple |
| 59 | Apple |

-2-
DECLARATION OF M. BRENT BYARS IN SUPPORT OF EPIC'S ADMINISTRATIVE
MOTION TO SEAL PORTIONS OF ITS PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
4:20-cv-05640-YGR-TSH

| 63.k | Apple |
|------|-------|
| 70.b | Match Group |
| 78 | Match Group |
| 81 | Apple, Match Group |
| 85.a | Apple |
| 102 | Apple |
| 114 | Apple |
| 121 | Apple, Amazon |
| 123 | Apple |
| 124 | Apple |
| 142 | Apple |
| 147 | Match Group |
| 157 | Match Group |
| 160 | Apple |
| 161 | Apple |
| 166 | Apple |
| 174 | Apple |
| 176 | Apple |
| 192 | Apple |
| 195 | NVIDIA |
| 196 | Match Group |
| 206 | NVIDIA, Microsoft, Google |
| 207 | NVIDIA |
| 210 | Apple |

DECLARATION OF M. BRENT BYARS IN SUPPORT OF EPIC'S ADMINISTRATIVE
MOTION TO SEAL PORTIONS OF ITS PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
4:20-cv-05640-YGR-TSH

| 231 | Apple |
|---|---|
| 232 | Apple |
| 233 | Apple |
| 234 | Apple |
| 235 | Apple |
| 236 | Apple |
| 237 | Apple |
| 239 | Apple |
| 244 | Apple |
| 245 | Match Group |
| 248(c) | Apple |
| 250 | Microsoft, Facebook, Nvidia, Google |
| 259(c) | Amazon |
| 261(f) | Match Group |
| 262(a); (b); (d) | Match Group |
| 265(d) | Apple |
| 274 | Apple |
| 284 | Match Group |
| 285; 285(d) | Match Group |
| 285(g) | Apple |
| 287(c) | Uber, Apple |
| 289(c) | Match Group |
| 297(a) | Apple |
| 303 | Apple |

-2-
DECLARATION OF M. BRENT BYARS IN SUPPORT OF EPIC'S ADMINISTRATIVE
MOTION TO SEAL PORTIONS OF ITS PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
4:20-cv-05640-YGR-TSH

| 305(b); 305(c) | Apple, Netflix |
|---|---|
| 309 | Apple |
| 313 | Apple, Uber |
| 328 | Match Group |
| 329 | Match Group |
| 332(b) | Apple, GoshenWells |
| 472(a) | Apple |
| 484(b) | Apple |
| 493(b) | Apple |
| 495(a) | Apple |
| 495(b) | Apple |
| 503 | Apple |
| 505(b) | Apple |
| 505(c) | Apple |
| 505(d) | Apple |
| 510 | Apple |
| 512 | Apple |
| 512(a) | Apple |
| 513 | Apple |
| 515 | Apple |
| 516 | Apple |
| 517 | Apple |
| 520(a) | Apple |
| 520(b) | Apple |

-2-
DECLARATION OF M. BRENT BYARS IN SUPPORT OF EPIC'S ADMINISTRATIVE
MOTION TO SEAL PORTIONS OF ITS PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
4:20-cv-05640-YGR-TSH

| | |
|---|---|
| 521(d) | Apple |
| 522 | Apple |
| 525(c) | Apple |
| 526 | Apple, SourceDNA |
| 527 | Apple |
| 530(f) | Apple |
| 530(i) | Apple |
| 536(a) | Apple |
| 536(b) | Apple |
| 537 | Apple |
| 537(e) | Match |
| 537(f) | Match |
| 537(g) | Match |
| 540(c) | Apple |
| 542(a) | Apple |
| 544(a) | Apple |
| 547 | Apple |
| 549 | Apple |
| 550(e) | Apple |
| 550(g) | Apple |
| 550(i) | Apple |
| 550(j) | Apple |
| 551(a) | Apple |
| 551(b) | Apple |

| 551(c) | Apple |
|---|---|
| 552 | Apple |
| 552(a) | Apple |
| 552(b) | Apple |
| 552(c) | Apple |
| 552(d) | Apple |
| 552(e) | Apple |
| 552(f) | Apple |
| 553 | Apple |
| 560(b) | Apple, Roblox |
| 560(f) | Apple, Roblox |
| 564(a) | Apple, Amazon |
| 564(b) | Apple, Amazon |
| 564(c) | Apple, Amazon |
| 571 | Apple, Amazon, Uber |

| Conclusion of Law Paragraph Number | Affected Party |
|---|---|
| 18 | Apple |
| 19 | Apple |
| 42 | Match Group |
| 59 | Apple, App Annie |
| 70 | Apple |
| 71 | Apple |
| 72 | Apple |

-2-
DECLARATION OF M. BRENT BYARS IN SUPPORT OF EPIC'S ADMINISTRATIVE
MOTION TO SEAL PORTIONS OF ITS PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW
4:20-cv-05640-YGR-TSH

| 73 | Apple |
|---|---|
| 91 | Apple |
| 101 | Apple |
| 102 | Apple |
| 104 | Apple |
| 107 | Apple |
| 108 | Apple |
| 149 | Apple |
| 259 | Apple, App Annie |
| 274 | Apple, Microsoft |
| 295 | Apple |
| 302 | Apple |
| 310 | Apple |
| 311 | Apple |
| 358 | Apple |
| 365 | Match Group |
| 381 | Apple |

4.      I have met and conferred with counsel for Apple Inc., including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in narrowing the amount of designated confidential material and consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential.  The redacted versions of the Proposed Findings of Fact and Conclusions of Law reflect the results of that negotiation.

5.      However, the parties have not had an opportunity to inspect the opposing party's Proposed Findings of Fact and Conclusions of Law.  In addition, the parties have requested the provisional sealing of certain information in which third parties may have confidentiality interests (whether the party's information was produced by such third party or by one of the parties).  It is thus not feasible at this time for the parties to execute a stipulation of sealing.

6.      The parties therefore have agreed, after filing, to promptly review any redacted portions of the opposing party's Proposed Findings of Fact and Conclusions of Law.  The parties will promptly withdraw any request for provisional sealing to the extent possible based on their review of the other party's filing and will meet and confer in good faith to resolve any objections to any remaining requests to seal.  If a party opposes the redactions proposed by another party, it will file such opposition by April 12, 2021, on the same day each must file a declaration in support of any request to seal.  The parties will also cooperate to provide prompt notice to any third parties who may have confidentiality interests in information provisionally sealed in the Proposed Findings of Fact and Conclusions of Law so that those third parties may determine whether to request sealing of such information by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on April 7, 2021 in New York, New York.

*/s/ M. Brent Byars*
M. Brent Byars