THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
JASON C. LO, SBN 219030
  jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

[*Additional counsel on signature page*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>　　　　Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br>Case No. 4:11-cv-06714-YGR-TSH<br>Case No. 4:19-cv-03074-YGR-TSH<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM GOOGLE** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, *et al.*,<br><br>　　　　Plaintiffs<br><br>v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Hon. Yvonne Gonzalez Rogers<br>Hon. Thomas S. Hixson |

Gibson, Dunn & Crutcher LLP

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* and *Cameron v. Apple Inc.* agreed to a Stipulated Protective Order on January 6, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 195; Case No. 4:19-cv-03074-YGR, Dkt. No. 81);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 199; Case No. 4:19-cv-03074-YGR, Dkt. No. 85) (the "Protective Order");

WHEREAS, parties to *Epic Games, Inc. v. Apple Inc.* agreed that the terms of the Stipulated Protective Order in *Cameron v. Apple Inc.* and *In re Apple iPhone Antitrust Litigation* should also apply in *Epic Games, Inc. v. Apple Inc.* (Case No. 4:20-cv-05640, Dkt. No. 110) (collectively, the "Litigations"), and the Court entered a stipulated protective order in *Epic Games, Inc. v. Apple Inc.* on October 2, 2020 with identical terms (Case No. 4:20-cv-05640, Dkt. No. 112);

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the Litigations have served subpoenas on Alphabet Inc. ("Google")[1];

WHEREAS Google is willing to produce competitively sensitive information in response to subpoenas served on it in these Litigations, subject to certain additional protections beyond those set forth in the Protective Order and that the Parties to the Litigations agree to;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Google in connection with the Litigations shall be further subject to the following provisions (the "Supplemental Protective Order"):

**A.   GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any

---

[1] The term "Google" shall include any entity that responds to subpoenas served on Alphabet Inc. in the Litigations. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Alphabet Inc. and/or Google LLC, and their subsidiaries.

1

Gibson, Dunn & Crutcher LLP

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

1  definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.  The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Google, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Protective Order.

B.  **ADDITIONAL DEFINITIONS**

1.  Business Consultant:  a consultant advising on or involved in competitive decision-making.

2.  Party Expert:  with respect to "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the Litigations who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Google, or of any Google competitor, or otherwise currently involved in competitive decision-making for a Party, Google, or for any Google competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Google, or Google's  competitor, or otherwise been involved in competitive decision-making for a Party, Google, or Google's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Google, or of any Google competitor, or to be otherwise involved in competitive decision-making for a Party or for any Google competitor.  If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Google or any Google competitor, or otherwise involved in competitive decision-making for Google or any Google competitor, the Party learning such information shall promptly disclose the information to Google.

3.  "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items" produced by Google

2

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

Gibson, Dunn & Crutcher LLP

and that contain algorithms and source code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development, testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of Google's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Google or competitors to Google; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any such information.

**C.   ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF GOOGLE PROTECTED MATERIALS**

1. <u>Manner of Designating "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u>.  To qualify for protection as "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY",  Google must affix the legend "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Google seeks protection under this Supplemental Protective Order.

2. <u>Disclosure of "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by Google, a Party may disclose any information or item designated "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

   (a)   the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

3

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

Gibson, Dunn & Crutcher LLP

(b) Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.2, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "GOOGLE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 9, 2021         By:   */s/ Jay P. Srinivasan*

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr.
Richard J. Doren
Daniel G. Swanson
Mark A. Perry
Veronica S. Moyé
Cynthia E. Richman
Jay P. Srinivasan
Jason C. Lo
Ethan D. Dettmer
Eli M. Lazarus

*Attorneys for Defendant Apple Inc.*

Dated: April 9, 2021         By:   */s/ Rachele R. Byrd*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
750 B Street, Suite 1820

4

Gibson, Dunn & Crutcher LLP

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Consumer Plaintiffs' Interim Class Counsel*

Dated: April 9, 2021         By:   */s/ Steve W. Berman*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Shana E. Scarlett (SBN 217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Developer Plaintiffs' Interim Class Counsel*

5

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

Gibson, Dunn & Crutcher LLP

Dated: April 9, 2021                    By:     /s/ Yonatan Even
                                                Yonatan Even

**CRAVATH, SWAINE & MOORE LLP**
Christine Varney (*pro hac vice*)
Katherine B. Forrest  (*pro hac vice*)
Gary A. Bornstein  (*pro hac vice*)
Yonatan Even  (*pro hac vice*)
Lauren A. Moskowitz  (*pro hac vice*)
M. Brent Byars  (*pro hac vice*)
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
cvarney@cravath.com
kforrest@cravath.com
gbornstein@cravath.com
yeven@cravath.com
lmoskowitz@cravath.com
mbyars@cravath.com

Respectfully submitted,

*Attorneys for Plaintiff Epic Games, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____            _____
                                   HON. YVONNE GONZALEZ ROGERS
                                   United States District Judge

6

Gibson, Dunn & Crutcher LLP

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

**ECF SIGNATURE ATTESTATION**

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

Dated:  April 9, 2021                                          GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jay P. Srinivasan*
   Jay P. Srinivasan
   Attorney for Defendant Apple Inc.

7

Gibson, Dunn & Crutcher LLP

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GOOGLE
CASE NOS. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH