KAREN HOFFMAN LENT (admitted *pro hac vice*)
EVAN R. KREINER (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000
Email: karen.lent@skadden.com
Email: evan.kreiner@skadden.com

Attorneys for Defendant
APPLE INC.

[Additional counsel listed on signature
page]

**UNITED STATES DISTRICT COURT**
**IN THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | **APPLE INC.'S NOTICE OF MOTION AND MOTION FOR PRE-TRIAL SANCTIONS AGAINST EPIC GAMES, INC. AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| APPLE INC., | Date:  April 13, 2021 at 2:00 p.m. |
| *Defendant, Counterclaimant.* | Courtroom:  1 – 4th Floor |
| | Judge:  Hon. Yvonne Gonzalez Rogers |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 13 at 2:00pm, or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable Yvonne Gonzalez Rogers, Courtroom 1, 14th Floor, United States District Court, 1301 Clay Street, Oakland, California, Defendant Apple Inc., will and hereby does move the Court for pre-trial sanctions against Epic pursuant to Federal Rule of Civil Procedure 37, as set forth in the attached memorandum in support.

This motion for pre-trial sanctions (as set forth in the attached memorandum in support) is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follows, the Declarations of Karen Lent, Jay Srinivasan, and Michelle Lowery, any reply papers that may be filed, and on the arguments of counsel.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................1

RELEVANT BACKGROUND ....................................................................................2

      A.    Epic's Rule 26(a) Disclosures and Witness List............................2

      B.    Apple's Course of Dealing With the Relevant Third Parties.....................3

           1.    Apple's Course of Dealing With Facebook ....................................4

           2.    Apple's Course of Dealing With Microsoft..................................5

           3.    Apple's Course of Dealing With Yoga Buddhi ............................5

           4.    Apple's Course of Dealing With SmartStops ................................6

ARGUMENT ................................................................................................................6

I.    EPIC'S RULE 26(A) DISCLOSURES WERE DEFICIENT ...............6

II.    THE COURT SHOULD PROHIBIT EPIC FROM CALLING MR. SHARMA, MS. WRIGHT, OR MR. SIMON UNLESS THEY TIMELY PRODUCE DOCUMENTS SUFFICIENT FOR A FAIR CROSS EXAMINATION ..............................................................................7

      A.    Epic's Failure to Disclose Was Not Substantially Justified.......................8

      B.    Epic's Failure to Disclose Was Not Harmless .............................................8

CONCLUSION...........................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Benjamin v. B & H Education, Inc.*,
   2015 WL 6164891 (N.D. Cal. Oct. 16, 2015) ............................................................. 7, 9

*Hoyle v. Freightliner, LLC*,
   650 F.3d 321 (4th Cir. 2011) ................................................................................... 10

*Ollier v. Sweetwater Union High School District*,
   768 F.3d 843 (9th Cir. 2014) ........................................................................... 8, 9, 10

*R & R Sails, Inc. v. Insurance Co. of Pennsylvania*,
   673 F.3d 1240 (9th Cir. 2012) ...................................................................................... 8

*Rodman v. Safeway, Inc.*,
   2015 WL 5315940 (N.D. Cal. Sept. 11, 2015) ................................................ 8, 9, 10, 11

*Shenwick v. Twitter, Inc.*,
   2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) .......................................................... 10

*U.S. ex rel. Brown v. Celgene Corp.*,
   2015 WL 12731923 (C.D. Cal. July 24, 2015) ......................................................... 7, 9

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ..................................................................................... 7

## RULES

Fed. R. Civ. P. 26(a) ......................................................................................... *passim*

Fed. R. Civ. P. 37(c) ................................................................................................... 7

## OTHER AUTHORITIES

Moore's Federal Practice § 26.22 ................................................................................ 7

Moore's Federal Practice § 37.63 ................................................................................ 9

1

**PRELIMINARY STATEMENT**

2   By its failure to disclose individual third-party witnesses as Federal Rule of Civil Procedure

3   ("Rule") 26(a) requires, Epic has created a procedurally unfair situation in which Apple is unable

4   to adequately prepare to address the potentially sweeping scope of testimony that Epic apparently

5   plans to elicit from these witnesses.  Rather than comply with Rule 26(a) by listing the names of

6   these individuals in their disclosures, Epic listed the corporations for which they work along with a

7   general reference to "the employees of the foregoing," which did not provide notice to Apple that

8   Epic would be relying on these particular individuals from these corporations.  Apple would have

9   no issue with these third parties testifying at trial if Epic's failure to identify them had not

10  prejudiced Apple's ability to conduct fair cross examinations.  Epic, however, did not timely

11  disclose these individuals as it was required to do, which prevented Apple from seeking documents

12  from these specific individuals during fact discovery.  Indeed, by the time Epic disclosed these

13  individuals as trial witnesses, fact discovery had ended, Apple was out of time to file a motion to

14  compel, and trial is now less than a month away.  As a result, Apple is unable to obtain the

15  documents necessary for a fair cross examination.  To make matters worse, Epic has exacerbated

16  its late disclosure by assisting these third parties' efforts to resist discovery.

17  Epic's failure to adequately disclose its trial witnesses and the resulting prejudice to

18  Apple's ability to litigate this case on a level playing field is prejudicial to the Court as well.  As

19  the finder of fact, the Court is entitled to an orderly trial where the facts presented have been well

20  developed with an opportunity for each testifying witness to have been cross examined on a full

21  record.

22  Moreover, any prejudice could have been sufficiently mitigated had these parties produced

23  the requested documents from these custodians once Epic identified them on its initial witness list.

24  Had that happened, Apple would have had a fair opportunity to depose these individuals before

25  trial such that *both parties* would be able to present a cogent examination at trial.  In fact, one of

26  the individuals on Epic's witness list—Shelley Gould of SmartStops—is doing exactly that.  Ms.

27  Gould agreed to produce relevant documents in advance of her deposition on April 20, 2021.

28

1

1   Accordingly, Apple is not objecting to Ms. Gould appearing at trial.  But because the other three

2   newly identified third-party witnesses—Vivek Sharma of Facebook, Lori Wright of Microsoft, and

3   Benjamin Simon of Yoga Buddhi—are refusing to do the same, Apple asks this Court to sanction

4   Epic under Rule 37 by precluding these three individuals from testifying unless they agree to make

5   sufficient productions four business days in advance of their depositions.  Epic's procedural

6   gamesmanship created this unfair situation, and Epic should be sanctioned if the witnesses it

7   intends to rely on continue to refuse to produce documents necessary for a fair cross examination.[1]

8                                 **RELEVANT BACKGROUND**

9   **A.      Epic's Rule 26(a) Disclosures and Witness List**

10          On October 12, 2020, Epic served its initial Rule 26(a) disclosures.  *See* Declaration of Jay

11  P. Srinivasan in Support of Apple Inc.'s Motion for Pre-Trial Sanctions ("Srinivasan Decl.") Ex. A.

12  When identifying individuals with information that it may use to support its claims or defenses,

13  Epic listed "[t]hird-party distributors of software, including other OEMs and video game console

14  makers that operate their own app stores."  *Id.* at 5.  These disclosures did not mention Facebook,

15  Microsoft, Yoga Buddhi, or SmartStops, but did identify an individual Microsoft employee, Kevin

16  Gammill, who purportedly had information about "third-party developers' reliance on *Unreal*

17  *Engine*."  *Id.*

18          On January 13, 2021, Epic served amended Rule 26(a) disclosures identifying 26 current or

19  former Epic employees, along with 21 current or former Apple employees.  *See* Srinivasan Decl.

20  Ex B.  Epic also listed:

21          24. Third-party developers of iOS-compatible apps who have participated in the
            Apple Developer Program to distribute their apps to iOS users, including Match
22          Group, Inc., Spotify USA Inc., Basecamp, LLC, Scroll Labs Inc., Yoga Buddhi Co.,
            and Neuro-Fin Inc. d/b/a SmartStops, and the employees of the foregoing.
23
            25. Third-party distributors of software, including other OEMs and video game
24          console makers that operate their own app stores, including Alphabet Inc., Microsoft

25  _____

26  [1] All three of the third-party witnesses at issue in this motion work for companies that are publicly
    aligned with Epic and against Apple in the context of this dispute.  They have also apparently been
27  coordinating with Epic in the litigation; these entities are certainly free to take sides, but if they are
    going to insert themselves into the lawsuit, then they should be subject to full and fair discovery.
28                                              2

1    Corporation, Amazon.com, Inc., Facebook, Inc, and SaurikIT, LLC, and the
     employees of the foregoing. . . .
2
     28. Third-party payment processors, including those that offer payment processing
3    services to developers of iOS apps, including Adyen, Inc., CyberSource Corp.,
     PayPal Holdings, Inc., Braintree, Square, Inc., and Stripe, Inc., and the employees of
4    the foregoing.

5    *Id.* at 6.  Epic's amended disclosures contained the same information as its initial disclosures

6    concerning Microsoft employee Kevin Gammill, *see id.*, but did not include the names of any other

7    individual employees of the above-listed companies.  *See id.*

8         Two months later, on March 12, 2021, Epic served its Tentative Initial Witness List.  *See*

9    Srinivasan Decl. Ex. C.  Notwithstanding that none of these individuals appeared in its Rule 26(a)

10   disclosures, Epic included individual employees of Facebook, Microsoft, Yoga Buddhi, and

11   SmartStops, along with expansive topics for their testimony.  Specifically, Epic listed:

12       ▪  "Vivek Sharma, Vice President, Gaming, Facebook, Inc." to testify about "App
            distribution; Apple restrictions on iOS app distribution; App Store review process;
13          interactions with Apple"

14       ▪  "Lori Wright, Vice President, Xbox Business Development, Microsoft Corporation" to
            testify about "Distribution of software; Xbox video game console business and
15          operations; Xbox cloud gaming, including xCloud and Game Pass; interactions with
            Apple"
16
         ▪  "Benjamin Simon, Founder and Chief Executive Officer, Yoga Buddhi Co." to testify
17          about "App distribution; participation in the Apple Developer Program; App Store
            review process; interactions with Apple"
18
         ▪  "Shelley Gould, President, Co-Founder, Neuro-Fin Inc. d/b/a SmartStops" to testify
19          about "App distribution; participation in the Apple Developer Program; App Store
            review process; interactions with Apple"
20
     *Id.* at 9.
21

22        **B.     Apple's Course of Dealing With the Relevant Third Parties**

23        After it received Epic's witness list, Apple engaged with counsel for Facebook, Microsoft,

24   Yoga Buddhi, and SmartStops.  Apple requested that each of these third parties produce documents

25   necessary for a fair cross examination of their newly-disclosed employees who appeared on Epic's

26   witness list.  As further detailed below, counsel for SmartStops agreed to such productions, while

27   counsel for Facebook, Microsoft, and Yoga Buddhi refused.

28
                                               3

1           1.     <u>Apple's Course of Dealing With Facebook</u>

2       During fact discovery, Apple served two subpoenas on Facebook.  On December 9, 2020,

3 Apple served a subpoena requesting documents concerning, among other things, the distribution of

4 Facebook's apps, along with how Apple's app store approval process has purportedly impacted

5 Facebook.  *See* Declaration of Karen Hoffman Lent in Support of Apple's Motion for Pre-Trial

6 Sanctions Against Epic ("Lent Decl.") Ex. A.  A few weeks later, Facebook began a public

7 campaign against a new privacy enhancement developed by Apple.  As part of this campaign,

8 Facebook asserted that it "is committed to providing relevant information in the Epic Games

9 litigation regarding how Apple's policies have adversely impacted Facebook and the people and

10 businesses who use our services."  News Release (Dec. 16, 2020), *at*

11 https://about.fb.com/news/2020/12/speaking-up-for-small-businesses/.  Given Facebook's stated

12 intent to help Epic, Apple issued a second subpoena requesting documents concerning Facebook's

13 communications with developers about litigation against Apple and privacy policies Facebook

14 linked to Epic's claims.  *See* Lent Decl. Ex. B.

15       Apple and Facebook met and conferred multiple times to narrow the scope of these

16 subpoenas.  *See id.* Ex. C.  Facebook refused to produce documents pursuant to multiple requests in

17 the first subpoena, and refused to produce any documents responsive to the second subpoena.

18 Because Epic did not depose or list in its Rule 26(a) disclosures any Facebook employee and

19 because Facebook repeatedly objected to more than a minimal production given its third party

20 status, Apple agreed that so long as no Facebook employee testified at trial, it would not seek

21 additional document productions.  *See id.* (emails from E. Kreiner on Feb. 4, 10).

22       On March 17, 2021, soon after Epic included Mr. Sharma on its witness list, Apple notified

23 Facebook it was renewing its demand for documents pursuant to the second subpoena and

24 requested information about Facebook's search of Mr. Sharma's files for its response to the first

25 subpoena, which Facebook refused to provide.  *See id.* (email from E. Kreiner on Mar. 17).  Apple

26 explained that it was only seeking documents to enable it to fairly and effectively cross examine

27 Mr. Sharma, and attempted to reduce the burden on Facebook by offering a compromise proposal

28

**Apple's Motion for Pre-Trial Sanctions**                         **No. 4:20-cv-05640-YGR-TSH**

1   limited primarily to documents from Mr. Sharma's files related to the subjects Epic listed for his

2   testimony.  *See id.* (email from E. Kreiner on Mar. 24).

3          Facebook declined Apple's compromise proposal, which Apple then moved to enforce.  *See*

4   Dkt. 395.  In response to the letter brief between Apple and Facebook, Epic filed a letter that

5   supported Facebook's contention that it need not produce additional documents.  *See* Dkt. 398.

6   Judge Hixson denied Apple's motion because it came more than a week after the close of fact

7   discovery and because Facebook was not responsible for Epic's Rule 26(a) disclosures, but noted

8   that Apple could move this Court for appropriate sanctions against Epic under Rule 37.  *See* Dkt.

9   399.

10                   2.      Apple's Course of Dealing With Microsoft

11          On November 6, 2020, Apple served Microsoft with a subpoena seeking documents related

12   to Microsoft's distribution channels for games (including Xbox), interactions with Epic, and

13   interactions with the Coalition for App Fairness (a group founded in part by Epic to challenge

14   Apple's app store policies).  *See* Declaration of Michelle Lowery in Support of Apple's Motion for

15   Pre-Trial Sanctions Against Epic ("Lowery Decl.") Ex. A.  Microsoft ultimately produced a total of

16   79 documents and refused to produce several categories of documents.  *Id.* ¶ 4.  Nevertheless, due

17   to Microsoft's third-party status, Apple deferred a motion to compel this information unless and

18   until such a motion became necessary, including if a Microsoft witness were to testify at trial.  *Id.*

19          On March 12, 2021, Epic identified Ms. Wright as a trial witness.  *See* Srinivasan Decl. Ex.

20   C.  Given Microsoft's prior deficient production, which included no documents from Ms. Wright's

21   email files, Apple promptly renewed its requests for Microsoft's documents.  *See* Lowery Decl.

22   ¶¶ 5-6.  Notwithstanding Ms. Wright's inclusion on the witness list, Microsoft has continued to

23   refuse to produce any additional documents, including responsive documents resulting from a

24   search of Ms. Wright's custodial files.  *Id.* ¶ 7.

25                   3.      Apple's Course of Dealing With Yoga Buddhi

26          On December 8, 2020, Apple served Yoga Buddhi—which like Epic is a member of the

27   Coalition for App Fairness—with a subpoena seeking documents related to the distribution of its

28

**Apple's Motion for Pre-Trial Sanctions**                          **No. 4:20-cv-05640-YGR-TSH**

1  app.  *See id.* Ex. D.  Following multiple meet and confers, Yoga Buddhi produced only 94

2  documents (excluding a limited number of spreadsheets).  *See id.* ¶ 10.  As with Facebook and

3  Microsoft, Apple deferred compelling additional productions given Yoga Buddhi's third-party

4  status.  *See id.*

5        On March 12, 2021, Epic designated Mr. Simon as a witness.  *See* Srinivasan Decl. Ex. C.

6  Apple promptly renewed its requests for certain categories of documents, particularly those from

7  Mr. Simon's files related to Yoga Buddhi's bias.  *See id.* ¶¶ 11-13.  Like Facebook and Microsoft,

8  Yoga Buddhi refused to produce any additional documents, including documents obtained pursuant

9  to a custodial search of Mr. Simon's files.  *See id.* ¶¶ 12-14.

10        4.   Apple's Course of Dealing With SmartStops

11        On March 12, 2021, Epic identified SmartStops' Founder and CEO Shelley Gould as a trial

12  witness.  *See* Srinivasan Decl. Ex. C.  Accordingly, Apple requested that SmartStops produce

13  documents from Ms. Gould's custodial files.  *See id.* Ex. E.  Although SmartStops originally

14  resisted this request, on March 30, 2021, SmartStops agreed to produce Ms. Gould's documents to

15  the extent they are responsive to Apple's requests.  *See id.* Ex. F.  SmartStops agreed that it would

16  aim to complete document productions by April 13, 2021, which would be seven days before the

17  April 20, 2021 date set for Ms. Gould's deposition.  *See id*.  Thus, despite Epic's failure to disclose

18  her, SmartStops' agreement to produce responsive documents sufficiently in advance of Ms.

19  Gould's deposition will provide Apple with the ability to conduct a fair cross examination of Ms.

20  Gould, which avoids the need for any relief regarding her testimony.

21        **ARGUMENT**

22  **I.**   **EPIC'S RULE 26(A) DISCLOSURES WERE DEFICIENT**

23        Rule 26(a) compels disclosure of "*the name . . . of each individual* likely to have

24  discoverable information—along with the subjects of that information—that the disclosing party

25  may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed.

26  R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  As indicated by the plain text of Rule 26(a)(1)(A)(i),

27  "[t]he parties must provide the specific names of the individuals they might use as a witness.  It is

28

**Apple's Motion for Pre-Trial Sanctions**        **No. 4:20-cv-05640-YGR-TSH**

1  not sufficient to identify them through the use of a collective description, such as 'employees or

2  representatives of the defendant.'" Moore's Federal Practice § 26.22(4)(a)(i) (collecting cases).

3  Requiring parties to identify individuals furthers one of the "primary purposes" of Rule 26(a)(1),

4  which is to "enable[] a party directly to interview or depose the witness or collect evidence from

5  the witness to test his or her statements." *U.S. ex rel. Brown v. Celgene Corp.*, 2015 WL

6  12731923, at 3 (C.D. Cal. July 24, 2015) (citation omitted).

7       Epic's Rule 26(a) disclosures are plainly deficient when it comes to the individual third-

8  party witnesses at issue in this motion because Epic failed to identify them at all, much less by

9  name. And because Rule 26(a)(1)(A)(i) requires disclosure of "the name . . . of each individual,"

10  this deficiency is not excused merely because Epic listed these individuals' employers, along with

11  the phrase "and the employees of the foregoing." *See* Moore's Federal Practice § 26.22(4)(a)(i);

12  *Benjamin v. B & H Educ., Inc*., 2015 WL 6164891, at 2 (N.D. Cal. Oct. 16, 2015) (excluding

13  declaration of third-party witness not included on Rule 26(a) disclosure, and rejecting as

14  "ridiculous" that witness was sufficiently disclosed by virtue of "catch-all reference" to other

15  "current and former" students of defendant), *aff'd*, 877 F.3d 1139 (9th Cir. 2017).

16  **II.    THE COURT SHOULD PROHIBIT EPIC FROM CALLING MR.**
**SHARMA, MS. WRIGHT, OR MR. SIMON UNLESS THEY TIMELY**
17  **PRODUCE DOCUMENTS SUFFICIENT FOR A FAIR CROSS EXAMINATION**

18       "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not

19  allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the

20  failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly,*

21  *Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) ("The Advisory Committee

22  Notes describe [Rule 37(c)] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong

23  inducement for disclosure of material.'" (second alteration in original) (citation omitted)). "In

24  addition to or instead of this sanction, the court, on motion and after giving an opportunity to be

25  heard . . . may impose other appropriate sanctions . . . ." Fed. R. Civ. P. 37(c)(1)(C). "The party

26  facing sanctions bears the burden of proving that its failure to disclose the required information

27

28

**Apple's Motion for Pre-Trial Sanctions**                                      **No. 4:20-cv-05640-YGR-TSH**

1  was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246

2  (9th Cir. 2012) (citation omitted).

3       **A.    Epic's Failure to Disclose Was Not Substantially Justified**

4       "Substantial justification is justification to a degree that could satisfy a reasonable person

5  that parties could differ as to whether the party was required to comply with the disclosure

6  request." *Rodman v. Safeway, Inc.*, 2015 WL 5315940, at 2 (N.D. Cal. Sept. 11, 2015) (citation

7  omitted).  Here, the failure to disclose the individual witnesses was not substantially justified

8  because there is no legitimate dispute that Rule 26(a) required Epic to disclose "the name . . . of

9  each individual likely to have discoverable information . . . that [Epic] may use to support its

10  claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).

11       Notwithstanding the clear requirements of Rule 26(a), Epic has wrongly suggested that its

12  failure to disclose these individuals is substantially justified because Epic and Apple agreed that

13  "any witnesses identified by any Party as a trial witness who has not already been deposed shall be

14  made available for deposition by the other Party in advance of trial."  Dkt. 352, at 3; *see also* Dkt.

15  398, at 1 (letter from Epic suggesting Facebook need not produce additional documents due to this

16  agreement).  Epic's interpretation is contrary to the clear terms of this agreement, which relates

17  only to witnesses who have "not already been deposed," not witnesses who were not previously

18  *disclosed*.  The stipulation makes no mention of Rule 26(a) or relieving Epic of its disclosure

19  obligations.  Epic's misconstruction of this agreement and attempted gamesmanship is not

20  substantial justification for its failure to disclose the individual third-party witnesses.  *See Ollier v.*

21  *Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("We—and the Advisory

22  Committee on the Federal Rules of Civil Procedure—have warned litigants not to 'indulge in

23  gamesmanship with respect to the disclosure obligations' of Rule 26." (citation omitted)).

24       **B.    Epic's Failure to Disclose Was Not Harmless**

25       Courts consider four factors to determine whether a violation of Rule 26(a) is harmless:

26  "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that

27  party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or

28

1   willfulness involved in not timely disclosing the evidence." *Rodman*, 2015 WL 5315940, at 2

2   (citation omitted).  The "more significant factor is whether the omission caused other parties to

3   suffer prejudice, and if so, whether the ill effects of the nondisclosure can be remedied by ordering

4   supplemental productions of information."  Moore's Federal Practice § 37.63.

5          Here, each of these factors demonstrates that Epic's failure to disclose these witnesses was

6   not harmless.  *First*, Apple will suffer significant prejudice if the Court permits Mr. Sharma, Ms.

7   Wright, or Mr. Simon to testify without first producing documents necessary for a fair cross

8   examination.  Had Apple known that Epic would rely on testimony from these individuals, Apple

9   would have targeted document discovery to those individuals, so that it could "collect evidence

10  from the witness[es] to test [their] statements," *U.S. ex rel. Brown*, 2015 WL 12731923, at 3, and

11  likely would have deposed them during the fact discovery period.  As it stands, Apple has two

12  documents from the custodial files of Ms. Wright, 30 emails from Mr. Simon's custodial file (but

13  none related to cross-examination or credibility issues), and only about 200 documents from Mr.

14  Sharma's files even though Facebook conceded that over 17,000 of his documents hit on the

15  specific search terms Apple proposed.  *See* Dkt. 395, at 4.  While Apple has attempted to obtain

16  sufficient documents from the individual files of all four newly-disclosed third-party witnesses on

17  Epic's witness list, only one of the third parties—SmartStops—was willing to negotiate an

18  acceptable agreement.

19         Epic's suggestion that Apple suffered no prejudice because Epic disclosed the corporate

20  entities for which these individuals work, along with "the employees of the foregoing," Dkt. 398, is

21  unsupported in law and fact.  That type of disclosure does not enable Apple to determine which—if

22  any—employees might testify, and precludes the type of targeted discovery Rule 26(a) promotes

23  and which fairness requires.  *See Ollier*, 768 F.3d at 863 ("An adverse party should not have to

24  guess which undisclosed witnesses may be called to testify."); *Benjamin*, 2015 WL 6164891, at 2

25  (rejecting as "ridiculous" plaintiffs' argument that witness was sufficiently disclosed by virtue of

26  "catch-all reference" to other "current and former" students of defendant).  Moreover, that Epic

27  included the name of an individual third-party witness in its Rule 26(a) disclosures, *see* Srinivasan

28

9

**Apple's Motion for Pre-Trial Sanctions**                                    **No. 4:20-cv-05640-YGR-TSH**

1   Decl. Ex. B, and that this individual was the only third-party witness to submit a declaration in

2   support of Epic's motion for a temporary restraining order, *see* Dkt. 40, reinforced the conclusion

3   required by Rule 26(a) that Epic would not rely on testimony from undisclosed individual third-

4   party witnesses. *See Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at 2 (N.D. Cal. Mar. 31, 2021)

5   ("That Twitter disclosed some of the persons from Plaintiffs' Rule 26 disclosure in its own Rule 26

6   disclosure, but not the witnesses who are the subject of this motion, made it even less likely that

7   Plaintiffs would conclude that the omitted witnesses were material.").

8       Nor does the mere opportunity to depose these witnesses in the few weeks before trial

9   mitigate the substantial prejudice to Apple. In order to effectively cross examine these witnesses

10   and respond to their testimony, Apple will require additional "formal and informal discovery"

11   (such as documents from their files), and will then need to "incorporate [that material] into [its]

12   pretrial preparations quickly enough to begin trial." *Rodman*, 2015 WL 5315940, at 2.

13       Specifically concerning Mr. Sharma, Facebook has incorrectly argued that Apple should

14   have known he may be a trial witness because he was mentioned once in the 291-paragraph

15   complaint. *See* Dkt. 395, at 6-7. However, this reference was merely repeating a quote from Mr.

16   Sharma that appeared in a New York Times article about the Facebook Gaming app. *See*

17   Complaint, Dkt. 1, at ¶ 92. This is no substitute for Epic including Mr. Sharma in its Rule 26(a)

18   disclosures as an individual on whom Epic might rely to support its claims, and plainly does not

19   mitigate the prejudice to Apple resulting from Epic's failure to disclose him. *See Ollier*, 768 F.3d

20   at 843 (district court did not abuse its discretion in excluding previously undisclosed witnesses

21   mentioned during depositions); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011)

22   (district court did not abuse discretion by striking declaration of undisclosed witness mentioned in

23   response to an interrogatory); *see also Shenwick*, 2021 WL 1232451, at 2.

24       *Second*, Epic is unable to cure the prejudice to Apple resulting from its deficient Rule 26(a)

25   disclosures. Despite Epic's interventions on behalf of these third parties, Epic maintains that it has

26   no control over whether or when they will produce additional documents. Apple takes Epic at its

27   word that Epic cannot cure the prejudice to Apple resulting from Epic's insufficient Rule 26(a)

28

**Apple's Motion for Pre-Trial Sanctions**        **No. 4:20-cv-05640-YGR-TSH**

1    disclosures.  Moreover, while Apple has been able to mitigate some of the prejudice resulting from

2    Epic's failure to disclose Ms. Gould of SmartStops, the other third-party witnesses have refused to

3    produce additional documents necessary for a fair cross examination.

4          *Third*, given the compressed time to trial, disruption to the trial is likely if the third-party

5    witnesses' depositions—or trial testimony—must be delayed to allow time for a sufficient

6    production of documents in advance of a deposition.  Indeed, trial is scheduled to begin in less than

7    a month, and it is highly unlikely that these parties could make an appropriate document production

8    sufficiently in advance of a pre-trial deposition to allow for meaningful examination on the broad

9    subjects on which Epic stated they will offer testimony at trial.  In fact, on April 8, Microsoft

10   notified counsel for Apple that it was unwilling to provide any proposed dates for Ms. Wright's

11   deposition other than April 16.  *See* Lowery Decl. Ex. C.[2]

12         *Fourth*, Epic's failure to disclose these individuals was willful.  "'[D]isobedient conduct not

13   shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad

14   faith, or fault."  *Rodman*, 2015 WL 5315940, at 3 (citation omitted).  Even if Epic were merely

15   negligent in failing to disclose these individuals' names—whether because Epic delayed

16   coordinating with the third parties about which of their employees would testify or because Epic

17   simply forgot that Rule 26(a) requires disclosure of individuals—that conduct was willful.

18         In any event, Epic's conduct has unfairly placed Apple in a procedural Catch-22.  Prior to

19   the close of fact discovery, Epic did not indicate that it intended to call these individuals at trial—

20   indeed, it did not even depose them—so Apple did not push the third parties to produce documents

21   from their individual files.[3]  Nor could Apple have known to push for these specific individuals'

22   files.  Then, Epic disclosed these individuals as trial witnesses after Apple was out of time to file a

23

24   ───────────────────

25   [2] This is the precise outcome counsel for Epic (who inconsistently disclaimed or claimed
     that he had contact with the third parties at issue in this Motion) had proposed during a meet and
     confer that occurred before April 8 (i.e., when Microsoft's counsel confirmed Ms. Wright's limited
26   availability).  *See* Lowery Decl. ¶ 8.

27   [3] Apple was abiding by Judge Hixson's implication that it should exercise restraint in its
     dealings with third parties.  *See* Dkt. 361, at 22:17-20.

28
                                               11

1  motion to compel additional productions.  *See* Dkt. 399.  And now, Apple must file this motion for

2  sanctions against Epic, including that Epic not be permitted to elicit testimony from these third

3  party witnesses if they do not timely produce the documents Apple would have sought during fact

4  discovery—and well in advance of the depositions—if Epic had complied with its obligations

5  under Rule 26(a).  Epic's procedural gamesmanship thus created this situation, and Epic should

6  suffer the consequences from its third-party witnesses' refusal to produce documents necessary for

7  a fair cross examination.

8                                    <u>**CONCLUSION**</u>

9          For the foregoing reasons, this Court should exclude Mr. Sharma, Ms. Wright, and Mr.

10  Simon from testifying at trial unless they produce documents sufficient for a fair cross examination

11  at least four business days in advance of their depositions.

12

13

14  Dated: April 9, 2021                    Respectfully submitted,

15                                          <u>/s/Karen Hoffman Lent</u>

16                                          Karen Hoffman Lent (admitted *pro hac vice*)
                                            Evan R. Kreiner (admitted *pro hac vice*)
17                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                            LLP
18                                          One Manhattan West
                                            New York, NY 10001
19                                          Telephone: (212) 735-3000
                                            Facsimile: (212) 735-2000
20                                          Email: karen.lent@skadden.com
                                            Email: evan.kreiner@skadden.com
21
                                            Michelle Lowery (302882)
22                                          mslowery@mwe.com
                                            **MCDERMOTT WILL & EMERY LLP**
23                                          2049 Century Park East
                                            Suite 3200
24                                          Los Angeles, CA 90067-3206
                                            Telephone: +1 310 277 4110
25                                          Facsimile: +1 310 277 4730

26
                                            *Attorneys for Defendant*
27                                          *Apple, Inc.*

28                                          12