1  KAREN HOFFMAN LENT (admitted *pro hac vice*)
   EVAN R. KREINER (admitted *pro hac vice*)
2  **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
   One Manhattan West
3  New York, NY 10001
   Telephone: (212) 735-3000
4  Facsimile:  (212) 735-2000
   Email: karen.lent@skadden.com
5  Email: evan.kreiner@skadden.com

6  Michelle Lowery (302882)
   **MCDERMOTT WILL & EMERY LLP**
7  2049 Century Park East
   Suite 3200
8  Los Angeles, CA 90067-3206
   Telephone: (310) 277-4110
9  Facsimile: (310) 277-4730
   Email: mslowery@mwe.com
10

11 Attorneys for Defendant APPLE INC.

12

## UNITED STATES DISTRICT COURT
13 ## IN THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

14

15 EPIC GAMES, INC.,

| | |
|---|---|
| 16 | Plaintiff, Counter-defendant, |
| | |
| | v. |
| 17 | |
| 18 | APPLE INC., |
| 19 | Defendant, Counterclaimant. |

Case No. 4:20-cv-05640-YGR-TSH

**Declaration of Karen Hoffman Lent in Support of Apple's Motion for Pre-Trial Sanctions Against Epic**

20

21

22

23

24

25

26

27

28

---

**Declaration ISO Apple's Motion for Pre-Trial Sanctions Against Epic**

1       I, Karen Hoffman Lent, declare as follows:

2       1.     I am over 18 years of age and make this Declaration based upon personal

3 knowledge of the facts as set forth below.  I am an attorney and have been admitted to practice *pro*

4 *hac vice* in this matter.  I am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom,

5 LLP, counsel for Defendant Apple Inc. ("Apple") in these related cases.  I make this Declaration in

6 support of Defendant's Motion for Pre-trial Sanctions Against Epic.

7       2.     Attached as Exhibit A is a true and correct copy of non-party Facebook Inc.'s

8 ("Facebook") Responses and Objections, dated January 6, 2021, to the first subpoena Apple served

9 on Facebook.

10       3.     Attached as Exhibit B is a true and correct copy of Facebook's Responses and

11 Objections, dated January 15, 2021, to the second subpoena Apple served on Facebook.

12       4.     Attached as Exhibit C is a true and correct copy of e-mail correspondence between

13 counsel for Apple and Facebook, which took place between December 29, 2020 and March 29,

14 2020.

15

16       I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct.  Executed this 9th day of April, 2021 at New York, NY.

18 DATED: April 9, 2021

                          **By:**           **/s Karen Hoffman Lent**

19                                      **KAREN HOFFMAN LENT**

20

21

22

23

24

25

26

27

28

**Declaration ISO Defendant's Motion for Pre-Trial Sanctions Against Epic**

# Exhibit A

1  ROSEMARIE T. RING (State Bar No. 220769)
   rose.ring@mto.com
2  JUSTIN P. RAPHAEL (State Bar No. 292380)
   justin.raphael@mto.com
3  EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
   emily.curran-huberty@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
6  Facsimile:    (415) 512-4077

7  Attorneys for Third-Party Respondent
   FACEBOOK, INC.

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                     OAKLAND DIVISION

12

| | |
|---|---|
| 13  DONALD R. CAMERON, et al., | Case No. 4:19-cv-03074-YGR (TSH) |
| 14          Plaintiffs, | |
| 15      vs. | |
| 16  APPLE INC., et al., | |
| 17          Defendants. | |
| 18  IN RE APPLE IPHONE ANTITRUST LITIGATION | |
| 19  | Case No. 4:11-cv-06714- YGR (TSH) |
| 20  | |
| 21  | |
| 22  EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR (TSH) |
|          Plaintiff, | |
| 23  | **THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA** |
| 24  vs. | |
| 25  APPLE INC., | |
|          Defendant. | |
| 26  | |
| 27  | |
| 28  | |

-1-

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)
THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1   Pursuant to Rule 45 of the Federal Rules of Civil Procedure Third-Party Respondent

2   Facebook, Inc. ("Facebook"), by and through undersigned counsel, submits the following

3   responses and objections to Defendant Apple Inc. ("Apple")'s Subpoena to Produce Documents

4   ("Subpoena").

5                           **<u>RESERVATION OF RIGHTS</u>**

6   Facebook responds to the Subpoena to the best of its knowledge at the present time and

7   reserves the right at any time to supplement, amend, correct, or clarify its responses and

8   objections, but undertakes no obligation to do so beyond the obligations imposed by the Federal

9   Rules of Civil Procedure, the Local Rules of this Court, and other applicable orders or rules.  Any

10  supplemental or amended response shall not function as a waiver of any privilege or objection

11  Facebook has or may assert.  Any response to the Subpoena or a production of documents or

12  things made by Facebook will be solely for the purpose of this action, without waiving or

13  intending to waive, but, on the contrary, preserving and intending to preserve: (a) the right to

14  object on any grounds, at any time, to other discovery requests relating to the subject of the

15  Subpoena to which Facebook has responded; (b) the right to object, on the grounds of

16  competency, privilege, relevancy, materiality, confidentiality, authenticity, admissibility, or any

17  other proper grounds, to the use of the responses, documents, or information provided by

18  Facebook as evidence for any purpose, in whole or in part, in any subsequent proceeding, or in any

19  trial in this action or any other action; and (c) the right at any time to revise, correct, supplement,

20  or clarify Facebook's responses or objections.  That Facebook has objected or responded to a

21  Request for Production ("Request") in the Subpoena is not and should not be taken as an

22  admission that Facebook accepts or admits the existence of any fact set forth in or assumed by

23  such Request, or as an indication that Facebook agrees with or adopts any characterization or

24  statement within such Request.

25               **<u>OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS</u>**

26  Facebook's Responses are subject to the foregoing objections to Apple's Definitions and

27  Instructions.

28

1.      Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the terms of the Stipulated Protective Order between Plaintiff Epic Games, Inc. ("Epic") and Apple, or between any parties to the above-captioned actions.

2.      Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, as vague, ambiguous, overbroad, and unduly burdensome to the extent that they call for the production of documents dating back to 2008, including documents that are not relevant to any party's claims or defenses or the production of which is not proportional to the needs of the case. Facebook will conduct a reasonable search for and review documents kept in the ordinary course of business as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

3.      Facebook objects to the definition of DOCUMENT and DOCUMENTS set forth in the Subpoena, and to each and every Request, Definition and Instruction using those terms, as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.

4.      Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the extent that they seek information relating to activities outside of the United States.

5.      Facebook objects to the definition of SOFTWARE STORE and SOFTWARE STORES set forth in the Subpoena, and to each and every Request, Definition and Instruction using those terms, as vague, ambiguous, and overbroad.

6.      Facebook objects to Instruction Number 3 to the extent it purports to require Facebook, as a third-party respondent, to produce documents in the possession of Facebook's "present and former attorneys, investigators, accountants, agents, representatives, or other persons acting on YOUR behalf" as overbroad, disproportionate to the needs of the case, and unduly

burdensome, and calling for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.

7.       Facebook objects to Instruction Number 10 as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.  The Requests call for "DOCUMENTS sufficient to show," or "DOCUMENTS," not "all DOCUMENTS," and thus producing a privilege log would be disproportionate to the needs of this case and unduly burdensome.

8.       Facebook objects to Instruction Number 11 to the extent it purports to require Facebook to search for and produce hard copies of documents as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.  Facebook will conduct a reasonable search of e-mails and other reasonably accessible sources of information readily available in the usual course of business that is proportionate to the needs of the case and that does not subject third-party respondent Facebook to an undue burden.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

The foregoing Objections to Apple's Definitions and Instructions, and Reservation of Rights are incorporated into each and every specific response as if set forth fully therein.

## REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger" APPS:

a. the monthly active users for each APP on each platform for which the APP is available (including iOS, ANDROID OS, and non-mobile platforms);

b. the extent to which users of YOUR APP use YOUR APP on multiple platforms or switch from one platform to another (INCLUDING iOS, ANDROID OS, and nonmobile platforms); and

1     c. YOUR understanding as to why users of YOUR APPS do or do not use them on

2  multiple platforms or switch among them (INCLUDING iOS, ANDROID OS, and nonmobile

3  platforms).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5     Facebook objects to this Request to the extent it calls for the production of information

6  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

7  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

8  calls for the disclosure of sensitive, confidential, or proprietary information, or information

9  protected by the right to privacy for which no such substantial need has been demonstrated.  To

10  the extent that any sensitive, confidential, or proprietary information, or information protected by

11  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

12  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

13  proprietary, or protected private information only subject to and in reliance upon an appropriate

14  protective order governing confidential business information.  Facebook additionally objects to

15  this Request to the extent that it seeks information already in Defendant's possession, or available

16  to Defendant from some other source, including information available to Defendant from public

17  sources.  Facebook additionally objects to this request to the extent that it calls for the production

18  of data or information in a form that is not maintained and readily accessible in the usual course of

19  business.  Facebook additionally objects to subparts 1.b and 1.c of this Request as vague and

20  ambiguous insofar as they do not define what it means for users to "switch" from one platform to

21  another or set forth a time period during which any such switching may occur.  Facebook

22  additionally objects to subpart 1.c. of this Request as vague, ambiguous, overbroad, and unduly

23  burdensome insofar as Facebook as a company does not have a singular "understanding" as to

24  why users do or do not use Facebook's apps on multiple platforms or switch among them.

25     Subject to and without waiving the foregoing objections, Facebook responds that it will

26  conduct a reasonable search for and will produce non-privileged documents responsive to Request

27  for Production 1 to the extent they exist, as proportionate to the needs of this case and in a manner

28  that does not subject third-party respondent Facebook to an undue burden.

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger" APPS:

a. the PAYMENT PROCESSOR(S) YOU use, if any, for IN-APP PURCHASES for each means of distribution;

b. the factors that impacted YOUR decision to use or not use such PAYMENT PROCESSOR(S) for each means of distribution, INCLUDING why YOU chose to use or not use such PAYMENT PROCESSOR(S) and any alternatives YOU considered;

c. the past or present fees and commission rates charged by (or, if available, that would be charged by) each such PAYMENT PROCESSOR for IN-APP PURCHASES for each means of distribution, including any exceptions, discounts, promotions, rebates, or marketing programs that lower, or effectively lower, the commission rates and/or fees;

d. the impact of such past or present fees and commission rates charged by each such PAYMENT PROCESSOR on the prices YOU charge or charged for IN-APP PURCHASES to consumers;

e. the impact of such past or present fees and commission rates charged by each such PAYMENT PROCESSOR on the IN-APP PURCHASE options (or other features or DIGITAL PRODUCTS) YOU provide or considered providing to consumers;

f. the availability of alternative PAYMENT PROCESSORS for IN-APP PURCHASES, INCLUDING whether YOU have YOUR own PAYMENT PROCESSOR that could be used but for APPLE'S restrictions, and, for each such potential alternative, the fees and commission rates charged for IN-APP PURCHASES;

g. whether users of YOUR APP are given a choice between PAYMENT PROCESSORS for IN-APP PURCHASES on any platform;

h. the advantages of giving users a choice of PAYMENT PROCESSORS for IN-APP PURCHASES;

1        i. YOUR understanding as to why users of YOUR APP choose to pay through any

2  particular PAYMENT PROCESSOR(S);

3        j. any differences among PAYMENT PROCESSORS regarding security issues;

4        k. any difference among PAYMENT PROCESSOR(S) regarding parental controls; and

5        l. any difference among PAYMENT PROCESSOR(S) regarding YOUR ability to provide

6  customer support.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8        Facebook objects to this Request to the extent it calls for the production of information

9  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

10  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

11  calls for the disclosure of sensitive, confidential, or proprietary information, or information

12  protected by the right to privacy for which no such substantial need has been demonstrated.  To

13  the extent that any sensitive, confidential, or proprietary information, or information protected by

14  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

15  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

16  proprietary, or protected private information only subject to and in reliance upon an appropriate

17  protective order governing confidential business information.  Facebook additionally objects to

18  this Request to the extent that it seeks information already in Defendant's possession or available

19  to Defendant from some other source, including information available to Defendant from public

20  sources and/or from any payment processor.  Facebook additionally objects to this Request as

21  vague, ambiguous, overbroad, and unduly burdensome to the extent this Request asks Facebook to

22  demonstrate why it did or did not make certain business decisions or to prove a negative.

23  Facebook additionally objects to subpart 2.c of this Request as vague, ambiguous, overbroad, and

24  unduly burdensome to the extent this Request asks Facebook to provide documents to show "*any*

25  exceptions, discounts, promotions, rebates, or marketing programs that lower, or effectively lower,

26  the commission rates and/or fees."  Facebook additionally objects to subpart 2.i of this Request as

27  vague, ambiguous, overbroad, and unduly burdensome insofar as Facebook as a company does not

28  have a singular "understanding" as to why users choose to pay through any particular payment

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-
06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1  processor.  Facebook further objects to subpart 2.j of this Request as vague and ambiguous insofar

2  as Defendant does not define "security issues."

3        Subject to and without waiving the foregoing objections, Facebook responds that it will

4  conduct a reasonable search for and will produce non-privileged documents responsive to Request

5  for Production 2, subparts a-b and g-l, to the extent they exist, as proportionate to the needs of this

6  case and in a manner that does not subject third-party respondent Facebook to an undue burden.

7  For subpart 2c, Facebook responds that it will conduct a reasonable search for and will produce

8  non-privileged documents responsive to Request 2.c only to the extent that documents reflecting

9  policies governing any such "exceptions, discounts, promotions, rebates, or marketing programs

10  that lower, or effectively lower, the commission rates and/or fees" are readily accessible and

11  maintained in the ordinary course of business.

12  **REQUEST FOR PRODUCTION NO. 3:**

13        DOCUMENTS and REPORTS RELATING TO the distribution or planned distribution of

14  any of YOUR APPS in the iOS APP STORE, INCLUDING:

15        a. DOCUMENTS and REPORTS CONCERNING negotiations between YOU and APPLE

16  RELATING TO APPLE'S Developer Program License Agreement or App Store Review

17  Guidelines;

18        b. DOCUMENTS and REPORTS CONCERNING negotiations between YOU and APPLE

19  RELATING TO any actual or threatened removal of any of YOUR APPS from the iOS APP

20  STORE;

21        c. DOCUMENTS and REPORTS CONCERNING any rejected submission of any of

22  YOUR APPS to the iOS APP STORE and efforts by YOU to bring YOUR APPS into compliance

23  and/or resubmit YOUR APP to APPLE; and

24        d. DOCUMENTS and REPORTS CONCERNING negotiations between YOU and APPLE

25  RELATING TO the PAYMENT PROCESSOR offered in each APP YOU distribute on iOS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

27        Facebook objects to this Request to the extent it calls for the production of information

28  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  Facebook additionally objects to this request as overbroad and unduly burdensome to the extent it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 3 to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show:

a. why YOU chose not to offer playable gaming content for YOUR FACEBOOK GAMING APP on iOS; and

b. the impact on YOUR business of YOUR decision to not offer playable gaming content for YOUR FACEBOOK GAMING APP on iOS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

1   calls for the disclosure of sensitive, confidential, or proprietary information, or information

2   protected by the right to privacy for which no such substantial need has been demonstrated.  To

3   the extent that any sensitive, confidential, or proprietary information, or information protected by

4   the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

5   substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6   proprietary, or protected private information only subject to and in reliance upon an appropriate

7   protective order governing confidential business information.  Facebook additionally objects to

8   this Request to the extent that it seeks information already in Defendant's possession or available

9   to Defendant from some other source, including information available to Defendant from public

10   sources.

11         Subject to and without waiving the foregoing objections, Facebook responds that it will

12   conduct a reasonable search for and will produce non-privileged documents responsive to Request

13   for Production 4 to the extent they exist, as proportionate to the needs of this case and in a manner

14   that does not subject third-party respondent Facebook to an undue burden.

15   **REQUEST FOR PRODUCTION NO. 5:**

16         DOCUMENTS CONCERNING the impact of APPLE'S contractual or other restrictions

17   on YOUR iOS APPS, DEVELOPERS, content creators, and businesses, INCLUDING

18   DOCUMENTS CONCERNING any public comment YOU made about APPLE'S contractual or

19   other restrictions.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21         Facebook objects to this Request to the extent it calls for the production of information

22   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

23   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

24   calls for the disclosure of sensitive, confidential, or proprietary information, or information

25   protected by the right to privacy for which no such substantial need has been demonstrated.  To

26   the extent that any sensitive, confidential, or proprietary information, or information protected by

27   the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

28   substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

proprietary, or protected private information only subject to and in reliance upon an appropriate

protective order governing confidential business information.  Facebook further objects to this

Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to

third-party respondent Facebook.  Facebook additionally objects to this request as vague and

ambiguous to the extent it purports to cover undefined "other restrictions."  Facebook additionally

objects to this request as overbroad and unduly burdensome to the extent it seeks documents

related to policies or restrictions that are not being challenged in this case, which are not relevant

to any party's claims or defenses and whose production thus is not proportional to the needs of the

case.  Facebook additionally objects to this Request to the extent that it seeks information already

in Defendant's possession or available to Defendant from some other source, including

information available to Defendant from public sources.

Subject to and without waiving the foregoing objections, Facebook responds that it will

conduct a reasonable search for and will produce non-privileged documents responsive to Request

for Production 5 to the extent they exist, as proportionate to the needs of this case and in a manner

that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS CONCERNING APPLE'S enforcement and/or interpretation of its

Developer Program License Agreement or App Store Review Guidelines, INCLUDING any

inconsistencies in or changes regarding such enforcement and/or interpretation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Facebook objects to this Request to the extent it calls for the production of information

protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

calls for the disclosure of sensitive, confidential, or proprietary information, or information

protected by the right to privacy for which no such substantial need has been demonstrated.  To

the extent that any sensitive, confidential, or proprietary information, or information protected by

the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

1  proprietary, or protected private information only subject to and in reliance upon an appropriate

2  protective order governing confidential business information.  Facebook further objects to this

3  Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to

4  third-party respondent Facebook, particularly to the extent it purports to call for documents

5  regarding Apple's actions toward other third-party developers.  Facebook additionally objects to

6  this Request as vague and ambiguous in its use of the terms "enforcement" and "interpretation."

7  Facebook additionally objects to this Request to the extent that it seeks information already in

8  Defendant's possession or available to Defendant from some other source, including information

9  available to Defendant from public sources.  Facebook additionally objects to this request as

10  overbroad and unduly burdensome to the extent it seeks documents related to policies or

11  restrictions that are not being challenged in this case, which are not relevant to any party's claims

12  or defenses and whose production thus is not proportional to the needs of the case.

13       Subject to and without waiving the foregoing objections, Facebook responds that it will

14  conduct a reasonable search for and will produce non-privileged documents responsive to Request

15  for Production 6 to the extent they exist, as proportionate to the needs of this case and in a manner

16  that does not subject third-party respondent Facebook to an undue burden.

17  **REQUEST FOR PRODUCTION NO. 7:**

18       DOCUMENTS sufficient to show the impact of the iOS APP STORE policies on YOUR

19  relationship with YOUR customers, INCLUDING CONCERNING policies that:

20       a. prevent YOU from informing YOUR iOS customers about alternative platforms

21  on which they can buy YOUR DIGITAL PRODUCTS;

22       b. require YOU to offer Sign-in with APPLE to YOUR users if YOU offer any

23  other third-party login service to YOUR users; and

24       c. otherwise restrict YOUR ability to access customer data.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

26       Facebook objects to this Request to the extent it calls for the production of information

27  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

-12-

1  calls for the disclosure of sensitive, confidential, or proprietary information, or information

2  protected by the right to privacy for which no such substantial need has been demonstrated.  To

3  the extent that any sensitive, confidential, or proprietary information, or information protected by

4  the right to privacy is responsive, its disclosure is proportionate to the needs of the case and a

5  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6  proprietary, or protected private information only subject to and in reliance upon an appropriate

7  protective order governing confidential business information.  Facebook further objects to this

8  Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to

9  third-party respondent Facebook.  Facebook additionally objects to this request as overbroad and

10  unduly burdensome to the extent it seeks documents related to policies or restrictions that are not

11  being challenged in this case, which are not relevant to any party's claims or defenses and whose

12  production thus is not proportional to the needs of the case.  Facebook additionally objects to this

13  Request to the extent that it seeks information already in Defendant's possession or available to

14  Defendant from some other source, including information available to Defendant from public

15  sources.  Facebook additionally objects to this request as vague, ambiguous, overbroad, and

16  unduly burdensome to the extent it seeks documents not relevant to any party's claims or defenses

17  or the production of which is not proportional to the needs of the case.

18      Subject to and without waiving the foregoing objections, Facebook responds that it will

19  conduct a reasonable search for and will produce non-privileged documents responsive to Request

20  for Production 7 to the extent they exist for the specific policies identified in the Request, as

21  proportionate to the needs of this case and in a manner that does not subject third-party respondent

22  Facebook to an undue burden.

23  **REQUEST FOR PRODUCTION NO. 8:**

24      DOCUMENTS sufficient to show a representative sample of any innovations, services,

25  features, APPS or IN-APP PRODUCTS that YOU would have developed or offered for use on

26  iOS DEVICES but did not because iOS APP STORE policies would not have permitted it, would

27  have made it unprofitable, or otherwise caused you to not pursue it.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2        Facebook objects to this Request to the extent it calls for the production of information

3  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

4  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

5  calls for the disclosure of sensitive, confidential, or proprietary information, or information

6  protected by the right to privacy for which no such substantial need has been demonstrated.  To

7  the extent that any sensitive, confidential, or proprietary information, or information protected by

8  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

9  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

10  proprietary, or protected private information only subject to and in reliance upon an appropriate

11  protective order governing confidential business information.  Facebook additionally objects to

12  this request as overbroad and unduly burdensome to the extent it seeks documents related to

13  policies or restrictions that are not being challenged in this case, which are not relevant to any

14  party's claims or defenses and whose production thus is not proportional to the needs of the case.

15  Facebook additionally objects to this Request as vague, ambiguous, overbroad, and unduly

16  burdensome to the extent it calls for Facebook to demonstrate what would or would not have

17  happened in a counterfactual world or to prove a negative.  Facebook additionally objects to this

18  Request as duplicative of other Requests for Production.

19        Subject to and without waiving the foregoing objections, Facebook responds that it will

20  conduct a reasonable search for and will produce non-privileged documents responsive to Request

21  for Production 8 to the extent they exist and are responsive to other, specific Requests for which

22  Facebook had agreed to search for and produce non-privileged, responsive documents.

23  **REQUEST FOR PRODUCTION NO. 9:**

24        DOCUMENTS sufficient to show whether YOU have offered, could offer, or have

25  evaluated offering a SOFTWARE STORE on iOS DEVICES.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

27        Facebook objects to this Request to the extent it calls for the production of information

28  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for Facebook to demonstrate what it hypothetically could do or to prove a negative.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.

Subject to and without waiving the foregoing objections, Facebook responds that it will conduct a reasonable search for and will produce non-privileged documents responsive to Request for Production 9 limited to responsive documents sufficient to show whether Facebook has offered "a SOFTWARE STORE on iOS DEVICES" to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show whether APPLE'S contractual or other restrictions have prevented, impeded, or disincentivized YOU from developing or offering a SOFTWARE STORE on iOS DEVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information

protected by the right to privacy.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for Facebook to demonstrate why it did or did not make certain business decisions or to prove a negative.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show the key features of YOUR SOFTWARE STORE(S), such as FACEBOOK APP CENTER or the OCULUS RIFT STORE (INCLUDING any features that YOU know differ from APPLE'S iOS APP STORE), INCLUDING:

a. whether YOU block APPS from YOUR SOFTWARE STORE(S) based on the manner in which a DEVELOPER delivers content and services, for example, whether content is installed on a DEVICE or streamed from the cloud;

b. whether YOU block APPS from YOUR SOFTWARE STORE(S) based on a DEVELOPER'S choice of PAYMENT PROCESSOR(S) offered for IN-APP PURCHASES;

c. whether YOU block DEVELOPERS from communicating with their users through their APPS;

d. whether YOU permit IN-APP DIGITAL PRODUCTS purchased outside of YOUR SOFTWARE STORE(S) to be used on APPS purchased from YOUR SOFTWARE STORE(S);

e. whether YOUR SOFTWARE STORE(S) offer features, innovations, and services that are not available with APPLE iOS APP STORE, such as parental controls, customer

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1   service, security features, social features, ADVERTISING features, recommendation features, and

2   others; and

3            f. whether YOUR SOFTWARE STORE(S) offer tools and services to

4   DEVELOPERS that iOS APP STORE does not offer to DEVELOPERS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

6            Facebook objects to this Request to the extent it calls for the production of information

7   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

8   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

9   calls for the disclosure of sensitive, confidential, or proprietary information, or information

10  protected by the right to privacy for which no such substantial need has been demonstrated.  To

11  the extent that any sensitive, confidential, or proprietary information, or information protected by

12  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

13  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

14  proprietary, or protected private information only subject to and in reliance upon an appropriate

15  protective order governing confidential business information.  Facebook additionally objects to

16  this Request to the extent that it seeks information already in Defendant's possession, or available

17  to Defendant from some other source, including information available to Defendant from public

18  sources.  Facebook additionally objects to this Request as vague and ambiguous to the extent

19  Defendant does not define what constitutes "key" features of a software store beyond those

20  specifically identified in subparts 11.a – 11.f of this Request.

21           Subject to and without waiving the foregoing objections, Facebook responds that it will

22  conduct a reasonable search for and will produce non-privileged documents responsive to Request

23  for Production 11 to the extent they exist, as proportionate to the needs of this case and in a

24  manner that does not subject third-party respondent Facebook to an undue burden.

25  **REQUEST FOR PRODUCTION NO. 12:**

26           DOCUMENTS sufficient to show a representative sample of any exceptions, discounts, or

27  promotions that YOU have offered to DEVELOPERS that lower the commission rates and/or fees

28  YOU charge DEVELOPERS for a user IN-APP PURCHASE from an APP accessed from

1   FACEBOOK APP CENTER, FACEBOOK GAMING, the OCULUS RIFT STORE, or any other

2   of YOUR SOFTWARE STORE(S).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4          Facebook objects to this Request to the extent it calls for the production of information

5   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

6   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

7   calls for the disclosure of sensitive, confidential, or proprietary information, or information

8   protected by the right to privacy for which no such substantial need has been demonstrated.  To

9   the extent that any sensitive, confidential, or proprietary information, or information protected by

10  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

11  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

12  proprietary, or protected private information only subject to and in reliance upon an appropriate

13  protective order governing confidential business information.  Facebook additionally objects to

14  this Request to the extent that it seeks information already in Defendant's possession or available

15  to Defendant from some other source, including information available to Defendant from public

16  sources.

17         Subject to and without waiving the foregoing objections, Facebook responds that it will

18  conduct a reasonable search for and will produce non-privileged documents responsive to Request

19  for Production 12 to the extent they exist, as proportionate to the needs of this case and in a

20  manner that does not subject third-party respondent Facebook to an undue burden.

21  **REQUEST FOR PRODUCTION NO. 13:**

22         REPORTS and/or analyses RELATING TO DEVELOPER reinvestment of savings from

23  lower SOFTWARE STORE commissions and/or fees, INCLUDING any impact of such

24  reinvestment on the quantity, quality, or price of APPS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

26         Facebook objects to this Request to the extent it calls for the production of information

27  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1  calls for the disclosure of sensitive, confidential, or proprietary information, or information

2  protected by the right to privacy for which no such substantial need has been demonstrated.  To

3  the extent that any sensitive, confidential, or proprietary information, or information protected by

4  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

5  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6  proprietary, or protected private information only subject to and in reliance upon an appropriate

7  protective order governing confidential business information.

8  **REQUEST FOR PRODUCTION NO. 14:**

9       DOCUMENTS sufficient to show whether YOU have offered, could offer, or have

10  evaluated offering a PAYMENT PROCESSOR for IN-APP PURCHASES compatible with iOS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

12       Facebook objects to this Request to the extent it calls for the production of information

13  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

14  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

15  calls for the disclosure of sensitive, confidential, or proprietary information, or information

16  protected by the right to privacy for which no such substantial need has been demonstrated.  To

17  the extent that any sensitive, confidential, or proprietary information, or information protected by

18  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

19  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

20  proprietary, or protected private information only subject to and in reliance upon an appropriate

21  protective order governing confidential business information.  Facebook additionally objects to

22  this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for

23  Facebook to demonstrate what it hypothetically could do or to prove a negative.  Facebook

24  additionally objects to this Request to the extent that it seeks information already in Defendant's

25  possession or available to Defendant from some other source, including information available to

26  Defendant from public sources.

27       Subject to and without waiving the foregoing objections, Facebook responds that it will

28  conduct a reasonable search for and will produce non-privileged documents responsive to Request

1  for Production 14 limited to responsive documents sufficient to show whether Facebook has

2  offered "a PAYMENT PROCESSOR for IN-APP PURCHASES compatible with iOS" to the

3  extent they exist, as proportionate to the needs of this case and in a manner that does not subject

4  third-party respondent Facebook to an undue burden.

5  **REQUEST FOR PRODUCTION NO. 15:**

6       DOCUMENTS sufficient to show whether APPLE'S contractual or other restrictions have

7  prevented, impeded, or disincentivized YOU from developing or offering a PAYMENT

8  PROCESSOR for IN-APP PURCHASES compatible with iOS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

10      Facebook objects to this Request to the extent it calls for the production of information

11  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

12  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

13  calls for the disclosure of sensitive, confidential, or proprietary information, or information

14  protected by the right to privacy for which no such substantial need has been demonstrated.  To

15  the extent that any sensitive, confidential, or proprietary information, or information protected by

16  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

17  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

18  proprietary, or protected private information only subject to and in reliance upon an appropriate

19  protective order governing confidential business information.  Facebook additionally objects to

20  this request as overbroad and unduly burdensome to the extent it seeks documents related to

21  policies or restrictions that are not being challenged in this case, which are not relevant to any

22  party's claims or defenses and whose production thus is not proportional to the needs of the case.

23  Facebook additionally objects to this request as vague, ambiguous, overbroad, and unduly

24  burdensome to the extent it calls for Facebook to demonstrate why it did or did not make certain

25  business decisions or to prove a negative.

26  **REQUEST FOR PRODUCTION NO. 16:**

27      DOCUMENTS sufficient to show the characteristics of YOUR PAYMENT

28  PROCESSOR(S) for each operating system on which they are offered INCLUDING their:

1    a. ability to process payments within DEVELOPERS' APPS, INCLUDING IN-APP

2  PURCHASES for DIGITAL PRODUCTS;

3    b. services offered to DEVELOPERS;

4    c. commission rates, transaction fees, or other pricing models and payment methods;

5    d. availability of coupons, discounts or promotions for transaction fees;

6    e. capability to permit DEVELOPERS to record sales directly;

7    f. security features;

8    g. data and analytics features;

9    h. parental control features; and

10    i. customer service.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

12    Facebook objects to this Request to the extent it calls for the production of information

13  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

14  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

15  calls for the disclosure of sensitive, confidential, or proprietary information, or information

16  protected by the right to privacy for which no such substantial need has been demonstrated.  To

17  the extent that any sensitive, confidential, or proprietary information, or information protected by

18  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

19  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

20  proprietary, or protected private information only subject to and in reliance upon an appropriate

21  protective order governing confidential business information.  Facebook additionally objects to

22  this Request as vague and ambiguous to the extent it purports to seek information about the

23  characteristics of any PAYMENT PROCESSOR(S) beyond those characteristics specifically

24  identified in the Request.  Facebook additionally objects to this Request to the extent that it seeks

25  information already in Defendant's possession or available to Defendant from some other source,

26  including information available to Defendant from public sources.

27    Subject to and without waiving the foregoing objections, Facebook responds that it will

28  conduct a reasonable search for and will produce non-privileged documents responsive to Request

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-
06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1  for Production 16 to the extent they exist, as proportionate to the needs of this case and in a

2  manner that does not subject third-party respondent Facebook to an undue burden.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      DOCUMENTS sufficient to show that there is demand for iOS-compatible PAYMENT

5  PROCESSORS other than APPLE'S IAP.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Facebook objects to this Request to the extent it calls for the production of information

8  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

9  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

10  calls for the disclosure of sensitive, confidential, or proprietary information, or information

11  protected by the right to privacy for which no such substantial need has been demonstrated.  To

12  the extent that any sensitive, confidential, or proprietary information, or information protected by

13  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

14  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

15  proprietary, or protected private information only subject to and in reliance upon an appropriate

16  protective order governing confidential business information.  Facebook additionally objects to

17  this Request to the extent that it seeks information already in Defendant's possession or available

18  to Defendant from some other source, including information available to Defendant from public

19  sources.  Facebook additionally objects to this request as vague, ambiguous, overbroad, and

20  unduly burdensome to the extent it does not define "demand."

21      Subject to and without waiving the foregoing objections, Facebook responds that it will

22  conduct a reasonable search for and will produce non-privileged documents responsive to Request

23  for Production 17 to the extent they exist, as proportionate to the needs of this case and in a

24  manner that does not subject third-party respondent Facebook to an undue burden.

25  **REQUEST FOR PRODUCTION NO. 18:**

26      Any REPORTS prepared by YOU CONCERNING APPLE'S IAP, INCLUDING:

27      a. any comparisons of YOUR PAYMENT PROCESSOR(S) with APPLE'S IAP; and

28

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1    b. any evaluations of APPLE'S IAP, INCLUDING evaluations CONCERNING APPLE'S

2  IAP's commission and rates, data and analytics, customer service, security, and parental controls.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

4    Facebook objects to this Request to the extent it calls for the production of information

5  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

6  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

7  calls for the disclosure of sensitive, confidential, or proprietary information, or information

8  protected by the right to privacy for which no such substantial need has been demonstrated.  To

9  the extent that any sensitive, confidential, or proprietary information, or information protected by

10  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

11  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

12  proprietary, or protected private information only subject to and in reliance upon an appropriate

13  protective order governing confidential business information.

14  **REQUEST FOR PRODUCTION NO. 19:**

15    All DOCUMENTS produced by YOU in THIS ACTION.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

17    Facebook objects to this Request as unduly burdensome because it seeks information

18  available to Defendant from any other party to which Facebook has produced documents in this

19  action, including pursuant to the Court's Order Granting Stipulation Regarding Document

20  Subpoenas to Non-Parties, Authenticity and Service, No. 4:20-cv-05640-YGR, ECF 139.

21  **REQUEST FOR PRODUCTION NO. 20:**

22    DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR

23  "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger"

24  APPS,

25    a.    the monthly downloads for each APP on each platform for which the APP is

26  available (including iOS, ANDROID OS, and non-mobile platforms);

27    b.    the revenues from paid downloads (if any) for each APP on each platform

28  for which the APP is available (including iOS, ANDROID OS, and non-mobile platforms);

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1    c.    the revenues from in-app purchases for each APP on each platform for

2    which the APP is available (including iOS, ANDROID OS, and non-mobile platforms); and

3    d.    the revenues remitted to Facebook (i.e., revenues minus commissions) for

4    each APP on each platform for which the APP is available (including iOS, ANDROID OS, and

5    non-mobile platforms).

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7    Facebook objects to this Request to the extent it calls for the production of information

8    protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

9    privilege, immunity, or protection.  Facebook additionally objects to this request to the extent that

10   it calls for the production of data or information in a form that is not maintained and readily

11   accessible in the usual course of business.  Facebook additionally objects to this Request to the

12   extent it calls for the disclosure of sensitive, confidential, or proprietary information, or

13   information protected by the right to privacy for which no such substantial need has been

14   demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or

15   information protected by the right to privacy is responsive, its disclosure is proportionate to the

16   needs of the case, and a substantial need has been demonstrated, Facebook will produce any such

17   sensitive, confidential, proprietary, or protected private information only subject to and in reliance

18   upon an appropriate protective order governing confidential business information.

19   Subject to and without waiving the foregoing objections, Facebook responds that it will

20   conduct a reasonable search for and will produce non-privileged documents responsive to Request

21   for Production 20 to the extent they exist, as proportionate to the needs of this case and in a

22   manner that does not subject third-party respondent Facebook to an undue burden.

23   **REQUEST FOR PRODUCTION NO. 21:**

24   DOCUMENTS sufficient to show a user's ability to use IN-APP PURCHASES made in

25   YOUR APPS, INCLUDING YOUR "Facebook Mobile," "FACEBOOK GAMING," "Instagram,"

26   "WhatsApp," and "Messenger" APPS, on each platform for which the APP is available (including

27   iOS, Android OS, and non-mobile platforms) for redemption on another platform (including iOS,

28   Android OS, and non-mobile platforms).

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2       Facebook objects to this Request to the extent it calls for the production of information

3  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

4  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

5  calls for the disclosure of sensitive, confidential, or proprietary information, or information

6  protected by the right to privacy for which no such substantial need has been demonstrated.  To

7  the extent that any sensitive, confidential, or proprietary information, or information protected by

8  the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

9  substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

10 proprietary, or protected private information only subject to and in reliance upon an appropriate

11 protective order governing confidential business information.  Facebook additionally objects to

12 this Request to the extent that it seeks information already in Apple's possession or available to

13 Apple from some other source, including information available to Apple from public sources.

14      Subject to and without waiving the foregoing objections, Facebook responds that it will

15 conduct a reasonable search for and will produce non-privileged documents responsive to Request

16 for Production 21 to the extent they exist, as proportionate to the needs of this case and in a

17 manner that does not subject third-party respondent Facebook to an undue burden.

18 **REQUEST FOR PRODUCTION NO. 22:**

19      DOCUMENTS sufficient to show for each of YOUR APPS, INCLUDING YOUR

20 "Facebook Mobile," "FACEBOOK GAMING," "Instagram," "WhatsApp," and "Messenger"

21 APPS, the monthly advertising revenue received by YOU on each platform for which the APP is

22 available (including iOS, ANDROID OS, and non-mobile platforms).

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

24      Facebook objects to this Request to the extent it calls for the production of information

25 protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

26 privilege, immunity, or protection.  Facebook additionally objects to this request to the extent that

27 it calls for the production of data or information in a form that is not maintained and readily

28 accessible in the usual course of business.  Facebook additionally objects to this Request to the

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-
06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)
THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this Request to the extent that information regarding Facebook's total advertising revenue is available to Apple from other sources, including information available to Apple from public sources.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to show the comparative benefits to YOU of distributing YOUR APPS through different marketplaces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook will produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.  Facebook additionally objects to this Request as vague, ambiguous, overbroad, and unduly burdensome to the extent that it does not define "comparative benefits."

1    **REQUEST FOR PRODUCTION NO. 24:**

2          DOCUMENTS sufficient to show the services provided to YOU by APPLE related to

3    YOUR APPS, including but not limited to technical support services related to YOUR APPS,

4    comarketing services related to YOUR APPS, and anything that APPLE is providing to YOU to

5    improve the performance and accessibility of YOUR APPS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

7          Facebook objects to this Request to the extent it calls for the production of information

8    protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

9    privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

10   calls for the disclosure of sensitive, confidential, or proprietary information, or information

11   protected by the right to privacy for which no such substantial need has been demonstrated.  To

12   the extent that any sensitive, confidential, or proprietary information, or information protected by

13   the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

14   substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

15   proprietary, or protected private information only subject to and in reliance upon an appropriate

16   protective order governing confidential business information.  Facebook additionally objects to

17   this Request as vague and ambiguous with respect to the term "accessibility."  Facebook

18   additionally objects to this Request to the extent that it seeks information already in Apple's

19   possession, or available to Apple from some other source, including information available to

20   Apple from public sources.

21   **REQUEST FOR PRODUCTION NO. 25:**

22         Documents sufficient to show the standard commission rate for DEVELOPERS that

23   distribute APPS through FACEBOOK APP CENTER, FACEBOOK GAMING, the OCULUS

24   RIFT STORE, or any other of YOUR SOFTWARE STORE(S).

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26         Facebook objects to this Request to the extent it calls for the production of information

27   protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

28   privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1 calls for the disclosure of sensitive, confidential, or proprietary information, or information

2 protected by the right to privacy for which no such substantial need has been demonstrated.  To

3 the extent that any sensitive, confidential, or proprietary information, or information protected by

4 the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

5 substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

6 proprietary, or protected private information only subject to and in reliance upon an appropriate

7 protective order governing confidential business information.

8           Subject to and without waiving the foregoing objections, Facebook responds that it will

9 conduct a reasonable search for and will produce non-privileged documents responsive to Request

10 for Production 25 to the extent they exist, as proportionate to the needs of this case and in a

11 manner that does not subject third-party respondent Facebook to an undue burden.  Facebook

12 further responds that it will not produce any data that is not maintained and readily accessible in

13 the usual course of business.

14 **REQUEST FOR PRODUCTION NO. 26:**

15          Documents sufficient to show the standard contractual agreements between YOU and

16 DEVELOPERS who distribute APPS through FACEBOOK APP CENTER, FACEBOOK

17 GAMING, the OCULUS RIFT STORE, or any other of YOUR SOFTWARE STORE(S).

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

19          Facebook objects to this Request to the extent it calls for the production of information

20 protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

21 privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

22 calls for the disclosure of sensitive, confidential, or proprietary information, or information

23 protected by the right to privacy for which no such substantial need has been demonstrated.  To

24 the extent that any sensitive, confidential, or proprietary information, or information protected by

25 the right to privacy is responsive, its disclosure is proportionate to the needs of the case, and a

26 substantial need has been demonstrated, Facebook will produce any such sensitive, confidential,

27 proprietary, or protected private information only subject to and in reliance upon an appropriate

28 protective order governing confidential business information.

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

1    Subject to and without waiving the foregoing objections, Facebook responds that it will

2  conduct a reasonable search for and will produce non-privileged documents responsive to Request

3  for Production 26 to the extent they exist, as proportionate to the needs of this case and in a

4  manner that does not subject third-party respondent Facebook to an undue burden.

5

6  DATED:  January 6, 2021                    MUNGER, TOLLES & OLSON LLP

7

8                                    By:   /s/ Rosemarie T. Ring

9                                          ROSEMARIE T. RING
                                           Attorneys for Facebook, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS TO DEFENDANT'S SUBPOENA

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

　　　At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907.

　　　On **January 6, 2021**, I served true copies of the following document(s) described as:

**THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA**

on the interested parties in this action as follows:

Karen M. Lent
*karen.lent@skadden.com*
Evan R. Kreiner
*evan.kreiner@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the above-referenced document(s) to be sent from the e-mail address emily.curran-huberty@mto.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

　　　Executed on January 6, 2021, at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Emily Curran-Huberty

# Exhibit B

1  ROSEMARIE T. RING (State Bar No. 220769)
   rose.ring@mto.com
2  JUSTIN P. RAPHAEL (State Bar No. 292380)
   justin.raphael@mto.com
3  EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
   emily.curran-huberty@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
6  Facsimile:    (415) 512-4077

7  Attorneys for Third-Party Respondent
   FACEBOOK, INC.

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

| | |
|---|---|
| 13  DONALD R. CAMERON, et al., | Case No. 4:19-cv-03074-YGR (TSH) |
| 14          Plaintiffs, | |
| 15      vs. | |
| 16  APPLE INC., et al., | |
| 17          Defendants. | |
| 18  IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714- YGR (TSH) |
| 19 | |
| 20 | |
| 21  EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR (TSH) |
| 22          Plaintiff, | **THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S SECOND SUBPOENA** |
| 23  vs. | |
| 24  APPLE INC., | |
| 25          Defendant. | |
| 26 | |
| 27 | |

28

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-
06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS
TO DEFENDANT'S SECOND SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third-Party Respondent Facebook, Inc. ("Facebook"), by and through undersigned counsel, submits the following responses and objections to Defendant Apple Inc.'s ("Apple") second Subpoena to Produce Documents ("Subpoena").

**RESERVATION OF RIGHTS**

Facebook responds to the Subpoena to the best of its knowledge at the present time and reserves the right at any time to supplement, amend, correct, or clarify its responses and objections, but undertakes no obligation to do so beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and other applicable orders or rules. Any supplemental or amended response shall not function as a waiver of any privilege or objection Facebook has or may assert. Any response to the Subpoena or production of documents or things made by Facebook will be solely for the purpose of this action, without waiving or intending to waive, but, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds, at any time, to other discovery requests relating to the subject of the Subpoena to which Facebook has responded; (b) the right to object, on the grounds of competency, privilege, relevancy, materiality, confidentiality, authenticity, admissibility, or any other proper grounds, to the use of the responses, documents, or information provided by Facebook as evidence for any purpose, in whole or in part, in any subsequent proceeding, or in any trial in this action or any other action; and (c) the right at any time to revise, correct, supplement, or clarify Facebook's responses or objections. That Facebook has objected or responded to a Request for Production ("Request") in the Subpoena is not and should not be taken as an admission that Facebook accepts or admits the existence of any fact set forth in or assumed by such Request, or as an indication that Facebook agrees with or adopts any characterization or statement within such Request.

**OBJECTIONS TO DEFENDANT'S DEFINITIONS & INSTRUCTIONS**

Facebook's Responses are subject to the foregoing objections to Defendant's Definitions and Instructions.

1. Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena, and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the

1  extent that they are inconsistent with or seek to impose obligations beyond those imposed by the

2  Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the terms of the Stipulated

3  Protective Order between Plaintiff Epic Games, Inc. ("Epic") and Defendant Apple, or between

4  any parties to the above-captioned actions.

5      2.      Facebook objects to the Subpoena, and to each and every Request, as

6  disproportionate to the needs of the case, unduly burdensome, and harassing to third-party

7  respondent Facebook in that the Subpoena, and the Requests, reflect an improper attempt by

8  Apple to serve multiple subpoenas on a non-party to these actions.

9      3.      Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena,

10  and to each and every Request, Definition, and Instruction using any term(s) defined therein, as

11  vague, ambiguous, overbroad, and unduly burdensome to the extent that they call for the

12  production of documents dating back to 2008, including documents that are not relevant to any

13  party's claims or defenses or the production of which is not proportional to the needs of the case.

14  Facebook will conduct a reasonable search for and review documents kept in the ordinary course

15  of business as proportionate to the needs of this case and in a manner that does not subject third-

16  party respondent Facebook to an undue burden.

17      4.      Facebook objects to the definition of DOCUMENT and DOCUMENTS set forth in

18  the Subpoena, and to each and every Request, Definition, and Instruction using those terms, as

19  overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party

20  respondent Facebook.

21      5.      Facebook objects to the definition of COMMUNICATION and

22  COMMUNICATIONS set forth in the Subpoena, and to each and every Request, Definition, and

23  Instruction using those terms, as overbroad, disproportionate to the needs of the case, and unduly

24  burdensome to third-party respondent Facebook.

25      6.      Facebook objects to the "Definitions" and "Instructions" set forth in the Subpoena,

26  and to each and every Request, Definition, and Instruction using any term(s) defined therein, to the

27  extent that they seek information relating to activities outside of the United States.

28

Case Nos. 4:19-cv-03074-YGR (TSH), 4:11-cv-06714-YGR (TSH), 4:20-cv-05640-YGR (TSH)

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS
TO DEFENDANT'S SECOND SUBPOENA

7.      Facebook objects to the definition of SOFTWARE STORE and SOFTWARE STORES set forth in the Subpoena, and to each and every Request, Definition, and Instruction using those terms, as vague, ambiguous, and overbroad.

8.      Facebook objects to Instruction Number 3 to the extent it purports to require Facebook, as a third-party respondent, to produce documents in the possession of Facebook's "present and former attorneys, investigators, accountants, agents, representatives, or other persons acting on YOUR behalf" as overbroad, disproportionate to the needs of the case, and unduly burdensome, and calling for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.

9.      Facebook objects to Instruction Number 11 to the extent it purports to require Facebook to search for and produce hard copies of documents as overbroad, disproportionate to the needs of the case, and unduly burdensome to third-party respondent Facebook.  Facebook will conduct a reasonable search of e-mails and other reasonably accessible sources of information readily available in the usual course of business that is proportionate to the needs of the case and that does not subject third-party respondent Facebook to an undue burden.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

The foregoing Objections to Apple's Definitions and Instructions, and Reservation of Rights are incorporated into each and every specific response as if set forth fully therein.

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and/or YOUR counsel, on the one hand, and any DEVELOPER (including EPIC) and/or any DEVELOPER'S counsel, on the other hand, CONCERNING any pending or future litigation related to APPLE'S policies concerning iOS, iOS APPS, and/or the iOS APP STORE.  For the avoidance of doubt, such policies INCLUDE, but are not limited to, the policy YOU referred to as "iOS 14's AppTrackingTransparency" in YOUR December 16, 2020 blogpost "Speaking Up for Small Businesses" (*available at* https://about.fb.com/news/2020/12/speaking-up-for-small-businesses/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.  Facebook additionally objects to this request as calling for information not relevant to any party's claims or defenses.

Facebook additionally objects to this request as overbroad and unduly burdensome to the extent it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Facebook additionally objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the issues identified in the Request.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is determined to be responsive and relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook would produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS CONCERNING studies or analyses YOU conducted or requested that another entity conduct CONCERNING: (i) the privacy policies of iOS, ANDROID OS, and/or any SOFTWARE STORE, INCLUDING the iOS APP STORE, and/or (ii) changes to iOS or the iOS APP STORE'S privacy policies, INCLUDING but not limited to the policy YOU referred to as

1  "iOS 14's AppTrackingTransparency" in Your December 16, 2020 blogpost "Speaking Up for

2  Small Businesses" (*available at* https://about.fb.com/news/2020/12/speaking-up-for-small-

3  businesses/). For the avoidance of doubt, such studies or analyses INCLUDE, but are not limited

4  to: (i) studies or analyses CONCERNING APP users' privacy preferences, (ii) studies or analyses

5  CONCERNING DEVELOPERS' use or support of personalized ADVERTISING that businesses

6  conduct in accordance with any SOFTWARE STORE'S privacy policies, (iii) how the upcoming

7  changes to the iOS APP STORE'S privacy policies would impact YOUR business, INCLUDING

8  YOUR revenue, (iv) studies or analyses concerning how the upcoming changes to the iOS APP

9  STORE'S privacy policies would impact any other DEVELOPER'S business, INCLUDING their

10  revenue, and (v) the "Deloitte study" referenced in the advertisements YOU placed in the New

11  York Times, the Financial Times, the Wall Street Journal, and the Washington Post in December

12  2020.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

14      Facebook objects to this Request to the extent it calls for the production of information

15  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

16  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

17  calls for the disclosure of sensitive, confidential, or proprietary information, or information

18  protected by the right to privacy for which no such substantial need has been demonstrated.

19      Facebook objects to the extent all documents concerning studies or analyses or changes in

20  this context is vague and ambiguous to the extent the request purports to reference policies other

21  than iOS14's AppTrackingTransparency policy, or the publicly available "Deloitte Study."

22      Facebook additionally objects to this request as calling for information not relevant to any

23  party's claims or defenses, including because it seeks documents related to policies or restrictions

24  that are not being challenged in this case, which are not relevant to any party's claims or defenses

25  and whose production thus is not proportional to the needs of the case.

26      Facebook additionally objects to this Request as overbroad, disproportionate to the needs

27  of this case, and unduly burdensome as to third-party respondent Facebook to the extent it calls for

28  "all DOCUMENTS" concerning the issues identified in the Request.  Facebook additionally

1  objects to this Request to the extent that it seeks information already in Defendant's possession or

2  available to Defendant from some other source, including information available to Defendant from

3  public sources.  To the extent that any sensitive, confidential, or proprietary information, or

4  information protected by the right to privacy is determined to be responsive and relevant to a

5  party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial

6  need has been demonstrated, Facebook would produce any such sensitive, confidential,

7  proprietary, or protected private information only subject to and in reliance upon an appropriate

8  protective order governing confidential business information.

9  **REQUEST FOR PRODUCTION NO. 3:**

10      All DOCUMENTS reflecting criticism of the claims YOU have made publicly

11  CONCERNING upcoming changes to the privacy policies of iOS and/or the iOS APP STORE.

12  For the avoidance of doubt, such criticism INCLUDES, but is not limited to, criticism by YOUR

13  employees (see Buzzfeed News, Facebook Says It's Standing Up Against Apple For Small

14  Businesses. Some Of Its Employees Don't Believe It, *available at*

15  https://www.buzzfeednews.com/article/craigsilverman/facebook-apple-fight-self-serving).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17      Facebook objects to this Request to the extent it calls for the production of information

18  protected by the attorney-client privilege, the work product doctrine, and/or any other applicable

19  privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it

20  calls for the disclosure of sensitive, confidential, or proprietary information, or information

21  protected by the right to privacy for which no such substantial need has been demonstrated.

22      Facebook additionally objects to this request as calling for information not relevant to any

23  party's claims or defenses, including because it seeks documents related to policies or restrictions

24  that are not being challenged in this case, which are not relevant to any party's claims or defenses

25  and whose production thus is not proportional to the needs of the case.

26      Facebook additionally objects to this Request on the ground that the terms "claims" and

27  "criticism" are not defined, vague, and ambiguous.  Facebook additionally objects to this Request

28  as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party

respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the issues identified in the Request.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is determined to be responsive and relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook would produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting complaints CONCERNING the security of the FACEBOOK APP CENTER, FACEBOOK GAMING, the OCULUS RIFT STORE, and/or YOUR APPS other than YOUR iOS APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook objects to this Request to the extent it calls for the production of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, immunity, or protection.  Facebook additionally objects to this Request to the extent it calls for the disclosure of sensitive, confidential, or proprietary information, or information protected by the right to privacy for which no such substantial need has been demonstrated.

Facebook additionally objects to this request as calling for information not relevant to any party's claims or defenses, including because it seeks documents related to policies or restrictions that are not being challenged in this case, which are not relevant to any party's claims or defenses and whose production thus is not proportional to the needs of the case.

Facebook additionally objects to this Request on the ground that the terms "complaints" and "security" are not defined, vague, and ambiguous.  Facebook additionally objects to this Request as overbroad, disproportionate to the needs of this case, and unduly burdensome as to third-party respondent Facebook to the extent it calls for "all DOCUMENTS" concerning the

THIRD-PARTY RESPONDENT FACEBOOK'S RESPONSES & OBJECTIONS
TO DEFENDANT'S SECOND SUBPOENA

"security" of the specified Facebook products and all of Facebook's non-iOS APPS.  Facebook additionally objects to this Request to the extent that it seeks information already in Defendant's possession or available to Defendant from some other source, including information available to Defendant from public sources.  To the extent that any sensitive, confidential, or proprietary information, or information protected by the right to privacy is determined to be responsive and relevant to a party's claim or defense, its disclosure is proportionate to the needs of the case, and a substantial need has been demonstrated, Facebook would produce any such sensitive, confidential, proprietary, or protected private information only subject to and in reliance upon an appropriate protective order governing confidential business information.

DATED:  January 15, 2021                     MUNGER, TOLLES & OLSON LLP


                                             By:  /s/ Rosemarie T. Ring
                                                  ROSEMARIE T. RING

                                             Attorneys for Facebook, Inc.

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907.

On **<u>January 15, 2021</u>**, I served true copies of the following document(s) described as:

**THIRD-PARTY RESPONDENT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S APPLE INC.'S SECOND SUBPOENA**

on the interested parties in this action as follows:

Karen M. Lent
*karen.lent@skadden.com*
Evan R. Kreiner
*evan.kreiner@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the above-referenced document(s) to be sent from the e-mail address emily.curran-huberty@mto.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2021, at San Francisco, California.

_____
Emily Curran-Huberty

# Exhibit C

| | |
|---|---|
| **From:** | Curran-Huberty, Emily |
| **To:** | Kreiner, Evan R (NYC) |
| **Subject:** | [Ext] RE: Epic v Apple - Facebook subpoena |
| **Date:** | 3/29/2021 5:07:00 PM |
| **CC:** | Raphael, Justin; Ring, Rosemarie; Lent, Karen Hoffman (NYC); Shikman, Dane; Sidibe, Sundiata (NYC) |
| **BCC:** | |

**Message:**

Evan,

Facebook has investigated the burden involved in producing additional documents at Apple's untimely request. A review and production of documents responsive to your proposed search, or even a substantially narrower search confined to topics that are appropriate and relevant to the claims and defenses in this case, would require Facebook to review tens of thousands of additional documents. Such a review would be unduly burdensome to third-party Facebook and disproportionate to the needs of this case, and Facebook has concluded that it does not intend to conduct such an unduly burdensome search or produce any additional documents.

Facebook's position remains that Apple's requests are untimely and that, in any event, Facebook's initial production was sufficient. In offering a compromise of a targeted, narrow subpoena specific to Mr. Sharma's files, Facebook made clear that it would not entertain or respond to an overbroad subpoena. The search Apple proposed in response is extremely overbroad and aimed at topics that are not appropriate subjects of discovery in this case. For the avoidance of doubt, our responses to your specific requests are as follows:

For documents from Facebook, including those not in Mr. Sharma's files, responsive to **RFP 1** of Apple's second subpoena, this request seeks documents that have not been shown to be relevant to any claim or defense in this action and seeks confidential commercial information for which Apple cannot demonstrate a substantial need. Facebook will stand on its objection served January 15, 2021.

For **Topics 4** and **7** requested from Mr. Sharma's files, these requests are untimely, overbroad, would subject Facebook to an undue burden disproportionate to the needs of this case, and seek confidential commercial information for which Apple cannot demonstrate a substantial need. These requests appear to be an effort to make an end run around Facebook's objection to producing documents responsive to Apple's second subpoena. Facebook will not produce documents responsive to these requests, based on the same objections Facebook raised in response to Apple's second subpoena.

For **Topics 1** and **2** requested from Mr. Sharma's files, these requests are untimely, overbroad, would subject Facebook to an undue burden disproportionate to the needs of this case, and seek confidential commercial information for which Apple cannot demonstrate a substantial need. In addition, these requests seek documents that were not the subject of any subpoena request issued within the fact discovery period. If Apple believes documents responsive to these request are relevant to its claims and defenses in this case, it had every reason to request such documents in a timely fashion. Facebook will not produce documents responsive to these requests.

For **Topics 3, 5,** and **6**, these requests are untimely, overbroad, would subject Facebook to an undue burden disproportionate to the needs of this case, and seek confidential commercial information for which Apple cannot demonstrate a substantial need. Facebook will not produce documents responsive to these requests.

Finally, Mr. Sharma is available for a deposition on April 28, 29, or 30. He is unavailable the prior week.

Best,

Emily

**Emily C. Curran-Huberty (she/her/hers)** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4052 | Emily.Curran-Huberty@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Curran-Huberty, Emily
**Sent:** Saturday, March 27, 2021 2:00 PM
**To:** 'Kreiner, Evan R'
**Cc:** Raphael, Justin ; Ring, Rosemarie ; Lent, Karen Hoffman ; Shikman, Dane ; Sidibe, Sundiata
**Subject:** RE: Epic v Apple - Facebook subpoena

Evan,

Your characterization of the time it is taking us to respond as "delay" is incorrect. Facebook received your proposed search terms on Wednesday afternoon and has been working diligently on a response. As part of that process, we are quite reasonably investigating the burden that would be involved in performing the search and review of documents you propose. As you are aware, there is unavoidable technical processing time baked in to such an investigation, and while we are pushing forward with our investigation, including over the weekend, we cannot reasonably meet the arbitrary deadlines you are trying to impose on Facebook, a third party to these litigations.

Facebook continues to reserve all rights and will respond no later than Monday with our position regarding whether and to what extent we intend to produce any additional documents at Apple's untimely request.

Best,

Emily

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Saturday, March 27, 2021 11:23 AM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

Given the timing of the upcoming *Epic* trial, this delay could prejudice Apple's ability to defend itself, particularly if any dispute will have to be submitted to the court. In light of Facebook's delay, Apple reserves all rights, including the right to move to preclude Mr. Sharma's testimony. And because a simple "no" should not take several days, we assume Facebook either plans to accept our proposal or revert with proposed alternative search terms and categories of documents. If we do not receive an acceptable counterproposal from Facebook by Monday, we will send you our portion of a joint dispute letter.

Thanks,
Evan


**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Friday, March 26, 2021 10:24 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

We had hoped to be able to respond to you with Facebook's position today, but it has taken longer than we anticipated and we won't have a response tonight. We will get back to you as soon as we are able.

Best,

Emily


**Emily C. Curran-Huberty (she/her/hers) | Munger, Tolles & Olson LLP**

560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4052 | Emily.Curran-Huberty@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain information that is privileged, attorney work product or*
*otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt*
*by, any unauthorized person. If you have received this message in error, do not read it. Please delete it*
*without copying it, and notify the sender by separate e-mail so that our address record can be corrected.*
*Thank you.*

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Friday, March 26, 2021 4:29 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen
Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata
<Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

Please let us know when we can expect a response.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Thursday, March 25, 2021 8:33 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen
Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe,
Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

I just wanted to let you know that we have been consulting with our client and will be able to give you
our position tomorrow. Thanks.

Best,

4

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Wednesday, March 24, 2021 1:09 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

Facebook's proposal that Apple issue a new subpoena to Mr. Sharma is neither necessary nor efficient. The subpoenas Apple already issued request documents that cover the topics that Epic listed for Mr. Sharma's testimony (i.e., "App distribution; Apple restrictions on iOS app distribution; App Store review process; interactions with Apple"), in addition to documents that are necessary for Apple to impeach Mr. Sharma's testimony (including because they could demonstrate both his own and his employer's bias). Moreover, particularly given the reservations of rights we made throughout this process, that Apple did not push for additional productions pursuant to the first subpoena or move to compel the second subpoena when there was no indication a Facebook employee would testify cannot be used as a reason to resist additional targeted productions pursuant to those subpoenas now that Epic has placed Mr. Sharma on its witness list. And as reflected throughout our correspondence, we have previously explained the relevance of the requests in the first and second subpoenas, so it appears that we are at an impasse if Facebook intends to stand on the rationales listed in your email, including that Facebook will not produce competitively sensitive information. Finally, regarding your note about other third parties' productions (which is, in any event, inapposite to whether Facebook's productions are sufficient), at least two other third parties have produced several times more documents than Facebook has in connection with this litigation.

However, in the spirit of compromise, Apple is willing to limit subsequent Facebook productions pursuant to the previously issued subpoenas to the below documents:

1. Documents to be produced from Mr. Sharma's files that hit on the below list of search terms and that fall into the below list of categories.
2. Documents from outside of Mr. Sharma's files that are called for in RFP 1 of the second subpoena—i.e., communications between Facebook and any other developer (including Epic and/or members of the Coalition for App Fairness) concerning pending or future litigation related to Apple's policies concerning iOS, iOS apps, and/or the iOS App Store. To be clear, such documents would include all such communications regarding the Coalition for App Fairness.

Please let us know by Thursday at 5PM Pacific whether or not Facebook is willing to proceed in this manner so that we can promptly present these issues to the court if necessary. Please also provide a list of dates on which Mr. Sharma is available for his deposition.

***

Categories of documents to be produced from Mr. Sharma's files, including his electronic correspondence:

1. Documents and communications concerning the security of Facebook Gaming, including documents and communications concerning data breaches
2. Documents and communications concerning the privacy protections afforded to users of Facebook Gaming
3. Documents and communications concerning the distribution of Facebook's apps, including documents and communications concerning the costs and/or benefits to Facebook of distributing its apps through iOS and/or the comparative benefits of distributing on different platforms (including the web)
4. Documents and communications concerning the claims Facebook has made publicly concerning upcoming changes to the privacy policies of iOS and/or the iOS App Store, including the policy known as App Tracking Transparency
5. Documents and communications concerning Apple's app review process and/or app store guidelines, including documents and communications concerning the rejection of any Facebook app or any version of any Facebook app
6. Documents and communications concerning Facebook's communications with Apple
7. Documents and communications concerning Epic's litigation against Apple, including documents and communications related to Facebook's intention to assist Epic in this litigation

Search terms to be applied to Mr. Sharma's files, including his electronic correspondence:

- "Epic"
- "iOS"
- "in-app purchase" or "IAP"
- "breach"
- "privacy policy"
- (account OR User) /3 (data OR privacy OR security)
- "app store"
- guideline
- "Store-like"
- "store-within"
- 4.7
- 3.1.1
- Apple.com
- "App Tracking Transparency" or "ATT"

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Monday, March 22, 2021 10:24 PM

**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thank you again for the meet and confer on Friday. Below, are Facebook's responses to the issues raised on our call and in your email from Friday evening.

On **subpoena 1**, Facebook does not intend to search for or produce additional documents responsive to subpoena 1. Facebook conducted a reasonable search for documents responsive to the 26 RFPs Apple served on Facebook in late December with a final production deadline of February 15. Facebook produced over 1600 responsive documents before the close of discovery on February 15, consistent with its responses and objections, which were served on January 6—more than two months ago. Apple has now raised three issues with Facebook's response to the subpoena for the first time, more than a month after the close of discovery. Apple's assertions are untimely and we disagree that Apple can justify its delay on the ground that Epic disclosed Mr. Sharma as a trial witness. Apple had good reason to raise any issues with Facebook's production promptly, as it did with other third parties.

None of Apple's assertions that Facebook's response to the subpoena supposedly was deficient is persuasive. Apple asserts that Facebook produced too few documents for which Mr. Sharma is the custodian. We disagree that this is an appropriate measure of the adequacy of Facebook's response to a subpoena to the company that did not seek any documents from Mr. Sharma. Facebook also cannot take seriously Apple's claim that Facebook has produced too few documents from Mr. Sharma when Apple has not identified any third party that produced more documents than Facebook or that produced more documents for which a third-party trial witness is a custodian.

On **RFP 3 from subpoena 1**, Facebook does not intend to search for or produce additional documents. As we understand it, Apple believes Facebook's response to RFP 3 was deficient because Facebook did not produce "many strategy documents related to distribution of its app." The RFP does not refer to "strategy documents" at all. Moreover, if by "strategy documents," you mean decks, business plans, or similar documents about Facebook's broader app distribution strategy or plans, any such documents, even assuming they would be responsive, would fall within Facebook's objection to producing sensitive, confidential, or proprietary information responsive to RFP 3 for which Apple has not demonstrated a substantial need. Apple has had that objection since January 6 and has had Facebook's production since February 15, but never raised this issue until now.

On **RFP 20 from subpoena 1**, Facebook does not intend to produce any additional data. Facebook's gaming revenue, by app and by platform is, like its advertising revenue, competitively sensitive, confidential information, and we do not believe Apple has demonstrated a substantial need for this revenue or even explained why such granular data is relevant. Again, this request is also untimely.

While we do not believe that Apple is entitled to any additional documents from Mr. Sharma given Facebook's prior production, in the spirit of compromise, we are willing to work with you on a targeted, appropriately limited subpoena for documents from Mr. Sharma's files in connection with his upcoming deposition. To be clear, we will not entertain an overbroad subpoena that would subject Facebook to an

undue burden disproportionate to the needs of this case, but we are willing to negotiate the scope of a subpoena that is narrowly tailored to the documents that Apple believes are necessary for it to examine Mr. Sharma. Please let us know if and when you would like to discuss such a subpoena.

On **subpoena 2**, Facebook does not intend to produce any documents responsive to the subpoena. As we have explained in prior correspondence, we do not believe Apple has articulated why the documents sought in subpoena 2 are relevant to the claims and defenses in this litigation or why Apple has a substantial need for information responsive to this subpoena. Apple is now arguing that information responsive to subpoena 2 would be relevant to impeaching Mr. Sharma, but we disagree that Apple has a substantial need for internal Facebook documents regarding policies and restrictions not at issue in this litigation, and that are the subject of public documents referred to in the subpoena itself, merely for the purpose of impeaching Mr. Sharma. Apple's demand for documents regarding these policies and restrictions that are not at issue *even if* they were never sent to or from Mr. Sharma underscores that Apple is not seeking information relevant to its defense.

Best,

Emily

**Emily C. Curran-Huberty (she/her/hers)** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4052 | Emily.Curran-Huberty@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Friday, March 19, 2021 5:59 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Emily,

Thanks for the meet and confer today. As we discussed this afternoon and I had previously requested in my email from Wednesday, please let us know the following information by Monday at 5PM Pacific:

1.  How did Facebook previously search Mr. Sharma's files for documents responsive to requests in the first subpoena? Specifically, what search terms and date restrictions were applied and what locations were searched?

2. Is Facebook willing to produce any documents in response to the second subpoena? If so, which requests will Facebook respond to, what files does Facebook intend to search, what search terms does Facebook intend to use, and by when will the productions be complete?

In addition to the above and also as discussed during today's meet and confer, please provide the following information by Monday at 5PM Pacific:

1. Is Facebook willing to do additional searches in and productions from Mr. Sharma's files? If so, to which requests does Facebook intend to produce additional responsive documents, what files does Facebook intend to search, what search terms does Facebook intend to use, and by when would the productions be complete?
2. Will Facebook conduct additional targeted searches to produce documents responsive to RFP 3 in the first subpoena? We noticed that Facebook did not produce many strategy documents related to distribution of its apps.
3. Will Facebook produce the figures called for in RFP 20 with respect to Facebook Gaming, which would include figures related to any distribution of Facebook Gaming on non-mobile devices and over the web? We do not think that Facebook sufficiently complied with RFP 20, particularly with respect to Facebook Gaming.

Finally, please confirm that you can accept service of the deposition subpoena on Mr. Sharma.

Best,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Friday, March 19, 2021 1:25 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Yes, that works on our end. Thanks.

Best,

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Friday, March 19, 2021 9:36 AM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen

Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

Could we do 12:30 PT?

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Friday, March 19, 2021 11:35 AM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] Re: Epic v Apple - Facebook subpoena

Evan,

We're checking on the service issue and will have an answer shortly. On our meet and confer, we are no longer available at 11 PT today. We are available starting at noon PT. Thanks.

Best,

Emily

Sent from my iPhone

> On Mar 18, 2021, at 10:29 PM, Kreiner, Evan R <Evan.Kreiner@skadden.com> wrote:
>
> Emily,
>
> Please also let us know whether you can accept service of the attached deposition subpoena for Mr. Sharma.
>
> Thanks,
> Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Kreiner, Evan R (NYC)
**Sent:** Thursday, March 18, 2021 5:23 PM
**To:** 'Curran-Huberty, Emily' <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie
<Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>;
Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC)
<Sundiata.Sidibe@skadden.com>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Emily,

11AM Pacific tomorrow works for the meet and confer. A calendar invite will follow.

In addition, I'll note that our position on the second subpoena is not "new." Throughout
our communications, including correspondence on this email chain, we have made clear
that we would seek to enforce the second subpoena if a Facebook employee were to
testify because the documents sought in the second subpoena are highly relevant
impeachment material. We had previously held the second subpoena in abeyance to
minimize the burden on a third party that apparently would not testify given that none
of its employees were deposed.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Thursday, March 18, 2021 2:00 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie
<Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>;
Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC)
<Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

We've received your email. We are conferring with our client and are available to meet confer with you on Friday, but we cannot respond by noon today with our position with respect to Apple's second subpoena. Requesting a response from Facebook in less than 24 hours, particularly where you have been aware of Mr. Sharma's disclosure since last Friday, is simply not reasonable. We are available to meet and confer Friday, either from 11-12 PT or between 1 and 3 PT, to discuss Apple's new position on subpoena 2, as well as your request for additional documents responsive to Apple's first subpoena. Thank you.

Best,

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Wednesday, March 17, 2021 2:20 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

Epic provided its tentative initial witness list on Friday night, listing Vivek Sharma (Facebook's VP of Gaming) as a witness for Epic who purportedly will testify about "App distribution; Apple restrictions on iOS app distribution; App Store review process; [and] interactions with Apple." While Apple reserves all rights regarding Mr. Sharma's testimony, as we explained in our earlier correspondence and during meet and confers, the document requests in Apple's second subpoena to Facebook are necessary for, among other things, impeachment in the event that a Facebook employee testifies. Accordingly, given Mr. Sharma's appearance on Epic's tentative initial witness list, we will no longer hold the second subpoena in abeyance.

Please let us know by Thursday at noon Pacific whether Facebook will continue to stand on its blanket objections to the second subpoena. If Facebook now intends to produce documents responsive to the second subpoena, please let us know which requests Facebook will respond to, what files Facebook intends to search, what search terms Facebook intends to use, and by when the productions will be complete.

In addition, given the breadth of subjects on which Mr. Sharma might testify, as well as the limited number of documents Facebook produced pursuant to the first subpoena (particularly for which Mr. Sharma is a custodian), we intend to press for additional documents in response to a number of the requests in the first subpoena. To better inform our discussions, please let us know how you searched Mr. Sharma's custodial files for documents responsive to Apple's first subpoena--e.g., what search terms and date restrictions you applied and what you searched.

We are available to meet and confer on Thursday from 1-2PM and 3-5PM, and Friday anytime after 11AM (all times Pacific) in order to understand the scope of any disputes regarding Facebook's response to the subpoenas so that we can promptly address them to Judge Hixson.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Monday, February 22, 2021 7:38 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Regarding your first question, "msite" refers to the Facebook website accessed via a mobile web browser.

With respect to your second question, without waiving any objection to requests for Facebook to identify which of the more than 1600 documents that Facebook produced subject to its objections were responsive to one of Apple's requests, as a courtesy, we can identify EGFB-010846; EGFB-003312; EGFB-003486; and EGFB-003487 as a non-exhaustive list of examples of documents partially responsive to RFP 20. If you have other questions regarding our production, please let us know.

Best,

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Thursday, February 18, 2021 9:20 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

The record is sufficiently clear, so in this email, I'm not going to further respond to the assertions in your last email on this chain. However, we do have two questions about Facebook's productions for which we'd appreciate a prompt response:

1. In EGFB004041, Facebook lists various "interfaces" in column C. Could you please let us know what "msite" refers to?
2. It's unclear to us which documents, if any, are responsive to RFP 20. Could you please point us to responsive documents or explain why none were produced?

Best,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Friday, February 12, 2021 1:49 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks for your response. The extent to which you are going out of your way to mischaracterize Facebook's position and avoid Apple's clear obligation to explain why the discovery it is seeking is relevant is remarkable. In any event, we again disagree with your characterization of Facebook's position and continue to reserve all rights.

Regarding the sufficiency of our production, as you note, our production is not yet complete and we produced additional documents on Wednesday. For the sake of clarity, however, Facebook did not "agree to produce responsive documents," but rather agreed to "conduct a reasonable search for and [] produce non-privileged documents responsive to [various RFPs] to the extent they exist, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden." Regardless, if you have specific concerns, please let us know what they are. Thanks.

Best,

Emily

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Wednesday, February 10, 2021 2:45 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie
<Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman,
Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

We do not think we misunderstand or are misrepresenting Facebook's position at all.
While we understand that you have made numerous objections to producing the
documents called for in the second subpoena, Facebook objected to each request on
the grounds of relevance. *See, e.g.*, Obj. to RFPs 2-4 ("Facebook additionally objects to
this Request as calling for information not relevant to any party's claims or defenses . . .
."). In addition, during our meet and confers and in these follow-up emails, Facebook
has continued to question how these requests are relevant to the app store litigations (a
more broad position than just that the App Tracking Transparency policy is not being
challenged by any plaintiff in these litigations). Accordingly, as stated in my earlier
email, we believe a fair representation of Facebook's position to be that App Tracking
Transparency is not relevant to the claims or defenses in any of the app store litigations.
Apple continues to reserve all rights, including the right to move to compel after
February 15, if Facebook either produces documents concerning App Tracking
Transparency or testifies in a deposition or at trial.

In addition, Facebook's productions to date do not appear to cover all of the requests
for which Facebook agreed to produce responsive documents. Please let us know when
Facebook plans to make additional productions in response to the first subpoena.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Monday, February 8, 2021 4:40 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie
<Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>;
Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC)
<Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks for your response. Your email either misrepresents or misunderstands Facebook's position with respect to what Apple calls its App Tracking Transparency policies, so we will state it again. Under the Federal Rules of Civil Procedure, Apple may seek information that is relevant to a claim or defense in the *Epic*, *Cameron*, and *Pepper* cases. As indicated by the questions in my prior email, we do not believe Apple has explained how information about these policies meets this standard, so we are simply asking that Apple do so now. We are also asking that Apple explain why there is a substantial need for such information, as the Federal Rules also require.

Nevertheless, consistent with Facebook's understanding that no plaintiff in these cases is challenging what Apple calls its App Tracking Transparency policies and pursuant to Facebook's objections to both subpoenas to producing documents related to policies or restrictions that are not challenged in this case, Facebook does not intend to produce documents in response to Apple's and Epic's subpoenas that relate solely to what Apple calls its App Tracking Transparency policies. It is possible, however, that Facebook's document production in response to Apple's and Epic's subpoenas may include documents related to what Apple calls its App Tracking Transparency policies because those documents also contain other responsive and relevant information.

Facebook reserves all of its objections to Apple's and Epic's subpoenas, including to requests for information after the close of fact discovery under the Court's orders.

Best,

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Thursday, February 04, 2021 1:38 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

As we said during our meet and confers, the requests in the second subpoena were prompted by Facebook's campaign attacking Apple's recently-announced privacy enhancements (i.e., the App Tracking Transparency policy), in which Facebook connected App Tracking Transparency to its goal of providing useful information to Epic in Epic's lawsuit against Apple.

We understand it is now Facebook's position that App Tracking Transparency is not relevant to the claims or defenses in any of the app store litigations (i.e., *Cameron*,

*Pepper*, and *Epic*). Please let us know immediately if that is not Facebook's position. If that is Facebook's position, then Apple will agree to hold the second subpoena in abeyance so long as: (1) Facebook does not produce documents concerning App Tracking Transparency, and (2) Facebook is not deposed. If Facebook produces documents concerning App Tracking Transparency, fairness would require that Facebook also produce documents concerning App Tracking Transparency responsive to the requests in this second subpoena. And if Facebook is deposed or testifies at trial, given the bias demonstrated in Facebook's advertising campaign, the requests in the second subpoena would be necessary for impeachment. To be clear, Apple reserves all rights, including the right to move to compel after February 15, if Facebook either produces documents concerning App Tracking Transparency or testifies in a deposition or at trial.

Regarding RFP 22 from the first subpoena, while we reserve all rights and disagree with Facebook's assertions concerning the relevance of the material, we do not currently plan to further pursue or move to compel a response to that request.

Best,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491** | **F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Thursday, January 28, 2021 1:48 AM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks again for your response on Apple's first subpoena.

We still do not understand Apple's position that Facebook's ad revenue by platform is relevant to show the volume of transactions in the app distribution market. Can you explain how transactions that earn Facebook ad revenue are transactions for which Apple competes in an app distribution market? Also, can you explain why Apple needs Facebook's ad revenue by platform in particular to estimate the total volume of transactions in the entire market? Has Apple subpoenaed other app developers for their ad revenue by platform in order to determine the total volume of ad transactions?

With respect to Apple's assertion that Facebook's ad revenue by platform might show that app developers can earn significant revenue from selling ads as opposed to paid downloads and in-app purchases, it is not clear how that fact would be relevant to the claims or defenses in these cases. Could you elaborate on that? Also, can you explain why Apple needs specific ad revenue figures from Facebook by platform and cannot rely on public information to establish the general proposition that developers can earn significant revenue from selling ads?

Best,

Emily

---

**From:** Curran-Huberty, Emily
**Sent:** Tuesday, January 26, 2021 3:53 PM
**To:** 'Kreiner, Evan R' <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks for these responses. We will consider the points you raise on ad revenue and get back to you.

Thanks as well for the call on Friday regarding Apple's second subpoena to Facebook. We have considered our discussion and have several follow-up questions. We are happy to jump on another call to discuss. Just let us know what works for you.

**RFP 1:** You said that communications between Facebook and/or its counsel and any developer and/or its counsel, including Epic, concerning pending or future litigation regarding Apple's "policies" concerning iOS, iOS Apps, and/or the iOS App Store are relevant for potential impeachment.

*First*, you have not defined "policies," except to say that you believe they include the iOS 14 policy changes. Please explain what you mean by "policies" and why you believe the iOS 14 policy changes will be the subject of testimony for which impeachment may be required so as to be included in that definition.

*Second*, you have not identified any testimony for potential impeachment, let alone explained why you believe that impeachment will be necessary and how documents responsive to RFP 1 would impeach any such testimony. Please explain.

*Finally*, even assuming that communications called for in RFP 1 could be a proper subject of discovery, Apple can obtain any such communications involving Epic from Epic itself. Please explain what steps Apple has taken to do so.

**RFP 2:** You said that Facebook's studies about the effects of "privacy policies" of iOS, Android OS, and/or any software store, including iOS App Store, are relevant to allegations in Epic's complaint anticipating that Apple will assert privacy concerns as a procompetitive justification for the distribution/IAP restrictions at issue in these cases, and that Epic will argues this justification is pretextual.

*First*, you have not defined "privacy policies," except to say that you believe they include the iOS 14 policy changes. Please explain what you mean by "privacy policies" and why you believe the iOS 14 policy changes will be at issue in connection with procompetitive justifications relevant to the distribution/IAP restrictions that are issue in these cases so as to be included in that definition.

*Second*, you have not explained why any studies or analyses conducted or requested by Facebook about "privacy policies" are relevant to any procompetitive justifications for the distribution/IAP restrictions at issue in these cases. For example, can you tell us or point us to a document explaining any procompetitive justification for its distribution/IAP restrictions that Apple plans to assert relating to privacy, and, if so, how the iOS 14 policy changes (particularly those addressed in the December blog post identified by the subpoena) relate to that asserted procompetitive justification? Has any party sought discovery from Apple regarding "privacy policies" and/or the iOS 14 policy changes? This information would help us evaluate Apple's argument that documents responsive to this request are relevant to claims that Apple's assertion of privacy as a procompetitive justification for the distribution/IAP policies at issue in these cases is pretextual.

*Third,* since Apple controls and knows the basis for any procompetitive justifications it will assert for the distribution/IAP restrictions, we do not understand the relevance of any studies conducted or requested by Facebook on those topics. For example, if Apple plans to assert privacy as a procompetitive justification for the distribution/IAP restrictions, has Apple conducted or requested any studies regarding the effects of the "privacy policies" in RFP 2? If so, then why does Apple need studies from Facebook? More fundamentally, how can Apple justify its policies prohibiting other app distributors or in-app purchase payment processors based on internal documents from Facebook, if any, that Apple has never seen. Can you explain that?

**RFP 3:** As with RFPs #1 and #2, you have not explained how public statements by Facebook regarding either this case or Apple's proposed policies related to iOS14 are relevant to any claim or defense in this case. As such, we do not see how documents reflecting criticism of those public statements, if any such documents exist, are relevant.

**RFP 4:** You said that Apple contends that documents responsive to this request are relevant to Apple's justifications for its decisions with respect to Facebook Gaming. But we do not understand how Apple could justify its own decisions about Facebook Gaming based on complaints, if any, that Facebook may have received. Could you please explain that?

You also said that internal documents regarding any complaints that Facebook may have received are relevant to understanding consumers' views regarding the marketplace.

Has Apple conducted studies regarding the security of the Facebook products identified in RFP #4 or various app stores generally? Has Apple conducted studies regarding consumers' views about the security of the Facebook products identified in RFP #4 or various app stores generally? If so, then why does Apple need studies from Facebook to understand the market or consumers' views?

Best,

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Tuesday, January 26, 2021 1:13 PM
**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Emily,

Responses to your email regarding the open issues for the first subpoena are below. As discussed, we look forward to receiving your follow-up email on the second subpoena promptly so that we can work toward a resolution in advance of the February 15 fact discovery deadline.

1. Your understanding is correct.
2. Your understanding is correct.
3. As we've explained during our meet and confers, the advertising revenue figures requested are relevant for multiple reasons. For example:
   a. To the extent that there is an alleged "app distribution market," one way to measure that market could be the volume of "transactions" on the various app distribution platforms. *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2286 & n.8 (2018). For apps with an ad-based monetization strategy (rather than an in-app purchase or paid download monetization strategy), one way to measure the volume of "transactions" could be advertising revenue.
   b. In addition, it is relevant that app developers have alternative ways to monetize their apps beyond paid downloads and in-app purchases, which allows app developers to avoid paying a commission to Apple. One such alternative monetization strategy is in-app advertising. Because Facebook's apps monetize through in-app advertising, knowing Facebook's advertising revenues from its iOS apps in particular could demonstrate that app developers can generate significant advertising revenues through an iOS app. And knowing Facebook's advertising revenues on all other platforms would put the advertising revenues from the iOS apps in context—these revenue figures thus could show

20

that Facebook is able to monetize its apps in a similar manner on Apple's platforms as on other platforms, which could also demonstrate that the iOS policies being challenged do not impact Facebook's (and other advertising-based developers') ability to monetize its apps.

4. This is acceptable.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Friday, January 22, 2021 5:53 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata (NYC) <Sundiata.Sidibe@skadden.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks again for your response. Our written responses to your proposals are below:

1. Regarding the protective order, we understand you to be saying that Section 7.3 permits a designating party to decline to approve the disclosure of Highly Confidential Attorneys Eyes Only documents to any designated in-house counsel for the receiving party. If our understanding is correct, that aspect of the Protective Order is acceptable to Facebook.

2. Regarding disclosure to mock jurors, we understand that you will only disclose documents to mock jurors if they acknowledge the protective order and agree to be bound and that Facebook would be notified in advance in the event any Facebook documents are intended to be shown to mock jurors. If our understanding is correct, and Apple can confirm that it will give notice of its intent to share Facebook documents sufficiently in advance for Facebook to object and seek intervention of the court if necessary, then this aspect of the Protective Order is acceptable to Facebook.

3. On ad revenue, we appreciate your effort to compromise by offering to accept revenue data by platform, but this information remains very competitively sensitive, and we continue to have questions about your theory for why this is relevant and proportionate to the needs of the case even after today's discussion. Again, understanding how this data might fit into the case would

    help us determine if there is a compromise that can get you what relevant information you need that protects Facebook's highly sensitive information.

4.  On RFPs 18, 23 & 24, while we are searching and reviewing diligently, we cannot commit to inform you by February 1 whether we intend to withhold documents based on our competitive sensitivity objections to these RFPs. We can commit to providing you this notice by February 8. Please let us know if this is acceptable to Apple.

5.  On our search and production process, we understand that you are reserving your rights at this time.

Thank you.

Best,

Emily

---

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Thursday, January 21, 2021 7:32 PM
**To:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Cc:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>; Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
**Subject:** Re: Epic v Apple - Facebook subpoena

Evan,

I am nearly certain that time still works for our side, so let's plan on speaking then. On subpoena 1, we should be able to update you either before or during our call tomorrow. Thanks.

Best,

Emily

Sent from my iPhone

> On Jan 21, 2021, at 2:56 PM, Kreiner, Evan R <Evan.Kreiner@skadden.com> wrote:
>
> Emily,
>
> We've moved our conflicting appointments and are now able to begin the meet and confer tomorrow at 1pm Pacific. Please let us know if that time still works and I'll circulate a calendar invite.

Separately, do you have an update on the outstanding issues for the first subpoena?

Thanks,
Evan

> On Jan 21, 2021, at 4:26 PM, Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com> wrote:
>
> Evan,
>
> I've conferred with the group, and we are not available tomorrow before 1 PM pacific. If that does not work on your end, is there a window on Monday that works for you? Thanks.
>
> Best,
>
> Emily
>
> ---
>
> **From:** Curran-Huberty, Emily
> **Sent:** Wednesday, January 20, 2021 4:49 PM
> **To:** 'Kreiner, Evan R' <Evan.Kreiner@skadden.com>; Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>
> **Cc:** Shikman, Dane <Dane.Shikman@mto.com>; Sidibe, Sundiata <Sundiata.Sidibe@skadden.com>
> **Subject:** RE: Epic v Apple - Facebook subpoena
>
> Evan,
>
> I'm sorry, I apparently no longer know what day it is. I actually meant after 1 PM PT Friday, but it doesn't look like that solves the problem based on your response. Let me re-check availability.
>
> Best,
>
> Emily
>
> ---
>
> **From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
> **Sent:** Wednesday, January 20, 2021 4:46 PM
> **To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>; Raphael, Justin

<[Justin.Raphael@mto.com](mailto:Justin.Raphael@mto.com)>; Ring, Rosemarie
<[Rose.Ring@mto.com](mailto:Rose.Ring@mto.com)>; Lent, Karen Hoffman
<[Karen.Lent@skadden.com](mailto:Karen.Lent@skadden.com)>
**Cc:** Shikman, Dane <[Dane.Shikman@mto.com](mailto:Dane.Shikman@mto.com)>; Sidibe,
Sundiata <[Sundiata.Sidibe@skadden.com](mailto:Sundiata.Sidibe@skadden.com)>
**Subject:** RE: Epic v Apple - Facebook subpoena

Hi Emily,

Apologies, but we're not available during that time
tomorrow. We're free on Friday anytime before 1 PM
Pacific. Please let us know if your group is available in
that window.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <[Emily.Curran-Huberty@mto.com](mailto:Emily.Curran-Huberty@mto.com)>
**Sent:** Wednesday, January 20, 2021 3:53 PM
**To:** Kreiner, Evan R (NYC)
<[Evan.Kreiner@skadden.com](mailto:Evan.Kreiner@skadden.com)>; Raphael, Justin
<[Justin.Raphael@mto.com](mailto:Justin.Raphael@mto.com)>; Ring, Rosemarie
<[Rose.Ring@mto.com](mailto:Rose.Ring@mto.com)>; Lent, Karen Hoffman (NYC)
<[Karen.Lent@skadden.com](mailto:Karen.Lent@skadden.com)>
**Cc:** Shikman, Dane <[Dane.Shikman@mto.com](mailto:Dane.Shikman@mto.com)>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks for your response. We are considering your
numbered responses below and will circle back soon. In
the meantime, we are available for a meet and confer
after 1 PM Pacific tomorrow. Thank you.

Best,

Emily

---

**From:** Kreiner, Evan R <[Evan.Kreiner@skadden.com](mailto:Evan.Kreiner@skadden.com)>
**Sent:** Tuesday, January 19, 2021 6:10 PM

24

**To:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>; Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman <Karen.Lent@skadden.com>
**Cc:** Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily,

Thanks very much for your email. Responses to the issues you raised are below (the numbers correspond with those in your email). Separately, please let us know what times on Thursday and Friday would work for a meet and confer on the second subpoena.

1. Contrary to your reading of the protective order, Section 7.3 only enables Apple's in-house counsel to view documents marked Attorney's Eyes Only if the producing party or third party agrees to permit such access to designated in-house counsel. In addition, any mock juror would have to agree to be bound by the protective order before participating in a mock jury exercise, and we can agree to inform you before any Facebook document would be used with a mock jury. We'd also note that Magistrate Judge Hixson overruled Samsung's objection to the protective order. Please let us know whether Facebook continues to have an objection to the protective order.

2. In the spirit of compromise, Apple will agree to drop the request for advertising revenue segmented by app if you can confirm that Facebook will produce advertising revenue segmented by platform.

3. Please let us know by February 1 if Facebook intends to withhold documents responsive to RFPs 18, 23, or 24. Apple reserves all rights if Facebook withholds responsive documents.

4. Apple reserves all rights if Facebook's productions indicate a deficient search process.

Thanks,
Evan

25

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>
**Sent:** Friday, January 15, 2021 10:36 PM
**To:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>; Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>; Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>
**Cc:** Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Evan,

Thanks for providing this information and for your patience. Below we have addressed the issues we discussed on our meet-and-confer.

1. With respect to the protective order, the current order does not adequately protect non-parties such as Facebook to the extent that Section 7.3 enables certain in-house counsel to view documents marked Attorney's Eyes Only. Not only does this create a risk that highly sensitive information will be exposed to a competitor, but it also creates an asymmetry as to third parties in which in-house counsel for parties can view such information from non-parties but in-house counsel for non-parties cannot do the same. As you know, Section 10(a) of the order makes clear that non-parties may be entitled to additional protections than those specified in the order. We also note that the parties have not addressed the circumstances under which any third party's sensitive, confidential documents would be shared with mock jurors. Facebook cannot agree to produce sensitive, confidential documents with the authorization that they be shared with mock jurors.

2. With respect to RFP 22, we appreciate your providing a copy of the Epic complaint. However, it still does not explain Apple's theory of how data on advertising revenue that Facebook earns from individual apps on an

app-by-app basis is relevant to the parties' claims and defenses. We remain willing to consider a more specific showing from Apple regarding its theory of relevance.

3. With respect to RFPs 18, 23 and 24, without waiving any of its objections, including objections on privilege grounds and on the ground that the documents contain commercially sensitive information, Facebook is willing to agree to conduct a reasonable search, as proportionate to the needs of this case and in a manner that does not subject third-party respondent Facebook to an undue burden, to determine whether responsive documents that would fall within those and Facebook's other asserted objections exist. In the event that such documents do exist, and Facebook intends to withhold such documents, Facebook will inform Apple of that fact.

4. You had asked for more information about how Facebook plans to search for responsive documents. As we're sure you can appreciate, there are more than two dozen requests in Apple's first subpoena, many of which have numerous subsidiary requests on discrete subject areas, seeking multiple kinds of documents on multiple subjects related to multiple parts of Facebook's business. Facebook has been engaged, and remains engaged, in an extensive process of searching for responsive documents, including by identifying and interviewing numerous potential custodians and collecting from potential custodians who appear likely to have some responsive documents. We believe this process complies with Facebook's obligations under the Federal Rules as a third party to these matters. Facebook cannot agree to search for documents responsive to each and every request created on or after January 1, 2015. Facebook is undertaking a proper process to identify documents responsive to each request and the proper timeframe for that search under the Federal Rules may vary from request to request and evolve as Facebook learns more information.

Best,

Emily

**From:** Curran-Huberty, Emily
**Sent:** Friday, January 15, 2021 11:50 AM

**To:** 'Kreiner, Evan R' <Evan.Kreiner@skadden.com>;
Raphael, Justin <Justin.Raphael@mto.com>; Ring,
Rosemarie <Rose.Ring@mto.com>; Lent, Karen
Hoffman <Karen.Lent@skadden.com>
**Cc:** Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Evan,

Attached, please find Facebook's Responses &
Objections to Apple's Second Subpoena. Regarding the
follow up on our meet and confer, we appreciate your
patience. We are still running an issue or two to ground,
but we will endeavor to get back to you on your
questions later today.

Best,
Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Friday, January 15, 2021 6:48 AM
**To:** Curran-Huberty, Emily <Emily.Curran-
Huberty@mto.com>; Raphael, Justin
<Justin.Raphael@mto.com>; Ring, Rosemarie
<Rose.Ring@mto.com>; Lent, Karen Hoffman
<Karen.Lent@skadden.com>
**Cc:** Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

All,

Following up on our meet and confer and the below
email. Do you have any updates?

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Kreiner, Evan R (NYC)
**Sent:** Monday, January 11, 2021 11:05 PM
**To:** 'Curran-Huberty, Emily' <Emily.Curran-
Huberty@mto.com>; Raphael, Justin

<[Justin.Raphael@mto.com](mailto:Justin.Raphael@mto.com)>; Ring, Rosemarie
<[Rose.Ring@mto.com](mailto:Rose.Ring@mto.com)>; Lent, Karen Hoffman (NYC)
<[Karen.Lent@skadden.com](mailto:Karen.Lent@skadden.com)>
**Cc:** Shikman, Dane <[Dane.Shikman@mto.com](mailto:Dane.Shikman@mto.com)>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Emily, Justin, Rose, and Dane,

Following up on our meet and confer, I'm attaching the operative protective order in *Epic*, which is substantively the same as the protective orders entered in *Pepper* and *Cameron*. I'm also attaching the *Epic* complaint. While the factual allegations and claims are obviously in dispute, one example of a proposed market for app distribution that does not depend on whether an app developer's revenue is driven by advertisements or in-app purchases is at paragraphs 51-57. Moreover, Count I alleges unlawful monopoly maintenance of this proposed market.

As discussed on our call, please let us know whether Facebook will continue to stand on its objections related to the suitability of the protective order and to RFPs 18, 22, 23, and 24. Please also let us know whether the proposed 2015 start date is acceptable and the general parameters of the document search Facebook plans to conduct for the RFPs for which it will produce responsive documents.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**[evan.kreiner@skadden.com](mailto:evan.kreiner@skadden.com)**

**From:** Curran-Huberty, Emily <[Emily.Curran-Huberty@mto.com](mailto:Emily.Curran-Huberty@mto.com)>
**Sent:** Friday, January 8, 2021 5:07 PM
**To:** Kreiner, Evan R (NYC)
<[Evan.Kreiner@skadden.com](mailto:Evan.Kreiner@skadden.com)>; Raphael, Justin
<[Justin.Raphael@mto.com](mailto:Justin.Raphael@mto.com)>; Ring, Rosemarie
<[Rose.Ring@mto.com](mailto:Rose.Ring@mto.com)>; Lent, Karen Hoffman (NYC)
<[Karen.Lent@skadden.com](mailto:Karen.Lent@skadden.com)>

**Cc:** Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Hi Evan,

Our team is available between 2 and 4 PM pacific on
Monday. Thanks.

Best,

Emily

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Thursday, January 07, 2021 8:30 PM
**To:** Curran-Huberty, Emily <Emily.Curran-
Huberty@mto.com>; Raphael, Justin
<Justin.Raphael@mto.com>; Ring, Rosemarie
<Rose.Ring@mto.com>; Lent, Karen Hoffman
<Karen.Lent@skadden.com>
**Cc:** Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Emily, Justin, Rose, and Dane,

Thank you for sending these responses and objections.
Are you available to meet and confer after 2PM Pacific
on Monday? Among other things, we'll want to discuss
whether Facebook plans to stand on its objections to
RFPs 22-24 so we can expeditiously move forward with
any necessary motion practice. In addition, we'd
appreciate an update on Facebook's planned response
to the other subpoena.

Thanks,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Curran-Huberty, Emily <Emily.Curran-
Huberty@mto.com>
**Sent:** Thursday, January 7, 2021 12:14 AM
**To:** Kreiner, Evan R (NYC)
<Evan.Kreiner@skadden.com>; Raphael, Justin

<[Justin.Raphael@mto.com](mailto:Justin.Raphael@mto.com)>; Ring, Rosemarie
<[Rose.Ring@mto.com](mailto:Rose.Ring@mto.com)>; Lent, Karen Hoffman (NYC)
<[Karen.Lent@skadden.com](mailto:Karen.Lent@skadden.com)>
**Cc:** Shikman, Dane <[Dane.Shikman@mto.com](mailto:Dane.Shikman@mto.com)>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Karen, Evan,

Attached, please find Facebook's Responses and
Objections to Defendant's Subpoena. Thank you.

Best,

Emily

**Emily C. Curran-Huberty (she/her/hers)** | **Munger,
Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4052 | [Emily.Curran-Huberty@mto.com](mailto:Emily.Curran-Huberty@mto.com) |
[www.mto.com](http://www.mto.com)

*                                        ***NOTICE****
*This message is confidential and may contain
information that is privileged, attorney work product or
otherwise exempt from disclosure under applicable law.
It is not intended for transmission to, or receipt by, any
unauthorized person. If you have received this message
in error, do not read it. Please delete it without copying
it, and notify the sender by separate e-mail so that our
address record can be corrected. Thank you.*

---

**From:** Kreiner, Evan R <[Evan.Kreiner@skadden.com](mailto:Evan.Kreiner@skadden.com)>
**Sent:** Wednesday, December 30, 2020 2:45 PM
**To:** Raphael, Justin <[Justin.Raphael@mto.com](mailto:Justin.Raphael@mto.com)>; Ring,
Rosemarie <[Rose.Ring@mto.com](mailto:Rose.Ring@mto.com)>; Lent, Karen
Hoffman <[Karen.Lent@skadden.com](mailto:Karen.Lent@skadden.com)>
**Cc:** Curran-Huberty, Emily <[Emily.Curran-Huberty@mto.com](mailto:Emily.Curran-Huberty@mto.com)>; Shikman, Dane
<[Dane.Shikman@mto.com](mailto:Dane.Shikman@mto.com)>
**Subject:** RE: [Ext] RE: Epic v Apple - Facebook subpoena

Justin,

We'll agree to an extension to 12:00 PM Pacific on
January 15 for Facebook's responses and objections to
that subpoena. Hope everyone has a happy new year.

Best,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

**From:** Raphael, Justin <Justin.Raphael@mto.com>
**Sent:** Wednesday, December 30, 2020 5:11 PM
**To:** Ring, Rosemarie <Rose.Ring@mto.com>; Lent,
Karen Hoffman (NYC) <Karen.Lent@skadden.com>
**Cc:** Kreiner, Evan R (NYC)
<Evan.Kreiner@skadden.com>; Curran-Huberty, Emily
<Emily.Curran-Huberty@mto.com>; Shikman, Dane
<Dane.Shikman@mto.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Karen and Evan, thanks for the call just now. Can you
just confirm Apple's agreement that Facebook's
responses and objections to Subpoena #2 will be due on
January 15, 2021?

Thanks,

**Justin P. Raphael** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4085 | justin.raphael@mto.com |
www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain*
*information that is privileged, attorney work product or*
*otherwise exempt from disclosure under applicable law.*
*It is not intended for transmission to, or receipt by, any*
*unauthorized person. If you have received this message*
*in error, do not read it. Please delete it without copying*
*it, and notify the sender by separate e-mail so that our*
*address record can be corrected. Thank you.*

**From:** Ring, Rosemarie <Rose.Ring@mto.com>
**Sent:** Wednesday, December 30, 2020 10:05 AM
**To:** Lent, Karen Hoffman <Karen.Lent@skadden.com>;
Raphael, Justin <Justin.Raphael@mto.com>
**Cc:** Kreiner, Evan R <Evan.Kreiner@skadden.com>;
Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>; Shikman, Dane
<Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Thanks, Karen. We appreciate your flexibility. Talk to
you soon.

---

**From:** Lent, Karen Hoffman
<Karen.Lent@skadden.com>
**Sent:** Wednesday, December 30, 2020 9:54 AM
**To:** Ring, Rosemarie <Rose.Ring@mto.com>; Raphael,
Justin <Justin.Raphael@mto.com>
**Cc:** Kreiner, Evan R <Evan.Kreiner@skadden.com>;
Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>; Shikman, Dane
<Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

No problem, we can talk at 4:00 pm EST.

---

**From:** Ring, Rosemarie <Rose.Ring@mto.com>
**Sent:** Wednesday, December 30, 2020 12:46 PM
**To:** Lent, Karen Hoffman (NYC)
<Karen.Lent@skadden.com>; Raphael, Justin
<Justin.Raphael@mto.com>
**Cc:** Kreiner, Evan R (NYC)
<Evan.Kreiner@skadden.com>; Curran-Huberty, Emily
<Emily.Curran-Huberty@mto.com>; Shikman, Dane
<Dane.Shikman@mto.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Hi Karen

I suggested 1pm on our end, but I wasn't clear that I
meant *pacific* to make sure we have enough time to
review both subpoenas. Would 1pm PT/4pm ET work
for you?

Thanks,

Rose

---

**From:** Lent, Karen Hoffman
<Karen.Lent@skadden.com>
**Sent:** Wednesday, December 30, 2020 6:58 AM
**To:** Raphael, Justin <Justin.Raphael@mto.com>
**Cc:** Kreiner, Evan R <Evan.Kreiner@skadden.com>; Ring,
Rosemarie <Rose.Ring@mto.com>; Curran-Huberty,
Emily <Emily.Curran-Huberty@mto.com>; Shikman,
Dane <Dane.Shikman@mto.com>
**Subject:** Re: Epic v Apple - Facebook subpoena

Justin, would 2:00 pm eastern work? Thanks.

On Dec 30, 2020, at 9:32 AM, Raphael, Justin
<Justin.Raphael@mto.com> wrote:

Karen and Evan, are you available at 1 PM Eastern for a
call?

Best,

**Justin P. Raphael | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4085 | justin.raphael@mto.com |
www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain*
*information that is privileged, attorney work product or*
*otherwise exempt from disclosure under applicable law.*
*It is not intended for transmission to, or receipt by, any*
*unauthorized person. If you have received this message*
*in error, do not read it. Please delete it without copying*
*it, and notify the sender by separate e-mail so that our*
*address record can be corrected. Thank you.*

---

**From:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Sent:** Tuesday, December 29, 2020 6:50 PM
**To:** Ring, Rosemarie <Rose.Ring@mto.com>; Lent,
Karen Hoffman <Karen.Lent@skadden.com>; Raphael,
Justin <Justin.Raphael@mto.com>

**Cc:** Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** RE: Epic v Apple - Facebook subpoena

Hi Rose,

The subpoena we intended to serve tomorrow is attached. Thank you for accepting service and please let us know some times that would be good for a call.

Best,
Evan

**Evan Kreiner**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: +1.212.735.2491 | F: +1.917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Ring, Rosemarie <Rose.Ring@mto.com>
**Sent:** Tuesday, December 29, 2020 9:27 PM
**To:** Lent, Karen Hoffman (NYC) <Karen.Lent@skadden.com>; Raphael, Justin <Justin.Raphael@mto.com>
**Cc:** Kreiner, Evan R (NYC) <Evan.Kreiner@skadden.com>; Curran-Huberty, Emily <Emily.Curran-Huberty@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>
**Subject:** [Ext] RE: Epic v Apple - Facebook subpoena

Hi Karen,

Thank you for getting back to us.

On the subpoena that is attached to your email, which I will refer to as Subpoena #1, Mr. Teagegne is not authorized to accept service of process on behalf of Facebook, which explains why we were not aware of it until today. But Facebook has authorized me to accept service and to agree to the same schedule we have with Epic for its subpoena. We understand Epic has informed you of that schedule, but it is service of written objections/responses by January 6 and document production later in January.

On Subpoena #2, I am also authorized to accept service.

35

In the interest of keeping things moving, I suggest we set aside time late in the day tomorrow ET to discuss both subpoenas, so that we have time to review them before the call.

Thanks,

Rose

**Rosemarie T. Ring | Munger, Tolles & Olson LLP | (Pronouns: She, Her)**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4008 | Fax: 415.644.6908 |
rose.ring@mto.com | www.mto.com

*\*\*\*NOTICE\*\*\**

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Lent, Karen Hoffman
<Karen.Lent@skadden.com>
**Sent:** Tuesday, December 29, 2020 3:17 PM
**To:** Raphael, Justin <Justin.Raphael@mto.com>; Ring, Rosemarie <Rose.Ring@mto.com>
**Cc:** Kreiner, Evan R <Evan.Kreiner@skadden.com>
**Subject:** Epic v Apple - Facebook subpoena

Hi Rose and Justin.

Thanks for your voicemails today. It sounds like you heard from counsel for Epic that we represent Apple in the *Epic*, *In re Apple iPhone Antitrust Litigation*, and *Cameron* actions pending in the Northern District of California. I have attached the proof of service for the subpoena that Apple served on Facebook on December 15 (with a return date of December 28), as well as the

subpoena itself. Please let me when you are available to discuss tomorrow.

In addition, Apple intends to serve another subpoena on Facebook tomorrow arising from Facebook's recent public statements (it sounds like you also heard about this from Epic's counsel). Please let us know whether you can accept service of this subpoena or whether we'll need to engage a process server.

Thanks,
Karen

**Karen Hoffman Lent**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | **New York | 100**01
**T: 212.735.3276** | **F: 917.777.3276** | **M: 917.270.5411**
**karen.lent@skadden.com**

---------------------------------------------------------------
---------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===================================
===================================
====

---------------------------------------------------------------
---------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of

this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=====================================
=====================================
====

-----------------------------------------------------------------
---------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=====================================
=====================================
====

-----------------------------------------------------------------
---------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email

(and any attachments thereto) is strictly prohibited.
If you receive this email in error please immediately
notify me at (212) 735-3000 and permanently delete
the original email (and any copy of any email) and
any printout thereof.

Further information about the firm, a list of the
Partners and their professional qualifications will be
provided upon request.

======================================
======================================
====

--------------------------------------------------------
---------------

This email (and any attachments thereto) is intended
only for use by the addressee(s) named herein and
may contain legally privileged and/or confidential
information. If you are not the intended recipient of
this email, you are hereby notified that any
dissemination, distribution or copying of this email
(and any attachments thereto) is strictly prohibited.
If you receive this email in error please immediately
notify me at (212) 735-3000 and permanently delete
the original email (and any copy of any email) and
any printout thereof.

Further information about the firm, a list of the
Partners and their professional qualifications will be
provided upon request.

======================================
======================================
====

--------------------------------------------------------
---------------

This email (and any attachments thereto) is intended
only for use by the addressee(s) named herein and
may contain legally privileged and/or confidential
information. If you are not the intended recipient of
this email, you are hereby notified that any
dissemination, distribution or copying of this email
(and any attachments thereto) is strictly prohibited.
If you receive this email in error please immediately

notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================

----------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================

----------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and

any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=====================================
=====================================
====

----------------------------------------------------------------
---------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=====================================
=====================================
====

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================
==================================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================
======================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================
======================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================
====================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this email, you are hereby
notified that any dissemination, distribution or copying of this email (and any
attachments thereto) is strictly prohibited. If you receive this email in error please
immediately notify me at (212) 735-3000 and permanently delete the original
email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional
qualifications will be provided upon request.

===========================================================
====================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this email, you are hereby
notified that any dissemination, distribution or copying of this email (and any
attachments thereto) is strictly prohibited. If you receive this email in error please
immediately notify me at (212) 735-3000 and permanently delete the original
email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional
qualifications will be provided upon request.

===========================================================
====================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this email, you are hereby
notified that any dissemination, distribution or copying of this email (and any
attachments thereto) is strictly prohibited. If you receive this email in error please
immediately notify me at (212) 735-3000 and permanently delete the original
email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional
qualifications will be provided upon request.

=============================================================
=====================

-----------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================
=========

-----------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================
=========

-----------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================
=========

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===================================================================================

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===================================================================================