1  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
2  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
3  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
4  J. WESLEY EARNHARDT (*pro hac vice*)
   wearnhardt@cravath.com
5  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
6  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
7  **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
8  New York, New York 10019
   Telephone:  (212) 474-1000
9  Facsimile:  (212) 474-3700

10 PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
11 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
12 San Francisco, California 94111
   Telephone:  (415) 591-7500
13 Facsimile:  (415) 591-7510

14 *Attorneys for Plaintiff and Counter-defendant*
   *Epic Games, Inc.*

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                            **OAKLAND DIVISION**

18
   EPIC GAMES, INC.,                          No. 4:20-CV-05640-YGR-TSH
19
                  Plaintiff, Counter-defendant,  **DECLARATION OF J. WESLEY**
20                                               **EARNHARDT IN SUPPORT OF**
                        v.                       **PLAINTIFF EPIC GAMES, INC.'S**
21                                               **OPPOSITION TO DEFENDANT**
   APPLE INC.,                                   **APPLE INC.'S MOTION FOR PRE-**
22                                               **TRIAL SANCTIONS**
                  Defendant, Counterclaimant.
23                                               Date:  April 13, 2021, 2 p.m.

24                                               Courtroom:  1, 4th Floor

25                                               The Honorable Yvonne Gonzalez Rogers

26

27

28

I, J. Wesley Earnhardt, declare as follows:

1.      I am an attorney licensed to practice in the State of New York and admitted to appear before this Court *pro hac vice* in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR-TSH.  I am a partner at the law firm of Cravath, Swaine & Moore LLP and am one of the attorneys representing Epic Games, Inc. ("Epic") in the above-captioned action.

2.      I submit this declaration in support of Epic's Opposition to Apple Inc. ("Apple")'s Motion for Pre-Trial Sanctions Against Epic in this matter.  (Motion for Pre-Trial Sanctions, ECF No. 419.)  The contents of this declaration are based on my personal knowledge except as to matters stated on information and belief.  As to those matters stated on information and belief, I am informed and believe them to be true.  If called to be a witness, I could and would testify competently to the contents of this declaration.

3.      A true and correct copy of Apple's Initial Disclosures, served on October 12, 2020, is attached hereto as **Exhibit A**.

4.      A true and correct copy of Apple's First Amended Initial Disclosures, served on February 10, 2021, is attached hereto as **Exhibit B**.

## FACT DISCOVERY PERIOD.

5.      During the fact discovery period, Epic served document subpoenas on 24 third-party entities, including on Facebook, Inc. ("Facebook"), Microsoft Corporation ("Microsoft") and Yoga Buddhi Co. ("Yoga Buddhi").

6.      I am informed and believe that Apple served document subpoenas on at least 26 third-party entities, including on Facebook, Microsoft and Yoga Buddhi.

7.      In response to those subpoenas, the third-party entities produced documents to both Epic and Apple.  Epic provided all third-party productions it received in response to its subpoenas to Apple.

8. I am informed and believe that Microsoft produced 79 documents in response to Epic's and Apple's document subpoenas, with Bates stamps MSFT_EPIC_000000001 to MSFT_EPIC_00008099.

9. I am informed and believe that Yoga Buddhi produced 189 documents in response to Epic's and Apple's document subpoenas, with Bates stamps DOWNDOG-EPIC_00001 to DOWNDOG-EPIC_00293.

10. I am informed and believe that Facebook produced 1,677 documents in response to Epic's and Apple's document subpoenas, with Bates stamps EGFB-000001 to EGFB-011755.

11. During the fact discovery period, Epic, Apple and the class plaintiffs in the related actions engaged in negotiations regarding the number of third-party depositions. I personally participated in these negotiations.

12. As part of these negotiations, Epic proposed allotting to each side a set number of hours to use to depose third parties, instead of a set number of depositions. Epic first proposed 100 hours and later reduced this number to 70 hours. Epic made this proposal because of the large number of third parties that had been disclosed on each party's initial disclosures and subpoenaed for documents, and the need to be able to depose any third party that Apple could call as a witness at trial.

13. Apple rejected Epic's proposal and proposed the parties agree to a specific number of third-party depositions. Epic explained its concern that a set number of depositions would result in a risk that the other party would call a witness to testify at trial that had not yet been deposed. Apple agreed to a condition that any third-party witness who appeared on the other side's witness list could be subject to a deposition prior to trial if that witness had not previously been deposed. Epic agreed to Apple's proposal to limit the number of third-party depositions to three per side based on that pre-trial deposition procedure. Apple memorialized this agreement

on January 22, 2021 in an email to Epic.  A true and correct copy of email correspondence from Apple's counsel to me and other counsel to Epic, counsel to Apple and counsel to the class plaintiffs in the related actions is attached hereto as **Exhibit C**.

14.    Apple did not raise the issue of additional document discovery for these pre-trial depositions during any of these negotiations, and the parties did not agree to additional document discovery after the discovery cutoff.

15.    The parties deposed two true third parties—Nvidia Corporation (through its designated corporate representative Aashish Patel, Director of Product Management) and Adrian Ong, a senior executive of Match Group, Inc.—before the close of fact discovery.  I am informed and believe that Apple did not request an additional custodial document production from either witness before taking their depositions.

**COURSE OF DEALING WITH MICROSOFT.**

16.    Since at least November 2020, Epic has been in discussions with Microsoft concerning whether Microsoft would be willing to offer a trial witness.  Epic asked Microsoft on numerous occasions if it would agree to make a witness available at trial.  Although Microsoft indicated it was willing to consider doing so, Microsoft did not disclose the name of whom it might offer until March 12, 2021.  On March 5, 2021, Epic inquired whether Lori Wright, Vice President of Xbox at Microsoft, would be willing to testify, in light of her direct interactions with Apple regarding Microsoft's cloud gaming service, which Epic had seen in documents produced by Apple.  Microsoft informed Epic that Ms. Wright was a potential candidate but did not commit to making Ms. Wright available for trial at that time.

17.    Epic learned of Ms. Wright from reviewing Apple's document productions.  I am informed and believe that Apple's production includes over 330 documents that were, at least in part, sent to or received by Ms. Wright.

18.     Microsoft did not confirm to Epic that it was willing to make Ms. Wright available as a trial witness until the morning (PT) of March 12, 2021.  Epic disclosed Ms. Wright to Apple at 8:31 p.m. (PT) on that same day in its Tentative Witness List.  A true and correct copy of the email correspondence from Epic's counsel to Apple's counsel serving Epic's Tentative Witness List is attached hereto as **Exhibit D**.  A true and correct copy of Epic's Tentative Witness List is attached hereto as **Exhibit E**.

## COURSE OF DEALING WITH YOGA BUDDHI.

19.     On March 5, 2021, Epic inquired whether Benjamin Simon, Co-Founder and CEO of Yoga Buddhi, would be willing to accept a trial subpoena to testify in this matter.  Epic learned that Mr. Simon would be willing to accept a trial subpoena on March 8, 2021.  Epic disclosed Mr. Simon to Apple on March 12, 2021 in its Tentative Witness List.

20.     Yoga Buddhi's document production in this action revealed that Mr. Simon was the individual at Yoga Buddhi directly interacting with Apple.  It is my understanding that every document produced by Yoga Buddhi in this case either involves Mr. Simon directly or relates to an operation of Yoga Buddhi that Mr. Simon controls.

## THIS DISPUTE.

21.     After Epic served its Tentative Witness List, Apple served notices of deposition subpoenas on Epic for depositions of Ms. Wright and Mr. Simon.

22.     A true and correct copy of the Notice of Deposition Subpoena on Ms. Wright, dated March 19, 2021, is attached hereto as **Exhibit F**.

23.     A true and correct copy of the Notice of Deposition Subpoena on Mr. Simon, dated March 19, 2021, is attached hereto as **Exhibit G**.

24.     It is my understanding from conversations with Apple and Microsoft that Microsoft offered April 16, 2021 as the deposition date for Ms. Wright.  It is my understanding

from conversations with Yoga Buddhi that Yoga Buddhi offered April 14, 2021 as the deposition date for Mr. Simon.

25.     On April 6, 2021 at 8:13 p.m. (PT), Apple requested a meet and confer for the following day to discuss Epic's witness disclosures and the discovery letter Epic sent to Magistrate Judge Hixson (ECF No. 398) in response to the Joint Discovery Letter Regarding Apple's Subpoenas to Non-Party Facebook, Inc. (ECF No. 395).  Epic agreed to meet and confer, and the parties met telephonically on April 7, 2021.

26.     During the April 7, 2021 meet and confer, Apple informed Epic for the first time that Apple claimed Epic's initial disclosures were deficient.  Also during the April 7, 2021 meet and confer, Apple informed Epic for the first time that it would not proceed with Ms. Wright's or Mr. Simon's depositions.  Apple's counsel also informed Epic for the first time during the April 7, 2021 meet and confer that it intended to move to exclude the testimony of Ms. Wright and Mr. Simon.

27.     During this meet and confer, I asked Apple's counsel about the status of its requests for additional documents from the third parties.  Apple's counsel told me that the third parties were refusing to produce additional documents.

28.     Epic does not in fact have any control over the document productions of Microsoft, Facebook or Yoga Buddhi.  Nonetheless, I offered to contact both Microsoft and Yoga Buddhi to understand their positions with respect to additional document discovery.  I did not "state[] that Microsoft would not produce any additional documents prior to Ms. Wright's deposition."  (*See* Declaration of Michelle Lowery in Support of Apple's Motion for Pre-Trial Sanctions Against Epic, ECF No. 419-3, ¶ 8.)

29.     Following the April 7, 2021 meet and confer, I contacted counsel for Microsoft and Yoga Buddhi to discuss the companies' positions with respect to additional document

discovery.  Counsel for Microsoft and Yoga Buddhi informed me that Microsoft's and Yoga

Buddhi's positions were that Microsoft and Yoga Buddhi would not produce additional

documents.

        30.     On April 8, 2021, I requested a meet and confer with Apple.  During the

telephonic meet and confer later that day, I related to Apple that counsel for Microsoft and Yoga

Buddhi had informed me that their position was that Apple was not entitled to further document

productions.  Also during that meet and confer, Apple requested Epic's consent to expedited

briefing of this motion.  Epic consented to an expedited briefing schedule.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct and that I executed this declaration on April 12, 2021, in Westchester County, New

York.


                                    */s/ J. Wesley Earnhardt*
                                      J. Wesley Earnhardt