# EXHIBIT F

Michelle Lowery (302882)
mslowery@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:    +1 310 277 4110
Facsimile:    +1 310 277 4730

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 4:20-CV-05640-YGR |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, et al.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 4:19-cv-03074-YGR<br><br>**NOTICE OF DEPOSITION SUBPOENA** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant will be serving a deposition subpoena upon Lori Wright, a non-party to this action (a copy of which is attached hereto), on the date, time and at the location specified in the subpoena.

Dated: March 19, 2021  Respectfully submitted,

By: */s/ Michelle Lowery*
MICHELLE LOWERY
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:  +1 310 277 4110
Facsimile:   +1 310 277 4730
mslowery@mwe.com

*Attorneys for Defendant*

I, Michelle Lowery, hereby certify that I am a citizen of the United States, over the age of 18, and not a party to the within action; my business address is 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206. My email address is mslowery@mwe.com.

On March 19, 2021, I served the following document(s) described as:

NOTICE OF DEPOSITION SUBPOENA

on the interested parties in this action by placing a true and correct copy of the above documents addressed as follows:

| | |
|---|---|
| Paul Jeffrey Riehle<br>Paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>(415) 591-7500<br>*Counsel for Plaintiff Epic Games, Inc.* | Christine A. Varney<br>cvarney@cravath.com<br>Katherine B. Forrest<br>kforrest@cravath.com<br>Gary Andrew Bornstein<br>gbornstein@cravath.com<br>Yonatan Even<br>yeven@cravath.com<br>Lauren Ann Moskowitz<br>lmoskowitz@cravath.com<br>Michael Brent Byars<br>mbyars@cravath.com<br>**CRAVATH SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, NY 10019<br>United States<br>(212) 474-1000<br>(212) 474-3700 (fax)<br>*Counsel for Plaintiff Epic Games, Inc.* |
| Steve W. Berman<br>steve@hbsslaw.com<br>Robert F. Lopez<br>robl@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>(206) 623-7292<br>(206) 623-0594 (fax)<br>*Interim Class Counsel for the Developer Plaintiffs* | Shana E. Scarlett<br>shanas@hbsslaw.com<br>Benjamin Jacob Siegel<br>bens@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>(510) 725-3000<br>(510) 725-3001 (fax)<br>*Interim Class Counsel for the Developer Plaintiffs* |
| Rachele R. Byrd<br>byrd@whafh.com<br>Brittany Nicole Dejong<br>dejong@whafh.com<br>Francis M. Gregorek<br>gregorek@whafh.com<br>Betsy Carol Manifold<br>manifold@whafh.com<br>**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>SYMPHONY TOWERS | Matthew Moylan Guiney<br>guiney@whafh.com<br>Mark Carl Rifkin<br>Rikfin@whafh.com<br>**WOLF HALDENSTEIN ADLER FREEMAN HERZ LLP**<br>270 Madison Avenue<br>New York, NY 10016<br>(212) 545-4600<br>(212) 545-4600 (fax) |

NOTICE OF DEPOSITION SUBPOENA  - 3 -   (Case Nos. 4:20-cv-05640-YGR; 4:11-cv-06714-YGR; 4:19-cv-03074-YGR)

| | | |
|---|---|---|
| 1 | 750 B Street, Suite 1820 | *Interim Class Counsel for the Consumer Plaintiffs* |
| 2 | San Diego, CA 92101<br>(619) 239-4599 | |
| 3 | (619) 234-4599 (fax)<br>*Interim Class Counsel for the Consumer Plaintiffs* | |
| 4 | Joseph M. Alioto, Sr.<br>jmalioto@aliotolaw.com | David C. Frederick<br>dfrederick@kellogghansen.com |
| 5 | Jamie Lynne Miller<br>jmiller@aliotolaw.com | **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC** |
| 6 | Theresa Driscoll Moore<br>tmoore@aliotolaw.com | 1615 M Street, NW Suite 400<br>Washington, DC 20036 |
| 7 | **ALIOTO LAW FIRM**<br>One Sansome Street, 35th | (202) 326-7951<br>*Counsel for Plaintiff* |
| 8 | San Francisco, CA 94104<br>(415) 434-8900 | |
| 9 | (415) 434-9200 (fax)<br>*Counsel for Plaintiff* | |
| 10 | Michael Liskow | Christopher A. Nedaeau |
| 11 | mliskow@calcaterrapollack.com<br>**CALCATERRA POLLACK LLP** | cnedeau@nedeaulaw.net<br>**NEDEAU LAW PC** |
| 12 | 1140 Avenue of the Americas, 9th Floor<br>New York, NY 10036-5803 | 750 Battery Street, Seventh Floor<br>San Francisco, CA 94111 |
| 13 | (212) 899-1761<br>*Counsel for Plaintiff* | (415) 516-4010<br>*Counsel for Plaintiff* |
| 14 | Lawrence Genaro Papale<br>lgpapale@papalelaw.com | Jeffery Kenneth Perkins<br>jefferykperkins@aol.com |
| 15 | **LAW OFFICES OF LAWRENCE G. PAPALE**<br>The Cornerstone Building | **LAW OFFICES OF JEFFERY KENNETH PERKINS** |
| 16 | 1308 Main Street, Suite 117<br>St. Helena, CA 94574 | 1550-G Tiburon Blvd.<br>Suite 344 Tiburon, CA 94920 |
| 17 | (707) 963-1704<br>*Counsel for Plaintiff* | (415) 302-1115<br>*Counsel for Plaintiff* |
| 18 | Alexander H. Schmidt | Alberto Rodriguez |
| 19 | alex@alexschmidt.law<br>**ALEXANDER H. SCHMIDT, ESQ.** | arodriguez@sperling-law.com<br>Eamon Padraic Kelly |
| 20 | 5 Professional Circle<br>Suite 204 | ekelly@sperling-law.com<br>Joseph M. Vanek |
| 21 | Colts Neck, NJ 07722<br>(732) 226-0004 | jvanek@sperling-law.com<br>**SPERLING & SLATER P.C.** |
| 22 | *Counsel for Plaintiff* | 55 West Monroe Street, Suite 3200<br>Chicago, IL 60603 |
| 23 | | (312) 641-3200<br>*Counsel for Plaintiff* |
| 24 | Thomas C. Willcox<br>Tcw19law@gmail.com | Todd Anthony Seaver<br>tseaver@bermantabacco.com |
| 25 | **THOMAS C. WILLCOX, ATTORNEY AT LAW**<br>1701 16th Street NW, Suite 211 | **BERMAN TABACCO**<br>44 Montgomery Street, Suite 650 |
| 26 | Washington, DC 20009<br>(202) 338-0818 | San Francisco, CA 94104<br>(415) 433-3200 |
| 27 | *Counsel for Plaintiff* | *Counsel for Respondent* |
| 28 | | |

NOTICE OF DEPOSITION SUBPOENA   - 4 -   (Case Nos. 4:20-cv-05640-YGR;
4:11-cv-06714-YGR;
4:19-cv-03074-YGR)

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

|   |   |   |
|---|---|---|
| | | (BY PERSONAL SERVICE HAND DELIVERY) |
| | X | (BY EMAIL) I am readily familiar with the firm's practice of email transmission; on this date, I caused the above-referenced document(s) to be transmitted by email as noted above and that the transmission was reported as complete and without error. |
| | | (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Palo Alto, California and placed for collection and mailing following ordinary business practices. (AS NOTED) |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 19, 2021 at Los Angeles, California.

                                                                    */s/ Michelle Lowery*_____
                                                                    Michelle Lowery

DM_US 178418564-1.061481.0035

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| EPIC GAMES, INC. v. APPLE INC.<br>CAMERON ET AL v. APPLE INC.<br>IN RE APPLE IPHONE ANTITRUST LITIGATION | Civil Action Nos.  4:20-CV-05640-YGR<br>4:19-CV-03074-YGR<br>4:11-CV-06714-YGR |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Lori Wright, One Microsoft Way, Redmond, WA 98052-6399

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. The deposition will be recorded by a stenographer or court reporter, will be recorded by video and audio means, and may also be recorded by instant display of the stenographic record.

| Place: McDermott Will & Emery LLP<br>2049 Century Park East, Suite 3200,<br>Los Angeles CA 90067-3206<br>Or as otherwise agreed. | Date and Time:<br>04/20/2021 9:00 am |
|---|---|

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. , who issues or requests this subpoena, are:

Jay Srinivasan, 333 South Grand Avenue, Los Angeles, CA 90017, JSrinivasan@gibsondunn.com, (213) 229-7296

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).