# Kanter Law Group.

1717 K Street, N.W., Suite 900, Washington D.C. 20006
202-792-3037   kanterlawgroup.com

April 12, 2021

**Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR-TSH**
**In re Apple iPhone Antitrust Litigation, Case No. 4:11-cv-06714-YGR-TSH**
**Cameron v. Apple Inc., Case No. 4:19-cv-03074-YGR-TSH**

Dear Judge Gonzalez Rogers:

Yoga Buddhi Co. ("Yoga Buddhi") respectfully submits this letter in response to the Motion for Pre-Trial Sanctions Against Epic Games, Inc. ("Epic") filed by Apple Inc. ("Apple") on April 9, 2021 (the "Motion"). Dkt. No. 419. Yoga Buddhi wishes to correct the factual record and to oppose Apple's Motion.

In effect, Apple's Motion against Epic is a motion to compel additional discovery from Yoga Buddhi. Apple asks the Court to exclude testimony from Yoga Buddhi's CEO and co-founder, Benjamin Simon, unless Yoga Buddhi produces additional documents four days in advance of Mr. Simon's deposition on April 23. The Motion is Apple's latest attempt to circumvent this Court's rules after it failed to convince Judge Hixson to allow an untimely motion to compel against Facebook, Inc. ("Facebook"). *See* Dkt. 399 (April 6, 2021 order denying motion to compel). Apple now attempts to accomplish the same result by filing its Motion against Epic as a backdoor motion to compel documents from Yoga Buddhi after the close of fact discovery.

In fact, Apple began the process of filing an untimely motion to compel against Yoga Buddhi weeks ago. On Tuesday, March 23, 36 days after the close of fact discovery in this case, Apple informed Yoga Buddhi, through counsel, that it planned to file a motion to compel additional documents from Yoga Buddhi. The parties spent nearly two weeks exchanging several rounds of draft briefing, which abruptly came to a halt after Judge Hixson denied Apple's similar motion against Facebook—at which point Apple informed Yoga Buddhi that it no longer anticipated moving to compel.

But as Apple's Motion against Epic demonstrates, Apple was simply working on a runaround. As a small company and non-party to this litigation, Yoga Buddhi incurred significant legal expenses to prepare its response to Apple's draft motion. Although Apple's Motion seeks sanctions against Epic rather than Yoga Buddhi, Apple requests relief conditional on whether *Yoga Buddhi* produces additional documents (despite never having moved to compel production of those documents), thus requiring Yoga Buddhi to spend additional time and expense opposing the present Motion.

Indeed, despite claiming that it "exercise[d] restraint" in "dealing[] with third parties," Motion at 11 n.3, Apple's conduct is instead part of a pattern of imposing unnecessary burdens on non-

# Kanter Law Group.

1717 K Street, N.W., Suite 900, Washington D.C. 20006
202-792-3037   kanterlawgroup.com

parties like Yoga Buddhi. For example, on March 19, Apple filed a deposition subpoena for Mr. Simon, and asked for Mr. Simon's availability. On April 2, counsel offered April 14 as the date for which Mr. Simon would be available for the deposition, which Apple's counsel indicated would likely be acceptable. Then, on April 8, the day before Apple filed this Motion against Epic, Apple's counsel backtracked—stating that Mr. Simon's proposed deposition date "would not work for Apple." Exhibit A. Yoga Buddhi is a company of five employees, limited resources, and no in-house counsel, and yet has worked with Apple and abided by this Court's rules at every juncture. In contrast, Apple—a company with a nearly $2 trillion valuation and no fewer than *seven* major law firms engaged in this matter—could not spare any of its resources to accommodate Mr. Simon's schedule.

Apple's representations about the course of non-party discovery are no more accurate. In her declaration, Apple's counsel claims that "Yoga Buddhi's deficient production did not include a search of Mr. Simon's files for any communications with Epic, communications concerning the Coalition for App Fairness (of which Yoga Buddhi is a member), or any documents concerning privacy and security efforts, all of which were plainly required by the subpoena." Dkt. No. 419-3 at 4, ¶ 12. That statement mischaracterizes Yoga Buddhi's dealings with Apple's counsel during subpoena negotiations.

First, through counsel, Yoga Buddhi transparently and in good faith negotiated with Apple a "go and get" approach to responding to the subpoena. Apple did not object, nor did it request a full custodial search of Mr. Simon or any other Yoga Buddhi employee's documents. Compelling additional production at this late stage would impose a significant additional burden on Yoga Buddhi, a small company with only five employees, as Mr. Simon prepares for deposition and trial.

With respect to the Coalition for App Fairness communications, Apple has no substantial need for such communications, which is why Yoga Buddhi objected to Apple's request from the beginning. Apple appears to claim that Yoga Buddhi's membership in the organization shows Mr. Simon's potential bias. But Yoga Buddhi's membership in the Coalition is publicly listed on the Coalition's website, and the Coalition's positions on Apple's conduct also are public. No further discovery is needed to show that Yoga Buddhi is a member, and that the Coalition opposes Apple's practices, the relevance of which is highly questionable to begin with.

Second, there is no reason for Apple to demand Yoga Buddhi produce its communications with Epic when Apple could get those documents from Epic. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of [a party].").

Third, Apple's requests for the documents relating to Yoga Buddhi's own privacy and security efforts are burdensome and irrelevant. The requests ask for information regarding Yoga Buddhi's security practices and malware incidents, which are unrelated to the topics identified in Epic's witness disclosure: "App distribution; participation in the Apple Developer Program; App

# Kanter Law Group.

1717 K Street, N.W., Suite 900, Washington D.C. 20006
202-792-3037   kanterlawgroup.com

Store review process; interactions with Apple." Dkt. No. 376. With respect to specific requests for documents concerning the safety and security of the iOS App Store versus other app marketplaces, Yoga Buddhi has not identified any documents that would be relevant or responsive, and a full custodial search is unlikely to turn up any additional information.

Ultimately, Epic's notification of Mr. Simon as a witness did not prejudice Apple's ability to insist on these documents. First, Mr. Simon is the CEO and co-founder of Yoga Buddhi and there are only four other employees in the company. Apple cannot credibly argue that its failure to file a motion to compel was reasonably related to Epic's March 19 notification of Mr. Simon as a witness. Furthermore, Apple knowingly negotiated a subpoena with Yoga Buddhi, which engaged in good faith upon the reasonable assumption that Apple would respect this Court's schedule for discovery. Apple had full capability to review Yoga Buddhi's production and, if it had legitimate concerns regarding that production, file a timely motion to compel consistently with the Local Rule 37-3. Apple did not.

*     *     *     *     *

Yoga Buddhi, through its counsel, communicated its positions on these requests to Apple well before the discovery cutoff. The time for Apple to move to compel has long passed. The Court should thus reject Apple's attempt to circumvent the rules, especially given that the underlying information Apple seeks is irrelevant to this case.

Sincerely,

Brandon Kressin
**THE KANTER LAW GROUP PLLC**