1

2                          **UNITED STATES DISTRICT COURT**

3                          **NORTHERN DISTRICT OF CALIFORNIA**

4

5      **EPIC GAMES, INC.,**                          Case No.  4:20-cv-05640-YGR

6                     Plaintiff,                       **ORDER DENYING DEFENDANT APPLE
                                                       INC.'S MOTION FOR PRETRIAL SANCTIONS**
7            vs.

8      **APPLE INC.,**                                 Dkt. No. 419

9                     Defendant.

10     **APPLE INC.,**

11                    Counterclaimant,

12           v.

13     **EPIC GAMES, INC.,**

14                    Counter-Defendant.

15           Before the Court is defendant and counterclaimant Apple Inc.'s motion for pretrial

16    sanctions against plaintiff and counter-defendant Epic Games, Inc.  (Dkt. No. 419.)  Epic Games

17    filed an opposition to the motion on an expedited schedule.  (Dkt. No. 431.)[1]  Having considered

18    the parties' briefing and the record in this matter, Apple's motion for pretrial sanctions is **DENIED**.

19           The Court expedites the issuance of this Order due to the impending bench trial

20    commencing May 3, 2021, and provides only a brief summary of the parties' positions.  Thus:

21           Apple avers that under Federal Rules of Civil Procedure 26 and 37, the Court should

22    exclude three third-party witnesses who will be testifying for Epic Games—namely, Vivek

23    Sharma of Facebook Inc., Lori Wright of Microsoft Corporation, and Benjamin Simon of Yoga

24    Buddhi Co.[2]  Specifically, Apple asserts that Epic Games' Rule 26(a) disclosures were deficient

25

26           [1] The Court granted the parties' stipulated expedited schedule, that permitted no reply
      brief from Apple, but modified the proposed order to indicate that the motion would be decided on
27    the papers unless oral argument was necessary.  (*See* Dkt. No. 418.)  Having reviewed the parties'
      briefing, the Court determines that oral argument is not necessary for the resolution of this motion.
28
             [2] As discussed by Apple in its motion, a fourth individual, Shelley Gould of Neuro-Fin

United States District Court
Northern District of California

1    because Epic Games did not disclose these individual witnesses, instead listing the general

2    employing entities (*e.g.* Facebook, Microsoft, and Yoga Buddhi).  Apple acknowledges the

3    existence of a related agreement amongst the parties, but contends that the agreement related "only

4    to witnesses who have 'not already been deposed,' not witnesses who were not previously

5    *disclosed*." (Dkt. No. 419 at 12 (emphasis in original).)  Apple further highlights that Epic

6    Games' failure to properly disclose the three individual witnesses under Rule 26 is not harmless

7    under the relevant authority.   Finally, Apple also asserts in this motion and in an earlier motion

8    before Magistrate Judge Thomas Hixson that Epic Games has been coordinating with these third-

9    party witnesses in an effort to obstruct Apple from obtaining additional documents for these

10   specific identified individuals.

11          Epic Games refutes Apple's arguments.  Epic Games categorically rejects that it has been

12   coordinating with the third-party witnesses above to prevent Apple from obtaining additional

13   documents.   Moreover, Epic Games asserts that it promptly disclosed the above individuals when

14   it first learned of and confirmed their identifies, that its disclosures were sufficient under Rule 26,

15   and that the parties' agreement allowed such general disclosure for a entities and organizations.

16   Epic Games further highlights that the appropriate sanction would be not to exclude the witnesses,

17   but to depose these individuals—which Apple is already scheduled to do.  Finally, Epic Games

18   emphasizes that, should the Court find a Rule 26 violation, such a violation was harmless where

19   the parties' had an agreement in place, and where Apple did not move with more urgency when it

20   first learned of these three individuals who would be testifying on behalf of their employing

21   entities.  Epic Games' otherwise characterizes Apple's attempt to prevent these individuals from

22   testifying is a ploy to exclude what it contends is highly relevant evidence.

23          Having reviewed the record, and the parties' briefing, the Court concludes that there has

24   been no violation of the Rule 26 disclosure requirements.  Epic Games promptly disclosed the

25   individual identities of Mr. Sharma, Ms. Wright, and Mr. Simon when Epic Games learned that

26

27   ───────────────
     Inc. d/b/a SmartStops has agreed to comply with Apple's request to produce additional documents

28   in advance of Gould's deposition.

2

1    these three individuals were confirmed to be appearing at the bench trial in this action.  The Court

2    cannot determine how there could be a Rule 26 violation in this instance when Epic Games

3    promptly disclosed the identities of these third-party individual witnesses to Apple.[3]  Moreover, as

4    Epic Games correctly notes, a sanction imposed under Rule 37 for Rule 26 violations are remedied

5    by providing the party an opportunity for a deposition, which Apple is already scheduled to

6    undertake for these witnesses.  (*See* Dkt. No. 431  at 26 (citing *Jang Sool Kwon v. Singapore*

7    *Airlines*, No. C02–2590 BZ, 2003 WL 25686535, at *1 (N.D. Cal. Nov. 7, 2003) (denying motion

8    *in limine* for Rule 37 sanctions seeking to preclude testimony of witnesses as long as plaintiff

9    makes witnesses available for deposition); *Ortiz v. CVS Caremark Corp.*, No. C-12-05859-EDL,

10   2013 WL 6236743, at *8 n.1 (N.D. Cal. Dec. 2, 2013) (holding Rule 37 sanctions not appropriate

11   because "any failure to disclose was harmless because Plaintiffs were able to depose nine of the

12   declarants, and these declarations alone support Defendants' arguments"); *Maionchi v. Union Pac.*

13   *Corp.*, No. C 03-0647 JF PVT, 2007 WL 2022027, at *1 (N.D. Cal. July 9, 2007) (holding that

14   defendants' delay in disclosing expert and report did not warrant Rule 37 sanctions because it did

15   not cause harm to plaintiffs because "[p]laintiffs may still depose" the witness); *Bookhamer v.*

16   *Sunbeam Prod. Inc.*, No. C 09-06027 ECM, 2012 WL 6000230, at *3 (N.D. Cal. Nov. 30, 2012)

17   (finding that even though failure to disclose was not justified and did cause harm, the harm could

18   be remedied by allowing defendants to depose the seven non-retained experts if they chose to do

19   so)).)  Thus, the Court finds no violation of Rule 26 by Epic Games.

20        All of the above said, however, the Court reiterates the following to the parties as well as

21   the above third-party witnesses: the Court has repeatedly instructed that trial is not an opportunity

22   for surprises.  Instead, it is an opportunity for the Court to measuredly consider and weigh the

23   relevant evidence to reach a final determination.  This dispute presents no exception.  To the

---

[3]  The Court further notes that while the parties' understanding of the agreement is muddled, Epic Games was otherwise substantially justified in relying on the agreement and promptly providing the individual names of the third-party witnesses when it learned of and confirmed their appearances.  *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341-YGR, 2014 WL 2854773, at *5 n.2 (N.D. Cal. June 20, 2014) (explaining that exclusion is not warranted "when a failure to disclose is substantially justified").

United States District Court
Northern District of California

extent that examination by the Court or the parties indicates that the above testifying witnesses

(Mr. Sharma, Ms. Wright, and Mr. Simon[4]) have failed to make a sufficient production of relevant

documents to *both* parties, the Court will weigh such a failure against the credibility of the

testifying witness.  In other words, the failure to produce relevant documents, including

documents relevant to the individual testifying witness, to both parties (here, to Apple) will be

factored into the individual witness' credibility, and, if necessary, may warrant the striking of

testimony.  To the extent that the third-party witnesses are concerned with an adverse credibility

determination at the bench trial, they should ensure that they adequately and timely[5] produce such

documents in advance of their depositions.

Accordingly, the motion for pretrial sanctions is **DENIED**.

This Order terminates Docket Number 419.

**IT IS SO ORDERED.**

Dated: April 12, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4]  The Court provides a specific comment with regard to Mr. Simon and Yoga Buddhi based on the record and the parties' briefing.  It is hard for the Court to determine what, if any, documents are left for Mr. Simon of Yoga Buddhi to produce where Yoga Buddhi has previously already produced documents to Apple in this litigation.  Unlike either Microsoft or Facebook, Yoga Buddhi is a company of five people, and, per Epic Games' representations to the Court, every single one of the documents already produced either involves Mr. Simon or relates to a part of an operation that Mr. Simon controls.  (*See also* Dkt. No. 436 (letter brief from Yoga Buddhi Co.).)  Apple could have already anticipated and then requested relevant documents for Mr. Simon given the small size of Yoga Buddhi, and it is unclear what further documents Apple needs at this point that it could not have previously and timely requested.  This contrasts to Mr. Sharma and Ms. Wright, where Facebook's and Microsoft's prior productions to Apple may not have produced documents, if any, relevant to these specific individuals.  The Court makes no express determination at this juncture as to the appropriateness of the additional document requests.

[5]  At least three (3) days prior to the date of the deposition.

United States District Court
Northern District of California