THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                      Plaintiff, Counter-<br>                      defendant<br><br>     v.<br><br>APPLE INC.,<br><br>                      Defendant,<br>                      Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Gibson, Dunn &
Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION
TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1.     I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case.  I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     I submit this declaration in response to Epic's Administrative Motion to Seal Its Proposed Findings of Fact and Conclusions of Law (Dkt. 404).  Specifically, Apple joins Epic's Motion in part.  After reviewing the underlying Proposed Findings of Fact and Conclusions of Law (Dkt. 404-1), Apple narrows Epic's sealing requests.

3.     Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents attached to a dispositive motion or presented at trial.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

4.     Apple operates in an intensely competitive marketplace.  It occupies a unique position as a leader with respect to a number of highly dynamic technologies.  Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018).  I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

5.      The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

6.      The Court has expressed a desire for these proceedings to be public.  To that end, Apple has carefully reviewed Epic's Proposed Findings of Fact and Conclusions of Law (Dkt. 410) and now proposes only those redactions that are essential.

7.      Specifically Apple seeks only to seal information about (1) non-public financial information; and (2) competitively sensitive information that could aid a bad actor.

8.      Apple first seeks to seal non-public financial information. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). It would give Apple's competition confidential information about Apple's business model and strategy.  *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

9.      The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information.  Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

10.     Second, Apple respectfully requests that the Court seal the identified information that could aid a bad actor.  Specifically, Apple seeks to seal specific information about Apple's security policies and internal processes like Apple's App Review process.  Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

Gibson, Dunn &
Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION
TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

11. Public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and private confidential data of its customers and developers—and keeping those efforts confidential is important to their effectiveness.

12. Not only does Apple protect critical information through its internal security systems and processes, Apple also protects users and developers alike from fraud, malware, and unwarranted intrusion into their privacy through its extensive App Review Process. Disclosure of the identified information would allow bad actors to circumvent Apple's important review process and would endanger users and developers.

13. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in further narrowing the amount of designated confidential material and consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential. The unredacted version of Epic's Proposed Findings of Fact and Conclusions of Law submitted here reflects results of that negotiation.

14. After reviewing Epic's Proposed Findings of Fact and Conclusions of Law, Apple has specified in the chart below the specific requests that Apple concedes should not be granted. In each instance, Apple's responses relate only to the confidentiality of the statements in Epic's Proposed Findings of Fact and Conclusions of Law; Apple's responses are not meant to concede the accuracy of those or any other statements in Epic's filing. In addition, Apple's responses and motion relate only to confidential information contained in the text of Epic's Findings of Fact and Conclusions of Law, and not to the exhibits or deposition designations cited therein. See ECF Dkt. 374 (providing separate process for de-designation of exhibits and deposition designations).

| Paragraph of Proposed Findings of Fact | Notes |
|---|---|
| ¶ 7 | |
| ¶ 10 | |
| ¶ 15 | |
| ¶ 30 | |
| ¶ 39 | |

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Paragraph of Proposed Findings of Fact | Notes |
|---|---|
| ¶ 40 | |
| ¶ 42 | |
| ¶ 46 | Apple concedes that some of this material need not be sealed but requests one redaction in this paragraph. |
| ¶ 59 | |
| ¶ 78 | Apple takes no position on the third party material that has been redacted but concedes that Apple's material need not be sealed. |
| ¶ 81.a | |
| ¶ 102 | |
| ¶ 114.b | |
| ¶ 114.c | |
| ¶ 121 | |
| ¶ 123.d | |
| ¶ 142.d | |
| ¶ 160 | Apple concedes that some of this material need not be sealed but requests one redaction in this paragraph. |
| ¶ 161 | |
| ¶ 166.e | |
| ¶ 174.c | |
| ¶ 176.d | |
| ¶ 192 | |
| ¶ 210 | |
| ¶ 236 | |
| ¶ 237 | |
| ¶ 244 | |
| ¶ 248(c) | |
| ¶ 265(d) | |
| ¶ 274 | |
| ¶ 285(g) | |
| ¶ 287(c) | |
| ¶ 297(a) | Apple concedes that some of this material need not be sealed but requests one redaction in this paragraph. |
| ¶ 305(b) | |
| ¶ 305(c) | |
| ¶ 309 | |
| ¶ 313 | |
| ¶ 332(b) | |
| ¶ 472(a) | |
| ¶ 484(b) | |
| ¶ 493(b) | |
| ¶ 495(a) | |
| ¶ 495(b) | |
| ¶ 503 | |
| ¶ 505(b) | |
| ¶ 505(c) | |
| ¶ 505(d) | |
| ¶ 510 | |
| ¶ 512 | |
| ¶ 512(a) | |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

| Paragraph of Proposed Findings of Fact | Notes |
|---|---|
| ¶ 513 | |
| ¶ 515 | |
| ¶ 516 | |
| ¶ 517 | |
| ¶ 520(a) | |
| ¶ 520(b) | |
| ¶ 521(d) | |
| ¶ 522 | |
| ¶ 525(c) | |
| ¶ 526 | |
| ¶ 527 | |
| ¶ 530(f) | |
| ¶ 530(i) | |
| ¶ 536(a) | |
| ¶ 536(b) | |
| ¶ 537 | |
| ¶ 540(c) | |
| ¶ 542(a) | |
| ¶ 544(a) | |
| ¶ 547 | |
| ¶ 549 | |
| ¶ 550(e) | |
| ¶ 550(g) | |
| ¶ 550(i) | |
| ¶ 550(j) | |
| ¶ 551(a) | |
| ¶ 551(b) | |
| ¶ 551(c) | |
| ¶ 552 | |
| ¶ 552(a) | |
| ¶ 552(b) | |
| ¶ 552(d) | |
| ¶ 552(e) | |
| ¶ 552(f) | |
| ¶ 553 | |
| ¶ 560(b) | |
| ¶ 560(f) | |
| ¶ 564(a) | |
| ¶ 564(c) | |
| ¶ 571 | |
| **Paragraph of Conclusions of Law** | **Notes** |
| ¶ 19 | Apple concedes that some of this material need not be sealed but requests one redaction in this paragraph. |
| ¶ 59 | Apple concedes that some of this material need not be sealed but requests one redaction in this paragraph. |
| ¶ 70 | |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

| Paragraph of Conclusions of Law | Notes |
|---|---|
| ¶ 71 | Apple concedes that some of this material need not be sealed but requests one redaction in this paragraph. |
| ¶ 72 | |
| ¶ 73 | |
| ¶ 101 | |
| ¶ 102 | |
| ¶ 104 | |
| ¶ 107 | Apple concedes that some of this material need not be sealed but requests some redactions in this paragraph. |
| ¶ 108 | Apple concedes that some of this material need not be sealed but requests some redactions in this paragraph. |
| ¶ 149 | |
| ¶ 259 | |
| ¶ 274 | Apple concedes that some of this material need not be sealed but requests some redactions in this paragraph. |
| ¶ 295 | |
| ¶ 302 | |
| ¶ 311 | |
| ¶ 358 | |

15.     Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein, highlighted in yellow in the attached unredacted version.

| Paragraph of Proposed Findings of Fact | Reason for Redaction |
|---|---|
| ¶ 35 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 46 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 123.e | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 124 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 160 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 231 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 232 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 233 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 234 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 235 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

| Paragraph of Proposed Findings of Fact | Reason for Redaction |
|---|---|
| ¶ 239.b | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 297(a) | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 303 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 552(c) | Contains confidential information that could be used to evade the App Review process (Brass Decl. ¶¶ 10-11) |
| ¶ 564(b) | Contains confidential information that could be used to evade the App Review process (Brass Decl. ¶¶ 10-11) |
| **Paragraph of Conclusions of Law** | **Reason for Redaction** |
| ¶ 18 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 19 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 59 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 71 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 91 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 107 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 108 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 274 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 310 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |
| ¶ 381 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage (Brass Decl. ¶¶ 8-9) |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 12, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

7