RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com
dejong@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs in In re Apple iPhone Antitrust Litig., Case No. 4:11-cv-06714-YGR*

STEVE W. BERMAN (*pro hac vice*)
ROBERT F. LOPEZ (*pro hac vice*)
HAGENS BERMAN SOBOL
 SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

SHANA E. SCARLETT (SBN 217895)
BENJAMIN J. SIEGEL (SBN 256260)
HAGENS BERMAN SOBOL
 SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

*Interim Lead Class Counsel in Cameron, et. al v. Apple Inc., Case No. 4:19-cv-03074-YGR*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>    Plaintiff, Counter-defendant, <br> v. <br>APPLE INC., <br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br>**CLASS PLAINTIFFS' ADMINISTRATIVE MOTION FOR PERMISSION TO VIEW TRIAL VIA ZOOM** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, et al., <br>    Plaintiffs, <br> v. <br>APPLE INC. <br>    Defendant. | No. 4:19-cv-03074-YGR |

**I.  INTRODUCTION**

Pursuant to Civil Local Rule 7-11, plaintiffs in the related case *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (the "Consumer action" and "Consumer Plaintiffs") and plaintiffs in the related case *Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR (the "Developer action" and "Developer Plaintiffs," and, collectively, "Class Plaintiffs") request the Court's permission for their counsel to view the bench trial in *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH, scheduled to commence on May 3, 2021, live over the Zoom platform. Under normal circumstances, Class Plaintiffs would be able to attend the trial in person. However, given the COVID-19 pandemic and the consequent restrictions put into place, the Court is permitting only six people to attend in person for Epic Games, Inc. and six people to attend in person for Apple Inc. The remainder of the parties' trial teams, and perhaps some witnesses, will be viewing or participating in the trial over Zoom, and Class Plaintiffs seek permission to also view the trial over Zoom.

Class Plaintiffs attempted to seek agreement from the parties regarding this reasonable request. While Epic has no objection, Apple is not in agreement and has made the untenable argument that Class Plaintiffs are members of the public and should therefore be limited to listening to the audio version of the trial. Apple's position is meritless and can only be an attempt to gain an advantage over Class Plaintiffs, since it will have full access to the trial, including the ability to observe the witnesses' demeanor and weigh their credibility. Class Plaintiffs should have the same access. Moreover, Class Plaintiffs have an interest in the *Epic* trial proceedings, and not just the outcome, because many of the witnesses and much of the evidence will be the same as that introduced in Class Plaintiffs' trials. Therefore, observing witness testimony and other trial proceedings will help inform Class Plaintiffs as to whether they should seek to weigh in on any aspect of the trial that could adversely impact their clients' and the classes' interests.

Consumer Plaintiffs filed the first of these three related cases in 2011, eight years before either of the other two related cases were filed, and diligently litigated their case in this Court, the Ninth Circuit Court of Appeals, and the U.S. Supreme Court. Since late 2019, discovery in the three cases has been coordinated, including voluminous document and data discovery and the taking of numerous depositions. The parties in all three cases have participated in several joint Zoom hearings including

-1-

CLASS PLTFS' ADMIN. MOT FOR PERMISSION TO VIEW TRIAL VIA ZOOM
Case Nos.: 20-cv-05640-YGR; 11-cv-06714-YGR; 19-cv-3074-YGR

case management conferences and discovery hearings. Class Plaintiffs' motions for class certification are due on June 1, 2021, and the testimony and evidence admitted at the *Epic* trial will be highly relevant to those motions and also to the merits phases of their respective cases. Therefore, Class Plaintiffs are not similarly situated to the public at large and should be permitted to view the trial over Zoom so they will not be at a disadvantage to Apple, whose litigation teams in all three matters will be observing the trial both live and remotely.

## II.   RELEVANT BACKGROUND

On December 29, 2011, Consumers Plaintiffs initiated the first of these related actions with the filing of their Class Action Complaint alleging violations of Section 2 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 2, for monopolization and attempted monopolization of the aftermarket for iPhone applications. Consumers ECF No. 1.

After several rounds of motions to dismiss and amendment of the pleadings, on December 2, 2013, the Court granted Apple's motion to dismiss Consumer Plaintiffs' second amended consolidated complaint with prejudice. Consumers ECF No. 124. Plaintiffs subsequently appealed the dismissal and the Ninth Circuit reversed. Apple appealed the Ninth Circuit's reversal and the U.S. Supreme Court affirmed the Ninth Circuit on May 13, 2019. *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019).

After Consumer Plaintiffs prevailed in the U.S. Supreme Court, Developers filed their Class Action Complaints in *Cameron, et al. v. Apple Inc.*, No. 19-cv-03074, on June 4, 2019, and in *Sermons v. Apple Inc.*, No. 19-cv-03796 on June 28, 2019. Developers ECF No. 1. On August 22, 2019, the Court related the two Developer actions to the Consumer action, finding that "each case stems from the use of the exact same technology and the economics regarding that same technology," and that "the individual transactions addressed by each case . . . are underlined by the same operative facts—Apple's alleged monopolization of the distribution and sale of iPhone apps." Consumers ECF No. 168 at 2-3. The Court held a case management conference in all of the Consumer and Developer cases on September 13, 2019, and the *Sermons* and *Cameron* plaintiffs filed a Consolidated Class Action Complaint on September 30, 2019. Developers ECF No. 53. On January 6, 2020, the Court entered an Order Granting Stipulation Regarding Coordination of Discovery in the Consumer and Developer

actions, Consumers ECF No. 194, and Consumers and Developers have coordinated their discovery efforts thereafter.

On August 13, 2020, Epic Games, Inc. filed a Complaint for Injunctive Relief against Apple. ECF No. 1.  On August 19, 2020, the Court related the *Epic* case to the Developer action.  ECF No. 24. The plaintiffs in the Consumer, Developer, and *Epic* actions thereafter coordinated their discovery efforts, including the taking of numerous depositions.  On October 6, 2020, the Court set a trial date of May 3, 2021 in the *Epic* action.  ECF No. 115.

At the March 1, 2021 Further Case Management Conference in the *Epic* case, the Court discussed the logistics of conducting the *Epic* trial in the midst of the COVID-19 pandemic, and allowing Court staff, and Epic and Apple trial teams to view the trial via Zoom while the general public listens to the trial over a conference line:

> [S]o the May 3rd date is confirmed. . . . worst case scenario it's a full bench trial by Zoom . . . .
>
> * * *
>
> ***Under all circumstances we will be using Zoom because we still have people who need to be participating remotely***, whether it's Court staff. And I think it also helps for purposes of document management.
>
> I expect there will be at least, you know, one person who can't testify because of health concerns, so I want to make sure that we have all of the technology in place.
>
> * * *
>
> While Zoom has allowed us to provide access over and beyond what we have ever done, we're doing this by video and everybody can see the video who wants to see it. Looks like we've got, you know, 65 people watching in addition to participating. I cannot and, in fact, am not allowed to do that by the Administrative Office of the Courts for purposes of evidentiary hearings, including trials.
>
> So everybody understands that *public* access will be audio only. All right? And perhaps the U.S. Courts will change their mind over time, but right now that's the only option that's available.

Mar. 1, 2021 Hrg. Tr. at 11:22-12:1; 14:25-15:6;15:22-16:7 (emphasis added).[1]

---

[1] At the March 26, 2021 Pretrial Conference, Epic's counsel asked if the Court would allow them to have "walk-around mics that would clip onto the lapel and actually boost the sound."  The Court responded, "Absolutely," and that "[h]ow that works with Zoom, I don't know.  I don't know that I've tested that.  So we'll probably have to test it."  Mar. 26, 2021 Hr. Tr. at 9:4-5, 7, 14-15.

On March 2, 2021, the Court entered Pretrial Order No. 1 in the *Epic* case that held, in relevant part: "Given the ongoing COVID-19 pandemic, the precise format of the bench trial remains uncertain. At a minimum, the bench trial shall proceed by way of Zoom platform. *Public* access shall be by way of telephone access; video access is not an option for evidentiary proceedings including trials." ECF No. 371 at 1, ¶ 1 (emphasis added); *see also id*., at 2, ¶ 3 ("Under all circumstances, the bench trial will include a Zoom component. To facilitate the Zoom-aspect of the bench trial, the parties shall investigate the joint use of a third-party trial vendor to manage pretrial preparations of witnesses, witness participation, document management, and unlimited telephone access.").

Since the *Epic* trial is clearly going to involve a Zoom component, Class Plaintiffs reached out to Epic's counsel and Apple's counsel on April 2, 2021, and expressed a desire to have several members of each of their teams observe the *Epic* trial via Zoom. Class Plaintiffs proposed contacting the Courtroom Deputy, and copying Epic's and Apple's counsel, to inquire about how best to request access. Epic's counsel responded that Epic has no objection to Class Plaintiffs' request and that it made sense to clear the request with the Court. Epic suggested that once the parties select a vendor to operate some of the electronic logistics of the trial, that vendor may be able to facilitate Zoom access for Class Plaintiffs. Apple, however, responded to Class Plaintiffs' surprise that it would not agree to the proposal because Class Plaintiffs are not parties to the *Epic* case, and, therefore, "have no greater right to access to this trial than does any other member of the public." Byrd Decl., ¶ 5.

### III. CLASS PLAINTIFFS SHOULD BE PERMITTED TO VIEW THE TRIAL OVER ZOOM

Apple's insistence that because Class Plaintiffs are not "parties" to the *Epic* case they are members of the public and are limited to listening to the trial over a conference line is meritless. There is, of course, a third category into which Class Plaintiffs fall: they are parties to related cases that have been intimately involved in discovery and Zoom court proceedings together with Epic and Apple for months, and the conduct of the *Epic* trial, including the presentation of evidence and the creditability of witnesses, is highly relevant to Class Plaintiffs' cases, including their motions for class certification due on June 1, 2021.

The only possible motive Apple has for attempting to limit Class Plaintiffs to listening to the

1  audio version of the trial is to gain an unfair advantage over Class Plaintiffs.  Apple is a party in *Epic*, such that its trial team will be present at the trial and also viewing the trial over Zoom.  Class Plaintiffs should be on the same playing field as Apple and also be able to view the trial over Zoom.

There are no technological impediments to allowing Class Plaintiffs to view the trial over the Zoom platform, since the parties to the *Epic* case are selecting a third-party vendor who will facilitate viewing of the trial over Zoom for the parties, witnesses and Court staff.  If allowed by the Court, per their request, Class Plaintiffs can very easily log in to view the trial using the same credentials.

### IV.  CONCLUSION

Class Plaintiffs request the Court enter an order permitting them to view the *Epic* trial. including all its proceedings, over the Zoom platform.  In the alternative, Class Plaintiffs request guaranteed daily access to trial proceedings via the audio conference line referenced by the Court in the *Epic v. Apple* status conference of March 26, 2021, or their own dedicated audio conference line for that purpose if, for example, there is a limit to the number of people who can listen on the public conference line.

DATED: April 12, 2021                             WOLF HALDENSTEIN ADLER
                                                   FREEMAN & HERZ LLP

                                                 By:    */s/ Rachel R. Byrd*
                                                        RACHELE R. BYRD

                                                 RACHELE R. BYRD
                                                 BRITTANY N. DEJONG
                                                 750 B Street, Suite 1820
                                                 San Diego, CA  92101
                                                 Telephone: 619/239-4599
                                                 Facsimile: 619/234-4599
                                                 byrd@whafh.com
                                                 dejong@whafh.com

                                                 MARK C. RIFKIN
                                                 MATTHEW M. GUINEY
                                                 270 Madison Ave
                                                 New York, NY 10016
                                                 Telephone: (212) 545-4600
                                                 Facsimile: (212) 686-0114
                                                 rifkin@whafh.com
                                                 guiney@whafh.com

| | |
|---|---|
| 1 | |
| 2 | *Interim Class Counsel for the Consumer Plaintiffs, Case No. 4:11-cv-06714-YGR* |
| 3 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 4 | By:  */s/ Steve W. Berman*  |
| 5 |        STEVE W. BERMAN |
| 6 | STEVE W. BERMAN |
|   | ROBERT F. LOPEZ |
| 7 | 1301 Second Avenue, Suite 2000 |
|   | Seattle, WA  98101 |
| 8 | Telephone: (206) 623-7292 |
|   | Facsimile:  (206) 623-0594 |
| 9 | steve@hbsslaw.com |
|   | robl@hbsslaw.com |
| 10 | |
| 11 | SHANA E. SCARLETT |
|    | BENJAMIN J. SIEGEL |
| 12 | 715 Hearst Avenue, Suite 202 |
|    | Berkeley, CA 94710 |
| 13 | Telephone: (510) 725-3000 |
|    | Facsimile:  (510) 725-3001 |
| 14 | shanas@hbsslaw.com |
|    | bens@hbsslaw.com |
| 15 | |
| 16 | *Interim Lead Class Counsel for the Developer Plaintiffs, Case No. 4:19-cv-03074-YGR* |

27232

**DECLARATION REGARDING CONCURRENCE**

I, Rachele R. Byrd, am the ECF user whose identification and password are being used to file this **CLASS PLAINTIFFS' ADMINISTRATIVE MOTION FOR PERMISSION TO VIEW TRIAL VIA ZOOM**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.

DATED: April 12, 2021                    WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

                                         */s/ Rachele R. Byrd*
                                         RACHELE R. BYRD