PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-
defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>   vs.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | No. 4:20-CV-05640-YGR-TSH<br><br>**[PROPOSED] ORDER APPOINTING SPECIAL MASTER FOR PRE-TRIAL RULINGS**<br><br>Trial Date: May 3, 2021<br>Courtroom: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

1    WHEREAS, pursuant to the Court's Standing Order Re: Pretrial Instructions in

2  Civil Cases and Pretrial Order No. 2 (ECF No. 381), the Court ordered Plaintiff and Counter-

3  defendant Epic Games, Inc., and Defendant and Counterclaimant Apple Inc. (together, the

4  "Parties") "to hire a retired judicial officer to resolve their objections, to the extent that there are

5  any" to the Parties' respective deposition designations in the above-captioned action (the

6  "Action");

7    WHEREAS, the Parties have met and conferred with respect to the selection of a

8  retired judicial officer and have agreed, subject to Court approval, to the retention of the

9  Honorable Elizabeth Laporte (Ret.), a retired Magistrate Judge for the Northern District of

10  California who currently serves as a neutral at JAMS in San Francisco, CA and has previously

11  served as Special Master in the matter of *Plexxikon Inc. v. Novartis Pharmaceuticals Corporation*,

12  No. 17-cv-04405-HSG (N.D. Cal.);

13    WHEREAS, pursuant to Pretrial Order No. 2, the Court ordered the parties to

14  provide deposition designations, including counter designations, by noon (12 PM PST) Tuesday,

15  April 27, 2021, with all objections having been resolved;

16    **THEREFORE, IT IS HEREBY ORDERED**:

17    1.    The Honorable Elizabeth Laporte (Ret.) shall cause to be filed a declaration

18  under 28 U.S.C. § 455 confirming that there are no grounds for disqualification.

19    2.    Effective upon the filing of the declaration set forth in paragraph 1, the

20  Honorable Elizabeth Laporte (Ret.) is appointed pursuant to Federal Rule of Civil Procedure 53 as

21  Special Master to supervise and preside over the pre-trial resolution of objections to designations

22  to deposition testimony ("Deposition Objections") in the Action.  Pursuant to Fed. R. Civ.

23  P. 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in

24  performing the duties set forth herein.

25    3.    <u>Scope of Duties</u>:  The Special Master shall assist the Parties in the

26  resolution of pre-trial disputes concerning Deposition Objections and shall render a decision on

27  any disputes concerning Deposition Objections that the Parties are unable to resolve consensually.

28

4.   <u>Scope of Authority</u>:  The Special Master's authority in furtherance of the foregoing duties shall be limited to the following:

a.   Convening video conferences or telephone conferences among the Parties;

b.   Ordering briefing or argument on any disputed issues;

c.   Setting a date, time and place for any hearings determined by the Special Master to be necessary;

d.   Presiding over and regulating such hearings;

e.   Issuing informal guidance and attempting to get the Parties to reach agreement;

f.   Issuing written orders, reports and/or recommendations;

g.   Issuing oral rulings that may be reduced to writing at a Party's request; and

h.   Upon the agreement of the Parties, any other authority properly within the scope of Fed. R. Civ. P. 53(c)(1).

5.   <u>Preservation of Record</u>:  The Parties shall maintain files consisting of all documents submitted by the Parties and any written orders, reports and/or recommendations.  Any written orders, reports and/or recommendations issued by the Special Master shall be emailed to the Parties.  Such emailing shall fulfill the Special Master's duty to serve the order, report and/or recommendations on the parties.  In addition, any orders, reports and/or recommendations issued by the Special Master resolving the Deposition Objections shall be jointly filed by the Parties via Electronic Case Filing in the form of a notice of ruling.  The notice of ruling shall be filed no later than noon (12 PM PDT) on Tuesday, April 27, 2021.

6.   <u>Action on Special Master's Orders, Reports or Recommendations</u>:  Pursuant to Fed. R. Civ. P. 53(b)(2)(D), the procedures for any action on the Special Master's orders, reports and/or recommendations shall be as follows:

1        a.     <u>Time Limits</u>:  Any party wishing to object to any orders, reports

2             and/or recommendations of the Special Master must file such

3             objection with the Court no later than Friday, April 30, 2021.

4             Review of the Special Master's orders, reports and/or

5             recommendations will be subject to the same procedures as review

6             of orders of a Magistrate Judge, *see* Civ. L.R. 72-2, except as

7             otherwise set forth herein.

8        b.     <u>Filing the Record for Review</u>:  The Party filing the objection shall

9             submit with such objection any record necessary for the Court to

10             review the Special Master's order, report and/or recommendation,

11             including any transcripts of proceedings before the Special Master

12             and any documents submitted by the parties in connection with the

13             Special Master's order, report and/or recommendation.  Failure to

14             provide the record shall constitute grounds for the Court to overrule

15             the objection or deny the motion.

16      7.     <u>Ex Parte Communications</u>:  To facilitate the fulfillment of her duties under

17 this Order, the Special Master may communicate *ex parte* to the Court to the extent that the

18 Special Master deems necessary and appropriate.  In addition, the Special Master may have *ex*

19 *parte* communications with a Party, but such communications shall be limited to administrative

20 matters such as scheduling hearings, telephone calls or briefing if such arrangements cannot be

21 made in a timely manner by contacting the Special Master's administrative assistant.

22      8.     <u>Compensation</u>:  The Special Master's hourly fee shall be $800 per hour, the

23 Special Master's standard hourly rate at JAMS for this type of work.  Responsibility for payment

24 of the Special Master's fees shall be divided equally between the Parties.  The Parties shall pay the

25 Special Master's fees within thirty (30) calendar days of assessment, unless otherwise excused by

26 the Special Master or the Court.

27

28

1

2

3   **GOOD CAUSE APPEARING, IT IS SO ORDERED.**

4

5

6   DATED: _____          _____

HON. YVONNE GONZALEZ ROGERS

7                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28