1  JOHN F. COVE, JR. (SBN 212213)
      john.cove@shearman.com
2  MATTHEW BERKOWITZ (SBN 310426)
      matthew.berkowitz@shearman.com
3  SHEARMAN & STERLING LLP
   535 Mission Street, 25th Floor
4  San Francisco, CA  94105-2997
   Telephone:   415.616.1100
5  Facsimile:    415.616.1199

6  *Attorneys for Sony Interactive Entertainment LLC*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                              **OAKLAND DIVISION**

11

12  EPIC GAMES, INC.,                          Case No. 4:20-cv-05640-YGR

13           *Plaintiff, Counter-defendant,*   **NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S ADMINISTRATIVE MOTION TO KEEP COMPETITIVELY SENSITIVE INFORMATION UNDER SEAL**

14           v.

15  APPLE INC.,

16           *Defendant, Counterclaimant.*     Judge:  Hon. Yvonne Gonzalez Rogers

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5, non-party Sony Interactive Entertainment LLC ("SIE") hereby seeks an order permitting certain portions of Apple's Proposed Findings of Fact and Conclusions of Law (Dkt. No. 410) that contain highly confidential, competitively sensitive material to remain under seal.

Certain portions of Apple's Proposed Finding of Fact and Conclusions of Law contain SIE's highly sensitive, confidential, competitively-valuable information, including confidential business strategies, contractual terms, and other competitively sensitive information. *See* Declaration of Don Sechler Pursuant to Local Rule 79-5(e)(1) in Response to Apple Inc.'s Administrative Motion to Partially Seal its Proposed Findings of Fact and Conclusions of Law ("Sechler Decl.") ¶¶ 3–11.[1]

SIE has narrowly tailored the information it requests to keep sealed, limiting it to only a handful of paragraphs and sentences in Apple's filing. In particular, as explained in detail in the accompanying Declaration of Don Sechler:

- The second sentence in Paragraph 165.4 purports to describe SIE's restrictions with game developers. Sechler Decl. ¶ 4. Although Mr. Sechler does not agree that Apple's statement is an accurate characterization of what it purports to describe, this statement nevertheless could provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential payment terms with Epic and other firms and would likely cause competitive harm if disclosed. *Id*. SIE's request to seal the second sentence of Paragraph 165.4 is limited to one sentence that contains confidential information and is thus narrowly tailored. *Id.*

- Paragraph 249.18 (118) purports to reveal specific contractual price terms with a specific developer. *Id.* ¶ 5. Public disclosure of specific contractual terms with a specific developer that reflect SIE's confidential business strategies and negotiations of confidential payment terms with Epic and other game developers would likely cause competitive harm

---

[1] Certain statements in Apple's Proposed Findings of Fact and Conclusions of Law do not appear to be accurate characterizations of SIE's policies, contract terms, or data that Apple purports to describe. *See* Sechler Decl. ¶ 3 n.1. Seeking to have such statements remain under seal does not reflect any agreement that any statement in Apple's filing is accurate. *Id.*

if disclosed to SIE's competitors or adversely impact SIE in future negotiations with game developers. *Id.* The entirety of Apple's Paragraph 249.18 (118) contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored. *Id.*

- Paragraph 249.18 (218) reveals not only the purported standard commission rate but additional purported terms for additional payments based on contract metrics that are the subject of a confidential negotiated agreement between SIE and Epic. *Id.* ¶ 6. Public disclosure of specific contractual terms with a specific developer that reflect SIE's confidential business strategies and negotiations of confidential payment terms would likely cause competitive harm if disclosed to SIE's competitors or to counterparties with whom SIE negotiates agreements. *Id.* The entirety of Apple's Paragraph 249.18 (218) contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored. *Id.*

- The fourth sentence of Paragraph 355.2 reveals certain confidential, competitively sensitive reporting requirements that SIE and Epic negotiated in connection with cross-platform play. *Id.* ¶ 7. Public disclosure of specific contractual terms with a specific developer that reflect SIE's confidential business strategies, including its confidential strategies for monetizing cross play on its platform and contractual reporting terms, would likely cause competitive harm if disclosed to SIE's competitors or disadvantage it in negotiations with other contracting counterparties. *Id.* SIE's request to seal the fourth sentence of Apple's Paragraph 355.2 is limited to one sentence that contains confidential information and is thus narrowly tailored. *Id.*

- Paragraph 372 purports to report detailed information on the confidential results of an internal analysis that Epic reportedly performed on the results of PlayStation's cross-platform strategy. *Id.* ¶ 8. While this information is reported to have come from an Epic internal analysis, and SIE cannot assess or agree with the accuracy of that analysis, both the underlying data and Epic's purported analysis of that data are subject to a confidentiality agreement with SIE because the results of SIE's cross-platform strategy are highly sensitive and competitively valuable. *Id.* The disclosure of this highly sensitive competitive

information would give SIE's gaming platform competitors insights into SIE's business strategies and the results of that strategy and is likely to cause SIE competitive harm. *Id.* The entirety of Apple's Paragraph 372 contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored. *Id.*

- The first sentence of paragraph 697.4 purports to describe SIE's agreements with game developers relating to payment processing. *Id.* ¶ 9. Public disclosure of contractual terms with a specific developer that reflect SIE's confidential business strategies and negotiations of confidential payment terms would likely cause competitive harm if disclosed to SIE's competitors or to counterparties such as other game developers, with whom SIE negotiates agreements. *Id.* This sentence in Apple's Paragraph 697.4 contains SIE's confidential information and thus the request to seal this sentence is narrowly tailored. *Id.*

- The second sentence of paragraph 697.4 quotes from SIE guidance to developers regarding provision of virtual currency to a regional PlayStation Store. *Id.* This guidance is available only to developers for the PlayStation who have agreed to maintain this information as confidential because it contains competitively sensitive information, the disclosure of which could cause competitive harm to SIE. *Id.* This sentence in Apple's Paragraph 697.4 also contains SIE's confidential information and thus the request to seal this sentence is narrowly tailored. *Id.*

SIE expends great effort to keep confidential this information. *Id.* ¶ 10. For example, the above information is disseminated within SIE only on a need-to-know basis, and Epic is under contractual obligations to keep this information confidential and not reveal it to any third parties. *Id.* If this information were made public, SIE would likely suffer competitive harm because it would enable SIE's competitors or other contracting counterparties to gain valuable insight into SIE's business, which SIE has invested significant resources in developing, and better position themselves in any future negotiation with SIE, to the competitive harm of SIE. *Id.* ¶ 11.

The above information was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' ONLY, pursuant to the Stipulated and Amended Protective Order dated January

21, 2021 ("Protective Order") (Dkt. No. 274). Apple provisionally redacted this information in its public filing pursuant to the Protective Order, which prohibits parties from filing confidential information as part of the public record. *See* Protective Order ¶ 13.3.

For the reasons set for the above and in the accompanying Declaration of Don Sechler, SIE has established that this information is sealable and should remain redacted in the public filing because disclosure of such information would like result in competitive harm to SIE.

Accordingly, SIE respectfully requests that the Court grant this motion to permit these statements in Apple's Proposed Findings of Fact and Conclusions of Law remain under seal.

DATED:  April 12, 2021                         SHEARMAN & STERLING LLP


By:   *s/ John F. Cove, Jr.*

**SHEARMAN & STERLING LLP**
JOHN F. COVE, JR. (SBN 212213)
MATTHEW BERKOWITZ (SBN 310426)

*Attorneys for Non-Party Sony Interactive Entertainment LLC*