1  JOHN F. COVE, JR. (SBN 212213)
       john.cove@shearman.com
2  MATTHEW BERKOWITZ (SBN 310426)
       matthew.berkowitz@shearman.com
3  SHEARMAN & STERLING LLP
   535 Mission Street, 25th Floor
4  San Francisco, CA  94105-2997
   Telephone:   415.616.1100
5  Facsimile:    415.616.1199

6  *Attorneys for Sony Interactive Entertainment LLC*

7

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                    **OAKLAND DIVISION**

11

12  EPIC GAMES, INC.,

13          *Plaintiff, Counter-defendant,*

14          v.

15  APPLE INC.,

16          *Defendant, Counterclaimant.*

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-05640-YGR

**DECLARATION OF DON SECHLER PURSUANT TO LOCAL RULE 79-5(e)(1) IN RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I, Don Sechler, declare as follows:

1.     I am the Vice President and Global Head of Global Partner Development and Relations Business Operations, Planning & Strategy at Sony Interactive Entertainment LLC ("SIE").  I am more than eighteen years of age.  Based on my experience with SIE, I am familiar with SIE's protection of its trade secrets and other confidential and proprietary business information.  I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.     I make this declaration pursuant to Civil Local Rule 79-5, in support of SIE's motion to maintain the information described below under seal.

3.     The following statements in Apple's Proposed Findings of Fact and Conclusions of Law disclose SIE's highly sensitive, confidential, competitively-valuable information, the public disclosure of which would likely have the effect of causing substantial harm to the competitive position of SIE.  SIE restricts dissemination of this information in order to protect its business strategies and contracting terms, and in some of the instances below, confidential information about user behavior that is highly competitively sensitive.[1]  For this reason, SIE's contracts with Epic and other game developers require that this information be kept strictly confidential.

4.     The second sentence in Paragraph 165.4 purports to describe SIE's restrictions with game developers.  While I do not agree that Apple's statement is an accurate characterization of what it purports to describe, this statement nevertheless could provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential payment terms with Epic and other game developers and would likely cause competitive harm if disclosed.  SIE's request to seal the second sentence of Paragraph 165.4 is limited to one sentence that contains confidential information and is thus narrowly tailored.

5.     Paragraph 249.18 (118) purports to reveal specific contractual price terms with a specific developer.  Public disclosure of specific contractual terms with a specific developer that

---

[1] I note that some of the statements that are found in Apple's Proposed Findings of Fact and Conclusions of Law do not appear to be accurate characterizations of SIE's policies, contract terms, or data that Apple purports to describe.  Seeking to have this material sealed does not reflect any agreement that any statement in Apple's filing is accurate.

reflect SIE's confidential business strategies and negotiations of confidential payment terms with Epic and other game developers would likely cause competitive harm if disclosed to SIE's competitors or adversely impact SIE in future negotiations with game developers.   The entirety of Apple's Paragraph 249.18 (118) contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored.

6.     Paragraph 249.18 (218) reveals not only the purported standard commission rate but additional purported terms for additional payments based on contract metrics that are the subject of a confidential negotiated agreement between SIE and Epic.  Public disclosure of specific contractual terms with a specific developer that reflect SIE's confidential business strategies and negotiations of confidential payment terms would likely cause competitive harm if disclosed to SIE's competitors or to counterparties such as other game developers, with whom SIE negotiates agreements.  The entirety of Apple's Paragraph 249.18 (218) contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored.

7.     The fourth sentence of Paragraph 355.2 reveals certain confidential, competitively sensitive reporting requirements that SIE and Epic negotiated in connection with cross-platform play.  Public disclosure of specific contractual terms with a specific developer that reflect SIE's confidential business strategies, including its confidential strategies for monetizing cross play on its platform and contractual reporting terms, would likely cause competitive harm if disclosed to SIE's competitors, especially its gaming platform competitors, or disadvantage it in negotiations with other contracting counterparties, such as other game developers.  SIE's request to seal the fourth sentence of Apple's Paragraph 355.2 is limited to one sentence that contains confidential information and is thus narrowly tailored.

8.     Paragraph 372 purports to report detailed information on the confidential results of an internal analysis that Epic reportedly performed on the results of PlayStation's cross-platform strategy.  While this information is reported to have come from an Epic internal analysis, and I cannot assess or agree with the accuracy of that analysis, both the underlying data and Epic's purported analysis of that data are subject to a confidentiality agreement with SIE precisely because the results of SIE's cross-platform strategy are highly sensitive and competitively

valuable.  The disclosure of this highly sensitive competitive information would give SIE's gaming platform competitors insights into SIE's business strategies and the results of that strategy and is likely to cause SIE competitive harm.  The entirety of Apple's Paragraph 372 contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored.

9.    The first sentence of paragraph 697.4 purports to describe SIE's agreements with game developers relating to payment processing.  Public disclosure of contractual terms with a specific developer that reflect SIE's confidential business strategies and negotiations of confidential payment terms would likely cause competitive harm if disclosed to SIE's competitors or to counterparties such as other game developers, with whom SIE negotiates agreements.  The second sentence of paragraph 697.4 quotes from SIE guidance to developers regarding provision of virtual currency to a regional PlayStation Store.  This guidance is available only to developers for the PlayStation who have agreed to maintain this information as confidential because it contains competitively sensitive information, the disclosure of which could cause competitive harm to SIE.  The entirety of Apple's Paragraph 697.4 contains SIE's confidential information and thus the request to seal this paragraph is narrowly tailored.

10.    SIE expends great effort to keep confidential the above information.  For example, the above information is disseminated within SIE only on a need-to-know basis, and Epic is under contractual obligations to keep this information confidential and not reveal it to any third parties.

11.    If this information were made public, SIE would likely suffer competitive harm, as it would enable SIE's competitors or other contracting counterparties to gain valuable insight into SIE's business, which SIE has invested significant resources developing, and better position themselves in any future negotiation with SIE, to the competitive harm of SIE.

12.    I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of April, 2021.

DON SECHLER