KATIE TOWNSEND (SBN 254321)
ktownsend@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

*Counsel for Reporters Committee for Freedom of the Press and 18 Media Organizations*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff/Counter-Defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant/Counter-Claimant.* | Case No. 4:20-cv-05640 <br><br> **UNOPPOSED ADMINISTRATIVE MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND 18 MEDIA ORGANIZATIONS FOR TRIAL ACCESS** <br><br> Judge: Hon. Yvonne Gonzalez Rogers |

The Reporters Committee for Freedom of the Press (the "Reporters Committee"), The Associated Press, The Atlantic Monthly Group LLC, Bloomberg L.P., The Center for Investigative Reporting (d/b/a Reveal), Dow Jones & Company, Inc., The E.W. Scripps Company, Gannett Co., Inc., The Information, KPIX-TV, MLex, National Journal Group LLC, National Press Club Journalism Institute, The National Press Club, The New York Times Company, POLITICO LLC, The Seattle Times Company, TEGNA Inc., and Vox Media, LLC (collectively, the "Media Coalition"), by and through undersigned counsel, hereby respectfully request access—in addition to telephonic access—for members of the news media to the bench trial scheduled to commence in the above-captioned matter on May 3, 2021.[1]

Specifically, the Media Coalition requests the following: (i) the designation of an overflow room within the Ronald V. Dellums Federal Building & United States Courthouse where a designated number of pre-authorized members of the news media can view the proceedings via closed-circuit broadcast and/or the designation of at least one seat in the courtroom for a pre-authorized pool reporter; and/or (ii) press and public access to the proceedings via Zoom. Further, the Media Coalition requests an order providing for the electronic distribution of exhibits used at trial as—or soon as practicable after—those exhibits are entered into evidence.

The trial in the above-captioned case, which is scheduled to begin May 3, 2021, is a matter of significant public interest. Indeed, it has already generated considerable news media coverage. *See, e.g.*, Emily Birnbaum and Alexandra S. Levine, *Apple and Epic Draw Battle Lines*, POLITICO (Apr. 9, 2021),

---

[1] As set forth in more detail in the concurrently filed Declaration of Katie Townsend, neither Epic Games, Inc. nor Apple Inc. opposes this Motion. Theodore J. Boutrous, Jr. of the law firm of Gibson Dunn & Crutcher LLP—one of the attorneys representing Defendant/Counter-Claimant in this case—is a member of the Reporters Committee's Steering Committee. Undersigned counsel represents that, consistent with the Reporters Committee's ordinary practices, Mr. Boutrous has had no role on behalf of the Media Coalition in connection with this Motion.

https://perma.cc/YG87-XX6U; Russell Brandom, *Three Questions that Will Decide Epic v. Apple*, The Verge (Apr. 8, 2021), https://bit.ly/3a9OZXX.  And, but for the ongoing COVID-19 pandemic, members of the news media would be able to attend and cover the trial in person.

The COVID-19 safety protocols in the Northern District of California restrict access to the courthouse to only those "persons who have been authorized by a judge or the Clerk of Court"; those protocols state that "[m]embers of the press and public may access proceedings by teleconference or videoconference only."  Safety Protocols for Northern District of California Courthouses (Updated October 1, 2020), U.S. District Court Northern District of California, https://perma.cc/9XAN-XJJ3.[2]

While the Media Coalition is mindful of the health and safety reasons for restricting access to the courthouse during the COVID-19 pandemic, such restrictions on the public's presumptive right to observe a civil trial must be no broader than necessary "to preserve higher values[,]" *Courthouse News Serv. v. Planet*, 750 F.3d 776, 793 n.9 (9th Cir. 2014), and should take into account the news media's ability to "function as surrogates for the public." *Richmond Newspapers v. Virginia*, 448 U.S. 555, 572–73 (1980).  Indeed, "[w]hile media representatives enjoy the same right of access as the public, they often are provided special seating and priority of entry so that they may report what people in attendance have seen and heard." *Id.*

Both public health considerations and the public's interest in access can be fully accommodated by pre-authorizing a designated number of journalists to enter the courthouse and designating an overflow room in which they can observe the proceedings via closed-circuit broadcast.  If not logistically feasible, the Media Coalition respectfully requests that the Court permit at least one designated pool

---

[2] *See also* N.D. Cal. General Order No. 73 (Amended May 21, 2020); Notice Regarding Press and Public Access to Court Hearings; Information on Observing Court Proceedings Held by Videoconference (last visited Apr. 13, 2021), https://perma.cc/K33H-4LJL.

reporter to attend proceedings, in person, each day of the trial.

In addition, or alternatively, the Media Coalition requests permission to observe the proceedings via Zoom. The Court has confirmed that it will be conducting at least portions of the trial via Zoom. *See* ECF No. 371 at 1–2; ECF 439 (quoting Mar. 1, 2021 Hrg. Tr. At 14:25–15:6). And, as such, the Court may provide a non-participant link to those Zoom proceedings for use by members of the news media and public. *See, e.g.*, Clerk's Notice Setting In-Courtroom Zoom Hearing, United States v. Nikulin, No. 16-cr-00440 (N.D. Cal. Jul. 1, 2020), ECF No. 241.

The Media Coalition is aware of the Court's statements that guidance by the Administrative Office of the United States Courts indicates that it is prohibited from offering press or public access to trial proceedings via Zoom. *See* ECF 439 ("'While Zoom has allowed us to provide access over and beyond what we have ever done . . . I cannot and, in fact, am not allowed to do that by the Administrative Office of the courts for purposes of evidentiary hearings, including trials.'") (quoting Mar. 1, 2021 Hrg. Tr. at 15:22–16–7); ECF No. 371 at 1 ("video access is not an option for evidentiary proceedings including trials."). However, the Media Coalition respectfully submits that the publicly available guidance from the Administrative Office does not preclude the Court from providing audiovisual access to civil evidentiary hearings or trials via Zoom.[3] And, in the months since that guidance was

---

[3] *See* United States Courts, *Judiciary Authorizes Video/Audio Access During Covid-19 Pandemic* (March 31, 2020), https://perma.cc/ANY4-4C5E ("[The Judicial Conference] . . . approved a temporary exception to the Conference broadcast/cameras policy to allow a judge to authorize the use of teleconferencing to provide the public and media audio access to court proceedings."). That Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") expressly addresses videoconferencing and teleconferencing for certain criminal proceedings—a necessity in light of the prohibitions found in Federal Rule of Criminal Procedure 53—should not be interpreted as a prohibition on the use of videoconferencing technology to provide public access to civil proceedings.

put into place, district courts conducting civil proceedings have provided press and public audiovisual access via Zoom.  *See, e.g.*, Notice Regarding Hearing via Zoom, *Hartford Courant Company, LLC v. Carroll*, No. 3:19-cv-01951-MPS (D. Conn. July 15, 2020) (providing public Zoom link to preliminary injunction hearing); Clerk's Notice Setting Zoom Hearing, *Perry v. Schwarzenegger*, No. 09-cv-02292-WHO (N.D. Cal. July 9, 2020) (providing public Zoom link to hearing).[4]

Finally, in addition, in order to facilitate the ability of members of the press to report on the proceedings as fully as possible, the Media Coalition respectfully requests that the Court enter an order providing for exhibits to be made electronically available to the press as they are entered at trial, or as soon thereafter as is reasonably possible.  *See, e.g.*, Order for the Parties to Accommodate the Press, The Apple iPod iTunes Antitrust Litigation, No. 05-cv-0037 (N.D. Cal. Dec. 4, 2014), ECF No. 951 ("To accommodate the press, counsel shall please place five copies of each admitted exhibit on the designated table outside of Courtroom 1 after trial adjourns each day, either in paper form or on five USB flash drives.").

In sum, the Media Coalition respectfully requests the Court enter an order providing additional access, as outlined above, for members of the news media to the trial set to begin on May 3.  Counsel for the Media Coalition is willing to work with counsel for the parties to efficiently facilitate any such access the Court permits.

---

[4] To the extent the Court views audiovisual access via Zoom as being outside the scope of what is permissible under emergency COVID-19 access provisions, the Media Coalition respectfully requests that the Court consider a request for an audiovisual livestream of the trial under the auspices of the Cameras in the Courtroom Pilot Project.  *See* Northern District of California, *Camera Pilot Guidelines* (last visited Apr. 13, 2021), https://perma.cc/2J4D-VAR9; *see also* Northern District of California, *Cameras in the Court Room* at 1.c (Revised Sept. 15, 2016) https://perma.cc/H6VG-EME8.

Dated: April 16, 2021

/s/ Katie Townsend
Katie Townsend
REPORTERS COMMITTEE
 FOR FREEDOM OF THE PRESS
1156 15th St. NW, Ste. 1020
Washington, D.C. 20005
Telephone: (202) 795-9303
Email: ktownsend@rcfp.org

*Counsel for the Reporters Committee for Freedom of the Press and 18 Media Organizations*