UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br> Plaintiff, <br> vs. <br> APPLE INC., <br> Defendant. <br> APPLE INC., <br> Counterclaimant, <br> v. <br> EPIC GAMES, INC., <br> Counter-Defendant. | Case No. 4:20-cv-05640-YGR <br><br> **PRETRIAL ORDER NO. 4** <br><br> Dkt. Nos. 439, 441, 452, 457, 465 |

TO ALL PARTIES AND COUNSEL OF RECORD:

On Wednesday, April 20, 2021, the Court held a regularly-scheduled pretrial conference. Considering the parties' requests and arguments, and good cause appearing, the Court issues the orders set forth below which also includes some post-conference updates.

1. **PUBLIC ACCESS**

The Court is in receipt of two motions for access to the trial: one from the Class Plaintiffs in the related actions, 4:11-cv-06714-YGR and 4:19-cv-03074-YGR (Dkt. No. 439), and one from The Reporters Committee for Freedom of the Press and 18 Media Organizations ("Media") (Dkt.

1  No. 457).  As explained during the conference, the Court is not allowed to live stream or provide
2  live video access to the parties or to the public for live testimony such as trials.  For health and
3  public safety issues, the Zoom platform will be used to accommodate the one or two witnesses
4  who may have to testify remotely and to provide audio access to the public and any
5  parties/attorneys who are not in the courtroom due to in-person limits.  Thus, the Class Plaintiffs'
6  claims that the parties will have video access was not properly informed.

The Court has been working on ways to provide as much access as is reasonably possible understanding the interest in the proceedings. However, for public health and safety reasons, the Northern District has instituted protocols in all courthouses which control proceedings open to the public, and all are being considered in totality.

At this juncture, the Court can **ORDER** the following:

First, the Court **GRANTS** the requests of the Media and the Class Plaintiffs, and allocates **two seats** in the courtroom to be used by two pre-authorized pool reporters and **one seat** by the attorneys for the Class Plaintiffs.  The Media shall meet and confer amongst themselves to determine the manner in which the pool reporters shall be selected and shall provide the Court with its proposed protocol by Friday, April 23, 2021.  Similarly, the attorneys for the Class Plaintiffs shall meet and confer amongst themselves to determine the manner in which the pool reporters shall be selected and shall provide the Court with its proposed protocol by Friday, April 23, 2021.

Second, the Court orders a specific telephone line for media specifically and for the attorneys for the Class Plaintiffs to ensure that they have access to the audio.  To access this telephone line, requests should be submitted through the following online form by Thursday, April 29, 2021: https://www.surveymonkey.com/r/Epic-Apple which link shall be publicized on the Court's website.

Third, the Court authorizes one or more high volume telephone lines for the public at large. These telephone lines will be publicized in advance of the trial on the Court's website at either https://www.cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/ or https://cand.uscourts.gov/epic-games-inc-v-apple-inc/.

Fourth, pursuant to the parties' recommendation (Dkt. No. 459), the parties shall jointly arrange and maintain a repository at a third-party file sharing service (*e.g.*, Box) for admitted trial exhibits. The repository shall be publicly accessible through a link that may be published by the Court and distributed by the parties. After an exhibit is admitted into the record, the party introducing such exhibit shall upload the exhibit to the repository, and each party shall, after the close of trial each day, upload all exhibits admitted on or demonstratives used during that trial day by no later than 5:00 p.m. The parties may redact from the exhibits any specific information that has been sealed by the Court and any sensitive personal information that a party or witness has requested to redact (*e.g.*, home addresses or telephone numbers). Any concerns with respect to the latter may be brought to the attention of the Court. By no later than Wednesday, April 28, 2021, the parties shall provide the Court with the link so that it can be prepared to publish the same.

Finally, the parties and their attorneys will be allowed to access the audio of the trial through the Zoom link so that they can hear any sealed proceedings and not encumber one of the telephone lines.

**2. STIPULATIONS**

The Court accepts the following stipulations of the parties:

a. Epic Games shall present an opening statement followed by Apple.

b. To the extent that the parties play a witness's deposition designations at trial, all portions of the testimony designated by any party will be played at the same time, including the parties' affirmative designations, counter-designations, and counters to counter-designations. All designated testimony will be introduced in the sequence in which the testimony was originally given.

c. Pursuant to Federal Rule of Evidence 615, each fact witness is excluded from the courtroom until each is excused. This order shall apply to any fact witness listed on either party's witness list until the witness has completed giving his or her testimony during a party's case-in-chief and is excused by the Court, unless otherwise ordered. While a fact witness is excluded from the courtroom, the witness shall be prohibited from reading any portion of any trial transcript or

any other material documenting any witness's testimony, and an excluded witness also shall not remotely listen to any trial proceedings (including through the Zoom platform or by any other means). However, this exclusion order shall not apply to expert witnesses or to the officer or employee who will serve as the designated representative of the corporate party. The Court understands those individuals to be Timothy Sweeney for Epic Games and Philip Schiller for Apple.

    d. The Parties shall file witness lists with updated "will" and "may" call status on April 26, 2021.

    e. The parties have submitted a Stipulation and Proposed Order Concerning Objections to Deposition Testimony to address the hiring retired Magistrate Judge Elizabeth LaPorte to resolve their designation disputes. (Dkt. No. 465.) The stipulation is approved and the Motion to Appoint Special Master is withdrawn. (Dkt. No. 441.)

### 3. DEPOSITION DESIGNATIONS

The parties may substitute trial time for additional deposition designations during the course of the trial beyond the 4-hour limit which the Court agreed to read in advance.

The parties may jointly stipulate to the admission of exhibits that are referenced in the deposition designations.

### 4. EXPERTS

In terms of presenting expert testimony, back-to-back, the Court will allow that testimony to focus on the economic experts, namely, David Evans, Susan Athey, and Michael Cragg for Epic Games and Richard Schmalensee, Lorin Hitt, and Francine LaFontaine for Apple.

### 5. UPDATING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court will provide another 24 hours for the updating of the proposed findings of fact and conclusions of law. These will be due 48 hours from the close of evidence for the day and shall be sent to the chambers email.

6. **ADDITIONAL DOCUMENTS**

The parties have agreed to provide the Court with a list of terms and acronyms. The Court would also appreciate an editable version of the parties' most current version of the witness lists.

This Order terminates Docket Numbers 439, 441, 452, 457, and 465.

**IT IS SO ORDERED.**

Dated: April 21, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**