THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL DX-3891** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Defendant Apple Inc. ("Apple") moves the Court to seal DX-3891. DX-3891, included on Apple's exhibit list to the Court, Dkt. 481 at 85, is an agreement between Apple and PayPal, Inc. ("PayPal") dated July 6, 2017. Pursuant to the agreement, Apple must make reasonable efforts to maintain the confidentiality of the agreement. Apple accordingly has advised PayPal that the exhibit may be admitted at trial, and is filing this provisional motion to seal so that PayPal may submit a declaration in support of sealing within four days pursuant to Local Rule 79-5(e).

When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

This motion is filed pursuant to Local Rule 79-5(e), as the document contains the confidential information of PayPal. Apple is filing this provisional motion to seal to permit PayPal the opportunity to file a declaration in support of sealing the document within four days, should it choose to do so.

Dated:  April 26, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
Rachel S. Brass

Attorney for Defendant Apple Inc.