THEODORE J. BOUTROUS JR., SBN 132099
    tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
    rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
    jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
    vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
    mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
    edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
    elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　Plaintiff, Counter-defendant<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Defendant Apple Inc. ("Apple") moves the Court to partially seal the written direct testimony of its experts. Apple respectfully requests that the Court seal non-public financial information. Apple's proposed redactions of that information are highlighted in yellow in the attached unredacted versions. In addition, Apple has provisionally redacted information designated as confidential by Epic and third parties, after meeting and conferring with these parties. *See* Local Rule 79-5(e). Provisional proposed redactions of Epic or third party information is highlighted in blue in the attached unredacted versions.

## LEGAL STANDARD

When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## DISCUSSION

Here, Apple has narrowly tailored its sealing request. It seeks only to seal non-public financial information.

**A.    The Court Should Grant Apple's Request As To Non-Public Financial Information**

Apple asks the Court to seal specific non-public financial information. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage

in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

Apple has narrowly tailored its specific sealing requests, focusing only on non-public financial information that could be of interest to its competitors. In particular, Apple seeks to seal information about internal Apple calculations of the App Store's market share, as well as about the total revenue generated by the App Store. *See* Written Direct Testimony of Lorin M. Hitt, Ph.D ("Hitt Direct") ¶ 117, Figure 27; Written Direct Testimony of Richard Schmalensee, Ph.D ("Schmalensee Direct") ¶ 170. It also seeks to seal information revealing what portion of that revenue is generated by particular apps or categories of apps. *See* Hitt Direct ¶ 117, Figure 22. Disclosure of this information about the inner workings of the App Store would give Apple's competitors an unfair insight into Apple's business model and strategy, putting Apple at a competitive disadvantage. It would also undermine Apple's business relationship with its developer partners who trust that Apple will keep their private financial information confidential. Likewise, Apple seeks to seal information about a 2018 industry survey that it commissioned to evaluate the behavior of gamers on the App Store and other platforms. *See* Hitt Direct ¶ 61. Releasing this information to the public would provide competitors with unfair visibility into Apple's process for making financial decisions or other business decisions.

Based on similar concerns regarding the creation of an unfair field of competition, Apple seeks to shield from public disclosure an estimate made by Epic's expert Dr. Evans of how much Apple could

have allegedly increased the App Store's profits by raising prices. *See* Schmalensee Direct ¶ 95. Dr. Evans's calculation is based on nonpublic App Store transaction data. Disclosure of his purported estimate could allow savvy readers to reverse-engineer information that Apple works hard to keep confidential, such as the number of iOS users who spend on IAP. Competitors who learn of this information would gain a competitive advantage over Apple. Dr. Evans's estimate also relies on survey data that may be unreliable. Thus, disclosure of his estimate presents a risk of disrupting the orderly release of audited Apple financial statements and injecting needless volatility into Apple's stock price, and in turn, market indices, including the S&P 500.

Finally, Apple also seeks to seal information about how many iOS devices were sold from 2009 to 2019. *See* Hitt Direct ¶ 187, Figure 47. Apple does not provide—and is not required to provide, under the applicable statutes and regulations—this information to the public. Disclosure of this information would cause Apple economic harm and allow Apple's competitors to gain knowledge of Apple's internal business operations that they would not have been able to access in the ordinary course of business.

**B.  Apple Takes No Position On The Information Designated As Confidential By Epic Or Third Parties**

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party. The parties have met and conferred in good faith to de-designate as much information as possible. The written direct testimony of Apple's experts includes information designated by Epic or third parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order entered in this case. Apple takes no position on whether the information meets the standard for sealing at this time, but is filing the designated information under seal pursuant to the protective order and the Local Rules. Pursuant to Local Rule 79-5(e)(1), Epic and any third parties have four days to file a declaration establishing that the material is "sealable" (as defined in Local Rule 79-5(b)).

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

|   |   |
|---|---|
| Dated: April 27, 2021 | Respectfully submitted, |
|   | GIBSON, DUNN & CRUTCHER LLP |
|   | By: */s/ Rachel S. Brass* |
|   |     Rachel S. Brass |
|   | Attorney for Defendant Apple Inc. |