THEODORE J. BOUTROUS JR., SBN 132099
   tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
   rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
   jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
   vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
   mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
   crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
   edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
   elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant,<br>        Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Partially Seal Expert Written Direct Testimony.

2. When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-CV-05640-YGR

4. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed its expert written directs and now proposes only those redactions that are essential.

6. Specifically, Apple seeks only to seal information about non-public financial information. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). It would give Apple's competition confidential information about Apple's business model and strategy. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

7. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

8. Specifically, Apple seeks to seal certain financial and business information about the App Store, such as information about internal Apple calculations of the App Store's market share, as well as about the total revenue generated by the App Store. *See* Written Direct Testimony of Lorin M. Hitt, Ph.D ("Hitt Direct") ¶ 117, Figure 27; Written Direct Testimony of Richard Schmalensee, Ph.D ("Schmalensee Direct") ¶ 170. It also seeks to seal information revealing what portion of that revenue is generated by particular apps or categories of apps. *See* Hitt Direct ¶ 117, Figure 22. Disclosure of this information about the inner workings of the App Store would give Apple's competitors an unfair insight into Apple's business model and strategy, putting Apple at a competitive disadvantage. It would

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-CV-05640-YGR

also undermine Apple's business relationship with its developer partners who trust that Apple will keep their private financial information confidential. Likewise, Apple seeks to seal information about a 2018 industry survey that it commissioned to evaluate the behavior of gamers on the App Store and other platforms. *See* Hitt Direct ¶ 61. Releasing this information to the public would provide competitors with unfair visibility into Apple's process for making financial decisions or other business decisions.

9. Based on similar concerns regarding the creation of an unfair field of competition, Apple seeks to shield from public disclosure an estimate made by Epic's expert Dr. Evans of how much Apple could have allegedly increased the App Store's profits by raising prices. *See* Schmalensee Direct ¶ 95. Dr. Evans's calculation is based on nonpublic App Store transaction data. Disclosure of his purported estimate could allow savvy readers to reverse-engineer information that Apple works hard to keep confidential, such as the number of iOS users who spend on IAP. Competitors who learn of this information would gain a competitive advantage over Apple. Dr. Evans's estimate also relies on survey data that may be unreliable. Thus, disclosure of his estimate presents a risk of disrupting the orderly release of audited Apple financial statements and injecting needless volatility into Apple's stock price, and in turn, market indices, including the S&P 500.

10. Finally, Apple also seeks to seal information about how many iOS devices were sold from 2009 to 2019. *See* Hitt Direct ¶ 187, Figure 47. Apple does not provide—and is not required to provide, under the applicable statutes and regulations—this information to the public. Disclosure of this information would cause Apple economic harm and allow Apple's competitors to gain knowledge of Apple's internal business operations that they would not have been able to access in the ordinary course of business.

11. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in narrowing the amount of designated confidential material and consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential. The redacted versions of the written direct testimony of Apple's experts reflect the results of that negotiation.

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-CV-05640-YGR

12. Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein, highlighted in yellow in the attached unredacted versions.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction |
|---|---|
| Hitt ¶ 61 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Hitt ¶ 117 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Hitt ¶ 187 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Hitt Figure 22 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Hitt Figure 27 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Hitt Figure 47 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Schmalensee ¶ 95 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |
| Schmalensee ¶ 170 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage. |

13. Pursuant to Local Rule 79-5(e), below is a list reflecting the information designated by other parties as confidential, on which Apple takes no position, highlighted in blue in the attached unredacted version:

| Document or Portion of Document Sought to be Sealed | Reason for Redaction |
|---|---|
| Hitt ¶ 28 | Epic or Third Party Designation |
| Hitt ¶ 29 | Epic or Third Party Designation |
| Hitt Figure 2 | Epic or Third Party Designation |

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-CV-05640-YGR

| | |
|---|---|
| Hitt ¶ 33 | Epic or Third Party Designation |
| Hitt Figure 4 | Epic or Third Party Designation |
| Hitt Figure 5 | Epic or Third Party Designation |
| Hitt ¶ 102 | Epic or Third Party Designation |
| Hitt Figure 22 | Epic or Third Party Designation |
| Hitt Figure 23 | Epic or Third Party Designation |
| Hitt ¶ 103 | Epic or Third Party Designation |
| Hitt Figure 24 | Epic or Third Party Designation |
| Hitt ¶ 104 | Epic or Third Party Designation |
| Hitt Figure 25 | Epic or Third Party Designation |
| Hitt ¶ 105 | Epic or Third Party Designation |
| Hitt ¶ 112 | Epic or Third Party Designation |
| Hitt Figure 28 | Epic or Third Party Designation |
| Hitt ¶ 114 | Epic or Third Party Designation |
| Hitt ¶ 115 | Epic or Third Party Designation |
| Hitt ¶ 147 | Epic or Third Party Designation |
| Hitt ¶ 147 | Epic or Third Party Designation |
| Hitt ¶ 163 | Epic or Third Party Designation |
| Hitt ¶ 164 | Epic or Third Party Designation |
| Hitt Figure 37 | Epic or Third Party Designation |
| Hitt ¶ 184 | Epic or Third Party Designation |
| Hitt Figure 46 | Epic or Third Party Designation |
| Hitt ¶ 209 | Epic or Third Party Designation |
| Hitt ¶ 210 | Epic or Third Party Designation |
| Hitt ¶ 211 | Epic or Third Party Designation |

Gibson, Dunn & Crutcher LLP

5
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-CV-05640-YGR

| | |
|---|---|
| Hitt ¶ 213 | Epic or Third Party Designation |
| Hitt ¶ 255 | Epic or Third Party Designation |
| Hitt ¶ 256 | Epic or Third Party Designation |
| Hitt ¶ 260 | Epic or Third Party Designation |
| Lafontaine ¶ 38 | Epic or Third Party Designation |
| Lafontaine ¶ 40 | Epic or Third Party Designation |
| Lafontaine ¶ 100 | Epic or Third Party Designation |
| Rubin ¶ 57 | Epic or Third Party Designation |
| Rubin ¶ 129 | Epic or Third Party Designation |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 27, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

6
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY, 4:20-CV-05640-YGR