Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.8444
EDettmer@gibsondunn.com

Client: 03290-00123

CONFIDENTIAL

February 10, 2021

VIA EMAIL

Rachele R. Byrd
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101

Ben Siegel
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Ste. 202
Berkeley, CA 94710

Lauren Moskowitz
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475

Re:   In re Apple iPhone Antitrust Litigation, Case No. 4:11-cv-06714-YGR (N.D. Cal.); Cameron v. Apple Inc., Case No. 4:19-cv-03074-YGR (N.D. Cal.); Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Counsel:

    I am writing on behalf of Defendant Apple Inc. ("Apple") to provide notice of the inadvertent production of thirteen documents and to request a clawback of those documents.

    The aforementioned documents are completely privileged and were produced with the Bates numbers APL-EG_01264893, APL-EG_01264909, APL-EG_01264918, APL-EG_01265124, APL-EG_01265181, APL-EG_01265190, APL-EG_01265192, APL-EG_01265194, APL-EG_01265206, and APL-EG_01265209 in Production Volume APL-EG_007, which were produced on January 21, 2021, and Bates numbers APL-EG_01473841, APL-EG_01473842, and APL-EG_01473843 in Production Volume APL-EG_008, which were produced on January 24, 2021.

    Pursuant to Section 12.2 of the January 21, 2021 Stipulated Amended Protective Order entered in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.), and the Stipulation between Epic Games, Inc. and Apple Inc. and Amended Protective Order, entered

# GIBSON DUNN

Rachele R. Byrd
Ben Siegel
Lauren Moskowitz
February 10, 2021
Page 2

on January 21, 2021 by the Court in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.) (collectively, the "Protective Orders") and Federal Rule of Evidence 502, Apple hereby provides notice that these documents are protected by the attorney-client privilege and/or work product doctrine and were inadvertently produced to Plaintiffs.

  The documents identified above constitute internal documents reflecting confidential legal advice from Apple's in-house counsel in connection with Apple's strategic decision to create the Small Business Program, the impact and risks of the Small Business Program, and the structure of the Small Business Program, including the commission rate and developer eligibility, as well as Apple's communications with the press, the government, and developers regarding the launch of the Small Business Program.  Additionally, these documents reflect collections, compilations, and analyses of certain metrics related to developers, apps, and the App Store prepared at the direction of Apple's in-house counsel that counsel relied upon to inform counsel's understanding of the facts in providing legal advice on the topics described above.

  During the course of reviewing and preparing Apple's production of documents, these documents were inadvertently marked for production instead of being marked completely privileged, and thus were inadvertently produced to Plaintiffs.  Apple discovered the inadvertent production of these documents during preparation for various fact witness depositions.  Apple now promptly provides notice to clawback the aforementioned documents.

  Pursuant to the Protective Orders entered in this litigation, Federal Rule of Evidence 502(b), and this notification letter, Apple maintains that its inadvertent disclosure of these documents does not operate as a waiver of the attorney-client privilege or work product doctrine as to these documents or related topics.  Apple hereby requests that Plaintiffs promptly return, sequester, or destroy all physical and electronic versions of these documents, make no further use or disclosure of these documents, and take reasonable steps to retrieve these documents if they have been disclosed to any third party.

Sincerely,

Ethan Dettmer