# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.8444
EDettmer@gibsondunn.com

Client: 03290-00123

CONFIDENTIAL

March 1, 2021

VIA EMAIL

Rachele R. Byrd
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101

Ben Siegel
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Ste. 202
Berkeley, CA 94710

Lauren Moskowitz
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475

Re: In re Apple iPhone Antitrust Litigation, Case No. 4:11-cv-06714-YGR (N.D. Cal.); Cameron v. Apple Inc., Case No. 4:19-cv-03074-YGR (N.D. Cal.); Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Counsel:

I am writing on behalf of Defendant Apple Inc. ("Apple") in response to your letters dated February 20, 2021 and February 26, 2021 challenging Apple's clawback of the following thirteen documents on February 10, 2021:

- APL-EG_01264893
- APL-EG_01264909
- APL-EG_01264918
- APL-EG_01265124
- APL-EG_01265181
- APL-EG_01265190
- APL-EG_01265192
- APL-EG_01265194
- APL-EG_01265206
- APL-EG_01265209

# GIBSON DUNN

Rachele R. Byrd
Ben Siegel
Lauren Moskowitz
March 1, 2021
Page 2

- APL-EG_01473841
- APL-EG_01473842
- APL-EG_01473843

    Each of these documents is privileged. Each one of them is a confidential internal document that either reflects confidential legal advice from Apple's in-house counsel, Sean Cameron and Jason Cody, or were created at their direction for purposes of providing legal advice regarding Apple's creation and implementation of the Small Business Program, including the legal impact and risks of implementing that program. In particular, Mr. Cameron and Mr. Cody reviewed, revised, and/or relied on these thirteen documents, and requested the creation of many of them, for the purposes of providing legal advice about, among other things, potential fraud, data privacy, competition, false advertising, and contract issues implicated by Apple's development of the Small Business Program. Accordingly, each of these documents is entirely privileged.

    Pursuant to the January 21, 2021 Stipulated Amended Protective Order entered in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (N.D. Cal.), and the Stipulation between Epic Games, Inc. and Apple Inc. and Amended Protective Order, entered on January 21, 2021 by the Court in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.), Federal Rule of Evidence 502(b), Apple's February 10, 2021 notification letter, and this letter, these documents are protected by the attorney-client privilege and/or work product doctrine, and were inadvertently produced to Plaintiffs. Apple reiterates that such inadvertent disclosure of these documents does not operate as a waiver of the attorney-client privilege or work product doctrine as to these documents or related topics.

Sincerely,

*[signature]*

Ethan Dettmer