# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.8444
EDettmer@gibsondunn.com

Client: 03290-00123

CONFIDENTIAL

March 15, 2021

VIA EMAIL

Rachele R. Byrd
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101

Ben Siegel
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Ste. 202
Berkeley, CA 94710

Lauren Moskowitz
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475

Re:   In re Apple iPhone Antitrust Litigation, Case No. 4:11-cv-06714-YGR (N.D. Cal.); Cameron v. Apple Inc., Case No. 4:19-cv-03074-YGR (N.D. Cal.); Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR (N.D. Cal.)

Dear Counsel:

I am writing on behalf of Defendant Apple Inc. ("Apple") following up on our March 10, 2021 meet and confer regarding your challenge to Apple's clawback of the following thirteen documents on February 10, 2021:

- APL-EG_01264893
- APL-EG_01264909
- APL-EG_01264918
- APL-EG_01265124
- APL-EG_01265181
- APL-EG_01265190
- APL-EG_01265192
- APL-EG_01265194
- APL-EG_01265206
- APL-EG_01265209

# GIBSON DUNN

Rachele R. Byrd
Ben Siegel
Lauren Moskowitz
March 15, 2021
Page 2

- APL-EG_01473841
- APL-EG_01473842
- APL-EG_01473843

    As I explained during that call, from the outset, Apple in-house counsel Sean Cameron and Jason Cody were heavily involved in the development of the Small Business Program in order to provide legal advice regarding a range of potential legal risks and issues implicated by the program, including (but not limited to) competition, false advertising, data privacy, anti-money laundering, and fraud. They did so by reviewing and revising documents stored in a shared folder on Box owned by Mr. Cameron and titled "Privileged and Confidential App Store Concept Attorney Work Product." Accordingly, with the exception of one document,[1] all of these documents are privileged in their entirety, and the arguments you set out during our call do not change Apple's position.

    Regarding draft presentations (APL-EG_01264918, APL-EG_01264909, APL-EG_01264893), memoranda and analyses (APL-EG_01265181, APL-EG_01265194, APL-EG_01265192), and scripts (APL-EG_01265209, APL-EG_01265206), you cite no case law for your contention that drafts are only privileged if an attorney's edits or comments are visible (whether through track changes or otherwise), and we have been unable to find any. Instead, courts focus on whether the *purpose* of sending the draft to the attorney was for the provision of legal advice. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("The fact that a document may be prepared for a business purpose does not preclude it from being privileged if it is sent to an attorney for the purpose of receiving legal advice relating to that document."). This is in contrast to when a draft is sent to an attorney for the attorney's file or information, or where an attorney is merely copied in connection with a more general discussion. *Id.* As we discussed on our phone call, the documents at issue here are in the former category, not the latter—Apple's in-house counsel worked hand-in-hand with Apple's business employees, and at their request, to ensure that the Small Business Program complied with the law, and to reduce or eliminate various legal risks. As such, each of these drafts is privileged.

    Regarding compendiums of raw data created at the request of counsel (APL-EG_01473841, APL-EG_01473842, APL-EG_01473843), as well as a key to that data (APL-EG_01265190), the Ninth Circuit recognizes that "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *United States*

---

[1] Apple agrees to re-produce APL-EG_01265124 in redacted form.

# GIBSON DUNN

Rachele R. Byrd
Ben Siegel
Lauren Moskowitz
March 15, 2021
Page 3

*v. Rowe*, 96 F.3d 1294, 1296–97 (9th Cir. 1996).  That is precisely what happened here.  These compendiums do not exist in the ordinary course of business at Apple; rather, Apple's in-house counsel directed Apple employees to create certain compendiums of raw data in order to assist counsel in providing legal advice regarding potential legal risks implicated by the Small Business Program.  It is simply not true that the underlying facts or data sent to an attorney can never be protected as privileged.  Again, one must look to the underlying purpose of collecting those facts.  If that purpose is to assist and inform counsel in giving legal advice, the privilege applies.  *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514–15 (S.D. Cal. 2003) (finding privileged documents collected from non-employees and relayed to in-house counsel, despite argument that the documents themselves appeared to have been created for a business purpose).

      Finally, while we do not believe motion practice is warranted here, it is worth noting that Mr. Cameron is prepared to submit a declaration attesting to these facts, should you decide to take this issue to the Court.  Thus, should the parties appear before Magistrate Judge Hixson on this issue, Apple will assert far more than a "vague declaration" of privilege, as you assert.

      We hope that this adequately addresses your concerns and that Epic will abandon its challenge to Apple's clawback.  Should you wish to further discuss, we are available to meet and confer on Wednesday, March 17 at 9:30-10:00 a.m., 12:00-12:30 p.m., or 3:30-4:00 p.m. (all times are PST).

Sincerely,

*Ethan Dettmer*

Ethan Dettmer