Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Marc David Peters (State Bar No. 211725)
mdpeters@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Non-Party NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant/Counterclaimant. | Case No. 4:20-CV-05640-YGR <br><br> **NON-PARTY NVIDIA'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS AND TESTIMONY** |

Pursuant to Civil Local Rules 7-11 and 79-5, NVIDIA Corporation hereby brings this administrative motion for an order to seal portions of trial exhibits and testimony.

NVIDIA Corporation is not a party to this lawsuit. But the parties—Epic Games and Apple—seek to introduce highly confidential information regarding NVIDIA's GeForce NOW cloud gaming service at their trial, both through NVIDIA documents serving as trial exhibits and the testimony of NVIDIA Director of Product Management Aashish Patel, who works on GeForce NOW. NVIDIA does not seek broad sealing for its documents and this testimony. Instead, it seeks to seal only the most competitively sensitive information, such as specific numbers regarding NVIDIA's costs, server capacities, and user base, as well as future plans (*e.g.*, pricing plans) that have not yet been publicly announced. Public disclosure of such detailed information would harm NVIDIA and allow its current and potential competitors to gain an unfair advantage in the marketplace, particularly given the early stage of the cloud gaming market.

## I. RELIEF REQUESTED

NVIDIA requests an order granting NVIDIA's motion to seal the portions of the following trial exhibits identified by the parties (Epic Games and Apple):

| Document | Portions to be filed under seal | Entity Claiming Confidentiality |
|---|---|---|
| PX-2480/DX-3554 | Pages 3-4 and 6-10 | Non-party NVIDIA |
| PX-0729 | Pages 2-9 | Non-party NVIDIA |
| PX-0728 | Page 1 | Non-party NVIDIA |

NVIDIA further requests that any portions of Mr. Patel's trial testimony addressing highly confidential information, such as regarding NVIDIA's non-public future plans or specific numbers regarding GeForce NOW costs, server capacities, user base, and future pricing, also be protected from public disclosure. NVIDIA will work with the parties to ensure that such confidential testimony can be elicited in as streamlined a manner as possible.

## II. NVIDIA'S NON-PUBLIC INFORMATION IS PROPERLY SEALABLE UNDER THE "COMPELLING REASONS" STANDARD

Protecting highly sensitive trade secrets is regularly found to meet the compelling reasons

standard applicable to a motion to seal information presented at trial. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. . . . For example, the common law right of inspection has bowed before the power of a court to insure that its records are not . . . sources of business information that might harm a litigant's competitive standing.") (citations omitted). Information may be sealed so long as the party seeking to seal provides "compelling reasons," supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-1179. Compelling reasons "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or *release trade secrets*." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598) (emphasis added); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law) (reversing the district court and ordering sealed "market research reports [that] contain information that Apple's competitors could not obtain anywhere else"); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("publication of materials that could result in infringement upon trade secrets has long been a factor that would overcome" presumption of public access). The most commonly accepted definition of trade secrets, which the Ninth Circuit has applied in the sealing context, is found in comment (b) to section 757 of the first Restatement of Torts. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008). The Restatement defines a "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757, cmt. b (1939).

Courts within the Ninth Circuit regularly find compelling reasons to seal documents containing valuable, competitive business information, because such information is a trade secret under the Restatement. For example, in *Electronic Arts*, the Ninth Circuit reversed a district court's denial of a request to seal "pricing terms, royalty rates, and guaranteed minimum payment terms found in a license agreement which were plainly within the definition of 'trade secrets.'" *In re Elec. Arts*, 298 Fed. App'x. at 569-70; *see also, e.g.*, *Apple v. Samsung*, 727 F.3d at 1222.

Similarly, courts have found compelling reasons to seal non-public information regarding pricing strategy, business decision-making, and financial records, because these also constitute trade secrets, and would expose the owner to competitive harm if disclosed. *Rodman v. Safeway, Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014); *see, e.g.*, *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "highly confidential and sensitive information relating to Cisco's financial information and internal development strategies" and "highly confidential and sensitive information relating to Arista's financial and customer information"); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."); *Transperfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590-CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (sealing "confidential financial and marketing information"); *see also, e.g.*, *McDonnell v. Southwest Airlines Co.*, 292 F. App'x 679, 680 (9th Cir. 2008) (holding that "compelling reasons" supported denying public access to "documents contain[ing] trade secrets and confidential procedures and communications").

NVIDIA Corporation is not a party to this lawsuit. The parties—Epic Games and Apple—seek to use NVIDIA's confidential information at their trial. Both served document and deposition subpoenas seeking information about NVIDIA's GeForce NOW cloud gaming service. NVIDIA produced documents to both parties and produced a deposition witness, Mr. Aashish Patel, to answer questions about GeForce NOW. NVIDIA's highly confidential information (whether documentary or testimonial) was appropriately designated pursuant to the Court's protective order.

Epic Games and Apple have now each served trial subpoenas on Mr. Patel, as they would not agree to use his deposition testimony at trial in place of calling him to the stand during a pandemic. And the parties' counsel have informed NVIDIA that they wish to use confidential NVIDIA GeForce NOW documents as trial exhibits and elicit highly confidential testimony from Mr. Patel, such as specific numbers about GeForce NOW costs, server capacities, and user base.

1   From the parties' trial exhibit lists, NVIDIA seeks to redact highly confidential portions of
2   the following three exhibits:
3   PX-2480/DX-3554 is an internal NVIDIA presentation entitled "GFN Review," is dated
4   January 8, 2021, and is attached to the concurrently filed Patel Declaration as Exhibit A.  It was
5   Exhibit No. 203 at Mr. Patel's deposition.  Page 3 contains non-public GeForce NOW subscriber
6   data.  Page 4 contains non-public information regarding NVIDIA's future product plans.  Pages 6-8
7   contain non-public information regarding NVIDIA's GeForce NOW competitive pricing strategy.
8   Page 9 contains non-public GeForce NOW cost data.  Page 10 contains non-public GeForce NOW
9   server capacity planning data.  The information in this presentation is not available to the public and
10  was designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective
11  order when it was produced to the parties.
12  PX-0729 is an internal NVIDIA presentation entitled "GEFORCE NOW Work Week 40
13  KPIs (9/29 Fri – 10/05 Thu)" and is attached to the Patel Declaration as Exhibit B.  It was Exhibit
14  No. PX729 at Mr. Patel's deposition.  Pages 2-4 and 7 contain non-public GeForce NOW subscriber
15  data.  Pages 5-6 contain non-public information regarding a categorization of product launches.
16  Page 8 contains non-public GeForce NOW server capacity data.  Page 9 contains non-public
17  GeForce NOW cost data.  The information in this presentation is not available to the public and was
18  designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective order
19  when it was produced to the parties.
20  PX-0728 is a spreadsheet containing non-public GeForce NOW subscriber data extracted
21  from an internal NVIDIA database and is attached to the Patel Declaration as Exhibit C.  It was
22  Exhibit No. PX728 at Mr. Patel's deposition.  The information in this spreadsheet is not available to
23  the public and was designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the
24  Court's protective order when it was produced to the parties.
25  The subscriber data, pricing strategy, product planning, cost data, and server capacity data
26  and planning information in NVIDIA's internal presentations PX-2480/DX-3554 and PX-0729 and
27  the subscriber data in NVIDIA's spreadsheet PX-0728 meets the compelling reasons standard.
28  *Arista*, 2018 WL 2010622, at *2-3 (sealing "highly confidential and sensitive information relating

to [a party's] financial and customer information"); *Lathrop v. Uber Techs., Inc.*, 2016 WL 9185002, at *2 ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them"); *Rodman*, 2014 WL 12787874, at *2 (sealing non-public information regarding pricing strategy, business decision-making, and financial records); *Transperfect*, 2014 WL 4950082, at *1 (sealing "confidential financial and marketing information").

As set forth in the Declaration of Aashish Patel in support of this motion, disclosing trade-secret information about the specific details of NVIDIA's costs, the capacity of its servers, user statistics, and NVIDIA's future plans and roadmaps to its competitors and the remainder of the public would competitively disadvantage NVIDIA in the nascent game-streaming market. Patel Decl. ¶¶ 3-5, 7. As a result, NVIDIA guards this information as highly confidential and NVIDIA takes measures to maintain the secrecy of such information. Patel Decl. ¶ 6. NVIDIA would face harm from public disclosure of the information identified in PX-2480/DX-3554, PX-0729, and PX-0728 or the same or similarly specific information elicited from Mr. Patel at trial. Patel Decl. ¶ 7.

NVIDIA also asks that, for the same reasons, the Court seal the portions of Mr. Patel's testimony that discloses NVIDIA's non-public future plans or specific, non-public numbers regarding GeForce NOW costs, server capacities, and user base, and prevent its public disclosure. NVIDIA will work with the parties to "cluster" the testimony they seek so that the courtroom need be cleared for the minimum amount of time.

As set forth in the Declaration of Marc David Peters in support of this motion, NVIDIA has met and conferred with the parties' counsel regarding this motion. Peters Decl. ¶ 2. Epic has no objection to NVIDIA's motion and does not oppose. Peters Decl. ¶ 3. Apple could not say at this time whether it would oppose NVIDIA's motion. Peters Decl. ¶ 4.

For the foregoing reasons, non-party NVIDIA respectfully requests that the Court grant this Administrative Motion to Seal Portions of Trial Exhibits and Testimony.

1 | Dated: April 27, 2021          Respectfully submitted,

2                           TURNER BOYD LLP

3                           */s/ Marc David Peters*

4                           Karen I. Boyd (State Bar No. 189808)
                            boyd@turnerboyd.com
5                           Marc David Peters (State Bar No. 211725)
                            mdpeters@turnerboyd.com
6                           TURNER BOYD LLP
                            702 Marshall Street, Suite 640
7                           Redwood City, California 9063
8                           Telephone: (650) 521-5930

9                           *Attorneys for Non-Party NVIDIA Corporation*