THEODORE J. BOUTROUS JR., SBN 132099
 tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
 rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
 dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
 jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
 vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
 mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
 crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
 edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
 elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Defendant Apple Inc. ("Apple") moves the Court to partially seal the deposition designations lodged by the parties pursuant to the Court's pretrial order. *See* Dkt. 381. Apple respectfully requests that the Court seal non-public financial information whose disclosure could harm Apple or unduly influence financial markets. Apple also is provisionally moving to seal those portions of its designated deposition testimony that Epic has indicated should remain confidential.

## LEGAL STANDARD

When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## DISCUSSION

In its second pretrial order, the Court directed the parties to "provide deposition designations, including counter designations, with all objections having been resolved," by noon on April 27, 2021. Dkt. 381 at 2. The deposition designations were duly lodged with the Court, but are not being e-filed. In the ordinary course, designated deposition testimony would be played live in court, and any application to seal would be heard in connection with the playing of the testimony. Because the parties are lodging deposition designations, however, rather than playing them in court, Apple is filing this motion to partially seal in advance of trial.

**A.     The Court Should Grant Apple's Request As To Non-Public Financial Information**

Apple has narrowly tailored its sealing request. It seeks to seal only sensitive, non-public financial information. As the Supreme Court has recognized, sealing may be appropriate to prevent

judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy"). Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

The limited testimony that Apple seeks to seal here relates to two topics. First, Eddy Cue—Apple's Senior Vice President of Internet Services and Software—testified as to a non-public financial presentation providing projections into fiscal year 2021. That confidential information has ramifications not only for Apple's competitors, but also its investors, who make decisions based on audited financial information released in accordance with SEC guidelines. Permitting the disclosure of confidential financial information (that is the subject of some dispute between the parties) could both harm Apple and unduly influence investors and the markets. Second, Mr. Cue testified as to certain developers' financial results using in-app purchase in certain countries. This testimony relates to the sensitive information of both Apple *and* certain of its developers. Disclosure could be harmful to Apple for the reasons noted above, and also would implicate the confidential information of developers. Sealing of this limited testimony therefore is appropriate to protect Apple's financial information as well as to protect the markets from undue influence.

B. **Apple Takes No Position On The Information Designated As Confidential By Epic Or Third Parties**

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party. The parties have met and conferred in good faith to de-designate as much information as possible. Apple's deposition designations include information designated by Epic as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order entered in this case.

Apple opposes Epic's extensive sealing requests regarding the deposition testimony of Joe Kreiner. Epic has proposed sealing the majority of Mr. Kreiner's deposition testimony on the basis that it implicates third-party interests, namely, the terms and substance of Epic's agreements with certain third parties. There is no reason to maintain the confidentiality of these agreements—they relate directly to the substantive issues in the case, do not reveal any confidential financial information of the kind that should be sealed at trial, and do not implicate the security interests of Epic or third parties. Courts have recognized that sealing is not appropriate when the information represents "the core of [the plaintiff's] antitrust claims . . . and is therefore essential to enable the public to understand these proceedings." *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. 16-CV-300, 2017 WL 2806897, at *8 (C.D. Cal. Mar. 30, 2017). Epic has alleged in this case that the terms of Apple's agreements with developers are anticompetitive. Whether and to what extent Epic has agreed to comparable terms with other counterparties is highly relevant to the merits of its claims. Epic's desire to keep its arrangements with its counterparties confidential does not justify sealing.

With respect to the other testimony Epic seeks to seal, Apple takes no position on whether the information meets the standard for sealing at this time. Pursuant to Local Rule 79-5(e)(1), Epic and any third parties have four days to file a declaration establishing that the material is "sealable" (as defined in Local Rule 79-5(b)).

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court seal the identified information.

| | |
|---|---|
| Dated: April 27, 2021 | Respectfully submitted, |
| | GIBSON, DUNN & CRUTCHER LLP |
| | By: /s/ *Rachel S. Brass* |
| | Rachel S. Brass |
| | Attorney for Defendant Apple Inc. |