THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　Plaintiff, Counter-defendant<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Partially Seal Deposition Designations.

2. When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See*, *e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS, 4:20-CV-05640-YGR

4. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed its depositions designations and now proposes only those redactions that are essential.

6. Specifically Apple seeks only to seal non-public financial information. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). It would give Apple's competition confidential information about Apple's business model and strategy. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

7. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests

8. Moreover, disclosure of the identified information could unduly influence the financial markets. Apple's investors rely on audited financial information to make investment decisions. If the financial information discussed in the identified testimony were released, it could unduly influence the market with information that may not have been analyzed and audited in the way public financial disclosures are. Such disclosure could disrupt the markets.

9. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in narrowing the amount of designated confidential material and consequently

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS, 4:20-CV-05640-YGR

reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential.

10. Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein.

| Document or Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing |
|---|---|
| Deposition of Eddy Cue, 109:4–110:17 | Brass Decl. ¶¶ 6–8 |
| Deposition of Eddy Cue, 190:4–192:16 | Brass Decl. ¶¶ 6–8 |

11. Pursuant to Local Rule 79-5(e), below is a list reflecting the information designated by Epic as confidential. Apple opposes the propose sealing of the deposition testimony of Joe Kreiner, and otherwise does not take a position on Epic's request for sealing:

| Document or Portion of Document Sought to be Sealed | Reason for Sealing Offered by Epic |
|---|---|
| Deposition of Joe Kreiner, 32:13–14 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 32:25–33:4 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 35:20–36:6 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 37:4–8, 37:14 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 39:11–13 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 40:2–41:9 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 41:21–42:8 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 42:21–23 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 47:20–48:3 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 48:20–49:13 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 51:12–52:19, 52:23–53:14 | Potential third-party confidential information |

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS, 4:20-CV-05640-YGR

| | |
|---|---|
| Deposition of Joe Kreiner, 54:15–16 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 57:10–16 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 60:18–61:11 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 64:3–4, 64:10–14 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 75:9–12, 75:15–76:8 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 77:6–78:6 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 80:1–2 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 80:9–12 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 81:6–83:22 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 85:13–86:21 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 87:6–21 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 88:14–15, 88:25–89:1 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 91:1–19 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 92:9–93:1 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 93:7–22 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 94:23–95:20 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 96:7–11 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 96:22–97:1 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 97:13–98:4 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 107:15–108:12 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 114:15–115:8 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 116:16–25 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 130:11–12 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 136:21–137:17 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 137:24–138:3 | Potential third-party confidential information |

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS, 4:20-CV-05640-YGR

| | |
|---|---|
| Deposition of Joe Kreiner, 138:7–10 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 138:13–16 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 140:15–19, 141:5–142:3 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 168:7, 11–20 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 191:20–23 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 215:7–23 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 229:7–17 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 229:19–23 | Potential third-party confidential information |
| Deposition of Joe Kreiner, 260:17–18 | Epic confidential information |
| Deposition of Joe Kreiner, 267:4–25 | Potential third-party confidential information |
| Deposition of Haseeb Malik, 158:21–25 | Epic confidential information |
| Deposition of Haseeb Malik, 181:10–20 | Epic confidential information |
| Deposition of Mark Rein, 101:8–20 | Potential third-party confidential information |
| Deposition of Mark Rein, 102:14–20 | Potential third-party confidential information |
| Deposition of Mark Rein, 105:2–14 | Potential third-party confidential information |
| Deposition of Mark Rein, 107:6–7 | Potential third-party confidential information |
| Deposition of Mark Rein, 108:2–109:1 | Potential third-party confidential information |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 27, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

5
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEPOSITION DESIGNATIONS, 4:20-CV-05640-YGR