ASIM M. BHANSALI (SBN 194925)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Attorneys for Non-Party
Google, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　Plaintiff, Counter-defendant,<br><br>vs.<br><br>APPLE INC.,<br><br>　　　　　Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**ADMINISTRATIVE MOTION OF NON-PARTY GOOGLE, LLC TO SEAL PORTIONS OF TRIAL EXHIBITS**<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>Trial: May 3, 2021 |

## INTRODUCTION

Apple Inc. has given notice to non-party Google LLC ("Google") that it intends to introduce as evidence in this trial certain documents produced by Google in response to a third-party subpoena. Google moves the Court to issue an administrative order authorizing the sealing of certain portions of these exhibits containing confidential Google information. Counsel for both Apple and Epic Games have reported that they take no position on this motion. Google provides in the accompanying declaration of Andrew Rope copies of these documents with the portions proposed to be redacted highlighted. Because the highlighted versions of the documents reveal the confidential information that Google seeks to redact and seal, Google submits these documents under seal for the Court's review under Local Rule 79-5(c). Upon an order granting this motion to seal, Google will prepare and provide to the parties redacted versions of the documents which may be used in any public portion of the trial.

Pursuant to the procedures under the Local Rules and which the Court has established in this case for the protection of confidential material, Google does not object to the unredacted versions of these documents being used during the trial proceedings, assuming they are otherwise admissible, so long as the public monitors or other displays are turned off while they are being displayed, the redacted information sought to be sealed is not revealed during the course of questioning, and only redacted versions of the exhibits are admitted into the public record.

This motion is supported by the Declaration of Andrew Rope on behalf of Google.

## LEGAL STANDARD

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b).

While courts generally apply a "strong presumption in favor of access" to court records, compelling reasons (or good cause, as applicable) "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner*

1

Case No. 4:20-cv-05640-YGR-TSH
Admin. Motion of Non-Party Google, LLC to
Seal Portions of Trial Exhibits

*Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Sealing may be justified to prevent judicial documents from being used as business information that might harm a litigant's competitive standing. *In re High-Tech Employee Antitrust Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013).

## ARGUMENT

The information Google seeks to seal is the type that the Supreme Court, Ninth Circuit, and this District have held to properly be kept under seal. *See Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) sealing confidential business information including "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing "confidential business information which could cause harm to the parties if publicly disclosed").

The Federal Circuit has similarly concluded that, under Ninth Circuit law, sensitive competitive information such as pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable where that information could be used to the company's competitive disadvantage. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).

The information Google seeks to seal retains independent economic value from not being generally known to, and not being readily ascertainable through proper means to the general public. 18 U.S.C. § 1839(3)(B). Rope Decl., ¶ 5. If disclosed, this information would cause Google competitive and commercial harm because it would provide competitors and actual or potential business counterparties insights into Google's business that they would not otherwise have, and could disadvantage Google in marketing to consumers and in future negotiations with potential customers. Rope Decl., ¶¶ 5-26. *See Nixon*, 435 U.S. at 598. Separately, in various places in these proposed exhibits, the internet address of certain internal Google documents is revealed. If publicly disclosed, Google could be subject to attempts at unauthorized and improper access of these documents and concerted efforts to direct attacks at these locations on Google's

2

Case No. 4:20-cv-05640-YGR-TSH
Admin. Motion of Non-Party Google, LLC to
Seal Portions of Trial Exhibits

1  servers. Furthermore, as these addresses have no relevance to anything in the documents or in
2  this trial, Google also moves to seal those portions of the documents.

3        This motion to seal is further warranted because Google is not a party to this action but
4  produced the information it seeks to seal in response to a subpoena. Courts are generally more
5  protective of the confidential business information of non-parties who have not voluntarily
6  invoked the court's jurisdiction. *See*, *e.g.*, *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966 HSG, 2015
7  WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names where such
8  information "implicates important privacy concerns of nonparties—whose names are not relevant
9  to the disposition of this case—that outweigh the public's interest in disclosure of these judicial
10 records"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. 12-cv-03844-JST,
11 2015 WL 984121 at *2 (N.D. Cal., Mar. 3, 2015) (granting motion to seal "highly sensitive
12 business information" of non-party witness). Moreover, it is doubtful that the information of non-
13 party Google could be "dispositive" in an action to which it is not a party, and therefore Google
14 need only demonstrate "good cause" for an order to seal rather than the "compelling reasons"
15 standard, although this request meets either standard. *See Icon-IP Pty*, 2015 WL 984121 at *4
16 (applying "good cause" standard to seal rather than "compelling reasons" standard generally
17 applicable on a motion for summary judgment where the particular material sought to be sealed
18 "would not be effectively dispositive of any of the issues raised in the parties' motions for
19 summary judgment").

20       As detailed in the attached Rope declaration, portions of the following potential trial
21 exhibits are sealable because they contain exceptionally sensitive commercial information that
22 might harm Google's competitive standing. Google accordingly moves to seal these limited
23 portions of the identified trial exhibits.

24       Exhibit Nos. DX-4172, DX-3558, DX-4303, DX-4522, DX-3913, DX-4046, DX-3452,
25 DX-4910 and DX-5325 (duplicates of DX-4172), DX-5326 (duplicate of DX-3452): Google
26 moves to seal limited portions of these exhibits that contain information regarding Google's
27 internal analyses of consumer spending and revenue, future strategic business plans, and potential
28 growth opportunities. If revealed to competitors and potential business counter-parties, they

1  could use this non-public and confidential information to disadvantage Google in marketing,
2  negotiations, and competitive strategic decision-making.  Rope Decl., ¶¶ 7-13.

3  　　　　Exhibit Nos. DX-3779, DX-3798, DX-4909 (duplicate of DX-3798): Google moves to
4  seal limited portions of these exhibits that contain Board presentations and information regarding
5  Google's internal risk analyses, internal analyses of security and threat detection processes, and
6  internal analyses of revenue and business opportunities.  If revealed to competitors and potential
7  business counter-parties, they could use this non-public and confidential information to
8  disadvantage Google in marketing, negotiations, and competitive strategic decision-
9  making.  Public disclosure could further enable malefactors to create or exploit security risks on
10 consumer devices.  Rope Decl., ¶¶ 14-15.

11 　　　　Exhibit Nos. DX-3365, DX-3584: Google moves to seal portions of these exhibits that
12 contain confidential data on business revenues, including detailed non-public breakdowns of
13 revenue based on internal classifications.  If revealed to competitors and potential business
14 counter-parties, they could use this non-public and confidential information to disadvantage
15 Google in marketing and in negotiations.  Rope Decl., ¶¶ 16-17.

16 　　　　Exhibit Nos. DX-3165, DX-3250, DX-3598, DX-3942, DX-4001, DX-4310: Google
17 moves to seal these exhibits in full as they contain confidential surveys and analyses of consumer
18 information and preferences.  If revealed to competitors, they could selectively cite to the findings
19 to disadvantage Google in marketing, and they could take advantage of the costly and detailed
20 internal Google analyses to tailor their own product design and marketing in ways that further
21 disadvantage Google.  Rope Decl., ¶¶ 18-23.

22 　　　　Exhibit No. DX-4478: Google moves to seal limited portions of this exhibit that contain
23 confidential information regarding Google's internal business operations and strategy plans.  If
24 revealed to competitors and potential business counter-parties, they could use this non-public and
25 confidential information to disadvantage Google in marketing and in negotiations.  Rope Decl., ¶
26 24.

27 　　　　Exhibit No. PX-0506: This document, produced by Apple, contains information regarding
28 the revenues, profitability, and subscriber information from Google's YouTube applications on

4

Case No. 4:20-cv-05640-YGR-TSH
Admin. Motion of Non-Party Google, LLC to
Seal Portions of Trial Exhibits

Apple devices.  Google moves to seal portions of this exhibit on the ground that competitors and potential business counter-parties could use this non-public and confidential information to disadvantage Google in marketing and in negotiations.  Rope Decl., ¶ 25.

## **CONCLUSION**

For the foregoing reasons, Google respectfully moves this Court to keep the above-listed portions of trial evidence under seal.

Dated: April 27, 2021                                                          KWUN BHANSALI LAZARUS LLP

By  */s/ Asim M. Bhansali*
Asim M. Bhansali

Attorneys for Non-Party
Google, LLC

5

Case No. 4:20-cv-05640-YGR-TSH
Admin. Motion of Non-Party Google, LLC to
Seal Portions of Trial Exhibits