PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
27th Floor San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant*
*Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br> v. <br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS** <br><br> The Honorable Yvonne Gonzalez Rogers <br><br> Trial: May 3, 2021 |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), Plaintiff Epic Games, Inc. ("Epic") hereby moves the Court to issue an administrative order on the filing under seal of certain portions of Epic's Expert Written Direct Examinations. In accordance with this Court's Local Rules, a public redacted version of the Expert Written Direct Examinations has been filed using the ECF system for the Northern District of California. Although Epic brings this motion in conformity with the Civil Local Rules, Epic opposes Apple's requests to seal and respectfully submits that they should be denied for the reasons explained below and in Attachment A.[1]

Subsection (e) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by the opposing party. Under subsection (e), the submitting party's "declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ('the Designating Party')". Pursuant to subsection (e)(1) of Local Rule 79-5, the Designating Party then has 4 days to file a declaration establishing that all of the designated material is "sealable". *See* Local Rule 79-5(e); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law". Civ. L.R. 79-5(b).

The redacted portions, which are highlighted in the under seal versions of the documents submitted herewith, quote or reproduce discovery materials that Apple or third parties have designated as HIGHLY CONFIDENTIAL or CONFIDENTIAL pursuant to the Protective Order entered by the Court, see Dkt. No. 274. The affected parties and the corresponding portions of written examination are identified in the Declaration of M. Brent

---

[1] Because certain of Epic's arguments in opposition to Apple's requests to seal refer to information sought to be sealed, Epic has submitted those arguments under seal in Attachment A. However, Epic does not believe that any of the information in Attachment A is sealable.

Byars submitted herewith.  As required by Civil Local Rule 79-5(e), Epic is serving Apple and such third parties with this Motion and its Declaration so that each may submit the required declaration establishing that the material is sealable.

Apple's requests to seal should be denied.

Dated: April 27, 2021

CRAVATH, SWAINE & MOORE LLP

Christine Varney
Katherine B. Forrest
Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
M. Brent Byars

Respectfully submitted,

By: */s/ M. Brent Byars*
M. Brent Byars

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*