Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
**REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff and Counter-*
*Defendant Epic Games, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | CASE NO. 4:20-cv-05640-YGR-TSH |
| Plaintiff and Counter-Defendant, | **PLAINTIFF AND COUNTER-DEFENDANT EPIC GAMES, INC.'S RESPONSE TO DECLARATIONS OF PHILLIP W. SCHILLER AND SEAN CAMERON IN SUPPORT OF APPLE'S OPPOSITION TO EPIC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| APPLE INC., | |
| Defendant and Counterclaimant. | |
| | Judge: Hon. Thomas S. Hixson |

EPIC'S RESPONSE TO SCHILLER AND          1          Case No. 4:20-cv-05640-YGR-TSH
CAMERON DECLARATIONS

Pursuant to the Court's Discovery Order (ECF No. 496) concerning the Joint Discovery Letter Brief Regarding Apple's Clawback of Documents (ECF No. 493), Plaintiff and Counter-Defendant Epic Games, Inc. ("Epic") submits this response to the Declarations of Phillip W. Schiller (ECF No. 501) and Sean Cameron (ECF No. 499) in Support of Apple's Opposition to Epic's Motion to Compel Production of Documents.  For the reasons stated below, Apple Inc.'s ("Apple") claims of privilege over the documents at issue should be denied, Apple's declarations notwithstanding.

**The Declarations Do Not Establish Inadvertence or Reasonable Steps to Rectify the Alleged Errors.**

The declarations of Mr. Schiller and Mr. Cameron do not touch upon or even mention, let alone establish, the process failures Apple claims have caused it to repeatedly identify the documents at issue as non-privileged, and to repeatedly fail to remedy its alleged errors.  As such, the declarations do nothing to support Apple's claim that its production of the documents was inadvertent or that Apple has taken reasonable steps to rectify its alleged errors.  Absent any evidence to support Apple's claim of inadvertence, Apple has not met its burden to establish non-waiver under Federal Rule of Evidence 502(b).  *See In re Qualcomm Litig.*, 2018 WL 6617294, at *4 (S.D. Cal. Dec. 18, 2018).

**Mr. Schiller's Declaration Does Not Establish the Privileged Nature of the Two Emails.**

**APL-EG_09689923.**  Mr. Schiller does not contest that he sent the earliest-in-time email to Carson Oliver, Director of Business Management of the App Store; that the only two people who write any emails in the course of this 16-page email string are Mr. Schiller and Mr. Oliver; that no lawyer is mentioned in any of the emails; that the emails make no explicit request for legal advice; and that the emails do not contain legal advice.

Mr. Schiller nonetheless asserts that he also sent the email chain to Apple in-house lawyer Douglas Vetter so that he could provide legal advice regarding legal risks, including risks related to competition, data privacy, false advertising, fraud, and money laundering.  (Schiller Decl. ¶¶ 4, 6.) Even if that were true, it is undisputed that Mr. Schiller sent the earliest-in-time email *to Mr. Oliver* so that he could provide business advice, which he did, and that ensuing emails continued with business discussions.  Mr. Schiller's earliest-in-time email does not ask, either expressly or implicitly, for legal advice on any of these issues; it was plainly intended to, and did, kick off a discussion about the

financial impact of the Small Business Program—a fact that Mr. Schiller does not dispute.  That discussion is with Mr. Oliver.  Under these circumstances, the email *at most* served to solicit both business and legal advice, but Mr. Schiller does not claim, and nothing about the email itself demonstrates—as Apple must—that "the primary or predominate purpose of the communication is to seek legal advice or assistance".  *TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, 2016 WL 6922075, at *2 (C.D. Cal. May 26, 2016); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("In order to show that a communication relates to *legal* advice, the proponent of the privilege must demonstrate that the 'primary purpose' of the communication was securing legal advice.").

Mr. Schiller also says that he discussed the substance of the chain with Mr. Vetter, and received legal advice from him on these topics, during contemporaneous meetings and telephone conversations.  (Schiller Decl. ¶ 6.)  Discussions between Mr. Schiller and Mr. Vetter during meetings and telephone conversations may or may not be privileged—but they are not before the Court.  The email string is not privileged, the fact that Mr. Schiller and Mr. Vetter discussed the string does not transform it into a privileged exchange, and Apple has not met its burden.

**APL-EG_09690033.**  Mr. Schiller makes essentially the same points about this email string, and Apple's privilege assertion should be rejected for the same reasons.  Mr. Schiller admits that Luca Maestri (Apple's CFO) sent the earliest-in-time email to both Mr. Schiller and to Apple in-house lawyer Kate Adams, and does not dispute that the only two people who write any emails in the course of this 8-page email string are Mr. Schiller and Mr. Maestri.  There is no indication in the earliest-in-time email that Mr. Maestri sought legal, rather than business, advice or information.  Apple has not submitted a declaration from Mr. Maestri, the sender of that email.  And Mr. Schiller's response emails indicate that the emails constitute a business, rather than legal, discussion.

Mr. Schiller says that Ms. Adams was included on the email chain so that she could provide legal advice regarding the same legal risks he described in connection with Mr. Vetter's involvement.  (Schiller Decl. ¶ 5.)  But the sender of the earliest-in-time email was Mr. Maestri, not Mr. Schiller.  Mr. Schiller is not qualified to testify as to why Mr. Maestri included Ms. Adams on his email.  In any event, *Mr. Schiller* was included on the email chain so that he could provide business advice, which he

did.  Again, at best, this chain involves a request for legal advice that is buried in extensive business discussion, and Apple has provided no evidence to suggest any request for legal advice was the "primary purpose" of the communications.  *See TCL*, 2016 WL 6922075, at *2; *ChevronTexaco*, 241 F. Supp. 2d at 1076.

Mr. Schiller also asserts that he discussed the substance of the chain with Ms. Adams, and received legal advice from her on these topics during contemporaneous meetings and telephone conversations.  (Schiller Decl. ¶ 5.)  This argument should be rejected for the same reasons as described above.

**Mr. Cameron's Declaration Does Not Establish the Privileged Nature of the Presentation.**

**APPSTORE_10170219.**  Apple in-house lawyer Sean Cameron asserts that he "reviewed and revised" this presentation regarding the Program, and that it "reflects legal advice" provided by him and another Apple in-house lawyer, Jason Cody.  (Cameron Decl. ¶ 6.)

But Mr. Cameron does *not* say that production of the presentation would reveal any of their advice—because it would not.  The presentation is a business presentation, not a legal presentation, and any specific revisions by Mr. Cameron or Mr. Cody are not revealed.  There is no mention of either lawyer on the document.  Mr. Cameron has not explained specifically how the document, in its entirety, "reflects" legal advice.  Nor can Apple establish production would disclose any legal advice.

The draft presentation and Mr. Cameron's declaration are much like the presentation and declaration at issue in *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641 (N.D. Cal. Feb. 2, 2008), which Epic cited in the joint letter brief.  Rambus submitted a declaration from the business executive, Mr. Karp, who presented the presentation stating that it "reflects legal advice I received from [counsel] Mr. Steinberg related to patent prosecution and infringement analysis".  *Id.* at *2.  The court noted that it "cannot distinguish what portion, if any, of the presentation reflects Mr. Steinberg's legal advice, as opposed to Mr. Karp's business strategy".  *Id.*at *3.  The court emphasized:  "Furthermore, the content appears not to be 'legal advice,' but instead a discussion of a business plan and strategy that Mr. Karp was recommending which may have taken into account advice from Mr. Steinberg as to Rambus's legal positions.  However, the document does not reveal any confidential communications between Mr. Karp and Mr. Steinberg."  *Id.*  The court rejected the claim of privilege:  "As discussed, it

1   is Rambus's burden to demonstrate that the attorney-client privilege applies.  A vague declaration that

2   states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the

3   document should be found privileged."  *Id.*  The Court should reject Mr. Cameron's "vague

4   declaration" for the same reasons.

5

6   DATED:  April 28, 2021                     By      */s/ Yonatan Even*

7

8                                              **FAEGRE DRINKER BIDDLE & REATH LLP**
                                               Paul J. Riehle (SBN 115199)
9                                              paul.riehle@faegredrinker.com
                                               Four Embarcadero Center
10                                             San Francisco, California 94111
                                               Telephone:  (415) 591-7500
11                                             Facsimile:  (415) 591-7510

12                                             **CRAVATH, SWAINE & MOORE LLP**
                                               Christine A. Varney (*pro hac vice*)
13                                             cvarney@cravath.com
                                               Katherine B. Forrest (*pro hac vice*)
14                                             kforrest@cravath.com
                                               Gary A. Bornstein (*pro hac vice*)
15                                             gbornstein@cravath.com
                                               Yonatan Even (*pro hac vice*)
16                                             yeven@cravath.com
                                               Lauren A. Moskowitz (*pro hac vice*)
17                                             lmoskowitz@cravath.com
                                               M. Brent Byars (*pro hac vice*)
18                                             mbyars@cravath.com
19

20                                             825 Eighth Avenue
                                               New York, New York 10019
21                                             Telephone:  (212) 474-1000
                                               Facsimile:  (212) 474-3700
22

23                                             *Attorneys for Plaintiff and Counter-Defendant Epic
                                               Games, Inc.*
24

25

26

27

28