UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 20-cv-05640-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 493 |

　　　　The parties have filed a joint discovery letter brief concerning Apple's clawback of three documents. ECF No. 493. The Court has reviewed the documents *in camera*, considered Apple's declarations and deposition testimony[1] in support of its claim of privilege, ECF Nos. 499, 501, & 503, and considered Epic Games' response, ECF No. 511. The Court finds that Apple has failed to establish that these documents are privileged.

　　　　APL-EG_09689923 is an email conversation between non-attorneys Phillip Schiller and Carson Oliver at Apple, in which Apple attorney Doug Vetter is included, about a proposed idea for the App Store, to which Oliver later added non-attorney Eric Gray. Apple says that Schiller sent the email to Vetter "so that he could provide legal advice regarding the risks" involved in the proposal, and Schiller says the same in his declaration. ECF No. 501. Apple and Schiller also say that Schiller discussed the substance of what's in the email chain with Vetter and received legal advice from him during contemporaneous meetings and telephone conversations.

　　　　Apple and Schiller have mischaracterized the email thread. It is entirely a business discussion, and nothing in it sounds remotely like a request for Vetter's legal advice, or for Vetter to say anything at all. This is a clear example of business people including a lawyer in an email chain in the incorrect belief that doing so makes the email privileged. It does not. It may be true that Schiller separately discussed the substance of the email chain with Vetter, and if so, those

---

[1] The deposition testimony provides general background concerning Apple's small business program but is not directly relevant to Apple's claim of privilege of the three documents at issue.

conversations would be privileged. But this email thread is not privileged.

APL-EG_09690033 is similar. It is an email conversation between non-attorneys. Apple attorney Kate Adams is included in the thread, but notwithstanding what Schiller says in his declaration, nothing in this email exchange is a request for Adams' legal advice. It is clear that non-attorneys Schiller and Luca Maestri expected answers from each other. As with the previous document, Apple and Schiller say that Schiller received legal advice from Adams during contemporaneous meetings and phone calls concerning the subject matter of the email thread. Those conversations would be privileged. However, this email chain is not. This is again an example of adding a lawyer to an email thread in an attempt to create a non-existent privilege.

Finally, Apple says that two attorneys "reviewed and revised" the draft presentation in APPSTORE_10170219, which therefore "reflects the legal advice that they provided to Apple business people in connection" with the App Store program described in it. *See also* ECF No. 499 (Sean Cameron's declaration attesting to that). Lots of documents are reviewed and revised by attorneys and therefore reflect legal advice they provided to business people: employee handbooks, contracts companies enter into, sexual harassment policies, workplace safety guidelines, employee benefit plan descriptions, and so on. The attorney-client privilege protects the communications between attorney and client involved in the drafting of those documents, such as emails with redlined documents reflecting legal advice or oral conversations giving legal advice. But that's it. Apple does not contend that APPSTORE_10170219 is itself a communication between attorney and client (it obviously is not), or even that the reader could glean from this document what the legal advice or edits were (you can't), so it is not privileged.

Accordingly, Apple's claim of privilege over these three documents is overruled.[2]

**IT IS SO ORDERED.**

Dated: April 28, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[2] Epic also argues that if the documents are privileged, Apple waived the privilege. Given the Court's finding that the documents are not privileged, it need not address the waiver issue.