```
CAZ HASHEMI, State Bar No. 210239
BENJAMIN M. CROSSON, State Bar No. 247560
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: chashemi@wsgr.com
       bcrosson@wsgr.com

Attorneys for Non-Party
App Annie Inc.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case Nos. 4:20-CV-05640-YGR <br><br> CLASS ACTION COMPLAINT <br><br> DECLARATION OF BENJAMIN M. CROSSON IN SUPPORT OF NON-PARTY APP ANNIE'S ADMINISTRSTIVE MOTION TO SEAL |

I, Benjamin M. Crosson, declare:

1. I am a partner at the law firm of Wilson Sonsini Goodrich & Rosati P.C., counsel for non-party App Annie Inc. ("App Annie"), and am licensed to practice law in the State of California and admitted to practice before this Court. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify thereto.

2. On March 31, 2020, plaintiff in the related case *Cameron et al. v. Apple, Inc.*, Case No. 4:19-cv-03074-YGR ("*Cameron*") served a Subpoena to Produce Documents, Information, or Objects on App Annie. On August 5, 2020, Defendant Apple also served a Subpoena to Produce Documents, Information, or Objects in connection with the *Cameron* matter.

3. App Annie met and conferred with the *Cameron* parties separately and came to an agreement on the scope of estimate data to be produced. Pursuant to and designated Confidential under the protective order entered in the *Cameron* matter, App Annie produced over fifteen terabytes of estimate data to the *Cameron* parties.

4. In November 2020, the parties in the *Cameron* matter informed App Annie that Plaintiff Epic Games brought suit against Apple in the above-captioned matter, and that the *Cameron* parties intended to share all third-party productions made in connection with the *Cameron* matter with Plaintiff. App Annie agreed to allow the *Cameron* parties to share the information it produced to those parties with Plaintiff, pursuant to the protective order entered in this matter.

5. On November 25, 2020, the *Cameron* parties made an additional request for definition information for certain fields of the estimate data.

6. On December 14, 2020, Plaintiff Epic Games also served a Subpoena to Produce Documents, Information, or Objects on App Annie.

7. In January 2021, App Annie produced the additional requested estimate data to Plaintiff Epic Games and produced a proprietary document describing the the estimate data ("Bulk API Documentation"). This information was designated Confidential pursuant to the protective order entered in the above-captioned matter.

8.  On April 24, 2021, counsel for Apple contacted counsel for App Annie, indicating that Exhibits DX-5408, DX-5409, DX-5410, DX-5411, and DX-3591 were on Apple's exhibit list for the trial in this matter, scheduled to start May 3, 2021. Apple's counsel instructed App Annie to file a motion in support of sealing the Exhibits if App Annie wanted to protect the Confidential designation of the produced information. In a follow-up communication on April 26, 2021, Apple's counsel indicated that "these data are likely to be used only in summary exhibits."

9.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of April, 2021, in Palo Alto, California.

/s/Benjamin M. Crosson
Benjamin M. Crosson