CAZ HASHEMI, State Bar No. 210239
BENJAMIN M. CROSSON, State Bar No. 247560
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: chashemi@wsgr.com
         bcrosson@wsgr.com

Attorneys for Non-Party
App Annie Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case Nos. 4:20-CV-05640-YGR <br><br> CLASS ACTION COMPLAINT <br><br> DECLARATION OF KETAKI RAO IN SUPPORT OF NON-PARTY APP ANNIE'S ADMINISTRSTIVE MOTION TO SEAL |

I, Ketaki Rao, hereby declare as follows:

1. I am Chief Product Officer at App Annie Inc. ("App Annie"). I have served in that position since February 2021. I submit this Declaration in support of App Annie's Administrative Motion to File Information Under Seal.

2. As Chief Product Officer, I am intimately familiar with App Annie's products and business. App Annie is one of the leading providers of information and analytics regarding the mobile applications marketplace, offering a suite of products to help a broad range of industries, including mobile-first as well as brick-and-mortar companies, improve their mobile strategies. App Annie collects various data inputs and, using principles of data science and other sophisticated modeling techniques, generates a wide variety of app performance estimates regarding the mobile marketplace.

3. App Annie's main paid product is called App Annie Intelligence, which is a subscription-based product comprised of estimates of revenue, download, usage, and other information for most of the applications in the Apple Store, Google Play Store, and Amazon Store (the "estimate data"). The estimates are generated from App Annie's proprietary modeling software, are the core component of the products App Annie sells for revenue generation. Intelligence customers receive App Annie's proprietary estimate data and can use this estimate data to inform product management, marketing, or strategy decisions.

4. Intelligence customers also receive documentation (the "Bulk API Documentation") that explains, among other things, in confidential and proprietary detail the nature, structure, and meaning of the estimate data that App Anne provides.

5. I am familiar with App Annie's practices and procedures with respect to ensuring the confidentiality of the estimate data and Bulk API Documentation distributed to App Annie's Intelligence customers. Because the estimate data is the core component of App Annie's products, it is shared only with paying customers. But for exceptional cases (all of which are approved in writing and limited in scope), all customers sign an agreement not to share any of the estimate data or related documentation they receive as part of their Intelligence subscription

1  with outside parties. Additionally, Intelligence customers need a login and password to access
2  the Bulk API Documentation.

3     6.    I am aware that App Annie has produced over fifteen terabyes of historical
4  estimate data only available to Intelligence subscribers from 2014 to 2020 in response to
5  Subpoenas to Produce Documents, Information, or Objects from the parties in *Cameron et al. v.*
6  *Apple, Inc.*, Case No. 4:19-cv-03074-YGR ( the "*Cameron*" matter) and from Plaintiff Epic
7  Games in the above-captioned matter. I am also aware that App Annie designated all produced
8  materials Confidential under the protective orders entered in *Cameron* and in this matter.

9     7.    I am generally familiar with the estimate data contained in Exhibits DX-5408,
10 DX-5409, DX-5410, DX-5411, and the Bulk API Documentation contained in Exhibit DX-3591.
11 I am aware that those Exhibits contain confidential information that App Annie produced.

12    8.    Based on my familiarity with App Annie's revenue generation model and
13 business strategies, the Exhibits contain confidential information, the disclosure of which would
14 likely cause competitive harm to App Annie. App Annie derives economic benefit by
15 maintaining the confidentiality of such information and does not disclose this information to
16 competitors or members of the general public. Disclosing the estimate data that is the main part
17 of App Annie's paid product could cause App Annie to lose potential customers who would
18 likely decline to purchase an Intelligence subscription as they could access the estimate data for
19 free, or worse, cause current customers to cancel their subscriptions as the estimate data would
20 be freely accessible. App Annie would also face competitive harm from competitors who would
21 have access to the estimate data App Annie produces and would know how App Annie instructs
22 customers to utilize the estimate data, allowing those competitors to use all off App Annie's
23 proprietary information to improve their own products:

24    (a)   Exhibit DX-5408: Store Product Level Estimate Data which contains estimate
25          data on downloads and revenues of applications within the various app stores.
26    (b)   Exhibit DX-5409: Product ID Estimate Data which contains estimate data on
27          price and monetization of certain applications.
28

RAO DECL. ISO APP ANNIE'S ADMIN. MOTION TO SEAL
CASE NO. 4:20-CV-05640-YGR                                    -2-

|   |   |   |
|---|---|---|
| | (c) | Exhibit DX-5410: Category ID Estimate Data which contains estimate data assigning applications to various genres and categories. |
| | (d) | Exhibit DX-5411: Unified Category ID Estimate Data which contains estimate data matching genres and categories across various app stores. |
| | (e) | Exhibit DX-3591: Bulk API Documentation which contains information explaining in confidential and proprietary detail the nature, structure, and meaning of the estimate data that App Anne provides. |

9. I have personal knowledge of the information stated in this Declaration and if called to testify, I could testify to the matters stated herein.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of April, 2021, in San Francisco, California.

By: *Ketaki Rao*
    Ketaki Rao

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Benjamin M. Crosson, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: April 28, 2021        */s/ Benjamin M. Crosson*
                                              Benjamin M. Crosson