THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff, Counter-defendant<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal the Courtroom During Presentation of Certain Confidential Material At Trial.

2. While there is a common law right of public access to judicial proceedings, that right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal a judicial record may overcome the presumption in favor of access by "articulat[ing] justifications for sealing that outweigh the public policies favoring disclosure." *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13-MD-2452, 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Put differently, the party must present "compelling reasons" to justify the "closure of a courtroom during trial." *In re LDK Solar Sec. Litig.*, No. 07-CV-5182, 2010 WL 724809, at *1 (N.D. Cal. Mar. 1, 2010).

3. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

4. Apple is the world's most valuable publicly traded company. Its market capitalization exceeds $2 trillion and its average daily trading volume exceeds 100 million shares. Apple stock is

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL, 4:20-CV-05640-YGR

owned and traded by mutual funds, pension funds, institutional investors, and individual investors. It is one of the most closely watched technology stocks on Wall Street and on Main Street. *See, e.g.*, Bloomberg Quint, *Apple Could Hit $3 Trillion Market Valuation, Analysts Say* (Mar. 12, 2021) https://www.bloombergquint.com/onweb/apple-could-reach-a-3-trillion-market-valuation-analysts-say.

5. Apple seeks to prevent any confusion on the part of the investing public about what certain trial evidence might (or might not) mean for Apple's financial performance and, thus, the trading value of its stock. Courts have recognized that "the potential to confuse and mislead the public" can "amount to compelling reasons to maintain the [business] information at issue under seal" where disclosure "may result in more harm than good." *Incretin-Based Therapies*, 2021 WL 873290, at *3; *see also United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (declining to release information that was "more likely to mislead than to inform the public").

6. The existence of a "general right to inspect and copy public records and documents" and observe public proceedings, *Nixon*, 435 U.S. at 597–98, does not mandate that this Court allow its courtroom to become a market mover. Preventing the public confusion, and potential economic harm, that could result from disclosure of Mr. Barnes' calculations is a compelling reason to close the courtroom during discussions of the App Store's profitability.

7. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the subject matters that should remain confidential. This process has resulted in narrowing the amount of designated confidential material but the parties are at impasse regarding the subject matter of Mr. Barnes's testimony.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 28, 2021 at San Francisco, California.

                                                                        /s/ *Rachel S. Brass*
                                                                        Rachel S. Brass

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL, 4:20-CV-05640-YGR