JOHN F. COVE, JR. (SBN 212213)
  john.cove@shearman.com
MATTHEW BERKOWITZ (SBN 310426)
  matthew.berkowitz@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105-2997
Telephone:   415.616.1100
Facsimile:    415.616.1199

*Attorneys for Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR <br><br> **NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S ADMINISTRATIVE MOTION TO KEEP COMPETITIVELY SENSITIVE INFORMATION UNDER SEAL** <br><br> Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rules 7-11 and 79-5, non-party Sony Interactive Entertainment LLC ("SIE") hereby seeks an order permitting three SIE documents identified on Defendant Apple Inc.'s ("Apple") exhibit list that contain highly confidential, competitively sensitive material to remain under seal if admitted at trial.[1]

## I. LEGAL STANDARD

When a party demonstrates "compelling reasons" sufficient to outweigh the public's interest in disclosure of confidential information, a court should keep such information under seal at trial. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008). Compelling reasons exist, for example, if "court files might . . . become a vehicle for improper purposes, such as the use of records to release trade secrets." *Id.* (internal quotation and alteration omitted); *see also, e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-CV-04967-WHO, 2014 WL 4965995, at *3–*4 (N.D. Cal. Oct. 3, 2014) (granting request to seal as to trial transcript and exhibits referencing third parties' confidential financial and pricing data); *Century Aluminum Co. v. ACGS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (granting motion to seal as to third party's confidential information because of "competitive harm [that] may result to [Defendant] if th[e] document is publicly-disseminated, as it will reveal confidential business information and strategies that Defendant employs with respect to issuance of its insurance policies."); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (granting motion to seal as to information that could cause competitive harm if disclosed). As the Federal Circuit explained, "the public's interest in judicial proceedings . . . does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits." *Apple Inc. v. Samsung Elecs. Co.* 727 F.3d 1214, 1228 (Fed. Cir. 2013) (applying 9th Circuit law and finding district court abused its discretion in denying motion to seal where public dissemination could result in competitive harm).

---

[1] As set forth in the accompanying Declaration of John F. Cove Jr., counsel for SIE contacted counsel for Apple and plaintiff Epic Games, Inc. ("Epic") to discuss the parties' position on SIE's motion. Cove Decl. ¶¶ 3–4. Epic stated that it will not oppose. *Id.* ¶ 3. Apple stated that it could not take a position until it reviewed the motion. *Id.* ¶ 4.

A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts*, 298 F. App'x at 569 (quoting *Restatement of Torts* § 757, cmt. b). Confidential plans or descriptions of a competitive business process constitute a trade secret, *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), as do confidential pricing terms and formulas, *France Telecom*, 2014 WL 4965995, at *4 (citing *In re Elec. Arts*, 298 F. App'x. at 569).

## II.   ARGUMENT

SIE seeks to seal three of the documents it produced in this litigation, which have been designated DX-3520, DX-4354, and DX-4357 on Apple's exhibit list, because the public disclosure of these documents would reveal SIE trade secrets and cause competitive harm to SIE. These documents contain SIE's highly sensitive, confidential, competitively valuable information, and reflect different aspects of SIE's confidential policies, processes and procedures with respect to the development, pricing and marketing of games and related products on the PlayStation platform, some of which are incorporated by reference into SIE contracts with game developers. *See* Declaration of Don Sechler Pursuant to Local Rule 79-5(e)(1) in Support of SIE's Motion to Seal ("Sechler Decl.") ¶¶ 2–3.

As described in detail in the accompanying Declaration of Don Sechler, because the creation and sale of games and related products by third-party game developers is a critical element in competition in the industry, SIE's policies and procedures with regard to developers are tightly held as a competitively-sensitive trade secret. *Id.* ¶ 3. If this information were made public, SIE would suffer competitive harm because it would enable SIE's competitors to gain valuable insight into SIE's business, which SIE has invested significant resources developing, including through trial and error, and better position themselves in any future competition with SIE. *Id.*

More specifically, as Mr. Sechler explains in his declaration:

- DX-4354 (SONY-EPvAPP-00002 through SONY-EPvAPP-00005; Ex. A to Cove Decl.) contains detailed pricing information, including pricing formulas, for products offered through the PlayStation Store, products associated with merchandise sales, and

products offered via PlayStation's subscription service. *Id.* ¶ 4. This information is proprietary and confidential and is held as a trade secret. *Id.* The public disclosure of this information would provide SIE's competitors with valuable insight into SIE's business and is likely to cause competitive harm to SIE. *Id.* Third-party pricing terms and formulas "'plainly fall within the definition of trade secrets.'" *France Telecom S.A.*, 2014 WL 4965995, at *4 (quoting *In re Elec. Arts*, 298 F. App'x. at 569).

- DX-3520 (SONY-EPvAPP-00012 through SONY-EPvAPP-00020; Ex. B to Cove Decl.) discloses SIE's detailed policies and procedures for developers with regard to the provision of virtual currency on SIE PlayStation platforms. Sechler Decl. ¶ 5. These policies and procedures are also proprietary and confidential to SIE and held as a trade secret by SIE. *Id.* The public disclosure of this information would provide SIE's competitors with valuable insight into SIE's business, specifically its approach to virtual currency, and is likely to cause competitive harm to SIE. *Id.* These business policies and practices are entitled to trade secret protection. *See Clark*, 453 F.2d at 1009.

- DX-4357 (SONY-EPvAPP-00006 through SONY-EPvAPP-00011; Ex. C to Cove Decl.) discloses important aspects of SIE's processes for developers in setting their wholesale prices and performing the other steps necessary to make their products available in the PlayStation Content Pipeline. Sechler Decl. ¶ 6. The public disclosure of this information could provide SIE's competitors with valuable insight into SIE's business and its competitive processes that may cause competitive harm to SIE. *Id.* These business practices are entitled to trade secret protection. *See Clark*, 453 F.2d at 1009.

Because of the competitive sensitivity of these materials, SIE maintains strict confidentiality protection for this information, policies, and procedures—both internally and externally. Sechler Decl. ¶ 7; *see also id.* ¶ 3.[2] No developer can access these documents without executing an agreement to maintain the confidentiality of these materials and then only for the purpose of

---

[2] Apple's exhibit list identifies DX-4354 and DX-4357 as being "available at" particular website URLs, but these links do not mean that the documents are publicly available. The identified URLs direct to a password-protected, secure website, accessible only by developers who have agreed to SIE confidentiality restrictions and been approved by SIE. Sechler Decl. ¶ 8.

developing and marketing games on the PlayStation platform. *Id.* ¶ 7. Only when they have executed such an agreement are developers provided with access credentials necessary to review these materials. *Id.* Similarly, access to these materials is strictly limited within SIE to those with a business need for these documents. *Id.*[3]

Last, as the entirety of these documents describe SIE's confidential policies, processes, and procedures, the request to seal them is narrowly tailored. *Id.* ¶ 9.

Accordingly, for the reasons set for the above and in the accompanying Declaration of Don Sechler, non-party SIE has established compelling reasons to keep this information sealed.

SIE therefore respectfully requests that this Court grant its motion.

DATED: April 28, 2021

SHEARMAN & STERLING LLP

By:   *s/ John F. Cove, Jr.*

JOHN F. COVE, JR. (SBN 212213)
MATTHEW BERKOWITZ (SBN 310426)

SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105-2997
Telephone:   415.616.1100
Facsimile:    415.616.1199

*Attorneys for Non-Party Sony Interactive Entertainment LLC*

---

[3] These documents were designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, pursuant to the Stipulated and Amended Protective Order dated January 21, 2021 ("Protective Order") (Dkt. No. 274). *See also* Sechler Decl. ¶¶ 2–7.