THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>               Plaintiff, Counter-defendant<br><br>   v.<br><br>APPLE INC.,<br><br>               Defendant,<br>               Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL OBJECTIONS TO EXPERT TESTIMONY** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Defendant Apple Inc. ("Apple") moves the Court to seal select portions of its Objections to Expert Testimony and supporting exhibits. Certain statements in Apple's Objections to Expert Testimony and the supporting exhibits have been designated by Epic Games, Inc. ("Epic") as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Although Apple does not believe the information is sealable, Apple is filing this provisional motion to seal to give Epic an opportunity to support the sealing of the statements. Unredacted, highlighted versions of the documents are attached hereto.

When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

This motion is filed pursuant to Local Rule 79-5(e), Epic has designated the information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Apple is filing this provisional motion to seal to permit Epic the opportunity to file a declaration in support of sealing the document, should it choose to do so.

Dated:  April 28, 2021                    Respectfully submitted,

                                          GIBSON, DUNN & CRUTCHER LLP


                                          By:    */s/ Mark A. Perry*
                                                  Mark A. Perry


                                          Attorney for Defendant Apple Inc.