| | |
|---|---|
| PAUL J. RIEHLE (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500<br>Facsimile: (415) 591-7510<br><br>CHRISTINE A. VARNEY (*pro hac vice*)<br>cvarney@cravath.com<br>KATHERINE B. FORREST (*pro hac vice*)<br>kforrest@cravath.com<br>GARY A. BORNSTEIN (*pro hac vice*)<br>gbornstein@cravath.com<br>YONATAN EVEN (*pro hac vice*)<br>yeven@cravath.com<br>LAUREN A. MOSKOWITZ (*pro hac vice*)<br>lmoskowitz@cravath.com<br>M. BRENT BYARS (*pro hac vice*)<br>mbyars@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br><br>*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.* | THEODORE J. BOUTROUS JR. (SBN 132099)<br>tboutrous@gibsondunn.com<br>RICHARD J. DOREN (SBN 124666)<br>rdoren@gibsondunn.com<br>DANIEL G. SWANSON (SBN 116556)<br>dswanson@gibsondunn.com<br>JAY P. SRINIVASAN (SBN 181471)<br>jsrinivasan@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>VERONICA S. MOYE (*pro hac vice*)<br>vlewis@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900<br><br>CYNTHIA E. RICHMAN (*pro hac vice*)<br>crichman@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>*Attorneys for Defendant and Counterclaimant Apple Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff, Counter-defendant,*<br><br>vs.<br><br>APPLE INC.,<br><br>    *Defendant, Counterclaimant.* | No. 4:20-CV-05640-YGR-TSH<br><br>**EPIC GAMES, INC.'S STATEMENT OF OBJECTIONS TO APPLE EXPERT'S WRITTEN DIRECT TESTIMONY**<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to the parties' joint stipulation filed on April 27, 2021 (ECF No. 510), Epic Games, Inc. ("Epic") submits the bases for its objections to Apple expert's written direct testimony.

**DR. RUBIN'S OPINIONS ARE OUTSIDE THE SCOPE OF HIS EXPERTISE.[1]**

Epic objects to ¶¶ 7, 82 and 84 of Dr. Rubin's written direct on the basis that they contain opinions outside the scope of his expertise. Dr. Rubin is an expert in the field of computer science. (*See* Rubin Written Direct Testimony ¶¶ 12-13.) He holds a Ph.D. in Computer Science & Engineering, and he has testified that the expertise he offers in this case is in computer science. (Rubin Dep. Tr. at 11:4-8;35:15-20). In the challenged paragraphs, however, Dr. Rubin offers opinions concerning the "incentives" of third parties to "duplicate Apple's App Review efforts" or to meet the standards of App Review. (Rubin Written Direct ¶ 7, 82, 84) (ECF No. 490-6). Dr. Rubin further discusses third-party stores' "financial model[s]", the extent of their "resources" and their reliance on advertising revenues. (*Id.* ¶ 7, 84.) These opinions relate to economics and marketing, which are outside Dr. Rubin's expertise.

"An expert must be qualified by virtue of his or her 'knowledge, skill, experience, training, or education.'" *Rambus Inc. v. Hynix Semiconductor, Inc.*, 254 F.R.D. 597, 600 (N.D. Cal. 2008) (citing Rule 702 of the Federal Rules of Evidence). Dr. Rubin does not have the experience, training or education to offer an opinion on economics or marketing, and at his deposition he disclaimed the intent to offer an opinion on those topics. (Rubin Dep. Tr. at 35:21-36:17). Accordingly, Dr. Rubin's opinions relating to third parties' incentives to implement particular app review processes, as well as their resources and financial models, should be excluded as beyond the scope of his expertise. *See, e.g., Rambus,* 254 F.R.D. at 604 (finding that an expert in the field of electrical engineering and semiconductor design "lacks the expertise needed to testify about the commercial aspects of this inquiry" and specifically "lacks the

---

[1] Epic is withdrawing its objections to the written direct testimony of Professor Hitt, and agrees that his written direct testimony may be admitted pursuant to paragraph (1) of the Parties Stipulation and [Proposed] Order Regarding Expert Direct Testimony (ECF No. 510).

expertise to explain whether or not advertising, standardization, import laws, contractual relationships, or any of a number of other factors influenced the commercial success" of the defendants' products); *see also Apple Inc. v. Samsung Elecs. Co.*, 2018, WL 1586276, at *3, *14 (N.D. Cal. Apr. 2, 2018) (finding that Apple's expert, an industrial designer, did "not establish[] that his expertise includes experience with marketing and advertising" and therefore limiting those improper opinions).

Dated:  April 28, 2021

CRAVATH, SWAINE & MOORE LLP
 Christine A. Varney (*pro hac vice*)
 Katherine B. Forrest (*pro hac vice*)
 Gary A. Bornstein (*pro hac vice*)
 Yonatan Even (*pro hac vice*)
 Lauren A. Moskowitz (*pro hac vice*)
 M. Brent Byars (*pro hac vice*)

FAEGRE DRINKER RIDDLE & REATH LLP
 Paul J. Riehle

By:  /s/ *Gary A. Bornstein*
 Gary A. Bornstein
 825 Eighth Avenue
 New York, New York 10019
 Telephone: (212) 474-1000

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*