Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:     (949) 229-8640
Facsimile:     (888) 775-0898

Jonathan Kanter, D.C. Bar No. 473286
(admitted *pro hac vice*)
jonathan@kanterlawgroup.com
Brandon Kressin, D.C. Bar. No. 1002008
(admitted *pro hac vice*)
brandon@kanterlawgroup.com
THE KANTER LAW GROUP, PLLC
1717 K Street N.W., #900
Washington, D.C. 20006
Telephone: (202) 792-3037

Attorneys for Third-Party Respondent
Match Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>  Plaintiff and Counter-Defendant,<br><br>vs.<br><br>APPLE INC.,<br><br>  Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR<br>Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR<br><br>**NON-PARTY YOGA BUDDHI CO.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(e)** |
| IN RE APPLE iPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br><br>  Defendant. | |

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 7-11 and 79-5, non-party
Yoga Buddhi Co. ("Yoga Buddhi") hereby brings this administrative motion to seal certain trial
exhibits and maintain their confidentiality designations throughout the trial.  Specially, Yoga
Buddhi requests sealing of any portion of the trial transcript and any exhibit in the record
(including any demonstrative) that references the personally identifying information of its users.
These trial exhibits satisfy the "compelling reasons" standard for sealing for the reasons described
below and in the supporting Declaration of Benjamin Simon ("Simon Decl.") and as such, Yoga
Buddhi respectfully requests that they be sealed and treated as highly confidential during the entity
of the trial proceedings.

Under the procedures set forth in the Local Rules and which the Court has established in
this case for the protection of confidential material, Yoga Buddhi does not object to the unredacted
versions of these documents being used during the trial proceedings, assuming they are otherwise
admissible, so long as the public monitors or other displays are turned off while they are being
displayed, the redacted information sought to be sealed is not revealed during the course of
questioning, and only redacted versions of the exhibits are admitted into the public record.

Pursuant to Civil Local Rule 7-11, Yoga Buddhi's counsel met and conferred with counsel
for Epic regarding this motion.  Counsel for both Epic reported that they take no position on this
motion and will submit objections to Yoga Buddhi's proposed sealing, if any, on April 30.  *See*
Declaration of Douglas J. Dixon ("Dixon Decl., ¶ 2.)

Yoga Buddhi requests to seal the following materials and for those materials to remain
highly confidential at the trial:

| Exhibit | Document | Reason(s) for Highly Confidential Designation |
|---|---|---|
| PX-2395 | DOWNDOG-EPIC_00051 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. |
| PX-2396 | DOWNDOG-EPIC_00056 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally |

| | | |
|---|---|---|
| | | identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. |
| PX-2397 | DOWNDOG-EPIC_00060 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. |
| PX-2398 | DOWNDOG-EPIC_00062 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. |
| PX-2399 | DOWNDOG-EPIC_00068 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. |
| PX-2404 | DOWNDOG-EPIC_00238 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. |
| PX-2405 | DOWNDOG-EPIC_00254 (as redacted) | This is an email between a user and employee of Yoga Buddhi Co. It contains the user's personally identifying information. Disclosing this information would place the user at risk of invasions of privacy. Yoga Buddhi Co. and its users would be injured by unnecessarily exposing its users' private information. Yoga Buddhi Co. seeks redaction of personally identifying customer information. |

Civil Local Rule 79-5(b) allows sealing any document that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." For documents introduced in connection with dispositive proceedings, "compelling reasons" must justify sealing court records.

*Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Ninth Circuit and Supreme Court have long recognized that trade secrets and other information "that might harm a litigant's competitive standing" satisfy the compelling reasons standard. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing")); *see also Ctr. v. Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same).

      All of the documents Yoga Buddhi seeks to seal contain personally identifying information of third parties: Yoga Buddhi's individual users. Courts have long recognized that "third-party privacy interests" present compelling reasons to justify sealing. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information because "important privacy concerns of nonparties," who were "not relevant to the disposition of [the] case," outweighed public interest). Yoga Buddhi does not seek to wholly seal these documents, but only to "redact[] the identifying information of third parties," such as their "names, addresses, [and] telephone numbers[.]" *Foltz*, 331 F.3d at 1137. Indeed, although Epic seeks to use the underlying documents at trial, the personally identifying information of third parties is not relevant to the merits determination of this case. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *8 (N.D. Cal. March 4, 2015) (applying lower "good cause" standard to seal non-party confidential information). Yoga Buddhi accordingly asks that these materials be maintained under seal and as highly confidential if they are introduced at trial.

DATED: April 29, 2021.

Respectfully submitted,

HUESTON HENNIGAN LLP

 /s/ Douglas J. Dixon
DOUGLAS J. DIXON

Attorneys for Third-Party Respondent
YOGA BUDDHI, CO.