Gavin W. Skok (WA SBN 29766)
gskok@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

Jaemin Chang (SBN 232612)
jchang@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone:    415.364.5540
Facsimile:    415.391.4436

Attorneys for non-party Valve Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff, Counter-Defendant,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant, Counterclaimant. | Case Nos.　　　4:20-CV-05640-YGR<br><br>**NON-PARTY VALVE CORPORATION'S ADMINISTRATIVE MOTION TO SEAL CERTAIN TRIAL EXHIBITS OF DEFENDANT APPLE, INC. AND TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL** |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Non-Party Valve Corporation ("Valve") brings this motion to seal the following Trial Exhibits on the ground that they contain confidential, highly sensitive, and competitively-valuable information, including confidential business strategies, contractual terms, and other competitively sensitive information, the release of which would harm Valve, a non-party :

　　　　DX-3585　　　　　　　　DX-4514

　　　　DX-3746　　　　　　　　DX-5320

| | |
|---|---|
| DX-3868 | DX-5321 |
| DX-3931 | DX-5322 |
| DX-4200 | DX-5333 |
| DX-4202 | DX-5365 |
| DX-4388 | |

Apple has not yet filed any of these exhibits with the Court, but it is possible Apple might offer one or more of these exhibits, or testimony about their contents, at trial. Valve brings this motion now in an abundance of caution to ensure that its confidential information is protected and sealed should it be presented or offered at trial. For the reasons set forth below and in the accompanying Declaration of Karl Quackenbush, Valve respectfully requests that the Court (1) seal these trial exhibits to prevent competitive and economic harm, (2) close the courtroom to the public for any testimony regarding these exhibits or the information they contain, and (3) direct the parties not to refer to this information in opening statements, closing argument or any demonstratives made available on the public record. Valve met and conferred with Apple and Epic regarding this Motion, and they do not oppose Valve's Motion.

Unredacted versions of these exhibits have been provided to the Court by Apple, should need arise for the Court to consider them in connection with this Motion. In addition, Valve is submitting herewith proposed redacted versions of all of the exhibits other than DX-5320, which is a one page document containing highly sensitive financial information that cannot reasonably be redacted.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides the "good cause" standard for the purposes of sealing documents presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).  The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d 1206, 1213 (9th Cir. 2002)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Sealing the judicial record is proper when the disclosure of non-public information might cause economic or competitive harm.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

## DISCUSSION

**The Court should grant Valve's motion to seal its non-public financial and competitively-valuable information, including highly confidential sales and revenue information, business strategies, contractual terms, and other competitively sensitive information.**  The Supreme Court has recognized that sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

Courts routinely seal information where disclosure could harm a litigant's competitive standing or provide an unfair advantage to competitors, including for example:

- Where the information contains confidential financial, sales or revenue information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

- Where the information contains business and financial operational information. *See, e.g., Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants").

- Where the information discusses pricing strategy. *See, e.g., Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

- Where disclosure could lead to use of competitive information in contract negotiations and price undercutting by competitors. *See, e.g., Philips v. Ford Motor Co.*, No. 14-cv-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing").

Good cause exists to seal the trial exhibits listed above, as well as any testimony about them. As detailed in the accompanying Quackenbush Declaration, Valve is a privately held company with no outside shareholders or lenders. It is not subject to public regulatory reporting and auditing requirements. Valve does not publicly disclose its sales and revenue information and projections or its business strategies. Rather, Valve guards such information from competitors and the public, and derives a significant value from the confidentiality of such information. In addition, because third party games are available on Steam, Valve has a large amount of third-party sales and revenue information, which Valve does not publicly disclose in order to protect the third parties' confidentiality. Valve's competitive standing has been developed over the years with a focus on differentiating itself from its competitors,

including but not limited to one or more parties in this case. Public filing or testimony about the highly confidential information and trade secrets that Valve seeks to seal could be of interest to its competitors and would allow unfair advantage and harm to its competitive standing.

Valve understands that Apple is today submitting working copies of unredacted trial exhibits to the Court. In recognition of the policy favoring public access to the Court's records, Valve is submitting herewith proposed redacted versions of the trial exhibits it seeks to have sealed, with one exception. Exhibit DX-5320 is a one page document containing highly confidential internal financial information that Valve (a privately-held company) has never publicly disclosed or distributed outside the company, as further detailed in the accompanying Quackenbush Declaration ¶ 8. This one page document only contains such information—redaction is not feasible—so Valve requests that DX-5320 (and any testimony about it) be sealed in its entirety.

Apple has not yet publicly filed these exhibits, offered them at trial, or offered any testimony about them, and may well not do so.

## CONCLUSION

For each of the foregoing reasons, Valve respectfully requests that the Court seal the confidential information described above, including the following documents produced by Valve and listed as Trial Exhibits by Apple, along with any information from such documents or testimony about them:

| | |
|---|---|
| DX-3585 | DX-4514 |
| DX-3746 | DX-5320 |
| DX-3868 | DX-5321 |
| DX-3931 | DX-5322 |
| DX-4200 | DX-5333 |
| DX-4202 | DX-5365 |
| DX-4388 | |

1  Valve also requests that the Court close the courtroom to the public (including the media)
2  and to the parties' witnesses, employees or in-house counsel (those that do not qualify as persons
3  who can receive confidential or highly confidential information under the protective order in
4  place in this action) for any testimony regarding these exhibits or the information they contain,
5  and direct the parties not to refer to this information in opening statements, closing argument or
6  any demonstratives made available on the public record.

Dated: April 29, 2021                             FOX ROTHSCHILD LLP

                                                  By: /S/ Jaemin Chang
                                                      Gavin W. Skok
                                                      Jaemin Chang
                                                      Attorneys for non-party Valve Corporation