Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640
Facsimile:    (888) 775-0898

Attorney for Third-Party Respondent
Match Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>            Plaintiff and Counter-Defendant,<br><br>     vs.<br><br>APPLE INC.,<br><br>            Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR<br>Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR<br><br>**DECLARATION OF DOUGLAS J. DIXON PURSUANT TO CIVIL LOCAL RULE 7-11(a) IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL DOCUMENTS AT TRIAL PURSUANT TO CIVIL LOCAL RULE 79-5(e)** |
| IN RE APPLE iPHONE ANTITRUST LITIGATION | |
| DONALD R. CAMERON, et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>APPLE INC.,<br><br>            Defendant. | |

# DECLARATION OF DOUGLAS J. DIXON

I, Douglas J. Dixon, declare as follows:

1. I am a partner with the law firm of Hueston Hennigan LLP, counsel of record for Match Group, Inc. ("Match") in this action. I am an attorney duly licensed to practice before the courts in the State of California. I submit this declaration in support of Match's concurrently filed Motion to Seal Documents pursuant to Civil Local Rule 79-5(e). I have personal knowledge of the facts set forth in this Declaration except as stated otherwise, and if called as a witness, I could and would testify competently to such facts under oath.

2. On April 24, 2021, counsel for Apple reached out to my co-counsel in this matter to inform Match that Apple included on its exhibit list for trial two documents produced by Match and designated as confidential. Apple requested that Match file the present motion to seal and indicated that Apple would file objections, if any, on April 30, 2021. Match has worked diligently to identify which of its confidential materials satisfy the "compelling reasons" standard for sealing and to narrow its sealing request to the minimum amount necessary to protect Match's confidential and proprietary business information.

3. On April 23, 2021, counsel for Epic similarly informed Match that Epic had included six documents produced by Match and designated as confidential on its exhibit list for trial. Epic requested that Match file the present motion to seal and indicated that Epic would file separate objections, if any. Match has worked diligently to identify which of its confidential materials satisfy the "compelling reasons" standard for sealing and to narrow its sealing request to the minimum amount necessary to protect Match's confidential and proprietary business information.

4. I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. This declaration was executed this 29th day of April 2021, in Marshall, Texas.



DOUGLAS J. DIXON