THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in response to Epic's Administrative Motion to Seal Portions of Its Expert Written Direct Examinations (Dkt. 509). Apple joins Epic's Motion in part. After reviewing the underlying Expert Written Directs (Dkt. 509-4–509-17), Apple seeks to seal a more narrow set of information.

3. Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents attached to a dispositive motion or presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

5.      The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

6.      The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed Epic's Expert Written Directs and now proposes only those redactions that are essential.

7.      Specifically, Apple seeks to seal only information about (1) non-public financial information; and (2) competitively sensitive information that could aid a bad actor.

8.      Apple first seeks to seal non-public financial information. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). It would give Apple's competition confidential information about Apple's business model and strategy. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

9.      The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

10.     In particular, as identified below by reference to this paragraph, Apple seeks to seal certain financial and business information about the App Store, such as information about internal Apple calculations of the App Store's market share, as well as about the total revenue generated by the App Store. It also seeks to seal information revealing what portion of that revenue is generated by particular apps or categories of apps. Additionally, Apple seeks to shield from public disclosure estimates and calculations made by Dr. Evans using non-public App Store transaction data. Disclosure

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

of this information about the inner workings of the App Store would give Apple's competitors an unfair insight into Apple's business model and strategy, putting Apple at a competitive disadvantage. It would also undermine Apple's business relationship with its developer partners who trust that Apple will keep their private financial information confidential.

11.  Apple also seeks to seal sales data about iOS devices. Apple does not provide—and is not required to provide, under the applicable statutes and regulations—this information to the public. Disclosure of this information would cause Apple economic harm and allow Apple's competitors to gain knowledge of Apple's internal business operations that they would not have been able to access in the ordinary course of business.

12.  With respect to the information contained in the testimony of Mr. Barnes, and discussions of that information in the testimony of Dr. Evans, as identified below by reference to this paragraph, Apple has an additional concern that disclosure would create confusion on the part of the investing public about what certain trial evidence might (or might not) mean for Apple's financial performance and, thus, the trading value of its stock. Courts have recognized that "the potential to confuse and mislead the public" can "amount to compelling reasons to maintain the [business] information at issue under seal" where disclosure "may result in more harm than good." *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13-MD-2452, 2021 WL 873290, at *3 (S.D. Cal. Mar. 9, 2021); *see also United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (declining to release information that was "more likely to mislead than to inform the public").

13.  The existence of a "general right to inspect and copy public records and documents" and observe public proceedings, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978), does not mandate that this Court allow its courtroom to become a market mover. Preventing the public confusion, and potential economic harm, that could result from disclosure of Mr. Barnes' calculations is a compelling reason to seal testimony relating to the App Store's profitability.

14.  Second, Apple respectfully requests that the Court seal the identified information that could aid a bad actor. Specifically, Apple seeks to seal specific information about Apple's security policies and internal payment processes contained in the testimony of Drs. Lee and Evans, as identified

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

below. Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

15. Public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and private confidential data of its customers and developers—and keeping those efforts confidential is important to their efficacy.

16. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in further narrowing the amount of designated confidential material and consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential.

17. After reviewing Epic's Expert Written Directs, Apple has specified in the chart below the provisional redactions that Apple concedes should not be redacted. In each instance, Apple's responses relate only to the confidentiality of the statements in Epic's Expert Written Directs; Apple's responses are not meant to concede the accuracy of those or any other statements in Epic's filing. In addition, Apple's responses and motion relate only to confidential information contained in the text of Expert Written Directs, and not to the exhibits cited therein.

| Document or Portion of Document That Need Not Be Sealed |
| --- |
| Lee Rebuttal ¶ 63 |
| Lee Rebuttal ¶ 67 |
| Lee Rebuttal ¶ 68 |
| Lee Rebuttal n. 30 |
| Lee Rebuttal n. 37 |
| Lee Rebuttal n. 38 |
| Lee Rebuttal n. 39 |
| Lee Rebuttal ¶ 99 |
| Lee Rebuttal n. 76 |

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document That Need Not Be Sealed |
|---|
| Lee Rebuttal ¶ 119 |
| Lee Rebuttal n. 89 |

18. Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein, highlighted in yellow in the attached unredacted version.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Evans Opening ¶ 141 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 149 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 151 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 153 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 154 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 182 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 183 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Evans Opening ¶ 184 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 188 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |

Gibson, Dunn & Crutcher LLP

5

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Evans Opening ¶ 189 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 229 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Evans Opening ¶ 270(i) | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 288 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening ¶ 295 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–11 |
| Evans Opening n. 3 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–11 |
| Evans Opening n. 46 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Evans Opening n. 47 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 48 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 49 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 50 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 51 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 52 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |

Gibson, Dunn & Crutcher LLP

6
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Evans Opening n. 74 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 77 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening n. 105 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Evans Opening n. 108 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Evans Opening n. 126 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–11 |
| Evans Opening Figure 2 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening Figure 3 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening Figure 4 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Evans Opening Figure 5 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Evans Opening Table 3 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening Table 4 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening Table 7 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Opening Table 8 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Barnes Opening ¶ 2 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |

Gibson, Dunn & Crutcher LLP

7

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Barnes Opening ¶ 4 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 5 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 6 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 7 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 8 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 9 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 10 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 11 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 12 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 13 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 14 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 15 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 16 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |

Gibson, Dunn & Crutcher LLP

8
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Barnes Opening ¶ 17 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 18 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 19 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 20 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 21 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 25 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening ¶ 27 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening n. 1 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening graphic on page 3 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening graphic on page 5 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening graphic on page 9 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening graphic on page 11 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening Table 1 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |

Gibson, Dunn & Crutcher LLP

9
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Barnes Opening Table 2 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Barnes Opening Table 3 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Rossi Opening ¶ 49 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 56 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 4 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 57 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 94 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 18 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 95 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 99 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 21 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 100 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 22 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |

Gibson, Dunn & Crutcher LLP

10

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Cragg Rebuttal ¶ 102 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 23 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 103 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 24 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal ¶ 105 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Cragg Rebuttal Figure 25 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal Table of Contents | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 2 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 34 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal n. 38 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 36 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 40 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 42 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |

Gibson, Dunn & Crutcher LLP

11
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Evans Rebuttal ¶ 43 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 44 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 45 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal n. 50 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal n. 52 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal n. 54 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 46 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage and potentially mislead the investing public / Brass Decl. ¶¶ 8–10, 12 |
| Evans Rebuttal ¶ 47 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 49 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal n. 58 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal n. 59 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 64 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Evans Rebuttal ¶ 71 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |

Gibson, Dunn & Crutcher LLP

12
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Evans Rebuttal ¶ 74 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Lee Rebuttal ¶ 35 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Lee Rebuttal n. 18 | Contains confidential information that could be used to evade Apple's security protocols / Brass Decl. ¶¶ 14–15 |
| Mathiowetz Rebuttal ¶ 12 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Mathiowetz Rebuttal ¶ 70 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Mathiowetz Rebuttal ¶ 71 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Mathiowetz Rebuttal n. 9 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |
| Mathiowetz Rebuttal n. 10 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 8–10 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on April 30, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

13
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS EXPERT WRITTEN DIRECT EXAMINATIONS, 4:20-CV-05640-YGR