ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JUSTIN P. RAPHAEL (State Bar No. 292380)
Justin.Raphael@mto.com
EMILY C. CURRAN-HUBERTY (State Bar No. 293065)
Emily.Curran-Huberty@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:	(415) 512-4000
Facsimile:	(415) 512-4077

*Attorneys for Third-Party Respondent Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiffs Counter-defendant,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant, | Case No. 4:20-cv-05640-YGR-TSH<br><br>**ADMINISTRATIVE MOTION OF NON-PARTY FACEBOOK, INC. TO SEAL TRIAL EXHIBITS**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Trial: May 3, 2021 |

Pursuant to Local Civil Rules 7-11 and 79-5, Non-Party Facebook, Inc. ("Facebook") hereby moves the Court for an administrative order sealing four (4) exhibits on the trial exhibit list submitted by Epic Games, Inc. ("Epic Games"), ECF 448, in whole or in part: **PX-2411** [EGFB-000264], **PX-2413** [EGFB-001138], **PX-2414** [EGFB-002073], and **PX-2415** [EGFB-002938]. These documents include:

- Internal discussions among Facebook employees regarding Facebook's strategy for negotiations with Apple regarding distribution of Facebook gaming apps, including regarding features of gaming apps that Facebook has considered but not released and estimates of the impact of those features on an app's success; and

- Internal discussions among Facebook employees regarding Facebook's strategy related to video, photo and messaging products that are not at issue in this case.

Facebook respectfully requests that portions of these documents containing confidential information as indicated in Facebook's proposed redactions be sealed from the public record and, if the documents are used during trial proceedings, that the documents' confidential, commercially sensitive contents not be displayed in public view or revealed during examinations of witnesses or argument. Pursuant to Civil Local Rule 79-5(d)(1)(C), redacted versions of the documents sought to be sealed accompany this motion, with the exception of PX-2415 [EGFB-002938], which Facebook seeks to seal in its entirety.

## **LEGAL STANDARD**

Although there is "a general right to inspect and copy public records and documents, including judicial records and documents," public "access to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). Thus, despite the "strong presumption in favor of access," documents may be sealed for "compelling reasons." *Id.* (internal quotation marks omitted).

Whether such reasons exist is a matter for "the sound discretion of the trial court," but courts have recognized that the need to protect "sources of business information that might harm a litigant's competitive standing" can be a compelling reason warranting sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks omitted). Indeed, "[c]ompelling reasons may exist to seal trade secrets, marketing strategies,

product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Google Location Hist. Litig.*, No. 5:18-CV-05062-EJD, 2021 WL 519380, at *10 (N.D. Cal. Jan. 25, 2021) (internal quotation marks omitted).

Courts in this District also have sealed documents containing confidential, internal deliberations regarding product features and business strategy. *See Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (granting request to seal "sensitive information about the governance, administration, and operation of" BlackRock investment products and its "Investment Committee's confidential actions and deliberations"); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (sealing "internal Primus emails discussing Primus's costs and pricing practices that are not generally known to Primus's customers and competitors"); *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *5 (N.D. Cal. Apr. 30, 2018) (sealing "information relating to Cisco's internal documents, business and competitive strategies, and private business communications" as well as "internal communications on strategy and customer requirements"); *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing Safeway's pricing strategy, business decisionmaking, and financial records, which would expose Safeway to competitive harm if disclosed").

## ARGUMENT

Epic Games has included on its trial exhibit list several documents that Facebook produced in response to third-party subpoenas from Epic and Apple that contain confidential, commercially sensitive information. As explained below, there are compelling reasons to seal these documents.

**PX-2411** [EGFB-000264] (Exhibit 1) is an internal Facebook document that includes confidential information regarding Facebook's strategy in negotiating with Apple regarding distribution of its apps on Apple devices as well as confidential numerical estimates of the impact that Apple's rejection of a never-released feature of Facebook's app would have on Facebook's customer base for its gaming product. Disclosure of information regarding Facebook's strategies

for distribution of its apps would cause Facebook harm by giving Apple and other app distributors information that they could use against Facebook in future business negotiations, and could also disadvantage Facebook relative to other competitors in future strategic negotiations with app distributors.  Sharma Decl. ¶ 7.  Disclosure of information regarding features of gaming products that Facebook considered but did not release, and the impact of those features on the success of its product, would cause Facebook competitive harm by revealing Facebook's strategy for gaming products to potential competitors.  Sharma Decl. ¶ 7.

**PX-2413** [EGFB-001138] (Exhibit 2) is a series of internal Facebook communications in which Facebook employees are discussing and deliberating the company's strategy for its Facebook Gaming app following Apple's rejection of that app from its App Store in the spring of 2020.  These communications include discussions of both Facebook's strategy in negotiating with Apple regarding distribution of its apps on Apple devices and Facebook's future strategy regarding features of its gaming products.  Disclosure of information regarding Facebook's strategies for distribution of its apps would cause Facebook harm by giving Apple and other app distributors information that they could use against Facebook in future business negotiations, and could also disadvantage Facebook relative to other competitors in future strategic negotiations. Sharma Decl. ¶ 9.  Disclosure of information regarding features of gaming products that Facebook considered but did not release would cause Facebook competitive harm by revealing Facebook's strategy for gaming products to potential competitors.  Sharma Decl. ¶ 9.

**PX-2414** [EGFB-002073] (Exhibit 3) and **PX-2415** [EGFB-002938] (Exhibit 4) include internal discussions among Facebook employees regarding how to approach business negotiations with Apple.  These documents discuss Facebook's strategy related to Apple's approval of Facebook's gaming products which, if disclosed, would cause Facebook harm by giving Apple and other app distributors information that they could use against Facebook in future business negotiations, and could also disadvantage Facebook relative to other competitors in future strategic negotiations.  Sharma Decl. ¶ 11.  These documents also contain confidential information about Facebook's strategy for messaging, photo and video products that are not at issue in this case, the disclosure of which would cause Facebook competitive harm.  Sharma Decl. ¶ 11.  *Cf.*

*Ctr. for Auto Safety*, 809 F.3d at 1101 (right to public access only applies to information "more than tangentially related to the merits of a case").

**CONCLUSION**

For the foregoing reasons, Facebook respectfully requests that the Court seal confidential information as indicated by Facebook's proposed redactions in the following exhibits on Epic Games's trial exhibit list: **PX-2411** [EGFB-000264], **PX-2413** [EGFB-001138], and **PX-2414** [EGFB-002073]. For **PX-2415** [EGFB-002938], Facebook respectfully requests that the Court seal the document in its entirety.

DATED: April 30, 2021               Respectfully submitted,

                                    MUNGER, TOLLES & OLSON LLP


                                    By:      */s/ Emily C. Curran-Huberty*
                                          EMILY C. CURRAN-HUBERTY
                                    Attorneys for Third-Party Respondent
                                    FACEBOOK, INC.