UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EPIC GAMES, INC.,**<br>        Plaintiff,<br><br>vs.<br><br>**APPLE INC.,**<br>        Defendant.<br><br>**AND RELATED COUNTERCLAIM** | Case No. 4:20-cv-05640-YGR<br><br>**PRETRIAL ORDER NO. 7 RE: THIRD PARTY ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Dkt. Nos. 486, 504, 506, 507, 513, 514, 516, 522, 525, 526, 528, 543 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court is in receipt of multiple third-party motions to seal, namely one filed by NVIDIA Corporation (Dkt. No. 504), Google LLC (Dkt. Nos. 506, 507), App Annie, Inc. (Dkt. No. 513), Sony Interactive Entertainment LLC (Dkt. No. 516), Yoga Buddhi Co (Dkt. No. 522), Roblox Inc (Dkt. No. 525), Valve Corporation (Dkt. No. 526), and Match Group Inc. (Dkt. No. 528.), as well as two filed by defendant Apple Inc. relating to PayPal, Inc. (Dkt. No. 486, *see also* Dkt. No. 543) and AMZN Mobile LLC ("Amazon"). (Dkt. No. 514.)

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). In general, a "strong presumption in favor of access" to court records exists, especially during trial. At times, compelling reasons which are "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing")).

Here, and importantly, the gravamen of this case *is* business competition, including whether competition exists; if so, among which players; and how such competition influences the market. The Court understands that the standard is more lenient when the information concerns third parties, but this is not dispositive. The third-party information must be balanced with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis. Accordingly, the Court makes the following findings based upon the current state of the record:[1]

1. **NVIDIA Corporation (Dkt. No. 504)**

The motion is **GRANTED** as to all documents except for:

- PX-2480/DX-3554 (Exhibit A)
    - Page 6-7: the title of the slides shall be disclosed. The remainder is sealed.
- PX-0729 (Exhibit B)
    - All pages shall disclose the title of the slides/pages. The remainder is sealed.

The Court otherwise finds that the requested information is narrowly tailored toward sealing highly confidential information, including pricing strategy, business decision-making, and financial records, belonging to NVIDIA, a third-party non-party to this action, and that there are compelling reasons for such sealing. *See, e.g.*, *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing "highly confidential and sensitive information relating to Cisco's financial information and internal development strategies" and "highly confidential and sensitive information relating to Arista's financial and customer information"); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 8294276, at *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive

---

[1] Litigants are advised that if the Court ultimately decides that certain information is important to disclose which has been sealed, it will provide an opportunity for the moving party to respond.

disadvantage.").

NVIDA shall provide the parties with revised redacted versions of the documents which may be used in any public portion of the trial, assuming they are admissible.

2. **Google LLC (Dkt. Nos. 506, 507)**

The motion is **GRANTED** as to all documents except for:

- DX4172, DX-4910 (duplicate of DX-4172), DX-5325 (duplicate of DX-4172) (Exhibit A)
    - GOOG-APPL-00125075: the text under business model shall be unredacted. The remainder is sealed.
- DX-4046 (Exhibit F)
    - The entirety of the document shall be unredacted.
- DX-3779 (Exhibit H)
    - GOOG-APPL-00106407: the final bullet point above the privileged bullet point, starting with "We can't afford…" shall be unredacted. The remainder is sealed.
- DX-3165 (Exhibit L), DX-3250 (Exhibit M), DX-3598 (Exhibit N), DX-3942 (Exhibit O), DX-4001 (Exhibit P), DX-4310 (Exhibit Q)
    - The Court **DEFERS** considerations of these documents until their use at trial. The documents reflect general consumer survey data. There *may* be a strong public interest in disclosure of these documents, especially for certain pages that are otherwise reflective of the market, including consumer preferences. Google is on notice that certain pages may be unsealed depending on the testimony and use of these documents at trial.
- DX-4478 (Exhibit R)
    - The entirety of the document shall be unredacted.

These documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access. Moreover, these documents reflect areas of competition that are highly relevant to the Court's determination in this

3

action.

Google shall provide the parties with redacted versions of the documents which may be used in any public portion of the trial, assuming they are admissible.[2]

3. **App Annie Inc. (Dkt. No. 513)**

This motion to seal is **PROVISIONALLY GRANTED**. Annie seeks to seal data showing estimates of app usage across various apps. (Dkt. No. 513-1 ¶ 8.) Annie is in the business of selling such data as part of providing analytics to developers. (*Id.* ¶ 2.) Accordingly, it may be harmed by being forced to provide its main product for free. Moreover, Apple indicates that it will only use such data in summary exhibits. (*Id.* ¶ 9.) The public's interest in accessing the specific exhibits is therefore reduced. For these reasons, the Court finds that the public interest in accessing the documents is outweighed by potential for harm to a third-party.

However, neither Annie nor Apple have provided the exhibits at this time. Accordingly, this portion of the Order is contingent on the Court reviewing the documents.

4. **Sony Interactive Entertainment LLC (Dkt. No. 516)**

The motion is **DENIED**. Sony seeks to file under seal three exhibits (DX-3520, DX-4354, and DX-4357) evidencing policies that developers must follow regarding pricing information, virtual currency, and the setting of wholesale pricing. Sony has not demonstrated any harm of public disclosure where each of these policies are disclosed to developers who wish to sell on their digital marketplace. Indeed, per Sony's motion, these documents are disclosed to all developers, indicating their wide and broad dissemination to developers engaging with Sony's digital marketplace. Moreover, there is a significant public interest in accessing documents relating to alternative digital distribution platforms, including assessing the competition therein.

5. **Yoga Buddhi Co. (Dkt. No. 522)**

The motion is **GRANTED**. The motion is narrowly tailored in redacting personal

---

[2] The Court does not understand the import of Google's request that the redacted documents only be used in trial "so long as the public monitors or other displays are turned off while they are being displayed," which is **DENIED**. All admitted documents will be readily available to the public at the end of each trial day. Limiting the display of each during the trial serves no logical purpose.

4

identifying information, including names, phone numbers, and email addresses. The majority and substance of the customer communications is otherwise appropriately unsealed and unredacted.

6. **Roblox, Inc. (Dkt. No. 525)**

The motion is **GRANTED**. The motion is narrowly tailored in seeking to file under seal one document (DX-3879) that contains sensitive information, including pricing, revenues and user data. Such information is appropriately sealed.[3]

7. **Valve Corporation (Dkt. No. 526)**

The motion is **GRANTED** as to all documents except for:

- DX-3585, DX-5333
    - The entire documents shall be unredacted. For reasons similar to Sony's request, it is not all clear why these documents, template agreements presented to any developer who wishes to sell games on Valve's Steam platform, should be sealed when these are widely disseminated to any developer who so requests it.[4] These documents are highly relevant to the Court's analysis in assessing where competition exists in this action.
- DX-3931, DX-4202, DX
    - The Court **DEFERS** consideration of these documents until their use at trial. These documents are the specific agreements between Epic Games, a party to this action, and Valve. Without knowing more about the context of how these documents will be used, the Court cannot make a ruling as to these Epic Games specific agreements.

---

[3] As discussed in the Match Group section below, such general references summarizing the information contained within the document without reference to specific numbers (*e.g.* that more revenue is derived on one platform versus another platform) do not warrant the sealing of the courtroom.

[4] Valve's citation to *Philips v. Ford Motor Co.*, No. 14-cv- 02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) does not persuade. There, at the motion for class certification stage, Judge Lucy Koh sealed internal pricing decisions and cost data that was not otherwise presented to the public. Here, these are template agreements presented to *any* developer who wishes to sell on the Steam platform. At the bench trial phase of this action, these documents' wide dissemination does not support the sealing of these documents.

- DX-4388, DX-3746, DX-3868 (duplicates: DX-5322)
    - The slide titled "Policy Proposal – Refresh" (Dkt. No. 526-7 at 2), and "Policy Proposal" (Dkt. No. 526-8 at 4; Dkt. No. 526-9 at 4) shall be unredacted as Valve has already implemented this policy with respect to Steam.  The remainder at this time is appropriately sealed, however, Valve is on notice that one or two additional slides may be subject to unsealing depending on the context of their use at trial.  (*See, e.g.*, Dkt. No. 526-8 at 2, 11; Dkt. No. 526-9 at 2, 11.)
- DX-4514, DX5321
    - The information in the partner and titles column shall be unredacted *unless* the game which is listed *or* the cross-play feature therein has not been publicly released.  In other words, if the listed game or the cross-play feature has not been publicly released, the partner and title column for that game may then be sealed (redacted).  The remaining proposed redactions are otherwise sealed.
- DX-4200 (duplicate: DX-5365)
    - The Court **DEFERS** consideration of this document until its use at trial.  Discussions on the Epic Games Store may be highly relevant and therefore appropriately unredacted depending on their use at trial.

These documents, or portions thereof, which are unredacted do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access.  Moreover, these documents reflect areas of competition that are highly relevant to the Court's determination in this action.

Valve shall provide the parties with revised redacted versions of the documents which may be used in any public portion of the trial, assuming they are admissible

8. **Match Group Inc.  (Dkt. No. 528)**

The motion is **GRANTED** as to all documents except for:

- DX-4139 (Exhibit A), PX-0863 (Exhibit H)

6

- These documents shall remain sealed. That said, the Court does not intend to seal the courtroom if general references summarizing the information without reference to specific numbers (*e.g.* that more in-app purchases or subscriptions occurred on one platform versus another platform) are discussed during trial.

These requests are otherwise narrowly tailored to protect highly confidential information including non-public financial information.

9. **PayPal, Inc. and AMZN Mobile LLC (Dkt. Nos. 486, 514, 543)**

Apple requests the sealing of two specific agreements it has with PayPal and Amazon. The Court **DEFERS** consideration of these documents until their use at trial. These documents are the specific agreements between Apple, a party to this action, and PayPal and Amazon, non-parties. Without knowing more about the context of how these documents will be used, the Court cannot make a ruling as to these Apple specific agreements.

This terminates Docket Numbers 486, 504, 506, 507, 513, 514, 516, 522, 525, 526, 528, and 543.

**IT IS SO ORDERED.**

Dated: April 30, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**