UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>APPLE INC.,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.  4:20-cv-05640-YGR<br><br>**PRETRIAL ORDER NO. 8 RE: ADMINISTRATIVE MOTION TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL**<br><br>Dkt. No. 515 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court is in receipt of a Motion to Seal the Courtroom During Presentation of Certain Confidential Material at Trial, filed by Defendant Apple Inc. (Dkt. No. 515.) Apple requests that the courtroom be closed during discussions of its App Store's profitability, as analyzed by Epic Games' accounting expert, Ned S. Barnes. In addition to closing the courtroom for the entirety of Mr. Barnes' testimony, Apple requests that the courtroom be closed for any fact or expert witness testimony "addressing the subject matter of Mr. Barnes' opinions or the documents on which he relied" or "adopting or responding to Mr. Barnes' opinions." Apple also seeks to prevent Epic Games from mentioning the topic in its opening statements or in demonstratives.

Apple seeks to justify these restrictions under a novel theory that investors might misinterpret the financial analysis and grow "confused." While Apple is correct that non-public financial information is frequently subject to sealing, courts do so not because the information may confuse investors, but because it can create competitive harm. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013).

The question of whether, and if so, to what extent, supra-competitive profits exists in a relevant market is evidence of market power.  *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1252 (11th Cir. 2002).  Such information is highly probative in an antitrust case.  The Court knows no case where an expert's profitability analysis has been sealed where the expert's opinion reflects their own independent analysis.[1]  While the underlying information is sealable, the conclusion is not.

To the extent that Apple disagrees with the analysis, it will have ample opportunity to cross-examine Mr. Barnes and explain why the analysis is wrong.  As is set forth herein, to the extent that properly sealed financial information is necessary to cross-examine an expert, the Court will consider sealing the courtroom for those short periods of time.  The Court will discuss other alternatives which may exist to address this issue.  The request for a blanket sealing as to Mr. Barnes' testimony is therefore **DENIED**.

With respect to the written direct testimony of Mr. Barnes, the Court rules as follows on Apple's sealing request:

| PARAGRAPH(S) | RULING |
| --- | --- |
| 2, 4 | **DENIED** |
| 5 | **GRANTED** |
| Figure on Page 3 | **GRANTED** |
| 6-7 | **DENIED** |
| 8 | **GRANTED IN PART AND DENIED IN PART**: The last sentence is sealed; the earlier sentences shall be unredacted. |
| Figure on Page 5 | **GRANTED** |
| 9 | **GRANTED IN PART AND DENIED IN PART**: The second sentence is sealed; the other sentences shall be unredacted. |
| 10 | **GRANTED IN PART AND DENIED IN PART**: The sentences following the first sentence are |

---

[1] Apple's cited cases are inapposite.  In the closest case, a party sought to seal a proprietary drug study that showed a potential link between the drug and pancreatic cancer.  *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13-MD-2452, 2021 WL 873290, at *3 (S.D. Cal. Mar. 9, 2021).  The study was preliminary, and, notably, the court had already considered and rejected it as insufficient to show a causal link.  *Id.*

|  | sealed. The first sentence shall be unredacted. |
|---|---|
| 11 | **GRANTED IN PART AND DENIED IN PART**: The last sentence is sealed; the other sentences shall be unredacted. |
| 12 | **GRANTED IN PART AND DENIED IN PART**: The entirety of this paragraph is sealed except for the first, second, and fifth sentences, which shall be unredacted. |
| Figure on Page 7 | **GRANTED IN PART AND DENIED IN PART**: The figure is sealed; the redaction in the caption shall be unredacted. |
| 13 | **DENIED** |
| Figure on Page 8 | **GRANTED** |
| 14-15 (including Footnote 1) | **DENIED** |
| 16 and Figure on Page 9 | **GRANTED** |
| 17 | **DENIED** |
| 18 | **GRANTED IN PART AND DENIED IN PART**: The third sentence is sealed; the other sentences shall be unredacted. |
| Figure on Page 10 | **GRANTED** |
| 19 | **GRANTED IN PART AND DENIED IN PART**: The last sentence is sealed; the other sentences shall be unredacted. |
| Figure on Page 11 | **GRANTED** |
| 20-21, 25 | **GRANTED** |
| 27 | **GRANTED IN PART AND DENIED IN PART**: The first redacted sentence is sealed; the second redaction shall be unredacted. |

This Order terminates Docket Number 515.

**IT IS SO ORDERED.**

Dated: April 30, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**