ALTO LITIGATION, PC
  Ellen London (Bar No. 325580)
  ellen@altolit.com
  Bess Ibtisam Hanish (Bar No. 325938)
  bess@altolit.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 779-2586
Facsimile: (866) 654-7207

Attorneys for Non-Party Lyft, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff, Counter-Defendant, | **NON-PARTY LYFT, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS** |
| v. | |
| APPLE, INC., | The Hon. Yvonne Gonzalez Rogers |
| Defendant, Counterclaimant. | Trial: May 3, 2021 |

Pursuant to Local Civil Rules 7-11 and 79-5(d), Non-Party Lyft, Inc. ("Lyft") hereby moves the Court to issue an administrative order to allow portions of documents containing confidential Lyft information to be filed under seal, if admitted at trial.  This motion is supported by the accompanying declarations of Mojin Chen and Ellen London.

## I.      BACKGROUND

Apple, Inc. ("Apple") notified Lyft that Epic Games, Inc. ("Epic") has listed as trial exhibits certain documents that contain information regarding Lyft business practices.[1]  London Decl. at ¶ 3.  Specifically, the documents labeled PX-0201, PX-2061, and PX-2240[2] contain information that was shared with Apple in the context of a discussion about past iterations of Lyft's subscription plans, pertaining to how Lyft valued and accounted for these interests with its customers; this is information that Lyft keeps confidential as a general matter, and, in particular, does not share with its competitors.  Chen Decl. at ¶ 4.  The information was provided to Apple solely for the purpose of negotiations with Apple, with an understanding that the information would be kept confidential.  Chen Decl. at ¶ 6.

Lyft is filing this motion to seek to protect the confidentiality of information about Lyft that may be revealed in the trial of this matter.  As such, Lyft moves to seal a small portion of these potential trial exhibits that contain its confidential business information.[3]  Epic takes no position as to Lyft's request to seal the information, and Apple is not opposed to Lyft's motion. London Decl. at ¶ 5.  Lyft is seeking minimal redactions of certain phrases in the relevant documents.

---

[1] The documents being submitted to the Court with this motion are redacted as to portions pertaining to other entities, because Apple provided these documents to Lyft in a redacted form.  This was done to protect information regarding these other entities.  *See* London Decl. at ¶ 3.  If the Court would prefer to see a fully unredacted version of the documents, Lyft can coordinate with the parties to provide it to the Court in such a way as to protect the other entities' information.

[2] Lyft notes that when the documents were produced in the litigation they were marked as "Highly Confidential" (PX-0201 and PX-0240) and "Confidential" (PX-2061).

[3] Lyft does not object to the unredacted versions of these documents being used during the trial proceedings, assuming they are otherwise admissible, so long as the public is not permitted in the courtroom for any testimony involving this information and the Court directs the parties not to refer to this information in opening statements, closing arguments, or any demonstratives or other documents made on the public record (unless appropriately redacted).

1

2   **II.    ARGUMENT**

3         The narrow information at issue in this request is the type of sensitive commercial

4   information that is properly protected from disclosure.  While there is a presumption in favor of

5   access to court records, "sources of business information that might harm a litigant's competitive

6   standing" often warrant protection under seal.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

7   598 (1978).  The standard for whether to seal information that is attached to a non-dispositive

8   motion is "good cause," given that the documents are often unrelated or only tangentially related

9   to the underlying cause of action, and the standard for whether to seal information in a dispositive

10  motion or at trial is a showing of "compelling reasons."  *Kamakana v. City & Cty. of Honolulu*,

11  447 F.3d 1172, 1180 (9th Cir. 2006).  Even though the documents at issue are potential trial

12  exhibits, the limited information here, which relates entirely to a non-party, is only tangentially

13  related to the underlying dispute between Epic and Apple such that the good cause standard is

14  appropriate.  *See*, *e.g.*, *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008

15  WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (finding that the court may seal "third parties'

16  confidential information" that has "little or no relevance to the issues" in the litigation under the

17  "compelling reasons" standard, and also explaining that the mere fact that a document is attached

18  to a dispositive motion does not make it subject to the "compelling reasons" standard).  Regardless

19  of which standard applies, however, Lyft satisfies either one of them for this limited and carefully

20  segregated information.

21        The documents labeled PX-0201, PX-2061, and PX-2240 contain confidential business

22  information about Lyft that it shared with Apple as part of business negotiations, including certain

23  information about past iterations of Lyft's subscription plans that would reveal information about

24  Lyft's past business strategy and practices; the information was shared with an understanding that

25  it would be kept confidential.  *See* Chen Decl. at ¶ 5.  Lyft maintains this information as

26  confidential, even limiting its availability within the company.  *See* Chen Decl. at ¶ 5–6.  Public

27  disclosure of this information would provide Lyft's competitors with unfair insights into its

28  business practices and would put Lyft at a competitive disadvantage.  *See* Chen Decl. at ¶ 7.  For

NON-PARTY LYFT, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS

1   instance, competitors may use this information in an effort to predict Lyft's future strategies and

2   thus find ways to better compete with Lyft based on what strategies Lyft has implemented and

3   how it has valued certain interests vis-à-vis its customers.  *See* Chen Decl. at ¶ 7; *see also Dunbar*

4   *v. Google, Inc.,* No. 5:12-CV-003305-LHK, 2012 WL 6202719, at *6 (N.D. Cal. Dec. 12, 2012)

5   (sealing contractual information because it would give a company's other "partners unfair insight

6   into the terms of [its] agreements" with another partner) (internal quotation marks omitted);

7   *Grundig Multimedia AG v. Eton Corp.*, No. 20-CV-05206-NC, 2021 WL 411237, at *6 (N.D. Cal.

8   Feb. 5, 2021) (sealing business information because it could give competitors insights on how the

9   company "structures its business . . . agreements") (internal quotation marks omitted).

10      Lyft's request is narrowly tailored and meets the standard for whether the information

11  should be filed under seal.[4]  *See Grundig*, 2021 WL 411237, at *6 ("in this district, sealing

12  motions must be 'narrowly tailored to seek sealing only of sealable material'") (citing Civil L.R.

13  79-5(b)).

14  **III.   CONCLUSION**

15      For the reasons stated above, Lyft respectfully requests that the Court order that the

16  portions of the documents described above be filed under seal, and that only appropriately

17  redacted versions of these documents be placed on the public record.

18

19  Dated:  April 30, 2021                     ALTO LITIGATION, PC

20

21                                            By: */s/ Ellen London*
22                                               Ellen London

23

24

25

26

27

28

---

3

NON-PARTY LYFT, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS