David P Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7076
Facsimile: 415.344.7050

Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile: 206-359-9000

Attorneys for Non-Party
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant.<br><br>IN RE APPLE IPHONE ANTITRUST LITIGATION,<br><br>DONALD R. CAMERON, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>APPLE INC,<br><br>        Defendant. | Case No. 4:20-cv-05640-YGR<br><br>**NON-PARTY MICROSOFT'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PROPOSED TRIAL EXHIBITS** |

MICROSOFT'S ADMIN. MOT. TO SEAL
PORTIONS OF PROPOSED TRIAL EXS.

CASE NO. 4:20-CV-05640-YGR

Non-party Microsoft Corporation ("Microsoft") respectfully moves the Court, pursuant to Civil Local Rules 7-11(a) and 79-5(d)-(e), for an order sealing narrowly tailored portions of fourteen documents that the parties intend to submit as trial exhibits (collectively, the "Proposed Trial Exhibits"), all of which contain Microsoft's confidential, competitively sensitive information. The motion is accompanied by the Declarations of David Hampton, Herbert Holzer, David Los, Stephanie Louie, and Cynthia Williams in Support of Non-Party Microsoft Corporation's Administrative Motion to Seal Portions of Proposed Trial Exhibits. Pursuant to Civil Local Rule 7-11, Microsoft and the parties have conferred regarding this motion. Apple and Epic support the filing of this motion. Declaration of David Chiappetta dated April 30, 2021 ¶¶ 4-5.

Microsoft requests to seal the following materials and for those materials to remain highly confidential and under seal at trial:

| Document | Portions To Be Placed Under Seal |
| --- | --- |
| PX-2475 | Portions of Pages 5, 8 & 16, 9-11, 13-15, and 18-22 |
| PX-2476 | Portions of Pages 3, 4, 6, and 7 |
| PX-2477 | Portions of Pages 3, 6-9, 10-11, 13-14, 16-17, 23, 25-26, 27, 31-32, 37, 39, 40, 41, 50-52, 52-55, 57, 58-60, and 65 |
| PX-2478 | Portions of Pages 2-3, 7-12, and 14 |
| DX-3110 | Portions of Pages 1 and 2 |
| DX-3437 | Portions of Pages 2, 7, and 11 |
| DX-3587 | [SAME AS DX 3437] |
| DX-3764 | Portions of Pages 1 |
| DX-3918 | Portions of Spreadsheet |
| DX-5402 | [SAME AS DX 3110] |
| DX-5521 | [SAME AS PX 2475] |
| DX-5522 | [SAME AS PX 2476] |
| DX-5523 | [SAME AS PX-2477] |
| DX-5528 | [SAME AS PX 2478] |

-1-

MICROSOFT'S ADMIN. MOT. TO SEAL
PORTIONS OF PROPOSED TRIAL EXS.

Case No.: 4:20-CV-05640-YGR

**A.     Compelling Reasons Exist to Seal Microsoft's Confidential Business Information**

Although there is a presumption of public access to judicial records, that right is not absolute, and a court may seal documents offered in evidence at a trial upon showing compelling reasons to keep certain information confidential. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 330 F.3d 1122, 1135 (9th Cir. 2003); Civil L.R. 79-5(b). A compelling reason to seal judicial records exists when those records might "become a vehicle for improper purposes," such as use of the records to release trade secrets or confidential business information that might harm a litigant's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a [third-party's] competitive standing." (citations omitted)).

Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy the compelling reasons standard. *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020) (citation and quotations omitted) (granting request to seal document revealing parties' operations, business strategies, and finances); *see also Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-CV-01647-YGR, 2015 WL 13655824, at *1 n.1 (N.D. Cal. May 4, 2015) (sealing limited portions of exhibits containing defendant's proprietary financial information); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (citation omitted) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable under the compelling reasons standard). As do sales data documents that reveal a company's "sales growth and decline." *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, *2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.). And, in the context of online stores, confidential information about the store's internal review process also meets the compelling reasons standard. *Opperman v. Path Inc.*, No. 13-cv-00453-JST, 2017 WL 1036652, *4 (N.D. Cal. Mar. 17, 2017) (granting motion to seal exhibits containing information about Apple's internal app store review process). Further, courts have sealed "commercially sensitive information, including pricing information for the rendition of services under contract and proprietary protocols and

-2-

MICROSOFT'S ADMIN. MOT. TO SEAL
PORTIONS OF PROPOSED TRIAL EXS.

Case No.: 4:20-cv-05640-YGR

processes," where disclosure could be obtained by "either current or future clients or competitors" and used to harm "competitive standing." *XIFIN, Inc. v. Firefly Diagnostics, Inc.*, No. 317CV00742BENKSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018).

Finally, there is also a compelling reason to file an exhibit under seal where that exhibit divulges confidential business information unrelated to the public's understanding of the judicial proceeding in which the exhibit is presented. *Chipotle Mexican Grill*, 2020 WL 1171112, at *2. Microsoft has narrowly tailored its sealing requests, and the portions of the trial exhibits that Microsoft seeks to keep under seal are tangential to this litigation.

**B.    Microsoft's Confidential Information Should Be Sealed Because Disclosure Would Harm Its Competitive Standing**

Microsoft seeks to seal its confidential business information because disclosure of such information would harm its competitive standing. As demonstrated in the Declarations of David Hampton, Alex Holzer, David Los, Stephanie Louie, and Cynthia Williams, the information contained in the Potential Trial Exhibits would reveal Microsoft's confidential, non-public business strategies, sensitive information about relationships with specific customers, sales data, and licensing practices. Microsoft has narrowly tailored its request to seal only the information that would cause competitive harm on each page of the Potential Trial Exhibits. Disclosing this information would likely harm Microsoft because the information could be used by its competitors to their competitive advantage in the app and gaming market as described below and the accompanying declarations.

| Document or Portion of Document Sought to be Sealed | Reason(s) for Sealing |
|---|---|
| DX 3110 / DX 5402<br><br>Portions of Spreadsheet titled "Microsoft Outlook" | Portions of this document reflect Microsoft confidential business strategy and financial data, and could be used to harm Microsoft competitively. Declaration of David Los dated April 29, 2021 ¶¶ 4-7. |
| DX 3918<br><br>Portions of Spreadsheet with sheets titled in part "Minecraft Gross Sales Revenue" and "Minecraft Sales Units." | This spreadsheet reflects highly sensitive sales and revenue data, which if disclosed could be used by competitors or external partners to disadvantage Microsoft in licensing, platform leverage, and other business-related negotiations. Declaration of Stephanie Louie dated April 29, 2021 ¶¶ 5-8 |

-3-

MICROSOFT'S ADMIN. MOT. TO SEAL
PORTIONS OF PROPOSED TRIAL EXS.

Case No.: 4:20-cv-05640-YGR

| | | |
|---|---|---|
| 1 2 3 4 5 | PX 2475/ DX 5521<br><br>Portions of PowerPoint re: Gaming Content & Platform Partnerships Deep Dive | Portions of this document reflect confidential information regarding Microsoft's business strategy, future strategic plans, negotiating strategy, relationships with specific customers, future product plans, and confidential licensing strategy, which could be used to harm Microsoft's competitive advantage and relationships with developers and customers. Declaration of Cynthia Williams dated April 29, 2021 ("Williams Dec.") ¶¶ 6-16. |
| 6 7 8 9 | PX 2476 / DX 5522<br><br>Portions of GGPD Portfolio Team Executive Portfolio Update | Portions of this document reflect confidential information regarding Microsoft's business strategy and proprietary methods of predicting which game titles Xbox's competitors will release. This information could be used to undermine Microsoft's competitive advantage. Williams Decl. ¶¶ 17-18. |
| 10 11 12 13 | DX-3437 / DX-3587<br><br>Portions of Independent Developers Publishing Program on Xbox One Title Licensing Agreement (dated May 8, 2017) | Paragraph 2.5.2, 8.1.2, and the first two paragraphs of Schedule A of this document reflects highly sensitive negotiated terms with a particular customer, including terms relating to its strategy and how it differentiates itself from its competitors, and specific pricing information. Williams Decl. ¶¶ 19 & 21. |
| 14 15 16 17 18 | DX-3764<br><br>Portions of Amendment #1 to Xbox One Title Licensing Agreement<br><br>Section 3, subsection 5.11(a) | Portions of this document reflect highly sensitive negotiated terms with a particular customer, including terms relating to its strategy and how it differentiates itself from its competitors, and specific pricing information. This information could be used by customers or competitors to harm Microsoft's competitive standing. Williams Decl. ¶¶ 20-21. |
| 19 20 21 22 | PX 2477/ DX 5523<br><br>Portions of CY2019 Gaming Industry Profit | Portions of this document reflect confidential financial data and current and future business strategy, which could be used by competitors to undermine Microsoft's competitive advantage. Declaration of David Hampton dated April 30, 2021 ¶¶ 4-7. |
| 23 24 25 26 | PX 2478<br><br>Portions of Microsoft Store Policies & App Store Principles | Portions of this document reflect current and future business strategy, sensitive partner-specific revenue, sales, and market share, which could be used by competitors to harm Microsoft's relationship with customers or undermine Microsoft's competitive advantage. Declaration of Herbert Holzer dated April 30, 2021 ("Holzer Decl.") ¶¶ 5-8. |
| 27 28 | DX 5528 | Portions of this document reflect current and future business strategy which could be used by competitors to harm Microsoft's relationship with customers or |

-4-

MICROSOFT'S ADMIN. MOT. TO SEAL
PORTIONS OF PROPOSED TRIAL EXS.

Case No.: 4:20-CV-05640-YGR

| Portions of Microsoft Store Policies & App Store Principles | undermine Microsoft's competitive advantage. Holzer Decl. ¶ 5. |

For the foregoing reasons, nonparty Microsoft respectfully requests that the Court grant Microsoft's Administration Motion to Seal Portions of Proposed Trial Exhibits.

DATED: April 30, 2021

**PERKINS COIE LLP**

By: */S/ David P. Chiappetta*
David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com

Attorneys for Non-Party
MICROSOFT CORPORATION

-5-

MICROSOFT'S ADMIN. MOT. TO SEAL
PORTIONS OF PROPOSED TRIAL EXS.

Case No.: 4:20-cv-05640-YGR