1  MARC E. MAYER (SBN 190969)
     mem@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Non-Party Kabam, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| EPIC GAMES, INC., | CASE NO. 4:20-CV-05640-YGR |
|---|---|
| Plaintiff, Counter-Defendant, | Honorable Yvonne Gonzalez Rogers |
| v. | **NON-PARTY KABAM INC.'S ADMINISTRATIVE MOTION TO SEAL CERTAIN TRIAL EXHIBITS OF PLAINTIFF EPIC GAMES, INC. AND TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL** |
| APPLE INC., | |
| Defendant, Counterclaimant. | |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Non-Party Kabam, Inc. ("Kabam") brings this motion to seal the Trial Exhibits PX-0067 and PX-2204 on the ground that they contain highly sensitive, and competitively-valuable information, including, *inter alia*, internal business strategies and analysis regarding Kabam's user transactions, confidential financial data, as well as private information relating to Kabam's strategic partnerships, the release of which would harm Kabam, a non-party.

Epic Games, Inc. ("Epic") has not yet filed any of these exhibits with the Court, but it is possible Epic might offer one or more of these exhibits, or

Mitchell Silberberg & Knupp LLP
13135279.1

4:20-CV-05640-YGR
**MOTION TO SEAL CERTAIN TRIAL EXHIBITS AND TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL**

testimony about their contents, at trial. Kabam brings this motion now in an abundance of caution to ensure that its confidential information is protected and sealed should it be presented or offered at trial. For the reasons set forth below and in the accompanying Declarations of Erick Chang and Marc E. Mayer, Kabam respectfully requests that the Court (1) seal these trial exhibits to prevent competitive and economic harm, (2) close the courtroom to the public for any testimony regarding these exhibits or the information they contain, and (3) direct the parties not to refer to this information in opening statements, closing argument or any demonstratives made available on the public record.

Pursuant to Civil Local Rule 7-11, Kabam met and conferred with Apple and Epic regarding this Motion; Apple does not oppose the Motion, and Epic reported that it does not take a position on this Motion and will submit objections to Kabam's proposed sealing, if any, before trial.

Unredacted versions of these exhibits have been provided to the Court by Kabam, should need arise for the Court to consider them in connection with this Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides the "good cause" standard for the purposes of sealing documents presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).

The Court has "broad latitude" to prevent disclosure of certain materials "for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The

test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Courts in this district have applied the "compelling reasons" standard to applications to seal materials in connection with dispositive events, including trials that are "more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). "Compelling reasons" exist to seal information when disclosure of such information may become a vehicle for improper purposes, such as granting an unfair advantage to competitors or causing a business irreparable financial harm. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data"); *Oracle v. Concentric Analgesics*, 2021 WL 1022874 (N.D. Cal. Mar. 17, 2021) (finding compelling reasons to seal proprietary and confidential business and intellectual property information that could give competitors an unfair advantage). Such is the case here.

## **DISCUSSION**

The Court should grant Kabam's motion to seal its non-public communications, which contain highly sensitive, and competitively-valuable information, including, *inter alia*, internal business strategies and analysis regarding Kabam's user transactions, confidential financial data, as well as private

3   4:20-CV-05640-YGR
MOTION TO SEAL CERTAIN TRIAL EXHIBITS AND TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL

13135279.1

information relating to Kabam's strategic partnerships, the release of which would harm Kabam, a non-party.

Specifically, the documents reflect confidential, internal proprietary efforts by Kabam to combat fraudulent transactions and future strategies to be implemented regarding same (*see*, *e.g.*, PX0067, PX2204); provide confidential details regarding products produced by Kabam that have not yet been publicly launched (*see*, *e.g.*, PX0067); reference sensitive and confidential business information, including financial data relating to customer purchases and accounting issues (*see*, *e.g.*, PX0067, PX2204); reveal the details of Kabam's strategic partnerships, which could cause harm both to Kabam and its parent company, Netmarble Games (*see*, *e.g.*, PX0067, PX2204); and contain highly-sensitive gross revenue data, which can be easily calculated by reverse-engineering certain figures therein (*see*, *e.g.*, PX0067).

The Supreme Court has recognized that sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Courts routinely seal information where disclosure could harm a litigant's competitive standing or provide an unfair advantage to competitors. *See*, *e.g.*, *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Rodman v. Safeway Inc.*, No. 11-cv-03003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Good cause exists to seal the trial exhibits listed above, as well as any testimony about them. Kabam guards its internal business strategies (including those relating to anti-fraud initiatives), its strategic partnerships, and its financial data from competitors and the public, and derives a significant value from the

4   4:20-CV-05640-YGR

**MOTION TO SEAL CERTAIN TRIAL EXHIBITS AND TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT TRIAL**

13135279.1

confidentiality of such information. Public filing or testimony about the confidential information Kabam seeks to seal could be of interest to its competitors and customers and would allow unfair advantage and harm to its competitive standing.

## CONCLUSION

For each of the foregoing reasons, Kabam respectfully requests that the Court seal the confidential information described above.  Kabam also requests that the Court close the courtroom to the public (including the media) and to the parties' witnesses, employees or in-house counsel (those that do not qualify as persons who can receive confidential or highly confidential information under the protective order in place in this action) for any testimony regarding these exhibits or the information they contain, and direct the parties not to refer to this information in opening statements, closing argument or any demonstratives made available on the public record.

DATED:  April 30, 2021             MITCHELL SILBERBERG & KNUPP LLP

By:  /s/ Marc E. Mayer
     Marc E. Mayer (SBN 190969)
     Attorneys for Non-Party Kabam, Inc.