Steven L. Holley (*pro hac vice* pending)
(holleys@sullcrom.com)
Shane M. Palmer (SBN 308033)
(palmersh@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California  94303
Telephone:   (650) 461-5600
Facsimile:   (650) 461-5700

*Attorneys for Non-Party Spotify USA Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>APPLE INC.<br><br>          Defendant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF BENJAMIN KUNG IN SUPPORT OF NON-PARTY SPOTIFY USA INC.'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS DX-4491 AND DX-4641** |

SULLIVAN & CROMWELL LLP

DECLARATION OF BENJAMIN KUNG IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-05640-YGR-TSH

I, Benjamin Kung, declare as follows:

1. I am a Director in the Financial Planning & Analysis ("FP&A") team at Spotify USA Inc. ("Spotify"), currently serving as our Head of Strategic Planning and Licensing Finance. I have worked at Spotify since March 2016 and have served in various roles within the FP&A team during that time. My current job responsibilities include overseeing teams that forecast and manage the economics of our music licensing deals, providing guidance and visibility to business teams and senior leadership on matters impacting Spotify's consolidated margins, and long-range strategic planning for the company. I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts.

2. I submit this declaration pursuant to Local Rule 79-5(d) in support of Spotify's Administrative Motion to Seal Exhibits DX-4491 and DX-4641, submitted concurrently herewith.

3. Spotify is an indirect, wholly-owned subsidiary of Spotify Technology S.A., a publicly-traded company incorporated in Luxembourg. Founded in Sweden, Spotify operates the most popular global audio streaming service. Spotify's streaming service first launched in Sweden in 2008 and launched in the United States in 2011. Spotify is available in 178 markets, and its platform is used by 356 million monthly active users.

4. I understand that on April 25, 2021, Apple Inc. ("Apple") submitted its trial exhibit list, which identifies the exhibits Apple may present at trial. (*See* Dkt. No. 481.) I further understand that the exhibit list submitted by Apple contains two documents, labeled DX-4491 and DX-4641, that were produced by Spotify in response to subpoenas served on Spotify by Epic Games, Inc. ("Epic") on December 2, 2020, and by Apple on December 8, 2020 (Dkt. No. 481, at 141, 155); and that Spotify designated those documents as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the Supplemental Protective Order Governing Discovery from Spotify that was filed jointly by Apple and Epic at Spotify's request and was entered by the Court in this litigation on February 11, 2021 ("Supplemental Protective Order") (Dkt. No. 407).

SULLIVAN
&
CROMWELL LLP

1

DECLARATION OF BENJAMIN KUNG IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-05640-YGR-TSH

5.     Exhibit DX-4491 is a spreadsheet that reflects Spotify's analysis of the number of Spotify app users worldwide who used the app on both a mobile device and one or more non-mobile devices, and who used the app on both an iOS mobile device and an Android mobile device, for each year from 2015 through 2020.

6.     Exhibit DX-4641 is a spreadsheet that reflects Spotify's internal calculations of the monthly active users of Spotify's audio streaming app each month from February 2015 through December 2020, with detailed breakdowns of users by platform type and by operating system.

7.     The information in Exhibits DX-4491 and DX-4641 consists of Spotify's proprietary, internal data and analysis concerning the use of its app across different platforms and operating systems.  This is highly sensitive information that Spotify keeps confidential and does not disclose to the public.  Spotify was only willing to produce the information contained in Exhibits DX-4491 and DX-4641 in this litigation subject to the protections of the Supplemental Protective Order, which restricts access to the documents to outside counsel, experts, and trial consultants for the parties and to the court and its personnel.  To maintain the confidentiality of the data reflected in Exhibits DX-4491 and DX-4641, Spotify invests in data security measures to prevent unauthorized outside parties from accessing the information, and even restricts access to this data within the company.

8.     Spotify would be competitively harmed in its business if the data reflected in Exhibits DX-4491 and DX-4641 were disclosed to the public in the course of the trial in this action.

9.     The market for audio and music streaming apps and app distribution on various platforms is highly competitive and includes several of the largest tech companies in the world, including Apple.  Because Spotify does not directly control a widely used channel for distributing its audio streaming app to a large number of users, our business model not only depends on our ability to acquire content or negotiate licenses with content rights holders on favorable terms, but also requires us to simultaneously negotiate with distribution partners to keep distribution fees and commissions as low as possible.  To optimize our distribution and user growth

SULLIVAN
&
CROMWELL LLP

2

DECLARATION OF BENJAMIN KUNG IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-cv-05640-YGR-TSH

strategies against these variables, Spotify employs significant resources with respect to research and development, data collection, and analysis about user experience and behavior across various channels in order to successfully compete in the audio streaming market.

10. Spotify uses the information reflected in Exhibits DX-4491 and 4641 for a variety of strategic business purposes, including but not limited to:

    a. developing business strategies to compete with other audio and music streaming app providers, including Apple;

    b. identifying and negotiating with potential distribution partners to broaden the availability of the Spotify app across multiple platforms and expand Spotify's subscription business;

    c. planning strategic corporate investment decisions to drive sustainable growth and remain competitive in the marketplace; and

    d. developing strategies to more effectively monetize Spotify's ad-supported services.

11. If this information were disclosed publicly, it would give Spotify's competitors insight into Spotify's internal data and analysis concerning its business operations and relative market share across platforms, including trends in those areas over time. Such information can be used by Spotify's competitors to inform their own business and marketing strategies with respect to product strategy, distribution, and advertising. For example, competing app developers could use the data to understand trends in Spotify usage across different markets and then selectively devote their resources to optimize their apps differently. And the competitive harm to Spotify resulting from any public disclosure of these documents would be amplified because Spotify's competitors generally do not make the same level of product-by-product usage and subscription detail publicly available.

12. Additionally, public disclosure of the information in Exhibits DX-4491 and DX-4641 would also unfairly disadvantage Spotify in its negotiations with distribution partners (including original equipment manufacturers such as mobile, TV, gaming, and auto partners, as well as app providers and commercial partners), and advertisers. If this material were to fall into

Sullivan & Cromwell LLP

3

DECLARATION OF BENJAMIN KUNG IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-05640-YGR-TSH

the hands of distribution platforms or partners, for example, it would undermine Spotify's position in negotiations, undercut deal terms, drive up the prices Spotify would pay (consequently impacting its margins), and generally harm Spotify's ability to compete and grow its business.

13. If Exhibits DX-4491 and DX-4641 became public through the trial of this action, third parties would also gain a granular understanding of Spotify's app distribution across multiple platforms and trends in the usage of Spotify's app over time, which would not otherwise be available. The information could be used by, for example, Spotify's advertising competitors in order to divert advertising sales away from Spotify. Here, again, the fact that competing audio streaming apps generally do not make the same level of detailed product-by-product usage and subscription detail available to the public would only increase the risk of harm to Spotify.

14. Finally, Exhibits DX-4491 and DX-4641 were compiled solely for the purpose of responding to specific document requests in Apple's and Epic's subpoenas to Spotify. Although they were compiled from data that Spotify maintains in the ordinary course of its business, these documents are not used or maintained by Spotify in the format in which they were produced to Apple and Epic, and they were not prepared with an eye towards providing a complete view of Spotify's business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this April 30, 2021 in Brooklyn, New York.

/s/ Benjamin Kung
Benjamin Kung

SULLIVAN
&
CROMWELL LLP

4
DECLARATION OF BENJAMIN KUNG IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-05640-YGR-TSH

## **ATTESTATION**

I, Brendan P. Cullen, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated: April 30, 2021
/s/ Brendan P. Cullen
Brendan P. Cullen

SULLIVAN & CROMWELL LLP

DECLARATION OF SHANE M. PALMER IN SUPPORT OF NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 4:20-CV-05640-YGR-TSH