1  Steven L. Holley (*pro hac vice* pending)
   (holleys@sullcrom.com)
2  Shane M. Palmer (SBN 308033)
   (palmersh@sullcrom.com)
3  SULLIVAN & CROMWELL LLP
   125 Broad Street
4  New York, New York  10004
   Telephone:     (212) 558-4000
5  Facsimile:     (212) 558-3588

6  Brendan P. Cullen (SBN 194057)
   (cullenb@sullcrom.com)
7  SULLIVAN & CROMWELL LLP
   1870 Embarcadero Road
8  Palo Alto, California  94303
   Telephone:     (650) 461-5600
9  Facsimile:     (650) 461-5700

10 *Attorneys for Non-Party Spotify USA Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff, | **[PROPOSED] ORDER RE NON-PARTY SPOTIFY USA INC.'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS DX-4491 AND DX-4641** |
| v. | |
| APPLE INC. | |
| Defendant. | |

SULLIVAN & CROMWELL LLP

[PROPOSED] ORDER RE NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS DX-4491 AND DX-4641
CASE NO. 4:20-CV-05640-YGR-TSH

On April 30, 2021, Non-Party Spotify USA Inc. ("Spotify") filed an Administrative Motion to Seal Exhibits DX-4491 and DX-4641, which Apple Inc. ("Apple") intends to introduce as exhibits at trial. Through its Administrative Motion to Seal, Spotify moves to seal the following documents in their entirety:

| Document or Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|
| Exhibit No. DX-4491: Spreadsheet of two tabs: "UsersPlatform 2015- 2020" and "Family Plan Controlled" | Declaration of Benjamin Kung | |
| Exhibit No. DX-4641: Spreadsheet, file name "MAU 2015-2020 by platform_os.xlsx" | Declaration of Benjamin Kung | |

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the document[s], or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). A party seeking to seal a document must submit "narrowly tailored" requests, *id.*, and overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana* v. *City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). A party attempting to seal "evidence at trial must [] articulate 'compelling reasons' in favor of sealing." *United States* v. *Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal., 2014) (quoting *Kamakana*, 447 F.3d at 1178–79).

Compelling reasons exist to seal the information requested by Spotify for the reasons set forth in the Declaration of Benjamin Kung, which Spotify filed in support of its Administrative Motion to Seal.

Having considered Spotify's Administrative Motion to Seal and supporting declaration, IT IS HEREBY ORDERED THAT Spotify's Administrative Motion to Seal is GRANTED and the information above be sealed.

**IT IS SO ORDERED.**

SULLIVAN & CROMWELL LLP

1

[PROPOSED] ORDER RE NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS DX-4491 AND DX-4641
CASE NO. 4:20-CV-05640-YGR-TSH

| | |
|---|---|
| Dated: _____, 2021 | |
| | _____ |
| | Honorable Yvonne Gonzalez Rogers |
| | United States District Judge |
| | Northern District of California |

2

[PROPOSED] ORDER RE NON-PARTY SPOTIFY'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS DX-4491 AND DX-4641
CASE NO. 4:20-CV-05640-YGR-TSH

SULLIVAN & CROMWELL LLP