QUINN EMANUEL URQUHART & SULLIVAN, LLP
Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Non-Party
Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>          Plaintiff, Counter-Defendant,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant, Counterclaimant. | CASE NO. 4:20-cv-05640-YGR<br><br>**NON-PARTY SAMSUNG ELECTRONICS CO. LTD.'S ADMINISTRATIVE MOTION TO SEAL TRIAL EXHIBITS**<br><br>[Declaration of Kyu Sung Lee and [Proposed] Order filed concurrently herewith] |

Pursuant to Civil Local Rules 7-11 and 79-5, non-party Samsung Electronics Co., Ltd. ("SEC") hereby seeks an order sealing the following documents on Epic Games, Inc.'s and Apple, Inc.'s exhibit lists or otherwise sought to be used by Epic Games or Apple at trial on the basis that they contain highly confidential, competitively sensitive information of SEC: DX-3048, DX-3300, DX-3472, DX-3620, DX-3662, DX-3721, DX-4236, DX-4322, DX-4335, DX-4370, DX-4428, DX-4457, DX-4524, DX-4800, PX-2447, Written Direct Testimony of Lorin M. Hitt Ph.D. Paragraph 164 and Figure 37, Deposition of Joe Kreiner at 141:5-142:3 (the "Confidential Materials").

SEC is not a party to this lawsuit. But the parties to the suit seek to introduce at trial highly confidential information regarding SEC's business strategies and the terms of its contractual relationships with its partners. SEC does not seek broad sealing of such material, and instead, seeks to seal only the most competitively sensitive information. Public disclosure of such information would harm SEC and allow its competitors to gain an unfair advantage in the marketplace. Courts are generally more protective of the confidential business information of non-parties who have not voluntarily invoked the court's jurisdiction. *See, e.g.*, *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, *2 (N.D. Cal. Sept. 14, 2015).

## I.    LEGAL STANDARD

The Court may seal documents that are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Local Rule 79-5(b). Sealing is appropriate when a party demonstrates compelling reasons that outweigh the public's interest in disclosure of the confidential information. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Sensitive third-party business information routinely meets this standard. *See, e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, 2014 WL 4965995, *3-4 (N.D. Cal. Oct. 3, 2014) (granting motion to seal exhibits and trial transcript that referenced third-party confidential information); *Century Aluminum Co. v. ACGS Marine Ins. Co.*, 2012 WL 13042825, *2 (N.D. Cal. Aug. 10, 2012) (granting motion to seal third-party confidential information due to the "competitive harm" that could result if the information were publicly disseminated, as it would "reveal confidential business information and

strategies"); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 3932554, *3 (N.D. Cal. Aug. 16, 2018) (granting motion to seal information that, if disclosed, could cause competitive harm); *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013) (sealing justified to prevent materials from being used in a way that might harm a party's competitive standing).

Similarly, courts have found compelling reasons to seal non-public information regarding pricing strategy, business decision-making, and financial records, because disclosure would expose the owner to competitive harm. *See, e.g.*, *Rodman v. Safeway, Inc.*, 2014 WL 12787874, *2 (N.D. Cal. Aug. 22, 2014); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 2018 WL 2010622, *2-3 (N.D. Cal. Apr. 30, 2018) (sealing highly confidential information relating to Cisco's financial information and internal development strategies); *Juicero, Inc. v. iTaste Co.*, 2017 WL 8294276, *2 (N.D. Cal. Jun. 28, 2017) (sealing "confidential financial and business information"); *Lathrop v. Uber Techs., Inc.*, 2016 WL 9185002, *2 (N.D. Cal. Jun. 17, 2016). The public's interest in judicial proceedings "does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (finding district court abused its discretion in denying motion to seal where disclosure could result in competitive harm).

## II.   ARGUMENT

SEC seeks an order sealing the 17 Confidential Materials on Epic Games' and Apple's exhibit lists or otherwise sought to be used by Epic Games or Apple at trial on the basis that the Confidential Materials contain highly confidential, competitively sensitive information of SEC, and because public disclosure of the Confidential Materials would reveal SEC's internal business strategies and cause competitive harm to SEC. The information SEC seeks to seal is the type that the Supreme Court, Ninth Circuit, and this District have held are properly kept under seal. *See Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing"); *Sun Microsystems Inc. v. Network Appliance*, 2009 WL 5125817, *9 (N.D. Cal Dec. 21, 2009) (sealing "confidential business information which could cause harm to the parties if publicly disclosed"). The information SEC

seeks to seal retains independent economic value from not being generally known and not being readily ascertainable through proper means. If disclosed, this information would cause SEC competitive and commercial harm because it would provide competitors and business counterparties insights into SEC's business that they would not otherwise have, and could disadvantage SEC.

- **Proposed Trial Exhibits DX-3300, DX-3472, DX-3662, DX-3721, DX-4236, DX-4335, DX-4370, PX-2447 (attached hereto as Exhibits A-H):** These proposed trial exhibits include the confidential Collaboration Agreement between SEC and Epic Games and the various amendments thereto. (Declaration of Kyu Sung Lee filed concurrently herewith, ¶ 3.[1]) Among other things, the Collaboration Agreement and its amendments contain the highly confidential terms of the business relationship between SEC and Epic Games, including the terms of the parties' commissions and revenue sharing. (*Id.*) It is SEC's practice to maintain as highly confidential all of its contracts and non-public, strategy-related documents with its partners. (*Id.* ¶ 2.) SEC could be subject to competitive harm if the Collaboration Agreement and its amendments are made available publicly. (*Id.*) SEC does not disclose internal documents of this nature outside of SEC. (*Id.*) Further, the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic Games maintain the agreement as confidential. (*Id.*) When produced in this action, these documents were designated as either "Highly Confidential – Attorneys' Eyes Only" or "Confidential" pursuant to the Court's protective order. The Collaboration Agreement and its amendments are confidential in their entirety and therefore a request to seal them is narrowly tailored.

- **Proposed Trial Exhibit DX-4428 (attached hereto as Exhibit I):** This proposed trial exhibit is an April 2018 email communication between SEC and Epic Games concerning their collaboration over Epic Games' Fortnite app and Samsung devices and their strategy going forward. (Lee Decl., ¶ 4.) It is SEC's practice to maintain as highly confidential all of its internal, non-public, strategy-related communications with its

---

[1] The declaration was signed on May 1, 2021 in Korea, which is April 30, 2021 in California.

partners. (*Id.* ¶ 2.) SEC could be subject to competitive harm if this internal strategy-related communication is made available publicly. (*Id.*) SEC does not disclose internal documents of this nature outside of SEC. (*Id.*) When produced in this action, this document was designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective order. Proposed trial exhibit DX-4428 is confidential in its entirety and therefore a request to seal it is narrowly tailored.

- **Proposed Trial Exhibit DX-4524 (attached hereto as Exhibit J):** This proposed trial exhibit is a May 2018 email communication between SEC and Epic Games detailing the strategy that each company would employ and the actions each company would take in order to collaborate on the launch of the Fortnite app on Samsung devices. (Lee Decl., ¶ 5.) The email also discusses the confidential revenue sharing arrangement between SEC and Epic Games. (*Id.*) It is SEC's practice to maintain as highly confidential all of its internal, non-public, strategy-related communications with its partners. (*Id.*, ¶ 2.) SEC could be subject to competitive harm if this internal strategy-related communication is made available publicly. (*Id.*) SEC does not disclose internal documents of this nature outside of SEC. (*Id.*) When produced in this action, this document was designated as "Confidential" pursuant to the Court's protective order. Proposed trial exhibit DX-4524 is confidential in its entirety and therefore a request to seal it is narrowly tailored.

- **Proposed Trial Exhibit DX-4457 (attached hereto as Exhibit K):** This proposed trial exhibit is an August 2018 email communication between SEC and Epic Games concerning their collaboration and strategy related to product launches with Epic Games' Fortnite app, as well as SEC's and Epic Games' strategy to compete with other market participants. (Lee Decl., ¶ 6.) It is SEC's practice to maintain as highly confidential all of its internal, non-public, strategy-related communications with its partners. (*Id.*, ¶ 2.) SEC could be subject to competitive harm if this internal strategy-related communication is made available publicly. (*Id.*) SEC does not disclose internal documents of this nature outside of SEC. (*Id.*) When produced in this action, this document was designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective order.

Proposed trial exhibit DX-4457 is confidential in its entirety and therefore a request to seal it is narrowly tailored.

- **Proposed Trial Exhibit DX-3048 (attached hereto as Exhibit L):** This proposed trial exhibit is a March 2020 email communication between SEC and Epic Games concerning the terms and strategy of Samsung's revenue sharing, billing, and in app purchases through its Galaxy Store.  (Lee Decl., ¶ 7.)  The email also quotes terms from the confidential Collaboration Agreement between SEC and Epic Games.  (*Id.*)  It is SEC's practice to maintain as highly confidential all of its internal, non-public, strategy-related communications with its partners.  (*Id.*, ¶ 2.)  SEC could be subject to competitive harm if this internal strategy-related communication is made available publicly.  (*Id.*)  SEC does not disclose internal documents of this nature outside of SEC.  (*Id.*)  Further, the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic Games maintain the agreement as confidential.  (*Id.*)  When produced in this action, this document was designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective order.  Proposed trial exhibit DX-3048 is confidential in its entirety and therefore a request to seal it is narrowly tailored.

- **Proposed Trial Exhibit DX-3620 (attached hereto as Exhibit M):** This proposed trial exhibit is an April/May 2020 email communication between SEC and Epic Games concerning their collaboration over Epic Games' Fortnite app and Samsung devices and their strategy going forward. (Lee Decl., ¶ 8.)  It is SEC's practice to maintain as highly confidential all of its internal, non-public, strategy-related communications with its partners.  (*Id.*, ¶ 2.)  SEC could be subject to competitive harm if this internal strategy-related communication is made available publicly.  (*Id.*)  SEC does not disclose internal documents of this nature outside of SEC.  (*Id.*)  When produced in this action, this document was designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's protective order.  Proposed trial exhibit DX-3620 is confidential in its entirety and therefore a request to seal it is narrowly tailored.

- **Proposed Trial Exhibits DX-4322, DX-4800 (attached hereto as Exhibit N):** These proposed trial exhibits disclose the confidential revenue sharing arrangement between SEC and Epic Games, and also detail the commissions that Epic Games has paid to SEC for the Fortnite app on monthly and annual bases since August 2018 through October 2020. (Lee Decl., ¶ 10.) SEC's revenue sharing with Epic Games is detailed in the parties' highly confidential Collaboration Agreement. (*Id.*, ¶ 3.) It is SEC's practice to maintain as highly confidential the terms of all of its contracts with its partners. (*Id.*, ¶ 2.) SEC could be subject to competitive harm if the terms of its confidential agreements are made available publicly. (*Id.*) Further, the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic Games maintain the agreement and its terms as confidential. (*Id.*) This request to seal is narrowly tailored to protect SEC's confidential information.

- **Written Direct Testimony of Lorin M. Hitt, Ph.D. - Paragraph 164 and Figure 37:** This written testimony contains a comparison of revenue sharing and commission rates charged by Samsung, Apple, and other platforms. (Lee Decl., ¶ 9.) SEC's revenue sharing with Epic Games is detailed in the parties' highly confidential Collaboration Agreement. (*Id.*, ¶ 3.) It is SEC's practice to maintain as highly confidential the terms of all of its contracts with its partners. (*Id.*, ¶ 2.) SEC could be subject to competitive harm if the terms of its confidential agreements are made available publicly. (*Id.*) Further, the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic Games maintain the agreement and its terms as confidential. (*Id.*) This request to seal is narrowly tailored to just one paragraph of the written testimony of Dr. Hitt.

- **Deposition of Joe Kreiner 141:5-142:3:** This deposition testimony contains a comparison of revenue sharing and commission rates charged by Samsung and other platforms. (Lee Decl., ¶ 9.) SEC's revenue sharing with Epic Games is detailed in the parties' highly confidential Collaboration Agreement. (*Id.*, ¶ 3.) It is SEC's practice to maintain as highly confidential the terms of all of its contracts with its partners. (*Id.*, ¶

2.) SEC could be subject to competitive harm if the terms of its confidential agreements are made available publicly. (*Id.*) Further, the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic Games maintain the agreement and its terms as confidential. (*Id.*) This request to seal is narrowly tailored to less than a page of the testimony of Mr. Kreiner.

Because the Confidential Materials satisfy Local Rule 79-5 as well as the standards set forth in the Ninth Circuit, SEC respectfully requests that the Court maintain the Confidential Materials under seal and not allow that they be displayed publicly during trial in this matter or thereafter.

Dated: April 30, 2021    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

*/s/ Victoria F. Maroulis*

Victoria F. Maroulis

*Attorneys for Non-Party Samsung Electronics Co. Ltd.*

**ATTESTATION**

I, Kyle K. Batter, am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: April 30, 2021     QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Kyle Batter*
Kyle Batter