QUINN EMANUEL URQUHART & SULLIVAN, LLP
Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Non-Party
Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br><br>         Plaintiff, Counter-Defendant, <br><br> v. <br><br> APPLE INC., <br><br>         Defendant, Counterclaimant. | CASE NO. 4:20-cv-05640-YGR <br><br> **DECLARATION OF KYU SUNG LEE IN SUPPORT OF NON-PARTY SAMSUNG ELECTRONICS CO. LTD.'S ADMINISTRATIVE MOTION TO SEAL TRIAL EXHIBITS** <br><br> [Administrative Motion and [Proposed] Order filed concurrently herewith] |

### DECLARATION OF KYU SUNG LEE

I, Kyu Sung Lee, declare as follows:

1. I am a Senior Vice President at Samsung Electronics Co., Ltd. ("SEC") with responsibility for Global Legal Affairs Team. I have been employed at SEC since 2001, and in the course of my employment have become familiar with SEC's treatment of its trade secrets and other proprietary business information, such as those discussed in this declaration. I make this declaration pursuant to Northern District of California Civil Local Rule 79-5(e)(1) in support of SEC's Administrative Motion to Seal Trial Exhibits. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I understand that Epic Games, Inc. and Apple, Inc. intend to use at trial materials that include highly sensitive, confidential information of SEC. Those materials include potential trial exhibits DX-3048, DX-3300, DX-3472, DX-3620, DX-3662, DX-3721, DX-4236, DX-4322, DX-4335, DX-4370, DX-4428, DX-4457, DX-4524, DX-4800, PX-2447; as well as the Written Direct Testimony of Lorin M. Hitt Ph.D. at Paragraph 164 and Figure 37; and Deposition Transcript of Joe Kreiner at 141:5-142:3 (the "Confidential Materials"). The public disclosure of such materials, which includes SEC's internal business analyses, strategies, and decision-making plans, could significantly harm SEC and its ability to conduct business, and could place it at a disadvantage with competitors who could use SEC's confidential information to their advantage. These materials have economic value from not being known to SEC's competitors or the public. It is SEC's practice to maintain as highly confidential all of its contracts and internal, non-public, strategy-related documents and communications with its partners, such as those described in paragraphs 3-10 below. SEC could be subject to competitive harm if its Collaboration Agreement with Epic Games, the amendments thereto, or SEC's non-public, strategy-related communications are made available publicly. SEC does not disclose internal documents of this nature outside of SEC. Further, the Collaboration Agreement contains a confidentiality provision requiring that both SEC and Epic Games maintain the agreement as confidential. The Collaboration Agreement and its amendments are confidential in their entirety.

3. Proposed trial exhibits DX-3300, DX-3472, DX-3662, DX-3721, DX-4236, DX-

4335, DX-4370, PX-2447 include the confidential Collaboration Agreement between SEC and Epic Games and the various amendments thereto. The Collaboration Agreement and its amendments contain the highly confidential terms of the business relationship between SEC and Epic Games, including the terms of the parties' commissions and revenue sharing.

4. Proposed trial exhibit DX-4428 is an April 2018 email communication between SEC and Epic Games concerning their collaboration over Epic Games' Fortnite app and Samsung devices and their strategy going forward.

5. Proposed trial exhibit DX-4524 is a May 2018 email communication between SEC and Epic Games detailing the strategy that each company would employ and the actions each company would take in order to collaborate on the launch of the Fortnite app on Samsung devices. The email also discusses the confidential revenue sharing arrangement between SEC and Epic Games.

6. Proposed trial exhibit DX-4457 is an August 2018 email communication between SEC and Epic Games concerning their collaboration and strategy related to product launches with Epic Games' Fortnite app, as well as SEC's and Epic Games' strategy to compete with other market participants.

7. Proposed trial exhibit DX-3048 is a March 2020 email communication between SEC and Epic Games concerning the terms and strategy of Samsung's revenue sharing, billing, and in app purchases through its Galaxy Store. The email also quotes terms from the confidential Collaboration Agreement between SEC and Epic Games.

8. Proposed trial exhibit DX-3620 is an April/May 2020 email communication between SEC and Epic Games concerning their collaboration over Epic Games' Fortnite app and Samsung devices and their strategy going forward.

9. The written testimony of Lorin M. Hitt, Ph.D. at Paragraph 164 and Figure 37, and the deposition transcript of Joe Kreiner at 141:5-142:3 contain a comparison of revenue sharing and commission rates charged by Samsung, Apple, and other platforms.

10. I understand that trial exhibits DX-4322 and DX-4800 disclose the confidential revenue sharing arrangement between SEC and Epic Games, and also detail the commissions that

Epic Games has paid to SEC for the Fortnite app on monthly and annual bases since August 2018 through October 2020.

    I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. This declaration was executed this 1st day of May 2021, in Suwon, Korea.

Kyu Sung Lee