BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs in In re Apple iPhone Antitrust Litig., Case No. 4:11-cv-06714-YGR*

[Additional Counsel listed on the Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**CONSUMER PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, et al.,<br>    Plaintiffs,<br>    v.<br>APPLE INC.<br>    Defendant. | No. 4:19-cv-03074-YGR |
| EPIC GAMES, INC.,<br>    Plaintiff, Counter-defendant,<br>    v.<br>APPLE INC.,<br>    Defendant, Counterclaimant. | No. 4:20-cv-05640-YGR-TSH |

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11, plaintiffs in *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (the "Consumer action" and "Consumer Plaintiffs") request the Court enter supplemental protective orders requested by four third-party app developers: The Walt Disney Company, Electronic Arts Inc., Niantic, Inc. and Zynga Inc. ("Zynga"). Discovery in the Consumer action has been coordinated with two related cases, *Cameron, et al. v. Apple Inc.*, No. 4:19-cv-03074-YGR (the "Developer action" and "Developer Plaintiffs) and *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (the "*Epic* action"). ECF No. 194. In March 2021, Consumer Plaintiffs issued subpoenas to several app developers that primarily requested documents and data regarding the costs they incur. Consumer Plaintiffs anticipate using this information in connection with their motion for class certification, currently due June 1, 2021. Three of the developers have prepared supplemental protective orders that are similar to the supplemental protective orders this Court entered with respect to discovery from Spotify USA Inc. ("Spotify") and/or Alphabet Inc./Google LLC ("Google").[1] *See* Consumer action, ECF Nos. 407, 433. Consumer Plaintiffs and/or the third parties have circulated the proposed supplemental protective orders to the parties in the three related actions for approval but have been unable to obtain approval from Apple or Epic likely, and understandably, because they are preparing for trial in the *Epic* action, which begins on May 3, 2021. Consumer Plaintiffs therefore request entry of the proposed supplemental protective orders to facilitate the third parties' production of documents responsive to Consumer Plaintiffs' subpoenas.

## II. RELEVANT BACKGROUND

On December 29, 2011, Consumers Plaintiffs initiated the first of these three related actions with the filing of their Class Action Complaint. Consumer action, ECF No. 1. Developer Plaintiffs filed their Class Action Complaints in *Cameron, et al. v. Apple Inc.*, No. 19-cv-03074, on June 4, 2019, and in *Sermons v. Apple Inc.*, No. 19-cv-03796 on June 28, 2019. Developer action, ECF No. 1. On

---

[1] Consumer Plaintiffs received one supplemental protective order from Zynga that is different than the prior supplemental protective orders that have been entered. Specifically, it provides that Zynga's documents will not be produced in the *Epic* action or used in the trial in that matter. Additionally, it requires Developer Plaintiffs to notify Zynga if additional plaintiffs are added in the Developer action.

1  August 22, 2019, the Court related the two Developer actions to the Consumer action, and the *Sermons* and *Cameron* plaintiffs filed a Consolidated Class Action Complaint on September 30, 2019. Consumer action, ECF No. 168 at 2-3; Developer action, ECF No. 53. On January 6, 2020, the Court entered an Order Granting Stipulation Regarding Coordination of Discovery in the Consumer and Developer actions, Consumer action ECF No. 194, and Consumer Plaintiffs and Developer Plaintiffs coordinated their discovery efforts thereafter.

On August 13, 2020, Epic Games, Inc. filed a Complaint for Injunctive Relief against Apple. *Epic* action, ECF No. 1. On August 19, 2020, the Court related the *Epic* action to the Developer action. *Id*., ECF No. 24. The plaintiffs in the Consumer, Developer, and *Epic* actions thereafter coordinated their discovery efforts.

In March 2021, Consumer Plaintiffs served several app developers with document subpoenas that primarily requested documents and data regarding costs that app developers incur. Consumer Plaintiffs' experts anticipate using this information in connection with their damages model that will be filed in support of Consumer Plaintiffs' motion for class certification, currently due on June 1, 2021. To date, four of those third party app developers have prepared and requested entry of supplemental protective orders before they begin producing documents. Declaration of Brittany N. DeJong in Support of Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders ("DeJong Decl."), ¶ 3. Beginning on April 21, 2021, Consumer Plaintiffs' counsel and/or counsel for the third party app developers began circulating via email the four proposed supplemental protective orders to the parties in the three related actions requesting they stipulate to entry of the supplemental protective orders. *Id*. at 4-8. The only responses Consumer Plaintiffs or the third parties have received are from Epic and Developer Plaintiffs who proposed minor changes to the supplemental protective order concerning Zynga. *Id*., ¶ 6. Epic has not provided any other comments or stipulated to the submission to the Court of the proposed supplemental protective orders, and Apple has not responded at all, presumably (and understandably) because they are busy preparing for trial in the *Epic* action, which begins Monday, May 3, 2021. *Id*. at ¶ 8. Consumer Plaintiffs are not able to wait any longer to request entry of the supplement al protective orders because time is of the essence.

## III. THE COURT SHOULD ENTER THE PROPOSED SUPPLEMENTAL PROTECTIVE ORDERS

Motions for protective orders are governed by Fed. R. Civ. P. 26(c), which states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

The Court should enter the four proposed supplemental protective orders.  With the exception of the proposed supplemental protective order governing discovery from Zynga, the proposed supplemental protective orders are very similar to the Spotify and Google supplemental protective orders that the Court has already entered.  Zynga's proposed protective order additionally provides that, given the termination of the discovery period in the *Epic* action, Zynga's documents will not be produced in that action and cannot be used at that trial.  Further, the Zynga proposed supplemental protective order provides that Developer Plaintiffs are to give notice to Zynga in the event named plaintiffs are added to the Developer action, a provision to which Developers do not object.  While Consumer Plaintiffs understand that Apple and Epic are busy preparing for their trial that is scheduled to begin Monday, May 3rd, Consumer Plaintiffs are also facing an impending deadline of June 1, 2021 for their motion for class certification.  Accordingly, Consumer Plaintiffs respectfully request that the Court enter the proposed supplemental protective orders, submitted herewith.

## IV. CONCLUSION

Consumer Plaintiffs respectfully request that the Court enter each of the proposed supplemental protective orders governing discovery from The Walt Disney Company, Electronic Arts Inc., Niantic, Inc. and Zynga Inc.

DATED: April 30, 2021

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

By: */s/ Brittany N. DeJong*
     BRITTANY N. DEJONG

BETSY C. MANIFOLD
RACHELE R. BYRD
BRITTANY N. DEJONG

750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

MARK C. RIFKIN
MATTHEW M. GUINEY
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs, Case No. 4:11-cv-06714-YGR*

27293