BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs in In re Apple iPhone Antitrust Litig., Case No. 4:11-cv-06714-YGR*

[Additional Counsel listed on the Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF BRITTANY N. DEJONG IN SUPPORT OF CONSUMER PLAINTIFFS' ADMINISTRATIVE FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, et al.,<br>    Plaintiffs,<br>    v.<br>APPLE INC.<br>    Defendant. | No. 4:19-cv-03074-YGR |
| EPIC GAMES, INC.,<br>    Plaintiff, Counter-defendant,<br>    v.<br>APPLE INC.,<br>    Defendant, Counterclaimant. | No. 4:20-cv-05640-YGR-TSH |

1  I, Brittany N. DeJong, declare as follows:

2      1.    I am an attorney duly licensed to practice before all the courts of the State of California. I am an associate of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Interim Class Counsel for Plaintiffs in *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (hereafter, "Consumer Plaintiffs").  Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

    2.    I make this declaration pursuant to Civil Local Rule 7-11 and in support of the administrative motion, filed concurrently herewith, of Consumer Plaintiffs seeking entry of supplemental protective orders governing discovery from The Walt Disney Company, Electronic Arts Inc., Niantic, Inc. and Zynga Inc.

    3.    In March 2021, Consumer Plaintiffs served several app developers with document subpoenas that primarily requested documents and data regarding costs that app developers incur. Consumer Plaintiffs' experts anticipate using this information in connection with their damages model that will be filed in support of Consumer Plaintiffs' motion for class certification, currently due on June 1, 2021. To date, four of those third party app developers have prepared and requested entry of supplemental protective orders before they begin producing documents.

    4.    On April 21, 2021, I emailed counsel for the parties in the related actions a Stipulation and [Proposed] Supplemental Protective Order Governing Discovery from The Walt Disney Company. On April 26, 2021, I followed up with counsel by email and inquired whether they approved the filing. On April 30, 2021, counsel for Developer Plaintiffs approved the filing.

    5.    On April 26, 2021, I emailed counsel for the parties in the related actions a Stipulation and [Proposed] Supplemental Protective Order Governing Discovery from Electronic Arts Inc.  On April 30, 2021, counsel for Developer Plaintiffs approved the filing.

    6.    On April 26, 2021, I emailed counsel for Epic and Developer Plaintiffs a Stipulation and [Proposed] Supplemental Protective Order Governing Discovery from Zynga, Inc.  That same day, counsel for Epic responded that it could not agree to the proposed terms and explained its position.  On April 27, 2021, I sent counsel for Epic and Developer Plaintiffs proposed revisions to the supplemental

-1-

BND DECL. ISO CONSUMER PLTFS' ADMIN. MOT FOR
ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS
Case Nos.: 20-cv-05640-YGR; 11-cv-06714-YGR; 19-cv-3074-YGR

protective order in an attempt to address Epic's concerns. Counsel for Zynga approved the revision. On April 28, 2021, I followed up with counsel and advised them that I planned on sending the proposed protective order to Apple. Later that day I emailed counsel for the parties in the related actions a Stipulation and [Proposed] Supplemental Protective Order Governing Discovery from Zynga, Inc. On April 29, 2021, Counsel for the Developer Plaintiffs proposed one minor change to the supplemental protective order. Counsel for Zynga approved the revision.

7. On April 27, 2021, counsel for Niantic, Inc. emailed the parties in the related actions a Stipulation and [Proposed] Supplemental Protective Order Governing Discovery from Niantic, Inc. On April 30, 2021, counsel for Developer Plaintiffs approved the filing.

8. Epic has not provided any other comments or stipulated to the submission to the Court of the proposed supplemental protective orders, and Apple has not responded at all.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. Executed April 30, 2021 at San Diego, California.

*/s/ Brittany N. DeJong*
BRITTANY N. DEJONG

APPLE2/:27294