BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH<br><br>**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM THE WALT DISNEY COMPANY**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 4:19-cv-03074-YGR-TSH |
| EPIC GAMES, INC.,<br><br>       Plaintiff and Counter-defendant,<br><br>   v.<br><br>APPLE INC.,<br><br>       Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH |

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

**A.   GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Disney[1], and nothing herein shall provide any rights or protections to the Parties to the Litigations[2] beyond those set forth in the Protective Order.

**B.   ADDITIONAL DEFINITIONS**

1. <u>Business Consultant</u>: a consultant advising on or involved in competitive decision-making.

2. <u>Party Expert</u>: with respect to the "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" designation, a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigations; (2) is not a current employee or current Business Consultant of a Party, Disney, or any Disney competitor, or otherwise currently involved in competitive decision-making for a Party, Disney, or any Disney

---

[1]   Disney shall refer to The Walt Disney Company, Hulu, LLC ("Hulu"), and ESPN Productions, Inc. ("ESPN"). Hulu and ESPN are affiliates of The Walt Disney Company.

[2]   Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640.

1

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM THE WALT DISNEY COMPANY
Case Nos. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH

competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Disney, or any Disney competitor, or otherwise been involved in competitive decision-making for a Party, Disney, or any Disney competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Disney, or any Disney competitor, or to be otherwise involved in competitive decision-making for a Party, Disney, or any Disney competitor. If, while the Litigations are pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Disney or any Disney competitor, or otherwise involved in competitive decision-making for Disney or any Disney competitor, the Party learning such information shall promptly disclose the information to Disney.

3. <u>"DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"  Information or Items</u>: extremely sensitive "Confidential Information or Items" produced by Disney and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; past, current, or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Disney's data protection practices and security protocols; evaluation of the strengths and vulnerability of Disney's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Disney or competitors to Disney; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Disney's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information.

C. **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF DISNEY PROTECTED MATERIALS**

1. <u>Manner of Designating "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE</u>

2

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM THE WALT DISNEY COMPANY
Case Nos. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH

COUNSEL EYES ONLY" Information or Items. To qualify for protection as "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," Disney must affix the legend "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Disney seeks protection under this Supplemental Protective Order.

2. Disclosure of "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by Disney, a Party may disclose any information or item designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a) the Party's Outside Counsel of Record in the Litigations, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

(b) Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information.

3. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.2, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

1  ONLY." Unless otherwise ordered by the Court or expressly permitted by Disney, no Party
2  seeking to introduce documents or information designated "DISNEY HIGHLY CONFIDENTIAL
3  – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any
4  persons other than those identified in Paragraph C.2. of this Supplemental Protective Order. In the
5  event a Party seeks to introduce documents or information designated "DISNEY HIGHLY
6  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" at trial in a manner that will result in
7  disclosure to persons other than those specified in Paragraph C.2 of this Supplemental Protective
8  Order, the Party shall promptly notify Disney in writing such that Disney may raise any objection

**IT IS SO ORDERED.**

DATED: May__, 2021

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

27271