BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Interim Class Counsel for the
Consumer Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ZYNGA, INC.**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, et al.,<br>        Plaintiffs,<br>    v.<br>APPLE INC.,<br>        Defendant. | Case No. 4:19-cv-03074-YGR |
| EPIC GAMES, INC., et al.,<br>    Plaintiff, Counter-defendant,<br>    v.<br>APPLE INC.,<br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR |

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

**A.   GENERAL PROVISIONS**

1.   The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.   The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Zynga[1], and nothing herein shall provide any rights or protections to the Parties to the Litigations[2] beyond those set forth in the Protective Order.

**B.   ADDITIONAL DEFINITIONS**

1.   <u>Business Consultant</u>:  a consultant advising on or involved in competitive decision-making.

2.   <u>Party</u>:  A named Plaintiff or Defendant in the Litigations; but not any other individuals or entities listed on the docket, including those variously listed as "Interested Party" "Respondent" or "Miscellaneous".

3.   <u>Party Expert</u>:  with respect to "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter

---

[1]   The term "Zynga" shall include any entity that responds to subpoenas served on Zynga Inc. in the Litigations.  References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Zynga Inc. and its parents and subsidiaries.

[2]   Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640.

1  pertinent to the Litigations who:  (1) has been retained by a Party or its counsel to serve as an
2  expert witness or as a consultant in this action; (2) is not a current employee or current Business
3  Consultant of a Party, Zynga, or of any Zynga competitor, or otherwise currently involved in
4  competitive decision-making for a Party, Zynga, or for any Zynga competitor; (3) has not been a
5  past employee or Business Consultant of a Party, Zynga, or Zynga's  competitor, or otherwise been
6  involved in competitive decision-making for a Party, Zynga, or Zynga's competitor; and (4) at the
7  time of retention, is not anticipated to become an employee or Business Consultant of a Party,
8  Zynga, or of any Zynga competitor, or to be otherwise involved in competitive decision-making
9  for a Party, Zynga, or for any Zynga competitor.  If, while this action is pending, a Party learns
10 that any of its retained experts or consultants as defined herein is anticipating to become, or has
11 become, an employee or Business Consultant of a Party, Zynga, or any Zynga competitor, or
12 otherwise involved in competitive decision-making for a Party, Zynga, or any Zynga competitor,
13 the Party learning such information shall promptly disclose the information to Zynga.

14          3.       <u>"ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"</u>
15 <u>Information or Items</u>:  "Confidential Information or Items" produced by Zynga, that contains the
16 following types of extremely sensitive information—algorithms and source code; non-public,
17 commercially sensitive customer lists or communications; non-public financial, marketing, or
18 strategic business planning information; non-public information regarding prices, costs, margins,
19 or other financial metrics; information relating to research, development, maintenance,
20 improvement, testing of, or plans for existing or proposed future products; non-public information
21 concerning Zynga's data protection practices or security protocols; evaluation of the strengths or
22 vulnerabilities of Zynga's product offerings, including non-public pricing and cost information;
23 confidential contractual terms, proposed contractual terms, or negotiating positions (including
24 internal deliberations about negotiating positions) taken with respect to Zynga, Zynga's partners
25 and affiliates, or competitors to Zynga; information relating to pending or abandoned patent
26 applications that have not been made available to the public; confidential submissions to
27 governmental entities describing Zynga's legal positions or theories; personnel files; sensitive
28 personally identifiable information; commercially sensitive information about advertising

including financial metrics, contracts, platforms use, performance, methodology, strategy, or otherwise commercially sensitive advertising information; commercially sensitive information about cloud computing resources provided either by Zynga or a third-party provider, including historical or forward-looking analyses and projections, pricing structures or financial metrics, usage metrics, infrastructure, or contracts; commercially sensitive information about licensing, royalties, and fees to acquire content or intellectual property; and communications that disclose any such information.

C.     **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF ZYNGA PROTECTED MATERIALS**

1.     <u>Manner of Designating "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items.</u>  Designation in conformity with this Supplemental Protective Order requires:

a.     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Zynga affix the legend "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Zynga seeks protection under this Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, Zynga also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Zynga makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, Zynga must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Zynga must affix the appropriate legend ("ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Zynga also must clearly identify the

- 4 -

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM ZYNGA, INC.
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-03074-YGR, 4:20-cv-05640-YGR

1  protected portion(s) (e.g., by making appropriate markings in the margins).

2     b. <u>for testimony given in deposition or in other pretrial proceedings not

3  involving the court,</u> that Zynga identify on the record, before the close of the deposition, hearing,

4  or other proceeding, all protected testimony.  When it is impractical to identify separately each

5  portion of testimony that is entitled to protection and it appears that substantial portions of the

6  testimony may qualify for protection, Zynga may invoke on the record (before the deposition,

7  hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

8  portions of the testimony as to which protection is sought.  Only those portions of the testimony

9  that are appropriately designated for protection within the 21 days shall be covered by the

10 provisions of this Supplemental Protective Order.  Alternatively, Zynga may specify, at the

11 deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript

12 shall be treated as "<u>ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

13 ONLY.</u>"<u>  With respect to trial, Zynga can petition the Court for appropriate protective measures

14 which shall be requested in advance of evidence being taken.</u>

15    Zynga and the Parties shall give the other parties notice if they reasonably expect a

16 deposition, hearing, or other proceeding to include "<u>ZYNGA HIGHLY CONFIDENTIAL –

17 OUTSIDE COUNSEL EYES ONLY" Information or Items</u> so that the other parties can ensure that

18 only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

19 (Exhibit A to the Protective Order) are present at those proceedings.  The use of a document as an

20 exhibit at a deposition shall not in any way affect its designation as "<u>ZYNGA HIGHLY

21 CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY.</u>"

22    Transcripts containing "<u>ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE

23 COUNSEL EYES ONLY" Information or Items</u> shall have an obvious legend on the title page that

24 the transcript contains such material, and the title page shall be followed by a list of all pages

25 (including line numbers as appropriate) that have been designated as "<u>ZYNGA HIGHLY

26 CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>".  Zynga shall inform the court reporter

27 of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for

28 designation shall be treated during that period as if it had been designated "<u>ZYNGA HIGHLY

1  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed.
2  After the expiration of that period, the transcript shall be treated only as actually designated.
3                c.    for information produced in some form other than documentary and for any
4  other tangible items, that Zynga affix in a prominent place on the exterior of the container or
5  containers in which the information or item is stored the legend "ZYNGA HIGHLY
6  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If only a portion or portions of the
7  information or item warrant protection, Zynga, to the extent practicable, shall identify the
8  protected portion(s).
9         2.    Disclosure of "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
10  EYES ONLY" Information or Items.  Nothing in this Supplemental Protective Order shall prohibit
11  Zynga from choosing to disclose information to specific individuals or entities, including expert
12  witnesses, at its own discretion.  Unless otherwise ordered by the Court or permitted in writing by
13  Zynga, a Party may disclose any information or item designated "ZYNGA HIGHLY
14  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:
15                a.    the Party's Outside Counsel of Record in this action, as well as employees
16  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information
17  for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound"
18  that is attached to the Protective Order as Exhibit A;
19                b.    Party Experts (as defined in this Supplemental Protective Order) (1) to
20  whom disclosure is reasonably necessary for these Litigations and (2) who have signed the
21  "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);
22                c.    the Court and its personnel;
23                d.    court reporters and their staff, professional jury or trial consultants, and
24  Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who
25  have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective
26  Order); and
27                e.    the author or recipient of a document containing the information.
28         3.    Any Party disclosing any information or item for which an "Acknowledgement and

Agreement to be Bound" (Exhibit A to the Protective Order) is required shall collect and maintain a copy of each executed form and promptly provide them to Zynga upon Zynga's request. Zynga will not disclose the identity of any expert who has signed the "Acknowledgement and Agreement to be Bound" without first obtaining the consent of the party that retained the expert or, alternatively, authorization from the Court.

4. In light of the close of discovery in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640, Dkt. No. 116, any discovery produced by Zynga in *In re Apple iPhone Antitrust Litigation* and *Cameron v. Apple Inc.* (Case No. 4:11-cv-06714-YGR) or (Case No. 4:19-cv-03074-YGR) and designated either "CONFIDENTIAL" or "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall not be produced in or used at trial in *Epic Games, Inc. v. Apple Inc.*

5. If additional named plaintiffs are joined in *Cameron v. Apple Inc.* Case No. 4:19-cv-03074-YGR, the existing named Plaintiffs in that matter—Donald R. Cameron and Pure Sweat Basketball, Inc.—shall notify Zynga. Zynga shall have reasonable opportunity to seek further protective orders and object to sharing of any discovery produced by Zynga and designated either "CONFIDENTIAL" or "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" as to the new named Plaintiffs.

6. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Zynga, no Party seeking to introduce documents or information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

- 7 -

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM ZYNGA, INC.
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-03074-YGR, 4:20-cv-05640-YGR

**IT IS SO ORDERED.**

DATED: _____

HON. YVONNE GONZALEZ ROGERS
United States District Judge