UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>  Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 4:20-cv-05640-YGR<br><br>PRETRIAL ORDER NO. 9 RE: ADDITIONAL THIRD PARTY ADMINISTRATIVE MOTIONS TO SEAL<br><br>Dkt. Nos. 551, 561 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court previously issued Pretrial Order Number 7 on Friday, April 30, 2020, which dealt with several administrative motions to seal received from third parties. (*See* Dkt. No. 547.) Since issuing Pretrial Order Number 7, additional administrative motions to seal from third parties were filed and received on Friday evening. (*See* Dkt. Nos. 546 (Facebook Inc.), 550 (Lyft Inc.), 551 (Microsoft Corporation), 554 (Nintendo of America, Inc.), 555 (Kabam, Inc.), 560 (Spotify USA Inc.), 561 (Samsung Electronics Co., Ltd).) Given that time is of the essence, the Court has conferred with the parties to determine which of these additional administrative motions must be addressed prior to trial commencing on Monday, May 3, 2021. Based on the parties' representations, the Court addresses only Microsoft's and Samsung's administrative motions.[1]

As the Court explained in Pretrial Order Number 7:

> Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to

---

[1] The remainder of the above motions will be addressed in a subsequent trial order.

protection under the law." Civ. L. R. 79-5(b). In general, a "strong presumption in favor of access" to court records exists, especially during trial. At times, compelling reasons which are "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing")).

Here, and importantly, the gravamen of this case *is* business competition, including whether competition exists; if so, among which players; and how such competition influences the market. The Court understands that the standard is more lenient when the information concerns third parties, but this is not dispositive. The third-party information must be balanced with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis. Accordingly, the Court makes the following findings based upon the current state of the record:[2]

(Dkt. No. 547 at 1-2.) With this prior framework in mind, the Court addresses Microsoft's and Samsung's administrative motions.

### 1. **Microsoft Corporation (Dkt. No. 551)**

The motion is **GRANTED** as to all documents except for:

- PX2477/DX-5523 (Dkt. No. 551-5)
    - Page 13 of the presentation: the sub-heading shall be unredacted.
    - Pages 13-14, and 16-17 of the presentation: the information in the right-hand column of these pages shall be unredacted except for Microsoft's own amounts, which incorporates internal confidential financial data. The remainder of the proposed redactions on these pages are otherwise appropriately sealed.
    - Page 23 of the presentation: sub-heading shall be unredacted except the percentage amount, which is appropriately sealed.
    - Page 55 of the presentation: the sub-heading shall be unredacted. The smaller sub-heading below that is appropriately sealed.

---

[2] Litigants are advised that if the Court ultimately decides that certain information is important to disclose which has been sealed, it will provide an opportunity for the moving party to respond.

- o Page 56 of the presentation: the entirety of this page shall be unredacted <u>except</u> that the Microsoft specific information may be redacted along with the sub-total and total for the console amount and the platform amount.
- o Page 60 of the presentation: the sub-heading shall be unredacted <u>except</u> the percentage amount, which is appropriately sealed.
- o The remainder of the proposed redactions in the document is appropriately sealed.
- o That said, the Court does not intend to seal the courtroom if general references summarizing the information without reference to specific numbers are discussed during trial.
- DX-3918 (Dkt. No. 551-16)
   - o These proposed redactions shall remain sealed. Again, the Court does not intend to seal the courtroom if general references summarizing the information without reference to specific numbers (*e.g.* that Minecraft has sold more on one platform versus another platform) are discussed during trial.
- PX-2475/DX-5521 (Dkt. No. 551-19; 551-20)
   - o Page 15 of the presentation (page 4 of Dkt. No. 551-20): the last item listed shall be unredacted <u>except</u> that the video game referenced in the last sentence may be redacted and is appropriately sealed.
   - o The remainder of the proposed redactions in the document is appropriately sealed.
   - o The Court understands that a witness from Microsoft is testifying in this action. Any general questions and discussions on where Microsoft competes with the parties will not warrant the sealing of the courtroom. Instead, only specific actions or initiatives may warrant the sealing of the courtroom, which the Court will consider at the appropriate time.
- DX-3437/DX-3587/DX-3764 (Dkt. No. 551-24; 551-26; 551-28)
   - o The Court is inclined to grant the requests to seal party specific agreements, including ones that it has previously addressed in Pretrial Order Number 7 (*e.g.* the Valve and Epic Games agreement, and PayPal and Amazon agreements with

3

Apple) given that these documents reflect sensitively negotiated terms and conditions. However, to obtain a comprehensive understanding of the considerations of sealing versus the public's right of access, the Court will also **DEFER** consideration of this request until the document's use at trial.

Regarding the unredacted documents above: these documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access to the factual issues underlying this case. These documents reflect areas of competition that are not only highly relevant to the Court's determination in this action, but are hotly contested.

Microsoft shall provide the parties with revised redacted versions of the documents which may be used in any public portion of the trial, assuming they are otherwise admissible.

2. **Samsung Electronics Co., Ltd. (Dkt. Nos. 561)**

The Court rules on the administrative motion to seal brought by Samsung as follows:

- DX-3300, DX-3472, DX-3662, DX-3721, DX-4236, DX-4335, DX-4370, PX-2447 (Exhibits A through H)
    - As discussed with Microsoft's similar request above, the Court **DEFERS** consideration of the sealing of these documents, reflecting specific agreements between Epic Games and Samsung, until these documents are offered at trial.
- DX-4428, DX-4524, DX-4457, DX-3048, DX-3620, DX-4322, DX-4800 (Exhibits I through N)
    - **GRANTED IN PART** and **DENIED IN PART** as follows:
        - These emails are highly relevant to this action and the public's right to access these documents significantly outweigh any competitive harm to Samsung. Indeed, Samsung's requested sealing of these documents is overbroad, where these emails evidence candid conversations between two players in a proposed relevant market in this action. The sealing of the entirety of these documents is not warranted.
        - That said, specific terms may be sealed at this time due to perceived

competitive harm to Samsung, including:

- The specific revenue splits mentioned on EPIC_00011561-62 (Exhibit J) mentioned in the short-term and long-term boxes are appropriately sealed.
- The first bullet point under the Epic Games short-term box shall be sealed on EPIC_00011561 (Exhibit J).
- The copied provision from the parties' agreement on EPIC_00547871 (Exhibit L) is appropriately sealed at this time, pending decision from the Court on Samsung's earlier request.
- The specific revenue split mentioned at the top of the page on EPIC_00547872 (Exhibit L) is also appropriately sealed.
- On EPIC_00192148 (Exhibit M), at the paragraph starting with "Having said that," the remainder of the sentence after "Having said that," shall be sealed.
- Samsung's remaining two requests regarding the sealing of written direct testimony of Lorin M. Hitt and the deposition designation of Joe Kreiner will be considered and addressed in a separate order. Thus, the Court **DEFERS** consideration of these requests to be addressed in a subsequent trial order.

With regards to the emails, as set forth above, these documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access. Moreover, these documents reflect areas of competition that are not only highly relevant to the Court's determination in this action, but are hotly contested.

Samsung shall provide the parties with redacted versions of the documents which may be used in any public portion of the trial, assuming they are admissible.

This Order terminates Docket Numbers 551, and 561.

**IT IS SO ORDERED.**

Dated: May 2, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

5