1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David P Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7076
Facsimile: 415.344.7050

Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile: 206-359-9000

Attorneys for Non-Party
MICROSOFT CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>            Plaintiff, Counter-Defendant<br><br>    v.<br><br>APPLE, INC.,<br><br>            Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR<br><br>**DECLARATION OF DAVID P. CHIAPPETTA IN RESPONSE TO APPLE'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL EXPERT WRITTEN DIRECT TESTIMONY (ECF NO. 489) AND TO PARTIALLY SEAL DEPOSITION DESIGNATIONS (ECF NO. 505)** |

-1-

Pursuant to Civil Local Rule 79-5, I declare as follows:

1.      I am a partner at the law firm Perkins Coie LLP and counsel to Microsoft Corporation ("Microsoft"), which is not a party to the above-captioned case. I am a member in good standing of the State Bar of California. The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could and would testify to those facts.

2.      I submit this declaration in response to Apple's Administrative Motions to File Under Seal Expert Written Direct Testimony (ECF No. 489) and to Partially Seal Deposition Designations (ECF No. 505).

3.      Attached hereto as Exhibit A is a true and correct copy of a declaration by Cynthia Williams, VP Ecosystem Commercial, Gaming at Microsoft, submitted in response to Apple's Administrative Motion Under Seal Expert Written Direct Testimony (ECF No. 489).

4.      Although there is a presumption of public access to judicial records, that right is not absolute, and a court may seal documents offered in evidence at a trial upon showing compelling reasons to keep certain information confidential. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 330 F.3d 1122, 1135 (9th Cir. 2003); *see also* Civil L.R. 79-5(b). A compelling reason to seal judicial records exists when those records might "become a vehicle for improper purposes," such as use of the records to release trade secrets or confidential business information that might harm a litigant's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a [third-party's] competitive standing." (citations omitted)).

5.      Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy the compelling reasons standard. *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020) (citation and quotations omitted). As do sales data documents that reveal a company's "sales growth and decline." *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, *2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.). Further, there is also a compelling reason to file an exhibit under seal where that exhibit divulges confidential business information unrelated to the public's understanding of the judicial proceeding

-2-

1  in which the exhibit is presented. *Chipotle Mexican Grill*, 2020 WL 1171112, at *2. Microsoft has

2  narrowly tailored its sealing requests, and the portions of the trial exhibits that Microsoft seeks to

3  keep under seal are tangential to this litigation.

4        6.    Microsoft seeks to seal the following evidentiary materials that the parties have

5  submitted to the Court:

| Document or Portion of Document to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|
| Deposition of Joe Kreiner, 92:14-25 | Declaration of Christina Williams dated May 2, 2021 ("Williams Decl.") ¶ 4. |
| Deposition of Joe Kreiner, 168:13-15 | Williams Decl. ¶ 5. |
| Written Direct Testimony of Lorin M. Hitt, Ph.D., Figure 4 | Declaration of Stephanie Louie dated April 29, 2021 (ECF No. 551-15) ("Louie Decl.") ¶¶ 1-8. |

12        7.    The written direct testimony of Apple's expert Lorin M. Hitt, Ph.D. at Figure 4 is a

13  chart with revenue figures that are derived from a document that contains Microsoft's confidential

14  information. I understand that Apple, Inc. intends to submit the document designated DX-3918 as

15  a trial exhibit in the above-captioned legal case. The Court has granted in its Pretrial Order No. 9

16  Re: Additional Third Party Administrative Motions to Seal (ECF No. 564) Microsoft's

17  administrative motion to seal portions of the document designated DX-3918 (*see* ECF No. 551)

18  because that document reflects highly sensitive year-over-year sales and revenue data about

19  Minecraft by platform and purchase type. Louie Decl. ¶¶ 6-7. Such information is not publicly

20  disclosed and shared with a select group of individuals at Microsoft on a need-to-know basis. *Id.*

21  ¶ 5. If the information reflected at Figure 4 in Hitt's written direct testimony were to be disclosed,

22  it could be used by Microsoft's competitors and external partners to disadvantage Minecraft in

23  licensing, platform leverage, and partner negotiations. *Id.* ¶ 8.

24        8.    I understand Apple, Inc. has designated portions of certain depositions for use at

25  trial, including the deposition of Joe Kreiner. Some portions of the Joe Kreiner deposition used

26  and reveals Microsoft's confidential information. The deposition of Joe Kreiner at 92:14-25

27  explains and reveals a specific provision in a Microsoft licensing agreement establishing the

28

1   availability of content and timing of content on Xbox. Williams Decl. ¶ 4. This provision reflects
2   Microsoft's confidential strategy to compete for content, and to differentiate Xbox from
3   competitors in timing and availability of games. *Id.* If the highlighted information in the
4   deposition were revealed, it would harm Microsoft's relationships with its customers and give
5   Microsoft's competitors crucial information that would enable them to structure deals to
6   materially disadvantage Microsoft and Xbox's player base. *Id.*

7       9.      The deposition of Joe Kreiner at 168:13-15 reveals a custom agreement provision
8   and the confidential pricing that is part of an Xbox business strategy. *Id.* ¶ 5. Releasing the details
9   of a custom pricing agreement to the public could adversely affect Microsoft's deals with other
10  publishers and be used by competitors to disadvantage Microsoft in future game deals. *Id.*

11      10.     For the foregoing reasons, Microsoft respectfully requests that the Court seal
12  portions of the deposition of Joe Kreiner and the written direct testimony of Lorin M. Hitt, Ph.D.

13

14      I declare under penalty of perjury under the laws of the United States that the foregoing is
15  true and correct.

16      Executed this 3rd day of May 2021 in Palo Alto, California.

17

18                  /s/ David Chiappetta
                    David Chiappetta
19

20

21

22

23

24

25

26

27

28