Gavin W. Skok (WA SBN 29766)
gskok@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

Jaemin Chang (SBN 232612)
jchang@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone:    415.364.5540
Facsimile:    415.391.4436

Attorneys for non-party Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| EPIC GAMES, INC., <br><br> Plaintiff, Counter-Defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case Nos.    4:20-CV-05640-YGR <br><br> **DECLARATION OF KARL QUACKENBUSH IN SUPPORT OF APPLE INC.'S AND EPIC GAMES, INC.'S ADMINISTRATIVE MOTIONS TO SEAL CERTAIN EXPERT TESTIMONY** |
|---|---|

I, Karl Quackenbush, declare and state as follows in support of Valve's request to seal certain information pursuant to Apple's Administrative Motion to Partially Seal Expert Written Direct Testimony (Dkt. No. 489) and Epic Games, Inc.'s Administrative Motion to Seal Portions of its Expert Written Direct Examinations (Dkt. No. 509) (collectively, the "Sealing Motions"):

1. I am General Counsel for Valve. I am competent to testify, and have personal knowledge of the facts stated below.

2. Valve is a private company headquartered in Bellevue, Washington with approximately 350 employees that develops PC video games. Valve also operates Steam, an

1 online platform that lets users purchase and play PC games on their laptops and desktops. Over 30,000+ PC games are available on Steam, over 99% of which were made by third parties other than Valve. Third party developers that offer their games on Steam set prices for their games. Valve collects the purchase price from Steam users and remits the proceeds to the third party developer net of taxes and a revenue share to Valve.

3. Valve is a privately held company with no outside shareholders or lenders. It is not subject to public regulatory reporting and auditing requirements. Valve does not publicly disclose its sales and revenue information and projections or its business strategies. Valve derives a significant value from the confidentiality of such information. In addition, because third party games are available on Steam, Valve has a large amount of confidential third-party sales and revenue information, which Valve does not publicly disclose in order to protect the third parties' confidentiality. Our agreements with these third parties require us to keep this information confidential.

4. In response to Defendant Apple, Inc.'s subpoena, Valve produced responsive documents (1,524 pages of business records), including documents containing confidential, highly sensitive, and competitively-valuable information. These documents include confidential business strategies, contractual terms, and other competitively sensitive information. Some of the information produced was not created or kept in the form requested in the ordinary course of business by Valve. Instead, Valve was compelled by subpoena to specially query and combine information from various internal Valve sources to compile it. All such information is proprietary to Valve, with restricted and controlled access (including through password protection) within Valve to preserve the confidentiality of the information they contain.

5. On April 30, 2021, the Court granted in part Valve's motion to seal certain trial exhibits. Pretrial Order No. 7 (Dkt. No. 526) (the "Sealing Order").

6. The Sealing Motions seek to seal testimony by expert witnesses about, or that disclose information from: (i) documents produced by Valve that were already sealed by the Sealing Order, and (ii) expert testimony containing quotations from a document produced by

Valve that the Court has deferred ruling on Valve's request to seal unless and until that document is used at trial.

7. Valve seeks to seal the following excerpts from the Written Direct Testimony of Dr. David S. Evans:

| Paragraph | Basis for Sealing |
|---|---|
| 172 | Quotes content from p. 6 of DX-4388 (similar content also appears on p. 9 of DX-3746, DX-3868 and DX-5322). The Sealing Order ordered these portions of DX-4388, DX-3746, DX-3868 and DX-5322 to be sealed. (Dkt. No. 547 at p. 6). |
| 173 | Quotes DX-4200 (and duplicate exhibit DX-5365), which is highly confidential detailed discussion of Valve's strategy for competing with the Epic Games Store. The Court in the Sealing Order deferred consideration until trial whether to seal this document. (Dkt. No. 547 at p. 6). |
| 177 | Quotes content from p. 6 of DX-4388 (similar content also appears on p. 9 of DX-3746, DX-3868 and DX-5322). The Sealing Order ordered these portions of DX-4388, DX-3746, DX-3868 and DX-5322 to be sealed. (Dkt. No. 547 at p. 6). |

8. Valve also seeks to seal the following excerpts from the Written Direct Testimony of Lorin Hitt, Ph. D.:

| Paragraph | Basis for Sealing |
|---|---|
| 256 | Quotes content from p. 6 of DX-4388 (similar content also appears on p. 9 of DX-3746, DX-3868 and DX-5322). The Sealing Order ordered these portions of DX-4388, DX-3746, DX-3868 and DX-5322 to be sealed. (Dkt. No. 547 at p. 6). |

9. Valve produced Exhibits DX-4388, DX-3746, DX-3868, DX-4200, and DX-5322 with "Highly Confidential-Attorney's Eyes Only" designations under the protective order in this case.

10. Paragraphs 172 and 177 of the Evans testimony, and paragraph 256 of the Hitt testimony all quote directly from the portions of DX-4388, DX-3746, DX-3868 and DX-5322 that the Court sealed in the Sealing Order. Publicly filing these portions of testimony would reveal the contents that the Court already ordered to be sealed.

11. Moreover, Exhibits DX-4388, DX-3746, DX-3868, and DX-5322 are internal Valve documents that reflect internal strategy discussions among a limited group of Valve employees regarding how Valve manages its business, potential changes to the Steam revenue sharing program and contractual terms with third parties, and include analysis of potential effects

of changes on third-party sales and other revenues. Valve does not distribute or disclose these documents or the confidential information they contain outside the company, and derives a significant value from keeping this information and its internal strategy discussions confidential.

12. Separately, paragraph 173 of the Evans testimony quotes DX-4200 and DX-5365 (duplicate exhibits), which are internal Valve emails containing highly confidential and detailed discussion of Valve's strategy for competing with the Epic Games Store. Among other things, these emails discuss changes in the market, various tactics and steps taken by Epic to compete with Valve, the impact of such actions, and potential actions by Valve in response. These emails were circulated to a limited group of people inside Valve with a specific need to know such information and to participate in these strategy discussions. These emails and the information they contain is kept confidential by Valve and not publicly disclosed or disseminated. Valve derives economic and competitive value from the confidentiality of such information.

13. In the Sealing Order, the Court deferred ruling on whether DX-4200 and DX-5365 should be sealed until they are used at trial. Accordingly, paragraph 173 of the Evans testimony should be sealed at least until DX-4200 and DX-5365 are used at trial (if at all) and the Court rules on whether they should be sealed, as stated in the Sealing order. (Dkt. No. 547 at p. 6.) Because paragraph 173 of the Evans testimony contains Valve's highly confidential information, it should be sealed if and when it is introduced at trial.

14. Disclosure of any of the above non-public financial and proprietary information would harm Valve's competitive standing as it would give significant and unfair insight into Valve's strategic decision-making, strategic plans, operations and financials. If disclosed, others could gain unfair competitive advantage by using this information to develop competing products and features, undercut pricing, or negotiate different contract terms. Valve would face substantial harm to its competitive standing and to its business operations.

15. Because of the highly confidential nature of the Valve documents listed on Apple's trial exhibit list (DX-3585, DX-3746, DX-3868, DX-3931, DX-4200, DX-4202, DX-4388, DX-4514, DX-5320, DX-5321, DX-5322, DX-5333, DX-5365), Valve's Administrative

1. Motion to Seal (Dkt. No. 526) requested that the Court close the courtroom to the public for any testimony regarding these exhibits or the information they contain, and direct the parties not to refer to this information in opening statements, closing argument or any demonstratives made available on the public record. The Sealing Order stated that Valve's "motion is GRANTED as to all documents except for" DX-4200 and DX-5365, which the Court deferred ruling on until trial; for portions of DX-4388, DX-3746, DX-3868 and DX-5322 that Valve does not seek to seal here; and certain exhibits not at issue on this motion.

16. Similarly here, the Court should Court close the courtroom to the public for any testimony regarding the matters discussed in paragraph 256 of the Written Direct Testimony of Lorin Hitt, Ph. D. and in paragraphs 172, 173 and 177 of the Written Direct Testimony of Dr. David S. Evans, in insofar as such testimony would disclose the contents of the Valve documents referred to in those paragraphs and previously sealed or deferred by the Court. Valve further requests that the Court direct the parties not to refer to this information in opening statements, closing argument or any demonstratives made available on the public record

17. Valve has expended significant resources and implemented strict measures to prevent disclosure of the confidential information contained in the subject trial exhibits and discussed in this expert testimony, including by storing such information under password protection on internal Valve servers, limiting access to certain of the information as described above to certain Valve employees with a specific need to know, and not making such information publicly available (including to any outside investors or lenders, which Valve does not have). This confidential information would not be available in the ordinary course of business to Valve's competitors or the public.

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct. Executed on May 3, 2021 at Bellevue, Washington.

_Karl Quackenbush_
Karl Quackenbush