Molly N. Tullman (CA State Bar No. 244928)
James Howard
Ramie O. Snodgrass
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: MollyTullman@dwt.com

Attorneys for Nonparty
Amazon.com Services LLC

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **EPIC GAMES, INC.**,<br><br>Plaintiff, Counter-Defendant,<br><br>vs.<br><br>**APPLE INC.**,<br><br>Defendant, Counterclaimant. | **Case No. 4:20-cv-05640-YGR**<br><br>**NONPARTY AMAZON.COM SERVICES LLC's JOINDER IN DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PX-2339** |

Nonparty, Amazon.com Services, LLC, the parent company of AMZN Mobile LLC (together, "Amazon"), hereby intervenes for the limited purpose of joining Defendant, Apple Inc.'s ("Apple") Administrative Motion to Seal PX-2339 (the "Motion to Seal," Dkt. No. 514). Amazon seeks an order sealing certain portions of document PX-2339 ("PX-2339") that contain Amazon's highly sensitive and confidential, trade secret, and proprietary information, should PX-2339 be admitted as an exhibit at trial.

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 1
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiff, Epic Games, Inc. ("Epic"), has included PX-2339 on its list of potential exhibits for trial. *See* Dkt. No. 448 at 75. PX-2339 is a highly confidential addendum that supplements the Developer Program License Agreement between AMZN Mobile LLC and Apple. *See* Declaration of Andrew Bennet (the Bennet Decl.") at ¶ 3, Ex. 1. Amazon has unique, proprietary processes, strategies, techniques, procedures, and plans surrounding the operation, distribution, and promotion of video streaming services on iOS and tvOS devices. *Id.* at ¶ 11. PX-2339 addresses the provision of Amazon Prime Video streaming services on iOS and tvOS devices, and it contains non-public commercially sensitive details about Amazon's business terms associated with providing such services. *Id.* at ¶¶ 4-5. PX-2339 thus reflects Amazon's trade secrets and highly confidential proprietary information. Amazon, a non-party to this litigation, has taken necessary and appropriate measures to protect the information contained in PX-2339 through effectuating and enforcing non-disclosure provisions, and taking steps to maintain the confidentiality of PX-2339 throughout the pendency of this litigation. *Id.* at ¶ 6.

Amazon seeks to seal only the non-public and most commercially sensitive information contained in PX-2339. In particular, Amazon seeks to seal only certain terms of the preamble, signature blocks, and paragraphs 2.2, 4.2, 5.1, 8.3, 8.5, 9.4, 11.2 and 14.1. *Id.* at ¶ 18. Public disclosure of these paragraphs would: (1) reveal the unique terms Amazon negotiated in connection with its anticipated future technical capabilities and features, and other forward-looking business plans; (2) give Amazon's other prospective contract counterparties and competitors an advantage in future dealings with Amazon by disclosing terms that Amazon has previously accepted, and (3) potentially prejudice Amazon's ability to negotiate subsequent agreements with Apple regarding this same content. *Id.* at ¶¶ 14-17. Compelling reasons exist to seal these paragraphs from public view in order to prevent Amazon from suffering competitive disadvantage and economic harm.

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 2
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. LEGAL STANDARD

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that [they] are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). When considering whether to prohibit public access to a judicial record, "courts in the Ninth Circuit must [] evaluate the risk that the material at issue would be put to an improper use." *Apple iPod iTunes Antitrust Litig.*, 75 F. Supp. 3d 1271, 1274 (N.D. Cal. 2014). Improper use includes the "'publication of … trade secret materials.'" *Id.* at 1273-74 (quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1290, 1293–94 (9th Cir. 1986)). The trial court must "weigh relevant factors including the public interest in understanding the judicial process," against concerns that "disclosure of the material could result in improper use of the material for scandalous . . . purposes or infringement upon trade secrets." *See Century Aluminum Co. v. AGCS Marine Ins. Co.*, No. 11-cv-02514-YGR, 2012 U.S. Dist. LEXIS 113063 at *4 (N.D. Cal. Aug. 10, 2012). If there are" compelling reasons supported by specific factual findings" such that the interests in closure "outweigh the general history of access and the public policies favoring disclosure," sealing is appropriate. *Id.* (internal citation omitted). The court may then issue a tailored sealing order, as appropriate. *Id.* at *4-5.

Upon a showing of compelling reasons, courts in the Ninth Circuit routinely seal "documents containing highly sensitive and confidential, trade secret,[1] and proprietary information." *See e.g. Congdon v. Uber Techs., Inc.*, No. 16-cv-02499-YGR, 2018 U.S. Dist. LEXIS 38442, at *2 (N.D. Cal. Mar. 8, 2018) (sealing information regarding "prices, business

---

[1] A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, No. 08-74426, 2008 WL 4726222, at *2 (9th Cir. Oct. 28, 2008) (quoting Restatement of Torts § 757, cmt. b). "Generally it relates to the production of goods," but it may "relate to the sale of goods or to other operations in the business." *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (concluding that a confidential business plan and its attendant strategies constituted a trade secret because "[t]he plan developed . . . encompassed all of the forms, information, and techniques, for formulating, promoting, financing, and selling contracts for [certain services] in the continuous operation of a business").

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 3
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

strategy, stocks, and marketing strategies"); *see also Century* Aluminum, 2012 U.S. Dist. LEXIS 113063 at *2 (sealing the claim file of an assured to protect "confidential business information and strategies"); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 U.S. Dist. LEXIS 139266, at *9 (N.D. Cal. Aug. 16, 2018) (collecting cases) (sealing two customer agreements and a requirements agreement because they contained "proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements"); *Great Lakes Ins. SE v. FTL Risk Innovations LLC,* No. 19-cv-03415-TSH, 2019 U.S. Dist. LEXIS 120985, at *3 (N.D. Cal. July 19, 2019) (sealing portions of a complaint because "specific terms [of the policy], including premium, transaction volume, limitations and other economics and conditions of the insurance solution . . . are proprietary information").

### III.    ARGUMENT

Amazon has compelling reasons for its targeted request to seal certain terms of the preamble, signature blocks, and the eight identified paragraphs of PX-2339. It has invested significant resources into developing its video streaming business, and the proprietary terms on which Amazon conducts its business and agrees to provide its video streaming services are closely-held, commercially sensitive trade secrets. *See* Bennet Decl. at ¶¶ 10, 13. Disclosure of these terms would harm Amazon by giving prospective business counterparties and competitors unwarranted visibility into Amazon's proprietary strategies, procedures, and plans regarding the operation, distribution, and promotion of Amazon's video streaming business. *Id.* at ¶ 14. Although Amazon considers the entirety of PX-2339 to be confidential, its request to seal is narrowly tailored. Amazon seeks an order to seal the portions of PX-2339 that contain its trade secrets and its most confidential proprietary information— specifically certain terms of the preamble, signature blocks, and paragraphs 2.2, 4.2, 5.1, 8.3, 8.5, 9.4, 11.2 and 14.1— should PX-2339 be admitted at trial. *Id.* at ¶¶ 9, 18.

The Developer Program License Agreement between Amazon and Apple, as supplemented by PX-2339, is the operative agreement between Apple and Amazon with respect

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 4
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to the provision of Amazon Prime Video streaming services on iOS and tvOS devices. *Id.* at ¶ 4. Although PX-2339 contains terms similar to those that govern Apple's Video Partner Program (the "Program"), there are differences between the Program terms and the terms negotiated in PX-2339. *Id.* at *¶* 7. PX-2339 is the result of lengthy, strategic, non-public negotiations between Apple and Amazon, and many of its terms are unique to Amazon. *Id.*

Disclosure of the identified paragraphs would reveal the specific, detailed terms to which Amazon ultimately agreed to provide its video streaming services on iOS and tvOS devices. Widespread knowledge of what business terms Amazon has agreed to in the past would put Amazon at a significant disadvantage in future business negotiations. *Id.* at ¶ 15. Disclosure would also reveal the areas in which Amazon negotiated for unique terms before agreeing to provide its video-streaming services on iOS and tvOS devices. Competitors would be provided with insight into, not only Amazon's existing video streaming business, but also into areas that Amazon considered important for anticipated future technical capabilities, features, and product development. *Id.* at ¶ 16. Given these significant potential harms, Amazon has established compelling reasons for the protection of Amazon's trade secrets and confidential proprietary information. *See e.g., Century Aluminum*, 2012 U.S. Dist. LEXIS 113063 at *2 (granting motion to seal document containing confidential information because "competitive harm may result . . . if this document is publicly-disseminated, as it will reveal confidential business information and strategies that Defendant employs with respect to issuance of its insurance policies"); *Congdon*, 2018 U.S. Dist. LEXIS 3844 at *2 (granting motion to seal information related to business strategy and marketing strategies).

In addition, Amazon has an ongoing business relationship with Apple for the provision of video streaming services on iOS and tvOS devices and Amazon is concerned that disclosure of certain terms in PX-2339 may prejudice its ability to negotiate subsequent agreements with Apple regarding this same content. If the redacted terms become public, other developers negotiating with Apple may demand similar terms – causing competitive disadvantage and economic harm to Amazon. Bennet Decl. at ¶ 17; *see also e.g., Great Lakes*, 2019 U.S. Dist. LEXIS 120985, at *4

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 5
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  (granting a request to seal because "[p]ublicly disseminating the terms of the policy would allow
2  other insurers to develop similar insurance policies and threaten the exclusivity of [the parties']
3  relationship").  It is also possible that Apple may be unable to extend the same terms to all
4  developers and may cease offering those terms to any party, including Amazon – again causing
5  competitive disadvantage and economic harm to Amazon.  Bennet Decl. at ¶ 17.  Amazon's
6  relationship with Apple is ongoing, and competitors should not be provided with the opportunity
7  to free ride on Amazon's strategically negotiated terms, to Amazon's detriment.

8  For these reasons, Amazon may suffer meaningful competitive disadvantage and
9  economic harms if certain terms of the preamble, signature blocks, and paragraphs 2.2, 4.2, 5.1,
10  8.3, 8.5, 9.4, 11.2, and 14.1 of PX-2339 are publicly disclosed.  *See id.* at ¶¶ 13-17.  Given the
11  highly confidential and proprietary nature of these terms, Amazon has demonstrated a compelling
12  need for the identified paragraphs to be sealed.  *See e.g., Congdon*, 2018 U.S. Dist. LEXIS 38442,
13  at *2 (N.D. Cal. Mar. 8, 2018) ("Compelling reasons may be demonstrated where documents
14  would reveal detailed and product-specific information that would put a party at a competitive
15  disadvantage.") (internal citation omitted); *Nicolosi*, 2018 U.S. Dist. LEXIS 139266, at *9 (sealing
16  three contracts to protect "proprietary and confidential business information, including potential
17  trade secrets and business practices").

18  Moreover, detailed contractual terms governing a sophisticated business relationship are
19  unlikely to be essential to the public's understanding of the ultimate issues.  The public has an
20  interest in this high-profile litigation, but the specific confidential business information at issue
21  here does not inform the public in any meaningful way about the adjudicatory process.  Thus, the
22  countervailing interests in closure clearly outweigh any public interest in access to these specific
23  provisions.

24  Amazon's request is narrowly tailored to seek the sealing of *only* its trade secrets and most
25  confidential proprietary information.  *See* Bennet Decl. at ¶ 18.  Especially given Amazon's status
26  as a nonparty to this action, Amazon's trade secrets and highly proprietary confidential

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 6
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

information should be afforded protection, and the redacted version of PX-2339 should be used for the record at trial.

### IV. CONCLUSION

Accordingly, for the reasons set forth above and in the accompanying Declaration of Andrew Bennet, nonparty Amazon has established compelling reasons to keep the identified portions of PX-2339 sealed—specifically certain terms of the preamble, signature blocks and paragraphs 2.2, 4.2, 5.1, 8.3, 8.5, 9.4, 11.2, and 14.1—and it respectfully requests that the Court grant the Motion to Seal.

DATED this 3rd day of May, 2021.

                                            DAVIS WRIGHT TREMAINE LLP
                                            Attorneys for Amazon.com Services, LLC

By: */s/ Molly Tullman*
Molly N. Tullman (CA State Bar No. 244928)
James Howard
Ramie O. Snodgrass
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
Email: MollyTullman@dwt.com

**NONPARTY AMAZON'S JOINDER TO APPLE'S MOTION TO SEAL** - 7
4846-5805-3352v.2 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax