1 | PATRICK HAMMON (255047)
McMANIS FAULKNER
2 | a Professional Corporation
50 West San Fernando Street, 10th Floor
3 | San Jose, California 95113
Telephone:   (408) 279-8700
4 | Facsimile:   (408) 279-3244
Email:       phammon@mcmanislaw.com
5 |
Attorneys for Non-Party,
6 | ROBLOX INC.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **OAKLAND DIVISION**

11 |

12 | EPIC GAMES, INC. | Case No.:  4:20-cv-05640-YGR

13 |           Plaintiff, Counter-Defendant | **NON-PARTY ROBLOX INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL WRITTEN DIRECT TESTIMONY**

14 |     vs.

15 | APPLE INC.

16 |           Defendant, Counterclaimant | Judge: Hon. Yvonne Gonzalez Rogers

17 |

18 |

1    Pursuant to Local Civil Rules 7-11 and 79-5 and to the Administrative Motions to Seal
2 submitted by Epic Games, Inc. and Apple Inc. (Dkt. 509 and 489 respectively), non-party
3 Roblox Corporation ("Roblox") hereby seeks an Order permitting Figure 5 of the Written Direct
4 Testimony of Lorin M. Hitt ("Figure 5") to remain under seal.
5    Figure 5 is a pie chart reflecting data contained in Apple Inc.'s Exhibit DX-3879 ("DX-
6 3879"). Roblox moved to seal DX-3879 (the "First Administrative Motion," Dkt. 525) on the
7 grounds that the DX-3879 contains highly sensitive, confidential, competitively valuable
8 information about active users of the Roblox platform, information that Roblox expends
9 significant effort to keep confidential. This Court granted Roblox's motion to seal DX-3879.
10 Dkt. 547. Since Figure 5 represents visually the data from DX-3879 that the Court has already
11 ordered sealed, Figure 5 should also remain under seal.
12    As described in the First Administrative Motion and the Declaration of Hans Gunawan in
13 support of that motion (Dkt. 525, Attachment #1 and reattached to this Motion) Roblox does not
14 share information relating to its active users with any third parties unless they are bound by a
15 written confidentiality agreement. Roblox would likely suffer competitive harm were this
16 information to be made public. The disclosure of user information would provide actionable
17 intelligence to competitors who could use it to focus their efforts on particular distribution
18 platforms in order to gain a competitive advantage over Roblox. In order to prevent precisely
19 such anticipated competitive harm, the above information was designated as CONFIDENTIAL
20 or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, pursuant to the Stipulated and
21 Amended Protective Order dated January 21, 2021 (the "Protective Order") (Dkt. No. 274),
22 when Roblox produced DX-3879 to Apple in response to its subpoena to Roblox in this
23 litigation.
24    Courts of this circuit have repeatedly held that "the common law right of inspection
25 [bows] before the power of a court to ensure that its records are not used… as sources of
26 business information that might harm a litigant's competitive standing." FTC v. Qualcomm Inc.,
27 2019 U.S. Dist. LEXIS 1289 at *14-15 (N.D. Cal. Jan 3, 2019) (quoting In re Elec. Arts, Inc.,
28

1  298 F. App'x 568, 569 (9th Cir. 2008)). Just so here, the court should ensure "that its records are
2  not used as a source of business information that" would harm Roblox's competitive standing.
3       Roblox has established that the information contained in Figure 5 is sealable and should
4  remain redacted when Figure 5 is used at trial and if it is referenced in any pre- or post-trial
5  briefing. Accordingly, Roblox respectfully requests that the Court grant its motion to permit
6  Figure 5 to remain under seal.

8  DATED:  May 3, 2021                               McMANIS FAULKNER

10                                     /s/ Patrick Hammon
                                    PATRICK HAMMON

                                    Attorneys for Non-Party,
                                    ROBLOX INC