Steven L. Holley (*pro hac vice* pending)
(holleys@sullcrom.com)
Shane M. Palmer (SBN 308033)
(palmersh@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California  94303
Telephone:     (650) 461-5600
Facsimile:      (650) 461-5700

*Attorneys for Non-Party Spotify USA Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>APPLE INC. <br><br>　　　　　Defendant. | Case No. 4:20-cv-05640-YGR-TSH <br><br>**DECLARATION OF BENJAMIN KUNG PURSUANT TO CIVIL LOCAL RULE 79-5(e)(1) AND IN RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY (DKT. NO. 489)** |

SULLIVAN & CROMWELL LLP

DECL. OF BENJAMIN KUNG IN RESPONSE TO APPLE'S MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY
CASE NO. 4:20-CV-05640-YGR-TSH

I, Benjamin Kung, declare as follows:

1. I am a Director in the Financial Planning & Analysis ("FP&A") team at Spotify USA Inc. ("Spotify"), currently serving as our Head of Strategic Planning and Licensing Finance. I submit this declaration pursuant to Local Civil Rule 79-5(e) in support of sealing portions of Apple's Expert Written Direct Testimony that are the subject of an Administrative Motion to Seal filed by Apple Inc. ("Apple") on April 27, 2021 (Dkt. No. 489).

2. I have worked at Spotify since March 2016 and have served in various roles within the FP&A team during that time. My current job responsibilities include overseeing teams that forecast and manage the economics of our music licensing deals, providing guidance and visibility to business teams and senior leadership on matters impacting Spotify's consolidated margins, and long-range strategic planning for the company. I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts.

3. Spotify is an indirect, wholly-owned subsidiary of Spotify Technology S.A., a publicly-traded company incorporated in Luxembourg. Founded in Sweden, Spotify operates the most popular global audio streaming service. Spotify's streaming service first launched in Sweden in 2008 and launched in the United States in 2011. Spotify is available in 178 markets, and its platform is used by 356 million monthly active users.

4. The market for audio and music streaming apps and app distribution on various platforms is highly competitive and includes several of the largest tech companies in the world, including Apple. Because Spotify does not directly control a widely-used channel for distributing its audio streaming app to a large number of users, our business model not only depends on our ability to acquire content or negotiate licenses with content rights holders on favorable terms, but also requires us to simultaneously negotiate with distribution partners to keep distribution fees and commissions as low as possible. To optimize our distribution and user growth strategies against these variables, Spotify employs significant resources with respect to research and development, data collection, and analysis about user experience and behavior across various channels in order to successfully compete in the audio streaming market.

1

Decl. of Benjamin Kung in Response to Apple's Motion to Partially Seal Expert Written Direct Testimony
Case No. 4:20-cv-05640-YGR-TSH

5. I have reviewed Apple's Motion to Seal; the attached Declaration of Rachel S. Brass; and excerpts of the unredacted portions of the Written Direct Testimony of Lorin M. Hitt, Ph.D., and Francine Lafontaine, Ph.D., that Apple identified as containing or describing Spotify's confidential information. The following portions of Apple's Expert Written Direct Testimony should remain under seal for the reasons stated in this declaration:

| Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing |
|---|---|
| Hitt Testimony Figure 22 (except the caption and sources) | Declaration of Benjamin Kung ¶¶ 7–10 |
| Hitt Testimony Figure 23 (except the caption and sources) | Declaration of Benjamin Kung ¶¶ 11–15 |
| Hitt Testimony Figure 24 (except the caption and sources) | Declaration of Benjamin Kung ¶¶ 7–10 |
| Hitt Testimony Figure 25 (except the caption and sources) | Declaration of Benjamin Kung ¶¶ 11–15 |

6. In an effort to narrowly tailor its sealing requests, Spotify does not request sealing of paragraphs 102, 103, 104, or 105 of the Written Direct Testimony of Dr. Hitt; the captions or sources of Figures 22 through 25 of the Written Direct Testimony of Dr. Hitt; or the final sentence of paragraph 40 of the Written Direct Testimony of Dr. Francine Lafontaine. Although the information reflected in some of these portions of Apple's Expert Written Direct Testimony is non-public, Spotify recognizes the Court's need to balance Spotify's interests against the public's interest in access to court records and has sought to narrow its sealing requests as much as possible.

7. Figure 22 of Dr. Hitt's Written Direct Testimony is a chart that reflects non-public data concerning revenues generated for Spotify's audio streaming app through in-app purchases in the Apple App Store for each month from February 1, 2015 to September 30, 2019. Figure 24 of Dr. Hitt's Written Direct Testimony is a chart that reflects initial downloads of the Spotify audio streaming app in the Apple App Store for each month from February 1, 2015 to September 30, 2019. The data for each of these charts appears to have been collected by Apple from its own records.

SULLIVAN
&
CROMWELL LLP

2

DECL. OF BENJAMIN KUNG IN RESPONSE TO APPLE'S MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY
CASE NO. 4:20-CV-05640-YGR-TSH

8. I understand that Apple has moved to seal the information contained in Figure 22 of Dr. Hitt's Written Direct Testimony, and Spotify joins in Apple's request to seal Figure 22 for the reasons provided in Apple's Motion to Seal and the accompanying Declaration of Rachel S. Brass. (*See* Dkt. No. 489, at 2; Dkt No. 489-1, ¶ 8.)

9. Moreover, Figures 22 and 24 of Dr. Hitt's Written Direct Testimony should be sealed because Spotify would be harmed in its business if the information were to become public. Although Apple has access to the data underlying Figures 22 and 24 concerning Spotify's revenues and downloads of its audio streaming app on iOS devices as a result of Apple's control of the App Store, Spotify does not disclose this information to other third parties or to the public at large. If the confidential information reflected in Figures 22 and 24 about Spotify's revenues and app downloads from the App Store were disclosed to the public in the course of trial, it could be used to unfairly disadvantage Spotify in contract negotiations with its distribution partners (including original equipment manufacturers such as mobile, TV, gaming, and auto partners, as well as app providers and commercial partners) and advertisers. Disclosure of this information could further harm Spotify by giving Spotify's competitors insight into Spotify's strategic business decisions, which they could use to inform their own business and marketing strategies with respect to product strategy, distribution, and advertising.

10. For example, with respect to Figure 24, if this data concerning the number of downloads of Spotify's app on iOS were disclosed publicly, Spotify's other distribution partners could use the data as a proxy to assess the potential user interest in the Spotify app on other platforms. Those distribution partners could use this information to attempt to undercut deal terms, drive up the prices Spotify would pay (consequently impacting its margins), and generally harm Spotify's ability to compete and grow its business.

11. Figure 23 of Dr. Hitt's Written Direct Testimony is a chart that reflects the number of monthly active users of Spotify's Premium subscription service in the United States, for each month from February 1, 2015 through September 30, 2019. Figure 25 of Dr. Hitt's Written Direct Testimony is a chart that reflects the total number of monthly active users of Spotify's Premium and Free audio streaming services in iOS devices, expressed as percentages of

SULLIVAN & CROMWELL LLP

3

DECL. OF BENJAMIN KUNG IN RESPONSE TO APPLE'S MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY
CASE NO. 4:20-cv-05640-YGR-TSH

Spotify's total monthly active users for the United States overall, for each month from February 1, 2015 through September 30, 2019.  These charts appear to have been created using data contained in a document that Apple included in its list of exhibits that it may introduce at the trial of this action, identified as Exhibit DX-4641 (*see* Dkt. No. 481, at 155).  I understand that this document was produced by Spotify, bearing production number SPOT-EPIC-00001448, in response to subpoenas served on Spotify by Epic Games, Inc. ("Epic") on December 2, 2020, and by Apple on December 8, 2020.  I understand that when Spotify produced this document to Apple and Epic, it designated that document as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the Supplemental Protective Order Governing Discovery from Spotify that was filed jointly by Apple and Epic at Spotify's request and was entered by the Court in this litigation on February 11, 2021 ("Supplemental Protective Order") (Dkt. No. 407).

12.    Spotify would be competitively harmed in its business if Figures 23 and 25 of Dr. Hitt's Written Direct Testimony were disclosed to the public in the course of the trial in this action.  These figures reflect Spotify's proprietary, internal data and analysis concerning the use of its app across different platforms and operating systems.  This is highly sensitive information that Spotify keeps confidential and does not disclose to the public.  Spotify was only willing to produce the data reflected in Figures 23 and 25 of Dr. Hitt's Written Direct Testimony in this litigation subject to the protections of the Supplemental Protective Order, which restricts access to the documents containing the data to outside counsel, experts, and trial consultants for the parties and to the court and its personnel.  To maintain the confidentiality of the data reflected in these figures, Spotify invests in data security measures to prevent unauthorized outside parties from accessing the information, and even restricts access to this data within the company.

13.    Spotify uses the data reflected in Figures 23 and 25 for a variety of strategic business purposes, including but not limited to:

    a.    developing business strategies to compete with other audio and music streaming app providers, including Apple;

Sullivan & Cromwell LLP

4

Decl. of Benjamin Kung in Response to Apple's Motion to Partially Seal Expert Written Direct Testimony
Case No. 4:20-cv-05640-YGR-TSH

      b. identifying and negotiating with potential distribution partners to broaden the availability of the Spotify app across multiple platforms and expand Spotify's subscription business;

      c. planning strategic corporate investment decisions to drive sustainable growth and remain competitive in the marketplace; and

      d. developing strategies to more effectively monetize Spotify's ad-supported services.

14. If Figures 23 and 25 of Dr. Hitt's Written Direct Testimony were disclosed publicly, it would give Spotify's competitors insight into Spotify's internal data and analysis concerning its business operations and relative market share on iOS, including trends in those areas over time. Such information can be used by Spotify's competitors to inform their own business and marketing strategies with respect to product strategy, distribution, and advertising. For example, competing app developers could use the data to understand trends in Spotify usage on iOS (and in the case of Figure 25, on other platforms as well) and then selectively devote their resources to optimize their apps differently. And the competitive harm to Spotify resulting from any public disclosure of these figures would be amplified because Spotify's competitors generally do not make the same level of platform-specific usage and subscription detail publicly available.

15. If Figures 23 and 25 were publicly disclosed, the information would also unfairly disadvantage Spotify in its negotiations with distribution partners (including original equipment manufacturers such as mobile, TV, gaming, and auto partners, as well as app providers and commercial partners), and advertisers. If this material were to fall into the hands of distribution platforms or partners, for example, it would undermine Spotify's position in negotiations, undercut deal terms, drive up the prices Spotify would pay (consequently impacting its margins), and generally harm Spotify's ability to compete and grow its business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this May 3, 2021 in Brooklyn, New York.

          /s/ Benjamin Kung
          Benjamin Kung

SULLIVAN & CROMWELL LLP

5

DECL. OF BENJAMIN KUNG IN RESPONSE TO APPLE'S MOTION TO PARTIALLY SEAL EXPERT WRITTEN DIRECT TESTIMONY
CASE NO. 4:20-CV-05640-YGR-TSH

## **ATTESTATION**

I, Brendan P. Cullen, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated: May 3, 2021                                      /s/ Brendan P. Cullen
                                                                       Brendan P. Cullen