JOHN F. COVE, JR. (SBN 212213)
  john.cove@shearman.com
MATTHEW BERKOWITZ (SBN 310426)
  matthew.berkowitz@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105-2997
Telephone:   415.616.1100
Facsimile:    415.616.1199

*Attorneys for Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　*Plaintiff, Counter-defendant,*<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S ADMINISTRATIVE MOTION TO KEEP COMPETITIVELY SENSITIVE INFORMATION UNDER SEAL**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rules 7-11 and 79-5, non-party Sony Interactive Entertainment LLC ("SIE") hereby seeks an order permitting portions of ten documents identified on Defendant Apple Inc.'s ("Apple") exhibit list, as well as certain deposition and direct examination testimony, that contain SIE's highly confidential, competitively sensitive material to remain under seal if admitted at trial.

## I.   LEGAL STANDARD

When a party demonstrates "compelling reasons" sufficient to outweigh the public's interest in disclosure of confidential information, a court should keep such information under seal at trial. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008). Compelling reasons exist, for example, if "court files might . . . become a vehicle for improper purposes, such as the use of records to release trade secrets." *Id.* (internal quotation and alteration omitted); *see also, e.g.*, *France Telecom S.A. v. Marvell Semiconductor, Inc.*, No. 12-CV-04967-WHO, 2014 WL 4965995, at *3–*4 (N.D. Cal. Oct. 3, 2014) (granting request to seal as to trial transcript and exhibits referencing third parties' confidential financial and pricing data); *Century Aluminum Co. v. ACGS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (granting motion to seal as to third party's confidential information because of "competitive harm [that] may result [if the] document is publicly-disseminated, as it will reveal confidential business information and strategies that Defendant employs"); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (granting motion to seal as to information that could cause competitive harm if disclosed). The "public's interest in judicial proceedings . . . does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (applying 9th Circuit law and finding district court abused its discretion in denying motion to seal where public dissemination could result in competitive harm).

A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts*, 298 F. App'x at 569 (quoting *Restatement of Torts* § 757, cmt. b). Confidential pricing terms and formulas and other contractual terms

constitute a trade secret. *France Telecom*, 2014 WL 4965995, at *4 (citing *In re Elec. Arts*, 298 F. App'x. at 569); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972),

## II.     ARGUMENT

SIE seeks to seal portions of ten documents produced in this litigation, which have been designated DX-3094, DX-3125, DX-3433, DX-3582, DX-3660, DX-3865, DX-3988, DX-4425, DX-4493, and DX-4519 on Apple's exhibit list,[1] as well as certain deposition and direct examination testimony that has been given in this action, because the public disclosure of these documents and testimony would reveal SIE's highly competitively sensitive information, and cause competitive harm to SIE.

As described in detail in the accompanying Declaration of Don Sechler, these materials contain SIE's highly sensitive, confidential, competitively valuable information, and reflect different aspects of SIE's confidential business strategies, confidential contracting terms, and confidential information about the performance of some of its business initiatives and about user behavior, all of which is highly competitively sensitive. *See* Declaration of Don Sechler Pursuant to Local Rule 79-5(e)(1) in Support of SIE's motion ("Sechler Decl.") ¶ 3.   Allowing SIE's competitors and other contracting counterparties to have open access to these materials could inflict competitive injury on SIE because it would enable those parties to gain valuable insight into SIE's business, which SIE has invested significant resources developing, including through trial and error, and better position themselves in any future competition or negotiation with SIE. *Id.* ¶¶ 3–21; *see also Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) (finding that "the need to avoid competitive disadvantage in contract negotiations . . . is a compelling reason that justifies sealing").

As Mr. Sechler explains in his declaration, proposed trial exhibits DX-3582, DX-3660, DX-3988, DX-4425, DX-4493, and DX-4519 are all confidential, negotiated agreements between Epic and SIE, and various amendments thereto. Sechler Decl. ¶ 5.  These agreements contain highly

---

[1] SIE has limited its proposed redactions to these documents to a subset of SIE's highly-confidential, competitively sensitive material. *See* Sechler Decl. ¶¶ 6, 8, 10, 12–16, 21. The proposed redactions are included as Exhibits A–J to the Declaration of John F. Cove, Jr. (DX-3660, DX-3865, DX-3988, DX-4425, DX-4493, DX-4519, DX-3094, DX-3125, DX-3433, and DX-3582, respectively).

confidential terms of the business relationship between the parties, including revenue sharing, pricing, reporting and performance obligations. *Id.* ¶ 5. Each of these contracts also includes (or incorporates by reference) strict requirements of confidentiality. *Id.* The public disclosure of this information—as proposed in the corresponding redactions (Exs. J, A, C, D, E, and F, respectively)—would provide SIE's competitors with valuable insight into SIE's business and is likely to cause competitive harm to SIE. *Id.* ¶¶ 5, 6, 8–11, 13. As this Court recognized, "sensitively negotiated terms and conditions" of third-party contracts raise important confidentiality concerns. Pretrial Order No. 9, at 4, Dkt. 564 (May 2, 2021); Pretrial Order No. 7, Dkt. 547 (Apr. 30, 2021) (deferring decision to seal negotiated contracts in order to assess in the context of the trial). In keeping with this Court's direction, SIE has not sought to seal standardized "click-through" agreements on the Exhibit List that SIE offers to all its developers (*see* Pretrial Order No. 7, at 5), which SIE nonetheless considers to be confidential and which are subject to contractual confidentiality obligations.

More particularly, proposed trial exhibit DX-3660 is the "Exclusivity and Comarketing Agreement for 'Fortnite' on PlayStation 4" (the "Fortnite Comarketing Agreement"), which is a multifaceted, heavily-negotiated contract that SIE entered into with Epic regarding the marketing of Epic's Fortnite game on SIE's PlayStation 4 platform. Sechler Decl. ¶ 6. Proposed trial exhibits DX-4493 and DX-3988 are, respectively, the "Amendment #1 to Exclusivity and Comarketing Agreement for 'Fortnite' on PlayStation 4" ("Amendment #1") and "Amendment #2 to Exclusivity and Comarketing Agreement for 'Fortnite' on PlayStation 4" ("Amendment #2").[2] *Id.* ¶¶ 8, 10. The public disclosure of this information—as proposed in the corresponding redactions (Exs. A, E, and C, respectively)[3]—would provide SIE's competitors with valuable insight into SIE's business, and is likely to cause competitive harm to SIE. *Id.* Similarly, portions of the deposition excerpts of Joe

---

[2] DX-4519 (Ex. F) is a duplicate of DX-3988 (Ex. C) and thus the same arguments and redactions apply. Sechler Decl. ¶ 10.

[3] As Mr. Sechler explains, SIE proposes to redact (i) the most competitively sensitive discussion of the negotiated obligations of each party with regard to marketing, exclusivity and financial elements of the payment terms in DX-3660, and (ii) the most competitively sensitive discussion of the negotiated obligations of each party with regard to performance and reporting obligations, marketing, pricing, and other financial elements in DX-4493, DX-3988, and DX-4519. Sechler Decl. ¶¶ 6, 8, 10; *see also* Exs. A, C, E, F (proposed redactions).

Kreiner relating to the Fortnite Comarketing Agreement, Amendment #1, and Amendment #2, specifically Kreiner Deposition excerpts 35:20–36:6, 37:4–14, 40:2–41:9, 41:21–42:8, 47:20–48:3; 48:20–49:13; 51:12–52:19; and 52:23–53:14 also would cause competitive harm if disclosed because they describe some of the confidential contractual obligations, including as to cross-platform gameplay strategy, as well as pricing obligations under the contracts. *Id.* ¶¶ 7, 9, 11.

Proposed trial exhibit DX-3582, entitled "PlayStation 4 Cross-Platform Policy Schedule to the PlayStation Global Developer and Publisher Agreement" is a confidential agreement between Epic and SIE setting out the parties' rights and obligations with respect to cross-platform gameplay. *Id.* ¶ 13. Proposed trial exhibit DX-4425 is an earlier iteration of DX-3582. *Id.* The public disclosure of the most competitively sensitive reporting and pricing obligations and financial terms of the contracts—as proposed in the corresponding redactions (Exs. D and J)—would provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential payment, pricing and reporting obligations under the contract, which they could use to SIE's detriment if disclosed. *Id.*

These contracts and the related deposition testimony are therefore entitled to be sealed. *See, e.g., Clark*, 453 F.2d at 1009; *see also* Pretrial Order No. 9, at 4, Dkt. 564; Pretrial Order No. 7, Dkt. 547.

Proposed trial exhibit DX-3094, entitled "Cross-Platform Policy, Requirements and Process," is a document that SIE provided to Epic on a confidential basis that reflects SIE's strategies and requirements, including with regard to reporting, revenue sharing and pricing, with regard to its cross-platform gameplay initiative with Epic. Sechler Decl. ¶ 12. Public disclosure of the most competitively sensitive reporting and pricing requirements in this document proposed to be redacted (*see* Ex. G), could provide SIE's competitors or contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential payment, exclusivity and marketing obligations with Epic, which they could use to SIE's detriment if disclosed. Sechler Decl. ¶ 12. This document is therefore entitled to trade secret protection. *See Clark*, 453 F.2d at 1009; Pretrial Order No. 9, at 5 (specific revenue splits "appropriately sealed").

Proposed trial exhibit DX-3433 is an email exchange between employees of Epic and

employees of SIE engaged in confidential negotiations over an agreement to expand SIE's cross-platform gameplay. Sechler Decl. ¶ 14. The exchange contains discussions of potential contract terms, including pricing and revenue sharing, reporting and performance obligations, SIE's business strategies, and the potential economic benefits and drawbacks of the concepts being discussed, including some claims purportedly based on confidential information about user behavior. *Id.*; *see also* Ex. I (proposed redactions reflecting the most competitively sensitive elements reporting and pricing obligations and financial terms of the contract). In addition, Kreiner Deposition 215:14–23 contains testimony that purports to describe confidential negotiations between SIE and Epic regarding cross-platform gameplay. Sechler Decl. ¶ 14. Disclosure of this information would cause SIE competitive harm vis-à-vis its competitors (*In re Elec. Arts,* 298 Fed. App'x at 569 (warning about disclosures "that might harm a litigant's competitive standing")), and with regard to developers who negotiate contracts with SIE (*Philips*, 2016 WL 7374214, at *4 (cautioning that a "competitive disadvantage in contract negotiations . . . justifies sealing")).

Proposed trial exhibit DX-3125 is an email exchange between Epic and SIE reflecting confidential negotiations over a potential agreement to expand SIE's cross-platform gameplay. Sechler Decl. ¶ 15. The exchange contains discussions of SIE's business strategies, potential economic benefits and drawbacks of the concepts being discussed, claims of results based on confidential performance results, potential market size, and other issues of competitive significance. *Id.* Disclosure of the most competitively sensitive elements of the exchange, as identified in the proposed redactions (Ex. H) would cause competitive harm if disclosed to competitors or to actual or potential contract counterparties, and this document is therefore entitled to be sealed. *Id.*

Proposed trial exhibit DX-3865 is email exchange between Epic and SIE reflecting confidential negotiations over an agreement to expand SIE's cross-platform gameplay. *Id.* ¶ 16. The exchange contains a discussions of potential contract terms and contract structures, SIE's business strategies, and the potential economic benefits and drawbacks to SIE of the concepts being discussed. *Id.* Disclosure of the most competitively sensitive elements of the exchange, as proposed to be redacted (*see* Ex. B), would cause competitive harm if disclosed to competitors, and this document is therefore entitled to sealed. *Id.*

The deposition excerpt of Joe Kreiner, Kreiner Deposition 77:6–78:6, purports to describe certain payment terms and other contractual obligations.  *Id.* ¶ 17.  Public disclosure of this testimony could provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential terms with Epic and other game developers and would likely cause competitive harm if disclosed.  *Id.*

Written Direct Testimony of Lorin M. Hitt, Ph.D ("Hitt Testimony") Figure 4 purports to reflect confidential sales data for the Minecraft game on Sony PlayStation.  *Id.* ¶ 18.  Public disclosure of this confidential sales data in this testimony could provide SIE's competitors or other contracting counterparties with information regarding SIE's sales performance and would likely cause competitive harm if disclosed.  *Id.*

Hitt Testimony Paragraphs 114–15 purport to describe SIE's business strategy and commercial relationship with Epic, apparently based on the witness's review and interpretation of terms in confidential agreements between the parties.  *Id.* ¶ 19.  Public disclosure of this testimony could provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential payment terms with Epic and other game developers and would likely cause competitive harm.  *Id.*

Hitt Testimony Paragraph 163 purports to describe the terms of confidential contracts between SIE and Epic regarding pricing and payment structures.  *Id.* ¶ 20.  Public disclosure of this testimony could provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential payment terms with Epic and other game developers and would likely cause competitive harm if disclosed.  *Id.*

Last, SIE has proposed redactions that are limited to only the most competitively sensitive portions of these agreements and other documents and testimony and, thus, the request to seal them is narrowly tailored.  Sechler Decl. ¶ 21; *see also id.* ¶¶ 5–20.

Accordingly, for the reasons set for the above and in the accompanying Declaration of Don Sechler, non-party SIE has established compelling reasons to keep this information sealed.

SIE therefore respectfully requests that this Court grant its motion.

| | |
|---|---|
| DATED:  May 3, 2021 | SHEARMAN & STERLING LLP |
| | By:  */s/ John F. Cove, Jr.* |
| | JOHN F. COVE, JR. (SBN 212213)<br>MATTHEW BERKOWITZ (SBN 310426) |
| | SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA  94105-2997<br>Telephone:   415.616.1100<br>Facsimile:    415.616.1199 |
| | *Attorneys for Non-Party Sony Interactive Entertainment LLC* |