| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>  jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)<br>  vmoye@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900 | MARK A. PERRY, SBN 212532<br>  mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>ETHAN DETTMER, SBN 196046<br>  edettmer@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO** |

**TABLE OF CONTENTS**

**CONTENTS**

LEGAL STANDARD ............................................................................................................. 2

DISCUSSION ........................................................................................................................ 3

    A.     The Court Should Grant Apple's Request As To Non-Public Financial Information. ............................................................................................................... 3

    B.     The Court Should Grant Apple's Request As To Information That Could Aid A Bad Actor. ........................................................................................................ 6

    C.     The Court Should Grant Apple's Request As To Competitively Sensitive Information. ............................................................................................................... 8

    D.     The Court Should Grant Apple's Request As To Information that Reflects Sensitive Business Information of Many Third-Party Developers. ............................ 10

CONCLUSION .................................................................................................................... 12

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

# TABLE OF AUTHORITIES

**Cases**

*Adtrader, Inc. v. Google LLC*, No. 17-CV-0782, 2020 WL 6387381 (N.D. Cal. Feb. 24, 2020) .................................................................................................................. 6

*Algarin v. Maybelline*, LLC,
   No. 12-CV-3000, 2014 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) ......................................... 8

*In re Apple Inc. Device Performance Litig.*,
   No. 18-MD-2827, 2019 WL 1767158, (N.D. Cal. Apr. 22, 2019) ........................................... 8

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
   727 F.3d 1214 (Fed. Cir. 2013) .................................................................................. 3, 8

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016) .................................................................................... 8, 10

*Connor v. Quora, Inc.*,
   No. 18-CV-07597, 2020 WL 6700473 (N.D. Cal. Nov. 13, 2020) ........................................... 6

*In re Google Inc. Gmail Litigation*,
   No. 13–MD–02430, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) ....................................... 6

*Kamakana v. City & County of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) .................................................................................... 2, 6

*Lathrop v. Uber Techs., Inc.*,
   No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ........................... 8

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) ................................................. 3

*Music Group Macao Commercial Offshore Limited v. Foote*,
   No. 14-CV-03078, 2015 WL 3993147 (N.D. Cal. June 30 2015) ........................................... 6

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) .................................................................................................... 2, 6

*Philips v. Ford Motor Co.*,
   No. 14-CV-02989, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) ........................................... 2

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) .................................................................................... 11

*Rodman v. Safeway Inc.*,
   No. 11-CV-3003, 2014 WL 12787874 (N.D. Cal. Aug. 22, 2014) ........................................... 3

*Total Recall Techs. v. Luckey*,
   No. C-15-02281-WHA, 2021 WL 1245357 (Mar. 25, 2021) ................................................. 10

ii
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

*Vigdor v. Super Lucky Casino, Inc.*,
   No. 16-CV-05326, 2018 WL 4510734 (N.D. Cal. Sept. 18, 2018) .......................................... 3

iii

DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS
AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

     Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") files this Motion to Partially Seal Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto. Apple's final Trial Exhibit List was filed on April 25, 2021, *see* Dkt. 481, and Apple lodged its exhibits with the Court on April 29, 2021, in accordance with the Court's pretrial order, *see* Dkt. 381. Apple's final Trial Exhibit List includes a total of 2285 exhibits, 31 of which contain information Apple here contends is sealable under controlling authority and the Local Rules. *See* L. R. 79-5 (defining "sealable" "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise entitled to protection under the law"). Likewise, Plaintiff Epic Games, Inc.'s ("Epic") Exhibit List, *see* Dkt. 448 and Dkt. 482, identifies a total of 1336 exhibits, 101 of which contain information Apple here contends is sealable under the Local Rules. Specifically, these trial exhibits contain (1) non-public, competitively sensitive financial information whose disclosure could harm Apple; (2) confidential information whose disclosure could aid a bad actor; (3) competitively sensitive business information, including unannounced Apple products or internal market research; and/or (4) sensitive business information of Apple's many third-party developers which, if revealed, could impact those developers' competitive standing.[1]

     Apple accordingly moves to seal portions of the parties' respective trial exhibits containing sealable information and live trial testimony directly related thereto. Given the volume of potential exhibits in this case, the parties met and conferred on April 29, 2021 and Epic proposed that if Apple desired to protect any of its confidential information at trial, it should file a motion "up front" to put the issue before the Court before the start of trial. Apple agreed with Epic's proposal, and accordingly Apple is filing this motion to seal at the outset of trial, along with a concurrently-filed declaration containing the particular justification for sealing each individual document at issue. Apple will continue to meet and confer with Epic regarding redactions where possible.

     As trial is already underway, Apple does not expect the Court to rule on every exhibit at this time, and understands that the Court may prefer to defer a decision on any given exhibit until such time

---

[1] Notably, over 30% of the exhibits that Apple seeks to seal—*i.e.*, 40 of the 132 documents at issue—contain sensitive information related to third-party developers, and therefore fall into the final of these four categories of sealable information.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

as the parties can provide context for how it will be used, and whether the document is introduced at all. Apple expects that only those documents for which either Trystan Kosmynka or Matthew Fischer is the sponsoring witness are likely to be introduced during the first week of trial (indicated by an asterisk in the attached declaration). Accordingly, Apple is providing the legal and factual basis for the sealing of these documents so that, if and when these exhibits are offered for admission, the Court will have the information it needs to rule on the sealing of that exhibit or related testimony. *See* Dkt. 547 (Pretrial Order No. 7 Re: Third Party Administrative Motions To Seal) (deferring consideration of sealing various documents relating to third parties "[w]ithout knowing more about these documents will be used").

To the extent such sealable information is to be introduced live at trial, Apple respectfully requests that the Court (1) grant Apple's request to seal the sealable information contained within the exhibit, (2) temporarily limit public access to the trial proceedings to those present live in the courtroom while sealable information is being discussed, and (3) subsequently seal portions of the transcript related to sealable information.

**LEGAL STANDARD**

When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Gibson, Dunn & Crutcher LLP

2
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

# DISCUSSION

**A.     The Court Should Grant Apple's Request As To Non-Public Financial Information.**

Apple asks the Court to seal specific non-public, competitively sensitive financial information whose disclosure could harm Apple. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

Apple draws the Court's particular attention to the following exhibits which fall within this category of confidential material and are sealable for the reasons noted above:

- DX-5338, PX-2306 – These documents are natively produced, non-public transactional data for Apple. The data provides detailed, competitively, sensitive, and confidential information about virtually every aspect of the App Store. Most critical here, it provides information about historical revenues from each developer in the App Store, as well as transaction by transaction data. This data could potentially be used not just by competitors

Gibson, Dunn & Crutcher LLP

3

DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

of Apple, but also by competitors of the many, many developers whose information is implicated in this dataset. This data represents the core of Apple's confidential information about the App Store, and also the core of what developers expect will be maintained in confidence when they join the App Store.

- DX-3323 – This document is a slide deck providing a business overview of the App Store. The document contains non-public and competitively sensitive financial information about the App Store, including the number of paying accounts and total billings by region. The document also contains confidential information about potential changes to and new features for the App Store, as well as critical analyses of the existing design of the App Store.
- PX-0092 – This document includes non-public, unaudited, and competitively sensitive financial data for the App Store covering the period through Q2 FY 2020.
- PX-0414 – This document includes detailed, non-public information about Apple's Search Ads feature, which is at best tangential to the issues being litigated in this case. This includes confidential and competitively sensitive future-looking information.
- DX-4611 – This document contains non-public, detailed sales data and financial information data for the iPhone, iPad, and iPod Touch through FY 2019.
- PX-0432 – This document includes non-public detailed financial data for iTunes through Q3 FY 2020.
- PX-0603 – This document is an Excel file containing detailed non-public marketing costs associated with the App Store including for Q4 FY 2020.
- PX-0604 – This document is an Excel file containing detailed non-public and competitively sensitive information regarding certain developer relations costs associated with the App Store, including for Q4 FY 2020.
- PX-0605 – This document is an Excel file containing detailed non-public and competitively sensitive information regarding certain developer relations costs associated with the App Store for the period through Q4 FY 2020.

Gibson, Dunn & Crutcher LLP

4
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

- PX-0606 – This document is an excel spreadsheet showing non-public, unaudited, competitively sensitive financial information for various lines of business at Apple through Q1 of 2020.
- PX-0607 – This document is an Excel file setting forth several categories of non-public financial information related to iTunes for the period through Q3 FY 2020.
- PX-0611 – This document includes non-public financial data for the App Store through Q2 FY 2020.  These figures are not made public, have not been audited, and do not necessarily reflect all costs associated with the App Store.
- PX-2171 – This document is an August 2019 slide deck that includes confidential business information and non-public financial information.  The document includes billing revenues, including forecasts, for the App Store, as well as subscription data for different categories of apps.  The document discusses confidential and competitively sensitive future-looking business plans for growth, and detailed financial projections.
- PX-2363 – This document is a January 2020 email chain containing specific, competitively sensitive, and non-public financial information.
- PX-2391 – This document is a December 2019 slide deck containing competitively sensitive, non-public financial information and forecasts.
- PX-2392 – This document is a September 2019 slide deck reflecting confidential financial information, including data regarding operating margins and revenue growth.

In addition to these documents, the following additional exhibits likewise fall within this category for reasons similar to those discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3122; DX-3137; DX-3446; DX-3479; DX-3789; DX-3820; DX-3911; DX-4094; DX-4178; DX-4199; PX-0059; PX-0413[2]; PX-0602; PX-0608; PX-0612; PX-2165; PX-2167; PX-2168; PX-2302; PX-2364; PX-2366; PX-2367; PX-2369; PX-2382; PX-2385; PX-2928.

---

[2] PX-0413 and PX-0414 are included in the parties' April 27, 2021 Stipulation and [Proposed] Order Regarding Admissibility of Documents Submitted with Four-Hour Deposition (Dkt. 498).

Gibson, Dunn & Crutcher LLP

5
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

**B.    The Court Should Grant Apple's Request As To Information That Could Aid A Bad Actor.**

Apple requests that the Court seal specific information that could aid third parties in harming Apple or its customers, such as details about Apple's security policies and internal processes like Apple's App Review process.  Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  For example, courts have sealed information that could be used by a bad actor to breach a company's internal security system.  *See, e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing "information regarding Quora's investigation into the data breach incident that could be used by a bad actor to exploit and breach Quora's systems"); *Music Group Macao Commercial Offshore Limited v. Foote*, No. 14-CV-03078, 2015 WL 3993147, at *5 (N.D. Cal. June 30 2015) ("[C]ourts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials."); *In re Google Inc. Gmail Litigation*, No. 13–MD–02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons existed to seal "information that if made public . . . could lead to a breach in the security of the Gmail system").  Similarly, courts seal information that could be abused by bad actors to harm the parties' themselves.  *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-0782, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information where "disclosing to bad actors who would seek to manipulate Google's systems information about how Google detects and reacts to invalid traffic").

Sealing here is necessary because third parties could use the identified information to evade Apple's important security policies and to manipulate Apple's App Review process.  Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping the details of those efforts confidential is important to their effectiveness.  Public disclosure of this detailed information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data.  In addition, Apple has designed a rigorous App Review process, using proprietary review tools and information, to protect users and developers alike from fraud, malware, and unwarranted intrusion into their privacy, as well as to evaluate the operation and reliability of proposed apps and app updates.  The

Gibson, Dunn & Crutcher LLP

6
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Court should seal the identified information in order to ensure that bad actors cannot use it to circumvent Apple's important review processes.

Apple directs the Court's particular attention to the following exhibits which fall within this category of confidential material and are sealable for the reasons noted above:

- PX-2245 – This document includes a discussion of Apple's efforts to reverse engineer particular forms of software used by fraudsters, as well as an explanation of how these fraudulent methods work. The email also includes confidential and sensitive information regarding potential technical solutions to curbing the effectiveness of such fraudulent software and the fraudsters who attempt to deploy it. The document also contains an explanation of a potential method to assist in defending against cheaters and hackers. Release of this information would potentially assist bad actors in avoiding Apple's efforts to maintain the security and privacy of its users.

- PX-2006 – This document is an internal discussion among the App Review team discussing the security implications of allowing developers to add certain features to their apps. The document discusses the technical details of such features and how they might be implemented in a manner consistent with Apple's security protocols. The document also includes a discussion regarding the privacy implications of the feature, including changes to the App Review process that may be needed in order to protect against abuse.

- PX-2090 – This document is an email exchange among members of Apple's App Review and security team regarding an app operating in violation of the App Store guidelines. The document includes highly confidential source code for the third-party app, as well as a discussion of how to detect certain fraudulent app functions.

In addition to these documents, the following additional exhibits likewise fall within this category for reasons similar to those discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3685; PX-2051; PX-2075; PX-2102; PX-2134; PX-2142; PX-2174; PX-2201; PX-2248; PX-2297; PX-2331; PX-2332; PX-2336; PX-2350; PX-2387.

Gibson, Dunn & Crutcher LLP

7
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

**C.     The Court Should Grant Apple's Request As To Competitively Sensitive Information.**

Apple seeks to seal competitively sensitive information including future-looking product information, such as plans to develop yet undisclosed new products. Public access to this information would cause Apple economic harm and put it at a competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Apple Inc. Device Performance Litig.*, No. 18-MD-2827, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (finding compelling reasons may exist to seal "product development plans"); *Algarin v. Maybelline*, LLC, No. 12-CV-3000, 2014 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) (compelling reasons found to seal information related to product development where "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

In addition to future product information, Apple also seeks to seal as competitively sensitive certain market research reports which were either commissioned by or conducted by Apple to gain unique insights into consumers and gain a competitive advantage. *Samsung*, 727 F.3d at 1228 (finding "Apple has a strong interest in keeping its market research reports confidential," such that compelling reasons existed to seal "market research reports [which] contain information that Apple's competitors could not obtain anywhere else"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Sealing is necessary here because public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from Apple's efforts into product development and market research that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness.

Apple directs the Court's particular attention to the following exhibits which fall within this category of confidential material and are sealable for the reasons noted above:

Gibson, Dunn & Crutcher LLP

8

DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

- DX-3479 – This document describes Apple's competitive approach to the market for digital game transactions, including with respect to potential product enhancements or rollouts to improve the iOS experience, as well as strategic business acquisitions or partnerships. The document also sets forth competitively sensitive information about Apple's approach to growing competition in the market.

- DX-3516 – This document contains details about the design and rollout of a new product. The document discusses the key design elements of the product, as well as testing protocols for the product. The document reflects proprietary, non-public information about Apple's business plans.

- DX-3820 – This document is slide deck containing competitively sensitive strategic analyses of the planned growth and development of the App Store, including past and projected revenues from various segments. The slides on pages 27–29 also contain confidential third-party information about the billings revenues associated with particular apps. Later slides reflect competitively sensitive information regarding potential new products and business opportunities for developers, and confidential analyses of the App Store's products and business model.

- DX-4094 – This document is a slide deck regarding the business performance and outlook of the App Store. The document provides competitively sensitive non-public information about current and projected revenues for the App Store. It also discusses confidential upcoming non-public and future-looking information regarding business initiatives and product developments. The slide deck also includes detailed, non-public financial information about the App Store, broken down by region.

- PX-0059 – This document is a slide deck for FY 2020 regarding the business performance and outlook of the App Store. The document provides non-public information about current and projected revenues for the App Store. It also discusses confidential and competitively sensitive information regarding upcoming business initiatives and product developments. The slide deck also includes detailed, non-public financial information.

- PX-0469 – This document is a slide deck from October 2020 that provides non-public information about iOS.  In particular, the document provides confidential metrics regarding the usage of certain features on iOS and data about OS usage across Apple's userbase, as well as competitively sensitive information about usage of specific third-party apps offered for iOS.

- PX-2089 – This document sets forth analytics regarding certain features and products on the App Store, including Apple's competitively sensitive information about its approach to combatting fraudulent apps.  The document also includes non-public financial information about customer spending through certain features of the App Store, as well as projected financial costs associated with the distribution of certain types of fraudulent apps.

- PX-2367 – This document is a detailed table containing competitively sensitive data regarding billings and subscriptions, broken down by country.

In addition to these documents, the following additional exhibits likewise fall within this category for reasons similar to those discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3137; DX-3174; DX-3377; DX-3381; DX-3447; DX-3465; DX-3773; DX-3789; DX-3896; DX-4089; DX-4149; DX-4170; DX-4178; DX-4214; DX-4312; DX-4495; DX-5525; PX-0314; PX-0747; PX-0750; PX-0850; PX-2172; PX-2272; PX-2295; PX-2303; PX-2308; PX-2309; PX-2337; PX-2340; PX-2343; PX-2355; PX-2359; PX-2363; PX-2369; PX-2376; PX-2377; PX-2378; PX-2379; PX-2382; PX-2389; PX-2390.

**D.   The Court Should Grant Apple's Request As To Information that Reflects Sensitive Business Information of Many Third-Party Developers.**

Apple also seeks to seal information that reflects sensitive business information of its many third-party developers which, if revealed, could impact those developers' competitive standing.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.  Although third parties generally are able to assert their own confidentiality interests, in some cases a particular document implicates the information of so many third parties that it would be a burden to this Court, the parties, and the third parties to attempt to coordinate sealing applications for those exhibits.  *See, e.g., Total Recall Technologies v. Luckey*, No. C-15-02281-WHA, 2021 WL 1245357, *1 (Mar. 25, 2021) (finding as legitimate "a request to seal a

Gibson, Dunn & Crutcher LLP

10
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

spreadsheet containing the names and addresses of multiple uninvolved third parties"). Thus, Apple respectfully requests that the Court exercise its "broad latitude" in sealing matters (*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)) to maintain the sensitive information related to these third parties under seal.

Apple directs the Court's attention to the following exhibits which fall within this category of confidential material and are sealable for the reasons noted above:

- DX-3248 – This document contains the proprietary information of a third-party market research firm, and public disclosure could unfairly prejudice that party. Apple requested third-party permission to use the exhibit publicly; such permission has not been provided.

- PX-0191 – This document contains an analysis by Apple's App Review team of a new subscription service by a third-party developer. In the course of analyzing the service, the App Review members discuss and disclose revenue information for other developers who may be affected by the proposed service. The discussion of both the proposed subscription service and the developers' revenue constitute confidential information, both about potential business strategies and about the amount of revenue certain developers derive from the App Store.

- PX-2075 – This document reflects non-public communications with a third-party developer regarding a potential product launch. The document includes a detailed and extensive collection of proprietary, raw analysis by the developer showing the operation of the developer's analysis engines. This information could be relevant to a competitor.

- PX-2126 – This document is a 2018 email chain discussing confidential information about a third-party developer's anticipated product launch on iOS and sensitive business plans related to the same. The document also contains specific, confidential third-party developer revenue data for various different apps, which are identified by name.

- PX-2333 – This document is a July 2020 email chain containing confidential information related to the particulars of a third-party developer's modifications to an app submission. Specifically, the Apple employees on the chain note the technical changes that the developer made to its app.

11
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

In addition to these documents, the following additional exhibits likewise fall within this category for reasons similar to those discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3820; DX-4094; DX-4170; DX-4178; DX-5525; PX-0059; PX-0201; PX-0302; PX-0303; PX-0462; PX-0514; PX-0520; PX-2061; PX-2108; PX-2116; PX-2121; PX-2140; PX-2143; PX-2237; PX-2240; PX-2262; PX-2311; PX-2313; PX-2326; PX-2327; PX-2328; PX-2336; PX-2342; PX-2360; PX-2361; PX-2380; PX-2897; PX-2907; PX-2913; PX-2914.

From among the above referenced documents, Apple is moving to provisionally seal two documents (PX-2126 and PX-0191) that implicate Amazon's business. Apple is providing notice of this motion to Amazon so that it may support sealing of such documents if it so chooses.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated: May 3, 2021                    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:     */s/ Rachel S. Brass*
        Rachel S. Brass

Attorney for Defendant Apple Inc.

12
DEFENDANT APPLE INC.'S MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP