1  MATTHEW A. MACDONALD (State Bar No. 255269)(*admission pending*)
   Matthew.Macdonald@mto.com
2  LAUREN M. HARDING (State Bar No. 308029)
   Lauren.Harding@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
4  Fiftieth Floor
   Los Angeles, California 90071-3426
5  Telephone:     (213) 683-9100
   Facsimile:     (213) 687-3702
6
   Attorneys for Non-Party Netflix, Inc.
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                           OAKLAND DIVISION

11

12 | EPIC GAMES, INC. | Case No. 4:20-cv-05640-YGR-TSH |
|---|---|
|            Plaintiffs, | **ADMINISTRATIVE MOTION OF NON-PARTY NETFLIX, INC. TO SEAL TRIAL EXHIBITS PX-0197 AND PX-2140** |
| v. | *[Filed concurrently with Declaration of Rob Caruso and Proposed Order]* |
| APPLE, INC., | Hon. Yvonne Gonzalez Rogers |
|            Defendant. | Trial:  May 3, 2021 |

Pursuant to Local Civil Rules 7-11 and 79-5, Non-Party Netflix, Inc. moves the Court for an administrative order sealing select information in two documents Epic Games, Inc. has listed in its trial exhibit list:

- **PX-0197** [APL-APPSTORE-06015804];
- **PX-2140** [APL-APPSTORE-06737767].

These documents contain non-public financial and business information about Netflix's customer base that is competitively sensitive and protected from disclosure by a confidentiality agreement between Netflix and Apple, Inc. ("Apple"). The disclosure of this information could harm Netflix's business interests in ongoing and future strategic negotiations with potential business partners. Based on Netflix's understanding of the claims and defenses in this case, Netflix does not believe that any of the information sought to be sealed bears meaningfully on any of the issues in dispute in the case; the public therefore has little need to know this information.

Netflix respectfully requests the information identified in Netflix's proposed redactions attached as Exhibits A to B be sealed from the public record.[1]

This Motion is supported by the Declaration of Rob Caruso, the Vice President of Device Partner Engagements at Netflix. Netflix has met and conferred via email with Apple and Epic Games regarding this Motion; Apple has stated it does not oppose this motion to seal and Epic Games does not take a position on Netflix's Motion.

## LEGAL STANDARD

Although there is "a general right to inspect and copy public records and documents, including judicial records and documents," public "access to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that are more than "tangentially related" to the underlying cause of action may be sealed for "compelling reasons." *Id.*

---

[1] Pursuant to Civil Local Rule 79-5(d)(1)(C), Netflix has filed redacted versions of the documents sought to be sealed and unredacted versions under seal.

1  Whether "compelling" reasons exist is a matter for "the sound discretion of the trial court,"
2  but courts have recognized that the need to protect "sources of business information that might
3  harm a litigant's competitive standing" can be a compelling reason warranting sealing.  *Ctr. for*
4  *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted); *In re*
5  *Google Location Hist. Litig.*, No. 5:18-CV-05062-EJD, 2021 WL 519380, at *10 (N.D. Cal. Jan.
6  25, 2021) ("Compelling reasons may exist to seal trade secrets, marketing strategies, product
7  development plans, detailed product-specific financial information, customer information, internal
8  reports and other such materials that could harm a party's competitive standing.") (internal
9  quotation marks and citation omitted).  As the Court recently acknowledged when granting
10 various motions to seal of non-parties in this case, "the standard is more lenient when the
11 information [requested to be sealed] concerns third parties."  *See* ECF No. 547 at 2 (Pretrial Order
12 No. 7 Re: Third Party Administrative Motions to Seal); *see also Hunt v. Cont'l Cas. Co.*, No. 13-
13 CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information that
14 "implicates important privacy concerns of nonparties . . . that outweigh the public's interest in
15 disclosure of these judicial records").

16 **ARGUMENT**

17  Epic Games' trial list includes two documents that Apple produced in the course of this
18 litigation that contain confidential, commercially sensitive information of Netflix.  As set forth
19 more fully in the declaration of Rob Caruso, these trial exhibits contain sensitive financial and
20 business information relating to Netflix's customer base.  This information is competitively
21 sensitive because it can influence negotiations with potential business partners.  For this reason,
22 Netflix generally treats this information as confidential.  *See* Caruso Decl. ¶ 3.  Apple obtained the
23 information pursuant to a confidentiality agreement that covers both activity on Apple devices
24 related to Netflix and information that Netflix shared with Apple.  *Id.* ¶ 4.  Indeed, Apple produced
25 one of the records (Exhibit B - PX-2140) to Epic Games under a "HIGHLY CONFIDENTIAL –
26 ATTORNEYS' EYES ONLY" designation.
27  Courts routinely find "compelling reasons" to seal information where public disclosure of
28 non-public business or financial data could impact a company's competitive position or business

negotiations. *See Fed. Trade Comm'n v. LendingClub Corp.*, No. 18-CV-02454-JSC, 2020 WL 2838827, at *34 (N.D. Cal. June 1, 2020) (granting motion to seal "material that constitutes non-public, competitively sensitive business information regarding LendingClub's business operations and strategy, consumer research, financial data, or personally identifiable consumer information"); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (Rogers, J.) (granting motion to seal information that revealed "sales growth and decline" that, if disclosed, would put the party at a competitive disadvantage); *Juicero, Inc. v. iTaste Co.*, No. 17-CV-01921-BLF, 2017 WL 8294276, at *2 (N.D. Cal. June 28, 2017) (granting motion to seal confidential financial and business information "the disclosure of which could harm [the party's] competitiveness"); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 3014138, at *2 (N.D. Cal. June 17, 2013) ("EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 60 because it contains detailed analysis of the consumer market for its video games, which if disclosed, would harm its competitive standing."). This is particularly so where the party seeking to seal information is a third party. *See Hunt*, 2015 WL 5355398, at *2.

Netflix's proposed redactions are "narrowly tailored" to the information that is strictly necessary to protect its sensitive, confidential data. *See* Civil L.R. 79-5(b).

## CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court seal confidential information as reflected in Netflix's proposed redactions to the following documents on Epic Games' trial exhibit list: **PX-0197** [APL-APPSTORE-06015804] (attached as Exhibit A); **PX-2140** [APL-APPSTORE-06737767] (attached as Exhibit B).

DATED: May 4, 2021                    MUNGER, TOLLES & OLSON LLP

By: _____*/s/ Lauren M. Harding*_____
LAUREN M. HARDING
Attorneys for Non-Party Netflix, Inc.