UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No. 4:20-cv-05640-YGR <br><br> TRIAL ORDER NO. 1 RE: STIPULATIONS, MEDIA REQUEST, AND REMAINING THIRD PARTY ADMINISTRATIVE MOTIONS TO SEAL <br><br> Dkt. Nos. 498, 538, 563, 546, 550, 554, 555, 560, 571, 579, 583, 588 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court issues this Order with respect to several items on the docket:

**1. Stipulations (Dkt. Nos. 498, 538, 563, 583)**

As reflected on the record on May 3, 2021, the Court **GRANTS** the stipulations at docket numbers 498, 538, and 563.

Additionally, after considering the recently filed stipulation at docket number 583 requesting an additional two days for Apple to respond to the consumer plaintiffs' administrative motion for entry of supplemental protective orders, the Court **GRANTS** the stipulation.

**2. Media Request (Dkt. No. 579)**

The Media Coalition has filed a request to permit the addition of one additional reporter, Bobby Allyn of National Public Radio, be added to the list of reporters pre-authorized to enter the courthouse when serving as a designated pool reporter. Per the request, Mr. Allyn would be added to the schedule beginning Monday, May 10, 2021.

After considering the request, the Court hereby **ORDERS**:

Bobby Allyn of National Public Radio is **AUTHORIZED** to enter the Ronald V. Dellums

1  Federal Building & United States Courthouse and the specific courtroom (Courtroom 1) in which
2  the above-captioned trial is taking place, beginning May 10, 2021, in accordance with the pool
3  schedule timely provided to the Court. Mr. Allyn shall comply with all relevant provisions of the
4  Court's Pretrial Order No. 5 (Dkt. No. 485).

**3. Remaining Administrative Motions to Seal (Dkt. Nos. 546, 550, 554, 555, 560, 588)**

The Court previously issued Pretrial Order Number 7 and Number 9 addressing then pending administrative motions to seal the parties' proposed exhibits. (*See* Dkt. Nos. 547 and 564.) This Trial Order now addresses the remaining administrative motions to seal. (*See* Dkt. Nos. 546 (Facebook Inc.), 550 (Lyft Inc.), 554 (Nintendo of America, Inc.), 555 (Kabam, Inc.), 560 (Spotify USA Inc); 588 (Netflix, Inc.)).[1]

As the Court explained in both Pretrial Orders Number 7 and 9:

> Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). In general, a "strong presumption in favor of access" to court records exists, especially during trial. At times, compelling reasons which are "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").
>
> Here, and importantly, the gravamen of this case *is* business competition, including whether competition exists; if so, among which players; and how such competition influences the market. The Court understands that the standard is more lenient when the information concerns third parties, but this is not dispositive. The third-party information must be balanced with the Court's ultimate

---

[1] The Court notes that there are several administrative motions and declarations relating to the written direct testimony and deposition designations. These will be addressed in a subsequent trial order at the appropriate juncture.

The Court also notes that it received a motion for joinder from Amazon.com Services, LLC filed at docket number 571. While the Court stated in Pretrial Order No. 9 that it is inclined to seal the party specific agreements (Dkt. No. 564), the Court previously deferred a ruling on the sealing of this document in Pretrial Order No. 7 until its use at trial. (*See* Dkt. No. 547.) Thus, the Court administratively terminates the joinder at docket number 571.

resolution of the instant dispute which should be transparent in its analysis. Accordingly, the Court makes the following findings based upon the current state of the record:[2]

(Dkt. No. 547 at 1-2; Dkt. No. 564 at 1-2.) With this prior framework in mind, the Court addresses the remaining administrative motions.

**a. Facebook Inc. (Dkt. No. 546)**

The motion is **GRANTED** as to all documents except for:

- PX-2411 (Exhibit 1)
  - This document shall be unredacted and unsealed, especially where Facebook has failed to show competitive harm from a document almost four years old.
- PX-2413 (Exhibit 2)
  - EGFB-001141: the sentence shall be unredacted from "but they did seem" until the end of the sentence. The remainder of the proposed redactions on this page is appropriately sealed.
  - EGFB-001144: the proposed redaction on this page shall be unsealed.
  - EGFB-001148: the first sentence in the first numeral shall be unsealed. The remainder of the proposed redactions on this page is appropriately sealed.
  - EGFB-001160: The redaction at the bottom of the page in the email sent on March 2, 2020 at 6:25PM shall be unredacted. The remainder of the page shall be unsealed.
  - The remainder of proposed redactions in the document is appropriately sealed.
- PX-2414 (Exhibit 3)
  - EGFB-002073:
    - The first item shall be unredacted along with the first sentence. The second sentence is appropriately sealed.
    - The second item shall be unredacted along with the first sentence until the

---

[2] Litigants are advised that if the Court ultimately decides that certain information is important to disclose which has been sealed, it will provide an opportunity for the moving party to respond.

3

       semicolon. The subordinate clause starting with "but Apple" and ending with "offering IAP" shall also be unredacted. The rest of the sentence is appropriately sealed.

- The second and third sentences shall be unredacted in the third item. The first sentence as well as the item title are appropriately sealed.
- The second sentence until the word "Android" shall be unredacted in the fourth item. The first remainder of this sentence as well as the item title and the first sentence are appropriately sealed.
- The last sentence in the fifth item shall be unredacted. The remainder of the sentences and the item title are appropriately sealed.

- PX-2415 (Exhibit 4)
  - Facebook has not demonstrated that the withholding of this document from 2017 is appropriate. The chart shall be appropriately redacted and sealed. The first page shall otherwise be unredacted.

Regarding the unredacted documents above: these documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access to the factual issues underlying this case. Facebook shall provide the parties with revised redacted versions of the documents which may be used in any public portion of the trial, assuming they are otherwise admissible.

**b. Lyft Inc. (Dkt. No. 550)**

The Court **GRANTS** Lyft's administrative motion to seal. The Court finds that the proposed redactions are narrowly tailored, and the disclosure of these redactions, reflecting confidential business information and future strategies, would result in competitive harm to Lyft.[3] Thus, this information is appropriately sealed.

---

[3] The Court notes that these pertain only to Lyft's proposed redactions. As noted by Lyft in its administrative motion to seal, Lyft received a redacted form of the documents as to the other entities listed in the documents. (Dkt. No. 550 at 2 n.1.) The documents shall only be redacted and sealed to the extent that it pertains to Lyft's proposed redactions unless so ordered by the Court.

**c. Nintendo of America, Inc. (Dkt. No. 554)**

The Court **DENIES** Nintendo's administrative motion to seal its Content License and Distribution Agreement. As the Court stated when considering similar requests by Sony and Valve to seal their general template agreements and policies with developers:

> Sony has not demonstrated any harm of public disclosure where each of these policies are disclosed to developers who wish to sell on their digital marketplace. Indeed, per Sony's motion, these documents are disclosed to all developers, indicating their wide and broad dissemination to developers engaging with Sony's digital marketplace. Moreover, there is a significant public interest in accessing documents relating to alternative digital distribution platforms, including assessing the competition therein.
>
> …
>
> For reasons similar to Sony's request, it is not all clear why these documents [belonging to Valve], template agreements presented to any developer who wishes to sell games on Valve's Steam platform, should be sealed when these are widely disseminated to any developer who so requests it.[] These documents are highly relevant to the Court's analysis in assessing where competition exists in this action.

(Dkt. No. 547 at 4, 5.) The same reasoning is true here, where the document is a general agreement available to any developer who wishes to sell on the Nintendo Switch platform, and such an agreement is widely disseminated to the developer community. The public's right of access sharply outweighs any competitive harm to Nintendo (as well as to Valve and Sony).

**d. Kabam, Inc. (Dkt. No. 555)**

The Court **GRANTS IN PART** and **DENIES IN PART** as follows:

- PX-0067 (Exhibit A – Dkt. No. 555-4)
    - In the second paragraph, the names of the unreleased games shall be redacted and sealed. If the game has been released, the name of the game shall be unredacted.
    - The specific percentages in relation to gross revenue in the parenthetical shall be redacted and sealed.
    - The remainder of this email shall be unredacted.
- PX-2204 (Exhibit B – Dkt. No. 555-5)
    - Kabam has not shown that the release of this document, an email from more

than seven years, would result in competitive harm. The only appropriate redaction and sealing is of the personal cell phone number in the initial email. The remainder of the email shall be unredacted.

Regarding the unredacted documents above: these documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access to the factual issues underlying this case. Kabam shall provide the parties with revised redacted versions of the documents which may be used in any public portion of the trial, assuming they are otherwise admissible.

### e. Spotify USA Inc (Dkt. No. 560)

The Court **GRANTS** Spotify's administrative motion to seal. The motion is narrowly tailored in seeking to file under seal two documents (DX-4491 and DX4641) that contains sensitive information, including user and platform data, the release of which would result in competitive harm to Spotify. That said, the Court does not intend to seal the courtroom if general references summarizing the information without reference to specific numbers are discussed during trial.

### f. Netflix Inc. (Dkt. No. 588)

The Court **DENIES** Netflix's administrative motion to seal two documents: PX-0197 and PX-2140. Netflix seeks to seal information relating to payment statistics of its consumers from more than three years ago. Specifically, it seeks to seal information between iOS consumers paying in-app versus on the web. As the first two days of trial have reflected, an issue that is highly relevant to the Court's determination is the differences for consumers paying in-app and paying on the web. The public's right to access such information is significantly outweighed by any harm to Netflix, where the information that Netflix seeks to seal is more than three years old.

Regarding the unredacted documents above: these documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access to the factual issues underlying this case. Again, these documents reflect areas of competition that are not only highly relevant to the Court's determination in this action, but are hotly contested.

This Order terminates docket numbers 498, 538, 563, 546, 550, 554, 555, 560, 571, 579, 583, and 588.

**IT IS SO ORDERED.**

Dated: May 5, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**