1  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
2  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
3  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
4  J. WESLEY EARNHARDT (*pro hac vice*)
   wearnhardt@cravath.com
5  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
6  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
7  JUSTIN C. CLARKE (*pro hac vice*)
   jcclarke@cravath.com
8  M. BRENT BYARS (*pro hac vice*)
   mbyars@cravath.com
9  **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
10 New York, New York 10019
   Telephone: (212) 474-1000
11 Facsimile: (212) 474-3700

12 PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
13 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
14 San Francisco, California 94111
   Telephone: (415) 591-7500
15 Facsimile: (415) 591-7510

16 *Attorneys for Plaintiff and Counter-defendant*
   *Epic Games, Inc.*
17

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | No. 4:20-CV-05640-YGR-TSH <br><br> **DECLARATION OF JOSEPH KREINER IN SUPPORT OF PLAINTIFF EPIC GAMES, INC.'S MOTION TO SEAL** <br><br> The Honorable Yvonne Gonzalez Rogers |

DECLARATION OF JOSEPH KREINER                    CASE NO. 4:20-CV-05640-YGR-TSH

I, Joseph Kreiner, declare as follows:

1. I am Vice President of Business Development at Epic Games, Inc. ("Epic"). I joined Epic in 2011. In my role, I am responsible for Epic's relationships with third parties and have awareness of the anti-cheat and anti-fraud measures we employ.

2. Certain trial exhibits and deposition testimony contain sensitive third-party confidential business information entrusted to and shared with Epic by its partners. Our agreements with those partners require Epic to treat such third-party information as confidential; Epic takes those responsibilities seriously and protects this information as it would its own confidential business information. The third-party information at issue has not been disclosed publicly.

3. Some of the exhibits and testimony contain confidential and highly sensitive third-party business information. If revealed, this information would negatively impact those third parties' competitive standing. For example, certain exhibits disclose: the existence and names of games that have not been released; nonstandard deal terms agreed to by Epic partners and/or contain proprietary licensing terms and deal structures that could be used by counterparties against Epic's partners in future negotiations to gain leverage; that certain companies are in confidential acquisition negotiations with Epic which could, for example, impact their ability to retain employees and attract investors; and the non-public revenue of Epic's private company partners.

4. The remaining trial exhibits Epic seeks to seal involve key details relating to anti-cheat and/or anti-fraud mechanisms within Fortnite. These internal documents contain highly sensitive information that if made public could be used to defraud our customers or allow cheaters to ruin the game experience for our players. Epic takes substantial steps to prevent harm to its community including from cheating and fraud. Keeping our anti-cheat and anti-fraud

1  mechanisms confidential is essential to their effectiveness. Disclosure of the identified
2  information would allow bad actors to circumvent our anti-fraud and anti-cheat measures. For
3  example, if individuals looking to defraud users become privy to the metrics Epic uses to detect
4  fraud, they will use that information to design schemes to avoid detection. Similarly, if cheat
5  creators knew which anti-cheat mechanisms Epic employs, they will refocus their efforts to
6  circumvent those mechanisms and avoid detection. The public release of this information would
7  cause severe harm to the Epic community.

     5.    The potential trial exhibits and deposition excerpts that Epic seeks to seal, with the reasons for each request are attached hereto as Exhibits A and B.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on May 5, 2021, in Cary, North Carolina.

*DocuSigned by:*
*Joespeh Kreiner*
—2FBE9F029FD2457...
Joseph Kreiner

**FILER'S ATTESTATION**

I, M. Brent Byars, am the ECF User whose ID and password are being used to file this Declaration of Joseph Kreiner in Support of Epic Games, Inc.'s Motion to Seal. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from the signatory.

By: */s/ M. Brent Byars*

M. Brent Byars