THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **APPLE INC.'S NOTICE OF MOTION AND MOTION FOR AN ADVERSE CREDIBILITY FINDING AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 15, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable Yvonne Gonzalez Rogers, Courtroom 1, 4th Floor, United States District Court, 1301 Clay Street, Oakland, California, Defendant Apple Inc. will and hereby does move the Court to make an adverse credibility finding regarding the testimony of Lori Wright.

This is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follows, any reply papers that may be filed, and on the arguments of counsel.

DATED: May 6, 2021            By    */s/ Jay P. Srinivasan*
                                    GIBSON, DUNN & CRUTCHER LLP
                                    Theodore J. Boutrous Jr.
                                    Richard J. Doren
                                    Daniel G. Swanson
                                    Mark A. Perry
                                    Veronica S. Lewis
                                    Cynthia E. Richman
                                    Jay P. Srinivasan
                                    Ethan D. Dettmer
                                    Rachel Brass

                                    *Attorneys for Apple Inc.*

## CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

    A.    Epic Belatedly Names Ms. Wright As A Witness ........................................................ 1

    B.    This Court Warns The Failure To Timely Produce Ms. Wright's Documents Could Result In Sanctions ................................................................................. 2

    C.    Despite Ms. Wright's Deposition Testimony That She Has Relevant Documents, Microsoft Did Not Produce Them ............................................................ 3

ARGUMENT ................................................................................................................................ 4

CONCLUSION ............................................................................................................................. 7

**PRELIMINARY STATEMENT**

Lori Wright's trial testimony on May 5, 2021 made abundantly clear that neither Microsoft nor Epic heeded the Court's admonition that "trial is not an opportunity for surprises." Dkt. 437 at 3. The Court has already entered an order expressing its expectation that Microsoft would "adequately and timely produce [relevant] documents in advance of [Ms. Wright's] deposition[]," and warning that "fail[ure] to make a sufficient production of relevant documents to *both* parties" would "weigh . . . against [her] credibility" and "may warrant the striking of testimony." *Id.* at 4 (footnote omitted). However, Ms. Wright's documents were not produced to Apple in advance of her deposition *or* trial testimony. Apple respectfully submits that an adverse credibility finding is warranted.

Ms. Wright testified in her deposition and confirmed at trial that she has documents in her files relevant to the issues on which she testified regarding important, disputed issues in this case. These include, for example, which gaming platforms Microsoft views as being in competition with their Xbox offerings, and Xbox profit and loss ("P&L") statements that might have shed light on Ms. Wright's unsupported assertion that the Xbox console business is unprofitable. Indeed, Ms. Wright testified that she searched for and reviewed her documents in anticipation of her deposition to refresh her recollection about the events she thought she would be asked about. Yet Microsoft intentionally withheld these documents—both before and after Ms. Wright's deposition. When Ms. Wright took the stand, she acknowledged that Microsoft has a large financial incentive to support Epic; yet Apple was forced to cross-examine her with one arm tied behind its back, without the documents that might have contradicted her direct testimony. More importantly, the Court was deprived of the "opportunity . . . to measuredly consider and weigh the relevant evidence." Dkt. 437 at 3. An adverse credibility finding as to Ms. Wright's testimony should therefore be made.

**BACKGROUND**

**A.    Epic Belatedly Names Ms. Wright As A Witness**

Epic did not disclose Ms. Wright as a witness in its initial disclosures. Dkt. 419-2 Exs. A & B. It instead listed her for the first time on its March 12, 2021 Tentative Initial Witness List as a witness who would testify about four topics: (1) "Distribution of software"; (2) "Xbox video game console

business and operations"; (3) "Xbox cloud gaming, including xCloud and Game Pass"; and (4) "interactions with Apple." Dkt. 419-2 Ex. C at 9.

Apple had previously served Microsoft with a subpoena (in November 2020), but Microsoft produced only 79 documents in response. *See* Dkt. 419-3 ¶ 4 & Ex. A. This included no documents from Ms. Wright's email files, and Microsoft also refused to produce several categories of documents. *Id.* ¶ 7. At the time, Apple deferred a motion to compel due to Microsoft's third-party status—unless and until such a motion became necessary, including if a Microsoft witness were to testify at trial. Dkt. 419-3 ¶ 4. After Epic identified Ms. Wright as a trial witness, Apple promptly renewed its requests for Microsoft's documents. *See id.* ¶¶ 5–6. Notwithstanding Ms. Wright's inclusion on the witness list, Microsoft refused to produce any additional documents, including responsive documents from Ms. Wright's custodial files. *Id.* ¶ 7.

**B.     This Court Warns The Failure To Timely Produce Ms. Wright's Documents Could Result In Sanctions**

On April 9, 2021, Apple moved to exclude the testimony of Ms. Wright unless she timely produced documents sufficient for a fair cross examination. Dkt. 419. Apple explained that Epic had unfairly placed Apple in a procedural Catch-22 by waiting until after fact discovery closed to disclose Ms. Wright as a testifying witness. *Id.* at 11.

On April 12, 2021, this Court denied Apple's motion, but it specifically reiterated to Epic, Apple, and the third-party witnesses that "trial is not an opportunity for surprises. Instead, it is an opportunity for the Court to measuredly consider and weigh the relevant evidence to reach a final determination. This dispute presents no exception." Dkt. 437 at 3. Accordingly, to the extent that Ms. Wright "failed to make a sufficient production of relevant documents to *both* parties, the Court will weigh such a failure against the credibility of [Ms. Wright]. In other words, the failure to produce relevant documents, including documents relevant to [Ms. Wright], to both parties (here, to Apple) will be factored into [Ms. Wright's] credibility, and, if necessary, may warrant the striking of testimony." *Id.* at 4. The Court admonished Ms. Wright that, "[t]o the extent that [she is] concerned with an adverse credibility determination at the bench trial, [she] should ensure that [she] adequately and timely produce[s] such documents [at least three days] in advance of [her] deposition." *Id.* (footnote omitted).

The Court specifically distinguished Microsoft from smaller companies like Yoga Buddhi, noting that "Microsoft's prior productions to Apple may not have produced documents, if any, relevant to these specific individuals." *Id.* at n.4. The Court therefore made "no express determination . . . as to the appropriateness of the additional document requests." *Id.*

C. **Despite Ms. Wright's Deposition Testimony That She Has Relevant Documents, Microsoft Did Not Produce Them**

Apple deposed Ms. Wright on April 16, 2021. Perry Decl. ¶ 2. At no point after this Court's April 12 order (let alone at least three days before Ms. Wright's deposition) did Microsoft produce any additional documents. *Id.* ¶ 3. This lack of production was no oversight. Ms. Wright prepared for her deposition over two days with at least seven lawyers for Microsoft. *Id.* Ex. A (deposition transcript) at 22:10–23:4; *id.* Ex. B (trial transcript) at 596:15–23. Before being deposed, she searched her personal files for documents regarding the four topics on which she intended to testify so she could "[r]efresh [her] recollection on" relevant events, including those related to xCloud. Perry Decl. Ex. A at 52:12–53:16; *id.* Ex. B at 597:2–18. She further testified that her files include at least the following:

- A P&L statement for Xbox, which Ms. Wright said was a basis for her statements about Microsoft "subsidizing the consoles for the sake of content revenue," Perry Decl. Ex. A at 123:1–2; *id.* Ex. B at 597:19–22;

- Documents related to Ms. Wright's interactions with Apple, including internal emails on xCloud, Perry Decl. at 64:13–15; *id.* Ex. B at 597:23–5;

- Notes taken by Ms. Wright's team at Microsoft about a meeting they had with Apple, Perry Decl. Ex. A at 210:3–10; *id.* Ex. B at 598:6–21;

- A "lot" of documents related to Xbox cloud gaming, as well as documents related to the Xbox video game console business and operations, Perry Decl. Ex. A at 62:6–15, 64:3–7, 123:17–124:2; *id.* Ex. B at 597:12–16 (Ms. Wright "of course" has such documents); and

- Perhaps communications relating to Epic, though Ms. Wright testified that no one asked her to search for such communications, and she did not do so, Perry Decl. Ex. A at 261:13–25; *id.* Ex. B at 598:22–599:7.

Although Ms. Wright possessed these relevant documents, and reviewed some of them for her deposition, she testified that she did not provide them to her attorneys. Perry Decl. Ex. A at 52:12–21; 258:20–259:16. Indeed, Ms. Wright testified that certain documents "were shown to me and I did not give them to anyone." *Id.* Ex. B at 654:23–24. Nor has Microsoft produced them. Perry Decl. ¶ 3.

Despite not providing Apple with these relevant documents, Ms. Wright testified at trial about subjects contained within them.  For example, Ms. Wright testified about the supposed unprofitability of Microsoft's console business (Perry Decl. Ex. B at 551:24–552:13), without providing the P&L statement from her files that could have substantiated (or disproven) her testimony.  She also testified about Xbox cloud gaming (*id.* at 565:2–571:8), the Xbox console business (*id.* at 535:16–542:21, 546:19–548:4, 549:14–551:6, 551:24–552:13), and meetings between Ms. Wright's team and Apple (*id.* at 568:16–569:16, 598:6–21, 602:9–25, 606:16–607:11).  These are all subjects of the documents in her personal files that were requested by Apple, but not produced to Apple before her testimony.  Ms. Wright testified that no one had told her of the consequences of failing to produce documents relevant to these topics.  *Id.* at 600:7–601:13.  Apple notes that counsel for Epic and Microsoft coordinated at least with respect to scheduling Ms. Wright's trial testimony; the Court surely expected that Epic would communicate the substance of the Court's order to Microsoft.  But even after being apprised of this Court's order on the stand, Ms. Wright refused to say she would do anything differently; rather, she would have to "think about" complying with this Court's clear directive to produce documents.  *Id.* at 601:14–22.

## ARGUMENT

This Court warned Epic, Microsoft, and Ms. Wright that failure to produce "relevant documents" to Apple at least three days before Ms. Wright's deposition would result in an adverse credibility finding or striking her testimony.  Dkt. 437 at 4.  Such consequences are consistent with Federal Rule of Civil Procedure 37(c)(1), which prohibits a party that "fails to provide information . . . as required by Rule 26(a) or (e)" from "us[ing] that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  They are also proper exercises of this Court's inherent power "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial."  *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quotation marks and citation omitted).

While Apple's cross-examination of Ms. Wright at trial was effective (and showed, for example, her clear bias in favor of Epic and against Apple), that cross-examination was hampered by Microsoft's failure to produce her documents to Apple.  For example, Ms. Wright testified in her

1  deposition based on the Xbox P&L that the rules governing the Microsoft Store for Xbox are justified
2  by Microsoft's need to "subsidiz[e] the hardware," but that P&L was never produced to Apple.  Perry
3  Decl. Ex. A at 123:1–124:2, 258:15–25.  Despite Microsoft's position and this Court's admonition,
4  Epic still chose to call Ms. Wright, who testified at trial about Microsoft's hardware subsidies.  *Id.*
5  Ex. B at 551:24–552:13.  Apple has not had an opportunity to review the Xbox P&L.  *Id.*  The result is
6  that neither Apple nor the Court has documentary evidence to confirm or refute Ms. Wright's
7  unsubstantiated testimony on this issue.  (To be clear, Apple's position is that it is irrelevant to any
8  issue in this case whether Microsoft's console business is profitable, just as it is irrelevant whether
9  Apple's App Store is profitable.)

10  The same is true of many other documents in Ms. Wright's (but not Apple's) possession about
11  topics on which she testified, such as Xbox cloud gaming, the Xbox video game console business and
12  operations, and Ms. Wright's interactions with Apple.  Perry Decl. Ex. B at 565:2–571:8, 535:16–
13  542:21, 546:19–548:4, 549:14–551:6, 551:24–552:13, 568:16–569:16, 598:6–21, 602:9–25, 606:16–
14  607:11.  Ms. Wright testified about these issues on direct examination, but Apple could not cross-
15  examine her with her own documents on the same subject.  *See, e.g.*, *id.* at 599:8–600:6 (Ms. Wright
16  conceding on cross that she did not look for or produce any documentation regarding a "forum" where
17  Microsoft Vice President of Gaming Phil Spencer told her that "he had gotten a note from [Tim]
18  Sweeney" about Apple's App Store).

19  Ms. Wright also gave the incredible testimony that the Apple App Store does not compete with
20  the Microsoft Store for Xbox, and that Xbox is "not competing to try to get players to play on [Xbox]
21  instead of or in lieu of a mobile operating system platform like . . . iOS."  Perry Decl. Ex. A at 92:6–
22  24, 96:25–97:4 (deposition testimony); *id* Ex. B at 549:14–16 (similar trial testimony).  She did not,
23  however, produce any documents supporting her personal view that the iPhone does not compete with
24  the Xbox.  Perry Decl. ¶ 4.  And of course, Microsoft's corporate documents contradict the testimony
25  Ms. Wright gave in her personal capacity.  *See* DK-5532.012 ("Xbox Live and our cloud gaming
26  services face competition from various online ecosystems and game streaming services, including those
27  operated by . . . Apple.").  If Ms. Wright had had documents consistent with her testimony, they should
28

1  have been produced in the litigation.  Indeed, the Court might reasonably conclude that the non-
2  production of any such documents indicates that they contradict her testimony.

3  The Court's previous order stated that, to the extent Epic violated Rule 26 by failing to identify
4  Ms. Wright, the violation could be "remedied by providing [Apple] an opportunity for a deposition."
5  Dkt. 437 at 3.  But a deposition based on documents withheld from opposing counsel is no remedy at
6  all.  *See FDIC for Butte Cmty. Bank v. Ching*, 2016 WL 8673035, at *4 (E.D. Cal. Oct. 14, 2016)
7  (recognizing need for adequate document disclosure prior to deposition).  This Court appeared to
8  contemplate the possibility of such unfairness when it contrasted Yoga Buddhi's document production
9  with Microsoft's, which "may not have produced documents, if any, relevant to [Ms. Wright]."
10  Dkt. 437 at 4 n.4.  And that is just what happened: Ms. Wright's deposition proceeded without Apple
11  receiving the documents that undergirded her testimony.  Even if Microsoft believed (incorrectly) that
12  it had satisfied its obligations to produce relevant documents from Ms. Wright's files, Ms. Wright's
13  deposition testimony made manifest that it had not.

14  During Ms. Wright's testimony, the Court confirmed that Ms. Wright was called in her personal
15  capacity, not as a Rule 30(b)(6) witness for Microsoft.  Perry Decl. Ex. B at 591:7–11.  Thus, Apple
16  was entitled to Ms. Wright's custodial documents relevant to her "specific[ally]." Dkt. 437 at 4 n.4.
17  Apple did not receive such documents. *None* of the 79 documents that Microsoft produced in response
18  to Apple's subpoena came from Ms. Wright's email files, and only two non-email documents
19  designated Ms. Wright as the custodian.  Dkt. 419-3 ¶¶ 4–7.  Nevertheless, during redirect counsel for
20  Epic asked Ms. Wright whether it is "possible that someone may have searched [her] files" and
21  "produced" documents without her knowledge.  Perry Decl. Ex. B at 654:10–20.  Ms. Wright answered
22  in the affirmative on the basis that certain documents "were shown to me, and I did not give them to
23  anyone." *Id.* at 654:23–24.  But that has nothing to do with the undisputed fact that neither Ms. Wright
24  nor Microsoft ever complied with the Court's order to produce *to Apple* "relevant documents, including
25  documents relevant to [Ms. Wright]," such as relevant emails, financial statements, notes, and
26  communications.  Dkt. 437 at 4; *see* Dkt. 419-3 ¶ 6.  To the extent Epic's counsel implied otherwise in
27  his questioning, any such implication would be misleading.

28

Microsoft's intentional withholding of relevant documents is not substantially justified. Indeed, it was on ample notice of the consequences of failing to produce relevant documents to Apple, and it has chosen to produce nothing. Nor is Microsoft's failure harmless. The opportunity for Apple to fairly examine Ms. Wright has passed. *See Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1570828, at *2 (S.D. Cal. May 3, 2012) (excluding witness testimony where failure to disclose underlying documents was neither substantially justified nor harmless). The result—as spelled out in this Court's previous order—should be to enter an adverse credibility finding as to the entirety of her testimony on direct and redirect examination by Epic.

## CONCLUSION

For the foregoing reasons, Apple requests the Court make an adverse credibility finding as to Ms. Wright.

DATED: May 6, 2021                By      */s/ Jay P. Srinivasan*
                                          GIBSON, DUNN & CRUTCHER LLP
                                          Theodore J. Boutrous Jr.
                                          Richard J. Doren
                                          Daniel G. Swanson
                                          Mark A. Perry
                                          Veronica S. Lewis
                                          Cynthia E. Richman
                                          Jay P. Srinivasan
                                          Ethan D. Dettmer
                                          Rachel Brass

                                          *Attorneys for Apple Inc.*