PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S BRIEF REGARDING APPLE INC.'S RULE 802 OBJECTIONS TO THIRD PARTY STATEMENTS TO APPLE** |

During the May 6, 2021 Trial Day, the Court reserved decision on whether to admit three trial exhibits (PX-65, PX-67, PX-744) over hearsay objections made by Apple. These exhibits, and other exhibits that have been or may be introduced at trial, contain users' and developers' descriptions of their dissatisfaction with the App Store and Apple's IAP payment system, in this case relating to fraudulent apps and purchases, developer service delays and customer support issues.

Epic respectfully submits that the statements should be admitted because they are not being offered for a hearsay purpose—that is "for the truth of the matter asserted". Fed. R. Evid. 801(c)(2) (defining hearsay as only including such statements). Rather, these exhibits are offered to prove Apple's awareness of problems in and dissatisfaction with its App Store and its IAP payment system, as described by the consumers and developers who use those products.

The third parties' statements are also not hearsay under Federal Rule of Evidence 803(3), which exempts from the rule against hearsay "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan)". Under Rule 803, such statements are not hearsay "regardless of whether the declarant is available as a witness"; that is, even if the third parties who made the statements are not testifying at trial. In an antitrust case, this exception embraces what courts have called "customer motive" evidence: out-of-court statements concerning the effect of a monopolist's conduct on customers in the relevant markets. *See Complete Ent. Res. LLC v. Live Nation Ent., Inc.*, 2017 WL 6512223, at *4 n. 9 (C.D. Cal. Oct. 16, 2017) (citing *Callahan v. A.E.V., Inc.*, 182 F.3d 237, 250-53 (3d Cir. 1999)); *Consol. Credit Agency v. Equifax, Inc.*, 2005 WL 6218038, at *2 (C.D. Cal. Jan. 26, 2005) (citing *Hydrolevel Corp. v. Am. Soc. of Mech. Engineers, Inc.*, 635 F.2d 118 (2d Cir. 1980), aff'd, 456 U.S. 556 (1982)).

The typical "customer motive" case involves an antitrust plaintiff who proffers its own customers' or potential customers' statements that they cannot do business with the defendant because of the defendant's alleged conduct. Such statements are admissible to demonstrate that customers were motivated to cease business with the plaintiff because of the

defendant's conduct and not for some other reason; that is to show exclusionary and anti-competitive effect. *Complete Ent. Res. LLC,* 2017 WL 6512223, at *4 n. 9 ("[R]ecitation of customer statements [regarding their reasons for not using Plaintiffs' services] falls within the Rule 803(3) exception for statements of motive, as has been recognized by numerous courts"); *Consol. Credit Agency*, 2005 WL 6218038, at *2 ("Courts have held that statements from customers regarding their reasons for not dealing with a supplier are admissible for the limited purpose of proving customer motive."). In this case, the statements are similarly being offered to show that users and developers do not use Apple's app distribution and IAP products because of their quality, as Apple asserts, but rather in spite of them. This directly undercuts Apple's proposed findings, including, for example, that: "The App Store . . . has been a tremendous boon for both consumers and developers" or "Part of the consumer experience that Apple provides is its protection of consumer safety, security, privacy, and reliability, and consumers choose Apple because of its commitment to protecting consumers' safety, security, privacy, and reliability" (ECF No. 410 at ¶¶ 305, 524.)

During the pre-trial process, Apple submitted hearsay objections to testimony that Eric Gray, Apple's Director of Commerce and Payments, had personally "heard developers expressing dissatisfaction with [Apple's] processes for providing refunds to customers". Gray Dep. Tr. 128:8-13, 128:15-25. Retired Magistrate Judge Laporte overruled Apple's objection, finding that under the precedent cited above, the testimony was admissible "both for [the] witness's awareness of complaints by developers, i.e., his state of mind, and also as evidence of the impact of allegedly anti-competitive conduct". (Deposition Objections Chart and Rulings Thereon at pp. 24-25.)

Epic respectfully requests that the Court admit these exhibits into evidence and use them for the non-hearsay purposes Epic has identified.

Dated: May 7, 2021

Respectfully submitted,

By: *Katherine B. Forrest*

Katherine B. Forrest

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com

M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

***Attorneys for Plaintiff and Counter-Defendant* EPIC GAMES, INC.**

-4-
EPIC GAMES, INC.'S BRIEF REGARDING APPLE INC.'S RULE 802 OBJECTIONS TO THIRD PARTY STATEMENTS TO APPLE
Case No. 4:20-cv-05640-YGR-TSH