THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　Plaintiff, Counter-defendant<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**BRIEF RE: EXHIBITS CONTAINING INADMISSIBLE HEARSAY** |

At issue are emails sent from third parties to Apple employees. *See* PX-0065, PX-0067, and PX-0744. Epic seeks to admit these documents and the clear hearsay they contain. Epic contends it does not offer these exhibits for the truth of the matter asserted, but rather to show notice or state of mind. But Epic's Proposed Findings of Fact belie that assertion—these *exact* documents are cited in Epic's Proposed Findings of Fact for the truth of the matters asserted therein. *See* Dkt. 407 at FOF ¶¶ 321, 324, 553(a). And they are inadmissible for the purpose for which Epic actually seeks to *use* them.

Epic's filing argues that the exhibits are "being offered to show that users and developers do not use Apple's app distribution and IAP products because of their quality, as Apple asserts, but rather in spite of them." Dkt. 604 at 3. Without citation to "circuit authority," Trial Tr. 850:3–4, Epic invokes "customer motive" cases to contend that these exhibits should be admitted for a non-hearsay purpose.

The non-binding "customer motive" cases that Epic offers do not apply here. In those cases, customer statements were admitted under Fed. R. Evid. 803(3) to prove that the customers had stopped doing business with the Plaintiff because of the Defendant's alleged conduct. *See Complete Entm't Res. LLC v. Live Nation Entm't, Inc.*, No. 16-cv-9814, 2017 WL 6512223, at *4 n.9 (C.D. Cal. Oct. 16, 2017) (analyzing the "introduction of Plaintiffs' records of customer statements regarding their reasons for not using Plaintiffs' services"); *Consol. Credit Agency v. Equifax, Inc.*, No. CV-03-1229, 2005 WL 6218038, at *2 (C.D. Cal. Jan. 26, 2005) (admitting "statements from customers regarding their reasons for not dealing with a supplier are admissible for the limited purpose of proving customer motive," but noting that such statements are not admissible "as evidence of facts recited as furnishing the motives in antitrust cases"). Epic has never alleged that any of its consumers have stopped doing business with it because of Apple's conduct—to the contrary, Epic's business has grown by leaps and bounds since *Fortnite* was released on iOS. Epic has not and cannot articulate why "customer motive" would be relevant to whether Apple's conduct is anticompetitive.

In any event, proving customer motive is not how Epic intends to use these exhibits. As Epic's counsel made clear in court yesterday, Epic seeks to introduce these exhibits to support various propositions in its Proposed Findings of Fact. Trial Tr. 793:12–19 (Epic counsel: "Each and every one of these documents was cited in our findings of fact. The relevance, the importance of each and every

one of these documents is set forth in our findings of fact."). Epic does so despite the Court's instruction that it does not want a "document dump" of exhibits that will not be discussed at trial. Trial Tr. 788:10–14. And that Epic intends to use these documents for the truth of the matter asserted is underscored by its Proposed Findings of Fact. For example, Epic cites PX-0065 to support the sentence: "Such apps may 'defraud users of large sums of money.'" *See* Dkt. 407 at FOF ¶ 553(a) (citing PX-0065). The same is true for PX-0067, which Epic cites to support the proposition that "Apple's efforts to combat payment fraud appear to have been successful," quoting from PX-0067 to suggest that fraud on iOS is "equivalent to '2% – 5% of gross revenues." Dkt. 407 at ¶ 324 (quoting PX-0067). Likewise, Epic cites PX-0744 in a section with the heading "By Standing As a Middleman in Every In-App Purchase of Digital Content, Apple Interferes with Developers' Ability to Provide Effective Customer Service," *id.* at Section VIII.C, and asserts it shows that the App Store makes things "more stressful and difficult" for developers. *Id.* ¶ 321 (quoting PX-0744). Epic is not using any of these exhibits as "customer statements regarding their reasons for not using [Epic's] services." *Complete Entm't Res. LLC.*, 2017 WL 6512223, at *4 n.9. It uses them all for the truth of the matter asserted.

Whether there is a theoretical purpose for which these documents could be used for a non-hearsay purpose is irrelevant; the actual reason is hearsay. They should be excluded.

DATED: May 7, 2021        By        */s/ Jay P. Srinivasan*
                                    GIBSON, DUNN & CRUTCHER LLP
                                    Theodore J. Boutrous Jr.
                                    Richard J. Doren
                                    Daniel G. Swanson
                                    Mark A. Perry
                                    Veronica S. Lewis
                                    Cynthia E. Richman
                                    Jay P. Srinivasan
                                    Ethan D. Dettmer
                                    Rachel Brass

                                    *Attorneys for Apple Inc.*