UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No. 4:20-cv-05640-YGR <br><br> TRIAL ORDER NO. 2 RE: (1) FACEBOOK INC. ADMINISTRATIVE MOTION TO CLARIFY; AND (2) ADMINISTRATIVE MOTIONS TO SEAL DEPOSITION DESIGNATIONS <br><br> Dkt. Nos. 491, 505, 598, 601 |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court issues this Order with respect to several items on the docket:

**1. Facebook Inc. Sealing Request Clarification**

As the Court stated on the record, and as identified by counsel for Facebook Inc. (*see* Dkt. Nos. 598, 601), the Court had committed a typographical error with respect to Facebook's sealing request in Trial Order No. 1. (Dkt. No. 594.) Regarding PX-2413 (Exhibit 2) at page EGFB-001160, the Court AMENDS the ruling on Facebook's sealing request to read as follows: "The redaction at the bottom of the page in the email sent on March 2, 2020 at 6:25PM shall be unredacted. The remainder of the proposed redactions on this page shall be sealed."

**2. Administrative Motions to Seal Deposition Designations**

The Court is in receipt of defendant Apple Inc.'s Administrative Motion to Partially Seal Deposition Designations and plaintiff Epic Games, Inc.'s Motion to Seal Portions of Its Four-Hour Deposition Designations. (Dkt. Nos. 491, 505.) Trial records enjoy a "strong presumption in favor of access" that can only be overcome by "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Having carefully considered the parties' motions and supporting declarations, the Court rules on the motions as follows:

| Deposition Designation | Party Having Confidential Information | Ruling |
|---|---|---|
| **Epic Games' Motion to Seal (Dkt. No. 491)** | | |
| Cue 109:4 - 110:17 | Apple | **GRANTED.** This concerns Apple's internal projections of the rate of return on App Store search. The information relates to current confidential financial data that could result in competitive harm if disclosed. (Dkt. No. 505-1 ¶¶ 6-8.) |
| Cue 190:4 – 192:16 | Apple | **DENIED.** This concerns value of IAP vs. non-IAP customers to one third party. The information is relevant to the tying claim, and Apple has not articulated concrete harm from its release. (Dkt. No. 505-1 ¶¶ 6-8.) |
| Ong 9:10 - 9:12 | Match | **DENIED**[1] |
| Ong 9:15 - 9:18 | Match | **DENIED** |
| Ong 9:22 - 10:12 | Match | **DENIED** |

---

[1] Although Match initially designated certain material as confidential, much of the information has been made public and Match does not seek to seal the information denied here without comment. (*See* Dkt. No. 529.)

| | | |
|---|---|---|
| Ong 12:09 - 13:25 | Match | **DENIED** |
| Ong 17:03 - 17:15 | Match | **DENIED** |
| Ong 17:22 - 18:25 | Match | **DENIED** |
| Ong 20:15 - 20:22 | Match | **DENIED** |
| Ong 21:23 - 21:25 | Match | **DENIED** |
| Ong 22:10 - 23:05 | Match | **DENIED** |
| Ong 23:09 - 23:17 | Match | **DENIED** |
| Ong 24:17 - 25:05 | Match | **DENIED** |
| Ong 25:14 - 26:05 | Match | **DENIED** |
| Ong 28:09 - 28:22 | Match | **GRANTED** as to lines 28:11 and 28:15 only. This concerns concrete percentages of Match revenue that came from web and app versions of Tinder, respectively. Although relevant, the information could cause Match competitive harm, such as by helping competitors allocate marketing, and may be referred to in summary form at trial. (*See* Dkt. No. 529 ¶ 6.) |
| Ong 28:24 - 30:25 | Match | **DENIED** |
| Ong 31:22 - 31:24 | Match | **DENIED** |
| Ong 32:01 - 32:07 | Match | **DENIED** |
| Ong 32:10 - 32:22 | Match | **DENIED** |
| Ong 33:08 - 33:16 | Match | **DENIED** |
| Ong 33:18 - 34:07 | Match | **DENIED** |
| Ong 34:14 - 37:07 | Match | **DENIED** |
| Ong 37:25 - 38:11 | Match | **DENIED** |
| Ong 38:13 - 39:02 | Match | **DENIED** |
| Ong 39:16 - 39:24 | Match | **DENIED** |
| Ong 41:12 - 42:09 | Match | **DENIED** |
| Ong 43:04 - 44:19 | Match | **DENIED** |
| Ong 45:01 - 46:10 | Match | **DENIED** |
| Ong 46:13 - 46:15 | Match | **GRANTED** as to lines 45:15-16 and 46:1-2 only, which disclose the proportion of users and revenue attributable to Match's own payment system compared to the Google Play payment system. Although highly relevant, disclosure of the information may harm Match competitively, for example, if revealed to other app platforms, and may be referred to in summary form at trial. (Dkt. No. 529 ¶ 7.) |
| Ong 46:17 - 47:07 | Match | **DENIED** |
| Ong 47:15 - 48:01 | Match | **DENIED** |
| Ong 48:04 - 48:10 | Match | **DENIED** |
| Ong 48:14 - 48:19 | Match | **DENIED** |
| Ong 48:21 - 51:06 | Match | **GRANTED** as to lines 49:1-2 and 49:11-17 only, which concern Match's internal process for providing the refund. The information is not directly relevant to any claim or defense and could cause Match harm by encouraging abuse of its policy. (Dkt. No. 529 ¶ 8.) The information also discloses Match's data gathering efforts, which is not relevant to the present antitrust claims. The remainder of the |

3

| | | | |
|---|---|---|---|
| | | | designated excerpt concerns publicly known information, including developers' inability to provide refunds on Apple IAP. (*See* Dkt. No. 407 ¶ 293(c).) |
| | Ong 56:03 - 56:04 | Match | **DENIED** |
| | Ong 56:06 - 57:01 | Match | **GRANTED** as to the numbers disclosed on lines 56:6-10, 16-20 only, which concern a specific percentage of users driven to Match products by the Apple App Store versus user searches. Although relevant, the information could cause Match competitive harm, such as by helping rivals determine bids for keywords, and may be referred to in summary form. (Dkt. No. 529 ¶ 9.) |
| | Ong 57:20 - 57:22 | Match | **DENIED** |
| | Ong 58:08 - 58:10 | Match | **DENIED** |
| | Ong 58:20 - 59:16 | Match | **GRANTED** as to the numbers disclosed on lines 58:25-59:2, 59:6, and 59:13 only, which concern a specific percentage of users driven to Match products by the Apple App Store versus user searches. Although relevant, the information could cause Match competitive harm, such as by helping rivals determine bids for keywords, and may be referred to in summary form. (Dkt. No. 529 ¶ 10.) |
| | Ong 59:18 - 60:18 | Match | **DENIED** |
| | Ong 60:20 - 60:23 | Match | **DENIED** |
| | Ong 60:25 - 61:04 | Match | **DENIED** |
| | Ong 61:06 - 61:18 | Match | **DENIED** |
| | Ong 62:03 - 62:05 | Match | **DENIED** |
| | Ong 62:07 - 62:16 | Match | **DENIED** |
| | Ong 62:18 - 63:03 | Match | **DENIED** |
| | Ong 63:05 - 64:16 | Match | **DENIED** |
| | Ong 65:01 - 65:17 | Match | **DENIED** |
| | Ong 65:19 - 65:25 | Match | **DENIED** |
| | Ong 66:01 - 66:04 | Match | **DENIED** |
| | Ong 66:12 - 66:24 | Match | **DENIED** |
| | Ong 67:23 - 68:05 | Match | **DENIED** |
| | Ong 69:17 - 69:21 | Match | **GRANTED** as to the number disclosed on line 69:19, which identifies the percentage of Tinder revenue attributable to iOS. Although relevant, the information could cause Match competitive harm, such as in business negotiations with third parties or through rival allocation of marketing across platforms, and may be referred to in summary form at trial. (Dkt. No. 529 ¶ 11.) |
| | Ong 69:23 - 70:09 | Match | **DENIED** |
| | Ong 70:11 - 70:15 | Match | **DENIED** |
| | Ong 72:07 - 72:10 | Match | **DENIED** |
| | Ong 74:08 - 74:10 | Match | **DENIED** |

4

| | | |
|---|---|---|
| Ong 74:12 - 74:12 | Match | **DENIED** |
| Ong 84:01 - 84:03 | Match | **DENIED** |
| Ong 84:05 - 84:06 | Match | **DENIED** |
| Ong 84:22 - 85:03 | Match | **DENIED** |
| Ong 85:05 - 85:07 | Match | **DENIED** |
| Ong 120:12 - 120:13 | Match | **DENIED** |
| Ong 120:16 - 120:21 | Match | **DENIED** |
| Ong 120:24 - 120:25 | Match | **DENIED** |
| Ong 121:02 - 121:04 | Match | **DENIED** |
| Ong 152:04 - 152:23 | Match | **DENIED** |
| Ong 158:04 - 159:14 | Match | **GRANTED** as to the numbers disclosed on lines 152:11 and 16, which refer to specific percentage of users driven to Match products by the Apple App Store versus user searches. Although relevant, the information could cause Match competitive harm, such as by helping rivals determine bids for keywords, and may be referred to in summary form. (Dkt. No. 529 ¶ 10.) |
| Ong 162:03 - 162:22 | Match | **DENIED** |
| Ong 167:01 - 167:04 | Match | **DENIED** |
| Ong 167:06 - 167:20 | Match | **DENIED** |
| Ong 169:24 - 170:08 | Match | **DENIED** |
| Ong 170:10 - 170:19 | Match | **DENIED** |
| Ong 171:14 - 172:16 | Match | **DENIED** |
| Ong 172:18 - 173:06 | Match | **DENIED** |
| Ong 182:20 - 183:25 | Match | **DENIED** |
| **Apple's Motion to Seal (Dkt. No. 505)[2]** | | |
| Kreiner 32:13-14 | Third-Party | **DENIED** |
| Kreiner 32:25-33:4 | Third-Party | **DENIED** |
| Kreiner 35:20-36:6 | Sony | **GRANTED.** This discloses a confidential pricing term between Sony and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 576-22 ¶¶ 6-7.) |
| Kreiner 37:4-8, 37:14 | Sony | **GRANTED.** This discloses a confidential pricing term between Sony and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 576-22 ¶¶ 6-7.) |
| Kreiner 39:11-13 | Third-Party | **DENIED** |

---

[2] Apple seeks to seal information designated as third-party confidential under the protective order. The Court denies the motion without comment sealing where no party filed a supporting declaration. *See* Civ. L.R. 79-5(e)(2).

| | | |
|---|---|---|
| Kreiner 40:2-41:9 | Sony | **GRANTED.** The information concerns a confidential term and related negotiations in Sony's agreement with Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 576-22 ¶ 9.) |
| Kreiner 41:21-42:8 | Sony | **GRANTED.** This discloses a confidential pricing term between Sony and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 576-22 ¶¶ 6-7.) |
| Kreiner 42:21-23 | Third-Party | **DENIED** |
| Kreiner 47:20-48:3 | Sony | **GRANTED.** This discloses a confidential pricing term between Sony and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 576-22 ¶ 11.) |
| Kreiner 48:20-49:13 | Sony | **GRANTED.** This discloses a confidential pricing term between Sony and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 576-22 ¶ 11.) |
| Kreiner 51:12-52:19, 52:23-53:14 | Sony | **DENIED.** This information has already been disclosed to the public.[3] |
| Kreiner 54:15-16 | Third-Party | **DENIED** |
| Kreiner 57:10-16 | Third-Party | **DENIED** |
| Kreiner 60:18-61:11 | Third-Party | **DENIED** |
| Kreiner 64:3-4, 64:10-14 | Third-Party | **DENIED** |
| Kreiner 75:9-12, 75:15-76:8 | Third-Party | **DENIED** |
| Kreiner 77:6-78:6 | Third-Party | **DENIED** |
| Kreiner 80:1-2 | Third-Party | **DENIED** |
| Kreiner 80:9-12 | Nintendo | **DENIED.** The Court denied sealing for a generic distribution agreement between Nintendo and the Switch platform developers. The existence of an Epic specific agreement is not sealable. |
| Kreiner 81:6-83:22 | Nintendo | **DENIED.** Nintendo seeks to seal lines 81:16-20, 82:6-83:11, and 83:12-22, which are |

---

[3] *See, e.g.*, https://www.theverge.com/2021/5/3/22417560/sony-ps4-cross-play-confidential-documents-epic-games-agreements.

6

| | | |
|---|---|---|
| | | already disclosed elsewhere, including in the generic agreement for which sealing was denied. |
| Kreiner 85:13-86:21 | Nintendo | **DENIED.** Nintendo seeks to seal lines 85:21-86:6 and 86:14-21, which concern contractual provisions disclosed in the generic agreement for which sealing was denied. |
| Kreiner 87:6-21 | Nintendo | **DENIED.** Nintendo seeks to seal lines 87:7-8, which concern contractual provisions disclosed in the generic agreement for which sealing was denied. |
| Kreiner 88:14-15, 88:25-89:1 | Third-Party | **DENIED** |
| Kreiner 91:1-19 | Third-Party | **DENIED** |
| Kreiner 92:9-93:1 | Microsoft | **GRANTED.** This concerns a provision of Microsoft's licensing agreement with Epic Games. The Court has previously deferred sealing the underlying agreement. (*See* Dkt. No. 564 at 3.) In the deposition designations, Microsoft seeks to seal information related to section 2.5.2 only, which relates to timing of game distribution. (Dkt. No. 567 ¶ 6.) The information is not directly relevant to any claim and could harm Microsoft by impacting its negotiations with other customers. (Dkt. No. 567-1 ¶ 4.) Sealing for this provision is therefore granted.[4] |
| Kreiner 93:7-22 | Third-Party | **DENIED** |
| Kreiner 94:23-95:20 | Third-Party | **DENIED** |
| Kreiner 96:7-11 | Third-Party | **DENIED** |
| Kreiner 96:22-97:1 | Third-Party | **DENIED** |
| Kreiner 97:13-98:4 | Third-Party | **DENIED** |
| Kreiner 107:15-108:12 | Third-Party | **DENIED** |
| Kreiner 114:15-115:8 | Third-Party | **DENIED** |
| Kreiner 116:16-25 | Third-Party | **DENIED** |
| Kreiner 130:11-12 | Third-Party | **DENIED** |
| Kreiner 136:21-137:17 | Third-Party | **DENIED** |
| Kreiner 137:24-138:3 | Nintendo | **DENIED.** The information concerns generic "discussions" and is far too general to warrant sealing. |
| Kreiner 138:7-10 | Third-Party | **DENIED** |

---

[4] However, because Microsoft does not seek to seal provisions disclosed in the deposition designations related to section 2 generally, as well as sections 5.1 and 8.1 (*see* Kreiner Depo. at 91:1-19, 93:7-22, 94:23-95:20), those sections shall be unredacted.

| | | |
|---|---|---|
| Kreiner 138:13-16 | Third-Party | **DENIED** |
| Kreiner 140:15-19, 141:5-142:3 | Samsung | **GRANTED** as to line 141:13 only. Samsung seeks to seal lines 141:5-142:23, which involve a comparison of revenue sharing and commission rates charged by various platforms. (Dkt. No. 561-1 ¶ 10.) However, it has no basis to seal other parties' confidential information. Accordingly, only Samsung's specific information is sealed, for the reasons stated in Pretrial Order No. 9. |
| Kreiner 168:7, 168:11-20 | Microsoft, Nintendo | **GRANTED IN PART AND DENIED IN PART.** Microsoft seeks to seal lines 168:13-15 only. (Dkt. No. 567 ¶ 9.) This concerns specific prices paid for bundling consoles with gift cards in a few cases. The specific terms of the payments are not apparently relevant to any claim, and disclosure may harm Microsoft's ability to negotiate with other publishers. (Dkt. No. 567-1 ¶ 5.) For similar reasons, Nintendo's request to seal is granted as to lines 168:16-20. (Dkt. No. 568 ¶ 8.)<br><br>The remainder of Nintendo's request is denied. |
| Kreiner 191:20-23 | Third-Party | **DENIED** |
| Kreiner 215:7-23 | Sony | **DENIED.** This information has already been disclosed to the public. |
| Kreiner 229:7-17 | Nintendo | **GRANTED.** This discloses a confidential pricing term between Nintendo and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 568 ¶ 7.) |
| Kreiner 229:19-23 | Nintendo | **GRANTED.** This discloses a confidential pricing term between Nintendo and Epic Games. To the Court's knowledge, this information has not been publicly disclosed, and disclosure may harm Sony in future negotiations. (Dkt. No. 568 ¶ 7.) |
| Kreiner 260:17-18 | Epic Games | **DENIED.** Epic Games files no declaration to keep the information sealed. *See* Civ. L.R. 79(e)(1). |
| Kreiner 267:4-25 | Third-Party | **DENIED** |
| Malik 158:21-25 | Epic Games | **DENIED.** Epic Games files no declaration to keep the information sealed. *See* Civ. L.R. 79(e)(1). |
| Malik 181:10-20 | Epic Games | **DENIED.** Epic Games files no declaration to keep the information sealed. *See* Civ. L.R. |

| | | 79(e)(1). |
|---|---|---|
| Rein 101:8-20 | Third-Party | **DENIED** |
| Rein 102:14-20 | Third-Party | **DENIED** |
| Rein 105:2-14 | Third-Party | **DENIED** |
| Rein 107:6-7 | Third-Party | **DENIED** |
| Rein 108:2-109:1 | Third-Party | **DENIED** |

This Order terminates docket numbers 491, 505, 598, and 601.

**IT IS SO ORDERED.**

Dated: May 7, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**