UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-Defendant<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR<br><br>DECLARATION OF STEVEN SINGER IN SUPPORT OF EPIC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DX-4365, DX-4485, PX-2456, AND PX-2442 |

I, Steven Singer, declare as follows:

    1.    I am currently Senior Vice President Publisher & Developer Relations at Nintendo of America Inc. ("NOA"). NOA is one of many subsidiaries of Nintendo Co., Ltd. ("NCL"), a corporation based in Japan. Although NCL and each of its subsidiaries (including NOA) are separate companies, for purposes of this declaration I will refer to NCL and its subsidiaries together as "Nintendo." The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could and would testify to those facts.

    2.    In my current role at NOA, I am responsible for managing the relations between Nintendo and its numerous content developers throughout the United States and Latin America. I have been employed with NOA since April 1999. I joined as Vice President – Latin America and was responsible for overseeing operations in the Latin America region. I also provided support for Nintendo's operations in Southeast Asia, India, and the Middle East. In January 2007, I became Vice President – Licensing. In that role, I was responsible for licensing activities relating to Nintendo's brand and accessories. Based on my work experience, I am familiar with Nintendo's business and strategies. Nintendo keeps financial and business strategy information confidential to protect itself from potential competitive harm.

3.        I understand that Epic has identified documents designated as DX-4365, DX-4485, PX-2456, and PX-2442 as trial exhibits in the above-captioned legal case. I also understand Epic filed a motion to seal all or part those documents (Dkt. 596; Dkt. 596-2 at 2-3), and I make this declaration in support of that motion. I further understand that Epic has identified portions of these documents, including page numbers, that refer to Nintendo's highly confidential information. I have reviewed the information relating to Nintendo and explain below why that information is sensitive and highly confidential information and would potentially cause serious harm to Nintendo if publicly released.

4.        DX-4485 (at the page labeled EPIC_00007623) and DX-2456 (at the pages labeled EPIC_02030347, EPIC_02030355, and EPIC_02030363), as identified by Epic (Dkt. 596-2 at 2-3), reflect highly confidential and competitively sensitive information about revenue relating to the use of Epic's Fortnite game on the Nintendo Switch. Revenue information relating to gameplay on the Nintendo Switch is non-public financial information that Nintendo keeps confidential. The release of Nintendo Switch-related revenue information for Fortnite would result in competitive harm to Nintendo. A competitor could use that revenue information to better understand Nintendo's business strategies and priorities, and then attempt to combat them by tailoring its business strategies and priorities in response. That would provide a competitor with an advantage that it would not have without the public disclosure of the highly sensitive revenue information.

5.        DX-4365, as identified by Epic (Dkt. 596-2 at 2), is a spreadsheet that refers to non-public and highly confidential information relating to user data for the Nintendo Switch. In particular, the spreadsheet refers to data relating to, among other things, the number of players and number of hours corresponding to gameplay on the Nintendo Switch for monthly periods in 2018, 2019, and 2020. That information is competitively sensitive. Nintendo does not release gameplay metrics publicly and protects that information as confidential. If the user data became public, it would result in competitive harm to Nintendo. A competitor could use the data to Nintendo's competitive detriment by, for example, gaining an understanding of Nintendo's

business strategies regarding users of the Nintendo Switch and using that information to target users and attempt to attract them to a competing platform. That would harm Nintendo's business.

6. PX-2442 (at the page labeled EPIC_00126837), as identified by Epic (Dkt. 596-2 at 3), includes a chart that reflects highly confidential information. The chart analyzes revenues relating to sales of the Nintendo Switch and other platforms based on which platform was first seen by a customer. This information is competitively sensitive. A competitor could use these data to improve its standing to compete with Nintendo. For example, a competitor might adjust its own business strategy based on Nintendo's ability to get customers who encounter the Nintendo Switch platform before competing platforms to then purchase the Nintendo Switch. These data are not public and represent the type of competitively sensitive information that Nintendo treats as highly confidential.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of May 2021 in Redmond, Washington.

_____
Steven Singer