THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff, Counter-defendant<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO** |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-cv-05640-YGR

**TABLE OF CONTENTS**

**CONTENTS**

LEGAL STANDARD ................................................................................................................... 1

DISCUSSION ............................................................................................................................... 2

    A.    The Court Should Grant Apple's Request As To Non-Public Financial Information. ........................................................................................................... 3

    B.    The Court Should Grant Apple's Request As To Competitively Sensitive Information. ........................................................................................................... 4

    C.    The Court Should Grant Apple's Request As To Information that Reflects Sensitive Business Information of Many Third-Party Developers. ............................... 5

CONCLUSION ............................................................................................................................. 5

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

# TABLE OF AUTHORITIES

**Cases**

*Algarin v. Maybelline*, LLC,
   No. 12-CV-3000, 2014 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) .......................................... 4

*In re Apple Inc. Device Performance Litig.*,
   No. 18-MD-2827, 2019 WL 1767158, (N.D. Cal. Apr. 22, 2019) .......................................... 4

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
   727 F.3d 1214 (Fed. Cir. 2013) ................................................................................................ 4, 5

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016) .................................................................................................. 4, 5

*Kamakana v. City & County of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ................................................................................................... 1

*Lathrop v. Uber Techs., Inc.*,
   No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ........................... 5

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) ................................................ 4

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) .................................................................................................................. 2, 3

*Philips v. Ford Motor Co.*,
   No. 14-CV-02989, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) ......................................... 4

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) .................................................................................................. 5

*Rodman v. Safeway Inc.*,
   No. 11-CV-3003, 2014 WL 12787874 (N.D. Cal. Aug. 22, 2014) ......................................... 4

*Total Recall Techs. v. Luckey*,
   No. C-15-02281-WHA, 2021 WL 1245357 (Mar. 25, 2021) .................................................. 5

*Vigdor v. Super Lucky Casino, Inc.*,
   No. 16-CV-05326, 2018 WL 4510734 (N.D. Cal. Sept. 18, 2018) ......................................... 4

ii
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE
PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") files this Administrative Motion to Partially Seal Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto.  Apple's final Trial Exhibit List was filed on April 25, 2021, *see* Dkt. 481, and Apple lodged its exhibits with the Court on April 29, 2021, in accordance with the Court's pretrial order, *see* Dkt. 381.  On May 3, 2021 Apple filed a motion to seal potential trial exhibits.  *See* Dkt. 577.  On May 7, 2021, the Court denied that motion without prejudice and requested that the parties to renew their sealing requests, focusing on those documents currently ripe for a ruling because of their use in the trial proceedings.  This motion is filed in response to that request from the Court.  Furthermore, Apple and Epic met and conferred and identified portions of these exhibits that, at Epic's request, Apple agreed to leave unredacted.  Epic has indicated that it does not oppose Apple's request for sealing and proposed redactions herein.

Apple now requests that the court seal six documents which contain information Apple contends is sealable under controlling authority and the Local Rules.  *See* L. R. 79-5 (defining "sealable" "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise entitled to protection under the law").  In particular these documents contain a mixture of either (1) non-public, competitively sensitive financial information whose disclosure could harm Apple; (2) competitively sensitive business information, including unannounced Apple products or internal market research; and/or (3) sensitive business information of Apple's many third-party developers which, if revealed, could impact those developers' competitive standing.

Apple accordingly moves to seal portions of the parties' respective trial exhibits containing sealable information and live trial testimony directly related thereto.  To the extent such sealable information is to be introduced live at trial, Apple respectfully requests that the Court (1) grant Apple's request to seal the sealable information contained within the exhibit, (2) temporarily limit public access to the trial proceedings to those present live in the courtroom while sealable information is being discussed, and (3) subsequently seal portions of the transcript related to sealable information.

## LEGAL STANDARD

When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*,

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted).  The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## DISCUSSION

The six documents that Apple is requesting the Court to seal contain information which would be appropriately sealed for multiple reasons.  PX-0413 and PX-0414 should be sealed because they contain Apple's non-public financial information which, if revealed, would put Apple at a competitive disadvantage.  PX-0314 contains both Apple's competitively sensitive business information as well as such sensitive business information of third parties.  PX-0201 contains sensitive business information of third parties.  Furthermore, PX-0059 and DX-4178 contain information related to all of these categories of sealable information – (a) non-public financial information, (b) competitively sensitive business information, and (c) confidential third party information.  Each one of these categories forms an independent basis for sealing these documents.  Thus, each of the six identified exhibits described herein contain information which, if revealed would put Apple or a third party at a competitive disadvantage:

- DX-4178 and PX-0059 – These documents are slide decks for FY 2020 regarding the business performance and outlook of the App Store.  The documents provide non-public information about current and projected revenues for the App Store.  They also discuss confidential and competitively sensitive information regarding upcoming business initiatives and product developments.  The slide decks also include detailed, non-public financial information of both Apple and a variety of third parties.
- PX-0201 – This document is a 2018 internal Apple email discussing communications with and information about several app developers about subscriptions services.  For many of

Gibson, Dunn & Crutcher LLP

2

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

the developers, the discussion concerns only their then-current app offerings or planned products that have since been released, and no information that is confidential today, but as to a few, the document describes forward-looking business plans or profit margin information, shared with Apple on a confidential basis. Should that confidential information be revealed, not only would the innocent third parties be placed at a competitive disadvantage but so too would Apple because it could damage Apple's business relationships with these developers. Among the redactions that Apple has indicated for this document, the Court has already sealed those portions relating to Lyft. *See* Dkt. 594.

- PX-0314 – This document is a slide deck for a confidential July 2020 presentation to the European Commission regarding the future outlook of the App Store. In the body of the slides as well as internal notes connected to the slides, the document discusses confidential and competitively sensitive information regarding upcoming business initiatives and product developments. The slide deck also includes detailed, non-public competitively sensitive information of third parties.
- PX-0413 and PX-0414 – These documents include detailed, non-public information about Apple's Search Ads feature, which is at best tangential to the issues being litigated in this case. This includes confidential and competitively sensitive future-looking information.

A.   **The Court Should Grant Apple's Request As To Non-Public Financial Information.**

Apple asks the Court to seal specific non-public, competitively sensitive financial information contained in PX-0413, PX-0414, PX-0059, and DX-4178 whose disclosure could harm Apple. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Gibson, Dunn & Crutcher LLP

3
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

**B.     The Court Should Grant Apple's Request As To Competitively Sensitive Information.**

Apple seeks to seal competitively sensitive information found in PX-0059, PX-0201, PX-0314, and DX-4178, including future-looking business strategy. Public access to this information would cause Apple economic harm and put it at a competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Apple Inc. Device Performance Litig.*, No. 18-MD-2827, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (finding compelling reasons may exist to seal "product development plans"); *Algarin v. Maybelline*, LLC, No. 12-CV-3000, 2014 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) (compelling reasons found to seal information related to product development where "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

In addition to future product information, Apple also seeks to seal as competitively sensitive certain market research reports which were either commissioned by or conducted by Apple to gain unique insights into consumers and gain a competitive advantage. *Samsung*, 727 F.3d at 1228 (finding "Apple has a strong interest in keeping its market research reports confidential," such that compelling reasons existed to seal "market research reports [which] contain information that Apple's competitors could not obtain anywhere else"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are

Gibson, Dunn & Crutcher LLP

4

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Sealing is necessary here because public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from Apple's efforts into product development and market research that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness.

### C. The Court Should Grant Apple's Request As To Information that Reflects Sensitive Business Information of Many Third-Party Developers.

Apple also seeks to seal information in PX-0059, PX-0201, PX-0314, and DX-4178 that reflects sensitive business information of its many third-party developers which, if revealed, could impact those developers' competitive standing. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Although third parties generally are able to assert their own confidentiality interests, in some cases a particular document implicates the information of so many third parties that it would be a burden to this Court, the parties, and the third parties to attempt to coordinate sealing applications for those exhibits. *See, e.g.*, *Total Recall Technologies v. Luckey*, No. C-15-02281-WHA, 2021 WL 1245357, *1 (Mar. 25, 2021) (finding as legitimate "a request to seal a spreadsheet containing the names and addresses of multiple uninvolved third parties"). Thus, Apple respectfully requests that the Court exercise its "broad latitude" in sealing matters (*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)) to maintain the sensitive information related to these third parties under seal.

### CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated: May 8, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Rachel S. Brass*
       Rachel S. Brass

Attorney for Defendant Apple Inc.

5
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP