# EXHIBIT A

| | |
|---|---|
| **From:** | Kyle Batter |
| **To:** | Dettmer, Ethan |
| **Cc:** | Brass, Rachel S.; Phillips, Harry; Victoria Maroulis; Srinivasan, Jay P.; Cornillie, Henry H. |
| **Subject:** | RE: Epic v. Apple - Samsung Confidential Documents |
| **Date:** | Wednesday, May 5, 2021 2:07:36 PM |

[External Email]

Thank you, Ethan. We appreciate the opportunity to confer. It sounds as if Apple and SEC each have good faith differences of opinion as to what should be sealed. We would like SEC's proposed sealing presented to the court alongside Apple's and Epic's versions of the same.

Best, Kyle

**From:** Dettmer, Ethan <EDettmer@gibsondunn.com>
**Sent:** Wednesday, May 5, 2021 1:38 PM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

Thanks, Kyle. As I mentioned, the court was informed that this issue was still under discussion.

The purpose of my emails is to meet and confer. If the below is your final position, we will discuss with Epic and submit the positions to the Court.

Thanks,

Ethan

**From:** Kyle Batter <kylebatter@quinnemanuel.com>
**Sent:** Wednesday, May 5, 2021 12:30 PM
**To:** Dettmer, Ethan <EDettmer@gibsondunn.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

[External Email]
Thank you, Ethan. I was under the impression that the parties (including SEC) would convey to the court what they believed should be redacted (even if there were differences of opinion) and the court would decide. Are you suggesting that the parties plus SEC first need to agree on the proposed redactions before the court will consider them? We've already stated why we believe our

proposed redactions are appropriate, narrowly tailored, consistent with the court's sealing order, and meet the ND Cal rule 79 standard.  Was SEC's position provided to the court?  Was Apple's related position provided to the court?  Thanks.

Best, Kyle

---

**From:** Dettmer, Ethan <EDettmer@gibsondunn.com>
**Sent:** Wednesday, May 5, 2021 11:53 AM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** Re: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

---

Thanks for your email, Kyle.  We informed the court this morning that these redactions are still under discussion.

We agree to redact the specific numerals at page 2, lines 16, 20, and 21; page 4, line 16; and page 10, lines 8 and 18 of the transcript excerpt that you sent.  We do not agree that any other testimony on these pages should be redacted because they have not been sealed by an order of the Court.

With respect to the testimony on pages 8 and 9, we agree that the question at page 8, lines 13-16 is a quotation of sealed testimony, and thus agree it should be redacted. We also agree that the highlighted testimony at page 8, lines 21-22, and page 9, lines 5-7 should be redacted. The back and forth at page 8, lines 18-20 does not reveal sealed materials and thus should not be redacted.

Pleas let us know if you want to discuss,

Ethan

On May 5, 2021, at 6:50 AM, Kyle Batter <kylebatter@quinnemanuel.com> wrote:

 [External Email]
Rachel,

We disagree with your interpretation of the court's order as follows:

- Pages 2 and 10 reference the custom revenue split.  The court has not stated that such language cannot be sealed.  Further, sealing is consistent with sealing the various percentages.

- Regarding exhibit DX-4457 and the reference to it on pages 3 and 4, the court's order on SEC's motion to seal did not state that the exhibit can be made public (indeed, the court's order

apparently did not rule on the exhibit at all).  We believe the exhibit and references to it are properly sealed.

- Regarding the highlights on pages 8 and 9, those are not, as your email states, from DX-4457. Instead, they are from DX-3620, where the court granted some sealing.  Our redactions are consistent with the court's order granting sealing of DX-3620.

We understand that Apple may disagree, but we ask that Apple (and Epic) present SEC's proposed redactions to the court (even if Apple states that it believes narrower redactions are appropriate).  Can you please confirm Apple will do so?  Thank you.

Best, Kyle

---

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Tuesday, May 4, 2021 10:24 PM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>
**Cc:** Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>; Dettmer, Ethan <EDettmer@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

---

Kyle:  we agree to portions of your proposed sealing of the transcript, and not others.  The sealing you propose of specific numerals on page 2 is acceptable, but the language you propose to redact at page 2, line 18 is not consistent with the Court's order.  Nor are your proposed redactions on pages 3-4 and 8-9.  Those are quotations or paraphrases from exhibit DX-4457, which was not sealed, and thus it is not appropriate to seal them.  On page 10, Apple agrees to the sealing of the number 12, but none of the other proposals for sealing.  With respect to exhibit DX-4457, as noted, the Court has not ordered it sealed.  Thus Apple does not believe that your proposed sealing is appropriate. We intend to so inform the Court tomorrow.

**Rachel S. Brass**
**Partner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

---

**From:** Kyle Batter <kylebatter@quinnemanuel.com>
**Sent:** Tuesday, May 4, 2021 9:15 PM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>

**Cc:** Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

[External Email]
Rachel and team,

Please see attached SEC's redactions to the sealed Sweeney testimony.  We believe this is consistent with the court's order on our motion to seal.  We'd appreciate if the parties could present this to the court tomorrow as the appropriate set of redactions.  Relatedly, we ask that the parties request that exhibit DX-4457 remain under seal.  The court's order on SEC's motion to seal did not address this exhibit, though we believe it meets the sealing standard.  We'll email Epic as well.  Thanks.

Best, Kyle

---

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Tuesday, May 4, 2021 4:38 PM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>
**Cc:** Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

[EXTERNAL EMAIL]

Kyle,

For your planning, the Court would like this resolved ASAP and we have committed to being ready to do so at the start of Court tomorrow.   If you can work with your client to provide us the information sufficiently in advance of the start of court at 8 a.m. PT so that we may do so, we would appreciate it.

Kind regards,
Rachel

**Rachel S. Brass**
**Partner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

**From:** Kyle Batter <kylebatter@quinnemanuel.com>
**Sent:** Tuesday, May 4, 2021 8:59 AM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Cc:** Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

[External Email]
Perfect, thank you, Rachel.  We'll discuss with our client and get back to you.

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Tuesday, May 4, 2021 8:54 AM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>
**Cc:** Phillips, Harry <HPhillips2@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** Re: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

Kyle,

Just back from court.  We told the Court the parties are in process of working it out together and she was very pleased to hear it.   She imposed no deadline.   And of course waiting until your client has an opportunity to review is no issue.   Let's just stay in a dialogue?

Rachel

Sent from my iPad

> On May 4, 2021, at 7:51 AM, Kyle Batter <kylebatter@quinnemanuel.com> wrote:
>
>  [External Email]
> Jay and team:
>
> Based on our conversations with Epic's counsel, we understand that the court requested that the parties propose redactions to the sealed Sweeney testimony, which the court would then use to determine what portion of the testimony should be made public.  We'd like to confer with our client concerning the testimony and the parties' proposed redactions.  Given that our client is in Korea (where it's currently midnight), we may not have an opportunity to discuss until later this afternoon ,and we want to preserve SEC's ability to file a motion to seal, etc., with the court by this evening.  To

that end, we'd appreciate if this morning you could please request that the court defer consideration of the Sweeney sealing issue (including the exhibits referenced during his testimony) until SEC has had an opportunity to evaluate and potentially file a motion or proposed redactions of its own.  Please let us know.  And thank you for this courtesy.

Best, Kyle

**From:** Phillips, Harry <HPhillips2@gibsondunn.com>
**Sent:** Monday, May 3, 2021 10:06 PM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Cc:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

Kyle:  Responses below.

Harry

**From:** Kyle Batter <kylebatter@quinnemanuel.com>
**Sent:** Monday, May 3, 2021 9:46 PM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

[External Email]
Jay and team:

Thanks for your time this evening to discuss the use of Samsung confidential information in the Epic v. Apple trial.  Here are a few of the open items we discussed:

1. Consistent with the Sweeney testimony, we'd appreciate if Apple could seek to have the courtroom presumptively sealed any time a witness is questioned about Samsung's confidential information (which will largely consist of the Collaboration agreement, amendments thereto, and emails about the Samsung/Epic relationship).  Agreed.

2. Please let us know if the court discusses its "presumptive sealing" process tomorrow, as we anticipate it will likely be relevant for the testimony of Thomas

Ko on Wednesday (e.g., if the court seals the courtroom and then provides third parties with a certain number of days to review the testimony and exhibits and file a motion to seal, etc.).  We plan to raise this with the court tomorrow and will let you know the outcome to the extent it is relevant to Mr. Ko's testimony.

3. Please let us know whether Phil Schiller (or any other Apple employees or in-house counsel) were present in the courtroom today during the sealed Sweeney testimony.  Mr. Schiller was present during that part of the testimony (no Apple counsel were). That should not have happened and we apologize.

4. If Mr. Schiller was in the courtroom, we'd appreciate if you could confirm that he will not disclose Samsung's confidential information to anyone.  We will.

5. Finally, going forward, we'd appreciate if you could ensure that Mr. Schiller is not present in the courtroom when any future witnesses discuss Samsung's confidential information.  We will.

We look forward to your response on these issues.  Thanks again.

Best, Kyle

**From:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>
**Sent:** Monday, May 3, 2021 7:09 PM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>; Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

Apologies.  Have been tied up.  I have deal with some things, including a call with opposing counsel at 8 PT.  Can we talk at 9:00 PT?  Sorry for the late hour.  Thanks.

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Kyle Batter <kylebatter@quinnemanuel.com>
**Sent:** Monday, May 3, 2021 6:52 PM

**To:** Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Cc:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** Re: Epic v. Apple - Samsung Confidential Documents

[External Email]
Jay and team,

Can we get on a call this evening to discuss the sealing issues we have raised today? We'd really like to resolve these issues before either party intends to introduce the exhibits at issue. Thank you.

Best, Kyle

> On May 3, 2021, at 9:23 AM, Victoria Maroulis <victoriamaroulis@quinnemanuel.com> wrote:
>
> Yes, please.  since you are in trial, we'll work around your schedule. Please propose a time after 6 and Kyle will circulate a dial-in.  thanks.
>
> **From:** Srinivasan, Jay P. [mailto:JSrinivasan@gibsondunn.com]
> **Sent:** Monday, May 3, 2021 9:11 AM
> **To:** Victoria Maroulis <victoriamaroulis@quinnemanuel.com>; Kyle Batter <kylebatter@quinnemanuel.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
> **Subject:** RE: Epic v. Apple - Samsung Confidential Documents
>
> **[EXTERNAL EMAIL]**
>
> No procedure has been set as far as I know.  My guess is that the Court will entertain the issue at the beginning of the day, at 8 AM. Perhaps we can discuss later today after 6 PT if you're available.
>
> **Jay P. Srinivasan**
> **GIBSON DUNN**
> Gibson, Dunn & Crutcher LLP
> 333 South Grand Avenue, Los Angeles, CA 90071-3197
> Tel +1 213.229.7296 • Fax +1 213.229.6296
> JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Sent:** Monday, May 3, 2021 8:59 AM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Kyle Batter <kylebatter@quinnemanuel.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

[External Email]
Jay, for the documents of any party where the Court deferred sealing consideration until later, is there a set procedure for submitting anything additional to what we already filed? Will the court entertain sealing arguments? Thanks.

**From:** Srinivasan, Jay P. [mailto:JSrinivasan@gibsondunn.com]
**Sent:** Monday, May 3, 2021 8:33 AM
**To:** Kyle Batter <kylebatter@quinnemanuel.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Cc:** Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Subject:** RE: Epic v. Apple - Samsung Confidential Documents

**[EXTERNAL EMAIL]**

Kyle,

There is a possibility that we will be using some of these materials as early as tomorrow. There is an obligation to exchange exhibits in advance but only with respect to a witness in your control or a third-party that you're calling.

Best,
Jay

**Jay P. Srinivasan**
**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7296 • Fax +1 213.229.6296
JSrinivasan@gibsondunn.com • www.gibsondunn.com

**From:** Kyle Batter <kylebatter@quinnemanuel.com>
**Sent:** Monday, May 3, 2021 8:12 AM
**To:** Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Phillips, Harry <HPhillips2@gibsondunn.com>; Cornillie, Henry H. <HCornillie@gibsondunn.com>
**Cc:** Victoria Maroulis <victoriamaroulis@quinnemanuel.com>
**Subject:** Epic v. Apple - Samsung Confidential Documents

[External Email]
Counsel for Apple,

As you know, I represent Samsung Electronics Co ("SEC") as a non-party in the Epic v. Apple action. On Friday, April 30, SEC filed a motion to seal a number of Apple's proposed trial exhibits on the basis that they contain SEC confidential information (motion and exhibits attached). The court ruled on SEC's motion last night (attached), and, for exhibits A-H to SEC's motion, deferred ruling until Apple seeks to introduce the proposed exhibits at trial (if at all). Given the court's order, we ask that you provide us with at least 24-hours' notice before Apple seeks to introduce these documents at trial so that SEC may address the sealing issue with the court. Relatedly, please let us know whether the court has instructed the parties to periodically provide the court with the list of exhibits each party intends to use shortly before seeking to have those exhibits admitted. Thank you.

Best, Kyle

**Kyle Batter**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5134 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
kylebatter@quinnemanuel.com
www.quinnemanuel.com

<image001.jpg>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is

strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is

strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.