1    David P. Chiappetta, Bar No. 172099
     DChiappetta@perkinscoie.com
2    PERKINS COIE LLP
     505 Howard Street, Suite 1000
3    San Francisco, CA  94105-3204
     Telephone:  415.344.7076
4    Facsimile:  415.344.7050

5    Attorneys for Non-Party
     Nintendo of America, Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12   EPIC GAMES, INC.,                    Case No. 4:20-CV-05640-YGR

13                    PLAINTIFF and       NON-PARTY NINTENDO OF AMERICA
                      COUNTER-            INC.'S NOTICE OF MOTION AND MOTION
14                    DEFENDANT,          FOR LEAVE TO SEEK
                                          RECONSIDERATION REGARDING
15        V.                              SEALING PORTIONS OF THE KREINER
                                          DEPOSITION
16   APPLE, INC.,

17                    DEFENDANT and
                      COUNTER-
18                    CLAIMANT.

19

20

21

22

23

24

25

26

27

28

---

NON-PARTY NINTENDO OF AMERICA INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE

1

2 **<u>NOTICE OF MOTION AND MOTION</u>**

3 TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4 PLEASE TAKE NOTICE that Non-Party Nintendo of America Inc. ("NOA") moves this

5 Court pursuant to Local Civil Rule 7-9 for leave to seek reconsideration regarding the Court's

6 May 7, 2021 Trial Order No. 2 (Dkt. 609) declining to seal certain portions of the deposition

7 transcript of Joe Kreiner ("Kreiner Deposition"). NOA's request is based on this notice and

8 motion, the accompanying memorandum of points and authorities, and the supporting Declaration

9 of Steven Singer.

10 NOA respectfully requests that the Court allow NOA to seek reconsideration of the

11 Court's decision not to seal Kreiner Deposition 82:14-83:3 and 83:12-16 or, in the alternative,

12 seal Kreiner Deposition 82:14-83:3 and 83:12-16.

13

14 DATED:  May 10, 2021                               s/*David Chiappetta*
                                                     David P. Chiappetta, Bar No. 172099
15                                                   DChiappetta@perkinscoie.com

16                                                   Attorneys for Non-Party
                                                     Nintendo of America Inc.
17

18

19

20

21

22

23

24

25

26

27

28

-1-
NON-PARTY NINTENDO OF AMERICA INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2      NOA requests leave to seek reconsideration of the Court's ruling (Dkt. 609 at 6-7)

3  denying Apple's motion (Dkt. 505) to seal portions of the Kreiner Deposition.  NOA's motion

4  focuses on two narrow excerpts of the Kreiner Deposition found at 82:14-83:3 and 83:12-16.

5  NOA brings this motion pursuant to Civil Local Rule 7-9.  The motion is accompanied by the

6  Declaration of Steven Singer in Support of Non-Party Nintendo of America Inc.'s Motion for

7  Leave to Seek Reconsideration Regarding Sealing Portions of the Kreiner Declaration ("Singer

8  Decl.").

9      A party seeking reconsideration must show (i) reasonable diligence in bringing the motion

10  and (ii) that at least one of three enumerated conditions applies.  Civ. L.R. 7-9(b).  One condition

11  that supports a motion for leave to seek reconsideration is when a court failed "to consider

12  material facts . . . which were presented to [it]."  Civ. L.R. 7-9(b)(3).

13      NOA's request for leave to seek reconsideration as to Kreiner Deposition 82:14-83:3 and

14  83:12-16 meets both requirements.  First, NOA acted quickly and diligently to file its motion for

15  leave to seek reconsideration.  The Court's order denying sealing issued just a few days ago on

16  May 7, 2021.  (Dkt. 609.)

17      Second, NOA previously submitted a declaration (Dkt. 568) to support Apple's motion to

18  seal that included Kreiner Deposition 82:14-83:3 and 83:12-16.  (Dkt. 505-1 at 4.)  The

19  declaration explained that portions of the Kreiner Deposition (including 82:14-83:3 and 83:12-16)

20  reflected terms of the relationship between Nintendo[1] and Epic that are not public and were

21  negotiated privately between Nintendo and Epic.  (Dkt. 568 ¶¶ 4, 6, 8.)  The declaration also

22  explained that the negotiated terms are competitively sensitive, and that public disclosure would

23  cause harm to Nintendo.  (*Id.*)  The Court determined, however, that the terms of agreement

24  discussed in Kreiner Deposition 82:14-83:3 and 83:12-16, as well as other portions of the

25  transcript, were "already disclosed elsewhere, including in the generic agreement for which

26

27      [1] NOA is a subsidiary of Nintendo Co., Ltd. ("NCL"), a Japanese corporation.  (Singer
Decl. ¶ 1.)  NCL has many other subsidiaries.  (*Id.*)  For purposes of this motion only, "Nintendo"
refers to NCL and its subsidiaries, including NOA, even though NCL and its subsidiaries are

28  separate and distinct entities.

1  sealing was denied." (Dkt. 609 at 6-7.)  NOA respectfully submits that, while the Court's

2  statement may have been correct with respect to other portions of the transcript, it does not apply

3  to Kreiner Deposition 82:14-83:3 and 83:12-16.  Nintendo's generic Content License and

4  Distribution Agreement, which the Court declined to seal, does not describe the terms of

5  agreement reflected in Kreiner Deposition 82:14-83:3 and 83:12-16.  (Singer Decl. ¶¶ 3, 6.)

6  Indeed, the testimony itself describes those terms as departures from Nintendo's ordinary

7  practice.  As NOA's declarant previously explained (Dkt. 568 ¶¶ 4, 6, 8), the terms of agreement

8  reflected in Kreiner Deposition 82:14-83:3 and 83:12-16 were the result of negotiations between

9  Nintendo and Epic, are specific to the relationship between Nintendo and Epic, and have not been

10  disclosed to the public.  (*Id.* ¶¶ 3-5.)  These facts, which were previously presented to the Court,

11  support sealing for Kreiner Deposition 82:14-83:3 and 83:12-16.

12      Because the terms of agreement described in Kreiner Deposition 82:14-83:3 and 83:12-16

13  resulted from sensitive negotiations and would cause competitive harm to Nintendo if disclosed

14  publicly, NOA respectfully requests that the Court grant its motion for leave to seek

15  reconsideration of the sealing of two narrow passages of deposition testimony, or in the

16  alternative, seal Kreiner Deposition 82:14-83:3 and 83:12-16.

17

18  DATED:  May 10, 2021                        s/*David Chiappetta*
                                                David P. Chiappetta, Bar No. 172099
19                                              DChiappetta@perkinscoie.com

20                                              Attorneys for Non-Party
                                                Nintendo of America Inc.

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        ☒        I hereby certify that on May 10, 2021, I electronically transmitted the attached

3   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4   Electronic Filing to the CM/ECF registrants in this case.

5

6                                 *s/ David Chiappetta*
                                  Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28