UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   Plaintiff,<br><br> vs.<br><br>APPLE INC.,<br><br>   Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 4:20-cv-05640-YGR<br><br>**TRIAL ORDER NO. 5 RE: (1) MOTION FOR ADVERSE CREDIBILITY FINDING; (2) SEALING REQUESTS; (3) STIPULATIONS; AND (4) RELATED CASES COUNSEL ACCESS TO SEALED DOCUMENTS AND TRANSCRIPTS** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The Court issues this Order with respect to several items on the docket:

**1. Motion for Adverse Credibility Finding (Dkt. No. 602)**

The Court has received defendant Apple Inc.'s motion for an adverse credibility finding as to Lori Wright, a witness from third party Microsoft Corporation. (Dkt. No. 602.) The Court understands that Microsoft intends to file a response to the pending motion. The Court therefore **SETS** the following briefing schedule on the motion: **on or before May 17, 2021**, Microsoft and plaintiff Epic Games, Inc. may file a response to the pending motion. Apple may thereafter file a reply **on or before May 24, 2021**. The Court will decide the motion on the papers unless otherwise so ordered by the Court.

**2. New Sealing Requests**

The Court has received several new requests to seal from both the parties and third parties.

As the Court explained in both Pretrial Orders Number 7 and 9, as well as Trial Order 1:

> Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). In general, a "strong presumption in favor of access" to court records exists, especially during trial. At times, compelling reasons which are "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").
>
> Here, and importantly, the gravamen of this case *is* business competition, including whether competition exists; if so, among which players; and how such competition influences the market. The Court understands that the standard is more lenient when the information concerns third parties, but this is not dispositive. The third-party information must be balanced with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis. Accordingly, the Court makes the following findings based upon the current state of the record:[1]

(Dkt. No. 547 at 1-2; Dkt. No. 564 at 1-2; Dkt. No. 594 at 2-3.)[2] With this prior framework in

---

[1] Litigants are advised that if the Court ultimately decides that certain information is important to disclose which has been sealed, it will provide an opportunity for the moving party to respond.

[2] The Court similarly stated in Trial Order No. 3:

> Trial records enjoy a "strong presumption in favor of access" that can only be overcome by "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178- 79 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

(Dkt. No. 613 at 1.)

2

1   mind, the Court addresses the below administrative motions and requests to seal.

2         a.   <u>Apple's Individual Request to Seal (PX-314)</u>

3   As stated in Trial Order No. 3, the Court ordered Apple to submit proposed redactions for PX-314. Apple has submitted proposed redactions in accordance with Trial Order No. 3. Having reviewed the document and the proposed redactions therein, the Court finds that the proposed redactions are narrowly tailored in seeking sensitive and confidential information, the disclosure of which would result to competitive harm to Apple. Thus, the Court **APPROVES** of the proposed redactions submitted by Apple.

      b.   <u>Roblox Inc.'s Motion to Seal. (Dkt. No. 573)</u>

Third party Roblox Inc. has filed an administrative motion to seal requesting the sealing of Figure 5 from the written direct testimony of Apple's expert witness Lorin Hitt. (Dkt. No. 573.) As stated in Trial Order No. 4, the Court granted the sealing of Figure 5. (Dkt. No. 614 at 9.) Thus, the Court **GRANTS** this motion.

      c.   <u>Sony Interactive Entertainment LLC's Motion to Seal (Dkt. No. 576)</u>

Third party Sony Interactive Entertainment LLC has filed an administrative motion to seal sensitive and confidential documents (DX-3660, DX-3865, DX-3988, DX-4425, DX-4493, DX-4519, DX-3094, DX-3125, DX-3433, and DX-3582), selected portions of deposition testimony from Joe Kreiner, and selected portions of the written direct testimony from Apple's expert witness Lorin Hitt. The Court has already addressed Sony's request to seal selected portions of deposition testimony from Kreiner. (*See* Dkt. No. 609 (Trial Order No. 2).) The Court addresses the remaining two requests. Thus:

First, as the Court has stated on the record and recognized in Trial Order No. 2, the parties inadvertently disclosed confidential documents belonging to Sony in the maintaining of the publicly accessible box during the course of this bench trial. The disclosure of these documents has already been widely reported.[3] Given that these documents have already been widely

---

[3] *See, e.g.*, https://www.theverge.com/2021/5/3/22417560/sony-ps4-cross-play-confidential-documents-epic-games-agreements.

1   disseminated to the public, the Court does not intend to seal these documents. The bell has
2   already been rung. To the extent that any of these identified documents have <u>not</u> been disclosed to
3   the public, Sony may file **on or before May 14, 2021** a renewed administrative motion to seal
4   which identifies these as of yet undisclosed documents along with their proposed redactions for
5   the Court's consideration. At this time, the motion is **DENIED WITHOUT PREJUDICE** with respect
6   to these documents.

7   Second, Sony Interactive Entertainment seeks to seal portions of the Lorin Hitt direct
8   written testimony. The Court **GRANTS** sealing as to the first and second bullet points of paragraph
9   114 only, which contain confidential negotiated terms whose disclosure could harm Sony in future
10  negotiations. (Dkt. No. 576-22 ¶ 19.) The remainder of paragraphs 114 and 115 shall be
11  unredacted as containing highly generalized and already-public information. Sealing is further
12  **DENIED** as to paragraph 163, which contains information that has already been disclosed to the
13  public. Figure 4 is sealed in accordance with multiple parties' confidential information. (*See* Dkt.
14  No. 614.)

15  d.  <u>Apple's and Epic Games' Sealing Requests (Dkt. Nos. 577, 596)</u>

16  The Court **DENIED WITHOUT PREJUDICE** the parties' sealing requests on the record on
17  Friday, May 7, 2021. The parties submitted a smaller subset of documents for the Court's
18  consideration, which included those documents used by the parties during the first week, and to
19  which the Court issued its ruling in Trial Order No. 3. (Dkt. No. 613.)

20  Going forward, the parties are **ORDERED** to file an administrative motion by **6:00 PM**
21  **PDT** on **Friday, May 14, 2021** for any exhibits admitted into evidence for the past week and for
22  which they seek to seal in whole or in part. To the extent that there are any exhibits admitted into
23  evidence for which they seek to seal the following week, the parties shall similarly file an
24  administrative motion by **6:00 PM PDT** on **Friday, May 21, 2021**. Finally, should this trial
25  continue into the week of May 24, 2021, any final administrative motion to seal admitted exhibits
26  for that week shall be filed **within twenty-four (24) hours** of the close of the final trial day.

27  Any such third-party declarations in support of the administrative motions filed by the
28  parties must be filed **within twenty-four (24) hours** of the filing of the administrative motion.

4

e. <u>Nintendo of America Inc.'s Request to Seal, Motion to Seal, and Motion for Reconsideration (Dkt. Nos. 610, 624, 625)</u>

Third party Nintendo of America, Inc. has filed (1) a declaration in support of sealing several exhibits (DX-4365, DX-4485, PX-2456, PX-2442) (Dkt. No. 610), (2) an administrative motion to seal the specific agreement between Nintendo and Epic Games (DX-3464) (Dkt. No. 624), and (3) a motion for reconsideration as to the denial of sealing of Joe Kreiner's deposition designation (specifically, 82:14-83:3 and 83:12-16). (Dkt. No. 625.) The Court addresses each in turn:

First, with respect to the declaration in support of sealing several exhibits (DX-4365, DX-4485, PX-2456, PX-2442), the Court **GRANTS** the request as follows:

- DX-4365
    - This document is appropriately sealed, as the document contains sensitive and confidential information, including user and platform data, the release of which would result in competitive harm to Nintendo. That said, the Court does not intend to seal the courtroom if general references summarizing the information without reference to specific numbers are discussed during trial.
- DX-4485
    - 4485.001: The financial amounts as to each platform shall be sealed. The remainder on this page and in the document shall be unredacted.
- PX-2456
    - The Switch specific financial amounts shall be sealed on EPIC_02030347, EPIC_02030355, and EPIC_02030363. The remainder shall be unredacted barring any further requests from Epic Games or other third parties.
- PX-2442
    - This page (EPIC_00126837) shall be unredacted and not sealed. This page is highly relevant to determining platform overlap with respect to *Fortnite* and is relevant to determining substitutability between different platforms.

5

1  Second, the Court **DEFERS** consideration of the specific Epic Games and Nintendo agreement (DX-3464) until its use at trial. (*See* Dkt. No. 524.) As the Court stated in Pretrial Order No. 9, the Court is inclined to seal party specific agreements given that these documents reflect sensitively negotiated terms and conditions. (Dkt. No. 564 at 3-4.) However, to obtain a comprehensive understanding of the considerations of sealing versus the public's right of access, the Court finds it appropriate to defer this request until its use at trial. That said, given that the template or generic agreement has been ordered unsealed, the Court intends to only seal terms which deviate from this generic version. Nintendo or Epic Games shall therefore submit a red line between the generic version and the specific agreement for the Court's consideration.

Finally, Nintendo moves for reconsideration as to the denial of the sealing of Joe Kreiner's deposition designation (specifically, 82:14-83:3 and 83:12-16). (Dkt. No. 525.) As noted above, it is the Court's standard practice to seal specialized terms that were the result of the parties' negotiations. Here, the terms at issue (i) have already been discussed by several fact witnesses and expert witnesses on the record; and (ii) impact gameplay mechanics within *Fortnite* that are readily apparent to anybody who has played the game itself. Nintendo's request to seal the mere mention of the existence of these terms, whose existence can be inferred by merely playing *Fortnite*, is wholly inappropriate without further explanation in light of the foregoing. Accordingly, the Court **DENIES** the motion.

   f.  <u>Samsung Electronics Co. Ltd. Transcript Sealing (Dkt. No. 615)</u>

The Court has reviewed Apple's notice regarding the proposed unsealing of the transcript from the trial day on May 3, 2021 relating to Samsung Electronics Co. Ltd. (Dkt. No. 615.) The Court **HEREBY ORDERS** as follows:

- The specific numerals referenced a page 203, lines 16, 20, and 21; and page 205, line 16 are sealed.
- Following the comma in page 209, line 13 through line 16 are sealed.
- Page 209, lines 21-22 in their entirety are sealed.
- Following that "that" in page 210, line 5 through line 7 is sealed.
- Following the comma in page 211, line 5 through line 9 is sealed.

- Following "disclosed" in page 211 until line 10 until "correct" in line 11.
- All other proposed redactions are **DENIED**. The remainder of the transcript shall be unsealed other than the above redactions.

g. PayPal Inc.'s Request to Seal (Dkt. No. 627)

The Court **GRANTS** PayPal Inc's request to seal PX-2451. The request is narrowly tailored to redact certain information, the disclosure of which would competitively harm PayPal. Samsung request to seal

h. Spotify USA Inc.'s Motion to Seal (Dkt. No. 638)

The Court **GRANTS** Spotify USA Inc.'s request to seal the proposed redactions in the document with bates numbers SPOT-EPIC-00000932 through SPOT-EPIC-00000943. (Dkt. No. 638.) The Court is unclear if this document will be used as an exhibit in this bench trial. That said, should this document be admitted into evidence or referenced in any way during the course of the trial, the Court does not intend to seal the courtroom if general references summarizing the redacted information without reference to specific numbers are discussed during trial.

### 3. Pending Stipulations

Having reviewed the stipulations, and for the good cause shown therein, the Court **GRANTS** the following pending stipulations.

- Dkt. No. 519
  - The written direct testimony and rebuttal reports for each expert witness will only be formally admitted into evidence and therefore warrant posting on the public box (subject to the resolution of sealing issues) on the day of the expert witness' testimony, absent any instruction on sealing.
- Dkt. No. 629
  - The Clerk of the Court shall admit into evidence the exhibits attaching the testimony identified in the witness deposition designations reflected on page 2 of the stipulation.
- Dkt. No. 635
  - The Clerk of the Court shall admit into evidence the exhibits identified in

this stipulation. All exhibits shall be posted to the public box except for those in which the parties have identified any potential sealing issue. Those documents for which the Court has issued a definitive ruling (*i.e.* a ruling other than deferred) shall be placed into the public box in conformance with the Court's Orders (or shall be appropriately withheld in the event that the entirety of the document is appropriately sealed).

- Dkt. No. 637
    - In accordance with the parties' stipulation, DX-5552, reflecting categories with the Apple App Store, is **ADMITTED** into evidence.

### 4. Related Cases Counsel Access to Sealed Documents and Transcripts

As discussed on the record on May 12, 2021, counsel in the related cases (*In re Apple Antitrust Litigation*, 4:11-cv-6714-YGR, and *Cameron v. Apple Inc.*, 4:19-cv-3074) are **PERMITTED** to access the sealed documents and sealed transcripts in this action in light of their agreements to the stipulated protective orders in this action.

This Order terminates Docket Numbers 519, 573, 576, 577, 596, 610, 615, 624, 625, 627, 629, 635, 637, and 638.

**IT IS SO ORDERED.**

Dated: May 12, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**