1  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
2  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
3  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
4  J. WESLEY EARNHARDT (*pro hac vice*)
   wearnhardt@cravath.com
5  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
6  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
7  **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
8  New York, New York 10019
   Telephone: (212) 474-1000
9  Facsimile: (212) 474-3700

10 PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
11 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
12 San Francisco, California 94111
   Telephone: (415) 591-7500
13 Facsimile: (415) 591-7510

14 *Attorneys for Plaintiff and Counter-defendant*
   *Epic Games, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-CV-05640-YGR-TSH |
| *Plaintiff, Counter-defendant*, | **EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SUPPORTING EXHIBITS TO J. WESLEY EARNHARDT'S DECLARATION IN SUPPORT OF OPPOSITION TO APPLE INC.'S MOTION FOR AN ADVERSE CREDIBILITY FINDING** |
| v. | |
| APPLE INC., | |
| *Defendant, Counterclaimant.* | |
| | The Honorable Yvonne Gonzalez Rogers |

Plaintiff Epic Games, Inc. ("Epic") brings this administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Epic leave to file under seal Supporting Exhibits H and I, and portions of Supporting Exhibit B, to the Declaration of J. Wesley Earnhardt in Support of Plaintiff Epic Games, Inc.'s Opposition to Defendant Apple Inc.'s Motion for an Adverse Credibility Finding.  (*See* ECF No. 602.)

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted).  However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'"  *Id.* at 1179 (citations omitted).  Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions."  *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. June 17, 2013).  A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document."  *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Sealing requests must also be "narrowly tailor[ed]."  Civ. L.R. 79-5(b).

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party.  This Administrative Motion is based on Non-Party Microsoft Corporation ("Microsoft")'s designation of information in Supporting Exhibits B, H, and I as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" under the protective order entered in the above-captioned case. (ECF No. 112.)  Accordingly, Epic is filing Supporting Exhibits H and I, and portions of Supporting Exhibit B, under seal.  With respect to Exhibit B, Epic is filing under seal only those portions of the excerpted deposition transcript for which Microsoft has not agreed to remove its "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.  Pursuant to subsection (e)(1) of Local Rule 79-5, Microsoft has four days to file a declaration establishing that all of the designated material is "sealable", as defined in Local Rule 79-5(b).

Dated:  May 12, 2021

CRAVATH, SWAINE & MOORE LLP
    Christine Varney
    Katherine B. Forrest
    Gary A. Bornstein
    J. Wesley Earnhardt
    Yonatan Even
    Lauren A. Moskowitz
    M. Brent Byars

FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle

Respectfully submitted,

By:   */s/ J. Wesley Earnhardt*
     J. Wesley Earnhardt

*Attorneys for Plaintiff Epic Games, Inc.*