THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**BRIEF RE: MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG REGARDING FOREIGN REGULATORY SUBMISSIONS OF A NON-PARTY** |

Gibson, Dunn &
Crutcher LLP

BRIEF RE: MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG
REGARDING FOREIGN REGULATORY SUBMISSIONS OF A NON-PARTY, 4:20-cv-05640-YGR

In his written direct testimony (Ex. Expert 13 ¶ 71 & n.10 (Cragg)) and in his oral testimony to the Court, Epic's rebuttal economic expert Dr. Michael I. Cragg relied on submissions made by Spotify—a member of the Coalition for App Fairness—to the Japan Fair Trade Commission ("JFTC") for the purpose of advocating for regulatory action against Apple related to some of the same conduct challenged here. Consistent with the Court's admonition that "experts do not get to opine without a factual basis for their opinions," Trial Tr. 501:25–502:1, counsel for Apple objected when Dr. Cragg attempted to offer an opinion regarding substitutability in reliance on those submissions. Counsel for Epic offered the Spotify submissions pursuant to Federal Rule of Evidence 703 as the evidentiary basis for Dr. Cragg's opinions. But written advocacy by a non-party urging a regulator to take action against a competitor without any opportunity to cross-examine the competitor regarding the reliability or methodology of the data underlying its advocacy is not the kind of information "experts in the particular field would reasonably rely on." Fed. R. Evid. 703. Dr. Cragg's testimony regarding the Spotify submissions should be stricken as without factual basis.

Although described by Dr. Cragg as an ▮▮▮▮▮ conducted by Spotify, what Dr. Cragg actually relies on is two ▮▮▮▮▮ documents submitted by Spotify to the JFTC in an effort to persuade the commission to take regulatory action against Apple. *See* PX-1152; PX-1153. These documents were neither offered nor received into evidence, and are obviously inadmissible; they may not be considered or relied on by the Court for any purpose other than to determine that they are not the proper subject of Rule 703 reliance. Dr. Cragg did not cite to or purport to rely upon either the underlying studies ("An economic assessment of the effects of Apple's License Agreement with Spotify") or the data produced during the studies. These submissions were—as far as Apple can discern without the benefit of a sponsoring witness—prepared for the purpose of persuading the JFTC to take action against Apple, and include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Advocacy documents submitted to a regulator urging legal action against a competitor are not the kind of documents that "experts in the particular field would reasonably rely on." Fed. R. Evid. 703. It is well settled that the Federal Rules of Evidence "do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation." *In re Imperial Credit Indus.,*

1
BRIEF RE: MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG REGARDING FOREIGN REGULATORY SUBMISSIONS OF A NON-PARTY, 4:20-cv-05640-YGR

Gibson, Dunn & Crutcher LLP

*Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003); *see also Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 630 (W.D. Wash. 2011) ("The rules do not permit an expert to rely upon opinions developed by another expert for purposes of litigation without independent verification of the underlying expert's work."). That reasoning surely applies with double force to advocacy drafted not by an expert in the relevant field, but by a competitor with a business interest in a particular outcome. *Cf. Dugas v. 3M Co.*, No. 14-CV-1096, 2016 WL 3966142, at *6 (M.D. Fla. June 30, 2016) ("[A]s a piece drafted for the advocacy of a particular position, it is not the type of objective scientific evidenced contemplated by Rule 803(18) or Rule 703."). The Spotify submissions are not scientific evidence—they are advocacy, created by a competitor, for the purpose of attacking Apple. And Dr. Cragg cannot credibly testify that experts in his field rely on submissions made to regulators for the purpose of influencing the outcome. Tellingly, Dr. Cragg did not request or consider Apple's *response* to Spotify's JFTC submissions in reaching any of his opinions; if he had, consideration of competing regulatory submissions would quickly devolve into a trial-within-a-trial on which there has been neither discovery nor notice. Epic's attempt to cloud the record with information from a one-sided submission of a non-party to a regulator should be rejected outright.

Dr. Cragg's reliance on third-party advocacy is particularly dubious because the actual *studies* on which Dr. Cragg purports to rely have not been produced in this litigation. Rather, Dr. Cragg has cited to summaries of that study prepared by Spotify for submission to the JFTC. Apple's counsel has searched its production files and found just *one* relevant ▮▮▮▮▮▮ commissioned by Spotify, which relates ▮▮▮▮▮▮. *See* Decl. of R. Brass. But the Spotify submissions on which Dr. Cragg relied refer to studies conducted ▮▮▮▮▮▮ for which Apple has found no underlying data. And Dr. Cragg is not simply relying on the Spotify submissions in the course of forming and offering an opinion, but instead is using the submissions "as substantive evidence of his ultimate conclusions." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003) (affirming exclusion of expert testimony "in the absence of foundation testimony by the laboratory that conducted the testing"); *see also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 16-MDL-2740, 2019 WL 3817658, at *2 n.19 (E.D. La. Aug. 14, 2019) ("In order for an expert to base his opinion on a study it is necessary that he be able to testify of his own knowledge as to the nature and extent of the

Gibson, Dunn & Crutcher LLP

2
BRIEF RE: MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG REGARDING FOREIGN REGULATORY SUBMISSIONS OF A NON-PARTY, 4:20-cv-05640-YGR

source from which statistics were gathered." (quotation marks omitted)).  Dr. Cragg's written testimony leaves little doubt as to that fact.  *See* Ex. Expert 13 ¶ 71 (Cragg).  And because Epic did not subpoena a witness from Spotify to testify—and because Dr. Cragg did not disclose his reliance on the Spotify submissions until he served his written direct testimony on April 28, well after his deposition—Apple has no opportunity to test whether the advocacy papers Spotify submitted to the JFTC reflect reliable and accurate data .  Nor did Dr. Cragg have that opportunity.

To be clear, Apple believes that the Spotify "█████" has serious and significant flaws. Apple addressed these flaws in materials that are not part of the record of this case, for the simple reason that all of this is so far beyond the scope of Epic's complaint that it was not even the subject of discovery.  A Sherman Act trial in California is not the place to decide the merits or reliability of advocacy submissions to foreign regulators.  This exercise is simply a sideshow that should be excised from the trial record.

For these reasons, the Spotify submissions are not the type of evidence on which experts in Dr. Cragg's field would rely upon and cannot form the basis for any of his opinions.  Dr. Cragg's written and oral testimony relying on those submissions should be stricken, and the submissions themselves disregarded.

DATED: May 14, 2021           By     */s/ Rachel S. Brass*
                                     GIBSON, DUNN & CRUTCHER LLP
                                     Theodore J. Boutrous Jr.
                                     Richard J. Doren
                                     Daniel G. Swanson
                                     Mark A. Perry
                                     Veronica S. Lewis
                                     Cynthia E. Richman
                                     Jay P. Srinivasan
                                     Ethan D. Dettmer
                                     Rachel Brass

                                     *Attorneys for Apple Inc.*