THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                      Plaintiff, Counter-<br>                      defendant<br><br>     v.<br><br>APPLE INC.,<br><br><br>                      Defendant,<br>                      Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO** |

1    Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") files this

2    Administrative Motion to Partially Seal Portions of the Parties' Trial Exhibits and Live Trial Testimony

3    Related Thereto.  Apple's final filed Trial Exhibit List was submitted April 25, 2021, *see* Dkt. 481, and

4    Apple lodged its exhibits with the Court on April 29, 2021, in accordance with the Court's pretrial

5    order, *see* Dkt. 381.  On May 3, 2021 Apple filed a motion to seal potential trial exhibits.  *See* Dkt.

6    577.  On May 7, 2021, the Court denied that motion without prejudice and requested that the parties to

7    renew their sealing requests, focusing on those documents ripe for a ruling because of their use in the

8    trial proceedings.  *See also* Dkt. 643 (Trial Order No. 5).  This motion is filed in response to that request

9    from the Court.  Furthermore, Apple and Epic met and conferred, and Apple has not received any

10   objection from Epic regarding Apple's request for sealing and proposed redactions herein.

11   Apple now requests that the court seal documents which contain information Apple contends

12   is sealable under controlling authority and the Local Rules.  *See* L. R. 79-5 (defining "sealable"

13   "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise

14   entitled to protection under the law").  In particular these documents contain a mixture of either (1) non-

15   public, competitively sensitive financial information whose disclosure could harm Apple;

16   (2) confidential information whose disclosure could aid a bad actor; (3) competitively sensitive

17   business information, including unannounced Apple products or internal market research; and/or

18   (4) sensitive business information of Apple's many third-party developers and other business partners

19   which, if revealed, could impact their competitive standing.[1]

20   Apple accordingly moves to seal portions of the parties' respective trial exhibits containing

21   sealable information and live trial testimony directly related thereto.  Apple respectfully requests that

22   the Court (1) grant Apple's request to seal the sealable information contained within the exhibits

23   discussed herein, (2) temporarily limit public access to the trial proceedings to those present live in the

24   courtroom while sealable information is being discussed, and (3) subsequently seal portions of the

25

26

27   [1] Among the exhibits which Apple seeks to seal in this motion are exhibits which have been
     admitted into evidence, including through the Court's approval of the parties' stipulations in Trial
28   Order No. 5 at Dkt. 643; the motion also includes a request to seal exhibits included in the
     parties' stipulation at Dkt. Nos. 640 and 641, which has not yet been entered as an order of the
     Court and thus have not yet been admitted into evidence

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

1    transcript related to sealable information.

2                                      **LEGAL STANDARD**

3          When a party seeks to seal records for use at trial, there is a "strong presumption in favor of

4    access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*,

5    447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted).  The party seeking to seal the document

6    or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh

7    the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration,

8    citation, and quotation marks omitted).  "In general, 'compelling reasons' sufficient to outweigh the

9    public's interest in disclosure and justify sealing court records exist when such 'court files might have

10   become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote

11   public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

12   *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

13                                      **DISCUSSION**

14   **A.    The Court Should Grant Apple's Request As To Non-Public Financial Information.**

15         Apple asks the Court to seal specific non-public, competitively sensitive financial information

16   whose disclosure could harm Apple.  As the Supreme Court has recognized, sealing may be appropriate

17   to prevent judicial documents from being used "as sources of business information that might harm a

18   litigant's competitive standing."   *Nixon*, 435 U.S. at 598.   Accordingly, courts routinely seal

19   information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford*

20   *Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that

21   "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a

22   compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL

23   12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's

24   pricing strategy").

25         Non-public financial information in particular is routinely sealed because it can reveal sensitive

26   information to a litigant's competitors that would provide those competitors an unfair advantage in the

27   future. *See, e.g.*,  *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)

28   (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a

Gibson, Dunn &
Crutcher LLP

2
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE
PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

The following documents fall within this category for the reasons discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3122; DX-4094; DX-4199; DX-4797; DX-4807; DX-5338; PX-0432; PX-0602; PX-0603; PX-0604; PX-0605; PX-0606; PX-0607; PX-0608; PX-0609; PX-0610; PX-0611; PX-0612; PX-1000; PX-1001; PX-1003; PX-1036; PX-1049; PX-1050; PX-1066; PX-1077; PX-2176; PX-2385; PX-2391; PX-2392; PDX-0041; Cragg Direct Demonstrative.

## B.   The Court Should Grant Apple's Request As To Information That Could Aid A Bad Actor.

Apple requests that the Court seal specific information that could aid third parties in harming Apple or its customers, such as details about Apple's security policies and internal processes like Apple's App Review process.  Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  For example, courts have sealed information that could be used by a bad actor to breach a company's internal security system.  *See, e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing "information regarding Quora's investigation into the data breach incident that could be used by a bad actor to exploit and breach Quora's systems"); *Music Group Macao Commercial Offshore Limited v. Foote*, No. 14-CV-03078, 2015 WL 3993147, at *5 (N.D. Cal. June 30 2015) ("[C]ourts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials."); *In re Google Inc. Gmail Litigation*, No. 13–MD–02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons existed to seal "information that if made public . . . could lead to a breach in the security of the Gmail system").  Similarly, courts seal information that could be abused by bad actors to harm the parties' themselves.  *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-0782, 2020 WL 6387381, at *2 (N.D.

Gibson, Dunn & Crutcher LLP

3
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Cal. Feb. 24, 2020) (sealing information where "disclosing to bad actors who would seek to manipulate Google's systems information about how Google detects and reacts to invalid traffic").

Sealing here is necessary because third parties could use the identified information to evade Apple's important security policies and to manipulate Apple's App Review process.  Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data of its customers and developers who use Apple's technology—and keeping the details of those efforts confidential is important to their effectiveness.  Public disclosure of this detailed information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data.  In addition, Apple has designed a rigorous App Review process, using proprietary review tools and information, to protect users and developers alike from fraud, malware, and unwarranted intrusion into their privacy, as well as to evaluate the operation and reliability of proposed apps and app updates.  The Court should seal the identified information in order to ensure that bad actors cannot use it to circumvent Apple's important review processes.

The following documents fall within this category for the reasons discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: PX-0526; PX-2142.

**C.** **The Court Should Grant Apple's Request As To Competitively Sensitive Information.**

Apple seeks to seal competitively sensitive information including future-looking product information, such as plans to develop yet undisclosed new products.  Public access to this information would cause Apple economic harm and put it at a competitive disadvantage.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Apple Inc. Device Performance Litig.*, No. 18-MD-2827, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (finding compelling reasons may exist to seal "product development plans"); *Algarin v. Maybelline*, LLC, No. 12-CV-3000, 2014 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) (compelling reasons found to seal information related to product development where "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

Gibson, Dunn &
Crutcher LLP

4
DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE
PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

In addition to future product information, Apple also seeks to seal as competitively sensitive certain market research reports which were either commissioned by or conducted by Apple to gain unique insights into consumers and gain a competitive advantage. *Samsung*, 727 F.3d at 1228 (finding "Apple has a strong interest in keeping its market research reports confidential," such that compelling reasons existed to seal "market research reports [which] contain information that Apple's competitors could not obtain anywhere else"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Sealing is necessary here because public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from Apple's efforts into product development and market research that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness.

The following documents fall within this category for the reasons discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3174; DX-3465; DX-4089; DX-4094; DX-4170; DX-4312; DX-4495; DX-4815; PX-0747; PX-1026.

**D.      The Court Should Grant Apple's Request As To Information that Reflects Sensitive Business Information of Many Third-Party Developers.**

Apple also seeks to seal information that reflects sensitive business information of its many third-party developers and other business partners which, if revealed, could impact their competitive standing. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Although third parties generally are able to assert their own confidentiality interests, in some cases a particular document implicates the information of so many third parties that it would be a burden to this Court, the parties, and the third parties to attempt to coordinate sealing applications for those exhibits. *See, e.g.*, *Total Recall Technologies v. Luckey*, No. C-15-02281-WHA, 2021 WL 1245357, *1 (Mar. 25, 2021) (finding as legitimate "a request to seal a spreadsheet containing the names and addresses of multiple uninvolved third parties"). Thus, Apple respectfully requests that the Court exercise its "broad latitude" in sealing matters (*Phillips ex rel.*

Gibson, Dunn &
Crutcher LLP

*Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)) to maintain the sensitive information related to these third parties under seal.

The following documents fall within this category for the reasons discussed above, as articulated more fully in the concurrently-filed Declaration of Rachel S. Brass: DX-3248; DX-4094; DX-4170; DX-4760; DX-4793; DX-4794; DX-4795; DX-4796; DX-4800; DX-4809; PX-0526; PX-0747; PX-1026; PX-1066; PX-1077; PX-2126; PX-2326; PX-2328.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated:  May 14, 2021                           Respectfully submitted,

                                               GIBSON, DUNN & CRUTCHER LLP


                                               By:    */s/ Rachel S. Brass*
                                                      Rachel S. Brass


                                               Attorney for Defendant Apple Inc.

Gibson, Dunn &
Crutcher LLP