THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.compartial sealing
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO** |

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-cv-05640-YGR

Gibson, Dunn & Crutcher LLP

I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Motion to Partially Seal Portions of Trial Exhibits and Live Trial Testimony Related Thereto.

2. When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (alteration, citation, and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

4. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed its depositions designations and now proposes only those redactions that are essential.

6. Specifically, Apple seeks only to seal information from four categories of confidential information: 1) non-public financial information, 2) information that could aid a bad actor, 3) competitively sensitive information and 4) third-party information entrusted to Apple.

## CATEGORY 1 – APPLE NON-PUBLIC FINANCIAL INFORMATION

7. Apple first seeks to seal non-public financial information. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

8. Below is a chart detailing the specific potential trial exhibits that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-3122 | Workbook with three spreadsheets titled in part "Apple Inc.: Apple Media Products" | The entire document should be sealed as reflecting non-public financial information about payment processing fees, implicating non-public rates charged by third-party payment processors. |
| DX-4199 | Spreadsheet titled "US sales: iPhone, iPad, and iPod Touch: Q4FY208-Q4FY2019" | The entire document should be sealed as reflecting non-public financial data concerning sales of Apple devices. |

2
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-4807 | Hitt Rebuttal Report - Exhibit 51.pdf - Federal Rule of Evidence 1006 Exhibit | This entire document should be sealed because it reflects Apple's non-public financial information related to App Store transactional data. |
| DX-5338 | Apple transactional data produced via hard drive | This document is natively produced, non-public transactional data for Apple.  The data provides detailed, competitively, sensitive, and confidential information about virtually every aspect of the App Store.  Most critical here, it provides information about historical revenues from each developer in the App Store, as well as transaction by transaction data.  This data could potentially be used not just by competitors of Apple, but also by competitors of the many, many developers whose information is implicated in this dataset.  This data represents the core of Apple's confidential information about the App Store, and also the core of what developers expect will be maintained in confidence when they join the App Store.[2] |
| PDX-0041 | Evans Direct Demonstrative | This is a demonstrative that was used in Epic's examination of Dr. David Evans.  It should be sealed in part because certain slides within it contain non-public financial |

---

[2] This exhibit DX-5338 was inadvertently included in the parties' Stipulation and [Proposed] Order Regarding Materials Relied Upon By Experts at Dkt. 640 and 641.  The parties have stipulated to removing the exhibit from their request for admission into evidence, as will be reflected in a further stipulation to be filed with the Court shortly.  The exhibit need not be admitted into evidence; it is proper 703 material for the economic experts.  However, in an abundance of caution, Apple lists the exhibit here and requests that it be sealed in the event it is ever in evidence.

3

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | information about Apple and the App Store. |
| Cragg Direct Demonstrative | Cragg Direct Demonstrative | This is a demonstrative that was used in Epic's examination of Dr. Michael Cragg.  It should be sealed in part because certain slides within it contain non-public financial information about Apple and the App Store. |
| PX-0432 | 8/12/2020 iTunes WW P&L_Q4FY08-Q3FY20.xlsx | This document should be sealed in full because it consists of non-public detailed financial data for iTunes through Q3 FY 2020. |
| PX-0602 | 12/13/2019 2019 App Store Budget & Headcount - MASTER.key | Substantially all of this document should be sealed because it is a slide deck that includes confidential business information and nonpublic financial information.  The document includes billing revenues, including forecasts, for the App Store, as well as information about the number of subscribers for the top apps.  The document includes revenue information for some of Apple's top apps, and discusses confidential business plans for growth.  The document discusses several concepts for improving certain features of the App Store, as well as projected revenues for certain monetized features.  The document also sets forth in detail the projected revenue for the App Store, broken down by region.  The Court previously sealed the figure on page 3 of Ned Barnes' Written Direct Testimony, the source of which was PX-0602.154.  *See* Dkt. 548. |

4

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| PX-0603 | 8/12/2020 App Store Marketing OPEX Q1FY15-Q4FY20.xlsx | Substantially all of this document should be sealed because it is a spreadsheet consisting of detailed non-public marketing costs associated with the App Store including for Q4 FY 2020. |
| PX-0604 | 11/13/2020 WW Developer Relations OCOGS Q1FY15-Q4FY20.xlsx | Substantially all of this document should be sealed in full because it is a spreadsheet consisting of detailed non-public and competitively sensitive information regarding certain developer relations costs associated with the App Store, including for Q4 FY 2020. |
| PX-0605 | 11/13/2020 WW Developer Relations OPEX Q1FY15-Q4FY20.xlsx | Substantially all of this document should be sealed because it is a spreadsheet consisting of detailed non-public and competitively sensitive information regarding certain developer relations costs associated with the App Store for the period through Q4 FY 2020. |
| PX-0606 | 7/8/2020 Apple Inc. Line of Business Report - iPhone | Substantially all of this document should be sealed because it is a spreadsheet showing non-public, unaudited, competitively sensitive financial information for various lines of business at Apple through Q1 of 2020. |
| PX-0607 | 9/21/2020 iTunes WW P&L_Q4FY08-Q3FY20 - Source Data Included.xlsx | Substantially all of this document should be sealed because it is a spreadsheet setting forth several categories of non-public financial information related to iTunes for the period through Q3 FY 2020. |
| PX-0608 | 10/8/2019 01_Business Management FY20 Overview_Not Shared.key | This document should be partially sealed because it is a slide deck providing a business management overview of the App Store for fiscal |

5

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | year 2020.  The document includes figures showing the total billings for the App Store, as well as customer spending in the United States across several of Apple's products.  The document shows revenue broken down by geography and app type.  The document includes a comparison of forecasted billings to actual billings, and discusses actual and projected revenue growth at the App Store.  The document also discusses future opportunities for growing the App Store, including confidential information about future product enhancements.  The Court previously sealed the figure on page 5 of Ned Barnes' Written Direct Testimony, the source of which was PX-0608.78. |
| PX-0609 | 10/31/2014 Email regarding IS&S P&L's | Substantially all of this document should be sealed because it is a communication discussing detailed non-public financial information concerning certain Apple business lines, including the App Store. |
| PX-0610 | 9/25/2014 IS&S and iAd P&L's Final.xlsx (also marked as deposition exhibit PX-759) | Substantially all of this document should be sealed because it is a spreadsheet consisting of detailed non-public financial information concerning certain Apple business lines, including the App Store. |
| PX-0611 | 7/29/2020 WW App Store Gross Margin | Substantially all of this document should be sealed because it is a spreadsheet consisting of non-public financial data for the App Store through Q2 FY 2020.  These figures are not made public, have not been audited, and do not |

6

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | necessarily reflect all costs associated with the App Store. |
| PX-0612 | 7/8/2020 Line of Business Report | Substantially all of this document should be sealed because it is a spreadsheet consisting of non-public financial data for certain parts of Apple. |
| PX-1000 | Alternative Estimate of Apple App Store Operating Margin Percentage - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it reflects Apple's non-public financial information, recapitulated by Epic expert Ned Barnes.  The Court previously sealed the figure on page 8 of Ned Barnes' Written Direct Testimony, the source of which was this exhibit.  *See* Dkt. 548. |
| PX-1001 | Apple FY2018 10-K Reconciliation - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it reflects Apple's non-public financial information. The Court previously sealed the figure on page 10 of Ned Barnes' Written Direct Testimony, the source of which was this exhibit. *See* Dkt. 548. |
| PX-1003 | Estimated Allocation of Additional OPEX to App Store - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it reflects Apple's non-public financial information concerning certain expenditures. The Court previously sealed the figure on page 7 of Ned Barnes' Written Direct Testimony, the source of which was this exhibit. See Dkt. 548. |
| PX-1036 | Table 13: Top 10 Highest Grossing iOS Apps as a Percent of Total App Revenues, Fiscal Year 2019 - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it reflects Apple's non-public financial information concerning revenue relating to certain applications.  The Court previously sealed Figure 18 of |

7

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | Cragg's Written Direct Testimony, the source of which was this exhibit. *See* Dkt. 548. |
| PX-1049 | Apple App Store P&L, 2013-2020 - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This entire document should be sealed because it reflects some of Apple's non-public financial information regarding the App Store. |
| PX-1050 | Apple Average U.S. Effective Commission Rate - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it reflects Apple's non-public financial information regarding App Store revenues and commissions. |
| PX-1066 | Operating Margin (Percent) for Online Marketplaces, 2013-2019 - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be sealed in part because it reflects some of Apple's non-public financial information concerning the App Store. |
| PX-1077 | R&D as a Percentage of Total Revenue Apple iTunes and Other Online Marketplaces - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it reflects some of Apple's non-public financial information. |
| PX-2176 | 8/1/2017 App Store Business Overview | The document should be partially sealed because it reflects in part non-public App Store revenue information.[3] |
| PX-2385 | 10/1/2019 Email regarding Profitability - Follow ups with attachment(s) | This document is an October 2019 email chain and related slide deck containing specific data regarding the profitability of various Apple products and services. Information compiled from this document have previously been sealed. *See* Dkt. 548 (Figure 9 of Ned Barnes' Written Direct testimony which was sealed is based on PX-2385.18; |

---

[3]

8

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | Figure 10 of Ned Barnes' Written Direct testimony which was sealed is based on PX-2385.13, 17-19; Figure 10 of Ned Barnes' Written Direct testimony which was sealed is based on PX-2385.24). |
| PX-2391 | 12/18/2019 FY20 LRF - Dec'19 | This document should be partially sealed because it is a December 2019 slide deck containing competitively sensitive, non-public financial information and forecasts. |
| PX-2392 | 2/10/2021 FY19/20 Profitability | This document is a September 2019 slide deck reflecting confidential financial information, including data regarding operating margins and revenue growth. Figure 2 of Evans' Opening Written Direct testimony based on PX2392.3 was previously sealed. *See* Dkt. 614. |

**CATEGORY 2 – SENSITIVE SECURITY INFORMATION**

9. Second, Apple respectfully requests that the Court seal the identified information that could aid a bad actor. Specifically, Apple seeks to seal specific information about Apple's security policies and internal processes like Apple's App Review process.

10. Public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and private confidential data of its customers and developers—and keeping those efforts confidential is important to their effectiveness.

11. Not only does Apple protect critical information through its internal security systems and processes, Apple also protects users and developers alike from fraud, malware, and unwarranted intrusion into their privacy through its extensive App Review Process. Disclosure of the identified

9

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

information would allow bad actors to circumvent Apple's important review process and would endanger users and developers.

12. Below is a chart detailing the specific potential trial exhibits that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| PX-0526 | 6/27/2018 Email regarding Enable extendAutoRenewDate for MLB with attachment(s) | The entire document should be partially sealed because it reflects sensitive material concerning the in-app purchasing system, including source code that could be exploited by bad actors. Pages PX-0526.12-13 are the source of Figure 5 of Dr. Evans' Written Direct Testimony which figure was previously ordered sealed. *See* Dkt. 614.[4] |
| PX-2142 | 1/23/2019 Email regarding Re: AMP Commerce and Payments Schedule: January 21, 2019 | The entire document should be sealed because it reflects confidential security information that could be exploited by a bad actor. |

**CATEGORY 3 – COMPETITIVELY SENSITIVE INFORMATION**

13. Third, Apple seeks to seal competitively sensitive information including product information regarding plans to develop yet undisclosed new products which, if revealed would cause Apple economic harm and put it at a competitive disadvantage. An example of such documents which should be sealed on these grounds is DX-4094.

14. In addition to future product information, Apple also seeks to seal as competitively sensitive certain market research reports which were either commissioned by or conducted by Apple in order to gain a unique insight into consumer and developer preferences and thereby improve its competitive standing.

---

[4] This document is also sealable for the reasons described in Category 4 – Third-Party Confidential Information.

10

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

15. Public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from effort regarding product development that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness.

16. Below is a chart detailing the specific potential trial exhibits that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-3174 | Presentation titled "iPhone Owner Study: Australia, China, France, Germany, Japan, India, UK, US," dated October, 2020 | Substantially all of this document should be sealed as reflecting competitively sensitive market research conducted by Apple. |
| DX-3465 | Presentation titled "iPad Buyer Survey" FY19-Q1 Report - US, UK, France, Germany, China, Japan, Mexico, India, Thailand, and Russia | Substantially all of this document should be sealed as reflecting competitively sensitive market research conducted by Apple. |
| DX-4089 | Presentation titled "iPhone Buyer Survey FY19-Q3 Global Report" | Substantially all of this document should be sealed as reflecting competitively sensitive market research. |
| DX-4094 | Presentation re "Update on how the next year is shaping up for the App Store" | This document is a slide deck regarding the business performance and outlook of the App Store. The document provides competitively sensitive non-public information about current and projected revenues for the App Store. It also discusses confidential upcoming non-public and future-looking information regarding business initiatives and product developments. The slide deck also includes detailed, non-public financial information about the App Store, broken down by region.[5] |

---

[5] This document is also sealable for the reasons described in Category 1 – Non-public Financial Information and Category 4 – Third-Party Confidential Information.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-4170 | Presentation titled "EEDAR - Gamer Segmentation 2018 Syndicated Report" | This document consists of proprietary market research by a third-party firm. The document provide an in-depth analysis of market trends, as well as forecast for future performance in the technology sector. The report reflects the proprietary analyses of a third party, and public disclosure could unfairly prejudice that party. Apple has contacted the third-party firm to request permission to use the exhibit publicly; such permission has not been provided.[6] |
| DX-4312 | Presentation titled "iPhone Buyer Survey FY20-Q1 Global Report" | The document should be sealed in part as reflecting Apple's competitively sensitive market research. |
| DX-4495 | Presentation titled "iPhone Buyer FY20-Q2 Global Report" | This document should be sealed in part as reflecting Apple's competitively sensitive market research. |
| DX-4815 | Hitt Rebuttal Report - Exhibit 59.pdf - Federal Rule of Evidence 1006 Exhibit | Substantially all of this document should be sealed because it reflects Apple's non-public competitively sensitive business information regarding unit sales. The information in this document is compiled from material previously sealed. *See* Dkt. 614. |
| PX-0747 | 5/26/2020 Kantar CQ1'20 Smartphone KPIs (22 May 2020).key | Substantially all of this document should be sealed because it reflects competitively sensitive information of Apple and third parties. |

---

[6] This document is also sealable for the reasons described in Category 4 – Third-Party Confidential Information.

12
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| PX-1026 | Figure 5: Relative Popularity of Video Game Genres and Categories Played on Different Platforms - Epic Summary Pursuant to Federal Rule of Evidence 1006 | Substantially all of this document should be sealed as reflecting competitively sensitive market research provided to Apple by a third party.[7] |

### CATEGORY 4 – THIRD-PARTY CONFIDENTIAL INFORMATION

17. Fourth Apple seeks to seal information that reflects sensitive business information of its many third-party developers and other business partners which, if revealed could impact their competitive standing among fellow developers as well as Apple's relationships with them. Various Apple and Epic trial exhibits implicate confidential information of many of Apple's developer partners. Apple takes many steps, and undertakes substantial efforts, to safeguard private confidential data of its customers and developers and keeping that information confidential is important to its effectiveness.

18. Below is a chart detailing the specific potential trial exhibits that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-3248 | Document titled "2018 Global Games Market Report - Trends, Insights, and Projections Toward 2021" by Newzoo | This document contains the proprietary information of a third-party market research firm, and public disclosure could unfairly prejudice that party. The document provides an in-depth analysis of market trends, as well as forecast for future performance in the technology sector. Apple has contacted the third-party firm to request permission to use the exhibit publicly; such permission has not been provided. |

---

[7] This document is also sealable for the reasons described in Category 4 – Third-Party Confidential Information.

13

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-4760 | Hitt Rebuttal Report - Exhibit 04.pdf - Federal Rule of Evidence 1006 Exhibit | The document should be sealed in part because it reflects confidential third-party financial information. The information in this document is compiled from material previously sealed. See Dkt. 614. |
| DX-4793 | Hitt Rebuttal Report - Exhibit 37.pdf - Federal Rule of Evidence 1006 Exhibit | Substantially all of this document should be sealed because it reflects confidential third-party financial information. The information in this document is compiled from material previously sealed. See Dkt. 614. |
| DX-4794 | Hitt Rebuttal Report - Exhibit 38.pdf - Federal Rule of Evidence 1006 Exhibit | Substantially all of this document should be sealed because it reflects confidential third-party financial information. |
| DX-4795 | Hitt Rebuttal Report - Exhibit 39.pdf - Federal Rule of Evidence 1006 Exhibit | Substantially all of this document should be sealed because it reflects confidential third-party financial information. The information in this document is compiled from material previously sealed. See Dkt. 614. |
| DX-4796 | Hitt Rebuttal Report - Exhibit 40.pdf - Federal Rule of Evidence 1006 Exhibit | The entire document should be sealed because it reflects confidential third-party data. The information in this document is compiled from material previously sealed. See Dkt. 614. |
| DX-4797 | Hitt Rebuttal Report - Exhibit 41.pdf - Federal Rule of Evidence 1006 Exhibit | This document should be sealed in part because it reflects a third party's confidential proprietary market research, licensed to Apple. |
| DX-4800 | Hitt Rebuttal Report - Exhibit 44.pdf - Federal Rule of Evidence 1006 Exhibit | Apple moves for this document to be sealed in part in order to provide third parties an opportunity to assert |

14

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | that information contained in it is confidential. |
| DX-4809 | Hitt Rebuttal Report - Exhibit 53.pdf - Federal Rule of Evidence 1006 Exhibit | Substantially all of this document should be sealed because it reflects confidential third-party information. |
| PX-2126 | 4/6/2018 Email regarding Re: ERB Consideration - Amazon FreeTime Unlimited (1324809509) | This document is a 2018 email chain containing confidential information about revenues of third-party developers. It should be sealed in part. |
| PX-2326 | 7/9/2020 Email regarding FB Gaming App on iOS with attachment(s) | The document should be sealed in part because it reflects confidential third-party information. |
| PX-2328 | 4/27/2020 Email regarding Re: [EXTERNAL] Multiple Binary Approach | The document should be sealed in part because it reflects confidential third-party information. |

19.     I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in narrowing the amount of designated confidential material. Apple will continue to meet and confer with Epic regarding redactions where possible.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on May 14, 2021 at Oakland, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

15
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP