CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
J. WESLEY EARNHARDT (*pro hac vice*)
wearnhardt@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
JUSTIN C. CLARKE (*pro hac vice*)
jcclarke@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Attorneys for Plaintiff and Counter-defendant
Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>           Plaintiff, Counter-defendant,<br><br>           v.<br><br>APPLE INC.,<br><br>           Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**EPIC'S ADMINISTRATIVE MOTION TO SEAL LIMITED PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND ANY REFERENCES AT TRIAL TO THE INFORMATION SOUGHT TO BE SEALED**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Epic hereby moves the Court for an administrative order sealing certain limited portions of seven of the parties' trial exhibits (which are attached) and prohibiting public references at trial to the information sought to be sealed. On May 5, 2021, Epic filed a motion to seal potential trial exhibits (the "Prior Sealing Motion"), with a supporting declaration of Joseph Kreiner. *See* Dkt. 596. On May 12, 2021, the Court issued Trial Order No. 5, ordering the parties to file an administrative motion by 6:00 PM PDT on Friday, May 14, 2021 for any exhibits admitted into evidence for the past week and for which they seek to seal in whole or in part. *See* Dkt. 643. This motion is filed in response to that Order.

Seven trial exhibits contain information Epic contends is sealable under controlling authorities and the Local Rules. *See* L. R. 79-5 (defining "sealable" "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise entitled to protection under the law"). In particular, these trial exhibits contain: (1) third-party business information that is confidential and highly sensitive to Epic's business partners, including among other things confidential financial terms of commercial agreements that if revealed would impact those third parties' competitive standing; and (2) specific details relating to anti-cheat mechanisms within *Fortnite* which if made public would allow bad actors to circumvent those mechanisms. Additionally, a third party has indicated that it wishes to request sealing of two exhibits.

Accordingly, Epic moves to seal limited portions of the parties' respective trial exhibits. Epic's requests are narrowly tailored. For all of the seven documents Epic contends are sealable, Epic has limited its request to seal to an individual page or pages containing the sensitive information, thereby making it possible for public redacted versions of the materials to be made available.

**ARGUMENT**

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade

secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  The test applied is whether "compelling reasons supported by specific factual findings . . . outweigh . . . the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (internal quotation and citation omitted).  In the interest of brevity, Epic refers to the further discussion of legal authorities set forth in the prior Sealing Motion.  *See* Dkt. 596.

**A.  The Court Should Grant Epic's Request as to Confidential Third-Party Information.**

As the Court has noted:  "[T]he standard is more lenient when the information concerns third parties, but this is not dispositive.  The third-party information must be balanced with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis."  Dkt. 547 (Pretrial Order No. 7 Re: Third Party Administrative Motions To Seal, at 2). With respect to third-party information, Epic seeks to seal only information that reflects sensitive business information of its third-party business partners which, if revealed, could impact those third parties' competitive standing.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Epic refers to the further discussion and citations in the accompanying Kreiner Declaration.

The six trial exhibits containing third-party information that is sealable are as follows:

DX-3233:  This document is an internal Epic presentation called "*Fortnite* North America Publishing Update."  Epic seeks to seal confidential financial information of third-parties, specifically confidential third-party sales and revenue information.  The information Epic seeks to seal is on pages EPIC_00126265 and EPIC_00126273.

DX-3297:  This document is a confidential Statement of Work in connection with a consulting agreement between Epic and a consultant.  Epic seeks to seal only two numbers:  the monthly payment from Epic under the Statement of Work, and the maximum budget under the Statement of Work.  The information Epic seeks to seal is on page EPIC_02897552.

DX-4800:  This document is Exhibit 44 to the rebuttal expert report of Apple's expert witness, Professor Lorin Hitt.  Epic seeks to seal limited confidential third-party

information contained on this document, specifically the commission rates paid by and/or to certain third parties.

<u>Hitt Direct Demonstratives</u>:  Apple used a 32-page package of demonstrative exhibits with its expert witness, Professor Lorin Hitt, on May 12, 2021.  Epic seeks to seal limited confidential third-party information contained on slide 12 of the demonstrative package, specifically the commission rates that Epic pays to certain counterparties.

<u>PX-2456</u>:  On May 8, 2021, Epic submitted this document to the Court with proposed redactions.  On May 9, 2021, the Court granted Epic's sealing request with respect to this document.  Dkt. 613 (Trial Order No. 3 Re: Bench Trial Week 1 Party Sealing Requests, at 2).  On May 8, 2021, Nintendo of America Inc. filed a declaration in support of sealing several exhibits, including PX-2456.  Dkt. 610.  On May 12, 2021, the Court ordered as to this exhibit: "The Switch specific financial amounts shall be sealed on EPIC_02030347, EPIC_02030355, and EPIC_02030363.  The remainder shall be unredacted barring any further requests from Epic Games or other third parties." Dkt. 643 (Pretrial Order No. 5, at 5).  In an abundance of caution, Epic seeks to seal the same information that the Court ordered sealed in its May 9, 2021 Order.

The document is an internal Epic email to the Epic Board of Directors, reporting on Epic's fourth quarter 2019 performance.  The email and attachment include confidential third-party financial information.  Epic seeks to seal information which describe Fortnite revenue per third-party platform, which Epic treats as confidential third-party financial information.  This page also describes Unreal Engine license and royalty revenue, with specific revenue numbers for specific third-party licensees and business partners.  Epic also considers that to be confidential third-party financial information.  The information Epic seeks to seal is on pages EPIC_02030347, EPIC_02030355 and EPIC_02030363.

<u>PX-2469</u>:  This document is an internal Epic presentation called "Store & Publishing Review of Strategy."  On May 8, 2021, Epic submitted this document to the Court with proposed redactions.  On May 9, 2021, the Court granted Epic's sealing request with respect to this document.  Dkt. 613 (Trial Order No. 3 Re: Bench Trial Week 1 Party Sealing Requests,

at 2). Epic has re-reviewed the document and seeks to seal additional confidential third-party information on pages EPIC_03967162 and EPIC_03967173, specifically revenue and cost information for third parties, and confidential financial arrangements between Epic and third parties. The document submitted to the Court contains Epic's requested redactions in highlighting, and the previously granted redactions in black.

**B.  The Court Should Grant Epic's Request as to Anti-Fraud/Anti-Cheat Information.**

Epic requests that the Court seal a limited amount of information that could aid bad actors in harming Epic or the users of *Fortnite*, specifically information involving key details relating to anti-cheat and/or anti-fraud mechanisms within *Fortnite*. Courts have sealed information that could be used by a bad actor to breach a company's security system. *See, e.g., Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing "information regarding Quora's investigation into the data breach incident that could be used by a bad actor to exploit and breach Quora's systems"). Epic refers to the further discussion and citations to legal authorities in the Prior Sealing Motion and to the Kreiner Declaration.

The trial exhibit Epic seeks to partially seal on this basis is DX-4362, which identifies specific Epic confidential anti-cheat controls within Fortnite. Epic seeks to seal limited portions on pages EPIC_00428916-918.

For the foregoing reasons and the reasons set forth in the Kreiner Declaration, the Prior sealing Motion and its accompanying declaration from Mr. Kreiner, Epic respectfully requests that the Court seal the identified information.

**C.  The Court Should Grant the Request by a Certain Third Party as to Two Exhibits.**

As noted, a third party has indicated that it wishes to request sealing of two exhibits.

DX-5549 and DX-5550 are documents that were produced by Epic in response to a subpoena served by Apple upon Epic's expert witness, Dr. David S. Evans. Epic seeks to seal these documents in their entirety at the request of a third party. Epic understands that this third party will file a declaration in support of this motion.

Dated: May 14, 2021

Respectfully submitted,

By:    */s/ Justin C. Clarke*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke
jcclarke@cravath.com
M. Brent Byars
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

***Attorneys for Plaintiff and Counter-defendant*
EPIC GAMES, INC.**