JOHN F. COVE, JR. (SBN 212213)
  john.cove@shearman.com
MATTHEW BERKOWITZ (SBN 310426)
  matthew.berkowitz@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA  94105-2997
Telephone:   415.616.1100
Facsimile:    415.616.1199

*Attorneys for Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>            *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>            *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S RENEWED ADMINISTRATIVE MOTION TO SEAL COMPETITIVELY SENSITIVE INFORMATION**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

On May 12, 2021, the Court denied without prejudice non-party Sony Interactive Entertainment LLC's ("SIE's") motion to seal portions of ten documents identified on Defendant Apple Inc.'s ("Apple") exhibit list (ECF No. 576) (the "Original Motion") because the parties had inadvertently posted some of these documents to the publicly accessible Box before the error was recognized and the documents taken down. *See* Trial Order No. 5, ECF No. 643, at 3–4. SIE brings this renewed motion for an order sealing portions of these documents that contain SIE's highly confidential, trade secret information.[1]

A. <u>Exhibits Not Posted To The Box</u>

To SIE's knowledge, the confidential portions of two of the documents (DX-3125; DX-3865)[2] that SIE sought to keep sealed were never posted to the Box, and thus not disclosed to the public. *See* Colsher Declaration ¶¶ 5–7. Thus, for the reasons set out in SIE's Original Motion and the accompanying declaration of Don Sechler filed in support thereof (the "Sechler Declaration," which SIE has re-filed with the instant motion), compelling reasons exist to keep sealed portions of these documents. *See* Original Motion at 6; *see also* Sechler Declaration ¶¶ 3–4, 15–16, 21; Exs. B, H to Colsher Declaration.

In addition, two other documents (DX-3988; DX-4425) were not posted to the Box, *see* Colsher Declaration ¶ 5, but contain the same confidential information as the posted documents and accordingly are discussed in Section B below.

B. <u>Exhibits Posted To The Box</u>

SIE understands that six of the documents subject to the Original Motion were inadvertently posted to the Box (DX-3094; DX-3433; DX-3660; DX-4493; DX-4519; DX-3582).[3] *See* Colsher

---

[1] The ten documents are DX-3660, DX-3865, DX-3988, DX-4425, DX-4493, DX-4519, DX-3094, DX-3125, DX-3433, and DX-3582, which are Exhibits A–J, respectively to the accompanying Declaration of Patrick Colsher (the "Colsher Declaration").

[2] SIE is not aware that DX-3865 was ever posted to the Box; DX-3125 has been posted, but only in redacted form, with such redactions including (i) the portions SIE has sought to seal and (ii) personal identifying information. *See* Colsher Declaration ¶¶ 5–6.

[3] In addition to these six documents, two other exhibits that were not posted are also relevant to this portion of the Renewed Motion because the confidential information they contain is the same as the posted documents. DX-3988 is an exact duplicate of DX-4519; DX-4425, while not an exact duplicate, contains the same confidential information as DX-3582. Thus, SIE respectfully submits that the Court's decision with regard to the equivalent posted documents should govern the duplicates.

Declaration ¶ 2. These documents were removed from the Box as soon as the error was discovered. *See also id.* ¶¶ 3–4. Nevertheless, portions of them were published on the Internet shortly after the inadvertent disclosure. *See* Court's Trial Order No. 5, at 3 (citing link to press article with screen shots of portions of DX-3094 and DX-3433). SIE respectfully requests that, notwithstanding the inadvertent disclosure of these documents, the Court seal the confidential portions of these documents as requested in the Original Motion.

This incident presents a very similar fact scenario to *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3283478, at *13 (N.D. Cal. Aug. 9, 2012), *rev'd and remanded on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013). In *Apple v. Samsung*, Qualcomm, which was a non-party to the litigation, filed a motion to seal certain portions of a document, but inadvertently publicly filed an unredacted version of that document on PACER. *Id.* News-outlet Reuters obtained the publicly- filed document and published confidential information contained in it in a news article. *Id.*

In evaluating the third-party sealing motion in light of the widespread public dissemination of the information through a major news source, the court acknowledged the general rule that public disclosure ordinarily negates any claim of confidentiality. *Id.* Nevertheless, the court found that the information was still properly subject to sealing. Judge Koh explained that "the public's interest in permanent and continuing access to the [confidential information]" was "low," and "the very fact that Qualcomm still [sought] to maintain this [confidential] information under seal, even after it has been briefly disclosed, indicate[d] that Qualcomm still [did] gain some competitive advantage from limiting disclosure of this information." *Id.* The court also found that Qualcomm's future contracting counterparties were "far more likely to discover this information if it is published in the official court records than if it is only published by Reuters." *Id.* Based on this analysis, the court held that limiting further distribution would protect Qualcomm from further competitive harm and that this was a compelling basis to seal the document despite the inadvertent public disclosure. *Id.*

The same is true here, and even more so. The public's interest in "permanent and continuing access" to third-party SIE's confidential material is low, while SIE will "gain some competitive advantage from limiting disclosure" of these documents. As with Qualcomm's documents, there is

no compelling public interest in embedding the inadvertently disclosed documents permanently in the court record as a result of this error.

Moreover, minimizing the effect of the parties' inadvertent disclosure would be entirely consistent with this District's establishment of a specific procedure to remove from public access documents containing confidential information that were mistakenly filed publicly.  *See* N.D. Cal., Correcting E-Filing Mistakes, Removing a Sensitive E-Filing Document (available at https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/support-and-troubleshooting/correcting-e-filing-mistakes/) (last visited May 14, 2021).  As in the *Apple v. Samsung* case, SIE's competitors and future counterparties are substantially more likely to discover this trade secret information if it is published in the permanent, official court records than from the brief disclosure that has already taken place without the knowledge or consent of SIE.

Accordingly, for the reasons set forth above and in the declaration of Don Sechler, SIE respectfully submits that compelling reasons justify sealing certain portions of these documents. *See* Original Motion at 3–6; Sechler Declaration ¶¶ 3–6, 8, 10, 12-16, 21; Exs. A–J (proposed redactions to documents).

DATED:  May 14, 2021                                    SHEARMAN & STERLING LLP

                                                                              By:    */s/ John F. Cove, Jr.*

                                                                              JOHN F. COVE, JR. (SBN 212213)
                                                                              MATTHEW BERKOWITZ (SBN 310426)

                                                                              SHEARMAN & STERLING LLP
                                                                              535 Mission Street, 25th Floor
                                                                              San Francisco, CA  94105-2997
                                                                              Telephone:  415.616.1100
                                                                              Facsimile:   415.616.1199

                                                                              *Attorneys for Non-Party Sony Interactive Entertainment LLC*