David P Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7076
Facsimile: 415.344.7050

Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile: 206-359-9000

Attorneys for Non-Party
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-Defendant<br><br>v.<br><br>APPLE, INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR<br><br>**DECLARATION OF DAVID P. CHIAPPETTA IN RESPONSE TO APPLE, INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO FILE UNDER SEAL (ECF NO. 659)** |

Pursuant to Civil Local Rule 79-5, I declare as follows:

1. I am a partner at the law firm Perkins Coie LLP and counsel to Microsoft Corporation ("Microsoft"), which is not a party to the above-captioned case. I am a member in good standing of the State Bar of California. The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could and would testify to those facts.

2. I submit this declaration in response to Defendant Apple's Administrative Motion to Partially Seal Portions of the Parties' Trial Exhibits and Live Trial Testimony Related Thereto (ECF No. 659).

6. Although there is a presumption of public access to judicial records, that right is not absolute, and a court may seal documents offered in evidence at a trial upon showing compelling reasons to keep certain information confidential. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 330 F.3d 1122, 1135 (9th Cir. 2003); *see also* Civil L.R. 79-5(b). A compelling reason to seal judicial records exists when those records might "become a vehicle for improper purposes," such as use of the records to release trade secrets or confidential business information that might harm a litigant's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a [third-party's] competitive standing." (citations omitted)).

7. Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy the compelling reasons standard. *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020) (citation and quotations omitted). As do sales data documents that reveal a company's "sales growth and decline." *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, *2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.). Further, there is also a compelling reason to file an exhibit under seal where that exhibit divulges confidential business information unrelated to the public's understanding of the judicial proceeding in which the exhibit is presented. *Chipotle Mexican Grill*, 2020 WL 1171112, at *2. Microsoft has narrowly tailored its sealing requests, and the portions of the trial exhibits that Microsoft seeks to keep under seal are tangential to this litigation.

8. Microsoft seeks to seal the following evidentiary materials that Apple has submitted to the Court:

| Document or Portion of Document to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|
| Specific financial figures in DX-4760 derived from non-public confidential financial data which the court has already sealed. | Declaration of Stephanie Louie dated April 29, 2021 (ECF No. 551-15) ("Louie Decl.") ¶¶ 1-8. |

9. DX-4760 is a chart submitted as part of Dr. Hitt's Rebuttal Expert Report that is includes revenue figures and reflects non-public financial data that are derived from a document that contains Microsoft's confidential information, which the court has already sealed. The Court has granted in its Pretrial Order No. 9 Re: Additional Third Party Administrative Motions to Seal (ECF No. 564) Microsoft's administrative motion to seal portions of the document designated DX-3918 (*see* ECF No. 551) because that document reflects highly sensitive year-over-year sales and revenue data about Minecraft by platform and purchase type. Louie Decl. ¶¶ 6-7. Such information is not publicly disclosed and shared with a select group of individuals at Microsoft on a need-to-know basis. *Id.* ¶ 5. The figures derived from that data in DX-4760 reflect the same information in sealed portions of DX-3918. If the information reflected at DX-4760 were disclosed, it could be used by Microsoft's competitors and external partners to disadvantage Minecraft in licensing, platform leverage, and partner negotiations. *Id.* ¶ 8.

12. For the foregoing reasons, Microsoft respectfully requests that the Court seal portions of DX-4760.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of May 2021 in Fresno, California.

/s/ David Chiappetta
David Chiappetta