SHARON D. MAYO (Bar No. 150469)
Sharon.Mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

Attorneys for Third-Party
VISA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-Defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **DECLARATION OF RYAN TAKEMOTO ON BEHALF OF THIRD PARTY VISA INC. IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF TRIAL EXHIBITS** |

I, RYAN TAKEMOTO, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and am a member of the Bar of this Court. I am employed at Visa Inc. ("Visa") as Vice President and Associate General Counsel, Global Litigation and Competition. Visa Inc. is not a party to this action. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently to those facts. I submit this declaration, on behalf of Visa, in support of Defendant Apple Inc.'s Motion to Partially Seal Portions of Trial Exhibits and Live Trial Testimony Related Thereto, and specifically with respect to trial exhibit DX-3122.

2. I have worked as a lawyer with Visa for more than 11 years. My responsibilities during that time have included advising Visa regarding competition and antitrust issues, pricing policies, contracts with financial institutions and merchants, as well as overseeing the defense of Visa in antitrust and other complex commercial litigation. In that role, I have become knowledgeable about Visa's business practices and have specific knowledge about Visa's strategies and financial information such as pricing policies. I am also knowledgeable about Visa's relationships with both financial institutions and merchants. I have a deep understanding of the types of information that Visa and its customers consider to be highly confidential and competitively sensitive, and the steps that Visa takes to protect the confidentiality of that information.

3. Visa is a public company that operates a payment card network. Visa's customers include financial institutions that compete with one another to issue Visa- and/or Interlink-branded cards to consumers (acting as "issuers") and/or to acquire transactions from merchants – like Apple – that accept such cards (acting as "acquirers"). Visa competes vigorously with other payment systems at the network level both for card issuance and for acceptance of the Visa and Interlink brands. As part of this competition, Visa sometimes has relationships directly with merchants. Visa's competitors include payment network systems such as Mastercard, American Express, Discover, JCB, Star, NYCE, and Pulse, as well as other payment forms.

4. I am informed that a trial exhibit used in this action – DX-3122 – is a workbook with three spreadsheets that "reflect[] non-public financial information about payment processing

1  fees, implicating non-public rates charged by third-party payment processors." More specifically,
2  counsel for Apple has indicated that this exhibit contains information about "amounts of fees paid
3  by Apple to Visa for services relating to payment processing."
4      5.    To the extent exhibit DX-3122 reveals or reflects pricing or similar financial
5  information relating the relationship between Visa and Apple or Visa's financial institution
6  customers, Visa considers that information to be highly confidential and competitively sensitive.
7      6.    Public disclosure of this information could harm the relationships between Visa and
8  Apple, between Visa and other merchants that accept Visa- or Interlink-branded cards, and the
9  relationships between Visa and financial institutions that issue Visa- or Interlink-branded cards.
10     7.    In addition to harming the relationships between Visa and its financial institution
11 customers and merchants, public disclosure of such confidential information would also give
12 Visa's competitors a significant and unfair advantage in their own business relationships with
13 financial institutions and merchants.
14     I declare under penalty of perjury that the foregoing is true and correct and that this
15 declaration was signed in San Francisco, California on May 15, 2021.

Ryan Takemoto