David P Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
Telephone:  415.344.7076
Facsimile:  415.344.7050

Judith B. Jennison, Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Non-Party
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant,<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**MICROSOFT'S OPPOSITION TO APPLE'S MOTION FOR AN "ADVERSE CREDIBILITY FINDING"**<br><br>Hearing Date: June 15, 2021<br><br>Hearing Time: 2:00 p.m. |

## I.  INTRODUCTION

Apple asks this Court to erase Lori Wright's highly relevant testimony on the ground that Microsoft "withheld" important documents.  But Apple never requested the documents it now claims were essential to its defense.  Nor did Apple claim that Microsoft's response to its subpoena was insufficient, nor move to compel anything from Microsoft.  Apple and its multiple law firms are no strangers to litigation and the discovery process.  If Apple believed it was entitled to specific documents from Microsoft or a Microsoft witness, it knew when and how to request, negotiate and,

if warranted, compel the production of such documents. It was not Microsoft's job as a non-party to divine what Apple might want for trial. If Apple has gaps in its case, that is on Apple.

Microsoft was subpoenaed by both parties and engaged with each of them in good faith. Microsoft invested significant effort to understand, scope, and produce the documents each party requested. Apple and Microsoft negotiated the scope of Apple's subpoena, Microsoft produced the agreed-upon documents, and Apple accepted the production without complaint, reflecting a typical third-party discovery process. Apple seeks an extraordinary remedy in an entirely ordinary situation.

Apple incredibly implies Ms. Wright herself had some duty to produce documents in her individual capacity. But Apple never subpoenaed documents from her despite knowing Ms. Wright had relevant knowledge from Apple's own extensive discussions with her about Microsoft's xCloud product on iOS. Apple also did not ask Microsoft to specifically search Ms. Wright's files as part of Microsoft's response to Apple's subpoena. But Microsoft did, in fact, search Ms. Wright's files and it produced certain documents that were not already in Apple's possession, as Ms. Wright testified.

Microsoft has complied fully with its legal obligations. Ms. Wright, a Microsoft executive testifying involuntarily in her individual capacity, had no duty to collect documents for Apple. She was forthright, thoughtful, and consistent in her deposition and trial testimony. That Apple does not like Ms. Wright's testimony is clear. That Apple has no basis to challenge the substance of her testimony is equally clear. Apple's attempt to challenge her credibility and integrity is pure gamesmanship and should be denied.

## II.   FACTS

### A.   Microsoft Engaged In Discovery In Good Faith

On November 6, 2020, Apple served Microsoft with a third-party subpoena that contained 52 requests—and an *additional* 114 subparts. Kressin Decl., Exhibit A.[1] Not only was the volume of requests unreasonable, so too was the substance of those requests—for example, extending to

---

[1] Declaration of Brandon Kressin in Support of Microsoft's Opposition to Apple's Motion For An "Adverse Credibility Finding" submitted with this Opposition.

*every application* Microsoft has sold on *any platform* since 2008 (including Outlook, Word, Excel, and PowerPoint.)  *See* Ex. A, Requests Nos. 1-3 and *generally* Kressin Decl. ¶¶ 5-6.

Microsoft timely served its objections on November 20, 2020, and then negotiated with Apple in good faith, seeking a more reasonable and targeted scope of discovery.  *Id.* ¶ 3.  In all, Microsoft met and conferred with Apple on at least 8 separate occasions. *Id.* ¶¶ 4-15.  Each time Microsoft made clear it would work in good faith with Apple. *Id.* ¶ 4.  Apple never questioned or challenged Microsoft's efforts during these discussions. *Id.*

Apple identified certain priority requests and Microsoft focused its collection efforts there. *Id.*  Microsoft proposed to Apple that it would not undertake any custodial searches beyond Apple's sole custodial search request of Kevin Gammill.  *Id.* ¶ 28.  Microsoft's internal technical team did, on its own initiative, search electronically stored information held by Ms. Wright for specifically targeted materials subject to the subpoenas.  *Id.* ¶¶ 17 & 29. (As an aside, Apple's antiquated suggestion that Ms. Wright should have somehow manually searched and produced records from her own electronic files would be quaint and humorous in this modern era of eDiscovery, if were not so disingenuous.  Apple, and its lawyers, know that document collection and production by those methods became obsolete long ago.)  In any event, Apple did not object nor ever request any additional custodial searches prior to the close of discovery.  *Id.* ¶ 28.  Importantly, none of Apple's supposed "priority" requests covered the materials Apple now claims it needed.  *Id.* ¶ 29.

Microsoft produced to Apple a total of 8,099 pages of documents, including data responsive to Apple's "priority" requests (Requests Nos. 1-4), written responses to requests Apple agreed could be answered by interrogatory, and documents responsive to 20 other requests.  *Id.* ¶ 18. Following this production, and through the close of discovery, Apple did not complain nor make any efforts to seek additional information from Microsoft.  *Id.* ¶ 21.

Microsoft did not give Epic access to *any* documents other than those produced in response to the parties' respective subpoenas.  *Id.* ¶ 31. When it comes to information from Microsoft, Apple had everything Epic had.

### B. Apple Did Not Request Additional Documents Until *After* Discovery Was Closed

In March 2021, over a month after the close of discovery, Apple suddenly demanded a further production of documents from Microsoft, claiming it was entitled to renew its request since Epic had now identified Ms. Wright as a trial witness. *Id.* ¶ 21. That Epic designated Ms. Wright as a potential trial witness could not have come as a surprise. Apple has had extensive business dealings with Ms. Wright regarding the subjects of her testimony. *Id.* ¶ 32. In fact, Apple collected and produced to Epic some of its own emails with Ms. Wright. Despite knowing Ms. Wright's relevance even before discovery started, Apple never made any specific requests from Microsoft pertaining to Ms. Wright either in its subpoena or during the subsequent negotiations, nor did it identify her as a custodian of interest during its numerous meet-and-confer sessions with Microsoft. *Id.* Instead, Apple allowed fact discovery and the additional period for compelling production to lapse. When Apple then came with its belated requests for more documents from Microsoft, Microsoft objected. Apple then demanded that the parties submit their dispute to Magistrate Judge Hixson for resolution. *Id.* ¶ 21.

In the meantime, Apple filed a similar motion against Facebook Inc. which—like Microsoft—had refused to produce additional documents in response to belated demands from Apple. Dkt. No. 395. Judge Hixson denied Apple's motion against Facebook, rejecting the same argument that Apple intended to raise in its threatened motion to compel against Microsoft:

> The only rationale offered by Apple for obtaining these documents is Epic's recent designation of Sharma as a trial witness, and Apple is clear that it seeks these documents to cross-examine him during the Epic trial. This matters because fact discovery closed in the Epic case on February 15, 2021 (see ECF No. 116), which means the last day to move to compel on fact discovery was February 22, 2021. See Civil Local Rule 37-3. Accordingly, this motion is time-barred.

(Dkt. No. 399 at 2.)

Seeing the writing on the wall, Apple did not file its threatened motion to compel against Microsoft. Apple changed course and instead sought sanctions against Epic. Dkt. No. 419. That effort also failed. Order Denying Defendant Apple Inc.'s Motion For PreTrial Sanction, Dkt. No.

-3-

437. Now Apple has fallen back to "Plan C," asking the Court to fix the failings of its discovery incompetence by requesting the remarkable remedy of an adverse credibility finding against a wholly credible trial witness.

### III.   ARGUMENT

#### A.   Apple Is Not Entitled To Documents It Did Not Request Or Timely Seek To Compel

Apple is not entitled to documents it did not request. Its motion should be denied. The affirmative duty to disclose documents applies only to parties to the action. *See* Fed. R. Civ. P. 26(a)(1). As a non-party, Microsoft's sole obligation in response to Apple's overbroad subpoena was to meet and confer in good faith, and then produce the agreed-upon documents. Microsoft did exactly that. During the meet-and-confer process Apple did not request Xbox P&L statements, custodial searches of Ms. Wright's email and documents, notes taken by Ms. Wright's team about interactions with Apple regarding xCloud, documents about Xbox cloud gaming, or hypothetical communications in Ms. Wright's files relating to Epic.[2] Kressin Decl. ¶ 29. Apple knows full well there was nothing improper about Microsoft's refusal to produce documents that Apple did not timely request. Judge Hixson made that abundantly clear in the ruling on the same issue related to Facebook. Dkt. 399.

Apple failed to compel production before the discovery deadline passed. Kressin Decl. ¶ 22-23. It knew then, as it knows now, that its belated requests after the close of discovery were time-barred. To the extent there was any doubt, Judge Hixson removed it. And that is why Apple never brought its threatened motion to compel more documents from Microsoft. Yet Apple's purported justification for its current motion is the same: Microsoft's alleged failure to produce the same documents that Apple chose *not* to pursue during negotiations and chose *not* to move to compel. The record refutes Apple's suggestion that Microsoft and Ms. Wright were anything other than forthright. Apple is the one playing games here.

---

[2] Many of the documents about which Apple complains—for example the Xbox P&L—were not even included in Apple's objectionably overbroad subpoena. *See generally* Kressin Decl. ¶ 29.

**B.      Apple Already Possessed The Key Documents And Simply Chose Not To Use Them; The Remainder Were Immaterial**

Even if Apple had properly obtained the documents it claims were withheld, the documents would have changed nothing. Many are already in Apple's possession. Those that are not are immaterial to Ms. Wright's cross examination.

Apple argues that Microsoft did not produce documents relating to Ms. Wright's interactions with Apple, including internal emails regarding Microsoft's xCloud product and internal notes taken at one meeting between Microsoft and Apple. Motion at 3:16-17. Obviously, any communications between Ms. Wright and Apple are already in Apple's possession. Apple even produced some of these communications to Epic. As to the internal notes, Ms. Wright testified at trial that these were merely "a recap of the discussion that everyone in that conversation [including Apple] was privy to" and "did not contain any other commentary." Kressin Decl. Ex. C, Trial Tr. at 607:7-15. She further testified "it is very likely" these internal notes were shared with Apple contemporaneously. *Id.* Most importantly, her testimony about this meeting has not in any way been challenged by any of the parties in this action. If Apple had a basis on which to challenge the testimony, Apple could have done so with or without these documents. Apple was *at* the meeting.

Apple asserts that Ms. Wright "perhaps" had communications in her files relating to Epic that were not produced to Apple. Dkt. 602 at 3:21-23. However, Ms. Wright testified at her deposition that if she did happen to have such documents, it was merely because she would have received them as a result of her position at the company:

> Q.  Okay. Now, do you -- do you have -- maybe -- maybe you've answered this, but do you have any communications in your files relating to Epic?
>
> A.  That's broad. I don't -- maybe.
>
> Q.  And -- and why would you -- why would you have any communications in your files relating to Epic?
>
> MR. CHIAPPETTA: Calls for speculation.

-5-

> THE DEPONENT: I'm in the gaming organization. I'm a member of the gaming leadership team. Emails get sent. I don't know. Perhaps there's emails there. I don't know.

Kressin Decl. Ex. B, Wright Dep. at 261:13-25. Ms. Wright then emphasized at trial that, even if such correspondence existed, it did *not* represent communications between her and Epic:

> Q. Okay. And you also said you might have -- you also have files potentially regarding communications you have had with Epic; right?
>
> A. I have not had communications with Epic. Personally it's not part of my job responsibility.
>
> Q. The question was whether you have any documents, not necessarily communications from you, but communications with Epic from anybody at Microsoft?
>
> A. I don't know that to be true.
>
> Q. Okay. But you didn't look for those?
>
> A. I did not.

Ex. C, Trial Tr. at 598:22-599:7. It is hard to imagine how such documents would even be relevant, let alone grounds to attack her credibility, and there is no reason to believe that any such hypothetical documents—even if they existed—have anything to do with the topics at issue in this case.

Apple then resorts to misleading claims that Ms. Wright prepared for her deposition by reviewing documents that were not produced or available to Apple. Dkt. 602 at 3:10-25. But again, Ms. Wright made clear at her deposition that the *only* documents she reviewed in preparation for her deposition were her correspondence directly with Apple, which Apple already has in its possession:

> Q: Okay. And some of them you reviewed in connection with this deposition, correct?
>
> A. I reviewed my own emails on the topic, yes, that Apple also has, because all of them were sent to Apple.

Ex. B, Wright Dep. at 64:8-12. Likewise, while Apple repeatedly complains about the fact that Ms. Wright unsurprisingly has an Xbox P&L statement in her files, Ms. Wright never testified that

-6-

1  she reviewed this statement in preparation for her deposition or trial testimony, nor was there any
2  testimony that this P&L was anything other than one of the many documents she receives in the
3  ordinary course of business.  Further, Apple did *not* ask for this document in its subpoena or during
4  the protracted meet and confer process.  Finally, Apple claims it needed the P&L document to
5  substantiate whether Microsoft loses money on the sales of the Xbox hardware consoles.  But
6  Microsoft produced another document evidencing this, and Apple in fact designated the document
7  as potential trial exhibit DX 5523.  Ms. Wright was even questioned about that exhibit during her
8  testimony.  Ex. C, Trial Tr. at 559:12-564:23.

        **C.**    **Ms. Wright Was Under No Obligation To Search Her Files And Apple's Line of Questioning Was An Unnecessary Side Show**

A primary thrust of Apple's motion is that Ms. Wright was not asked to search her files for documents in connection with this litigation, and that she did not provide any documents to Microsoft's lawyers.  This is perhaps the most disingenuous claim in the motion.  Microsoft, not Ms. Wright, was subject to Apple's document subpoena.  As Apple is well aware, modern-day document collection by large corporations no longer involves asking employees to search through their email document archives with the hope of coming across some responsive documents.  Rather, these tasks are now handled behind-the-scenes by technical staff who have access to each employee's email and files, together with the tools that enable them to identify and produce responsive emails and documents.  At trial, Ms. Wright not only testified that Microsoft has these tools, but that they were used to access her files and produce documents in this case, as she was shown a document *from her files* even though she did not herself provide them to her lawyers:

> Q. Is it possible that someone may have searched your files at Microsoft without knowing it?
>
> A. Sure.
>
> Q. Your IT department has access to your emails?
>
> A. All of them, yes.
>
> Q. Your IT department has access to the PowerPoints that you serve on your share drive?
>
> A. Yes.

> Q. Do you know whether those documents were searched for and produced?
>
> A. Yes, I do.
>
> Q. Were they?
>
> A. Yes. My understanding is that there were documents searched for because they were shown to me, and I did not give them to anyone.

Ex. C, Trial Tr. at 654:10-24. In short, Microsoft searched Ms. Wright's documents in connection with Microsoft's productions to both Apple and Epic. Ms. Wright had no duty to do this search personally. Ms. Wright acted properly and with integrity in all requests and demands made of her. Apple's suggestion to the contrary is plainly unfounded.

## IV. CONCLUSION

Microsoft fully complied with its discovery obligations and there is nothing unusual about how Microsoft responded to Apple's subpoena. Consistent with widely accepted practices, including Microsoft's and parties opposite it in discovery, Microsoft objected to the overbroad requests, met and conferred to narrow the scope, collected materials in accord with the parties' negotiated agreement through back-end IT procedures, and timely produced materials to Apple.

The only atypical aspect about this process was the timing of Apple's disingenuous accusations directed towards Ms. Wright. Apple could have obtained additional documents before the close of discovery but did not, and even if it had, there is no reason to believe any such documents would have undermined Ms. Wright's credibility. None of Apple's arguments are based in fact and there is absolutely no basis on which this Court should discredit Ms. Wright or her testimony. Apple's motion should be denied.

DATED: May 17, 2021

s/*David Chiappetta*
David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com

Attorneys for Non-Party
Microsoft Corporation