| | |
|---|---|
| 1 | David P Chiappetta, Bar No. 172099 |
| 2 | DChiappetta@perkinscoie.com<br>PERKINS COIE LLP |
| 3 | 505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3204 |
| 4 | Telephone: 415.344.7076<br>Facsimile: 415.344.7050 |
| 5 | |
| 6 | Judith B. Jennison, Bar No. 165929<br>JJennison@perkinscoie.com |
| 7 | PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900 |
| 8 | Seattle, WA 98101<br>Telephone: 206-359-8000 |
| 9 | Facsimile: 206-359-9000 |
| 10 | |
| 11 | Attorneys for Non-Party<br>MICROSOFT CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-CV-05640-YGR |
| Plaintiff, Counter-Defendant | **DECLARATION OF DAVID P. CHIAPPETTA IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 650)** |
| v. | |
| APPLE, INC., | |
| Defendant, Counterclaimant. | |

-1-

Pursuant to Civil Local Rule 79-5, I declare as follows:

1. I am a partner at the law firm Perkins Coie LLP and counsel to Microsoft Corporation ("Microsoft"), which is not a party to the above-captioned case. I am a member in good standing of the State Bar of California. The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could and would testify to those facts.

2. I submit this declaration in response to Epic Games, Inc.'s Administrative Motion to File Under Seal Supporting Exhibits to J. Wesley Earnhardt's Declaration in Support of Opposition to Apple Inc.'s Motion for an Adverse Credibility Finding (ECF No. 650).

3. Attached hereto as Exhibit 1 is a true and correct copy of a declaration by Cynthia Williams, VP Ecosystem Commercial, Gaming at Microsoft.

4. Attached hereto as Exhibit 2 is a true and correct copy of a declaration by Herbert Holzer, Director of Software & Apps for Microsoft Digital Store at Microsoft.

5. Attached hereto as Exhibit 3 is a true and correct copy of a declaration by Adam Fossa, Senior Director of Digital Category Management at Microsoft.

6. Although there is a presumption of public access to judicial records, that right is not absolute, and a court may seal documents offered in evidence at a trial upon showing compelling reasons to keep certain information confidential. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 330 F.3d 1122, 1135 (9th Cir. 2003); *see also* Civil L.R. 79-5(b). A compelling reason to seal judicial records exists when those records might "become a vehicle for improper purposes," such as use of the records to release trade secrets or confidential business information that might harm a litigant's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a [third-party's] competitive standing." (citations omitted)).

7. Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy the compelling reasons standard. *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020) (citation and quotations omitted). Documents that reveal a company's "sales growth and decline," such as financial data, also meet the

compelling reasons standard. *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, *2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.). Moreover, there is also a compelling reason to file an exhibit under seal where that exhibit divulges confidential business information unrelated to the public's understanding of the judicial proceeding in which the exhibit is presented. *Chipotle Mexican Grill*, 2020 WL 1171112, at *2. An example of such non-relevant information includes the identities of third parties to negotiations not at issue in the litigation or the specific matter before the court. *Huawei Techs, Co. v. Samsung Elecs. Co*, 340 F. Supp. 3d 934, 1004 (N.D. Cal. Sept. 25, 2018) (using compelling reasons standard and granting motion to seal references to identifies of third-parties to non-public negotiations); *Music Group Macao Comm. Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015 WL 3993147, *7 (N.D. Cal. June 30, 2015) (using compelling reasons standard and granting motion to seal identities of third parties and the terms of their agreements because the information was not even "tangentially relevant" to the court's summary judgment order). Microsoft has narrowly tailored its sealing requests, and the portions of the documents that Microsoft seeks to keep under seal are tangential to this litigation generally and the motion for which the documents were submitted in support of.

8. Microsoft seeks to seal the following evidentiary materials that Epic Games, Inc. ("Epic") has submitted to the Court:

| Document or Portion of Document to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|
| Deposition of Lori Wright (dated April 16, 2021) at 139:21 and 199:6-12, 199:24, 200:1-25, attached as Exhibit B to the Declaration of J. Wesley Earnhardt ("Wesley Decl.") (ECF Nos. 650-2 & 650-5) | Declaration of Christina Williams dated May 14, 2021 ("Williams Decl.") ¶¶ 3-5. |
| Document bearing the Bates number MSFT_EPIC_00008040, attached as Sealed Exhibit H to the Wesley Decl. (ECF No. 650-3) | Declaration of Adam Fossa ("Fossa Decl.") dated May 14, 2021 ¶¶ 3-5. |
| Document bearing the Bates number MSFT_EPIC_00008041, attached as Sealed Exhibit I to the Wesley Decl. (*see* ECF No. 650-4) | Declaration of Herbert Holzer dated May 13, 2021 ("Holzer Decl.") ¶¶ 3-5. |

9. In support of Epic's Opposition to Apple Inc.'s Motion for an Adverse Credibility Finding (ECF No. 648), Epic cited, among other things, the deposition testimony of Lori Wright containing Microsoft's confidential information and two confidential Microsoft documents produced in the course of the litigation. As indicated in the chart above, Epic filed redacted and/or sealed versions of the same with the Court.

10. The deposition of Lori Wright contains Microsoft's confidential information that reflects Xbox's pricing strategy, future business strategies, and third-party negotiations which contribute to Xbox's content competition and product differentiation. Williams Decl. ¶¶ 4-5. Such information is not publicly disclosed and shared with a select group of individuals at Microsoft on a need-to-know basis. *Id.* If such information were publicly disclosed, Microsoft would be at a disadvantage in negotiations with developers, its competitors could use the information to undercut Microsoft's position in the gaming industry, and third-party negotiations could be disrupted or end. *Id.* None of the deposition testimony Microsoft seeks to remain under seal is relevant to the Court's resolution of Apple's Motion for an Adverse Credibility Finding (ECF No. 602). *Chipotle Mexican Grill, Inc.*, 2020 WL 1171112, at *2; *Samsung Elecs. Co*, 340 F. Supp. 3d at 1004.

11. The document bearing the Bates stamp MSFT_EPIC_00008040 contains Microsoft's confidential information that reflects financial data for Window Store, including costs by line item. Holzer Decl. ¶ 5. Such information is not publicly disclosed and is shared with a select group of individuals at Microsoft on a need-to-know basis. *Id.* ¶ 4. If such information were publicly disclosed, Microsoft would be placed at a competitive disadvantage with its developers and competitors. *Id.* ¶ 5. Developers could use the information to Microsoft's detriment in negotiations and competitors could undercut Microsoft's strategic position in the app industry. *Id.*

12. Likewise, the document bearing the Bates stamp MSFT_EPIC_00008041 contains Microsoft's confidential information that reflects financial data for the Microsoft Store on Xbox, including costs related to third-party gaming transactions and internal financial system details. Fossa Decl. ¶ 5. Such information is not publicly disclosed and is shared with a select group of individuals at Microsoft on a need-to-know basis. *Id.* ¶ 4. If such information were publicly

disclosed, Microsoft would be placed at a competitive disadvantage who could use such information to undercut Microsoft's strategic position in the gaming industry. *Id.*

12. For the foregoing reasons, Microsoft respectfully requests that the Court seal portions of the deposition of Lori Wright and the documents bearing the Bates stamps MSFT_EPIC_00008040 and MSFT_EPIC_00008041.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of May 2021 in Fresno, California.

/s/ David P. Chiappetta
David P. Chiappetta