UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-Defendant<br><br>v.<br><br>APPLE, INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR<br><br>DECLARATION OF STEVEN SINGER IN SUPPORT OF EPIC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EXHIBIT B TO EPIC'S OPPOSITION TO APPLE'S MOTION FOR AN ADVERSE CREDIBILITY FINDING |

I, Steven Singer, declare as follows:

      1.     I am currently Senior Vice President Publisher & Developer Relations at Nintendo of America Inc. ("NOA"). NOA is one of many subsidiaries of Nintendo Co., Ltd. ("NCL"), a corporation based in Japan. Although NCL and each of its subsidiaries (including NOA) are separate companies, for purposes of this declaration I will refer to NCL and its subsidiaries together as "Nintendo." The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could and would testify to those facts.

      2.     In my current role at NOA, I am responsible for managing the relations between Nintendo and its numerous content developers throughout the United States and Latin America. I have been employed with NOA since April 1999. I joined as Vice President – Latin America and was responsible for overseeing operations in the Latin America region. I also provided support for Nintendo's operations in Southeast Asia, India, and the Middle East. In January 2007, I became Vice President – Licensing. In that role, I was responsible for licensing activities relating to Nintendo's brand and accessories. Based on my work experience, I am familiar with Nintendo's business and strategies. Nintendo keeps business strategy information confidential to protect itself from potential competitive harm.

3. I understand that Epic has submitted to the Court in the above-captioned legal case excerpts of the deposition of Lori Wright as Exhibit B to its Opposition to Apple's Motion for an Adverse Credibility Finding (Dkt. 650-2; Dkt. 650-5). I also understand Epic filed a motion to seal Exhibit B that requests sealing of 199:6-12, 199:24, and 200:1-25 (Dkt. 650; Dkt. 650-5). I make this declaration in support of Epic's motion to seal. I have reviewed Exhibit B 199:6-12, 199:24, and 200:1-25. That testimony refers to non-public information relating to Nintendo that is sensitive and highly confidential. The information would potentially cause competitive harm to Nintendo if publicly released.

4. Exhibit B 199:6-12, 199:24 (the portion after "to the"), 200:1 (the portion after "platform, and"), and 200:2-25, which Epic redacted from the public version of Exhibit B (Dkt. 650-5), reflect highly confidential and competitively sensitive information about negotiations between Nintendo and Microsoft. That information is not available to the public. It is also competitively sensitive and could result in harm to Nintendo if made public. A competitor could use the information to better understand Nintendo's business strategies and formulate a response intended to undermine those strategies. That would harm Nintendo's business and provide a competitor with a benefit that it would not have if the information remained non-public.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of May 2021 in Redmond, Washington.

_____
Steven Singer