BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs*

STEVE W. BERMAN (*pro hac vice*)
ROBERT F. LOPEZ (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

*Interim Class Counsel for the Developer Plaintiffs*

PAUL R. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravarth.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Epic Games, Inc.*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM GLU MOBILE INC.**<br><br>Hon. Yvonne Gonzalez Rogers<br>Hon. Thomas S. Hixson |

[caption continued on next page]

- 1 -

| | | |
|---|---|---|
| DONALD R. CAMERON, et al., | ) | Case No. 4:19-cv-03074-YGR |
| Plaintiffs, | ) | |
| v. | ) | |
| APPLE INC., | ) | |
| Defendant. | ) | |
| EPIC GAMES, INC., et al., | ) | Case No. 4:20-cv-05640-YGR |
| Plaintiff, Counter-defendant, | ) | |
| v. | ) | |
| APPLE INC., | ) | |
| Defendant, Counterclaimant. | ) | |

- 2 -

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GLU MOBILE INC.
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-03074-YGR, 4:20-cv-05640-YGR

1   WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* and *Cameron v. Apple Inc.* agreed to a Stipulated Protective Order on January 6, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 195; Case No. 4:19-cv-03074-YGR, Dkt. No. 81);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 199; Case No. 4:19-cv-03074-YGR, Dkt. No. 85) (the "Protective Order");

WHEREAS, parties *to Epic Games, Inc. v. Apple Inc*. agreed that the terms of the Stipulated Protective Order in *Cameron v. Apple Inc.* and *In re Apple iPhone Antitrust Litigation* should also apply in *Epic Games, Inc. v. Apple Inc.* (Case No. 4:20-cv-05640, Dkt. No. 110) (collectively, the "Litigations"), and the Court entered a stipulated protective order in *Epic Games, Inc. v. Apple Inc.* on October 2, 2020 with identical terms (Case No. 4:20-cv-05640, Dkt. No. 112);

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the Litigations have served subpoenas on Glu Mobile Inc. ("Glu Mobile")[1];

WHEREAS Glu Mobile is willing to produce competitively sensitive information in response to subpoenas served on it in these Litigations, subject to certain additional protections beyond those set forth in the Protective Order and that the Parties to the Litigations agree to;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Glu Mobile in connection with the Litigations shall be further subject to the following provisions (the "Supplemental Protective Order"):

**A.   GENERAL PROVISIONS**

1.   The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the

---

[1] The term "Glu Mobile" shall include any entity that responds to subpoenas served on Glu Mobile Inc. (including any successor or acquiror of Glu Mobile Inc.) in the Litigations.  References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Glu Mobile Inc. and its parents and subsidiaries.

- 1 -

event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Glu Mobile, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Protective Order.

**B.    ADDITIONAL DEFINITIONS**

1. <u>Business Consultant:</u>  a consultant advising on or involved in competitive decision-making.

2. <u>Party Expert:</u>  with respect to "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the Litigations who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Glu Mobile, or of any Glu Mobile competitor, or otherwise currently involved in competitive decision-making for a Party, Glu Mobile, or for any Glu Mobile competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Glu Mobile, or Glu Mobile's  competitor, or otherwise been involved in competitive decision-making for a Party, Glu Mobile, or Glu Mobile's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Glu Mobile, or of any Glu Mobile competitor, or to be otherwise involved in competitive decision-making for a Party or for any Glu Mobile competitor.  If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Glu Mobile or any Glu Mobile competitor, or otherwise involved in competitive decision-making for Glu Mobile or any Glu Mobile competitor, the Party learning such information shall promptly disclose the information to Glu Mobile.

3. <u>"GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items:</u>  extremely sensitive "Confidential Information or Items" produced

by Glu Mobile and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Glu Mobile's data protection practices and security protocols; evaluation of the strengths and vulnerabilities of Glu Mobile's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Glu Mobile or competitors to Glu Mobile; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Glu Mobile's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

## C. ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF GLU MOBILE PROTECTED MATERIALS

1. <u>Manner of Designating "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items.</u>  Designation in conformity with this Supplemental Protective Order requires:

    a. <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Glu Mobile affix the legend "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Glu Mobile seeks protection under this Supplemental Protective Order.  If only a portion or portions of the material on a page qualifies for protection, Glu Mobile also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Glu Mobile makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it

would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, Glu Mobile must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order.  Then, before producing the specified documents, Glu Mobile must affix the appropriate legend ("GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material.  If only a portion or portions of the material on a page qualifies for protection, Glu Mobile also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b. <u>for testimony given in deposition or in other pretrial proceedings not involving the Court,</u> that Glu Mobile identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Glu Mobile may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order.  Alternatively, Glu Mobile may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "<u>GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>."  With respect to trial, Glu Mobile can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.

    Glu Mobile and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "<u>GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u> so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as

1  an exhibit at a deposition shall not in any way affect its designation as "GLU MOBILE HIGHLY
2  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

3  Transcripts containing "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE
4  COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that
5  the transcript contains such material, and the title page shall be followed by a list of all pages
6  (including line numbers as appropriate) that have been designated as "GLU MOBILE HIGHLY
7  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY".  Glu Mobile shall inform the Court
8  reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day
9  period for designation shall be treated during that period as if it had been designated "GLU MOBILE
10 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise
11 agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

12 c. for information produced in some form other than documentary and for any
13 other tangible items, that Glu Mobile affix in a prominent place on the exterior of the container or
14 containers in which the information or item is stored the legend "GLU MOBILE HIGHLY
15 CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  If only a portion or portions of the
16 information or item warrant protection, Glu Mobile, to the extent practicable, shall identify the
17 protected portion(s).

18 2. Disclosure of "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
19 EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing
20 by Glu Mobile, a Party may disclose any information or item designated "GLU MOBILE HIGHLY
21 CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

22 a. the Party's Outside Counsel of Record in this action, as well as employees of
23 said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for
24 these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is
25 attached to the Protective Order as Exhibit A;

26 b. Designated House Counsel of the Party, but only in the event that (i)
27 information designated "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
28 EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or

served in these Litigations; (ii) the Party discloses to Glu Mobile the relevant excerpts from the work product that include the information designated "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) Glu Mobile provides consent to the disclosure, which shall not unreasonably be withheld;

    c. Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d. the Court and its personnel;

    e. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

    f. the author or recipient of a document containing the information.

  3. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Glu Mobile, no Party seeking to introduce documents or information designated "GLU MOBILE HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  May 17, 2021          By:          */s/ John I. Karin*
                                           **CRAVATH, SWAINE & MOORE LLP**
                                           Christine Varney (*pro hac vice*)
                                           Katherine B. Forrest (*pro hac vice*)
                                           Gary A. Bornstein  (*pro hac vice*)
                                           J. Wesley Earnhardt (*pro hac vice*)
                                           Yonatan Even (*pro hac vice*)
                                           Lauren A. Moskowitz (*pro hac vice*)
                                           Vanessa A. Lavely (*pro hac vice*)
                                           M. Brent Byars  (*pro hac vice*)
                                           John I. Karin (*pro hac vice*)
                                           825 Eighth Avenue
                                           New York, New York 10019
                                           Telephone: (212) 474-1000
                                           Facsimile: (212) 474-3700
                                           cvarney@cravath.com
                                           kforrest@cravath.com
                                           gbornstein@cravath.com
                                           yeven@cravath.com
                                           lmoskowitz@cravath.com
                                           mbyars@cravath.com

                                           **FAEGRE DRINKER BIDDLE & REATH LLP**
                                           Paul J. Riehle (SBN 115199)

                                           *Attorneys for Plaintiff Epic Games, Inc.*

Dated:  May 17, 2021          By:          */s/ Nicole Castle*
                                           **MCDERMOTT WILL & EMERY LLP**
                                           Peter John Sacripanti (*pro hac vice*)
                                           John J. Calandra (*pro hac vice*)
                                           Nicole Castle (*pro hac vice*)
                                           340 Madison Avenue
                                           New York, NY 10173
                                           Telephone:  (212) 547-5400
                                           psacripanti@mwe.com
                                           jcalandra@mwe.com
                                           ncastle@mwe.com

                                           **MCDERMOTT WILL & EMERY LLP**
                                           Michelle Lowery (SBN 302882)
                                           2049 Century Park East, Suite 3200
                                           Los Angeles, CA 90067
                                           Telephone (310) 277-4110
                                           mslowery@mwe.com

                                           **MCDERMOTT WILL & EMERY LLP**
                                           Elizabeth Rodd (*pro hac vice*)
                                           200 Clarendon Street
                                           Boston, MA 02116

```
                                    Telephone:  (617) 535-4000
                                    erodd@mwe.com

                                    Attorneys for Defendant Apple Inc.

Dated:  May 17, 2021       By:          /s/ Brittany N. DeJong
                                    WOLF HALDENSTEIN ADLER
                                      FREEMAN & HERZ LLP
                                    BETSY C. MANIFOLD (182450)
                                    RACHELE R. BYRD (190634)
                                    BRITTANY N. DEJONG (258766)
                                    750 B Street, Suite 1820
                                    San Diego, CA 92101
                                    Telephone:  619/239-4599
                                    Facsimile:   619/234-4599

                                    WOLF HALDENSTEIN ADLER
                                      FREEMAN & HERZ LLP
                                    MARK C. RIFKIN (pro hac vice)
                                    MATTHEW M. GUINEY (pro hac vice)
                                    270 Madison Avenue
                                    New York, New York 10016
                                    Telephone:  212/545-4600
                                    Facsimile:   212/545-4677

                                    Consumer Plaintiffs' Interim Class Counsel

Dated:  May 17, 2021       By:           /s/ Robert F. Lopez
                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                    Steve W. Berman (pro hac vice)
                                    Robert F. Lopez (pro hac vice)
                                    1301 Second Ave., Suite 2000
                                    Seattle, WA 98101
                                    Telephone: (206) 623-7292
                                    Facsimile: (206) 623-0594
                                    steve@hbsslaw.com
                                    robl@hbsslaw.com

                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                    Shana E. Scarlett (SBN 217895)
                                    715 Hearst Avenue, Suite 202
                                    Berkeley, CA 94710
                                    Telephone: (510) 725-3000
                                    Facsimile: (510) 725-3001
                                    shanas@hbsslaw.com

                                    Developer Plaintiffs' Interim Class Counsel
```

- 8 -

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM GLU MOBILE INC.
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-03074-YGR, 4:20-cv-05640-YGR

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

**DECLARATION REGARDING CONCURRENCE**

I, Brittany N. DeJong, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated:  May 17, 2021                              /s/  *Brittany N. DeJong*
                                                                    BRITTANY N. DEJONG