1  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
2  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
3  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
4  J. WESLEY EARNHARDT (*pro hac vice*)
   wearnhardt@cravath.com
5  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
6  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
7  **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
8  New York, New York 10019
   Telephone:  (212) 474-1000
9  Facsimile:  (212) 474-3700

10 PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
11 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
12 San Francisco, California 94111
   Telephone:  (415) 591-7500
13 Facsimile:  (415) 591-7510

14 *Attorneys for Plaintiff and Counter-defendant*
   *Epic Games, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-CV-05640-YGR-TSH |
| *Plaintiff, Counter-defendant*, | **EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO APPLE INC.'S MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG** |
| v. | |
| APPLE INC., | |
| *Defendant, Counterclaimant*. | |
| | The Honorable Yvonne Gonzalez Rogers |

Plaintiff Epic Games, Inc. ("Epic") brings this administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Epic leave to file under seal portions of Plaintiff Epic Games, Inc.'s Opposition to Defendant Apple Inc.'s Motion to Strike Written and Oral Testimony of Dr. Michael I. Cragg.

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'" *Id.* at 1179 (citations omitted). Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. June 17, 2013). A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Sealing requests must also be "narrowly tailor[ed]." Civ. L.R. 79-5(b).

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party. This Administrative Motion concerns portions of the Opposition containing information that non-party Spotify USA Inc. ("Spotify") has designated as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under the supplemental protective order entered in the

above-captioned case (specifically, PX-1153, bearing Bates range SPOT-EPIC-00001023-1025, which is subject to a pending motion to seal by Spotify (*see* ECF No. 649)), and portions of the Opposition discussing trial testimony provided by Dr. Cragg during a closed session of Court on May 13, 2021 (Trial Tr. 2335:1-2346:15), during which Dr. Cragg referenced materials that Spotify also has designated as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" (specifically, PX-1153, bearing Bates range SPOT-EPIC-00001023-1025, which, as noted, is subject to a pending motion to seal by Spotify (*see* ECF No. 649), and the document bearing Bates range SPOT-EPIC-00001047-1066, which is also subject to a pending motion to seal by Spotify (*see* ECF No. 692)).

Accordingly, Epic is filing portions of its Opposition under seal. In light of the aforementioned motions to seal by non-party Spotify, Epic respectfully submits that sealing for this narrow purpose is appropriate.

Dated: May 17, 2021

CRAVATH, SWAINE & MOORE LLP

Christine Varney
Katherine B. Forrest
Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
M. Brent Byars

FAEGRE DRINKER BIDDLE & REATH LLP

Paul J. Riehle

Respectfully submitted,

By:  */s/ Yonatan Even*
     Yonatan Even

*Attorneys for Plaintiff Epic Games, Inc.*