PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
27th Floor San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant
Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant,<br>        v.<br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**EPIC GAMES, INC.'S OPPOSITION TO APPLE INC.'S MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG**<br><br>The Honorable Yvonne Gonzalez Rogers |

1    Apple Inc.'s ("Apple") Motion to Strike is an attempt to have the Court reconsider its
2    prior ruling, and to allow Apple to rely on Spotify USA Inc.'s ("Spotify") production
3    offensively while denying Epic Games, Inc. ("Epic") the opportunity to respond.  The facts,
4    which Apple's motion obscures, are that *both* Parties subpoenaed the Spotify data at issue and
5    then it was Apple, not Epic, that decided to have its experts rely on it; it was Apple, not Epic,
6    that prevented Spotify from testifying in this Action; and it was Apple, not Epic, that decided to
7    withhold, rather than produce, any Apple materials responsive to the Spotify ███████ at
8    issue (to the extent such materials exist).  Apple's attempt to strike Dr. Michael Cragg's
9    testimony is both procedurally improper and substantively flawed.  Apple has now stipulated
10   *twice* to the admissibility of that specific testimony, the Court has already rejected Apple's
11   attempt to strike related portions of Dr. Cragg's testimony (ECF No. 614 at 11), and the
12   testimony is substantively sound under Rule 703—as Dr. Cragg testified, ███ ███████
13   ████████████████████████████████████████████████████████████ (Cragg Trial
14   Tr. 2335:20-24.)  Apple's motion therefore should be denied.

15   *First*, Apple's Motion engages in revisionist history.  Apple argues that Spotify's JFTC
16   submissions are wholly irrelevant to this case, but Apple took a contrary position in discovery,
17   when it requested that Spotify produce these very documents.  In December 2020, Apple (as
18   well as Epic) served a document subpoena on Spotify, seeking documents relating to Spotify's
19   usage data *and its submissions to regulators concerning Apple's practices*.  (Stuckey Decl.
20   ¶¶ 3-4, Ex. A (Epic RFP Nos. 3 & 12), Ex. C (Apple RFP Nos. 3 & 33).)  In February 2021,
21   Spotify made a series of productions in response to the Parties' subpoenas.  (Stuckey Decl.
22   ¶¶ 9-10, 12.)  However, Spotify clawed back certain materials at the request of a foreign
23   regulator, including some of the underlying data supporting the JFTC submissions, but not the
24   JFTC submissions themselves.  (Stuckey Decl. ¶ 11.)

25   Apple also claims that Apple was denied an opportunity to test the accuracy of Spotify's
26   JFTC submissions because *Epic* did not subpoena a Spotify witness to testify about the Spotify
27   documents.  If Apple believed it needed to depose a Spotify witness, it was up to *Apple* to
28   subpoena one; Apple never even tried.  Epic, by contrast, *did* serve Spotify with a deposition

1  subpoena in January 2021.  (Stuckey Decl. ¶ 5, Ex. D.)  Spotify agreed to make a witness
2  available for deposition—a senior executive based in Sweden—but was unable to make that
3  witness available until February 19, 2021, just four days after the close of fact discovery.
4  (Stuckey Decl. ¶ 6.)  Epic sought Apple's agreement to conduct the deposition after the fact
5  discovery deadline had passed, *but Apple refused to accommodate the Spotify witness's*
6  *availability*.  (Stuckey Decl. ¶ 7, Ex. E.)  Epic also sought to secure a trial witness from Spotify,
7  but Spotify was unwilling to provide one.  (Stuckey Decl. ¶ 8.)  Apple made no such attempt.
8  Apple's supposed inability to cross-examine a Spotify witness about its JFTC submissions or
9  the underlying data from Spotify's ▮▮▮▮▮▮ is a result of Apple's own refusal to
10 accommodate the deposition availability of Spotify's witness.

11       *Second*, Apple repeats its complaint—already rejected by the Court—that Dr. Cragg
12 disclosed his opinions relying on the Spotify documents only in his written rebuttal testimony.
13 As Epic has previously explained (ECF No. 536 at 6-10), and as the Court previously found
14 (ECF No. 614 at 11), Dr. Cragg's response was well within the scope of permissible responses
15 to new analysis offered by Prof. Lorin Hitt for the first time in Prof. Hitt's own rebuttal report.
16 Specifically, Prof. Hitt did not offer *any* Spotify-related opinions in his opening report.  Instead,
17 in March 2021, when the Parties exchanged rebuttal reports, Prof. Hitt for the first time offered
18 a new analysis based on the Spotify data, claiming that data shows a lack of "friction".  Dr.
19 Cragg, in his rebuttal written direct, made two modest observations about the new Spotify
20 analysis offered by Prof. Hitt:  (i) that Prof. Hitt (again) misrepresented the data he relied on
21 (Ex. Expert 13 ¶¶ 69-70 (Cragg)); and (ii) that the Spotify ▮▮▮▮▮▮ directly contradicts Prof.
22 Hitt's opinions (*Id.* ¶ 71)).  On April 28, 2021, Apple objected to portions of the former
23 opinion, but *stipulated to* the admissibility of the opinion it now challenges.  (ECF No. 518 at
24 6-7; ECF No. 519 at 2.)  On May 9, 2021, the Court overruled Apple's objections as to *all* of
25 Dr. Cragg's responses concerning Spotify.  (ECF No. 614 at 11.)

26       Apple then *again* expressly waived its objection to Dr. Cragg's reliance on the Spotify
27 documents on May 12, 2021, as part of a *quid pro quo* between the Parties.  Specifically, the
28 Parties filed a stipulation and proposed order agreeing to the admission into evidence of certain

documents relied on by Dr. Cragg.  The stipulation stated the Parties' "understanding that Drs. Barnes, Cragg, Hitt, Lafontaine, and Rubinfeld may rely on information not admitted into the record, consistent with Rule 703, and that *the parties will not object to those experts' reliance on such unadmitted materials within the scope of Rule 703 except as otherwise expressly set forth herein*".  (ECF No. 641 at 2 (emphasis added).)  Apple was well aware that this stipulation relinquished any objection to Dr. Cragg's reliance on the Spotify documents mentioned in his written direct testimony, and Apple so stipulated because Epic withdrew similar objections as to Apple's witnesses in return.  By stipulating in the May 12, 2021 filing that it would not object to the Spotify documents on Rule 703 grounds, Apple *again* waived the very objection it now asserts.  Having lost a challenge to related testimony and stipulated *twice* to the specific testimony at issue, and having agreed to drop any objections as part of an agreement with Epic, Apple should not be allowed *another* bite at the apple.  Epic respectfully requests that the Court reject Apple's attempt to relitigate this issue.

*Third*, even if Apple's arguments were preserved (and they were not), they would fail under Rule 703.  "Rule 703 allows an expert witness to form an opinion based on facts or data either before or at the hearing", and "[t]he facts or data relied upon need not be otherwise admissible if they are 'of a type reasonably relied upon by experts in a particular field'".  *Scott v. Ross*, 140 F.3d 1275, 1286 (9th Cir. 1998); Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.").  Courts give experts "'great liberality' . . . in determining the basis of their opinions".  *K&N Eng'g, Inc. v. Spectre Performance*, 2011 WL 13131157, at *10 (C.D. Cal. May 12, 2011).  "The fact that [an expert's] opinions are based on data collected by others is immaterial; [FRE] 703 expressly allows such opinion testimony."  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1142 (9th Cir. 1997).  "[H]ow [the expert's] opinion should be weighed in light of his reliance on [such] data can be explored through cross-examination."  *BladeRoom Grp. Ltd. v. Facebook, Inc.*, 2018 WL 1611835, at *3 (N.D. Cal. Apr. 3, 2018).

The studies containing Spotify's business data fall clearly within the scope of Rule 703.  *See, e.g.*, *United States v. W.R. Grace*, 504 F.3d 745, 761 (9th Cir. 2007) (reversing where

1  district court excluded expert testimony based on data found in certain EPA studies); *RePET,*
2  *Inc. v. Zhao*, 2018 WL 3372749, at *3 (C.D. Cal. Mar. 20, 2018) (holding that business records,
3  including "general ledger detail, tax returns, invoices and other records including minutes of
4  shareholder and board of director meetings, stock ledgers and certificates, invoices, and
5  correspondence with third party companies", were proper Rule 703 material).  Data studies are
6  the type of material regularly relied on by economists like Dr. Cragg, who testified at trial that
7  the Spotify data ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Cragg Trial Tr. 2335:16-24.)
9      Apple cites two decisions finding that experts cannot rely on "*opinions* developed by
10 *another* expert for the purposes of litigation", in contrast with the "facts and data" permitted by
11 Rule 703.  *See, e.g.*, *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012
12 (C.D. Cal. 2003) (emphases added).  But Dr. Cragg testified to *his own opinions* based on
13 Spotify's data.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  (Cragg Trial Tr. 2339:16-23.)
15 Apple had ample opportunity to (and did) cross-examine Dr. Cragg about his opinions and the
16 data he relied on at trial.  Apple's Motion also faults Dr. Cragg for not considering Apple's
17 response to Spotify's JFTC submissions, but Apple never *produced* in this litigation any such
18 responsive material (if it even exists).  As noted above, it was Apple that injected this issue into
19 the case by presenting an analysis based on Spotify's usage data in Prof. Hitt's rebuttal report.
20 Yet Apple chose to ignore the Spotify ▮▮▮▮▮▮ contradicting Prof. Hitt's opinions.  Apple
21 *could have* deposed Spotify about its ▮▮▮▮▮▮ but chose not to.  Apple *could have* produced
22 its response to Spotify's JFTC submissions, but chose not to.  Apple *could have* asked Prof.
23 Hitt to present an analysis critiquing the Spotify ▮▮▮▮▮▮, but chose not to.  Apple *could*
24 *have* refrained from using the Spotify data altogether, offensively or defensively, but chose not
25 to.  Apple should not be permitted to have its expert rely on cherry-picked portions of Spotify's
26 production as a sword, yet deny Epic's expert the ability to rely on other portions of that
27 production to show the fallacy of Apple's claims.
28      For these reasons, Apple's motion to strike should be denied.

Dated: May 17, 2021

CRAVATH, SWAINE & MOORE LLP

Christine Varney (*pro hac vice*)
Katherine B. Forrest (*pro hac vice*)
Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)
Lauren A. Moskowitz (*pro hac vice*)
M. Brent Byars (*pro hac vice*)

FAEGRE DRINKER BIDDLE & REATH LLP

Paul J. Riehle

Respectfully submitted,

By:   */s/ Yonatan Even*
          Yonatan Even

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*