1  PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
2  **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
3  27th Floor San Francisco, CA 94111
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
6  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
7  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
8  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
9  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
10 M. BRENT BYARS (*pro hac vice*)
   mbyars@cravath.com
11 **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
12 New York, New York 10019
   Telephone: (212) 474-1000
13 Facsimile: (212) 474-3700

14 *Attorneys for Plaintiff and Counter-defendant*
   *Epic Games, Inc.*

15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18                           **OAKLAND DIVISION**

19                                          | Case No. 4:20-cv-05640-YGR-TSH

20

21 EPIC GAMES, INC.,

22            Plaintiff, Counter-defendant,    **DECLARATION OF SAMUEL A.**
                                               **STUCKEY IN SUPPORT OF EPIC**
                         v.                    **GAMES, INC.'S OPPOSITION TO**
23                                             **APPLE INC.'S MOTION TO**
   APPLE INC.,                                 **STRIKE WRITTEN AND ORAL**
24                                             **TESTIMONY OF DR. MICHAEL I.**
            Defendant, Counterclaimant.        **CRAGG**
25
                                               The Honorable Yvonne Gonzalez Rogers
26

27

28

1     I, Samuel A. Stuckey, declare as follows:

2     1.     I am an attorney licensed to practice in the State of New York and admitted to

3 appear before this Court *pro hac vice* in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-

4 05640-YGR-TSH.  I am an associate at the law firm of Cravath, Swaine & Moore LLP and am

5 one of the attorneys representing Epic Games, Inc. ("Epic") in the above-captioned action.

6     2.     I submit this declaration in support of Epic's Opposition to Apple's Motion to

7 Strike Written and Oral Testimony of Dr. Michael I. Cragg.  The contents of this declaration

8 are based on my personal knowledge except as to matters stated on information and belief.  As

9 to those matters stated on information and belief, I am informed and believe them to be true.  If

10 called to be a witness, I could and would testify competently to the contents of this declaration.

11     3.     On December 2, 2020, Epic served a subpoena on Spotify USA Inc. ("Spotify")

12 in connection with this action.  A true and correct copy of Epic's December 2, 2020 document

13 subpoena is attached to this declaration as **Exhibit A**.

14     4.     On December 7, 2020, Defendant Apple Inc. ("Apple") served a Notice of

15 Subpoena on Epic, which was accompanied by a document subpoena to Spotify, dated

16 December 8, 2020.  A true and correct copy of Apple's December 7, 2020 Notice of Subpoena

17 is attached to this declaration as **Exhibit B**, and a true and correct copy of Apple's December 8,

18 2020 document subpoena to Spotify is attached to this declaration as **Exhibit C**.

19     5.     On January 25, 2021, Epic served a deposition subpoena on Spotify with a date

20 of compliance of February 8, 2021.  A true and correct copy of Epic's January 25, 2021

21 deposition subpoena to Spotify is attached to this declaration as **Exhibit D**.

22     6.     After Epic served its deposition subpoena on Spotify, counsel for Epic met and

23 conferred with counsel for Spotify regarding the date for the Spotify deposition.  During those

24 meet and confer sessions, counsel for Spotify informed counsel for Epic that Spotify was

25 willing to make a witness available for deposition, but that the witness—a senior Spotify

26 executive based in Sweden—was unavailable until February 19, 2021.

27     7.     Epic sought Apple's consent to hold the Spotify deposition on February 19,

28 2021, but Apple refused by email to consent to the Spotify deposition taking place after the fact

discovery cutoff in this action.  Counsel for Epic and Apple met and conferred telephonically regarding this issue on February 14, 2021.  During that meet and confer, counsel for Apple again informed counsel for Epic that Apple would not consent to the Spotify deposition taking place on February 19, 2021.  A true and correct copy of the parties' correspondence concerning the scheduling of the Spotify deposition is attached to this declaration as **Exhibit E**.

8. Counsel for Epic also met and conferred with counsel for Spotify to request that Spotify provide a witness at trial in this action.  Counsel for Spotify informed counsel for Epic that Spotify was unwilling to provide a trial witness.

9. On February 12, 2021, Spotify made an initial production of documents.

10. On February 16, 2021, Spotify made a second production of documents stamped with the Bates numbers SPOT-EPIC-00000872-1446.  Spotify's second production included the two JFTC submissions cited by Dr. Cragg, which bear the beginning Bates numbers SPOT-EPIC-00000932 and SPOT-EPIC-00001023.

11. On February 18 and 19, 2021, Spotify clawed back the entirety of its February 12, 2021 production and certain documents from its February 16, 2021 production.  Spotify informed Epic that it was clawing back these documents pursuant to a demand from a foreign regulator.  Spotify's two JFTC submissions were not among the materials clawed back.

12. On February 24, 2021, Spotify made a third production consisting of documents stamped with the Bates numbers SPOT-EPIC-00001447-1568.  Spotify's third production included the data cited by Prof. Hitt, which bears the beginning Bates number SPOT-EPIC-00001448.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on May 17, 2021, in Manhattan, New York.

*/s/ Samuel A. Stuckey*
Samuel A. Stuckey

1

## E-FILING ATTESTATION

2      I, Yonatan Even, am the ECF User whose ID and password are being used to file this

3  document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that I have on file all

4  holographic signatures corresponding to any signatures indicated by a conformed signature

5  (/S/) within this e-filed document.

6

7                                                  */s/ Yonatan Even*
                                                   Yonatan Even
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28