| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>  jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)<br>  vmoye@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900 | MARK A. PERRY, SBN 212532<br>  mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>ETHAN DETTMER, SBN 196046<br>  edettmer@gibsondunn.com<br>ELI M. LAZARUS, SBN 284082<br>  elazarus@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**REPLY IN SUPPORT OF APPLE INC.'S MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG REGARDING FOREIGN REGULATORY SUBMISSIONS OF A NON-PARTY** |

1   Over Apple's objection, Dr. Cragg offered opinions in both his written direct testimony (Ex. Expert 13 ¶ 71 & n.10) and at trial (Trial Tr. 2335:9–2340:16 (Cragg)) about a supposed "████████" Spotify submitted in an advocacy submission to the Japan Fair Trade Commission. *See* PX-1152; PX-1153. Dr. Cragg twice assured the Court he had the "entirety of the Compass Lexecon report" underlying the short summaries he discussed on the stand. Trial Tr. 2339:21–24, 2344:8–17. Indeed, this April 9, 2019 "████████████████████" was the basis for Dr. Cragg's asserted belief in the truth of Spotify's JFTC submissions. Trial Tr. 2344:8–17.

Dr. Cragg's representation to the Court was false. The Court directed Epic to submit the underlying ████████████████, Trial Tr. 2344:24–2345:8, but Epic has instead given the Court a *different* ████████ (dated ████████████) apparently commissioned by Spotify that only concerns a *different* country (████████). Brass Decl. ISO Br. to Strike Testimony of Dr. Cragg ¶ 3; Kung Decl. ¶¶ 6–7. This alone is reason to strike the testimony at issue: What Epic still has not told the Court is that while the Court directed Epic (the sponsor of Mr. Cragg's opinions) to provide the report purportedly underlying the JFTC submission about which Dr. Cragg testified, Epic cannot do so because that report was never produced in this litigation—not by Dr. Cragg, not by Epic, and not by Spotify. Dr. Cragg's opinions related to the Spotify JFTC submissions should be stricken.

Epic suggests—but does not certify—that the actual report underlying the JFTC submissions may have been clawed back by Spotify in mid-February. Stuckey Decl. ¶ 11. If true, that makes the present problem worse, not better. If Epic or Dr. Cragg retained a copy of those materials and relied upon them, but did not produce them to Apple, their use now is improper and unfair. If Epic and Dr. Cragg returned the materials, Dr. Cragg was not truthful when testifying to the Court about the provenance of his opinions. *See* Trial Tr. 2341:21–2342:1 (Cragg) (testifying ████████████████████████████████████████████████████████████████████████████████). Either way, the outcome is the same: The Court should strike Dr. Cragg's testimony on the JFTC submissions without any further sideshow about the merits or reliability of Spotify's hearsay advocacy to foreign regulators.

Although irrelevant, Apple cannot be blamed for Epic's inability to secure a trial witness—from a member of the "coalition" it formed to challenge Apple's commissions—to provide percipient

knowledge about these documents or the underlying ███████.” *See* Opp. at 1–2.  As Epic admits, *Spotify* refused to produce a witness for a deposition before the close of fact discovery, and *Spotify* refused to testify at trial.  *Id.*  Epic, not Apple, is the proponent of the disputed opinion and bears the burden of establishing that Dr. Cragg can appropriately rely on the underlying records.  *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1376 (Fed. Cir. 2021) ("The burden to establish reasonable reliance is on the proponent of challenged expert testimony.").  Had it sought to carry that burden through a deposition or trial witness, Apple would have had the opportunity to cross-examine a Spotify witness on the underlying records.  Having failed to secure such a witness, Epic cannot blame Apple for failing to depose a third party on a document that none of Epic's experts purported to rely on until well after the close of discovery.

Nor can Epic evade its obligations under the Federal Rules of Evidence by misstating the nature of the parties' stipulations.  The parties' stipulations did not relieve either party from complying with the Court's directive that "experts do not get to opine without a factual basis for their opinions."  Trial Tr. 501:25–502:1.  The JFTC submission is not "within the scope of Rule 703" by any stretch of the imagination, and therefore the stipulation did not affect Apple's right to object to Dr. Cragg's reliance on it—as Apple repeatedly did.  When Epic disclosed PX-1152 and PX-1153 as exhibits it might use with Dr. Cragg, Apple timely objected.  Suppl. Brass Decl. ¶ 2.  When Epic then said it would attempt to use those materials under Rule 703, Apple said it would object to that too.  *Id.*  And when Epic sought to elicit Dr. Cragg's opinions on the stand, Apple again objected.  Trial Tr. 2288:14–25 (Cragg).

As a last resort, Epic draws a false equivalency between Dr. Cragg's and Prof. Hitt's analyses.  *See* Opp. at 4.  But the differences could not be more stark.  Prof. Hitt relied on Spotify's transactional data, which was authenticated by a Rule 902 Declaration of Authenticity of Domestic Business Records from Spotify.  Suppl. Brass Decl. Ex. A.  Dr. Cragg's source, by contrast, is an unauthenticated advocacy piece based on a study that is not in either party's possession and has not been provided to the Court.  To be sure, it is significant that Spotify's own, authenticated transactional data "contradict[s]" the JFTC submission on which Dr. Cragg relies—just not for the reason Epic suggests.

1  Opp. at 4.  In any event, Prof. Hitt's reliance on authenticated business records does not support Epic's

2  attempt to rely on unauthenticated and unrelated "portions of [Spotify's] production."  *Id.*[*]

3       For these reasons and those set forth in Apple's initial brief, the Spotify submissions are not the

4  type of evidence on which experts in Dr. Cragg's field would rely upon and cannot form the basis for

5  any of his opinions.  Dr. Cragg's written and oral testimony relying on those submissions should be

6  stricken, and the submissions themselves disregarded.

8  DATED:  May 18, 2021        By     /s/ Rachel S. Brass
                                                  GIBSON, DUNN & CRUTCHER LLP
9                                                   Theodore J. Boutrous Jr.
10                                                   Richard J. Doren
                                                  Daniel G. Swanson
11                                                   Mark A. Perry
12                                                   Veronica S. Lewis
                                                  Cynthia E. Richman
13                                                   Jay P. Srinivasan
                                                  Ethan D. Dettmer
14                                                   Rachel S. Brass

15                                                   *Attorneys for Apple Inc.*

---

[*] Epic points out that Dr. Cragg testified that the data in the underlying report was "better than what typically an economist has access to."  Opp. at 1 (quoting Trial Tr. 2335:20–24).  Dr. Cragg cannot possibly know whether the contents of a non-existent report is "better" or "worse" than anything.  He made a false representation to the Court.  Apple requests that the Court consider this testimony in evaluating Dr. Cragg's credibility as well as reliability of his opinions and analyses.