1  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
2  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
3  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
4  J. WESLEY EARNHARDT (*pro hac vice*)
   wearnhardt@cravath.com
5  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
6  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
7  **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
8  New York, New York 10019
   Telephone:  (212) 474-1000
9  Facsimile:  (212) 474-3700

10 PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
11 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
12 San Francisco, California 94111
   Telephone:  (415) 591-7500
13 Facsimile:  (415) 591-7510

14 *Attorneys for Plaintiff and Counter-defendant
   Epic Games, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>  *Plaintiff, Counter-defendant*,<br><br>v.<br><br>APPLE INC.,<br><br>  *Defendant, Counterclaimant.* | Case No. 4:20-CV-05640-YGR-TSH<br><br>**EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO ITS ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO APPLE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE WRITTEN AND ORAL TESTIMONY OF DR. MICHAEL I. CRAGG**<br><br>The Honorable Yvonne Gonzalez Rogers |

Plaintiff Epic Games, Inc. ("Epic") brings this administrative motion under Civil Local Rules 7-11(a) and 79-5(d)-(e) for an order granting Epic leave to file under seal certain exhibits to Plaintiff Epic Games, Inc.'s Administrative Motion for Leave to File Sur-Reply in Response to Apple's Reply in Support of Its Motion to Strike Written and Oral Testimony of Dr. Michael I. Cragg ("Administrative Motion for Leave to File Sur-Reply").

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  Under this standard, a party seeking to seal a document generally must overcome the "strong presumption in favor of access" that applies to court documents other than those that are traditionally kept secret. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted).  However, the "public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related to the underlying cause of action.'"  *Id.* at 1179 (citations omitted).  Instead, a "'good cause' showing under Rule 26(c) [of the Federal Rules of Civil Procedure] will suffice to keep sealed records attached to non-dispositive motions."  *Id.* at 1180; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 3014144, at *1 (N.D. Cal. June 17, 2013).  A party seeking to seal such material must make a "particularized showing of good cause with respect to any individual document."  *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Sealing requests must also be "narrowly tailor[ed]."  Civ. L.R. 79-5(b).

Subsection (e) of Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by an opposing party or a non-party.  This Administrative Motion concerns certain exhibits to its Administrative Motion for Leave to File Sur-Reply containing information that non-party Spotify USA Inc. ("Spotify") has designated as

"SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under the supplemental protective order entered in the above-captioned case.  Specifically, Epic moves to seal:  (i) the portions of its Sur-Reply that reference PX-1152 (bearing Bates range SPOT-EPIC-00000932-0943) and PX-1153 (bearing Bates range SPOT-EPIC-00001023-1025), which are subject to pending motions to seal by Spotify (*see* ECF Nos. 638 and 649, respectively), as well as the document bearing Bates range SPOT-EPIC-00001047-1066, which is also subject to a pending motion to seal by Spotify (*see* ECF No. 692); (ii) the portions of its Sur-Reply that reference the trial testimony provided by Dr. Cragg during a closed session of Court on May 13, 2021 (Trial Tr. 2335:1-2346:15), during which Dr. Cragg referenced the aforementioned documents; and (iii) the document bearing Bates range SPOT-EPIC- 00001047-1066 itself, which is attached as Exhibit A to the Declaration of Yonatan Even in Support of Epic's Sur-Reply, and which, as noted, is subject to a pending motion to seal by Spotify (*see* ECF No. 692).

   Accordingly, Epic is filing certain of its exhibits to its Administrative Motion for Leave to File Sur-Reply under seal.  In light of the aforementioned motions to seal by non-party Spotify, Epic respectfully submits that sealing for this narrow purpose is appropriate.

| | |
|---|---|
| Dated:  May 18, 2021 | CRAVATH, SWAINE & MOORE LLP |
| | Christine Varney<br>Katherine B. Forrest<br>Gary A. Bornstein<br>Yonatan Even<br>Lauren A. Moskowitz<br>M. Brent Byars |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | Paul J. Riehle |
| | Respectfully submitted, |
| | By:   */s/ Yonatan Even*<br>         Yonatan Even |
| | *Attorneys for Plaintiff Epic Games, Inc.* |