United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EPIC GAMES, INC.,**<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**APPLE INC.,**<br><br>　　　　　Defendant.<br><br>**AND RELATED COUNTERCLAIM** | Case No.  4:20-cv-05640-YGR<br><br>**TRIAL ORDER NO. 7 RE: (1) PENDING STIPULATIONS; (2) BRIEFING SCHEDULE RE: MOTION FOR JUDGMENT ON PARTIAL FINDINGS; AND (3) WEEK 2 SEALING REQUESTS**<br><br>Re: Dkt. Nos. 641, 649, 659, 660, 663, 665, 682, 692, 705, 707 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court issues this Order with respect to several items on the docket:

**1. Pending Stipulations**

Having reviewed the pending stipulations on the docket, and for the good cause shown therein, the Court **GRANTS** the following pending stipulations:

- Dkt. Nos. 641, 682
    - The Clerk of the Court shall admit into evidence the exhibits identified in these stipulations.  All exhibits shall be posted to the public box except for those in which the parties have identified any potential sealing issue.  Those documents for which the Court has issued a definitive ruling (*i.e.* a ruling other than deferred) shall be placed into the public box in conformance with the Court's Orders (or shall be appropriately withheld in the event that the entirety of the document is appropriately sealed).

**2. Briefing Schedule Re: Motion for Judgment on Partial Findings (Dkt. No. 707)**

The Court sets the following briefing schedule on the motion for judgment on partial findings: plaintiff Epic Games, Inc.'s response shall be filed on or before **Sunday, May 23, 2021 at 12:00 PM PDT**.  Defendant Apple Inc. may file a reply (optional) on or before **Wednesday, May 26, 2021**.

**3. Week 2 Sealing Requests**

The Court has received several new requests to seal from both the parties and third parties.

As the Court explained in Pretrial Orders 7 and 9, as well as Trial Orders 1 and 5:

> Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). In general, a "strong presumption in favor of access" to court records exists, especially during trial. At times, compelling reasons which are "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").
>
> Here, and importantly, the gravamen of this case *is* business competition, including whether competition exists; if so, among which players; and how such competition influences the market. The Court understands that the standard is more lenient when the information concerns third parties, but this is not dispositive. The third-party information must be balanced with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis. Accordingly, the Court makes the following findings based upon the current state of the record:[1]

(Dkt. No. 547 at 1-2; Dkt. No. 564 at 1-2; Dkt. No. 594 at 2-3; Dkt. No. 643 at 2-3.)[2]  With this

---

[1] Litigants are advised that if the Court ultimately decides that certain information is important to disclose which has been sealed, it will provide an opportunity for the moving party to respond.

[2] The Court similarly stated in Trial Order No. 3:

> Trial records enjoy a "strong presumption in favor of access" that can only be overcome by "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178- 79 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

(Dkt. No. 613 at 1.)

prior framework in mind, the Court addresses the below administrative motions to seal.

    a.  <u>Spotify USA Inc.'s Administrative Motions to Seal (Dkt. No. 649, 692)</u>

The Court **GRANTS** non-party Spotify USA Inc.'s administrative motions to seal portions of the document with bates numbers SPOT-EPIC-00000925 and SPOT-EPIC-00001023 (Dkt. No. 649), and of the document with bates number SPOT-EPIC-00001047. (Dkt. No. 692.) These documents reflect highly confidential information including recent internal user data, the release of which would competitively harm Spotify.

    b.  <u>Apple's Administrative Motion to Seal (Week 2) (Dkt. No. 659)</u>

The motion is **GRANTED** as to all documents <u>except</u> for:

- PX-602
  - 602.27: the notes shall be unredacted except that the words after "WW games business" shall be redacted and sealed up until the comma. The remainder of the sentence after the comma and the notes shall be unredacted. The remainder of the proposed redactions on this page is appropriately sealed.
  - 602.32: the first bullet point shall be unredacted in the notes section. The remainder of the proposed redactions on this page are appropriately sealed.
  - The remainder of the proposed redactions in this document is appropriately sealed.
- PX-608
  - 608.13: the slide shall be unredacted except that the percentage may remain redacted and sealed.
  - The remainder of the proposed redactions in this document is appropriately sealed.
- PX-2176
  - 2176.48: this page shall be unredacted.
  - 2176.64: this page shall be unredacted.
  - 2176.73: this slide shall be unredacted except that the monetary amounts

1 may be redacted and sealed. The categories in the notes shall be
2 unredacted, but the remainder of the notes section is appropriately sealed
3 (including the text following these categories after the "- ").
4 - o 2176.74: this slide shall be unredacted except that the monetary amounts
5 may be redacted and sealed. The categories in the notes shall be
6 unredacted, but the remainder of the notes section is appropriately sealed
7 (including the text following these categories after the "- ").
8 - o 2176.176: this slide shall be unredacted. The first four bullet points in the
9 notes section shall be unredacted. The line "Spend Segment" shall be
10 unredacted, along with the categories of the bullet points below that line.
11 The percentages and the amounts that follow these categories shall be
12 redacted and sealed. The final note at the bottom shall be unredacted.
13 - o 2176.177: this page shall be unredacted.
14 - o 2176.178: this page shall be unredacted.
15 - o 2176.180: the title of the slide shall be unredacted. The remainder of the
16 proposed redactions on this page is appropriately sealed.
17 - o 2176.181: this page shall be unredacted.
18 - o 2176.192: this page shall be unredacted.
19 - o The remainder of the proposed redactions in this document is appropriately
20 sealed.
21 - DX-4800
22 - o Given the testimony and other unsealed documents, this page shall be
23 unredacted except that the Samsung Electronics Co. Ltd. and Gearbox
24 Software LLC commission rates shall be redacted and sealed.
25 - DX-4094
26 - o 4094.007: The first two sentences in the notes shall be unredacted on this
27 slide. The remainder on this slide shall be sealed.
28 - o The remainder of the proposed redactions in this document is appropriately

4

sealed.

- DX-4170
    - o This document is sealed.  However, the parties are on notice that the Court may cite to certain statistics contained within the document in any final order on the merits in this action.

c. <u>Epic Games' Administrative Motion to Seal (Week 2) (Dkt. No. 660)</u>

The motion is **GRANTED** as to all documents <u>except</u> for:

- DX-4800
    - o See above in the Apple section for the appropriate redactions.
- DX-5549 and DX-5550
    - o The Court has reviewed Spotify's declaration in support of the sealing of certain information in these documents.  (*See* Dkt. Nos. 680 (declaration), 681 (proposed redactions).)  The Court approves of Spotify's proposed redactions of these documents, which are narrowly tailored.

d. <u>Sony Interactive Entertainment LLC's Administrative Motion to Seal (Dkt. No. 663)</u>

Having reviewed Sony Interactive Entertainment LLC's renewed administrative motion to seal, the Court will follow the example set by Judge Lucy Koh in *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3283478, at *13 (N.D. Cal. Aug. 9, 2012), *rev'd and remanded on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013).  The Court considers the extent to which the inadvertently disclosed documents have been publicized, weighs the public's right of access to these documents considering the merits of this action, and balances these considerations against any potential competitive harm to Sony.  The motion is therefore **GRANTED** as follows:

- DX-3660 (Ex. A)
    - o Although this agreement was identified as one document that was inadvertently disclosed by the parties, the Court agrees to limited proposed redactions.  Thus, the proposed redactions are sealed except as follows:
        - Section 1.2: The sentence defining "Competitive Platform" shall be unredacted.  The remainder in this section is otherwise sealed.

- ▪ The remainder of the document is otherwise appropriately unredacted.
- DX-3865 (Ex. B)
  - o The section titled "Gift card economics" shall be sealed. The remainder of this email shall be unredacted.
- DX-3988 (Ex. C) / DX-4519 (Ex. F)
  - o Sony admits that DX-3988 is a duplicate document of DX-4519, which was inadvertently disclosed. The Court agrees to limited proposed redactions, which request sealing of specialized terms in an agreement between Epic Games and Sony.
- DX-4425 (Ex. D) / DX-3582 (Ex. J)
  - o Sony admits that DX-4425 is substantively similar to DX-3582, which was inadvertently disclosed. The Court agrees to limited proposed redactions, which request sealing of specialized terms in an agreement between Epic Games and Sony.
- DX-4493 (Ex. E)
  - o Although this agreement was identified as one document that was inadvertently disclosed by the parties, the Court agrees to the limited proposed redactions by Sony.
- DX-3094 (Ex. G)
  - o This request is **DENIED**. First, portions of this document remain readily accessible to the public.[3] Second, as the Court also reasoned in Trial Order 1, the Court will not seal general terms applicable to all developers who wish to sell on a gaming platform. (Dkt. No. 594 at 5 (rejecting Nintendo's request, and noting the prior rejections of Valve and Sony's similar

---

[3] *See* https://www.theverge.com/2021/5/3/22417560/sony-ps4-cross-play-confidential-documents-epic-games-agreements.

requests).)  The same reasoning is true here, where the document is a general policy applicable to any developer who wishes to sell on the Sony PlayStation platform, and such a policy is widely disseminated to the developer community.  Moreover, this document is highly relevant to the Court's analysis in assessing where competition exists in this action.

- DX-3125 (Ex. H)
   - Tim Sweeney's statements on June 2, 2018 shall be unredacted.  The remainder of the proposed redactions shall be sealed.
- DX-3433 (Ex. I)
   - This request is **DENIED**.  The proposed redactions are overbroad, especially where this document is (1) more than three years old, (2) is highly relevant to the Court's analysis in assessing where competition exists in this action, and (3) portions of which are readily accessible to the public.[4]  Thus, the document shall be entirely unredacted.

Regarding the unredacted documents above: these documents, or portions thereof, do not reveal information which is so confidential as to be damaging if revealed as balanced against the need for public access to the factual issues underlying this case.  Sony shall provide the parties with revised redacted versions of the documents which may be used in any public portion of the trial.

e. Nintendo of America, Inc.'s Administrative Motion to Seal (Dkt. No. 705)

The Court **GRANTS** non-party Nintendo of America, Inc's administrative motion to seal the proposed redactions in its specific agreement with Epic Games.  The Court finds that the requested sealing is narrowly tailored, and that the public's right of access to this sealed document is outweighed by any competitive harm that would be incurred by Nintendo by the release of the unredacted version of the agreement.

---

[4] *See supra* n.3.

  f. <u>Samsung Electronics Co. Ltd. Request to Seal (Dkt. No. 665)</u>

Non-party Samsung Electronics Co. Ltd. has filed a declaration renewing its request to seal exhibits DX-4322 and DX-4800. (Dkt. No. 665.) As discussed above, the Court has addressed the sealing of DX-4800. With regard to DX-4322, the Court agrees that this document is appropriately sealed in its entirety. Thus, Samsung's request is **GRANTED**.

This Order terminates Docket Numbers 641, 649, 659, 660, 663, 665, 682, 692, and 705.

**IT IS SO ORDERED.**

Dated: May 20, 2021

                  _____
                  **YVONNE GONZALEZ ROGERS**
                  **UNITED STATES DISTRICT JUDGE**