UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC., et al.,<br><br>        Defendants. | Case No. 20-cv-05640-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 714 |

        The parties have a dispute concerning Apple's clawback of APL-EG_09147370-78. ECF No. 714. The Court has conducted an *in camera* review of this document as well as the email to which it was an attachment. The Court has also reviewed the Declaration of Apple attorney Kyle Andeer in support of Apple's claims of privilege and work product, as well as Epic's response.

        The clawed back document is a nine-page slide deck that describes regulatory, litigation and related competition law challenges to the App Store around the world. It was written by Apple in-house attorney Andeer and incorporates feedback from Apple's general counsel, Kate Adams. It includes Andeer's detailed legal assessments of the various competition law challenges to different aspects of the App Store's business and potential ways for Apple to respond. The entire slide deck consists of legal assessments, legal analysis, and legal strategy. Andeer emailed the slide deck to non-attorney Phil Schiller in advance of a meeting with him and other Apple executives. This slide deck is without doubt a privileged attorney-client communication whose sole purpose was to provide legal advice. This document is privileged. Some portions of this document are also work product, but it's not necessary to parse which portions qualify as work product, because the whole document is attorney-client privileged. Epic's characterization of the slide deck as being a business document that does not discuss legal advice or legal considerations

cannot be squared with the actual content of the slide deck.

Epic's waiver argument is unpersuasive. The fact that Apple initially claimed privilege over only the cover email and not the slide deck does not negate a finding of inadvertence because Apple produced millions of documents in a highly compressed time period. Some mistakes were inevitable. Apple took reasonable steps under the circumstances to avoid producing privileged material, the production of this document was inadvertent, and Apple promptly took reasonable steps to rectify the error. *See* Fed. R. Evid. 502(b).

Because the slide deck is privileged and Apple did not waive the privilege, the Court sustains Apple's clawback.

**IT IS SO ORDERED.**

Dated: May 20, 2021

THOMAS S. HIXSON
United States Magistrate Judge