Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff and Counter-Defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant and Counterclaimant. | CASE NO. 4:20-cv-05640-YGR-TSH<br><br>**EPIC GAMES INC.'S RESPONSE TO DECLARATION OF KYLE ANDEER IN SUPPORT OF APPLE'S JOINT LETTER SUBMISSION REGARDING CLAWBACK OF DOCUMENT**<br><br>Judge: Hon. Thomas S. Hixson |

Pursuant to the Court's Discovery Order (ECF No. 716) concerning the Joint Discovery Letter Brief Regarding Apple's Clawback of Document (ECF No. 714), Plaintiff and Counter-Defendant Epic Games, Inc. ("Epic") submits this response to the Declaration of Kyle Andeer in Support of Apple's Joint Letter Submission Regarding Clawback of Document. For the reasons stated below, Apple Inc.'s ("Apple") claims of privilege over the document at issue should be denied, Apple's declaration notwithstanding.

**The Declaration Does Not Establish Inadvertent Disclosure.**

The declaration of Mr. Andeer states that he "understand[s] that the slide deck was inadvertently disclosed" (Andeer Decl. ¶ 6), but the declaration does not touch upon or even mention, let alone establish, the process failure Apple claims caused it to identify the cover email as privileged and the attachment as not privileged. As such, the declaration does nothing to support Apple's claim that its production of the document was inadvertent. Absent any evidence to support Apple's claim of inadvertence, Apple has not met its burden to justify its request to protect the document from production. *See In re Qualcomm Litig.*, 2018 WL 6617294, at *4 (S.D. Cal. Dec. 18, 2018).

**The Declaration Does Not Establish the Privileged Nature of the Presentation.**

Apple does not dispute that its declarant, Mr. Andeer, "wears many hats". (Joint Discovery Letter (Dkt. 714), at 6.) Just last month, Mr. Andeer testified before the U.S. Senate Judiciary Committee (Hearing on "Antitrust Applied: Examining Competition in App Stores" Before the S. Judiciary Comm., 117th Cong. (Apr. 21, 2021)) concerning an array of non-legal topics, including Apple's innovations (Transcript, Ex. A, p.8 ("The App Store is one of our most important innovations...")); Apple's investments (*id.*, p.9 ("[W]e have invested significantly to provide developers the tools they need to build apps. That includes over 250,000 application programming interfaces that help unlock the magic of iPhone.")); and Apple's repeated public denial that it maintains profit and loss statements for the App Store (*id.*, p.47 ("You know, when we look at the App Store, it's not a separate standalone business for us. It's an integrated feature of our devices. And so we don't have a separate profit and loss statement for the app store.")).

Mr. Andeer claims that the clawed-back presentation at issue here "includes [his] detailed legal assessments of those various competition law challenges to different aspects of the App Store's

business", and "contains descriptions of the positions taken on these legal issues by different regulators and by competitors who have leveled complaints about the App Store, again along with [his] assessment of those positions". (Andeer Decl. ¶ 5.) However, the document does not support that claim.

Whether or not Mr. Andeer now says—contrary to Apple's determination during document review—that the presentation contains "legal advice", the document discusses a hodge podge of business, lobbying, government affairs and public relations themes. The presentation also includes factual information about the *existence* of investigations and complaints by developers, and it proposes certain business, lobbying and public relations responses. But it does not reflect *legal* advice—let alone exclusively so.[1]

The general rule is that an "in-house counsel's advice regarding business matters is not protected by attorney client privilege." *Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019). Nothing about the presentation itself, or Mr. Andeer's declaration, demonstrates—as Apple must—that "the primary or predominate purpose of the communication is to seek [or provide] legal advice or assistance". *TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, 2016 WL 6922075, at *2 (C.D. Cal. May 26, 2016); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("In order to show that a communication relates to *legal* advice, the proponent of the privilege must demonstrate that the 'primary purpose' of the communication was securing legal advice.").

---

[1] Epic offered Apple the opportunity to provide a version that redacted the statements that Apple believes constituted legal advice or analysis, but Apple declined.

| EPIC'S RESPONSE TO ANDEER DECLARATION | 3 | Case No. 4:20-cv-05640-YGR-TSH |

| | | |
|---|---|---|
| DATED: May 20, 2021 | By | /s/ Lauren A. Moskowitz |

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**
Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-Defendant Epic Games, Inc.*