# Exhibit 1

| | |
|---|---|
| **From:** | Justin C. Clarke |
| **Sent:** | Sunday, May 16, 2021 3:59 PM |
| **To:** | Perry, Mark A.; Epic Mobile Apps |
| **Cc:** | *** GDC EpicLitTeam; PW Epic Team |
| **Subject:** | RE: Epic v. Apple - Written Expert Testimony |

Mark,

We understand that Apple reserves its rights and that Apple is not waiving the right to appeal any prior rulings on its objections. We further understand that – subject to the foregoing reservation of rights – Apple does not intend to object to the admission of the written direct testimony of Barnes, Evans, Mickens, Rossi or Cragg (with the exception of Cragg paragraph 71, which is the subject of a pending motion to strike). Please confirm that the written objections mentioned in the first sentence of your email refer to docket nos. 518 and 657. If there are any other written objections you have in mind, please let us know.

With respect to your objection to the written direct testimony of Dr. Athey, Apple elected *not* to object to the highlighted portions of Dr. Athey's written direct testimony at the time agreed upon by the parties. (Dkt. 518.) Apple then executed a stipulation providing that "Drs. Evans, Athey, Hitt and Schmalensee may rely on information not admitted into the record, consistent with Rule 703, and that the parties will not object to those experts' reliance on such unadmitted materials within the scope of Rule 703." (Dkt. 635.) And your cite to the trial transcript omits the Court's subsequent clarification that Dr. Athey would be permitted to testify to facts not in the record so long as they were fully disclosed in her report. (Trial Tr. 1781:10-17 ("MR. EVEN: And I appreciate that, Your Honor. I'm just not sure what is the factual basis that we want now, other than Professor Athey's general assessment as a professor of technology and economics, as to the incentives and what consumers may or may not do facing these incentives. That's clearly in the report, Your Honor. THE COURT: Then if it is in the report, you're all good."); *id*. 1781:21-1782:2 ("MR. EVEN: I understand, Your Honor. I just want to make sure that I understand the objection, because my understanding is that somebody who researches what consumers and technology firms do for a living can come into court and testify to that based on their expertise. THE COURT: They can testify as to what they have disclosed.").)

Please explain how Apple's objection to Dr. Athey's written direct testimony is consistent with Apple's decision not to raise such an objection at the agreed-upon time; its stipulation that Dr. "Athey … may rely on information not admitted into the record, consistent with Rule 703"; and the Court's clarification that "if it is in the report, you're all good".


Justin C. Clarke
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019
(212) 474-1184

**From:** Perry, Mark A. <MPerry@gibsondunn.com>
**Sent:** Sunday, May 16, 2021 2:16 PM
**To:** Justin C. Clarke <jcclarke@cravath.com>; Epic Mobile Apps <epic-mobileapps@cravath.com>
**Cc:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>; PW Epic Team <GRP-EPIC-TRIAL-EXTERNAL@paulweiss.com>
**Subject:** Re: Epic v. Apple - Written Expert Testimony

> External (mperry@gibsondunn.com)

Report This Email  FAQ

Justin and Epic Counsel,

Apple has previously objected, both in writing and in open Court, to certain opinions by Epic's experts.  Apple stands on those objections and reserves the right to challenge the Court's rulings on them notwithstanding the subsequent admission into evidence of written direct testimony by those experts.  That said, in accordance with the Court's instructions and the parties' agreements regarding expert testimony in this regard, Apple does not intend to further object to the admission of the written direct testimony of **Barnes**, **Evans**, **Mickens**, or **Rossi** as transmitted at 8:10 PM on May 15; and the same holds for **Cragg** with the exception of paragraph 71, as to which (as noted in that same transmittal) there is an unresolved dispute pending before the Court.

Apple continues to object the written direct testimony of **Athey** as unsupported by the factual record.  There is no basis for, and will be no basis for, the points shown in red highlighting in the attachment.  The Court has already noted the lack of factual underpinnings for her opinions.  Trial Tr. 1780:21—1781:7 ("I can tell you that when I read her report, I had lots of questions on this document about the factual basis for the opinions, and I am trusting that to the extent there is something there, you will all give it to me. If there is not a factual basis, I will not consider it and it's -- and it will ultimately be stricken.").  We therefore request that Epic redact those portions shown in red highlighting in the attachment before moving to admit the written direct testimony of Athey.  If Epic declines to do so, we will object at the time of admission and reserve the right to move to strike any and all opinions that may be admitted.

Thanks.

MAP

**Mark A. Perry**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com

---

**From:** "Justin C. Clarke" <jcclarke@cravath.com>
**Date:** Saturday, May 15, 2021 at 8:10 PM
**To:** *** GDC EpicLitTeam <AppleAppStoreDiscovery@gibsondunn.com>
**Cc:** Epic Mobile Apps <epic-mobileapps@cravath.com>
**Subject:** Epic v. Apple - Written Expert Testimony

[External Email]
Counsel,

At the conclusion of Professor Mickens' testimony tomorrow, Epic intends to move into evidence the attached written expert testimony of Drs. Evans, Athey, Rossi and Mickens and Mr. Barnes.

With respect to Ex. Expert 1, Epic has applied highlighting to show redactions for confidentiality consistent with ECF No. 614, but notes that the additional redactions Apple asked Epic to make on April 28 are not reflected in that Order and therefore not reflected in Epic's highlighting, should Apple wish to move to seal.

Epic intends to move Dr. Cragg's written testimony, which is also attached, into evidence after the Court rules on Apple's pending motion with respect to paragraph 71 (dkt. 657).

If Apple has any objections or concerns, we would appreciate if you would let us know by 3 pm PT tomorrow (Sunday, May 16).

Justin C. Clarke
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019
(212) 474-1184

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.