THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.compartial sealing
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>     Plaintiff, Counter-defendant<br><br> v.<br><br>APPLE INC.,<br><br>     Defendant,<br>     Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO** |

Gibson, Dunn &
Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE
MOTION TO PARTIALLY PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY
RELATED THERETO, 4:20-cv-05640-YGR

I hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case.  I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.  I submit this declaration in support of Apple's Motion to Partially Seal Portions of Trial Exhibits and Live Trial Testimony Related Thereto.

2.      When a party seeks to seal records for use at trial, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted).  The party seeking to seal the document or proceedings must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Id.* at 1178–79 (alteration, citation, and quotation marks omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

3.      Apple operates in an intensely competitive marketplace.  It occupies a unique position as a leader with respect to a number of highly dynamic technologies.  Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel.  *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018).  I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

4.      The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."   *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5.      The Court has expressed a desire for these proceedings to be public.  To that end, Apple has carefully reviewed its depositions designations and now proposes only those redactions that are essential.

6.      Specifically, Apple seeks only to seal information from four categories of confidential information: 1) non-public financial information, 2) information that could aid a bad actor, 3) competitively sensitive information and 4) third-party information entrusted to Apple.

### CATEGORY 1 – APPLE NON-PUBLIC FINANCIAL INFORMATION

7.      Apple first seeks to seal non-public financial information.  The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information.  Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

8.      Below is a chart detailing the specific potential trial exhibits and deposition designations that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| PX-1085 | Statistics on IAP Spending in Survey and Apple Transaction Data - Epic Summary Pursuant to Federal Rule of Evidence 1006 | This document should be partially sealed because it contains non-public financial data related to Apple in-app purchases.  The Court previously indicated that Column C of this document should be sealed. *See* Trial Tr. 2504:24-2505:9. |
| PX-2302 | 8/4/2020 200803 FY21 App Store Budget Draft.key | This document should be partially sealed because it is a recent Keynote deck that includes confidential business information and nonpublic financial information.  The document contains billing revenues, including |

Gibson, Dunn & Crutcher LLP

| | | forecasts, for the App Store. It also contains business sensitive data regarding advertising spending and revenues. And it also sets forth in detail the projected revenue for the App Store, broken down by region. |
|---|---|---|
| PX-2366 | 9/18/2020 Email regarding Search Ads Q4 FY20 Flash Report - September 11 to September 17 with attachment(s) | Substantially all of this document should be sealed because it reflects non-public Apple financial information as well as information concerning numerous third parties.[2] |
| Epic Ex. Depo. 8 | Deposition of Eddy Cue | The testimony at 94:15-94:17 and 94:19-94:22 should be sealed because it contains non-public information about Apple's revenue from its Search Ads feature. |
| Epic Ex. Depo. 9 | Deposition of Matthew Fischer | The testimony at 298:20-298:25 should be sealed because it discusses non-public information about Apple's total billings on the App Store. |
| Epic Ex. Depo. 19 | Deposition of Mark Rollins | The testimony at 83:12-83:23, 129:10-129:15, 129:22-131:4, 139:5-140:14, 152:24-153:15, 154:15-155:12, 215:4-216:15, 216:17-217:1, 242:15-242:19, 242:22-243:1, 262:11-262:18, and 262:21-263:7 should be sealed because it discusses non-public financial information about Apple's P&L costs, assembly process, and tabulation. |

## CATEGORY 2 – SENSITIVE SECURITY INFORMATION

9.     Second, Apple respectfully requests that the Court seal the identified information that could aid a bad actor.  Specifically, Apple seeks to seal specific information about Apple's security policies and internal processes like Apple's App Review process.

---

[2]  This document is also sealable for the reasons described in Category 4 – Third-Party Confidential Information.

3

Gibson, Dunn &
Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE
MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL
TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

10. Public disclosure of this information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and private confidential data of its customers and developers—and keeping those efforts confidential is important to their effectiveness.

11. Not only does Apple protect critical information through its internal security systems and processes, Apple also protects users and developers alike from fraud, malware, and unwarranted intrusion into their privacy through its extensive App Review Process. Disclosure of the identified information would allow bad actors to circumvent Apple's important review process and would endanger users and developers.

12. Below is a chart detailing the specific potential trial exhibits and deposition designations that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| PX-0101 | 4/21/2010 Email regarding Re: App Review Process, Guidelines and Timeline with attachment(s) put (also marked as deposition exhibits PX-24 and PX-25) | The document should be sealed in part because it contains detailed information on the confidential process by which Apple reviews apps which could be exploited by a bad actor. |
| PX-2090 | 2/2/2017 Email regarding Re: Coin Booster with attachment(s) | This document is an email exchange among members of Apple's App Review and security teams regarding an app operating in violation of the App Store Review Guidelines. The document includes highly confidential source code for the third-party app, as well as a discussion of how to detect certain fraudulent app functions. |
| PX-2174 | 6/5/2017 Email regarding Re: 414478124 WeChat update with attachment(s) | The entire document should be sealed because it reflects |

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | security information, including confidential computer code, that could be exploited by a bad actor. |
| PX-2350 | 9/18/2020 Email regarding Re: $634K for 480 user licenses of COMPANY?? | The document should be sealed in part because it reflects confidential information about Apple's security processes that could be exploited by a bad actor.[3] |
| Epic Ex. Depo. 11 | Deposition of Eric Friedman | The testimony at 129:1-131:13 should be sealed because it discusses non-public information about Apple's current security practices in connection with in-app purchases, including identification of the teams involved in conducting security assessments that could be exploited by a bad actor. |
| Epic Ex. Depo. 12 | Deposition of Eric Gray | The testimony at 109:16-110:1, 110:2-110:7, 110:9-110:15, 112:18-112:19, 112:21-112:24, 113:2-113:11, 113:12-113:19, 113:21-114:2, 114:4-114:6, 114:9-114:10 should be sealed because it reflects discussion of PX-0526 which reflects sensitive material concerning the in-app purchasing system, including information that could be exploited by bad actors.[4]  The |

---

[3]  This document is also sealable for the reasons described in Category 3 – Competitively Sensitive Business Information.

[4]  These portions of transcript are also sealable for the reasons described in Category 4 – Third Party Confidential Information.

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | Court previously granted Apple's motion to seal PX-0526. *See* Dkt. 715. Additionally the testimony at 79:24-80:3 should be sealed because it reflects non-public financial information regarding payment processing fees.[5] |
| Epic Ex. Depo. 13 | Deposition of C.K. Haun | The testimony at 200:14-201:18 and 202:11-203:18 should be sealed because it discusses competitively sensitive information about the technical processes underlying Apple's security features and the methods used to detect malware during the App Review process that could be exploited by a bad actor. |

## **CATEGORY 3 – COMPETITIVELY SENSITIVE INFORMATION**

13.     Third, Apple seeks to seal competitively sensitive information including product information regarding plans to develop yet undisclosed new products which, if revealed would cause Apple economic harm and put it at a competitive disadvantage.

14.     In addition to future product information, Apple also seeks to seal as competitively sensitive certain market research reports which were either commissioned by or conducted by Apple in order to gain a unique insight into consumer and developer preferences and thereby improve its competitive standing.

15.     Public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from effort regarding product development that Apple intended to keep

---

[5] This portion of deposition transcript is sealable for the reasons described in Category 1 – Non-Public Financial information.

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND LIVE TRIAL TESTIMONY RELATED THERETO, 4:20-CV-05640-YGR

Gibson, Dunn & Crutcher LLP

confidential.  Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness.

16.     Below is a chart detailing the specific potential trial exhibits that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| DX-4089A | Slide from Presentation titled "iPhone Buyer Survey FY19-Q3 Global Report" | The entire document should be sealed this document should be sealed as reflecting competitively sensitive market research.  The Court has already sealed DX-4089 from which this exhibit is excerpted.  *See* Dkt. 715. |
| PX-1896 | 7/1/2020 Email Regarding App Store & Competition Staffing Proposal | The document should be partially sealed because it contains competitively sensitive business information concerning a planned reorganization of an Apple team and confidential personnel information, including private employment information regarding particular Apple employees. |
| PX-1901 | 9/13/2020 Email regarding App Store PR Firms Proposal | The document should be partially sealed because it contains competitively sensitive business information concerning Apple's planned negotiations and engagements with certain third-party vendors. |
| PX-2309 | 2/13/2020 iPhone Buyer FY20-Q1 Report.key | The document should be partially sealed because it reflects Apple's competitively sensitive information. This document is also admitted as DX-4312 which the Court sealed at Dkt. 715. |
| PX-2337 | 3/13/2020 email regarding ERB Spreadsheet, Deck, Details, Stats: 03.13.2020 with attachment(s) | The document should be partially sealed because it reflects competitively sensitive information |

7

Gibson, Dunn & Crutcher LLP

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| | | about Apple's review of numerous third-party apps. |
| PX-2367 | 9/23/2020 Email regarding Consumer Services Overview: 2020-09-22 with attachment(s) | This document is a detailed September 2020 set of tables containing specific non-public financial figures relating to billings and subscriptions, broken down by country and region.[6] |
| PX-2378 | 12/4/2020 Kantar ComTech USA CQ320 Mobile Report.key | Substantially all of this document should be sealed because it reflects competitively sensitive market research. |
| PX-2303 | App_Store_Proposal_Update_11.06.2020_Privileged_and_Confidential.key | Substantially all of this document should be sealed because it reflects competitively sensitive information concerning Apple business plans. |
| PX-2389 | 9/10/2020 Email regarding Re: App Store analysis | Substantially all of this document should be sealed because it reflects competitively sensitive business planning and fraud prevention information. |
| PX-2390 | 9/12/2020 Email regarding Re: Possible change to App Store fee structure - - risks and challenges | Substantially all of this document should be sealed because it reveals competitively sensitive Apple business plans and analysis thereof. |

## **CATEGORY 4 – THIRD-PARTY CONFIDENTIAL INFORMATION**

17.     Fourth Apple seeks to seal information that reflects sensitive business information of its many third-party developers and other business partners which, if revealed could impact their competitive standing among fellow developers as well as Apple's relationships with them.  Various Apple and Epic trial exhibits implicate confidential information of many of Apple's developer partners.

---

[6]  This document is also sealable for the reasons described in Category 1 – Non-public Financial Information.

8

Gibson, Dunn & Crutcher LLP

Apple takes many steps, and undertakes substantial efforts, to safeguard private confidential data of its customers and developers and keeping that information confidential is important to its effectiveness.

18.     Below is a chart detailing the specific potential trial exhibits that are sealable under this category for the reasons explained herein.

| Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| PX-0191 | 4/10/2018 Email regarding Re: ERB Consideration - Amazon FreeTime Unlimited (1324809509) | This document contains an analysis of a subscription service proposed by a third-party developer and includes certain specific financial figures, including revenue information for other developers of related apps. Those financial figures should be sealed. |
| PX-1922 | 6/21/2020 Email regarding Supportive Developers | This document should be partially sealed because it reflects competitively sensitive information of multiple third parties. |

19.     I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in narrowing the amount of designated confidential material. Apple will continue to meet and confer with Epic regarding redactions where possible.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on May 21 2021 at Oakland, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP