1  CHRISTINE A. VARNEY (*pro hac vice*)
   cvarney@cravath.com
2  KATHERINE B. FORREST (*pro hac vice*)
   kforrest@cravath.com
3  GARY A. BORNSTEIN (*pro hac vice*)
   gbornstein@cravath.com
4  J. WESLEY EARNHARDT (*pro hac vice*)
   wearnhardt@cravath.com
5  YONATAN EVEN (*pro hac vice*)
   yeven@cravath.com
6  LAUREN A. MOSKOWITZ (*pro hac vice*)
   lmoskowitz@cravath.com
7  JUSTIN C. CLARKE (*pro hac vice*)
   jcclarke@cravath.com
8  **CRAVATH, SWAINE & MOORE LLP**
   825 Eighth Avenue
9  New York, New York 10019
   Telephone: (212) 474-1000
10 Facsimile: (212) 474-3700

11 PAUL J. RIEHLE (SBN 115199)
   paul.riehle@faegredrinker.com
12 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center
13 San Francisco, California 94111
   Telephone: (415) 591-7500
14 Facsimile: (415) 591-7510

15 *Attorneys for Plaintiff and Counter-defendant*
   *Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>Plaintiff, Counter-defendant,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**EPIC'S ADMINISTRATIVE MOTION TO SEAL LIMITED PORTIONS OF THE PARTIES' TRIAL EXHIBITS AND ANY REFERENCES AT TRIAL TO THE INFORMATION SOUGHT TO BE SEALED**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

1   Pursuant to Civil Local Rules 7-11 and 79-5(d), Epic hereby moves the Court for an administrative order sealing certain limited portions of one of the parties' trial exhibits (DX-4133) and prohibiting public references at trial to the information sought to be sealed.  On May 5, 2021, Epic filed a motion to seal potential trial exhibits (the "Prior Sealing Motion"), with a supporting declaration of Joseph Kreiner.  *See* Dkt. 596.  On May 12, 2021, the Court issued Trial Order No. 5, ordering the parties to file an administrative motion by 6:00 PM PDT on Friday, May 21, 2021 for any exhibits admitted into evidence for the past week and for which they seek to seal in whole or in part.  *See* Dkt. 643.  This motion is filed in response to that Order.

Exhibit DX-4133 is sealable under controlling authorities and the Local Rules.  *See* L. R. 79-5 (defining "sealable" "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise entitled to protection under the law").  In particular, DX-4133 contains confidential revenue and financial information of two third parties.

Accordingly, Epic moves to seal limited portions of DX-4133.  Epic's requests are narrowly tailored.  Epic has limited its request to seal to individual pages containing the information identified by the relevant third parties as sensitive, thereby making it possible for public redacted versions of the materials to be made available.

**ARGUMENT**

Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  The test applied is whether "compelling reasons supported by specific factual findings . . . outweigh . . . the public policies favoring disclosure."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (internal quotation and citation omitted).  In the interest of brevity, Epic refers to the further discussion of legal authorities set forth in the prior Sealing Motion.  *See* Dkt. 596.

As the Court has noted:  "[T]he standard is more lenient when the information concerns third parties, but this is not dispositive.  The third-party information must be balanced

with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis." Dkt. 547 (Pretrial Order No. 7 Re: Third Party Administrative Motions To Seal, at 2). With respect to third-party information, Epic seeks to seal only information that reflects sensitive business information of its third-party business partners which, if revealed, could impact those third parties' competitive standing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Epic refers to the further discussion and citations in the accompanying Kreiner Declaration.

The trial exhibit containing third-party information that is sealable is as follows:

<u>DX-4133</u>: This document is an internal Epic presentation called "PS4 Cross-Play Data." Epic seeks to seal confidential business information of third-parties, including confidential third-party revenue information. The information that Epic seeks to seal is on pages EPIC_00127930-37, EPIC_00127939-40 and EPIC_00127943-44.

For the foregoing reasons and the reasons set forth in the Kreiner Declaration, the Prior sealing Motion and its accompanying declaration from Mr. Kreiner, Epic respectfully requests that the Court seal the identified information.

Dated: May 21, 2021

Respectfully submitted,

By: */s/ Justin C. Clarke*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510


**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
J. Wesley Earnhardt (*pro hac vice*)
wearnhardt@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke
jcclarke@cravath.com
M. Brent Byars
mbyars@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

***Attorneys for Plaintiff and Counter-defendant* EPIC GAMES, INC.**