THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EX. EXPERT 1** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EX. EXPERT 1, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in response to Epic's Administrative Motion to Seal Portions of Ex. Expert 1 (Dkt. 699). Specifically, Apple joins Epic's Administrative Motion to Seal Portions of Ex. Expert 1.

3. Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents attached to a dispositive motion or presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

4. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EX. EXPERT 1, 4:20-CV-05640-YGR

5. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

6. The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed Dr. Evans's opening written direct testimony and proposes two additional redactions beyond those that the Court addressed and granted in Trial Order 4.

7. These additional portions of Dr. Evans's testimony contain non-public financial information of the sort that the Court has already sealed elsewhere in Dr. Evans's opening testimony. The public disclosure of such information would cause Apple economic harm and put it at competitive disadvantage. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). It would give Apple's competition confidential information about Apple's business model and strategy. *Apple Inc. v. Samsung Electronics Co., Ltd*., 727 F.3d 1214, 1225 (Fed. Cir. 2013) (concluding the district court abused its discretion in denying a motion to seal about "profit, cost, and margin data").

8. The information Apple seeks to protect is foundational to its business, and Apple has exerted great effort and undertaken substantial expense to protect such information. Apple has narrowly tailored its sealing request so as to maximize the public's access to court proceedings without jeopardizing Apple's business interests.

9. Specifically, as identified below by reference to this paragraph, Apple seeks to seal estimates and calculations made by Dr. Evans using non-public App Store transaction data. Disclosure of this information about the inner workings of the App Store would give Apple's competitors an unfair insight into Apple's business model and strategy, putting Apple at a competitive disadvantage.

10. I have met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process has resulted in further narrowing the amount of designated confidential material and

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EX. EXPERT 1, 4:20-CV-05640-YGR

consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential.

11. Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein, highlighted in blue in the attached unredacted version.

| Document or Portion of Document Sought to be Sealed | Reason for Redaction / Evidence Offered In Support of Sealing |
|---|---|
| Evans Opening ¶ 151 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 7–9 |
| Evans Opening Table 4 | Contains non-public financial information that, if disclosed, would put Apple at a competitive disadvantage / Brass Decl. ¶¶ 7–9 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on May 24, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN RESPONSE TO EPIC GAMES, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EX. EXPERT 1, 4:20-CV-05640-YGR