| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>    tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>    rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>    dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>    jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)<br>    vmoye@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900 | MARK A. PERRY, SBN 212532<br>    mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>    crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>ETHAN DETTMER, SBN 196046<br>    edettmer@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-cv-05640-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Partially Seal Its Findings of Fact and Conclusions of Law.

2. Federal Rule of Civil Procedure 26(c), generally, provides the "compelling reasons" standard for the purposes of sealing documents attached to a dispositive motion or presented at trial. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The test applied is whether a party has articulated compelling reasons "that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79.

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will be quick to pounce on any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

4. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

5. The Court has expressed a desire for these proceedings to be public. To that end, Apple has carefully reviewed its Proposed Findings of Fact and Conclusions of Law and now proposes only to seal information which has been previously ordered sealed by the Court.

6. Throughout the trial in this matter, I met and conferred in good faith with counsel for Epic, including by telephone, in an effort to narrow the documents and testimony that the parties propose to maintain under seal. This process resulted in narrowing the amount of designated confidential material and consequently reduced the need for provisional sealing (pursuant to Local Rule 79-5(e)) of material designated by the other party as confidential. The redacted versions of the Findings of Fact and Conclusions of Law reflect the results of that negotiation.

7. However, the parties have not had an opportunity to inspect the opposing party's Findings of Fact and Conclusions of Law. In addition, the parties have requested the provisional sealing of certain information in which third parties may have confidentiality interests (whether the party's information was produced by such third party or by one of the parties). It is thus not feasible at this time for the parties to execute a stipulation of sealing.

8. Below is a chart detailing the specific items of Apple's that are sealable for the reasons explained herein, highlighted in yellow in the attached unredacted version.

| Paragraph of Proposed Findings of Fact | Reason for Redaction |
|---|---|
| 118.1 | Previously ordered sealed. *See* Dkt. 613. |
| 138 | Previously ordered sealed. *See* Dkt. 613. |
| 225 | Previously ordered sealed. *See* Dkt. 614. |
| 343 | Previously ordered sealed. *See* Dkt. 613, 614. |
| 347 | Previously ordered sealed. *See* Dkt. 715. |
| 360 | Previously ordered sealed. *See* Dkt. 715. |
| 363 | Previously ordered sealed. *See* Dkt. 715. |
| 399.6 | Previously ordered sealed. *See* Dkt. 715. |
| 481 | Part of sealed trial transcript. |
| 491 | Part of sealed trial transcript. |
| 498 | Previously ordered sealed. *See* Dkt. 614. |
| 590 | Previously ordered sealed. *See* Dkt. 715. |
| 669 | Previously ordered sealed. *See* Dkt. 614. |

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

9. Pursuant to Local Rule 79-5(e), below is a list reflecting the information designated by other parties as confidential, on which Apple takes no position, highlighted in blue in the attached unredacted version:

| Paragraph of Findings of Fact | Reason for Redaction |
|---|---|
| 142 | Previously ordered sealed. *See* Dkt. 614. |
| 143 | Previously ordered sealed. *See* Dkt. 614. |
| 165.4 | Previously ordered sealed. *See* Dkt. 715. |
| 232 | Previously ordered sealed. *See* Dkt. 564. |
| 249.19.1 | Previously ordered sealed. *See* Dkt. 715. |
| 249.19.3 | Previously ordered sealed, *see* Dkt. 613 and 564, and part of sealed trial transcript. |
| 267.1 | Previously ordered sealed. *See* Dkt. 613. |
| 271.2 | Part of sealed trial transcript. |
| 273.1 | Part of sealed trial transcript. |
| 332 | Information derived from DX-4909 which was previously ordered sealed. *See* Dkt. 547. |
| 344.1 | Previously ordered sealed. *See* Dkt. 547. |
| 355.2 | Portions previously ordered sealed, *see* Dkt. 715, and portion related to DX-3437 which the Court indicated it was inclined to seal, *see* Dkt. 564. |
| 356 | Samsung previously moved to seal DX-4335, and portions of DX-4457 were previously ordered sealed. *See* Dkt. 564. |
| 363 | Previously ordered sealed. *See* Dkt. 614. |
| 372 | Epic previously moved to seal. *See* Dkt. 731. |
| 380.1 | Previously ordered sealed, *see* Dkt. 547, and part of sealed trial transcript. |
| 381 | Previously ordered sealed as to part, *see* Dkt. 547 and 715, Court indicated it was inclined to seal as to part, *see* Dkt. 547, and Epic or Third Party designation. |
| 399.2 | The Court indicated it was inclined to seal. *See* Dkt. 547. |
| 399.3 | The Court indicated it was inclined to seal. *See* Dkt. 547. |
| 477 | Previously ordered sealed, *see* Dkt. 613, and part of sealed trial transcript. |
| 505 | Previously ordered sealed. *See* Dkt. 547. |
| 518.2 | Epic previously moved to seal. *See* Dkt. 731. |
| 534.3 | Previously ordered sealed. *See* Dkt. 613. |
| 536 | Previously ordered sealed. *See* Dkt. 547 |
| 593 | Previously ordered sealed. *See* Dkt. 614. |
| 657 | Part of sealed trial transcript. |
| 697.1 | Previously ordered sealed, *see* Dkt. 613, and part of sealed trial transcript. |
| **Paragraph of Conclusions of Law** | **Reason for Redaction** |
| 42 | Information derived from DX-3918 which was previously ordered sealed. *See* Dkt. 564. |

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on May 28, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

4
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, 4:20-CV-05640-YGR