ASIM M. BHANSALI (SBN 194925)
abhansali@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350

Attorneys for Non-Party
Google, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>  Plaintiff, Counter-defendant, <br><br> vs. <br><br> APPLE INC., <br><br>  Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH <br><br> **DECLARATION OF ANDREW ROPE IN SUPPORT OF SEALING PORTIONS PROPOSED TRIAL TESTIMONY** <br><br> The Honorable Yvonne Gonzalez Rogers <br><br> Trial: May 3, 2021 |

I, Andrew Rope, declare as follows:

1. I am currently a Senior Legal Project Manager for non-party Google, LLC. I have been employed by Google since February 2018 and have held my current position since July 2019. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration in support of sealing portions of certain trial testimony that is the subject of Motions to Seal filed by Apple Inc. and Epic Games Inc., ECF 489, 491, 505, 509. This testimony reveals confidential information produced by Google pursuant to a third-party subpoena.

3. The contents of this declaration are true and correct to the best of my knowledge, information and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify competently thereto.

4. Google follows a strict practice that requires confidential treatment of all internal business analyses of consumer spending and revenue, market conditions and opportunities, future strategic business plans, security risks, and potential growth opportunities. In my experience and to the best of my knowledge, Google does not disclose internal documents of this nature outside of the company.

5. The disclosure of Google's confidential internal business analyses, revenue breakdowns, and security processes could significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and could place it at a disadvantage with competitors who could use Google's confidential analyses to their advantage in competition with Google. Public disclosure could further enable malefactors to create or exploit security risks on consumer devices. These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6. To the best of my knowledge, the following information in the trial testimony proposed by Apple and Epic, which reveals confidential materials Google produced in response to a third-party subpoena, contain sensitive and confidential Google information that Google has both good cause and compelling reasons to seal. Google has separately moved to seal the underlying documents that it produced which contain the confidential information at issue in the trial testimony. ECF 506, 507.

**Specific Proposed Trial Testimony**

Written Direct Testimony of Dr. David S. Evans, ¶ 88

(Exhibit A)

7. This testimony contains and reflects confidential Google surveys and analyses of consumer information and preferences. If revealed to competitors, they could selectively cite to the findings to disadvantage Google in marketing, and they could take advantage of the costly and detailed internal Google analyses to tailor their own product design and marketing in ways that further disadvantage Google. I have identified and proposed narrow and specific limited redactions only as to those portions of the testimony that contain such sensitive and confidential information, reflected by a red box in Exhibit A.

Written Direct Testimony of Lorin M. Hitt, Ph.D., ¶¶ 184, 209-11, 213 and Figure 46

(EXHIBIT B)

8. The testimony in ¶ 184 and Figure 46 contains non-public data on business revenues, including detailed non-public breakdowns of revenue based on internal classifications. If revealed to competitors and potential business counter-parties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. The testimony in ¶¶ 209-11 and 213 contains and reflects confidential Google surveys and analyses of consumer information and preferences. If revealed to competitors, they could selectively cite to the findings to disadvantage Google in marketing, and they could take advantage of the costly and detailed internal Google analyses to tailor their own product design and marketing in ways that further disadvantage Google. I have identified and proposed narrow and specific limited

redactions only as to those portions of the testimony that contain such sensitive and confidential information, reflected by a red box in Exhibit B.

Written Direct Testimony of Francine Lafontaine, Ph.D., ¶ 100

(EXHIBIT C)

9. This testimony contains non-public data on business revenues, including detailed non-public breakdowns of revenue based on internal classifications. If revealed to competitors and potential business counter-parties, they could use this non-public and confidential information to disadvantage Google in marketing and in negotiations. I have identified and proposed narrow and specific limited redactions only as to those portions of the testimony that contain such sensitive and confidential information, reflected by a red box in Exhibit C.

Written Direct Testimony of Aviel D. Rubin, Ph.D., ¶ 57

(EXHIBIT D)

10. This testimony contains non-public information on Google's procedures for security reviews of apps submitted to the Google Play Store. Public disclosure could enable malefactors to create or exploit security risks on consumer devices. I have identified and proposed narrow and specific limited redactions only as to those portions of the testimony that contain such sensitive and confidential information, reflected by a red box in Exhibit D.

11. To my knowledge, the confidential information discussed above is not publicly known, and Google recognizes and protects the enormous value of this information through its various policies and procedures designed to protect confidential information from disclosure.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on April 29, 2021, in Aptos, California.

*/s/ Andrew Rope*
Andrew Rope

/ / /

/ / /

**ATTESTATION OF CONCURRENCE**

Pursuant to Local Civil Rule 5-1(i)(3), I, Asim Bhansali, attest that I obtained the concurrence of Andrew Rope in the filing of this document. I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: April 30, 2021      /s/ *Asim Bhansali*
                                             Asim Bhansali