1 | JOHN F. COVE, JR. (SBN 212213)
    john.cove@shearman.com
2 | MATTHEW BERKOWITZ (SBN 310426)
    matthew.berkowitz@shearman.com
3 | SHEARMAN & STERLING LLP
    535 Mission Street, 25th Floor
4 | San Francisco, CA  94105-2997
    Telephone:   415.616.1100
5 | Facsimile:    415.616.1199

6 | *Attorneys for Sony Interactive Entertainment LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　*Plaintiff*, *Counter-defendant*,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　*Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF DON SECHLER PURSUANT TO LOCAL RULE 79-5(e)(1) IN RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL ITS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

I, Don Sechler, declare as follows:

1. I am the Vice President and Global Head of Global Partner Development and Relations Business Operations, Planning & Strategy at Sony Interactive Entertainment LLC ("SIE"). I am more than eighteen years of age. Based on my experience with SIE, I am familiar with SIE's protection of its trade secrets and other confidential and proprietary business information.

2. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

3. I understand that counsel for Apple has provided SIE with certain excerpts from its Final Proposed Findings of Fact and Conclusions of Law that contain SIE confidential information. Based on my review of those excerpts, I believe that the following statements in Apple's Final Proposed Findings of Fact and Conclusions of Law contain SIE's highly sensitive, confidential, competitively-valuable information, the public disclosure of which would likely have the effect of causing substantial harm to the competitive position of SIE. SIE restricts dissemination of this information in order to protect its business strategies and contracting terms. For this reason, SIE's contracts with Epic and other game developers require that this information be kept strictly confidential.

4. The second sentence in Paragraph 165.4 purports to describe SIE's supposed restrictions with game developers, citing a confidential agreement between Epic and Sony (DX-3582 at 3) that the Court ordered sealed in relevant part. *See* ECF 715 at 6 ("The Court agrees to limited proposed redactions, which request sealing of specialized terms in an agreement between Epic Games and Sony."). As I stated in my declaration of April 12, 2021 (ECF 444-1), while I do not agree that Apple's statement is an accurate characterization of what it purports to describe, this statement nevertheless could provide SIE's competitors or other contracting counterparties with information regarding SIE's confidential business strategies and negotiations of confidential terms with Epic and other game developers and would likely cause competitive harm if disclosed. *See* ECF 444-1 ¶ 4. Therefore, on behalf of SIE, I respectfully request that the second sentence in Paragraph 165.4 remain sealed.

5. The first clause of the third sentence of Paragraph 355.2 purports to reveal specific contractual terms with Epic, relying on portions of two agreements between Epic and SIE (DX-4493 at 2 and DX-4519 at 2–3). I previously submitted a declaration on May 14, 2021 in support of keeping certain portions of these agreements sealed (ECF 663-1 ¶¶ 8, 10), which the court granted as to these agreements. ECF 715 at 6 ("The Court agrees to limited proposed redactions, which request sealing of specialized terms in an agreement between Epic Games and Sony."). As I explained in my declaration of May 14, 2021, public disclosure of specific contractual terms with a specific developer that reflect SIE's confidential business strategies and negotiations of confidential terms with Epic and other game developers would likely cause competitive harm if disclosed to SIE's competitors or adversely impact SIE in future negotiations with game developers. Therefore, on behalf of SIE, I respectfully request that the first clause of the third sentence of Paragraph 355.2 (prior to the phrase "and pay . . .") remain sealed. I also note that although the second clause of the third sentence of Paragraph 355.2 (beginning with "and pay . . .") purports to be based on the testimony of Mr. Sweeney, it does not appear to accurately reflect the cited testimony or the underlying contractual obligations.

6. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of June, 2021.

*/s/ Don Sechler*

DON SECHLER