1   PAUL J. RIEHLE (SBN 115199)
    paul.riehle@faegredrinker.com
2   **FAEGRE DRINKER BIDDLE & REATH LLP**
    Four Embarcadero Center
3   27th Floor San Francisco, CA 94111
    Telephone: (415) 591-7500
4   Facsimile: (415) 591-7510

5   CHRISTINE A. VARNEY (*pro hac vice*)
    cvarney@cravath.com
6   KATHERINE B. FORREST (*pro hac vice*)
    kforrest@cravath.com
7   GARY A. BORNSTEIN (*pro hac vice*)
    gbornstein@cravath.com
8   YONATAN EVEN (*pro hac vice*)
    yeven@cravath.com
9   LAUREN A. MOSKOWITZ (*pro hac vice*)
    lmoskowitz@cravath.com
10  JUSTIN C. CLARKE (*pro hac vice*)
    jcclarke@cravath.com
11  M. BRENT BYARS (*pro hac vice*)
    mbyars@cravath.com
12  **CRAVATH, SWAINE & MOORE LLP**
    825 Eighth Avenue
13  New York, New York 10019
    Telephone: (212) 474-1000
14  Facsimile: (212) 474-3700

15  *Attorneys for Plaintiff and Counter-defendant*
    *Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff, Counter-defendant, | **EPIC GAMES, INC.'S OBJECTIONS TO APPLE INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| APPLE INC., | The Honorable Yvonne Gonzalez Rogers |
| Defendant, Counterclaimant. | Trial: May 3, 2021 |

  Pursuant to Pretrial Order No. 3 ¶ 7 (ECF No. 389), Epic Games, Inc. ("Epic") hereby lodges the following objections to Apple Inc.'s Proposed Findings of Fact and Conclusions of Law (ECF No. 779-1), filed on May 28, 2021.  Epic disclosed its objections to Apple Inc. ("Apple") on June 1, 2021, and the Parties have resolved certain of these objections, as set forth in Apple's errata submitted to the Court on June 8, 2021.  The Parties have been unable to reach agreement as to the resolution of the objections set forth herein, which, without conceding the accuracy of any other changes made by Apple:  (i) relate solely to changes made by Apple in its May 28, 2021 filing (as compared to Apple's last-submitted May 21, 2021 Proposed Findings of Fact and Conclusions of Law); and (ii) meet the standard for objections as set forth by the Court at the April 21, 2021 Pretrial Hearing (Hearing Tr. 51:4-52:16).

  <u>Findings of Fact ¶ 168.1</u>.  Apple claims that, regarding developer complaints about the App Store, "Epic focused exclusively on figures related to one narrow issue—search and discoverability—which . . . almost always leaves some developers dissatisfied".  (No. 779-1 ¶ 168.1.)  That is incorrect.  In addition to search and discoverability, Epic focused on survey data showing that "developers don't believe that the App Store enables profitability of their apps" (Fischer Trial Tr. 879:23-880:1; PX-2284.6) and that developers believe that Apple "play[s] favorites" and doesn't "apply[] the same rules to all apps" (Fischer Trial Tr. 887:4-7, 887:11-15; PX-2062.2).  Epic also highlighted developer complaints regarding App Review delays (Kosmynka Trial Tr. 1002:11-14), low ratings for the App Store's provision of tools developers "need to successfully market apps" (DX-3800.073-.074; ECF No. 777-3 ¶ 324) and Apple's deficiencies with respect to refunds, among others (Ex. Depo. 12 at 128:8-25 (Gray); Simon Trial Tr. 372:9-373:3; PX-2062.1, .7.)

  <u>Findings of Fact ¶ 602</u>.  Apple claims that "The challenged licensing terms do not restrain any competition that would occur in the absence of the DPLA."  (ECF No. 779-1 ¶ 602.)  Epic objects to this paragraph because it purportedly relies on Mr. Malackowski's written direct testimony, but this assertion appears to have been repurposed verbatim from Dr. Rubinfeld's written direct testimony, which Apple withdrew. (*Compare* ECF No. 405 ¶ 602, *with* ECF No. 779-1 ¶ 602.)  The cited paragraphs of Mr. Malackowski's written direct

testimony do not discuss, much less support, any proposition concerning competition in the absence of the DPLA.  (*See* Ex. Expert 12 (Malackowski) ¶¶ 51, 54.)  Nowhere in Mr. Malackowski's testimony does he address any economic principles regarding competition associated with the DPLA.  Indeed, he was proffered as an expert on intellectual property valuation and licensing, not economics.  (*See* Malackowski Trial Tr. at 3603:24-3604:3; Ex. Expert 12 (Malackowski) ¶ 1.)

<u>Findings of Fact ¶ 618.</u>  This paragraph relies on expert testimony that the Court has stricken.  Specifically, in reliance on paragraph 84 of Dr. Rubin's written direct testimony, Apple claims that "[m]any third-party app stores simply lack the . . . incentives to conduct the same level of review and analysis as Apple" and that "[o]thers do not have the same standards for privacy and may have economic incentives to affirmatively lower the level of review."  (ECF No. 779-1 ¶ 618.)  Epic objects because the Court struck the portion of paragraph 84 that discusses "the incentives of third-party stores" and how they purportedly "drive [third-party stores] to deliberately adopt a standard lower than Apple's [App Review]."  (*See* Trial Tr. 3511:1-12.)

<u>Conclusions of Law ¶ 600.</u>  Apple claims that "Epic does not challenge the anti-steering provisions in its UCL cause of action".  (ECF No. 779-1 ¶ 600.)  This is incorrect.  First, Epic challenged these provisions under the California Unfair Competition Law in Count 10 of the Complaint.  (*See* ECF No. 1 ¶¶ 285-291.)  Paragraph 285 of the Complaint references preceding portions of the Complaint, which includes Paragraph 130.  This paragraph describes Apple's policy that "[a]pps and their metadata may not include buttons, external links, or other calls to action that direct customers to purchasing mechanisms other than in-app purchase". (*Id.* ¶ 130.)  Second, in its Findings of Fact and Conclusions of Law, Epic challenges Apple's conduct in the iOS In-App Payment Solutions Market under the UCL.  (*See, e.g.*, Epic's Conclusions of Law, ECF No. 777-3 ¶¶ 449, 454; *see also id.* ¶ 93, Epic's Findings of Fact, ECF No. 777-3 ¶¶ 368, 419 (discussing anti-steering provisions).)

-3-
EPIC GAMES, INC.'S OBJECTIONS TO APPLE INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. 4:20-cv-05640-YGR-TSH

Dated: June 8, 2021

CRAVATH, SWAINE & MOORE LLP

Christine Varney
Katherine B. Forrest
Gary A. Bornstein
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
M. Brent Byars

FAEGRE DRINKER BIDDLE & REATH LLP

Paul J. Riehle

Respectfully submitted,

By:   */s/ Gary A. Bornstein*
         Gary A. Bornstein

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*