**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EPIC GAMES, INC.,**<br><br>          Plaintiff,<br><br>vs.<br><br>**APPLE INC.,**<br><br>          Defendant.<br><br>**AND RELATED COUNTERCLAIM** | Case No.  4:20-cv-05640-YGR<br><br>**POSTTRIAL ORDER NO. 1 RE: (1) ORDER GRANTING PENDING STIPULATION; (2) SONY INTERACTIVE ENTERTAINMENT LLC'S ADMINISTRATIVE MOTION TO CLARIFY; (3) FINAL SEALING REQUESTS; AND (4) DEFERRED DOCUMENTS**<br><br>Re: Dkt. Nos. 699, 729, 730, 731, 735, 739, 740, 741, 747 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court issues this Order with respect to several items on the docket:

1. **Pending Stipulations**

Having reviewed the pending stipulation on the docket, and for the good cause shown therein, the Court **GRANTS** the following pending stipulation:

- Dkt. No. 741
    - Pursuant to the parties' stipulation, the following exhibits are deemed **WITHDRAWN**: PX-0009, PX-1164, PX-1165, PX-2090 PX-2118, PX-2174, PX-2309, PX-2337, PX-2350, PX-2378, PX-2500, PX-2508, PX-2534, PX-2535, and PX-2826.

United States District Court
Northern District of California

2.  **Sony Interactive Entertainment LLC Administrative Motion for Clarification Re:**

   **Trial Order No. 7 (Sealing Request Clarification) (Dkt. No. 739)**

   Sony Interactive Entertainment LLC has filed an administrative motion for clarification of Trial Order No. 7, specifically regarding DX-3660.  Having reviewed Trial Order No. 7, the Court finds that there was a typographical error in Trial Order No. 7.  Thus, the Court AMENDS the ruling on Sony's sealing request as to DX-3660 and the last bullet point to read as follows: "The remainder of the document is otherwise appropriately sealed."  This sentence shall replace the last bullet point regarding DX-3660.  Accordingly, the Court clarifies that the sentence defining "Competitive Platform" shall be unredacted, but the remaining proposed redactions are appropriately sealed.

3.  **Final Sealing Requests**

   The Court has received several final requests to seal from the parties, as well as declarations in support of these requests from the parties and non-parties.  As the Court explained in Pretrial Orders 7 and 9, as well as Trial Orders 1, 5, and 7:

>   Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  In general, a "strong presumption in favor of access" to court records exists, especially during trial.  At times, compelling reasons which are "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets."  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").
>
>   Here, and importantly, the gravamen of this case *is* business competition, including whether competition exists; if so, among which players; and how such competition influences the market.  The Court understands that the standard is more lenient when the information concerns third parties, but this is not dispositive.  The third-party information must be balanced with the Court's ultimate resolution of the instant dispute which should be transparent in its analysis.  Accordingly, the Court makes the following findings based upon the current state of the record:[1]

---

[1] Litigants are advised that if the Court ultimately decides that certain information is

2

(Dkt. No. 547 at 1-2; Dkt. No. 564 at 1-2; Dkt. No. 594 at 2-3; Dkt. No. 643 at 2-3; Dkt. No. 715 at 2-3.)[2]   With this prior framework in mind, the Court addresses the below administrative motions to seal.

    a.   <u>Epic Games Inc.'s Administrative Motion to Seal Re: Ex. Expert 1 (Dkt. No. 699)</u>

The Court **GRANTS** this administrative motion <u>except</u> as follows:

- Paragraph 88: these proposed redactions shall be unsealed and unredacted.

    b.   <u>Apple Inc.'s Administrative Motions to Seal (Dkt. Nos. 729, 730, 735 ,740, 747)</u>

These motions are **GRANTED** as to all documents <u>except</u> for:

- PX-1922, PX-1017
  - The proposed redactions are appropriately sealed at this time. Apple is on notice that the Court may cite to sealed portions in these documents in any final order on the merits.
- PX-2302.
  - 2302.12: the slide redactions are appropriately sealed.  The first sentence and the last sentence in the notes are appropriately sealed.  The second and third sentences shall be unredacted.
  - 2302.22: the slide redactions are appropriately sealed.  The notes shall be

---

important to disclose which has been sealed, it will provide an opportunity for the moving party to respond.

[2]  The Court similarly stated in Trial Order No. 3:

> Trial records enjoy a "strong presumption in favor of access" that can only be overcome by "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178- 79 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

(Dkt. No. 613 at 1.)

United States District Court
Northern District of California

1    unreacted except that the percentage referenced shall remain redacted at this

2    time.

3        ○   2302.41: the slide redactions are appropriately sealed.  The notes shall be

4            unredacted.

5        ○   2302.42: the slide redactions are appropriately sealed.  The first paragraph

6            in the notes section shall be unredacted except that the referenced monetary

7            amount shall be redacted and sealed.

8        ○   The remainder of the proposed redactions in this document are

9            appropriately sealed at this time.

10       •   The remainder of the proposed redactions are appropriately sealed.

11   c.  <u>Epic Games' Administrative Motion to Seal (Dkt. No. 731)</u>

12       The motion is **GRANTED** as to the Epic Games' request to partially seal DX-4133.  Epic

13   Games is on notice that the Court may cite to sealed portions in any final order on the merits.

14   **4.  Previously Deferred Sealed Requests**

15       The Court previously deferred consideration of several documents, including party specific

16   contracts, Google LLC consumer survey reports, and other documents involving Epic Games.  To

17   the extent that the Court has not already ruled on these requests, these requests to seal are

18   **GRANTED** as so requested by the parties or non-parties.

19       This Order terminates Docket Numbers 699, 729, 730, 731, 735, 739, 740, 741, and 747.

20       **IT IS SO ORDERED.**

21   Dated: June 9, 2021

                                                                _____
22                                                              **YVONNE GONZALEZ ROGERS**
                                                                **UNITED STATES DISTRICT JUDGE**
23

24

25

26

27

28

4