BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH<br><br>**ORDER GRANTING [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NIANTIC, INC.**<br><br>Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No. 4:19-cv-03074-YGR-TSH |
| EPIC GAMES, INC.,<br><br>  Plaintiff and Counter-defendant,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH |

28

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

A. **GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Niantic[1], and nothing herein shall provide any rights or protections to the Parties to the Litigations[2] beyond those set forth in the Protective Order.

A. **ADDITIONAL DEFINITIONS**

1. Business Consultant: a consultant advising on or involved in competitive decision-making.

2. Party Expert: with respect to "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Niantic, or of any Niantic competitor, or otherwise currently involved in competitive decision- making for a Party, Niantic, or for any Niantic competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Niantic, or

---

[1] The term "Niantic" shall include any entity that responds to subpoenas served on Niantic, Inc. in the Litigations. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Niantic, Inc. and its subsidiaries

[2] Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640.

Niantic's competitor, or otherwise been involved in competitive decision-making for a Party, Niantic, or Niantic's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Niantic, or of any Niantic competitor, or to be otherwise involved in competitive decision-making for a Party or for any Niantic competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Niantic or any Niantic competitor, or otherwise involved in competitive decision-making for Niantic or any Niantic competitor, the Party learning such information shall promptly disclose the information to Niantic.

3. <u>"NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items" produced by Niantic and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Niantic's data protection practices and security protocols or other matters related to data security or privacy; evaluation of the strengths and vulnerabilities of Niantic's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Niantic or competitors to Niantic; non-public intellectual property information; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Niantic's legal positions or theories or other matters; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**C. ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF NIANTIC PROTECTED MATERIALS**

1. <u>Manner of Designating "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE</u>

2

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM NIANTIC, INC.
Case Nos. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental Protective Order requires:

    a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Niantic affix the legend "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Niantic seeks protection under this Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, Niantic also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    If Niantic makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, Niantic must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Niantic must affix the appropriate legend ("NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Niantic also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b)    for testimony given in deposition or in other pretrial proceedings not involving the Court, that Niantic identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Niantic may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective

Order. Alternatively, Niantic may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial, Niantic can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.

Niantic and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Niantic shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

c) for information produced in some form other than documentary and for any other tangible items, that Niantic affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, Niantic, to the extent practicable, shall identify the protected portion(s).

2. Disclosure of "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

4

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM NIANTIC, INC.
Case Nos. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by Niantic, a Party may disclose any information or item designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

    (a)    the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

    (b)    Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)    the Court and its personnel;

    (d)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

    (e)    the author or recipient of a document containing the information.

All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Unless otherwise ordered by the Court or expressly permitted by Niantic, no Party seeking to introduce documents or information designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

5

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM NIANTIC, INC.
Case Nos. 4:11-CV-06714-YGR-TSH, 4:19-CV-03074-YGR-TSH, 4:20-CV-05640-YGR-TSH

**IT IS SO ORDERED.**

DATED: ~~May~~ __June 25,__ 2021

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

27304