1  BETSY C. MANIFOLD (182450)
   RACHELE R. BYRD (190634)
2  BRITTANY N. DEJONG (258766)
   **WOLF HALDENSTEIN ADLER**
3   **FREEMAN & HERZ LLP**
   750 B Street, Suite 1820
4  San Diego, CA 92101
   Telephone: 619/239-4599
5  Facsimile: 619/234-4599
   manifold@whafh.com
6  byrd@whafh.com
   dejong@whafh.com
7
   *Interim Class Counsel for the*
8  *Consumer Plaintiffs*

9                **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                      **OAKLAND DIVISION**

| | |
|---|---|
| 12  IN RE APPLE IPHONE ANTITRUST <br> LITIGATION <br> 13 <br> 14 <br> 15 <br> 16 | Case No. 4:11-cv-06714-YGR-TSH <br><br> **ORDER GRANTING [PROPOSED]** <br> **SUPPLEMENTAL PROTECTIVE** <br> **ORDER GOVERNING DISCOVERY** <br> **FROM ELECTRONIC ARTS INC.** <br><br> Hon. Yvonne Gonzalez Rogers |
| 17  DONALD R. CAMERON, *et al.*, <br> 18        Plaintiffs, <br> 19 <br>        v. <br> 20  APPLE INC., <br> 21        Defendant. | Case No. 4:19-cv-03074-YGR-TSH |
| 22  EPIC GAMES, INC., <br> 23        Plaintiff and Counter-defendant, <br> 24 <br>        v. <br> 25  APPLE INC., <br> 26        Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH |

27

28

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

A. **GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Electronic Arts Inc. ("EA"), and nothing herein shall provide any rights or protections to the Parties to the Litigations[1] beyond those set forth in the Protective Order.

B. **ADDITIONAL DEFINITIONS**

1. <u>Business Consultant</u>: a consultant advising on or involved in competitive decision-making.

2. <u>Party Expert</u>: with respect to the "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" designation, a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigations; (2) is not a current employee or current Business Consultant of a Party, EA, or any EA competitor, or otherwise currently involved in competitive decision-making for a Party, EA, or any EA competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of

---

[1] Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640.

1

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM ELECTRONIC ARTS INC.
Case Nos. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH

a Party, EA, or any EA competitor, or otherwise been involved in competitive decision-making

for a Party, EA, or any EA competitor; and (4) at the time of retention, is not anticipated to

become an employee or Business Consultant of a Party, EA, or any EA competitor, or to be

otherwise involved in competitive decision-making for a Party, EA, or any EA competitor. If,

while the Litigations are pending, a Party learns that any of its retained experts or consultants as

defined herein is anticipating to become, or has become, an employee or Business Consultant of

EA or any EA competitor, or otherwise involved in competitive decision-making for EA or any

EA competitor, the Party learning such information shall promptly disclose the information to

EA.

     3.    <u>"EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"</u>

<u>Information or Items</u>: extremely sensitive "Confidential Information or Items" produced by EA

and that contain algorithms and source code; non-public, commercially sensitive customer lists or

communications; non-public financial, marketing, or strategic business planning information;

past, current, or future non-public information regarding prices, costs, margins, or other financial

metrics; information relating to research, development, testing of, or plans for existing or

proposed future products; non-public information concerning EA's data protection practices and

security protocols; evaluation of the strengths and vulnerability of EA's product offerings,

including non-public pricing and cost information; confidential contractual terms, proposed

contractual terms, or negotiating positions (including internal deliberations about negotiating

positions) taken with respect to EA or competitors to EA; information relating to pending or

abandoned patent applications that have not been made available to the public; confidential

submissions to governmental entities describing EA's legal positions or theories; personnel files;

sensitive personally identifiable information; and communications that disclose any such

information.

**C.**    **<u>ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF EA</u>**

       **<u>PROTECTED MATERIALS</u>**

     1.    <u>Manner of Designating "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL</u>

<u>EYES ONLY" Information or Items</u>. To qualify for protection as "EA HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," EA must affix the legend "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which EA seeks protection under this Supplemental Protective Order."

2.  <u>Disclosure of "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by EA, a Party may disclose any information or item designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a)  the Party's Outside Counsel of Record in the Litigations, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

(b)  Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(e)  the author or recipient of a document containing the information.

3.  All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;" except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Unless otherwise ordered by the Court or expressly permitted by EA, no Party seeking to introduce documents or information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

EYES ONLY" into the record at trial may disclose the materials to any persons other than those

identified in Paragraph C.2. of this Supplemental Protective Order. In the event a Party seeks to

introduce documents or information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL EYES ONLY" at trial in a manner that will result in disclosure to persons other than

those specified in Paragraph C.2 of this Supplemental Protective order, the Party shall promptly

notify in writing the EA such that EA may raise any objection.

   **IT IS SO ORDERED.**

            June 25, 2021
DATED: ~~May__~~, 2021        _____
                             HON. YVONNE GONZALEZ ROGERS
                             United States District Court Judge

27290

~~[PROPOSED]~~ SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM ELECTRONIC ARTS INC.
Case Nos. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH