Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>Case No. 4:11-cv-06714-YGR-TSH<br><br>Case No. 4:19-cv-03074-YGR-TSH<br><br>**EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION. | Northern District Civil Local Rule 7-11<br><br>Judge: Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant. | |

Although trial in *Epic v. Apple* has concluded, the parties in the related class actions continue to brief many issues that are, in Apple's words, "fundamentally the same" as those the Court is considering in connection with its post-trial decision. (*Cameron*, Dkt. 379 at 23-24.) At Apple's insistence, however, Epic is in the dark. Despite the Court's statement during the *Epic v. Apple* trial that "One of the reasons why I ordered that class cert . . . be filed was so that I could see what they were saying, all of the developers beyond Mr. Sweeney who are in that class" (Trial Tr. 4084:10-12), Apple created a blockade by withholding the unredacted class certification filings from Epic, and demanding that the class plaintiffs follow suit. It is clear from the publicly available versions of the filings that Apple is making representations and arguments to the Court about the proceedings in *Epic v. Apple* while simultaneously refusing to provide Epic visibility into what is being said. Without leave to amend the Coordination Order, which requires the sharing of expert disclosures, Apple has unilaterally taken the position that "it is no longer appropriate to coordinate discovery efforts with Epic pursuant to the Court's [Coordination] Order". (Bornstein Decl. ¶ 3, Ex. A.) Apple's obstruction is prejudicial and baseless. Epic respectfully requests that the Court grant Epic access to all unredacted filings by Apple and the class plaintiffs in the related class actions.

## BACKGROUND

The Coordination Order governing these related actions requires that "[f]uture discovery requests, future responses to discovery requests, and future discovery produced in response to such requests by parties and non-parties in any of the Related App Store Actions shall be served on counsel for all parties in the Related App Store Actions." (*Cameron*, Dkt. 80, ¶ 2.) It also requires that "all disclosures made pursuant to Fed. R. Civ. P. 26(f) (i.e., initial disclosures ***and expert disclosures***) shall also be served on ***counsel for all parties in the Related App Store Actions***." (*Id.* ¶ 6 (emphasis added).) Consistent with the Coordination Order, as well as the Amended Protective Orders in *Epic v. Apple* and the class actions (*Epic v. Apple*, Dkt. 274; *Pepper*, Dkt. 381; *Cameron*, Dkt. 252), the parties in the related actions have shared confidential information for nearly a year.

On June 1, 2021, shortly after the *Epic v. Apple* trial ended, the class plaintiffs in both

related actions filed their motions for class certification. (*Pepper*, Dkt. 441; *Cameron*, Dkt. 332.) As required by the applicable protective orders, the class plaintiffs made those filings under seal, with redacted versions made publicly available. On the morning of June 2, 2021, after reviewing the public filings and seeing discussion of the record developed at the *Epic v. Apple* trial, Epic requested that the class plaintiffs provide unredacted copies of the class certification papers. The next day, Apple instructed the class plaintiffs not to provide those filings to Epic, notwithstanding that Epic already possesses all or nearly all the documents sought to be sealed or the confidential information the filings discuss. (Bornstein Decl. ¶ 4, Ex. B.) Apple stated that it "sees no reason or basis for Developer Plaintiffs to share their sealed class certification submission with Epic's counsel", and insisted "that Consumer and Developer Plaintiffs [in the related class actions] should not send any new materials to Epic's counsel" created or produced in connection with the related class actions—including all filings and discovery. (*Id.* ¶ 4, Ex. B.) Apple thereby unilaterally, and improperly, purported to terminate the Court's Coordination Order as it applies to Epic.[1]

The parties exchanged letters and telephonically met and conferred, but Apple gave no ground. (*Id.* ¶¶ 5, 6, 8, 9, Exs. C, D.) On August 10 and 11, 2021, Apple filed its oppositions to the class certification motions and related materials. Epic requested Apple's unredacted filings on August 13, 2021, and Apple refused to provide them. (*Id.* ¶ 11, Ex. F.)

**DISCUSSION**

Apple's withholding of the full class certification filings is unjustifiable and prejudicial to Epic. These filings address issues that overlap with the issues presented to the Court in the *Epic v. Apple* trial. While that matter remains *sub judice*, Epic should be able to see what the parties in the class actions are telling the Court, just as Apple can.

The parties in the class actions frequently cite Epic documents and witnesses, characterize the trial record in *Epic v. Apple*, and use Epic as an example. The following

---

[1] Epic's outside counsel possesses the unredacted copies of the Consumer Plaintiffs' class certification motion and the accompanying expert report found at *Pepper*, Dkt. No. 443, which the Consumer Plaintiffs provided before Apple issued its instruction on June 3, 2021. But Epic's outside counsel does not have unredacted copies of any of the other sealed filings.

arguments by Apple are illustrative:

- "Plaintiffs launch fundamentally the same assault as did Epic on Apple's business model—alleging that Apple monopolized a single-brand iOS app distribution market by requiring developers to sell iOS apps through the App Store, and seeking an order forcing Apple to provide a compulsory license to its IP." (*Cameron*, Dkt. 379 at 23-24.)
- "Following roughly in the footsteps of Dr. Evans in the Epic case . . . Professor Economides proceeds to make a set of arbitrary assumptions regarding competitive entry and its consequences for operating profits that are unsupported by economic theory or evidence and employs them to come up with a completely indefensible competitive benchmark rate. Professor Lafontaine's description of Dr. Evans' similar analysis applies here as well: what Professor Economides 'has produced in reality is an algebraic exercise, not an economic analysis.'" (Schmalensee Decl. ¶ 82 (quoting Lafontaine Written Direct ¶113, filed in *Epic v. Apple*).)
- "Even with its below-cost commission, EGS can only attract developers with a spate of incentives, like minimum guarantees, such that Epic's 12% commission does not accurately reflect its pricing." (*Pepper*, Dkt. 479 at 11.)
- "[T]he EGS commission rate [cannot] be divorced from Epic's 'Project Liberty' campaign, including its litigation against Apple." (*Id.* at 12.)

Similarly, Apple's declarations in support of its class certification filings reveal that many of the redacted materials are documents produced by Epic and deposition transcripts of Epic's witnesses. (*See, e.g.*, *Pepper*, Dkt. No. 475 at 1-5 (attaching as support for Apple's filings four deposition transcripts of Epic witnesses and six Epic documents).)[2]

Given the focus on *Epic v. Apple* in the unredacted portions of these filings, it is reasonable to expect there is a similar focus in the redacted portions. And there is a lot of redacted content. For example, Apple filed declarations from seven experts—four of whom

---

[2] More broadly, Apple's discovery strategy in the class actions appears to include re-litigating *Epic v. Apple*. For instance, Apple recently moved to compel production of communications between Epic's counsel and the Developer Plaintiffs' counsel. (*Cameron*, Dkt. 370 (Joint Letter Brief).) Apple has also pressed Microsoft to produce communications with Epic's counsel and even with Epic's experts. (Bornstein Decl. ¶ 7, Ex. E.)

were experts in *Epic v. Apple*—entirely under seal. (*Pepper*, Dkt. 478; *Cameron*, Dkt. 373.) Based on the language Epic is able to see in partially redacted copies containing Epic's confidential information that Apple provided pursuant to Civil Local Rule 79-5(e), it is clear that several of the Apple experts who also testified in *Epic v. Apple* not only rely on their analyses and reports from that matter, but also inappropriately and repeatedly attempt to relitigate their disputes with Epic's experts. Professor Schmalensee frequently purports to characterize the arguments Dr. Evans made in Epic's case, both to criticize them and use them as a benchmark when discussing the views of class plaintiffs' experts. (*E.g.*, Schmalensee Decl. ¶ 78 ("I agree with Professor Elhauge that the way to avoid the inverse *Cellophane Fallacy*, to which Dr. Evans fell victim, is to use an estimate of the competitive price rather than the prevailing price.").) Dr. Hitt repeatedly refers to his *Epic v. Apple* report and attempts to defend his prior arguments. (*E.g.*, Hitt Decl. ¶ 272.) And Drs. Hitt and Willig rely on a study of Epic's data that Dr. Hitt presented in Epic's case. (*Id.* ¶¶ 257-259, App'x D ¶¶ 35-43; Willig Decl. ¶¶ 132-135.) Epic is aware of these examples because they involve Epic's confidential information. But these four declarations contain numerous redactions (presumably mostly for Apple confidential information), and Epic has no access at all to the declarations of the remaining experts, two of whom (Mr. Malackowski and Dr. Rubin) testified in *Epic v. Apple*. Epic is unambiguously entitled to these declarations.

      Apple wishes to equate Epic with a run-of-the-mill third party in the related actions. But that is neither the reality nor the law of the case, where discovery in these proceedings has proceeded jointly under the Coordination Order—including the discovery that produced the information Apple now seeks to hide from Epic. Because Apple (but not Epic) can access the sealed versions of these filings, the parties are on unequal footing. Epic lacks the ability to review for accuracy, or seek corrections of, the class action parties' voluminous assertions about *Epic v. Apple* and Epic's business. By withholding this information from Epic, Apple has manufactured circumstances where it can speak about Epic's business and the *Epic v. Apple* trial record under seal, and Epic has no ability to evaluate Apple's assertions.

      The prejudice to Epic is acute because Apple appears to have used its class certification

filings to relitigate arguments against Epic in a forum where Epic cannot respond or even view Apple's arguments. For example, Apple cites the supposedly "uncontradicted" testimony from Tim Cook about the App Store's P&Ls (*Cameron*, Dkt. 380 at 2), and an expert declaration of James Malackowski—who served as Apple's IP expert in *Epic v. Apple*—to bolster Apple's assertion that its App Store P&Ls are not "fully-burdened" (*Pepper*, Dkt. 479 at 16 n.3). Epic strongly disputed Mr. Cook's testimony about the App Store P&Ls during trial in *Epic v. Apple*, and Mr. Malackowski's declaration appears to contain an attempted rebuttal to the opinions offered by Epic's accounting expert, Ned Barnes, about the App Store P&Ls. Even the redacted declarations Apple provided Epic pursuant to Civil Local Rule 79-5(e) reference analyses of this topic and others that are either largely redacted or found in expert declarations (including Mr. Malackowski's) that Apple did not provide Epic for confidentiality review.

Not only is Apple's position prejudicial to Epic, it is baseless. When asked during a meet and confer what prejudice Apple may suffer if Epic reviewed the unredacted class action filings, Apple suggested Epic might disclose the sealed information to others. Apple has no basis to suggest Epic cannot be trusted to abide by the protective orders. Moreover, Epic already has access to all or nearly all the information beneath the redactions through discovery. Apple's stated concern is pretextual.

Nor has Apple cited authority supporting its position. During meet and confers with Epic, Apple cited two cases where parties sought new discovery after trial. *See Aldridge ex rel. United States v. Corp. Mgmt. Inc.*, 2021 WL 1521697, at *1 (S.D. Miss. Apr. 16, 2021); *CPR Assocs., Inc. v. Se. Pennsylvania Chapter of Am. Heart Ass'n*, 1990 WL 200267, at *2 (E.D. Pa. Dec. 3, 1990). Neither case involved a situation like this, where Epic seeks access to unredacted filings in related cases to prevent Apple from prejudicing Epic in its own case.

## CONCLUSION

For the foregoing reasons, Epic respectfully requests that the Court grant this Motion and order that Epic be provided unredacted versions of all sealed filings by Apple and the class plaintiffs in the related class actions.

| | |
|---|---|
| Dated: August 20, 2021 | CRAVATH, SWAINE & MOORE LLP |
| | Christine Varney (*pro hac vice*)<br>Katherine B. Forrest (*pro hac vice*)<br>Gary A. Bornstein (*pro hac vice*)<br>Yonatan Even (*pro hac vice*)<br>Lauren A. Moskowitz (*pro hac vice*)<br>M. Brent Byars (*pro hac vice*) |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | Paul J. Riehle |
| | Respectfully submitted, |
| | By: /s/ Gary A. Bornstein<br>    Gary A. Bornstein |
| | *Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.* |