Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE
& REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff, Counter-defendant, | Case No. 4:11-cv-06714-YGR-TSH |
| v. | Case No. 4:19-cv-03074-YGR-TSH |
| APPLE INC., | **DECLARATION OF GARY A. BORNSTEIN IN SUPPORT OF EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES** |
| Defendant, Counterclaimant. | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION. | Judge: Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, et al., | |
| Plaintiffs, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

DECLARATION OF GARY A. BORNSTEIN
Case Nos. 4:20-cv-05640-YGR-TSH; 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH

I, Gary A. Bornstein, declare as follows:

1.      I am an attorney licensed to practice in the State of New York and admitted to appear before this Court *pro hac vice* in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR-TSH.  I am a partner at the law firm of Cravath, Swaine & Moore LLP and am one of the attorneys representing Epic Games, Inc. ("Epic") in the above-captioned action.

2.      I submit this declaration in support of Epic's Motion for Administrative Relief to Access Sealed Filings in Related Cases.  The contents of this declaration are based on my personal knowledge except as to matters stated on information and belief.  As to those matters stated on information and belief, I am informed and believe them to be true.  If called to be a witness, I could and would testify competently to the contents of this declaration.

3.      On May 31, 2021, counsel for Defendant Apple Inc. ("Apple") sent a letter by email to counsel for Epic, and the attorneys representing the plaintiffs in the related class actions.  In that letter, Apple's counsel wrote:  "With the conclusion of the trial in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR-TSH (N.D. Cal.), it is no longer appropriate to coordinate discovery efforts with Epic pursuant to the Court's Order Regarding Coordination of Discovery."  A true and correct copy of Apple's May 31, 2021 letter is attached to this declaration as **Exhibit A**.

4.      On June 2, 2021, counsel for the developer plaintiffs asked Apple to "confirm that Apple is not objecting to Developer Plaintiffs sharing their sealed class certification submissions with Epic."  On June 3, 2021, counsel for Apple responded:  "Apple sees no reason or basis for Developer Plaintiffs to share their sealed class certification submission with Epic's counsel.  We want to reiterate that Consumer and Developer Plaintiffs should not send any new materials to Epic's counsel as discovery and trial have already concluded in the Epic matter."  A true and correct copy of these emails is attached to this declaration as **Exhibit B**.

5.      On June 16, 2021, I sent a letter to counsel for Apple responding to its May 31, 2021 letter and June 3, 2021 email.  This letter informed Apple of Epic's position that "Apple has no basis to prevent Epic from receiving the class certification filings" and explained Epic's need for these filings.  The letter also objected to Apple's refusal to "continue producing

1   discovery to Epic pursuant to the terms of the Coordination Order."  A true and correct copy of

2   Epic's June 16, 2021 letter is attached to this declaration as **Exhibit C**.

3           6.      On June 25, 2021, counsel for Apple sent a letter to counsel for Epic responding

4   to my June 16, 2021 letter.  Counsel for Apple wrote that Apple was rejecting Epic's request

5   "that Apple continue producing discovery to Epic pursuant to [the Coordination] Order".

6   Counsel for Apple also wrote that "Apple is under no obligation to allow Epic to receive class

7   certification filings in the related matters" and declined Epic's request to provide the

8   unredacted class certification filings to Epic.  A true and correct copy of Apple's June 25, 2021

9   letter is attached to this declaration as **Exhibit D**.

10          7.      On July 8, 2021, counsel for Apple sent a letter to counsel for non-party

11  Microsoft Corp.  Apple reiterated its previous request for Microsoft's communications with

12  Epic, Epic's counsel, and Epic's experts.  A true and correct copy of Apple's July 8, 2021 letter

13  is attached to this declaration as **Exhibit E**.

14          8.      On July 15, 2021, counsel for Epic and counsel for Apple met and conferred

15  regarding this dispute.

16          9.      On July 21, 2021, counsel for Apple "confirm[ed] Apple's position that Epic is

17  not entitled to continued discovery now that discovery and trial have ended in the Epic case,

18  and having opted out of the developer class, Epic is not entitled to sealed filings from the class

19  actions".

20          10.     On August 10, 2021 and August 11, 2021, Apple filed its oppositions and

21  related pleadings in connection with the consumer and developer plaintiffs' motions for class

22  certification.

23          11.     On August 13, 2021, counsel for Epic sent an email to counsel for Apple

24  seeking unredacted copies of Apple's August 10, 2021 and August 11, 2021 filings.  Later that

25  day, Apple informed counsel for Epic that "Apple's position on this issue is unchanged."  A

26  true and correct copy of these emails is attached to this declaration as **Exhibit F**.

27

28

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

2    true and correct and that I executed this declaration on August 20, 2021, in Riverside,

3    Connecticut.

4

5

6                                                      /s/ Gary A. Bornstein
                                                       Gary A. Bornstein

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28