# Exhibit C

CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
KARA L. MUNGOVAN
MARGARET T. SEGALL
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS

JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA
ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK

———————

PARTNER EMERITUS
SAMUEL C. BUTLER

———————

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1084

WRITER'S EMAIL ADDRESS
gbornstein@cravath.com

June 16, 2021

*Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.)

Dear Counsel:

I write regarding Apple's letter dated May 31, 2021, as well as other correspondence sent by Apple on June 3, 2021, concerning the Coordination Order (*see* 2021.06.03 Email from E. Lazarus to B. Harrington; 2021.06.03 Email from E. Lazarus to J. Greenfield; 2021.06.03 Letter from D. Swanson to G. Bornstein). Apple's correspondence (1) purports to instruct the Class Plaintiffs not "to share their sealed class certification materials with Epic" or to send Epic any "new materials", and (2) asserts that "there is no reason or basis for Epic to receive new productions, including productions of confidential information responsive to discovery requests in the ongoing Class Actions." Apple's objections lack any proper basis and appear calculated to prejudice Epic during the pendency of the related cases. Apple must promptly withdraw its objections and reaffirm it will continue producing discovery to Epic pursuant to the terms of the Coordination Order.

## I. Filings in the Class Actions

Apple has no basis to prevent Epic from receiving the class certification filings. Although the Court will render its judgment in *Epic v. Apple* on the basis of the trial record developed in that case and the parties' arguments, the Court has indicated that it also would consider the arguments made by the Class Plaintiffs, and in particular by the Developer Plaintiffs, while reaching a decision. (Trial Tr. 4084:4-12 ("Apple's not just being sued by Mr. Sweeney and his company, they are being sued by an entire class of developers. . . . One of the reasons why I ordered that class cert to be filed [in the Developer action] was so that I could see what they were saying, all of the developers beyond Mr. Sweeney who are in that class.").) Apple's objection improperly seeks to deny Epic access to information that the Court said it may consider in connection with judgment in the *Epic v. Apple* case.

Epic also needs access to the class certification materials in order to assess whether to seek correction or clarification of assertions by the parties in the related cases. The

class certification filings necessarily will make arguments about and characterize the evidence in the *Epic v. Apple* trial record; indeed, Epic understands that Class Plaintiffs already have made arguments specifically about Epic itself, but even now Epic is unable to fully understand (or, to the extent necessary, evaluate the need to seek to correct) those assertions because Apple unilaterally instructed the Class Plaintiffs not to share their filings with Epic.

Further, the parties have submitted and will submit expert disclosures in support of their class certification materials, and, as further explained below, Epic remains entitled to expert materials served by the parties in the related cases under the Coordination Order, which has not been terminated by the Court.

On the other hand, Apple has no legitimate interest in denying Epic the parties' filings. Class Plaintiffs apparently made their filings under seal because they contain information designated as confidential by Apple, Epic, and others. Otherwise, such materials would of course be publicly available. But Epic's counsel already possesses the confidential information previously produced by Apple and other parties in the related cases, and of course Epic already possesses its own confidential information. There is therefore no basis to withhold these class certification filings from Epic.

## II. Discovery in the Class Actions

Apple has asserted that the conclusion of trial in *Epic v. Apple* renders it "no longer appropriate to coordinate discovery efforts with Epic pursuant to the [Coordination Order]", and that "there is no longer any reason or basis for Epic to receive new productions". (2021.05.31 E. Dettmer Letter re Discovery Coordination; 2021.06.03 Email from E. Lazarus to J. Greenfield.) Apple's position is contrary to the Coordination Order and not otherwise justified.

Pursuant to the parties' practice and the Coordination Order, "[f]uture discovery requests, future responses to discovery requests, and future discovery produced in response to such requests by parties and non-parties in any of the Related App Store Actions shall be served on counsel for all parties in the Related App Store Actions", and "all disclosures made pursuant to Fed. R. Civ. P. 26(f) (i.e., initial disclosures and expert disclosures) shall also be served on counsel for all parties in the Related App Store Actions." (Coordination Order, Case No. 4:19-cv-03074-YGR-TSH, ECF No. 80, at ¶¶ 2, 6.) The Coordination Order does not provide for termination of any of its obligations following the conclusion of trial in any of the Related App Store Actions. Epic understands that the Coordination Order was heavily negotiated. If Apple wanted it to terminate after trial, Apple should have bargained for such a provision. But absent such a provision, Apple and the Class Plaintiffs have a continuing obligation to abide by its terms.

Moreover, contrary to Apple's assertions, the conclusion of trial does not terminate Epic's legitimate interest in any new productions or filings with the Court. With respect to filings with the Court, it would be unfair to deny Epic access to those materials for the same reasons, described above, that it would be unfair to deny access to the class certification materials. In addition, should the ongoing discovery yield new and relevant information prior to judgment, Epic may seek to reopen the trial record so that the Court may take into consideration

such information. *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, 2015 WL 13376679, at *1 (N.D. Cal. Oct. 7, 2015) (Gonzalez Rogers, J.) ("A motion to reopen the trial record is directed to the Court's 'sound discretion.'") (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971)); *see also Osborn v. Griffin*, Nos. 2011-89 (WOB-CJS), 2013-32 (WOB-CJS), 2016 WL 1092672, at *27 (E.D. Ky. Mar. 21, 2016) (granting motion to re-open trial record); *Rowen Petroleum Props., LLC v. Hollywood Tanning Sys., Inc.*, 2013 WL 12303311, at *2 (D.N.J. Sept. 30, 2013) (same); *Cty. of Oakland by Kuhn v. Vista Disposal, Inc.*, 875 F. Supp. 410, 515 (E.D. Mich. 1995) (same).

Even if relevant information were to come to light after judgment, Epic could move to alter or amend the judgment, for relief from the judgment, or to supplement the record on appeal. *See AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, 2016 WL 9107419, at *1 (N.D. Cal. Jan. 7, 2016) (Gonzalez Rogers, J.) ("[A] court may alter or amend a judgment where . . . the moving party presents newly discovered or previously unavailable evidence. . . . A district court enjoys considerable discretion in granting or denying a motion to amend or alter a judgment under Rule 59(e)."); *Solmitz v. United States*, 640 F.2d 1089, 1091 n.1 (9th Cir. 1981) ("The decision whether to amend findings of fact or conclusions of law in light of newly discovered evidence rests within the discretion of the district court."); *Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) (The appellate court may "exercise inherent authority to supplement the record in extraordinary cases".).

To be clear, Epic does not intend to pursue additional discovery at this time, or to re-open and keep open the trial record perpetually. But to the extent such discovery occurs in the class actions, Epic is entitled to receive it.

Finally, Apple has acted inconsistently with its own position in at least two ways.

*First*, on March 19, 2021, Apple served a subpoena on Epic's expert, Dr. David Evans, in *Epic v. Apple*. Apple stated that it sought materials to impeach Dr. Evans at trial. (ECF No. 403 at 2-3.) Magistrate Judge Hixson granted Apple's motion to compel for this purpose, instructing that "the search for impeachment evidence should be narrow and focused", and Epic produced those materials in advance of trial. (ECF No. 414 at 4.) Yet now, Apple has demanded that Epic produce *even more* materials on behalf of Dr. Evans purportedly because "[t]hese documents are relevant to Apple's ongoing litigation in" the class actions. (2021.06.03 Letter from D. Swanson to G. Bornstein.) Dr. Evans is not a party to the class actions and did not testify in the class actions, and Apple did not subpoena him as a third-party in the class actions. Thus, Apple is relying on discovery served exclusively in the *Epic* case as a basis for obtaining documents for use in the class actions, showing that Apple continues to consider the matters coordinated. In any event, Epic has produced these documents on behalf of Dr. Evans.

*Second*, on June 7, 2021, Apple subpoenaed The Messina Group, a consultant to the Coalition for App Fairness, of which Epic is a founding member. This subpoena—although served in the class actions and not in *Epic v. Apple*—is a transparent attempt by Apple to seek discovery for *Epic v. Apple*, with little to no relevance to the class actions. The subpoena seeks communications with Epic (RFP Nos. 3, 4); communications with Epic employees and representatives—even mentioning one by name (RFP No. 5); documents concerning Project Liberty, Epic's retention of The Messina Group, and The Messina Group's financial relationship

with Epic (RFP Nos. 6, 10); documents concerning The Messina Group's advice to Epic (RFP No. 7); documents concerning the subject matter of *Epic v. Apple* (RFP No. 9); organizational charts of employees "that did any work related to EPIC" (RFP No. 11); communications with Epic's counsel (RFP No. 13); and communications with Epic's experts (RFP No. 14).  Apple should not be permitted to seek discovery expressly directed at Epic, its counsel and its experts, while at the same time preventing Epic from receiving discovery.

Apple should promptly withdraw its objections and reaffirm that it will abide by the Coordination Order going forward.  Epic is available to meet and confer, but absent prompt corrective action by Apple, Epic intends to raise the matter with the Court.

Sincerely,

*s/ Gary A. Bornstein*


Ethan Dettmer
GIBSON, DUNN & CRUTCHER LLP
edettmer@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com

E. Joshua Rosenkranz
William F. Stute
ORRICK, HERRINGTON & SUTCLIFFE LLP
jrosenkranz@orrick.com
    wstute@orrick.com

Steve W. Berman
Ben Harrington
Robert F. Lopez
Shana E. Scarlett
Ben Siegel
Ted Wojcik
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
    benh@hbsslaw.com
        robl@hbsslaw.com
            shanas@hbsslaw.com
                bens@hbsslaw.com
                    tedw@hbsslaw.com

Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
rifkin@whafh.com
   byrd@whafh.com
      guiney@whafh.com
         dejong@whafh.com

BY EMAIL