# Exhibit D

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Ethan Dettmer
Direct: +1 415.393.8292
Fax: +1 415.374.8444
EDettmer@gibsondunn.com

June 25, 2021

<u>VIA ELECTRONIC MAIL</u>

Gary A. Bornstein
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Re:   *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR-TSH (N.D. Cal.))

Dear Counsel:

I write in response to your June 16, 2021 letter concerning the Discovery Coordination Order.

First, you request that Apple continue producing discovery to Epic pursuant to that Order. But as you know, fact discovery in the *Epic* matter concluded on February 15, 2021, and has been closed since then with the exception of a few "clean up" matters that were completed before trial began on May 3, 2021. Moreover, trial and the introduction of evidence was completed on May 24, 2021. "[W]here discovery is sought to be had after trial, the party seeking the discovery must show a right thereto under the Federal Rules." *CPR Assocs., Inc. v. Se. Pennsylvania Chapter of Am. Heart Ass'n*, No. CIV. A. 90-3758, 1990 WL 200267, at *2 (E.D. Pa. Dec. 3, 1990). Epic cannot use the Coordination Order, intended to facilitate the efficient adjudication of related cases, as a mechanism for obtaining new evidence not sought during the discovery stage of the proceeding. *Id.* ("[P]ost-trial discovery is not permitted for the purpose of marshalling new evidence.") Epic "had ample opportunity to develop the pertinent facts through discovery, as well as to call witnesses and cross-examine witnesses during the trial." *Aldridge on behalf of United States v. Corp. Mgmt. Inc.*, No. 1:16-CV00369 HTW-LRA, 2021 WL 1521697, at *1 (S.D. Miss. Apr. 16, 2021). Epic cannot keep the factual record open after the conclusion of trial, and continue receiving Apple's highly sensitive and confidential business materials despite the close of discovery and the close of evidence.

Second, contrary to your assertions, Apple has not "acted inconsistently with its own position." Apple served a subpoena on Epic's expert, Dr. David Evans, in *Epic* on March 19,

Gary A. Bornstein
Page 2

2021—well before the close of expert discovery. The additional requested material is sought in furtherance of that March 19, 2021 subpoena and, as Apple has made clear, will be used for purposes of the still pending class actions and not in the fully litigated *Epic* matter. And Apple served the subpoena to The Messina Group on June 7, 2021 in the ongoing class action litigations. Apple is not seeking any additional material from Epic related to The Messina Group, nor is there any reason that Apple would be barred from requesting materials related to The Messina Group's communications with Epic for use in the class action litigations.

Finally, Apple is under no obligation to allow Epic to receive class certification filings in the related matters. Epic *opted out* of the developer class action, and therefore forfeited any right to participate as a class member or potential intervenor in those actions. As you acknowledge, "the Court will render its judgment in *Epic v. Apple* on the basis of the trial record developed in that case and the parties' arguments." In the class actions, Epic is a member of the general public and may review redacted filings on the public docket like all other observers.

Sincerely,

Ethan Dettmer

Cc: Consumer Counsel, Developer Counsel