# Exhibit E



mwe.com

Nicole Castle
Attorney at Law
ncastle@mwe.com
+1 212 547 5480

July 8, 2021

VIA EMAIL

David P. Chiappetta
Perkins Coie
505 Howard Street, Suite 1000
San Francisco, CA 94105
DChiappetta@perkinscoie.com

Re: *Donald R. Cameron, et al. v. Apple Inc.*, Case No. 19-cv-03074-YGR
*In Re Apple iPhone Antitrust Litigation*, Case No. 11-cv-06714-YGR

Dear David:

We write regarding our May 26, 2021 letter, your June 4, 2021 letter, and our subsequent meet and confer conversation concerning Microsoft's production of documents in the above-referenced litigations.

### I.   Communications with Named Plaintiffs, Coalition Members, and Their Counsel

Defendant Apple Inc.'s ("Apple") Requests for the Production of Documents (the "Requests") – specifically Requests 42 – 44, and 49 – seek communications between Microsoft (including Microsoft's *counsel*) and various parties in the above referenced litigations, including their *counsel,* as well as any named consumer plaintiff, named developer plaintiff, any members of the Coalition for App Fairness, and/or any their *counsel*) regarding the subject matter of the above-referenced litigations and/or matters relating to app marketplaces and Apple's guidelines and policies (the "Communications"). As discussed during our meet and confer, the Communications are relevant and must be produced. For clarity, named plaintiffs and members of the Coalition for App Fairness counsel include, but are not limited to:

    a.   Cravath Swaine & Moore LLP;

    b.   Faegre Drinker Biddle & Reath LLP;

    c.   Wiggin and Dana LLP;

    d.   Hagens Berman Sobol Shapiro LLP;

    e.   Wolf Haldenstein Adler Freeman & Herz LLP;



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

David P. Chiappetta
July 8, 2021
Page 2

    f.   Alioto Law Firm;

    g.   Kellogg, Hansen, Todd, Figel & Frederick, PLLC;

    h.   Calcaterra Pollack LLP;

    i.   Nedeau Law PC;

    j.   Law Offices of Lawrence G. Papale;

    k.   Law Offices of Jeffery Kenneth Perkins;

    l.   Alexander H. Schmidt, Esq.;

    m.  Berman Tabacco;

    n.   Thomas C. Willcox;

    o.   Freed Kanner London Millen LLC;

    p.   Sperling & Slater P.C.;

    q.   The Kanter Law Group; and

    r.   Saveri & Saveri, Inc.

Following up on our discussion and in the spirit of compromise, Apple has narrowed its Request Nos. 44 and 49 as outlined below:



David P. Chiappetta
July 8, 2021
Page 3

| Request No. | Original Language | Narrowed Language |
|---|---|---|
| 44 | ALL COMMUNICATIONS between YOU and any APP DEVELOPER, INCLUDING EPIC CONCERNING:<br>a. the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store;<br>b. policies, practices, and/or procedures for handling and processing payments for the sale of IN-APP PRODUCTS;<br>c. the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:<br>i. *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);<br>ii. *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);<br>iii. *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);<br>iv. *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and<br>v. *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.). | ALL COMMUNICATIONS between YOU and any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, European Publishers Council, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING:<br>a. the DEFENDANT'S iOS App Store, INCLUDING any guidelines, policies, and procedures for the DEFENDANT'S iOS App Store;<br>b. the DEFENDANT;<br>c. the COALITION; or<br>d. the following ongoing litigation, INCLUDING declarations, anticipated oral testimony, or documentary evidence relating to the same:<br>i. *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);<br>ii. *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);<br>iii. *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);<br>iv. *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and<br>v. *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.). |
| 49 | ALL COMMUNICATIONS with any actual or proposed founder or member of the COALITION, INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer, EPIC, European Publishers Council, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, and Tile, CONCERNING the COALITION, the DEFENDANT, any APP MARKETPLACE(S), YOUR APP(s), and/or any allegations or suspicion of any anti-competitive conduct or behavior. | Now covered by narrowed Request 44 above. |



David P. Chiappetta
July 8, 2021
Page 4

The Communications – particularly those with other developers concerning, among other things, the Apple App Store – will be relevant to issues of class certification as well as issues relating to the merits of Apple's case, including whether there are individualized differences among developers that cannot be adjudicated on a class wide basis and issues concerning injury.

In addition, given Microsoft's participation in the *Epic v. Apple* trial, it is conceivable that Microsoft will also be a witness in the above captioned actions. Accordingly, Apple is entitled to discovery information about the motivations and potential biases of witnesses that may appear against it at trial. The Communications will provide exactly those types of documents. Apple must be provided this discovery now – before the conclusion of fact discovery – to avoid a situation where Microsoft delays production, is later put on a trial witness list and then claims that Apple's later requests for documents are untimely.

## II.   Wright Documents

As discussed during our meet and confer, Apple seeks the custodial files from Ms. Wright that are responsive to the topics in Apple's Requests.[1] Apple proposes the following search terms be run across Ms. Wright's entire custodial file for the entire time Ms. Wright has been employed at Microsoft:

1. "App Store"
2. Apple
3. "Coalition for App Fairness"
4. "Walled Garden"
5. "Closed System"
6. Principles and "Microsoft Store"
7. Epic
8. Sweeney
9. Monopoly

---

[1] Apple notes that it previously met and conferred with Jonathan Kanter and Brandon Kressin, counsel for Microsoft, and *did* request custodial files from Ms. Wright in connection with both her deposition and trial testimony. Even after the Court in *Epic* explained that "the failure to produce relevant documents, including documents relevant to the individual testifying witness, to both parties (here, to Apple) will be factored into the individual witness' credibility, and, if necessary, may warrant the striking of testimony," Microsoft still refused to produce any of Ms. Wright's custodial documents. *Epic v. Apple*, 20-cv-05640-YGR (D.E. 437). The consequence of Microsoft's decision not to produce these documents– i.e., whether Ms. Wright's testimony will be given an adverse credibility finding – is still pending before the Court.



David P. Chiappetta
July 8, 2021
Page 5

    10. Antitrust

    11. Unlawful

    12. Unfair

    13. Commission

    14. Revenue w/2 Share

    15. @cravath.com

    16. Gammill

    17. David w/2 Evans

    18. Susan w/2 Athey

    19. Michael w/2 Cragg

    20. Ned w/2 Barnes

    21. Peter w/2 Rossi

    22. James w/2 Mickens

    23. Gonzalez w/2 Rogers

    24. Pepper

    25. Lawrence

    26. Cameron

    27. Sermons

    28. "Pure Sweat" or PSB or PureSweat

In addition to these search terms, Apple seeks the following "go-get" items from Ms. Wright's custodial file:

    1. All internal notes or memoranda prepared concerning 2020 meetings with Apple regarding xCloud; and

    2. All profit and loss statements and reports.



David P. Chiappetta
July 8, 2021
Page 6

### III. Athey Documents

Apple also seeks the custodial files from Ms. Athey that are responsive to the topics in Apple's Requests. Apple proposes the following search terms be run across Ms. Athey's entire custodial file:

1. "App Store"
2. Apple
3. Monopoly
4. Antitrust
5. Unlawful
6. Unfair
7. Commission
8. Revenue w/2 Share

In addition to these search terms, Apple seeks the following "go-get" items from Ms. Athey's custodial file:

1. Athey's engagement letter or employment contract with Microsoft; and
2. Athey's consultancy agreement with Microsoft.

### IV. Request No. 23

Finally, Apple requests that Microsoft produce documents concerning Microsoft's decision to change the commission rates on the Microsoft Store from 30% to 12% in response to Request No. 23 ("REPORTS CONCERNING YOUR decision to change any commission rates on APPS or IN-APP PRODUCTS distributed through YOUR APP MARKETPLACE(S)").

\*     \*     \*



David P. Chiappetta
July 8, 2021
Page 7

      Please confirm by July 12, 2021 that Microsoft will fully comply with producing these materials. If Microsoft does not plan to produce any documents and we remain at impasse, we plan to initiate the process to compel these materials. Apple reserves all rights.

Sincerely,

*/s/ Nicole Castle*

Nicole Castle


cc:    John Calandra, Esq. (*via email*)
        Michael R. Huttenlocher, Esq. (*via email*)
        Elizabeth Rodd, Esq. (*via email*)

