THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000 Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036 Telephone: 202.955.8500 Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br>Case No. 4:11-cv-06714-YGR<br>Case No. 4:19-cv-03074-YGR<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES** |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Hon. Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, *et al.*,<br><br>    Plaintiffs<br>v.<br><br>APPLE INC.,<br><br>    Defendant. | |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES

## INTRODUCTION

Epic's Motion ignores the most salient fact in this dispute: Epic opted out of the *Cameron* class action and is therefore not a party—even a putative one—to either of the two remaining class actions before this Court. At this point, it is entitled to nothing beyond access to the public filings. Epic has already enjoyed more process than the typical opt-out class member. Even before the class-certification stage, Epic brought its own lawsuit, successfully sought an early trial date, and received all manner of Apple's confidential and highly confidential materials. But the *Epic* trial concluded months ago, the evidentiary record there is now closed, and there is nothing in the sealed filings in different lawsuits for which Epic has any legitimate use. Epic's Motion identifies no valid reason why Epic needs access to these materials or adequately explains what it intends to do with them.

Furthermore, Apple would be prejudiced because Epic cannot be trusted with Apple's confidential materials. Even while denying this, Epic discloses in a footnote that it already has received and retained an unsealed version of Consumer Plaintiffs' class certification papers and related expert report, which contain Apple's confidential materials. (Mtn. at 2, n.1.) During the months that counsel have been discussing the issue of Epic's access to sealed materials, Epic *never before revealed* that it already had helped itself to some of the confidential information at issue without Apple's consent. Apple is investigating this breach of the Court's protective order and will address the issue with the Court as appropriate. The Motion now before the Court is too little, too late.

Epic made its own bed—it opted out of the *Cameron* case and jumped to the head of the line with its own trial. Now it has to lie in it—Epic is entitled to nothing beyond the public filings in *Cameron* (and *Pepper*), just like any other non-party to the litigation. Its bid for special treatment is not supported by the Coordination Order or any authority, and is inconsistent with Epic's decision to opt out. Epic's extraordinary request for access to sealed materials in other cases, which no other non-party has been afforded, should be rejected.

## BACKGROUND

The trial in *Epic v. Apple* concluded on May 24, 2021, with the Court making clear that "[t]he record is the record. Whatever it is, there will be no addition." May 20, 2021 Trial Tr. 3824; *see also* May 21, 2021 Trial Tr. 3870 ("Well, it's got to be in the record if I'm going to consider it."); May 24

Gibson, Dunn & Crutcher LLP

1
DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES

Trial Tr. 4191 ("And by the end of the trial, I said okay, that's it, no more pieces. There are no more pieces [of the puzzle] in that box. You may have wanted other pieces . . . but that's it."). Epic itself concedes, as it must, that "the Court will render its judgment in *Epic v. Apple* on the basis of the trial record developed in that case and the parties' arguments." (Bornstein Decl., Ex. C at 1.)

Immediately after the trial ended, Apple sent Epic and class plaintiffs a letter indicating that Epic would no longer be receiving any discovery. (*Id.*, Ex. A at 1.) The following week, Apple sent a further communication to Epic and class plaintiffs confirming that class plaintiffs should not send the unsealed versions of their class certification reports and expert reports, which contain Apple confidential materials, to Epic either. (*Id.*, Ex. B at 1.) A few weeks later, Epic asked that Apple continue to produce documents in the ongoing class actions to Epic as well, and further asked Apple to serve Epic with unsealed versions of court filings in the class actions and that Apple consent to class plaintiffs doing the same. (*Id.*, Ex. C at 1-2.) Apple declined Epic's requests, precipitating a telephonic meet and confer between the parties. During that discussion, Epic indicated that it needed the requested materials because Epic might seek to admit additional exhibits to the record in the *Epic* case, to potentially add material to its proposed findings of fact, or to challenge a judgment entered against it. (Declaration of Jay Srinivasan at P2.)

**DISCUSSION**

Epic's request for special treatment, seeking non-party access to the sealed filings in the *Pepper* and *Cameron* class actions, boils down to the argument that these filings mention and discuss Epic and/or the evidentiary record of the *Epic* trial. If this were the rule, then Apple could be required to produce its high confidential materials to literally dozens of non-parties (such as Microsoft) whose materials are also mentioned or referenced in the parties' class certification papers and expert reports. Unsurprisingly, Epic cites to no authority in support of the position that a non-party is entitled to sealed, non-public filings in a lawsuit simply because the non-party is referenced in certain filings. Nor does Epic point to any authority that would give Epic these special rights because it is a party in a related action in which the evidentiary submissions are completed, or because Epic is mentioned more than other non-parties.

Instead, there is clear caselaw directly contrary to Epic's position. *See Kile v. United States*,

DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR
ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES

Gibson, Dunn &
Crutcher LLP

915 F.3d 682, 688-89 (10th Cir. 2019) ("Appellants, as of now, are non-parties to the action and are not entitled to the sealed transcript in this capacity."). Relatedly, courts have made clear that Federal Rules have "no explicit provision for post-trial discovery" and when "trial is over[,] a fortiori, discovery is over." *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 753 F. Supp. 1007, 1016 (D. Mass. 1990). Courts especially disfavor post-trial discovery where parties like Epic "had ample opportunity to develop the pertinent facts through discovery, as well as to call witnesses and cross-examine witnesses during the trial." *Aldridge on behalf of United States v. Corp. Mgmt. Inc.*, No. 1:16-CV00369 HTW-LRA, 2021 WL 1521697, at *1 (S.D. Miss. Apr. 16, 2021); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, 2016 WL 9107419, at *1 (N.D. Cal. Jan. 7, 2016) (discussing the "highly unusual circumstances" that can support the "extraordinary remedy" of altering or amending a judgment); *AngioScore, Inc., v. TriReme Medical, Inc.*, No. 12-CV-03393-YGR, 2015 WL 13376679, at *2 (N.D. Cal. Oct. 7, 2015) (denying motion to reopen discovery following trial). While these cases discuss the issue in the context of post-trial discovery, they reinforce the broader position that when the trial record is closed, a party has no right to additional materials, which would certainly apply to non-public filings from another case.

      Contrary to Epic's submission, the Court's Order Regarding Coordination of Discovery does not speak to this issue. That order was intended to "minimize expenses and facilitate the orderly and efficient" process of discovery—not to provide Epic special rights once the trial record in its opt-out case was closed. Consumer ECF No. 194, Developer ECF No. 80. Epic's context-free reading of the Coordination Order makes no sense and would require Apple to continue making document productions and expert disclosures to Epic long after its case was over. This was plainly not the Court's intent. (Indeed, the Coordination Order was entered before the *Epic* suit was filed, and before Epic sought and received a trial date in advance of class certification.) And Epic's reading also ignores that the Court issued a separate order in the *Epic* matter setting a separate non-expert and expert discovery cut-offs for Epic as distinct from the classes. Epic ECF No. 116. None of Epic's arguments merit the post-trial special treatment it seeks.

      Nor does Epic even attempt to explain to the Court (or Apple) why Epic needs the sealed filings or what it would do with that information. Epic argues that Apple's experts are attempting to "relitigate

Gibson, Dunn & Crutcher LLP

3

DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES

their disputes with Epic's experts." (Mtn. at 4.)  But this is not true:  Apple is responding to the arguments made by the class plaintiffs and their experts, a fact Epic well understands based on its unauthorized access to the Consumer Plaintiffs' expert report, as well as to the voluminous materials available (with only minimal redactions) on the public record in both of the class actions.  Moreover, what could Epic do even if it had access to the sealed information?  It would have no basis to submit any filing in the closed *Epic* litigation, and it lacks standing to file anything in a lawsuit in which it expressly opted out (*Cameron*) or another one in which it is not even a member of the proposed class (*Pepper*).  Epic notes that without the sealed materials, it "lacks the ability to review for accuracy, or seek corrections of, the class parties' voluminous assertions about *Epic v. Apple* and Epic's business" (*id.*) but again, Epic would have no standing to "seek corrections" even if it had access to these materials because it is not a party to the class actions.  And while Epic complains of an unequal playing field, it ignores that Apple has access to the information in the class cases because it is the named *defendant* in those cases (and in others about its App Store); Epic, in contrast, is not a party at all.  That Epic brought a different suit gives it no special rights here.  Otherwise every other single plaintiff (developer or consumer) could demand all the confidential material in all the cases.  That is not a road the Court should even begin going down.

To the extent Epic intimates that the burden is on Apple to demonstrate a legitimate interest for withholding confidential materials from Epic, that is incorrect.  Apple, of course, bears no burden to demonstrate prejudice from sharing its confidential information with a non-party.  Apple, like many litigants, has sought to limit the dissemination of its confidential and highly confidential information, and has successfully moved the Court to: (1) enter a Protective Order (to which Epic stipulated); and (2) to keep its own confidential information sealed in appropriate instances (just as Epic has done with its information).  Apple has no obligation to disclose confidential materials to Epic or any other non-litigant, nor does Epic cite any authority holding otherwise.

Although Apple does not need to establish prejudice for this Court to deny Epic's request for special treatment, Apple would be harmed if the Court were to award Epic the relief sought.  First, Epic is waging war against Apple and Google here and abroad, and is obviously searching for ammunition to use in its well-publicized attacks.  Apple is concerned that Epic wants to use the sealed information

Gibson, Dunn & Crutcher LLP

4
DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES

in other litigation against Apple (e.g., in Australia) or in its lawsuit against Google, which is pending before Judge Donato—where Epic recently amended its allegations to make new accusations *about Apple* that were not raised in Epic's suit against Apple.

Further, despite Epic's bald assertion that "Apple has no basis to suggest Epic cannot be trusted to abide by the protective orders" (Mtn. at 5), Epic has demonstrated that it cannot be trusted with a party's confidential materials. As noted at the outset, Epic buries in a footnote the concession that Epic obtained the sealed versions of the Consumer Plaintiffs' class certification papers and accompanying expert report, which contain Apple confidential material, without Apple's knowledge or consent. Worse still, Epic hid this fact from Apple for months and continues to retain this material despite knowing that it is not entitled to it without the Court order it is currently seeking. This misconduct alone should be sufficient basis to deny this Motion.

Epic is also an opt-out plaintiff in a lawsuit challenging Google's Google Play store. Epic's case against Google is related to two putative class actions (one brought by developers and one by consumers) as well as a lawsuit brought by various state attorneys general. Last week, the court in the Google actions denied Google's motion to keep sealed various allegations in each of the four complaints. (*See* Srinivasan Dec., Ex. A at 1.) Per an emergency motion for a stay filed by Google, Google approached all four plaintiff groups immediately after the issuance of the court's order, asking them to defer filing their unredacted complaints so Google could file a motion to stay pending reconsideration or appeal. (*Id.* at 1-2.) Google explained that an immediate filing of the unredacted complaints would deprive Google of meaningful relief. (*Id.*) The State AGs and both sets of class plaintiffs agreed to hold off filing their unredacted complaints while Google sought further review. Epic, however, ignored Google's reasonable request, and rushed to file its unredacted complaint on the public docket, ensuring that Google's (and Apple's) confidential information would become public. (*Id.* at 2; *see also* Matthew Perlman, *Google Wants Play Store Info Shielded Despite Epic Unsealing*, Law360 (Aug. 23, 2021)).

Epic has shown no compunction about using confidential information publicly to press its broader agenda and the Court should make no order that gives Epic special license to pursue this improper purpose.

Gibson, Dunn & Crutcher LLP

5
DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES

1 | Respectfully submitted,

2 Dated: August 24, 2021 | GIBSON, DUNN & CRUTCHER LLP

4 | By: /s/ Mark A. Perry
  |     Mark A. Perry
5 |     Attorney for Defendant APPLE INC.

Gibson, Dunn & Crutcher LLP

6
DEFENDANT APPLE INC.'S RESPONSE TO NON-PARTY EPIC GAMES, INC.'S MOTION FOR
ADMINISTRATIVE RELIEF TO ACCESS SEALED FILINGS IN RELATED CASES