# Exhibit A

| | |
|---|---|
| Brian C. Rocca, S.B #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001 | Daniel M. Petrocelli, S.B. #97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, S.B. #274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars<br>Los Angeles, California 90067<br>Telephone: (310) 553-6700<br>Facsimile: (310) 246-6779<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, S.B. #189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414 |

*Attorneys for Defendants Google LLC, et al.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al. v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' EMERGENCY MOTION TO STAY THE COURT'S AUGUST 18, 2021 ORDER**<br><br>Hearing Date: August 25, 2021<br>Time: 10:00 am<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

# NOTICE OF MOTION AND MOTION TO
## STAY THE COURT'S AUGUST 18, 2021 ORDER

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD**: PLEASE TAKE NOTICE that on August 25, 2021 at 10:00 a.m. Pacific time, or sooner to the extent the Court can accommodate this emergency request, in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, Defendants Google LLC, Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd. (collectively, "Google"), will hereby move this Court for an Order temporarily staying the Court's August 18, 2021 Order (the "August 18, 2021 Order") to avoid irreparable injury to Google and to third parties, and to preserve the status quo, such that Google is afforded an opportunity to:

(a) file and permit the Court to consider a renewed sealing application in response to the August 18, 2021 Order; and

(b) if necessary, seek review of the August 18, 2021 Order in the Ninth Circuit.

In advance of filing this motion, Google obtained a stipulation from counsel for Developers, Consumers, and the States regarding a proposal for the shortening of time on this Motion, as provided in Local Rule 6-2.

This Motion is based upon Local Rules 6-2 and 7-3 and in accordance with the Court's inherent authority to manage its docket. It is supported by: the accompanying Stipulation and Proposed Order Shortening Time Per Local Rule 6-2(a) and Renewed Application to Seal, as well as the supporting declarations; all pleadings and filings in these matters; and such oral argument as the Court allows, if the Court deems oral argument necessary.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court will grant a temporary stay of the August 18, 2021 Order to preserve the status quo, such that Google is afforded an opportunity to: (a) file and permit the Court to consider a renewed sealing application in response to the August 18, 2021 Order; and (b) if necessary, seek review of the August 18, 2021 Order in the Ninth Circuit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 18, 2021, the Court issued an Order denying the parties' applications to seal portions of Plaintiffs' complaints that contain highly confidential and sensitive business information belonging to Defendants Google LLC, Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd. (collectively, "Google"), as well as to other third parties. *See* Case No. 3:21-md-02981-JD, Dkt. 79 (the "August 18 Order"). The Court's August 18 Order directed Plaintiffs to file unredacted versions of their complaints within seven days—*i.e.*, any time before August 25, 2021. *Id.* at 3. Given the immediacy with which Plaintiffs were directed to file the unredacted complaints, in the absence of a temporary stay of the August 18 Order, Google would be unable to seek relief from this Court or, if necessary, from the Ninth Circuit, in connection with its request to seal highly sensitive confidential business information, including, for example, non-public financial data and specific commercial deal terms with third parties. The release of this information to competitors and counterparties would cause irreparable harm to Google and to third parties who rely on Google to maintain the confidentiality of their commercial deal terms.

To prevent irreparable harm to Google and third parties, and to maintain the status quo, Google promptly advised counsel for all Plaintiffs of its intention to seek emergency relief related to the August 18, 2021 Order. Google specifically requested that Plaintiffs, including Epic, each temporarily hold their unredacted complaints in abeyance to provide Google with time to seek emergency relief. Counsel for the States, Developers, and Consumers each promptly agreed to hold off on the filing of their unredacted complaints to provide Google with a fair opportunity to

- 1 -

file its emergency papers, and stipulated to a proposed shortening of time for any briefing on those papers.  *See* Decl. of Brian C. Rocca ¶ 17.

But Epic chose a different path.  With more than six days remaining on the time for submission of the unredacted complaint, despite clear notice of Google's intent to imminently file emergency papers seeking to maintain the status quo, and despite counsel for all other Plaintiffs indicating agreement to provide time for Google to file its papers, Epic chose to file its unredacted complaint on the public docket.  *See* Decl. of Brian C. Rocca ¶ 10.  While Epic's filing was intended to, and did, prejudice Google and third parties, there are three other complaints that contain ***additional*** highly sensitive information that should be sealed.

In the absence of a temporary stay of the August 18 Order, Google will be unable to seek further relief from this Court or, if necessary, from the Ninth Circuit.  *See In re Copley Press Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).  The collateral order doctrine has been applied in similar circumstances:

> We agree with Apple and Samsung that these three [collateral order] conditions are satisfied. First, the Unsealing Orders conclusively determined that Apple's and Samsung's confidential information will be made public. Second, the Unsealing Orders present an important issue because they address the important balance between the public's interest in understanding judicial proceedings and the parties' right to access the courts without being unduly required to disclose confidential information. And all argue that the propriety of sealing court documents is an issue which is wholly separate from the merits of the action. Third, the Unsealing Orders would be effectively unreviewable on appeal from a final judgment because once the parties' confidential information is made publicly available, it cannot be made secret again. *See, e.g., Ameziane v. Obama*, 620 F.3d 1, 5 (D.C. Cir. 2010); *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).  Of note, in connection with this collateral order appeal, the Northern District of California granted a stay of the unsealing pending the filing and resolution of motions to stay before the Court of Appeals.  *Id.* at 1219 ("On August 15, 2012, the district court granted a stay pending the filing and resolution of motions to stay in this court. The parties filed such motions, which this court granted on September 18, 2012. Accordingly, the August Order has been stayed pending appeal.")

- 2 -

DEFENDANTS' EMERGENCY MOTION TO STAY

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

In light of the exigencies at issue, contemporaneous with this Motion, Google has filed a Renewed Application to Seal for the Court's consideration. Although Google believes its prior sealing position was properly tailored and adequately supported under controlling law, Google's Renewed Application identifies a further subset of the sealable materials that are indisputably protectable under longstanding sealing standards in the Ninth Circuit and the Northern District of California. The disclosure of this information risks serious competitive and commercial harm to Google and others, because the information includes non-public company financials, as well as non-public terms of agreements and negotiation positions with third parties (including pricing and other material terms). *See* Decl. of Christian Cramer.

## CONCLUSION AND REQUEST FOR RELIEF

For these reasons, Google respectfully requests the following

1. The Court should maintain the status quo by staying the August 18 Order until this Court has acted on its Renewed Application To Seal. This Court has the discretion to issue such a temporary stay under its inherent authority to control its docket, as part of the Court's "traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (citation omitted).

2. If the Court ultimately denies the Renewed Application To Seal, Google has a right to appeal. *See Copeley Press*, 518 F.3d at 1025; *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Because execution of an order to file the unredacted complaints risks mooting Google's right to appeal, Google respectfully requests that the Court set the due date for filing the unredacted complaints to be seven days after the Ninth Circuit's mandate has issued in connection with any appeal. Google intends to expedite any appeal to the greatest extent possible.

3. Because of the risk of mootness, if the Court intends to deny this Emergency Motion to Stay, or if it intends to require Plaintiffs to file unredacted complaints before an appeal is resolved, Google respectfully requests that the Court at minimum stay any order requiring Plaintiffs to file unredacted complaints for seven days to allow Google a window to seek an

- 3 -

DEFENDANTS' EMERGENCY MOTION TO STAY

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

expedited motion for a stay pending appeal from the Ninth Circuit and, if Google files such a motion, to maintain the stay until the Ninth Circuit has resolved Google's stay motion. *See In re Copley Press, Inc.*, 518 F.3d at 1025 ("Once information is published, it cannot be made secret again.")

Dated: August 20, 2021

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

By: */s/ Brian C. Rocca*
Brian C. Rocca

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

| | | |
|---|---|---|
| 1 | Brian C. Rocca, S.B #221576<br>brian.rocca@morganlewis.com | Daniel M. Petrocelli, S.B. #97802<br>dpetrocelli@omm.com |
| 2 | Sujal J. Shah, S.B #215230<br>sujal.shah@morganlewis.com | Stephen J. McIntyre, S.B. #274481<br>smcintyre@omm.com |
| 3 | Michelle Park Chiu, S.B #248421<br>michelle.chiu@morganlewis.com | **O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars |
| 4 | Minna Lo Naranjo, S.B #259005<br>minna.naranjo@morganlewis.com | Los Angeles, California 90067<br>Telephone: (310) 553-6700 |
| 5 | Rishi P. Satia, S.B #301958<br>rishi.satia@morganlewis.com | Facsimile: (310) 246-6779 |
| 6 | **MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower | Ian Simmons, *pro hac vice*<br>isimmons@omm.com |
| 7 | San Francisco, CA 94105<br>Telephone: (415) 442-1000 | Benjamin G. Bradshaw, S.B. #189925<br>bbradshaw@omm.com |
| 8 | Facsimile: (415) 422-1001 | **O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW |
| 9 | Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com | Washington, DC 20006<br>Telephone: (202) 383-5300 |
| 10 | **MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue | Facsimile: (202) 383-5414 |
| 11 | New York, NY 10178<br>Telephone: (212) 309-6000 | |
| 12 | Facsimile: (212) 309-6001<br>*Attorneys for Defendants Google LLC, et al.* | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al. v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF BRIAN C. ROCCA IN SUPPORT OF:**<br><br>**DEFENDANTS' EMERGENCY MOTION TO STAY;**<br><br>**STIPULATION AND [PROPOSED] ORDER SHORTENING TIME PER LOCAL RULE 6-2(a); and**<br><br>**RENEWED APPLICATION TO SEAL**<br><br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

DECLARATION OF BRIAN C. ROCCA

| | |
|---|---|
| 1 | **DECLARATION OF BRIAN C. ROCCA** |
| 2 | I, Brian C. Rocca, declare as follows: |
| 3 | 1. I am an attorney admitted to practice law in California and before this Court. I am |
| 4 | a partner at Morgan, Lewis & Bockius LLP, counsel of record for Defendants Google LLC, |
| 5 | Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia |
| 6 | Pacific Pte. Ltd. (collectively, "Google") in the above-captioned matter. I submit this declaration |
| 7 | in support of Google's: Emergency Motion to Stay; the parties' Stipulation and Proposed Order |
| 8 | Shortening Time Per Local Rule 6-2(a); and Renewed Application to Seal. Except as otherwise |
| 9 | stated, all of the facts set forth herein are known to me personally, and, if called as a witness, I |
| 10 | could and would testify competently to them. |
| 11 | 2. On August 5, 2021, Google filed a request to seal certain portions of the four |
| 12 | complaints in this MDL. *See* Case No. 21-md-02981-JD ("MDL"), Dkt. 74. In accordance with |
| 13 | Local Rules, Google submitted a 31-page declaration that addressed on an item-by-item basis the |
| 14 | specific information subject to seal, and the reasons for the sealing. *Id*. Google also submitted |
| 15 | redacted versions of the exhibits to the supporting declaration. MDL Dkts. 74-3, 74-5, 74-7, 7-9. |
| 16 | Google was selective in its request. It agreed to seek sealing for approximately half of the |
| 17 | material that had been provisionally sealed by Plaintiffs. MDL Dkt. 74. |
| 18 | 3. On August 10, 2021, Epic filed a response to Google's submission. MDL Dkt. 75. |
| 19 | Google responded and objected to the response on August 11, 2021. MDL Dkt No. 76. In that |
| 20 | response, Google requested leave to file additional information if the Court required more detail |
| 21 | in connection with the sealing request: |
| 22 | > Mr. Rope's declaration comports with Local Rule 79-5 and the practice in this District, but, if the Court believes that Google should support its request with either a supplemental declaration or additional detail in support of its sealing request, Google can provide such additional support and requests leave to do so. |
| 26 | 4. On August 18, 2021 at 5:06 p.m., this Court issued an Order re Sealing of |
| 27 | Complaints (the "August 18 Order"), denying in its entirety Google's motion to seal portions of |

the four separate complaints in the MDL, and directing Plaintiffs to file unredacted versions of their complaints within seven days, or no later than August 25, 2021.  MDL Dkt. 79.

5.	In light of the directive that Plaintiffs should file the unredacted complaints **within seven days**, I immediately attempted to make contact with counsel for Plaintiffs by telephone and email to request their agreement to hold off on filing unredacted versions of their complaint to provide Google with a fair opportunity to seek relief from the order.

6.	Over the course of the next two hours, I was able to make contact with counsel for each of the Plaintiff-groups, and I specifically requested that Plaintiffs temporarily hold their unredacted complaints in abeyance.  I made it clear that Google intended to seek emergency relief and needed an opportunity to prepare and file emergency motion papers.  At the suggestion of counsel for the States, a call was scheduled on August 19 at 9:30 a.m. Pacific.

7.	On August 19, I participated in a call with counsel for all Plaintiffs.  I again stated Google's intention to file that same day an emergency request to stay the August 18 Order to provide Google with an opportunity to file a renewed request to seal in response to the August 18 Order, and, alternatively, to seek review at the Ninth Circuit.

8.	I asked each counsel for their agreement to temporarily hold their unredacted complaints in abeyance so Google had an opportunity to maintain the status quo and avoid irreparable harm.  Counsel for the Consumer Plaintiffs, the Developer Plaintiffs, and the State Attorneys General each preliminarily indicated that the request was reasonable, suggested they were inclined to accommodate it, and agreed to promptly confer with their co-counsel and report back to me.  Counsel for the States requested that I send a follow-up email after the conference so he could share it with his colleagues.  Counsel for Epic acknowledged the request, advised they would speak to their client, but did not provide a definitive answer about whether Epic would refrain from filing its unredacted complaint while Google sought emergency relief.

9.	Shortly after the call, I sent the following email:

> Thank you for joining the call this morning.  As discussed, Google is requesting your agreement to not file the unredacted complaints any earlier than you are required to file, in order to give Google [] an opportunity to file emergency papers with the Court seeking a temporary stay of the sealing order and to allow time for the Court to consider that request.  The stay is

intended to avoid irreparable harm and to maintain the status quo to provide Google with an opportunity to present a renewed motion to seal in light of the Court's order, or, alternatively, an appeal to the Ninth Circuit. As I advised, we are preparing the emergency papers, and we request your agreement to Google's request to shorten time, so that the papers can be considered before the complaints are refiled in unredacted form on the docket. Thank you.

10. On August 19, 2021, almost simultaneous with my sending the above email, and without prior warning, Epic proceeded to file its unredacted First Amended Complaint. There were over six days remaining on the Court's deadline to file the complaint.

11. Soon after Epic filed its complaint, counsel for each of the Developers, Consumers and States replied to my email and confirmed that, despite Epic's decision to file, they would agree to hold off on the filing of their complaint to permit Google time to file the motion to stay.

12. On August 20, 2021, Google filed an Emergency Motion to Stay the Court's August 18, 2021 Order (the "Motion for Stay") and a Renewed Application to Seal.

13. As Google explains in the Motion for Stay, if the Court's August 18 Order is not stayed, the Consumer Plaintiffs, the Developer Plaintiffs, and the States will be required to file unredacted complaints by August 25, 2021, before Google is able to pursue available relief in connection with the August 18 Order. The public disclosure of highly sensitive and confidential business information would cause irreparable harm to Google's position in the marketplace by making available to Google's competitors and counterparties nonpublic material concerning Google's business dealings and strategies.

14. Under the default timeline provided in the Local Rules, it would take approximately 35 days for Google's Motion to Stay to be fully briefed and heard. *See* N.D. Cal. L.R. 7-2(a). In other words, the Plaintiffs' deadline for filing unredacted complaints would come and go before the Motion to Stay would be ripe for this Court's decision. The filing of unredacted complaints would effectually render the Renewed Application to Seal moot, depriving Google of its ability to seek relief from the August 18 Order.

15. In accordance with Local Rule 6-2(a)(2), this is the first request to shorten time filed in this MDL. Attached as Exhibit A is a listing of prior extensions of time in the MDL.

16. Because the Order is separate from and does not affect the merits of the case, the

requested time modification would have no effect on the case schedule.

17. Before filing the Motion to Stay, Google sought and obtained a stipulation to the requested time change. On August 19, counsel for the Developer Plaintiffs, the Consumer Plaintiffs, and the State Attorneys General agreed to Google's request to shorten time, as follows:

> <u>Aug. 20 by 1 p.m. PT</u>: Google files motion to stay
> <u>Aug. 23</u>: Plaintiffs file responses, if any, to the motion to stay
> <u>Aug. 24</u>: Google files a reply, if any, in support of the motion to stay
> <u>Aug. 25</u>: Court hears argument on motion to stay, if necessary

18. The schedule is shortened to accommodate the briefing in advance of the expiration of the seven days from the Court's August 18 Order.

19. On August 20, 2021, Google is filing a Renewed Application to Seal, supported by the Declaration of Christian Cramer. Exhibits A, B, and C to the Cramer Declaration will be filed under seal; those exhibits highlight for the Court the materials that Google seeks to seal in its Renewed Application. To avoid waiver of its appellate rights with respect to the prior sealing request and subsequent order (MDL Dkts. 74, 79), Google is unable to submit at this time redacted versions of Exhibits A, B, and C (on the public docket), because doing so would reveal certain information that may be subject to appeal. Upon the Court's order on Google's Renewed Application to Seal, Google's counsel will promptly meet and confer with counsel for the Developer Plaintiffs, the Consumer Plaintiffs, and the State Attorneys General, regarding the filing of redacted versions of the Exhibits on the public dockets.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 20, 2021 in San Francisco, CA.

                                                                             */s/ Brian C. Rocca*
                                                                                Brian C. Rocca

# EXHIBIT A

**PREVIOUS TIME MODIFICATIONS**

| Date | Dkt. No. (Case No.) | Description |
|---|---|---|
| September 10, 2020 | 37 (3:20-cv-05792-JD) | Stipulation regarding extension of time for defendants to respond to developer class complaint from September 11, 2020 to October 26, 2020. |
| September 14, 2020 | 32 (3:20-cv-05761-JD) | Stipulation regarding extension of time for defendants to respond to consumer class complaint from September 29, 2020 to October 26, 2021. |
| September 17, 2020 | 49 (3:20-cv-05671-JD) | Stipulation regarding extension of time for defendants to respond to Epic Games, Inc. complaint from September 25, 2020 to October 26, 2021. |
| August 17, 2021 | 78 (3:21-md-02981-JD) | Order establishing the parties' jointly proposed schedule for Google's motion to dismiss Plaintiffs amended complaints. |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah, et al. v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' EMERGENCY MOTION TO STAY THE COURT'S AUGUST 18, 2021 ORDER**<br><br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

The Court, having read and considered Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd., and Google Payment Corp.'s (collectively, "Google") Emergency Motion to Stay the Court's August 18, 2021 Order, the memoranda filed by the parties, the Declaration of Brian Rocca in support, and good cause appearing therefor, the Court hereby GRANTS Google's Emergency Motion to Stay the Court's August 18, 2021 Order.

**IT IS HEREBY ORDERED THAT:**

1. The August 18, 2021 Order is stayed until the Court has acted on Google's Renewed Application to Seal. Plaintiffs are neither required nor permitted to file their unredacted Complaints while Google's Renewed Application to Seal remains pending before this Court.

2. If the Court denies Google's Renewed Application to Seal, Plaintiffs shall file unredacted versions of their complaints no earlier than seven days after the Ninth Circuit's mandate has issued in connection with any appeal Google seeks, subject to and to the extent permitted by such mandate.

OR, IN THE ALTERNATIVE:

3. In the event the Court denies Google's Emergency Motion to Stay or requires Plaintiffs to file unredacted complaints before any appeal is resolved, Plaintiffs shall file unredacted versions of their Complaints no earlier than seven days after such an order is entered. If Google files a motion to stay pending appeal in the Ninth Circuit during that seven-day period, Plaintiffs shall not file unredacted versions of their Complaints while Google's stay motion remains pending before the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: _____

                                                             The Honorable James Donato
                                                             United States District Judge