CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
JUSTIN C. CLARKE (*pro hac vice*)
jcclarke@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Attorneys for Plaintiff and Counter-defendant*
*Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>Plaintiff, Counter-defendant,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**EPIC'S SUPPLEMENTAL ADMINISTRATIVE MOTION TO SEAL LIMITED PORTIONS OF DX-3993 AND DX-4219**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

1    Pursuant to Civil Local Rules 7-11 and 79-5(d), Epic hereby moves the Court for

2 an administrative order sealing certain limited portions of two of the parties' trial exhibits:

3 DX-3993 and DX-4219.

4    During the parties' final check to confirm that all admitted exhibits are publicly

5 available on Box per the Court's Order (*see* Dkt. 468 (Pretrial Order No. 4, at 3)), Epic has

6 reviewed DX-3993 and DX-4219 (which have not yet been posted to Box), and determined that

7 these exhibits contain confidential information, disclosure of which may harm Epic and third

8 parties.  DX-3993 contains additional confidential third-party information that is similar to the

9 confidential third-party information that the Court previously sealed in this document.  DX-4219

10 contains login information to internal Epic websites, disclosure of which poses a security risk.

11    Accordingly, Epic files this supplemental motion requesting that the Court seal

12 additional limited portions of DX-3993 and DX-4219.  DX-3993 is attached as Exhibit A, *with*

13 *green highlighting over the information already sealed by the Court and yellow highlighting*

14 *over the information that Epic requests to seal by this Motion*.  DX-4219 is attached as

15 Exhibit B, *with yellow highlighting over the information that Epic requests to seal by this*

16 *Motion*.  Epic has limited its request to seal information on individual pages, thereby making it

17 possible for a public redacted version of the document to be made available.  Apple has stated

18 that it will not object to Epic's request.

19                                          **ARGUMENT**

20    Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a

21 party "establishes that the documents, or portions thereof, are privileged, protectable as a trade

22 secret, or otherwise entitled to protection under the law."  Civ. L. R. 79-5(b).  The test applied is

23 whether "compelling reasons supported by specific factual findings . . . outweigh . . . the public

24 policies favoring disclosure."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010)

25 (internal quotation and citation omitted).  In the interest of brevity, Epic refers to the further

26 discussion of legal authorities set forth in the Prior Sealing Motion (defined below).  *See*

27 Dkt. 596.

28

1      As the Court has noted:  "[T]he standard is more lenient when the information

2  concerns third parties, but this is not dispositive.  The third-party information must be balanced

3  with the Court's ultimate resolution of the instant dispute which should be transparent in its

4  analysis."  Dkt. 547 (Pretrial Order No. 7 Re: Third Party Administrative Motions To Seal, at 2).

5  With respect to third-party information, Epic seeks to seal only information that reflects sensitive

6  business information of its third-party business partners which, if revealed, could impact those

7  third parties' competitive standing.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

8  1092, 1097 (9th Cir. 2016).

9      DX-3993 is an internal Epic presentation to Epic's Board of Directors, reporting

10  on Epic's business and financial performance in 2019.  Epic seeks to seal confidential business

11  information of third parties, including confidential third-party revenue information.

12      On May 6, 2021, Epic filed a motion to seal potential trial exhibits, including DX-

13  3993 (the "Prior Sealing Motion"), with a supporting declaration of Joseph Kreiner.  *See*

14  Dkt. 596.  On May 7, 2021, the Court denied without prejudice the Prior Sealing Motion, and

15  invited the parties to submit requests to seal documents that had been admitted during the week

16  by noon PT on May 8, 2021.  *See* Trial Tr. 1060:7-21, 1315:20-1316:4.  On May 8, 2021, Epic

17  submitted a request to seal in part DX-3993 to the Court with proposed redactions.  On May 9,

18  2021, the Court granted Epic's sealing request with respect to this document.  Dkt. 613 (Trial

19  Order No. 3 Re: Bench Trial Week 1 Party Sealing Requests, at 2).

20      The additional information that Epic now seeks to seal is the same type of

21  information that the Court has already sealed in this document, and disclosure of the additional

22  information would reveal much of the information already sealed in this document.  Moreover,

23  the information sought to be sealed was not used nor disclosed at trial and neither party relied on

24  this information in its proposed findings of fact and conclusions of law.

25      DX-4219 is an internal Slack conversation between two Epic employees that

26  contains login information to internal Epic websites.  Disclosure of the login information would

27  expose Epic's naming conventions for its internal webpages, which bad actors could use for

28

1    phishing and other social engineering attempts designed to extract sensitive and confidential

2    information from Epic employees.  The exhibit was not used at all during trial, included on any

3    stipulation of exhibits, or cited by either party in its findings of fact and conclusions of law.  It

4    appears to have been mentioned only during the verbal reconciliation of admitted exhibits on the

5    final day of evidence presentation at trial.  Trial Tr. 4044:3.  Accordingly, the public has little

6    interest in the limited information sought to be sealed in DX-4219.

7                                                    * * *

8              For the foregoing reasons and the reasons set forth in the accompanying

9    Declaration of Joseph Kreiner, the Prior Sealing Motion and its declaration from Mr. Kreiner,

10   Epic respectfully requests that the Court seal the identified information.

11   Dated: August 27, 2021                    Respectfully submitted,

12                                             By:    /s/ Justin C. Clarke

13                                             **FAEGRE DRINKER BIDDLE & REATH LLP**

14
                                               Paul J. Riehle
15                                             paul.riehle@faegredrinker.com

16                                             Four Embarcadero Center
17                                             San Francisco, California 94111
                                               Telephone: (415) 591-7500
18                                             Facsimile: (415) 591-7510

19
                                               **CRAVATH, SWAINE & MOORE LLP**
20
                                               Christine A. Varney (*pro hac vice*)
21                                             cvarney@cravath.com
                                               Katherine B. Forrest (*pro hac vice*)
22                                             kforrest@cravath.com
                                               Gary A. Bornstein (*pro hac vice*)
23                                             gbornstein@cravath.com
                                               Yonatan Even (*pro hac vice*)
24                                             yeven@cravath.com
                                               Lauren A. Moskowitz (*pro hac vice*)
25                                             lmoskowitz@cravath.com
                                               Justin C. Clarke (*pro hac vice*)
26                                             jcclarke@cravath.com
                                               M. Brent Byars (*pro hac vice*)
27                                             mbyars@cravath.com
28

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

***Attorneys for Plaintiff and Counter-defendant***
**EPIC GAMES, INC.**