UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant,<br><br>  vs.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | No. 4:20-CV-05640-YGR-TSH<br><br>**[PROPOSED] ORDER DENYING DEFENDANT APPLE INC.'S MOTION FOR STAY OF INJUNCTION PENDING APPEAL**<br><br>Date:  Nov. 16, 2021, 2 p.m. (noticed date)<br>   Nov. 9, 2021, 2 p.m.  (stipulated date pending Court approval)<br><br>Courtroom:  1, 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Case No. 4:20-CV-05640-YGR-TSH

This Court has heard Defendant and Counterclaimant Apple Inc.'s ("Apple") Motion for Stay of Injunction Pending Appeal (the "Motion"), which was opposed by Plaintiff and Counter-defendant Epic Games, Inc. ("Epic"). Having considered the parties' arguments and the record in this matter, the Court hereby DENIES Apple's Motion.

As the party requesting a stay, Apple "bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion". *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Courts analyze four factors when evaluating whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies". *Id.* at 426.

Apple does not meet any of the four requirements for a stay. *First*, Apple is unlikely to succeed on the merits of its cross-appeal. As this Court has held, Apple's anti-steering provisions hide critical information from consumers and illegally stifle consumer choice. (Op. 161-66.) As a result of these provisions, developers cannot communicate lower prices on other platforms either within iOS apps or to users obtained from the iOS platform. (Op. 92-93.) Based on the trial record, this Court made detailed findings as to the anticompetitive effects of Apple's conduct, which justify the remedy the Court imposed. (Op. 118-19.) None of the purported errors asserted by Apple is likely to cause the Ninth Circuit to modify or vacate the injunction.

*Second*, Apple has not demonstrated that it would be irreparably harmed absent a stay. The injunction does not prevent the use of Apple's In-App Purchase solution ("IAP"); it provides consumers greater ability to make a choice. Such consumer choice is not irreparable harm to Apple—it is competition. Apple already allows iOS apps to use alternative payment solutions for the purchase of physical goods and services, which shows that this can be done securely and that Apple can be compensated for its intellectual property in other ways than through IAP.

*Third*, Epic would be harmed by a stay.  Epic continues to suffer injury from Apple's anti-steering provisions because it maintains a concrete, financial interest in its subsidiaries', partners' and licensees' ability to benefit from the injunction.

*Fourth*, the public interest favors denying Apple's Motion.  The Court gave Apple 90 days to comply with the injunction; nowhere in its Motion does Apple show that 90 days is insufficient.  History shows that, in the absence of an injunction, Apple will not make the changes that the law requires.  The harm to the public interest that would result from delayed enforcement of the injunction greatly outweighs whatever resources Apple may have to spend in complying with the injunction.

None of Apple's remaining arguments persuade.  Accordingly, Apple's Motion is DENIED.

**IT IS SO ORDERED**.

Dated: _____, 2021

Hon. Yvonne Gonzalez Rogers<br>United States District Judge