THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR |
| DONALD R. CAMERON, et al.,<br>Plaintiffs,<br>v.<br>APPLE INC.<br>Defendant. | No. 4:19-cv-03074-YGR<br><br>**MOTION TO VACATE AND [PROPOSED] ORDERS ENTERING SUPPLEMENTAL PROTECTIVE ORDERS**<br><br>The Honorable Yvonne Gonzalez Rogers |
| EPIC GAMES, INC.,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | No. 4:20-cv-05640-YGR-TSH |

On April 30, 2021, Consumer Plaintiffs filed an Administrative Motion for Entry of Supplemental Protective Orders (the "Original Supplemental Protective Orders") on behalf of four third-party app developers (Zynga, Inc.; Niantic, Inc.; The Walt Disney Company; and Electronic Arts, Inc.). *See* Case No. 4:11-cv-06714-YGR at Dkt. 435; Case No. 4:19-cv-03074-YGR at Dkt. 323; and Case No. 4:20-cv-05640-YGR at Dkt. 562. Apple subsequently met and conferred with each of these third-party app developers and was able to reach an agreement with each for entry of Supplemental Protective Orders (the "Revised Supplemental Protective Orders"). Apple submitted filings containing the Revised Supplemental Protective Orders. *See* Case No. 4:11-cv-06714-YGR at Dkts. 437, 438 (Exhibits A and B) and 439 (referencing Dkt. 438 Exhibits D and F); Case No. 4:19-cv-03074-YGR at Dkts. 327, 328 (Exhibits A and B) and 329 (referencing Dkt. 328 Exhibits D and F).

On June 25, 2021, the following Supplemental Protective Orders were entered by the Court:

- 4:11-cv-06714-YGR - Dkts. 460, 461, 462, 463
- 4:19-cv-03074-YGR - Dkts. 354, 355, 356, 357
- 4:20-cv-05640-YGR - Dkts. 798, 799, 800, 801

These Supplemental Protective Orders that were entered appear to be the same as the Original Supplemental Protective Orders, not the Revised Supplemental Protective Orders, which were agreed to by the parties and interested non-parties.

Because the parties and interested non-parties have been able to reach an agreement on these proposed supplemental protective orders, Apple respectfully requests that the Court vacate the Supplemental Protective Orders entered at:

- 4:11-cv-06714-YGR - Dkts. 460, 461, 462, 463
- 4:19-cv-03074-YGR - Dkts. 354, 355, 356, 357
- 4:20-cv-05640-YGR - Dkts. 798, 799, 800, 801

Apple also respectfully requests that the Court enter the Revised Supplemental Protective Orders which have been reattached here as Exhibit A (Zynga, Inc.), Exhibit B (Niantic, Inc.), Exhibit C (The Walt Disney Company), and Exhibit D (Electronic Arts, Inc.).

1   Consumer and Developer Plaintiffs consent to this Motion to Vacate and Proposed Orders

2   Entering Supplemental Protective Orders.

3   Dated: November 18, 2021                    GIBSON, DUNN & CRUTCHER LLP

4
                                               By: */s/ Ethan Dettmer*
5

6                                              Theodore J. Boutrous, Jr.
                                               Richard J. Doren
7                                              Daniel G. Swanson
                                               Veronica S. Lewis
8                                              Cynthia E. Richman
                                               Jay P. Srinivasan
9                                              Ethan Dettmer
                                               Eli M. Lazarus
10

11                                             *Attorneys for Defendant Apple Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

1  BETSY C. MANIFOLD (182450)
   RACHELE R. BYRD (190634)
2  BRITTANY N. DEJONG (258766)
   **WOLF HALDENSTEIN ADLER**
3  **FREEMAN & HERZ LLP**
   750 B Street, Suite 1820
4  San Diego, CA 92101
   Telephone:    619/239-4599
5  Facsimile:    619/234-4599
   manifold@whafh.com
6  byrd@whafh.com
   dejong@whafh.com
7
   *Interim Class Counsel for the*
8  *Consumer Plaintiffs*

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                    **OAKLAND DIVISION**

| | |
|---|---|
| 12  IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH |
| 13  | **[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ZYNGA, INC.** |
| 14  | |
| 15  | **Hon. Yvonne Gonzalez Rogers** |
| 16  DONALD R. CAMERON, et al., | Case No. 4:19-cv-03074-YGR |
| 17          Plaintiffs, | |
| 18          v. | |
| 19  APPLE INC., | |
| 20          Defendant. | |
| 21  EPIC GAMES, INC., et al., | Case No. 4:20-cv-05640-YGR |
| 22          Plaintiff, Counter-defendant, | |
| 23          v. | |
| 24  APPLE INC., | |
| 25          Defendant, Counterclaimant. | |

26

27

28

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

## A.   GENERAL PROVISIONS

1.      The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.      The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Zynga[1], and nothing herein shall provide any rights or protections to the Parties to the Litigations[2] beyond those set forth in the Protective Order.

## B.   ADDITIONAL DEFINITIONS

1.      Business Consultant: a consultant advising on or involved in competitive decision-making.

2.      Party: A named Plaintiff or Defendant in the Litigations; but not any other individuals or entities listed on the docket, including those variously listed as "Interested Party" "Respondent" or "Miscellaneous".

3.      Party Expert: with respect to "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter

---

[1]      The term "Zynga" shall include any entity that responds to subpoenas served on Zynga Inc. in the Litigations. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Zynga Inc. and its parents and subsidiaries.

[2]      Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640.

1

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM ZYNGA, INC.
Case Nos. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH

1    pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert

2    witness or as a consultant in this action; (2) is not a current employee or current Business

3    Consultant of a Party, Zynga, or of any Zynga competitor, or otherwise currently involved in

4    competitive decision-making for a Party, Zynga, or for any Zynga competitor; (3) has not been a

5    past employee or Business Consultant of a Party, Zynga, or Zynga's competitor, or otherwise been

6    involved in competitive decision-making for a Party, Zynga, or Zynga's competitor; and (4) at the

7    time of retention, is not anticipated to become an employee or Business Consultant of a Party,

8    Zynga, or of any Zynga competitor, or to be otherwise involved in competitive decision-making for

9    a Party, Zynga, or for any Zynga competitor. If, while this action is pending, a Party learns that any

10   of its retained experts or consultants as defined herein is anticipating to become, or has become, an

11   employee or Business Consultant of a Party, Zynga, or any Zynga competitor, or otherwise

12   involved in competitive decision-making for a Party, Zynga, or any Zynga competitor, the Party

13   learning such information shall promptly disclose the information to Zynga.

14           4.      "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"

15   Information or Items: "Confidential Information or Items" produced by Zynga, that contains the

16   following types of extremely sensitive information—algorithms and source code; non-public,

17   commercially sensitive customer lists or communications; non-public financial, marketing, or

18   strategic business planning information; non-public information regarding prices, costs, margins, or

19   other financial metrics; information relating to research, development, maintenance, improvement,

20   testing of, or plans for existing or proposed future products; non-public information concerning

21   Zynga's data protection practices or security protocols; evaluation of the strengths or vulnerabilities

22   of Zynga's product offerings, including non-public pricing and cost information; confidential

23   contractual terms, proposed contractual terms, or negotiating positions (including internal

24   deliberations about negotiating positions) taken with respect to Zynga, Zynga's partners and

25   affiliates, or competitors to Zynga; information relating to pending or abandoned patent

26   applications that have not been made available to the public; confidential submissions to

27   governmental entities describing Zynga's legal positions or theories; personnel files; sensitive

28

personally identifiable information; commercially sensitive information about advertising including financial metrics, contracts, platforms use, performance, methodology, strategy, or otherwise commercially sensitive advertising information; commercially sensitive information about cloud computing resources provided either by Zynga or a third-party provider, including historical or forward-looking analyses and projections, pricing structures or financial metrics, usage metrics, infrastructure, or contracts; commercially sensitive information about licensing, royalties, and fees to acquire content or intellectual property; and communications that disclose any such information.

**C.      ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF ZYNGA PROTECTED MATERIALS**

1.      Manner of Designating "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental Protective Order requires:

(a)      <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Zynga affix the legend "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Zynga seeks protection under this Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, Zynga also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Zynga makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, Zynga must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Zynga must affix the appropriate legend ("ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Zynga also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins.)

     (b) <u>for testimony given in deposition or in other pretrial proceedings not involving the court,</u> that Zynga identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Zynga may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order. Alternatively, Zynga may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "<u>ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial, Zynga can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.</u>

    Zynga and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "<u>ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u> so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "<u>ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."</u>

    Transcripts containing "<u>ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u> shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "<u>ZYNGA HIGHLY</u>

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Zynga shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that Zynga affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, Zynga, to the extent practicable, shall identify the protected portion(s).

2.    Disclosure of "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Nothing in this Supplemental Protective Order shall prohibit Zynga from choosing to disclose information to specific individuals or entities, including expert witnesses, at its own discretion. Unless otherwise ordered by the Court or permitted in writing by Zynga, a Party may disclose any information or item designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a)    the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

(b)    Designated House Counsel of the Party, but only in the event that (i) information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in these Litigations; (ii) the Party discloses to Zynga the relevant excerpts from the work product that include the information designated "ZYNGA HIGH CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party

identifies by name and job title the Designated House Counsel with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) Zynga provides consent to the disclosure, which shall not unreasonably be withheld;

(c)     Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order); and

(f)     the author or recipient of a document containing the information.

3.     Any Party disclosing any information or item for which an "Acknowledgement and Agreement to be Bound" (Exhibit A to the Protective Order) is required shall collect and maintain a copy of each executed form and promptly provide them to Zynga upon Zynga's request. Zynga will not disclose the identity of any expert who has signed the "Acknowledgement and Agreement to be Bound" without first obtaining the consent of the party that retained the expert or, alternatively, authorization from the Court.

4.     In light of the close of discovery in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640, Dkt. No. 116, any discovery produced by Zynga in *In re Apple iPhone Antitrust Litigation* and *Cameron v. Apple Inc.* (Case No. 4:11-cv-06714-YGR) or (Case No. 4:19-cv-03074-YGR) and designated either "CONFIDENTIAL" or "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall not be produced in or used at trial in *Epic Games, Inc. v. Apple Inc.*

5.     If additional named plaintiffs are joined in *Cameron v. Apple Inc.* Case No. 4:19-cv-03074-YGR, the existing named Plaintiffs in that matter—Donald R. Cameron and Pure Sweat

Basketball, Inc.—shall notify Zynga. Zynga shall have reasonable opportunity to seek further protective orders and object to sharing of any discovery produced by Zynga and designated either "CONFIDENTIAL" or "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" as to the new named Plaintiffs.

6.     All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Zynga, no Party seeking to introduce documents or information designated "ZYNGA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

**IT IS SO ORDERED.**

DATED: November _____, 2021     _____

HON. YVONNE GONZALEZ ROGERS
United States District Judge

# EXHIBIT B

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:    619/239-4599
Facsimile:    619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH |
| | **[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NIANTIC, INC.** |
| | **Hon. Yvonne Gonzalez Rogers** |
| DONALD R. CAMERON, *et al.,* | Case No. 4:19-cv-03074-YGR-TSH |
| Plaintiffs, | |
| v. | |
| APPLE INC., | |
| Defendant. | |
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| Plaintiff and Counter-defendant, | |
| v. | |
| APPLE INC., | |
| Defendant and Counterclaimant. | |

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

**A.   GENERAL PROVISIONS**

1.      The definitions, terms and provisions contained in the Stipulated Amended Protective 6 Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.      The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Niantic[1], and nothing herein shall provide any rights or protections to the Parties to the Litigations[2] beyond those set forth in the Protective Order.

**B.   ADDITIONAL DEFINITIONS**

1.      <u>Business Consultant</u>: a consultant advising on or involved in competitive decision-making.

2.      <u>Party Expert</u>: with respect to "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Niantic, or of any Niantic competitor, or otherwise currently involved in

---

[1]      The term "Niantic" shall include any entity that responds to subpoenas served on Niantic, Inc. in the Litigations. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Niantic, Inc. and its subsidiaries.

[2]      Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*; Case No. 4:20-cv-05640.

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM NIANTIC, INC.
Case Nos. 4:11-cv-06714-YGR-TSH; 4:19-cv-03074-YGR-TSH; 4:20-cv-05640-YGR-TSH

competitive decision- making for a Party, Niantic, or for any Niantic competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Niantic, or Niantic's competitor, or otherwise been involved in competitive decision-making for a Party, Niantic, or Niantic's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Niantic, or of any Niantic competitor, or to be otherwise involved in competitive decision-making for a Party or for any Niantic competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Niantic or any Niantic competitor, or otherwise involved in competitive decision-making for Niantic or any Niantic competitor, the Party learning such information shall promptly disclose the information to Niantic.

3.      "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"
Information or Items: extremely sensitive "Confidential Information or Items" produced by Niantic and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Niantic's data protection practices and security protocols or other matters related to data security or privacy; evaluation of the strengths and vulnerabilities of Niantic's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Niantic or competitors to Niantic; non-public intellectual property information; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Niantic's legal positions or theories or other matters; personnel files; sensitive personally identifiable information; and communications that disclose any such

1    information, disclosure of which to a Party or another Non- Party would create a substantial risk of

2    serious harm that could not be avoided by less restrictive means.

3         **C.    ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF NIANTIC**

4              **PROTECTED MATERIALS**

5         1.    Manner of Designating "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE

6    COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental

7    Protective Order requires:

8              (a)    for information in documentary form (e.g., paper or electronic

9    documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

10   Niantic affix the legend "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

11   ONLY" to each page of any document for which Niantic seeks protection under this Supplemental

12   Protective Order. If only a portion or portions of the material on a page qualifies for protection,

13   Niantic also must clearly identify the protected portion(s) (e.g., by making appropriate markings in

14   the margins).

15             If Niantic makes original documents or materials available for inspection, it need not

16   designate them for protection until after the inspecting Party has indicated which material it would

17   like copied and produced. During the inspection and before the designation, all of the material

18   made available for inspection shall be deemed "NIANTIC HIGHLY CONFIDENTIAL –

19   OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it

20   wants copied and produced, Niantic must determine which documents, or portions thereof, qualify

21   for protection under this Supplemental Protective Order. Then, before producing the specified

22   documents, Niantic must affix the appropriate legend ("NIANTIC HIGHLY CONFIDENTIAL –

23   OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or

24   portions of the material on a page qualifies for protection, Niantic also must clearly identify the

25   protected portion(s) (e.g., by making appropriate markings in the margins).

26             (b)    for testimony given in deposition or in other pretrial proceedings not

27   involving the Court, that Niantic identify on the record, before the close of the deposition, hearing,

28

or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Niantic may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order. Alternatively, Niantic may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial, Niantic can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.

Niantic and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Niantic shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

1           (c)     <u>for information produced in some form other than documentary and</u>

2  <u>for any other tangible items</u>, that Niantic affix in a prominent place on the exterior of the container

3  or containers in which the information or item is stored the legend "<u>NIANTIC HIGHLY</u>

4  <u>CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>." If only a portion or portions of the

5  information or item warrant protection, Niantic, to the extent practicable, shall identify the

6  protected portion(s).

7          2.     <u>Disclosure of "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL</u>

8  <u>EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing

9  by Niantic, a Party may disclose any information or item designated "NIANTIC HIGHLY

10  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

11           (a)     the Party's Outside Counsel of Record in this action, as well as

12  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

13  information for these Litigations and who have signed the "Acknowledgement and Agreement to

14  be Bound" that is attached to the Protective Order as Exhibit A;

15           (b)     Designated House Counsel of the Party, but only in the event that (i)

16  information designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

17  ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in

18  these Litigations; (ii) the Party discloses to Niantic the relevant excerpts from the work product that

19  include the information designated "NIANTIC HIGH CONFIDENTIAL – OUTSIDE COUNSEL

20  EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party

21  identifies by name and job title the Designated House Counsel, which shall be limited to two Apple

22  litigation attorneys with primary responsibility for overseeing these litigations, with whom such

23  work product will be shared for the purpose of reviewing and approving the work product in

24  advance of filing or service; and (iv) Niantic provides consent to the disclosure, which shall not

25  unreasonably be withheld;

26

27

28

1              (c)    Party Experts (as defined in this Supplemental Protective Order) (1)

2  to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the

3  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4              (d)    the Court and its personnel;

5              (e)    court reporters and their staff, professional jury or trial consultants,

6  and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who

7  have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

8              (f)    the author or recipient of a document containing the information.

9        3.     In light of the close of discovery in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-

10  cv-05640, Dkt. No. 116, any discovery produced by Niantic in *In re Apple iPhone Antitrust*

11  *Litigation* and *Cameron v. Apple Inc.* (Case No. 4:11-cv-06714-YGR) or (Case No. 4:19-cv-03074-

12  YGR) and designated either "CONFIDENTIAL" or "NIANTIC HIGHLY CONFIDENTIAL –

13  OUTSIDE COUNSEL EYES ONLY" shall not be produced in or used at trial in *Epic Games, Inc.*

14  *v. Apple Inc.*

15        4.     If additional named plaintiffs are joined in *Cameron v. Apple Inc.* Case No. 4:19-cv-

16  03074-YGR, the existing named Plaintiffs in that matter—Donald R. Cameron and Pure Sweat

17  Basketball, Inc.—shall notify Niantic. Niantic shall have reasonable opportunity to seek further

18  protective orders and object to sharing of any discovery produced by Niantic and designated either

19  "CONFIDENTIAL" or "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

20  ONLY" as to the new named Plaintiffs.

21        All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10,

22  11, 12, 13, and 14 apply mutatis mutandis to information designated "NIANTIC HIGHLY

23  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to

24  information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except

25  that the provision in Paragraph 3 of the Protective Order providing that any use of Protected

26  Material at trial shall be governed by a separate agreement or order shall not apply to information

27  designated "NIANTIC HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

28

1   Unless otherwise ordered by the Court or expressly permitted by Niantic, no Party seeking to

2   introduce documents or information designated "NIANTIC HIGHLY CONFIDENTIAL –

3   OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any

4   persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

5          **IT IS SO ORDERED.**

6

7

8   DATED: November _____, 2021        _____

9                                        HON. YVONNE GONZALEZ ROGERS
                                         United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM NIANTIC, INC.
Case Nos. 4:11-CV-06714-YGR-TSH; 4:19-CV-03074-YGR-TSH; 4:20-CV-05640-YGR-TSH

# EXHIBIT C

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:    619/239-4599
Facsimile:    619/234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR-TSH<br><br>**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM THE WALT DISNEY COMPANY**<br><br>**Hon. Yvonne Gonzalez Rogers** |
| DONALD R. CAMERON, *et al.,*<br><br>            Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 4:19-cv-03074-YGR-TSH |
| EPIC GAMES, INC.,<br><br>            Plaintiff and Counter-defendant,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH |

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

**A.**   **GENERAL PROVISIONS**

1.   The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.   The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Disney[1], and nothing herein shall provide any rights or protections to the Parties to the Litigations[2] beyond those set forth in the Protective Order.

**B.**   **ADDITIONAL DEFINITIONS**

1.   <u>Business Consultant</u>: a consultant advising on or involved in competitive decision making.

2.   <u>Party Expert</u>: with respect to the "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" designation, a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigations; (2) is not a current employee or current Business Consultant of a Party, Disney, or any Disney competitor, or

---

[1]   Disney shall refer to The Walt Disney Company, Hulu, LLC ("Hulu"), and ESPN Productions, Inc. ("ESPN"). Hulu and ESPN are affiliates of The Walt Disney Company.

[2]   Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR; *Cameron v. Apple Inc.,* Case No: 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.,* Case No. 4:20-cv-05640.

otherwise currently involved in competitive decision-making for a Party, Disney, or any Disney competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Disney, or any Disney competitor, or otherwise been involved in competitive decision-making for a Party, Disney, or any Disney competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Disney, or any Disney competitor, or to be otherwise involved in competitive decision making for a Party, Disney, or any Disney competitor. If, while the Litigations are pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become an employee or Business Consultant of Disney or any Disney competitor, or otherwise involved in competitive decision-making for Disney or any Disney competitor, the Party learning such information shall promptly disclose the information to Disney.

3.      "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" produced by Disney and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; past, current, or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Disney's data protection practices and security protocols; evaluation of the strengths and vulnerability of Disney's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Disney or competitors to Disney; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Disney's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information.

**C.      ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF DISNEY PROTECTED MATERIALS**

1.     Manner of Designating "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. To qualify for protection as "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," Disney must affix the legend "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Disney seeks protection under this Supplemental Protective Order.

2.     Disclosure of "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by Disney, a Party may disclose any information or item designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a)     the Party's Outside Counsel of Record in the Litigations, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for these Litigations and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

(b)     Designated House Counsel of the Party, but only in the event that (i) information designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in these Litigations; (ii) the Party discloses to Disney the relevant excerpts from the work product that include the information designated "DISNEY HIGH CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) Disney provides consent to the disclosure, which shall not unreasonably be withheld;

(c)     Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

1            (e)     court reporters and their staff, professional jury or trial consultants,

2    and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who

3    have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

4            (f)     the author or recipient of a document containing the information.

5        3.     All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.2, 5.3, 6,

6    7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "DISNEY HIGHLY

7    CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to

8    information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except

9    that the provision in Paragraph 3 of the Protective Order providing that any use of Protected

10   Material at trial shall be governed by a separate agreement or order shall not apply to information

11   designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Unless

12   otherwise ordered by the Court or expressly permitted by Disney, no Party seeking to introduce

13   documents or information designated "DISNEY HIGHLY CONFIDENTIAL – OUTSIDE

14   COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other

15   than those identified in Paragraph C.2. of this Supplemental Protective Order. In the event a Party

16   seeks to introduce documents or information designated "DISNEY HIGHLY CONFIDENTIAL –

17   OUTSIDE COUNSEL EYES ONLY" at trial in a manner that will result in disclosure to persons

18   other than those specified in Paragraph C.2 of this Supplemental Protective Order, the Party shall

19   promptly notify Disney in writing such that Disney may raise any objection

20   **IT IS SO ORDERED.**

21

22

23   DATED: November _____, 2021        _____

24                               HON. YVONNE GONZALEZ ROGERS

                               United States District Court Judge

25

26

27

28

# **EXHIBIT D**

1  BETSY C. MANIFOLD (182450)
   RACHELE R. BYRD (190634)
2  BRITTANY N. DEJONG (258766)
   **WOLF HALDENSTEIN ADLER**
3  **FREEMAN & HERZ LLP**
   750 B Street, Suite 1820
4  San Diego, CA 92101
   Telephone:    619/239-4599
5  Facsimile:    619/234-4599
   manifold@whafh.com
6  byrd@whafh.com
   dejong@whafh.com
7
   *Interim Class Counsel for the*
8  *Consumer Plaintiffs*

9                    **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                        **OAKLAND DIVISION**

12  | IN RE APPLE IPHONE ANTITRUST | Case No. 4:11-cv-06714-YGR-TSH |
    | LITIGATION | |
13  | | **[PROPOSED] SUPPLEMENTAL** |
    | | **PROTECTIVE ORDER GOVERNING** |
14  | | **DISCOVERY FROM ELECTRONIC ARTS** |
    | | **INC.** |
15  | | |
    | | **Hon. Yvonne Gonzalez Rogers** |
16  | DONALD R. CAMERON, *et al.*, | |
17  | Plaintiffs, | Case No. 4:19-cv-03074-YGR-TSH |
18  | v. | |
19  | APPLE INC., | |
20  | Defendant. | |
21  | EPIC GAMES, INC., | |
    | | Case No. 4:20-cv-03074-YGR-TSH |
22  | Plaintiff and Counter-defendant, | |
23  | v. | |
24  | APPLE INC., | |
25  | Defendant and Counterclaimant. | |
26

27

28

Having considered Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders and any opposition(s) filed in response thereto, and good cause appearing, the Court hereby grants the motion and enters the following order:

## A.   **GENERAL PROVISIONS**

1.     The definitions, terms and provisions contained in the Stipulated Amended Protective Order on January 21, 2021 (Case No. 4:11-cv-06714-YGR, Dkt. No. 381; Case No. 4:19-cv-03074-YGR, Dkt. No. 252) (the "Protective Order") shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.     The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Electronic Arts Inc. ("EA"), and nothing herein shall provide any rights or protections to the Parties to the Litigations[1] beyond those set forth in the Protective Order.

## B.   **ADDITIONAL DEFINITIONS**

1.     Business Consultant: a consultant advising on or involved in competitive decision-making.

2.     Party Expert: with respect to the "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" designation, a person with specialized knowledge or experience in a matter pertinent to the Litigations who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigations; (2) is not a current employee or current Business Consultant of a Party, EA, or any EA competitor, or otherwise currently involved in competitive decision-making for a Party, EA, or any EA competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a

---

[1]     Litigations shall mean *In re Apple iPhone Antitrust Litigation*, Case No 4:11-cv-06714-YGR; *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR; and *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640.

Party, EA, or any EA competitor, or otherwise been involved in competitive decision-making for a Party, EA, or any EA competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, EA, or any EA competitor, or to be otherwise involved in competitive decision-making for a Party, EA, or any EA competitor. If, while the Litigations are pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of EA or any EA competitor, or otherwise involved in competitive decision-making for EA or any EA competitor, the Party learning such information shall promptly disclose the information to EA.

3.      "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"

Information or Items: extremely sensitive "Confidential Information or Items" produced by EA and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; past, current, or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning EA's data protection practices and security protocols; evaluation of the strengths and vulnerability of EA's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to EA or competitors to EA; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing EA's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information.

C.      **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF EA PROTECTED MATERIALS**

1.      Manner of Designating "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. To qualify for protection as "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," EA must affix the legend "EA HIGHLY

1    CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for

2    which EA seeks protection under this Supplemental Protective Order."

3         2.     Disclosure of "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

4    ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by

5    EA, a Party may disclose any information or item designated "EA HIGHLY CONFIDENTIAL –

6    OUTSIDE COUNSEL EYES ONLY" only to:

7              (a)     the Party's Outside Counsel of Record in the Litigations, as well as

8    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

9    information for these Litigations and who have signed the "Acknowledgement and Agreement to

10   be Bound" that is attached to the Protective Order as Exhibit A;

11             (b)     Designated House Counsel of the Party, but only in the event that (i)

12   information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"

13   is incorporated into and necessary to a Party's work product that is to be filed or served in these

14   Litigations; (ii) the Party discloses to EA the relevant excerpts from the work product that include

15   the information designated "EA HIGH CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"

16   prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and

17   job title the Designated House Counsel with whom such work product will be shared for the

18   purpose of reviewing and approving the work product in advance of filing or service; and (iv) EA

19   provides consent to the disclosure, which shall not unreasonably be withheld;

20             (c)     Party Experts (as defined in this Supplemental Protective Order) (1)

21   to whom disclosure is reasonably necessary for these Litigations and (2) who have signed the

22   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23             (d)     the Court and its personnel;

24             (e)     court reporters and their staff, professional jury or trial consultants,

25   and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who

26   have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

27             (f)     the author or recipient of a document containing the information.

28

3.     All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;" except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Unless otherwise ordered by the Court or expressly permitted by EA, no Party seeking to introduce documents or information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order. In the event a Party seeks to introduce documents or information designated "EA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" at trial in a manner that will result in disclosure to persons other than those specified in Paragraph C.2 of this Supplemental Protective order, the Party shall promptly notify in writing the EA such that EA may raise any objection.

**IT IS SO ORDERED.**

DATED: November _____, 2021     _____

HON. YVONNE GONZALEZ ROGERS
United States District Court Judge