FILED

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant-counter-claimant-Appellee. | No. 21-16506 <br><br> D.C. No. 4:20-cv-05640-YGR <br> Northern District of California, Oakland <br><br> ORDER |
| EPIC GAMES, INC., <br><br> Plaintiff-counter-defendant-Appellee, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant-counter-claimant-Appellant. | No. 21-16695 <br><br> D.C. No. 4:20-cv-05640-YGR |

Before: O'SCANNLAIN, THOMAS, and TALLMAN, Circuit Judges.

Apple, Inc. ("Apple") has moved to stay, in part, the district court's September 10, 2021, permanent injunction pending appeal. Apple's motion (Dkt. Entry No. 19) is granted.

Apple has demonstrated, at minimum, that its appeal raises serious questions

on the merits of the district court's determination that Epic Games, Inc. failed to show Apple's conduct violated any antitrust laws but did show that the same conduct violated California's Unfair Competition Law.  *See City of San Jose v. Off. of the Com'r of Baseball*, 776 F.3d 686, 691–92 (9th Cir. 2015) ("[U]nder California law '[i]f the same conduct is alleged to be both an antitrust violation and an "unfair" business act or practice for the same reason—because it unreasonably restrains competition and harms consumers—the determination that the conduct is not an unreasonable restraint of trade necessarily implies that the conduct is not "unfair" toward consumers.'" (quoting *Chavez v. Whirlpool Corp.*, 113 Cal. Rptr. 2d 175, 184 (Cal. Ct. App. 2001))).  Apple has also made a sufficient showing of irreparable harm, *see Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 865–66 (9th Cir. 2017), and that the remaining factors weigh in favor of staying part (i) of the injunction and maintaining the status quo pending appeal, *see Nken v. Holder*, 556 U.S. 418, 434–35 (2009).

      Therefore, we grant Apple's motion to stay part (i) of paragraph (1) of the permanent injunction.  The stay will remain in effect until the mandate issues in this appeal.  The existing briefing schedule remains in place.