THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice pending*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice pending*)
mark.pinkert@weil.com
KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice pending*)
katie.black@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**COUNTERCLAIMANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

I. The Court Should Grant Apple's Request To Seal Information That Reflects Its Competitively Sensitive Internal Billing Policies, Processes, And Systems ............................2

II. The Court Should Grant Apple's Request To Seal Information That Reflects Its Negotiations With Its Vendors.........................................................................................3

III. The Court Should Grant Apple's Request To Seal Information That Reflects Apple's Financial Information Relating To Costs Expended By Apple In The Epic Litigation............4

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Algarin v. Maybelline, LLC*,
2014 WL 690410 (S.D. Cal. Feb. 21, 2014) .......... 2

*In re Anthem, Inc. Data Breach Litig.*,
2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) .......... 2, 3, 5

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) .......... 1, 2, 4

*Ervine v. Warden*,
214 F. Supp. 3d 917 (E.D. Cal. 2016) .......... 2, 3

*In re High-Tech Employee Antitrust Litig.*,
2013 WL 163779 (N.D. Cal. Jan. 15, 2013) .......... 4

*Kamakana v. City and Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) .......... 1, 2

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) .......... 4

*Philips v. Ford Motor Co.*,
2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) .......... 4

*Phillips v. Gen. Motors Corp.*,
307 F.3d 1206 (9th Cir. 2002) .......... 1

*PQ Labs, Inc. v. Qi*,
2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) .......... 2

*Vigdor v. Super Lucky Casino, Inc.*,
2018 WL 4510734 (N.D. Cal. Sept. 18, 2018) .......... 4

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
619 F. Supp. 3d 970 (N.D. Cal. 2021) (Gonzalez Rogers, J.) .......... 2, 4

*Williams v. Apple Inc.*,
2021 WL 2476916 (N.D. Cal. June 17, 2021) .......... 2, 3

**Other Authorities**

Fed. R. Civ. P. 26 .......... 1

Local Rule 79-5 .......... 1

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Counterclaimant Apple Inc. ("Apple") moves the Court to redact portions of its Motion for Entry of Judgment on its Indemnification Counterclaim (the "Motion"); the declaration of Mark Rollins (the "Rollins Declaration"); the declaration of Carlyn Irwin (the "Irwin Declaration"); and the declaration of Richard M. Pearl (the "Pearl Declaration").  Apple's proposed redactions of that information are highlighted in GRAY in the attached un-redacted versions of each document and itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").  Apple respectfully requests that this Court fully seal Exhibit E to the Irwin Declaration.

Apple requests that the Court seal these documents, as they contain information Apple contends is sealable under controlling law and the Civil Local Rules 79-5.  Specifically, the Motion and its accompanying declarations and exhibits contain competitively sensitive, non-public information regarding Apple's: (1) internal billing policies, processes, and systems for conducting litigation and managing vendor billing; (2) negotiations with each of Apple's vendors during the *Epic* matter; and/or (3) financial information relating to costs expended by Apple in the *Epic* litigation.

Accordingly, Apple moves to seal portions of the Motion, and its accompanying declarations and exhibits, and respectfully requests that this Court grant Apple's request to seal the sealable information contained within these documents.  Apple's request is narrowly tailored, and the bulk of the submissions will be filed publicly.

**LEGAL STANDARD**

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  When moving to seal documents attached to a dispositive motion, there must be compelling circumstances that outweigh the public policy in favor of disclosure.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Compelling circumstances may exist when documents contain confidential trade secrets or proprietary information.  *See* Fed. R. Civ. P. 26(c)(1)(G) (courts have the power to "require[e] that a trade secret, or other confidential research, development, or commercial information not be revealed");

*see also Kamakana*, 447 F.3d at 1179 (compelling circumstances include potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets). To seal information appended to non-dispositive motions, such as motions for attorneys' fees, the movant must establish "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783 (N.D. Cal. Mar. 16, 2018). Overall, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

### I. THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL INFORMATION THAT REFLECTS ITS COMPETITIVELY SENSITIVE INTERNAL BILLING POLICIES, PROCESSES, AND SYSTEMS

Apple seeks to seal competitively sensitive business information regarding its internal billing policies, which reflect Apple's strategy and systems for conducting litigation and managing its vendors. The information is competitively sensitive because public access to this information would cause Apple economic harm and put it at a competitive disadvantage by disclosing not only Apple's billing processes, but also how those processes affect Apple's work with its third-party vendors and law firms. Rollins Decl. ¶ 41; Perry Decl. ¶¶ 7–8; *see also Ctr. for Auto Safety*, 809 F.3d at 1097; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions" and finding "most of Apple's sealing requests[ ] appropriate" to the extent the disclosures "would harm Apple's competitive standing").

Sealing is necessary here because public disclosure of this information would risk competitors or others gaining an unfair business advantage by benefitting from Apple's extensive efforts to create proprietary technology tools and processes for managing their billing and vendor relationships, all of which Apple intended to keep confidential. Rollins Decl. ¶¶ 41–42; Perry Decl. ¶¶ 7–8; *see also, e.g.*, *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing "confidential business material" where "improper use by business competitors seeking to replicate L'Oréal's business

practices" may "circumvent the time and resources necessary in developing their own practices and strategies").

Courts in the Ninth Circuit—including this Court—have allowed the sealing of such competitively sensitive business information if the request is narrowly tailored. *See, e.g.*, Dkt. No. 643 at 3 (finding Apple's proposed redactions for an exhibit "narrowly tailored in seeking sensitive and confidential information, the disclosure of which would result in competitive harm to Apple"); *Williams*, 2021 WL 2476916, at *1; *see also Ervine*, 214 F. Supp. 3d at 919. Here, Apple has met this standard by narrowly tailoring its request to seal only confidential information regarding Apple's internal processes and policies for managing client billing. *See* Perry Decl. ¶¶ 7, 9.

The following documents fall within this category for the reasons discussed above, as articulated more fully in the accompanying Declaration of Mark A. Perry: (1) the Motion, (2) the Rollins Declaration, (3) the Irwin Declaration and its Exhibits B and C, and (4) the Pearl Declaration and its Exhibit A.

## II. THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL INFORMATION THAT REFLECTS ITS NEGOTIATIONS WITH ITS VENDORS

Apple also seeks to seal competitively sensitive business information that reflects negotiations with its law firms and vendors that worked on the *Epic* litigation. If made public, disclosure of that information would create a substantial risk of serious financial or other injury to Apple and to its relationships with other vendors or clients. *See In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (granting a motion to seal where the disclosure of "information that could be used to derive" attorney rates and "privately negotiated financial arrangements could impair the attorneys' bargaining power").

*First*, the disclosure would constrain Apple's ability to negotiate with current and future vendors, who would be able to use confidential knowledge to their advantage during negotiations. Rollins Decl. ¶¶ 41–42; Perry Decl. ¶¶ 10–11. *Second*, disclosure of the information could harm Apple's vendors, which prefer that their business negotiations remain confidential, as they likewise want to maintain a level playing field in future negotiations with clients. Rollins Decl. ¶¶ 41–42; Perry Decl. ¶¶ 10–11. *Third*, and for that reason, any disclosure here would damage Apple's relationships with its vendors.

Rollins Decl. ¶ 41; Perry Decl. ¶¶ 10–11. *Fourth*, sealing is necessary here because public disclosure of this non-public, confidential information for each specific vendor by name would risk competitors or others gaining an unfair business advantage by using this information to influence negotiations or otherwise affect competition against Apple and/or its vendors. Rollins Decl. ¶ 41; Perry Decl. ¶¶ 10–11. All of these harmful consequences establish sufficient cause to seal. *See Philips v. Ford Motor Co.*, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) (noting that the "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"). Given the sensitive nature of this information, Apple keeps such information confidential in the ordinary course of business operations. Rollins Decl. ¶ 42; *see Ctr. for Auto Safety*, 809 F.3d at 1097; *Nixon*, 435 U.S. at 598 (sealing appropriate where documents may be used "as sources of business information that might harm a litigant's competitive standing").

Here, Apple's request is sufficiently narrowly-tailored because it has redacted only payment information kept confidential in the ordinary course of business and that would injure Apple and its vendors for the *Epic* litigation if made public. Perry Decl. ¶¶ 10, 12; *see also See Vineyard House,* LLC, 619 F. Supp. 3d at 972 n.2.

The following documents fall within this category for the reasons discussed above, as articulated more fully in the accompanying Declaration of Mark A. Perry: (1) the Irwin Declaration and its Exhibits B and C, and (2) the Pearl Declaration.

## III. THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL INFORMATION THAT REFLECTS APPLE'S FINANCIAL INFORMATION RELATING TO COSTS EXPENDED BY APPLE IN THE *EPIC* LITIGATION

Apple further seeks to seal specific non-public, competitively sensitive financial information that reflects costs Apple paid to its vendors in the *Epic* litigation. Non-public financial information such as this is regularly sealed, because it can reveal sensitive information that could provide competitors with an unfair advantage over the litigant. *See In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *8 (N.D. Cal. Jan. 15, 2013) (allowing the sealing of documents containing "confidential compensation information").

Here, Apple has narrowly tailored its sealing request to include only that cost information kept confidential in the ordinary course of business. *See in re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (granting a narrowly-tailored request to seal rates paid for attorneys and a paralegal); Perry Decl. ¶¶ 13–14. Sealing is necessary here because public disclosure of this information, which is ordinarily kept confidential, would risk competitors or others gaining an unfair business advantage by using this information regarding how Apple and its vendors, including law firms, deployed financial resources throughout the *Epic* litigation.

The following documents fall within this category for the reasons discussed above, as articulated more fully in the accompanying Declaration of Mark A. Perry: (1) the Motion, (2) the Rollins Declaration, (3) the Irwin Declaration, and (4) the Pearl Declaration.

**CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated: January 16, 2024

Respectfully submitted,

By: *[s] Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.