EXHIBIT A

| | |
|---|---|
| **From:** | Benjamin Wylly |
| **Sent:** | Tuesday, February 6, 2024 6:28 PM |
| **To:** | 'Perry, Mark'; Pinkert, Mark; TBoutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; Srinivasan, Jay P.; crichman@gibsondunn.com; rbrass@gibsondunn.com; jkleinbrodt@gibsondunn.com; Wesneski, Josh; MacBride, Morgan; Black, Katie |
| **Cc:** | Epic Mobile Apps EXTERNAL |
| **Subject:** | RE: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR) |

Mark,

As we noted before, Epic disagrees that the operative Protective Order is insufficient for the data it is seeking, and Apple still has not explained why the information at issue is more sensitive than the millions of pages of competitively sensitive information the Parties exchanged under that Order.  We thus have no amendments to propose to Apple's draft Addendum.  We do note, however, that in addition to the lack of justification for additional protections, the Addendum assumes that Epic needs an expert (or experts) to review and analyze the data; Epic does not agree that is necessarily the case (and cannot fully assess the need for an expert without access to the information).  Because Apple is unwilling to produce the data under the operative Protective Order, it seems we are at an impasse.

As it relates to Mr. Pearl's data, Epic disagrees that the outside counsel guidelines and billing policies are not relevant to any contention Epic might make in response to Apple's indemnification motion.  Mr. Pearl has considered that information in concluding that the fees and costs Apple seeks are reasonable.  Epic cannot assess Mr. Pearl's conclusions without access to the same information.

Further, Epic is seeking more materials considered by Mr. Pearl than just Apple's outside counsel guidelines and billing policies, which appear to be just two bullets in the "Other" category in Exhibit A to Mr. Pearl's declaration.  As stated in my January 25 email, Epic is seeking all materials listed under the headings "Data from Cornerstone" and "Other" in Exhibit A to Mr. Pearl's declaration.  Finally, Epic reserves the right to seek further information considered by both Mr. Pearl and Ms. Irwin, as also noted in my January 25 email.

Regards,
Ben

Benjamin Wylly
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
T: (212) 474-1582
bwylly@cravath.com

---

**From:** Perry, Mark <Mark.Perry@weil.com>
**Sent:** Tuesday, February 6, 2024 8:08 AM
**To:** Benjamin Wylly <bwylly@cravath.com>; Pinkert, Mark <Mark.Pinkert@weil.com>; TBoutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; crichman@gibsondunn.com; rbrass@gibsondunn.com; jkleinbrodt@gibsondunn.com; Wesneski, Josh <Joshua.Wesneski@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Black, Katie <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** Re: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

> External (mark.perry@weil.com)

Report This Email  FAQ

Ben,

As we have previously discussed, Apple's motion and the supporting declarations are more than sufficient to warrant entry of judgment for Apple in the requested amount.  The provisions of Local Rule 54-5 do not apply to the indemnification counterclaim and Epic has not sought leave to conduct any discovery.  We are working with you in good faith to provide additional information as requested, but given the nature of the information at issue we need to limit its dissemination.

In particular, the backup data for Ms. Irwin's declaration include the rates negotiated by Apple with law firms and other vendors.  This is competitively sensitive information.  In fact, neither I nor any other of Apple's outside counsel have access to this information.  There is similarly no reason for Epic or its outside counsel to review it.  We understand your interest in confirming the figures, and thus have proposed an Addendum to the extant Protective Order that would allow your Experts to run the numbers.  And we will get you redacted versions of all the information on an AEO basis.  If there is something about the Addendum that doesn't work, let us know; but we firmly believe this approach best protects all concerned.

Epic is not seeking any backup data for Mr. Pearl's declaration.  The only requested information is Apple's outside counsel guidelines and billing policies.  This information, too, is highly sensitive and does not appear to be relevant to any contention that Epic might make in response to our indemnification motion.  If you see it otherwise, please let me know with a detailed explanation.

We appreciate your explanation that Epic has not yet decided whether to challenge the reasonableness of Apple's request.  At this time, therefore, it will suffice to reiterate that if Epic does mount such a challenge, we expect Epic to provide reciprocal information regarding its own fees and other expenses.

The backup data to Ms. Irwin's report that Epic has requested has been loaded onto a discovery platform and we are prepared to provide it to your Experts promptly after you sign the Addendum (or another mutually agreeable confidentiality arrangement has been reached).

Thanks.

MAP



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

**From:** Benjamin Wylly <bwylly@cravath.com>
**Date:** Friday, February 2, 2024 at 5:39 PM
**To:** Mark Perry <Mark.Perry@weil.com>, Mark Pinkert <Mark.Pinkert@weil.com>, Ted Boutrous <TBoutrous@gibsondunn.com>, "rdoren@gibsondunn.com" <rdoren@gibsondunn.com>, "dswanson@gibsondunn.com" <dswanson@gibsondunn.com>, "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>, "crichman@gibsondunn.com" <crichman@gibsondunn.com>, Rachel Brass <rbrass@gibsondunn.com>, "jkleinbrodt@gibsondunn.com" <jkleinbrodt@gibsondunn.com>, Josh Wesneski <Joshua.Wesneski@weil.com>, Morgan MacBride <Morgan.MacBride@weil.com>, Katie Black <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Mark,

We have never represented that Epic will not challenge the reasonableness of Apple's fees and other expenditures.  We have been clear that determining whether Epic will challenge the calculations or reasonableness of Apple's requested fees and expenses depends on having access to the data relied upon by both Ms. Irwin and Mr. Pearl.

We understand that Apple is refusing to provide any of the data relied upon by Ms. Irwin or Mr. Pearl under the existing Protective Order.  Epic does not agree to Apple's proposal to supplement the Protective Order in this case and prevent even outside counsel from assessing the materials on which Apple's motion is based.  Apple has not explained how the available confidentiality designations under the existing Protective Order are not adequate.  We reiterate our request for production of the information identified in my email below, without the limitations and restrictions that Apple has proposed.

Regards,
Ben

Benjamin Wylly
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
T: (212) 474-1582
bwylly@cravath.com

---

**From:** Perry, Mark <Mark.Perry@weil.com>
**Sent:** Wednesday, January 31, 2024 4:24 PM
**To:** Benjamin Wylly <bwylly@cravath.com>; Pinkert, Mark <Mark.Pinkert@weil.com>; TBoutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; crichman@gibsondunn.com; rbrass@gibsondunn.com; jkleinbrodt@gibsondunn.com; Wesneski, Josh <Joshua.Wesneski@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Black, Katie <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** Re: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Ben,

On behalf of Apple, I am responding to Epic's request for additional information in connection with Apple's motion for entry of judgment on its indemnification counterclaim.

3

First, Apple agrees to produce the "Data," "Declarations," and "Invoices" identified on pages 2-3 of Exhibit D to Ms. Irwin's declaration (other than individual time entries, which Epic is not seeking) subject to the confidentiality considerations addressed below.  We will make a production of this information promptly after the Addendum has been signed.

Second, the data and documents requested by Epic include competitively and commercially sensitive information regarding law firm and vendor billing rates and staffing.  Epic and its outside counsel have no need to see some of this information.  Accordingly, we will provide unredacted versions of the requested information only to Epic's Experts in accordance with the terms of the attached Addendum to the Protective Order.  As noted therein, we will provide redacted versions for review by Epic's outside counsel, and agree to work with you in good faith regarding the scope of any redactions.  We trust this will be satisfactory to Epic (and of course it would apply reciprocally to Apple).

Third, in light of your representation that Epic will not challenge the reasonableness of Apple's fees and other expenditures, we withdraw for now Apple's request for reciprocal information from Epic (although we reserve the right to renew the request should it become relevant in light of the positions Epic takes in its responsive submission or otherwise).  That same representation renders irrelevant the materials on which Mr. Pearl relied.

Nothing else in your note requires a response at this time, although our silence should not be taken as acquiescence or agreement.

Thanks,

MAP



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

---

**From:** Benjamin Wylly <bwylly@cravath.com>
**Date:** Thursday, January 25, 2024 at 1:14 PM
**To:** Mark Perry <Mark.Perry@weil.com>, Mark Pinkert <Mark.Pinkert@weil.com>, Ted Boutrous <TBoutrous@gibsondunn.com>, "rdoren@gibsondunn.com" <rdoren@gibsondunn.com>, "dswanson@gibsondunn.com" <dswanson@gibsondunn.com>, "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>, "crichman@gibsondunn.com" <crichman@gibsondunn.com>, Rachel Brass <rbrass@gibsondunn.com>, "jkleinbrodt@gibsondunn.com" <jkleinbrodt@gibsondunn.com>, Josh Wesneski <Joshua.Wesneski@weil.com>, Morgan MacBride <Morgan.MacBride@weil.com>, Katie Black <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Mark,

Taking each of your points in turn:   First, Epic's position remains that a bifurcated response will be more efficient for the Court and parties.  We understand that Apple objects to Epic's proposal.

Second, Epic does not accept the conditions that Apple seeks to impose on the production of the materials that we are requesting.  Apple is the party seeking recovery of its attorneys' fees and other expenses and carries the burden to substantiate its requested amount.  That requires Apple to make available to Epic sufficient information for Epic to assess the specific attorneys' fees and expenses for which Apple seeks recovery.  By contrast, Epic's attorneys' fees and expenses are not at issue.  Even if you were correct that Epic's expenditures "may bear" on whether Apple's claimed attorneys' fees and expenses are reasonable (which we do not concede), that hypothetical future dispute regarding some portion of Apple's claimed attorneys' fees and expenses would not justify a wholesale upfront production of all the Epic information you have requested—much less as a condition to Epic's receipt of substantiation for the attorneys' fees and expenses that Apple actually seeks now to have the Court award.  Apple's tit-for-tat demand for immediate and fully reciprocal disclosure from Epic is without merit.

Apple potentially could have avoided some or all of the need to produce substantiating documents had it met its obligation to meet and confer with Epic before filing a 27-page motion supported by two expert reports that expressly rely on extensive backup data.  The disputes presented to the Court also potentially could have been greatly streamlined through a pre-motion meet and confer process.  Apple chose not to engage in that process.  Given where we are, Epic is entitled at least to the evidence that Apple's Motion purports to rely on to substantiate Apple's demands.  To be clear, the documents that Epic seeks are materials identified by Ms. Irwin and Mr. Pearl in their declarations as materials that they considered.  For the avoidance of doubt, Epic seeks the materials identified on pages 2-3 of Exhibit D to Ms. Irwin's declaration, under the headings "Data", "Declarations" and "Invoices", and the materials identified on page 2 of Exhibit A to Mr. Pearl's declaration under the headings "Data from Cornerstone" and "Other".  Epic reserves the right to seek further information, particularly because it appears as though Ms. Irwin relied on draft declarations of counsel and may not have reviewed relevant underlying materials discussed in those draft declarations.  As stated in our initial email, Epic is not currently seeking individual time entries of counsel or the materials required by Civil Local Rule 54-5(b)(2).

Third, Epic believes that the existing Protective Order provides sufficient protection for the fee and expense information at issue.  That Protective Order was thoroughly negotiated between the parties and Apple has not identified any reason to deviate from it in this instance.

Fourth, as to a schedule, subject to ongoing discussions regarding exchange of underlying data, Epic can file its opposition by February 16.  Epic will also agree that Apple can have two weeks for a reply, which would be due on March 1.  Please confirm whether Apple agrees to those dates, and we will provide a draft stipulated schedule for your review.

Regards,
Ben

Benjamin Wylly
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
T: (212) 474-1582
bwylly@cravath.com

---

**From:** Perry, Mark <Mark.Perry@weil.com>
**Sent:** Tuesday, January 23, 2024 5:15 PM
**To:** Benjamin Wylly <bwylly@cravath.com>; Pinkert, Mark <Mark.Pinkert@weil.com>; TBoutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; crichman@gibsondunn.com; rbrass@gibsondunn.com; jkleinbrodt@gibsondunn.com; Wesneski, Josh <Joshua.Wesneski@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Black, Katie <Katie.Black@weil.com>

**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** Re: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Counsel,

On behalf of Apple, I am responding to Epic's proposal as outlined below and further explained in our telephone call yesterday.

We do not think that bifurcating the indemnification proceedings will result in any efficiencies for the parties or the Court; to the contrary, it would unnecessarily prolong the resolution of this litigation and could result in prejudice to Apple.  Under Epic's proposal, as we understand it, the parties would engage in one round of briefing on an unidentified set of so-called "scope" issues, wait for the Court to decide those issues, and then engage in a second round of briefing on the calculations and/or reasonableness of the claimed amounts, and then wait for the Court to decide those issues.  We believe it would be fairer and more efficient to brief (and decide) everything in one go, as presented in the motion Apple has already filed.

We believe that Apple's motion for entry of judgment on its indemnification counterclaim – which, to be clear, is not subject to the requirements of Local Rule 54-5 – is sufficient to establish Apple's entitlement to the full amount requested.  We also do not believe that Epic has any legitimate grounds to dispute either Apple's entitlement to recovery or the amount, given the clarity of the indemnification provision and the Ninth Circuit's ruling.  However, we are willing to discuss a reasonable exchange of additional information if Epic believes it needs more to respond.

Your note below seeks the "materials relied upon by the declarants" (by which we assume you mean Cornerstone) and "all invoices rendered by each vendor" (which we understand does not include individual time entries).  Subject to an appropriate confidentiality agreement, we are willing to provide this information in exchange for the equivalent information from Epic, including:  (1) the total amount Epic spent on the Epic litigation, (2) a list of all vendors, and (3) data sufficient to establish the amount of all invoices rendered by each vendor (not including individual time entries).  A reciprocal exchange of information is appropriate because, among other things, Epic's own expenditures may bear on whether Apple's requested amounts are reasonable.

On confidentiality, we are concerned that the AEO provision of the extant Protective Order is not sufficient for the information at issue in the indemnification motion.  We see no need, for example, for Epic's in-house counsel (or anyone else at Epic) to have access to Apple's vendor information.  We also believe the information should be limited to a small (and identified) group of outside counsel and/or consultants, with restrictions on copying and dissemination.  These restrictions would, of course, be reciprocal.  We will propose some actual language separately.

As I mentioned during yesterday's call, Apple is willing to work with Epic on a briefing schedule.  Please propose something workable in light of our discussions by phone and e-mail, and we'll get back to you promptly.

Thanks,

MAP

P.S. Yonatan – I tried you back but the call would not go through to your cell.  Happy to discuss.



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600

Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

---

**From:** Benjamin Wylly <bwylly@cravath.com>
**Date:** Monday, January 22, 2024 at 12:12 PM
**To:** Mark Pinkert <Mark.Pinkert@weil.com>, Ted Boutrous <TBoutrous@gibsondunn.com>, "rdoren@gibsondunn.com" <rdoren@gibsondunn.com>, "dswanson@gibsondunn.com" <dswanson@gibsondunn.com>, "Srinivasan, Jay P." <JSrinivasan@gibsondunn.com>, "crichman@gibsondunn.com" <crichman@gibsondunn.com>, Rachel Brass <rbrass@gibsondunn.com>, "jkleinbrodt@gibsondunn.com" <jkleinbrodt@gibsondunn.com>, Mark Perry <Mark.Perry@weil.com>, Josh Wesneski <Joshua.Wesneski@weil.com>, Morgan MacBride <Morgan.MacBride@weil.com>, Katie Black <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Counsel,

To facilitate discussion during our meet and confer, Epic makes the following proposal for a joint stipulation, subject to Court approval, on a process for briefing Apple's Motion for Entry of Judgment.

Epic believes that Apple is not entitled to indemnification of all categories of fees and expenses that it seeks in its motion. For example, Apple is not entitled to indemnification of fees and expenses incurred in defending against Epic's affirmative claims or the affirmative claims of other plaintiffs litigated together with Epic's claims, which all would have been incurred in the litigation regardless of whether Epic had breached the DPLA. If Epic is correct about the scope of Apple's indemnification rights, it would limit or perhaps eliminate any disputes about the specific fees and expenses that Apple seeks to recover.

Accordingly, Epic believes it would be efficient for the parties and the Court first to address such threshold questions about scope, and then subsequently deal with any disputes that may remain regarding the particulars of Apple's calculations and/or the reasonableness of the claimed amounts.

Specifically, Epic proposes that it file an opposition brief limited to the threshold questions three weeks after Apple's submission (i.e., February 6), with ten calendar days for Apple to reply (i.e., February 16). Briefing on any disputes that may remain regarding Apple's calculations and/or the reasonableness of the claimed amounts can then follow a decision by the Court on issues raised during the first phase.

In the meantime, Epic requests the backup materials relied upon by those who submitted declarations in support of Apple's motion so that it can assess whether there is any dispute as to Apple's calculations and claims of reasonableness. For example, Apple's motion and accompanying declarations refer to Cornerstone's "rigorous data collection and review of Apple's bills and invoices, as well as underlying data" (Mot. at 21), but none of these materials have been provided to Epic. To be clear, while Epic reserves the right to seek the individual time entries of counsel and a statement of the services rendered, and summary of the time spent, by "each person" as required by Civil Local Rule 54-5(b)(2), it is not doing so at this time. But Epic should be given the remaining materials relied upon by the declarants, and (even if not relied upon by the declarants) all invoices rendered by each vendor, including law firms, for which indemnification is sought. Indeed, these materials should already have been provided as part of the meet and confer process required by Civil Local Rule 54-5(b)(1), which Apple did not comply with.

Regards,
Ben

Benjamin Wylly
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
T: (212) 474-1582
bwylly@cravath.com

---

**From:** Pinkert, Mark <Mark.Pinkert@weil.com>
**Sent:** Thursday, January 18, 2024 1:58 PM
**To:** Benjamin Wylly <bwylly@cravath.com>; TBoutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; crichman@gibsondunn.com; rbrass@gibsondunn.com; jkleinbrodt@gibsondunn.com; Perry, Mark <Mark.Perry@weil.com>; Wesneski, Josh <Joshua.Wesneski@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Black, Katie <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** RE: Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Thanks, Ben. Monday at 2pmPT works for us.



**Mark Pinkert**
Associate

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
Mark.Pinkert@weil.com
+1 305 577 3148 Direct
+1 203 415 6665 Mobile
+1 305 374 7159 Fax

---

**From:** Benjamin Wylly <bwylly@cravath.com>
**Sent:** Thursday, January 18, 2024 1:01 PM
**To:** TBoutrous@gibsondunn.com; rdoren@gibsondunn.com; dswanson@gibsondunn.com; Srinivasan, Jay P. <JSrinivasan@gibsondunn.com>; crichman@gibsondunn.com; rbrass@gibsondunn.com; jkleinbrodt@gibsondunn.com; Perry, Mark <Mark.Perry@weil.com>; Wesneski, Josh <Joshua.Wesneski@weil.com>; MacBride, Morgan <Morgan.MacBride@weil.com>; Pinkert, Mark <Mark.Pinkert@weil.com>; Black, Katie <Katie.Black@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR)

Counsel:

Epic requests a meet and confer to discuss an appropriate briefing schedule for Apple's "Motion for Entry of Judgment". We are available on Monday from 8:30-9:30 a.m., 12:30-1:00 p.m. and after 2:00 p.m. (all times PT). Please let us know if those times work or propose alternative times, and we can send a dial-in.

Regards,
Ben

8

Benjamin Wylly
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
T: (212) 474-1582
bwylly@cravath.com

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly

prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.