# EXHIBIT B

| | |
|---|---|
| **From:** | epic-mobileapps@lists.cravath.com on behalf of Black, Katie (via epic-mobileapps list) <epic-mobileapps@lists.cravath.com> |
| **Sent:** | Monday, February 12, 2024 10:13 PM |
| **To:** | Gary Bornstein; Epic Mobile Apps EXTERNAL |
| **Cc:** | Perry, Mark; Wesneski, Josh; MacBride, Morgan; Pinkert, Mark; Richman, Cynthia; Kleinbrodt, Julian Wolfe |
| **Subject:** | Epic Games, Inc. v. Apple Inc. (4:20-cv-05640-YGR) |
| **Attachments:** | Feb. 12, 2024 Letter - M. Perry to G. Bornstein re Indemnification Counterclaim.pdf |

External (epic-mobileapps@lists.cravath.com)

Report This Email  FAQ

Counsel,

Please see the attached correspondence. The referenced information is available via Weil Cloudshare, a link to which will be provided under separate cover shortly. The password to access that information will also follow in a separate email.

Best,
Katie



**Katie Black**
Associate
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
katie.black@weil.com
+1 305 577 3146 Direct
+1 917 628 6437 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

To unsubscribe from this list please go to https://lists.cravath.com/confirm/?u=LN40FBMPTjwSJsxi2395IvuVwcm0Fyzu

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark A. Perry**
+1 (202) 682-7511
Mark.Perry@weil.com

February 12, 2024

Gary Bornstein
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019

Re:  Backup Information for Indemnification Counterclaim

Dear Gary:

On January 16, 2024, Apple filed a Motion for Entry of Judgment on its Indemnification Counterclaim. Dkt. No. 876. As you are aware, the Ninth Circuit's judgment establishes Epic's liability for indemnification under the Apple Developer Program License Agreement ("DPLA"). C.A. Dkt. No. 222 at 10, 85–87. The only unresolved question on remand is the amount of "Losses" within the meaning of the DPLA that Apple has sustained.

Apple has established that it sustained Losses of $81,560,362 arising from or related to Epic's adjudicated breach of contract through October 31, 2023. Apple more than sufficiently demonstrated this amount with four declarations and supporting exhibits. *See* Dkt. No. 876-1 (declaration of Mark Rollins); Dkt. No. 876-2 (declaration of Carlyn Irwin); Dkt. No. 876-8 (declaration of Mark A. Perry); Dkt. No. 876-9 (declaration of Richard M. Pearl). Apple is seeking only 90% of its Losses, or $73,404,326 (plus additional amounts Apple is incurring during this ongoing litigation), in recognition of the fact that Epic prevailed on 1 of its 10 claims. This reduction is not required by either the DPLA or California law, and is disproportionately high compared to the actual percentage of work devoted to that one claim. *See* Dkt. No. 876 at 20, 27.

Epic has requested certain additional information on which Apple's experts relied, specifically: the materials identified on pages 2-3 of Exhibit D to Ms. Irwin's declaration, under the headings "Data," "Declarations," and "Invoices" (Dkt. No. 867-6), and the materials identified on page 2 of Exhibit A to Mr. Pearl's declaration, under the headings "Data from Cornerstone" and "Other" (Dkt. No. 876-10).

With a few exceptions, we are providing all of the requested information today via secure file transfer. The only exceptions are for: (1) individual timekeeper entries (which Epic has specifically excluded from its request); (2) privileged information (which Epic is not entitled to); (3) information regarding individual vendor rates and/or discounts (which is competitively sensitive); and (4) Apple's Outside Service Provider Policy and eBilling Guidelines (which are not relevant to Epic's response).

**Weil, Gotshal & Manges LLP**

February 12, 2024
Page 2

       All of the backup information that Apple is providing has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the extant Protective Order (Dkt. No. 274), and we expect you to scrupulously adhere to the terms of that Order.  We reiterate that Apple is not obligated to provide, and Epic has no right to receive, any of this information in connection with the pending Motion; but we are providing it voluntarily to eliminate any unnecessary disputes while reserving all rights.

Best,

/s/ *Mark A. Perry*

Mark A. Perry


cc:     Counsel of record via email