| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>  jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>JULIAN W. KLEINBRODT, SBN 302085<br>  jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>  mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>  joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>  morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100<br><br>MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)<br>  mark.pinkert@weil.com<br>KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)<br>  katie.black@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Telephone: 305.577.3100<br>Facsimile: 305.374.7159 |

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**COUNTERCLAIMANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

I.   The Court Should Grant Apple's Request To Seal Information That Reflects Its Competitively Sensitive Internal Billing Policies, Processes, And Systems ............................. 2

II.  The Court Should Grant Apple's Request To Seal Information That Reflects Apple's Financial Information Relating To Costs Expended By Apple In The *Epic* Litigation And The *Cameron* And *Pepper* Litigation .................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Algarin v. Maybelline, LLC*,
  2014 WL 690410 (S.D. Cal. Feb. 21, 2014) ........................................................................ 2

*In re Anthem, Inc. Data Breach Litig.*,
  2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ................................................................. 1, 3

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ......................................................................................... 1, 2

*Ervine v. Warden*,
  214 F. Supp. 3d 917 (E.D. Cal. 2016) .............................................................................. 2, 3

*In re High-Tech Employee Antitrust Litig.*,
  2013 WL 163779 (N.D. Cal. Jan. 15, 2013) ......................................................................... 3

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .............................................................................................. 1

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) .............................................................................................................. 1

*Phillips v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) .............................................................................................. 1

*PQ Labs, Inc. v. Qi*,
  2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ..................................................................... 1

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
  619 F. Supp. 3d 970 (N.D. Cal. 2021) (Gonzalez Rogers, J.) .............................................. 2

*Williams v. Apple Inc.*,
  2021 WL 2476916 (N.D. Cal. June 17, 2021) ................................................................. 2, 3

**Other Authorities**

Fed. R. Civ. P. 26 ........................................................................................................................ 1

Local Rule 79-5 ........................................................................................................................... 1

1     Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Counterclaimant Apple Inc. ("Apple") moves the Court to redact portions of its Reply in Support of Apple's Motion for Entry of Judgment on its Indemnification Counterclaim (the "Reply") and the supplemental declaration of Mark Rollins (the "Rollins Supplemental Declaration"). Apple's proposed redactions of that information are highlighted in GRAY in the attached un-redacted versions of each document and itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

Apple respectfully requests that the Court seal the specified portions of the Reply and the Rollins Supplemental Declaration, as the request is narrowly tailored and the documents contain information Apple contends is sealable under controlling law and the Civil Local Rules 79-5. Specifically, the Reply and its accompanying declarations and exhibits contain competitively sensitive, non-public information regarding Apple's: (1) internal billing policies, processes, and systems for conducting litigation and managing vendor billing; and/or (2) financial information relating to costs expended by Apple in the *Epic* litigation.

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). When moving to seal documents attached to a dispositive motion, there must be compelling circumstances that outweigh the public policy in favor of disclosure. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Compelling circumstances may exist when documents contain confidential trade secrets or proprietary information. *See* Fed. R. Civ. P. 26(c)(1)(G) (courts have the power to "require[e] that a trade secret, or other confidential research, development, or commercial information not be revealed"); *see also Kamakana*, 447 F.3d at 1179 (compelling circumstances include potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets). To seal information appended to non-dispositive motions, such as motions for attorneys' fees, the movant must establish "good cause." *In re Anthem, Inc. Data*

*Breach Litig.*, 2018 WL 3067783 (N.D. Cal. Mar. 16, 2018).  Overall, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

### I. THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL INFORMATION THAT REFLECTS ITS COMPETITIVELY SENSITIVE INTERNAL BILLING POLICIES, PROCESSES, AND SYSTEMS

Apple seeks to seal competitively sensitive business information regarding its internal billing policies, which reflect Apple's strategy and systems for conducting litigation and managing its vendors. The information is competitively sensitive because public access to this information would cause Apple economic harm and put it at a competitive disadvantage by disclosing not only Apple's billing processes, but also how those processes affect Apple's work with its third-party vendors and law firms.  Rollins Supp. Decl. ¶ 10; Perry Decl. ¶¶ 7–8; *see also Ctr. for Auto Safety*, 809 F.3d at 1097; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions" and finding "most of Apple's sealing requests[ ] appropriate" to the extent the disclosures "would harm Apple's competitive standing").

Sealing is necessary here because public disclosure of this information would risk competitors or others gaining an unfair business advantage by benefitting from Apple's extensive efforts to create proprietary technology tools and processes for managing their billing and vendor relationships, all of which Apple intended to keep confidential.  Rollins Supp. Decl. ¶¶ 10–11; Perry Decl. ¶¶ 7–8; *see also, e.g.*, *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing "confidential business material" where "improper use by business competitors seeking to replicate L'Oréal's business practices" may "circumvent the time and resources necessary in developing their own practices and strategies").

Courts in the Ninth Circuit—including this Court—have allowed the sealing of such competitively sensitive business information if the request is narrowly tailored.  *See, e.g.*, Dkt. No. 643 at 3 (finding Apple's proposed redactions for an exhibit "narrowly tailored in seeking sensitive and

confidential information, the disclosure of which would result in competitive harm to Apple"); *Williams*, 2021 WL 2476916, at *1; *see also Ervine*, 214 F. Supp. 3d at 919.  Here, Apple has met this standard by narrowly tailoring its request to seal only confidential information regarding Apple's internal processes and policies for managing client billing.  *See* Perry Decl. ¶¶ 7–9.

The Reply and the Rollins Supplemental Declaration fall within this category for the reasons discussed above, and as articulated more fully in the accompanying Declaration of Mark A. Perry.

## II. THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL INFORMATION THAT REFLECTS APPLE'S FINANCIAL INFORMATION RELATING TO COSTS EXPENDED BY APPLE IN THE *EPIC* LITIGATION AND THE *CAMERON* AND *PEPPER* LITIGATION

Apple further seeks to seal specific non-public, competitively sensitive financial information that reflects costs Apple paid to its vendors in the *Epic* litigation and the *Cameron* and *Pepper* litigation.[1]  Non-public financial information such as this is regularly sealed, because it can reveal sensitive information that could provide competitors with an unfair advantage over the litigant.  *See In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *8 (N.D. Cal. Jan. 15, 2013) (allowing the sealing of documents containing "confidential compensation information").

Here, Apple has narrowly tailored its sealing request to include only that cost information kept confidential in the ordinary course of business.  *See in re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (granting a narrowly-tailored request to seal rates paid for attorneys and a paralegal); Perry Decl. ¶¶ 10–11.  Sealing is necessary here because public disclosure of this information, which is ordinarily kept confidential, would risk competitors or others gaining an unfair business advantage by using this information regarding how Apple and its vendors, including law firms, deployed financial resources throughout the *Epic* litigation.

The Reply and the Rollins Supplemental Declaration fall within this category for the reasons discussed above, and as articulated more fully in the accompanying Declaration of Mark A. Perry.

---

[1] *Donald Cameron v. Apple Inc.*, 4:19-cv-3074-YGR (*Cameron*) and *In Re Apple iPhone Antitrust Litigation*, 4:11-cv-6714- YGR (*Pepper*).

**CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated: March 1, 2024

Respectfully submitted,

By: *[s] Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.