1  THEODORE J. BOUTROUS JR., SBN 132099
    tboutrous@gibsondunn.com
2  RICHARD J. DOREN, SBN 124666
    rdoren@gibsondunn.com
3  DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
4  JAY P. SRINIVASAN, SBN 181471
    jsrinivasan@gibsondunn.com
5  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
6  Los Angeles, CA 90071
   Telephone: 213.229.7000
7  Facsimile: 213.229.7520

8  CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
9    crichman@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
10 1050 Connecticut Avenue, N.W.
   Washington, DC 20036
11 Telephone: 202.955.8500
   Facsimile: 202.467.0539
12
   RACHEL S. BRASS, SBN 219301
13   rbrass@gibsondunn.com
   JULIAN W. KLEINBRODT, SBN 302085
14   jkleinbrodt@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
15 One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
16 Telephone: 415.393.8200
   Facsimile: 415.393.8306
17

MARK A. PERRY, SBN 212532
    mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
    joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
    morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)
    mark.pinkert@weil.com
KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)
    katie.black@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

18 Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>　　　Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>　　　Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**SUPPLEMENTAL DECLARATION OF MARK ROLLINS IN SUPPORT OF APPLE INC.'S MOTION FOR ENTRY OF JUDGMENT ON ITS INDEMNIFICATION COUNTERCLAIM**<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

**TABLE OF CONTENTS**

Page

I. Apple's Practices For Allocating Spend For Legal Matters ...........................................................1

II. Apple's Costs Incurred And Paid Since October 31, 2023............................................................1

III. Confidentiality Of Billing Practices And Non-Public Financial Information ............................2

I, Mark Rollins, declare:

1. I am a Senior Financial Manager and the Finance Controller for Legal and Global Security ("LGS") at Apple Inc. ("Apple"). I joined the company in November of 2019 and have consistently worked with Apple's litigation teams while at Apple as a finance manager.

2. In my current position, I oversee all LGS budgets and expenses. In this capacity, I am familiar with the process by which Apple reviews and approves vendor budgets and invoices pertaining to a variety of types of litigation in a variety of jurisdictions. This includes expenses related to the *Epic*, *Cameron*, and *Pepper*[1] litigations.

3. I make this supplemental declaration in support of Apple's Motion for Entry of Judgment on its Indemnification Counterclaim and Apple's Administrative Motion to Seal (the "Motion to Seal"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

## I. APPLE'S PRACTICES FOR ALLOCATING SPEND FOR LEGAL MATTERS

4. For litigation matters, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. As noted in paragraph 28 of my Declaration in Support of Apple's Motion for Entry of Judgment (Dkt. No. 876-1) ("Declaration"), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For the period from August 2020 through October 31, 2023, Apple has paid a total of ▮▮▮▮▮▮ for all invoices billed to these matters.

## II. APPLE'S COSTS INCURRED AND PAID SINCE OCTOBER 31, 2023

7. Consistent with Apple's reservation of rights to supplement its submission with information

---

[1] *Donald Cameron v. Apple Inc.*, 4:19-cv-3074-YGR (*Cameron*) and *In Re Apple iPhone Antitrust Litigation*, 4:11-cv-6714-YGR (*Pepper*).

1  regarding its additional Losses in connection with this litigation,[2] I have reviewed data from Apple's
2  billing and payment systems, and determined that through October 31, 2023 Apple has paid a total of
3  $82,971,401, for all invoices billed to the domestic *Epic* litigation ▇▇▇▇▇▇▇▇
4  ▇▇▇▇▇▇▇. In addition to the amount Apple has paid since October 31, 2023 through the filing
5  of this declaration, Apple has also received bills for the *Epic* indemnification litigation
6  ▇▇▇▇▇▇▇ in the amount of $423,935 that it is currently reviewing and processing for payment
7  via the process described in paragraphs 6–26 of my Declaration.

    8. Apple is seeking indemnification only for fees and costs associated with the domestic *Epic* litigation ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, with adjustments and the UCL discount as explained in the Motion.

### III.  CONFIDENTIALITY OF BILLING PRACTICES AND NON-PUBLIC FINANCIAL INFORMATION

    9. I have reviewed Apple's Reply In Support of Its Motion for Entry of Judgment on its Indemnification Counterclaim (the "Reply").

    10. Based on my review, I believe that the Reply and this declaration contain certain information that is confidential, proprietary, and/or commercially sensitive, for both Apple and its vendors. These documents contain information on both Apple's proprietary litigation handling processes and tools and Apple's non-public financial information regarding costs expended in the *Epic* litigation. If this information were made public, it would create a substantial risk of competitive, financial, or other injury to Apple.

    11. I understand that Apple has taken great lengths to shield this information to the extent possible. Given the sensitive nature of these records, they have been kept strictly confidential in the ordinary course of business.

---

[2] *See* Apple's Motion for Entry of Judgment on its Indemnification Counterclaim (Dkt. No. 876), at 23 n.2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of March 2024, in Cupertino, California.

Respectfully submitted,

By: _/s/ Mark Rollins_
    MARK ROLLINS