| | |
|---|---|
| 1 | Renata B. Hesse (SBN 148425) |
|   | (hesser@sullcrom.com) |
| 2 | Brendan P. Cullen (SBN 194057) |
|   | (cullenb@sullcrom.com) |
| 3 | SULLIVAN & CROMWELL LLP |
|   | 550 Hamilton Avenue |
| 4 | Palo Alto, California  94301 |
|   | Telephone:  (650) 461-5600 |
| 5 | Facsimile:  (650) 461-5700 |
| 6 | Shane M. Palmer (SBN 308033) |
|   | (palmersh@sullcrom.com) |
| 7 | SULLIVAN & CROMWELL LLP |
|   | 125 Broad Street |
| 8 | New York, New York  10004 |
|   | Telephone:  (212) 558-4000 |
| 9 | Facsimile:  (212) 558-3588 |
| 10 | *Attorneys for* Amicus Curiae *Spotify USA Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| EPIC GAMES, INC., | ) | Case No. 4:20-cv-05640-YGR-TSH |
|  | ) |  |
| Plaintiff, | ) | **MOTION OF SPOTIFY USA INC. FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF EPIC GAMES, INC.'S MOTION TO ENFORCE INJUNCTION** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| APPLE INC. | ) |  |
|  | ) |  |
| Defendant. | ) | Judge: Hon. Yvonne Gonzalez-Rogers |
|  | ) | Hearing Date: April 30, 2024 |
|  | ) | Hearing Time: 2:00 p.m. |
|  | ) | Courtroom: 1, 4th Floor |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Spotify USA Inc. ("Spotify"), through its undersigned counsel, will move this Court, in Courtroom 1 of the Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, on April 30, 2024, at 2:00 p.m. for leave to file a brief as *Amicus Curiae* in this litigation.[1]  This Motion is supported by the accompanying proposed order granting the Motion.

Through this Motion, Spotify respectfully requests that the Court grant it permission to file a brief as *Amicus Curiae* in support of Plaintiff Epic Games, Inc.'s Motion to Enforce Injunction.  A copy of Spotify's proposed brief is attached hereto as Exhibit A.  The undersigned counsel have consulted counsel for the parties in this matter.  Plaintiff has consented to the filing of Spotify's brief and Defendant does not consent to the filing of that brief.

## INTEREST OF *AMICUS CURIAE*

Spotify and its affiliates operate one of the world's most popular audio streaming subscription services.  Spotify's streaming service first launched in Sweden in 2008 and launched in the United States in 2011.  With a presence in more than 180 countries and territories, Spotify's platform includes 602 million monthly active users, including 236 million paid subscribers to its Premium service as of December 31, 2023.

Spotify has a substantial interest in ensuring that the Court's September 10, 2021 injunction against Apple is enforced.  And as a developer of an app falling within the category of "reader" apps under Guideline 3.1.3(a) of Apple's App Store Review Guidelines ("Guidelines") that has been subject to Apple's anti-steering restrictions for many years, Spotify has a valuable perspective that can aid the Court in its resolution of Epic's Motion to Enforce the Injunction.

## ARGUMENT

The Court possesses broad discretion over the question of whether to grant permission to file an *amicus* brief, and "generally courts have exercised great liberality" in permitting such briefs.  *Woodfin Suite Hotels, LLC* v. *City of Emeryville*, 2007 WL 81911, at *3

---

[1]  Spotify noticed its Motion for the same date and time selected by Epic for the hearing on its Motion to Enforce Injunction.

(N.D. Cal. Jan. 9, 2007) (internal quotation omitted).  "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California* v. *U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019).  "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Sonoma Falls Developers, LLC* v. *Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotation omitted).  Spotify's proposed brief fulfills that purpose.

The resolution of Epic's Motion to Enforce will directly affect Spotify, which is a beneficiary of this Court's injunction against Apple.  As explained in Spotify's proposed brief, the changes that Apple has made do not comply with the injunction.  In place of the anti-steering rules that this Court found to be unlawful, Apple has enacted a new scheme that defies the injunction and undermines the price transparency that this Court sought to foster.  As an app developer that has been subject to Apple's anti-steering restrictions for many years, Spotify can draw on its experience to explain how Apple's new rules will continue to prevent app developers from offering competitive alternatives to Apple's payment mechanism and unjustifiably limit information flow to consumers.

In addition, as a developer of an app that Apple considers to be a "reader" app falling under Guideline 3.1.3(a), Spotify has an important perspective to offer the Court.  Because Apple retained certain anti-steering restrictions in Guideline 3.1.3 that apply to reader apps, Spotify can aid the Court by explaining how Apple's Guidelines have affected Spotify and will continue to restrict the flow of price and purchasing information, which prevents users from learning about subscription options and inhibits price competition in defiance of this Court's order.  Because its perspective will be useful in determining whether Apple has adequately complied with this Court's injunction, Spotify believes it will help in resolving Epic's Motion to Enforce.

## CONCLUSION

For the foregoing reasons, Spotify respectfully requests that the Court enter an order granting leave to file its proposed brief.

Dated:  March 20, 2024

/s/ *Brendan P. Cullen*
Renata B. Hesse
Brendan P. Cullen
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California  94301
Telephone:  (650) 461-5600
Facsimile:  (650) 461-5700
Email:    hesser@sullcrom.com
          cullenb@sullcrom.com

Shane M. Palmer
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:    palmersh@sullcrom.com

*Attorneys for* Amicus Curiae *Spotify USA Inc.*