| | |
|---|---|
| Karl Huth, *pro hac vice*<br>Matthew J. Reynolds, *pro hac vice*<br>Luke Rushing<br>huth@huthreynolds.com<br>reynolds@huthreynolds.com<br>lrushing@huthreynolds.com<br>**HUTH REYNOLDS LLP**<br>41 Cannon Court<br>Huntington, NY 11743<br>Tel: (631) 263-3648<br>Fax: (646) 664-1512 | Of Counsel:<br><br>J. Lee Hill<br>lhill@huthreynolds.com<br>**HUTH REYNOLDS LLP**<br>41 Cannon Court<br>Huntington, NY 11743<br>Tel: (405) 826-3226<br>Fax: (646) 664-1512 |

*Attorneys for Digital Content Next*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-Defendant,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | **Case No.**: 4:20-CV-05640-YGR-TSH<br>**Judge**: Hon. Yvonne Gonzalez Rogers<br>**Hearing Date**: April 30, 2024<br>**Hearing Time**: 2:00 p.m.<br>**Courtroom**: 1, 4th Floor<br><br>**MOTION OF DIGITAL CONTENT NEXT FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF EPIC GAMES, INC.'S MOTION TO ENFORCE INJUNCTION** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Digital Content Next ("DCN"), through its undersigned counsel, will move this Court, in Courtroom 1 of the Oakland Courthouse, 1301 Clay Street, Oakland, California 946112, on April 30, 2024, at 2:00 p.m. for leave to file a brief as *Amicus Curiae* in this litigation. This Motion is supported by the accompanying proposed order granting the Motion.

Through this Motion, DCN respectfully requests that the Court grant it permission to file a brief as *Amicus Curiae* in support of Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction. A copy of DCN's proposed brief is attached hereto as Exhibit A. The undersigned counsel has consulted counsel for the parties in this matter. Plaintiff has consented to the filing of DCN's brief and Defendant does not consent to the filing of that brief.

## INTEREST OF DCN AS *AMICUS CURIAE*

Founded in 2001, DCN is the only trade organization dedicated to serving the unique and diverse needs of high-quality digital content companies that enjoy trusted, direct relationships with consumers and advertisers. DCN's members[1] include many of the most trusted and well-respected publishing brands in the United States. Together, DCN's members have an unduplicated audience of 259 million unique visitors and reach 95 percent of the U.S. online population.

DCN's member list, the corporate logos of which are displayed on the next page, is a veritable "who's who" of the American media and publishing industry:

---

[1]   *See* https://digitalcontentnext.org/membership/members/ for a listing of current DCN members.

# DCN Member Organizations



Consumers seek out DCN member brands because they value trustworthy information that has gone through a rigorous editorial process, and publishers are held to account for the quality and trustworthiness of their news and entertainment by audiences who have high expectations. In light of Defendant Apple Inc.'s ("Apple") dominant market position in the United States, DCN's member companies must work extensively with and through Apple to promote and distribute their original content and apps, engage with existing subscribers and audiences, and find new audiences.

DCN and its members are directly impacted by Apple's App Store Review Guidelines (the "Guidelines") and have a substantial interest in ensuring that the Court's September 10, 2021 injunction against Apple is enforced. DCN's members have been subject to Apple's anti-steering restrictions for years, and Apple's anticompetitive behavior injures not only DCN and its members, but also the entire American public, which relies on DCN's member organizations for news and entertainment. DCN therefore has a unique perspective that can aid the Court in its resolution of Plaintiff's Motion to Enforce Injunction.

Apple's late, legendary leader Steve Jobs was often said to have a "reality distortion field" that kicked in whenever he committed his team to overcoming an obstacle. Apple, through its so-called "Notice of Compliance", Dkt. 871, is engaging in reality distortion on the grandest possible scale. Apple has done everything in its power to thwart and evade the injunction entered by this Court, and its "Notice of Compliance" brazenly flouts Apple's **non**compliance with this Court's Orders. DCN submits this brief to urge the Court to see through Apple's "reality distortion field" and enforce its injunction.

## ARGUMENT

The Court possesses broad discretion over the question of whether to grant permission to file an *Amicus Curiae* brief, and "generally courts have exercised great liberality" in permitting such briefs. *Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (internal quotation omitted). "There are no strict

prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotation omitted). DCN's proposed brief fulfills that purpose.

The resolution of Plaintiff's Motion to Enforce Injunction will directly affect DCN and its members. As explained in DCN's proposed brief, Apple has failed to comply with this Court's injunction that prohibited Apple from blocking developers such as DCN's members from steering users to alternative payment methods outside of Apple's in-app purchasing mechanism. Apple's proposed scheme for permitting external purchase links within an app imposes burdensome and unjustified restrictions on the flow of information to users that will ultimately inhibit price competition. These new anti-steering restrictions will have broad real-world impacts on all app developers and their users—not just gaming apps—including publishers and members of the press, whose critical function in U.S. society is enshrined in the First Amendment to the U.S. Constitution.

DCN's members have been subject to Apple's anti-steering restrictions for years—often in direct competition with Apple's own apps and services—and have extensive experience with developing apps under Apple's Guidelines. DCN can provide the Court with a broader understanding of how Apple has used, and continues to use, the Guidelines to restrict price competition and why the external link process it has now proposed is a clear violation of the Court's injunction. Moreover, DCN can provide useful perspective to the Court concerning the effects of Apple's restrictions on the publishing industry and the free press. DCN's perspective on the negative impact of Apple's new

anti-steering restrictions will be useful to the Court in determining whether Apple has adequately complied with this Court's injunction, and DCN believes it will help in resolving Plaintiff's Motion to Enforce Injunction.

## CONCLUSION

For the foregoing reasons, DCN respectfully requests that the Court grant DCN leave to file its proposed brief as *Amicus Curiae*.

Dated: March 22, 2024                              Respectfully submitted,

                                                   HUTH REYNOLDS LLP

                                                   */s/ Karl Huth*
                                                   Karl Huth, *pro hac vice*
Of Counsel:                                        Matthew J. Reynolds, *pro hac vice*
                                                   Luke Rushing
J. Lee Hill                                        huth@huthreynolds.com
lhill@huthreynolds.com                             reynolds@huthreynolds.com
HUTH REYNOLDS LLP                                  lrushing@huthreynolds.com
41 Cannon Court                                    41 Cannon Court
Huntington, NY 11743                               Huntington, NY 11743
Tel: (405) 826-3226                                Tel: (631) 263-3648
Fax: (646) 664-1512                                Fax: (646) 664-1512


                                                   *Attorneys for Digital Content Next*