DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
   crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
   jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
   mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
   joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
   morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)
   mark.pinkert@weil.com
KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)
   katie.black@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC. <br><br> Plaintiff, Counter-defendant <br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR <br><br> **APPLE INC.'S OMNIBUS OPPOSITION TO MOTIONS FOR LEAVE TO FILE BRIEFS AS *AMICI CURIAE* IN SUPPORT OF EPIC GAMES, INC.'S MOTION TO ENFORCE INJUNCTION** <br><br> The Honorable Yvonne Gonzalez Rogers <br> Hearing Date: April 30, 2024 (noticed date) <br> Hearing Time: 2:00 PM <br> Courtroom 1, 4th Floor |

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................................1

LEGAL STANDARD............................................................................................................................1

ARGUMENT.........................................................................................................................................2

CONCLUSION......................................................................................................................................4

**TABLE OF AUTHORITIES**

**Cases**   **Page(s)**

*Barnes-Wallace v. Boy Scouts of Am.*,
   2004 WL 7334945 (S.D. Cal. Mar. 23, 2004) ...................................................................... 2

*Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*,
   471 F. Supp. 2d 295 (W.D.N.Y. 2007) ............................................................................... 4

*Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*,
   54 F. Supp. 2d 974 (E.D. Wash. 1999) ............................................................................... 1

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
   2012 WL 849167 (S.D. Cal. Mar.13, 2012) ....................................................................... 4

*Lab./Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*,
   564 F.3d 1115 (9th Cir. 2009) ............................................................................................ 3

*Long Island Soundkeeper Fund, Inc. v. N.Y. Athletic Club of City of N.Y.*,
   1995 WL 358777 (S.D.N.Y. June 14, 1995) ...................................................................... 3

*Long v. Coast Resorts, Inc.*,
   49 F. Supp. 2d 1177 (D. Nev. 1999) ................................................................................... 2

*Strasser v. Doorley*,
   432 F.2d 567 (1st Cir. 1970) ............................................................................................... 2

*United States v. Gotti*,
   755 F. Supp. 1157 (E.D.N.Y. 1991) ................................................................................... 3

*New York ex rel. Vacco v. Operation Rescue Nat'l*,
   80 F.3d 64 (2d Cir. 1996) .................................................................................................... 2

# INTRODUCTION

Apple Inc. respectfully opposes the motions for leave to participate as *amicus curiae* filed by (1) Meta Platforms, Inc., Microsoft Corp., X Corp., Match Group, LLC ("Meta *et al.*"), (2) Spotify USA Inc. ("Spotify"), and (3) Digital Content Next ("DCN"). *See* Dkts. 904, 906, 908. These proposed *amici* are (or include) multi-billion-dollar companies that do not purport to speak for either consumers or the vast majority of iOS developers. Other than irrelevant and improper arguments concerning subscription apps (which are not even at issue in this case), the proposed *amicus* briefs merely parrot the arguments made by Epic Games, Inc. in its "Motion to Enforce" the Injunction. Dkt. 897. That Motion is baseless, as Apple will establish in its forthcoming Response. Indeed, Apple has already explained—with undisputed evidentiary support—how it has fully complied with the Injunction by deleting the enjoined Guidelines and replacing them with new provisions that allow developers to communicate alternative payment options to consumers both within and outside their apps. Dkt. 871.

The principal complaint advanced by the proposed *amici* is that Apple continues to charge developers for certain transactions facilitated by the iOS platform. But Epic lost its bid to force Apple to provide free access to its platform. Like Epic, the proposed *amici* are trying to relitigate that issue through the lens of the UCL injunction. At the same time, however, the proposed *amici* do not dispute that Apple—like all of them, and Epic itself—is entitled to charge platform participants for using its tools and technologies protected by intellectual property, access to the userbase, and many other benefits afforded developers. *See* Dkt. 871-1 (Fischer Decl.) ¶¶ 7, 35. Indeed, the Court has recognized Apple's right to charge a commission, and the Injunction does not prohibit—or even speak to—Apple's monetization structure. The purpose of the Injunction is to enhance information availability and consumer choice—not to help enormous developers obtain their preferred commercial terms in dealings with a competitor. The briefs the proposed *amici* seek to file are neither necessary nor helpful in resolving Epic's challenge to Apple's Injunction compliance, and the Court should deny their motions for leave.

# LEGAL STANDARD

There is no right to file an *amicus curiae* brief. "The privilege of being heard [as] amicus rests in the discretion of the court." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). District courts exercise caution in considering such requests,

especially where *amicus curiae* briefs "'are filed by allies of litigants and duplicate the arguments made in the litigants' briefs.'" *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) ("'Such *amicus* briefs should not be allowed. They are an abuse. The term '*amicus curiae*' means friend of the court, not friend of a party.'" (quoting *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J.))); *see also Barnes-Wallace v. Boy Scouts of Am.*, 2004 WL 7334945, at *1 (S.D. Cal. Mar. 23, 2004) ("[A] district court lacking joint consent of the parties should go slow in accepting . . . an *amicus* brief unless . . . the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance" (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970))).

## ARGUMENT

This Court should deny all three motions for leave to participate as *amici* in support of Epic's Motion. As Apple has already demonstrated in its Notice of Injunction Compliance, and will further show in its forthcoming Response, Apple's injunction compliance can be established by comparing the undisputed evidence regarding Apple's conduct to the terms of the Injunction. The proposed *amici* have no special perspectives on that question; indeed, none of them raises any serious question about Apple's compliance with the Injunction. They also raise extraneous and improper arguments about subscription apps, which this Court specifically held are not part of this case. *See* Rule 52 Order at 32 n.194.

The sole plaintiff in this action is Epic, which did not seek class certification and does not represent any developers other than itself. *See* Rule 52 Order at 23 (noting that Epic "had no interest" in the parallel class actions); *New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 71 (2d Cir. 1996) (while the plaintiff may have standing to enforce the injunction, its "standing does not extend to the vindication of the private interests of third parties"). Accordingly, the proposed *amici* have no particularized interest in the litigation or the Injunction. *See Barnes-Wallace*, 2004 WL 7334945, at *1 (*amicus* brief is inappropriate, unless the party has a "special interest" in the case). Moreover, the putative *amici*—which are all massive developers—do not and cannot speak for the developer community as a whole. Indeed, more than 99% of U.S. developers settled their antitrust claims with Apple before the Injunction was even entered. *See* Dkt. 871-4 (Perry Decl.) Exs. 13, 14.

Many of the proposed *amici*—including Microsoft, Meta, Spotify, and Match—also supported

1  Epic in the underlying litigation and provided documentary and/or testimonial evidence. But this Court
2  rejected much of that evidence and ruled against Epic on all of those claims. Although none of the
3  proposed *amici* provided any evidence relevant to the Court's findings on the anti-steering provisions
4  (*see* Rule 52 Order at 163–66), they now are trying to relitigate issues that Epic lost through the lens of
5  the UCL injunction. Moreover, Epic has previously coordinated with at least some of the proposed *amici*
6  regarding business strategy related to the App Store—specifically, efforts to circumvent Apple's com-
7  mission. *See id.* at 23 (finding that Epic tipped off Microsoft before implementing its iOS "hotfix").

8        The proposed briefs reveal that the principal interest of the putative *amici* is not in providing
9  information to consumers (the purpose of the Injunction), but rather in padding their own profits. Each
10 *amicus* challenges Apple's commission. *See* Spotify Br. 7–9 (arguing that Apple's "commission under-
11 mines the injunction" in "practical effect"); *see also, e.g.*, Meta *et al.* Br. 13–14; DCN Br. 11–12. Yet
12 none disputes that Apple is entitled to charge for access to and/or transactions facilitated by the iOS
13 platform, that the Injunction does not restrict that right, or that the Injunction does not fix the commission
14 Apple may charge. *See* Rule 52 Order at 150, 179. Like Epic, the proposed *amici* are here asking the
15 Court to impose *new* restrictions on Apple so that they can use the many benefits Apple provides devel-
16 opers for free. This has nothing to do with the letter or spirit of the Injunction, which was intended to
17 promote the information available to consumers. *See, e.g., id.* at 164. The self-serving and profit-seeking
18 interests of the proposed *amici* diverge from the goal of the Injunction; for that reason, their requests for
19 leave should be denied. *See Long Island Soundkeeper Fund, Inc. v. N.Y. Athletic Club of City of N.Y.*,
20 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995) ("Denial of leave to appear as *amicus* in a situation
21 such as this, in which the applicant appears to have its own particular interests in the outcome of the
22 litigation, is far from unprecedented."); *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991)
23 (*amicus* should be "objective, neutral, dispassionate 'friend of the court'").

24       The proposed *amicus* briefs also would not provide meaningful assistance to the Court in decid-
25 ing whether Apple has complied with the Injunction (or, conversely, whether Epic has carried its evi-
26 dentiary burden of proving non-compliance by clear and convincing evidence). *See Lab./Cmty. Strategy*
27 *Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Epic has an army of
28 sophisticated lawyers who have been litigating this case for years and who are competent to compare the

1  evidence of Apple's conduct to what the Injunction says—this Court does not need *amici* to further
2  editorialize on (or repeat) that analysis.

3  Indeed, the proposed *amici* mostly mimic Epic's arguments—which is inappropriate insofar as
4  it effectively extends Epic's briefing page-limits. Compare Meta *et al.* Br. 5–7, 9–13; Spotify Br. 5–7;
5  DCN Br. 12–14, *with* Epic Mot. 2–3, 7–9, 16–20; *compare* Meta *et al.* Br. 13–15; Spotify Br. 7–9; DCN
6  Br. 11–12, *with* Epic Mot. 14–16; *compare* Meta *et al.* Br. 20–21, *with* Epic Mot. 17. The proposed
7  *amici* essentially seek to act as another set of lawyers advocating for Epic, not as *amici* aiding the Court.
8  *See Gabriel Techs. Corp. v. Qualcomm Inc.*, 2012 WL 849167 at *4 (S.D. Cal. Mar.13, 2012) ("An
9  amicus brief is meant to assist the court and not merely extend the length of the litigant's brief.").

10  Finally, many of *amici*'s arguments are simply irrelevant, because they relate to purchasing
11  mechanisms for "subscription apps." Meta *et al.* Br. 17–19; Spotify Br. 4–5; DCN Br. 7, 14. This Court
12  recognized that "Apple's anti-steering provision as it relates to subscriptions is found" in a provision of
13  the DPLA not included in or affected by the Injunction and that "subscriptions are not part of the action."
14  Rule 52 Order at 32 n.194. *Amici*'s arguments about subscription apps are therefore beyond the scope
15  of Epic's Motion and improper. *See Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*,
16  471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) ("*Amicus* participation goes beyond its proper role if the
17  submission is used to present wholly new issues not raised by the parties.").

## CONCLUSION

19  For the reasons set forth above, the Court should deny the motions for leave to participate as
20  *amici* filed by Meta *et al.*, Spotify, and DCN.

22  Dated: April 3, 2024                       Respectfully submitted,

23                                             By: */s/ Mark A. Perry*
                                                   WEIL, GOTSHAL & MANGES LLP

24                                             Mark A. Perry

25                                             Attorney for Apple Inc.