| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>    dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>    crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>    jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>    mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>    joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>    morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100<br><br>MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)<br>    mark.pinkert@weil.com<br>KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)<br>    katie.black@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Telephone: 305.577.3100<br>Facsimile: 305.374.7159 |

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Hearing Date: April 30, 2024 (noticed date)<br>Hearing Time: 2:00 PM<br>Courtroom 1, 4th Floor |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ................................................................................................................... 1

DISCUSSION ............................................................................................................................... 2

CONCLUSION ............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Algarin v. Maybelline, LLC*,
  2014 WL 690410 (S.D. Cal. Feb. 21, 2014) ........................................................................... 3

*In re Anthem, Inc. Data Breach Litig.*,
  2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ........................................................................ 1

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ............................................................................................ 1, 3

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
  2023 WL 4335734 (S.D. Cal. May 10, 2023) ..................................................................... 1, 2

*In re Electronic Arts, Inc.*,
  298 Fed. App'x 568 (9th Cir. 2008) ....................................................................................... 1

*Ervine v. Warden*,
  214 F. Supp. 3d 917 (E.D. Cal. 2016) .................................................................................... 2

*Hadley v. Kellogg Sales Co.*,
  2018 WL 7814785 (N.D. Cal. Sept. 5, 2018) ......................................................................... 3

*Jam Cellars, Inc. v. Wine Grp. LLC*,
  2020 WL 5576346 (N.D. Cal. Sept. 17, 2020) ....................................................................... 2

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ................................................................................................ 1

*Krommenhock v. Post Foods, LLC*,
  2020 WL 2322993 (N.D. Cal. May 11, 2020) ..................................................................... 2, 3

*Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*,
  2023 WL 9183302 (N.D. Cal. Dec. 26, 2023) ........................................................................ 2

*Phillips v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ............................................................................................ 1, 3

*PQ Labs, Inc. v. Qi*,
  2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ....................................................................... 1

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
  619 F. Supp. 3d 970 (N.D. Cal. 2021) .................................................................................... 2

*Virun, Inc. v. Cymbiotika*,
  LLC, 2022 WL 17401698 (C.D. Cal. Aug. 19, 2022) ............................................................ 3

*Williams v. Apple Inc.*,
  2021 WL 2476916 (N.D. Cal. June 17, 2021) ........................................................................ 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................ 1

N.D. California Civil Local Rule 79-5 ............................................................................................... 1

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") moves the Court to seal portions of (i) Apple Inc.'s Opposition to Epic Games, Inc.'s Motion to Enforce Injunction (the "Opposition"); and (ii) the Declaration of Alex Roman in Support of Apple Inc.'s Opposition to Epic Games, Inc.'s Motion to Enforce Injunction (the "Roman Declaration"). Apple further asks this Court to seal in its entirety Exhibit 1 of the Roman Declaration. The redacted sections of the Opposition and Roman Declaration, and the entirety of Exhibit 1 to the Roman Declaration, contain information that is sealable under controlling law and Local Rule 79-5. Specifically, these documents contain competitively sensitive, non-public information regarding Apple's financial analysis, research, and decisionmaking about pricing—which courts in this Circuit routinely seal.

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

To seal information appended to non-dispositive motions, the movant must establish "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *see DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023) (allowing plaintiff to seal "confidential pricing figures," the disclosure of which could expose plaintiff's trade secrets and business strategies). When moving to seal documents attached to a dispositive motion, there must be compelling circumstances that outweigh the public policy in favor of disclosure. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Compelling circumstances may exist when documents contain confidential trade secrets or proprietary information. *See* Fed. R. Civ. P. 26(c)(1)(G) (courts have the power to "require[e] that a trade secret, or other confidential research, development, or commercial information not be revealed"); *see also Kamakana*, 447 F.3d at 1179 (compelling circumstances include potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting motions to seal where publication would lead to the disclosure of trade secrets); *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed

minimum payment terms" should have been sealed, as disclosure would cause "irreparabl[e] damage"); *Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (allowing defendant to seal information regarding "costs of production, pricing strategy and analysis of pricing").

Overall, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

**DISCUSSION**

Apple seeks to seal competitively sensitive business information regarding its internal financial analysis, research, and pricing decisions. *See* Roman Decl. ¶ 30; Perry Decl. ¶ 5. Specifically, Apple is filing information about the analysis undertaken in developing the commission structure for the External Purchase Link Entitlement, including materials shared with executive members at Apple. Those documents reveal sensitive information about Apple's financials and about Apple's decisionmaking in setting prices. *See* Roman Decl. ¶¶ 30–31; Perry Decl. ¶¶ 4–5.

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns a non-dispositive motion to enforce an injunction. *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) ("[A]pply[ing] the lower good cause standard when analyzing Plaintiff's motion to seal documents related to preliminary injunction motion."); *cf. Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*, 2023 WL 9183302, at *1 (N.D. Cal. Dec. 26, 2023) (applying good cause standard to motion for sanctions); *DNA Genotek Inc. v. Spectrum Sols. L.L.C.*, 2023 WL 4335734, at *3 (S.D. Cal. May 10, 2023) (finding good cause existed to seal "confidential pricing figures" attached to a motion to amend a counterclaim). Nonetheless, there are compelling circumstances and good cause that warrant sealing under either standard. Indeed, courts routinely hold that the type of pricing information and analysis at issue here is sealable because its disclosure can be competitively harmful. *See, e.g.*, *Krommenhock*, 2020 WL 2322993, at *3 (granting motion to seal "confidential information regarding formulas, costs of production, pricing strategy and analysis of pricing"); *Virun, Inc. v. Cymbiotika*, LLC, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19,

2022) ("Courts in this Circuit have found potential harms arising from public disclosure of trade secrets or a business' confidential financial and pricing information to be sufficient reason to seal"). Apple's confidential pricing information and analysis here is especially sensitive, because public access to this information would cause Apple economic harm and put it at a disadvantage with competitors by disclosing Apple's pricing strategy and the manner in which it analyzes prices. *Phillips*, 307 F.3d at 1211. Sealing is thus necessary because public disclosure would risk competitors or others gaining an unfair business advantage, benefitting from non-public financial information that Apple utilizes to guide its business decisions. *See* Roman Decl. ¶ 30; Perry Decl. ¶¶ 3–5; *see also Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling reasons exist to seal information that may cause Kellogg competitive harm if disclosed, such as information about Kellogg's business strategies and internal decisionmaking, product formulations, and confidential finances (i.e., information about Kellogg's costs)").

Apple has also narrowly tailored its request to include only the information necessary to protect Apple's confidential pricing information and analysis. *See* Perry Decl. ¶ 6; *Krommenhock*, 2020 WL 2322993, at *3 (granting motion to seal "limited" set of pricing analyses); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions" and finding "most of Apple's sealing requests[ ] appropriate" to the extent the disclosures "would harm Apple's competitive standing"); Dkt. No. 643 at 3 (finding Apple's proposed redactions for an exhibit "narrowly tailored in seeking sensitive and confidential information, the disclosure of which would result in competitive harm to Apple"). The great majority of Apple's Opposition is unredacted, and Apple has left the Roman Declaration unredacted to the fullest extent possible without divulging confidential information. *See* Perry Decl. ¶ 6; *Ctr. for Auto Safety*, 809 F.3d at 1097 (finding compelling reasons to seal where competitors or others could use court records "as sources of business information that might harm a litigant's competitive standing"); *see also, e.g., Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing "confidential business material" where "improper use by business competitors seeking to replicate L'Oréal's business practices" may "circumvent the time and resources necessary in developing their own practices and strategies").

1  For the foregoing reasons, there are compelling circumstances and good cause that warrant partially sealing the Opposition and Roman Declaration, and fully sealing Exhibit 1 to the Roman Declaration.

## CONCLUSION

Apple respectfully requests that the Court seal the identified information.

Dated: April 12, 2024   Respectfully submitted,

By: *[s] Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.