1    DANIEL G. SWANSON, SBN 116556
        dswanson@gibsondunn.com
2    GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
3    Los Angeles, CA 90071
     Telephone:  213.229.7000
4    Facsimile:  213.229.7520

5    CYNTHIA E. RICHMAN (D.C. Bar No.
     492089; *pro hac vice*)
6        crichman@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
7    1050 Connecticut Avenue, N.W.
     Washington, DC 20036
8    Telephone:  202.955.8500
     Facsimile:  202.467.0539
9
     JULIAN W. KLEINBRODT, SBN 302085
10       jkleinbrodt@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
11   One Embarcadero Center, Suite 2600
     San Francisco, CA 94111
12   Telephone:  415.393.8200
     Facsimile:  415.393.8306
13

14

15

16   Attorneys for Defendant APPLE INC.

     MARK A. PERRY, SBN 212532
        mark.perry@weil.com
     JOSHUA M. WESNESKI (D.C. Bar No.
     1500231; *pro hac vice*)
        joshua.wesneski@weil.com
     WEIL, GOTSHAL & MANGES LLP
     2001 M Street NW, Suite 600
     Washington, DC 20036
     Telephone:  202.682.7000
     Facsimile:  202.857.0940

     MORGAN D. MACBRIDE, SBN 301248
        morgan.macbride@weil.com
     WEIL, GOTSHAL & MANGES LLP
     Redwood Shores Pkwy, 4th Floor
     Redwood Shores, CA 94065
     Telephone:  650.802.3044
     Facsimile:  650.802.3100

     MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)
        mark.pinkert@weil.com
     KATHERINE G. BLACK (Fla. Bar No.
     1031465; *pro hac vice*)
        katie.black@weil.com
     WEIL, GOTSHAL & MANGES LLP
     1395 Brickell Avenue, Suite 1200
     Miami, FL 33131
     Telephone:  305.577.3100
     Facsimile:  305.374.7159

17              **UNITED STATES DISTRICT COURT**

18            **NORTHERN DISTRICT OF CALIFORNIA**

19                    **OAKLAND DIVISION**

| | |
|---|---|
| 20   EPIC GAMES, INC.<br><br>21          Plaintiff, Counter-defendant<br><br>22   v.<br><br>23   APPLE INC.,<br><br>24          Defendant, Counterclaimant<br><br>25 | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S STATEMENT IN SUPPORT OF SEALING**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Hearing Date: May 8, 2024 (noticed date)<br>Hearing Time: 8:30 AM<br>Courtroom 1, 4th Floor |

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3

LEGAL STANDARD........................................................................................................................1

4

DISCUSSION.................................................................................................................................2

5

CONCLUSION...............................................................................................................................4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Algarin v. Maybelline, LLC*,
2014 WL 690410 (S.D. Cal. Feb. 21, 2014) ........................................................ 4

*In re Anthem, Inc. Data Breach Litig.*,
2018 WL 3067783 (N.D. Cal. Mar. 16, 2018)...................................................... 1

*Moonbug Entm't Ltd. v. BabyBus (Fujian) Network Tech. Co.*,
2023 WL 9183302 (N.D. Cal. Dec. 26, 2023) ...................................................... 2

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) ......................................................................... 1, 4

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
2023 WL 4335734 (S.D. Cal. May 10, 2023) .................................................. 1, 3

*In re Electronic Arts, Inc.*,
298 Fed. App'x 568 (9th Cir. 2008) ................................................................... 1

*Ervine v. Warden*,
214 F. Supp. 3d 917 (E.D. Cal. 2016)................................................................. 2

*Hadley v. Kellogg Sales Co.*,
2018 WL 7814785 (N.D. Cal. Sept. 5, 2018) ...................................................... 3

*Jam Cellars, Inc. v. Wine Grp. LLC*,
2020 WL 5576346 (N.D. Cal. Sept. 17, 2020) .................................................... 2

*Kamakana v. City and Cnty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ........................................................................... 1

*Krommenhock v. Post Foods, LLC*,
2020 WL 2322993 (N.D. Cal. May 11, 2020) .................................................. 1, 3

*Phillips v. Gen. Motors Corp.*,
307 F.3d 1206 (9th Cir. 2002) ........................................................................ 1, 3

*PQ Labs, Inc. v. Qi*,
2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) .................................................... 2

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
619 F. Supp. 3d 970 (N.D. Cal. 2021) ................................................................ 2

*Virun, Inc. v. Cymbiotika*,
LLC, 2022 WL 17401698 (C.D. Cal. Aug. 19, 2022) .......................................... 3

*Williams v. Apple Inc.*,
2021 WL 2476916 (N.D. Cal. June 17, 2021) ..................................................... 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................. 1

N.D. California Civil Local Rule 79-5 ............................................................................................ 1, 2

N.D. California Civil Local Rule 7-11 .............................................................................................. 2

1    Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, and in response to

2    Plaintiff's Amended Administrative Motion to Consider Whether Another Party's Material Should be

3    Sealed Pursuant to Civil Local Rule 79-5 (the "Administrative Motion") (Dkt. No. 926), Apple Inc.

4    ("Apple") respectfully requests that the Court seal the currently redacted portions of Epic's Reply

5    memorandum (Dkt. No. 923), as well as the entirety of the Declaration of Ned S. Barnes, CPA (the

6    "Barnes Declaration") (Dkt. No. 921-1).   Consistent with Epic's designations in the Administrative

7    Motion, the redacted sections of the Reply and the entirety of the Barnes Declaration contain information

8    that is sealable under controlling law and Local Rule 79-5.   Specifically, these documents contain

9    competitively sensitive, non-public information regarding Apple's financial analysis, research, and

10   decisionmaking about pricing—which courts in this Circuit routinely seal.

## LEGAL STANDARD

12   The Court has "broad latitude" "to prevent disclosure of materials for many types of information,

13   including, *but not limited to*, trade secrets or other confidential research, development, or confidential

14   information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

15   To seal information appended to non-dispositive motions, the movant must establish "good

16   cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *see*

17   *DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023)

18   (allowing plaintiff to seal "confidential pricing figures," the disclosure of which could expose plaintiff's

19   trade secrets and business strategies).   When moving to seal documents attached to a dispositive motion,

20   there must be compelling circumstances that outweigh the public policy in favor of disclosure.   *See*

21   *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Ctr. for Auto*

22   *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).   Compelling circumstances may exist

23   when documents contain confidential trade secrets or proprietary information.   *See* Fed. R. Civ. P.

24   26(c)(1)(G) (courts have the power to "require[e] that a trade secret, or other confidential research,

25   development, or commercial information not be revealed"); *see also In re Electronic Arts, Inc.*, 298 Fed.

26   App'x 568, 569–70 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed minimum payment

27   terms" should have been sealed, as disclosure would cause "irreparabl[e] damage[]"); *Krommenhock v.*

28   *Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (allowing defendant to seal

1   information regarding "costs of production, pricing strategy and analysis of pricing");  *PQ Labs, Inc. v.*
2   *Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting motions to seal where publication
3   would lead to the disclosure of trade secrets or other confidential information).

4       Overall, requests to seal information should be narrowly tailored "to remove from public view
5   only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016);
6   *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal.
7   2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only
8   includes confidential information").

9                                **DISCUSSION**

10      Consistent with Epic's designations in the Administrative Motion, Apple respectfully requests
11  that this Court seal competitively sensitive business information regarding its internal financial analysis,
12  research, and pricing decisions.  *See* Declaration of Alex Roman in Support of Apple's Opposition to
13  Epic's Motion to Enforce Injunction (Dkt. No. 916-6) (the "Roman Declaration") ¶ 30; Declaration of
14  Mark A. Perry in Support of the Administrative Motion (Dkt. No. 916-1) (the "Perry Declaration") ¶ 5.
15  Specifically, Epic's Reply and the Barnes Declaration include information about Apple's analysis
16  undertaken in developing the commission structure for the External Purchase Link Entitlement,
17  including materials shared with executive members at Apple.  Those documents reveal sensitive
18  information about Apple's financials and about Apple's decisionmaking in setting prices.  *See* Roman
19  Decl. ¶¶ 30–31; Perry Decl. ¶¶ 4–5.  Importantly, Epic did not oppose Apple's Administrative Motion
20  to Seal (Dkt. No. 916), filed in conjunction with Apple's Opposition to Epic Games, Inc.'s Motion to
21  Enforce Injunction (Dkt. No. 915).  *See* Civil L.R. 7-11, 79-5(c) (an opposition to a party's motion to
22  seal their own documents must be filed "no later than 4 days" after the motion is filed).  Epic's Amended
23  Administrative Motion (Dkt. No. 926) regards the same competitively sensitive information designated
24  by Apple.

25      Apple's request to seal is subject to the "good cause" standard because it concerns a non-
26  dispositive motion to enforce an injunction.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346,
27  at *2 (N.D. Cal. Sept. 17, 2020) ("[A]pply[ing] the lower good cause standard when analyzing Plaintiff's
28  motion to seal documents related to preliminary injunction motion.");  *cf. Moonbug Entm't Ltd. v.*

1    *BabyBus (Fujian) Network Tech. Co*., 2023 WL 9183302, at *1 (N.D. Cal. Dec. 26, 2023) (applying

2    good cause standard to motion for sanctions); *DNA Genotek Inc.*, 2023 WL 4335734, at *2 (finding good

3    cause existed to seal "confidential pricing figures" attached to a motion to amend a counterclaim).

4    Nonetheless, there are compelling circumstances and good cause that warrant sealing under either

5    standard.  Indeed, courts routinely hold that the type of pricing information and analysis at issue here is

6    sealable because its disclosure can be competitively harmful.  *See, e.g.*, *Krommenhock*, 2020 WL

7    2322993, at *3 (granting motion to seal "confidential information regarding formulas, costs of

8    production, pricing strategy and analysis of pricing"); *Virun, Inc. v. Cymbiotika*, LLC, 2022 WL

9    17401698, at *2 (C.D. Cal. Aug. 19, 2022) ("Courts in this Circuit have found potential harms arising

10   from public disclosure of trade secrets or a business' confidential financial and pricing information to be

11   sufficient reason to seal").

12          Apple's confidential pricing information and analysis included in the redacted portions of Epic's

13   Reply and the entirety of the Barnes Declaration is especially sensitive, because public access to this

14   information could cause Apple economic harm and put it at a disadvantage with competitors by

15   disclosing Apple's pricing strategy and the manner in which it analyzes financial information.  *Phillips*,

16   307 F.3d at 1211.  Sealing is thus necessary because public disclosure would risk competitors or others

17   gaining an unfair business advantage, benefitting from non-public financial information that Apple

18   utilizes to guide its business decisions.  *See* Roman Decl. ¶ 30; Perry Decl. ¶¶ 3–5; *see also Hadley v.

19   Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling

20   reasons exist to seal information that may cause Kellogg competitive harm if disclosed, such as

21   information about Kellogg's business strategies and internal decisionmaking, product formulations, and

22   confidential finances (i.e., information about Kellogg's costs)").

23          The sealing request is narrowly tailored to include only the redacted information in Epic's Reply,

24   and the entirety of the Barnes Declaration, necessary to protect Apple's confidential pricing information

25   and analysis.  *See* Perry Decl. ¶ 6; *Krommenhock*, 2020 WL 2322993, at *3 (granting motion to seal

26   "limited" set of pricing analyses); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL

27   2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored

28   redactions" and finding "most of Apple's sealing requests[ ] appropriate" to the extent the disclosures

"would harm Apple's competitive standing"); Dkt. No. 643 at 3 (finding Apple's proposed redactions for an exhibit "narrowly tailored in seeking to seal sensitive and confidential information, the disclosure of which would result in competitive harm to Apple").   Apple's request would leave the Reply unredacted to the fullest extent possible without divulging Apple's confidential information.  *See* Perry Decl. ¶ 6; *Ctr. for Auto Safety*, 809 F.3d at 1097 (finding compelling reasons to seal where competitors or others could use court records "as sources of business information that might harm a litigant's competitive standing") (citation omitted); *see also, e.g.*, *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing "confidential business material" where "improper use by business competitors seeking to replicate L'Oréal's business practices" may "circumvent the time and resources necessary in developing their own practices and strategies").

For the foregoing reasons, there are compelling circumstances and good cause that warrant partially sealing the Reply (specifically, the information currently redacted), and fully sealing the Barnes Declaration.

## CONCLUSION

Apple respectfully requests that the Court seal the identified information.


Dated: April 30, 2024                          Respectfully submitted,

By: */s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.