| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>  jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>  mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>  joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>  morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100<br><br>MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)<br>  mark.pinkert@weil.com<br>KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)<br>  katie.black@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Telephone: 305.577.3100<br>Facsimile: 305.374.7159 |

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>  Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>  Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION REQUESTING GUIDANCE REGARDING EVIDENTIARY HEARING**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Hearing Date: May 8, 2024 (noticed date)<br>Hearing Time: 8:30 AM<br>Courtroom 1, 4th Floor |

1    Defendant Apple Inc. ("Apple") respectfully seeks this Court's guidance regarding the Order Setting Evidentiary Hearing entered by the Court on April 23, 2024 (the "Order").  *See* Dkt. No. 925.

The Order "SETS an evidentiary hearing to further assess [Plaintiff Epic Games, Inc.'s ("Epic")] arguments as well as Apple's defenses" regarding Epic's Motion to Enforce Injunction.  Dkt. No. 925, at 3.  On April 30, 2024, the parties exchanged witness lists (Dkt. Nos. 931, 932), pursuant to which they collectively may call up to seven witnesses:

| Witness | Affiliation | Apple's List | Epic's List |
|---|---|---|---|
| Alex Roman | Apple | X | X |
| Matt Fischer | Apple | X | X |
| Carson Oliver | Apple | X | |
| Phil Schiller | Apple | X | |
| Ned Barnes | Expert | X | X |
| Alec Shobin | Epic | | X |
| Benjamin Simon | Down Dog | | X |

After the witness lists were exchanged, the parties met and conferred regarding the hearing.  The parties believe they can present these witnesses in the time allotted by the Court on May 8 and 10.  As the Court is aware, Mr. Barnes is available only on May 10; the other witnesses are currently available either day.

The issue on which Apple seeks guidance is whether Epic or Apple should go first in the presentation of testimonial evidence.  Apple includes Epic's position—as confirmed after conferring with Epic's counsel—for efficiency of obtaining the Court's guidance.  Both parties are of course prepared to proceed in the fashion that would be most useful to the Court.

Apple's view is:  The four Apple witnesses (Messrs. Schiller, Fischer, Roman, and Oliver) should testify on May 8, when the Court has a full day available.  Apple would present each of them by direct examination and Epic would have the opportunity for cross-examination.  On May 10, when the Court has a half day available, the three non-Apple witnesses (Messrs. Barnes, Shobin, and Simon) should testify.  Epic would present each of them by direct examination and Apple would have the opportunity

for cross-examination. This approach would allow for the most efficient and orderly presentation of the testimonial and documentary evidence regarding the issues identified in the Court's Order, and is well within the Court's discretion to regulate "the manner in which the proceeding shall be conducted." *Cooke v. United States*, 267 U.S. 517, 537 (1925) (internal quotation omitted).

      <u>Epic's view is</u>: As the moving party, Epic should be permitted to present its case first and call any of the noticed witnesses in the order of its choosing.[1] In setting this hearing, the Court identified the showing that Epic must make and stated that Epic must do so by clear and convincing evidence. (Order at 2.) It is therefore appropriate for Epic to present the witnesses and evidence it believes it needs to satisfy its burden. Apple will have the opportunity to cross examine every witness called by Epic, and may present by direct examination any noticed witness who has not yet testified (with Epic having the opportunity for cross examination). For the sake of efficiency, all testimony from a particular witness should be presented through consecutive examinations by the parties until concluded, with no requirement that cross examination be limited to the topics covered on direct examination.

Dated: May 1, 2024

Respectfully submitted,

By: <u>/s/ Mark A. Perry</u>
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.

---

[1] Contrary to what the chart presented above suggests, Epic named "Any Witness Identified by Apple" in its own witness list, and may thus call Messrs. Oliver and Schiller in its own case if it so chooses. (*See* Dkt. 931 at 2.)