DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
    jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
    mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No.
1500231; *pro hac vice*)
    joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
    morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)
    mark.pinkert@weil.com
KATHERINE G. BLACK (Fla. Bar No.
1031465; *pro hac vice*)
    katie.black@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>        Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal (the "Motion").[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive marketplace. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed the two discovery dispute letters, regarding relevancy criteria and search terms, and now proposes to partially seal the documents and information therein that, if disclosed, could harm Apple's competitive business interests.

5. Apple seeks to seal this information because disclosure of this competitively-sensitive information regarding its business codenames regarding ongoing confidential projects and internal information about Apple's ongoing compliance with foreign regulations, which Apple intended to keep confidential, could put Apple at a competitive disadvantage and thus cause it economic harm. Public

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

disclosure would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple.

   6.   Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests.  The majority of the discovery letters remain unredacted.

   7.   Below is a chart detailing the specific portions of the letters that are sealable for the reasons explained herein, as well as in Apple's Motion.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Page 1, paragraph 3, beginning after "South Korea" and ending before "By way of example … ." | Joint Statement of Discovery Disputes – Relevance ("Relevance") | Reflects non-public Apple project codenames. |
| Page 1, first bullet, beginning after "'Wisconsin' project," and ending before "(APL-EG_10679997.)" | Relevance | Reflects non-public information regarding Apple's compliance with foreign regulations. |
| Page 1, second bullet, beginning after "2024 state that," and ending before "(APL-EG_10678998)." | Relevance | Reflects non-public information regarding Apple's internal projects and codenames. |
| Pages 1–2, third bullet, beginning after "would have," and ending before "(APL-EG_10676613)" | Relevance | Reflects non-public information regarding Apple's internal projects and codenames. |
| Page 2, fourth bullet, beginning after "productions thus far," and ending before "On May 31, 2024 … ." | Relevance | Reflects non-public information regarding Apple's internal projects and codenames. |
| Page 1, paragraph 2, number (2) | Joint Statement of Discovery Disputes – Search Terms ("Search Terms") | Reflects non-public Apple project codenames. |
| Page 1, note 2 | Search Terms | Reflects non-public information regarding Apple's internal projects and codenames. |
| Page 1, note 3 | Search Terms | Reflects non-public Apple project codenames. |
| Page 4, last paragraph, beginning after "'DMA' and" and ending before "search terms" | Search Terms | Reflects non-public Apple project codenames. |
| Page 4, beginning after | Search Terms | Reflects non-public |

| "Apple, and" and ending before "*After* implementation" | | information regarding Apple's internal projects and codenames. |
|---|---|---|
| Page 5, first paragraph, beginning after "Because DMA and" and ending before "have no nexus" | Search Terms | Reflects non-public Apple project codenames. |
| Page 5, second indented line, before "As noted, Epic rejected" | Search Terms | Reflects non-public Apple project codenames. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July 2024, in Washington, D.C.

*/s/ Mark A. Perry*
Mark A. Perry