UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>JOINT STATUS REPORT |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

   Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

   Counsel for Epic and Apple Inc. ("Apple," together with Epic, the "Parties") have met and conferred telephonically and exchanged correspondence on June 26, June 28, and July 12, 2024 in a good faith effort to resolve the outstanding disputes. Through the meet and confer process, the Parties have resolved their dispute on custodians and collaborative data sources as described in the July 3 Joint Status Report, Dkt. 998. The Parties have been unable to resolve their disputes on certain issues such as relevance criteria, search terms, and discovery period and schedule, and submitted briefing on these topics at Dkts. 999-1000 on July 17, 2024.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Yonatan Even*<br>   Yonatan Even<br>   *Counsel for Epic Games,<br>   Inc.* | By: */s/ Mark A. Perry*<br>   Mark A. Perry<br>   *Counsel for Apple Inc.* |

**Epic's Position:** As set forth below, the Parties have reached agreement on the following two of the issues raised in the July 3rd Status Report:

- **Custodians**: The Parties agreed on a compromise whereby Mr. Sainz will not be a custodian, whereas Ms. Goldberg, Mr. Mirrashidi and Mr. Wilder will be custodians. The Parties are therefore in agreement on the list of 52 custodians for Apple's productions.

- **Dedicated Repositories**: After Epic informed the Court in the July 3 Status Report that the Parties had reached an impasse regarding the treatment of central or shared repositories or data sources that Apple custodians identify as being dedicated to Injunction response work, Apple relented and agreed to the proposal Epic had made before the July 3 Status Report was filed. Specifically, on July 12, the Parties agreed that Apple may review documents in designated repositories for relevance, provided that Apple would inform Epic of any intent to withhold documents from those dedicated repositories on any grounds other than privilege, at which point the parties would meet and confer on the propriety of such withholding. (*See* Dkt. 998 at 3.)

The Parties have reached impasse on four other issues raised in the July 3rd Status Report and have separately submitted briefs for these issues.[1] In addition, Epic's review of Apple's privilege log is ongoing.

Epic provided Apple with search parameters (custodians and search terms) on June 18, nearly a month ago, and the Parties reached agreement on nearly all gating items for Apple's review almost immediately thereafter. While Apple's review of documents should be well underway by now and Epic has repeatedly asked Apple to confirm the same, Apple still has not even confirmed that its review has *begun*, and has only confirmed that it has completed interviews for "several" custodians. (Dkt. 1000 at 4.) Apple also committed nearly four weeks ago to prioritize collecting a small number of documents that are hyperlinked in the documents it produced on June 14, but Apple has not yet provided Epic with even *an estimate* of when those documents will be produced.[2] Thus, while the Parties have managed to work through many of their differences, Epic continues to have serious concerns about Apple's delay of the production process.

**Apple's Position:** Apple's positions on certain relevance criteria, search terms, and discovery period and schedule have been submitted for Your Honor's consideration in the briefing at Dkts. 999-1000. Aside from these disputes, Apple would like to apprise Your Honor of its progress with custodians, document collections, and productions.

---

[1] These are: (1) relevance criteria for documents pertaining to Apple's responses to ex-U.S. regulatory actions challenging its anti-steering and alternative purchase guidelines (Dkt. 999-3); (2) search terms to be used for Apple's "Step Two" productions (Dkt. 999-4); (3) the search period for Apple's review (Dkt. 1000); and (4) a schedule for Apple's substantial completion of its productions (*id.*).

[2] In an attempt to justify its delay, Apple describes below the number of documents in the May 24 and June 14 productions that it has reviewed, but the question is not how many documents exist, but how many *links* exist in those documents. Apple has not provided the relevant number.

*Custodians and Document Collections*. On Monday, July 15, 2024, the Parties reached an agreement on a final custodian list that consists of 52 of the 54 custodians Epic initially requested. The number of custodians designated by Epic during this phase of discovery is almost five times larger than in the merits phase of the matter. The Parties also reached an agreement on the collection and review of folders dedicated to compliance with this Court's injunction located in collaborative data sources. Apple disagrees with Epic's characterization that collaborative data sources are repositories. The Parties have agreed to disagree on this point and moved forward in negotiations. Apple agrees to collect all content of such folders and conduct a review, including for relevance, confidentiality, and privilege, without applying search terms. Should Apple decide to withhold materials from these folders as not responsive, Apple will inform Epic of this determination.

Apple is in the process of conducting custodial interviews and document collections. This collection process is a burdensome undertaking, especially considering the large number of custodians and time-intensive effort to determine the scope of collection for each custodian. Apple is nonetheless working as expeditiously as possible to conduct these custodial interviews. Each custodian must be interviewed to determine every data source the individual uses that may contain potentially relevant material. That data must then be collected. This process almost always requires multiple discussions, amounting to several hours of interviews with individuals whose workdays are typically already over-scheduled. A custodian list of over 50 individuals will likely require well over 100 interviews, and several hundred hours. This effort is, of course, separate from the review of the documents, which will take months. The server-side email search term collection alone from the custodial list stands at approximately 642,000 documents with attachments. That will expand as the other data sources from the custodians are collected. Apple will continue to update Your Honor with metrics and time estimates. It is Apple's intent to move as quickly and efficiently as possible, but it is a massive undertaking, and one that will require a large portion of the documents to be examined for privilege (likely necessitating further Apple employee interviews). Given the scale and complexity of the project, Apple will be prejudiced if it is not allowed reasonable time to complete it.

*Document Productions*. Apple is working diligently on rolling document productions in this matter. To date, Apple has completed two productions—one on May 24 and one on June 14, 2024.

The Parties have agreed that Apple will prioritize the production of underlying Box materials located at Box links referred to in the May 24 and June 14 productions from the custodial files of Carson Oliver. This Court previously found that the burden for Apple to go through its document productions to locate hyperlinked documents would be overwhelming, and in any event, it may well be impossible to confirm that the document collected was, in fact, the exact version sent at the time of the link, and instead ordered Apple to identify hyperlinked documents in a *reasonable* number of emails. Dkt. 192. Apple expended significant resources reviewing every document in the May 24 and June 14 productions, as well as logged documents, for referenced Box links.[3] This effort—and the number of resulting links—goes over and above the guidance previously issued by this Court that holds the Parties to a reasonable number. While Apple has committed to finding and producing the links in the May and June productions, it is *all* links, not a reasonable number, and that effort takes time. Apple has completed this review and catalogued instances of

---

[3] The June 14 Production (1,099 documents) consists of a reproduction of the May 24 Production (831 documents) as ordered by the Court at Dkt. 983 as well as over 250 additional documents.

hyperlinked documents.  Apple is working diligently to collect and produce these linked materials as soon as practicable, which requires interviewing multiple Apple employees who have access to those documents to get the information required for collection.  Apple is working to produce these documents as quickly as possible.

Respectfully submitted,

DATED: July 17, 2024

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*


WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*