UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>   *Plaintiff, Counter-defendant,*<br><br>   v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>JOINT STATUS REPORT |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

  Counsel for Epic and Apple Inc. ("Apple," together with Epic, the "Parties") have discussed and agree that there are no outstanding disputes other than what has been briefed at Dkts. 999-1000.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Yonatan Even*<br> Yonatan Even<br> *Counsel for Epic Games,*<br> *Inc.* | By: */s/ Mark A. Perry*<br> Mark A. Perry<br> *Counsel for Apple Inc.* |

**Epic's Position:**  The Parties remain at an impasse on four issues raised in the July 3rd Status Report (Dkt. 988) and noted in the July 17th Status Report (Dkt. 1001). The Parties submitted letter briefs relating to these issues on July 17 and 19, 2024.[1] Epic's review of Apple's privilege log is ongoing.

To date, Apple has not produced a single document pursuant to the "stage two" production the Parties have agreed to Epic therefore continues to have serious concerns about Apple's delay of the production process.  Epic provided Apple with search parameters (custodians and search terms) on June 18, well over a month ago, and the Parties reached agreement on nearly all gating items for Apple's review almost immediately thereafter.  Yet Apple still has not even confirmed that its review has begun.  (Dkt. 1000 at 4.)  To the contrary, at the beginning of the week, Apple sent Epic a letter concerning the syntax of the search strings the Parties agreed to over a month ago, suggesting Apple still has not begun running those searches in earnest.  Just last week, Apple informed Epic for the first time that Apple has deleted certain documents from the files of a financial analyst that left Apple in 2023 and whose files Apple agreed to search in June—again, suggesting Apple is only now assessing which repositories to collect.  And Apple still has not even provided *an estimate* as to when it would finally produce the small number of hyperlinked documents Apple committed nearly six weeks ago to prioritize for collection and production.  Indeed, in its portion of this filing, Apple acknowledges that in the two months since the Court's Order, Apple has *not even completed its custodial interviews*.  Moreover, Apple again reports (for the third time) on "approximately 645,000" server-side documents that hit on agreed-to search terms,[2] yet Apple provides no update on its review of these documents or any explanation as to why even one of these 645,000 documents has not been produced to date.[3] Apple's delay is unacceptable, and Epic reiterates its request for the Court to order Apple to move the process along and meet the end-of-August substantial completion deadline Epic has proposed.  (Dkt. 1000.)

**Apple's Position:**  On July 17, 2024, Apple submitted for Your Honor's consideration its positions on certain relevance criteria, search terms, the relevant discovery period, and the discovery schedule.  Dkts. 999-1000.  Aside from these disputes, Apple continues to make progress with custodians, document collections, and productions.

---

[1] The current open issues are: (1) the search period for Apple's production (Dkt. 1000); (2) the deadline for the substantial completion of Apple's production (Dkt. 1000); (3) the relevance of documents relating to Apple's response to foreign regulations (Dkt. 999-3; 1002); (4) search terms to be used for Apple's productions (Dkt. 999-4; 1003).

[2] Remarkably, Apple now says it cannot proceed with running search terms "absent Epic's confirmation of Apple's syntax edits".  But Apple never raised this purported syntax issue with Epic **until yesterday**—six weeks after Epic provided Apple with its search terms—and Apple clearly **was** able to run Epic's original search strings on "server side" documents, or else it could not provide hit counts (which as noted it did over a month ago).  In short, the purported syntax issue cannot excuse Apple's weeks-long delay.

[3] Apple again takes the position that it needs to review documents for "confidentiality".  As the Court has already determined, Apple has no right to withhold any information on the basis of confidentiality, and Apple's review should not be prolonged to allow for such purported confidentiality review.

*Custodians and Document Collections.*  The Parties agreed on a list of 52 custodians, and Apple is now in the process of interviewing and collecting documents from these individuals, which requires significant dedication of time and resources.  Apple is conducting interviews with each of these custodians (except for one who, as explained below, does not work at Apple anymore).  Most of these custodians will require several, multiple-hour interviews to identify all of their data sources, including from collaborative data sources, that contain relevant information and to then collect that information.  It is likely Apple will have to conduct over 100 interviews to complete its diligence of these custodians, not to mention further follow up with each custodian by email. This is a labor-intensive process.  Simultaneously, Apple is working expeditiously to run search terms over the collected documents.  On July 30, 2024, Apple sent Epic a letter on certain syntax edits to Epic's proposed search terms in order to ensure these terms will run properly in Apple's search platform.  Apple will review and produce documents on a rolling basis but cannot move forward absent Epic's confirmation of Apple's syntax edits.  While the total number of documents Apple has to review is currently unknown, if Epic agrees to Apple's latest search term proposal, the total number of server-side emails alone from these custodians that hit on the proposed terms would be approximately 645,000, including attachments.  Apple anticipates this number to grow substantially, as many of the custodians interviewed thus far have identified additional data sources beyond email where they kept potentially relevant information.  If these documents are maintained in a collaborative data source like Box and are contained in a folder dedicated to injunction compliance, Apple will review all the documents in the folder without applying search terms.  For the rest of the documents, Apple will apply the Parties' agreed search terms and promote for review the documents that hit on the terms.  Documents will then be reviewed for responsiveness, confidentiality,[4] privilege, and proprietary information as to unannounced hardware in active development as permitted by the Parties' Amended Joint Stipulation and Order Regarding Discovery of Electronically Stored Information ("Amended ESI Protocol") (Dkt. 245).

Apple has also been working diligently to complete the collections of all documents or folders found at the Box links in the productions made thus far from Carson Oliver's files.  Mr. Oliver himself no longer has access to a number of these links, in part because the links seem to have been modified since being shared.  To access such links, Apple has had to interview multiple employees to determine whether anyone currently has access to the documents.  Apple has nearly completed that process and will produce the documents it has found in the coming weeks.

During the diligence process for the ongoing custodial collections, Apple learned that one of the custodians—Meredith Thieme—left Apple before Apple filed its Notice of Compliance with UCL Injunction (Dkt. 871), Epic filed its Motion to Enforce Injunction (Dkt. 897), and well before the hearings on injunction compliance began before this Court in May 2024.  Ms. Thieme was not under any document retention notice, and therefore her data went through disposition following her departure, with her email being permanently deleted off the server.  Apple is currently conducting diligence to determine what data it still has from Ms. Thieme and so far, has found her corporate iCloud folder, Box, Slack, and iCal.  Apple alerted Epic to this issue on Thursday, July

---

[4] For clarity, Apple will review documents for third-party confidentiality as Apple is required to provide notice to third parties in its non-disclosure agreements with third parties.  Apple will also review documents to determine which level of confidentiality per the Protective Order (Dkt. 112) to apply to a document.  Apple will not withhold documents on the basis of confidentiality.

25, 2024. Apple is continuing to investigate what other data sources, if any, it may have that belonged to Ms. Thieme and will update Epic and the Court once it completes its diligence.

*Quip Production.* Apple previously made a production of Quip files on June 14, 2024. There was a technical issue that impacted some of these Quips, and Apple reproduced the impacted Quips on July 25, 2024. As requested by Epic, Apple also provided a cross-reference index to Epic to aid Epic's review of the July 25 production. In the event a privilege log is necessary, and consistent with the Amended ESI Protocol (Dkt. 245), Apple will provide this log within 10 days of the production.

Respectfully submitted,

DATED: July 31, 2024

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*