UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 20-cv-05640-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 1000, 1002, 1003 |

The parties have some disputes concerning discovery about Epic Games' motion to enforce the permanent injunction. The Court held a hearing on August 8, 2024, and now issues the following order.

**A.      ECF No. 1000**

      **1.      Time Frame for Discovery Period**

Epic proposes that the discovery period for Apple's document productions should be September 10, 2021 (the day the permanent injunction was issued) until May 31, 2024 (the day Judge Gonzalez Rogers ordered Apple to produce all documents relative to its decision-making process concerning its response to the permanent injunction). Apple agrees on the start date but thinks the end date should be January 16, 2024, when Apple implemented the new link entitlement program.

It seems that Judge Gonzalez Rogers already answered this question in the following exchange at the May 31, 2024 hearing:

> THE COURT: -- so let me make it clear then if you obviously didn't understand.
>
> I want all of Apple's documents relative to its decision-making process with respect to the issues in front of the Court. All of them.

> All. If there is a concern, then be overly broad.
>
> MR. PERRY: Your Honor, *may I ask time parameter for the Court's request.*
>
> THE COURT: All.
>
> MR. PERRY: Thank you, Your Honor.
>
> THE COURT: *So let's say from the day that my decision came out until the present.*

ECF No. 981, page 914, lines 10-21 (emphasis added).

So there you have it. The time period is September 10, 2021 to May 31, 2024.

### 2. Deadline for Apple to Substantially Complete Discovery

Epic wants Apple to substantially complete its document production by August 30, 2024. Apple proposes a substantial completion deadline of December 6, 2024. In essence, Epic seeks to hold Apple to its representation at the May 31 hearing that it could complete its document production in three months. ECF No. 981 at page 921. Apple says that was a rough guess and that since that hearing it has agreed to many additional search terms, thus expanding the scope of document review. Apple estimates that it has identified about 650,000 documents and attachments that it will need to review from server-side emails alone.

The Court appreciates that Apple has more information available to it now than it did on May 31, but the volume of documents Apple identifies doesn't justify the lengthy schedule it proposes. Considering the resources available to Apple, the importance of the issues at stake, and the importance of the discovery in resolving the issues, *cf.* Fed. R. Civ. Proc. 26(b)(1), the Court **ORDERS** Apple to substantially complete document production by September 30, 2024.

### B.   ECF No. 1002

Epic has shown that Apple's program for compliance with the permanent injunction in this case is based on and informed by its responses to similar regulations in other countries concerning anti-steering and alternative payments. Documents pertaining to those programs, from the files of custodians that worked on Apple's response to the injunction, therefore have a sufficient nexus to Apple's compliance with the injunction, and the Court **ORDERS** Apple to produce them.

**C.     ECF No. 1003**

Epic's proposed search strings are reasonable. The hit counts (21,200 and 71,200) are not excessive given that the search strings are aimed at core issues of importance and the fact that the searches will be applied to the documents of custodians who are members of Apple's injunction response working group. Accordingly, the Court **ORDERS** Apple to use these search strings.

**IT IS SO ORDERED.**

Dated: August 8, 2024

THOMAS S. HIXSON
United States Magistrate Judge