UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>  v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>JOINT STATUS REPORT |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP<br><br> By: */s/ Yonatan Even*<br>  Yonatan Even<br>  *Counsel for Epic Games,*<br>  *Inc.* | WEIL, GOTSHAL & MANGES LLP<br><br><br> By: */s/ Mark A. Perry*<br>  Mark A. Perry<br>  *Counsel for Apple Inc.* |

**Epic's Position:**  The Court's August 8th, 2024 Order resolved all issues upon which the Parties were then at an impasse.  (See generally Dkt. 1008.)  All parameters affecting Apple's search protocol have now been resolved and Apple was ordered to substantially complete document production by September 30, 2024—just over six weeks from today. (Dkt. 1008 at 2.)  Yet—despite the Parties having reached agreement on the bulk of search parameters in mid-June and despite the Court's Order resolving any outstanding issues—Apple continues to drag its feet.  Only today, after receiving Epic's initial draft of this joint submission, has Apple started to produce documents again—but today's production consists of only ***210 documents***.  And 86 of these documents were produced at the eleventh hour—after the Parties' agreed-upon exchange schedule for this status report.  Thus, Apple's assertion that it has produced documents "from custodial files and from the Box links discussed by the parties" obscures the fact that Apple has barely moved the ball.

To recap, on June 14, 2024, Apple produced approximately 1,200 documents, mostly consisting of reproductions of documents Apple previously produced without appropriate metadata and with inappropriate redactions on May 24, 2024.  The June 14 production did not include any documents from Box or shared repositories other than Quip.  In the two months since the June 14 production, Apple produced only two (2) additional documents, even though the parties agreed to 49 of the final 52 custodians and almost all of the search parameters on June 26, 2024.  Indeed, Apple identified roughly 650,000 documents as potentially responsive on July 9, 2024.

Apple's deadline to "substantially complete" production is fast approaching.  In its status report, Apple continues to assert that it is "mak[ing] progress", even though it still has not even completed custodial interviews.  To make the process efficient, Epic requested and Apple committed to rolling productions. (See Dkt. 1001 at 3; Dkt. 1004 at 3; July 11, 2024 email from N. Comparato to B. Wylly ("Apple can agree to rolling productions . . . .").)  This would allow Epic to review the documents, provide Apple with feedback and resolve any disputes that may arise before the substantial completion date, so that the Parties can proceed with the hearing on Epic's Motion as soon as possible.  Apple's production today of only 210 documents confirms that Apple has no intention of facilitating such an efficient, orderly process, but instead intends to "dump" most or all of its production at or close to its substantial completion deadline.  Apple has not provided any alternative estimate or schedule.  Epic believes that Apple's extreme back-loading of the production is neither appropriate nor a good faith application of the Court's May 31 Order.  **Epic therefore asks the Court to order Apple to begin producing a substantial amount of documents on a rolling basis immediately.**

Epic's review of Apple's privilege log is ongoing.

**Apple's Position:** Apple continues to make progress with custodians, document collections, and productions.

*Custodians and Document Collections.*  The Parties agreed on a list of 52 custodians.  Apple has collected all the server-side emails for these individuals.  Apple is in the process of interviewing and collecting documents from these individuals, which requires significant dedication of time and resources.  Hundreds of reviewers are enlisted to manually review the documents for relevance,

confidentiality,[1] and privilege determinations.  Under the circumstances, Apple is not "drag[ging] its feet" as Epic claims.

*Phase Two Production.*  Today, Apple produced 210 documents from custodial files and from the Box links discussed by the parties.  To the extent necessary, Apple will serve a privilege log within 10 days of these productions, consistent with the Amended ESI Protocol (Dkt. 245).

Epic claims that the number of documents Apple produced today is insufficient and requests that this Court order Apple "to begin producing a substantial amount of documents on a rolling basis immediately."  Epic's request is premature, and no such order is necessary here.  This is only the first of Apple's rolling productions and comes less than a week after this Court ordered a substantial completion deadline of September 30, 2024.  Apple has committed to rolling productions and has not wavered from that commitment.  No further Court intervention is necessary on this issue.

Finally, Apple produced a privilege log in reference to its June 14, 2024 production of Quip files on August 2, 2024.

 Respectfully submitted,

| | |
|---|---|
| DATED: August 14, 2024 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |
| | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |

---

[1] As noted in the July 31 Joint Status Report (Dkt. 1004), Apple will review documents for third-party confidentiality to determine whether Apple is required to provide notice to third parties pursuant to any non-disclosure agreements.  Apple will also review documents to determine which level of confidentiality per the Protective Order (Dkt. 112) to apply to a document.  Apple will not withhold documents on the basis of confidentiality.