UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>   *Plaintiff, Counter-defendant,* <br><br>  v. <br><br>APPLE INC., <br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE <br> & MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Yonatan Even* <br> Yonatan Even <br> *Counsel for Epic Games, Inc.* | By: */s/ Mark A. Perry* <br> Mark A. Perry <br> *Counsel for Apple Inc.* |

**Epic's Position:**  For nearly five months, Apple has dragged its feet at every turn in a transparent attempt to delay discovery, postpone the adjudication of Epic's contempt motion, and defer the enforcement of the Court's Injunction.  Having delayed its search, collection, review and production of documents for months—and having misled Epic and the Court about the progress of its review—Apple now brazenly asks the Court to reward it with a full month's extension.[1]  Apple's request should be denied; instead of further delay, **Apple should be ordered to produce to Epic immediately (*i.e.*, by the September 30, 2024 deadline) all the documents it has identified as potentially responsive**, whether or not it has completed its review of such documents.

Apple was ordered to produce all documents "relative to the decision-making process leading to the link entitlement program and associated commission rates" on May 31, 2024.  (Dkt. 974.)  By June 19, 2024, Epic provided Apple with a proposed custodian and search term list that is substantially identical to the final search terms and custodians used.  (June 19, 2024 Email from B. Wylly to D. Craig.)  With that information in hand, Apple could and should have proceeded with alacrity to collect, review and produce all documents, which it could have done well in advance of the Court mandated September 30 deadline.[2]  Instead, Apple chose a campaign of delay.

- By the July 3, 2024 Status Report, Epic had already spotted a problem.  It warned that Apple "has not confirmed that it has actually commenced the process of collecting and reviewing documents, stating only that it is in the process of **preparing to commence custodial interviews**".  (Dkt. 998 at 4.)  Thus, while Epic stated that "Apple should reasonably complete its review and production(s) within 6-8 weeks", Apple stated that "it will require a minimum of six months to complete productions".  (*Id.* at 6.)

- On July 17, 2024, the Parties filed a joint discovery dispute letter concerning Apple's delay.  (Dkt. 1000.)  In its portion of that letter, Epic pointed out that "Apple's delay tactics have been on display ever since the Court entered its May 31 Order.  For example . . . to date, Apple still has not confirmed that it has begun its review of documents collected from the agreed custodians using the agreed-to search terms, and . . . Apple can only represent that it has completed interviews with 'several' custodians.  Apple's failure to complete custodial interviews nearly a month into this process is inexcusable".  (*Id.* at 2.)  Epic further pointed out that "[e]very day of delay by Apple is another day that developers are unable to enjoy the benefits of the Court's Injunction and

---

[1] Apple purports to request a two-week extension for "substantial completion" of the production, but explicitly contemplates continued document productions through October 31, 2024—a full month after the current deadline.
[2] Apple proposes below that its requested extension is for only two weeks.  Not so.  Apple specifically contemplates productions to continue through October 31, 2024—a full month after the Court-ordered completion deadline.  Apple nonetheless argues that the Court's deadline was merely for "substantial completion", which Apple asserts means the Court "contemplated that Apple would make some production after the deadline".  That argument stretches the term "substantial completion" well beyond its typical meaning.  Nothing in the Court's Order contemplated Apple continuing with regular course, pre-planned rolling productions beyond the September 30 deadline.  Rather, the term "substantial completion", as it is commonly used in litigation, simply recognizes that *unplanned*, *non-regular course* productions may occur after the completion deadline—for example, as documents initially withheld as potentially privileged are determined not to warrant withholding as a party works through its privilege log.  Apple's request to continue its rolling productions through October 31, 2024, is thus a plain request for a full month-long extension.

Apple gets to collect—illegally— hundreds of millions of dollars at a gross margin the Court has found to be 'excessive . . . under any normative measure'". (*Id.*)  Apple, for its part, stated that it "can agree to rolling productions, but not to a substantial completion date earlier than December 6, 2024". (*Id.* at 5.)

- On July 30, 2024, six weeks after it was provided with Epic's proposed search terms, Apple sent to Epic a letter stating that Apple "agrees to Epic['s] search terms from its June 18, 2024 correspondence" and asking Epic to confirm certain syntax changes Apple had made to those search terms. (July 30, 2024 letter from J. Lo to Y. Even.) Apparently, Apple had not even *begun* its review of documents before that date.

- On August 8, 2024, this Court ordered Apple to complete its productions by September 30, "[c]onsidering the resources available to Apple, the importance of the issues at stake, and the importance of the discovery in resolving the issues". (Dkt. 1008 at 2.)  The Court noted Apple's representation that it had identified at least 650,000 documents as potentially responsive.

- In the August 14, 2024 Joint Status Report, with no substantial production in sight, Epic asked the Court to order Apple to promptly begin substantial rolling productions.  (Dkt. 1011.)  Apple, in response, stated that "Epic's request is premature, and no such order is necessary here. This is only the first of Apple's rolling productions and comes less than a week after this Court ordered a substantial completion deadline of September 30, 2024. Apple has committed to rolling productions and has not wavered from that commitment." (*Id.* at 3.)  Apple did not mention any increase in the number of potentially responsive documents it needed to review or any concern it might not meet the Court-ordered deadline.

- In the August 28, 2024 Joint Status Report, Epic again noted Apple's failure to make any substantial productions.  (Dkt. 1013.)  In response, Apple told the Court it is "moving forward expeditiously with custodians, document collections, and reviewing documents for production" and that "Apple anticipates it will make at least three rolling productions by the Court's substantial completion deadline of September 30, 2024". (*Id.* at 2.)  Apple again did not mention any increase in the number of potentially responsive documents it needed to review or any concern it might not meet the Court-ordered deadline.

- In the September 12, 2024 Joint Status Report, Epic again noted Apple's failure to make substantial productions, having produced a mere 8,000 documents by that date. (Dkt. 1014.)  In response, Apple again told the Court it "continues to move forward expeditiously with reviewing documents for production" and that it "expects to make two more [productions] by September 30, 2024". (*Id.* at 3.)  Apple again failed to mention any increase in the number of potentially responsive documents it needed to review or any concern it might not meet the Court-ordered deadline.

All the supposedly "new" facts Apple provides below as purported justifications for its request for more delay have clearly been known to Apple for weeks or months; Apple did not newly discover that the number of its documents doubled overnight.  Apple deliberately and tactically chose not to raise these issues with Epic or the Court until the eleventh hour.  Indeed, on

3

September 24, 2024, without providing any reason for its request, Apple asked Epic several times to postpone the time to exchange drafts of the Parties' respective portions of this Joint Status Report.  The Parties ultimately agreed to an exchange time of 8 p.m. PT, but Apple, without prior notice, failed to send Epic its portion of the Report at that time.  At 8:50 p.m. PT, Epic reached out to Apple and asked it to "[p]lease provide Apple's portion of the filing immediately, as well as an explanation [for] Apple's failure to provide it in time and failure to alert Epic . . . before we sent our portion [to Apple]".  Apple did not respond to this e-mail.  Instead, it sent its portion of this Report, without explanation, at 10:27 p.m. PT.  That was the first notice Epic received that Apple intended to seek to delay the completion of its productions past the Court-ordered deadline.  In parallel, Apple produced 16,700 documents that same evening on September 24, for a total of approximately 24,700 documents produced thus far—still not a meaningful number given Apple's new assertion of 1.3 million documents it had identified as potentially responsive.

Apple's repeated statements claiming "expeditious" progress towards meeting the Court-mandated deadline were flatly and clearly false; Apple's conduct since the early summer makes clear that Apple never had any intention to move expeditiously or to meet the deadline.  Indeed, if Apple had intended to comply with the deadline, Apple would have alerted both Epic and the Court to any possible delay as soon as it became aware of it.  But Apple did not want to *address* delay; it wanted to *maximize* it.

By seeking this delay at the eleventh hour, Apple apparently intends to suggest to the Court that the delay it is seeking is now inevitable (however unjustified).  Epic urges the Court to reject that supposed inevitability; it is Apple, not Epic, that should suffer the consequences of its own egregious and misleading tactics.  Apple can and should be required to produce all documents identified as potentially responsive by September 30, 2024, whether or not they have been reviewed for responsiveness or privilege.  Epic will agree that any production of privileged materials will not constitute a waiver of Apple's rights as to privilege, per the ESI order in this case. (Dkt. 245 at 11.)  And Apple may limit any disclosure to Epic counsel, if it so wishes, per the Protective Order.

Apple objects to Epic's request, claiming that the production of unreviewed documents would prejudice Apple, while the month-long extension Apple seeks would not prejudice Epic.  Both assertions are wrong.  As to Apple, any prejudice would not be undue, because with due diligence, Apple could and should have completed its review by the Court-mandated deadline; Apple simply *chose* not to do so.  And as to Epic's prejudice from yet additional delay, Apple's main claim is that Epic did not initially seek discovery—a point that is entirely irrelevant to the issue of prejudice.  The Court has now decided it needs full discovery to evaluate Apple's compliance (or rather, non-compliance) with the Court's Injunction.  Epic obtained that Injunction in August 2021; it became binding on Apple in January 2024; yet ten months later, Apple still has not complied with it.  Epic, and thousands of other app developers, have been denied the benefits of the Injunction.  Any delay in enforcement of the Injunction clearly prejudices Epic.

Providing any extension past September 30, 2024, would reward Apple for its noncompliance, for dragging its feet and for misleading Epic and the Court.  To the extent the Court is contemplating granting such an extension, Epic respectfully requests to be heard on this issue.

**Apple's Position:**  The Court set the September 30, 2024 substantial completion deadline based on the preliminary estimate that Apple would need to review about 650,000 documents.  But Epic's broad search terms have resulted in a review population north of 1.3 million documents—at least double the original expectations.  Given the circumstances, Apple respectfully requests a two-week extension to October 15, 2024, for the substantial completion deadline.  Apple will produce the remainder of the documents by October 31, 2024.

When the parties were before the Court on August 8, 2024, the metrics before Your Honor were that Apple "estimate[d]" that it had "identified about 650,000 documents and attachments" that it would need to review "from server-side emails alone." Dkt. 1008 at 2.  Because this Court did not deem this "volume of documents" significant enough to justify the six months that Apple requested to substantially complete its production, the Court instead gave Apple less than two months to review and produce the documents.  *Id.*

As the Court will recall, the 650,000-figure was Apple's good faith (but rough) "estimate[]" of emails alone before all of the documents were actually collected.  *Id.*  At the time Apple was briefing the issue before Your Honor, it was in the process of collecting documents.  Now that that process has taken place, Apple estimates it will have reviewed at least 1.3 million documents by the time this document review and production is complete, and the overwhelming majority of those documents will not be responsive.

Apple is and always has been making a good faith effort to meet the Court's substantial completion deadline.  But with the deadline approaching and with the current metrics before it, Apple requests a two-week extension of the substantial completion deadline.

In opposition to Apple's request, Epic urges the Court to order Apple to "produce all documents identified as potentially responsive by September 30, 2024, whether or not they have been reviewed for responsiveness or privilege."  The Court should reject this request for two reasons.

First, the request is highly prejudicial to Apple.  Ordering Apple to make such a production would give Epic access to scores of documents to which it is not entitled, including (1) sensitive business information that has no bearing on this case; (2) personally identifiable information; (3) Apple's privileged communications with its in-house and outside counsel about this very case, and (4) potentially highly sensitive or confidential information about private individuals or third parties.  Although Epic claims it will agree there is no waiver as to privilege, the harm from disclosing these broad swaths of privileged communications could not be undone, as Epic already would have seen (and thus could not un-see) Apple's litigation strategy as it relates to this case.

Second, underlying Epic's request for "all documents" that are "potentially responsive" is the mistaken assumption that the Court required Apple to fully complete its production by September 30, 2024.  That is incorrect.  The Court required Apple to "substantially complete" its production by that date. Dkt. 1008 at 2.  In other words, it specifically contemplated that Apple would make some production after the deadline, and thus Epic's request for "all documents" is unjustified.

And while Epic's request would gravely prejudice Apple, Epic does not articulate any actual prejudice it would suffer from a two-week extension.  Epic did not request discovery in this matter, stating in court that it believed it had all it needed for its case.  *See* May 31, 2024 Tr. at 923:24–

924:10 (When the Court asked, "why [Epic] didn't ask for discovery prior to a hearing," Mr. Even replied, "[A]t the time we thought we had enough information into what Apple has done based on the declaration and things of that nature."). Instead, this is discovery that the "Court ordered" so that it could make an informed decision as to whether Apple is in compliance with the injunction. Dkt. 974 at 1. Epic is not and cannot articulate how it would be prejudiced in waiting up to two-weeks for Apple to reach substantial completion (less, if Apple is able to do it sooner than two weeks). Epic's request should be rejected.[3]

Epic further urges the Court to reject Apple's request because Apple's purported plan has always been to "maximize" delay, and thus, it "should suffer the consequences of its own egregious and misleading tactics." Apple has never sought to delay these proceedings. Quite the opposite—Apple continued in good faith to try to meet this Court's deadline despite the review population doubling in size and is only asking for a modest extension. Apple waited to ask for relief only when it knew it was necessary, and the relief it is seeking is reasonable—rather than seeking double the time the Court initially granted to accomplish double the projected effort, Apple seeks only an additional two weeks.

For all the reasons above, Apple's request for a two-week extension should be granted.

*Phase Two Production.* On September 24, 2024, Apple made a production of approximately 16,700 documents from 52 custodians. This was its third rolling production to date. Apple expects to make another production by September 30, 2024.

*Privilege logs.* On September 20, 2024, Apple served a privilege log in connection with its September 11 production, consistent with the Amended ESI Protocol (Dkt. 245). To the extent necessary, Apple will also serve a privilege log in connection with its September 24 production within 10 days of the production. It will do the same, to the extent necessary, in connection with its next production.

Respectfully submitted,

DATED: September 26, 2024

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*

---

[3] As for Apple's request, Epic claims that Apple is seeking a month-long extension. Not so. There is only one Court-ordered deadline at issue here, and that is for Apple to "substantially complete" its production by September 30, 2024. Dkt. 1008 at 2. Here, Apple seeks a two-week extension of the substantial completion deadline to October 15, 2024, and plans to make the rest of its productions by October 31, 2024.