UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIC GAMES, INC.,

           Plaintiff,

    v.

APPLE INC.,

           Defendant.

Case No. 20-cv-05640-YGR   (TSH)

**DISCOVERY ORDER**

On August 8, 2024, the Court ordered Apple to substantially complete document production by September 30, 2024. ECF No. 1008. Yesterday – four days before the deadline for substantial completion – Apple disclosed that the number of documents it needs to review is about twice the estimate it previously provided to the Court (1.3 million as opposed to 650,000). Apple requests a fifteen day extension of time to substantially complete its document production, and Apple says it will complete its document production by October 31, 2024. ECF No. 1016. The Court denies the request.

The Court ordered the parties to file status reports concerning this discovery every two weeks, and they have done so. ECF Nos. 998, 1001, 1004, 1011, 1013, 1014, 1016. Before yesterday's report Apple never previewed to Epic Games or to the Court that the number of documents it would need to review exceeded its prior estimate by a substantial amount. This information would have been apparent to Apple weeks ago. It is simply not believable that Apple learned of this information only in the two weeks following the last status report. This gives rise to several related concerns. First, Apple's status reports weren't any good. Apple knew it wasn't on track to make the substantial completion deadline and kept that a secret. Had Apple promptly informed Epic and the Court that this project was broader in scope than it had anticipated, the

1  Court could have discussed possible solutions with the parties, such as Apple hiring more
2  document reviewers so it could make the existing deadline.  Waiting until four days before the
3  substantial completion deadline to announce its planned noncompliance and to disclose for the
4  first time that the scope of document review was larger than previously represented is bad
5  behavior.

6  And we have to worry about why this bad behavior happened.  Apple is one of the largest
7  companies in the world, with nearly infinite resources available to it.  If Apple really wanted to,
8  could it collect and review 1.3 million documents between August 8 (the date of the Court's order)
9  and September 30 (the deadline for substantial completion)?  Yes, of course it could.  If Apple
10  really wanted to, with all of the resources available to it, it could probably review that many
11  documents in a weekend.

12  As Epic constantly points out, this document production is all downside for Apple because
13  it relates to Apple's alleged lack of compliance with the Court's injunction.  It is not in Apple's
14  interest to do any of this quickly.  This is a classic moral hazard, and the way Apple announced
15  out of the blue four days before the substantial completion deadline that it would not make that
16  deadline because of a document count that it had surely been aware of for weeks hardly creates the
17  impression that Apple is behaving responsibly.

18  Apple's request for an extension of time is **DENIED**.  The deadline for the substantial
19  completion of document production is Monday, September 30.  It's up to Apple to figure out how
20  to meet that deadline, but Monday is indeed the deadline.

21  **IT IS SO ORDERED.**

23  Dated: September 27, 2024

THOMAS S. HIXSON
United States Magistrate Judge

2