UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>   *Plaintiff, Counter-defendant,*<br><br>  v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

 Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

CRAVATH, SWAINE
& MOORE LLP

 By: */s/ Yonatan Even*
  Yonatan Even
  *Counsel for Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP

 By: */s/ Mark A. Perry*
  Mark A. Perry
  *Counsel for Apple Inc.*

**Epic's Position:**  Apple was ordered to substantially complete document production by September 30, 2024.  On September 30th, Apple produced approximately 65,000 documents, bringing Apple's production of documents to date to approximately 89,000.  Apple informed Epic that it believes it has produced approximately 85%-95% of the documents it ultimately expects to produce and that it will produce any remaining documents by October 7, 2024.  Apple further stated that the agreed-to and Court-mandated search terms yielded a "very low responsiveness rate", a statement that appears to be directed at the fact that Apple intends to produce to Epic less than 7% of the documents it reviewed.  (If Apple's current production of approximately 89,000 documents represents 85% of its eventual total, it will end up producing approximately 104,000 documents out of 1.5 million documents Apple reported it reviewed).[1]

As a first step to better assess Apple's compliance ahead of this Joint Status Report, on October 1, 2024, Epic asked Apple to provide additional information about its production metrics, including the number of documents Apple identified as potentially responsive; the number of documents Apple reviewed; the number of documents Apple withheld as nonresponsive or privileged; and the number of documents Apple withheld for any other reason (if any).  On October 2, Apple responded that approximately 1.2 million custodial documents and approximately 300,000 documents from central repositories hit upon the agreed-to search terms.  Apple did not, however, provide any responsiveness or privilege counts, as requested.

Epic has serious concerns about the size of the production and the purported reasons therefor.  Apple has not previously claimed that the search terms (which Apple largely agreed to) resulted in a "very low responsiveness rate", and it is not immediately clear to Epic how search terms naming specific code names for the projects at issue (*e.g.*, "Wisconsin") or targeted search terms such as "Linkout" or "external NEAR/2 link*" might yield responsiveness rates in the single digits.[2]  Moreover, as discussed below, Apple appears to have over-withheld documents on privilege grounds in prior productions.  Epic, however, is only beginning its review of Apple's recent productions and will raise more specific concerns, if necessary, as that process unfolds.

On October 1, 2024, Epic sent Apple a letter concerning Apple's privilege log.  In the letter, Epic identified 994 entries (out of 1,122 entries overall) as insufficient to support Apple's claim of privilege or work product protection.  Epic invited Apple to meet and confer promptly so that the discussion between the parties might inform Apple's ongoing privilege review and forthcoming privilege logs.  Given the large quantity of withheld or redacted documents that appear over-designated in Apple's privilege log, Epic is concerned that the same may be true for Apple's recent and forthcoming productions.  That could be one explanation for Apple's relatively small production volume compared to the 1.5 million documents Apple reviewed as potentially

---

[1] Epic has repeatedly noted that Apple, despite its repeated commitments to produce documents on a rolling basis, intended to dump a large volume of documents at or just prior to the production deadline.  (*See, e.g.*, Joint Status Report at 2-3 (Sept. 26, 2024), Dkt. 1016 (detailing Apple's production delays throughout July through September).)  Apple now asserts that Epic's claims in this regard were "unfounded", that its production was in fact a reasonable rolling production, and that there is nothing "unusual" about how it supposedly rolled productions.  The data speaks for itself: of the approximately 89,000 documents produced to date, Apple produced roughly 82,500 (over 92.5%) in the last week of the four-month discovery period, and it now appears that Apple intends to produce thousands more documents *after* the production deadline.

[2] Other search terms are broader, but Apple did not claim during the review process that any particular search term was generating primarily non-responsive documents.

responsive; unfortunately, as noted above, despite Epic's request, Apple declined to date to quantify the documents it withheld as privileged, as distinct from documents it deemed non-responsive (Apple confirmed it did not withhold documents for any other reason).

**Apple's Position:** As of September 30, 2024, Apple reviewed over 1.5 million documents that either hit on the agreed-upon search terms, or were identified in a collaborative folder dedicated to injunction compliance. From that set of 1.5 million, Apple produced approximately 89,000 documents, including at least 75,000 documents from custodial files, and at least 12,000 documents from collaborative sources.[3] Apple continues to review the remaining documents in the database and expects to complete all review by this evening. Any remaining responsive documents will be produced no later than October 7, 2024. Apple expects only to produce a couple thousand more documents by this date. It therefore "substantially complete[d]" its production by the Court's September 30 deadline. Dkt. 1008 at 2.

Apple devoted significant resources to meet this deadline. Apple dedicated its own personnel, including eDiscovery specialists, IT specialists, and in-house counsel, and also deployed hundreds of contract reviewers who reviewed over a million and a half documents in less than two months. Apple further engaged over 50 outside counsel to provide guidance, support, and quality control checks to these reviewers and to also review thousands of documents for privilege. This review for privilege has been unique because Apple's compliance with the injunction, as well as its work to comply with the various foreign regulations captured by Epic's search terms, necessarily involved the work of its in-house and outside counsel.

In previous joint status reports, Epic has accused Apple of intentionally waiting until the very end of the substantial completion deadline to make any sizeable production. Epic's claims are unfounded. Before Apple can produce any documents, it must follow the sequential process of collecting, reviewing, and preparing them for production first. Earlier reviews were necessarily less efficient in terms of total documents reviewed per day, because Apple employed quality control measures to ensure that reviewers understood the issues and were in the best position to make informed decisions on responsiveness and privilege. These procedures included feedback on specific documents, as well as follow-on training sessions. It is not unusual for Apple's initial productions to be smaller than its last because Apple was still in the process of collecting and reviewing documents and its reviewers were still getting up to speed when earlier productions occurred.

Epic further complains that Apple's overall production is likely too small because it allegedly took an overly narrow view of responsiveness. This allegation is based on faulty logic, and is not correct. Epic claims that the parties' "targeted search terms" should have yielded a higher responsiveness rate, pointing to "Linkout" or "external NEAR/2 link*" as support for that statement. But the overall review population was determined not by a single search term; instead, it was determined by the collective set of search terms, including broad terms that Epic itself *insisted* upon—e.g., "DMA," "digital markets act," "Netherlands," and "Korea." *See* Dkt. 1003 at 1. These terms swept in broad swaths of non-responsive documents, including news stories reporting on the DMA's latest requirements, communications about aspects of the DMA

---

[3] An exact division between collaborative and custodial files is difficult to calculate because Apple's iCloud folders permit users to store custodial files and shared files in the same folder.

that had nothing to do with the issues here, a host of Apple's projects and operations in the Netherlands and Korea that also have nothing to do with the issues here, business travel, and the list goes on.  Epic's current argument is difficult to reconcile with its earlier statements: "[E]very search string is intended to capture some documents that are non-responsive; that is precisely the purpose of a *responsiveness review*.  The fact that a search string would capture some non-responsive documents is hardly remarkable."  *Id.* at 2.

*Privilege logs*.  Consistent with the Amended ESI Protocol (Dkt. 245), Apple will serve its privilege log in connection with its September 24, 2024 production on October 4, 2024.  Apple will serve its next privilege log corresponding to its September 30, 2024 production by no later than October 10, 2024.  If during its preparation of these privilege logs Apple identifies any documents that require production (e.g., because they only require redaction and need not be withheld), Apple will serve a follow-up log consistent with the ESI protocol and produce the documents in short order.

Although Epic has made reference to unspecified "issues" with Apple's privilege logs in various status reports, Epic did not raise any specific concerns with Apple between the service of the privilege log in question (June 14) and the substantial completion date (September 30).  On October 1, Epic sent a letter raising specific questions and concerns for the first time.  Apple is prepared to meet and confer with Epic regarding those issues.

Respectfully submitted,

DATED: October 3, 2024

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*