**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

EPIC GAMES, INC.,

*Plaintiff, Counter-defendant,*

v.

APPLE INC.,

*Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH

**JOINT STATUS REPORT**

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP

By: /s/ Yonatan Even
Yonatan Even
*Counsel for Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP

By: /s/ Mark A. Perry
Mark A. Perry
*Counsel for Apple Inc.*

**Epic's Position:**  Apple was ordered to substantially complete document production by September 30, 2024.  To date, Apple has produced approximately 99,000 documents in total, the vast majority of which were produced on or after September 30.  Further, Apple has logged over 54,000 documents on its privilege logs, including over 49,500 documents withheld in their entirety on claims of privilege.  Given the extensive privilege claims made by Apple, and the small number of documents Apple has produced as compared to the 1.5 million documents it identified as potentially responsive, Epic has serious concerns about the adequacy of Apple's production.  Epic asked Apple for additional information intended to shed light on Apple's responsiveness determinations; on the evening of October 16—the night before this status report was due—Apple provided production metrics, which Epic is currently reviewing to ensure the information provided addresses Epic's questions.  Epic will continue to meet and confer with Apple concerning Apple's responsiveness determinations.

Epic also provided Apple with a list of issues regarding Apple's initial privilege logs, but Apple declined to address these concerns or re-review any documents.  Instead, Apple asserted that Epic's effort to organize its objections into categories was improper and that any future objections to its privilege claims must be made on a document-by-document basis—a process that would be completely untenable to address fundamental concerns with privilege logs that list tens of thousands of documents.  Epic and Apple appear to be at an impasse regarding Apple's approach to privilege, and Epic expects to file a joint dispute discovery letter covering that topic in the coming week.

*Privilege*

Epic believes Apple is over-withholding documents on the basis of privilege.  In total across the entirety of Apple's productions, Apple has withheld over 49,500 documents in full, while producing approximately 99,000 documents (of which approximately 4,500 are redacted).  Apple's most substantial privilege logs were provided to Epic only in the past week, on October 11, 2024, and reflect the vast majority of Apple's privilege claims, with over 49,000 entries.  Epic's review is therefore ongoing, but it is evident on their face that Apple has withheld or redacted a strikingly high percentage of the total volume of responsive documents.

To be clear, contrary to Apple's assertion below, these numbers are not the only—or even the principal—basis for Epic's concerns.  Epic's assessment of Apple's misuse of privilege is also grounded in the assertions Apple has made about its approach to privilege to date.  Based on Epic's review of Apple's early productions and their attendant privilege logs, Epic challenged 944 of 1,222 entries in Apple's privilege logs dated June 19, 2024 and August 23, 2024.  (Oct. 1, 2024 letter from Y. Even to M. Perry.)  Specifically, Epic raised concerns that Apple withheld or redacted documents that reflected business decisions, not legal advice, such as, *inter alia*, nearly all drafts of Apple's link-out scare screens (termed "system disclosure sheets" by Apple), Price Committee decks, Analysis Group decks, and the anticipated launch date of Apple's injunction compliance plan.  Epic also noted that Apple provided boilerplate and conclusory assertions of privilege throughout its logs.  On October 14, 2024, Apple rejected Epic's objections wholesale, claiming that "Apple's in-house and outside legal counsel were involved at all stages of the injunction compliance process"; that "disclosing to Epic previous iterations of the system disclosure sheet and allowing Epic to compare those to the final version would reveal the substance of counsel's advice to Apple"; and declining to further engage with Epic except on a

*per-document* basis—a process that would be both inappropriate and entirely untenable given the sheer volume of documents Apple withheld or redacted on the basis of its purported privilege claims.

Indeed, Apple's insistence on this document-by-document approach is yet another example of its attempts to delay a return to the contempt hearings that began in May 2024. (*See, e.g.*, Dkt. 1017 ("[T]his document production is all downside for Apple because it relates to Apple's alleged lack of compliance with the Court's injunction. It is not in Apple's interest to do any of this quickly. This is a classic moral hazard . . . .").) While Apple now claims that "it is Epic's decision whether to litigate privilege issues that will contribute to any delay", this position ignores the reality that Apple produced the majority of its documents on or after the deadline ordered by this court. And, it only completed providing its privilege logs yesterday, precluding Epic from meaningfully reviewing Apple's privilege claims until now. Ultimately, Apple's purported privilege claims and its decision to withhold tens of thousands of documents are the cause of the delay.

Epic believes the Parties are close to or are at an impasse on this issue and anticipates briefing the dispute in a joint discovery dispute letter in the coming week. Apple's suggestion that *all* privilege issues should be reserved for a single omnibus briefing is yet another delay tactic and is intended to make the process inefficient. This Court has repeatedly expressed its willingness to address the parties' disputes, and Epic believes the parties would benefit from the Court's feedback on the issues that are nearly crystallized, in order to inform the resolution of the issues raised by Apple's much larger privilege logs served just this week.

*Responsiveness*

Epic is also concerned that Apple has taken an overly narrow approach to responsiveness in its review of the potentially relevant documents, resulting in what Apple claims to be "a very low responsiveness rate". (September 30, 2024 letter from J. Lo to G. Bornstein.) Apple produced only 99,000 documents, despite its earlier claim that it reviewed over a million documents. Epic's concerns are exacerbated by the fact that the total number of documents produced by Apple is misleading in that the 99,000 number contains thousands of "documents" that are no-reply emails, .png files containing nothing more than irrelevant logos or screenshots, and other documents that are wholly unrelated to Apple's decision-making on injunction compliance. While Apple posits a "simple explanation" that these non-responsive documents are part of families containing responsive documents, Epic's review does not find this to be the case, particularly with respect to the thousands of no-reply emails. Nonetheless, whatever the *reason* for the large volume of non-responsive documents in Apple's production, Apple does not contest the *fact* that these documents have been produced—and thereby inflate Apple's production numbers.

As noted in the Parties' prior Joint Status Report and at the recent status conference, Epic asked Apple to provide additional information about its production metrics, including hit counts for custodial documents and responsiveness rates for documents in custodians' collaborative workspaces, so that Epic can better assess how Apple determined that over 90% of the documents identified as potentially responsive under the search protocol were ultimately deemed by Apple to be nonresponsive. Epic reiterated that request during a meet and confer with Apple

on October 9, 2024. Apple just provided certain of the requested information on the evening of October 16, and Epic is assessing that information. Epic will continue to meet and confer with Apple on this issue and will advise the Court promptly should the Parties reach an impasse.

* * *

Epic's review of Apple's document production is well underway. However, because the majority of Apple's document production occurred on September 30 and because the deficiencies in Apple's privilege logs will require this Court's intervention, Epic believes the parties are not yet ready to resume the contempt proceedings to address the information that Judge Gonzalez Rogers ordered to be produced. While Apple states in the first paragraph of its submission that "upon its final production of documents . . . the matter may be returned to Judge Gonzalez Rogers", it later completely contradicts that statement, contending that any further scrutiny of its contempt should await rulings on two pending motions Apple has made, plus another 30 days after those rulings.

Epic's position is that the contempt proceeding should resume as soon as practicable after any remaining discovery disputes are resolved, and that such proceeding should recommence promptly irrespective of the timing of the Court's ruling on Apple's pending motions. Epic believes that Apple's requested 30-day period after a ruling on those motions is not necessary. As reflected in Epic's opposition (Dkt. 1034) to Apple's administrative motion, further preparation of Apple witnesses contravenes the Court's order (Dkt. 974). Apple's pending Rule 60(b) motion is also without merit and is merely a continuation of Apple's longstanding pattern of attempts to frustrate and delay adjudication of Apple's noncompliance with the injunction.

**Apple's Position:** Apple has produced all responsive documents to Epic, except for a relatively small number that Apple has removed from its privilege logs over the past few days. It has provided to Epic complete privilege logs for all of its productions. Apple believes that upon its final production of documents removed from the privilege logs, discovery should be complete and the matter may be returned to Judge Gonzalez Rogers. Epic's objections to the sufficiency of Apple's production or the legitimacy of its privilege determinations are not based on any facts, and instead rest on supposition. But Apple remains ready to meet and confer with Epic as necessary, if Epic elects to keep this matter in discovery.

Apple produced approximately 89,000 documents by the Court's substantial completion deadline of September 30, 2024. Since then, it produced approximately 5,900 new documents in continued rolling productions and reached full completion with its final production on October 7, 2024. Any productions made after October 7 consist of documents removed from Apple's privilege logs as it finalizes those logs. Apple expects to complete any such productions by next week, if not before.

Epic renews its complaints from the last Joint Status Report that Apple has taken an "overly narrow approach to responsiveness." But as Apple has explained before, the broad search terms that Epic insisted upon swept in thousands of documents that had nothing to do with Apple's compliance with the Court's injunction. Epic further complains that Apple's production numbers are "misleading" because it allegedly produced thousands of documents that are "unrelated" to the issues here. There is likely a simple explanation for this: setting aside privilege, when a family

of documents contains both responsive and non-responsive members, the entire family, including its non-responsive members, will be produced. This allows the reviewing party to have the full context of the family of documents, even if they contain non-responsive members. This is standard practice in litigation, and Epic should know that.

Indeed, Apple has been transparent with Epic about its production metrics. Epic sent Apple a letter on October 1 requesting such metrics, and Apple responded promptly with the information it had at the time on October 2. Epic then requested renewed metrics on October 9 during a meet and confer. Apple responded to that request with comprehensive data, including, but not limited to, the total number of custodian documents hitting on the terms, the number of documents that fell within the parties' agreement to not run search terms because they were found in collaborative data sources dedicated to Injunction Compliance work, the total number of documents produced/reviewed/withheld in each requested category, and even a hit count by search term to aid in Epic's review of the responsiveness rate. Apple is not required to provide any of this information but went above and beyond to do so anyway because it is not hiding the ball. Apple stands ready to further meet and confer on the responsiveness rate, should that be necessary.

Epic reported two weeks ago that its review of Apple's recent productions was "only beginning." Dkt. 1024 at 2. It now reports that its review is "well underway." Epic should reserve judgment on the quality of Apple's productions until its review is complete.

*Privilege logs*. Apple has delivered all privilege logs to Epic for all productions. Those logs were provided on June 14 (amended June 18), August 23, September 20, October 4, October 10, and October 16. The October 10 privilege log accounted for the great majority of all privileged documents.[1] Apple provided an amended privilege log on October 11 that removed some entries, but did not add any new entries to the privilege log.

Epic asserts, without evidence, that Apple is "over-withholding documents on the basis of privilege," relying principally on the sheer ratio of privileged documents to produced documents. As Apple has explained to Epic, it is no surprise this production involved a substantial number of privileged documents, as the target of discovery was Apple's compliance *with a Court-ordered injunction*. It is therefore unremarkable that legal counsel was involved at every step or that the review generated a significant number of privileged documents.

On October 1, Epic sent Apple a letter regarding two privilege logs Apple served on June 14 (amended June 18) and August 23. In that letter, Epic objected to 994 out of the 1,122 total privilege log entries. Apple responded to that letter on October 14.

Epic claims that Apple's letter "rejected Epic's objections wholesale" and "declin[ed] to engage further with Epic except on a *per-document* basis." That is not accurate. Across 7 pages, Apple responded to each of Epic's categorical objections in detail. By way of summary only, for the system disclosure sheet redactions, Apple explained that "counsel was intricately and inextricably involved in developing and revising this aspect of the Entitlement." For the Entitlement launch date, Apple advised that the launch date "was determined based on counsel's estimate regarding the likely timeline and outcomes" for appellate proceedings. With respect to work done by

[1] Because of a file transfer issue, the privilege log was delivered to Epic shortly after midnight.

Analysis Group or in connection with various slide decks related to the Entitlement, Apple pointed out the flaws in Epic's categorical arguments, providing specific examples from the privilege log of clearly privileged communications and citing relevant authority. As for Epic's argument that Apple's privilege log contained insufficient detail, Apple again cited relevant authority, noted that its privilege log comported with the parties' ESI protocol, and identified scores of entries in Epic's own privilege logs that contained similar (or sometimes *less*) detail as Apple's (with no suggestion by either side during the litigation that such logs were insufficient). Apple offered that "[i]f there are specific entries Epic would like to discuss, we are prepared to review and discuss those entries—however many—and consider compromises that would avoid the need for judicial intervention."

Apple is therefore surprised to hear Epic claim that the parties are at an "impasse." There has been a single exchange of letters on two privilege logs delivered to Epic months ago; Apple has offered to further meet and confer; Epic has not completed its review of the majority of the privilege log entries; and the last privilege log was delivered on October 16. There is no dispute ripe for resolution. Apple is not seeking to delay the contempt proceedings—it is Epic's decision whether to litigate privilege issues that will contribute to any delay in this respect, and Apple does not believe there is any reason discovery should not be considered closed. At the very least, Apple submits that any privilege disputes should be raised before Your Honor in *one* application, rather than piecemeal. Any effort at a categorical ruling would not be helpful given the examples Apple has already examined and provided to Epic.

*Resuming Proceedings*. At the discovery hearing on October 4, Your Honor asked the parties to include in this report their positions on "whether [they] are ready to resume proceedings before Judge Gonzalez Rogers." Oct. 4 Tr. at 6:11–19.

Apple has filed two motions before Judge Gonzalez Rogers that could affect the evidentiary hearing. First, Apple has filed a motion to vacate the judgment or, in the alternative, modify the injunction pursuant to Fed. R. Civ. P. 60(b). The basis for this motion is two intervening developments—the California Court of Appeal's decision in *Beverage v. Apple Inc.*, 101 Cal. App. 5th 736 (2024), and the U.S. Supreme Court's decision in *Murthy v. Missouri*, 144 S. Ct. 1972 (2024)—that make prospective application of the injunction inequitable. That motion will be fully briefed as of November 21. Second, Apple has filed a motion to modify the Court's witness admonitions so that witnesses required to testify at any further evidentiary hearing may be given the opportunity to review with counsel documents produced during discovery. Epic opposed that motion on October 15 and the motion is ripe for decision.

With respect to discovery, Apple believes that upon service of its privilege log on October 16 and its forthcoming production of documents de-designated through the privilege log quality control process (~3,900 documents), discovery will be complete.

Apple's position is that to the extent a further evidentiary hearing is necessary, it should begin on the first date that Judge Gonzalez Rogers is available that is 30 days after the later of (1) the Court's resolution of Apple's two pending motions or (2) the conclusion of the discovery phase of this proceeding. Apple believes that it would be most efficient for the parties and the Court to have clarity regarding whether and to what extent the injunction will have continuing prospective effect before devoting further resources into an evidentiary proceeding.

To be clear, Apple does not seek to delay resumption of the evidentiary hearing. Apple proposed a schedule for the Rule 60(b) motion that would have allowed the motion to be fully briefed earlier, but Epic would not agree to that schedule. And Apple will make itself available for a hearing on the motion on any day after November 21 that is convenient to the Court. The 30-day period is necessary in order for the parties to prepare for the hearing, including by ensuring the availability of witnesses.

Respectfully submitted,

DATED: October 17, 2024

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*