UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                Plaintiff, Counter-defendant<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**[PROPOSED] ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, Dkt. 1035** |

Pursuant to Civil Local Rule 79-5, Defendant Apple Inc. has filed a declaration in support of Epic Games, Inc.'s (Epic's) motion to seal its Opposition to Apple Inc.'s Motion to Modify Order Regarding Witness Communications and Exhibit A.  Dkt. 1035.

Having considered the administrative motion to seal, all related filings, Apple's declaration, and any argument of counsel, and for good cause appearing:

**IT IS HEREBY ORDERED** that Defendant's Administrative Motion is **GRANTED.** Accordingly,

(1)  Epic's Opposition to Apple Inc.'s Motion to Modify Order Regarding Witness Communications shall be unsealed.

(2)  The public shall not have access to the version of Exhibit A, Dkt. 1035-1, sought to be sealed by Apple.  The following portions of the following pages shall be redacted:

| Ex. A Page | Basis for Redaction | Granted or Denied |
|---|---|---|
| '280 | ***Personally identifiable information (phone numbers)***:  This page contains the names and phone numbers of Apple employees.  Exposing their contact information to the public adds no probative value to the resolution of Apple's motion, would not assist the public in understanding the dispute relating to the motion, and would only serve to expose the employees to unwanted contact and harassment. | |
| '280-85, '290, '305-09, '314-17, '321 | ***Hiring and headcount needs discussions***:  Texts on these pages reflect the PR team members' crafting of a request to managers for additional headcount and anticipated workload.  Public disclosure of the discussion would expose how Apple employees think about hiring or recruitment needs based on specific developments identified in the text messages.  The information could be exploited by rivals, weakening Apple's competitive position or unfairly used by certain job candidates to gain an unfair advantage in the hiring process.  On balance, disclosure would be irrelevant to the Court's resolution of Apple's motion and will not assist the public in understanding the dispute relating to the motion. | |

[PROPOSED] ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 1035

1

| Ex. A Page | Basis for Redaction | Granted or Denied |
|---|---|---|
| '287-88, '293-96, '296, '324-27, '369-72 | ***Discussions of PR work***: Texts on these pages reflect day-to-day public relations work by the two employees. Revealing this information to the public will expose how Apple's employees handle their work and identify its outside vendors and their responsibilities. Making this information public will provide competitors with an unfair advantage by providing insight into how Apple's PR employees handle their responsibilities, interact with reporters, and rely on vendors for certain tasks. On balance, disclosure would be irrelevant to the Court's resolution of Apple's motion and will not assist the public in understanding the dispute relating to the motion. | |
| '288-90, '318, '335-67 | ***Online shopping and travel discussions***: Texts on these pages reflect friendly and frivolous conversations. Exposing these conversations to the public adds no probative value to the resolution of Apple's motion and would only serve to embarrass the Apple employees and expose personal views and preferences elicited in a private conversation. On balance, disclosure would be irrelevant to the Court's resolution of Apple's motion and will not assist the public in understanding the dispute relating to the motion. | |
| '286-87, '291-93, '297-05, '310-14, '317-23, '328-35, '367-69 | ***Hearing commentary***: Texts on these pages reflect the PR employees' off-the-cuff reactions to testimony and questions at the hearing. Epic has already selected portions thereof to support its opposition, which Apple is not seeking to seal. Further disclosure of these discussions adds no probative value to the resolution of Apple's motion and would only serve to embarrass the Apple employees and potentially undermine their professional relationships with colleagues and the press. Given that the PR professionals were not involved in making the business decisions challenged in Epic's motion to enforce the Injunction, their assessment of the proceedings is of little relevance to the issues before the Court. | |

**IT IS SO ORDERED.**

DATED: _____, 2024

_____
The Honorable Yvonne Gonzalez Rogers
United States District Judge

[PROPOSED] ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 1035

2