RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JASON C. LO, SBN 219030
  jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN, D.C. Bar No. 492089; *pro hac vice*
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI, D.C. Bar No. 1500231; *pro hac vice*
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

**Attorneys for Defendant APPLE INC.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") respectfully moves the Court to seal certain documents produced in discovery and parts of Apple's privilege log entries that the Court ordered Apple to file. *See* Dkts. 1039, 1041. The documents should be sealed in full because they reflect non-public, confidential, and sensitive Apple business information, and narrow portions of the privilege log entries should be sealed because they reveal Apple's business codenames regarding ongoing confidential projects and employees' personal identifying information.

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); Fed. R. Civ. P. 26(c)(1)(G). To seal information related to non-dispositive discovery motions, the movant must establish "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

## DISCUSSION

Apple seeks to seal competitively sensitive business information regarding its internal analysis, research, pricing, design, and communications decisions related to the launch of the External Purchase Link Entitlement (the "linkout entitlement"). The documents ordered to be filed with this court contain information about the analysis undertaken in developing the commission and pricing structure for the linkout entitlement, the design for the linkout entitlement, and the communications strategy for the launch of the linkout entitlement. Perry Decl. ¶ 5. These documents reveal Apple's sensitive pricing and financial information,reflect details of Apple's decision-making process for pricing, design, and communications strategy, and the privilege log entries reveal Apple's business codenames regarding ongoing confidential projects and employees' personal identifying information. *Id.*

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns a non-dispositive discovery dispute over privilege, and "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to

it." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  Here, the good cause test applies because the privilege dispute is "no more than tangentially related to the merits of" Epic's motion to enforce the injunction.  *E.g.*, *Wills v. City of Monterey*, 2024 WL 1008596, at *4 (N.D. Cal. Mar. 8, 2024); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 13268668, at *3 (N.D. Cal. Sept. 13, 2019) (applying the good cause test to a motion to seal materials in connection with a 30(b)(6) dispute); *Grace v. Apple, Inc.*, 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery letter brief).  Indeed, where documents are "reviewed in camera" to evaluate privilege claims, courts apply the "good cause" standard for sealing.  *Glass v. DocuSign, Inc.*, 2023 WL 5180361, at *5 (N.D. Cal. Aug. 11, 2023).

Sealing is warranted here because the documents cited in the Parties' joint discovery brief contain proprietary, commercially sensitive, and confidential information about Apple's decision-making process for pricing, design, and communications strategy, and the privilege log entries reveal Apple's business codenames regarding ongoing confidential projects and employees' personal identifying information.  Perry Decl. ¶ 5.  Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information.  *See Id.* ¶ 3.  Public access to this information would cause Apple economic harm and put it at a disadvantage with competitors by disclosing Apple's business strategy and the manner in which it analyzes prices and makes design and communications decisions.  *Id.* ¶¶ 4, 6.  Courts routinely hold that such material is sealable because its disclosure can be competitively harmful.  *See, e.g.*, *Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "confidential information regarding formulas, costs of production, pricing strategy and analysis of pricing").[1]  All of

---

[1] *See also Virun, Inc. v. Cymbiotika*, LLC, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022) ("Courts in this Circuit have found potential harms arising from public disclosure of trade secrets or a business' confidential financial and pricing information to be sufficient reason to seal"); *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("The Court agrees that compelling reasons exist to seal information that may cause Kellogg competitive harm if disclosed, such as information about Kellogg's business strategies and internal decisionmaking, product formulations, and confidential finances"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (finding compelling
*(Cont'd on next page)*

the documents should be sealed because they reflect confidential Apple business material, that, if made public, could harm Apple's competitive standing.

Moreover, Apple has narrowly tailored its sealing request to include only the information necessary to protect Apple's confidential business information and data. Perry Decl. ¶ 7; *see* Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information, the disclosure of which would result in competitive harm to Apple"). Apple has only partially redacted a handful of lines of text in the privilege log entries, and the majority of Exhibit A remains unredacted. The documents subject to the privilege dispute, however, could not be redacted in part, as they are entirely composed of sensitive and confidential information, disclosure of which would result in competitive harm to Apple.

Exhibit A should be sealed in part and Exhibits B–H should be sealed in full for the reasons outlined below and in the accompanying declaration of Mark Perry.

| Document | Justification for Sealing |
|---|---|
| Exhibit A (Privilege Log Excerpts) | Highlighted portions of this document should be sealed in full because they reflect non-public Apple project codenames. Disclosure would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair advantage over Apple.<br><br>Additional highlighted portions of this document should be sealed because they reflect employees' personal identifying information, and individual privacy rights in personal identifying information outweigh the presumption in favor of public access to court records. |
| Exhibit B (APL-EG_10680322) | This document should be sealed in full because it reflects sensitive information regarding Apple's design process and |

---

reasons to seal where competitors could use court records "as sources of business information that might harm a litigant's competitive standing"); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing "confidential business material" where "improper use by business competitors seeking to replicate L'Oréal's business practices" may "circumvent the time and resources necessary in developing their own practices and strategies"); *Baker v. SeaWorld Ent'mt, Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (granting motion to seal under the compelling reasons standard for "communications regarding SeaWorld's public relations strategy" because "disclosure of the relevant documents could lead to an improper use by competitors.") (citations omitted); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted); *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *5 (N.D. Cal. July 21, 2023) (collecting cases finding good cause to seal records containing personal identifying information).

| | | |
|---|---|---|
| | | communications strategy.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| | Exhibit C (APL-EG_10681518) | This document should be sealed in full because it reflects sensitive information regarding Apple's communications strategy.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| | Exhibit D (APL-EG_10682416) | This document should be sealed in full because it reflects sensitive information regarding Apple's design process and business decision-making strategy.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| | Exhibit E (APL-EG_10682431) | This document should be sealed in full because it reflects sensitive information about Apple's financials and about Apple's decision-making in setting prices.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own pricing practices and strategies. |
| | Exhibit F (APL-EG_10699646) | This document should be sealed in full because it reflects sensitive information regarding Apple's communications strategy.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| | Exhibit G (APL-EG_10720488) | This document should be sealed in full because it reflects sensitive information regarding Apple's design process and communications strategy.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| | Exhibit H (APL-EG_10737782) | This document should be sealed in full because it reflects sensitive information regarding Apple's business decision-making strategy.  If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |

For the foregoing reasons, there is good cause that warrants sealing Exhibit A in part and Exhibits B–H in full.

## CONCLUSION

Apple respectfully requests that the Court seal the identified documents.

Dated:  November 1, 2024   			Respectfully submitted,

											WEIL, GOTSHAL & MANGES LLP


								By:	*/s/ Mark A. Perry*
									Mark A. Perry


										Attorney for Apple Inc.