| | |
|---|---|
| RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JASON C. LO, SBN 219030<br>  jlo@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN, D.C. Bar No. 492089; *pro hac vice*<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>  jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>  mark.perry@weil.com<br>JOSHUA M. WESNESKI, D.C. Bar No. 1500231; *pro hac vice*<br>  joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>**Attorneys for Defendant APPLE INC.** |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>      Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>      Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Courtroom 1, 4th Floor |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto.[1] Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple submits this declaration in support of its administrative motion ("motion") to seal the documents and portions of the privilege log entries referenced in the parties' joint letter brief regarding privilege issues. *See* Dkts. 1039, 1041.

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, financial information, internal codenames, confidential research and development, other commercially sensitive information, and personal identifying information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed the documents and privilege log excerpts referenced in the Parties' joint letter brief regarding privilege issues that the Court ordered to be filed, and now proposes to seal the documents and information therein that, if disclosed, could harm Apple's competitive business interests and disclose personal identifying information.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel. *See, e.g., In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

5.  Apple seeks to seal this information because disclosure of this competitively-sensitive information regarding its internal analysis, research, pricing, design, and communications decisions related to the launch of the External Purchase Link Entitlement and its business codenames regarding ongoing confidential projects, which Apple intended to keep confidential, could put Apple at a competitive disadvantage and thus cause it economic harm. Apple also seeks to seal information to the extent it reveals personal identifying information that could lead to harassment and invasions of privacy if made public.

6.  Public disclosure of these documents would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple.

7.  Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests.

8.  Below is a chart detailing why the documents are sealable for the reasons explained herein, as well as in Apple's Motion.

| Document | Justification for Sealing |
|---|---|
| Exhibit A (Privilege Log Excerpts) | Highlighted portions of this document should be sealed in full because they reflect non-public Apple project codenames. Disclosure would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair advantage over Apple.<br><br>Additional highlighted portions of this document should be sealed because they reflect employees' personal identifying information, and individual privacy rights in personal identifying information outweigh the presumption in favor of public access to court records. |
| Exhibit B (APL-EG_10680322) | This document should be sealed in full because it reflects sensitive information regarding Apple's design process and communications strategy. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| Exhibit C (APL-EG_10681518) | This document should be sealed in full because it reflects sensitive information regarding Apple's communications strategy. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and |

| | |
|---|---|
| | strategies. |
| Exhibit D (APL-EG_10682416) | This document should be sealed in full because it reflects sensitive information regarding Apple's design process and business decision-making strategy. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| Exhibit E (APL-EG_10682431) | This document should be sealed in full because it reflects sensitive information about Apple's financials and about Apple's decision-making in setting prices. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own pricing practices and strategies. |
| Exhibit F (APL-EG_10699646) | This document should be sealed in full because it reflects sensitive information regarding Apple's communications strategy. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| Exhibit G (APL-EG_10720488) | This document should be sealed in full because it reflects sensitive information regarding Apple's design process and communications strategy. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |
| Exhibit H (APL-EG_10737782) | This document should be sealed in full because it reflects sensitive information regarding Apple's business decision-making strategy. If disclosed, this information would cause Apple competitive harm because competitors could circumvent the time and resources necessary in developing their own practices and strategies. |

9. Attached hereto as **Exhibit A** is a true and correct copy of the privilege log entries requested by the Court. *See* Dkt. 1041, with yellow highlighting reflecting the portions of the document that Apple requests be kept under seal.

10. Attached hereto as **Exhibit B** is a true and correct copy of the document bearing the bates number APL-EG_10680322.

11.     Attached hereto as **Exhibit C** is a true and correct copy of the document bearing the bates number APL-EG_10681518.

12.     Attached hereto as **Exhibit D** is a true and correct copy of the document bearing the bates number APL-EG_10682416.

13.     Attached hereto as **Exhibit E** is a true and correct copy of the document bearing the bates number APL-EG_10682431.

14.     Attached hereto as **Exhibit F** is a true and correct copy of the document bearing the bates number APL-EG_10699646.

15.     Attached hereto as **Exhibit G** is a true and correct copy of the document bearing the bates number APL-EG_10720488.

16.     Attached hereto as **Exhibit H** is a true and correct copy of the document bearing the bates number APL-EG_10737782.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on November 1, 2024 in Washington, D.C.

/s/ Mark A. Perry
Mark A. Perry