# Exhibit A

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically RECEIVED on 6/18/2024 2:20:03 PM

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically FILED on 6/18/2024 by Dianna Urzua, Deputy Clerk

# S285154

# IN THE
# SUPREME COURT OF CALIFORNIA

**MICHELLE BEVERAGE, ET AL.,**
*Plaintiffs and Appellants,*

*v.*

**APPLE INC.,**
*Defendant and Respondent.*

AFTER A DECISION BY THE COURT OF APPEAL
SIXTH APPELLATE DISTRICT
CASE NO. H050526

APPEAL FROM THE SUPERIOR COURT FOR SANTA CLARA COUNTY
HON. SUNIL KULKARNI, JUDGE
CASE NO. 20CV370535

## ANSWER TO PETITION FOR REVIEW

**COMPLEX APPELLATE LITIGATION GROUP LLP**
*****Anna-Rose Mathieson** (No. 231770)
**Charles M. Kagay** (No. 73377)
**Melanie Gold** (No. 116613)
96 Jessie Street
San Francisco, CA 94105
(415) 649-6700 • Fax: (415) 726-2527
annarose.mathieson@calg.com
charles.kagay@calg.com
melanie.gold@calg.com

**GIBSON DUNN & CRUTCHER LLP**
*****Julian W. Kleinbrodt** (No. 302085)
**Viola Li** (No. 327783)
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393-8200 • Fax: (415) 393-8306
jkleinbrodt@gibsondunn.com
vhli@gibsondunn.com

ATTORNEYS FOR DEFENDANT AND RESPONDENT
**APPLE INC.**

## Table of Contents

Table of Authorities ........................................................................3

Introduction....................................................................................5

Background ...................................................................................8

Argument........................................................................................8

    I.    The petition misreads the Court of Appeal decision ...................................................................................8

    II.    The petition concedes that California decisions are already uniform on the issue actually decided below ....................................................................................... 10

    III.    The petition does not establish any need to settle an important question of law .................................... 13

Conclusion ................................................................................ 16

Certificate of Word Count............................................................. 18

## Table of Authorities

### *Cases*

*Adolph v. Uber Technologies, Inc.*
    (2023) 14 Cal.5th 1104 ...................................................... 12

*Belton v. Comcast Cable Holdings, LLC*
    (2007) 151 Cal.App.4th 1224 .............................................. 10

*Campbell v. Superior Court*
    (1996) 44 Cal.App.4th 1308 ............................................... 12

*Cel-Tech Communications, Inc. v. Los Angeles*
    *Cellular Telephone Company*
    (1999) 20 Cal.4th 163 .................................................*passim*

*Chavez v. Whirlpool Corp.*
    (2001) 93 Cal.App.4th 363 ..........................................*passim*

*Davis v. HSBC Bank Nevada, N.A.*
    (9th Cir. 2012) 691 F.3d 1152 ............................................ 12

*De La Torre v. CashCall, Inc.*
    (2018) 5 Cal.5th 966 ........................................................... 15

*Drum v. San Fernando Valley Bar Assn.*
    (2010) 182 Cal.App.4th 247 ............................................... 10

*Epic Games, Inc. v. Apple Inc.*
    (9th Cir. 2023) 67 F.4th 946 ............................................... 12

*Epic Games, Inc. v. Apple Inc.*
    (N.D.Cal. 2021) 559 F.Supp.3d 898 ............................. 11, 12

*Kolling v. Dow Jones & Co.*
    (1982) 137 Cal.App.3d 709 .................................................. 6

*Leegin Creative Leather Products, Inc. v. PSKS,*
    *Inc.*
    (2007) 551 U.S. 877 ............................................................ 10

*Loeffler v. Target Corp.*
    (2014) 58 Cal.4th 1081 ....................................................... 15

*Novell, Inc. v. Microsoft Corp.*
    (10th Cir. 2013) 731 F.3d 1064 .......................................... 11

*Olszewski v. Scripps Health*
    (2003) 30 Cal.4th 798 ......................................................... 15

*People's Choice Wireless, Inc. v. Verizon Wireless*
(2005) 131 Cal.App.4th 656 .................................................................. 10

*SC Manufactured Homes, Inc. v. Liebert*
(2008) 162 Cal.App.4th 68 .................................................................... 10

*Schnall v. Hertz Corp.*
(2000) 78 Cal.App.4th 1144 .................................................................. 15

*Shvarts v. Budget Group, Inc.*
(2000) 81 Cal.App.4th 1153 .................................................................. 15

*State of California ex rel. Van de Kamp v. Texaco, Inc.*
(1988) 46 Cal.3d 1147 ........................................................................... 14

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*
(1998) 17 Cal.4th 553 ............................................................................ 14

*The Jeanery, Inc. v. James Jeans, Inc.*
(9th Cir. 1988) 849 F.2d 1148 ............................................................... 10

*United States v. Colgate Co.*
(1919) 250 U.S. 300 ........................................................................*passim*

*Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP*
(2004) 540 U.S. 398 ......................................................................... 6, 11

*Zhang v. Superior Court*
(2013) 57 Cal.4th 364 ..................................................................... 15, 16

### *Statutes*
Bus. & Prof. Code, § 16700 et seq. .................................................................. 8

Bus. & Prof. Code, § 17200 ............................................................................. 5

Bus. & Prof. Code, § 17200 et seq. .................................................................. 8

### *Rules*
Cal. Rules of Court, rule 8.500 ....................................................................... 7

4

# S285154

## IN THE
## SUPREME COURT OF CALIFORNIA

**MICHELLE BEVERAGE, ET AL.,**
*Plaintiffs and Appellants,*

*v.*

**APPLE INC.,**
*Defendant and Respondent.*

## ANSWER TO PETITION FOR REVIEW

### Introduction

Plaintiffs ask this court to decide whether, under *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company* (1999) 20 Cal.4th 163, if conduct "is not 'unlawful' under California's Unfair Competition Law ["UCL"] because it is not barred by a prohibitory statute, is it also automatically not 'unfair' under that Law"? (Petn. 5.) But this case does not present that issue.

The Court of Appeal did not hold that conduct must be "unlawful" to be considered "unfair" under the UCL. To the contrary, the Court of Appeal recognized that the " 'UCL operates as a three-pronged statute' " that separately prohibits " 'any unlawful, unfair or fraudulent business act.' " (Opn. 7; Bus. & Prof. Code, § 17200.) The court repeatedly made clear that

5

conduct is *not* automatically shielded from the "unfair" prong of the UCL simply because it does not violate other laws.  (Opn. 7 [" 'a practice may be deemed unfair even if not specifically proscribed by some other law' "], 17-18.)

Instead, the Court of Appeal affirmed because plaintiffs did not dispute that the conduct they challenged as "unfair" was protected by the *Colgate* doctrine.  (Opn. 17; see *United States v. Colgate Co.* (1919) 250 U.S. 300.)  That doctrine is a " 'firmly entrenched' " rule of both state and federal antitrust law (Opn. 11) that provides immunity for "the long recognized right of [a] trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal" – including the right to "announce in advance the circumstances under which he will refuse to sell." (*Colgate*, at p. 307; see also *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP* (2004) 540 U.S. 398, 408; *Kolling v. Dow Jones & Co.* (1982) 137 Cal.App.3d 709, 720.)

*Cel-Tech* instructs courts faced with a UCL "unfair" claim to determine whether a "safe harbor" protects the conduct.  (*Cel-Tech*, *supra*, 20 Cal.4th at pp. 187, 182-184.)  As *Cel-Tech* held, "[i]f the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." (*Id.* at p. 182.)  In applying that framework, the Court of Appeal explained that a UCL "unfair" claim falls within a safe harbor when the allegations sound in antitrust yet focus on solely unilateral conduct that has "been

6

historically accepted as procompetitive and categorically shielded from antitrust liability by the *Colgate* doctrine." (Opn. 18.)

Plaintiffs do not suggest that review is necessary to secure uniformity of California decisions or settle an important question of law. Nor could they. The decision below followed a decision of the Second Appellate District that reached the same result more than 20 years ago, *Chavez v. Whirlpool Corp.* (2001) 93 Cal.App.4th 363, 375. As *Chavez* concluded, unilateral "conduct that the courts have determined to be permissible under the *Colgate* doctrine cannot be deemed 'unfair' under the [UCL]." (*Ibid.*) California courts have followed *Chavez* for more than two decades, and no California appellate court has questioned or departed from its holding.

In the Court of Appeal, plaintiffs conceded that the *Chavez* decision would bar their "unfair" claim under the UCL. (Opn. 13-14.) But plaintiffs urged the Court of Appeal to disagree with *Chavez* and adopt a different rule. In declining to do so, the Court of Appeal relied on settled principles and emphasized the "narrow" nature of its holding, stressing that its "decision is limited to" situations "where the same conduct found immune from antitrust liability by the *Colgate* doctrine is also alleged to violate the 'unfair' prong of the UCL." (Opn. 17-18.)

Rather than focusing on the factors governing review in rule 8.500 of the California Rules of Court, the petition focuses on the merits, and argues the Court of Appeal misapplied *Cel-Tech*'s "unfair" prong standard. These assertions are not appropriate grounds for review, and they are also wrong. The decisions

7

holding that the *Colgate* doctrine provides a "safe harbor" to UCL liability are uniform and correct. There is no reason for this court's review.

## Background

The trial court in this case sustained a demurrer to plaintiffs' complaint alleging violations of the antitrust provisions of the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.) and unlawful and unfair conduct under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) At the Court of Appeal, plaintiffs abandoned any challenge to the trial court's dismissal of their antitrust and UCL "unlawful" claims, effectively conceding that the conduct they challenged was a lawful refusal to deal under federal and state antitrust law and was protected by the long-established *Colgate* doctrine. (Opn. 13). Plaintiffs instead challenged only the dismissal of their claims under the UCL's "unfair" prong.

In a careful decision, the Court of Appeal rejected plaintiffs' argument, following the decisions of other Courts of Appeal in finding a safe harbor for allegedly "unfair" conduct protected by the *Colgate* doctrine.

## Argument

**I.    The petition misreads the Court of Appeal decision**

The petition seeks review of a question not at issue in this case. Plaintiffs repeatedly assert that the Court of Appeal held that any activity that is not prohibited by the antitrust laws can never be deemed "unfair" under the UCL. (Petn. 7, 16, 24-25.)

8

Plaintiffs frame their entire petition around this contention, identifying the sole issue for review as: "where the defendant's conduct is not 'unlawful' under California's Unfair Competition Law because it is not barred by a prohibitory statute, is it also *automatically* not 'unfair' under that Law – even though no separate 'safe harbor' statute immunizes that conduct?" (Petn. 5, italics added.)

But the Court of Appeal did not issue the ruling that plaintiffs try to challenge. To the contrary, the Court of Appeal repeatedly stated that conduct is *not* automatically shielded from the "unfair" prong of the UCL simply because it does not violate antitrust law: "[A]n 'unfair' business act or practice need not violate an antitrust law to be actionable under the UCL." (Opn. 18; see also Opn. 7 [" 'a practice may be deemed unfair even if not specifically proscribed by some other law' "], quoting *Cel-Tech*, *supra*, 20 Cal.4th at p. 180.) And *Chavez* said the same. (*Chavez*, *supra*, 93 Cal.App.4th at p. 375.)

Rather than announcing a broad rule, the Court of Appeal made clear that its decision was "a narrow one" that turned on plaintiffs' failure to challenge the trial court's finding that Apple's conduct was protected by the *Colgate* doctrine. (Opn. 17, 13-14.) This court should not grant review to decide a question not presented by this case.

9

## II. The petition concedes that California decisions are already uniform on the issue actually decided below

Plaintiffs do not argue that review is needed to resolve conflicting California authority. Indeed, they concede the opposite. They complain that the Sixth Appellate District followed the Second Appellate District's earlier *Chavez* decision, and acknowledge that at least three other published Court of Appeal decisions have followed or cited *Chavez* with approval. (Petn. 25-26, citing *Drum v. San Fernando Valley Bar Assn.* (2010) 182 Cal.App.4th 247; *SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 93; and *Belton v. Comcast Cable Holdings, LLC* (2007) 151 Cal.App.4th 1224, 1240.) An entire subsection of the petition is captioned: "The Opinion Relies on Other Court of Appeal Decisions." (Petn. 25-26.)

Plaintiffs cite no California decision that has so much as questioned *Chavez* in the 20-plus years since it was issued. And for good reason. As California courts have long recognized, the *Colgate* doctrine's protection of unilateral conduct does not represent a mere failure to act by the Legislature, but rather recognizes a "right" that is "sacrosanct" because of its procompetitive effects. (*People's Choice Wireless, Inc. v. Verizon Wireless* (2005) 131 Cal.App.4th 656, 667; *Chavez*, *supra*, 93 Cal.App.4th at p. 370; see also *Leegin Creative Leather Products, Inc. v. PSKS, Inc.* (2007) 551 U.S. 877, 902; *The Jeanery, Inc. v. James Jeans, Inc.* (9th Cir. 1988) 849 F.2d 1148, 1154.) Plaintiffs should not be allowed to " 'plead around' " this safe harbor. (*Cel-Tech*, *supra*, 20 Cal.4th at p. 184.)

10

The conclusion that conduct protected by the *Colgate* doctrine cannot form the basis of a UCL action also accords with *Cel-Tech*'s requirement that, in applying the "unfair" prong, "[c]ourts must be careful not to make economic decisions or prevent rigorous, but fair, competitive strategies that all companies are free to meet or counter with their own strategies." (*Cel-Tech, supra*, 20 Cal.4th at p. 185.)  As *Chavez* recognized, allowing plaintiffs to plead around the *Colgate* doctrine in a UCL action "could lead to the enjoining of procompetitive conduct." (*Chavez, supra*, 93 Cal.App.4th at p. 375, citing *Cel-Tech*, at p. 185; see also, e.g., *Trinko, supra*, 540 U.S. at pp. 408, 414-415 [explaining how the *Colgate* doctrine is procompetitive and benefits consumers].) That is consistent with federal precedent recognizing that judicial intervention into conduct protected under *Colgate* not only raises "[a]dministrability concerns" as courts would have "to become 'central planners' " but also would "paradoxically risk encouraging collusion between rivals and dampen[ing] price competition – themselves paradigmatic antitrust wrongs, injuries to consumers and the competitive process alike." (*Novell, Inc. v. Microsoft Corp.* (10th Cir. 2013) 731 F.3d 1064, 1073.)

      The absence of any conflict among California appellate courts is alone reason for this court to deny the petition.  While conceding the lack of a conflict among California decisions, plaintiffs argue that *Chavez* and the decision below are inconsistent with decisions in a federal court lawsuit involving Epic Games, the developer of Fortnite.  (See *Epic Games, Inc. v.*

11

*Apple Inc.* (N.D.Cal. 2021) 559 F.Supp.3d 898, affd. in part and revd. in part (9th Cir. 2023) 67 F.4th 946.)[1]

But they are wrong. In *Epic Games*, the Ninth Circuit gave several examples of a "categorical" legal bar that would preclude a UCL claim, *including the Chavez decision*. (*Epic Games*, *supra*, 67 F.4th at p. 1001.) That is, the Ninth Circuit cited *Chavez* as holding "that the *Colgate* doctrine – that it is lawful for a company to unilaterally announce the terms on which it will deal – precluded a UCL action." (*Ibid.*) The Ninth Circuit did not disagree with *Chavez*, nor did it address the applicability of the *Colgate* doctrine to the conduct challenged in that case, and therefore did not resolve the issue presented in this case.

In any event, "federal opinions are not controlling authority in interpreting state law." (*Campbell v. Superior Court* (1996) 44 Cal.App.4th 1308, 1317; accord, *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1119.) Even if there were some inconsistency between the Court of Appeal's opinion and *Epic Games*, there would be no basis for this court to reconsider legal principles that California courts have interpreted uniformly for decades. That is particularly true here because, as the court below explained, neither of the federal *Epic Games* decisions "engaged [in] a rigorous analysis of the *Colgate* doctrine and its effect on UCL claims." (Opn. 18, fn. 6.)

---

[1] Plaintiffs also cite *Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2012) 691 F.3d 1152 (Petn. 29), but that court did not address the *Chavez/Colgate* unilateral conduct issue.

12

### III. The petition does not establish any need to settle an important question of law

Rather than addressing the factors that govern review, plaintiffs focus on the merits and argue that the court below (and the *Chavez* court, and the other courts that have reached the same result) misinterpreted *Cel-Tech*. Plaintiffs suggest that only express statutory language can create a "safe harbor," so the 100-year-old *Colgate* doctrine does not qualify.

But in addition to agreeing with the analysis set out in *Chavez*, the Court of Appeal went further by explaining how this result followed from *Cel-Tech*'s holding that a UCL safe harbor may arise when the Legislature " 'considered a situation and concluded no action should lie.' " (Opn. 14-17, italics omitted.) Viewing this language from *Cel-Tech*, together with the Cartwright Act's history of prohibiting only coordinated conduct, the *Colgate* doctrine's longstanding and prominent role in state and federal antitrust jurisprudence, and the Legislature's nonintervention against this background, the Court of Appeal found the *Colgate* doctrine provides a " 'safe harbor' against Plaintiffs' UCL claim under the 'unfair' prong." (Opn. 17.) As the Court of Appeal explained, "we find sufficient indication from the text and history of the Cartwright Act that the Legislature has determined that 'no action should lie' for unilateral refusals to deal that are permissible under the *Colgate* doctrine." (Opn. 15.)[2]

---

[2] The petition criticizes the decision below because "the Court of Appeal looked to the legislative history of the prohibitory statute – almost always an iffy project, where one can only rarely

*(footnote continues on following page)*

13

Plaintiffs do not even try to identify an unsettled question of law or any inconsistent authority pertaining to this careful analysis.

Instead, plaintiffs argue that this court should retroactively reject a portion of its own decision in *Cel-Tech* and hold the following italicized phrase has no independent meaning: " 'If the Legislature has permitted certain conduct *or considered a situation and concluded no action should lie*, courts may not override that determination.' " (Petn. 6-7, 15-24; *Cel-Tech, supra*, 20 Cal.4th at p. 182.) The petition describes this phrase as "less-than-clear" and "awkward" (Petn. 20) – a polite way of saying that this court supposedly misspoke.

But this phrase is no offhand remark – it is integral to *Cel-Tech*'s reasoning and holding. Shortly after that quoted language, *Cel-Tech* explained in detail that the Legislature's failure to outlaw an activity amounts to a safe harbor against the UCL's "unfair" prong if and only if it considered the activity in enacting legislation:

---

be sure of what the Legislature intended." (Petn. 40-41.) But the Court of Appeal relied on *this court's* explanation of the legislative history of the Cartwright Act, and *this court's* analysis of the significance of legislative inaction in the face of decisions finding the Cartwright Act does not extend to unilateral conduct. (Opn. 15-16, quoting and citing *State of California ex rel. Van de Kamp v. Texaco, Inc.* (1988) 46 Cal.3d 1147, 1154-1163, superseded by statute on another ground as stated in *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 570.) Unless plaintiffs want to ask this court to disavow its own prior discussion of the Cartwright Act's legislative history, along with portions of *Cel-Tech*, this is not a fair criticism of the Court of Appeal's opinion.

14

> *If*, in [a provision of law], *the Legislature considered certain activity in certain circumstances and determined it to be lawful*, courts may not override that determination under the guise of the unfair competition law.  However, *if the Legislature did not consider that activity in those circumstances*, the failure to proscribe it in a specific provision does not prevent a judicial determination that it is unfair under the unfair competition law.

(*Cel-Tech*, *supra*, 20 Cal.4th at p. 183, italics added.)  And later in the *Cel-Tech* decision, the court directly applied this holding to the case before it.  (*Id.* at p. 188.)

This court has repeatedly reiterated that a safe harbor should be found when the Legislature " 'considered a situation and concluded no action should lie.' " (*De La Torre v. CashCall, Inc.* (2018) 5 Cal.5th 966, 986; *Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1125; *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 377, 379, fn. 8; *Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 828.)  The Courts of Appeal have followed and applied this test.  (See, e.g., *Schnall v. Hertz Corp.* (2000) 78 Cal.App.4th 1144, 1154, 1162-1163 [finding one UCL "unfair" claim fell within a safe harbor based on express statutory language, one fell within a safe harbor because the Legislature considered the situation and determined no action should lie, and one did not fall within a safe harbor]; *Shvarts v. Budget Group, Inc.* (2000) 81 Cal.App.4th 1153, 1157-1159.)

Plaintiffs argue that this court has already "read *Cel-Tech*" to reject any reliance on the "considered a situation" language (Petn. 20, 22-24, citing *Zhang, supra*, 57 Cal.4th 364).  But in *Zhang*, this court recognized a safe harbor even in the absence of

15

express statutory language because the Legislature had " 'considered [the] situation and concluded no action should lie.' " (*Zhang*, *supra*, 57 Cal.4th 364 at p. 379, fn. 8.)  The Court of Appeal cited this specific portion of *Zhang* in rejecting plaintiffs' arguments below (Opn. 14-15), but plaintiffs continue to ignore it, focusing instead on other quotes that are entirely consistent with the Court of Appeal's analysis.  (Compare, e.g., Petn. 23 [stressing that *Zhang* held that " 'a practice may violate the UCL even if it is not prohibited by another statute' "] with Opn. 7 [" 'a practice may be deemed unfair even if not specifically proscribed by some other law' "].)

In sum, plaintiffs do not establish any disagreement among the California courts, and indeed they concede the California courts have reached uniform decisions on the issue actually decided in this case.  The petition focuses solely on the merits but does not show any need for this court's review.

## Conclusion

The petition establishes no grounds for Supreme Court review and identifies no error in the Court of Appeal's decision. This court should deny review.

|  |  |
|---|---|
| | Respectfully submitted, |
| June 18, 2024 | **Complex Appellate Litigation Group LLP** |
| | Anna-Rose Mathieson |
| | Charles M. Kagay |
| | Melanie Gold |
| | **Gibson Dunn & Crutcher LLP** |
| | Julian W. Kleinbrodt |
| | Viola Li |
| | By /s/ Anna-Rose Mathieson |
| | Anna-Rose Mathieson |
| | *Attorneys for Respondent Apple Inc.* |

## Certificate of Word Count

(Cal. Rules of Court, rule 8.504(d)(1).)

The text of this answer consists of 2,865 words as counted by the Microsoft Word program used to generate this answer.

Dated: June 18, 2024

/s/ Anna-Rose Mathieson  
Anna-Rose Mathieson

## Proof of Service

I, Stacey Schiager, declare as follows:

I am employed in the County of San Francisco, State of California, am over the age of eighteen years, and am not a party to this action. My business address is 96 Jessie Street, San Francisco, CA 94105. On June 18, 2024, I mailed the following document:

## Answer to Petition for Review

I enclosed a copy of the document identified above in an envelope and deposited the sealed envelope with the U.S. Postal Service, with the postage fully prepaid. The envelope was addressed as follows:

> The Honorable Sunil Kulkarni, Dept. 1
> Santa Clara County Superior Court
> 191 North First Street
> San Jose, CA 95113
> *Trial Judge*

Additionally, on June 18, 2024, I caused the above-identified document to be electronically served on all parties and the California Court of Appeal via TrueFiling, which will submit a separate proof of service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 18, 2024.

/s/ Stacey Schiager
Stacey Schiager