DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ..................................................................................................................... 1

DISCUSSION ................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 3

# TABLE OF AUTHORITIES

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
 2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ................................................................................ 2

*In re Anthem, Inc. Data Breach Litig.*,
 2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ............................................................................ 1, 2

*Apple Inc. v. Rivos, Inc.*,
 2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) ......................................................................... 1, 2, 3

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
 2023 WL 4335734 (S.D. Cal. May 10, 2023) ............................................................................ 1, 2

*Ervine v. Warden*,
 214 F. Supp. 3d 917 (E.D. Cal. 2016) ........................................................................................... 1

*Kamakana v. City and Cnty. of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) .................................................................................................... 1, 2

*Krommenhock v. Post Foods, LLC*,
 2020 WL 2322993 (N.D. Cal. May 11, 2020) ............................................................................... 3

*Lamartina v. VMware, Inc.*,
 2024 WL 3049450 (N.D. Cal. June 17, 2024) ............................................................................... 2

*Lee v. Great Am. Life Ins. Co.*,
 2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ............................................................................... 2

*Phillips v. Gen. Motors Corp.*,
 307 F.3d 1206 (9th Cir. 2002) .................................................................................................. 1, 3

*PQ Labs, Inc. v. Qi*,
 2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) .............................................................................. 1

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
 2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ............................................................................ 1, 2

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
 619 F. Supp. 3d 970 (N.D. Cal. 2021) ........................................................................................... 2

*Virun, Inc. v. Cymbiotika*,
 LLC, 2022 WL 17401698 (C.D. Cal. Aug. 19, 2022) ................................................................... 3

*Williams v. Apple Inc.*,
 2021 WL 2476916 (N.D. Cal. June 17, 2021) ............................................................................... 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................ 1

Local Rule 79-5 .................................................................................................................................. 1

1  Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple")
2  moves the Court to seal a portion of the November 27, 2024 Joint Status Report, submitted pursuant to
3  the Court's Standing Discovery Order. The Joint Status Report contains information sealable under
4  controlling law and Local Rule 79-5. Specifically, this document contains competitively sensitive, non-
5  public information regarding Apple's business codenames regarding ongoing confidential projects.
6  Apple's proposed redactions of that information are highlighted in YELLOW in the un-redacted version
7  of the Joint Status Report that Apple is filing under seal and are itemized in the concurrently filed
8  Declaration of Mark A. Perry (the "Perry Declaration").

## LEGAL STANDARD

10  "The court may, for good cause, issue an order to protect a party or person from annoyance,
11  embarrassment, oppression, or undue burden or expense," including preventing the disclosure of
12  information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials
13  for many types of information, including, *but not limited to*, trade secrets or other confidential research,
14  development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th
15  Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,
16  1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing
17  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216,
18  at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the
19  disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024)
20  (granting request to seal "internal product codenames" and noting that a prior request for the same had
21  also been granted).
22  Although a party must show compelling circumstances to seal information appended to
23  dispositive motions, the standard for non-dispositive motions is "good cause." *In re Anthem, Inc. Data*
24  *Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v.*
25  *Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum*
26  *Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023). In general, requests to seal information
27  should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v.*
28  *Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S.*

*Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

Apple seeks to seal sensitive business information regarding internal business codenames regarding ongoing confidential projects. *See* Perry Decl. ¶ 5. Specifically, the Parties are filing a Joint Status Report and Epic's portion includes codenames regarding projects that Apple has not made public. The information and document reveals sensitive information about Apple's confidential business decisions, and documents including these codenames have already been marked as highly confidential in the course of discovery and have not been challenged by Epic under the extant protective order. *See id*. ¶¶ 4–5.

At the outset, Apple's administrative motion to seal is subject to the "good cause" standard because it concerns non-dispositive joint statements regarding discovery. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v. Great Am. Life Ins. Co*., 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning discovery generally are considered nondispositive of the litigation") (quotation omitted); *see also In re Anthem, Inc. Data Breach Litig*., 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018 WL 1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

Apple easily meets the good cause standard here. *Lamartina v. VMware, Inc*., 2024 WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple's limited proposed redactions protect against the harmful disclosure of Apple's internal business decision-making, including non-public project codenames and its compliance with foreign regulations. *See DNA Genotek Inc.*, 2023 WL 4335734, at *2 (finding good cause where disclosure would "undercut" a party's "position … in the marketplace"); *Apple Inc.*, 2024 WL 1204115, at *1. Indeed, courts routinely hold that the type of information and analysis at issue here is sealable because its disclosure can be competitively harmful when a company's confidential information is revealed. *See, e.g.*, *Virun, Inc. v. Cymbiotika*, LLC, 2022 WL 17401698, at *2 (C.D. Cal. Aug. 19, 2022) ("Courts in this Circuit have

1  found potential harms arising from public disclosure of trade secrets or a business' confidential financial
2  and pricing information to be sufficient reason to seal");= *Apple Inc.*, 2024 WL 1204115, at *1 (granting
3  request to seal "references to[ ] internal product codenames"). Apple operates in an intensely competitive
4  marketplace, and thus has taken extensive measures to protect the confidentiality of its information. *See*
5  Perry Decl. ¶ 3. Disclosure of the sealed information could harm Apple's business interests. *Id.* ¶ 4.

6  Moreover, Apple has narrowly tailored its sealing request to include only the information
7  necessary to protect Apple's confidential business information and data. *See* Perry Decl. ¶ 6;
8  *Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion
9  to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL
10 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored
11 redactions" and finding "most of Apple's sealing requests[ ] appropriate" to the extent the disclosures
12 "would harm Apple's competitive standing"); Dkt. No. 643 at 3 (finding Apple's proposed redactions
13 appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential
14 information, the disclosure of which would result in competitive harm to Apple"). Apple has only
15 partially redacted one line of text in the seven-page Joint Status Report. The remainder of the Joint
16 Status Report remains unredacted. *See* Perry Decl. ¶ 6.

17 For the foregoing reasons, there is good cause that warrants partially sealing the Joint Status
18 Report.

19 **CONCLUSION**

20 Apple respectfully requests that the Court seal the identified information.

21 Dated: November 27, 2024                      Respectfully submitted,

22                                               By: *[s] Mark A. Perry*
                                                  Mark A. Perry
23                                               WEIL, GOTSHAL & MANGES LLP

24                                               Attorney for Apple Inc.

25

26

27

28