1  DANIEL G. SWANSON, SBN 116556
       dswanson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA 90071
   Telephone:  213.229.7000
4  Facsimile:  213.229.7520

5  CYNTHIA E. RICHMAN (D.C. Bar No.
   492089; *pro hac vice*)
6      crichman@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, DC 20036
8  Telephone:  202.955.8500
   Facsimile:  202.467.0539

9  JULIAN W. KLEINBRODT, SBN 302085
       jkleinbrodt@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   One Embarcadero Center, Suite 2600
11 San Francisco, CA 94111
   Telephone:  415.393.8200
12 Facsimile:  415.393.8306

MARK A. PERRY, SBN 212532
    mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No.
1500231; *pro hac vice*)
    joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone:  202.682.7000
Facsimile:  202.857.0940

MORGAN D. MACBRIDE, SBN 301248
    morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone:  650.802.3044
Facsimile:  650.802.3100

13

14

15  Attorneys for Defendant APPLE INC.

16

## UNITED STATES DISTRICT COURT

17

## NORTHERN DISTRICT OF CALIFORNIA

18

## OAKLAND DIVISION

19

20  EPIC GAMES, INC.

21         Plaintiff, Counter-defendant

   v.

22

23  APPLE INC.,

24         Defendant, Counterclaimant

Case No. 4:20-cv-05640-YGR

**DECLARATION OF MARK A. PERRY IN
SUPPORT OF APPLE INC.'S
ADMINISTRATIVE MOTION TO SEAL**

The Honorable Thomas S. Hixson

25

26

27

28

I, Mark A. Perry, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case.  I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple.  I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto.  I submit this declaration in support of Apple's Administrative Motion to Seal (the "Motion").[1]

2.      I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances.  I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, or other commercially sensitive information.  I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3.      Apple operates in an intensely competitive marketplace.  Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect the confidentiality of its information.

4.      Apple has carefully reviewed the Joint Status Report and now proposes to partially seal the document and information therein that, if disclosed, could harm Apple's competitive business interests.

5.      Apple seeks to seal this information because disclosure of this competitively-sensitive information regarding its business codenames regarding ongoing confidential projects, which Apple intended to keep confidential, could put Apple at a competitive disadvantage and thus cause it economic harm.  Public disclosure would reveal Apple's internal business decision-making, which could be used

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel.  *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013).  If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

by competitors to gain an unfair competitive advantage over Apple.

6.    Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests.  The remainder of the Joint Status Report remains unredacted.

7.    Below is a chart detailing the portion of the Joint Status Report that is sealable for the reasons explained herein, as well as in Apple's Motion.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Page 4, second to last row in search string chart, beginning with first word in that row and including the next three words, ending before "OR dma." | Joint Status Report | Reflects non-public Apple project codenames. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th day of November 2024, in Washington, D.C.

Dated: November 27, 2024                          Respectfully submitted,


By: */s/ Mark A. Perry*

Mark A. Perry