1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3      Before The Honorable Thomas S. Hixson, Magistrate Judge

4

5  EPIC GAMES, INC.,              )
                                  )
6          Plaintiff,             )
                                  )
7  vs.                           )   Case No. C 20-05640-YGR
                                  )
8  APPLE, INC.,                   )
                                  )
9          Defendant.            )
   _____)

10

11                                San Francisco, California
                                   Thursday, December 5, 2024

12

13    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
             RECORDING 1:17 - 1:39 = 22 MINUTES

14  APPEARANCES:

15  For Plaintiff:

16                                Cravath, Swaine & Moore, LLP
                                   375 Ninth Avenue
17                                New York, New York 10001
                              BY:  YONATAN EVEN, ESQ.

18  For Defendant:

19                                Weil, Gotshal & Manges, LLP
                                   2001 M Street, NW
20                                Suite 600
                                   Washington, D.C. 20036
21                            BY:  MARK A. PERRY, ESQ.

22  Transcribed by:              Echo Reporting, Inc.
                                  Contracted Court Reporter/
23                                Transcriber
                                  echoreporting@yahoo.com

24

25

2

1  <u>Thursday, December 5, 2024</u>                              <u>1:17 p.m.</u>

2                        P-R-O-C-E-E-D-I-N-G-S

3                              --oOo--

4          THE COURT:  Good afternoon.  We are here in Civil

5  Action 20-CV-5640, Epic Games v. Apple.

6      Let's have counsel state their appearances, starting

7  with Plaintiff.

8          MR. EVEN (via Zoom):  Yonatan Even of Cravath for

9  Epic Games.

10         MR. PERRY (via Zoom):  Mark Perry, your Honor,

11 from Weil for Apple.

12         THE COURT:  Good afternoon.

13     We are here as a follow-up to the December 3rd hearing

14 to discuss ways to address the large numbers of documents

15 over which Apple has claimed privilege.  And I asked the

16 parties to meet and confer about potentially using our

17 special master, or maybe even more than one special master.

18     Let me first turn to Epic.  Can you please provide me

19 with a status update?

20         MR. EVEN:  Absolutely, your Honor.  Thank you.

21 So, we have met and conferred with Apple twice.  And we

22 proposed a plan going forward to Apple last night.  Then we

23 think we have confirmation on most of it at least from Apple

24 as to their agreement as of this afternoon.  And so if your

25 Honor would allow me, I will go through the plan, and then

3

1   Mr. Perry, if he has any comments to that, I'm sure he can
2   chime in.
3           THE COURT:  Please go ahead.
4           MR. EVEN:  So, the plan is for Apple to re-review
5   all its privilege calls in light of your Honor's order and
6   apply the standards that are laid out therein.  Apple will
7   do so at a reasonable clip.  We have proposed 20,000
8   documents per week.  And Apple is, I think, generally
9   amenable, but will get back to us with a final answer on
10  that.
11      At the end of each week Apple will produce to Epic,
12  subject to one caveat, as I'll speak to at the end, all the
13  documents over which Apple is no longer claiming privilege.
14  Any document over which Apple stills claims privilege will
15  be produced for in-camera review by a panel of three special
16  masters who will be compensated jointly by the parties.
17      The special masters will rule on these privilege claims
18  and those rulings would be binding, subject only to a right
19  to appeal to your Honor under the applicable rules.  The
20  special masters will promptly inform the parties and the
21  Court should any of them conclude that Apple's privilege
22  calls upon re-review are inconsistent with the guidelines
23  that were issued by your Honor.
24      Should Apple stand on a large number of privilege calls
25  that would overwhelm the process I just laid out and be too

4

1  many for the special masters to go through without deviating

2  from your Honor's guidelines, just because there are a lot

3  of documents at stake, then we will meet and confer with

4  Apple and the possibility of expanding the panel to ensure

5  that there's a speedy resolution of this issue, potentially

6  by adding additional special masters.

7      So that's the general plan, and there a couple of three

8  or four open items, your Honor, that I would like to go

9  through, if I may.

10          THE COURT:  Yes, please.

11          MR. EVEN:  So one is, I think Apple would -- has

12  suggested, and I think that's something that we would agree

13  to, that we will provide a written protocol for this process

14  to your Honor.  We've discussed it.  We'd like to do so

15  promptly.  I think Epic at least would propose that it will

16  be done by Tuesday at maybe 5:00 p.m. Pacific, so we don't

17  get into very late-night filings, but that seems a doable

18  goal.

19      The question of what happens should Apple decide to

20  appeal your Honor's order.  So, Epic is of the view that the

21  process should not be stayed.  And then we have a couple of

22  options.  One option is that the process would continue just

23  as I laid out before, and Apple would produce the documents

24  but reserve the right to claw them back if it prevails on

25  the appeal.

5

1      The other option is that the process will proceed as I

2  laid out in all material terms, meaning Apple's re-review

3  and the special master's review.  The documents will not be

4  produced to Epic, downgraded documents will not be produced

5  to Epic until the appeal is resolved.  That is obviously

6  something that will create at least some delay in our

7  ability to prepare for the continuation of the hearings.

8  But I understand from your Honor's order last time that we

9  did not at least get the 11 documents before Apple decides

10 what to do on appeal and the appeal is resolved.

11      On the appointment of the special master, I think

12 Epic's view is that the process on the Court's side, we

13 understand from your Honor last time, that this is something

14 that should go to Judge Gonzalez Rogers.  If so, then we

15 think that that process should begin today.  And I think

16 Apple is in agreement with that, but I will let them comment

17 on that so that we can get the panel up and running as soon

18 as possible.

19      We previously used Elizabeth Laporte as a special

20 master in this case, and I think both parties had a good

21 experience with her and would be willing to use her here.  I

22 have tried to get a call with Ms. Laporte between our meet

23 and confer today and this hearing, and last I heard is I've

24 been told she has agreed to meet with us on Saturday

25 morning, because he's busy today and tomorrow and early next

6

1  week.  So I'm not sure she's a -- she will be a good

2  candidate, but the parties I think will want to speak to

3  her.

4       I have also proposed to Apple a few other names, and I

5  know your Honor proposed that maybe your Honor had some --

6  has some ideas about potential special masters, and I'm sure

7  that will be appreciated by both parties.

8       So I think that is more or less where we are on status

9  as far as Epic is concerned, your Honor.

10          THE COURT:  Thank you.

11       Let me turn to Apple for your status update.

12          MR. PERRY:  Thank you, your Honor.  I largely

13  agree with Mr. Even with just a couple of amendments.  One

14  is, we have -- Apple does agree at Epic's request to re-

15  review the 57,000 or so withheld or redacted as privileged.

16  We have agreed to submit them, either to Epic or to a

17  special master.

18       We've also offered, subject to a non-waiver agreement,

19  to provide an enhanced sort of privilege log to get Epic

20  some more of the information that it has been requesting

21  regarding the documents withheld as privileged.

22       Some of the more detailed issues that Mr. Even raised,

23  such as the number of documents per week we believe need to

24  be addressed in the first instance with the special master,

25  because I think the recipient end is an important part of

7

1    the equation here.  And that is -- we are in agreement that
2    we should, if approved by the Court, retain a special master
3    forthwith.  But the specifics of the protocol, we agree
4    there should be a written protocol, but that should be
5    discussed with the special master, because the special
6    master's going to actually have to implement it and it
7    should be achievable by the special master or special
8    masters.
9         And so, some of those more fine-grain details, I don't
10   -- I'm not sure -- I'm not sure we have disagreement by the
11   way, I just don't think we have final agreement.  And we
12   have asked Epic to put forward the proposal in writing, so
13   that we can comment on it and eventually put it over to the
14   special master.
15        So, I don't want to be -- suggest that I'm agreed with
16   every word that Mr. Even said, but the overarching arc is
17   acceptable to us.  And we think the -- there are no
18   significant disagreements that we've discussed in our two
19   meeting -- meet and confers that should preclude this from
20   happening, but we think a special master should be involved
21   in the details.
22        Regarding the appeal issue, we do plan to appeal the
23   Court's order.  We can't produce documents at the same time.
24   I don't think the appeal will take that long to decide.  If
25   -- by the way.  But once it is resolved one way or the

8

1  other, we will apply the order.  And if the review starts

2  before the appeal is resolved, we believe the two-piles

3  approach, if you will, we can review them both with and

4  without the order, and just put a flag or a note or

5  something on it.

6      We plan to provide an explanation of the privilege

7  maintains to the special master, so that that will be -- so

8  we can just include that information in there, and then

9  however the appeal is resolved, it should -- it wouldn't

10  take long because the review could go underway.  So it

11  wouldn't be a delay issue at all.

12      As Mr. Even said, we're fine with Judge Laporte if

13  she's available.  We did work with her before.  As the Court

14  is aware, there are a number of former district and

15  magistrate judges with JAMS in California, and we thought to

16  start with her and see if either she's available or if she

17  has other ideas.  And Mr. Even has proposed some others.  We

18  have some others, too, but we thought the most -- make the

19  most sense to start with Judge Leporte, just given that she

20  had prior experience with the parties and this case.

21          THE COURT:  All right.  Well, thank you.

22      Epic has indicated a desire to have a stipulation and

23  proposed order presented to Judge Gonzalez Rogers by Tuesday

24  at 5:00 p.m.  Does Apple also think that's a good time to

25  aim for?

9

1          MR. PERRY:  Well, it wasn't quite clear what the
2     proposal was.  I'm not sure we could have a protocol for the
3     re-review done by then, because I think -- as I said, I
4     think we need the special master involved in it.  If we get
5     a special master retained on Saturday that may be
6     achievable.  I just don't know how long it will take to get
7     a special master.
8          If it's simply a over -- a larger picture, the parties
9     agree to a re-review with the special master, absolutely we
10    could do that by Tuesday.  So I wasn't quite clear what the
11    proposal was for [13:28:16].
12          THE COURT:  I see.  Well, let me turn to Epic.
13          Apple's suggestion that the details of the written
14    protocol should likely be discussed with the special master
15    or special masters, because they would also be participants
16    in that.  That has some intuitive appeal to me.  What do you
17    think?
18          MR. EVEN:  So, I don't think there is a problem
19    with that approach as long as it doesn't cause too much
20    delay.  So, I do think that we want a date certain by which
21    the parties are committed to find at least one special
22    master and work with them, and make sure that we're not
23    missing something that the special master, even their
24    experience in that space, will just tell us is we're doing
25    wrong.  But we do -- we don't want to spend the next two

10

1  weeks and then bump up against the holy days with nothing

2  happening.

3      So, we do need something like that.  I still think that

4  Tuesday should be fine.  We have -- we proposed four names.

5  I've not heard Apple's names yet, but I'm sure that we will

6  consider quickly.  And if we have between us six or seven or

7  eight names, I can't see a reason why we can't come to

8  ground relatively early next week on something that could be

9  presented.

10      THE COURT:  But do you agree with Apple's proposal

11  that it be done in two stages.  One is the stipulation and

12  proposed order before Judge Gonzalez Rogers that would

13  establish certain things, but then a more detailed written

14  protocol would be worked out with the special master, or do

15  you not think that structure is workable?

16      MR. EVEN:  I think that structure should be

17  workable for us, assuming it moves things along in the most

18  efficient way.  Yes.

19      THE COURT:  Okay.  Thank you.  Then you flagged

20  some open items.  They sounded like those are still

21  discussion points between the parties, is that correct?

22      MR. EVEN:  I think that right.  Mainly -- and

23  maybe it's a discussion point, maybe it's a question to your

24  Honor, which is, mainly what to do given Apple's stated

25  intent to appeal and how to deal with that.  We don't think

11

this should be stayed.  It sounds like Apple doesn't think
it should be completely stayed.  I'm not sure I fully
understood the notes system that was proposed, but we do
need some guidance on that.

THE COURT:  I think you had suggested two
alternatives.  One is that Apple could conduct this process
on the assumption that my order valid, but then claw back
documents in the event that some or all of my order is
reversed.

And alternatively for Apple, any documents that would
have to be produced under my order, but that they're
challenging that part of the order on appeal, they could
just mark those as a separate category and not produce them
until the appeal is resolved.

Let me turn to Apple.  Were you thinking one of those
two options?

MR. PERRY:  Yes, your Honor.  The first option
doesn't work for Apple, but the second option's what I
referred as two-piles category.  If it's a document on re-
review that is not affected by the order, then it would just
be re-reviewed and either downgraded or maintained in the
ordinary course.

If it's a document that is affected by the order, it
would simply be -- it would be re-reviewed both ways, with
the order and without, a cover sheet put on it, put in a

12

1  pile to hold.  Once the appeal's resolved, the fork in the

2  road is decided, it goes one way or the other and then it

3  gets either produced or maintained.

4      So, it wouldn't delay the re-review, it would simply be

5  the timing of the production, and we can keep track of those

6  as we go along.

7          THE COURT:  Apple's proposal seems reasonable to

8  me.  It avoids Apple having to produce what might be a large

9  number of documents over which it has a pending claim of

10  privilege that has not been fully adjudicated.  So --

11          MR. EVEN:  Understood, your Honor.  That's

12  acceptable to us.

13          THE COURT:  All right.  I don't have any

14  recommendations for potential special masters.  I'm sure the

15  two sides can do your research and come up with people that

16  you believe are appropriate.

17      Is there anything else that Epic wanted to talk about

18  at this hearing?  Because what I would like to do is direct

19  the parties to meet and confer and get a stipulation and

20  proposed order on file before Judge Gonzalez Rogers by

21  Tuesday at 5:00 p.m.  And then that -- then you would --

22  once you get the special masters in place, then you could

23  work out the details of the protocol with them.  But before

24  I send you off to meet and confer, is there anything else

25  Epic wanted to discuss at this hearing?

13

1          MR. EVEN:  Not for Epic, no, your Honor.  Thank

2  you.

3          THE COURT:  Is there anything else that Apple

4  would like to discuss at this hearing?

5          MR. PERRY:  Your Honor, if it's okay, I have a

6  question for the Court, since I've not been in this exact

7  situation before.

8      On the stipulation and proposed order, my conception as

9  -- as sitting here would be a couple of paragraphs

10 explaining the parties' dispute, the broad outlines of the

11 agreement, and the request for a special master to resolve

12 that piece of the case.  Is that what the Court has in mind,

13 or are -- in other words, should we be doing more than that

14 or could it be relatively straightforward I guess is the

15 real question.  How much detail and so forth --

16         THE COURT:  Well --

17         MR. PERRY:  -- do you think Judge Gonzalez Rogers

18 would expect?

19         THE COURT:  Ultimately, this is up to Judge

20 Gonzalez Rogers because she was the one who would review the

21 stipulation and proposed order and determine if it's

22 satisfactory.  But what you were describing sounds like a

23 reasonable approach to me.  That you would describe the

24 nature of the discovery dispute the parties have and the

25 scope and the extent of it, and then describe the proposed

14

1  way to resolve it.  So that Judge Gonzalez Rogers can read

2  the parties' stipulation and proposed order, and it will

3  explain what the parties are doing and why.

4          MR. PERRY:  I appreciate that guidance, your

5  Honor.  Thank you.

6          THE COURT:  And was there anything else from Apple

7  today?

8          MR. PERRY:  Nothing else, your Honor.

9          THE COURT:  Let me ask the parties, should I set

10 another hearing in the future as a kind of control date, so

11 I can check in with the parties on how things are going?

12 Does Epic think that's a good idea?

13         MR. EVEN:  So, yes, especially if we're leaving

14 some things that ought to be resolved as to a protocol, then

15 I think that would be helpful to the parties.

16     I also wanted to raise one more thing, which is, given

17 that we have -- we seem to have agreement on at least the

18 framework for this, we actually are -- I believe need to

19 file something with Judge Gonzalez Rogers on Monday, if I'm

20 not mistaken, and Mr. Perry will correct me if I'm wrong, a

21 status report.

22         MR. PERRY:  Yeah.  We have a case management

23 conference statement due on Monday.

24         MR. EVEN:  And so maybe the most efficient way is

25 to -- since we are doing the framework along the plan that I

15

1   read out but not with too many details, maybe the most

2   efficient way is to just include this as part of that -- as

3   part of that filing, instead of putting two separate papers

4   that I'm sure will speak to the same thing, because one

5   affects the other.

6       This is a status report, your Honor, that Judge

7   Gonzalez Rogers had asked us to file in order to let her

8   know whether we think we are in a position to be fully

9   prepared to resume hearings on the 13th of January.

10          THE COURT:  I see.  Well, I will leave it to the

11  parties' judgment about whether you want to file one thing

12  or two things before Judge Gonzalez Rogers.

13          MR. EVEN:  Okay.

14          THE COURT:  When do you recommend that we have the

15  next hearing, so I can check in with the parties?

16          MR. EVEN:  I think a week from today would be --

17  would be good, your Honor.

18          THE COURT:  Does Apple agree with that?

19          MR. PERRY:  Your Honor, we have a case management

20  conference with Judge Gonzalez Rogers on the 16th.  We have

21  a joint status report due to your Honor a week from today on

22  the 12th, and they make -- this may all get sorted by the

23  16th.  In other words, we have a hearing already set with

24  Judge Gonzalez Rogers on the 16th.

25      We are happy to appear before you of course at any time

16

1  if you'd like to hear it before then.  I just wanted you to

2  know that there is a conference on Judge Gonzalez Rogers'

3  calendar for the 16th in the afternoon.

4          THE COURT:  Well, thank you for that.  Taking that

5  into account, when does Apple recommend that we have another

6  hearing?

7          MR. PERRY:  Your Honor, our proposal would be then

8  the 17th or 18th, because then we could report to the Court

9  the outcome of whether -- you know, any results or feedback

10 we have from Judge Gonzalez Rogers about these issues and

11 the path forward.

12         THE COURT:  Does that work for Epic?

13         MR. EVEN:  I think Epic would still prefer to see

14 your Honor in one week, to make sure that we get whatever

15 details, additional details need to be sorted out with a

16 special master protocol ahead of the hearing with Judge

17 Gonzalez Rogers, so that we'll be -- when we are before her,

18 we can report that the protocol is fully in place and the

19 process is running.  And hopefully we have an estimate of

20 when the process will be done, and can discuss with her

21 whether January 13 is the right date to start or not.

22         THE COURT:  I see.  How about Friday, December

23 13th?  The parties have a status report -- is it correct the

24 parties have a status report due to me on the 12th?

25         MR. EVEN:  I --

17

1          MR. PERRY:  That's what my notes say, your Honor.

2          MR. EVEN:  That is the Friday the 13th, then, yes,

3    it's on the 12th.

4          THE COURT:  Then let's schedule it for the 13th,

5    because then I can have the benefit of having read your

6    status report that's filed on the 12th.  Does 1:00 p.m.

7    Pacific time work for the parties?

8          MR. PERRY:  Yes, your Honor.

9          MR. EVEN:  I believe it does, your Honor.

10         THE COURT:  Do you need to check your calendar

11   further?

12         MR. EVEN:  Confirmed.  Yes, it does.

13         THE COURT:  Okay.  Well then thank you.  Then I

14   will schedule a further hearing for Friday, December 13th at

15   1:00 p.m.

16         MR. EVEN:  Thank you very much, your Honor.

17         UNIDENTIFIED SPEAKER:  Judge, can you hear me now?

18         THE COURT:  I can hear you.

19         UNIDENTIFIED SPEAKER:  Yes.  Good.

20         THE COURT:  Okay.  Anything further from Epic

21   before we end this hearing?

22         MR. EVEN:  No, thank you, your Honor.

23         THE COURT:  Anything further from Apple?

24         MR. PERRY:  Not at this time, your Honor.  Thank

25   you for your attention.

18

1          THE COURT:  All right.  Thank you, counsel.  The

2    matter is submitted.  We'll be back on December 13th at 1:00

3    p.m.

4          MR. EVEN:  Thank you.

5          UNIDENTIFIED SPEAKER:  Thank you.

6       (Proceedings adjourned at 1:39 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

19

CERTIFICATE OF TRANSCRIBER

    I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

    I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Saturday, December 7, 2024