UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>       *Plaintiff*, *Counter-defendant*,<br><br>v.<br><br>APPLE INC.,<br><br>       *Defendant*, *Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP<br><br>By: */s/ Yonatan Even*<br>    Yonatan Even<br>    *Counsel for Epic Games,*<br>    *Inc.* | WEIL, GOTSHAL & MANGES LLP<br><br>By: */s/ Mark A. Perry*<br>    Mark A. Perry<br>    *Counsel for Apple Inc.* |

**Epic's Position:**

On October 27, 2024, following weeks of discussions, the Parties briefed a privilege dispute wherein Epic challenged Apple's overbroad privilege claims and privilege log entries as to tens of thousands of documents. (Dkt. 1039.) In the dispute letter, Epic referenced 11 exemplar documents reflecting Apple's improper withholding or overly broad redaction of documents. (Dkt. 1039.)

On December 2, 2024, the Court issued a Discovery Order ("the December 2 Order") overruling virtually all the privilege claims Epic had challenged in those 11 exemplar documents (as well as certain redactions that Epic did not challenge). (Dkt. 1056.) On December 3, 2024, this Court held a hearing, at the end of which the Court directed the parties to propose a plan to re-review Apple's roughly 57,000 privilege claims in a way that would "follow [the December 2 Order] and apply the order to other documents" (Dec. 3, 2024 Hearing Tr. 19:17-18) and with the assistance of one or more special masters, subject to the approval of Judge Gonzalez Rogers.

At a December 5, 2024 hearing, following a meet and confer between the Parties, Epic presented to the Court a plan for a re-review that would be done "in light of [the December 2 Order] and [would] apply the standards that are laid out therein". (Dec. 5, 2024 Hearing Tr. 3:5-6.) Apple stated it "largely agree[s] with" the plan as presented (Dec. 5, 2024 Hearing Tr. at 6:12-13), subject to the need to work out "the more detailed issues . . . such as the number of documents per week" that Apple would commit to review. (Dec. 5, 2024 Hearing Tr. at 7:3-8.) In light of this agreement, the Court directed the Parties to file with Judge Gonzalez Rogers a stipulation and proposed order regarding the engagement of special masters, which Judge Gonzalez Rogers has granted. (Dec. 5, 2024 Hearing Tr. 12:18-21; Dkt. 1070.) Epic has initiated outreach to several candidates for the role of special master, and the Parties have jointly met with four of them as of the time of this filing. Apple has stated it may have additional candidates in mind but so far has not proposed any candidates to Epic.

Throughout the above process, Epic emphasized that Apple has abused privilege on a massive scale and that such abuse results in a win-win situation for Apple: either Epic insists on obtaining the documents it, and the Court, are entitled to, further delaying Apple's day of reckoning in the main contempt proceeding, or Epic foregoes these documents and Apple enjoys a tactical advantage in that proceeding. The plan for the re-review reflects an attempt to break that mold and force Apple to move with alacrity. However, as Epic has been trying to execute on this plan, Apple has taken several steps indicating its intent to continue its campaign of delay also in connection with the re-review process. Specifically:

- Apple is using the development of a review protocol as an excuse to delay the commencement of its own re-review, claiming that it cannot begin its review until special masters are identified and consulted and a detailed protocol is finalized. Apple has not provided any justification for its position other than to suggest that the Parties must get input from the special masters as to the *substantive* privilege standard that Apple must apply to the privilege calls it re-reviews. That clearly is **not** the purpose of the protocol, which is intended to control the *procedural* requirements on the Parties and the special masters "such as the number of documents per week" that Apple and the special masters would commit to review. (Dec. 5, 2024 Hearing Tr. at 7:3-8.) To avoid delay, Apple can

2

- and should commence its re-review immediately, in accordance with the standards laid out in the December 2 Order, but it refuses to do so.[1]

- To make matters worse, on December 10, Apple demanded that Epic "provide in writing what Epic believes" are the applicable standards for its review that this Court laid out in the December 2 Order. (Email from N. Comparato to Y. Even on December 10, 2024 at 12:11 p.m.). Apple repeats this request below. This is pure gamesmanship. Before that time, Apple never disputed the clarity of the December 2 Order. To the contrary, Apple unambiguously represented during the December 3 hearing that its re-review would apply the standards laid out in the December 2 Order, subject only to its right to contest that Order. (Dec. 3, 2024 Hearing Tr. 19:10-21.) And Apple also told this Court that it "agree[s]" with the plan Epic presented at the December 5 conference—a plan that was explicitly and specifically aimed at a re-review applying the December 2 Order's standards. The December 2 Order speaks for itself, and it is not up to Epic to interpret it for Apple.

- Finally, when Epic presented its re-review plan to Apple at a meet-and-confer and then again to this Court, a foundational term of that plan was that if any of the special masters concludes that Apple's re-review was not a good-faith application of the December 2 Order, the special master(s) would immediately notify the Parties and the Court. (Dec. 5, 2024 Hearing Tr. 3:19-23.) The goal of the requirement is to prevent Apple from overwhelming the special masters with tens of thousands of bogus claims, thus delaying the special masters' review. Apple, as noted above, stated it "largely agree[s]" with the plan Epic presented and never objected to this provision. (Dec. 5, 2024 Hearing Tr. 3:19-23; 6:12-13; 8:1-5.) Apple has since refused to include this provision in the joint description of the plan in the Joint Case Management Statement the Parties filed earlier this week, stating that Epic "can request this in connection with the protocol developed with the special masters, but [Apple] will not agree to it" in the Statement. (Draft Joint Case Management Statement, emailed from N. Comparato to Y. Even on December 9, 2024 at 6:11 p.m.)

Judge Gonzalez Rogers tentatively scheduled the resumption of contempt proceedings for January 13, 2025. In the recent JCMS, Epic conceded that due to Apple's campaign of delay necessitating the current Court-supervised re-review process, Epic would need at least an additional two weeks before resuming those proceedings. (Dkt. 1068 at 10-11.) Apple, for its part, took the position that the proceedings will probably be deferred further because of *Epic's* actions, despite the fact that it cites as reasons for delay 1) the special master selection (to which, as detailed *supra*, Apple has not meaningfully contributed), 2) its forthcoming Motion for Relief from the December 2 Order, and 3) its outstanding Rule 60(b) motion, in which it seeks to terminate the contempt proceeding altogether. (Dkt. 1068 at 11.) The parties have a Case Management Conference before Judge Gonzalez Rogers on December 18, at which time Epic

---

[1] Apple complains below that Epic has delayed in providing it with the detailed written protocol. Not so. Epic provided Apple with a detailed written protocol earlier today and this has not caused delay and should not have affected Apple's commencement of its re-review. Epic had provided Apple with all the substantive portions of the protocol days ago (including during the December 5 hearing), and the Parties have not yet retained a special master who would contribute to the protocol.

expects that more light will be shed on this matter's upcoming schedule. Regardless, Apple's intent is clearly to continue to delay the proceedings for as long as it possibly can.

**Apple's Position**:

Although the Court did not order Apple to conduct a full re-review of all 55,000 documents withheld or redacted for privilege, at Epic's request, it has agreed to do so. Pursuant to that agreement, Apple continues to work diligently to move forward with the re-review of all of its privileged documents in view of Judge Hixson's December 2 Order. At hearings on December 3 and 5, 2024, the Court proposed and the parties agreed that one or more special masters be appointed to supervise the re-review of documents withheld or redacted as privileged or otherwise protected. On Saturday, December 7, 2024, Apple and Epic met with Judge Elizabeth Laporte to discuss her availability to serve as one of three special masters to oversee and officiate the re-review. Since December 7, Apple has worked with Epic to schedule joint calls with additional special master candidates, including on Wednesday, December 11. Judge Laporte declined the appointment on December 11. On December 12, the parties filed a proposed stipulation and order appointing Judges Wayne Brazil and Philip Gutierrez as special masters.

On Monday, December 9, 2024, the Parties submitted the Case Management Statement to Judge Gonzalez Rogers, which included an update regarding Apple's agreed re-review. Epic claimed in that Case Management Statement—and again here—that Apple has reneged on agreements as to the process for the re-review, but that is inaccurate. Apple's consistent position in meet-and-confer sessions with Epic on December 4 and December 5, and during the December 5 hearing before Judge Hixson, has been that the protocol governing the re-review must be developed in tandem and with guidance from the special masters appointed to officiate the re-review. *See* Dec. 5, 2024 Hearing Tr. 7:1-8 ("And that is – we are in agreement that we should, if approved by the Court, retain a special master forthwith. But the specifics of the protocol, we agree there should be a written protocol, that should be discussed with the special master, because the special master's going to actually have to implement it and it should be achievable by the special master or special masters." (emphasis added)). Judge Hixson agreed with this approach, as did Epic. *See id.* at 9:12-20 ("THE COURT: Apple's suggestion that the details of the written protocol should likely be discussed with the special master or special masters, because they would also be participants in that. That has some intuitive appeal to me. What do you think? MR. EVEN: So, I don't think there is a problem with that approach as long as it doesn't cause too much delay."); *see also* Tr. 10:10-18 ("THE COURT: But do you agree with Apple's proposal that it be done in two stages. One is the stipulation and proposed order before Judge Gonzalez Rogers that would establish certain things, but then a more detailed written protocol would be worked out with the special master, or do you not think that structure is workable? MR. EVEN: I think that structure should be workable for us, assuming it moves things along in the most efficient way. Yes."). Despite Apple's repeated requests made on December 4, December 5, December 9, and December 10 for Epic to propose a protocol in writing for Apple's consideration, Epic did not do so until hours before this report was filed.

Epic objects that Apple has not yet agreed to a provision pursuant to which the special masters would notify the Court if they believe Apple has not followed the Court's discovery order in good faith. Again, Apple has stated simply that such a provision can be discussed in connection with and (if appropriate) incorporated into the protocol, which all parties agree will require the

4

input of the special masters. Apple stated at the discovery conference that it "largely agree[s]" with Epic's proposed framework, and that remains true. But the precise contours of that framework should be addressed in the first instance in conjunction with the special masters.

In addition, Epic has insisted that Apple apply the "standards" set forth in the December 2 Order, but has thus far not responded to Apple's attempts to determine what it believes those standards are. Apple requested this information, in writing, from Epic by no later than noon ET on December 12 so that it may continue to move forward with the re-review. This request is not "gamesmanship," as Epic urges. Apple has read this Court's order carefully and (if the appeal is unsuccessful) will abide by it to the best of its understanding, but Apple does not know how *Epic* is interpreting the scope or meaning of the Court's order. Rather than conduct a re-review of thousands of documents and *then* address potential disagreements about the standards to be applied, Apple seeks to avoid and preempt any disputes between the parties by resolving those disagreements *now*. This re-review should only be done once.

Apple has not sat idle in the meantime. Apple has made significant efforts to put in place the mechanisms and logistics required for a re-review of this magnitude in such a short time frame. Apple is working closely with its outside vendor to set up new coding panes, including for an expanded and more detailed privilege log, to isolate the documents at issue, and evaluate the best way to ensure rolling productions at the pace Epic has requested. Apple is also working with five separate outside law firms to assemble a team of dozens of outside counsel to conduct the privilege re-review. Apple continues to add members to that team each day, again in order to attempt to meet the pace Epic has requested during the busy holiday season. Apple's outside counsel that manage this matter day-to-day have also assembled a workflow and training process to ensure the re-review goes smoothly once the protocol is determined with the special masters. In short, Apple is moving as quickly as possible to accomplish this task and to efficiently—but thoroughly—re-evaluate its privilege assertions (which Apple stands by), but there is infrastructure that must be in place first. Apple is committed to getting it in place as soon as possible.

On December 10, the parties presented a stipulation and proposed order to Judge Gonzalez Rogers, which the Court signed on December 11. *See* Dkt. 1070. With respect to scheduling, Epic continues to beat the drum of "delay," but Apple has not asked to delay anything. Apple stated that it was premature to determine when the hearing would proceed, whether "on January 13, two weeks thereafter, or some other time." Dkt. 1068, at 11. As for the selection of the special masters, Epic's claim that Apple has not "meaningfully contributed" to that process is wrong—Apple is working quickly and collaboratively with Epic to identify and retain qualified special masters. Apple has informed Epic that it is generally amenable to using any former District Judge or Magistrate Judge from California as a special master, subject to conflicts clearance. Apple has not objected to any of the individuals identified by Epic, and Apple has participated in meetings with every candidate on the schedule established by Epic. As described above, that work is ongoing.

      Respectfully submitted,

|  |  |
|---|---|
| DATED: December 12, 2024 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.*<br><br>WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |