RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-Defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Judge Hixson's order ("Order") of December 2, 2024 (Dkt. 1056), which held that the redacted or withheld portions of eleven documents, prepared primarily to assist Apple in complying with its legal obligations in this litigation, are not protected by the attorney-client privilege or work-product doctrines. Apple challenges the Order as to nine of those documents.

I.  **BACKGROUND**

Following this Court's September 2021 ruling that two of Apple's anti-steering Guidelines are "unfair" under California law (Dkt. 812), Apple complied with the Injunction by deleting those Guidelines. Apple's in-house and outside counsel then worked closely with the business to develop the "StoreKit External Purchase Link Entitlement (US)" program, which allows developers to include within their apps links, buttons, and calls to action regarding external purchase options. A Price Committee established a revised commission structure for transactions using the link entitlement, based in part on a study Apple commissioned from Analysis Group. Although the final Price Committee deck and Analysis Group reports are not privileged, much of the underlying work was conducted at the direction of and with the active participation of litigation counsel. (Declaration of Jennifer Brown ¶¶ 3, 4, 5, 11, 13 (Dec. 16, 2024).) This work was done specifically in order to comply with the Injunction. (*See id.* ¶ 13.)

Epic moved to enforce the Injunction (Dkt. 897), and the Court convened an evidentiary hearing to explore the factual basis for Epic's motion. (Dkt. 925, at 3.) On May 31, 2024, after hearing testimony, this Court ordered Apple to produce "all" Injunction-compliance related documents (Dkt. 974), and referred all discovery issues to Judge Hixson (Dkt. 985). Apple produced approximately 95,000 documents and withheld or redacted approximately 55,000 under attorney-client privilege or the work product doctrine. On October 27, 2024, the parties submitted a joint statement of discovery dispute (Dkt. 1039), in which Epic argued that (1) four categories of documents (system disclosure sheets, draft Price Committee decks, communications with Analysis Group, and launch date information) were "facially improper" privilege claims, and (2) Apple

insufficiently described documents on its privilege logs. Epic cited eleven "exemplars" to support its arguments, but did not move to compel production of any specific documents. Judge Hixson's standing discovery order did not permit Apple to file any declarations in support of its privilege assertions (*see* Judge Hixson Standing Discovery Order, § 2), and unlike prior privilege disputes, Judge Hixson did not order Apple to file a declaration or hold a hearing. (*E.g.*, Dkt. 496, 716.)

After reviewing the eleven documents *in camera* (Dkt. 1052), on December 2, 2024, Judge Hixson issued an order overruling the majority of Apple's privilege claims. (Order.) Notwithstanding that all but one of the challenged documents were created with the participation of counsel to assist Apple in its compliance with a court-ordered injunction in pending litigation, Judge Hixson assessed privilege based solely on the four corners of the documents. He reasoned that because each document on its face appeared to be a "business" rather than a "legal" document, their primary purpose was not legal and thus they were not privileged. (*Id.*) Many of the documents he reviewed, however, were non-final versions that reflected or requested legal advice.

## II. THE ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

In the Ninth Circuit, documents containing both legal advice and non-legal/business information are assessed under the "primary purpose" test. *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021). To assess whether such "dual-purpose" documents are privileged, "courts look at whether the primary purpose of the communication is to give or receive legal advice." *Id.* at 1091.[1] The work product doctrine additionally (and independently) protects documents from disclosure where they were created "because of" litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004) (documents "created because of antici-

---

[1] The Ninth Circuit's standard conflicts with other circuits, but the Supreme Court has not yet resolved the conflict. *In re Grand Jury*, 143 S. Ct. 543 (2023). The documents addressed herein are privileged under the Ninth Circuit's standard, but Apple preserves for appeal the argument that the Ninth Circuit's standard is wrong.

pated litigation, [which] would not have been created in substantially similar form but for the prospect of that litigation" constitute attorney work product).

By looking at the four corners of these documents in isolation, Judge Hixson failed to recognize the context in which the documents were generated, exchanged, or edited. Apple produced tens of thousands of documents relating to compliance with the court-ordered Injunction. What Apple withheld or redacted were documents (or versions of documents) that—as the context shows—were part of the request, receipt, or provision of legal advice, or reflected work product. *See, e.g.*, *Oracle USA, Inc. v. Rimini Street, Inc.*, 2020 WL 5750850, at *5 (D. Nev. Sept. 25, 2020) (affirming privilege ruling where communications occurred in the context of ensuring compliance with an injunction). Those documents were properly withheld or redacted under the attorney-client privilege. *See Intex Recreation Corp. v. Bestway (USA), Inc.*, 2023 WL 6193018, at *3 (C.D. Cal. Sept. 8, 2023) (affirming ruling based on "evidence presented" and "the content and context of the documents themselves"). Many also constitute attorney work product, as they were drafted *because of* the very litigation here. *In re Grand Jury Subpoena*, 357 F.3d at 908.

### A.    Judge Hixson Failed To Consider The Documents' Context

Judge Hixson erred in ignoring "the nature, the content, and the context in which documents were prepared." *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003). Apple knew that its compliance with the Injunction would be scrutinized by Epic, and possibly this Court; and the entire link entitlement framework was developed in the context of *actual, pending* litigation. Decl. ¶ 13; *see United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1082 (N.D. Cal. 2002); *see also In re Grand Jury Subpoena*, 357 F.3d at 908. As a result, many of these documents reflect advice sought from or provided by lawyers, or constitute attorney work product created because of the litigation. For example, the determination of when Apple would be required to comply with the Injunction—in view of the stay pending appeal and the post-decision filings—was based on advice rendered by litigation counsel. *See* Decl. ¶ 12; *La. Mun. Police Emps. Retirement Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 307 (D.N.J. 2008) (holding documents related to a company's analysis of legal liability had a primarily legal purpose).

Absent this necessary context, Judge Hixson determined the documents were not privileged because they appeared to consist of "business analysis" supporting "business decisions," such as a "business discussion of a status update to comply with a legal requirement combined with a business discussion of potential options for compliance." (*E.g.*, Order at 1-2.) But the context of these documents demonstrate that they reflect "legal advice on a business decision," which *is* protected. *Staley v. Gilead Scis., Inc.*, 2021 WL 4318403, at *2 (N.D. Cal. July 16, 2021). That the documents might ultimately have been used to inform a business decision is not dispositive. Rather, the question is whether the communication at issue—such as advice regarding the implementation of and compliance with the Injunction—was made primarily for a legal purpose. *See Oracle*, 2020 WL 5750850, at *5 (affirming privilege ruling where documents were sent to lawyers for review "to get legal advice" to ensure "they're not violating the injunction").

Judge Hixson similarly failed to recognize that many documents were drafts Apple and its consultants continued to revise with input from legal counsel, instead opining that certain documents were merely a "business analysis" to "decide among the options legally available" (Order at 1). *See, e.g.*, Decl. ¶¶ 3, 4 (Entry Nos. 7077, 44831). Where a party could "compare [draft documents] to the final public version and determine the underlying legal advice provided or incorporated," including about what is legally permissible, those documents should be withheld as privileged. *Tsantes v. Biomarin Pharm. Inc.*, 2022 WL 17974487, at *2 (N.D. Cal. Dec. 7, 2022); *Hudock v. LG Elecs. U.S.A., Inc.*, 2019 WL 5692290, at *4 (D. Minn. Nov. 4, 2019) ("disclosure of the fact that the client takes that advice to heart and acts upon it is privileged if it indirectly reveals the substance of the client's request for legal advice."). Judge Hixson's assumption that those documents primarily reflected "things like profit, cost, competition, and so on" (Order at 1), was based on no evidence and, as set forth in the attached declaration, is factually incorrect.

### B. Each Of The Challenged Documents Is Privileged Or Protected

As explained further in the attached declaration, a contextual analysis, applying the principles set forth above, shows that the nine documents challenged in this motion are clearly protected by the attorney-client privilege and/or the work product doctrine:

1. **Draft Analysis Group Deck (Entry Nos. 7077, 44831[2])**: A draft presentation prepared by a consultant employed to aid Apple in complying with the Injunction, and delivered to counsel who then commented on the draft before it was finalized, is protected under both attorney-client privilege and work product doctrine. *See* Decl. ¶¶ 3, 4.

2. **Price Committee Deck (APL-EG_10682431, Entry No. 16043[3])**: A draft presentation regarding legal aspects of injunction-compliance obligations, prepared at the direction of (and with close review and comment from) Apple's legal department, incorporating a case summary written by Apple legal—with later, produced versions incorporating legal advice regarding compliance—is protected under both attorney-client privilege and work product doctrine. *See* Decl. ¶¶ 5, 6, 7.

3. **Draft System Disclosure Sheets (APL-EG_10680322)**: Draft language of a system disclosure sheet that legal counsel drafted and edited for compliance with an injunction and in view of related litigation involving similar disclosures is protected under both attorney-client privilege and work product doctrine. *See* Decl. ¶ 8.

4. **Press Briefing (APL-EG_10681518)**: A draft press briefing including case summaries written by a lawyer and lawyer notes that convey attorney advice and impressions regarding analysis and impact from a legal decision, as well as draft language of a system disclosure sheet, is protected under both attorney-client privilege and work product doctrine. *See* Decl. ¶ 9.

5. **Email Regarding Compliance (APL-EG_10699646)**: A request made by the business to a lawyer seeking legal advice on how a regulation can be described to achieve compliance is a privileged attorney-client communication. *See* Decl. ¶ 10.

6. **Price Committee Deck (Entry No. 2094):** "Hand-select[ed] documents relevant to a case to review with the witness" during hearing preparation constitutes protected work product. *Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016); *see* Decl. ¶ 11.

7. **Notes From Meeting With Legal (APL-EN_10682416)**: A date calculated by litigation counsel's analysis of the likely issuance of a court's mandate, and thus the necessary time for legal compliance, is a privileged attorney-client communication and protected work product. *See* Decl. ¶ 12.

For these reasons, Apple respectfully requests that the Court reverse Judge Hixson's privilege rulings as to the nine documents identified above. The withheld parts of each document are protected from discovery by the attorney-client privilege and/or the work product doctrine.

---

[2] Entry No. 44831 is a later-in-time version of Entry No. 7077. *See* Decl. ¶ 4.

[3] Entry No. 16043, inadvertently withheld in full, is a similar version of APL-EG_10682431. *See id.* ¶ 7.

| | | |
|---|---|---|
| 1 | Dated: December 16, 2024 | Respectfully submitted: |
| 2 | | By: */s/ Mark A. Perry* |
| 3 | | WEIL, GOTSHAL & MANGES LLP |
| 4 | | Mark A. Perry |
| 5 | | Attorney for Apple Inc. |