RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF JENNIFER BROWN IN SUPPORT OF APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRETRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>The Honorable Yvonne Gonzalez Rogers |

DECLARATION OF JENNIFER BROWN IN SUPPORT OF APPLE'S MOTION FOR RELIEF FROM A NON-DISPOSITIVE PRETRIAL ORDER OF A MAGISTRATE JUDGE

CASE NO. 4:20-CV-05640-YGR

I, <u>Jennifer Brown</u>, declare as follows:

1.  I am Director of Commercial Litigation at Apple Inc. I have been employed in this position since October 2022 and have worked on Apple's in-house legal team since 2013. As a member of the litigation team, I focus on potential and active lawsuits or disputes implicating Apple or Apple's interests. I do not routinely attend business meetings or regularly interact with members of the business about non-litigation related issues. In my role at Apple, I oversee some of Apple's most significant and impactful litigations, including those related to the worldwide App Store. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2.  I understand that Epic has challenged Apple's assertion of the attorney-client privilege and work product protection for certain documents Apple redacted or withheld in connection with this Injunction compliance proceeding and that Judge Hixson has overruled certain of Apple's privilege assertions in an order entered on December 2, 2024. I further understand that Apple seeks relief from Judge Hixson's rulings on nine of those documents. I submit this declaration to provide further information with respect to these documents. I refer to these documents by their corresponding Bates number or entry number on Apple's privilege log in this matter.[1]

3.  **Entry No. 7077.** This document is a draft presentation deck from Analysis Group titled "App Store Commission Rates and the Value of Apple and the App Store to Developers," dated June 2023. I was directly involved on behalf of Apple's legal department in working with Analysis Group on this project. Apple's legal department was directly involved in engaging Analysis Group in connection with evaluating the pricing of a commission for the U.S. Link Entitlement program. Apple's compliance

---

[1] Apple redacted bates-numbered documents, and fully withheld "Entry No." documents.

with the Court's Injunction required careful and thoughtful legal analysis in connection with setting any commission. The Court had discussed Apple's overall commission rate during the merits phase of this litigation, and the Court's findings related to that commission rate in its post-trial order informed Apple's decision to retain Analysis Group for this analysis. This specific draft presentation deck was provided for feedback to me as well as other of Apple's in-house counsel and outside counsel for the purpose of seeking legal advice. We discussed our legal advice regarding this draft during calls with Analysis Group, the in-house counsel team, and the outside counsel team. The first page of the document states "DRAFT – Privileged & Confidential Prepared at the Request of Counsel." I reviewed and commented on this version of the document, and shared it with other individuals on Apple's business, in-house legal, and outside legal teams who were tasked with assembling Apple's plan to comply with the Injunction. Apple's legal team reviewed various drafts of this document in connection with rendering legal advice to Apple's business team regarding compliance with the Injunction. It is my understanding that this version of this document reflects the feedback provided by lawyers with respect to earlier versions of this presentation deck, as well as when compared with the final versions of the Analysis Group reports (which have been produced to Epic).

4. **Entry No. 44831.** This document consists of a draft presentation deck from Analysis Group titled "App Store Commission Rates and the Value of Apple and the App Store to Developers," dated July 2023. It is a later-in-time version of Entry No. 7077, which I explained above, and similar to that document, it was provided to counsel for the purpose of providing legal advice directly related to Apple's Injunction compliance efforts. In fact, this document was shared as an attachment to an email sent by Apple's outside counsel, Gibson Dunn, to a group that included myself and other Apple in-house counsel, and additional outside counsel. That email transmission was also withheld on the basis of privilege. The email was transmitted for the purpose of review by global counsel for ongoing litigation

abroad. In the email, Gibson Dunn refers to the attachments it sends with the email, including the slide deck, as "work product." It is also my understanding that this version of this document reflects the feedback provided by Apple in-house and outside lawyers with respect to earlier versions of this presentation deck, as well as when compared with the final versions of the Analysis Group reports (which have been produced to Epic).

5. **APL-EG_10682431.** This document consists of a draft slide deck titled "App Store Price Committee U.S. Linkout SKU," dated July 3, 2023. It is an early draft of the Price Committee deck for Project Wisconsin. Apple's legal department instructed the team to assemble the draft Price Committee deck, the final version of which was to frame for the Price Committee the legal and business aspects of Apple's compliance obligations. While Apple's legal department requested that the business team develop viable options regarding (for example) the commission structure, and the Price Committee made the ultimate decisions regarding the U.S. Link Entitlement, this deck was prepared every step of the way at the direction of (and with direct feedback from) Apple legal. The redacted portions of this document reflect legal advice from counsel prepared for the purpose of communicating a legal opinion about compliance risk. The redacted pages indicate two Apple in-house attorneys, Ling Lew and Sean Cameron, helped prepare the redacted slides. There is also redacted information regarding the launch date of Apple's compliance plan with the Injunction, which reflects legal advice as I describe in paragraph 12 below related to document APL-EG_10682416. Later versions of this document also reflect feedback from Apple's in-house lawyers following discussion between the lawyers and business team on Injunction compliance, and when compared with this version, would reveal additional privileged information. The final version of the Price Committee deck was produced to Epic.

6. **Entry No. 16043.** This document consists of a draft presentation deck titled "App Store – Price Committee U.S. Linkout Sku," and is dated July 3, 2023. This is a similar version of the same

| DECLARATION OF JENNIFER BROWN IN SUPPORT OF APPLE'S MOTION FOR RELIEF FROM A NON-DISPOSITIVE PRETRIAL ORDER OF A MAGISTRATE JUDGE | 3 | CASE NO. 4:20-CV-05640-YGR |

document I describe in paragraph 5 (APL-EG_10682431).  It is an early draft of the Price Committee deck for Project Wisconsin.  Apple's legal department instructed the team to assemble the draft Price Committee deck, the final version of which was to frame for the Price Committee the legal and business aspects of Apple's compliance obligations.  While Apple's legal department requested that the business team develop viable options regarding (for example) the commission structure, and the Price Committee made the ultimate decisions regarding the U.S. Link Entitlement, this deck was prepared every step of the way at the direction of (and with direct feedback from) Apple legal.

7. I understand that this version of the Price Committee deck is similar to APL-EG_10682431, and that Apple is only challenging the redactions that were overruled in that document. I understand that the version in Entry No. 16043 was inadvertently withheld and instead should have been redacted consistent with APL-EG_10892431.  Accordingly, as I explained above for APL-EG_10682431, the redacted portions of that document reflect legal advice from counsel prepared for the purpose of communicating a legal opinion about compliance risk.  The redacted pages indicate two Apple in-house attorneys, Ling Lew and Sean Cameron, helped prepare the redacted slides.  There is also redacted information regarding the launch date of Apple's compliance plan with the Injunction, which reflects legal advice as I describe in paragraph 12 below related to document APL-EG_10682416.  Later versions of this document also reflect feedback from Apple's in-house counsel and outside counsel following discussion between the lawyers and business team on Injunction compliance, and when compared with this version, would reveal additional privileged information.  The final version of this document was produced to Epic.

8. **APL-EG_10680322.** This document is titled "Wisconsin Draft Comms," and is dated July 2, 2023.  The redacted portion of this document consists of draft language for the system disclosure sheet.  Apple's legal department was responsible for drafting and editing the specific language that would

be included in the system disclosure sheet, not only to ensure compliance with the Injunction at issue, but also because similar system disclosure sheets were the subject of an ongoing litigation in *Epic Games, Inc. v. Google LLC*, No. 20-cv-5671 (N.D. Cal.). I was involved in tracking that parallel litigation and its potential impact on this litigation. I understand that later versions of the system disclosure sheet also reflect the feedback provided by Apple in-house lawyers and outside counsel regarding the redacted language in this document.

9. **APL-EG 10681518.** This document consists of a draft presentation deck titled "Epic Injunction Compliance Press Briefing," and is dated January 2024. Throughout Apple's Injunction compliance efforts, Apple's legal department worked closely with its communications team to convey legal advice regarding the enforcement and meaning of the Injunction. My legal advice, as well as legal advice from other in-house counsel and outside counsel, is reflected throughout the redacted portions of this document.

Five redacted pages of this document include case summary details and my notes describing my interpretation of the landscape of the Injunction, legal interpretation of the Court's rulings in this matter, and legal interpretation of what would be required of Apple to comply with the Injunction. These notes are communications between client and counsel, prepared to share my legal analysis and mental impressions with the Apple team. They also reflect my own mental impressions and are attorney work product.

I understand that the text on page 15 of the document was previously redacted, but that Apple is not appealing the Court's decision on that specific redaction.

The final redacted portion of this document on page 33 consists of the draft language of the system disclosure sheet. I understand that all of the images on page 33 were redacted, but that Apple is only appealing the Court's decision on the second image to the left, which depicts the system disclosure sheet. As I explained in paragraph 8 regarding document APL-EG_10680322 above, the text of the

system disclosure sheet was drafted and revised by lawyers not only to ensure compliance with the Injunction at issue, but also because similar system disclosure sheets were the subject of an ongoing litigation in *Epic Games, Inc. v. Google LLC*, No. 20-cv-5671 (N.D. Cal.). I was involved in tracking that parallel litigation and its potential impact on this litigation. I understand that later versions of the system disclosure sheet also reflect the feedback provided by Apple in-house lawyers and outside counsel regarding the redacted language in this document.

10. **APL-EG 10699646.** This document reflects an email chain between Apple's executive team, communications team, and various members of the legal team discussing legal advice related to compliance with foreign regulations in the Netherlands. The legal team was intimately involved in providing legal advice related to public-facing communications, including to developers. Sean Cameron, Apple in-house counsel and the recipient of this email, is a lawyer responsible for providing legal support for the App Store and was centrally involved in the Netherlands compliance.

11. **Entry No. 2094.** This document consists of a presentation deck titled "Price Committee StoreKit External Purchase Link Entitlement (US)," dated January 16, 2024. I understand that this document, a final version of the Price Committee deck, was collected from a folder created by outside counsel (and shared through in-house counsel) to prepare Phil Schiller to give testimony at the Injunction compliance evidentiary hearing on May 8, 2024. This folder was created by Apple's outside counsel, who selected the documents included to prepare Mr. Schiller for testimony, and outside counsel sent this folder to Apple's in-house counsel including myself, as part of the preparation efforts. The decision to include this particular document in Mr. Schiller's testimony preparation was a strategic legal decision made by in-house and outside counsel. A different version of the same document has already been produced to Epic.

12. **APL-EG_10682416.** This document is titled "Wisconsin Proposals 6/1." I understand this document was prepared by Carson Oliver and reflects his personal notes from a meeting involving Apple legal, and also includes information prepared and requested by legal counsel. The document contains several redactions, but I understand that Apple is only challenging the second one, which involves the launch date of Apple's compliance plan with the Injunction. The determination of when Apple would be required to comply with the Injunction—in view of the stay pending appeal and the post-decision filings—was informed extensively by legal counsel. I communicated closely with outside counsel regarding potential compliance dates and would provide legal advice to the business team regarding this depending on my conversations with outside counsel. Outside counsel provided legal advice on the likely date that the Injunction would become effective, based on factors such as the issuance of the Ninth Circuit's mandate and the likelihood that the Supreme Court would grant review, and the compliance date was pegged to that date. Therefore, any date related to our required compliance was only reflected in business communications because Apple legal (or outside counsel) informed others of that date, and therefore reflects legal advice.

13. Eight of the nine documents addressed herein (all except APL-EG 10699646) were created solely in the context of Apple's compliance with this Court's injunction. In other words, these documents would not exist but for this litigation and the injunction. And the litigation team (both in-house and outside counsel) was involved in virtually all stages of the injunction compliance project. These documents were created to assist Apple in discharging its obligations to comply with the injunction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2024

By: /s/ Jennifer Brown
Jennifer Brown