```
Hon. Wayne D. Brazil (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
213-253-9780
Special Master
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE, INC., <br><br> Defendants. | Case No. 4:20-CV-05640-YGR-TSH <br><br> JAMS Reference No. 7220000268 <br><br> **CONSENT OF COURT-APPOINTED SPECIAL MASTER AND AFFIDAVIT OF WAYNE D. BRAZIL** <br><br> Judge: Hon. Yvonne Gonzalez Rogers |

1. I, WAYNE D. BRAZIL, hereby affirm under penalty of perjury, that I am retired from the United States District Court, Northern District of California, and am currently serving as a neutral at JAMS, in the office Two Embarcadero Center, Suite 1500, San Francisco, CA 94111.

2. I have received the JOINT STIPULATION AND ORDER APPOINTING SPECIAL MASTERS [Dkt. No. 1074], signed by Hon. Yvonne Gonzalez Rogers and I hereby consent to appointment as Special Master in the above-entitled case. The normal rate of compensation as a Special Master is $1,300 per hour plus administrative fees as outlined in the attached Fee Schedule.

3. I have read and reviewed the grounds for disqualification under 28 U.S.C. § 455 and declare as follows:

   a. I have no personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

b. I have not served in private practice since 1978 and have not served as a lawyer in the matter in controversy, nor has any lawyer with whom I previously practiced law served during such association as a lawyer concerning the matter, nor as a judge or lawyer have I been a material witness concerning it.

c. I have not served in government employment wherein I would have participated as counsel, adviser or material witness concerning the proceeding, nor have I expressed an opinion concerning the merits of the case herein.

d. I know that neither I, individually or as a fiduciary, has a financial interest in the subject matter in controversy, nor in a party to the proceeding, nor any other interest that could be substantially affected by the outcome of the proceeding.

e. I state that neither I nor any person within the third degree of relationship to nor the spouse of such person:

    (i) is a party to the proceeding, nor an officer, director, nor trustee of a party

    (ii) is acting as a lawyer in the proceeding;

    (iii) is known by this Court-Appointed Neutral (Referee/Special Master) to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) is to the Court-Appointed Special Master's knowledge, likely to be a material witness in the proceeding.

I declare under penalty of perjury that the preceding facts are true as known to me or those matters not directly known to me are true on information and belief.

Dated: 12/17/2024 | 4:53 PM PST

*Wayne D. Brazil*
Hon. Wayne D. Brazil (Ret.)
Special Master

2

## California General Disclosures & Mediation Disclosures – Report A (MKT016A)

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

Panelist: Wayne D. Brazil        Reference #: 7220000268        12/17/2024

### Defendant(s)

**Apple Inc.**
No Address Listed

**Relevant Cases heard with Apple Inc.**

**Arbitration**

· Arbitration(s) - Closed cases        1

### Counsel for Defendant

**Cynthia Richman**
**Gibson Dunn & Crutcher**
1050 Connecticut Ave. NW
Washington, DC 20036

**Relevant Cases heard with Cynthia Richman**

No Cases to Report

**Daniel G. Swanson**
**Gibson Dunn & Crutcher**
333 S. Grand Ave.
52nd Floor
Los Angeles, CA 90071-3197

**Relevant Cases heard with Daniel G. Swanson**

No Cases to Report

**Jason C. Lo**
**Gibson Dunn & Crutcher**
333 S. Grand Ave.
52nd Floor
Los Angeles, CA 90071-3197

**Relevant Cases heard with Jason C. Lo**

No Cases to Report

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.

## California General Disclosures & Mediation Disclosures – Report A (MKT016A)

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

Panelist: Wayne D. Brazil      Reference #: 7220000268      12/17/2024

**Julian W Kleinbrodt**
**Gibson Dunn & Crutcher**
One Embarcadero Center
Suite 2600
San Francisco, CA 94111

**Relevant Cases heard with Julian W Kleinbrodt**

No Cases to Report

**Richard J. Doren**
**Gibson Dunn & Crutcher**
333 S. Grand Ave.
52nd Floor
Los Angeles, CA 90071-3197

**Relevant Cases heard with Richard J. Doren**

No Cases to Report

**Relevant Cases heard with Gibson Dunn & Crutcher**

**Arbitration**

・Arbitration(s) - Closed cases        2

**Mediations\Neutral Analysis\Other**

・Matter(s) Assigned to another neutral*    1

・Neutral Analysis(s) - Closed cases        1

**Joshua Wesneski**
**Weil Gotshal & Manges LLP**
2001 M St NW
Suite 600
Washington, DC 20036

**Relevant Cases heard with Joshua Wesneski**

No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

\* *"Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

12/17/2024                                                                                                          Page 2 of 7

### California General Disclosures & Mediation Disclosures – Report A (MKT016A)

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

Panelist: Wayne D. Brazil           Reference #: 7220000268           12/17/2024

---

**Mark A. Perry**
**Weil Gotshal & Manges LLP**

2001 M St NW
Suite 600
Washington, DC 20036

**Relevant Cases heard with Mark A. Perry**

No Cases to Report

**Relevant Cases heard with Weil Gotshal & Manges LLP**

No Cases to Report

---

**Nicole J. Comparato**
**Weil Gotshal & Manges LLP**

1395 Brickell Ave.
Suite 1200
Miami, FL 33131

**Relevant Cases heard with Nicole J. Comparato**

No Cases to Report

## Plaintiff(s)

**Epic Games, Inc.**
No Address Listed

**Relevant Cases heard with Epic Games, Inc.**

No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

### California General Disclosures & Mediation Disclosures – Report A (MKT016A)

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

Panelist: Wayne D. Brazil         Reference #: 7220000268         12/17/2024

## Counsel for Plaintiff

**Gary A. Bornstein**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Gary A. Bornstein**

No Cases to Report

**Justin C. Clarke**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Justin C. Clarke**

No Cases to Report

**Lauren A. Moskowitz**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Lauren A. Moskowitz**

No Cases to Report

**M. Brent Byars**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with M. Brent Byars**

No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

### California General Disclosures & Mediation Disclosures – Report A (MKT016A)

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

Panelist: Wayne D. Brazil    Reference #: 7220000268    12/17/2024

**Michael J. Zaken**
**Cravath, Swaine & Moore LLP**
Worldwide Plaza
825 Eighth Ave
New York, NY 10019-7475

**Relevant Cases heard with Michael J. Zaken**

No Cases to Report

**Tina Seideman**
**Cravath, Swaine & Moore LLP**
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Tina Seideman**

No Cases to Report

**Yonatan Even**
**Cravath, Swaine & Moore LLP**
Worldwide Plaza
825 Eighth Ave
New York, NY 10019-7475

**Relevant Cases heard with Yonatan Even**

No Cases to Report

**Relevant Cases heard with Cravath, Swaine & Moore LLP**

No Cases to Report

**Paul J. Riehle**
**Faegre Drinker Biddle & Reath LLP**
4 Embarcadero Center
27th Floor
San Francisco, CA 94111

**Relevant Cases heard with Paul J. Riehle**

No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

\* *"Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

### California General Disclosures & Mediation Disclosures – Report A (MKT016A)

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

| Panelist: Wayne D. Brazil | Reference #: 7220000268 | 12/17/2024 |
|---|---|---|

**Relevant Cases heard with Faegre Drinker Biddle & Reath LLP**

<u>Arbitration</u>

· **Arbitration(s) - Closed cases**                1

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

\* *"Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

**California General Disclosures & Mediation Disclosures – Report A (MKT016A)**

Epic Games, Inc. vs. Apple, Inc.

This report includes General Disclosure of Client Activity. Case counts are provided for Arbitrations, Court Reference Matters, Mediations and other ADR. As required by the California Ethics Standards, Arbitration, Med-Arb, and Court Reference numbers are provided for the last 5 years; Mediation numbers are provided for the past 2 years. This Report also includes the detail required for Mediations per Standard 7. (Required additional case detail for Arbitrations, Med-Arbs and Court Reference cases are included in a separate report, JAMS Case Disclosure Report B (MKT016C). )

| Panelist: Wayne D. Brazil | Reference #: 7220000268 | 12/17/2024 |

## Other Disclosures

N/A

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

Docusign Envelope ID: D3BD62F0-4E66-4378-974D-0F7077F76597

### JAMS Relevant Case Disclosure, Report B (MKT016C)

Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

Panelist: Wayne D. Brazil    Reference #: 7220000268    12/17/2024

## Defendant(s)

**Apple Inc.**
No Address Listed

**Relevant Cases heard with Apple Inc.**

Private Party vs. Apple, Inc. (JAMS Reference No. 1100106401)  -  Arbitration
Panelist Role: Neutral Arbitrator - Sole Arbitrator
Case Result(s):  Settled prior to hearing: Monetary -  - 04/02/2021

| Representative Name | Representative Firm | P/D | Party/Parties Represented |
|---|---|---|---|
| Menaka N. Fernando, Esq. | Outten & Golden LLP | CLAI | Private Party |
| Julia C. Stephanides, Esq. | Outten & Golden LLP | CLAI | Private Party |
| Todd K. Boyer, Esq. | Baker & McKenzie LLP | RESP | Apple Inc. |
| Zoe R. DeGeer, Esq. | Outten & Golden LLP | CLAI | Private Party |
| Jude Nwaokobia, Esq. | Outten & Golden LLP | CLAI | Private Party |
| Caroline A. Pham, Esq. | Baker & McKenzie LLP | RESP | Apple Inc. |
| Iris Mattes | Outten & Golden LLP | CLAI | Private Party |

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

### JAMS Relevant Case Disclosure, Report B (MKT016C)

#### Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

| Panelist: Wayne D. Brazil | Reference #: 7220000268 | 12/17/2024 |
|---|---|---|

## Counsel for Defendant

**Cynthia Richman**
**Gibson Dunn & Crutcher**

1050 Connecticut Ave. NW
Washington, DC 20036

**Relevant Cases heard with Cynthia Richman**

No Cases to Report

**Daniel G. Swanson**
**Gibson Dunn & Crutcher**

333 S. Grand Ave.
52nd Floor
Los Angeles, CA 90071-3197

**Relevant Cases heard with Daniel G. Swanson**

No Cases to Report

**Jason C. Lo**
**Gibson Dunn & Crutcher**

333 S. Grand Ave.
52nd Floor
Los Angeles, CA 90071-3197

**Relevant Cases heard with Jason C. Lo**

No Cases to Report

**Julian W Kleinbrodt**
**Gibson Dunn & Crutcher**

One Embarcadero Center
Suite 2600
San Francisco, CA 94111

**Relevant Cases heard with Julian W Kleinbrodt**

No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

## JAMS Relevant Case Disclosure, Report B (MKT016C)

### Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

Panelist: Wayne D. Brazil     Reference #: 7220000268     12/17/2024

---

**Richard J. Doren**
**Gibson Dunn & Crutcher**

333 S. Grand Ave.
52nd Floor
Los Angeles, CA 90071-3197

**Relevant Cases heard with Richard J. Doren**

No Cases to Report

**Relevant Cases heard with Gibson Dunn & Crutcher**

Lai, Canfeng (APPEAL) vs. Applied Materials, Inc. (JAMS Reference No. 1110029835)  -  Arbitration
Panelist Role: Neutral Arbitrator - Panel Member
Case Result(s):  Partial Award for Claimant(s) - 06/05/2024
Award Date: 5/17/2024

| Representative Name | Representative Firm | P/D | Party/Parties Represented |
|---|---|---|---|
| James H. Pooley, Esq. | James Pooley PLC | AE | Applied Materials, Inc. |
| Adam Seth Cashman, Esq. | Singer Cashman LLP | AT | Private Party |
| Benjamin L. Singer, Esq. | Singer Cashman LLP | AT | Private Party |
| Douglas S. Tilley, Esq. | Singer Cashman LLP | AT | Private Party |
| Evan N. Budaj, Esq. | Singer Cashman LLP | AT | Private Party |
| L. Kieran Kieckhefer, Esq. | Gibson Dunn & Crutcher LLP | AE | Applied Materials, Inc. |
| Lillian Mao, Esq. | Gibson Dunn & Crutcher | AE | Applied Materials, Inc. |
| Christina E. Myrold | Gibson Dunn & Crutcher | AE | Applied Materials, Inc. |
| Stuart Rosenberg, Esq. | Gibson Dunn & Crutcher | AE | Applied Materials, Inc. |
| Joseph A. Gorman, Esq. | Gibson Dunn & Crutcher | AE | Applied Materials, Inc. |

Private Party vs. Shipt, Inc (JAMS Reference No. 1130009059)  -  Arbitration
Panelist Role: Neutral Arbitrator - Sole Arbitrator
Case Result(s):  Settled prior to hearing: Monetary -  - 04/26/2021

| Representative Name | Representative Firm | P/D | Party/Parties Represented |
|---|---|---|---|
| Emma Knowles, Esq. | Keller Lenkner LLC | CLAI | Private Party |
| Legal Department | Shipt, Inc. | RESP | Shipt, Inc. |
| Jordan E. Johnson, Esq. | Gibson Dunn & Crutcher | RESP | Shipt, Inc. |
| Dhananjay S. Manthripragada, Esq. | Gibson Dunn & Crutcher | RESP | Shipt, Inc. |
| Michele L. Maryott, Esq. | Gibson Dunn & Crutcher | RESP | Shipt, Inc. |
| Theane Evangelis, Esq. | Gibson Dunn & Crutcher | RESP | Shipt, Inc. |

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.

**JAMS Relevant Case Disclosure, Report B (MKT016C)**

Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

Panelist: Wayne D. Brazil   Reference #: 7220000268   12/17/2024

**Joshua Wesneski**
**Weil Gotshal & Manges LLP**

2001 M St NW
Suite 600
Washington, DC 20036

**Relevant Cases heard with Joshua Wesneski**

No Cases to Report

**Mark A. Perry**
**Weil Gotshal & Manges LLP**

2001 M St NW
Suite 600
Washington, DC 20036

**Relevant Cases heard with Mark A. Perry**

No Cases to Report

**Relevant Cases heard with Weil Gotshal & Manges LLP**

No Cases to Report

**Nicole J. Comparato**
**Weil Gotshal & Manges LLP**

1395 Brickell Ave.
Suite 1200
Miami, FL 33131

**Relevant Cases heard with Nicole J. Comparato**

No Cases to Report

## Plaintiff(s)

**Epic Games, Inc.**
No Address Listed

**Relevant Cases heard with Epic Games, Inc.**

No Cases to Report

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.

**JAMS Relevant Case Disclosure, Report B (MKT016C)**

Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

Panelist: Wayne D. Brazil   Reference #: 7220000268   12/17/2024

## Counsel for Plaintiff

**Gary A. Bornstein**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Gary A. Bornstein**

No Cases to Report

**Justin C. Clarke**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Justin C. Clarke**

No Cases to Report

**Lauren A. Moskowitz**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with Lauren A. Moskowitz**

No Cases to Report

**M. Brent Byars**
**Cravath, Swaine & Moore LLP**

Two Manhattan West
375 9th Ave
New York, NY 10001

**Relevant Cases heard with M. Brent Byars**

No Cases to Report

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

## JAMS Relevant Case Disclosure, Report B (MKT016C)

### Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

Panelist: Wayne D. Brazil  Reference #: 7220000268  12/17/2024

**Michael J. Zaken**
**Cravath, Swaine & Moore LLP**

Worldwide Plaza
825 Eighth Ave
New York, NY 10019-7475

**Relevant Cases heard with Michael J. Zaken**

No Cases to Report

**Tina Seideman**
**Cravath, Swaine & Moore LLP**

375 9th Ave
New York, NY 10001

**Relevant Cases heard with Tina Seideman**

No Cases to Report

**Yonatan Even**
**Cravath, Swaine & Moore LLP**

Worldwide Plaza
825 Eighth Ave
New York, NY 10019-7475

**Relevant Cases heard with Yonatan Even**

No Cases to Report

**Relevant Cases heard with Cravath, Swaine & Moore LLP**

No Cases to Report

**Paul J. Riehle**
**Faegre Drinker Biddle & Reath LLP**

4 Embarcadero Center
27th Floor
San Francisco, CA 94111

**Relevant Cases heard with Paul J. Riehle**

No Cases to Report

**Relevant Cases heard with Faegre Drinker Biddle & Reath LLP**

Prime Healthcare Services - Reno LLC dba Saint Mary's Medical Group LLC, et al. vs. Prominence HealthFirst (JAMS Reference No. 5260000112)  -  Arbitration
Panelist Role: Emergency Arbitrator

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

*\* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

**JAMS Relevant Case Disclosure, Report B (MKT016C)**

Epic Games, Inc. vs. Apple, Inc.

This report includes Disclosure of Activity in Relevant Cases (defined as Arbitration, Med-Arb, and Court Reference Cases) from 12/17/2019 to 12/17/2024. All branches of counsel firms are included. **Note this report does not include mediations, which are reflected in the General Disclosures, Report A.

Panelist: Wayne D. Brazil        Reference #: 7220000268        12/17/2024

Case Result(s):  No prevailing party - 06/15/2023

| Representative Name | Representative Firm | P/D | Party/Parties Represented |
|---|---|---|---|
| Andrew C. Cookingham, Esq. | Bracewell LLP | CLAI | Prime Healthcare Services - Reno, LLC dba Saint Mary's & Saint Mary's Urgent Care, LLC |
| Nancy Mcevily Davis, Esq. | Bracewell LLP | CLAI | Prime Healthcare Services - Reno, LLC dba Saint Mary's & Saint Mary's Urgent Care, LLC |
| Jason P Gosselin | Faegre Drinker Biddle & Reath LLP | RESP | Prominence HealthFirst |
| Christopher F. Petillo | Faegre Drinker Biddle & Reath LLP | RESP | Prominence HealthFirst |
| Dona Trnovska, Esq. | Faegre Drinker Biddle & Reath LLP | RESP | Prominence HealthFirst |
| Anna L. Wortham, Esq. | Bracewell LLP | CLAI | Prime Healthcare Services - Reno, LLC dba Saint Mary's & Saint Mary's Urgent Care, LLC |

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

* "Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.

# General Fee Schedule
### Hon. Wayne D. Brazil (Ret.)
*National*

## PROFESSIONAL FEES

**Daily Rate** ..................................................$13,000
Includes up to 8 hours of session time on the scheduled day and up to 2 hours of reading and research time.

**Half Day Rate**..................................................$7,500
Includes up to 4 hours of session time on the scheduled day and up to 1 hours of reading and research time.

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $1,300 per hour. This may include travel time.

## ARBITRATION FEES

**Filing Fee**
$2,000 – Two Party Matter
$3,500 – Matters involving three or more parties
$2,000 – Counterclaims
• Entire Filing Fee must be paid in full to commence the proceedings.
• A refund of $1,000 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

**Case Management Fee**
- 13% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## CASE MANAGEMENT FEES FOR OTHER MATTERS

**Discovery, Court Appointed Neutral (Reference/Special Master), Appraisal, and Binding Mediation**
Initial Non-Refundable Case Management Fee of $1000 per party
Plus 13% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | | Cancellation/Continuance Period | | Fee |
|---|---|---|---|---|
| 1 day or less | ……………… | 14 days or more prior to session | ……………… | 100% REFUNDABLE, except for time incurred |
| 2 days or more | ……………… | 30 days or more prior to session | ……………… | 100% REFUNDABLE, except for time incurred |
| 3 days or more | ……………… | 45 days or more prior to session | ……………… | 100% REFUNDABLE, except for time incurred |
| 6 days or more | ……………… | 60 days or more prior to session | ……………… | 100% REFUNDABLE, except for time incurred |
| Sessions of any length | ……………… | Inside the cancellation/continuance period | ……………… | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable Case Management Fees, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with a hearing in another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A retainer for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- Refund Policy: Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.

www.jamsadr.com • Updated 11/25/2024