PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
JUSTIN C. CLARKE (*pro hac vice*)
jcclarke@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S OPPOSITION TO APPLE'S MOTION FOR RELIEF** <br><br> Courtroom: 1, 4th Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

## I. BACKGROUND

On May 31, 2024, this Court ordered Apple to produce "all [] documents relative to the decision-making process leading to the link entitlement program and associated commission rates". (Dkt. 974.) Instead of promptly complying with that Order, Apple engaged in months of delay and "bad behavior". (Dkt. 1017 at 2.) But Apple did not simply stall; when Apple finally made substantial productions, it became clear that Apple "us[ed] the attorney-client privilege to shield non-privileged business decisions". (Dkt. 1056 at 2, the "Order".) [1] Specifically, Apple withheld on the basis of entirely spurious privilege claims roughly 57,000 documents—over one-third of the responsive documents it identified overall.

Epic raised its concerns with Apple, identifying multiple examples of facially improper privilege assertions, but Apple wouldn't budge. Accordingly, Epic filed a Statement of Discovery Disputes with Judge Hixson. (Dkt. 1039, the "SDD".) Epic identified four categories of documents that Apple withheld or redacted based on facially implausible privilege claims: drafts of Apple's scare screens (so-called "system disclosure sheets"); drafts of the Price Committee deck that was the subject of testimony before this Court; drafts created by and communications with Analysis Group; and Injunction compliance timelines. Epic referenced 11 exemplar documents across these four categories and, because Judge Hixson's rules do not allow exhibits, asked Judge Hixson to review the documents at issue. (SDD at n.2.) Apple, in response, reiterated its privilege assertions but did not request to provide additional evidence to substantiate its claims. (SDD at 3-5.) Following *in camera* review, Judge Hixson issued the Discovery Order at issue, rejecting all the privilege claims Epic challenged in the 11 exemplar documents, and several additional redactions Epic did not challenge (because it lacked sufficient information to do so), making careful findings as to each document. (Ord.)

Apple is challenging the Order as it applies to nine documents, raising two related arguments. *First*, Apple contends Judge Hixson "ignored" the context of the documents. But as the Order makes clear, Judge Hixson *considered* the context provided to him (the documents, the

---

[1] In light of Judge Hixson's findings, Apple must now re-review *all* of its 57,000 privilege assertions.

1  privilege log, and the SDD) and *overruled* Apple's privilege assertions.  There is no error, let

2  alone clear error of the sort requiring this Court's intervention.  *Second*, Apple contends the

3  documents are privileged in light of *additional* context, detailed in a new 7-page declaration that

4  Apple did not submit, or seek to submit, to Judge Hixson.  The Court should not entertain Apple's

5  invitation to assess the Order on the basis of evidence Apple did not provide Judge Hixson.  *See*

6  *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (finding no requirement for district

7  courts to consider evidence not presented to a magistrate judge).  Apple's Motion cannot meet the

8  "high bar" for overruling Judge Hixson's Order (Dec. 18, 2024 Hr'g Tr. 9:17-18), and it should

9  be denied.

10  **II.    ARGUMENT**

11  Magistrate Judge Hixson's "factual determinations are reviewed for clear error" and "legal

12  conclusions are reviewed to determine whether they are contrary to law".  *Perry v.*

13  *Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also* Fed. R. Civ. P. 72(a).  Apple's

14  challenge fails to overcome this "extremely deferential" standard.  *Ramirez v. Bank of Am., N.A.*,

15  2024 WL 3550393, at *2 (N.D. Cal. Apr. 3, 2024).

16        **A.    Judge Hixson Did Not Fail to Assess Relevant Context.**

17  Apple complains that the December 2 Order "lacks context".  (Dkt. 1064 at 10:4.)  To the

18  extent Apple now believes that the Order lacks consideration of the appropriate context (which it

19  does not), that is a problem of Apple's own making.  Apple had an opportunity to present

20  arguments and context supporting its privilege claims in its portion of the SDD.  Apple never

21  asked to provide Judge Hixson with more information nor argued more "context" was necessary

22  to rule on its privilege assertions.  *See United States v. Boyce*, 2014 WL 7507240, at *7 (C.D. Cal.

23  May 2, 2014) ("[D]istrict courts may decline to consider arguments . . . not made before the

24  magistrate judge.")  It was Apple's burden to substantiate its privilege assertions, *Weil v.*

25  *Inv./Indicators Rsch. & Mgmt.,* 647 F.2d 18, 25 (9th Cir. 1981), and Apple failed to do so.  Judge

26  Hixson appropriately used all the context the Parties provided—the documents, the privilege log,

27  and the SDD.  (Dkt. 1064 at 14:10-15:1.)  There was no error.  *Ramirez*, 2024 WL 3550393, at *6

28

1  (finding "no indication" that the magistrate judge "clearly erred by refusing to do plaintiffs' work
2  for them").

3     In any event, Judge Hixson did not improperly ignore any relevant fact or argument Apple
4  actually presented. To the contrary, Judge Hixson considered them and rejected them all.

5     *First*, Apple suggests Judge Hixson ignored the fact that "the entire link entitlement
6  framework was developed in the context of *actual, pending* litigation". (Dkt. 1070 at 3, the
7  "Motion".) Far from ignoring it, Judge Hixson saw this fact for the red herring that it is. Apple
8  argued that because of this pending-litigation context, it is "no surprise that a substantial number
9  of . . . documents contain information protected by the attorney-client privilege". (SDD at 3.)
10 Judge Hixson considered and cabined this argument, finding that "a business analysis of ways to
11 comply with a legal requirement is not privileged . . . . Privilege does not descend like a giant fog
12 bank on every document that is in some way connected with an effort to achieve legal
13 compliance." (Ord. at 1.)

14    *Second*, Apple suggests that Judge Hixson overlooked its assertion that all dates and
15 timelines mentioned in its compliance planning documents reflected legal assessments of the
16 appeal process. (Mot. at 3.) Apple claimed that those dates were "informed extensively by legal
17 counsel". (Dkt. 1039 at 5.) Nothing in Judge Hixson's Order suggests he ignored Apple's
18 explanation. Rather, he rejected it, consistent with the overarching principle he articulated that
19 "the legal advice requested of counsel, and the advice provided, are privileged, but that's it".
20 (Ord. at 1.) Here, while Apple claimed the compliance dates may be "informed" by legal counsel,
21 Apple never claimed that they were *set* by counsel, informed *only* by counsel, or somehow
22 *disclose* any underlying legal advice or analysis.[2] Apple's supposed support for this argument is
23 an out-of-Circuit magistrate judge's decision that simply states that *legal analysis* of a business
24 transaction is privileged, but says nothing about privilege attaching to standalone dates in
25 corporate planning documents. *La. Mun. Police Emps. Retirement Sys. v. Sealed Air Corp.*, 253

---

[2] Apple now claims these dates were "based on" legal advice. (Mot. at 4.) To the extent this formulation is meant to go further than the claim Apple made in the SDD, it is improper.

1    F.R.D. 300, 307 (D.N.J. 2008). Judge Hixson did not clearly err in concluding that compliance

2    dates, in and of themselves, are not privileged. (Ord. at 3.)

3      *Third,* Apple claims that Judge Hixson ignored context showing that certain business

4    documents "reflect legal advice on a business decision, which is protected". (Mot. at 4.) Again,

5    Judge Hixson considered the factual context offered by Apple and *rejected* it. Apple's argument

6    references certain documents created by Analysis Group. In the SDD, Apple argued the Analysis

7    Group documents it withheld "are those on which Apple's [counsel] are providing legal advice".

8    (Dkt. 1039 at 5.) Epic noted that both Mr. Roman and Mr. Oliver testified that Analysis Group

9    was not retained for litigation purposes, but to perform *economic* work to inform Apple's *business*

10   team when considering the commission to impose on linked-out purchases. (Dkt. 1039 at 2.)

11   Equipped with this context, Judge Hixson reviewed the documents and found that, as a factual

12   matter, the documents "do[] not contain any legal advice, and [do] not ask for legal advice".

13   (Ord. at 1.) That conclusion was not clearly erroneous and does not suggest Judge Hixson

14   "ignored" any context.

15     Finally, Apple claims that Judge Hixson "failed to recognize" that certain documents were

16   drafts, and that Epic could compare drafts to reverse-engineer certain legal advice. (Mot. at 4.)

17   But Judge Hixson thoughtfully considered the argument and *rejected* it, explaining how even "[i]f

18   Epic compared every version of the draft user interface to the final version, Epic would not be

19   able to determine whether any legal advice was given, let alone what it might have been." (Ord.

20   at 2.) That was not clear error.

21     **B.**  **None of the Challenges to Specific Documents Reveals Clear Error.**

22     As noted above, Apple's attempt at a redo based on materials not presented to Judge

23   Hixson should be rejected. In any event, Judge Hixson's rulings were not clearly erroneous.

24     **1.**  **Analysis Group Draft Decks (Entry Nos. 7,077, 44,831):** As noted above, Judge
         Hixson did not clearly err in finding that these documents are "a business case
25       analysis bereft of any legal advice". (Ord. at 1-2.) They were prepared by a non-
         lawyer third party retained by non-lawyers at Apple, to provide "an overview of
26       the competitive landscape". (Dkt. 977 at 314:14-17 (Roman)). The fact they were
         also sent to lawyers does not shroud them in privilege.
27
28     **2.**  **Price Committee Decks (APL-EG_10682431; Entry No. 16,043):** Judge
         Hixson did not clearly err in finding these documents do not disclose the content of

any legal advice, and Apple does not seriously dispute this. Apple now claims the documents were prepared at the direction of counsel, but it made no such claim previously. Moreover, Apple witnesses testified that the Price Committee engaged in genuine commercial pricing analysis, not made-for-litigation work, making the work product doctrine inapplicable. (Dkt. 977 at 281:16-22 (Roman testifying that his team's analysis regarding the 27% fee was not "made-for-litigation").)

3. **Scare Screen Drafts (APL-EG_10680322):** Judge Hixson did not clearly err in finding that these documents disclose no legal advice and rejecting Apple's claim that Epic could reverse-engineer legal advice by comparing these drafts with others, because it is clear the scare screens were subject to input from multiple stakeholders. (Ord. at 2.) Apple now claims that the scare screens were "drafted and edited" by counsel (Mot. at 5), but it previously claimed that counsel "reviewed" and "advised" on these drafts. (Dkt. 1039 at 4.) Apple's attempt to change the facts on a Motion for Relief should be rejected. *See Howell*, 231 F.3d at 622.

4. **Press Briefing (APL-EG_10681518):** Judge Hixson did not clearly err in finding that this is a case summary drafted for incorporation into an externally facing press release and discloses no legal advice. (Ord. at 3.) Apple now claims the document discloses "lawyer notes" and "impressions" (Mot. at 5) but relied earlier on its privilege log description, which merely stated the document "reflect[s]" legal advice without any claim that it *discloses* such legal advice (Dkt. 1039 at 3)—and Judge Hixson, following *in camera* review, found it does not.

5. **Email Regarding Compliance (APL-EG_10699646):** It is not entirely clear which redactions Apple challenges in this document. In any event, Judge Hixson did not clearly err in concluding that the redaction at Bates '647, a "story" sent to both a lawyer and a business person for comments, is not privileged under the predominant purpose test. (Ord. at 3-4.) The other overruled redaction in this document (top redaction at '653) is a stark example of Apple's campaign of deceit; Apple first argued that this communication "explicitly refers to legal advice" and, when Epic pointed out this claim was patently false, (because Epic had an unredacted copy that was separately produced), Apple claimed instead that it "refers or responds" to legal advice. (Dkt. 1039 at 1.) It does neither of those things, and it was not clear error for Judge Hixson to reject a privilege assertion based on objectively false statements.

6. **Price Committee Deck (Entry No. 2094):** Judge Hixson did not clearly err in concluding this deck "contains no legal advice, nor any request for legal advice" and is not privileged. (Ord. at 2.) Apple does not dispute that but now claims the document is privileged because it was used by counsel to prepare a witness. That argument was not raised before and is wrong on the law: the *fact* that a document was selected for use with a witness may be protected, but such use does not then shroud the underlying document *itself* in privilege.

7. **Compliance Timeline in Business Notes Written by Carson Oliver (APL-EG_10682416):** As noted above, Judge Hixson did not err in finding that the portions of a document stating only a compliance date, without any detail about how Apple calculated that date, whether it was based on legal advice in whole or in part, let alone the content of such legal advice, is not privileged. (Ord. at 3.)

For these reasons, Epic respectfully requests that the Court deny Apple's Motion for Relief and leave fully intact Judge Hixson's December 2 Order.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 23, 2024 | Respectfully submitted, |
| 3 | | By:  /s/ *Yonatan Even* |
| 4 | | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| 5 | | |
| 6 | | Paul J. Riehle (SBN 115199) |
| 7 | | paul.riehle@faegredrinker.com |
| 8 | | Four Embarcadero Center |
| 9 | | San Francisco, California 94111<br>Telephone:  (415) 591-7500 |
| 10 | | Facsimile:  (415) 591-7510 |
| 11 | | **CRAVATH, SWAINE & MOORE LLP** |
| 12 | | Gary A. Bornstein (*pro hac vice*) |
| 13 | | gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*) |
| 14 | | yeven@cravath.com<br>Lauren A. Moskowitz (*pro hac vice*) |
| 15 | | lmoskowitz@cravath.com<br>Justin C. Clarke (*pro hac vice*) |
| 16 | | jcclarke@cravath.com<br>Michael J. Zaken (*pro hac vice*) |
| 17 | | mzaken@cravath.com<br>M. Brent Byars (*pro hac vice*) |
| 18 | | mbyars@cravath.com |
| 19 | | 375 Ninth Avenue |
| 20 | | New York, New York 10001<br>Telephone:  (212) 474-1000 |
| 21 | | Facsimile:  (212) 474-3700 |
| 22 | | *Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**E-FILING ATTESTATION**

I, Yonatan Even, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Yonatan Even*
Yonatan Even