PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
JUSTIN C. CLARKE (*pro hac vice*)
jcclarke@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice* pending)
joshua.wesneski@weil.com
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

*Attorneys for Defendant and Counterclaimant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>      Plaintiff, Counter-defendant,<br><br>    v.<br><br>APPLE INC.,<br><br>      Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER APPROVING PRIVILEGE RE-REVIEW PROTOCOL**<br><br>Courtroom: 1, 4th Floor<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

WHEREAS, pursuant to the Court's Orders Appointing Special Masters (ECF No. 1070; ECF No. 1074 (Judges Brazil and Gutierrez); ECF No. 1081 (Judge Segal)), the Plaintiff and Counter-defendant Epic Games, Inc. ("Epic"), and Defendant and Counterclaimant Apple Inc. ("Apple"; Apple and Epic together, the "Parties," and each individually, a "Party") have met and conferred and have agreed, in consultation with the Special Masters, that the following protocol will govern the re-review process directed by Judge Hixson (Dec. 5, 2024 Hr'g Tr. 12:18-23);

**THEREFORE, IT IS STIPULATED AND AGREED THAT**:

1. <u>Re-Review Plan</u>: Apple will re-review all documents identified as responsive to the Court's Order of May 31, 2024 (Dkt. 974) but withheld or redacted as privileged or otherwise protected as identified on Apple's previous privilege logs. Specifically:

    a. Apple has committed to re-reviewing these documents at a reasonable pace of approximately 15,000 per week.

    b. Apple will categorize the documents it re-reviews into one of the following three categories:

        i. **Category One**: Documents that Apple continues to maintain are privileged or otherwise protected in whole or in part (including for the avoidance of doubt any documents downgraded from withheld to redacted and/or as to which the redactions have changed), including under the December 2 Order.

        ii. **Category Two**: Documents that Apple maintains are privileged or otherwise protected in whole or in part, but that Apple acknowledges are not privileged or otherwise protected under Judge Hixson's order of December 2, 2024 (Dkt. 1056).

        iii. **Category Three**: Documents that Apple no longer maintains are privileged or otherwise protected.

      c. Every Monday beginning the first Monday after the finalization of this re-review protocol, by 5 p.m. Pacific Time, Apple will:

          i. Produce to Epic all Category Three documents Apple has identified through 2 p.m. Pacific Time on the preceding Thursday.

          ii. Produce to the Special Masters all Category One documents Apple has identified during the preceding week, clearly identifying whether Apple asserts privilege over the document in whole or as to specific parts.

          iii. Produce to Epic and to the Special Masters a privilege log for all Category One documents produced to the Special Masters pursuant to paragraph 1.c.ii above.

      d. The Special Masters will divide among themselves the documents produced to them and determine whether to overrule or sustain each of Apple's privilege assertions, applying general principles governing privilege and protections in the Ninth Circuit as well as the December 2 Order. The Special Masters may confer with each other as to the appropriate treatment of any document or category of documents. Any Special Master may also convene a hearing with the Parties to address documents.

      e. Apple may provide to the Special Masters (and Epic) additional information necessary to support Apple's claim of privilege, including but not limited to declarations. The Special Masters may also request additional information from Apple; if Apple believes such information is itself privileged, Apple may seek permission of the Special Master(s) asking for such information to provide such information *in camera*.

f. The Special Masters will provide the Parties with weekly reports indicating which documents were reviewed, their ruling as to each of these documents, and any additional information they wish to convey to the Parties.

g. Apple will produce to Epic all documents determined by the Special Masters not to be privileged within seven (7) calendar days after a report setting forth such a determination, except for documents as to which Apple objects pursuant to Section 4 below.

h. Apple will produce all Category Two documents to the Special Masters and/or Epic (as appropriate) within five (5) court days after Judge Gonzalez Rogers rules on the pending challenge to the December 2 Order.

i. Should any of the Special Masters identify concerns with either party's approach to the re-review process, that Special Master will promptly notify the Parties and the Court of such concerns.

j. If the Special Masters are unable to conduct the review within a reasonable time, they will promptly notify the Parties. Regardless of such notice, each Party may request to meet and confer on the possibility of expanding the Special Masters panel if the Party believes the review will not be completed within a reasonable time.

2. Communication and Preservation: The periodic reports issued by the Special Masters shall be emailed to the Parties (epic-mobileapps@cravath.com; WeilAppleEpic@weil.com; epicapplecompliance@gibsondunn.com). Such email transmittal shall fulfill the Special Master's duty under paragraph 1.f to provide weekly reports to the Parties. The Special Masters shall each preserve the reports in their successive iterations, as well as any working papers they use in the course of their review, for a period of six weeks following the completion of the review process.

3.   *Ex Parte* Communications: The Special Masters may communicate among themselves in accordance with paragraph 1.d, as well as for administrative purposes. The Special Masters may not engage in *ex parte* communications with any Party or the Court.

4.   Action On A Special Master's Privilege Rulings: The Special Masters' determinations, as set forth in the periodic reports, shall be subject to ECF No. 985 and Rule 53(f) except as set forth in this paragraph. Pursuant to Fed. R. Civ. P. 53(b)(2)(D), the procedures shall be modified as follows:

   a. Time Limits: Any Party wishing to object to a privilege ruling of the Special Master must file such objection with Magistrate Judge Hixson no later than four (4) court days from the issuance of the Special Master's privilege ruling, and the other Party may file a response within two (2) court days of the objection.

   b. Briefing and Filing the Record for Review: Objections shall be filed on a document-by-document basis:

      i. The objection shall not exceed one page per document, not including the cover sheet.

      ii. The objecting Party will file with the objection the relevant privilege log entry or entries pertaining to the privilege assertions at issue.

      iii. Any response also will not exceed one page per document.

      iv. The Parties may include declarations regarding their respective position.

      v. Unredacted versions of the document(s) at issue will be provided to the Court for review.

   c. Production Following Objection: Apple will produce all documents deemed not privileged in a ruling by Judge Hixson within three (3) court days of such ruling unless otherwise directed by the Court.

1    5.  Disclosure:  Disclosure of privileged or protected information to the Special Masters or the Court shall not be a waiver of privilege or a right of protection in this or any other proceeding.  Accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure.

6.  Compensation: Responsibility for payment of the Special Masters' fees shall be divided equally between the Parties. Each Special Master's fees shall be invoiced and paid pursuant to a separate agreement between the Parties and that Special Master.

Dated:  December 20, 2024

Respectfully submitted,

By:  /s/ *Yonatan Even*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

Dated: December 20, 2024    Respectfully submitted,

By:  /s/ *Mark A. Perry*

**WEIL, GOTSHAL & MANGES LLP**
   Mark A. Perry
   Joshua M. Wesneski

**GIBSON, DUNN & CRUTCHER LLP**
   Richard J. Doren
   Jason C. Lo
   Daniel G. Swanson
   Cynthia E. Richman
   Julian W. Kleinbrodt

*Attorneys for Defendant and Counterclaimant*
APPLE INC.

**PURSUANT TO THE FOREGOING STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated: December 23, 2024

~~HON. THOMAS S. HIXSON~~
HON. YVONNE GONZALEZ ROGERS

JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER APPROVING PRIVILEGE RE-REVIEW PROTOCOL     8     CASE NO. 4:20-CV-05640-YGR-TSH

**E-FILING ATTESTATION**

I, Yonatan Even, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Yonatan Even*
Yonatan Even