RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-Defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR <br><br> **APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE** <br><br> The Honorable Yvonne Gonzalez Rogers |

## I. EPIC IGNORES THE CONTEXTUAL EVIDENCE

Unable to dispute the Declaration of Apple's litigation counsel, Jennifer Brown, which confirms that the nine documents at issue are protected under the attorney-client privilege and/or the work product doctrine (Dkt. 1079-1), Epic resorts to unsupported rhetoric (*e.g.*, Opp. at 5 ("deceit")). Epic also attempts to dismiss the indisputable centerpiece of Apple's submission—that the link entitlement was developed in the context of actual pending litigation—as a "red herring." (Opp. at 3.) But this Court regularly recognizes the importance of context in considering the primary purpose of communications, particularly in circumstances related to legal or regulatory compliance. *See Staley v. Gilead Scis., Inc.*, 2021 WL 4318403, at *3 (N.D. Cal. July 16, 2021) ("Although the documents by themselves would not always be enough to show that legal advice was at issue, … the documents taken in conjunction with the … declarations are sufficient to establish that communications were made to provide legal advice on business decisions."); *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *11 (N.D. Cal. Aug. 3, 2022) ("[T]he content and context of such communications [related to regulatory compliance] must be considered in order to determine the primary purpose of the communication").

Epic's suggestion that Apple "had an opportunity" to present this context to Judge Hixson (Opp. at 2) is wrong. Epic sought the immediate production of tens of thousands of documents withheld as privileged or protected on a *categorical* basis, and Apple responded to Epic's arguments on the same basis, while insisting that "most of Epic's objections must be analyzed in the context of a specific document." (Dkt. 1039 at 4.) Yet Epic never moved to compel *any* document, and Judge Hixson's rules precluded Apple from filing a declaration to substantiate its privilege claims as to the exemplar documents. (Mot. at 2 (citing Judge Hixson Standing Discovery Order § 2).) Judge Hixson *sua sponte* reviewed 11 exemplar documents *in camera* and ruled on them, without requesting or receiving any further information. (Dkt. 1056.)

The Declaration is authorized by this Court's Rule 7-5(a), which *requires* that "[f]actual contentions must be supported by an affidavit or declaration." Epic's own case confirms that this Court may consider the evidence submitted by Apple yet ignored by Epic. *See United States v.*

*Howell*, 231 F.3d 615, 622 (9th Cir. 2000) ("[I]n making a decision whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion."). Courts regularly consider facts in connection with motions (*see id.*, 231 F.3d at 623; *see also Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, 2016 WL 5930289, at *9 (N.D. Cal. Oct. 11, 2016)), and due process requires consideration of the facts here. Ms. Brown's Declaration confirms that the documents at issue are protected from discovery under applicable law, which is presumably why Epic refuses to engage with it.

## II. THE DOCUMENTS AT ISSUE ARE PRIVILEGED OR PROTECTED

"The Ninth Circuit privilege test involves the nature, the content, and the context in which documents were prepared." *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003). Judge Hixson's ruling erred in ignoring the context, as substantiated in the undisputed declaration, and should be reversed.

1. **Draft Analysis Group Deck (Entry Nos. 7077, 44831)**: More than just being "sent to lawyers" (Opp. at 4), "Apple's legal department was directly involved in engaging Analysis Group," and litigation counsel "reviewed and commented" on the draft version of the presentation. Decl. ¶ 3; *see also* Tr. 548:7-18 (this Court's decision that "Apple had not adequately justified its 30 percent rate" "inform[ed] Apple's decision" to retain Analysis Group). Although the *final* version of this presentation was presented to the business, draft documents prepared by a consultant at the direction of a lawyer are privileged or protected, as are attorney comments on such drafts. *Karma Auto. LLC v. Lordstown Motors Corp.*, 2021 WL 4147007, at *2 (C.D. Cal. June 16, 2021) (finding documents prepared by a consulting firm engaged "to inform … legal strategy" where the "consultant was necessary for counsel to effectively communicate … regarding various options" were protected by both attorney-client and work-product privilege); *cf.* Fed. R. Civ. P. 26(b)(3)(B) (drafts of expert reports are privileged). Moreover, this Court protects from disclosure draft documents that could be compared to "determine the underlying legal advice provided or incorporated." *Tsantes v. Biomarin Pharm. Inc.*, 2022 WL 17974487, at *2 (N.D. Cal. Dec. 7, 2022).

2. **Price Committee Deck (APL-EG_10682431, Entry No. 16043):** That a Price Committee ultimately engaged in commercial pricing analysis does not mean that the primary purpose of the communication was not legal. Apple claims privilege only over the portions of the draft document that "reflect legal advice from counsel prepared for the purpose of communicating a legal opinion about compliance risk." Decl. ¶ 5; *Staley v. Gilead Scis. Inc.*, 2021 WL 4318403, at *2 (N.D. Cal. July 16, 2021) ("[I]f an attorney gives a client legal advice on a business decision, that communication is protected by the privilege"); *see also Tsantes*, 2022 WL 17974487, at *2. Compliance with the injunction was a business challenge wrapped in a legal obligation, and the primary purpose of these draft documents (and many others) was the

provision of advice regarding pending litigation.

3. **Draft System Disclosure Sheets (APL-EG_10680322)**: Apple claims privilege only over the draft language that "Apple's legal department was responsible for drafting and editing" in light of two pending lawsuits. Decl. ¶ 8. Language drafted by a lawyer to ensure compliance with a pending lawsuit (and in view of a separate lawsuit) constitutes both attorney work product and an attorney-client communication. *See Roth v. Aon Corp.*, 254 F.R.D. 538, 541 (N.D. Ill. 2009) (counsel's involvement in drafting SEC forms is "unsurprising" and "precisely the type of day-to-day guidance for which a corporation would rely on counsel").

4. **Press Briefing (APL-EG_10681518)**: The redacted portions of the documents "reflect[]" legal advice from Ms. Brown, "as well as legal advice from other in-house counsel and outside counsel." Decl. ¶ 9. The redactions include "case summary details and [Ms. Brown's] notes describing [her] interpretation of the landscape of the Injunction, legal interpretation of the Court's rulings in this matter, and legal interpretation of what would be required of Apple to comply with the Injunction." *Id.* An attorney's own "legal analysis and mental impressions" (*see id.*) are protected by the attorney-client privilege and work product doctrine. *Klein v. Meta Platforms, Inc.*, 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022) (finding communications made to provide public relations support in response to a press inquiry were "made for the primary purpose of giving or receiving legal advice" where "all … were authored by and/or directed to at least one of Meta's in house counsel").

5. **Email Regarding Compliance (APL-EG_10699646)**: Here, "the legal team was intimately involved in providing legal advice relating to public-facing communications" related to "compliance with foreign regulations." Decl. ¶ 10; *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (affirming privilege where "counsel worked closely" on drafts to "ensure compliance" with federal law).

6. **Price Committee Deck (Entry No. 2094):** Epic argues that only the "*fact* that a document was selected" may be privileged (*see* Opp. at 5), but courts hold that while an individual document may have already been produced, the set of documents itself "may reveal an attorney's thought processes." *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *6 (N.D. Cal. June 21, 2005); *see also James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) (holding binders of documents selected/compiled by counsel privileged). Here and elsewhere, Epic (like Judge Hixson) ignores the work product doctrine.

7. **Notes From Meeting With Legal (APL-EN_10682416)**: Contrary to Epic's caricature that Apple claims privilege over "all dates and timelines" (Opp. at 3), Apple actually claims privilege only over the *compliance deadline*, which was "informed extensively by legal counsel" (Decl. ¶ 12). Ms. Brown, whose "focus [is] on potential and active lawsuits or disputes" (*id.* ¶ 1), "communicated closely with outside counsel regarding potential compliance dates" (*id.* ¶ 12). "Outside counsel provided legal advice on the likely date that the Injunction would become effective." *Id.* The compliance date thus "reflect[s] confidential attorney-client communications." *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989); *cf. Staley v. Gilead Scis., Inc.*, 2021 WL 2416993, at *2 (N.D. Cal. June 14, 2021) (finding patent expiry dates privileged where they were not based on "public information or statute" but "legal analysis").

Dated: December 30, 2024

Respectfully submitted:

By: /s/ Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Mark A. Perry

Attorney for Apple Inc.