UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   Plaintiff and Counter-Defendant,<br><br>   v.<br><br>APPLE INC.,<br><br>   Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**ORDER DENYING APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 1079 |

Apple Inc. moves this Court to reverse in part Magistrate Judge Thomas S. Hixson's December 2, 2024 order (Dkt. No. 1056 (the "Order")) which largely rejected Apple's claims of attorney-client privilege and work-product protections as to eleven exemplar documents. Apple challenges the Order's holdings as to nine of those documents (Dkt. No. 1079), and Epic Games, Inc. ("Epic") opposes (Dkt. No. 1091).

As part of the ongoing evidentiary hearing regarding Apple's compliance with this Court's injunction, the Court ordered Apple to produce all injunction-compliance related documents (Dkt. No. 974), and referred all discovery matters to Judge Hixson (Dkt. No. 985). Of the documents reviewed, Judge Hixson estimates that Apple is asserting privilege over more than one third of the responsive documents.[1] (Order at 1.) The instant motion concerns, as Judge Hixson explained, "11 examples of documents that [Epic] says exemplify Apple's overreaching claims on privilege," which he reviewed in camera. (*Id.* at 1.)

A motion for relief from a non-dispositive order should only be granted when the moving party establishes that the non-dispositive order by the magistrate judge is clearly erroneous or contrary to law. Fed. R. Civ. P. 72; *see Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) ("[T]he magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard."). "In finding that the magistrate judge's decision is

---

[1] Apple has to-date asserted privilege over some 55,000 (by Apple's count) to 57,000 (by Epic's count) documents. (*See* Dkt. No. 1073 at 2, 4.)

1  'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been
2  committed." *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 841334, at *1 (N.D. Cal. Mar. 6, 2013)
3  (quoting *Wi-Lan, Inc. v. LG Elecs., Inc.*, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011)).  This
4  standard of review is extremely deferential.  *Id.*

5  The core of Apple's assertion of privilege rests on claims of "dual-purpose
6  communications," *i.e.*, communications with counsel that "involve both legal and non-legal
7  analyses."  *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (citation omitted).  For these
8  "dual-purpose communications," the Ninth Circuit has directed courts to apply the "primary
9  purpose test" for claims of attorney-client privilege and consider "whether the primary purpose of
10 the communication is to give or receive legal advice, as opposed to business" advice.  *Id.*
11 Additionally, the work product doctrine protects "dual purpose" documents from disclosure where
12 those documents were created "because of" the prospect of litigation, if "in light of the nature of
13 the document and the factual situation in the particular case, the document can be fairly said to
14 have been prepared or obtained because of the prospect of litigation."  *See In re Grand Jury*
15 *Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004) (quoting Charles Alan
16 Wright, Arthur R. Miller & Richard L. Marcus, 8 Fed. Prac. & Proc. Civ. § 2024 (2d ed. 1994)).
17 Further, Apple urges that Judge Hixson "failed to consider the documents' context."
18 (Dkt. No. 1079 at 3.)

19 With the relevant legal standard in mind, the Court has reviewed each of the documents
20 over which Apple claims attorney-client privilege or work product protections.  The Court affirms
21 Judge Hixson's findings and finds that none of rulings reflect clear error.  Each is appropriately
22 supported by the Ninth Circuit standards provided above.  The Order reflects a careful
23 consideration of the arguments presented by the parties, which includes the context that prompted
24 the creation of each of these documents.  That Judge Hixson approved of certain redactions for
25 privilege in particular documents while rejecting others underscores his nuanced assessment.  (*See*
26 Order at 3–4.)

27 Moreover, the Court finds that many of Apple's claims do not even rise to the level of
28 "dual purpose."  Companies have been repeatedly advised that merely attaching a lawyer's name

to a document does not suffice for invoking the privilege. Substance, not form, matters. In fact, there are precisely the kinds of documents the Court ordered produced as they reflect the business rationale at issue.

The Court further rejects Apple's claim that Judge Hixson denied it the opportunity to be heard fully on the factual context. Apple strains credulity by arguing that it does not know how the expedited discovery-dispute protocol works in the Northern District of California. These arguments were waived as they were not presented to Judge Hixson.[2] Notwithstanding Apple's knowledge of these processes, the Court has reviewed the Declaration of Jennifer Brown and is not convinced otherwise. The declaration is too generic to overcome the facial substance of the document. That a lawyer may review a document or has an "understanding" that a lawyer reviewed a document does not create a privilege. There is no showing of how any legal advice or work product was provided or what other lawyers, not the declarant, actually did that constituted legal advice or work product. Lawyers frequently revise documents. That does not create a privilege. Further, the choosing of a non-privileged document to review for testimony does not create a privilege. In short, Apple's business decisions cannot be shielded because they were prompted by a Court order. A line exists. Judge Hixson appropriately heeded the distinction.

Accordingly, Apple's motion for relief is **DENIED**. Judge Hixson's determinations with respect to the eleven exemplar documents are upheld in full.

This terminates Dkt. No. 1079.

**IT IS SO ORDERED.**

Dated: December 31, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Similarly, the majority of the authority upon which Apple relies in its reply brief was not cited in either Apple's motion or Epic's opposition. (*See* Dkt. No. 1094.) As Apple is well aware, it should not be citing, and the Court need not consider, new law in a reply where it should have been cited in the motion.