1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3     Before The Honorable Thomas S. Hixson, Magistrate Judge

4

5   EPIC GAMES, INC.,              )
                                   )
6          Plaintiff,              )
                                   )
7   vs.                           )   Case No. C 20-05640-YGR
                                   )
8   APPLE, INC.,                   )
                                   )
9          Defendant.              )
    _____)

10

11                                 San Francisco, California
                                   Friday, December 13, 2024

12

13     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
               RECORDING 1:00 - 1:27 = 27 MINUTES

14  APPEARANCES:

15  For Plaintiff:
                              Cravath, Swaine & Moore, LLP
16                            375 Ninth Avenue
                              New York, New York 10001
17                       BY:  YONATAN EVEN, ESQ.

18  For Defendant:
                              Weil, Gotshal & Manges, LLP
19                            2001 M Street, NW
                              Suite 600
20                            Washington, D.C. 20036
                         BY:  MARK A. PERRY, ESQ.
21
                         BY:  JASON LO, ESQ.
22

23  Transcribed by:          Echo Reporting, Inc.
                              Contracted Court Reporter/
24                            Transcriber
                              echoreporting@yahoo.com
25

2

1  <u>Friday, December 13, 2024</u>                              <u>1:00 p.m.</u>

2                      P-R-O-C-E-E-D-I-N-G-S

3                          --oOo--

4          THE CLERK:  We're here in civil action 20-5640,

5  Epic Games, Inc., versus Apple, Inc.  The Honorable Thomas

6  S. Hixson presiding.

7      Counsel, please state your appearances.  Let's start

8  with Plaintiff's counsel.

9          MR. EVEN (via Zoom):  Good afternoon, your Honor.

10 Yonatan Even for Epic Games.

11         THE COURT:  Good afternoon.

12         MR. PERRY (via Zoom):  Good afternoon, your Honor.

13 Mark Perry for Apple, and also Jason Lo for Apple.

14         THE COURT:  Good afternoon.

15         MR. LO (via Zoom):  Good afternoon.

16         THE COURT:  Well, I've received the parties joint

17 status report.  Thank you for that.  I wanted to talk

18 through some of the issues in that.  Let me turn to Apple

19 first.

20     If I understand correctly, Apple is proposing that the

21 two parties come to an agreement about what the standards

22 are in my December 2nd order, so that you could have clarity

23 in reviewing whether documents are privileged, or not

24 privileged, within the meaning of that order.  And, of

25 course, Apple is appealing that order, but in the meantime,

3

1 is it correct that Apple is trying to get substantive

2 agreement with Epic on what the December 2nd order means so

3 you don't have to apply it twice?

4          MR. PERRY:  Correct, your Honor.  In short of it.

5 I'm happy to talk more, but I think that's a good summary.

6          THE COURT:  Well, thank you.  I think that is not

7 a worthwhile endeavor.  And the reason I think that is

8 because the two parties disagree very strongly about the

9 application of the attorney/client privilege, and the

10 expectation that the two parties would agree on the meaning

11 and application of the December 2nd order, similarly strikes

12 me as very unlikely.  And so, I think that would not be of

13 productive use of either sides time.

14     Here, I think the re-review should proceed.  Apple

15 should re-review all of its privilege claims and put them

16 into three buckets.  And I think we talked about these at

17 the previous hearings.

18     Bucket number one is when Apple decides that the

19 document, or the redaction, is not privileged.  And, in that

20 event, Apple would promptly turnover the document to Epic.

21     Bucket number two is where Apple believes the document

22 is privileged, but under the terms of the December 2nd

23 order, Apple -- it would not be considered privileged, and

24 so Apple would put those documents into bucket number two.

25     And then, bucket number is Apple believes a document is

4

1  privileged, even under the December 2nd order.  And my

2  understanding of what we talked about previously, is that

3  bucket number three, those documents should go promptly to

4  the special masters so they can determine if they agree with

5  Apple's privilege claim or not.

6      And then, it seems to me that you would have to wait to

7  see how Apple's appeal of the December 2nd order turns out,

8  before the special masters would take action on bucket

9  number two.  Or, if the December 2nd order is affirmed, then

10 all of the documents in bucket number two would then be

11 turned over to Epic at that point.  But, in deciding what's

12 in bucket number two, I think Apple just needs to use its

13 own best judgment and interpretation of the December 2nd

14 order and to apply it fairly and faithfully to determine

15 what's in bucket number two.

16     I do not think that there is any utility in having the

17 two sides try to come up with a shared interpretation of the

18 December 2nd order.  I think that meet and confer will just

19 be dragged out and not lead to any agreement.  I think Apple

20 should just use its own best judgment in interpreting the

21 December 2nd order in deciding what's in bucket number two.

22     I'm happy to talk more about that if you would like,

23 but that's my sense of how it's best to move this forward.

24 With respect to this issue, is there more that Apple would

25 like to discuss?

5

1        MR. PERRY:  No, your Honor.  That approach is fine

2  with Apple.  Thank you.

3        THE COURT:  And, is there more on this issue that

4  Epic would like to discuss?

5        MR. EVEN:  No, I believe that is exactly Epic's

6  understanding and consistent, if I'm not mistaken -- we'll

7  go right after the hearing to double check that -- but

8  consistent with the draft protocol that we have conveyed to

9  Apple.  Thank you, your Honor.

10        THE COURT:  Thank you.

11     And then, in light of that, I see no reason why Apple

12  can't commence its re-review of its privilege claims

13  immediately.  Apple is not waiting on any sort of agreement

14  with Epic about substantive standards to apply.  Apple would

15  be applying its own understanding of privilege log and its

16  best understanding of the December 2nd order.  And so, I

17  think Apple can just go ahead and go ahead with its re-

18  review.

19     Does Apple agree that you can do that?

20        MR. PERRY:  Yes, with this caveat, your Honor.  In

21  other words, yes, we can start the re-review.  I do think we

22  have not had a meeting of all parties with both special

23  masters to see if there's anything that they wish to

24  contribute as to that.  I mean, in other words, of course we

25  can review the documents, but to insert those standards.

6

1 That -- yes, is the answer to that.

2     We don't -- what we don't know is whether the special

3 masters wish to give any further guidance for how that's to

4 be (indiscernible).  Now, that can happen early next week.

5 I'm not suggesting that's a delay in any meaningful way,

6 it's just the caveat I would like to add, is yes, we can

7 start the re-review and will do so, but I think we would

8 like to have that conversation with the special masters and

9 it has not yet happened.

10     THE COURT:  I think Apple should start its re-

11 review right now.  I don't see why you need input from the

12 special masters before you can start your own re-review.

13 They're not involved at the initial step with Apple's re-

14 review.  The special masters come into play with Apple

15 performs its re-review, concludes a document is privileged

16 and is in bucket number three, and at that point it goes to

17 the special masters.  Or, did Apple see the process

18 differently from that?

19     MR. PERRY:  There is a piece I think, your Honor,

20 that is important.  We had a agreed, as you may recall from

21 the last hearing before your Honor, to produce a sort of

22 enhanced privilege log to allow Epic and the reviewers to

23 understand the basis for the maintained privilege calls.

24 And we can do that on our own accord, but we did think it

25 would be helpful to have that discussion with the special

7

1  masters to see what information they would like to have.
2  The log, of course, is produced essentially
3  contemporaneously with the re-review.  That piece, I think,
4  is important to have -- you know, we want to make sure we
5  get the special masters the information they need.  They're
6  going to be getting a lot of documents.  What would they
7  want to know about the documents as they conduct the -- the
8  requested review of the re-review, if you will.  And that's
9  a concern we have as we go through -- you know, trying to do
10 it once, rather than twice.
11       THE COURT:  Understood.  But, it seems to me that
12 Apple would commence its re-review and then after it's
13 deciding what it's going to be claim privilege over, at that
14 point, it would draft the enhanced log.  Does that seem like
15 the right sequence of events?
16       MR. PERRY:  Absolutely, your Honor.
17       THE COURT:  Then it seems to me that Apple really
18 can get started right now with its re-review, even if you
19 need to talk with a special masters about what would go into
20 the log, because it would be at least a few days before
21 you'd start drafting the enhanced log.  Does that sound
22 right?
23       MR. PERRY:  I think we can do that, your Honor.
24       THE COURT:  Okay.  And then, Epic, did you have
25 anything you wanted to discuss about the enhanced log?

8

1        MR. EVEN:  Nothing, your Honor, other than to say

2  that we think that a regular log should provide us with

3  enough information to assess Apple's claim, even without

4  seeing what's in the document.  I think that standard is

5  sufficient for Apple to provide a log that will easily

6  supply enough information for somebody who actually has the

7  documents and can review them, as well, in camera.

8        And so, I don't -- I'm not sure what is the enhancement

9  that we are talking about.  If Apple wants to provide the --

10  the special masters with -- and us, with additional

11  information, because it thinks that information is necessary

12  because the document on its own, and a regular log, are

13  insufficient to substantiate a claim of privilege, then

14  Apple, of course, is free to do that.  But I don't think

15  that is something that -- that requires discussion with the

16  special masters.  I'm, of course, happy to hear the special

17  masters out and do whatever it is that they think that they

18  need.  But, our priority -- I don't see why we need an

19  enhancement beyond a regular privilege log, and whatever

20  other information Apple wants to provide, if it thinks that

21  additional information is necessary to actually establish

22  its claims.

23        THE COURT:  And would Apple like to respond to

24  that?

25        MR. PERRY:  Yes, your Honor.  We have an order in

9

1  this case entered by the Court that establishes the
2  requirements for what Mr. Even just referred to as a
3  "regular log," it's the usual things, to, from, date,
4  subject.  Epic filed a document with your Honor saying that
5  tens and thousands of the entries on that log were not
6  sufficient to enable it to assess the claim of privilege.
7  We don't want there to be any doubt about that.  We -- for
8  those documents of which we intend to privilege, we wish the
9  document to be clear.  Which means, we have to go above and
10 beyond to what the parties already agreed to and what the
11 Court already ordered, according to Epic.  We're trying to
12 avoid, yet another fight, in advance.  And, given that the
13 special masters have been appointed to oversee this process,
14 we want to make sure that we get them the information as
15 they go through the documents and have it.
16      Again, I'm not suggesting it's a -- it's a -- it's
17 going to add to the time, but I think the information on
18 such an enhanced log -- I do think some additional
19 information will be helpful to the special masters,
20 particularly since they have less familiarity with this
21 case, or no familiarity with this case, compared to your
22 Honor and Judge Gonzalez Rogers, and that -- you know, the
23 purpose here is to help them, and frankly Epic, understand
24 the basis for the privilege claims for those documents that
25 we do continue to maintain privilege over.

10

1          THE COURT:  When are you scheduled to meet with

2   the special masters to discuss this issue of what should be

3   on the log?

4          MR. PERRY:  So, the special masters, or at least

5   one of them, did not want to have a substantive discussion

6   about the case until after Judge Gonzalez Rogers entered an

7   order confirming their appointment.  That order was entered

8   within the last two hours, I think -- today, in other words

9   -- and the special masters have been notified of that

10  appointment and have been provided with the discovery

11  dispute letter, your Honor's December 2nd order, and so

12  forth, all within the last hour or so.

13      So I think that -- I don't think we have a meeting

14  scheduled, Mr. Even may know differently, but I think the

15  parties contemplated, once that order of appointment came

16  out, which was today, we will promptly -- you know,

17  hopefully Monday or Tuesday, have a -- have a, you know,

18  organizational meeting, if you will, to explain to them what

19  -- what -- you know -- they have also, to my knowledge,

20  spoken to each other, so we need to -- you know, there are

21  two of them, so we need to get us all together.

22          THE COURT:  Epic, do you have a similar

23  understanding of where things are, process wise?

24          MR. EVEN:  So, yes, regarding the timing of when

25  an order came down, Epic shortly after the order is sent the

 1  materials described.  I think we also asked Apple to provide

 2  the -- the unredacted documents for in-camera review so that

 3  the special masters have a full view of what your Honor had

 4  seen, as background to this order, which only Apple can

 5  provide because we don't have those yet.

 6      In terms of the next steps, I -- I do think that we

 7  want to schedule something very promptly.  Apple has our

 8  proposal for a protocol.  I think that proposal, once Apple

 9  comments on it, which I hope can be done very quickly,

10  should go to the special masters, and I hope we can have one

11  or two meetings either over the weekend, or at the latest,

12  Monday with them, and do it all in one fell swoop.  I don't

13  see us having multiple series of meetings, one about the

14  privilege log, one about the protocol, et cetera.  I think

15  we need to send them a protocol from the parties.  It sounds

16  like your Honor ruled now on many of the issues that were

17  kind of up in the air in that protocol.  There's one more

18  that we may get to and then we should just send it to them,

19  have a meeting with them and do it promptly and start the

20  process.

21          THE COURT:  All right.  Well, thank you for the

22  update.

23      As to the privilege log issue, I'm not going to do

24  anything about that.  If Apple wants to talk with the

25  special masters and with Epic about potential additional

1  information on the privilege log, that seems fine.  And you

2  can get input from the special masters on what they would

3  like to see, but as I have clarified at this hearing, that's

4  not allowed to be a gating item to stop Apple's re-review,

5  because Apple can start and can continue its re-review

6  before the content of an enhanced log needs to be resolved.

7      And so, Apple, is that understood?

8          MR. PERRY:  Understood.

9          THE COURT:  All right.  Epic, what else -- you had

10 mentioned there's another issue that's outstanding, with

11 respect to the protocol, what's that issue?

12         MR. EVEN:  So that issue -- I'm not sure it's an

13 issue, your Honor, to be frank.  I know that we have, from

14 day one, stated that one of the tenets of the plan is that

15 if Apple places in -- what your Honor called, I think,

16 bucket three -- a lot of documents that when special masters

17 review them, they conclude that it is not -- does not

18 reflect a good-faith application, or a correct application

19 of the December 2nd order, that they alert the parties and

20 this Court, to that fact.  The concern here is that Apple

21 takes a very narrow, or conservative, view of the December

22 2nd order and essentially says, "Well everything -- I think

23 still everything is privileged."  And we get 57,000

24 documents again before the special masters, which is not

25 what's contemplated here.

1    Apple refused to put that in the joint statement to

2   Judge Gonzalez Rogers, as we noted in the status report.

3   Apple said they may agree to that, as part of the protocol,

4   and we think this should be a basic tenet to protocol.  If

5   Apple tells me that they will agree to it as part of the

6   protocol, there is no issue, but if they are saying that

7   they will not agree to it to some point, we are concerned

8   that that's just another opening for Apple to delay down the

9   road by kind of channel stuffing the re-review process

10  before the -- the special masters.

11          THE COURT:  I have a couple of questions.  In my

12  mind, bucket one is Apple concludes a document is not

13  privileged.  Bucket two is Apple thinks it is privileged,

14  but under the terms of the December 2nd order, it is not

15  privileged.  And bucket three is Apple concludes that a

16  document is privileged and that it is still privileged under

17  the December 2nd order.

18      I thought bucket three would be the first bucket to go

19  to the special masters.  Does Epic agree with that?

20          MR. EVEN:  Yes.

21          THE COURT:  Okay.  And then, do you agree that

22  bucket two would go to the special masters after Apple's

23  appeal is ruled on?

24          MR. EVEN:  After Apple's appeal is ruled on and

25  should the appeal modify the December 2nd, and we have

14

1  agreed -- or proposed to Apple that Apple would get a chance
2  to kind of move things between two and three if there is
3  some modification of the December 2nd order, but, yes.
4           THE COURT:  Right.  There needs to be an
5  opportunity for depending on what the order is.  If it
6  modifies the December 2nd order, then Apple would need to
7  implement that in bucket two, right?
8           MR. EVEN:  Yes.
9           THE COURT:  And, at that point, if there are any
10 bucket two documents that Apple still maintains are
11 privileged, they would go to the special masters.  Is that
12 correct?
13          MR. EVEN:  Yes.  If Apple essentially takes some
14 bucket two document and says, "I'm now moving those to
15 bucket three, they're going to remain privileged," then they
16 will go to the special masters.  And bucket two -- whatever
17 is in bucket two will just go to us, because Apple concedes
18 that it's not privileged under whatever is the prevailing
19 order at the time.
20          THE COURT:  Okay.  And then when documents -- when
21 privilege claims go to the special masters, they will rule
22 for or against Apple on the merits of the privilege claim.
23 Is that correct?
24          MR. EVEN:  Yes, your Honor.  They will either
25 overrule or sustain.

1          THE COURT:  Right.  You used the term "good faith"

2    and said that you wanted the special masters to determine if

3    Apple did something in good faith, and I want to make sure I

4    understand you.  To me, somebody can be mistaken, but in

5    good faith.  And so, a determination that a party did

6    something not in good faith, is not just a determination

7    that they erred, it's a determination that they really

8    erred, that they got it wrong and they were in bad faith.

9        Do you think the special masters should just do merits

10   determinations of the privileged, or are you asking for the

11   special masters to also make bad faith determinations?

12          MR. EVEN:  So, your Honor, I don't know that I

13   really am concerned about the definition.  What I am

14   concerned about is, if the special masters find that they

15   get 10,000 documents that clearly fall under one of the

16   buckets that this Court has ruled on in the December 2nd

17   order, and it is clear that Apple is just not applying that

18   order in the way that the special master, or masters,

19   believe is correct, that they would alert this Court, and

20   us, and Apple, to that fact.  Where --

21          THE COURT:  But -- but, say Apple -- you're going

22   to know what Apple's privilege claims are, because they're

23   going to tell you, "These are the documents we think are

24   privileged," and then you're going to get the order from the

25   special masters saying what their rulings are, so you will

16

1  know what their privilege determinations are, why do you

2  need the masters to inform the Court of anything?  Both

3  sides will know what the special masters orders are, and if

4  Apple submitted 10,000 claims of privilege, and the special

5  masters rejected all 10,000, both of you will know that.

6          MR. EVEN:  I agree, your Honor.  My concern is

7  that that's going to have to wait for the 10,000.  Whereas,

8  the special master can start going through them and say,

9  "Well, I've now looked at 50 documents that look exactly

10 like the document that Judge Hixson just ruled is clearly

11 not privileged," and Apple is thumbing its nose at that and

12 still says these are privileged, that's wrong and I don't

13 know that I need to go through the other 9,950 to conclude

14 that.  Something is amiss here.  Whether that's bad faith or

15 Apple is just misapplying the standard, I don't know that

16 they need to decide it.  That's the way we wrote it, but I

17 hear your Honor's comment on that.  I don't need them to

18 decide that it's bad faith.  They can just say this is a

19 clearly wrong systemic application of that, if that is the

20 point, and then we can move before your Honor if we think

21 that is bad faith or not, if the numbers are big enough or

22 whatever we decide to do with it.  But we need a course

23 correction that's much quicker.

24          THE COURT:  I see.

25     What are Apple's thoughts on that points?

1      MR. PERRY:  Your Honor, I think this is -- in

2  essence, the reason we're having a special master review, is

3  to get the feedback at a document by document level.  I

4  think what, I think Apple contemplates is, the special

5  masters would give, you know, presumably, interim rulings,

6  or periodical rulings.  In other words, it wouldn't be all

7  waited until the end.  If there were a course correction

8  needed one way or the other, frankly, we would get their --

9  the benefit of their reading of the documents.

10      I think Mr. Even's -- you know, assuming the worst,

11  which I don't, I think we have disagreements, which you have

12  identified, about the scope of the privilege, but we have a

13  basis for articulating the positions.  The special masters

14  will rule on them.  The -- you know, I think it's not the

15  shear number of documents, to answer one point that Mr. Even

16  made.  I mean, if Apple were to determine that fact pattern

17  X is attorney/client privilege for a particular reason, that

18  might show up in five documents or 500.  If it's the same

19  fact pattern that appears over and over again, it doesn't

20  make it any better or worse, it's just is what it is for

21  that number of documents.  And we don't know that number of

22  documents in advance, right, because the privilege calls are

23  made also on a document by document basis.

24      This is one the reasons I think the protocol, frankly,

25  in discussing with the special master, is not entirely

18

1  procedural.  It is why the special masters, again, with no

2  familiarity to the case, may wish to see some set of

3  documents sooner rather than later.  They may wish to review

4  an initial set and have a hearing or a conversation with the

5  parties about them, rather than diving right in.  I just

6  don't know because we haven't talked to them about how they

7  conduct privilege review and would most like to see this.

8       And, again, I think all of our goal -- everybody on

9  this calls goal, is to ensure that we get to the right

10  answer in the most efficient way possible, and I think the

11  special masters -- you know, I don't know how I would do it

12  as a special master, frankly, and I don't know how these two

13  are going to want to do it as a special master.

14       It -- the other point I would make, your Honor, is this

15  is one of those devil in the details points that I referred

16  to at the last hearing.  We've been asking Epic for a

17  written protocol for a week, we finally got it yesterday.

18  We appreciate that.  We're reviewing it, but you know, how

19  those things are written -- the sentence is, the words make

20  a lot of importance.  The concept that the special masters

21  will give feedback, we absolutely agreed with.  And if --

22  and if -- you know, look, frankly, I don't think we're going

23  to get calls wrong.  If we're getting calls wrong in the

24  views of the special masters, we'd rather know it earlier

25  rather than later, too.  I mean, that's in everybody's

19

interest, again, to get that response.  I don't think it's
helpful right now to say anything like bad faith, because I
don't think there's any bad faith involved here, but I think
the special masters will be closer to the documents in the
document review, once they roll up their sleeves and get
into it.

So, I guess my reaction to all of this is, our
understanding was that one of the purposes for appointing
the special masters to oversee this process was so that they
could make their determinations on the best way to receive
the documents, review them, what information they require,
when they wish to give feedback, what questions they may
have and so forth, and that's the -- that's where I run up
against the wall, your Honor, because we haven't yet had
that conversation with Judge Brazil or Judge Gutierrez.

THE COURT:  Okay.  Well, I appreciate both sides
comments.  In terms of nailing down the details of a
protocol, it seems to me that it likely does make sense to
discuss that with the special masters.  They are going to
have to say how they wish to receive documents.  I suppose
it's possible that they might want all 55,000 in numerical
order, but maybe not.  Maybe they would like a sample or
ceratin types of documents ahead of time.  And that's
something to be worked out with the special masters.  So I
think you should talk that through with them.

20

1     One, just guidance, for the parties is, I think you
2  should keep the protocol as procedural as possible and try
3  to avoid substance, just because -- in recognizing that the
4  two sides have very different views about how the privilege
5  should apply.  So I think whatever protocol you work on
6  should be procedural in nature.
7     And, also, I think the best use of the special masters
8  time is to make merits determinations on privilege and I
9  think having them get in -- going beyond that, into
10 determinations of good faith or bad faith, if you want the
11 masters to do that, then you can talk about that with them,
12 but I worry that that's giving them a second homework
13 assignment that is straying from the more basic task of
14 having them evaluate all of Apple's privilege claims.
15     Are there other -- let me turn to Epic.  Are there
16 other points that we should discuss today?
17         MR. EVEN:  I don't think there are other points,
18 your Honor.  On this last point, I hear your Honor loud and
19 clear and will take that back and think about the best way
20 of doing it, with the understanding that we obviously have
21 different view of how we get to where we got today than
22 Apple, and about the level of good faith that was applied to
23 this review originally.
24     And, your Honor has heard me and Mr. Borenstein
25 (phonetic), in other circumstances, talk about Apple's kind

1 of win-win situation.  We are -- we feel very strongly that

2 that win-win should be broken.

3     I hear your Honor about the second homework assignment,

4 and maybe the special masters are ill-situated to make this

5 determination.  I hope that we don't get to it, but if we

6 have to, then that means that we will have to come to your

7 Honor to discuss that, because we do need something to break

8 that win-win situation for Apple, if we -- if we think that

9 that is, again, what's going on.

10         THE COURT:  And let me turn to Apple.  Are there

11 further points that you would like to discuss at this

12 hearing?

13         MR. PERRY:  There are not, your Honor.  Just to be

14 clear, we -- Apple has an obligation, and its attorneys have

15 the obligation to protect the privilege.  There may be

16 legitimate differences as to the scope of that privilege,

17 that's why we have courts, but the suggestion that there was

18 bad faith, as to the application of the privilege, we

19 categorically reject.  That doesn't need to be resolved here

20 or now, but I just -- I don't want to leave Mr. Even's

21 observations stand uncorrected or unresponded to.

22         THE COURT:  I would like to schedule a further

23 hearing to get a check in with the parties and an update on

24 where things stand with the special masters.  When do the

25 parties recommend?

22

1          MR. EVEN:  Well, your Honor, we -- we are -- I'm

2     sorry, I jumped first, but --

3          THE COURT:  Go ahead.  Sure.

4          MR. EVEN:  We are going to meet with Judge

5     Gonzalez Rogers on Wednesday, rather than Monday.  The court

6     has moved that hearing by a couple of days.  What I suggest

7     we do is that we meet again, either next Friday or the

8     beginning of the following week, just to see where we are,

9     that the protocol is being finalized, that the special

10    masters are starting to review that Apple is producing

11    documents, et cetera.  So that is kind of the timing.  And,

12    obviously by then, we will be in a position to update your

13    Honor on any timing constraints that have been placed on us

14    by Judge Gonzalez Rogers, if any.

15         THE COURT:  Right.  I am available on Friday,

16    December 20th.  I'm not available the beginning of the

17    following week.

18       Apple, what are your thoughts on when we should have

19    another hearing?

20         MR. PERRY:  Your Honor, Friday, December 20th is

21    -- is fine.  I'm just looking at the holiday calendar and

22    when everybody is traveling and so -- and we will be able to

23    cover it and I think we certainly should have an update,

24    both from Judge Gonzalez Rogers, the CMC on timing, and one

25    hopes, the preliminary meeting with the specials masters and

23

1  so forth.  So, if that works, we can -- we will certainly

2  make that work.

3          THE COURT:  Does Friday the 20th at 1:00 p.m.

4  Pacific time work for both sides?

5          MR. PERRY:  Yes, sir.

6          MR. EVEN:  Yes, your Honor.

7          THE COURT:  Okay.  Then we'll schedule a further

8  discovery status hearing for Friday, December 20th at 1:00

9  p.m. Pacific time.

10      And, with that, the matter is submitted.  Thank you,

11  Counsel.

12          MR. EVEN:  Thank you, your Honor.

13          MR. PERRY:  Thank you.

14      (Proceedings adjourned at 1:27 p.m.)

15

16

17

18

19

20

21

22

23

24

25

24

CERTIFICATE OF TRANSCRIBER

1

2

3      I certify that the foregoing is a true and correct

4  transcript, to the best of my ability, of the above pages of

5  the official electronic sound recording provided to me by

6  the U.S. District Court, Northern District of California, of

7  the proceedings taken on the date and time previously stated

8  in the above matter.

9      I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.



16          Echo Reporting, Inc., Transcriber

17          Tuesday, December 31, 2024