UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>      *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>      *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP<br><br> By: */s/ Yonatan Even*<br>    Yonatan Even<br>    *Counsel for Epic Games,*<br>    *Inc.* | WEIL, GOTSHAL & MANGES LLP<br><br> By: */s/ Mark A. Perry*<br>    Mark A. Perry<br>    *Counsel for Apple Inc.* |

**Epic's Position:**

Epic has consistently expressed concern about Apple's campaign of delay (*see* Dkt. 1073), which creates a win-win scenario for Apple. If Epic insists on obtaining the documents that it, and the Court, are entitled to, Apple wins as its day of reckoning in the main contempt proceedings is further delayed. And, if Epic forgoes the production of these crucial documents, Apple also wins because it will enjoy a tactical advantage in the contempt proceedings. The Parties negotiated a detailed Protocol for the re-review process, at the direction of the Court (Dec. 3, 2024 Hr'g Tr. 19:17-18), specifically to avoid further delays. (Dkt. 1092.) Yet Apple's efforts to delay and disrupt the re-review process persist, not least of which is **Apple's disclosure late this afternoon that Apple last week re-reviewed only 11,124 documents—not even 75% of the 15,000 documents it is required to review per week**. (Dkt. 1092 at ¶ 1.a.)

*        *        *

*Improper Submission*: The Parties negotiated every communication with the Special Masters for nearly two weeks. Then, on December 18, 2024, the Parties met with the Special Masters for their input on the Protocol.[1] At the meeting, Apple proposed that the Parties hold a presentation for the Special Masters on the case and the proceedings thus far. The Special Masters rejected that proposal and asked instead for existing filings that would provide them with context on the underlying motion for contempt as well as a list of attorneys. Epic promptly compiled a list of pertinent filings, coordinated it with Apple, and provided it to the Special Masters. Apple did not suggest at the time that the filings omitted any background information or context necessary for the Special Masters. Apple, for its part, committed to provide the Special Masters with a list of lawyers together with its first production, due on December 23, 2024.

Apple missed the deadline for making its first production by roughly two hours. (Email from C. Karnes to Epic counsel on Dec. 23, 2024 at 9:09 p.m. EST; email from J. Wesneski to Epic counsel on Dec. 23, 2024 at 9:59 p.m. EST.) In the midst of a barrage of emails regarding the belated production, Apple notified Epic for the first time that it was going to provide the Special Masters with a "summary" of the litigation and the issues in discovery—in essence, a brief laying out Apple's version of the litigation and discovery process, drafted by Apple without any input from Epic (the "Summary Brief"). For example, the Summary Brief states that "Apple complied with the Injunction" (Summary Brief at 1) but omitted any mention of Judge Gonzalez Rogers's preliminary finding that "Epic Games has made a sufficient preliminary showing that, viewed holistically, Apple's practice changes undermine the spirit of the injunction by limiting competition, impeding the free flow of information, and constraining user choice". (Dkt. 925 at 3.) Apple also detailed at length its allegedly extraordinary efforts to comply promptly with Judge Gonzalez Rogers's discovery Order, leaving out any mention of this Court's findings of delay and "bad behavior". (Dkt. 1017 at 2.)

Epic promptly notified Apple of its objection to this one-sided submission, which was neither allowed under the Protocol nor requested by the Special Masters. Apple argued in response, as it does below, that the Summary Brief was permitted under Paragraph 1(e) of the Protocol, which

---

[1] At the time, the Special Master Panel consisted of Judges Wayne Brazil, Philip Gutierrez and Suzanne Segal. Judge Brazil notified the Parties on December 23, 2024, that he needed to withdraw from the Special Master Panel. The Special Masters have expressed their support for adding a third member to the Panel.

2

states: "Apple may provide to the Special Masters (and Epic) additional information necessary **to support Apple's claim of privilege**, including but not limited to declarations". (Dkt. 1092 at ¶ 1.e (emphasis added).) But Paragraph 1.e was not intended to and does not in fact cover *briefing* on Apple's position regarding the case. It allows Apple to provide fact-bound background information to support a given "claim of privilege", if necessary. Apple's Summary Brief, by contrast, was not intended to, and cannot, support any specific claim of privilege for any given document or documents. Rather, it is a broad overview of the litigation writ large (which the Parties had already supplied to the Special Masters through the matter's underlying briefing).

Apple's claim that it was entitled to submit the Summary Brief to the Special Masters rings hollow. If Apple truly believed it was entitled to submit the Summary Brief, it would have notified Epic of its intent to do so well in advance. The Parties could have met and conferred about the topic and, if necessary, briefed the issue with the Court. Apple did no such thing, instead simply attaching the Summary Brief to a late evening email on the eve of the Christmas Holiday.

Apple's unilateral action forced Epic to ask the Special Masters not to open the Summary Brief. The Special Masters notified the Parties that they would not open the document. This disagreement by the Parties, however, created enough confusion to **delay the Special Masters' review by nearly a week**. Specifically, the Parties and the Special Masters met on December 27, 2024. The Special Masters agreed they would not rely on the Summary Brief and instead asked the Parties to provide a glossary of key terms they might encounter in the documents, as well as the list of counsel Apple had promised to provide four days earlier but failed to provide. Ultimately, Apple provided the Special Masters with the glossary and list of attorneys on December 28, 2024. Only then were the Special Masters ready to begin their review; however, it was then discovered that Apple had provided the Special Masters with links to the documents that expired after seven days. More delay ensued, with the actual review beginning in earnest on the evening of December 30, 2024.

*Improper Withholding of Documents*: Apple initially improperly withheld documents that it concedes are not privileged. Apple notified Epic for the first time on December 23, 2024, *after the first production of documents Apple no longer claimed privilege over*, that it was withholding some documents it had downgraded to not privileged (category 3) if they had family members in categories 1 or 2. (Email from J. Wesneski to Epic counsel on Dec. 23, 2024 at 9:16 p.m. EST.) This clearly violated the Protocol, which states that Apple will "[p]roduce to Epic *all* Category Three documents Apple has identified". (Dkt. 1092 at ¶ c.1 (emphasis added).) Apple never raised this production exception as a necessary step in its re-review process during the Protocol negotiations. Epic asked Apple to disclose the number of documents it continues to withhold in violation of the Protocol. Apple did not respond. (Email from Y. Even to J. Wesneski on Dec. 23, 2024 at 9:56 p.m. EST.) Only after repeated follow-up emails, Apple ultimately agreed to comply with the Protocol and produced to Epic the missing documents. Apple claims below that this was merely a "logistical challenge[] that parties routinely encounter in complex discovery"; but the Parties here have worked on the Protocol for weeks specifically to *avoid* such issues, only for Apple to unilaterally, without notice, take action contrary to the agreed-to Protocol.

*Apple's Claims of Accommodations*: Apple below makes much of its efforts to work with the Special Masters to streamline and clarify their review. But this extra work is the result of Apple's own actions that again, diverged from the Protocol. Apple unilaterally decided to provide the Special Masters not only with documents over which it asserts privilege, but also all "family members" of such documents (even though Apple does not claim privilege over these "family members"). This was not contemplated by the Protocol and was not discussed during Protocol negotiations. This additional production only complicated things, causing the Special Masters to complain of confusion and of the review production being unwieldy, requiring Apple to re-label and then re-produce the documents—again leading to more delay.

*Apple's Failure to Meet Its Re-review Commitments*: On Monday of this week, Apple sent an email notifying the Special Masters that it will be producing to them 2,967 documents for review. Apple did not include in the email any information about the number of documents it had re-reviewed. Accordingly, the next day, December 31, 2024, Epic reached out to Apple and asked Apple to provide full statistics of its re-review leading up to that production. Apple did not respond, so Epic reached out to Apple again today, reiterating its request. At 2:20 p.m. ET today, following an initial exchange of this Joint Status Report (which again omitted Apple's re-review statistics), Apple finally provided the requested information, stating that last week it placed 2,854 documents in category 1; 2,202 documents in category 2; and 6,068 documents in category 3. Together, **this reflects a review of only 11,124 documents—less than 75% of the 15,000 documents Apple has committed to review each week**.[2]

\*   \*   \*

Apple's delay tactics have again worked, at least in part. The Special Masters have begun their review a week later than contemplated and expect to finish reviewing the first week's production by the end of this week. They have nearly 4,000 documents to review, which the Special Masters estimate will take two to three weeks for the two of them to complete. And Apple apparently has over 35,000 documents left to re-review. Judge Gonzalez Rogers told the Parties that she would like to resume the contempt proceedings in late January or early February of 2025. (Dkt. 1087.) Epic will make every effort to meet the Court's scheduling requests, but Apple's continued delay is putting Judge Gonzalez Rogers's desired timeline in jeopardy.

**Apple's Position**:

Apple's re-review of documents redacted or withheld for privilege is well underway. The special master protocol was approved by Judge Gonzalez Rogers on December 23. Dkt. 1092. That same day, Apple produced to the special masters 669 documents for review (plus family members), and produced to Epic 1,628 documents. On December 30 and 31, Apple produced to the special masters an additional 2,976 documents for review (plus family members), and produced to Epic an additional 8,422 documents. The other documents reviewed to date were subject to the pending appeal of the Court's privilege order, which was resolved on December 31. Consistent with Paragraph 1(h) of the protocol, Apple will produce such reviewed

---

[2] The 15,000 commitment already reflects a compromise, after Epic initially demanded that Apple re-review 20,000 documents per week and Apple proposed 15,000.

documents to either the special masters or Epic (as appropriate) no later than January 8, without prejudice to its right to appellate review of the Court's order.

The special masters have not yet provided rulings on any documents. On December 23, special master Judge Brazil informed the parties he would not be able to serve as a special master in this matter for personal reasons. Also on December 23, contemporaneous with its initial production of documents, Apple submitted to the special masters and Epic a three-page document providing background for the issues in the litigation, the scope of discovery, and a glossary of terms and project names likely to appear in the documents. Epic correctly notes that the parties "negotiated every communication with the Special Masters": This document was submitted pursuant to Paragraph 1(e) of the special master protocol—which Apple inserted into the protocol and to which Epic agreed—stating, "Apple may provide to the Special Masters (and Epic) additional information necessary to support Apple's claim of privilege, including but not limited to declarations." Dkt. 1092 ¶ 1(e).

Epic objected and improperly instructed the special masters not to review the document, apparently on the ground that Epic believes Paragraph 1(e) allows Apple to submit contextual information only on a document-by-document basis. The protocol contains no such limitation, the parties discussed no such limitation, and such an interpretation would render Paragraph 1(e) redundant with Paragraph 1(c)(iii) providing for the production of a privilege log. Epic is correct that the special masters agreed the parties did not need to appear and make separate presentations regarding the case, but they did not (and could not) alter the provision in the protocol allowing Apple to submit additional information (as it had bargained for and as Epic had agreed). Indeed, Epic has insisted throughout this proceeding that privilege issues be addressed on a categorical basis, contrary to its contention now that all privilege issues should be addressed by Apple on a document-by-document basis. Epic contends that if Apple believed it was permitted to make this submission, it would have notified Epic of its intent to do so. That makes no sense—it is precisely *because* the protocol contemplates the submission of this additional information that Apple was under no obligation to notify Epic. Apple followed the protocol to a tee; Epic now seeks to rewrite it—*after* it was entered as an order by Judge Gonzalez Rogers.

Due to Epic's objection, the special masters requested a meeting with the parties, which was held on December 27. At the meeting with the special masters on December 27, Apple directed the special masters to Paragraph 1(e) as the basis for its submission. Epic again claimed, without any substantiation, that this paragraph allows the submission of additional information only as to specific documents, rather than information applicable to multiple documents. The special masters did not resolve the parties' dispute, but instead asked Apple to submit some additional information to aid their review, including a list of all attorneys likely to appear on the documents (contrary to Epic's misstatement, Apple had provided these names in the privilege log for each document, just not in a standalone list) and a glossary of terms likely to appear in the documents (Apple had provided this glossary in its December 23 submission, which the special masters had not reviewed at Epic's insistence). Apple submitted that information to the special masters the next day.[3]

---

[3] Apple has attached here its December 23 submission, an exchange of two letters between the parties thereafter, and its December 28 submission of additional information.

5

Apple understands the special masters did not begin reviewing documents until after this meeting.  But that is not a consequence of any alleged delay tactics by Apple.  Apple was expressly permitted under the protocol to submit additional information to the special masters in connection with its privilege assertions.  It included in that submission the exact information the special masters expressed on December 27 they needed before meaningfully reviewing documents.  The only cause of delay was *Epic's* improper objection and its direction to the special masters to not review the material submitted by Apple under the express authorization of the protocol.

On December 30, the parties had an additional meeting with the special masters to discuss the best format for delivery of the documents in order to facilitate efficient review.  Specifically, the special masters need to (1) be able to quickly identify and access the privilege log information for each document, (2) identify whether the document is redacted or withheld, (3) see highlighted redactions for any documents with redacted content, and (4) be able to access non-privileged family members of privileged documents for context, among other things.  Based on the feedback from the special masters, Apple made significant changes to its standard production protocol going forward and reproduced its December 23 production consistent with those changes.  Epic did not object at any time to any of Apple's proposals or offer its own solution to the organizational challenges posed by the review.  Apple is continuing to work cooperatively with the special masters to address any further questions.

Epic argues that Apple's provision of family member documents to the special masters has somehow caused delay.  Epic cannot seriously contend that it was improper for Apple to produce full document families to the special masters—the special masters cannot possibly determine whether an attachment is privileged without seeing the underlying email.  Every production of documents in this case has kept family members together, and that is the accepted practice in eDiscovery matters.  Apple prominently labeled each document with indicators showing whether the document was withheld, redacted, or not subject to any privilege assertion.  The only issue the special masters encountered was with respect to how the documents were named and foldered, which Apple amended after a discussion with the special masters.

The inclusion of family members was not a surprise to either Epic or the special masters.  Apple expressly raised on the initial call with the special masters on December 19 that it would be providing complete document families.  And when Apple transmitted the production to the special masters, it cc'ed Epic's counsel and explained that it had "included in the production . . . documents that are necessary for context (because they are parent emails or attachments for privileged documents), but over which Apple is not asserting privilege (stamped NO PRIVILEGE ASSERTION)."  (Email from N. Comparato to P. Gutierrez (Dec. 23, 2024).) Apple further explained that "many of these documents are grouped together in a 'family'— because, for example, there were several documents attached to a single email."  (*Id.*)

Epic also references Apple's effort to avoid duplication and reproduction by keeping document families together and producing related documents only once (as is typical in eDiscovery matters), rather than reproducing documents again with new bates numbers after the special masters had ruled on privilege assertions related to document family members.  This complaint is mere distraction:  Apple sought only to avoid the confusion of having multiple productions of the same documents with different bates stamps on them, and it advised Epic as much.  When Epic

expressed objection, Apple produced the documents in full (and, as previewed, will have to restamp those documents with new bates numbers and reproduce them once privilege assertions as to related family members are resolved).  Apple did not raise this issue during the protocol negotiations because it did not foresee this issue until it was preparing documents for production.  In any event, this issue is well behind the parties.  Epic claims no prejudice or deceit, nor could it.  These are the kinds of logistical challenges that parties routinely encounter in complex discovery productions and are able to work through without judicial intervention.

Epic makes much of the number of documents reviewed during the past production—which occurred over the holidays.  At the outset of the re-review, Apple recruited approximately 40 attorneys from outside law firms to assist with the privilege re-review.  Apple believed those attorneys would be sufficient to meet the anticipated pace of 15,000 documents per week based on an estimate and target of ~400 documents per reviewer per week, which was supported by the progress made in the first week of production.  Not all of the reviewers, however, have been able to meet that target on a weekly basis.  Accordingly, in the past week, Apple determined that additional reviewers may be necessary to keep up the proposed pace, recruited approximately 35 additional attorneys, and trained those additional reviewers this week.  Apple will continue to work with the special masters to dedicate sufficient resources to the process to ensure a speedy and efficient completion.

	Respectfully submitted,


DATED: January 2, 2025                                      CRAVATH, SWAINE & MOORE LLP
                                                            By: */s/ Yonatan Even*
                                                            *Counsel for Plaintiff Epic Games, Inc.*

                                                            WEIL, GOTSHAL & MANGES LLP
                                                            By: */s/ Mark A. Perry*
                                                            *Counsel for Defendant Apple Inc.*