# EXHIBIT B

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark Perry**
+1 (202) 682-7511
Mark.Perry@weil.com

December 26, 2024

HIGHLY CONFIDENTIAL

VIA E-MAIL

Yonatan Even
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

Re: *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.) – Special Master Submission

Counsel:

On behalf of Apple Inc. ("Apple"), I am writing to object to Epic's contravention of the re-review Protocol that was agreed to by the parties and approved by the Court.

Paragraph 1(e) of the Protocol provides: "Apple may provide to the Special Masters (and Epic) additional information necessary to support Apple's claim of privilege, including but not limited to declarations."

On Monday, December 23, Apple made its first production of Category 1 documents to the special masters. Apple included with that production a summary of additional information necessary to support Apple's claim of privilege. Apple provided a copy of that summary to Epic. The summary (attached hereto) provides basic information the Special Masters are likely to need in order to even understand the documents they are being asked to review, including information about:

- The background of the litigation, including the context for the anti-steering provision and the Injunction;
- The scope of discovery;
- The meaning of terms like "Michigan" and "Wisconsin";
- The meaning and significance of other terms the Special Masters will encounter during their review, including "DMA," ████████████

Epic improperly sent an e-mail to the special masters stating, in full:

**Weil, Gotshal & Manges LLP**

December 26, 2024
Page 2

With apologies for the multiple emails on the eve of the Holiday, it is Epic's position that the so-called "summary" Apple sent you in the message below and through Jams is **an inappropriate attempt by Apple to provide briefing not permitted or called for by the protocol nor requested by Your Honors**. Epic has conveyed as much to Apple before this was produced to Your Honors and asked Apple to hold off, but Apple refused to do so. Epic requests that Your Honors **disregard the summary and refrain from opening it** until such time as the Parties have worked through this issue themselves or have raised the issue with the Court.

Epic's position is flatly contradicted by the Protocol, which places no limits on the "additional information" that Apple may provide to the special masters.

Epic obviously wants the special masters to review documents without the benefit of context. But context is necessary to make and review privilege determinations. Indeed, it is hard to understand why Epic would object to Apple explaining terms like "Wisconsin" that have a special meaning in this project and are certain to appear in numerous documents. That is why Apple included in all iterations of the Protocol the ability to provide additional information to the Special Masters. Epic's only objection to that provision at any time during the negotiations was that the information should be shared with Epic unless the special masters requested privileged information, which Apple has done.

The summary provided to the special masters on December 23 was expressly authorized by the Protocol. Epic's objection is entirely without merit. The summary should be considered by the special masters.

Mark Perry

Enclosure