# EXHIBIT C

# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York

December 26, 2024

Re:   *Epic Games, Inc. v. Apple Inc.*, 4:20-cv-05640-YGR (N.D. Cal.)

Counsel:

I write in response to your letter of earlier today concerning Apple's improper distribution to the Special Masters of a brief summarizing Apple's position on December 23, 2024 (the "Summary Brief").

The Parties have worked for over a week to finalize a detailed protocol for the review process. Yet Apple sent the Summary Brief to the Special Masters unannounced, without discussing its intent to send it or its contents with Epic in advance, and over Epic's explicit objection. That violated the letter and the spirit of the agreed-upon Protocol. Apple's actions forced Epic to ask the Special Masters not to open the document and apparently created enough confusion to delay the review, consistent with Apple's ongoing strategy of delay.

You claim in your letter that Apple was permitted to distribute the Summary Brief under Paragraph 1(e) of the Protocol, which states: "Apple may provide to the Special Masters (and Epic) additional information necessary to support Apple's claim of privilege, including but not limited to declarations". (Dkt. 1092 ¶ 1.e.) That is an entirely disingenuous claim. If Apple truly believed it was entitled to submit the Summary Brief, it would have informed Epic in advance of its intent to do so and the Parties could have met and conferred on the issue. Indeed, just last Thursday, Apple proposed on a joint call with the Special Masters that each party present its view of the case to the Special Masters. The Special Masters *rejected* this idea, and the Parties instead jointly submitted to the Special Masters several existing court filings. It is not credible for Apple to now claim it believed it was entitled *unilaterally to* provide the Special Masters with briefing.

Moreover, as we made clear last Monday, Paragraph 1(e) was not intended to and does not in fact cover briefing on Apple's position. It allows Apple to provide factual background information on a *document-by-document basis* that supports a given "claim of privilege" if necessary. The Summary Brief sent by Apple is not intended to, and cannot, support any specific claim of privilege for any given document. Rather, it is a broad overview of the litigation writ large.

NEW YORK
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

LONDON
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

As for your claim that Epic is trying to deny the Special Masters context, nothing could be further from the truth. The Special Masters have received a significant amount of context already, including the Parties' briefing on the underlying contempt motion and the briefing leading up to the December 2 Order. The Protocol further allows the Special Masters to raise any questions they might have with the Parties. And if Apple truly believes additional context is needed, Apple can suggest to Epic a joint filing such as a glossary of terms or a purely factual submission of agreed-to (or even disputed) facts, and Epic would be willing to consider such a filing. What Apple cannot do, however, is submit filings unilaterally—or hold up the document production process.

Epic is available to meet and confer about this issue.

                        Best,

                        */s/ Yonatan Even*

                        Yonatan Even

Mark A. Perry  
Weil, Gotshal & Manges LLP  
2001 M Street NW, Suite 600  
Washington, DC 20036  
mark.perry@weil.com

*VIA Email*

Copies to: All counsel of record