```
1                  UNITED STATES DISTRICT COURT
2                 NORTHERN DISTRICT OF CALIFORNIA
3      Before The Honorable Thomas S. Hixson, Magistrate Judge
4
5  EPIC GAMES, INC.,             )
                                 )
6            Plaintiff,          )
                                 )
7  vs.                           )  Case No. C 20-05640-YGR
                                 )
8  APPLE, INC.,                  )
                                 )
9            Defendant.          )
   _____)
10
                                      San Francisco, California
11                                    Friday, January 3, 2025
12
     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13              RECORDING 1:03 - 1:24 = 21 MINUTES

14 APPEARANCES:

15 For Plaintiff:
                                Cravath, Swaine & Moore, LLP
16                              375 Ninth Avenue
                                New York, New York 10001
17                         BY:  YONATAN EVEN, ESQ.

18 For Defendant:
                                Weil, Gotshal & Manges, LLP
19                              2001 M Street, NW
                                Suite 600
20                              Washington, D.C. 20036
                           BY:  MARK A. PERRY, ESQ.
21
                           BY:  JASON LO, ESQ.
22

23 Transcribed by:              Echo Reporting, Inc.
                                Contracted Court Reporter/
24                              Transcriber
                                echoreporting@yahoo.com
25
```

*Echo Reporting, Inc.*

```
                                                                    2
 1  Friday, January 3, 2024                                  1:03 p.m.
 2                    P-R-O-C-E-E-D-I-N-G-S
 3                           --oOo--
 4           THE CLERK:  All right, everyone.  Good afternoon.
 5  We are here in Civil Action 20 -- I guess I better -- we're
 6  here in Civil Action 20-5640, Epic Games, Inc. versus Apple,
 7  Inc., the Honorable Thomas S. Hixson presiding.
 8       Counsel, please state your appearances for the record.
 9  Let's start with Plaintiff's counsel.
10           MR. EVEN (via Zoom):  Yonatan Even for Epic Games.
11  Good afternoon, your Honor.
12           THE COURT:  Good afternoon.
13           MR. PERRY (via Zoom):  Good afternoon, your Honor.
14  Mark Perry for Apple.
15           THE COURT:  Good afternoon.
16           MR. LO (via Zoom):  Good afternoon, your Honor.
17  Jason Lo, also for Apple.
18           THE COURT:  Good afternoon.
19      I've received the parties' status report.  So, thank
20  you for that.  Before I turn to that, let me first turn to
21  Epic.
22      Do you have any additional points you wanted to raise
23  that weren't captured in the status report?
24           MR. EVEN:  I don't know that weren't captured.  I
25  think where we are, the gist of it, the headline is that we
```

think that the process is finally now chugging along or we hope at least that that is the case, but there have been delays, and we are probably somewhere between 7 and 10 days behind where we hoped to be at this point.  That -- that is the result both of the shortfall of about five and six thousand documents in Apple's clip of review by our count. And on the -- on the special master side, we've lost one special master unfortunately.  And, in addition, we had the issue or a combination of Apple's attempt at doing unilateral briefing and some general hiccups in terms of how the documents were produced, and that delayed things by about a week or so.

We have reached out.  That's not in the -- in the status report.  We have reached out to two or three other candidates, and we hope we can get someone lined up relatively quickly to join the panel.  We're also hopeful that Apple's review is going to be accelerated by the fact that now we are going to have only two buckets instead of three buckets given Judge Gonzalez Rogers' denial of the motion for relief.  We're also hopeful that we're going to get all the category two documents very promptly so we can start the review on our end.

On that being, I would -- on -- on that note, I would just note that Apple in -- in the status report seems to suggest that it may provide some of the category two

4

documents to the special masters for review.  If I misunderstood that, then I apologize, but if -- if that's the intention, we think that would be inappropriate. Category two documents are defined as documents that Apple acknowledges are not privileged or otherwise protected under the December 2 order, and now that that order has been approved and finalized, we think the documents should just be produced.

The last thing on the -- on the substance just to update is that we still have not heard from the special masters as to their -- their review on how it's doing.  We know that they're going to provide us, they told us, with a first report on Monday.  And, so, we'll get a sense of the -- the clip at which they are both looking at documents and downgrading searches.

Our understanding from Apple's data is that Apple is downgrading roughly 80 percent of the documents it has reviewed, but maybe Mr. Perry has better data than ours.

THE COURT:  Well, thank you.  Let me turn to Apple.

Are there other points you would like to make that weren't captured in the joint statement, including any responses you may have to Epic's comments?

MR. PERRY:  Certainly, your Honor.  Thank you.

I -- I agree with the point that it is chugging along.

As -- as chugging often does, it starts out with the usual hiccups, and I think we have worked through all of them. Nothing requires the Court's intervention. We also had, of course, the holidays. The loss of a special master is unfortunate, and the parties are working to try to find a third as we speak literally.

The -- the big picture numbers -- and these are rough, your Honor. They change daily and literally hourly. So, these are -- these are round numbers. We've got through about 40 percent of the documents as of today, 21,000. Sixty percent or so are downgrades. Forty percent are maintains on the overall numbers. We have added reviewers and trained them as well in light of the initial experience to make sure that we -- you know, the overall numbers we -- we will -- we will get there.

We are looking forward to the special masters' first report on Monday. We've not had any feedback from them as to whether that will require any adjustment in the process or not, and we are happy to do that, depending on what they have to say. In other words, you know, it may or may not institute a change. We just don't know until we get it.

And, unless the Court has questions, I don't think there's anything else really. It -- it's underway is the short version.

THE COURT: Okay. Thank you.

1          MR. EVEN:  Your Honor, if I may, one word on that,
2 because that -- that number is news to us, the 21,000 or 40
3 percent.  That is deeply disturbing to us.  Our
4 understanding was that Apple reviewed 16 -- just over 16,000
5 by last Thursday.  We were expecting Apple to be closer to
6 31,000 now, not 21.  So, I'm not sure where that discrepancy
7 is coming from, but that is a very low number.
8          THE COURT:  Let me turn to Apple.  the parties
9 have at times had different numbers of privileged claims and
10 issues, and Judge Gonzalez Rogers alluded to that in the
11 footnote in her recent order.
12       How many total documents does Apple believe it is
13 rereviewing?
14          MR. PERRY:  It -- it is approximately 53,000, your
15 Honor, but I don't -- we don't have a precise number for
16 reasons that I actually don't quite understand.  The number
17 57,000 has been used a number of times.  It is not 57,000.
18 I believe it is 53,000.  It could be 54,000.  It could be
19 52,000.  It is slightly north of 50,000.  It is not as many
20 as 55,000.
21       This is complicated in part by this family issue that's
22 referred to in the status report.  There are, you know, some
23 documents -- a document may have multiple attachments, some
24 of which are privileged, some of which are not.  So, it's
25 not -- there's not a one-to-one count, in other words.  What

1  -- what the reviewer -- what the rereviewer is doing is
2  going through every document that was logged as either
3  withheld or redacted in whole or in part and then
4  reproducing them as that.  So, that's why we know the
5  number's, you know, roughly 52, 53 thousand right now.  The
6  number I had this afternoon was roughly 53,000.  But, again,
7  it -- it's not a precise number for the reasons that we
8  don't quite -- we don't know that because of the family
9  issue and other things that I probably don't understand.
10          THE COURT:  And can you speak to Epic's concern?
11  They would have expected you to be at around 31,000, and you
12  reported about 21,000.  Can you please address that issue?
13          MR. PERRY:  Certainly, your Honor.  We -- you
14  know, Epic had suggested at the outset that we -- we review
15  20,000 a week.  We said that was too great in light of the
16  available reviewers.  The parties expected I think outside
17  counsel reviewers only, not contract attorneys.  And, in
18  fact, Judge Gonzalez Rogers asked us about that.
19      We estimated 15,000 a week.  That's an all-in number.
20  I think that's still a -- a good number.  The initial stages
21  always take longer, both because of the training, multiple
22  -- you know, multiple people look at documents, and once the
23  patterns are established, you know, they're there.  So the
24  30,000 I think would have been, you know, the full -- full
25  on.  We also had the holidays in there, and we've all known

that.  We had people working, to be clear, on every holiday, but we didn't have, you know, around the clock the way we would today.

So, I think we are still on track for 15,000 a week, you know, all in I hope.  Certainly we will do it as promptly as possible.  The speed is picking up as the reviewers get more familiar with the documents and go through and see -- see repeat patterns.

We do have new reviewers adding.  That will slow things down.  But, of course, more bodies will do it.  I mean, we're getting it done, frankly, as fast as we can with the quality control that's needed for this project, and then we do have the -- the order in from Judge Gonzalez Rogers which then, you know, that -- that piece of it is also rolled in as well.  So that there -- you know, it is what we -- it is where we are.

THE COURT:  In the status report, Epic voiced concern that Apple wasn't meeting at least initially the agreed upon targeted 15,000 documents a week, and one of Apple's responses was that you had hired more attorneys to participate in the review.

So, let me ask you, Counsel, do you expect that as of now, Apple is in a position where it can rereview 15,000 documents a week, in line with the protocol?

MR. PERRY:  Yes, your Honor.  We -- we had 40 --

1 approximately 40 outside counsel originally.  We have added
2 35 this week, for a total of roughly 75.  Now, they're not
3 all -- all the time, right, but trained and reviewing.  So,
4 yes, we have enough lawyers to get the -- to the number.  We
5 had -- we had a per-lawyer number, if you would, you know,
6 divide that number and ask them to do that.  We now have a
7 couple of weeks of actual experience and spread that out
8 among more people to get it done.  So, yes, I am confident
9 we are on track.
10          THE COURT:  So, just doing the math, if there's a
11 total of approximately 53,000 documents and as of today
12 Apple has rereviewed 21,000, does Apple expect that within
13 two weeks from today you will have completed your rereview?
14          MR. PERRY:  Your Honor, I think we will get it
15 done within two weeks.  I -- I hate to say for sure because,
16 among other things, we don't have, you know, the special
17 masters' first report on Monday, and unforeseen bumps in the
18 road.  But based on the experience to date, I think that is
19 a fair, you know, target
20          THE COURT:  I wasn't asking, to be clear, about
21 the complete conclusion of all of those, including the
22 special masters' decisions.  I was just focusing on the
23 initial step of Apple's rereview.  Do you expect that the
24 initial rereview will be complete within two weeks from
25 today?

1           MR. PERRY:  I -- I believe we -- we -- we are
2  aiming for that, your Honor.  I can't -- I -- I -- I'd hate
3  to commit to it absolutely because we haven't got into next
4  week yet, but I -- I believe we can get that done.
5           THE COURT:  Would Epic like to speak further to
6  any concerns you may have about the timing?
7           MR. EVEN:  Yes, please, your Honor.
8        So, Mr. Perry stood here two weeks ago I think it was
9  and said that in the first week, which was partial, they've
10 reviewed something around, if I'm not mistaken, 6,000
11 documents.  They -- Apple then informed us that in the
12 second week, they've reviewed 11,000.  That would bring them
13 to 16 or 16 and a half thousand as of Thursday, eight days
14 ago.  That suggests that in the last eight days, rather than
15 increase the pace, they've decreased the pace and gone down
16 to less than 5,000 documents in the last week.  So, we're
17 now not in the beginning.  We're two and a half weeks into
18 what should have been a less than four-week rereview --
19 rereview process had Apple actually lived up to its
20 commitment to review 15,000 documents per week.  Fifteen
21 thousand was the number that Apple proposed.  We proposed
22 20.  They came back with 15.  We agreed.
23       And, so, we are now standing before a situation where
24 we are really very far behind.  We have Judge Gonzalez
25 Rogers' clear desire to proceed late January, early

1 February, and I just don't see how we do that if Apple is
2 doing it at a -- at a clip that is about half of what it
3 promised.
4          THE COURT:  All right.  Well, thank you, Counsel.
5 Apple did commit in the special -- in the protocol to review
6 15,000 documents a week, and I understand that Apple was not
7 initially able to do that, but it is important for -- for
8 Apple to get up to -- to get up to speed and to comply with
9 its commitment in the protocol.
10      And, so, I just -- Apple does need to go ahead and do
11 that, and it sounds like Apple has hired a number of
12 additional attorneys to enable it to do that.
13      In terms of the numbers, Counsel, you said that about
14 60 percent of them that have been reviewed so far have been
15 downgraded.  Does that mean -- what did -- to category three
16 or in light of Judge Gonzalez Rogers' ruling, is there no
17 longer a distinction between categories two and three?
18          MR. PERRY:  I -- I don't have the breakdown.
19 There -- there is sort of no longer a distinction in the
20 numbers I have, your Honor.  I just asked for the downgrades
21 versus maintain.  So, I -- I -- that number may be available
22 to someone else.  I don't have it right now.
23      The -- the -- the downgrade number that I requested for
24 today's conference was those documents originally withheld
25 or -- or redacted as privileged, how many of them have

1 changed as a result of the rereview.  So, that -- that's a
2 -- that's an overall number, not a category specific number.
3              THE COURT:  Okay.  I noticed in the status report
4 the language that Epic pointed out about with respect to the
5 category two documents, Apple indicating that it would
6 either send those documents to their special masters or to
7 Epic as appropriate no later than January 8th, without
8 prejudice to its right to appellate review, and I was
9 confused about that language because it seemed like under
10 the protocol -- under protocol, paragraph 1(h), in light of
11 the December 31st order, it would seem that all of  the
12 category two documents should go to Epic, and the protocol
13 did not seem to build in appellate review.  But perhaps
14 Apple can clarify what you meant by that.
15              MR. PERRY:  Yes, your Honor.  Let me start with
16 the appellate review.  The -- the protocol does build in a
17 -- a review mechanism for challenging the special master
18 determinations.  And, in addition, we have, you know,
19 challenged the Court's order.  Judge Gonzalez Rogers
20 sustained it, but, you know, we're not -- by producing those
21 documents, we want to make sure we are not waiving our
22 rights to eventual appellate review of the Ninth Circuit.
23 That was that language subject to appellate review, not --
24 not immediate appellate review, to be clear.
25         The -- the -- the as appropriate category two and

category three, your Honor, I believe that issue is -- is -- is this family issue.  There may be a document that has a category two attachment and a category three attachment.  So, it would go -- the category two document would go to Epic pursuant to the protocol.  The entire document -- we're -- we're giving the special masters for review the entire document, including, you know, the family's, if any part of it is withheld or redacted as privileged so that they can see the context.  So, they may get documents in the fam -- where in the family there's a category two document if there's a category three issue in their -- excuse me -- a category one.  I'm getting my categories mixed up.  They maintain privilege still in there.  So, it would go to the special masters, your Honor, because there's -- there may be a mix -- mixture of privileged claims.

THE COURT:  I see.  Well, thank you for that explanation.

Turning to paragraph 1(h) of the protocol that the parties agreed to, is it the case that by January 8th, Apple will turn over to Epic Games all of the documents that Apple has to date rereviewed and put into category two?

MR. PERRY:  Your Honor, I believe so, although what I don't know is whether there are privileged claims independent of the December 2nd order as to any category two documents.  In other words, there may be a category two

1  document that is -- that some part of it is affected by the
2  order and some part of it is not.  I don't know how that --
3  I don't know how those documents are being dealt with.
4          THE COURT:  Well, I would think of that as a --
5  oh, you mean some parts of it might be category one and some
6  parts might be category two?
7          MR. PERRY:  Correct, your Honor.
8          THE COURT:  Okay.  Thank you.  But as for
9  documents that are purely category two and do not have
10 category one in them, do you expect that those would all be
11 turned over to Epic Games by January 8th?
12         MR. PERRY:  I -- I believe so, your Honor, yes.
13         THE COURT:  Okay.  Is there anything Epic wanted
14 to say about that language in Apple's status report that
15 Apple has now explained?
16         MR. EVEN:  So, I -- I am not sure I fully
17 understand why documents that have any claim under category
18 one in them have not gone to the special masters yet.  I
19 would expect they would have gone regardless of any category
20 two assertions in them.  But, as long as we get everything
21 that's category two, I am fine with that.
22         MR. PERRY:  Would you like me to respond to that,
23 your Honor, or --
24         THE COURT:  Sure.
25         MR. PERRY:  I mean, so, next week's production may

1  include a category one document that is -- remains a
2  category one document for the first half but has a category
3  two second half.  It would go to the special masters because
4  it's still a category one document.  I think that -- I think
5  that's the only point.  I don't -- I don't -- I'm not sure
6  it's more complicated than that, but that -- that's the
7  issue is that there may be -- that the categories --
8  documents may fall into multiple categories.
9           THE COURT:  Right.  I understood that, and I think
10 Epic does as well.  Is that correct?
11          MR. PERRY:  Okay.
12          MR. EVEN:  Yes.
13          MR. PERRY:  I think we're speaking the same
14 language.
15          THE COURT:  Okay.  Then there were two issues in
16 dispute that the parties raised in the status report, and
17 one of these was about the summary of the litigation that
18 Apple prepared and offered to provide to the special
19 masters, and Apple maintained that it was appropriate under
20 paragraph 1(e) of the protocol, and Epic thought it was not
21 appropriate.
22      I'm not going to weigh in on that issue.  I think it's
23 for the special masters to decide what's useful and
24 appropriate for them under paragraph 1(e).  So, I'm going to
25 leave that up to them to decide.

1    And the second issue was the family issue, and there's
2 been some discussion about that issue so far at this hearing
3 that when Apple provides a document to the special masters,
4 it provides the whole document family, including
5 nonprivileged parts, like now that category two has merged
6 with category three, I guess this should be any category --
7 if any document in the family is category one, Apple
8 provides the whole family, including the nonprivileged
9 documents that Apple has already or will be turning over the
10 Epic, but the idea is that context can be there for the
11 special masters to evaluate the privilege claim.
12    Again, I am going to defer to the special masters under
13 paragraph 1(e) of the protocol.  They can decide if that is
14 useful and appropriate to them in evaluating Apple's
15 privilege claim.  So, that is up to them, but I'm not going
16 to weigh in on that issue.
17    We should set a next status conference, and I'm
18 thinking it should be two weeks from now.  That should be
19 close to the time when Apple completes its rereview of its
20 privileged documents.  That would be January 17th.
21    And, so, let me turn to Epic.  Does 1:00 p.m. Pacific
22 time on January 17th work for you?
23         MR. EVEN:  It does, your Honor.
24         THE COURT:  And does that work for Apple?
25         MR. PERRY:  Yes, your Honor.

17

1     THE COURT: And then I'm going to require the
2 parties' next status report to be due by January 16th so I
3 can have the benefit of that before the January 17th status
4 conference.
5     Are there any other points that Epic would like to
6 raise at this hearing today?
7     MR. EVEN: No, your Honor. Thank you.
8     THE COURT: Are there any other points that Apple
9 would like to raise at this hearing today?
10    MR. PERRY: No, your Honor. Thank you.
11    THE COURT: All right. Thank you, Counsel. I
12 look forward to receiving the parties' additional status
13 report on January 16th, and then we'll have our next status
14 conference on January 17th. And, with that, we're
15 adjourned.
16    (Proceedings adjourned at 1:24 p.m.)

```
                                                               18
 1               CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4  transcript, to the best of my ability, of the above pages of
 5  the official electronic sound recording provided to me by
 6  the U.S. District Court, Northern District of California, of
 7  the proceedings taken on the date and time previously stated
 8  in the above matter.
 9      I further certify that I am neither counsel for,
10  related to, nor employed by any of the parties to the action
11  in which this hearing was taken; and, further, that I am not
12  financially nor otherwise interested in the outcome of the
13  action.
14            [signature]
15
16           Echo Reporting, Inc., Transcriber
17               Monday, January 6, 2025
18
19
20
21
22
23
24
25
```