1  DANIEL G. SWANSON, SBN 116556
       dswanson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA 90071
   Telephone: 213.229.7000
4  Facsimile: 213.229.7520

5  CYNTHIA E. RICHMAN (D.C. Bar No.
   492089; *pro hac vice*)
6      crichman@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, DC 20036
8  Telephone: 202.955.8500
   Facsimile: 202.467.0539
9
   JULIAN W. KLEINBRODT, SBN 302085
10     jkleinbrodt@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
11 One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
12 Telephone: 415.393.8200
   Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
   mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No.
1500231; *pro hac vice*)
   joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
   morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC. <br><br> Plaintiff, Counter-defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH <br><br> **APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL** <br><br> The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ..................................................................................................................... 1

DISCUSSION .................................................................................................................................. 2

CONCLUSION ................................................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
    2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ................................................................................. 2

*Am. Automobile Assoc. of N. Cal., Nev., & Utah v. Gen. Motors LLC*, Case No. 17-CV-
    03874-LHK, 2019 WL 1206748 (N.D. Cal. Mar. 14, 2019) ........................................................ 1,2

*In re Anthem, Inc. Data Breach Litig.*,
    2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ............................................................................. 1, 2

*Apple Inc. v. Rivos, Inc.*,
    2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) .......................................................................... 1, 2, 3

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
    2023 WL 4335734 (S.D. Cal. May 10, 2023) .............................................................................. 1, 2

*Ervine v. Warden*,
    214 F. Supp. 3d 917 (E.D. Cal. 2016) ............................................................................................. 1

*Kamakana v. City and Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ....................................................................................................... 1, 2

*Krommenhock v. Post Foods, LLC*,
    2020 WL 2322993 (N.D. Cal. May 11, 2020) ................................................................................. 3

*Lamartina v. VMware, Inc.*,
    2024 WL 3049450 (N.D. Cal. June 17, 2024) ................................................................................. 2

*Lee v. Great Am. Life Ins. Co.*,
    2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ................................................................................. 2

*Phillips v. Gen. Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) .................................................................................................... 1, 3

*PQ Labs, Inc. v. Qi*,
    2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ................................................................................ 1

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
    2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ............................................................................... 1, 2

*Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250 (N.D. Cal.
    May 14, 2021) ............................................................................................................................... 1,2

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
    619 F. Supp. 3d 970 (N.D. Cal. 2021) ............................................................................................. 1

*Virun, Inc. v. Cymbiotika, LLC*,
    2022 WL 17401698 (C.D. Cal. Aug. 19, 2022)..................................................................................2

*Williams v. Apple Inc.*,
    2021 WL 2476916 (N.D. Cal. June 17, 2021)...................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 26(c)....................................................................................................1

Local Rule 79-5......................................................................................................................................1

1  Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple")
2  respectfully moves the Court to seal portions of the privilege log entries submitted as an exhibit to
3  Apple's Objections to Special Master Rulings on Apple's First Production of Re-Reviewed Privileged
4  Documents ("Objections"), which was filed under section 4 of the Joint Stipulation and Order Approving
5  Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"). The exhibit contains information sealable
6  under controlling law and Local Rule 79-5.  Specifically, the exhibit contains excerpts from Apple's
7  privilege log prepared for the Special Masters conducting evaluation of the privilege claims stemming
8  from Apple's re-review. The privilege log is required to be filed under the terms of the Protocol, but
9  contains competitively sensitive, non-public information regarding Apple's selection and engagement
10 of consultants in connection with preparing its submissions to a foreign regulatory body in response to
11 an investigation. It also contains personally identifiable information in the form of email addresses of
12 non-Apple employees. Apple's proposed redactions of that information are highlighted in yellow in the
13 un-redacted version of the exhibit that Apple is filing under seal and are itemized in the concurrently
14 filed Declaration of Mark A. Perry (the "Perry Declaration").

## LEGAL STANDARD

16 "The court may, for good cause, issue an order to protect a party or person from annoyance,
17 embarrassment, oppression, or undue burden or expense," including preventing the disclosure of
18 information.  *See* Fed. R. Civ. P. 26(c).  The Court has "broad latitude" "to prevent disclosure of materials
19 for many types of information, including, *but not limited to*, trade secrets or other confidential research,
20 development, or confidential information."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th
21 Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,
22 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing
23 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216,
24 at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the
25 disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024)
26 (granting request to seal "internal product codenames" and noting that a prior request for the same had
27 also been granted). Courts often find good cause exists to seal personally identifiable information,
28 particularly of a third party. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL

1  1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion to file under seal personally identifiable
2  information, including email addresses and telephone numbers of former employees); *see also Am.*
3  *Automobile Assoc. of N. Cal., Nev., & Utah v. Gen. Motors LLC*, Case No. 17-CV-03874-LHK, 2019
4  WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons existed to seal third parties'
5  names, addresses, phone numbers, and email addresses).

Although a party must show compelling circumstances to seal information appended to dispositive motions, the standard for non-dispositive motions is "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023). In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

Apple seeks to seal sensitive business information regarding its selection and engagement of consultants in connection with evaluating its submissions to a foreign regulatory body as part of an investigation, as well as the associated personally identifiable information. *See* Perry Decl. ¶ 5. Specifically, the privilege log submitted as an exhibit to Apple's Objections contains information in the to/from portion of the log entry that Apple has not made public, including which firms Apple engaged in connection with this work and who at the firms assisted in the matters, including their email addresses.

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns non-dispositive objections related to discovery. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v. Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning discovery generally are considered nondispositive of the litigation") (quotation omitted); *see also In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018 WL

1 1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

Apple easily meets the good cause standard here. *Lamartina v. VMware, Inc.*, 2024 WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple's limited proposed redactions protect against the harmful disclosure of Apple's internal business decision-making, including non-public legal strategy in connection with regulatory investigations. *See DNA Genotek Inc.*, 2023 WL 4335734, at *2 (finding good cause where disclosure would "undercut" a party's "position … in the marketplace"); *Apple Inc.*, 2024 WL 1204115, at *1. Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information. *See* Perry Decl. ¶ 3. Disclosure of the sealed information could harm Apple's business interests. *Id.* ¶ 4. Furthermore, Courts in this district have found not only good cause, but compelling reasons exist to seal personally identifiable information. *See Snapkeys*, 2021 WL 1951250, at *3 (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers of former employees); *see also Am. Automobile Assoc. of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (finding compelling reasons existed to seal third parties' names, addresses, phone numbers, and email addresses). Here, the email addresses in the privilege log not only reveal Apple's choice and strategy in selecting consultants, but it also reveals those third-party consultants' personal identifiable information. Good cause exists to protect that information on both fronts.

Moreover, Apple has narrowly tailored its sealing request to include only the information necessary to protect Apple's confidential business information and data. *See* Perry Decl. ¶ 6; *Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions" and finding "most of Apple's sealing requests[ ] appropriate" to the extent the disclosures "would harm Apple's competitive standing"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information, the disclosure of which would result in competitive harm to Apple"). Apple has only partially redacted limited information within the privilege log entries. *See* Perry Decl. ¶ 6.

For the foregoing reasons, there is good cause that warrants partially sealing the exhibit to

1 | Apple's Objections.

## CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: January 10, 2025

Respectfully submitted,

By: *s Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.