**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| v. | |
| APPLE INC., | **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE'S FIRST PRODUCTION OF RE-REVIEWED PRIVILEGE DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's first production of re-reviewed and privileged documents produced on December 23, 2024.

Prior to submitting these Objections, in an effort to avoid the need for Court intervention, Apple asked the Special Masters to informally reconsider some of these particular rulings. Epic objected to this approach (before Apple could even raise the other rulings) and insisted instead that Apple file any objections, however limited, with Your Honor. Apple therefore lodges objections to rulings on three privileged documents overruled by the Special Masters (Entries 35, 36, and 592 on its December 23, 2024 privilege log). We are submitting these documents for in-camera review contemporaneously with this filing.

Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights. Apple is not filing an objection, for example, to the Special Masters' application and interpretation of the "primary purpose" test for determining application of the attorney-client privilege, but has preserved its objection to the use of that test more broadly and reserves all rights to appeal. *See* Dkts. 1039, 1079, and 1094.

Apple maintains that the selection, curation, and presentation of materials (public or non-public) for witness preparation is protected by the work product doctrine and/or attorney-client privilege. For example, a memorandum from a lawyer to a witness in preparation for forthcoming

testimony is privileged, but so, too, are the attachments to that memorandum, because they reflect both the mental processes of the attorney in assembling the materials and legal advice regarding what should be reviewed in connection with forthcoming testimony. *See, e.g.*, *In re Worlds of Wonder Securities Litigation*, 147 F.R.D. 208, 210-11 (N.D. Cal. 1992) ("When an attorney selects certain documents to respond to an inquiry, that selection may reveal the attorney's thought processes and the identity of the documents may be privileged under the work product doctrine."); *Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016) ("Hand-select[ed] documents relevant to a case to review with the witness" during hearing preparation constitutes protected work product.); *U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 563 (C.D. Cal. 2003) ("Where the selection, organization, and characterization of facts reveals the theories, opinions, or mental impressions of a party or the party's representative, that material qualifies as opinion work product.").

Nevertheless, this argument already has been rejected in this litigation. *See* Dkts. 1056 and 1095 (denying privilege claim over Apple privilege log entry No. 2094, a Price Committee Deck provided to a witness for hearing preparation). Therefore, Apple is not challenging the Special Masters' rulings as to certain documents that were overruled on the basis of those rulings, but reserves its rights to appeal this issue as to all documents to which it applies. As one example, Entries 35 and 36 (discussed below) are two of many documents selected by counsel to prepare a witness in parallel litigation in Australia. While those two documents are independently privileged, as explained below, Apple is not challenging the Special Master's ruling that the rest of the documents selected by counsel are not privileged because they are public even though producing them necessarily reveals counsel's mental processes and litigation strategy in collecting them for the witness.

**<u>Entries 35 and 36 on December 23, 2024 Privilege Log</u>**

Apple respectfully objects to Special Master Gutierrez's ruling that Privilege Log Entries 35 (PRIV-APL-EG_00003179) and 36 (PRIV-APL-EG_00003214) are not privileged, as these documents are attorney drafts of testimony to be submitted in connection with litigation.

Special Master Segal sustained Apple's privilege assertion over Entry No. 399 (PRIV-APL-EG_00000729), which is the parent document attaching Entry Nos. 35 and 36 (among other documents). In that parent email, Apple in-house litigation counsel (copying seven other Apple in-house counsel) provides legal advice and instructions to an Apple executive regarding the executive's forthcoming testimony in litigation. Two of those attachments—Document #35 (PRIV-APL-EG_00003179) and Document #36 (PRIV-APL-EG_00003214)—are clean and annotated drafts (not final versions) of the executive's written testimony prepared by counsel. Indeed, Entry No. 36, the annotated version, includes detailed color coding explained by counsel in the parent email, directing the witness to different portions of the document for purposes of preparing him for testimony. These attachments are attorney work product shared from an in-house attorney to the executive witness in connection with an ongoing litigation and attorney-client communications regarding the then-impending testimony. That draft testimony is both privileged and comprises protected work product.[1]

---

[1] As noted above, Apple is not challenging the Special Master's ruling as to the numerous other attachments to the parent document.

**Entry 592 on December 23, 2024 Privilege Log**

  Apple respectfully objects to Special Master Segal's ruling that Privilege Log Entry No. 592 (PRIV-APL-EG_00008954) is not privileged, because that document consists of discussions among in-house counsel, outside counsel, and third-party consultants regarding materials prepared in response to an ongoing regulatory investigation.

  This parent email and attachment[2] relate to a German competition authority's investigation of Apple. Apple in-house counsel (in conjunction with Apple's German outside counsel) retained the consultants appearing on this email chain to provide economic expert evidence for the investigation. The top email in this chain is from one third-party consultant to Apple's German outside counsel, four Apple in-house counsel, Apple's economist in the competition law program, and two other consultants, and was sent as part of a chain among these participants discussing various analyses and work product developed in connection with Apple's response to the regulatory investigation. The email was sent as a privileged communication for the purpose of obtaining additional legal advice from outside and in-house counsel, and indeed is labeled "prepared at the request of external counsel."

  Special Master Segal ruled that the "predominant purpose" of this email chain was "economic" or "business considerations," with reference to Judge Hixson's December 2 Order. But the "economic" analysis prepared was for the purpose of assisting Apple in preparing a legal response to a regulatory investigation being coordinated by counsel—not for the purpose of making any decisions about the App Store business. Full review of this chain shows that it was driven by Apple's in-house legal team and centered on responses to a German competition authority's investigation, which is a legal proceeding driven by legal advice.

DATED: January 10, 2025

           WEIL, GOTSHAL & MANGES LLP
           By: */s/ Mark A. Perry*
           *Counsel for Defendant Apple Inc.*

---

[2] The Special Masters have not yet rendered rulings on the attachments as they requested additional information on them, which Apple has provided.