UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff, Counter-defendant,*<br>  v.<br>APPLE INC.,<br><br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE'S FIRST PRODUCTION OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short Responses to Apple's Objections to three of the Special Masters' rulings on Apple's first production of re-reviewed documents produced on December 23, 2024, which was filed on January 10, 2025. (Dkt. 1109.)

  Before turning to the Objections themselves, Epic wishes to address two points Apple makes. *First*, contrary to Apple's claim, Epic did not arbitrarily object to any Special Master re-review, "however limited". (Dkt. 1109.) Rather, Epic expressed its legitimate concerns that an unbounded re-review process could further delay the Special Masters' review; simply put, Epic does not believe the Special Masters could or ought to re-review an unlimited number of documents, in addition to the thousands of documents they are already tasked with reviewing.[1]

  *Second*, Apple makes much hay of the fact that it is not objecting to the Special Masters' rulings that are covered by the December 2 Order (and Judge Gonzalez Rogers's order denying Apple's challenge thereto). But that has the issue backwards. It is Apple's own re-review that should adhere to the standards laid out in those Orders. Accordingly, the privilege assertions that the Special Masters rejected and Apple does not object to—80 documents overall, for a reversal rate of 12%—should never have been submitted by Apple to the Panel *in the first place*.

---

[1] Epic nonetheless proposed that a re-review would be warranted where the Special Masters reached conflicting determinations across duplicate documents (*i.e.*, documents that are substantially identical). The Special Masters have heard argument about this issue and declined to engage in any additional review, finding they had no authority to do so under the Protocol.

As to the specific objections raised by Apple, Epic does not have access to the documents, and is therefore unable to fully assess the privilege claims. Epic therefore states the following:

- <u>Entries 35 and 36</u>—Epic agrees that if the documents are in fact drafts that are different from the ultimate filing, these documents may be protected.

- <u>Entry 592</u>—the custodian for this document is an economist, not a lawyer; the document was sent by an economist, not a lawyer; and it was sent to a mixed group of both lawyers and non-lawyers (including economists). Apple's privilege log claims the document is privileged based on the legal advice of attorneys Ling Lew and T. Wang, but Lew is neither the sender nor a recipient of the top e-mail and Wang is only copied on the top e-mail. Apple now claims privilege on the basis of other lawyers on the chain, but those were not mentioned in the privilege log and some were also not identified as attorneys in the glossary provided to Judge Segal together with this privilege log. Based on these facts alone, Epic does not believe Apple has carried its burden to provide persuasive evidence and/or argument requiring the Court to interfere with Judge Segal's assessment that the "predominant purpose" of the email chain was for "economic considerations" regarding the App Store—a kind of document "not privileged where . . . it does not reveal the content of the advice". (Dkt. 1056 at 4.)

DATED: January 14, 2025

CRAVATH, SWAINE & MOORE LLP
By: <u>/s/ Yonatan Even</u>
*Counsel for Plaintiff Epic Games, Inc.*