UNITED STATES DISTRICT COURT    *ORIGINAL*

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

```
EPIC GAMES, INC.,                )    Case Management Conference
                                 )
            Plaintiff,           )
                                 )
   vs.                           )    NO. C 20-05640 YGR
                                 )
APPLE, INC.,                     )    Pages 1 - 21
                                 )
            Defendant.           )    Oakland, California
_____)    Wednesday, December 18, 2024
```

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

```
For Plaintiff:          Cravath, Swaine & Moore LLP
                        825 Eighth Avenue
                        New York, New York  10019
                BY:  GARY A. BORNSTEIN,
                     YONATAN EVEN, ATTORNEYS AT LAW



For Defendant:          Weil, Gotshal & Manges LLP
                        2001 M Street NW, Suite 600
                        Washington, D.C.  20036
                BY:  MARK A. PERRY, ATTORNEY AT LAW


          (Appearances continued next page)

Reported By:       Raynee H. Mercado, CSR No. 8258
```

Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

## A P P E A R A N C E S (CONT'D.)

```
 1
 2
 3    For Defendant:              Gibson, Dunn & Crutcher LLP
                                  333 South Grand Avenue
 4                                Los Angeles, California  90071
                            BY:  JASON C. LO, ATTORNEYS AT LAW
 5
 6
 7
 8                               --o0o--
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1  Wednesday, December 18, 2024                      10:57 a.m.
 2                       P R O C E E D I N G S
 3                        (Zoom Webinar)
 4                           --O0O--
 5
 6        THE CLERK:  Good morning, everyone.  These
 7  proceedings are being court-reported by this Court.  Any other
 8  recording of this proceeding, either by video, audio,
 9  including screen shots or other copying of this hearing, is
10  strictly prohibited.
11     Your Honor, now calling the civil matter 20-CV-5640-YGR,
12  Epic Games, Incorporated versus Apple, Incorporated.
13     Parties, please state your appearances for the record
14  starting with the plaintiff.
15        MR. BORNSTEIN:  Good morning, Your Honor.  Gary
16  Bornstein for Epic Games.
17        MR. EVEN:  Good morning, Your Honor.  Yonatan Even
18  Epic Games.
19        MR. PERRY:  Good morning, Your Honor.  Mark Perry for
20  Apple.
21        MR. LO:  Good morning, Your Honor.  Jason Lo also for
22  Apple.
23        THE COURT:  Okay.  Good morning, everyone.  Can you
24  hear me okay?
25        MR. LO:  We can.
```

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

```
 1              THE COURT:  All right.  Perfect.

 2        Okay.  So I need an update from you all.  I've got some

 3   questions.  I've read summaries of what happened recently in

 4   front of Judge Hixson.  I understand that you're going back to

 5   Judge Hixson.

 6        So let's start with plaintiffs.

 7              MR. BORNSTEIN:  Thank you, Your Honor.

 8   I'm going to defer to Mr. Even to address this, if I may.

 9              THE COURT:  Sure.

10   Mr. Even, good morning.

11              MR. EVEN:  Good morning, Your Honor.  Thank you.

12        So we have been in some back-and-forth with Apple about

13   their privilege assertions, and I think that is in the joint

14   statement that we filed with Your Honor.

15        We are embarking on a project of rereview of all of -- all

16   of Apple's 57,000 or so privilege assertions based on the

17   December 2nd order from Judge Hixson which looked at 11

18   exemplar documents and by and large rejected Apple's

19   assertions on those documents.

20        We have approached -- and I think just before this

21   started, Your Honor has very promptly -- and we thank you for

22   that -- appointed a third special master.  The parties are

23   exchanging drafts of a protocol that will govern the review.

24        Apple has been told in no uncertain terms and has now

25   confirmed to us that they have started the rereview on their
```

1    end.  And we don't know how many of the documents that Apple

2    has -- is reviewing, Apple is going to stand on the assertions

3    on those documents, notwithstanding Judge Hixson's

4    clarification of the prevailing standard.

5        Maybe Apple can shed some light on that by now since they

6    ought to have four or five days of rereview under their belt.

7    But we don't know the numbers yet.

8        We start with three special masters, and we very much hope

9    that they will -- quickly as humanly possible -- and provide

10    us with either overruling or sustaining Apple's various

11    assertions.  Apple, we think, will itself downgrade, we hope,

12    a meaningful number of documents.  And with that, we ought to

13    have all the documents that we are entitled to finally

14    produced by Apple.  It's taken us quite some time,

15    unfortunately, but -- but that is where we are.

16        I don't know that I can provide too much clarity beyond

17    what is in the joint statement on timing.  And -- and this is

18    a kind of -- I just don't know what I don't know yet,

19    unfortunately.  And we'll see more about that maybe based on

20    the numbers from Apple, and -- and, surely, once the special

21    masters are starting their own review.

22        So that's in short where we are unless Your Honor has any

23    specific questions.

24            **THE COURT:**  I will.  But let's go to Apple.

25            **MR. PERRY:**  Thank you, Your Honor.  Mark Perry.

```
 1        I -- I generally agree with Mr. Even's summary other than

 2   the characterizations.  We have agreed to rereview all the

 3   documents withheld or redacted for privilege.  That is under

 4   way.  I don't have a count as of today.  They don't come in

 5   document by document.  They get batched.  We have asked for a

 6   count at the end of the week for the first batch, so -- so

 7   that's the answer to that question.

 8        THE COURT:  Who's doing the -- who's doing the

 9   document review?  Gibson or someone else?

10        MR. PERRY:  It is 35 to 40 outside counsel at I

11   believe it is 7 different law firms, Your Honor in light of

12   the holidays and the time pressures.

13        THE COURT:  Okay.  Keep going.

14        MR. PERRY:  Thank you, Your Honor.

15        The -- so the rereview is under way, as -- as --

16   mentioned.  We have engaged or are -- I'm not sure we signed a

17   contract with Judge Segal, but we are about to have all the

18   special masters appointed.  We have not yet had a meeting with

19   the full panel, if you will, of the special masters.  We've

20   talked to each of them individually, but the group has not

21   met.  And that's the next thing on the agenda, is to get them

22   altogether with counsel.  And as Mr. Even indicated, we have

23   a -- a protocol under way that we have not yet had the input

24   from the special masters on to actually guide the process; in

25   other words, how they get the -- what they do with them and so
```

```
 1    forth.

 2        That has -- you know, that is all in place, and we

 3    appreciate the -- the orders appointing the special masters as

 4    well.

 5            THE COURT:  So let me -- let me ask when you

 6    contacted the special masters -- and two of the three I know.

 7    The most recent one, I do not.

 8        But when you contacted them, what did you -- what did you

 9    tell them in terms of their task?  How did you choose them?

10    And in particular, the urgency of the task?

11            MR. PERRY:  Yes, Your Honor.

12        In all candor, Epic did 90 percent of the talking.  I'm

13    happy to summarize it, or -- or if you'd like to hear from

14    Mr. Even directly, that would be fine, too.

15        I was on the calls, most of them, so I can explain it.

16        The short version was that the -- the parties summarized

17    the number of documents produced and withheld.  The order by

18    Judge Hixson and the -- and the desire for rereview, the need

19    for expeditious resolution, the fact that the hearing is -- is

20    currently tentatively calendared for January 13th, the number

21    of documents, the unknown -- we all have an unknown unknown,

22    which is the number of documents that will remain after the

23    downgrades.

24        And we had several special masters who declined the

25    assignment because they didn't have time or the holidays or
```

```
 1    something else.
 2        What we don't know, Your Honor, you know, is how long it
 3    will take once the documents are in the special masters' hands
 4    or the following point.
 5        But, again, Mr. Even, feel free to chime in.
 6        There was a -- it was probably a 20-to-30-minute call with
 7    each special master explaining to them in fairly robust
 8    details the contours.  And then as soon as the contracts were
 9    signed at their request, they've also been provided with all
10    the briefing in front of Judge Hixson and the order of Judge
11    Hixson and some other materials as well as the unredacted
12    documents, so they have a set of materials to start, in other
13    words, soon and --
14        Does that answer the question, Your Honor?
15            THE COURT:  It does.
16        Mr. Even?
17            MR. EVEN:  Yeah.
18            THE COURT:  Anything to add?
19            MR. EVEN:  The only things I would add is we told the
20    special masters that our ask of Apple was to review about
21    20,000 documents per week.  Apple has not committed to that
22    yet and -- and said they -- they may be limited to 15,000.
23    And we hope we land somewhere between those numbers.  I think
24    with either one, we can at least have a robust commitment from
25    Apple as to the pace.  And we also told them that the
```

1    documents would be rolled to them on a weekly basis.

2        And the main emphasis in all the calls was mainly are they

3    able to devote a significant amount of time, even over the

4    holiday weeks, because of the urgency, and, of course, we told

5    them that -- explained to them what we told Your Honor in the

6    joint statement meaning that we all recognize that probably

7    this task is not going to be done by January 13th.  And it's

8    obviously up to Your Honor whether you make us come January 13

9    or -- or thereafter.

10        **THE COURT:**  Okay.  Next question relates to the

11    objection to the -- Judge Hixson's order.

12        Currently, I think you have a -- kind of elongated

13    briefing schedule.  Not exactly sure if you all met and

14    conferred on the schedule or not.

15        Clearly, the standard is pretty high.  The bar is pretty

16    high, Mr. Perry, for -- to overcome.  There has to be, as you

17    know, clearly erroneous or contrary to law.  That's a high

18    bar.  At least I believe it's a high bar, and that's how I

19    assess those objections.

20        **MR. PERRY:**  Understood, Your Honor.

21        **THE COURT:**  So is there some need to have new

22    briefing on this?  I mean, I assume it is 'cause you have to

23    reference the order.  But it seems to me you've already

24    briefed all the issues.

25        **MR. PERRY:**  We -- we did brief the issues, Your

```
1   Honor.  We -- we did not have and were not permitted to put in
2   a declaration in the magistrate proceeding.  We have submitted
3   one to Your Honor.  We do think there was some contextual
4   facts, you know, overlooked or not taken into account by Judge
5   Hixson.  And, of course, context matters in privilege review.
6   That is one thing.
7       The second point is as I understand Epic's position, you
8   know, this is it.  In other words, that there will be no more
9   exemplars and so forth.  The -- the December 2nd order is the
10  guiding star.  If it is sustained, we will apply it.  If it is
11  changed, we will apply that too.  But this isn't going to be
12  iterative, in other words, and we wanted to bring those
13  issues, given the importance of -- of the privilege to Apple
14  and every corporation, to the Court for attention.
15      We absolutely recognize the high standard.  We -- we did
16  not -- we brought portion or most of 9 out of the 11
17  documents.  We do think they are -- it comes down to 7
18  challenges basically that we would appreciate the Court's
19  perspective.
20          THE COURT:  Mr. Even -- or I assume that's you,
21  Mr. Even?
22          MR. EVEN:  Yes, Your Honor.  I think so unless
23  Mr. Bornstein wants to speak to it, but I'm -- I'm happy to
24  cover it.
25      So we -- we -- first of all, we disagree with -- we think
```

1    that this has been briefed before Judge Hixson.  I don't think

2    that Apple mentioned or said or approached Judge Hixson to say

3    that they think a declaration is necessary.  Obviously, there

4    is a standing order that says that as a default, you don't put

5    in anything.  But if they -- party thinks that to better

6    understand or to fully understand any argument, you need to

7    put in a declaration, one can go and do that.

8        And, in fact, Judge Hixson has approached the parties and

9    asked to provide the documents which were not attached and

10   then the documents for in camera review, which we have asked

11   him to do because we thought that was important for his

12   assessment.  And so we think this is kind of already been done

13   and -- and fully -- fully adjudicated.

14       The same argument was made at a hearing before Judge

15   Hixson, and -- and he obviously said the same kind of thing,

16   saying, no, this was briefed, and it's not -- it's just not

17   true to say that Apple didn't have a chance to be heard.

18       At the time, Apple said that there wasn't a motion to

19   compel, they referred it to.  And he said, no, the -- the

20   right way to do it is through the standing order about a joint

21   briefing, and -- and I just don't -- don't agree with anything

22   you're telling me about that.

23       As to the timing, if Your Honor was alluding to that, I --

24   as we understand the local rules, we are not required to file

25   anything unless Your Honor tells us that we are.  And -- and

```
1    we, of course, will stand ready to do that on -- if necessary
2    on whatever timing Your Honor would like us to do that.
3         THE COURT:  Yeah, I -- look, I think I may ultimately
4    agree with you.  I think this district has been very vocal
5    about how overbroad corporations are using the privilege.
6    Business decisions are business decisions.  And just popping
7    some lawyer's name onto a document does not create a
8    privilege.
9       And there -- you know, that said, I've not -- I do think
10   it's probably worthwhile to get the explicit response from --
11   from Epic and then get a short reply.
12      I will tell you what I tell everyone in discovery
13   disputes.  Given the high standard, you will not get much from
14   me.  You are going to get back an answer.  And it's not an
15   appealable order.  And that's what you're going to get.
16      So --
17         MR. PERRY:  Your Honor, would -- would the Court like
18   the unredacted documents, or would you like to decide --
19         THE COURT:  No, I -- I mean, I think I need them.  I
20   don't know how you do this without them.  I've -- I've asked.
21   We don't have them.  So I think I need the exemplars if I'm --
22   if he reviewed them and I need to review them and you're
23   challenging the -- the analysis, then I've got to look at
24   them.
25         MR. PERRY:  And would we send those to Mr. Cuenco
```

```
 1    rather than filing them on the public docket, Your Honor, just
 2    procedurally?  Or I can follow up with Mr. Cuenco.
 3            THE COURT:  You can send them to the chamber's email
 4    or you can file it in the docket under seal.
 5            MR. PERRY:  Thank you, Your Honor.
 6            THE COURT:  So it is the holidays.  We do have to get
 7    through 55,000 documents.
 8         So when do you want to file a response?
 9            MR. EVEN:  I'm sorry, Your Honor.  I think we can get
10    a response on file probably by Monday.
11            THE COURT:  Okay.  That's the 23rd.
12            MR. EVEN:  I believe so, Your Honor.  If Your Honor
13    requires it sooner than that, obviously we will --
14            THE COURT:  No, I don't.
15         Mr. Perry, a reply?
16            MR. PERRY:  Your Honor, we can do the 27th, although
17    my team would probably rather me ask for the 30th.  But if the
18    Court would like it that Christmas week to come back to, we
19    can do whatever the Court prefers.
20            THE COURT:  The 30th is fine.  No argument.
21            MR. PERRY:  Thank you, Your Honor.
22            THE COURT:  Okay.  Next, I am not waiting to resolve
23    Apple's motion before proceeding with this evidentiary
24    hearing, Mr. Perry.
25         I have read your motion.  I haven't fully analyzed it, but
```

```
1      I did read it.  Think it's a bit of a stretch.  If I thought
2      it would decrease the amount of time that I needed to spend on
3      this case, I'd do it first.  I don't.
4          So your request is denied.
5              MR. PERRY:  That's the Rule 60 motion, Your Honor?
6              THE COURT:  Yes.
7              MR. PERRY:  Thank you.
8              THE COURT:  Okay.  Let me ask -- I'd like to
9      understand your thinking with respect to the special masters.
10         Did you choose three because they have to collaborate?  Or
11     did you choose three so that you could have more eyes on the
12     documents?  And they're individually making decisions?  Is
13     there --
14         Under the -- under the code, you have a right to appeal.
15     Are you waiving the right to appeal?
16             MR. EVEN:  So --
17             MR. PERRY:  Oh, please.
18             MR. EVEN:  Maybe -- let me start with the first
19     question.  The idea of having three, Your Honor, is -- is
20     definitely to have each one of them go through a pile because
21     we have 55,000 documents and we need more than one set of eyes
22     to go through all -- and so that is the idea.
23         Although in the protocol, we definitely are going to tell
24     the special masters -- and I think that both parties agree on
25     that part -- that they can and -- and should discuss among
```

1    themselves to make sure that their rulings are consistent if
2    they come across a sort of document that's very prevalent or a
3    sort of call that they are on the fence or anything like that,
4    that they should feel free discuss with each other.

5        But -- but the idea is to have three so that we can get
6    through a lot of documents relatively quickly should Apple
7    stand on -- on multiple assertions.

8        As to right of appeal, I -- I can say that in our view,
9    what we have proposed at least is that Apple follow the
10   typical process with some abridged briefing before Magistrate
11   Judge Hixson, meaning that if there's a dispute, that they can
12   take it very promptly -- or that we can take it very promptly
13   to Judge Hixson, and -- and from there, the rules will govern.

14       Apple proposed something last night that -- that -- has
15   asked us to agree to something -- that from Judge Hixson, this
16   will go directly to the Ninth Circuit.  I -- we're not going
17   to agree to that.

18       I don't think that's a -- frankly, something that we can
19   agree to or a proper request.  But -- but that's going to be
20   sorted out between the parties.

21           **THE COURT:**  Mr. Perry?

22           **MR. PERRY:**  Thank you, Your Honor.  As to the -- the
23   three special masters, I agree with Mr. Even.

24       The idea was to spread the work.  And certainly if they
25   need to consult, they're welcome to do so.  And -- and I think

1    we also have a handshake agreement that if -- if after the

2    first batch or something they said they need four or five, we

3    can talk about that.  I mean, hopefully three is enough.

4        As to the appeal, this is something in the -- in the

5    protocol that is not -- we're meeting later today to discuss.

6    Our goal was to make this abbreviated; again, not -- not to

7    have multiple appeals and issues.  If something, you know,

8    extraordinary comes up, go to Judge Hixson and be done.

9        The reference to the Ninth Circuit to be clear -- maybe --

10    Mr. Even and I have not talked about this.  We literally

11    exchanged it last night -- would be at the end of the case,

12    you know, these would be appealable orders, not that there

13    would be an immediate appeal of Ninth Circuit.  So if there's

14    any misimpression there, let me clear that up.

15        I don't think we could agree to that either and so we

16    haven't asked for it.  We are trying not to, frankly, trouble

17    this Court with these issues.

18        We would like to get, you know, clarity on the

19    December 2nd order.  We'll apply it.  We'll do the rereview,

20    and we would like to be done.  Everybody would like to be

21    done.  So that the goal there was to try to limit the

22    objections.

23        I am quite confident -- Mr. Even and I have talked about

24    this in principle.  I don't think we're far apart in

25    principle.  It's just a matter of setting up the process with

```
 1        an abbreviated, abridged, you know, short-time, one-page brief
 2        kind of thing if there's -- if there's a disagreement.
 3              THE COURT:  Okay.
 4           All right.  So let's talk about timing.  You all agree
 5        that the 13th is too quick, so what are you suggesting?
 6              MR. EVEN:  So from Epic's point of view, I think what
 7        we would appreciate, Your Honor, is to tentatively set this
 8        for sometime in early February when Your Honor's calendar
 9        allows it.
10           And -- but I think we would also want something that is
11        another check-in like this one, probably in the second week of
12        January once we get some numbers under our belt and are -- can
13        speak more intelligently as to the pace.
14           Because right now, I -- I just don't know not how quickly
15        the special masters are going to go through it and not how
16        many assertions Apple is going to stand on.
17           So that -- those are the two kind of outstanding questions
18        for me.
19              THE COURT:  Mr. Perry?
20              MR. PERRY:  Your Honor, we -- we have not yet met
21        with the special masters, so while Apple can get through these
22        documents -- again 15,000, some -- some number of multiple
23        thousands a week, we don't know how long it will take the
24        special masters, so that's something out of our control.
25           I -- it -- we -- we are prepared to go as soon as it's
```

1    done.  We do think it should be done.  You know, we've agreed

2    to do it.  I did check with the four witnesses who testified

3    in May, and they are all available the weeks of March 10th and

4    March 24th.

5        In February, we will have conflict issues with the

6    witnesses -- of various witnesses, so I just -- I put that out

7    as an information point given where we are.

8            **THE COURT:**  I can tell you right now March 24th

9    doesn't work.  I have another criminal trial with respect to

10   one of the BOP officers, and that case will go to trial.

11       So you can free that up because I will be in trial.

12           **MR. PERRY:**  I will cross it off the list, Your Honor.

13   Thank you.

14           **THE COURT:**  I have a trial set to go February 10th.

15   That will probably be two weeks, which is why I wanted to do

16   this in January.

17       So we can do this in between the two.  We can start it,

18   and then we can continue it.  That's the other approach.

19       Or, Mr. Perry, your clients can change their schedules.

20           **MR. PERRY:**  Yes, Your Honor.

21           **THE COURT:**  I understand having dealt with Apple in

22   other cases, May is not a good time.  April's not a good time.

23   Frankly, I don't want to wait that long.  It's already been

24   too long.  So we won't go forward on the 13th.

25       Why don't we go ahead and have a conference the next day,

```
1    the 14th, 11:00 a.m.  We can do it on the Zoom platform.  No
2    need to do it in person.
3        And I would focus on trying to get -- I do have some
4    conflicts in January.  The week of the 20th after the holiday
5    is free.  The week of the 27th, I could do the first three
6    days.  And February, I could do the first week before I start
7    my trial on the 10th.
8        Then there's the week of the 24th and the week of March --
9    I'll have to check on March 3rd.  I still have a couple of
10   trials scheduled that day.  I'm not sure if they're going.
11       Let's shoot for end of January, beginning of February.
12            MR. EVEN:  That would work well for Epic, Your Honor,
13   assuming we get --
14            THE COURT:  We can do long days.
15       I can rearrange my -- my law and motion and calendars,
16   et cetera, if we want to do longer days rather than my typical
17   which is 8:00 to 1:40, no lunch.
18       I think we did same in the original trial.
19            MR. EVEN:  We did, Your Honor.
20            THE COURT:  Okay?  What else do you need?
21            MR. EVEN:  I think nothing else at this point from
22   Epic, Your Honor.
23            MR. PERRY:  Your Honor, I have two points of
24   clarification with the Court's indulgence on the witness
25   admonition issue.  One is a question.
```

```
 1        May we provide the witnesses with the transcripts of their
 2   prior testimony?
 3        THE COURT:  Yes.
 4        MR. PERRY:  And second, I think we previously --
 5   Thank you, Your Honor.
 6        We previously advised the Court that there is a trial in
 7   the UK involving the App Store.  Mr. Schiller will be
 8   testifying.  It is possible that he is cross-examined on these
 9   issues.  We don't know.  If he is, he will have to respond
10   under oath.  And if he is cross-examined, he would be redirect
11   on whatever he's cross-examined on.
12        These issues are not in his direct testimony.  We're not
13   preparing him pursuant to the previous discussion, but I just
14   wanted there to be no lack of transparency that it is possible
15   that the other side may bring up these issues in a -- in an
16   ongoing parallel proceeding in the United Kingdom.
17        THE COURT:  Okay.
18        MR. PERRY:  Thank you, Your Honor.
19   Nothing further from Apple.
20        THE COURT:  All right.
21        Well, you will all be busy, so I'll still wish you a happy
22   holiday, busy though it may be.
23        And we will connect with all you again in 2025.
24        MR. PERRY:  Thank you, Your Honor.
25        MR. BORNSTEIN:  Thank you, Your Honor.
```

1          **MR. EVEN:**  Thank you.

2          **THE COURT:**  Thank you.

3          (Proceedings were concluded at 11:26 A.M.)

4                              --o0o--

5

6

7                   **CERTIFICATE OF REPORTER**

8

9          I certify that the foregoing is a correct transcript

10    from the record of proceedings in the above-entitled matter.

11    I further certify that I am neither counsel for, related to,

12    nor employed by any of the parties to the action in which this

13    hearing was taken, and further that I am not financially nor

14    otherwise interested in the outcome of the action.

15

16    _____

17        Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

18              Wednesday, December 18, 2024

19

20

21

22

23

24

25

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*