UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 and Apple's third production of re-reviewed and privileged documents produced on January 6, 2025. We are submitting these documents for in-*camera* review contemporaneously with this filing.

    Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 202 on the December 30, 2024 Privilege Log**

Apple respectfully objects to Special Master Gutierrez's ruling that Privilege Log Entry No. 202 (PRIV-APL-EG_00016018) is not privileged, as this document contains legal advice from Apple in-house attorneys provided in response to requests for legal advice from Apple employees about foreign regulatory issues in the European Union. While Apple initially withheld the entire document for privilege, Apple now asserts that only limited portions of this document reflecting requests to Apple's in-house attorneys, as well as their response, should be redacted for privilege. Those portions are highlighted in the version submitted for *in camera* review.

This document consists of a chat message thread between a number of Apple employees, including Apple in-house attorney Ling Lew, discussing Apple's external link-out program in the Netherlands created in response to an order issued by the Netherlands Authority for Consumers & Markets. Within this thread, Apple employees pose questions to Ms. Lew explicitly requesting her legal advice regarding the implementation of this link-out program, including regulatory requirements informing user design. Ms. Lew responds to these questions. The requests for legal advice constitute a privileged communication between an attorney and her client sent for the purpose of obtaining legal advice from in-house counsel. In addition, Ms. Lew's responses constitute legal advice provided by an attorney to her client, creating a confidential attorney-client communication.

**Entry No. 241 on the December 30, 2024 Privilege Log**

Apple respectfully objects to Special Master Gutierrez's ruling that Privilege Log Entry No. 241 (PRIV-APL-EG_00016915) is not privileged, as this document contains legal advice from Apple in-house attorneys related to user design for Apple's link-out program in the European Union. While Apple initially withheld the entire document for privilege, Apple now asserts that only limited portions of this document reflecting legal advice from Apple's in-house attorneys should be redacted for privilege. Those portions are highlighted in the version submitted for *in camera* review.

Entry No. 241 consists of a document discussing functional specifications of Apple's external link-out program in the European Union, which, as the document explains, was created in response to the Digital Markets Act. The portions of the document redacted by Apple reflect legal advice from Apple in-house counsel concerning business operations. These portions were included to convey a legal opinion issued by Apple attorneys to their clients regarding the scope of the link-out program. As such, these lines constitute confidential attorney-client communications and should be redacted. The rest of the document should remain unredacted.

**Entry Nos. 276, 277, 278, and 279 on the December 30, 2024 Privilege Log**

Apple respectfully objects to Special Master Gutierrez's ruling that Privilege Log Entry Nos. 276 (PRIV-APL-EG_00017738), 277 (PRIV-APL-EG_00017756), 278 (PRIV-APL-EG_00017775), and 279 (PRIV-APL-EG_00017791) are not privileged, as these documents reflect advice from Apple's outside counsel regarding materials related to Apple's external link-out program in the European Union, created in response to the Digital Markets Act. While Apple initially withheld Entry 276 in its entirety for privilege, Apple now asserts that only certain portions of this document reflecting legal advice from Apple's outside counsel should be redacted for privilege. Those portions are highlighted in the version submitted for *in camera* review.

The parent document (Entry No. 276) consists of a message thread between a number of Apple employees, including Eric Albert and Tanya Washburn, both non-attorneys. Ms. Washburn begins the conversation by stating that Mr. Albert was working with Apple's outside counsel, who were reviewing a number of Apple draft communications documents regarding Apple's link-out program in the European Union. Later in the thread, Mr. Albert conveys notes from this review to Apple employees with instructions to revise the draft documents according to comments from outside counsel. The notes that Mr. Albert conveys within the thread include legal advice from outside counsel regarding the language and substance of the draft documents. As such, the notes that Mr. Albert shared should be redacted as privileged attorney-client communications.

The three attachments (Entry Nos. 277, 278, and 279) to the parent document are working drafts of the documents reviewed by outside counsel. Mr. Albert shared these documents through the message thread with Apple employees. These draft documents reflect legal advice from outside counsel in the form of revisions to draft documents made by outside counsel, in the context of anticipated litigation. These revisions were sent from outside counsel to the client for their review, and were sent with the intent that the client would implement those changes to the draft documents. As such, the documents reflecting outside counsel's review constitute attorney-client communications, as well as attorney work product.

**Entry No. 1551 on December 30, 2024 Privilege Log**

Apple respectfully objects to Special Master Segal's ruling that Privilege Log Entry No. 1551 (PRIV-APL-EG_00041127) is not privileged, as this document is an attorney draft of a declaration prepared by counsel to be submitted in connection with this litigation.

Special Master Segal sustained Apple's privilege assertion over Privilege Log Entry No. 1550 (PRIV-APL- EG_00041089), which is the parent document attaching Privilege Log Entry No. 1551. Special Master Segal further sustained Apple's privilege assertion over a different attachment to that email, Privilege Log Entry No. 1553 (PRIV-APL- EG_00041164), which is a draft of Apple's opposition to a motion that was prepared by counsel. In the parent email, Apple in-house litigation counsel (copying two other Apple in-house counsel) provides legal advice and instructions to an Apple executive regarding a brief and supporting exhibits to be filed in connection with this litigation. One of the attachments to the email—Privilege Log Entry No. 1551 (PRIV-APL-EG_00041127)—is a clean draft (not a final, executed version) of a written declaration to be executed by Alex Roman. This email was sent the day before the final declaration was filed. This attachment is attorney work product shared from an in-house attorney to an Apple executive in connection with an ongoing litigation, as well as attorney-client communications regarding the then-impending court submission. That draft declaration is both privileged and comprises protected work product. The draft declaration, which is different from the final version of the declaration, is similar to documents asserted as privileged in Apple's first production—December 24, 2024 Privilege Log Entry Nos. 35 (PRIV-APL-EG_00003179) and 36 (PRIV-APL-EG_00003214). *See* Dkt. Entry 1113.

**Entry Nos. 2706 and 2708 on January 6, 2025 Privilege Log**

Apple respectfully objects to Special Master Walsh's ruling that Privilege Log Entry Nos. 2706 (PRIV-APL-EG_00098668) and 2708 (PRIV-APL-EG_00098672) are not privileged, as these emails reveal the existence of attorney-client privileged memorandums and documents.

Special Master Walsh sustained Apple's privilege assertion over Entry No. 2707, which is the memorandum attached to Entry No. 2706. In that attachment, Apple in-house counsel provides legal advice to Apple's Board of Directors regarding foreign regulatory issues in the European Union, including the Digital Markets Act. Special Master Walsh also sustained Apple's privilege assertion over Entry No. 2709, which is a document attached to Entry No. 2708. In that attachment, Apple in-house counsel also provides information regarding foreign regulatory issues in the European Union, including the Digital Markets Act. Both attachments are attorney-client communications and work product shared from an in-house attorney. Entry Nos. 2706 and 2708 are emails with redacted text, which discloses the existence of these communications. A cover note from an attorney disclosing the existence and subject of an attorney-client privileged document is privileged itself as a communication between an attorney and their client relating to legal advice. *See Cookie Dep't, Inc. v. Hershey Co.*, 2022 WL 2232223, at *3 (N.D. Cal. June 17, 2022) (holding that email transmitting privileged attachments is privileged). The limited redactions in the emails transmitting these documents protects the information that such documents exist and the subject matter.

**Entry Nos. 2793, 2797, and 2805 on January 6, 2025 Privilege Log**

Apple respectfully objects to Special Master Walsh's ruling that Privilege Log Entry Nos. 2793 (PRIV-APL-EG_00099486), 2797 (PRIV-APL-EG_00099532), and 2805 (PRIV-APL-EG_00099603) are not privileged, as these documents are legal documents providing guidelines for developers when creating apps for Apple's App Store, written and revised by attorneys.

Special Master Walsh sustained Apple's privilege assertions over Entry Nos. 2792, 2796, and 2804, which are the parent documents attaching Entry Nos. 2793, 2797, and 2805. In the parent emails, Apple in-house counsel provides legal advice and revisions to Apple's App Review Guidelines prior to Apple's compliance with the Digital Markets Act in the European Union. The App Review Guidelines are a set of requirements that iOS app developers must adhere to in order to obtain access to Apple's proprietary tools and technologies for iPhone. The attachments are draft versions of certain App Review Guidelines containing revisions from Apple's in-house counsel directed to regulatory compliance. These attachments are attorney work product, reflecting an in-house attorney's mental processes in connection with regulatory compliance, and were shared with Apple to executives and employees in connection with regulatory compliance and thus constitute attorney-client communications regarding the provision of legal advice. *See* Decl. of Sean Cameron in Support of Apple Inc.'s Objections to Special Master Rulings on Apple Inc.'s Productions of Re-Reviewed Privilege Documents ("Decl. of Sean Cameron") ¶ 5. The drafts are therefore protected against discovery by Epic.

**Entry Nos. 2854, 2855, 2870, and 2871 on January 6, 2025 Privilege Log**

Apple respectfully objects to Special Master Walsh's ruling that Privilege Log Entry Nos. 2854 (PRIV-APL-EG_00100145), 2855 (PRIV-APL-EG_00100147), 2870 (PRIV-APL-EG_00100329), and 2871 (PRIV-APL-EG_00100331) are not privileged, as these documents were prepared for the primary purpose of informing Apple's compliance with the Injunction in the immediate aftermath of the Court's ruling on the merits in this case.

Entry Nos. 2854 and 2870 are parent emails to in-house counsel and an executive regarding an upcoming call discussing Apple's application for a stay of the Injunction. Entry Nos. 2855 and 2871 are attached presentations analyzing the App Store business model and the likely impact of commission on linking out to be used on the call. Special Master Walsh ruled that the predominant purpose of these email chains and documents were "predominantly business" related. But the analyses prepared were for the primary purpose of assisting Apple in developing a lawful compliance plan and were created in connection with the active litigation with Epic at the time. *See* Decl. of Sean Cameron ¶¶ 3–4. Apple in-house counsel provided legal advice and input on both the presentations themselves and the broader strategy surrounding compliance efforts. *Id.* These particular analyses were developed expressly in connection with the then-pending application for a "legal stay" of the Injunction. As these issues were driven by and only necessary because of the Injunction and prepared in the context of ongoing litigation, these emails and documents are primarily legal documents and protected under attorney-client privilege and the work product doctrine. *See JumpSport, Inc. v. Jumpking, Inc.*, 213 F.R.D. 329 , 330–31 (N.D. Cal. 2003) (holding that when "the prospect of litigation was a substantial factor in the mix of considerations, purposes, or forces that led to the preparation of the document," such documents may be protected by the work product doctrine); *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (affirming privilege where "counsel worked closely" on drafts to "ensure compliance" with federal law).

|  |  |
|---|---|
| DATED: January 21, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |