RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF SEAN CAMERON IN SUPPORT OF APPLE INC.'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS**<br><br>The Honorable Thomas S. Hixson |

I, Sean Cameron, declare as follows:

1. I am the Senior Director of App Store Legal at Apple Inc. I have been employed in this position since 2023 and I have worked on Apple's in-house legal team since 2010. In 2021, I was the Director of App Store Legal. In my role as head of App Store Legal, I manage a team of product attorneys that respond to novel consumer, developer, and regulatory issues in 175 countries. I am a member in good standing of the State Bar of New York. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2. I understand that Apple is appealing certain rulings by the Special Masters regarding Apple's assertion of the attorney-client privilege and work product protection for certain documents Apple redacted or withheld in connection with injunction compliance proceedings. I submit this declaration to provide further information with respect to certain of these documents. I refer to these documents by their corresponding Bates number or entry number on Apple's privilege log in this matter.

3. In the days and weeks after the District Court's ruling in September 2021, I was closely involved in Apple's response to the Injunction ordered by the Court. We were given 90 days from the September 2021 Order to comply. The principal concern in this short timeframe was to find a solution that would comply with the Injunction and that could be implemented in the narrow window we had. Entries No. 2854 (PRIV-APL-EG_00100145) and 2870 (PRIV-APL-EG_00100329) are emails including senior Apple executives, addressed to or copying me, discussing the preparation of slides for a meeting in November 2021. I previously had discussions with senior executives about what options were legally permissible and feasible before the compliance deadline in December. The primary purpose of this meeting was to discuss those solutions in the context of obtaining a stay of the injunction pending appeal or further legal proceedings. Other attorneys and I provided advice to the business regarding legal options.

4. Entries No. 2855 (PRIV-APL-EG_00100147) and 2871 (PRIV-APL-EG_00100331), attachments to those emails, are drafts of the presentation to be used in the meeting. I provided legal advice and input on both the presentations themselves and the broader strategy surrounding our compliance efforts, including the stay request. It is my view that these documents were created and transmitted for the primary purpose of developing a lawful compliance plan, and were created in connection with the active litigation with Epic at that time. They reflect legal advice from myself and other attorneys.

5. One of my legal roles at Apple is updating and revising the App Review Guidelines, with which developers must comply. In the weeks leading up to Apple's compliance with the Digital Markets Act ("DMA") in the European Union, I drafted revisions to the App Review Guidelines to reflect the changes Apple was making as part of its regulatory compliance efforts. Entries No. 2793 (PRIV-APL-EG_00099486), 2797 (PRIV-APL-EG_00099532), and 2805 (PRIV-APL-EG_00099603) are documents containing various draft revisions to the App Store Guidelines in light of ongoing efforts to comply with the DMA. I drafted the newly proposed language in the revised drafts, which reflect my mental processes. I created these documents and transmitted them to the business for the primary purpose of advising Apple regarding the legal options for revising the Guidelines in light of the then-forthcoming effective date of the DMA.

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on January 21, 2025

By: _____
Sean Cameron