UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br> *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED JANUARY 14, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on January 14, 2025 regarding Apple's production of re-reviewed documents.

Epic does not have access to the documents and is therefore unable to fully assess these challenged privilege claims. However, based on the information provided in Apple's privilege logs for the documents and their families, as well as certain documents that Apple did produce, Epic contends several of the documents for which Apple maintained privilege assertions that were sustained by the Special Masters are in fact not privileged and, in some cases, are the same as, or substantially similar to, documents over which this Court rejected Apple's privilege assertions in the December 2 Order. Epic respectfully requests that the Court review the following documents *in camera* and reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**External Link Scare Screens and Intake Forms**

Epic believes that, in direct contravention to this Court's December 2 Order, Apple has maintained privilege assertions over drafts of its scare screens, and has provided privilege descriptions that are sufficiently convoluted so as to cause the Special Masters to erroneously uphold Apple's privilege claims. Documents in this category include privilege log entry numbers 1507 (PRIV-APL-EG_00040803), 1508 (PRIV-APL-EG_00040804), 1561 (PRIV-APL-EG_00041346), 1563 (PRIV-APL-EG_00041349) and 2734 (PRIV-APL-EG_00098907). Apple similarly has maintained improper privilege assertions over drafts of its developer intake forms

for the use of external links.  Documents in this category include privilege log entry numbers 82 (PRIV-APL-EG_00014884) and 1562 (PRIV-APL-EG_00041348), both titled "sk-entitlement-request-form.png".

### Overly Redacted or Withheld Employee Slack Channels

Entries 307 (PRIV-APL-EG_00018603) and 1577 (PRIV-APL-EG_00041474) each appear to be employee Slack channels.  The custodian for Entry 307, which Apple seeks to withhold in its entirety, is Aaron Deardon, a non-lawyer Apple employee who is a member of Apple's Pricing team.  The privilege log description notes that the discussion in the document is "regarding when [the scare screen] should appear", a topic that appears to be not inherently legal.  And an apparently similar document that Apple did produce (APL-EG_11502309, submitted herewith and marked **Exhibit A**) suggests that the content of this chat is not legal advice or otherwise protected.  To the extent any portion of this chat contains legal advice, it should be appropriately redacted—not entirely withheld.

Entry 1577's custodian is Joseph Magnani, a non-lawyer Senior Designer.  A document that Apple did produce (APL-EG_11327833, submitted herewith and marked **Exhibit B**), which appears to pertain to the same exchange, reveals that this Slack channel concerns primarily app programming and testing, product launch timing, and scare screen copy—all of which are business topics, not legal advice.  Although attorney Ling Lew is referenced in passing and non-attorneys mention waiting on the legal department for a decision, no attorneys engage in the chat and no legal advice is sought or provided.  Thus, this document appears to be mostly, if not entirely, an unprivileged business conversation.

### Parent Message Board and Attachments

Entries 337 (PRIV-APL-EG_00019072), 338 (PRIV-APL-EG_00019078) and 339 (PRIV-APL-EG_00019079) appear to be a parent business notice and its two child attachments.  The custodian is Dana Dubois, a non-lawyer Senior Developer.  Apple produced to Epic documents with the same names, document dates, and apparent family structure as Entries 337 through 339 (APL-EG_10899145, '151 and '152, submitted herewith and marked **Exhibits C-E**), but with a different custodian (Mike Tam, a non-lawyer Senior Manager for Worldwide Developer Marketing).  Based on the contents of the documents that Apple did produce, Entries 337-339 have primarily a business purpose and are therefore not privileged.

### Press or Business Communications

Entries 44 (PRIV-APL-EG_00014002), 45 (PRIV-APL-EG_00014212), 46 (PRIV-APL-EG_00014237) and 47 (PRIV-APL-EG_00014254) are all attachments to an email from Marni Goldberg, non-lawyer Director of Corporate Communications, and the primary recipient is Adam Hunt, non-lawyer Head of Corporate Communications and Public Relations for Apple India (Entry 42, PRIV-APL-EG_00013986).  No attorneys are even copied on the parent document.  Apple concedes the parent email chain does not include any lawyers, but claims that "Apple employees discuss legal advice from counsel".  But Epic does not challenge the parent document's privilege; rather, it is challenging the privilege of the attachments thereto.  The custodians for each of these documents are Ms. Goldberg and Peter Ajemian, a non-lawyer Corporate Communications and Public Relations employee.  The attachments' document titles reveal the non-privileged character of these documents, two of which are certainly public-facing

documents: Entry 45 is the App Store Review Guidelines and Entry 47 is Apple's Developer Program License Agreement.  The other two attachments are Apple Platform Security and Government & LEA Process Guidelines, both of which may contain confidential information—but neither of which appears to be *privileged*.  The attachment of these seemingly unprivileged documents to a potentially privileged parent email is not sufficient to warrant the extension of privilege to the attachments.  (*See* Dkt. 1095 at 3 ("[T]he choosing of a non-privileged document to review . . . does not create a privilege".).)

Entry 2740 (PRIV-APL-EG_00099095) is an email from Marni Goldberg, a non-lawyer in Corporate Communications and Public Relations, to Phil Schiller, non-lawyer Apple Fellow, and Kate Adams, Senior Vice President and General Counsel, with an array of Apple staff copied.  The email subject line is "Epic statements and background for approval".  Based on the information in the privilege log, this is a case where privilege should not attach because "the email requested business and legal advice at the same time" and it is not apparent that "the legal advice was predominant".  (Dkt. 1056 at 2-3.)

Entry 2791 (PRIV-APL-EG_00099476) is a document titled "2024.02.26 Sweeney Statements Critical of Apple DMA Compliance.pages".  Non-lawyer Phil Schiller is its custodian.  This document appears to be a compilation of public quotes from *Epic's* CEO, which would not be privileged, regardless of who put it together.

DATED: January 21, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

3