UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 and Apple's third production of re-reviewed and privileged documents produced on January 6, 2025. We are submitting these documents for in-*camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

With only one exception noted below, Apple stands on its privilege assertions. Indeed, Epic has not cited a single case in support of its arguments—other than this Court's privilege ruling in this case, which does not apply to the disputed documents, as the Special Masters properly concluded. Epic's objections should be overruled.

**System Disclosure Sheets and Developer Intake Forms**

Epic objects first to the Special Masters' upholding of Apple's privilege assertions over certain iterations of the system disclosure sheet (which it insistently terms a "scare screen") and two versions of a developer intake form. *See* Dkt. 1126, at 1–2. Despite claiming that the Special Masters upheld these privilege assertions—purportedly in "direct contravention" of this Court's privilege ruling—only because Apple's privilege log entries supposedly "were convoluted," Epic identifies no issues with the privilege log entries and does not even address the bases for privilege asserted therein. Nor does Epic acknowledge that the Special Masters made their determinations not merely on the basis of the privilege log entries, but also on a review of the documents themselves. Epic cites no other precedent in support of its arguments.

In this re-review, Apple estimates it has produced ~3,400 documents that were previously withheld or redacted on the basis that the content of the system disclosure sheet was directed in significant part by counsel and that production of draft versions would allow Epic to discern the substance of the legal advice provided by attorneys. Since Your Honor's and Judge Gonzalez Rogers' privilege rulings in this case, Apple has not continued to assert—and the Special Masters have not upheld—privilege over the re-reviewed documents on that basis, other than as a reservation of rights. The documents at issue in Epic's objection, however, were properly tagged and upheld as privileged because they were provided to or by attorneys as part of a direct request for legal advice. Specifically, PRIV-APL-EG_00040803 and PRIV-APL-EG_00040804 are attachments to parent document PRIV-APL-EG_00040798, which Apple redacted for privilege because it includes a discussion between in-house counsel Ling Lew and Jason Cody and non-attorneys, in which the non-attorneys request feedback from Ms. Lew and Mr. Cody regarding the design and content of the system disclosure sheet used for dating apps in the Netherlands. There are references to updates from outside counsel and from Sean Cameron, another in-house counsel. Epic has not objected to Apple's redaction of PRIV-APL-EG_00040798 (which includes in the redacted discussion the same images of the system disclosure sheet attached as separate documents). It is well settled that information prepared or transmitted for the purposes of obtaining legal advice is privileged. *See In re Meta Pixel Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) ("The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." (citing *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)); *In re Google RTB Consumer Privacy Litig.*, 2023 WL 1787160, at *4 (N.D. Cal. Feb. 6, 2023) (upholding privilege over document "discussing information needed for purposes of obtaining legal advice"); *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2023) ("Communications containing information compiled by corporate employees for the purpose of seeking legal advice and later communicated to counsel are protected by attorney-client privilege."). The withheld documents comprise information sent directly to or from an attorney for the purpose of obtaining or providing legal advice. Epic does not challenge that premise, and its objection therefore fails.

The other system disclosure sheets and related documents to which Epic objects on this basis are similar.

PRIV-APL-EG_00041346, PRIV-APL-EG_00041348, PRIV-APL-EG_00041349 are attachments to an email (PRIV-APL-EG_00041334) in which a non-attorney requests feedback from several recipients, including Kate Adams, Apple's General Counsel (with numerous other

in-house attorneys cc'ed), about materials eventually to be published in connection with Apple's compliance with an order of the Netherlands regulatory authority. Epic has not challenged Apple's privilege assertion over the parent email, which is properly protected as a request for legal advice, and the information provided to Ms. Adams in pursuit of that legal advice is likewise privileged.

PRIV-APL-EG_00014884 is a draft of the developer intake form for a new entitlement, sent seeking feedback from two recipients in the parent email (PRIV-APL-EG_00014870), one of whom is an attorney (in-house counsel Kyle Andeer). Epic has not challenged Apple's privilege assertion over the parent email, and again, the information transmitted in connection with that request for legal advice is privileged.

Finally, Epic purports to challenge PRIV-APL-EG_00098907, which is an email between Ms. Lew and Phil Schiller (a non-attorney senior executive), with several other attorneys on the thread, regarding Apple's discussions with a regulator in the Netherlands about certain challenges to Apple's App Store policies. There is no question that the parent email is privileged, as it contains extensive legal advice about Apple's ongoing strategy and discussions with a national regulator. Epic appears to have intended to instead challenge PRIV-APL-EG_0009828 (Entry No. 2734), which is a screenshot of the draft system disclosure sheet attached to that legal discussion. The attachment is properly redacted as part of the legal advice provided by Ms. Lew regarding options to present to the regulator.

**Slack Channels**

Epic challenges Apple's privilege assertions over two documents consisting of "Slack" channel communications. *See* Dkt. 1126, at 2. Epic cites no precedent in support of its arguments.

With respect to PRIV-APL-EG_00018603, this document consists of a short discussion involving Ms. Lew (in-house counsel) about questions related to a version of the system disclosure sheet used in the Netherlands. The thread begins with a discussion between two non-attorneys, but context shows that the questions were prompted at least in part by Ms. Lew. "[C]ommunications *about* facts that relate to potential legal liability may constitute legal advice." *City of Roseville Empls.' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *14 (N.D. Cal. Aug. 3, 2022); *see also In re Meta Pixel Healthcare Litig.*, 2024 WL 3381029, at *6 (upholding privilege claim over communication "sent by a non-attorney at counsel's request seeking information to facilitate the provision of legal advice"). The request for information at Ms. Lew's direction is therefore privileged, as is the discussion regarding that request.

With respect to PRIV-APL-EG_00041474, Apple proposed narrow redactions that cover express references to communications and advice from "legal." Apple does not disagree that the document is "mostly" an "unprivileged business conversation," Dkt. 1126, at 2, but even under the primary purpose test, "redaction is available for documents which contain legal advice that is incidental to the nonlegal advice that is the predominant purpose of the communication." *Morton v. County of San Diego*, 2023 WL 4243239, at *6 (S.D. Cal. June 27, 2023) (cleaned up); *see also United States v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) ("[D]espite the overall nature of the document, the client may assert the attorney-client privilege over isolated sentences or paragraphs within a document."). Apple's tailored redactions over just a few lines of express references to discussion with Apple's legal team fall squarely within this precedent.

**Quip and Attachments**

Epic challenges Apple's assertions of privilege over a "Quip" document (essentially a collaborative work space) and its attachments. Dkt. 1126, at 2. Epic notes that these documents have already been produced under a different custodian in the original document production. On that basis and upon further review, Apple withdraws its privilege assertions over these documents (PRIV-APL-EG_00019072, PRIV-APL-EG_00019078, PRIV-APL-EG_00019079).

**Other Documents**

Epic challenges the Special Masters' decisions upholding Apple's privilege assertions on several other documents that fall into various categories. Epic cites no precedent in support of its arguments.

With respect to PRIV-APL-EG_00014002, PRIV-APL-EG_00014212, PRIV-APL-EG_00014237, and PRIV-APL-EG_00014254, these documents are all attachments to a parent email (PRIV-APL-EG_00013986) summarizing legal advice received from Apple's outside counsel and attaching a submission to a legislative committee in India. Epic does not challenge the Special Masters' decision as to the parent document, but claims that the attachments are all public documents and their selection by an attorney for review does not render them privileged. Epic's reasoning is faulty: The attachments are privileged not because they were selected by an attorney for "review," Dkt. 1126, at 3, but because they comprise the exhibits outside legal counsel proposed for submission in connection with a regulatory investigation and proceeding. In any event, the email indicates that the attached submission and exhibits are the final versions, and so Apple will produce the documents notwithstanding the valid assertion of privilege.

With respect to PRIV-APL-EG_00099095, this email was sent from Marni Goldberg (from Apple's Corporate Communications group) to Mr. Schiller (a non-attorney) and Ms. Adams (an attorney) seeking their review and approval of statements drafted in anticipation of several possible rulings from the Ninth Circuit in connection with the appeal in this litigation. The draft statements all reflect the judgment from Apple's counsel of the possible outcomes on appeal and were sent directly to Apple's General Counsel for feedback. While the final product—a press statement—may be for a business purpose, that does not negate the privilege as to the legal advice sought or offered in the development of that final product: A "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). Courts have therefore frequently upheld as privileged drafts of press statements sent to legal counsel for input. *See, e.g.*, *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019) (upholding privilege over "several documents that specifically requested legal review of language in the press release" (cleaned up)); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019) (upholding privilege over draft press releases "that specifically request legal review"). Indeed, Epic notes that the email was sent with "an array of Apple staff copied," Dkt. 1126, at 3, but omits that half of those staff are lawyers (Heather Grenier, Alanna Rutherford, Kyle Andeer, and Sean Dillon).

With respect to PRIV-APL-EG_00099476, this document is an attachment to a parent email (PRIV-APL-EG_00099463) sent by in-house counsel (Jen Brown) to Mr. Schiller offering legal advice and analysis about ongoing disputes with Epic related to this litigation and other litigation worldwide. Epic does not challenge the privilege assertion over the parent document. The attachment is properly withheld as privileged because it reflects counsel's advice in connection with developing a legal strategy and response regarding ongoing legal disputes. Even if the attachment were not privileged, Apple also asserted work product protection over this document. Epic does not and cannot dispute that this document was put together in anticipation of pending and threatened litigation *with Epic*. *See ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018) (work product applies if a document "would not have been created in substantially similar form but for the prospect of litigation" (cleaned up)).

6

| | |
|---|---|
| DATED: January 23, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |