UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff*, *Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant*, *Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short Responses to Apple's Objections to the Special Masters' rulings ("Objections"), which were filed on January 21, 2025. (Dkt. 1125.)

    Epic does not have access to the documents, and is therefore unable to fully assess the privilege claims. Based on the information that Apple has provided to Epic and the Special Masters, Epic responds to the Objections as follows:

- <u>Entry Nos. 202 and 241</u>—Apple misleadingly claims as to both Entries that "[w]hile Apple initially withheld the entire document for privilege, Apple now asserts that only limited portions" of these Entries in fact reflect legal advice. (Dkt. 1125 at 2, 3.) Not so. Apple initially withheld both documents completely during its first review; Apple then re-reviewed both documents and *maintained* its untenable assertions, seeking to *withhold* both documents *in their entirety*. (*See* Dkt. 1125 at Exhibit A, noting "Withhold" for both documents in the "Redact or Withhold" column.) It is only after Judge Gutierrez rejected Apple's attempt to withhold these documents that Apple now, for the first time, claims that "only limited portions" of these documents supposedly reflect legal advice. **That is an improper basis for an Objection**. Under the Protocol, Judge Gutierrez was required to "determine whether to overrule or sustain each of Apple's privilege assertions" (Dkt. 1092 at 1(d)); Judge Gutierrez faithfully made that determination, and Apple concedes that Judge Gutierrez's decision to overrule the privilege claim Apple actually presented to him was correct. Judge Gutierrez was not required to

consider a narrower privilege assertion that Apple never presented, and Apple should not be allowed to use the Objection process to present new privilege assertions, having failed in its attempt to sustain admittedly improper privilege claims.

Turning to the substance of Apple's objections regarding these Entries, Epic notes that the custodians of both documents are non-lawyers, that the documents in question apparently involved multiple non-lawyers, and that the discussions reflected apparently pertained to topics such as "business operations". (Dkt. 1125 at 3.) Should the Court decide to consider the merits of Apple's Objections regarding these Entries, any redactions should be minimal and should only cover only actual legal advice, to the extent any such advice is reflected in either document.[1]

- Entry Nos. 276-279—Entry No. 276, like Entry Nos. 202 and 241 discussed above, is another document that Apple sought to withhold in its entirety yet now concedes that "only certain parts" of the document actually reflect legal advice. For the reasons stated above, Apple should not be allowed to object to a Special Master decision to reject a privilege assertion that Apple now admits was at the very least overbroad.

  As to the substance of the documents, Apple concedes that no lawyers were involved in the discussion reflected in Entry No. 276, and thus any redaction should be limited to only statements that clearly reveal the substance of legal advice. As to Entry Nos. 277-279, Apple claims these attachments, sent and received by non-lawyers, are "working drafts" that were reviewed by counsel and "reflect legal advice from outside counsel in the form of revisions to draft documents made by outside counsel". (Dkt. 1125 at 4.) To the extent the documents show what the specific revisions attributable to counsel are, Epic does not contest such revisions are privileged. If, however, the documents do not disclose which revisions (if any) were made by counsel, then the documents are not privileged under this Court's December 2 Order (Dkt. 1056 at 2, rejecting Apple's "before and after" argument), Apple should not have submitted them for review by the Special Masters, and the Special Masters' determination to reject the privilege assertion is proper and should be upheld.

- Entry No. 1551—Given Apple's explanation in its Objections (as distinct from its entirely insufficient explanation in its relevant privilege log entry), Epic does not contest Apple's privilege assertion as to this Entry.

- Entry Nos. 2706 and 2708—The custodians for Entry No. 2706 are Phil Schiller, Matt Fischer and Carson Oliver, all non-lawyer executives at Apple. The custodians for Entry No. 2708 are Eddy Cue, Craig Federighi, Matt Fischer, Phil

---

[1] Epic notes that two children of Entry No. 241 (Entry Nos. 242 (PRIV-APL-EG_00016926) and 244 (PRIV-APL-EG_00016928)), which Apple submitted to the Special Master Panel as privileged, are scare screens of the type this Court has already ruled were *not* privileged and that Apple was therefore required to downgrade and produce, rather than provide to the Special Masters for further review. Judge Gutierrez appropriately ruled that these documents were not privileged, and Apple does not contest that finding.

Schiller and Greg Joswiak, all non-lawyer executives at Apple. Apple does not claim the documents reveal the contents of any legal advice sought or provided; rather, it claims that certain text in the documents "discloses the existence" of other communications that, in turn, contain legal advice. (Dkt. 1125 at 6.) That is not a proper claim of privilege. Indeed, every privilege log "discloses the existence" of privileged documents, yet privilege logs inherently are *not* privileged. The privileged nature of attachments protects the attachments themselves from discovery; it does not protect from discovery a cover email that simply transmits such attachments.

- <u>Entry Nos. 2854, 2855, 2870 and 2871</u>—The custodians for all four documents are Carson Oliver, Matt Fischer, Phil Schiller and Alex Roman, all non-lawyer executives at Apple—and all deeply involved in the development of Apple's link entitlement. Entry Nos. 2954 and 2870 are emails "regarding an upcoming call discussing Apple's application for a stay of the Injunction". (Dkt. 1125 at 8.) There is no indication that the contents of the emails request or convey legal advice, and as noted above, they cannot be withheld simply because Apple argues their attachments are privileged (which they are not). The titles of Entry Nos. 2855 and 2871 indicate that they are drafts of a *business* presentation discussing Apple's "App Store Business Model". Apple argues that the analyses were created to "assist[] Apple in developing a lawful compliance plan". (Dkt. 1125 at 8.) But this Court already rejected this argument, holding that "a business analysis of ways to comply with a legal requirement is not privileged". (Dkt. 1056 at 1.) Presentations "analyzing the App Store business model and the likely impact of commission on linking out" (Dkt. 1125 at 8) go to the very core of the documents Apple was ordered to produce—its business analyses of its compliance plan; they should not be withheld on "primary purpose" claims that lack any credibility. Nor could Epic reverse-engineer from these draft slide decks the *legal* advice conveyed between each draft, if any: several non-lawyer Apple executives and employees were also copied on the parent emails (in addition to a single Apple in-house counsel), any of whom could have provided feedback on the slide decks. Apple's Objections regarding these Entries should therefore be denied.

DATED: January 23, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*