UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED JANUARY 21, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on January 21, 2025, regarding Apple's production of re-reviewed documents.

  Epic does not have access to the documents and is therefore unable to fully assess these challenged privilege claims. However, based on the information provided in Apple's privilege logs for the documents and their families, as well as certain documents that Apple did produce, Epic believes several of the documents for which Apple maintained privilege assertions that were sustained by the Special Masters are in fact not privileged and, in some cases, are the same as, or substantially similar to, documents over which this Court rejected Apple's privilege assertions in the December 2 Order. Epic respectfully requests that the Court review the following documents *in camera* and reject Apple's privilege assertions pertaining to these documents, in whole or in part.

  **Publicly Filed Documents as Attachments**

  Entry Nos. 703 (PRIV-APL-EG_00027301) and 704 (PRIV-APL-EG_00027309) are both attachments to an email from Jennifer Brown, Apple in-house counsel, to non-attorney communications employees. Epic does not challenge the privilege of the parent email. However, the titles of the two attachments suggest they are versions of documents *filed in this case*—"Dkt. 922-2 - (SEALED) Barnes Declaration.pdf" and "Dkt. 922-1 - (SEALED) Reply Brief.pdf". If so, these documents are not privileged, and the attachment of these unprivileged

documents to a potentially privileged parent email does not extend the privilege to the attachments.

Similarly, Entry No. 516 (PRIV-APL-EG_00022411) is an email from Apple outside counsel to several Apple counsel and non-attorney press employees with two attachments—Entry Nos. 517 (PRIV-APL-EG_00022413) and 518 (PRIV-APL-EG_00022414). Again, Epic does not contest that this parent email may be privileged. However, the attachment names suggest the two child documents are the Permanent Injunction and Rule 52 Order *in this case*, both entered by the Court on the public docket and therefore unprivileged.

Entry No. 572 (PRIV-APL-EG_00023133) is an email from Marni Goldberg, non-lawyer Director of Corporate Communications, to Fred Sainz, non-lawyer Senior Director of Corporate Communications. Unlike the two parent emails discussed above, this document does not directly involve any attorneys. While it appears Ms. Goldberg forwarded a different email in this document based on the document's name, any legal advice provided on a lower email should be redacted. Entry Nos. 573 (PRIV-APL-EG_00023139), 574 (PRIV-APL-EG_00023709), 575 (PRIV-APL-EG_00023727), 576 (PRIV-APL-EG_00023739) and 577 (PRIV-APL-EG_00023742) are attachments to this email, all of which Apple concedes are "as-filed injunction compliance documents" in its privilege log. Again, these publicly filed attachments are not privileged.

### Press Communications

Entry No. 601 (PRIV-APL-EG_00024072), entitled "Apple_TheAppStore_Innovation & Growth_Factsheet_100422.pdf", is, as the file name indicates, a fact sheet with data, statistics and timelines about the App Store. (A similar document that Apple did produce is APL-EG_10770347, submitted herewith and marked **Exhibit A**.) The document was sent from a non-lawyer (Ms. Goldberg) to both Apple counsel and other non-attorney press personnel. Apple concedes in its privilege log that this is a "draft comm[unication]s" document, not one prepared for litigation. The document is therefore neither privileged nor protected.

Similarly, Entry Nos. 638 (PRIV-APL-EG_00025036) and 639 (PRIV-APL-EG_00025043) are both materials prepared for press debriefs. A similar document that Apple did produce (APL-EG_11388482, submitted herewith and marked **Exhibit B**) reveals that Entry No. 638 is a presentation prepared for an off-the-record press briefing about this case that includes a litigation timeline and a summary of the issues. Another document that Apple did produce (APL-EG_11447737, submitted herewith and marked **Exhibit C**) reveals that Entry No. 639 is a script for the same press briefing. It is devoid of legal advice or legal analysis. What's more, Apple's privilege log for these documents notes that Apple was not seeking attorney input on these documents themselves; rather, these were "examples for attorney reference as go-bys" in the creation of a distinct slide deck. Documents "to be provided externally to the press" are not privileged, and the fact that Apple used in-house or outside counsel for a press briefing does not render those materials privileged. (Dkt. 1056 at 3.)

### Scare Screens

In its previous Objections, Epic expressed concern that Apple has maintained privilege assertions over drafts of its scare screens. (Dkt. 1126 at 1-2.) And although Apple in its response

2

withdrew or otherwise waived its assertions as to 7 of the 18 documents Epic objected to, Apple maintained its assertions over these scare screens, notwithstanding this Court's prior ruling.

The same concern persists here, in Entry Nos. 395 (PRIV-APL-EG_00019590), 396 (PRIV-APL-EG_00019591), and 403 (PRIV-APL-EG_00019675). This Court already ruled in the December 2 Order that, "as a matter of common sense, the design of a user interface is primarily driven by technical and marketing considerations", overruling Apple's claims of privilege over those documents. (Dkt. 1056 at 2.)

Apple has argued that similar scare screens are privileged as "information prepared or transmitted for the purposes of obtaining legal advice". (Dkt. 1131 at 2.) However, Entry Nos. 395 and 396 are attachments in an email from a non-lawyer engineer to Apple counsel *as well as* Sam Gharabally, non-lawyer Senior Director of Engineering, and Dana DuBois, non-lawyer Senior Developer. Similarly, Entry No. 403 is an image sent in an employee chat for engineers. Nothing in these documents could reveal legal advice, nor does it seem that their "primary purpose" is to obtain legal advice.

### Employee Chat

Entry No. 3188 (PRIV-APL-EG_00103312) is a Slack conversation between multiple engineers and one Apple in-house counsel. The custodian for the document is Dave Van Tassell, non-lawyer software engineer. Apple's privilege log notes that the conversation is related to "developer outreach", a topic that is not inherently legal. A similar document that Apple did produce (APL-EG_10798284, submitted herewith and marked **Exhibit D**) shows that the chat participants primarily discuss engineering-related concerns, with one redacted comment made by Apple in-house counsel Ling Lew. This document should be, as it was in the version produced to Epic, appropriately redacted rather than entirely withheld.

### Draft Presentations

Entry No. 3132 (PRIV-APL-EG_00102913) is a slide deck attached to an email sent from Sean Cameron, Apple in-house counsel, to multiple non-lawyer Apple executives, including: Phil Schiller, Apple Fellow; Craig Federighi, Senior Vice President of Software Engineering; Matt Fischer, then-Vice President of Worldwide App Store; Eddy Cue, Senior Vice President of Services; and others. The title of the attachment and Apple's privilege log description reveal that it is a business presentation discussing, among other things, "press and communications" issues. Indeed, a document that Apple did produce with the same document title (APL-EG_ 11398785, submitted herewith and marked **Exhibit E**) appears to be a business slide deck with minimal redactions.

Entry No. 3403 (PRIV-APL-EG_00105461) is another business slide deck discussing "user design and interface", according the Apple's privilege log. Nothing in the privilege log indicates that this is a draft slide deck. It is attached to an email sent from Apple counsel to multiple non-lawyer Apple executives. The document title indicates that this deck is about the imposition of the IAP commission, a key issue in this proceeding. Another document that Apple did produce with the same document title (APL-EG_11572861, submitted herewith and marked **Exhibit F**) contains minimal redactions.

To the extent that there is specific legal advice being conveyed in either of the above slide decks, such advice should be redacted. The documents should not be withheld in their entirety,

3

since it is clear that, at most, lawyers commented on a pre-existing deck and did not draft this deck in the first instance.

### Business Document

Entry No. 1588 (PRIV-APL-EG_00041593) is a document summarizing "Partner Monetization Requirements" for Apple's compliance model in the European Union. The custodian of the document is Ken Moore, a non-lawyer product manager. A similar document that Apple did produce (APL-EG_11566442, submitted herewith and marked **Exhibit G**) indicates that the document was prepared by two non-lawyer product managers, and that no legal advice was requested or conveyed in the document itself. The primary purpose of the document is to lay out the financial considerations in Apple's compliance model—which is business-related, not legal, and is a hotly contested issue in the contempt proceeding. Thus, the document should not be withheld. Four children of this document, Entry Nos. 1589 (PRIV-APL-EG_00041603), 1590 (PRIV-APL-EG_00041604), 1591 (PRIV-APL-EG_00041605), and 1592 (PRIV-APL-EG_00041606), all appear to be images on the parent document and are likewise unprivileged and should be produced.

DATED: January 27, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*