UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 and Apple's third production of re-reviewed and privileged documents produced on January 6, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Documents Overruled Based on Mistaken Premise (Entry Nos. 3480, 3486, 3494, and 3496 on the January 6, 2025 Privilege Log)**

For four documents, Special Master Walsh overruled Apple's privilege assertions based on a misapprehension of whether the participants were lawyers. In a status conference with the parties on January 24, 2025, Special Master Walsh noted that he had overlooked in a number of documents the fact that Sean Dillon is in-house counsel. Special Master Walsh's comments in his rulings indicate that he made that error with respect to Entry Nos. 3480 (PRIV-APL-EG_00106169), 3494 (PRIV-APL-EG_00106265), and 3496 (PRIV-APL-EG_00106271), each of which includes discussion of regulatory compliance, ongoing litigation, and prospective litigation regarding issues related to the App Store. Special Master Walsh also overlooked that Tina Wang, who is a participant in Entry No. 3486 (PRIV-APL-EG_00106205) regarding various legal issues, is in-house counsel. Special Master Walsh's comments indicate that his basis for overruling Apple's privilege assertions as to these four documents was based on his misapprehension that it did "not appear that either participant [in the document] is a lawyer." Apple respectfully requests that the Court overrule Special Master Walsh's rulings based on this good-faith error.

**Documents With Statements Providing Express Legal Advice (Entry Nos. 459, 1643, and 1760 on the December 30, 2024 Privilege Log; Entry Nos. 3045, 3095, 3098, 3158, 3160, 3183, 3281 on the January 6, 2025 Privilege Log)**

**Entry No. 459 (PRIV-APL-EG_00021257)** consists of a chat message thread between various Apple employees about Apple's external link-out program in the European Union, which was created in response to the Digital Markets Act. Apple redacted portions of the document in which employees discuss and transmit express legal advice obtained from Apple in-house counsel, as well as portions where Apple employees request legal advice from Ling Lew, Apple in-house counsel, regarding the link-out program functions and the timing of introducing the link-out program. Attorney-client privilege attaches to "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). Given this, the redacted lines constitute confidential attorney-client communications and are privileged.

**Entry No. 1643 (PRIV-APL-EG_00042144)** is an instant message discussion between Boris Wang and Srabasti Mukherjee, both non-lawyers at Apple. The messages discuss pricing for DMA programs. While the message thread is between non-lawyers, some messages reference legal advice received from Apple in-house counsel Sean Cameron and Kyle Andeer. While not directly involving counsel, these messages reflect privileged attorney-client communications and should be redacted.

**Entry No. 1760 (PRIV-APL-EG_00043390)** is a "Quip" document containing an overview of certain changes to the App Store Apple was planning in response to an investigation by the Netherlands competition authority. Near the end of the overview, there is a section entitled "Raw notes from Sean," referring to Sean Cameron, the lead in-house attorney for the App Store. The notes contain comments about Apple's plans for submissions to the Netherlands competition authority as well as directions to various non-lawyers regarding Apple's anticipated changes in response to the investigation. Because these comments consist of "communications for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations," they are privileged. *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023). While Apple initially withheld this document entirely for privilege, Apple now asserts that only a limited portion of this document should be redacted for privilege (highlighted in the version submitted for *in camera* review).[1]

**Entry No. 3045 (PRIV-APL-EG_00102087)** is an email from Lacey Elmore (Apple in-house counsel), copying a number of Apple employees, including Jen Luo, Ling Lew, and John Gould,

---

[1] Epic asserted in a previous response to Apple's objections that it is "**improper**" for Apple to propose narrower redactions in these objections. Dkt. 1133, at 1 (emphasis in original). Not so. Federal Rule of Civil Procedure 53(f)(1) empowers this Court to "adopt or affirm, wholly or partly reject or reverse, or resubmit to the master with instructions" any order, report, or recommendation of a Special Master. Rule 53(f)(2) similarly permits a party to seek to "modify" an order, report, or recommendation of a Special Master. The review protocol expressly incorporates Rule 53(f) and does not alter the provisions contemplating partial objections or modifications.

who are also in-house counsel at Apple. The email discusses changes being made to draft communications with developers. The message from Ms. Luo at the bottom of the second page is legal advice from in-house counsel regarding certain language in the communications related to the jurisdictions affected by App Store changes. A non-lawyer responds to Ms. Luo's comments. As such, this portion of the document should be redacted because it constitutes a privileged attorney-client communication. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (holding that attorney-client privilege may attach when "legal advice of any kind is sought"); *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."). While Apple initially withheld this document entirely for privilege, Apple now asserts that only a limited portion of this document should be redacted for privilege (highlighted in the version submitted for *in camera* review).

**Entry No. 3095 (PRIV-APL-EG_00102549)** is an email thread between Ling Lew (Apple in-house counsel) and various non-lawyers. The redacted portions consist of legal advice from Ms. Lew about the content of a developer-facing communication and non-lawyer's comments on and reactions to that advice. Because the redacted portions contain express legal advice and responses thereto, they are privileged.

**Entry No. 3098 (PRIV-APL-EG_00102568)** is an email from Sean Cameron (Apple in-house counsel) to Ann Thai, copying Latika Kirtane and Trystan Kosmynka, who are all Apple employees. In this email thread, Ms. Thai provides a spreadsheet for use in the App Store's Notarization review to Mr. Cameron and Mr. Kosmynka to review. Mr. Cameron responds, sharing comments regarding the spreadsheet. These comments and suggested edits constitute legal advice from in-house counsel regarding the document at issue. Because the email thread reflects this legal advice, it should be redacted as a privileged attorney-client communication.

**Entry No. 3158 (PRIV-APL-EG_00103114)** is an email between Ling Lew (in-house counsel) and several non-lawyers regarding edits to a developer-facing publication about consultation services for developers. The Special Masters upheld Apple's privilege assertion over a shorter version of this thread (PRIV-APL-EG_00103091), and the additional material in Entry No. 3158 includes express advice from Ms. Lew. The document is privileged as express legal advice. **Entry No. 3160 (PRIV-APL-EG_00103121)** is substantively identical.

**Entry No. 3183 (PRIV-APL-EG_00103273)** is a "Quip" document containing meeting notes regarding changes to the App Store in light of an investigation by the Netherlands competition authority. While Apple initially withheld this document entirely for privilege, Apple now asserts that only a limited portion of this document should be redacted for privilege (highlighted in the version submitted for *in camera* review). The highlighted portions consist of a discussion of the regulatory requirements in the Netherlands. In duplicate versions of this document, the Special Masters upheld Apple's redactions over this material.

**Entry No. 3281 (PRIV-APL-EG_00104421)** is a "Quip" document with notes describing considerations relevant to Apple's calculation of fees under the new framework developed for the DMA. Apple redacted select material on pages 13, 18, 19, and 31 that expressly request legal advice or reflect legal advice from in-house counsel, including Ling Lew (in-house counsel).

4

**Draft Developer Contracts and Guidelines (Entry Nos. 2995, 3006, 3016, 3103, 3105, 3263, 3318, 3334, 3358, 3360, 3380, 3399, and 3405 on the January 6, 2025 Privilege Log)**

**Entry No. 2995 (PRIV-APL-EG_00101492)** is a draft of the "StoreKit External Purchase Link Entitlement Addendum for US Apps." This addendum is part of Apple's legally-binding contract with developers, and it defines the legal obligations of both Apple and developers. In the parent email (PRIV-APL-EG_00101490), Ling Lew (in-house counsel) states that she made edits to the draft contract. Apple's privilege assertion over the parent email was sustained in full. "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Se. Pa. Transp. Auth. v. Carmarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008) ("Preliminary drafts of contracts are generally protected by attorney/client privilege, since they reflect not only client confidences, but also legal advice and opinions of attorneys, all of which is protected by the attorney/client privilege." (cleaned up)); *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege."). The attachment is therefore privileged as a draft of a contract shared by counsel and expressly reflecting counsel's feedback.

**Entry No. 3006 (PRIV-APL-EG_00101660)** is another draft of the "StoreKit External Purchase Link Entitlement Addendum for US Apps," again provided by Ling Lew (in-house counsel) in the parent email (PRIV-APL-EG_00101655). In the parent email, Ms. Lew provides an "updated" draft and notes that she made a "number" of changes. Apple's privilege assertion over the parent email was sustained in full. The attachment is therefore privileged as a draft of a contract shared by counsel and expressly reflecting counsel's feedback. **Entry Nos. 3380 (PRIV-APL-EG_00105259), 3399 (PRIV-APL-EG_00105433),** and **3405 (PRIV-APL-EG_00105551)** are substantively identical.

**Entry No. 3016 (PRIV-APL-EG_00101732)** is an additional draft version of a document entitled "StoreKit External Purchase Link Entitlement Addendum for US Apps." In the parent email (PRIV-APL-EG_00101729), Ling Lew (in-house counsel) describes changes she made to the different draft versions of this document. Apple's privilege assertion over the parent email was sustained in full. Because the attachment is a draft of a contract shared by counsel and expressly reflecting counsel's feedback, it is privileged. **Entry No. 3103 (PRIV-APL-EG_00102627)** is substantively identical.

**Entry No. 3318 (PRIV-APL-EG_00104797)** is a draft of a document entitled "Alternative Terms Addendum for EU Apps." This addendum is part of Apple's legally-binding contract with developers, and it defines the legal obligations of both Apple and developers in connection with new App Store changes made in response to the DMA. In the parent email (PRIV-APL-EG_00104794), Ling Lew (in-house counsel) states that she is providing a "draft" of those terms. Apple's privilege assertion over the parent email was sustained in full. The attachment is therefore privileged as a draft of a contract shared by counsel and expressly reflecting counsel's feedback. **Entry Nos. 3358 (PRIV-APL-EG_00105066)** and **3360 (PRIV-APL-EG_00105082)** are substantively identical.

**Entry No. 3334 (PRIV-APL-EG_00104911)** is a draft of a document entitled "Music Streaming Services Entitlement Addendum for EEA Apps." This addendum is part of Apple's legally-binding contract with developers, and it defines the legal obligations of both Apple and developers in connection with new App Store changes made in response to litigation in the EU. In the parent email (PRIV-APL-EG_00104902), Ling Lew (in-house counsel) states that she is providing a "[d]raft" of those terms, and she provides a detailed description of the contract terms. Apple's privilege assertion over the parent email was sustained in full. The attachment is therefore privileged as a draft of a contract shared by counsel and expressly reflecting counsel's feedback.

**Entry No. 3105 (PRIV-APL-EG_00102636)** is a draft version of the App Store Review Guidelines. The parent email that this document was attached to (PRIV-APL-EG_00102634) is an email from Sean Cameron, Apple in-house counsel, to a number of Apple employees. The email also copies a number of additional employees, including Kyle Andeer, Brendan McNamara, Ling Lew, Jason Cody, Pam Reid, Jennifer Brown, and Gary Davis, all Apple in-house counsel. In the email thread, Mr. Cameron discusses revisions made to the attached document and notes that the revisions were meant to address legal and regulatory issues. He also notes that the changes have been "reviewed with Phil, Trystan, and the regulatory team." Apple's privilege assertion over the parent email was sustained in full. Entry No. 3105 reflects the legal advice conveyed by Mr. Cameron in the parent email. Additionally based on the parent email, this document appears to still be subject to review and change by legal counsel. As such, Entry No. 3105 reflects legal advice from in-house counsel and should be withheld as an attorney-client communication.

**Entry No. 3263 (PRIV-APL-EG_00104275)** is a draft of the "Digital Market Guidelines" developed as part of Apple's compliance with the DMA. In the parent email (PRIV-APL-EG_00104271), over which Apple did not assert privilege, a non-lawyer emails the draft Guidelines to a number of recipients. The non-lawyer states that "[t]he guidelines were developed for us by the Compliance and DMA Legal teams who have worked closely with EU regulators in charge of the Digital Markets Act." Because the draft Guidelines were expressly drafted by members of the legal department, they are privileged.

**Documents Prepared at the Request of Counsel and Work Product (Entry Nos. 2929, 2933, 2939, 3215, 3218, 3221, 3224, 3248, 3249, 3251, and 3252 on the January 6, 2025 Privilege Log)**

**Entry No. 2929 (PRIV-APL-EG_00100996)** is a spreadsheet providing a history of various amendments made to the App Store Guidelines from 2016 to 2024. It is an attachment to a parent email (PRIV-APL-EG_00100988) in which Soolean Choy (in-house counsel) attaches a draft of the spreadsheet (and indicates she prepared it) and seeks feedback from non-lawyers on the accuracy and comprehensiveness of the document. Ms. Choy indicates that the document is being prepared in connection with a request from the Korean competition regulator. Because the document was prepared by counsel and shared with non-lawyers for the purpose of providing legal advice to Apple in connection with regulatory issues, it is privileged. *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004) (cleaned up) (holding that the work product doctrine "affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation"); *L.D. v. United Behavioral Health*, 2022 WL 4878726, at *11 (N.D. Cal. Oct. 3, 2022) (acknowledging that litigation may be anticipated from government inquiries) **Entry Nos. 2933 (PRIV-APL-EG_00101009)** and **2939 (PRIV-APL-EG_00101020)** are substantively identical.

**Entry No. 3215 (PRIV-APL-EG_00103745)** is a document provided to outside counsel at the request of counsel during the evidentiary hearing in this case related to certain testimony from Alex Roman. In the parent email (PRIV-APL-EG_00103725), outside counsel discusses the document and related data extensively with Apple non-lawyers and in-house counsel. Apple's privilege assertion over the parent email was sustained in full. Because the attachment was provided at the request of an attorney in connection with a request for and provision of legal advice, it is privileged. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F.Supp.3d 1, 30 (D.D.C. 2016) ("[F]acts collected at counsel's request for later use in providing legal advice are protected."). **Entry Nos. 3218 (PRIV-APL-EG_00103776)** and **3224 (PRIV-APL-EG_00103817)** are substantively identical.

**Entry No. 3221 (PRIV-APL-EG_00103799)** is an Excel spreadsheet provided at the request of outside counsel in connection with App Store proceedings in the United Kingdom. The parent email (PRIV-APL-EG_00103784) indicates that the spreadsheet was updated at the request of counsel in connection with ongoing litigation. Participants in the thread include Sean Cameron and Ling Lew (both in-house counsel). Apple's privilege assertion over the parent email was sustained in full. Because the attachment was updated at the request of counsel in connection with ongoing litigation, it is privileged and comprises attorney work product. *See ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018) (work product applies if a document "would not have been created in substantially similar form but for the prospect of litigation" (cleaned up)).

**Entry Nos. 3248 (PRIV-APL-EG_00104107)** and **3249 (PRIV-APL-EG_00104108)** are documents providing calculations at the request of Ling Lew (in-house counsel). The parent email

7

(PRIV-APL-EG_00104105) indicates that the materials were requested by Ms. Lew in connection with "hearing prep" for the evidentiary hearing in this case. Apple's privilege assertion over the parent email was sustained in full. Because the attachment was provided at the request of an attorney in connection with legal advice for use in an ongoing litigation, it is privileged and comprises attorney work product. *See ACLU of N. Cal.*, 880 F.3d at 485–86. **Entry Nos. 3251 (PRIV-APL-EG_00104112)** and **3252 (PRIV-APL-EG_00104113)** are substantively identical.

**Entry No. 3883 (PRIV-APL-EG_00114126)** is an email thread among a non-lawyer acting at the express direction of counsel and another non-lawyer regarding materials requested by in-house counsel related to Apple's responses to a regulatory inquiry in the EU. Tina Wang and Soolean Choy are both in-house counsel, and the email indicates the information is being requested and compiled at their direction. Because the discussion in the email is entirely in response to a request from counsel in connection with rendering legal advice related to regulatory issues, it is privileged.

**Documents Containing Express Requests for Legal Advice (Entry Nos. 482 and 483 on the December 30, 2024 Privilege Log; Entry Nos. 1644, 1645, and 1775 on the January 6, 2025 Privilege Log)**

**Entry No. 482 (PRIV-APL-EG_00021967)** contains a draft "talk track" for an upcoming presentation regarding Apple's responses to regulatory, legal, and legislative scrutiny around the world. The opening paragraph of the document states that certain text that is "black and bold" is "questions for lawyers." The black and bolded text throughout the document requests input from counsel regarding Apple's commission rate in response to various global regulatory and legal challenges and Apple's response to the Digital Markets Act in the European Union. The portions of these documents redacted by Apple are explicit requests for legal advice and analysis from Apple's counsel. Such requests are privileged. *See Sanmina*, 968 F.3d at 1116; *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076 ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."). As such, these lines constitute confidential attorney-client communications and should be redacted. While Apple initially withheld this document entirely for privilege, Apple now asserts that only a limited portion of this document should be redacted for privilege (highlighted in the version submitted for *in camera* review). **Entry No. 483 (PRIV-APL-EG_00021970)** is substantively identical.

**Entry No. 1644 (PRIV-APL-EG_00042149)** is a message exchange between two non-lawyers regarding a parallel conversation with Ling Lew (in-house counsel). Apple redacted in that document a screenshot of an email from one of the message participants to Ms. Lew asking a legal question about the compatibility of new payment systems implemented in response to the DMA with older operating system versions. **Entry No. 1645 (PRIV-APL-EG_00042152)** is an attached image of the screenshot redacted in the parent email. Because these documents consist of a direct request for legal advice to in-house counsel on an issue concerning Apple's compliance with the DMA, they are privileged. *See Sanmina*, 968 F.3d at 1116.

**Entry No. 1775 (PRIV-APL-EG_00044225)** is a "Quip" document containing notes about changes Apple made in response to the DMA. Apple does not object to the bulk of the Special Master's determination, but there is one statement (repeated twice) that consists of a direct question to Ling Lew (in-house counsel) about whether certain fee changes would be consistent with the law. Because those statements comprise a direct request for legal advice, they are privileged. *See Sanmina*, 968 F.3d at 1116. While Apple initially withheld this document entirely for privilege, Apple now asserts that only a limited portion of this document should be redacted for privilege (highlighted in the version submitted for *in camera* review).

**Draft Developer Documents (Entry No. 486 on the December 30, 2024 Privilege Log; Entry Nos. 3042, 3048 on the January 6, 2025 Privilege Log)**

**Entry No. 486 (PRIV-APL-EG_00021978)** consists of a text message thread between a number of Apple employees, including Apple in-house attorney Brendan McNamara, discussing Apple's position and pricing structure related to foreign regulatory issues in the European Union. Within this thread, Mr. McNamara sends an edited draft press release statement and responds to requests for legal advice regarding the restrictions posed by the Digital Markets Act based on news reporting. The statements and responses provided by Mr. McNamara constitute legal advice provided by an attorney to his client, creating a confidential attorney-client communication. *See Parneros*, 332 F.R.D. at 498 (holding that a draft press release sent to counsel for review protected by attorney-client privilege). As such, these lines are privileged and should be redacted. While Apple initially withheld this document entirely for privilege, Apple now asserts that only a limited portion of this document should be redacted for privilege (highlighted in the version submitted for *in camera* review).

**Entry No. 3042 (PRIV-APL-EG_00102062)** is a document titled "Request for interoperability with iOS," which is a developer intake form for new interoperability options offered pursuant to the DMA. The document was attached to an email from Amy Dobrzynski (in-house counsel) to a non-lawyer. In this email thread, the participants discuss changes that Ms. Dobrzynski made to various drafts of this document. This email, which was ruled properly withheld for privilege, indicates that the attachment was a working draft document that reflects legal advice from Apple in-house counsel and was subject to further review. As such, the document in its current state reflects an attorney-client communication in which in-house counsel conveyed legal advice to her client. *See Barnes-Wallace*, 2002 WL 35646619, at *4; *Diversey U.S. Holdings*, 1994 WL 71462, at *1; *see also Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019) (holding that a draft press release sent to counsel for review and legal advice concerning the wording of an announcement was protected by attorney-client privilege).

**Entry No. 3048 (PRIV-APL-EG_00102109)** is a document titled "Notarization for iOS Apps." The document was attached to an email from Sean Cameron (in-house counsel) to a non-lawyer. Apple's privilege assertion over the parent email was sustained in full. The email thread includes discussions of the notarization process and the draft notarization support page. In the email attaching Entry No. 3048, Mr. Cameron asks for assistance working on the draft document. As such, Entry No. 3048 should be withheld as an attorney-client communication conveying legal advice from in-house counsel regarding a draft document for publication.

10

**Documents Sent to Counsel for Review and Comment (Entry No. 1636 on the December 30, 2024 Privilege Log; Entry Nos. 2943, 2947, 2951, 2965, 2977, 2981, 3004, 3008, 3052, 3124, 3349, 3350, 3351, 3374, and 3463 on the January 6, 2025 Privilege Log)**

**Entry No. 1636 (PRIV-APL-EG_0042126)** is a slide summarizing various issues and changes being considered by Apple in connection with the DMA. The parent document (PRIV-APL-EG_00042125) is an exchange between a non-lawyer and Ling Lew (in-house counsel), in which the non-lawyer asks for Ms. Lew's "feedback" on the slide. Embedded in the message is an image of the slide on which the non-lawyer seeks feedback. The Special Masters upheld Apple's privilege assertion over the parent document, but overruled Apple's privilege assertion over the attachment (which is a copy of the same image from the parent email). "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice . . . ." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (cleaned up). Because the attachment was sent directly to a counsel (and no other recipient) with an express request for "feedback," it is a "confidential disclosure" of information made to an attorney for the purpose of obtaining legal advice and is therefore privileged.

**Entry No. 2943 (PRIV-APL-EG_00101062)** is a screenshot of revised Guidelines under discussion with Sean Cameron (in-house counsel). In the parent email (PRIV-APL-EG_00101044), non-lawyers expressly ask Mr. Cameron (in-house counsel) for input on the draft language. Apple's privilege assertion over the parent email was sustained in full. The attachment is privileged as well as it represents confidential information provided to an attorney for the purpose of obtaining legal advice. *See In re Grand Jury Investigation*, 974 F.2d at 1070 (9th Cir. 1992). **Entry Nos. 2947 (PRIV-APL-EG_00101114)** and **2951 (PRIV-APL-EG_00101128)** are substantively identical.

**Entry No. 2965 (PRIV-APL-EG_00101328)** is a screenshot of revised Guidelines under discussion with Sean Cameron and Ling Lew (both in-house counsel). In the parent email (PRIV-APL-EG_00101319), the non-lawyers ask Mr. Cameron and Ms. Lew for their input on draft language for the Guidelines to prepare for the upcoming launch of a new entitlement to comply with the Injunction. Apple's privilege assertion over the parent email was sustained in full. The draft Guidelines were sent confidentially for the purpose of obtaining legal advice and are therefore privileged. *See In re Grand Jury Investigation*, 974 F.2d at 1070.

**Entry No. 2977 (PRIV-APL-EG_00101398)** is a screenshot of guidelines for developers seeking to identify their apps as "Works with Apple Home" (i.e., compatible with Apple Home). In the parent email (PRIV-APL-EG_00101390), the guidelines are discussed in detail with Taylor Phillips, Jennifer Luo, and Ling Lew (all in-house counsel), among others. Apple's privilege assertion over the parent email was sustained in full. The draft guidelines were provided to counsel for the purpose of obtaining legal advice and reflect extensive input and advice from counsel. They are therefore privileged. *See In re Grand Jury Investigation*, 974 F.2d at 1070.

**Entry No. 2981 (PRIV-APL-EG_00101407)** is a screenshot of a draft of proposed changes to a developer support page related to new App Store changes made in response to the DMA. In the parent email (PRIV-APL-EG_00101403), Sean Cameron (in-house counsel) directs a non-lawyer to provide the draft support pages for "approval" to Sean Dillon (in-house counsel). The need for Mr. Dillon's approval relates to the fact that the developer support page was requested by the Japan

11

competition authority. Apple's privilege assertion over the parent email was sustained in full. The changes were submitted to Mr. Dillon for his approval and consideration in connection with Apple's response to regulators and are therefore privileged.

**Entry No. 3004 (PRIV-APL-EG_00101653)** is a draft of certain developer documentation for certain App Store features. In the parent email (PRIV-APL-EG_00101611), a non-lawyer observes that this document "need[s] approval from Ling[] [Lew's] team." Ms. Lew is in-house counsel and works on a team of other lawyers. Apple's privilege assertion over the parent email was sustained in full. The document was provided directly to legal counsel with an express request for legal advice and is therefore privileged. **Entry No. 3008 (PRIV-APL-EG_00101695)** is substantively identical.

**Entry No. 3052 (PRIV-APL-EG_00102115)** is a draft document titled "Request the Alternative Marketplace Entitlement," which was prepared in response to the Court's injunction issued in the current matter with Epic. The document is attached to an email from Kristin Barker to Ling Lew, Adil Karrar, Lacey Elmore, and John Gould, all Apple in-house counsel. The parent email was ruled to be appropriately withheld for privilege. This email explicitly requests advice from in-house counsel regarding the attached document, Entry No. 3052. The attachment is a confidential disclosure made to an attorney in order to obtain legal advice and is therefore privileged. *See In re Grand Jury Investigation*, 974 F.2d at 1070.

**Entry No. 3124 (PRIV-APL-EG_00102883)** is a draft of new language for the App Store regarding "In-app events." In the parent email (PRIV-APL-EG_00102880), a non-lawyer sends the draft to Ling Lew (in-house counsel), among others, for "review and approval." Ms. Lew provides detailed feedback on the draft. Apple's privilege assertion over the parent email was sustained in full. The document was provided directly to legal counsel with an express request for legal advice and is therefore privileged.

**Entry Nos. 3349 (PRIV-APL-EG_00105014)**, **3350 (PRIV-APL-EG_00105019)**, and **3351 (PRIV-APL-EG_00105028)** are drafts of developer documentation related to payment processing. In the parent email (PRIV-APL-EG_00105010), a non-lawyer sends the materials to outside counsel for Apple requesting "legal feedback on the descriptions associated with the payment processing fee." The thread also includes numerous Apple in-house counsel, including Jennifer Brown, Nina Haefele, and Ling Lew. Apple's privilege assertion over the parent email was sustained in full. The documents were provided directly to legal counsel with an express request for legal advice and are therefore privileged.

**Entry No. 3374 (PRIV-APL-EG_00105216)** is a draft of developer documentation created in connection with changes made pursuant to the DMA. In the parent email (PRIV-APL-EG_00105214), the document is provided to outside counsel for Apple requesting "review" by counsel. The document was provided directly to legal counsel with an express request for legal advice and is therefore privileged.

**Entry No. 3463 (PRIV-APL-EG_00106032)** is a draft slide deck titled "Workshop Candidates," prepared as part of Apple's compliance with the DMA issued in the European Union. The deck was attached to an email, approved to be withheld as privileged, from a non-lawyer to Ling Lew (in-house counsel). Throughout the email thread, the non-lawyer and Ms. Lew discuss changes

being made to the draft slide deck. In the email attaching Entry No. 3463, the non-lawyer directly asks Ms. Lew for advice regarding changes made to the deck. Because an Apple employee is directly asking for this document to be reviewed by in-house counsel, and the deck provides information from an Apple employee for the purpose of obtaining legal advice, the document should be withheld as a privileged attorney-client communication.

**Attorney Presentation Materials (Entry Nos. 3114, 3115, and 3988 on the January 6, 2025 Privilege Log)**

**Entry No. 3114 (PRIV-APL-EG_00102722)** is an email from a non-lawyer to Sean Cameron and Melissa Polinsky (both Apple in-house counsel).  The email thread discusses strategy for a presentation that Melissa Polinsky was going to make to the UK government regarding child safety.  The presentation is being prepared by a lawyer and to be given by a lawyer.  **Entry No. 3115 (PRIV-APL-EG_00102727)** is an attached draft slide titled "Civic UK Briefing Deck" created in preparation for this presentation at the request of counsel.  As the presentation was prepared at the direction of counsel, to be given by counsel to a legislative body, the email and the attached presentation are privileged.

**Entry No. 3988 (PRIV-APL-EG_00116590)** is a draft presentation created by counsel in connection with proceedings before the European Commission regarding Apple's rules regarding music streaming apps.  Based on the comments from Special Master Walsh (which reference only the pages of the parent email (PRIV-APL-EG_00116569)), it appears that he may not have understood that Apple had asserted privilege over the presentation.  The presentation was drafted by outside counsel in connection with pending litigation before the European Commission.  It therefore is privileged and comprises attorney work product.

DATED: January 27, 2025

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*