UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE INC., et al.,<br><br>            Defendants. | Case No.  20-cv-05640-YGR   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 1109, 1125, 1126 |

In ECF Nos. 1109, 1125 and 1126, the parties have filed some objections to the Special Masters' privilege determinations. Following in camera review, the Court addresses them as follows.

**A.     ECF No. 1109 (Objections by Apple)**

**1.     Entries 35 and 36**

Apple objects to the Special Master's determination that Entries 35 and 36 are not attorney work product. Apple states that these entries are drafts (not the final versions), prepared by counsel, of an executive's written testimony. Epic has not seen the documents but agrees that if they are drafts that are different from the ultimate filing, they may be protected.

Entries 35 and 36 are what Apple says they are, and from reviewing them together with the parent email, the Court can tell they are different from the final version of the written testimony. Accordingly, the Court finds that Entries 35 and 36 are attorney work product and **SUSTAINS** Apple's objection to the Special Master's ruling.

**2.     Entry 592**

The Court **OVERRULES** Apple's objection to the Special Master's determination that this document is not attorney-client privileged. This document is an economic analysis of the App

Store and Apple's business model by outside consultants. Apple's "privilege description" in its privilege log says "Email Chain providing legal advice from counsel regarding foreign regulatory issues in the European Union, including DMA" (ECF No. 1108-3), but that's not true. This document does not contain legal advice or requests for legal advice, and it does not reveal any legal advice. And certainly, legal advice is not the predominant purpose of this document. Entry 592 is not attorney-client privileged.

Apple argues that its in-house counsel retained the consultants at issue to provide economic expert advice in preparing a legal response to a regulatory investigation. Let's think about that argument. It doesn't seem to speak to the question of attorney-client privilege, which is about legal advice and attorneys and clients communicating with each other. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."). Rather, communications between an attorney and an expert or consultant who is retained in anticipation of litigation – which seems to be the argument Apple is making in challenging the Special Master's ruling – can be attorney work product. *See* Fed. R. Civ. Proc. 26(b)(3)(A), (b)(4)(C), (b)(4)(D). However, Apple did not claim in its privilege log that this document is work product. ECF No. 1108-3. Apple claimed only attorney-client privilege. *Id*. Apple's "privilege description," though inaccurate, certainly sounds like a claim of attorney-client privilege. Further, as the Special Master applied the "predominant purpose" test and only expressly addressed the claim of privilege, *id.*, it appears that Apple defended the withholding of this document only on the ground of attorney-client privilege. *See generally In re Grand Jury*, 23 F.4th 1088, 1091-94 (9th Cir. 2021) (predominant purpose test applies to attorney-client privilege but not to attorney work product). The Court thinks that any claim of work product has been waived, and as noted, this document is not attorney-client privileged. Accordingly, Apple's objection to the Special Master's ruling is overruled.

**B.    ECF No. 1125 (Objections by Apple)**

   **1.    Entry 202**

Apple withheld Entry 202 in its entirety on the ground that it is attorney-client privileged.

2

1   The Special Master overruled that claim of privilege.  Apple now argues to the Court that portions
2   of the document are privileged.  Epic argues that this is an improper objection because Apple is
3   changing the privilege claim from the one it asserted before the Special Master.  The Court agrees
4   with Epic.

5   The Protocol (ECF No. 1092) provides that "[t]he Special Masters will . . . determine
6   whether to overrule or sustain each of Apple's privilege assertions . . ." *Id*. ¶ 1(d).  It further
7   provides that "[a]ny Party wishing to object to a privilege ruling of the Special Master must file
8   such objection with" the undersigned.  *Id*. ¶ 4(a).  The Special Master's obligation was to overrule
9   or sustain the privilege assertion Apple made, and an objection is to a privilege ruling that the
10  Special Master made.  Here, Apple's new and different privilege claim presented to the Court is
11  not actually an objection to the Special Master's ruling, and indeed Apple's new claim tacitly
12  concedes that the Special Master was right to reject Apple's claim that the entire document is
13  privileged.  The Protocol does not contemplate Apple raising a new and different privilege claim
14  to the Court that was never asserted before the Special Master.

15  Let's remember what we're doing here.  Apple originally asserted privilege claims over
16  tens of thousands of documents, way too many for the Court to review in camera.  The point of the
17  Protocol was for Apple to do an initial re-review of all of its claims of privilege, and then for any
18  documents where it still claimed privilege, Apple would submit the claim to a panel of Special
19  Masters.  The reason there is a *panel* of Special Masters is because of the large number of
20  privilege claims Apple is making.  So, by the time Apple presented Entry 202 to a Special Master,
21  Apple was supposed to have reviewed it once, and then reviewed it again to see if it still
22  maintained the claim of privilege.  Documents go to the Special Masters only if Apple has twice
23  reviewed them and determined they are privileged.  And an objection goes to this Court only after
24  Apple has twice reviewed the document, twice determined it is privileged, and then litigated that
25  claim before a Special Master.  If Apple can change its privilege claim after going through that
26  process and raise a new and different claim of privilege in seeking review of the Special Master's
27  ruling, that defeats the point of this Protocol.  Apple's re-review was supposed to mean something;
28  Apple was supposed to be making a final decision on its claims of privilege.  And review by the

Special Masters was supposed to mean something too; this was a way of having somebody else take a look at the privilege claim before it went to the Court – a screening mechanism, given the large number of privilege claims Apple has made. The Court will not allow Apple to bypass all of this. The Court is reviewing a ruling by a Special Master, and that is a ruling on a privilege assertion that Apple made *to the Special Master*.

In ECF No. 1137, Apple argues that it may propose narrower redactions in the first instance to the Court, citing Federal Rule of Civil Procedure 53(f)(1), which says that "the court" may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions," and Rule 53(f)(2), which says that a party may seek to "modify" a Special Master's order, report or recommendation. But those provisions do not on their face say anything, one way or the other, about a litigant's ability to raise new arguments to the Court that were not made to the Special Master. Here, the language and purpose of the parties' stipulated and so-ordered Protocol is incompatible with Apple making a new and different privilege assertion in the first instance to this Court.

Accordingly, Apple's objection is **OVERRULED**.

### 2.     Entry 241

This is the same deal as with Entry 202. Before the Special Master, Apple argued that the entire document was attorney-client privileged, the Special Master rejected that claim, and now Apple contends that portions of the document are privileged. For the reasons explained above, the Court will not allow Apple to raise a new and different claim of privilege that it didn't present to the Special Master. Apple's objection is **OVERRULED**.

### 3.     Entries 276, 277, 278 and 279

Entry 276 is the parent document. It's a message thread between a number of Apple employees. Before the Special Master, Apple asserted that the entire document was attorney-client privileged, the Special Master rejected that claim, and Apple now contends that portions of the document are privileged.[1]  As with Entries 202 and 241, Apple's objection is **OVERRULED**.

---

[1] For Entries 202, 241 and 276, Apple states that the in camera versions presented to the Court highlight the portions of the documents that Apple now contends are privileged. That issue

4

Entries 277, 278 and 279 are attachments to Entry 276. They are draft documents, the final versions of which are presumably public. On its privilege log (ECF No. 1124-3), Apple says these documents are attorney-client privileged. In its objection, Apple says these draft documents reflect legal advice from outside counsel in the form of revisions to draft documents made by outside counsel. However, you could read these drafts all day, and you would never see any legal advice. In truth, there isn't any legal advice in these documents, and there isn't any request for legal advice either. If you redlined these drafts against the final versions, you would be able to see what changed, but that isn't legal advice either. Further, the changes might have nothing to do with legal advice, as these documents were not likely written exclusively by lawyers, so it's not like you could infer from these changes what the legal advice would have been, or if there was any.

There is some highlighting in Entries 278 and 279. Apple doesn't say the highlighted language was written by lawyers, but even if it was, the language does not contain or reveal legal advice.

Apple's objections to the Special Masters' rulings on Entries 276, 277, 278 and 279 are **OVERRULED**.

### 4.     Entry 1551

Entry 1551 sure seems like attorney work product, and Epic doesn't dispute Apple's objection. Accordingly, Apple's objection to the Special Master's ruling is **SUSTAINED**.

### 5.     Entries 2706 and 2708

In Entry 2706, Apple made two redactions based on attorney-client privilege, and the Special Master rejected both. In Entry 2708, Apple made three redactions, and the Special Master rejected the first two but sustained the third. Apple argues that the redactions disclose the existence and subject of attorney-client privileged communications (here, the child documents, as

---

doesn't matter because, as explained, the Court will not allow Apple to assert a new claim of privilege that it never presented to the Special Masters. But in any event, Apple appears to be mistaken about what it has presented to the Court for in camera review. There is some red and green highlighting in these documents, but they appear to reflect deletions (red) or edits (green). There is no highlighting that appears to reflect a claim of privilege.

1   to which the Special Master sustained the claim of privilege).  But as Epic points out, that can't be
2   a good claim of privilege because every privilege log does that too.

3   The second redaction in Entry 2706 is impliedly a request for legal advice, and the Court
4   **SUSTAINS** Apple's objection as to that redaction.  The Court **OVERRULES** Apple's objection
5   as to the first redaction.

6   The Court expresses no opinion on the third redaction in Entry 2708, as Apple prevailed on
7   that before the Special Master, and Epic does not challenge that ruling.  The Court **OVERRULES**
8   Apple's objection as to the first two redactions.

**6.      Entries 2793, 2797 and 2805**

The Special Master sustained Apple's claim of privilege over Entries 2792, 2796 and 2804, the parent documents to Entries 2793, 2797 and 2805.  Apple says that in the parent emails, Apple's in-house counsel provided legal advice and revisions to Apple's App Review Guidelines prior to Apple's compliance with the Digital Markets Act in the European Union.  The attachments (Entries 2793, 2797 and 2805) are draft versions of certain App Review Guidelines containing revisions from Apple's in-house counsel directed to regulatory compliance.  Apple says the attachments "are attorney work product, reflecting an in-house attorney's mental processes" and "were shared with Apple to executives and employees . . . and thus constitute attorney-client communications regarding the provision of legal advice."  Apple submits a declaration from its in-house counsel in support of that argument.  ECF No. 1125-1.

Entry 2793 is a draft of certain App Review Guidelines.  It is 35 pages long, and contains no redlines or internal notations or comments.  It's a draft of a policy document for app developers.  It contains plenty of legal advice, but none of it is to Apple.  The advice is to app developers, such as section 5.2.1, which warns them against IP infringement and making false representations.  You can read this document forever and you will never find any legal advice to Apple or any request for legal advice from Apple.  If you redlined this document against an earlier or later public version of the App Review Guidelines, you could see what the changes were.  You wouldn't know who made them, and this document is not likely written only by lawyers, so the Court is skeptical that you could look at redlined edits and infer what legal advice was given, or if

there was any. Also, as a matter of common sense, this redlining argument has its limits. When there is a public, customer-facing policy document like this that changes over time, the public versions can be redlined against each other, so the entire world can see what changed. The Court does not think that Entry 2793 is attorney-client privileged. It doesn't contain legal advice (to Apple) or a request for legal advice, and it's unclear that you could use this document in tandem with one or more other documents to ferret out any legal advice (again, meaning to Apple).

Apple leans hard on the work product claim, but here we again run into the problem that Apple is asserting a new position before the Court that it did not present to the Special Master. Apple's privilege log (ECF No. 1124-3) listed only attorney-client privilege for this document. And Apple's "privilege description" ("Document reflecting legal advice from counsel regarding injunction compliance requirements for user design and interface") was very much an attempt at invoking attorney-client privileged. The Court will not allow Apple to invoke work product for the first time in challenging the Special Master's ruling.

Entry 2797 presents no additional issues beyond what the Court has addressed for Entry 2793.

Entry 2805 has highlighted text on pages 10 and 34 with a note ("1" and "2") in the margin, but otherwise presents no issues beyond what the Court has addressed in Entry 2793. The Court assumes the highlights reflect edits to the text. It's not clear who made these edits. There is no logical reason why it had to be an attorney, and Apple does not say that an attorney made them. The edits are not themselves legal advice, and we cannot infer whether any legal advice is behind them.

Accordingly, Apple's objections concerning these entries are **OVERRULED**.

**7.    Entries 2854, 2855, 2870 and 2871**

These are emails (2854, 2870) and attached slide decks (2855, 2871) sent to an attorney and a non-attorney for their review. The Court agrees with the Special Master that these documents are predominantly business advice, and so are not attorney-client privileged. Apple's objections are **OVERRULED**.

**C.      ECF No. 1126 (Objections by Epic)**

**1.      Entries 1507 and 1508**

Entries 1507 and 1508 are children to parent Entry 1506. The parent document makes clear that the child documents are drafts that an Apple in-house attorney was asked to advise on. The drafts are therefore part of the request for legal advice and are privileged. Epic's objection to the Special Master's sustaining of Apple's privilege claim is **OVERRULED**.

**2.      Entries 1561, 1562 and 1563**

Entries 1561, 1562 and 1563 are children to parent Entry 1560. Epic does not challenge Apple's privilege claim as to Entry 1560 but does challenge the claim as to Entries 1561, 1562 and 1563. That makes in camera review a little awkward because Apple's claim of privilege over the attachments is entirely derivative of its claim of privilege over the parent document. Yet in reviewing Entry 1560, the Court can see that an Apple employee requested business and legal advice at the same time, and there is no reason to think that legal advice predominated. In fact, it seems pretty clear that legal advice did not predominate. Accordingly, the Court **SUSTAINS** Epic's objection to the Special Master's determination that Entries 1561, 1562 and 1563 are privileged.[2]

**3.      Entry 2734**

Entry 2734 is the child to parent Entry 2733. Entry 2733 is privileged, and Epic does not challenge that. Entry 2734 is a draft document about which an Apple in-house attorney provides legal advice in Entry 2733. Accordingly, Entry 2734 is properly considered part of that advice. Epic's objection to the Special Master's determination that Entry 2734 is privileged is **OVERRULED**.

**4.      Entry 82**

Entry 82 is the child to parent Entry 80. Epic challenges Apple's privilege claim over Entry 82 but not Entry 80. Apple defends its privilege claim as to Entry 82 on the ground that it is

---

[2] In its privilege log, Apple also claimed these entries are work product. ECF No. 1128-6. In responding to Epic's objection, however, Apple only argues attorney-client privilege. The Court will not consider a basis for withholding a document that a party fails to brief to the Court.

8

an attachment to the privileged discussion in Entry 80.[3]

In camera review is again a little awkward here because the Court doesn't think Entry 80 is privileged at all. It is another example of an Apple employee seeking business and legal advice at the same time, and there is no reason to think that legal advice predominated. The Court therefore **SUSTAINS** Epic's objection to the Special Master's determination that Entry 82 is privileged.

### 5.     Entries 307 and 1577

Epic challenges Apple's privilege claim for Entry 307. Epic says that Entry 307 is "apparently similar" to another document that Apple did produce (APL-EG_11502309), which Epic attaches as Exhibit A to its objections. ECF No. 1128-1. Apple argues that Entry 307 is privileged, but what Epic would not have been able to figure out, and what Apple really should have noticed, is that Entry 307 and APL-EG_11502309 are not "apparently similar" documents: They are the same document. Apple both produced and withheld it.

Similarly, Epic challenges Apple's redactions in Entry 1577. Epic says that a document that Apple did produce (APL-EG_11327833), attached as Exhibit B to Epic's objections (ECF No. 1128-2) "appears to pertain to the same exchange" and, according to Epic, demonstrates that the Slack channel primarily addresses business concerns. For its part, Apple does not disagree that the document is mostly non-privileged but defends the redactions that it did make. In fact, Entry 1577 and APL-EG_11327833 are the same document, which Apple produced both with and without redactions.

The Court **ORDERS** the parties to meet and confer about this situation and to state how they propose to address it in their upcoming January 30, 2025 status report.

### 6.     Entries 337 and 338

Apple has withdrawn its claims of privilege over these two documents, so this dispute is moot.

### 7.     Entries 44, 45 and 46

Apple stated that it will produce these documents, so this dispute is moot.

---

[3] In its privilege log, Apple also claimed Entry 82 was work product. Apple has waived that claim by failing to brief it to the Court.

**8.     Entry 2740**

In this document an Apple employee requests business and legal review at the same time. There is no reason to think that legal advice predominated. Epic's objection to the Special Master's determination that this document is privileged is **SUSTAINED**.[4]

**9.     Entry 2791**

The Court agrees with Apple that this document is attorney work product. Epic's objection is **OVERRULED**.

**IT IS SO ORDERED.**

Dated: January 28, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[4] In its privilege log, Apple also claimed Entry 2740 was work product. Apple has waived that claim by failing to brief it to the Court.

10