| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>    dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>    crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>    jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>    mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>    joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>    morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>   Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>   Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Statement in Support of Administrative Motion to Seal.[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed the exhibits to Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motion") and now proposes to partially seal information therein that, if disclosed, could harm Apple's competitive business interests.

5. Apple seeks to seal Exhibits A–E to Epic's Motion because the documents contain confidential information regarding Apple's business and legal strategy in connection with the Injunction

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

issued in this lawsuit and a separate regulatory investigation by the Netherlands competition regulatory authority. In particular, these documents contain extensive discussion of Apple's options for complying with the Injunction and regulatory measures in the Netherlands, including discussion of the commission structure and related considerations. Disclosure of that information would negatively affect Apple's ability to execute on that business and legal strategy in the United States and elsewhere. Because these strategic discussions permeate the documents, the exhibits should be withheld in their entirety.

6. Apple seeks to partially seal Exhibit F to Epic's Motion because the document contains competitively sensitive, non-public information regarding Apple's engagement of consultants in connection with preparing its submissions to a foreign regulatory body in response to an investigation, as well as Apple's use of certain confidential codenames related to new product developments. Public disclosure would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple. Exhibit F also contains personally identifiable information in the form of email addresses of Apple employees. Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests. The remainder of Exhibit F remains unredacted.

7. Below is a chart detailing the portions of the exhibits sealable for the reasons explained herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Entirety of document | Exhibit A to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit B to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit C to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit D to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit E to Epic's Motion | Reflects non-public Apple business and legal strategy |

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Redacted word in first entry on "Privilege Logs: Employee Slack Channels" | Exhibit F to Epic's Motion | Reflects non-public Apple business strategy |
| Redacted word in first entry on "Privilege Logs: Message Board and Attachments" | Exhibit F to Epic's Motion | Reflects non-public Apple business strategy |
| Redacted word in first entry on "Privilege Logs: Press or Business Communications" | Exhibit F to Epic's Motion | Reflects non-public Apple legal strategy |
| Redacted words in fourth entry on "Privilege Logs: Press or Business Communications" | Exhibit F to Epic's Motion | Reflects non-public Apple legal strategy |
| Redacted email addresses in fifth entry on "Privilege Logs: Press or Business Communications" | Exhibit F to Epic's Motion | Reflects personally identifiable information |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of January 2025, in Washington, D.C.

Dated: January 28, 2025

Respectfully submitted,

By: /s/ Mark A. Perry

Mark A. Perry