UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 and Apple's third production of re-reviewed and privileged documents produced on January 6, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

Virtually all of Epic's objections relate to documents it admits or contends it already has. Epic relies on that premise to infer that the documents cannot be privileged, but settled precedent forecloses that argument. As in its prior objections, Epic cites no precedent outside of this case.

**Attachments to Privileged Communications (Entry Nos. 517 (PRIV-APL-EG 00022413), 518 (PRIV-APL-EG 00022414), 572 (PRIV-APL-EG 00023133), 573 (PRIV-APL-EG 00023139), 574 (PRIV-APL-EG 00023709), 575 (PRIV-APL-EG 00023727), 576 (PRIV-APL-EG 00023739), 577 (PRIV-APL-EG 00023742), 703 (PRIV-APL-EG 00027301), and 704 (PRIV-APL-EG 00027309))**

Epic objects to the Special Masters' upholding of Apple's privilege assertion over certain attachments in emails between counsel and non-lawyers, arguing that if such documents are otherwise public, "the attachment of these unprivileged documents to a potentially privileged parent email does not extend the privilege to the attachments." Dkt. 1134, at 1–2. Epic cites no precedent for this categorical assertion, and it is wrong. Federal courts across the country have repeatedly held that attachments to emails seeking or providing legal advice may be privileged, even if the attachments comprise public or non-privileged information standing alone. *See Linet Ams., Inc. v. Hill-Rom Holdings, Inc.*, 2024 WL 3425795, at *16 (N.D. Ill. July 15, 2024) (surveying law and agreeing that "attachments to privileged communications can properly be withheld as part of an attorney client privileged communication, at least in some instances"); *Willis Elec. Co. v. Polygroup Trading Ltd.*, 2021 WL 568454, at *7 (D. Minn. Feb. 16, 2021) (adopting rule "protect[ing] a party from having to disclose that those specific documents were sent to counsel in connection with a request for legal advice," because "requiring disclosure of the attachments themselves creates a risk that an opponent may reverse engineer the substance of a client's request for legal advice"); *In re Martinez Sampedro*, 2020 WL 8922834, at *2 (D. Conn. Mar. 2, 2020) (upholding privilege over "nineteen documents at issue . . . attached to emails between [counsel and clients]," noting that "whereas each document, standing alone, may not contain privileged information, in this context, they were properly withheld as privileged because they constitute information communicated to an attorney in connection with obtaining or rendering legal advice" (cleaned up)); *Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018) (holding that "[t]o be subject to a claim of attorney-client privilege, an attachment must have been communicated in confidence between counsel and client for the purpose of obtaining or providing legal advice," and that "[w]hen assessing whether an attachment is privileged, [a party] can consider the contents of the parent e-mail and need not view the attachment as an entirely distinct and independent document"); *Rainey v. Plainfield Cmty. Consol. Sch. Dist. No. 202*, 2009 WL 1033654, at *2 (N.D. Ill. Apr. 16, 2009) ("For example, there are communications from the media or parents that were forwarded to an attorney for legal advice about how to respond before school officials provided any response. The communications, including any attachments, sent to the attorney are privileged."). Courts in this Circuit have held similarly. *See, e.g.*, *Am. W. Bank Members, L.C. v. Utah*, 2022 WL 103736, at *9 (D. Utah Jan. 11, 2022) ("[E]ven the forwarding of otherwise public information can reflect a client's concern and reveal the client sought legal advice in connection with it sufficient to merit attorney-client privilege protections."); *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at (4 (N.D. Cal. Nov. 25, 2015) ("The attorney-client privilege protects communications between attorneys and their clients even when the facts being conveyed may themselves be unprivileged."); *see also Dawe v. Corrections USA*, 263 F.R.D. 613, 621 (E.D. Cal. 2009) (observing that email strings below a privileged email are, "essentially, 'attachments' to the final message between client and attorney" and upholding privilege over "the entire e-mail string" as a result).

Epic does not dispute that the underlying emails are privileged, *see* Dkt. 1134, at 1–2, and it does not dispute that the attachments "comprise an integral part of a confidential communication

with counsel for the purpose of obtaining legal advice," Jared S. Sunshine, *The Part & Parcel Principle: Applying the Attorney-Client Privilege to Email Attachments*, 8 J. Marshall L.J. 47, 55 (2014) (collecting authorities).  Apple is entitled to withhold the precise documents that were the subject of a request for or response of legal advice.  Under the prevailing approach adopted by federal courts nationwide, the attachments are properly withheld.

To be sure, courts recognize that production of such attachments may nonetheless be appropriate if the attachments "no longer exist[] in any form other than as attached to a privileged email," *Linet Ams.*, 2024 WL 3425795, at *17; *see also Rainey*, 2009 WL 1033654, at *3 ("[T]he communications as originally received from the media or parents still must be disclosed to the extent they are responsive to a proper discovery request."), but that is not the case here.  Epic asserts that all of the documents in this category consist of documents filed in this litigation—to which it already has full access.  *See* Dkt. 1134, at 1–2.  If Epic is right about what the attachments comprise, then Epic has no legitimate discovery need for the documents themselves; the *only* purpose for which Epic could seek production of these documents is to establish that the documents were sent in connection with the offering or receipt of legal advice.  And if Epic is wrong about what the attachments comprise, then it has no basis for seeking their production.

With respect to Entry No. 572 (PRIV-APL-EG_00023133), Epic notes that there is no lawyer on the email.  *See* Dkt. 1134, at 2.  That is accurate as to the top email in the thread, but the top email simply forwards (with no commentary or body text) an earlier email from outside counsel, attaching the disputed documents.  Epic's suggestion that Apple redact (rather than withhold) this email appears to be based on the mistaken premise that there is any non-privileged content not already produced to Epic.  There is not—the only non-privileged content in the email is the same information that is already made available to Epic on the privilege log.

**Press-Related Documents (Entry Nos. 601 (PRIV-APL-EG_10770347), 638 (PRIV-APL-EG_00025036), 639 (PRIV-APL-EG_00025043))**

Epic also objects to the Special Masters' sustaining of Apple's privilege assertions over certain documents that relate in some way to public relations issues.

With respect to Entry No. 601 (PRIV-APL-EG_00024072), the document is a draft fact sheet intended for eventual use with the press sent to counsel (both in-house counsel and outside counsel retained in connection with this litigation) in preparation for a discussion with the attorneys regarding those materials.  There is a note in the parent email (PRIV-APL-EG_00024058) indicating a need for "extensive" review by outside counsel.  As Apple explained in its response to Epic's first round of objections, *see* Dkt. 1131, at 6, courts have frequently upheld as privileged drafts of press statements sent to legal counsel for input, *see, e.g.*, *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019) (upholding privilege over "several documents that specifically requested legal review of language in the press release" (cleaned up)); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019) (upholding privilege over draft press releases "that specifically request legal review").

Epic notes that the document is described as a "draft comms" document, but that does not vitiate the privilege:  A "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).  Nor does it undermine Apple's claim of work product protection over the document, which extends to a document that "would not have been created in substantially similar form but for the prospect of litigation." *ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018) (cleaned up).  This document was created in conjunction with outside counsel as part of press efforts in connection with this litigation:  It would not have been created in this "form" had Apple not been engaged in litigation.

The produced version of the document Epic attaches as an exhibit is an attachment from an email more than seven months later regarding a press query in the United Kingdom about certain regulatory initiatives (APL-EG_11573880).  That version of the document was not sent to counsel for review and legal advice.  As noted above, the fact that the document is not privileged in another context does not vitiate the privilege when it is part of a request to counsel for legal advice.

With respect to Entry Nos. 638 (PRIV-APL-EG_00025036) and 639 (PRIV-APL-EG_00025043), the analysis is similar.  These documents were provided to outside counsel in connection with securing legal advice (PRIV-APL-EG_00025026).  The fact that in the parent document the sender was not seeking legal advice on the documents themselves is immaterial:  It is sufficient that the materials were provided in order to "facilitate" the provision of legal advice. *In re Meta Pixel Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *see also AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2023) ("Communications containing information compiled by corporate employees for the purpose of seeking legal advice and later communicated to counsel are protected by attorney-client privilege.").  And again, the version produced to Epic was from a different thread that did *not* include a request to counsel for legal advice (even though it contained other privileged information).

**System Disclosure Sheets (Entry Nos. 395 (PRIV-APL-EG_00019590), 396 (PRIV-APL-EG_00019591), and 403 (PRIV-APL-EG_00019675))**

Epic again challenges the Special Masters' decisions to uphold three instances in which Apple withheld drafts of a system disclosure sheet that were shared with or by in-house counsel. *See* Dkt. 1134, at 2–3. Apple explained the basis for withholding these specific iterations of system disclosure sheets (among the thousands that were produced) in its prior filing. *See* Dkt. 1131, at 2–3. Epic appears to now acknowledge that if a draft system disclosure sheet was shared in connection with the receipt or provision of legal advice, it may be withheld, and this Court's recent ruling confirms as much. *See* Dkt. 1139, at 8. Epic urges, however, that these three instances do not rise to that level. Apple disagrees: The Special Masters correctly concluded that these particular iterations of the system disclosure sheets are properly withheld.

Epic concedes that Entry Nos. 395 (PRIV-APL-EG_00019590) and 396 (PRIV-APL-EG_00019591) were sent to in-house counsel (Ling Lew), but emphasizes that the documents were also sent to two non-lawyers. *See* Dkt. 1134, at 3. The primary purpose test does not turn on the number of non-lawyers included on a communication. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 1321522, at *5 (N.D. Fla. Mar. 20, 2020) ("The number of lawyers or non-lawyers to whom a communication is addressed is, in most circumstances, immaterial."); *Rowe v. E.I. DuPont de Nemours & Co.*, 2008 WL 4514092, at *11 (D.N.J. Sept. 30, 2008) ("The Court rejects [the plaintiffs'] argument that because the e-mails . . . were sent primarily to non-lawyers, they could not have predominantly served a legal purpose and therefore are not attorney-client privileged."); *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 799 (E.D. La. 2007) ("[T]he number of lawyers or non-lawyers to whom a communication was disseminated is not dispositive."). But even if it did, those non-lawyers were merely *copied* on the email—the *only* recipient in the "To" line was Ms. Lew. The parent email (PRIV-APL-EG_00019586) further shows that Ms. Lew was the initiator of the conversation and the sole named recipient of the parent email.

With respect to Entry No. 403 (PRIV-APL-EG_00019675), this image comes from the limited portion of the parent document (PRIV-APL-EG_00019654) redacted by Apple involving a discussion between Ms. Lew and various engineers in which Ms. Lew references a conversation with Sean Cameron (in-house counsel) about the draft system disclosure sheet shared in the chat.

**Slack Channel (Entry No. 3188 (PRIV-APL-EG_00103312)**

Entry No. 3188 (PRIV-APL-EG_00103312) was properly withheld as privileged because the entire document (just over a page) consists of a conversation between Ling Lew (in-house counsel) and several engineers regarding contractual requirements (including under the Developer Program License Agreement, sometimes abbreviated "PLA")) for developers to access new App Store features and the legal implications thereof. Because the entire exchange is in pursuit of legal advice, it is privileged. *See In re Meta Pixel Healthcare Litig.*, 2024 WL 3381029, at *6 (upholding privilege claim over communication "sent by a non-attorney at counsel's request seeking information to facilitate the provision of legal advice"). Although Apple produced a different version of this document that was only partially redacted, Apple believes the document should be withheld in full and will request claw back of the inadvertently produced document assuming the Court upholds the Special Masters' ruling.[1]

---

[1] For the avoidance of doubt, Apple hereby notifies Epic in writing of an inadvertent production of privileged material, pursuant to Section 12.2 of the protective order. *See* Dkt. 274.

**Other Documents (Entry Nos. 1588 (PRIV-APL-EG_00041593), 1589 (PRIV-APL-EG_00041603), 1591 (PRIV-APL-EG_00041605), 1592 (PRIV-APL-EG_00041606), 3132 (PRIV-APL-EG_00102913), and 3403 (PRIV-APL-EG_00105461))**

With respect to the other documents addressed in Epic's objections, given the Court's recent rulings, Apple agrees that Entry Nos. 3132 (PRIV-APL-EG_00102913) and 1588 (PRIV-APL-EG_00041593) (including its attachments) can be produced without redaction. Apple agrees that Entry No. 3403 (PRIV-APL-EG_00105461) can be produced with the redactions indicated on APL-EG_11572861.

DATED: January 29, 2025                     WEIL, GOTSHAL & MANGES LLP
                                            By: */s/ Mark A. Perry*
                                            *Counsel for Defendant Apple Inc.*