UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* v. APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **RESPONSE TO APPLE'S JANUARY 27, 2025 OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short Responses to Apple's Objections to the Special Masters' rulings ("Objections"), which were filed on January 27, 2025. (Dkt. 1137.)

As an initial matter, Apple cannot "bypass all of [the procedures]" set forth in the Protocol by seeking now—in its Objections—to redact a document that it has argued to the Special Masters should be fully withheld. (Dkt. 1139 at 3.) All of Apple's objections that present such a "new and different privilege claim"—**Entry Nos. 482, 483, 486, 1760, 1775, 3045 and 3183**—should be overruled. (Dkt. 1139 at 3.)

Likewise, Apple bases several of its objections on claims not made in its privilege log. That is improper. Apple may not now claim work product protections, having only claimed attorney-client privilege in its privilege log. "The Special Master's obligation was to overrule or sustain the privilege assertion Apple made . . . . Apple's new and different privilege claim presented to the Court is not actually an objection to the Special Master's ruling". (Dkt. 1139 at 3.) All of Apple's objections that present such novel privilege claims—**Entry Nos. 2943, 2947, 2951, 3114, 3248, 3249, 3251, 3252, 3263 and 3988**—should be overruled if their prior theory of privilege or protection otherwise fails.

Epic does not have access to the documents and is therefore unable to fully assess Apple's privilege claims. Based on the information that Apple has provided to Epic and the Special Masters, as well as certain documents that Apple did produce, Epic responds to the Objections as follows:

- <u>Entry Nos. 3480, 3486, 3494 and 3496</u>—Entry No. 3480 and 3486 are both text conversations between a non-lawyer economist, Jeff Wilder, and Apple in-house counsel Sean Dillon. To the extent that such conversations include *legal* advice, Epic agrees that they should be appropriately and narrowly redacted.

    Epic does not dispute that Entry No. 3494 is protected, as Special Master Walsh reversed his rejection of Apple's privilege assertion for that document after he realized that Sean Dillon, a participant in the text message, is Apple counsel. (Email from the Hon. Patrick Walsh to Parties on Jan. 22, 2025, at 5:00 p.m. PST.) However, Special Master Walsh explicitly indicated that he was maintaining his rejection of Apple's privilege claims in Entry No. 3496 because Dillon "is not offering legal advice in that text" conversation. Therefore, Epic contends that Entry No. 3496 is not privileged following Special Master Walsh's *second* review of, and rejection of privilege for, that document.

- <u>Entry Nos. 459, 1643, 1760, 3045, 3095, 3098, 3158, 3160, 3183 and 3281</u>—As previously discussed, Apple's objections to Entry Nos. 1760, 3045 and 3183 should be overruled because Apple now seeks to redact documents it previously asserted should be withheld, which this Court already held is improper. (Dkt. 1139 at 3.)

    Entry Nos. 459, 3098 and 1643 are communications primarily between non-lawyers. Apple claims these communications nonetheless disclose legal advice. The Special Masters disagreed. Absent access to the documents, Epic does not take a position on these documents.

    Entry Nos. 3095, 3158 and 3160 all appear to be versions of an email chain involving several lawyers and non-lawyers and concerning "consultation services for developers", which is a business topic. (Dkt. 1137 at 4.) Apple redacted Entry No. 3095 but withheld entirely Entry Nos. 3158 and 3160. That inconsistency aside, Special Master Walsh carefully reviewed these documents, parsing the documents by noting that only one question from Ling Lew (Apple in-house counsel) is legal in nature but that the remaining comments (whether redacted or withheld fully) are predominantly business-related, and thus not privileged. Epic finds it unlikely that Special Master Walsh missed the "express legal advice" Apple now claims these documents disclose. Nonetheless, because Epic lacks access to the documents, Epic takes no position on these documents.

    Entry No. 3281 is a financial analysis of Apple's compliance model in the European Union. (Dkt. 1137 at 4.) Special Master Walsh upheld all of Apple's redactions but one. Because Epic lacks access to this document, Epic takes no position on Apple's objection with respect to this document.

- <u>Entry Nos. 2995, 3006, 3016, 3103, 3105, 3263, 3318, 3334, 3358, 3360, 3380, 3399 and 3405</u>—Entry Nos. 2995, 3006, 3380, 3399, 3405, 3016 and 3103 are all drafts of a document titled "StoreKit External Purchase Link Entitlement Addendum for US Apps" that Apple states were edited by Ling Lew, Apple in-house counsel. Apple's privilege claims over the respective parent emails—which

2

it says contain descriptions of the changes made by counsel—were sustained by the Special Masters. Unless the draft documents themselves contain annotations or comments that reveal what changes were made by counsel (as distinct from edits or comments made by other contributors), there would be no way for Epic to identify what (if any) legal advice was conveyed from the documents alone, and they are therefore not privileged. For some of these documents (Entry Nos. 2995, 3006, 3380 and 3016), Apple also claims work product protections. But this Addendum does not appear to have been prepared in anticipation of litigation and so these drafts are not protected as such.

So too with Entry Nos. 3318, 3358 and 3360 (apparently drafts of the "Alternative EU Terms Addendum") and Entry No. 3334 (a draft of the "Music Streaming Services (EEA) Addendum"). To the extent a reviewer can discern legal advice from the draft documents, such advice is protected by attorney-client privilege. However, Epic contends that these addenda were not in fact made in anticipation of litigation and so are not also protected attorney work product, as Apple's privilege log suggests.

Entry No. 3105 is a draft of the App Store Review Guidelines. Unless specific edits are discernible in the draft document and are attributable to Mr. Cameron—and not, for example, to Messrs. Schiller or Kosmynka—this document is not privileged.

Apple argues that Entry No. 3263 is protected "[b]ecause [it was] expressly drafted by members of the legal department". (Dkt. 1137 at 6.) To the extent the document was in fact a draft created by lawyers to advise Apple employees about DMA compliance, Epic does not dispute the privilege. However, if the document reflects Apple's guidelines to developers or users, and is thus publicly facing, Epic contends it is not legal advice and not privileged.

- <u>Entry Nos. 2929, 2933, 2939, 3215, 3218, 3221, 3224, 3248, 3249, 3251, 3252 and 3883</u>—Epic does not dispute that, based on Apple's descriptions of the documents, and depending on the contents of the information reflected in Entry Nos. 3215, 3224 and 3883, these documents may be privileged or otherwise protected.

    Entry Nos. 2929, 2933 and 2939 each consists of "a spreadsheet providing a history of various amendments made to the App Store Guidelines from 2016 to 2024" (Dkt. 1137 at 7)—hardly legal advice. The compiling attorney then *asked non-lawyers* to advise on the spreadsheet's accuracy. Compiling information to be submitted to a Korean regulatory body is neither legal advice nor a document created in anticipation of litigation. Therefore, Apple's objection should be overruled.

    Entry No. 3221 appears to be a profit-and-loss spreadsheet. The parent email, the privilege of which was upheld and which Epic did not challenge, was sent from non-attorney Casey Eason to non-attorney Vij Kunnal with this spreadsheet attached. A financial spreadsheet is not legal advice nor a request for legal advice, even if it is ultimately provided to counsel for some reason.

Entry No. 3218 does not seem to be "substantively identical" to Entry Nos. 3215 and 3224, as Apple claims. (Dkt. 1137 at 7.) Unlike Entry Nos. 3215 and 3224, which are both ".png" images, Entry No. 3218 appears to be a slide deck from Apple's Price Committee presenting various financial considerations in relation to Apple's compliance model in the United States and associated commission rates—a key issue in the proceedings before the Court. At most, legal advice requested or conveyed on the slide deck itself—if any—should be redacted.

Absent access to the documents or the cover email, Epic takes no position on whether Entry Nos. 3248, 3249, 3251 and 3252 disclose any legal advice or request to provide it. Epic does note however that Apple's privilege log only based Apple's assertions on attorney-client privilege grounds. As noted above, Apple may not now add an "attorney work product" claim in its Objections. (Dkt. 1137 at 7-8.) To the extent these documents do not contain legal advice, Apple's objections should thus be overruled.

- <u>Entry Nos. 482, 483, 1644, 1645 and 1775</u>—As mentioned above, Apple's objections to Entry Nos. 482, 483 and 1775 should be overruled because Apple now seeks improperly to redact documents it previously withheld. (Dkt. 1139 at 3.)

  Epic does not dispute that, to the extent that Entry Nos. 1644 and 1645 reveal direct requests for legal advice or the provision of that advice, they should be redacted as appropriate.

- <u>Entry Nos. 486, 3042 and 3048</u>—As mentioned above, Apple's objections to Entry No. 486 should be overruled because Apple now seeks to redact what it previously sought to withhold. (Dkt. 1139 at 3.)

  Epic does not have access to Entry No. 3042 or its parent email, and therefore takes no position on Apple's objection with respect to this document.

  Entry No. 3048 appears to be a draft of a public-facing page based on its title, "Notarization Help Page Proposal". In its objection, Apple merely states that the parent email attaching Entry No. 3048 involves Apple in-house counsel "ask[ing] for assistance working on the draft document". (Dkt. 1137 at 10.) Such a request is not the conveyance of or request for legal advice. Regardless, even if the parent email does convey legal advice, privilege would not extend to an attachment absent an independent indication of legal advice in the attachment itself.

- <u>Entry Nos. 1636, 2943, 2947, 2951, 2965, 2977, 2981, 3004, 3008, 3052, 3124, 3349, 3350, 3351, 3374 and 3463</u>—Epic does not have access to Entry Nos. 1636, 2947, 2965, 2977, 2981, 3004, 3008, 3052, 3124, 3349, 3350, 3351, 3374 and 3463, and therefore takes no position on Apple's objections with respect to those Entries.

  Entry Nos. 2943 and 2951 are, according to Apple, "substantively identical". (Dkt. 1137 at 11.) Apple claims both reflect a request for legal advice. Yet Apple's

4

privilege log only claimed work product protections over both documents. Apple cannot now add an attorney-client privilege claim in its objections.

- <u>Entry Nos. 3114, 3115 and 3988</u>—Entry No. 3114 is an email from a non-lawyer to Apple in-house counsel discussing a slide "deck for presentation about child safety in the U[nited] K[ingdom]". Given that the recipient attorney was the one giving the presentation, it appears likely this is a situation where the client is advising the lawyer on non-legal issues, and not vice versa. (Dkt. 1137 at 14.) Indeed, after reading the cover email, Judge Walsh noted it was "not seeking legal advice".

    The aforementioned slide deck attached to the email is Entry No. 3115. The sender of the slide deck is not an attorney, and an impending policy presentation given to a foreign legislative body is not prepared in anticipation of litigation and so is not subject to work product protection. Accordingly, Judge Walsh correctly ruled that this document is not subject to attorney work product protections.

    Entry No. 3988 is a draft presentation created "in connection with proceedings before the European Commission regarding Apple's rules regarding music streaming apps". (Dkt. 1137 at 14.) An outside-facing presentation to be given by outside counsel to a regulatory body is not legal advice, nor privileged. To the extent Apple now asserts attorney work product protection (Dkt. 1137 at 14), Apple may not do so and its objection should be overruled.

DATED: January 29, 2025                                CRAVATH, SWAINE & MOORE LLP
                                                       By: <u>/s/ Yonatan Even</u>
                                                       *Counsel for Plaintiff Epic Games, Inc.*