UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                *Plaintiff*, *Counter-defendant*,<br><br>                v.<br><br>APPLE INC.,<br><br>                *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED JANUARY 25, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on January 25, 2025, regarding Apple's production of re-reviewed documents.

      Epic does not have access to the documents and is therefore unable to fully assess the bases on which Apple claims privilege. However, based on the information provided in Apple's privilege logs for the documents and their families, as well as certain documents that Apple did produce, Epic believes several of the documents for which Apple maintained privilege assertions that were sustained by the Special Masters are in fact not privileged. Furthermore, several documents appear to be similar, if not identical, to documents in which Apple withdrew its privilege assertions. Epic respectfully requests that the Court review the following documents *in camera* and reject Apple's privilege assertions pertaining to these documents, in whole or in part.

### Documents for which Apple Withdrew its Privilege Assertions

      Entry Nos. 1072 (PRIV-APL-EG_00033739), 1073 (PRIV-APL-EG_00033745) and 1074 (PRIV-APL-EG_00033746) appear to be, based on the file name and the bases of Apple's privilege assertions over these Entries, identical to Entry Nos. 337 (PRIV-APL-EG_00019072), 338 (PRIV-APL-EG_00019078) and 339 (PRIV-APL-EG_00019079) respectively. Epic already objected to the Special Masters' determinations to uphold Apple's privilege assertions over Entry Nos. 337, 338 and 339 on the grounds that they were primarily for a business purpose. (Dkt. 1126 at 2.) In response, Apple withdrew its privilege assertions over these documents.

(Dkt. 1131 at 5.)  If Entry Nos. 1072, 1073 and 1074 are in fact similar or identical versions of the same documents, as they appear to be, Apple's privilege assertions over those Entries should be likewise withdrawn.

### Press Communications

Entry No. 1093 (PRIV-APL-EG_00034025) is a "DMA Newsroom Post", likely a draft of updates to Apple's compliance program in the European Union, to be posted publicly on a web page.  Apple indicates on its privilege log that the parent email, to which Entry No. 1093 was attached, "says the teams are continuing to iterate[] on this" and that an attorney was copied.  That description does not suggest legal advice is conveyed or requested.  Therefore, to the extent that the attachment itself does not contain comments or annotations left by attorneys directly conveying legal advice, it is not privileged and cannot be withheld.

### Employee Chats

Entry No. 1046 (PRIV-APL-EG_00033294) is a Slack conversation between multiple engineers and one Apple in-house counsel.  The custodian for the document is Jeff Guebert, non-lawyer program manager.  A similar document that Apple did produce (APL-EG_11132326, submitted herewith and marked **Exhibit A**) shows that the participants primarily discuss engineering and user interface considerations for Apple's compliance in the European Union, with minimal redactions for comments made by and questions directed at Apple in-house counsel Ling Lew.  This document should not be withheld in its entirety, as Apple asserted in its privilege log.  Therefore, Apple's assertion should be rejected and the document should be produced (at most with redactions).

Likewise, Entry No. 1219 (PRIV-APL-EG_00035780) is a Slack conversation from the same channel as Entry No. 1046 above.  The custodian for the document is Latika Kirtane, a non-lawyer.  A similar document that Apple did produce (APL-EG_11531464, submitted herewith and marked **Exhibit B**) shows that this conversation, too, is primarily about engineering concerns.  This document should not be withheld in its entirety, and should be produced (at most with redactions).

DATED: January 30, 2025               CRAVATH, SWAINE & MOORE LLP
                                      By: */s/ Yonatan Even*
                                      *Counsel for Plaintiff Epic Games, Inc.*