UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>        *Plaintiff, Counter-defendant,* <br><br>v. <br><br>APPLE INC., <br><br>        *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE <br> & MOORE LLP <br><br> By: */s/ Yonatan Even* <br>     Yonatan Even <br>     *Counsel for Epic Games, Inc.* | WEIL, GOTSHAL & MANGES LLP <br><br><br> By: */s/ Mark A. Perry* <br>     Mark A. Perry <br>     *Counsel for Apple Inc.* |

**Epic's Position:**

Apple concluded its re-review on January 17. On January 22 sometime after 12:04 a.m. PST, it made its final production to the Special Masters followed by (at 12:56 a.m. PST) its final production to Epic.[1] Up to the last week of its re-review, Apple represented that it expected to downgrade nearly 70% of the documents it re-reviewed. But even though Apple represented to this Court that its re-review was based on a "numerical or a random selection" of documents (Dec. 20, 2024 Discovery Hearing at 5:12-16), Apple's downgrading rate dropped precipitously over the following few days—to well below 50% in the last days of its re-review. Apple ultimately produced nearly 24,000 documents for review by the Special Masters, far more than the Special Masters could realistically review.

\*   \*   \*

On a conference with the Special Masters on January 13, in response to questions about how many more documents Apple expected to produce for review by the Special Masters, Apple represented that by the January 17 deadline, the number of documents designated for Special Master review was "going to be roughly 17,000". (Jan. 13, 2025 Special Master Status Conf. Tr. 80:21-23.) This meant that at that time, Apple expected to downgrade nearly 70% of its total privilege assertions (37,000 out of 54,000), generally consistent with its downgrading rate up to that point. In response, the Special Masters raised serious concerns that they may only be able to review 300-400 documents each per week (900-1,200 per week collectively), meaning the review would not be completed for months.[2]

The next day, Apple represented to Judge Gonzalez Rogers that it had reviewed 43,493 documents—of which it had *already* designated 17,998, or just over 40%, for Special Master review—and that it had 9,920 documents to review by Friday, January 17. (Jan. 14, 2025 Case Mgmt. Conf. Tr. 13:20-23.) Thus overnight, Apple's downgrade rate declined from roughly 70% to roughly 60%. Still, that downgrade rate was sufficient for Judge Gonzalez Rogers to conclude that Apple's initial privilege calls were designed to delay the underlying proceeding and "totally a tactic". (Jan. 14, 2025 Case Mgmt. Conf. Tr. 23:22-23.)

By January 17, Apple (by its own count) had re-reviewed 53,820 documents, producing 30,104 documents to Epic and 23,716 documents to the Special Masters. The implication is that of the last 9,920 documents left for re-review as of January 14, Apple downgraded just 4,202 documents—further lowering its downgrade rate to roughly 42%, far below the downgrading rate in the preceding four weeks of re-review.

The bottom line is that Apple downgraded roughly 56% of its initial privilege claims during the review. Even accepting this number at face value (*i.e.*, disregarding the remarkable decline in downgrade rate over the last week of the re-review process), that high rate of downgrades shows unequivocally that Apple's initial privilege assertions did not reflect a good-faith privilege review. And the Special Master Protocol has unfortunately failed to frustrate Apple's delay

---

[1] Both productions missed the Court-mandated deadline, which was January 21, 2025.
[2] The Special Masters estimated that all three of them would conclude their review in March "at best" (Jan. 24, 2025 Special Master Status Conf. Tr. 12:11-14), and the current pace suggests review would not be complete until April at the earliest.

2

tactics; the Special Masters have ruled on 5,398 of the privilege assertions Apple maintained (overruling roughly 11% of them), and on January 24 held another conference with the Parties, at which they reiterated their inability to complete the review on the desired timeline.

The Parties also met and conferred about two documents over which Apple asserted privilege but produced to Epic. (Dkt. 1139.) Apple has waived its privilege claim over PRIV-APL-EG_00041474 (Entry 1577) and will produce it to Epic without redactions. The Parties disagree over PRIV-APL-EG_00018603 (Entry 307). Epic explained in its objection why this document is unprivileged (Dkt. 1126 at 2), especially where Apple seeks to withhold the document in its entirety—not selectively redact it. To the extent there is privileged material in the document, Apple has waived such privilege after it produced to Epic unredacted versions of this document *seven* times since its re-review productions began.

Judge Gonzalez Rogers directed the Parties to report on the progress of the Special Masters on January 31, noting that depending on their progress, the Court may, as a "backstop", "require all of [the unreviewed Category 1 documents] to be delivered to [the Court] to do [its] own spot check so that [the Court] can determine whether" Apple's funneling of documents to the Special Masters was in good faith. (Jan. 14, 2025 Case Mgmt. Conf. Tr. 23:1-16.) Judge Gonzalez Rogers also scheduled hearings to resume on February 24. Epic is currently preparing for those hearings, subject to any further Orders from the Court.

**Apple's Position**:

Apple completed its production of privileged documents to the Special Masters and non-privileged documents to Epic last week. On January 22, Apple provided the following metrics to Epic regarding the re-review:

**Total documents re-reviewed:** 53,820

**Categories**

**Category 1:** 22,658

**Category 2:** 7,059

**Category 3:** 24,103

**Privilege assertions**

**Documents tagged "Not Privileged":** 30,104

**Documents tagged "Privileged":** 23,716

Apple further explained that the numbers are subject to change based on the Special Masters' rulings as to the documents over which Apple has maintained its assertions of privilege, based on Your Honor's resolution of the parties' pending and forthcoming objections, and based on further quality control analysis. These metrics do not include "family" members that were not

included in the re-review (i.e., documents that were not previously marked privileged but that are attachments to documents included in the re-review).[3]

As of the date of this status report, the Special Masters have sustained Apple's privilege assertions in full ~89% of the documents ruled upon and have sustained Apple's privilege assertions in part over an additional ~0.8%. The Special Masters have overruled in full Apple's privilege assertions over ~10.2% of those documents. The Special Masters have requested more information on a number of documents before ruling.

In its portion of the joint status report, Epic again accuses Apple of bad faith in the original document review occurring in the summer of 2024. Apple responded to those accusations in the prior joint status report and will not repeat that discussion here, except to again reiterate that it categorically denies the allegations of impropriety. *See* Dkt. 1118, at 4–5. As Apple previously noted, though, Epic's allegations do not present any dispute for Your Honor to resolve at this time. Epic asked for a complete re-review of all privilege assertions with review of every privilege assertion by three independent Special Masters. Apple agreed to that request in order to put the issue to rest, the Court ordered a protocol for that re-review, and Apple has complied (and continues to comply) with the protocol.

Epic also raises the unsupported insinuation that Apple somehow altered its review standards mid-stream in order to increase the number of documents withheld for privilege after learning of the Special Masters' expected pace for review. Like Epic's other accusations, this contention has no basis in fact. Apple did not instruct its ~100 privilege reviewers to increase (or decrease) the frequency of their privilege assertions following the status conference with the Special Masters on January 13, 2025 or at any other time. Apple always provides iterative guidance to reviewers during a review, but in this case, that iterative guidance consisted largely of advising reviewers about the kinds of documents the Special Masters were *not* upholding as privileged. Apple made no intentional effort to change the frequency of its privilege assertions.

Nor would it have made sense for Apple to do so. At Epic's insistence, every single document over which Apple is asserting privilege must be reviewed by the Special Masters. If Apple were to make an overbroad claim of privilege, that would be rooted out by the Special Masters. Moreover, Apple has known since the beginning of this project that the review by the Special Masters would be the stopgap. *See* Hr'g Tr. 17:20–24. Epic's implicit assumption that three Special Masters could responsibly review tens of thousands of documents in a matter of weeks—essentially the same project Apple employed ~100 reviewers to complete—has no basis

---

[3] Apple completed its re-review by January 17 as directed by the Court. Apple made its final production to the Special Masters at 12:04 a.m. PST on January 22, after informing the Special Masters earlier in the day that Apple would need additional time to finalize the production given the manual highlighting and foldering required. Neither the Special Masters nor Epic objected. Apple made an additional production to Epic of documents downgraded during its final QC of the documents produced to the Special Masters. Apple prepared and finalized that production several hours earlier, but technical issues at its document vendor delayed delivery to Epic until ~12:45 a.m. PST.

in reality or this Court's orders. That would be true under any of Apple's periodic estimates of the likely review population.[4]

As previewed in the prior joint status report, the Special Masters estimated in early January that they would be able to collectively review approximately 1,000 documents in total per week. In the two weeks since then, the Special Masters have collectively exceeded that pace. Nevertheless, at a status conference on January 24, the Special Masters estimated that it will take them at "at a minimum" through February or March (the Special Masters gave different estimates) to complete their review. *See* Hr'g Tr. 10:8–13, 12:11–14 (Jan. 24, 2025).

Also as previewed in the prior joint status report, Judge Gonzalez Rogers has directed the parties to file an update by noon PT on January 31 as to the Special Masters' progress. Judge Gonzalez Rogers will determine at that time what additional steps, if any, to take. In the interim, Judge Gonzalez Rogers has tentatively set the evidentiary proceeding to resume on February 24. The parties have requested that the Special Masters provide an update on the evening of January 30 regarding their progress to facilitate this report.

Apple respectfully submits there are no issues before Your Honor for resolution except the pending objections to certain of the Special Masters' determinations. *See* Dkts. 1134, 1137, 1144, 1146. With respect to the issues on which the Court directed the parties to meet-and-confer, as Epic notes above, Apple stands on its privilege assertion in full as to PRIV-APL-EG_00018603 (Entry 307). Apple offered to discuss a compromise of redactions with Epic on the document to avoid the need for judicial intervention, but Epic refused. The basis for Apple's privilege assertion is set forth in its response to Epic's objections. *See* Dkt. 1131, at 4. Epic's new waiver argument is without merit: The protective order permits Apple to claw back inadvertently produced privileged materials. *See* Dkt. 274 ¶¶ 12.1–12.3. Additionally, Epic did not argue waiver in its objection and should not be permitted to do so for the first time in a status report.

Respectfully submitted,

DATED: January 30, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*

---

[4] Epic notes various estimates Apple made near the end of the review about the total population of privileged documents. Apple's initial estimate of 17,000 (made in real time upon request of the Special Masters) failed to account for the fact that the final week of review included a significantly larger volume of total documents than prior weeks. As Apple has repeatedly explained, both to Epic and this Court, the interim estimates were just that—estimates—and the final numbers are now in.