UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* v. APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED JANUARY 27, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on January 27, 2025, regarding Apple's production of re-reviewed documents.

### European Union Filings

Entry Nos. 1580 (PRIV-APL-EG_00139217), 1581 (PRIV-APL-EG_00139242), 1582 (PRIV-APL-EG_00139256), 1583 (PRIV-APL-EG_00139288), 1584 (PRIV-APL-EG_00139294), 1585 (PRIV-APL-EG_00139320), 1586 (PRIV-APL-EG_00139330), 1587 (PRIV-APL-EG_00139365), 1588 (PRIV-APL-EG_00139408), 1589 (PRIV-APL-EG_00139414), 1593 (PRIV-APL-EG_00139535), appear to be compliance-related documents submitted to the European Union ("EU"). These documents are attached to an email deemed privilege, an assertion Epic is not challenging. The attachments themselves, however, as public documents, are not privileged, and the privileged parent email does not make them privileged; absent the parent email, these documents, in and of themselves, do not disclose the content of any legal advice. The documents thus should not be withheld.

### Email Chain Re Spotify Data

Entry No. 1578 (PRIV-APL-EG_00139200) appears to be an email chain addressing a Spotify Music data request. The sender is a non-attorney, as are most of the recipients (all but one). It thus does not appear that the primary purpose of this document is to seek or convey legal advice, and to the extent some portion of the email chain does seek or convey legal advice, Apple should have sought to redact it, rather than seek to withhold the document entirely.

### Email Chain Re Epic Injunction Compliance Plan

Entry No. 1803 (PRIV-APL-EG_00142689) appears to be an email chain discussing the

timeline for Apple's response to the injunction issued by the district court. The email was initially sent by a non-lawyer, and the email chain appears to include multiple non-legal, business personnel, suggesting a business purpose for the email discussion (or at minimum, a dual business and legal purpose). To the extent portions of the email contain legal advice, Apple should have sought to redact these portions, rather than seek to withhold the entire document.

### Email Chain Re Notarization in the EU

Entry No. 2001 (PRIV-APL-EG_00145056) appears to be an email chain discussing requirements for notarization of apps in the EU, which is a publicly-known security-related technical process Apple implemented in response to the DMA. The email is from non-counsel and is sent to three non-lawyers and one lawyer. Nothing in the document description suggests it is made primarily for a legal purpose, and to the extent some portions of the email include a request for or actual legal advice, Apple should have sought to redact these portions, rather than seek to withhold the document entirely.

DATED: January 31, 2025

CRAVATH, SWAINE & MOORE LLP
By: /s/ Yonatan Even
*Counsel for Plaintiff Epic Games, Inc.*