# EXHIBIT A

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600<br>
Washington, DC 20036<br>
+1 202 682 7000 tel<br>
+1 202 857 0940 fax<br>
<br>
**Mark Perry**<br>
+1 (202) 682-7511<br>
Mark.Perry@weil.com

BY E-MAIL

January 31, 2025

Yonatan Even
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Re: *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-5640 (N.D. Cal.)

Counsel:

Following this afternoon's status hearing with Magistrate Judge Hixson, and in light of the Court's order setting the resumed evidentiary hearing for February 24–26, 2025, we are writing to address the appropriate disposition of the ~18,000 documents over which Apple maintains a claim of privilege but which the Special Masters have not reviewed as of today. As you know, Judge Hixson offered a recommendation for how to move forward in light of the information submitted by both parties on January 30 (Dkt. 1149) and 31 (Dkt. 1151).

As we understand Judge Hixson's recommendation, the Special Masters would continue their review until completed, but the evidentiary hearing would still resume on February 24. Subject to appropriate confidentiality restrictions for documents over which disputes remain (*see* Letter from M. Perry of January 8, 2025), any documents ruled upon and produced *before* the hearing date would be available to the parties for use during the hearing and in post-hearing briefing; any documents produced *after* the hearing concludes may be submitted by either party to the Court in writing. Apple believes that this recommendation is a workable solution, and is consistent with the parties' prior agreement as well as the Court-ordered Protocol already in place for the re-review.

We understand that Epic has identified 100 documents that it asked the Court to include in any "spot check." Apple continues to believe a "spot check" is not feasible, including for the reason articulated by Judge Gutierrez in the January 24 conference with the Special Masters. *See* Hr'g Tr. 17:8–16 (Jan. 24, 2025). That said, Apple does recognize that there may be value in "prioritizing" a limited set of documents for the Special Masters' review, so that these documents can be reviewed and ruled upon prior to the resumption of the evidentiary hearing. Accordingly, Apple proposes that each of the parties may select 1,000 privilege log entries (at their own discretion, using whatever methodology they choose) for "priority" review by the Special Masters. The Special Masters would then prioritize their review of those documents, so that the Parties have decisions on those entries prior to the resumption of the evidentiary hearing. While this approach might (or might not) skew the results regarding documents upheld or

Gary Bornstein
Yonatan Even
January 31, 2025
Page 2

**Weil, Gotshal & Manges LLP**

overruled for the subset of prioritized documents, the figures will be included in the final tally as the Special Masters complete their review. As Judge Hixson noted (and as the Special Masters have also observed), there is a certain amount of repetition within the documents; this prioritization system would allow both parties to secure review of those documents they may wish to use at the hearing.

Assuming Epic agrees with Judge Hixson's recommendation as clarified by this proposal, we would suggest sending each side's list of "priority" entries to the Special Masters on Tuesday, February 4, to ensure that the Special Masters have adequate time before the hearing to rule upon them. (We would also prepare updated document folders to facilitate the review.) We suggest jointly reporting this process to Magistrate Judge Hixson and Judge Gonzalez Rogers on Monday, February 3.

Given the impending hearing date, we ask that you respond in writing with your position by noon ET on Sunday, February 2.

Sincerely,

Mark A. Perry