UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 (Dkt. 1147). We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Previously Produced Documents (Entry Nos. 1072 (PRIV-APL-EG_00033739), 1073 (PRIV-APL-EG_00033745), 1074 (PRIV-APL-EG_00033746))**

Epic requests production of three documents (Entry Nos. 1072 (PRIV-APL-EG_00033739), 1073 (PRIV-APL-EG_00033745), 1074 (PRIV-APL-EG_00033746)) identical to three other documents (Entry Nos. 337 (PRIV-APL-EG_00019072), 338 (PRIV-APL-EG_00019078), 339 (PRIV-APL-EG_00019079)) already produced pursuant to an earlier objection and response. *See* Dkt. 1147, at 1–2. Apple will produce these three documents in its next production.

**Developer-Facing Document (Entry No. 1093 (PRIV-APL-EG_00034025))**

Epic objects to the Special Masters' decision to uphold Apple's privilege assertion over a draft developer-facing document regarding changes to the App Store (Entry No. 1093 (PRIV-APL-EG_00034025)). The parent email was produced to Epic as APL-EG_11459384 and is designated as a "Category 2" document. It appears the attachment was inadvertently marked as "Category 1" rather than "Category 2" and therefore was directed to the Special Masters for review (and upheld for privilege). Apple will produce the attachment subject to its existing and ongoing reservation of rights with respect to "Category 2" documents.

**Slack Documents (Entry Nos. 1046 (PRIV-APL-EG_00033294) and 1219 (PRIV-APL-EG_00035780))**

Epic objects to the Special Masters' ruling as to two Slack documents reflecting discussions among non-lawyers and in-house counsel.

With respect to Entry No. 1046 (PRIV-APL-EG_00033294), Epic is incorrect that the participants "primarily discuss engineering and user interface considerations." Dkt. 1147, at 2. The first part of the chat discusses the scope of various App Store changes in view of ongoing regulatory discussions and legal requirements. The second part of the chat discusses planning and organizational issues in light of the express "guidance" from Ling Lew (in-house counsel) regarding the state of regulatory discussions and new legal requirements. Ms. Lew's comments and guidance regarding regulatory updates are privileged, and so are the ensuing conversations discussing and acting on that guidance. Apple will agree to produce PRIV-APL-EG_00033294 with the redactions set forth in Exhibit A as suggested by Epic, *see* Dkt. 1147, at 2, if doing so will resolve Epic's objection. If not, Apple stands on its privilege assertion.

With respect to Entry No. 1219 (PRIV-APL-EG_00035780), the entire document is a discussion of the scope and applicability of certain App Store changes vis-à-vis different operating systems and jurisdictions. Throughout the thread, Ms. Lew provides guidance for the discussion, providing advice about which operating systems and jurisdictions are affected by which App Store changes. Although there are portions of the discussion in which Ms. Lew is not an active participant, the context of the document indicates that the primary purpose is to reach alignment regarding the regulatory scope of each of the App Store changes in development. Epic has indicated that it believes some portions of the document may be redacted. *See* Dkt. 1147, at 2. Pursuant to the Court's prior ruling, however, *see* Dkt. 1139, Apple is not proposing redactions in this response. Apple is willing to propose redactions to Epic if doing so will resolve Epic's objection. If not, Apple stands on its privilege assertion.[1]

DATED: February 3, 2025

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*

---

[1] Although Apple produced versions of Entry Nos. 1046 and 1219 with limited or no redactions, Apple believes the documents may be withheld in full and will request claw back of the inadvertently produced documents assuming the Court upholds the Special Masters' rulings. For the avoidance of doubt, Apple hereby notifies Epic in writing of an inadvertent production of privileged material, pursuant to Section 12.2 of the protective order. *See* Dkt. 274.