GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
JUSTIN C. CLARKE (*pro hac vice*)
jcclarke@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S RESPONSE TO APPLE INC.'S SUPPLEMENT TO STATUS REPORT RE SPECIAL MASTER REVIEW** <br><br> Courtroom: 1, 4th Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

1    Pursuant to the Court's Standing Order in Civil Cases, and the Court's Minute Entry of
2  January 14, 2025 (Dkt. 1117), Plaintiff and Counter-defendant Epic Games, Inc. ("Epic"), by and
3  through its undersigned counsel, hereby submits this Response to Apple Inc.'s Supplement to
4  Status Report Re Special Master Review (Dkt. 1162).
5    On the evening of Friday, January 31, 2025, Apple Inc. ("Apple") sent Epic a letter
6  (Exhibit A to Dkt. 1161) proposing that Epic forgo its request for sanctions and instead agree to
7  resume the evidentiary hearings before the Special Masters complete their privilege review.
8  Apple's Friday evening letter, which appears to be based solely on Apple's interpretation of a
9  statement made by Judge Hixson during a status conference on Friday afternoon, arbitrarily
10 demanded that Epic respond by Sunday. While Epic intended to reply to the letter today, Apple
11 rushed to this Court, rather than await a response. Accordingly, Epic provides its response
12 herewith. In short, Epic's position is that sanctions on Apple are warranted for the reasons
13 identified in the Joint Status Report re Special Master Review, Dkt. 1151. Epic further believes
14 that hearings should resume on February 24 and that if—and only if—sanctions are not granted,
15 Epic (but not Apple) ought to be allowed to supplement the record with any subsequently
16 produced documents.
17                    *    *    *
18    It is undisputed that Apple should have produced *all* relevant, non-privileged documents
19 by September 30, 2024—the deadline for substantial completion. And it is undisputed that Apple
20 did not even come close to meeting that deadline. To the contrary: by Apple's own account,
21 Apple improperly asserted privilege over and withheld at least 30,104 documents—roughly 56%
22 of all re-reviewed documents. This is not the result of good-faith error. Rather, Apple's *modus*
23 *operandi* thus far has been to secure itself a win-win through the abuse of privilege. Specifically,
24 Apple withheld tens of thousands of documents for *over four months* on clearly improper
25 privilege assertions, forcing Epic to make a stark choice: either Epic is forced to resume hearings
26 without the documents it is entitled to (a win for Apple), or Epic fights for these documents

28 EPIC GAMES, INC.'S RESPONSE TO
   APPLE INC.'S SUPPLEMENT TO STATUS
   REPORT RE SPECIAL MASTER REVIEW         1         CASE NO. 4:20-CV-05640-YGR-TSH

1 through endless disputes and a prolonged re-review process, further delaying the resumption of
2 the evidentiary contempt hearings before this Court (again, a win for Apple).

3   Throughout this process, Epic has repeatedly raised Apple's campaign of delay and abuse;
4 Apple objected vociferously, claiming that its privilege review was subject to strict "quality
5 control" checks (Dkt. 1024) that took "substantial work" (Dkt. 1055); that it was "no surprise"
6 that it had withheld tens of thousands of documents, as "legal counsel was involved at every step"
7 (Dkt. 1036); and that the documents Apple withheld were "at the very heart of" privilege and
8 work product doctrines (Dkt. 1042).  On January 14, however, once the extent of Apple's over-
9 withholding became clear, this Court rejected Apple's contentions, concluded that Apple engaged
10 in "delay" as "a tactic" and proposed a solution.  (Jan. 14, 2025 Case Mgmt. Conf. Tr. 23:21-
11 24:1.)  Epic asked the Court to impose sanctions on Apple; while the Court declined, it proposed
12 that in early February, the Court may "spot check" Apple's remaining privilege assertions—and
13 may, if appropriate, sanction Apple at that time.  (Jan. 14, 2025 Case Mgmt. Conf. Tr. 23:1-4.)
14 On January 31, Epic renewed its request for sanctions, raising additional concerns regarding
15 Apple's re-review following the January 14 Conference.  Apple again protested, but Epic
16 provided the Court with a list of 100 exemplar documents that it believes demonstrate that Apple
17 has continued (and indeed doubled down on) its abuse of privilege.  (Dkt. 1151 & Exhibit A.)

18   On the afternoon of January 31, Judge Hixson held a status conference with the Parties.
19 At the end of that hearing, Judge Hixson expressed his view on one specific question: "Whether
20 to resume the hearings next month".  Judge Hixson noted that Epic might do well to "proceed
21 with the hearings [as] schedule[d] in February, provided that there's some method by which
22 *Epic*"—not Apple—"could file something with the Court, or seek leave to file something with the
23 Court, down the road if some documents are later produced that Epic thinks are important".
24 (Jan. 31, 2025 Discovery Hearing Tr. 8:3:8 (emphasis added).)[1]  Epic understood Judge Hixson's

---

[1] Judge Hixson also noted that Epic raised concerns about the substance in Apple's final production of documents to the Special Masters and expressly declined to express an opinion on these concerns, noting those have been raised with this Court.  (Jan. 31, 2025 Discovery Hearing Tr. 7:17-23.)

EPIC GAMES, INC.'S RESPONSE TO
APPLE INC.'S SUPPLEMENT TO STATUS
REPORT RE SPECIAL MASTER REVIEW          2          CASE NO. 4:20-CV-05640-YGR-TSH

1  recommendation to be that if this Court declines Epic's request for sanctions, and Epic is instead
2  given the choice between proceeding on February 24 or awaiting the completion of the Special
3  Masters' review, Epic ought to proceed promptly—assuming Epic can reserve the right to
4  supplement the record with any subsequently produced documents.

5        Epic's position is that this Court ought to sanction Apple (potentially, if the Court so
6  chooses, following a "spot check" of Apple's production). (*See* Dkt. 1151 at 2, 5.) Any other
7  solution will reward Apple for its significant and ongoing malfeasance. Sanctions, in addition,
8  would be the only way for Epic to obtain all the documents it is entitled to before hearings
9  resume.

10       Epic agrees that the impending hearings scheduled for the week of February 24, 2025,
11 should proceed as scheduled. Should the Court decline to sanction Apple, however, the Special
12 Master Panel's privilege review ought to continue in parallel and Epic ought to have the right to
13 supplement the record following the hearings with any documents subsequently produced to Epic.
14 To be clear, Epic does not believe *Apple* should have a reciprocal right to supplement the record
15 (as Apple proposes in its submission) for the simple reason that this is entirely a problem of
16 Apple's doing; Apple should not be allowed to supplement the record with documents it
17 improperly withheld as privileged in the first place. And finally, Apple's proposal to facilitate the
18 prioritization of documents for the Special Masters' review (for example, documents from
19 witnesses that may be called during the hearings) is helpful. Again, however, Epic's position is
20 that Epic *alone* should have the right to seek to re-prioritize the review process, as Apple fully
21 controlled the ordering of the documents produced to the Special Masters for review in the first
22 place and it should not get a do-over.

23
24
25
26
27
28

EPIC GAMES, INC.'S RESPONSE TO
APPLE INC.'S SUPPLEMENT TO STATUS
REPORT RE SPECIAL MASTER REVIEW     3    CASE NO. 4:20-CV-05640-YGR-TSH

| | | |
|---|---|---|
| 1 | Dated:  February 3, 2025 | Respectfully submitted, |
| 2 | | By:  /s/  *Yonatan Even* |
| 3 | | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| 4 | | |
| 5 | | Paul J. Riehle (SBN 115199) |
| 6 | | paul.riehle@faegredrinker.com |
| 7 | | Four Embarcadero Center |
| 8 | | San Francisco, California 94111<br>Telephone:  (415) 591-7500 |
| 9 | | Facsimile:  (415) 591-7510 |
| 10 | | **CRAVATH, SWAINE & MOORE LLP** |
| 11 | | Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com |
| 12 | | Yonatan Even (*pro hac vice*) |
| 13 | | yeven@cravath.com<br>Lauren A. Moskowitz (*pro hac vice*) |
| 14 | | lmoskowitz@cravath.com<br>Justin C. Clarke (*pro hac vice*) |
| 15 | | jcclarke@cravath.com<br>Michael J. Zaken (*pro hac vice*) |
| 16 | | mzaken@cravath.com<br>M. Brent Byars (*pro hac vice*) |
| 17 | | mbyars@cravath.com |
| 18 | | 375 Ninth Avenue<br>New York, New York 10001 |
| 19 | | Telephone:  (212) 474-1000<br>Facsimile:  (212) 474-3700 |
| 20 | | |
| 21 | | *Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.* |

**E-FILING ATTESTATION**

I, Yonatan Even, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Yonatan Even*
Yonatan Even

EPIC GAMES, INC.'S RESPONSE TO
APPLE INC.'S SUPPLEMENT TO STATUS
REPORT RE SPECIAL MASTER REVIEW         5         CASE NO. 4:20-CV-05640-YGR-TSH