DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No.
1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>       Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>       Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case.  I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple.  I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto.  I submit this declaration in support of Apple's Statement in Support of Administrative Motion to Seal.[1]

2.      I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances.  I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information.  I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3.      Apple operates in an intensely competitive environment.  Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect the confidentiality of its information.

4.      Apple has carefully reviewed the exhibits to Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motion"), Dkt. 1135, and now proposes to partially seal information therein that, if disclosed, could harm Apple's competitive business interests.  Specifically, Apple seeks to seal Exhibits C–G in their entirety and to partially seal Exhibit H.

5.      Apple seeks to seal Exhibit C to Epic's Motion because the document contains

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel.  *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013).  If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

confidential information regarding Apple's business and legal strategy in connection with the Injunction issued in this lawsuit. In particular, Exhibit C is a draft of speaker notes for a presentation to the members of the press in anticipation of a ruling from the Ninth Circuit in the appeal in this litigation. If disclosed, the speaker notes could reveal Apple's assessment and analysis of the litigation beyond what was actually shared with members of the press during the presentation. Most of the speaker notes relate to comments intended to be made by Apple's in-house and outside counsel. Because the confidential speaker notes comprise the entirety of Exhibit C, the exhibit should be withheld in its entirety.

6.      Exhibits D and F are documents addressing Apple's compliance efforts in this litigation. Exhibit D is an internal "Slack" discussion among non-lawyers and in-house counsel regarding engineering issues related to Apple's compliance efforts in November 2021. That discussion relates to certain Injunction compliance efforts that ultimately were never realized (because the Injunction was subsequently stayed pending appeal) and thus were never made public. Disclosure would reveal Apple's non-public business and legal strategy regarding its initial Injunction compliance plans and efforts. Exhibit F is an extensive slide deck presented to senior-level decisionmakers by in-house counsel and non-lawyers regarding potential business models and legal options for complying with the Injunction in this litigation. Disclosure of this document would reveal non-public information about Apple's business and legal assessments of its Injunction compliance options and efforts, and would provide an advantage to Apple's competitive rivals. Because these business and legal analyses permeate the documents, the exhibits should be withheld in their entirety.

7.      Exhibits E and G are documents related to Apple's regulatory compliance plans and analyses in the Netherlands and the European Union. Exhibit E is a slide deck providing a number of options for Apple's compliance with regulatory changes in the Netherlands relating to dating apps. Exhibit G is a "Quip" document summarizing various considerations related to the monetization model for new App Store features in the European Union. Both of these documents reflect discussions of business strategy and analyses related to ongoing regulatory compliance issues. They contain sensitive, non-public information regarding Apple's analysis of options for complying with new regulations and of the commercial implications of those various options. Because these business and legal analyses

1    permeate the documents, the exhibits should be withheld in their entirety.

2        8.    Apple seeks to partially seal Exhibit H to Epic's Motion because the document contains

3    competitively sensitive, non-public information regarding Apple's engagement of outside counsel in

4    connection with this litigation, as well as Apple's use of certain confidential codenames related to new

5    product developments.    Public disclosure would reveal Apple's internal business decision-making,

6    which could be used by competitors to gain an unfair competitive advantage over Apple.    Exhibit H also

7    contains personally identifiable information in the form of email addresses of Apple employees.    Apple

8    has narrowly-tailored its sealing request as to maximize the public's access to court documents without

9    jeopardizing Apple's business interests.    The remainder of Exhibit H remains unredacted.

10        9.    Below is a chart detailing the portions of the exhibits sealable for the reasons explained

11    herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Entirety of document | Exhibit C to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit D to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit E to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit F to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Entirety of document | Exhibit G to Epic's Motion | Reflects non-public Apple business and legal strategy |
| Redacted email addresses in "Privilege Logs: Publicly Filed Documents" | Exhibit H to Epic's Motion | Reflects personally identifiable information |
| Redacted references to outside counsel in "Privilege Logs: Press Communications | Exhibit H to Epic's Motion | Reflects non-public Apple legal strategy |
| Redacted word in third entry on "Privilege Logs: Scare | Exhibit H to Epic's Motion | Reflects non-public Apple |

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Screens" | | business strategy |
| Redacted word in first entry on "Privilege Logs: Draft Decks" | Exhibit H to Epic's Motion | Reflects non-public Apple business strategy |
| Redacted word in first entry on "Privilege Logs: Business Documents" | Exhibit H to Epic's Motion | Reflects non-public Apple business strategy |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 3rd day of February 2025, in Washington, D.C.


Dated: February 3, 2025                                    Respectfully submitted,


                                                                By: */s/ Mark A. Perry*

                                                                    Mark A. Perry