United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EPIC GAMES, INC.,**<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>**APPLE INC.,**<br><br>Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**ORDER REGARDING EVIDENTARY HEARING AND SPECIAL MASTER REVIEW** |

The parties are familiar with the background of the immediate dispute. As part of the ongoing evidentiary hearing regarding Apple's compliance with this Court's injunction, the Court ordered Apple to produce all injunction-compliance related documents in May 2025. (Dkt. No. 974.) Apple asserted claims of privilege over a substantial portion of relevant documents, roughly 55,000.[1] Subsequent challenges and rulings against Apple resulted in Apple's re-review and the appointment of review by three special masters. (*See* Dkt. Nos. 1074, 1081, 1092, 1105.) Last month, the Court tentatively set the evidentiary hearing to resume on February 24, 2025.

Apple has now completed its re-review and production of documents to both the special masters and Epic Games, Inc. ("Epic") and maintains claims of privilege over 23,716 documents. (Dkt. No. 1151 at 5–6.) As of January 30, 2025, the special masters had ruled on around 5,500 of those documents, leaving over 18,000 for review. (*Id.* at 2, 6.) The special masters have

---

[1] Epic represents that Apple initially withheld around 55,000 documents for privilege after producing just under 100,000 documents. Dkt. No. 1151 at 1.

United States District Court
Northern District of California

1   estimated that it will take them "at a minimum" through February or March to complete their

2   review.  (*Id.* at 6.)[2]

3       Time is of the essence.  While a completed universe of non-privileged, relevant documents

4   would be optimal, the Court recognizes that, should Apple be found to be in violation of the

5   injunction, every day presents further injury to Epic.  In supplemental filings, the parties at least

6   appear to agree that the evidentiary hearing should resume on February 24, 2025, although they

7   disagree as to how and whether certain documents should be prioritized in the special master

8   review so they can be ruled on prior to resuming the hearing.  (*See* Dkt. Nos.1162, 1169.)

9       In light of the parties' submissions and Magistrate Judge Hixson's recommendation this

10  past Friday, January 31, 2025, the Court ORDERS:

11      *First*, assuming the Court is not in trial, the evidentiary hearing will resume on February

12  24, 2025.

13      *Second*, the special master review and production of non-privileged documents to Epic will

14  continue in parallel to the evidentiary hearing.  The Court agrees that designating certain

15  documents for prioritized special master review may be conducive to a more productive use of

16  time at the hearing.  The Court recognizes that Apple has an inherent advantage here, because

17  Apple knows the contents of every document, while Epic must designate in the dark.  Thus, Epic

18  may select 1,000 documents for immediate review by the special masters.  The parties may then

19  agree on a selection process for the balance to be conducted equally.

20      *Third*, as a stopgap for Apple's advantage created by its own delay, the Court will keep the

21  evidentiary hearing open in the event Epic finds a critical document that requires testimony.  All

22  witnesses will not be excused and shall remain under the prior order prohibiting any

23  communication on the issues pending until the Court issues an order to the contrary.  The Court

24  will also consider, as the parties' supplemental filings suggest, the filing of any additional

25  documents produced after the hearing date.

26

27      [2] Epic notes that the special masters' current pace suggests their review would not be
28  complete until April at the earliest.  Dkt. No. 1151 at 3.

*Fourth*, as set forth in this Court's order dated December 31, 2024 (Dkt. No. 1095), Apple's over-designation of privilege was inconsistent with Ninth Circuit law and was the source of the current delay.  Sanctions are warranted.  While the Court at this stage declines Epic's invitation to bar Apple's ability to claim any privilege, it believes the dual tracking is the most productive.  The Court will consider what sanctions are warranted in the context of a full record and its overall findings.

**IT IS SO ORDERED.**

Dated: February 4, 2025

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**