# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short Responses to Apple's Objections to the Special Masters' rulings ("Objections"), which were filed on January 31, 2025. (Dkt. 1158.)

- <u>Entry Nos. 1808, 1809 and 1815</u>—Entry Nos. 1808 (titled "External Link Account Entitlement Addendum") and 1809 ("Distributing reader apps with a link to your website – Support – Apple Developer") are both drafts attached to an e-mail where the top e-mail in the chain is from Ling Lew, Apple counsel, to multiple non-legal staff. Apple seeks to withhold both in their entirety. Apple's privilege claims over the parent email—which it says contains descriptions of changes made by counsel—were sustained by the reviewing Special Master. But Apple's privilege claims as to the attachments suggest merely that they "reflect" legal advice in some portions (for No. 1808, Apple actually refers to "redacted text", even though Apple seeks to withhold the document entirely). As Epic noted before, virtually every Apple document probably "reflects" some legal advice; the question at issue is whether the particular document actually *discloses* the content of that legal advice. The Special Master determined that the attachments do not disclose the content of legal advice, and based on Apple's descriptions in the privilege log, Epic sees no reason to disturb that ruling.[1]

---

[1] Apple now claims in its objection that certain highlights may identify changes made by an attorney. But that assertion was not made to the Special Masters and is thus waived.

Entry No. 1815 appears to be another version of Entry No. 1808, and the same rationale applies.

- <u>Entry Nos. 1973, 1974, 1975 and 1976</u>—These documents are screenshots attached to a parent email from a non-lawyer to counsel. Apple sought to withhold them in their entirety. As Apple admits, these documents are related to online forms for developers in the Netherlands and Korea—a topic that is predominantly business-related. To the extent certain portions of these attachments *disclose* "review and feedback" from counsel, as Apple now claims (Dkt. 1158 at 3), Epic believes that these should be appropriately and narrowly redacted, to the extent possible.

DATED: February 4, 2025

CRAVATH, SWAINE & MOORE LLP
By: <u>/s/ Yonatan Even</u>
*Counsel for Plaintiff Epic Games, Inc.*