UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's fourth production of re-reviewed and privileged documents produced on January 14, 2024 (Dkt. 1160).  We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery.  As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Attachments to Privileged Communications (Entry Nos. 1580 (PRIV-APL-EG_00139217), 1581 (PRIV-APL-EG_00139242), 1582 (PRIV-APL-EG_00139256), 1583 (PRIV-APL-EG_00139288), 1584 (PRIV-APL-EG_00139294), 1585 (PRIV-APL-EG_00139320), 1586 (PRIV-APL-EG_00139330), 1587 (PRIV-APL-EG_00139365), 1588 (PRIV-APL-EG_00139408), 1589 (PRIV-APL-EG_00139414), 1593 (PRIV-APL-EG_00139535))**

Epic objects to the Special Masters' upholding of Apple's privilege assertion over certain attachments in an email from Matt Gessesse (in-house counsel) to a senior non-lawyer regarding the non-lawyer's upcoming testimony before the European Commission regarding an investigation and legal proceeding related to Apple's rules on the App Store for music streaming (Entry No. 1579 (PRIV-APL-EG_00139210)). Epic asserts, as it has in past filings, that the attachments to that admittedly privileged email must be produced because the documents are already public. Dkt. 1160, at 1. Epic does not address the extensive authority previously cited by Apple holding otherwise, *see* Dkt. 1144, at 2–3, and cites no authority of its own.

By way of recap, it is the settled and prevailing rule that an attachment to a privileged communication may be privileged even if the attachment by itself is non-privileged or even public. *See Linet Ams., Inc. v. Hill-Rom Holdings, Inc.*, 2024 WL 3425795, at *16 (N.D. Ill. July 15, 2024) (surveying law and agreeing that "attachments to privileged communications can properly be withheld as part of an attorney client privileged communication, at least in some instances"); *see also Am. W. Bank Members, L.C. v. Utah*, 2022 WL 103736, at *9 (D. Utah Jan. 11, 2022); *Willis Elec. Co. v. Polygroup Trading Ltd.*, 2021 WL 568454, at *7 (D. Minn. Feb. 16, 2021); *In re Martinez Sampedro*, 2020 WL 8922834, at *2 (D. Conn. Mar. 2, 2020); *Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018); *Rainey v. Plainfield Cmty. Consol. Sch. Dist. No. 202*, 2009 WL 1033654, at *2 (N.D. Ill. Apr. 16, 2009). That is because "[t]he attorney-client privilege protects communications between attorneys and their clients even when the facts being conveyed may themselves be unprivileged." *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015). There is little question that an email sent to a witness preparing for testimony in an ongoing investigation and regulatory proceeding is for the primary purpose of providing legal advice in connection with that testimony. And materials provided to that witness for the express purpose of preparing that witness for their testimony are an integral part of that legal advice.

Apple also asserted work product over these documents, which provides an independent basis for withholding them. Courts in the Ninth Circuit follow the rule that "[d]iscovery of an attorney's selection and compilation of documents is prohibited to the extent it would reveal an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." *Cent. Valley Chrysler-Jeep v. Witherspoon*, 2006 WL 2600149, at *3 (E.D. Cal. Sept. 11, 2006) (cleaned up); *see also Kalter v. Keyfactor, Inc.*, 2022 WL 16985062, at *3 (S.D. Cal. Nov. 16, 2022) ("The Court concludes that RFP Nos. 50 and 52 seek protected work product because identification and production of the specific documents used by Plaintiff's counsel in preparing responses to Defendant's RFAs and Special Interrogatories would reveal counsel's mental process in preparing Plaintiff's case."); *Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *8 (S.D. Cal. Feb. 2, 2016) (holding that the work product doctrine "protect[s] the handful of documents Defendant's counsel specifically selected from thousands of pages to review with the witnesses before their depositions" (cleaned up)); *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 564 (C.D. Cal. Feb. 5, 2003) ("[T]he

selection of documents does convey information about an attorney's mental impressions or strategy pertaining to a case, and therefore constitutes opinion work product, although the extent to which it does so varies from case to case."). Here, these materials were part of prep materials provided to a witness presenting testimony related to an ongoing regulatory investigation and proceeding. The selection of those documents comprises work product and is protected.[1]

---

[1] Judge Gonzalez Rogers previously observed that "the choosing of a non-privileged document to review for testimony does not create a privilege." Dkt. 1095, at 3. The Court did not, however, address the issue of work product.

**European Commission Music Streaming Investigation Email (Entry No. 1578 (PRIV-APL-EG_00139200))**

Epic objects to the Special Masters' sustaining of Apple's privilege assertions over an email chain with several non-lawyers and Matt Gessesse (in-house counsel) about preparation for a non-lawyer's testimony before the European Commission regarding an investigation and legal proceeding related to Apple's rules on the App Store for music streaming (the same subject matter as Entry No. 1579 (PRIV-APL-EG_00139210), discussed above). The majority of the thread is a discussion between the non-lawyer presenting testimony and Mr. Gessesse regarding materials for the non-lawyer in preparation for the testimony. Only the last email in the chain is sent from a different non-lawyer, and the content of the email is expressly "[b]ased on [the non-testifying non-lawyer's] discussion with" Mr. Gessesse regarding the points discussed earlier in the thread. Because this document comprises attorney-client discussions in preparation for testimony in an ongoing proceeding and information prepared at the direction of counsel related to that testimony, it is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (privilege attaches when "legal advice of any kind is sought"); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege.").

**Epic Injunction Compliance (Entry No. 1803 (PRIV-APL-EG_00142689))**

Epic challenges the Special Masters' ruling over an email chain it describes as "discussing the timeline for Apple's response to the injunction issued by the district court." Dkt. 1160, at 1–2. Although there is a discussion regarding the timeline—between Sean Cameron (in-house counsel) and non-lawyers based on advice from "litigation"—much of the discussion with Mr. Cameron concerns (1) the terms of the Injunction, (2) the "Interpretation" of the Injunction, and (3) "Next steps" for Injunction compliance. The emails from non-lawyers are in response to and in furtherance of Mr. Cameron's advice regarding Apple's plan for complying with the Injunction in this lawsuit. *See Sanmina*, 968 F.3d at 1116; *ChevronTexaco*, 241 F. Supp. 2d at 1076. The email is squarely within the scope of the attorney-client privilege and was properly withheld.

**Email Chain re Notarization (Entry No. 2001 (PRIV-APL-EG_00145056))**

Epic challenges the Special Masters' ruling regarding an email chain initiated by Sean Cameron (in-house counsel) regarding new Guidelines and developer materials related to "notarization"—a process relevant to changes Apple made in response to the DMA. Kyle Andeer (in-house counsel) also provides input regarding the scope and needs of the project. Mr. Cameron participates throughout the chain, responding to comments and questions from non-lawyers and discussing the status of the project. As the director of the project, Mr. Cameron's legal advice and oversight permeates the email chain, which is therefore appropriately withheld as privileged.

DATED: February 4, 2025

WEIL, GOTSHAL & MANGES LLP
By: /s/ Mark A. Perry
*Counsel for Defendant Apple Inc.*