UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 (Dkt. 1167). We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry Nos. 1811 (PRIV-APL-EG_00044612), 1844 (PRIV-APL-EG_00045236), 1929 (PRIV-APL-EG_00045963), 1930 (PRIV-APL-EG_00045970), 1931 (PRIV-APL-EG_00045971), 1828 (PRIV-APL-EG_00044907), 1829 (PRIV-APL-EG_00044911), and 1830 (PRIV-APL-EG_00044912)**

Entry No. 1811 (PRIV-APL-EG_00044612) is an email chain initiated by a non-lawyer addressed directly to three in-house counsel (Ling Lew, Jason Cody, and Candace Martin) seeking their "guidance" on a recommendation to senior decisionmakers about privacy considerations for certain new features on the App Store. Another in-house counsel (Nicole Ewart) then joins the thread and contributes thoughts from the perspective of "Privacy Legal." While non-lawyers participate in the discussion as well, the thread is primarily and principally an exchange between those non-lawyers and Ms. Ewart regarding the privacy issues being discussed. Because the thread consists of information sent to lawyers in confidence in pursuit of legal advice and of legal advice provided in response, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) ("The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures.").

Entry No. 1844 (PRIV-APL-EG_00045236) is an email chain initiated by Jason Cody (in-house counsel) to outside counsel (cc'ing non-lawyers from Apple) to discuss tax implications and related issues for new App Store services and features in the European Union. After some preliminary discussions with outside counsel regarding the questions and scope of work, outside counsel is removed from the thread and the conversation continues among Mr. Cody and Apple non-lawyers regarding the advice received from outside counsel and additional points for follow-up with outside counsel. At the very top (i.e., the end) of the email thread, two non-lawyers discuss scheduling additional calls with outside counsel and Mr. Cody. The entire thread is therefore for the purpose of requesting, receiving, or discussing legal advice from outside and in-house counsel regarding tax issues. It is accordingly privileged. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."); *see also Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (privilege extends to "communications between nonlegal employees where . . . an employee discusses her intent to seek legal advice about a particular issue").

Apple agrees to produce Entry No. 1929 (PRIV-APL-EG_00045963) and its attachments, as well as Entry No. 1828 (PRIV-APL-EG_00044907) and its attachments, in their entirety without redaction.

| | |
|---|---|
| DATED: February 5, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |