UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTERS' RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's second production of re-reviewed and privileged documents produced on December 30, 2024 and Apple's third production of re-reviewed and privileged documents produced on January 6, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 2015 (PRIV-APL-EG_00047167) on the December 30, 2024 Privilege Log**

**Entry No. 2015 (PRIV-APL-EG_00047167)** is a draft addendum to the Apple Developer Program License Agreement for external purchases drafted by Apple in-house counsel. Entry No. 2015 was attached to Entry No. 2014 (PRIV-APL-EG_00047165), which is a message thread between Apple in-house counsel and two non-lawyers discussing draft documents for introducing new App Store services in order to comply with the Injunction in this case. Apple in-house counsel explicitly notes in the parent document that the attachment, Entry No. 2015, is a draft addendum (i.e., a legally binding contract) subject to review and change. The document, drafted by in-house counsel, constitutes attorney work product created in furtherance of this litigation. As a draft version of a document prepared by an attorney that is now being shared with the attorney's client, Entry No. 2015 should also be regarded as a privileged attorney-client communication. "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege."). As such, the document was appropriately withheld for privilege.

**Entry No. 2023 (PRIV-APL-EG_00047225) on the December 30, 2024 Privilege Log**

**Entry No. 2023 (PRIV-APL-EG_00047225)** is an image of a draft entitlement application to be used by developers of dating apps published in the Netherlands. The image was attached to a message thread on Slack, Entry No. 2022 (PRIV-APL-EG_00047220), in which Apple in-house counsel discusses changes to this draft application with a non-lawyer. More specifically, within the message thread, Apple in-house counsel conveys certain requirements for the entitlement application and the non-lawyer provides the image reflected in Entry No. 2023. After receiving the image, the Apple in-house attorney suggests a change and the non-lawyer confirms that the change will be implemented. As such, the image constitutes information shared with in-house counsel for the purpose of obtaining legal advice. It should be withheld as part of a privileged attorney-client communication. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege.").

**Entry No. 2272 (PRIV-APL-EG_00049858) on the December 30, 2024 Privilege Log**

**Entry No. 2272 (PRIV-APL-EG_00049858)** is a draft amendment (Schedules 2 and 3) to the Developer Program License Agreement entered into between Apple and developers of iOS apps.

The parent email for Entry No. 2272 (Entry No. 2269 (PRIV-APL-EG_00049808)) is an email from Apple in-house counsel to two non-lawyers sharing both clean and redlined versions of the same document. Entry No. 2272 is one of the "clean" drafts of this document that was shared via the parent email. Special Master Segal deemed the parent email properly withheld for privilege because it contains legal advice from in-house counsel. Special Master Segal also upheld Apple's privilege assertion over the entirety of Entry No. 2271 (PRIV-APL-EG_00049838), another attachment to Entry No. 2269, that is identical to Entry No. 2272. As a draft legal document sent to a client for review, Entry No. 2272 is privileged. *See Se. Pa. Transp. Auth. v. Carmarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008) ("Preliminary drafts of contracts are generally protected by attorney/client privilege, since they reflect not only client confidences, but also legal advice and opinions of attorneys, all of which is protected by the attorney/client privilege." (cleaned up)); *see also Barnes-Wallace*, 2002 WL 35646619, at *4; *Diversey U.S. Holdings*, 1994 WL 71462, at *1. Special Master Segal's ruling with respect to Entry No. 2271 was correct and should apply equally to the identical Entry No. 2272.

**Entry No. 337 (PRIV-APL-EG_00067531) on the January 6, 2025 Privilege Log**

**Entry No. 337 (PRIV-APL-EG_00067531)** is a Slack document in which a number of Apple employees, both in-house counsel and non-lawyers, discuss language choices for materials to be published as part of the link entitlement program. In these messages, Alex Chai, Norita Mengu, Ling Lew, and Nicole Mirchandani, all either Apple in-house counsel or lawyers on secondment at Apple at the time these messages were sent, discuss the optimal language for use in these materials. These same lawyers also respond with legal advice to questions from non-lawyers at Apple regarding the language to be used in these materials. As such, this document reflects privileged communications between attorneys and their clients, containing both provisions of and requests for legal advice. These communications were appropriately withheld as privileged.

DATED: February 5, 2025

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*