UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's second and third productions of re-reviewed and privileged documents produced on December 30, 2024 and January 7, 2025 (Dkt. 1178). We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**<u>Outside Counsel Communications and Drafts (Entry Nos. 194 (PRIV-APL-EG_00066447) and 195 (PRIV-APL-EG_00066449) from Apple's January 7, 2025 Privilege Log)</u>**

Epic seeks disclosure of Entry Nos. 194 (PRIV-APL-EG_00066447) and 195 (PRIV-APL-EG_00066449) based on a misapprehension of the content of the parent email and the attachment.[1] Entry No. 194 (PRIV-APL-EG_00066447) is an email from a non-lawyer responding to an email from outside counsel in which *outside counsel* provides "background talking points" regarding possible public responses to Apple's compliance with the DMA (Entry No. 195 (PRIV-APL-EG_00066449). It is not accurate, then, that the talking points were "drafted by Apple communications personnel," nor that outside counsel was simply "review[ing]" the talking points—outside counsel *actually drafted* these talking points and shared them with Apple for review and consideration. And as Apple has noted before (and Epic has never disputed), a "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). The "reasons" that these draft talking points are available only in this communication are therefore not "unclear"—they were drafted by outside counsel and sent by outside counsel to members of Apple's public communications team. They were attached to an email *from* Apple's public communications team only because a new recipient was added to the thread. This is not a situation where outside counsel was kept "in the loop"—the email and attachment are a core attorney-client privileged communication.

Although largely moot—because Epic's misunderstanding of the nature of Entry Nos. 194 and 195 renders its objection misplaced—Epic is also wrong that "sending an otherwise unprivileged document to a lawyer, even to obtain legal advice, does not render the underlying document itself privileged." Dkt. 1178, at 3. That is true as to *other* copies of the document, but as Apple has explained with reference to case law (to which Epic has never responded), the attorney-client "privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024), and otherwise non-privileged documents may be withheld as privileged when they are part of a communication seeking legal advice from a lawyer, *see Linet Ams., Inc. v. Hill-Rom Holdings, Inc.*, 2024 WL 3425795, at *16 (N.D. Ill. July 15, 2024); *Am. W. Bank Members, L.C. v. Utah*, 2022 WL 103736, at *9 (D. Utah Jan. 11, 2022); *Willis Elec. Co. v. Polygroup Trading Ltd.*, 2021 WL 568454, at *7 (D. Minn. Feb. 16, 2021); *In re Martinez Sampedro*, 2020 WL 8922834, at *2 (D. Conn. Mar. 2, 2020); *Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018); *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015); *Rainey v. Plainfield Cmty. Consol. Sch. Dist. No. 202*, 2009 WL 1033654, at *2 (N.D. Ill. Apr. 16, 2009).

---

[1] Epic's objections contain gratuitous arguments regarding the propriety of Apple's compliance efforts with the DMA, a recently enacted statute in the European Union that is not the subject of this proceeding. Dkt. 1178, at 2. Apple's compliance efforts with the DMA are at best tangentially relevant to this proceeding, but in any event, the purported relevance of a document is no basis for overriding the attorney-client privilege. *See Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) ("[T]he privilege cannot be overcome by a showing of need . . . .").

**Developer Communications (Entry Nos. 38 (PRIV-APL-EG_00064782), 91 (PRIV-APL-EG_00065397), 123 (PRIV-APL-EG_00065667), 124 (PRIV-APL-EG_00065673), and 88 (PRIV-APL-EG_00065371) from Apple's January 7, 2025 Privilege Log)**

Entry No. 38 (PRIV-APL-EG_00064782) is draft of developer-facing communications—specifically, a website update to developers about the new entitlement implemented in response to the Injunction, an email to developers regarding the same, and a support page for developers explaining the new entitlement—sent to Ling Lew (in-house counsel) for review and comment. The parent email (Entry No. 37 (PRIV-APL-EG_00064772) is an exchange between Ling Lew (in-house counsel) and various non-lawyers regarding these draft developer-facing communications. Apple redacted (and the Special Masters upheld) certain portions of that conversation in which either Ms. Lew is providing feedback on the draft communications or non-lawyers are responding to comments from Ms. Lew regarding the communications. In the second to last email (i.e., the email second from the top), a non-lawyer responds to Ms. Lew's most recent comments by attaching a new version and noting several changes made as a result of the discussion. In the final email (i.e., the email at the top), a non-lawyer forwards the chain to other non-lawyers. Accordingly, while no lawyer is on the final email logged in the privilege log, the email and attachment being forwarded are part of an exchange with counsel seeking and providing legal advice. Under settled precedent (which Epic has not addressed), such a document is properly withheld as privileged. *See Willis Elec. Co.*, 2021 WL 568454, at *7 (applying privilege to "specific documents [that] were sent to counsel in connection with a request for legal advice"); *In re Martinez Sampedro*, 2020 WL 8922834, at *2 (D. Conn. Mar. 2020) (upholding privilege where "each document, standing alone, may not contain privileged information, in this context, they were properly withheld as privileged because they constitute information communicated to an attorney in connection with obtaining or rendering legal advice").

With respect to Entry No. 91 (PRIV-APL-EG_00065397), Epic is correct that the top email in the chain itself does not include a lawyer, but that final email merely forwards (without commentary) an exchange between Jennifer Brown (in-house counsel) and a non-lawyer from Apple's communications team regarding draft public relations materials related to the Injunction in this lawsuit. Although there are other non-lawyers cc'ed on the email thread, the entire exchange is between Ms. Brown and the non-lawyer providing the public relations materials. A request for legal advice and responsive legal advice regarding public-facing materials regarding compliance with a Court-ordered injunction is privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (applying privilege to "communications for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations"); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."

Entry No. 123 (PRIV-APL-EG_00065667) is an email in which a non-lawyer provides a draft Q&A to be used following the launch of the new entitlement in response to the Injunction. Apple agrees the parent email (Entry No. 123) may be produced without redaction. Entry No. 124 (PRIV-APL-EG_00065673), however, is the attached Q&A, which the parent email explains was drafted by extensive reference to draft legal filings related to Injunction compliance. As indicated in the parent email, the substantial majority of the content in the Q&A is pulled "directly" from

draft legal filings.  The attachment therefore reflects privileged advice from attorneys regarding Apple's changes in response to the Injunction and is appropriately withheld as privileged.

      Entry No. 88 (PRIV-APL-EG_00065371) is a report regarding media coverage of new App Store features available in Korea.  Apple agrees the document may be produced without redaction.

**Other Documents (Entry Nos. 2167 (PRIV-APL-EG_00048697), 2168 (PRIV-APL-EG_00048709), 2169 (PRIV-APL-EG_00048711), 2205 (PRIV-APL-EG_00049292), 2206 (PRIV-APL-EG_00049301), and 2207 (PRIV-APL-EG_00049302) from Apple's December 30, 2025 Privilege Log; Entry Nos. 492 (PRIV-APL-EG_00069555), 493 (PRIV-APL-EG_00069559), and 523 (PRIV-APL-EG_00069945) from Apple's January 7, 2025 Privilege Log)**

Entry No. 523 (PRIV-APL-EG_00069945) is an email thread initiated by a non-lawyer addressed to Jennifer Brown (in-house counsel), Ling Lew (also in-house counsel), and other members of the "Team." The content of the email is a discussion regarding changes to certain aspects of Apple's response to the Injunction based on a discussion with executive leadership. The "FEEDBACK" being sought therefore is from lawyers. The fact that the request was spurred on by comments from executive leadership does not render the request for legal advice—or the responsive legal advice from lawyers—non-privileged. *See Chen*, 99 F.3d at 1501.

Entry No. 2167 (PRIV-APL-EG_00048697) is an email thread initially between Takuto Komatsu, Sean Cameron, Jason Cody, Sean Dillon, and Charles Soon (all in-house legal), as well as two non-lawyers, regarding updates to the Developer Program License Agreement ("DPLA")—the legally binding contract Apple enters into with all iOS developers—and translations of the DPLA for other jurisdictions. In the last two emails in the chain, June Orlowski (a non-lawyer who works as a project manager for the legal department) forwards the thread and discussion to two non-lawyers and requests that the non-lawyers implement the legal advice discussed in the thread. The two attachments (Entry Nos. 2168 (PRIV-APL-EG_00048709) and 2169 (PRIV-APL-EG_00048711) reflect the non-lawyers' implementation of the legal advice. Because the parent email and the attachments directly reflect legal advice and implementation of that legal advice, they are privileged.

Entry No. 492 (PRIV-APL-EG_00069555) is an email from a non-lawyer responding to a series of four emails all sent by Kyle Andeer (in-house counsel) regarding discussions between Apple's legal team and the European Commission (a regulatory body in the European Union) regarding Apple's compliance with the DMA. The emails from Mr. Andeer discuss Apple's legal strategy for engaging with the European Commission and provide a summary and analysis of a meeting between Apple legal and the European Commission regarding Apple's DMA compliance. The attachment (Entry No. 493 (PRIV-APL-EG_00069559)) is not, as Epic asserts, "notes from an executive or business meeting." Dkt. 1178, at 4. Instead, the notes are from Mr. Andeer's and other lawyers' meeting with members of the European Commission providing "a summary of the case team's reactions" to the meeting. The parent email and the attachment comprise advice and analysis from in-house legal counsel about Apple's regulatory compliance and its discussions with regulators, and therefore are privileged.

Entry No. 2205 (PRIV-APL-EG_00049292) is an email thread among Sean Cameron, Ling Lew, and Jennifer Brown (all in-house counsel) with several non-lawyers regarding the staging and timing for the new entitlement changes implemented as part of Apple's compliance with the Injunction.[2] Although the subject line references "[Notes]," the attachments to the top email (Entry

---

[2] At some point, Ms. Brown appears to have been removed from the thread.

Nos. 2206 (PRIV-APL-EG_00049301) and 2207 (PRIV-APL-EG_00049302)) are two images of the planned changes to Apple's Guidelines, which Ms. Lew indicates need to be shared with "outside counsel" to prepare for filings with the Court. The thread itself is therefore a discussion with counsel regarding the preparation for Apple's compliance with the Injunction, and the attachments are materials prepared for and at the direction of outside counsel. The documents are privileged.

Case 4:20-cv-05640-YGR    Document 1183    Filed 02/07/25    Page 7 of 7

DATED: February 7, 2025                    WEIL, GOTSHAL & MANGES LLP
                                           By: */s/ Mark A. Perry*
                                           *Counsel for Defendant Apple Inc.*