UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short responses to Apple's Objections to the Special Masters' rulings ("Objections"), filed on February 5, 2025. (Dkt. 1180.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections based on the limited information provided in Apple's privilege logs for the documents and their families.

- Entry No. 2015 (PRIV-APL-EG_00047167)—Apple claims Entry No. 2015 is a draft addendum to Apple's Developer Program License Agreement for the link entitlement program. In its Objections, Apple first claims the document "constitutes attorney work product created in furtherance of this litigation". That assertion clearly has no basis. The document appears to have been created around June 2023, nearly two years *after* the Injunction was issued. Apple's work on the link entitlement program was done *in response to the outcome* of this litigation, and presumably not "in furtherance" of future contempt proceedings.

    Apple next claims in its Objections that the document itself constitutes advice of counsel because it was "drafted by in-house counsel . . . [and is] a draft version of a document prepared by an attorney that is now being shared with the attorney's client". But Apple's privilege log does not suggest that the document was drafted by an attorney, and even in its Objections Apple does not identify the attorney who supposedly drafted the document (or when it was drafted by that attorney, or how many revisions made by business personnel are reflected in this current version). As Apple's own cited authority notes, the party

asserting privilege "has an obligation to produce a privilege log containing sufficient information to allow both [the other party] and the Court to evaluate the claim of privilege". *See Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002). Apple cannot now assert privilege based on a factual claim it never presented to the Special Master in its privilege log.

- Entry No. 2023 (PRIV-APL-EG_00047225)—Apple maintains that this document is a draft entitlement application for dating app developers in the Netherlands. The document was attached to a message thread among legal and non-legal personnel. Apple sought to withhold that message thread in its entirety, but the Special Master found it to be only partially privileged—a ruling Apple is not challenging. (Entry No. 2022.) Apple claims in its Objections that "Apple in-house counsel conveys certain requirements for the entitlement application and the non-lawyer provides the image reflected in Entry No. 2023". Apple does not state in its Objections (and certainly did not state in its privilege log) whether the image was created in response to the information conveyed by the attorney, or whether it was a pre-existing image; instead, its privilege log claims only that the image is "related to" legal advice. Overall, Apple's privilege claim is unclear, and as far as Epic can tell without access to the document, does not seem well founded.

- Entry No. 2272 (PRIV-APL-EG_00049858)—Apple represents that this document is a draft amendment to the "Schedules" of the Developer Program License Agreement. To the extent this document was in fact drafted and sent by counsel and constitutes a preliminary draft of a contract provision, Epic does not challenge Apple's assertion of privilege over this document.

- Entry No. 337 (PRIV-APL-EG_00067531)—This is apparently an internal chat among lawyers (Alex Chai, Ling Lew, Norita Mengu, Nicole Mirchandani) and non-lawyers discussing the language for materials published as part of the link entitlement program. Apple does not provide—either in its privilege log or in its Objections—any information as to the identity, the number, or the roles of the non-lawyers involved in this conversation. A discussion of "optimal language for use" in public-facing materials is by no means inherently primarily legal in nature, and Apple's sparse privilege description does not suggest that the *primary* purpose of this chat was to seek legal advice. Nothing in Apple's Objections justifies withholding this document in its entirety.

DATED: February 7, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*