UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's third and fifth productions of re-reviewed and privileged documents produced on January 6 and January 22, 2025, respectively. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry Nos. 9349 (PRIV-APL-EG_00242871), 9350 (PRIV-APL-EG_00242877), 9376 (PRIV-APL-EG_00243126), 9377 (PRIV-APL-EG_00243132), 9380 (PRIV-APL-EG_00243145), 9381 (PRIV-APL-EG_00243151), 9485 (PRIV-APL-EG_00244062), and 9486 (PRIV-APL-EG_00244070) on the January 14, 2025 Privilege Log.**

These documents are drafts of legal documents—specifically, addenda to Apple's developer contract—prepared and revised by counsel.

**Entry Nos. 9349 (PRIV-APL-EG_00242871), 9350 (PRIV-APL-EG_00242877), 9376 (PRIV-APL-EG_00243126), 9377 (PRIV-APL-EG_00243132), 9380 (PRIV-APL-EG_00243145),** and **9381 (PRIV-APL-EG_00243151)** are various drafts of a document authored by attorneys entitled "External Link Account Entitlement Addendum for Reader Apps." This is a draft addendum to the Developer Program License Agreement—the contract that all iOS developers enter into with Apple. The parent documents for these entries (PRIV-APL-EG_00242870, PRIV-APL-EG_00243123, and PRIV-APL-EG_00243144 respectively) are emails from Ling Lew (in-house counsel) to a number of Apple employees describing changes to the documents as well as noting that the documents are clean copies containing the revisions counsel has been working on. Special Master Walsh deemed the parent emails properly redacted for privilege, because they contain legal advice from in-house counsel. That legal advice is directly reflected in the documents, as the drafts were authored and revised by attorneys. "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Se. Pa. Transp. Auth. v. Carmarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008) ("Preliminary drafts of contracts are generally protected by attorney/client privilege, since they reflect not only client confidences, but also legal advice and opinions of attorneys, all of which is protected by the attorney/client privilege." (cleaned up)); *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege."). As all of these documents are working drafts reflecting legal advice that are being sent to a client for consideration, they constitute privileged attorney-client communications and should be withheld.

Similarly, **Entry Nos. 9485 (PRIV-APL-EG_00244062), and 9486 (PRIV-APL-EG_00244070)** are drafts of a document authored by attorneys titled "StoreKit External Purchase Entitlement Addendum for Netherlands Dating Apps." This is the draft addendum to the Developer Program License Agreement that iOS developers for dating apps in the Netherlands must enter into with Apple. The parent document for these entries (PRIV-APL-EG_00244055) is an email chain between a senior non-lawyer and various Apple in-house attorneys discussing the changes made to the document by the legal team and ultimately approved by the non-lawyer. The Special Masters upheld Apple's privilege assertion over the parent email. As noted above, drafting legal documents is a core activity of lawyers and is properly protected by attorney-client privilege. *See Se. Pa. Transp. Auth.*, 254 F.R.D. at 258; *Barnes-Wallace*, 2002 WL 35646619, at *4. As such, these documents, which are working drafts containing legal advice, are properly withheld.

**Entry No. 727 (PRIV-APL-EG_00072541) on the January 6, 2025 Privilege Log.**

**Entry No. 727 (PRIV-APL-EG_00072541)** is a compilation of key quotations and passages from the Court's Rule 52 order on the merits after trial. It was drafted by Julian W. Kleinbrodt, a then-associate at Gibson, Dunn & Crutcher LLP. As detailed in the attached declaration from Mr. Kleinbrodt, the document was drafted in the immediate aftermath of the Court's ruling in order to offer legal advice and analysis to Apple regarding the implications of and conclusions in the Court's ruling. Because this compilation consists of "legal opinions and communications made to the client to keep the client informed of legal developments," it is privileged. *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023); *see also Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"). The document therefore is privileged and should be withheld.

**Entry No. 738 (PRIV-APL-EG_00072619) on the January 6, 2025 Privilege Log.**

Entry No. 738 is a chart comparing foreign regulatory requirements in different markets, including a summary of United States requirements. The document was sent by in-house counsel and provides analysis relevant to Apple's compliance with various regulatory and judicial requirements. In the parent email, Entry No. 737 (PRIV-APL-EG_00072617), Apple in-house counsel Sean Cameron forwards the attachment from in-house counsel Ling Lew to a non-lawyer as well as outside counsel. This communication for the purpose of providing legal advice is privileged. *See Labbe*, 2023 WL 5672950, at *4; *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."). The document therefore is privileged and should be withheld.

DATED: February 10, 2025  WEIL, GOTSHAL & MANGES LLP

By: */s/ Mark A. Perry*
   Mark A. Perry

*Counsel for Defendant Apple Inc.*