UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 4, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 4, 2025, regarding Apple's production of re-reviewed documents.

As noted previously, Epic is limiting its objections to documents that it believes may be of importance for the forthcoming evidentiary hearings; Epic is forgoing objections to many other documents Epic believes were improperly withheld but appear to be of limited utility. (Dkt. 1178 at 1.) Epic does not have access to the documents and is therefore unable to fully assess their utility or the bases on which Apple claims privilege. Epic therefore predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Predominantly Non-Legal Emails (Entry Nos. 636, 637, 648, 662, 663, 666, 667, 2307, 2452, 2505, 2506, 2507, 2508, 2509, 2510, 2511, 2512, 2513, 2522, 2523, 2524, 2525, 2526, 2527 9203, 9307, 9314, 9327, 9329, 9346, 9400, 9596 and 9601)**

Entry No. 648 (PRIV-APL-EG_00071742) is an email from non-lawyer JuJu Guo, who works in International Indirect Tax at Apple, to Jocelyn Krabbenschmidt, a Tax Director; a group

of four Apple personnel are copied, only one of whom is an attorney.  The privilege description notes that this email is about "injunction compliance analysis of commission rate"—a key issue in the underlying contempt proceedings and, specifically, a focus of Judge Gonzalez Rogers's May 31, 2024 Discovery Order.  *See* Hr. Tr. 915:11-13 ("I need to understand what it was people were thinking and how you got to 27 percent charge from a 30 percent charge that had been found to be anticompetitive.").  The subject of the email and the privilege description are not indicative of an inherently *legal* discussion, as opposed to one that is business-related—especially considering that only one counsel was copied on the email.  *See* Hr'g Tr. 446:14-16 ("[R]egardless if you have an attorney sitting there, when you're talking about financial information, that's not legal advice").  Based on this information, this document does not appear to be privileged.

Entry No. 662 (PRIV-APL-EG_00071833) is an email conveying a regulatory Request for Information ("RFI") from the Korean Regulator in charge of enforcing Apple's obligation, under Korean law, to allow alternatives to IAP in Korea.  The RFI concerns "Commission Rates"—a *business* issue that, as noted above, is a key topic in the contempt proceedings.  Although Apple's privilege log claims the sender of the email, Marielena Macias-Gutierrez, is in-house counsel, Ms. Gutierrez does not in fact appear to be a lawyer; her LinkedIn profile describes her as a Legal Project Manager, she does not appear to have a graduate legal degree, and her name does not appear on Apple's glossary of lawyers.  Moreover, Apple's privilege log makes clear that Ms. Gutierrez does *not* provide any legal advice or disclose any request for legal advice in the email; rather, Apple claims the email chain is "*related to* information for the purpose of rendering legal advice" by *other* in-house counsel who are merely copied on the chain.  The email was sent primarily to two engineers, copying non-legal engineering, analytics and pricing professionals, in addition to the abovementioned in-house counsel.  Entry No. 666 (PRIV-APL-EG_00071853) is then a subsequent email in the same chain, this time sent by Donna Gih to Raahul Venkat—both of whom appear to be engineering or analytics professionals—and copying a group of eighteen recipients, most of whom are also non-lawyers.  Additional privilege context provided in the privilege log shows that Apple's analysts were working to collect data, presumably in response to the regulatory RFI mentioned above.  In short, nothing about Apple's privilege log suggests the chain discloses the content of any legal advice or the content of a request for legal advice; instead, it appears an Apple paralegal (Ms. Martinez) forwarded to its analytics team a request for information emanating not from Apple's lawyers, but from an outside regulator.  Apple may have ultimately requested or obtained legal advice about the business information that was collected in response to this chain, but that does not render the information itself, or its collection process, privileged.  Instead, it is "[t]he legal advice requested of counsel, and the advice provided, [that] are privileged, but that's it".  (Dkt. 1056 at 1.)  Finally, the image attached to Entry No. 666, Entry No. 667 (PRIV-APL-EG_00071859), should not be withheld for the same reasons.[1]

Entry No. 2307 (PRIV-APL-EG_00050545) is an email from Fred Sainz, a press and communications professional, to Carson Oliver, non-lawyer Senior Director of Business Management, App Store, Ann Thai, non-lawyer Worldwide Product Director of the App Store, and Sean Cameron, Apple in-house counsel.  The subject indicates that Mr. Sainz is forwarding a

---

[1] Entry Nos. 636 (PRIV-APL-EG_00071569) and 637 (PRIV-APL-EG_00071575) appear to be earlier emails in the same chain.  They also should not be withheld.

2

notice about Apple's appellate filings to business and legal personnel. Apple claims both attorney-client privilege and attorney work product protection. However, Apple's assertion of attorney-client privilege is unsupported because the description of the document does not mention any request for or actual legal advice, nor does the subject of the document indicate it contains any legal advice. Apple's assertion of work product protection over compliance work and the related "user design and interface" also fails: compliance work reflects a response to past litigation (and, here, the resulting Injunction); it does not further any ongoing or future litigation and is thus not protected.[2]

Entry No. 2452 (PRIV-APL-EG_00053131), is an email from Natalie Lumpkin, Senior Marketing Manager at Apple, to no fewer than 26 recipients, including marketing, information technology and engineering professionals. The overwhelming majority of recipients are non-lawyers. Apple claims both attorney-client privilege and work product protection over this email, but the document appears to simply convey to business people Apple's intended plan for compliance with the DMA, which is at best a mixed business and legal issue. Unless the email simply forwards legal advice from counsel, it should not be withheld, let alone in its entirety.

Entry No. 2505 (PRIV-APL-EG_00053686) is an email with four attachments (Entry Nos. 2506 (PRIV-APL-EG_00053689), 2507 (PRIV-APL-EG_00053703), 2508 (PRIV-APL-EG_00053712) and 2509 (PRIV-APL-EG_00053717)), all withheld in their entirety. The email is sent by Mr. Sainz to 24 recipients, including Apple's CEO, Tim Cook, Phil Schiller, a non-lawyer Apple executive, other members of Apple's business executive team, and Kate Adams, Apple's General Counsel. Based on the email's subject line, the parent email and its attachments are documents distributed ahead of an executive meeting. The document titles discuss the "Developer Landing Page", "Developer Q&A", a "Newsroom Post" and a "[s]treaming games news and announcement", all of which appear to be business- or press-related documents. A lawyer's presence on the executive team does not extend privilege over documents a communications professional sends ahead of an executive business meeting. The cover email and its attachments should be not be withheld, at least not in their entirety.

Entry No. 2510 (PRIV-APL-EG_00053719) is an email from Isaac Rubin, a Speech Writer in Apple's Corporate Communications, to Mr. Oliver, and Ling Lew, Apple counsel. The email subject is the "Payment Processing Fee"—a key issue in these proceedings and primarily a business concern. The child attachments, Entry Nos. 2511 (PRIV-APL-EG_00053725), 2512 (PRIV-APL-EG_00053734) and 2513 (PRIV-APL-EG_00053739), have business- and press-related titles, like "Developer Landing Page", "Developer Q&A" and "Newsroom Post". This communication does not appear to be primarily legal such that it ought to be withheld in its entirety.

Entry No. 2522 (PRIV-APL-EG_00053805) is an email from Mike Tam, Senior Manager of Worldwide Developer Marketing, to Mr. Schiller and other senior Apple employees, including Ms. Lew. Many non-counsel and counsel alike are copied on the email. Entry No. 2525 (PRIV-

---

[2] Having failed to establish that its compliance efforts are inherently a legal endeavor, Apple now appears to try and shroud them in work product protection on the apparent claim that such efforts were made in large part in furtherance of expected future contempt proceedings. That attempt should be rejected. Apple's compliance work presumably was largely intended to address the outcome of past litigation, absent some clear indication on the face of any document that it was made specifically with future contempt or enforcement proceedings in mind.

3

APL-EG_00053820) is an email from Mr. Schiller to Mr. Tam, Ms. Lew and 14 copied recipients, most of whom are non-lawyers. It is part of the same email chain as Entry No. 2522. These emails and their attachments—Entry Nos. 2523 (PRIV-APL-EG_00053811) and 2524 (PRIV-APL-EG_00053812), and Entry Nos. 2526 (PRIV-APL-EG_00053827) and 2527 (PRIV-APL-EG_00053828), respectively—appear to concern the external link entitlement request form and communications strategy around that form. Nothing about these documents' senders, subjects or descriptions suggests these communications were made for a primarily legal purpose such that they ought to be withheld in their entirety.[3]

Entry No. 9203 (PRIV-APL-EG_00241606) is an email from Riye Tobase, a non-lawyer who works in Global Finance Projects at Apple, to 15 recipients, most of whom are non-lawyer finance and tax professionals. Apple seeks to withhold the document in its entirety. The subject of the email suggests that it includes notes from a discussion about compliance with the Digital Markets Act in the European Union. Based on the non-attorney sender, wide distribution list, and document title, this document appears to be primarily business-related and should not be withheld (and certainly not in its entirety).

Entry Nos. 9307 (PRIV-APL-EG_00242296) and 9314 (PRIV-APL-EG_00242317) are two iterations of the same email chain with differing time stamps. Apple seeks to withhold both in their entirety. The emails were sent by Jeff Guebert, non-lawyer Senior Program Manager Lead at Apple, to groups consisting of both non-lawyers and in-house lawyers. (Entry No. 9314 only copies lawyers). Apple claims that Entry No. 9307 raises questions directed toward in-house counsel, but the email was also directed toward Sam Bavaro, Senior Manager, Developer Relations Systems & Analytics and Blaise Margherito, an Apple engineer. The email title indicates these documents contain discussions of the "Dev[eloper] Portal Form" for the U.S. link-out entitlement program—inherently a business topic and a key issue in these contempt proceedings. Accordingly, the documents appear to be largely business-related and any specific requests for legal advice could be redacted.

Entry Nos. 9327 (PRIV-APL-EG_00242362) and 9346 (PRIV-APL-EG_00242865) are emails from Mr. Cameron, to non-lawyers including Mr. Oliver, Ms. Thai and Trystan Kosmynka, non-lawyer Senior Director of App Review, with Apple counsel copied. The subject of the emails is "Epic Injunction-Compliance Plan". This Court has already found that Apple's compliance plan with the Injunction is primarily a business matter, not a legal one. (Dkt. 1056 at 1-2.) Thus, to the extent Mr. Cameron provides strictly legal advice, such advice may be redacted—but to the extent the document discusses Apple's business plan for complying with the Injunction, it should not be withheld in its entirety, notwithstanding the fact it is sent by an in-house attorney. "The [attorney client] privilege does not protect an attorney's *business* advice". *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (emphasis added).

Entry No. 9329 (PRIV-APL-EG_00242366) is an email from Rick Kubota, an engineer, to Greg Young, another Apple engineer. Based on the privilege description, the document contains questions about the external link account button. The email concerns the scare screens

---

[3] Entry Nos. 2524 and 2527 share the same title ("Wisconsin Comm Drafts-7") as a document for which Epic has previously filed an Objection upon which the Court has not yet ruled. (*See* Dkt. 1178 at 3 (Entry No. 38).)

and the "'learn more' setting"—key issues in these contempt proceedings and inherently a business issue. The only counsel on the chain was merely copied. The communication does not appear to be primarily legal such that it ought to be withheld, let alone in its entirety.

Entry No. 9400 (PRIV-APL-EG_00243495) is an email from Lisa Jackson, a non-lawyer Vice President Environment, Policy and Social Initiatives, to Mr. Schiller, with 11 other recipients copied. The subject, "DMA update" does not indicate that this email has a primarily *legal* purpose, and Apple's privilege description suggests the email relates to "press and communications". The email thus does not appear to be primarily legal such that it ought to be withheld, let alone in its entirety.

Entry No. 9596 (PRIV-APL-EG_00244711) is an email from Mr. Sainz to Mr. Schiller and Ms. Adams, and copying other legal and press personnel. The email is about "competition issues" and, according to Apple's description in the privilege log, contains strategy about "press and communications". Ms. Adams's presence on the email as a representative of the executive team does not turn business advice into legal advice, and this document should not be withheld.

Entry No. 9601 (PRIV-APL-EG_00244743) is an email from Mr. Cook to Mr. Sainz and 15 other recipients, comprised mostly of non-lawyers. Though neither the sender nor the recipient is counsel, the privilege description states that the document consists of a "lawyer sending draft public statement to client for approval". That description does not appear to be correct. And even if there were legal advice somewhere in the email chain, such advice could be redacted, but the *entire document* should not be withheld.

**Documents Similar to Documents the Court Has Already Deemed Not Privileged (Entry Nos. 764, 2720, 2721, 2722, 2723, 9299 and 9300)**

Entry No. 764 (PRIV-APL-EG_00073067) is a document Apple seeks to withhold in its entirety. But the Court has already held that a similar version of this document, Entry No. 3183 (PRIV-APL-EG_00103273), is not privileged. (*See* Dkt. 1157). It should therefore not be withheld.

Entry Nos. 2720 (PRIV-APL-EG_00057885), 2721 (PRIV-APL-EG_00057962), 2722 (PRIV-APL-EG_00057988) and 2723 (PRIV-APL-EG_00058186) are a parent email and three attachments sent from a third-party economic consultant to Jeff Wilder, an Economist in Apple's legal department, regarding foreign regulatory issues. A similar version of Entry No. 2720, Entry No. 592 (PRIV-APL-EG_00008954), was already held not privileged by the Court as an economic analysis of Apple's business model that "does not contain legal advice or requests for legal advice, and it does not reveal any legal advice." (Dkt. 1139 at 2.) Furthermore, this Court rejected Apple's argument that Entry No. 592 was privileged because in-house counsel retained the consultants to provide expert advice to prepare a legal response to a regulatory investigation, finding that this argument "doesn't seem to speak to the question of attorney-client privilege". *Id*. And while communications between an attorney and a consultant or expert retained in anticipation of litigation could be protected work product, Apple did not claim that protection over the cover email here, Entry No. 2720, or the attachment, Entry No. 2723, in its privilege log. Apple does claim work product protection as to Entry Nos. 2721 and 2722, but Apple's privilege log does nothing to substantiate that claim; it makes no reference to *any* litigation,

5

anticipated or actual, that this purported "regulatory strategy" work product was created for. Entry No. 2720, and its attachments, should thus not be withheld, for the same reasons as Entry No. 592.

Entry Nos. 9299 (PRIV-APL-EG_00242265) and 9300 (PRIV-APL-EG_00242271) are versions of a document that relates to Apple's link-out entitlement program, which Apple developed in response to the Injunction. In the "Redact or Withhold" column of its privilege log, Apple indicates that it seeks to withhold the two documents. However, the privilege descriptions claim that the documents should only have "redacted text". If Apple's own description of the privileged nature of certain documents suggests that they should be redacted rather than withheld, Apple's attempt to withhold the documents in their entirety should be denied. In addition, other versions of these documents (Entry Nos. 1808 and 1815) were held not privileged *at all* by the Special Masters. (*See* Dkt. 1172).[4]

### Unsupported Privilege Assertion (Entry No. 762)

Entry No. 762 (PRIV-APL-EG_00072855) is a slide deck titled "Wisconsin Scenarios and Financial Impacts" that Apple seeks to withhold based on the claim that it is protected work product. Yet Apple's privilege description states that the presentation "reflect[s] legal advice"— not that it was prepared by counsel or in anticipation or furtherance of litigation. Apple's privilege log fails to provide any basis for its assertion of work product protection, the only basis Apple made for withholding the document. This document should thus not be withheld.

### Documents Epic Previously Challenged (Entry Nos. 525, 526, 530 and 542)

Entry Nos. 525 (PRIV-APL-EG_00069950), 530 (PRIV-APL-EG_00070001) and 542 (PRIV-APL-EG_00070044) are all similar versions of an email chain, requesting "Exec[utive] Feedback" on materials related to Apple's U.S. injunction compliance. Entry No. 526 (PRIV-APL-EG_00069955) is a child attachment of Entry No. 525 and appears to be an image attached to the parent email. Epic previously objected to the Special Masters' determinations upholding Apple's privilege assertions over similar email chains with the same subject line. (Dkt. 1178 at 4.) Epic objects on the same basis here—the emails do not appear to reflect a communication made for primarily legal purposes, but rather a request for *business* advice from Apple executives.

### Employee Chats and Messages (Entry Nos. 614, 615, 774, 781, 783, 800, 802 and 9394)

Entry Nos. 614 (PRIV-APL-EG_00071306), 615 (PRIV-APL-EG_00071311), 774 (PRIV-APL-EG_00073395), 781 (PRIV-APL-EG_00073493), 783 (PRIV-APL-EG_00073516), 800 (PRIV-APL-EG_00073703), 802 (PRIV-APL-EG_00073731) and 9394 (PRIV-APL-EG_00243472) are all apparently chat messages, each between a named non-lawyer—Aaron Deardon, a Pricing Strategy Analyst (Entry Nos. 614 and 615); Marni Goldberg, a Senior Public Relations Manager (Entry Nos. 774, 781, 783, 800 and 802); and Mr. Schiller (Entry No. 9394)—and unnamed others. Apple's privilege descriptions are bereft of any information useful to evaluate the privilege assertions over these messages and merely state that the messages "reflect[]" or "provide[]" legal advice. The party asserting privilege has an obligation to

---

[4] Apple has objected to the rulings on Entry Nos. 1808 and 1815, and this Court has not yet ruled on those Objections. (*See* Dkt. 1158 at 2 (Apple's Objections); Dkt. 1172 at 1-2 (Epic's Responses).)

"provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment). Apple has not done so here, and "a party cannot withhold a document if it fails to substantiate its privilege assertion" in its privilege log. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 306 F.R.D. 234, 239 (N.D. Cal. 2015).[5]

### Documents Related to Communications or Press (Entry Nos. 860, 871, 872, 883, 928, 2349, 2350 and 2351)

Entry No. 860 (PRIV-APL-EG_00075116) is an email between Ms. Goldberg, Mr. Sainz, Hannah Smith and Archelle Thelemaque, all of whom are public relations professionals. The email appears to share a public blog post. Apple's privilege log asserts that the document is privileged because it discusses "press strategy after the Supreme Court denied cert[iorari]" in the merits case of this matter. But PR professionals circulating a public blog post amongst themselves to discuss "press strategy" is not legal advice, nor does it have a primarily legal purpose. Therefore, these documents should not be withheld, at least not in their entirety.

Entry No. 871 (PRIV-APL-EG_00075215) is an email from Ms. Goldberg to a number of recipients including other public relations professionals, Apple business executives, such as Mr. Oliver and Ms. Thai, as well as in-house counsel. Attached to this parent email is Entry No. 872 (PRIV-APL-EG_00075217), a document entitled "Project Wisconsin Reactive Q[&]A". The custodian of both the parent email and child attachment is Ms. Goldberg. An email from communications professionals to business executives as well as in-house counsel does not appear to be for a primarily *legal* purpose. Entry Nos. 883 (PRIV-APL-EG_00075317) and 928 (PRIV-APL-EG_00076439) appear to be similar versions of Entry No. 872 based on the documents' titles, except they are standalone documents (not attached to a parent communication). These documents should not be withheld, at least not in their entirety.

Entry No. 2349 (PRIV-APL-EG_00051086) is an email from Peter Ajemian, a non-lawyer Public Relations professional, to 19 Apple recipients—including other public relations professionals and business executives such as Ms. Thai, Matt Fischer (Vice President, Head of Worldwide App Store) and Mr. Kosmynka. The subject line of the email and Apple's privilege description both indicate that the email regards "draft press communications"—a topic that is neither inherently nor primarily legal. Based on the subject of the email and its distribution list, the privilege log does not suggest this email and its attachments—Entry Nos. 2350 (PRIV-APL-EG_00051099) and 2351 (PRIV-APL-EG_00051100)— ought to be withheld in their entirety.

### Document Not Prepared at the Direction of Counsel (Entry No. 2478)

Entry No. 2478 (PRIV-APL-EG_00053388) appears to be an attachment to meeting notes regarding Apple's regulatory compliance in the European Union. Apple's privilege assertion over the parent document was reversed in part—the Special Master held that the notes should be

---

[5] Apple's deficient privilege logs are not a new issue in these proceedings. Epic first alerted Apple over six months ago that its privilege log entries were "too generic or conclusory to satisfy Apple's burden to establish that the material is privileged or protected*, in particular with respect to the 'clear showing' Apple must make to justify withholding or redacting communications between Apple non-lawyer employees and in-house counsel*". (Oct. 1, 2024 Ltr. from Y. Even to M. Perry (emphasis added).) Apple has now failed again to provide a log sufficient to support these claims of privilege. It should not be given yet a third opportunity to do so.

produced with redactions, rather than withheld in full. Apple seeks to withhold the attachment image because it is an attachment to a "document prepared at [the] direction of counsel". But notes from a business meeting have a predominantly business purpose, and an attachment thereto prepared by business personnel would not typically be privileged either. Specifically, Apple seems to conflate here a document prepared *on the basis of* the advice of counsel (which is typically a business document, such as a scare screen) with a document prepared *at the direction of* counsel (which typically refers to a document that was prepared for a *legal* purpose). A document that a business person prepares after having received legal advice (which appears to best describe Entry No. 2478, as far as Epic can discern) is generally *not* privileged, unless it discloses the legal advice the author received.[6] Therefore, Entry No. 2478 should not be withheld, except inasmuch as it discloses legal advice (which seems unlikely, based strictly on Apple's privilege log).

**Business Presentations (Entry Nos. 527, 665 and 2681)**

Entry No. 527 (PRIV-APL-EG_00069958) is a presentation deck about the "Commission" for "Wisconsin"—as noted above, a key issue in the contempt proceeding before the Court. (*See* Hr. Tr. 915:11-13 ("I need to understand what it was people were thinking and how you got to 27 percent charge from a 30 percent charge that had been found to be anticompetitive.") Apple merely states in its privilege log that "Apple legal weighed in on" the presentation, but that is not the salient question; rather, the question is whether the document discloses legal advice given to Apple by an attorney. To the extent the presentation discloses any advice that can be traced back to an attorney, such advice should be redacted. However, a discussion of the *business* "options legally available to [Apple]"— what this slide deck appears to present—is not privileged and should not be withheld. (Dkt. 1056 at 1-2.) For the same reasons, Entry No. 665 (PRIV-APL-EG_00071845), a presentation deck about Apple's commission rate in the European Union, is likely not privileged, at least not in its entirety, and should not be withheld.

Finally, Entry No. 2681 (PRIV-APL-EG_00057174) is an email from Mr. Wilder to Nick Kistner, a non-lawyer Senior Product Manager. The email appears to share slides that were presented to the European Commission, making this email apparently unprivileged twice over: the sender and recipient are non-lawyers, and the slides were shared with a third party. This document should not be withheld.

DATED: February 10, 2025                           CRAVATH, SWAINE & MOORE LLP
                                                    By: */s/ Yonatan Even*
                                                    *Counsel for Plaintiff Epic Games, Inc.*

---

[6] A document prepared "at the direction of counsel"—such as an economic report—is typically subject to work product protection (if it was prepared in expectation of litigation), not the attorney-client privilege. Here, Apple did not claim that Entry No. 2478 is protected work product.