DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
    jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
    mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar
No. 1500231; *pro hac vice*)
    joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN
301248
    morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                Plaintiff, Counter-Defendant<br><br>   v.<br><br>APPLE INC.,<br><br>              Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>The Honorable Yvonne Gonzalez Rogers |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's order ("Order") of January 28, 2025 (Dkt. 1139), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol.  *See* Dkt. 1092 ¶ 4.  A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law."  Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

As a preliminary matter, Apple respectfully objects to all of Judge Hixson's rulings on the ground that the primary purpose test, as formulated by the Ninth Circuit, is not the proper test for determining attorney-client privilege.  Other courts have recognized that "trying to find *the* one primary purpose for a communication motivated by two sometimes overlapping purposes (one legal and one business, for example) can be an inherently impossible task."  *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759–60 (D.C. Cir. 2014); *see also In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 530 (S.D.N.Y. 2015).  Those courts therefore ask instead whether obtaining or providing legal advice was "one of the significant purposes of the communication."  *In re Kellogg Brown*, 756 F.3d at 760.  While Apple understands this Court is bound by the test as articulated by the Ninth Circuit, it preserves for appeal its arguments that the Court should instead apply the D.C. Circuit's test.[2]  Even under the Ninth Circuit's formulation of "the" primary purpose test, however, several of Judge Hixson's privilege rulings were contrary to law.

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic.  Dkt. 1092 ¶ 4(c).  That production pursuant to a court order did not effect a waiver.  *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

[2] Judge Hixson's rulings exemplify the practical difficulty of applying "the" primary purpose test. For Entry 2740, for example, Judge Hixson noted that "[i]n this document an Apple employee requests business and legal review at the same time.  There is no reason to think that legal advice predominated."  Dkt. 1139, at 10.  This email was sent to Apple's General Counsel (as well as a non-lawyer) and provides draft statements to issue following possible outcomes on appeal.  Discerning whether the request for legal advice comprises 49% or 51% of the communication is an arbitrary exercise:  What matters for privilege purposes is that there is a clear request to the highest legal officer of the company for review of a document related to ongoing litigation.

**Entry 592 (PRIV-APL-EG_00008954)**

Entry 592 is an email thread among in-house counsel, outside counsel, and third-party consultants regarding economic analysis performed as part of Apple's responses to regulatory investigations in Germany.  In overruling Apple's objection, Judge Hixson incorrectly asserted that "legal advice is not the predominant purpose of this document."  Order, at 2.  The email thread was initiated by Kyle Andeer (in-house counsel) to outside counsel, with other in-house counsel (Sean Dillon and Charles Paillard) cc'ed.  Much of the thread consists of exchanges between Emily Bowne (in-house counsel), outside counsel, and the third-party consultants regarding Apple's strategy in connection with an investigation by a German competition regulator.

"The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice."  *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).  Work that is "inextricably intertwined with [the third party's] work in assisting counsel provide legal advice to the ultimate[] client" is privileged.  *Todd v. STAAR Surgical Co.*, 2015 WL 13388227, at *11 (C.D. Cal. Aug. 21, 2015).  Here, the discussion between third-party consultants, outside counsel, and in-house counsel in connection with an ongoing regulatory investigation cannot have been for any purpose *except* for providing legal advice.  *See Greer v. County of San Diego*, — F.4th —, 2025 WL 441836, at *7 (9th Cir. Feb. 10, 2025) (upholding privilege assertion over reports prepared by non-lawyers who consulted with lawyers).[3]

**Entries 277 (PRIV-APL-EG_00017756), 278 (PRIV-APL-EG_00017775), and 279 (PRIV-APL-EG_00017791)**

Entries 277, 278, and 279 are attachments to PRIV-APL-EG_00017738, which is a message thread in which non-lawyers discuss feedback from outside counsel regarding support pages drafted as part of Apple's compliance efforts under the Digital Markets Act ("DMA").  Judge Hixson did not disagree that the documents reflect legal advice, but overruled Apple's privilege assertion because the legal advice is not discernible from the face of the documents.  Order, at 5.

---

[3] Judge Hixson observed that this kind of document may sometimes be instead protected by the work product doctrine, but that Apple had not asserted work product.  Order, at 2.  That is correct, but immaterial:  Material may fall under both work product *and* attorney-client privilege.  *See Todd*, 2015 WL 13388227, at *11.

That was legal error.  It does not matter whether the specific legal advice is apparent on the face of the documents.  In *In re Premera Blue Cross Customer Data Security Breach Litigation*, the plaintiffs similarly argued that drafts of documents intended for external publication were not privileged even when exchanged with outside counsel, because the documents did not contain any edits or redlines.  329 F.R.D. 656, 663 (D. Or. 2019).  The district court rejected that argument, explaining that while the ability to discern specific legal advice from a draft document might be a relevant factor when addressing "internal documents drafted by [non-lawyers] and sent among [non-lawyers]," the same logic did not hold for "communications to and from *counsel*." *Id.* at 663.  That ruling is consistent with cases holding that even if a document, "standing alone, may not contain privileged information," the document may be privileged in a particular context if it "constitute[s] information communicated to an attorney in connection with obtaining or rendering legal advice." *In re Martinez Sampedro*, 2020 WL 8922834, at *2 (D. Conn. Mar. 2, 2020); *see also Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *8 (S.D.N.Y. Jan. 24, 2018); *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015).

If Judge Hixson meant that it is not clear the feedback outside counsel provided on the draft documents was legal in nature, "[i]f a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice.'" *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).  Here, where outside counsel provided feedback on public-facing documents drafted in connection with Apple's compliance efforts with a new competition law, there are no facts to rebut the presumption that counsel was providing legal advice.

### Entries 2793 (PRIV-APL-EG_00099486), 2797 (PRIV-APL-EG_00099532), and 2805 (PRIV-APL-EG_00099603)

Entries 2793, 2797, and 2805 are draft revisions to the App Review Guidelines prepared by Sean Cameron (in-house counsel).  *See* Dkt. 1125-1 ¶ 5.  The drafts were attached to three parent emails (PRIV-APL-EG_00099481;  PRIV-APL-EG_00099526;  PRIV-APL-EG_00099600) over which Apple asserted privilege and that the Special Masters sustained. "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*,

1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("[P]reliminary drafts of documents are protected by the attorney-client privilege."). The drafts themselves therefore also are privileged.

Judge Hixson ruled that such drafts are not privileged because they do not provide legal advice to *Apple*, and instead provide "advice" to "app developers." Dkt. 1139, at 6. The Guidelines are not "advice" to iOS app developers; "an app *must* comply with the App Guidelines" in order to appear on the App Store. Dkt. 812, at 36 (emphasis added). In fact, Apple's Guidelines are the very thing the Court enjoined here. *Compare id.*, at 31 (reciting Guideline 3.1.1), *with* Dkt. 813 (using same language for the Injunction). But even if the Guidelines were merely advisory, that would not vitiate the privilege—a "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs." *Chen*, 99 F.3d at 1501. Mr. Cameron was providing drafts of documents developed in connection with Apple's compliance with foreign competition laws. *See* Dkt. 1125-1 ¶ 5. His legal advice in that respect is privileged.

**Entries 2854 (PRIV-APL-EG_00100145), 2855 (PRIV-APL-EG_00100147), 2870 (PRIV-APL-EG_00100329), and 2871 (PRIV-APL-EG_00100331)**

Entries 2854 and 2870 are emails among senior decision makers and in-house counsel (namely, Sean Cameron) in the days leading up to the original deadline for compliance with the Injunction (in December 2021) regarding materials for discussion in live meetings. Entries 2855 and 2871 are the materials under discussion. Judge Hixson overruled Apple's objections on the ground that the documents "are predominantly business advice." Dkt. 1139, at 7. While these communications may have had an additional business purpose, the *primary* purpose was to "find a solution that would comply with the Injunction and that could be implemented in the narrow window [Apple] had." Dkt. 1125-1 ¶ 3. The meetings were intended "to discuss those solutions in the context of obtaining a stay of the injunction pending appeal or further legal proceedings." *Id.* These documents—prepared with substantial input by lawyers on an issue implicating prospective liability or litigation—are precisely the kind of documents protected by the privilege. *See Greer*, at *7 (reports drafted by non-lawyers reflecting input from lawyers about "avoiding future liability" were privileged).

**Entry 2740 (PRIV-APL-EG_00099095)**

Entry 2740 is an email from a non-lawyer to one non-lawyer and one in-house counsel (Kate Adams) requesting review of five draft press statements and related background in anticipation of the ruling in the Ninth Circuit on appeal in this case, with others cc'ed.  Courts have frequently upheld as privileged drafts of press statements sent to legal counsel (in this case, the General Counsel of Apple) for input.  *See, e.g.*, *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019) (upholding privilege over "several documents that specifically requested legal review of language in the press release" (cleaned up)); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019) (upholding privilege over draft press releases "that specifically request legal review").  These drafts are similarly privileged.

**Entries 202 (PRIV-APL-EG_00016018), 241 (PRIV-APL-EG_00016915), 276 (PRIV-APL-EG_00017738)**

With respect to Entries 202, 241, and 276, Apple withheld these documents in their entirety, and the Special Masters overruled Apple's privilege assertions.  On objection to Judge Hixson, Apple proposed targeted redactions instead of withholding the entire documents.  *See* Dkt. 1125, at 2–4.  Judge Hixson refused to consider those targeted redactions, concluding that Apple could not "raise new arguments to the Court that were not made to the Special Master." Dkt. 1139, at 4. Respectfully, that was error.  Federal Rule of Civil Procedure 53(f) explicitly contemplates that a court may "modify" any order of a special master, and that a party may seek the same relief.  Apple is not raising "new arguments"—it asserted privilege over the entire document, the Special Masters overruled that privilege assertion, and Apple is appealing that ruling only partially. There is no "new and different privilege assertion"—Apple is making the same privilege assertion over the redacted content as it did before the Special Masters.

## CONCLUSION

Apple respectfully requests that the Court reverse the Order in relevant part.

1    Dated: February 11, 2025                    Respectfully submitted,

2                                                By: *Mark A. Perry*
                                                 Mark A. Perry
3                                                WEIL, GOTSHAL & MANGES LLP

4                                                Attorney for Apple Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28