UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short responses to Apple's Objections to the Special Masters' rulings ("Objections"), filed on February 10, 2025. (Dkt. 1189.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents and their families.

- Entry Nos. 9349 (PRIV-APL-EG_00242871), 9350 (PRIV-APL-EG_00242877), 9376 (PRIV-APL-EG_00243126), 9377 (PRIV-APL-EG_00243132), 9380 (PRIV-APL-EG_00243145), 9381 (PRIV-APL-EG_00243151), 9485 (PRIV-APL-EG_00244062) and 9486 (PRIV-APL-EG_00244070)—Apple claims these Entries are all clean draft addenda to Apple's Developer Program License Agreement for the link entitlement program. Apple further claims in its Objection that these drafts "reflect" legal advice because "the drafts were authored and revised by attorneys". (Dkt. 1189 at 2.) *First*, Apple's privilege log does not suggest these documents were drafted by an attorney. Apple may not now assert privilege based on factual matters that were not initially included on its privilege log, nor provided to the Special Masters. *Second*, Apple does not identify the attorney who supposedly drafted the documents, when they were drafted by that attorney, or how many rounds of revisions by lawyers and non-lawyers alike these particular iterations of the documents incorporate. This is meaningful because, although these documents surely "reflect" both legal and business advice, it is unlikely that clean drafts actually *disclose* any such advice. Instead, this seems like another instance where even "[i]f Epic compared every version of the draft . . . to the final version, Epic would not be able to determine

whether any legal advice was given, let alone what it might have been". (Dkt. 1039 at 2.) It is for that reason that this Court has previously overruled Apple's assertions over similar documents, even when the parent was sent by counsel and held to be privileged.
(Dkt. 1157 at 2-3 (overruling Apple's objections as to Entry Nos. 2995, 3006, 3380, 3399, 3405, 3016, 3103, 3318, 3358, 3360, 3334).) Apple's objections here should be overruled for the same reasons.

- <u>Entry No. 727 (PRIV-APL-EG_00072541)</u>—Apple claims in its Objections and in a declaration it filed in support thereof that this document was drafted by Mr. Kleinbrodt, who at the time was an associate at Gibson Dunn (Dkt. 1189 at 3; Dkt. 1189-1); that it reflects Mr. Kleinbrodt's "legal judgment and mental impressions" (Dkt. 1189-1 at 1); and that it was drafted "to offer legal advice and analysis to Apple regarding the implications of and conclusions in the Court's ruling" as to the Court's Rule 52 order after trial (Dkt. 1189 at 3). But Apple's privilege log presents none of that information; it does not even mention Mr. Kleinbrodt or Gibson Dunn, and instead claims the document reflects legal advice from Kate Adams, Apple's General Counsel. Apple should not be allowed to object to a Special Master's ruling on the basis of a privilege assertion predicated on factual assertions that are different from, and inconsistent with, the factual predicates of the assertion it presented to the Special Master. (Dkt. 1139 at 4 (the Protocol is "incompatible with Apple making a new and different privilege assertion" in its Objections).)

- <u>Entry No. 738 (PRIV-APL-EG_00072619)</u>—Apple explains that this document is a chart summarizing various regulatory requirements in the United States and internationally and that it forwarded by Sean Cameron, in-house counsel, to a non-lawyer, as well as to in-house and outside counsel. (Dkt. 1189 at 4.) Apple's Objection does not explain whether the document itself discloses or constitutes legal advice, and if so, who provided that legal advice and to whom. Apple's privilege log is even less informative; it baldly asserts the document itself is "providing" legal advice, but then states the basis for that assertion is that the document is forwarded by Mr. Cameron, "presumably for the purpose of providing legal advice". Because communications with in-house counsel can serve business purposes, those communications are not inherently protected by privilege unless they indeed disclose legal advice, so that presumption is not a proper basis for an assertion of privilege. *See Dolby Lab'ys Licensing Corp. v. Adobe, Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) ("[T]here is no presumption that communications with in-house counsel are protected by attorney-client privilege.") (quoting *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076-77 (N.D. Cal. 2002)).

DATED: February 12, 2025

CRAVATH, SWAINE & MOORE LLP
By: <u>/s/ Yonatan Even</u>
*Counsel for Plaintiff Epic Games, Inc.*