1  DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
2  **GIBSON, DUNN & CRUTCHER LLP**
   333 South Grand Avenue
3  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
4  Facsimile: 213.229.7520

5  CYNTHIA E. RICHMAN (D.C. Bar No.
   492089; *pro hac vice*)
6  crichman@gibsondunn.com
   **GIBSON, DUNN & CRUTCHER LLP**
7  1050 Connecticut Avenue, N.W.
   Washington, DC 20036-5306
8  Telephone: 202.955.8500
   Facsimile: 202.467.0539
9
10 JULIAN W. KLEINBRODT, SBN 302085
   jkleinbrodt@gibsondunn.com
11 **GIBSON, DUNN & CRUTCHER LLP**
   One Embarcadero Center, Suite 2600
12 San Francisco, CA 94111
   Telephone: 415.393.8200
13 Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar
No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
**WEIL, GOTSHAL & MANGES LLP**
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH <br><br> **NOTICE OF MOTION; MOTION FOR ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** <br><br> Courtroom:  1, 4th Floor <br><br> Judge:  Hon. Yvonne Gonzalez Rogers |

## NOTICE OF MOTION

## TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT on February 24, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, before the Honorable Yvonne Gonzalez Rogers, Defendant Apple Inc. ("Apple") will and hereby does move this Court for an Order Pursuant to Federal Rule of Evidence 502(d).

This Motion is based on this notice, the supporting memorandum, and the supporting declaration of Mark A. Perry. The parties met and conferred, and were not able to resolve the issues without motion practice.

**INTRODUCTION**

Pursuant to Federal Rule of Evidence 502(d), Apple respectfully moves this Court for an order confirming that Apple's production of certain documents to Epic Games, Inc. ("Epic") over which Apple continues to maintain claims of attorney-client privilege or work product protection—and any use of such documents in connection with the pending motion to enforce, including at the resumption of the evidentiary hearing—does not waive any applicable protections in this proceeding or any other. *See* Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.").

**BACKGROUND**

The Court ordered Apple to produce all "documents relative to the decision-making process leading to the link entitlement program and associated commission rates." *See* Dkt. 974. The accompanying declaration of Mark A. Perry ("Perry Decl.") summarizes Apple's response to that order. In brief, Apple substantially completed its production of those documents by September 30, 2024 (as directed by the Court), and made its final production on October 27, 2024. Epic challenged some of Apple's privilege assertions, and on December 2, 2024, Magistrate Judge Hixson issued a ruling that certain exemplar documents withheld or redacted by Apple were not protected by the attorney-client privilege or the work-product doctrine. Dkt. 1056 (the "Exemplar Privilege Order"). For example, Judge Hixson found that certain documents were not privileged because they appeared to consist of "business analysis" supporting "business decisions," such as a "business discussion of a status update to comply with a legal requirement combined with a business discussion of potential options for compliance." *Id.* at 1–2. Apple timely objected to the Exemplar Privilege Order. *See* Dkt. 1079. This Court upheld the Exemplar Privilege Order on December 31, 2024. Dkt. 1095.

As the Court noted, its order is not immediately appealable to the Ninth Circuit. Hr'g Tr. 12:12-15 (Dec. 18, 2024).

After issuing the Exemplar Privilege Order, Judge Hixson convened a hearing at which he recommended that any remaining privilege disputes be submitted in the first instance to special masters appointed for that purpose. Hr'g Tr. 4:10–23 (Dec. 3, 2024). Epic asked Apple to re-review all documents over which it had asserted a claim of privilege, downgrade those covered by the Exemplar Privilege Order or as to which Apple no longer asserted privilege, and submit any documents over which it continues to maintain privilege to one or more special masters for review. *See id.* at 8:23–9:14. Apple agreed to Epic's proposal on the condition that the parameters for the re-review be set forth in a written protocol, which the parties thereafter negotiated and submitted to this Court for approval. *See* Dkt. 1089. On December 23, 2024, this Court approved a joint stipulation "govern[ing] the re-review process directed by Judge Hixson." Dkt. 1092, at 2 ("Special Master Protocol"). The Special Master Protocol requires Apple to re-review all documents previously withheld or redacted as privileged or otherwise protected and provides for three Special Masters to review Apple's privilege assertions, with either party retaining the ability to seek judicial review of the Special Masters' determinations. *Id.* at 2, 5.

The Special Master Protocol divides the re-reviewed documents into three categories. "Category One" documents are defined as "[d]ocuments that Apple continues to maintain are privileged or otherwise protected in whole or in part . . . including under the [Exemplar Privilege] Order." *Id.* at 2. "Category Two" documents are defined as "[d]ocuments that Apple maintains are privileged or otherwise protected in whole or in part, but that Apple acknowledges are not privileged or otherwise protected under [the Exemplar Privilege Order]." *Id.* Finally, "Category Three" documents are defined as "[d]ocuments that Apple no longer maintains are privileged or otherwise protected." *Id.*

  Apple re-reviewed approximately 54,000 documents over which it had originally asserted a claim of privilege or work product in whole or in part. Apple began sending Category One documents for review to the Special Masters on December 23 and completed its final production to the Special Masters on January 21. Thus far in their review, the Special Masters have upheld Apple's privilege assertions in full at a rate of approximately 90%. Perry Decl. ¶ 85. During the same time period, Apple also produced to Epic documents in Category Two (documents over which Apple maintains privilege but are within the scope of the Exemplar Privilege Order) and in Category Three (documents that Apple downgraded during the re-review). In connection with its production of Category Two documents, Apple advised Epic that the documents are being produced "pursuant to Court order, over Apple's objections, and subject to a forthcoming appeal." *Id.* at ¶ 71. In its letters to Epic, Apple has also designated the Category Two documents as "Highly Confidential — Attorney's Eyes Only" under the Stipulated Protective Order. *See* Dkt. 274, at 4.

  This Motion is specifically directed at: (1) the relatively small number of Category One documents that Apple has been required to produce pursuant to specific determinations by the Special Masters and/or rulings by Judge Hixson; and (2) all Category Two documents Apple was required to produce to Epic pursuant to the Special Master Protocol. For ease of reference, this motion refers to these documents collectively as the "Disputed Documents." They are all documents over which Apple maintains a claim of privilege or other protection that has been rejected by a judicial officer in this proceeding. Apple has reserved its rights to appeal the underlying privilege rulings at the appropriate time, and has not waived any privilege or protection by producing the documents to Epic pursuant to this Court's orders.

  It is possible that Epic may seek to use some of the Disputed Documents at the resumption of the evidentiary hearing, currently scheduled for February 24, 2025. *See* Perry Decl. ¶ 87. Accordingly, Apple asked Epic to stipulate to a Rule 502(d) order to make clear that Apple's

production of the Disputed Documents, or their use in this litigation, would not constitute a waiver of any applicable privilege. Perry Decl. ¶ 74; *see also* Exhibit C (February 5, 2025 Letter from Apple to Epic Containing Proposed 502(d) Stipulation). Without explanation, Epic refused that request, requiring Apple to seek relief from this Court. Perry Decl. ¶ 75; *see also* Exhibit D (February 7, 2025 Letter from Epic to Apple).

## LEGAL STANDARD

"The duty of an attorney to keep his or her client's confidences in all but a handful of carefully defined circumstances is . . . deeply ingrained in our legal system and . . . uniformly acknowledged as a critical component of reasonable representation by counsel." *McClure v. Thompson*, 323 F.3d 1233, 1242–43 (9th Cir. 2003). Federal Rule of Evidence 502 seeks to provide a predictable, uniform set of standards under which parties can determine the consequences of a disclosure of a communication or information covered by the attorney-client privilege or work-product protection. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 n.1 (9th Cir. 2010). Rule 502(d) specifically provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." *See also Brown v. Google LLC*, 2022 WL 12039375, at *5 (N.D. Cal. Oct. 20, 2022). A court may issue a Rule 502(d) order for good cause shown. *See Foltz v. State Farm,* 331 F.3d 1122, 1130 (9th Cir. 2003).

## DISCUSSION

This motion is directed at a limited set of documents—the Disputed Documents—that Apple has produced or will produce to Epic but as to which Apple maintains a claim of attorney-client privilege or work-product protection that has been rejected by judicial officers but not yet resolved by the Ninth Circuit. Apple intends to present these claims to the Ninth Circuit if and when an appealable order is entered. At the present time, Apple simply seeks a Rule 502(d) order confirming

that this litigation itself does not constitute a waiver of any applicable privilege or other protection (although Apple does not believe that such an order is *required* in order to preserve its arguments with respect to the Disputed Documents it has produced).

The Ninth Circuit has held that "a party does not waive the attorney-client privilege for documents which he is compelled to produce." *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978); *see also United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) (applying the *Transamerica* standard). The Ninth Circuit has underscored that an express waiver of privilege is "typically within the full control of the party holding the privilege; *courts have no role in encouraging or forcing the disclosure*." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (emphasis added); *see also United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020) (citing *Bittaker* for the proposition that "courts have no role in encouraging or forcing the disclosure—they merely recognize the waiver after it has occurred"); 2 Attorney-Client Privilege in the U.S. § 11:29 (2024) ("[A]lthough compulsory disclosure pursuant to court order is intentional, it is not voluntary and therefore is not perceived as a waiver.").

Apple's production of the Disputed Documents was made at the direction of the Court and does not result in waiver of any privilege claims over those documents. The sole reason Apple produced the Disputed Documents was to comply with the Special Master Protocol and the privilege rulings or determinations issued by this Court, Judge Hixson, and the three Special Masters. Apple reiterated to Epic that Apple's production of the Category Two documents was done "pursuant to Court order, over Apple's objections, and subject to a forthcoming appeal." Perry Decl. ¶ 71. And Apple's production of the limited number of Disputed Documents within Category One was made because the Special Masters and/or Judge Hixson overruled Apple's privilege

assertions.[1] In short, while Apple continues to assert that the Disputed Documents are protected by the attorney-client privilege and/or the work product doctrine, this Court has definitively ruled on the core privilege dispute, *see* Dkt. 1095, and Apple has fully preserved the relevant issues for appeal. *See* Fed. R. Evid. 103(b) ("Once the court definitively rules on the record—either before or at trial— a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").[2]

Given the propensity of litigants to argue waiver in connection with privilege disputes, the Federal Rules of Evidence were amended in 2008 to provide courts with express authority to clarify that certain disclosures do not constitute waiver. *See* Fed. R. Evid. 502 (d) advisory committee's note (2008). Rule 502(d) authorizes courts to "order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." The Rule thus covers situations exactly like this one, where Apple's document productions have been made pursuant to orders entered in connection "with the litigation pending before the court." Indeed, the relevant Statement of Congressional Intent confirms that Rule 502(d) orders serve the express purpose of clarifying whether a disclosure made during litigation operates as a waiver. Statement of Congressional Intent Regarding Rule 502 of the Federal Rule of Evidence ("The rule addresses only the effect of

---

[1] The majority of Apple's privilege determinations that have been overruled by the Special Masters have been based on a broad application of the "primary purpose" test. *See In re Grand Jury*, 23 F.4th 1088, 1094–95 (9th Cir. 2021). Apple contends both that the Ninth Circuit standard has been misapplied in this litigation and, more generally, that the "primary purpose" test as articulated by the Ninth Circuit is inconsistent with core principles underlying the attorney-client privilege and the work-product doctrine. Apple preserves for appeal the argument that the "primary purpose" test should be overruled or modified, although it continues to maintain that the Disputed Documents at issue are privileged under that standard.

[2] For clarity of the record, Apple intends to ask the Court to recognize a standing objection to Epic's use of any of the Disputed Documents during the evidentiary hearing. Privilege issues related to particular documents may also need to be addressed on an individual basis.

disclosure, under specified circumstances, of [privileged information] . . . on whether the disclosure itself operates as a waiver of the privilege or protection for purposes of admissibility of evidence[.]"). Accordingly, to avoid any unnecessary disputes, Apple respectfully requests that this Court enter a Rule 502(d) order confirming that Apple's production of the Disputed Documents—and any use by either party of such documents at the evidentiary hearing, in briefing, on appeal, or in any other context in this litigation—does not constitute a waiver of the attorney-client privilege or the work-product protection.

A core purpose of Rule 502(d) is "to avoid vexatious and time-consuming privilege disputes." *See Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, 2013 WL 3815970, at *4 (S.D.N.Y. July 24, 2013); *see also XY, LLC v. Trans Ova Genetics, Lc*, 2018 WL 11000694, at *5 (D. Colo. May 14, 2018) (Rule 502 was designed to "facilitate the exchange of electronic discovery in an efficient and cost-effective manner"). Absent a Rule 502(d) order, there could be issues arising in this or other litigation regarding the extent to which Apple's production of the Disputed Documents, or the use of such documents by either party in questioning or briefing, have waived privilege. A Rule 502(d) order would obviate many such disputes.

A case from this District illustrates the benefits of issuing a Rule 502(d) order. *See Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, 2017 WL 8948739 (N.D. Cal. Nov. 15, 2017). In *Rearden*, the court had determined in a pre-trial order that certain documents withheld or redacted by the defendants were not in fact privileged. *Id.* at *3. At trial, the defendants introduced some of these documents and the plaintiff subsequently argued that the defendants waived privilege because they "did not continue to object during trial that the attorney-client privilege applied." *Id.* at *5. The court rejected plaintiff's argument and held that the defendants "were not required to maintain an objection after fully briefing and arguing this issue before this Court." *Id.* The court then *sua sponte* issued a Rule 502(d) order confirming that "pursuant to Federal Rule of Evidence

502(d), Defendants did not waive their privilege by using the documents in question in this litigation." *Id.* A similar Rule 502(d) order—preferably entered *before* the dispute arises at the hearing—is appropriate here.

In sum, there is good cause for the Court to enter the proposed order submitted herewith, to confirm that Apple's production of Disputed Documents—defined as all "Category One" documents that Apple has been ordered to produce by the Special Masters, Magistrate Judge Hixson, and/or the Court, and all "Category Two" documents as defined in the Special Master Protocol (Dkt. 1092 at 2)—shall not be deemed a waiver by Apple of any privilege assertions (including attorney-client, work product, or any other applicable privilege) for purposes of this proceeding, any other proceeding, appeal, or otherwise; and that Epic's or Apple's use of the Disputed Documents at an evidentiary hearing, in briefing, on appeal, or otherwise similarly does not constitute waiver of any applicable protection.

## CONCLUSION

For the reasons discussed above, Apple respectfully requests that this Court enter a Rule 502(d) order.

Dated: February 12, 2025                    Respectfully submitted,

By: /s/ *Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.