# EXHIBIT A

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark A. Perry**
+1 (202) 682-7511
Mark.Perry@weil.com

BY E-MAIL

January 8, 2025

Yonatan Even
yeven@cravath.com
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Re: *Epic Games, Inc. v. Apple*; Case No. 4:20-cv-05640, Production of "Category Two" Documents

Counsel:

Pursuant to Paragraph 1(h) of the re-review Protocol (Dkt. 1092), Apple is producing a number of "Category Two" documents to Epic this week.

Paragraph 1(b)(ii) of the Protocol defines "Category Two" documents as those "that Apple maintains are privileged or otherwise protected in whole or in part, but that Apple acknowledges are not privileged or otherwise protected under Judge Hixson's order of December 2, 2024 (Dkt. 1056)." Judge Gonzalez Rogers entered an order on December 31, 2024 (Dkt. 1095) rejecting Apple's challenges to the December 2 order.

It remains Apple's position that many or all of the "Category Two" documents are protected from discovery or disclosure under the attorney-client privilege and/or work product doctrine, in whole or in part. We recognize that the rulings by Judge Hixson and Judge Gonzalez Rogers—as Judge Gonzalez Rogers already pointed out to the parties (Hr'g Tr. 12:14–15 (Dec. 18, 2024))—are not immediately appealable as a matter of right to the Ninth Circuit. However, Apple intends to continue to challenge those rulings in whole or in part once an appealable judgment or order is entered.

The "Category Two" documents are accordingly being produced to Epic at this time pursuant to Court order, over Apple's objections, and subject to a forthcoming appeal. This production and any prior or future productions of "Category Two" documents—and any use of the documents in district court proceedings—do not constitute a waiver of any applicable privilege or other protection. *See* Fed. R. Evid. 502(d). To avoid possible prejudice to Apple until the privilege issue has been finally resolved on appeal, Epic shall not take any actions with respect to the "Category Two" documents, including but not limited

Yonatan Even  
January 8, 2025  
Page 2

**Weil, Gotshal & Manges LLP**

to further dissemination, that could constitute (or be deemed to constitute) a waiver or invasion of any applicable privilege or other protection, as to particular documents or their subject matter.

So that there is no ambiguity in the record, Apple will create an index identifying all "Category Two" documents at the conclusion of the re-review process. Such documents should be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Amended Protective Order in effect for this litigation (Dkt. 274). As with other highly confidential documents, Epic may not cite or refer in a public filing or open court to "Category Two" documents over which Apple maintains a claim of privilege or other protection.

We understand, of course, that Epic may defend the December 2 and December 31 orders, and may take the position that all "Category Two" documents are not privileged. At the same time, it is our obligation to maintain and protect what we believe to be meritorious claims of privilege. We trust the parties can continue to work together to expeditiously resolve the pending litigation.

Apple reserves all rights.

Sincerely,

Mark A. Perry