DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar
No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
**WEIL, GOTSHAL & MANGES LLP**
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff, Counter-defendant,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**MOTION TO SHORTEN A PARTY'S TIME TO RESPOND PURSUANT TO LOCAL RULE 6-3**<br><br>Courtroom:  1, 4th Floor<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

Pursuant to Local Rule 6-3, Apple Inc. ("Apple") respectfully moves this Court for an order shortening the time for Epic Games, Inc. ("Epic") to respond to Apple's Motion For An Order Pursuant to Federal Rule of Evidence 502(d) ("Rule 502(d) Motion"), from February 26, 2025 to February 19, 2025.  In light of the forthcoming resumption of the evidentiary hearing on February 24, 2025, Apple respectfully asserts that such relief is necessary to provide the Court with an adequate opportunity to rule on a fully-briefed 502(d) Motion before the evidentiary hearing resumes.

## BACKGROUND

On February 4, 2025, the Court entered an order confirming that the evidentiary hearing will resume on February 24, 2025.  Dkt. 1071.  On February 12, 2025, Apple filed the pending Rule 502(d) Motion seeking an order confirming there is no waiver of the attorney-client privilege or work product protection in connection with Apple's production to Epic of certain "Disputed Documents."  As relevant here, the Rule 502(d) Motion also requested that such an order confirm that "use of such documents in connection with the pending motion to enforce, including at the resumption of the evidentiary hearing—does not waive any applicable protections in this proceeding or any other."  Rule 502(d) Motion at 1.  Apple noted that "there could be issues arising in this or other litigation regarding the extent to which Apple's production of the Disputed Documents, or the use of such documents by either party in questioning or briefing, have waived privilege."  *Id.* at 8.  Apple thus urged the Court to enter a Rule 502(d) order to "obviate many such disputes."  *Id.*

Under Local Rule 7-3(a), Epic's response to the Rule 502(d) Motion is currently due on February 26, 2025—fourteen days after Apple filed the motion.  By this motion, Apple asks the Court to shorten Epic's response time by seven calendar days, to February 19, 2025.  As set forth

in the attached declaration of Mark A. Perry ("Perry Decl."), Apple informed Epic of its intention to file this motion to shorten the time to respond, as well as Apple's assumption that Epic would not oppose the requested relief; Epic did not respond.  Perry Decl. ¶¶ 9–10.  If the motion to shorten time is granted, Apple commits to filing its reply brief in support of the Rule 502(d) Motion on February 21, 2025—two calendar days after Epic files its response.  There is good cause for an order shortening the time for Epic to respond to February 19, 2025.

## LEGAL STANDARD

Local Rule 6-3 allows a party to move to shorten the time for a party to respond to a motion.  Such a motion must: (1) set forth with particularity, the reasons for the requested shortening of time; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) describe the nature of the underlying dispute that would be addressed in the motion and briefly summarize the position each party had taken; (5) disclose all previous time modifications in the case, whether by stipulation or Court order; and (6) describe the effect the requested time modification would have on the schedule for the case.[1]  L.R. 6-3(a).  Motions to shorten time may be granted upon good cause shown.  *See Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*, 2007 WL 2903997, at *1 (N.D. Cal. Oct. 4, 2007).

## DISCUSSION

Apple seeks to avoid "vexatious and time-consuming privilege disputes" arising during the upcoming evidentiary hearing.  *See* 502(d) Motion at 6 (quoting *Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, 2013 WL 3815970, at *4 (S.D.N.Y. July 24, 2013)).  Apple first asked Epic to enter into a Rule 502(d) stipulation, which would have rendered motion practice unnecessary.  When Epic

---

[1] Local Rule 6-3(a) also requires a moving party to describe its "compliance with Civil L.R. 37-1(a), where applicable."  Here, Apple's Rule 502(d) Motion was not made pursuant to Rule 37 and is thus not subject to the specific Rule 37-1(a) requirements.

refused that request (without explanation), Apple filed its Rule 502(d) Motion. To ensure that the Court can rule on a fully briefed motion before the hearing resumes on February 24, Apple respectfully requests the Court modify the briefing schedule and require Epic's response to the Rule 502(d) Motion be filed by February 19, 2025.

**_Reasons for Requesting a Shortening of Time_**. Without an order shortening the time to respond, this Court is likely to receive Epic's response on February 26, 2025—at the end of the evidentiary hearing. Perry Decl. ¶ 9. This would mean the parties would lack guidance during the hearing as to whether Apple should make repeated, contemporaneous objections in order to preserve its privilege assertions. *Id.* at ¶ 11. This may reduce the overall efficiency of the evidentiary hearing—a concern the Court has previously acknowledged in setting expedited briefing schedules in this case. *See, e.g.*, Dkt. 418 (setting expedited briefing schedule to accommodate "the rapidly approaching trial date"); Dkt 911 (setting expedited briefing schedule for "efficiency and to keep the scheduled hearing date on Epic's motion"). Additionally, Epic is a sophisticated party that would have ample time to respond to Apple's straightforward ten-page motion within seven days. Indeed, under the Special Master Protocol, Dkt. 1092, the parties are required to brief complex privilege issues under much shorter deadlines. Dkt. 1092, at ¶ 4(a) (requiring objections to the Special Masters' privilege determinations be filed within four days); *see also* Dkts. 1191, 1178, 1134 (Epic's Objections to Special Master Determinations).

**_Efforts to Obtain a Stipulation._** Apple sought to obviate the need for the Rule 502(d) Motion entirely by seeking Epic's consent to a routine stipulation confirming that Apple has not waived any of its privilege assertions over the Disputed Documents. Rule 502(d) Motion at 5. Epic refused, without explanation, to agree to such a stipulation. *Id.* As required by Local Rule 6-3(a)(2), Apple thereafter made a good faith effort to obtain a stipulation with Epic regarding a shortened briefing schedule. Perry Decl. ¶ 9. On February 11, 2025, counsel for Apple sent counsel

for Epic a letter setting forth Apple's intention to file an administrative motion to shorten time so that the Rule 502(d) issue could be resolved before February 24, and stating that Apple would assume Epic does not oppose that relief. *Id.* Epic has not responded. *Id.* at ¶ 10.

**Substantial Harm or Prejudice to Apple.** Courts "may grant a motion to shorten time where the moving party identifies 'the substantial harm or prejudice that would occur if the Court did not change the time.'" *Noble v. Kiewit Pac. Co.*, 2008 WL 413754, at *1 (N.D. Cal. Feb. 13, 2008) (quoting Local Rule 6-3(a)(3)). Here, Apple will suffer substantial prejudice absent administrative relief. At the outset, *all* of the Disputed Documents involve Apple's claims of attorney-client privilege or work product protection, while none of Epic's privileged documents are at issue. *See* Perry Decl. ¶ 3–4. As a result, Epic need not consider waiver issues when choosing to introduce or use any of the Disputed Documents during the evidentiary hearing. Apple, meanwhile, must carefully consider and calibrate when to raise appropriate objections to defend against potential waiver arguments. *Id.* at ¶ 11. This uncertainty over the scope of waiver prejudices Apple's ability to efficiently prepare for the resumption of the evidentiary hearing. *Id.* By contrast, Epic will suffer little prejudice from having to respond to the Rule 502(d) Motion within seven days.

**Nature of Dispute.** As described above, Apple's pending Rule 502(d) Motion solely addresses the scope of *waiver* over documents that Apple continues to maintain are privileged or otherwise protected. There is little reason for Epic to have a full fourteen days to respond to the Rule 502(d) Motion where Epic already has access to and can use most of the documents over which Apple maintains privilege at the evidentiary hearing (subject to any individualized objections). Epic rejected a stipulation that would have provided the same clarity, but provided no explanation for doing so. Apple therefore cannot describe the position Epic intends to take with respect to the Rule 502(d) Motion.

***Prior Modifications and/or Stipulations.***  The Court has previously modified the applicable briefing deadlines multiple times in this case.  The Court has done so pursuant to the stipulation of the parties (Dkts. 345, 374, 418, 715, 884, 1032), pursuant to motions filed by the parties (Dkt. 241), and in some instances *sua sponte* (Dkt. 911).  *See* L.R. 6-3(a)(5).

***Effect on Case Schedule.***  Apple's requested time modification will have no material impact on the case schedule beyond the efficiency of having a fully-briefed Rule 502(d) Motion for the Court before the evidentiary hearing resumes.  Perry Decl. ¶¶ 9, 12; *see also* L.R. 6-3(a)(6).

## CONCLUSION

For the reasons discussed above, Apple respectfully requests that this Court grant the Motion to Shorten Time.

Dated:  February 12, 2025

Respectfully submitted,

By: /s/ *Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.