| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>    dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>    crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>    jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>    mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>    joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100<br><br><br>Attorneys for Defendant APPLE INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S MOTION TO SHORTEN TIME**<br><br>The Honorable Yvonne Gonzalez Rogers |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP ("Weil"), counsel of record for Apple Inc. ("Apple") in this case. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Motion to Shorten Time Pursuant to Local Rule 6-3.

2. I have represented Apple in this litigation since shortly after it was filed in August 2020.

3. I am concurrently filing a declaration in support of Apple's Motion for Entry of a Rule 502(d) Order. In that declaration, I have detailed the relevant background of Apple's efforts to comply with all of its discovery obligations while at the same time preserving privilege and/or work-product protection over certain documents.

4. As relevant here, pursuant to Court order and over its objections, Apple has produced approximately 7,668 documents over which it maintains its privilege assertions but that were ordered produced to Epic, on direction from either the Court or the Special Masters pursuant to the Special Master Protocol. We anticipate that there will be additional such documents as the Special Masters complete their determinations.

5. It is possible that Epic may introduce or use some of these documents at the evidentiary hearing set to resume on February 24, 2025.

6. Given this uncertainty, by letter dated February 5, 2025, Apple requested that Epic enter into a stipulation under Federal Rule of Evidence 502(d) to avoid raising waiver disputes before the Court, or any other forum, regarding Apple's privilege assertions over the Disputed Documents.

7. By letter dated February 7, 2025, Epic declined to agree to Apple's proposed Rule 502(d) stipulation without explanation.

8. By letter dated February 11, 2025, Apple indicated to Epic that it would be filing a motion with the Court pursuant to Federal Rule of Evidence 502(d) ("Rule 502(d) Motion").

9. The Local Rules provide Epic with fourteen (14) days to respond to that motion, which would deprive the Court of the opportunity to address a fully-briefed 502(d) Motion prior to the

1  resumption of the evidentiary hearing on February 24.  Accordingly, in the same letter dated February
2  11, 2025, Apple indicated that it would be filing an administrative motion to shorten time so that the
3  Rule 502(d) issue could be resolved before February 24, as well as Apple's assumption that Epic would
4  not oppose that relief.

5      10.    Epic has not responded to the February 11 letter.

6      11.    Without a Rule 502(d) order in place before the evidentiary hearing resumes, Apple could
7  be prejudiced in its ability to litigate the privilege issues that may arise without risk of future disputes
8  regarding waiver.

9      12.    Apple therefore seeks an order pursuant to Local Rule 6-3 to shorten the time for Epic to
10  respond by seven days to February 19, 2025.

11  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
12  correct.  Executed this 12th day of February 2025, in Cupertino, California.

14  Dated: February 12, 2025                                  Respectfully submitted,

16                                                        By: /s/ *Mark A. Perry*
17                                                        Mark A. Perry