UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 10, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 10, 2025, regarding Apple's production of re-reviewed documents.

    Epic is limiting these Objections to documents that it believes may be of importance for the forthcoming evidentiary hearing. The majority of the rulings to which Epic objects in this filing are from the 1,000 documents Judge Gonzalez Rogers allowed Epic to prioritize for "immediate review", Dkt. 1171, because of their anticipated utility at the February hearing. Epic does not have access to the documents and is therefore unable to fully assess their utility or the bases on which Apple claims privilege. Epic therefore predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* as soon as practicable, so that to the extent the Court rejects Apple's privilege assertions, Epic may obtain the affected documents ahead of the February 24 hearing.

**Predominantly Non-Legal Emails (Entry Nos. 59, 79, 86, 102, 111, 161, 178, 186, 195, 212, 242, 243, 245, 246, 253, 254, 1479 and 1593)**

Entry Nos. 59 (PRIV-APL-EG_00150016), 79 (PRIV-APL-EG_00150104), 86 (PRIV-APL-EG_00150155), 102 (PRIV-APL-EG_00150245), 111 (PRIV-APL-EG_00150279), 161 (PRIV-APL-EG_00150470), 178 (PRIV-APL-EG_00150526), 186 (PRIV-APL-EG_00150566), 195 (PRIV-APL-EG_00150609), 212 (PRIV-APL-EG_00150695), 242 (PRIV-APL-EG_00150836), 243 (PRIV-APL-EG_00150838), 245 (PRIV-APL-EG_00150846), 246 (PRIV-APL-EG_00150853), 253 (PRIV-APL-EG_00150910), 1479 (PRIV-APL-EG_00162710) and 1593 (PRIV-APL-EG_00163926) are all emails from a non-lawyer to a recipient list consisting of both non-lawyers and lawyers. None of these emails were sent by counsel or exclusively to counsel, and many were simultaneously sent to senior business executives such as Tim Cook, Luca Maestri, Phil Schiller, Matt Fischer, Carson Oliver, Eddy Cue, Craig Federighi and Greg Joswiak. Furthermore, the subject lines of these emails ("Wisconsin Deck", "Wisconsin prep for 6-28 Tim [Cook] Meetings", etc.) suggest that they are primarily business-related, not legal. Based on these characteristics, these documents do not appear to be privileged, at least not in their entirety.[1]

Entry No. 254 (PRIV-APL-EG_00150913) is an attachment to Entry No. 253 with a file name mirroring the business-related subject line of the parent email, and apparently reflecting the comments of the sender of the email, Ann Thai—a non-lawyer Apple business executive. For the reasons stated above, and for the document's apparent business-related purpose, Apple's privilege assertion over this attachment should likewise be overruled.

**Emails Sent Among Business and Press Personnel, Copying an Attorney (Entry Nos. 359, 1536, 1538, 1599, 1603 and 1646)**

Entry Nos. 359 (PRIV-APL-EG_00152116), 1536 (PRIV-APL-EG_00162926), 1538 (PRIV-APL-EG_00162944), 1599 (PRIV-APL-EG_00163945), 1603 (PRIV-APL-EG_00163959) and 1646 (PRIV-APL-EG_00164107) are all emails sent by a non-lawyer to one or more non-lawyer recipients, with non-attorney business personnel, executive team members and attorneys copied on the chain. This combination of senders and recipients strongly suggests that at least the top email in each chain does not request or convey legal advice and is not privileged. "Companies have been repeatedly advised that merely attaching a lawyer's name to a document does not suffice for invoking the privilege". (Dkt. 1095 at 2-3.) Based on these characteristics, these documents do not appear to be privileged, at least not in their entirety.

**Emails with No Attorney Involvement (Entry Nos. 374, 375 and 381)**

Entry Nos. 374 (PRIV-APL-EG_00152210), 375 (PRIV-APL-EG_00152217) and 381 (PRIV-APL-EG_00152246) are all emails sent by a non-lawyer to other non-lawyers, with no attorney recipients. The subject lines of the emails (*e.g.,* "ideas for FAQs from developers'

---

[1] Apple asserts that Entry Nos. 59, 111, 161, 178, 195 and 253 are also protected work product (*see* column indicating "Privilege Type"). Yet its privilege descriptions for these documents only claim that the emails "reflect[]" or "provid[e] legal advice", mentioning nothing to indicate that these emails were prepared by counsel, or at the direction of counsel, in furtherance or anticipation of litigation.

POV") likewise suggest that the emails are primarily business or PR-related. Based on these characteristics, these documents do not appear to be privileged, at least not in their entirety.[2]

### Business Documents (Entry Nos. 1467, 1469, 1470 and 1471)

Entry Nos. 1467 (PRIV-APL-EG_00162374), 1469 (PRIV-APL-EG_00162454), 1470 (PRIV-APL-EG_00162498) and 1471 (PRIV-APL-EG_00162520) are all presentation decks relating to Wisconsin—a key issue in the upcoming hearing and exactly the kind of document the Court ordered be produced. The presentation decks are standalone documents not attached to any parent email, and their custodians are non-counsel business employees. Apple claims that the decks "reflect[] legal advice from Apple legal" but identify no attorneys supposedly giving that advice (*see* column indicating "Attorneys, Legal Staff, and Employees acting at the direction of counsel"). To the extent that the documents disclose any legal advice, Apple could have narrowly and appropriately redacted them, but these documents should not be withheld in full.

### Employee Chat (Entry No. 1567)

Entry No. 1567 (PRIV-APL-EG_00163103) is a chat apparently relating to Wisconsin, with Bri Cote, a non-lawyer Managing Product Design Producer listed as the custodian. Apple's privilege description is bereft of information about this document: it inaccurately describes the chat as an "[e]mail chain"; it fails to provide information about the chat's participants; and it gives little guidance on the chat's topic. Apple claims that the chat is protected both by attorney-client privilege and as attorney work product, but Apple's privilege log does not describe how this chat was prepared in anticipation or furtherance of litigation. To the extent the chat conveys any legal advice or requests for legal advice, Apple could have redacted such advice, rather than withhold the document in full.

DATED: February 12, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

---

[2] Apple claims in its privilege log that Entry No. 381 is also protected work product (*see* column indicating "Privilege Type"), but again its privilege description only claims that the email "reflect[s] legal advice", mentioning nothing to indicate that the email was prepared in furtherance or anticipation of litigation.