DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal (the "Motion").[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information, among other categories.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed the exhibit to Apple's Objections to Special Master Rulings on Apple's Productions of Re-Reviewed Privileged Documents ("Objections"), which was filed under section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (the "Protocol"),

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Secs. Litig.*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv- 00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

DECLARATION OF MARK A. PERRY ISO APPLE INC.'S MOTION TO SEAL   1   CASE NO. 4:20-CV-05640-YGR-TSH

and now proposes to partially seal information therein that, if disclosed, could harm Apple's competitive business interests and would reveal personally identifiable information.

5. Apple seeks to seal this information because the privilege log is required to be filed under the terms of the Protocol but contains personally identifiable information in the form of email addresses of Apple employees that Apple intends to keep non-public.

6. Apple has narrowly tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests. The remainder of the privilege log exhibit remains unredacted.

7. Below is a chart detailing the portions of the privilege log exhibit sealable for the reasons explained herein, as well as in Apple's Motion.

| Portion of Document Sought to Be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Highlighted information in the from/to/cc columns (H, I, J) of row entries 4 and 5 within the privilege log. | Exhibit A to Objections (Privilege Log Entries) | Reflects personally identifiable information |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of February 2025, in Washington, D.C.

Dated: February 12, 2025

Respectfully submitted,

By: */s/ Mark A. Perry*
Mark A. Perry

DECLARATION OF MARK A. PERRY ISO APPLE INC.'S MOTION TO SEAL     2     CASE NO. 4:20-CV-05640-YGR-TSH