## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

EPIC GAMES, INC.,

       *Plaintiff, Counter-defendant,*

APPLE INC.,

       *Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH

**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS**

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

       Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's third production of re-reviewed and privileged documents produced on January 6, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

       Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 1342 on the January 6, 2025 Privilege Log.**

**Entry No. 1342 (PRIV-APL-EG_00082914)** is a redacted email chain from an Apple corporate communications employee to another communications employee and Kyle Andeer (in-house counsel) regarding research and preparation for a media statement in response to a potential lawsuit.  The redacted language explicitly relays information the non-lawyers "are hearing from Competition Legal."  The employee then lists a number of items for discussion so the team can be "ready" if the filing is imminent, which indicates action steps in discussion with Legal.  *See Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 618 (N.D. Cal. 2020) (recognizing attorney-client privilege attaches to communications between non-attorney employees when transmitting legal advice given by counsel).  The redactions of the email should be upheld as attorney-client privileged communications.

**Entry Nos. 1345 and 1346 on the January 6, 2025 Privilege Log.**

**Entry No. 1345 (PRIV-APL-EG_00082952)** is an email exchange between an Apple corporate communications employee and Kyle Andeer (in-house counsel) reflecting Mr. Andeer's feedback on Apple's prepared statements for media briefings related to ongoing litigation in Australia. The email was withheld in its entirety. After the employee shares talking points in the body of the email, Mr. Andeer provides feedback on a specific statement and suggests a change. The employee then shares "updated" talking points ahead of a call with Mr. Andeer in response to his input. "It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"); *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) ("The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures."). These communications were appropriately withheld as privileged.

**Entry No. 1346 (PRIV-APL-EG_00082961)** are the draft "Talking Points + Potential Q&A" that the Apple corporate communications employee updated ahead of a call with Mr. Andeer in **Entry No. 1345 (PRIV-APL-EG_00082952).** The redacted language includes an update on the status of the Epic litigation in Australia, written in red in the attachment and pointed out to Mr. Andeer for his review in the parent email. This document was appropriately redacted as privileged. *See United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (a "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs."); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (holding that confidential information disclosed by a client to obtain legal advice is protected by the attorney-client privilege).

**Entry Nos. 1155 and 1255 on the January 6, 2025 Privilege Log.**

**Entry No. 1155 (PRIV-APL-EG_00081363)** is a draft slide deck prepared by a non-lawyer for Sean Dillon (in-house counsel) for presentation in response to a regulatory report from a Japanese regulatory body providing risk assessments. The deck includes speaker notes and a script for Mr. Dillon to use in the presentation. Legal advice is directly reflected in the document as the presentation provides Apple's legal position and the draft presentation was subject to in-house counsel review. "A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019). The deck was appropriately withheld as privileged.

Similarly, **Entry No. 1255 (PRIV-APL-EG_00082271)** is a redacted draft public relations plan for a regulatory issue in Japan, with redacted strategy and speaking points for Mr. Dillon. The redacted language indicates specific areas for Mr. Dillon to address and specific claims to refute. Courts have frequently upheld as privileged drafts of press statements requiring legal input, *see, e.g.*, *Parneros v. Barnes & Noble, Inc*., 332 F.R.D. 482, 498 (S.D.N.Y. 2019) (upholding privilege over "several documents that specifically requested legal review of language in the press release" (cleaned up)); *Pearlstein v. BlackBerry Ltd*., 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019) (upholding privilege over draft press releases "that specifically request legal review"). The redactions of the document should be upheld as attorney-client privileged communications.


DATED: February 12, 2025               WEIL, GOTSHAL & MANGES LLP

                                       By: */s/ Mark A. Perry*
                                           Mark A. Perry

                                       *Counsel for Defendant Apple Inc.*