UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>    *Plaintiff*, *Counter-defendant*, <br><br>           v. <br><br> APPLE INC., <br><br>    *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> JOINT STATUS REPORT |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

   Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Yonatan Even* <br>     Yonatan Even <br>     *Counsel for Epic Games, Inc.* | By: */s/ Mark A. Perry* <br>     Mark A. Perry <br>     *Counsel for Apple Inc.* |

**Epic's Position:**

On February 4, 2025, following briefing by the Parties, Judge Gonzalez Rogers ordered that: (i) the contempt hearing ("Hearing") will resume on February 24, 2025 (subject to the Court's availability); (ii) Epic may prioritize 1,000 documents for immediate review by the Special Masters, and the Panel's review will then proceed to completion; (iii) as a "stopgap for Apple's advantage created by its own delay", the Hearing will remain open in case Epic obtains documents that require further testimony; and (iv) Apple's over-designation of privilege was improper, "sanctions are warranted", and those sanctions' exact contours will be determined "in the context of a full record and [the Court's] overall findings".[1] (Dkt. 1171 at 2-3.)

In the week since this Order, Epic has advanced the document review process ordered by the Court and continues to prepare for the Hearing. Specifically, by February 8, Epic provided Apple (in two tranches) with a list of 1,000 priority documents from Apple's privilege logs that have not yet been reviewed by the Special Masters. Epic prioritized documents that it believes (1) are likely to be particularly probative as to Apple's decision-making process related to Injunction compliance, and (2) Apple sought to produce in redacted form, making it more likely that the documents would be produced to Epic in some form prior to the Contempt proceedings.[2] Apple has provided those documents to the Special Masters and the priority review is ongoing. Epic will endeavor to streamline its Objections to the Special Masters' rulings on the priority documents and will continue to target a limited set of documents that it believes may be of importance for the forthcoming Hearing (while foregoing objections to documents that appear to be duplicative of previously objected-to documents, even if improperly withheld). Epic also intends to meet and confer with Apple about, among other things, the possibility of shortening the production cycle for priority documents so that more of those may be produced ahead of the Hearing.

On February 12, Epic sent the Special Masters an email raising its concerns about instances where the Special Masters rejected Apple's attempt to withhold certain documents in their entirety, but rather than overrule such assertions outright, directed Apple to reassess and redact the document. Putting the onus on Apple to decide what to redact will require that the documents be re-submitted for yet another round of Special Master review before the parties can lodge objections. Epic pointed out that this process is not contemplated by the Protocol and undermines the spirit of the Protocol by further delaying (likely by weeks) the production of the effected documents to Epic. Apple submitted a response to Epic's email, claiming that under the Protocol, Epic was not entitled to raise its concern and objecting to Epic's position on the merits. The Special Masters have yet to address the Parties' submissions on this issue.

---

[1] Apple claims (again) that Epic accuses Apple of misconduct "without any evidence or support". It is unclear how Apple squares that claim with the Court's express findings that "Apple's over-designation of privilege was inconsistent with Ninth Circuit law and was the source of the current delay" and that "sanctions are warranted". (Dkt. 1171 at 3.) In any event, the Court's February 4 Order speaks for itself.

[2] Apple often objects at least once to the rulings of the Special Masters overruling its attempts to withhold documents, and the production of such documents is therefore often delayed by several weeks, making it unlikely for Epic to obtain such documents ahead of the currently scheduled Hearing.

Because the Parties intend to meet and confer on several topics after the filing of this Report, and in light of the forthcoming Hearing, Epic respectfully requests that the Court hold the status conference scheduled for Friday, February 14.

**Apple's Position**:

During the January 31, 2025 status hearing, Your Honor made a recommendation as to how the Special Master review could proceed to conclusion in light of the Court's order setting the resumption of the evidentiary hearing for February 24, 2025. Apple promptly sent Epic a letter proposing to implement Your Honor's recommendation by way of a procedure under which the parties could designate specific documents for priority review by the Special Masters in the weeks leading up to the hearing. Epic did not respond to Apple's letter, so Apple advised Judge Gonzalez Rogers of its proposal in a supplement to the parties' joint status report on February 3. *See* Dkt. 1162.

In its responsive filing, Epic renewed its request for the Court to sanction Apple, arguing (again, without any evidence or support for its claims) that Apple's privilege review was not conducted in good faith. *See* Dkt. 1169. Apple continues to refute this baseless claim. Nonetheless, at the end of its filing, Epic agreed that it would be "helpful" to prioritize certain documents for the Special Masters' review, but argued that Epic alone should have the right to prioritize the documents.

On February 4, Judge Gonzalez Rogers entered an order reiterating that the evidentiary hearing will resume on February 24 and making clear that the special master review and production of non-privileged documents will continue in parallel to the evidentiary hearing. *See* Dkt. 1171. The Court agreed with Apple that designating certain documents for prioritized review would be conducive to a more productive use of time at the hearing, and ordered that Epic may select the first 1,000 documents for immediate review, and "[t]he parties may then agree on a selection process for the balance to be conducted equally." *Id.* The Court declined "Epic's invitation to bar Apple's ability to claim any privilege," and noted that "the dual tracking is the most productive." *Id.* The Court said that any sanctions would be assessed at the conclusion of the re-review, on a full evidentiary record.

On February 6 in the late evening, Epic provided a list of 729 documents for priority review to Apple. Apple promptly prepared an isolated privilege log for these documents (split across the three Special Masters) as well as new zip files for these documents for the Special Masters. Epic subsequently provided an additional list of 271 documents late evening on February 7, and Apple similarly provided an additional log and zip files for those documents to the Special Masters the following day.

As of the filing of this status report, the Special Masters have reviewed 614 of the 1,000 documents designated by Epic for priority review. The Special Masters have sustained in full 93% of Apple's privilege assertions on priority documents reviewed so far, and sustained in part 3%. The Special Masters have overruled in full about 4% of the priority documents reviewed so far. Given the Special Masters' progress, Apple sent correspondence to Epic on February 11 asking Epic to provide a list of 500 documents for the third set of priority review, with Apple to provide

the other 500, consistent with the Court's ruling that the selection of the balance of the prioritized documents were "to be conducted equally." *See* Dkt. 1171.

Regarding the overall progress of the Special Masters' review, as of the filing of this status report, the Special Masters have reviewed approximately 8,656 documents and have 15,123 remaining to review. Of the total documents they have reviewed so far, the Special Masters have sustained in full about 90.1% of Apple's privilege assertions, sustained in part about 1% of the assertions, and overruled in full less than 8% of the assertions. The Special Masters have requested additional information related to slightly over 1% of the documents.

The Special Masters' priority review is proceeding and Apple respectfully submits there are no issues before Your Honor for resolution except the pending objections to certain of the Special Masters' determinations. *See* Dkts. 1178, 1180, 1183, 1184, 1189, and 1191. With respect to Epic's observations regarding the Special Masters' practices for ruling on privileged documents, Apple has already provided its response directly to the Special Masters. In brief, the parties negotiated a written protocol at the outset of this project to govern the Special Masters' review and to forestall future disputes about the scope or nature of review. The Special Masters have been following that protocol in reviewing and ruling on thousands of documents for weeks, without any procedural objections from Epic. There is no basis for Epic to suggest a mid-course change in the process, and in any event nothing for Your Honor to resolve.

In response to Your Honor's query regarding the need for a discovery check-in on February 14, Apple respectfully submits it does not have any issues requiring discussion, but as always, is prepared to attend should Your Honor have any issues to discuss with the parties.

Respectfully submitted,

DATED: February 13, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*