UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 10, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 10, 2025, regarding Apple's production of re-reviewed documents.

    Epic is limiting its Objections to only a handful of documents from the 1,000 documents Judge Gonzalez Rogers allowed Epic to prioritize for "immediate review". (Dkt. 1171.) Epic focuses its Objections on documents that it believes may be of importance for the forthcoming evidentiary hearing and for which, based on the limited information available to it, Epic believes the Special Masters may have erred in wholly sustaining Apple's privilege assertion. Epic, however, does not have access to the documents and is therefore unable to fully assess their utility or the bases on which Apple claims privilege.

    Epic respectfully requests that the Court review the following documents *in camera* as soon as practicable, so that to the extent the Court rejects Apple's privilege assertions, Epic may obtain the affected documents ahead of the February 24 hearing.

- **Entry No. 7796 (PRIV-APL-EG_00226492)** is a presentation deck titled "Wisconsin Scenarios and Financial Impacts". It is a standalone document not attached to any parent email. The custodians are all non-legal business employees, including senior employees such as Carson Oliver (Senior Director of Business Management), Trystan Kosmynka (Senior Director of App Review) and Ann Thai (Senior Director of Apple Marketplace Platforms and Technologies).

Based on the file name and the identity of the custodians, the presentation appears to be part and parcel of Apple's financial modeling of the impact of various options Apple considered as part of its Injunction response planning. This Court previously held that when "business people decide among the options legally available to them, and they consider things like profit, cost, competition, and so on", then "those communications are not privileged". (Dkt. 1056 at 1.) Based on the limited information available to Epic, Entry No. 7796 appears to fall squarely within that category of documents, and Epic therefore respectfully requests that the Court review and determine whether the document should in fact be withheld in its entirety.

- **Entry No. 7806 (PRIV-APL-EG_00227561)** is a private chat between Mr. Oliver, Kunnal Vij (a non-lawyer finance professional) and four other participants whom Apple has not identified by name. Mr. Oliver has testified and is expected to continue his testimony in the upcoming hearing. Mr. Vij was identified by several witnesses as a central member of the Injunction response team, and Epic is currently considering whether to call him as a witness in the upcoming hearings. The thought processes of these two individuals are expected to play a key role in the Court's determination of Epic's contempt motion. To the extent that one or more of the four unnamed participants in the exchange reflected in Entry No. 7806 is an attorney actively providing legal advice, such messages potentially could have been redacted, without the need to conceal the thoughts and statements of Messrs. Oliver and Vij. Epic therefore respectfully requests that the Court review and determine whether the document should in fact be withheld in its entirety.

- **Entry No. 7825 (PRIV-APL-EG_00227845)** is a message chain involving Mr. Oliver and an unknown number of additional participants whom Apple has not identified in its privilege log. What Apple does indicate in its privilege description is that the message chain discusses an "analysis of commission rate", specifically through "Financial impact modeling"—an issue that, as noted *supra*, is a core issue in the contempt proceeding, and one that this Court has previously found to constitute a business issue, at least primarily. Apple claims the instant modeling is protected work product, but Epic is not aware of any litigation such modeling could anticipate or advance.[1] And Apple's privilege log does not suggest the modeling conveys or was done for the purpose of providing legal advice (nor is it clear what legal advice could be given on the basis of the outcome of financial modeling). Because the financial implications of Apple's Injunction response are central to the contempt proceeding, and in light of the unsatisfactory information Apple provides in its privilege log to justify its privilege assertion in this instance, Epic respectfully requests that the Court review and determine whether the document should in fact be withheld in its entirety.

---

[1] As Epic noted before, Apple should not be allowed to conceal its Injunction response work under broad assertions of work product protection on the theory that the work was done "in anticipation" of future contempt proceedings.

- **Entry No. 8173 (PRIV-APL-EG_00230040)** is an email from Nate Barton (Finance Director of Services) to Timothy Kim (Technical Specialist), copying a number of lawyers and non-lawyers alike. The subject of the email chain indicates that the participants discuss Apple's U.S. link entitlement program as well as the Video Partner Program and News Partner Program, two programs that Apple ultimately decided to exclude from its link entitlement program. Apple's decision to exclude these program has been the topic of questioning by the Court during the hearings in May 2024. (May 16, 2024 Hr'g Tr. 489:20-22 ("THE COURT: So you came to that recommendation [to exclude developers in those programs from the link-out program] knowing that the injunction applied to all developers? THE WITNESS [Mr. Oliver]: Yes.").) An e-mail between business people discussing that decision appears highly pertinent and unlikely to be privileged. Epic therefore respectfully requests that the Court review and determine whether the document should in fact be withheld in its entirety.

- **Entry No. 11577 (PRIV-APL-EG_00266116)** is an email from Ivie Ehiemua (an Apple Finance Manager) to Mr. Barton, Nancy Wright (a Finance Global Project Analyst) and Mr. Vij. All four are non-lawyer finance professionals, and there are no attorneys copied on the email chain. Both the subject of the email chain, "Wisconsin Sync", and Apple's privilege description indicate that the participants were discussing the financial aspects of Apple's Injunction response and, specifically, the "commission time window"—the time after a user clicks on an in-app link during which Apple seeks a commission on purchases made on the web. The length of that window (7 days), how Apple arrived at it and its implication for developers, were all topics discussed at length during the May 2024 hearings. As in the examples above, nothing in the information Apple made available to Epic in its privilege log suggests this exchange among financial professionals is privileged or protected. Epic therefore respectfully requests that the Court review and determine whether the document should in fact be withheld in its entirety.

DATED: February 13, 2025                    CRAVATH, SWAINE & MOORE LLP
                                            By: */s/ Yonatan Even*
                                            *Counsel for Plaintiff Epic Games, Inc.*