DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-Defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR <br><br> **APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE** <br><br> The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's order ("Order") of January 31, 2025 (Dkt. 1157), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol. *See* Dkt. 1092 ¶ 4. A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

Apple reiterates that it preserves for appeal its contention that the primary purpose test, as formulated by the Ninth Circuit, is not the proper test for determining attorney-client privilege and that the Court should instead apply the D.C. Circuit's test. *See* Dkt. 1193, at 1. Even under the Ninth Circuit's formulation of "the" primary purpose test, however, several of Judge Hixson's rulings were contrary to law. Because of the number of documents at issue in Judge Hixson's ruling and this appeal, Apple has grouped similar documents together for ease of reference.

**Documents Discussing Legal Advice: Entries 1643 (PRIV-APL-EG_00042144), 3095 (PRIV-APL-EG_00102549), 3098 (PRIV-APL-EG_00102568), 3158 (PRIV-APL-EG_00103114), 3160 (PRIV-APL-EG_00103121), 3496 (PRIV-APL-EG_00106271)**

The documents in this category are privileged in whole or in part because they contain statements providing or reflecting legal advice. Entry 1643 is a message thread containing just two lines of redacted text that disclose discussions with Sean Cameron (in-house counsel) regarding a recommendation and plan for certain App Store services. Entries 3095, 3158, and 3160 are different versions of an email exchange between Ling Lew (in-house counsel) and non-lawyers discussing counsel's edits to documents for developers regarding consultation opportunities. In Entry 3098, the redacted text is advice from Mr. Cameron regarding the proper framing of App Store services for members of the press. And in Entry 3496, Sean Dillon (in-house counsel) provides an assessment of legal arguments advanced by a regulatory body. While some of these ex-

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic. Dkt. 1092 ¶ 4(c). That production pursuant to a court order did not effect a waiver. *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

changes relate to business matters at Apple, the *legal advice* regarding those business matters is still privileged. *See United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).

**Contract Addenda and Guidelines: Entries 2995 (PRIV-APL-EG_00101492), 3006 (PRIV-APL-EG_00101660), 3380 (PRIV-APL-EG_00105259), 3399 (PRIV-APL-EG_00105433), 3405 (PRIV-APL-EG_00105551), 3016 (PRIV-APL-EG_00101732), 3103 (PRIV-APL-EG_00102627), 3318 (PRIV-APL-EG_00104797), 3358 (PRIV-APL-EG_00105066), 3360 (PRIV-APL-EG_00105082), 3334 (PRIV-APL-EG_00104911), 3105 (PRIV-APL-EG_00102636)**

All but one of the documents in this category are a different version or iteration of various addenda to Apple's Developer Program License Agreement (the "DPLA") with developers. As the Court may recall, the DPLA is a contract that all developers must enter into with Apple in order to create and distribute iOS apps on the iPhone. *See* Dkt. 812, at 29-32. The documents at issue here are contractual addenda to the DPLA—they are legal documents that bind both developers and Apple. For each of these entries, a lawyer (either Mr. Cameron or Ms. Lew) provides an updated version of different addenda, with new edits reflecting Apple's changes in response to global regulatory issues. The only exception is Entry 3105, which is a draft of the developer Guidelines circulated by Mr. Cameron and which raises the same issues.

As Apple previously explained, *see* Dkt. 1193, at 3–4, "[d]rafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("[P]reliminary drafts of documents are protected by the attorney-client privilege."). Indeed, drafts of contracts prepared or edited by lawyers are at the core of what the attorney-client privilege is meant to protect. To the extent Judge Hixson overruled Apple's privilege assertions over these documents because Apple's lawyers did not work in redline, that was error: There is no requirement that a lawyer redline, highlight, or otherwise indicate their changes to a document in order to make that document privileged when it is transmitted by the lawyer to a client for the purpose of providing legal advice. *See In re Premera Blue Cross Customer Data Sec. Breach Litigation*, 329 F.R.D. 656, 663 (D. Or. 2019).

**Information Collected and/or Prepared at the Direction of Counsel: Entries 3215**

(PRIV-APL-EG_00103745), 3218 (PRIV-APL-EG_00103776), 3224 (PRIV-APL-EG_00103817), 3248 (PRIV-APL-EG_00104107), 3249 (PRIV-APL-EG_00104108), 3251 (PRIV-APL-EG_00104112), 3252 (PRIV-APL-EG_00104113)

The documents in this category comprise information prepared or compiled at the direction of counsel in connection with ongoing litigation, including *this* litigation. These entries are all documents requested or sent by in-house and outside counsel before and during the evidentiary hearing in May 2024 in order to provide legal advice for the hearing. *See* PRIV-APL-EG_00103745; PRIV-APL-EG_00103774; PRIV-APL-EG_00103807; PRIV-APL-EG_00104105; PRIV-APL-EG_00104109 (parent emails). Regardless of whether the documents would be privileged if produced as standalone documents, they are privileged when provided to or from attorneys in the course of those attorneys providing or developing legal advice. *See Willis Elec. Co. v. Polygroup Trading Ltd.*, 2021 WL 568454, at *7 (D. Minn. Feb. 16, 2021) (adopting rule "protect[ing] a party from having to disclose that those specific documents were sent to counsel in connection with a request for legal advice," because "requiring disclosure of the attachments themselves creates a risk that an opponent may reverse engineer the substance of a client's request for legal advice"); *Am. W. Bank Members, L.C. v. Utah*, 2022 WL 103736, at *9 (D. Utah Jan. 11, 2022) ("[E]ven the forwarding of otherwise public information can reflect a client's concern and reveal the client sought legal advice in connection with it sufficient to merit attorney-client privilege protections."). That is because the attorney-client privilege "extends to a client's confidential disclosures to an attorney in order to obtain legal advice." *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *see also In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015) ("The attorney-client privilege protects communications between attorneys and their clients even when the facts being conveyed may themselves be unprivileged."); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (holding that confidential information disclosed by a client to obtain legal advice is protected by the attorney-client privilege).

**Draft Developer Documents: Entries 403 (PRIV-APL-EG_00019675), 3042 (PRIV-APL-EG_00102062), 3048 (PRIV-APL-EG_00102109)**

These documents are drafts of developer-facing communications and related documents.

Although the communications may not be privileged on their own, in this context, they are attachments to messages with in-house counsel in which counsel is providing feedback and analysis. Entry 403 is a draft system disclosure sheet attached to a message thread (PRIV-APL-EG_00019654) in which Ms. Lew and various non-lawyers discuss comments from Mr. Cameron about the sheet. Entry 3042 is an attachment to an email between Amy Dobrzynski (in-house counsel) (PRIV-APL-EG_00102059) and non-lawyers regarding edits to a developer intake form for new interoperability options under the Digital Markets Act. Entry 3048 is an attachment to an email from Mr. Cameron (PRIV-APL-EG_00102097) to a non-lawyer on a thread discussing the notarization process for apps and changes to the draft notarization support page (Entry 3048). "[D]rafts of documents" reflecting legal advice are "protected by the attorney-client privilege," *Barnes-Wallace*, 2002 WL 35646619, at *4, at least when attached as part of an exchange with in-house counsel seeking or receiving legal advice on those documents, *see In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. at 663. Here, while the documents themselves have a business purpose and standing alone may not be privileged, the purpose of the *communication* with counsel is to seek or provide legal advice. *See In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4.

**Requests for Legal Feedback: Entries 601 (PRIV-APL-EG_00024072), 1636 (PRIV-APL-EG_00042126), 2943 (PRIV-APL-EG_00101062), 2947 (PRIV-APL-EG_00101114), 2951 (PRIV-APL-EG_00101128), 2965 (PRIV-APL-EG_00101328), 2977 (PRIV-APL-EG_00101398), 2981 (PRIV-APL-EG_00101407), 3004 (PRIV-APL-EG_00101653), 3008 (PRIV-APL-EG_00101695)**

These documents were sent to counsel for feedback. In each instance, the Special Masters upheld Apple's privilege assertions over the parent emails to which the documents are attached, but not Apple's privilege assertions over the attachments (or, in the case of Entry 601, Judge Hixson overruled the Special Masters' ruling upholding the privilege). These documents are privileged because they were sent to counsel with a request for feedback. For example, Entry 601 is a draft fact sheet attached to an email indicating a need for "extensive" review by outside counsel (PRIV-APL-EG_00024058). Entry 1636 is an attachment to a parent email (PRIV-APL-EG_00042125) in which a non-lawyer asks for "feedback" from Ms. Lew on Entry 1636. Entries

2943, 2947, 2951, 2965, and 2977 are all screenshots of revised developer Guidelines sent to in-house counsel (Mr. Cameron, Ms. Lew, Jennifer Luo, and Taylor Phillips) for their feedback. *See* PRIV-APL-EG_00101044; PRIV-APL-EG_00101319; PRIV-APL-EG_00101398 (parent emails). And Entries 2981, 3004, and 3008 are drafts of proposed changes to developer support communications sent to counsel for feedback. *See* PRIV-APL-EG_00101403; PRIV-APL-EG_00101611). "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice," *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (cleaned up), which is what these documents comprise.

**Attorney Presentation Materials: Entries 3114 (PRIV-APL-EG_00102722), 3115 (PRIV-APL-EG_00102727), 3988 (PRIV-APL-EG_00116590)**

These documents are materials prepared by or at the direction of in-house counsel for presentation to various regulatory bodies. Entry 3114 is an email discussing strategy for a presentation Melissa Polinsky (in-house counsel) was planning to make to the UK government regarding child safety, and Entry 3115 is a draft slide for that presentation. Entry 3988 is a draft presentation drafted by outside counsel in connection with a proceeding before the European Commission regarding Apple's rules regarding music streaming apps. These are materials drafted or provided for the purpose of seeking or obtaining legal advice, and they are therefore privileged.

**Redacted Documents: Entries 1760 (PRIV-APL-EG_00043390), 3045 (PRIV-APL-EG_00102087), 3183 (PRIV-APL-EG_00103273), 482 (PRIV-APL-EG_00021967), 483 (PRIV-APL-EG_00021970), 1775 (PRIV-APL-EG_00044225), 486 (PRIV-APL-EG_00021978), 3052 (PRIV-APL-EG_00102115), 3124 (PRIV-APL-EG_00102883), 3349 (PRIV-APL-EG_00105014), 3350 (PRIV-APL-EG_00105019), 3351 (PRIV-APL-EG_00105028), 3374 (PRIV-APL-EG_00105216), 3463 (PRIV-APL-EG_00106032)**

For the documents in this category, Judge Hixson refused to consider targeted redactions Apple proposed in lieu of seeking to overrule the Special Masters' ruling in whole. As Apple has previously explained, Judge Hixson's approach is not consistent with Federal Rule of Civil Procedure 53(f). *See* Dkt. 1193, at 5. Apple reiterates that objection here.

## CONCLUSION

Apple respectfully requests that the Court reverse the Order in relevant part.

| | | |
|---|---|---|
| 1 | Dated: February 14, 2025 | Respectfully submitted, |
| 2 | | By: */s/ Mark A. Perry* |
| 3 | | Mark A. Perry<br>WEIL, GOTSHAL & MANGES LLP |
| 4 | | |
| 5 | | Attorney for Apple Inc. |