UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short responses to Apple's Objections to the Special Masters' rulings ("Objections"), filed on February 12, 2025. (Dkt. 1207.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege or for the Special Masters' decision to overrule those assertions; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents and their families.

- <u>Entry Nos. 1155 (PRIV-APL-EG_00081363) and 1255 (PRIV-APL-EG_00082271)</u>—Entry No. 1155 is a slide deck that Apple concedes was prepared by non-lawyer (presumably Marni Goldberg, Director, Corporate Communications, who is the custodian of the document), for Sean Dillon, in-house counsel, for use in what Epic understands to be an outward-facing presentation responding to a report from a regulator. Apple claims the deck includes a script and talking points, and that legal advice is "directly reflected" in the slides. As Epic understands it, therefore, Mr. Dillon apparently told Ms. Goldberg what he wishes to convey to a Japanese regulator, and she then prepared slides that would be shared with the regulator. Any legal points Mr. Dillon intended to press with an outside regulator are not legal advice provided to a client. Therefore, nothing in Apple's privilege log or the Objection suggests the Special Master was incorrect in concluding this document is not privileged. Entry No. 1255 is a draft public relations plan. In its privilege log, Apple claimed that the document redacts legal comments. But the title of the document, "PR Plan

Japan MG Edits", suggests that Ms. Goldberg is the one providing comments on the document, and in its Objections, Apple concedes the document reflects "strategy and speaking points *for* Mr. Dillon", not *by* Mr. Dillon.  PR-related comments from a PR professional on a PR plan are not privileged, even if the PR plan pertains to a regulatory issue and therefore lawyers are involved in its preparation.  Nothing in Apple's privilege log or in Apple's Objections suggests the Special Master erred in overruling Apple's privilege assertions.

- Entry No. 1342 (PRIV-APL-EG_00082914)—This is an email from Ms. Goldberg to executive assistants, Katie Jurow and Kristal Barnes.  Apple's privilege log claimed attorney-client privilege on the basis that the redacted text reflected legal advice from counsel, but now it claims the redacted text is in fact a transmission of legal advice by a non-lawyer.  Apple claims in its Objection the document relays information non-lawyers are hearing from lawyers, but says nothing about whether that information is factual or legal advice.  And Apple seeks to redact also "a number for items for discussion so the team can be 'ready' if the filing is imminent", which Apple says "indicates" these items, apparently devised by non-lawyers, were discussed with lawyers.  Nothing in the privilege log or the Objection explains the basis for the inference that lawyers were involved in devising these "items", nor does Apple suggest these items disclose any legal advice.  Based on the privilege log and Apple's Objection, the Special Master was correct to overrule Apple's privilege assertions on this document.

- Entry Nos. 1345 (PRIV-APL-EG_00082952) and 1346 (PRIV-APL-EG_00082961)— This is an email (and accompanying attachment) from Ms. Goldberg to Kyle Andeer, in-house counsel, copying communications personnel Fred Sainz and Hannah Smith.  Apple claims that the entirety of Entry No. 1345 is an email exchange between non-lawyer communications employees and Mr. Andeer, regarding a media briefing related to its Australia litigation.  Apple seeks to withhold the email in its entirety and redact the attachment.  It is hard for Epic to assess the logic of Apple's privilege claims here; the document is apparently intended to be public-facing, Mr. Andeer is not mentioned as the relevant attorney making any portion of the talking points being privileged, and it is unclear why the cover email chain ought to be withheld in its entirety.  Given this lack of clarity, Epic is unable to take a position on these documents.

DATED: February 14, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*