UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered February 6, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Emails Providing or Reflecting Legal Advice (Entry Nos. 1091 (PRIV-APL-EG_00079343), 1166 (PRIV-APL-EG_00081510), 1186 (PRIV-APL-EG_00081705), 1301 (PRIV-APL-EG_00082600), 1317 (PRIV-APL-EG_00082730), 1318 (PRIV-APL-EG_00082731), 1336 (PRIV-APL-EG_00082871), and 1337 (PRIV-APL-EG_00082880))**

Entry 1091 (PRIV-APL-EG_00079343) is an email thread initiated by Alanna Rutherford (in-house counsel) summarizing an order by the Ninth Circuit in this litigation. The top email includes a message from one non-lawyer to herself with notes about press communications, but that additional material does not vitiate privilege over the thread, which is plainly for the primary purpose of providing legal advice regarding developments in this litigation and is properly withheld.

Entry 1166 (PRIV-APL-EG_00081510) is an email thread among several non-lawyers and lawyers regarding a draft study for publication. At the outset of the email thread, the non-lawyer starting the thread states that the document is "inclusive of all the good counsel we received from our colleagues across the company including the App Store, Legal," and others. The non-lawyer then references an email from Sean Dillon (in-house counsel) informing strategy for the study. In the thread, Kyle Andeer (in-house counsel) provides feedback on the study in response to questions raised by non-lawyers. The document itself (Entry 1167 (PRIV-APL-EG_00081528)) reflects legal advice and was sent for the purpose of obtaining legal feedback, and the email thread discusses legal advice. They are both privileged.

Entry 1186 (PRIV-APL-EG_00081705) is an email thread initiated by a non-lawyer seeking reactions and information from Sean Cameron (in-house counsel) and a non-lawyer regarding recent allegations made against Apple. Mr. Cameron provides responses "inline" (i.e., in the body of the email sent to him). Although there are other non-lawyers on the email thread, the initial outreach is to Mr. Cameron and just one other recipient, and the content concerns allegations of misconduct made against Apple. The transmission is for the primary purpose of seeking or providing legal advice and therefore is privileged. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege.").

Entry 1301 (PRIV-APL-EG_00082600) is an email containing a draft outline of press strategy related to certain regulatory developments in Japan. While not privileged on its own, the email indicates that the outline is being sent to in-house lawyers in Apple's Competition department for review and feedback. For that reason, it is a "confidential disclosure[]" made "to an attorney in order to obtain legal advice" and is therefore privileged. *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *see also Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (confidential information disclosed by a client to obtain legal advice is protected by the attorney-client privilege). Entry 1302 (PRIV-APL-EG_00082606) is a document containing the same outline and is privileged for the same reason.

Entry 1317 (PRIV-APL-EG_00082730) is an email in which one non-lawyer sends to another non-lawyer a document "created by the lawyers" and suggests seeking legal advice on a related issue. Entry 1318 (PRIV-APL-EG_00082731) is the document prepared by counsel. The email is privileged as an express indication of an intent to seek legal advice on a topic. The

2

attached document is both privileged (because it comprises legal advice regarding certain documents related to this litigation) and protected as work product (because it was prepared by an attorney in furtherance of this litigation). Epic's assertion that the work product doctrine applies only to prospective litigation is wrong, *see Colonies Partners, L.P. v. County of San Bernardino*, 2020 WL 5846477, at *4 (C.D. Cal. Jan. 24, 2020) (work product applies "when litigation is *pending* or imminent" (emphasis added)); *ACLU of N. Cal. v. Dep't of Justice*, 2015 WL 3793496, at *7 (N.D. Cal. June 17, 2015) (primary concern of work product doctrine is to protect attorney work product "relevant to any specific, *ongoing*, or prospective case or cases" (emphasis added)), but also irrelevant: The document was created during the original merits hearing in this case for the purpose of *that* phase, which Epic cannot claim is outside the scope of the work product doctrine.[1]

Entry 1336 (PRIV-APL-EG_00082871) is principally an email from outside counsel to Heather Grenier (in-house counsel) and a non-lawyer which sets forth counsel's proposed answers to likely press questions regarding the pending appeal. The top email in the chain is from the non-lawyer recipient to another non-lawyer asking for the proposed answers to be formatted. Entry 1337 (PRIV-APL-EG_00082880) is a standalone document containing the same proposed answers. Draft press materials prepared by counsel are protected by the privilege. *See Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019). That is particularly true when the materials are prepared by outside counsel, because "communications between a client and its outside counsel are presumed to be made for the purpose of seeking *legal* advice." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) ("If a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired 'as such' to give 'legal advice.'").

---

[1] Epic's challenge to the privilege log entry is misguided—documents that "reflect legal advice" are just as privileged as documents that provide such advice directly. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("[A] document that is not communicated between an attorney and a client may still be privileged as long as the document by its nature and contents memorializes and reflects legal advice rendered in a privileged conversation." (quotation marks omitted)).

**Draft and Final Correspondence (Entry Nos. 1005 (PRIV-APL-EG_00077505) and 1006 (PRIV-APL-EG_00077514))**

Entry 1005 (PRIV-APL-EG_00077505) is an email thread principally among in-house counsel and outside counsel discussing the drafting and content of a letter being sent to opposing counsel in the midst of the evidentiary hearing in this litigation in May 2024. In the last email in the thread, in-house counsel forwards the thread and the as-sent letter to two non-lawyers. The discussion of the drafting and revision of a letter for opposing counsel is a communication for the primary (and indeed, the sole) purpose of providing legal advice, and the fact that the discussion was forwarded does not destroy privilege over the entire thread. Entry 1006 (PRIV-APL-EG_00077514) is the letter itself sent to Epic by outside counsel, which Apple will produce.

**Draft Slide Deck (Entry Nos. 1070 (PRIV-APL-EG_00078882) and 1071 (PRIV-APL-EG_00078885))**

Entry 1070 (PRIV-APL-EG_00078882) is an email thread in which a non-lawyer sends a draft slide deck to Jennifer Brown (in-house counsel) for feedback, Ms. Brown provides feedback, and the non-lawyers implement that feedback and recirculate the deck to the thread. The parent email is a request for legal advice and response from in-house counsel, and is therefore privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2; *Phoenix Sols.*, 254 F.R.D. at 575. The slide deck itself (Entry 1071 (PRIV-APL-EG_00078885)) is protected as work product because it was created in connection with pending litigation and "would not have been created in substantially similar form but for the prospect of litigation." *ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018).

**Outside Counsel Communications Regarding Public Affairs (Entry Nos. 1207 (PRIV-APL-EG_00081920), 1211 (PRIV-APL-EG_00081945), 1212 (PRIV-APL-EG_00081959), 1217 (PRIV-APL-EG_00081981), 1218 (PRIV-APL-EG_00081990), 1285 (PRIV-APL-EG_00082512), and 1286 (PRIV-APL-EG_00082517))**

Epic attacks the work of one of Apple's outside counsel law firms related to "government relations and interfacing," claiming that all communications with this law firm are outside the privilege. Dkt. 1200, at 4. As Apple has explained, "where an attorney gives a client legal advice on a business decision, that communication is protected by privilege." *Stirratt v. Uber Techs.*, 2024 WL 1723710, at *1 (N.D. Cal. Apr. 19, 2024); *see also Chen*, 99 F.3d at 1501 (a "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs"). And as noted above, there is a rebuttable presumption that outside counsel is retained to give legal advice. *See Chen*, 99 F.3d at 1501; *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076. These two principles combined give rise to a presumption that outside counsel's advice in connection with government or public affairs was legal in nature—a presumption Epic has not rebutted. *See Adams v. United States*, 2008 WL 2704553, at *3 (D. Idaho July 3, 2008).

Under this framework, the challenged documents are privileged. Entry 1207 (PRIV-APL-EG_00081920) is a conversation between an Apple employee and outside counsel regarding public coverage of certain changes Apple made in response to new regulations and laws in the European Union. Entry 1211 (PRIV-APL-EG_00081945) and its attachment, Entry 1212 (PRIV-APL-EG_00081959), are similar in that they comprise a discussion between Apple, outside counsel, and its third-party consultant regarding developer reactions to those changes in connection with a press inquiry. Entry 1217 (PRIV-APL-EG_00081981) and 1218 (PRIV-APL-EG_00081990) are similar to Entries 1211 and 1212. In all of these documents, while outside counsel is not providing advice regarding anticipated litigation, that does not render the work being done less legal in nature. For that reason, courts have upheld privilege assertions over communications that "concern the giving and receiving of legal advice regarding [the client's] response to [a] press inquiry." *Klein v. Meta Platforms, Inc.*, 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022)

Epic's cases are not on point. *Sol v. Whiting* addressed the question of whether communications between lobbyists *and legislators* are privileged, concluding that they generally are not. 2014 WL 12526316, at *1–2 (D. Ariz. Jan. 31, 2014). And *Alabama Aircraft Industries, Inc. v. Boeing Company* concerned communications between third-party consultants and their clients. 2016 WL 9781826, at *3–4 (N.D. Ala. Mar. 24, 2016). At issue here, however, are communications between Apple and its *outside counsel*, as well as third-party consultants. The counsel implicated here was retained by the client, and the presumption is that Apple did so for the purpose of obtaining legal advice.

Epic also argues waiver on the ground that the communications included a third-party consultant, but states the wrong legal standard. Dkt. 1200, at 4–5. In the Ninth Circuit, a third-party consultant may become a party to a confidential communication without breaking the privilege if the consultant is a "functional employee" of the company, such as where the consultant regularly communicates with others on behalf of the company, manages certain of the company's employees, and was the "company's voice in its communications with counsel." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). Under this test, "the dispositive question is the consultant's relationship to the company and whether by virtue of that relationship he possesses

6

information about the company that would assist the company's attorneys in rendering legal advice." *United States ex rel. Strom v. Scios, Inc.*, 2011 WL 4831193, at *4 (N.D. Cal. Oct. 12, 2011).

Epic does not cite *Graf* or any case applying it, and instead cites two cases applying *California*'s privilege rules, rather than the federal common law of privilege. *See Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 2022 WL 885368, at *1 (N.D. Cal. Mar. 25, 2022) ("The Court finds that California statutory law applies."); *Anderson v. SeaWorld Parkts & Entm't, Inc.*, 329 F.R.D. 628, 632 (N.D. Cal. 2019) (applying California law). In fact, the court in *Resolute Forest* explicitly observed that "[f]ederal common law on attorney-client privilege is broader than New York law and California law and *does not* require a finding the communication was reasonably necessary for the attorney to provide legal advice" in order to sustain the privilege for communications with third-party consultants. 2022 WL 885368, at *3 (citing *Graf*) (emphasis added; alteration and quotation marks omitted)). Because this case, however, "involves both federal and state claims, the federal law of privilege should apply," *Granberry v. Jet Blue Airways*, 228 F.R.D. 647, 650 (N.D. Cal. 2005); *see also Boyd v. City & County of San Francisco*, 2006 WL 1141251, at *3 (N.D. Cal. May 1, 2006) ("State law claims that are pendent to federal question cases, however, are governed not by state law but by federal privilege law."), as both parties (and the Court) have assumed throughout.

Under the federal standard applicable here, there is no waiver. The documents show the third-party consultant working as an integrated group with Apple employees and outside counsel. And "where a consultant performs work that is substantially intertwined with the subject matter of a corporation's legal concerns, and the consultant provides information to the corporation's attorney to aid the attorney in advising the corporate client, the privilege extends to the consultant as the corporation's functional employee." *Schaeffer v. Gregory Village Partners, L.P.*, 2015 WL 166860, at *4 (N.D. Cal. Jan. 12, 2015); *see also W. Sugar Cooperative v. Archer-Daniels-Midland Co.*, 2015 WL 12696192, at *2 (C.D. Cal. Nov. 4, 2015) (extending privilege to third-party consultant who "performed public relations and marketing duties on behalf of" the client in the same manner the client's "employees would have if [the client] had an in-house public relations and marketing team"). A cross-functional group of outside counsel and consultants working to provide guidance to a client navigating changing regulatory regimes is precisely the kind of circumstance in which the privilege should be preserved.

The last set of documents are even more clearly privileged. Entry 1285 (PRIV-APL-EG_00082512) is an email thread in which a non-lawyer seeks feedback from outside counsel on a press-facing document (Entry 1286 (PRIV-APL-EG_00082517)) describing and responding to pending litigation. At the end of the thread, the non-lawyer forwards the thread with outside counsel to a third-party consultant working closely with Apple's employees on public relations issues. Draft materials shared with outside counsel for review and legal advice fall within the attorney-client privilege. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019).

7

DATED: February 14, 2025                              WEIL, GOTSHAL & MANGES LLP
                                                     By: */s/ Mark A. Perry*
                                                     *Counsel for Defendant Apple Inc.*