## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

|  |  |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered February 10, 2025.  We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery.  As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

At the outset, Epic's objections are procedurally improper.  The Privilege Re-Review Protocol provides that "[o]bjections shall be filed on a document-by-document basis."  Dkt. 1092 ¶ 4(b).  The purpose of that provision is to avoid the very thing Epic has done here—the lodging of categorical objections over large groups of documents without an individualized explanation of why the Special Masters' ruling was in error.  Indeed, the point of the Special Master review was to reduce the burden on the Court from reviewing the large numbers of privileged documents at issue in this litigation.  *See* Hr'g Tr. 4:10–23 (Dec. 3, 2024).  Epic's objections undermine that purpose by essentially asking this Court to redo the Special Masters' work with respect to several categories of documents, with little guidance as to what exactly Epic is objecting to.

Most of Epic's groupings do not even relate to the contents of the documents, but rather are based solely on the senders or recipients of the documents.  *See* Dkt. 1202, at 2-3.  There is no

requirement that an attorney's name appear in the To, From, or CC line in a communication for the document to be privileged. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). The Special Masters reviewed each of these documents and determined, based on the full context—not just the identity of the senders or recipients—whether the documents are privileged. And with the benefit of that full context, the Special Masters are upholding Apple's privilege assertions in the priority review at a rate of ~93%, even higher than the previous rounds of review.

Notwithstanding that Epic has not filed this set of objections "on a document-by-document basis," Apple is responding here as to each document identified in Epic's objections. Apple submits that the proper course, however, is to reject without further analysis all of Epic's objections (at least as to the first three categories). For the Court to undertake an individualized review of these documents when Epic has failed to make individualized objections would reward Epic's end-run around the protocol.

**Emails Sent to Lawyers (Entry Nos. 59 (PRIV-APL-EG 00150016), 79 (PRIV-APL-EG 00150104), 86 (PRIV-APL-EG 00150155), 102 (PRIV-APL-EG 00150245), 111 (PRIV-APL-EG 00150279), 161 (PRIV-APL-EG 00150470), 178 (PRIV-APL-EG 00150526), 186 (PRIV-APL-EG 00150566), 195 (PRIV-APL-EG 00150609), 212 (PRIV-APL-EG 00150695), 242 (PRIV-APLEG 00150836), 243 (PRIV-APL-EG 00150838) 245 (PRIV-APL-EG 00150846), 246 (PRIV-APL-EG 00150853), 253 (PRIV-APL-EG 00150910), 254 (PRIV-APL-EG 00150913), and 1479 (PRIV-APL-EG 00162710), 1593 (PRIV-APL-EG 00163926))**

The broadest of Epic's categories is for emails sent directly to lawyers. Epic challenges these privilege assertions on the ground that other non-lawyers were also included on the thread. As Apple has explained, whether a document is privileged under the primary purpose test does not turn on the number of non-lawyers included on a communication. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 1321522, at *5 (N.D. Fla. Mar. 20, 2020); *Rowe v. E.I. DuPont de Nemours & Co.*, 2008 WL 4514092, at *11 (D.N.J. Sept. 30, 2008). The actual content of these documents (rather than the sheer number or mix of participants) shows that each is privileged.

Entry 59 (PRIV-APL-EG_00150016) is an email thread between several Apple in-house counsel, including Sean Cameron, Ling Lew, and Jennifer Brown (all in-house counsel), and other Apple non-lawyers in which counsel analyzes the Court's rulings and provides legal advice regarding Apple's plans for Injunction compliance. Entry 79 (PRIV-APL-EG_00150104) is a continuation of the same thread. This discussion of legal advice and Injunction compliance is privileged. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

Entry 86 (PRIV-APL-EG_00150155) is an email from a non-lawyer to Jennifer Brown (in-house counsel) and others seeking Ms. Brown's feedback on a draft Price Committee slide deck. This is a request for legal advice and is therefore privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

Entry 102 (PRIV-APL-EG_00150245) is an email chain between several Apple in-house counsel, including Sean Cameron, Ling Lew, Heather Grenier, and Jennifer Brown (all in-house counsel), and other Apple non-lawyers in which counsel provides substantive legal advice and analysis regarding this litigation in connection with a draft slide deck. There are express requests for legal advice in this thread. Both the requests for legal advice and the feedback are privileged. *See ChevronTexaco*, 241 F. Supp. 2d at 1076.

Entry 111 (PRIV-APL-EG_00150279) is an email thread between several Apple in-house counsel, including Sean Cameron, Ling Lew, Heather Grenier, and Jennifer Brown (all in-house counsel, and other Apple non-lawyers, in which Ms. Lew circulates a draft addendum to the Apple developer agreement and discusses key points of consideration for the recipients. The email thread contains substantive legal discussions of language edits and strategy and is privileged. *See Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994) ("Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process.").

3

Entry 161 (PRIV-APL-EG_00150470) is an email adding two non-lawyers to an email thread between several in-house counsel, including Sean Cameron, Ling Lew, and Jennifer Brown, and other Apple employees, in which Mr. Cameron provides substantive legal advice and analysis for Apple's planned Injunction compliance. Entry 1593 (PRIV-APL-EG_00163926) is a duplicate of this email. Both are privileged as they contain express legal advice.

Entry 178 (PRIV-APL-EG_00150526) is an email of a list of action items preceding a meeting. The action items contain requests for legal advice from Apple in-house counsel in connection with Apple's Injunction compliance. These requests for legal advice are privileged. *See Sanmina*, 968 F.3d at 1116.

Entry 186 (PRIV-APL-EG_00150566) is an email thread between several Apple in-house counsel, including Sean Cameron, Ling Lew, and Jennifer Brown, and other Apple non-lawyers in which Ms. Brown provides substantive legal advice regarding litigation strategy and analysis of Injunction compliance options, largely in response to direct questions for legal advice from non-lawyers. Entry 195 (PRIV-APL-EG_00150609), Entry 212 (PRIV-APL-EG_00150695), and Entry 245 (PRIV-APL-EG_00150846) are continuations of this same email thread. This request for and provision of legal advice are privileged. *See ChevronTexaco*, 241 F. Supp. 2d at 1076.

Entry 242 (PRIV-APL-EG_00150836) is an email thread between several Apple in-house counsel, including Sean Cameron, Ling Lew, Heather Grenier, and Jennifer Brown, and other Apple non-lawyers, in which Ms. Lew and a non-lawyer discuss the current plan of Injunction compliance and legal strategy. This exchange for the purpose of requesting and providing legal advice is privileged. *See ChevronTexaco*, 241 F. Supp. 2d at 1076.

Entry 243 (PRIV-APL-EG_00150838) is an email transmitting a slide deck regarding Wisconsin, sent by a non-attorney to in-house counsel Sean Cameron and other non-lawyers, substantively explaining edits made to the slide deck based in part on attorney advice. The document memorializes and reflects legal advice already provided and is therefore privileged. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

Entry 246 (PRIV-APL-EG_00150853) is an email from a non-lawyer to Sean Cameron (in-house counsel) and other in-house counsel, among others, requesting advice and sign-off on a plan for launching Apple's compliance plan under the Injunction. This disclosure of confidential information for the purpose of obtaining legal advice is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008).

Entry 253 (PRIV-APL-EG_00150910) is a request from a non-lawyer employee to the in-house legal team (including Jennifer Brown) for legal advice on a draft background Q&A. Entry 254 (PRIV-APL-EG_00150913) is the attached Q&A. A request for legal review of draft press materials (and the attached materials) is privileged. *See Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

Entry 1479 (PRIV-APL-EG_00162710) is an email from a non-lawyer to senior executives and in-house counsel relaying Apple's plans for complying with the Digital Markets Act, reflecting

throughout legal advice regarding Apple's strategy. This memorialization of legal advice is privileged. *See Chrimar*, 2016 WL 1595785, at *3.

**Emails Copying Lawyers (Entry Nos. 359 (PRIV-APL-EG_00152116), 1536 (PRIV-APL-EG_00162926), 1538 (PRIV-APL-EG_00162944), 1603 (PRIV-APLEG_00163959), 1599 (PRIV-APL-EG_00163945), and 1646 (PRIV-APL-EG_00164107))**

Entry 359 (PRIV-APL-EG_00152116) is an email from a non-lawyer to other non-lawyers with Jennifer Brown (in-house counsel) copied relaying language drafted by Ms. Brown and her team regarding the interplay of Digital Markets Act and the Injunction in this case. This memorialization of legal advice is privileged. *See Chrimar*, 2016 WL 1595785, at *3.

Entry 1536 (PRIV-APL-EG_00162926) is an email thread initiated by a non-lawyer to Kate Adams (Apple's General Counsel), among others, explaining edits made pursuant to Ms. Adams' and others' feedback and asking for further feedback, followed by a discussion of that feedback. Entry 1538 (PRIV-APL-EG_00162944) is a shorter version of the same email thread.

Entry No. 1603 (PRIV-APLEG_00163959) is an email chain from a non-lawyer to Jennifer Brown and Ling Lew (in-house counsel), among others, requesting advice from in-house counsel regarding the launching of Apple's compliance plan under the Injunction. This request for legal advice is privileged. *See Sanmina*, 968 F.3d at 1116.

Entry 1646 (PRIV-APL-EG_00164107) is an email thread initiated by a non-lawyer to Ling Lew (in-house counsel), among others, requesting advice regarding edits to a system disclosure sheet for apps distributed in the European Union. Entry 1599 (PRIV-APL-EG_00163945) is a shorter version of the same thread. Again, these requests for legal advice are privileged. *See Sanmina*, 968 F.3d at 1116.

**Emails Without Lawyers Copied (Entry Nos. 374 (PRIV-APL-EG_00152210), 375 (PRIV-APL-EG_00152217), and 381 (PRIV-APL-EG_00152246))**

Epic challenges three emails it asserts have "[n]o [a]ttorney [i]nvolvement." In fact, however, each of these three documents consists of an email forwarding a discussion *with lawyers* to a non-lawyer, with minimal or no commentary. The forwarding of an email does not negate the fact that the *primary* purpose of the communication was the seeking or provision of legal advice.

Entry 374 (PRIV-APL-EG_00152210), is an email forwarding an email thread between several Apple in-house counsel, including Sean Cameron, Ling Lew, Heather Grenier, and Jennifer Brown (all in-house counsel), and other Apple employees, in which Ms. Lew circulates a draft addendum to the Apple developer agreement and discusses key points of consideration for the recipients. The email thread contains substantive legal discussions of language edits and strategy and is privileged. In the final email, a non-lawyer forwards the thread to other non-lawyers at Apple without commentary.

Entry 375 (PRIV-APL-EG_00152217) is an email forwarding a lengthy exchange between non-lawyer employees and Ling Lew, Jennifer Brown, Sean Cameron, and Sean Dillon (all in-house counsel) in which a non-lawyer requests legal feedback from in-house counsel regarding potential changes to App Store services outside of the United States and counsel provides extensive feedback. In the final email, a non-lawyer forwards the thread to other non-lawyers for visibility.

Entry 381 (PRIV-APL-EG_00152246) is an email forwarding a list of potential questions expected from developers regarding new App Store services offered pursuant to the Digital Markets Act in the European Union. The email indicates the list was "[p]repared at the request of counsel" and Ling Lew (in-house counsel) is included on the thread. In the final email, a non-lawyer forwards the list to another non-lawyer at Apple without commentary.

**Injunction Implementation Decks (Entry Nos. 1467 (PRIV-APL-EG 00162374), 1469 (PRIV-APL-EG 00162454), 1470 (PRIV-APL-EG 00162498), and 1471 (PRIV-APL-EG 00162520))**

Entry 1467 (PRIV-APL-EG_00162374) is a slide deck entitled "Epic Injunction Implementation," which summarizes the then-current plan for compliance with the Injunction, sets forth the legal strategy and assesses various legal aspects of the compliance plan, summarizes litigation against other platforms and analyzes its implications for this case, and analyzes the intersection between the Injunction and new requirements under the Digital Markets Act. The deck has no business purpose—it is an update on and analysis of ongoing *legal* developments relevant to the App Store. Entry 1469 (PRIV-APL-EG_00162454) is the same document. Entry 1470 (PRIV-APL-EG_00162498) is a shorter version of the same document, but with comments from in-house counsel (Charles Paillard) and speaker notes. These documents were shared for the primary purpose of advising Apple as to the legal aspects of compliance with the Injunction and therefore are privileged.

Entry 1471 (PRIV-APL-EG_00162520) is a slide deck entitled "Epic Injunction Implementation Proposal," summarizing the requirements of the Injunction and analyzing options for compliance. The deck includes extensive speaker notes assigned to in-house counsel (Heather Grenier and Sean Cameron). Although the deck may have a secondary business purpose, the primary purpose was to advise decision makers regarding the *legal* implications of various compliance options, as evidenced by the extensive discussion from members of in-house counsel (including from the litigation team) regarding the options for compliance.

**Message Thread (Entry No. 1567 (PRIV-APL-EG_00163103))**

Entry 1567 (PRIV-APL-EG_00163103) is a one-page message thread in which a non-lawyer raises a question and "defer[s]" to Jennifer Brown and Ling Lew (both in-house counsel) regarding the answer.  Ms. Brown then provides her perspective on the question raised.  This is a clear request for legal advice and a response from a lawyer, and it is privileged.  *See ChevronTexaco*, 241 F. Supp. 2d at 1076

DATED: February 14, 2025                    WEIL, GOTSHAL & MANGES LLP

                                            By: */s/ Mark A. Perry*
                                            *Counsel for Defendant Apple Inc.*