# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York

February 18, 2025

Re: *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-5640 (N.D. Cal.)

Your Honor,

I write on behalf of Epic Games, Inc. ("Epic") regarding the upcoming evidentiary hearing on Epic's Motion to Enforce Injunction, set to resume on February 24, 2025. (Dkt. 925 at 1; Dkt. 1171 at 2.) Apple Inc. ("Apple") is again trying to interfere with and/or delay the proceeding, informing Epic by letter yesterday that it "rejects" Epic's "attempt" to call additional witnesses at the upcoming hearings beyond those who testified during the May hearings. In that letter, Apple notified Epic that it "does not intend to produce" three Apple employees that Epic told Apple it intends to call: Marni Goldberg, Rafael Onak and Kunnal Vij. (Ex. E at 1.) Epic met and conferred with Apple on this issue, but Apple has confirmed its refusal to make these witnesses available to testify. Epic therefore respectfully requests that this Court order Apple to produce these three witnesses to testify at the upcoming February 24-26, 2025 hearing.

## Epic Made Clear Its Intention to Call Additional Witnesses and Apple Did Not Object.

As this Court is aware, since early June 2024, Epic has been fighting Apple's relentless efforts to delay and frustrate this Court's order compelling discovery. (*See* Dkts. 974; Dkt. 1171 at 3.) Apple's intentional delay and obfuscation led Judge Hixson and this Court to conclude that Apple has engaged in "bad behavior" (Dkt. 1017 at 2); has massively withheld documents "in large part [to] delay . . . [which] was totally a tactic" (Jan. 14, 2025 Hr'g Tr. 23:20-24); and that "sanctions [on Apple] are warranted". (Dkt. 1171 at 3.) As a result of this delay, on January 13 and 14, 2025, Apple produced to Epic nearly 27,000 documents previously improperly withheld on false claims of privilege, and the Special Masters' review of documents Apple maintains are privileged is likely to continue for several more weeks.

On January 14, 2025, this Court held a case management conference. In response to the Court's inquiry about the expected witnesses at the upcoming hearings, Epic represented it intends to call Messrs. Oliver and Schiller, and that it had "identified other individuals who were clearly involved in a material way in this process through the documents [Epic] received" and was considering calling such witnesses as well. (Jan. 14, 2025 H'rg Tr. 20:9-20.) Apple did not raise any objection to Epic calling additional witnesses.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

On February 3, 2025, Apple sent Epic a letter "regarding Apple witnesses" at the upcoming hearing. (*See* Ex. A at 1.) In this correspondence, Apple confirmed the availability of Messrs. Oliver and Schiller to appear at the upcoming hearings and noted its "understand[ing]" that "Epic does not intend to call any witnesses other than Mr. Schiller and Mr. Oliver". Apple asked Epic to confirm as much by February 5, 2025. (*Id.*) Apple had no basis for that supposed "understanding", and Epic promptly responded the next day that it was still reviewing the tens of thousands of documents Apple had produced to it, and that it therefore would "not be in a position to provide a full witness list by February 5" and instead would "endeavor to provide Apple with a full witness list by February 14". (Ex. B at 1.) Apple did not object or otherwise respond to Epic's letter.

At noon on Friday, February 14, 2025, during a meet and confer that Epic had asked for about the ongoing document issues, Apple again asked whether Epic intended to call any additional witnesses beyond Messrs. Oliver and Schiller. Epic noted that it *did* intend to call others, that it intended to disclose their identities later that day (consistent with the timing from Epic's February 4, 2025 letter) and, to accommodate a request from Apple to disclose those witnesses as soon as practicable, Epic committed to disclose them by 3:30 PM PT. Apple again did not object. Epic provided Apple with its list of additional witnesses on Friday, February 14, 2025 at 2:40 PM PT. (*See* Ex. C.) Epic disclosed that, in addition to Messrs. Oliver and Schiller, it intends to call three other Apple employees: Ms. Goldberg, Director of Corporate Communications; Mr. Onak, UX Writing Manager; and Mr. Vij, Senior Manager Finance.

Apple did not respond to Epic on Friday, February 14, as Epic had sought. Instead, on February 15, 2025, Apple wrote to Epic saying "Apple will respond to all aspects of your [February 14 note disclosing the witnesses] on Monday, February 17". (*See* Ex. D.) On February 17, 2025, Apple finally responded, claiming that "Epic has never previously stated that it intended to call *any* witnesses beyond those who already testified in the May 2024 hearing, and certainly never previously indicated that it intended to call any of these three witnesses." (Ex. E at 1.) Apple further stated that "Apple rejects Epic's attempt to do so at this late date and, absent additional information, does not intend to produce these witnesses on February 24-26." (*Id.*)

### **Apple's Objection to the Additional Witnesses Lacks Merit.**

In its February 17, 2025 letter objecting to the three additional witnesses, Apple makes three primary arguments, each of which is flatly wrong.

*First*, Apple argues that "there is no basis for Epic to call witnesses who did not previously testify". (Ex. E at 1.) This position is entirely untenable. On May 31, 2024, after having heard from four Apple witnesses, the Court ordered Apple to produce "all Apple's documents relative to the decision-making process leading to the link entitlement program and associated commission rates". (Dkt. 974.) Since that date, Apple has produced approximately 130,000 documents from the files of over 50 custodians, including the three additional witnesses Epic has proposed. The availability of 130,000 new documents not previously available to Epic is itself a sufficient basis for identifying and disclosing additional witnesses. The notion that the past eight months of discovery were simply intended to locate documents on which to cross witnesses Epic had identified nearly a year ago, before it had access to a single internal document from Apple, is simply absurd.

It is also incorrect that the addition of new witnesses came as a surprise to Apple. At the January 14, 2025 conference, the Court specifically asked Epic who the witnesses at the upcoming hearings might be. In response, Epic stated that it intends to recall Messrs. Schiller and Oliver and that "we have identified other individuals who were clearly involved in a material way in this process . . . through the documents we've received". (Jan. 14, 2025 H'rg Tr. 20:16-18.) Apple, as noted above, raised no objection to the prospect of Epic calling such "other individuals" to testify.

Apple also now claims that "calling *new* witnesses will do nothing to advance the stated purpose of the hearing" (Ex. E at 2), but the stated purpose of the hearing is for the Court to hear from relevant witnesses so it can "further assess Epic Games' arguments as well as Apple's defenses." (Dkt. 925 at 3.) These witnesses will speak specifically to Apple's planning and execution of its Injunction response. The notion that the entire discovery process that has unfolded in the last 10 months was going to then be limited to being used only to examine the four witnesses who were identified as witnesses before a single document was produced is absurd.

*Second,* Apple argues that "the individuals Epic seeks to call have no unique—and perhaps no *relevant*—knowledge pertinent to the resolution of Epic's motion to enforce the Injunction." (Ex. E at 1.) But that is not for Apple to decide. All three additional witnesses are current Apple employees, all three were core members of Apple's Injunction response team, and all three were document custodians. In fact, Apple admits that Mr. Onak and Mr. Vij were involved in Project Wisconsin (*id.*), Apple's code name for its response to the Injunction. And although Apple claims that Ms. Goldberg "had no decision making authority with respect to Project Wisconsin" (*id.*), a document already filed with this Court in connection with this motion demonstrates that Ms. Goldberg has been heavily involved with the Injunction response efforts. (Dkt. 1035-2.)

*Third*, Apple argues that "it is far too late to identify additional witnesses" and claims that Epic was required to identify those witnesses 30 days before the hearing, *i.e.*, by January 24, 2025. (Ex. E at 2.) As discussed above, Epic made clear that it intended to disclose additional witnesses by February 14, 2025, and Apple did not object.

And notably, Apple's insistence on 30 days notice is inconsistent with the prior practice in this case; this Court's order setting the evidentiary hearings in May 2024 required the submission of witness lists only 8 days in advance of the commencement of the hearings, less than the notice Apple received with Epic's February 14 notice. (Dkt. 925 at 3.) The same is true for Apple faulting Epic for not serving trial subpoenas on the three witnesses; the three additional witnesses that Epic intends to call are current Apple employees that are under Apple's control, and Apple never demanded that similar subpoenas be served on any of the witnesses who testified at the May 2024 hearings.[1]

In any event, Epic would not reasonably have been able to disclose the witnesses by January 24, 2025 because Apple produced the bulk of its improperly withheld documents—nearly 27,000— on January 13 and 14, only 10 days prior to what Apple now claims (for the first time) was the supposed deadline for Epic to disclose new witnesses. It is entirely unreasonable for Apple to

---

[1] If Apple insists on the service of trial subpoenas, Epic will serve such subpoenas on the three witnesses.

delay its document production and then seek to deny Epic the opportunity to review Apple's belated productions before it must identify additional witnesses.[2]

For all the reasons stated above, Epic requests that this Court order Apple to make Ms. Goldberg, Mr. Onak and Mr. Vij available to testify at the hearing next week.

Sincerely,

*/s/ Yonatan Even*
Yonatan Even

---

[2] Apple insists in its letter that Epic identify specific documents produced after January 14, 2025 that led Epic to call the three additional witnesses.  (Ex. E at 3-4.)  Apple repeated this demand during the meet and confer between the parties.  Apple's demand misunderstands the issue.  Epic never claimed it had identified any specific document (or documents) that caused it to choose any one of these witnesses; rather, Epic had to wait for Apple to produce the bulk of its improperly withheld documents before it could meaningfully assess the (still incomplete) discovery record and determine which additional witnesses it wishes to call.

# EXHIBIT A

**Weil, Gotshal & Manges LLP**

BY E-MAIL

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark Perry**
+1 (202) 682-7511
Mark.Perry@weil.com

February 3, 2025

Gary Bornstein
Yonatan Even
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Re: *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-5640 (N.D. Cal.)

Counsel:

On behalf of Apple Inc. ("Apple"), I am writing regarding Apple witnesses at the resumption of the evidentiary hearing.

Both Phil Schiller and Carson Oliver are available to testify on February 24–26, 2025. Based on Epic's responses to Judge Gonzalez Rogers at the January 14, 2025 status conference, as well as the fact that the hearing dates are now three weeks away and Epic has not requested any additional witnesses, we understand that Epic does not intend to call any witnesses other than Mr. Schiller and Mr. Oliver. In addition, based on Epic's successful opposition to Apple's motion to modify the witness admonition, including Epic's position that the witnesses are still on cross-examination, as well as Judge Gonzalez Rogers' statements at the November 4, 2024 status conference (Hr'g Tr. 4:4–16), we understand that Epic's resumed examinations of Mr. Schiller and Mr. Oliver will not exceed the scope of their previous examinations. Finally, based on the parties' agreements and the Court's rulings at the prior evidentiary hearing as well as the merits trial, we understand that Mr. Schiller will be permitted to observe all proceedings as Apple's corporate representative.

To avoid any unnecessary disputes, please confirm Epic's agreement with these three points, in writing, by Wednesday, February 5, at noon ET. Please note that separate correspondence will follow regarding the use of documents at the forthcoming hearing.

Sincerely,

Mark A. Perry

# EXHIBIT B

# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York


February 4, 2025


Re:     *Epic Games, Inc. v. Apple Inc.*, 4:20-cv-05640-YGR (N.D. Cal.)

Counsel:

I write in response to Apple's February 3, 2025, letter regarding Apple witnesses at the resumption of the evidentiary proceedings before Judge Gonzalez Rogers.

Epic's review of newly produced documents is underway.  Epic can confirm it intends to call Messrs. Schiller and Oliver but will not be in a position to provide a full witness list by February 5.  Epic will endeavor to provide Apple with a full witness list by February 14.

Additionally, Epic disagrees with Apple's assertion that the examinations of any witnesses, including those of Messrs. Schiller and Oliver, will be limited to the scope of their previous examinations.  Epic does not believe that Judge Gonzalez Rogers has ever ordered such a limitation and, indeed, such a limitation would make no sense given the discovery proceedings the Parties have engaged in for nine months.

Finally, Epic agrees that Mr. Schiller will be permitted to observe all proceedings as Apple's corporate representative.

Epic reserves all rights.

Regards,

*/s/ Yonatan Even*
Yonatan Even


Mark A. Perry
    Weil, Gotshal & Manges LLP
        2001 M Street, NW Suite 600
            Washington, DC 20036
                Mark.Perry@weil.com

*VIA Email*

Copies to:  All counsel of record

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

# EXHIBIT C

| | |
|---|---|
| **From:** | epic-mobileapps@lists.cravath.com |
| **Sent:** | Friday, February 14, 2025 5:40 PM |
| **To:** | epicapplecompliance@gibsondunn.com; Weil Apple Epic |
| **Cc:** | Epic Mobile Apps EXTERNAL |
| **Subject:** | Epic v. Apple:  Witness Disclosure |

Known External (epic-mobileapps@lists.cravath.com)

Report This Email  FAQ

Counsel—

Please see below for the list of witnesses Epic currently intends to call to testify at the hearing beginning February 24, 2025.  Epic reserves the right to supplement or amend this disclosure.

**Potential Witnesses**
Marni Goldberg
Carson Oliver
Rafael Onak
Philip Schiller
Kunnal Vij

Based on our discussion today, Epic understands that Apple does not intend to call any witnesses; please confirm **today** that is the case.

Sincerely,
Tina

**Tina Seideman**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1720
tseideman@cravath.com

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

To unsubscribe from this list please go to https://lists.cravath.com/confirm/?u=MvNuQFxfykMtOCyLdghizOVXdRhvmicc

# EXHIBIT D

| | |
|---|---|
| **From:** | Perry, Mark (via epic-mobileapps list) <epic-mobileapps@lists.cravath.com> |
| **Sent:** | Saturday, February 15, 2025 3:25 PM |
| **To:** | Tina Seideman; epicapplecompliance@gibsondunn.com; Weil Apple Epic |
| **Cc:** | Epic Mobile Apps EXTERNAL |
| **Subject:** | Re: Epic v. Apple:  Witness Disclosure |

Counsel,

Apple will respond to all aspects of your note below on Monday, February 17.

MAP



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

---

**From:** Tina Seideman <tseideman@cravath.com>
**Date:** Friday, February 14, 2025 at 5:40 PM
**To:** "epicapplecompliance@gibsondunn.com" <epicapplecompliance@gibsondunn.com>, Weil Apple Epic <WeilAppleEpic@weil.com>
**Cc:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Subject:** Epic v. Apple: Witness Disclosure

Counsel—

Please see below for the list of witnesses Epic currently intends to call to testify at the hearing beginning February 24, 2025.  Epic reserves the right to supplement or amend this disclosure.

**Potential Witnesses**
Marni Goldberg
Carson Oliver
Rafael Onak
Philip Schiller
Kunnal Vij

Based on our discussion today, Epic understands that Apple does not intend to call any witnesses; please confirm **today** that is the case.

Sincerely,
Tina

**Tina Seideman**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1720
tseideman@cravath.com

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

To unsubscribe from this list please go to https://lists.cravath.com/confirm/?u=HB8KRed8OiVhuJjSQjvuMzprSSBWIYGj

# EXHIBIT E

**Weil, Gotshal & Manges LLP**

BY E-MAIL

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark Perry**
+1 (202) 682-7511
Mark.Perry@weil.com

February 17, 2025

Gary Bornstein
Yonatan Even
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

Re:  *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-5640 (N.D. Cal.)

Counsel:

On behalf of Apple, I write in response to Epic's email of February 14, 2025 at 2:40 PM PT.

On February 3, 2025, we wrote to Epic and advised that Phil Schiller and Carson Oliver—two of the four Apple witnesses who testified at the evidentiary hearing in May 2024—were available to testify again when the evidentiary hearing resumes on February 24–26, 2025.  We also observed that based on Epic's statements in the litigation (discussed further below) and the fact that the hearing was then fewer than three weeks away, we understood Epic did not intend to call any witnesses other than Mr. Schiller and Mr. Oliver.  On February 4, Epic confirmed that it would call Messrs. Schiller and Oliver, but would not identify any additional witnesses by February 5 (as Apple had requested) but rather would "endeavor" to do so by February 14.

In the February 14 email, Epic revealed for the first time that it was seeking to call three witnesses who did not testify at the evidentiary hearing in May 2024: Marni Goldberg, Rafael Onak, and Kunnal Vij. Epic has never previously stated that it intended to call *any* witnesses beyond those who already testified in the May 2024 hearing, and certainly never previously indicated that it intended to call any of these three witnesses.  Apple rejects Epic's attempt to do so at this late date and, absent additional information, does not intend to produce these witnesses on February 24-26.

*First*, there is no basis for Epic to call witnesses who did not previously testify.  The Court set a deadline of April 30, 2024 for identifying witnesses at the evidentiary hearing convened to resolve Epic's motion to enforce the permanent injunction.  Dkt. 925.  At that deadline, Epic named Matthew Fischer and Alex Roman, as well as "any witness identified by Apple."  Dkt. 931.  The only Apple employees identified by Apple, in turn, were Mr. Fischer, Mr. Roman, Mr. Schiller, and Mr. Oliver.  Dkt. 932.  Epic did not seek any discovery before filing its motion, submitting its witness list, or proceeding to the evidentiary hearing. And Epic has never sought leave to amend its witness list.

Gary Bornstein
Yonatan Even
February 17, 2025
Page 2

**Weil, Gotshal & Manges LLP**

Epic also never sought Apple's consent, or leave of Court, to extend or reopen the witness list deadline—which was established by the local rules and Court order.  *See Jeffers v. Farm Bureau Property & Cas. Ins. Co.*, 2014 WL 4371426, at *2 (D. Ariz. Sept. 4, 2014) (striking witnesses not identified by witness list deadline).  Ms. Goldberg, Mr. Onak, and Mr. Vij have not timely been identified by Epic in this proceeding and therefore may not be called as witnesses now.  (Contrary to your email of February 16, Apple has objected to Epic's attempt to call any witnesses other than those previously identified on the parties' witness lists without adequate notice and leave of Court—that was one point made in our February 3 letter.)

As Epic itself has recognized, the purpose of the resumed evidentiary hearing is to allow "*further* cross-examination of Apple's witnesses."  Dkt. 1034, at 1.  Apple will produce Mr. Schiller and Mr. Oliver for that purpose, as Epic requested.  But because the other three individuals have never testified in this proceeding, there is no "further" examination to be had.  The Court, too, has observed that the purpose of the resumed hearing is to determine whether "the documents [are] consistent with that testimony" from the May 2024 hearing.  Hr'g Tr. 4:6–9 (Nov. 4, 2024).  In other words, the purpose of the hearing is to determine whether the subsequently produced documents align with what Apple's witnesses previously testified to.  Calling *new* witnesses will do nothing to advance the stated purpose of the hearing.

*Second*, it is far too late to identify additional witnesses.  The parties have filed numerous joint status reports and case management statements before both Judge Gonzalez Rogers and Judge Hixson.  Epic has never informed the Court, or (before February 14) Apple, that it intended to call Ms. Goldberg, Mr. Onak, or Mr. Vij as witnesses.  The February 24 date for the resumption of the evidentiary hearing has been on calendar since January 14, yet Epic waited another full month, until 10 calendar days (and 4 court days) before the hearing date, to identify new witnesses for the first time in this proceeding.  Epic has not provided any explanation for waiting until this late date, or any authority that would permit calling witnesses on such short notice.  Federal Rule of Civil Procedure 26 requires a party to identify "at least 30 days before trial" the identity of the witnesses it intends to present at trial.  Fed. R. Civ. P. 26(a)(3).  A party that fails to do so "is not allowed to use that [] witness on a motion, at a hearing, or at a trial."  Fed. R. Civ. P. 37(c).  We are of course willing to consider such authority if Epic has any.

Epic has not attempted to serve a trial subpoena on any of these witnesses (whom Apple never agreed to make available), and again it is too late to do so now.  Courts "generally have found that fewer than ten days [to comply with a subpoena] is not reasonable."  *Gordon v. Sonar Cap. Mgmt. LLC*, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015).  These timing and other procedural limitations apply with greater force in the context of contempt proceedings, where the alleged contemnor is entitled to adequate notice and opportunity to be heard.

Although Mr. Vij lives and works within the Northern District of California, neither Ms. Goldberg nor Mr. Onak lives or works within the jurisdiction.  It is not clear how the attendance of Ms. Goldberg or Mr. Onak could be compelled even upon a timely request.  *See* Fed. R. Civ. P. 45(c) & Advisory Committee

Gary Bornstein
Yonatan Even
February 17, 2025
Page 3

**Weil, Gotshal & Manges LLP**

Notes. Again, if Epic has any contrary authority we would be pleased to consider it—although this seems to be a moot point given that Epic made no timely request.

Notably, Judge Gonzalez Rogers asked at the status conference on January 14, 2025 which witnesses Epic intended to call. *See* Hr'g Tr. 20:3 (Jan. 14, 2025). Epic identified Messrs. Schiller and Oliver and no other witnesses, adding, "I don't think I can say we have a complete list at this point given the pending document production." *Id.* at 20:4–12. We are aware of no documents produced *after* that conference that would impact Epic's decision to seek the testimony of the three witnesses it identifies now. While these witnesses might be associated with *some* documents produced after January 14, the great majority of documents were produced prior to that date. If Epic's decision to call these witnesses is based on documents produced between January 14 and February 14, please let us know which ones.

*Third*, the individuals Epic seeks to call have no unique—and perhaps no *relevant*—knowledge pertinent to the resolution of Epic's motion to enforce the Injunction.

Ms. Goldberg is a member of Apple's communications team. She is not a policymaker at Apple and had no decision making authority with respect to Project Wisconsin or Apple's compliance with the Injunction. Ms. Goldberg did not directly report to any of the four Apple witnesses who previously testified. To the extent Epic's request to call Ms. Goldberg is based on her observations regarding the previous testimony, such as certain text messages Epic previously filed under seal, *see* Dkt. 1034-2, those documents from May 2024 have no bearing on the "historic" issues the Court has identified as being the crux of the evidentiary hearing, Hr'g Tr. 4:3–6 (Nov. 4, 2024). The question before the Court is whether Apple complied with the Injunction on or before January 16, 2024.

Mr. Onak is a user experience writer. Like Ms. Goldberg, he is not a policymaker and had no decision making authority on the relevant matters. Mr. Onak also did not directly report to any of the four Apple witnesses who previously testified. Although he had some involvement in the design of the system disclosure sheet, he was not the final decisionmaker regarding its content, its placement, or even its existence. As Mr. Schiller previously testified, a large number of people worked on Project Wisconsin in various capacities (Hr'g Tr. 801:23-802:8 (May 22, 2024)), and Epic designated a number of them as document custodians; but that does not make all of them potential witnesses.

Mr. Vij was involved in various aspects of Project Wisconsin, working under Mr. Oliver and Mr. Roman, both witnesses in the May 2024 hearing. He was not a decision maker, and we do not believe that he is in possession of any information that could not be obtained from Mr. Oliver (who is already scheduled to testify at the resumed hearing).

In short, none of these witnesses appears to have any unique knowledge or information regarding "how" Apple complied with the Injunction or "why [Apple] did what they did" with respect to the Injunction. Hr'g Tr. 4:6–9 (Nov. 4, 2024). If Epic has reason to believe that these witnesses are indeed likely to have

Gary Bornstein
Yonatan Even
February 17, 2025
Page 4

**Weil, Gotshal & Manges LLP**

unique information relevant to the issues before the Court, we invite Epic to promptly provide explanations (and evidence) and Apple will assess them.

\*   \*   \*

Apple does not intend to call any witnesses other than those identified by Epic.  For purposes of the scope of examination, however, Apple will call any Apple witness that Epic is permitted to call during the evidentiary hearing.  In particular, Apple previously identified Mr. Schiller and Mr. Oliver on its witness list, and—given Epic's request that they testify again—hereby calls them again in connection with the resumed evidentiary hearing.  To the extent Epic is permitted to call Ms. Goldberg, Mr. Onak, and/or Mr. Vij at the resumption of the evidentiary hearing, over Apple's objection, Apple will call them as well.

Regardless of your response to any other issues in this letter, please inform us promptly of the order in which Epic intends to call all witnesses at the resumed hearing.

We are available to meet and confer on any issues set forth herein.

Sincerely,

Mark A. Perry