UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>        *Plaintiff, Counter-defendant,* <br><br>v. <br><br>APPLE INC., <br><br>        *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short response to Apple's Objection to the Special Masters' rulings ("Objections"), filed on February 14, 2025. (Dkt. 1223.) Epic does not have access to the underlying document and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the document.

- Entry No. 7786 (PRIV-APL-EG_00226083)—Apple claims this entry is a draft addendum to Apple's Developer Program License Agreement for the link entitlement program. Apple acknowledges that this "Court has not upheld Apple's privilege assertions over all draft addenda shared by counsel". (*Id.*) Apple nonetheless claims in its Objection that this draft should be withheld because it was "authored and revised by attorneys", is "a working draft reflecting legal advice being sent to a client for consideration", and further, that it "reflect[s]" legal advice because it is a "working draft" with "placeholders for certain terms and conditions". (Dkt. 1223 at 2.) *First*, contrary to Apple's claims, as the Court is aware from prior *in camera* reviews, drafts of this addendum have been "revised" by multiple lawyers and non-lawyers alike. *Second*, Apple's privilege log does not identify the attorney who supposedly drafted this document, any attorney who revised it, when the addendum was drafted or revised by any attorney, how many rounds of revisions by lawyers and non-lawyers alike this particular iteration of the document incorporates, or whether this draft was ever sent to an attorney at all. This is meaningful because, although this document likely "reflect[s]" both legal and business advice, it is unlikely that the draft actually *discloses* any such advice. Instead, this seems like another instance where even

"[i]f Epic compared every version of the draft . . . to the final version, Epic would not be able to determine whether any legal advice was given, let alone what it might have been". (Dkt. 1039 at 2.) *Third*, the privilege log does not identify any transmittal of this document from an attorney or to a client; the document is not an attachment, but rather, a standalone document from the files of three custodians, all of whom are non-lawyers. When "[t]here are no communications with lawyers", nor any "reference to legal advice", "stat[ing] only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged". *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *6 (N.D. Cal. Mar. 11, 2011) (cleaned up). *Fourth*, the privilege log makes no mention of any "placeholders", and neither the privilege log nor the Objection suggest that the placeholders contain *legal* advice or reflect a request for such advice. Accordingly, based on the information in the privilege log and in Apple's Objection, Apple's Objection should be denied.

DATED: February 18, 2025                    CRAVATH, SWAINE & MOORE LLP
                                            By: */s/ Yonatan Even*
                                            *Counsel for Plaintiff Epic Games, Inc.*