UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered February 10, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry Nos. 7796 (PRIV-APL-EG_00226492), 7806 (PRIV-APL-EG_00227561), 7825 (PRIV-APL-EG_00227845), 8173 (PRIV-APL-EG_00230040), 11577 (PRIV-APL-EG_00266116)**

Entry 7796 (PRIV-APL-EG_00226492) is a deck entitled "Proposed responses to Epic injunction." A review of the deck confirms it was created for the primary purpose of providing legal advice. For example, the first several slides identify which elements of Apple's compliance plan are "[r]equire[d]" under the Injunction, which are "[a]llow[ed]," under the Injunction, or for which the Injunction is "[a]mbiguous." The deck then presents several proposals, with the associated "Risks" noted for each proposal. There is some limited financial modeling in the deck, but the majority of the deck concerns an analysis of the various options for complying with the Injunction and their respective strengths and weaknesses from a compliance perspective. The document is marked as "Prepared at the Request of Counsel," confirming its primary purpose as providing legal advice. It is privileged.

Entry 7806 (PRIV-APL-EG_00227561) is a Slack chat among several individuals. Epic asserts that Apple has not identified any lawyer participants in the chat, but that is inaccurate—the privilege log identifies Ling Lew (in-house counsel) as the relevant attorney providing legal advice. The entire thread, in fact, is a conversation largely between Ms. Lew and the non-lawyers regarding what is allowed under the Injunction, how Apple's commission will be structured, and the terms of the addenda to the Developer Program License Agreement. Because the exchange consists entirely of requests for legal advice to a lawyer (Ms. Lew) and Ms. Lew's responses, the document is properly withheld. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

Entry 7825 (PRIV-APL-EG_00227845) is a text message chain among several individuals regarding certain financial modeling issues related to the Injunction. Epic claims that Apple has not identified any lawyer participants in the message chain, but Epic is incorrect: The privilege log identifies Ms. Lew as the relevant attorney providing legal advice and explains that the document concerns "[f]inancial impact modeling at the direction of Sean [Cameron] [(in-house counsel]) and Ling Lew." Regardless of whether the financial modeling standing alone is privileged, a discussion about requests from attorneys regarding that modeling is. *See In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015) ("The attorney-client privilege protects communications between attorneys and their clients even when the facts being conveyed may themselves be unprivileged."); *see also Stirratt v. Uber Techs.*, 2024 WL 1723710, at *1 (N.D. Cal. Apr. 19, 2024) ("[W]here an attorney gives a client legal advice on a business decision, that communication is protected by privilege.").

With respect to work product protection for Entry 7825, Epic makes the odd argument that materials created in connection with *ongoing* litigation (here, compliance with an injunction in a live proceeding) cannot be protected by work product unless the party believes it is likely to be held in contempt. In Epic's view, apparently, Apple's work product in complying with the Injunction is not protected unless Apple believed it was *not* in compliance with the Injunction, a kind of circular reasoning that is unsupported by precedent. *See Colonies Partners, L.P. v. County of San Bernardino*, 2020 WL 5846477, at *4 (C.D. Cal. Jan. 24, 2020) (work product applies "when litigation is pending"); *ACLU of N. Cal. v. Dep't of Justice*, 2015 WL 3793496, at *7 (N.D. Cal. June 17, 2015) (work product protects attorney work "relevant to any specific, ongoing, or prospective case or cases").

Entry 8173 (PRIV-APL-EG_00230040) is an email thread between several non-lawyers and Mr. Cameron, Ms. Lew, Jason Cody, and Jennifer Brown (all in-house counsel). The email thread is initiated by a non-lawyer who directs a question to Mr. Cameron and Ms. Lew regarding the treatment of different developer programs under Apple's Injunction compliance plan. Ms. Lew responds, and two non-lawyers concur with her response. The exchange is a request for legal advice and a response by a lawyer, and therefore is privileged. The fact that the application of Apple's new Entitlement to certain developers in these programs was the subject of testimony at the evidentiary hearing does not vitiate the privilege as to the *legal* advice regarding those programs. *See Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) ("[T]he privilege cannot be overcome by a showing of need . . . .").

Entry 11577 (PRIV-APL-EG_00266116) is an email chain among non-lawyers in which the non-lawyers discussing requests to and information incoming from "Legal and Tax," as well as "pending external counsel guidance" regarding tax treatment of various commission models. "[A] document that is not communicated between an attorney and a client may still be privileged as long as the document by its nature and contents memorializes and reflects legal advice rendered in a privileged conversation." *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) (quotation marks omitted). This is such a document and it is privileged.

DATED: February 18, 2025                    WEIL, GOTSHAL & MANGES LLP
                                            By: */s/ Mark A. Perry*
                                            *Counsel for Defendant Apple Inc.*