UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on February 8, 2025 on Apple's production of re-reviewed and privileged documents identified by Epic as "priority" review documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 1787 (PRIV-APL-EG_00165956) on the February 8, 2025 Privilege Log.**

**Entry No. 1787 (PRIV-APL-EG_00165956)** is a chart entitled "Privileged and Confidential – Prepared at the Request of Counsel. App Review Guideline and DPLA Alt Distribution Analysis." The chart contains a list of various App Review Guidelines, the justifications for each Guideline, and a column for notes from in-house attorneys Ling Lew, Sean Cameron, and Jason Cody. Given that the chart was sent to and includes feedback from attorneys on binding Guidelines for developers, the entirety of this chart is privileged. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege.").

**Entry No. 1800 (PRIV-APL-EG_00166278) on the February 8, 2025 Privilege Log.**

**Entry No. 1800 (PRIV-APL-EG_00166278)** is a chart entitled "Epic v. Apple – Injunction Compliance Assessment: Potential Requirements," which contains possible outcomes from the May 2024 evidentiary hearing, including an assessment of the likelihood of each outcome. As detailed in the attached declaration from Harry R.S. Phillips, this document was prepared by outside counsel in order to provide legal advice to Apple regarding the ongoing evidentiary hearing. Because this compilation consists entirely of "legal opinions and communications made to the client to keep the client informed of legal developments," it is privileged in full. *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023); *see also Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"). Additionally, the document is work product, as it was prepared in connection with ongoing litigation, reflects the impressions and analyses of attorneys, and "would not have been created in substantially similar form but for the prospect of litigation." *ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018). The document is properly withheld in full.

**Entry No. 3989 (PRIV-APL-EG_00190369) on the February 8, 2025 Privilege Log.**

**Entry No. 3989 (PRIV-APL-EG_00190369)** is an email discussion between a non-laywer and in-house attorneys Heather Grenier, Jennifer Brown, and Alanna Rutherford. In the initial email, the non-lawyer requests feedback on language to be used during an upcoming earnings call regarding this case. This is a request for legal advice on language regarding litigation. An attorney responds to the request, providing legal advice. The non-lawyer again inquires if the other two attorneys on the chain have additional feedback. These "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege." *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"). The document therefore is privileged and should be withheld.

**Entry Nos. 4513 (PRIV-APL-EG_00194770) and 4570 (PRIV-APL-EG_00195630) on the February 8, 2025 Privilege Log.**

**Entry Nos. 4513 (PRIV-APL-EG_00194770) and 4570 (PRIV-APL-EG_00195630)** are two iterations of the same email thread between non-lawyers and in-house counsel Sean Cameron, Jason Cody, and Ling Lew. The email begins with a request for legal advice from a non-lawyer to in-house counsel regarding changes to and requirements under the Developer Program License Agreement, Apple's contract with iOS app developers. The rest of the thread is discussion between the attorneys and non-lawyers regarding those same issues. The entire chain is related to the original request for legal advice and all the information provided is to help the attorneys render legal advice. These "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege." *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"). These documents therefore are privileged and should be withheld.

DATED: February 18, 2025                    WEIL, GOTSHAL & MANGES LLP
                                            By: */s/ Mark A. Perry*
                                                 Mark A. Perry

                                            *Counsel for Defendant Apple Inc.*