UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br>         *Plaintiff, Counter-defendant,* <br>         v. <br> APPLE INC., <br>         *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 12 AND FEBRUARY 14, 2025, REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 12, 2025, and February 14, 2025, regarding Apple's production of re-reviewed documents.

    As noted previously, Epic is limiting its Objections to documents that it believes may be of importance for the forthcoming evidentiary hearing and for which, based on the limited information available to it, Epic believes the Special Masters may have erred in wholly sustaining Apple's privilege assertion. Epic, however, does not have access to the documents and is therefore unable to fully assess their utility or the bases on which Apple claims privilege.

    Epic respectfully requests that the Court review the following documents *in camera* as soon as practicable, so that to the extent the Court rejects Apple's privilege assertions, Epic may obtain the affected documents ahead of the February 24 hearing, in accordance with Apple's agreement to produce within 72 hours all documents determined by this Court not to be privileged (subject only to Apple's right to move for Relief from this Court's Orders). (February 14, 2025, Hr'g Tr. 3:11-19, 7:14-15.)

- **Entry No. 9198 (PRIV-APL-EG_00241592)** is an email from Deepali Salian (a non-lawyer product manager) to Thuy Tran (a non-lawyer layout designer) and Jason Cody (Apple in-house counsel). The subject line of the email indicates that the email pertains to Apple's consideration of whether to allow developers covered by Apple's Video Partner Program ("VPP") to use payment mechanisms

other than IAP in their apps. Although the email pertains to Apple's consideration of this question in the context of rules requiring Apple to allow the use by developers of alternative payment solutions in Korea, Apple considered this very question also in the context of its U.S. Injunction response, and the issue was a topic of questioning by the Court during the May 2024 hearings. (May 16, 2024 Hr'g Tr. 489:20-22 ("THE COURT: So you came to that recommendation [to exclude developers in those programs from the link-out program] knowing that the injunction applied to all developers?  THE WITNESS [Mr. Oliver]: Yes.").) Apple witnesses described Apple's decision in this regard as a business decision, not a legal one. (May 17, 2024 Hr'g Tr. 619:19-620:9 (Oliver) ("Q. . . [W]hat was the basis for [the recommendation to exclude VPP developers from the link entitlement program? A. . . [B]ecause they are participating in the [VPP] and taking on all of that additional work, they get specific benefits including the reduced commission [from the VPP]").) Therefore, Epic respectfully requests that the Court review and determine whether the document is in fact primarily legal such that it ought to be withheld.

- **Entry No. 9601 (PRIV-APL-EG_00244743)** is an email from Tim Cook (CEO of Apple) to Fred Sainz, an Apple communications professional. Mr. Cook copied on his email 15 individuals, including multiple senior business executives such as Phil Schiller (Apple Fellow and former Head of Worldwide App Store), Greg Joswiak (Senior Vice President of Worldwide Marketing) and Eddy Cue (Vice President of Services), several public relations (PR) professionals, as well as several lawyers. The subject line suggests the communication was originally sent to Mr. Cook (as well as other business executives) for their approval, and Apple's privilege log suggests the original email reflects a draft public-facing PR statement reacting to a report from a Korea regulator. A draft press release responding to a regulatory report is not in anticipation or furtherance of any litigation, even if it were drafted by a lawyer. And a draft press release seeking approval from business executives is not legal advice. Based on the limited information available to it, Epic therefore respectfully requests that the Court review and determine whether the document should in fact be withheld in its entirety.

- **Entry No. 9799 (PRIV-APL-EG_00246004)** is an email from Mr. Schiller to Sean Cameron (Apple in-house counsel) and Jeff Robbin (a non-lawyer software engineering executive) about "link format and buttons" with respect to Apple's link entitlement program. Apple's decision-making process related to its restrictions on the style and design of external links is a core issue in the forthcoming contempt hearings. It is also a topic that is not primarily legal, especially when the communication is simultaneously sent to both legal and business professionals. Epic does not dispute that Apple could redact legal advice or any request for such advice reflected in the email chain. However, Epic respectfully requests that the Court review and determine whether the document should be withheld in its entirety.

- **Entry No. 11569 (PRIV-APL-EG_00266051)** is an email from Kunnal Vij to Meredith Thieme, both of whom are non-lawyer finance professionals. Epic intends to call Mr. Vij to testify at the upcoming hearing. There are no lawyers copied, at least on the top email. The subject line of the email and Apple's privilege description suggest that the communication concerns developer eligibility for Apple's U.S. link entitlement program—likely a business decision based on Apple's understanding of the financial impact of the inclusion or exclusion of certain developers from the program. To the extent there is any legal advice on the email in emails lower down the chain, such advice could be narrowly redacted. However, Epic respectfully requests that the Court review and determine whether the documents should be withheld in their entirety.

DATED: February 18, 2025                    CRAVATH, SWAINE & MOORE LLP
                                            By: /s/ Yonatan Even
                                            *Counsel for Plaintiff Epic Games, Inc.*