UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                *Plaintiff, Counter-defendant,*<br><br>          v.<br><br>APPLE INC.,<br><br>                *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br><br>**OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 14, 2025, REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

   Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 14, 2025, regarding Apple's production of re-reviewed documents.

   Epic is limiting its Objections to a handful of documents that it believes may be of importance for the underlying contempt proceedings and for which, based on the limited information available to it, Epic believes the Special Masters may have erred in wholly sustaining Apple's privilege assertion. Epic, however, does not have access to the documents and is therefore unable to fully assess their utility or the bases on which Apple claims privilege.

- **Entry No. 4797 (PRIV-APL-EG_00198303)** appears to reflect chat or text messages between Carson Oliver (a non-lawyer Senior Director of Business Management), Kunnal Vij (a non-lawyer finance professional) and two other unnamed participants. Based on the fact that Timothy Kim (a non-lawyer Technical Specialist) is the custodian of the document, he is likely a participant in the chat as well. Apple's privilege description suggests that the conversation pertained to "developer outreach" with respect to Apple's U.S. link entitlement program. Epic intends to call Messrs. Oliver and Vij—both of whom were extensively involved in crafting Apple's Injunction response—to testify at the upcoming hearing, and their contemporaneous thoughts concerning the views of developers on Apple's entitlement program could shed light on Apple's expectations for the adoption rate and ultimate impact of that program. Epic

therefore respectfully requests that the Court review and determine whether the document should be withheld in its entirety.

- **Entry No. 4799 (PRIV-APL-EG_00198307)** appears to reflect chat or text messages between Mr. Vij, Mr. Kim and Jeff Wilder (a non-lawyer Economist). Apple's privilege description suggests that the conversation contains an analysis of Apple's commission rate associated with its response to the Injunction—a primarily business-related topic that is a key issue in the contempt proceedings against Apple. Additionally, the involvement of multiple finance and economics professionals makes it likely that at least part of the conversation pertained to a financial, not legal, analysis of the commission rate. As such, based on the limited information Epic has, Epic respectfully requests that the Court review and determine whether the document should be withheld in its entirety.

- **Entry No. 4800 (PRIV-APL-EG_00198309)** appears to reflect chat messages from a channel dedicated to Wisconsin, Apple's code name for its response to the U.S. Injunction. The custodian is Mr. Kim, a non-lawyer. In its privilege description, Apple claims that the message chain discusses "compelling a developer to say something specific"—a task that does not appear to be inherently or primarily legal. And to the extent the chat contains any direct legal advice or any request for such, Apple can redact such communications. Epic therefore respectfully requests that the Court review and determine whether the document should be withheld in its entirety.

DATED: February 19, 2025            CRAVATH, SWAINE & MOORE LLP
                                    By: */s/ Yonatan Even*
                                    *Counsel for Plaintiff Epic Games, Inc.*