UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTES** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement regarding discovery disputes related to the ongoing evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

    Counsel for Epic and Apple Inc. exchanged correspondence in an effort to resolve or narrow the outstanding disputes.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Yonatan Even*<br>   Yonatan Even<br>   *Counsel for Epic Games, Inc.* | By: */s/ Mark A. Perry*<br>   Mark A. Perry<br>   *Counsel for Apple Inc.* |

**Epic's Position:**  As part of the re-review process, Apple sought to redact two documents (APL-EG_00120646 and APL-EG_00135890) and, consistent with the Protocol (Dkt. 1092), submitted both documents and its proposed redactions for review by the Special Masters.  The Special Masters upheld Apple's privilege claims for the redactions in both documents.  Under the Protocol and the Parties' Joint Stipulation, Apple was obligated to produce those documents by February 18, 2025 after the Special Masters sustained those redactions.  (Dkt. 1252 at 1.)  Apple did not timely produce those redacted documents to Epic.  Instead, on February 16, Apple informed Epic that it wishes to "*claw back*" (before it ever produces them) both of those documents and to withhold them in their entirety.  Apple claims this claw back is justified because the two documents are "materially similar" to another document—APL-EG_00162520—that Apple has withheld in full and which the Special Masters and this Court found to be justifiably withheld as privileged.[1]  Apple's attempt to claw back these documents is opportunistic and ignores the special circumstances that exist here in light of the re-review Protocol.  (Dkt. 1092.)

The ESI Order in this case states that generally, "[n]o producing Party intends to waive any rights or protections" and "production of a privileged or work-product-protected document is not a waiver of privilege, consistent with the Protective Order[]" entered in this case.  (Dkt. 245 at § 11.)  The applicable Protective Order, for its part, provides that "[t]he production *without manual review* of any privileged or otherwise protected document or ESI, whether inadvertent or otherwise, is not and shall not be deemed a waiver".  But nothing in these Orders allows a party to claw back documents that the party *deliberately* decided to produce in redacted form following a full review.

Yet that is exactly what Apple is trying to do here.  Apple's decision to produce documents '646 and '890 with redactions, rather than withhold them, was the exact opposite of the inadvertent production contemplated in Federal Rule of Evidence 502(b) and the ESI Order; they were *deliberate*, the result of multiple rounds of review and consideration.  Apple reviewed '646 and '890 for privilege <u>at least twice</u>—first, when it initially withheld those two documents in full, and then again, a second time, when it re-reviewed the documents pursuant to the agreed-upon re-review process.  As part of that re-review, Apple affirmatively decided to *downgrade* its initial privilege assertion from "withhold" to "redact".  Apple's privilege entries for the two documents make clear that Apple considered the issue carefully and expressly determined that the documents should be produced to Epic in redacted form.  Apple's privilege log states that document '646 is a "presentation with redacted text reflecting legal advice", and further explains that the "[r]edactions cover material from slide deck relating to injunction compliance".  Apple's privilege log for document '890 similarly notes the document contains "redacted text providing legal advice", and further states that "[c]ertain slides"—but not all—"contain attorney legal advice".

Apple's choices during a re-review process to redact those two documents and to submit those documents in those forms for review to the Special Masters were deliberate, not inadvertent.  And the fact that Apple treated a supposedly similar document differently does not render its treatment of these documents any less deliberate.  Apple's position is that it can claw back (at the very least) any group of documents that Apple determines, in its sole discretion, are "materially similar" to a separate document that was withheld or redacted more heavily, with no recourse for Epic.  That is not what the re-review process was intended to achieve.  As this Court previously held, "Apple's re-review was supposed to mean something; Apple was supposed to be making a final decision on its claims of privilege".  (Dkt.

---

[1] Importantly, Apple does not claim the two documents it seeks to claw back are *identical* to the document it withheld, but only that they are "materially similar" to that document.  Indeed, the privilege log indicates that the file names of all three documents are similar but not identical; the custodians of the documents are different; and the document times are different (minutes apart in one instance  and a day apart in another instance).  Epic, of course, has no way of evaluating whether these or other differences among the documents affect the nature of Apple's privilege claims.

1

1139 at 3.) Apple should not be allowed, with the benefit of hindsight and a successful broader assertion of privilege over a separate document (document '520), to opportunistically reverse its deliberate decision to produce documents '646 and '890, regardless of how "materially similar" these documents are.

**Apple's Position:** Pursuant to the Court-ordered Protective Order, *see* Dkt. 274, Apple clawed back two documents materially similar to a document ruled by this Court to be privileged. Epic's objection to that clawback is without any substantive or procedural basis.

Because documents can have multiple custodians and multiple versions, there are many duplicate or substantially similar documents in the production. One such document, PRIV-APL-EG_00162520, was withheld in full and submitted to the Special Masters for review. The Special Masters upheld Apple's privilege assertion, and Epic included the document in its objections filed February 13, 2025. *See* Dkt. 1202, at 3. Apple later determined that two other documents—PRIV-APL-EG_00120646 and PRIV-APL-EG_00135890—are substantially similar to PRIV-APL-EG_00162520. Those documents, however, were redacted rather than withheld. The Special Masters upheld Apple's privilege assertions over those documents on February 13. On February 16, Apple sent a letter to Epic advising it of this overlap, clawing back PRIV-APL-EG_00120646 and PRIV-APL-EG_00162520 (which had not yet been produced to Epic but were slated for production later in the week), and advising that Apple would *produce or withhold all three documents together based on this Court's resolution of Epic's pending objection*.

Contrary to Epic's contention, Apple did not seek to "opportunistically reverse" its privilege decision—it informed Epic it would apply this Court's ruling to all three documents *before* it knew how this Court would rule. Epic, on the other hand, made no objection to treating the three documents consistently with one another until *after* this Court overruled Epic's objection to PRIV-APL-EG_00162520 (Entry 1471) on February 18. Apple sought only to have the same privilege determination apply to three substantially similar documents, whatever that determination was.[2]

Epic's objections to Apple's clawback are without merit. Epic cites to a provision in the Protective Order stating that the production "without manual review" of a privileged document is not a waiver of the privilege, urging that Apple's review here was, in fact, manual. That provision (§ 12.1), however, concerns only the issue of waiver—the process for clawing back privileged or protected material is set forth in §§ 12.2–12.3 (as well as Federal Rule of Civil Procedure 26(b)(5)(B)) and does not include the same limitation. Epic does not argue waiver, but even if it did, Federal Rule of Evidence 502(b) provides that the inadvertent disclosure of a privileged document (by any means) does not operate as a waiver, so long as the holder of the privilege took prompt steps to rectify the error (which Apple did).

Epic urges that Apple's production was not "inadvertent," but it has no basis for saying that. Apple re-reviewed ~54,000 documents in a span of just a few weeks with a team of ~100 reviewers. Inconsistencies and inadvertent productions of privileged documents as a result of that expedited process are not just a possibility; they are a certainty. Different reviewers may withhold or redact the same or similar documents; these are judgment calls. Epic points to the fact that Apple recoded the documents and logged them on the privilege log, but those are features of every document review and

---

[2] Epic states that it does not know whether the documents are indeed substantially similar. Apple will produce them to the Court *in camera* if helpful.

2

production. Apple's production of privileged documents here is no more "deliberate" than in any other routine clawback request.

To the extent Epic means to assert that Apple may not claw back documents already produced to the Special Masters, this limitation is found nowhere in the Protective Order or the Special Master Protocol. *See* Dkt. 274 § 12; Dkt. 1092. It also makes no sense: Epic's newly articulated approach would prevent Apple from clawing back *any* redacted documents, because all such documents must be provided to the Special Masters, eliminating Apple's clawback rights as to a substantial number of documents. Epic's reference to the parties' joint stipulation regarding an expedited process for producing a limited set of documents in advance of the hearing likewise is unavailing. Apple clawed back these two documents before the stipulation was even filed and before any production deadline arrived, and thus these documents are not subject to the stipulation. Moreover, nothing in the stipulation altered the provisions in the Protective Order for clawing back documents inadvertently produced. *See* Dkt. 1249.

Both the Special Masters and this Court have determined that the material at issue is privileged in full. Epic's effort to breach the privilege as to two other substantially similar documents properly clawed back should be rejected.

Respectfully submitted,

DATED: February 19, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*