| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>    dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>    crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>    jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>    mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>    joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>    morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>        Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Statement in Support of Administrative Motions to Seal.[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed the exhibits to Epic Games, Inc.'s Administrative Motions to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motions") (Dkts. 1201, 1203, 1212), and now proposes to partially seal information therein that, if disclosed, could harm Apple's competitive business interests and reveal personally identifiable information. For ease of reference, I refer to Exhibit A (1201), Exhibit A (1203), and Exhibit A (1212).

5. Exhibit A (1201) and Exhibit A (1212) contain competitively sensitive, non-public

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

information regarding Apple's engagement of outside counsel and consultants in connection with various regulatory issues. Exhibit A (1203) contains non-public information about Apple's use of certain confidential codenames related to new product developments. Public disclosure would reveal Apple's internal business and legal decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple. Exhibit A (1201) and Exhibit A (1203) also contain personally identifiable information in the form of email addresses of Apple employees. Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests. The remainder of the exhibits remain unredacted.

6. Below is a chart detailing the portions of the exhibits sealable for the reasons explained herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
| --- | --- | --- |
| Redacted email addresses in "Privilege Logs: Business and Communication Emails" | Exhibit A to Dkt. 1201 | Reflects personally identifiable information |
| Redacted email addresses in "Privilege Logs: Document Sent to Epic and Cover Email" | Exhibit A to Dkt. 1201 | Reflects personally identifiable information |
| Redacted email addresses in "Privilege Logs: Business Presentation and Cover Email" | Exhibit A to Dkt. 1201 | Reflects personally identifiable information |
| Redacted email addresses and outside counsel/consultants in "Privilege Logs: Lobbying- and Consulting-Related Documents Shared with Third Parties" | Exhibit A to Dkt. 1201 | Reflects non-public Apple legal and business strategy and personally identifiable information |
| Redacted email addresses in "Privilege Logs: Predominantly Non-Legal Emails" | Exhibit A to Dkt. 1203 | Reflects personally identifiable information |

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Redacted email addresses in "Privilege Logs: Emails Sent Among Business and Press Personnel, Copying an Attorney" | Exhibit A to Dkt. 1203 | Reflects personally identifiable information |
| Redacted email addresses and project codenames in "Privilege Logs: Predominantly Non-Legal Emails" | Exhibit A to Dkt. 1203 | Reflects non-public Apple business strategy and personally identifiable information |
| Redacted firm and attorney names on pages 4–5 | Exhibit A to Dkt. 1212 | Reflects non-public Apple business and legal strategy |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of February 2025, in Oakland, California.

Dated: February 19, 2025                                    Respectfully submitted,


                                                   By: */s/ Mark A. Perry*
                                                            Mark A. Perry