PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
JUSTIN C. CLARKE (*pro hac vice*)
jcclarke@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH <br><br> **EPIC GAMES, INC.'S OPPOSITION TO APPLE'S MOTION FOR ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)** |

# INTRODUCTION

Apple's motion for an order preventing waiver of any privilege or work product protection pursuant to Federal Rule of Evidence 502 is unfounded and should be denied.

*First*, a Rule 502(d) Order is appropriate only where documents "covered by the attorney-client privilege or work-product protection" may be disclosed, whether inadvertently or due to limited privilege review. Such an Order is *not* appropriate where documents are disclosed because they have been found by a court *not to be privileged or protected*, and for good reason; a contrary rule would allow a party to relitigate in other proceedings privilege assertions it already definitively lost.

*Second*, even if the documents were privileged (which this Court definitively determined they are not), use of the documents *by Apple* in the upcoming proceeding may constitute a waiver, and Apple is not entitled to a blanket Order allowing it to make any offensive use of such documents without effecting a waiver.

# BACKGROUND

As part of the ongoing evidentiary hearing regarding Apple's noncompliance with this Court's Injunction, the Court ordered Apple to produce all Injunction-response-related documents (Dkt. 974). Apple asserted privilege over more than one-third of the responsive documents it had located—over 50,000 documents in total. (Dkt. 1056 at 1.) After Epic challenged those privilege assertions, Judge Hixson reviewed 11 exemplar documents *in camera* and determined that Apple had improperly withheld each of those documents because they were not in fact privileged. (*Id.* at 1–4.) This Court upheld Judge Hixson's determinations in full. (Dkt. 1095.) As Apple puts it, "this Court has definitively ruled on the core privilege dispute". (Dkt. 1198 at 7.)

Following that ruling by Judge Hixson, in light of Apple's over-designation of documents as privileged, this Court approved a process (the "Review Protocol") whereby Apple had to re-review each and every document it initially designated as privileged, and submit any document over which it maintained privilege to a panel of three Special Masters. (Dkt. 1092.) The Special Masters would then issue rulings sustaining or overruling Apple's privilege assertions; their rulings would then be subject to appeal before Judge Hixson and, ultimately, this Court.

Where Apple's assertions of privilege were overruled following an appeal to this Court, Apple was compelled to produce the documents to Epic. (*Id.* at 3.) Apple's over-designation of privilege has been massive; thus far, it has produced tens of thousands of documents that it had improperly withheld. But Apple is now representing that once this Court rules on Epic's pending contempt motion, Apple intends to further appeal this Court's decisions overruling its privilege assertions, claiming both that this Court misapplied Ninth Circuit law and that well-established Ninth Circuit precedent is wrong.[1] Apple claims that to preserve its ability to pursue such potential future appeals, it needs an Order from this Court determining *a priori* that *any* use Epic or Apple make of the Disputed Documents in this proceeding does not constitute a waiver by Apple of any privilege assertions.

## **ARGUMENT**

### I. A Rule 502(d) Order Should Not Issue for Non-Privileged Documents.

The protections of Federal Rule of Evidence 502 apply only to documents that are "covered by the attorney-client privilege or work-product protection". FED. R. EVID. 502. And importantly, this Court has entered a run-of-the-mill Rule 502(d) Order covering privileged or protected documents.[2] That Order, however, does not cover the Disputed Documents because this Court has definitively overruled Apple's privilege and protection assertions with respect to those documents, making clear they are neither privileged nor protected. Although Apple might feel strongly that those determinations were wrong, the law as it stands is that Apple's claims have been rejected, and Apple is therefore asking the Court to issue a Rule 502(d) Order that would cover documents that are not privileged or protected. That is an improper request.

Rule 502(d) is specifically designed to ensure that parties can "conduct and respond to

---

[1] Apple refers to the documents definitively deemed by this Court *not* to be privileged as the "Disputed Documents". Epic will use the same nomenclature for the sake of convenience, noting however that the dispute as to the supposedly privileged status of these documents has been fully adjudicated.

[2] The Amended ESI Protocol (Dkt. 245 at § 11) provides: "Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding . . .".

1  discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while
2  still preserving each party's right to assert the privilege to preclude use in litigation of information
3  disclosed in such discovery". Addendum to Advisory Committee Notes, Statement of
4  Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence; *see, e.g.*,
5  *Transamerica Computer Co. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 651 (9th Cir. 1978)
6  (finding no waiver "under the specific circumstances of the accelerated discovery proceedings" in
7  a litigation where "inadvertent production" of privileged documents was "made without
8  (adequate) opportunity to claim the privilege" (quotation omitted)). The Rule therefore typically
9  applies to situations where documents subject to valid privilege claims are inadvertently produced
10 or where large swaths of documents are ordered to be produced without allowing for exhaustive
11 privilege review. But Rule 502(d) is *not* meant for situations where, following an exhaustive
12 review (and a re-review, and three layers of judicial review), a court definitively determines that
13 documents are *not* privileged or protected. *See Poertner v. Gillette Co.*, 2013 WL 12149369, at
14 *4 (M.D. Fla. Mar. 12, 2013) ("Rule 502 is a limited exception to the principle that revelation of a
15 communication ends any claim of privilege. It does not provide a generalized opportunity for a
16 second bite at preserving a claimed privilege.").
17       Accordingly, courts routinely deny motions seeking a Rule 502(d) Order where the
18 underlying documents have been affirmatively found to be neither privileged nor protected. *See,*
19 *e.g.*, *Strauch v. Computer Scis. Corp.*, 2020 WL 1812715, at *4 (D. Conn. Apr. 9, 2020)
20 ("[H]aving concluded that the time records are *not* privileged, the Court lacks any basis to grant
21 such a protective order."); *City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 11270087, at *6
22 (S.D.N.Y. Dec. 3, 2018) ("The Court rejects Plaintiffs' request that it issue a Rule 502(d) order
23 protecting the Litco Agreement for the simple reason that the agreement is not protected work
24 product."); *see also Astiana v. Ben & Jerry's Homemade, Inc.*, 2014 WL 694745, at *6 (N.D. Cal.
25 Feb. 21, 2014) ("Since the Court concludes that the documents at issue are not privileged or
26 protected by the work-product doctrine in the first place, the Court need not reach the issue of
27 whether the privilege or work-product protection was waived by disclosure of or reliance upon
28 the inadvertently disclosed documents pursuant to Federal Rule of Evidence 502(b)."); *Latele*

1  *Television, C.A. v. Telemundo Commc'ns Grp., LLC*, 2014 WL 4449451, at *4 (S.D. Fla. Sept. 10, 2014) ("There can be no inadvertent disclosure of documents that are not privileged in the first place.").

The primary case on which Apple relies, *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, 2017 WL 8948739 (N.D. Cal. Nov. 15, 2017), is not to the contrary. There, the court initially found that certain documents produced by the defendants were not privileged. *Id.* at *3. The plaintiff then used those documents in the litigation and defendants engaged with those documents in response to that use. *Id.* at *5. The court subsequently changed its view and concluded that those documents actually *were privileged*. *Id.* at *4. At that point—*after* the documents were actually found to be privileged and *after* the use in question, which was responsive as opposed to affirmative—the court issued a protective order under Rule 502(d) holding that defendants had not waived the privilege. *Id.* at *5. Apple does not cite a single case where a court issued a protective order under Rule 502(d) with respect to documents affirmatively adjudicated not to be privileged or protected.

This limitation on the scope of Rule 502(d) makes sense because an Order protecting non-privileged documents would lead to a perverse result. Consider the case at hand: The Order Apple seeks would mean this Court's definitive rulings overruling Apple's privilege assertions would have no effect in "any other federal or state proceeding". FED. R. EVID. 502(d). Such an Order would allow Apple to withhold the Disputed Documents in other proceedings by relying upon the same privilege assertions this Court has reviewed and rejected—and moreover to re-litigate this Court's privilege determinations in other courts, merely because Apple disagrees with those determinations—creating confusion and inconsistent results.[3]

Apple currently has no valid privilege claim over any of the Disputed Documents. As such, they may be used just like any other document in the upcoming evidentiary hearing. Rule 502(d) simply has no application here.

---

[3] That outcome would effectively grant Apple a stay (and thus the ability to ignore) this Court's privilege rulings pending exhaustion of its intended appeals to the Ninth Circuit and beyond. Nothing in Rule 502(d)'s language or statutory history permits this use of the Rule.

**II.     A Rule 502(d) Order Would Not Protect Use by Apple that Effects a Waiver.**

Apple's Motion repeatedly acknowledges that a Rule 502(d) Order is not necessary for Epic's use of any Disputed Documents at the upcoming evidentiary hearing because Apple clearly has *not* waived the privilege claims overruled by this Court over Apple's vociferous objection. Epic agrees. Thus, no order should issue.

What Apple really appears to be trying to obtain is something much broader than Rule 502(d) would permit. Apple is requesting an Order that would permit Apple's *own affirmative* use of the Disputed Documents without effecting a waiver. Such an Order would be inappropriate. It is entirely within Apple's control how to use its own documents and whether or not to use them in a way that would waive an already-rejected claim of privilege. To take a specific example, if Apple were to argue that it is not in contempt because it relied on the advice of counsel when deciding how to respond to this Court's Injunction, Apple's use of documents in support of that argument would arguably constitute a waiver of any claim of privilege over those documents (and potentially beyond them). "The privilege which protects attorney-client communications may not be used both as a sword and shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citation omitted). General rules of waiver should apply to Apple's own use of documents that Apple claims are privileged. It would violate the sword-shield rule to issue a broad order deeming *a priori* that any and all uses Apple makes at the upcoming evidentiary hearing of any document on which it asserts a claim of privilege does not constitute a waiver.

**CONCLUSION**

For the foregoing reasons, the Court should deny Apple's Motion for a Rule 502(d) order.

| | | |
|---|---|---|
| Dated: February 19, 2025 | | Respectfully submitted, |
| | | By:  /s/ Yonatan Even |

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*