**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br>         *Plaintiff*, *Counter-defendant*, <br>     v. <br> APPLE INC., <br>         *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on February 18, 2025. (Dkt. 1244.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents.

- Entry No. 1787 (PRIV-APL-EG_00165956)—Apple claims in its Objections that this document is a chart containing a list of various App Review Guidelines including "feedback from attorneys on binding Guidelines for developers". (Dkt. 1244 at 2.) Apple further claims that "[g]iven that the chart was sent to and includes feedback from attorneys on binding Guidelines for developers, the entirety of this chart is privileged". *Id.* But in the privilege log it submitted to the Special Masters, Apple did not claim that *any* part of this document is privileged; it *only* asserted work product protection. The Special Master appropriately overruled that assertion of protection, finding that "the log entry and the document do not demonstrate that this document reflects [protected] work product". Indeed, neither Apple's privilege log nor its Objections so much as mention any litigation the document was intended to further or otherwise anticipates. Apple may not, in its Objections, rely on an assertion that is entirely different from the one it presented to the Special Masters. *See* (Dkt. 1039 at 2) (finding that a work product claim not raised in the privilege log or considered by the Special Master was waived).

- Entry No. 1800 (PRIV-APL-EG_00166278)—Apple claims this document is a chart prepared by outside counsel assessing the possible outcomes of the May 2024 evidentiary hearing.  Again, none of that appears in Apple's privilege log, nor does the privilege log identify *any* attorneys involved.  The document custodians are all non-attorneys (Geoff De Wilde, Timothy Kim, Latika Kirtane, and Kunnal Vij).  The Special Master ruled that portions of the document are not privileged or protected and should be produced with appropriate redactions, and nothing in Apple's Objection suggests that conclusion was incorrect.[1]

- Entry No. 3989 (PRIV-APL-EG_00190369)—This document is supposedly an email discussion among Marni Goldberg, a non-lawyer communications professional, and Apple in-house attorneys Heather Grenier, Jennifer Brown and Alanna Rutherford.  Apple represents that Ms. Goldberg "requests feedback on language to be used during an upcoming earnings call regarding this case".  (Dkt. 1244 at 4.)  But the e-mail is apparently a chain, the topic—the language at issue for an earnings call—is clearly a business topic, and whatever language is chosen would be broadcast to the public by communications professionals and business executives.  The Special Master ruled that portions of the document are not privileged or protected and should be produced with appropriate redactions, and nothing in Apple's Objections suggests that conclusion was incorrect.

- Entry Nos. 4513 (PRIV-APL-EG_00194770) and 4570 (PRIV-APL-EG_00195630)—These documents appear to be two versions of the same email thread among numerous non-lawyers and in-house attorneys.  All of the document custodians are non-legal personnel (Jeff Guebert, Trystan Kosmynka, Amy Hawthorne, Zach Friedland, Latika Kirtane, Dave Van Tassell).  The Special Master ruled that the documents should be produced with appropriate redactions, noting in Entry No. 4570 that "non-lawyer to non-lawyer communication re functionality is not legal advice".  Apple has not provided any compelling reason to suggest this ruling should be disturbed.

DATED: February 20, 2025

CRAVATH, SWAINE & MOORE LLP

By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

---

[1] Epic's position is that having found Apple's assertion to be overbroad, the Special Master could (and likely should) have simply overruled it (*see* Dkt. 1092 at ¶ 1(d) ("The Special Masters will . . . determine whether to overrule or sustain each of Apple's privilege assertions)) rather than allow Apple a re-do.