DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
**WEIL, GOTSHAL & MANGES LLP**
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**APPLE'S REPLY BRIEF IN SUPPORT OF ENTERING A RULE 502(d) ORDER**<br><br>Courtroom: 1, 4th Floor<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

Apple Inc. ("Apple") brought this motion for entry of an order under Federal Rule of Evidence 502(d) to make clear that use of certain documents (the "Disputed Documents") at the upcoming evidentiary hearing does not constitute a waiver of any applicable privilege or protection. Epic Games, Inc. ("Epic") "*agrees*" that "Apple clearly has not waived the privilege claims overruled by this Court over Apple's vociferous objection." Dkt. 1259 ("Opp.") at 5. Epic nevertheless opposes entry of the requested order, but its opposition confuses the procedural question of whether any privilege is waived by disclosure (the province of Rule 502(d)) with the substantive question of whether a document is privileged (which has already been resolved by this Court). Because the actual issue presented by Apple's motion—*i.e.*, whether use of the Disputed Documents at the hearing constitutes a waiver—is now undisputed, Apple respectfully submits that the Court should enter the Rule 502(d) order.

## BACKGROUND

On February 12, 2025, Apple filed the instant motion seeking an order confirming that Apple's production of certain Disputed Documents to Epic, and either party's use of such documents in connection with Epic's Motion to Enforce (including at the evidentiary hearing), does not waive the attorney-client privilege or work product protection (or any other applicable protection) as to those documents in this proceeding or any other. Dkt. 1198 at 2 ("Rule 502(d) Motion"); *see* Fed. R. Evid. 502(d). As described in the Rule 502(d) Motion, Apple's requested relief is specifically directed at: "(1) the relatively small number of Category One documents that Apple has been required to produce pursuant to specific determinations by the Special Masters and/or rulings by Judge Hixson; and (2) all Category Two documents Apple was required to produce to Epic pursuant to the Special Master Protocol." Rule 502(d) Motion at 4. On February 19, 2025, Epic filed its opposition brief to Apple's Rule 502(d) Motion.

## DISCUSSION

Epic argues that Apple's request for a Rule 502(d) order should be denied because: (1) the Court has already rejected Apple's underlying privilege assertions for the Disputed Documents, and (2) Apple should not be permitted to use any of the Disputed Documents during the evidentiary hearing without risking additional litigation over waiver. *See* Opp. at 3–5. Neither argument has merit.

***First***, Epic argues that Rule 502(d) does not apply where "a court definitively determines that documents are not privileged or protected." *Id.* at 3. Epic's argument begins on the wrong foot by ignoring the fact that Rule 502(d) addresses the scope of *waiver*, not substantive questions of privilege or the validity of underlying privilege determinations. Apple does not dispute that the Court has definitively ruled on the underlying privilege questions. However, as the Court has noted, such an order is not immediately appealable. Hr'g Tr. 12:12-15 (Dec. 18, 2024); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009). Apple thus seeks a Rule 502(d) order to avoid any unnecessary disputes over its ability to argue on appeal that the privilege ruling was wrong— not to generally "relitigate in other proceedings privilege assertions it already definitively lost" as Epic incorrectly asserts. Opp. at 1.

Apple's request conforms with the purpose of Rule 502(d). Rule 502(d) only addresses "whether the disclosure itself operates as a waiver of the privilege or protection for purposes of admissibility of evidence." Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence. The rule "does not alter federal or state law on privilege nor supplant applicable waiver doctrine generally." *Winfield v. City of New York*, 2018 WL 2148435, at *4 (S.D.N.Y. May 10, 2018) (simplified). As a result, Rule 502(d) has no bearing on whether the Disputed Documents are in fact privileged or otherwise protected—it is solely focused on whether any litigation-connected disclosure independently constitutes waiver. *See* Fed. R. Evid. 502, Advisory

Committee's Explanatory Note (Nov. 28, 2007) ("The rule governs only certain waivers by disclosure.").

Notably, Epic agrees that Apple's court-compelled production of documents does not constitute waiver. Epic concedes that "Apple's Motion repeatedly acknowledges that . . . Apple clearly has not waived the privilege claims overruled by this Court over Apple's vociferous objection. *Epic agrees*." Opp. at 5 (emphasis added). Nor could Epic argue otherwise. The Ninth Circuit has held that "a party does not waive the attorney-client privilege for documents which he is compelled to produce." *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978); *see also Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (privilege is "typically within the full control of the party holding the privilege; courts have no role in encouraging or forcing the disclosure"). Apple has also made it clear that Apple's production of the Disputed Documents has been made pursuant to the Court's orders and that Apple intends to appeal these rulings to the Ninth Circuit. *See* Rule 502(d) Motion at 4, 6. Despite Epic's concession on waiver, Epic nonetheless opposes Apple's Rule 502(d) Motion that would confirm there is no waiver on the ground that "courts routinely deny motions seeking a Rule 502(d) Order where the underlying documents have been affirmatively found to be neither privileged nor protected." Opp. at 3.

At the outset, none of the cases Epic relies on supports its broad assertion that courts need not enter a Rule 502(d) order where the court has ruled against underlying privilege claims. Indeed, Epic cites no case that addressed an analogous situation where a party made court-compelled disclosures to its adversary. For instance, the reason the court in *Strauch v. Computer Scis. Corp.*, 2020 WL 1812715 (D. Conn. Apr. 9, 2020), denied the Rule 502(d) motion was because the plaintiffs had voluntarily waived privilege through a "voluntary and intentional decision, not one that was inadvertent or that [plaintiffs] [were] *compelled to take*." *Id.* at *3 (emphasis added). Thus, the plaintiffs in *Strauch* had already voluntarily waived privilege and the court declined to issue a

APPLE'S REPLY BRIEF IN SUPPORT
OF ENTERING A RULE 502(D) ORDER    3    CASE NO. 4:20-CV-05640-YGR-TSH

Rule 502(d) to resurrect the waived privilege claims. Epic also cites *City of Almaty, Kazakhstan v. Ablyazov*, 2018 WL 11270087 (S.D.N.Y. Dec. 3, 2018), which similarly found that privilege had already been waived through selective disclosure and thus did not issue a Rule 502(d) order to resurrect a voluntarily waived privilege claim. *See* 2018 WL 11270087 at *6 (holding that plaintiffs "waived any privilege that attaches to the terms of [the] engagement"). Here by contrast, Epic expressly agrees that Apple has not waived privilege by raising "vociferous objection[s]" throughout and only producing the Disputed Documents in response to the Court's orders. *See* Opp. at 5. Neither of the Rule 502(d) cases Epic relies on is analogous to this situation.

Epic also relies on two cases that do not involve Rule 502(d) motions or even mention Rule 502(d). Opp. at 3 (citing *Astiana v. Ben & Jerry's Homemade, Inc.*, 2014 WL 694745 (N.D. Cal. Feb. 21, 2014), and *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, 2014 WL 4449451 (S.D. Fla. Sept. 10, 2014)). Both cases involved motions to compel—not motions under Rule 502(d). In *Astiana*, the court denied a motion to compel the return of inadvertently produced documents because the documents were not privileged—but the court did not "reach the issue of whether the privilege or work-product protection was waived." 2014 WL 694745 at *6. And in *Latele Television*, the court granted a motion to compel where the relevant party had waived the privilege by making disclosures to third parties. 2014 WL 4449451 at *5 ("[B]y forwarding attorney-client privileged communications/emails . . . [the party] waived any applicable attorney-client privilege."). Epic's cherry-picked quotations from these cases are dicta and have no persuasive value in the Rule 502(d) context because neither decision even mentioned Rule 502(d)—let alone the appropriate scope of relief authorized under Rule 502(d).

Additionally, Epic fails to adequately distinguish *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, 2017 WL 8948739 (N.D. Cal. Nov. 15, 2017). Epic argues that *Rearden* did not address a situation where a Rule 502(d) order was issued to protect documents "affirmatively

APPLE'S REPLY BRIEF IN SUPPORT
OF ENTERING A RULE 502(D) ORDER       4       CASE NO. 4:20-CV-05640-YGR-TSH

adjudicated not to be privileged or protected." Opp. at 4.  But the *Rearden* court made clear that the "Defendants had no choice but to respond to Plaintiff's use of the communications after this Court ruled that the attorney-client privilege did not protect the communications." *Id.* at *5.  The court noted that its prior order had "forced disclosure of the privileged information," *id.* at *6, and that a Rule 502(d) order was appropriate because the "Defendants were not required to maintain an objection after fully briefing and arguing this issue before this Court." *Id.* at *5.  *Rearden* is thus an appropriate example of a court exercising its discretion under Rule 502(d) to grant analogous relief to what Apple is seeking in its Rule 502(d) Motion.

Epic correctly notes that the Court has already entered a Rule 502(d) order addressing inadvertent disclosures and associated clawback procedures. Opp. at 2; *see also* Dkt. 245.  Apple submits that an additional Rule 502(d) order is warranted to confirm that use of the Disputed Documents that Apple has been compelled to produce by court order also does not result in any waiver.  Importantly, Epic will suffer no prejudice from Apple's proposed Rule 502(d) order.  In fact, the proposed order would not implicate Epic's rights at all.  Epic has had access to the Disputed Documents in advance of the evidentiary hearing and is fully able to use any of the documents during the hearing (subject to individualized objections).  On appeal, Epic is also free to assert that the Disputed Documents are not protected under the attorney-client privilege or the work-product doctrine.  The lack of prejudice to Epic from Apple's proposed Rule 502(d) order is another basis for the Court to grant the motion.

***Second***, Epic argues that the Court should not grant the Rule 502(d) Motion because it would "permit Apple's own affirmative use of the Disputed Documents without effecting a waiver." Opp. at 5.  At core, Epic seeks the unilateral ability to attack Apple with the Disputed Documents, while preventing Apple from using the Disputed Documents to respond or provide the Court with necessary context without risking additional waiver disputes.

Epic begins this argument with speculation. Epic posits that "if Apple were to argue that it is not in contempt because it relied on the advice of counsel . . . Apple's use of documents in support of that argument would arguably constitute a waiver of any claim of privilege over those documents (and potentially beyond them)." *Id.* The record is clear that Apple produced the Disputed Documents because it was required to do so by the Court. Rule 502(d) Motion at 4, 6. Apple did not produce the Disputed Documents because it wanted to advance a hypothetical "advice of counsel" defense or any other defense that would have placed the documents at issue.

Moreover, Rule 502(d) only provides protection from disclosure-related waiver, but does not supplant other common law theories of waiver. *See* Fed. R. Evid. 502, Advisory Committee's Explanatory Note (Nov. 28, 2007) ("Moreover, while establishing some exceptions to waiver, the rule does not purport to supplant applicable waiver doctrine generally."). Thus, the advice-of-counsel hypothetical advanced by Epic is expressly *excluded* from the scope of Rule 502(d). *Id.* Since Apple has already been required to produce the Disputed Documents pursuant to court order, those documents are potentially part of the record that the Court will review in reaching a decision on Epic's Motion to Enforce. Both parties should be able to use the documents in connection with Epic's Motion to Enforce (including at the evidentiary hearing) without implicating waiver.

Finally, Epic argues that "[i]t would violate the sword-shield rule to issue a broad order deeming *a priori* that any and all uses Apple makes at the upcoming evidentiary hearing of any document on which it asserts a claim of privilege does not constitute a waiver." Opp. at 5. But Apple has not injected privileged information into this proceeding for any purpose. Apple sought to maintain privilege and any other applicable protections over the Disputed Documents. The Disputed Documents have been determined not to be protected (albeit erroneously in Apple's view) and should therefore be available for use by both parties at the evidentiary hearing or otherwise in connection with Epic's Motion to Enforce. Importantly, Rule 502(d) does not speak to whether the

privilege applies—it solely speaks to whether waiver arises from a litigation-connected disclosure. The Court should enter a Rule 502(d) order to confirm that use of a Disputed Document produced due to court order does not constitute waiver.

## CONCLUSION

For the reasons discussed above, Apple respectfully requests that this Court grant the Rule 502(d) Motion.

Dated: February 21, 2025

Respectfully submitted,

By: /s/ *Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.