UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIC GAMES, INC.,

         Plaintiff,

v.

APPLE INC.,

         Defendant.

Case No. 20-cv-05640-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 1257

      The parties have a dispute concerning Apple's clawback of two documents. ECF No. 1257. By way of background, as part of its re-review process, Apple redacted two documents (APL-EG_00120646 and APL-EG_00135890) and submitted them and its proposed redactions for review by the Special Masters, who upheld the privilege claims for the redactions in both documents. Apple was then obligated to produce those redacted documents to Epic by February 18, 2025. ECF No. 1252 at 1 ¶ 1. Instead, on February 16, 2025, Apple clawed back both documents in their entirety because, according to Apple, they were materially similar to a third document (APL-EG_00162520) that Apple withheld in full and which the Special Masters found to be privileged. The Court later upheld Apple's claim of privilege over '520. ECF No. 1251 (Entry 1471). The present dispute is not over the merit of the present clawback, i.e., whether '646 and '890 are in fact privileged as a whole, but over whether Apple is procedurally entitled to make this clawback at all.

      The Court thinks that Apple may do this. The ESI Order states that "[p]ursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding, consistent with the Protective Orders entered in the actions." ECF No. 245 § 11. The protective

order further states that "[t]he production without manual review of any privileged or otherwise protected document or ESI, whether inadvertent or otherwise, is not and shall not be deemed a waiver or impairment of any claim of privilege or protection arising under the attorney-client privilege, the protection afforded to work-product materials, or any other privilege or protection from discovery, in these cases or in any other federal or state proceeding, as long as the Producing Party follows the procedure in Section 12.2," governing clawbacks. ECF No. 274 ¶ 12.1.

For the moment, we can set aside two technical arguments that the parties do not make. Epic does not appear to be arguing that paragraph 12.1 in the protective order limits non-waiver to productions made "without manual review." (Apple acknowledges that it did manually review '646 and '890 before providing them to the Special Masters.) And Apple does not advance the argument that it never made a "production" of '646 and '890 because it never produced them to Epic (which it didn't). Rather, Epic argues that Apple is not entitled to make a clawback of documents that it deliberately decided to produce in redacted form. Apple doesn't dispute that general proposition but argues that the production was inadvertent. Apple argues that it re-reviewed about 54,000 documents for claims of privilege in the span of a few weeks with a team of about a hundred reviewers, and it simply made inconsistent privilege calls. Thus, the dispute as teed up by the parties is whether Apple's production of '646 and '890 in redacted form was deliberate or inadvertent. *See* ECF No. 274 ¶ 12.3 (protective order allows a party to clawback any "inadvertently produced" discovery material).

This isn't the first time that Apple has made inconsistent privilege calls in its re-review process. *See* ECF No. 1139 at 9 (noting that Apple both produced and withheld Entry 307 and produced Entry 1577 with and without redactions). The Court does not think that in a document review of this size, inconsistent privilege calls, without more, amount to the deliberate production of the version that was produced. That doesn't make any sense. After all, the fact that Apple also *withheld* a document that (it says) is materially similar suggests the production was a mistake. Epic argues that Apple's production was deliberate because it reviewed '646 and '890 twice, first concluding they were entirely privileged, and then concluding they were only partially privileged. While that is true, Apple also reviewed '520 twice, and both times concluded it was entirely

2

privileged. Thus, assuming the documents are materially similar, the withholding of '520 casts doubt on the deliberateness of producing '646 and '890 in redacted form.

Further, and leaving aside whether '646 and '890 are in fact materially similar to '520, the clawback right in the protective order and Rule 26(b)(5)(B) exists because people make mistakes. Epic cites no authority for the proposition that inadvertence does not include an intentional but mistaken decision by a human document reviewer. The question, after all, is whether *Apple* deliberately produced a document, not whether one particular document reviewer deliberately decided these documents should have been redacted rather than withheld in full. Apple used a large team of reviewers to make privilege calls on a large number of documents, and a mistake does not mean that the company deliberately produced the document.

Accordingly, the Court **ORDERS** that Apple is procedurally entitled to make this clawback. Not having seen '646 and '890, the Court expresses no view on the merits of Apple's claim of privilege. Rather, as discussed at the hearing, Apple has submitted or will submit its privilege claim over these two documents to the Special Masters for their review.

**IT IS SO ORDERED.**

Dated: February 25, 2025

THOMAS S. HIXSON
United States Magistrate Judge