1   DANIEL G. SWANSON, SBN 116556           MARK A. PERRY, SBN 212532
       dswanson@gibsondunn.com                 mark.perry@weil.com
2   GIBSON, DUNN & CRUTCHER LLP            JOSHUA M. WESNESKI (D.C. Bar No.
    333 South Grand Avenue                1500231; *pro hac vice*)
3   Los Angeles, CA 90071                    joshua.wesneski@weil.com
    Telephone: 213.229.7000               WEIL, GOTSHAL & MANGES LLP
4   Facsimile: 213.229.7520               2001 M Street NW, Suite 600
                                          Washington, DC 20036
5   CYNTHIA E. RICHMAN (D.C. Bar No.      Telephone: 202.682.7000
    492089; *pro hac vice*)               Facsimile: 202.857.0940
6      crichman@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP            MORGAN D. MACBRIDE, SBN 301248
7   1050 Connecticut Avenue, N.W.            morgan.macbride@weil.com
    Washington, DC 20036                  WEIL, GOTSHAL & MANGES LLP
8   Telephone: 202.955.8500               Redwood Shores Pkwy, 4th Floor
    Facsimile: 202.467.0539               Redwood Shores, CA 94065
9                                         Telephone: 650.802.3044
    JULIAN W. KLEINBRODT, SBN 302085      Facsimile: 650.802.3100
10     jkleinbrodt@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
11  One Embarcadero Center, Suite 2600
    San Francisco, CA 94111
12  Telephone: 415.393.8200
    Facsimile: 415.393.8306
13

14

15

16  Attorneys for Defendant APPLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| EPIC GAMES, INC. | Case No. 4:20-cv-05640-YGR-TSH |
|---|---|
| Plaintiff, Counter-defendant  v.  APPLE INC.,  Defendant, Counterclaimant | **DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**  The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case.  I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple.  I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto.  I submit this declaration in support of Apple's Statement in Support of Administrative Motion to Seal.[1]

2.      I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances.  I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information.  I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3.      Apple operates in an intensely competitive environment.  Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect the confidentiality of its information.

4.      Apple has carefully reviewed Exhibit A to Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motion") (Dkt. 1247), and now proposes to partially seal information therein that, if disclosed, could harm Apple's competitive business interests and reveal personally identifiable information.

5.      Exhibit A contains non-public information about Apple's use of certain confidential codenames related to new product developments.  Public disclosure would reveal Apple's internal

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013).  If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

business decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple.  Exhibit A also contains personally identifiable information in the form of email addresses of Apple employees.  Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests.  The remainder of the exhibit remains unredacted.

6.      Below is a chart detailing the portions of the exhibit sealable for the reasons explained herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Redacted email addresses | Exhibit A | Reflects personally identifiable information |
| Redacted project codenames | Exhibit A | Reflects non-public Apple business strategy |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 25th day of February 2025, in Oakland, California.

Dated: February 25, 2025                    Respectfully submitted,


By: */s/ Mark A. Perry*

Mark A. Perry