DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar
No. 1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN
301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR |
| Plaintiff, Counter-Defendant | **APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE** |
| v. | |
| APPLE INC., | |
| Defendant, Counterclaimant. | The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's order ("Order") of February 13, 2025 (Dkt. 1209), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol.  *See* Dkt. 1092 ¶ 4.  A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law."  Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

Apple reiterates that it preserves for appeal its contention that the primary purpose test, as formulated by the Ninth Circuit, is not the proper test for determining attorney-client privilege and that the Court should instead apply the D.C. Circuit's test.  *See* Dkt. 1193, at 1.  Even under the Ninth Circuit's formulation of "the" primary purpose test, however, several of Judge Hixson's rulings were contrary to law.  Because of the number of documents at issue in Judge Hixson's ruling and this appeal, Apple has grouped similar documents together for ease of reference.

**Draft Contract Addendum: Entries 1808 (PRIV-APL-EG_00142704), 1815 (PRIV-APL-EG_00142725), 2015 (PRIV-APL-EG_00047167)**

Entries 1808 and 1815 are drafts of an addendum to the Developer Program License Agreement ("DPLA"), attached to two duplicate versions of an email (PRIV-APL-EG_00142702 and PRIV-APL-EG_00142722, respectively) in which Ling Lew (in-house counsel) provides a revised version of the addendum to non-lawyers for their review and feedback.  The parent emails were redacted in relevant part.  Entry 2015 is another draft of the addendum, attached to a Slack chat (PRIV-APL-EG_00047165) in which Ms. Lew again circulates a draft to non-lawyers for feedback.  The parent document was withheld.

"Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process."  *Diversey U.S. Holdings, Inc. v. Sara*

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic.  Dkt. 1092 ¶ 4(c).  That production pursuant to a court order did not effect a waiver.  *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

1  *Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Barnes-Wallace v. City of San*

2  *Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("[P]reliminary drafts of documents

3  are protected by the attorney-client privilege."). Drafts of contracts prepared or edited by lawyers

4  are at the core of what the attorney-client privilege is meant to protect. There is no requirement

5  that a lawyer redline, highlight, or otherwise indicate their changes to a document in order to

6  make that document privileged when it is transmitted by the lawyer to a client for the purpose of

7  providing legal advice. *See In re Premera Blue Cross Customer Data Sec. Breach Litigation*, 329

8  F.R.D. 656, 663 (D. Or. 2019).

9  **Documents Sent to Counsel for Review: Entries 1973 (PRIV-APL-EG_00144536), 1974 (PRIV-APL-EG_00144537)**

10  Entries 1973 and 1974 are attachments to an email (PRIV-APL-EG_00144533) sent by a

11  non-lawyer to Sean Cameron, the lead in-house counsel for the App Store, soliciting Mr. Camer-

12  on's feedback on changes to a developer request form for a new entitlement. The attachments are

13  screenshots of the proposed changes shared for the express purpose of receiving Mr. Cameron's

14  advice. The attorney-client privilege "extends to a client's confidential disclosures to an attorney

15  in order to obtain legal advice." *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D.

16  Cal. July 10, 2024); *see also In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal.

17  Nov. 25, 2015) ("The attorney-client privilege protects communications between attorneys and

18  their clients even when the facts being conveyed may themselves be unprivileged."); *Phoenix*

19  *Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008) (holding that confi-

20  dential information disclosed by a client to obtain legal advice is protected by the attorney-client

21  privilege). Accordingly, drafts shared with in-house counsel for the purpose of receiving advice

22  from counsel on those drafts are privileged.

23  **Documents Created at the Request or Direction of Counsel for the Purpose of Providing Legal Advice: Entries 2929 (PRIV-APL-EG_00100996), 2933 (PRIV-APL-EG_00101009), 2939 (PRIV-APL-EG_00101020), 3221 (PRIV-APL-EG_00103799)**

24

25

26  Entries 2929, 2933, and 2939 are different versions of an Excel spreadsheet showing his-

27  torical changes to two App Store Guidelines. The document was prepared at the express direction

28

1   of counsel in order to respond to a request from a foreign regulator, as indicated in the parent

2   emails.  *See* PRIV-APL-EG_00100988; PRIV-APL-EG_00101000; PRIV-APL-EG_00101016.

3   Entry 3221 is a financial analysis related to the App Store.  It is an attachment to an email (PRIV-

4   APL-EG_00103784) in which non-lawyers working at the express direction of outside counsel

5   request the updated financial analysis for use in connection with litigation in the United Kingdom.

6   The underlying emails were all withheld for privilege, upheld by the Special Masters, and not

7   challenged by Epic.

8          Documents prepared at the direction of counsel in order to assist counsel in providing le-

9   gal advice are privileged.  Regardless of whether the documents would be privileged if produced

10  as standalone documents, they are privileged when provided to or from attorneys in the course of

11  those attorneys providing or developing legal advice.  *See Willis Elec. Co. v. Polygroup Trading*

12  *Ltd.*, 2021 WL 568454, at *7 (D. Minn. Feb. 16, 2021) (adopting rule "protect[ing] a party from

13  having to disclose that those specific documents were sent to counsel in connection with a request

14  for legal advice," because "requiring disclosure of the attachments themselves creates a risk that

15  an opponent may reverse engineer the substance of a client's request for legal advice"); *Am. W.*

16  *Bank Members, L.C. v. Utah*, 2022 WL 103736, at *9 (D. Utah Jan. 11, 2022) ("[E]ven the for-

17  warding of otherwise public information can reflect a client's concern and reveal the client sought

18  legal advice in connection with it sufficient to merit attorney-client privilege protections.").

19                                 **CONCLUSION**

20         Apple respectfully requests that the Court reverse the Order in relevant part.

21

22  Dated: February 27, 2025                    Respectfully submitted,

23                                              By: */s/ Mark A. Perry*
                                                Mark A. Perry
24                                              WEIL, GOTSHAL & MANGES LLP

25                                              Attorney for Apple Inc.

26

27

28