UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 13 and February 25, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 346 (PRIV-APL-EG_00122875) on the February 8, 2025 Priviledge Log.**

**Entry No. 346 (PRIV-APL-EG_00122875)** is a "Quip" document—prepared at the request of counsel—and a subsequent privileged discussion between Apple employees and in-house counsel. Quip is a collaborative workspace that allows team members to create and edit documents and spreadsheets as a group.

The document is entitled "Apple DMA Brain Dump" and provides an overview of features, capabilities, processes, and policies Apple developed in compliance with the Digital Markets Act. A message thread contains pages of comments from Apple employees, including in-house counsel Ling Lew and Martin Gudmudsson. Non-lawyers direct specific questions to counsel for advice and review, to which in-house counsel responds. Following the comments, there are pages showing all edits made to the document by team members, including in-house counsel. Because these communications are "for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations," they are privileged. *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023). Moreover, the attorney-client privilege attaches to those "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). This document was prepared at the request of counsel, includes numerous comments by in-house counsel providing legal advice, and contains requests for legal advice from non-lawyers. Thus, the content of the draft, messages, and edits are privileged.

**Entry No. 462 (PRIV-APL-EG_00124349) on the January 14, 2025 Privilege Log.**

**Entry No. 462 (PRIV-APL-EG_00124349)** is a Slack thread that contains one redacted message from Apple in-house counsel, John Gould. In this message, Gould shares an update to the Developer Program License Agreement addendum fee waiver language, explaining that a last minute edit was made based on a conversation with Phil Schiller. Gould emphasizes the new text by bolding and italicizing it, making the addition from in-house counsel clear to any reader. The remainder of the document is unredacted. The redacted text consists of an attorney sharing a substantive change made to the language of a draft contract, and is therefore clearly privileged. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."). As such, this portion of the document should remain redacted.

DATED: March 3, 2025                    WEIL, GOTSHAL & MANGES LLP
                                        By: */s/ Mark. A Perry*
                                            Mark A. Perry

                                        *Counsel for Defendant Apple Inc.*