**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br> *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 18, 2025 AND FEBRUARY 19, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 18, 2025 and February 19, 2025 regarding Apple's production of re-reviewed documents. The Court tolled objections due from February 20, 2025 through March 2, 2025. (*See* Dkt. 1252.) Epic's objections to rulings that would have been due February 24th and February 25th are included herein.

    Epic recognizes the significant burden of these objections and is sensitive to the diminishing utility of obtaining similar or duplicative documents following the completion of the hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the Evidentiary Hearings on February 24-26, 2025, while forgoing objections to many assertions of privilege that appear improper or, at least, unsubstantiated on the face of Apple's privilege logs, but that pertain to documents that appear to be of relatively limited utility. Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Business Communications Concerning Draft Wisconsin or Price Committee Decks (Entry Nos. 176, 224 and 239 from the Third Priority Review documents)**

Entry No. 176 (PRIV-APL-EG_00150518) is an email from Tanya Washburn to Matt Fischer and Jen Brown with the subject line "Updated Wisconsin Deck", and Entry No. 239 (PRIV-APL-EG_00150820) is an email from Matt Fischer to Tanya Washburn and Jen Brown with the same subject line. Entry No. 224 (PRIV-APL-EG_00150760) is an email from Alex Roman to Nate Barton and Jen Brown with the subject line "Wisconsin PC Deck".

The custodian for all three emails is Carson Oliver, a business person. The senders of all three emails are business people. One of the two recipients of each email is a business person. And the topic of the emails is a deck that is the core business deck used in meetings between the Wisconsin team and Apple's business executives, including Mr. Cook, to guide the discussions of Apple's response to the Injunction. Under these circumstances, it appears clear that the emails' "primary purpose" is to advance the deck for meetings with executives, not to obtain legal advice. Merely including in-house counsel on emails does not render those emails privileged, particularly given that exhibits introduced during the Evidentiary Hearings—and specifically emails including Ms. Brown—show Apple's attempts to improperly cloak in privilege large business decks that are clearly not fully privileged. (*See* Tr. 1615:13-1618:24.)

**Business Communications Concerning Apple's VPP and NPP Programs (Entry Nos. 5108 and 8004 from the Third Priority Review documents)**

Entry No. 5108 (PRIV-APL-EG_00200276) is an email from Timothy Kim to Ling Lew, copying Nate Barton, Chip Canter, Sean Cameron, Jason Cody, Lacey Elmore, Carson Oliver and Jen Brown. The subject line of this email is "Re: Privileged & Confidential: Wisconsin Entitlement & VPP/NPP.eml". The custodians for this email are Carson Oliver, Nate Barton, and Timothy Kim, all non-lawyers.

Entry No. 8004 (PRIV-APL-EG_00229195) is an email between two non-lawyers, Nate Barton to Timothy Kim, copying non-lawyers Oliver Carson and Chip Canter, as well as Sean Cameron, Jason Cody, Lacey Elmore, Ling Lew, and Jen Brown. The subject line of this email is the same as No. 5108, "Re: Privileged & Confidential: Wisconsin Entitlement & VPP/NPP.eml", with a later timestamp, suggesting that No. 8004 is a continuation of the email chain from No. 5108. The custodian for this document is Carson Oliver.

VPP and NPP are two Apple programs providing large developers of video streaming and news publication apps preferred terms on the App Store—specifically, a 15% commission rate on all subscriptions (instead of the standard commission of 30% that otherwise would apply to subscriptions during their first year). The issue of whether VPP and NPP developers would be eligible to use link entitlements without losing the benefits of those programs was the subject of extensive analysis by the Wisconsin team during the summer of 2023, and Apple's reasons for excluding those developers from the linkout program was the topic of extensive testimony during the evidentiary hearings. Importantly, although Epic and Apple dispute the reasons driving Apple's decision to exclude these developers from the linkout program, both agree that Apple has done so for purely <u>business</u> reasons. Specifically, Epic maintains that Apple decided to exclude these developers because doing so ensured VPP/NPP developers would remain exclusively on IAP (CX-0231.8; Feb. 26, 2025 Hrg. Tr. 1726:21-24); Apple claims it decided to exclude these developers because they must integrate with iOS in certain ways (CX-505.16; May

17, 2024 Hrg. Tr. 619:10-620:14). Either way, legal considerations played no part in this decision by Apple. Accordingly, emails concerning the treatment of these programs are likely to serve primarily a business purpose, not a legal purpose. To the extent portions of the email contain legal advice, Apple could redact these portions, rather than seek to withhold the entire document.

**Direct Messages from Apple Business Personnel (Entry Nos. 2321, 2322, and 2323 from the Third Priority Review documents)**

Entry Nos. 2321 (PRIV-APL-EG_00094666), No. 2322 (PRIV-APL-EG_00094668) and No. 2323 (PRIV-APL-EG_00094678) are all direct messages among hearing witnesses Carson Oliver and Kunnal Vij and four unnamed others, dated from June 30, 2023 to July 1, 2023. The custodian for all three documents is Carson Oliver. All three documents are withheld in their entirety.

As a threshold matter, for Entry No. 2322, the claimed basis for privilege listed in Apple's privilege log is that it is purportedly an "[e]mail chain with redacted text". But the communication is not an email and the document is not redacted; it is withheld in its entirety.

As to the contents of these communications, Entry Nos. 2321 and 2322 purport to reflect an "interpretation of contractual terms with respect to developer agreements" (Entry No. 2321) and a discussion concerning "[r]evising the commission guideline" (Entry No. 2322). It is unclear what legal discussion on these topics would be had with Mr. Oliver, and even less so with Mr. Vij, a finance person whose task focused on modeling the financial implications of Project Wisconsin.

Entry No. 2323 is even farther afield, purporting to reflect "information from Timothy Kim [a business person] re the URL and optics of it". The privilege log states this information is "in furtherance of seeking legal advice", but does not suggest the request for legal advice or the advice itself are reflected in the document.

Overall, these communications appear to be primarily among business people, including two who testified at the Evidentiary Hearings, that are at most dual purpose communications that are primarily for a business purpose. To the extent there is discussion reflecting actual legal advice in these direct messages, that discussion should be redacted, but the messages should not be withheld in their entirety.

DATED: March 3, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*