DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, Counter-Defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR <br><br> **APPLE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF A MAGISTRATE JUDGE** <br><br> The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's orders ("Orders") of February 18, 2025 (Dkt. 1242, 1251), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol.  *See* Dkt. 1092 ¶ 4.  A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law."  Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

Apple reiterates that it preserves for appeal its contention that the primary purpose test, as formulated by the Ninth Circuit, is not the proper test for determining attorney-client privilege and that the Court should instead apply the D.C. Circuit's test.  *See* Dkt. 1193, at 1.  Even under the Ninth Circuit's formulation of "the" primary purpose test, however, several of Judge Hixson's rulings were contrary to law.  Because of the number of documents at issue in Judge Hixson's ruling and this appeal, Apple has grouped similar documents together for ease of reference.

**Draft Contract Addenda: Entries 9299 (PRIV-APL-EG_00242265), 9300 (PRIV-APL-EG_00242271), 9349 (PRIV-APL-EG_00242871), 9350 (PRIV-APL-EG_00242877), 9376 (PRIV-APL-EG_00243126), 9377 (PRIV-APL-EG_00243132), 9380 (PRIV-APL-EG_00243145), 9381 (PRIV-APL-EG_00243151), 9485 (PRIV-APL-EG_00244062), 9486 (PRIV-APL-EG_00244070), 7786 (PRIV-APL-EG_00226083)**

Entries 9299, 9300, 9349, 9350, 9376, 9377, 9380, and 9381 are various drafts of a contract addendum authored by attorneys entitled "External Link Account Entitlement Addendum for Reader Apps."  This is an addendum to the Developer Program License Agreement—the contract that all iOS developers enter into with Apple.  The parent emails for these entries (PRIV-APL-EG_00242262, PRIV-APL-EG_00242870, PRIV-APL-EG_00243123, and PRIV-APL-EG_00243144) were redacted and upheld by the Special Masters.  Entries 9485 and 9486 are drafts of a different, but similar, contract addendum entitled "StoreKit External Purchase Entitle-

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic.  Dkt. 1092 ¶ 4(c).  That production pursuant to a court order did not effect a waiver.  *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

ment Addendum for Netherlands Dating Apps." Again, the Special Masters upheld Apple's privilege assertion over the parent email for these entries (PRIV-APL-EG_00244055). Entry 7786 is a draft of the contract addendum most relevant to this proceeding, entitled "StoreKit External Purchase Link Entitlement Addendum for US Apps."

"Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("[P]reliminary drafts of documents are protected by the attorney-client privilege."). Drafts of contracts prepared or edited by lawyers are at the core of what the attorney-client privilege is meant to protect. There is no requirement that a lawyer redline, highlight, or otherwise indicate their changes to a document in order to make that document privileged when it is transmitted by the lawyer to a client for the purpose of providing legal advice. *See In re Premera Blue Cross Customer Data Sec. Breach Litigation*, 329 F.R.D. 656, 663 (D. Or. 2019).

**Documents Drafted by Counsel for the Purpose of Providing Legal Advice: Entries 727 (PRIV-APL-EG_00072541), 738 (PRIV-APL-EG_00072619), 1317 (PRIV-APL-EG_00082730)**

Entry 727 is a compilation of key passages from the Court's Rule 52 order on the merits after trial. The compilation was drafted by outside counsel at Gibson, Dunn & Crutcher in the immediate aftermath of the Court's ruling, and counsel submitted a declaration attesting to its authorship and purpose. *See* Dkt. 1189-1. This document consists of "legal opinions and communications made to the client to keep the client informed of legal developments" and is therefore privileged. *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023); *see also Labbe Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice").

Entry 738 is a chart comparing foreign regulatory requirements and Apple's responses in several different markets. The document was drafted by Ling Lew (in-house counsel) and sent to Sean Cameron (in-house counsel) before it was finally delivered to the non-lawyer recipient in

the parent email (PRIV-APL-EG_00072617). This is a document drafted by counsel for the purpose of providing legal advice regarding Apple's compliance with and responses to regulatory developments around the world. It is therefore privileged. *See Labbe*, 2023 WL 5672950, at *4.

Entry 1317 (PRIV-APL-EG_00082730) is an email in which a non-lawyer sends another non-lawyer a document "created by the lawyers" for use in connection with the merits trial and suggests seeking legal advice on a related issue. Entry 1318 (PRIV-APL-EG_00082731) is the document prepared by counsel. The email is privileged as an indication of an intent to seek legal advice on a topic. The attached document is both privileged (because it comprises legal advice regarding certain documents related to this litigation) and protected as work product (because it was prepared by an attorney in furtherance of this litigation). *See Colonies Partners, L.P. v. County of San Bernardino*, 2020 WL 5846477, at *4 (C.D. Cal. Jan. 24, 2020) (work product applies "when litigation is pending or imminent"); *ACLU of N. Cal. v. Dep't of Justice*, 2015 WL 3793496, at *7 (N.D. Cal. June 17, 2015) (primary concern of work product doctrine is to protect attorney work product "relevant to any specific, ongoing, or prospective case or cases").

**Document Sent to Counsel with Request for Legal Advice: Entry 1301 (PRIV-APL-EG_00082600)**

Entry 1301 (PRIV-APL-EG_00082600) is an email containing a draft outline of press strategy related to certain regulatory developments in Japan. The email indicates that the outline is being sent to in-house lawyers in Apple's Competition department for review and feedback. For that reason, it is a "confidential disclosure[]" made "to an attorney in order to obtain legal advice" and is therefore privileged." *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

**Documents Reflecting Feedback and Legal Advice from Counsel: Entries 2505 (PRIV-APL-EG_00053686), 2506 (PRIV-APL-EG_00053689), 2507 (PRIV-APL-EG_00053703), 2508 (PRIV-APL-EG_00053712), 2509 (PRIV-APL-EG_00053717), 9400 (PRIV-APL-EG_00243495), 1342 (PRIV-APL-EG_00082914), 1345 (PRIV-APL-EG_00082952), 1346 (PRIV-APL-EG_00082961), 1155 (PRIV-APL-EG_00081363), 1255 (PRIV-APL-EG_00082271), 1071 (PRIV-APL-EG_00078885)**

Entries 2505, 2506, 2507, 2508, and 2509 are an email and its attachments in which a non-lawyer shares documents with executive leadership regarding Apple's compliance plans for

the digital Markets Act ("DMA"). Copied on the email are several in-house counsel who contributed to the preparation of the materials, including Heather Grenier, Kyle Andeer, Sean Cameron, and Ling Lew. The email further indicates that the materials were revised in response to feedback from Kate Adams (Apple's General Counsel) among others. Documents reflecting legal advice from counsel, including draft documents ultimately intended for public distribution, are privileged. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

Entry 9400 is an email chain that includes a draft press statement in response to certain regulatory developments. A non-lawyer explains that the statement was prepared with guidance from Mr. Andeer (in-house counsel) and the statement was sent to Ms. Adams (General Counsel) for review. In addition to the draft reflecting legal advice from counsel, *see Chrimar Sys.*, 2016 WL 1595785, at *3, the email is also privileged also because the draft statement was sent to legal counsel for input, *see, e.g.*, *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

Entry 1342 (PRIV-APL-EG_00082914) is an email chain with a single sentence redacted in which a non-lawyer relays information received "from Competition Legal" regarding prospective litigation. Because the email relays express legal advice provided by in-house counsel, the redacted portion is privileged. *See Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 618 (N.D. Cal. 2020).

Entries 1345 (PRIV-APL-EG_00082952) and 1346 (PRIV-APL-EG_00082961) are a parent email exchange between a non-lawyer and Mr. Andeer (in-house counsel) and its attachment. In the email exchange, a non-lawyer shares talking points with Mr. Andeer for his review and Mr. Andeer provides feedback. The email exchange was properly withheld as "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). The attachment is the draft talking points that the non-lawyer updated in response to Mr. Andeer's feedback. Apple redacted only one short passage in this document related to pending

litigation in Australia, which was discussed with Mr. Andeer in the email exchange. This passage is privileged both as reflecting legal advice, *see Chrimar Sys.*, 2016 WL 1595785, at *3, and as a request for legal review and input, *see Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008).

Entry 1071 (PRIV-APL-EG_00078885) is a slide deck attached to an email (PRIV-APL-EG_00078882) in which a non-lawyer circulates the draft slide deck to in-house counsel, counsel provides feedback, and the non-lawyer implements that feedback and circulates. The slide deck concerns the merits litigation and related proceedings in this case. It is therefore protected as work product because it "would not have been created in substantially similar form but for the prospect of litigation." *ACLU of N. Cal.*, 880 F.3d at 485–86.

**Documents Related to Attorney Presentations: Entries 1155 (PRIV-APL-EG_00081363), 1255 (PRIV-APL-EG_00082271)**

Entry 1155 (PRIV-APL-EG_00081363) is a draft slide deck prepared by a non-lawyer for Sean Dillon (in-house counsel) for presentation in response to a regulatory report from a Japanese regulatory body, as reflected in the parent email (PRIV-APL-EG_00081363). Legal advice is directly reflected in the document as the presentation provides Apple's legal position. "A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege." *Premera Blue Cross*, 329 F.R.D. at 663.

Entry 1255 (PRIV-APL-EG_00082271) is a redacted draft public relations plan for a regulatory issue in Japan, with redacted strategy and speaking points for Mr. Dillon discussed in the parent email (PRIV-APL-EG_00082250). The redacted language indicates specific areas for Mr. Dillon to address and specific claims to refute. Because this is a confidential disclosure made to an attorney for the purpose of seeking advice, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

## CONCLUSION

Apple respectfully requests that the Court reverse the Orders in relevant part.

| | | |
|---|---|---|
| 1 | Dated: March 4, 2025 | Respectfully submitted, |
| 2 | | By: /s/ *Mark A. Perry* |
| 3 | | Mark A. Perry<br>WEIL, GOTSHAL & MANGES LLP |
| 4 | | |
| 5 | | Attorney for Apple Inc. |