UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 14, 15, 16, and 26, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry Nos. 10781 (PRIV-APL-EG_00255272), 10886 (PRIV-APL-EG_00256631), and 10904 (PRIV-APL-EG_00256780) on the February 8, 2025 Privilege Log.**

**Entry Nos. 10781 (PRIV-APL-EG_00255272), 10886 (PRIV-APL-EG_00256631), and 10904 (PRIV-APL-EG_00256780)** are three iterations of the same email chain between non-lawyers and in-house counsel Kyle Andeer, copying a number of other Apple employees including in-house counsel Kate Adams, Sean Cameron, Sean Dillon, Jason Cody, and Robert Windom. The email chain begins with an email from a non-lawyer discussing press coverage regarding Apple's compliance with the Netherlands Authority for Consumers and Markets' (ACM) requirements in the Netherlands, prompting a discussion among in-house counsel and non-lawyers about these compliance efforts. The initial email is immediately followed by comments from in-house counsel Mr. Andeer, providing updates from a legal perspective about Apple's compliance, legal advice about Apple's next steps, and seeking input from the team about alternative ways to achieve compliance. This is followed by a discussion among Apple employees brainstorming ideas in direct response to in-house counsel's request for input. The entire chain is related to the original legal advice from in-house counsel and request from in-house counsel for information necessary to aid counsel in rendering legal advice. Thus, not only is the email from in-house counsel Kyle Andeer privileged—as Special Master Walsh recognized—but so is the entire chain. These "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"). These documents therefore are privileged and should be withheld.

**Entry No. 12136 (PRIV-APL-EG_00272830) on the February 8, 2025 Privilege Log.**

Entry 12136 is an email exchange between in-house counsel Jennifer Brown and outside counsel regarding edits to a slide deck regarding a valuation analysis performed by Analysis Group, a consulting and strategy firm. The redacted language contains feedback from Apple attorneys and reflects substantive choices, based on legal implications, about what to include in the slide deck. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."). The document therefore contains privileged communications and should be redacted.

**Entry No. 7905 (PRIV-APL-EG_00228712) on the February 8, 2025 Privilege Log.**

Entry No. 7905 is an email from a non-lawyer to in-house counsel Jennifer Brown, Sean Cameron, and Ling Lew expressly asking for counsel to review and provide input on draft responses for a press briefing. This email is distinguishable from the draft press briefing at issue in Your Honor's Discovery Order (ECF No. 1056), which your Honor found "[did] not contain legal advice, nor ask for it." This email specifically requests legal advice: "Team – for your input, here are some of the tough QA …. Happy to add to this or modify in any way you see fit." As legal advice is being sought, the draft press briefing is privileged. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."); *see also Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege."); *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege.").

**Entry No. 6755 (PRIV-APL-EG_00216707) on the February 14, 2025 Privilege Log.**

Entry No. 6755 is an email chain including discussion between in-house counsel Sean Cameron and two non-lawyers. In-house counsel Jason Cody, Pam Reid, Kyle Andeer, Ling Lew, and Brendan McNamara are also copied, among other Apple employees. The email begins with Mr. Cameron providing revisions to a draft of Apple's App Store Guidelines in light of Apple's compliance with the Digital Markets Act (DMA). In the email, Mr. Cameron provides a summary of the changes made and asks for review and comments. The rest of the thread is discussion between Mr. Cameron and non-lawyers regarding those revisions. The entire chain is related to the original provision of legal advice and these "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege." *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"). This document therefore is privileged and should be withheld.

**Entry No. 85 (PRIV-APL-EG_00118829) on the January 14, 2025 Privilege Log.**

Entry No. 85 is an email chain among Apple's finance team, discussing in-house counsel's request to update financial data related to the app store profits/losses for purposes of preparing a court filing. The chain was properly redacted as it relays the communications of counsel and counsel's strategic purpose for the requests. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.,* 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). (Attorney-client privilege attaches to "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue").

**Entry No. 184 (PRIV-APL-EG_00119866) on the January 14, 2025 Privilege Log.**

Entry No. 184 is a document among non-lawyers, which includes chat messages and notes summarizing legal counsel's interpretation of Australia's Online Safety Act. This document was properly redacted, as relaying legal counsel's advice to another employee does not break privilege. *See Dolby Lab'ys,* 402 F. Supp. 3d at 866 (Attorney-client privilege attaches to "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue").

**Entry No. 535 (PRIV-APL-EG_00125518) on the January 14, 2025 Privilege Log.**

Entry No. 535 is an email thread entitled "Epic Amicus Filings Plan – privileged and confidential," which contains legal analysis and work product from in-house counsel assessing the content and filing plan for amicus briefs in this case. This email thread was prepared by Apple attorneys and sent to Apple employees, in-house counsel, and outside counsel in order to provide legal advice regarding ongoing litigation with Epic Games. Because the redacted portions of the email thread consist entirely of "legal opinions and communications made to the client to keep the client informed of legal developments," it is privileged. *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023); *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"). Additionally, the document is work product, as it was prepared in connection with ongoing litigation, reflects the impressions and analyses of attorneys, and "would not have been created in substantially similar form but for the prospect of litigation." *ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018). The document is properly redacted. The latest in time email, in which a non-attorney Apple employee forwards the email thread to another non-attorney Apple employee, was left unredacted.

DATED: March 4, 2025

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
   Mark A. Perry

*Counsel for Defendant Apple Inc.*