## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

EPIC GAMES, INC.,

*Plaintiff, Counter-defendant,*

APPLE INC.,

*Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH

**RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS**

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered February 18 and 19, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Emails Regarding Presentation Decks: Entry Nos. 176 (PRIV-APL-EG 00150518), 239 (PRIV-APL-EG 00150820), 224 (PRIV-APL-EG 00150760)**

Epic challenges three emails related to presentation decks created in connection with Apple's injunction compliance efforts. The emails are discussed below in detail, but Apple addresses some of Epic's preliminary points.

First, Epic points out here (and for other documents in its objections) that the custodian for these emails is a non-lawyer. That is unsurprising: There were *no* lawyer custodians in the set agreed to between the parties. That does not mean that a lawyer is not part of the discussion or would not have been a custodian of a given document had that lawyer been included in the full set of custodians.

Second, Epic seems to suggest that legal advice regarding a deck used in connection with meetings with Apple's business executives cannot be privileged. Epic asserts, for example, that the emails' "primary purpose" is to "advance the deck for meetings with executives, not to obtain legal advice." Dkt. 1296, at 2. Those two goals are not mutually exclusive—instead, the Court at the hearing recognized that decks presented to executives that reflect or contain legal advice are privileged in relevant part. TT 1508:5–1509:16. The fact that the emails relate to decks for presentation to the executives therefore does not mean they cannot be privileged.

Finally, Epic accuses Apple of having "attempt[ed] to improperly cloak in privilege large business decks." Dkt. 1296, at 2. There is no basis for that assertion. The exchange at the hearing Epic cites relates to CX-0538 (discussed below), in which Apple in-house counsel directed a non-lawyer to change the label on a deck from "Prepared at the Request of Counsel" to "Prepared at the Request of External Counsel." When called before the Court, in-house counsel identified by name the external counsel she worked with on these issues and also explained that the designation of "External Counsel" has special meaning under EU privilege laws, which are relevant because of the deck's potential overlap with regulatory issues in the EU. TT 1614:21–1617:12. Epic's counsel in fact later suggested that "everyone knew" Apple's compliance plan "may need to go before a court," confirming exactly why outside counsel would have been involved, TT 1734:23–1735:2. There is no basis for Epic to now use the objections process to raise unfounded accusations that have been rebutted by the facts.

Entries 176 (PRIV-APL-EG_00150518) and 239 (PRIV-APL-EG_00150820) are both versions of CX-0538, entered into evidence during the evidentiary hearing with redactions for privilege. Entry 176 contains two additional email messages at the top of the thread, and Entry 239 contains three additional email messages at the top of the thread. If it will resolve Epic's objection, Apple will agree to produce Entries 176 and 239 to Epic with those redactions indicated on CX-0538 (and with none of the additional content redacted).

Entry 224 (PRIV-APL-EG_00150760) is an email exchange initiated by a non-lawyer to Jennifer Brown and Ling Lew (both in-house counsel) seeking feedback and input on a slide deck related to injunction compliance. Ms. Brown provides "comments from litigation," and the non-lawyer responds confirming he made the changes and identifying the outstanding items. The email exchange is for the primary purpose of soliciting and/or providing legal advice from in-house litigation counsel. The exchange is privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950,

at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

**VPP and NPP Programs: Entry Nos. 5108 (PRIV-APL-EG_00200276) and 8004 (PRIV-APL-EG_00229195)**

Entry 5108 (PRIV-APL-EG_00200276) is an email in which a non-lawyer asks Sean Cameron and Ling Lew (both in-house counsel) about the applicability of Apple's changes made pursuant to the Injunction to certain developer programs. Ms. Lew responds, answering the non-lawyer's question. A non-lawyer then confirms Ms. Lew's response. The email was initiated by a request to in-house counsel for legal advice regarding the terms of Apple's new contract terms for developers and includes a response from counsel. While the ultimate decision regarding how to approach these developer programs was made by the business, legal advice provided in connection with that decision is still privileged. *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (a "client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs"); *Stirratt v. Uber Techs.*, 2024 WL 1723710, at *1 (N.D. Cal. Apr. 19, 2024) ("[W]here an attorney gives a client legal advice on a business decision, that communication is protected by privilege."). The fact that there is an additional email from a non-lawyer does not change the fact that the primary purpose of the communication was the solicitation and provision of legal advice. Entry 8004 (PRIV-APL-EG_00229195) is the same email thread with one additional message from a non-lawyer confirming the response.

**Entry Nos. 2321 (PRIV-APL-EG_00094666), 2322 (PRIV-APL-EG_00094668), 2323 (PRIV-APL-EG_00094678)**

Entry 2321 (PRIV-APL-EG_00094666) is an exchange between Ling Lew (in-house counsel) and a non-lawyer regarding changes Ms. Lew was considering with respect to the contract addendum for developers who seek to use Apple's new programs and services under the Injunction. It is an express discussion of legal advice and information provided for the purpose of offering legal advice, and it is therefore privileged.

Entry 2322 (PRIV-APL-EG_00094668) is an exchange initiated by Ling Lew (in-house counsel) advising non-lawyers about developments in the litigation and proposing additional edits to the contract addendum. There is a subsequent discussion among Ms. Lew and non-lawyers regarding certain terms in the contract addendum and how they will be applied. The non-lawyers on the thread discuss several edits to contract addendum with Ms. Lew, and much of the thread is Ms. Lew providing various amendments and soliciting feedback. These are communications made for the purpose of seeking or rendering legal advice regarding the contract terms for Apple's App Store services, and they are privileged.

Entry 2323 (PRIV-APL-EG_00094678) is another exchange initiated by Ling Lew (in-house counsel) regarding certain terms in the contract addendum related to the meaning of a "website" for purposes of Apple's commission. In addition to seeking input from non-lawyers for the purpose of drafting and revising the contract addendum, Ms. Lew also references input from outside counsel regarding related issues.

DATED: March 5, 2025

WEIL, GOTSHAL & MANGES LLP

By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*