UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>   *Plaintiff, Counter-defendant,*<br>v.<br>APPLE INC.,<br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on March 4, 2025. (Dkt. 1301.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents.

- <u>Entry Nos. 10781 (PRIV-APL-EG_00255272), 10886 (PRIV-APL-EG_00256631), and 10904 (PRIV-APL-EG_00256780)</u>—Apple claims in its Objections that these documents are three iterations of the same email chain between non-lawyers and in house counsel Kyle Andeer. Apple seeks to withhold the email chain in its entirety because the whole discussion is supposedly "related to the original legal advice from in-house counsel". (Dkt. 1301 at 2.) But the original email is from a non-lawyer apparently forwarding a publicly available article, and the ensuing discussion, by Apple's own account, is about business employees' ideas about *business* options for Apple to allow alternative payment solutions. The fact that lawyers were copied on or participated in the discussion is irrelevant; the point is that the discussion is primarily about Apple's business options under a new regulatory regime. Indeed, decks discussing Apple's post-Injunction business considerations were a focal point of the recent evidentiary hearing before Judge Gonzalez Rogers. And here, the reviewing Special Master carefully parsed through the document and concluded that while Mr. Andeer's email reflected legal advice, the ensuing discussion was "predominantly

business/PR" and thus not entitled to privilege. Nothing in Apple's Objections suggests this was error.

- Entry No. 12136 (PRIV-APL-EG_00272830)—Apple maintains that this document is an email exchange between in-house counsel Jennifer Brown and outside counsel regarding edits to a slide deck created by Analysis Group. (Dkt. 1301, at 3.) Apple claims that this email exchange should be redacted because the "language contains feedback from Apple attorneys and reflects substantive choices, based on legal implications, about what to include in the slide deck". *Id.* In its Objections, Apple suggests the email is privileged, and Apple cites a case addressing privilege in support. But Apple's privilege log *does not* claim that the document is privileged; it only claims work product. Both the privilege log and Apple's Objections fail to provide any details on how the redacted text—but not any other portion of the email or the deck—reflects something "prepared in anticipation or furtherance of litigation". (*See id.*; Entry No. 12136.) Apple's objection is therefore unavailing and should be overruled.

- Entry No. 7905 (PRIV-APL-EG_00228712)—Apple represents that this document is an email from Marni Goldberg, a director of communications, to three in-house counsel "expressly asking for counsel to review and provide input on draft responses for a press briefing." (Dkt. 1301 at 4.) Apple claims the document is both privileged and work product. As an initial matter, Apple does not even attempt to explain how this draft public-facing communications document, written by a non-lawyer, was "prepared in anticipation or furtherance of litigation" as claimed in its privilege log entry. (Entry No. 7905.) The question of privilege is a closer call and depends on whether the document (or its cover email) did in fact seek legal advice. The Special Master determined that it did not, yet Apple claims that it did. Without access to the underlying document, Epic cannot assess Apple's objection on the basis of privilege.

- Entry No. 6755 (PRIV-APL-EG_00216707)—This document is an email from Sean Cameron, Apple in-house counsel, to Phil Schiller, a non-legal business executive, copying sixteen business executives and lawyers (including Mr. Oliver, Mr. Fischer, Mr. Cue, Mr. Joswiak, Mr. Sainz, Mr. Kosmynka and Ms. Thai, and attorneys Lew, Andeer and McNamara) reportedly addressing revisions to the App Store Guidelines in light of Apple's response to the Digital Markets Act. Apple seeks to withhold this document in its entirety on the basis that "[t]he entire chain is related to the original provision of legal advice". (Dkt. 1301, at 5.) But many, if not most, of the participants in this email chain are non-legal business professionals, and Apple fails to explain why the document must be withheld in its entirety; to the extent legal advice is sought and conveyed, such communications should be narrowly redacted and the document produced accordingly.

- Entry No. 85 (PRIV-APL-EG_00118829) and Entry No. 184 (PRIV-APL-EG_00119866)—Apple claims that both these documents contain discussions among non-lawyers that disclose legal advice from lawyers who are not themselves participating in the discussion. The Special Masters reviewed these documents and concluded that they do not disclose legal advice. Without access to the documents, Epic is unable to assess Apple's objection.

- <u>Entry No. 535 (PRIV-APL-EG_00125518)</u>—Apple claims this document is an email thread containing legal analysis and work product from in-house counsel assessing the amicus briefs in this case. The top email is from one communications professional to another. Apple claims that the proposed redactions "consist entirely of 'legal opinions and communications made to the client to keep the client informed of legal developments'". (Dkt. 1301 at 8.) The Special Master reviewed the underlying text and determined it does not disclose legal advice. Without access to the documents, Epic is unable to assess Apple's objection.

DATED: March 6, 2025

CRAVATH, SWAINE & MOORE LLP
By: <u>*/s/ Yonatan Even*</u>
*Counsel for Plaintiff Epic Games, Inc.*