```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3   Before The Honorable Thomas S. Hixson, Magistrate Judge
 4
 5  EPIC GAMES, INC.,           )
                                )
 6           Plaintiff,         )
                                )
 7  vs.                         )   Case No. C 20-05640-YGR
                                )
 8  APPLE, INC.,                )
                                )
 9           Defendant.         )
10  _____)
                                      San Francisco, California
11                                    Friday, February 21, 2025
12
     TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13             RECORDING 1:02 - 1:08 = 6 MINUTES
14  APPEARANCES:
15  For Plaintiff:
                              Cravath, Swaine & Moore, LLP
16                            375 Ninth Avenue
                              New York, New York 10001
17                       BY:  YONATAN EVEN, ESQ.
18  For Defendant:
                              Weil, Gotshal & Manges, LLP
19                            2001 M Street, NW
                              Suite 600
20                            Washington, D.C. 20036
                         BY:  MARK A. PERRY, ESQ.
21                            JOSHUA M. WESNESKI, ESQ.
22
    Transcribed by:           Echo Reporting, Inc.
23                            Contracted Court Reporter/
                              Transcriber
24                            echoreporting@yahoo.com
25
```

*Echo Reporting, Inc.*

2

1 Friday, February 21, 2025                                    1:02 p.m.
2                       P-R-O-C-E-E-D-I-N-G-S
3                              --oOo--
4           THE CLERK:  We are here in civil action 20-5640,
Epic Games, Inc. versus Apple, Inc.  The Honorable Thomas S.
Hixson presiding.
7      Counsel, please state your appearances.  Let's start
with Plaintiff's Counsel.
9           MR. EVEN (via Zoom):  Good afternoon, your Honor.
Yonatan Even for Epic Games.
11           THE COURT:  Good afternoon.
12           MR. PERRY (via Zoom):  Good afternoon, your Honor.
Mark Perry for Apple, and today I'm joined by my partner,
Josh Wesneski.
15           THE COURT:  Good afternoon.
16           MR. WESNESKI (via Zoom):  Good afternoon.
17           THE COURT:  We are here today in a dispute over a
clawback that Apple has made with respect to two documents,
the 646 document and the 890 document.  The merits of the
clawback dispute are not before me.  In other words, the
joint discovery letter brief is not asking me to decide
whether these documents are or are not privileged.  Rather,
the question is a procedural one, whether Apple is allowed
to make this clawback at all.  And the issue that divides
the parties is that Epic maintains that Apple deliberately

produced the documents with redactions and Apple argues that it did so inadvertently.

Based on the arguments of the parties in the joint discovery letter brief, I conclude that Epic has failed to show that the production was deliberate, such that Apple is unable to make this clawback. I think that procedurally Apple is allowed to make this clawback. I will issue a written order following this hearing, but that's my ruling on this dispute.

I wanted to have this hearing, however, to make sure I understand procedurally what is going to happen next. So let me turn to Apple. Is Apple planning to, or has Apple already submitted both documents, the 646 and the 890 documents, to the special masters with the claim that they are privileged entirely?

MR. WESNESKI: We have not, your Honor, but we will be, yes.

THE COURT: Okay. You understand that that's the next step in the process, correct?

MR. WESNESKI: Yes, your Honor. And if Epic -- Epic is not asked to expedite these documents, and particular after Sunday, but they were in the priority set, so if Epic would like to put them in the front of the queue, that's fine with us too.

THE COURT: And Epic, is Apple's re-submission to

the special masters consistent with your understanding of
the expected process?

    MR. EVEN: So I don't know that we had a clear understanding of what Apple intended to do, in terms of the process. I'm guessing if there is -- if that is the next step, then yes, we would like them to be prioritized. Our -- our concern, obviously, is dealing with the -- with the more fundamental issue of whether Apple can, after everything we've gone through, continue to -- to make clawbacks. We are going into hearings and we have serious concerns about that. But I understand that your Honor has considered that and is going to issue a written ruling on that, and so unless there is anything more that your Honor would like to hear about that, then I think we'll await that written order. But that's where we were coming from.

    THE COURT: Okay. Thank you, Counsel.

    I did have a question for the parties. It's not related to the current dispute, but it concerns ECF 1254, which is Exhibits A and B that Apple filed under seal. And I don't understand why that was filed under seal. My understanding of the process is that Epic filed a motion for the Court to consider whether another parties material should be filed under seal, and that would include Exhibits A through H. And at that point, it was Apple's burden to file a statement justifying the sealing. And Apple's

1  statement addressed exhibits C through H and said nothing
2  about Exhibits A and B.  And so, Apple also submitted a
3  proposed order addressing Exhibits C through H, but since it
4  didn't address Exhibits A and B, I added onto the proposed
5  order that Apple should file Exhibits A and B in the public
6  record, but instead Apple filed them under seal.
7       Recognizing that this was likely not on Counsels'
8  agenda for this hearing, and I don't want to put anyone on
9  the spot, Apple, if you or Epic are prepared to speak to
10 that issue, that -- that would be fine, but if not, then I
11 would like the parties to take a look at that document and
12 the procedural history leading up to it and to decide
13 whether you think that was properly filed under seal, and
14 then to provide a statement later today or on Monday.
15      But first, let me turn to Apple.  Are you prepared to
16 speak on this issue, or do you want to take a look at the
17 background first?
18          MR. WESNESKI:  Well, I can, your Honor.  We
19 certainly didn't intend to file them under seal.  It wasn't
20 our direction.  I'll have to the check the docket to make
21 sure I understand.  The version that I have, that I'm
22 looking at now, its file stamp appears to be public.  There
23 is a slip sheet at the front of it, which says "under seal",
24 that's because we were filing the entire exhibit, and the
25 entire exhibit included a slip sheet that said "under seal",

1  but I will confirm if those documents are not already
2  publicly available, that they are made publicly available
3  today.
4         THE COURT:  Okay.  Thank you, Counsel.
5     And, is there anything that Epic wanted to say about
6  that point?
7         MR. EVEN:  No, your Honor.  And I will admit that
8  I don't have the commission committed to memory, so I can't
9  speak to it, but it sounds like Apple is in agreement that
10 these need to be publicly -- publicly filed.  So we will --
11 I will go back and make sure, but that sounds reasonable to
12 me.
13        THE COURT:  All right.  Well, thank you, Counsel.
14    Is there anything else that Epic wanted to raise at
15 this hearing today?
16        MR. EVEN:  No, your Honor.
17        THE COURT:  Is there anything else that Apple
18 wanted to raise at this hearing today?
19        MR. WESNESKI:  No, your Honor.
20        THE COURT:  All right.  Thank you, Counsel.  The
21 matter is submitted.
22    (Proceedings adjourned at 1:08 p.m.)
23
24
25

```
                                                                    7
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4 transcript, to the best of my ability, of the above pages of
 5 the official electronic sound recording provided to me by
 6 the U.S. District Court, Northern District of California, of
 7 the proceedings taken on the date and time previously stated
 8 in the above matter.
 9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14              [signature]
15
16              Echo Reporting, Inc., Transcriber
17                  Thursday, March 6, 2025
18
19
20
21
22
23
24
25
```