UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's priority production of re-reviewed and privileged documents issued on February 18, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 2335 (PRIV-APL-EG_00094876) on the February 16, 2025 Privilege Log.**

Entry No. 2335 is a document entitled "DMA: Alternative marketplace developer" describing how to get started as an alternative app marketplace in the EU. The document includes pages of comments by Apple's in-house counsel Lacey Elmore, Ling Lew, and Adil Karrar, and a number of non-legal employees. In-house counsel provide several comments, and non-lawyers ask specific questions to counsel for advice and review. Following the comments, there are pages showing every edit made to the document, again by in-house counsel and non-lawyers. *See Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege."); *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("It is clear that communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."). The document therefore is privileged and should be withheld.

**Entry No. 5 (PRIV-APL-EG_00149580) on the February 16, 2025 Privilege Log.**

Entry No. 5 is an email thread between Apple's in-house counsel, Sean Cameron and Jennifer Brown, and a non-lawyer in which counsel conveys legal advice regarding compliance with the Epic injunction. The thread contains a detailed back-and-forth of legal guidance, in which the substance is redacted. Privilege applies to "communications for the purpose of giving legal advice." *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023). Further, because the document was prepared by counsel and shared with non-lawyers for the purpose of providing legal advice, reflecting the mental impressions of in-house counsel in connection with ongoing litigation, the document is privileged work product. *See ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018) (work product applies if a document "would not have been created in substantially similar form but for the prospect of litigation" (cleaned up)). Thus, the redactions should be upheld.

**Entry No. 173 (PRIV-APL-EG_00150508) on the February 16, 2025 Privilege Log.**

Entry No. 173 is an email thread between Apple's in-house counsel, Jennifer Brown, and a non-lawyer in which Ms. Brown conveys legal advice related to attorney client privilege in connection with Project Wisconsin. A non-lawyer responds with a specific ask to in-house counsel Sean Cameron, Ling Lew, Ms. Brown, and Jason Cody about certain takeaways from the meeting. Thus, the document is properly redacted as a privileged attorney-client communications and work product. Attorney client privilege applies to "communications for the purpose of giving legal advice," *Labbe*, 2023 WL 5672950, at *4, and "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076. Further, because the document was prepared by counsel and shared with non-lawyers for the purpose of providing legal advice to Apple in connection with ongoing litigation, it is privileged work product. *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004) (cleaned up) (holding that the work product doctrine "affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation"). Thus, the redactions should be upheld.

DATED: March 7, 2025                    WEIL, GOTSHAL & MANGES LLP

                                        By: */s/ Mark A. Perry*
                                            Mark A. Perry

                                        *Counsel for Defendant Apple Inc.*