DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") moves the Court to seal portions of (i) Apple's Motion to Strike Certain Hearing Testimony ("Motion to Strike"), and (ii) the exhibits to the Motion to Strike ("Exhibits"). The Motion to Strike and Exhibits contain information sealable under controlling law and Local Rule 79-5. Specifically, these documents contain attorney-client privileged and work product protected information regarding Apple's injunction compliance plan. Apple's proposed redactions of that information are highlighted in YELLOW in the un-redacted version of the Motion to Strike and Exhibits that Apple is filing under seal, and are itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Courts have accepted attorney-client privilege and the work-product doctrine as sufficient justifications for sealing, even under the higher 'compelling reason' standard." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018); *see also Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney–client privilege, which establishes compelling reasons for sealing it from the public record.").

To seal information appended to non-dispositive motions, the movant must establish "good cause." *Anthem*, 2018 WL 3067783, at *2. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the pertinent information is disclosed. *Phillips*, 307 F.3d at 1210–11 (9th Cir. 2002). "Courts in this Circuit have found that there is a compelling reason to seal documents protected by attorney-client privilege or the work product doctrine; thus, '[b]y implication, attorney-client privilege and the work-product doctrine also satisfy the lower 'good cause' standard...'" *Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *1 (N.D. Cal. Feb. 24, 2020) (quoting *Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (collecting cases)).

In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016);

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

Privileged information, pertaining to Apple's highly sensitive injunction compliance plan, was disclosed on the first day of the resumed evidentiary hearing. Apple has moved to strike the narrow portions of testimony discussing that information—necessarily divulging the contents of that information in its motion papers. Those references should be kept under seal. Barring such protection, Apple's mere *filing* of a motion designed to safeguard the sanctity of its privileged information would betray that very information.

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns the contents of a non-dispositive motion. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Moreover, "[t]he good cause standard applies here because the sealing motion relates to a motion to strike that is only tangentially related to the merits of the case." *Skillz Platform Inc. v. AviaGames Inc.*, 2024 WL 40185, at *1 (N.D. Cal. Jan. 3, 2024); *see Jones v. Travelers Cas. Ins. Co. of Am.*, 2015 WL 865877, at *1 (N.D. Cal. Feb. 5, 2015) ("[M]otions to strike are [generally] treated as non-dispositive."); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 2021 WL 105619, at *5 (N.D. Cal. Jan. 12, 2021) (applying the "good cause" standard to sealing motions related to a motion to strike).

Apple plainly meets the good cause standard to keep such information under seal. The attorney-client privilege and work-product protection have been found sufficient to justify sealing in the context of dispositive motions—applying the higher "compelling reason" standard—and thus clearly suffice here. *Adtrader, Inc.*, 2020 WL 6389186, at *1 (quoting *Hanson*, 2013 WL 5674997, at *3). As detailed more fully in the Motion to Strike, the proposed redactions relate to the discussion of a single phrase contained in the documentary evidence that has been upheld as privileged by this Court, Magistrate Judge Hixson, and the Special Masters. *See* Perry Decl. Ex. E. Further, as Judge Hixson has recognized,

1  the Protective Order entered between the parties expressly contemplates the preservation of privilege
2  over privileged materials produced "inadvertent[lty] or otherwise." Clawback Ruling, Dkt. 1281, at 2
3  (citing Dkt. 245 at § 11). Disclosure of Apple's privileged communications, particularly in the context
4  of its injunction compliance planning, threatens significant harm to Apple. Perry Decl. ¶ 3; *see DNA*
5  *Genotek Inc.*, 2023 WL 4335734, at *2 (finding good cause where disclosure would "undercut" a party's
6  "position … in the marketplace").

7  Apple has narrowly tailored its sealing request to include only the information necessary to
8  protect the sanctity of the attorney-client privilege and work-product protection. *See Krommenhock v.*
9  *Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited"
10  information). Across its Motion to Strike and Exhibits, Apple has only redacted the appearance of a
11  single two-word phrase; within the Redacted Transcript, the redactions cover discussion of that one
12  phrase. The remainder of the Motion to Strike and Exhibits remain unredacted. *See* Perry Decl. Exs. A–
13  E.

14  For the foregoing reasons, there is good cause that warrants partially sealing the Motion to Strike
15  and Exhibits.

## CONCLUSION

Apple respectfully requests that the Court seal the identified information.

Dated: March 7, 2025                    Respectfully submitted,

                                        By: */s/ Mark A. Perry*
                                        Mark A. Perry
                                        WEIL, GOTSHAL & MANGES LLP

                                        Attorney for Apple Inc.