| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100<br><br><br>Attorneys for Defendant APPLE INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN HEARING TESTIMONY**<br><br>Courtroom: 1, 4th Floor<br>Date: April 15, 2025 at 2:00 p.m.<br>The Honorable Yvonne Gonzalez Rogers |

|   |   |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | **TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD** |
| 3 | PLEASE TAKE NOTICE THAT on April 15, 2025 at 2:00 p.m., or as soon thereafter as the |
| 4 | matter may be heard, in the United States District Court, Northern District of California, before the |
| 5 | Honorable Yvonne Gonzalez Rogers, Apple Inc. ("Apple") will and hereby does move this Court for an |
| 6 | order to strike limited portions of Philip Schiller's hearing testimony of February 24, 2025. |
| 7 | This motion is based on this notice, the accompanying memorandum of points and authorities, |
| 8 | the accompanying declaration and supporting exhibits, and all matters with respect to which this Court |
| 9 | may take judicial notice. |

|   |   |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | Apple respectfully moves this Court for an order striking from the hearing transcript in the above- |
| 3 | captioned matter portions of testimony concerning the contents of documentary evidence upheld by this |
| 4 | Court, Magistrate Judge Hixson, and the Special Masters as privileged.  These excerpts, highlighted in |
| 5 | the appended hearing transcript as proposed redactions, relate to questions and answers on the subject of |
| 6 | ▓▓▓▓▓▓▓▓▓▓ based on material that has been redacted across the documentary evidence now |
| 7 | before the Court.  *See* Ex. A.  Epic should not be permitted to introduce privileged information into the |
| 8 | evidentiary record by inquiring as to its contents at trial.  The Court has already ruled on the substantive |
| 9 | privilege issue, and thus Apple does not seek to break any new ground.  Rather, Apple asks that the Court |
| 10 | ensure that the final evidentiary record, including the transcript, reflects a consistent application of the |
| 11 | attorney-client privilege and work-product protection. |
| 12 | **BACKGROUND** |
| 13 | In advance of the resumed evidentiary hearing, Apple proposed that the parties exchange exhibit |
| 14 | lists by Friday, February 21 at noon PST.  *See* Perry Decl. Ex. E.  Epic rejected this proposal.  *Id.*; *see* |
| 15 | *also* Hr'g Tr. 1446:16–17 (Feb. 25, 2025).  Apple responded on Friday evening, underscoring its |
| 16 | disagreement with "Epic's unilateral decision not to exchange exhibit lists in advance of the hearings," |
| 17 | and noting, among other things, that "Apple may need to evaluate whether to assert privilege objections |
| 18 | on a document-by-document basis to protect against waiver…" *Id.*  The following afternoon—a day and |
| 19 | a half from the resumption of the evidentiary hearing—Epic responded by offering to exchange exhibits |
| 20 | if Apple would agree to identify all information in the documents over which it asserts a claim of |
| 21 | confidentiality or privilege in less than 24 hours.  *See Id.*  Given the timing, Apple responded by inviting |
| 22 | Epic to provide documents by witness.  *See Id.*  Epic declined.  *See Id.*  Accordingly, Apple did not have |
| 23 | the opportunity to scrutinize Epic's exhibits for privileged and confidential material before the hearing |
| 24 | resumed.  Hr'g. Tr. 1198:25–1199:3 (Feb. 24, 2025). |
| 25 | On February 24, 2025, on the first day of the resumed hearing, Epic introduced and used in the |
| 26 | examination of Philip Schiller a June 2023 slide deck entitled "Epic Injunction Implementation |
| 27 | Proposal." *See* CX-0223 (APL-EG_11573163).  Relevant here, Epic asked Mr. Schiller to comment on |
| 28 | references to ▓▓▓▓▓▓▓▓▓▓ that stem directly from privileged communications.  *See* CX-0223.16, |

.32, .37, and .42. Apple's privilege assertions over *identical* language in other versions of the same slide deck had been sustained by both the Special Masters and Magistrate Judge Hixson—most notably, within the very next exhibit in Epic's witness binder. *See* CX-0224.17, 36, .44, and .60 (PRIV-APL-EG-_00149706). Beyond iterations of this one deck, Apple's assertion of privilege over identical language in a range of other documents has likewise been upheld as privileged in relevant part. *See* PRIV-APL-EG_00198464; PRIV-APL-EG_00226513; PRIV-APL-EG_00149793; PRIV-APL-EG_00105461.[1]

Apple lodged an objection to Epic's questions regarding ▮▮▮▮▮ at the first break after the contents of CX-0223 were broached with the witness. Hr'g. Tr. 1198:25–1199:3 (Feb. 24, 2025). That evening, Apple sent Epic a letter informing Epic of the inconsistency, clawing back APL-EG_11573163, and offering to produce a corrected version with appropriate redactions. Perry Decl. Ex. B, at 1–2. Epic did not respond to Apple's letter until February 28, 2024, two days after the hearing's conclusion. Perry Decl. Ex. C. Epic denied that any further action was needed to correct the record. *See id.*

In the interim, this Court ruled (in a sealed session) on a similar version of the presentation deck containing the same references to ▮▮▮▮▮—uniformly *sustaining* Apple's privilege assertions over this information, including the bullets that correspond precisely to the document used by Epic. *See* (CX-0859.26, .34, .57 (PRIV-APL-EG_00162520)), *cf.* (CX-0223.16, .32, .37, and .42). Further, the second day of the resumed evidentiary hearing, the Court recognized Apple's assertion of privilege over ▮▮▮▮▮ language in a May 2023 slide deck, CX-0272 (APL-EG_11391659), and advised the parties that the Court would revisit the prior day's testimony, in relevant part, "when I have the evidence." Hr'g. Tr. 1447:8–14 (Feb. 25, 2024). In keeping with this Court's ruling and admonition, numerous references to ▮▮▮▮▮ have been redacted from documents admitted into evidence.

### DISCUSSION

On the first day of the resumed evidentiary hearing Epic examined Philip Schiller on the privileged contents of a document. The privileged nature of that document, in relevant part, is not in dispute, and the relevant language is now redacted across the exhibits submitted for the Court's review. To ensure a consistent evidentiary record—and to safeguard information "of the most sensitive kind"

---

[1] Apple can provide these documents to the Court for *in camera* review upon request.

from disclosure—questions and answers regarding this privileged material should likewise be stricken from the trial transcript. *See Gomez v. Vernon*, 255 F.3d 1118, 1132 (9th Cir. 2001); *In re MacBook Keyboard Litig.*, 2020 WL 1265629, at *3 (N.D. Cal. Mar. 17, 2020) (approving transcript redactions where witness testimony "disclose[s] a privileged communication").

In assessing whether the inadvertent production of privileged information constitutes a waiver of the privilege, the Ninth Circuit looks to whether "the privilege holder has made efforts reasonably designed to protect the privilege." *Gomez,* 255 F.3d at 1131–1132. The law does not require "strenuous or Herculean efforts" to preserve a claim of privilege—merely "reasonable efforts." *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905-RMW, 2008 WL 350641, at *2 (N.D. Cal. Feb. 2, 2008). Avoiding mechanistic application, courts within the Ninth Circuit have looked to a range of factors in assessing waiver, including: "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." *U.S. ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 177 (C.D. Cal. 2001) (citing *Hartford Fire Insurance Co. v. Garvey,* 109 F.R.D. 323, 332 (N.D.Cal.1985)). Taking each of these as a guidepost, Apple has plainly preserved its claim of privilege, and the final hearing transcript should be redacted to ensure consistency and protect this right.[2]

*First*, Apple took reasonable precautions to prevent inadvertent disclosure of privileged documents *and* to prevent testimonial disclosure of privileged information at trial. On the former issue, courts recognize the challenges posed by "large-scale document production" and look to whether the producing parties have implemented a multi-layered system of review before production. *See U.S. ex rel. Bagley*, 204 F.R.D. 179. Apple has reviewed every document twice for privilege, and agreed to have a panel of Special Masters review all remaining privilege assertions. Nevertheless, recognizing that the risk of disclosure of privileged information within that production remained, Apple requested that the

---

[2] By written order on February 25, 2025, following an oral ruling the preceding Friday, Judge Hixson explained that pursuant to the Court's ESI Order, "the production of a privileged or work-product protected document is not a waiver of privilege or protection." Clawback Ruling, Dkt. 1281, at 1 (citing Dkt. 245 at § 11). Further, he explained that the Protective Order entered between the parties expressly contemplates the clawback of privileged materials produced "inadvertent[ly] or otherwise." *Id.* at 2 (citing Dkt. 274 ¶ 12.1–2). Ultimately, Judge Hixson cautioned that it "doesn't make any sense" to construe inconsistent redactions "in a document review of this size" as a deliberate waiver of the attorney-client privilege or work product-protection. *Id.* at 2–3.

1  parties exchange exhibit lists before trial.  Epic declined to provide Apple a reasonable opportunity to
2  examine the proposed exhibits before the hearing resumed.

3       *Second*, Apple acted promptly to rectify the error.  Upon reviewing the hard copies of Epic's
4  exhibits—received for the first time in the courtroom only once trial had commenced—Apple "attempted
5  to correct the problem swiftly and effectively."  *Goodrick v. Sandy*, No. 1:10-CV-00603-EJL, 2013 WL
6  1729108, at *6 (D. Idaho Apr. 22, 2013).  At the first break following production of Epic's exhibit binder,
7  Apple brought the issue to the Court's attention.  Later that day, Apple notified Epic via written letter of
8  its intention to clawback the relevant document, and asked Epic to correct the problem of Epic's own
9  making.

10      Apple's intervention was only required because Epic's counsel knowingly, or at least negligently,
11 breached Apple's privilege and failed to promptly notify Apple of the inadvertent disclosure.  *See*
12 *Gotham City Online, LLC v. Art.com, Inc.*, 2014 WL 1025120, at *3 (N.D. Cal. Mar. 13, 2014).  The
13 Ninth Circuit is clear that "[a] lawyer who receives materials that on their face appear to be subject to
14 the attorney-client privilege or otherwise confidential … should refrain from examining the materials,
15 notify the sending lawyer and abide the instructions of the lawyer who sent them."  *Gomez*, 255 F.3d at
16 1132 (quoting ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 368 (1992)).  The operative
17 phrase is redacted in the very next exhibit in Epic's witness binder, and Epic should not have used it in
18 open court.

19      *Third*, the scope of document discovery in this action is extensive, which greatly exacerbates the
20 risk of testimonial disclosure of privileged information contained therein.  Apple has produced to Epic
21 more than 130,000 documents, a production size that makes it "likely, if not inevitable, that some
22 mistakes will be made, no matter how reasonable are the precautions taken and no matter how diligent
23 and well-trained are the persons charged with implementing those precautions."  *Bagley*, 204 F.R.D. at
24 177.  As Judge Hixson explained, "without more," inadvertent disclosure of a single document does not
25 "amount to [] deliberate production" sufficient to waive a claim of privilege.  Dkt. 1281 at 2.  The same
26 must hold true for testimony on the contents of such a document.  To find otherwise would thwart the
27 purpose of the entire re-review process.

28      *Fourth*, the inadvertent disclosure is limited to a single phrase within a lengthy slide deck.  A

1  narrower claim of privilege would be difficult to conceive of.  *See Lois Sportswear, U.S.A., Inc. v. Levi*
2  *Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985) (finding privilege not waived where 22 pages of a
3  3,000 page production contained privileged information).  Apple is not seeking upheaval of the record;
4  Apple seeks to have the testimony on this one phrase stricken.

5   *Fifth*, both fairness and common sense weigh in favor of a uniform evidentiary record.  The
6  paramount importance of the attorney-client privilege "should not be ignored."  *Bagley*, 204 F.R.D. at
7  179 (citing *Swidler & Berlin v. United States,* 524 U.S. 399, 403, 118 S. Ct. 2081, 141 L.Ed.2d 379
8  (1998)).  To preserve the sanctity of such communications, what is privileged in one context must be
9  privileged in the next.  Apple's narrow claim of privilege over the redacted phrasing within the relevant
10 documents has been upheld by this Court, Magistrate Judge Hixson, and the Special Masters.  The
11 transcript should conform to the documentary redactions.

12   Apple has preserved the attorney-client privilege and work-product protection with respect to the
13 discrete phrase now at issue.  To ensure consistency across the record, Apple respectfully asks that the
14 Court strike references to these privileged communications from the hearing transcript, highlighted in
15 the attached exhibit.  *See* Perry Decl. Ex. A.

## CONCLUSION

17  For the reasons discussed above, Apple respectfully requests that this Court grant this motion
18 and enter the attached proposed order.

20 Dated: March 7, 2025                    Respectfully submitted,

                                          By: */s/ Mark A. Perry*
                                          Mark A. Perry
                                          WEIL, GOTSHAL & MANGES LLP

                                          Attorney for Apple Inc.