# EXHIBIT B

# (Redacted)

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Josh Wesneski**
+1 (202) 682-7248
Joshua.Wesneski@weil.com

February 24, 2025

VIA E-MAIL

Gary Bornstein
Yonatan Even
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

Re: *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.) – Use of Privileged Materials at Trial

Counsel:

At the hearing before the Court today, Epic Games, Inc. ("Epic") introduced and used in the examination of Phil Schiller material protected by the attorney-client privilege. Specifically, the bullet points on pages CX-0223.16, .32, .37, and .42 (APL-EG_11573163) relating to [REDACTED] are the result of advice of legal counsel.

Unfortunately, it appears that Epic's use of and reliance on this privileged material was knowing, or at least negligent. The very next document in Epic's witness binder (CX-0224 (APL-EG_11572861, later reproduced as PRIV-APL-EG_00149706) contains the same bullet points, but with redactions of the privileged advice. Additional documents produced to Epic with this content redacted include PRIV-APL-EG_00198464, PRIV-APL-EG_00226513, PRIV-APL-EG_00149793, and PRIV-APL-EG_00105461. Apple's privilege assertions over each of those documents were upheld in relevant part.

The Ninth Circuit follows the Formal Opinion 368 of the ABA Committee on Ethics and Professional Responsibility (1992) on this topic, which provides that

> A lawyer who receives materials that are on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyers who sent them.

Gary Bornstein  
February 24, 2025  
Page 2

**Weil, Gotshal & Manges LLP**

*Gomez v. Vernon*, 255 F.3d 1118, 1132 (9th Cir. 2001) (quotation marks omitted). California ethics laws likewise provides that "an attorney may not read a document any more closely than is necessary to ascertain that it is privileged. Once it becomes apparent that the content is privileged, counsel must immediately notify opposing counsel and try to resolve the situation." *Gotham City Online, LLC v. Art.com, Inc.*, 2014 WL 1025120, at *3 (N.D. Cal. Mar. 13, 2014) (quotation marks omitted).

Based on Epic's possession of multiple documents with this precise same information redacted—and the fact that the assessment of ▇▇▇▇▇▇▇ in this document is clearly privileged—Epic should not have shown this material in Court and certainly should not have asked Mr. Schiller extensive questions about this analysis. Apple has already suffered prejudice as the news media have reported this exchange.

Apple raised Epic's introduction of privileged material with the Court immediately after the issue was identified at a break. This problem could have been avoided had Epic accepted Apple's invitations to exchange exhibits in a timely fashion. Having declined to do so, and having chosen to introduce privileged material at the hearing, it is now incumbent on Epic to propose a reasonable and responsible solution. Although we would prefer to resolve this issue by mutual agreement, we intend to revisit it with the Court if necessary before the conclusion of the evidentiary hearing. Accordingly, please respond in writing to this request by February 25.

For the avoidance of doubt, Apple is clawing back APL-EG_11573163 and will produce a version with corrected redactions once we have Epic's position and proposal. Apple has located three other documents (PRIV-APL-EG_00226354, PRIV-APL-EG_00220956, and APL-EG_11398868) that have similar material that should be redacted, and therefore claws back those documents as well.

Additionally, as Apple noted during the examination of Mr. Schiller, another exhibit Epic introduced—CX-0291.2 (APL-EG_11603962)—has a near-duplicate with redactions that were upheld by the Special Masters and produced to Epic (PRIV-APL-EG_00228732). We do not object to the portion of the document read in Court, but request that Epic to replace the version in the Court's binder and in the official record with a redacted version reflecting the redactions in PRIV-APL-EG_00228732. We have attached that document here. For the avoidance of doubt, Apple is clawing back APL-EG_11603962.

Apple reserves the right to provide notice of additional documents that require clawback to the extent they are identified in the future.

Please confirm receipt of this letter as soon as possible and let us know if you have any questions.

Gary Bornstein  
February 24, 2025  
Page 3

**Weil, Gotshal & Manges LLP**

Sincerely,

*Joshua M. Wesneski*

Josh Wesneski