# EXHIBIT E

| | |
|---|---|
| **From:** | Charlotte Rothschild <crothschild@cravath.com> |
| **Sent:** | Sunday, February 23, 2025 6:02 PM |
| **To:** | HPhillips@gibsondunn.com; Perry, Mark; Michael Zaken; Epic Mobile Apps EXTERNAL |
| **Cc:** | Weil Apple Epic; *** Epic-Apple Compliance |
| **Subject:** | RE: Epic v. Apple - Hearing Preparation |

Counsel,

Please see Epic's responses below.

1. Epic will provide Apple with three witness binders prior to the examination of each witness. The binders that Epic provides to Apple will contain highlighting indicating the information that Epic has flagged as confidential and will not disclose. Epic will also redact PII (such as email addresses) from documents put on the public screen but will not highlight that in the binders given the burden of doing so. Please confirm that Apple agrees to the do the same. Epic also agrees that its hot seat operator will display documents during Apple's examination of witnesses as requested.
2. Epic confirms it agrees to exchange affirmative demonstratives intended to be used with a witness by 5pm PT today.
3. We are in receipt of Apple's list of internal code names and will maintain the confidentiality of such code names, as we have been doing to date.
4. Epic confirms that it will afford similar treatment to confidential business information related to third parties.
5. While Epic does not agree that all the categories listed in your email are properly treated as PII in all circumstances, it agrees to proceed in this manner for the purposes of these proceedings.

Best,
Charlotte

**Charlotte C. Rothschild**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1848
crothschild@cravath.com

---

**From:** Phillips, Harry R. S. <HPhillips@gibsondunn.com>
**Sent:** Saturday, February 22, 2025 10:46 PM
**To:** mark.perry@weil.com; Michael Zaken <mzaken@cravath.com>; Charlotte Rothschild <crothschild@cravath.com>; Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>; *** Epic-Apple Compliance <epicapplecompliance@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Hearing Preparation

Counsel: Apple responds to the other issues raised in your email below as follows:

1. The purpose of our request for a flash drive is to assist our hotseat operator in presenting documents during the examination. Our first preference is for each side to provide an electronic witness binder along with three hard copies; and Apple can commit to do so. But if Epic is unable to do the same, we

can agree to Epic's hotseat operator displaying documents during Apple's examination. Apple's hotseat operator will do the same.

2.  We agree to Epic's proposal to exchange any affirmative demonstratives intended to be used with a witness by 5 pm PT tomorrow.

3.  Apple appreciates Epic's agreement to treat as confidential Apple's internal project codenames absent a Court order to the contrary. Attached please find a non-exhaustive list of internal codenames that Apple maintains are confidential. Apple designates this list as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order.

4.  Thank you for confirming that, with respect to PII, internal codenames, and non-public Apple financial information, Epic will not display such information on the screen and will structure questioning so as not to state the information or require the witness to state the information on the record. Please note that certain documents in Apple's production also implicate confidential business information related to third parties. Apple assumes Epic will afford similar treatment to such information; but please let us know if that is not the case.

5.  Apple believes that examples of PII include, but are not limited to: Social Security Numbers (SSNs); health information and medical record numbers; personal financial information (bank account numbers, credit card information, and any other financial identifiers); contact information (phone numbers, emails, and usernames); driver's License numbers (or other state-issued identifiers); home addresses; and information concerning minors or custodian family members. Please confirm Epic will commit to protecting this information as set forth in Paragraph 4.

**Harry R. S. Phillips**
Associate Attorney

T: +1 202.887.3706 | M: +1 202.731.4634
HPhillips@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

**From:** Perry, Mark <Mark.Perry@weil.com>
**Sent:** Saturday, February 22, 2025 6:13 PM
**To:** Michael Zaken <mzaken@cravath.com>; Charlotte Rothschild <crothschild@cravath.com>; Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>; *** Epic-Apple Compliance <epicapplecompliance@gibsondunn.com>
**Subject:** Re: Epic v. Apple - Hearing Preparation

Counsel,

Having unilaterally decided not to exchange exhibit lists, Epic cannot reverse course on the Saturday night before a Monday hearing.  That said, if Epic wishes to send over those exhibits it actually intends to use with

witnesses at the hearing, in the order they will be called, we will endeavor to review them for confidentiality before each witness testifies.

We will address the other items in your email pertaining to exhibits and confidentiality in a subsequent note.

Thanks.

MAP



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

---

**From:** Michael Zaken <mzaken@cravath.com>
**Date:** Saturday, February 22, 2025 at 2:48 PM
**To:** Mark Perry <Mark.Perry@weil.com>, Charlotte Rothschild <crothschild@cravath.com>, Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>, "epicapplecompliance@gibsondunn.com" <epicapplecompliance@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Hearing Preparation

Counsel,

There is much in your email with which Epic disagrees.  Epic will, of course, uphold its obligations under the Amended Protective Order, but the PO makes clear that "[a]ny use of Protected Material at trial shall be governed by a separate agreement or order".  (Dkt. 274 at 4.)  The burden is clearly on Apple (the party attempting to seal this information) to justify that its request to keep information under seal meets the standard for doing so at trial.  Apple has done no such thing.

Moreover, the procedures you propose are unduly restrictive and would unduly disrupt witness testimony.  Nevertheless, in the interest of compromise, and to facilitate a more efficient proceeding, Epic is willing to provide an exhibit list (excluding documents used solely for impeachment or rebuttal) to Apple by 7pm tonight (PT), with the understanding that Apple will review the exhibits on that list and will let Epic know which information in the documents Apple continues to claim is confidential information by 5pm PT tomorrow.  Epic proposes this compromise without waiving its ability to contest Apple's confidentiality claims as to the information in those documents.  This offer is conditioned on Apple's sending to Epic an exhibit list by 9 AM PT tomorrow, February 23.

Should Apple decline this proposal, then Epic agrees to your request below that Epic provide Apple with three hard copies of each witness binder.  We are working with our technical team to assess the feasibility of your request for a flash drive, but if you have made that request in order for your team to be able to present documents during witness examinations, an alternative is that Epic would be prepared to have its hot seat operator display the documents during

your examinations.  Please let us know if Apple is amenable to that change.  Furthermore, Epic understands that this would be a reciprocal agreement as mentioned in your email.

Epic also proposes that the parties exchange any affirmative demonstratives intended to be used with a witness by 5pm tomorrow (PT).

Epic agrees that PII is an appropriate category of confidential information that warrants protection during the hearing and will proceed accordingly.  Epic disagrees that Apple's internal project codenames are appropriately designated as confidential, but unless the court orders otherwise, Epic will respect Apple's designation and continue to maintain the confidentiality of such code names, as it has been doing to date.  As previously noted, Epic intends to treat any non-public Apple financial information as confidential.  As to the foregoing categories of information, Epic will proceed as you suggest in the fifth paragraph of your email, i.e., will not display such information on the screen and will structure questioning so as not to state the information or require the witness to state the information on the record.  If there are other categories of information that Apple wishes to identify for such treatment, please do so.  For information that Apple has designated under the protective order that do not fall within one of these categories (or another category Apple identifies and Epic agrees to), Epic will of course continue to honor the Amended Protective Order but reserves the right to seek the court's approval to use the information in a public way during the hearing.

To avoid miscommunication on the above points, Epic requests that Apple provide a list of the non-public internal project codenames it believes are still confidential, as well as the categories of information that Apple believes qualify as PII.

Michael Zaken
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T: 212-474-1888
C: 917-318-8120
mzaken@cravath.com

---

**From:** Perry, Mark (via epic-mobileapps list) <epic-mobileapps@lists.cravath.com>
**Sent:** Friday, February 21, 2025 7:01 PM
**To:** Charlotte Rothschild <crothschild@cravath.com>; Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>; epicapplecompliance@gibsondunn.com
**Subject:** Re: Epic v. Apple - Hearing Preparation

Counsel,

We disagree with Epic's unilateral decision not to exchange exhibit lists in advance of the hearing.  It would be more efficient for both the parties and the Court to have advance notice of the exhibits to address, for example, issues related to confidentiality and privilege before a witness takes the stand.  Apple has produced over 100,000 documents and the parties are presumably going to use only a fraction of them.  That said, we see no reason to trouble the Court with this issue and will proceed – over Apple's objection – as Epic has unilaterally decreed:  During the resumed evidentiary hearing on February 24-25-26, 2025, either party may seek to introduce any document produced in pursuant to the May 2024 discovery orders without advance notice to the other party.

Given the lack of advance notice of exhibits that may be used during the hearing, we do request that Epic provide us with three copies of each witness binder (for counsel table) and a flash drive (for the hotseat operator).  We will do the same.

Moreover, Epic's decision not to disclose exhibits in advance does not relieve it of the obligation (under the Amended Protective Order and otherwise) to protect Apple's confidential information.  Not knowing what documents Epic intends

to use, we cannot assist with redactions and the like. Rather, Epic has the burden of ensuring that confidential information is not disclosed (on a screen or orally) in open court. We do not seek to close the courtroom but we do insist that Apple's confidentiality designations be respected when the evidentiary hearing resumes on February 24.

Specifically, Apple requests that confidentiality be addressed in a narrowly tailored way to ensure public access to the hearing, but that is consistent with the Amended Protective Order, applicable case law, and the Court's standards on the treatment of confidential material. Apple has properly designated certain documents as Confidential or Highly Confidential pursuant to the Stipulation Between Epic Games, Inc. and Apple Inc. and Amended Protective Order (the "Amended Protective Order") ordered by the Court on January 21, 2021. Dkt. 274. The Amended Protective Order provides a process for challenging those designations. Epic has not pursued any such challenge. Section 7 of the Amended Protective Order sets forth the categories of persons to which both Confidential and Highly Confidential documents may be disclosed. It prohibits documents tagged as either Confidential or Highly Confidential from being disclosed to the public. Given this, Epic cannot disclose confidentially tagged documents publicly without giving Apple the appropriate and adequate time to examine the documents and request sealing. If Epic does not want to disclose its exhibits, but plans to use a confidential document, Apple will require Epic to either (1) keep the entire document and its contents confidential and permit Apple to later seek to keep that portion of the testimony/record under seal, or (2) pause the proceedings and give Apple an opportunity to review and determine what portion of the document we will seek to keep under seal. Epic cannot make its own assumptions about what is confidential and not confidential in these documents.

Apple specifically requests that Epic properly protect from disclosure personally identifiable information ("PII") and non-public internal project codenames. Apple requests that this confidential information be protected by showing documents to witnesses but not the public, and structuring testimony to avoid mentioning or eliciting confidential information. These practices were previously adopted by both parties during the trial as well as during the hearing dates in May of 2024, and were successful in ensuring public access to the information while balancing the confidentiality of both parties and non-parties. Contrary to your note of earlier today, these practices were not limited to "financial" information. Both parties have regularly redacted or sealed personally identifiable information and non-public internal project code names. The Court has also regularly granted motions to seal such information. *See e.g.,* Dkts. 1107, 1141, 1142, 1163, 1218.

This information is properly protected from disclosure under the applicable case law. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding that courts have "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information.") (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted). Courts also often find good cause exists to seal personally identifiable information. *See, e.g., Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers of former employees); *see also Am. Automobile Assoc. of N. Cal., Nev., & Utah v. Gen. Motors LLC*, Case No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons existed to seal third parties' names, addresses, phone numbers, and email addresses).

Finally, given Epic's opposition to Apple's Rule 502(d) Motion, Apple may need to evaluate whether to assert privilege objections on a document-by-document basis to protect against waiver and avoid any future disputes over supposed waiver. As a result, Apple requests that Epic provide Apple with a reasonable opportunity to make such objections before Epic moves to enter any "Disputed Document" (as defined in the Rule 502(d) Motion) into the record, or otherwise attempts to use a Disputed Document with any witness.

Thank you.

MAP



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

---

**From:** Charlotte Rothschild <crothschild@cravath.com>
**Date:** Friday, February 21, 2025 at 9:10 AM
**To:** Mark Perry <Mark.Perry@weil.com>, Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>, "epicapplecompliance@gibsondunn.com" <epicapplecompliance@gibsondunn.com>
**Subject:** RE: Epic v. Apple - Hearing Preparation

Counsel,

Following up on our email below, Epic is willing to handle Apple's confidentiality concerns relating to exhibits in the same way that the parties handled confidentiality in May 2024.  Epic will not put on the screen or say out loud the types of confidential financial information that the parties previously treated as confidential during the May hearing.  This should resolve any confidentiality concerns Apple has without the need to exchange exhibit lists.

Thank you,
Charlotte

**Charlotte C. Rothschild**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1848
crothschild@cravath.com

---

**From:** Charlotte Rothschild
**Sent:** Thursday, February 20, 2025 11:42 PM
**To:** Perry, Mark <Mark.Perry@weil.com>; Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>; epicapplecompliance@gibsondunn.com
**Subject:** RE: Epic v. Apple - Hearing Preparation

Counsel,

The Court has not ordered the parties to file or otherwise exchange an exhibit list in advance of the hearing, and we do not believe doing so here would be appropriate under the circumstances.  As such, Epic does not intend to exchange any exhibit list.

Epic takes no position on Apple's request to the Court for a standing objection to the introduction or use of exhibits over which Apple purportedly maintains a claim of privilege.  However, Epic does disagree with Apple's substantive position on this issue, as it laid on in its opposition to Apple's motion for an order pursuant to FRE 502(d).

Sincerely,
Charlotte

**Charlotte C. Rothschild**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1848
crothschild@cravath.com

---

**From:** Perry, Mark (via epic-mobileapps list) <epic-mobileapps@lists.cravath.com>
**Sent:** Thursday, February 20, 2025 8:53 PM
**To:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Weil Apple Epic <WeilAppleEpic@weil.com>; epicapplecompliance@gibsondunn.com
**Subject:** Re: Epic v. Apple - Hearing Preparation

Epic Counsel,

The court reporter has reached out to us requesting an exhibit list; we assume she has also reached out to you.  Please let us know, today, when Epic proposes exchanging exhibit lists.  Among other things, sorting through any confidentiality issues in advance will save time during the evidentiary hearing.

In addition, I understand representatives of the parties are going to the courtroom tomorrow afternoon to work on equipment.  Last time, Epic submitted a proposed order regarding equipment.  Assuming we do the same thing this time, Apple's list is below.

Thanks.

MAP

**Apple's Evidentiary Hearing Equipment:**
1. Ten (10) headsets with built-in microphones;
2. Six (6) lapel microphones with digital encryption;
3. Four (4) computer monitors;
4. Two (2) HDMI switchboxes;
5. Two (2) mobile hotspot;
6. Two (2) laser pointers/presenter controllers;
7. One (1) LCD projector;
8. One (1) projector screen;
9. One (1) printer;
10. One (1) external speaker;
11. One (1) 8-channel audio mixer;
12. Physical exhibits and demonstratives;
13. Multiple cables (HDMI, USB, XLR, audio extension and power cables of various lengths);

14. Multiple laptop computers (with power supplies, external hard drives, thumb drives, peripherals, connection cables, extension cords and power strips, and batteries);
15. Multiple cell phones;
16. Multiple iPads;
17. Four (4) rolling bookcases;
18. Four (4) whiteboards and various markers;
19. Two (2) tables;
20. Two (2) folding chairs;
21. Two (2) easels;
22. Gaffers tape;
23. Two (2) VGA Matrices;
24. One (1) document camera;
25. One (1) wireless mouse.

**Apple's Personnel:**
1. Deidre Fuller
2. Jim Montgomery



**Mark A. Perry**
Appeals and Strategic Counseling Co-Head

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
mark.perry@weil.com
+1 202 682 7511 Direct
+1 540 692 2460 Mobile

**From:** Josh Wesneski <Joshua.Wesneski@weil.com>
**Date:** Thursday, February 20, 2025 at 7:02 AM
**To:** Epic Mobile Apps EXTERNAL <epic-mobileapps@cravath.com>
**Cc:** Mark Perry <Mark.Perry@weil.com>, Nicole Comparato <Nicole.Comparato@weil.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>, "JLo@gibsondunn.com" <JLo@gibsondunn.com>, "tbedel@gibsondunn.com" <tbedel@gibsondunn.com>, "jsesia@gibsondunn.com" <jsesia@gibsondunn.com>
**Subject:** Epic v. Apple - Hearing Preparation

Counsel,

Ahead of the hearing, there are a couple of document issues I think we need to work out. Happy to meet and confer about any of this:

- We propose exchanging exhibit lists at noon PT on Friday. After the exchange, we will need to discuss how to handle any confidentiality issues associated with the designated exhibits, as we have done in the past.

- As previously mentioned, we plan to ask the Court for a standing objection to the introduction or use of exhibits over which Apple maintains a claim of privilege.  Please let us know if Epic has any objection to that approach.

Best,



**Joshua M. Wesneski**
Partner

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Joshua.Wesneski@weil.com
+1 202 682 7248 Direct
+1 202 857 0940 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

To unsubscribe from this list please go to https://https://lists.cravath.com/subs/

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

To unsubscribe from this list please go to
https://lists.cravath.com/confirm/?u=TQfR7dOWjq9Efqc6JPPJSJc64xm7PQU8

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.