CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
   crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539

MARK A. PERRY, SBN 212532
   mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
   joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") moves the Court to seal portions of (i) Apple Inc.'s Response to Order Regarding Discovery Sanctions [Dkt. 1171] ("Apple's Response"), (ii) the Declaration of Mark A. Perry in Support of Apple Inc.'s Response to Order Regarding Discovery Sanctions [Dkt. 1171] (the "Perry Declaration ISO Apple's Response"), and (ii) certain of the accompanying exhibits (the "Exhibits"). Apple's Response, the Perry Declaration ISO Apple's Response, and the Exhibits contain information sealable under controlling law and Local Rule 79-5. Specifically, these documents contain confidential, proprietary, and attorney-client privileged and work-product protected information regarding discovery in the above-captioned matter. Apple's proposed redactions of that information in Apple's Response and the Perry Declaration ISO Apple's Response are highlighted in YELLOW in the un-redacted versions that Apple is filing under seal, and are itemized along with the proposed list of sealed Exhibits in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration ISO Motion to Seal").

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Courts have accepted attorney-client privilege and the work-product doctrine as sufficient justifications for sealing, even under the higher 'compelling reason' standard." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018); *see also Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney-client privilege, which establishes compelling reasons for sealing it from the public record.").

To seal information appended to non-dispositive motions, the movant must establish "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the pertinent information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Courts in this Circuit have found that there is a compelling reason to seal documents protected by attorney-client privilege or the work product doctrine; thus, '[b]y implication, attorney-client privilege and the work-product doctrine also satisfy the lower 'good cause' standard....'"

*Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *1 (N.D. Cal. Feb. 24, 2020) (quoting *Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (collecting cases)).

In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

In the February 4, 2025 Order Regarding Evidentiary Hearing and Special Master Review (the "February 4 Order"), this Court stated that Apple had over-designated documents as privileged during the evidentiary phase of the injunction compliance dispute and thus discovery-related sanctions are warranted. Dkt. 1171. In order to explain why such sanctions are not warranted, Apple has filed a Response along with accompanying declaration and certain exhibits that necessarily divulge information that would be otherwise protected by the attorney-client privilege and work-product doctrine. This information should be kept under seal and Apple is not waiving its claim over these privileged documents.

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns the contents of a non-dispositive motion. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). "Matters concerning discovery generally are considered nondispositive of the litigation." *Lee v. Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) (quotation omitted). Thus, "the 'good cause' standard" applies here where the underlying briefing "does not address the merits of the parties' claims or defenses, but rather whether the Court should . . . sanction [a party] for their conduct in discovery." *Doe 1 v. McAleenan*, No. 18CV02349BLFVKD, 2019 WL 5259134, at *1 (N.D. Cal. Oct. 8, 2019); *see Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002) (applying "good cause" standard to sealing of exhibit to motion for

discovery sanctions); *In re Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 6432664, at *1 (N.D. Cal. Oct. 2, 2023) (applying "good cause" standard to sealing of "briefing on the motion to reopen discovery and for sanctions, which is only tangentially related to the merits of the case"); *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (applying "good cause" standard to sealing opposition to motion for sanctions).

Apple plainly meets the good cause standard here. The attorney-client privilege and work-product protection have been found sufficient to justify sealing in the context of dispositive motions—applying the higher "compelling reason" standard—and thus clearly suffice here. *Adtrader, Inc.*, 2020 WL 6389186, at *1 (quoting *Hanson*, 2013 WL 5674997, at *3). Here, the Exhibits Apple seeks to file under seal consist of document review protocols drafted by outside counsel to direct the document review conducted in connection with discovery in this case and internal Apple legal guidance drafted by in-house counsel (with the input of outside counsel) for the purpose of providing legal advice to Apple employees. This information therefore is protected by the attorney-client privilege and work-product doctrine, and disclosure of the company's privilege information would harm Apple. In addition, the proposed redactions to Apple's Response and the Perry Declaration ISO Apple's Response consist of quotations from or substantive descriptions of those privileged Exhibits. Good cause exists to protect this information.

Moreover, Apple has narrowly tailored its sealing request to include only the information necessary to protect the sanctity of the attorney-client privilege and work-product protection. *See* Perry Decl. ISO Motion to Seal ¶ 4; *Krommenhock v. Post Foods*, LLC, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. 643, at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored"). Apple has only partially redacted limited information within Apple's Response and the Perry Declaration ISO Apple's Response and has only filed under seal those certain Exhibits that are privileged in their entirety. *See* Perry Decl. ISO

1  Motion to Seal ¶¶ 4, 5.

2      Apple has filed these protocols and guidance that are protected by attorney-client privilege and
3  the work product doctrine because it wishes to fully respond to this Court's order and defend itself in
4  light of arguments made by Epic. However, Apple does not intend to waive any privilege or work-
5  product protections by filing these particular protocols and guidance under seal here.

6      For the foregoing reasons, there is good cause that warrants partially sealing Apple's Response
7  and accompanying Mark A. Perry Declaration in Support of Apple's Response and certain Exhibits.

## CONCLUSION

Apple respectfully requests that the Court seal the identified information.

Dated: March 7, 2025	Respectfully submitted,

	By: /s/ Mark A. Perry
	Mark A. Perry
	WEIL, GOTSHAL & MANGES LLP

	Attorney for Apple Inc.