# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

EPIC GAMES, INC.

      Plaintiff, Counter-defendant

v.

APPLE INC.,

      Defendant, Counterclaimant

Case No. 4:20-cv-05640-YGR

**DECLARATION OF DELOITTE MANAGING DIRECTOR JONATHAN FOSTER REGARDING DISCOVERY PROCESS IN SUPPORT OF APPLE INC.'S RESPONSE TO ORDER REGARDING DISCOVERY SANCTIONS [DKT. 1171]**

The Honorable Yvonne Gonzalez Rogers

DECLARATION OF JONATHAN FOSTER REGARDING DISCOVERY PROCESS IN SUPPORT OF APPLE INC.'S RESPONSE TO ORDER REGARDING DISCOVERY SANCTIONS [DKT. 1171]

CASE NO. 4:20-CV-05640-YGR

1    I, Jonathan Foster, hereby declare as follows:

2        1.    I am a Managing Director at Deloitte Transactions and Business Analytics LLP

3    ("Deloitte").  I make this declaration based on personal knowledge, information received, and belief of

4    the facts stated below and, if called as a witness, would testify competently thereto.

5        2.    I have been with Deloitte for 17 years managing eDiscovery and document review

6    matters.  Deloitte has served as a document review vendor for Apple for over three years and is familiar

7    with Apple's contract review process.

8        3.    Specific to this matter, Apple engaged Deloitte to assist with a document review for the

9    *Epic Games, Inc. v. Apple, Inc*. injunction compliance matter (herein referred to as the "Matter") on July

10   18, 2024 (the "engagement").

11       4.    Deloitte's document review commenced on August 6, 2024, and continued through

12   October 7, 2024.

13       5.    During the engagement, Deloitte utilized approximately 451 professionals (including

14   Deloitte full-time professionals and subcontracted review professionals, herein referred to as "Deloitte

15   professionals") to review documents, of which 161 conducted second-level review (described below).

16   Deloitte originally on-boarded 74 professionals to this effort, but added professionals each week

17   thereafter to accommodate the volume and pace needed to meet Apple's deadline.

18       6.    All Deloitte professionals that reviewed documents during the engagement (i) have a JD

19   or equivalent Indian degree and (ii) have passed, or are eligible to sit for, a bar exam.

20       7.    The document review proceeded in two stages, or "passes."

21       8.    In the "first-pass review," conducted entirely by Deloitte professionals, the reviewers

22   tagged documents in all scope fields, including for relevance, privilege, personally identifiable

23   information, confidentiality, and more.

24       9.    In the "second-pass review," conducted by both Deloitte and Consilio professionals, the

25   reviewers evaluated documents marked for privilege in the first-pass review and more closely reviewed

26   whether there was any privileged material, applied redactions as necessary, and completed information

27

28   DECLARATION OF JONATHAN FOSTER                    1              CASE NO. 4:20-CV-05640-YGR
     REGARDING DISCOVERY PROCESS SUPPORT OF
     APPLE INC.'S RESPONSE TO ORDER REGARDING
     DISCOVERY SANCTIONS [DKT. 1171]

1   for logging documents.

2       10.     Documents proceeded through the first- and second-pass reviews depending on their

3   coding.  Documents tagged not responsive did not require second-pass review and instead went directly

4   to Apple's outside counsel team for quality control through a sampling review.  Documents tagged as

5   responsive and potentially privileged by Deloitte during the first-pass review were escalated to the

6   second-pass review by Deloitte and Consilio.

7       11.     Deloitte maintained a running decision log and query tracker that tracked daily reviewer

8   privilege questions, which Apple's outside counsel team reviewed and responded to weekly, and at times

9   daily.

10      12.     Deloitte's professionals engaged in a good-faith effort to review documents and make

11  assertions of privilege pursuant to the guidance in the review protocols provided by Apple and its

12  counsel.

13      13.     Neither Apple nor its counsel instructed Deloitte at any time to intentionally over-assert

14  privilege for this matter or to otherwise depart from the applicable legal standards for asserting

15  attorney-client privilege.

16      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

17  correct.  Executed this 7th day of March 2025, in Branchburg, New Jersey.

18

19  Dated: March 8, 2025                     Respectfully submitted,

20

21                                    By: ___/s/ Jonathan Foster_____

22                                          JONATHAN FOSTER

23

24

25

26

27

28  DECLARATION OF JONATHAN FOSTER            2            CASE NO. 4:20-CV-05640-YGR
    REGARDING DISCOVERY PROCESS IN SUPPORT
    OF APPLE INC.'S RESPONSE TO ORDER
    REGARDING DISCOVERY SANCTIONS [DKT.
    11171]

1

**E-FILING ATTESTATION**

2    I, Mark A. Perry, am the ECF User whose ID and password are being used to file this document.  In

3    compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above

4    has concurred in this filing.

5

6                                                */s/ Mark A. Perry*

7                                                Mark A. Perry

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JONATHAN FOSTER            3            CASE NO. 4:20-CV-05640-YGR
REGARDING DISCOVERY PROCESS IN SUPPORT
OF APPLE INC.'S RESPONSE TO ORDER
REGARDING DISCOVERY SANCTIONS [DKT.
1171]