UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| v. | |
| APPLE INC., | **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED FEBRUARY 24 AND MARCH 4 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on February 24, 2025 and March 4, 2025.

Epic recognizes the significant burden of these objections and is sensitive to the diminishing utility of obtaining similar or duplicative documents following the completion of the hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the Evidentiary Hearings on February 24-26, 2025. Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Wisconsin Decks and Emails from June 2023 (Entry Nos. 1560, 1706, 1707 and 10733 from March 4 Rulings)**

Entry No. 1706 (PRIV-APL-EG_00087405) is an email from Sean Cameron to Phil Schiller, Greg Joswiak, Craig Federighi, Eddy Cue and Kate Adams, sent on June 6, 2023,

with a subject line "Wisconsin deck -- review for Tim meeting on 6/20".  Numerous others are copied, including business people, in-house counsel, and outside counsel.  Entry No. 1707 (PRIV-APL-EG_00087407) is an attachment to Entry No. 1706, and it is a slide deck titled "2023.06.16 CLEAN - Wisconsin - Team Commission - Privileged & Confidential.key".  The custodians for both documents are:  Craig Federighi, Phil Schiller, Carson Oliver, Matt Fischer, Eric Gray, Tanya Washburn, Nate Barton, Monika Gromek, Robert Kondrk, Greg Joswiak, Alex Roman, Ann Thai, Jeff Robbin and Kunnal Vij—all of whom are business and finance professionals, none of whom is a lawyer, and several of whom (Schiller, Fischer, Oliver, Roman and Vij) testified at the May 2024 and February 2025 evidentiary hearings.  Entry 1560 (PRIV-APL-EG_00085603) looks to be a reply from Greg Joswiak to Mr. Cameron's email.  All three documents are withheld in their entirety.

Similarly, Entry No. 10733 (PRIV-APL-EG_00254277) is another Wisconsin deck that is withheld in its entirety; it is a document titled "2023.06.28 Wisconsin - JB - Privileged & Confidential.key", and the custodian is Ann Thai, a business person.  Based on Apple's privilege log, it appears this is a custodial document, not an attachment to an email that could indicate any involvement with legal.

Substantially similar documents have been produced by Apple in redacted form and have been admitted into evidence at the February 2025 Evidentiary Hearing.  Specifically, based on their description, Entry Nos. 1706, 1707 and 1560 appear similar to documents already admitted into evidence as Exhibits CX-223 (APL-EG_11573161) and CX-224 (APL-EG_11573163), and Document 10733 appears to be similar to documents already admitted into evidence as Exhibits CX-291 (APL-EG_11603962) and CX-505 (APL-EG_10680710).[1]

These emails and decks should therefore not be withheld, just as the documents now in evidence were not withheld.  Nonetheless, to avoid any potential argument by Apple that, based on the rulings by the Special Masters, Apple may try to claw back substantially similar documents, Epic hereby objects to the Special Masters' rulings upholding Apple's privilege assertions.  Epic does so because, as the Court is aware, Apple previously tried to claw back two earlier iterations of the same core deck (from June 1, 2023) on the basis that those documents were "materially similar" to another June 1 deck that Apple successfully withheld in full; this Court upheld Apple's ability to claw back those documents on purely procedural grounds, without addressing the merits of Apple's claim of privilege over those documents.  (See Dkt. 1257; Dkt. 1281.)[2]

### Email Concerning Wisconsin Design Deliverables (Entry No. 1703 from March 4 Rulings)

Entry No. 1703 (PRIV-APL-EG_00087398) is an email from Ann Thai to Phil Schiller and Jen Brown with the subject line "Wisconsin Design Deliverables".  The custodians for this email are Phil Schiller, Matt Fischer, Monika Gromek, Josh Elman and Ann Thai—all non-

---

[1] These documents are attached to the Declaration of Yonatan Even as Exhibits A, B, C and D.

[2] Notably, during the February 2025 Evidentiary Hearing, upon learning that Apple withheld the June 1 deck in full, the Court noted that it "can't imagine how it could be completely privileged" and ordered it produced for review *in camera*.  (Feb. 25, 2025 Hr'g Tr. 1477:5-16.)  The Court then found that the bulk of the June 1 deck was <u>not</u> privileged, concluding that "[t]his slide deck should have been presented and provided to Epic, all the pages that were clearly not attorney-client privileged".  (Feb. 25, 2025 Hr'g Tr. 1488:2-4.)

lawyers who were deeply involved in the design of Apple's link-out program and its compliance to the Injunction.

Apple's claimed basis for privilege listed in Apple's privilege log is that this is an "[e]mail reflecting information for the purpose of obtaining legal advice from counsel regarding injunction compliance requirements for user design and interface". However, events from the Evidentiary Hearing cast doubt on whether emails involving Apple's in-house counsel should be completely withheld. (Feb. 25, 2025 Hr'g Tr. 1545:14-:1546:4 ("[J]ust because a lawyer's name is on a document does not mean that it comes within the context of the attorney-client privilege").) Ms. Thai's email is to both Phil Schiller, a business person, and to Jen Brown, in-house counsel. Unless the purpose of this email was to solicit solely or primarily legal feedback, and not also business and design feedback, this email should not be withheld in its entirety.

## Business Communications Concerning Public Relations Talking Points and Questions and Answer Documents (Entry Nos. 1623, 1624, 1642 and 1643 from February 24 Rulings)

Entry Nos. 1623 (PRIV-APL-EG_00086651) and 1642 (PRIV-APL-EG_00086844) both belong to the same email chain involving discussions between Apple's communications team, business team and in-house counsel regarding "Wisconsin QA". Entry No. 1642 is sent by Marni Goldberg, a communications employee, to a group of people, including Carson Oliver and Timo Kim, business people, as well as Jen Brown and Ling Lew, in-house counsel. The email attaches Entry No. 1643 (PRIV-APL-EG_00086846), a document titled "For Review: Wisconsin Q&A". Entry No. 1623 looks to be a reply sent by Ann Thai, a business person, to Marni Goldberg, a communications person, and Jennifer Brown, in-house counsel. This email attaches Entry No. 1624 (PRIV-APL-EG_00086654), which is titled "Project Wisconsin Reactive AQ – AT Edits". Presumably, this second set of documents are Ann Thai's reactions and edits to the first email and document.

All four of these entries have already been produced to Epic with various levels of redactions.[3] For example, APL-EG_11395433 appears to be the same email as Entry No. 1642 and its attachment, APL-EG_11395435, is the same as Entry No. 1643.[4] We note that Ms. Goldberg addresses her email to both "Legal and App Store Colleagues". It is clear that Ms. Goldberg's email did not solicit only or primarily legal advice—it points out that in certain portions of the attachment there may be some specific legal questions, which could be redacted, but it otherwise solicited both legal and non-legal feedback. Based on Ms. Thai's reply, Ms. Goldberg obtained business input in response. The entirety of these documents should not be withheld.

## Price Committee Materials (Entry Nos. 1625 and 1626 from February 24 Rulings)

Entry No. 1625 (PRIV-APL-EG_00086662) is an email from Alex Roman to Kate Adams, Heather Grenier and Jennifer Brown. Apple's executive team, including Tim Cook, Phil Schiller and Luca Maestri as well as Apple witnesses Carson Oliver, Matt Fischer and Kunnal Vij are all copied on this email. Entry No. 1626 (PRIV-APL-EG_00086663) is a document titled "App Store Price Committee 2024.01.15 DRAFT" attached to the email.

---

[3] Again, Epic is objecting to these documents notwithstanding having other versions in redacted form to preempt any attempt by Apple to claw back documents previously produced in redacted form.

[4] These documents are attached to the Declaration of Yonatan Even as Exhibits E and F.

Although the email was facially directed to lawyers, Mr. Roman's email and attachment do not appear to be seeking primarily legal advice. Given the large number of non-lawyers copied on the email, including the entire Apple executive team, and given the nature of the attachment, which is again a core business deck that Apple used as the basis for its compliance plan, it seems unlikely that Mr. Roman would send a document to the executive team that had not already been through rounds of review by both the business and legal teams, or that he would copy Mr. Cook on his run of the mill requests for legal advice. Rather, it seems more likely that this is a business document being sent to the executive team for their review and that the "primary purpose" of both the email and the document is to advance materials for review with executives, not to obtain legal advice. Unless the documents on their face make clear that their primary purpose was to solicit legal advice, these entries should not be withheld in their entirety.

DATED: March 10, 2025                    CRAVATH, SWAINE & MOORE LLP
                                         By: */s/ Yonatan Even*
                                         *Counsel for Plaintiff Epic Games, Inc.*