UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on February 24, 2025 and March 4, 2025 on Apple's production of re-reviewed and privileged documents identified by Epic as "priority" review documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 1540 (PRIV-APL-EG_00085160) on the January 6, 2025 Privilege Log.**

**Entry No. 1540 (PRIV-APL-EG_00085160)** is a Quip document—a shared collaborative workspace—regarding new customer management and refund capabilities Apple was developing, and which is largely unredacted. Apple proposed redactions only to a handful of exchanges between Patricia Huynh (in-house counsel) and various non-lawyers in which Ms. Huynh seeks information from non-lawyers regarding various aspects of the planned changes. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002), as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024). The redacted exchanges with in-house counsel are therefore privileged.

**Entry No. 561 (PRIV-APL-EG_00154061) on the January 22, 2025 Privilege Log.**

**Entry No. 561 (PRIV-APL-EG_00154061)** is an email chain regarding updates to certain draft developer communications in advance of the launch of the U.S. entitlement program. Apple proposed redactions only to a handful of exchanges with Apple in-house counsel Ling Lew, where Ms. Lew describes the changes she made to the Apple developer support page and addendum in advance of the entitlement program's launch. The communications concern legal and compliance topics. In another redacted message, Ms. Ling shares a revision to a draft developer communication based on the result of a then-recent court decision. Ms. Ling shared her draft communications to a group of individuals, including both lawyers and non-lawyers. Attorney client privilege applies to "communications for the purpose of giving legal advice," *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023), and "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Thus, the redactions should be upheld.

**Entry No. 753 (PRIV-APL-EG_00155569) on the January 22, 2025 Privilege Log.**

**Entry No. 753 (PRIV-APL-EG_00155569)** is an email chain containing draft talking points related to Apple's participation in a European press tour in the fall of 2023 related to compliance with the Digital Markets Act. The email, sent by non-lawyer Scott Radcliffe, states that the draft talking points incorporate feedback from lawyers Gary Davis and Brendan McNamara (both in-house counsel). Mr. Radcliffe then re-circulates the draft talking points for further review by various individuals, including Mr. Davis and Mr. NcNamara. Privilege applies to communications with and legal advice from lawyers, even where that advice relates to materials intended for use with the press. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019). Because this document is a working draft reflecting legal advice, it constitutes privileged attorney-client communications and should be withheld.

**Entry No. 755 (PRIV-APL-EG_00155579) on the January 22, 2025 Privilege Log.**

**Entry No. 755 (PRIV-APL-EG_00155579)** is an email chain discussing different compliance issues related to Korea. Apple proposed redactions to only a handful of exchanges between Apple in-house counsel Sean Cameron and Phil Schiller in which Mr. Cameron provides an update on Apple's legal strategy with a foreign regulatory body, Mr. Schiller responds with a question for further consideration, and Mr. Cameron provides a response and recommendation to Mr. Schiller after consulting with other members of Apple's in-house team. Additionally, Apple proposed a narrow redaction to a response by non-lawyer Ann Thai that is explicitly based on and incorporating Mr. Cameron's advice. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002), as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024). Thus, the redactions should be upheld.

**Entry Nos. 10511 (PRIV-APL-EG_00251372), 10512 (PRIV-APL-EG_00251386), and 10444 (PRIV-APL-EG_00250684) on the January 22, 2025 Privilege Log.**

Entry Nos. 10511 and 10512 are Word and PDF versions of a document authored and revised by attorneys entitled "Alternative Terms Addendum for Apps in the EU." The draft addendum is a contract that iOS developers in the EU enter into with Apple. The drafts contain the revisions made by in-house counsel in track changes, and the parent email (PRIV-APL-EG_00251370) notes that this new version has not yet gone live. The revised documents contain the initials of in-house counsel Ling Lew ("LYL") and a date, demonstrating that these are drafts that she revised.

Similarly, Entry No. 10444 is a draft of a document authored by attorneys entitled "External Link Account Entitlement Addendum for Reader Apps." This is a draft addendum to the Developer Program License Agreement—the contract that all iOS developers enter into with Apple. The parent document for this entry (PRIV-APL-EG_00250683) is an email from Ling Lew to a number of Apple employees and in-house counsel noting that the document includes an update adding tvOS into the addendum. Special Master Walsh deemed the parent email properly withheld for privilege, because it contains legal advice from in-house counsel.

"Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Se. Pa. Transp. Auth. v. Carmarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008) ("Preliminary drafts of contracts are generally protected by attorney/client privilege, since they reflect not only client confidences, but also legal advice and opinions of attorneys, all of which is protected by the attorney/client privilege." (cleaned up)); *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege."). As all three of these documents are working drafts reflecting legal advice, they constitute privileged attorney-client communications and should be withheld.

DATED: March 10, 2025                                      WEIL, GOTSHAL & MANGES LLP
                                                           By: */s/ Mark A. Perry*
                                                                   Mark A. Perry

                                                           *Counsel for Defendant Apple Inc.*

7