UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGE DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short response to Apple's Objections to the Special Masters' rulings ("Objections"), which were filed on March 7, 2025. (Dkt. 1322.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents.

- Entry No. 2335 (PRIV-APL-EG_00094876)—Apple maintains that this document, titled "DMA: Alternative marketplace developer", is privileged and seeks to withhold the document in its entirety. But Apple concedes the document contains comments from non-lawyers and edits from non-lawyers. Apple also claims the document is privileged because it discloses legal advice from three attorneys—Lacey Elmore, Ling Lew and Adil Karrar—but in its privilege log, it never claimed the document reflects any legal advice from two of those attorneys (Elmore and Ling). And finally, while Apple claims the document contains "pages showing every edit made to the document", it never claims those edits actually reveal or can be traced to specific legal advice. (Dkt. 1322 at 2.) The Special Master reviewing the document determined that the document does not disclose *any* legal advice. Nothing in the Objection suggests this conclusion was wrong. At most, to the extent the document reflects legal advice from Adil Karrar, such advice could be redacted.

- Entry No. 5 (PRIV-APL-EG_00149580)—Apple claims that this document is an email thread between a non-lawyer and Apple's in-house counsel with redacted text

discussing "injunction compliance requirements for link format and buttons". Apple claims that this is protected by both attorney-client privilege and the work product doctrine. Contrary to Apple's assertion, the email is to several non-attorneys—Ms. Thai and Messrs. Kosmynka and Oliver. The work product protection extends only to documents that are in fact the work product of an attorney and prepare to further litigation efforts; the application of attorney-client privilege depends on whether the document did in fact discuss *legal* advice. As became evident during the evidentiary hearings, Apple in-house counsel—and specifically Mr. Cameron—often sent emails related to Wisconsin work that were *not* legal, did not further any litigation and were not conveying legal advice. *See, e.g.*, Tr. 1473:3-9 (Mr. Oliver asking Mr. Cameron to send a Wisconsin deck to executives); Tr. 1175:4-7 (introducing CX-223, an email from Mr. Cameron); Tr. 1199:21-1200:1 (introducing CX-224, an email from Mr. Cameron). Here, the Special Master reviewed the underlying text and determined it does not disclose legal advice and is not protected work product. Without access to the documents, Epic is unable to fully assess Apple's Objection to that finding.

- Entry No. 173 (PRIV-APL-EG_00150508)—Apple claims that this document is an email thread between a non-lawyer and Apple's in-house counsel with redacted text discussing "certain takeaways" from a Project Wisconsin meeting, specifically related to "user design and interface"—a topic that is neither inherently nor primarily legal. (Dkt. 1322 at 4.) The Special Master reviewed the underlying text and determined it does not disclose legal advice and was not protected work product. Without access to the documents, Epic is unable to assess Apple's Objection.

DATED: March 11, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*