UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered February 24 and March 4, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry Nos. 1560 (PRIV-APL-EG_00085603), 1706 (PRIV-APL-EG_00087405), 1707 (PRIV-APL-EG_00087407), 10733 (PRIV-APL-EG_00254277)**

In light of the production and/or admission into evidence of substantially similar documents, Apple will produce Entry 1706 (PRIV-APL-EG_00087405) and Entry 1560 (PRIV-APL-EG_00085603) without redaction, preserving all rights as to both.

If it will resolve Epic's objection, Apple will produce Entry 1707 (PRIV-APL-EG_00087407) with the redactions indicated in CX-0223, preserving all rights as to both PRIV-APL-EG_00087407 and CX-0223.

If it will resolve Epic's objection, Apple will produce Entry 10733 (PRIV-APL-EG_00254277) with the same redactions indicated on PRIV-APL-EG_00226239, which were upheld by the Special Masters and not appealed by Epic, preserving all rights as to both. Namely, Apple proposes to redact the last three slides of Entry 10733 (PRIV-APL-EG_00254300–02), which correspond to PRIV-APL-EG_00226270–72 of PRIV-APL-EG_00226239. If these redactions will not resolve Epic's objections, Apple notes that the filename for Entry 10733 includes the initials "JB," which correspond to Jennifer Brown, in-house counsel for Apple. Thus, contrary to Epic's assertion, there is in fact context that indicates direct involvement from legal. Accordingly, the title of this document indicates that it directly reflects the feedback and input of in-house counsel and is appropriately privileged for that reason. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016)

**Entry No. 1703 (PRIV-APL-EG_00087398)**

If it will resolve Epic's objection, Apple will produce Entry 1703 (PRIV-APL-EG_00087398) with the same redactions indicated on CX-1103, which were upheld by the Special Masters and not appealed by Epic (nor challenged by Epic during the hearing). If these redactions will not resolve Epic's objections, Apple directs the Court to the statement from the non-lawyer sender advising that the purpose of the communication and the listed proposals is to "arm Litigation for court." The email is therefore a communication sent for the purpose of assisting a lawyer in rendering legal advice and is privileged. *See In In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008).

**Entry Nos. 1623 (PRIV-APL-EG_00086651), 1624 (PRIV-APL-EG_00086654), 1642 (PRIV-APL-EG_00086844), 1643 (PRIV-APL-EG_00086846)**

In light of the production and/or admission into evidence of substantially similar documents, Apple will produce Entry 1642 (PRIV-APL-EG_00086844) without redaction, preserving all rights. If it will resolve Epic's objection, Apple will produce Entries 1624 (PRIV-APL-EG_00086654) and 1643 (PRIV-APL-EG_00086846) with the same redactions indicated on PRIV-APL-EG_00095151, which were upheld by the Special Masters, preserving all rights as to both documents.

Apple stands on its privilege assertion as to Entry 1623 (PRIV-APL-EG_00086651). The email is sent to Jennifer Brown (in-house counsel) and provides commentary and reactions to draft statements "based on [Apple's legal] filing" in this litigation. Although the email exchange itself concerns the draft communications statement, the non-lawyer commentary is sent to counsel as part of the preparation of legal filings and is therefore privileged. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

**Entry Nos. 1625 (PRIV-APL-EG_00086662), 1626 (PRIV-APL-EG_00086663)**

With respect to Entry 1625 (PRIV-APL-EG_00086662), Epic concedes that the email is addressed only to three Apple in-house counsel—Kate Adams (General Counsel), Heather Grenier, and Jennifer Brown.  The fact that other Apple personnel are included on the email does not negate the fact that the email was sent to in-house counsel for the primary (and likely sole) purpose of soliciting feedback from those counsel.  Epic's speculation about some other motive for the non-lawyer's request to counsel is belied by the face of the document and otherwise unsupported.  The attached deck, Entry 1626 (PRIV-APL-EG_00086663), is privileged both as a confidential disclosure made for the purpose of soliciting legal advice, *see In In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2; *Phoenix Sols.*, 254 F.R.D. at 575, and as expressly reflecting feedback from counsel, *see Chrimar Sys.*, 2016 WL 1595785, at *3.

DATED: March 12, 2025                                WEIL, GOTSHAL & MANGES LLP
                                                     By: */s/ Mark A. Perry*
                                                     *Counsel for Defendant Apple Inc.*