UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on March 10, 2025. (Dkt. 1335.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents.

- Entry No. 1540 (PRIV-APL-EG_00085160)—Apple claims in its Objections that this is a Quip document addressing Apple's "new customer management and refund capabilities". (Dkt. 1335 at 2.) Apple reports that its redactions cover several exchanges between Patricia Huynh (in-house counsel) and unnamed non-lawyers in which "Ms. Huynh seeks information from [the] non-lawyers regarding various aspects of the planned changes". *Id.* Apple's privilege log, however, does not mention Ms. Huynh or claim any privilege over her communications. Rather, the privilege log only mentions attorney Ling Lew, but in its Objections, Apple appears to have waived any claim that Ms. Lew's communications are privileged (or that they are even reflected in the redacted document). That discrepancy is sufficient to overrule Apple's objection here. But even setting aside the fact that Apple is basing its objection on a privilege claim that is entirely different from the one it presented to the Special Master, the Special Master did review the entire document and determined that the redactions Apple proposed pertained to exchanges that are *not* privileged because their "predominant purpose is business or technical; not legal advice". (Exhibit A to

Apple Objections, Dkt. 1335-1, at Entry No. 1540.) Apple fails to explain how or why that specific finding is erroneous. Accordingly, Apple has not provided any compelling reason to overturn the Special Master's rejection of its privilege claim.

- Entry No. 561 (PRIV-APL-EG_00154061)—Apple maintains that this document is an email chain discussing "updates to certain draft developer communications in advance of the launch of the U.S. entitlement program". (Dkt. 1335 at 3.) Apple states that it has only redacted several exchanges between in-house counsel Ling Lew and non-lawyers—presumably the communications professionals identified in the associated privilege log entry—Marni Goldberg, Fred Sainz, and Peter Ajemian. *Id*. In these exchanges, Ms. Lew reportedly "describes the changes she made to the Apple developer support page" and "shares a revision to a draft developer communication based on the result of a then-recent court decision". *Id*. The Special Master reviewed the document and determined that Ms. Lew's communications did not convey legal advice and thus were not privileged. (*Id.*; Entry No. 561.) Epic does not have access to these communications and is thus unable to assess Apple's claims disputing that determination.

- Entry No. 753 (PRIV-APL-EG_00155569)—Apple represents that this document is "an email chain containing draft talking points related to Apple's participation in a European press tour" addressing the Digital Markets Act. (Dkt. 1335 at 4.) Apple claims privilege based on the "feedback from [in-house] lawyers Gary Davis and Brendan McNamara" incorporated *into* the draft talking points, and seeks to withhold the document in its entirety. *Id*. But Apple's objection here seems to repeat an argument it has made and that this Court has rejected multiple times, namely that business documents are privileged just because lawyers have commented on them at some point in time, and that those attorney comments, while not facially discernable, were incorporated into the document. As this Court noted before, unless the document discloses the contents of legal advice, the document is not privileged. (Dkt. 1056 at 1-2.) Apple has not provided any persuasive reason to overrule the Special Master's determination that this document is not privileged.

- Entry No. 755 (PRIV-APL-EG_00155579)—Apple claims this document is an email chain "discussing different compliance issues related to Korea". (Dkt. 1335 at 5.) Apple reportedly has redacted a conversation between Sean Cameron, in-house counsel, and Phil Schiller, a business executive, discussing "Apple's legal strategy with a foreign regulatory body". *Id*. Apple also seeks to redact "a response by non-lawyer Ann Thai that is explicitly based on and incorporating Mr. Cameron's advice." *Id*. The Special Master reviewed the document and concluded that these communications do not reflect legal advice. Epic does not have access to the document and thus cannot fully evaluate Apple's objection to the Special Master's determination.

- Entry Nos. 10511 (PRIV-APL-EG_00251372), 10512 (PRIV-APL-EG_00251386), and 10444 (PRIV-APL-EG_00250684)— Apple represents in its Objections that Entry Nos. 10511 and 10512 are Word and PDF versions of the "Alternative Terms Addendum for Apps in the EU". In its Objections, Apple claims the document was drafted by unnamed attorneys and then revised by Ling Lew, in-house counsel. (Dkt. 1335 at 6.) Again, Apple's objection here does not suggest that the document

discloses the content of any legal advice, and the privilege log does not identify the lawyer who purportedly drafted the document nor identify Ms. Lew as an attorney involved with the document in any way. To the contrary, the privilege log acknowledges that no attorneys are listed on the document. The Special Master rejected Apple's attempt to withhold this document in its entirety, observing that the document was "predominantly business" and thus not appropriate for complete withholding as privileged. (Entry Nos. 10511 and 10512.) Apple has not provided any compelling reason to overturn this ruling.

Similarly, Apple claims that Entry No. 10444 is an attorney-drafted addendum to the Developer Program License Agreement entitled "External Link Account Entitlement Addendum for Reader Apps." (Dkt. 1335 at 6.) But Apple's privilege log does not mention that the document was prepared by an attorney, and does not identify any attorney involved in its preparation. Moreover, in support of its Objections, Apple cites authorities discussing the attorney-client privilege, but Apple did not assert that the document is privileged; rather, it only asserted work product protection in its privilege log entry, a fact elided in Apple's Objections. *Id.* The Special Master rejected Apple's attempt to withhold this document in its entirety, and nothing in Apple's Objections suggests this was error.

DATED: March 12, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*