UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>    *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>JOINT STATUS REPORT |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the evidentiary hearings concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP | WEIL, GOTSHAL & MANGES LLP |
| By: */s/ Yonatan Even*<br>    Yonatan Even<br>    *Counsel for Epic Games, Inc.* | By: */s/ Mark A. Perry*<br>    Mark A. Perry<br>    *Counsel for Apple Inc.* |

**Epic's Position:**

As the Court is aware, the evidentiary hearing in the underlying Contempt Motion proceeded on February 24 through February 26, with Epic calling five Apple witnesses: Philip Schiller, Rafael Onak, Carson Oliver, Kunal Vij and Marni Goldberg. Of the 51 exhibits Epic introduced into evidence at the hearing, 27 exhibits contained documents that Apple originally improperly withheld for privilege and then produced as a result of the Special Master and Court-supervised re-review process. The Parties filed post-hearing briefs on March 7. As this Court proposed, the Special Masters continued their review in parallel with the hearings, and that review is ongoing. Epic writes to update the Court on two issues, as follows.

- Apple's Failure to Produce Certain Documents: On March 4, 2025, Apple filed a Motion for Relief from this Court's Orders rejecting Apple's privilege assertions as to certain documents. Following that filing, Epic attempted to take stock of the multiple documents Apple should have produced following this Court's various Orders sustaining certain Epic Objections and overruling certain Apple Objections. Because Epic was unable to locate all such documents in Apple's productions, on March 5, 2025, Epic asked Apple Inc. ("Apple") to identify in its productions, in the first instance, 106 documents this Court ruled should be produced and that were the subject of four of Apple's Motions for Relief, noting that Epic was only able to find 53 of these documents in Apple's production. (Dkt. Nos. 1193, 1221, 1285 and 1298.) On March 6, 2025, Apple responded that it is "not certain what methodology" Epic was using to identify these documents, but that Apple was able to locate in its production 102 of these documents. (Email from J. Wesneski to Epic Counsel on March 6, 2025, at 11:38 AM PT.) Apple acknowledged that <u>it failed to produce to Epic four documents it should have produced a month earlier—by February 5, 2025</u>. Apple attached the four documents to its response as PDF files, without metadata, and did not provide any explanation for its failure to produce these four documents in a timely manner.

    Epic followed up and asked Apple for an explanation for its failure to produce the four documents. In addition, Epic noted it was unable to match all 102 documents that Apple said it timely produced to the privilege log entries that were the subject of this Court's rulings, because several of the documents Apple produced following Special Master review were stamped only with new Bates numbers, and not with the Bates numbers Apple previously provided in its privilege logs. On March 11, Apple acknowledged the latter issue, stating that "through a technical issue . . . a new Bates number was sometimes assigned to redacted documents and/or the Special Masters bates stamp was omitted", making it impossible for Epic to match produced documents to privilege log entries. (Email from J. Wesneski to Epic Counsel on March 11, 2025, at 2:12 PM PT.) Apple ultimately provided Epic with a list matching new Bates numbers to privilege log Bates numbers, with certain caveats as to its accuracy, on March 12. In the same email, Apple represented that its failure to timely produce the four documents it should have produced by February 5, 2025 is "human error", and that it would produce the documents, with metadata, that same day. (Email from J. Wesneski to Epic Counsel on March 12, 2025, at 10:42 AM PT.)

    Apple acknowledges below that the four documents should have been produced earlier

but contends that Epic has not suffered any prejudice. That is not the point. Epic obviously has very limited visibility into what documents go to the Special Masters, and thus very limited ability to ensure Apple produces all the documents it is obligated to produce. And although Apple claims the documents at issue are unimportant, they were obviously important enough for Apple to produce them in the first place and then argue its privilege assertions over these documents all the way up to Judge Gonzalez Rogers (and beyond, if Apple's repeated claims of future appeals are to be believed). It is therefore concerning that even focusing on the small sample of documents that are the subject of Motions for Relief, it turns out that Apple failed to produce several documents it should have produced weeks ago, and that Apple is then unable to provide any meaningful explanation for this failure (claiming "human error", without identifying how the error occurred, who the human was, etc., is hardly an explanation at all). Moreover, despite Apple's repeated promises, Apple apparently still has not produced each of the four documents and their metadata; Epic was only able to locate one of these documents in Apple's March 11, 2025 production.

- Modification to Protocol: The Parties have continued to meet and confer regarding a proposed modification to the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") that would provide a process for Epic to object to Special Master rulings approving redactions for privilege.[1] Apple proposed that the Protocol be modified such that (i) Epic may object by March 14, 2025, to any redacted document the Special Masters have ruled on or after February 12 (provided Apple has produced such document to Epic on or prior to March 10); and (ii) thereafter, Epic would be entitled to object to redacted documents within four court days after Apple produces them to Epic. The Parties filed a stipulation to this effect on March 13, 2025.

**Apple's Position**:

On February 24–26, 2025, Judge Gonzalez Rogers held a further evidentiary hearing regarding Epic's Motion to Enforce Injunction. At the conclusion of the hearing, the Court indicated the parties could "expect that a decision will come out pretty quickly." Hr'g Tr. 1915:21–24 (Feb. 26, 2025). The parties submitted simultaneous post-hearing briefs on March 7, 2025. The Court has since advised that it does not expect a need for further briefing. *See* Dkt. 1339.

As of the filing of this status report, the Special Masters have reviewed approximately 13,094 documents and have 10,689 remaining to review. Of the total documents they have reviewed so far, the Special Masters have sustained in full about 92.7% of Apple's privilege assertions, sustained in part about 0.7% of the assertions, and overruled in full less than 6% of the assertions. The Special Masters have requested additional information related to 0.7% of the documents.

---

[1] The Protocol provides that objections should be filed four court days after a Special Master report. That does not work for redacted documents because Apple is not even required to produce the document to Epic within that four-day window, and Epic cannot object to redactions without having the ability to review the portions of a document Apple seeks to redact.

With respect to the issues Epic has raised, Apple does not believe either requires any judicial intervention.

Epic complains that Apple failed to produce four documents within the time specified in the Special Master Protocol. Due to inadvertent human error, those four documents were not produced to Epic until last week (and are being produced with complete metadata this week), and Apple acknowledges they should have been produced earlier. None of the documents have any material significance to the issues in dispute (and indeed, it is not clear that all of them are even responsive to the Court's discovery order), and two of them are substantively identical to other documents already produced to Epic.[2] Epic does not claim any prejudice from the inadvertent delay of their production, nor could it. Given the volume of documents reviewed and produced by Apple in a limited timeframe, it is unsurprising that some minor issues may arise from time to time. Indeed, the Re-Review Protocol requires constant, manual work by Apple's outside counsel to implement, including tracking thousands of individual Special Master and Court rulings to determine the treatment for each document and identifying documents for production each week. Apple has advised Epic that it is continuing to conduct quality control to confirm Epic has received all documents.

With respect to the issue of Bates stamps, Epic never before raised any issue with Apple's stamping protocols, and Apple has complied with the parties' ESI protocol in all relevant respects. The issue raised by Epic now is relevant only because of the parties' contemplated agreement to amend the Protocol and permit Epic to object to redacted documents after their production. In any event, Apple is working with Epic to resolve any logistical obstacles to Epic's ability to levy objections under the new proposed objection framework.

Apple respectfully submits there are no issues before Your Honor for resolution except the pending objections to certain of the Special Masters' determinations. Apple submits it does not have any items requiring discussion at the status conference, but as always, is prepared to attend should Your Honor have any issues to discuss with the parties.

---

[2] Apple is happy to provide these documents to the Court upon request. Apple's efforts to maintain privilege over these documents are not a reflection of their materiality to the litigation, but rather of Apple's interest in protecting its privileged communications, regardless of their significance in litigation.

Respectfully submitted,

DATED: March 13, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*