1  DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA 90071
   Telephone: 213.229.7000
4  Facsimile: 213.229.7520

5  CYNTHIA E. RICHMAN (D.C. Bar No.
   492089; *pro hac vice*)
6  crichman@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, DC 20036
8  Telephone: 202.955.8500
   Facsimile: 202.467.0539

9  JULIAN W. KLEINBRODT, SBN 302085
10 jkleinbrodt@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
11 One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
12 Telephone: 415.393.8200
   Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>   Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>   Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ................................................................................................................... 1

DISCUSSION ............................................................................................................................... 2

    A.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO NON-PUBLIC FINANCIAL INFORMATION. ................................................................. 2

    B.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO COMPETITIVELY SENSITIVE INTERNAL PROJECT CODENAMES .................. 3

    C.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO INFORMATION THAT REFLECTS SENSITIVE BUSINESS INFORMATION OF A THIRD-PARTY DEVELOPER ............................................. 4

    D.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO STATEMENTS THAT REFLECT TESTIMONY APPLE HAS MOVED TO STRIKE ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE.. .................... 4

    E.    THE COURT SHOULD GRANT APPLE'S REQUEST BECAUSE IT IS NARROWLY TAILORED. ........................................................................................ 5

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Rivos, Inc.*,
  2024 WL 1204115 (N.D. Cal. Mar. 21, 2024)...........................................................................1

*Apple Inc. v. Samsung Electronics Co. Ltd.*,
  2013 WL 412864 (N.D. Cal. Feb. 1, 2013) ..............................................................................3

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
  727 F.3d 1214 (Fed. Cir. 2013).................................................................................................3

*DiscoverOrg Data, LLC v. Bitnine Global, Inc.*,
  No. 19-CV-08098-LHK, 2020 WL 8669859 (N.D. Cal. Nov. 6, 2020)...................................4

*Ervine v. Warden*,
  214 F. Supp. 3d 917 (E.D. Cal. 2016).......................................................................................2

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ...............................................................................................1, 2

*Krommenhock v. Post Foods, LLC*,
  2020 WL 2322993 (N.D. Cal. May 11, 2020) ..........................................................................5

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978)..................................................................................................................2

*Pacira Pharms., Inc. v. Rsch. Dev. Found.*,
  2024 WL 5109382 (D. Nev. Dec. 12, 2024).............................................................................2

*Philips v. Ford Motor Co.*,
  No. 14-CV-02989, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016)...........................................2

*Phillips v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ..........................................................................................1, 4, 5

*PQ Labs, Inc. v. Qi*,
  2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) .........................................................................1

*Rodman v. Safeway Inc.*,
  No. 11-CV-3003, 2014 WL 12787874 (N.D. Cal. Aug. 22, 2014) ..........................................2

*Rodriguez v. Google LLC*,
  2024 WL 42537 (N.D. Cal. Jan. 3, 2024) .................................................................................3

*Rodriguez v. Google LLC*,
  2025 WL 50425 (N.D. Cal. Jan. 7, 2025) .................................................................................3

*Snapkeys, Ltd. v. Google LLC*,
    2021 WL 1951250 (N.D. Cal. May 14, 2021) ............................................................................4

*Vigdor v. Super Lucky Casino, Inc.*,
    No. 16-CV-05326, 2018 WL 4510734 (N.D. Cal. Sept. 18, 2018) ............................................3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
    619 F. Supp. 3d 970 (N.D. Cal. 2021) (Gonzalez Rogers, J.) ..................................................2

*VLSI Technology LLC v. Intel Corporation*,
    2023 WL 9187550 (N.D. Cal. Dec. 14, 2023) ...........................................................................4

*Williams v. Apple, Inc.*,
    No. 19-CV-04700-LHK, 2021 WL 2476916 (N.D. Cal. June 17, 2021) ..............................3, 5

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................1

Local Rule 79-5....................................................................................................................................1

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") submits this statement in support of Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (Dkt. 1325) ("Epic's Motion"). Apple respectfully requests that the Court partially seal Epic Games, Inc.'s Post-Hearing Findings of Fact (Dkt. 1326) ("Epic's Post-Hearing Findings") because it contains information sealable under controlling law and Local Rule 79-5. Epic's Post-Hearing Findings contain (1) non-public, competitively sensitive financial information whose disclosure could harm Apple; (2) competitively sensitive internal project codenames whose disclosure could harm Apple; (3) the sensitive business information of a third-party developer which, if revealed, could impact its competitive standing; and (4) testimony that Apple has moved to strike on the basis of attorney-client privilege.

Apple accordingly moves to seal portions of Epic's Post-Hearing Findings containing sealable information. Apple's proposed redactions of Epic's Post-Hearing Findings are indicated in the redacted version filed with this statement and itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

**LEGAL STANDARD**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets); *Apple Inc. v. Rivos, Inc*., 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted).

Federal Rule of Civil Procedure 26(c), generally, provides the "compelling reasons" standard for

1  the purpose of sealing documents attached to a dispositive motion or presented at trial.  *Kamakana*, 447
2  F.3d at 1178.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure
3  and justify sealing court records exist when such 'court files might have become a vehicle for improper
4  purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous
5  statements, or release trade secrets."  *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.
6  589, 598 (1978)).

7        In general, requests to seal information should be narrowly tailored "to remove from public view
8  only the material that is protected."  *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016);
9  *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc*., 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal.
10 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only
11 includes confidential information").

12 **DISCUSSION**

13       Apple's administrative motion to seal is subject to the "compelling reasons" standard because it
14 seeks to seal a post-trial brief and findings of fact.  *See Pacira Pharms., Inc. v. Rsch. Dev. Found.*, 2024
15 WL 5109382, at *2 (D. Nev. Dec. 12, 2024) (applying "compelling reasons" standard to post-trial
16 findings of fact brief).

17 **A.     The Court Should Grant Apple's Request as to Non-Public Financial Information.**

18       Apple asks the Court to seal specific non-public, competitively sensitive financial information,
19 the disclosure of which could harm Apple.  The financial information consists of actual Apple revenue
20 figures, revenue projections and estimated losses, and developer cost estimates based on proprietary
21 information.  As the Supreme Court has recognized, sealing may be appropriate to prevent judicial
22 documents from being used "as sources of business information that might harm a litigant's competitive
23 standing."  *Nixon*, 435 U.S. at 598.  Accordingly, courts routinely seal information where disclosure
24 could harm a litigant's competitive standing.  *See*, *e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989,
25 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that a "need to avoid competitive
26 disadvantage in contract negotiations and undercutting by competitors is a compelling reason that
27 justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug.
28 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Non-public financial information in particular is routinely sealed because it can expose sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See*, *e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants").

**B.    The Court Should Grant Apple's Request as to Competitively Sensitive Internal Project Codenames.**

Apple seeks to seal its competitively sensitive internal project codenames. Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information. *See* Perry Decl. ¶ 3. Disclosure of the sealed information relating to confidential project codenames could harm Apple's business interests or aid bad actor third parties in harming Apple. *Rodriguez v. Google LLC*, 2024 WL 42537, at *2 (N.D. Cal. Jan. 3, 2024) (granting sealing of "internal terms" in documents that Google asserted contained "business information that might harm their competitive standing or become a vehicle for improper use" if public) (internal quotations omitted); *Rodriguez v. Google LLC*, 2025 WL 50425, at * 11 (N.D. Cal. Jan. 7, 2025) (finding "compelling reasons" to seal internal code names); *Apple Inc. v. Samsung Electronics Co. Ltd.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting sealing motion for redactions consisting of "Apple's confidential CAD designs and internal project code names," finding that the request was "narrowly tailored to Apple's proprietary information.").

Sealing is necessary here because public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from Apple's efforts into program development and market research that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness. *See Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (finding compelling reasons to seal internal Apple business plans, projects, and trade secrets that "would provide competitors with insight that they could

use to unfairly compete with Apple.") (cleaned up); *VLSI Technology LLC v. Intel Corporation*, 2023 WL 9187550, at *1 (N.D. Cal. Dec. 14, 2023) (finding compelling reasons to seal information when the parties claimed "knowledge of this information by third parties would put Intel at a competitive disadvantage in future product development and in its business dealings as its competitors could incorporate that information into their own development strategies and products to gain an unfair advantage over Intel in the market").

### C. The Court Should Grant Apple's Request As To Information that Reflects Sensitive Business Information of a Third-Party Developer.

Apple also seeks to seal information that reflects or relates to sensitive business information of a third-party developer—specifically, user data—which, if revealed, could impact its competitive standing. Courts have found "compelling reasons" to seal confidential information related to a party's business partners. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("[T]his Court has found compelling reasons to seal confidential information regarding a party's business partners where the disclosure of that information would harm the party's competitive standing."); *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, No. 19-CV-08098-LHK, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) ("[T]he Court concludes in the instant case that the competitive harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the public policies favoring disclosure."). Thus, Apple respectfully requests that the Court exercise its "broad latitude" in sealing matters (*Phillips*, 307 F.3d at 1211) to maintain under seal the sensitive information related to this third party.

### D. The Court Should Grant Apple's Request as to Statements that Reflect Testimony Apple Has Moved to Strike on the Basis of Attorney-Client Privilege.

Apple also seeks to seal information that reflects certain hearing testimony Apple has moved to strike from the record on the basis of attorney-client privilege (Dkt. 1328). Apple seeks to seal statements in Epic's Post-Hearing Findings that directly cite or reference portions of the hearing transcript Apple has moved to strike as privileged. *See* Dkt. 1328, Ex. A.

**E.     The Court Should Grant Apple's Request Because It Is Narrowly Tailored.**

Apple has narrowly tailored its sealing request to include only the information necessary to protect the confidential or sensitive business information of itself and a third-party developer, and information Apple has previously moved to strike as attorney-client privileged. *See Krommenhock v. Post Foods*, *LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information"). Apple has only partially redacted limited information in Epic's Findings of Fact. *See* Perry Decl. ¶ 5.

## CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: March 14, 2025                              Respectfully submitted,

By: *Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.