DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
    jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
    mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
    joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
    morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Statement in Support of Administrative Motion to Seal.[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motion") (Dkt. 1325), and now proposes to partially seal information therein that, if disclosed, could harm Apple and/or a third-party developer's competitive business interests and violate Apple's privilege claims.

5. Apple seeks to partially seal Epic Games, Inc.'s Post-Hearing Findings of Fact (Dkt.

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1326) ("Epic's Post-Hearing Findings").  Epic's Post-Hearing Findings contain competitively sensitive, non-public information regarding Apple's financial information and internal project codenames, which Apple intends to keep confidential.  The financial information consists of actual Apple revenue figures, revenue projections and estimated losses, and developer cost estimates based on proprietary information.  Public disclosure would reveal Apple's internal business decision-making and sensitive financial data, which could be used by competitors to gain an unfair competitive advantage over Apple and/or affect Apple's market position. Epic's Post-Hearing Findings also contain the sensitive business information of a third-party developer which, if revealed, could impact its competitive standing.  The business information consists of third-party developer user data.  Epic's Post-Hearing Findings also contain statements that reflect testimony Apple has moved to strike on the basis of attorney-client privilege which, if revealed, would invade Apple's privilege (Dkt. 1328).  Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple or the third-party developer's business interests, or Apple's privilege claims.  The remainder of Epic's Post-Hearing Findings remains unredacted.

6. Below is a chart detailing the portions of the document sealable for the reasons explained herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Page 3, lines 1-3 | Epic's Post-Hearing Findings | Apple previously moved to strike as privileged. *See* Dkt. 1328. |
| Page 3, line 7 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 5, lines 7-9 | Epic's Post-Hearing Findings | Apple previously moved to strike as privileged. *See* Dkt. 1328. |
| Page 5, lines 24-25 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 6, lines 5-6 | Epic's Post-Hearing Findings | Apple previously moved to strike as privileged. *See* Dkt. 1328. |

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Page 9, line 8 | Epic's Post-Hearing Findings | Reflects non-public Apple project codenames |
| Page 11, line 13 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 11, line 15-16 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 12, line 4 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 12, line 5 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 13, lines 27-28 | Epic's Post-Hearing Findings | Apple previously moved to strike as privileged. *See* Dkt. 1328. |
| Page 17, line 20 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |
| Page 25, line 6 | Epic's Post-Hearing Findings | Reflects non-public Apple project codenames |
| Page 25, line 9 | Epic's Post-Hearing Findings | Reflects non-public Apple project codenames |
| Page 28, line 12 | Epic's Post-Hearing Findings | Reflects non-public third-party financial information |
| Page 29, 13 | Epic's Post-Hearing Findings | Reflects non-public Apple financial information |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of March 2025, in Washington, D.C.

| | |
|---|---|
| Dated: March 14, 2025 | Respectfully submitted, |
| | By: */s/ Mark A. Perry* |
| | Mark A. Perry |