UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* v. APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations regarding redacted documents issued between February 12, 2025, and March 10, 2025.

Epic recognizes the significant burden of these objections and is sensitive to the diminishing utility of obtaining similar or duplicative documents following the completion of the evidentiary hearings from February 24-26, 2025. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the evidentiary hearings or to preserve the proper redactions for the exhibits used at the hearing. Epic, of course, cannot "see underneath" the redactions and is therefore unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Email about Project Wisconsin / Injunction Compliance**

PRIV-APL-EG_00149895 is an email chain among Apple business employees, including business executives (Phil Schiller, Eddy Cue, Matt Fischer and Carson Oliver), as well as lawyers. The latest email in the chain is from the evening of May 31, 2023—the day before the June 1 meeting with Tim Cook at which Apple employees first floated various compliance options and analyses to Mr. Cook. The email subject is "Epic injunction (Project Wisconsin) -- rules for entitlement[]agreement". The information in this email is therefore highly relevant to the underlying contempt proceeding.

Apple's privilege log claims the redacted text is privileged because it "reflect[s] information for the purpose of rendering legal advice with counsel regarding injunction compliance analysis of commission rate". Redactions cover the comments of Mr. Schiller, who is not an attorney, regarding presentation slides. (PRIV-APL-EG_00149895 at '896.) Nearly half a page of redactions cover more of Mr. Schiller's comments on page '899. Mr. Schiller's comments on these types of decks do not usually provide or seek legal advice, as seen in other exchanges where Mr. Schiller provides such comments. (*See, e.g.*, CX-224 at 224.01 (Mr. Schiller stating "Thanks for sharing this draft presentation[.] Here are my notes".).) Epic sees no basis in the document or the privilege log justifying these redactions.

**Email Among Press Personnel**

PRIV-APL-EG_00154229 is an email chain among Apple press and communications professionals Fred Sainz, Marni Goldberg, Hannah Smith and Peter Ajemian. The email title is "[Notes] Wisconsin PR Plan". The redacted language in the email involves a request by Mr. Sainz that Mr. Ajemian reach out to "Mike"—likely Worldwide Developer Marketing Senior Manager Mike Tam—with a draft email from Mr. Ajemian to Mr. Tam. Apple's privilege log states that the "redacted text reflect[s] information for the purpose of obtaining legal advice from counsel regarding injunction compliance press and communications legal strategy". But Mr. Tam is not a lawyer and cannot give privileged legal advice, and the privilege log does not identify a "Mike" who is a lawyer. And notably, although Apple counsel Jen Brown and Ling Lew are copied lower on the email chain, they do not participate and none of the portion of the email on which they are copied is redacted. Epic sees no basis in the document or the privilege log justifying these redactions.

**Email Regarding Analysis Group Work**

PRIV-APL-EG_00200628 is an email chain between a number of individuals from Apple and Analysis Group, a third-party consulting and strategy group that Apple purportedly hired to provide, in part, business and financial analyses relating to Apple's work in response to this Court's Injunction. Five out of six Apple employees copied on the email chain are non-lawyers, including individuals heavily involved in Apple's Injunction response work such as Carson Oliver and Timothy Kim; only one Apple in-house counsel, Jason Cody, is copied. Apple has redacted what appears to be a "recap" of a meeting held among the individuals on the email chain relating to a "Fee Comparison Study" (PRIV-APL-EG_00200628 at '630-'631). The meeting "recap" was sent by Ashley Ohm, a non-lawyer business operations employee at Apple, and there is no indication that the contents of the notes reflect legal advice given by the one lawyer participant in a meeting of at least 12 attendees—making it unlikely that the entire meeting consisted of attorney-client legal advice. Apple tries to claim in its privilege log that

Analysis Group's work was "prepared at the direction of counsel", yet does not make the claim that the document contains protected work product (only that it is a privileged communication).

Apple additionally redacted a brief discussion of what the same team would discuss during a meeting the following week (PRIV-APL-EG_00200628 at '629). The email was sent by Lydia Luk, a non-lawyer engineering program manager at Apple. A topic to be discussed by Analysis Group and Apple employees is not legal advice nor a request for legal advice. Epic sees no basis in the document or the privilege log justifying these redactions.

### Email Containing App Store Meeting Agenda

PRIV-APL-EG_00123814 is an email from Matt Fischer, former Vice President of Worldwide App Store and a witness in the contempt hearing last May. In the email, Mr. Fischer shares the agenda for an "App Store Weekly Staff" meeting with 28 Apple employees—only two of whom are in-house counsel (Jason Cody and Sean Cameron). Apple has redacted an entire page of notes under the heading, "Epic trial verdict". (PRIV-APL-EG_00123814 at '815.) Apple claims in its privilege log that the redacted text reflects a conversation regarding "user design and interface"—a topic that is not primarily or inherently legal, even if discussed in the context of a trial verdict. Epic sees no basis in the document or the privilege log justifying these redactions.

### Email Containing Meeting Notes

PRIV-APL-EG_00224925 is an email chain entitled "Notes from <10/11> Wisconsin Alignment". Apple witness Kunal Vij is a custodian. Apple's privilege log states that the "redacted text reflect[s] legal advice from counsel regarding injunction compliance launch date and timing". However, the only redacted text in the document (at bates '928) covers "highlights" from a "Wisconsin Alignment" call which Apple business and finance personnel (including Nate Barton, Mr. Vij and Eric Gray), developers and legal personnel attended. The summary of the call appears to be widely distributed. Epic sees no basis in the document or the privilege log justifying these redactions.

### Email Regarding Press and Developer Briefing

PRIV-APL-EG_00086696 is an email chain involving 10 Apple employees: members of Apple's public relations team (including Ms. Goldberg, a witness before this Court in the February contempt hearing), Apple's business team (including Carson Oliver, another witness in the May and February contempt hearing) and two Apple in-house counsel (Ling Lew and Jennifer Brown). The two lawyers do not appear to participate in the conversation at all. The email chain discusses the plan for the business team to prepare a presentation for "briefings with press and developers", and specifically notes that it should "rely on the visuals and language that is in the developer N&A and Support page"—a public-facing web page. (PRIV-APL-EG_00086696 at '698.) Apple has redacted the top email from Hannah Smith, a non-lawyer corporate communications employee at Apple. Discussion of briefings with press and developers is not a request for legal advice, nor is a discussion of "developer outreach" as Apple claims in its privilege log. Epic sees no basis in the document or the privilege log justifying these redactions.

**Communications Questions and Answers From July 2023**

PRIV-APL-EG_00094954 is an email with the subject "FOR REVIEW: Wisconsin QA" sent from Sean Cameron to Marni Goldberg and copying a group of business people and in-house counsel. Emails from this chain have been produced to Epic already with various redactions. Epic is objecting to the redactions in this document notwithstanding having other produced versions of this document for the avoidance of doubt only, so as to prevent any potential argument by Apple that it may claw back documents previously produced in less-redacted form.

In this email chain, Ms. Goldberg is soliciting feedback from "Legal and App Store Colleagues" on a question and answer document to be used by the communications team. It is clear that Ms. Goldberg's email did not solicit only or primarily legal advice, but Ms. Goldberg's entire request has been redacted. (PRIV-APL-EG_00094954 at '955, '956 and '958.) Epic recently challenged several versions of this email chain (Dkt. 1332 at 3), and Apple stated in its Response that it "will produce" "without redaction" the document containing Ms. Goldberg's initial email request. (Dkt. 1342 at 4.) This email chain should not have this text redacted, either.

Furthermore, Ann Thai's comments in response to Ms. Goldberg's request are also redacted. (PRIV-APL-EG_00094954 at '957.) Ms. Thai is on the App Store business team and is not a lawyer. Ms. Thai's response is repeated on the second page of this document with no redaction. (PRIV-APL-EG_00094954 at '955.) It is clear that her response is purely a business person's musings about what "a smart reporter" might ask. Her comments should not be redacted.

Apple's privilege log claims that these redactions were made because they "reflect legal advice from counsel regarding injunction compliance press and communications legal strategy". This description is inaccurate—the replies from attorneys do not contain legal advice and the reply from Ms. Thai does not disclose the contents of any legal advice.

**Communications Emails Regarding Dutch Regulation**

PRIV-APL-EG_00126442 is an email exchange between the Apple U.S. communications team and the European communications team discussing a case brought against Apple by the Authority for Consumers and Markets ("ACM"), a Dutch regulator. While communications employees are discussing a topic that has legal overtones, it is unlikely that communications employees are writing entire *paragraphs* of legal advice that warrant the extensive redactions seen on the first two pages of this document. Apple's privilege log claims that the redacted text *reflects* legal advice from counsel, but as this Court noted before, unless the document *discloses* the contents of legal advice, the document is not privileged. (Dkt. 1056 at 1-2.) Any redactions should be specific and confined to only sentences that disclose actual legal advice.

**July 6, 2023 Press Briefing Deck**

PRIV-APL-EG_00138531 is a slide deck titled "Epic Injunction Compliance Press Briefing" sent on July 6, 2023. Epic already has several versions of this deck, including the version admitted during the February 2025 Evidentiary Hearing as CX-0529. CX-0529 appears to be a more complete draft of the deck in question. Epic is objecting to the redactions in this document only to preempt any attempt by Apple to claw back documents that were admitted

during the hearing with differing redactions. Page 2 of the slide deck merely outlines the information that should go in the slide—none of which is legal advice. (CX-0529.6.) Pages 4 and 5 of the slide deck walk through changes made to the App Review Guidelines and should not be redacted. (CX-0529.8-9.)

DATED: March 14, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*