UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

     Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' rulings on Apple's production, issued on March 11, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

     Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 910 (PRIV-APL-EG_00156837)**

Entry No. 910 (PRIV-APL-EG_00156837) is an email chain between in-house counsel (Marie Hugon, Jason Cody, Pam Reid, and Patricia Huynh), and non-lawyers from Apple's finance team discussing the new European Platform to Business ("P2B") regulation in Italy requiring registration and the payment of an annual fee on App Store revenues. In-house counsel communicates legal advice to non-lawyer Apple employees and solicits and receives information from those employees in order to render further legal advice. In-house counsel also references and relays additional legal guidance provided from outside counsel. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"), as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024). This document is therefore privileged and should be withheld.

**Entry Nos. 1814 (PRIV-APL-EG_00166442) and 1825 (PRIV-APL-EG_00166500)**

Entry Nos. 1814 and 1825 are two iterations of the same email chain between non-lawyers and in-house counsel discussing options for the link-out entitlement. The first email in the chain is specifically addressed to attorneys Heather Grenier, Kyle Andeer, and a non-lawyer for review. Other attorneys are also copied on the chain. This document includes a specific request for legal advice from attorneys and related discussion with non-lawyers providing information for the purpose of obtaining legal advice. As "communications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," the redacted portions of this document are therefore privileged. *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice").

DATED: March 17, 2025                    WEIL, GOTSHAL & MANGES LLP
                                         By: */s/ Mark A. Perry*
                                              Mark A. Perry

                                         *Counsel for Defendant Apple Inc.*