UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff*, *Counter-defendant*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED MARCH 11, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

     Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 11, 2025.

     Epic recognizes the significant burden of these objections and is sensitive to the diminishing utility of obtaining similar or duplicative documents following the completion of the hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the Evidentiary Hearings on February 24-26, 2025. Epic is avoiding re-raising documents that are already the subject of prior objections, and reserves all rights as to such documents.

     Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

     Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Link-Out Screens Emails From March 20, 2024 (Entry Nos. 10932, 10960, 10976)**

Entry Nos. 10932 (PRIV-APL-EG_00257266), 10960 (PRIV-APL-EG_00257488) and 10976 (PRIV-APL-EG_00257644) are variations of the same email chain between business employees Carson Oliver (Apple witness), Ann Thai, Ken Moore and Mike Tam, and one in-house Apple counsel, Sean Cameron. The emails were sent on March 20, 2024, with the subject line "link out screens". It is likely that this chain involves a discussion of the user interface and design of link-outs—primarily a business topic. And although Mr. Cameron is involved in this email chain, some of his emails were deemed not privileged, produced and entered into evidence. (*See* CX-0223, CX-0224.) As courts in this district have held, "[b]ecause in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors, the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel". *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Judge Gonzalez Rogers likewise noted during the evidentiary hearing that Mr. Cameron is "a business lawyer", "not litigation counsel" (February 25, 2025 Hr'g Tr. 1481:9-1482:6), so it is more likely that communications involving Mr. Cameron focus on business or other advice rather than legal advice. Unless this email chain has the primary purpose of rendering legal advice, it should not be withheld in its entirety; at most, specific portions reflecting legal advice (if any) ought to be redacted.

**Epic Injunction – Rules for Entitlement Agreement Emails From May 2023 (Entry No. 10952)[1]**

Entry No. 10952 (PRIV-APL-EG_00257413) and all substantively similar entries from the same email chain are emails sent between a mix of business people and in-house counsel, including Apple witness Carson Oliver. Apple seeks to withhold this document in full. Epic already has multiple versions of this email chain with various levels of redactions showing these emails are not entirely privileged (*see, e.g.*, Ex. D to the Even Decl., PRIV-APL-EG_00228889). Furthermore, Apple submitted for Special Master review at least three additional variations on the same email for *redaction*, which demonstrates that it is possible to produce this document with redactions instead of entirely withholding. (*See* Entry Nos. 10982 (PRIV-APL-EG_00257693), 10983 (PRIV-APL-EG_00257701) and 10990 (PRIV-APL-EG_00257756)). To avoid any potential argument by Apple that, based on the current rulings by the Special Masters, Apple may claw back substantially similar documents, Epic hereby objects to the Special Masters' rulings upholding Apple's attempts to fully withhold emails from this email chain.

**Direct Message between Ann Thai, Jennifer Brown, Nate Barton and Others From August 15, 2023 (Entry No. 861)**

Entry No. 861 (PRIV-APL-EG_00156428) contains messages between a group of business people and Jennifer Brown (in-house counsel). Apple's privilege log claims that this document "reflects" legal advice from counsel but offers nothing more to show that these messages disclose legal advice (as opposed to merely "reflecting" it) or that the entire communication is made primarily for a legal purpose—facts Apple needs to prove to carry its burden of sustaining its privilege assertion. Especially in messages among a larger group of primarily business people, it is unlikely that every message involves legal advice, or that the

---

[1] Epic objects to all substantively similar entries that are withheld, including Entry Nos. 10966, 10969, 10994, 10969, 10996, 11003, 11014, 11050, 11078, 11082, 11087, 11114, 11117, 11127, 11132 and 11145.

primary goal of the entire communication is legal. To the extent there is legal advice sought from or conveyed by Ms. Brown, the specific legal advice should be redacted.

**Communications Materials Containing Press Strategy (Entry Nos. 10974 and 11061)**

Entry No. 10974 is a December 5, 2021, email from Phil Schiller (Apple witness) to Fred Sainz (head of Apple's communications department) and Mr. Cameron with the subject line "Comms Products for December 9". Sixteen additional business people and in-house counsel are copied on this email. Apple claims that in-house counsel "advises on draft language" for communications products, specifically regarding "press and communications legal strategy". However, this particular email looks to be *from* Mr. Schiller, a business executive who also often advises or directs the communications team on press language. It is likely that this document should not be fully withheld, since the primary purpose appears to involve communications with the press, not legal advice. Redactions may be appropriate only where legal counsel gives legal advice.

Entry No. 11061 (PRIV-APL-EG_00258647) is a July 11, 2023, email from Marni Goldberg (Apple witness) to Carson Oliver (Apple witness) and a group of business and communications employees, as well as in-house counsel. The email, which has the subject line "Tough Q and A", presumably reflects work product of the communications team in anticipation of questions from the press. Apple claims that the purpose of this email is to obtain legal advice, but Ms. Goldberg clearly also includes business people in her email and likely also asks for their business feedback—making it unlikely that the primary purpose of the email is legal. To the extent that legal counsel does give legal advice on press strategy, such advice should be appropriately redacted.

DATED: March 17, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*