Case 4:20-cv-05640-YGR   Document 1367   Filed 03/18/25   Page 1 of 7

Case 4:20-cv-05640-YGR   Document 1367   Filed 03/18/25   Page 1 of 7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered between February 12, 2025 and March 10, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Email Regarding Presentation Deck: Entry No. 33 (PRIV-APL-EG_00149895)**

PRIV-APL-EG_00149895 is an email exchange between Sean Cameron (in-house counsel), Jennifer Brown (in-house litigation counsel), and Phil Schiller (a witness at the evidentiary hearing). The redacted portions consist of (1) Mr. Cameron's recommendation regarding permissible regulations Apple could implement in compliance with the Injunction for External Purchase Links, (2) Mr. Schiller's reactions and questions in response to that recommendation with respect to compliance with the Injunction, and (3) responses and further advice from Mr. Cameron and Ms. Brown regarding the legal permissibility of various proposals and their legal rationale and support. The redacted portions are an exchange between a client and in-house counsel regarding the terms and meaning of the Injunction, including litigation strategy for compliance issues, and are privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

**Emails Containing Meeting Notes: Entry Nos. 422 (PRIV-APL-EG_00123814), 7687 (PRIV-APL-EG_00224925)**

PRIV-APL-EG_00123814 is an email in which a non-lawyer records notes taken during a meeting with in-house counsel and other non-lawyers regarding various App Store issues in September 2021. The redacted portions of the notes all indicate they reflect the comments of in-house counsel regarding the Court's Rule 52 order on the merits, a new competition regulation in Korea, and two asks assigned to in-house counsel. The in-house counsel referenced in the notes include Sean Cameron and Jason Cody. The portions of the notes regarding business discussion and with no indication of legal advice have been left unredacted. The express provision of legal advice when reflected in a document drafted by a non-lawyer is privileged. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

PRIV-APL-EG_00224925 is an email in which a non-lawyer circulates notes from a call with in-house counsel and other non-lawyers regarding Apple's Injunction compliance efforts. Although the attendees for the meeting include both lawyers (Ling Lew and Jennifer Brown) and non-lawyers, the redacted notes relate to legal issues, including (1) expectations regarding future litigation regarding the Injunction, (2) likely compliance dates based on those expectations, and (3) the intersection between those issues and issues raised by Apple's Finance team. Although the notes also advance a business purpose, the information recorded and redacted is for the primary purpose of providing legal advice and is privileged. *See Chrimar*, 2016 WL 1595785, at *3.

**Email Relaying Legal Advice re Dutch Competition Issues: Entry No. 606 (PRIV-APL-EG_00126442)**

PRIV-APL-EG_00126442 is an email among members of Apple's Communications team regarding updates from a legal investigation in the Netherlands.  Each of the redacted paragraphs relays express advice from "legal" regarding those proceedings, including the status of those proceedings and likely next steps.  The redaction on the final page refers to the legal strategy and timing of "outside counsel."  Epic asserts that it is "unlikely that communications employees are writing entire *paragraphs* of legal advice," but as the Court will see from the unredacted versions produced in camera, that is precisely what the document reflects.

Epic once again protests that Apple has asserted privilege based on the fact that the document "reflects" legal advice.  As Apple has explained each time Epic has raised this objection, a document is privileged if it "reflects" legal advice provided by an attorney, even if the document itself was not drafted by an attorney.  *See Chrimar*, 2016 WL 1595785, at *3.

**Email Related to Press Issues: Entry 1629 (PRIV-APL-EG_00086696)**

      Apple agrees to produce the majority of PRIV-APL-EG_00086696 without redaction, but maintains its privilege assertion over those redactions highlighted in the documents lodged with the Court, which reflect direct requests to in-house counsel for legal advice.

**Remaining Documents: Entry Nos. 2344 (PRIV-APL-EG_00094954), 1524 (PRIV-APL-EG_00138531), 590 (PRIV-APL-EG_00154229), 5154 (PRIV-APL-EG_00200628)**

In light of the production and/or admission into evidence of substantially similar documents, Apple will produce PRIV-APL-EG_00094954 and PRIV-APL-EG_00138531 without redaction, preserving all rights.

Apple agrees to produce PRIV-APL-EG_00154229 and PRIV-APL-EG_00200628.

DATED: March 18, 2025                    WEIL, GOTSHAL & MANGES LLP
                                         By: */s/ Mark A. Perry*
                                         *Counsel for Defendant Apple Inc.*