UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br>     *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br>     *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following short response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on March 17, 2025. (Dkt. 1358.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents.

- Entry No. 910 (PRIV-APL-EG_00156837)—Apple claims in its Objections that this document is an email chain between in-house counsel (Marie Hugon, Jason Cody, Pam Reid, and Patricia Huynh) and non-lawyers from Apple's finance team discussing Italy's "European Platform to Business" regulation. (Dkt. 1358.) Apple also maintains in its Objections that in this email discussion, in-house counsel "communicates legal advice" and solicits information to render further legal advice. (Dkt. 1358 at 2.) But Apple's privilege log entry only mentions Mr. Cody and Ms. Huynh and, moreover, states that the email only "provid[es] information for the purpose of obtaining legal advice"—not that legal personnel solicit such information, nor that the email discloses any actual legal advice. (*See* Dkt. 1358-1, Privilege Log columns labeled "Privilege Description" and "Additional Privilege Context".) The Special Master reviewed the document on the basis of the claims reflected in the privilege log and concluded that these communications are not privileged. Apple has not provided any clear reason to overturn the Special Master's rejection of the privilege claim it actually made, let alone to determine that the document ought to be

withheld in its entirety.

- Entry Nos. 1814 (PRIV-APL-EG_00166442) and 1825 (PRIV-APL-EG_00166500)—These emails, which Apple sought to fully withhold, apparently contain two versions of a discussion chain titled "Link Out Explore", both sent by non-lawyers: Phil Schiller (Entry No. 1814) and Tanya Washburn (Entry No. 1825). The emails are sent to one business recipient and one attorney, copying at least seven non-lawyers (Timothy Kim, Tim Huang, Geoff De Wilde, Nate Barton, Eric Albert, and Kunal Vij, Eric Gray, and Jeffrey Wilder). The email topic—not inherently a legal one—and the broad list of business recipients indicate that the email chain contains at least some discussion of primarily business topics and is thus not appropriate for *complete* withholding as Apple asserts. Indeed, Ms. Washburn and Mr. Schiller, the senders of the top emails in these email chains, are not giving legal advice, and do not appear to be seeking legal advice either. And the "[m]ultiple options" for compliance that Apple claims these emails provide appear to be *business* options, provided to both business and legal personnel. As such, consistent with the Special Master's determination, this chain does not appear to be privileged, at least not in its entirety.

DATED: March 19, 2025

CRAVATH, SWAINE & MOORE LLP

By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*