UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced in redacted form to Epic on March 11, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Redacted Emails: Entry Nos. 1650 (PRIV-APL-EG_00086914), 1672 (PRIV-APL-EG_00087094), 10814 (PRIV-APL-EG_00255622)**

PRIV-APL-EG_00086914 is an email from a non-lawyer—albeit one who works in the legal department—containing a summary and notes of a call. The email indicates that the attendees included Charles Paillard, Brendan McNamara, and Ling Lew, all in-house counsel, as well as outside counsel representing Apple in connection with various App Store issues internationally. The subject of the email indicates it is related to a regulatory requirement in the European Union ("(DMA) 5(4)") regarding in-app links to external purchase options. The notes expressly reference comments from outside counsel regarding certain legal options and strategy. These notes reflect and relay legal advice from both in-house and external counsel and are therefore privileged. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

PRIV-APL-EG_00087094 is an email in which a non-lawyer sends a draft document for external messaging to Sean Cameron (in-house counsel) for review and comment. Documents sent to counsel for the purpose of soliciting legal advice are privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015). That is true even when the documents may ultimately be intended for use with the public. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

PRIV-APL-EG_00255622 is an email chain among Ling Lew, Jennifer Brown, Sean Cameron (all in-house counsel), and a senior decision-maker regarding counsel's opinions and perspectives on the terms of the Injunction in this litigation and permissible options for compliance. Although other non-lawyers are included on the thread, none of them participate. As Epic notes, a similar document is already the subject of a pending objection. *See* PRIV-APL-EG_00149895. Like that document, this email chain contains express requests for legal advice and responsive legal advice from in-house counsel. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). There is no business purpose for any of the redacted discussion—it is all in service of discussing Apple's *legal* obligations under the Injunction.

DATED: March 19, 2025                               WEIL, GOTSHAL & MANGES LLP
                                                    By: */s/ Mark A. Perry*
                                                    *Counsel for Defendant Apple Inc.*