**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

EPIC GAMES, INC.,

        *Plaintiff, Counter-defendant,*

APPLE INC.,

        *Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH


**RESPONSE TO EPIC'S OBJECTIONS
TO SPECIAL MASTER RULINGS ON
APPLE INC.'S PRODUCTIONS OF RE-
REVIEWED PRIVILEGED
DOCUMENTS**


The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

        Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered March 11, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

        Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Email Exchanges with In-House Counsel: Entry Nos. 10932 (PRIV-APL-EG_00257266), 10960 (PRIV-APL-EG_00257488), 10976 (PRIV-APL-EG_00257644), 10974 (PRIV-APL-EG_00257413)**

PRIV-APL-EG_00257488 is an email exchange initiated by Sean Cameron (in-house counsel) seeking information for the purpose of providing information to executive leaders regarding compliance with an order in a European regulatory proceeding.  Communications and information sent for the purpose of providing legal advice regarding compliance with a regulatory order are privileged, even if the underlying information would not itself be privileged in a different context.  *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015).  Apple does not rely on any "presumption" of attorney-client privilege:  The email refers to legal compliance issues on its face.  This email and the similar chains Epic identifies (PRIV-APL-EG_00257266 and PRIV-APL-EG_00257644) are therefore privileged.

PRIV-APL-EG_00257413 is an email exchange among Sean Cameron, Jennifer Brown, and Ling Lew (all in-house counsel), and two non-lawyers, regarding a discussion of legal options for Injunction compliance, including an analysis of what is required under the Injunction and what may be allowed.  The comments from non-lawyers are in response to advice from lawyers and in furtherance of that discussion, and the exchange is therefore privileged.  *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).  The fact that Apple elected to redact the majority of a different (and shorter) version of this document—upheld by the Special Masters and not the subject of any clawback—does not alter the fact that the primary purpose of the document is the request for and provision of legal advice.

**<u>Message Exchange with In-House Counsel: Entry No. 861 (PRIV-APL-EG_00156428)</u>**

  PRIV-APL-EG_00156428 is a Slack message thread among Jennifer Brown and Ling Lew (both in-house counsel), as well as several non-lawyers, regarding a request from a decision-maker for a "legal summary and next steps." The thread involves a discussion between in-house counsel and the non-lawyers about pulling together the requested materials, and the thread indicates that Ms. Brown ultimately provided the requested summary. This exchange therefore represents both an express request for legal advice and information exchanged for the purpose of providing that legal advice. It is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2; *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076.

**Draft Communications Documents Prepared by or for Attorneys: Entry Nos. 10974 (PRIV-APL-EG_00257619), 11061 (PRIV-APL-EG_00258647)**

PRIV-APL-EG_00257619 is an email exchange in which a non-lawyer provides a draft email to be delivered to a decision-maker related to proposed communications responses to potential developments in this litigation. The email indicates that the drafters "worked closely with Sean [Cameron]"—in-house counsel—to address feedback, and the body of the draft email includes substantial amounts of legal advice, including an analysis of the Injunction and an assessment of possible next legal developments. While portions of the email discuss business matters, the context indicates the email was sent for the primary purpose of analyzing options based on *legal* developments in the litigation.

PRIV-APL-EG_00258647 is an email in which a non-lawyer sends a draft Q&A document related to Apple's Injunction compliance plan to Jennifer Brown, Sean Cameron, and Ling Lew (all in-house counsel), as well as two non-lawyers, seeking "input" on the document. Confidential disclosures made to counsel for the purpose of obtaining legal advice and "input" are privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2; *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008).

DATED: March 19, 2025                    WEIL, GOTSHAL & MANGES LLP

                                         By: */s/ Mark A. Perry*
                                         *Counsel for Defendant Apple Inc.*