UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED MARCH 17, 2025 REGARDING APPLE'S RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 17, 2025.

Epic recognizes the significant burden of these objections and is sensitive to the diminishing utility of obtaining similar or duplicative documents following the completion of the hearing on February 24-26, 2025. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the Evidentiary Hearings. Epic is avoiding re-raising documents that are already the subject of prior objections, and reserves all rights as to such documents.

Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Regarding the Digital Markets Act (Entry Nos. 1531, 1540, and 1811)**

Entry No. 1531 (PRIV-APL-EG_00162908) is an email from Apple's CEO, Tim Cook, to Phil Schiller, a business executive and a key witness and Apple's corporate representative at the Evidentiary Hearing. Eleven individuals are copied on the email, most of whom are non-lawyer business executives, as well as three attorneys. The subject line is "Re: DMA Meeting" suggesting the document is related to the Digital Markets Act. Apple describes the email as a "document with redacted text providing information for the purpose of obtaining legal advice". But Mr. Cook did not send this email to an attorney (at least not specifically so) and the document clearly does not reflect any redacted text; instead, Apple is seeking to withhold it in its entirety. To the extent there are any privileged communications in the document, it seems unlikely they would appear in the e-mail from Mr. Cook and, in any event, they could be redacted and the document produced accordingly.

Entry No. 1540 (PRIV-APL-EG_00162954) is an email from Isaac Rubin, a speechwriter at Apple, to Luca Maestri, a business executive, and Kate Adams, Apple's general counsel. Twenty-two individuals are copied on the email, including Mr. Cook, Mr. Schiller and Carson Oliver—a business executive and key witness in these proceedings. Of the 24 recipients, Apple only claims privilege over legal advice provided by Kate Adams and three other attorneys who were only copied on the email. The subject line is "Re: HOT: Documents for 3pm PT DMA Review", suggesting the email includes highly important documents related to the Digital Markets Act. Apple asserts both attorney-client privilege and work product protection over this document. However, the sender of the email is a communications professional, and the email seems to discuss documents that would be the subject of a meeting that, based on the list of recipients, does not appear to be primarily legal; rather, it appears to be an executive meeting to discuss Apple's business response to the DMA, which imposes several requirements on Apple, including several similar to the requirements imposed on Apple under the Injunction. Moreover, Apple describes the document as "reflecting legal advice from counsel", but does not suggest that the document discloses the contents of legal advice, which is the appropriate standard for asserting privilege; the fact that corporate documents were the subject of legal review does not render those documents privileged unless legal advice is discernible from the face of the document. Accordingly, it does not appear proper for this document to be withheld in its entirety; any privileged material in this document could be narrowly redacted.

Entry No. 1811 (PRIV-APL-EG_00166427) is an email from Geoffrey De Wilde, Senior Manager, Business Operations App Store, to Jason Cody, in-house counsel. Of the four individuals copied on the email, none is an attorney. The subject of the email is "Re: DMA Commerce & Alt Payments: Customer experience changes"—a business subject. Apple seeks to withhold this document in its entirety, claiming in its privilege log that the "email chain reflect[s] legal advice from employees acting under the direction of counsel". Yet Apple has not claimed that these messages disclose legal advice; again, Apple simply claims that the document "reflect[s]" legal advice, as many corporate documents do, but this alone does not make the document privileged where it

does not disclose the contents of legal advice. If there is any legal advice sought from or conveyed by Mr. Cody, it could be appropriately redacted and the document produced accordingly.

**Email Among Primarily Businesspersons (Entry Nos. 2133)**

Entry No. 2133 (PRIV-APL-EG_00170482) is an email from Carolina Nugent, a former Engineering Program Manager at Apple, to 19 individuals and five recipients copied. Of the 24 recipients, Apple only claims privilege over legal advice provided by Jason Cody, who is copied. The subject of this email is "[agenda] Commissions Process for App Store (Galette)", and Apple maintains in its privilege log that the email addresses "injunction compliance and U.S. Link Entitlement program eligibility"—a key topic in these proceedings. Apple bases its assertion of privilege on the claim that the email reflects "information for the purpose of obtaining legal advice from employees acting under the direction of counsel". While information sought by an attorney for the purpose of conveying legal advice may be privileged, underlying facts or information may not be outside of that context. Given that of the 25 individuals on the email chain, Apple only claims privilege over legal advice of one person who is merely copied, it seems implausible that this email consists of entirely privileged communications. To the extent there are any privileged communications in the chain, they should be narrowly redacted and the document produced accordingly.

**Messages with Kunal Vij (Entry No. 11516)**

Entry No. 11516 (PRIV-APL-EG_00265381) is a 7-page message chain including the document custodian, Mr. Vij, and unnamed others. Apple's privilege log states both that the chat is "with counsel" and "relay[s] legal advice from" counsel regarding Apple's in-app purchase system, but the privilege log does not identify any counsel involved in the chain and simply asserts that an unnamed employee is "relaying" advice from attorney Ling Lew. It seems highly unlikely that over 7 pages, Mr. Vij and other non-lawyers discuss nothing else except legal advice from Ms. Lew, who apparently is not even participating in this chain. To the extent there is legal advice from Ms. Lew conveyed by any participant in the chain, that legal advice could be redacted, but the chain in its entirety should not be withheld.

DATED: March 21, 2025                          CRAVATH, SWAINE & MOORE LLP
                                               By: */s/ Yonatan Even*
                                               *Counsel for Plaintiff Epic Games, Inc.*