UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 17, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 1468 (PRIV-APL-EG_00162417)**

Entry No. 1468 (PRIV-APL-EG_00162417) is a slide deck for a presentation by both in-house counsel (Jennifer Brown) and non-lawyers regarding injunction compliance requirements for link format and buttons. Legal advice is directly reflected in the slides, as the presentation outlines in detail Apple's legal position and strategy as relates to this case, as well as other litigation and enforcement matters. Certain slides also contain presentation notes from in-house counsel Ms. Brown. Because this document reflects "legal opinions and communications made to the client to keep the client informed of legal developments," it is privileged. *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023); *see also Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"). Furthermore, Judge Yvonne Gonzalez Rogers upheld other versions of the same deck as privileged and proposed redactions during the evidentiary hearing in February, but did not uphold the documents as privileged in full. *See, e.g.*, Hr'g Tr. 1479:6-1490:5 (Court ruling on privilege and proposed redactions to PRIV-APL-EG_00162520 (CX0859)). Apple maintains its claim of privilege over Entry No. 1468 in full. The document is a privileged attorney-client communication and should be withheld.

**Entry No. 1514 (PRIV-APL-EG_00162841)**

Entry No. 1514 (PRIV-APL-EG_00162841) is an email chain between non-lawyer Apple employees, with in-house counsel (Kate Adams, Kyle Andeer, Sean Dillon, Brendan McNamara, and Heather Grenier) copied, discussing a draft Newsroom post responding to the European Commission's decision in the Spotify matter. A non-lawyer relays substantive legal advice regarding the anticipated decision that was given by in-house counsel—specifically naming Ms. Adams and Mr. Andeer—to other Apple employees. In response, another non-lawyer responds to the legal advice from in-house counsel, seeking clarification and soliciting additional legal guidance. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"), as are communications "between nonlegal employees" where they "discuss or transmit legal advice given by counsel," *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). This document is therefore privileged and should be withheld.

**Entry No. 1555 (PRIV-APL-EG_00163001)**

Entry No. 1555 (PRIV-APL-EG_00163001) is an email chain between non-lawyer Apple employees, with in-house counsel (Kate Adams, Sean Cameron, Ling Lew, and Heather Grenier) copied, discussing a draft Newsroom post and Q&A related to the release of certain DMA documents. Non-lawyers share draft materials specifically soliciting legal advice from in-house counsel and relay legal guidance that was provided by in-house counsel. In addition, they note that in-house counsel continue to review the questions and materials. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076, as are communications "between nonlegal employees" where they "discuss or transmit legal advice given by counsel" or an "intent to seek legal advice about a particular issue," *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866. This document therefore contains privileged content that should be redacted.

**Entry No. 1557 (PRIV-APL-EG_00163335)**

Entry No. 1557 (PRIV-APL-EG_00163335) is a Quip containing a compilation of notes from a meeting for the purpose of obtaining legal advice from counsel regarding legal agreements for developers. Quip is a collaborative shared workspace where team members can contribute to documents, slides and spreadsheets in real time. The meeting notes reflect discussions of legal issues and questions directed to in-house counsel for the purpose of obtaining legal advice (including comments requesting "[l]egal input"). "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"), as are documents that reflect or memorialize privileged communications with counsel, *see Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016). This document is therefore privileged and should be withheld.

**Entry No. 1589 (PRIV-APL-EG_00163791)**

Entry No. 1589 (PRIV-APL-EG_00163791) is a deck regarding a "Marketing Legal Discussion" of App Store Offers. Slide 2 concerns "Legal Advice Topics" outlining specific marketing legal considerations and recaps of recent meetings and legal advice provided therein. Similarly, Slide 17 of the deck features "Legal Advice Topics" with a description of legal concerns and an overview of recent meetings regarding related legal advice. Privilege applies to "communications for the purpose of giving legal advice," *Labbe*, 2023 WL 5672950, at *4; *c.f. In re CV Therapeutics, Inc. Sec. Litig.,* No. C-03-3709 SI (EMC), 2006 WL 1699536, *4 (N.D. Cal. June 16, 2006) ("The attorney-client privilege protects documents which 'involve either client communications intended to keep the attorney apprised of continuing business developments, with an implied request for legal advice based thereon, or self-initiated attorney communications intended to keep the client posted on legal developments and implications, including implications of client activity noticed by the attorney but with regard to which no written request for advice from the client has been found.'"). Therefore, this document should be withheld as privileged.

**Entry No. 1595 (PRIV-APL-EG_00163931)**

Entry No. 1595 (PRIV-APL-EG_00163931) is an email chain between non-lawyer Apple employees, with in-house counsel Ling Lew copied, discussing an update request for an external payment disclosure sheet. A non-lawyer explicitly addresses the initial request to in-house counsel by name along with two non-lawyers, showing an intent to solicit legal advice from counsel. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"), as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024). This document is therefore privileged and should be withheld.

**Entry No. 1611 (PRIV-APL-EG_00163992)**

**Entry No. 1611 (PRIV-APL-EG_00163992)** is an email chain between Apple employees, including in-house counsel Jennifer Brown and Ling Lew, regarding the injunction compliance engineering launch and related press strategy. In one email, Jennifer Brown provides a legal perspective ahead of the new launch. These lines are minimally redacted to only withhold in-house counsel's legal advice. Because these comments consist of "communications for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations," they are privileged. *Labbe*, 2023 WL 5672950, at *4.

**Entry No. 1665 (PRIV-APL-EG_00164287)**

**Entry No. 1665 (PRIV-APL-EG_00164287)** is a draft presentation entitled "Russian Enforcement Challenges," containing an overview of several ongoing regulatory and litigation matters in Russia.  All the slides are marked as "Privileged and Confidential."  The slide deck relates directly to legal issues including timelines of various enforcement and legal actions, details about specific orders and fines, litigation and appeal strategy, alternative dispute resolution options, and descriptions of relevant sanctions.  Because this presentation consists entirely of "legal opinions and communications made to the client to keep the client informed of legal developments," it is privileged in full.  *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023); *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice").

**Entry No. 1674 (PRIV-APL-EG_00164493)**

**Entry No. 1674 PRIV-APL-EG_00164493)** is an email exchange between Apple employees forwarding a series of updates from both in-house counsel and non-attorneys to in-house counsel Heba Hamouda regarding the status of ongoing foreign activities. The updates are redacted. The redacted portions of this email contain substantive descriptions of and updates on legal issues that the legal teams and others are working on. These portions also contain specific questions that employees are raising. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"), as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2. The redacted portions of this document are therefore privileged and should be withheld.

**Entry No. 1732 (PRIV-APL-EG_00165181)**

**Entry No. 1732 (PRIV-APL-EG_00165181)** is a draft exhibit and disclosure schedule related to a share purchase agreement. This document was attached to an email sent by in-house counsel Christina Buser. The exhibit and disclosure schedule contain draft contractual language. "Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Se. Pa. Transp. Auth. v. Carmarkpcs Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008) ("Preliminary drafts of contracts are generally protected by attorney/client privilege, since they reflect not only client confidences, but also legal advice and opinions of attorneys, all of which is protected by the attorney/client privilege." (cleaned up)); *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege.").

**Entry No. 1795 (PRIV-APL-EG_00166218)**

**Entry No. 1795 (PRIV-APL-EG_00166218)** is a document titled "App Store Legal Follow Ups" and contains a list of specific legal issues that remained open regarding the App Store. The notes include a header indicating they were prepared at the request of an attorney in connection with a request for and provision of legal advice, it is privileged. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016) ("[F]acts collected at counsel's request for later use in providing legal advice are protected.").

**Entry No. 1888 (PRIV-APL-EG_00166918)**

**Entry No. 1888 (PRIV-APL-EG_00166918)** is a Quip titled "Bruno: Tax - Questions/clarifications" containing a list of tax questions. Several in-house counsel are listed as users of the shared file, including Armando Cordoves, Jason Cody, Ling Lew, and Nicole Ewart. As such, this document contains questions posed to counsel for the purpose of obtaining legal advice and should be withheld as privileged attorney-client communications. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) ("The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice. . . ." (cleaned up)).

**Entry No. 2136 (PRIV-APL-EG_00170509)**

**Entry No. 2136 (PRIV-APL-EG_00170509)** is an email chain regarding regulatory questions related to certain programs on iOS.  The email starts as between Amazon and Apple employees and is later forwarded internally between Apple employees, including in-house counsel Jason Cody, Prince Zhandire, Katharina Kashishian, Pam Reid, and Ian Marshall, to answer the questions posed.  The questions contain several aspects of compliance with India's regulations.  In-house counsel Ian Marshall answers the questions in the thread.  Because these updates consist of "communications for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations," they are privileged.  *Labbe*, 2023 WL 5672950, at *4.


DATED: March 21, 2025                                     WEIL, GOTSHAL & MANGES LLP
                                                          By: */s/ Mark A. Perry*
                                                                 Mark A. Perry

                                                          *Counsel for Defendant Apple Inc.*