DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ............................................................................................................................. 1

DISCUSSION ......................................................................................................................................... 2

CONCLUSION ....................................................................................................................................... 3

# TABLE OF AUTHORITIES

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
 2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ................................................................... 2

*In re Anthem, Inc. Data Breach Litig.*,
 2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ................................................................... 2

*Apple Inc. v. Rivos, Inc.*,
 2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) ................................................................... 1

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
 2023 WL 4335734 (S.D. Cal. May 10, 2023) ................................................................... 2

*Ervine v. Warden*,
 214 F. Supp. 3d 917 (E.D. Cal. 2016) ................................................................................ 2

*Kamakana v. City and Cnty. of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) ....................................................................................... 1, 2

*Krommenhock v. Post Foods, LLC*,
 2020 WL 2322993 (N.D. Cal. May 11, 2020) ................................................................... 3

*Lamartina v. VMware, Inc.*,
 2024 WL 3049450 (N.D. Cal. June 17, 2024) ................................................................... 2

*Lee v. Great Am. Life Ins. Co.*,
 2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ................................................................... 2

*Phillips v. Gen. Motors Corp.*,
 307 F.3d 1206 (9th Cir. 2002) ....................................................................................... 1, 3

*PQ Labs, Inc. v. Qi*,
 2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) .................................................................. 1

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
 2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) .................................................................... 2

*Snapkeys, Ltd. v. Google LLC*,
 2021 WL 1951250 (N.D. Cal. May 14, 2021) ............................................................... 1, 2

*UnifySCC v. Cody*,
 2023 WL 7170265 (N.D. Cal. Oct. 30, 2023) .................................................................... 3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
 619 F. Supp. 3d 970 (N.D. Cal. 2021) ............................................................................... 2

*Williams v. Apple Inc.*,
    2021 WL 2476916 (N.D. Cal. June 17, 2021) .................................................................................. 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ........................................................................................... 1

Local Rule 79-5 ............................................................................................................................. 1

1    Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") submits this statement in support of Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (Dkt. 1361) ("Epic's Motion").  Apple respectfully requests that the Court partially seal Exhibit A to Epic's Motion, because it contains information sealable under controlling law and Local Rule 79-5.  Exhibit A contains excerpts from Apple's privilege log prepared for the Special Masters conducting evaluation of the privilege claims stemming from Apple's re-review.  The privilege log entries are required to be filed under the terms of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), but contain personally identifiable information in the form of email addresses of Apple employees.

Apple accordingly moves to seal portions of Exhibit A containing sealable information. Apple's proposed redactions of Exhibit A are indicated in the redacted version filed with this statement and itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

**LEGAL STANDARD**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information.  *See* Fed. R. Civ. P. 26(c).  The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted).  Courts often find good cause exists to seal personally identifiable information.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers of current and former employees).

1       Although a party must show compelling circumstances to seal information appended to dispositive motions, the standard for non-dispositive motions is simply "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023). In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

**DISCUSSION**

      Apple seeks to seal personally identifiable information in the exhibit to Epic's Motion. *See* Perry Decl. ¶ 5.

      Apple's administrative motion to seal is subject to the "good cause" standard because it concerns non-dispositive objections related to discovery. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v. Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning discovery generally are considered nondispositive of the litigation" (quotation omitted)); *see also In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018 WL1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

      Apple's sealing request meets the good cause standard here. *Lamartina v. VMware, Inc.*, 2024 WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information. *See* Perry Decl. ¶ 3. Courts in this district have found not only good cause, but compelling reasons exist to seal personally identifiable information, found in Exhibit A. *See Snapkeys*, 2021 WL 1951250, at *3 (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers of current and former employees); *see also UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (finding compelling reasons

1  to seal personally identifying information of employees, including names, addresses, phone numbers,
2  and email addresses).

3        Apple has narrowly tailored its sealing request to include only the information necessary to
4  protect its personally identifiable information. *See Krommenhock v. Post Foods*, *LLC*, 2020 WL
5  2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also*
6  *Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–3 (N.D. Cal. June 17, 2021)
7  (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's
8  proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive
9  and confidential information"). Apple has only partially redacted limited information in the exhibit. *See*
10 Perry Decl. ¶ 5.

11       For the foregoing reasons, there is good cause that warrants partially sealing Exhibit A to Epic's
12 Motion.

13 **CONCLUSION**

14       Apple respectfully requests that the Court seal the information identified in the accompanying
15 declaration.

18 Dated: March 24, 2025                        Respectfully submitted,

19                                               By: */s/ Mark A. Perry*
                                                   Mark A. Perry
20                                                    WEIL, GOTSHAL & MANGES LLP

21                                                    Attorney for Apple Inc.