DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC. <br><br> Plaintiff, Counter-defendant <br><br> v. <br><br> APPLE INC., <br><br> Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH <br><br> **APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL** <br><br> The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD..................................................................................................................1

DISCUSSION ..............................................................................................................................2

CONCLUSION............................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
  2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ........................................................................ 2

*In re Anthem, Inc. Data Breach Litig.*,
  2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ........................................................................ 2

*Apple Inc. v. Rivos, Inc.*,
  2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) .................................................................... 1, 3

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
  727 F.3d 1214 (Fed. Cir. 2013) .............................................................................................. 3

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
  2023 WL 4335734 (S.D. Cal. May 10, 2023) .................................................................... 2, 3

*Ervine v. Warden*,
  214 F. Supp. 3d 917 (E.D. Cal. 2016) .................................................................................... 2

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................................................................ 1, 2

*Krommenhock v. Post Foods, LLC*,
  2020 WL 2322993 (N.D. Cal. May 11, 2020) ........................................................................ 3

*Lamartina v. VMware, Inc.*,
  2024 WL 3049450 (N.D. Cal. June 17, 2024) ........................................................................ 2

*Lee v. Great Am. Life Ins. Co.*,
  2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ........................................................................ 2

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
  2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) .......................................................................... 3

*Phillips v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ............................................................................................ 1, 3

*PQ Labs, Inc. v. Qi*,
  2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ....................................................................... 1

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
  2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ......................................................................... 2

*Snapkeys, Ltd. v. Google LLC*,
  2021 WL 1951250 (N.D. Cal. May 14, 2021) .................................................................... 2, 3

*UnifySCC v. Cody*,
    2023 WL 7170265 (N.D. Cal. Oct. 30, 2023) ................................................................................ 3

*Vigdor v. Super Lucky Casino, Inc.*,
    2018 WL 4510734 (N.D. Cal. Sept. 18, 2018) .............................................................................. 3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
    619 F. Supp. 3d 970 (N.D. Cal. 2021) .......................................................................................... 2

*Williams v. Apple Inc.*,
    2021 WL 2476916 (N.D. Cal. June 17, 2021) .............................................................................. 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................ 1

Local Rule 79-5 .................................................................................................................................. 1

1   Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") submits this statement in support of Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (Dkt. 1363) ("Epic's Motion"). Apple respectfully requests that the Court partially seal Exhibits A, B, C, and D to Epic's Motion, because they contain information sealable under controlling law and Local Rule 79-5.

Exhibits A, B, C, and D contain personally identifiable information in the form of email addresses of Apple employees. Exhibits B and C contain competitively sensitive, non-public information regarding Apple's financial information and internal project codenames, which Apple intends to keep confidential. Exhibit A contains excerpts from Apple's privilege log prepared for the Special Masters conducting evaluation of the privilege claims stemming from Apple's re-review. The privilege log entries are required to be filed under the terms of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), but contain personally identifiable information in the form of email addresses of Apple employees.

Apple's proposed redactions of Exhibits A, B, C, and D are indicated in the highlighted versions Apple has lodged with the Court, with copies provided to opposing counsel. Apple's redactions to the trial exhibits, Exhibits B and C, are the redactions used by and agreed upon between the parties during the evidentiary hearing and in any post-hearing exhibit filings. Apple will file redacted versions of Exhibits A, B, C, and D publicly upon the Court's ruling as to the proposed confidentiality designations.

**LEGAL STANDARD**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the

1   disclosure of trade secrets); *Apple Inc. v. Rivos, Inc*., 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024)
2   (granting request to seal "internal product codenames" and noting that a prior request for the same had
3   also been granted).  Courts often find good cause exists to seal personally identifiable information.  *See,*
4   *e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion
5   to file under seal personally identifiable information, including email addresses and telephone numbers
6   of current and former employees).

7         Although a party must show compelling circumstances to seal information appended to
8   dispositive motions, the standard for non-dispositive motions is simply "good cause."  *In re Anthem, Inc.*
9   *Data Breach Litig*., 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v.*
10  *Innovacon, Inc*., 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum*
11  *Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023).  In general, requests to seal information
12  should be narrowly tailored "to remove from public view only the material that is protected."  *Ervine v.*
13  *Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S.*
14  *Ops., Inc*., 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to
15  seal "because the request is narrowly tailored and only includes confidential information").

16        **DISCUSSION**

17        Apple seeks to seal the personally identifiable information, competitively sensitive non-public
18  financial information, and competitively sensitive non-public project codenames in the exhibits to Epic's
19  Motion.  *See* Perry Decl. ¶ 5.

20        Apple's administrative motion to seal is subject to the "good cause" standard because it concerns
21  non-dispositive objections related to discovery.  *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public
22  has less of a need for access to court records attached only to non-dispositive motions because those
23  documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v.*
24  *Great Am. Life Ins. Co*., 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning
25  discovery generally are considered nondispositive of the litigation" (quotation omitted)); *see also In re*
26  *Anthem, Inc. Data Breach Litig*., 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018
27  WL1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

28        Apple's sealing request meets the good cause standard here.  *Lamartina v. VMware, Inc*., 2024

WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information. *See* Perry Decl. ¶ 3. Disclosure of the highlighted information in Exhibits B and C relating to non-public sensitive financial information and confidential project codenames could harm Apple's business interests. Id. ¶ 5; *see also DNA Genotek Inc.*, 2023 WL 4335734, at *2 (finding good cause where disclosure would "undercut" a party's "position … in the marketplace"). Non-public financial information in particular is routinely sealed because it can expose sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See*, *e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal). Additionally, courts in this district have found not only good cause, but compelling reasons exist to seal personally identifiable information, found in Exhibits A, B, C, and D. *See Snapkeys*, 2021 WL 1951250, at *3 (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers of current and former employees); *see also UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (finding compelling reasons to seal personally identifying information of employees, including names, addresses, phone numbers, and email addresses).

Apple has narrowly tailored its sealing request to include only the information necessary to protect its confidential business information and personally identifiable information. *See Krommenhock v. Post Foods*, *LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information"). Apple has only partially redacted

limited information in the exhibits.  *See* Perry Decl. ¶ 5.

For the foregoing reasons, there is good cause that warrants partially sealing Exhibits A, B, C, and D to Epic's Motion.

## CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: March 24, 2025

Respectfully submitted,

By: */s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.