1  DANIEL G. SWANSON, SBN 116556
      dswanson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA 90071
   Telephone: 213.229.7000
4  Facsimile: 213.229.7520

5  CYNTHIA E. RICHMAN (D.C. Bar No.
   492089; *pro hac vice*)
6     crichman@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, DC 20036
8  Telephone: 202.955.8500
   Facsimile: 202.467.0539
9
   JULIAN W. KLEINBRODT, SBN 302085
10    jkleinbrodt@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
11 One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
12 Telephone: 415.393.8200
   Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
   mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
   joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
   morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>        Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Statement in Support of Administrative Motion to Seal.[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed Exhibits A, B, C, and D to Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motion") (Dkt. 1363), and now proposes to partially seal information therein that, if disclosed, could reveal personally identifiable information, non-public financial information, and non-public project codenames.

5. Exhibits A, B, C, and D contain personally identifiable information in the form of email

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  addresses of Apple employees. Exhibits B and C contain competitively sensitive, non-public
2  information regarding Apple's financial information and internal project codenames, which Apple
3  intends to keep confidential. Public disclosure of Apple's non-public financial information or project
4  codenames would reveal Apple's internal business decision-making and sensitive business data, which
5  could be used by competitors to gain an unfair competitive advantage over Apple and/or affect Apple's
6  market position. Apple has narrowly-tailored its sealing request as to maximize the public's access to
7  court documents without jeopardizing Apple's privacy or business interests. The remainder of the
8  exhibits remain unredacted.

9      6. Below is a chart detailing the portions of the exhibits sealable for the reasons explained
10 herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Redacted email addresses | Exhibit A | Reflects personally identifiable information |
| Redacted email addresses on page 1 | Exhibit B (CX-223) | Reflects personally identifiable information |
| Pages 15, 29, 30, 34, 35, 39, 40 | Exhibit B (CX-223) | Reflects non-public Apple financial information |
| Page 7 | Exhibit B (CX-223) | Reflects non-public Apple project codenames |
| Redacted email addresses on page 1 | Exhibit C (CX-224) | Reflects personally identifiable information |
| Pages 15, 16, 30, 31, 33, 34, 38, 39, 41, 42, 57, 58, 61, 64, 65, 66, 67, 69, 70, 72, 73, 74, 76, 77, 78, 79, 80, 83, 84, 86, 87 | Exhibit C (CX-224) | Reflects non-public Apple financial information |
| Pages 7, 54 | Exhibit C (CX-224) | Reflects non-public Apple project codenames |
| Redacted email addresses | Exhibit D | Reflects personally identifiable information |

1   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
2   correct. Executed this 24th day of March 2025, in Washington, D.C.

3

4   Dated: March 24, 2025                                    Respectfully submitted,

5

6                                                            By: */s/ Mark A. Perry*
7                                                                  Mark A. Perry

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28