| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>　　Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>　　Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ............................................................................................................................ 1

DISCUSSION ....................................................................................................................................... 2

CONCLUSION ..................................................................................................................................... 3

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adtrader, Inc. v. Google LLC*,
   2020 WL 6389186 (N.D. Cal. Feb. 24, 2020) .................................................................. 1, 2

*Al Otro Lado, Inc. v. Wolf*,
   2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ...................................................................... 2

*In re Anthem, Inc. Data Breach Litig.*,
   2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ................................................................. 1, 2

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
   2023 WL 4335734 (S.D. Cal. May 10, 2023) ...................................................................... 3

*Ervine v. Warden*,
   214 F. Supp. 3d 917 (E.D. Cal. 2016) .................................................................................. 2

*Guidiville Rancheria of Cal. v. United States*,
   WL 6571945 (N.D. Cal. Dec. 13, 2013) .............................................................................. 2

*Kamakana v. City and Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) .............................................................................................. 2

*Krommenhock v. Post Foods, LLC*,
   2020 WL 2322993 (N.D. Cal. May 11, 2020) ...................................................................... 3

*Lamartina v. VMware, Inc.*,
   2024 WL 3049450 (N.D. Cal. June 17, 2024) ...................................................................... 2

*Lee v. Great Am. Life Ins. Co.*,
   2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ...................................................................... 2

*Phillips v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) .......................................................................................... 1, 3

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
   2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ...................................................................... 2

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
   619 F. Supp. 3d 970 (N.D. Cal. 2021) .................................................................................. 2

*Williams v. Apple Inc.*,
   2021 WL 2476916 (N.D. Cal. June 17, 2021) ...................................................................... 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ............................................................................................ 1

Local Rule 79-5............................................................................................................................. 1

1   Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") submits this statement in support of Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (Dkt. 1366) ("Epic's Motion"). Apple respectfully requests that the Court partially seal Plaintiff's Opposition to Apple Inc.'s Motion to Strike Testimony (Dkt. 1365) ("Epic's Opposition") because it contains information sealable under controlling law and Local Rule 79-5. Specifically, Epic's Opposition contains testimony that Apple has moved to strike on the basis of attorney-client privilege and should be sealed pending resolution of Apple's Motion to Strike (Dkt. 1328).

Apple accordingly moves to seal portions of Epic's Opposition containing sealable information. Apple's proposed redactions of Epic's Opposition are indicated in the redacted version filed as Exhibit A with this statement and itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Courts have accepted attorney-client privilege and the work-product doctrine as sufficient justifications for sealing, even under the higher 'compelling reason' standard." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018); *see also Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney–client privilege, which establishes compelling reasons for sealing it from the public record.").

To seal information appended to non-dispositive motions, the movant must establish "good cause." *Anthem*, 2018 WL 3067783, at *2. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the pertinent information is disclosed. *Phillips*, 307 F.3d at 1210–11 (9th Cir. 2002). "Courts in this Circuit have found that there is a compelling reason to seal documents protected by attorney-client privilege or the work product doctrine; thus, '[b]y implication, attorney-client privilege and the work-product doctrine also satisfy the lower 'good cause' standard...'" *Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *1 (N.D. Cal. Feb. 24, 2020) (quoting *Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013)

(collecting cases)).

In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

## DISCUSSION

Apple seeks to seal information that reflects certain hearing testimony Apple has moved to strike from the record on the basis of attorney-client privilege (Dkt. 1328), pending the resolution of Apple's motion. *See* Perry Decl. ¶ 5. Privileged information, pertaining to Apple's highly sensitive injunction compliance plan, was disclosed on the first day of the resumed evidentiary hearing. Apple seeks to seal statements in Epic's Opposition that directly cite or reference portions of the hearing transcript Apple has moved to strike as privileged. *See* Dkt. 1328, Ex. A.

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns non-dispositive objections related to discovery. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v. Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning discovery generally are considered nondispositive of the litigation" (quotation omitted)); *see also In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

Apple's sealing request meets the good cause standard here. *Lamartina v. VMware, Inc.*, 2024 WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information. *See* Perry Decl. ¶ 3. The attorney-client privilege and work-product protection have been found sufficient to justify sealing in the context of dispositive motions—applying the higher "compelling reason" standard—and thus clearly suffice here. *Adtrader, Inc.*, 2020 WL

6389186, at *1 (quoting *Hanson*, 2013 WL 5674997, at *3).  As detailed more fully in the Motion to Strike, the proposed redactions relate to the discussion of a single phrase contained in the documentary evidence that has been upheld as privileged by this Court, Magistrate Judge Hixson, and the Special Masters.  *See* Dkt. 1328.  Disclosure of Apple's privileged communications, particularly in the context of its injunction compliance planning, threatens significant harm to Apple.  Perry Decl. ¶ 3; *see DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023) (finding good cause where disclosure would "undercut" a party's "position … in the marketplace").

Apple has narrowly tailored its sealing request to include only information Apple has previously moved to strike as attorney-client privileged.  *See Krommenhock v. Post Foods*, *LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information").  Apple has only partially redacted limited information in the exhibits. *See* Perry Decl. ¶ 5.

For the foregoing reasons, there is good cause that warrants partially sealing Epic's Opposition.

## CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: March 24, 2025

Respectfully submitted,

By: */s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.