UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations, pertaining to documents that were produced to Epic in redacted form on March 18, 2025.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing and to preserve the proper redactions for the exhibits used at the hearing.

    Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on documents with privilege log entries and surrounding context that support an inference of both utility and an improper assertion of privilege.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Correspondence Involving Only Non-Legal Personnel**

PRIV-APL-EG_00098215 is a chat between Atusa Savio and Carolina Nugent, both non-lawyer Senior Engineering Program Managers. In the middle of the conversation, Ms. Savio asks, "We don[']t have a final copy for NL June yet, right?" ('216), and Ms. Nugent responds, "Nope. Not yet. [Redacted text] Should hear back something soon." (PRIV-APL-EG_00098215 at '217). Based on this context, this discussion is about the language of the scare screen for external purchases used in the Netherlands, a primarily business-related topic that Apple witnesses were questioned about during the evidentiary hearing (especially in comparison to the language of the United States warning screen; *see* Tr. 1357-65 (Onak)). Epic sees no basis in the privilege log or in the document to justify these extensive redactions.

PRIV-APL-EG_00156327 is an email chain among Apple public relations employees in the United States and Japan. It appears that no attorneys are copied on the chain at any point. The unredacted portions of the email chain and the privilege log indicate that the discussion was regarding the team's need to "formulate [its] PR strategy" (PRIV-APL-EG_00156327 at '333) in response to an anticipated evaluation from Japanese regulators, specifically regarding "injunction compliance requirements for links and buttons"—a topic that is not primarily or inherently legal. Apple has redacted portions of the correspondence among Apple's public relations team in the United States, presumably discussing a draft email to Fred Sainz (a public relations employee) regarding the information obtained from Apple's Japanese public relations team (PRIV-APL-EG_00156327 at '327-'329). Epic sees no basis in the privilege log or in the document to justify these redactions.

**Emails Primarily Discussing Business-Related Topics**

PRIV-APL-EG_00157336 is an email chain between employees in Apple's engineering and business teams, as well as Apple in-house counsel and outside counsel, with the subject line "Pending StoreKit entitlement requests report". Apple has redacted the entirety of the email chain with the exception of the very first email, which details the number of pending applications for external purchase link entitlements in the Netherlands, Korea, Russia, the United States and for reader applications worldwide. (PRIV-APL-EG_00157336 at '349-'350.) Given that there are three non-lawyer employees on the email chain—Seema Shembekar, Sam Bavaro and Justin Ruiz—as well as the non-legal nature of the first email, Epic believes that most or all of the 13 fully redacted pages of correspondence do not involve legal advice or requests thereof, and thus should not be redacted.

PRIV-APL-EG_00259982 is an email chain between ten employees, eight of whom are on Apple's business or public relations teams, as well as two in-house counsel. The subject line of the email chain is "EU alt marketplace // Apple + Bloomberg", and the first unredacted email on the document indicates that the redacted emails discuss questions from a reporter about third-party marketplaces on Apple's software in the European Union. Apple has redacted a majority of the email chain, beginning with two emails from Peter Ajemian, a non-lawyer public relations employee, simultaneously addressed to both senior business employees (Eric Albert and Ann Thai) and in-house counsel. The ensuing conversation, much of which Apple has redacted, involves only non-lawyer employees—until Apple in-house counsel Ling Lew responds at 1:20 p.m. on May 17, 2024 (PRIV-APL-EG_00259982 at '982). The top three redactions on page '982 are for direct email correspondence between Ms. Lew and Mr. Ajemian, which Epic understands may be proper to the extent that legal advice is conveyed and/or requested.

However, Epic sees no basis in the privilege log or in the document to justify the extensive redactions for the emails below on the chain—which appear to involve only non-lawyer employees discussing Apple's response to press inquiries.

PRIV-APL-EG_00260161 is an email chain with the subject "DMA Comms Meeting", involving Phil Schiller (a senior business executive and a witness and Apple's corporate representative during the evidentiary hearing), senior employees on Apple's business and public relations teams, and Apple in-house counsel Ling Lew. The email chain begins with Mr. Schiller providing feedback on how Apple's various teams should approach public communications about its response to regulations in the European Union, including its external purchase link entitlement program in the European Union. Apple has redacted responsive emails from Ann Thai and Eric Albert, both senior business employees. Apple's redaction of Mr. Albert's email, which appears to be addressed directly to in-house counsel, may be proper to the extent that legal advice is conveyed and/or requested. However, Ms. Thai's email appears to be in response to Mr. Schiller's email, which discusses press and communications strategy—a topic that is primarily business-related. Epic sees no basis in the privilege log or in the document to justify this redaction.

PRIV-APL-EG_00156271 is an email chain between Peter Ajemian and Marni Goldberg, both non-lawyer public relations employees, as well as Brendan McNamara, Apple in-house counsel. The subject line of this email and Apple's description in its privilege log suggest that the email is related to press and communications strategy. Apple has redacted the entirety of Mr. Ajemian's email, which Epic believes may not be privileged given the non-legal nature of the topic being discussed as well as the fact that the email was addressed simultaneously to Ms. Goldberg and Mr. McNamara.

DATED: March 24, 2025                    CRAVATH, SWAINE & MOORE LLP
                                         By: /s/ Yonatan Even
                                         *Counsel for Plaintiff Epic Games, Inc.*