UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED MARCH 18, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 18, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.

    Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Messages Among Non-legal Apple Employees (Entry Nos. 2076 and 2090)**

    Entry No. 2076 (PRIV-APL-EG_00091533) appears to be a private channel of chat messages addressing engineering issues related to "injunction compliance

requirements for link format and buttons". Apple seeks to withhold this document in its entirety, characterizing it as an "email chain reflecting information for the purpose of obtaining legal advice with counsel regarding injunction compliance requirements for link format and buttons." (Entry No. 2076.) Apple's privilege log entry misidentifies the document as an email chain, does not identify the participants involved in this discussion—the document custodian, Terry Liu, is not a lawyer—and only indicates that unnamed employees who participated in the chain were supposedly acting at the direction of Ling Lew, Apple in-house counsel. Notably, Apple's privilege log entry does not indicate that Ms. Lew was a *participant* in these messages, nor that the engineers apparently participating in the message channel were providing information in direct response to an inquiry from Ms. Lew for the purpose of Ms. Lew formulating legal advice. To the extent the messages contain actual legal advice conveyed by Ms. Lew, such communications could be narrowly redacted and the document produced accordingly.

       Entry No. 2090 (PRIV-APL-EG_00091668) is a direct message among Angela Wong (a non-legal Apple product manager), Ann Thai (a non-legal App Store executive), and "7 others", whom Apple's privilege log fails to identify. Apple claims attorney-client privilege and work product protection on the basis that the "[d]ocument reflect[s] legal advice from counsel regarding foreign regulatory issues in the European Union…prepared in anticipation or furtherance of litigation", noting that employees seek, and Ms. Lew provides, legal advice "regarding EU eligibility-related copy". *Id.* Again, Apple's privilege log entry does not expressly state that Ms. Lew, or any other attorney, is actually a participant in this direct message; rather, the message participants identified are both non-lawyers, as is the document custodian, Terry Liu. And the document's original name—"Direct message Angela (App Store) Wong, Ann Thai and 7 others" — does not suggest that the messages were primarily to or from lawyers, primarily legal, or made to advance (or even related to) any litigation. *Id.* If an attorney is a participant in the messages and provides legal advice, such legal advice could be narrowly redacted and the document otherwise produced.

**Documents Related to Foreign Regulatory Issues in the Netherlands (Entry Nos. 2115, 2122, 2124)**

       Entry No. 2115 (PRIV-APL-EG_00092002) is an attachment to an email chain, the first message of which was sent from Terry Liu, a non-legal employee working in product design, to Sean Cameron, Apple in-house counsel, copying both legal and non-legal Apple employees. (Entry No. 2114.) This email chain reportedly includes "legal advice from counsel regarding foreign regulatory issues in the Netherlands for dating apps", and Apple claims privilege over the attachment at issue here as a document "reflecting [that] legal advice from counsel regarding messaging surrounding the Netherlands". (Entry No. 2115.) However, the original name of the attachment, "App Store HI Galette", and the non-legal document custodians (Terry Liu, Raf Onak, and Josh Elman) suggest that this attachment is a slide deck that is not entirely or primarily legal in content. And importantly, Apple does not claim the cover email is a request for legal review of and advice on the attachment. Rather, Apple claims that the attachment "reflects" legal advice "regarding messaging"; if this means the attachment was reviewed

by an attorney at some point, but on its face does not disclose the contents of any legal advice, it should not be withheld in its entirety as Apple seeks.  Should the attachment actually disclose the contents of any legal advice, such advice could be narrowly redacted and the attachment produced.

　　　　　Entry Nos. 2122 (PRIV-APL-EG_00092062) and 2124 (PRIV-APL-EG_00092084) are documents attached to an email chain addressing foreign regulatory issues in the Netherlands pertaining to dating apps.  Apple claims that these attached documents "reflec[t] legal advice from counsel" addressing such foreign regulatory issues, and that the documents reflect attorney comments regarding the Netherlands compliance.  (*See* Entry Nos. 2122 and 2124.)  However, the document custodians are non-legal employees (Terry Liu, Raf Onak, and Josh Elman), which suggests that the attachments are not primarily legal in nature and are unlikely to merit complete withholding as privileged as Apple seeks.  While Apple identifies Sean Cameron, in-house counsel, as an attorney involved, the repetitive claim that the documents "reflec[t] legal advice" does not justify complete withholding unless the documents, on their face, disclose the contents of legal advice.  *Id.*  If Mr. Cameron's "attorney comments" amount to legal advice, such comments could be redacted and the attachments produced accordingly.

DATED: March 24, 2025　　　　　　　　　CRAVATH, SWAINE & MOORE LLP
　　　　　　　　　　　　　　　　　　　By: */s/ Yonatan Even*
　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Epic Games, Inc.*