UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>    *Plaintiff, Counter-defendant,*<br>v.<br>APPLE INC.,<br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on March 21, 2025. (Dkt. 1380.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege logs for the documents.

- Entry No. 1468 (PRIV-APL-EG_00162417)—Apple claims in its Objections that this document is a slide deck for a presentation by both in-house counsel (Jennifer Brown) and non-lawyers regarding injunction compliance requirements for link format and buttons. (Dkt. 1380 at 2.) Apple claims privilege on the basis that "[l]egal advice is directly reflected in the slides", and that the slides "contain presentation notes from in-house counsel Ms. Brown." *Id.* However, in its privilege log, Apple does not identify *any* attorneys involved with this presentation. What's more, in its Objections, Apple concedes that this "is a slide deck for a presentation by both in-house counsel…*and non-lawyers*"; the fact that non-lawyers presented a portion of this deck, which addressed business and technical subjects including "link format and buttons", strongly suggests that the deck is not appropriate for *complete* withholding. *Id* (emphasis added). If certain slides on their face disclose the contents of legal advice, such text could be redacted and the deck otherwise produced.

- Entry No. 1514 (PRIV-APL-EG_00162841)—This is an email chain between non-

legal Apple executives, copying in-house counsel (Kate Adams, Kyle Andeer, Sean Dillon, Brendan McNamara, and Heather Grenier). Apple seeks to completely withhold this email chain, which addressed a public-facing "Spotify Decision Newsroom Post". (Privilege Log Entry No. 1514.) In its Objections, Apple bases its privilege claim on the supposition that a "non-lawyer relays substantive legal advice regarding the anticipated decision that was given by in-house counsel" and that another non-lawyer responds to legal advice from in-house counsel, "seeking clarification and soliciting additional legal guidance." (Dkt. 1380 at 3.) Yet Apple's privilege log does not mention that nonlegal employees were *transmitting* legal advice given by counsel. (*See* Privilege Log Entry No. 1514.) The Special Master reviewed this email chain and rejected Apple's privilege claim, and nothing in Apple's Objections suggests that was error.

- Entry No. 1555 (PRIV-APL-EG_00163001)—Apple seeks to redact this email chain between non-legal business executives and communications personnel, copying in-house counsel (Kate Adams, Sean Cameron, Ling Lew and Heather Grenier). In the corresponding privilege log entry, Apple notes that the emails contain "redacted text reflecting legal advice from employees acting under the direction of counsel", which the Special Master apparently found unpersuasive and rejected Apple's proposed redactions. (*See* Privilege Log Entry No. 1555.) Epic does not have access to the underlying communications and therefore cannot fully assess Apple's privilege claims, but notes that the significant participation of non-legal business executives suggests that only narrow redactions—if any—would likely be appropriate.

- Entry No. 1577 (PRIV-APL-EG_00163335)—Entry No. 1577 (which Apple mislabels in its Objections as Entry No. 1557) is reportedly a Quip document "containing a compilation of notes from a meeting for the purpose of obtaining legal advice from counsel regarding legal agreements for developers." (Dkt. 1380 at 5.) Apple does not identify in either its privilege log entry or its Objections the employees who drafted these notes, which Apple seeks to completely withhold on the basis that the notes "provide information and questions directed to counsel for the purpose of obtaining legal advice." (*See* Privilege Log Entry No. 1577.) To the extent these notes were written by non-legal employees and generically capture primarily business-focused discussions with in-house counsel, they are not privileged and should not be withheld. If these notes expressly memorialize legal advice, they should be narrowly redacted, but nothing in Apple's Objections suggests that the Special Master erred in rejecting Apple's attempt to completely withhold this document.

- Entry No. 1589 (PRIV-APL-EG_00163791)—In its Objections, Apple maintains that this is a deck regarding a "Marketing Legal Discussion" of App Store Offers, in which two slides address "Legal Advice Topics". (Dkt. 1380 at 6.) But Apple makes no mention of any attorney involved in either its privilege log entry or its Objections. And while Apple seems to claim privilege over only two slides in its Objections, it insists on *complete* withholding of the deck. (*See* Privilege Log Entry No. 1589.) Moreover, Apple's privilege log and Objections offer inconsistent assertions of privilege: Apple's privilege log claims that this deck "provid[es] information for the purpose of obtaining legal advice from counsel" while its Objections state that the deck features "marketing legal considerations and recaps of recent meetings and legal

advice provided therein". *Id.* Nothing in Apple's Objections suggests the Special Master erred in overruling Apple's assertions of privilege over this document.

- Entry No. 1595 (PRIV-APL-EG_00163931)—Apple represents in its Objections that this is an email chain between non-legal Apple employees Bri Cote and Ken Moore, copying in-house counsel Ling Lew, discussing "an update request for an external payment disclosure sheet". (Dkt. 1380 at 7.) Apple's privilege log notes that the email chain "reflec[ts] information for the purpose of obtaining legal advice", and its Objections state that a non-lawyer "addresses the initial request to in-house counsel", which purportedly shows an "intent to solicit legal advice". (*Id.*; Privilege Log Entry No. 1595.) Unless this email chain discloses the contents of an employee's express request for legal advice, or discloses the provision of legal advice from Ms. Lew, the communications are not privileged. The numerous non-legal employees on this email chains suggests that is unlikely to be the case.

- Entry No. 1611 (PRIV-APL-EG_00163992)—This is an email chain among communications personnel, engineers, and two in-house counsel (Jennifer Brown and Ling Lew) discussing "injunction compliance and communications legal strategy". (Privilege Log Entry No. 1611.) In its Objections, Apple claims that it has redacted Ms. Brown's "legal perspective ahead of the new launch", which purportedly contains legal advice. (Dkt. 1380 at 8.) The Special Master reviewed these emails and concluded that the redacted communications were not privileged. Epic does not have access to the underlying communications and is therefore unable to fully assess the proposed redactions.

- Entry No. 1665 (PRIV-APL-EG_00164287)—This is reportedly a draft presentation, entitled "Russian Enforcement Challenges", providing an "overview of several ongoing regulatory and litigation matters in Russia." (Dkt. 1380 at 9.) Apple seeks to completely withhold this presentation, and predicates its assertion of privilege on the legal advice "reflect[ed]" in the presentation. (Privilege Log Entry No. 1665.) In both its privilege log entry and Objections, Apple does not identify a single attorney involved with this presentation, and simply offers the repetitive claim that documents "reflec[t]" legal advice, which only merits withholding as privileged where the document, on its face, discloses the contents of legal advice or an express request for legal advice. To the extent this presentation does convey legal advice—or constitute attorney work product as Apple suggests in its privilege log—such text should be redacted and the presentation otherwise produced.

- Entry No. 1674 (PRIV-APL-EG_00164493)—In its Objections, Apple characterizes this document as an email exchange between non-legal employees "forwarding a series of updates from both in-house counsel and non-attorneys to in-house counsel Heba Hamouda regarding the status of ongoing foreign activities." (Dkt. 1380 at 10.) But Apple did not identify any attorneys in its privilege log entry, and may not augment its privilege log with its Objections. And Apple does not claim, in either its privilege log entry or its Objections, that the redacted text discloses the contents of legal advice, nor that an employee is directly soliciting legal advice; rather, we are told of an anonymously-provided "update…on the status of foreign activities" and legal advice "reflect[ed]" in communications, another imprecise privilege claim that the Special Master rejected.

- Entry No. 1732 (PRIV-APL-EG_00165181)—Apple claims in its Objections that this is a draft exhibit and disclosure schedule related to a share purchase agreement sent by in-house counsel Christina Buser.  However, in its privilege log entry Apple does not expressly state that Ms. Buser sent this email, but only lists Ms. Buser under a separate column as an "Attorney…acting at the direction of counsel."  (*See* Privilege Log Entry No. 1732.)  The Special Master reviewed this document and determined that it was not privileged.  To the extent the document does contain "draft contractual language" as Apple claims in its Objections, this text could be narrowly redacted and the document otherwise produced; Apple has not furnished any compelling reason to completely withhold the document.

- Entry No. 1795 (PRIV-APL-EG_00166218)—Apple maintains in its Objections that this document titled "App Store Legal Follow Ups" is a list of notes on legal issues that "remained open regarding the App Store."  (Dkt. 1380 at 12.)  Apple does not identify the employee who drafted this document, nor does it expressly state that Amy Dobrzynski, the attorney referenced in its privilege log entry, actually requested this list.  The Special Master reviewed the document and rejected Apple's attempt to completely withhold it as privileged; Epic does not have access to the underlying document and thus cannot fully assess Apple's objection to that ruling.

- Entry No. 1888 (PRIV-APL-EG_00166918)—Apple represents in its Objections that this is a Quip document "containing a list of tax questions" reportedly "posed to counsel for the purpose of obtaining legal advice."  (Dkt. 1380 at 13.)  Apple seeks to withhold this document in its entirety.  Apple does not identify the employee who drafted this list, nor does it state that the employee expressly requested legal advice, nor does it identify to whom the legal questions are posed.  Rather, Apple merely notes in its Objections that in-house counsel Armando Cordoves, Jason Cody, Ling Lew, and Nicole Ewart were "listed as users of the shared file".  *Id.*  The fact that in-house attorneys had access to—or even did access—a document does not render the document privileged.

- Entry No. 2136 (PRIV-APL-EG_00170509)—This is an email chain titled "Fwd: Amazon Prime Video I[ndia] payments questions"—ostensibly a business-focused discussion topic.  The email chain starts with messages between non-legal Apple and Amazon employees, messages eventually forwarded to Apple in-house counsel Jason Cody, Prince Zhandire, Katharina Kashishian, Pam Reid, and Ian Marshall to answer questions related to "compliance with India's regulations."  (Dkt. 1380 at 14.)  Apple's privilege log entry does not claim that in-house counsel provides legal advice, but only that the emails "reflec[t] information for the purpose of rendering legal advice from counsel".  (Privilege Log Entry No. 2136.)  Unless these emails on their face disclose the contents of legal advice or solicit legal advice, they should not be withheld as privileged.

DATED: March 25, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*