UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>  *Plaintiff*, *Counter-defendant*,<br><br>  v.<br><br>APPLE INC.,<br><br>  *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTION TO A SPECIAL MASTER DETERMINATION ISSUED MARCH 19, 2025, REGARDING A DOCUMENT WITHHELD BY APPLE** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objection to a re-determination of privilege by a Special Master, issued on March 19, 2025 and pertaining to a document Apple now—and newly—seeks to withhold in its entirety. Epic respectfully requests that the Court review the following document *in camera* and reject Apple's privilege assertion pertaining to this document, in whole or in part.

    On February 16, 2025, Apple notified Epic that it had identified the document at issue, PRIV-APL-EG_00150341, as one of its 500 documents designated for priority review by the Special Masters in advance of the February Evidentiary Hearing. Apple's privilege log (Entry No. 127 in priority privilege log number 3) identified the nature of Apple's privilege assertion (in the Withhold or Redact column) as "Redact" and further stated (in the Privilege Description column) that the document is an "Email chain with redacted text reflecting legal advice".

    On February 18, 2025, a Special Master overruled Apple's privilege assertions over a dozen documents, including PRIV-APL-EG_00150341. Apple did not object to this ruling, and therefore, pursuant to the Protocol, Apple was obligated to produce the document to Epic no later than February 21, 2025, in advance of the February Evidentiary Hearing. (Dkt. 1252 at ¶ 3.) Apple, however, did not produce the document to Epic—neither on February 21 nor since. Instead, on March 18, 2025—a full month after the Special Master's initial ruling, and well after the Evidentiary Hearing was completed and post-hearing briefs were filed—Apple asked the Special Master to reconsider his decision, claiming that its initial privilege log entry reflected a

"coding error" and that the document in fact should be withheld in its entirety. (Ex. A. to the Even Decl., email from N. Comparato to the Special Master Panel on March 18, 2025, at 2.) Epic objected to this reconsideration request, noting that "there is no process for reconsideration under the Protocol". (Ex. A at 1.) Epic also asked Apple to produce the document and provide an explanation as to why it had not done so a month earlier. (Ex. A at 1.) Apple never responded, and the Special Master ultimately re-ruled and sustained Apple's newly minted privilege claim. (Ex. A at 1.) That was error for at least three reasons.

*First*, Apple waived its privilege claim over this document by failing to timely object to the Special Master's initial determination—within four calendar days of the ruling's issuance, as required by the Protocol.

*Second*, Apple certainly should not be allowed to modify its privilege assertion—from "redact" to "withhold"—following an unfavorable ruling on the former claim. As this Court has previously noted, "[i]f Apple can change its privilege claim after going through [the Special Master] process and raise a new and different claim of privilege . . ., that defeats the point of this Protocol. Apple's re-review was supposed to mean something; Apple was supposed to be making a final decision on its claims of privilege". (Dkt. 1139 at 3.)

*Third*, Apple's privilege assertion over the entire document appears unjustified. The document is apparently an email chain that involves Apple business personnel—at the very least Apple witness Carson Oliver, the custodian of the document.[1] And the privilege log describes the email chain as "regarding injunction compliance and U.S. Link Entitlement program eligibility", key issues at the Evidentiary Hearing that Mr. Oliver testified extensively about in both May 2024 and February 2025. The *entirety* of the email chain thus does not seem to be privileged.

DATED: March 25, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

---

[1] Apple's privilege log claims the top email is between only lawyers, but that raises a question of how the email was found in Mr. Oliver's files.