UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced in redacted form on March 18, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Messages Relaying Legal Advice: PRIV-APL-EG_00098215, PRIV-APL-EG_00156327**

PRIV-APL-EG_00098215 is direct Slack message thread between two non-lawyers regarding the "copy" (i.e., written materials) for changes Apple was preparing to make in response to regulatory requirements in the Netherlands. The redacted content refers to conversations between these non-lawyers and Ling Lew (in-house counsel) regarding requests from outside counsel for new and revised work product. The redacted content discloses legal advice from both Ms. Lew and outside counsel and is therefore privileged. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016),

PRIV-APL-EG_00156327 is an email exchange between various non-lawyers regarding communications strategy in connection with regulatory developments in Japan. The majority of the exchange is unredacted. The redacted content consists of statements expressly relaying advice received from both in-house and outside counsel regarding those regulatory developments, including predictions about upcoming legal issues and the possible implications of recent legal developments. Because the redacted content expressly relays legal advice, it is privileged. *See Chrimar Sys. Inc.*, 2016 WL 1595785, at *3.

**Email Exchanges with Counsel: PRIV-APL-EG_00157336, PRIV-APL-EG_00259982, PRIV-APL-EG_00260161, PRIV-APL-EG_00156271**

PRIV-APL-EG_00157336 is an email exchange involving both in-house and outside counsel. The non-privileged report at the end (chronologically, the beginning) of the email chain is unredacted. The entire remainder of the thread is an ongoing exchange between Ling Lew (in-house counsel) and two non-lawyers regarding information requested by both in-house and outside counsel in connection with the evidentiary hearing in this case. Ms. Lew expressly mentions several times that the information is being requested in connection with and for the ongoing evidentiary hearing. Confidential information provided for the purpose of obtaining legal advice is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *In re Martinez Sampedro*, 2020 WL 8922834, at *2 (D. Conn. Mar. 2, 2020); *In re Lidoderm Antitrust Litig.*, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015).

PRIV-APL-EG_00259982 is an email exchange among several non-lawyers and Ling Lew (in-house counsel) regarding a proposed response to a reporter inquiry about Apple's compliance framework under the Digital Markets Act. The majority of the redacted content is various drafts of the proposed response, sent to Ms. Lew and others for feedback and input. Materials sent to attorneys with an express request for legal advice—even if those materials may ultimately be shared with a third party—are protected by the attorney-client privilege. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

PRIV-APL-EG_00260161 is an email exchange in which a senior decision maker outlines a number of tasks for Apple to address in advance of an upcoming meeting regarding Apple's compliance efforts under the Digital Markets Act. The redacted content consists of an exchange between two non-lawyers and Ling Lew (in-house counsel) discussing Apple's contemplated changes to comply with the Digital Markets Act. Because the exchange is for the primary purpose of soliciting and providing legal advice regarding pending changes in response to regulatory requirements, it is privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

PRIV-APL-EG_00156271 is an email exchange in which a non-lawyer sends to Brendan McNamara (in-house counsel) and another non-lawyer a draft response to public statements and allegations raised by a competitor to Apple. The email expressly seeks feedback from Mr. McNamara regarding the draft response. Because the draft response was sent to in-house counsel with a request for legal advice and feedback, it is privileged. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

DATED: March 26, 2025                  WEIL, GOTSHAL & MANGES LLP
                                                                         By: */s/ Mark A. Perry*
                                                                           *Counsel for Defendant Apple Inc.*