# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered March 18, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Slack Direct Messages: Entry Nos. 2076 (PRIV-APL-EG_00091533), 2090 (PRIV-APL-EG_00091668)**

PRIV-APL-EG_00091533 is a Slack message thread in which a non-lawyer asks a question to Ling Lew (in-house counsel) about certain types of apps that Apple will or will not allow on the App Store as part of changes made in response to regulatory changes in Korea. Ms. Lew responds with an explanation and recommendation, and the members of the thread then discuss that explanation and recommendation, including by posing additional questions to Ms. Lew. This is an exchange with an attorney for the primary purpose of soliciting, receiving, and discussing legal advice and it is therefore privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

PRIV-APL-EG_00091668 is a Slack message thread in which a non-lawyer shares an update regarding the messages different users may see based on changes to the App Store in response to new regulatory requirements. The non-lawyer explicitly seeks feedback and approval from Ling Lew (in-house counsel), who confirms approval from the legal team. Not only does the document consist of the solicitation and provision of legal advice, rendering it privileged, *see Labbe*, 2023 WL 5672950, at *4; *ChevronTexaco*, 241 F. Supp. 2d at 1076, but it also contains confidential information shared with an attorney for the purpose of obtaining legal advice and is privileged for that additional reason, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

**Presentations Drafted at the Request of and Sent to Counsel: Entry No. 2115 (PRIV-APL-EG_00092002), 2122 (PRIV-APL-EG_00092062), 2124 (PRIV-APL-EG_00092084)**

PRIV-APL-EG_00092002 is a slide deck prepared at the direction of Sean Cameron (in-house counsel) for use in a presentation to a regulator in the Netherlands regarding App Store changes made in response to new regulatory requirements. In the chronologically first email of the parent document (PRIV-APL-EG_00091988), Mr. Cameron lays out in detail the content for the final deck, and he later provides individualized feedback on slides in the deck. PRIV-APL-EG_00092062 and PRIV-APL-EG_00092084 are earlier iterations of the same deck shared on the same thread with Mr. Cameron and Ling Lew (in-house counsel).

Contrary to Epic's contention, it is not true that privilege attaches only if a document discloses "on its face" the "contents of any legal advice." Dkt. 1387, at 3. While the ability to discern specific legal advice from the face of a document might be a relevant factor when addressing "internal documents drafted by [non-lawyers] and sent among [non-lawyers]," the same logic does not hold for "communications to and from *counsel*." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 663 (D. Or. 2019). Here, the documents were created at the direction of counsel, provided to counsel, and commented on by counsel, all in service of a submission to a regulator regarding Apple's legal obligations. They fall squarely within the privilege.

DATED: March 26, 2025                              WEIL, GOTSHAL & MANGES LLP
                                                   By: */s/ Mark A. Perry*
                                                   *Counsel for Defendant Apple Inc.*