UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO EPIC'S OBJECTION TO SPECIAL MASTER RULING ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Response to Epic's Objection to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered March 19, 2025. We are submitting this document for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

Epic's objection relates to a document initially submitted to the Special Masters with a single word redacted, later corrected by Apple to "Withheld," and ultimately sustained by the Special Masters. Epic's objections are based on waiver, timeliness, and the content of the document. All of its argument fail.

Contrary to Epic's characterization, Apple did not "modify its privilege assertion" nor seek reconsideration. The document was incorrectly coded and redacted in the first instance. That is apparent from the face of the document: The *entire* email exchange—which bears the subject line "Epic Appeal & Timing"—discusses litigation strategy, largely between Jennifer Brown and Ling Lew (both in-house counsel). Carson Oliver, who testified at the hearing and whom Epic emphasizes is a custodian of the document, does not participate at all in the discussion. The version that Apple initially sent to the Special Masters had just one single word redacted (the codename for a project that is not privileged and that has been shared with Epic in thousands of other documents), which plainly was not the basis for Apple's assertion of privilege, as confirmed by the description in the privilege log. In other words, this is not a circumstance in which Apple made an assertion of privilege that was overruled and is now trying to assert a narrower claim in order to preserve some aspect of the privilege. This is simply an erroneous coding of a document as "Redact" instead of "Withhold."

With respect to waiver and timeliness, Epic raised these same arguments to the Special Masters, who disagreed and elected to rule on Apple's corrected privilege claim. *See* Dkt. 1394-2. The re-review protocol does not prevent Apple from correcting an errant privilege assertion, nor does it prohibit the Special Masters from reviewing that correction and issuing an appropriate ruling. This Court already indicated with respect to a different dispute that it was "for the special masters to decide what's useful and appropriate for them." Hr'g Tr. 15:22–24 (Jan. 3, 2025). The same reasoning applies here: The Special Masters are fully capable of deciding how to address such circumstances if they arise (and this circumstance has arisen only once across thousands of documents).

Epic asserts that Apple was obligated to produce the document by February 21, citing the parties' stipulated modification to the re-review protocol. *See* Dkt. 1394, at 1 (Dkt. 1252 ¶ 3). That is incorrect: Paragraph 3 states that Apple "will endeavor to produce within three (3) calendar days all documents Apple sought to redact and for which Apple's proposed redactions *were upheld* by the Special Masters or by Magistrate Judge Hixson." Dkt. 1252 ¶ 3 (emphasis added). The stipulated modification did not accelerate the timeline for production of documents *overruled* by the Special Masters—except as to documents ruled on by February 15. *Id.* ¶ 2. And that makes good sense, because the re-review protocol tolled Apple's deadline to object by 11 days, and so it would be incongruous to demand that Apple produce a document before it had an opportunity to lodge an objection. *See id.* ¶ 5.

As for the content of the document, as noted, the entire exchange concerns litigation strategy and is privileged. Apple welcomes the Court's review of the document to confirm as much.

<div style="display: flex; justify-content: space-between;">

DATED: March 27, 2025

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*

</div>