UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>   v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED MARCH 24, 2025, REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 24, 2025, and pertaining to documents Apple seeks to withhold in their entirety.

  Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the Evidentiary Hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing.

  Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

  Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Wisconsin-Related Meeting Notes from Press Personnel (Entry Nos. 2621, 2622, 2664, 2702 and 2734)**

Entry No. 2621 (PRIV-APL-EG_00174828) is a document entitled "Wisconsin notes", and presumably contains notes taken at a meeting regarding compliance with the Injunction.[1] Entry No. 2622 (PRIV-APL-EG_00174839), entitled "Epic meeting injunction", appears to be notes from a similar meeting. Neither set of notes has a parent document (*i.e.*, a cover email). The custodian of both is Apple witness and press and communications employee Marni Goldberg. Based on the topic and custodian, these documents are thus likely highly relevant to the Court's inquiry in these contempt proceedings. Apple does not identify any counsel implicated by either document, only claiming that each "[d]ocument reflect[s] legal advice from Apple legal". That generic description is insufficient to substantiate a claim of privilege and, moreover, is unlikely to warrant withholding the entire document: even if Ms. Goldberg summarized certain legal advice, Wisconsin meetings were primarily focused on the business aspects of Apple's response to the Injunction, as evidenced by multiple decks and notes from these meetings produced in this proceeding (sometimes with redactions) and admitted into evidence. (*See, e.g.*, Exs. CX-0224 (deck for June 20, 2023 Wisconsin meeting); CX-0859 (deck for June 1, 2023 Wisconsin meeting); CX-0251 (notes from June 13, 2023 Wisconsin meeting); CX-0399 (notes taken by Ms. Goldberg at a Wisconsin meeting on or around June 26, 2023). Entry Nos. 2621 and 2622 could similarly be produced with appropriate redactions, if any are necessary. And as for Apple's claim of attorney work product with respect to Entry No. 2621, that claim appears to be meritless: notes taken by Ms. Goldberg, a communications professional, at a cross-functional Wisconsin-related meeting, do not constitute attorney work product.[2]

Entry Nos. 2664 (PRIV-APL-EG_00175186) and 2702 (PRIV-APL-EG_00175603) are two documents that appear to be part of the same email chain. The top emails for both are sent from Hannah Smith, a press and communications professional, to Ms. Goldberg. The email title is "Wisconsin changes [Notes]". Ms. Goldberg is the custodian for both. Apple's privilege log claims the email chain "provid[es] legal advice from counsel regarding injunction compliance press and communications legal strategy". ("Privilege Description" column). Apple also notes that the chain consists of "[a]ttorneys discussing statement of compliance filed in district court and accompanying public statement, weighing in on wording and timing". ("Additional Privilege Context" column). But no attorneys are the sender or recipient of at least the top email of Entry Nos. 2664 and 2702. At the very least, then, portions of

---

[1] Apple's privilege log describes the document as an "[e]mail chain providing work product from counsel regarding injunction compliance press and communications legal strategy prepared in anticipation or furtherance of litigation"—which the document title and lack of senders and recipients in the metadata indicate it clearly is not.

[2] Apple's privilege log for Entry. No. 2622 separately notes that the document "reflects a number of issues pertinent to injunction compliance". "Injunction compliance" is exactly what these proceedings are about, making this document even *more* important to produce.

these email chains do not provide any legal advice or reflect any discussion by attorneys. At most, therefore, the document should have been produced with tailored redactions.

Entry No. 2734 (PRIV-APL-EG_00175782) is an email from Ms. Goldberg to other Apple press personnel (Fred Sainz, Isaac Rubin and Peter Ajemian, copying Ms. Smith) and Jennifer Brown, Apple counsel. The email is entitled "Wisconsin/DMA" and presumably discusses Apple's responses to the Injunction and to the similar requirements imposed on Apple in Europe under the Digital Markets Act. Like Entry Nos. 2664 and 2702 discussed above, Apple's privilege log describes the email chain as "providing legal advice from counsel regarding injunction compliance press and communications legal strategy". But here, too, it appears unlikely that this entire email chain—among five press personnel and a single Apple counsel—is comprised of exclusively privileged legal advice. At most, the document should have been produced with redactions.

**Application Programming-Related Emails (Entry No. 2321)[3]**

Entry No. 2321 (PRIV-APL-EG_00172157) and all substantively similar entries from the same email chain are emails sent between a mix of business people (including software engineers and program managers) and one in-house counsel, Ling Lew. The subject of these emails is "API usage in Netherlands": "API" refers to "application programming interface", a non-legal topic. Apple's privilege log entry states that this email chain "reflect[s] legal advice". However, the email chain apparently spans several weeks, and it is unlikely that this entire chain, with only one counsel involved, warrants withholding in its entirety. At most, the document should have been produced with redactions.

**White Paper Reports (Entry Nos. 2468 and 2470)**

Entry Nos. 2468 (PRIV-APL-EG_00173280) and 2470 (PRIV-APL-EG_00173293) are attachments to cover emails (which Epic is not challenging) from Apple counsel Kyle Andeer to former Vice President of the App Store Matt Fischer, software engineer Jeff Robbin and Vice President of Apple Wallet Jennifer Bailey, copying a government affairs employee and two other counsel. The documents are entitled "EC Concept Paper D6" and Apple's privilege log states that the documents provide legal advice "regarding foreign regulatory issues" (Entry No. 2468) and concerning "injunction compliance analysis of commission rate" (Entry No. 2470)—the latter of which is a key issue in these proceedings. But Apple's privilege log does not state these concept papers were *authored* by attorneys, nor does it explain how they otherwise might disclose legal advice. And although Apple also claims work product protection over the documents, in addition to not identifying an attorney author, the privilege log also does not identify what litigation these papers were purportedly prepared

---

[3] Epic objects to all substantively similar entries that are withheld, including Entry Nos. 2320, 2324, 2325, 2332, 2333, 2335, 2346, 2348, 2349, 2350, 2351, 2354, 2361 and 2375.

"in anticipation or furtherance of". Based on the information available to Epic, it therefore seems unlikely these concept papers ought to be withheld in their entirety.

**"Core" Personnel Chat (Entry No. 2514)**

Entry No. 2514 (PRIV-APL-EG_00173574) is a chat among an unknown number of Apple employees but apparently consisting at least of the "core" team for Apple's Netherlands compliance program (based on the chat's title). Zach Friedland, Senior Director of Engineering at Apple, is the custodian of this document and therefore presumably participated in the chat in some capacity. The privilege log states that this document "provid[es] legal advice from counsel regarding foreign regulatory issues". However, the privilege log does not identify any attorneys implicated in this document, only claiming that the chats "discuss[] outstanding requests to Apple in-house counsel for legal advice". To the extent that legal advice is discussed in this chat, it should be narrowly redacted. The document likely should not be withheld in its entirety.

DATED: March 28, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*