# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 24, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 2369 (PRIV-APL-EG_00172402)**

Entry No. 2369 (PRIV-APL-EG_00172402) is an email chain between Apple employees, including in-house counsel Ling Lew and Nicole Ewart, about privacy policy changes.  Specific questions regarding pending decisions by the legal department are directed to in-house counsel, and there are subsequent discussions regarding privacy regulations.  "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"), as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).  Therefore, this email chain is privileged.

**Entry No. 2380 (PRIV-APL-EG_00172448)**

      Entry No. 2380 (PRIV-APL-EG_00172448) is an email chain between Apple employees, including in-house counsel Gary Davis and Katharina Kashishian, regarding data-sharing requirements under the Digital Markets Act.  In this thread, Apple employees direct specific questions regarding data-sharing requirements to Ms. Kashishian, arrange a meeting with Ms. Kashishian to discuss the questions, and then relay the substance of those discussions to other Apple employees.  *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4.  Because this email chain contains specific requests for legal advice, this email is privileged.

**Entry No. 2404 (PRIV-APL-EG_00172727)**

      Entry No. 2404 (PRIV-APL-EG_00172727) is a text chain between an Apple employee and in-house counsel Ling Lew regarding the Court's injunction in this case and potential ramifications of the decision. The employee requests Ms. Lew's take on the injunction ruling, and a discussion of the potential results and strategy follows. This is a request for legal analysis and a give-and-take about the resulting possibilities, making the exchange privileged. *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4; *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (privilege also applies to "confidential disclosures" made "to an attorney in order to obtain legal advice").

**Entry No. 2435 (PRIV-APL-EG_00173031)**

Entry No. 2435 (PRIV-APL-EG_00173031) is an email exchange between Apple employees, including in-house counsel Nicole Ewart, Katharina Kashishian, Casey Perrino, and Annie Persampieri, regarding the social-gaming functionality of a new app from a Digital Markets Act perspective. Ms. Ewart explains the need for DMA review on a new app and there is subsequent discussion over setting up a meeting to discuss. This email reflects legal advice of counsel and is therefore privileged. *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4.

**Entry No. 2440 (PRIV-APL-EG_00173070)**

Entry No. 2440 (PRIV-APL-EG_00173070) is a slide providing an agenda for meetings with Apple's European counsel. The slide summarizes the agenda for future meetings with counsel, in which specific legal advice on next steps will be sought. This document is therefore privileged and should be withheld. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (holding that attorney-client privilege may attach when "legal advice of any kind is sought"); *see also In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."); *ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473, 485–86 (9th Cir. 2018) (work product applies if a document "would not have been created in substantially similar form but for the prospect of litigation" (cleaned up)). Moreover, the Special Masters separately ruled that this slide should be redacted from the full presentation in which it appears, Entry No. 2439 (PRIV-APL-EG_00173046).

**Entry No. 2449 (PRIV-APL-EG_00173085)**

Entry No. 2449 (PRIV-APL-EG_00173085) is a document entitled "Epic Appeal Mock Argument." The document contains notes about a mock appellate argument in connection with this case and indicates that it was prepared at the direction of counsel. The notes reflect information for the purpose of obtaining legal advice from counsel regarding ongoing litigation, and therefore is privileged. *See Sanmina Corp.*, 968 F.3d at 1116 (holding that attorney-client privilege may attach when "legal advice of any kind is sought"); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. at 662 ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege."). This document should be withheld.

**Entry No. 2450 (PRIV-APL-EG_00173086)**

     Entry No. 2450 (PRIV-APL-EG_00173086) is a draft affidavit of an Apple employee prepared in connection with the Australian litigation against Epic. Because this is a draft filing prepared in connection with ongoing litigation, it is protected by the work product doctrine. *See United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (work product covers all documents "prepared by a party or [their] representative in anticipation of litigation"). Further, because this is a preliminary draft reflecting legal advice, it is protected by attorney-client privilege. *See Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994) ("Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process."); *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege.").

**Entry No. 2600 (PRIV-APL-EG_00174550)**

Entry No. 2600 (PRIV-APL-EG_00174550) is a redacted iMessage chain between two non-lawyer employees regarding legal strategy in this litigation.  In the redacted messages, the non-lawyers relay legal advice from in-house counsel and discuss substantive advice previously and concurrently received from counsel.  Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation").  This document therefore contains privileged content that should be redacted.

**Entry No. 2601 (PRIV-APL-EG_00174567)**

Entry No. 2601 (PRIV-APL-EG_00174567) is a text exchange between an Apple employee and Jennifer Brown (in-house counsel) regarding a statement in response to a press inquiry into Apple's compliance with the injunction in this case. Ms. Brown provides a clarification regarding Apple's legal position on its compliance and an aspect of its compliance that should be incorporated into the statement. Privilege applies to communications between Apple's employees and in-house counsel for the purpose of giving legal advice. *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4. The exchange reflects Apple legal strategy imparted from in-house counsel and thus should be withheld as an attorney-client communication.

**Entry No. 2605 (PRIV-APL-EG_00174592)**

Entry No. 2605 (PRIV-APL-EG_00174592) is a redacted iMessage between non-lawyer employees regarding Apple's compliance with the injunction in this litigation. The employees discuss permissible options for complying with the injunction, and one employee relays the opinion of Stephanie Fine, Apple in-house counsel. This is the only message that is redacted. Communications incorporating and conveying legal advice given by counsel are privileged. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.,* 402 F. Supp. 3d at 866 (Attorney-client privilege attaches to "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue"). Therefore, the redacted message should be upheld as an attorney-client communication.

**Entry Nos. 2608 (PRIV-APL-EG_00174714), 2609 (PRIV-APL-EG_00174727) and 2610 (PRIV-APL-EG_00174741)**

      Entry Nos. 2608 (PRIV-APL-EG_00174714), 2609 (PRIV-APL-EG_00174727) and 2610 (PRIV-APL-EG_00174741) are three iterations of the same document.  The document reflects work product prepared by employees acting under the direction of counsel regarding injunction compliance.  The document compiles information and research about attorneys and consultants involved in litigation against Apple, and includes input from legal.  Therefore, the document should be withheld.  *See Barnes-Wallace*, 2002 WL 35646619, at *4 ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege.").  Moreover, "facts collected at counsel's request for later use in providing legal advice are protected."  *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016).

**Entry No. 2611 (PRIV-APL-EG_00174754)**

      Entry No. 2611 (PRIV-APL-EG_00174754) is an iMessage thread between non-lawyers that relays legal advice from outside counsel in the form of draft statements concerning ongoing litigation and enforcement matters. The only portions redacted are those reflecting legal advice from counsel that is then being relayed internally between non-lawyers. Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866. This document therefore contains privileged content that should be redacted.

**Entry No. 2612 (PRIV-APL-EG_00174761)**

      Entry No. 2612 (PRIV-APL-EG_00174761) is an iMessage thread between non-lawyers that contains a "legal summary" from in-house counsel concerning updates about ongoing litigation. The non-lawyers also discuss asking additional in-house counsel to expand on the summary. The only portions redacted are those reflecting legal advice or requests for legal advice from counsel that is then being relayed internally between non-lawyers. Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866. This document therefore contains privileged content that should be redacted.

**Entry Nos. 2615 (PRIV-APL-EG_00174802), 2616 (PRIV-APL-EG_00174803), and 2617 (PRIV-APL-EG_00174804)**

      Entry Nos. 2615 (PRIV-APL-EG_00174802), 2616 (PRIV-APL-EG_00174803), and 2617 (PRIV-APL-EG_00174804) are screenshots of an email from in-house counsel to other Apple employees providing detailed updates about an ongoing regulatory enforcement action. *See Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"). These screenshots were sent in an iMessage thread that was produced with these screenshots redacted, Entry No. 2614 (PRIV-APL-EG_00174796), which was upheld by the Special Masters. Another screenshot of the same email from this iMessage thread Entry No. 2618 (PRIV-APL-EG_00174805) was ruled properly withheld. For the same reason the Special Master upheld those claims of privilege, the remaining individual screenshots should be withheld as well.

**Entry No. 2683 (PRIV-APL-EG_00175352)**

Entry No. 2683 (PRIV-APL-EG_00175352) is an email chain among non-lawyers containing a draft statement about injunction compliance that reflects input from outside counsel. The redacted portion reflects legal advice from counsel that is then being relayed internally between non-lawyers.  Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel."  *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866.  This document therefore contains privileged content that should be redacted.

16

**Entry No. 2711 (PRIV-APL-EG_00175665)**

     Entry No. 2711 (PRIV-APL-EG_00175665) is an email chain between non-lawyer Apple employees regarding a proposed email to in-house counsel and non-lawyers that contains draft press materials related to an anticipated decision in the Epic litigation.  The email states that the draft materials reflect the input of both in-house and outside counsel, indicates that the draft materials are still under review by counsel, and requests further input from a group of both in-house counsel and non-lawyers.  Only those portions of the email chain that reflect or request legal guidance regarding the draft materials are redacted.  Draft materials "prepared by [a non-lawyer] and sent to counsel for review and legal advice" are privileged, *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. at 662, as are communications "between nonlegal employees" where they "discuss or transmit legal advice given by counsel" or an "intent to seek legal advice about a particular issue," *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *see ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076 ("[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege.").  This document therefore contains privileged content that should be redacted.

DATED: March 28, 2025                    WEIL, GOTSHAL & MANGES LLP

By: */s/ Mark A. Perry*
                                                    Mark A. Perry

*Counsel for Defendant Apple Inc.*