UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br>    *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

 Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations, pertaining to documents that were produced to Epic in redacted form on March 25, 2025.

 Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing to preserve the proper redactions for the exhibits used at the hearing.

 Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

 Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Correspondence Among Non-Legal Personnel**

PRIV-APL-EG_00091492 is a chat between Joseph Magnani, Terry Liu and Raf Onak, all of whom are non-lawyers on Apple's design team. The document focuses on user interface and user experience (Mr. Onak testified about these topics during the February evidentiary hearing). There are no attorneys in the chat. The three employees discuss options for language to be used in the U.S. scare screen, as well as when Apple would display the scare screen to users. Apple has redacted messages from Mr. Magnani in the middle of this conversation. (PRIV-APL-EG_00091492 at '495.) The surrounding context pertains to a topic that is primarily business-related, and nowhere in the unredacted portions of the document does any participant mention Apple's legal team or legal advice. In its privilege log, Apple names Jenny Liu as the relevant Apple in-house counsel, but Ms. Liu does not appear to be involved in this chat at all. Epic therefore sees no basis in the privilege log or in the document to justify this redaction.

PRIV-APL-EG_00091513 appears to be a chat among at least 17 Apple employees and is dedicated to engineering issues related to Apple's response to Dutch regulations requiring Apple to allow alternative payments in dating apps. Although Apple has not provided the full list of chat participants, most of the active participants appear to be engineers, user interface / user experience designers and business employees. In the unredacted portions of the chat, the participants primarily troubleshoot code and discuss how the Dutch warning screen would be presented to users. There is no attorney participation in a majority of the chat until the very end, when Ling Lew (Apple in-house counsel) briefly chimes in. (PRIV-APL-EG_00091513 at '520.) Epic understands how messages to or from Ms. Lew might be privileged. But Apple has redacted a message from Brandon Mihai (*Id.* at '518), a non-lawyer design program manager, in the middle of what appears to be a discussion strictly among non-lawyers about the design elements of the warning screen. User interface is a primarily business-related topic, and Epic sees no basis in the privilege log or in the document to justify this redaction. Separately, Apple has also redacted a series of messages between Carolina Nugent and Josh Elman, both non-lawyer program managers, leading up to the messages from Ms. Lew. (*Id.* at '519-20.) The redacted messages are responses on a thread discussing whether Apple should continue to "allow[] for a developer to offer IAP" on different devices—a topic that is not inherently or primarily legal. In this context as well, Epic sees no basis in the privilege log or in the document to justify redactions of messages among non-legal personnel.

PRIV-APL-EG_00091712 is a chat among Terry Liu, Josh Elman, Brandon Mihai and Raf Onak, all non-lawyer designers focusing on user interface and experience—as well as Jason Cody, Apple in-house counsel. It appears that the team is discussing the language of the scare screen presented to consumers in the Netherlands, and Apple has made extensive redactions throughout the document. Epic understands that narrow redactions on messages from Mr. Cody or seeking legal advice from him may be proper. (PRIV-APL-EG_00091712 at '712, '713 (bottom redaction).) However, the remaining redactions appear to discuss the *design team's* opinions on new language in the Dutch warning screen. For example, Mr. Liu says, "[Redacted text] is also new to me"; Mr. Elman later says, "I'm not a fan of [Redacted text] as a term"; and Mr. Onak later says, "in this context, [Redacted text] sounds a bit odd". (*Id.* at '713-14.) This context suggests these messages do not reflect legal advice, but rather the business and design views of non-lawyers. Epic sees no basis in the privilege log or in the document to justify these redactions.

PRIV-APL-EG_00264257 is a chat involving Tanya Washburn, a senior business employee; Timothy Kim, a business professional; and Kunnal Vij, a finance professional and a witness in the February evidentiary hearing. In the chat, Ms. Washburn shares the agenda for a meeting related to "commission justification and financials" for Apple's response to the U.S. Injunction, and Apple has redacted the first item on the agenda. (PRIV-APL-EG_00264257 at '257.) There are no attorneys on the chat, and the topics of the meeting appear to be primarily—if not completely—business-related, making it unlikely to be privileged. Apple also claims that the agenda item is protected attorney work product. The meeting agenda appears to have been drafted by Ms. Washburn, and it is unlikely that a meeting (or agenda thereof) discussing financial issues for Apple's U.S. business model was held in preparation of litigation, rather than for a business purpose. Therefore, Epic sees no basis to justify this redaction.

**Emails Not Involving Legal Advice**

PRIV-APL-EG_00166492 and PRIV-APL-EG_00166640 are two versions of an email chain in which Tanya Washburn requests feedback on a "Summary and Clarifications" relating to Apple's regulatory response in the European Union. Apple has redacted the entirety of Ms. Washburn's email, which was sent to 50 Apple employees but directly addressed to Phil Schiller, a business executive and witness in the February contempt hearing, as well as Sean Cameron and Ling Lew, both Apple in-house counsel. Mr. Schiller responds, providing his comments; Mr. Cameron and Ms. Lew do not respond, at least in these two versions of the email chain. A seven-page request for feedback on changes to Apple's business model in the European Union is likely not a request for legal advice, at least not in its entirety—especially as the inquiry was also directed to a business executive—and Mr. Schiller's comments in response to such a request likewise are not legal advice or, most likely, a request for such advice. Epic sees no basis in the privilege log or in the document to justify these extensive redactions.

PRIV-APL-EG_00260422 is an email chain involving Steve McGuigan, the Head of Marketing for the App Store; Ann Thai, a senior business employee; Fred Sainz, a public relations professional; and Sean Cameron, Apple in-house counsel. Apple has redacted part of the first email on the chain, in which Mr. McGuigan asks whether the recipients have any strategic concerns with the timing of "potentially announc[ing] the business model changes". (PRIV-APL-EG_00260422 at '423.) Mr. McGuigan also notes that "this will ultimately be [Mr. Schiller]'s decision" (*id.*)—indicating that the topic of his inquiry is business-related, rather than legal. Ms. Thai's response on the chain further suggests that the discussion is business-related, as she writes about her concerns with the timing and substance of certain payment-related public communications. Mr. Cameron, the single in-house counsel on the chain, does not actively participate in any part of the chain; he is simply copied on it. Epic sees no basis in the privilege log or in the document to justify this redaction.

PRIV-APL-EG_00265929 is an email exchange between lawyers and non-lawyers alike—including Carson Oliver, Kunnal Vij and Jeff Wilder, all non-lawyer business employees; consultants from Analysis Group, a business and economic consulting firm; as well as Apple's in-house and outside counsel. Apple witnesses testified that Analysis Group was commissioned "by [Apple's] business management team to provide an overview of the competitive landscape" and to "help [Apple] understand the range of pricing options" for its response to the U.S. Injunction. (Hr'g Tr. 314:11-20 (Roman).) Apple has applied extensive redactions to this email correspondence, following a call between Apple and Analysis group discussing "App Store

3

Commission Rates and the Value of Apple and the App Store to Developers"—a topic that is primarily business-related. (PRIV-APL-EG_00265929 at '938.) Epic understands that redactions on the email from Apple's outside counsel may be proper, to the extent that legal advice is conveyed or discussed. (*Id.* at '930.) However, given Analysis Group's limited role as a business consultant in Apple's response to the Injunction, and given the fact that multiple non-attorneys are also copied on this email chain, Epic believes that some or all of the extensive redactions do not involve legal advice or requests thereof, and therefore are not privileged. And Apple's claim that Analysis Group's work is protected work product likewise fails, as Apple has consistently insisted that the retention of Analysis Group was a business effort, not a litigation-driven effort. (*See, e.g.*, Hr'g Tr. 634:9-11 (Oliver) ("Q. And the Analysis Group deck was geared towards protecting Apple's position before this Court, correct? A. No."); Hr'g Tr. 634:18-20 (Oliver) ("Q. [The Analysis Group deck] was what we lawyers called made for litigation, correct? A. No.").) Therefore, Epic sees no basis in the privilege log or in the document to justify these redactions.

|  |  |
|---|---|
| DATED: March 31, 2025 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |