UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>  v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED MARCH 25, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on March 25, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

  Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.

  Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

  Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Among Apple's Financial Analysts (Entry Nos. 11578, 11630, 11638, 11644, 11646 and 11673)**

Entry No. 11578 (PRIV-APL-EG_00266118) is an email from Nate Barton (Finance Director at Apple) to Alex Roman (Vice President of Finance) and Ling Lew and Sean Cameron, in-house counsel. Key finance witness in the evidentiary hearing, Kunal Vij (Mr. Barton's report), is copied on the email. The email is regarding the "payment cost discount", and it appears to discuss the difference between the commission rates for Apple's IAP and alternative payments—a topic that is highly relevant to the present case, and one Mr. Vij testified to during the evidentiary hearing. (*See, e.g.*, February 25, 2025 Hr'g Tr. 1635:1- 1636:7.) Apple's privilege log states that the "email chain provid[es] legal advice prepared by counsel regarding foreign regulatory issues in Russia" and that the emails are a discussion between Mr. Barton and counsel regarding language to send to developers. However, Epic sees no reason the document should be completely withheld given that the sender of the email is not an attorney and the subject of the email is inherently business-related. Any legal advice provided in the email could be redacted and the document produced accordingly.[1]

Entry No. 11638 (PRIV-APL-EG_00266794) is an email from Mr. Barton to Ivie Ehiemua (a finance manager at Apple), copying Nancy Wright, Finance Global Project Analyst, and Mr. Vij. The email is regarding a "sync", and Apple's privilege log describes the email as "regarding injunction compliance and commission time window"—a significant topic in these proceedings. Apple asserts both attorney-client privilege and work product protection over the email chain, even though there is not a single attorney present on the chain. Apple claims Ms. Ehiemua was acting at the direction of counsel but fails to identify the attorney or provide any context about the legal inquiry Ms. Ehiemua may have been responding to or was directed to undertake. Emails among financial professionals following a "sync" meeting about compliance with the Injunction are not protected by the attorney-client privilege. To the extent any legal advice is somehow contained in this email chain, such advice should have been narrowly redacted.

Entry No. 11644 (PRIV-APL-EG_00266909) is an email from Mr. Barton to Boris Wang, who was a Senior Product Manager of Apple Service's Commerce Platform, copying Mr. Vij. The subject of the email is about "reporting requirements" for regulatory issues and compliance in the European Union. No attorney is present on the top email, but Apple's privilege log nevertheless states that the chain includes emails with Ms. Lew "requesting clarification of DMA [Digital Markets Act] reporting requirements". Even if Ms. Lew is somehow implicated in some communications further down the email chain, it is unlikely the entire email is privileged. The email should not be withheld in its entirety, and any portions of the email reflecting legal advice should be redacted only as necessary.

---

[1] Epic objects for the same reasons to the Special Master's determination upholding Apple's privilege assertion over Entry No. 11630, apparently a later-in-time version of the same email chain.

Entry No. 11646 (PRIV-APL-EG_00266922) is an email from Mr. Barton to Mr. Roman and Ms. Lew, copying Mr. Vij. The email concerns "regulatory issues in the European Union" and the DMA, which imposes several requirements similar to those imposed on Apple under the Injunction. Apple claims the email is "providing legal advice . . . prepared in anticipation or furtherance of litigation" (*see* column "Privilege Description"), but Apple only asserts a claim of attorney-client privilege (*see* column "Privilege Type"). Furthermore, only one of the participants on the email is an attorney. It is thus unlikely that the *entire* email is privileged. If there is any legal advice provided by Ms. Lew, it could be narrowly redacted and the document produced accordingly.

Entry No. 11673 (PRIV-APL-EG_00267367) is an email from Mr. Vij to Meredith Thieme, neither of whom are attorneys. Apple's privilege log does not assert that any legal advice is disclosed in the email or that the email serves a primarily legal purpose; rather, Apple notes that the email only "reflect[s] legal advice. As this is a communication between two nonlawyers, it is unlikely that the entire email chain is privileged such that the document should be completely withheld. If there is any legal advice disclosed in the email, it could be redacted.

**Documents Related to Apple's Compliance in the European Union (Entry Nos. 11916, 12108 and 12148)**

Entry No. 11916 (PRIV-APL-EG_00271669) is an email from key Apple witness Phil Schiller to Tanya Washburn, Senior Director of Business Operations of the App Store, and Mr. Cameron. Mr. Barton, Matt Fischer (former Vice President, Head of Worldwide App Store) and Kyle Andeer (Apple in-house counsel) are copied. The subject of the email is "8/15 Board Slides Plan", and the document concerns "foreign regulatory issues in the European Union, including DMA", suggesting this email discusses a Board slide deck related to Apple's compliance with the Digital Markets Act. Strategizing what information to include on a business-focused slide deck is not a primarily legal activity, even if attorneys provide their input. Indeed, multiple slide decks regarding Apple's plans for compliance with the Injunction have been produced (with redactions only as necessary). (*See, e.g.*, CX-0223, CX-0224.) Accordingly, Epic does not believe that this presentation plan should be withheld, much less in its entirety. Any actual legal advice provided on this email should have been redacted.

Entry No. 12108 (PRIV-APL-EG_00272714) is an email from Fred Sainz, a communications employee, to Ms. Washburn and Ms. Lew. The subject of the email regards the "Payment Processing Fee", a business-focused topic. The privilege log states that the email "reflect[s] legal advice from counsel regarding foreign regulatory issues in the European Union". But Apple's privilege log cites only Jennifer Brown as an attorney implicated in the provision of legal advice disclosed by this email chain—and Ms. Brown is not a participant on the top email in the chain (Epic cannot tell whether she participates in earlier emails in the chain). Given that the sender of the email is not an attorney, the privilege log does not protect the legal advice of any of the participants in the top email and the subject of the email is primarily business-related, it is unlikely the document should be withheld in its entirety. If there is any legal advice present on the email which

Apple has properly protected via the information included in the privilege log, it should be redacted.

Entry No. 12148 (PRIV-APL-EG_00272889) is an email from Ms. Washburn to Mr. Schiller. Eight individuals, four of whom are not attorneys, are copied. The email is a "Tim Cook" "Update", regarding compliance requirements in the European Union. The privilege description maintains that the email reflects legal advice, and the additional privilege context column states that a lawyer is discussing the update with the client. However, even if that is true for some message(s) further down the email chain, given that the top email was sent from one nonlawyer directly to another, it is unlikely that the entire email chain is privileged. Any legal advice that is present on the email chain should have been redacted only as necessary, and the document should be produced.

**Emails Among Primarily Non-legal Personnel (Entry Nos. 11987 and 12107)**

Entry No. 11987 (PRIV-APL-EG_00271996) is an email from Latika Kirtane, Product Director, App Store Developer Services and Trust & Safety, to Isaac Rubin, a speechwriter, and Ken Moore, Senior Director of Program Management. Of the seven Apple employees copied, only one is an attorney. The email is about "ideas for FAQ questions from developer's POV". The development of frequently asked questions is primarily a business task, not a legal one. And, developer relations and feedback were important topics discussed at the evidentiary hearing. (*See, e.g.*, February 24, 2025 Hr'g Tr. 1412:9- 1423:25; February 25, 2025 Hr'g Tr. 1504:13- 1505:20). Apple states in its privilege log that the email is "regarding injunction compliance requirements for link format and buttons". Apple further maintains that the email includes draft FAQs and "solicit[s] feedback from attorneys". But as noted, this is an email among business employees, with only one counsel copied on the email chain; that cannot support a claim of privilege over the top email, let alone over the entire chain. If there is any legal advice disclosed in the email, it should be redacted only as necessary.

Entry No. 12107 (PRIV-APL-EG_00272713) is an email from Mr. Moore to nine Apple employees, only one of whom Apple identifies as an attorney on the privilege log. The subject of the email is about removing the word "tools" from communications about the commission rate charged for third-party payments. But external-facing communications are not privileged, and the email is primarily among nonlawyers. As almost all of the participants in this email chain are not attorneys, the sender is not a lawyer and the topic does not appear to be legal, it is unlikely that the email consists entirely of legal advice. Any legal advice could have been redacted and the document should be produced accordingly.

| | |
|---|---|
| DATED: March 31, 2025 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |