UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br>    *Plaintiff*, *Counter-defendant*, <br>    v. <br> APPLE INC., <br>    *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on March 28, 2025. (Dkt. 1408.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege log entries for the documents.

- Entry No. 2369 (PRIV-APL-EG_00172402)—Apple seeks to withhold in its entirety this email between two senior engineering program managers and its corresponding six-page email chain. 15 Apple employees are copied on the chain, most of whom are software or privacy engineers and only three of whom are attorneys. The mere addition of counsel—and especially in-house counsel—to an email chain does not render the entire chain privileged. (*See, e.g.*, *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("Because in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors, the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel").) Apple's Objection asserts the email chain includes questions directed at in-house attorneys and "discussions regarding privacy regulations". (Dkt. 1408 at 2.) Even if the former reflect requests for legal advice (which is unclear from Apple's Objection), discussions among non-lawyers—even of "privacy regulations"—are not legal advice and are not privileged.

> The Special Master reviewed this email chain and rejected Apple's privilege claim, and nothing in Apple's Objection suggests that was error.

- Entry No. 2380 (PRIV-APL-EG_00172448)—Apple seeks to withhold in its entirety this email between a product manager and an engineering manager, as well as the corresponding four-page email chain. 11 Apple employees are copied on the email, most of whom are program managers, developers or engineers, and only two of whom are attorneys. Apple claims (for the first time in its Objection) that the emails discuss "data-sharing requirements". (Dkt. 1408 at 3.) But Apple also admits that the email chain contains non-privileged material, such as "arrang[ing] a meeting with [counsel] to discuss" questions directed to them. (*Id.*) And the Special Master reviewed this email chain and was unpersuaded that the email discloses requests for legal advice, rejecting Apple's claim of privilege in its entirety. Without access to the email chain, Epic is unable to assess Apple's Objection to this finding.

- Entry No. 2404 (PRIV-APL-EG_00172727)—This is a direct message exchange between Josh Elman, a Product Builder, and in-house counsel Ling Lew. Apple's Objection claims that these messages discuss a "request for legal analysis and a give-and-take about the resulting possibilities" following the issuance of the Court's Injunction. (Dkt. 1408 at 4.) A Special Master reviewed this document and concluded that it does not in fact disclose legal advice. Without access to the document, Epic is unable to assess Apple's Objection.

- Entry No. 2435 (PRIV-APL-EG_00173031)— Apple seeks to withhold in its entirety this email chain, the top email of which is between two engineering program managers. Eight Apple employees are copied on the top email, including program managers, engineers and in-house counsel. The email is about "App Store data use/combination" and flagged for "DMA review". In its Objection, Apple tries to further elucidate why this document is privileged, stating that attorney Nicole Ewart "explains the need for DMA review on a new app" and that "there is subsequent discussion over setting up a meeting to discuss" this topic. (Dkt. 1408 at 5.) But flagging that legal advice may be necessary or arranging the meeting to provide that advice is not the protected conveyance of advice or requests for advice covered by the privilege. The Special Master reviewed this email chain and concluded the email chain does not disclose any legal advice, and nothing in Apple's Objection suggests that was error.

- Entry No. 2440 (PRIV-APL-EG_00173070)—In its Objection, Apple maintains that this is a single slide "summariz[ing] the agenda for future meetings with counsel, in which specific legal advice on next steps will be sought". (Dkt. 1408 at 6.) But an agenda is not a request for legal advice, nor is it clear to Epic how an agenda slide would "reflect[] legal advice", as Apple's privilege log contends.[1] The Special Master reviewed this email chain and rejected Apple's privilege claim, and nothing in Apple's Objection suggests that was error.

---

[1] To the extent that Apple seeks to invoke work-product protections over this slide through its citation to *ACLU of N. Cal. v. Dep't of Justice*, 880 F.3d 473 (9th Cir. 2018), such an effort should be rejected: Apple only sought a claim of attorney-client privilege before the Special Masters (*see* column "Privilege Type"), which Apple cannot now try to change. (Dkt. 1139 at 3.)

- Entry No. 2449 (PRIV-APL-EG_00173085)—This is a document titled "Epic Appeal Mock Argument" and which Apple contends in its Objection "contains notes about a mock appellate argument". (Dkt. 1408 at 7.) A Special Master reviewed this document and concluded that it does not disclose legal advice. Without access to the document, Epic is unable to assess Apple's Objection.

- Entry No. 2450 (PRIV-APL-EG_00173086)—This document is entitled "Federighi Affidavit_Epic AUS Annotated_Privileged & Confidential - CF Edits v1". Apple contends it is a draft affidavit prepared in connection with Australia litigation and so is protected by the work-product doctrine. (Dkt. 1408 at 8.)[2] If Apple's description of the document is accurate, Epic does not dispute the document would be protected.

- Entry Nos. 2600 (PRIV-APL-EG_00174550), 2605 (PRIV-APL-EG_00174592), 2611 (PRIV-APL-EG_00174754) and 2612 (PRIV-APL-EG_00174761)—Each of these documents is a set of messages between Apple witness and press employee Marni Goldberg and an unidentified Apple employee who Apple admits in its Objections is a "non-lawyer". (Dkt. 1408 at 9, 11, 13, 14.) Apple seeks to redact portions of each chat. Apple does not contend that any attorneys are involved in these chats but argues that the messages contain or convey legal advice received from counsel. (*Id.* at 9, 11, 13, 14.) A Special Master reviewed these documents and concluded that they do not in fact disclose legal advice. Without access to the documents, Epic is unable to assess Apple's Objections.

- Entry No. 2601 (PRIV-APL-EG_00174567)—This is a set of messages between Ms. Goldberg and in-house counsel Jennifer Brown (although Apple's privilege log incorrectly describes it as an email chain). Apple seeks to withhold the document in its entirety. But Apple's "injunction compliance press and communication" strategy is a business topic, not a legal one. (Dkt. 1408 at 10; *see ChevronTexaco Corp.*, 241 F. Supp. 2d, at 1076.) And a Special Master reviewed this document and concluded that it does not disclose legal advice or a request for such advice. Nonetheless, without access to the document, Epic is unable to assess Apple's Objection.

- Entry Nos. 2608 (PRIV-APL-EG_00174714), 2609 (PRIV-APL-EG_00174727) and 2610 (PRIV-APL-EG_00174741)—These entries pertain to documents titled some variation of "OTR Document", and which Apple claims are "three iterations of the same document". (Dkt. 1408 at 12.) Apple seeks to withhold all three documents in full, and its privilege log entries assert both attorney-client privilege and work product protection claims. Apple's Objection states the documents are "work product . . . regarding injunction compliance", describing them as compilations of "information and research about attorneys and consultants involved in litigation against Apple" with "input" from Apple's legal team. (*Id.*) But Apple can only sustain a valid claim of privilege if the "input" is both in fact legal *advice* and that advice is discernible in the draft—neither of which Apple even claims in its privilege log or Objection. Apple also does not provide any information that could support its claim of work product

---

[2] Although Apple only sought to withhold this document as work product before the Special Masters (*see* column "Privilege Type"), Apple now also tries to improperly assert a new attorney-client privilege claim in its Objections. (Dkt. 1408 at 8.) This should be rejected. (Dkt. 1139 at 3.)

protection: neither the privilege log nor the Objection explain which employees purportedly prepared these documents at the request of counsel, the context of that supposed request by counsel, which litigation these documents were supposedly prepared in furtherance of or how these documents could or were intended to further that litigation. In short, the Special Master reviewed the documents and found they were neither privileged nor protected, and nothing in Apple's Objection suggests that conclusion was erroneous.

- Entry Nos. 2615 (PRIV-APL-EG_00174802), 2616 (PRIV-APL-EG_00174803) and 2617 (PRIV-APL-EG_00174804)—Apple's privilege log claims these documents "regard[] injunction compliance press and communications legal strategy". Apple seeks to withhold these documents in their entirety, notwithstanding its privilege description of "redacted text reflecting legal advice". But communications strategy is not "legal", and adding the word "legal" to its description does not make it so. A Special Master reviewed the documents and concluded that they do not disclose any legal advice. Without access to the documents, Epic cannot assess Apple's Objection to that holding.

- Entry No. 2683 (PRIV-APL-EG_00175352)—This is an email chain among press personnel (Fred Sainz, Ms. Goldberg and Dylan Loewe). In its Objection, Apple notes that the email "contain[s] a draft statement about injunction compliance that reflects input from outside counsel". (Dkt. 1408 at 16.) Whether it does or does not reflect such input is beside the point; the question is whether the document *discloses* such input, which apparently it does not. The fact that a press release was reviewed or even revised by unnamed lawyers at some point in time does not render it privileged at the time it is sent for review and further revisions by non-lawyers. A Special Master reviewed this document and held that the redactions Apple proposed were not proper and nothing in Apple's Objection suggests that holding was erroneous.

- Entry No. 2711 (PRIV-APL-EG_00175665)—This is an email chain among press personnel (Mr. Sainz, Ms. Goldberg and Hannah Smith) about "Epic statements and background for approval". Apple's privilege description is an unclear word soup: "Document with redacted text reflecting information for the purpose of obtaining legal advice from employees acting under the direction of counsel regarding injunction compliance press and communications legal strategy". Apple claims for the first time in its Objection that the email is a draft of a cover email to Apple Legal that requests their review of attached draft materials not at issue here—*i.e.*, that this document is supposedly a draft of a request for legal advice. (Dkt. 1408 at 17.) The Special Master reviewed the document and found Apple's privilege claim lacking. Without access to the document, Epic cannot assess Apple's Objection to that holding.

DATED: April 1, 2025                                         CRAVATH, SWAINE & MOORE LLP

                                                             By: */s/ Yonatan Even*
                                                             *Counsel for Plaintiff Epic Games, Inc.*