UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered March 24, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**"Notes" and Related Documents: Entry Nos. 2621 (PRIV-APL-EG_00174828), 2622 (PRIV-APL-EG_00174839), 2664 (PRIV-APL-EG_00175186), 2702 (PRIV-APL-EG_00175603), 2734 (PRIV-APL-EG_00175782)**

Epic objects to a category of documents it calls "Wisconsin-Related Meeting Notes from Press Personnel." Most of the documents in this category, however, are not meeting notes, but rather email exchanges (or drafts of email exchanges) regarding various communications-related issues relevant to Apple's injunction compliance.

PRIV-APL-EG_00174839 is a document collected from the files of a non-lawyer, with metadata indicating it was created on April 4, 2023 (before the Ninth Circuit issued its decision on appeal). The document contains notes of a meeting regarding the Ninth Circuit's upcoming decision and legal considerations for injunction compliance, and the notes contain extensive legal advice from and discussion with attorneys regarding what is required under the Injunction and what compliance options would be legally permissible. There is extensive discussion of litigation strategy and possible proceedings on remand. The meeting at which these notes were taken was organized by Apple's General Counsel and attended by senior in-house counsel responsible for injunction compliance. *See* Decl. of Marni Goldberg ¶ 4. From start to finish, the document expressly and extensively relays the advice and opinions of legal counsel regarding Apple's compliance with a court-ordered injunction. It therefore falls squarely within the attorney-client privilege. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

PRIV-APL-EG_00175782 is an email in which a non-lawyer circulates a chart that "Jen [Brown] and team came up with." Ms. Brown is in-house counsel at Apple. The chart provides a summary and analysis of changes Apple made in response to certain regulatory requirements in the European Union, providing legal advice to help formulate responses to press inquiries that aligns with Apple's legal positions and arguments made in court. The document was drafted by in-house counsel for the purpose of providing legal advice and is therefore privileged. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

The remaining documents in this category—PRIV-APL-EG_00174828, PRIV-APL-EG_00175186, and PRIV-APL-EG_00175603—are emails (or draft emails) among communications personnel and counsel that are substantially similar (or identical) to documents already produced to Epic. Apple will produce these documents without redaction.

**Netherlands Emails: Entry No. 2321 (PRIV-APL-EG_00172157)**

PRIV-APL-EG_00172157 is an email between two non-lawyers and Ling Lew (in-house counsel), with other non-lawyers cc'ed. The subject-matter of the email is unclear from its face, but a related document—PRIV-APL-EG_00172153, objected to by Epic in a footnote—makes clear that the email thread is in support of and response to a request from Ms. Lew for information needed to respond to requests from a competition regulator in the Netherlands. Such a request and information provided in response is privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016) ("[F]acts collected at counsel's request for later use in providing legal advice are protected.").

**Attorney Drafts of Regulatory Analysis and Advocacy: Entry Nos. 2468 (PRIV-APL-EG_00173280), 2470 (PRIV-APL-EG_00173293)**

      PRIV-APL-EG_00173280 and PRIV-APL-EG_00173293 are substantially similar to one another. They are both attached to emails from Kyle Andeer (in-house counsel focused on competition issues) in which Mr. Andeer sends this document to several non-lawyers, which he indicates he drafted, that provides an outline of different changes Apple could make to its App Store model in order to respond to regulatory inquiries in the European Union and proposed advocacy in support of those changes. *See* PRIV-APL-EG_00173277; PRIV-APL-EG_00173290. These kinds of drafts are protected by the attorney-client privilege, as they reflect express legal advice in connection with ongoing regulatory matters. *See Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002); *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994).

**Slack Direct Message: Entry No. 2514 (PRIV-APL-EG_00173574)**

PRIV-APL-EG_00173574 is a one-page Slack direct message among non-lawyers regarding certain draft language for use in connection with changes to the App Store in the Netherlands in response to regulatory requirements. The document is privileged because the non-lawyers discuss seeking approval from legal before finalizing the language. Confidential information sent to legal for approval is protected by the attorney-client privilege, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024), as is a communication among non-lawyers evidencing an intent to seek legal advice on an issue, *see Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866.

DATED: April 1, 2025                              WEIL, GOTSHAL & MANGES LLP
                                                  By: */s/ Mark A. Perry*
                                                  *Counsel for Defendant Apple Inc.*