UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

 Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced in redacted form on March 25, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

 Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Slack Messages: PRIV-APL-EG_00091492, PRIV-APL-EG_00091513, PRIV-APL-EG_00091712, PRIV-APL-EG_00264257**

PRIV-APL-EG_00091492 is a Slack message chain among non-lawyers discussing various design and copy elements for App Store changes in the European Union related to alternative default browsers. The majority of the chain is unredacted. The redacted text is an explanation from a non-lawyer regarding a design created by a "legal and regulatory committee" for compliance with new regulatory requirements in the European Union. Although relayed by a non-lawyer, the text conveys the substance of legal advice and is therefore privileged. *See Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

PRIV-APL-EG_00091513 is a Slack message chain among both lawyers and non-lawyers discussing various issues related to changes to the App Store in Korea in response to new regulatory requirements. The majority of the chain is unredacted. In the first redacted comment, a non-lawyer directs a question to Sean Cameron (in-house counsel) and a non-lawyer regarding a particular design element. A request for legal advice is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). In the second redacted portion, non-lawyers raise a question directed to Ling Lew (in-house counsel) regarding Apple's planned policy changes to comply with the new regulatory requirements. Ms. Lew responds with a redacted explanation of the policy change. Epic acknowledges that "messages to or from Ms. Lew might be privileged," Dkt. 1414, at 2, and this exchange is just that—non-lawyers direct a question to Ms. Lew, there is discussion about that question, and then Ms. Lew responds. That exchange falls squarely within the privilege.

PRIV-APL-EG_00091712 is a Slack message chain among both lawyers and non-lawyers discussing negotiations with the Netherlands competition regulator regarding changes Apple made to the App Store. In the first redacted portion, Jason Cody (in-house counsel) relays the substance of those negotiations and provides options for how Apple may address and respond to the issues raised by the regulator. The redactions that follow Mr. Cody's message cover responses to Mr. Cody's proposal that, if left unredacted, would reveal the substance of Mr. Cody's proposal. The unredacted portions of the document make clear that legal, not the design team, was responsible for directing the changes being discussed. For example, one non-lawyer observes, "I don't want design to be the one to share the update [with senior leadership], this is not driven by our team." Another non-lawyer states that he spoke with Mr. Cody and that the language would be "negotiated between legal and Phil [Schiller]." Mr. Cody's proposals for addressing regulatory issues represent legal advice, and the feedback solicited by Mr. Cody on that legal advice is protected insofar as it would reveal the underlying legal advice. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys.*, 2016 WL 1595785, at *3.

PRIV-APL-EG_00264257 is a Slack message chain among non-lawyers discussing analyses and updates for Apple's proposed injunction compliance plan. The majority of the chain is unredacted. Apple has redacted only a single agenda item, which relays the portion of the meeting covered by Sean Cameron (in-house counsel). If left unredacted, this agenda item would reveal the subject of legal advice and is therefore privileged. *See Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866.

**Emails: PRIV-APL-EG_00166492, PRIV-APL-EG_00166640, PRIV-APL-EG_00260422, PRIV-APL-EG_00265929**

PRIV-APL-EG_00166492 and PRIV-APL-EG_00166640 are substantially similar to one another. They both consist primarily of an email from a non-lawyer to one non-lawyer and two in-house counsel—Sean Cameron and Ling Lew—in which the non-lawyer raises a number of issues and questions for the recipients regarding forthcoming changes to the App Store in response to regulatory requirements in the European Union. Although non-lawyers are involved in the email chain, the primary purpose of the email is to solicit legal advice regarding Apple's compliance with regulatory requirements. It is therefore privileged. *See Sanmina*, 968 F.3d at 1116.

PRIV-APL-EG_00260422 is an email exchange among non-lawyers discussing messaging for certain App Store features and benefits. The majority of the chain is unredacted. The only redacted portion is the first paragraph of the chronologically first email—which is addressed to Sean Cameron (in-house counsel) and references discussions with both Sean Dillon and Kyle Andeer (in-house counsel)—and the first sentence of the second paragraph, which references a request from legal for the messaging plan. These statements are relaying legal advice and are therefore privileged. *See Chrimar Sys.*, 2016 WL 1595785, at *3.

PRIV-APL-EG_00265929 is an email exchange between Ling Lew, Jennifer Brown, and Jason Cody (all in-house counsel), three non-lawyers, outside counsel, and a member of Analysis Group. The redacted portions consist of an email from Analysis Group addressed to Ms. Lew regarding certain refinements to the Analysis Group work that were discussed with outside counsel and a handful of comments from outside counsel in the chain providing legal advice. The redacted portions therefore both relay legal advice, *see Chrimar Sys.*, 2016 WL 1595785, at *3, and/or provide express legal advice, *see Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). They are appropriately redacted as privileged.

| | |
|---|---|
| DATED: April 2, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |