# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered March 25, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Emails Involving Finance Personnel: Entry Nos. 11578 (PRIV-APL-EG_00266118), 11630 (PRIV-APL-EG_00266712), 11638 (PRIV-APL-EG_00266794), 11644 (PRIV-APL-EG_00266909), 11646 (PRIV-APL-EG_00266922), 11673 (PRIV-APL-EG_00267367)**

PRIV-APL-EG_00266118 is an email chain among Sean Cameron, Sean Dillon, Ling Lew (all in-house counsel), and several non-lawyers. The chain is initiated by an email from Mr. Cameron discussing Apple's response to a regulatory order in Russia, including options for compliance. The principal content of the chain is an exchange between Mr. Cameron and Ms. Lew, on the one hand, and two non-lawyers, on the other hand, regarding information sought by the attorneys in connection with providing an analysis and recommendation to Apple leadership regarding regulatory compliance options. This substantive discussion of legal advice with attorneys is privileged, *see Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002), as is the collection of information at counsel's direction for the purpose of providing legal advice in connection with regulatory compliance, *see FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016). PRIV-APL-EG_00266712 is the same email exchange, but with an additional response from Ms. Lew providing legal advice on a draft note from a non-lawyer.

PRIV-APL-EG_00266794 is an email between non-lawyers discussing outstanding issues for injunction compliance on which they are seeking "legal and tax guidance." This email discusses the subject of a request for legal advice from in-house attorneys and is therefore privileged. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019).

PRIV-APL-EG_00266909 is an email chain initiated by a non-lawyer to Ling Lew (in-house counsel) requesting legal advice from Ms. Lew regarding clarification of developer reporting and commission requirements under new changes to the App Store. The non-lawyer seeks Ms. Lew's feedback on a number of examples under the new rules. Although other non-lawyers also provide input on the examples, the questions are directed to Ms. Lew for her legal advice and Ms. Lew ultimately provides clarification on the examples and answers several follow-up questions. The final email in the chain (on which Ms. Lew does not appear) is simply a request between non-lawyers to add a member to the Quip page. The email exchange is for the primary purpose of seeking and providing legal advice and is therefore privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

PRIV-APL-EG_00266922 is an email in which a non-lawyer sends a draft note to Ling Lew (in-house counsel) and another non-lawyer summarizing a discussion with counsel at an earlier "compliance meeting." The note discusses various regulatory compliance options discussed at the meeting with counsel. These notes relay the legal advice of counsel, *see Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016), and also are sent to an attorney for feedback and input, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024). They are therefore privileged.

PRIV-APL-EG_00267367 is an email sent by a non-lawyer to Ling Lew, Sean Dillon, Jason Cody, and Sean Cameron (all in-house counsel). The non-lawyer provides a follow-up to a

discussion held earlier that week regarding various compliance options relevant to regulatory changes in the European Union and proposes some analysis and considerations for counsel to review and respond to.  This analysis and information is being shared for the purpose of soliciting legal advice, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2, and also relays the substance of legal advice delivered in the earlier meeting, *see Dolby Laby's Licensing Corp.*, 402 F. Supp. 3d at 866; *Chrimar Sys. Inc.*, 2016 WL 1595785, at *3.  It is therefore privileged.  The top email in the chain merely forwards, without comment, the email chain to another non-lawyer.

**Emails Regarding European Union Regulatory Issues: Entry Nos. 11916 (PRIV-APL-EG_00271669), 12108 (PRIV-APL-EG_00272714), 12148 (PRIV-APL-EG_00272889)**

PRIV-APL-EG_00271669 is an email in which a non-lawyer provides a short update to another non-lawyer regarding various App Store issues. The bulk of the update references information obtained from Sean Cameron and Kate Adams (both in-house counsel) regarding planned changes to the App Store in response to regulatory developments in the European Union and updates on Apple's injunction compliance work in this litigation. The email is for the primary purpose of relaying legal advice and is therefore privileged. *See Chrimar Sys. Inc.*, 2016 WL 1595785, at *3.

PRIV-APL-EG_00272714 is an email chain initiated by Jennifer Brown (in-house counsel) connecting a non-lawyer with outside counsel to discuss materials relevant to App Store changes in the European Union made in response to new regulatory requirements.[1] Ms. Brown provides feedback from both her and outside counsel regarding certain public relations materials prepared by the non-lawyer. An exchange with counsel for the purpose of obtaining legal advice is privileged, *see Labbe*, 2023 WL 5672950, at *4; *ChevronTexaco*, 241 F. Supp. 2d at 1076, as are attorney comments providing legal advice for public relations materials, *see Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019). The last email in the exchange removes Ms. Brown and others and is an aside between non-lawyers clarifying a comment.

PRIV-APL-EG_00272889 is an email exchange in which a non-lawyer relays a request for legal advice relevant to Apple's appearance and advocacy before the European Commission regarding regulatory issues affecting the App Store. A request for legal advice is privileged, even if it is memorialized in an exchange between non-lawyers. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019).

---

[1] Outside counsel's email addresses are not listed on the face of the email, but "Simon" and "Winfred" are names of Apple's outside counsel responsible for issues related to the European Union.

**Other Emails: Entry Nos. 11987 (PRIV-APL-EG_00271996), 12107 (PRIV-APL-EG_00272713)**

PRIV-APL-EG_00272713 is an email directed to Ling Lew (in-house counsel) and a non-lawyer regarding changes needed for certain developer communications. The email seeks feedback from Ms. Lew regarding the legal department's perspective on the proposed changes. This is a confidential disclosure made for the primary purpose of seeking legal advice and is therefore privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2.

Apple will produce PRIV-APL-EG_00271996 without redaction.

DATED: April 2, 2025                                        WEIL, GOTSHAL & MANGES LLP
                                                            By: */s/ Mark A. Perry*
                                                            *Counsel for Defendant Apple Inc.*