UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>  v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO CERTAIN SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

 Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations, pertaining to documents that were produced to Epic in redacted form on March 31, 2025.

Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing or to preserve the proper redactions for the exhibits used at the hearing.

 Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

 Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Concerning User Interface and Design**

PRIV-APL-EG_00171841 is an email chain among fifteen Apple employees, including three of the Apple employees who testified at the evidentiary hearings—Phil Schiller, Matt Fischer and Raf Onak—as well as one Apple in-house attorney, Sean Cameron. The email is regarding "design updates" related to compliance efforts in the Netherlands. The portion of the email that is redacted is at the top of an email from Monika Gromek, a design lead, to Mr. Schiller and Craig Federighi, Senior Vice President of Software Engineering. The unredacted portions of Ms. Gromek's email discuss user interface and design intricacies for linking out, not any legal advice. Apple's privilege log notes that the redacted text "reflects" legal advice and includes legal work, but nothing in the email suggests as much; indeed, an email about product design, sent by a product design employee to two high level executives and copying 12 other non-lawyers does not become privileged "just because a lawyer's name is on" it. (Feb. 25, 2025 Hr'g Tr. 1545:19-22.) It thus appears the document should have been produced without redactions.

**Email Concerning Apple's IAP**

PRIV-APL-EG_00171672 is an email from Jeff Blattner, a Program Manager at Apple, to Dana DuBois (Senior Developer), Holly Mondt (Senior Engineering Program Manager) and Ling Lew and Lacey Elmore (in-house counsel). The email concerns a meeting about Apple IAP. On page '172, Mr. Blattner states that "soon we will need to capture the requirements for" an item that is completely redacted. Apple's privilege log states that the redacted text is "providing information for the purpose of obtaining legal advice from counsel", but the email itself does not seem to provide any information for that purpose, instead simply alerting the recipients to the need to discuss some "requirement" apparently related to IAP. Mr. Blattner sent this email to a "reduced group", and he opted to include in that group engineering employees, not exclusively or primarily lawyers. Unless the purpose of the email was to solicit solely legal advice, which does not seem to be the case, the document should be produced unredacted.

**Emails Regarding Compliance in the European Union**

PRIV-APL-EG_00266168 is an email from Kunal Vij, a witness in the evidentiary hearing, to Meredith Thieme, a former financial analyst at Apple, forwarding an email regarding a "presentation for DMA meeting". The inclusion on the original chain of Mr. Vij, Nate Barton and Alex Roman (all of whom are finance employees), as well as Mr. Schiller, Carson Oliver and other non attorneys, suggests the email chain is not primarily legal.

On page '172, Carson Oliver, another key Apple witness, requests feedback from Kyle Andeer and Mr. Cameron (both Apple in-house counsel) and Mr. Schiller. Mr. Schiller responds with what cannot be legal advice, yet the substance of Mr. Schiller's feedback on page '171 is entirely redacted. This appears to be improper. Similarly, on page '170-171, Mr. Oliver makes another request of Mr. Andeer, Mr. Cameron and Mr. Schiller, asking for "any feedback" *or* any "concern from a legal perspective". Again, this request has a dual purpose, and nothing about it

2

suggests it is primarily legal and thus privileged (and indeed, Mr. Schiller provides a response that is not redacted). All the redactions beginning on the bottom of page '170 through page '172 thus appear to be improper. For the avoidance of doubt, Epic does not challenge the redaction of Mr. Andeer's email on pp. '169-'170.

DATED: April 4, 2025                                    CRAVATH, SWAINE & MOORE LLP
                                                        By: */s/ Yonatan Even*
                                                        *Counsel for Plaintiff Epic Games, Inc.*