**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br>    *Plaintiff, Counter-defendant,*<br>v.<br>APPLE INC.,<br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED APRIL 1, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 1, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.

    Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Concerning Press and Communications Documents (Entry No. 2824, 2901, 3207 and 3208)**

Entry No. 2824 (PRIV-APL-EG_00176519), Entry No. 2901 (PRIV-APL-EG_00178782) and Entry No. 3207 (PRIV-APL-EG_00183513) are emails from Hannah Smith to Marni Goldberg, both of whom are nonlawyer communications professionals. Apple seeks to withhold each document in its entirety and claims the email chains "provid[e] legal advice from counsel regarding injunction compliance press and communications legal strategy" and that counsel "weigh[] in on wording and timing" of a public statement. However, neither Ms. Smith nor Ms. Goldberg are attorneys, so it is unlikely that the top email of each entry, at the very least, is privileged. And although Apple claims lawyers weighed in on the public statement(s), attorneys frequently review external-facing documents prepared by a corporation. The lawyers' comments themselves could be privileged, but the fact that corporate documents were the subject of legal review at some point does not render those documents themselves privileged (except in the rare instances where legal advice is discernible from the face of the document). Accordingly, it does not appear proper for these documents to be completely withheld. To the extent any legal advice is included or requested, it could be redacted.

Entry No. 3208 (PRIV-APL-EG_00183524) is an email from Fred Sainz, a communications professional, to Kristin Huguet Quayle (Vice President Worldwide Communications) and Heather Grenier (in-house counsel). Ms. Goldberg is copied on the email. The subject of the email concerns "briefing materials" related to compliance with the Injunction. The presence of Mr. Sainz, Ms. Quayle and Ms. Goldberg on the chain suggests this email is primarily related to press and communications, not legal advice. It is unlikely communications among mostly nonlawyers would be *entirely* privileged such that the document should be withheld. Any legal advice from counsel could be redacted as appropriate and the document produced.

**Developer DMA Feedback Email from March 7, 2024 (Entry No. 2396)**

Entry No. 2396 (PRIV-APL-EG_00095500) is an email from Elizabeth Ferdon (head of Media, Entertainment, Music and Sports Partnerships at Apple) to Matt Fischer (then head of the App Store and an Apple witness at the hearing) and Sean Cameron (in-house counsel), copying Carson Oliver (also an Apple witness) and Chip Canter (Apps Business Development Lead). The email was sent on March 7, 2024, with the subject line "[Privileged & Confidential] Netflix – DMA Feedback". Although this email includes in-house counsel and is labeled "privileged & confidential", this email seems to resemble an exhibit that was admitted during the February 2025 Contempt Hearing, CX-0246 (attached herein as Exhibit B to the Even Declaration). CX-0246 is also an email labeled "privileged & confidential", and it was likewise sent to in-house counsel and involved Chip Canter. In CX-0246, Chip Canter shared feedback about the EU's Digital Markets Act and the U.S. Epic Injunction from an app developer, Bumble. No part of the email was deemed privileged. Here, it seems Entry No. 2396 may similarly involve Apple's Apps Business team passing along feedback from Netflix, an important app developer. Based on its similarity in personnel and subject matter, Epic has reason to believe that this email is not entirely privileged, if privileged at all.

**Document for Tim Cook's Review from January 12, 2022 (Entry No. 2417)**

Entry No. 2417 (PRIV-APL-EG_00095701) is a document regarding compliance in the Netherlands "for Tim"—presumably Mr. Cook—dated January 12, 2022. The document is not attached to an email and one of its custodians is Raf Onak, an Apple witness from the February 2025 Contempt Hearing. Apple's privilege log claims that this document "reflect[s]" legal advice from counsel but offers nothing more to show that this document *discloses* such legal advice (as opposed to merely "reflecting" it) or that the entire document was made primarily for a legal purpose—facts Apple needs to prove to carry its burden of sustaining its privilege assertion. To the extent there are edits or comments from legal counsel on this document that actually disclose legal advice, that specific legal advice should be redacted. Otherwise, Apple should produce this document in full.

**Injunction Compliance Launch Timeline Email from July 3, 2023 (Entry No. 2533)**

Entry No. 2533 (PRIV-APL-EG_00096599) appears to be an email chain discussing the timeline for Apple's response to the Injunction issued by the district court. The email was initially sent by a non-lawyer, Ann Thai, and the email chain appears to include multiple non-legal, business personnel, suggesting a primarily business purpose for the email discussion. Apple maintains only that legal advice is "reflect[ed]" by the document—not that any legal advice is actually disclosed. To the extent portions of the email contain legal advice, Apple should have sought to redact these portions, rather than seek to withhold the entire document.

**Exec Feedback Email from January 11, 2024 (Entry No. 2544)**

Entry No. 2544 (PRIV-APL-EG_00096651) is an email sent from Terry Liu (product designer) to Mr. Onak, copying various business and legal personnel. The email was sent on January 11, 2024, with the subject line "[Urgent Copy Feedback Needed]?? Wisconsin Exec Feedback". Based on the subject line and the people involved, it seems that this email involves feedback from Apple's business executives on new link-out scare screens in the United States. The executives' feedback was likely relayed to the various product designers, engineers, business people and in-house counsel involved with designing scare screens, suggesting a primarily business purpose for the email discussion. Apple claims that this email chain attaches attorney work product regarding injunction compliance, but fails to assert that the email chain itself actually contains work product, legal advice or a request for legal advice. The supposed work product attachment is not included in Apple's privilege log. Epic hereby objects to the Special Master's ruling upholding Apple's attempt to fully withhold this email.

DATED: April 7, 2025                    CRAVATH, SWAINE & MOORE LLP
                                        By: */s/ Yonatan Even*
                                        *Counsel for Plaintiff Epic Games, Inc.*