| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ........................................................................................................................ 1

DISCUSSION .................................................................................................................................... 2

CONCLUSION .................................................................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
  2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ................................................................... 2

*In re Anthem, Inc. Data Breach Litig.*,
  2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ................................................................... 2

*Apple Inc. v. Rivos, Inc.*,
  2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) ................................................................... 1

*Ervine v. Warden*,
  214 F. Supp. 3d 917 (E.D. Cal. 2016) ............................................................................... 2

*Kamakana v. City and Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ....................................................................................... 1, 2

*Krommenhock v. Post Foods, LLC*,
  2020 WL 2322993 (N.D. Cal. May 11, 2020) ................................................................... 3

*Lamartina v. VMware, Inc.*,
  2024 WL 3049450 (N.D. Cal. June 17, 2024) ................................................................... 2

*Lee v. Great Am. Life Ins. Co.*,
  2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ................................................................... 2

*Phillips v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ....................................................................................... 1, 3

*PQ Labs, Inc. v. Qi*,
  2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ................................................................... 1

*Poer v. FTI Consulting*, Inc.,
  2024 WL 5441181 (N.D. Cal. Nov. 20, 2024) ................................................................... 2

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
  2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ................................................................... 2

*Snapkeys, Ltd. v. Google LLC*,
  2021 WL 1951250 (N.D. Cal. May 14, 2021) ............................................................... 1, 3

*UnifySCC v. Cody*,
  2023 WL 7170265 (N.D. Cal. Oct. 30, 2023) ................................................................... 3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
  619 F. Supp. 3d 970 (N.D. Cal. 2021) ............................................................................... 2

*Vineyard Investigations v. E. & J. Gallo Winery*,
    2024 WL 4853055 (E.D. Cal. Nov. 21, 2024) .................................................................................. 3

*Williams v. Apple Inc.*,
    2021 WL 2476916 (N.D. Cal. June 17, 2021) .................................................................................. 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................. 1

Local Rule 79-5 .................................................................................................................................... 1

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") respectfully moves the Court to seal portions of the privilege log entries submitted as an exhibit to Apple's Objections to certain of the Special Masters' privilege determinations issued on April 1, 2025, regarding Apple's production of re-reviewed and privileged documents ("Objections"), which was filed under section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"). The exhibit contains information sealable under controlling law and Local Rule 79-5. Specifically, the exhibit contains excerpts from Apple's privilege log prepared for the Special Masters conducting evaluation of the privilege claims stemming from Apple's re-review. The privilege log is required to be filed under the terms of the Protocol, but contains personally identifiable information in the form of email addresses of Apple employees and non-public information regarding Apple's engagement of third-party economic consultants in connection with injunction compliance. Apple's proposed redactions of that information are highlighted in yellow in the un-redacted version of the exhibit that Apple is filing under seal and are itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

## LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted). Courts often find good cause exists to seal personally identifiable information. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion

1  to file under seal personally identifiable information, including email addresses and telephone numbers
2  of current and former employees).

3        Although a party must show compelling circumstances to seal information appended to
4  dispositive motions, the standard for non-dispositive motions is "good cause." *In re Anthem, Inc. Data*
5  *Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v.*
6  *Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum*
7  *Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023). In general, requests to seal information
8  should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v.*
9  *Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S.*
10 *Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to
11 seal "because the request is narrowly tailored and only includes confidential information").

12 **DISCUSSION**

13       Apple seeks to seal personally identifiable information in the privilege log submitted as an exhibit
14 to Apple's Objections, as well as the sensitive business information regarding Apple's engagement of
15 certain third-party economic consultants. *See* Perry Decl. ¶ 5.

16       Apple's administrative motion to seal is subject to the "good cause" standard because it concerns
17 non-dispositive objections related to discovery. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public
18 has less of a need for access to court records attached only to non-dispositive motions because those
19 documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v.*
20 *Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning
21 discovery generally are considered nondispositive of the litigation") (quotation omitted); *see also In re*
22 *Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018
23 WL1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

24       Apple easily meets the good cause standard here. *Lamartina v. VMware, Inc.*, 2024 WL 3049450,
25 at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple's limited
26 proposed redactions protect against the harmful disclosure of Apple's internal business decision-making,
27 including non-public strategy in connection with injunction compliance. *See Poer v. FTI Consulting*,
28 Inc., No. 24-CV-04725-JSC, 2024 WL 5441181, at *2 (N.D. Cal. Nov. 20, 2024) (finding compelling

1 reasons to seal confidential business information related to expert consulting and expert witness services
2 "which have not otherwise been made public"); *see also Vineyard Investigations v. E. & J. Gallo Winery*,
3 No. 1:19-CV-01482-JLT-SKO, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public
4 information regarding a party's business operations is typically subject to sealing."); *DNA Genotek Inc.*,
5 2023 WL 4335734, at *2 (finding good cause where disclosure would "undercut" a party's "position …
6 in the marketplace"). Apple operates in an intensely competitive environment, and thus has taken
7 extensive measures to protect the confidentiality of its information. *See* Perry Decl. ¶ 3. Disclosure of
8 the sealed information relating to the confidential engagement of third-party consultants could harm
9 Apple's business interests. *Id.* ¶ 3. Furthermore, courts in this district have found not only good cause,
10 but compelling reasons exist to seal personally identifiable information. *See Snapkeys*, 2021 WL
11 1951250, at *3 (granting motion to file under seal personally identifiable information, including email
12 addresses and telephone numbers of current and former employees); *see also UnifySCC v. Cody*, 2023
13 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (finding compelling reasons to seal personally identifying
14 information of employees, including names, addresses, phone numbers, and email addresses). Here,
15 certain entries in the privilege log reveal both Apple's choice and strategy in engaging third-party
16 consultants, as well as revealing various personally identifiable information. Good cause exists to protect
17 both types of information.

18      Moreover, Apple has narrowly tailored its sealing request to include only the information
19 necessary to protect its confidential business information and personally identifiable information. *See*
20 Perry Decl. ¶ 6; *Krommenhock v. Post Foods*, LLC, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020)
21 (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple
22 Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests
23 with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an
24 exhibit when redactions were "narrowly tailored" to "sensitive and confidential information"). Apple
25 has only partially redacted limited information within the privilege log entries. *See* Perry Decl. ¶ 6.

26      For the foregoing reasons, there is good cause that warrants partially sealing the exhibit to
27 Apple's Objections.

28                                **CONCLUSION**

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: April 7, 2025                    Respectfully submitted,

By: /s/ Mark A. Perry
         Mark A. Perry

WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.