| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br> Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br> Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal (the "Motion").[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, internal codenames, confidential research and development, personally identifiable information, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information, among other categories.

3. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed the exhibit to Apple's Objections to certain of the Special Masters' privilege determinations issued on April 1, 2025, regarding Apple's production of re-reviewed and privileged documents ("Objections"), which was filed under section 4 of the Joint Stipulation and

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Secs. Litig.*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Order Approving Privilege Re-Review Protocol (the "Protocol"), and now proposes to partially seal information therein that, if disclosed, could harm Apple's competitive business interests and would reveal personally identifiable information.

5. Apple seeks to seal this information because the privilege log is required to be filed under the terms of the Protocol but contains sensitive, non-public information regarding Apple's engagement of third-party economic consultants in connection with injunction compliance, which Apple intends to keep confidential. Public disclosure would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple. It also contains personally identifiable information in the form of email addresses of Apple employees that Apple intends to keep confidential.

6. Apple has narrowly tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests. The remainder of the privilege log exhibit remains unredacted.

7. Below is a chart detailing the portions of the privilege log exhibit sealable for the reasons explained herein, as well as in Apple's Motion.

| **Portion of Document Sought to Be Sealed** | **Document Title** | **Reason to Seal** |
|---|---|---|
| Highlighted information in the from/to columns of row entries 1 through 5 and the Original Name and Optional Special Master Notes columns of row entry 6 within the privilege log. | Exhibit A to Objections (Privilege Log Entries) | Reflects personally identifiable information |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of April 2025, in Washington, D.C.

DECLARATION OF MARK A. PERRY ISO APPLE INC.'S MOTION TO SEAL     2     CASE NO. 4:20-cv-05640-YGR-TSH

| | | |
|---|---|---|
| 1 | Dated: April 7, 2025 | Respectfully submitted, |
| 2 | | By: /s/*Mark A. Perry* |
| 3 | | Mark A. Perry |