UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 1, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 2816 (PRIV-APL-EG_00176452)**

      Entry No. 2816 (PRIV-APL-EG_00176452) is an email from a non-lawyer to two other non-lawyers containing analysis from Apple's legal team related to an ongoing legal matter involving Apple in the Netherlands. Although no lawyers appear on the email, Apple employees explicitly relay legal advice that originated from counsel (prefacing, "Here is Legal's analysis"). Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation"). Moreover, the intent was for this legal analysis to remain confidential—the advice was shared only to help inform how these Apple employees engaged with reporters. This document is therefore privileged and should be withheld.

**Entry No. 3103 (PRIV-APL-EG_00182423)**

Entry No. 3103 (PRIV-APL-EG_00182423) is an email chain among Apple employees, including in-house counsel Kyle Andeer, regarding a press inquiry. An Apple employee asks Mr. Andeer for information to aid her response to a press inquiry regarding the combined global regulatory enforcement against Apple. Mr. Andeer responds with his impressions of cases in different forums, the implementation of new laws and his insight on how Apple has adapted in response to regulatory enforcement. Only Mr. Andeer's response on the email chain is redacted. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also Labbe*, 2023 WL 5672950, at *4 (privilege applies to "communications for the purpose of giving legal advice"). The redacted portions of the email contain counsel's feedback for a proposed response to the inquiry based on his legal evaluation of recent developments in ongoing litigation and are thus privileged.

**Entry No. 3112 (PRIV-APL-EG_00182472)**

Entry No. 3112 (PRIV-APL-EG_00182472) is an email in which a non-lawyer forwards an external email inquiry about reader app policy to in-house counsel Ling Lew, Sean Cameron, and Jennifer Brown, and asks in-house counsel for advice on recent policy changes. Two lines of the employee's request are redacted pursuant to attorney-client privilege, because those lines consist of direct questions to attorneys for the purpose of obtaining legal advice. *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076; *see also Labbe*, 2023 WL 5672950, at *4.

**Entry No. 3134 (PRIV-APL-EG_00182609)**

Entry No. 3134 (PRIV-APL-EG_00182609) is an email between non-lawyer Apple employees sharing notes from a meeting with Apple's General Counsel, Kate Adams. The notes reflect minutes from that meeting. Legal impressions regarding counterclaims against Epic in a lawsuit with Google are redacted. The remainder of the notes—the majority—are left unredacted. Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *see also Chrimar Sys. Inc.*, 2016 WL 1595785, at *3 ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation"). This document contains privileged content reflecting the impressions of in-house counsel and should be redacted.

**Entry No. 3169 (PRIV-APL-EG_00182967)**

   Entry No. 3169 is a redacted email chain between non-lawyers reflecting legal advice from in-house counsel Sean Cameron regarding foreign regulatory issues. The only text redacted is the portion of the employee's email quoting verbatim Mr. Cameron's legal advice. In copying Mr. Cameron's email, the employee specifically conveys, "here is how Sean Cameron described it." The redacted text that follows is privileged. *See Dolby Lab'ys Licensing Corp.,* 402 F. Supp. 3d at 866 (Attorney-client privilege attaches to "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel").

**Entry No. 12354 (PRIV-APL-EG_00274886)**

Entry No. 12354 is a draft document prepared by third-party economic consultants in preparation for a filing with the European Commission. This document was prepared for a regulatory investigation and received direct input from counsel on suggested edits. A parent email attaching a duplicate version of this document (APL-EG_10949338) shows that the edits and comments made by "DTW" on PRIV-APL-EG_00274886 are the initials of D. Tina Wang, in-house counsel on the competition legal team. Because this is a draft legal submission and contains attorney comments on the face of the document, it is privileged and should be withheld. *See, e.g.*, *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("As a general rule, preliminary drafts of documents are protected by the attorney-client privilege.").


DATED: April 7, 2025                         WEIL, GOTSHAL & MANGES LLP

                                             By: */s/ Mark A. Perry*
                                                     Mark A. Perry

                                             *Counsel for Defendant Apple Inc.*