UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 3, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 3408 (PRIV-APL-EG_00185554)**

Entry No. 3408 (PRIV-APL-EG_00185554) is an email chain between non-lawyers concerning draft press materials about Apple's ongoing litigation with Epic that was to be sent to in-house counsel for legal review. The non-lawyers express their intent for the draft to be part of a forthcoming request for legal advice from counsel. Draft materials "prepared by [a non-lawyer] and sent to counsel for review and legal advice" are privileged, *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019), as are communications "between nonlegal employees" where "an employee discusses her intent to seek legal advice about a particular issue," *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019). This document is therefore privileged and should be withheld.

**Entry No. 3480 (PRIV-APL-EG_00186200)**

      Entry No. 3480 is an email chain between non-lawyers, in which a non-lawyer forwards an article on Apple's litigation in Australia and includes a draft summary, prepared by in-house counsel, of Apple witness testimony given at the trial in Australia. Only the legal summary is redacted. The redacted legal summary was prepared by Jonathan Heath (Apple in-house counsel) for the non-lawyer to share in this email chain. The email from Mr. Heath initially providing this draft legal summary to the non-lawyer who copied it into the main email thread was upheld as privileged by Special Master Gutierrez (Entry No. 3493, PRIV-APL-EG_00186267). The draft statement provides Mr. Heath's view of the trial day, as distinguished from the objective facts included in the article. Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation"). Thus, the redacted portion of this email chain should be upheld.

**Entry No. 3530 (PRIV-APL-EG_00186593)**

   Entry No. 3530 is an email chain between a non-lawyer and Jeff Myers (Apple in-house counsel), copying other non-legal employees and Colette Mayer (Apple in-house counsel), which reflects legal advice regarding congressional committee hearings. The email chain shows a non-lawyer preparing a memo on government affairs outreach and asking for counsel's thoughts on preparing a proposed statement for the record in connection with a hearing before the Senate Judiciary Subcommittee on Intellectual Property related to a patent reform proposal, as well as House oversight of the International Trade Commission's (ITC) exclusion order against Apple. Mr. Myers responds with feedback regarding a statement and advice on next steps for Apple's stay request of the exclusion order pending appellate review. Therefore, the email is privileged. Draft materials "prepared by [a non-lawyer] and sent to counsel for review and legal advice" are privileged. *In re Premera*, 329 F.R.D. at 662; *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."); *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice").

| | |
|---|---|
| DATED: April 9, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>           Mark A. Perry<br><br>*Counsel for Defendant Apple Inc.* |