UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on April 7, 2025. (Dkt. 1435.) Epic does not have access to all of the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege log entries for the documents.

Entry No. 2816 (PRIV-APL-EG_00176452) is an email Apple seeks to withhold in its entirety. The sender and both recipients of the email are communications personnel, not lawyers, and Apple concedes no attorneys are on the email. Apple asserts, however, that the document is privileged because it is clear and explicit on its face that "Apple employees explicitly relay legal advice". (Dkt. 1435 at 2.) Yet a Special Master reviewed the document and ruled that the document was not privileged or protected. Epic is unable to fully assess Apple's Objections without access to the document.

Entry No. 3103 (PRIV-APL-EG_00182423) is an email from Hannah Smith to Marni Goldberg, both of whom are nonlawyer communications personnel at Apple. Apparently, the email chain includes in-house counsel Kyle Andeer's response to a press inquiry regarding "global regulatory enforcement against Apple", which Apple seeks to redact. (Dkt. 1435 at 3.) Apple claims this response included Mr. Andeer's "impressions of cases in different forums, the implementation of new laws and his insight on how Apple has adapted in response to regulatory enforcement." (*Id.*) A Special Master reviewed this document and concluded that it does not disclose legal advice. Without access to the document, Epic is unable to assess whether Mr. Andeer's response constitutes legal advice (in whole or in part), or merely provides factual information and/or business advice.

Entry No. 3112 (PRIV-APL-EG_00182472) is an email from Ms. Goldberg to Ling Lew, Sean Cameron and Jennifer Brown, in-house counsel at Apple. Apple seeks to redact the document, and claims that the redacted text consists of questions directed to attorneys for the purpose of obtaining legal advice. (Dkt. 1435 at 4). However, the document title suggests the email is about a "press q[uestion]", and answers to press-related inquiries do not necessarily implicate legal advice. A Special Master reviewed this limited redaction and determined it was not warranted. Epic cannot fully assess Apple's Objection.

Entry No. 3134 (PRIV-APL-EG_00182609) is an email from Ms. Goldberg to Fred Sainz, former Senior Director, Corporate Communications. Apple seeks to redact this document, maintaining that it "reflect[s]" legal advice, but the privilege log affirmatively states that the legal advice "reflect[ed]" is from "unspecified attorneys". In its Objection, Apple newly claims that the redacted text in fact includes legal impressions from a meeting with Kate Adams, Apple's General Counsel. (Dkt. 1435 at 5.) Apple maintains that communications between nonlawyer employees are privileged if they transmit legal advice. (*Id.*) But Apple provides no information to substantiate its new claim concerning the origin of the advice, and very little to assist Epic (and the Court) in determining whether any meeting with Ms. Adams resulted in legal advice that was in fact privileged. Clearly, Ms. Adams's presence at a meeting, on its own, does not justify assertions of privilege. A Special Master reviewed the document and found—on the basis of the information provided in the log—that the document was neither privileged nor protected. Nothing in the Objection suggests that conclusion was incorrect.

Entry No. 3169 (PRIV-APL-EG_00182967) is an email from Emma Wilson, Corporate Communications, Brussels Lead, to Ms. Goldberg. The email concerns a press inquiry regarding the "scope of alternative payment in guidelines"—a highly relevant topic in these proceedings. Apple's Objection claims the redaction in the document covers the "verbatim" legal advice of Mr. Cameron regarding foreign regulatory issues. (Dkt. 1435 at 6.) But Mr. Cameron is a "business lawyer", "not litigation counsel" (Feb. 25, 2025, Hr'g Tr. 1481:9-1482:6), and has been extensively involved in Project Wisconsin and adjacent

projects, many times offering input that has little or nothing to do with legal advice. And the fact that the employee's email relayed information provided by Mr. Cameron likewise is not indicative that the response actually constitutes *legal* advice. A Special Master reviewed this document and concluded that it does not disclose legal advice. Epic's review of the privilege log does not suggest that conclusion was incorrect.

      Entry No. 12354 (PRIV-APL-EG_00274886) is a document prepared by third-party economic consultants for a filing with the European Commission (all of which is information Apple newly provides in its Objection). (Dkt. 1435 at 7). Apple seeks to withhold the document in full, asserting in its privilege log both attorney-client privilege and work product protection.[1] Notably, in the privilege log, Apple did not identify which attorneys were implicated by this document, only stating that the "[d]ocument reflect[ed] information to obtain legal advice from Apple legal". And, the Special Master noted that they "c[ould]n't tell who made the edits" to the document. Now, though, Apple provides the new information that its counsel directly contributed to the document with suggested edits, and that there are comments from attorneys on the face of the document. Apple also now claims this document is a duplicate of a document attached to cover email APL-EG_10949338, showing that the comments are from D. Tina Wang, Apple in-house counsel. But Apple did not provide a parent cover email for *this* document to the Special Master, instead giving them a standalone custodial document. Apple cannot now supply new information in its Objection that it did not provide to the Special Master in the form of an entirely different set of documents. (*See, e.g.*, Dkt. 1139.) This is information that should have been provided in the first instance. Apple should not be allowed to substantially supplement its privilege assertions through an Objection to the Special Master ruling to avoid producing the document. If Apple hasn't forfeited its privilege claim over this document, the document is only privileged if the edits are in fact legal advice and the advice is discernible in the draft. The Special Master determined that Apple failed to demonstrate the latter.

DATED: April 9, 2025

CRAVATH, SWAINE & MOORE LLP

By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

---

[1] In its privilege log, Apple offered no privilege description justifying a work product claim.