UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

     Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered April 1, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

     Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Emails With or to Counsel Related to Press Communications: Entry Nos. 2824 (PRIV-APL-EG_00176519), 2901 (PRIV-APL-EG_00178782), 3207 (PRIV-APL-EG_00183513), 3208 (PRIV-APL-EG_00183524)**

PRIV-APL-EG_00183513 is a draft email to be sent to Jennifer Brown (in-house counsel) and a non-lawyer regarding Apple's plan for Injunction compliance in January 2024. The email proposes a timeline for compliance following the Supreme Court's denial of review, sets forth a draft of questions and answers for reporters, and seeks clarity regarding which documents may be referenced in press briefings. Unlike other versions of the draft questions and answers, this draft was to be sent directly to in-house counsel (Ms. Brown) with a request for feedback. Ms. Brown is part of the legal team at Apple that oversees commercial litigation, and her advice therefore is focused on preparing Apple for litigation. Because this confidential information was shared with Ms. Brown for the primary purpose of soliciting her legal advice, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

PRIV-APL-EG_00183524 is a copy of the email as actually sent to Ms. Brown, forwarded to another non-lawyer. It is privileged for the same reasons.

Apple will produce PRIV-APL-EG_00176519 without redactions in light of the fact that other versions of the document have already been produced in substantially identical form. Apple will produce PRIV-APL-EG_00178782 without redactions.

**Developer Feedback Sent to Counsel: Entry No. 2396 (PRIV-APL-EG_00095500)**

   PRIV-APL-EG_00095500 is an email sent to Sean Cameron (in-house counsel) and a non-lawyer regarding feedback received from a developer about changes Apple was making to its App Store in order to respond to new regulatory requirements. Although the top of the email is addressed to the non-lawyer, the sender solicits feedback from Mr. Cameron on the notes. Because this confidential information was sent to a lawyer in order to secure legal advice, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2.

**Slide Deck Concerning Regulatory Compliance: Entry No. 2417 (PRIV-APL-EG_00095701)**

      PRIV-APL-EG_00095701 is a slide deck describing Apple's plan for complying with new regulatory requirements in the Netherlands related to the App Store. The deck includes proposed in-app messaging and a timeline for development and submission to the Netherlands competition regulator. The content of the deck—including the plan of compliance, the permissible options, and the timeline for responding to the Netherlands regulator—was heavily informed by legal advice from in-house counsel. The fact that the specific legal advice is not discernible from the face of the document does not render the materials non-privileged. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 663 (D. Or. 2019).

**Email Concerning Compliance Timeline: Entry No. 2533 (PRIV-APL-EG_00096599)**

      PRIV-APL-EG_00096599 is an email sent from a non-lawyer to Jennifer Brown, Sean Cameron, and Ling Lew (all in-house counsel), among others, providing context for an attachment. The attachment, PRIV-APL-EG_00096600, is a proposed timeline for certain aspects of Apple's plan for compliance with the Injunction in this case. The attachment was withheld by Apple on privilege grounds, upheld by the Special Masters, and not challenged by Epic. Both the email and the attachment are privileged as confidential communications with counsel seeking legal advice regarding the timeline and sequencing for Injunction compliance. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

**Email Request for Legal Feedback: Entry No. 2544 (PRIV-APL-EG_00096651)**

PRIV-APL-EG_00096651 is an email exchange initiated by a non-lawyer and sent to "Team, Jennifer & Ling." Jennifer Brown and Ling Lew, recipients of the email, are in-house counsel at Apple. The email exchange consists of a discussion of various elements of Apple's plan for compliance with the Injunction in this case. Both Ms. Brown and Ms. Lew participate throughout the chain, including by offering "Litigation's recommendation" regarding certain process questions. The email exchange is for the primary purpose of soliciting and providing legal advice and is therefore privileged. *See Sanmina*, 968 F.3d at 1116.

DATED: April 9, 2025       WEIL, GOTSHAL & MANGES LLP
                           By: */s/ Mark A. Perry*
                           *Counsel for Defendant Apple Inc.*