UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff*, *Counter-defendant*,<br><br>  v.<br><br>APPLE INC.,<br><br>   *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED APRIL 3 AND 4, 2025, REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 3 and 4, 2025, and pertaining to documents Apple seeks to withhold in their entirety.

  Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.

  Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

  Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Employee Chat Channel (Entry No. 2655)**

Entry No. 2655 (PRIV-APL-EG_00098239) is an employee chat regarding the "engineering" of Apple's compliance program in the Netherlands. Based on the privilege log, it is unclear which Apple employees are on the chat other than its custodian, Atusa Savio (a senior engineering program manager) and Ling Lew, Apple in-house counsel. This three-page document regarding a business-related topic likely does not consist *entirely* of legal advice or requests for the same. Therefore, Epic believes it unlikely that the entire document is privileged. To the extent any legal advice is included or requested, it could be redacted.

**Email about Wisconsin (Entry No. 2678)**

Entry No. 2678 (PRIV-APL-EG_00098448) is an email from Jeff Guebert, Senior Program Manager Lead, to Ms. Lew, copying a copywriter, an engineering program manager and a program management leader. The email is titled "Wisconsin Post-Launch Reporting", apparently relating to Apple's decision to require developers to report their web sales through linked purchases to Apple. (The document is dated June 2023—right around the time Apple considered and then decided to impose a fee on purchases that occur after a user clicks on an in-app link.) Based on the email's sender, copied employees and subject, the email is likely business-focused. Apple's privilege log states that this email consists of questions to Ms. Lew regarding "reporting on" Injunction compliance, but such questions are likely not requests for *legal* advice, at least not in their entirety. To the extent any legal advice is in fact included or requested in the email chain, it could be redacted.

**Email about Scare Screens (Entry No. 2681)**

Entry No. 2681 (PRIV-APL-EG_00098458) is an email from Monica Gromek, Design Leadership, to Sean Cameron, Apple in-house counsel. A dozen Apple employees are copied, a vast majority of whom are design managers, business managers or copywriters, including evidentiary hearing Apple witness Raf Onak. The title of the email is "Wisconsin consumer warning sheet -- new title text". The content of and rationale for the scare screens following the Injunction (or the "Wisconsin" "warning sheet[s]") is a key issue in this contempt action, and Mr. Onak testified on this topic in February 2025. (*See, e.g.*, Feb. 24, 2025, Hr'g Tr. 1328-29, 1333-35, 1337-44.) Apple's privilege log describes this email as "from in-house counsel . . . requesting assistance in preparing slides for legal presentation on potential user interface options". But the design of the scare screens is primarily a business issue, not a legal one, and in any event Apple does not argue that this email chain contains legal advice or a request for legal advice. Accordingly, this document should not be completely withheld.

**Email Among Press Personnel (Entry No. 3510)**

Entry No. 3510 (PRIV-APL-EG_00186407) is an email from Fred Sainz, former Senior Director of Corporate Communications, to Marni Goldberg, Apple witness and press employee, copying Hannah Smith, another Apple press and communications

employee. The email title is "Epic statements [and] escalation email for Phil", presumably referencing key Apple witness Phil Schiller. Apple's privilege description states that this email "provid[es] information for the purpose of obtaining legal advice from counsel regarding foreign regulatory issues press and communications legal strategy". But at least the top email is only among press and communications personnel at Apple. Further, an "escalation email" for Mr. Schiller, a non-lawyer business executive, cannot provide information for the purpose of obtaining legal advice because Mr. Schiller cannot *provide* any legal advice. Based on the privilege log, then, it does not appear proper for this document to be withheld—at least not in its entirety. (The privilege log does not disclose any details about emails that may be lower in the chain, making it impossible for Epic to know if they exist and, if so, whether they are the subject of a legitimate privilege assertion).

### Email Involving an Economist (Entry No. 12637)

Entry No. 12637 (PRIV-APL-EG_00279027) is an email from Eric Albert, Senior Director of Services Special Programs, to Jeff Wilder, a non-lawyer economist at Apple, and other in-house and outside counsel for Apple. The email title is "Additional thoughts on linking out - economics this time". Linking out and linked purchases are key issues in the contempt proceedings, and Apple's internal assessment of the "economics" of "linking out" is highly relevant to understanding its Injunction-response efforts. Based on the sender of the top email and the title of the email chain, this document appears to be business-related, at least in part. Therefore, it does not appear proper for this document to be withheld in its entirety.

### Non-Legal Presentations (Entry Nos. 12803 and 12894)

Entry No. 12803 (PRIV-APL-EG_00281055) is an "Update" for "TC"—presumably, Tim Cook—about Apple's efforts surrounding the Digital Markets Act, or DMA. The custodian of this deck is Mr. Wilder. Apple claims attorney-client privilege over this deck (*see* column "Privilege Type").[1] Apple argues that the document is "related to information for the purpose of rendering legal advice", but Apple does not state that the deck actually *provides* information for the purpose of such advice (or discloses the request for or such advice). And the cover email title and deck title indicate that this deck is primarily—if not almost entirely—*business*-focused. Therefore, it does not appear proper for this document to be completely withheld. To the extent any legal advice is included or requested, it could be redacted.

Entry No. 12894 (PRIV-APL-EG_00285930) is a presentation deck from December 2023 (based on both its title and metadata) about the "new model [and] link outs", apparently to be presented to the European Commission. The custodian of the document is Mr. Wilder. The cover email was produced to Epic without redaction (attached herein as **Exhibit A** to the Even Declaration), showing that this deck was sent

---

[1] Apple's privilege description states that the deck "was prepared in anticipation or furtherance of litigation". However, this does not preserve a claim of work product protection and any attempt by Apple to do so now should be rejected. (*See, e.g.*, Dkt. 1139.)

from Mr. Wilder to Sean Dillon, Apple in-house counsel, stating that Mr. Dillon should "check out the animations" in the presentation. Apple only claims work product protection over this deck. However, Apple fails to identify in its privilege log *which* litigation this deck was supposedly "prepared in anticipation or furtherance of". Moreover, the document title indicates that this document was intended to be presented (and by now presumably has been presented) to the European Commission—and work product protections do not apply to material that is shared with an adversary to the supposed litigation. Therefore, it does not appear proper for this document to be withheld.

DATED: April 9, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*