**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered April 3 and 4, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

2

**Direct Message Chain with Attorney: Entry No. 2655 (PRIV-APL-EG_00098239)**

PRIV-APL-EG_00098239 is a Slack message chain in which non-lawyers raise a question regarding the treatment of apps across multiple App Store storefronts with different rules following changes made in response to new regulatory requirements.  Ling Lew (in-house counsel) addresses the question by clarifying the new policies and rules under consideration for regulatory compliance.  The chain is for the primary purpose of soliciting and providing legal advice regarding Apple's new rules for developers and is therefore privileged.  *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

**Email Seeking Legal Advice re Data and Security: Entry No. 2678 (PRIV-APL-EG_00098448)**

       PRIV-APL-EG_00098448 is an email from a non-lawyer to Ling Lew (in-house counsel) raising a question to Ms. Lew regarding whether she had any concerns with certain data being generated, aggregated, and shared to various audiences.  The email is a discrete request for legal advice related to the potential data privacy and security implications and is therefore privileged. *See Sanmina*, 968 F.3d at 1116.

**Email Seeking Legal Advice re Injunction Compliance: Entry No. 2681 (PRIV-APL-EG_00098458)**

PRIV-APL-EG_00098458 is an email exchange between Sean Cameron (in-house counsel) and two non-lawyers regarding the interstitial system disclosure sheet that appears when a user taps on an external purchase link within an app. The only substantive content in the email is a question from the non-lawyer to Mr. Cameron regarding certain features relevant to the new entitlement program. The email is a request for legal advice regarding Apple's new policies and is therefore privileged. *See Sanmina*, 968 F.3d at 1116.

**Emails Among Press Personnel: Entry No. 3510 (PRIV-APL-EG_00186407)**

PRIV-APL-EG_00186407 is an email exchange among non-lawyers containing various statements drafted in anticipation of a decision from the Ninth Circuit in this case. Unlike other versions of these statements, in this email, a non-lawyer states expressly that the statements have been reviewed and approved by Heather Grenier (in-house counsel), Alanna Rutherford (in-house counsel), and Mark Perry (outside counsel). Because these statements were sent to, reviewed by, and approved by counsel for the purpose of obtaining and providing legal advice ahead of any dissemination to the press, they are privileged in this form. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

**Email Exchange with Outside Counsel: Entry No. 12637 (PRIV-APL-EG 00279027)**

PRIV-APL-EG_00279027 is an email exchange that begins with a series of three emails sent by an Apple non-lawyer to outside counsel for Apple regarding considerations relevant to the legal justifications for various commission structures. The first email notes expressly that the analysis is being offered in response to a request from outside counsel. The final email (from a different non-lawyer) asks a clarifying question. Because the exchange consists of confidential information solicited by attorneys for the purpose of providing legal advice, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016).

**Decks Drafted and/or Presented by Counsel: Entry Nos. 12803 (PRIV-APL-EG_00281055), 12894 (PRIV-APL-EG_00285930)**

PRIV-APL-EG_00281055 is a slide deck regarding Apple's compliance with new regulations in the European Union.  The deck is attached to PRIV-APL-EG_00281053, which was withheld by Apple for privilege, upheld by the Special Masters, and not challenged by Epic.  That document is an email from Sean Cameron (in-house counsel) to Kate Adams (General Counsel), cc'ing Kyle Andeer and Brendan McNamara (in-house counsel), as well as one non-lawyer (the custodian of the document), in which Mr. Cameron attaches a copy of the deck ahead of a review with other senior leadership and discusses the content with the attorneys on the email.  The cover email therefore shows that the document reflects the combined work of numerous in-house counsel, and Mr. Andeer's responsive email to Mr. Cameron further demonstrates that the considerations raised in the deck are *legal* in nature.  The document is therefore privileged.  *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 663 (D. Or. 2019).

PRIV-APL-EG_00285930 is a slide deck prepared for presentation to the European Commission in connection with its ongoing investigation into Apple's App Store policies.  Epic asserts that work product does not apply because Apple has not identified any discrete "litigation" for which this presentation was prepared, but the work product doctrine extends to documents prepared "for anticipated litigation," even if no such litigation ultimately results.  *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004).  The fact that Apple may have averted litigation does not mean materials prepared in connection with a regulatory investigation are not protected:  "It would be perverse to exclude material from the work product doctrine because it was carried out in order to prevent anticipated litigation, rather than to carry out litigation."  *Todd v. STAAR Surgical Co.*, 2015 WL 13388227, at *10 (C.D. Cal. Aug. 21, 2015).  Given that the cover email indicates the presentation was still in draft form, the fact that a *final* version of the presentation (presumably without speaker notes) was delivered to the European Commission does not vitiate the work product protection.

DATED: April 11, 2025

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*