UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff*, *Counter-defendant,*<br><br>    v.<br><br>APPLE INC.,<br><br>    *Defendant*, *Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on April 9, 2025. (Dkt. 1440.) Epic does not have access to all of the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege log entries for the documents.

- Entry No. 3408 (PRIV-APL-EG_00185554)—This document is an email chain between two non-legal communications professionals, Marni Goldberg and Fred Sainz, with no attorney copied. Apple sought to withhold the document in its entirety on the basis that it "includes content that Apple legal weighed on". (*See* Privilege log Entry No. 3408.) That is not a proper basis for withholding a document, let alone in its entirety; the fact that Apple legal reviewed a document does not render it privileged, except insofar as it *discloses* legal advice, which Apple's privilege log does not claim and the Special Master found the document does not do.

  In its Objections, Apple presents a different privilege assertion than the one it presented in its privilege log, now claiming that the emails are "draft press materials about Apple's ongoing litigation with Epic" and contain "non-lawyers['] express[ion] [of] their intent for the draft to be part of a forthcoming request for legal advice". (Dkt. 1440 at 2.) Apple may not use its Objections to supplement or recast its bases for privilege claims already submitted to the Special Masters and ruled on. In any event, draft press materials prepared by two communications professionals are *not*

privileged merely because the materials were intended to be sent to in-house counsel eventually; rather, only the ultimate request for legal advice would be privileged. The Court should therefore uphold the Special Master's ruling.

- Entry No. 3480 (PRIV-APL-EG_00186200)—Apple seeks to redact "legal advice" purportedly "reflect[ed]" in these emails among non-legal communications professionals (Ms. Goldberg, Mr. Sainz, and Mr. Waldron). In its Objections, Apple explains that the redacted text contains in-house counsel Jonathan Heath's legal summary "of Apple witness testimony given at the [Epic v. Apple] trial in Australia"—additional context that was not included in Apple's privilege log entry or otherwise presented to the Special Masters. (Dkt. 1440 at 3; *see* Privilege log Entry No. 3480.) Mr. Heath is not a participant in this email chain, and his purported summary was not identified by the Special Master as legal advice or attorney work product. Epic does not have access to the unredacted emails, but nothing in Apple's Objections persuasively suggests that the Special Master's ruling on this document was erroneous.

- Entry No. 3530 (PRIV-APL-EG_00186593)—This document is an email chain between Jeff Myers, Apple in-house counsel, and Conor McGrath, a government affairs professional at Apple, copying 12 other employees of whom only one is in-house counsel, Colette Mayer. (*See* Privilege Log Entry No. 3530.) Apple seeks to completely withhold these emails—which reportedly discuss congressional committee hearings—and maintains in its Objections that Mr. Myers provides "feedback regarding a statement [before the Senate Judiciary Subcommittee on Intellectual Property and the House committee overseeing the International Trade Commission] and advice on next steps for Apple's stay request of the exclusion order pending appellate review." (Dkt. 1440 at 4.) The Special Master reviewed these emails and determined that the communications therein were not privileged; Epic does not have access to the emails and thus cannot fully assess Apple's objection, but the information provided in Apple's privilege log entry and its Objections suggests that the email chain is not likely appropriate for *complete* withholding.

DATED: April 11, 2025

CRAVATH, SWAINE & MOORE LLP

By: /s/ Yonatan Even
*Counsel for Plaintiff Epic Games, Inc.*