# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced in redacted form on April 9 and 10, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Email Chain with Consultant Relaying Legal Advice: PRIV-APL-EG_00176539**

PRIV-APL-EG_00176539 is an email exchange between non-lawyers at Apple and members of a third-party consultant related to an investigation by the Korea Communications Commission. Epic argues that any privilege has been waived by virtue of the fact that a third-party consultant was included on the email chain. It acknowledges that Apple has invoked federal precedent preserving attorney-client privilege in communications with third-party consultants if "by virtue of that relationship [the consultant] possesses information about the company that would assist the company's attorneys in rendering legal advice." *United States ex rel. Strom v. Scios, Inc.*, 2011 WL 4831193, at *4 (N.D. Cal. Oct. 12, 2011). Epic omits, however, that this Court already ruled against it on this issue, overruling Epic's privilege objections made on the same basis as to the same third-party consultant. *Compare* Dkt. 1213, *with* Dkt. 1251. There is no reason to reach a different outcome here. As before, this third-party consultant "perform[s] public relations and marketing duties on behalf" of Apple in the same manner as an in-house public relations team, *W. Sugar Cooperative v. Archer-Daniels-Midland Co.*, 2015 WL 12696192, at *2 (C.D. Cal. Nov. 4, 2015), and "performs work that is substantially intertwined with the subject matter of a corporation's legal concerns," *Schaeffer v. Gregory Village Partners, L.P.*, 2015 WL 1`66860, at *4 (N.D. Cal. Jan. 12, 2015). The rule is not limited to consultants retained by "small businesses," as Epic suggests. Dkt. 1456, at 1. Indeed, if large businesses could not share privileged information with third-party consultants without waiving privilege of that material, that would severely impede the ability of businesses to conduct their ordinary affairs.

Here, the entire exchange concerns a then-forthcoming investigation report from the Korea Communications Commission regarding Apple's business practices. Apple has redacted information explicitly received from "Competition Legal" regarding the expected content, scope, and process regarding that report. Apple coordinated with this third-party consultant to assess media reaction and strategy, and the advice received from the consultant regarding those issues is left unredacted. But the redacted material relays legal advice and is therefore privileged, even when shared among non-lawyers. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

**Email Chain Providing Legal Analysis: PRIV-APL-EG_00098529**

PRIV-APL-EG_00098529 is an email exchange between two non-lawyers with several in-house counsel—Sean Cameron, Ling Lew, and Jason Cody—cc'ed. The redacted content concerns an analysis of various App Store Guidelines. The attachment—PRIV-APL_00098532—was withheld by Apple, upheld by the Special Masters, and not challenged by Epic. That attachment provides more detail on the analysis and includes a column for "Jason, Ling, and Sean Comments" containing feedback from those three in-house counsel. The attachment demonstrates that in-house counsel contributed directly to the redacted analysis set forth in the email. It is therefore privileged.

**Email Exchanges Regarding Regulatory Compliance: PRIV-APL-EG_00273262, PRIV-APL-EG_00273544, PRIV-APL-EG_00280205, PRIV-APL-EG_00273541, PRIV-APL-EG_00273553, PRIV-APL-EG_00273490**

PRIV-APL-EG_00273262 is an email exchange between two non-lawyers and Ling Lew (in-house counsel). The first (chronologically) redacted email is from Ms. Lew requesting clarity on what legal advice is needed from her and Adil Karrar (another in-house counsel on the chain). There is a response from a non-lawyer clarifying the request for "legal language," a further question from Ms. Lew, and a response from a different non-lawyer. The redacted exchange is privileged as an exchange for the purpose of soliciting legal advice. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

PRIV-APL-EG_00273544 is an email from a non-lawyer to Sean Cameron (in-house counsel) and others outlining the proposed scope of a work for a team focusing on messaging for new App Store features. The scope of work is addressed to Mr. Cameron and the working team includes Kyle Andeer, Mr. Cameron, and Brendan McNamara (all in-house counsel). The scope of work, if left unredacted, would disclose the subject of a request for legal advice to these in-house counsel and is therefore privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

PRIV-APL-EG_00280205 is an email from Brendan McNamara (in-house counsel) sent to Kyle Andeer, Martin Gudmundsson, Gary Davis, Katharina Kashishian, Charles Paillard, Luca Villani, Amy Dobrzynski, Chris Caputo, Morag Elwis, and Ling Lew (all in-house counsel), outside counsel from two different law firms, and just four Apple non-lawyers. The redacted content consists of a recap of discussions with Apple executives regarding various strategic issues related to Apple's compliance with new regulations in the European Union, including discussion about interactions with the European Commission. There is no substantive discussion of this litigation and only one reference to a meeting to be held on a different day related to the injunction in this case. The only participants in the chain are Mr. McNamara and Mr. Davis, both attorneys. The exchange is for the purpose of providing legal advice and is therefore privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

With respect to PRIV-APL-EG_00273541, PRIV-APL-EG_00273553, and PRIV-APL-EG_00273490, Apple incorporates by reference its responses to Epic's objection to PRIV-APL-EG_00266168. *See* Dkt. 1437, at 2.

**Drafts Provided by Legal or Seeking Legal Feedback: PRIV-APL-EG_00181197, PRIV-APL-EG_00176523, PRIV-APL-EG_00181225**

PRIV-APL-EG_00181197 is an email chain initiated by Kyle Andeer (in-house counsel) providing a draft of a response to a Korean regulator for a formal compliance plan in light of new laws. Epic does not object to Apple's privilege assertion over the substance of Mr. Andeer's draft response. Later in the chain, a non-lawyer provides a draft press statement on which the non-lawyer "collaborated with Kyle." Contrary to Epic's assertion (without any legal citation) that Mr. Andeer's collaboration on the press statement is insufficient to confer privilege on the statement, the law holds the opposite. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019). The draft statement—and the exchange with a non-lawyer providing further edits to that statement—are privileged, regardless of whether the specific legal advice from Mr. Andeer could be discerned from the face of the document. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 663 (D. Or. 2019).

PRIV-APL-EG_00176523 is a continuation of the email thread on PRIV-APL-EG_00183524, redacted by Apple, upheld by the Special Masters, and challenged by Epic on April 7. *See* Dkt. 1432. As Apple explained in its response to Epic's previous objection, *see* Dkt. 1443, at 2, the email consists of content sent directly to Jennifer Brown (in-house counsel) for feedback. The redacted information was shared with Ms. Brown for the primary purpose of soliciting her legal advice and it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

PRIV-APL-EG_00181225 is an email exchange between two non-lawyers and Jennifer Brown (in-house counsel). In the first email, the non-lawyer provides "language Jen and team came up with" regarding various questions that might arise in connection with changes Apple had made to the App Store. Ms. Brown responds with edits and comments. The other non-lawyer later follows up with a draft statement "[b]ased on the materials [Ms. Brown and the non-lawyer] provided." The redacted material thus consists of material drafted by in-house counsel and incorporating those materials into subsequent work product. It is therefore privileged.

DATED: April 17, 2025                           WEIL, GOTSHAL & MANGES LLP
                                                By: */s/ Mark A. Perry*
                                                *Counsel for Defendant Apple Inc.*