UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>   *Plaintiff, Counter-defendant,*<br><br>  v.<br><br>APPLE INC., <br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br><br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

 Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on April 14, 2025.

 Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing.

 Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

 Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Direct Messages Among Non-Legal Employees**

**PRIV-APL-EG_00128315** is a direct message chain among four non-legal Apple employees—Atusa Savio, Amy Hawthorne, Jeff Guebert, and Liz Pulchny—in which Ms. Pulchny asks if there is "[a]nything urgent from steering?" and Ms. Savio responds that she worked on a "PR plan". (PRIV-APL-EG_00128315.) Ms. Pulchny then inquires "who is driving the pr plan", and Ms. Savio's response to that question is completely redacted. Apple claims in its privilege log entry that the redacted text "reflect[s] work product prepared by employees acting under the direction of counsel regarding injunction compliance". (Privilege Log Entry No. 804.) But a non-lawyer's question to another non-lawyer as to "who is driving the pr plan" is unlikely to solicit privileged information or protected work product; rather, Ms. Pulchny's question simply requests the identity of Apple employees working on a primarily non-legal project, and even if Apple in-house counsel is "driving the pr plan", the identity of counsel alone is not privileged information (in fact, it is one of the details a litigant is required to disclose in privilege log entries intended to substantiate any assertion of privilege). Moreover, although Apple maintains in its privilege log that the foregoing non-lawyers are "acting at the direction of Apple in-house counsel", there is nothing in the unredacted portions of the chain suggesting that is the case, and Apple's privilege log entry fails to identify any attorney involved in or directing this discussion. *Id.* Ms. Savio's response thus does not appear to be privileged and the document should be reproduced without redactions.

**iMessages Among Non-Legal Employees**

**PRIV-APL-EG_00130635** is an iMessage chain among six non-legal Apple business employees: Timothy Kim, Tanya Washburn, Matt Fischer, Latika Kirtane Raman, Ann Thai, and Carson Oliver. The relevant messages appear to address an upcoming meeting with Apple executive Phil Schiller on "Link Out options", a salient concern in the evidentiary hearing. (PRIV-APL-EG_00130635, at '640.) Apple has redacted numerous messages sent by Ms. Washburn and Mr. Oliver, claiming that such messages "reflec[t] information for the purpose of obtaining legal advice" and that the employees "discus[s] seeking legal advice on link out". (*See* Privilege Log Entry No. 921.) However, given that no attorneys are included in these messages, the redacted messages clearly do not *directly* solicit legal advice, and the fact that the redacted messages may "reflec[t] information" eventually sent to in-house counsel as part of a subsequent request for legal advice does not make that factual information privileged. The iMessage chain thus appears to be at the very least over-redacted.

**iMessages Among Apple Finance Professionals**

**PRIV-APL-EG_00130709** is an iMessage chain among Apple's business and finance professionals: Timothy Kim, Nate Barton, Kunnal Vij, and Carson Oliver. Following a discussion about financial topics, Mr. Oliver asks whether the "enforcement date moved out at all", in reference to this Court's Injunction. (*See* PRIV-APL-EG_00130709 at '714.) Apple has redacted the subsequent messages in response, claiming that such messages "discus[s] whether the launch date has moved, which in context is clearly a relaying of discussions with legal regarding legal advice." (*See* Privilege Log Entry No. 924.) Communications relative to the timeline for Apple's compliance with this Court's Injunction are not privileged unless the communications, on their face, disclose the contents of legal advice or directly solicit legal

advice.  (*See* Dkt. 1056 at 1) ("Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance.")  Moreover, although Apple's privilege log entry records that "non-lawyers [are] acting at the direction of Apple in-house counsel", the unredacted portions of the document do not support that assertion and the privilege log does not identify any in-house counsel involved.  The iMessage chain thus appears to be over-redacted.

**Direct Messages Among Six Apple Employees**

PRIV-APL-EG_00130876 is a direct message chain between Charles Paillard, Apple in-house counsel, and non-legal employees Jeff Wilder, Kunnal Vij, Nate Barton, and Sanjay Garg, in addition to one unidentified participant.  Apple has redacted Mr. Wilder and Mr. Vij's messages, asserting privilege on the basis that the "redacted text reflect[s] information for the purpose of rendering legal advice to employees".  (*See* Privilege Log Entry No. 941.)  However, Mr. Paillard, the only attorney identified in this message chain, has not solicited the information discussed and has not responded to any messages in this document.  The iMessage chain thus appears to be improperly redacted .

**Email from Carson Oliver Regarding Dating Apps in the Netherlands App Store**

PRIV-APL-EG_00131347 is an email sent by Carson Oliver, a business executive, to an "App Store Business Management" distribution group, copying in-house counsel Jason Cody.  Mr. Oliver shares a "recently published update related to dating apps in the Netherlands App Store" and then summarizes the update, explaining the in-app purchase and external link options for eligible developers.  Apple has redacted a portion of that email, claiming that such "redacted text reflect[s] legal advice from counsel regarding foreign regulatory issues".  (*See* Privilege Log Entry No. 970.)  However, Mr. Oliver's email appears to summarize "the recently *published* update", which undermines Apple's assertion of privilege, and moreover addresses primarily business and technical topics.  It thus seems unlikely that the message abruptly changes topics to convey the contents of legal advice to a broad distribution group.  (*See* PRIV-APL-EG_00131347) (emphasis added.)  Therefore, Epic believes this document is likely improperly redacted.

**Messages Among Seven Non-Legal Employees and One In-House Counsel**

PRIV-APL-EG_00132073 is a private message channel among eight Apple employees, including non-lawyers Amy Hawthorne, Carolina Nugent, Dana DuBois, Jeff Guebert, Liz Pulchny, Daniel Erlewine and Reinaldo Giudici, as well as Apple in-house counsel Ling Lew.  Apple has redacted messages apparently from Mr. Erlewine and Ms. Pulchny, claiming that the "document relays legal advice from Apple counsel Sean Cameron", who is not a participant in this discussion.  Unless these redacted messages facially disclose the contents of Mr. Cameron's legal advice, they are not privileged and should not be redacted.[1]

---

[1] Apple has also redacted a portion of Ms. Lew's message (PRIV-APL-EG_00132073, at '075); Epic does not challenge that redaction.

**Emails Regarding Dating Apps Distributed on the App Store in the Netherlands**

PRIV-APL-EG_00132730 is an email chain among eight non-legal employees and in-house attorneys Sean Cameron, Jason Cody, and Ling Lew, which addresses dating apps distributed on the App Store in the Netherlands. Apple has redacted messages from non-lawyers Robert George and Mary Ann Brunson, claiming that the "redacted text reflect[s] legal advice from counsel regarding foreign regulatory issues". (*See* Privilege Log Entry No. 1074.) However, in the subsequent emails, Evayn Lundquist reports that she discussed Ms. Brunson's questions "with Trystan"—presumably referring to Trystan Kosmynka, the head of Apple's app review function (and a non-lawyer). Ms. Lundquist then replicates Ms. Brunson's questions and responds to them inline; while both are redacted in Ms. Brunson's original message, neither is remotely privileged. Moreover, none of the lawyers copied on the email chain participated in the discussion, further suggesting that Mr. George's and Ms. Brunson's redacted messages neither solicited nor conveyed any legal advice. Epic thus believes this document is likely improperly redacted.

**Emails in Response to Non-Lawyer's Request for Prompt Feedback on Scare Screen Copy**

PRIV-APL-EG_00136083 is an email chain sent to ten Apple employees, including both non-lawyers and in-house lawyers, discussing potential language for an Apple pop-up message that warns users clicking out of an app that they will "no longer be transacting with Apple." (PRIV-APL-EG_00136083, at '084.) Apple appears to have redacted a portion of a message sent by Bri Cote, a non-legal product design manager, claiming in its privilege log that the "redacted text reflect[s] legal advice from counsel regarding foreign regulatory issues". (*See* Privilege Log Entry No. 1321.) But the redacted portion appears to consist of screenshots on which Ms. Cote is seeking feedback from all recipients of the email, and none of the lawyers on the chain discernibly participate in the discussion. While the redacted portions may reflect screenshots on which lawyers have previously commented, that does not render them privileged unless the screenshots somehow disclose the content of legal advice, which appears highly unlikely. Therefore, Epic believes this document is likely improperly redacted.

**Private Message Thread Among Eleven Apple Employees**

PRIV-APL-EG_00137379 is a private message thread among non-lawyers Carolina Nugent, Chandru Venkataraman, Josh Elman, Nick Tucey, Sam Bavaro, Ken Moore and five unidentified additional participants, in which participants discuss in-app purchase requirements for apps on the South Korean App Store. Apple has redacted two segments in this message chain—including the identities of the senders—and asserts in its privilege log entry that the redacted text "reflect[s] information for the purpose of obtaining legal advice", identifying Ling Lew as the attorney involved. (Privilege Log Entry No. 1437.) But the unredacted portion does not show any message from Ms. Lew that could be soliciting such information. Thus, while the redactions concealing the identity of the sender of redacted messages makes it difficult for Epic to assess Apple's claim of privilege, the document does appear to be overly redacted based on the limited visible information.

DATED: April 17, 2025                          CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*