| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD..................................................................................................................1

DISCUSSION ............................................................................................................................2

CONCLUSION..........................................................................................................................3

# TABLE OF AUTHORITIES

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
   2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ................................................................................ 2

*In re Anthem, Inc. Data Breach Litig.*,
   2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ................................................................................ 2

*Apple Inc. v. Rivos, Inc.*,
   2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) ................................................................................ 1

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
   2023 WL 4335734 (S.D. Cal. May 10, 2023) ................................................................................ 2

*Ervine v. Warden*,
   214 F. Supp. 3d 917 (E.D. Cal. 2016) ............................................................................................ 2

*Kamakana v. City and Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) .................................................................................................... 1, 2

*Krommenhock v. Post Foods, LLC*,
   2020 WL 2322993 (N.D. Cal. May 11, 2020) ................................................................................ 3

*Lamartina v. VMware, Inc.*,
   2024 WL 3049450 (N.D. Cal. June 17, 2024) ................................................................................ 2

*Lee v. Great Am. Life Ins. Co.*,
   2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ................................................................................ 2

*Phillips v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) .................................................................................................... 1, 3

*PQ Labs, Inc. v. Qi*,
   2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ................................................................................ 1

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
   2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ................................................................................ 2

*Snapkeys, Ltd. v. Google LLC*,
   2021 WL 1951250 (N.D. Cal. May 14, 2021) ............................................................................ 1, 3

*UnifySCC v. Cody*,
   2023 WL 7170265 (N.D. Cal. Oct. 30, 2023) ................................................................................ 3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
   619 F. Supp. 3d 970 (N.D. Cal. 2021) ............................................................................................ 2

*Williams v. Apple Inc.*,
    2021 WL 2476916 (N.D. Cal. June 17, 2021) ................................................................................. 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ............................................................................................. 1

Local Rule 79-5 ................................................................................................................................. 1

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") respectfully moves the Court to seal portions of the privilege log entries submitted as an exhibit to Apple's Objections to certain of the Special Masters' privilege determinations issued on April 14, 2025, regarding Apple's production of re-reviewed and privileged documents ("Objections"), which was filed under section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"). The exhibit contains information sealable under controlling law and Local Rule 79-5. Specifically, the exhibit contains excerpts from Apple's privilege log prepared for the Special Masters conducting evaluation of the privilege claims stemming from Apple's re-review. The privilege log is required to be filed under the terms of the Protocol, but contains competitively sensitive, non-public information regarding Apple's engagement of certain outside legal counsel and personally identifiable information in the form of email addresses of Apple employees. Apple's proposed redactions of that information are highlighted in yellow in the un-redacted version of the exhibit that Apple is filing under seal and are itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

## LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted). Courts often find good cause exists to seal personally identifiable information. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers

1  of current and former employees).

2  Although a party must show compelling circumstances to seal information appended to dispositive motions, the standard for non-dispositive motions is "good cause." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023). In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

**DISCUSSION**

Apple seeks to seal personally identifiable information and competitively sensitive, non-public information regarding Apple's engagement of certain outside legal counsel in the privilege log submitted as an exhibit to Apple's Objections. *See* Perry Decl. ¶ 5.

Apple's administrative motion to seal is subject to the "good cause" standard because it concerns non-dispositive objections related to discovery. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v. Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning discovery generally are considered nondispositive of the litigation") (quotation omitted); *see also In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018 WL1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

Apple easily meets the good cause standard here. *Lamartina v. VMware, Inc.*, 2024 WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications). Apple's limited proposed redactions protect against the harmful disclosure of Apple's internal business decision-making. *See DNA Genotek Inc.*, 2023 WL 4335734, at *2 (finding good cause where disclosure would "undercut" a party's "position … in the marketplace"); *Apple Inc.*, 2024 WL 1204115, at *1. Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality

of its information. *See* Perry Decl. ¶ 3. Disclosure of the sealed information relating to the confidential engagement of outside counsel could harm Apple's business interests. *Id.* ¶ 3. Courts in this district have found not only good cause, but compelling reasons exist to seal personally identifiable information. *See Snapkeys*, 2021 WL 1951250, at *3 (granting motion to file under seal personally identifiable information, including email addresses and telephone numbers of current and former employees); *see also UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (finding compelling reasons to seal personally identifying information of employees, including names, addresses, phone numbers, and email addresses). Here, certain entries in the privilege log reveal personally identifiable information. Good cause exists to protect this information.

Moreover, Apple has narrowly tailored its sealing request to include only the information necessary to protect this personally identifiable information. *See* Perry Decl. ¶ 6; *Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–*3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information"). Apple has only partially redacted limited information within the privilege log entries. *See* Perry Decl. ¶ 6.

For the foregoing reasons, there is good cause that warrants partially sealing the exhibit to Apple's Objections.

## CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: April 18, 2025

Respectfully submitted,

By: */s/ Mark A. Perry*
     Mark A. Perry

WEIL, GOTSHAL & MANGES LLP

*Attorney for Apple Inc.*