# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 14, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 3595 (PRIV-APL-EG_00187074)**

Entry No. 3595 (PRIV-APL-EG_00187074) is a slide deck for a presentation on App Store competition and the Epic trial. As the cover email illustrates (PRIV-APL-EG_00187070), outside counsel prepared portions of this slide deck, reviewed and provided feedback on the slide deck, and directed a non-lawyer Apple employee to implement certain edits. In addition, the cover email indicates that outside counsel intended to use this deck to present to Apple employees on trial strategy and goals for the litigation, as well as strategy and goals for Apple's appeal. Because this document contains input from counsel and conveys legal advice, it is privileged and should be withheld. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege."); *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023) (privilege applies to "communications for the purpose of giving legal advice"); *see also In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) ("A draft prepared at the request of counsel or otherwise prepared by [a non-lawyer] and sent to counsel for review and legal advice is subject to the attorney-client privilege.").

**Entry Nos. 3679 (PRIV-APL-EG_00187811) & 3680 (PRIV-APL-EG_00187813)**

Entry No. 3679 (PRIV-APL-EG_00187811) is an email chain in which non-lawyers send talking points about Apple's ongoing litigation with Epic to outside counsel for legal review. The redacted portions of this email chain reflect information being shared by Apple personnel with counsel for the purpose of soliciting legal advice and are therefore privileged. "[C]ommunications between corporate personnel and . . . counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege," *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076, as are "confidential disclosures" made "to an attorney in order to obtain legal advice," *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *see FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016) ("facts collected at counsel's request for later use in providing legal advice are protected"). Thus, the redactions to this email chain should be upheld.

Entry No. 3680 (PRIV-APL-EG_00187813) is the attached PR Fact Sheet with talking points to use with media during the ongoing Epic proceedings. This document was sent by an Apple employee to outside counsel for the purpose of rendering legal advice. Because this document was "prepared by [a non-lawyer] and sent to counsel for review and legal advice," it is privileged. *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019); *see also In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2; *Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d at 30. This document should be withheld.

**Entry No. 3709 (PRIV-APL-EG_00188024)**

Entry No. 3709 (PRIV-APL-EG_00188024) is an email chain between non-lawyer Apple employees concerning the status of an ongoing Dutch regulatory action and appeal, in which the Apple employees relay and discuss the substance of discussions about legal strategy with Apple's legal department in Europe.   Although no lawyers appear on the emails, Apple employees communicate advice from "legal in Brussels" concerning Apple's appeal of the Netherlands Authority for Consumers and Markets (ACM) decision.   Communications "between nonlegal employees" are privileged where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation").   This document is therefore privileged and should be withheld.

**Entry No. 3734 (PRIV-APL-EG_00188162)**

Entry No. 3734 (PRIV-APL-EG_00188162) is an email chain between non-lawyers regarding a Coalition for App Fairness South Korea conference. Although only non-lawyers appear on the chain, one participant shares a legal summary of the outcomes of Apple's litigation against Epic. The summary is privileged as it provides legal analysis on how the judge's ruling impacts Apple's operations. In an earlier email communication, which was withheld for privilege and upheld by Special Master Gutierrez, the same non-lawyer shared this same legal summary with outside counsel, who provided feedback.  *See* Entry No. 2646 (PRIV-APL-EG_00175053) (non-lawyer sharing the summary with outside counsel, Mark Perry and Cynthia Richman, "for [their] review"). The legal summary now redacted in Entry No. 3734 reflects the edits and suggestions of lawyers. Draft materials "prepared by [a non-lawyer] and sent to counsel for review and legal advice" are privileged, *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019), as are communications "between nonlegal employees" where they "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *see also Chrimar Sys. Inc.*, 2016 WL 1595785, at *3.  This document is privileged and should be withheld.

DATED: April 18, 2025

WEIL, GOTSHAL & MANGES LLP

By: */s/ Mark A. Perry*
    Mark A. Perry

*Counsel for Defendant Apple Inc.*