UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED APRIL 14, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 14, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.

    Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Concerning Press and Communications (Entry Nos. 3662 and 3940)**

Entry No. 3662 (PRIV-APL-EG_00187665) is an email from Marni Goldberg, Director, Corporate Communications, to Fred Sainz, former Senior Director of Corporate Communications. Apple claims the email is about a "plan for regulatory objectives", but the subject of the email makes it clear it is about a public relations plan—generally not a legal issue. Apple also makes no claim that any legal advice was provided on the chain; rather, it maintains that the email chain is "related to information for the purpose of obtaining legal advice from counsel". Apple further asserts that the email contained a plan ultimately sent to Kate Adams, Apple's General Counsel, for review. However, the fact that a public relations plan, apparently drafted by public relations professionals, will be sent for review by an attorney does not render all iterations of such plan privileged; only the request for legal advice and any legal advice provided in response are privileged. And as for Apple's claim that the document was created "in conjunction with counsel", that claim is simply unsupported by Apple's privilege log, which does not disclose the involvement of any attorneys in the drafting of the plan (and does not predicate any privilege assertion on the involvement of such counsel). The document should not be withheld.

Entry No. 3940 (PRIV-APL-EG_00189948) is an email chain, and the top email is from Mr. Sainz to Ms. Goldberg, copying Hannah Smith, another Corporate Communications employee at Apple. Apple maintains that the document "reflect[s] legal advice from counsel regarding injunction compliance requirements for link format and buttons". But this communication is among nonlawyers, so at the very least, it is unlikely that the top email is privileged. Similarly, an earlier message on this chain is from Mr. Sainz directed to Ms. Goldberg (*see* Entry No. 4021, (PRIV-APL-EG_00190581)); it is also unlikely that this message is privileged. Finally, the subject of the email chain shows that it includes a request for approval from "Phil"—presumably Phil Schiller, a nonlawyer who may provide business approval, not legal advice—further suggesting this chain does not exclusively include communications that are primarily legal. The document should be produced, at most with redactions of any legal advice.

**Documents Concerning the Digital Markets Act (Entry Nos. 3727 and 4118)**

Entry No. 3727 (PRIV-APL-EG_00188138) is an email from Alexis Marks, nonlawyer Director of Congressional Relations at Apple, to twelve recipients, including several communications employees such as Mr. Sainz and Ms. Goldberg, as well as three in-house attorneys. The subject of the email is "DMA letter to Tim Cook", which presumably is business related. Based on the nonlawyer sender, the mix of nonlegal and legal recipients, and the business-focused subject of the email, it is unlikely the email is primarily legal. The document should not be entirely withheld.

Entry No. 4118 (PRIV-APL-EG_00191267) is a presentation regarding "Financial Ops" related to Apple's response to the DMA. Eric Gray, Commerce Product for Services (including the App Store), is the document's custodian. Apart from claims that the presentation reflects legal advice, Apple gives no indication that attorneys drafted this financial slide deck or any part thereof, nor does Apple indicate which attorney's

legal advice is supposedly reflected in the deck.  Multiple slide decks regarding Apple's response to regulatory changes, including the DMA, were introduced as exhibits in the February evidentiary hearing (with redactions only as necessary).  (*See, e.g.*, CX-0224; CX-0231.)  And, indeed, Apple's privilege log suggests that the presentation includes "redacted text".  It thus appears unlikely this financial presentation should be withheld.

**Non-Attorney Employee Messages (Entry Nos. 4130, 4162, 4179 and 4182)**

Entry No. 4130 (PRIV-APL-EG_00191600) is a message chain which includes Mr. Gray.  Apple describes the document as "related to legal advice", an assertion which does not, on its own, meet the standard for a valid claim of privilege.  Apple's privilege log asserts that the legal advice of Ling Lew, Apple in-house counsel, is implicated in this document, but it is unclear from the privilege log whether Ms. Lew is actually included on the chain.  And nothing in Apple's privilege log suggests that legal advice is actually sought, provided or otherwise disclosed.  It is unlikely that this seven-page document is privileged in its entirety.  The document should be produced, with redactions if necessary.

Entry No. 4162 (PRIV-APL-EG_00191820) is a message chain which includes Aaron Deardon (Pricing), Mr. Gray and three unnamed "others".  The message is regarding "injunction compliance analysis of commission rate", a highly relevant topic in the evidentiary hearing.  Apple asserts protection over the legal advice of Ms. Lew, but the chain apparently only "reflects" legal advice.  It is unclear whether Ms. Lew is actually present on the chain, or whether the chain discloses any legal advice.  Unless the entire chain comprises exclusively legal advice provided by Ms. Lew, or a request for her advice, the document should be produced (with redactions if needed).

Entry No. 4179 (PRIV-APL-EG_00192077) and Entry No. 4182 (PRIV-APL-EG_00192097) are message chains with Mr. Gray regarding "injunction compliance requirements for user design and interface" and "regarding injunction compliance and U.S. Link Entitlement program eligibility", respectively.  Both of these message chains are from January 16, 2024—the same day Apple filed its Notice of Compliance with the Injunction.  Apple asserts both attorney-client privilege and work product protection over each document, based on the supposed involvement of Ms. Lew.  But both chains are eleven pages long and apparently include nonlegal personnel; it is unlikely that the entirety of each document is comprised of Ms. Lew's legal advice, a request for her advice and/or attorney work product.  The documents should be produced (with appropriate redactions if needed).

DATED: April 18, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*