UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced in redacted form on April 14, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

  Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Direct Slack Messages Discussing Legal Advice: PRIV-APL-EG_00128315, PRIV-APL-EG_00130876, PRIV-APL-EG_00132073, PRIV-APL-EG_00137379**

PRIV-APL-EG_00128315 is a direct Slack message among four non-lawyers regarding public relations planning for certain App Store changes. Contrary to Epic's belief, it is not the case that the redacted content is privileged because it reveals "the identity of counsel." Rather, it is redacted because it relays information about legal advice provided by Ling Lew (in-house counsel) to other non-lawyers. The exchange is privileged as a description of information that is the subject of legal advice. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

PRIV-APL-EG_00130876 is a direct Slack message between two non-lawyers (with others included on the thread) in which a non-lawyer requests information relevant to injunction compliance that he indicates is intended to be "relay[ed] to [outside counsel]." Information gathered at the direction of outside counsel for the purpose of rendering legal advice is privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016); *see also In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *4 (N.D. Cal. June 16, 2006) ("The attorney-client privilege protects documents which involve either client communications intended to keep the attorney apprised of continuing business developments, with an implied request for legal advice based thereon, or self-initiated attorney communications intended to keep the client posted on legal developments and implications, including implications of client activity noticed by the attorney but with regard to which no written request for advice from the client has been found.").

PRIV-APL-EG_00132073 is a direct Slack message among several non-lawyers, as well as Ling Lew (in-house counsel), regarding changes made to the App Store in the Netherlands and discussing legal advice received from Sean Cameron (in-house counsel). Epic asserts that the redacted content is not privileged "[u]nless these redacted messages facially disclose the contents of Mr. Cameron's legal advice." Dkt. 1463, at 3. That is precisely what these message disclose—in the redacted content, non-lawyers relay and discuss legal advice received from Mr. Cameron. This discussion among non-lawyers of legal advice received from in-house counsel is privileged. *See Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *Chrimar Sys.*, 2016 WL 1595785, at *3.

PRIV-APL-EG_00137379 is a direct Slack message among several non-lawyers, as well as Ling Lew (in-house counsel), regarding changes made to the App Store in the Netherlands and Korea. The redacted content consists of a question to Ling Lew (in-house counsel) regarding the treatment of certain apps on multiple App Store storefronts, some discussion of that question, and Ms. Lew's response. Because this is an exchange soliciting and providing legal advice, it is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

**Text Messages Discussing Legal Advice: PRIV-APL-EG_00130635, PRIV-APL-EG_00130709**

PRIV-APL-EG_00130635 is a text message chain among several non-lawyers regarding various considerations related to changes Apple was making in response to new regulatory requirements in the European Union. The majority of the chain is unredacted. The only redacted portion relays the substance of a request for legal advice to in-house counsel Kyle Andeer, Sean Dillon, and Brendan McNamara regarding certain aspects of those changes. The scope of work, if left unredacted, would disclose the subject of a request for legal advice to these in-house counsel and is therefore privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

PRIV-APL-EG_00130709 is a text message chain among several non-lawyers regarding finance questions relevant to the injunction compliance plan at issue in this litigation. The majority of the chain is unredacted. The redacted portion describes advice provided by legal regarding the deadline for complying with the injunction. Apple is not asserting privilege over "every document that is in some way connected with an effort to achieve legal compliance," as Epic suggests, *see* Dkt. 1463, at 3, but rather has proposed a narrow redaction to text that "disclose[s] the contents of legal advice" expressly obtained from counsel, *id.* at 2. The exchange is therefore privileged. *See Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *Chrimar Sys.*, 2016 WL 1595785, at *3.

**Emails Discussing Legal Advice: PRIV-APL-EG_00131347, PRIV-APL-EG_00136083, PRIV-APL-EG_00132730**

PRIV-APL-EG_00131347 is an email from a non-lawyer to a listserv cc'ing Jason Cody (in-house counsel) and another non-lawyer. In the email, the sender provides a summary of a recent update published to Apple's website regarding App Store changes in the Netherlands. The summary is unredacted. The only redacted portion is a short paragraph providing information about how and from whom to seek additional legal advice. Because this content relays the subject of a request for legal advice, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

PRIV-APL-EG_00136083 is an email chain among several non-lawyers, as well as Ling Lew and Jason Cody (both in-house counsel), regarding various options under consideration for messaging to users who are considering leaving an app to transact directly with a developer. The majority of the chain is unredacted, including most of the substantive discussion among the non-lawyers. Epic argues that "Apple appears to have redacted a portion of a message sent by Bri Cote," a non-lawyer, consisting of "screenshots on which Ms. Cote is seeking feedback." Dkt. 1463, at 4. It is unclear to what message Epic is referring. The chronologically last email in the chain is from Ms. Cote, but is not redacted, and there are no other emails from Ms. Cote in the chain. The redacted content consist of three emails sent by Ms. Lew and Mr. Cody (contrary to Epic's plainly inaccurate contention that "none of the lawyers on the chain discernibly participate in the discussion"), two of which are in response to a redacted email from a different non-lawyer seeking legal advice directly from Ms. Lew. Apple has not redacted any part of any message sent by Ms. Cote and has not redacted any "screenshots." Because Apple has redacted only those portions of the email soliciting or providing legal advice, the redactions are appropriate. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). Epic's arguments otherwise appear to be premised on a misapprehension of the unredacted and redacted content.

Apple will produce PRIV-APL-EG_00132730 without redaction.

4

DATED: April 21, 2025                                    WEIL, GOTSHAL & MANGES LLP
                                                         By: */s/ Mark A. Perry*
                                                         *Counsel for Defendant Apple Inc.*