UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

     Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents from April 14, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

     Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Emails Regarding Press Matters: Entry Nos. 3662 (PRIV-APL-EG_00187665), 3940 (PRIV-APL-EG_00189948)**

      PRIV-APL-EG_00189948 is an email chain initiated by a non-lawyer to Heather Grenier and Alanna Rutherford (both in-house counsel) and outside counsel seeking advice and feedback regarding outreach to press regarding the implications of recent court decisions. Outside counsel provides feedback and the non-lawyer indicates in a subsequent email that Ms. Grenier had reviewed and approved as well. The top (chronologically last) email in the chain is between only the non-lawyers, but consists only of a statement about whether to send the draft press outreach to senior leadership that day. Because the email exchange consists of a solicitation of legal advice and the provision of legal advice, it is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

      Apple will produce PRIV-APL-EG_00187665 without redaction.

**Documents Related to the Digital Markets Act: Entry Nos. 3727 (PRIV-APL-EG_00188138), 4118 (PRIV-APL-EG_00191267)**

PRIV-APL-EG_00188138 is an email regarding a letter sent by members of Congress to Google regarding certain aspects of Google's operating system. Apple did not assert privilege over the letter, which was attached to the withheld email. *See* PRIV-APL-EG_00188139. In the email, a non-lawyer reaches out to several recipients, including Kyle Andeer, Sean Cameron, and Rachel Flipse (all in-house counsel), providing information about the context for the letter relevant to Apple's legal strategy around potential legislative action. Because the email is a "client communication[] intended to keep the attorney apprised of continuing business developments, with an implied request for legal advice based thereon," it is privileged. *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *4 (N.D. Cal. June 16, 2006).

Apple will produce PRIV-APL-EG_00191267 without redaction.

**Message Chains: Entry Nos. 4130 (PRIV-APL-EG_00191600), 4162 (PRIV-APL-EG_00191820), 4179 (PRIV-APL-EG_00192077), 4182 (PRIV-APL-EG_00192097)**

PRIV-APL-EG_00191600 is a text message chain among non-lawyers discussing Apple's plan for implementing the contractual arrangements needed to effect changes in App Store policies in response to regulatory developments. The chain describes the plan outlined by Ling Lew (in-house counsel) regarding how Apple will establish the contractual provisions relevant to he changes. Because this text message chain is for the sole purpose of relaying legal advice received from in-house counsel, it is privileged. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

PRIV-APL-EG_00191820 is a direct Slack message chain among Ling Lew (in-house counsel) and two non-lawyers, with other non-lawyers copied on the thread. The first message in the chain consists of an update from Ms. Lew regarding new contracts needed to effect App Store changes and a question seeking information needed for those contracts. A non-lawyer provides the requested information, Ms. Lew provides an additional update and asks another question, and the non-lawyers on the chain provide additional information. The chain comprises express legal advice, *see Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002), and information solicited by counsel for the purpose of providing legal advice, *see FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016), and is therefore privileged.

PRIV-APL-EG_00192077 is a text message chain between Ling Lew (in-house counsel) and a non-lawyer. The exchange is a discussion between Ms. Lew and the non-lawyer regarding Ms. Lew's draft of new contractual terms needed to effect App Store changes. This exchange between a lawyer and her client for the purpose of discussing draft contracts falls squarely within the privilege. *See Sanmina Corp.*, 968 F.3d at 1116. PRIV-APL-EG_00192097 is a duplicate of the same text message chain.

4

|  |  |
|---|---|
| DATED: April 22, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |