UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    *Plaintiff*, *Counter-defendant*,<br><br>    v.<br><br>APPLE INC.,<br><br>    *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following response to Apple's Objections to the Special Masters' rulings ("Objections"), filed on April 18, 2025. (Dkt. 1466.) Epic does not have access to all of the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege log entries for the documents.

- Entry No. 3595 (PRIV-APL-EG_00187074)—This document is apparently a slide deck in the custody of press and communications professional, Marni Goldberg. Apple's privilege log does not claim the deck discloses any legal advice. Rather, it claims the deck "reflects" legal advice and then explains that the deck "includes information regarding litigation currently pending against Apple", which "*appears* to have been drafted with the assistance of outside counsel" and which "includes notes that *appear* to be from attorneys". The privilege log then asserts that the document is privileged on the basis of the purported involvement of no fewer than four Apple in-house counsel, including Apple's General Counsel, Kate Adams. But, apparently none of these allegedly implicated attorneys could confirm for the purposes of the privilege log the involvement of outside counsel in the deck's creation or that any of the deck's notes originated from them (or other lawyers working at their direction). Apple's privilege assertion thus hinged entirely on the document itself being facially privileged—and the Special Master who examined the document found it was not.

    In challenging that decision, Apple's Objection shifts to new arguments and evidence. Apple's Objection claims that the cover email for the deck, a document Apple identifies as PRIV-APL-EG_00187070 and that was produced to Epic as APL-EG_11539228 (attached herein as Exhibit A to the Even Declaration), makes clear the involvement of outside counsel in preparation of the deck. Not so. The cover email suggests the deck was prepared by communications personnel and subject to two rounds of review. First, the cover email indicates "edits" Ms. Goldberg discussed over the phone with both Fred Sainz (another Apple communications professional) and outside counsel (Ex. A at top of page '229); those have already been implemented and presumably are not discernible from the face of the deck (and to the extent they are discernible and reflect legal advice, they could be redacted). Second, outside counsel provides further "comments" regarding spelling and the addition of a news quote (Ex. A at page '228); this advice was already produced unredacted, and Apple itself therefore does not assert it is privileged.

    But even setting that aside, the Special Master was not presented with the argument that Apple now raises in its Objection, and the Special Master may well have not even reviewed the cover email—because Apple did not rely on it in the privilege log as a basis for its privilege assertion. As this Court has previously held, Apple may not appeal a Special Master's ruling on the basis of arguments not presented to the Special Master. (Dkt. 1139 at 1-2.) Apple's Objection to Entry No. 3595 should therefore be overruled.

- Entry Nos. 3679 (PRIV-APL-EG_00187811) and 3680 (PRIV-APL-EG_00187813)—In Entry No. 3679, Apple seeks to redact talking points sent as an email among two Apple communications team members (Ms. Goldberg (the document's custodian) and Mr. Sainz), copying yet a third member of that team (Hannah Smith) and a partner at a firm Apple has apparently hired for its government relations and crisis management work—not as outside litigation counsel. The email's child attachment, Entry No. 3680, is a "PR Fact Sheet". Apple argues that because it was "sent by an Apple employee to outside counsel", the press document is a privileged request for legal advice. But (i) internal exchanges among Apple communications personnel do not become privileged because an attorney is copied;

(ii) sending an email or document to an attorney for their review does not necessarily reflect a request for *legal* advice, especially where the attorney is hired as a consultant on public relations issues and not strictly legal ones; and (iii) even if the PR Fact Sheet was, at some point in the email chain, sent to outside counsel for legal review, that does not render subsequent iterations of the document privileged: "The legal advice requested of counsel, and the advice provided, are privileged, but that's it". (Dkt. 1056 at 1.) A Special Master reviewed these documents and did not find Apple's claims of privilege were substantiated, and Apple's Objections do not support its claim that this was in error.

- Entry No. 3709 (PRIV-APL-EG_00188024)—This document is an email among press personnel—Ms. Goldberg, Ms. Smith and Emma Wilson. Apple's privilege log states that the email reflects an "update from Legal" that is shared at the direction of an attorney, but neither the attorney supposedly providing legal advice nor the attorney supposedly directing its dissemination among communications personnel are identified in the log. Apple repeats this assertion in its Objection, claiming the document reflects updates from "legal in Brussels" about the status of proceedings in Europe. But updates about the status of proceedings may or may not reflect legal advice, as distinct from simple factual reporting. Here, a Special Master reviewed the email and found that it did not contain privileged legal advice. Epic does not have access to the document, and therefore cannot assess Apple's assertion that this was error.

- Entry No. 3734 (PRIV-APL-EG_00188162)—This document is an email from Mr. Sainz to Ms. Goldberg. The subject indicates the email concerns a European news source's reporting on a conference in South Korea. Apple's Objection states that this email chain includes a summary edited by counsel and so "reflects the edits and suggestions of lawyers". (Dkt. 1466 at 5.) However, many of a company's documents reflect attorney input—privilege is implicated only where a reader can *discern* the legal advice given from the document itself or surrounding context. Entry No. 3734 is an excellent example of this principle: Apple defends its privilege claim by citing another document, in which similar contents were sent to outside counsel for review and comment. (*Id.*) That other email apparently reflected a request for legal advice, and thus was appropriately withheld; in contrast, Entry No. 3734, which contains the same summary as edited following this legal advice, is not itself privileged, as its review would presumably not disclose the legal advice provided (if any). The Special Master accordingly reviewed this email and determined that its contents were not privileged, and the information provided in Apple's privilege log entry and its Objection do not support Apple's contention that this holding was erroneous.[1]

---

[1] Apple's privilege log indicates that Apple seeks to withhold the document in full. In its Objection, however, it appears to shift, stating that the allegedly privileged material is "redacted", but nevertheless seeking to "with[o]ld" the document. (Dkt. 1466 at 5.) To the extent this is an attempt by Apple to narrow its claim of privilege following an unfavorable Special Master ruling, this Court has held that Apple may not do so. (Dkt. 1139 at 2-3.)

DATED: April 22, 2025					CRAVATH, SWAINE & MOORE LLP
							By: */s/ Yonatan Even*
							*Counsel for Plaintiff Epic Games, Inc.*