# EXHIBIT A
# (Redacted)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        *Plaintiff*, *Counter-defendant*,<br><br>    v.<br><br>APPLE INC.,<br><br>        *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on April 9 and 10, 2025.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing.

    Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Press Email with a Non-Covered Third Party**

PRIV-APL-EG_00176539 is an email chain about an upcoming report from a governmental regulatory body, the Korean Communications Commission (KCC). Apple's privilege log states that the "redacted text provid[es] legal advice from counsel regarding foreign regulatory issues press and communications legal strategy". However, the top email in the chain is from ▇▇▇, an associate at ▇▇▇, a third-party business advisory firm, to Marni Goldberg, Apple press and communications employee, copying five other ▇▇▇ employees and Hannah Smith, another Apple press employee. Apple has vitiated any purported privilege with respect to this entire chain by sharing it with a third-party consultancy and asking it to provide feedback on "media coverage". *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 2022 WL 885368, at *2 (N.D. Cal. Mar. 25, 2022) (finding privilege waived where party did not "explain why a public relations firm is essential to providing legal advice, such that Plaintiffs' counsel would have been unable to provide competent advice absent [the public relation firm's] involvement").) Apple has previously claimed that ▇▇▇ acted as a "functional employee" such that the privilege extends to it under *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010). But the "functional employee" exception is a narrow one that is limited to circumstances not present here—typically when small businesses lack an internal function and thus rely on outsourcing that function to a third party. *See, e.g., Resolute Forest Prods.*, 2022 WL 885368, at *3 (finding no "functional employee" relationship where a public relations firm did not "act[] as Plaintiffs' sole representative to the public, government, or Defendants" but "was hired to advise Plaintiffs' counsel as to legal and media strategy"); *In re Copper Market Antitrust Litig.*, 200 F.R.D. 213, 216, 219 (2001) (a public relations firm is the "functional equivalent of an in-house public relations department" only if it is, "essentially, incorporated into [the corporation's] staff to perform a corporate function"). Here, Apple operates a sizeable and active in-house public relations team; it is not a small business outsourcing those functions to ▇▇▇.

Moreover, even assuming *arguendo* that sharing privileged information with ▇▇▇ did not vitiate any privilege, the document is heavily over-redacted. Specifically, the first-in-time redaction in the email chain (on page '6552) is an email from Soyoung Kang, a non-lawyer communications employee, to four other Apple communications personnel, discussing "Korean news coverage"—a non-legal issue. Ms. Kang cannot be giving legal advice nor requesting it from non-attorneys. The next redactions are to a later-in-time email from Ms. Goldberg to ▇▇▇ employees in which she requests their review of a draft email to Apple executives. Ms. Goldberg shares with ▇▇▇ her intention to discuss certain aspects of the draft with "competition counsel". But there appears to be no justification for the redactions covering the underlying draft itself on pages '6549-51 (seeking ▇▇▇ input) and '6540-44 (reflecting ▇▇▇ input).[1] Draft emails created by Ms. Goldberg and her team are neither legal advice nor requests for such advice, and the fact that Ms. Goldberg intended to obtain some input from legal on these drafts at some point down the road does not render these drafts privileged.

---

[1] The feedback itself is unredacted at pages '6544-45.

**Email Requesting Business Feedback**

**PRIV-APL-EG_00098529** is an email from Apple executive and key hearing witness Phil Schiller to Trystan Kosmynka, Senior Director of App Review, and Apple business lawyer Sean Cameron. Copied on the email are Andreas Wendker, a Vice President of Software Engineering, Dan Martinez, a Senior Manager at Apple, and two in-house counsel. This email chain is about "App Store Review Guideline Analysis for Alt[ernative] Distribution". The redactions on pages '8529 and '8530 cover an email from Mr. Kosmynka to Messrs. Schiller and Cameron about "which [App Store Review] guidelines could apply to alt[ernative] distribution". But Mr. Kosmynka, a non-lawyer, cannot be giving legal advice, and it is not obvious that an email addressed to both non-attorney Mr. Schiller and business lawyer Mr. Cameron contains a request for legal advice. The document should be produced unredacted.

**Emails Relating to Europe's Digital Markets Act**

**PRIV-APL-EG_00273262** is an email chain about developer issues related to the Digital Markets Act (DMA) in Europe. The redacted portions appear to cover emails from Geoff De Wilde, a business operations project manager, to Srabasti Mukherjee, a senior software engineer. The email chain begins with a meeting invitation to several members of Apple's business and finance team, including Timothy Kim, Eric Gray and Apple witness, Kunal Vij. The only counsel potentially implicated in the document is in-house counsel Ling Lew, but she does not engage in the email chain. Based on the business-centered title of the email chain and the Apple business employees involved in the email discussion, Epic believes these redactions are likely improper.

**PRIV-APL-EG_00273544**[2] is an email among Mr. Sainz, Ann Thai, a non-lawyer businessperson, several Apple business team members, and two Apple in-house counsel (Mr. Cameron and Kyle Andeer). The email is about the "Comm[unication]s Core" for Apple's European regulatory efforts. The redacted text covers an email from Ms. Thai regarding the "proposed scope" of a small group working on the "strategy" of "comms" on DMA response efforts. This topic—the proposed scope of a working group's efforts on communications strategy—is not a request for legal advice (and Ms. Thai obviously cannot provide legal advice, as she is not an attorney). Further, Mr. Andeer was added to the email chain by Mr. Sainz *after* Ms. Thai's initial email, so the only lawyer receiving Ms. Thai's proposed scope of work was Mr. Cameron, a business lawyer, who did not respond or comment on it.

**PRIV-APL-EG_00280205**[3] is an email chain in which the top email is from Brendan McNamara to Gary Davis, both of whom are Apple in-house attorneys, copying lawyer and non-lawyer Apple staff alike. The email is an "Executive Meeting Recap" and, according to Apple's privilege log, contains "legal advice from counsel regarding foreign regulatory issues in the European Union, including DMA". However, this email was sent shortly before the Court's Injunction came into effect and Apple announced its response, making the notes from this executive meeting of potentially great interest in these proceedings. The entirety of Mr.

---

[2] For the avoidance of doubt, Epic also contests the same redactions in PRIV-APL-EG_00273622, an earlier-in-time version of this document.

[3] For the avoidance of doubt, Epic also contests the same redactions in PRIV-APL-EG_00277366 and PRIV-APL-EG_00278775, earlier-in-time versions of this email chain.

McNamara's initial email is redacted, even though a "recap" from a meeting with Apple executives likely does not consist of privileged legal advice—let alone in its entirety. At the very least, the portions of the email merely providing a factual summary (or "recap[ping]") the meeting with executives should not be redacted.

**PRIV-APL-EG_00273541**, **PRIV-APL-EG_00273553** and **PRIV-APL-EG_00273490** are all earlier-in-time versions of PRIV-APL-EG_00266168, an email chain the redaction of which Epic has previously contested. (Dkt. 1428 at 2-3.) Epic has the same concerns regarding the redactions in these versions of the email chains and, to avoid repetition for the Court, simply notes this objection to preserve its prior filing doing so.

**Press- and Communications-Related Emails**

**PRIV-APL-EG_00181197** is an email chain, the top email of which is from Ms. Goldberg to Mr. Sainz, copying Kristin Huguet Quayle, Apple's Vice President of Worldwide Communications. The email chain begins with a cover email attaching a "draft response" to Korean regulators. On page '1198, an email from Mr. Sainz to "Phil and Kate"—presumably Apple executives Mr. Schiller and Kate Adams, Apple's General Counsel—providing the statement for their review is redacted. However, Mr. Sainz cannot be providing legal advice, as he is not an attorney, nor is the email "primarily" seeking legal advice, as he jointly solicits Mr. Schiller and Ms. Adams for their feedback. In addition, the statement itself is not protected by the privilege simply because the press team "collaborated" with Mr. Andeer on it, especially where a viewer cannot discern the legal advice from the final product itself. Next, Mr. Schiller's response to Mr. Sainz is redacted almost in its entirety. As Mr. Schiller cannot provide legal advice and Mr. Sainz cannot give it, this communication does not appear to be privileged. Finally, the top email in the chain from Ms. Goldberg to Mr. Sainz with a proposed change to "address [Mr. Schiller's] comments" is redacted. (PRIV-APL-EG_00181197 at '1197.) However, an amended draft created by a non-attorney (Ms. Goldberg) in response to comments from another non-attorney (Mr. Schiller) and offered for review by yet a third non-attorney (Mr. Sainz) is neither a request for nor the provision of legal advice. Therefore, Epic believes these redactions are improper.[4]

**PRIV-APL-EG_00176523** is an email chain, the top email of which is from Heather Grenier, in-house counsel, to Mr. Sainz, copying Ms. Goldberg and Ms. Quayle. The email is entitled "Updated Briefing Materials: Wisconsin". Apple states in its privilege log that these redactions are for attorney-client privilege and work product protections. The subject line of this email and Apple's description in its privilege log suggest that the email is related to press and communications strategy. Apple has redacted almost the entirety of the document, consisting of at least an email from Ms. Goldberg to Carson Oliver, Apple business executive and evidentiary hearing witness, and Jen Brown, Apple in-house counsel. Epic believes this email may not be privileged given both the non-legal nature of the topic being discussed and the fact that the email was addressed simultaneously to Mr. Oliver and Ms. Brown. Further, later emails in the chain indicate that what Ms. Goldberg shares is a communications "plan", which is neither legal advice nor attorney work product. (PRIV-APL-EG_00176523 at '6523.)

---

[4] For the avoidance of doubt, Epic does not challenge the redactions to Mr. Andeer's email on page '1200.

**PRIV-APL-EG_00181225** is an email chain between Ms. Goldberg and Isaac Rubin, a non-lawyer speechwriter at Apple.  This document, as well as three other earlier-in-time versions of this same email chain, are almost entirely redacted.[5]  A lesser-redacted version of this email chain, PRIV-APL-EG_00184285, shows some of what is covered by the extensive redactions in the other documents:  Mr. Rubin was apparently incorporating information about Apple's response to the Injunction to an external-facing "Q&A" document. (PRIV-APL-EG_00184285 at '4288.)  He later in the email chain addresses a summarizing email to both Ms. Goldberg and Ms. Brown, which is also redacted.  (PRIV-APL-EG_00184285 at '4288.)  Epic believes that redacted text in PRIV-APL-EG_00184285 may not be privileged given both the non-legal nature of the topic being discussed and the fact that the emails appear to be addressed simultaneously to Ms. Goldberg and Ms. Brown.  Based on the unredacted text in PRIV-APL-EG_00184285, Epic also believes that the other four documents are improperly over-redacted.

|  |  |
|---|---|
| DATED: April 15, 2025 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |

---

[5] For the avoidance of doubt, Epic also contests the same redactions in PRIV-APL-EG_00176512, PRIV-APL-EG_00181105 and PRIV-APL-EG_00185173, earlier-in-time versions of this document with varying amounts of the chain redacted.