UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH  **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents from April 15, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Emails Relating to Developer Communications: Entry Nos. 5699 (PRIV-APL-EG_00205905), 5715 (PRIV-APL-EG_00206033), 5735 (PRIV-APL-EG_00206177), 5739 (PRIV-APL-EG_00206197), 8035 (PRIV-APL-EG_00229371), 8347 (PRIV-APL-EG_00231624)**

PRIV-APL-EG_00205905 is an email exchange initiated by a non-lawyer seeking feedback from Sean Cameron and Jason Cody (both in-house counsel) regarding an inquiry from a developer about the interpretation and application of certain App Store developer rules. Mr. Cameron adds to the thread Candace Martin, another in-house counsel, for her input, and there is a discussion between Mr. Cameron and the non-lawyer about the request for legal advice. Because this is an exchange soliciting and providing legal advice, it is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

PRIV-APL-EG_00206033 is an email summary from a non-lawyer to Sean Cameron, Jason Cody, Sean Dillon, and Doug Vetter (all in-house counsel), with other non-lawyers cc'ed, relaying a conversation the sender had with a developer about certain policy questions relevant to the App Store. PRIV-APL-EG_00206177 is a continuation of the same email thread, in which Mr. Cameron comments on and responds to the email summary. Both documents consist of "client communications intended to keep the attorney apprised of continuing business developments, with an implied request for legal advice based thereon," *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, at *4 (N.D. Cal. June 16, 2006), and the second includes an express provision of legal advice, *see Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). They are both privileged.

PRIV-APL-EG_00206197 is similar to PRIV-APL-EG_00205905. It is an email exchange initiated by a non-lawyer seeking feedback from Sean Cameron and Jason Cody (both in-house counsel) regarding an inquiry from a developer about the interpretation and application of certain App Store developer rules. Although Mr. Cameron is less active in this thread, there is still an express request for legal advice to an attorney and responsive advice from Mr. Cameron. The exchange is therefore privileged. *See Sanmina Corp.*, 968 F.3d at 1116.

PRIV-APL-EG_00231624 is an email exchange initiated by outside counsel requesting information to help prepare for a presentation at a European Commission event regarding Apple's compliance with new regulatory requirements in the European Union. The non-lawyers at Apple thereafter correspond with one another and coordinate regarding the organization and transmission of that information at the request of outside counsel. Because the email exchange concerns the preparation of information at the direction of counsel for the purpose of obtaining legal advice, it is privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016).

Apple will produce PRIV-APL-EG_00229371 without redaction.

**Email Concerning Digital Markets Act: Entry No. 7717 (PRIV-APL-EG_00225069)**

      PRIV-APL-EG_00225069 is an email exchange regarding the nomenclature used in connection with certain new App Store features and changes. The email exchange is initiated by a non-lawyer requesting advice from Ling Lew (in-house counsel) about that nomenclature, after which a discussion ensues among Ms. Lew and other non-lawyers. The discussion does not address public relations issues related to nomenclature, but rather involves substantive questions about which description is most accurate. Because the exchange is a discussion soliciting and providing legal advice, it is privileged. *See Sanmina Corp.*, 968 F.3d at 1116.

**Emails Concerning Korea Regulatory Issues: Entry Nos. 7868 (PRIV-APL-EG_00228278), 7877 (PRIV-APL-EG_00228328)**

PRIV-APL-EG_00228278 is an email exchange initiated by Kyle Andeer (in-house counsel) relaying a discussion with Kate Adams (General Counsel) about an ongoing investigation by the Korea Communications Commission relevant to the App Store. Mr. Andeer seeks information and updates about the different options under consideration for the primary purpose of preparing a response to a request from the Korea Communications Commission. Various non-lawyers thereafter discuss the approaches under consideration. Because the email exchange is a request from in-house counsel seeking information for the purpose of providing legal advice and advocacy in connection with an ongoing regulatory matter, it is privileged. *See Boehringer Ingelheim Pharms.*, 180 F. Supp. 3d at 30.

PRIV-APL-EG_00228328 is an email exchange initiated by Sean Cameron (in-house counsel) to Sean Dillon (also in-house counsel) and two non-lawyers. The email concerns a presentation deck regarding App Store changes being considered in Korea. Mr. Cameron states that he had "added an overview of the law to the deck"—a *legal* task resulting in *legal* advice—and relays a conversation he had with Mr. Dillon regarding potential App Store changes. A non-lawyer responds with a question and thoughts directed to Mr. Cameron regarding some of the content in the deck, and another non-lawyer raises a question to Mr. Cameron seeking information about how Apple could enforce its legal rights. The fact that Mr. Cameron in other documents provides *business* feedback does not negate the privilege when he is providing advice in his capacity as in-house counsel. The exchange contains legal advice and confidential information exchanged for the purpose of soliciting legal advice, and it is therefore privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024); *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076.

**Emails Concerning Injunction Compliance: Entry Nos. 7968 (PRIV-APL-EG_00229040), 8180 (PRIV-APL-EG_00230063)**

PRIV-APL-EG_00229040 is an email sent from Sean Cameron (in-house counsel) to two non-lawyers seeking clarification about an option for injunction compliance then under consideration. Mr. Cameron's email is directed at understanding the contours of the option for the purpose of discussing arguments in support of Apple's compliance efforts, and he states as much in the body of the email. Because this is a request for confidential information from an attorney in pursuit of providing legal advice, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2. The fact that other communications concerning Apple's injunction compliance efforts were held to not be privileged does not negate the privilege as to communications from in-house counsel about legal advice.

PRIV-APL-EG_00230063 is an email from Sean Cameron (in-house counsel) to a non-lawyer offering a "pitch[]" for an injunction compliance option. The content of the email makes clear that Mr. Cameron was offering this option from a legal perspective, as he references the strength of the arguments for compliance and suggests the "litigators" will need to weigh in on the proposal. Because this message is an express provision of legal advice, it is privileged. *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076.

| | |
|---|---|
| DATED: April 23, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |