DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>     Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>     Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Thomas S. Hixson |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD ............................................................................................................................. 1

DISCUSSION ......................................................................................................................................... 2

CONCLUSION ....................................................................................................................................... 4

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Al Otro Lado, Inc. v. Wolf*,
   2020 WL 5422784 (S.D. Cal. Sept. 10, 2020) ....................................................................... 2

*In re Anthem, Inc. Data Breach Litig.*,
   2018 WL 3067783 (N.D. Cal. Mar. 16, 2018) ....................................................................... 2

*Apple Inc. v. Rivos, Inc.*,
   2024 WL 1204115 (N.D. Cal. Mar. 21, 2024) ....................................................................... 1

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
   2013 WL 412864 (N.D. Cal. Feb. 1, 2013) ........................................................................... 3

*DNA Genotek Inc. v. Spectrum Sols., L.L.C.*,
   2023 WL 4335734 (S.D. Cal. May 10, 2023) ........................................................................ 2

*Ervine v. Warden*,
   214 F. Supp. 3d 917 (E.D. Cal. 2016) .................................................................................... 2

*Kamakana v. City and Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ........................................................................................... 1, 2

*Krommenhock v. Post Foods, LLC*,
   2020 WL 2322993 (N.D. Cal. May 11, 2020) ....................................................................... 3

*Lamartina v. VMware, Inc.*,
   2024 WL 3049450 (N.D. Cal. June 17, 2024) ....................................................................... 2

*Lee v. Great Am. Life Ins. Co.*,
   2023 WL 8126850 (C.D. Cal. Nov. 13, 2023) ....................................................................... 2

*Phillips v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ........................................................................................... 1, 3

*PQ Labs, Inc. v. Qi*,
   2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) ...................................................................... 1

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
   2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ........................................................................ 2

*Rodriguez v. Google LLC*,
   2024 WL 42537 (N.D. Cal. Jan. 3, 2024) .............................................................................. 3

*Rodriguez v. Google LLC*,
   2025 WL 50425 (N.D. Cal. Jan. 7, 2025) .............................................................................. 3

*Snapkeys, Ltd. v. Google LLC*,
    2021 WL 1951250 (N.D. Cal. May 14, 2021) ............................................................................ 1, 2

*UnifySCC v. Cody*,
    2023 WL 7170265 (N.D. Cal. Oct. 30, 2023) ................................................................................ 3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
    619 F. Supp. 3d 970 (N.D. Cal. 2021) ........................................................................................... 2

*Williams v. Apple Inc.*,
    2021 WL 2476916 (N.D. Cal. June 17, 2021) ............................................................................... 3

**Other Authorities**

Federal Rule of Civil Procedure 26(c) ................................................................................................. 1

Local Rule 79-5 .................................................................................................................................... 1

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") submits this statement in support of Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (Dkt. 1464) ("Epic's Motion"). Apple respectfully requests that the Court partially seal Exhibit A to Epic's Motion because it contains information sealable under controlling law and Local Rule 79-5. Exhibit A contains excerpts from Apple's privilege log prepared for the Special Masters conducting evaluation of the privilege claims stemming from Apple's re-review. The privilege log entries are required to be filed under the terms of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), but contain personally identifiable information in the form of email addresses of Apple employees and competitively sensitive, non-public information regarding Apple's internal project codenames, which Apple intends to keep confidential.

Apple accordingly moves to seal portions of Exhibit A containing sealable information. Apple's proposed redactions of Exhibit A are indicated in the redacted version filed with this statement and itemized in the concurrently filed Declaration of Mark A. Perry (the "Perry Declaration").

**LEGAL STANDARD**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (compelling circumstances exist to seal potential release of trade secrets) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014) (granting multiple motions to seal where publication would lead to the disclosure of trade secrets); *Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted). Courts often find good cause exists to seal personally identifiable information. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion

1  to file under seal personally identifiable information, including email addresses and telephone numbers
2  of current and former employees).

3  Although a party must show compelling circumstances to seal information appended to
4  dispositive motions, the standard for non-dispositive motions is simply "good cause." *In re Anthem, Inc.*
5  *Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *Rembrandt Diagnostics, LP v.*
6  *Innovacon, Inc.*, 2018 WL 1001097, at *1 (S.D. Cal. Feb. 21, 2018); *see DNA Genotek Inc. v. Spectrum*
7  *Sols., L.L.C.*, 2023 WL 4335734, at *2 (S.D. Cal. May 10, 2023).  In general, requests to seal information
8  should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v.*
9  *Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S.*
10 *Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to
11 seal "because the request is narrowly tailored and only includes confidential information").

12 **DISCUSSION**

13 Apple seeks to seal personally identifiable information and competitively sensitive, non-public
14 project codenames in the exhibit to Epic's Motion.  *See* Perry Decl. ¶ 5.

15 Epic's administrative motion to seal is subject to the "good cause" standard because it concerns
16 non-dispositive objections related to discovery.  *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public
17 has less of a need for access to court records attached only to non-dispositive motions because those
18 documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Lee v.*
19 *Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning
20 discovery generally are considered nondispositive of the litigation" (citation omitted)); *see also In re*
21 *Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *Rembrandt Diagnostics, LP*, 2018
22 WL1001097, at *1; *Al Otro Lado, Inc. v. Wolf*, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020).

23 Apple's sealing request meets the good cause standard here.  *Lamartina v. VMware, Inc.*, 2024
24 WL 3049450, at *2 (N.D. Cal. June 17, 2024) (good cause to seal internal email communications).  Apple
25 operates in an intensely competitive environment, and thus has taken extensive measures to protect the
26 confidentiality of its information.  *See* Perry Decl. ¶ 3.  Courts in this district have found not only good
27 cause, but compelling reasons exist to seal personally identifiable information, like that found in Exhibit
28 A.  *See Snapkeys*, 2021 WL 1951250, at *3 (granting motion to file under seal personally identifiable

information, including email addresses and telephone numbers of current and former employees); *see also UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (finding compelling reasons to seal personally identifying information of employees, including names, addresses, phone numbers, and email addresses). Disclosure of the sealed information in Exhibit A relating to non-public confidential project codenames could harm Apple's business interests or aid bad actor third parties in harming Apple. *Id.* ¶ 5; *see also Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (finding compelling reasons to seal internal Apple business plans, projects, and trade secrets that "would provide competitors with insight that they could use to unfairly compete with Apple.") (cleaned up).

       Sealing project codenames is necessary here because public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from Apple's efforts into program development and proprietary research that Apple intends to keep confidential. *See, e.g.*, *Rodriguez v. Google LLC*, 2024 WL 42537, at *2 (N.D. Cal. Jan. 3, 2024) (granting sealing of "internal terms" in documents that Google asserted contained "business information that might harm their 'competitive standing' or 'become a vehicle for improper use'" if public); *Rodriguez v. Google LLC*, 2025 WL 50425, at * 11 (N.D. Cal. Jan. 7, 2025) (finding "compelling reasons" to seal internal code names); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting sealing motion for redactions consisting of "Apple's confidential CAD designs and internal project code names," finding that the request was "narrowly tailored to Apple's proprietary information.").

       Apple has narrowly tailored its sealing request to include only the information necessary to protect its personally identifiable information and confidential business information. *See Krommenhock v. Post Foods*, *LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc*., 2021 WL 2476916, at *2–3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information"). Apple has only partially redacted limited information in the exhibit. *See* Perry Decl. ¶ 5.

       For the foregoing reasons, there is good cause that warrants partially sealing Exhibit A to Epic's

1 | Motion.

## CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: April 24, 2025                             Respectfully submitted,

                                                                   By: */s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.