UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>      *Plaintiff*, *Counter-defendant,*<br><br>      v.<br><br>APPLE INC.,<br><br>      *Defendant*, *Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

     Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on April 21, 2025.

     Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing.

     Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

     Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Among Non-Legal Communications Professionals**

**PRIV-APL-EG_00187140** is an email from Marni Goldberg to Fred Sainz, both non-legal communications professionals. Apple has redacted a portion of Ms. Goldberg's email, maintaining privilege on the basis that the redacted text "reflect[s] legal advice from counsel regarding injunction compliance" and "indicates that an attachment is privileged"; Apple acknowledges, however, that "[n]o attorney [is] on the email". (Privilege Log Entry No. 3602.) Notwithstanding that acknowledgement, Apple's privilege log asserts that the "document provides information for the purpose of obtaining legal advice from counsel". *Id.* Ms. Goldberg's message to another communications professional is not privileged unless it discloses on its face the contents of legal advice, and the fact that an attachment to an email may include privileged communications does not automatically bestow privilege on the text of the parent email itself.

**PRIV-APL-EG_00187176** is an email from Ms. Goldberg to Mr. Sainz, copying Hannah Smith, another non-legal communications professional. In this email, Ms. Goldberg updates her colleagues on her apparent intent to ignore a journalist's request for comment on the "Epic v. Apple compliance hearing". Apple has redacted most of Ms. Goldberg's brief message, and asserts privilege on the basis that the redacted text supposedly "reflect[s] information for the purpose of obtaining legal advice from counsel", citing Juan Carlos Gonzalez as the in-house attorney involved. (Privilege Log Entry No. 3607.) But Mr. Gonzalez is not a recipient of this email, so it is unclear how Ms. Goldberg's message to her non-lawyer communications colleagues "reflect[s] information for the purpose of obtaining legal advice". *Id.*

**PRIV-APL-EG_00190120** is in relevant part an email from Mr. Sainz to Ms. Goldberg and an "AppStorePR" group, in which Mr. Sainz forwards an email titled "Guideline Revisions" and solicits feedback from the communications team on what appears to be proposed points for press briefing. Apple has completely redacted the email(s) Mr. Sainz seeks feedback on, asserting privilege on the basis that the "redacted text reflect[s] legal advice from counsel", citing Curtis Box as the in-house attorney involved. (Privilege Log Entry No. 3968.) But the email and context suggest that Mr. Sainz is seeking feedback from communications professionals, not legal advice—and even if the material he shares has been reviewed by legal counsel at some point, that does not render it privileged unless it discloses any legal advice Mr. Sainz has obtained (which, given the context, seems unlikely). Accordingly, it appears that this document is, at the very least, over-redacted.

**iMessages Between Two Non-Legal Apple Employees**

**PRIV-APL-EG_00192065** is a series of iMessages between Nate Barton and Eric Gray, both non-legal Apple employees, addressing topics raised by Apple's tax department. Apple has redacted one of Mr. Barton's messages, (PRIV-APL-EG_00192065, at '067), asserting that such message "reflect[s] legal advice from counsel regarding injunction compliance analysis of commission rate". (Privilege Log Entry No. 4174.) However, Apple's privilege log does not identify the attorney(s) supposedly involved, and the next message in the chain notes that "Legal is involved", suggesting that no legal advice has yet been given or is conveyed in the redated message. Moreover, the fact that an issue raised by the tax department has been shared also with Apple's legal department does not render the issue itself privileged; only a communication conveying or otherwise disclosing a request for legal advice (or itself conveying legal advice)

would be privileged. That does not appear to be the case here, where the redacted message clearly was not sent to an attorney.

DATED: April 25, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*