**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff*, *Counter-defendant,* | |
| v. | |
| APPLE INC., | **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |
| *Defendant*, *Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on April 22, 2025.

Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing.

Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

- **PRIV-APL-EG_00229528** is an email exchange with the subject line "Call with AG". The exchange appears to stem from a call among Carson Oliver, then head of the App Store business development; Jeff Wilder, an Apple economist; Jessica Burley, Jonathan Borck and Juliette Caminade, all consultants from Analysis Group; and Ling Lew, Apple in-house counsel. The call appears to have been regarding "App Store Commission Rates and the Value of Apple and the App Store to Developers". (PRIV-APL-EG_00229528 at '533.) As the Court is aware, Apple witnesses testified that Analysis Group was commissioned "by [Apple's] business management team to provide an overview of the competitive landscape" and to "help [Apple] understand the range of pricing options" for its response to the U.S. Injunction. (Hr'g Tr. 314:11-20 (Roman).) Apple has redacted an email from Ms. Caminade addressed to Ms. Lew and copying others, following the call. Ms. Lew does not respond or provide any legal advice; instead, Ms. Caminade is forwarding the chain to Kunnal Vij, an Apple finance employee who helped run the financial analyses for Project Wisconsin and (accordingly) an Apple witness. In any event, Ms. Caminade, as an outside economist, is unlikely to (and cannot) seek legal advice, and thus her email is not privileged—the only justification Apple provided in its privilege log for the redaction of Ms. Caminade's message. *See* Dkt. 1139 at 1-2 (holding that an expert economist's analysis is not legal advice or the request for such advice, and that "[r]ather, communications between an attorney and an expert or consultant who is retained in anticipation of litigation – which seems to be the argument Apple is making in challenging the Special Master's ruling – can be attorney work product. . . .  However, Apple did not claim in its privilege log that this document is work product.") Therefore, Epic sees no basis in the privilege log or in the document to justify the redaction of Ms. Caminade's message.

- **PRIV-APL-EG_00229340** is an email chain involving Apple business executives such as Phil Schiller, Ann Thai, Carson Oliver and Trystan Kosmynka, as well as a number of Apple in-house counsel. The subject line of the email is "Epic injunction (Project Wisconsin) – rules for entitlement[ ]agreement", indicating that the email chain discusses rules for developers participating in Apple's link entitlement program. Apple has applied extensive redactions along the email chain. While Epic has no visibility into the content underlying these redactions, the brief unredacted messages on the email chain indicate that participants discuss primarily business-related topics. For example, in response to a redacted email from Apple in-house counsel Jennifer Brown, Mr. Schiller writes, "I did not say this issue is not important to the business, it is clearly extremely important and will have a very large business impact to Apple, as we have shared on our calls." (PRIV-APL-EG_00229340 at '346.) Mr. Schiller then apparently expounds on these thoughts, but the rest of his message is redacted. In a following email, Mr. Schiller writes that he would like the team to focus on "1) [Apple's] basis for restricting communications and links for external purchase options from interfering with discouraging the use of IAP and 2) the debate whether [Apple] can charge a commission on purchases made with external purchasing options". (PRIV-APL-EG_00229340 at '345.) This makes clear this document concerns questions that are key issues going to the very heart of the underlying contempt motion—whether Mr. Schiller and other business executives truly and reasonably believed that the restrictions and fees Apple imposed in response to the Injunction were in fact compliant. Given the non-legal nature of the few unredacted messages on this extensively-redacted email chain, and given that multiple non-legal business executives were copied on the email chain, Epic believes that at

least Mr. Schiller's messages, and perhaps others, do not involve legal advice and should not be redacted.

- **PRIV-APL-EG_00225019** is an email chain involving emails from an unidentified Apple employee—who is presumably not a lawyer, as Apple has not identified them in the privilege log entry as such—to Srabasti Mukherjee, Nate Barton and Eric Gray, all non-lawyer finance professionals, as well as Ms. Lew. Apple has redacted the entirety of the bottom two emails on the chain, both from the unidentified non-lawyer employee. Based on the subject line of the email chain ("South Korea Entitlement: PSP") as well as the top unredacted email, the redacted correspondence appears to be regarding requirements for developers' use of payment service providers in South Korea. This is a topic that is not legal in nature, and the one in-house counsel copied does not chime in throughout the entirety of the email chain. Therefore, Epic sees no basis in the privilege log or in the document to justify the redaction.

- **PRIV-APL-EG_00229783** is an email chain involving at least ten non-lawyer business employees—Mr. Oliver, Mr. Vij (both of whom also testified at the contempt hearing), Nate Barton, Tom Kuglen, Srabasti Mukherjee, Latika Kirtane, Boris Wang, Timothy Kim, Ken Moore and Eric Gray—and only one Apple in-house counsel, Ms. Lew. The first email on the chain discusses certain rules around alternative commission rates, including what kind of content will be subject to commissions. Apple has redacted a line in the body of this first email relating to a "risk to the business" posed by Apple's alternative commission model, as well as the entirety of the two responsive emails sent by Nate Barton and Eric Gray. This is a topic that appears business-related, and Ms. Lew does not participate in the conversation at any point. Therefore, Epic sees no basis in the privilege log or in the document to justify the redaction.

- **PRIV-APL-EG_00225423** is an email chain circulating and discussing notes from a finance team meeting regarding Apple's regulatory response efforts in the European Union, and involving only finance professionals: Michael Wiltz, Thara Ravindran, Riye Tobase, Ian Kendall Esquivel, Srabasti Mukherjee and Terence Farrell. No lawyers are copied on the chain. Apple has redacted a portion of the notes under a section titled "Out of Scope", as well as what appears to be a discussion of the redacted notes in subsequent emails. A partially unredacted email from Ms. Ravindran reveals that the redacted correspondence may relate to Apple's decision to de-prioritize the automation of alternative payments in the European Union—a business decision, not a legal one. Given the non-legal nature of the topic being discussed and the absence of any lawyer on the chain, Epic sees no basis in the privilege log or in the document to justify these redactions.

DATED: April 28, 2025                    CRAVATH, SWAINE & MOORE LLP
                                         By: */s/ Yonatan Even*
                                         *Counsel for Plaintiff Epic Games, Inc.*