UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED APRIL 22, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 22, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.

    Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Direct Messages Among Non-Legal Employees**

**Entry No. 4457 (PRIV-APL-EG_00194254)** appears to be a direct message chain among Catherine Chen, Jeff Guebert, and two unidentified non-lawyers (Apple acknowledges in its privilege log entry that there are "no attorneys" in the message chain), which Apple seeks to withhold in its entirety, asserting that the "email [*sic*] relate[s] to information for the purpose of obtaining legal advice from counsel regarding injunction compliance". (Privilege Log Entry No. 4457.) The mere fact that messages among non-lawyers "relat[e] to information" that may ultimately be implicated in a request for legal advice does not make the messages themselves privileged. Apple's privilege log entry also claims that the "employees discuss requesting advice from Apple in-house counsel". *Id.* Again, an employee's message to another non-lawyer that, among other things, contemplates separately soliciting legal advice on a matter does not confer privilege on that entire message. In the unlikely event that legal advice is disclosed, such text should be narrowly redacted and the document otherwise produced.

**Document Relative to "price increase notification changes"**

**Entry No. 4527 (PRIV-APL-EG_00195090)** is a 38-page pdf titled "[d]ocumentation updates for price increase notification changes". (Privilege Log Entry No. 4527.) Apple seeks to withhold this document in its entirety, claiming that it "reflect[s] legal advice from counsel regarding injunction compliance requirements for user design and interface", citing Ling Lew as the in-house counsel involved. *Id.* However, the fact that this document purportedly "reflect[s] legal advice" does not mean it is privileged unless the document on its face *discloses* the contents of legal advice or includes a direct request for legal advice; nothing in Apple's privilege log suggests any input from Ms. Lew is discernible from the face of the document. And even if some legal advice were so discernible, Apple's privilege log entry does not furnish any persuasive basis for *complete* withholding of this 38-page document.

**Email Chain Among Non-Legal and Legal Professionals**

**Entry No. 4592 (PRIV-APL-EG_00195711)** is an email chain copying both in-house counsel and numerous non-legal professionals, the latest email in which is from non-lawyer Amy Hawthorne to in-house counsel Ling Lew. (Privilege Log Entry No. 4592.) Apple seeks to withhold the email chain in its entirety, asserting privilege on the basis that the "[e]mail chain provid[es] legal advice from counsel regarding injunction compliance requirements for link format and buttons". *Id.* However, even if some of the emails in the chain seek legal advice, the privilege log suggests that at least some emails in the chain are *not* to or from a lawyer (*e.g.*, an email in the same chain sent by non-lawyer Dave Van Tassell to non-lawyer Zach Friedland at 19:11:29 on November 13, 2021). Moreover, some of the lawyers on the chain—*e.g.*, Sean Cameron—often provided non-legal comments and advice on topics related to Apple's response to the Injunction, including in documents that were admitted into evidence without any claim by Apple that Mr. Cameron was asked for or provided legal advice. (*See, e.g.,* CX-223, CX-224, CX-499.) To the extent some messages in this email chain facially disclose the contents of legal advice, only those messages should be redacted and the document otherwise produced.

**Entry No. 5900 (PRIV-APL-EG_00208165)** is an email chain among multiple non-lawyers and in-house counsel, the subject of which reads "**TEST EMAIL** App Store Review Guidelines Update 01.2024". (Privilege Log Entry No. 5900.) Apple seeks to completely withhold this email chain, maintaining that it "provid[es] legal advice from counsel regarding developer outreach related to U.S. Link Entitlement prepared in anticipation or furtherance of litigation", citing in-house counsel

Sean Cameron as the attorney involved. *Id.* Yet both document custodians are non-lawyers (Trystan Kosmynka and Sam Bavaro), the email chain copies myriad other non-legal professionals, and the subject— "developer outreach related to [the] U.S. Link Entitlement"—appears to suggest the email is intended (at least ultimately) to be outward-facing and thus not privileged. In the normal course, an email reflecting a draft outreach email to developers might be of less interest because Epic would have access to the actual email ultimately sent to developers, such that parsing between privileged and non-privileged messages in a chain such as this would be redundant. In this case, however, Epic could not find in the production the pertinent email that Apple ultimately sent to developers. And this Court already found that drafts of public-facing documents that do not on their face reveal legal advice are not privileged. (Dkt. 1056 at 3.) The same is likely true here; unless the "test email" to developers discloses legal advice on its face, it should be produced, with appropriate redactions applied to communications that do disclose legal advice to the extent those are included in this chain.

**Presentation titled "Link - Out Analysis DMA"**

**Entry No. 4813 (PRIV-APL-EG_00198452)** is a presentation titled "Link - Out Analysis DMA", which Apple seeks to withhold in its entirety as purportedly "providing information for the purpose of rendering legal advice regarding foreign regulatory issues in the European Union including DMA". (Privilege Log Entry No. 4813.) But the document custodians are both non-legal Apple employees—Timothy Kim and Kunnal Vij—and Apple's privilege log entry does not specify any attorneys supposedly involved in soliciting its preparation. *Id.* Indeed, the claim that this presentation "provid[es] information for the purpose of rendering legal advice", without any claim that the presentation itself reflects any request for legal advice, or that any lawyer *asked* for this information to be put together in order to provide legal advice, cannot sustain a claim for privilege—let alone one that supposedly warrants the complete withholding of an 11-page presentation apparently reflecting a business analysis.

DATED: April 28, 2025               CRAVATH, SWAINE & MOORE LLP
                                    By: */s/ Yonatan Even*
                                    *Counsel for Plaintiff Epic Games, Inc.*