## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

EPIC GAMES, INC.,

               *Plaintiff, Counter-defendant,*

APPLE INC.,

               *Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH

**OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS**

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 22, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 4423 (PRIV-APL-EG_00194000)**

Entry No. 4423 is a slide deck presentation titled "App Store – Legal and Regulatory/Trust and Safety." The slide deck tracks the status of various ongoing legal and regulatory issues related to several Apple projects. Several slides contain notes that reflect legal advice or analysis, such as the effects of court rulings or government regulations and outstanding requirements for legal compliance. The slide deck states that it is "privileged and confidential" and was "prepared at the request of counsel." "[C]ommunications for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations" are privileged, *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023), including communications by "nonlegal employees" that "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation"). This slide deck is therefore privileged.

**Entry No. 4428 (PRIV-APL-EG_00194108)**

Entry No. 4428 is a Quip document regarding App Store changes in Europe made in response to new regulatory requirements. In-house counsel, including Ling Lew and Nicole Ewart, are listed as users. Quip is a collaborative shared workspace where team members can contribute to documents, slides and spreadsheets in real time. The document contains a list of open questions regarding the changes, some of which clearly state that the question is seeking advice from a legal perspective. "[C]ommunications between corporate personnel and their in-house counsel made for the purpose of securing legal advice are protected by [attorney-client] privilege." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (holding that attorney-client privilege may attach when "legal advice of any kind is sought"). The document contains communications that were made for the purpose of securing legal advice and is thus privileged.

DATED: April 28, 2025                    WEIL, GOTSHAL & MANGES LLP
                                         By: */s/ Mark A. Perry*
                                         *Counsel for Defendant Apple Inc.*