# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

     Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced to Epic in redacted form on April 22, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

     Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**PRIV-APL-EG_00229528**

  PRIV-APL-EG_00229528 is an email chain among third-party consultants at Analysis Group, Ling Lew (in-house counsel), Cynthia Richman (outside counsel), and other non-lawyers at Apple. The email concerns materials that Analysis Group was putting together to inform and support Apple's decision making regarding compliance with the injunction in this litigation. The redacted content is an explanation—addressed to Ms. Lew—by the consultant of substantive changes and additions made to a slide deck, which the consultant indicates had been discussed with Ms. Richman. The context of the email exchange—including the reference to discussions with outside counsel in preparing and refining the deck—confirm that the redacted content was developed at the direction of or in conjunction with outside counsel for the purpose of assisting the provision of legal advice. Such content is appropriately redacted as privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016). The fact that the ultimate work product was later delivered to business executives for decision making does not vitiate the privilege as to the underlying work undertaken in coordination with outside counsel.

**PRIV-APL-EG_00229340**

      PRIV-APL-EG_00229340 is an email exchange among Jennifer Brown, Sean Cameron, Ling Lew (all in-house counsel), and several non-lawyers. The first redacted email in the chain is from Mr. Cameron and it describes a proposal from "legal" for terms to comply with the injunction. A non-lawyer (Phil Schiller) responds with reactions and thoughts regarding the proposed terms, including questions for Mr. Cameron and the other lawyers on the chain. The exchange continues with additional discussion between Mr. Schiller and the lawyers, including Mr. Cameron and Ms. Brown, regarding the interpretation of the Court's injunction. The remaining redacted content is a discussion among Mr. Cameron, Ms. Brown, and Ms. Lew—without Mr. Schiller involved—regarding the injunction and its requirements.

      Epic argues that the comments from Mr. Schiller—a witness at the hearing—should be unredacted because his comments are relevant to "whether Mr. Schiller and other business executives truly and reasonably believed that the restrictions and fees Apple imposed in response to the Injunction were in fact compliant." Dkt. 1492, at 2. That is not the right inquiry for contempt—civil contempt is an "objective" standard, *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019)—but even if it were, Mr. Schiller's discussions *with counsel* regarding compliance with the injunction are privileged as requests for and provisions of legal advice, *see United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

**PRIV-APL-EG_00225019**

  PRIV-APL-EG_00225019 is an email exchange among several non-lawyers and Ling Lew (in-house counsel).  The first email in the chain seeks information from several non-lawyers regarding new changes to the App Store, and indicates that the information is being sought at the direction of Ms. Lew.  Because this is a confidential exchange of information undertaken in pursuit of obtaining legal advice, it is privileged.  *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

**PRIV-APL-EG_00229783**

      PRIV-APL-EG_00229783 is an email exchange among several non-lawyers regarding new App Store rules for certain alternative commission models. In the initial email, a non-lawyer outlines a number of "rules" and "[a]ctions," most of which are unredacted. The only redacted content is a sentence disclosing "legal guidance." The remaining two emails—both of which are redacted—relate to and discuss the legal guidance. Because the redacted material expressly relays and discusses legal advice, it is privileged. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

**PRIV-APL-EG_00225423**

      PRIV-APL-EG_00225423 is an email exchange among several non-lawyers regarding notes from a finance discussion about changes Apple made in the European Union to the App Store. The redacted content relates to the scope of those changes in light of new regulatory requirements, which the non-lawyers indicate in the redacted content was defined by the Apple legal group. Because the redacted content discloses the substance of legal advice regarding compliance with new regulatory requirements, it is privileged. *See Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866; *Chrimar Sys.*, 2016 WL 1595785, at *3.

DATED: April 30, 2025 											WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*