UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered on April 22, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Slack Message: Entry No. 4457 (PRIV-APL-EG_00194254)**

PRIV-APL-EG_00194254 is a Slack direct message between several non-lawyers discussing and obtaining information requested by counsel for the purpose of advising Apple in connection with the injunction proceedings in this case. Specifically, a non-lawyer seeks clarification from another non-lawyer about information sought at the direction of counsel. Information developed or obtained at the direction of counsel for the purpose of providing legal advice is privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016).

**Price Notification Quip: Entry No. 4527 (PRIV-APL-EG_00195090)**

Apple will produce PRIV-APL-EG_00195090 without redaction.

**Email Chains: Entry Nos. 4592 (PRIV-APL-EG_00195711), 5900 (PRIV-APL-EG_00208165)**

PRIV-APL-EG_00195711 is an email chain in which a non-lawyer seeks legal advice from Sean Cameron and Jason Cody (both in-house counsel) regarding the contractual requirements for new App Store features being developed in order to comply with the injunction. Mr. Cameron provides legal advice in response to the question, and another non-lawyer raises two additional questions. A discussion thereafter ensues among Mr. Cameron, Ling Lew (in-house counsel added to the chain), and the non-lawyers regarding the contractual terms and related issues relevant to the new App Store features. The email exchange is for the primary purpose of soliciting and providing legal advice and is therefore privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

PRIV-APL-EG_00208165 is an email chain in which a non-lawyer seeks feedback from Sean Cameron and Ling Lew (both in-house counsel) regarding a message to be sent to members of the App Review team regarding an update to the App Store Guidelines. Confidential information sent to an attorney for legal feedback is privileged in that context. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024). The fact that the document custodians are non-lawyers is unremarkable—no lawyers were designated as custodians during discovery. Epic complains that it did not receive a copy of the email as ultimately sent. *See* Dkt. 1494, at 3. The final email as sent was produced to Epic in September 2024 as APL-EG_10728381. The email is not, as Epic surmises, an external communication to developers.

**Presentation: Entry No. 4813 (PRIV-APL-EG_00198452)**

Apple will produce PRIV-APL-EG_00198452 without redaction.

DATED: April 30, 2025　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　　By: */s/ Mark A. Perry*
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Apple Inc.*