UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br> *Plaintiff, Counter-defendant,* <br> v. <br> APPLE INC., <br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSES TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE- REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

 Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following responses to Apple's Objections to the Special Masters' rulings ("Objections"), filed on April 28, 2025. (Dkt. 1498.) Epic does not have access to the underlying documents and is therefore unable to fully assess the basis on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege log entries for the documents.

 Entry No. 4423 (PRIV-APL-EG_00194000) is a slide deck with the file name "App Store M1 Replan Regulatory +TNS.pdf". The document was found in the files of no less than ten custodians, all of whom are non-lawyers. There is no indication either in the privilege log or in Apple's Objection that attorneys had a hand in drafting this document. Rather, Apple's claim for privilege is predicated primarily on the fact that the deck "states that it is 'privileged and confidential' and was 'prepared at the request of counsel'". (Dkt. 1498 at 2.) These labels cannot sustain a claim of privilege; if anything, they are indicative of Apple's *abuse* of privilege. Indeed, literally tens of thousands of non-privileged documents in Apple's productions bear privilege labels. And Apple employees—including Apple in-house counsel—often marked documents as privileged and prepared at the request of counsel even though they were not. *See, e.g.*, CX-223 (non-privileged email from Sean Cameron, Apple in-house attorney, marked as "Privileged & Confidential; Prepared at the Request of External Counsel"); CX-224 (same); CX-538 (mostly non-privileged e-mail chain in which Jennifer Brown, in house counsel, directs Carson Oliver to make a "procedural tweak" and label the (mostly non-privileged) Wisconsin deck "Prepared at the

Request of External Counsel"; most subsequent e-mails in the chain are likewise so labeled). Moreover, Apple does not identify any attorney who supposedly requested the deck to be prepared, nor any attorney whose advice is supposedly reflected therein. A Special Master reviewed the document and determined it is not privileged. Nothing in Apple's Objection suggests this was error.

       Entry No. 4428 (PRIV-APL-EG_00194108) is apparently a live shared document that multiple users can edit in real time regarding "foreign regulatory issues in the European Union, including DMA". Apple seeks to withhold this document in its entirety, claiming in its Objection (but nowhere in its privilege log) that two in-house counsel, Ling Lew and Nicole Ewart, are among the users who have access to the document. Even setting aside that Apple never disclosed this information to the Special Master (*i.e.*, in its privilege log), Apple does not disclose how many non-lawyers can access the document; it does not disclose whether Ms. Lew or Ms. Ewart actually *did* access the document, let alone when they accessed the document; and Apple does not claim that it had identified any legal advice from Ms. Lew or Ms. Ewart in the document. Instead, Apple claims in its Objection that the document "contains a list of open questions…*some* of which clearly state that the question is seeking advice from a legal perspective." (Dkt. 1498 at 3 (emphasis added).) If some open questions on the document are indeed clear requests for legal advice, they could be narrowly redacted. The Special Master reviewed the document and ruled that it did not include privileged communications. Nothing in Apple's Objection suggests this was error.

DATED: April 30, 2025

CRAVATH, SWAINE & MOORE LLP

By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*