UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 25, 2025, regarding Apple's production of re-reviewed and privileged documents. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's objections relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 5297 (PRIV-APL-EG_00202007)**

PRIV-APL-EG_00202007 is a Slack message between two non-attorneys discussing TestFlight and beta distribution. One employee pastes into the Slack message communications they had with other employees discussing how the TestFlight and beta distribution could function in compliance with the Digital Markets Act. The substance of these communications is redacted. At the end of the redacted communications, a non-attorney notes that "legal is OK with this [approach]," indicating that the employees' comments reflect legal advice from Apple's in-house legal team. "[C]ommunications for the purpose of giving legal advice" regarding "compliance with relevant . . . regulations" are privileged, *Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023), including communications by "nonlegal employees" that "discuss or transmit legal advice given by counsel." *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *see also Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("A document that is not communicated between an attorney and a client may still be privileged as long as . . . [it] reflects legal advice rendered in a privileged conversation"). Because the employees are sharing legal advice received from counsel, the redacted portions of this document are privileged.

**Entry Nos. 5471 (PRIV-APL-EG_00203553), 5472 (PRIV-APL-EG_00203601), and 5473 (PRIV-APL-EG_00203643).**

PRIV-APL-EG_00203553, PRIV-APL-EG_00203601, and PRIV-APL-EG_00203643 are three iterations of the same slide deck created at different points in time. The decks are minimally redacted to only withhold language that relays the Apple legal team's recommendations regarding iOS apps under review. The language that is redacted explicitly states that it reflects the legal team's input, including phrases such as "per legal" and "legal recommend[s]." Such feedback is privileged. *See Dolby Lab'ys Licensing Corp.*, 402 F. Supp. 3d at 866 (Attorney-client privilege attaches to "communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue").

4

DATED: May 1, 2025                                          WEIL, GOTSHAL & MANGES LLP
                                                            By: */s/ Mark A. Perry*
                                                            *Counsel for Defendant Apple Inc.*