UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff*, *Counter-defendant*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED APRIL 25, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 25, 2025, and pertaining to documents Apple seeks to withhold in their entirety.

Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings.[1]

Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

---

[1] This filing objects to a relatively large number of rulings due to a higher-than-usual volume of rulings issued by the Special Master on April 25, 2025.

**Email about Apple's Injunction Response (Entry No. 4872)**

Entry No. 4872 (PRIV-APL-EG_00198869) is an email chain entitled "Re: Effective rates - hearing prep" and involves non-lawyer Kunal Vij, non-lawyer business and finance professionals, a press employee and Apple in-house counsel. The top email in the chain is from Ling Lew, Apple in-house counsel, to Mr. Vij. Apple seeks to withhold this document in full for attorney-client privilege. Apple's privilege log describes this document as an email chain "*related* to legal advice"—not *reflective* of it—and claims the document contains "[c]ommunications with counsel requesting data points related to Wisconsin" (Apple's codename for compliance with the Injunction). But "data points" collected by a finance person for "hearing prep" are not legal advice, and thus are not privileged. To be sure, the collection of materials for "hearing prep" may be protected work product, and Apple's privilege log at one point describes the email as "prepared in anticipation or furtherance of litigation", but Apple specifically did *not* make a claim of work product protection over the document in its privilege log (*see* column titled "Privilege Type"). Based on the email chain's participants and the details in Apple's privilege log, Epic does not believe that this email (much less the *entire* email chain) is privileged.

**Emails Regarding Apple's Regulatory Response to the Digital Markets Act (Entry Nos. 5110, 5261, 5358, 5359, 5360, 5370 and 5408)**

Entry No. 5110 (PRIV-APL-EG_00200298) is an email chain among Apple business professionals and in-house counsel. The top email is from Timothy Kim, a business employee, to Jeff Wilder, an economist at Apple. The email chain is about "[l]inking out – commission", and Apple seeks to withhold the email chain in full for attorney-client privilege. Apple's decision to impose a commission on linked purchases was a key issue in the contempt proceeding, and an analysis of that commission by an economist is highly relevant to understanding Apple's Injunction-response efforts. Mr. Wilder, as a non-lawyer, cannot provide legal advice to Mr. Kim, and Mr. Kim, likewise a non-lawyer, cannot provide legal advice to Mr. Wilder. Based on the sender of the top email and the title of the email chain, this document appears to be business-related, at least in part, and thus should not be withheld.

Entry No. 5261 (PRIV-APL-EG_00201500) is an email chain among nearly a dozen Apple employees, only four of whom are in-house counsel. The top email is from Mr. Kim to Nick Kistner, a Senior Product Manager at Apple. The email apparently is about "3P" (third-party payments). Apple's privilege log states that the email "reflect[s] information for the purpose of obtaining legal advice". But the top email, at least, cannot contain legal advice, as Mr. Kim is not an attorney. Nor does Apple's privilege log state that the email actually contains the provision of that information or the resulting legal advice. And the email title and recipient list indicate that the chain is primarily—if not almost entirely—*business*-focused. Therefore, it does not appear proper for this document to be withheld.

Entry No. 5358 (PRIV-APL-EG_00202671), and its child attachments Entry Nos. 5359 (PRIV-APL-EG_00202678) and 5360 (PRIV-APL-EG_00202679), are apparently a

"[d]raft email to PS"—presumably Apple witness and executive Phil Schiller—"on DMA timeline". The draft email and its attachments are custodial documents (not an actual email with metadata regarding the sender, recipient, etc.), meaning the email was never actually sent. The custodian for all three documents is Latika Kirtane, a non-lawyer Director of App Store Developer Service and Trust and Safety. Apple claims in its privilege log that the parent draft email "reflect[s] legal advice", and that the two child attachments contain the "comments" of Ms. Lew "on [the] content of [the] slide". It is unclear how a draft email from a non-lawyer, preparing an email to yet another executive non-lawyer, and not sent to a lawyer might disclose legal advice or a request for such advice. Thus, it does not appear these documents should have been withheld.

Entry No. 5370 (PRIV-APL-EG_00202733) is a document entitled "Apple DMA Brain Dump". Ms. Kirtane is a custodian for this document. Based on the privilege log's date and timestamp information, this document is substantially similar to Entry No. 346 (PRIV-APL-EG_00122875), which a Special Master already ruled was not privileged. Apple objected (Dkt. 1294) and Epic responded. (Dkt. 1311.) Apple's privilege log states that the document reflects a discussion "including and largely driven by counsel", but a document "driven" by in-house counsel is not necessarily privileged, let alone in its entirety. Given a Special Master's conclusion that a similar or identical document is not privileged, Epic asks the Court to review the document *in camera* to determine whether it does in fact disclose legal advice.

Entry No. 5408 (PRIV-APL-EG_00203226) is an email between two engineers, Tim Triemstra and Bob Thomas, copying seven other business, project management and engineering employees, none of whom are attorneys. The document relates to "[a]pproved terms" for DMA response efforts. Apple's privilege log states that the document "indicates that counsel of Apple Legal sought." (*See* column labeled "Attorneys, Legal Staff, and Employees acting at the direction of counsel".) But the privilege log fails to indicate who the client is seeking legal advice from, or even that such legal advice actually was sought (as opposed to simply being contemplated by non-lawyers). Information that is separately or later shared with attorneys for the purposes of receiving legal advice is not privileged until collected or shared *for that purpose*. This document should be produced.

**Email Between Non-Legal Apple Employees (Entry No. 5173)**

Entry No. 5173 (PRIV-APL-EG_00200827) is an email between Mr. Vij, Nate Barton, Apple finance employee, and Mr. Kim—none of whom are attorneys. Nevertheless, the email chain is entitled "Re: Privileged and Confidential", and Apple seeks to withhold the entire email chain (even though the privilege description discusses the document's "redacted text") based on a claim of attorney-client privilege. Apple's privilege log fails to support its privilege claim twice over: *First*, Apple does not argue that the document contains legal advice or requests for the same; rather, it states that the email chain contains "text reflecting work product"—a description apparently meant to support a claim of work product protection, which Apple does not seek to invoke here (*see* "Privilege Type" column). *Second*, at least the top email (in addition to other earlier-in-time entries of this email chain) involves three non-lawyers who cannot give

legal advice, request legal advice from each other, or create attorney work product.  This document therefore should have been produced.

### Email Regarding Apple's Regulatory Response in the Netherlands (Entry No. 5638)

Entry No. 5638 (PRIV-APL-EG_00205497) is an email chain regarding "Dutch storefront dating apps--compliance project", the top email of which is between Trystan Kosmynka, non-attorney Senior Director of App Review, and Eric Gray, non-attorney Director of Product, Commerce and Pricing for Apple Services.  A dozen Apple employees are copied, including three who testified at the contempt proceeding (Matt Fischer and Messrs. Schiller and Oliver).  Apple claims both attorney-client privilege and work product protections over this document.  The privilege log entry states that the email chain "provid[es] legal advice from counsel . . . prepared in anticipation or furtherance of litigation" and "[i]ncludes both legal advice . . . and requests for information by counsel".  However, this is almost certainly not accurate for the top email: Mr. Kosmynka cannot be requesting legal advice from Mr. Gray, nor can Mr. Gray be giving it.  Nor is it clear from Apple's privilege log what *work product* is contained in this email separate from the *legal advice* that it claims it contains, nor how *this entire email chain* warrants withholding under the work product protection.  To the extent that portions of the email contain legal advice or a request for such advice, or implicate attorney work product, Apple could redact these portions rather than seek to withhold the entire document.

DATED: May 1, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*