UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　*Plaintiff*, *Counter-defendant*,<br><br>　　　v.<br><br>APPLE INC.,<br><br>　　　　*Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSES TO APPLE'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE- REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

　　　Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following responses to Apple's Objections to the Special Masters' rulings ("Objections"), filed on May 1, 2025. (Dkt. 1514.) Epic does not have access to all of the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objections on the limited information provided in Apple's privilege log entries for the documents.

**Entry No. 5297 (PRIV-APL-EG_00202007)**

  This document is an employee chat between Latika Kirtane, non-lawyer Director of App Store Developer Services and Trust & Safety, and Jeremy Butcher, a non-lawyer Director of Product Marketing at Apple.  Apple sought to redact portions of this chat for attorney-client privilege, stating in its privilege log that the "redacted text reflect[s] legal advice".  Although neither chat participant is an attorney and Apple does not identify which, if any, attorneys are implicated by the chat, Apple nevertheless states that the chat "indicates counsel weighed in on issues presented".  In its Objection, Apple states that the text it sought to redact concludes with the magic words "legal is OK with this", imbuing protections on the text above it because it indicates that the text "reflect[s] legal advice".  (Dkt. 1514 at 2.)  Apple has it completely backwards, again ignoring basic privilege law and this Court's admonition that "[t]he legal advice requested of counsel, and the advice provided, are privileged, **but that's it**".  (Dkt. 1056 at 1.)  Here, the only legal advice arguably warranting redaction is that "legal is OK" with the redacted communication, but Apple *waived* privilege over that communication by disclosing it in its Objection.  By contrast, a communication drafted by non-lawyers and exchanged among non-lawyers is *not* privileged, and does not become privileged simply because "legal is OK" with it.  Based on Apple's Objection, the Special Master was right to find the redacted language is not privileged.

**Entry Nos. 5471 (PRIV-APL-EG_00203553), 5472 (PRIV-APL-EG_00203601), and 5473 (PRIV-APL-EG_00203643)**

  These three documents are all titled "ERB_Deck_Draft", but each bears a different date.  These documents apparently are presentations prepared for Apple's executive review board (ERB), which oversees Apple's app review function.  The custodian for all three documents is Trystan Kosmynka, non-attorney Senior Director of App Review.  Apple states in its Objections that these are all drafts of the same presentation.  (Dkt. 1514 at 3.)  Apple seeks to redact portions of these documents that "reflect[] legal advice" regarding topics such as "iOS apps", "data usage" and "injunction compliance requirements", and states that the documents "indicate[] counsel weighed in on [the] issues presented".  Apple's privilege log admits that "[n]o attorneys [are] listed", does not identify a single attorney whose advice serves as the basis of the assertion of privilege and does not claim the presentations disclose any legal advice.

  Here again, the fact that counsel "weighed in" on a document does not make the document privileged; it is only the "weighing in" itself that is privileged, and if that advice from lawyers is not discernible from the document, the document itself is not privileged.  Here, Apple does not even claim the presentations disclose legal advice, and the Special Master seems to have correctly overruled Apple's assertions of privilege.

|  |  |
|---|---|
| DATED: May 5, 2025 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |