UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* <br><br> APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered on April 25, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Email Relating to Information Obtained at the Direction of Counsel for Evidentiary Proceeding: Entry No. 4872 (PRIV-APL-EG_00198869)**

PRIV-APL-EG_00198869 is an email involving a request by Ling Lew (in-house counsel) for information from the finance team for use in preparation for the evidentiary hearing in this matter. Also included on the exchange are Jennifer Brown and Sean Cameron (both in-house counsel). Information developed or obtained at the direction of counsel for the purpose of providing legal advice is privileged, *see FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016), as is confidential information sent to an attorney in the course of soliciting legal advice, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

**Emails Regarding the Digital Markets Act: Entry No. 5110 (PRIV-APL-EG_00200298), 5261 (PRIV-APL-EG_00201500), 5358 (PRIV-APL-EG_00202671), 5359 (PRIV-APL-EG_00202678), 5360 (PRIV-APL-EG_00202679), 5370 (PRIV-APL-EG_00202733), 5408 (PRIV-APL-EG_00203226)**

PRIV-APL-EG_00200298 is an email chain initiated by Charles Paillard (in-house counsel). Mr. Paillard seeks information from non-lawyers to assist him in formulating legal strategy for proceedings and advocacy before the European Commission related to the value provided by the Apple App Store. The non-lawyers discuss with Mr. Paillard different types of information that may be relevant to Apple's advocacy. Information obtained at the direction of counsel for the purpose of assisting in the provision of legal advice in connection with advocacy before a regulator is privileged in that form, *see Boehringer Ingelheim Pharms.*, 180 F. Supp. 3d at 30, as is confidential information sent to an attorney in the course of soliciting legal advice, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2.

PRIV-APL-EG_00201500 is a short discussion between two non-lawyers regarding privacy and security concerns for users arising in the context of the Digital Markets Act. In the final email (chronologically), a non-lawyer adds Ling Lew and Adil Karrar (both in-house counsel) and suggests that the team find a time to discuss with Ms. Lew how these issues might be relevant to or factor into Apple's current discussions with the European Commission. The non-lawyer specifically states that Ms. Lew would be needed to provide the necessary context to understand Apple's current engagement with the European Commission on privacy issues. Because the email contains information shared with in-house counsel as part of a solicitation of legal advice regarding advocacy before a foreign regulator, it is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2.

PRIV-APL-EG_00202671 is a duplicate of PRIV-APL-EG_00129730, which was produced to Epic in redacted form last month. Apple will agree to produce PRIV-APL-EG_00202671 and its attachments (PRIV-APL-EG_00202678 and PRIV-APL-EG_00202679) with the same redactions if doing so will resolve Epic's objection.

PRIV-APL-EG_00202733 is a "Quip" document containing a privileged discussion between Apple employees and in-house counsel. Apple agrees with Epic that the document is substantially similar to PRIV-APL-EG_00122875, already the subject of a pending objection by Apple. *See* Dkt. 1294, at 2. Apple incorporates by reference the substance of its objection to the Special Masters' ruling on PRIV-APL-EG_00122875 and submits that the Court's determination as to PRIV-APL-EG_00122875 should apply equally to PRIV-APL-EG_00202733.

PRIV-APL-EG_00203226 is an email chain among non-lawyers discussing issues related to terminology for new App Store products and features. One non-lawyer seeks confirmation whether the terminology has been approved by legal, to which another non-lawyer responds they have shared the list with Ling Lew (in-house counsel). Another non-lawyer provides a link to the terminology glossary and indicates it has been "[r]eviewed by external counsel." Confidential information shared with attorneys for the purpose of soliciting legal advice is privileged. *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2. Epic states that information "shared with attorneys for the purposes of receiving legal advice is not privileged until collected or shared *for that purpose*." Dkt. 1517, at 3. As discussed, however, this information was, in fact,

contemporaneously shared with both in-house and external counsel for the purpose of soliciting legal advice. By Epic's own admission, then, the email is privileged.

**Email Concerning Digital Markets Act Update: Entry No. 5173 (PRIV-APL-EG_00200827)**

      PRIV-APL-EG_00200827 is an email chain initiated by a non-lawyer and sent to Ling Lew, Jason Cody, and Sean Cameron (all in-house counsel).  The email concerns a draft deck for a proposed update to leadership regarding the Digital Markets Act and requests feedback from legal on any "legal nuances or regulatory feedback" that may be relevant.  The remainder of the email exchange discusses scheduling and a personal aside between non-lawyers unrelated to the substance of the discussion.  Because this email exchange concerns an express request for legal feedback and advice from three in-house lawyers, it is privileged.  *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

**Email Regarding Netherlands Regulatory Matter: Entry No. 5638 (PRIV-APL-EG_00205497)**

PRIV-APL-EG_00205497 is an email exchange initiated by Sean Cameron (in-house counsel) discussing open items coming out of a meeting with regulators in the Netherlands regarding new App Store features and products related to dating apps. Mr. Cameron identifies and explains the various open items that will need to be addressed ahead of a submission to the Dutch regulator the following week. The remainder of the email exchange consists of responses and clarifications from the non-lawyers on the chain. Because this exchange is for the purpose of providing and soliciting legal advice, *see Sanmina Corp.*, 968 F.3d at 1116, and contains information solicited by a lawyer for the purpose of providing legal advice in connection with an ongoing regulatory investigation, *see Boehringer Ingelheim Pharms.*, 180 F. Supp. 3d at 30, it is privileged.

DATED: May 5, 2025                                          WEIL, GOTSHAL & MANGES LLP
                                                            By: */s/ Mark A. Perry*
                                                            *Counsel for Defendant Apple Inc.*