UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on April 29, 2025.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

    Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

- **PRIV-APL-EG_00192180** is an email chain among Apple public relations personnel Fred Sainz and Peter Ajemian; Apple business employees Ann Thai, Mike Tam and Eric Gray; and two Apple in-house counsel, Sean Cameron and Jason Cody. The email chain appears to be related to draft communications to developers and the press regarding Apple's response to regulatory requirements in the Netherlands. Apple has made a number of redactions throughout the chain, claiming these portions provide "legal advice from counsel . . . prepared in anticipation or furtherance of litigation". Those claims seem to recite the general standard for privilege and work product protection, not to describe the actual redactions in the document. For example, Apple has redacted a paragraph in Mr. Ajemian's first email in the chain, which is addressed to all participants listed above (non-lawyers and lawyers alike). (PRIV-APL-EG_00192180 at '184.) Mr. Ajemian is not a lawyer, the email was not prompted by lawyers, and both the unredacted content of the email and the fact it was sent to the entire group suggest it was not sent for a predominantly legal purpose. Next, Apple has redacted the entirety of Mr. Gray's response to Mr. Ajemian's draft communications. (PRIV-APL-EG_00192180 at '180-81.) Mr. Gray cannot provide legal advice, it does not appear his email was created at the direction of any counsel and based on the subsequent unredacted emails on the chain from Mr. Ajemian, Mr. Sainz and Mr. Tam, it appears that Mr. Gray's redacted email reflects Mr. Gray's business feedback to the draft communications, not any request for legal advice. Therefore, Epic sees no basis in the privilege log or in the document to justify these redactions. (Epic understands that an email from Mr. Cody followed by a response from Mr. Tam—Apple's two redactions on the top of '180—may be privileged, to the extent that legal advice is conveyed and/or requested.)

- **PRIV-APL-EG_00192963** is an email chain among Mr. Gray and Nate Barton, a finance professional, as well as Apple in-house counsel Ling Lew, discussing certain changes made in Apple's response to the U.S. Injunction shortly before Apple filed its Notice of Compliance with this Court. Epic does not dispute that Ms. Lew's first email, containing descriptions of her changes to certain Injunction-related materials, may be privileged. However, Apple has also redacted significant parts of Mr. Barton's responsive email, including Mr. Barton's own proposed modifications to the same materials. This is not a request for legal advice—in fact, in the same email, Mr. Gray asks Mr. Barton (but not Ms. Lew, the only in-house counsel on the chain) for his approval on the proposed modifications. Therefore, Epic sees no basis in the privilege log or the document to justify the redactions on Mr. Barton's email.

- **PRIV-APL-EG_00194231** is an employee chat relating to Apple's response to the U.S. Injunction involving engineering manager Akhilesh Agrawal, program manager Atusa Savio, marketing professional Chanelle Kim, as well as public relations professionals Mr. Ajemian and Mr. Sainz. No attorneys participate anywhere in the conversation. Apple has redacted much of Ms. Savio's message in a thread she has titled "PR", or public relations—an indication that her ensuing message does not have a primary legal purpose, and nothing in the chain suggests it was created at the direction of any lawyer (whether or not it was created in anticipation or furtherance of litigation). Therefore, Epic sees no basis in the privilege log or the document to justify these redactions.

- **PRIV-APL-EG_00197335** is an email chain involving Apple's business executives such as Phil Schiller, Greg Joswiak, Eddy Cue and Kristin Huguet Quayle, as well as other senior employees such as Mr. Sainz, a public relations professional; Bob Borchers, Vice President of Worldwide Product Marketing; Tim Powderly, Senior Director of Government Affairs; Jennifer Kuhn, Director of Global Strategic Alliances; Lisa Jackson, Vice President of Environment, Policy and Social Initiatives; and Nick Ammann, Vice President of Global Government Affairs. While Kate Adams and Kyle Andeer, both Apple in-house counsel, are copied on the chain, they do not participate in the conversation. The email chain primarily discusses a blog post published by Spotify containing supposedly inflammatory statements about Apple, and strategizes Apple's response to the post. Apple has redacted: (1) a paragraph in Mr. Sainz's email appearing to note a number of facts weighing against a need for Apple to respond to Spotify's blog post (PRIV-APL-EG_00197335 at '338), (2) the entirety of Mr. Joswiak's response (PRIV-APL-EG_00197335 at '337), (3) a significant part of Mr. Ammann's response, echoing similar public relations-related concerns (PRIV-APL-EG_00197335 at '335-'337), (4) the entirety of Ms. Jackson's response (PRIV-APL-EG_00197335 at '335) and (5) the entirety of Mr. Joswiak's final response on the chain (PRIV-APL-EG_00197335 at '335). None of these individuals are attorneys, nor do they appear to discuss much beyond Apple's strategy to push back on Spotify's blog post from a public relations perspective. And none of these individuals seems to be seeking legal advice, as is evident from the fact that none was provided in response. Therefore, Epic sees no basis in the privilege log or the document to justify these significant redactions.

- **PRIV-APL-EG_00198616** is an email chain involving 34 Apple employees, non-lawyers and lawyers alike—including business executives, business employees, finance employees and public relations professionals. The only two individuals who actively participate in the correspondence are Mr. Schiller and Ms. Lew, who discuss certain changes being made to internal materials relating to Apple's response to the Digital Markets Act (DMA). But Ms. Lew does not seem to be providing *legal* advice in this chain (at least not primarily); indeed, her first email in the chain, which Apple has redacted almost in its entirety, is signed by "Ling [Lew] *(for the team)*". (PRIV-APL-EG_00198616 at '620 (emphasis added).) Furthermore, in a subsequent email, Ms. Lew writes: "Thanks, Phil. We've made several updates below in response to your feedback". (PRIV-APL-EG_00198616 at '617.) These unredacted snippets suggest that Ms. Lew is sending certain DMA-related materials to Mr. Schiller on behalf of a team of business, finance and public relations employees (or a subset of those copied on the chain), and later following up with changes in response to Mr. Schiller's *business* feedback. Thus, there is no indication in the email that Ms. Lew is providing legal advice, or that Mr. Schiller is requesting legal advice from Ms. Lew. Therefore, Epic sees no basis in the privilege log or the document to justify these extensive redactions.

- **PRIV-APL-EG_00232230** is an employee chat involving Bri Cote, Terry Liu, Joseph Magnani, Raf Onak and Joe Philips, all of whom are on the design team at Apple. Apple has redacted part of Ms. Cote's message under a thread that she has titled, "5/16 Ann/Monika Working Session Next Steps"—which Epic believes may refer to Ann Thai, a senior business employee, and Monika Gromek, a senior design employee (neither of whom are lawyers). Specifically, the redacted messages relate to upcoming meetings, and next steps with regards

to Apple's scare screen in Japan. Given the absence of any attorneys on the chat and the non-legal nature of these topics, reinforced by Ms. Cote's own title for the thread, Epic sees no basis in the privilege log or the document to justify these redactions.

DATED: May 5, 2025                           CRAVATH, SWAINE & MOORE LLP
                                             By: */s/ Yonatan Even*
                                             *Counsel for Plaintiff Epic Games, Inc.*