**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff*, *Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*, *Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED APRIL 29, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on April 29, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Document Concerning Non-Legal Topic (Entry No. 8854)**

Entry No. 8854 (PRIV-APL-EG_00238352) is a 6-page document titled "Management Entitlement Discussion". The sole custodian for the document is Deepali Salian, a non-lawyer product manager at Apple. Apple has withheld the document, claiming that the document provides legal advice from counsel regarding "U.S. Link Entitlement program eligibility". But as the contempt hearings revealed, and the Order now confirmed, Apple's decisions regarding eligibility for the link entitlement program (and in particular, its decisions that certain developers would be *in*eligible to avail themselves of the benefits of the Injunction without foregoing meaningful financial benefits) were not driven by legal reasons; rather, they "highlight Apple's clear design to forbid competitive alternatives to IAP" in order to "protect its bottom line"—i.e., for pure business reasons. (*See* Order at 43-44.) Given that no attorney is on the document, at least some of this document likely reflects business discussions, and the document should therefore be produced.

**Non-Attorney Emails (Entry Nos. 9037, 9066 and 10101)**

Entry No. 9037 (PRIV-APL-EG_00240097) is an email chain with the top email being between Ms. Salian and Punit Shah, a non-lawyer tax advisor at Apple. The subject line indicates that the correspondence relates to written materials regarding Apple's response to the DMA. Apple's privilege log claims that the email chain provides legal advice from Apple in-house counsel Jason Cody, but at least the top email between Ms. Salian and Mr. Shah clearly does not. Epic does not have visibility into the contents of earlier emails in the chain, but given the top email it appears likely the document should not be withheld, but rather should be produced (with redactions if necessary).

Entry No. 9066 (PRIV-APL-EG_00240364) is an email chain among Ms. Salian, non-lawyer Rachel Coker and non-lawyer design employee Thuy Tran, appearing to discuss Apple's response to the DMA. Apple claims in its privilege log that the document reflects legal advice from its outside counsel as well as Mr. Cody—yet there are no attorneys copied on the chain, at least for the top email. Therefore, although Epic does not have visibility into the contents of earlier emails in the chain, Epic believes that the document should not be withheld, but rather should be produced (with redactions if necessary).

Entry No. 10101 (PRIV-APL-EG_00248470) is an email chain among non-lawyers, including Mike Tam, senior manager in marketing; Michelle Zhang, engineering program manager; Negar Nasoohi, editorial lead for developer relations; Melissa Manser, content strategist for the App Store; and Ryan Olson, Head of Scaled Developer Engagement. Based on the subject line, the email chain appears to be discussing "Updates to In-App Events guidance" and related communications with developers. Apple claims that the document should be withheld because it supposedly provides legal advice regarding "user design and interface" from a host of Apple in-house counsel, none of whom are included on the top email in the chain. Epic does not have visibility into the contents of earlier emails in the chain, but given the top email it appears likely the

document should not be withheld, but rather should be produced (with redactions if necessary).

DATED: May 5, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*