Ben M. Harrington (SBN 313877)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: benh@hbsslaw.com

Steve W. Berman (*pro hac vice forthcoming*)
Theodore Wojcik (*pro hac vice forthcoming*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

*Counsel for Plaintiff and the Proposed Class*

Eamon P. Kelly (*pro hac vice forthcoming*)
Joseph Vanek (*pro hac vice pending*)
Alberto Rodriguez (*pro hac vice forthcoming*)
**SPERLING KENNY NACHWALTER**
321 North Clark Street, 25th Floor
Chicago, IL 60654
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
Email: ekelly@sperlingkenny.com
Email: jvanek@sperlingkenny.com
Email: arodriguez@sperlingkenny.com

Phillip F. Cramer (*pro hac vice pending*)
**SPERLING KENNY NACHWALTER**
1221 Broadway, Suite 2140
Nashville, TN 37203
Telephone: (615) 252-5800
Facsimile: (615) 252-5853
Email: pcramer@sperlingkenny.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        Plaintiff and Counter-Defendant,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant and Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**PLAINTIFF'S RESPONSE SUPPORTING CASE RELATION PURSUANT TO CIVIL LOCAL RULE 3-12(e)**<br><br>Hon. Yvonne Gonzalez Rogers |
| PURE SWEAT BASKETBALL INC., on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>        Defendant. | Case No. 5:25-cv-03858-EKL |

1    By Order dated May 6, 2025, Magistrate Judge Nathanael M. Cousins referred *Pure Sweat*

2  *Basketball, Inc. v. Apple Inc.*, No. 5:25-cv-03858-EKL (N.D. Cal.) ("*Pure Sweat*") to this Court to

3  determine whether it is related to *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D.

4  Cal.) ("*Epic Games*"). Plaintiff Pure Sweat Basketball respectfully submits that *Pure Sweat* and

5  *Epic Games* are related cases satisfying all criteria set forth in Civil L.R. 3-12(a). Accordingly,

6  Pure Sweat Basketball submits this response pursuant to Civil L.R. 3-12(e) supporting case

7  relation. *See* Civil L.R. 3-12(c) (requiring parties to submit any response supporting or opposing

8  case relation pursuant to Civil L.R. 3-12(e) following *sua sponte* referral).

9    Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions

10  concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that

11  there will be an unduly burdensome duplication of labor and expense or conflicting results if the

12  cases are conducted before different Judges." The newly filed *Pure Sweat* action is related to the

13  *Epic Games* action.

14    *First*, *Epic Games* and *Pure Sweat* "concern substantially the same parties, property,

15  transaction or event." Civil L.R. 3-12(a)(1). The claim in *Pure Sweat* is that Apple willfully

16  violated the 2021 injunction entered after a bench trial in *Epic Games*, and that Apple's violation of

17  the injunction harmed Plaintiff Pure Sweat Basketball and other similarly situated app developers.

18  Pure Sweat Basketball contends that, by violating the *Epic Games* injunction, Apple prevented its

19  developers from using links to sell in-app products directly to their customers. As a result,

20  developers paid, and Apple unlawfully retained, potentially billions in commissions that Apple

21  would not have received had it complied with the injunction. *See Pure Sweat*, 5:25-cv-3858 (N.D.

22  Cal.), ECF No. 1 at ¶¶ 1-6.

23    The Court in *Epic Games* recently evaluated these same issues. Following multiple

24  hearings, the Court in *Epic Games* held Apple in contempt for violating the 2021 injunction,

25  concluding that "Apple sought to maintain a revenue stream worth billions in direct defiance of this

26  Court's injunction." *Epic Games*, 4:20-cv-5640 (N.D. Cal.), ECF No. 1508 at 2. The *Epic Games*

27  and *Pure Sweat* actions thus concern the same subject matter and events—specifically, Apple's

28  noncompliance with the *Epic Games* injunction and the effect of that noncompliance.

1     Regardless, nothing in Civil Local Rule 3-12 requires cases to contain identical allegations,

2     claims or theories. *See, e.g., Our Children's Earth Found. V. Nat'l Marine Fisheries Serv.*, 2015

3     WL 4452136, at *12 (N.D. Cal. July 20, 2015) (relating cases involving substantially the same

4     matter" despite "slightly differing parties" and "a differing underlying FOIA request"); *In re*

5     *Leapfrog Enters., Inc. Sec. Litig.*, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases

6     involving different plaintiffs that "name the same defendants, make similar factual allegations, and

7     seek redress for violation of the same sections of the Securities and Exchange Act").

8     *Second*, relating these cases would avoid "an unduly burdensome duplication of labor and

9     expense or conflicting results if the cases are conducted before different Judges." Civil L.R.

10     3-12(a)(2). This Court has presided over *Epic Games* for nearly five years and is deeply familiar

11     with the legal and factual issues concerning Apple's response to the injunction and efforts to

12     circumvent its strictures. Given the time and effort that the Court has already expended in assessing

13     similar claims premised on shared factual predicates, relating *Epic Games* and *Pure Sweat* would

14     conserve judicial resources and ensure consistent adjudication of common issues. A different court

15     in this District would lack this Court's familiarity and expertise with the cases' common facts and

16     issues, and separate litigations would require the other court to needlessly duplicate previous

17     judicial efforts.

18     Pure Sweat Basketball respectfully requests that this Court enter an order relating *Epic*

19     *Games* and *Pure Sweat*.

20

21     DATED:  May 7, 2025                                Respectfully submitted,

22

23                                                **HAGENS BERMAN SOBOL SHAPIRO LLP**

24                                                By  */s/ Ben M. Harrington*
                                                         BEN M. HARRINGTON (SBN 313877)

25
                                                   715 Hearst Avenue, Suite 300
26                                                 Berkeley, CA 94710
                                                   Telephone: (510) 725-3000
27                                                 Facsimile:  (510) 725-3001
                                                   Email: benh@hbsslaw.com
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steve W. Berman (*pro hac vice forthcoming*)
Theodore Wojcik (*pro hac vice forthcoming*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Eamon P. Kelly (*pro hac vice forthcoming*)
Joseph Vanek (*pro hac vice pending*)
Alberto Rodriguez (*pro hac vice forthcoming*)
**SPERLING KENNY NACHWALTER**
321 North Clark Street, 25th Floor
Chicago, IL 60654
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
Email: ekelly@sperlingkenny.com
Email: jvanek@sperlingkenny.com
Email: arodriguez@sperlingkenny.com

Phillip F. Cramer (*pro hac vice pending*)
**SPERLING KENNY NACHWALTER**
1221 Broadway, Suite 2140
Nashville, TN 37203
Telephone: (615) 252-5800
Facsimile: (615) 252-5853
Email: pcramer@sperlingkenny.com

*Counsel for Plaintiffs and the Proposed Class*