## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

EPIC GAMES, INC.,

*Plaintiff, Counter-defendant,*

APPLE INC.,

*Defendant, Counterclaimant.*

Case No. 4:20-cv-05640-YGR-TSH

**RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS**

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced to Epic in redacted form on April 29, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**PRIV-APL-EG_00192180**

PRIV-APL-EG_00192180 is an email chain among Jason Cody, Sean Cameron (both in-house counsel), and several non-lawyers regarding developer communications related to new App Store products and services in the Netherlands. The majority of the email chain is unredacted. Apple has redacted four passages: (1) a question on -2184 directed to Mr. Cameron seeking information about attorney-client privilege; (2) a question at the bottom of -2180 directed to Mr. Cody and others about Apple's policies regarding access by developers to certain user information, (3) Mr. Cody's feedback near the top of -2180 responding to the question about developer policy, and (4) a note from a non-lawyer at the top of -2180 incorporating Mr. Cody's feedback about developer policy. The redacted portions of the document consist of express requests for legal advice, statements providing legal advice, and responsive communications incorporating that feedback. They are accordingly privileged. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

**PRIV-APL-EG_00192963**

PRIV-APL-EG_00192963 is an email exchange initiated by Ling Lew (in-house counsel) regarding developer materials for Apple's compliance framework in response to the Injunction in this case.  Epic does not dispute that Ms. Lew's email outlining changes she made to the materials is properly redacted.  *See ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076.  Apple also partially redacted a note from a non-lawyer in response, in which the non-lawyer reproduces a significant portion of the material Ms. Lew had edited and proposes additional changes.  Materials edited by Ms. Lew do not lose their privilege simply because they are repeated back to her by a non-lawyer, with two minor proposed changes.

**PRIV-APL-EG_00194231**

Apple will produce PRIV-APL-EG_00194231 without redaction.

**PRIV-APL-EG_00197335**

PRIV-APL-EG_00197335 is an email exchange regarding a blog post made by Spotify regarding Apple's App Store practices and guidelines.  The chain includes Kate Adams, Kyle Andeer (both in-house counsel), and a number of non-lawyers.  The redacted content relates to one specific point discussed in the email exchange, which in the first email, a non-lawyer indicates is based on a "[s]eparate email thread that Kate [Adams] convened."  All of the redacted content emanates from that discussion and concerns exclusively the legal strategy and questions raised by Ms. Adams on that "[s]eparate email thread."  Accordingly, because the substance of the redacted content is a discussion about legal advice rendered by the General Counsel of Apple, it is privileged.  *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

**PRIV-APL-EG_00198616**

PRIV-APL-EG_00198616 is an email exchange between Ling Lew (in-house counsel) and a non-lawyer.  There are a number of other in-house counsel cc'ed (including Kate Adams, Heather Grenier, Kyle Andeer, Brendan McNamara, and Nina Haefele), as well as other non-lawyers.  The email exchange concerns materials related to new App Store products and services Apple released in the European Union in response to new regulatory requirements.  In her first email, Ms. Lew provides analysis and an update on changes to a contract addendum for developers relevant to the new App Store products and services, as well as developer communications related to those contract and product changes.  The remaining redacted content consists of a discussion between Ms. Lew and the non-lawyer regarding various aspects of the contract addendum and the developer communications.  This kind of exchange for the purpose of soliciting and providing legal advice is privileged.  *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).  Epic speculates that Ms. Lew's advice must not be legal because her signature indicates the message is from "the team."  Dkt. 1529, at 3.  Epic does not say who it thinks "the team" is, but in any event, the fact that a lawyer may have consulted with non-lawyers before rendering legal advice does not vitiate the privilege.

**<u>PRIV-APL-EG_00232230</u>**

PRIV-APL-EG_00232230 is a Slack direct message among several non-lawyers.  The redacted content refers to issues to be discussed with in-house counsel regarding new App Store products and services in Japan.  Confidential communications about a topic on which a client is seeking or intends to seek legal advice are privileged.  *See In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

DATED: May 7, 2025                    WEIL, GOTSHAL & MANGES LLP
                                      By: */s/ Mark A. Perry*
                                      *Counsel for Defendant Apple Inc.*