**From:** Jennifer Brown
**Subject:** Re: Updated Wisconsin Deck
**Received(Date):** Thu, 15 Jun 2023 14:45:54 -0700
**Cc:** Matt Fischer >,Alex Roman , Sean Cameron ,Timothy Kim , Carson Oliver ,Ling Lew , Nate Barton ,Ann Thai
**To:** Kunal Vij , Tanya Washburn
**Date:** Thu, 15 Jun 2023 14:45:54 -0700

Privileged & Confidential

Thanks, Kunal.  I will take a look.

Tanya - On the meeting, Tim's EA is looking to get us 1-1:30, but she asked to hold on the iCal.  He is back-to-back all day, but it looks like we should be able to get this window.

Sent from my iPhone

On Jun 15, 2023, at 1:52 PM, Kunal Vij wrote:


Privileged and confidential

Prepared at the request of external counsel

Hi Jennifer / Matt / Alex / Sean

We adde 2 more proposals to the Wisconsin KN:

- A version of 2A with 10% discount ie 20% commission scenarios (Slide 45-48)

- A new proposal 2D - 20% Commission + $2 Flat fee (10% of W1 LTV) per tap-out (Slide 49-50)

    * this version get us a ▮▮▮ scenario with a ▮▮▮ loss and is closer to ▮▮▮ as well.

Please let us know if you have any legal feedback or concerns.

PLAINTIFF
U.S. District Court - NDCAL
4:20-cv-05640-YGR-TSH
Epic Games, Inc. v Apple Inc.
Ex. No. CX-0538
Date Entered_____
By_____

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY   CX-0538.1

PRIV-APL-EG_00199341
PRIV-APL-EG_00199341

Rgds

Kunnal

On Jun 15, 2023, at 10:56 AM, Jennifer Brown ▮ wrote:

Privileged and confidential
Prepared at the Request of External Counsel

> Attorney Client Privilege

**Jennifer Brown**

Director, Commercial Litigation

Apple Inc.

One Apple Park Way,

MS 60-1NYJ, Cupertino, CA 95014



This email message is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

On Jun 15, 2023, at 10:36 AM, ▮ wrote:

Privileged and confidential
Prepared at the request of external counsel

Jennifer,

Re: Kate's feedback on #2, the team has discussed variations on the commission options with lower rates, but we struggled to land on ironclad pricing rationales that would (1) stand up to scrutinizing comparisons with defenses of the commission and existing discounting approaches in other jurisdictions and (2) that we could substantiate solidly on a bottoms up basis without implicitly devaluing our IP / proprietary technology.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY       CX-0538.2       PRIV-APL-EG_00199341
PRIV-APL-EG_00199342

For example, Steam offers a games marketplace with no underlying platform technology / services, or comparable technical / human review services around safety, security, and privacy, at a commission rate of 30% initially, dropping eventually to a marginal rate of 20% for sales above $50M. We could pluck the 20% out of that and say that our offering through the App Store is obviously more valuable / more robust than Steam's and so we're at least worth 20%. However, I'd venture that the counterarguments almost suggest themselves, directly from YGR's decision: (1) the mobile games market is distinct and should be analyzed on its own (i.e. the comp is inapt) and (2) this approach is still not specifically grounded in direct valuation of component services (therefore only a half-step removed in terms of logical rigor from 30% commission).

All things being equal, my $0.02 is that a lower commission rate option doesn't represent a material improvement in the logical grounding relative to the 27%, continues to place the lion's share of the financial risk and calculus on Apple, and just makes us less money. That being said, none of the options available is without flaws and so we could always offer this if the optics of being lower than 20% are the material dimension of improvement here. If that's the case, then I think then we'd rely heavily on you and Ling to help us characterize the relative compliance risk appropriately. Do you think this the path we should start marching down to reflect her feedback?

Timo

On Jun 15, 2023, at 9:28 AM, Jennifer Brown <span style="background:black">████████████████████</span> wrote:

Privileged and Confidential
Prepared at the Request of External Counsel

Thanks, Carson. I was able to connect with Kate this morning. Couple things:

(1) Carlin is reaching out to Katie to try and get time with Tim Tuesday.

> Attorney Client Privilege

(3) Consensus is that Phil, Eddy, Craig, and Joz should be briefed before Tuesday, but there is not a readily apparent non-email way to do that. Open to suggestions there. Carlin is doing everything she can to get time with Tim Tuesday. If we want to try and get the other folks (or a portion of them) that will need to come from a non-legal admin.

**Jennifer Brown**

Director, Commercial Litigation

Apple Inc.

One Apple Park Way,

MS 60-1NYJ, Cupertino, CA 95014

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY    CX-0538.3    PRIV-APL-EG_00199341
PRIV-APL-EG_00199343

> This email message is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
>
> On Jun 15, 2023, at 9:15 AM, Carson Oliver ▮▮▮▮▮▮▮▮▮▮ wrote:
>
> Privileged and Confidential
> Prepared at the Request of External Counsel
>
> Thanks, Jen. [Attorney Client Privilege] She was going to work with the competition team to get a firmer answer on that concern. Depending on the outcome of that discussion, [Attorney Client Privilege]
>
> We will also change the footer as requested.
>
> Thanks,
> Carson
>
> On Jun 14, 2023, at 11:43 PM, Jennifer Brown ▮▮▮▮▮▮▮▮▮▮ wrote:
>
> Privileged & Confidential
> Prepared at the Request of External Counsel
>
> [Attorney Client Privilege]
>
> Also, one procedural tweak - can we change the "Prepared at the Request of Counsel" label in the slides to "Prepared at the Request of External Counsel". This work is necessary for our outside counsel to advocate our compliance.
>
> **Jennifer Brown**
>
> Director, Commercial Litigation
>
> Apple Inc.
>
> One Apple Park Way,
>
> MS 60-1NYJ, Cupertino, CA 95014
>
> 
>
> This email message is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

> message.
>
> On Jun 14, 2023, at 10:37 PM, Carson Oliver ███ wrote:
>
> **Privileged and Confidential**
> **Prepared at the Request of Counsel**
>
> Jen, Ling, Matt, Alex,
>
> Here is the updated Wisconsin deck for your review: ███
>
> Please let us know if you have any legal feedback or concerns.
>
> Thanks,
> Carson
>
> - Significant collection risk if linking out adoption scales