**From:** Fred Sainz ████████████████

**Subject:** Fwd: MacRumors - U.S. Developers Can Now Offer Non-App StorePurchasing Option, But Apple Will Still Collect Commissions

**To:** Sam Whittington ████████████████ ,Marni Goldberg <████████████████>

**Received(Date):** Wed, 17 Jan 2024 09:41:01 -0800

**Attachment:** PastedGraphic-1.png

**Date:** Wed, 17 Jan 2024 09:41:01 -0800

Begin forwarded message:

**From:** Fred Sainz <████████████████>

**Subject: MacRumors - U.S. Developers Can Now Offer Non-App Store Purchasing Option, But Apple Will Still Collect Commissions**

**Date:** January 16, 2024 at 5:59:12*PM PST

**To:** Tim Cook ████████████████ >, Kate Adams ████████████████ , Luca Maestri ████████ , Craig Federighi ████████ , Eddy Cue ████████ , Greg Joswiak ████████ , Philip Schiller ████████ , Lisa P Jackson ████████

**Cc:** Kristin Huguet Quayle ████████████████ , Marni Goldberg ████████████ , Hannah Smith ████████ ████████████████ , Heather Grenier ████████████ , Matt Fischer ████████████ Trystan Kosmynka ████████ , Carson Oliver ████████ ████████████ , Ann Thai ████████ , Nick Ammann ████████ , Tim Powderly ████████ , Alex Roman ████████ , Nate Barton ████████ , Kunnal Vij ████████ , Alanna Rutherford ████████ , Andrew Farthing ████████ , Jen Brown ████████ , Kyle Andeer ████████ , Sean Dillon ████████ , Robert Windom ████████████ , Sean Cameron ████████ , Ling Lew

Privileged and Confidential

In contrast to this morning's flurry of stories on the Supreme Court decision, coverage of our injunction plans is extremely limited at this hour to the three Apple blogs we pre-briefed and a few other stories. Social media commentary, fueled by Tim Sweeney and other traditional antagonists, is solidly negative. In a [tweet thread](#) where he details the "glaring problems they have found so far," Sweeney says Epic will "contest Apple's bad faith compliance plan."



U.S. District Court - NDCAL
**4:20-cv-05640-YGR-TSH**
*Epic Games, Inc. v Apple Inc.*
Ex. No. **CX-1504**
Date Entered _____
By_____

APL-EG_11536428

Published stories are largely factual highlighting that "developers are now able to direct customers to a non-App Store purchasing option," as MacRumors writes, and they can "apply for an entitlement that allows them to include buttons or links directing users to out-of-app purchasing mechanisms," according to 9to5Mac. All stories prominently note that Apple will continue to collect a 12% or 27% commission on such purchases.

The Apple blog stories quote heavily from our court filings, with MacRumors writing that "the requirements surrounding the links are aimed at minimizing 'fraud, scams, and confusion,' while also providing developers with an opportunity to 'entice users to other platforms' and give customers a choice between non-App Store purchasing and in-app purchases." AppleInsider is more skeptical, writing that the plan has "enough caveats that the in-app option may be preferable." It concludes that "Apple's limitations and continued collection of a commission will likely light new fires for litigation opportunities."

The Wall Street Journal and Bloomberg update earlier pieces, noting that Apple revised its policy, "opening its US App Store to allow outside payment options," as Bloomberg writes. In a new standalone piece, CNBC says the changes appear "to be the final result from the long-running Epic Games antitrust challenge." The Journal points out that under the new rules, even if the developer uses an alternative payment system, "Apple will still collect a commission of 27% instead of the full 30%," adding that for smaller apps that are members of Apple's App Store Small Business Program, developers will be charged 12%. Apple may audit developers to make sure they are in compliance with the commission policy, the Journal writes, while CNBC cites Apple's email to developers that says it "won't be able to assist customers with refunds, purchase history, subscription management, and other issues encountered when purchasing digital goods and services."

As with earlier coverage, pieces overwhelmingly note that Apple largely won the underling dispute with Epic and "the court did not find that Apple had violated U.S. antitrust law." They also point out that Apple has already been allowing developers to use communication methods like email to inform customers about payment methods available outside of iOS apps, with MacRumors adding that Apple "makes it clear in its messaging today that there are no limits on developers' out-of-app communications with users."

## Social Media Conversation

Negative commentary on social media is the norm with David Heinemeier Hansson (DHH) saying, "Apple is going to poison the one victory Epic secured in their lawsuit so bad nobody would ever think to use it," while suggesting the company has followed the rules of the injunction, "but not the spirit of the injunction." Reporters Parker Ortolani and Tom Warren commented on the compliance plan, suggesting with the 27% commission rate,"there's essentially no difference for devs by the time they've paid payment processing fees elsewhere." Developers and reporters also shared screenshots of the in-app warning pop-up, mocking the message and calling it "aggressive."

CONFIDENTIAL

.

MacRumors - U.S. Developers Can Now Offer Non-App Store Purchasing Option, But Apple Will Still Collect Commissions

9to5Mac - Apple revises US App Store rules to let developers link to outside payment methods, but it will still charge a commission

AppleInsider - Apple's App Store anti-steering rules are gone, but the replacement isn't much better

Bloomberg - Apple to Allow Outside Payments for Apps After US Decision

Wall Street Journal - Supreme Court Denies Petitions on Apple, Epic Appeals

CNBC - Here's what Apple had to change as a result of the Epic Games legal battle

The Verge - Apple's App Store policies now let US developers link to outside payments

Full text:

Bloomberg - Apple to Allow Outside Payments for Apps After US Decision

Apple Inc. is opening its US App Store to allow outside payment options after the Supreme Court refused to consider the company's appeal in an antitrust suit challenging its practices.

The company plans to let all third-party apps sold in the US include an outside link to a developer website to process payments for in-app purchases. That will bypass Apple's own payment system, which charges developers a commission of either 15% or 30%. Still, the iPhone maker said it would attempt to collect a 12% or 27% revenue share from developers that opt out of the Apple system.

The Supreme Court decision let stand a 2023 appeals court ruling that found Apple's business model didn't violate antitrust laws, but that it did flout California's Unfair Competition Law by limiting the developers ability to communicate about alternate payment systems that may cost less.

Both Apple and Fortnite maker Epic Games Inc. had asked the court to hear an appeal related to the case. The justices turned down the appeals without explanation.

Apple shares slid as much as 2.7% after the court's announcement before paring their decline. The stock was down 1.2% to $183.63 at the close in New York.

Developers will need to apply for an "entitlement" to be able to use outside payments systems. Apple previously allowed reader apps — a category that includes video streaming and book reading applications — to point users to the web to sign up for

APL-EG_11536430

subscriptions. Apple will warn customers when they press a link to conduct purchases outside the App Store before letting them proceed.

"As of today, developers can begin exercising their court-established right to tell US customers about better prices on the web," Epic Chief Executive Officer Tim Sweeney said in a thread on the social media site X, formerly known as Twitter.

But he took issue with Apple's plan to charge what he called a "27% tax" on web transactions. If app developers have to pay that fee to Apple and a cut of 3% to 6% to third-party payment processors, they can't afford to offer lower costs to consumers, he said. Sweeney also described Apple's planned warning to customers as a "scare screen."

"Epic will contest Apple's bad-faith compliance plan in District Court," he said.

Billions of dollars are at stake. In app spending is forecast to reach $182 billion this year and $207 billion in 2025, according to research firm Sensor Tower. And competitors are ready to steal a piece of it: Microsoft Corp. has said that it's already in talks to launch a mobile app store focused on gaming.

The 9th US Circuit Court of Appeals last year largely affirmed a lower-court judge's 2021 decision largely rejecting claims by Epic that Apple's online marketplace policies violated federal antitrust law because they ban third-party app marketplaces on its operating system. The appeals court also upheld a federal judge's ruling that the iPhone maker's practices don't violate federal antitrust law, rejecting the bulk of Epic's case against Apple's App Store.

That decision had been on hold while the Supreme Court appeals were pending. The high court's decision ended a temporary stay in the case.

The Epic case was the first to challenge Apple's lucrative App Store system, which rakes in billions of dollars each year. In the interim, the company has come under serious pressure around the world, including in Europe where competition enforcers have two antitrust cases pending against the tech giant. EU authorities are expected to fine the company later this year for allegedly using its App Store rules to thwart music-streaming rivals like Spotify Technology SA.

In a separate Epic suit in December, a jury found that Alphabet Inc.'s Google unfairly wields monopoly power in its Android app store. Google has said it plans to appeal, but key legislation in Europe — as well as investigations in the US and UK and an expected wave of follow-on lawsuits — will keep pressure on the tech giants' app store duopoly.

The cases are Apple v. Epic, 23-244, and Epic v. Apple, 23-337.

(Updates with Epic Games' response in eighth paragraph. A previous version of the story corrected a reference to Spotify's name.)

CONFIDENTIAL

\*\*\*

Wall Street Journal - [Supreme Court Denies Petitions on Apple, Epic Appeals](#)

Decision might create new options for companies such as Netflix and Spotify to sign up customers

The U.S. Supreme Court has turned down Apple's attempt to appeal a decision in an antitrust case over its App Store, a rejection that could create new options for companies such as Netflix and Spotify to sign up customers.

Apple and "Fortnite" developer Epic Games last year separately asked the Supreme Court to weigh in on their legal dispute. The court denied the petitions of both companies Tuesday. A federal judge in 2021 had largely ruled against Epic, even as she ruled that Apple must allow third-party software makers to steer customers to payment options within their own apps.

Tuesday's decision means that companies' apps can now promote the option for customers to purchase subscriptions outside of Apple's App Store, potentially at a lower price—via paying directly through their websites, for example. Otherwise, when a customer purchases a subscription through the App Store, Apple takes a cut.

The rejection has the potential to eat into Apple's highly lucrative App Store business, which forces developers to use the company's payments system for purchases made on every app in its ecosystem. Apple has charged developers up to 30% of what they collect from customers on apps. The company has lowered the price in some circumstances after facing challenges from Epic and others.

Last year, app store spending reached $171 billion, according to data.ai, a mobile data and analytics firm.

Following the news Tuesday, Apple revised its U.S. App Store policy that previously prevented developers from sending users to other payment systems inside their apps. In the updated terms, Apple now tells developers that they may apply for entitlements for their app to provide a link to the developer's website that offers an alternative payment system.

Even if the developer uses an alternative payment system, Apple will still collect a commission of 27% instead of the full 30%. For smaller apps that are members of Apple's App Store Small Business Program, developers will be charged 12%. Apple said it may audit developers to make sure they are in compliance with the commission policy. "This will allow Apple to review the accuracy of your record of digital transactions, ensuring the appropriate commission has been paid to Apple," Apple said in its developer material.

It is unclear whether "Fortnite" will now return to Apple's App Store. The iPhone maker booted the game in 2020 after Epic inserted an unauthorized payment system in it that

circumvented Apple's fees, prompting the companies to sue each other. Around this time, Apple also canceled Epic's developer account, preventing it from putting the combat game back on the App Store.

In late 2021, after a federal judge ruled mostly in Apple's favor, Epic CEO Tim Sweeney said in a tweet that Epic had asked Apple to restore its developer account. According to Sweeney, Apple responded that it wouldn't be reinstated until Epic's litigation against the company was resolved. Apple declined to comment at the time.

Apple also didn't immediately respond to requests for comment on the status of Epic's developer account and Tuesday's Supreme Court decision. Epic declined to comment on any conversations it has had with Apple. Sweeney referred to the high court decision in a post on X as a "sad outcome for all developers."

The Supreme Court's decision also comes as Apple is facing a series of challenges to its services business. For example, Apple is expected to allow software downloads outside the confines of its App Store for the first time, owing to a new European Union law. The iPhone maker is currently preparing to meet an early March deadline in Europe to comply, The Wall Street Journal previously reported.

The EU is also pursuing its own antitrust case against Apple, alleging violations for imposing rules that restrict app developers from informing users of other ways to pay for services. If the EU finds Apple broke antitrust laws, it could order Apple to lift those restrictions.

Google, Apple's chief rival in the app-store market, was recently dealt an even bigger blow in its battle against Epic over similar issues. Last month, a U.S. court ruled that Google has been operating an illegal app-store monopoly after a jury unanimously sided with Epic. Google said it plans to appeal the verdict and stands by its business model.

Analysts have been divided on the potential financial threat to Apple and Google over changes to their app stores. Many consumers are accustomed to the software environment Apple and Google provide on their app stores and might be unwilling to try alternatives. But if gaming app stores were to gain traction in the companies' ecosystems, both could endure a major hit. Games account for more than half of consumer spending in each of the two app stores, says data.ai.

On Jan 16, 2024, at 10:02*AM, Marni Goldberg ███████████████████ wrote:

Privileged and Confidential

The Supreme Court's decision today to deny Apple and Epic Games' petitions to take up their antitrust dispute draws immediate coverage from tier-one outlets. As we have not yet filed our Statement of Compliance with the Court, media do not currently have access to our plan of record to comply with the injunction. Once that plan is made public, a second coverage report will follow.

APL-EG_11536433

Initial coverage overwhelmingly frames the denial as upholding a ruling that was "largely a win for Apple," with Politico writing that "Apple beat back a key antitrust challenge to its app store" and Reuters reporting the justices "declined to hear an antitrust challenge by Epic Games to the way Apple runs its lucrative App Store." Outlets also focus on the potential impact of the anti-steering injunction going into effect, with Bloomberg and the AP writing that the denial could affect "billions of dollars" in revenue from in-app purchases.

Tim Sweeney responded to the court's denial this morning, writing in a thread on X that "[t]he court battle to open iOS to competing stores and payments is lost in the United States," and that it is "[a] sad outcome for all developers." With respect to the anti-steering provision, Sweeney notes that, "As of today, developers can begin exercising their court-established right to tell US customers about better prices on the web." He adds, "These awful Apple-mandated confusion screens are over and done forever."

**Here are the themes in press coverage:**

**The impact on Apple.** Coverage points out that the decision "will allow an appeals court ruling go into effect, letting developers direct iPhone users to cheaper purchasing options outside of Apple's system," as Bloomberg writes. The Verge notes that while Apple "spent years delaying" the change to anti-steering policies, today's denial "seemingly runs out that clock, requiring Apple to reconsider the future of its anti-steering rules." CNN calls the decision "a blow to Apple, which for years has sought to prevent app makers from using buttons, links or other features within iOS apps to direct customers to purchase in-app content through payment channels other than Apple's."

That will likely carry significant financial implications, several outlets note. "Billions of dollars are at stake," Bloomberg writes, specifying that "in-app spending is forecast to reach $182 billion this year and $207 billion in 2025." Bloomberg adds that "competitors are ready to steal a piece of it: Microsoft Corp. has said that it's already in talks to launch a mobile app store focused on gaming." The AP also notes that if the order took effect to "loosen Apple's grip" on the "lucrative" App Store, it would "potentially affect billions of dollars in revenue a year."

**The end of the road for Epic.** Despite the anti-steering overhang, coverage widely notes that the denial upholds Apple's initial victory. The Verge calls the development "largely, but not entirely, a win for Apple," while Reuters writes that for Epic, the decision is a "setback in its lengthy battle against the iPhone maker." Law360 notes that the initial ruling "found Apple's App Store policies do not violate federal antitrust law but some are illegal under California's unfair competition statute," while Bloomberg writes that "Epic's case against Apple's App Store policies was mostly unsuccessful, with a federal judge ruling the iPhone maker's practices don't violate federal antitrust law."

**Placing the denial in context.** Several outlets draw comparisons to the recent verdict in the Epic-Google jury trial, with The Verge noting that the outcome today is "strikingly different from [Epic's] recent victory" over Google. Outlets also point out that Apple is facing a possible Justice Department antitrust case and European regulations that could drastically impact its business, as Politico writes.

CONFIDENTIAL                                                                          APL-EG_11536434

Outside of Sweeney's tweet, initial social conversation is limited and consists largely of news outlets and reporters sharing the news without additional commentary, though some users expressed their support for Epic and developers. Stephen Totilo of Game File posted that the court decision "leaves things mostly as an Apple win." Florian Mueller of FOSS Patents wrote that he "totally support[s]" Epic's "fight for app freedom," adding, "It feels bad they've won something that will benefit *others*, not them: Apple doesn't have to put Fortnite back on the App Store."

Reuters - US Supreme Court snubs Apple-Epic Games legal battle
Bloomberg - Supreme Court Rejects Apple's Bid for Epic App Store Review
CNN - Apple risks a hit to its sales after Supreme Court declines to review Epic's app store case
Associated Press - The Supreme Court allows a court order to take effect that could cost Apple billions of dollars
Politico - Supreme Court rejects antitrust fight challenging Apple's app store

Law360 - BREAKING: Justices Won't Review Epic's App Store Fight With Apple
MLex - US Supreme Court won't review Epic Games' App Store monopoly fight with Apple
MLex - Epic Games CEO says US Supreme Court decision not to review App Store case a 'sad outcome' for developers

Marketplace - Supreme Court declines to weigh in on Apple, Epic battle

The Verge - Supreme Court rejects Epic v. Apple antitrust case / Apple mostly won — but it wanted a reprieve on changing the App Store's payment rules.
TechCrunch - Supreme Court declines to hear Apple-Epic antitrust case, meaning developers can point customers to the web

Washington Examiner - Supreme Court denies requests to review ruling in suit between Fortnite creator and Apple
MacRumors - US Supreme Court Declines to Hear Apple vs. Epic Games Case
9to5Mac - Supreme Court upholds Apple vs. Epic ruling, Apple must allow app developers to link to other payment systems
Apple Insider - Epic vs Apple suit finally ends, as Supreme Court refuses to hear both appeals

Full text:

Bloomberg - Supreme Court Rejects Apple's Bid for Epic App Store Review

The US Supreme Court refused to consider Apple Inc.'s appeal in an antitrust suit challenging its lucrative App Store, a decision that will likely affect billions of dollars in revenue for the iPhone maker.

Both Apple and Fortnite maker Epic Games Inc. had asked the court to hear an appeal related to the case. The justices turned down both appeals without explanation.

Apple fell 2.6% to $181.09 at 9:51 a.m. in New York.

APL-EG_11536435

The high court's decision will allow an appeals court ruling go into effect, letting developers direct iPhone users to cheaper purchasing options outside of Apple's system. The company charges developers a commission of as much as 30% for digital goods and services sold through its App Store.

The 9th US Circuit Court of Appeals found last year that Apple violated California's Unfair Competition Law by limiting the ability of developers to communicate about alternative payment systems. The decision, which had been on hold while the Supreme Court appeals were pending, will let developers circumvent those commissions by including links to process payments on the web instead of within the Apple system.

The Epic case was the first to challenge Apple's lucrative App Store system, which rakes in billions of dollars each year. The company has come under serious pressure around the world, including in Europe where competition enforcers have two antitrust cases pending against the tech giant.

In a separate Epic suit in December, a jury found that Alphabet Inc.'s Google unfairly wields monopoly power in its Android app store. Google has said it plans to appeal, but key legislation in Europe, investigations in the US and UK and an expected wave of follow-on lawsuits will keep pressure on the tech giants' app store duopoly.

Billions of dollars are at stake: in-app spending is forecast to reach $182 billion this year and $207 billion in 2025, according to research firm Sensor Tower. And competitors are ready to steal a piece of it: Microsoft Corp. has said that it's already in talks to launch a mobile app store focused on gaming.

Epic's case against Apple's App Store policies was mostly unsuccessful, with a federal judge ruling the iPhone maker's practices don't violate federal antitrust law. She did determine that under California law, Apple can't restrict app owners from telling consumers that other payment systems exist and inviting them to access the apps outside of Apple's system. Both parts of the trial judge's decision were upheld on appeal.

The cases are Apple v. Epic, 23-244, and Epic v. Apple, 23-337.

(Updates with shares in third paragraph.)

\*\*\*

Politico - [Supreme Court rejects antitrust fight challenging Apple's app store](#)

The decision leaves in place a ruling that was largely a win for Apple.

Apple beat back a key antitrust challenge to its app store Tuesday after the Supreme Court declined to intervene in a yearslong legal fight.

The high court, without explaining, said it will not hear appeals of a lower court ruling in a case

CONFIDENTIAL

brought in 2020 by Epic Games, maker of the popular online game Fortnite, against Apple.

What happened: The decision leaves in place a ruling that was largely a win for Apple, and puts a spotlight on the Justice Department, which is in the final innings of four-year antitrust probe of the company.

The 9th U.S. Circuit Court of Appeals largely sided with Apple last April, finding that a lower court judge correctly ruled Apple is not liable under federal antitrust law for conduct related to its App Store. The ruling followed a monthlong trial in 2021.

In a win for Epic, however, the 9th Circuit also upheld the part of U.S. District Judge Yvonne Gonzalez Rogers' ruling under California state law striking down Apple's so-called anti-steering provisions that block developers from informing their customers of cheaper prices outside the App Store.

Both sides appealed the ruling.

The crux of Epic's complaint is that developers are forced to use Apple's App Store to sell software on iPhones, which funnels 30 percent of most purchases back to Apple. Epic kicked off the fight in the summer of 2020 when it bucked Apple's rules by including a nonsanctioned payment option in its Fortnite app. Apple then booted Fortnite from the App Store, and Epic responded with its antitrust suit.

"The court battle to open iOS to competing stores and payments is lost in the United States," said Epic CEO Tim Sweeney, calling it "a sad outcome for all developers."

Apple did not immediately respond to a request for comment.

What's next: Epic lodged similar allegations against Google at the same time it brought its case against Apple in 2020. Epic won a jury verdict late last year that Google's control of its Android mobile operating system violates antitrust law, with a remedy decision pending from a federal judge. Google is also paying $700 million and will make several concessions in a settlement with state attorneys general.

Apple is also facing a possible Justice Department antitrust case and European regulations that could drastically impact its business.

\*\*\*

Law360 - BREAKING: Justices Won't Review Epic's App Store Fight With Apple

Law360 (January 16, 2024, 9:43 AM EST) -- The U.S. Supreme Court declined on Tuesday to hear appeals from both Apple and Epic Games contesting aspects of a Ninth Circuit ruling that found Apple's App Store policies do not violate federal antitrust law but some are illegal under California's unfair competition statute.

The justices denied a petition for review from Apple asking to dissolve a nationwide order

blocking rules in its App Store that prevent developers from sending users to outside payment methods based on alleged violations of California's unfair competition law.

The petition from Epic, also denied on Tuesday, asked for review of findings that Apple's broader policies, barring competing app stores and requiring use of its own in-app payment system, do not violate the Sherman Act.

The denials were issued in an order list Tuesday without explanation, as is customary.

Justice Elena Kagan had issued an order in August that refused to lift a stay of the injunction blocking Apple's anti-steering rules, keeping the order on hold during the appeal.

Epic launched a high-stakes dispute over Apple and Google's app store policies in August 2020 by offering players of its popular Fortnite video game a direct payment option for in-game purchases, circumventing commissions and offering players discounts based on the reduced charge.

The move prompted Apple and Google to kick Fortnite off their platforms for violating policies that require use of their own in-app payments systems, where they collect commissions of up to 30%. Epic then sued Apple and Google for antitrust and other violations, targeting the in-app payment requirements and rules that block the use of competing app stores on the platforms.

U.S. District Judge Yvonne Gonzalez Rogers rejected the majority of Epic's claims against Apple in September 2021, following a 10-day bench trial, finding the policies do not violate federal antitrust law but that rules preventing developers from sending users to outside payment methods violate California's unfair competition law.

Apple and Epic both appealed aspects of the ruling to the Ninth Circuit, which largely affirmed the lower court's decision in April but later suspended an injunction that barred the anti-steering provisions.

Epic filed its petition to the Supreme Court in September, arguing that the lower courts made mistakes in their analysis of Apple's policies under the rule-of-reason, which is meant to weigh the harm caused to competition by alleged antitrust violations with pro-competitive benefits.

Both the district court and appeals courts found that Apple's policies have anti-competitive effects, but concluded that they were out-weighed by Apple's justifications for the policies, including that they are intended to boost privacy and security and allow it to recoup its investment in the app distribution system.

Epic's petition argued that the courts got the next step wrong when they ended the inquiry after finding that Epic had not offered an alternative way to distribute apps that was less restrictive than the current policies but still provided the benefits cited by Apple.

Apple urged the justices to deny Epic's petition, contending the court got the rule-of-reason test right by weighing all of the evidence and said Epic is asking to change the court's framework.

CONFIDENTIAL

In its own petition to the high court, filed a day after Epic's, Apple urged the justices to review the injunction barring its anti-steering rules under California's unfair competition law. Apple told the justices that a single developer should not be able to secure a nationwide order affecting millions of nonparties based on California state law.

Apple said the lower court's "breathtakingly broad injunction" prevents it from enforcing one of its contractual provisions against all developers, yet the court's findings were based only on potential harm to Epic and around 100 developers that distribute apps through Epic's store.

Epic is faring better in its case targeting Google's Play Store restrictions, with a federal jury in California deliberating for less than four hours before issuing a verdict in December finding that Google illegally maintains monopolies over the distribution of apps on Android devices and for in-app billing services. Google has vowed to appeal the verdict.

Had the high court granted the petitions from Apple or Epic on Tuesday, it would have marked the second time a case involving Apple's App Store has reached the Supreme Court, after the justice found in their 2018 Apple v. Pepper decision that consumers have standing to bring antitrust claims over Apple's policies. That case remains pending in front of Judge Gonzalez Rogers at the class certification stage.

Apple is represented by Mark A. Perry, Joshua M. Wesneski and Mark Pinkert of Weil Gotshal & Manges LLP, and Cynthia Richman, Zachary B. Copeland, Theodore J. Boutrous Jr., Daniel G. Swanson and Julian W. Kleinbrodt of Gibson Dunn & Crutcher LLP.

Epic is represented by Paul J. Riehle of Faegre Drinker Biddle & Reath LLP, Christine A. Varney, Gary A. Bornstein, Antony L. Ryan and Yonatan Even of Cravath Swaine & Moore LLP, and Thomas C. Goldstein.

The cases are Apple Inc. v. Epic Games Inc., case number 23-344, and Epic Games Inc. v. Apple Inc., case number 23-337, in the U.S. Supreme Court.

\*\*\*

MLex - US Supreme Court won't review Epic Games' App Store monopoly fight with Apple

The US Supreme Court won't weigh in on a dispute between Epic Games and Apple over claims the iPhonemaker monopolized the markets for the distribution of software apps.

In an order today, the high court denied both Apple's and Epic's requests to review different aspects of the case. Both companies sought the high court's review, and opposed review of the issues the other raised.

Epic Games, maker of Fortnite, sued digApple in 2020 after it kicked Fortnite out of its App Store. The move by Apple followed Epic's decision to allow its customers to circumvent Apple's payment system for in-app purchases in direct violation of Apple's rules (see here).

APL-EG_11536439

In 2023, Apple obtained a stay of an injunction forcing it to change its rules preventing developers from steering customers outside of its App Store to make payments. In its petition, Apple asked the Supreme Court to review the lower's court injunction.

Apple told the court that a federal court may provide injunctive relief only to the named plaintiff, unless a class has been certified or broader relief is necessary to redress that plaintiff's injury.

"In this single-plaintiff lawsuit, the Ninth Circuit affirmed a universal injunction that affects millions of nonparties without any findings or evidence that such relief is necessary to redress the individual plaintiff 's alleged injury," Apple said.

Apple asked the court to rule on "Whether, in the absence of class certification, a federal court is precluded from entering an injunction that extends to nonparties without a specific finding that such relief is necessary — as to all nonparties — to redress any injury to the individual plaintiff."

Meanwhile, Epic asked the justices to provide clarity on the legal standards regarding the rule of reason analysis in antitrust cases. Specifically, it sought review of the legal standard for assessing a "less-restrictive alternative" to potentially anticompetitive conduct, and whether the restraints can be valid when a court finds harm to competition that vastly outweighs the benefits.

"Must a less-restrictive alternative be free from additional costs to the defendant?" Epic Games asked the court to consider.

The company also asked the court to consider: "If there is no less-restrictive alternative, is the restraint invalid if the harms to competition substantially outweigh the restraint's procompetitive justification?"

Please e-mail editors@mlex.com to contact the editorial staff regarding this story, or to submit the names of lawyers and advisers

\*\*\*

MLex - Epic Games CEO says US Supreme Court decision not to review App Store case a 'sad outcome' for developers

MLex Summary: Epic Games Chief Executive Tim Sweeney said the US Supreme Court's decision today to deny both Epic's and Apple's appeals for review of an antitrust lawsuit over app stores and payments is a "sad outcome for all developers." In a series of tweets, Sweeney said a lower court injunction against Apple's anti-steering rule is in effect, and developers can include — in their apps — buttons, external links, or other "calls to action" that direct customers toward purchasing mechanisms, in addition to in-app purchasing. "As of today, developers can begin exercising their court-established right to tell US customers about better prices on the web. These awful Apple-mandated confusion screens are over and done forever," Sweeney said.

CONFIDENTIAL

APL-EG_11536440

*Tweet text follows:*

Tim Sweeney
@TimSweeneyEpic

The Supreme Court denied both sides' appeals of the Epic v. Apple antitrust case. The court battle to open iOS to competing stores and payments is lost in the United States. A sad outcome for all developers.

Now the District Court's injunction against Apple's anti-steering rule is in effect, and developers can include in their apps "buttons, external links, or other calls to action that direct customers to purchasing mechanisms, in addition to IAP".

As of today, developers can begin exercising their court-established right to tell US customers about better prices on the web. These awful Apple-mandated confusion screens are over and done forever.

The fight goes on. Regulators are taking action and policymakers around the world are passing new laws to end Apple's illegal and anticompetitive app store practices. The European Union's Digital Markets Act goes into effect March 7.

Marni Goldberg
██████████████

CONFIDENTIAL

APL-EG_11536441