DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DEFENDANT APPLE INC.'S STATEMENT IN SUPPORT OF MOTION TO SEAL PORTIONS OF THE PARTIES' EVIDENTIARY HEARING EXHIBITS**<br><br>The Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

LEGAL STANDARD..................................................................................................................1

DISCUSSION ..............................................................................................................................1

    A.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO NON-PUBLIC FINANCIAL INFORMATION AND COMPETITIVELY SENSITIVE MATERIAL.......................................................................................2

    B.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO INTERNAL PROJECT CODENAMES AND PII. ........................................................................3

    C.    THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGED MATERIAL. ................................................................................................................4

    D.    THE COURT SHOULD GRANT APPLE'S REQUEST AS TO INFORMATION THAT RELATES TO BUSINESS INFORMATION OF A THIRD-PARTY DEVELOPER OR OTHER BUSINESS PARTNERS. .....................4

    E.    THE COURT SHOULD GRANT APPLE'S REQUEST TO SEAL PUBLIC RELATIONS WORK PLANNING AND EXTRANEOUS PERSONAL INFORMATION THAT IS NOT RELEVANT TO THE HEARING. .........................5

    F.    THE COURT SHOULD GRANT APPLE'S REQUEST BECAUSE IT IS NARROWLY TAILORED. ..............................................................................................5

CONCLUSION.............................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Rivos, Inc.*,
 2024 WL 1204115 (N.D. Cal. Mar. 21, 2024)...........................................................................1

*Apple Inc. v. Samsung Electronics Co. Ltd.*,
 2013 WL 412864 (N.D. Cal. Feb. 1, 2013) ...............................................................................3

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
 727 F.3d 1214 (Fed. Cir. 2013)..................................................................................................3

*DiscoverOrg Data, LLC v. Bitnine Global, Inc.*,
 No. 19-CV-08098-LHK, 2020 WL 8669859 (N.D. Cal. Nov. 6, 2020)....................................4

*Ervine v. Warden*,
 214 F. Supp. 3d 917 (E.D. Cal. 2016).......................................................................................2

*Kamakana v. City and Cnty. of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) ...............................................................................................1, 2

*Krommenhock v. Post Foods, LLC*,
 2020 WL 2322993 (N.D. Cal. May 11, 2020)..........................................................................5

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
 No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014)..................................................3

*Nixon v. Warner Commc'ns, Inc.*,
 435 U.S. 589 (1978)...................................................................................................................2

*Pacira Pharms., Inc. v. Rsch. Dev. Found.*,
 2024 WL 5109382 (D. Nev. Dec. 12, 2024)..............................................................................2

*Philips v. Ford Motor Co.*,
 No. 14-CV-02989, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016)............................................2

*Phillips v. Gen. Motors Corp.*,
 307 F.3d 1206 (9th Cir. 2002) ..........................................................................................1, 4, 5

*PQ Labs, Inc. v. Qi*,
 2014 WL 4617216 (N.D. Cal. Sept. 15, 2014) .........................................................................1

*Rodman v. Safeway Inc.*,
 No. 11-CV-3003, 2014 WL 12787874 (N.D. Cal. Aug. 22, 2014) ..........................................2

*Rodriguez v. Google LLC*,
 2024 WL 42537 (N.D. Cal. Jan. 3, 2024)..................................................................................3

*Rodriguez v. Google LLC*,
    2025 WL 50425 (N.D. Cal. Jan. 7, 2025)...................................................................................3

*Snapkeys, Ltd. v. Google LLC*,
    2021 WL 1951250 (N.D. Cal. May 14, 2021).............................................................................4

*Vigdor v. Super Lucky Casino, Inc.*,
    No. 16-CV-05326, 2018 WL 4510734 (N.D. Cal. Sept. 18, 2018)............................................3

*Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*,
    619 F. Supp. 3d 970 (N.D. Cal. 2021) (Gonzalez Rogers, J.) ....................................................2

*VLSI Technology LLC v. Intel Corporation*,
    2023 WL 9187550 (N.D. Cal. Dec. 14, 2023)............................................................................4

*Williams v. Apple, Inc.*,
    No. 19-CV-04700-LHK, 2021 WL 2476916 (N.D. Cal. June 17, 2021) ..............................3, 5

**Other Authorities**

Federal Rule of Civil Procedure 26(c)..............................................................................................1

Local Rule 79-5.................................................................................................................................1

1      Pursuant to the Court's Order, Dkts. 1508 and 1509 at 78 n.77, Local Rule 79-5, and Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") files this Statement in Support of the Parties' Joint Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 (the "Statement") that were not disclosed in the related hearing or Order and satisfy the Court's criteria for sealing. Apple requests the Court to seal these portions that are sealable under controlling authority and the Local Rules. *See* L.R. 79-5. These portions reflect: (1) non-public financial information and competitively sensitive material; (2) information that could aid a bad actor; (3) attorney-client and work product privileged material; and/or (4) sensitive business information relating to third-party developers and other business partners; and/or (5) public relations work and extraneous personal information not relevant to the hearing.

## LEGAL STANDARD

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *PQ Labs, Inc. v. Qi*, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014). The Ninth Circuit's "compelling reasons" standard is typically used for the purpose of sealing documents presented at trial. *See Fed. Trade Comm'n v. DIRECTV, Inc.*, 2017 WL 840379, at *1 (N.D. Cal. Mar. 3, 2017) (applying "compelling reasons" for trial exhibits). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

## DISCUSSION

Apple's Statement is subject to the "compelling reasons" standard. *DIRECTV, Inc.*, 2017 WL 840379, at *1.

**A.      The Court Should Grant Apple's Request as to Non-Public Financial Information and Competitively Sensitive Material.**

Apple asks the Court to seal specific, non-public, competitively sensitive financial information that would harm Apple and/or third parties if disclosed. The financial information consists of Apple finances, projections, estimates, and developer cost estimates based on proprietary information. The Supreme Court has recognized that sealing may be appropriate to prevent documents being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See*, *e.g.*, *Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that a "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "information discussing Safeway's pricing strategy" under the "compelling reasons" standard). Non-public financial information is routinely sealed because it can expose sensitive information to competitors that would provide an unfair advantage in the future. *See*, *e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and finding abuse of discretion in denying sealing of "profit, cost, and margin data" under the "compelling reasons" standard); *Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (finding "compelling reasons" to seal "business and financial information relating to the operations of Defendants").

Apple also seeks to seal competitively sensitive research reports which were either commissioned by or conducted by Apple to gain unique insights into its services and developers. *Samsung*, 727 F.3d at 1228 (holding that "Apple has a strong interest in keeping its market research reports confidential," such that compelling reasons existed to seal "market research reports contain[ing] information that Apple's competitors could not obtain anywhere else"); *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (finding compelling reasons may exist to seal "product development plans"); *Lathrop v. Uber Techs., Inc.*, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law ... internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

1  **B.  The Court Should Grant Apple's Request as to Internal Project Codenames and PII.**

2  Apple seeks to seal its competitively sensitive internal project codenames. Apple operates in an intensely competitive environment and thus has taken extensive measures to protect the confidentiality of its information. Confidential codenames advance these measures. Disclosure of confidential project codenames would harm Apple's business interests and/or aid bad actors to harm Apple, its customers, and developers. *Rodriguez v. Google LLC*, 2025 WL 50425, at * 11 (N.D. Cal. Jan. 7, 2025) (finding "compelling reasons" to seal internal code names); *Rodriguez v. Google LLC*, 2024 WL 42537, at *2 (N.D. Cal. Jan. 3, 2024) (granting sealing of "internal terms" in documents that Google asserted contained "business information that might harm their competitive standing or become a vehicle for improper use" if public) (internal quotations omitted); *Apple Inc. v. Samsung Electronics Co. Ltd.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting sealing motion for redactions consisting of "Apple's confidential … internal project code names"); *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (sealing "Apple's internal code names").

Disclosure of codename information would offer bad actors means to obtain business information Apple intends to keep confidential (e.g., bad actors may use codenames to impersonate disclosed Apple employees by feigning familiarity with Apple's security protocols). Apple undertakes substantial efforts to safeguard this information and maintaining codename confidentiality is a necessary part of that effort. *See Williams v. Apple, Inc.*, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (finding compelling reasons to seal internal Apple business plans and projects that "would provide competitors with insight that they could use to unfairly compete with Apple.") (cleaned up); *VLSI Technology LLC v. Intel Corporation*, 2023 WL 9187550, at *1 (N.D. Cal. Dec. 14, 2023) (finding compelling reasons to seal information when the parties claimed "knowledge of this information by third parties would put Intel at a competitive disadvantage in future product development and in its business dealings as its competitors could incorporate that information into their own development strategies and products to gain an unfair advantage over Intel in the market").

Additionally, Apple seeks to seal personally identifiable information (PII), such as employee phone numbers, email addresses, and personalized links to documents or web conference lines.

Disclosure of PII could lead to unwanted contact or harassment and diminish the privacy interests of the individuals. Additionally, disclosure could harm Apple's business interests and/or aid bad actor third parties to harm Apple, its employees, and business partners by providing means for access to confidential information and could lend itself to impersonation attempts (e.g., caller ID spoofing). *Kamakana*, 447 F.3d at 1179 (holding that compelling reasons exist to seal documents that may be used to "gratify private spite"); *UnifySCC v. Cody*, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (finding "compelling reasons to seal [PII,]" "such as names, addresses, phone numbers, and email addresses."); *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (same).

### C. The Court Should Grant Apple's Request to Seal Attorney-Client and Work Product Privileged material.

Apple also seeks to seal portions of Exhibit CX-0265 that contain a legal memorandum concerning a class action settlement, which has been clawed back following inadvertent production. Disclosure of this information would reveal to Apple's litigation adversaries confidential and privileged content and certain of Apple's class actions settlement considerations, which may be exploited. *Creative Tent Int'l Inc. v. Kramer*, 2015 WL 4638320, at *3 (D. Ariz. Aug. 4, 2015) (finding "that the presence of privileged attorney-client communications is a compelling reason to seal the subject judicial record."); *Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("[T]he attorney-client privilege ... establishes compelling reasons for sealing.").

### D. The Court Should Grant Apple's Request as to Information that Relates to Business Information of a Third-Party Developer or Other Business Partners.

Apple also seeks to seal its information that reflects or relates to sensitive business information of a third-party developer—specifically, finances and user data—which, if revealed, could impact their competitive standing. Courts have found "compelling reasons" to seal confidential information related to a party's business partners. *G&C Auto Body Inc v. Geico Gen. Ins. Co.*, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (finding "compelling reasons" to seal the plaintiff's "exhibits contain[ing] third parties' confidential financial information"); *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("[T]his Court has found compelling reasons to seal confidential information regarding a party's business partners where the disclosure of that information would harm

the party's competitive standing."); *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (finding "compelling reasons" to seal "pricing and contracts with third parties").

### E. The Court Should Grant Apple's Request to Seal Public Relations Work Planning and Extraneous Personal Information that Is Not Relevant to the Hearing.

Apple also seeks to seal information that relates to Public Relations ("PR") professionals' private text message conversations that include discussions of hiring and headcount needs, PR work in general, and personal musings, that if revealed, may cause reputational harm and undue attention toward the employees. Much of the information Apple seeks to seal consists of personal and private discussions that have no relevance to Epic's claims or the issues before the Court and would cause personal embarrassment if published. *See eBay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. March 21, 2022) (finding compelling reasons to seal personal information and confidential employment records "of minimal relevance to the merits of the motion"); *Saint Alphonsus Med. Ctr.—Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014) (finding compelling interest to fully seal an "[e]mail discussion" "contain[ing] potentially embarrassing personal information" that had "the faintest connection to the issues in the case and hence are not helpful to the public in understanding the case").

### F. The Court Should Grant Apple's Request Because It Is Narrowly Tailored.

Apple has narrowly tailored its sealing request to include only the information necessary to protect confidential or sensitive business information. *See Krommenhock v. Post Foods*, *LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams v. Apple Inc.*, 2021 WL 2476916, at *2–3 (N.D. Cal. June 17, 2021) (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. 643 at 3 (finding Apple's proposed redactions were "narrowly tailored" to "sensitive and confidential information").

### CONCLUSION

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

| | |
|---|---|
| Dated: May 7, 2025 | Respectfully submitted, |
| | By: *Mark A. Perry* |
| | Mark A. Perry |
| | WEIL, GOTSHAL & MANGES LLP |
| | Attorney for Apple Inc. |