# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on May 3, 2025.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

    Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Among Legal and Non-legal Professionals**

**PRIV-APL-EG_00199145** is an email chain among primarily non-legal Apple employees and Apple in-house counsel Sean Cameron and Kyle Andeer. In its privilege log, Apple claims privilege on the basis that the redacted text "provid[es] information for the purpose of obtaining legal advice", citing Messrs. Andeer and Cameron, and in-house counsel Curtis Box (who is not copied in the emails) as the attorneys involved. (Privilege Log Entry No. 4921.) In recognition of the fact that some of the foregoing attorneys' emails may be privileged, Epic only challenges Apple's redaction of Phil Schiller's email dated March 1, 2023; from the limited information visible, it appears that Mr. Schiller, a non-legal business executive, offers "quick observations" on "draft slides" relative to a "DMA Meeting" that, based on the email addresses available, likely included many non-legal business professionals. (PRIV-APL-EG_00199145, at '147-148.) It thus appears unlikely that Mr. Schiller's "observations" are privileged—there is no indication from the unredacted text that such email either solicits legal advice or discloses the contents of legal advice.

**PRIV-APL-EG_00200170** is an email from Timo Kim, a non-legal business professional, to multiple non-legal and legal Apple employees in which Mr. Kim comments on what appears to be the agenda for a scheduled meeting titled "Art 5.4/5.7 Linking out - commission Cont'd". (PRIV-APL-EG_00200170.) Apple has redacted most of Mr. Kim's brief email, claiming in its privilege log that the email "reflect[s] legal advice from counsel regarding injunction compliance" and "set[s] out proposed legal compliance topics". (Privilege Log Entry No. 5081.) However, the fact that Mr. Kim's email may address "proposed legal compliance topics" for a forthcoming meeting (which includes many non-legal Apple employees) does not confer privilege upon his email (*see* Dkt. 1056 at 1); unless Mr. Kim's email discloses the contents of legal advice or solicits such advice, it is not privileged, and the context here (a brief email on top of a meeting invitation) suggests that the redacted text includes neither. Therefore, the document appears to be over redacted based on the visible information.

**Messages Among Primarily Non-legal Professionals**

**PRIV-APL-EG_00202318** is a series of messages in a private channel among primarily engineers and other non-legal technical employees. Apple has completely redacted one or more messages in a thread initiated by non-lawyer Liz Pulchny, which addresses "[a]lignment on new entitlements/APIs". (PRIV-APL-EG_00202318.) Apple claims that the redacted text "reflect[s] legal advice from counsel", and cites Ling Lew and Sean Dillon as the in-house attorneys involved. (Privilege Log Entry No. 5334.) However, the visible information does not suggest that either Ms. Lew or Mr. Dillon are participants in this message chain, nor does it suggest that any participants have sought legal advice or that legal advice is discernible from the face of the messages; rather, the available messages primarily address project launch dates and the implementation of external purchase link entitlements—business-related topics that generally are not privileged. Accordingly, it appears that the document is over redacted.

**PRIV-APL-EG_00202371** is a direct message thread among Ann Thai, Carson Oliver, Latika Kirtane, and Timothy Kim—all non-legal Apple employees. Apple has redacted two messages from Ms. Kirtane (one of which appears to share content from non-lawyer Geoffrey De Wilde), claiming that the "redacted text reflect[s] work product" for a "slide deck

on alternative payments" and that the "document indicates [that] Apple legal weighed in on document".  (Privilege Log Entry No. 5339.)  But the mere fact that Apple legal has "weighed in on" a document cannot sustain a claim of privilege over a related message unless the message itself discloses the contents of legal advice or solicits legal advice, and the visible messages suggest that the discussion is focused on non-legal topics such as the App Store's business model.  Moreover, there is scant indication from either the unredacted messages or Apple's privilege log entry that the redacted text was "prepared in anticipation or furtherance of litigation".  *Id.*  Thus, it appears that the document is over redacted.

DATED: May 8, 2025                                            CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*