UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff, Counter-defendant,* <br><br> v. <br><br> APPLE INC., <br><br> *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on May 12, 2025.

Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

Epic respectfully requests that the Court review the following documents in camera and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

- **Entry No. 13704 (PRIV-APL-EG_00300070)** is a direct message channel among Angela Wong (Product Manager, App Metadata), Bri Cote (Product Design Program Manager) and

"4 others". The messages are regarding user design and interface—primarily a business topic. This message chain is from May 16, 2023, two days ahead of a meeting in which Phil Schiller, Carson Oliver and others discussed options for compliance with the Injunction. (*See* Dkt. 1508 at 15.) Indeed, the first message from Josh Elman (Director of Product Management) indicates the conversation is about "potential expressions of what developers might do with different options for Wisconsin". (PRIV-APL-EG_00300070.) Mr. Elman also noted that a deck the participants are discussing was being prepared for "Phil", presumably referencing Phil Schiller. The only redacted message is from Terry Liu (Designer at Apple) following a message from Timothy Kim (Head of Business Planning and New Initiatives, App Store) requesting a deck that he can "tick through". (*Id*.) Apple asserts both attorney-client privilege and work product protection over Mr. Liu's comments, claiming the "redacted text reflect[s] information for the purpose of obtaining legal advice prepared by employees acting under the direction of counsel…[and] prepared in anticipation or furtherance of litigation". None of the other messages on the chain suggest the conversation serves a legal purpose, was initiated or directed by an attorney, or was intended to solicit legal advice from any lawyer. Apple also does not identify the counsel who purportedly directed Mr. Liu or any other details about its claims of protection or work product. Even if Mr. Liu's response concerned a deck "needing legal approval", as Apple suggests, that does not render the deck itself or conversations among business personnel about its preparation privileged or protected. Epic sees no basis in the privilege log or the document to justify the redactions.

- **Entry No. 13720 (PRIV-APL-EG_00300199)** is an email chain dated June 6, 2023 with the subject "Re: 5/31 Wisconsin Prep for Tim notes". Accordingly, the email likely concerns a meeting with Tim Cook regarding compliance with the Injunction. Apple redacted messages from Jennifer Brown (Apple in-house counsel) following the June 1, 2023 meeting with Mr. Cook, which appear to provide action items for "Monika & Joe" and "Jeff & Eric". (PRIV-APL-EG_00300199 at '200.) Jeff Robbin (Vice President of Consumer Applications, Engineering), responds to her email stating that "Eddy was clear that we are not building a technical solution to collect the commission", which suggests her action item for Mr. Robbin and Eric Gray (copied on the email) was not legal but instead concerned technical details related to commission on app purchases. (*Id*.) Joseph Magnani (Senior Designer) later responds to tell Ms. Brown that he has made an update (the details of which are redacted) and asks her to "let [him] know if there is anything else needed". (PRIV-APL-EG_00300199 at '199.) Apple asserts attorney-client privilege over the redated text. The only person capable of providing legal advice whose messages are redacted is Ms. Brown, but in context, her messages do not appear to provide legal advice. Rather, she appears to create action items for the design team. And as for Mr. Magnani's email, the details of technical design updates are neither legal advice nor the request for such advice. Epic sees no basis in the privilege log or the document to justify the redactions.

- **Entry No. 13724 (PRIV-APL-EG_00300236)** appears to be another branch of the email discussed above, Entry No. 13720. It includes the same June 5, 2023 email from Ms. Brown, except the action items provided by Ms. Brown are now redacted in full, as opposed to the partial redactions provided in Entry No. 13720. Epic objects to these redactions for the reasons stated above. In response to Ms. Brown, Monika Gromek (Design Leadership) stated "[t]hanks Jen…[w]e will be happy to provide". (PRIV-APL-EG_00300236 at '236.) The

2

rest of the message is redacted. Neither the contents of the document nor Apple's privilege log suggest the design-team updates to primarily business decks (*see e.g.*, CX-0859) discussed in this chain might be privileged.

- **Entry No. 13725 (PRIV-APL-EG_00300238)** is an email from Jeff Guebert (Senior Program Manager Lead at Apple) to Ms. Brown titled "Re: Confidential Project (Codename Wisconsin) Initial Planning Sync Meeting Notes + Next Steps". A message from Mr. Guebert is partially redacted (PRIV-APL-EG_00300238 at '238) and a message from Ms. Brown is redacted completely (PRIV-APL-EG_00300238 at '239). Apple asserts attorney-client privilege over the document, claiming that the "redacted text relate[s] to legal advice from counsel". The subject and the content of the email that is not redacted suggest the email concerns logistics and introductory details related to Project Wisconsin. And the privilege log indicates the email chain relates to user design and interface—a business topic. Additionally, the email includes 29 individuals, only four of whom Apple identifies as attorneys in its privilege log, suggesting this chain serves primarily a business purpose. Nothing in Apple's privilege log or the document suggests the redacted messages are privileged.

DATED: May 16, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*