GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile:  (415) 591-7510

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff, Counter-defendant,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**UNOPPOSED MOTION TO SHORTEN A PARTY'S TIME TO RESPOND PURSUANT TO LOCAL RULE 6-3**<br><br>Courtroom:  1, 4th Floor<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

Pursuant to Local Rule 6-3, Epic Games, Inc. ("Epic") respectfully submits this unopposed motion for an order shortening the time for Apple Inc. ("Apple") to respond to Epic's Notice of Motion and Motion to Enforce Injunction ("Motion") from May 30, 2025, to **May 21, 2025**, with Epic submitting its reply on **May 23, 2025**. Epic also respectfully moves for an expedited hearing date of May 27, 2025. Apple has indicated that, while it intends to oppose the Motion, it has no objection to this expedited schedule.

## BACKGROUND

On April 30, 2025, this Court held that certain of Apple's changes to its App Review Guidelines ("the Guidelines") were made in "willful violation" of an injunction issued by this Court (Dkt. 813, the "Injunction") and held Apple in civil contempt (Dkt. 1508 at 1, the "Contempt Order"). The same day, Apple announced that it would comply with the Contempt Order and revised its App Review Guidelines to state that "entitlements are not required for developers to include buttons, external links, or other calls to action in their United States storefront apps". *App Review Guidelines*, APPLE (Apr. 30, 2025), https://developer.apple.com/app-store/review/guidelines/.

On May 9, 2025, following advance notice to Apple, Epic submitted a build of the *Fortnite* app for Apple's App Review for distribution on the U.S. storefront of the App Store. The May 9 build was fully compliant with all applicable Guidelines, containing both IAP and an external purchase link (offering users a 20% discount) side by side. After waiting five full days with no decision from Apple, on May 14, 2025, Epic withdrew its May 9 submission and re-submitted an updated version of *Fortnite* that contained new content that Epic intended to launch simultaneously on all platforms (including but not limited to iOS) on May 16, 2025. On May 15, 2025, Apple informed Epic that it "has determined not to take action on the Fortnite app submission until the Ninth Circuit rules on [Apple's] pending request for a partial stay of the" Contempt Order. (Declaration of Gary A. Bornstein In Support Of Epic's Motion to Enforce the Injunction, Ex. D., the "May 15 Letter".) Given Apple's refusal even to consider a compliant

1  submission that contains an external purchase link, Epic believes Apple's position violated the
2  Court's Injunction and accordingly has filed a Motion to Enforce the Injunction.
3  　　　　　Pursuant to Local Rule 7-3(a), Apple's response to the Motion would be due
4  14 days after Epic filed the Motion:  May 30, 2025.  Epic's reply to Apple's response would be
5  due seven days thereafter:  June 6, 2025.  The earliest hearing date under the Rule is "no sooner
6  than 35 days" after filing the motion, or June 20, 2025.  Given the time-sensitive nature of the
7  subject of the Motion, Epic respectfully requests that this Court shorten the time for both briefing
8  and the hearing as follows:

| **Brief or Hearing** | **Deadline** |
|---|---|
| Apple's Response | May 21, 2025 |
| Epic's Reply | May 23, 2025 |
| Hearing | May 27, 2025 |

## LEGAL STANDARD

　　　　Local Rule 6-3 allows a party to file a motion to shorten a party's time to respond. In its motion, the moving party must:  (1) set forth with particularity the reasons for the requested shortening of time; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) describe the nature of the underlying dispute that would be addressed in the motion and briefly summarize the position each party had taken; (5) disclose all previous time modifications in the case, whether by stipulation or Court order; (6) describe the effect the requested time modification would have on the schedule for the case.  *See* Civ. L.R. 6-3.  A motion to shorten time may be granted upon the showing of good cause.  *Noble v. Kiewit Pac. Co.*, 2008 WL 413754, at *1 (N.D. Cal. Feb. 13, 2008).

## DISCUSSION

　　　　Apple has again attempted to circumvent this Court's Injunction through its refusal to consider Epic's application for *Fortnite* to return to the U.S. storefront of the App Store.  Apple has tied its consideration of *Fortnite* to the motion for a stay it has filed with the Court of

1  Appeals, ignoring the fact that this Court's Contempt Order has not been stayed; to the contrary,
2  this Court emphasized that Apple must come into compliance immediately. (Dkt. 1508 at 76.)
3  Every day that Apple refuses to consider (and thereby effectively rejects) the *Fortnite* submission
4  is another day of non-compliance with the Injunction. To ensure timely briefing and a timely
5  hearing on this issue, Epic respectfully requests that this Court expedite both the parties' briefing
6  schedule and the hearing date. Apple has stated that it does not object to this expedited briefing
7  and hearing schedule.

## I.     Reasons for Requesting a Shortening of Time

Without an order shortening the time for briefing and hearing, Apple would have 14 days to file an opposition brief and Epic would not be able to be heard for 35 days. Given Apple's extensive dilatory conduct detailed in the Contempt Order, Apple's non-compliance with this Court's Injunction should not be permitted to persist for such a period of time. Every day that Apple is allowed to sit on, and thereby effectively reject, a *Fortnite* build that has IAP and an external purchase link side by side is another day it is permitted to continue violating the Injunction, as it has done for 16 months. This violation now targets Epic, but its harm goes beyond Epic itself; Apple is sending a message to all developers that they should refrain from challenging Apple's illegal practices, or suffer retaliation. Epic respectfully requests that this Court order an expedited briefing schedule in order to allow these issues to be heard and resolved as soon as practicable.

## II.    Efforts to Obtain a Stipulation

On the morning of May 16, 2025, Epic notified Apple of its intent to file and inquired as to whether Apple would be amenable to a stipulation with Epic regarding an expedited briefing schedule. Apple indicated that it had no objection to the expedited briefing schedule.

## III.   Substantial Harm or Prejudice to Epic

Apple's continued misconduct is depriving Epic of its ability to take advantage of the opportunities opened up by the Injunction. Absent expedition, Apple will be able to continue violating the Injunction and retaliating against Epic for another 35 days, at minimum. Sixteen months have passed since the Injunction became effective, and Epic will continue to be

prejudiced if Apple can continue delaying compliance. An expedited briefing schedule is needed to stop Apple's violation and bring it into compliance with dispatch, by requiring it to review and approve *Fortnite*, if it is compliant with Apple's Guidelines.

### IV.  Nature of Dispute

As described above, Epic's Motion stems from Apple's refusal to consider Epic's submission of a version of its *Fortnite* app for distribution on the U.S. App Store because Epic plans to avail itself of the Injunction and in retaliation for Epic's efforts to bring Apple into compliance therewith. Apple pointed to nothing in Epic's submission that rendered the app non-compliant with Apple's Guidelines or any other policies, and instead stated that it would not even consider Epic's submission "until the Ninth Circuit rules on [Apple's] pending request for a partial stay of the" Contempt Order". (May 15 Letter at 2.) This is in blatant violation of this Court's Injunction, which prohibits Apple from rejecting an app because it offers to users an external purchase link alongside Apple's IAP, and which necessarily also prohibits retaliation against a developer who tried to enforce that rule.

### V.  Prior Modifications and/or Stipulations

This Court has previously ordered modifications of briefing deadlines in this case, both pursuant to stipulation by the Parties (*see, e.g.*, Dkts. 345, 374, 418, 715, 884 and 1032) as well as pursuant to motions filed by the Parties (*see* Dkt. 241).

### VI.  Effect on Case Schedule

Epic's requested time modification will have no material impact on the case schedule.

### CONCLUSION

For the reasons set forth above, Epic respectfully requests that this Court grant this motion.

| | |
|---|---|
| Dated: May 16, 2025 | Respectfully submitted,<br><br>By:  /s/ *Gary A. Bornstein* |

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*