# Exhibit D

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036,
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark A. Perry**
+1 (202) 682-7511
mark.perry@weil.com

May 15, 2025

Gary Bornstein, Esq.
Cravath, Swaine & Moore LLP
2 Manhattan West
375 9th Ave
New York, NY 10001

Dear Gary:

Epic Games Sweden AB ("Epic Sweden") recently submitted Fortnite to the U.S. storefront of the App Store for review. I am writing to inquire about the legal basis for this submission.

When the "hotfix" was triggered in August 2020, Apple removed Fortnite from the U.S. storefront of the App Store and subsequently terminated the Developer Program membership of Epic Games, Inc. ("Epic Games"), the entity that had submitted the app. After that termination, Epic Games stipulated that it had breached its Developer Program License Agreement ("DPLA") with Apple, and acknowledged that if its defenses to the enforceability of the DPLA were not successful, then Apple would be entitled to a declaration that "Apple's termination of the DPLA and Developer Agreement between Epic and Apple was valid, lawful, and enforceable," and that Apple "has the contractual right to terminate its DPLA with any or all of Epic's wholly owned subsidiaries, affiliates and/or other entities under Epic's control at any time and at Apple's sole discretion." Dkt. 474 at 2.

Following a trial on the merits, the District Court determined that the relevant provisions of the DPLA that Epic Games violated "have not been found to be unlawful under federal and state antitrust law or the UCL." Dkt. 812 at 178. The District Court also determined that Apple's prior termination of Epic Games' developer account "does not involve retaliation." Dkt. 812 at 178. The District Court thus awarded Apple the relief "to which Epic Games stipulated in the event that the Court found it liable for breach of contract." Dkt. 812 at 179. The Ninth Circuit affirmed.

The parties' recent disputes over the District Court's injunction do not diminish Apple's bases and legal right to have terminated Epic Games' DPLA. To the contrary, the District Court's recent Order reiterated Epic Games' admission "that it breached the DPLA and [had previously] conceded that Apple would be entitled to relief if the Court found that the DPLA was enforceable and did not violate antitrust laws or public policy." Dkt. 1508 at 7-8. And the District Court again noted that "Apple's breach of contract claim is also premised on violations of DPLA provisions independent of the anti-steering provisions." Dkt. 1508 at 8. Apple removed Fortnite from the U.S. storefront of the App Store and terminated Epic Games' developer account because of that breach.

**Weil, Gotshal & Manges LLP**

Gary Bornstein, Esq.
May 15, 2025
Page 2

On the latter point, it is worth noting that the hotfix not only violated the App Review Guidelines ("Guidelines") as they existed in August 2020 (when Epic Games intentionally breached the DPLA), but also would have violated those Guidelines in January 2024 (when Apple revised certain Guidelines in response to the District Court's original Injunction), and as they exist today (after Apple revised certain Guidelines in response to the District Court's new injunction). As the District Court found, that hotfix allowed "Epic Games to collect in-app purchases directly." Dkt. 812 at 25. Apple's U.S. guidelines have always prohibited the manner in which the hotfix attempted to bypass IAP. And the District Court concluded that this restriction is lawful. Dkt. 812 at 150, 152, 155.

As you are well aware, Apple has previously denied requests to reinstate the Epic Games developer account, and we have informed you that Apple will not revisit that decision until after the U.S. litigation between the parties concludes. In our view, the same reasoning extends to returning Fortnite to the U.S. storefront of the App Store regardless of which Epic-related entity submits the app. If Epic believes that there is some factual or legal development that warrants further consideration of this position, please let us know in writing. In the meantime, Apple has determined not to take action on the Fortnite app submission until after the Ninth Circuit rules on our pending request for a partial stay of the new injunction.

I understand that the recent submission by Epic Sweden included a proposed Fortnite app for the U.S. storefront of the App Store as well as for alternative distribution in other geographies. To prevent our discussions surrounding the U.S. storefront of the App Store from impacting Fortnite in other geographies, please withdraw that submission and resubmit the app without including the U.S. storefront of the App Store (this can be accomplished by unchecking the relevant box). If you wish to submit for review a Fortnite app for the U.S. storefront of the App Store, please do so separately through an entity other than Epic Sweden that has executed the appropriate schedule to the DPLA.

Please feel free to contact me if you have any questions.

Sincerely,

/s/

Mark A. Perry