UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED MAY 12, 2025 REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on May 12, 2025 and pertaining to documents Apple seeks to withhold in their entirety.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearings. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

    Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Documents Relative to the Digital Markets Act**

**Entry No. 3323 (PRIV-APL-EG_00104845)** appears to be a shared document on Apple's Pages application which addresses a "DMA Newsroom Post". (Privilege Log Entry No. 3323.) Apple seeks to withhold this document in its entirety, claiming privilege on the basis that the document "provid[es] legal advice from counsel regarding injunction compliance press and communications legal strategy". *Id.* However, the document custodians are exclusively non-legal business professionals—Carson Oliver, Tanya Washburn, Ken Moore, Latika Kirtane, and Ann Thai—which suggests the document is not primarily legal. *Id.* And the document's notes on "injunction compliance press" do not confer privilege on the whole document simply because they may pertain to compliance. (*See* Dkt. 1056 at 1.) To the extent that the document on its face discloses any legal advice, or includes an express request for legal advice, such text can be redacted and the document otherwise produced.

**Entry No. 8480 (PRIV-APL-EG_00233796)** is a pdf entitled "Trust & Safety Evaluation extract", which Apple seeks to completely withhold on the basis that the document purportedly "reflect[s] legal advice prepared by employees acting under the direction of counsel" and "was prepared at the direction of counsel". (Privilege Log Entry No. 8480.) Apple thus does not appear to claim that the document discloses legal advice directly provided by an attorney, but rather makes the more attenuated claim that the work of non-legal employees acting under the direction of counsel "reflect[s]" legal advice. *Id.* However, the document's "reflect[ion]" of legal advice cannot sustain Apple's privilege claim unless the document, on its face, discloses the contents of such legal advice or a request for legal advice. And although Apple claims that the document "indicates it was prepared at the direction of counsel", Apple's privilege log entry does not record any lawyers purportedly involved; the sole document custodian, Katie Przytulski, is not an attorney. *Id.* Thus, the document does not appear to be privileged.

**Entry No. 6890 (PRIV-APL-EG_00218416)** is an email from Phil Schiller, a business executive who also was a witness and Apple's corporate representative during the evidentiary hearings, to Sean Cameron, Apple in-house counsel, with the subject line "Guidelines -- DMA edits". Sixteen other Apple employees, both lawyers and non-lawyers, are copied on the email chain, including multiple senior business executives such as Eddy Cue, Greg Joswiak, Matt Fischer and Trystan Kosmynka. Apple has withheld this document on the basis that the email supposedly reflects legal advice with respect to "developer guidelines and website materials". However, the large number of senior business executives and other non-legal personnel on this email chain, the fact that the top email is from Mr. Schiller, and the fact that Mr. Cameron often coordinates Injunction response efforts in a business capacity (as opposed to a legal capacity), all suggest that the document may not involve legal advice or a request for such, and the document should be produced at most with redactions where appropriate.

**Entry No. 7011 (PRIV-APL-EG_00219556)** is an email from Jordan Hickey, a non-lawyer manager, to Mr. Cameron and appears to pertain to revisions to Apple's Guidelines in the European Union. Seventeen other Apple employees are copied on the email chain, a vast majority of whom are non-lawyer business or public relations employees. Apple claims that the entire email chain should be withheld because it supposedly reflects legal advice regarding the

Digital Markets Act ("DMA"). For the same reasons stated above with respect to Entry No. 6890, some or all of the document may not involve legal advice or a request for such, and the document should be produced at most with redactions where appropriate.

**Entry No. 7334 (PRIV-APL-EG_00222094)** is an email chain for which the top email is from Ann Thai, a senior business director of Apple Marketplace, primarily addressed to a host of Apple's top executives, including Tim Cook, Phil Schiller, Mr. Cue, Luca Maestri, Lisa Jackson, Mr. Joswiak, Craig Federighi and Kristin Huguet, as well as Kate Adams, Apple's General Counsel. Fifteen additional Apple employees are copied on the chain. The subject line, "HOT: Documents for 3pm PT DMA Review", suggests that participants on the email chain discuss documents relating to Apple's response to the DMA. Given that the top email is from a non-lawyer to a group consisting mostly of Apple's top *business* executives, it appears unlikely that this chain reflects communications made primarily for a legal purpose. Indeed, Apple in its privilege log claims that Entry No. 7334 is an email chain with "redacted text providing legal advice". To the extent the document in fact reflects legal advice in some portions, such advice should be redacted, and the document otherwise should be produced.

## Emails Relating to Public Relations Topics

**Entry No. 7077 (PRIV-APL-EG_00220165)** is an email from Ms. Thai to Adam Dema, a public relations employee, and Mr. Cameron, In-House Counsel. Four other people, including Fred Sainz, Apple's VP of Communications, are copied on the email chain. Apple claims the email provides "legal advice from counsel regarding foreign regulatory issues in the European Union", but the subject of the email and the sender and recipients of the email suggest this is a public relations document, not a legal communication. To the extent the email discloses any actual legal advice from Mr. Cameron, or any specific request for such advice, such advice should be redacted and the document otherwise produced.

**Entry No. 7195 (PRIV-APL-EG_00221405)** is an email from Mr. Maestri to Mr. Schiller. More than a dozen people are copied on the email, including Mr. Cook, Ms. Thai and Mr. Sainz. The email apparently discusses a news article from Reuters, which reported on Apple's fines in the Netherlands for non-compliance with an order requiring it to allow alternative payment mechanisms in-app. Apple maintains that the email chain "reflect[s] information for the purpose of rendering legal advice from counsel". However, this communication is among non-lawyers and concerns a public news article, which suggests this chain does not primarily serve a legal purpose. Where business people are discussing the article, those emails are not privileged, even if the article itself covers an issue with legal overtones such as Apple's non-compliance in the Netherlands.

**Entry No. 7363 (PRIV-APL-EG_00222373)** is an email from Mr. Schiller to Marni Goldberg, Director of Corporate Communications (and Apple witness), and Ms. Adams. Again, many Apple business executives are copied on this email, including Mr. Maestri, Mr. Oliver (Apple witness) and Alex Roman (Apple witness) and again, this is an email chain discussing a news article—"HOT: WSJ story on App Store financials in YGR ruling". Apple claims the email chain "provide[s] information for the purpose of obtaining legal advice from counsel regarding injunction compliance press and communications legal strategy". But here too, the

involvement of non-lawyers and the subject of the email suggest that this chain is not made for primarily a legal purpose. Business advice and communications strategy are not privileged and should not be withheld.

**Emails Relating to Business Decisions Regarding Epic**

**Entry No. 7181 (PRIV-APL-EG_00221362)** is an email from Mr. Maestri to Mr. Schiller concerning communications with Epic about the reinstatement of Epic's developer program account. Also copied on the chain are ten Apple employees, including senior business executives, public relations professionals and Apple in-house counsel. **Entry No. 7221 (PRIV-APL-EG_00221515)** is, similarly, a separate email chain that appears to be discussing Apple's response to Epic's request for reinstatement. The top email on this chain is from Mr. Joswiak, a non-lawyer business executive, to both Mr. Schiller and Ms. Adams, copying 12 other Apple employees including Mr. Cook, other business executives, and a number of Apple in-house counsel. Given this list of participants, the discussion appears to be at least in part of a business nature. And at least the top emails on both chains indicate non-lawyer involvement. It therefore appears likely that some or all of the two email chains may not involve legal advice or a request for such.

**Engineering Spreadsheet**

**Entry No. 8680 (PRIV-APL-EG_00235920)** is a spreadsheet sent via email entitled "AMP Analytics Engineering (AE) Program Status Report". Apple seeks to withhold the document in its entirety, asserting privilege on the basis that the "[s]preadsheet relate[s] to information for the purpose of obtaining legal advice with counsel regarding injunction compliance launch date and timing". (Privilege Log Entry No. 8680.) However, a spreadsheet that merely "relates" to information that could be used to seek or provide legal advice is not itself privileged unless it discloses a request for legal advice or legal advice itself; factual information is not itself privileged. And Apple fails to note any attorney supposedly involved with the document, instead acknowledging that the document does not "specif[y] attorneys". *Id.* Moreover, the title of the document, "AMP Analytics Engineering…", suggests that it addresses engineering subjects—not legal matters. That observation is reinforced by the document's custodians (Jeff Guebert, Amy Hawthorne, Payam Mirrashidi, and Jeff Robbin), all of whom are engineers, not lawyers. The document thus does not appear to be privileged.

DATED: May 16, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*