UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>    *Plaintiff, Counter-defendant,* <br><br>v. <br><br>APPLE INC., <br><br>    *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH <br><br> **JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Your Honor's Discovery Standing Order and May 1, 2025, Discovery Order (Dkt. 1515), the Parties in the above-captioned action respectfully submit this joint statement related to the evidentiary hearing concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE <br> & MOORE LLP <br><br> By: */s/ Yonatan Even* <br>     Yonatan Even <br>     *Counsel for Epic Games, Inc.* | WEIL, GOTSHAL <br> & MANGES LLP <br><br> By: */s/ Mark A. Perry* <br>     Mark A. Perry <br>     *Counsel for Apple Inc.* |

**Epic's Position:**

The Special Masters have completed their regular-course review of Apple's re-reviewed documents on May 15, 2025.

On May 12 and 13, Apple clawed back 73 documents that, according to Apple, were inadvertently produced with privileged information that should have been redacted. Apple asked that the Special Masters review additional redactions for those 73 documents. The Special Masters completed their review of the clawed back documents on May 16, 2025. Epic believes many of the clawed back documents are not in fact privileged and may file objections to them in due course pursuant to the Protocol (Dkts. 1092, 1352).

Epic's final objections will be filed four court days after Apple produces the last redacted documents, as contemplated by the Protocol. (Dkts. 1092, 1352.) Apple will then have two court days to respond. (*Id.*) Apple is scheduled to produce all redacted documents by May 23, 2025. Briefing of objections may therefore extend until June 3, 2025.

Finally, Epic is cognizant of the extraordinary burden the Parties' Objections have placed on the Court and appreciates the Court's effort to address them. In light of the Court's Discovery Order of May 15, 2025 (Dkt. 1562), Epic wishes to clarify one point regarding the Court's findings that Epic did not properly submit full sets of hard copies with respect to certain of its Objections, as required by the Court's Order (Dkt. 1468). Epic endeavored to provide full sets of hard copies with respect to all Objections it has filed. Epic also provided Apple with each of its intended submissions, to ensure it includes all the pertinent documents filed or lodged by Apple that should be included in the submission, and Apple has signed off on each. Where Epic did not identify notices of lodging of certain documents, Epic did not do so because Epic could not identify lodgings *by Apple* of the relevant documents, which Apple was required to lodge. Specifically:

- For ECF 1191, the Court ordered Apple to re-lodge seven documents, Entries Nos. 2522-2527 and 665. Epic could not locate any docket entry suggesting Apple has done so.

- For ECF 1213, the Court ordered Apple to lodge Entry Nos. 1167 and 1302, to provide context for Entry Nos. 1166 and 1301, respectively. (*See* Dkt. 1251.) Epic could not locate any docket entry suggesting Apple has done so.

- For ECF 1202, Apple was supposed to lodge Entry No. 79. Epic could not locate any docket entry suggesting Apple has done so.

Following the Court's Order, in the context of drafting this Joint Status Report, Apple stated in a draft of its portion that it lodged all the documents it was required to. Epic therefore identified the above and asked Apple to direct it to docket entries evidencing such lodgings. Apple responded that "Apple did not file a separate notice of lodging for these documents. They were lodged with the Court via email on February 20 and also delivered in hard copy."

Epic regrets if the reason for its omissions was not clear on the face of the binders submitted to the Court. However, Epic respectfully submits that Apple's failure to file notices of lodging of relevant documents—without which Epic has no way to know of such lodging, let alone to direct the Court to the documents so lodged—should not result in the overruling of Epic's objections. Epic is prepared to take whatever steps are necessary to facilitate convenient presentation of those documents to the Court.

At this time, Epic does not believe a status conference before Your Honor is necessary.

**Apple's Position**:

The Special Masters' review of Apple's privilege assertions is complete. Of the total documents reviewed, the Special Masters sustained in full ~95.24% of Apple's privilege assertions, sustained in part ~0.36% of the assertions, and overruled in full ~4.22% of the assertions.

The last ruling was delivered on Thursday, May 16. The latest date on which all objections will be fully briefed is Tuesday, June 3. The latest date on which all sealing applications will be fully briefed is Tuesday, June 10.

With respect to the clawed back documents referenced by Epic, the Special Masters reviewed and upheld in full Apple's proposed redactions for each of the 73 documents. Apple will respond to any objections filed by Epic in the ordinary course.

With respect to Epic's arguments regarding the Court's discovery order (Dkt. 1562), on agreement of the parties, Epic compiled all binders for its objections. Apple lodged all documents with the Court as required by the order (Dkt. 1191), both via email (on February 20) and in hard copy, and those documents should appear in the binders delivered to the Court on or shortly after February 20.

Apple does not believe a status conference before Your Honor is necessary.

Respectfully submitted,

DATED: May 16, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*