UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　*Plaintiff, Counter-defendant,*<br>　　v.<br>APPLE INC.,<br>　　　　*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSE TO APPLE'S OBJECTION TO SPECIAL MASTER RULING ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

　　Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following response to Apple's Objection to the Special Masters' ruling ("Objection"), filed on May 16, 2025. (Dkt. 1570.) Epic does not have access to the underlying documents and is therefore unable to fully assess the bases on which Apple claims privilege; Epic responds to Apple's Objection on the limited information provided in Apple's privilege log entry for the document and in Apple's Objection.

- Entry No. 7469 (PRIV-APL-EG_00223363)—Apple seeks to redact this Slack message thread among non-lawyers, claiming in its Objection that the redacted comments from a non-attorney are privileged because the comments were "gathered by 'having chatted with Legal'". (Dkt. 1570 at 2.) Apple's privilege log entry does not identify any attorney involved. (*See* Privilege Log Entry No. 7469.) And regardless, it is not the source of the comments but rather their nature that is determinative. Here, a Special Master reviewed the redacted comments and squarely found that notwithstanding the source of the comments, they "do[] not reveal legal advice or [a] request for legal advice". *Id.* Nothing in Apple's Objection suggests that finding was incorrect.

| | |
|---|---|
| DATED: May 20, 2025 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |