UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>        *Plaintiff*, *Counter-defendant*,<br><br>        v.<br><br>APPLE INC.,<br><br>        *Defendant*, *Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS ISSUED ON MAY 14, 2025, REGARDING APPLE'S WITHHELD DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Epic respectfully submits the following Objections to certain of the Special Masters' privilege determinations issued on May 14, 2025, and pertaining to documents Apple seeks to withhold in their entirety.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearing.

    Epic, of course, does not have access to the documents and is therefore unable to fully assess the utility of the documents or the bases on which Apple claims privilege; it makes its utility judgments and predicates its objections on the limited information provided in Apple's privilege logs for the documents and their families.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Publicly Filed Court Document (Entry No. 593)**

- Entry No. 593 (PRIV-APL-EG_00010825) is a document entitled "16. Order Granting Daubert Motions In Part and Denying Class Certification (March 29, 2022)". The custodian is non-lawyer economist at Apple, Jeff Wilder. Apple seeks to withhold this document in its entirety. Apple's privilege description is incomplete, stating that this document is "related to legal advice from counsel regarding". Based on the privilege log entry, this document appears to be a court order, and thus, presumably, is not privileged.

**Data Spreadsheets (Entry Nos. 642, 643, 644, 2892 and 2938)**

- Entry No. 642 (PRIV-APL-EG_00012488) is a spreadsheet entitled "top_ipad_vs_iphone_apps". Entry No. 643 (PRIV-APL-EG_00012501) is a spreadsheet entitled "Top200_Apps_OverTime_RankByActivation". Entry No. 644 (PRIV-APL-EG_00012502) is a spreadsheet entitled "Top200_Apps_OverTime_ RankByTime". The custodian for all three is Mr. Wilder, an economist. Apple seeks to withhold these documents in their entirety. Apple states in its privilege log that these documents are "related to legal advice from counsel regarding foreign regulatory issues in the European Union" and further states that they "relate[] to" Apple's response to a request for information under the European Union's Digital Markets Act. But based on the name of the documents, these seem to simply be collections of data from an internal or external database. Collections of factual data are not themselves privileged legal advice. And while data can sometimes reflect assumptions made by attorneys, that does not seem to be the case here, as these collections seem purely factual. For example, data about the top 200 apps over time cannot and does not reveal the content of any legal advice or any assumptions made by lawyers. Further, these spreadsheets were apparently made for and presumably submitted to the European Commission, further vitiating any claim of privilege.

- Entry Nos. 2892 (PRIV-APL-EG_00062521) and 2938 (PRIV-APL-EG_00063590) are apparently the same document based on the metadata in the privilege log. The documents are both titled "IDC 2015-2022 Smartphone OS Vendor Price Band.xlsx", and both apparently contain data from the International Data Corporation—a third-party data aggregator. The custodian for both documents is again Mr. Wilder, an economist. Apple seeks to withhold both documents in their entirety: PRIV-APL-EG_00062521 for attorney client privilege and PRIV-APL-EG_00063590 for both attorney client privilege and work product. According to Apple's privilege log, these are a "competition analysis" and "discussion of foreign regulatory issues" pertaining to engagement with India's competition authority. However, data that Apple purchased from a third-party aggregator about vendor pricing is not privileged or protected (even if Apple bought it to prepare for litigation), because it is not Apple's data in the first place.

**Employee Chat (Entry No. 1494)**

- Entry No. 1494 (PRIV-APL-EG_00040719) is an employee chat among undisclosed participants regarding "engineering" for Apple's DMA compliance program. The custodian for this document is Terry Liu, a non-attorney product designer at Apple. Apple seeks to withhold the seven-page document in its entirety. In its privilege log, Apple states that the chat contains legal advice "regarding injunction compliance" and its link entitlement program, citing Ling Lew as the attorney giving rise to the privilege. However, a chat among product engineers is unlikely to contain only legal advice for seven consecutive pages. This document likely should not be withheld in its entirety.

**Developer Fee Analysis (Entry No. 1699)**

- Entry No. 1699 (PRIV-APL-EG_00042478) is a spreadsheet entitled "Dev Fee Change Hybrid Model". The custodians are Apple business and executive employees, including Apple witnesses Carson Oliver, Phil Schiller and Matt Fischer. This document is apparently a data collection or financial analysis of different fee structures Apple was considering imposing on developers. The development of and decision-making behind Apple's fee structures for apps in the App Store was a key issue in the contempt proceedings, and the business modeling of such structures featured heavily in documents determined not to be privileged and admitted into evidence at that hearing. (*See, e.g.*, CX-223, CX-224, CX-272, CX-859.) Like the pages reflecting financial analyses in those documents, Entry No. 1699 likely also has a primarily business purpose, not a legal one. This document should not be withheld.

**Presentation Regarding Linked Purchases (Entry No. 1651)**

- Entry No. 1651 (PRIV-APL-EG_00086920) is a slide regarding the "claims & support" for linked purchases. Apple seeks to withhold this slide in its entirety.[1] The custodians of this document are two non-attorneys: Mr. Wilder and Timothy Kim, a member of the App Store business team. Apple's privilege log identifies Mr. Kim as one of the two lawyers implicating privilege here, but Mr. Kim is not in fact a lawyer. The supposed contribution to this document of the only actual lawyer mentioned in the privilege log, Ms. Lew, is not explained in the privilege log at all. It is therefore unclear whether or why this document is in fact privileged.

**MP4 File (Entry No. 2021)**

- Entry No. 2021 (PRIV-APL-EG_00047216) appears to be a video or audio file (".mp4") that Apple seeks to withhold.[2] Non-attorney Senior Developer of

---

[1] Apple's privilege log states that the document contains "redacted text reflecting information for the purpose of obtaining legal advice". Apple nonetheless seeks to withhold the document in its entirety. (*See* column "Redact or Withhold".)

[2] Apple's privilege log description states the document's "redacted text provid[es] legal advice". It is unclear how a file with an mp4 extension contains redacted text. In any event, Apple's claim of privilege

Worldwide Marketing Mike Tam is the custodian. The privilege log description states that this document discusses the legal requirements for Apple's scare screens—the warnings that the Court found Apple implemented in violation of the Injunction. (Dkt. 1508 at 34-38.) The title, format and description indicate that the document is likely a video demonstrating the "buy flow" for linked purchases and containing the scare screen. Apple previously admitted that its privilege claim over such videos was tied to its general claim that all draft scare screens are privileged (Nov. 22, 2024 Ltr. from M. Perry to Y. Even ("With respect to the purchase flow videos, those videos were clawed back because they contain drafts of the system disclosure sheet(s)")), which the Court has since overruled. (Dkt. 1056.) This document should not be withheld.

DATED:  May 20, 2025                              CRAVATH, SWAINE & MOORE LLP

                                                  By: */s/  Yonatan Even*

                                                  *Counsel for Plaintiff Epic Games, Inc.*

---

before the Special Master was to fully withhold the document for privilege. (*See* column "Redact or Withhold".)