UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

      Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced to Epic in redacted form on May 12, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

      Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Entry No. 13704 (PRIV-APL-EG_00300070)**

Apple will produce PRIV-APL-EG_00300070 without redaction.

**Entry No. 13720 (PRIV-APL-EG_00300199)**

      PRIV-APL-EG_00300199 is an email exchange between Jennifer Brown (in-house counsel) and several non-lawyers regarding a draft slide deck to be presented in a discussion regarding options for complying with the Injunction. The redactions on the second page in the message from Ms. Brown—contrary to Epic's contrary theory—cover express legal advice regarding what kinds of design and technical requirements would be compliant with the Injunction. That is legal advice squarely covered by the privilege. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). The redacted statement in the (chronologically) final email is a response by a non-lawyer to Ms. Brown's suggestion, confirming that the non-lawyer had implemented Ms. Brown's advice, thus itself revealing the content of the legal advice.

**Entry No. 13724 (PRIV-APL-EG_00300236)**

   PRIV-APL-EG_00300236 is another iteration of the email exchange at PRIV-APL-EG_00300199. The legal advice from Jennifer Brown (in-house counsel) is redacted for the same reason as set forth above. The additional redacted content in PRIV-APL-EG_00300236 is redacted for the same reason as the statement from the non-lawyer in PRIV-APL-EG_00300199—it reveals the substance of the legal advice provided by Ms. Brown regarding design options that would comply with the Injunction.

**Entry No. 13725 (PRIV-APL-EG_00300238)**

PRIV-APL-EG_00300238 is an email among Jennifer Brown, Sean Cameron, Ling Lew, Jason Cody (all in-house counsel), and various non-lawyers regarding planning for Injunction compliance. The message from Ms. Brown is redacted as express legal advice regarding confidentiality and privilege considerations. One statement from a non-lawyer is redacted because it is directed expressly to Ms. Brown, Mr. Cameron, Ms. Lew, and Mr. Cody (and no one else) seeking an update on legal questions posed at an earlier meeting. Both a statement providing legal advice, *see Labbe*, 2023 WL 5672950, at *4; *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076, and a confidential request for legal advice, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024), are privileged.

| | |
|---|---|
| DATED: May 20, 2025 | WEIL, GOTSHAL & MANGES LLP<br>By: */s/ Mark A. Perry*<br>*Counsel for Defendant Apple Inc.* |