UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff, Counter-defendant,* APPLE INC., *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered on May 12, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Documents Related to the Digital Markets Act: Entry Nos. 3323 (PRIV-APL-EG_00104845), 8480 (PRIV-APL-EG_00233796), 6890 (PRIV-APL-EG_00218416), 7011 (PRIV-APL-EG_00219556), 7334 (PRIV-APL-EG_00222094)**

PRIV-APL-EG_00104845 is an attachment to PRIV-APL-EG_00104831, which is an email from Jennifer Brown (in-house counsel) to a non-lawyer, with several outside counsel, in-house counsel, and other non-lawyers cc'ed. In the email (which Apple withheld and was not challenged by Epic), Ms. Brown relayed comments from in-house and outside counsel on public relations materials. PRIV-APL-EG_00104845 is the document containing counsel's comments and feedback. Comments by counsel on a document—even a document ultimately intended for use in public relations—are privileged. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019). The fact that the "document custodians are exclusively non-legal business professionals" (Dkt. 1572, at 2) does not suggest that the privilege does not apply—all of the document custodians in this phase of discovery were non-legal business professionals.

PRIV-APL-EG_00218416 is an email exchange initiated by Sean Cameron (in-house counsel) sent to Ling Lew, Jason Cody, Pam Reid, Kyle Andeer, Brendan McNamara (all in-house counsel), and several non-lawyers. In his email, Mr. Cameron attaches proposed revisions to the Guidelines for App Store developers (which are legally binding on developers) in response to new regulatory requirements in the European Union and provides an explanation of a number of changes made. In a second email, Mr. Cameron provides additional proposed changes and explanation. The final email is a response from a non-lawyer raising questions and offering reactions to Mr. Cameron's legal advice. Because this is an exchange for the purpose of soliciting and providing legal advice, it is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

PRIV-APL-EG_00219556 is an email exchange among Sean Cameron, Jason Cody, Pam Reid (all in-house counsel), and several non-lawyers regarding changes to the App Store Guidelines for developers. The chain consists of exchanges between Mr. Cameron and various non-lawyers in which Mr. Cameron explains substantive changes to the Guidelines and the recipients discuss messaging to developers regarding those new changes. Because this is an exchange for the purpose of soliciting and providing legal advice, it is privileged.

PRIV-APL-EG_00222094 is an email from a non-lawyer to Kate Adams (in-house counsel) and several non-lawyers, with a number of other individuals—including in-house counsel Kyle Andeer, Heather Grenier, Sean Cameron, and Ling Lew—cc'ed. The email concerns materials for later publication regarding Apple's efforts to comply with the Digital Markets Act, a new competition regulation in the European Union. Although the sender is a non-lawyer, the materials themselves (and the changes discussed in the email) concern Apple's compliance with a new regulatory scheme. The discussion of those materials accordingly is privileged. *See Parneros*, 332 F.R.D. at 498; *Pearlstein*, 2019 WL 1259382, at *14.

Apple will produce PRIV-APL-EG_00233796 without redaction.

**Emails Relating to Public Relations: Entry No. 7077 (PRIV-APL-EG_00220165), 7195 (PRIV-APL-EG_00221405), 7363 (PRIV-APL-EG_00222373)**

PRIV-APL-EG_00221405 is an email exchange that starts with a report of press coverage on recent statements and actions by the competition regulator in the Netherlands, but Kyle Andeer (in-house counsel) responds with a detailed discussion of Apple's legal strategy for addressing the regulator's concerns and demands, including proposed strategy for discussion among Apple leadership.  The remaining two emails are comments from non-lawyers regarding Mr. Andeer's legal strategy (not the press coverage).  Despite the presence of some non-legal material, the *primary* purpose of the email exchange is plainly to discuss and analyze legal strategy with in-house counsel.  The email exchange therefore is privileged.

Apple will produce PRIV-APL-EG_00220165 and PRIV-APL-EG_00222373 without redaction.

**Email Relating to Epic Developer Account: Entry No. 7181 (PRIV-APL-EG_00221362)**

      PRIV-APL-EG_00221362 is an email exchange initiated by Heather Grenier (in-house counsel) with a draft response to Epic regarding a request for reinstatement of its App Store developer account. Epic's request was sent directly to Apple's outside counsel and not to Apple's in-house developer relations team. In the same email thread, non-lawyers discuss public messaging to share before the response is returned to Epic, with that messaging based on the content of the response drafted by counsel but not yet sent to Epic. The initial email offering legal advice regarding a legal dispute with Epic being addressed by outside counsel is privileged, *see Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002), as is the discussion among non-lawyers about how that legal advice will be implemented and messaged, *see Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

**Engineering Document: Entry No. 8680 (PRIV-APL-EG_00235920)**

Apple will produce PRIV-APL-EG_00235920 without redaction.

DATED: May 20, 2025                    WEIL, GOTSHAL & MANGES LLP
                                       By: */s/ Mark A. Perry*
                                       *Counsel for Defendant Apple Inc.*