# EXHIBIT A



**From:** Sean Cameron ██████████████████
**Subject:** Wisconsin deck -- review for Tim meeting on 6/20
**Received(Date):** Fri, 16 Jun 2023 16:09:43 -0700
**Cc:** Matt Fischer ████████████████, Robert Kondrk
████████████, Jeff Robbin ████████████, Alex Roman
██████████████, Carson Oliver ████████████
Kunnal Vij ████████████, Monika Gromek ████████████
Nate Barton ██████████, Tanya Washburn ██████████
████████████, Ann Thai ████████, Eric Gray
██████, Kyle Andeer ██████████, Heather Grenier
██████████, Ling Yang Lew ██████████, Jen Brown
████████████, Cynthia Richman ████████
██████████, Mark Perry █████████████████
**To:** Philip Schiller ██████████████████, "Greg (Joz) Joswiak"
█████████████, Craig Federighi ███████████, Eddy Cue
██████████, Kate Adams ████████████████
**Attachment:** 2023.06.16 CLEAN - Wisconsin - Team Commission - Privileged & Co
**Date:** Fri, 16 Jun 2023 16:09:43 -0700

Privileged & Confidential
Prepared at the Request of External Counsel

Phil, Joz, Craig, Eddy, Kate,

As discussed in our prior meeting, there are multiple Epic injunction compliance options
under consideration.  The cross-functional team needs directional guidance early next
week in order to comply with the July 5th deadline.  We have a 30-minute review with
Tim on Tuesday at 1pm to discuss a no commission option and several proposals for a
commission option.  The objective of the meeting is to get a decision on whether to
pursue a commission so the team can do the necessary work to go live in two weeks'
time.

The attached deck has complete details on design, financial modeling, and risk/benefit
analysis for the commission and no commission options. We intend to review it with Tim
on Tuesday.  Please let us know if there is any feedback to the deck or proposed
messaging at your earliest convenience so we can incorporate.

Thanks — Sean

\*

Privileged & Confidential

PLAINTIFF
U.S. District Court - NDCAL
**4:20-cv-05640-YGR-TSH**
*Epic Games, Inc. v Apple Inc.*
Ex. No. **CX-0223**
Date Entered_____
By_____

Prepared at the Request of External Counsel

Phil, Joz, Craig, Eddy, Kate,

As discussed in our prior meeting, there are multiple Epic injunction compliance options under consideration.  The cross-functional team needs directional guidance early next week in order to comply with the July 5th deadline.  We have a 30-minute review with Tim on Tuesday at 1pm to discuss a no commission option and several proposals for a commission option.  The objective of the meeting is to get a decision on whether to pursue a commission so the team can do the necessary work to go live in two weeks' time.

The attached deck has complete details on design, financial modeling, and risk/benefit analysis for the commission and no commission options. We intend to review it with Tim on Tuesday.  Please let us know if there is any feedback to the deck or proposed messaging at your earliest convenience so we can incorporate.

Thanks — Sean

_____

| Field | Value |
|---|---|
| Control Number | APL-EG_11573163 |
| Group Identifier | APL-EG_11573161 |
| P/C | |
| FamilyStatus | |
| AllCustodians | Oliver, Carson |
| Email From | |
| Email To | |
| Email CC | |
| Email BCC | |
| DateSent | |
| TimeSent | |
| DateLastModified | |
| TimeLastModified | |
| DateCreated | |
| Email Subject | |
| Title | |
| Filename | 2023.06.16 CLEAN - Wisconsin - Team Commission - Privileged & Confidential.key |
| Application | |
| Confidentiality_Rcvd | HighlyConfidential |
| Production Vol. | APL-EG_111 |



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573163

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573164





HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573166





HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573168









HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573172



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573173



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573174

## Option 1: Considerations
No fee for linking out

| Benefits | Risks |
|---|---|

**Benefits**

ATTORNEY-CLIENT PRIVILEGE

- Avoids new challenge on applying commission to web sales

- Avoids challenges of collecting commission on web sales

- Maintains integrity of in-app purchase option

**Risks**

- Meaningful financial risk due to new in-app channel for developers without commission

- Increases volume and complexity of enforcement by App Review

- Diverges from alt payments approach to date; could spread to other markets

ATTORNEY-CLIENT PRIVILEGE

**For discussion only**

Privileged and Confidential – Prepared at the Request of Outside Counsel

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CX-0223.16

APL-EG_11573175





CX-0223.18

APL-EG_11573177





HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573179





HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573181





CX-0223.24                    APL-EG_11573183













APL-EG_11573189

## Option 2A: Proposed justification for commission

27% Commission on transactions made within 24h after customer links out

- Developers who retain customers through direct channels after linking out will keep 100% of customer billings after the initial transaction. We estimate the average effective rate over the first year for a customer who links out to be 5% in this model.

- Applying our standard commission for the initial transaction is fair and defensible. Developers are still benefitting from the vast majority of Apple's tools, technologies, and services, minus cost of payments.

- Structure also aligns with affiliate programs in the market

**For discussion only**

Privileged and Confidential - Prepared at the Request of Outside Counsel

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573190

## Option 2A: Considerations

27% Commission on transactions made within 24h after customer links out

### Benefits

- Reduces financial risk versus no-fee option

- Provides more margin opportunity for developers compared to standard IAP commission, ATTORNEY-CLIENT PRIVILEGE ATTORNEY-CLIENT PRIVILEGE

### Risks

ATTORNEY-CLIENT PRIVILEGE

- Developers may claim that a small discount on initial transaction does not allow for price competition

- Diverges from planned alt payments approach due to time duration

- Significant collection risk if linking out adoption scales

**For discussion only**

Privileged and Confidential - Prepared at the Request of Outside Counsel





APL-EG_11573193



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573194

## Option 2B: Proposed justification for commission
Flat fee charged each time a customer links out

- By allowing linking out, the App Store is functioning as an affiliate channel that facilitates customer app discovery and demand capture while resolving to out-of-app direct payment options

- Our flat fee per tap-through is fair and defensible:

  - This structure aligns with affiliate pricing structures in the market

  - Flat fee is based on average in-app customer spend, and discounted based on estimated likelihood of converting to a paid transaction

  - While flat fee may appear high, the effective rate drops quickly for developers who are able to retain customers on non-Apple channels. We estimate the average effective rate over the first year for a customer who links out to be 16% in this model.

**For discussion only**
Privileged and Confidential - Prepared at the Request of Outside Counsel

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573195

## Option 2B: Considerations
Flat fee charged each time a customer links out

**Benefits**

- Reduces financial risk versus no-fee option

- No calculation risk as Apple has full visibility into link out data

- No need for data sharing or audit rights between developers and Apple

- Sidesteps direct comparisons with commission rates

**Risks**

- Optics risk as the flat fee may exceed single transaction ASP for many apps

ATTORNEY-CLIENT PRIVILEGE

- Pricing risk as this option will be very attractive to high-LTV apps and games

- If adopted in EU, may be seen as non-compliant with DMA mandate to allow devs to promote offers free of charge

**For discussion only**

Privileged and Confidential - Prepared at the Request of Outside Counsel





HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

APL-EG_11573198



APL-EG_11573199

## Option 2C: Proposed justification for commission

20% commission on transactions made within 1 year after customer links out

- We are reducing our standard commission by 1/3 for transactions initiated out of the app, which is fair and defensible. Developers are still benefitting from the vast majority of Apple's tools, technologies, and services, minus cost of payments.

- Developers who retain customers through direct channels after linking out will keep 100% of customer billings after the first year. We estimate the average effective rate over the first 2 years for a customer who link outs to be 10% in this model.

**For discussion only**

Privileged and Confidential – Prepared at the Request of Outside Counsel

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CX-0223.41

APL-EG_11573200

## Option 2C: Considerations
20% commission on transactions made within 1 year after customer links out

### Benefits

- Reduces financial risk versus no-fee option

- Provides more long-term margin opportunity for developers compared to standard IAP commission, ~~ATTORNEY-CLIENT~~ ATTORNEY-CLIENT PRIVILEGE

ATTORNEY-CLIENT PRIVILEGE

### Risks

ATTORNEY-CLIENT PRIVILEGE

- Developers may claim that a longer duration of the  on initial transaction does not allow for price competition

- Diverges from planned alt payments approach due to discount

- Significant collection risk if linking out adoption scales

**For discussion only**
Privileged and Confidential – Prepared at the Request of Outside Counsel



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

CX-0223.43

APL-EG_11573202