# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 4:20-cv-05640-YGR-TSH |
| *Plaintiff, Counter-defendant,* | |
| APPLE INC., | **RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |
| *Defendant, Counterclaimant.* | |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, rendered on May 14, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**Court Document: Entry No. 593 (PRIV-APL-EG_00010825)**

Apple will produce PRIV-APL-EG_00010825 without redaction.

**Data Obtained or Created at the Direction of Counsel: Entry Nos. 642 (PRIV-APL-EG_00012488), 643 (PRIV-APL-EG_00012501), 644 (PRIV-APL-EG_00012502), 2892 (PRIV-APL-EG_00062521), 2938 (PRIV-APL-EG_00063590)**

PRIV-APL-EG_00012488, PRIV-APL-EG_00012501, and PRIV-APL-EG_00012502 are all spreadsheets attached to an email (PRIV-APL-EG_00012463) from Martin Gudmundsson (in-house counsel) to a non-lawyer, which also attaches several email exchanges relevant to the data. Those attached email exchanges demonstrate that the data was retrieved at the direction of Mr. Gudmundsson and Charles Paillard (in-house counsel) in order to prepare a submission to the European Commission regarding certain regulatory requirements related to the App Store.  *See* PRIV-APL-EG_00012522; PRIV-APL-EG_00012530.  Information developed or obtained at the direction of counsel for the purpose of providing legal advice is privileged, *see FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016), as is confidential information sent to an attorney in the course of soliciting legal advice, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024).

PRIV-APL-EG_00062521 and PRIV-APL-EG_00063590 are spreadsheets containing data used in connection with a regulatory submission related to competition issues.  Specifically, the parent email to PRIV-APL-EG_00063590 (PRIV-APL-EG_00063578) shows that the data was collected at the direction of Soolean Choy (in-house counsel) in connection with the preparation of a submission to the Competition Commission of India regarding the App Store. Because information obtained at the direction of counsel for the purpose of providing legal advice—here, preparing a response to a regulator regarding competition issues—is privileged, the spreadsheets are properly withheld.  *See Boehringer Ingelheim Pharms.*, 180 F. Supp. 3d at 30.

**<u>Slack Messages: Entry No. 1494 (PRIV-APL-EG_00040719)</u>**

     PRIV-APL-EG_00040719 is a Slack message channel related to changes Apple made to the App Store in response to new regulatory requirements in the Netherlands. Included in the channel is a discussion regarding Apple's ability to set different rules for apps in different jurisdictions and the mechanisms for doing so. The participants direct a question to Ling Lew and Jason Cody (both in-house counsel), as well as a non-lawyer, seeking legal advice about Apple's policies and procedures in this respect. Ms. Lew provides feedback in response to that request. Because the exchange concerns an express request for and provision of legal advice, it is privileged. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).

**Sensitivity Analysis: Entry No. 1699 (PRIV-APL-EG_00042478)**

 PRIV-APL-EG_00042478 is a sensitivity analysis regarding developer fee changes. The cover email (PRIV-APL-EG_00042469) states expressly that the data was retrieved at the request of counsel in a meeting the previous week. The email further shows that the data was retrieved in connection with a request from the Korea Communications Commission (a regulator) regarding certain App Store services and features. Because the data was prepared at the direction of counsel in connection with providing legal advice, it is privileged. *See Boehringer Ingelheim Pharms.*, 180 F. Supp. 3d at 30.

**Slide Presentation: Entry No. 1651 (PRIV–APL-EG_00086920)**

      PRIV-APL-EG_00086920 is a slide showing several propositions and supporting evidence related to external purchase links.  The parent email (PRIV-APL-EG_00086914) shows that the slide was sent by a non-lawyer to Charles Paillard (in-house counsel) and outside counsel following an in-person discussion.  The non-lawyer discusses the content of the slide in responding to a question raised by outside counsel during the in-person meeting.  Because the slide was shared at the direction of counsel, *see Boehringer Ingelheim Pharms.*, 180 F. Supp. 3d at 30, and because it contains confidential information shared for the purpose of soliciting legal advice, *see In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024), it is privileged.

**<u>Video File: Entry No. 2021 (PRIV-APL-EG_00047216)</u>**

Apple will produce PRIV-APL-EG_00047216 without redaction.

DATED: May 22, 2025                      WEIL, GOTSHAL & MANGES LLP
                                         By: */s/ Mark A. Perry*
                                         *Counsel for Defendant Apple Inc.*