UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> *Plaintiff*, *Counter-defendant*, <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*, *Counterclaimant*. | Case No. 4:20-cv-05640-YGR-TSH <br><br><br> **OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on May 19, 2025.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

    Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Messages Among Technical Professionals**

   **PRIV-APL-EG_00222457** is a direct message thread among non-legal technical professionals (Atusa Savio, Bri Cote, and Joseph Magnani) addressing design options for scare screens. Apple has redacted two of Ms. Cote's messages, claiming in its privilege log that the "redacted text reflect[s] information for the purpose of obtaining legal advice from counsel regarding injunction compliance" and was "prepared in anticipation or furtherance of litigation". (Privilege Log Entry No. 7377.) However, there are no lawyers in this message thread—and thus no legal advice obtained or requested—and the unredacted messages indicate that the conversation concerned technical design options for certain features—not inherently legal topics. Moreover, nothing in the thread suggests it was initiated at the direction of counsel or prepared in anticipation of future litigation. And to the extent the redacted messages "reflect[] information" that has been separately conveyed to counsel in some *other* communication, that does not confer privilege (or work product protection) on the information in the messages in *this* document. Thus, the redactions appear to be unwarranted.

   **PRIV-APL-EG_00222512** is a private message channel among non-legal technical employees discussing design options and data collection for external purchases. Apple has redacted the messages following Liz Pulchny's thread entitled "[a]lignment on new entitlements/APIs", claiming that such messages "reflec[t] legal advice from counsel regarding foreign regulatory issues", citing Ling Lew and Sean Dillon as the in-house attorneys involved. (Privilege Log Entry No. 7385.) However, the visible messages do not suggest that either Ms. Lew or Mr. Dillon directly participated in this thread; moreover, the messages' supposed "reflect[ion]" of legal advice cannot sustain Apple's privilege claim unless the messages on their face disclose the contents of legal advice or solicit such advice, which seems unlikely in this message thread among engineers.

   **PRIV-APL-EG_00223257** is a direct message thread among non-legal technical professionals, which Apple has extensively redacted, claiming in its privilege log that the "[d]ocument reflects information for the purpose of obtaining legal advice from Apple legal". (Privilege Log Entry No. 7451.) Yet Apple's privilege log fails to identify any attorney involved, and the visible portions of the document do not suggest that any attorney directly participated in this discussion. Indeed, the unredacted messages concern business topics— Apple's App Store revenues and commissions. And even if the redacted messages do "reflect[]" information that may have been separately discussed with counsel, that topical overlap itself does not bestow privilege on these messages among non-lawyers. Therefore, the document's extensive redactions do not appear warranted.

   **PRIV-APL-EG_00224071** is a direct message thread among non-legal technical professionals concerning in-app payment features available to developers in various jurisdictions. Apple has redacted a series of messages, claiming in its privilege log that they "reflect[] legal advice from counsel regarding foreign regulatory issues", citing Ms. Lew as the attorney involved. (Privilege Log Entry No. 7579.) The unredacted portions of the document, however, suggest that Ms. Lew was not a direct participant in this chat, and the chart depicting various jurisdictions' in-app payment features indicates that this discussion concerned technical and business topics, not legal subjects. Accordingly, unless these messages disclose the contents of legal advice on their face, they should not be redacted.

2

**Emails Among Business Executives, Technical Professionals and Counsel**

**PRIV-APL-EG_00223572** is a series of emails among business executives, technical professionals and in-house counsel, which Apple has redacted in several locations. Epic only challenges Apple's redactions at the bottom of the document (*see* PRIV-APL-EG_00223576-'577), which appear to cover an email from Ms. Pulchny to Phil Schiller (both non-lawyers) with the signature "AMP Data Science & Analytics, Analytics Engineering, AMP Privacy/Legal", suggesting that the message forwards analysis from the data analytics firm. Apple claims in its privilege log that the "redacted text provid[es] legal advice from counsel regarding foreign regulatory issues in the Netherlands for dating apps". (Privilege Log Entry No. 7501.) But that explanation cannot sustain a privilege claim over an email from Ms. Pulchny unless the message on its face discloses the contents of legal advice, which seems unlikely given the data analytics context; the unredacted portion of the email concerns an analysis of App Store consumer behavior—not a legal topic. Accordingly, it appears that the email is over-redacted.

**PRIV-APL-EG_00224935** is a series of emails among technical employees, business executives, and in-house counsel. Epic only challenges Apple's redaction of emails from Ann Thai and Gabe Tang (PRIV-APL-EG_00224935-'936), both of whom are non-lawyers. In its privilege log, Apple claims that these messages "reflect[] legal advice on multiple links". (Privilege Log Entry No. 7689.) However, the unredacted messages suggest that the discussion addressed the technical features and other non-legal aspects of external purchase links. Thus, it appears unlikely that Ms. Thai's and Mr. Tang's emails disclose on their face the contents of legal advice, they should not be redacted.

DATED: May 23, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*