UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**OBJECTIONS TO SPECIAL MASTER DETERMINATIONS REGARDING REDACTED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol") and the Order Amending the Protocol to extend the time for Epic to object to determinations regarding redacted documents (Dkt. 1352), Epic respectfully submits the following objections to certain of the Special Masters' privilege determinations pertaining to documents that were produced to Epic in redacted form on May 21, 2025.

    Epic recognizes the significant burden of these objections and is sensitive to the Court's observation regarding the diminishing utility of similar or duplicative documents following the completion of the evidentiary hearing. Epic is therefore limiting its objections below to documents that it believes may meaningfully supplement the already extensive record established at the hearings and reflected in the Court's April 30 Order (Dkt. 1508, the "Order").

    Epic of course cannot "see underneath" the redactions and therefore is unable to fully assess the utility and privileged nature of the redacted text; however, Epic has, to the best of its ability, focused these challenges on the documents with privilege log entries and surrounding context to support an inference of utility and an improper assertion of privilege.

    Epic respectfully requests that the Court review the following documents *in camera* and, where appropriate, reject Apple's privilege assertions pertaining to these documents, in whole or in part.

**Emails Predominantly Among Communications Professionals**

**APL-EG_10952292; APL-EG_11573531** is an email chain among Apple communications professionals Peter Ajemian, Archelle Thelemaque, Isaac Rubin. Apple in-house counsel Ling Lew appears to be a recipient of the first email in the chain, but she does not respond to that message, does not partake in any discussion reflected in the chain and apparently is not included in any message in the chain beyond the initial one. The subject of the chain is "Q on commission changes". Apple has extensively redacted these emails, claiming in its privilege log that the "[e]mail chain reflect[s] legal advice from counsel regarding injunction compliance requirements for link format and buttons." (Privilege Log Entry No. 58.) However, the unredacted text indicates that the emails concern a "Q&A where [Apple] talked about the commissions in Korea [and the] Netherlands"—*i.e.*, a public-facing PR document. (APL-EG_11573531 at '533.) And Apple's oft-repeated assertion that emails "reflect[] legal advice" cannot sustain a claim of privilege where such emails do not *disclose* the contents of legal advice or a request for legal advice, neither of which seems likely to be disclosed in any message in the chain (and certainly not in the multiple messages that do not include Ms. Lew). To the extent the first message discloses a request for legal advice from Ms. Lew (which seems unlikely given the lack of any response from Ms. Lew), that request for legal advice should be narrowly redacted and the emails otherwise produced without redactions.

**PRIV-APL-EG_00065503** is another email chain predominantly among communications professionals (Adam Dema, Ms. Thelemaque, Mr. Ajemian, Hannah Smith, Fred Sainz, and Marni Goldberg), as well as business executive Carson Oliver and in-house counsel Jennifer Brown. Apple has broadly redacted a series of emails—including messages from Ms. Goldberg, a non-lawyer—claiming in its privilege log that the "redacted text provid[es] legal advice from counsel regarding injunction compliance press and communications legal strategy" and "contain[s] legal advice related to PR communications", citing Curtis Box (who is not a participant in the visible emails) and Ms. Brown as the in-house attorneys involved. (Privilege Log Entry No. 98.) Epic does not challenge Apple's privilege claim over Ms. Brown's email dated December 9, 2023; Epic does, however, challenge Apple's broad-brush redactions of Ms. Goldberg's and other PR professionals' emails, redactions which cannot be sustained on the basis that such press-related emails "contain legal advice", which emails from Ms. Goldberg clearly do not. *Id.* Moreover, Ms. Goldberg's emails do not appear to be made for primarily legal purposes, *i.e.*, primarily to obtain legal advice. To the contrary, the messages seek input from multiple non-lawyers along Ms. Brown (*see* Dec. 7 email at 11:24AM, seeking input from "Carson and Jen"; December 21 email at 10:21, seeking advice from "all" on the chain). To the extent that the redacted text does include an express request for legal advice or discloses the contents of legal advice, such text should be narrowly redacted and the emails otherwise produced.

| | |
|---|---|
| DATED: May 28, 2025 | CRAVATH, SWAINE & MOORE LLP<br>By: */s/ Yonatan Even*<br>*Counsel for Plaintiff Epic Games, Inc.* |