DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
    jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
    mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar
No. 1500231; *pro hac vice*)
    joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN
301248
    morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                     Plaintiff, Counter-Defendant<br><br>        v.<br><br>APPLE INC.,<br><br>                     Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's order ("Order") of May 15, 2025 (Dkt. 1562), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol.  *See* Dkt. 1092 ¶ 4.  A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law."  Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

Apple reiterates that it preserves for appeal its contention that the primary purpose test, as formulated by the Ninth Circuit, is not the proper test for determining attorney-client privilege and that the Court should instead apply the D.C. Circuit's test.  *See* Dkt. 1193, at 1.  Even under the Ninth Circuit's formulation of "the" primary purpose test, however, several of Judge Hixson's rulings were contrary to law.  Because of the number of documents at issue in Judge Hixson's ruling and this appeal, Apple has grouped similar documents together for ease of reference.

**Documents Containing Express Legal Advice from Attorneys: Entries 1787 (PRIV-APL-EG_00165956), 10781 (PRIV-APL-EG_00255272), 10886 (PRIV-APL-EG_00256631), 10904 (PRIV-APL-EG_00256780), 6755 (PRIV-APL-EG_00216707), (PRIV-APL-EG_00119866), 173 (PRIV-APL-EG_00150508), 561 (PRIV-APL-EG_00154061), 755 (PRIV-APL-EG_00155579), 910 (PRIV-APL-EG_00156837), 1611 (PRIV-APL-EG_00163992), 2136 (PRIV-APL-EG_00170509), 3989 (PRIV-APL-EG_00190369)**

The documents in this category all contain express legal advice on their face and are privileged for that reason.  *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

Several documents contain legal advice related to Apple's injunction compliance efforts. Entry 173 is an email exchange in which Jennifer Brown (in-house counsel) provides legal advice regarding maintaining privilege over attorney-client communications and a non-lawyer seeks legal advice from Sean Cameron, Ling Lew, Jason Cody, and Ms. Brown (all in-house counsel).

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic.  Dkt. 1092 ¶ 4(c).  That production pursuant to a court order did not effect a waiver.  *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

Entry 561 is an email exchange initiated by Ms. Lew regarding various developer materials, and the only redacted portions are explanations by Ms. Lew regarding changes she made to the materials. Entry 1611 is an email exchange regarding press communications related to Apple's injunction compliance plan. The majority is unredacted, but Apple seeks to maintain its redaction of a comment from Ms. Brown offering a "legal perspective" on the timing of certain announcements.

Other documents concern legal advice regarding foreign regulatory issues. Entry 10781 is an email chain in which a non-lawyer provides an update on press coverage regarding regulatory action in the Netherlands, which prompts in-house counsel (Kyle Andeer) to provide legal advice and lead a discussion about the pending regulatory actions and Apple's planned strategic response. Entries 10886 and 10904 are iterations of the same email chain. Entry 755 is an email exchange regarding various items for public announcement. The only redacted portion is an email from Mr. Cameron regarding Apple's legal plans and expectations regarding ongoing regulatory matters in Korea, and a non-lawyer's reaction to those plans. And Entry 910 is an email exchange initiated by Marie Hugon (in-house counsel) seeking information from Apple's finance team to help understand Apple's regulatory obligations. In-house counsel Pam Reid and Mr. Cody later join the conversation, noting that they are meeting with foreign counsel to discuss those regulatory obligations.

Finally, some documents concern general legal advice regarding App Store operations. Entry 1787 is a spreadsheet setting forth various developer Guidelines, and it includes a column containing comments from Mr. Cody, Ms. Lew, and Mr. Cameron, all in-house counsel. Entry 6755 is an email exchange initiated by Mr. Cameron, with several attorneys (Ms. Lew, Mr. Cody, Mr. Andeer, Ms. Reid, and Brendan McNamara) cc'ed, in which Mr. Cameron provides an update on and analysis of various revisions to the Guidelines. Mr. Cameron provides further explanation and legal advice in response to questions and comments from non-lawyers. Entry 2136 is an email exchange that originates from outside of Apple, but is then forwarded to a number of in-house counsel (Mr. Cody, Ms. Reid, Prince Zhandire, Katharina Kashishian, and Ian Marshall) to solicit legal advice regarding payment-related questions posed by a developer. And Entry 3989 is

an email request to three in-house counsel (Ms. Brown, Heather Grenier, and Alanna Rutherford) for legal advice on a statement for an earnings call, to which Ms. Rutherford responds with a suggestion reflecting her legal opinion.

**Documents Relaying Legal Advice: Entries 1514 (PRIV-APL-EG_00162841), 2734 (PRIV-APL-EG_00175782), 1674 (PRIV-APL-EG_00164493)**

The documents in this category are privileged because they relay legal advice obtained from lawyers in another communication. Entry 1514 is an email that relays legal advice received from two in-house counsel (Kate Adams and Mr. Andeer) related to an issue before the European Commission. Entry 2734 is an email in which a non-lawyer emails another non-lawyer with a chart setting forth language that "Jen" (i.e., Ms. Brown) and her team came up with regarding the interplay between various regulatory obligations. And Entry 1674 is a series of update emails sent to in-house counsel (Heba Hamouda) describing various regulatory compliance projects in different jurisdictions. Documents that relay or express legal advice are privileged, even if counsel does not appear on the document as a sender or recipient. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

**Draft Documents: Entries 10511 (PRIV-APL-EG_00251372), 10512 (PRIV-APL-EG_00251386), 10444 (PRIV-APL-EG_00250684), 1732 (PRIV-APL-EG_00165181)**

These documents comprise draft documents created by in-house or outside counsel in the course of delivering legal advice to Apple. Entries 10511 and 10512 are draft addenda to Apple's Developer Program License Agreement (the "DPLA") with developers, sent from a legal project manager to several internal Apple recipients, with various in-house counsel (Mr. Cameron, Ms. Lew, Adil Karrar, and Lacey Elmore) cc'ed (PRIV-APL-EG_00251370 (parent email)). Entry 10444 is a draft addendum to the DPLA sent by Ms. Lew to an Apple non-lawyer. Entry 1732 is a draft disclosure schedule and exhibits for a sale and purchase agreement, sent by an in-house lawyer (Christina Buser) to an internal Apple listserv (*see* PRIV-APL-EG_00165180 (parent email)). The email advises the recipients to contact the sender or their counterpart at outside counsel with any comments or questions.

As Apple previously explained, *see* Dkt. 1193, at 3–4, "[d]rafting legal documents is a

core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process." *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994); *see also Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002) ("[P]reliminary drafts of documents are protected by the attorney-client privilege."). Indeed, drafts of contracts prepared or edited by lawyers are at the core of what the attorney-client privilege is meant to protect.

**Information Prepared at the Direction of Counsel: Entry 85 (PRIV-APL-EG_00118829),**

This document is an email in which Apple seeks to maintain its redaction of a request from legal for information relevant to various legal proceedings against Epic. Information created or obtained at the direction of legal counsel for the purpose of providing legal advice is privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016).

**Requests for Legal Advice: Entries 7905 (PRIV-APL-EG_00228712), 1625 (PRIV-APL-EG_00086662), 1626 (PRIV-APL-EG_00086663), 11061 (PRIV-APL-EG_00258647), 1795 (PRIV-APL-EG_00166218), 1623 (PRIV-APL-EG_00086651), 1814 (PRIV-APL-EG_00166442), 1825 (PRIV-APL-EG_00166500)**

These documents contain requests for legal advice from counsel. Entries 7905 and 11061 are each a draft question-and-answer document for eventual use in fielding press questions related to Apple's injunction compliance framework. It was sent by a non-lawyer to three in-house counsel (Ms. Brown, Mr. Cameron, and Ms. Lew) and two non-lawyers for feedback. Entry 1623 similarly is an email sent by a non-lawyer seeking feedback from legal (including Ms. Lew, Mr. Cameron, and Ms. Brown) regarding a draft question-and-answer document. Entry 1625 is an email sent by a non-lawyer to in-house counsel (Ms. Adams, Ms. Grenier, and Ms. Brown) seeking their input on the draft Price Committee deck, attached as Entry 1626. Entry 1795 is a document identifying "App Store Legal Follow Ups" related to changes made to the App Store in response to new regulatory requirements. And Entry 1825 (and the shorter version at Entry 1814) is an email sent by a non-lawyer to Ms. Adams and Ms. Grenier (as well as a non-lawyer) discussing various options for new developer capabilities with respect to external links, with additional discussion among the non-lawyers indicating an intent to seek legal feedback.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (quotation marks omitted); *see also In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) (same). That includes documents for use in connection with public relations efforts, where those documents are sent for the purpose of obtaining legal advice. *See Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019); *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *14 (S.D.N.Y. Mar. 19, 2019).

**Slide Decks Containing Legal Advice: Entries 1215 (PRIV-APL-EG_00226492), 1468 (PRIV-APL-EG_00162417), 1589 (PRIV-APL-EG_00163791), 2115 (PRIV-APL-EG_00092002), 2122 (PRIV-APL-EG_00092062), 2124 (PRIV-APL-EG_00092084)**

These documents are all slide decks that contain extensive legal analyses on a variety of legal topics, including compliance with the injunction in this litigation and regulatory issues in other countries. Entry 7796 is a slide deck entitled "Proposed responses to Epic injunction," and it identifies the requirements of the injunction, open legal questions, and assessments of legal issues. Entry 1468 is a deck entitled "Epic Injunction Implementation," with Ms. Brown as the designated presenter for the first several slides, which contains a summary of the injunction compliance framework, expected timeline for future court proceedings, an assessment of possible legal arguments, and a discussion of related litigation, among other things. Entry 1589 is a slide deck entitled "App Store Offers: Marketing Legal Discussion," the second slide of which lists two "Legal Advice Topics For Today." Entry 2115 is a set of slides created at the express direction of counsel (*see* PRIV-APL-EG_00091988 (parent email)) intended for use in ongoing discussions with a foreign regulator regarding various App Store changes. Entries 2122 and 2124 likewise are decks created and revised at the direction of counsel for use with a foreign regulator. *See* PRIV-APL-EG_00092050 (parent email); PRIV-APL-EG_00092072 (parent email). Because these documents contain legal advice on their face and were created and presented for the primary purpose of delivering legal advice regarding Apple's legal obligations, they are privileged.

## CONCLUSION

Apple respectfully requests that the Court reverse the Order in relevant part.

Dated: May 29, 2025                    Respectfully submitted,

                                       By: */s/ Mark A. Perry*
                                       Mark A. Perry
                                       WEIL, GOTSHAL & MANGES LLP

                                       Attorney for Apple Inc.