**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>*Plaintiff, Counter-defendant,*<br><br>APPLE INC.,<br><br>*Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**RESPONSES TO EPIC'S OBJECTIONS TO SPECIAL MASTER RULINGS ON APPLE INC.'S PRODUCTIONS OF RE-REVIEWED PRIVILEGED DOCUMENTS** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to section 4 of the Joint Stipulation and Order Approving Privilege Re-Review Protocol (Dkt. 1092) (the "Protocol"), Apple respectfully submits the following Responses to Epic's Objections to certain of the Special Masters' rulings on Apple's productions of re-reviewed and privileged documents, produced to Epic in redacted form on May 21, 2025. We are submitting these documents for *in-camera* review contemporaneously with this filing.

    Apple's responses relate only to documents Apple believes are not already covered by Your Honor's and Judge Gonzalez Rogers' existing rulings on Apple's privilege assertions in this post-judgment discovery. As previously noted, *see* Dkt. 1109, Apple reserves all rights as to documents affected by those rulings, including any post-judgment appellate rights.

**APL-EG_11573531**

APL-EG_11573531 is an email principally among non-lawyers regarding a draft question-and-answer set for potential questions arising out of changes Apple made to its App Store in certain foreign jurisdictions. Certain material is redacted because the top email in the document indicates that the draft set was sent to Jennifer Brown (in-house counsel) for review and comment. In fact, the other document to which Epic objects (PRIV-APL-EG_00065503) confirms that the draft was sent to Ms. Brown for feedback and also that the draft was developed in "partnership" with Ms. Brown. Confidential information shared with an attorney for the purpose of soliciting legal advice is privileged, *see In re Grand Jury Investigations*, 974 F.2d 1068, 1070 (9th Cir. 1992); *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024), and here, disclosing the content previously shared with Ms. Brown would disclose the substance of the request for legal advice. The material is therefore properly redacted.

**PRIV-APL-EG_00065503**

      PRIV-APL-EG_00065503 is an exchange between a non-lawyer and Jennifer Brown (in-house counsel), with other non-lawyers cc'ed, regarding the same question-and-answer set discussed and reproduced in APL-EG_11573531. That draft is privileged in this document for the same reason it is privileged in APL-EG_11573531—the draft was developed in "partnership" with Ms. Brown and was sent to her with a direct request for feedback. Epic even concedes that Ms. Brown provided legal feedback in response to the request, as it does not object to the redaction of Ms. Brown's comments. *See* Dkt. 1615, at 2. Ms. Brown's legal feedback in response to a request confirms that the primary purpose of the communication was to solicit legal advice on the document, and such a request for advice is protected as privileged. *See In re Grand Jury Investigations*, 974 F.2d at 1070; *In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2.

DATED: May 30, 2025                                        WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*