| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>  jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>  mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>  joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>  morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100 |

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                Plaintiff, Counter-Defendant<br><br>        v.<br><br>APPLE INC.,<br><br>                Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's order ("Order") of May 16, 2025 (Dkt. 1567), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol. *See* Dkt. 1092 ¶ 4. A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

Apple reiterates that it preserves for appeal its contention that the primary purpose test, as formulated by the Ninth Circuit, is not the proper test for determining attorney-client privilege and that the Court should instead apply the D.C. Circuit's test. *See* Dkt. 1193, at 1. Even under the Ninth Circuit's formulation of "the" primary purpose test, however, several of Judge Hixson's rulings were contrary to law.

**Documents Containing Express Legal Advice from Attorneys: 2615 (PRIV-APL-EG_00174802), 2616 (PRIV-APL-EG_00174803), 2617 (PRIV-APL-EG_00174804), 11644 (PRIV-APL-EG_00266909), 2544 (PRIV-APL-EG_00096651), 2655 (PRIV-APL-EG_00098239), 3940 (PRIV-APL-EG_00189948), 2071 (PRIV-APL-EG_00091513), 2601 (PRIV-APL-EG_00174567), 3530 (PRIV-APL-EG_00186593)**

The documents in this category all contain express legal advice on their face and are privileged for that reason. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Entries 2615, 2616, and 2617 are all screenshots of an email sent from Kyle Andeer (in-house counsel) to Kate Adams (General Counsel) providing an update regarding Apple's engagement with the Department of Justice on various legal issues. The documents are attachments to PRIV-APL-EG_00174796, in which the screenshots appear embedded in a text message exchange. Apple redacted the screenshots as they appeared in the original text message and those redactions were upheld. Entry 11644 is an email exchange in which a non-lawyer seeks feedback from Ling Lew

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic. Dkt. 1092 ¶ 4(c). That production pursuant to a court order did not effect a waiver. *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

(in-house counsel) regarding the rules and guidelines for developers, and Ms. Lew (among others) provides responsive advice. Entry 2544 is an email exchange among Jennifer Brown, Ms. Lew (both in-house counsel), and various non-lawyers regarding open tasks for work related to Apple's injunction compliance. Both Ms. Brown and Ms. Lew provide feedback and advice throughout the exchange. Entry 2655 is a Slack direct message in which a non-lawyer directs a question to Ms. Lew regarding the requirements for certain new App Store features and Ms. Lew responds with legal advice explaining Apple's policies for developers. Entry 3940 is an email from a non-lawyer addressed to Heather Grenier (in-house counsel) and outside counsel seeking feedback on public messaging regarding the outcome of a related litigation. Outside counsel provides legal advice in response. Entry 2071 is a Slack message chat, and the only redacted portion is an exchange where non-lawyers raise a question with Ms. Lew about new App Store changes and suggest this "legal question" may need to be escalated. Ms. Lew provides legal advice in response. Entry 2601 is a text exchange in which a non-lawyer requests feedback from Ms. Brown regarding a press statement, and Ms. Brown provides the requested legal advice. And Entry 3530 is an email exchange between a non-lawyer and Jeff Myers (in-house counsel) regarding a congressional hearing that overlapped with active litigation and contains advice from Mr. Myers regarding legal strategy related to that litigation.

**Documents Relaying Legal Advice: Entries 2600 (PRIV-APL-EG_00174550), 2612 (PRIV-APL-EG_00174761), 3134 (PRIV-APL-EG_00182609), 3169 (PRIV-APL-EG_00182967), 3480 (PRIV-APL-EG_00186200), 4130 (PRIV-APL-EG_00191600), 2966 (PRIV-APL-EG_00181225), 2611 (PRIV-APL-EG_00174754), 3709 (PRIV-APL-EG_00188024)**

The documents in this category are privileged because they relay legal advice obtained from lawyers in other communications. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016).

Several entries are text messages in which legal advice is disclosed. Entry 2600 is a text exchange between two non-lawyers in which they discuss conversations with attorneys regarding a pending case brought by the Department of Justice and remark on a discussion with lawyers

(including Ms. Grenier) regarding Apple's injunction compliance framework. Similarly, Entry 2612 is a text exchange between two non-lawyers in which one non-lawyer copies into the exchange a "Legal Summary" drafted and sent to her by in-house counsel (Andrew Farthing) about ongoing litigation. And Entry 2611 is a text message exchange in which a non-lawyer shares a press statement regarding this litigation drafted by outside counsel and reflecting outside counsel's legal advice.

Other documents likewise disclose the content of legal advice. Entry 3134 is an email among non-lawyers with updates on various litigation issues, with only two items redacted because they reflect the impressions of attorneys regarding ongoing legal proceedings. Entry 3169 is an email exchange among non-lawyers in which one non-lawyer copies into the exchange a summary from in-house counsel (Sean Cameron) regarding App Store changes made in response to new regulatory requirements. Entry 3480 is an email sent by a non-lawyer containing a "Legal Summary" of litigation proceedings in a foreign jurisdiction. Entry 4130 is a text exchange between non-lawyers regarding how Apple intended to implement, from a contractual perspective, certain changes to the App Store. The end of the exchange confirms that the proposal was put forth by in-house counsel (Ms. Lew). Entry 2966 is an email in which a non-lawyer sends another non-lawyer a chart with language that "Jen" (i.e., Ms. Brown) and her team came up with. And Entry 3709 is an email exchange in which non-lawyers relay and discuss advice received from counsel (both in-house and outside) regarding the next steps in a regulatory proceeding in Europe.

**Documents Drafted in Conjunction with Attorneys: Entries 2711 (PRIV-APL-EG_00175665), 12354 (PRIV-APL-EG_00274886), 2683 (PRIV-APL-EG_00175352)**

These documents comprise draft documents created in conjunction with attorneys. "As a general rule, preliminary drafts of documents are protected by the attorney-client privilege." *Barnes-Wallace v. City of San Diego*, 2002 WL 35646619, at *4 (S.D. Cal. Dec. 5, 2002); *see also Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994) ("Drafting legal documents is a core activity of lawyers . . . .").

Entry 2711 is an email exchange among non-lawyers regarding draft press statements to issue following a decision in the original merits proceeding in this litigation. A non-lawyer re-

marks that she "worked on them hand in glove with outside counsel at [Ms. Grenier's] direction," confirming that these statements reflect the direct contributions and legal advice of counsel. Entry 12354 is a draft third-party expert report prepared in connection with a regulatory proceeding in the European Union related to various App Store issues. The draft includes comments from D. Tina Wang, in-house counsel at Apple. And Entry 2683 is an email in which a non-lawyer provides a draft answer to a press question regarding this proceeding and then follows up with a version revised by counsel. Apple seeks to redact only the revised version.

**Information Obtained or Prepared at the Direction of Counsel: Entries 2608 (PRIV-APL-EG_00174714), 2609 (PRIV-APL-EG_00174727), 2610 (PRIV-APL-EG_00174741), 11557 (PRIV-APL-EG_00265929), 3679 (PRIV-APL-EG_00187811)**

These documents contain information obtained or prepared at the direction of counsel in the course of providing legal advice and are therefore privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016). Entries 2608, 2609, and 2610 are all various versions of a document collecting facts and background information on a number of litigation opponents of Apple, and they all reflect information plainly obtained in coordination with counsel. Entry 11557 is an email between outside consultants at Analysis Group, outside counsel, in-house counsel (Ms. Lew and Mr. Cody), and various non-lawyers. The redacted content consists of information developed by Analysis Group at the direction of counsel (as well as two comments from in-house counsel on privilege-related issues). And Entry 3679 is an email sent to outside counsel with talking points used in previous press briefings to assist with the provision of legal advice by counsel. These documents are privileged.

**Requests for Legal Advice: Entries 2369 (PRIV-APL-EG_00172402), 1824 (PRIV-APL-EG_00166492), 1858 (PRIV-APL-EG_00166640), 11646 (PRIV-APL-EG_00266922), 11673 (PRIV-APL-EG_00267367), 3112 (PRIV-APL-EG_00182472), 7744 (PRIV-APL-EG_00225225), 12637 (PRIV-APL-EG_00279027)**

These documents all contain requests for legal advice and feedback from counsel. Entry 2369 is an email exchange in which a non-lawyer requests advice from Ms. Lew and Nicole Ewart (in-house counsel), as well as a non-lawyer (who later indicates she is "discussing" with Ms. Lew and Ms. Ewart) about how to handle certain privacy questions. Entry 1824 (and the shorter version at 1858) is an email exchange in which a non-lawyer sends a summary of questions and

open items to Mr. Cameron, Ms. Lew, and a non-lawyer for feedback and response. Entry 11646 is an email from a non-lawyer addressed to Ms. Lew and a non-lawyer seeking feedback on a summary note regarding regulatory compliance issues. Entry 11673 is an email sent by a non-lawyer to Ms. Lew, Mr. Cody, Mr. Cameron, and Sean Dillon (all in-house counsel) seeking feedback on various options for addressing different regulatory compliance issues. Entry 3112 is an email from a non-lawyer to Ms. Lew, Mr. Cameron, and Ms. Brown seeking legal advice and clarification regarding the effect of new App Store changes on different App Store programs. Entry 7744 is a draft developer-facing document sent to in-house counsel (Ms. Lew and Adil Karrar) for review and feedback. And Entry 12637 is an email exchange between Apple non-lawyers and outside counsel, in which a non-lawyer provides his thoughts (solicited by outside counsel) regarding certain proposed App Store policies to outside counsel, soliciting legal feedback.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (quotation marks omitted); *see also In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) (same). These documents all contain or comprise confidential disclosures for the primary purpose of seeking legal advice and are therefore privileged.

**Slide Decks Containing Legal Advice: Entries 2417 (PRIV-APL-EG_00095701), 3595 (PRIV-APL-EG_00187074)**

These two documents are slide decks containing substantive legal analysis or commentary. Entry 2417 is a slide deck providing an overview of Apple's compliance plan for new regulatory requirements in the Netherlands. And Entry 3595 is a deck entitled "App Store Competition," which addresses regulatory, litigation, and legislative issues relevant to the App Store, including a strategic discussion about this litigation. They are privileged as documents developed with counsel reflecting direct legal advice regarding ongoing legal and regulatory matters.

### CONCLUSION

Apple respectfully requests that the Court reverse the Order in relevant part.

Dated: May 30, 2025                                       Respectfully submitted,

By: */s/ Mark A. Perry*
Mark A. Perry
WEIL, GOTSHAL & MANGES LLP

Attorney for Apple Inc.