UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br>        *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>        *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STATUS REPORT** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

    Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint statement related to the evidentiary hearing concerning Plaintiff Epic Games, Inc.'s ("Epic") Motion to Enforce Injunction (Dkt. 897 (the "Motion")).

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP<br><br>By: */s/ Yonatan Even*<br>    Yonatan Even<br>    *Counsel for Epic Games,*<br>    *Inc.* | WEIL, GOTSHAL<br>& MANGES LLP<br><br>By: */s/ Mark A. Perry*<br>    Mark A. Perry<br>    *Counsel for Apple Inc.* |

**Epic's Position:**

Epic writes to update the Court on three points, as follows:

<u>Timeline of Objections Filings.</u>  Epic filed its final set of Objections on Wednesday, May 28, 2025.  Pursuant to the Parties' Re-Review Protocol, Apple has until today (May 30, 2025) to respond to Epic's Objections.  (*See* Dkt. 1092.)  Apple's response to the attendant administrative motion for sealing is due on June 4, 2025.  (Civ. L. R. 79-5(f)(3).)  Pursuant to Your Honor's order regarding the lodging of hard-copies of documents with the Court, Dkt. 1468, the final hard-copy binder will be lodged by no later than June 6, 2025.

<u>Unproduced Not Privileged Documents</u>:  In the objections Epic filed on April 15, 2025 (Dkt. 1456), Epic identified (in a footnote) three documents—**PRIV-APL-EG_00176512, PRIV-APL-EG_00181105 and PRIV-APL-EG_00185173**—as earlier-in-time (and thus less inclusive) versions of document PRIV-APL-EG_00181225, which was the subject of an Epic objection.  Apple, in its responses (Dkt. 1461), did not dispute this.  On May 15, 2025, the Court sustained Epic's objection to PRIV-APL-EG_00181225, finding it is not privileged.  By implication, the Court also found that the three documents identified as earlier-in-time versions of that document are likewise not privileged.  On May 19, 2025, Apple produced PRIV-APL-EG_00181225 to Epic.  Apple, however, declined to produce any of the earlier-in-time versions of this document.  And, when Epic asked Apple to explain the basis for its refusal to produce the documents, Apple stated it would not produce these documents because Apple intends to appeal Your Honor's order regarding PRIV-APL-EG_00181225 to Judge Gonzalez Rogers.  Epic believes that is an improper basis for withholding these documents.

Apple contends that "nothing" in the Re-Review Protocol requires the production of these documents before Judge Gonzalez Rogers rules on Apple's claims of privilege.  Not so.  The Protocol explicitly states that Apple must produce any documents this Court finds not to be privileged within three court days of an order finding them to be not privileged, notwithstanding Apple's intent to further appeal that order.  (Dkt. 1092 ¶ 4.c.)  Indeed, when the Parties negotiated the Protocol, Apple proposed that it would not have to produce documents this Court deems non-privileged that were subject to further appellate review.  Epic expressly rejected that proposal, notifying Apple that "Apple should not receive an automatic stay of document production following two external reviews" (that of the Special Masters and of Your Honor) and that if Apple wished to receive such a stay, "it should obtain an order directing as much from Judge Hixson or from Judge Gonzalez Rogers".  (*See* December 19, 2024 email from Apple counsel to Epic counsel at 10:34 a.m. ET and attached draft Protocol.)  Apple accepted Epic's counterproposal, resulting in the current language in Section 4.c of the Protocol, which, as noted above, requires prompt production absent a stay.  Here, Apple neither sought nor obtained a stay of its obligation to produce the documents at issue.  Apple should have produced the three earlier-in-time versions of PRIV-APL-EG_00181225 on or before May 20, 2025.[1]

---

[1] Apple's argument that these documents are "not subject to a court order of production" is wrong.  Documents produced pursuant to the Protocol are being produced subject to a court order.

<u>Outstanding Objections.</u>  As of the filing of this Status Report, pending before the Court are the Parties' objections filed after April 21, 2025.  In addition, the Court has not yet ruled on Apple's privilege claims over the following documents:

- Dkt. 1375:  Entry No. 1531 (PRIV-APL-EG_00162908);  Entry No. 1811 (PRIV-APL-EG_00166427);  Entry No. 11516 (PRIV-APL-EG_00265381)

- Dkt. 1466:  Entry No. 3680 (PRIV-APL-EG_00187813)

<u>Further Status Reports</u>:  In light of the completion of the privilege re-review and objections processes, Epic would appreciate the Court's direction on whether the Parties ought to continue providing biweekly status reports to the Court going forward.[2]  At this time, Epic does not believe a status conference before Your Honor is necessary.

**Apple's Position**:

The Special Masters' review of Apple's privilege assertions is complete, and all objections before Your Honor have been briefed.  Apple respectfully submits that no additional status reports or conferences are necessary.

With respect to the three documents identified by Epic as not having been produced by Apple, the Court did not adjudicate or order the production of such documents, which appeared only in the footnotes of Epic's objections. While Apple has agreed to produce those documents if and when its objection on PRIV-APL-EG_00181225 is denied, nothing in the Court's orders, the review protocol, or the rules requires production before then.  Epic cites to the provision of the protocol requiring production within three days of documents ruled not privileged by Your Honor, but again, this Court did not adjudicate any objection to these specific documents, and that provision accordingly does not apply.  Apple seeks only to maintain the privilege over these documents until its objection is resolved in order to limit dissemination of what it believes is privileged material, avoid any claim of waiver from having produced documents not subject to a court order of production, and reduce the administrative burden of producing and then potentially having to clawback these documents.  There is no prejudice to Epic from waiting until resolution of Apple's objection—Epic already has redacted versions of these documents and has an unredacted version of PRIV-APL-EG_00181225, which shows all of the content redacted in the earlier-in-time versions.

---

[2] Epic requested that the Parties file this status report on Thursday, May 29, based on the day of filing of prior status reports.  To that end, should the Court desire further status reports, Epic would appreciate guidance on the timing of such reports.

Respectfully submitted,

DATED: May 30, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*