UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>             Defendant. | Case No.  20-cv-05640-YGR   (TSH)<br><br>**DISCOVERY ORDER** |

The Court issues further rulings on the parties' objections to the Special Masters' privilege determinations and the related motions to seal.

**A.     ECF No. 1191 (Epic's Objections)**

For Entries 2522-2527, Apple said that it redacted portions of the parent email chains (2522 and 2525) and the Special Masters upheld the redactions.  However, the versions provided to the Court did not show what was redacted, so the Court was unable to determine if the redactions were proper.  Accordingly, in ECF No. 1242 the Court ordered Apple "to resubmit Entries 2522-2527 for in camera view within two days in a way that makes clear what was redacted."  The Court repeated that order in ECF No. 1631.  Nonetheless, Apple's notice of lodging at ECF No. 1634 still contains no indication what was redacted in the parent email chains.  The Court concludes that Apple has forfeited any claim of privilege over any portion of Entries 2522 and 2525 by disobeying two Court orders requiring it to show what redactions it was defending.  The Court does not think the attachments are privileged.  Accordingly, Epic's objections concerning Entries 2522-2527 are **SUSTAINED**.

Epic's objection concerning Entry 665 is **SUSTAINED**.

1    **B.    ECF No. 1202 (Epic's Objections)**

2    Epic's objection concerning Entry 79 is **OVERRULED**.

3    **C.    ECF No. 1213 (Epic's Objections)**

4    Epic's objections concerning Entries 1166, 1167, 1301 and 1302 are **SUSTAINED**.

5    **D.    ECF No. 1375 (Epic's Objections)**

6    Epic's objections concerning Entries 1531 and 11516 are **OVERRULED**.

7    Epic's objection concerning Entry 1811 is **SUSTAINED**.

8    The parties have resolved their dispute concerning Entries 1540 and 2133, which Apple
9    has agreed to produce.

10    **E.    ECF No. 1466 (Apple's Objections)**

11    Apple's objection concerning Entry 3680 is **OVERRULED**.

12    **F.    ECF No. 1489 (Epic's Objections)**

13    Epic's objections concerning Entries 3602 and 3607 are **SUSTAINED**.

14    Epic's objections concerning Entries 3968 and 4174 are **OVERRULED**.

15    Apple's proposed order at ECF No. 1520-3 is **GRANTED**.

16    **G.    ECF No. 1492 (Epic's Objections)**

17    Epic's objections concerning Entries 8067 and 7706 are **SUSTAINED**.

18    Epic's objections concerning Entries 8030 and 8122 are **OVERRULED**.

19    With respect to Entry 7756, the last redaction on the first page of this document is
20    appropriate, but none of the other ones are.  Apple shall produce this document with only that
21    redaction.

22    Apple's proposed order at ECF No. 1523-3 is **GRANTED**.

23    **H.    ECF No. 1494 (Epic's Objections)**

24    Epic's objections concerning Entries 4457 and 4592 are **OVERRULED**.

25    Epic's objection concerning Entry 5900 is **SUSTAINED**.

26    The parties have resolved their dispute as to Entries 4527 and 4813, which Apple agrees to
27    produce without redaction.

28    Apple's proposed order at ECF No. 1524-2 is **GRANTED**.

**I.     ECF No. 1498 (Apple's Objections)**

Apple's objection concerning Entry 4423 is **OVERRULED**.

With respect to Entry 4428, Apple may redact the sentence on the first page of this document that begins "Is it (legally) acceptable to . . ." and nothing else.  Apple shall produce this document with that one redaction.

Apple's motion to seal at ECF No. 1497 is **GRANTED**.

**J.     ECF No. 1514 (Apple's Objections)**

Apple's objection concerning Entry 5297 is **OVERRULED**.

Apple's objections concerning Entries 5471, 5472 and 5473 are **SUSTAINED**.

**K.     ECF No. 1517 (Epic's Objections)**

Epic's objections concerning Entries 4872, 5110, 5261, 5173 and 5638 are **OVERRULED**.

For Entries 5358, 5359 and 5360, Apple offers to produce them with the same redactions as in PRIV-APL-EG_00129730, if that will resolve the dispute.  The Court **ORDERS** Epic to file a response to that proposal within two days.

Epic's objections concerning Entries 5370 and 5408 are **SUSTAINED**.

Apple's proposed order at ECF No. 1547-3 is **GRANTED**.

**L.     ECF No. 1529 (Epic's Objections)**

Epic's objections concerning Entries 4193, 4303, 4830 and 8442 are **OVERRULED**.

The parties have resolved their dispute as to Entry 4455, which Apple agrees to produce without redaction.

Epic's objection concerning Entry 4702 is **SUSTAINED**.

Apple's proposed order at ECF No. 1553-3 is **GRANTED**.

**M.     ECF No. 1531 (Epic's Objections)**

The parties have resolved their dispute concerning Entry 8854, which Apple agrees to produce without redaction.

Epic's objections concerning Entries 9037, 9066 and 10101 are **OVERRULED**.

Apple's proposed order at ECF No. 1554-3 is **GRANTED**.

1  **N.    ECF No. 1545 (Epic's Objections)**

Epic's objections concerning Entries 4921 and 5334 are **OVERRULED**.

Epic's objection concerning Entry 5081 is **SUSTAINED**.

The parties have resolved their dispute concerning Entry 5339, which Apple agrees to produce without redaction.

Apple's proposed order at ECF No. 1560-3 is **GRANTED**.

**O.    ECF No. 1550 (Apple's Objections)**

Apple's objections concerning Entries 6600 and 6746 are **OVERRULED**.

Apple's proposed order at ECF No. 1549-2 is **GRANTED**.

**P.    ECF No. 1570 (Apple's Objections)**

Apple's objection concerning Entry 7469 is **OVERRULED**.

Apple's proposed order at ECF No. 1569-2 is **GRANTED**.

**Q.    ECF No. 1564 (Epic's Objections)**

The parties have resolved their dispute as to Entry 13704, which Apple agrees to produce without redaction.

Epic's objections concerning Entries 13720, 13724 and 13725 are **OVERRULED**.

Apple's proposed order at ECF No. 1606-3 is **GRANTED**.

**R.    ECF No. 1572 (Epic's Objections)**

Epic's objections concerning Entries 3323, 6890 and 7181 are **OVERRULED**.

The parties have resolved their dispute concerning Entries 8480, 7077, 7363 and 8680, which Apple agrees to produce without redaction.

Epic's objections concerning Entries 7011 and 7334 are **SUSTAINED**.

With respect to Entry 7195, Fred Sainz's February 7, 2022 email is not privileged and must be produced. The remainder of the document may be redacted. With respect to Entry 7221, Tim Sweeney's email to Phil Schiller is not privileged and must be produced. The remainder of this document may be redacted.

Apple's proposed order at ECF No. 1607-3 is **GRANTED**.

**S.     ECF No. 1588 (Epic's Objections)**

The parties have resolved their dispute concerning Entries 593 and 2021, which Apple agrees to produce without redaction.

Epic's objections concerning Entries 642, 643, 644, 2892, 2938, 1494 and 1699 are **SUSTAINED**.

Epic's objection concerning Entry 1651 is **OVERRULED**.

Apple's proposed order at ECF No. 1611-3 is **GRANTED**.

**T.     ECF No. 1608 (Epic's Objections)**

Epic's objections concerning Entries 7377, 7385, 7451, 7579, 7501 and 7689 are **OVERRULED**.

Apple's proposed order at ECF No. 1628-3 is **GRANTED**.

**U.     ECF No. 1615 (Epic's Objections)**

With respect to Entry 58, Apple may redact the next to last bolded question and the answer to that question on the third page of the document, and nothing else. Apple must produce this document with only that redaction.

With respect to Entry 60, the redactions on the first two pages are acceptable, as are the redactions on the third page through Jennifer Brown's December 9, 2023 email. The redactions after that point are improper and must be removed.

Apple's proposed order at ECF No. 1637-3 is **GRANTED**.

**V.     Whether There Are Any Remaining Objections Yet to Be Ruled on**

Except for Entries 5358, 5359 and 5360 (discussed above), the Court is under the impression that it has ruled on all of the objections to the Special Masters' privilege determinations. If either party believes that is not the case, it shall file a notice within two days specifying the items yet to be ruled on.

**IT IS SO ORDERED.**

Dated: June 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge

5