## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>   *Plaintiff, Counter-defendant,*<br><br>v.<br><br>APPLE INC.,<br><br>   *Defendant, Counterclaimant.* | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT DISCOVERY LETTER** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson,

  Pursuant to Your Honor's Discovery Standing Order, the Parties in the above-captioned action respectfully submit this joint discovery letter.

Respectfully submitted,

| | |
|---|---|
| CRAVATH, SWAINE<br>& MOORE LLP<br><br>By: */s/   Yonatan Even*<br>  Yonatan Even<br>  *Counsel for Epic Games,*<br>  *Inc.* | WEIL, GOTSHAL<br>& MANGES LLP<br><br>By: */s/   Mark A. Perry*<br>  Mark A. Perry<br>  *Counsel for Apple Inc.* |

**Apple's Position**:

In the discovery order of June 10, 2025, the Court stated that Apple had failed to submit copies of Entries 2522 and 2525 with redactions indicated as directed by the Court, and that Apple therefore had waived its privilege claims over those documents. *See* Dkt. 1641. Apple respectfully requests that the Court reconsider that ruling and decide Apple's privilege claims on the merits, because Apple timely provided the Court with the versions of the documents ruled upon by the Special Masters and twice clarified its privilege assertions over the documents.

Entries 2522 and 2525 do not have any redactions indicated on their paper copies because they were not redacted; Apple sought to withhold them in their entirety. This is indicated on the face of the documents (which are stamped "PRIV WITHHOLD") and in the privilege log entries filed by Epic in connection with its objections to the documents. *See* Dkt. 1191 (column "Redact or Withhold"). The Special Masters upheld both documents as privileged in their entirety.

In its response to Epic's objections regarding these documents, Apple incorrectly stated that "Apple redacted (and the Special Masters upheld) certain portions of these email chains." Dkt. 1204, at 3. That mistake led the Court to direct Apple to submit paper copies indicating the redacted "portions." Dkt. 1242. Apple promptly provided new paper copies in accordance with the Court's order and also delivered those copies via email on February 20, 2025. In that email, Apple advised the Court: "With respect to Entries 2522 (PRIV-APL-EG_0053805) and 2525 (PRIV-APL-EG_00053820), Apple incorrectly stated in its response that these two documents had been redacted and upheld. In fact, these two documents were withheld, and the Special Masters upheld those assertions." Following a second order from the Court regarding these documents, *see* Dkt. 1631, Apple resubmitted the paper copies to the Court and filed a public notice of lodging, *see* Dkt. 1634. In the notice of lodging, Apple stated: "Apple further clarifies that Entries 2522 (PRIV-APL-EG_00053805) and 2525 (PRIV-APL-EG_00053820) were withheld in their entirety, not redacted." *Id.*

Apple regrets that its initial filing with the Court incorrectly identified the documents as having been "redacted," but respectfully submits that in light of the fact that the documents were correctly identified as withheld in both the privilege log entries and in their document stamps, and that Apple attempted twice to correct the record, Apple should not be held to have forfeited its claims of privilege over these documents. Apple requests that the Court reconsider its order in part and rule on Apple's privilege claims as to Entries 2522 and 2525.

**Epic's Position:**

On February 10, 2025, Epic objected to Apple's assertion of privilege over Entries 2522 and 2525. (Dkt. 1191 at 3-4.) On February 12, 2025, Apple responded to Epic's objections, asserting that it had "redacted" privileged language in the documents. (Dkt. 1204 at 3.) On June 10, the Court determined Apple forfeited its privilege assertions over these documents because Apple failed to lodge with the Court copies of the documents clearly marking the language Apple sought to redact (Dkt. 1641)—despite explicit Court Orders requiring Apple to provide such markings. (Dkt. 1242.) Apple now claims it did not forfeit its privilege claims because it had previously sent an explanatory email to the Court advising the Court that Apple's responses (Dkt. 1204) referred to redactions by error, and then further stated in its notice of re-lodging (Dkt. 1634) that "Entries 2522 (PRIV-APL-EG_00053805) and 2525 (PRIV-APL-

EG_00053820) were withheld in their entirety, not redacted". Epic was unaware of Apple's *ex parte* explanatory email to the Court until this Joint Discovery Letter and is unfamiliar with its content. Epic therefore takes no position on whether or not Apple forfeited its privilege assertions over the documents. Regardless, Epic maintains that the documents are not privileged and should not be withheld, for the reasons stated in Epic's Objections at Dkt. 1191.

    Respectfully submitted,

DATED: June 13, 2025

CRAVATH, SWAINE & MOORE LLP
By: */s/ Yonatan Even*
*Counsel for Plaintiff Epic Games, Inc.*

WEIL, GOTSHAL & MANGES LLP
By: */s/ Mark A. Perry*
*Counsel for Defendant Apple Inc.*