DANIEL G. SWANSON, SBN 116556
　dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
　crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
　jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
　mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
　joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
　morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　Plaintiff, Counter-Defendant<br><br>　v.<br><br>APPLE INC.,<br><br>　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S MOTION FOR RELIEF FROM A NONDISPOSITIVE PRE-TRIAL ORDER OF A MAGISTRATE JUDGE**<br><br>The Honorable Yvonne Gonzalez Rogers |

Pursuant to Federal Rule 72(a) and Local Rule 72-2, Apple Inc. ("Apple") respectfully requests that this Court reverse in part Magistrate Judge Hixson's order ("Order") of June 10, 2025 (Dkt. 1641), which overruled certain of Apple's privilege assertions over documents reviewed by the Special Masters and appealed by one of the parties to Judge Hixson pursuant to the Privilege Re-Review Protocol. *See* Dkt. 1092 ¶ 4. A district judge must set aside any part of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Respectfully, several of Judge Hixson's rulings were contrary to law and/or clearly erroneous.[1]

Apple reiterates that it preserves for appeal its contention that the primary purpose test, as applied by the Ninth Circuit in *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), is not the proper test for determining attorney-client privilege and that the Court should instead apply the D.C. Circuit's formulation. *See* Dkt. 1193, at 1. Even under the formulation of "the" primary purpose test applied in *In re Grand Jury*, however, several of Judge Hixson's rulings were contrary to law.

**Documents Containing Express Legal Advice from Attorneys: 1166 (PRIV-APL-EG_00081510), 1167 (PRIV-APL-EG_00081528)**

These documents contain express legal advice on their face and are privileged for that reason. *See Labbe v. Dometic Corp.*, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Specifically, Entry 1166 is an email exchange among Kyle Andeer (in-house counsel) and several non-lawyers regarding a draft economic study from a third party, which the context shows was created in significant part as a response to regulatory action. Mr. Andeer provides substantive feedback on the study, which is then incorporated into the document. Entry 1167 is the economic study itself and is privileged because it contains and reflects the direct feedback of Mr. Andeer on the email chain, whose comments comprise legal advice.

**Documents Relaying Legal Advice: Entries 5408 (PRIV-APL-EG_00203226), 7469 (PRIV-APL-EG_00223363), 4702 (PRIV-APL-EG_00197335)**

---

[1] Consistent with the protocol, Apple has produced the documents identified in this submission to Epic. Dkt. 1092 ¶ 4(c). That production pursuant to a court order did not effect a waiver. *See Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978).

These documents are privileged because they relay legal advice obtained from lawyers in other communications. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016). Entry 5408 is an email exchange related to certain developer-facing terminology for new App Store features arising from regulatory developments. The email discloses information about Apple's approach to certain open questions and indicates that the approach had been reviewed by external counsel, therefore disclosing the content of legal advice. Entry 7469 is a Slack message thread among various non-lawyers regarding workstreams related to new App Store features arising from regulatory developments. The only redacted portion is a statement from a non-lawyer describing the legal advice received in a meeting with counsel regarding certain workstreams. And Entry 4702 is an email exchange among various non-lawyers regarding a blog post from a competitor; the redacted content discusses advice from Kate Adams (General Counsel) regarding a response to false statements in the blog post.

**Information Prepared at the Direction of or in Coordination with Counsel: Entries 642 (PRIV-APL-EG_00012488), 643 (PRIV-APL-EG_00012501), 644 (PRIV-APL-EG_00012502), 2892 (PRIV-APL-EG_00062521), 2938 (PRIV-APL-EG_00063590), 1699 (PRIV-APL-EG_00042478), 8067 (PRIV-APL-EG_00229528)**

These documents contain information obtained or prepared at the direction of or in coordination with counsel in the course of providing legal advice and are therefore privileged. *See FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 30 (D.D.C. 2016). Entries 642, 643, and 644 are spreadsheets of various data related to developers and the App Store. The parent email (PRIV-APL-EG_00012463) and related messages (PRIV-APL-EG_00012485, PRIV-APL-EG_00012489, PRIV-APL-EG_00012503, PRIV-APL-EG_00012522) show that the data was retrieved at the direction of in-house counsel (Brendan McNamara, Martin Gudmundsson, and Luca Villani) in connection with the preparation of a submission to the European Commission regarding various regulatory issues. Entries 2892 and 2938 similarly are spreadsheets of data related to the App Store. Although these spreadsheets were obtained at the direction of an economic consultant (PRIV-APL-EG_00062509), the context shows that the work was being done in close coordination with in-house counsel (Soolean Choy, Sean Dillon, and Rachel Flipse) for the

purpose of preparing a submission to a foreign regulator (PRIV-APL-EG_00063578). Entry 1699 is a spreadsheet containing a sensitivity analysis prepared at the express direction of counsel and sent to in-house counsel (Sean Dillon, Sean Cameron, Kyle Andeer, and Doug Vetter) for review, as shown in the parent email, PRIV-APL-EG_00042469. And Entry 8067 is an email between outside consultants at Analysis Group, outside counsel (Cynthia Richman), in-house counsel (Ling Lew), and various non-lawyers. The redacted content consists of information developed by Analysis Group at the direction of counsel and comments related thereto. These documents are privileged.

**Requests for Legal Advice and Materials Provided for the Purpose of Obtaining Legal Advice: Entries 1301 (PRIV-APL-EG_00082600), 5900 (PRIV-APL-EG_00208165), 58 (APL-EG_11573531), 60 (PRIV-APL-EG_00065503), 3680 (PRIV-APL-EG_00187813)), 3607 (PRIV-APL-EG_00187176), 6600 (PRIV-APL-EG_00215290), 1166 (PRIV-APL-EG_00081510), 1167 (PRIV-APL-EG_00081528)**

These documents all contain requests for legal advice from counsel or other confidential information provided to counsel for the purpose of obtaining legal advice.

Several documents contain materials sent to counsel in order to solicit legal feedback. Entry 1301 is an email among non-lawyers outlining a draft regulatory and communications strategy for new developments in Japan that was prepared for review by Mr. Andeer and Mr. Dillon (in-house counsel). Entry 5900 is an email soliciting feedback from Mr. Cameron and Ms. Lew (in-house counsel) on a draft of the new developer Guidelines. Entry 60 is an email exchange in which a non-lawyer circulates for feedback a draft communications document to Jennifer Brown (in-house counsel) and a non-lawyer, and Ms. Brown provides legal feedback in response. Entry 58 is a related email in which a non-lawyer copies and pastes the conversation from Entry 60 into an email to another non-lawyer, and it is therefore privileged for the same reason.[2] And Entries 1166 and 1167 are privileged for the reasons discussed above (*see supra* p. 1), but also are privileged because they contain material sent to legal counsel (Mr. Andeer) for the purpose of securing legal advice.

---

[2] Magistrate Judge Hixson upheld certain redactions to Entries 58 and 60 covering feedback from Ms. Brown on the document and a reference to pending legal advice.

Other documents contain materials or information provided to counsel in order to obtain legal advice or otherwise disclose the subject of a request for legal advice. Entry 3680 is a document containing talking points drafted in the context of the underlying merits trial in this litigation, responding to certain arguments raised by Epic. In the parent email (PRIV-APL-EG_00187811), the document is sent to external counsel for the purpose of assisting counsel in providing legal advice. Entry 3607 is an email regarding a media inquiry relating to the evidentiary proceeding in this litigation, and the redacted language discloses an intent to seek legal advice on a topic. And Entry 6600 is an email among members of a working group related to regulatory developments in the European Union discussing the content of upcoming meetings with legal counsel regarding those developments, thereby disclosing the content of a request for legal advice.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (quotation marks omitted); *see also In re Meta Healthcare Litig.*, 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024) (same). These documents all contain or comprise confidential disclosures for the primary purpose of seeking legal advice and are therefore privileged.

**Slide Deck Containing Legal Advice: Entries 4423 (PRIV-APL-EG_00194000)**

Entry 4423 is a slide deck entitled "App Store – Legal and Regulatory / Trust and Safety: M1 Replan." The deck consists of a series of charts tracking progress on various projects related to new regulatory requirements, including in the European Union. Throughout the deck, there are references to discussions with legal. The content of the deck makes clear that it is focused on Apple's workstreams regarding its *compliance* with these regulatory requirements, and the discussion of legal advice received from counsel confirms that the primary purpose of the deck is to discuss Apple's progress on the legal aspects of its compliance work. The deck is therefore privileged as a document reflecting direct legal advice regarding ongoing regulatory matters.

## CONCLUSION

Apple respectfully requests that the Court reverse the Order in relevant part.

| | |
|---|---|
| Dated: June 24, 2025 | Respectfully submitted, |
| | By: */s/* *Mark A. Perry*<br>Mark A. Perry<br>WEIL, GOTSHAL & MANGES LLP |
| | Attorney for Apple Inc. |