Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br>　　　　　Plaintiffs,<br><br>*vs*.<br><br><br>APPLE, INC.<br>　　　　　Defendant. | Case No. 4:20-cv-5640-YGR<br><br><br><br>DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES AND FOR EXPEDITED STAY PENDING RESOLUTION |
| THIS DOCUMENT RELATES TO:<br>*Coronavirus Reporter et al. v. Apple*, No 3:24-cv-8660-EMC<br>*Proton AG v. Apple*, No. 3:25-cv-5450-SK | Place: 1-4th Floor<br><br>The Honorable Yvonne Gonzalez Rogers |

**DECLARATION OF KEITH ALLEN MATHEWS**
**IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES**

*(Civil L.R. 3-12 & 7-11)*

1. I am counsel for Plaintiff Coronavirus Reporter Corporation in *Coronavirus Reporter Corp. v. Apple Inc.*, No. 3:24-cv-08660-EMC ("CRC", "*CR II*"). I submit this declaration to satisfy Civil L.R. 7-11(a) and to amplify key facts supporting relation of *CR II* and *Proton AG v. Apple Inc.* ("*Proton*") to *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR ("*Epic*"), or, in the alternative, to *Cameron v. Apple Inc.*, No. 4:19-cv-03074-YGR ("*Cameron*").

2. Greenflight Venture Corporation ("Greenflight"), developer of the paid, once top-ranked *Caller-ID* app for over a decade, is now a named plaintiff in CR II. Greenflight was not a party in *Coronavirus Reporter I* ("CR I") and could not have been represented by Dr. Jeffrey Isaacs in that case.

3. According to the Cameron Settlement Notice (ECF 376-2), the final opt-out deadline was May 20, 2022, seven months after Judge Chen dismissed *CR I* in November 2021. Greenflight filed a timely opt-out, preserving its claims.

4. Apple has stated and DPLA rules dictate that CALID Inc was the "developer of record" for the Coronavirus Reporter apps. Calid's apps included paid functionality for over a decade. Calid also filed a timely opt-out from Cameron. Thus Calid and Greenflight (and arguably by privity, Coronavirus Reporter Corp) are all *Cameron* opt-outs—no different from the *Korean Publishers* or *Proton*.

5. Opt-outs keep a fresh right to sue -- even if the related plaintiffs once lost on Rule 12(b)(6). Rule 23(c)(3)(B) specifies that a class judgment binds only members who remain in the class. The Supreme Court has twice emphasized that a litigant who opts out is free to pursue her own case: *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008) (citing deep-rooted historic tradition and rule that one is not bound by a judgment when she is not a party); *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) (Rule 23 guarantees an opt-out the opportunity to press his own, individual claim). Likewise, *In re Chinese-Manufactured Drywall Litig.*, 424 F. Supp. 3d 456, 497 (E.D. La. 2019) held that a timely opt-out retains the full right to pursue claims notwithstanding prior dismissals. The Second Circuit describes Rule 23 gives each opt-out an independent day in court. *In re Payment Card Interchange Fee Antitrust Litig., 827 F.3d 223, 230 (2d Cir. 2016).*

6. Opt-Out Status gives this Court the clear authority to hear the claims notwithstanding *CR I's* Prior 12(b)(6) Dismissal. Rule 23's opt-out mechanism was created precisely so that a party can press an independent case. Once Greenflight and Calid filed timely exclusions from the *Cameron* settlement, they stepped outside the preclusive force of that judgment and reacquired a full right to litigate 'as if no class action had ever been filed.' That fresh start necessarily includes the right to invoke Civil L.R. 3-12 and ask that their now independent action be related to *Cameron/Epic*, the acknowledged center of gravity for App Store antitrust litigation. To the extent Apple responds that the August 2021 dismissal of CR I permanently bars every later claim we might bring, that position is untenable for several reasons. CR I was dismissed for "failure to plead a relevant market" and "futility of amendment," yet this Court later certified **Cameron** -- over Apple's opposition -- on an similar Section 2 market definition. Certification is found that the pleadings did state a viable claim. Moreover, the Court can find that Proton's filing, and the DOJ's filing which survived a 12(b)(6) last week, serves as evidence, if not binding authority, that Plaintiff's ability to state a

claim is not futile. Under basic principles of intradistrict comity, the *Cameron* class certification ruling, not the earlier CR I dismissal, controls when the two conflict. Rule 23(c)(3)(B) prohibits using *any* prior class-member ruling to clip an opt-out's new wings.  If the CR I court's Rule 12 ruling were allowed to override this Court's class certification finding, an opt-out would be worse off than a stay-in (and obviously Apple won't argue that Plaintiffs could not have opted-in to Cameron), turning Rule 23 on its head and chilling the very exit right Congress designed. Moreover, if Apple is correct, two courts in the same district would simultaneously apply opposite market definitions to the same App Store conduct, an administrative impossibility.  L.R. 3-12 exists to prevent that absurdity by centralizing cases that "substantially overlap."  Relation therefore is not a discretionary courtesy; it is the only way to avoid conflicting judgments. For these reasons, the prior 12(b)(6) ruling cannot bar relation or deprive opt-outs of their independent day in court.

7. A brief stay is therefore warranted while the Court confirms Plaintiffs' opt-out status and its implications, which require due consideration, so that should an appeal follow, the record will contain a clear District Court determination that Greenflight and Calid were valid *Cameron* opt-outs whose claims fall outside any preclusion arising from CR I's Rule 12(b)(6) dismissal.

8. Greenflight and Calid filed valid exclusions before the Cameron settlement's May 2022 deadline, even though CR I had been dismissed the previous year.  Under Rule 23 and the authorities above, their tying, censorship, and retaliation claims are not precluded by CR I and must be heard on the merits.  Stripping those opt-outs of a forum would nullify the safeguard Rule 23(c)(3)(B) was designed to provide.

9. In 2021, Apple itself moved to relate *CR I* to Cameron, improperly using a procedural rule only permitted for federal judges. Judge Chen, *sua sponte*, transferred the relation question to this Court. Having taken that position, Apple is judicially estopped from now opposing relation on pre-2021 conduct. *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001). Judicial estoppel does not apply to Greenflight; it was never a party in CR I.

10. Apple now seeks a nationwide injunction in CR II labeling Dr. Robert Roberts and Dr. Jeffrey Isaacs vexatious for, literally, opting-out of Cameron. This Court has unambiguous authority over this entire matter, unless Apple were to argue that Greenflight never was placed on the opt-out list, which would be false.

11.  I implore this Honorable Court therefore to relate the matters and put an end to Apple's unconscionable oppression of our small team of petitioners. Dr. Roberts's MBCK enzyme discovery, which directly laid the foundation to today's Troponin test, helped cut U.S. heart-attack deaths by ~90 percent. Dr. Isaacs has endured a five-year gag order (and another ten-year order in another matter) from Apple's counsel that still bars him from sending a shareholder petition (Exh. B) to Apple's board.

12. Apple's sanctions motion flips its own story: it once said Dr. Roberts had no role in CR I; now it claims he did. Apple barred Dr. Isaacs from routine pro se service in CR I; now it says he was a full pro se party whose loss binds Greenflight. Plaintiffs' cross-motion alleges this pattern is fraud on the court.

13. CR II incorporates the DOJ's March 2024 antitrust complaint verbatim and pleads Apple's malicious non-compliance with the Epic UCL injunction -- issues Judge Chen never reached. A sanctions hearing and a motion for reconsideration (due in two weeks) make timing urgent; an administrative stay is requested until relation is decided to preserve the rights of these related cases.

14. I am a sole New Hampshire practitioner. I was the first lawyer -- certainly the first smalltown lawyer -- to plead the per se tie between iPhone hardware and Apple's App Store/notarization gate as a Sherman market in and of itself. Apple called that theory frivolous. *Proton's* June 2025 class complaint, drafted by the esteemed Quinn Emanuel law firm, now pleads the same theory almost verbatim. Apple's sanctions bid therefore attempts to bankrupt me (and stigmatize a national hero in medicine) for advancing an argument that leading antitrust counsel have since embraced, which itself warrants relation, let alone sanctions.

15. A California Litigation Journal recently described the Apple-CR dispute as "bitter." This Court has managed bitter Apple/developer battles before, ruling both for Apple (Epic DPLA breach) and against Apple (Epic injunction and contempt). No other court has that balanced experience. I have full confidence that if I am required to go through the sanctions process, which I should not be, had it been properly stayed under California anti-SLAPP statutory law, I will be in front of the most informed court on this subject.

16. Because Greenflight and Calid are undisputed *Cameron* opt-outs, because *Proton* and *Korean Publishers* raise identical developer claims, and because Apple's App Store-to-iPhone tying, notarization, and retaliation issues overlap entirely, it would be inconsistent to relate *Proton* and *Korean* suits to *Epic* yet leave *CR II* behind. Relating *CR II* (with Greenflight and Calid) to Epic (or, alternatively, to *Cameron*) will ensure coherent, efficient resolution of these developer opt-out claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of July, 2025 at Manchester, NH.

Respectfully Submitted,

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

## CERTIFICATE OF SERVICE

I, Keith A. Mathews, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to the action. I hereby certify that on July 8, 2025, I served the following document(s):

DECLARATION OF KEITH A. MATHEWS IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES

via the CM/ECF System to the parties who are registered participants of the CM/ECF System in this case, and via Electronic Mail to counsel of record for all parties in *Proton AG v. Apple* and this lawsuit, *Coronavirus Reporter v. Apple.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8th, 2025 at Manchester, New Hampshire.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105