PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JASON C. LO, SBN 219030
jlo@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff, Counter-defendant,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR-TSH<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING UNRESOLVED MOTIONS FOR RELIEF**<br><br>Courtroom: 1, 4th Floor<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

WHEREAS, on December 23, 2024, the Court entered the Joint Stipulation and Order Approving Privilege Re-Review Protocol (the "Protocol") (Dkt. 1092) regarding the review and adjudication of various privilege assertions made by Apple Inc. ("Apple") in this post-judgment proceeding;

WHEREAS, the Protocol establishes that a panel of three Special Masters will review documents withheld or redacted by Apple for privilege;

WHEREAS, the Protocol establishes that the parties may file objections to Special Master determinations with Magistrate Judge Hixson within four court days from the issuance of such determinations;

WHEREAS, the parties each filed numerous such objections pursuant to the Protocol;

WHEREAS, Magistrate Judge Hixson ruled on all of the parties' timely objections in orders issued January 28, 2025 (Dkt. 1139), January 31, 2025 (Dkts. 1150, 1157), February 13, 2025 (Dkt. 1209), February 18, 2025 (Dkts. 1242, 1251), February 20, 2025 (Dkt. 1264), May 15, 2025 (Dkt. 1562), May 16, 2025 (Dkt. 1567), May 30, 2025 (Dkt. 1629) and June 10, 2025 (Dkt. 1641);

WHEREAS, Federal Rule of Civil Procedure 72(a) permits parties to file motions seeking relief from an order of a Magistrate Judge within 14 days of being served with a copy of the order;

WHEREAS, the parties have each filed motions seeking relief from some or all of the above rulings of Magistrate Judge Hixson, on February 11, 2025 (Dkt. 1193), February 14, 2025 (Dkt. 1221), February 27, 2025 (Dkt. 1285), March 4, 2025 (Dkts. 1298, 1305), May 29, 2025 (Dkts. 1618, 1622), May 30, 2025 (Dkt. 1625), and June 24, 2025 (Dkt. 1647) (collectively, the "Unresolved Motions");

WHEREAS, the Court has indicated that it may issue substantive rulings on the Unresolved Motions but has not done so as of the date of this stipulation;

WHEREAS, the Court issued an order on April 30, 2025 disposing of several other pending motions, including Epic Games, Inc.'s Motion to Enforce Injunction (Dkt. 1508);

WHEREAS, Apple filed a timely appeal from the Order of April 30, 2025 (Dkt. 1521), which is pending before the Ninth Circuit;

WHEREAS, Apple has raised in that appeal certain issues related to the Court's reliance on documents Apple contends were privileged, the resolution of which may affect the Unresolved Motions;

WHEREAS, Apple stated in its opening brief on appeal: "Once the district court finally resolves all privilege issues, Apple intends to file a separate appeal challenging the court's privilege rulings." USCA No. 25-2935, Dkt. 59-1 at 62 n.6;

WHEREAS, Apple intends to pursue such an appeal regardless of the Ninth Circuit's disposition of the pending appeal;

WHEREAS, Apple does not waive and explicitly reserves any arguments it may have in support of such additional appeal, including but not limited to arguments as to its timeliness; and

WHEREAS, Epic does not waive and explicitly reserves any arguments it may have in opposition to such additional appeal, including but not limited to arguments as to its timeliness;

**THEREFORE, IT IS STIPULATED AND AGREED THAT**:

1. Pursuant to agreement of the parties and the inherent power of the Court, decision on the Unresolved Motions is stayed pending the Ninth Circuit's decision in Apple's appeal from the Order of April 30, 2025. The provision in Local Rule 72-2(d) that some motions are deemed denied after the passage of time does not apply to the Unresolved Motions.

2. Within two weeks of the Ninth Circuit's decision, either party may withdraw any portion of its respective Unresolved Motions or submit supplemental authority relevant to those Motions based on the Ninth Circuit's decision.

3. Nothing herein shall be construed as a waiver of the opportunity to respond to any Unresolved Motions by the party opposing such a motion. If the Court wishes to receive responses to the Unresolved Motions, it shall establish a schedule for such responses, or order the parties to agree on such a schedule, if necessary after the Ninth Circuit's decision.

4. Nothing herein shall be construed to prejudice either party's right to appeal from the Court's ruling(s) on any Unresolved Motions following the Ninth Circuit's decision, nor shall anything herein be construed to prejudice in any way either party's arguments on any ground in opposition to any such appeals.

DATED: July 24, 2025

By:  /s/ *Yonatan Even*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Dated: July 24, 2025

By:   /s/ *Mark A. Perry*

**WEIL, GOTSHAL & MANGES LLP**
Mark A. Perry (SBN 212532)
mark.perry@weil.com
Joshua M. Wesneski (D.C. Bar No. 1500231; *pro hac vice*)
joshua.wesneski@weil.com
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

**GIBSON, DUNN & CRUTCHER LLP**
Daniel G. Swanson (SBN 116556)
dswanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Cynthia E. Richman (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539

Julian W. Kleinbrodt (SBN 302085)
jkleinbrodt@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO THE FOREGOING STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated:_____

_____
HON. YVONNE GONZALEZ ROGERS

**E-FILING ATTESTATION**

I, Mark Perry, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Mark A. Perry*
Mark A. Perry