THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
  mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
  joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
  morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)
  mark.pinkert@weil.com
KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)
  katie.black@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

Attorneys for Defendant APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.<br><br>  Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>  Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

Category 1: Apple's Request As To Information That Reflects Its Competitively Sensitive Internal Billing Policies, Processes, And Systems ........................................................................................ 2

Category 2: Apple's Request As To Information That Reflects Apple's Financial Information Relating To Costs Expended By Apple In The *Epic* Litigation And *Cameron* And *Pepper* Litigation ........................................................................................................................................... 3

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to Seal its Reply In Support of Apple's Motion for Entry of Judgment on its Indemnification Counterclaim (the "Motion") and concurrently filed declarations.

2. A party seeking to seal information must exhibit "compelling reasons" to overcome the "strong presumption in favor of access." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). These "compelling reasons" must be "supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosures." *Id.* at 1178–79 (citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

3. Apple operates in an intensely competitive marketplace. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. The Court has "broad latitude" "to prevent disclosures of materials for many types of

---

[1] Courts in this District and in the Ninth Circuit routinely grant motions to seal on the basis of declarations of counsel. *See, e.g.*, *in re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *VCisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. Apple has carefully reviewed its Reply in Support of Apple's Motion for Entry of Judgment on its Indemnification Counterclaim (the "Reply"), the supplemental declaration of Mark Rollins (the "Rollins Supplemental Declaration"), and the declaration of Mark A. Perry (the "Perry Declaration"), and now proposes only those redactions and requests to fully seal documents that are essential.

6. Specifically, Apple seeks to seal information from only two categories of confidential information: (1) competitively sensitive, non-public billing policy information revealing Apple's internal processes and systems for conducting litigation and managing vendor billing; and/or (2) competitively sensitive, non-public financial information regarding Apple's aggregate costs for the *Epic* litigation.

**<u>Category 1</u>: Apple's Request as to Information that Reflects its Competitively Sensitive Internal Billing Policies, Processes, and Systems**

7. Apple first seeks to seal information regarding its confidential, internal billing policies, which reflect Apple's strategy and systems for conducting litigation and managing its vendors. Apple has narrowly tailored its sealing request so as to maximize the public's access to court documents without jeopardizing Apple's business interests.

8. Public disclosure of this information, which Apple intended to keep confidential, could put Apple at a competitive disadvantage and thus cause economic harm, because it would reveal Apple's proprietary inner billing processes and how it works with its vendors.

9. Below is a chart detailing the specific portions of the Reply and Rollins Supplemental Declaration that are sealable under this category for the reasons explained herein, as well as in the Motion.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| 10:4 | Reply | Reflects information regarding Apple's confidential, internal billing policies and procedures. |
| 10:6 | Reply | Reflects information regarding Apple's confidential, internal |

| | | billing policies and procedures. |
|---|---|---|
| 10:7–8 | Reply | Reflects information regarding Apple's confidential, internal billing policies and procedures. |
| 1:14–15 | Rollins Supplemental Declaration | Reflects information regarding Apple's confidential, internal billing policies and procedures. |
| 1:17–21 | Rollins Supplemental Declaration | Reflects information regarding Apple's confidential, internal billing policies and procedures. |
| 2:3–4 | Rollins Supplemental Declaration | Reflects information regarding Apple's confidential, internal billing policies and procedures. |
| 2:6 | Rollins Supplemental Declaration | Reflects information regarding Apple's confidential, internal billing policies and procedures. |
| 2:9 | Rollins Supplemental Declaration | Reflects information regarding Apple's confidential, internal billing policies and procedures. |

**Category 2: Apple's Request as to Information that Reflects Apple's Financial Information Relating to Costs Expended by Apple in the *Epic* Litigation and the *Cameron* and *Pepper* Litigation**

10.     Second, Apple seeks to seal competitively sensitive, non-public financial information regarding Apple's aggregate costs for the *Epic* litigation and the *Cameron* and *Pepper* litigation,[2] which, if disclosed, would provide competitors with an unfair advantage against Apple. Apple has narrowly tailored its sealing request so as to maximize the public's access to court documents without jeopardizing Apple's business interests, or that of its vendors.

11.     Below is a chart detailing the specific portions of the Reply and Rollins Supplemental Declaration that are sealable under this category for the reasons explained herein, as well as in the Motion.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| 10:8–9 | Reply | Reflects non-public financial information regarding Apple's aggregate costs for its litigation expenses in the *Cameron* and *Pepper* |

---

[2] *Donald Cameron v. Apple Inc.*, 4:19-cv-3074-YGR (*Cameron*) and *In Re Apple iPhone Antitrust Litigation*, 4:11-cv-6714-YGR (*Pepper*).

DECLARATION OF MARK A. PERRY ISO APPLE INC.'S MOTION TO SEAL    3    CASE NO. 4:20-CV-05640-YGR

| | | |
|---|---|---|
| | | litigation. |
| 1:22 | Rollins Supplemental Declaration | Reflects non-public financial information regarding Apple's aggregate costs for its litigation expenses in the *Cameron* and *Pepper* litigation. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of March 2024, in Washington, D.C.

Dated: March 1, 2024                                Respectfully submitted,


                                                    By: */s/ Mark A. Perry*
                                                          Mark A. Perry