| | |
|---|---|
| DANIEL G. SWANSON, SBN 116556<br>   dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>   crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>   jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>   mark.perry@weil.com<br>JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)<br>   joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>MORGAN D. MACBRIDE, SBN 301248<br>   morgan.macbride@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>Redwood Shores Pkwy, 4th Floor<br>Redwood Shores, CA 94065<br>Telephone: 650.802.3044<br>Facsimile: 650.802.3100<br><br>MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)<br>   mark.pinkert@weil.com<br>KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)<br>   katie.black@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Telephone: 305.577.3100<br>Facsimile: 305.374.7159 |

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>The Honorable Yvonne Gonzalez Rogers |

Case 4:20-cv-05640-YGR Document 1364-11 Filed 04/82/25 Page 2 of 4

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple. I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I have also reviewed the Declaration of Alex Roman in Support of Apple's Opposition to Epic Games Inc.'s Motion to Enforce (the "Roman Declaration"), attesting to the confidentiality of the information that Apple has requested be sealed. Roman Decl. ¶¶ 29–31. I submit this declaration in support of Apple's Administrative Motion to Seal (the "Motion").[1]

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, confidential pricing information and analysis, confidential research and development, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive marketplace. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its information.

4. Apple has carefully reviewed its Opposition to Epic Games, Inc.'s Motion to Enforce Injunction (the "Opposition") and the Roman Declaration, as well as Exhibit 1 to the Roman Declaration, and now proposes to seal the documents and information that, if disclosed, could harm Apple's competitive business interests. Specifically, Apple seeks to seal in full Exhibit 1 of the Roman Declaration, along with redacted portions of the Opposition and the Roman Declaration.

---

[1] Although Apple has submitted the Roman Declaration as well, courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013).

5.  Apple seeks to seal this information because disclosure of this competitively-sensitive pricing research, analysis, and decision-making, which Apple intended to keep confidential, could put Apple at a competitive disadvantage and thus cause it economic harm. Public disclosure would reveal Apple's internal decision-making regarding financial analyses and pricing, which could be used by competitors to gain an unfair competitive advantage over Apple.

6.  Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests.

7.  In addition to the entirety of Exhibit 1 to the Roman Declaration (Dkt. No. 916-7), below is a chart detailing the specific portions of the Opposition and Roman Declaration that are sealable for the reasons explained herein, as well as in Apple's Motion.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| 6:21–7:6 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 9:7–8 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 10:11–13 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 13:9–14:4 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 14:13–14 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 15:26–16:1 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 26:11–12 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 28:23–25 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 29:2 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 29:8 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |

| | | |
|---|---|---|
| 29:27–30:1 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 32:14–16 | Opposition (Dkt. No. 915) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 2:12–13 | Roman Declaration (Dkt. No. 916-6) | Reflects information regarding Apple's financial analysis and pricing decisions. |
| 2:16–7:2 | Roman Declaration (Dkt. No. 916-6) | Reflects information regarding Apple's financial analysis and pricing decisions. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of April 2024, in Washington, D.C.

Dated: April 12, 2024                                    Respectfully submitted,


                                                        By: */s/ Mark A. Perry*
                                                              Mark A. Perry