DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
   crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

JULIAN W. KLEINBRODT, SBN 302085
   jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
   mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No. 1500231; *pro hac vice*)
   joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
   morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

MARK I. PINKERT (Fla. Bar No. 1003102; *pro hac vice*)
   mark.pinkert@weil.com
KATHERINE G. BLACK (Fla. Bar No. 1031465; *pro hac vice*)
   katie.black@weil.com
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: 305.577.3100
Facsimile: 305.374.7159

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF SEALING**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Hearing Date: May 8, 2024 (noticed date)<br>Hearing Time: 8:30 AM<br>Courtroom 1, 4th Floor |

I, Mark A. Perry, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, would testify competently thereto. I have reviewed Epic Games, Inc.'s ("Epic") Reply Memorandum in Support of Epic's Motion to Enforce Injunction (the "Reply") (Dkt. No. 923), as well as the Declaration of Ned S. Barnes, CPA (the "Barnes Declaration") (Dkt. No. 921-1). I have also reviewed the Declaration of Alex Roman in Support of Apple's Opposition to Epic Games Inc.'s Motion to Enforce (Dkt. No. 916-6) (the "Roman Declaration"), attesting to the confidentiality of the information that Apple has requested be sealed. Roman Decl. ¶¶ 29–31. I have reviewed Plaintiff's Amended Administrative Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Civil Local Rule 79-5 (the "Administrative Motion") (Dkt. No. 926), which regards the same competitively-sensitive information designated by Apple. I understand that Epic has not opposed Apple's Administrative Motion to Seal (Dkt. No. 916). I submit this declaration in support of Apple's Statement in Support of Sealing (the "Statement").

2. I am aware that the law of this Circuit allows information to be filed under seal for good cause or in certain compelling circumstances. I also understand that courts routinely seal filings where documents include a company's trade secrets, confidential pricing information and analysis, confidential research and development, or other commercially sensitive information. I understand that this Court has broad latitude to prevent the public disclosure of these categories of commercially sensitive information.

3. Apple operates in an intensely competitive marketplace. Apple has serious and legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive information in order to gain competitive advantage. As such, Apple takes extensive measures to protect

---

[1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*, No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013). If the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

the confidentiality of its information.

4. Consistent with Epic's designations in the Administrative Motion, Apple proposes to seal the documents and information that, if disclosed, could harm Apple's competitive business interests. Specifically, Apple seeks to seal in full the Barnes Declaration, along with redacted portions of the Reply.

5. Apple seeks to seal this information because disclosure of this competitively-sensitive pricing research, analysis, and decision-making, which Apple intended to keep confidential, could put Apple at a competitive disadvantage and thus cause it economic harm. Public disclosure would reveal Apple's internal decision-making regarding financial analyses and pricing, which could be used by competitors to gain an unfair competitive advantage over Apple.

6. Apple has narrowly-tailored its sealing request so as to maximize the public's access to court documents without jeopardizing Apple's business interests.

7. In addition to the entirety of the Barnes Declaration, below is a chart detailing the specific portions of the Reply that are sealable for the reasons explained herein, as well as in Apple's Statement.

| Document Title | Portion of Document Sought to be Sealed | Reason to Seal |
|---|---|---|
| Reply | Page 1, line 23 through Page 1, line 24; between "(Dkt. 812 at 163)" and "Apple's non-compliance". | Reflects information regarding Apple's financial analysis and pricing decisions. |
| Reply | Page 4, line 3 through Page 5, line 15; between "given no weight" and "The Declaration of". | Reflects information regarding Apple's financial analysis and pricing decisions. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of April 2024, in Redwood Shores, California.

Dated: April 30, 2024                                    Respectfully submitted,

By: */s/ Mark A. Perry*

Mark A. Perry