| | |
|---|---|
| RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JASON C. LO, SBN 219030<br>  jlo@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>CYNTHIA E. RICHMAN, D.C. Bar No. 492089; *pro hac vice*<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>JULIAN W. KLEINBRODT, SBN 302085<br>  jkleinbrodt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | MARK A. PERRY, SBN 212532<br>  mark.perry@weil.com<br>JOSHUA M. WESNESKI, D.C. Bar No. 1500231; *pro hac vice*<br>  joshua.wesneski@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202.682.7000<br>Facsimile: 202.857.0940<br><br>**Attorneys for Defendant APPLE INC.** |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>    Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>    Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR<br><br>**DECLARATION OF CYNTHIA RICHMAN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>The Honorable Yvonne Gonzalez Rogers<br>Courtroom 1, 4th Floor |

I, Cynthia Richman, hereby declare as follows:

1. I am an attorney licensed to practice in the District of Columbia and am admitted to practice *pro hac vice* in this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case.

2. I am personally familiar with Apple's treatment of proprietary and confidential information and its public relations activities based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple submits this declaration in support of Epic Games, Inc.'s ("Epic's") administrative motion to consider whether Apple's produced information should be sealed. Dkt. 1035.

3. On October 11, 2024, Apple filed its Administrative Motion to Modify Order Regarding Witness Communications. Dkt. 1033. On October 15, 2024, Epic filed its opposition, Dkts. 1035, 1035-1, supported by Exhibit A. Dkt. 1035-2.

4. Epic's opposition brief quotes from select portions of Exhibit A. Apple is not seeking to seal those or any other parts of Epic's opposition brief. Apple is, however, moving to seal Exhibit A in its entirety.

5. Exhibit A, produced by Apple under a "Confidential" designation pursuant to the Protective Order and bates stamped as APL-EG_10804280, is a 94-page document containing a private, free-flowing text message exchange between two mid-level Apple PR professionals. These two individuals are not business decisionmakers at Apple and were not involved in designing the link entitlement program that Apple implemented to comply with the Court's Injunction, nor setting the associated commission rates. Their text conversation covers topics including online shopping, personal physical appearance, travel plans, flight and hotel preferences, general PR work for Apple, and

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). However, if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  potential staffing needs within Apple's PR team. The texts also include off-the-cuff reactions to the
2  Zoom broadcast of the May 10 evidentiary hearing in this matter.

3    6. In its opposition, Epic cites text messages from just six pages of Exhibit A to illustrate its supposed concern that Apple would improperly "influence ongoing testimony" if the Court granted Apple's motion. Dkt. 1035-1 at 2-3. While Apple strongly disagrees that the quoted texts bear any relevance to Apple's motion, much less substantiate the arguments in Epic's opposition, Apple is not moving to seal those portions of Epic's brief.

  7. When a party files a "sealed discovery document attached to a non-dispositive motion" the "usual presumption of the public's right to access is rebutted." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (cleaned up). In such cases, a "'good cause' showing under Rule 26(c)" is all that is required to keep the records sealed. *Id.* at 1180. A party has "good cause" to seal information "'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-101 (9th Cir. 2016) (quoting Fed. R. Civ. P. 26(c)).

  8. Here, the good cause standard applies. The administrative motion seeks modification of the procedures governing the evidentiary hearing on Epic's motion to enforce the Injunction—specifically, the degree of contact Apple and its attorneys may have with certain witnesses before the hearing resumes. The motion does not "requir[e] the court to address the merits" of Epic's underlying motion to enforce the injunction, *Ctr. for Auto Safety*, 809 F.3d at 1099; rather, it "relate[s] merely to the judge's role in management of the [evidentiary hearing]," *id.* at 1100 (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)). Hence, the motion is non-dispositive and the good cause standard applies.

  9. Apple moves to seal Exhibit A in its entirety. As set forth in Table 1 below, Exhibit A includes discussion of the hiring needs of Apple's PR department, which reflects confidential information about Apple's current PR strategy. *See Baker v. SeaWorld Ent'mt, Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (granting motion to seal "communications regarding [defendant's] public relations strategy" under compelling interest standard). The remainder of Exhibit

A consists of personal and private discussions between two colleagues. Much of the discussion concerns clothing, travel, and work-related activities that have no relevance whatsoever to this matter or the issues before the Court and would cause personal embarrassment if published. *See eBay Inc. v. Boch*, 2022 WL 1131720, at *2 (N.D. Cal. March 21, 2022) (granting various motions to seal personal information "of minimal relevance to the merits of the motion").

10. To the extent there is discussion of the May 10 evidentiary hearing, it comprises the spontaneous reactions of two mid-level PR professionals who are neither attorneys nor business decisionmakers at Apple. Their assessment of the evidentiary hearing is of minimal public interest in the context of the merits of this litigation. If made public, however, it would create personal embarrassment, as well as potential professional harm given their roles as PR professionals who interact with the press on a daily basis. *See Saint Alphonsus Med. Ctr.—Nampa, Inc. v. St. Luke's Health Sys., Ltd.,* 2014 WL 3101716, at *3 (D. Idaho July 3, 2014) (finding compelling interest to fully seal "email discussion" containing individuals' "stance" on challenged merger because it "contain[ed] potentially embarrassing personal information," was "irrelevant to [the] Court[']s decision," and would "not assist [the] public in understanding the case"); *Pryor v. City of Clearlake*, 2012 WL 3276992 (N.D. Cal. Aug. 9, 2012) (sealing document that was "not relevant to resolving" the pending motion and would "likely cause [a nonlitigant] embarrassment").

11. Apple seeks to seal this information consistent with this Court's Guidelines for Professional Conduct, which require "[a]ll matters [to] be handled with due respect for the privacy rights" of individuals, that "facts about the private lives of any party or other individual[]" not be used except where "relevant to a legitimate issue," and "to ensure that the private information [of individuals] is disclosed only to those persons who need to present it as relevant to the court." N.D. Cal. Prof'l Guidelines § 17.

12. Apple thus respectfully requests that the materials set forth in Table 1 be kept sealed for the reasons stated below:

**Table 1**

| Ex. A Page | Basis for Redaction |
|---|---|
| '280 | ***Personally identifiable information (phone numbers)***: This page contains the names and phone numbers of Apple employees. Exposing their contact information to the public adds no probative value to the resolution of Apple's motion, would not assist the public in understanding the dispute relating to the motion, and would only serve to expose the employees to unwanted contact and harassment. |
| '280-85, '290, '305-09, '314-17, '321 | ***Hiring and headcount needs discussions***: Texts on these pages reflect the PR team members' crafting of a request to managers for additional headcount and anticipated workload. Public disclosure of the discussion would expose how Apple employees think about hiring or recruitment needs based on specific developments identified in the text messages. The information could be exploited by rivals, weakening Apple's competitive position or unfairly used by certain job candidates to gain an unfair advantage in the hiring process. On balance, disclosure would be irrelevant to the Court's resolution of Apple's motion and will not assist the public in understanding the dispute relating to the motion. |
| '287-88, '293-96, '296, '324-27, '369-72 | ***Discussions of PR work***: Texts on these pages reflect day-to-day public relations work by the two employees. Revealing this information to the public will expose how Apple's employees handle their work and identify its outside vendors and their responsibilities. Making this information public will provide competitors with an unfair advantage by providing insight into how Apple's PR employees handle their responsibilities, interact with reporters, and rely on vendors for certain tasks. On balance, disclosure would be irrelevant to the Court's resolution of Apple's motion and will not assist the public in understanding the dispute relating to the motion. |
| '288-90, '318, '335-67 | ***Online shopping and travel discussions***: Texts on these pages reflect friendly and frivolous conversations. Exposing these conversations to the public adds no probative value to the resolution of Apple's motion and would only serve to embarrass the Apple employees and expose personal views and preferences elicited in a private conversation. On balance, disclosure would be irrelevant to the Court's resolution of Apple's motion and will not assist the public in understanding the dispute relating to the motion. |

| | |
|---|---|
| '286-87, '291-93, '297-05, '310-14, '317-23, '328-35, '367-69 | ***Hearing commentary***:  Texts on these pages reflect the PR employees' off-the-cuff reactions to testimony and questions at the hearing.  Epic has already selected portions thereof to support its opposition, which Apple is not seeking to seal.  Further disclosure of these discussions adds no probative value to the resolution of Apple's motion and would only serve to embarrass the Apple employees and potentially undermine their professional relationships with colleagues and the press.  Given that the PR professionals were not involved in making the business decisions challenged in Epic's motion to enforce the Injunction, their assessment of the proceedings is of little relevance to the issues before the Court. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on October 22, 2024 in Chevy Chase, Maryland.

/s/ Cynthia Richman

Cynthia Richman