1  DANIEL G. SWANSON, SBN 116556
     dswanson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA 90071
   Telephone: 213.229.7000
4  Facsimile: 213.229.7520

5  CYNTHIA E. RICHMAN (D.C. Bar No.
   492089; *pro hac vice*)
6      crichman@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
7  1050 Connecticut Avenue, N.W.
   Washington, DC 20036
8  Telephone: 202.955.8500
   Facsimile: 202.467.0539
9
   JULIAN W. KLEINBRODT, SBN 302085
10     jkleinbrodt@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
11 One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
12 Telephone: 415.393.8200
   Facsimile: 415.393.8306

MARK A. PERRY, SBN 212532
     mark.perry@weil.com
JOSHUA M. WESNESKI (D.C. Bar No.
1500231; *pro hac vice*)
     joshua.wesneski@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000
Facsimile: 202.857.0940

MORGAN D. MACBRIDE, SBN 301248
     morgan.macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
Redwood Shores Pkwy, 4th Floor
Redwood Shores, CA 94065
Telephone: 650.802.3044
Facsimile: 650.802.3100

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.<br><br>        Plaintiff, Counter-defendant<br>v.<br><br>APPLE INC.,<br><br>        Defendant, Counterclaimant | Case No. 4:20-cv-05640-YGR-TSH<br><br>**DECLARATION OF MARK A. PERRY IN SUPPORT OF APPLE INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL**<br><br>The Honorable Thomas S. Hixson |

1  I, Mark A. Perry, hereby declare as follows:

2      1.      I am an attorney licensed to practice in the State of California, and a member of the Bar

3  of this Court.  I am a partner at the law firm Weil, Gotshal & Manges LLP, counsel of record for Apple

4  Inc. ("Apple") in this case.  I am familiar with Apple's treatment of highly proprietary and confidential

5  information based on my personal experience representing Apple.  I have personal knowledge of the

6  facts stated below and, if called as a witness, would testify competently thereto.  I submit this declaration

7  in support of Apple's Statement in Support of Administrative Motion to Seal.[1]

8      2.      I am aware that the law of this Circuit allows information to be filed under seal for good

9  cause or in certain compelling circumstances.  I also understand that courts routinely seal filings where

10  documents include a company's trade secrets, internal codenames, confidential research and

11  development, personally identifiable information, or other commercially sensitive information.  I

12  understand that this Court has broad latitude to prevent the public disclosure of these categories of

13  commercially sensitive information.

14      3.      Apple operates in an intensely competitive environment.  Apple has serious and

15  legitimate concerns that competitors will be quick to capitalize on any release of Apple's highly sensitive

16  information in order to gain competitive advantage.  As such, Apple takes extensive measures to protect

17  the confidentiality of its information.

18      4.      Apple has carefully reviewed the exhibits to Epic Games, Inc.'s Administrative Motions

19  to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5

20  ("Epic's Motions"), Dkts. 1152, 1161, and now proposes to partially seal information therein that, if

21  disclosed, could harm Apple's competitive business interests.  Specifically, Apple seeks to partially seal

22  Exhibit A to each of Epic's Motions.  For ease of reference Apple refers to Exhibit A to Dkt. 1152 as

23  Exhibit A-1, and Exhibit A to Dkt. 1161 as Exhibit A-2.

24

25

26  [1] Courts in the Ninth Circuit routinely grant motions to seal based on declarations of counsel. *See, e.g.*, *In re Apple Securities Litigation*, 19-cv-02033-YGR, Dkt. 223 (N.D. Cal.); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC, Dkt. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc. v. Iptronics Inc.*,

27  No. 10-cv-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc. v. OpenTV Inc.*, No. 13-cv-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2013).  If the Court deems this declaration insufficient, Apple

28  respectfully requests that it be permitted to file a further declaration supporting filing under seal.

DECLARATION OF MARK A. PERRY ISO APPLE      1      CASE NO. 4:20-CV-05640-YGR-TSH
INC.'S STATEMENT ISO MOTION TO SEAL

5.      Apple seeks to partially seal Exhibits A-1 and A-2 to Epic's Motions because the documents contain competitively sensitive, non-public information regarding Apple's use of certain confidential codenames related to new product developments as well as its non-public retention of outside counsel in connection with ongoing regulatory matters.  Public disclosure would reveal Apple's internal business decision-making, which could be used by competitors to gain an unfair competitive advantage over Apple.

6.      Both Exhibits A-1 and A-2 also contain personally identifiable information in the form of email addresses of Apple employees. Apple has narrowly-tailored its sealing request as to maximize the public's access to court documents without jeopardizing Apple's business interests. The remainder of Exhibits A-1 and A-2 remain unredacted.

7.      Below is a chart detailing the portions of the exhibits sealable for the reasons explained herein, as well as in Apple's statement.

| Portion of Document Sought to be Sealed | Document Title | Reason to Seal |
|---|---|---|
| Redacted portions in log entries | Exhibit A-1 to Epic's Motion (Dkt. 1152) | Reflects non-public Apple business strategy and personally identifying information |
| Redacted portions in log entries on pages 2–3 | Exhibit A-2 to Epic's Motion (Dkt. 1161) | Reflects non-public Apple business strategy and personally identifying information |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th of February 2025, in Washington, D.C.

Dated: February 7, 2025                          Respectfully submitted,

By: */s/ Mark A. Perry*

Mark A. Perry