| | |
|---|---|
| 1 | David Shuang Liu |
| 2 | 1509 Mefferd Ave<br>San Mateo, CA 94401 |
| 3 | (650) 549-5777<br>david.shuang.liu@gmail.com |
| 4 | Movant David Shuang Liu (pro se) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant.<br>-------------------------------------------------<br>THIS DOCUMENT RELATES TO:<br><br>**DAVID SHUANG LIU**,<br><br>    v.<br><br>**APPLE INC.**; ET AL, | No. 4:20-cv-05640-YGR<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>JUDGE: Hon. Yvonne Gonzalez Rogers<br>CTRM: 1-4th floor<br><br>[Declaration and Proposed Order filed herewith] |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Movant David Shuang Liu, pro se ("Movant") respectfully requests this Court to consider whether the following cases should be related pursuant to Civil L.R. 3-12:

| Case Name | Case No. | Filing Date |
|---|---|---|
| Epic Games, Inc. v. Apple Inc. | 4:20-cv-05640-YGR | 08/13/2020 |
| Liu v. Apple Inc., et al. | 4:26-cv-00170-HSG | 01/06/2026 |

## II. PROCEDURAL BACKGROUND

On January 26, 2026, following Movant's declination of Magistrate Judge jurisdiction, this Court entered an order stating:

*"IT IS ORDERED that this case is reassigned using a proportionate, random and blind system pursuant to General Order No. 44 to Judge Haywood S. Gilliam, Jr."* (Dkt. No. 6).

Movant files this motion promptly after this reassignment and prior to the service of the Complaint or any substantive proceedings, seeking to settle the assignment question before judicial resources are expended by this Court.

## III. ARGUMENT

Pursuant to Civil L.R. 3-12(a), an action may be related to another when:
(1) The actions concern substantially the same parties, property, transaction, or event; and
(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Both criteria are met here.

Both of the above-listed actions allege violations of Section 2 of the Sherman, 15 U.S.C. § 2, and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) ("UCL"). Moreover, both of the above-listed actions are brought by app developers against Apple Inc. ("Apple" or "Defendant"). Both concern Apple's anticompetitive efforts to maintain supra competitive commissions that it charges for transactions within its App Store.

Movant will heavily rely on evidence from the Epic v. Apple evidentiary hearings and both injunctions brought against Apple by this Court. It is therefore likely that there will be "unduly burdensome duplication of labor and expense" or conflicting results if the cases are litigated before different Judges. See Civil L.R. 3-12(a)(1) & (2). Relating the two cases and placing them under the supervision of one judge will very likely save the Court and the parties significant costs and may facilitate and expedite the cases.

**A. Substantial Overlap with *Epic Games v. Apple*** Although the Movant differ, the core "transaction" is identical: Apple's conditioning of iOS app distribution on acceptance of the Developer Program License Agreement (DPLA), the 30% In-App Purchase (IAP) mandate, and "anti-steering" restrictions. Judge Gonzalez Rogers has already issued extensive Findings of Fact regarding these exact mechanisms. *See Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898 (N.D. Cal. 2021).

**B. Transfer is Required to Maintain Consistency with the "April 2025 Contempt" Orders** The Movant's action is inextricably linked to the specific enforcement proceedings currently pending before Judge Gonzalez Rogers.

1. **The "Contempt" Nexus:** In April 2025, Judge Gonzalez Rogers held Apple in civil contempt for violating the *Epic* injunction via its "Link Entitlement" scheme and "scare screen" tactics. Movant's claims regarding the 30% commission and restrictions on external communication directly implicate these same "anti-steering" mechanisms. Adjudicating these issues in a separate court would risk rulings that conflict with Judge Gonzalez Rogers' active supervision.
2. **The "Pure Sweat" Precedent:** In May 2025, this District transferred *Pure Sweat Basketball v. Apple* (Case No. 5:25-cv-03858) to Judge Gonzalez Rogers. Like the Movant here, *Pure Sweat* is an independent developer challenging Apple's fee structures.
3. **The "Consolidated" Developer Docket:** The Court has already consolidated similar developer actions, including *Proton AG* and the *Korean Publishers Association* (Case No. 4:25-cv-04438-YGR), into a single coordinated proceeding. Movant's action belongs in this "Master Docket."

**C. Common Questions Regarding Arbitrary Enforcement and "Fair Notice"** Beyond the economic questions, this action shares a fundamental legal question with the *Epic* compliance proceedings: whether Apple's enforcement of its Guidelines provides "fair notice" to developers or constitutes arbitrary, discriminatory conduct.

1. **The "Matrix" Cycle:** Movant alleges he has been trapped in cycles of vague rejections and uneven enforcement, amounting to a denial of fair business access over the last ten years. This directly mirrors the issues in *Pure Sweat*, where Movant allege Apple's new rules are intentionally opaque to deter compliance.
2. **Declaratory Relief:** Movant seeks a declaratory judgment defining exactly what conduct is required to remain on the App Store without threat of termination. As Judge Gonzalez Rogers is currently the sole arbiter of whether Apple's new guidelines comply with the Unfair Competition Law (UCL), she is the only Judge positioned to provide this clarity without creating conflicting standards for developer conduct.

## IV. CONCLUSION

For the foregoing reasons, Movant requests that the Court in the lowest numbered case, Epic Games, Inc. v. Apple Inc., No. 4:20-cv-05640-YGR, enter an Order relating the two cases listed above to each other and reassigning the Liu v. Apple Inc., No. 4:26-cv-00170-HSG action to Judge Yvonne Gonzalez Rogers for all further proceedings.

Dated: February 18, 2026

                                          Respectfully submitted,

                                          /s/ *David Shuang Liu*

                                          David Shuang Liu
                                          (650) 549-5777
                                          david.shuang.liu@gmail.com

                                          Movant David Shuang Liu (pro se)