UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EPIC GAMES, INC.,<br><br>       Plaintiff-ctr-defendant - Appellee,<br><br>  v.<br><br>APPLE INC.,<br><br>       Defendant-ctr-claimant - Appellant. | No. 25-2935<br><br>D.C. No.<br>4:20-cv-05640-YGR<br>Northern District of California, Oakland<br><br>ORDER |

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and McSHANE, Chief District Judge.[*]

Appellee Epic Games, Inc. (Epic) moved for reconsideration of our order staying the mandate pending Appellant Apple Inc.'s (Apple) filing of a petition for a writ of certiorari. Having considered the parties' briefing, Epic's motion for reconsideration is **GRANTED**. We **REVERSE** our April 6, 2026, order granting Apple's motion to stay the mandate (Dkt. 188). The mandate shall issue in its usual course.

Federal Rule of Appellate Procedure 41(d) requires that a party seeking to stay the mandate pending the filing of a petition for certiorari "must show that the

---

[*] The Honorable Michael J. McShane, United States Chief District Judge for the District of Oregon, sitting by designation.

petition would present a substantial question and that there is good cause for a stay." FED. R. APP. P. 41(d)(1).  The Supreme Court has explained that a party that wishes to obtain a stay of the mandate pending certiorari must show "a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari"; "a significant possibility of reversal of the lower court's decision"; and "a likelihood that irreparable harm will result if that decision is not stayed." *White v. Florida*, 458 U.S. 1301, 1302 (1982) (internal quotations omitted).  *Accord, e.g.*, *Maryland v. King*, 567 U.S. 1301, 1302 (2012).

We are persuaded by Epic's arguments that Apple has not raised a substantial question for review that raises a "reasonable probability" that four justices will vote in favor of granting certiorari, nor a "significant possibility of reversal" of our decision.  *White*, 458 U.S. at 1302.  The Supreme Court previously denied certiorari on Apple's challenges to the injunction's scope, albeit before deciding *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).  *See Epic Games, Inc. v. Apple Inc.*, 144 S. Ct. 682 (2024).  Our decision unanimously rejected Apple's challenges to the injunction here considering *CASA*.  The Supreme Court has also denied certiorari on the question whether courts may properly consider the "spirit" of an injunction when imposing sanctions in contempt proceedings.  *See Sea Shepherd Conservation Soc'y v. Inst. of Cetacean Rsch.*, 576 U.S. 1005 (2015).

25-2935

Apple does not convincingly argue that this case implicates a circuit split on that question.

Moreover, we are persuaded that Apple has failed to show good cause to sustain our prior stay order.  Apple has not demonstrated that any proceedings on remand will cause it irreparable harm if our decision is not stayed.  Instead, Apple argues that remand proceedings on the question of commission would be "premature."  Even if the Supreme Court agrees with Apple's arguments, there would still be further proceedings on remand, particularly on the question of commission, and those proceedings are likely to look similar, if not the same, regardless of certiorari.

Accordingly, we conclude that Apple has failed to meet the requirements pursuant to Federal Rule of Appellate Procedure 41(d).

25-2935