PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Sarah M. Ray (SBN 229670)
 sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
 aaron.chiu@lw.com
Blake R. Davis (SBN 294360)
 blake.davis@lw.com
Brett M. Sandford (SBN 302072)
 brett.sandford@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 gary.feinerman@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 christopher.bower@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>            Plaintiff, Counter-defendant,<br><br>        v.<br><br>APPLE INC.,<br><br>            Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING PROCEEDINGS ON REMAND**<br><br>Courtroom:  1, 4th Floor<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

The parties, Epic Games, Inc. ("Epic") and Apple Inc. ("Apple"), by and through their respective counsel, hereby agree and stipulate as follows:

WHEREAS, on April 30, 2025, this Court found Apple in contempt of the injunction at Dkt. 813 and enjoined Apple from (among other things) imposing any commission or fee on linked-out purchases (Dkt. 1508 at 75);

WHEREAS, Apple appealed (among other things) several portions of the Court's injunction, including the portion "banning Apple from charging any commission for external link purchases" (App. Dkt. 59.1 at 6);

WHEREAS, the Ninth Circuit affirmed the Court's contempt finding; affirmed in part and reversed in part the Court's contempt remedies; and remanded the case for this Court "(i) to consider whether Apple's exclusion of VPP and NPP developers violated the Injunction, or whether it was necessary to protect or give life to the Injunction; and (ii) to amend the April 30 Order's commission prohibition as either a purgeable civil contempt sanction or properly tailored clarification or modification of the Injunction." (161 F.4th at 1194);

WHEREAS, the Ninth Circuit's guidance on remand states, among other things,  that "Apple should not be able to charge any commission for linked-out purchases until such time as the district court has approved an appropriate fee, but both parties should be encouraged to reach agreement and/or seek the [C]ourt's approval of [Apple's] proposed fee expeditiously" (*id.* at 1188);

WHEREAS, on March 30, 2026, the Ninth Circuit denied Apple's petition for panel rehearing and rehearing en banc (App. Dkt. 184.1);

WHEREAS, on April 28, 2026, the Ninth Circuit, upon reconsideration, denied Apple's motion to stay the mandate pending further appellate review (App. Dkt. 192.1);

WHEREAS, on May 6, 2026, the Ninth Circuit issued its mandate;

WHEREAS, the parties have reached agreement, subject to the Court's approval, on a proposed structure for proceedings consistent with the Ninth Circuit remand;

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING PROCEEDINGS ON REMAND                    CASE NO. 4:20-CV-05640-YGR-TSH

**THEREFORE, IT IS STIPULATED AND AGREED, SUBJECT TO THE COURT'S APPROVAL, THAT**:

1.      Within 45 days from the issuance of this [proposed] Order, Apple will file with the Court a proffer regarding implementation of the Ninth Circuit's mandate.  Apple's proffer will propose commissions for linked-out purchases, and present to the Court the evidence upon which Apple relies for its proposal.  Apple's proffer will not exceed 30 pages.

2.      Within 10 days of the filing of its proffer, Apple will produce to Epic all non-privileged documents relating to the decision-making process leading to the proposal in its proffer, including any fee proposal reflected in its proffer, as well as a privilege log as described in the ESI Protocol governing this matter.  (*See* Dkt. 242 at ¶ 12.)  Within 5 days of Apple's production of the non-privileged documents and the privilege log, Apple will meet and confer with Epic to preliminarily discuss in good faith the privilege log and whether Epic believes it needs any additional material to evaluate and respond to Apple's proposal.  Epic reserves the right to raise additional concerns regarding Apple's privilege log and production after this initial meet and confer.

3.      Epic shall have the right to designate up to 10% of all documents listed on the privilege log for further review by a third party pursuant to a process approved by the Court. Nothing in this [proposed] Order shall prevent Epic from challenging additional privilege assertions or raising other discovery disputes before the Court.

4.      Within 60 days from the later of (a) the filing of Apple's proffer or (b) Apple's completion of its document production, Epic shall file a response to Apple's proffer not to exceed 30 pages.  Epic's response will include the evidence upon which Epic relies in support of its objection to the proposed commissions.

5.      Within 30 days from the filing of Epic's response, Apple shall file a reply to Epic's response not to exceed 15 pages.

6.      Following the submission of Apple's reply, the Court may hold a status conference or otherwise decide the necessity and scope of any additional proceedings the Court might find helpful.

Respectfully submitted,

Dated:  May 15, 2026

By:          /s/ *Gary A. Bornstein*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Dated:   May 15, 2026                    By:    /s/ *Sarah M. Ray*

LATHAM & WATKINS LLP

Sarah Meyers Ray (SBN 229670)
Aaron T. Chiu (SBN 287788)
Brett M. Sandford (SBN 302072)
Blake Richard Davis (SBN 294360)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415-391-0600
Fax: 415-395-8095
Email:  sarah.ray@lw.com
         aaron.chiu@lw.com
         blake.davis@lw.com
         brett.sandford@lw.com

Gary Feinerman
  (*pro hac vice* application pending)
330 N Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: 312-876-7700
Email: gary.feinerman@lw.com

Christopher Bower (SBN 301379)
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: 267-746-0398
Email: christopher.bower@lw.com


DAVIS POLK & WARDWELL LLP

James P. Rouhandeh
David B. Toscano
  (*pro hac vice* applications pending)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Email: rouhandeh@davispolk.com
         david.toscano@davispolk.com

Micah G. Block
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING PROCEEDINGS ON REMAND                    CASE NO. 4:20-CV-05640-YGR-TSH

Fax: 752-2111
Email: micah.block@davispolk.com

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO THE FOREGOING STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated:_____

_____
HON. YVONNE GONZALEZ ROGERS

**E-FILING ATTESTATION**

I, Gary A. Bornstein, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Gary A. Bornstein*
_____
Gary A. Bornstein
