PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Sarah M. Ray (SBN 229670)
*sarah.ray@lw.com*
Aaron T. Chiu (SBN 287788)
*aaron.chiu@lw.com*
Blake R. Davis (SBN 294360)
*blake.davis@lw.com*
Brett M. Sandford (SBN 302072)
*brett.sandford@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
*christopher.bower@lw.com*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　Plaintiff, Counter-defendant,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant, Counterclaimant. | Case No. 4:20-cv-05640-YGR-TSH<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CONTINUANCE OF REMAND DEADLINES AND MOTION TO STAY BRIEFING SCHEDULE**<br><br>Courtroom: 1, 4th Floor<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

The parties, Epic Games, Inc. ("Epic") and Apple Inc. ("Apple"), by and through their respective counsel, hereby agree and stipulate as follows:

WHEREAS, on April 30, 2025, this Court found Apple in contempt of the injunction at Dkt. 813 and enjoined Apple from (among other things) imposing any commission or fee on linked-out purchases (Dkt. 1508 at 75);

WHEREAS, Apple appealed (among other things) the portion of the Court's injunction "banning Apple from charging any commission for external link purchases" (App. Dkt. 59.1 at 6);

WHEREAS, the Ninth Circuit affirmed the Court's contempt finding; affirmed in part and reversed in part the Court's contempt remedies; and remanded the case for this Court "(i) to consider whether Apple's exclusion of VPP and NPP developers violated the Injunction, or whether it was necessary to protect or give life to the Injunction; and (ii) to amend the April 30 Order's commission prohibition as either a purgeable civil contempt sanction or properly tailored clarification or modification of the Injunction." (161 F.4th at 1194);

WHEREAS, on May 6, 2026, the Ninth Circuit issued its mandate;

WHEREAS, pursuant to the parties joint stipulation, on May 20, 2026, the Court entered a schedule for proceedings on remand, which directed: 1) Apple to file a proffer regarding implementation of the Ninth Circuit's mandate by July 6, 2026, 2) Apple to produce "all non-privileged documents relating to the decision-making process leading to the proposal in its proffer, including any fee proposal reflected in its proffer, as well as a privilege log as described in the ESI Protocol governing this matter" by July 16, 2026, 3) the parties to "meet and confer…to preliminarily discuss in good faith the privilege log and whether Epic believes it needs any additional material to evaluate and respond to Apple's proposal" by July 21, 2026, 4) Epic to file a response to Apple's proffer, if any, "[w]ithin 60 days from the later of (a) the filing of Apple's proffer or (b) Apple's completion of its document production[;]" and 5) Apple to file a reply, if any, "[w]ithin 30 days from the filing of Epic's response[.]" (Dkt. 1687);

WHEREAS, on May 21, 2026, Apple filed a petition for writ of certiorari with the United States Supreme Court. Pet. for Cert. at 14, *Epic v. Apple*, No. 25-1311 (U.S. May 21, 2026);

WHEREAS, on June 30, 2026, the United States Supreme Court granted Apple's petition for writ of certiorari limited to the first question presented: "Whether a court may hold a party in civil contempt based on a violation of an injunction's 'spirit' where the injunction is silent as to the conduct upon which contempt is based, as the Ninth Circuit holds; or, instead, whether a court must ground a finding of civil contempt on the violation of an order that clearly and unambiguously proscribes the precise conduct at issue, as other circuits hold." See Orders List, June 30, 2026, at 3;

WHEREAS, Apple intends to move to stay further remand proceedings in this action until the Supreme Court issues a ruling on its appeal;

WHEREAS, the parties have reached agreement, subject to the Court's approval, on a short continuance of the remand deadlines previously entered by the Court while the parties brief Apple's motion to stay the remand on the schedule below.

**THEREFORE, IT IS STIPULATED AND AGREED, SUBJECT TO THE COURT'S APPROVAL, THAT**:

1.      Apple shall file its motion to stay by July 6, 2026.

2.      Epic shall file its opposition to Apple's motion to stay by July 10, 2026.

3.      Apple shall file a reply in support of its motion to stay by July 13, 2026.

4.      The remand deadlines entered by the Court, Dkt. 1687, shall be continued pending resolution by this Court of Apple's motion to stay.

5.      In the event this Court denies Apple's motion to stay, Apple shall file its proffer within 24 hours of this Court's denial order.

Dated:  July 1, 2026

Respectfully submitted,

By:    /s/ Gary A. Bornstein

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Dated:   July 1, 2026

By:   /s/ *Sarah M. Ray*

LATHAM & WATKINS LLP

Sarah Meyers Ray (SBN 229670)
Aaron T. Chiu (SBN 287788)
Brett M. Sandford (SBN 302072)
Blake Richard Davis (SBN 294360)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415-391-0600
Fax: 415-395-8095
Email:  sarah.ray@lw.com
         aaron.chiu@lw.com
         blake.davis@lw.com
         brett.sandford@lw.com

Gary Feinerman (*pro hac vice*)
330 N Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: 312-876-7700
Email: gary.feinerman@lw.com

Christopher Bower (SBN 301379)
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: 267-746-0398
Email: christopher.bower@lw.com


DAVIS POLK & WARDWELL LLP

James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Email: rouhandeh@davispolk.com
         david.toscano@davispolk.com

Micah G. Block (*pro hac vice*)
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
Fax: 752-2111
Email: micah.block@davispolk.com

*Attorneys for Defendant Apple Inc.*

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING REMAND DEADLINES AND MTS
SCHEDULE – CASE NO. 4:20-CV-05640-YGR-TSH

**PURSUANT TO THE FOREGOING STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated:_____

_____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

JOINT STIPULATION AND [PROPOSED] ORDER
REGARDING REMAND DEADLINES AND MTS
SCHEDULE – CASE NO. 4:20-CV-05640-YGR-TSH

## **E-FILING ATTESTATION**

I, Sarah M. Ray, am the ECF User whose ID and password are being used to file this document.   In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Sarah M. Ray*

Sarah M. Ray