Sarah M. Ray (SBN 229670)
 sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
 aaron.chiu@lw.com
Brett M. Sandford (SBN 302072)
 brett.sandford@lw.com
Blake Richard Davis (SBN 294360)
 blake.davis@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 gary.feinerman@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 christopher.bower@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT REVIEW**<br><br>Date: August 11, 2026<br>Time: 9:00am<br>Place: Courtroom 1, 4th Fl., Oakland<br>Chief Judge: The Honorable Yvonne Gonzalez Rogers |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

**APPLE INC.'S NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 11, 2026 at 9 a.m., or as soon thereafter as the matter may be heard before the Honorable Yvonne Gonzalez Rogers, Chief United States District Judge, Northern District of California, Oakland Division at 1301 Clay Street, Oakland, California, Defendant Apple Inc. ("Apple") will and hereby does move the Court for an order staying further proceedings in this case pending the Supreme Court's resolution of *Apple Inc. v. Epic Games, Inc.*, No. 25-1311 (U.S.), for which certiorari was granted on June 30, 2026.  This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities served and filed herewith, the Proposed Order filed herewith, all pleadings and papers on file in this action, and any further argument and/or evidence that may be presented at or before the hearing on this Motion.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether further proceedings in this case should be stayed pending the Supreme Court's decision in *Apple Inc. v. Epic Games, Inc.*, No. 25-1311 (U.S.), which may fundamentally alter the legal basis for, and contours of, any further proceedings in this case.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

1

Apple's Mot. to Stay
4:20-cv-05640-YGR

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Apple respectfully requests a stay of these proceedings pending the Supreme Court's decision in this case.  The Supreme Court granted certiorari on June 30, 2026, to address whether the Ninth Circuit correctly affirmed this Court's civil contempt finding.  *See* Supreme Court Orders List, June 30, 2026, at 3 (granting certiorari as to the first question presented in *Apple Inc. v. Epic Games, Inc.*, No. 25-1311).  The Supreme Court's grant of certiorari warrants a stay of these proceedings until the Supreme Court resolves that question and issues its judgment.

The sole basis for these remand proceedings is the Ninth Circuit's ruling affirming the civil contempt finding.  If the Supreme Court reverses or vacates the Ninth Circuit's affirmance of this Court's contempt finding, either (i) there will be no basis for this Court to embark on a complex remand proceeding to approve Apple's commission rate on linked-out purchases or (ii) any further remand proceedings will not take place pursuant to the vacated or reversed Ninth Circuit decision. In either event, the Ninth Circuit's statements or direction regarding an appropriate commission will no longer be operative.  Further, the Supreme Court's decision may provide guidance concerning the scope of this Court's initial injunction and any further proceedings, including as to Apple's commission rate on linked-out purchases.  In addition, the Supreme Court's decision could result in a remand to the Ninth Circuit for further consideration of the contempt issue, which would result in a new Ninth Circuit decision.  In all events, it would be highly inefficient and prejudicial for this Court to embark on a technical and important inquiry into the commission Apple may charge pursuant to a Ninth Circuit ruling that the Supreme Court has now agreed to review, and therefore that may be reversed or vacated.

This Court has granted stays in cases that present less compelling circumstances than this one. *See Robinson v. Dignity Health*, 2016 WL 7102832, at *2 (N.D. Cal. Dec. 6, 2016) (Gonzalez Rogers, J.) (granting stay pending Supreme Court resolution of a separate case, "given the high likelihood that the decision . . . would affect the" case before the district court).  And neither Epic nor any other developer faces any real harm from a stay because, in accordance with the Ninth

Circuit's judgment—which remains in effect during Supreme Court review—Apple will not charge any commission pending the Supreme Court's decision.

Indeed, the Ninth Circuit issued the mandate only after Epic filed a motion for reconsideration, in which it argued that the Supreme Court would never grant certiorari. *See* Opp'n by Appellee Epic Games, Inc. to Mot. to Stay Mandate 20, ECF No. 189, *Epic Games, Inc. v. Apple Inc.*, No. 25-2935 (filed Apr. 4, 2026) (asserting "there is no circuit conflict, no error, and no reason to think that Apple has any real prospect of convincing the Supreme Court to intervene and reverse this Court's decision"). "[P]ersuaded by Epic's arguments," Order 2, ECF No. 192, *Epic Games, Inc. v. Apple Inc.*, No. 25-2935 (filed Apr. 28, 2026), the Ninth Circuit returned the case to this Court, which set a briefing schedule for the remand proceedings before the Supreme Court acted on Apple's certiorari petition on June 30. Now that the Supreme Court has granted certiorari, the circumstances are fundamentally different.

Accordingly, a stay pending the Supreme Court's decision is warranted.

## II.   A STAY IS WARRANTED

"A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (similar). The stay power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. And "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

In considering a motion to stay proceedings, courts weigh several factors, including: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*,

300 F.2d 265, 268 (9th Cir. 1962)); *see also Robinson*, 2016 WL 7102832, at *2 (applying the same factors to grant stay).  Each factor is readily satisfied here.

*First*, a stay of these proceedings would not result in any damage to anyone.  Apple is not presently charging any commission on linked-out purchases, either to Epic or any other developer.  That will not change pending the Supreme Court's decision: The Ninth Circuit's judgment remains in effect, and it provides that "Apple should not be able to charge any commission for linked-out purchases until such time as the district court has approved an appropriate fee." *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1188 (9th Cir. 2025).  Epic thus cannot credibly claim any prejudice from pausing further proceedings in this Court pending the Supreme Court's decision.  No damage could result from a stay that simply preserves the status quo, and leaves the Ninth Circuit's decision in place pending a decision from the Supreme Court.

Indeed, Epic agreed to an expedited certiorari schedule such that the Supreme Court could decide Apple's petition in June, *before* the due date for Apple's remand proffer.  *See* Pet. for Cert. 5 n.2, *Epic Games, Inc. v. Apple Inc.*, No. 25-1311 (U.S. May 21, 2026) ("Apple and Epic have agreed to a schedule that will allow this petition to be considered at the Court's June 25 conference.").  Epic thus effectively acknowledged that the question whether Apple had been lawfully held in civil contempt should be resolved before any remand inquiry would begin.  Epic likewise argued in its briefing before the Ninth Circuit on Apple's appeal of this Court's contempt finding and remedies that this Court's "enforcement measures" cannot be considered "in the abstract, untethered from its findings of Apple's scheme to violate and circumvent the Injunction." Answering Br. 31, ECF No. 124, *Epic Games, Inc. v. Apple Inc.*, No. 25-2935 (filed Aug. 15, 2025) ("Epic CA9 Br.").  And Epic emphasized that "[d]istrict courts have 'broad equitable power to order appropriate relief in *civil contempt proceedings*' to prevent further violations." *Id.* at 54 (quoting *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (emphasis added)).  Epic, in other words, has always underscored that any remedy in these remand proceedings is based on this Court's civil contempt findings.  For this reason alone, the Court should stay any remedies phase

concerning Apple's commission rate until the Supreme Court has resolved whether Apple was lawfully held in contempt in the first place.[1]

*Second*, there are obvious, material, and potentially irreparable harms to Apple of continuing with these remand proceedings while the Supreme Court considers this case. Absent a stay, Apple will be required to litigate its commission rate—which would require witnesses, expert testimony, briefing, and the like—predicated on a civil contempt finding that may be reversed, and all under a legal framework that would be vacated if Apple prevails in the Supreme Court. "[T]here can be no legitimate dispute that conducting further proceedings, up to and including preparing for and conducting a trial *that may ultimately be unnecessary*, would result in significant litigation costs—as well as the expenditure of judicial resources." *Cardenas v. AmeriCredit Fin. Servs. Inc.*, 2011 WL 846070, at *4 (N.D. Cal. Mar. 8, 2011) (granting stay given Supreme Court's grant of certiorari grant to address issue that "will bear upon the matter," *id.* at *3). There is no need to proceed with sensitive remand litigation *now*, especially because the remand proceedings have not even begun. Because the remand process is "in its early stage," and any reversal or vacatur by the Supreme Court "will have a significant impact" on how these proceedings should progress (if at all), a stay is appropriate. *McElrath v. Uber Techs., Inc.*, 2017 WL 1175591, at *6 (N.D. Cal. Mar. 30, 2017); *see also Yufa v. Lighthouse Worldwide Sols. Inc.*, 2015 WL 150757, at *2 (N.D. Cal. Jan. 9, 2015) (reasoning that "a stay will not prejudice Plaintiff as no trial has been set in this case").

In addition to the problems of waste and inefficiency from conducting a burdensome process that ultimately may be entirely unnecessary, that process risks irreparably harming Apple because it could produce spill-on effects in app marketplaces across the globe that would be very

---

[1] The Ninth Circuit gave this Court the option of "modify[ing] the commission prohibition to be a conditional contempt sanction" or "restrict[ing] Apple from imposing a prohibitive commission by modifying the Injunction." *Epic Games*, 161 F.4th at 1187. The only basis for this Court to do either, however, is the Ninth Circuit's decision affirming the contempt sanction. Further, regardless of which path this Court were to choose, it would need to account for the Ninth Circuit's statements concerning a commission. *Id.* at 1187-88; *see also id.* at 1186 ("reasoning that "the Injunction . . . bars only *prohibitive* commissions or fees"); *id.* at 1187 n.9. Those statements are dependent on the Ninth Circuit's ruling upholding this Court's contempt finding.

difficult—and perhaps impossible—to undo. And the fact remains that Apple would be required to undergo this proceeding as an adjudicated contemnor as to charging a commission, a circumstance that itself would be highly prejudicial. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) ("[C]ivil contempt proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct."). Given that the Supreme Court will now decide whether that contempt finding was proper in the first place, it makes no sense to nonetheless go forward with that remand proceeding—with Apple labeled as a contemnor.

*Third*, "the orderly course of justice" favors a stay. *Lockyer*, 398 F.3d at 1110. The Ninth Circuit articulated guidance for these remand proceedings, *see Epic Games*, 161 F.4th at 1187-88, but if the Supreme Court reverses or vacates the Ninth Circuit's decision, it would either obviate the need for these proceedings in the first place or, at the very least, change the governing legal framework for any future proceedings. As noted, litigating Apple's commission rate is likely to take a significant amount of time and effort, taxing both the Court's and the parties' resources. A stay would "conserve resources," *McElrath*, 2017 WL 1175591, at *6, and "considerations of the orderly and efficient administration of justice counsel a stay under the circumstances," *Robinson*, 2016 WL 7102832, at *3. "Here, judicial economy will best be served if this Court does not expend the resources required" to resolve critical and difficult issues, "only to have to re-visit the decision . . . following a controlling decision from [the Supreme Court]." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (Koh, J.) (granting stay where "whatever the outcome in [a pending Ninth Circuit decision, the] decision is likely to provide substantial guidance, if not new law, that will materially impact the Court's decisions in the instant case").

Courts in this District regularly stay proceedings where, as here, a pending Supreme Court decision may alter the legal foundation on which further litigation rests. In *Apple Inc. v. Samsung Electronics Co. Ltd.*, for instance, the district court granted a stay of a "damages retrial" just six days before the retrial was set to proceed, after the Supreme Court granted Samsung's petition for certiorari as to one of the questions it had presented, which concerned the apportionment of profits relating to design patent infringement. 2016 WL 9021536, at *1 (N.D. Cal. Mar. 22, 2016) (Koh,

J.). As the district court explained, "any further proceedings—including trial, post-trial motions, supplemental damages, and possible further appeals—would be inefficient in light of the U.S. Supreme Court's review of a damages question that is central to the instant proceedings." *Id.* at *4. The district court further reasoned that "the burden of proceeding not only with the 2016 damages retrial but also with the post-trial motions, motion for supplemental damages, and any appeal of this Court's orders—all in parallel with a potentially dispositive U.S. Supreme Court proceeding—would be significant." *Id.* at *5. And, although the district court recognized that "merely proceeding in the ordinary course of litigation" does not, "standing alone, . . . warrant a stay," that principle did not justify proceeding with a retrial where "the U.S. Supreme Court has granted a petition for certiorari *in this case* on a question that is undisputably central to the . . . retrial." *Id.*

So too here. Indeed, the stay of the post-trial damages proceeding in *Apple v. Samsung* is not unique. *See, e.g.*, *Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 815-17 (N.D. Cal. Oct. 9, 2020) (granting a stay pending the Supreme Court's decision in a related case that would "decide an important legal question in this case [and] could altogether dispose of Plaintiffs' complaint as a matter of law"); *United States v. Garcia-Gomez,* 2019 WL 331279, at *2 (N.D. Cal. Jan. 25, 2019) (granting a stay where the Supreme Court granted certiorari, and the Ninth Circuit ordered additional briefing, in cases that would define a term central to one of the defendant's defenses).

This Court's contempt finding—which applied a principle of Ninth Circuit law at odds with other Circuits and now subject to Supreme Court review—is central to this proceeding and the basis for everything that has happened since that finding was issued and the Ninth Circuit affirmed it. Indeed, the Ninth Circuit specifically relied on the "spirit" of the injunction in affirming this Court's civil contempt finding: "[T]he spirit of the Injunction contemplates the *prohibitive* commissions, and the text of the Injunction does not address commissions at all." *Epic Games*, 161 F.4th at 1187 n.9. Moreover, Epic itself argued in the Ninth Circuit that the contempt issue was the "horse" that had to come before the "cart" of everything else, including the question of the remedies for contempt. *See* Epic CA9 Br. 31-32 (emphasizing that the Ninth Circuit should

consider the validity of the contempt finding *before* considering the remedy for that finding). Epic further argued that the scope of remedies was governed by the contempt finding. *Id.* at 54-55.

Now that the Supreme Court has agreed to review the legal basis for the contempt finding—and thus whether the Ninth Circuit's judgment should stand—this Court should pause any further remand proceedings. This will be a completely different case if the Supreme Court holds that the contempt finding, and the Ninth Circuit's affirmance thereof, was erroneous. Judicial efficiency and respect for the Supreme Court's own review process warrant a stay.

In short, any further proceedings before this Court on remand are dependent on the contempt ruling that the Supreme Court has now agreed to review. The remand proceedings should not go forward until the Supreme Court issues its decision. Doing anything different would be not only highly inefficient, but also uniquely prejudicial to Apple.

## III.   CONCLUSION

Apple respectfully requests that the Court stay further proceedings in this case until the case returns to this Court following the Supreme Court's decision in *Apple Inc. v. Epic Games, Inc.*, No. 25-1311 (U.S.).

Dated:   July 6, 2026

By: */s/ Sarah M. Ray*

**LATHAM & WATKINS LLP**

Sarah M. Ray (SBN 229670)
 *sarah.ray@lw.com*
Aaron T. Chiu (SBN 287788)
 *aaron.chiu@lw.com*
Brett M. Sandford (SBN 302072)
 *brett.sandford@lw.com*
Blake Richard Davis (SBN 294360)
 *blake.davis@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 *gary.feinerman@lw.com*
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 *christopher.bower@lw.com*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com

*Attorneys for Defendant Apple Inc.*