Sarah M. Ray (SBN 229670)
 sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
 aaron.chiu@lw.com
Brett M. Sandford (SBN 302072)
 brett.sandford@lw.com
Blake Richard Davis (SBN 294360)
 blake.davis@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 gary.feinerman@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 christopher.bower@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT REVIEW**<br><br>Date: August 11, 2026<br>Time: 9:00 AM<br>Place: Courtroom 1, 4th Fl.<br>Judge: The Honorable Yvonne Gonzalez Rogers |

## I.      INTRODUCTION

This Court should not embark on a complex, burdensome, and sensitive inquiry into the commission Apple may charge on link-out purchases while the Supreme Court is actively considering the civil contempt finding that is the necessary predicate for *any* further remand proceedings on the commission.  A Supreme Court decision reversing the Ninth Circuit—or a decision by the Ninth Circuit overturning the contempt finding on remand from the Supreme Court—would obviate the basis for any remand, because both of the remand options that the Ninth Circuit specified in its decision are explicitly framed in terms of "amend[ing]" the April 30 civil contempt order.  *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1187, 1194 (9th Cir. 2025).  That order rests entirely on the contempt finding.  At a minimum, the Supreme Court's decision may materially change the contours of such proceedings, just as the Ninth Circuit's decision reviewing this Court's contempt finding included language shaping how further proceedings may unfold.  Other courts in this District have issued stays in similar circumstances, recognizing the burden and inefficiency of requiring parties to litigate issues central to parallel proceedings in the Supreme Court.  *See Apple Inc. v. Samsung Elecs. Co.*, 2016 WL 9021536, at *4-5 (N.D. Cal. Mar. 22, 2016) (Koh, J.).  This Court should do the same.  A stay would simply maintain the status quo, under which Apple continues to charge no commission on link-out purchases.  Respect for the Supreme Court and its decisionmaking process alone warrants such a stay.

Having fought to hold Apple in contempt and having defended this Court's contempt finding on appeal, Epic's central argument now is that the Supreme Court's grant of certiorari to decide the contempt question is somehow irrelevant.  That is wrong: the *only* basis for remand proceedings on the commission is this Court's contempt finding—affirmed by the Ninth Circuit— that Apple violated the original injunction.  That explains why the Ninth Circuit began with the question whether the contempt finding was proper, and only then turned to the remedies this Court imposed for contempt.  And that explains why the Ninth Circuit instructed this Court on remand to "amend the April 30 [civil contempt] Order's commission prohibition," showing that the contempt finding undergirds any remand proceedings.  *Epic Games*, 161 F.4th at 1187, 1194.  If the contempt finding is overturned, there will be no remand at all.  Moreover, at a minimum, there

is every reason to think that the Supreme Court will provide material guidance that would shape any further proceedings, whether concerning contempt sanctions or a modification of the injunction. Epic's opposition here echoes the arguments it presented to the Supreme Court in opposing certiorari. But the Court granted Apple's petition over those arguments, recognizing that the contempt finding is relevant to whatever happens next in this litigation.

Epic's other arguments fare no better. Epic claims that "the Ninth Circuit and Justice Kagan have already rejected the precise stay Apple is seeking here." Epic's Opp. to Stay of Remand Proceedings ("Opp."), Dkt. 1698, at 5. That is wrong: the Ninth Circuit and Justice Kagan rejected a stay of the mandate—rather than the more limited stay of the proceedings, which Apple requests here—so the prior stay denials rested on factors not relevant here. Their decisions also predated the Supreme Court's grant of certiorari and Apple's certiorari petition, which made clear that Apple challenges the contempt finding altogether, not simply the "spirit" standard, as Epic suggests. And the decisions not to stay the *mandate* do not cabin this Court's broad equitable authority to stay *proceedings* to promote judicial economy.

Nor does Epic show any harm. Epic cites no basis for its conjectural claim that "uncertainty" is somehow preventing developers from implementing link-out purchases. Opp. at 10. Developers (including Epic itself) are, in fact, implementing link-out purchases, as demonstrated below. And Epic does not dispute that Apple will continue charging a zero percent commission while the Ninth Circuit's judgment remains in effect, affording Epic a financial windfall in the interim. Meanwhile, Apple will plainly be prejudiced by having to undergo further proceedings as an adjudicated contemnor and potentially disclose sensitive proprietary information that could have global ramifications, even though the Supreme Court's decision in this case may obviate the basis for any remand proceedings as to the commission.

There is, in short, no reason for this Court to forge ahead with remand proceedings on the commission Apple may charge while the Supreme Court decides whether such proceedings are even necessary, or how they should play out. The Court should pause further proceedings so that the Supreme Court can consider the case and provide guidance. A stay is warranted.

## II.    ARGUMENT

### A.    The Supreme Court's Decision Could Obviate The Need For Further Proceedings Or Fundamentally Change Their Nature

Epic's primary argument is that the Supreme Court's resolution of the contempt question will have no impact on the proceedings before this Court. Opp. 6-10. As a result, Epic argues, this Court should "proceed with the remand proceedings" right now. *Id.* at 4. Epic is wrong.

The only basis for any "remand proceedings" is this Court's civil contempt finding. That is what gave rise to the Court's April 30, 2025 decision, which ordered relief due to Apple's "violation[] of [the] permanent injunction," allowing the Court to issue "a civil contempt order" that could "clarify the terms of the injunction and coerce compliance." Dkt. 1508 at 74. The Ninth Circuit affirmed this Court's contempt finding, reversed in substantial part the remedies this Court ordered, and "remand[ed]" to this Court to, among other things, "*amend the April 30 Order's commission prohibition* as either a purgeable civil contempt sanction or a properly tailored clarification or modification of the Injunction." *Epic Games*, 161 F.4th at 1187, 1194 (emphasis added). In other words, the only order that is the subject of any remand proceedings ordered by the Ninth Circuit is this Court's April 30 civil contempt order. *See id.* If the Supreme Court reverses the Ninth Circuit and concludes that Apple did not violate the injunction by charging a commission on link-out purchases (or the Ninth Circuit reaches that conclusion on remand from a decision by the Supreme Court), there is no basis for this Court to alter—whether using the contempt power, the modification power, or any other power—the remedies set forth in the April 30 civil contempt order, as the Ninth Circuit's decision directs. And there is no question this Court's decision to hold Apple in civil contempt is "central" both to any remand proceedings stemming from the Ninth Circuit's decision and to parallel litigation now proceeding before the Supreme Court. *Samsung*, 2016 WL 9021536, at *4. That alone is reason to issue a stay.

At the very least, Epic does not dispute that the Supreme Court's decision could provide "substantial guidance" about how any further proceedings should play out. *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (Koh, J.). Epic argues that the Ninth Circuit offered "two avenues" for remand proceedings, and that "[o]nly the first"—concerning a

purgeable contempt sanction—"is potentially implicated by the Supreme Court's review."  Opp. at 7.  Epic again is wrong.  In the words of the Ninth Circuit, both avenues are pathways for this Court to "resolve its error," referring to the contempt sanction, meaning that the only basis for a remand of any kind is the Ninth Circuit's decision with respect to the contempt finding.  *Epic Games*, 161 F.4th at 1187.  If that finding is overturned, there is no basis for any remand under either option.  And even as to the "modification" option, the Ninth Circuit remanded for this Court to "amend the *April 30 Order's* commission prohibition," *Epic Games*, 161 F.4th at 1187, 1194 (emphasis added)—confirming that the Ninth Circuit tied any modification to the contempt finding embodied in the April 30 Order.  *See Alaska Dep't of Fish & Game v. Fed. Subsistence Bd.*, 139 F.4th 773, 788 (9th Cir. 2025) (explaining that, under the "rule of mandate," "if a claim falls outside the scope of our remand, then the district court is without jurisdiction to hear the claim").

Furthermore, the Supreme Court could alter the legal framework for any further proceedings in this case.  The Ninth Circuit provided express instructions on how any proceeding on remand to modify the injunction should proceed.  *Epic Games*, 161 F.4th at 1187 n.9.  But if the Supreme Court reverses or vacates the Ninth Circuit's decision, any statements in the Ninth Circuit's decision regarding the remand will no longer be operative.  At a minimum, the Supreme Court's "decision will bear upon" what happens next in this case.  *Cardenas v. AmeriCredit Fin. Servs. Inc.*, 2011 WL 846070, at *3 (N.D. Cal. Mar. 8, 2011).[1]

Epic asserts that "even if the Supreme Court *accepts* Apple's position on the law of contempt, that should not affect the finding that Apple's commission violated the Injunction."

---

[1] Epic quotes the Ninth Circuit's general guidance that "Apple should be able to charge a commission on linked-out purchases based on the costs that are genuinely and reasonably necessary for its coordination of external links for linked-out purchases, but no more."  Opp. at 9 (quoting *Epic Games*, 161 F.4th at 1187).  According to Epic, "[t]hat directive will govern the remand proceedings *regardless of* whether this Court decides to set the appropriate fee as part of a civil contempt sanction or as a modification of the Injunction." *Id.*  That is incorrect.  The Ninth Circuit was clear that, "[i]f the district court chooses to modify the Injunction to enjoin commissions for linked-out purchases, the district court must tailor the Injunction to the underlying UCL violation," and the UCL violation can support an injunction that bans only "*prohibitive* commissions." *Epic Games*, 161 F.4th at 1187 n.9 (emphasis in original).  But all that matters for present purposes is that the Supreme Court's decision could eliminate or alter any remand instructions by the Ninth Circuit and replace them with the Supreme Court's own guidance.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Apple's Reply ISO Mot. to Stay
Case No. 4:20-cv-05640-YGR

4

Opp. at 8 n.2. But that is the very issue before the Supreme Court. Apple argued in its certiorari petition not just that the Ninth Circuit applied the wrong legal standard, but that the resolution of that issue is "outcome determinative." Pet. for Cert. ("Pet.") at 3, *Apple Inc. v. Epic Games, Inc.*, No. 25-1311 (U.S. May 21, 2026); *see id.* at 20-24 (explaining why the Ninth Circuit erred in finding Apple in contempt and why, under a proper standard, Apple cannot be held in contempt). In response, Epic urged the Court to deny certiorari on the ground that the Ninth Circuit's decision was right under any standard. Brief in Opp. at 25-26, *id.* (U.S. June 4, 2026). But the Supreme Court granted certiorari over Epic's objections. And it is canonical that the Supreme Court "reviews judgments, not statements in opinions." *Black v. Cutter Labs.*, 351 U.S. 292, 297 (1956). So, if the Supreme Court agrees with Apple's position concerning the proper standard for assessing civil contempt, the Ninth Circuit's decision affirming this Court's contempt order cannot stand. At a minimum, if the Supreme Court agrees with Apple that the Ninth Circuit applied the wrong standard, then it may direct the Ninth Circuit to reconsider the issue under the correct standard. Under either scenario, the Supreme Court's decision would eliminate the contempt finding.

Epic's pivot to the modification option in the Ninth Circuit's remand order does not change anything. As discussed, the modification option in the Ninth Circuit's decision is itself explicitly tied to this Court's April 30 contempt order. *Supra* at 4. Moreover, this argument again repeats Epic's unsuccessful effort to avoid certiorari. In urging the Supreme Court to deny certiorari, Epic told the Supreme Court that the answer to Apple's question presented concerning the contempt power "would make no difference to the outcome" because this Court "would remain free to make exactly the same modifications to the decree based on exactly the same proceedings and findings." Brief in Opp. at 25-26. As Apple explained, however, Epic "glosse[d] over the fundamental difference between forward-looking modifications and backward-looking contempt sanctions" and "fail[ed] to grapple with the 'stigma' contempt threatens." Reply at 11, *Apple Inc. v. Epic Games, Inc.*, No. 25-1311 (U.S. June 9, 2026). Then the Supreme Court granted certiorari.

The Supreme Court's grant of certiorari—despite the arguments Epic repeats in this Court—strongly suggests that the Supreme Court views the contempt finding as relevant to any further proceedings that may occur in this case. It would undercut the Supreme Court's authority

to decide a question at the heart of this dispute to do what Epic urges this Court to do—move forward with remand proceedings before the Supreme Court decides whether Apple may be held in contempt at all, or what legal framework should apply to any remand proceedings.

### B.    Prior Denials Of Apple's Motion to Stay The *Mandate* Do Not Answer The Question Whether This Court Should Issue A Stay Of The *Proceedings*

Epic emphasizes the Ninth Circuit's decision to issue its mandate and Justice Kagan's denial of Apple's emergency application for a stay, claiming that those decisions somehow "rejected the precise stay Apple is seeking here" and "fatally undermine[]" Apple's request for this Court to exercise its broad equitable authority to stay these proceedings pending parallel Supreme Court review.  Opp. at 5.  That is incorrect.

To obtain a stay of the mandate pending certiorari, a party "must show (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam).  Applying that standard—which necessarily involves some prediction about how the Supreme Court might proceed—both the Ninth Circuit and Justice Kagan denied a stay.  But those decisions predated the Supreme Court's decision to grant certiorari.  Moreover, the stay denials predated Apple's petition for certiorari, in which Apple argued that resolution of the civil contempt issue is "outcome determinative." *Supra* at 5.  In addition, the criteria to stay *proceedings*—the issue now before this Court—are distinct.  Those criteria flow from this Court's power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The relevant factors include the "possible damage" from a stay, any "hardship or inequity" in forcing Apple to "go forward" now, and "the orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).  They are, in other words, distinct from the factors relevant to staying the Ninth Circuit's *mandate*.

Epic repeatedly emphasizes the Ninth Circuit's statement in denying a stay of the mandate that, "[e]ven if the Supreme Court agrees with Apple's arguments, there would still be further

proceedings on remand, particularly on the question of commission, and those proceedings are likely to look similar, if not the same, regardless of certiorari." *Epic Games, Inc. v. Apple Inc.*, 2026 WL 1215632, at *1 (9th Cir. Apr. 28, 2026). But the Ninth Circuit made that statement in explaining its conclusion that Apple does not face "irreparable harm" in the context of assessing the propriety of staying the *mandate* before the Supreme Court acted on Apple's certiorari petition. *See id.* That reasoning has little application to the distinct question, presented here, whether to stay these *proceedings* now that the Supreme Court has granted Apple's petition, under a framework that does not require Apple to show irreparable harm. *Supra* at 6. And, again, the Ninth Circuit made that statement before it had seen Apple's certiorari petition, which argues that the civil contempt finding cannot stand under the correct legal standard. It is irrefutable that this case will be transformed if the civil contempt finding is set aside. In that situation, there will be no remand. And the Supreme Court already implicitly rejected Epic's arguments concerning the supposed irrelevance of the civil contempt finding by granting certiorari. *See supra* at 5-6.

### C. The Balance Of Harms And Interests In Judicial Economy Weigh Strongly In Favor Of Staying These Proceedings

Epic's attempts to argue that it will be harmed by a stay are unavailing. Epic does not dispute that Apple will not charge *any* commission on link-out purchases—either to Epic or any other developer—while the Supreme Court considers this case. That is the exact situation that Epic itself urged the Ninth Circuit to adopt in defending the zero-commission rule. To identify a harm, Epic instead posits that developers are "unwilling to incur" costs "adjusting their apps and business models" until it is certain what rate Apple will charge for link-out transactions. Opp. at 5-6. Epic does not cite any authority substantiating these conjectural harms. Instead, it cites (in a footnote) a single article from *Apple Magazine*, "predict[ing] that" developers might wait for this Court to set a link-out commission rate. Opp. at 6 n.1. And Epic then repeats its claim that "developers will not adopt steering until they know with finality what commission Apple will be allowed to impose on steering." Opp. at 10. But, again, it cites nothing supporting that claim.

In any event, Epic is wrong because developers—in fact—are implementing link-out purchases. As one developer has explained (in this Court): "In the wake of the Ninth Circuit's

affirmance of this Court's contempt Order, and the resulting mandate, Pure Sweat is launching an updated version of its apps" that "uses external links so that users can purchase Pure Sweat subscriptions using Stripe instead of processing payments through Apple's in-app purchase interface."  Complaint ¶ 18, Dkt. 56, *Pure Sweat Basketball Inc. v. Apple Inc.*, No. 25-cv-03858-YGR (N.D. Cal. June 10, 2026).  Other developers have likewise implemented link-out transactions.  *See, e.g.*, Paddle, *RevenueCat and Paddle Launch Integration to Power Cross-Platform Subscription Growth* (June 4, 2025), available at www.prnewswire.com/news-releases/revenuecat-and-paddle-launch-integration-to-power-cross-platform-subscription-growth-302473184.html (discussing a new subscription integration and noting that this Court's contempt order "now allows iOS apps to link out to external payment options"); Appcharge, *iOS External Payments: What Actually Works* (August 16, 2025), available at https://www.appcharge.com/blog/ios-external-payments-what-actually-works (discussing how the "mobile games industry has moved quickly" to introduce external payment links, and detailing how Epic, Patreon and Spotify each "approached their iOS payment link rollouts"); Match Grp., Inc., Annual Report (Form 10-K), at 43 (Feb. 26, 2026) (explaining that Apple's "inability . . . to impose fees on transactions processed through alternative payment systems" is leading to "fee savings"); Ten Square Games S.A., Quarterly Report (Q3 2025), at 101 (Nov. 12, 2025) (discussing implementation of link-out transactions); Huuuge, Inc., Press Release, at 1-2 (May 26, 2026) (same).  Epic's speculative claim to harm, in other words, is refuted by numerous real-world examples, including its own conduct.

More generally, forging ahead with the remand proceedings while the contempt issue is before the Supreme Court will not eliminate "uncertainty" for developers.  If anything, the prospect of parallel proceedings before this Court and the Supreme Court will exacerbate uncertainty and confusion over what commission may ultimately be charged on link-out purchases.  Even if this Court goes ahead with the remand proceedings, the prospect of a Supreme Court decision that results in the elimination of the contempt finding or changes the legal framework for any such proceedings will hang over this case.  Jumping ahead with those proceedings while the contempt issue is being considered by the Supreme Court will not eliminate any uncertainty.

Epic's attempt to cast aspersions on Apple's motives for seeking a stay is unfounded and unproductive. Opp. at 4-5; *see also id.* at 11 (claiming that "Apple is desperately trying to *delay* the proceedings" and that its "sole reason" for seeking a stay is to reap "supracompetitive profits"). Apple initially sought a stay of the mandate so that the Supreme Court could consider whether to grant certiorari before any remand commenced. And Apple simply renewed its stay request before this Court in the wake of the Supreme Court's decision to grant certiorari. Moreover, as explained in Apple's stay motion and below, Apple's request is based on the principle that it would be inefficient and prejudicial to require Apple to undergo a remand proceeding that may be obviated or fundamentally altered by a Supreme Court decision on whether the contempt finding was proper in the first place. Epic cannot dispute that extending the time in which Apple is charging a zero percent commission on link-out purchases confers an immediate financial windfall on Epic.

At the same time, Apple faces real and immediate harms from being forced to litigate its commission rate on link-out purchases as an adjudicated contemnor—while the Supreme Court considers whether Apple may be held in contempt under the correct legal standard. Apple will also be prejudiced by having to litigate simultaneously, in parallel proceedings in the Supreme Court, whether there should be remand proceedings addressing the commission rate in the first place. Apple will be forced to marshal evidence under a legal framework that is now subject to further review, disclose sensitive and proprietary information about its business, and litigate a commission rate that—as Epic does not deny—could produce global effects. *See* Apple's Mot. to Stay ("Mot."), Dkt. 1697, at 6-7. All that is highly prejudicial.

Epic's response that the Supreme Court will not address Apple's status as an adjudicated contemnor is flat-out wrong. *See* Opp. at 12-13. To begin, Epic's argument (at 12-13) piggybacks on the Ninth Circuit's decision finding that Apple was in contempt. But that is the very question the Supreme Court has agreed to review. As discussed, Apple squarely argued in its certiorari petition that the contempt finding cannot stand under the proper legal framework. *See supra* at 4-5. Epic's argument also fails to grapple with *Samsung*—a case Apple stressed in its motion, *see* Mot. at 7-8, but Epic simply ignores. There, Judge Koh recognized that "the burden of proceeding not only with [further proceedings] but also with the post-trial motions, . . . and any appeal of this

Court's orders—all in parallel with a potentially dispositive U.S. Supreme Court proceeding—would be significant." *Samsung*, 2016 WL 9021536, at *5. *Samsung*'s bottom-line holding holds true here: "[T]he interests of judicial economy, the orderly course of justice, and the avoidance of unnecessary expenditure of time and resources in the form of proceeding through post-trial motions, supplemental [] motion practice, and appeals in parallel with the U.S. Supreme Court proceedings in this case weigh strongly in favor of granting a stay." *Id.* at *6.

Finally, Epic has no response to the inefficiencies of holding a complex, sensitive, and potentially lengthy remand proceeding on the commission Apple may charge in the wake of this Court's contempt finding, when the basis for that remand proceeding may be eliminated by the Supreme Court's review of the contempt issue, or when, at a minimum, the legal framework for that proceeding may be altered. All agree that what happens next in this case is of great import, both legally and practically. Now that the Supreme Court has taken the extraordinary step of granting certiorari to decide the contempt question, this Court should allow the Supreme Court to complete its decisionmaking process before undertaking any remand proceedings pursuant to a contempt finding that may be reversed or vacated in relevant part.

*    *    *

Every *Landis* factor strongly supports a stay of the proceedings before this Court pending the Supreme Court's decision. If, however, this Court denies a stay, Apple respectfully requests that it enter an administrative stay to allow Apple to evaluate the Court's order and determine whether to seek a stay or related relief in the Ninth Circuit or Supreme Court. It would be prejudicial to require Apple to proceed with any remand proceeding in this Court before the stay issue has been resolved, and there can be no harm to Epic by a short delay that would permit those Courts to consider whether to grant a stay.

III.    **CONCLUSION**

Apple respectfully requests that the Court stay further proceedings in this case until the case returns to this Court following the Supreme Court's decision in *Apple Inc. v. Epic Games, Inc.*, No. 25-1311 (U.S.).

Dated:   July 13, 2026

By: /s/ *Sarah M. Ray*

**LATHAM & WATKINS LLP**

Sarah M. Ray (SBN 229670)
 *sarah.ray@lw.com*
Aaron T. Chiu (SBN 287788)
 *aaron.chiu@lw.com*
Brett M. Sandford (SBN 302072)
 *brett.sandford@lw.com*
Blake Richard Davis (SBN 294360)
 *blake.davis@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 *gary.feinerman@lw.com*
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 *christopher.bower@lw.com*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com

*Attorneys for Defendant Apple Inc.*