# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF CORAL SPRINGS POLICE OFFICERS PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., et al., <br><br> Defendants. | Case No. 25-cv-06252-NW <br><br> **ORDER STAYING ACTION; DENYING MOTION TO DISMISS WITHOUT PREJUDICE; RELATING CASES; GRANTING MOTION FOR LEAVE** <br><br> Re: ECF No. 82, 97, 100 |

Three motions are currently pending before the Court in the instant action ("*Coral Springs* Action"): Apple's motion to dismiss the class action complaint ("Comp."), ECF No. 82; Apple's motion to relate this action to *City of Hollywood Police Officers Retirement System v. Cook* (5:26-cv-01724-NW), ECF No. 97 ("*Hollywood* Action"); and Apple's motion for leave to file a response to Plaintiff's chart of alleged misleading statements, ECF No. 100.[1]  For the reasons set forth below, the Court STAYS this action, DENIES WITHOUT PREJUDICE Apple's motion to dismiss, RELATES this action to the *Hollywood* Action, and GRANTS Apple's motion to supplement Plaintiff's chart.

## I.   BACKGROUND

This is a putative class action for securities fraud against Apple, Inc. and several of its officers (collectively, "Defendants").  Lead Plaintiff National Pension Service, on behalf of the National Pension Fund ("Plaintiff"), filed the operative complaint on January 28, 2026.  The

---

[1] On June 4, 2026, the Court Ordered Plaintiff to file a chart of the alleged misleading statements set forth in the complaint.  ECF No. 95.  Plaintiff timely filed its chart on July 11, 2026.  ECF No. 96.  Apple filed its motion for leave on July 19, 2026.  ECF No. 100.  It is Apple's position that Plaintiff's chart misstates the correct dates upon which several of the statements were supposedly made.  *Id.*

complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") from May 3, 2024 to May 1, 2025, inclusive (the "Class Period"). Plaintiff alleges that during the Class Period, Defendants made false and misleading statements about two aspects of Apple's business: (1) Apple's purported compliance with an injunction issued in *Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640-YGR (N.D. Cal.) on September 10, 2021 ("the Injunction"), and (2) the rollout of new, artificial-intelligence powered features for Apple's virtual assistant, Siri.

### A. The *Epic* Action

The *Epic* case precedes the instant case by more than five years. There, plaintiff alleged that Apple had engaged in anticompetitive conduct, primarily by instituting anti-steering restrictions on developers selling applications through Apple's App Store and applying a 30% commission on in-app purchases. Compl. ¶ 108. The action, which continues to this day, has been vigorously litigated and followed closely by Apple's investors and the press. In 2021, the Court held a bench trial, found that Apple's conduct violated federal and state antitrust laws, and barred Apple from continuing its anticompetitive practices. *Id.* ¶ 109.

Though the *Epic* Court issued the Injunction on September 10, 2021, it stayed enforcement until Apple exhausted its appeals; the Injunction ultimately went into effect on January 17, 2024. *Id.* ¶ 113. Within a few months, Epic notified the Court that Apple was not complying with the Injunction and filed a motion to enforce the Injunction and hold Apple in contempt. *Id.* ¶ 130. On April 30, 2025, following two separate rounds of evidentiary hearings regarding Apple's compliance efforts, the Court issued an Order that found "Apple *willfully* chose to ignore the Injunction, *willfully* chose to create and impose another supracompetitive rate and new restrictions, and thus *willfully* violated the injunction." *Epic Games, Inc. v. Apple Inc.*, 781 F. Supp. 3d 943, 992 (N.D. Cal. 2025) (the "April 2025 Order"). The Ninth Circuit largely affirmed the Order in December 2025, agreeing that Apple's conduct "fl[ew] in the face of the Injunction's spirit." *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1182 (9th Cir. 2025).

Apple appealed the Ninth Circuit's decision to the Supreme Court. On June 30, 2026, the Supreme Court granted Apple's petition for writ of certiorari as to the following question:

> Whether a court may hold a party in civil contempt based on a violation of an injunction's "spirit" where the injunction is silent as to the conduct upon which contempt is based, as the Ninth Circuit holds; or, instead, whether a court must ground a finding of civil contempt on the violation of an order that clearly and unambiguously proscribes the precise conduct at issue, as other circuits hold.

*Apple Inc. v. Epic Games, Inc.*, No. 25-1311, 2026 WL 1871316, at *1 (U.S. June 30, 2026).

### B.      The Instant Action

Private securities class actions such as this one are governed by the Private Securities Litigation Reform Act ("PSLRA").  Per the PSLRA's heightened pleading standard, a plaintiff must also "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading."  15 U.S.C. § 78u-4(b)(1).  In the instant action, Plaintiff alleges 55 misstatements.  ECF No. 96.  Thirty-five of those statements concern Apple's compliance with the injunction.  These include:

- "As of January 16, 2024, Apple has fully complied with the Injunction."  Stmt. 10.

- "Apple's framework for injunction compliance was implemented in good faith, after extensive study, for the benefit of all platform participants."  Stmt. 16.

- "Apple understands its obligation to comply with the Court's orders. That is why it invested substantial resources to develop a comprehensive regime that complies with the letter and spirit of the Injunction while also protecting users and allowing Apple to collect a lawful commission for developers' use of its tools and technologies . . ."  Stmt. 23.

*See generally* ECF No. 96.

Plaintiff quotes extensively from the April 2025 *Epic* Order throughout the complaint.  For Plaintiff, the Order serves as direct evidence of Apple's state of mind, and it highlights the falsity of many of Apple's contemporaneous statements.

Defendants moved to dismiss Plaintiff's complaint on February 25, 2026.  ECF No. 82.  Among other arguments, Apple claimed that the statements purportedly giving rise to this action were not made with the requisite scienter and/or were not false when the statements were made.  *See generally id.* at 15-27.  In its opposition, as in the complaint, Plaintiff repeatedly referenced the *Epic* Court's April 2025 Order, insisting that the Court had found Apple's purported

3

compliance with the Injunction to be false, so this Court should as well. This is the same April 2025 *Epic* Order that is currently before the Supreme Court.

## II. DISCUSSION

The Court has inherent management powers to control its docket and to promote the efficient use of resources for itself, counsel, and the parties. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). When considering whether to issue a stay, the Court weighs various factors including hardships and any inequities to the parties, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Here, the Court finds that the benefits of a stay are worth the hardships any delay will cause to the parties. A stay ensures that the parties will not have to relitigate anything should the Supreme Court's ruling modify the April 2025 *Epic* Order.[2] If past is prologue, the Supreme Court will likely issue a decision within the year, at which point the instant action can resume.

Because the allegations in this action depend, at least in part, on the findings within the April 2025 Order, and because the Supreme Court intends to review that Order in its October 2026 term, the Court STAYS this action until the appeal is resolved. The case management conference set for July 21, 2026 is VACATED.

In light of the stay, the Court ORDERS as follows:

1. Within three days of any decision from the Supreme Court, the parties will jointly notify the Court of the disposition of the appeal.

2. Because the case is STAYED, the Court DENIES WITHOUT PREJUDICE Apple's motion to dismiss. Apple may renew its motion after the Court lifts the stay consistent with any instructions the Court provides at that time.

3. Apple's motion to relate the *Coral Springs* Action to the *Hollywood* Action is

---

[2] The Supreme Court could do any number of things in *Epic*, including issuing a narrow ruling that focuses on resolving the circuit split referenced in the question excerpted above. But what matters here is that at this juncture it is unknown whether the Court's decision will amend or clarify aspects of the April 2025 Order in a manner that could impact this case.

United States District Court
Northern District of California

GRANTED. A companion Order in the *Hollywood* Action will stay that case pending the resolution of the *Coral Springs* Action. Keeping the cases together ensures the cases move forward in lockstep.

4. Apple's motion for leave to file a response to Plaintiff's chart is GRANTED. The Court will consider the response, and Plaintiff's opposition thereto, when and if it takes up any renewed motion to dismiss.

5. The Court SETS a case management conference for February 2, 2027, at 9:00 a.m. The parties must provide, in their joint case management statement, an update on the status of the *Epic* matter currently before the United States Supreme Court.

**IT IS SO ORDERED.**

Dated: July 17, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

5