**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EPIC GAMES, INC.,** | **Case No.: 4:20-CV-05640-YGR** |
| Plaintiff, | |
| v. | **ORDER DENYING APPLE'S MOTION TO STAY PROCEEDINGS** |
| **APPLE INC.,** | **RE: DKT. NO. 1697** |
| Defendant. | |

Pending before this Court is Apple's Motion to Stay Proceedings Pending Supreme Court Review.  (Dkt. No. 1697.)  Having considered the parties' filings, the record in this case, oral argument, and as confirmed on the record, the motion is **DENIED** in its entirety.  The Supreme Court's grant of a narrow review of the contempt proceedings does not substantially impact the factual issues that must be resolved to ensure compliance with the injunction.

To expedite issuance of this order, the Court assumes the parties' familiarity with the proceedings and agrees with the analysis outlined in Epic Games's opposition to the motion.  (Dkt. No. 1698.)

Notwithstanding the issue of contempt, as the Ninth Circuit has confirmed, and as Apple has repeatedly conceded, the Court has the authority to modify the injunction.  *See* Apple's Opening Brief in *Epic Games v. Apple, Inc.*, U.S. Court of Appeals for the Ninth Circuit Case No. 25-2935,[1] Dkt. No. 59.1, at 37 ("On remand, the district court can hold a proceeding to consider whether the injunction should be modified to prohibit Apple's existing commission."); Apple's Petition in *Apple,*

---

[1] All filings for this case before the Ninth Circuit can be accessed at https://ca9-showdoc.azurewebsites.us/full-docket/1d02a68e-bb7c-4021-af16-ed352facf157.

United States District Court
Northern District of California

*Inc., Petitioner v. Epic Games, Inc.*, U.S. Supreme Court Case No. 25-1311,[2] at 22 ("Of course, nothing prohibits a district court from modifying and enlarging an injunction if new circumstances arise or it becomes clear that an existing order is insufficient to remedy a violation."). The current charge from the Ninth Circuit is to oversee proceedings reflecting the appropriate commission to be allowed "on linked-out purchases based on the costs that are genuinely and reasonably necessary for its coordination of external links for linked-out purchases, but no more." *Epic Games v. Apple, Inc.*, 161 F.4th at 1162, 1187 (9th Cir. 2025).[3] The Supreme Court did not agree to revisit this issue, nor is the limited review a bar to the Court addressing this factual issue.

A stay prejudices plaintiff and others, while allowing Apple to continue to frustrate the injunction. There is relatively little harm to Apple. That Apple agreed to file its evidentiary proffer within 24 hours of this Court's decision reveals Apple is prepared to proceed. The factfinding mandated by the Ninth Circuit will need to be done irrespective of the Supreme Court's ruling. Thus, a stay will not result in significant conservation of judicial resources. Given Apple's propensity to delay, this phase will likely take time. We are approaching the five-year anniversary of this Court's decision. Further delay is unwarranted.

The motion is **DENIED** in full. Apple shall file its proffer within 24 hours of the filing of this order.

**IT IS SO ORDERED**.

Date:   August 11, 2026

_____
**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] All filings for this case before the Supreme Court can be accessed at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-1311.html. Apple's petition can be accessed at https://www.supremecourt.gov/DocketPDF/25/25-1311/409561/20260526163506450_2026-05-26%20Apple-Epic%20--%20Cert%20Petition%20and%20Appendix.pdf.

[3] This Ninth Circuit order is accessible at https://cdn.ca9.uscourts.gov/datastore/opinions/2025/12/11/25-2935.pdf.

2