Sarah M. Ray (SBN 229670)
 sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
 aaron.chiu@lw.com
Brett M. Sandford (SBN 302072)
 brett.sandford@lw.com
Blake R. Davis (SBN 294360)
 blake.davis@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 gary.feinerman@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 christopher.bower@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*

James P. Rouhandeh (*pro hac vice*)
 rouhandeh@davispolk.com
David B. Toscano (*pro hac vice*)
 david.toscano@davispolk.com
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: +1.212.450.4000

Micah G. Block (SBN 270712)
 micah.block@davispolk.com
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: +1.650.752.2000

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | Case No. 4:20-cv-05640-YGR<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS REMAND PROFFER AND SUPPORTING EXPERT REPORTS**<br><br>The Honorable Yvonne Gonzalez Rogers |

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Apple Inc. ("Apple") respectfully moves this Court for an order to file under seal portions of its Remand Proffer and the supporting expert reports of Dr. Dennis Carlton and Paul Meyer (together, the "Expert Reports"). The limited materials that Apple seeks to protect from public disclosure are sealable under controlling law and Civil Local Rule 79-5. Specifically, these documents contain competitively sensitive, non-public information regarding confidential financial data and business information related to Apple's revenue, operating margins, and business plans—which courts in this Circuit routinely seal.

## II.    LEGAL STANDARD

In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). To seal materials relating to a non-dispositive filing, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "To establish 'good cause,' a party must show 'that specific prejudice or harm will result if no protective order is granted.'" *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2020 WL 8409313, at *1 (D. Nev. July 29, 2020) (quoting *Foltz*, 331 F.3d at 1131). For dispositive filings, a party must meet the higher "compelling reasons" standard, *Ctr. for Auto Safety*, 809 F.3d at 1097-98, which applies where, absent sealing, "court files [could] become a vehicle for improper purposes." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (internal quotation and citation omitted). Courts also find compelling reasons for sealing "when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

## III.    APPLE'S CONFIDENTIAL BUSINESS INFORMATION SHOULD BE SEALED

Apple's Remand Proffer and supporting Expert Reports reflect highly confidential, proprietary information central to Apple's business that, if disclosed, would cause Apple irreparable competitive harm. Apple respectfully requests sealing of highly sensitive and proprietary

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Apple's Mot. to Seal
4:20-cv-05640-YGR

information about confidential, non-public financial and business information, including: App Store operating margins; app-specific and genre-level IAP revenue figures; revenue concentration and distribution metrics; commission rate data and tier-level breakdowns; granular internal cost data for payment processing; R&D investment allocations; App Store billings data and revenue forecasts; revenue-impact analyses quantifying the effect of the Court's April 2025 Order; link-out adoption statistics and profitability analyses derived from proprietary App Store transaction records; internal business plans, headcount requests, and strategic technology initiatives; marketing and developer-relations expenditure data; third parties' confidential revenue figures; and expert economic modeling and valuation analyses based on confidential inputs. This sort of confidential financial-related information is precisely the kind that the Court has previously sealed in this matter. *See, e.g.*, Dkt. 609 (Trial Order No. 2, May 7, 2021) at 2 (sealing portions of Eddy Cue's deposition "concern[ing] Apple's internal projections of the rate of return on App Store search" because "[t]he information relates to current confidential financial data that could result in competitive harm if disclosed"); Dkt. 613 (Trial Order No. 3, May 9, 2021) at 3 (sealing "monetary amounts," "gross amounts," and "YoY figures"); Dkt. 1665 (Order Re Parties' Omnibus Sealing Motion, Sept. 23, 2025) at 5-6 (sealing "financial information"). Apple's sealing requests are also "narrowly tailored to seal only the sealable material" in order to balance the public right of access. L.R. 79-5(c).

### A.  Good Cause Exists To Grant Apple's Motion To Seal

The Remand Proffer and supporting Expert Reports are evidentiary submissions to support the Court's remedial determination regarding an appropriate commission for link-out transactions. Because these submissions do not aim to resolve the merits of any underlying claims, the less exacting good cause standard should govern this Motion. *Kovalenko v. Kirkland & Ellis LLP*, 2026 WL 842402, at *2 (N.D. Cal. Mar. 26, 2026) ("Given that both non-dispositive motions raised issues unrelated to the merits of the underlying case, the lower 'good cause' standard under Rule 26(c) applies." (citing *Ctr. for Auto Safety*, 809 F.3d at 1099)). Here, the limited materials that Apple seeks to seal are plainly protected from public disclosure under the good cause standard.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Apple's Mot. to Seal
4:20-cv-05640-YGR

Certain portions of the Remand Proffer and Expert Reports contain highly sensitive, confidential, and non-public financial information that would cause specific and substantial competitive harm to Apple and third parties if disclosed. As described above, the information at issue reveals the inner workings of the App Store's financial performance—its costs, revenues, operating margins, commission structures, and strategic business plans—as well as expert economic analyses derived from those confidential inputs. Apple operates in an intensely competitive environment with multiple rival app marketplaces and digital distribution platforms, and public disclosure of this transaction-level financial data would put Apple at a competitive and commercial disadvantage. This is precisely the type of granular, non-public financial information that courts recognize as warranting protection from disclosure, as "competitors could use the sales revenue . . . to determine whether to devote additional resources to taking this revenue away from Defendants." *Karl v. Zimmer Biomet Holdings, Inc.*, 2019 WL 2775567, at *9 (N.D. Cal. July 2, 2019); *Model Drug, Inc. v. Amerisourcebergen Drug Corp.*, 2013 WL 12497455, at *2 (E.D. Cal. Nov. 27, 2013) ("Good cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury." (citation omitted)). The information at issue also describes confidential financial information about third-parties, such as annual revenue generated via in-app purchases. Courts in this District likewise routinely seal such competitively sensitive third-party material. *See Kyowa Hakko Kirin Co. v. Aragen Bioscience, Inc.*, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding "good cause" to seal confidential third-party information); *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4455492, at *6 (N.D. Cal. Oct. 8, 2024) (same).

### B. Compelling Reasons Exist to Grant Apple's Motion to Seal

Even if the Court applies the higher "compelling reasons" standard (it should not), the identified materials should still be sealed. *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal '[] marketing strategies, product development plans, [and] detailed product-specific financial information[.]" (citation omitted)).

Apple's sensitive proprietary financial information meets the compelling reasons standard. The information Apple seeks to seal is granular, non-public data concerning the financial operations of the App Store. Courts in this District routinely find compelling reasons to seal precisely this type of detailed, product-specific financial information from public disclosure. *See Entangled Media, LLC v. Dropbox Inc.*, 2026 WL 984235, at *2 (N.D. Cal. Apr. 13, 2026) ("Because the agreement contains confidential business and financial information, the court finds that the public's interest in disclosure is outweighed by compelling reasons to seal."); *Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("'[C]onfidential business information' in the form of . . . 'financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." (citations omitted)); *In re ConAgra Foods, Inc.*, 2014 WL 1257713, at *4 (C.D. Cal. Dec. 29, 2014) ("Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing." (citing *Nixon*, 435 U.S. at 598)); *Baker v. SeaWorld Ent., Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (sealing third-party confidential financial information under higher compelling reasons standard). Public disclosure of this information would cause Apple significant and irreparable competitive harm: competitors and potential market entrants could exploit Apple's specific margin data and cost structure to calibrate pricing strategies designed to undercut Apple, and the disclosure of app-specific revenue data would reveal which segments of the App Store are most lucrative—enabling targeted competitive attacks on Apple's highest-value developer relationships. *See Fed. Trade Comm'n v. Qualcomm, Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] [] competitive standing"). None of this data is publicly reported at the level of granularity contained in the Remand Proffer and Expert Reports.

### C. Apple's Sealing Request is Narrowly Tailored

Finally, as detailed further in the declaration attached hereto, Apple's sealing request is narrowly tailored to encompass limited, highly sensitive portions of the Remand Proffer and supporting Expert Reports, not the entirety of those submissions. Apple has identified only those discrete

passages that contain sealable material—specific numerical figures, proprietary technical descriptions, and confidential analyses that cannot be disclosed without causing competitive harm—while most of the content remains available to the public. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 596 (N.D. Cal. 2020) (granting motion to file under seal where "the documents to be sealed contain[ed] highly sensitive, non-public information" and "the material to be sealed in the briefs [was] narrowly tailored" to "only sealable material"); *see also Stemmelin v. Matterport, Inc.*, 2022 WL 1422567, at *1 (N.D. Cal. May 5, 2022) (same); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (same).

## IV.    CONCLUSION

In light of the foregoing, Apple respectfully requests that the Court grant this motion to seal the designated portions of the Remand Proffer and supporting Expert Reports, as detailed in the declaration and proposed order attached hereto.

Dated:   August 13, 2026

By:  _/s/ Sarah M. Ray_____

**LATHAM & WATKINS LLP**

Sarah M. Ray (SBN 229670)
 *sarah.ray@lw.com*
Aaron T. Chiu (SBN 287788)
 *aaron.chiu@lw.com*
Brett M. Sandford (SBN 302072)
 *brett.sandford@lw.com*
Blake R. Davis (SBN 294360)
 *blake.davis@lw.com*
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
 *gary.feinerman@lw.com*
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
 *christopher.bower@lw.com*
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

**DAVIS POLK & WARDWELL LLP**

James P. Rouhandeh (*pro hac vice*)
 *rouhandeh@davispolk.com*
David B. Toscano (*pro hac vice*)
*david.toscano@davispolk.com*
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: +1.212.450.4000

Micah G. Block (SBN 270712)
 *micah.block@davispolk.com*
**DAVIS POLK & WARDWELL LLP**
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: +1.650.752.2000

*Attorneys for Defendant Apple Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Apple's Mot. to Seal
4:20-cv-05640-YGR