Matthew J. Adler (SBN 273147)
Matthew.adler@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
David B. Toscano (*pro hac vice*)
david.toscano@davispolk.com
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800

Micah G. Block
micah.block@davispolk.com
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
Fax: 752-2111

Sarah M. Ray (SBN 229670)
sarah.ray@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Counsel for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

EPIC GAMES, INC.,

Plaintiff, Counter-defendant,

v.

APPLE INC.,

Defendant, Counterclaimant.

Case No. 4:20-CV-05640-YGR

**STATUS REPORT REGARDING APPLE'S DOCUMENT PRODUCTION**

Judge: Hon. Yvonne Gonzalez Rogers

Plaintiff Epic Games, Inc. ("Epic") and Defendant Apple Inc. ("Apple") (the "Parties") write to apprise the Court of the status of proceedings pursuant to the Joint Stipulation and Order Regarding Proceedings on Remand entered on May 20, 2026 (Dkt. No. 1687 (the "May 20 Order")). The Parties are continuing to meet and confer about the scope of Apple's document productions and agree that Epic's 60-day deadline under the May 20 Order has not yet begun to run.

**Epic's Position**:

In the May 20 Order, Apple agreed, and was ordered by this Court, to "produce to Epic all non-privileged documents relating to the decision-making process leading to the proposal in its proffer, including any fee proposal reflected in its proffer" within 10 days of filing its proffer (i.e., by August 24, 2026). (Dkt. No. 1687, at ¶ 2.) Apple did not do so.[1] Instead, Apple produced by that date only 34 documents relating to the decision-making process leading to the commission proposed in its proffer, eight of which were heavily redacted, and withheld 15 documents as privileged.[2]

At an initial meet and confer, on August 28, 2026, Apple represented that the documents it produced were manually collected from the files of four custodians, who Apple represented were the sole decision makers with respect to the fees Apple proposed in its proffer. Apple represented that it conducted no systemic search (such as with the use of search terms) of any individual's files. Apple also represented that it undertook no analysis of the business impact of its proposal and did not have any notes or email or other correspondence reflecting any discussion that led to

---

[1] The May 20 Order tracked (nearly verbatim) this Court's May 31, 2024 order (the "May 2024 Order") that Apple produce "all of Apple's documents relative to its decision-making process with respect to the issues in front of the Court" at that time. (May 31 Tr. 914:12-14 (Dkt. No. 974).) The May 2024 Order led Apple to designate 53 custodians, apply search terms, and produce well over 100,000 documents. Apple therefore knew what was expected of it under the comparable May 20 Order.

[2] Apple notes below that it also produced 1,811 documents together with its proffer, but those are materials on which its litigation experts relied in preparing their expert reports, rather than documents reflecting the decision-making process of Apple business people as to which rates to propose. In addition, these include captures of public websites, public regulatory filings, academic articles, and other publicly available documents.

the proposed commission.

Following the meet and confer, on September 11, 2026, even though Apple should already have produced all of the non-privileged documents relating to its decision-making process pursuant to the May 20 Order, Epic provided Apple with a list of specific topics on which Epic expected Apple to search for and produce documents at Apple's request. Following another meet and confer, on September 21, 2026, Apple offered to collect all documents from seven custodians—the ones it had originally identified, as well as Messrs. Schiller and Barton, who were invited to meetings related to the current decision-making process, and Mr. Roman—and to search their files using a set of search terms Apple proposed on September 18, 2026.[3]

On September 22, 2026, based on an analysis of the 53 custodians whose documents were produced in the contempt proceedings, Epic has identified for Apple an additional 20 custodians whose documents Epic believes should be searched and produced. Epic also responded to Apple's search-term proposal with proposed revisions. Epic awaits Apple's response to its custodian and search-terms proposal.

On September 24, 2026, after Epic sent Apple a draft of this filing, Apple produced 21 additional documents, at least eight of which contain redactions.

**Apple's Position**:

Although Apple disagrees in several respects with Epic's position statement, it agrees that the parties are continuing to confer productively.

Apple filed its proffer proposing link-out commission rates on August 13. Along with that filing, Apple produced to Epic over 1,800 documents, including: the three expert reports that served as principal inputs to the link-out commission proposal included in Apple's proffer; and documents on which the experts relied, including data regarding App Store billables globally; U.S. App Store data that contains monthly billings, monthly Apple commissions, and the monthly

[3] Apple's assertion below that its proposed seven custodians include all custodians that Epic "mentioned by name" on the September 16 meet and confer is incomplete. Epic expressly raised on that call the need to consider the set of custodians from whom documents were collected in the contempt proceeding and ensure that documents from any relevant person on that list (or their successor) be produced.

count of transactions for each product sold by apps in the U.S. storefront; and nearly 1,300 pages of internal App Store documents, including strategy documents, budget presentations, and surveys of developers.

On August 24, Apple also produced meeting invites and nonprivileged portions of all materials presented at, or distributed in connection with, the meetings of the four-person decision-making body responsible for the proposal in Apple's proffer, along with a privilege log. Apple did not represent that this process involved "no analysis of the business impact of its proposal." Apple explained that its business did not produce any analysis that was presented to the decision-makers at their meetings where they decided on the proffer proposal. But Apple's decision-makers did consider expert analysis that relied, as explained above, on robust internal data and documents. Apple has explained that, rather than using search terms, counsel relied on their familiarity with the decision-making process, including based on the fact that multiple counsel attended all meetings of the decision-makers. Apple collected the materials included in the August 24 production through a targeted "go-get" process encompassing each meeting. These materials included meeting invites, which identified the participants, and the non-privileged portions of slide decks provided to the decision-makers. On September 24, Apple also produced—subject to a non-waiver agreement finalized by the parties on September 16— the draft expert reports and the factual portion of the draft proffers that the decision-makers received. Apple had already agreed to provide these materials well in advance of receiving Epic's draft of this status report.

Apple's decision-making process was very different this time. The decision-making process on remand entailed finite numbers of decision-makers, meetings, and documents. Apple believes that it produced by August 24 the non-privileged documents relating to this process. Any disagreement between the parties on that point has not, however, limited Apple's agreement to collect, review, and produce additional documents requested by Epic. Nor has it encumbered the parties' discussion of the scope of discovery—all of which is proceeding as described here. The remand stipulation itself, in fact, contemplates requests from Epic for additional information that it believes it needs to evaluate and respond to Apple's proposal. Accordingly, the parties are

discussing all of Epic's document requests, and Apple has agreed to produce documents going well beyond those relating to the decisionmakers or the decision-making process.

The parties have conferred three times following Apple's August 24 production. The parties first met on August 28. Apple explained the contours of the company's decision-making process relating to the August 13 proposal, and Epic conveyed its interest in additional categories of documents beyond those that it had already received, which Apple agreed to consider. On September 11, Epic sent Apple 16 document requests. The parties met again on September 16 to discuss those requests. Apple agreed to address certain of Epic's requests through targeted "go-get" collections, and to handle the rest through search-term based custodial searches. Apple has not rejected any of those document requests. In fact, on September 18, Apple shared with Epic the search terms it proposed using to search for such documents. On September 21, Apple proposed seven custodians (including the three custodians that Epic mentioned by name during the parties' prior meet and confer), and conveyed that it was "willing to consider additional custodians if Epic identifies specific individuals it thinks are necessary and explains why it thinks they are necessary." Apple also noted that Apple itself "may have additional custodians to add as we review the documents that hit on our search terms." On September 22, Epic requested 20 additional custodians and shared its own proposed search terms. The parties conferred this morning and discussed Epic's requested custodians and search terms in an ongoing effort to reach an agreement with respect to the scope of discovery.

* * *

The Parties are available to answer any questions the Court may have and intend to update the Court two weeks from today.

Respectfully submitted,

Dated: September 25, 2026

By: */s/ Gary A. Bornstein*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Matthew J. Adler (SBN 273147)
matthew.adler@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Dated: September 25, 2026

By: */s/ James P. Rouhandeh*

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Email: rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
Fax: 752-2111
Email: micah.block@davispolk.com

**LATHAM & WATKINS LLP**
Sarah Meyers Ray (SBN 229670)
Aaron T. Chiu (SBN 287788)
Brett M. Sandford (SBN 302072)
Blake Richard Davis (SBN 294360)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415-391-0600
Fax: 415-395-8095
Email: sarah.ray@lw.com
aaron.chiu@lw.com
blake.davis@lw.com
brett.sandford@lw.com

Gary Feinerman
(*pro hac vice* application pending)
330 N Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: 312-876-7700
Email: gary.feinerman@lw.com

Christopher Bower (SBN 301379)
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: 267-746-0398
Email: christopher.bower@lw.com

*Attorneys for Defendant Apple Inc.*

**E-FILING ATTESTATION**

I, Gary A. Bornstein, am the ECF User whose user ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

*/s/ Gary A. Bornstein*

Gary A. Bornstein