Matthew J. Adler (SBN 273147)
Matthew.adler@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
David B. Toscano (*pro hac vice*)
david.toscano@davispolk.com
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800

Micah G. Block
micah.block@davispolk.com
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
Fax: 752-2111

Sarah M. Ray (SBN 229670)
sarah.ray@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Counsel for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

EPIC GAMES, INC.,

Plaintiff, Counter-defendant,

v.

APPLE INC.,

Defendant, Counterclaimant.

Case No. 4:20-CV-05640-YGR

**STATUS REPORT REGARDING APPLE'S DOCUMENT PRODUCTION**

Judge: Hon. Yvonne Gonzalez Rogers

Plaintiff Epic Games, Inc. ("Epic") and Defendant Apple Inc. ("Apple") (the "Parties") write to apprise the Court of the status of Apple's document production pursuant to the Joint Stipulation and Order Regarding Proceedings on Remand entered on May 20, 2026. (Dkt. 1687 ("May 20 Order"); Dkt. 1721.) The Parties agree that Epic's 60-day deadline under the May 20 Order has not yet begun to run.

**<u>Epic's Position</u>**:

This Court ordered Apple to produce "all non-privileged documents relating to the decision-making process leading to the proposal in its proffer" by August 24, 2026. (May 20 Order ¶ 2.) As of the Parties' last status report, Apple had produced only 70 documents, including 15 privilege slipsheets and four exact or near duplicates, related to the decision-making process behind its proffer.[1] (Dkt. 1721 at 2; Dkt. 1720 at 3.) Apple has since made two additional productions that together consist of just 629 documents. Of the additional documents, 83 are exact duplicates of other documents, six are privilege slipsheets, and at least 39 contain redactions. Many more documents appear to be duplicated across both productions with different metadata (*i.e.*, the same document was produced from multiple custodians' files), reducing the number of unique documents in the productions even further.

Nevertheless, Apple now declares itself to have substantially completed production from the seven Initial Custodians who were most involved in its decision-making (Messrs. Barton, Cook, Cue, Oliver, Parekh, Roman, and Schiller). This production is strikingly thin. Despite Apple telling Epic and the Court that Messrs. Cook, Cue, Parekh, and Oliver were the four individuals who decided the commission rate in its proffer (Dkt. 1720 at 13; Dkt. 1719 at 4), Apple has produced only 157 documents for these custodians: 117 documents from Mr. Oliver, 21 from Mr. Parekh, 12 from Mr. Cook, and seven from Mr. Cue. It strains credulity (and speaks volumes about the process) that the four individuals responsible for this decision have such a

[1] As Epic explained in prior status reports, the other 1,811 documents Apple produced with its August 13, 2026 proffer are materials on which its litigation experts relied in preparing their expert reports, and do not show how Apple's businesspeople decided which rates to propose. (Dkt. 1719 at 2 n.2; Dkt. 1720 at 3 n.1.)

small collection of relevant documents between them. Meanwhile, Messrs. Barton, Roman, and Schiller—the three custodians who Apple insists were *not* among the decision-makers—account for over three-quarters of the Initial Custodians' production.[2]

This result is also difficult to square with Apple's prior complaints to the Court. Apple characterized Epic's search terms and custodians as "facially overbroad" and "extraordinarily broad," described the effort required to produce the documents as "massive," and warned that Epic's searches threatened to "sweep in vast quantities of extraneous material." (Dkt. 1720 at 10–13.) Apple relied on that asserted burden to oppose Epic's request for a November 1 completion date, calling it "on its face impossible to meet." (*Id.* at 11.) And Apple told the Court that it had spent "more than two weeks (inclusive of weekends)" reviewing the documents that hit on Epic's search terms. (Dkt. 1721 at 3.) Yet for the seven custodians Apple itself prioritized, Apple has now produced fewer than 600 non-duplicative documents related to the decision-making process behind its proffer. By comparison, in response to a comparable order in the contempt proceeding, Apple produced nearly 27,000 documents from these same custodians or their predecessors in their roles—more than 45 times as many.[3] The meager volume of Apple's productions here raises serious questions about whether Apple is appropriately reviewing documents for responsiveness or instead continues to take an overly narrow approach to relevance, thus improperly withholding large numbers of relevant documents as non-responsive. Epic has raised this concern with Apple before and, in light of Apple's recent production, has asked Apple to meet and confer promptly.

Epic maintains its prior request that the Court order Apple to complete its *entire* production immediately.

**<u>Apple's Status Report</u>**:

On November 1, 2026, Apple substantially completed production of responsive

[2] Apple has produced 475 documents for these three custodians: 343 from Mr. Barton, 127 from Mr. Roman, and five from Mr. Schiller.

[3] Apple's productions in the contempt proceeding included 9,577 documents from Mr. Oliver, 7,024 from Mr. Barton, 5,196 from Mr. Schiller, 2,623 from Mr. Roman, 1,099 from Mr. Cue, 791 from Mr. Cook (including 83 from the ceo@apple.com account), and 662 from Luca Maestri, Apple's then-Chief Financial Officer and Mr. Parekh's predecessor.

documents for the four decisionmakers and the three other individuals who Epic identified as priority custodians.[4] Apple remains on track to substantially complete productions for all custodians by November 25, 2026.

Apple previously informed Epic that Epic's overbroad search terms were not appropriately tailored to Epic's requests and were likely to return a large number of nonresponsive documents. (Dkt. 1720 at 8 n.10, 10–12.) That has proven true. Rather than risk delay by challenging Epic's overbroad search terms, Apple implemented them unmodified and has incurred considerable expense to collect and review the resulting document population. That process is now substantially complete for the seven initial custodians, and ongoing for the others. For the seven initial custodians, the volume of responsive documents reflects the nature of the decision-making process leading to the proposal in Apple's proffer (*see id.* at 15–16) and the custodians' limited engagement with the other topics contained in Epic's requests (which go beyond the decision-making process). Apple anticipates conferring with Epic this week to address Epic's concerns, which Apple believes to be unfounded.

* * *

The Parties are available to answer any questions the Court may have and intend to update the Court two weeks from today.

---

[4] Contrary to Epic's representation, these seven individuals were not most involved in Apple's decision-making that led to the proposal in the proffer. Rather, as Apple has repeatedly explained, the decisionmakers were Tim Cook, Eddy Cue, Kevan Parekh, and Carson Oliver. Apple agreed to include three additional individuals as initial custodians solely at Epic's request.

Respectfully submitted,

Dated: November 6, 2026

By: /s/ *Gary A. Bornstein*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Matthew J. Adler (SBN 273147)
matthew.adler@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

Dated: November 6, 2026

By: /s/ *James P. Rouhandeh*

**DAVIS POLK & WARDWELL LLP**
James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5800
Email: rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
Fax: 752-2111
Email: micah.block@davispolk.com

**LATHAM & WATKINS LLP**
Sarah Meyers Ray (SBN 229670)
Aaron T. Chiu (SBN 287788)
Brett M. Sandford (SBN 302072)
Blake Richard Davis (SBN 294360)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415-391-0600
Fax: 415-395-8095
Email: sarah.ray@lw.com
aaron.chiu@lw.com
blake.davis@lw.com
brett.sandford@lw.com

Gary Feinerman
(*pro hac vice* application pending)
330 N Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: 312-876-7700
Email: gary.feinerman@lw.com

Christopher Bower (SBN 301379)
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: 267-746-0398
Email: christopher.bower@lw.com

*Attorneys for Defendant Apple Inc.*

**E-FILING ATTESTATION**

I, Gary A. Bornstein, am the ECF User whose user ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

*/s/ Gary A. Bornstein*

Gary A. Bornstein