GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MATTHEW J. ADLER (SBN 273147)
matthew.adler@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Attorneys for Plaintiff and Counter-defendant Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>Plaintiff, Counter-defendant,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR<br><br>**MOTION TO SHORTEN A PARTY'S TIME TO RESPOND PURSUANT TO LOCAL RULE 6-3**<br><br>Courtroom: 1, 4th Floor<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

Pursuant to Local Rule 6-3, Epic Games, Inc. ("Epic") respectfully moves this Court for an order shortening the time for Apple Inc. ("Apple") to respond to Epic's Notice of Motion and Motion to Enforce Order ("Motion") from November 27, 2026, to November 18, 2026, and for Epic to reply from December 4, 2026 to November 20, 2026. Epic also respectfully moves for an expedited hearing date of November 24, 2026. Apple has indicated that it does not consent to Epic's proposed expedited briefing and hearing schedule.

**BACKGROUND**

On May 20, 2026, the Parties jointly stipulated to, and the Court ordered, a "structure for proceedings consistent with the Ninth Circuit remand." (Dkt. 1687 ("Order") at 2.) Within 45 days of the Order's issuance, Apple was required to file a proffer "propos[ing] commissions for linked-out purchases, and present to the Court the evidence upon which Apple relies for its proposal." (*Id.* ¶ 1.) Then, within 10 days, Apple would "produce to Epic all non-privileged documents relating to the decision-making process leading to the proposal in its proffer." (*Id.* ¶ 2.)

On August 13, 2026, Apple filed its proffer (Dkt. 1708 ("Proffer")) and three expert reports. (Dkt. 1719 at 2 n.2.) On August 24, 2026—Apple's deadline to produce "*all* non-privileged documents relating to [its] decision-making process" (Order ¶ 2 (emphasis added))—Apple produced just 34 documents, mostly calendar invitations, public court filings, and heavily redacted materials.

After extensive emails and multiple meet and confers between the Parties, Apple committed to completing substantial production of all relevant documents for seven custodians (Messrs. Barton, Cook, Cue, Oliver, Parekh, Roman, and Schiller) by November 1, 2026. Despite that commitment, Apple has only produced 632 such documents (many of which are exact or near duplicates of one another), and it has not produced any notes or minutes from the meetings in which the commission was supposedly decided, other communications (*e.g.*, emails, texts) regarding what was discussed at those meetings, internal analyses of the business impact of the proposed commission, or core financial records, like P&L statements or billings data. Epic is

therefore filing a Notice of Motion and Motion to Enforce Order today that requests that this Court order Apple to produce all non-privileged documents that hit on the Parties' agreed-upon search terms.

Pursuant to Local Rule 7-3(a), Apple's opposition to the Motion would be due 14 days after Epic filed the Motion: on November 27, 2026. Epic's reply to Apple's response would be due seven days thereafter: on December 4, 2026. The earliest hearing date under the Rule is "no sooner than 35 days" after filing the motion, or December 22, 2026. Given the months-long delay Apple has already caused through its failure to comply with the Court's Order by August 24, and the time-sensitive nature of the subject of the Motion, Epic respectfully requests that this Court shorten the schedule as follows:

| **Brief or Hearing** | **Deadline** |
|---|---|
| Apple's Opposition | November 18, 2026 |
| Epic's Reply | November 20, 2026 |
| Hearing | November 24, 2026 |

## LEGAL STANDARD

Local Rule 6-3 allows a party to file a motion to shorten a party's time to respond. The moving party must: (1) set forth with particularity the reasons for the requested shortening of time; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) describe the nature of the underlying dispute that would be addressed in the motion and briefly summarize the position each party had taken; (5) disclose all previous time modifications in the case, whether by stipulation or Court order; and (6) describe the effect the requested time modification would have on the schedule for the case. *See* Civ. L.R. 6-3. A motion to shorten time may be granted upon the showing of good cause. *Noble v. Kiewit Pac. Co.*, 2008 WL 413754, at *1 (N.D. Cal. Feb. 13, 2008).

## DISCUSSION

Apple is attempting to delay the remand proceedings by refusing to produce the non-privileged, relevant documents that the Court's Order obligates Apple to produce. Each day

that Apple is allowed to postpone these proceedings and grant itself a *de facto* stay is another day it collects supracompetitive profits and delays relief to users and developers. The Ninth Circuit recognized as much, noting that the Parties should "seek the court's approval of [Apple's] proposed fee expeditiously." *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1188 (9th Cir. 2025). To ensure timely briefing and a timely hearing on this issue, Epic respectfully requests that this Court expedite both the parties' briefing schedule and the hearing date. Apple does not consent to Epic's proposed expedited briefing and hearing schedule.

**I. Reasons for Requesting a Shortening of Time**

Without an order expediting the schedule, Apple would have 14 days to file an opposition, and Epic would not be heard for 35 days. Apple should not be permitted to continue to delay its compliance with this Court's Order, which governs this proceeding on remand.

Apple's pattern of delay is not new. Apple was ordered to "produce to Epic all non-privileged documents relating to the decision-making process leading to the proposal in its proffer." (*Id.* ¶ 2.) After Apple failed to do so by the August 24, 2026 deadline, Apple slow-walked negotiations regarding its further productions for weeks. Now—having nominally agreed to Epic's proposed list of custodians and search terms—it is withholding over 99% of the documents located through that agreed-upon search protocol.

As this Court has recognized, delays in this proceeding "prejudice[] plaintiff and others, while allowing Apple to continue to frustrate the injunction." (Dkt. 1706 at 2.) Every day that Apple does not produce key documents is another day that the Court cannot determine the appropriate commission for link-outs. Developers are not adopting link-outs sight unseen—they are understandably reluctant to invest in changes to their apps and business models while there is uncertainty as to what those changes will cost. (*See, e.g.*, Dkt. 1698 at 7-8.) Therefore, Epic respectfully requests that this Court order an expedited briefing schedule so that these issues can be heard and resolved as soon as practicable.

**II. Efforts to Obtain a Stipulation**

On November 3, Epic objected to Apple's deficient production and requested, on a November 6 meet and confer, that Apple promptly commit to conducting a proper re-review of its

documents. (*See* Ex. A to Even Declaration at ¶ 4, 5.) On November 11, Apple informed Epic that it would not even decide whether to conduct a re-review before Thanksgiving. Apple further represented that even if it did agree to a re-review, it would apply the same approach it has applied to date, ensuring that any re-review would be futile. (*Id.* at ¶ 6.) In response, Epic informed Apple that it would move the Court on this issue by November 13. (*Id.*) On November 12, Epic informed Apple that given Apple's position, Epic would ask the Court to order Apple to produce to Epic all non-privileged documents that hit on the agreed-upon search results, and asked Apple for its position on a proposed expedited briefing schedule. (*Id.* at ¶ 7.) On November 13, the afternoon of the day that Epic filed its Motion, Apple informed Epic that it would not consent to Epic's proposed expedited briefing schedule. Apple further argued—for the first time—that Epic may not proceed with the motion it had disclosed to Apple two days prior, but instead must bring its dispute to Magistrate Judge Hixson through a joint discovery letter. (*Id.* at ¶ 8.) That is a transparent attempt at delay, and it is substantively wrong. This is not a discovery dispute; it is a motion to enforce an Order already entered by this Court.

**III. Substantial Harm or Prejudice to Epic**

Epic, consumers, and developers are adversely impacted by Apple's anticompetitive conduct. All continue to be harmed by further delays to this proceeding. Every court that has considered this issue acknowledged as much and denied Apple's repeated attempts to stay this remand. Without finality as to the fees Apple may impose on steering, most developers are waiting on the sidelines rather than adopting steering. As a result, the Injunction's goal—to increase competitive pressure on Apple's IAP pricing—has not been realized, and Apple's IAP fees remain supracompetitive. An expedited briefing schedule is essential to bringing these proceedings on remand to a conclusion.

**IV. Nature of Dispute**

As described above, Epic's Motion stems from Apple's deliberate and repeated refusal to produce all documents relevant to this proceeding, as it was ordered to do. Apple asserts that it did produce all relevant documents from the files of seven core custodians, but it produced less than 1% of the documents returned by the agreed-to search terms and withheld the

rest as non-responsive. Apple avers that this exceedingly low rate of production is a symptom of the agreed-to search terms being "overbroad," and not of Apple's unreasonably narrow view of relevance. But Apple's position is not credible. Apple's total production is minuscule, and it omits any substantive business communications. The volume of documents produced differs strikingly from what Apple produced from the files of these same custodians during the prior contempt proceeding. And Apple's assertions have already been disproved: it originally claimed that its first production of 34 documents reflected "all" relevant documents, and it insisted that relevant documents would not be found in the files of Nate Barton, Alex Roman and Phil Schiller, only to have them as custodians of nearly 75% of the documents it produced to date. In short, Apple's conduct is a blatant violation of this Court's Order requiring Apple to produce "all" documents relating to the remand proceedings—and to do so by August 24, 2026. (Order at 2.)

## V. Prior Modifications and/or Stipulations

This Court has previously ordered modifications of briefing deadlines in this case pursuant to stipulation by the Parties (*see, e.g.*, Dkts. 345, 374, 418, 715, 884 and 1032), and pursuant to motions filed by the Parties (*see* Dkt. 241).

## VI. Effect on Case Schedule

The case schedule is tethered to Apple's production, and the Parties agree that Epic's 60-day clock to respond to Apple's proffer has not even begun due to Apple's failure to produce all relevant documents. Epic's requested time modification will prevent further delay in the case schedule, as it is now clear that left to its own devices, Apple will never complete production of all relevant documents, and Epic's time to respond would thus not be triggered absent relief from the Court.

## CONCLUSION

For the reasons set forth above, Epic respectfully requests that this Court grant this motion.

Dated: November 13, 2026

Respectfully submitted,

By: /s/ *Yonatan Even*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Matthew J. Adler (SBN 273147)
matthew.adler@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*