GARY A. BORNSTEIN (*pro hac vice*)
gbornstein@cravath.com
YONATAN EVEN (*pro hac vice*)
yeven@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
MICHAEL J. ZAKEN (*pro hac vice*)
mzaken@cravath.com
M. BRENT BYARS (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MATTHEW J. ADLER (SBN 273147)
matthew.adler@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

*Attorneys for Plaintiff and Counter-defendant*
*Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>Plaintiff, Counter-defendant,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant, Counterclaimant. | Case No. 4:20-CV-05640-YGR<br><br>**DECLARATION OF YONATAN EVEN IN SUPPORT OF EPIC GAMES, INC.'S MOTION TO ENFORCE ORDER RE PRODUCTION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Yonatan Even, declare as follows:

1. I am a Partner at Cravath, Swaine & Moore LLP, counsel to Epic Games, Inc. ("Epic") in the above-captioned actions. I am admitted to appear before this Court *pro hac vice*.

2. I submit this declaration in support of Epic's Motion to Enforce Order re Production (the "Motion"), dated November 13, 2026.

3. I have personal, first-hand knowledge of the facts set forth in this Declaration. If called as a witness, I could and would competently testify to these facts under oath.

4. On August 28, 2026, counsel for Epic and counsel for Apple Inc. ("Apple," and together with Epic, the "Parties") met and conferred regarding Apple's August 24, 2026 production of documents pursuant to the Court's Order Governing Remand Proceedings (Dkt. 1687) (the "Order"). During that meet and confer, counsel for Apple stated that Apple had produced all relevant documents and that all discussions of Apple's proposed fee had occurred in-person among a group of four Apple executives—Tim Cook, Eddy Cue, Carson Oliver, and Kevan Parekh—and counsel.

5. Attached hereto as **Exhibit A** is a true and correct copy of a letter dated September 11, 2026 from Gary A. Bornstein, counsel for Epic, to James P. Rouhandeh, counsel for Apple, identifying 16 categories of documents that Epic requested Apple to search for and produce.

6. Attached hereto as **Exhibit B** is a true and correct copy of a letter dated September 24, 2026 from David B. Toscano, counsel for Apple, to Gary A. Bornstein, counsel for Epic, accompanying Apple's September 24, 2026 production.

7. On November 6, 2026, counsel for Apple provided counsel for Epic with a hit report reflecting the number of documents returned by each of the Parties' agreed-upon search terms in the files of Messrs. Barton, Cook, Cue, Oliver, Parekh, Roman, and Schiller (the "Initial Custodians"). Attached hereto as **Exhibit C** is a true and correct copy of a chart prepared by counsel for Epic setting forth, for each search term, the number of documents (with and without families) returned by that term according to Apple's hit report and the number of those documents Apple has produced.

8. During the Parties' November 6, 2026 meet and confer, counsel for Epic explained that Apple had agreed to search for and produce non-privileged documents responsive to all of Epic's document requests, not merely documents relating to Apple's own narrow view of the decision-making process. Counsel for Epic further explained that unless Apple applied a far broader approach to responsiveness, Apple's agreement to run Epic's search terms and to search the files of Epic's proposed custodians would be meaningless.

9. On November 11, 2026, counsel for Epic and counsel for Apple again met and conferred regarding Apple's production and relevance review. During that meet and confer, counsel for Apple stated that Apple had applied the correct relevance standard throughout its review. Counsel for Apple further stated that Apple would not consider whether to re-review its relevance determinations until after Thanksgiving, citing concerns with meeting Apple's deadline to substantially complete its production by November 25, 2026. Counsel for Apple also stated that, even if Apple ultimately agreed to conduct such a re-review, Apple would not agree to any oversight from a third party, and Apple would apply the same relevance standard it had applied in its initial review.

10. Counsel for Apple confirmed orally during the Parties' November 11, 2026 meet and confer and in writing via email on November 13, 2026 that the total number of unique documents returned by the Parties' search terms, when applied to documents collected from the files of custodians Cook, Cue, Oliver, Parekh, Schiller, Barton, and Roman, was 122,884 documents with families and 73,210 documents without families.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on November 13, 2026, in New York, New York.

*/s/ Yonatan Even*
Yonatan Even