James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
Serge A. Voronov (SBN 298655)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com
serge.voronov@davispolk.com

*Attorneys for Defendant Apple Inc.*

Sarah M. Ray (SBN 22970)
sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
aaron.chiu@lw.com
Blake R. Davis (SBN 294360)
blake.davis@lw.com
Brett M. Sandford (SBN 302072)
brett.sandford@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
gary.feinerman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
christopher.bower@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: +1.202.637.2200

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

EPIC GAMES, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 4:20-cv-05640-YGR-TSH

**DECLARATION OF LARRY BARELA IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF EPIC GAMES, INC.'S MOTION TO ENFORCE ORDER RE PRODUCTION**

Honorable Yvonne Gonzalez Rogers
Honorable Thomas S. Hixson

**[PUBLIC REDACTED VERSION]**

I, Larry Barela, hereby declare as follows:

1. I am a Senior Principal Cloud Applications Consultant of the global enterprise and information management software company, OpenText Corporation ("OpenText"). I submit this declaration in support of the brief of Apple Inc. ("Apple") in opposition to the motion by Epic Games, Inc. ("Epic") seeking to require Apple to produce by December 2 all non-privileged documents that hit on Epic's search terms.

2. I have been asked to consider the work that would be required by OpenText if Apple were ordered to produce by December 2 all non-privileged documents that hit on Epic's search terms and the feasibility of completing such a review by that date.

3. OpenText is a global leader in enterprise content management, digital asset management, cloud, business process management, and legal solutions. OpenText is a leading expert in legal solutions related to production processing. OpenText is Apple's standard legal solutions vendor.

4. As Apple's eDiscovery hosting vendor, OpenText assists with loading documents to its review platform and preparing documents for production.

5. After initial review is completed and further privilege, redaction, and various quality-control reviews are completed by the contract attorneys and by Apple's outside counsel, OpenText prepares documents approved for production.

6. Delivering legal productions is a complex process that includes multiple steps, including manual quality controls at each step. OpenText maintains a team of employees to assist with production processing [redacted].

7. OpenText spends significant time on quality control production checks. Based on our experience on complex litigation matters, [redacted].

8. At this time, there are over [redacted] hosted by OpenText that I understand hit on the parties' agreed search terms for the parties' 27 agreed custodians. I further understand that Apple may transfer to OpenText additional data for these custodians.

9. Producing a population of over [redacted] would require approximately [redacted], which is exclusive of any time required for OpenText, Apple, its review vendor, and/or its outside counsel to address technical exceptions, redactions, family-completeness issues, format issues, or reprocessing.

10. Based on our current infrastructure and production capabilities, OpenText is able to produce electronically stored information ("ESI") in either image format, PDF, or native format when native files exist in the platform. When producing documents in industry-standard image formats, including 300 dpi Group IV TIFF, JPEG, or searchable PDF, OpenText can produce up to [redacted], or approximately [redacted]. When producing documents in native format, OpenText can produce up to [redacted] when native documents are present on the platform. This capacity is based on the historically required capacity to meet Apple's review and production needs.

11. These capacity figures assume that documents are production-ready and that OpenText has the necessary infrastructure and staffing available to devote to the production. They do not include the time required for Apple's reviewers and outside counsel to complete privilege review, redaction review, family-completeness review, quality-control review, or any other pre-production steps required before documents can be released for production.

12. These capacity figures are also not dedicated solely to productions in this litigation. [redacted].

13. At this time, OpenText anticipates that its production processing capacity will be significantly constrained in the days or weeks preceding December 2. [redacted] Accordingly,

OpenText cannot dedicate its maximum production capacity to this matter throughout the period leading up to December 2, and the production capacity actually available for this matter will vary based on those existing obligations.

14. The upcoming Thanksgiving holiday week further limits the staffing available for production processing and quality-control work. OpenText expects reduced staffing availability during that period, which would further extend the time required to process a large production population in this matter.

15. Considering OpenText's current contracted infrastructure, existing production obligations, and expected holiday-week staffing limitations, it would take between [redacted].

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 18 day of November, 2026 at Broomfield, CO.

Larry Barela