James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
Serge A. Voronov (SBN 298655)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com
serge.voronov@davispolk.com

*Attorneys for Defendant Apple Inc.*

Sarah M. Ray (SBN 22970)
sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
aaron.chiu@lw.com
Blake R. Davis (SBN 294360)
blake.davis@lw.com
Brett M. Sandford (SBN 302072)
brett.sandford@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
gary.feinerman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
christopher.bower@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: +1.202.637.2200

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

EPIC GAMES, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 4:20-cv-05640-YGR-TSH

**DEFENDANT APPLE INC.'S STATEMENT IN SUPPORT OF EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULE 79-5 (DKT. 1726)**

Honorable Yvonne Gonzalez Rogers
Honorable Thomas S. Hixson

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 79-5, Apple Inc. ("Apple") submits this statement in support of Epic Games, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Pursuant to Civil Local Rule 79-5 ("Epic's Motion") (Dkt. 1726). Apple respectfully requests that the Court partially seal Exhibit B to Epic's Motion (Dkt. 1726-2) because it contains information sealable under controlling law and Local Rule 79-5. Specifically, Exhibit B contains competitively sensitive, nonpublic information regarding Apple's business codenames regarding ongoing confidential projects. Apple accordingly moves to seal portions of Exhibit B containing sealable information. Apple's proposed redactions of Exhibit B are indicated in the redacted version filed with this statement and itemized in the concurrently filed Declaration of Serge A. Voronov (the "Voronov Declaration").

**LEGAL STANDARD**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including preventing the disclosure of information. *See* Fed. R. Civ. P. 26(c). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or confidential information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Apple Inc. v. Rivos, Inc.*, 2024 WL 1204115, at *1 (N.D. Cal. Mar. 21, 2024) (granting request to seal "internal product codenames" and noting that a prior request for the same had also been granted); *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050, Dkt. No. 242 (N.D. Cal. Aug. 2, 2019) (granting Uber's request to seal "internal code names for various versions of Uber's applications").

Although a party must show compelling circumstances to seal information appended to dispositive motions, the standard for filings that are "only tangentially related to the merits," including non-dispositive motions, is simply "good cause." *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6467642, at *1 (N.D. Cal. Oct. 3, 2023) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)); *see also In re Anthem, Inc. Data Breach Litig.*,

2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018); *DNA Genotek Inc. v. Spectrum Sols., L.L.C.*, 2023 WL 4335734, at *1-2 (S.D. Cal. May 10, 2023). In general, requests to seal information should be narrowly tailored "to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016); *Vineyard House, LLC v. Constellation Brands U.S. Ops., Inc.*, 619 F. Supp. 3d 970, 972 n.2 (N.D. Cal. 2021) (Gonzalez Rogers, J.) (granting a motion to seal "because the request is narrowly tailored and only includes confidential information").

**DISCUSSION**

Apple seeks to seal sensitive business information regarding internal business codenames regarding ongoing confidential projects. *See* Voronov Decl. ¶¶ 4–6.

Epic's administrative motion to seal is subject to the "good cause" standard because it concerns non-dispositive objections related to discovery. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)); *Lee v. Great Am. Life Ins. Co.*, 2023 WL 8126850, at *2 (C.D. Cal. Nov. 13, 2023) ("Matters concerning discovery generally are considered nondispositive of the litigation" (citation omitted)); *see also In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2.

Apple's sealing request meets the good cause standard here. *See Apple Inc. v. Shi*, 2026 WL 2997839, at *1 (N.D. Cal. Sept. 30, 2026) (holding "[t]here are compelling reasons to seal" information including "internal code names") (collecting cases); *Taction Tech., Inc. v. Apple Inc.*, 2026 WL 2608208, at *8 (S.D. Cal. Sept. 3, 2026) (granting an unopposed motion to seal information including "product code names" and approving "limited proposed redactions"). Apple operates in an intensely competitive environment, and thus has taken extensive measures to protect the confidentiality of its information. Confidential codenames advance these measures. Disclosure of confidential project codenames would harm Apple's business interests and/or aid bad actors to harm Apple, its customers, and developers. *See* Voronov Decl. ¶¶ 4–6. Apple undertakes substantial efforts to safeguard its confidential information and maintaining

codename confidentiality is a necessary part of that effort. *See In re Google RTB Consumer Priv. Litig.*, 2022 WL 22936874, at *1 (N.D. Cal. Aug. 12, 2022) (finding good cause to redact materials reflecting "discussion of project code names" and agreeing with Google's position that "the material it seeks to seal is highly confidential and that disclosure to the public would cause [it] irreparable harm"); *see also Floyd v. Amazon.com Inc.*, 2024 WL 1533217, at *1 (W.D. Wash. Apr. 9, 2024) ("The Court finds that Apple has shown compelling reasons to seal the materials identified below, because they contain confidential business information regarding Apple's internal systems and processes for protecting data that, if made public, could harm Apple's competitive standing."). Sealing confidential project codenames is necessary here because public disclosure of this information could aid bad actors to harm Apple through social engineering attacks and risk competitors gaining an unfair business advantage by benefiting from proprietary information that Apple intends to keep confidential. *See, e.g.*, *Rodriguez v. Google LLC*, 2024 WL 42537, at *2 (N.D. Cal. Jan. 3, 2024) (granting sealing of "internal terms" in documents that Google asserted contained "business information that might harm their 'competitive standing' or 'become a vehicle for improper use'" if public); *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1111 (N.D. Cal. 2025) (finding "compelling reasons" to seal internal codenames); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (granting portions of sealing motion for redactions consisting of "Apple's confidential CAD designs and internal project code names," finding that the request was "narrowly tailored to Apple's proprietary information").

Courts routinely hold that the type of information and analysis at issue here is sealable because its disclosure can be competitively harmful when a company's confidential information is revealed. *See, e.g.*, *Apple Inc. v. Chen Shi*, 2026 WL 1395939, at *1 n.1 (N.D. Cal. May 18, 2026) (finding good cause to grant the motion to seal "internal projects and code names" based on Apple's argument that "the public disclosure of the subject information would harm Apple"); *Apple Inc.*, 2024 WL 1204115, at *1 (granting request to seal references to "internal product codenames"). Indeed, nonpublic project codenames such as these are the kind of confidential information that the Court has previously sealed in this matter. *See, e.g.*, Dkt. 1006 at 1

(granting Apple's proposed redactions and providing justification for redaction as "[r]eflects non-public Apple project codenames"); Dkt. 1057 at 1 (to the same effect); *see also* Dkt. 1665 (to the same effect).

Apple has narrowly tailored its sealing request to include only the information necessary to protect its confidential business information. *See Krommenhock v. Post Foods*, *LLC*, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to seal "limited" information); *see also Phillips*, 307 F.3d at 1211; *Williams*, 2021 WL 2476916, at *2–3 (noting Apple's narrowed sealing requests with "tailored redactions"); Dkt. No. 643 at 3 (finding Apple's proposed redactions appropriate for an exhibit when redactions were "narrowly tailored" to "sensitive and confidential information"). Apple has only redacted a small portion of two lines in the exhibit. *See* Voronov Decl. ¶¶ 7–8.

For the foregoing reasons, there is good cause that warrants partially sealing Exhibit B to Epic's Motion (Dkt. 1726-2).

**CONCLUSION**

Apple respectfully requests that the Court seal the information identified in the accompanying declaration.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Serge A. Voronov*

DAVIS POLK & WARDWELL LLP
James P. Rouhandeh (*pro hac vice*)
David B. Toscano (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
rouhandeh@davispolk.com
david.toscano@davispolk.com

Micah G. Block (SBN 270712)
Serge A. Voronov (SBN 298655)
900 Middlefield Road, Suite 200
Redwood City, California 94063
Tel: (650) 752-2000
micah.block@davispolk.com
serge.voronov@davispolk.com

LATHAM & WATKINS LLP
Sarah M. Ray (SBN 22970)
sarah.ray@lw.com
Aaron T. Chiu (SBN 287788)
aaron.chiu@lw.com
Blake R. Davis (SBN 294360)
blake.davis@lw.com
Brett M. Sandford (SBN 302072)
brett.sandford@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Gary S. Feinerman (*pro hac vice*)
gary.feinerman@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611-3695
Telephone: +1.312.876.7700

Christopher Bower (SBN 301379)
christopher.bower@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Apple Inc.*