UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIC GAMES, INC.,
Plaintiff,
v.
APPLE INC.,
Defendant.

Case No. 20-cv-05640-YGR (TSH)

**[TENTATIVE] DISCOVERY ORDER**

Re: Dkt. No. 1727

United States District Court
Northern District of California

The Court issues this tentative order to guide the parties' discussion at the November 24, 2026 hearing.

* * *

We are here on Epic's motion to enforce the Court's order that "Apple will produce to Epic all non-privileged documents relating to the decision-making process leading to the proposal in its proffer, including any fee proposal reflected in its proffer, as well as a privilege log as described in the ESI Protocol governing this matter." ECF No. 1687 ¶ 2. The basic issue in dispute is that Epic doesn't trust Apple's responsiveness determinations, and the Court has to decide what to do about that.

The numbers are grim. For the first seven custodians, Apple indicated that the agreed search terms hit on 122,884 documents, and Apple has withheld more than 122,000 of those on responsiveness grounds. In other words, Apple is withholding more than 99% of the documents that hit on the search terms. These particular statistics relate to the first seven custodians (as to whom Apple has substantially completed document production), not the remaining 20 (for whom the substantial completion of document production is not due until November 25). But if there is some massive failure to code responsive documents as responsive, presumably this problem will

persist in the other custodians' documents.

Epic maintains there is such a massive failure. It says Apple has not produced notes, minutes, communications, financial records or analysis that it expects to exist. Epic simply cannot believe these documents don't exist and can't be found in the custodians' documents. Epic asks the Court to order Apple to produce all non-privileged documents that hit on the search terms without regard for responsiveness by December 2, 2026.

Apple thinks the problem is the search terms, which it says are overbroad. In addition, Apple criticizes the relief Epic seeks. Once Apple determined that documents were nonresponsive, it did no further review, for example, for privilege, confidentiality, trade secrets, and so on. Apple says that Epic's requested relief would result in the production of employee medical information, employee passwords, performance reviews, and other information that should not properly be disclosed. Apple has some statistics about how much time and effort it would take to properly review its documents for issues like that, but it appears that Apple's estimates concern *all* documents that hit on search terms for *all* 27 custodians. If the Court is inclined to grant some relief, Apple proposes that it produce a randomized, statistically significant sample of nonresponsive documents to a Special Master for review.

Let's take this in steps. The first thing we need to do is figure out if there is a legitimate problem to be solved. The answer is yes. Apple's responsiveness rate is so dramatically low that it raises red flags. With Apple screening out more than 99% of the documents that hit on the agreed search terms, it is unreasonable to ask Epic to believe that Apple is making these responsiveness calls in good faith. That is particularly true in this case, in which Judge Gonzalez Rogers has sanctioned Apple for its large-scale abuse of the attorney-client privilege for the purpose of obscuring the evidence. ECF No. 1508 at 65-67, 76.

Now let's decide what to do about that. Epic's proposal to entirely dispense with responsiveness review might be a good idea if Apple *is* systematically coding documents as nonresponsive when they are responsive. If Apple's responsiveness review lacks any integrity, maybe Apple should not be allowed to do that review anymore. However, we don't yet know whether that is true. Right now all we have is the suspicion that there might be a systematic

problem. If there really is a systematic failure to properly code documents as responsive, that problem should come to light pretty quickly in a review of a randomized sample of unproduced documents. Further, there is no need for the randomized sample to be drawn from all 27 custodians because Epic came to the conclusion that a problem existed when it saw the responsiveness rates for the first seven custodians. So, if the problem is what Epic thinks it is, it should be evident in a random sample drawn from the first seven custodians, meaning the 122,000 or so documents from their files.

At the hearing the Court would like the parties to discuss what size the sample should be.

It seems to the Court that Apple makes a good point that it has not yet reviewed the documents for privilege, medical information, passwords, and so on, and Apple likely should do that review and make necessary redactions or withholdings. At the hearing the parties should be prepared to discuss the logistics and timing involved for that review.

Apple's proposal that the random sample should go to a Special Master is not persuasive. The Court previously used Special Masters to review Apple's claims of privilege. You don't need to know much about a case or about the parties' contentions on the merits to review a document for privilege. You read the document, you see who the lawyers were, you decide if its predominant purpose is legal or business, and so on, and that's what privilege review is about. Responsiveness review here is totally different and is deeply enmeshed in the merits. The Court order that Epic is moving to enforce requires Apple to produce all non-privileged documents relating to the decision-making process leading to the proposal in its proffer, including any fee proposal reflected in its proffer. It is unreasonable to think that a Special Master could have a firm enough command of the details of this case to be able to decide which documents fall within that scope. Realistically, the only person who has the practical ability to determine if Apple has been systematically mis-coding documents as nonresponsive is its opponent, Epic.

Accordingly, the Court **ORDERS** that Apple produce to Epic a random sample of [size] of the documents coded as nonresponsive for the first seven custodians by [date].

But we also need to figure out what comes next. Epic will need a period of time to review the produced documents and determine if there was a systematic coding error. And then, Epic

needs a deadline by which it informs the Court that there is or is not a systematic error, and if there is, how large it is and what should be done about that. And, of course, Apple will need a deadline to respond. The parties should be prepared to discuss these issues at the hearing.

**IT IS SO ORDERED.**

Dated: November 23, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California